UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX  
PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION L

JUDGE FALLON  
MAG. JUDGE KNOWLES

FILED  
U.S. DISTRICT COURT  
EASTERN DISTRICT OF LA  
2005 FEB 25 P 2: 54  
LORETTA G. WHYTE  
CLERK

## NOTICE OF FILING OF APPLICATION FOR APPOINTMENT OF LIASION COUNSEL

NOW COMES Harry T. Widmann, attorney at Law, who files the attached application for appointment to the position of liaison counsel in the above captioned matter.

Respectfully submitted:

HARRY T. WIDMANN & ASSOCIATES

HARRY T. WIDMANN (#7728)  
Two Lakeway Center, Suite 590  
3850 North Causeway Boulevard  
Metairie, Louisiana 70002  
Telephone: (504) 834-2799

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by facsimile transmission and by depositing same in the United States Mail, postage prepaid and properly addressed, this 25th day of February, 2005.

HARRY T. WIDMANN

Fee_____  
Process_____  
X Dktd_____  
CtRmDep_____  
Doc. No._____

# HARRY T. WIDMANN & ASSOCIATES

*A Professional Law Corporation*

TWO LAKEWAY CENTER
3850 N. CAUSEWAY BLVD., SUITE 590
METAIRIE, LOUISIANA 70002

TELEPHONE: (504) 834-2799
TELEFAX: (504) 834-1071
E-mail: harry@harrywidmann.com

*Attorneys at Law:*
HARRY T. WIDMANN*
SCOTT T. WINSTEAD

*Of Counsel:*
MARY BECK WIDMANN

*Paralegal:*
DIANA DEATS, R.N.

February 25, 2005

The Honorable Eldon Fallon
United States District Court
Eastern District of Louisiana
500 Camp Street, Room C-456
New Orleans, LA 70130

       RE:    MDL No. 1657 – Section L
                *In Re: Vioxx Products Liability Litigation*

Dear Judge Fallon:

      Please accept this correspondence as my application to serve as liaison counsel for the Vioxx Multi District Litigation (MDL).

      First and foremost, as liaison counsel, my goal would be to serve as an honest broker, impartially melding competing interests towards a common objective. In truth I was asked to apply for this position by several counsel from outside our region with numerous cases because of their concern that liaison counsel should provide a level playing field without any provincial or other bias. I assured them that I am not now a competitor, nor would I allow circumstances to arise which would present even a hint of a conflict.

      As a first step towards impartiality, I have chosen not to retain any Vioxx cases on my own account or to accept any referral fees for directing such cases to other counsel. I would want to focus completely and without distraction upon advancing the common good.

      My professional background has groomed me exceptionally well for the task at hand. In October 2004 I was elected national Treasurer for the American Board of Trial Advocates ("ABOTA"). As you know ABOTA is the premier association of trial attorneys from both sides of the bar. My election attests to my ability to collaborate effectively and with collegiality with high powered and independent minded attorneys throughout our nation. I serve on the Editorial Board for Voir Dire, ABOTA's award winning journal. I was the instigator behind a resolution adopted by the National Board of ABOTA last October calling for extensive jury trial experience as a prerequisite for

appointments to the federal bench at the district and court of appeals levels. I am also one of the founding officers of the Southeast Regional Chapter of ABOTA and the event coordinator for our inaugural convention in New Orleans this April. I have organized and directed Masters In Trial here in Louisiana and have participated in such events as far away as California and South Carolina.

In addition to my service with ABOTA, I am also on the Board of Governors for the American Board of Professional Liability Attorneys. The ABA has designated ABPLA as the organization authorized to conduct certification examinations for attorneys seeking to specialize in medical, legal or accounting professional liability law. Its members are drawn from both sides of the bar. Last year, and this year as well, I am a program chair for our annual meeting and seminar. Currently I am spearheading an effort to have professional liability law accepted as an area of specialization by the Louisiana State Bar. This is a coordinated effort by both plaintiff and defense attorneys. I am highly flattered that a number of my adversaries have trusted me to advance their interests on this score.

While I take great pride in my ability to collaborate with attorneys with differing backgrounds and allegiances, I believe I enjoy a reputation as a hard-nosed litigator and trial advocate. For over 25 years I have practiced primarily medical malpractice law. The cases I have handled, almost without exception, have been intellectually demanding, hard fought and highly contentious. Adversity is no stranger to me. Moreover, the Vioxx litigation is based upon cardiovascular medicine. I have successfully handled numerous cases in this field and have lectured on the topic at LTLA seminars. I believe that my experience and knowledge base in the legal aspects of cardiovascular medicine would stack up favorably with that of any other attorney in Louisiana.

Aside from my background, I am also fully capable of dedicating the resources required to successfully serve as liaison counsel. If retained I would contract with a document management company with experience handling MDLs. I have already contacted two qualified multi-state companies. Both would establish and manage a local and web retrievable document repository and database, create and administer a secure MDL website, post, file and distribute all pleadings and notices and provide videoconferencing services. Considering the magnitude of this litigation, I think it would be terribly unwise for liaison counsel to handle these tasks in house, especially when experienced professionals are available and eager to serve.

I have the capability to provide facilities either at the Lakeway complex in Metairie or at 1010 Common Street downtown. Lakeway has the advantage of proximity to the airport and an on-site hotel with conference facilities. Since the vast majority of the work performed locally will be meetings of the steering committee and document inspections, Lakeway, because it is only 15 minutes from the airport, is preferable geographically, especially for out-of-town counsel. 1010 Common, on the other hand, enjoys greater proximity to the courthouse such that it may enjoy an edge concerning preparation and logistics for trials and hearings and also will have full conference

facilities. I am flexible and will accommodate the wishes of the plaintiff steering committee as to location and services.

If appointed liaison counsel, I can assure you that I will bring to the position a devoted spirit of professionalism and civility. I will steadfastly avoid any taint of favoritism or bias. I will check my ego at the door and serve as an honest broker and tireless facilitator.

Your consideration of this application is thoroughly appreciated.

Respectfully yours,

HARRY T. WIDMANN

HTW:arf

cc:   Christopher Seeger, Esq.
      Andy D. Birchfield, Jr., Esq.
      Norman C. Kleinberg, Esq.
      Theodore Mayer, Esq.