FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 10 PM 3: 46

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>Products Liability Litigation | MDL NO. 1657<br><br>SECTION: L |
| This Document Relates to:   ALL CASES | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF FILING OF APPLICATION FOR APPOINTMENT OF GERALD E. MEUNIER TO THE PLAINTIFFS' STEERING COMMITTEE

NOW INTO COURT comes Gerald E. Meunier of the law firm of Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C., who respectfully files the attached application for appointment to the Plaintiffs' Steering Committee in the above-captioned matter.

Respectfully submitted,

GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.

BY: _____
GERALD E. MEUNIER, #9471
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone:   504/522-2304
Facsimile:    504/528-9973

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No _____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon counsel for all parties by United States Mail, postage prepaid and properly addressed this 10th day of March, 2005.

_____
GERALD E. MEUNIER

March 10, 2005

Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C456
New Orleans, Louisiana 70130

    Re:    In Re: Vioxx Products Liaibility Litigation
             MDL No. 1657, Section "L"

Dear Judge Fallon:

    Please consider this correspondence my application for appointment to the Plaintiffs' Steering Committee (PSC), pursuant to ¶16 of this Court's Pretrial Order #1 of 2/17/05. I submit this application based upon the following criteria and considerations:

### (A) WILLINGNESS AND AVAILABILITY TO COMMIT

    The importance of this litigation is self-evident; and, given the scope and gravity of the allegations and issues presented in the case, service on the PSC clearly will require a significant commitment. This opportunity, however, comes at a time when I have both the ability and the flexibility to fully devote my energy to this time-consuming project. Certain leadership roles I have assumed in other class action/mass tort litigation have become less time-consuming as these cases draw closer to resolution. Moreover, I am fortunate to be supported unconditionally in this application by an established and successful law firm, which has agreed to provide the resources and staff needed in connection with my membership on the PSC. With this support, my current caseload can and will be adjusted to allow me to prioritize the demands of this litigation.

### (B) ABILITY TO WORK COOPERATIVELY WITH OTHERS

    Through my leadership activity in other class action/mass tort litigation, I consistently have demonstrated an ability to maintain cooperativeness among large and separate groups of plaintiffs' counsel. For example, as co-lead counsel in *In Re: Chemical Release at Bogalusa*, (22nd JDC), I have helped resolve numerous issues among plaintiffs' counsel who are pursuing competing claims in different fora, against not only the same defendants but an arguably limited fund. This has enabled us to maintain a viable class action involving roughly 16,000 claims in Louisiana state court,

despite a simultaneously-active mass tort case by 4,000 "opt-out" claims in a foreign jurisdiction (Mississippi state court).

As the Court-Appointed Special Master in *Custom Bus Litigation* (USDC, E.D. La), I was called upon to propose an allocation of a limited settlement fund among numerous plaintiffs with competing claims. I met personally with a number of plaintiffs' counsel, and was able to satisfy each of them as to the fairness of the proposed allocation.

As the Court-Appointed Mediator and Special Master in *In Re: Chippewa Street Spill* (19th JDC), I likewise was able to gain the confidence of both defendants' counsel and a number of separate plaintiff attorney groups, first in order to mediate an overall class settlement, and then to establish a fair allocation of the settlement fund among several thousand plaintiff class members.

In my 28 years of experience as a trial attorney, I believe I also have demonstrated an ability to cooperate and work well with opposing counsel. As the current Court-Appointed Co-Liaison Counsel in the MDL proceeding *In Re: Industrial Life Insurance Litigation* (USDC, E.D. La), I recently helped negotiate the provisions of a case management order with counsel for various defendants. Indeed, many of my professional honors and distinctions would not have occurred but for the peer support of attorneys with defendant practices. For example, I repeatedly was elected to, and served for years in, the LSBA House of Delegates. I have served as the President of the New Orleans Chapter of the American Board of Trial Advocates (ABOTA), and as President of the New Orleans Chapter of the Federal Bar Association (the second largest Chapter in the United States). I have been inducted as a Fellow in the American College of Trial Lawyers. I also have appeared on numerous CLE programs and panels with colleagues from "across the aisle," enjoy an "a.v." in *Martindale-Hubbell*, and am listed in the current and several previous editions of *"The Best Lawyers in America."*

