UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | ) | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | ) | SECTION: L |
| | ) | JUDGE FALLON |
| This Document Relates to All Cases | ) | MAG. JUDGE KNOWLES |

## APPLICATION FOR APPOINTMENT TO VIOXX PRODUCTS LIABILITY LITIGATION PLAINTIFFS' STEERING COMMITTEE BY CALVIN C. FAYARD, JR.

NOW INTO COURT, pursuant to PreTrial Order No. 1, comes Calvin C. Fayard, Jr. who respectfully files the attached application for appointment as a member of the Vioxx Products Liability Litigation Plaintiffs' Steering Committee.

Respectfully Submitted:

CALVIN C. FAYARD, JR., APC
519 Florida Avenue, SW
Denham Springs, LA 70726
Telephone: (225) 664-4193
Facsimile: (225) 664-6925
calvinfayard@fayardlaw.com

By: _____
Calvin C. Fayard, Jr.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the *Application for Appointment to Vioxx Products Liability Litigation Plaintiffs' Steering Committee by Calvin C. Fayard, Jr.* has been served via mail this date, postage prepaid, to all counsel of record via the attached service list.

Denham Springs, Louisiana, this 9th day of March, 2005.

_____
Calvin C. Fayard, Jr.

## APPLICATION FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE

Calvin C. Fayard, Jr. respectfully requests appointment as a member of the Plaintiffs' Steering Committee, addressing each of the Court's criteria for membership as follows:

### I. AVAILABILITY

Mr. Fayard is highly motivated, willing, and available to commit the time, stamina, and resources required to facilitate expeditious, economical, and just administration of this litigation.

In 2004, Mr. Fayard concluded six major complex cases. In each of these cases, on which he served as PSC Chair or PSC member, he is processing the disbursement of settlement funds:

1) *In Re: Eunice Train Derailment*, No. 00-1267, (W.D.La. filed 2000);
2) *In Re: Bayou Sorrel*, No. 6:04CV1101, (W.D. La. filed 1996);
3) *In Re: United Parcel Service, Inc., Excess Value Insurance Coverage Litigation*, MDL-139, (S.D.N.Y filed 1999);
4) *In Re: Chemical Release at Bogalusa,*, No. 73,341, 22nd Judicial District Court, Parish of Washington, State of Louisiana, (Filed 1995). [Partially settled];
5) *Juanita Thibodeaux v. ConocoPhillips Company, et al*, CA No. 2003-481, 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, (Filed 2003);
6) *Lawrence Morrow, et al v. ConocoPhillips Company, et al*, CA No. 2002-3860, 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, (Filed 2002).

At the present time, Mr. Fayard is not actively engaged as liaison counsel or committee member for another major national federal or MDL case. He has the resources - staff, time and financial - to ensure unlimited and equitable representation. It bears emphasizing that Mr. Fayard is prepared to commit his <u>personal</u> time and skills to all PSC duties the Court may assign to him. Further, he is neither affiliated nor contractually bound with any parties or interests which would restrict or conflict, either ethically or financially, with his advocating the pure common benefit interests of the plaintiffs in this litigation. He has filed a Vioxx lawsuit in the United States District Court, Middle District of Louisiana captioned *Michael Wayne Russell v. Merck & Co., Inc.*, C.A. No. 3:04-712, (M.D.La. filed October 7, 2004) and is counsel for many other federal Vioxx plaintiffs.

He is actively engaged in this MDL Vioxx litigation, having participated in the early stages of organizational and strategy meetings of plaintiffs' counsel from throughout the United States. Mr. Fayard also participated in the MDL proceedings and attended the hearings in Ft. Meyers, Florida.

## II. COOPERATION / DIPLOMACY / CIVILITY

Mr. Fayard has a national reputation for his ability to work harmoniously and effectively with others. He is relied upon for his skills in pretrial case management, organization, and coordination of plaintiffs' counsel. He has been appointed by federal and state judges to undertake the role of PSC Liaison Counsel, Chair, Member and/or Settlement Liaison on a number of complex cases. Judges, magistrates, special masters, mediators, disbursing agents, and defense and plaintiffs' counsel both locally and nationally have commended him for his patience, foresight, and diplomacy in bringing competing interests together. Mr. Fayard has successfully conducted negotiations in numerous complex cases involving thousands of plaintiffs and hundreds of defense counsel including face-to-face negotiations with senior partners of nationally recognized law firms such as Wachtell, Lipton and Skadden Arps in New York, Williams & Connolly in Washington, D.C., and Kirkland & Ellis and McDermott, Will & Emery in Chicago. He has negotiated settlements for hundreds of millions of dollars and equally important, followed through and delivered on the complex terms and conditions of the agreements. In Louisiana class actions, he pioneered the use of uniform guidelines for computerization and development of claims data and the employment of impartial special masters and disbursing agents to evaluate, allocate and distribute monies to ensure fair and impartial treatment of all plaintiffs.

## III. EXPERIENCE

Mr. Fayard has the experience that this Court demands. The central inquiry of whether counsel is qualified to handle the type of litigation at hand examines factors including: (1) resources

of counsel; (2) professional experience; (3) motivation; (4) competence; (5) support personnel; and (6) existence of other professional commitments as stated in *Esler v. Northrop Corp.*, 86 F.R.D. 20, 30 Fed.R.Serv.2d 452 (W.D. Mo. 1979). Mr. Fayard has a proven track record meeting the criteria of each factor. An abbreviated listing of complex cases in which Mr. Fayard served as PSC Member or Liaison follow:

1) MDL cases:

   a) *In Re: Telectronics Accufix Atrial (J) Pacing Leads Product Liability Litigation*, MDL No. 1057, (S.D.Ohio filed 1995);
   b) *In Re: Copley Pharmaceutical "Albuterol" Products Liability Litigation*, MDL No. 1013, (D.WY. filed 1994);
   c) *In Re: Pedicle Screw Product Liability Litigation*, MDL No. 1014, (E.D.Pa. filed 1994);
   d) *In re: Combustion, Inc.*, 94MDL4000, (W.D.La. filed 1986).

2) State Class Action cases:

   a) *Livingston Parish Police Jury, et al v. Illinois Central Gulf Railroad, et al*, CA No. 40,049, 21st Judicial District Court, Parish of Livingston, State of Louisiana, [Settled 1982];
   b) *Leonard Adams, et al v. Norfolk Southern Corporation, et al*, No. 88-17788, Div. "D," New Orleans Civil District Court, [Settled 1987].

Articles co-authored and published by applicant include, The Louisiana Class Action, 58 La.L.Rev. 953 (1998), and portions of the Complex Litigation Bench Book for Judges, a compilation of case law, procedure, and technique written as a reference for judges by a committee on complex litigation appointed by the Louisiana Supreme Court in 1997. Mr. Fayard is former President of the Louisiana Trial Lawyers Association and former member of the Board of Governors of the American Trial Lawyers Association, and he currently serves on the Board of the Louisiana State Bar Foundation. He is admitted in Louisiana, Wyoming, and Colorado, and he is AV rated in Martindale-Hubbell.