

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR -8 PM 12: 08

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | VIOXX | : MDL NO. 1657 |
| | PRODUCTS LIABILITY LITIGATION | : |
| | | : SECTION: L |
| | | : |
| THIS DOCUMENT RELATES TO ALL CASES | | : JUDGE FALLON |
| | | : MAG. JUDGE KNOWLES |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DAWN M. BARRIOS' APPLICATION FOR APPOINTMENT
## TO THE PLAINTIFFS' STEERING COMMITTEE

NOW INTO COURT COMES Dawn M. Barrios who files the attached Application for

Appointment to the Plaintiffs' Steering Committee, as per Pretrial Order No. 1.

Respectfully submitted,

BARRIOS, KINGSDORF & CASTEIX, L.L.P.
701 Poydras Street, Suite 3650
New Orleans, LA 70139-3650
Telephone: (504) 524-3300

By: _____
       DAWN M. BARRIOS (#2821)

___ Fee_____
___ Process_____
X  Dktd_____
✓  CtRmDep_____
___ Doc. No._____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for all parties of this proceeding, by mailing the same to each, on the 8th day of March, 2005.

_____

**DAWN M. BARRIOS**

# BARRIOS KINGSDORF & CASTEIX, L.L.P.
### ATTORNEYS AT LAW

DAWN M. BARRIOS

BRUCE S. KINGSDORF

BARBARA TREUTING CASTEIX

WRITER'S DIRECT DIAL NO.

ONE SHELL SQUARE
701 POYDRAS STREET, SUITE 3650
NEW ORLEANS, LA 70139-3650
TELEPHONE (504) 524-3300
FACSIMILE (504) 524-3313

March 8, 2005

The Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C456
New Orleans, LA 70130

Re:    MDL No. 1657 - Section L
       *In Re: Vioxx Products Liability Litigation*

Dear Judge Fallon:

I submit this letter as my Application for Appointment to the Plaintiffs' Steering Committee.[1]

My firm is in a consortium of firms specializing in complex litigation. We have contracts with 1,600 Vioxx claimants, having screened more than 5,000 potential clients. Since MDL-1657 came to the Eastern District, I have been approached to be local counsel for many more cases. Our prominence in the Vioxx arena and the MDL's venue will undoubtedly double our client base. More than fifty firms nationwide have entrusted us with their Vioxx clients. Our consortium has been working for the "common benefit" for some time by reviewing documents at the Vioxx document depositories and preparing outlines for depositions. Andy Birchfield asked me to prepare deposition page and line designations for an upcoming Vioxx trial. I attended three national Vioxx conferences since October 2004 and have been invited to be a speaker at two upcoming Vioxx seminars. We are preparing to present a Vioxx case to a focus group. I have interviewed many and retained several experts for trial and consultation purposes, specifically FDA experts, medical researchers, cardiologists, nephrologists, and medical/pharmaceutical ethicists.

I am ready, willing, available and anxious to commit to MDL-1657, which will certainly be a major project.

More important than a declaration of willingness and availability to pledge time, expenses and resources to a new project is an attorney's long term commitment to a case. The true test of "willingness and availability" is a regular, consistent and sustained commitment which exists over the life of the case.

My sustained attention to cases is evident in MDL-1355, *In re: Propulsid Products Liability*, where I am a member of the State Liaison Committee. In the more than thirty status conferences which the State Liaison Counsel attended, I personally attended all but a handful, and my partner, Bruce S. Kingsdorf, attended most I couldn't. Besides keeping all Propulsid attorneys nationwide apprised of the workings and status of the MDL, I assisted in discovery and chose the Class Representatives by reviewing nominees,

---

[1] I am counsel in *Robert S. Geyen v. Merck & Co., Inc.*, Civil Action No. 2:05-CV-0383, United States District Court, Western District of Louisiana, Shreveport Division.

BARRIOS KINGSDORF & CASTEIX, L.L.P.

The Honorable Eldon E. Fallon
March 8, 2005
Page - 2 -

studying their medical records, and interviewing them, their family members and doctors.  I was the "point person" for the Class Representatives.  I helped draft the Master (Class Action) Complaints and argued the case-specific portion for the Class Representative at the certification hearing.  I prepared the *Achord* administrative complaint for Louisiana claimants.  At the January 2005 Status Conference, my peers selected me as the lead for the State Liaison Committee to negotiate a settlement for state cases.

Complex litigation has been my practice's focus since 1992.  In the late 1990s, I was awarded an AV Martindale Hubble rating, all based upon the opinion of counsel with whom I have worked.  My career is anchored on my reputation for integrity, credibility and hard work.

