

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF L
2005 MAR 17 A 10: 49
LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:
*Anthony J. Mallet, et al. v. Merck & Co., Inc., et* al. CA No. 2:02-2304 (W.D.La.);
*Caroline Nevels v. Merck & Co., Inc.*, CA No. 4:04-952 (W.D.Mo.);
*Elvin Shaw v. Merck & Co., Inc.*, CA No. 04-1098 (W.D.Mo.);
*Sheryl Lynn Wallace v. Merck & Co., Inc.*, (CA No. not yet assigned) (E.D.La.)

### APPLICATION FOR APPOINTMENT OF ALLAN KANNER TO PLAINTIFFS' STEERING COMMITTEE

Pursuant to Pretrial Order No. 1, Allan Kanner & Associates, P.L.L.C. ("AKA") requests appointment to lead or serve on the Plaintiffs' Steering Committee.[1]

---

[1] The firm is counsel in *Anthony J. Mallet, et al. v. Merck & Co., Inc., et* al. C.A. No. 2:02-2304 (W.D.La.) (MDL Schedule "A") (this suit was filed pre-withdrawal and is the second oldest case pending in the MDL); *Caroline Nevels v. Merck & Co., Inc., et al.*, C.A. No. 4:04-952 (W.D.Mo.) (MDL Schedule "A"); *Elvin Shaw v. Merck & Co.*, C.A. No. 04-1098 (W.D.Mo.) (MDL tag-along personal injury case), which will be transferred here as a tag-along action from the Western District of Missouri; and *Ferdinand Minibauer et al. v. Merck & Co., et al.* (D.NJ) (MDL tag-along European class action), which will be transferred here from the District of New Jersey. We are also counsel of record in *Sheryl Lynn Wallace v. Merck & Co.* (E.D.La.) (national consumer fraud and medical monitoring class action), originally filed in this Court. We are continuing to review other prospective cases in conjunction with a number of firms. Our plan is to file these locally where plaintiffs reside, except for any class claims. For example, in *Nevels*, we are working with Ken McClain, an outstanding trial attorney from Independence, Missouri, who is in the process of filing at least 100 more cases in Missouri. We are working with a number of Louisiana attorneys (Glad Jones, Stuart Smith and Philip Cossich) on local cases which will continue to be filed here. We are working with a number of other local firms on personal injury claims. For our team, this MDL is vital.



0783 Steering Committee Application; 3/17/05; 10:34:35
@PFDesktop\::ODMA/GRPWISE/AKA-DO01.AKA-PO01.Cases:35065.1        1

Allan Kanner is more than willing and available to serve because the best interests of AKA's numerous clients depend on the success of this MDL. All of AKA's Vioxx cases are MDL cases or dependent on the MDL. Without more information, we are unwilling to be limited to the discovery produced to date in the New Jersey or California state court cases, or to have this MDL serve as a tag-along to those proceedings as some have suggested.

AKA has served cooperatively and effectively on numerous multi-state litigation committees, including acting as lead counsel and co-counsel in successful MDLs.[2] We will help shape the MDL discovery process to the advantage of all Plaintiffs.

AKA has the resources, experience and objectivity to lead these cases. The firm has a national trial practice with over 25 years of experience in drug product liability and complex litigation. Allan Kanner has personally handled scores of NSAID cases, trying the first successful Zomax and Advil cases.[3] Mr. Kanner's success in drug product litigation and complex litigation is well recognized both inside and outside the courtroom. As Judge Pieras said:

> We have no trouble concluding that the experience and resources of Allan Kanner & Associates was a major reason the plaintiffs' class was able to successfully present its case to the jury and achieve such an estimable result. Mr. Kanner, who served as lead counsel at trial, has perhaps as much experience litigating complex class actions suits as any attorney in the United States. He has authored, chaired, consulted on, contributed to, and given articles, symposiums, classes, books, practices guides, etc. More importantly, his resume is replete with instances in which he served as counsel

---

[2] E.g., *In re Cooper Tire Products Liability Litigation*, MDL No. 1393 (S.D.Ohio, Holschue, J.) (lead counsel; successfully resolved in under a year); *In re Synthroid Marketing Litigation*, MDL No. 1182 (N.D.Ill., Bucklo, J. (co-lead counsel; successfully resolved). In addition, AKA has successfully litigated in the special mass tort/complex litigation courts of California, New Jersey and Pennsylvania on non-Vioxx matters, and is in an excellent position to facilitate coordination among all counsel in all courts.

