IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | JUDGE FALLON |
| This Document Relates to All Cases | : | MAG. JUDGE KNOWLES |

## APPLICATION OF BRADLEY D. HONNOLD FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE

Bradley D. Honnold, of the law firm Goza & Honnold, LLC, submits this application for appointment to the Plaintiffs' Steering Committee (PSC) in MDL No. 1657.

### A. Willingness and Availability to Commit to a Time-Consuming Project

I wish to serve on the Vioxx PSC and am committed to focusing my time and efforts on PSC duties. I recognize the significant time and financial commitment required of a PSC to successfully manage, prosecute and resolve complex cases. To date, my law firm has worked on Vioxx cases in close cooperation with a consortium of Kansas City, St. Louis and Philadelphia firms (including Bartimus Frickleton Robertson & Obetz, PC; Schrager Spivey & Sachs; Davis, Bethune & Jones, LLC; The Bertram Law Firm, LLC; The Popham Law Firm, PC; Wagstaff & Cartmell, LLP; and Gray, Ritter & Graham, PC) in retaining expert witnesses, reviewing documents and scientific literature and developing litigation strategy. We have nearly 2,000 claims in various stages of evaluation and physician review.[1] Our group, comprised of more than 30 lawyers with significant personal injury and mass tort trial experience, will be extensively involved in the Vioxx litigation in state and federal courts. This group will provide the resources

---

[1] My firm's filed federal cases are: David Felton v. Merck & Co., Inc., No. 6:05-CV-3123 (W.D. Mo.)(injury); Sanjanwala Smita v. Merck & Co., No. 04-CV-02588 (D.Ks.)(injury);Ralph Bannigan v. Merck & Co., Inc., No. 4:05-CV-282 (W.D. Mo.)(injury); Mary Wade v. Merck & Co., Inc., No. 4:05-CV-0486 (E.D. Mo.)(injury); and Alois Wagner v. Merck & Co., Inc., No. 2:05-CV-4093 (W.D. Mo.)(injury).

necessary to prosecute individual cases and will stand ready to assist the PSC by serving on committees or working on special projects. This structure will allow me, if appointed, to focus on PSC work. This will be a lengthy case and, if appointed, I will remain committed to the case until its end. Most importantly, I truly wish to serve and believe that I have a unique combination of skill and experience that would be helpful to prosecuting the case.

B. Professional Experience in this Type of Litigation

I am a 1989 graduate of the University of Iowa College of Law. From 1989 through 1998, my practice focused on the defense of malpractice actions against healthcare providers. From this work, I learned to prepare and try cases that involved complex medical and scientific issues and developed a keen sense of personal injury settlement values. I also gained significant expertise in three of the medical specialties at issue in this litigation-cardiology, hematology and neurology.

From 1998 through 2004, I was a partner in the Kansas City law firm of Shook, Hardy & Bacon. My practice focused almost exclusively on the defense of products liability cases against pharmaceutical and medical device manufacturers.[2] I was extensively involved in the defense of the Diet Drug, Sulzer InterOp, Propulsid, Baycol and PPA litigations. Through this work, I developed special expertise in the settlement of mass tort cases and the use of ADR in the mass tort context.

In the Sulzer litigation, I worked closely with Sulzer management and its lead counsel, Richard Scruggs, in developing strategy and managing the litigation. I assisted in the negotiation, drafting and execution of an innovative $1.03 billion global settlement that compensated deserving claimants and helped the company avoid bankruptcy.

---

[2] I have never represented Merck nor, to my knowledge, did Shook, Hardy & Bacon represent Merck during my time at the firm.

2

In the Baycol litigation, I served as national settlement counsel for Bayer and assisted in the creation and implementation of another innovative settlement program. Now commonly referred to as the "Baycol Model", this program has resolved over 2,900 cases since its inception in 2002. My work on the Baycol settlement program involved 2½ years of constant face-to-face meetings, negotiations and mediations with hundreds of plaintiffs' counsel around the country.

### C. Ability to Work Cooperatively with Others

I have demonstrated the ability to work cooperatively and effectively with others. In my work on the Diet Drug, Sulzer, PPA and Baycol matters, I worked closely on a daily basis with lawyers from other firms, including Doug Marvin of Williams & Connolly, lead counsel for Merck in this case. I have also worked closely and productively with many prominent members of the national plaintiffs' bar. I believe that my work ethic and commitment to the zealous representation of clients and collegial practice is well-known not only to Mr. Marvin, but also to Andy Birchfield, Chris Seeger and many others who have applied for PSC membership.

Respectfully submitted,

Dated: March 25, 2005

Bradley D. Honnold     MO No. 39818
GOZA & HONNOLD, LLC
1100 Main Street
2630 City Center Square
P.O. Box 482355
Kansas City, MO 64148-2355
(816) 512-2171/(816) 512-2172 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that the above original and one copy have been filed with the Clerk of the Court of the Eastern District of Louisiana and has been served upon all counsel known to have a federal Vioxx case pending this 25th day of March, 2005.

_____
Bradley D. Honnold