UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
------------------------------------------------------------X
In Re:  VIOXX
       Products Liability Litigation

"This Document Relates to All Cases"

------------------------------------------------------------X

MDL No. 1657
SECTION: L

Judge Eldon E. Fallon
Mag. Judge Knowles

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 28  AM 10: 35

LORETTA G. WHYTE
CLERK

## APPLICATION FOR APPOINTMENT OF MICAHEL A. LONDON, ESQ. TO THE PLAINTFFS' STEERING COMMITTEE

     Pursuant to Pre-Trial Order No. 1 dated February 17, 2005, in the above-referenced action, Michael A. London, Esq., submits the following petition seeking to be appointed to the Plaintiffs' Steering Committee for the Vioxx Multidistrict Litigation.

     Your undersigned is one of the founding partners in the law firm of Douglas & London, P.C., located in downtown New York City. I am admitted and licensed to practice law in the State of New York and the State of New Jersey. In addition, I am admitted to practice in federal courts in both New York and New Jersey, and I am also admitted to the Court of Federal Claims in Washington, D.C.

     Since obtaining my law degree, I have devoted my entire career to always representing injury victims, primarily in mass tort settings. Formerly a partner at another national plaintiffs' law firm, my practice area in the law has always focused on, and continues to focus on, products liability litigation with an emphasis in pharmaceutical litigation.

     I have been appointed to, and served on, multiple plaintiff steering committees and as class counsel. Most-recently, in June, 2004, I was appointed as Vice-Chair of the Plaintiffs' Steering Committee in the In re: Zyprexa Products Liability Litigation, MDL-1596, pending before the Honorable Jack B. Weinstein, in the United States District Court for the Eastern District of New York. I was formerly co-class counsel in a national class action against Colgate Oral Pharmaceuticals for certain forms of toothpaste and oral rinse shown to cause pre-cancerous lesions in the mouth. I served as class counsel in the Disetronic insulin infusion pump litigation. I was appointed to the Objectors' Steering Committee to represent individual smokers with personal injury claims against Liggett & Myers in its proposed class action which I and others defeated because of its failure to provide adequate compensation to present, future and foreign Class members. I was co-counsel in the first national Thimerosal class action, and was thereafter appointed to the Plaintiffs' Steering Committee to litigate these cases before the Court of Federal Claims.[1]

---

[1] My former pharmaceutical litigation experience before founding Douglas & London, P.C., included active participation in the silicone breast implant litigation, including both in MDL-926, before the Honorable Samuel C. Pointer, Jr., and in the Dow Corning bankruptcy proceeding, where my former law firm held Steering Committee roles in both forums, and represented all foreign women. I also participated and litigated the Parlodel drug products liability cases (which were complex medical-malpractice and pharmaceutical cases) from infancy through the first trial in the country. I have also actively represented injured clients across the country and abroad with defective Telectronics pace makers/leads.

___ Fee____
___ Process____
X  Dktd____
V  CtRmDep____
___ Doc. No.____

I have also represented hundreds of women exposed, in utero, to the drug Diethylstilbestrol ("DES"). I have represented children and families who were victims of the medical device/procedure Chorionic Villi Sampling, as well as many other toxic and mass torts for which formal plaintiff steering committees were not established.

While being a mass tort attorney, both my firm and I have substantial trial experience and successes. I humbly submit that my partner, Gary J. Douglas, my firm generally, and I are widely regarded and known throughout the state of New York and the country for our precedent setting trials and verdicts.[2] While my partner Gary is constantly involved in waging our courtroom-jury battles and has secured over 25 seven figure verdicts, in addition, he has received 2 eight figure verdicts, our most recent major and joint trial accomplishment was last year, when we secured a $20 million plus verdict for the widow of a former smoker in the *first* successful personal injury tobacco lawsuit in the State of New York. Some of our other notable trailblazing trials and verdicts included serving as co-trial counsel in the very *first* Norplant products liability trial in the State of New York and my partner's receiving the *first* verdict in New York against Chrysler in the airbag litigation. My firm's trial experience and collective track record in complex litigation and trials is extraordinary, no one will argue that we are a firm that is "afraid to try a case".

Furthermore, my firm and I practice law by implementing the old adage, "leading by example." However, in order for us to be able to maximize our efforts without jeopardizing our firm's resources we do not delve into every potential mass tort, rather, we select our case involvement endeavors and our cases only after careful committee scrutiny, and certainly, not because "everyone is taking them". This process has allowed us to prosper, allowed us to pick our battles, rather than have our battles picked for us, and, most importantly, allowed us to represent each of our clients with the necessary zealous advocacy they deserve.[3]

As it pertains to the current Vioxx litigation, our office is investigating hundreds of cases, not thousands, as it is always our view that all cases must be prepared for trial. To date, we have filed five cases in the federal courts which are in the process of being transferred to this honorable MDL Court – we are poised to file many more, enter tolling agreements as intimated by this Court, or fashion some other equitable solution with defendant and the Court so as to preserve our client's statute of limitations while also preserving resources of defendant and the Court in crafting a mass solution to this issue of case initiations and the burdens it presents on all.

Given this large undertaking – Vioxx – and of course, being experienced with other large mass torts, I am confident that I can properly provide ample resources and people power to assist the PSC in

---

[2] I have lectured to attorneys on topics such as medical malpractice, jury selection in products liability cases, and jury selection in tobacco cases. As a result of my work and success on behalf of my clients, I have been fortunate enough to appear in a wide variety of print and television media, and have written numerous articles for publications.

[3] In line with our beliefs we employ a staff of tremendous paralegals (all with mass tort experience), nurse paralegals (all with mass tort experience dating back to the 1980s), as well as a team of dedicated, committed, and motivated attorneys who are always up for the next challenge. However, if appointed to this PSC, my role and certainly this privilege will not be delegated to anyone else in my firm – rather their respective roles will remain as my team and support staff not as my surrogate's for MDL work and appearances.

this litigation, and thereby, help both our clients and other law firms' clients across the country. I have had the pleasure of previously working with many of the other law firms involved in the Vioxx litigation in other mass torts with nothing but excellent working and personal relationships to show from it.

I thank the Court for its time and continued courtesies, and I respectfully request that the Court appoint your undersigned to serve on the Plaintiffs' Steering Committee in Vioxx Products Liability Litigation MDL No. 1657, and grant such other and further relief as the Court may deem just and proper under the circumstances.


Dated: New York, New York
       March 25, 2005

_____
MICHAEL A. LONDON