UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE VIOXX
PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION: L

THIS DOCUMENT RELATES TO:
ALL ACTIONS

JUDGE FALLON
MAG. JUDGE KNOWLES

**************************************************************************

### APPLICATION FOR APPOINTMENT OF RAUL R. BENCOMO TO THE PLAINTIFFS' STEERING COMMITTEE

Raul R. Bencomo respectfully submits this application for appointment to the Vioxx Products Liability Litigation Plaintiffs' Steering Committee (PSC).

Your Honor issued *Pretrial Order #1* on February 16, 2005. Paragraph 16 of that order sets out the three main criteria for PSC membership.

As to the first criterion, Mr. Bencomo represents to this Honorable Court that he is not only willing and available to commit to this time-consuming project but that he is eager to do so. Moreover, he understands that this appointment is personal in nature and has made an assessment of his personal and professional obligations in the future. There are no impediments nor conflicts which will prevent him from fully participating as a member of the Plaintiffs' PSC.

As to the second criterion, Mr. Bencomo has a proven ability to work cooperatively with others. He has demonstrated his ability to do so in many cases involving multiple plaintiff and defense counsel. Mr. Bencomo knows Plaintiffs' Liaison Counsel very well, having worked with him as a member of the Plaintiffs' Trial Team in the recently-concluded trial of the Louisiana tobacco class action, *Gloria Scott et al. v. American Tobacco Co. et al.*, No. 96-8461, Civil Dist. Ct. for the Parish of Orleans, La. Furthermore, Mr. Bencomo is well-acquainted with Defendant's Liaison Counsel, and has no doubt that he can work with him and his team of defense counsel. Mr. Bencomo further believes that, having worked both in the capacity of plaintiff and defense counsel in significant litigation over the last thirty years, he is able to understand the tensions that develop between opposing sides and can help to bridge otherwise insurmountable impasses between the litigants. Mr. Bencomo also maintains his practice in this forum, and his office is within walking distance to this court house. He will be available to participate in-person in any last-minute meetings or conferences with counsel or with the Court.



As to the third criterion, Mr. Bencomo has vast professional experience in this type of litigation. He has participated in mass tort and class action litigation for over thirty years. As a young lawyer, he worked on the litigation arising from the Continental Grain Explosion and the M/V Ferry Frosta Collision. Since then, Mr. Bencomo has been involved in a number of significant class actions culminating in the *Scott* matter, discussed above. His law practice is limited to the litigation of significant liability cases, ranging from admiralty cases to the *In Re Welding Rod* MDL # 1535 action and the instant matter.

Mr. Bencomo is also qualified to serve on the PSC for several additional reasons.

Mr. Bencomo is an AV-rated attorney in Martindale-Hubbell and is recognized in the Bar Register of Preeminent Lawyers. He has lectured at and addressed the Louisiana Judicial College and Tulane University, and served as an adjunct professor of Trial Advocacy at Tulane Law School for over fifteen years. He has also lectured at the Louisiana State Bar Association's Summer School for Lawyers, at seminars sponsored by the Louisiana Trial Lawyers Association, and at numerous other seminars over the years.

Mr. Bencomo is a founding member of the A. P. Tureaud Chapter of the Inns of Court and is a Master of the Bench. He is a lifetime member of the Hispanic National Bar Association, an organization representing the interests of over 25,000 Hispanic Judges, attorneys, law professors and law students. Mr. Bencomo has also served on the Louisiana State Bar Association's Client Security Fund as its Chairman and been a member of its Bench-Bar Liaison Committee. He is a past recipient of the Leadership Award of the Young Lawyers Section of the Louisiana State Bar Association and served on the Louisiana Trial Lawyers Association's Board of Governors.

Mr. Bencomo is especially qualified to represent the interests of the significant number of Hispanic claimants in this litigation,[1] many of whom have difficulty with the English language.[2]

---

[1] The Transfer Order for Docket No. 1657 listed nine cases which have Hispanics listed as their lead plaintiffs. Since that time, additional suits have been filed with Hispanic plaintiffs seeking redress. As of July 2003, there were an estimated 39.9 million Hispanics living in the United States--about 13.2% of the nation's population. *See* U.S. Census Bureau News (June 14, 2004), web accessible at http://www.census.gov/Press-Release/www/releases/archives/race/001839.html.

[2] According to the U. S. Census Bureau, more than 28% of the Hispanics in this country have difficulty with the English language. *See* U.S. Census Bureau, "Language Use and English-Speaking Ability: 2000," Table 1: Twenty Languages Most Frequently Spoken at Home by English Ability for the

Mr. Bencomo is completely fluent in Spanish, his native language. He is uniquely capable of helping the large number of Spanish-speaking claimants affected by this litigation to appreciate and exercise their rights, and believes that this public interest factor is another qualification for Your Honor's consideration.[3]

Mr. Bencomo respectfully requests that he be appointed by Your Honor to the Plaintiff's Steering Committee.

                                            Respectfully submitted,

                                            *[signature]*

                                            RAUL R. BENCOMO #2932
                                            BENCOMO & ASSOCIATES
                                            639 Loyola Avenue, Suite 2110
                                            New Orleans, LA 70113
                                            (504) 529-2929

---

Population 5 Years and Over: 1990 and 2000 (October 2003)(noting that 18.25% of U.S. Hispanics do not speak English well and an additional 9.96% do not speak English "at all.").

    [3] As Your Honor has previously acknowledged, "....injured persons fail to assert their legal rights because of insufficient appreciation of such rights, [and]difficulties [i.e. language barriers] in proving [their] claims ...." *Karim v. Finch Shipping Co., Ltd.*, 94 F.Supp.2d 727, 739 (E.D. La. 2000).

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon Counsel of Record for Plaintiffs and Defendants via United States mail, postage prepaid and properly addressed this 28th day of March, 2005.

RAUL R. BENCOMO