UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
Eastern District of Louisiana
FILED MAR 21 2005
LORETTA G. WHYTE
Clerk

IN RE: VIOXX
PRODUCTS LIABILITY LITIGATION

05-545 L(3)

MDL NO. 1657

SECTION: L

This Document Relates to: 05-545
U.S. District Court, Southern District of Texas. H-03-1380

JUDGE FALLON
MAG. JUDGE KNOWLES

## PLAINTIFF EBERHARDT'S MOTION FOR APPOINTMENT OF COUNSEL OR, IN THE ALTERNATIVE, PLAINTIFF EBERHARDT PRESERVES FOR APPEAL

NOW COMES THE PLAINTIFF, (EBERHARDT) to motion the Honorable Court, Pursuant to 28 U.S.C.A. §§ 1915, 1915(d), and 1915(e)(1), for an Order appointing Counsel to represent him in this Case. In support of this motion Eberhardt states:

### I

Eberhardt, proceeding "in forma pauperis", in this case is unable to hire an attorney to represent him.

STANDARD OF REVIEW: TABRO v. GRACE, 6 F.3d 147 (3rd Cir. 1993) (with 5 Circuit Cases applied)

___Fee___
___Process___
_X_Dktd___
_X_CtRmDep___
Doc. No.___

1 of 12     H-03-1380

# II

## COURTS JURISDICTION, AND LEGALITY OF APPOINTMENT OF COUNSEL FOR INDIGENT PRO SE LITIGANT.

Tabron, pg. 147 #1, District Courts have broad discretion to request attorney to represent indigent Civil litigant. 28 U.S.C.A. § 1915(d).

In fact, in Knighton v. Watkins, 616 F.2d 795 (5th Cir. 1980), pg 796 #7, Magistrate did not abuse his discretion in appointing counsel for prisoner ... Appointment of Counsel can be made at anytime by district court. In Tabron, pg 149 #20 it states, "Appointment of Counsel for indigent civil litigant may be made at any point in Litigation, and may be made by district court sua sponte. 28 § 1915(d).

In Castro Romero v. Becken, 256 F.3d 349 (5th 2001), pg. 350 #2 we see — Federal Court may appoint an attorney to represent a litigant in Federal Court... 28 U.S.C.A. § 1915(e)(1).

Also we see, in Branch v. Cole, 686 F.2d 264 (5th Cir. app. 1982), pg. 265, #3. Attorney's admitted to practice in the Federal Courts are, or ought to be, bound in discharge of their duties by ethical precepts with respect to duty of legal profession to make legal counsel available to those unable to pay reasonable fee's. 28 U.S.C.A. § 1915(d).

We see in, Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982), pg 210 #7 — In determining whether to appoint Counsel for party, it is not appropriate to presume that all members of bar would feel imposed upon even if, or perhaps especially, if relief is doubtful. 28 U.S.C.A. § 1915(d).

We see in Whisenant V. Yuam, 739 F.2d 160 (4tCir.1984), pg. 161 #7, There is a duty on the part of the Bar to accept Court appointments to represent indigent plaintiffs' with Colorable claims. 28 U.S.C.A. § 1915(d).

Also Eberhardt has no idea how to, find, depisition and arrange for court his wittnesses. Eberhardt can not communicate with Court, wittnesses and other Plaintiffs Counsel due to his lack of telephone, Computer, Copy machine, and other office equipment, and due to his incaseration.

It states in Ulmer, pg. 210 #9, Federal Court has discretion to appoint Counsel if doing so would advance proper administration of justice; although no comprehensive definition of exceptional circumstances warranting appointment of Counsel is practicle, factor's to be consider include type and complexity of case, whether indigent is in position to adequately investigate case and whether evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in-cross-examination. 28 US.C.A. 28 § 1915(d).

Eberhardt see this case as the most complex case there could possibly be. It is a nationwide case involving Complex Jurisdictional arguments, Coplex medical + cross examination expirence, and coplex legal knowledge.

