FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 30  PM 4: 13

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

IN RE: VIOXX PRODUCTS LIABILITY    :    MDL NO. 1657
LITIGATION                          :    SECTION: L
                                    :
                                    :    JUDGE FALLON
                                    :    MAG. JUDGE KNOWLES

### APPLICATION OF GARY E. MASON FOR
### APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE

This Application is submitted pursuant to this Court's Pretrial Order No.1, dated February 17, 2005, in support of my application for appointment to the Plaintiffs' Steering Committee ( the "PSC") in these MDL proceedings.

My firm and co-counsel Bingham McHale and Lewis & Roberts have filed a class action in the United States District Court for the Eastern District of North Carolina on behalf of all residents of the State of North Carolina who purchased Vioxx during or after 1999 for personal, family, or household purposes. *Wilson, et al. v. Merck & Co., Inc.*, No. 7:05-CV-52-FL(1) (E.D.N.C.), and we anticipate that case being transferred to this MDL imminently. Excluded from the *Wilson* class are those persons seeking damages for personal injury. Rather, the action seeks only economic damages for the refund of the difference between the price charged for Vioxx and the fair market value which Vioxx would have had but for Merck's misrepresentations and omissions.

In addition, along with co-counsel Bingham McHale, Lewis & Roberts, and Peirce, Raimond & Coulter, we have filed similar statewide class actions on behalf of consumers in Illinois (*Gori, et al. v. Merck & Co., Inc.,*), Indiana (*Kantner, et al. v. Merck & Co., Inc.,*), Pennsylvania (*Magnifico, et al. v. Merck & Co., Inc.*), and West Virginia (*Dalgo, et al v. Merck & Co., Inc.*). Those actions are pending in state court in their respective states.

On March 14, 2005, a group designating itself the "End Payor Plaintiffs" filed with this Court various case management proposals, including a request that this Court appoint separate counsel to the

___ Fee_____
_V_ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

PSC to represent the unique interests of economic loss class action plaintiffs, and a request that this Court set up separate procedural safeguards (including, most notably, a separate case management schedule for the economic loss class actions relating to discovery, experts and class certification). My co-counsel and I agree with the "End Payor Plaintiffs" group that separate representation on the PSC is warranted, as are separate procedural safeguards for the economic loss class actions. However, even though the interests of third-party payers such as insurers, Taft-Hartley funds, and self-insured employers largely are aligned with those of consumers who purchased Vioxx, it is easy to envision instances when the interests of consumers will require separate and/or special attention or procedural safeguards. Accordingly, my co-counsel and I request that this Court appoint separate counsel to the PSC to represent the interests of third party payers and a separate counsel to represent the interests of consumers in the economic loss class actions. And, we respectfully request that I be appointed to the PSC as the economic loss class action consumer representative.

In support of my application, I note for the Court that I have served as either lead or co-counsel in scores of class action lawsuits, including *In Re Diet Drugs Prod. Liab. Litig.*, MDL Docket No. 1203 (E.D. Pa.), *In re the Exxon Valdez*, No. A89-095 Civ. (D. Alaska), *In re Synthetic Stucco Litigation*, Civ. Action No. 5:96-CV-287-BR(2)(E.D.N.C.) and *In re Swanson Creek Oil Spill Litigation*, No. 00-1429 (D.Md). I was co-lead counsel in the Entran II product liability litigation (*Galanti v. Goodyear Tire & Rubber Co.,* No. 03-CV-209, D.N.J.) and was a chief negotiator of the settlement in that action, which resulted in a settlement in excess of $250 million for property owners nationwide

In addition, my co-counsel have the following experience and resources, which I expect to draw upon in my efforts. Bingham McHale is an Indianapolis, Indiana law firm with more than 100 attorneys. The firm's litigation department has more than 50 attorneys, supported by seven paralegals and an Information Services Department with six full-time employees. Bingham McHale, which litigates in state and federal courts nationwide, has experience in complex litigation, including class actions. Two

of the firm's partners, who are involved in this litigation, David Campbell and David Tittle, are fellows in the American College of Trial Lawyers.

Lewis & Roberts PLLC is one of the largest North Carolina law firms dedicated exclusively to representing clients in litigation. The firm's Civil Litigation Group handles complex civil cases, with significant experience in construction defects, class actions, business torts, abusive tax shelter litigation, medical malpractice, nursing home abuse and neglect, products liability and wrongful death law. The lawyers in the firm's Civil Litigation Group primarily represent property owners, consumers, minority shareholders and injury victims and their families. The firm has offices in Raleigh and Charlotte, North Carolina as well as Fairfax, Virginia. Lewis & Roberts, PLLC has been involved with numerous class actions in North Carolina, including *In re Maytag Corp., Neptune Washer Prod. Liab. Litig.; Lienhart, et al. v. Dryvit Systems, Inc.*, No. 5:99-CV-470-BR(2), (E.D.N.C.); and *Skirzenski, et al. v. Finestone Corp.*, No. 00-CVS-5033, (N.C. Sup.Ct.).

Peirce, Raimond & Coulter is a law firm dedicated to the protection and preservation of the rights of the injured and victimized. For more than two decades the firm has served the residents of Western Pennsylvania and West Virginia in efforts to secure benefits for the disabled and compensation for those who've been injured in accidents or as a result of malpractice or negligence. In addition, the firm has represented railroad workers from Pennsylvania to Tennessee, from New York to Florida in their fight for compensation for injuries resulting from asbestos and chemical exposure and the performance of repetitive tasks that can cause cumulative trauma disorders.

Dated: Washington, D.C.
March 25, 2005

Respectfully Submitted:

*/s/ Gary E. Mason / mcd w/permission*
Gary E. Mason
THE MASON LAW FIRM, P.C.
1225 19th Street, N.W., Suite 500
Washington, D.C. 20036
Phone (202) 429-2290
Fax (202) 429-2294