Case 2:05-md-01657-EEF-DEK   Document 237   Filed 04/04/05   Page 1 of 11

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  APR - 4 2005
LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE VIOXX PRODUCTS LIABILITY
LITIGATION

This filing applies to:

*Cavalier Homes, Inc., individually and on behalf of all others similarly situated, v. Merck & Co., Inc.*, No. 04 C 6383 (D.N.J.);

*Edward W. Wright, individually and on behalf of all others similarly situated, v. Merck & Co., Inc.*, No. CV04-3037 PHX-SRB (D. Ariz.);

*UFCW Local 1776 and Participating Employers Health and Welfare Fund and Painters District Council No. 30 Health and Welfare Fund et al., v. Merck & Co., Inc.*, No. 05 CV 0020 (E.D. Pa.);

*Teamsters Local 237 Retirees Benefit Fund et al, v. Merck & Co., Inc.*, No. 04 CV 09248 (S.D.N.Y.);

*Melvin Williams and Sharon Murphy, et al., v. Merck & Co., Inc.*, No. 05-50 MJR (S.D. Ill.);

*Christine Seitz, American Federation Of State, County And Municipal Employees, United Senior Action Of Indiana, Inc., and New York Statewide Senior Action Council, et al., v. Merck & Co., Inc.*, No. 05-0749 (E.D. La.); and

*Alex Cain, Bobbie Moss, and William Watkins, et al., v. Merck & Co., Inc., et al.*, No. 01-3441 (E.D.N.Y.).

Docket No. MDL 1657
Section: L

JUDGE FALLON
MAG. JUDGE KNOWLES

**PRICING CLASS ACTION PLAINTIFFS' SUPPLEMENT REGARDING STRUCTURAL PROTECTIONS FOR THE PUTATIVE CLASS IN THE PRICING CLASS ACTIONS**

## I. INTRODUCTION

The End Payor Plaintiffs do not have any objections to specific Applicants to Plaintiffs' Steering Committee. However, several of those Applications appear to seek, explicitly or implicitly, the appointment of a further layer of counsel over and above that set forth in the Pricing Class Action Plaintiffs' Suggested Agenda Items And Case Management Proposals For

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No _____

March 18, 2005 Initial Pretrial Conference ("End Payor Suggested Case Management Proposals").[1] For example, at least one Application notes that counsel agrees with the End Payor Suggested Case Management Proposals, including the suggested structural protections for the putative class, but requests that separate counsel be named for consumers and separate counsel for third party payors because "it is easy to envision instances when the interests of consumers will require separate and/or special attention or procedural safeguards." *See* Application of Gary Mason, at 2. However, no one has identified or explained to what instances they refer or to when such instances will arise. Accordingly, because it is sufficient to appoint Lead Counsel for the Pricing Class Actions to the Plaintiffs' Steering Committee at this stage of the litigation, we respectfully submit explanation and examples below.

## II.   COURTS GENERALLY APPOINT LEAD COUNSEL AT THE OUTSET OF PRICING CLASS ACTIONS TO CONDUCT ALL PROCEEDINGS WITH RESPECT TO BOTH CONSUMERS AND THIRD PARTY PAYORS

First, it is most common for Courts in Pricing Class Actions to appoint a single set of lead counsel for the putative Pricing Class,[2] which consists of both consumers and third party payors. *See, e.g., In re Neurontin Marketing and Sales Practices Litigation*, MDL 1629 (D. Mass.), Corrected Case Management Order dated December 16, 2004 (appointing Class Plaintiffs' Steering Committee Members to oversee putative class on behalf of class comprised of both consumers and third party payors), Exhibit 1; *In re Wellbutrin SR/Zyban Antitrust Litigation*, Master File No. 02-CV-4398 (E.D. Pa.), Case Management Order No. 1, dated October 29, 2002 (appointing Co-Lead Counsel on behalf of a class comprised of both consumers and third party payors), Exhibit 2; *In re Relafen Antitrust Litigation*, Master File No. 01-12239-WGY (D.

