UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 APR 11 AM 9: 27
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| MARY SMITH, BETTY SCHENE, CARL ALBERS, MAX LOFLIN, JERRY SETSER, JOANNA YOUNGE, and JOHN YOCUM,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCK & CO., INC., AMY SEPKO, SHERRY ALBERTS, ESI MAIL PHARMACY SERVICE, INC. d/b/a EXPRESS SCRIPTS, and JOHN and/or JANE DOES 1-100,<br><br>Defendants. | MDL 1657<br><br>Case No. 4:05-CV-110-ERW<br><br>EDLA CASE No. CA 05-1035 L<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT EXPRESS SCRIPTS, INC.'S
### MOTION TO DISMISS

Defendant Express Scripts, Inc. ("ESI"), by and through its undersigned counsel, moves this Court for its order dismissing Plaintiffs' Complaint as to this Defendant because of Plaintiffs' failure to file affidavits of merit pursuant to MO. REV. STAT. § 538.225. Plaintiffs filed their Original Complaint on December 30, 2004. As such, Plaintiffs' affidavits of merit were due on or before March 30, 2005.

WHEREFORE, for the reasons set forth herein and in the accompanying Memorandum in Support, Defendant Express Scripts, Inc. respectfully requests that this Court enter its Order dismissing Plaintiffs' claims against this Defendant, and for such other and further relief as the Court deems just and proper.

___ Fee____
X  Process____
___ Dktd____
___ CtRmDep____
___ Doc. No____

2019937.01                                1

Respectfully submitted,

HUSCH & EPPENBERGER, LLC


By: /s/ Catherine Hensler-Dickenson
    Catherine Hensler-Dickenson, #118919
    Timothy F. McCurdy, #118685
    190 Carondelet Plaza, Suite 600
    St. Louis, MO 63105
    Telephone: (314) 480-1500
    Facsimile: (314) 480-1505

**Attorneys for Defendant**
**Express Scripts, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of April, 2005 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

John G. Simon, Esq.
Todd S. Hageman, Esq.
Erich Vieth, Esq.
Simon, Lowe & Passanante, P.C.
701 Market Street, Suite 1150
St. Louis, MO 63101

James G. Onder, Esq.
James D. O'Leary, Esq.
Onder, Shelton, O'Leary & Peterson, LLC
1015 Locust Street, Suite 720
St. Louis, MO 63101

Robert T. Ebert, Jr., Esq.
Stephen G. Strauss, Esq.
Randy J. Soriano
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750

Norman C. Kleinberg, Esq.
Theodore V. H. Mayer, Esq.
Charles Avrith, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

                                                                 Catherine Hensler-Dickenson

**Motions**
4:05-cv-00110-ERW Smith et al v. Merck & Co., Inc. et al **CASE CLOSED on 03/28/2005**

## U.S. District Court

### Eastern District of Missouri (LIVE)

Notice of Electronic Filing

The following transaction was received from Hensler-Dickenson, Catherine M. entered on 4/4/2005 at 1:26 PM CDT and filed on 4/4/2005
**Case Name:**       Smith et al v. Merck & Co., Inc. et al
**Case Number:**   4:05-cv-110
**Filer:**                  ESI Mail Pharmacy Service, Inc.
**WARNING: CASE CLOSED on 03/28/2005**
**Document Number:** 35

**Docket Text:**
MOTION to Dismiss Case by Defendant ESI Mail Pharmacy Service, Inc.. (Hensler-Dickenson, Catherine)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1037221849 [Date=4/4/2005] [FileNumber=1036574-0]
[716e6f348e50e96c5eb616bff81e4440b0ce06c0485eaa746416a3b9176edaa4327f
f085a99a0b5ac3232005efb8205d05521aeb47f022e4dba6a6903c2d309c]]

**4:05-cv-110 Notice will be electronically mailed to:**

Robert T. Ebert , Jr     rtebert@bryancave.com,

Todd S. Hageman     thageman@spstl-law.com, flueker@spstl-law.com

Catherine M. Hensler-Dickenson     catherine.hensler@husch.com, katiehensler@aol.com

Timothy F. McCurdy     timothy.mccurdy@husch.com,

James D. O'Leary     oleary@onderlaw.com, mckinley@onderlaw.com

Randy J. Soriano     rjsoriano@bryancave.com,

Stephen G. Strauss     sgstrauss@bryancave.com, timothy.howard@bryancave.com

**4:05-cv-110 Notice will be delivered by other means to:**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY SMITH, BETTY SCHENE, CARL ALBERS, MAX LOFLIN, JERRY SETSER, JOANNA YOUNGE, and JOHN YOCUM, <br><br> Plaintiffs, <br><br> vs. <br><br> MERCK & CO., INC., AMY SEPKO, SHERRY ALBERTS, ESI MAIL PHARMACY SERVICE, INC. d/b/a EXPRESS SCRIPTS, and JOHN and/or JANE DOES 1-100, <br><br> Defendants. | Case No. 4:05-CV-110-ERW <br><br> EDLA 05-1035 L <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT EXPRESS SCRIPTS, INC.'S**
**<u>MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Defendant Express Scripts, Inc. ("ESI"), by and through its undersigned counsel, hereby submits the following Memorandum in Support of its Motion to Dismiss Plaintiffs' Complaint. In support of its Motion, ESI states:

