Case 2:05-md-01657-EEF-DEK   Document 254   Filed 04/08/05   Page 1 of 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF L

2005 APR -8  P 1:07

LORETTA G. WHYTE
CLERK

MARY SMITH, et al.,           )
                              )
         Plaintiff,           )
                              )   Cause No.: 05-1035 L (3)
v.                            )
                              )
MERCK & CO., INC., et al.     )
                              )
         Defendants.          )

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF EXPRESS SCRIPTS, INC. (ESI)

ESI has asked this Court to dismiss *all* claims against ESI because plaintiffs did not file affidavits of merit pursuant to Mo. Rev. Stat. §538.225. ESI's motion is not meritorious with regard to Plaintiffs' Merchandising Practices Act and Civil Conspiracy theories. ESI's arguments are arguably not meritorious with regard to any of the remaining theories.

Plaintiffs are maintaining claims against ESI under the following theories:

1. **Negligent Failure to Warn**
2. **Breach of Warranty**
3. **Merchandising Practices Act (§407.010 *et seq.*), and**
4. **Civil Conspiracy**[1]

According to the above-cited Missouri statute, an affidavit is required only for actions "against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services." §538.225 presents a multi-part test. In its *Memo in Support*, however, ESI fails to recognize that the statute only applies where a plaintiff seeks "damages for personal injury or death."

---

[1] Count III of the *Petition* raises a claim against ESI for strict liability. Plaintiffs acknowledge that such a theory is barred pursuant to *Budding v. SSM Healthcare Sys.*, 19 S.W.3d 678, 681 (Mo. 2000).

Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No._____

Count VIII of the Petition (which is directed toward ESI and other defendants) states a cause of action pursuant to Missouri's Merchandising Practices Act, §407.010 *et seq.* Even if this Court were to hold that Count VIII is based on the pharmacy's "rendering of or failure to render health care services," it does follow that plaintiffs are seeking "damages for personal injury or death." Rather, in Count VIII, the plaintiffs are seeking damages for out-of-pocket costs, and attorneys' fees (see paragraph 118 of the *Petition*). A review of Count VIII, the Merchandising Practices Act and §538.225 (regarding affidavits) makes it apparent that no affidavit is required with regard to Count VIII. Therefore, ESI's motion should be denied as to Count VIII.

Count XII (against ESI and other defendants) states a cause of action for civil conspiracy based upon the violations set forth in the various other Counts of the Petition, including the violations of Missouri's Merchandising Practices Act. For this reason, ESI's motion should also be denied as to Count XII.

Even if a pharmacy is generally a "health care provider," it does not necessarily follow that a pharmacy is *always acting in the capacity* of a health care provider.[2] For this reason, ESI's cited case of *Noles v. Hoffmann-LaRoche, Inc.* is not instructive.[3] In *this* case, Plaintiffs have not limited themselves to the theories raised in *Noles*. Nor does there appear to be any Missouri appellate case directly holding that §538.225 applies in cases where it is alleged that a pharmacy breached a warranty in selling a dangerous drug (Count VII) or negligently failed to warn of a drug's dangers (Count VI).

Plaintiffs are aware, however, that this Court might disagree with plaintiffs with regard to Counts VI and VII. That an affidavit has not been yet filed is not indicative of any intention of plaintiffs' to refrain from filing such an affidavit. The context of ESI's Motion is the following:

---

[2] *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 906 (Mo.App. E.D. 1996).
[3] See page 4 of ESI's *Memo in Support*.

a *Motion to Stay* has previously been filed in this case and a conditional transfer has already been ordered. Further, this is a case that raises a variety of potentially complicated theories with regard to ESI, and the law is not completely settled with regard to the applicability of §538.225 to each of the Counts raised by Plaintiffs against ESI.

Therefore, Plaintiffs hereby request that this Court, if this Court were to rule that §538.225 requires an affidavit to be filed in this case (with regard to ESI), grant Plaintiffs thirty days subsequent to the entry of such an order to file such affidavits.

For these reasons, Plaintiffs ask this Court to deny ESI's Motion. In the alternative, if this Court were to rule in ESI's favor with regard to any of the legal theories raised against ESI, Plaintiffs ask this Court for thirty additional days, from the date of such ruling, to file any such affidavits, for good cause shown pursuant to §538.225.4.

Respectfully Submitted,

**SIMON • PASSANANTE, P.C.**

By: _____
John G. Simon, E.D. Mo. #4371
Todd S. Hageman, E.D. Mo. #51801
701 Market, Suite 1150
St. Louis, Missouri 63101
(314) 241-2929
(314) 241-2029 (fax)

and

James G. Onder, E.D. Mo. #5369
James D. O'Leary, E.D. Mo. #66565
ONDER, SHELTON, O'LEARY
& PETERSON, LLC
1015 Locust, Suite 720
St. Louis, Missouri 63101
(314) 421-6565
(314) 421-4724 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via First Class U.S. Mail, postage prepaid, on this 7th day of April, 2005 to:

Dan H. Ball, Esq.
Robert T. Ebert, Jr., Esq.
Stephen G. Strauss, Esq.
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750

Norman C. Kleinberg, Esq.
Theodore V.H. Mayer, Esq.
Charles Avrith, Esq.
HIGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004

Catherine Hensler-Dickenson, Esq.
Timothy F. McCurdy, Esq.
HUSCH & EPPENBERGER, LLC
190 Caroldelet Plaza, Suite 600
St. Louis, Missouri  63105