FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 APR 14  PM 4:01
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                              )   MDL NO: 1657
    PRODUCTS LIABILITY LITIGATION  )
                                               )   SECTION: L
                                               )
                                             )   JUDGE FALLON
THIS DOCUMENT RELATES TO: DOCKET NUMBER )   MAG. JUDGE KNOWLES
05-1125 L(3)

## ANSWER AND AFFIRMATIVE DEFENSES

This Answer is filed on behalf of the incorrectly named Defendants Amerisource Corporation, Bergen Brunswig Drug Corporation, AmerisourceBergen f/k/a Amerisource Corporation and f/k/a Bergen Brunswig Drug Corporation.  Bergen Brunswig Drug Corporation was merged into Amerisource Corporation whose name has been changed to AmerisourceBergen Drug Corporation.  The incorrectly named Defendants in the caption will thus be referred to herein collectively as AmerisourceBergen Drug Corporation ("Amerisource Bergen") and for Answer to the Complaint says:

AmerisourceBergen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the introductory paragraph and therefore is unable to admit or deny same.  AmerisourceBergen denies each and every allegation contained in the second sentence of the introductory paragraph. AmerisourceBergen admits that Plaintiff purports to seek certain economic relief but denies that there is any factual or legal basis for such relief.

## ANSWER TO "STATEMENT OF THE PARTIES"

1.     AmerisourceBergen is without knowledge or information with which to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore is unable to admit or deny the same.

269312

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

2. The allegations of paragraph 2 of the Complaint are not directed to AmerisourceBergen and it believes that it need not respond to those allegations.

3. AmerisourceBergen admits that it is a Delaware Corporation with its principal place of business in Pennsylvania. With respect to the allegations of the second sentence of paragraph 3 of the Complaint AmerisourceBergen denies those allegations except that it admits that it is in the business of distributing pharmaceuticals including in the past, VIOXX. With respect to the allegations of the third sentence of paragraph 3 of the Complaint AmerisourceBergen admits that it may be served with process in this action through CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

4. The allegations of paragraph 4 of the Complaint are denied. Bergen Brunswig Drug Company, Inc. no longer exists by virtue of a merger into Amerisource Corporation whose name has now been changed to AmerisourceBergen Drug Corporation.

5. The allegations in paragraph 5 of the Complaint are denied as stated. AmerisourceBergen admits that AmerisourceBergen Drug Corporation is a Delaware Corporation with its principal place of business in Pennsylvania. The remaining allegation of paragraph 5 of the Complaint are denied, except that AmerisourceBergen admits that it is in the business of distributing pharmaceuticals and that it may be served with process through CT Corporation System in Knoxville, Tennessee.

6. The allegations of paragraph 6 of the Complaint are not addressed to AmerisourceBergen and it believes that it need not respond to those allegations.

7. Paragraph 7 of the Complaint does not contain allegations of fact and AmerisourceBergen believes that it need not respond to those allegations.

8.      The allegations of paragraph 8 of the Complaint are denied.

### ANSWER TO "STATEMENT OF THE FACTS"

9.      The allegations contained in paragraph 9 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, AmerisourceBergen denies the allegations contained in paragraph 9.

10.     The allegations contained in paragraph 10 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, AmerisourceBergen denies the allegations contained in paragraph 10.

11.     AmerisourceBergen is without sufficient knowledge or information with which to form a belief as to the truth of the allegations of the first sentence in paragraph 11 of the Complaint. With respect to the remaining allegations contained in paragraph 11 of the Complaint, AmerisourceBergen denies each and every such allegation.

12.     With respect to the allegations contained in the first sentence of paragraph 12 of the Complaint, AmerisourceBergen denies each and every such allegation except admits that VIOXX®, which belongs to a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAID"), helps reduce pain and inflammation by selectively inhibiting the cyclooxygenase 2 enzyme ("COX-2") and further admits that VIOXX® is the brand name for rofecoxib. With respect to the remaining allegations contained in paragraph 12 of the Complaint, AmerisourceBergen denies those allegations, except admits that AmerisourceBergen distributed VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses, subject to the information contained in the FDA-approved prescribing information.

13.     AmerisourceBergen denies each and every allegation contained in paragraph

13 of the Complaint.

## ANSWER TO "COUNT I"

14. With respect to the allegations contained in paragraph 14 of the Complaint, AmerisourceBergen repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 13 of this Answer with the same force and effect as though set forth here in full.

