UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 MAY -6  PM 12: 45
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| IN RE VIOXX PRODUCTS LIABILITY LITIGATION ) ) ) | |
| This filing applies to: ) ) | Docket No.: MDL 1657 |
| MARY SMITH, BETTY SCHENE, CARL ALBERS, MAX LOFLIN, JERRY SETSER, JOANNA YOUNGE, and JOHN YOCUM, ) ) ) ) ) ) | MDL Case No: 05-1035 L (3) |
| Plaintiffs, ) ) ) | |
| vs. ) ) ) ) ) ) | Originally filed in the United States District Court for the Eastern District of Missouri, Case No. 4:05-CV-110-ERW |
| MERCK & CO., INC., AMY SEPKO, SHERRY ALBERTS, ESI MAIL PHARMACY SERVICE, INC. d/b/a EXPRESS SCRIPTS, and JOHN and/or JANE DOES 1-100, ) ) ) ) ) ) ) | |
| Defendants. ) ) | **JURY TRIAL DEMANDED** |

**DEFENDANT EXPRESS SCRIPTS MAIL PHARMACY SERVICES, INC.'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Plaintiffs' assertion that an affidavit of merit is not required in this action is simply false and contrary to the express mandates of section 538.225 R.S.Mo. Plaintiffs' claims for damages against Express Scripts Mail Pharmacy Services, Inc. ("ESI") undeniably arise out of the provision of health care services, regardless of Plaintiffs' artful characterizations of their claims. Therefore, Plaintiffs' claims are required to be supported by an affidavit of merit under Missouri Law.

2035190.01                                               1

EXHIBIT A

While it is true that a pharmacy may not "always be acting in the capacity of a health care provider" such that an affidavit of merit is not required, it is clear that the conduct complained of in this action centers around ESI's conduct as a health care provider, i.e. the filling of Plaintiffs' prescriptions pursuant to facially valid orders from Plaintiffs' prescribing physicians. The facts of the present case are wholly inapposite to those involved in the case cited by Plaintiffs, *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 906 (Mo. App. 1996). *Morrison* involved a *trip and fall action* and in no way centered on the provision of health care services. *Id.* Here, Plaintiffs' claims directly involve ESI's filling of their prescriptions for Vioxx, and thus arise out of the provision of health care services.

Plaintiffs incorrectly argue that section 538.225 does not apply to their Merchandising Practices Act claim (Count VIII) because under this claim they are not seeking "damages for personal injury or death." Plaintiffs' Opposition fails to acknowledge that Missouri courts have addressed this precise phrase of the statute and held that section 538.225 applies when the plaintiff seeks damages, as opposed to injunctive relief, and the gravamen of their claims arise from the defendant's role as a health care provider. *Jacobs v. Wolff*, 829 S.W.2d 470, 472 (Mo. App. E.D. 1992).

In *Jacobs*, plaintiff filed a multiple count petition naming a doctor and nurse as defendants. In Counts I-IV, plaintiff sought damages from the physician on theories of tortious interference with a contract, negligent infliction of emotional distress, negligence, and prima facie tort. *Id.* In Count IV, the plaintiff sought damages from the nurse on a negligence theory. *Id.* In Count V plaintiff sought injunctive relief against the

2035190.01

2

doctor. *Id.* The Missouri Court of Appeals for the Eastern District affirmed the trial court's dismissal of Counts I-IV and IX, the damage counts, holding:

> The legal question is whether the gravamen of plaintiff's claims for damages consists of claims against [the doctor and nurse] in their capacity as health care providers. Given the relationship of the parties and the true claim for damages related to wrongful acts of a health care provider, we find § 538.225 R. S. Mo. applies regardless of the characterization of the claims by plaintiff.

*Id.* The Court went on to conclude that because the plaintiff's causes of action were related to defendants' provision of health care services to the plaintiff, the filing of an affidavit under § 538.225 was mandated. *Id.* In the present case, because Plaintiffs are seeking *damages*, not *injunctive* relief, and because their claims against ESI arise solely out of ESI's role as a health care provider, Plaintiffs are required to file an affidavit of merit pursuant to controlling Missouri Law.

Plaintiffs also argue that an affidavit of merit is not required to support their claims of breach of warranty or negligent failure to warn. In support of this argument, Plaintiffs make the rather unconvincing assertion that an affidavit of merit is not required because of the lack of Missouri case law addressing the issue.

> Nor does there appear to be any Missouri appellate cases directly holding that § 538.225 applies in cases where it is alleged that a pharmacy breached a warranty in selling a dangerous drug (Count VII) or negligently failed to warn of a drug's dangers (Count VI).

*Opposition*, 2. Plaintiffs' circular logic ignores the fact, as has been outlined in ESI's February 18, 2005 Motion to Dismiss for Failure to State a Claim, *that these causes of actions are not recognized against pharmacies*. Therefore, it is not surprising that

Plaintiffs were unable to find case law requiring affidavits of merit for claims that are not recognized in Missouri.

Section 538.225 allows for an extension of time to file the affidavit of merit only upon a showing of good cause. *Mo. Rev. Stat. § 538.225(4)*. The fact that a Motion to Stay had been filed, but not ruled on, provides no basis for delay in filing the affidavit of merit. Similarly, the fact that this case "raises a variety of potentially complicated theories" does not provide Plaintiffs with a valid excuse for their failure to timely file the statutorily required affidavit of merit. In fact, had Plaintiffs actually bothered to have a qualified expert in the area of pharmacy review their claims *prior* to filing suit, as was intended by the statute, they would have been apprised of the fact that ESI's filling of these prescriptions, pursuant to facially valid physician's orders, in no way violated any applicable standard of care. Instead, Plaintiffs filed their array of baseless claims against ESI in a desperate attempt to defeat diversity without making *any* effort to ascertain from a qualified expert whether the conduct alleged against ESI actually violated the applicable standard of care.

## Conclusion

Defendant ESI respectfully requests that this Court enter its Order dismissing Plaintiffs' claims against ESI because Plaintiffs have failed to timely file affidavits of merit in accordance with Section 538.225 R.S.Mo., deny Plaintiffs' request for additional time to file their affidavits of merit, and for such other and further relief as the Court deems just.

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

By: _____
Catherine Hensler-Dickenson, #118919
Timothy F. McCurdy, #118685
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

**Attorneys for Defendant**
**ESI Mail Pharmacy Service, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of April, 2005 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and via U.S. Mail upon the following:

John G. Simon, Esq.
Todd S. Hageman, Esq.
Erich Vieth, Esq.
Simon, Lowe & Passanante, P.C.
701 Market Street, Suite 1150
St. Louis, MO 63101

James G. Onder, Esq.
James D. O'Leary, Esq.
Onder, Shelton, O'Leary & Peterson, LLC
1015 Locust Street, Suite 720
St. Louis, MO 63101

Robert T. Ebert, Jr., Esq.
Stephen G. Strauss, Esq.
Randy J. Soriano
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750

Norman C. Kleinberg, Esq.
Theodore V. H. Mayer, Esq.
Charles Avrith, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004