FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 12  PM 4: 04

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * *

## DEFENDANT MERCK'S SUPPLEMENTAL SUBMISSION REGARDING COMMUNICATIONS WITH PLAINTIFFS' HEALTHCARE PROVIDERS

Plaintiffs' submission regarding communications with healthcare providers improperly suggests that the Court should simply bar all such contacts because: (1) the recently enacted Class Action Fairness Act supports application of one state's laws to all the constituent actions; (2) HIPAA prohibits ex parte contacts with physicians in these matters; and (3) two decisions by New Jersey courts did not allow such contacts. Merck respectfully submits this brief response to address why each of these arguments is wrong.

*First*, in support of their argument that this Court should ignore the varying state laws governing contacts with healthcare providers, plaintiffs suggest that "in order to effectuate the intent and spirit" of the recently enacted Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA"), MDL transferee courts

___ Fee_____
___ Process____
_X_ Dktd_____
_V_ CtRmDep___ 772157v.1
___ Doc. No____

must "utilize the application of unitary law." (Pl. Br. at 2.) In reality, to the extent that CAFA has any relevance here, it cuts the other way.

A primary reason why Congress enacted CAFA, which basically expands diversity jurisdiction over certain categories of class action lawsuits, was to address growing concerns that some state courts were ignoring variations in state law. *See* THE CLASS ACTION FAIRNESS ACT OF 2005, S. REP. NO. 109-14, at 64. The legislative history is clear that CAFA "does not change the application of the Erie Doctrine, which requires federal courts to apply the substantive law dictated by applicable choice-of-law principles in actions arising under diversity jurisdiction." *See id.* at 49. Indeed, Congress specifically rejected several amendments to the bill (offered by opponents) that would have required federal courts to take the "unitary law" approach suggested by plaintiffs. *See, e.g.*, 151 CONG. REC. S1184 (daily ed. Feb. 9, 2005) (rejecting amendment to CAFA that would have, *inter alia*, required federal district court judges to disregard established choice-of-law rules in class certification decisions).

***Second***, HIPAA does not prohibit *ex parte* interviews with treating physicians. It merely requires that any such interviews be undertaken in compliance with its requirements, compliance that may be achieved in several ways. First, it is beyond dispute that disclosure is permissible if the patient has executed a HIPAA-compliant authorization. *See* 45 C.F.R. § 164.502(a)(1)(iv). Plaintiffs who place their medical condition at issue in a lawsuit should not be able to hide behind HIPAA, permitting their own counsel free access to their treating healthcare provider, while denying defendants the same opportunity by withholding authorization. The

mischief such an inequity can create was explained in detail in Merck's initial submission. Thus, one option is for the Court to compel plaintiffs to execute HIPAA-compliant authorizations in these cases. The Act's implementing regulations expressly contemplate that a Court may order a healthcare provider to disclose protected health information, 45 C.F.R. § 164.512(e)(1)(i), and there is no relevant difference between directly ordering the physician to disclose and ordering plaintiff to authorize the physician to disclose. *Cf. Doe v. Eli Lilly & Co.*, 99 F.R.D. 126 (D.D.C. 1983) (court has authority to compel plaintiffs to execute appropriate authorization to communicate with treating physician).

Another approach would be to follow *Bayne v. Provost*, 359 F. Supp. 2d 234 (N.D.N.Y. 2005), which determined that *ex parte* interviews comply with HIPAA so long as an appropriate protective order has been entered. As *Bayne* noted, "[t]o shield [the healthcare provider] from a proper *ex parte* interview by the Defendants, by virtue of standing on the strict interpretation of HIPAA as precluding such types of interviews, would be tantamount to denying the Defendants of their right to the effective assistance of counsel." *Id.* at 242. *See also In re PPA Litig.*, 372 N.J. Super. 105 (2003) (finding that state law and HIPAA permit *ex parte* interviews so long as specific procedures are followed). Regardless whether the Court opts to compel patient authorizations or to enter protective orders, the relevant point is that *ex parte* interviews can be conducted consistent with the requirements of HIPAA. The parties can work with the Court to prepare the necessary documents at the appropriate time.

