

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 16  PM 4:59

LORETTA G. WHYTE
     CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN ERNEST GREENWOOD    :
CAMPBELL, INDIVIDUALLY AND :
ON BEHALF OF HIS DECEASED   :
WIFE, DAISY CAMPBELL, AND   :
THEIR CHILDREN, CHARLES     :
GREENWOOD CAMPBELL, JOHN  :
ERNEST GREENWOOD CAMPBELL II, :
DAVID GREENWOOD CAMPBELL,   :
JUANITA GREENWOOD CAMPBELL, :
PATRICK GREENWOOD CAMPBELL, AND :
MARY GREENWOOD CAMPBELL HALEY :
                                          :    CIVIL ACTION NO. 05-1491
         Plaintiffs,              :
                                          :    JUDGE FALLON
VERSUS                            :
                                          :    MAGISTRATE KNOWLES
MERCK & CO., INC., and PFIZER, INC., :
                                          :
         Defendants.            :
                                          :

**ANSWER AND DEFENSES OF DEFENDANT PFIZER INC.
TO PLAINTIFFS' COMPLAINT, EXCLUDING THE FIRST, SECOND, THIRD,
FOURTH, SIXTH, AND SEVENTH CAUSES OF ACTION**

Defendant Pfizer Inc. ("Defendant" or "Pfizer") hereby answers Plaintiffs' Complaint in this action, excluding the Second, Fourth, Fifth, and Sixth Causes of Action, which are subject to a concurrently filed Motion to Dismiss, and states as follows:

**PRELIMINARY STATEMENT**

In December 1998, Celebrex® was approved, as labeled, by the United States Food and

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

1

Drug Administration ("FDA") as a prescription medication. Celebrex® is presently advertised, promoted, marketed, and distributed in the United States by Defendant or one of its subsidiaries to be prescribed by healthcare providers who are authorized by law to prescribe medications in accordance with their approval by the FDA. The Complaint does not state when Plaintiffs' decedent was prescribed or used Celebrex®, and, as such, this Answer can only be drafted generally and without reference to a specific period in time. Defendant reserves the right to amend this Answer when discovery reveals the time period in which Plaintiffs' decedent was prescribed and used Celebrex®.

To the extent any allegations in Plaintiffs' complaint refer to Vioxx® and/or Merck & Co., Inc., such allegations are not directed to Defendant and no answer is required of Defendant. To the extent an answer is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations and therefore deny the same.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiffs' Complaint.

**I.**

1. Answering Paragraph 1, Defendant denies that Celebrex® caused injury to Plaintiff and denies any wrongful conduct.

**II.**

**JURISDICTION AND VENUE**

2. Answering Paragraph 2, Defendant lacks sufficient knowledge and information as to facts concerning the citizenship of Plaintiff and the amount in controversy and therefore cannot admit or deny that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

3. Answering Paragraph 3, Defendant admits that at times it marketed, promoted, and distributed Celebrex® throughout the United States, including in Louisiana. Defendant lacks sufficient knowledge and information as to facts concerning Plaintiffs' decedent's alleged injuries or where Plaintiff's decedent allegedly obtained, purchased and used Celebrex® and therefore cannot admit or deny that venue is proper in this district pursuant to 28 U.S.C. § 1391. Except as admitted herein, Defendant denies the allegations of Paragraph 3.

## III.

## PARTIES

4. Answering Paragraph 4, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

5. Paragraph 5 makes no allegations against Defendant and as such requires no answer.

6. Answering Paragraph 6, Defendant admits that Pfizer is a Delaware corporation with its principal place of business in New York. Defendant further admits that it is authorized to do business in the state of Louisiana with a registered agent for service of process at the address alleged. Defendant denies that it committed a tort in the state of Louisiana. Except as admitted herein, Defendant denies the allegations of Paragraph 6.

## IV.

## FACTUAL ALLEGATIONS

7-18. Paragraphs 7-18 make no allegations against Defendant and as such require no answer.

19. Answering Paragraph 19, Defendant admits that it at times manufactured, marketed, labeled, promoted, distributed and sold Celebrex® throughout the United States. Except as admitted herein, Defendant denies the allegations of Paragraph 19.

20. Answering Paragraph 20, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies the same.

21. Answering Paragraph 21, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

22. Answering Paragraph 22, Defendant admits that at times it marketed, sold, tested, and distributed Celebrex® in the United States to be prescribed by healthcare providers who are authorized by law to prescribe medications in accordance with their approval by the FDA. Except as admitted herein, Defendant denies the allegations of Paragraph 22.

23. Answering Paragraph 23, Defendant admits that Celebrex® is a COX-2 inhibitor. Defendant states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; and (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g., endocscopic surveillance surgery). Except as admitted or stated herein, Defendant denies the allegations of Paragraph 23.

24. Answering Paragraph 24, Defendant admits that Celebrex® has not been withdrawn from the market. Defendant states that Celebrex® is safe and effective when used in

accordance with its FDA-approved prescribing information. Except as admitted or stated herein, Defendant denies the allegations of Paragraph 24.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that it materially breached its obligations to consumers and denies any wrongdoing.

26.     Answering Paragraph 26, Defendant denies that it made any express warranties about Celebrex® and denies that it made any warranties which might be implied by law to Plaintiff or others regarding Celebrex®. Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Defendant denies the allegations of Paragraph 26.

27.     Answering Paragraph 27, Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA approved prescribing information, which was at all times adequate and comported with applicable standard of care and law. Except as stated herein, Defendant denies the allegations of Paragraph 27.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that it failed to meet any applicable standards of care.

