

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 16  PM 4: 59

LORETTA G. WHYTE
        CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JOHN ERNEST GREENWOOD  :
CAMPBELL, INDIVIDUALLY AND  :
ON BEHALF OF HIS DECEASED  :
WIFE, DAISY CAMPBELL, AND  :
THEIR CHILDREN, CHARLES  :
GREENWOOD CAMPBELL, JOHN  :
ERNEST GREENWOOD CAMPBELL II,  :
DAVID GREENWOOD CAMPBELL,  :
JUANITA GREENWOOD CAMPBELL,  :
PATRICK GREENWOOD CAMPBELL, AND :
MARY GREENWOOD CAMPBELL HALEY  :
:  :
:   CIVIL ACTION NO. 05-1491
      Plaintiffs,   :
:   JUDGE FALLON
VERSUS   :
:   MAGISTRATE KNOWLES
MERCK & CO., INC., and PFIZER, INC.,   :
:
      Defendants.   :
:

### DEFENDANT PFIZER, INC.'S MOTION TO DISMISS
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

NOW INTO COURT, through undersigned counsel, comes Defendant Pfizer Inc. ("Pfizer") and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the First Cause of Action (Negligence), the Second Cause of Action (Strict Products Liability), the Third Cause of Action (Negligence Per Se), the Fourth Cause of Action (Breach of Implied Warranty), the Sixth Cause of Action (Fraud by Concealment), and the

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

1

Seventh Cause of Action (Negligent Misrepresentation) of Plaintiffs' Complaint, on the following grounds:

1. The Louisiana Products Liability Act, La. R.S. §§ 9:2800.51-60 ("LPLA") "establishes the exclusive theories of liability for manufacturers for damages caused by their products." La. R.S. § 9:2800.52. Accordingly, Plaintiff may not recover from Pfizer for damage caused by its product on the basis of any theory of liability that is not set forth in the LPLA. *See, e.g., Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir. 2002).

2. The theories of liability set forth in the LPLA are: (1) defect in construction or composition; (2) defect in design; (3) inadequate warning; and (4) failure to comply with an express warranty. La. R.S. § 9:2800.54(B).

3. The Court should therefore dismiss the First, Second, Third, Fourth, Sixth, and Seventh Causes of Action, as set forth in paragraphs 29 through 71 of the Complaint, which seek recovery under theories of liability not permitted by the LPLA.

4. The Sixth Cause of Action, which is a claim based on fraud, should also be dismissed on the additional ground that it is not stated with particularity as required by Fed.R.Civ.P. 9(b).

5. The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law.

> Respectfully submitted,
>
> IRWIN FRITCHIE URQUHART & MOORE LLC
>
> _____
> QUENTIN F. URQUHART, JR. (#14475)
> JOHN W. SINNOTT (#23943)
> CAMALA E. CAPODICE (#29117)
> 400 Poydras Street, Suite 2700
> New Orleans, LA 70130
> Telephone: (504) 310-2100
> Facsimile: (504) 310-2101
> *Counsel for Defendant, Pfizer Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid on this 16th day of May, 2005.

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN ERNEST GREENWOOD CAMPBELL, INDIVIDUALLY AND ON BEHALF OF HIS DECEASED WIFE, DAISY CAMPBELL, AND THEIR CHILDREN, CHARLES GREENWOOD CAMPBELL, JOHN ERNEST GREENWOOD CAMPBELL II, DAVID GREENWOOD CAMPBELL, JUANITA GREENWOOD CAMPBELL, PATRICK GREENWOOD CAMPBELL, AND MARY GREENWOOD CAMPBELL HALEY :  :  :  :  :  :  :  :  :  :  :  : | |
| Plaintiffs,                                         : | CIVIL ACTION NO. 05-1491 |
| VERSUS                                              : | JUDGE FALLON |
| MERCK & CO., INC., and PFIZER, INC.,               : | MAGISTRATE KNOWLES |
| Defendants.                                         : | |

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT PFIZER INC.'S
MOTION TO DISMISS PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

Defendant Pfizer Inc. ("Pfizer"), submits this Memorandum of Law in support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.     INTRODUCTION

This product liability action was filed on April 21, 2005 by Plaintiffs John Ernest Greenwood Campbell, individually and on behalf of his deceased wife, Daisy Campbell,

1

and their children, Charles Greenwood Campbell, John Ernest Greenwood Campbell II, David Greenwood Campbell, Juanita Greenwood Campbell, Patrick Greenwood Campbell, and Mary Greenwood Campbell Haley. Plaintiffs allege Plaintiffs' decedent suffered injuries as a result of taking Vioxx® and Celebrex®. Pfizer is named as a Defendant in the Complaint as the alleged manufacturer of Celebrex®.[1]

In addition to the claim brought pursuant to the Louisiana Products Liability Act ("LPLA") (Compl. ¶¶ 56-59), Plaintiffs assert numerous other claims against Pfizer, including negligence, strict product liability, negligence per se, breach of implied warranty, fraud by concealment, and negligent misrepresentation. (Compl. ¶¶ 29-55; 60-71). All of these claims are based on the premise that Pfizer designed, manufactured, marketed, developed, tested, labeled, promoted, marketed, distributed, warranted, and sold Celebrex®. (Compl. ¶ 19).

