COPY IN CHAMBERS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



FILED
AUSTIN DIVISION
2005 AP - 1  AM 4: 15
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED    APR 1 1 2005
LORETTA G. WHYTE
CLERK

LARRY BAUMAN, LISA BAUMAN
TOLBERTT, KELLY BAUMAN
MINCHER, ERNEST CHARLES
BAUMAN, III, and LESLIE LYNN
BAUMAN CLAY, Individually and as
Representatives of THE ESTATE OF
ELSIE GENEVA BAUMAN,
DECEASED

VS.

MERCK & CO., INC.

CIVIL CASE NO. A04 CA 707 LY

MDL 1657 L
Reb 05-562

PLAINTIFFS' MOTION CHALLENGING REDESIGNATION
OF DOCUMENTS AS "PRIVILEGED"

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Larry Bauman, Lisa Bauman Tolbertt, Kelly Bauman Mincher, Ernest Charles

Bauman, III, and Leslie Lynn Bauman Clay, individually and as Representatives of The Estate of

Elsie Geneva Bauman, Deceased ("Plaintiffs"), file this Motion Challenging Redesignation of

Documents as "Privileged", and would respectfully show the following:

1

On March 28, 2005, Plaintiffs' counsel received the letter attached as Exhibit 1 from

Richard L. Josephson of BAKER BOTTS LLP, counsel for Defendant Merck and Co., Inc.

("Merck").  The letter claims an "unintentional and inadvertent disclosure of two (2) privileged

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

documents" bearing Bates numbers MRK-AEE0000552-00558 and MRK-AEG0020364-20370. Plaintiffs challenge this claim of privilege, particularly since the documents on their face do not indicate any basis for a claim of privilege and, in fact, no privilege is specified in the letter attached as Exhibit 1.

2

Plaintiffs received the documents in question pursuant to an Agreed Protective Order entered in *Larry Lee Bauman , et al. vs. Merck & Co., Inc.;* Cause # A04 CA 707 LY, in the United States District Court, Western District of Texas, Austin Division, which was signed by the Honorable Lee Yeakel, United States District Judge on January 27, 2005.  A true copy of said order is attached as Exhibit 2.  Under paragraph 15 of said order, Plaintiffs are entitled to retain a copy of the materials in questions while this motion remains pending.

3

Pursuant to paragraph 16 of said order, the documents in question are being filed herewith as a Sealed Document as Exhibit 3.

4

Plaintiffs may need to take discovery concerning any privilege Merck may assert respecting these documents if, in fact, Merck makes any specific claim of privilege.  Plaintiffs are willing to coordinate such discovery with other parties who may have received the same documents.

WHEREFORE, PREMISES CONSIDERED, Plaintiff's respectfully pray that this

Motion Challenging Redesignation of Documents as "Privileged" be granted and pray for other

appropriate relief.

Respectfully submitted,

_____
Tommy Jacks, TX Bar #10452000
James L. "Larry" Wright, TX Bar #22038500
Mark Guerrero, TX Bar #24032377
JACKS LAW FIRM
111 Congress Avenue, Suite 1010
Austin, Texas 78701
512-478-4422
512-478-5015 fax

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I Tommy Jacks, certify that I served copies of the foregoing Plaintiffs' Motion Challenging Redesignation of Documents as "Privileged" on by Certified Mail and Facsimile on this 1st of April, 2005.

Richard Josephson
BAKER BOTTS
910 Louisiana St., Suite One
Houston, TX 77002-4995

_____
Tommy Jacks

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED