

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL No. 1657 |
|     PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO: *Narvaez v. Merck & Co., Inc. et al.*, No. 04-3472.

### MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, respectfully submits this memorandum in opposition to plaintiffs' motion for leave to file a first supplemental and amending complaint.

As set forth below, plaintiffs in this matter have improperly joined the claims of four plaintiffs who allege that they suffered personal injuries from taking VIOXX®. Merck intends shortly to file an omnibus motion asking the Court to sever the claims of these improperly joined plaintiffs and all other improperly joined plaintiffs in other cases filed in or transferred to this MDL proceeding. As a long list of other courts have recognized, separate plaintiffs who allege

separate injuries from ingesting the same drug do not meet the "same transaction or occurrence" requirement of Rule 20 and thus cannot join their claims in one suit.

Now plaintiffs in this action have moved to add a fifth, unrelated plaintiff to their complaint. Because the joinder of this additional plaintiff is impermissible under Fed. R. Civ. P. 20, plaintiffs' proposed amendment would be futile and should be denied.

### I.  BACKGROUND

On December 22, 2004, Alfredo Narvaez, Adelina Campuzano, Jose Machado, and Ramon Pereda (the "Narvaez plaintiffs") filed their Complaint in this Court. In the Complaint, the Narvaez plaintiffs alleged that they "took [VIOXX®] after it was prescribed to them and, as a result thereof, suffered damages." Complaint, ¶ 6. On January 19, 2005, Merck served its answer, thereby ending the plaintiffs' opportunity to amend their complaint as of right. Nearly three months later, on April 15, 2005, the plaintiffs filed their motion for leave of court to file first supplemental and amending complaint. The supplemental and amending complaint sought to add an additional plaintiff, Ana E. Feria, who seeks to bring an "action to recover damages for personal injuries sustained after taking …VIOXX®." First Supplemental and Amending Complaint, at ¶ 1. The Narvaez plaintiffs' motion for leave is currently set for hearing for May 25, 2005.[1]

### II.  ARGUMENT

Plaintiffs' motion should be denied because: (1) supplementation of a complaint under Fed. R. Civ. P. 15(d) does not encompass adding new plaintiffs with new claims to an existing

---

[1] Magistrate Judge Knowles initially granted the plaintiffs' motion for leave to amend by order dated March 16, 2005. That order was recalled and vacated by Judge Knowles *nunc pro tunc* on March 17, 2005 because Pre-Trial Order No. 1 ("PTO 1") of MDL-1657 required all pending motions to "be renoticed for resolution on a motion day or days after the Court's initial conference," which was held on March 18, 2005. The plaintiffs re-noticed the motion for hearing on May 25, 2005.

complaint; and (2) amendment of a complaint under Fed. R. Civ. P. 15(a) is not permitted where – as here – the amended complaint is legally insufficient, and amendment would thus be futile.

### A. Rule 15(d) Does Not Apply To A Motion That Seeks To Add New Plaintiffs With New Claims To An Existing Complaint.

As an initial matter, to the extent plaintiffs rely on Fed. R. Civ. P. 15(d) by referring to their new complaint as "supplemental," that provision does not apply to a motion that seeks to add new plaintiffs with new claims to a prior complaint.

Rule 15(d) "permit[s] [a] party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened *since the date of the pleading sought to be supplemented*." (emphasis added). Importantly, the rule does not apply to "preaction matters of which a party was ignorant" at the time the complaint was filed. *See* Wright, Miller *et al.*, Federal Practice & Procedure § 1504 at 177. Rather, Rule 15(d) allows a party to file a supplemental pleading that "*set[s] forth changed circumstances*" since the filing of the original complaint. *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (emphasis added).

Here, plaintiffs' motion fails under Rule 15(d) for two reason. *First*, Rule 15(d) is a mechanism for parties to plead additional *facts* relating to their own claims – not a way for plaintiff's counsel to bring totally new claims involving different plaintiffs. *Second*, plaintiffs do not allege that all of these plaintiffs were allegedly injured *after* the complaint was filed. Because Rule 15(d) does not allow supplementation to add "preaction" matters, the motion should be denied on this ground as well. *Burns*, 158 F.3d at 343 (denying motion to amend under Rule 15(d) where no "transaction or occurrence or event has transpired" since plaintiffs filed their original complaint); *Albrecht v. Long Island Pacific Railroad*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991) (noting that Rule 15(d) covers "matters that occur subsequent to the filing of the complaint").

### B. Amendment Of Plaintiffs' Complaint Would Be Futile Under Rule 15(A) Because The Claims Would Be Improperly Joined.

While plaintiffs' motion is more properly considered under Rule 15(a), which governs amended pleadings, they fare no better under this provision because their proposed amendment is contrary to the requirements of Rule 20. *See Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (denying leave to amend because the amendment would not be legally sustainable and amendment would thus be futile).

