UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER #11**

I.   **APPLICABILITY OF ORDER**

      This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court.

II.  **DIRECT FILING OF NEW FEDERAL CASES INTO MDL 1657**

    A.   **Waiver of Any Objections to Improper Venue**

      In order to eliminate the delays associated with transfer of cases filed in or removed to other federal district courts to this Court, and to promote judicial efficiency, defendant Merck & Co., Inc. ("Merck"), has stipulated and agreed that it will not assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) as to any VIOXX®-related cases filed directly in the Eastern District of Louisiana that emanate from districts outside the Eastern District of Louisiana and that would appropriately be included in this multidistrict litigation proceeding. Accordingly, a plaintiff

may now file any such complaint against Merck directly in the Eastern District of Louisiana, rather than in a federal district court affording proper venue. Merck's stipulation and agreement in this regard is contingent on the understanding that upon the completion of all pretrial proceedings applicable to a case directly filed before this Court pursuant to this provision, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, based on the recommendations of the parties to that case. The Court intends to proceed consistent with that understanding. This stipulation and agreement is by Merck only and does not apply to any other defendant, including any of Merck's insurers, employees, or representatives.

### B. Waiver Of Right To Assert That Filing In The Eastern District Of Louisiana Did Not Interrupt Prescription

Merck has further stipulated and agreed that it will not assert that any filing made pursuant to paragraph II.A above did not interrupt the applicable prescriptive or limitations period for the claims raised in such complaint. The waiver, however, does not act as an acknowledgement of any prescriptive or limitations period that may have run prior to the filing and Merck specifically reserves the right to assert that any such period already accrued. Additionally, this stipulation and agreement is by Merck only and does not apply to any other defendant, including any of Merck's insurers, employees or representatives.

NEW ORLEANS, this __18th__ day of May, 2005.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE