UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

## DEFENDANTS' TRIAL PROPOSAL

Earlier this week, Defendants' Liaison Counsel informally proposed that the Court set expedited trials of VIOXX claims as a means of ensuring that this MDL proceeding plays a meaningful role in resolving the overall VIOXX litigation. In an effort to provide the Court with a more concrete proposal, defendants respectfully submit this trial plan.

**I.   OVERVIEW**

Although there are now more than 500 personal injury non-class action cases in this MDL proceeding (many of which involve multiple plaintiffs), the swift pace of certain state court VIOXX cases could undermine this Court's ability to play an appropriate coordinating role in defining and addressing key issues in this litigation. The Court has already demonstrated its concerns about this issue by opening a dialogue with certain state courts and PSC attorneys about the scheduling of state court trials. These are important steps toward achieving the goals of MDL coordination.



773367v.1

In the end, however, the sheer number of state court cases and the fast pace at which many are moving toward trials suggest that it will be difficult for the MDL proceeding to play a leadership role in the VIOXX cases unless this Court is able to begin addressing on an expedited basis key science and other pretrial issues that are likely to recur in this litigation. To that end, defendants propose that the Court set trials on four VIOXX cases selected for the purpose of allowing the Court to decide key issues, thereby potentially defining in some respects the scope of the VIOXX litigation. For example, candidates for early trials might be cases in which the plaintiff alleges that he or she had a stroke or pulmonary embolism as a result of taking VIOXX, allowing the Court to test by *Daubert* review whether there is admissible science to support the theory that VIOXX caused such events. Other cases might test representative science questions related to the duration of a plaintiff's VIOXX prescription.

Scheduling early trials would also result in meaningful coordination between the federal and state courts, by allowing this Court to invite state court judges to participate in joint *Daubert* hearings on recurring issues in a timely manner. Under that approach, which has been employed in MDL proceedings with increasing frequency, the judges could hear the relevant arguments and testimony together, with each judge making his or her own rulings applying the standards of his or her own court. Such federal-state coordination would be particularly beneficial for those state court judges who are themselves presiding over coordinated proceedings – most notably, the state courts in New Jersey, California and Pennsylvania – because those judges will face many of the same threshold science issues that this MDL Court confronts.

## II. TRIAL PLAN PROPOSAL

### A. Summary of Proposal

Defendants propose that this Court immediately set four dates for VIOXX trials: (1) November 2005; (2) March 2006; (3) June 2006; and (4) October 2006.[1]  The cases that would be the subjects of the first two trials would be selected from a pool of cases in which fact discovery has already progressed significantly ("Trial Group I cases"), as described below. The second two trial cases would be selected from the pool of Louisiana cases that have been filed in – or removed directly to – the MDL proceeding ("Trial Group II cases"), as also described below.

### B. Case Selection

#### 1. Potential Cases For Trial Group I

Because defendants are proposing one trial in late 2005 and another in early 2006, it is imperative that these trial cases be selected from a group of matters in which fact discovery is nearly complete or can be expedited. Based on this criterion, defendants have identified 15 claims (four in state court and eleven in federal court) from which the two trials could be selected. The state court cases are:

- ***Ernst*** – This is a Texas state court case (Brazoria County), scheduled for trial on July 11, 2005, before Judge Hardin, in which the plaintiff allegedly suffered a fatal arrythmia as a result of consuming VIOXX for approximately six to seven months. Plaintiff's counsel is Mark Lanier (of the Lanier Law Firm), who was

---

[1] Obviously, these trial dates are subject to this Court's schedule regarding other matters. They are offered primarily to suggest an overall pacing for conducting trials in the short term.

recently appointed by this Court to the State Liaison Committee in this MDL proceeding.

- ***Rogers*** – This is the Alabama state court case, originally scheduled for trial in May 2005 that was recently postponed. The plaintiff allegedly suffered a fatal heart attack after consuming VIOXX for three weeks. Plaintiff's counsel is Andy Birchfield (of the Beasley, Allen firm), plaintiffs' co-lead counsel in the MDL proceeding. Fact and expert discovery have been undertaken and could be completed in a relatively short time.

- ***Humeston*** – This is a New Jersey state court case brought by an Idaho plaintiff who alleges that he suffered a heart attack after taking VIOXX for approximately four months. The case is currently scheduled for trial in August. Plaintiff's counsel is Chris Seeger (of the Seeger Weiss firm), plaintiffs' co-lead counsel in the MDL proceeding. Fact discovery is nearing completion.

- ***Smith*** – In this case, also currently in New Jersey state court, the plaintiff, a Louisiana resident, alleges that he suffered a heart attack after taking VIOXX for about 20 months. Plaintiff's counsel is Sol Weiss of Anapol, Schwartz, who was recently appointed by the Court to the State Court Liaison Committee. Fact discovery on this case is also nearing completion.

Both *Humeston* and *Smith* involve non-New Jersey plaintiffs and thus could be refiled in federal court without any jurisdictional concerns. In addition, Merck would be willing to waive technical defenses to allow any of these cases to be re-filed in the MDL proceeding without any adverse consequences to the claimants.

In addition to these state court cases, the *Merrit* case, which was originally filed in the U.S. District Court for the Western District of Louisiana in 2003 (prior to the VIOXX withdrawal) and is now before this Court as part of the MDL proceeding, includes 11 claims by plaintiffs who allege a variety of injuries from VIOXX consumption.[2] Because fact discovery was ongoing at the time of transfer, Merck already has fact sheets for all 11 plaintiffs and has collected some of the plaintiffs' medical records, which would allow for expeditious discovery.

