**MINUTE ENTRY**
**FALLON, J.**
**MAY 23, 2005**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA


|                                              |   |                        |
|----------------------------------------------|---|------------------------|
|                                              | : | MDL NO. 1657           |
| IN RE: VIOXX                                 | : |                        |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION:  L (3) |
|                                              | : |                        |
|                                              | : | JUDGE FALLON           |
|                                              | : | MAG. JUDGE KNOWLES     |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date by Judge Eldon E. Fallon.  The

Court first convened a meeting regarding the FDA's production of documents requested by the

Plaintiffs.  Participating by telephone at this meeting were Carmelina Allis and Marc Caden on

behalf of the FDA.  In attendance were Plaintiffs' Liaison Counsel (PLC), Defendants' Liaison

Counsel (DLC), members of the  Plaintiffs' Steering Committee (PSC) and the Defendants'

Steering Committee (DSC), as well as Sharon Smith and Stevens Moore for the Government.

Following the FDA meeting, the Court met with the PSC and the DSC to discuss agenda items

for the pretrial conference.  Prior to the monthly pretrial conference, the Court also met with the

following state Judges regarding the coordination of Vioxx cases pending in state courts with

MDL 1657: (1) Judge Ben Hardin of the 23rd Judicial District of Brazoria County, Texas; (2)

Judge Carol Higbee of the Superior Court of New Jersey; and (3) Judge John Rochester,

┌─────────────────┐
│ JS10:  2:45     │
└─────────────────┘

Presiding Circuit Judge of the 40th Judicial Circuit of Clay County, Alabama.

At the monthly pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 3 of Plaintiffs' and Defendants' Liaison Counsel.  This conference was transcribed by Toni Tusa, Official Court Reporter.  Counsel may contact Toni Tusa at (504) 589-7778 to request a copy of the transcript.  A summary of the monthly pretrial conference follows.

I.     Lexis-Nexis File & Serve

DLC reported that Lexis Nexis File & Serve went "live" on Wednesday, May 11, 2005 at 9:00 a.m.  As of that date, all service is to be accomplished by uploading filings to File & Serve in accordance with Pretrial Order No. 8.  PLC and DLC expect that all counsel will register promptly with Lexis Nexis.  PLC and DLC will continue to serve documents on their respective service lists in accordance with Pretrial Orders No. 2 and No. 4 until June 1, 2005.  Effective June 1, 2005, PLC and DLC will discontinue such service and all service shall be by Lexis Nexis File & Serve.  PLC indicated that he will continue to serve institutionalized pro se plaintiffs.

II.     Trial Settings/Class Actions

The *Rogers* case that was set for trial in Alabama on May 23, 2005 has been postponed. The *Ernst* case that was set for trial in Texas on May 31, 2005 has been postponed and reset for trial on July 11, 2005.  The *Humeston* case has been set for trial in New Jersey on August 1, 2005.  The Court indicated that it hopes to set cases in the MDL for trial in the latter part of this year.

III.     Selection of Cases for Early Trial

DLC has provided to the Court a proposed trial plan that will allow for early trial of a number of cases.  The PSC is also interested in conducting trials as soon as possible.  At this point, the PSC believes it would be productive to make case selection and trial dates part of

future agendas with the Court and that the parties should begin to meet and confer on a case selection process and trial dates to be submitted to the Court at some future date.

IV.    Class Actions

DLC has advised that there are one hundred eleven (111) filed class action complaints. As of May 2, 2005, there were seventy (70) class action complaints pending in the MDL.  The additional class action are those that have been filed and are sill pending in state courts or are pending in federal courts awaiting transfer to the MDL.  The PSC is reviewing the complaints in order to group the complaints by certain categories.

The parties have been unable to agree on a case management order for a class action.  IT IS ORDERED that PLC and DLC shall submit to the Court, either jointly or separately, a Case Management Order no later than May 31, 2005.

V.    Individual Cases

IT IS ORDERED that PLC and DLC shall submit to the Court, either jointly or separately, a Case Management Order no later than May 31, 2005.

VI.    Document Discovery Directed to Merck

Although the parties are negotiating, an agreement has no been reached regarding the protocol for production of documents by Merck.  PLC has advised the Court and DLC that the PSC will be filing a first set of master interrogatories and requests for production of documents directed to Merck by May 30, 2005.  The Court instructed DLC and PLC to meet following this meeting and to follow-up with the Court by the end of the day.

VII.    Merck Employee Information

PLC has requested information on all detailers, distributors, and other marketing information and is not agreeable to a limitation to specific filed cases.  DLC believes that this

3

PLC's request is over burdensome and unnecessary.  PLC indicated that Plaintiffs will file a master request for production by May 30, 2005.  The State Liaison Committee (SLC) requested an opportunity to brief the Court on this issue as well.

IT IS ORDERED that PLC shall file the appropriate motion briefing the Court of Plaintiffs' position on this issue no later than June 7, 2005.  SLC shall also have until June 7, 2005 to file a brief stating their position.  DLC shall have until June 17, 2005 to respond to Plaintiffs' and SLC's briefs.  The Court will rule on the issue before the next monthly pretrial conference.

