UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 27 PM 1: 23

LORETTA G. WHYTE
CLERK

HARRY CONTI and BARBARA CONTI,     MDL NO.: 1657
         Plaintiffs,     SECTION: "L"

v.

MERCK & CO., INC., and
PUBLIX SUPERMARKETS, INC.,

         Defendants.

Ref: 05-988

## ANSWER OF PUBLIX SUPERMARKETS, INC.

COMES NOW, PUBLIX SUPERMARKETS, INC., who answers the allegations of the Plaintiffs' Complaint and says:

1. Without knowledge and therefore denied.
2. Without knowledge and therefore denied.
3. Without knowledge and therefore denied.
4. Admitted.
5. Without knowledge and therefore denied.
6. Without knowledge and therefore denied.
7. Without knowledge and therefore denied.
8. Without knowledge and therefore denied.
9. Without knowledge and therefore denied.
10. Without knowledge and therefore denied.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Denied.

COUNT I

The allegations of this Count do not pertain to this Defendant and thus require no answer.

COUNT II

The allegations of this Count do not pertain to this Defendant and thus require no answer.

COUNT III

The allegations of this Count do not pertain to this Defendant and thus require no answer.

COUNT IV

The allegations of this Count do not pertain to this Defendant and thus require no answer.

COUNT V

39. Defendant realleges its answers to paragraphs 1 through 15.

40. Admitted.

41. Without knowledge and therefore denied.

42. Denied.

COUNT VI

43. Defendant realleges its answers to paragraphs 1 through 15.

44. Admitted.

45. Without knowledge and therefore denied.

46. Admitted.

47. Denied.

COUNT VII

48. Defendant realleges its answers to paragraphs 1 through 47.

49. Without knowledge and therefore denied.

50. Without knowledge and therefore denied.

**AFFIRMATIVE DEFENSES**

1. The Learned Intermediary Doctrine applies to bar Plaintiffs' claims against a retail pharmacist.

2. The Plaintiffs were themselves guilty of negligence by failing to take proper care for their own health and safety and/or in misuse or abuse of the product in question with this negligence being a legal cause of all or part of the damages alleges sufficient to reduce or eliminate the plaintiffs' claim in accord with the doctrine of comparative negligence.

3. That the plaintiffs misuse and/or abuse of the product bars their claims.

4. The product and its labeling, packaging, inserts, design, manufacture, testing and regulation were in accord with the generally accepted and reasonably available state of the art and prevailing industry standards at the time of manufacture. Consequently, Defendant is entitled to all defenses and presumptions which may arise from these facts.

5. The doctrine set forth in Comments J and K of Section 402A of the Restatement (Second) of Torts apply to bar Plaintiffs' claims.

6. Defendant is entitled to all setoff amounts allowed by Florida law due to payments

from collateral sources, other tortfeasors, or otherwise.

7. Plaintiff's claims are barred by the doctrine set forth in Section 4 of the Restatement (Third) of Torts dealing with Product Liability because the product complied with applicable product safety statutes and administrative regulations.

8. Plaintiffs' claims are barred in whole or in part by application of the doctrine set forth in Sections 6c, d and f of the Restatement (Third) of Torts dealing with Product Liability because reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with the product would have and did prescribe the product for classes of patients.

9. The plaintiffs' claims are barred by their express and knowing assumption of any risk associated with use of the product.

10. The plaintiffs' claims are barred by the doctrine of Federal Preemption because of the pervasive and comprehensive regulatory system for approval and regulation of the product, the product packaging, labeling and inserts by the United States Food and Drug Administration, and the manufacturer's mandatory participation in this process. The plaintiffs' state law actions infringe upon the powers of the Federal government in violation of the following provisions which is meant to be illustrative and not exclusive:

   a. The Supremacy Clause of the United States Constitution;

   b. Provisions of Chapters 15 and 21 of the United States Code;

   c. Provisions of Chapter 21 of the Code of Federal Regulations.

16. Plaintiffs' claims are barred due to being founded upon alleged duties which are not imposed upon a retail pharmacist such as the Defendant under Florida law.

The only duties imposed upon a druggist are to compound the drug prescribed; to use proper and due care in filling the prescription; to use proper methods in the compounding process and to make sure the drug has not been infected with some adulterating foreign substance. See, McLeod v. W.S. Merrell Company, 174 So. 736 (Fla. 1965).

17. That the claims of the Plaintiff are barred in whole or in part by the statute of limitations, F.S. 95.11.

18. That the claims of the Plaintiff are barred by the product liability statute of repose, F.S. 95.031 (b).

19. As a further Affirmative Defense, pursuant to Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993), and Fla. Stat. 768.81, the Defendant, reserves the right to place any non-party on the verdict form at trial as a joint tortfeasor, whose fault caused or contributed to the subject incident and/or the damages allegedly sustained by the Plaintiff(s) as shown by subsequent discovery in this case.

CONROY, SIMBERG, GANON,
KREVAN & ABEL, P.A.
125 West Romana Street
Suite 150
Pensacola, Florida 325014
(850) 436-6605
Attorneys for Publix Super Markets, Inc.

By: _____
Millard L. Fretland, Esquire
Florida Bar No. #371671

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of May, 2005, copy of the foregoing was sent by U.S. mail to Jeff S. Abers, Esq., Fazio, DiSalvo, Cannon, Abers, Podrecca, Fazio & Carroll, Post Office Box 14519, Fort Lauderdale, Florida 33302 and to Patricia E. Lowry, Steel, Hector & Davis, LLP, 1900 Phillips Point West, 777 South Flagler Drive, West Palm Beach, Florida 33401-6198

By /s/ Millard L. Fretland
Millard L. Fretland
Florida Bar No. 371671