## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| All Class Action Cases | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * *

## PRETRIAL ORDER NO. 16

Following a conference held on June 1, 2005, the following Order is issued:

### I.   APPLICABILITY OF ORDER

This Order shall govern all class action cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related class action cases originally filed in this Court or transferred or removed to this Court (collectively, "Class Action Cases").

### II.   FILING OF PRE-TRIAL ORDER NO. 16

This Order shall apply to all cases removed to, or transferred to, this Court and cases presently and subsequently filed in this Court that are within the subject matter of this MDL.

- 1 -

### III.  APPOINTMENT OF INTERIM CLASS COUNSEL

On or before June 15, 2005, with appropriate input from the Plaintiffs' Steering Committee, the Court intends to appoint interim class counsel, pursuant to Fed. R. Civ. P. 23(g)(2)(A), on behalf of each type of purported class which covers the class claims made in the MDL.

### IV.  PLEADING ISSUES

#### A.  Master Complaint

On or before August 1, 2005, the PSC shall file in this Court a Master Complaint with respect to each type of Class Action Case.  The Master Complaints shall apply to all pending Class Action Cases and to those subsequently filed, removed, or transferred to this Court as part of this proceeding.

#### B.  Rule 12 Motions

Should any or all defendants decide to file motions to dismiss under Fed. R. Civ. P. 12(b) concerning any or all portions of the Master Complaints, any such motions shall be filed within thirty (30) days after the deadline for filing the Master Complaints.  This provision does not preclude the filing of other Rule 12 motions or other dispositive motions in the Class Action Cases at other times, as appropriate.  Plaintiffs' responses to any Rule 12 motions shall be filed and served thirty (30) days thereafter, and defendants' replies (if any) shall be filed and served fifteen (15) days thereafter.

C. **Master Answer**

Within thirty (30) days after the filing of the Master Complaints, each defendant shall file a Master Answer with regard to any claims in each of the Master Complaints that the defendant does not move to dismiss. Within thirty (30) days after the Court issues the last of its orders resolving all Rule 12(b) motions in the Class Action Cases, each defendant shall file a Master Answer to each portion of the Master Complaints that was subject to such a motion (to the extent not dismissed). The Master Answers shall constitute an answer in each Class Action Case now pending or subsequently added to this proceeding. Defendants need not file answers in any Class Action Case (to the extent that they have not already done so).

D. **Motions to Strike**

Defendants may file a motion to strike any or all elements of plaintiffs' class action pleadings at any time. Any such motion will be heard and considered in due course.

V. **DISCOVERY GENERALLY**

In the initial phases of this litigation, counsel in the Class Action Cases should be mindful of the need to conduct written and oral fact and expert discovery designed to create an evidentiary record upon which plaintiffs' class certification motion(s) can be briefed and decided consistent with the briefing schedule set forth below. Counsel will be expected to conduct and complete that discovery on a schedule consistent with the schedule for briefing class certification issues in this matter, as set forth below. Discovery taken pursuant to this Paragraph shall not limit the parties ability to take additional non-duplicative discovery as part of its defense of the merits of any class claim.

## VI. CLASS CERTIFICATION PROPOSALS

### A. Plaintiffs' Class Certification Motions

Within thirty (30) days after defendants file a Master Answer with respect to any of the Master Complaints, the PSC shall file a motion to certify under Fed. R. Civ. P. 23 as to any or all proposed classes related to each such Master Complaint, accompanied by a memorandum setting forth the arguments in support of said motion and the evidentiary basis therefore. For each class certification motion filed, the PSC shall identify all experts and witnesses upon whom plaintiffs rely in support of said motion (including the information contemplated by Fed. R. Civ. P. 26(a)(2)(B) as to experts) and file any expert reports or affidavits upon which they rely in support of the class certification motion. At the same time, for any class action that the PSC determines not to file a motion for certification, a notice and memorandum with an explanation for the reasons of reserving certain claims, shall be filed. Defendants may file an opposition to any such exclusion, with an accompanying memorandum. The matter will be noticed for hearing with oral argument.

Following the filing of any motion, priority shall be given to the taking of the depositions of any experts and witnesses upon whom plaintiffs rely in support of their motion.

### B. Defendants' Oppositions

Within sixty (60) days after the filing of each motion for class certification (as contemplated by the preceding paragraph), defendants shall file a brief setting forth arguments in opposition to plaintiffs' class certification motion(s), and the evidentiary basis thereof. At the same time, defendants shall identify all experts and witnesses upon whom they will rely in opposing plaintiffs' class certification motion(s) (including the information contemplated in Fed.

R. Civ. P. 26(a)(2)(B) as to experts), and file any expert reports or affidavits upon which they rely in opposing plaintiffs' class certification motion(s).  Defendants shall be precluded, without leave of Court, from relying on any experts or expert opinions in opposition to class certification that are not identified at this time.

Following the filing of defendants' brief, priority should be given to taking the depositions of any experts or witnesses upon whom defendants rely in support of their opposition to class certification.

### C. Plaintiffs' Reply Memorandum

Within thirty (30) days after the filing of defendants' opposition(s) (as contemplated by the preceding paragraph), plaintiffs may file a reply memorandum in support of their class certification motion(s).  The reply memorandum shall be confined to responding to arguments and expert opinions presented in defendants' opposition brief(s).

### D. Class Certification Argument

After the filing of all briefs concerning plaintiffs' class certification motion(s), the Court may, at its discretion, schedule an oral argument on such motions.

New Orleans, Louisiana, this  2nd  day of   June  , 2005.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

773531v.1
773792v.1