FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN -9  PH 12: 32

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to All Cases** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF FILING OF TOLLING AGREEMENT

PLC and DLC jointly submit the attached Tolling Agreement that has been executed and agreed to by Lead Counsel for the respective parties.  As set forth in the Tolling Agreement, the parties have agreed to toll certain claims for alleged injury from the use of VIOXX®, subject to the terms and conditions contained therein.

Respectfully submitted,

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA  70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

Phillip A. Wittmann (Bar No. 13625)
Anthony DiLeo (Bar No. 4942)
Dorothy H. Wimberly (Bar No. 18509)
*Stone Pigman Walther Wittmann L.L.C.*
546 Carondelet Street
New Orleans, LA  70130-3588
PH:   (504) 581-3200
FAX:  (504) 581-3361

**Defendants' Liaison Counsel**

\_\_\_ Fee_____
\_\_\_ Process_____
\_X\_ Dktd_____
\_\_\_ CtRmDep_____
\_\_\_ Doc. No _____

# C E R T I F I C A T E

I hereby certify that the above and foregoing Notice of Filing of Tolling Agreement has been served upon all parties by uploading the same to Lexis Nexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this _9th_ day of June, 2005.

*Phil Wittmann*

775511v.1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: VIOXX | * | MDL NO. 1657 |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * *

## TOLLING AGREEMENT

WHEREAS, the Plaintiffs Steering Committee ("PSC") has stated that the members of the PSC and the other plaintiffs' counsel in this proceeding represent numerous individuals who seek to assert claims alleging either that use of VIOXX® caused them to experience a myocardial infarction or ischemic stroke or that they are the legal representative of a person, or of the estate of a person, who experienced such an event (collectively "Claimants"); and

WHEREAS, the parties have agreed that it would be appropriate at this time to defer litigation of some of those claims;

THEREFORE, the Plaintiffs' Co-Lead Counsel and Merck, through counsel, have agreed as follows:

1.     Except as provided in Paragraph 2, any time periods for filing or pursuing claims and/or notices required to be given under applicable law in order to preserve rights to claims in any matters against Merck involving claims of personal injury, loss of consortium, or any other damages allegedly caused by the use of VIOXX® shall be tolled for each Claimant, and any spouse or child of Claimant with a proper derivative claim, from the Effective Date of this Agreement until the Termination Date, subject to the following conditions:

(A)     The alleged injury must result from a thrombotic cardiovascular event resulting in a myocardial infarction or ischemic stroke ("Cardiovascular Event")

(B)      If any Claimant files any lawsuit concerning a tolled claim or claims, the Claimant shall file such lawsuit only in (i) a federal court with proper personal and subject matter jurisdiction and will consent to the transfer of the lawsuit to this MDL proceeding or (ii) directly in the federal district court in the Eastern District of Louisiana pursuant to Pretrial Order No. 11 entered in this MDL proceeding.  If a Claimant files a lawsuit in state court, or resists transfer to this MDL proceeding of a case filed in federal court, no tolling under this Agreement shall apply, and the statute of limitations shall be deemed to have run without suspension or interruption as if this Agreement did not exist.

(C)     Any Claimant who seeks to have his or her claims against Merck tolled pursuant to this Agreement must first provide to Defendants' Liaison Counsel, to the best of the Claimant's knowledge and ability, the information requested on the attached Exhibit A, along with an authorization for the collection of medical and certain other records in the form set out in Exhibit B, and shall provide a copy thereof to Plaintiffs' Liaison Counsel.  Merck agrees that it will make the medical records available to counsel for the Claimant on a web-based service pursuant to the same terms and conditions governing access to records relating to plaintiffs in the MDL proceeding.

