UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 13  AM 11: 13

LORETTA G. WHYTE
CLERK

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
|  | : | SECTION: L |
|  | : | |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |
|  | : | |
|  | : | |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

THIS DOCUMENT RELATES TO ALL CASES:

**COMPARISON OF PSC SUBMISSION OF MERCK INDIVIDUAL CASE PROFILE FORM WITH MERCK'S SUBMISSION OF DEFENDANT MERCK'S INDIVIDUAL CASE PROFILE FORM**

**PSC SUBMISSION OF MERCK INDIVIDUAL CASE PROFILE FORM (DRAFT 5 - MAY 20, 2005)**

**DEFENDANTS' SUBMISSION OF DEFENDANT MERK'S INDIVIDUAL CASE PROFILE FORM (DRAFT JUNE 1, 2005)**

Respectfully submitted,

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:     (504) 581-4892
FAX:  (504) 561-6024
**Plaintiffs' Liaison Counsel**

___ Fee_____
_X_ Process_____
___ Dktd_____
_✓_ CtRmDep____
___ Doc. No____

## COMPARISON OF PSC SUBMISSION OF MERCK INDIVIDUAL CASE PROFILE FORM WITH MERCK'S SUBMISSION OF DEFENDANT MERCK'S INDIVIDUAL CASE PROFILE FORM

### PREAMBLE TO DEFENDANT MERCK'S SUBMISSION

(1) Merck attempts to limit its response to Plaintiffs by responding only where Plaintiffs allege injury resulting from "a thrombotic cardiovascular event resulting in a myocardial infarction or ischemic stroke" ("cardiovascular event'). There is no similar restriction in favor of Plaintiffs which limits the instances in which Plaintiffs' Profile Form ("PPF") is required. Possible resolution #1: Plaintiffs have a narrowed responsibility to report a PPF to only those instances in which a "cardiovascular event" has taken place. Possible resolution #2: Add to the definition requiring a Merck response where there is a Plaintiff's allegation of "heart attack, heart failure, irregular heart beat, cardiac arrest, CVA, stroke, kidney injury, liver injury, embolism or death related to Vioxx."

(2) Attempts by Merck to limit its response to a time frame of six months after injury does not take into account continued prescription use, post injury notifications or warnings by Merck, the FDA or healthcare providers which may be relevant or lead to relevant information, suppression of salient information, studies, etc. (also ignores Federal Rules of Civil Procedure, 33, 34, 26, continuing duty to supplement).

(3) Merck attempts to limit response based on production of categories listed in discovery in MDL # 1657. The problem is that the discovery is in "waves" and individual plaintiffs need information soonest as applied to their particular cases - the Merck Individual Case Profile Form (ICPF) is particular and not universal. Possible solution - where Merck has

previously produced a document particular to the individual claimant, it may partially satisfy the request by attaching the document and the date it was furnished.

(4) Merck desires to limit its responses by referring to a report or reports it provides contemporaneously.  Plaintiffs will accept such if such report(s) are attached so as to comply with the Federal Rules of Civil Procedure 33, 34 and particularly Rule 26.  In the alternative, Merck may file a master report which clearly identifies particular information for particular individual plaintiffs and is updated on a continuing basis not more than sixty days after issuance and a complete revision at least 45 days prior to the deposition of any plaintiff / claimant and healthcare provider deposition relating to such individual case.


**NO PREAMBLE TO PSC'S SUBMISSION**


**AS OF JUNE 3, 2005**

**PSC'S SUBSTANTIVE SUBMISSION & MERCK'S RESPONSE**


I.  **PSC:**

      I.      **Case Information**

      This defendant fact sheet pertains to the following case:

      Case caption:_____

      Civil Action No._____

      Court in which action was originally filed:_____

Name and Address of all person(s) who provided information responsive to the questions posed in this fact sheet:

(A)    _____
       (Name)
       _____
       (Address)
       _____

## I.   Merck:

### I.   **Case Information**

This Individual Case Profile Form pertains to the following case:

Case caption: _____

Civil Action No. _____

Court in which action was originally filed: _____

A.     Name and Address of all person(s) who provided information responsive to the questions posed in this fact sheet:

1.
(Name)
(Address)

2.
(Name)
(Address)

## *NO SIGNIFICANT DIFFERENCE*

## II.   PSC:

### II.   **Contacts With Dispensing Health Care Provider**

In Section IV(A.) of Plaintiff's Profile Form, plaintiff identified persons or entities who prescribed or dispensed Vioxx to plaintiff (hereinafter

"Prescribing Health Care Provider"). For each prescribing health care provider identified, please state and, where requested, provide the following:

    <u>A.)</u>    <u>Dear Doctor or Dear Healthcare Provider Letters:</u>

        1)    For each "Dear Doctor" or "Dear Healthcare Provider" letter that you contend was *actually sent* to plaintiff's prescribing health care provider, please: a.) identify the letter sent; b.) state the date that each letter was actually sent to plaintiff's dispensing health care provider; c.) state the person to whom each letter was actually sent, d.) state the address where it was sent, e.) identify the database or documents that demonstrate these facts and, f.) identify the persons who provided information responsive to this request.

