# STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

PHILLIP A. WITTMANN
DIRECT DIAL: (504) 593-0804
DIRECT FAX: (504) 596-0804
E-Mail: pwittmann@stonepigman.com

OUR FILE NUMBER

66,000



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 14 PM 12: 08

LORETTA G. WHYTE
CLERK

June 13, 2005

Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Camp Street, C456
New Orleans, LA 70130

Re:   In re: VIOXX MDL 1657 - Profile Forms

Dear Judge Fallon:

      As the Court is aware, the parties agreed on the information to be included on the Plaintiffs' Profile Forms ("PPF") and delivered a copy of the PPF and the Authorizations to the Court on May 27, 2005. At that time, the parties were still discussing the content of the Pre-trial Order relating to the time for filing PPFs and the access to the records received by defendants pursuant to the Authorizations. I believe that we have resolved those issues and I am attaching to this letter, as Appendix 1, a proposed Pre-trial Order governing the PPF and the Authorizations.

      Plaintiffs' Liaison Counsel has not agreed to a separate Pre-trial Order for the PPFs and wants one order to cover both the PPFs and the Merck Profile Forms ("MPF") with reciprocal filing time requirements. Plaintiffs' fundamental position is that they should receive separate MPF's promptly regarding each of the potentially thousands of cases in this MDL as a *quid pro quo* for their completion of PPFs in each of those cases. In contrast, Merck contends that it should be required to complete MPFs at this time only for the pool of cases that are being considered as trial candidates. Merck believes that plaintiffs' position should be rejected for at least three reasons:

      ***First,*** plaintiffs' suggestion that the PPFs and MPFs will serve comparable purposes indicates a fundamental misunderstanding about the proper, traditional role of fact sheets in MDL litigation. Plaintiffs' fact sheets (as used in Propulsid, Baycol, PPA, Fen-Phen, Prempro, Welding Rods and other recent mass tort litigation matters) have become a staple in MDL proceedings, because they permit both the MDL court and the parties to assess the number

    Fee_____
    X Dktd_____
    ___ CtRmDep_____
    ___ Doc. No_____

776073v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 2

June 13, 2005

and potential categorizations of claims and claimants and to isolate unfounded or marginal claims that are unlikely to be rigorously pursued. The plaintiffs' fact sheets simply gather basic, readily available information about each claim so as to augment the bare-bones complaints often filed by plaintiffs (especially where – as is proposed here – claimants use a master complaint that is largely devoid of case-specific factual allegations). For example, the PPF proposed by Merck seeks information about what type of medical event (if any) is alleged, how long the plaintiff took VIOXX and at what dosage. Having a compilation of such bedrock information about all claims is critical to an MDL court's efforts to construct a relevant, responsive proceeding – a proceeding that will address the key issues promptly and efficiently, so as to achieve an early overall resolution. For instance, in selecting trial candidates, knowing that 30% of the pending claims involve stroke allegations would inform the Court and the parties that focusing on the science related to stroke claims would meaningfully advance the litigation.

While the proposed PPFs would collect that sort of threshold information (all of the sort one expects to see in a fully pleaded complaint), the MPFs proposed by plaintiffs are actually discovery demands – and "deep dive" discovery demands at that. To Merck's knowledge, the use of such defendant profile forms is unprecedented in MDL mass tort litigation; such forms were not used in any of the MDL proceedings noted above. The forms proposed by plaintiffs in this case seek highly detailed, case-specific information that will serve little legitimate purpose until a case is being prepared for trial (or being considered as a trial candidate) – information such as all notes, calendar entries, and other background information for every Merck professional representative who visited each of the plaintiff's physicians; information about whether the plaintiff's physicians ever attended a Merck-sponsored conference and, if so, who spoke at the conference; and lot numbers for all samples of VIOXX provided by Merck professional representatives to each plaintiff's physicians. The process of essentially attempting to take each of the thousands of prescribing physicians and separately reconstruct every contact that he/she had with Merck personnel would be extremely burdensome if required in all cases at this time. Plaintiffs have no legitimate need for such information regarding a particular case – unless and until it is being considered as a trial candidate or has actually been set for trial.

*Second*, Plaintiffs' effort to equate the two forms from a burden perspective is just wrong. The PPF proposed by Merck is only ten pages long (substantially reduced from the 29-page fact sheet being used in the New Jersey proceeding and originally proposed here). As noted previously, it seeks basic information about an individual's claim (*e.g.*, why he or she took VIOXX, what condition he or she alleges, who prescribed VIOXX and for what purpose). Each claimant will fill out only one form – and because most of the questions are personal, a claimant likely will be able to complete the form off the top of his or her head. (In addition, many Plaintiffs' firms actually require VIOXX plaintiffs to fill out claims forms modeled on the longer New Jersey form prior to retention and will thus have all necessary information at hand to complete the MDL forms.)