### (C) EXPERIENCE IN CLASS ACTIONS/MASS TORT LITIGATION

Our firm filed a proposed class action in the Vioxx litigation in this Court (E.D. La) on 12/29/04, before the MDL decision to transfer the entire litigation to this Court. *See D. L. Akers, et al v. Merck & Company, Inc.*, Civil Action No. 04-3517, §N, USDC (E.D. La). We currently represent over twenty clients (for the most part on referral from other counsel), and we continue to screen and accept cases.[1]

In addition to the cases specifically mentioned above (*In Re: Chemical Release at Bogalusa, Custom Bus Litigation, In Re: Chippewa Street Spill*, and *In Re: Industrial Life Insurance*

---

[1]Through the firm's extensive practice involving the medical profession, we also have access to the analyses and Vioxx-related research of physicians in the community. In fact, one of the named plaintiffs in the federal action filed by the firm is a practicing physician who continues to provide us with valuable insight, articles and data on the pharmaceutical issues presented herein.

*Litigation*), the following pending or recently resolved matters illustrate my background and experience in class action/mass tort litigation: (1) Court-appointed class counsel in *Susan Blades, et al vs. Illinois Central Railroad Company d/b/a Canadian National Railroad/Illinois Central Railroad*, U.S. District Court, E.D. La.; (2) Lead counsel for plaintiffs in mass tort case of *Martinez, et al vs. Dow Chemical Corporation, et al*, United States District Court, E.D. La.; (3) Lead counsel for plaintiffs in mass tort case of *In Re: St. Louis Encephalitis Outbreak in Ouachita Parish*, 4th Judicial District Court (Monroe, Louisiana); (4) Court-appointed class counsel in *Andry v. Murphy Oil*, 34th Judicial District Court (Parish of St. Bernard); (5) Court-appointed class counsel in *Ford v. Murphy Oil*, 34th Judicial District Court (Parish of St. Bernard); (6) Court-appointed class counsel in *Thomas v. Exxon-Mobil*, Civil District Court (Parish of Orleans); and (7) Court-appointed class counsel in *Kaiser Plant Explosion at Kaiser*, 23rd Judicial District Court (Parish of St. James).

Finally, I wish to emphasize my responsibilities and activities as co-lead counsel in *In Re: Chemical Release at Bogalusa*. In that matter I have taken a leadership role in the full range of advocacy work involved in complex litigation, *to-wit*: I personally have conducted numerous depositions, which in turn led to a significant, partial settlement of the case; I personally took part in and directed key settlement negotiations; I have written briefs and handled oral argument on numerous motions before the trial court and appeals before the Louisiana First Circuit Court of Appeal; and I was a lead attorney in a three-month trial of "common issues" in the case, culminating in a $92 million punitive damage verdict in favor of the class in 12/03.

### (D) OTHER CONSIDERATIONS

I am proud of the work I continue to do as a member of the federal bar in this community, including my service as Chair of the Civil Justice Reform Act (CJRA) Advisory Group, which address ways to improve the administration and delivery of justice in the USDC, E.D. La.

I also am as proud of the reputation I have earned for professionalism, ethics and scholarship, as I am of the successes reflected in specific case outcomes or verdicts. As a *magna cum laude* undergraduate (Georgetown) and an Editor of the *Georgetown Law Journal*, and as a former law clerk to two district judges in the Eastern District of Louisiana, I have an abiding, intellectual zeal for the practice of law. My articles in the *Tulane Law Review*, my CLE publications on key topics such as *Daubert*, and my role as a lead author in the frequently used publication "*Louisiana Civil Pretrial Procedure*" (West 1997), all are matters of significance to me. If given the honor of serving on the PSC, I will bring to the case, and to the Court, a commitment to advocacy on behalf of plaintiffs which will be characterized by scholarship, thoroughness and professionalism.

Sincerely,

Gerald E. Meunier

GEM/dmm