In three MDLs since 2000, Judges have appointed me to leadership positions.  Most recently, the Honorable Sarah S. Vance appointed me Lead Counsel in MDL-1643, *In re: Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litigation.*  Your Honor appointed me to MDL-1355's State Liaison Committee.  The Honorable Michael Davis, United States District Court, District of Minnesota, named me to the Liaison Advisory Committee in MDL-1431, *In re: Baycol Products Litigation.*[2]

My roles as a class counsel in class actions are other examples of my experience in complex litigation.  In classes involving breast implant recipients (*Spitzfaden*)[3], land owners with environmental toxic exposure (*Parrish*)[4], and farmers experiencing crawfish mortality ("ICON")[5], I played major roles.  I was lead trial counsel in the *Spitzfaden* common issue trial against Dow Chemical which lasted six (6) months (and was interrupted by an emergency removal to the USDC in the Eastern District of Michigan and remand) and culminated in a plaintiff's verdict.  I prepared and filed all pleadings, memoranda, motions and argued same for the Dow Chemical subdivision.  The most time consuming task was handling each of the forty plus appellate filings during the six-month trial I attended daily.  The complexity of the *Spitzfaden* litigation and a description of the collision between a state court class, the MDL and bankruptcy proceedings is detailed in my law review article[6] written at the request of Professor (and then Dean) Ed Sherman of Tulane law School, which article I presented at Tulane's Class Action in the Gulf South Symposium in 2000.

---

[2] As a result of these appointments, I understand the inner workings of an MDL from the plaintiff's perspective - facilitating and maintaining cooperation among PSC members to work to the common good of creating and developing an excellent work product; coordinating the competing interests of the mission of an MDL and of the state court Plaintiff's counsel to get their cases quickly before a jury; and formulating and accomplishing a methodology for completion of the MDL's work or resolution of the entire litigation.

[3] *Spitzfaden et al v. The Dow Chemical Company, et al*, Civil District Court, Parish of Orleans, Docket No. 92-2589-F (1994).

[4] *Parrish et al v. Tennessee Gas Pipeline Company, Inc., et al*, 10th Judicial District Court, Natchitoches Parish, Docket No. 64-527-A (1996).

[5] *West, et al v. G&H Seed Company, et al*, 27th Judicial District Court, St. Landry Parish, Docket No. 99-C-4984-C (2000).

[6] "The Long and Winding Road for Spitzfaden, Louisiana's Breast Implant Class Action: 'Ad Astra Per Aspera'" 74 Tulane Law Review 1941 (2000).

BARRIOS KINGSDORF & CASTEIX, L.L.P.

The Honorable Eldon E. Fallon
March 8, 2005
Page - 3 -

_____

In the ICON class action, I prepared the class action pleadings, did more than fifty depositions, interviewed and chose the eight (8) class representatives, was trial counsel, mediated the case which settled in the fifth week of trial, and was the lead counsel in the claims process.

In both *Spitzfaden* and ICON, my work did not end with settlement or trial. In *Spitzfaden*, although the Louisiana litigation ended in 2000, I routinely assist the 1,800 Dow Chemical subclass members and their counsel to assert claims in the Dow Corning Settlement Trust (emanating from Dow Corning's bankruptcy). On April 7, 2005, I will argue my motion filed in the Eastern District of Michigan to enforce a priority for all *Spitzfaden* claimants I negotiated in the bankruptcy plan. I have protected *Spitzfaden* class members for the past five (5) years without compensation or any expectation of payment for this work as I believe it is within my responsibilities as class counsel.

Similarly, after settlement documents were signed in the ICON class action, my partner and I worked almost daily with Special Master Patrick Juneau and Court Appointed Disbursing Agent Daniel Clavier to assist with the claims and payment process.

All of this practical experience brings my name to the forefront for lecturing and teaching positions. I proudly return to my alma mater, Tulane Law School, to make presentations to Professor Sherman's Complex Litigation class. I professionally lecture and prepare written materials several times yearly on complex litigation issues for the American Bar Association, Louisiana Bar Association, Louisiana Trial Lawyers Association, Tulane Law School, Mealey's and others. I have been invited to write the chapter on "Class Action Notice" for a complex litigation treatise Calvin Fayard, Esq. and Charles McGowen, Esq. are preparing for Louisiana attorneys. Governor Mike Foster named me (as one of two plaintiff's counsel) to the Louisiana Commission on Medical Professional Liability in 2002.

Ever since my initiation in MDL-926 proceedings for breast implants in the early 1990s, I have endeavored to be a consensus builder, a good listener, an effective leader, a hard and dedicated worker and a mediator when working with other attorneys. I believe I have the ability to meld attorneys, staff, experts and witnesses together to work for the common good of the clients. Often tapped as settlement counsel, I collaborate with other Plaintiff's counsel and work professionally and collegially with defense counsel, all to achieve a consensual resolution.

My work ethic, commitment to the case from start to finish, ability to find and generate a consensus on committees, expertise and experience in the MDL arena will serve the Court and the Vioxx plaintiffs well. I humbly request an order appointing me to the PSC.

Sincerely,

Dawn M. Barrios

DMB/mhr
S:\Vioxx\LtrEF030305.wpd