[3] This experience goes back to the early 1980s. He was also the founder and first chair of ATLA's NSAID Litigation Group (originally "Zomax Litigation Group"). See, *Villa v. McNeilab, Inc.*, No. 84-1560, 1985 WL 4014 (E.D. Pa.) (March 20, 1985) (Lord, J.) (Recognition of impropriety of protective orders barring communications among plaintiffs' counsel in drug product litigation), discussed in Galante, "Zomax Document Release Disputed," *Nat'l L.J.*, April 22, 1985, p. 10.

in complex class action suits. His experience was essential to the success realized by the plaintiffs in this action.[4]

He has taught Complex Litigation at Yale Law School (2005, 2002) and Duke Law School (2003). He was appointed by the Louisiana Supreme Court to the Committee that produced the LOUISIANA COMPLEX LITIGATION BENCH BOOK FOR JUDGES (1995), and has taught at Louisiana's Judicial College. He authored ENVIRONMENTAL & TOXIC TORT TRIALS (Lexis Nexis), now in its second edition, as well as scores of articles and speeches on virtually every aspect of drug product litigation.[5]

WHEREFORE, Allan Kanner & Associates respectfully requests that this Court give consideration to the instant application for appointment to the Plaintiffs' Steering Committee. Additional information will be provided upon request.

---

[4]*Bonilla, et al. v. Trebol Motors Corporation, et al.*, No. 92-1795 (JP) (D.P.R.) (racketeering and consumer fraud case), (3/27/97 Opinion and Order). Similarly, the court in *Milkman v. American Travellers Life Insurance Co.*, No. 03775, 2002 WL 778272, (June Term 2000) (Ct. Comm. Pleas, April 1, 2002) said "The impressive credentials and experience of Class Counsel . . . The competence, experience and involvement of Class Counsel, as well as the expansive discovery undertaken in this case, have been discussed elsewhere . . . Again, the quality of the legal representation provided by Class Counsel is exceptional. . . . Moreover, the Court can attest to Class Counsel's professionalism and skill, as demonstrated by the extensive memoranda of law and the first-class oral arguments delivered on behalf of the Class [p. 47]. . . . *See, also, Milkman v. American Travellers Life Insurance Co.*, Feb. Term, 2000, No. 3775 (Nov. 26, 2001) (Herron, J.) (*emphasis added*) (http://courts.phila.gov/cptcvcomp.htm) (preliminary approval order).

In *Hanson v. Acceleration Life, et al.*, Civ. No. A3:97-152, 1999 WL 33283345 (D. N.D., Mar. 18, 1999) (certifying class, rejecting filed rate doctrine, and denying summary judgment); 2000 WL 33340298 (June 21, 2001), Order of December 11, 1999 (approving final settlement of $14.7 million), pp. 8-9, the Court said "This litigation was hard fought throughout its two year pendency and required thousands of hours of counsel's time and hundreds of thousands of dollars advanced for expenses, with significant risk of no compensation. Both local counsel and national class counsel are commended for their willingness to take on this cause when there were virtually no precedents to assure them of likely success. They are all highly skilled and well-experienced attorneys who appreciate the risky nature of this litigation; yet their strong desire to correct a perceived injustice suffered by a vulnerable group of people led them to take the risk. . . . Counsel's considerable skill, both in the substantive areas of this case as well as in discovery and class action procedure, together with their degree of preparation were primary factors leading to the favorable settlement for the class. Of equal note is the fact that counsel unquestionably put the interests of the class far ahead of their own interests." (emphasis added)).

[5]In the past few months he has lectured for the ABA on experts and trial practice, and has published on privilege issues, case management, trial practice and preemption. His related cases, publications and academic credentials appear on the firm's website, www.kanner-law.com. The firm and its senior partners are all "AV" rated.

Respectfully submitted.

ALLAN KANNER & ASSOCIATES, P.L.L.C.

By: _____
Allan Kanner (LA#20580)
Elizabeth B. Cowen (LA#23697)
Mary Elizabeth Gardner (LA#28581)
701 Camp Street
New Orleans, LA 70130
(504) 524-5777; fax (504) 524-5763
**ATTORNEYS FOR PETITIONERS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Application for the Plaintiffs' Steering Committee Position was served on all counsel identified on the attached MDL 1657 Plaintiff Attorney List according to Pretrial Order No. 1, by placing a true and correct copy of same in the U.S. Mail, properly addressed and first class postage prepaid, this 17th day of March, 2005.

_____
ELIZABETH B. COWEN, ESQ.