It is now under the rules of the Manual for Complex Litigation, foun (MCL 4t). A case couldn't get more complicated than this one.

It states in, Norton V. Dimazana, 122 F.3d 286 (C.A.5. Tex. 1998), In determining whether to appoint Counsel, district court should consider type and complexity of case, whether indigent litigant is capabl of adequately presenting his case, whether litigant is in position to invest-igate case adequately, and whether litigants evidence will consist in large part of conflicting testimony, thus requiring skill in presentation and cross-examination. 28 USCA §1915(d).     3 of 12    11-03-1380

# III

## PLAINTIFF'S CLAIM HAS MERIT, (COLORABLE MERITS)

IN, (Tabron pg. 148, #10) We see that "In determining whether to appoint Counsel for indigent Plaintiff, district Court must consider, as threshold matter, merits of Plaintiff's Claim. 28 U.S.C.A. § 1915(d).

Eberhardt would show that the medical records he turned over to Merck & Co. Inc's, (Merck), representative, Travis Sales, for Baker & Botts L.L.P. show that Plaintiff was taking Vioxx, and then suffered Congestive Heart Failure, (CHF). Remember, Eberhardts Claim states that he was at high risk for heart problems, and if Vioxx would of had a adequate warning in it's product information insert, directed at people who are at risk for heart problems, Eberhardts doctor would not have prescribed Vioxx to him. Also, the FDA had to order Merck to put a stringent heart health warning on the insert. The FDA was going to have Merck upgrade the heart warning a second time when Merck removed Vioxx from the world market on September 30+ 2004, according to Dr. Gramis, and his attorney Mr. Divine. (Dr. Gramis is a employee of the F.D.A.).

The only heart warning on the product insert information when it was prescribed was, "people with CHF should not take this medication." At the time it was prescribed to Eberhardt he did not suffer from CHF. Vioxx caused the CHF in Eberhardt.

Edema is the retention of fluids in the body. Vioxx is known to cause edema. CHF is the build up of fluid in the fatty tissues around the heart. This give's Eberhardt's Claim, "Colorable merit."

In fact the 3rd page of the information insert stated, verbatim, "Fluid retention and edema have been observed in some patients taking Vioxx. (see ADVERSE REACTIONS)." "Vioxx should be used with caution, and should be introduced at the lowest recommended dose in patients with fluid retention, hypertention, or heart failure."

Eberhardt had none of the conditions listed in the warnings. Since taking Vioxx, he suffers from all of them, and will have to take expensive medications to counter them for the rest of his life.

Also we see in other complaints filed, under Factual Allegations, that, "Merck and its agents and/or representatives misrepresented claims regarding the efficacy of Vioxx as compared to its competitor Celebrex known as the other Cox 2 inhibitor, When publicly comparing the VIGOR study to the Celebrex study called "The Class" study, Defendant failed to inform consumers that the patient populations in the two studies were extremely different. For instance, the VIGOR study excluded patients who had angina or congestive heart failure with symptoms that occured at rest or with minimal activity, as well as patients taking aspirin.... The Class study did not exclude these patients. So we see that Vioxx conceled the high risk of congestive heart failure as associated with Vioxx. Thus we see that Eberhardts claim does have "Colorable Merit." See-Tabron pg. 148, #13: — If it appears that indigent Plaintiff with claim of arguable merit is incapable of presenting his case, consideration should be given to appointing Counsel for Plaintiff. 28 U.S.C.A. § 1915 (d).