---

[1] In the End Payor Suggested Case Management Proposals, End Payor Plaintiffs sought the appointment of lead counsel for the putative End Payor Class to the Plaintiffs' Steering Committee ("PSC") separate from the attorneys appointed to the PSC that represent plaintiffs in personal injury or mass tort actions.

[2] In this case, the putative Pricing Litigation Class is comprised of more than 20,000 third party payors (which includes insurers, self-insured employers, Taft-Hartley Funds, and other employee prescription benefit plans) and about 20 million consumers who purchased Vioxx.

Mass.), Amended Case Management Order No. 1 dated July 17, 2002 (Regarding Certain Structural Matters) (appointing Co-Lead Counsel in the Consolidated End-Payor Purchaser Class Actions), Exhibit 3; *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL 1456 (D. Mass.), Case Management Order No. 1 dated June 14, 2002 (appointing Lead Counsel Committee and Chairs of Lead Counsel Committee to oversee putative class comprised of consumers, third party payors, and consumer advocacy associations), Exhibit 4; *In re Lupron® Marketing and Sales Practices Litigation*, MDL 1430 (D. Mass.), Case Management Order dated February 12, 2002 (appointing Plaintiffs' Class Co-Lead Counsel on behalf of putative class comprised of consumers, third party payors and consumer advocacy associations), Exhibit 5.

This is true because, for the vast majority of the litigation, the interests of consumers and third party payors are aligned. In this case, both third party payors and consumers paid for and seek relief in the form of the return of all or a substantial portion of the payments made for Vioxx by reason of defendant Merck's deceptive and misleading advertising campaign. Further, both assert remedies under various state statutes and common law, including, *inter alia*: (i) for violations of the New Jersey Consumer Fraud Act, *N.J. Stat. Ann. § § 56:8-1 et seq.* ("Consumer Fraud Act" or "CFA"), where Merck is domiciled, and other similar state consumer protection statutes; (ii) for breach of the implied warranty of merchantability under section 2-314 of the Uniform Commercial Code; and/or (iii) the common law of unjust enrichment and the remedy of rescission. Thus, as set forth in our March 11, 2005 submission, discovery for both consumers and third party payors will largely be the same.

Moreover, there will be no conflict in a unified Motion For Class Certification on behalf of all End Payors. Courts generally certify one class comprised of all End Payors for drugs, including both consumers and third party payors. *See, e.g., In re Brand Name Prescription*

*Drugs Antitrust Litig.*, MDL No. 997, 1994 LEXIS 16658 (N.D. Ill. Nov. 18, 1994) (certifying class comprised of "All person and entities in the United States who, at any time during the period from October 15, 1989, to the present, purchase or purchased prescription brand name drugs directly from any of the defendants . . ."); *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 332 (E.D. Mich. 2001) (certifying a class comprised of "All persons and entities who or which have paid and/or co-paid pharmacies in the Indirect Purchaser States for Cardizem CD and Cartia XT dispensed pursuant to doctors' prescriptions during the Conspiracy Class or Monopolization Periods."); *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 246 (D.Del. 2002) ("All consumers and Third Party Payors in the United States who purchased and/or paid all or part of the purchase price of Coumadin dispensed pursuant to prescriptions in the United States during the [Class Period]"); *In re Terazosin Antitrust Litig.*, 220 F.R.D. 672, 703 (S.D. Fla. 2004) ("All persons and entities who or which have at any time from October 15, 1995 to June 30, 2002 paid all or part of the purchase price of Hytrin or it's AB-rated generic bioequivelent other for resale…"); *In re Relafen Antitrust Litigation*, 221 F.R.D. 260, 288 (D. Mass. 2004) ("All person or entities who purchased Relafen or its generic alternatives in [various exemplar states] . . ."); *Marjorie Ferrell, et al. v. Wyeth-Ayerst Laboratories Inc.*, et al., C.A. No. 1-01-447, Order (S.D. Ohio June 30, 2004) ("All persons [in 14 specified states] who purchased or paid for Premarin at any time from March 24, 1999 to the present . . .").[3]