<u>ARGUMENT</u>

Plaintiffs have joined the legions of persons throughout the country who have brought claims against the prescription drug manufacturing giant Merck & Co., Inc. ("Merck") for a wide variety of injuries allegedly sustained from their ingestion of Merck's prescription medication, Vioxx, which recently gained notoriety after Merck voluntarily withdrew it from the market. In a rather apparent effort to avoid federal court jurisdiction, Plaintiffs have cast a wide net and joined a number of pharmacies, including

ESI,[1] for merely filling prescriptions for Vioxx pursuant to facially valid physician's orders. Although pled under a variety of Counts, Plaintiffs' claims against the pharmacies essentially flow from an alleged failure to warn of the purported risks associated with Vioxx. Plaintiffs filed their Complaint on December 30, 2004. As such, Plaintiffs' affidavits of merit were due on or before March 30, 2005.

Section 538.225 requires that Plaintiff file an affidavit with the Court setting out that they have obtained the written opinion of a legally qualified healthcare provider stating that each defendant failed to use such care as a reasonably prudent and careful healthcare provider would have used under similar circumstances in the treatment of Plaintiffs and that such failure to use reasonable care caused or contributed to cause Plaintiffs' alleged damages. *MO. REV. STAT.* § 538.225. Section 538.225 requires that the affidavit be filed no later than ninety (90) days after the filing of Plaintiffs' Complaint. *MO. REV. STAT.* § 538.225.

Section 538.205(4) defines "health care provider" as:

> [A]ny physician, hospital, health maintenance organization, ambulatory surgical center, long-term care facility, dentist, registered or licensed practical nurse, optometrist, podiatrist, *pharmacist*, chiropractor, professional physical therapist, psychologist, physician-in-training, and *any other person or entity that provides health care services under the authority of a license or certificate*.

*MO. REV. STAT. § 538.205(4)* (emphasis added). Because ESI is a "health care provider" as defined by the statute, the requirements of Section 538.225 apply to Plaintiffs' cause of action against ESI.

---

[1] ESI is a pharmacy benefit manager and not a mail order or retail pharmacy. ESI's wholly owned subsidiary, Express Scripts Mail Pharmacy Service, Inc. ("ESI Mail Pharmacy") is a mail order pharmacy.

2019940.01                                    2

Plaintiffs' contention that ESI, a "pharmacy" and a "corporation," is not a "health care provider" under the statute is simply preposterous. The statute specifically includes "pharmacists" as well as "*any* other person *or entity* that provides health care services under the authority of a license or certificate." *Id.* (emphasis added). It is undisputed that ESI is an entity engaged in the practice of pharmacy which, under the plain terms of the statute, constitutes a health care service. Moreover, under Missouri law, a pharmacy may only provide health care services under the direction of a state licensed pharmacist. *R.S.Mo. § 338.010(2); State v. Shanks,* 71 S.W. 1065 (1903); *State v. Johnson,* 87 Mo.App. 420 (1901). The term "pharmacy" is defined as "any location where the practice of pharmacy occurs or such activities are offered or provided *by a pharmacist* or another acting under the supervision and authority of a pharmacist. . . ." *R.S.Mo. § 338.210* (emphasis added).

Moreover, it is well-established under Missouri law that professional corporations providing health care services through licensed practitioners are health care providers for the purposes of Chapter 538. *P.S. v. Psychiatric Coverage, LTD,* 887 S.W.2d 622, 627 (Mo.App. 1994) (citing *Mahoney v. Doerhoff Surgical Services, Inc.,* 807 S.W.2d 503, 505 (Mo. banc. 1991)). Thus, as in the case of hospitals, physicians' groups, dental offices, and all other related health care businesses, Missouri pharmacies are only able to provide health care services through properly licensed health care providers and are therefore subject to Missouri's laws governing same. Plaintiffs' suggestion that Missouri's Health Care Provider Statute applies to *pharmacists*, but not *pharmacies*, is illogical and contrary to the express language of the statute. Under Plaintiffs' flawed and misguided logic, a patient's claims against her physician for malpractice would be subject

to Missouri's Health Care Provider Statute, including the applicable statute of limitations, while her claims against that physician's practice group would not.