15. AmerisourceBergen denies each and every allegation contained in paragraph 15 of the Complaint.

16. AmerisourceBergen denies each and every allegation contained in paragraph 16 of the Complaint.

17. AmerisourceBergen denies each and every allegation contained in paragraph 17 of the Complaint.

18. AmerisourceBergen denies each and every allegation contained in paragraph 18 of the Complaint.

19. AmerisourceBergen denies each and every allegation contained in paragraph 19 of the Complaint.

20. AmerisourceBergen denies each and every allegation contained in paragraph 20 of the Complaint.

21. AmerisourceBergen denies each and every allegation contained in paragraph 21 of the Complaint.

## ANSWER TO "COUNT II"

22. With respect to the allegations contained in paragraph 22 of the Complaint, AmerisourceBergen repeats and re-alleges each and every admission, denial, averment,

and statement contained in paragraphs 1 through 21 of this Answer with the same force and effect as though set forth here in full.

23. The first sentence in paragraph 23 of the Complaint is a conclusion of law and therefore requires no responsive pleading. To the extent that an answer is deemed required, AmerisourceBergen denies each and every allegation contained in paragraph 23.

24. AmerisourceBergen denies each and every allegation contained in paragraph 24 of the Complaint.

25. AmerisourceBergen denies each and every allegation contained in paragraph 25 of the Complaint.

### ANSWER TO "COUNT III"

26. With respect to the allegations contained in paragraph 26 of the Complaint, AmerisourceBergen repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 25 of this Answer with the same force and effect as though set forth here in full.

27. AmerisourceBergen denies each and every allegation contained in Paragraph 27 of the Complaint.

28. AmerisourceBergen denies each and every allegation contained in paragraph 28 of the Complaint.

29. AmerisourceBergen denies each and every allegation contained in paragraph 29 of the Complaint.

30. AmerisourceBergen denies each and every allegation contained in paragraph 30 of the Complaint.

31. AmerisourceBergen denies each and every allegation contained in paragraph

31 of the Complaint.

### ANSWER TO "COUNT IV"

32. With respect to the allegations contained in paragraph 32 of the Complaint, AmerisourceBergen repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33. To the extent the allegations contained in paragraph 33 contain a conclusion of law, no responsive pleading is required. To the extent a responsive pleading may be deemed required, AmerisourceBergen denies each and every allegation contained in paragraph 33 of the Complaint.

34. AmerisourceBergen denies each and every allegation contained in paragraph 34 of the Complaint.

35. AmerisourceBergen denies each and every allegation contained in paragraph 35 of the Complaint.

36. AmerisourceBergen denies each and every allegation contained in paragraph 36 of the Complaint.

### ANSWER TO "COUNT V"

37. With respect to the allegations contained in paragraph 37 of the Complaint, AmerisourceBergen repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 36 of this Answer with the same force and effect as though set forth here in full.

38. AmerisourceBergen denies each and every allegation contained in paragraph 38 of the Complaint.

39. AmerisourceBergen denies each and every allegation contained in paragraph 39 of the Complaint

40. AmerisourceBergen denies each and every allegation contained in paragraph 40.

## ANSWER TO "DAMAGES"

41. AmerisourceBergen denies each and every allegation contained in paragraph 41 of the Complaint, except AmerisourceBergen admits Plaintiff seeks certain specified relief but denies that there is any legal or factual basis for the relief sought.

42. AmerisourceBergen denies each and every allegation contained in paragraph 42 of the Complaint.

43. AmerisourceBergen admits that Plaintiff requests a trial by jury. AmerisourceBergen likewise requests a trial by jury.

44. All allegations of the Complaint not heretofore explained, admitted or denied, are now denied as though each denial were set forth specifically herein.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to AmerisourceBergen in this matter. AmerisourceBergen therefore asserts said affirmative defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, AmerisourceBergen may withdraw any of these affirmative defenses as may be appropriate. Further, AmerisourceBergen reserves the right to amend its answer to assert additional defenses, cross-claims, counterclaims and other claims and defenses as discovery proceeds.  Further answering and by way of additional defense,

269312

AmerisourceBergen states as follows:

1. The Complaint fails to state a claim upon which relief may be granted as to AmerisourceBergen.

2. Each and every claim asserted or raised in the Complaint is barred by the applicable statue of limitations and is otherwise untimely.

3. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

4. If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other independent, intervening or superseding cause or causes over which AmerisourceBergen had no control.

5. To the extent that plaintiff asserts claims based on AmerisourceBergen's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

6. Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

7. Plaintiff's claims are barred in whole or in part by the First Amendment.

8. To the extent plaintiff asserts claims based upon an alleged failure by AmerisourceBergen to warn plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned-intermediary doctrine.

9. Plaintiff's claims are barred in whole or in part because the "directions or

warnings" as to the use of VIOXX® were adequate within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

10. If plaintiff has sustained injuries or losses as alleged in the Complaint, which is expressly denied, such injuries or losses were caused in whole or in part by the negligence of the allegedly injured plaintiff, and damages, if any, must be reduced proportionately or barred.