772157v.1

*Third*, plaintiffs mischaracterize the New Jersey court's holding in *In re PPA Litig.*, 372 N.J. Super. 105 (2003). (*See* Pl. Br. at 4-5.) Although the court in that case did prohibit informal *ex parte* interviews because of the logistical issues raised by the administration of such a process, the critical fact relevant to the court's conclusion was that trial in the multiple cases at issue was imminent – only one-and-a-half months away. *Id.* at 133. The court explicitly acknowledged that, "[w]ere this a new mass tort, this court could alter the old discovery process, for example, to hold hearings regarding the 'related' medical disciplines necessary and provide the appropriate 'qualified protective order' afforded under 45 C.F.R. § 164.512." *Id.* The court further advised that its ruling did not imply that informal discovery was generally inappropriate in mass tort cases, only that "special hearings early during case management for the design of HIPAA-compliant authorization forms may become the custom." *Id.* at 136.

There is no similar urgency in these proceedings that would counsel against establishing procedures for conducting informal, *ex parte* interviews. (*See* Pl. Br. at 3, n.1 ("this MDL is still in its nascent stage").) Nor is there anything inherent in the nature of these VIOXX cases that should preclude an effort to resolve now any administrative difficulties involved in allowing such interviews. Notably, other courts handling VIOXX cases have permitted such contact. *See Cook v. Merck & Co., Inc.*, C.A. No. CV 02-RRA-2710-S (N.D. Ala. June 4, 2004) ("Counsel for all parties are granted the right to inspect and copy all hospital and medical records relating to the medical care, treatment, diagnosis, condition, and history of the plaintiff, together with the right to interview, in person or otherwise, all physicians, administrators, and other

personnel in connection therewith.") (Order attached as Ex. A); *Dorriety v. Merck & Co., Inc.*, No. CV03-CO-01479-W (N.D. Ala. Aug. 18, 2003) (same) (Order attached as Ex. B).

## Conclusion

As set forth in Merck's initial briefing, there is no basis for an across-the-board ban on defendant contacts with plaintiffs' healthcare providers in these matters. Accordingly, the Court should deny plaintiffs' request. In the alternative, Merck asks that the Court prohibit *all* counsel (or any persons working at their direction) from having informal, *ex parte* contact with plaintiffs' healthcare providers unless they first provide notice and an opportunity to be present to counsel for all opposing parties.

Respectfully submitted,

*Phil Wittmann*

Phillip A. Wittmann, 13625
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Defendant Merck's Supplemental Submission Regarding Communications With Plaintiffs' Healthcare Providers has been served upon Liaison Counsel, Russ Herman and Phillip Wittmann, by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 12th day of May, 2005.

*Phil Wittmann*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
JUN -4 PH 3:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| WILLIAM COOK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MERCK & CO., INC. et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. CV 02-RRA-2710-S<br><br>ENTERED<br>JUN 4 2004 |

## AMENDED SCHEDULING ORDER

This Order supersedes any prior Order and governs further proceedings in this action unless modified for good cause shown.

    I.    **Pleadings and Parties**: No causes of action, defenses, or parties may be added after **May 30, 2003**, by plaintiff nor after **June 30, 2003**, by defendant(s).

    II.    **Dispositive Motions**: All potentially dispositive motions must be filed by **October 18, 2004**, or within 30 days of the date of any order denying the plaintiff's motion to remand, whichever is later.

    **NOTICE TO ATTORNEYS**:

> *Any motion(s) for summary judgment filed in this action shall be governed by the provisions of Exhibit "A," attached hereto and made a part hereof as if fully set out herein.*

    III.    **Expert Testimony**: Unless modified by stipulation of the parties, the disclosure of expert witnesses – including a complete report under *Federal Rules of Civil Procedure* 26(a)(2)(B) from any specially retained or employed expert – are due:

> From plaintiff: by **March 19, 2004, and shall make available his experts for deposition by July 30, 2004.**

> From defendant(s): by **August 16, 2004, and shall make available their experts for deposition by September 30, 2004.**

39



EXHIBIT A

IV. **Discovery Limitations and Cutoff**:

    a.    Unless modified by stipulation of the parties:

        Depositions:    Max. **20** per side
        Interrogatories:    Max. **40** by any party directed to any party
        Doc. Requests:    Max. **40** by any party directed to any party
        Rule 36 Req.:    Max. **40** by any party directed to any party.

    b.    Unless modified by court order for good cause shown:

**Supplementation:**    Supplementation of disclosures and discovery under *Federal Rule of Civil Procedure* 26(e) due by **30 days thereafter**.