## V.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

29-36.  In response to Paragraphs 29 through 36, Defendant states that it has concurrently filed a Motion to Dismiss Plaintiff's First Cause of Action (Negligence).

## VI.

## SECOND CAUSE OF ACTION

## STRICT PRODUCT LIABILITY

37-44. In response to Paragraphs 37 through 44, Defendant states that it has concurrently filed a Motion to Dismiss Plaintiff's Second Cause of Action (Strict Product Liability).

## VII.

## THIRD CAUSE OF ACTION

## NEGLIGENCE PER SE

45-50. In response to Paragraphs 45 through 50, Defendant states that it has concurrently filed a Motion to Dismiss Plaintiff's Third Cause of Action (Negligence Per Se).

## VIII.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

51-55. In response to Paragraphs 51 through 55, Defendant states that it has concurrently filed a Motion to Dismiss Plaintiff's Fourth Cause of Action (Breach of Implied Warranty).

## IX.

## FIFTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

56. Answering Paragraph 56, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

57. Answering Paragraph 57 as it relates to Celebrex®, Defendant denies that it made any express warranties about Celebrex® and denies that it made any statements or representations to Plaintiff or others that might be implied by law as warranties regarding

Celebrex®. Defendant denies the remaining allegations in Paragraph 57 of Plaintiffs' Complaint.

58.     Answering Paragraph 58 as it relates to Celebrex®, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained in sentence one of Paragraph 58, and therefore denies the same. As to sentence two, Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Defendant denies the allegations of Paragraph 58.

59.     Paragraph 59 contains Plaintiffs' own legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

## X.

## SIXTH CAUSE OF ACTION

## FRAUD BY CONCEALMENT

60-64.  In response to Paragraphs 60 through 64, Defendant states that it has concurrently filed a Motion to Dismiss Plaintiff's Sixth Cause of Action (Fraud By Concealment).

## XI.

## SEVENTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

65-71.  In response to Paragraphs 65 through 71, Defendant states that it has concurrently filed a Motion to Dismiss Plaintiff's Seventh Cause of Action (Negligent Misrepresentation).

## XII.

## COUNT VIII -- DAMAGES

72.  Answering Paragraph 72, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein. Further answering Paragraph 72, Defendant denies that Celebrex® caused injury to Plaintiffs and denies that Plaintiffs are entitled to the requested relief.

## XIII.

## COUNT IX -- WRONGFUL DEATH

73.  Answering Paragraph 73 as it relates to Celebrex®, Defendant denies that Celebrex® caused injury to Plaintiffs. Further answering Paragraph 73, Defendant has insufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 73, and therefore denies the same.

74.  Answering Paragraph 74, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 74, and therefore denies the same. Additionally, Defendant denies that Plaintiffs are entitled to any of the relief requested in the unnumbered WHEREFORE clause following Paragraph 74.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant in this matter. Defendant therefore asserts the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendant will withdraw any of these defenses as may be appropriate.

## FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations or by the equitable doctrines of laches and estoppel.

## THIRD DEFENSE

Plaintiffs' decedent's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Defendant had no control or right to control and whose actions are not, therefore, imputable to Defendant.

## FOURTH DEFENSE

Plaintiffs' decedent's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs' decedent, Plaintiffs, or persons or parties whose identities are unknown at this time, which comparative negligence or fault is sufficient to proportionately reduce Plaintiffs' recovery or to bar it.

## FIFTH DEFENSE

Plaintiffs' decedent's injuries, if any, were due to an allergic, idiosyncratic or idiopathic reaction to Celebrex®, or by an unforeseeable illness, unavoidable accident, or pre-existing condition, without any negligence or culpable conduct by Defendant.

## SIXTH DEFENSE

Plaintiffs and/or Plaintiffs' decedent failed to exercise reasonable care and diligence to mitigate their injuries and damages, if any.

## SEVENTH DEFENSE

Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement

(Second) of Torts §402A, Comment k.

## EIGHTH DEFENSE

Celebrex® is safe when used as directed, and Defendant reasonably assumed that its warnings would be read and heeded; therefore, Celebrex® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts §402A, Comment j.

## NINTH DEFENSE

Celebrex® falls under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration and Plaintiff's claims have been preempted under the Supremacy Clause of the U.S. Constitution. Alternatively, Defendant is entitled to a presumption that Celebrex® is not defective or unreasonably dangerous and that its labeling is adequate.

## TENTH DEFENSE

Celebrex® and Defendant's actions conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Celebrex® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability §4.

## ELEVENTH DEFENSE

Defendant avers that Celebrex® possesses no characteristic which renders it unreasonably dangerous in a reasonably anticipated use by a person.

## TWELFTH DEFENSE

Defendant satisfied its duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

## THIRTEENTH DEFENSE

Defendant pleads the applicability and exclusivity of the Louisiana Products Liability Act, La. Rev. Stat. §9:2800.51 et seq., and specially avers that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## FOURTEENTH DEFENSE

Plaintiff's allegations of fraud, deceit, and fraudulent misrepresentations are not stated with the degree of particularity required by F.R.C.P. 9(b) and should be dismissed.

## FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore,* 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 123 S.Ct. 1513 (U.S. 2003), or the Louisiana Constitution, statutes and decisions of the Louisiana courts.

## JURY DEMAND

Defendant Pfizer Inc., demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Pfizer Inc. respectfully requests that this matter be dismissed with prejudice and that it be awarded its costs and any other relief to which it may be entitled.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

_____
QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
*Counsel for Defendant, Pfizer Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid on this 16th day of May, 2005.

_____