## II.   ARGUMENT

The LPLA establishes four exclusive theories of recovery. Plaintiff's causes of action against Pfizer are limited to those expressly available under the LPLA, which does not allow Plaintiff to independently recover under the theories of negligence, strict product liability, negligence per se, breach of implied warranty, fraud by concealment, and negligent misrepresentation. Additionally, Plaintiffs' cause of action for fraud by concealment is not pleaded with the required particularity. Accordingly, the Court should dismiss these causes of action for failure to state a claim for which relief can be granted.

---

[1] In a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Omar v. Casterline* 288 F.Supp.2d 775, 777 (W.D.La. 2003). For the purposes of this Motion to Dismiss, Defendant does not dispute the factual allegations in the Complaint.

2

1.  **Standard of Review.**

Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate where "'the pleadings on their face reveal beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief,' or if 'an affirmative defense or other bar to relief appears on the face of the complaint.'" *Borskey v. Medtronics, Inc.*, No. 94-2302, 1998 WL 122602, at *3 (E.D.La. March 18, 1998) (dismissing numerous claims as outside scope of LPLA) *quoting Garrett v. Commonwealth Mortg. Corp. of Am.*, 938 F.2d 591, 594 (5th Cir. 1991). Because the exclusivity provision of the LPLA bars Plaintiffs' First, Second, Third, Fourth, Sixth, and Seventh Causes of Action of the Complaint, and the Sixth Cause of Action is not pleaded with particularity, these claims must be dismissed pursuant to Rule 12(b)(6).[2]

2.  **The First, Second, Third, Fourth, Sixth, and Seventh Causes of Action are barred by the exclusivity provision of the LPLA.**

Plaintiffs' claims for negligence, strict product liability, negligence per se, breach of implied warranty, fraud by concealment, and negligent misrepresentation are excluded by the LPLA. *See, e.g., Grenier v. Medical Engineering Corp.*, 99 F.Supp.2d 759, 761 (W.D. La 2000) ("The LPLA establishes the 'exclusive theories of liability for manufacturers for damage caused by their products.'") *quoting* La. R.S. 9:2800.52; *see also In Re: Propulsid Product Liability Litigation*, No 00-282, Consent Motion and Order to Dismiss (E.D. La. 2003)(dismissing claims for strict liability, strict products liability, negligence, negligence per se, fraudulent misrepresentation, breach of implied warranty, redhibition for personal injuries and violation of the Louisiana Food, Drug and Cosmetic

---

[2] Plaintiff's Complaint does not contain a Third Cause of Action.

Act). Plaintiff, therefore, may not recover from Pfizer for the alleged injuries caused by Celebrex® on the basis of any theory of liability that is not set forth in the LPLA. *Grenier*, 99 F.Supp.2d at 761. Accordingly, the causes of action in the Complaint that are not based on the LPLA must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

The LPLA is the exclusive theory of liability against Pfizer in this action. The only claims permitted against a manufacturer for injuries caused by an allegedly defective product are: (1) defect in construction or composition; (2) defect in design; (3) inadequate warning; and (4) failure to comply with an express warranty. La. R.S. 9:2800.54(B).

Courts routinely dismiss claims against manufacturers that do not arise under the theories of liability established in the LPLA. *See, e.g., Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir. 2002) (affirming dismissal of plaintiff's intentional tort claims); *Grenier*, 99 F.Supp.2d 759, 763 (W.D. La. 2000), *aff'd*, 243 F.3d 200 (5th Cir. 2001) (holding that plaintiff's claims for strict liability, negligence, breach of warranty of fitness for particular purpose, breach of implied warranty, misrepresentation/fraud, fraud by concealment, false advertising, negligent infliction of emotional distress, common plan to prevent public awareness of breast implant hazards, and future product failure were not cognizable under the LPLA); *Jefferson v. Lead Industries*, 106 F.3d 1245, 1251 (5th Cir. 1997) (affirming dismissal of plaintiff's claims of negligence, fraud by misrepresentation, market share liability, breach of implied warranty of fitness, and civil conspiracy due to exclusivity of the LPLA); *Brown v. R.J. Reynolds Tobacco Co.*, 852 F.Supp. 8, 9 (E.D. La. 1994), aff'd, 52 F.3d 524 (5th Cir.