Under Rule 15(a), once a defendant has served a responsive pleading, a plaintiff may amend his complaint "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). It is well established that amendment should not be allowed where it would be futile – *i.e.*, when the amendment proposed by a plaintiff is not legally sustainable. *See, e.g. Stripling*, 234 F.3d at 872-73; *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y. 2003) (refusing to grant motion to amend to add another plaintiff where such amendment would be futile).

That is precisely the case here: the plaintiffs' motion is futile because it seeks to join the personal injury claims of yet another, unrelated plaintiff to four already improperly-joined claims, in contravention of Fed. R. Civ. P. 20. *Lai v. Eastpoint Int'l, Inc.*, Civ. No. 99-2095, 1999 WL 688466 at *2 (S.D.N.Y. Sept. 1, 1999) (denying motion for leave to amend to add new plaintiffs because the requirements of Rule 20 were not met); *Inman v. Commissioner*, 871 F. Supp. 1275, 1276 (E.D. Cal. 1994) ("The party sought to be joined must meet the requirements of either Rule 19 (compulsory joinder) or Rule 20 (permissive joinder).").

Rule 20(a) provides that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally or in the alternative in respect of or arising out of the *same*

*transaction, occurrence, or series of transactions or occurrences*, and if any question of law or fact common to all these persons will arise in the action." (emphasis added). Fed. R. Civ. P. 20(a). "Rule 20(a) imposes two specific requisites to the joinder of parties." Wright, Miller, *et al.*, *Federal Practice and Procedure*, Civil 3d § 1653, at 401. *First*, "a right to relief must be asserted by or against *each* plaintiff or defendant relating to or arising out of the *same transaction or occurrence*." *Id.* (emphasis added). *Second*, "some question of law or fact common to all the parties will arise in the action." *Id.* at 401-402. These are not alternative tests; rather Rule 20 requires a plaintiff to satisfy both criteria for joinder. As one court explained in severing improperly joined personal injury claims involving asbestos exposure:

> Plaintiffs assert that the evidence will show that all plaintiffs and decedents were pipefitters in the same union, they worked at common sites and were exposed to defendants' asbestos products. *These facts do not establish a similar transaction or occurrence, but rather tend to establish common facts. Allegations of similar facts do not satisfy the transaction or occurrence test . . . Distinct claims cannot be properly joined under Rule 20 merely because they have common theoretical underpinnings.*

*In re Asbestos II Conosol. Pretrial*, Nos. 86 C 1739, 89C 452, 1989 WL 56181, at *1 (N.D. Ill. May 10, 1989) (emphasis added).

Numerous courts have held that plaintiffs suing drug companies in product liability cases such as this cannot meet the requirements of Rule 20. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 146 (S.D.N.Y. 2001) (finding that claims failed to satisfy requirements of Rule 20 where plaintiffs "do not allege that they received Rezulin from the same source or that they were exposed to Rezulin for similar periods of time"); *In re Diet Drugs*, No. Civ. A 03-20229, 2004 WL 1211928, at *4 (E.D. Pa. June 2, 2004) (granting severance where grouping of claims "based upon plaintiffs' ingestion" of diet drugs "[did] not satisfy the transaction or occurrence requirement of Rule 20"); *Janssen Pharm., Inc. v. Armond*, 866 So. 2d 1092, 1102

(Miss. 2004) (reversing denial of severance of claims of pharmaceutical plaintiffs at pleading stage); *In re Baycol Prods. Liab. Litig.*, MDL No. 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002) (denying plaintiff's motion to "bundle" claims of 50 plaintiffs because"[t]he fact that defendants' conduct is common to all plaintiffs' claims and that the legal issues of duty, breach of duty and proximate cause and resulting harm are common do not satisfy Rule 20's requirements"); *Graziose v. American Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001) (granting severance where "[t]he only similarity among the various plaintiffs are that they . . . took a medicine containing PPA as an active ingredient, and they allegedly suffered injury"); *Simmons v. Wyeth Labs.*, No. Civ. A 96-CV-6728, 1996 WL 617492 (E.D. Pa. Oct. 24, 1996) (severing claims of pharmaceutical plaintiffs).  As these courts have all recognized:  when *different* people with *different* medical histories separately take *different* dosages of the same drug prescribed by *different* physicians under *different* circumstances, for *different* periods of time, and at *different* points in time, their claims facially involve *different* transactions or occurrences.