In short, between the state court matters discussed above and the *Merrit* federal court case, there are 11 cases that present a variety of dosages, usage durations, and alleged events from which the parties and the Court can readily select the first two MDL trials.

### B.   Potential Cases For Trial Group II

For Trial Group II, defendants propose that the parties and the Court select two trials from the 54 cases filed directly in – or removed to – the Eastern District of Louisiana. As set forth below, defendants would propose that the 80 plaintiffs in these cases submit their Fact Sheets on an expedited schedule to facilitate trial selection.

### C.   Trial Scheduling

#### 1.   Case Selection Schedule For Trial Group I

Defendants recommend that the Court take the following steps toward case selection from Trial Group I:

By June 20, 2005, the PSC and the DSC would propose one of the state court cases from Trial Group I for the first MDL trial, and one of the state court or *Merrit* cases for the second MDL trial. Hopefully, the PSC and DSC would, after conferring, jointly recommend

---

[2]   Like the New Jersey cases, the *Merrit* case could be refiled in this district to permit trial before this Court.

selection of the same cases. However, if the PSC and DSC ultimately choose to propose different cases, the Court would select one case proposed by plaintiffs and one proposed by defendants based on its determination of which cases present the most likely opportunity to define and resolve key issues in the litigation. The Court would issue an order selecting the two cases by June 30, 2005.[3]

2.  **Case Management Proposal For First Trial**

Defendants propose that the following pre-trial schedule be adopted regarding the case selected for the first trial:

  a.  Fact Discovery

   (1) Exchange lists of fact witnesses – July 15, 2005

   (2) Deadline for fact discovery – August 30, 2005

  b.  Expert Discovery

   (1) Plaintiffs' deadline for identifying experts and submitting reports – July 15, 2005

   (2) Defendants' deadline for identifying experts and submitting reports – August 12, 2005

   (3) Completion of expert discovery – September 9, 2005

  c.  Dispositive motions

   (1) Dispositive motions – September 15, 2005

   (2) Oppositions to dispositive motions – October 7, 2005

   (3) Reply briefs – October 17, 2005

---

[3] Alternatively, to allow for a more reasoned selection of the case for the second trial, the Court might defer selection of the second case until August 1, 2005, allowing discovery to proceed in the interim in all of the *Merrit* cases.

   d.  Daubert Motions

     (1)  Daubert motions due – September 15, 2005

     (2)  Oppositions to Daubert motions due – October 7, 2005

     (3)  Daubert reply briefs due – October 17, 2005

     (4)  Daubert hearing – October 25, 2005

   e.  Trial Date for First MDL VIOXX case:  November 10, 2005

**3.**  **Case Management Proposal For Second Trial**

Defendants propose that the following pre-trial schedule be adopted regarding the case selected for the second trial:

   a.  Fact Discovery

     (1)  Exchange lists of fact witnesses – October 17, 2005

     (2)  Deadline for fact discovery – December 15, 2005

   b.  Expert Discovery

     (1)  Plaintiffs' deadline for identifying experts and submitting reports – September 30, 2005

     (2)  Defendants' deadline for identifying experts and submitting reports – October 28, 2005

     (3)  Completion of expert discovery – December 15, 2005

   c.  Dispositive motions

     (1)  Dispositive motions – January 5, 2006

     (2)  Oppositions to dispositive motions – January 30, 2006

     (3)  Reply briefs – Feb. 10, 2006

773367v.1

    d. Daubert Motions

      (1) Daubert motions due – January 5, 2006

      (2) Oppositions to Daubert motions due – January 30, 2006

      (3) Daubert reply briefs due – February 10, 2006

      (4) Daubert hearing – February 20, 2006

    e. Trial Date for Second MDL VIOXX case: March 6, 2006

**4.** **Case Management Proposals For Third And Fourth MDL Trials**

With regard to case selection and case management proposals for the third and fourth MDL trials, defendants propose the following: (1) that the plaintiffs in Trial Group II be required to submit Fact Sheets by July 15, 2005; (2) that the parties meet and confer on case selection from Trial Group II; (3) that the parties meet and confer on establishment of pretrial schedules for the third and fourth MDL trials leading up to trial dates in June and October of 2006; and (4) that the parties be required to submit a joint proposal or, if they are unable to agree, alternate proposals to the Court by August 15, 2005.

## III. CONCLUSION

Scheduling trials on an expedited basis in this MDL proceeding would allow the Court to begin tackling recurring science issues and key legal questions in this litigation (through *Daubert* motions, summary judgment motions, and motions in limine) at a pace that is more consistent with the schedules adopted by a number of state courts. Such an approach would not in any way diminish the role of state courts in resolving the VIOXX controversy; rather, it would

ensure that this Court is an equal, collaborative partner with the states and that it can fulfill its MDL role in defining the scope of the VIOXX litigation.

Respectfully submitted,

*Phil Wittmann*
_____
Phillip A. Wittmann, #13625
Anthony M. DiLeo, #4942
Dorothy H. Wimberly, #18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone: (504) 581-3200
Fax: (504) 581-3361

Defendants' Liaison Counsel

773367v.1

## CERTIFICATE

I hereby certify that the above and foregoing Defendants' Trial Proposal has been served on Liaison Counsel, Russ Herman and Phil Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by uploading the same to Lexis Nexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 20th day of May, 2005.

*Phil Wittmann*

773367v.1