VIII.   <u>Insurance Information</u>

On May 20, 2005, DLC provided to PLC twenty one Merck Insurance Declaration Pages, in hard copy and electronic format, for the relevant time period.

IX.   <u>Discovery Directed to FDA</u>

On this date, prior to the pretrial conference, the Court convened a meeting regarding the FDA's production of documents requested by the Plaintiffs.  Participating by telephone at this meeting were Carmelina Allis and Marc Caden on behalf of the FDA.  In attendance were Plaintiffs' Liaison Counsel (PLC), Defendants' Liaison Counsel (DLC), members of the Plaintiffs' Steering Committee (PSC) and the Defendants' Steering Committee (DSC), as well as Sharon Smith and Stevens Moore for the Government.  Representatives from the PSC, DSC, and the FDA will meet in the FDA's Maryland Headquarters to attempt to fashion a workable process for production of the requested documents.  The parties anticipate that the FDA will begin to provide documents on a rolling basis in accordance with the priority given those documents by the Plaintiffs.

X.     Discovery Directed to Third Parties

PLC advised the Court and DLC that the PSC anticipated third party discovery will be

forthcoming.

XI.     Deposition Guidelines and Scheduling

Pretrial Order No. 9 regarding deposition guidelines was entered by the Court on April

15, 2005.  PLC and DLC have, by agreement, reserved the first and third weeks of each month

for the taking of depositions.  The Court will issue an order to that effect.  DLC reported that the

first MDL depositions will be taken by cross-notice with upcoming New Jersey depositions.

XII.     Plaintiff Profile Form and Defendant Profile Form

PSC and DSC have meet and conferred a number of times to discuss a Plaintiff Profile

Form (PPF) and a Defendant Profile Form (DPF).  PLC and DLC will meet today to further

discuss the outstanding issues.  IT IS ORDERED that PLC and DLC shall submit to the Court,

either jointly or separately, a PPF and DPF no later than May 31, 2005.

XIII.     Medical Records from Healthcare Providers

PLC and DLC continue to discuss a master repository for medical records.  DLC

anticipates using the same system that has been employed in the New Jersey litigation.

XIV.     Contact or Communication with Claimants' Healthcare Providers

PLC and DLC have each filed briefs with the Court relating to communications *ex parte*

with healthcare providers for claimants.  PLC filed Plaintiffs' reply brief today.  The Court

advised that the nuance in this case is that some healthcare providers are defendants or potential

defendants in the MDL.  The Court will consider the briefs and make a ruling shortly.

XV.     Plaintiffs' Depository

The PSC continues to work on establishing a depository for use by Plaintiffs in New

Orleans, which will be up and running very soon.  In the interim, depositories are established at the Seeger Weiss law firm in New York and the Beasley Allen firm in Alabama.

XVI.    Confidentiality Agreement

The parties have agreed on a confidentiality agreement which was submitted to the Court at the conclusion of the pretrial conference.

XVII.    Remand Issues

Several remand motions have been filed with the Court.  The Court has indicated that it will deal with remand motions as a group in accordance with procedures to be established in the future.

XVIII.   Tolling Agreement

PLC and DLC continue to discuss a Tolling Agreement and DLC has submitted a proposal to PLC.  The Court expressed the importance of making every attempt to agree upon a tolling agreement promptly.

XIX.    State/Federal Coordination - State Liaison Committee

The Court appointed a State Liaison Committee on May 16, 2005 in Pretrial Order No. 10.  Members of the SLC attended today's pretrial conference.  The Court instructed that representatives from the SLC should be present at each monthly pretrial conference.

XX.    PTO Regarding Waiver of Service

PLC and DLC presented to the Court a proposed Pre-Trial Order which provides for waiver of service for new lawsuits filed in the MDL and established response dates.  The Court will issue said order shortly.

XXI.    PTO Regarding Direct Filing of Cases into the MDL

PLC and DLC presented to the Court Pretrial Order No. 11, which provides for direct

filing of federal cases into the MDL.  The Court issued Pretrial Order No. 11 on May 18, 2005.

PLC and DLC will meet to discuss an order that will clarify "proper venue" as that phrase is

used in Pretrial Order No. 11.

    XXII.  <u>Pro Se Claimants</u>

    PLC reported that four (4) pro se communications have been received by PLC and pro se

claimants will be notified of the Court's website, provided a limited fact sheet and directed to a

lawyer(s) in the state of their current residence.

    XXIII.  <u>Miscellaneous</u>

    Scott Allen, an attorney from Houston, Texas who represents nine (9) prescribing doctors

reported that he has suggested limiting discovery unless and until the doctors' cases are set for

trial.  The PSC has accepted Mr. Allen's proposal and the DSC has taken the request under

consideration.  IT IS ORDERED that Scott Allen and members of the DSC will meet by May 31,

2005 to discuss Mr. Allan's suggestion.

    XXIV. <u>Next Conference</u>

    The next monthly pretrial conference shall be held on Thursday, June 23, 2005, at 9:30

a.m. in the <u>Courtroom of Judge Eldon E. Fallon</u>.