2.     This Agreement does not apply to New Jersey citizens.

3.     The Effective Date of this Agreement as to each Claimant shall be the date on which Defendants' Liaison Counsel receives from that Claimant (a) a notice in the form set out in Exhibit C setting forth the Claimant's name, address, social security number and alleged injury ("Notice"), or (b) a fully completed fact sheet (Exhibit A) and fully executed authorization

2

(Exhibit B).  The Notice shall be sent by fax or by e-mail to Defendants' Liaison Counsel.  In the

event that Claimant submits a Notice pursuant to this Paragraph 3(a) instead of Exhibits A or B

pursuant to Paragraph 3(b), Claimant shall transmit to Defendants' Liaison Counsel a fully

completed fact sheet (Exhibit A) and fully executed authorization (Exhibit B) within thirty (30)

days of the date of the transmission of the Notice.  Within three (3) business days of the date of

receipt of Exhibits A and B, Defendants' Liaison Counsel shall notify Claimant's Counsel by fax

or by e-mail of the receipt of Claimant's submission and send a copy of such notice to Plaintiffs'

Liaison Counsel.  Within thirty (30) days of the date of receipt, Defendants' Liaison Counsel

may notify Claimant's Counsel in writing, with a copy to Plaintiffs' Liaison Counsel, that the

information provided by the Claimant is incomplete.  Thereupon, Claimant shall have thirty (30)

days to resubmit complete information, during which time the Agreement shall remain in effect

as to the Claimant.  Within thirty (30) days of any resubmission of the requested information,

Defendants' Liaison Counsel shall either (a) confirm in writing to Claimant's Counsel (with a

copy to Plaintiffs' Liaison Counsel) that the Agreement has become effective as to the Claimant,

in which case the Effective Date shall remain the date of receipt of the original submission, or (b)

notify Claimant's Counsel in writing (with a copy to Plaintiffs' Liaison Counsel), that the

Agreement is not effective as to the Claimant, in which case the Agreement shall terminate as to

that Claimant thirty (30) days after the date of such notice.

     4.     In the event that the medical records collected for a particular Claimant do not

reflect a Cardiovascular Event, Defendants' Liaison Counsel may, at any time, notify Claimant's

Counsel (with a copy to Plaintiffs' Liaison Counsel) that there is no documentation to support

the occurrence of a Cardiovascular Event.  Thereupon, Claimant's Counsel shall have ninety (90)

days to submit documentation to demonstrate that the Claimant did experience a Cardiovascular

Event. (In the event that Claimant's Counsel is unable to secure necessary medical records within the ninety (90) day period, the parties agree to exercise good faith in extending the deadline for submission of the medical records, provided that the Claimant exercised due diligence in attempting to secure the records in the ninety (90) day period.) Within forty-five (45) days of the submission of the additional documentation, Defendants' Liaison Counsel shall either (a) confirm in writing to Claimant's Counsel (with a copy to Plaintiffs' Liaison Counsel) that the Agreement remains effective as to the Claimant or (b) notify Claimant's Counsel in writing (with a copy to Plaintiffs' Liaison Counsel) that the Claimant has not met the terms of the Agreement, in which case the Agreement shall terminate as to that Claimant thirty (30) days after the date of such notice

5.      Nothing in this Agreement shall be interpreted to revive or render legally viable a claim that was time-barred under applicable law prior to the Effective Date.

6.      The Termination Date of this Agreement shall be the date 120 days after Plaintiffs' Liaison Counsel receives written notice from Defendants' Liaison Counsel that Merck is terminating the Agreement. (A copy of such notice shall be sent to each Claimant's Counsel.) Plaintiffs may not submit new cases for tolling during said 120-day period following receipt of notice. If the Agreement is terminated for any reason, the tolling will end effective as of the Termination Date. In calculating the effect of tolling under this Agreement after termination, only the time period during which tolling was effective will be excluded when calculating any period of limitations applicable to any Claimant; otherwise, the limitations period will be treated as running continuously before and after the period of tolling.

7.      The acceptance of a claim for the purposes of tolling such claim under this Agreement shall not be treated as an admission in any way, including, without limitation, that a

4

Cardiovascular Event or injury actually occurred or that VIOXX® caused or was associated with the Cardiovascular Event or injury.

8.     To the extent that this Agreement would not be effective in federal court under an applicable state law, Merck agrees to waive or not file or otherwise advance any argument, defense, exception, motion, or other pleading based upon the untimeliness of a Claimant's filing that would have been unavailable had the Agreement otherwise been effective.  Additionally, Merck agrees to take any affirmative action necessary to make this agreement valid in federal court under any applicable state law.