---

    *NOTE:  Please attach hereto a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

II.    <u>Merck:</u>

    II.    **Contacts With Prescribing Health Care Providers**

In Section IV.A of Plaintiff's Profile Form, Plaintiff identified a person or persons who prescribed VIOXX® to Plaintiff (hereinafter "Prescribing Health Care Provider"). For each Prescribing Health Care Provider so identified, Merck will provide the following information:

    A.    Letters To Prescribing Heath Care Provider

        1.    Merck will identify any "Dear Doctor" or "Dear Healthcare Provider" letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

        In addition, Merck will identify any Professional Information Request letters that Merck contends or believes were actually sent to the

Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above.  Merck will also identify:  (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

2.    Merck will provide a certification that the information listed in Section II.A.1 is true and correct.

**    ***PSC DISCUSSION:***

*(1)  Merck limits its response to 6 month period in preamble*

*(2) A)c; d; e; f - in PSC's request is necessary and has been omitted*

*(3) Merck includes "Professional Information Request" and PSC agrees it should be attached*

*(4) Merck limited response to "persons" whereas PSC includes "entities" (i.e. hospitals, etc.)*

*(5) PSC includes "dispensers" (i.e. pharmacies, etc.) Merck does not*

*(6) Merck does not agree to attach letters or written communications, etc., such as dispensers.*

II.    PSC:

B.    OTHER CONTACTS

1.    For each prescribing health care provider identified, please identify all contacts between Merck sales representatives and that provider please produce the following information:

| Plaintiff's Dispensing Health Care Provider | Identity and last known address and telephone number Merck representative | The current relationship, if any, between Merck and the sales representative | Date(s) of Contact |
|---|---|---|---|
|  |  |  |  |

II.    Merck:

    B.    Other Contact With Prescribing Heath Care Providers

        1.    For each Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form, Merck will provide a report that contains the following information:  (a) the identity of any Merck Professional Representative(s) who recorded a detail call(s) regarding VIOXX® on the identified Prescribing Health Care Provider within the relevant time period set forth above; (b) the dates of such detail calls; (c) whether each identified Merck Professional Representative is a current Merck employee; and (d) the last known address of the identified former Merck Professional Representative(s).

| Identity of Merck Professional Representative | Date of Detail Call(s) | The Employment Status of the Merck Professional Representative | Last Known Address of Former Merck Professional Representative |
|---|---|---|---|
| | | | |

**    ***PSC DISCUSSION:***

    *(1)    PSC uses broad term "sales representatives" and Merck uses the limited term "Merck Professional Representatives" - these terms are not necessarily synonymous.  For example, Merck's term may not apply to "non-professionals" nor to detailers, sales persons, etc, in training.*

    *(2)    Merck omits the "telephone number"*

    *(3)    Merck response omits "telephone contacts", "electronic contacts", etc... PSC requires "all contacts".*

    *(4)    Merck limits its response to "relevant time period" as per its preamble (See Plaintiffs' Comment #2 to Preamble to Defendant Merck's Submission*

II.B.     <u>PSC:</u>

    2.     For each Merck sales representative identified above, please identify or produce his/her custodial file, including and all personal notes, calender entries, computer entries, backgrounder documents, marketing information that is/was in their possession concerning Vioxx or any other pain relief medication.

_____

II.B.     <u>Merck:</u>

Merck omits response to PSC II.B.2. but responds as follows:

    3.     For each Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form Merck will provide a report or series of reports that contain the following information during the relevant time period set forth above:

    *     The text of VIOXX®-related call notes and customer belief notes, if any, recorded by Professional Representatives relating to their VIOXX®-related detail calls with the Prescribing Health Care Provider;

| Identity of Merck Professional Representative | Date of VIOXX® related Call Notes | Text of VIOXX®-related Call Notes |
|---|---|---|
| | | |

    *     In addition, Merck will produce the custodial file for the Merck Professional Representative identified above in this Individual Case Profile Form twenty (20) days prior to the deposition date of that Professional Representative that has been both properly noticed and agreed-upon by counsel for both parties.

** ***PSC DISCUSSION:***

> *There is no reason why an individual plaintiff attorney should not receive a copy of the "custodial file" of the Merck salesperson and other information requested with the return of the Merck form.  The information is needed whether a deposition is noticed or taken.*

> *Information requested relates directly to "learned intermediary" defense, etc.  Also, necessary for class certification issues regarding pattern of conduct. withholding of information to providers and consumers, direct to consumer advertising and prescriptive reliance.*

> *There is no reason why Merck should only have to produce this only after a Merck "professional representative has been properly notices and agreed upon by counsel for both parties."  This deprives plaintiff of the ability of using the custodial file information to make a decision to take the detailer deposition in the first place.  In other words, we should not be "locked " into taking a detailer deposition as a condition of getting that witnesses file.*

II.B.    PSC:

    3.    For each Merck sales representative identified above, please identify and produce any and all call notes, customer belief notes or other documents that reflects or refers to any communications with any of plaintiff's prescribing health care providers.

---

II.B.    Merck:

    3.    For each Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form Merck will provide a report or series of reports that contain the following information during the relevant time period set forth above:

    *    The text of VIOXX®-related call notes and customer belief notes, if any, recorded by Professional Representatives relating to their VIOXX®-related detail calls with the Prescribing Health Care Provider;

| Identity of Merck Professional Representative | Date of VIOXX® related Call Notes | Text of VIOXX®-related Call Notes |
|---|---|---|
|  |  |  |

    \*    In addition, Merck will produce the custodial file for the Merck Professional Representative identified above in this Individual Case Profile Form twenty (20) days prior to the deposition date of that Professional Representative that has been both properly noticed and agreed-upon by counsel for both parties.

\*\*    *PSC DISCUSSION:*

*The significant difference is that Merck says it will only produce "text" rather than the document which infers that other information on the document, i.e. any notes by others, identifiers, etc. may be excluded.  PSC is entitled to the document as is and to determine the way in which text is recorded.*

II.B.    PSC:

    4.    For each Merck sales representative identified above, please identify and produce documents, including journal articles, informational material or promotional information that the sales representative or detail person distributed to or discussed with plaintiff's prescribing health care providers.