776073v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
3

June 13, 2005

        In contrast, the MPF proposed by plaintiffs would require the company to conduct substantial and expensive research (running into hundreds of thousands of dollars) to track down, collect, review and verify case-specific information about thousands of claims – information that counsel simply do not need at this juncture. Merck has already agreed to produce case-specific discovery for the pool of cases from which the early cases will be selected. At a time when the Court is suggesting that the parties should be concentrating their efforts on getting several selected cases ready for prompt trials, it makes no sense to require the undertaking of an extremely onerous burden with regard to thousands of other cases that are not even being considered for trial at this time and that may never reach the stage at which the Profile Form responses would serve any purpose.[1]

        I am attaching to this letter as Appendix 2 the MPF that Merck believes would provide the information legitimately needed by the plaintiffs for trial pool cases. The pre-trial order proposed by Merck to govern MPF's is attached as Appendix 3.

        ***Third,*** requiring Merck to complete Profile Forms at this point will also result in potential abuse because some Plaintiffs' counsel will undoubtedly use the information on the Merck forms in an effort to keep their cases out of this proceeding. Among the information sought in the MPF's are the names and addresses of Merck professional representatives. Plaintiffs' lawyers in VIOXX cases around the country have not been shy in making clear why they seek that information: to name non-diverse defendants and attempt to keep cases in state court. Thus, if Merck is required to complete thousands of these forms, thereby providing the names and addresses of thousands of professional representatives, some plaintiffs will inevitably use that information in an effort to defeat diversity jurisdiction and minimize the role of this proceeding in resolving this litigation. Obviously, that is not a legitimate purpose for MDL discovery.

---

[1]     In this same vein, Plaintiffs' suggestion that the parties should face similar penalties if they fail to complete the forms in a timely manner is patently unfair. Requiring each plaintiff to provide one form with very basic information about his or her claim or face dismissal is hardly unreasonable. In contrast, requiring Merck to provide thousands of burdensome forms on a strict timetable or have its defenses stricken is highly punitive. Once again, this provision would be far more reasonable if Merck were required to complete only a select number of Profile Forms in cases being considered for trial.

776073v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE 4

June 13, 2005

        In sum, Merck believes that requiring it to complete a Profile Form for each of the thousands of cases that will likely be filed in or transferred to this proceeding would be premature and burdensome at this time – and would fuel efforts by certain Plaintiffs' counsel to evade diversity jurisdiction by naming Merck professional representatives in VIOXX cases. For these reasons, the more sensible approach is to require completion of an MPF only for those cases that are being considered as trial candidates.

        Sincerely,

        *Phil Wittmann*

        Phillip A. Wittmann

PAW/dlm
Enclosures
cc:    Russ Herman, Esq.

776073v.1

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to All Cases | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | * | |

[*PROPOSED*] PRETRIAL ORDER NO. _____
(Plaintiff Profile Form and Authorizations)

This Order governs the form and schedule for service of a Plaintiff Profile Form ("PPF") and executed Authorizations for the release of records to be completed by plaintiffs in all individual (that is, non-class action) cases: (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) originally filed in this Court or transferred or removed to this Court.

APPENDIX 1

Blumberg No. 5137

774343v.2

IT IS HEREBY ORDERED THAT:

1.	Plaintiffs in all individual cases filed in or transferred to this Court shall each complete and serve upon defendants a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) in the form set forth at Attachment A. Those plaintiffs shall also produce with their PPF response all documents responsive to the document requests contained therein.

2.	Unless the parties agree otherwise or by order of the Court, complete and verified PPFs, signed and dated Authorizations, and all responsive documents shall be produced on the following schedule in all cases that have been filed in or transferred to MDL 1657 as of the date of this Order: for plaintiffs whose last names begin with the letters A through G, within sixty (60) days after the date of this Order; for plaintiffs whose last names begin with the letters H through O, within seventy-five (75) days after the date of this Order; and for plaintiffs whose last names begin with the letters P through Z, within ninety (90) days after the date of this Order.

3.	Plaintiffs in individual cases that are filed in or transferred to this MDL proceeding after the date of this Order shall provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents within seventy-five (75) days of their transfer order or the date on which they are filed in this proceeding.