Also, since Eberhardts credibility is in question, an attorney should be appointed. See Tabron, pg. 149, #18. — When case is likely to turn on credibility determinations, appointment of Cansel for indigent civil litigant may be warrented, when credibility is key issue,

it is more likely that truth will be exposed where both sides are represented by those trained in presentation of evidence and cross-examination. 28 U.S.C.A. § 1915(d).
See also, Maclin v. Freake, 650 F.2d 885 (7th Cir. 1981);
Tucker v. Dickey, 613 F. Supp. 1124, pg. 1133 [2] (D.C. Wis. 1985), quoting
McKeeve v. Israel, 689 F.2d 1315, 1320-21 (7th Cir. 1982); also-
Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984) pg 161 #3, and pg 16

## IV

### Plaintiff does not understand or Comprehend the Legal or Medical issues due to the Complexity of the Litigation

First Eberhardt would show that in the United States District Court for the Eastern District of Louisiana, New Orleans, La. 70130, Judge Fallon in his first Pretrial Order #1, "Setting Initial Conference" Febuary 17, 2005, states on page two (2) #3rd paragraph, "Counsel are expected to familiarize themselfs with the Manual for Complex Litigation, Fourth, (MCL 4th). Here at the Texas Department of Criminal Justice - Institutional Division, (TDCJ-ID), Ramsey-1 Unit Law Library, the MCL 4th is not available, nor is it on the TDCJ-ID holding list. So Eberhardt has no access to it. (This can be verified by contacting Ms. Weisinger, "Librarian 2", at the TDCJ-ID Ramsey-1 Unit, 1100 F.M. 655, Rosharon, Texas. 77583, or phone (281) 595-3491.

Eberhardt does not understand or Comprehend the legal or Medical intricacies of this Complex litigation. Eberhardt cannot be brought to the hearings, or conferences, and has no one to stand in his stead. This allows for the appointment of counsel according to most case law

availible, as related to this case. Please see - Tabron pg.148, #9

It states - exceptional circumstances are not required to justif[y] appointment of counsel to represent indigent civil litigant.

Tabron, pg. 148, #14 - In determining whether to appoint counsel for indigent Plaintiff court must consider, in conjuntion with Plaintiffs ability to present his case, difficulty of particular legal issues, and Court should be more inclined to appoint counsel if legal issues are complex. 28 USCO § 1915(d). See Tabron pg.148 #12 also.

These rulings are upheld by the 5th circuit in, Branch v Cole, 686, F.2d 264 (5th Cir. 1982) pg. 265 #2. - Trial Court is not required to appoint Counsel for indigent Plaintiff asserting action under civil Rights statute unless case presents exceptional circumstances and existence of such circumstances will turn on the type and complexity of the case and the abilities of the individual bring it. 28 U.S.C.A. § 1915(d). This case law is extended to non civil Rights, civil cases also. See - C.A.5. (Tex. 1997), Norton v. Dimazana, 122 F.3d, 286. In determining whether to appoint counsel, district court should consider type and complexity of case, whether indigent litigant is capable of adeq[u]ately presenting his case, whether litigant is in position to investigat[e] case adequately, and whether evidence will consist in large part of conflicting testimony, thus requiring skill in presentation and cross - examination.

In, C.A.5.(Tex. 2001) Castro Romero v. Becken 256 F.3d, 349 - In evaluati[ng] whether the appointment of counsel is proper, the district court considers the level of skill required to present the evidence. 28 USC. § 1915 (e)(1). See also, Tabron, 148 #12, pg. 149 #7, #19. See also - Sims v. ANR Freight System, 77 F.3d 846, When Role played by Lawyers in trial is paramount in assuring that parties have oppertunity to present informatio[n] in a manner that is comprehensible to judge or jury. When manner of presentation of information to jury is judicially restricted to extent that

essence of trial has been destroyed. See also Ulmer v. Chancellor 691 F.2d 209 (5th Cir. 1982) pg. 210 #10

## V

### Plaintiff is unable to do any Factual reserch or investigation, and thus is unable to present his case

Eberhardt states that, due to his incarseration, he is unable to do any factual reserch or investigation, effectively barring him from adequately presenting his case. See Tabron, 148 #15 - In determining whether to appoint Counsel for indigent Plaintiff, Court should consider degree to which factual investigation will be required, and ability of Plaintiff to pursue such investigation. 28 U.S.C.A. § 1915(d).