Accordingly, it is unnecessary to appoint a second layer of counsel to represent various subsets of the Pricing Litigation Class at the outset. If this Court were to start divvying up the

---

[3] *But see In re Lorazepam & Clorazepate Antiturst Litig.*, 205 F.R.D. 369, 400 (D.D.C. 2002) (certifying sub-classes comprised of "All natural person consumers within Plaintiff States where such a class action may be brought, not otherwise represented by the Plaintiff States as parens patriae, who purchased generic lorazapam and /or clorazepate sold in the United States [during the class period]" and "All Third Party Payors …that have reimbursed or otherwise paid, in whole or in part, for prescriptions of tablets of generic Lorazepam or generic Clorazepate filled during the [the Class Period] . . .").

putative class now, counsel could likely advocate for partition based on type of insurer (Taft-Hartley Funds, insurers, self-insured employers), and/or based on type of consumer (insured persons with flat co-pays, insured persons with percentage co-pays, and uninsured persons (sometimes called cash-payers)). However, not one of these alleged sub-groups has any conflict in the prosecution of the Pricing Class Actions, the manner in which the Pricing Class Actions are conducted, or the certification of a Class comprised of all End Payors. Moreover, appointment of different Lead Counsel for all subsets of the Pricing Litigation Class will not result in an efficient prosecution of the Pricing Class Actions. Instead, at this stage of the litigation, for purposes of prosecution of these Pricing Class Actions, appointment of counsel to the Plaintiffs' Steering Committee to represent the interests of all End Payors is sufficient.

### III. SEPARATE SUB-CLASSES OR SUB-CLASS COUNSEL IS PREMATURE UNTIL A COMMON FUND EXISTS FROM WHICH ALLOCATION TO CONSUMERS AND THIRD PARTY PAYORS MUST BE MADE.

Until a common fund exists, either through settlement or judgment, from which allocations among Class members must be made, no conflict exists among the Class (nor has Mr. Mason pointed out any otherwise). Once a common fund exists, Courts have affirmed the use of sub-class counsel to protect the interests, to the extent that they diverge, of third party payors and consumers. *See, e.g., In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533 (3d Cir. 2004) (affirming district court's decisions to grant class certification and approve settlement, and stating: "Moreover, we agree with the District Court that any potential for conflicts of interest between and among consumers and TPPs [third party payors] that may have arisen prior to and during the settlement negotiations were adequately represented by the presence of separate counsel for consumers and TPPs. The existence of separate counsel, as well as the operation of the Executive Committee, provided adequate "structural protections to assure that differently situated plaintiffs negotiate for their own unique interests.") (*citing Amchem*, 521 U.S. at 627-

28). However, it is premature to envisage conflicts that may or may not arise upon settlement negotiations or judgment at this stage of the proceedings.

## I.   CONCLUSION

Accordingly, as set forth above, structural assurances can be achieved through the appointment of Lead Counsel on behalf of the entire putative Pricing Class.

Dated: April 4, 2005

CAVALIER HOMES, INC., EDWARD W. WRIGHT, UFCW LOCAL 1776 AND PARTICIPATING EMPLOYERS HEALTH AND WELFARE FUND, PAINTERS DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, LOCAL 237 TEAMSTERS RETIREES BENEFIT FUND, LOCAL 237 TEAMSTERS-PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT HEALTH AND WELFARE TRUST FUND, LOCAL 237 TEAMSTERS-NORTH BABYLON SCHOOL DISTRICT HEALTH AND WELFARE TRUST FUND, LOCAL 237 TEAMSTERS-BRENTWOOD SCHOOL DISTRICT HEALTH AND WELFARE TRUST FUND, LOCAL 237 TEAMSTERS-SUFFOLK REGIONAL OFF-TRACK BETTING CORPORATION HEALTH AND WELFARE TRUST FUND, MELVIN WILLIAMS, SHARON MURPHY, CHRISTINE SEITZ, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, UNITED SENIOR ACTION OF INDIANA, INC., NEW YORK STATEWIDE SENIOR ACTION COUNCIL, AND LOUISIANA HEALTH SERVICE INDEMNITY COMPANY D/B/A BLUECROSS/BLUESHIELD OF LOUISIANA, ALEX CAIN, BOBBIE MOSS, WILLIAM WATKINS, SHEET METAL WORKS LOCAL NO. 20 WELFARE AND BENEFIT FUND, AND INDIANA ELECTRICAL WORKERS BENEFIT TRUST, PLAINTIFFS