In fact, this very Court has held that pharmacies are health care providers for purposes of Missouri's Health Care Provider Statute. For example, in *Beuke v. Pharmacia & Upjohn Co.*, 2000 WL 34430453, *2 (E.D.Mo. 2000), the plaintiff argued that a pharmacy defendant was not fraudulently joined because Section 538.205(4)'s definition includes a "pharmacist" but not a "pharmacy." *Id.* Judge Jackson rejected this argument, stating that a pharmacy is a health care provider because it renders services to a patient in the ordinary course of a pharmacist's profession. *Id.* Judge Fleissig reached precisely the same conclusion in *Noles v. Hoffmann-LaRoche, Inc.*, Case No. 03:CV00081 (April 11, 2003), where the Court held that the pharmacy defendants were "health care providers" and as such could not be sued under a theory of strict products liability. *See April 11, 2003 Order, 5-8*, attached as Exhibit A. Because ESI is a health care provider as defined by Missouri statute, Plaintiffs were required to timely file affidavits of merit under Section 538.225.

Pursuant to Section 538.225, Plaintiffs' affidavits of merit were due on or before March 30, 2005. To date, Plaintiffs have neither filed their affidavits of merit against ESI, nor requested an extension of time to file the same. Plaintiffs' failure to file affidavits of merit within the time allowed under Section 538.225 warrants dismissal of their claims. *See Mullins v. Miller*, 796 S.W.2d 119 (Mo. App. E.D. 1990); *see also, Smith v. Planned Parenthood of the St. Louis Region*, 225 F.R.D. 233, 242 (E.D. Mo. 2004) (holding that Section 538.225 applies to federal diversity actions).

Therefore, Defendant ESI respectfully requests that this Court enter its Order dismissing Plaintiffs' claims against ESI, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

By: /s/ Catherine Hensler-Dickenson
    Catherine Hensler-Dickenson, #118919
    Timothy F. McCurdy, #118685
    190 Carondelet Plaza, Suite 600
    St. Louis, MO 63105
    Telephone: (314) 480-1500
    Facsimile: (314) 480-1505

**Attorneys for Defendant
Express Scripts, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of April, 2005 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

John G. Simon, Esq.
Todd S. Hageman, Esq.
Erich Vieth, Esq.
Simon, Lowe & Passanante, P.C.
701 Market Street, Suite 1150
St. Louis, MO 63101

James G. Onder, Esq.
James D. O'Leary, Esq.
Onder, Shelton, O'Leary & Peterson, LLC
1015 Locust Street, Suite 720
St. Louis, MO 63101

Robert T. Ebert, Jr., Esq.
Stephen G. Strauss, Esq.
Randy J. Soriano
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750

Norman C. Kleinberg, Esq.
Theodore V. H. Mayer, Esq.
Charles Avrith, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

_____Catherine Hensler-Dickenson_____

## Responses and Replies

4:05-cv-00110-ERW Smith et al v. Merck & Co., Inc. et al **CASE CLOSED on 03/28/2005**

### U.S. District Court

### Eastern District of Missouri (LIVE)

Notice of Electronic Filing

The following transaction was received from Hensler-Dickenson, Catherine entered on 4/4/2005 at 1:35 PM CDT and filed on 4/4/2005
**Case Name:**      Smith et al v. Merck & Co., Inc. et al
**Case Number:**    4:05-cv-110
**Filer:**          ESI Mail Pharmacy Service, Inc.
**WARNING: CASE CLOSED on 03/28/2005**
**Document Number:** 36

**Docket Text:**
MEMORANDUM in Support of Motion re [35] MOTION to Dismiss Case filed by Defendant ESI Mail Pharmacy Service, Inc.. (Attachments: # (1) Exhibit A)(Hensler-Dickenson, Catherine)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1037221849 [Date=4/4/2005] [FileNumber=1036593-0]
[118ffb601c5e2b3ad409ae4a9127cdd93bd687942be20b23f215ccdbf784ee22177e
9d2c13ce044b2d62a9e74c86c28a47172a2948155605328e3bd53a205d23]]
**Document description:** Exhibit A
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1037221849 [Date=4/4/2005] [FileNumber=1036593-1]
[0446e4e1d691ceb05e65476d0dd37dfce7747cc96f96cc8a7bc15c03669979915a35
0d947cc079c66e10ca97b933618df276395d5d40afc1ba85e40102689885]]

**4:05-cv-110 Notice will be electronically mailed to:**

Robert T. Ebert , Jr     rtebert@bryancave.com,

Todd S. Hageman      thageman@spstl-law.com, flueker@spstl-law.com

Catherine M. Hensler-Dickenson     catherine.hensler@husch.com, katiehensler@aol.com

Timothy F. McCurdy     timothy.mccurdy@husch.com,

James D. O'Leary     oleary@onderlaw.com, mckinley@onderlaw.com

Randy J. Soriano    rjsoriano@bryancave.com,

Stephen G. Strauss    sgstrauss@bryancave.com, timothy.howard@bryancave.com

**4:05-cv-110 Notice will be delivered by other means to:**