11. If plaintiff has sustained injuries or losses as alleged in the Complaint, which is expressly denied, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of AmerisourceBergen and over whom AmerisourceBergen had no control and for whom AmerisourceBergen may not be held accountable.

12. If plaintiff has sustained injuries or losses as alleged in the Complaint, which is expressly denied, such injuries or losses resulted from plaintiff's' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this defendant is not responsible.

13. Plaintiff's claims are barred in whole or in part because VIOXX® is a prescription medication which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) of Torts.

14. Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

15. To the extent that plaintiff relies upon any theory of breach of warranty, such

claims are also barred for lack of timely notice of breach and/or because the alleged warranties were disclaimed.

16.  The Complaint fails to state a claim for which relief may be granted for punitive damages or exemplary damages.

17.  To the extent that plaintiff seeks punitive or exemplary damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate AmerisourceBergen's state and federal constitutional rights.

18.  To the extent that plaintiff seeks punitive or exemplary damages for an alleged act or omission of AmerisourceBergen, no act or omission was intentional, malicious, fraudulent or reckless and, therefore, any award of punitive, exemplary, and/or treble damages is barred.

19.  Plaintiff's demand for punitive or exemplary damages is barred because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

20.  An award of punitive or exemplary damages without bifurcating the trial as to all alleged punitive damages would violate this defendant's due process rights under the United States Constitution, therefore AmerisourceBergen moves for bifurcation on the issue of punitive and/or exemplary, damages.

21.  Plaintiff's claims are barred in whole or in part because the product at issue was distributed in accordance with the state of the art at the time it was distributed, barring plaintiff's recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq*.

22.  If plaintiff has sustained injuries or losses as alleged in the Complaint, which

is expressly denied, upon information and belief, such injuries and losses were proximately caused by plaintiff's misuse or abuse of VIOXX® barring recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

23.    The product was neither defective nor unreasonably dangerous at the time it left the hands of AmerisourceBergen, thereby barring plaintiff's recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

24.    Plaintiff's Complaint fails to contain a statement of damages in violation of the Tennessee Products Liability Act, Tenn. Code Ann. § 29-28-107.

25.    Plaintiff's claims against AmerisourceBergen, a "seller" pursuant to the terms of the Tennessee's Product Liability Act are barred by the provisions of the Tennessee Product Liability Act, Tenn. Code Ann. §29-28-101 *et seq.*.

26.    To the extent plaintiff is seeking recovery for benefits he may be entitled to receive or has actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

27.    Any liability that might otherwise be imposed upon this defendant is subject to reduction or bar by the application of the doctrine of comparative fault.

28.    Plaintiff's claims are barred by their failure to prevent or mitigate the damages claimed.

29.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

30.    To the extent that plaintiff's reactions to the subject product were idiosyncratic reactions, AmerisourceBergen denies any liability.

31.    Inasmuch as the Complaint does not describe the alleged underlying claims

with sufficient particularity to enable AmerisourceBergen to determine all of its legal, contractual and equitable rights, AmerisourceBergen reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

32. AmerisourceBergen relies on all defenses asserted by any other defendant in this action.

33. AmerisourceBergen will rely on all defenses that may become available during discovery or trial.

WHEREFORE, AmerisourceBergen denies any and all liability to plaintiffs, and respectfully demands judgment dismissing plaintiffs' Complaint with prejudice and awarding AmerisourceBergen its reasonable attorney's fees and costs, together with such other and further relief that the Court may deem just and proper.

### AMERISOURCEBERGEN'S JURY DEMAND

AmerisourceBergen hereby requests a trial by jury.

Respectfully submitted,

STEWART, ESTES & DONNELL

By: _____
Thomas M. Donnell, Jr., #3541
Financial Center, Suite 1401
424 Church Street
Nashville, TN 37219-2392
(615) 244-6538

Attorneys for AmerisourceBergen Drug Corporation

269312

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served via United States Mail, first class, postage pre-paid, to:

Bruce D. Fox, Esq.
1107 Charles Seivers Blvd.
One Centre Plaza
Clinton, TN 37716

James M. Doran, Jr., Esq.
Lela M. Hollabaugh, Esq.
Caroline Thomas Trost, Esq.
Waller Lansden Dortch & Davis, PLLC
511 Union Street, Suite 2700
Nashville, TN 37219

Russ M. Herman, Esq.
Liaison Counsel for Plaintiffs
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Ave., Suite 100
New Orleans, LA 70113

Phillip A. Wittmann, Esq.
Liaison Counsel for Defendants
Stone Pigman Walther Wittmann, LLC
546 Carondelet Street
New Orleans, LA 70130

this /2 day of April, 2005.

Thomas M. Donnell, Jr.