**Deadline:**    All fact discovery must be commenced in time to be completed by **March 19, 2004**.

V. **Additional Conferences**:    to be scheduled **45 days prior to trial**.

VI. **Final Lists**: Lists of trial witnesses, exhibits, and objections under *Federal Rules of Civil Procedure* 26(a)(3) must be served and filed as follows:

        **Witnesses:**    by **30 days prior to trial**
        **Exhibits:**    by **30 days prior to trial**
        **Objections:**    within **ten (10) days after receiving list**.

VII. **Trial**: The parties shall be ready for trial to be scheduled after **December 13, 2004**.

VIII. **Additional Orders**:

    **Motion(s) of Counsel to Withdraw**: A motion to withdraw must include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to file an objection with the court within ten (10) calendar days of the date of notification.

    **Submissions on Computer Disk**: For any filings or submissions of five (5) pages or longer, in addition to the paper copy, the court requests that it be provided with a computer disk version, submitted to the court in chambers, recorded on a three and one-half inch floppy disk, formatted in any version of WordPerfect for Windows.[1]

---

[1] This does NOT include documents that are not created on a computer or word processor, such as photocopies of documentary evidence.

2

**Marking of Exhibits**: Each party that anticipates offering as substantive evidence as many as six (6) exhibits shall pre-mark its exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. By the time of trial, a copy of the exhibit list shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial will not ordinarily be interrupted for opposing counsel to examine a document that has been so marked and made available for inspection.

**Medical Authorization**: Counsel for all parties are granted the right to inspect and

**Marking of Exhibits**: Each party that anticipates offering as substantive evidence as many as six (6) exhibits shall pre-mark its exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. By the time of trial, a copy of the exhibit list shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial will not ordinarily be interrupted for opposing counsel to examine a document that has been so marked and made available for inspection.

**Medical Authorization**: Counsel for all parties are granted the right to inspect and copy all hospital and medical records relating to the medical care, treatment, diagnosis, condition, and history of the plaintiff, together with the right to interview, in person or otherwise, all physicians, administrators, and other personnel in connection therewith. A copy of this order shall constitute sufficient authority for such inspection, copying, or interview. A party claiming damages for his or her own personal injuries shall submit, if requested by counsel for an opposing party, to a medical examination by a physician selected by, and compensated by, such opposing party; but counsel for the injured party shall be furnished with a copy of any reports of such examination and may depose or interview the examining physician.

So ORDERED this 4 day of June, 2004.

Robert R. Armstrong, Jr.
United States Magistrate Judge

W0459954.WPD

3

```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
                     WESTERN DIVISION              03 AUG 18 PM 1:19
```

JUDITH DORRIETY,              ]                    DISTRICT COURT
                              ]                    N.D. OF ALABAMA
     Plaintiff(s),            ]
                              ]
vs.                           ]    CV03-CO-01479-W
                              ]
MERCK & CO., INC.,            ]                    ENTERED
                              ]
     Defendant(s).            ]                    AUG 18 2003

> **NOTICE**
> This order contains specific mandatory time limits governing all future proceedings in this action. Parties and counsel are expected to abide by these limits and the court will not modify the limits except for good cause.

### SCHEDULING ORDER   (New Rules)

This order is entered under Fed. R. Civ. P. 16(b) based on the parties report of planning meeting.

1.  **Pleadings:** No causes of action may be added by plaintiff(s) after 10/1/2003. No defenses or claims may be added by defendant(s) after 11/3/2003.

2.  **Parties:** No parties may be added by plaintiff(s) after 10/1/2003. No parties may be added by defendant(s) after 11/3/2003.