4

1995) (dismissing plaintiff's claims for fraudulent misrepresentation, concealment, and conspiracy due to LPLA's exclusivity).

The following causes of action alleged in Plaintiff's Complaint must therefore be dismissed:

> First Cause of Action (negligence) – *Grenier, supra,* and *Jefferson, supra.*
>
> Second Cause of Action (strict product liability) – *Grenier, supra,* and *Lee v. Bayer Corp.*, No. 02-0753, 2002 WL 1058893 (E.D. La. May 24, 2002); *Lacey v. Bayer Corp.*, No. 02-1007, 2002 WL 1058890 (E.D. La. May 24, 2002); *Ingram v. Bayer Corp.*, No. 02-0352, 2002 WL 1163613 (E.D. La. May 30, 2002).
>
> Third Cause of Action (negligence per se) – *In Re: Propulsid, supra.*
>
> Fourth Cause of Action (breach of implied warranty) - *Grenier, supra,* and *Jefferson, supra.*
>
> Sixth Cause of Action (fraud by concealment) – *Brown, supra, Grenier, supra.*
>
> Seventh Cause of Action (negligent misrepresentation) – *In Re: Propulsid, supra.*

Accordingly, Plaintiffs' claims for negligence, strict product liability, negligence per se, breach of implied warranty, fraud by concealment, and negligent misrepresentation are "well outside the scope of the LPLA and must be dismissed" pursuant to Rule 12(b)(6) for failure to state a claim. *See Grenier*, 99 F.Supp. 2d at 763.

> 3. **The Sixth Cause of Action should also be dismissed on the additional ground that it is not stated with particularity as required by Fed.R.Civ.P. 9(b).**

The Sixth Cause of Action (fraud by concealment) is based in fraud and should be dismissed because it is not stated with particularity as required by Rule 9(b).

Fed.R.Civ.P. 9(b) ("[i]n all averments of fraud ... the circumstances constituting the fraud ... shall be stated with particularity.").

The basis for Plaintiffs' claim for fraud by concealment is that "[Defendant] willfully deceived plaintiff by concealing from the plaintiff and the general public, the true facts concerning the safety and side effects of ... Celebrex." (Comp. ¶ 61). Accordingly, the Sixth Causes of Action is based in fraud and must be stated with particularity pursuant to Rule 9(b).

Plaintiff, however, has not stated a fraud based Cause of Action with particularity. The Fifth Circuit has continuously held that pleading a fraud based cause of action with particularity requires stating the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what [that person] obtained thereby." *See generally Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994); *Tel-Phonic Services, Inc. v. TBS Int'l. Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992); *Keith v. Stoelting, Inc.*, 915 F.2d 996, 1000 (5th Cir.1990). Plaintiff's allegations of fraudulent conduct are conclusory are not sufficient to survive dismissal for failure to state a claim. *Smith v. Ayers*, 845 F.2d 1360, 1365 (5th Cir. 1988). Accordingly, in addition to being barred by the exclusivity provision of the LPLA, the Sixth Cause of Action is not stated with the particularity required by Rule 9(b) and must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

### III. CONCLUSION

WHEREFORE, the Defendant respectfully requests that this Court dismiss the following Causes of Action, set forth in Plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted:

(1)     The First, Second, Third, Fourth, Sixth, and Seventh Causes of Action, which are barred by the exclusivity provision of the LPLA; and

(2)     The Sixth Cause of Action, which is not stated with particularity as required by Federal Rule of Civil Procedure 9(b).

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

_____
QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
*Counsel for Defendant, Pfizer Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid on this 16th day of May, 2005.

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN ERNEST GREENWOOD          :
CAMPBELL, INDIVIDUALLY AND     :
ON BEHALF OF HIS DECEASED      :
WIFE, DAISY CAMPBELL, AND      :
THEIR CHILDREN, CHARLES        :
GREENWOOD CAMPBELL, JOHN       :
ERNEST GREENWOOD CAMPBELL II,  :
DAVID GREENWOOD CAMPBELL,      :
JUANITA GREENWOOD CAMPBELL,    :
PATRICK GREENWOOD CAMPBELL, AND :
MARY GREENWOOD CAMPBELL HALEY  :
                               :   CIVIL ACTION NO. 05-1491
         Plaintiffs,           :
                               :   JUDGE FALLON
VERSUS                         :
                               :   MAGISTRATE KNOWLES
MERCK & CO., INC., and PFIZER, INC., :
                               :
         Defendants.           :
                               :

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Defendant Pfizer, Inc. will bring for hearing the accompanying Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) on the 22nd day of June, 2005 at 9:00 a.m., or as soon thereafter as counsel can be heard, before the Honorable Eldon E. Fallon, Division L, of the United States District Court for the Eastern

1

District of Louisiana, 500 Camp Street, Courtroom C468, New Orleans, LA 70130.