Earlier this year, one of the transferor courts in the VIOXX® litigation faced a nearly identical motion to amend in a now-transferred VIOXX® case and denied it for those precise reasons.  In that case, *McNaughton v. Merck & Co., Inc.* (currently filed in the MDL as No. 05-0514), the plaintiff, Walter McNaughton, sought to add an additional 64 named plaintiffs to a proposed personal injury class action.  Judge Preska denied the motion to amend finding that it would fall far short of Rule 20's same transaction or occurrence requirement.   In the court's words:

> The claims asserted by McNaughton and the 64 other potential plaintiffs against Merck are based upon the plaintiffs' ingestion of the drug VIOXX® and the injuries they allegedly sustained as a result of the ingestion.  The claims are not otherwise related, and joinder under

> these circumstances would be improper. To group the plaintiffs together primarily for filing convenience does not satisfy the requirements of Rule 20.

*McNaughton v. Merck & Co., Inc.*, Civ. No. 04-CV-8297 (S.D.N.Y. December 17, 2004), (attached as Ex. A). Accordingly, McNaughton's motion for leave to amend was denied.

Like the plaintiffs in *McNaughton*, plaintiffs here seek to add an additional plaintiff who has nothing in common with the other plaintiffs in this case, except her claim that she ingested VIOXX® and purportedly suffered injuries as a result. Such an allegation is patently insufficient as a matter of law to establish that plaintiffs' personal injury claims are based on the "same transaction or occurrence." Fed. R. Civ. P. 20(a). To the contrary, a long line of case law has confirmed that they are not. Because plaintiffs' amended complaint fails to satisfy the requirements of Rule 20, their motion to amend should be denied.

## III. **CONCLUSION**

Plaintiffs seek to add yet another, unrelated plaintiff to a case that already fails to satisfy the requirements of Rule 20. The only commonality among the various plaintiffs in this case and the proposed plaintiff they wish to add is the fact that they all took VIOXX® and allegedly suffered injuries as a result. The clear weight of authority indicates that such claims are improperly joined under Federal Rule of Civil Procedure 20(a) because they did not arise from the same transaction, occurrence, or series of transactions and occurrences. Accordingly, the Court should deny plaintiffs' motion to amend.

Respectfully submitted,

_____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
     Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523-1580
Telecopier: (504) 524-0069

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Barry W. Ashe, 14056
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
     Of
STONE PIGMAN WALTHER WITTMAN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition to Plaintiffs' Motion for Leave to File First Supplemental and Amending Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 17th day of May, 2005.