9.     Any dispute arising under this Agreement shall be submitted to the MDL Court for resolution.

10.    This Agreement may be signed in counterpart.

Dated:  June 1, 2005

On Behalf of the
Plaintiff's Steering Committee

Christopher A. Seeger
Co-Lead Counsel

On Behalf of Merck & Co., Inc.

Douglas R. Marvin
Lead Counsel

5

Exhibit A

IN RE:  VIOXX® PRODUCTS
LIABILITY LITIGATION

MDL Docket No. 1657

Claimant: _____
                         **(name)**

## CLAIMANT PROFILE FORM

Other than in Sections I, those questions using the term "You" should refer to the person who used VIOXX®. Please attach as many sheets of paper as necessary to fully answer these questions.

### I.      CASE INFORMATION

A.  Name of person completing this form: _____

B.  If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

   1.  Social Security Number:_____

   2.  Maiden or other names used or by which you have been known:_____

   3.  Address:_____

   4.  State which individual or estate you are representing, and in what capacity are you representing the individual or estate? _____

   5.  If you were appointed as a representative by a court, state the:

       Court: _____          Date of Appointment: _____

   6.  What is your relationship to deceased or represented person or person claimed to be injured?_____

   7.  If you represent a decedent's estate, state the date of death of the decedent and the address of the place where the decedent died: _____

NY 189839_1

C. Claim Information

    1. Are you claiming that you have or may develop bodily injury as a result of taking VIOXX®? Yes_____ No_____ *If "yes,"*

        a. What is your understanding of the bodily injury you claim resulted from your use of VIOXX®? _____
_____

        b. When do you claim this injury occurred?_____

        c. Who diagnosed the condition? _____

        d. Did you ever suffer this type of injury prior to the date set forth in answer to the prior question? Yes _____ No _____ *If "yes,"* when and who diagnosed the condition at that time? _____
_____
_____

        e. Do you claim that that your use of VIOXX® worsened a condition that you already had or had in the past? Yes _____ No _____ *If "yes,"* set forth the injury or condition; whether or not you had already recovered from that injury or condition before you took VIOXX®; and the date of recovery, if any. _____
_____

D. Are you claiming mental and/or emotional damages as a consequence of VIOXX®? Yes _____ No _____

*If "yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor) from whom have sought treatment for psychological, psychiatric or emotional problems during the last ten (10) years, state:

        a. Name and address of each person who treated you: _____
_____

        b. To your understanding, condition for which treated: _____
_____

        c. When treated: _____

        d. Medications prescribed or recommended by provider: _____

## II.    PERSONAL INFORMATION OF THE PERSON WHO USED VIOXX®

A. Name: _____

B. Maiden or other names used or by which you have been known: _____

C. Social Security Number: _____

D. Address: _____

189839_1

E.  Identify each address at which you have resided during the last ten (10) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
|  |  |
|  |  |

F.  Driver's License Number and State Issuing License: _____

G.  Date of Place and Birth: _____

H.  Sex: Male _____    Female _____

I.  Identify the highest level of education (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
|  |  |  |  |

J.  Employment Information.

1.  Current employer (if not currently employed, last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
|  |  |  |  |

2.  List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

3.  Are you making a wage loss claim for either your present or previous employment? Yes _____   No _____

    *If "yes,"* state your annual income at the time of the injury alleged in Section I(C):_____

K.  Military Service Information:  Have you ever served in the military, including the military reserve or national guard? Yes _____   No _____

    *If "yes,"* were you ever rejected or discharged from military service for any reason relating to your physical, psychiatric or emotional condition? Yes _____   No _____

189839_1

L. Insurance / Claim Information:

1. Have you ever filed a worker's compensation and/or social security disability (SSI or SSD) claim?   Yes _____   No _____   *If "yes,"* to the best of your knowledge please state:

   a. Year claim was filed: _____

   b. Nature of disability: _____

   c. Approximate period of disability: _____

2. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)?   Yes _____   No _____   *If "yes,"* set forth when and the reason. _____
_____
_____

3. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any bodily injury?   Yes _____   No _____   *If "yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and a brief description for the claims asserted._____
_____
_____

M. As an adult, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty?   Yes _____   No _____   *If "yes,"* set forth where, when and the felony and/or crime. _____
_____