_____

II.B.    Merck:

**NO RESPONSE BY MERCK**

\*\*    *PSC DISCUSSION*:

*Any written information which was given to or sent by Merck representatives about Vioxx or other Cox 2's / NSAIDs which may have influenced provider / dispenser and which*

*bears upon their ultimate decision as to the cause of plaintiff's injuries is relevant.*

II.B.     PSC:

     5.     For each sales representative identified above, please identify and produce Vioxx-related weekly notes.

_____

II.B.     Merck:

     *     The text of VIOXX® related weekly notes, if any, recorded by Professional Representatives relating to their VIOXX®-related detail calls with the Prescribing Health Care Provider;

| Identity of Merck Professional Representative | Date of VIOXX® related Call Notes | Text of VIOXX®-related Call Notes |
|---|---|---|
|  |  |  |

**     **PSC DISCUSSION:**

*Here again, Merck will only provide "text" and not copies of the "weekly notes"*

II.B.     PSC:

     6.     For each sales representative identified above, please state whether he/she is has been investigated or reprimanded for his/her marketing practices by either Merck or some other governmental agency.  If your answer is "yes", please state whether the investigation is complete and the results of the investigation and identify or produce documents which refer to the investigation or reprimand.

_____

II.B.    Merck:

<strong>NO RESPONSE BY MERCK</strong>

**\*\*    *PSC DISCUSSION:***

*Merck has requested plaintiffs' criminal records and psychiatric records of a highly personal nature but refuses to produce employment reprimands and investigations, etc., of its own employees.*

II.B.    PSC:

7.    For each prescribing health care provider, please state whether Merck or its representatives ever provided him or her (or anyone in their practice) Vioxx samples.  If the answer is "yes," please state:

A.)    The number or sample packets provided and the dosages provided;

B)    The dates that they were shipped and/ or provided;

C.)    The lot numbers for the samples provided on each date identified;

D.)    The identity of the person or persons who provided the samples.

*NOTE: Please attach hereto any documentation that refers or related to the information requested above and attach a copy or copies of the packaging for samples that were provided.*

II.B.    Merck::   See Section II. B. 2., as follows:

2.    For each Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form, Merck will provide a report that contains the following information: (a) the identity of the Merck Sales Representative who left VIOXX® samples with the Prescribing Health Care Provider during the relevant time period set forth above; (b) the dates on which VIOXX® samples were left with the Prescribing Health Care

Provider; and (c) the number and dosage of VIOXX® samples left with the Prescribing Health Care Provider.

| Identity of Merck Professional Representative | Date of VIOXX® Sample Delivery | VIOXX® Sample Dosage | Number of VIOXX® Samples |
|---|---|---|---|
|  |  |  |  |

**\*\***   ***PSC DISCUSSION:***

*Merck excludes important information about lot numbers, samples and the identity of the persons who provided samples. A plaintiff is entitled to know the lot number of the sample. This information has a direct correlation with the prescription, dispensing and ingestion of Vioxx by a plaintiff or decedent. The dates of samples given to a healthcare provider or dispenser and the corresponding lot numbers are relevant.*

III.   PSC:

**III**   **Consulting With Plaintiff's Dispensing Health Care Provider**

1.   In Section IV(A) of Plaintiff's Profile Form, plaintiff identified his/her prescribing health care provider(s)  If you have ever retained any of plaintiff's prescribing health care providers as a "thought leader," a member of Merck's Speaker Program, a Merck Clinical Investigator, or a consultant in any other capacity on the subject of pain medications (including Vioxx, Celebrex, Bextra or any other NSAID) or cardiovascular risk, please state

a.)   The identity of the heath care provider consultant:

_____.

b.)   The dates they were affiliated with Merck:

_____

c.)  The amount of money Merck paid in expenses, honoraria and fees, per calender year.

_____

d.)  Please identify or produce all consulting agreements and contracts.

_____

III.  <u>Merck:</u>

**III.  <u>Consulting With Plaintiff's Prescribing Health Care Provider</u>**

1.  In Section IV.A of Plaintiff's Profile Form, plaintiff identified his/her Prescribing Health Care Provider(s).  To the extent that Merck has records, Merck will identify:  (a) whether the Prescribing Health Care Provider(s) ever acted as a consultant for VIOXX® or a clinical investigator for a clinical trial on VIOXX®, (b) the date that the Prescribing Health Care Provider began acting in the applicable role; and (c) the compensation paid by Merck to the Prescribing Health Care Provider for acting as a consultant for VIOXX® or a clinical investigator for clinical trial on VIOXX®. To the extent that Merck has such records, Merck will also provide a copy of any contract and/or consulting agreement between the Prescribing Health Care Provider(s) and Merck.

| Identity of Plaintiff's Prescribing Health Care Provider who Acted as a Consultant or Clinical Investigator for Merck | Date(s) that the Plaintiff's Prescribing Health Care Provider Began Acting as a Consultant or Clinical | Compensation paid by Merck to Prescribing Health Care Provider For Serving as a Consultant or Clinical Investigator |
|---|---|---|

| | Investigator | |
|---|---|---|
| | | |

2. In Section IV.A of Plaintiff's Profile Form, Plaintiff identified his/her Prescribing Health Care Provider(s). If Merck has a record of the Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form participating in a speaker program with regard to VIOXX®, osteoarthritis, pain or any other topic related to VIOXX® or NSAIDs, Merck will provide the following information:

| The Name of the Speaker | The Date of the Program | The Location of the Program | The Topic of the Program | The Honorarium Paid to the Speaker |
|---|---|---|---|---|
| | | | | |

\* Additionally, Merck will identify the names of the health care providers and Merck employees of whom Merck has a record of attending the program.

3. In Section IV.A of Plaintiff's Profile Form, Plaintiff identified his/her Prescribing Health Care Provider(s). If Merck has a record of Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form ever attending a VIOXX®-related program, Merck will provide the following information:

| The Name of the Speaker | The Date of the Program | The Location of the Program | The Topic of the Program | The Honorarium Paid to the Speaker |
|---|---|---|---|---|
| | | | | |

\* Additionally, Merck will identify the names of the Health Care Providers and Merck employees whom Merck has a record of attending the program.