4.	Plaintiffs who fail to provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents requested in the PPF within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel and shall be given twenty (20) additional days to cure such deficiency. No other extensions will

be granted. Failure to provide a complete and verified PPF, with all attachments within the cure period will subject the case to dismissal by the Court, unless plaintiff can show exceptional circumstances for the failure to provide that information.

5. This Order shall be posted on the Court's website for MDL 1657 located at http://vioxx.laed.uscourts.gov. Counsel unable to access the Court's website for MDL 1657 may contact the Clerk of Court for information on obtaining a copy of this Order.

6. Plaintiffs shall serve the DLC with the PPF responses, signed and dated Authorizations, and responsive documents by serving a hard copy on Defendants' Liaison Counsel, Phillip A. Wittmann at Stone Pigman Walther Wittmann L.L.C., 546 Carondelet Street, New Orleans, Louisiana 70130-3588, and by serving an electronic copy via LexisNexis File & Serve on Hughes Hubbard & Reed LLP, Williams & Connolly, Stone Pigman Walther Wittmann L.L.C., and Stanley, Flanagan & Reuter LLC and firms representing any other defendants in that case within the time periods set forth herein. To ensure that only the intended recipients have access to the aforementioned documents, plaintiffs' counsel must upload said documents by selecting "Sealed, Electronic" in the "Access" field of the "Documents" tab under the "Filing & Service" option.

7. Authorizations shall be dated and signed "in blank" (i.e., without setting forth the identity of the custodian of the records or provider of care). Defendants may use the authorizations for all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) identified in the PPF, without further notice to plaintiff's counsel. The Defendants Steering Committee ("DSC") shall post the records received pursuant to the

774343v.2

authorizations on a secure website maintained by the DSC's vendor and notify claimant's attorney and Plaintiffs' Liaison Counsel by e-mail of the posting. Plaintiff's counsel in a particular case and Plaintiffs' Liaison Counsel may access that website to obtain copies of their clients' medical records at their cost.

8. If a defendant wishes to use an authorization to obtain records from a source that is not identified in the PPF, that defendant shall provide the plaintiff's counsel for that particular case with seven (7) days written notice (by telecopy or email) of the intent to use an authorization to obtain records from that source. If plaintiff's counsel fails to object to the request within seven (7) days, defendant may use the authorization to request the records from the source identified in the notice. If plaintiff's counsel objects to the use of the authorization to obtain records from the source identified in the notice within said seven (7) day period, plaintiff's counsel and defendant's counsel shall meet and confer in an attempt to resolve the objection. If counsel are unable to resolve the objection, plaintiff shall file a motion for a protective order within fourteen (14) days of the defendant's notice of intent to use the authorization.

9. Plaintiffs' responses to the PPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

10. Defendants' use of the PPF and Authorizations shall be without prejudice to any defendant's right to serve additional discovery.

774343v.2

774343v.2

New Orleans, Louisiana, this _____ day of _____, 2005.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT MERCK'S INDIVIDUAL CASE PROFILE FORM

This Individual Case Profile Form will be provided only for plaintiffs alleging injury resulting from a thrombotic cardiovascular event resulting in a myocardial infarction or ischemic stroke ("Cardiovascular Event").  An Individual Case Profile Form will not be provided by Merck for any other alleged VIOXX-related injury.  The information provided in this Individual Case Profile Form, where identified below, will be limited to the period of time up to six months after the date of injury identified in Plaintiff's Profile Form.  Merck's agreement to produce information on this Individual Case Profile Form is further contingent on the agreement by the Plaintiffs' Steering Committee or Plaintiff's counsel of record not to seek duplicative information in discovery.

To the extent that Merck produces information or records responsive to the questions or categories listed below in discovery in MDL No. 1657, Merck is not required to re-produce such information in this Individual Case Profile Form, provided that Merck identifies on this form the prior production of the responsive information.

Where applicable, Merck may respond to questions in this Individual Case Profile Form by referring to a report or reports it provides contemporaneously with this Individual Case Profile Form.