Eberhardts incarseration has denied him the oppertunity to speak directly with attorney's, and thus has prevented him from being able to present his case properly to attorney's, thus resulting in not being able to secure representation. Eberhardt has sent the district court two seperate motions to appoint Counsel with seven (7) letters each for a total of 14 letters from attorney's, as evidence of his attempt to secure representation. Also there are many more he's sent letters to that he has not sent to the district court. His incarseration has prevented him from aquiring representation. See - Tabron pg. 148 #16 - In determining whether to appoint Counsel for indigent Plaintiff, Court may consider extent to which Plaintiffs who are prisoners, and other Plaintiffs suffering Confinement may face problems pursuing their claims. - 28 U.S.C.A. § 1915

See Tabron, pg. 148, #11, and #13.

See Norton v. Dimazana, 122 F.3d, 286 (C.A.5. Tex. 1997). - In determining whether to appoint Counsel, district court should consider type and complexity of case, whether indigent litigant is capable of adequately

8 of 12    H-03-1380

presenting his case, whether litigant is in position to investigate case adequately, and whether evidence will consist in large part of conflicting testimony, thus requiring skill in presentation and cross-examination. 28 U.S.C.A. § 1915(d).

## VI

### Appointment of Counsel would benefit Plaintiff, Defendant and Court.

Eberhardt would show the Court that appointment of Counsel would benefit Court as much Plaintiff. See Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982) pg. 210 #10 - Federal district court in determining whether to appoint Counsel for ... Prisoner ... should consider whether appointment of counsel would be service to him and, perhaps, Court and defendant as well, by sharpening issues in case, shaping examination of witnesses, and thus shorting trial and assisting in just determination. 28 U.S.C.A. § 1915(d).

In Rayes v. Johnson, 969 F.2d 700 (8th Cir. 1992) at 701 #3, we see - Inquiry regarding indigent civil plaintiffs request for court appointed counsel should focus on several factors including likelyhood that Plaintiff and Court will benefit from assistance of Counsel, factual complexity of the case, plaintiffs ability to investigate the facts and present his claim, existence of conflicting testimony, and the complexity of legal issues. 28 U.S.C.A. §§ 1915, 1915(d).

## VII

### Plaintiff intends to Appeal if denial of appointment of Counsel is Rendered.

Eberhardt would show court that in cases such as his, overwhelming

9 of 12  H-03-1318

The Court of Appeals supports the appointment of counsel where Plaintiff has a claim that has colorable merit, is complex, and where Plaintiffs' incarceration prevents his ability to investigate, where Plaintiff does not comprehend the legal or medical issues, and where appointment of counsel would benefit all parties concerned. In support of this Eberhardt would show the Court the following relevant case

Tabron, pg. 148 #6. - Court of Appeals would consider issues of Magistrate Judges denial of indigent Plaintiff's request for appointed Counsel even though Plaintiff did not raise issue before district court, Standard for appointment of Counsel in civil case had not yet been set forth in detail by Court, appointment issue was briefed and argued on merits by parties on appeal, defendants never raised waiver as defense, Pro se Plaintiffs are traditionally given leeway when they have not followed technical rules of procedure, and issue of denial of Counsel was intertwined with Plaintiff's argument challenging district courts grant of summary Judgment. See also - Tabron pg. 149 # 24.

See - Stringer v. Rowe, 616 F.2d 993 (7th Cir. 1980) pg. 994 #8.