By: _/s/ Thomas Sobol_
One of their attorneys

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Telephone: (617) 482-3700

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292

Elizabeth A. Fegan
Timothy A. Scott
HAGENS BERMAN SOBOL SHAPIRO LLP
60 W. Randolph, Suite 200
Chicago, IL 60601
Telephone: (312) 762-9235

Robert Carey
Stephanie Lynn Bozzo
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road
Suite 650
Phoenix, AZ 85016-4214

*Counsel for Plaintiffs Cavalier Homes, Inc., Edward W. Wright, Melvin Williams, Sharon Murphy, Christine Seitz, American Federation Of State, County And Municipal Employees, United Senior Action Of Indiana, Inc., and New York Statewide Senior Action Council*

Jeffrey L. Kodroff
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-6300

Garve Ivey, Jr.
Barry A. Ragsdale
IVEY & RAGSDALE
P.O. Box 1349
315 West 19th St.
Jasper, AL 35502-1349
Telephone: (205) 221-4644

Jonathon B. Lowe
LOWE MOBLEY & LOWE
P.O. Box 576
Haleyville, AL 35565-0576
Telephone: (205) 486-5296

*Counsel for Plaintiff Cavalier Homes, Inc.*

JoDee Favre
FAVRE LAW OFFICES
121 East Main Street
Belleville, IL 62220

*Counsel for Plaintiffs Melvin Williams and Sharon Murphy*

Barbara J. Hart
GOODKIND LABATON RUDOFF & SUCHAROW LLP
100 Park Avenue
New York, NY 10017
Telephone: (212) 907-0862

Nicholas E. Chimicles
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500

Burt Finkelstein
FINKELSTEIN, THOMPSON & LOUGHRAN
1050 30th Street, N.W.
Washington D.C. 20007
Telephone: (202) 337-8000

*Counsel for Local 237 Teamsters Retirees Benefit Fund, Local 237 Teamsters-Plainview-Old Bethpage Central School District Health and Welfare Trust Fund, Local 237 Teamsters-North Babylon School District Health and Welfare Trust Fund, Local 237 Teamsters-Brentwood School District Health and Welfare Trust Fund, and Local 237 Teamsters-Suffolk Regional Off-Track Betting Corporation Health and Welfare Trust Fund*

William Kane

Ellen Meriwether
MILLER FAUCHER AND CAFFERTY LLP
One Logan Square, Suite 1700
18th and Cherry Streets
Philadelphia, PA 19103
Telephone (215) 864-2800

Marvin A. Miller
Patrick Cafferty
Jennifer Sprengel
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street
Suite 3200
Chicago, Illinois 60602
Telephone (312) 782-4880

Gerard P. Egan
KENNEY LENNON & EGAN
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Telephone: (610) 940-9099

Joseph M. Burns
JACOBS, BURNS, ORLOVE, STANTON & HERNANDEZ
122 South Michigan
Suite 1720
Chicago, Illinois 60603
Telephone: (312) 372-1646

*Counsel for Plaintiffs UFCW Local 1776 and Participating Employers Health and Welfare Fund, Painters District Council No. 30 Health and Welfare Fund*

David Boies
BOIES, SCHILLER & FLEXNER LLP
80 Business Park Drive
Suite 110
Armonk, New York 10504

David A. Barrett
Nicholas A. Gravante, Jr.
Kenneth G. Walsh
George F. Sanderson III
BOIES, SCHILLER & FLEXNER LLP

570 Lexington Avenue, 16th Floor
New York, New York 10022

*Counsel for Alex Cain, Bobbie Moss, and William Watkins*

**SEE RECORD FOR**

**EXHIBITS**

**OR**

**ATTACHMENTS**

**NOT SCANNED**