3.  **Mediation:** The Court will enter a mediation order on 12/15/2003, unless the parties notify the Court in advance that mediation will not be helpful. A short letter or call to chambers is all that is necessary to prevent entry of the mediation order.

4.  **Dispositive Motions:** All potentially dispositive motions must be filed by 6/11/2004.

5.  **Expert Testimony:** Unless modified by order of the court, the disclosures of expert witnesses--including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert--are due.
    From plaintiff(s): by 2/20/2004
    From defendants(s): by 4/21/2004

08/18/2003 MON 14:13  [TX/RX NO 9443] ☑002

EXHIBIT B

> **NOTICE**
> This standard order has recently been changed to include a requirement that the parties submit a joint status report at the close of discovery.

6. Discovery limitations and cutoffs:
    (a) Unless modified by order of the court:

Depositions:   Max. 10 by plaintiff(s); Max. 10 by defendant(s). Maximum of 07 hrs. per deposition.

Interrogatories:   Max. 40 by plaintiff(s), answer in 30 days.
                   Max. 40 by defendant(s), answer in 30 days.

Req. to Admit:  Max. 30 by plaintiff(s), answer in 30 days.
                Max. 30 by defendant(s), answer in 30 days.

Doc Requests:   Max. 40 by plaintiff(s), answer in 30 days.
                Max. 40 by defendant(s), answer in 30 days.

    (b) Unless modified by court order for good cause shown:

Supplementation:   Supplementation of disclosures and discovery under Fed. R. Civ. P. 26(e) due by 1/14/2004

Deadline:   All discovery must be commenced in time to be completed by 2/13/2004

7. JOINT STATUS REPORT:
    Deadline: 2/13/2004
    On or before the close of discovery, the parties shall submit a JOINT STATUS REPORT including: (a) A narrative statement of the case, which briefly summarizes the case without using "color" words or argument; (b) the undisputed material facts for which there is no reasonable basis for disagreement, set out in separately numbered paragraphs; (c) each plaintiff's claims, including each legal theory relied upon and the factual allegations he/she expects to prove in support of each legal theory; (d) for each claim against him, each defendant's legal theory, including the factual allegations he/she expects prove in support of each such legal theory.
    The joint status report will be used in any subsequent summary judgment proceedings and shall be incorporated, in substantially unchanged form, in the final pretrial order.
    In setting out claims and defenses, vague, conclusory and general claims and allegations are not acceptable. In other words, <u>no weasel wording</u>. By this stage of the proceedings the parties

2

are expected to know what the claims and defenses are and must state precisely the issues expected to be tried. Each claim or defense must be set out in separately numbered paragraph, appropriately labeled. <u>Think common law pleading</u>. Under each claim or defense, the party shall list any citations to the major cases, statutes, etc. that support the legal theory.

Where practicable, the court would like to have a magnetic copy of the joint status report on disk in any common IBM compatible computer format.

    8.   Additional conference(s): to be scheduled on or after 10/1/2004

    9.   Final lists: Final lists of trial witnesses, exhibits, and objections under Fed. R. Civ. P. 26(a)(3) must be served and filed:

```
Witnesses  --plaintiff(s) by 10/15/2004
           --defendant(s) by 10/15/2004

Exhibits   --plaintiff(s) by 10/15/2004
           --defendant(s) by 10/15/2004
```

Objections are to be filed within 10 days after receipt of list(s).

    10.   Jury Trial: set for 11/15/2004 to be held in Tuscaloosa, Alabama.

    Marking of Exhibits. Each party that anticipates offering as substantive evidence as many as six (6) exhibits shall premark its exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. By the time of trial, a copy of the exhibit list shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial will not ordinarily be interrupted for opposing counsel to examine a document that has been so marked and made available for inspection.

Additional Instructions:

Counsel for all parties are granted the right to inspect and copy all hospital and medical records relating to the medical care, treatment, diagnosis, condition, and history of Judith Dorriety, together with the right to interview, in person or otherwise, all physicians, administrators, and other personnel in

connection therewith. A copy of this order shall constitute sufficient authority for such inspection, copying, or interview.

Done, this 18 of August, 2003.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

4