                                          Respectfully submitted,

                                          IRWIN FRITCHIE URQUHART & MOORE, LLC

BY:    _____
           QUENTIN F. URQUHART, JR. (#14475)
           JOHN W. SINNOTT (#23943)
           CAMALA E. CAPODICE (#29117)
           400 Poydras Street, Suite 2700
           New Orleans, LA 70130
           Telephone: (504) 310-2100
           Facsimile: (504) 310-2101
           *Counsel for Defendant, Pfizer, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been mailed to all parties to this proceeding, by mailing of copy of same to each by First Class United States mail, properly addressed and postage prepaid on this 16th day of May, 2005.

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN ERNEST GREENWOOD CAMPBELL, INDIVIDUALLY AND ON BEHALF OF HIS DECEASED WIFE, DAISY CAMPBELL, AND THEIR CHILDREN, CHARLES GREENWOOD CAMPBELL, JOHN ERNEST GREENWOOD CAMPBELL II, DAVID GREENWOOD CAMPBELL, JUANITA GREENWOOD CAMPBELL, PATRICK GREENWOOD CAMPBELL, AND MARY GREENWOOD CAMPBELL HALEY : : : : : : : : : : : : | |
| Plaintiffs, : | CIVIL ACTION NO. 05-1491 |
| : | JUDGE FALLON |
| VERSUS : | |
| : | MAGISTRATE KNOWLES |
| MERCK & CO., INC., and PFIZER, INC., : | |
| Defendants. : : | |

### REQUEST FOR ORAL ARGUMENT

**NOW INTO COURT**, through undersigned counsel, comes Defendant Pfizer, Inc., who, pursuant to Local Rule 78.1E, respectfully requests oral argument on the accompanying Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant represents that the

accompanying Motion to Dismiss presents unique issues of law that need to be discussed in open court.

                              Respectfully submitted,

                              IRWIN FRITCHIE URQUHART & MOORE, LLC

BY: _____
QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
*Counsel for Defendant, Pfizer, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing pleading has been mailed to all parties to this proceeding, by mailing of copy of same to each by First Class United States mail, properly addressed and postage prepaid on this 16th day of May, 2005.

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN ERNEST GREENWOOD CAMPBELL, INDIVIDUALLY AND ON BEHALF OF HIS DECEASED WIFE, DAISY CAMPBELL, AND THEIR CHILDREN, CHARLES GREENWOOD CAMPBELL, JOHN ERNEST GREENWOOD CAMPBELL II, DAVID GREENWOOD CAMPBELL, JUANITA GREENWOOD CAMPBELL, PATRICK GREENWOOD CAMPBELL, AND MARY GREENWOOD CAMPBELL HALEY :<br><br>Plaintiffs,<br><br>VERSUS<br><br>MERCK & CO., INC., and PFIZER, INC.,<br><br>Defendants. | CIVIL ACTION NO. 05-1491<br><br>JUDGE FALLON<br><br>MAGISTRATE KNOWLES |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Defendant Pfizer, Inc. will bring for hearing the accompanying Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) on the 22nd day of June, 2005 at 9:00 a.m., or as soon thereafter as counsel can be heard, before the Honorable Eldon E. Fallon, Division L, of the United States District Court for the Eastern

1

District of Louisiana, 500 Camp Street, Courtroom C468, New Orleans, LA 70130.

                                    Respectfully submitted,

                                    IRWIN FRITCHIE URQUHART & MOORE, LLC

BY: _____
                                    QUENTIN F. URQUHART, JR. (#14475)
                                    JOHN W. SINNOTT (#23943)
                                    CAMALA E. CAPODICE (#29117)
                                    400 Poydras Street, Suite 2700
                                    New Orleans, LA 70130
                                    Telephone: (504) 310-2100
                                    Facsimile: (504) 310-2101
                                    *Counsel for Defendant, Pfizer, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing pleading has been mailed to all parties to this proceeding, by mailing of copy of same to each by First Class United States mail, properly addressed and postage prepaid on this 16th day of May, 2005.

_____