_____

Exhibit A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
WALTER McNAUGHTON, Individually,    :
et al., on behalf of himself and    :
all others similarly situated,      :
                                    :
                  Plaintiffs,       :   04 Civ. 8297 (LAP)
                                    :
            -against-               :   ORDER
                                    :
MERCK & CO., INC.,                  :
                                    :
                  Defendant.        :
------------------------------------x
```

LORETTA A. PRESKA, United States District Judge:

       Plaintiff, Walter McNaughton, moves for leave to supplement his complaint by adding 64 additional plaintiffs who have (or their spouses have), like McNaughton, allegedly suffered serious health consequences or death as a result of taking the drug VIOXX. McNaughton makes his request to add additional plaintiffs pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. Under Rule 15(d), a court may "permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P 15(d). Here, the addition of new plaintiffs is not relevant to facts that transpired after the original filing and is not related to McNaughton's original claims. Instead, an amendment to add new plaintiffs necessarily entails the addition of new individuals, each with his or her own claims, and McNaughton's motion is more

**Exhibit A**

properly considered a motion to amend pursuant to Rule 15(a) and will be evaluated accordingly. Fed. R. Civ. P. 15(a).

A motion to amend under Rule 15(a) will not be permitted if it is futile. See Foman v. Davis, 371 U.S. 178 (1962); Ricciardi v. Kone, Inc., 215 F.R.D. 455, 456 (E.D.N.Y. 2003). The proper mechanism for joining additional plaintiffs under these circumstances is pursuant to Rule 20, governing permissive joinder, and, therefore the question is whether joinder is proper pursuant to Rule 20. Fed. R. Civ. P. 20. If joinder of the additional 64 plaintiffs is improper under Rule 20, then amending the complaint would be futile and should be denied pursuant to Rule 15(a).

Rule 20(a) states "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). Therefore, Rule 20(a) has two distinct requirements for the joinder of plaintiffs: (1) a right to relief must be asserted by each plaintiff relating to or arising out of the same transaction or occurrence, and (2) there must be some question of law or fact common to all plaintiffs. See 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1653. In this case, McNaughton

2

submits that, like himself, all of the proposed plaintiffs took VIOXX, they were all improperly warned of the alleged dangers of the drug by defendant, Merck & Co., Inc. ("Merck"), and they all suffered serious medical ills as a result. Yet, although Merck does not dispute that these similarities give rise to common questions of law or fact, Merck contends that these similarities do not satisfy the same transaction or occurrence requirement imposed by Rule 20(a). Upon reviewing the parties' arguments and the relevant caselaw, I agree with Merck that McNaughton has not proffered evidence sufficient to support the contention that he and the 64 potential plaintiffs assert a right to relief arising out of the same transaction or occurrence.[1]

The mere existence of common questions of law or fact does not satisfy the same transaction or occurrence requirement. See In re Asbestos II Consol. Pretrial, Nos. 86 C 1739, 89 C 452, 1989 WL 56181, at *1 (N.D. Ill. May 10, 1989) ("Distinct claims cannot be properly joined under Rule 20 merely because they have common theoretical underpinnings."). In particular, drug liability cases have held that related factual or legal issues, such as a similar injury allegedly caused by the same drug, are

---

[1] Because the parties do not dispute that there are some factual and legal similarities among all potential plaintiffs' claims, and because the same transaction or occurrence requirement is clearly not met, I do not reach the question of whether the common question requirement is met and do not mean to suggest in this Order that the common question requirement of Rule 20(a) has been satisfied.

3

insufficient for Rule 20 joinder purposes. In this district, for example, the Honorable Lewis A. Kaplan held that although all of the plaintiffs were exposed to the drug Rezulin, because the plaintiffs "do not allege that they received Rezulin from the same source or that they were exposed to Rezulin for similar periods of time" the same transaction or occurrence requirement of Rule 20(a) was not satisfied. In re Rezulin Prods. Liab. Litig., 168 F. Supp. 2d 136, 145-46 (S.D.N.Y. 2001).[2] Numerous courts in other districts have reached similar conclusions in drug liability cases. See Graziose v. American Home Prods. Corp., 202 F.R.D. 638, 640 (D. Nev. 2001) ("The only concrete similarity among the various Plaintiffs are that they (or their spouse) took a medicine containing PPA . . . and they allegedly suffered an injury. This is insufficient to justify joinder . . . ."); In re Diet Drugs, No. Civ. A. 98-20478, 1999 WL 554584, at *4 (E.D. Pa. July 16, 1999) ("[T]he claims of plaintiffs who have not purchased or received diet drugs from an identical source, such as a physician, hospital or diet center, did not satisfy the transaction or occurrence requirement."); In re Orthopedic Bone Screw Prods. Liab. Litig., MDL No. 1341, 1995 WL 428683, at *1-2

---

[2]Also relevant to Judge Kaplan's decision was the fact that, like here, specific injuries suffered by each plaintiff were not detailed so that the commonality of injuries was difficult to assess and, also like here, variables such as exposure to the drug and the patient's physical state at the time of ingestion of the drug were issues relating to each specific individual. Id. at 146.

4

(E.D. Pa. July 15, 1995) ("[J]oinder based on the belief that the same occurrence or transaction is satisfied by the fact that claimants have the same or similar device of a defendant manufacturer implanted in or about their spine is . . . not a proper joinder.").

Unlike the majority of cases, in <u>In re Norplant Contraceptive Products Liability Litigation</u>, 168 F.R.D. 579 (E.D. Tex. 1996), the court held that the Rule 20 joinder requirements are met if plaintiffs' claims arise out of the same acts and omissions of defendants. <u>See also</u> <u>Kemp v. Metabolife Intern., Inc.</u>, No. Civ. A. 00-3513, 2003 WL 22272186, at *3 (E.D. Pa. Oct. 1, 2003). However, the Norplant decision has not been widely followed and has been criticized by some district courts. <u>See</u> <u>In re Baycol Prods. Liab. Litig.</u>, MDL No. 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002). Without citing to the Norplant case in particular, at oral argument on the motion, counsel for McNaughton put forth a similar position and argued that because Merck's conduct in allegedly failing to warn consumers and doctors of the potential harms of VIOXX is common to all 65 of the potential plaintiffs, the requirements of Rule 20 were satisfied. I decline to follow the Norplant case and am persuaded by the interpretation of Rule 20 espoused by Judge Kaplan and others. Accordingly, while Merck's actions certainly give rise to some factual and legal questions relevant to all of

5

the potential plaintiffs, Merck's actions do not satisfy the same transaction or occurrence requirement. See id., at *2 (Holding that the fact that defendant's conduct is common to all plaintiffs' claims is insufficient for Rule 20 purposes.).

The claims asserted by McNaughton and the 64 other potential plaintiffs against Merck are based upon the plaintiffs' ingestion of the drug VIOXX and the injuries they allegedly sustained as a result of that ingestion. The claims are not otherwise related, and joinder under these circumstances would be improper. To group the plaintiffs together primarily for filing convenience does not satisfy the requirements of Rule 20. See id.

Accordingly, because joinder of the additional 64 plaintiffs would be improper under Rule 20, McNaughton's motion to amend his complaint to add an additional 64 plaintiffs, pursuant to Rule 15, is denied.

SO ORDERED

December 17, 2004

_Loretta A. Preska_
LORETTA A. PRESKA, U.S.D.J.

6