## III.   **FAMILY INFORMATION**

A. List for each marriage the name of your spouse; spouse's date of birth (for your current spouse only); spouse's occupation; date of marriage; date the marriage ended, if applicable; and how the marriage ended (e.g., divorce, annulment, death): _____
_____
_____

B. Has your spouse filed a loss of consortium claim in this action?   Yes _____   No _____

189839_1

C.  To the best of your knowledge did any child, parent, sibling, or grandparent of yours suffer from any type of cardiovascular disease including but not limited to: heart attack, abnormal rhythm, arteriosclerosis (hardening or the arteries), murmur, coronary artery disease, congestive heart failure, enlarged heart, leaking valves or prolapse, heart block, congenital heart abnormality, Scarlet Fever, Rheumatic Fever, atrial fibrillation, stroke?  Yes _____  No _____  Don't Know _____ *If "yes,"* identify each such person below and provide the information requested.

Name: _____

Current Age (or Age at Death): _____

Type of Problem: _____

If Applicable, Cause of Death: _____

D.  If applicable, for each of your children, list his/her name, age and address: _____
_____

E.  If you are claiming the wrongful death of a family member, list any and all heirs of the decedent. _____
_____

## IV.   VIOXX® PRESCRIPTION INFORMATION

A.  Who prescribed VIOXX® for you? _____

B.  On which dates did you begin to take, and stop taking, VIOXX®? _____

C.  Did you take VIOXX® continuously during that period?
Yes _____  No _____  Don't Recall _____

D.  To your understanding, for what condition were you prescribed VIOXX®? _____
_____

E.  Did you renew your prescription for VIOXX®? Yes _____  No _____  Don't Recall _____

F.  If you received any samples of VIOXX®, state who provided them, what dosage, how much and when they were provided: _____

G.  Which form of VIOXX® did you take (check all that apply)?
_____ 12.5 mg Tablet (round, cream, MRK 74)
_____ 12.5 mg Oral Suspension
_____ 25 mg Tablet (round, yellow, MRK 110)
_____ 25 mg Oral Suspension
_____ 50 mg Tablet (round, orange, MRK 114)

H.  How many times per day did you take VIOXX®? _____

189839_1

I.  Did you request that any doctor or clinic provide you with VIOXX® or a prescription for VIOXX®? Yes _____ No _____ Don't Recall _____

J.  What medications, prescription and over-the-counter, did you take simultaneously with VIOXX®? _____

K.  What medications, prescription and over-the-counter, did you take within 6 months prior to staring VIOXX®? _____

L.  Instructions or Warnings:

    1.  Did you receive any written or oral information about VIOXX® before you took it?  Yes _ No _____ Don't Recall _____

    2.  Did you receive any written or oral information about VIOXX® while you took it? Yes _____ No _____ Don't Recall _____

    3.  *If "yes,"*

        a.  When did you receive that information?_____

        b.  From whom did you receive it?_____

        c.  What information did you receive? _____
        _____

# V. <u>MEDICAL BACKGROUND</u>

A.  Height: _____

B.  Current Weight: _____
Weight at the time of the injury, illness, or disability described in Section I(C):
_____

C.  Smoking/Tobacco Use History: *Check the answer and fill in the blanks applicable to your history of smoking and/or tobacco use.*

    ___  Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.
    ___  Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.
        a.  Date on which smoking/tobacco use ceased: _____
        b.  Amount smoked or used: on average_____ per day for _____ years.
    ___  Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.
        a.  Amount smoked or used: on average _____ per day for _____ years.
    ___  Smoked different amounts at different times.

D.  Drinking History.  Do you now drink or have you in the past drank alcohol (beer, wine, whiskey, etc.)?  Yes _____ No _____ If *"yes," fill in the appropriate blank* with the number of drinks that represents your average alcohol consumption during the period you were taking VIOXX® up to the time that you sustained the injuries alleged

189839_1

in the complaint:

_____ drinks per week,

_____ drinks per month,

_____ drinks per year, *or*

Other (describe): _____

E.  Illicit Drugs.  Have you ever used (even one time) any illicit drugs of any kind within one (1) year before, or any time after, you first experienced your alleged VIOXX®-related injury?"  Yes _____  No _____  Don't Recall _____

*If "yes"*, identify each substance and state when you first and last used it.  _____
_____