4. To the extent that Merck has records, Merck will provide a copy of any contracts and/or consulting agreements between the Prescribing Health Care Provider(s) identified in Section III above and Merck.

5. Merck will provide copies of any documents relating to any specific requests to Merck's National Service Center from the Prescribing Health

Care Provider regarding VIOXX® and Merck's response thereto.

**    ***PSC DISCUSSION:***

*Merck omits information as to whether a plaintiff's provider or dispenser was a "consultant" or in "another capacity" with Merck on the subject of pain medications including Cox2s and NSAIDs. Such information is necessary to determine the bias, qualifications, conflicts of interest, etc., as among Merck, its representatives, plaintiffs' providers / dispensers. Further, Merck omits to provide dates of affiliation. Such information is relevant and necessary. Merck unreasonably limits its response to clinical trials on Vioxx as distinguished from consultants for purposes other than clinical trials or with reference to other Cox2s or NSAIDs*

III.    PSC:

2.    For each of plaintiff's prescribing healthcare providers identified in section III(A) above, please state whether they were ever invited to attend and/or did in fact attend any Merck sponsored conferences or events.   If your answer is "yes," please state:

a.)    The identity of the health care provider attendee::

b.)    The title, location and date of the speaker's program attended:

c.)    The topic of the speaker's program:.

d.)    All speakers at the speaker's Program:

e.)    Please provide or identify the agenda/brochure for the conference or program

III.    Merck:

**III.    Consulting With Plaintiff's Prescribing Health Care Provider**

1.    In Section IV.A of Plaintiff's Profile Form, plaintiff identified his/her Prescribing Health Care Provider(s).  To the extent that Merck has records, Merck will identify:  (a) whether the Prescribing Health Care Provider(s)

ever acted as a consultant for VIOXX® or a clinical investigator for a clinical trial on VIOXX®, (b) the date that the Prescribing Health Care Provider began acting in the applicable role; and (c) the compensation paid by Merck to the Prescribing Health Care Provider for acting as a consultant for VIOXX® or a clinical investigator for clinical trial on VIOXX®. To the extent that Merck has such records, Merck will also provide a copy of any contract and/or consulting agreement between the Prescribing Health Care Provider(s) and Merck.

| Identity of Plaintiff's Prescribing Health Care Provider who Acted as a Consultant or Clinical Investigator for Merck | Date(s) that the Plaintiff's Prescribing Health Care Provider Began Acting as a Consultant or Clinical Investigator | Compensation paid by Merck to Prescribing Health Care Provider For Serving as a Consultant or Clinical Investigator |
|---|---|---|
|  |  |  |

2.   In Section IV.A of Plaintiff's Profile Form, Plaintiff identified his/her Prescribing Health Care Provider(s).  If Merck has a record of the Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form participating in a speaker program with regard to VIOXX®, osteoarthritis, pain or any other topic related to VIOXX® or NSAIDs, Merck will provide the following information:

| The Name of the Speaker | The Date of the Program | The Location of the Program | The Topic of the Program | The Honorarium Paid to the Speaker |
|---|---|---|---|---|
|  |  |  |  |  |

*   Additionally, Merck will identify the names of the health care providers and Merck employees of whom Merck has a record of attending the program.

3.   In Section IV.A of Plaintiff's Profile Form, Plaintiff identified his/her Prescribing Health Care Provider(s).  If Merck has a record of Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form ever attending a VIOXX®-related program, Merck will provide the following information:

| The Name of the Speaker | The Date of the Program | The Location of the Program | The Topic of the Program | The Honorarium Paid to the Speaker |
|---|---|---|---|---|
|  |  |  |  |  |

\*      Additionally, Merck will identify the names of the Health Care Providers and  Merck employees whom Merck has a record of attending the program.

4.      To the extent that Merck has records, Merck will provide a copy of any contracts and/or consulting agreements between the Prescribing Health Care Provider(s) identified in Section III above and Merck.

5.      Merck will provide copies of any documents relating to any specific requests to Merck's National Service Center from the Prescribing Health Care Provider regarding VIOXX® and Merck's response thereto.

**      *PSC DISCUSSION:*

*Merck omits to identify all speakers at the program (IIId).  Merck omits to identify the agendas and brochures for the conferences or programs (IIIe).*

III. 3.   <u>PSC:</u>

3.      Has plaintiff's Prescribing healthcare provider ever contacted you to request information concerning Vioxx, its indications, its effects and/or its risks?

        _____              _____
        Yes                   No

If your answer is "yes," please identify and attach any document which refers to your communication with plaintiff's Prescribing healthcare provider.

_____

III. 5  <u>Merck:</u>

Section III. 5. provides as follows:

Merck will provide copies of any documents relating to any specific requests to Merck's National Service Center from the Prescribing Health Care Provider regarding VIOXX® and Merck's response thereto.

**IV.      Contacts With Merck Regarding Plaintiff**

      A.      To the extent that Merck has any records of Plaintiff contacting Merck regarding VIOXX, Merck will provide a copy of such records.

      B.      To the extent that Merck can identify Plaintiff as the subject of an Adverse Event report for VIOXX, Merck will provide solely to Plaintiffs' counsel of record a copy of the Adverse Event report and associated WAES files that relate to Plaintiff. Consistent with FDA regulations, Merck's production of this information will not disclose the identity of the voluntary reporter.  Moreover, Merck will not produce any other Adverse Event information that relates to any individual other than Plaintiff.