I.  **Case Information**

   This Individual Case Profile Form pertains to the following case:

   Case caption: _____

   Civil Action No. _____

APPENDIX 2

774952v.1

Court in which action was originally filed: _____

A. Name and Address of all person(s) who provided information responsive to the questions posed in this fact sheet:

1.
(Name)
(Address)

2.
(Name)
(Address)

II. **Contacts With Prescribing Health Care Providers**

In Section IV.A of Plaintiff's Profile Form, Plaintiff identified a person or persons who prescribed VIOXX® to Plaintiff (hereinafter "Prescribing Health Care Provider"). For each Prescribing Health Care Provider so identified, Merck will provide the following information:

A. Letters To Prescribing Heath Care Provider

1. Merck will identify any "Dear Doctor" or "Dear Healthcare Provider" letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

   In addition, Merck will identify any Professional Information Request letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

2. Merck will provide a certification that the information listed in Section II.A.1 is true and correct.

B. Other Contact With Prescribing Heath Care Providers

1.  For each Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form, Merck will provide a report that contains the following information: (a) the identity of any Merck Professional Representative(s) who recorded a detail call(s) regarding VIOXX® on the identified Prescribing Health Care Provider within the relevant time period set forth above; (b) the dates of such detail calls; (c) whether each identified Merck Professional Representative is a current Merck employee; and (d) the last known address of the identified former Merck Professional Representative(s).

| Identity of Merck Professional Representative | Date of Detail Call(s) | The Employment Status of the Merck Professional Representative | Last Known Address of Former Merck Professional Representative |
|---|---|---|---|
| | | | |

2.  For each Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form, Merck will provide a report that contains the following information: (a) the identity of the Merck Sales Representative who left VIOXX® samples with the Prescribing Health Care Provider during the relevant time period set forth above; (b) the dates on which VIOXX® samples were left with the Prescribing Health Care Provider; and (c) the number and dosage of VIOXX® samples left with the Prescribing Health Care Provider.

| Identity of Merck Professional Representative | Date of VIOXX® Sample Delivery | VIOXX® Sample Dosage | Number of VIOXX® Samples |
|---|---|---|---|
| | | | |

3.  For each Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form Merck will provide a report or series of reports that contain the following information during the relevant time period set forth above:

- 3 -

- The text of VIOXX®-related call notes and customer belief notes, if any, recorded by Professional Representatives relating to their VIOXX®-related detail calls with the Prescribing Health Care Provider;

| Identity of Merck Professional Representative | Date of VIOXX® related Call Notes | Text of VIOXX®-related Call Notes |
|---|---|---|
|  |  |  |

- The text of VIOXX® related weekly notes, if any, recorded by Professional Representatives relating to their VIOXX®-related detail calls with the Prescribing Health Care Provider;

| Identity of Merck Professional Representative | Date of VIOXX® related Weekly Notes | Text of VIOXX®-related Weekly Notes |
|---|---|---|
|  |  |  |

- Merck will identify the person or persons who provided information responsive to section II or any of its subparts.

- In addition, Merck will produce the custodial file for the Merck Professional Representative identified above in this Individual Case Profile Form twenty (20) days prior to the deposition date of that Professional Representative that has been both properly noticed and agreed-upon by counsel for both parties.

III. <u>Consulting With Plaintiff's Prescribing Health Care Provider</u>

1. In Section IV.A of Plaintiff's Profile Form, plaintiff identified his/her Prescribing Health Care Provider(s). To the extent that Merck has records, Merck will identify: (a) whether the Prescribing Health Care Provider(s) ever acted as a consultant for VIOXX® or a clinical investigator for a clinical trial on VIOXX®, (b) the date that the Prescribing Health Care Provider began acting in the applicable role; and (c) the compensation paid by Merck to the Prescribing Health Care Provider for acting as a consultant for VIOXX® or a clinical investigator for clinical trial on VIOXX®. To the extent that Merck has such records, Merck will also provide a copy of any contract and/or consulting agreement between the Prescribing Health Care Provider(s) and Merck.

- 4 -

774952v.1

| Identity of Plaintiff's Prescribing Health Care Provider who Acted as a Consultant or Clinical Investigator for Merck | Date(s) that the Plaintiff's Prescribing Health Care Provider Began Acting as a Consultant or Clinical Investigator | Compensation paid by Merck to Prescribing Health Care Provider For Serving as a Consultant or Clinical Investigator |
|---|---|---|
| | | |

2. In Section IV.A of Plaintiff's Profile Form, Plaintiff identified his/her Prescribing Health Care Provider(s). If Merck has a record of the Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form participating in a speaker program with regard to VIOXX®, osteoarthritis, pain or any other topic related to VIOXX® or NSAIDs, Merck will provide the following information:

| The Name of the Speaker | The Date of the Program | The Location of the Program | The Topic of the Program | The Honorarium Paid to the Speaker |
|---|---|---|---|---|
| | | | | |

- Additionally, Merck will identify the names of the health care providers and Merck employees of whom Merck has a record of attending the program.