Eberhardt would show where he is denied a chance to appear at the meetings, Conferences and denied the use of office equipment, he is entitled to appeal for releif. See - Rayes v. Johnson 969 F.2d 700 (8th Cir. 1992) at 701 #4 - Refusing to appoint substitute Counsel for inmate in civil rights suit against prison officials was abuse of discretion where claims were not frivolous or malicious, inmate was not allowed to use typewriter, computer, telephone or photocopy machine and inmate lacked court room skills for adequate examination of witness, in case of desicion turning on witness credibility. 28 U.S.C.A. § § 1915, 1915 (d). See - Whisenant v. Yuam 739 F.2d 160 (4th Cir. 1984) pg. 161 #

In Tabron, pg. 148 #8, wesee - Court of appeals should reverse district courts decision not to appoint counsel for indigent civil litigant only where party seeking appointment of Counsel has shown that district courts decision was clearly abuse of discretion. 28 USCA. 28 § 1915 ©

In Whisenant v. Yuam, 739 F.2d (4th Cir. 1984) pg. 161 #1. - power to appoint Counsel in civil litigation is discretionary, but it is an abuse of that discretion to decline to appoint Counsel where the case of an indigent Plaintiff presents exceptional circumstance. 28 U.S.C.A. § 1915 (d). Whisenant - pg 161 #2 states - Question whether exceptional circumstances exist in any particular civil case so as to warrant appointment of Counsel hinges on characteristics of the Claim and the litigant. 28 U.S.C.A. § 1915 (d.)

In Ruiz v. Estelle, 679 F.2d 1115, it states - It is beyond either human capacity or demands of justice that trial judge decides correctly every issue arising in trial; What is required is not perfect score, but fairness, probity and avoidance of substantial prejudice. Fed. Rules of Evid. Rule #103 (a), 28 U.S.CA.

see also - Branch v. Cole, 686 F.2d 264 (5th Cir. appl. 1982) pg. 265 #4, - District Court erred in exercising its descretion with respect to appointment of counsel for indigent Plaintiff in civil rights action on the basis of unavailability of counsel for indigent Plaintiff. 28 USCA. § 1915 (d).

In Castro Romero v. Becken, 256 F. 3d 349 (5th Cir. 2001). pg. 350 #4 - Court of Appeals reviews the district courts denial of appointment of counsel for abuse of discretion. 28 USCA. § 1915 (e)(1).

See - Stine v. Marathon Oil Co., 976 F.2d 254 (C.A.5. Tex 199\_ pg. 256 #II. Conduct of fair trial is vested in sound discretion of trial Judge, and on review, his conduct will be measured against standard of fairness and impartiality.

Pryer

Eberhard prays that the Honorable Court takes in considerat of the fact that he left high school in the tenth grade, got a G.E.D. in 1998, and has never been in any civil action before, so as not to have any expierence in litigation, and thus grants his motion for the appointment of counsel.

## Certificate of Service

I, John P. Eberhardt, (Plaintiff), do certify that a true and correct copy of the foregoing motion has been placed in the Ramsey-1 Unit of TDCJ-ID, legal mail system on this, the 15th day of March, 2005, and is addressed to Baker, Botts L.L.P., attorney's acting in the behalf of the defendants, "Merck & Co. Inc."

Sincerely,

John P. Eberhardt
#1083045    Loc: 11-32
Ramsey-1 Unit
1100 F.M. 655
Rosharon, Texas. 77583

CC: Baker, Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas. 77002-4995

United States District Court
Eastern District of Louisiana
New Orleans, La. 70130

file.

12 of 12   H-03-1280

John P. Eberhardt  
#1083045   Loc: 11-32  
Ramsey-1 Unit  
1100 F.M. 655  
Rosharon, Texas. 77583  

March 14th, 2005  

Loretta G. Whyte  
CLERK of Court  
Eastern District of Louisiana  

Dear Ms. Whyte,

    Please find enclosed Plaintiff John P. Eberhardts motion for the Honorable Court to appoint a Counsel to represent Mr. Eberhardt, in that, the legal tecnology needed to prosue his claim is far beyond his ability. Being incarserated he is unable to make copies for all Counsel on the Attorney Service List.  
    It is however his whish that all Counsel be informed in this matter. Any help would be grately appreciated.

Sincerely,  
John P. Eberhardt