F.  Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.  Cardiovascular surgeries, including, but not limited to, the following, and specify for what condition the surgery was performed:  open heart/bypass surgery, pacemaker implantation, vascular surgery, IVC filter placement, carotid (neck artery) surgery, lung resection, intestinal surgery:

| Surgery | Condition | When | Treating Physician | Hospital |
|---------|-----------|------|--------------------|----------|
|         |           |      |                    |          |
|         |           |      |                    |          |

2.  Treatments/interventions for heart attack, angina (chest pain), or lung ailments:

| Treatment/Intervention | When | Treating Physician | Hospital |
|------------------------|------|--------------------|----------|
|                        |      |                    |          |

3.  To your knowledge, have you had any of the following tests performed:  chest X-ray, CT scan, MRI, angiogram, EKG, echocardiogram, TEE (trans-esophageal echo), bleeding scan, endoscopy, lung bronchoscopy, carotid duplex/ultrasound, MRI/MRA of the head/neck, angiogram of the head/neck, CT scan of the head, bubble/microbubble study, or Holter monitor?
Yes _____  No _____  Don't Recall _____  *If "yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|-----------------|------|--------------------|----------|--------|
|                 |      |                    |          |        |
|                 |      |                    |          |        |

189839_1

## VI.   REQUEST FOR DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"yes"* or *"no."* Where you have indicated *"yes,"* please attach the documents and things to your responses to this profile form.

A. Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this profile form.   Yes _____   No _____

B. Decedent's death certificate (if applicable).   Yes _____   No _____

C. Report of autopsy of decedent (if applicable).   Yes _____   No _____

## VII.   REQUEST FOR PRESERVATION OF DOCUMENTS AND THINGS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"yes"* or *"no."* Where you have indicated *"yes,"* please deliver any and all items to your attorney for preservation and inspection.

A. Unused VIOXX®.

Yes ___ No ___

If you answer "yes", set forth in the space provided:

     i.   There is _____ number of _____ mg tablets remaining.

     ii.   There is _____ amount of _____ mg oral suspension remaining.

B. Documents or materials that accompanied any VIOXX® you received, including but not limited to prescriptions, receipts, drug containers, product or package inserts, patient product inserts, packaging, sample boxes, and pharmacy handouts.

Yes ___ No ___

C. Photographs, slides, movies, videotapes, or the like relating to your injuries, limitations or damages.

Yes _____ No _____

D. Personal diaries, calendars, journals, logs, appointment books, date books, or similar materials you kept or continue to keep from January 1, 1995 to the present which relate or refer to your medical care, medical condition, or employment.

Yes ___ No ___

E. Documents that evidence any communication between you and any doctor, employer,

189839_1

defendant, federal or state agency, or other person (other than your attorney) regarding the incident that made the basis of this suit or your claims in this lawsuit.

Yes ____ No ____

F.  Written communications, whether in paper or electronic form (including communications as part of internet "chat rooms" or e-mail groups), with others not including your attorney, regarding VIOXX®, your injuries or this case.

Yes ____ No ____

G.  Any and all other documents not specifically requested above that support any claim you believe you have against Merck & Co., Inc. and all damages you claim result therefrom.

Yes ____ No ____

## VIII.  LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

*List the name and address of each of the following:*

A.      Your current family and/or primary care physician:

| Name | Address |
|------|---------|
|      |         |

B.  To the best of your ability, identify each of your primary care physicians for the last ten (10) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
|      |         |                   |
|      |         |                   |
|      |         |                   |
|      |         |                   |

C.  Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |

D.  Each hospital, clinic, or healthcare facility where you have received outpatient

189839_1

treatment (including treatment in an emergency room) during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

E. Each physician or healthcare provider from whom you have received treatment in the last ten (10) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
|      |         |                    |
|      |         |                    |
|      |         |                    |

F. Each pharmacy that has dispensed medication to you in the last ten (10) years.

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |

G. If you have submitted a claim for social security disability benefits in the last ten (10) years, state the name and address of the office that is most likely to have records concerning your claim.

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |

H. If you have submitted a claim for worker's compensation, state the name and address of the entity that is most likely to have records concerning your claim.

| Name | Address |
|------|---------|
|      |         |
|      |         |

## **CERTIFICATION**

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge, that I have completed the List of Medical Providers and Other Sources of Information appended hereto, which is true and correct to the best of my knowledge, that I have supplied all the documents requested in part VI of this declaration, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have supplied the authorizations attached to this declaration.