**\*\*      *PSC DISCUSSION:***

*Merck limits unreasonably the requests to its National Service Center rather than to "any requests".  Here, there may have been contacts with other Merck specific employees, consultants, investigators, etc.*

IV      <u>PSC</u> :

**IV      Plaintiff's Prescribing Health Care Provider's Prescribing Practices**

In Section IV(A) of plaintiff's fact sheet, plaintiff identified his/her Prescribing health care provider(s).  For each listed provider, please state and produce the following:

      1.      Do you have or have you had access to any database or information which purports to track any of plaintiff's Prescribing healthcare provider's prescribing practices with respect to Vioxx, Celebrex, Bextra or any other prescription NSAID (e.g. Voltaren) (including, but not limited to the product(s)  prescribed, the number or prescriptions, the number of refills and the time frame when these products were prescribed or (re) filled)

              _____       _____
              Yes           No

If your answer is "yes," please produce or identify the database or document which captures that information.

IV.   Merck:

## NO RESPONSE FROM MERCK

**   ***PSC DISCUSSION:***

*The information requested relates directly to Merck's knowledge of its prescriber / dispenser base, the effects or potential effects of direct to consumer advertising as it relates to patient / provider relationships and communications, as to whether providers / dispensers practices allow, dictate or recommend that clinical personnel, nurses and/or non-professionals act, interact, react or communicate with representatives of Merck and detailers and how these communications may filter to plaintiffs - efforts by Merck to persuade providers / dispensers to switch drugs from Pfizer or other manufacturers. Merck's statement that some of the information is provided by a third party subject to a confidentiality or non-disclosure agreement - if that be the case should require Merck to produce such agreements to this Court and also provide the PSC and plaintiffs with the name of the resource, its address, names and positions of all resource's employees communicating with Merck regarding such information (In order that such resource will be made subject to third party discovery and orders of this Court).*

VI.  1. 2. 3. <u>PSC:</u>

**VI**   **Plaintiff's Medical Condition**

1.   Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of plaintiff concerning plaintiff?

          _____          _____
             Yes                  No

If your answer is "yes", please a.) state the name of the person(s) who contacted you, b.) state the person(s) who were contacted including their name, address and telephone number and, .c.) produce or identify any and all documents which reflect any communication between any person and you concerning plaintiff.

2.   Please produce a copy of any MedWatch form which refers or relates to plaintiff, including back-up documentation concerning plaintiff and any evaluation you did concerning the plaintiff.

3.   Please identify the person or persons who provided information responsive

to Section IV or any of its subparts

_____

IV A. B. <u>Merck:</u>

**IV.**      **<u>Contacts With Merck Regarding Plaintiff</u>**

     A.      To the extent that Merck has any records of Plaintiff contacting Merck regarding VIOXX, Merck will provide a copy of such records.

     B.      To the extent that Merck can identify Plaintiff as the subject of an Adverse Event report for VIOXX, Merck will provide solely to Plaintiffs' counsel of record a copy of the Adverse Event report and associated WAES files that relate to Plaintiff. Consistent with FDA regulations, Merck's production of this information will not disclose the identity of the voluntary reporter.  Moreover, Merck will not produce any other Adverse Event information that relates to any individual other than Plaintiff.

**\*\* *PSC DISCUSSION:***

> *There is a significant difference. In addition to asking for the Medwatch and any back up documentation collected by them in the normal course of business, we ask for "any evaluation you did concerning the plaintiff." See, Question no. 2.  If, in the normal course of (pre-litigation) business, they or their consultants performed a causation analysis, we should be entitled to it.*

VII. 1. 2. 3. <u>PSC:</u>

**VII.**      **<u>Advertising</u>**

     1.      Did you advertise Vioxx in the Media Market that plaintiff lived at the time that he/she took Vioxx?

         _____           _____
           Yes                      No

     2.      If your answer to the preceding question is "yes," please identify all such advertising stating the nature of the advertisement (i.e., in magazines, newspapers, television or other media), the identity of the media outlet, the dates that the advertisements ran, and the cost of the ad campaign

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran and cost of the campaign |
|---|---|---|---|
| | | | |

*Please provide or identify true and accurate copies of any advertisement identified above*

3.   Did you advertise Vioxx in the Media Market that plaintiff's prescribing healthcare provider's office was located at the time that plaintiff took Vioxx?

           _____                _____

           Yes                       No

4.   If your answer to the preceding question is "yes," please identify all such advertising stating the nature of the advertisement (i.e., in magazines, newspapers, television or other media), the identity of the media outlet and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran and cost of the campaign |
|---|---|---|---|
| | | | |

*Please provide copies of true and accurate copies of any advertisement identified above*

VII 1. 2. 3. <u>Merck:</u>

    V.   **Advertising**

        A.   Merck has already produced considerable national information relating to VIOXX advertising and marketing.  Merck will produce additional information relating to VIOXX advertising and marketing in response to non-duplicative master interrogatories and document requests to be served

by the PSC.

**\*\*    *PSC DISCUSSION:***

*Merck's response is entirely non-responsive. The general information requested in prior Master Discovery in New Jersey and requested by the PSC in MDL #1657 has no specific application to an individual plaintiff. Where Merck still advocates legal defenses related to "learned intermediary", "reliance", "notice", "statute of limitations", "preemption" and "peremption" - the information requested is crucial to plaintiffs' evaluation and preparation of an individual case for evaluation, discovery and trial. The compilation of such information including detailer and marketing information is necessary in the context of class certification proofs and defenses, as is detailers, Merck sales representatives contacts and representations.*

### *PSC GENERAL COMMENT & DISCUSSION*

*Merck insists on dismissal of plaintiff claims which are deemed non-responsive or insufficient as to Plaintiff Individual Profile Form (within certain time periods and extensions). Correspondingly, PSC insists that the defenses of Merck to liability, causation and statutes of limitations be struck if Merck's responses to a Merck Individual Case Profile Form (within certain time period and extensions) be deemed insufficient or non-responsive. The PSC's requests here are all necessary to prepare individual cases for evaluation, discovery and trial within a reasonable time frame, to expedite analysis and evaluation of individual cases by all parties and to provide an even and equitable playing field to plaintiffs and Merck. Whereas, Merck limits its response to Merck as a defendant. It is requested that Merck be ordered not to provide directly or indirectly any information on the Individual Plaintiffs' Profile Form or Merck's Individual Case Profile Form without the prior written consent of the PEC and the individual attorney representing an individual plaintiff.*

## *CERTIFICATE OF SERVICE*

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this ___13___ day of ___June___, 2005.