3. In Section IV.A of Plaintiff's Profile Form, Plaintiff identified his/her Prescribing Health Care Provider(s). If Merck has a record of Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form ever attending a VIOXX®-related program, Merck will provide the following information:

| The Name of the Speaker | The Date of the Program | The Location of the Program | The Topic of the Program | The Honorarium Paid to the Speaker |
|---|---|---|---|---|
| | | | | |

- Additionally, Merck will identify the names of the Health Care Providers and

774952v.1

Merck employees whom Merck has a record of attending the program.

4. To the extent that Merck has records, Merck will provide a copy of any contracts and/or consulting agreements between the Prescribing Health Care Provider(s) identified in Section III above and Merck.

5. Merck will provide copies of any documents relating to any specific requests to Merck's National Service Center from the Prescribing Health Care Provider regarding VIOXX® and Merck's response thereto.

IV. **Contacts With Merck Regarding Plaintiff**

A. To the extent that Merck has any records of Plaintiff contacting Merck regarding VIOXX, Merck will provide a copy of such records.

B. To the extent that Merck can identify Plaintiff as the subject of an Adverse Event report for VIOXX, Merck will provide solely to Plaintiffs' counsel of record a copy of the Adverse Event report and associated WAES files that relate to Plaintiff. Consistent with FDA regulations, Merck's production of this information will not disclose the identity of the voluntary reporter. Moreover, Merck will not produce any other Adverse Event information that relates to any individual other than Plaintiff.

V. **Advertising**

A. Merck has already produced considerable national information relating to VIOXX advertising and marketing. Merck will produce additional information relating to VIOXX advertising and marketing in response to non-duplicative master interrogatories and document requests to be served by the PSC.


I verify under oath that the above responses are true and correct to the best of my knowledge.


Dated                                           Name of Merck Employee Completing Form

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to All Cases | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * | * | |

### [*PROPOSED*] PRETRIAL ORDER NO. ____
### (Merck Individual Case Profile Form)

Upon the request of Plaintiffs' Steering Committee ("PSC") that Merck & Co., Inc. ("Merck") shall prepare answers to a Merck Individual Case Profile Form ("MPF"), the Court's Order of April 28, 2005 requiring submission of such a Profile Form, and based on negotiations between the PSC and the Defendants' Steering Committee ("DSC") as to the form of the MPF,

IT IS HEREBY ORDERED THAT:

1. This Order relates only to the schedule by which Merck will serve MPFs in individual actions in MDL 1657. This Order neither applies to nor imposes any obligation on any Defendant in any individual action in MDL 1657 other than Merck.

APPENDIX 3

- 1 -

774823v.1

Merck employees whom Merck has a record of attending the program

2.      To the extent that Merck has not previously produced case specific information set forth in the MPF, Merck will serve upon the Plaintiff's counsel of record, as identified in the PPF, a hard copy of complete and verified MPFs (1) in the *Merrit* case (involving eleven (11) Plaintiffs); and (2) the cases pending in the Eastern District of Louisiana (involving over 100 plaintiffs) - that are subject to an Order from this Court setting forth a trial plan for the first cases to be tried in the MDL. The MPF for the first cases selected to be tried shall be furnished on an expedited basis as set forth in the Trial Plan to be established for these cases. An electronic copy of the MPFs shall be served on Plaintiffs' Liaison Counsel and Co-Lead Counsel, Chris Seeger and Andy Birchfield. To ensure that only the intended recipients have access to the aforementioned documents, Merck must upload them by selecting "Sealed Electronic" in the "Access" field of the "Documents" tab under the "Filing & Service" option.

3.      Following service of the MPFs set forth in paragraph 2 above, the PSC and DSC shall meet and confer regarding the current process and future schedule for service of MPFs. Should the PSC and DSC not be able to reach an agreement on the process or schedule for service of MPFs going forward, the PSC or the DSC may raise this issue with the Court. Merck is not obligated to serve additional MPFs other than those set forth above absent agreement of the PSC and DSC or Order of this Court.

4.      This order shall be posted on the Court's website for MDL 1657 located at http://vioxx.laed.uscourts.gov. Counsel unable to access the Court's website for MDL 1657 may contact the Clerk of Court for information on obtaining a copy of this order.

774823v.1

5.      Merck's responses to the MPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

6.      Plaintiffs' use of the MPF shall be without prejudice to the right of the Plaintiffs in a specific case to serve additional case-specific, non-duplicative discovery.

New Orleans, Louisiana, this _____ day of _____, 2005.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

774823v.1