_____          _____          _____
Signature                                      Print Name                                      Date

**Exhibit B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX® PRODUCTS
LIABILITY LITIGATION

MDL No. 1657

**AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)**

Name:_____

Date of Birth:_____

Social Security Number:_____

    I hereby authorize _____ to release all existing medical records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004-1482, and/or to the law firm of**_____ **and/or their designated agents ("Receiving Parties").** These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes. The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

    I understand that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments,

medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation, that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this __ day of _____, 200__

_____
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

**AUTHORIZATION #1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re:  VIOXX® PRODUCTS LIABILITY LITIGATION | MDL No. 1657<br><br>**AUTHORIZATION FOR RELEASE OF PSYCHOLOGICAL/PSYCHIATRIC RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)** |

Name:_____

Date of Birth:_____

Social Security Number:_____

    I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004-1482, and/or to the law firm of**_____ **and/or their designated agents ("Receiving Parties").** These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above.  This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes.  The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

    I understand that this authorization includes information regarding the diagnosis and treatment of psychiatric and psychological disorders, and that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing

information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation, that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this ___ day of _____, 200___

_____
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

**AUTHORIZATION #2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL No. 1657

In re:  VIOXX® PRODUCT
LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF
PSYCHOTHERAPY NOTES PURSUANT
TO 45 C.F.R. § 164.508 (HIPAA)**

Name:_____

Date of Birth:_____

Social Security Number:_____

      I hereby authorize _____ to release all existing psychotherapy notes regarding the above-named person's medical care, treatment, physical/mental condition, and/or medical expenses to law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004-1482, and/or to the law firm of _____ and/or their designated agents ("Receiving Parties").** These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above.  This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes.  The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

      I understand that this authorization includes all psychotherapy notes maintained separately from the above-named person's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress.

      I understand that the health information being disclosed by these psychotherapy notes may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

      This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation.  I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation, that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this __ day of _____, 200__

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

**AUTHORIZATION #3**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL No. 1657

In re:  VIOXX® PRODUCTS
LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages, earnings or
earning capacity.)**

Name:_____

Date of Birth:_____

Social Security Number:_____

    I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **HUGHES HUBBARD & REED LLP,
One Battery Park Plaza, New York, New York 10004-1482, and/or to the law firm
of** _____
**and/or their designated agents ("Receiving Parties").** These records shall be used or
disclosed solely in connection with the currently pending VIOXX® litigation involving the
person named above. This authorization shall cease to be effective as of the date on which the
above-named person's VIOXX® litigation concludes.

    I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records). This listing is not meant to be exclusive.

    Any photostatic copy of this document shall have the same authority as the original, and
may be substituted in its place. Copies of these materials are to be provided at the expense of
Hughes Hubbard & Reed LLP or _____.

Dated this __ day of _____, 200__

_____
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

**AUTHORIZATION #4**

NY 189827_1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Case No. 1657

In re:  VIOXX® PRODUCTS
LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or earnings or
earning capacity.)**

Name:_____

Date of Birth:_____

Social Security Number:_____

    I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment and education (with the exception of W-4 and W-2 forms) to the law firm of **HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004-1482, and/or to the law firm of_____ and/or their designated agents ("Receiving Parties").** These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above.  This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes.

    I understand that this authorization includes the above-named person's complete employment personnel file with the exception of W-4 and W-2 forms (including attendance reports, performance reports, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records).  This listing is not meant to be exclusive.

    Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place.  Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this __ day of _____, 200__

_____
*[PLAINTIFF OR REPRESENTATIVE]*
If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

**AUTHORIZATION #5**

NY 189827_1

Exhibit C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: VIOXX | * | MDL NO. 1657 |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE

This Notice is submitted pursuant to Paragraph 3(a) of the Tolling Agreement entered

into by and between the parties in MDL No. 1657 requesting tolling of the claim(s) of the

Claimant hereinafter named.

      Claimant's Full Name:    _____

      Address:    _____

      Social Security Number:    _____

      Alleged Injury:    _____

      Date:    _____