### PSC SUBMISSION OF MERCK INDIVIDUAL CASE PROFILE FORM
### (DRAFT 5 - MAY 20, 2005)

**Draft–For Discussion and for Negotiation purposes only**

**In Re: Vioxx Product Liability Litigation**

**MDL No. 1657**

### DEFENDANT MERCK CASE PROFILE FORM

For each case, Defendant Merck must complete this Case Profile Form.  This Case Profile Form  must be completed and served on all counsel in the action identified in Section I below. This must be answered and served 60 days after the date that the Plaintiff's Profile Form has been served on Defendant Merck & Co.

You should attach additional sheets of paper if that is necessary to completely answer the following questions.

I.      **Case Information**

This defendant fact sheet pertains to the following case:

Case caption:_____

Civil Action No._____

Court in which action was originally filed:_____

Name and Address of all person(s) who provided information responsive to the questions posed in this fact sheet:

A:      _____
        (Name)

        _____
        (Address)

        _____


II.     **Contacts With Dispensing Health Care Provider**

-1-

In Section IV(A.) of Plaintiff's Profile Form, plaintiff identified persons or entities who prescribed or dispensed Vioxx to plaintiff (hereinafter "Prescribing Health Care Provider"). For each prescribing health care provider identified, please state and, where requested, provide the following:

A.)     Dear Doctor or Dear Healthcare Provider Letters:

   1.     For each "Dear Doctor" or "Dear Healthcare Provider" letter that you contend was *actually sent* to plaintiff's prescribing health care provider, please: a.) identify the letter sent; b.) state the date that each letter was actually sent to plaintiff's dispensing health care provider; c.) state the person to whom each letter was actually sent, d.) state  the address where it was sent, e.) identify the database or documents that demonstrate these facts and,  f.)  identify the persons who provided information responsive to this request.

---

*NOTE:  Please attach hereto a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

B.     OTHER CONTACTS

   1.     For each prescribing health care provider identified, please identify all contacts between Merck sales representatives and that provider please produce the following information:

| Plaintiff's Dispensing Health Care Provider | Identity and last known address and telephone number Merck representative | The current relationship, if any, between Merck and the sales representative | Date(s) of Contact |
|---|---|---|---|
|  |  |  |  |

   2.     For each Merck sales representative identified above, please identify or produce his/her custodial file, including and all personal notes, calender entries, computer entries, backgrounder documents, marketing information that is/was in their possession concerning Vioxx or any other pain relief medication.

---

3.      For each Merck sales representative identified above, please identify and produce any and all call notes, customer belief notes or other documents that reflects or refers to any communications with any of plaintiff's prescribing health care providers.

_____

4.      For each Merck sales representative identified above, please identify and produce documents, including journal articles, informational material or promotional information that the sales representative or detail person distributed to or discussed with plaintiff's prescribing health care providers.

_____

5.      For each sales representative identified above, please identify and produce Vioxx-related weekly notes.

_____

6.      For each sales representative identified above, please state whether he/she is has been investigated or reprimanded for his/her marketing practices by either Merck or some other governmental agency.  If your answer is "yes", please state whether the investigation is complete and the results of the investigation and identify or produce documents which refer to the investigation or reprimand.

_____

7.      For each prescribing health care provider, please state whether Merck or its representatives ever provided him or her (or anyone in their practice) Vioxx samples.  If the answer is "yes," please state:

     A.)    The number or sample packets provided and the dosages provided;

     B)    The dates that they were shipped and/ or provided;

     C.)    The lot numbers for the samples provided on each date identified;

     D.)    The identity of the person or persons who provided the samples.

-3-

NOTE:    *Please attach hereto any documentation that refers or related to the information requested above and attach a copy or copies of the packaging for samples that were provided.*

8.    Please identify the person or persons who provided information responsive to Section II or any of its subparts.

_____

**III**    **Consulting With Plaintiff's Dispensing Health Care Provider**

1    In Section IV(A) of Plaintiff's Profile Form, plaintiff identified his/her prescribing health care provider(s)  If you have ever retained any of plaintiff's prescribing health care providers as a "thought leader," a member of Merck's Speaker Program, a Merck Clinical Investigator, or a consultant in any other capacity on the subject of pain medications (including Vioxx, Celebrex, Bextra or any other NSAID) or cardiovascular risk, please state

    a.)    The identity of the heath care provider consultant:

    _____.

    b.)    The dates they were affiliated with Merck:

    _____

    c.)    The amount of money Merck paid in expenses, honoraria and fees, per calender year.

    _____

    d.)    Please identify or produce all consulting agreements and contracts.

    _____

2.    For each of plaintiff's prescribing healthcare providers identified in section III(A) above, please state whether they were ever invited to attend and/or did in fact attend any Merck sponsored conferences or events.   If your answer is "yes," please state:

    a.)    The identity of the health care provider attendee::

    _____.

    b.)    The title, location and date of the speaker's program

-4-

attended:

    c.)    The topic of the speaker's program:.

    d.)    All speakers at the speaker's Program:

    e.)    Please provide or identify the agenda/brochure for the conference or program

3.    Has plaintiff's Prescribing healthcare provider ever contacted you to request information concerning Vioxx, its indications, its effects and/or its risks?

    Yes        No

If your answer is "yes," please identify and attach any document which refers to your communication with plaintiff's Prescribing healthcare provider.

4.    Please identify the person or persons who provided information responsive to Section III or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Merck and the dates of employment.

**IV**    **Plaintiff's Prescribing Health Care Provider's Prescribing Practices**

In Section IV(A) of plaintiff's fact sheet, plaintiff identified his/her Prescribing health care provider(s).  For each listed provider, please state and produce the following:

1.    Do you have or have you had access to any database or information which purports to track any of plaintiff's Prescribing healthcare provider's prescribing practices with respect to Vioxx, Celebrex, Bextra or any other prescription NSAID (e.g. Voltaren) (including, but not limited to the

product(s) prescribed, the number or prescriptions, the number of refills and the time frame when these products were prescribed or (re) filled)

_____     _____
Yes               No

If your answer is "yes," please produce or identify the database or document which captures that information.

_____

## VI    Plaintiff's Medical Condition

1.    Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of plaintiff concerning plaintiff?

_____         _____
        Yes                   No

If your answer is "yes", please a.) state the name of the person(s) who contacted you, b.) state the person(s) who were contacted including their name, address and telephone number and, .c.) produce or identify any and all documents which reflect any communication between any person and you concerning plaintiff.

2.    Please produce a copy of any MedWatch form which refers or relates to plaintiff, including back-up documentation concerning plaintiff and any evaluation you did concerning the plaintiff.

3.    Please identify the person or persons who provided information responsive to Section IV or any of its subparts

_____

## VII.    Advertising

1.    Did you advertise Vioxx in the Media Market that plaintiff lived at the time that he/she took Vioxx?

_____         _____
        Yes                   No

2.    If your answer to the preceding question is "yes," please identify all such advertising stating the nature of the advertisement (i.e., in magazines, newspapers, television or other media), the identity of the media outlet,

-6-

the dates that the advertisements ran, and the cost of the ad campaign

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran and cost of the campaign |
|---|---|---|---|
| | | | |

*Please provide or identify true and accurate copies of any advertisement identified above*

3.      Did you advertise Vioxx in the Media Market that plaintiff's prescribing healthcare provider's office was located at the time that plaintiff took Vioxx?

        _____                        _____
        Yes                            No

4.      If your answer to the preceding question is "yes," please identify all such advertising stating the nature of the advertisement (i.e., in magazines, newspapers, television or other media),the identity of the media outlet and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran and cost of the campaign |
|---|---|---|---|
| | | | |

*Please provide copies of true and accurate copies of any advertisement identified above*

**VIII.   Documents**

To the extent you have not already done so, please produce a copy of all documents and things that fall into the categories listed below.  These include documents in the possession of any of your present and former employees, including information provided to your attorneys:

1.      Any document which relates to or refers to plaintiff.

2.      Any document sent to or received from any of plaintiff's prescribing physicians.

3.      Any document reflecting any actual communication between you and plaintiff's prescribing physician's concerning the risks cardiovascular risks associated with any COX-2 drug

4.      Any document which purports to describe the prescribing practices of any of plaintiff's prescribing physicians.

## **CERTIFICATION**

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge and that I have supplied all requested documents to the extent that such documents are in my possession, custody and control (including the custody and control of my lawyers).

_____          _____          _____

Signature                                      Print name                                    Date

-8-

**DEFENDANTS' SUBMISSION OF DEFENDANT MERK'S INDIVIDUAL CASE PROFILE FORM (DRAFT JUNE 1, 2005)**

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to All Cases** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT MERCK'S INDIVIDUAL CASE PROFILE FORM

This Individual Case Profile Form will be provided only for plaintiffs alleging injury resulting from a thrombotic cardiovascular event resulting in a myocardial infarction or ischemic stroke ("Cardiovascular Event"). An Individual Case Profile Form will not be provided by Merck for any other alleged VIOXX-related injury. The information provided in this Individual Case Profile Form, where identified below, will be limited to the period of time up to six months after the date of injury identified in Plaintiff's Profile Form. Merck's agreement to produce information on this Individual Case Profile Form is further contingent on the agreement by the Plaintiffs' Steering Committee or Plaintiff's counsel of record not to seek duplicative information in discovery.

To the extent that Merck produces information or records responsive to the questions or categories listed below in discovery in MDL No. 1657, Merck is not required to re-produce such information in this Individual Case Profile Form, provided that Merck identifies on this form the prior production of the responsive information.

Where applicable, Merck may respond to questions in this Individual Case Profile Form by referring to a report or reports it provides contemporaneously with this Individual Case Profile Form.

I.    **Case Information**

This Individual Case Profile Form pertains to the following case:

Case caption: _____

Civil Action No. _____

Court in which action was originally filed: _____

A.      Name and Address of all person(s) who provided information responsive to the questions posed in this fact sheet:

1.
(Name)
(Address)

2.
(Name)
(Address)

II.      **Contacts With Prescribing Health Care Providers**

In Section IV.A of Plaintiff's Profile Form, Plaintiff identified a person or persons who prescribed VIOXX® to Plaintiff (hereinafter "Prescribing Health Care Provider"). For each Prescribing Health Care Provider so identified, Merck will provide the following information:

A.      Letters To Prescribing Heath Care Provider

1.      Merck will identify any "Dear Doctor" or "Dear Healthcare Provider" letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

In addition, Merck will identify any Professional Information Request letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

2.      Merck will provide a certification that the information listed in Section II.A.1 is true and correct.

B.      Other Contact With Prescribing Heath Care Providers

1.      For each Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form, Merck will provide a report that contains the following information: (a) the identity of any Merck Professional Representative(s) who recorded a detail call(s) regarding VIOXX® on the identified Prescribing Health Care Provider within the relevant time period set forth above; (b) the dates of such detail calls; (c) whether each

774952v.1

identified Merck Professional Representative is a current Merck employee; and (d) the last known address of the identified former Merck Professional Representative(s).

| Identity of Merck Professional Representative | Date of Detail Call(s) | The Employment Status of the Merck Professional Representative | Last Known Address of Former Merck Professional Representative |
|---|---|---|---|
| | | | |

2.    For each Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form, Merck will provide a report that contains the following information: (a) the identity of the Merck Sales Representative who left VIOXX® samples with the Prescribing Health Care Provider during the relevant time period set forth above; (b) the dates on which VIOXX® samples were left with the Prescribing Health Care Provider; and (c) the number and dosage of VIOXX® samples left with the Prescribing Health Care Provider.

| Identity of Merck Professional Representative | Date of VIOXX® Sample Delivery | VIOXX® Sample Dosage | Number of VIOXX® Samples |
|---|---|---|---|
| | | | |

3.    For each Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form Merck will provide a report or series of reports that contain the following information during the relevant time period set forth above:

- The text of VIOXX®-related call notes and customer belief notes, if any, recorded by Professional Representatives relating to their VIOXX®-related detail calls with the Prescribing Health Care Provider;

| Identity of Merck Professional Representative | Date of VIOXX® related Call Notes | Text of VIOXX®-related Call Notes |
|---|---|---|
| | | |

- The text of VIOXX® related weekly notes, if any, recorded by Professional Representatives relating to their VIOXX®-related detail calls with the Prescribing Health Care Provider;

| Identity of Merck Professional Representative | Date of VIOXX® related Weekly Notes | Text of VIOXX®-related Weekly Notes |
|---|---|---|
| | | |

- Merck will identify the person or persons who provided information responsive to section II or any of its subparts.

- In addition, Merck will produce the custodial file for the Merck Professional Representative identified above in this Individual Case Profile Form twenty (20) days prior to the deposition date of that Professional Representative that has been both properly noticed and agreed-upon by counsel for both parties.

III.   **Consulting With Plaintiff's Prescribing Health Care Provider**

1.   In Section IV.A of Plaintiff's Profile Form, plaintiff identified his/her Prescribing Health Care Provider(s).  To the extent that Merck has records, Merck will identify:  (a) whether the Prescribing Health Care Provider(s) ever acted as a consultant for VIOXX® or a clinical investigator for a clinical trial on VIOXX®, (b) the date that the Prescribing Health Care Provider began acting in the applicable role; and (c) the compensation paid by Merck to the Prescribing Health Care Provider for acting as a consultant for VIOXX® or a clinical investigator for clinical trial on VIOXX®. To the extent that Merck has such records, Merck will also provide a copy of any contract and/or consulting agreement between the Prescribing Health Care Provider(s) and Merck.

774952v.1

| Identity of Plaintiff's Prescribing Health Care Provider who Acted as a Consultant or Clinical Investigator for Merck | Date(s) that the Plaintiff's Prescribing Health Care Provider Began Acting as a Consultant or Clinical Investigator | Compensation paid by Merck to Prescribing Health Care Provider For Serving as a Consultant or Clinical Investigator |
|---|---|---|
| | | |

2.    In Section IV.A of Plaintiff's Profile Form, Plaintiff identified his/her Prescribing Health Care Provider(s).  If Merck has a record of the Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form participating in a speaker program with regard to VIOXX®, osteoarthritis, pain or any other topic related to VIOXX® or NSAIDs, Merck will provide the following information:

| The Name of the Speaker | The Date of the Program | The Location of the Program | The Topic of the Program | The Honorarium Paid to the Speaker |
|---|---|---|---|---|
| | | | | |

- Additionally, Merck will identify the names of the health care providers and Merck employees of whom Merck has a record of attending the program.

3.    In Section IV.A of Plaintiff's Profile Form, Plaintiff identified his/her Prescribing Health Care Provider(s).  If Merck has a record of Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form ever attending a VIOXX®-related program, Merck will provide the following information:

| The Name of the Speaker | The Date of the Program | The Location of the Program | The Topic of the Program | The Honorarium Paid to the Speaker |
|---|---|---|---|---|
| | | | | |

- Additionally, Merck will identify the names of the Health Care Providers and Merck employees whom Merck has a record of attending the program.

4.    To the extent that Merck has records, Merck will provide a copy of any contracts and/or consulting agreements between the Prescribing Health Care Provider(s) identified in Section III above and Merck.

5.   Merck will provide copies of any documents relating to any specific requests to Merck's National Service Center from the Prescribing Health Care Provider regarding VIOXX® and Merck's response thereto.

## IV.   **Contacts With Merck Regarding Plaintiff**

A.   To the extent that Merck has any records of Plaintiff contacting Merck regarding VIOXX, Merck will provide a copy of such records.

B.   To the extent that Merck can identify Plaintiff as the subject of an Adverse Event report for VIOXX, Merck will provide solely to Plaintiffs' counsel of record a copy of the Adverse Event report and associated WAES files that relate to Plaintiff. Consistent with FDA regulations, Merck's production of this information will not disclose the identity of the voluntary reporter. Moreover, Merck will not produce any other Adverse Event information that relates to any individual other than Plaintiff.

## V.   **Advertising**

A.   Merck has already produced considerable national information relating to VIOXX advertising and marketing. Merck will produce additional information relating to VIOXX advertising and marketing in response to non-duplicative master interrogatories and document requests to be served by the PSC.

I verify under oath that the above responses are true and correct to the best of my knowledge.

Dated _____                Name of Merck Employee Completing Form

774952v.1