UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX<br>Products Liability Litigation | * | MDL NO 1657 |
| | * | |
| | * | SECTION: L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO** *Zuzukin, et al. v. Merck & Co., Inc.*, **No. 05-1583, previously filed as 1:05-0087, E.D. Tex.**

## MERCK'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Original Complaint ("Complaint") as follows:

### I. RESPONSE TO "PARTIES"

1.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to Plaintiff GEORGE ZUZUKIN'S place of residence contained in paragraph 1. of the Complaint.

2.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to Plaintiff CONNIE ZUZUKIN'S place of residence contained in paragraph 2. of the Complaint.

30946271.1

3. The allegations contained in paragraph 3. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3. of the Complaint, except Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and that Merck may be served with process by serving its registered agent, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas, 75201.

## II. RESPONSE TO "JURISDICTION AND VENUE"

4. The allegations contained in paragraph 4. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4.

5. The allegations contained in paragraph 5. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5.

## III. RESPONSE TO "FACTUAL BACKGROUND"

6. Merck denies each and every allegation contained in paragraph 6. of the Complaint.

7. Merck denies each and every allegation contained in paragraph 7. of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

8. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 8. of the

Complaint, and denies each and every allegation directed toward Merck contained in paragraph 8. of the Complaint.

## IV. RESPONSE TO "DEFENDANT'S MISREPRESENTATION AND CONTINUED CONCEALMENT"

9. Merck denies each and every allegation contained in paragraph 9. of the Complaint, except Merck admits that in 1999 it received FDA approval to manufacture, market, and distribute the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX®, and Merck respectfully refers the Court to the prescribing information for VIOXX® for its actual language and text.

10. Merck denies each and every allegation contained in paragraph 10., including subparts a. and b., of the Complaint, except Merck admits that in 1999 it received FDA approval to manufacture, market, and distribute the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and Merck respectfully refers the Court to the prescribing information for VIOXX® for its actual language and text.

11. Merck denies each and every allegation contained in paragraph 11. of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

12. Merck denies each and every allegation contained in paragraph 12. of the Complaint, except admits that it marketed the prescription medicine VIOXX®.

13. Merck denies each and every allegation contained in paragraph 13. of the Complaint, and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

14. Merck denies each and every allegation contained in paragraph 14. of the Complaint, and respectfully refers the Court to the FDA-approved prescribing information for VIOXX®.

15. The allegations contained in paragraph 15. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 15.

16. Merck denies each and every allegation contained in paragraph 16. of the Complaint.

17. Merck denies each and every allegation contained in paragraph 17. of the Complaint.

18. Merck denies each and every allegation contained in paragraph 18. of the Complaint.

19. Merck denies each and every allegation contained in paragraph 19. of the Complaint.

20. The allegations contained in paragraph 20. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 20. of the Complaint, except admits that Plaintiffs purport to state a claim for damages, but denies there is any legal or factual basis for such relief.

## V. RESPONSE TO "TOLLING OF APPLICABLE STATUTES OF LIMITATION"

21.  With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

22.  The allegations contained in paragraph 22. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 22.

23.  The allegations contained in paragraph 23. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 23.

24.  The allegations contained in paragraph 24. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 24.

25.  Merck denies each and every allegation contained in paragraph 25. of the Complaint, except Merck admits that on September 30, 2004, Merck announced the voluntary withdrawal of VIOXX®, and respectfully refers the Court to that announcement for its actual language and full text.

26.  The allegations contained in paragraph 26. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 26.

27. The allegations contained in paragraph 27. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 27.

28. Merck denies each and every allegation contained in paragraph 28. of the Complaint, except Merck admits that on September 30, 2004, Merck announced the voluntary withdrawal of VIOXX®, and respectfully refers the Court to that announcement for its actual language and full text.

29. The allegations contained in paragraph 29. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 29. of the Complaint.

## VI. RESPONSE TO "CAUSES OF ACTION, COUNT I (NEGLIGENCE AND GROSS NEGLIGENCE)"

30. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

31. Merck denies each and every, allegation contained in paragraph 31. of the Complaint, including subparts a – d.

32. The allegations contained in paragraph 32. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 32.,

except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

33. The allegations contained in paragraph 33. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 33.

### VII. RESPONSE TO "COUNT 3 (PRODUCTS LIABILITY)"

34. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

35. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 35. of the Complaint, and denies each and every allegation directed at Merck in paragraph 35. of the Complaint.

36. Merck denies each and every allegation contained in paragraph 36. of the Complaint.

37. Merck denies each and every allegation contained in paragraph 37. of the Complaint.

38. The allegations contained in paragraph 38. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 38.

39. The allegations contained in paragraph 39. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 39.

### VIII. RESPONSE TO "COUNT 4 (BREACH OF WARRANTY)"

40. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

41. The allegations contained in paragraph 41. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any conflict of laws rules.

42. The allegations contained in paragraph 42. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 42.

43. The allegations contained in paragraph 43. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 43.

44. The allegations contained in paragraph 44. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 44.

## IX. RESPONSE TO "DAMAGES"

45. The allegations contained in paragraph 45. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 45.

46. Merck denies each and every allegation contained in paragraph 46. of the Complaint, except Merck admits that Plaintiff GEORGE ZUZUKIN, M.D., purports to state a claim for damages relating to loss of earning capacity, but Merck denies there is any legal or factual basis for such relief.

47. Merck denies each and every allegation contained in paragraph 47. of the Complaint, except Merck admits that Plaintiff GEORGE ZUZUKIN, M.D., purports to state a claim for damages relating to past and future physical pain and mental anguish, significant physical and mental impairment, and physical disfigurement, but Merck denies there is any legal or factual basis for such relief.

48. Merck denies each and every allegation contained in paragraph 48. of the Complaint, except Merck admits that Plaintiff GEORGE ZUZUKIN, M.D., purports to state a claim for damages relating to past and future medical expenses, but Merck denies there is any legal or factual basis for such relief.

49. Merck denies each and every allegation contained in paragraph 49. of the Complaint, except Merck admits that Plaintiff CONNIE ZUZUKIN purports to state a claim for damages relating to past and future loss of household services and loss of consortium, but Merck denies there is any legal or factual basis for such relief.

## X. RESPONSE TO "EXEMPLARY DAMAGES"

50. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

51. The allegations contained in paragraph 51. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 51. of the Complaint, except Merck admits that Plaintiff GEORGE ZUZUKIN, M.D., purports to state a claim for damages, including punitive damages, but denies there is any legal or factual basis for such relief.

## XI. RESPONSE TO "PRE- AND POST- JUDGMENT INTEREST"

52. Paragraph 52. of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except Merck admits that Plaintiffs purport to state a claim for damages, including pre- judgment and post-judgment interest, but Merck denies there is any legal or factual basis for such relief.

## XII. RESPONSE TO "JURY DEMAND AND CONDITIONS PRECEDENT"

53. Paragraph 53. of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except Merck admits that Plaintiffs purport to make a demand for a jury trial. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to whether Plaintiffs

have tendered the required fee contemporaneously with the filing of the Original Complaint.

54. The allegations contained in paragraph 54. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to paragraph 54.

### XIII. RESPONSE TO "PRAYER"

55. Paragraph 55. of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed appropriate, Merck denies each and every allegation in said paragraph, except admits that Plaintiffs purport to state a claim for actual damages, exemplary damages, pre-judgment and post-judgment interest, and all costs of court, but denies there is any legal or factual basis for such relief.

### XIV. AFFIRMATIVE DEFENSES

56. The Complaint fails to state a claim upon which relief can be granted.

57. Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use. Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

58. Plaintiffs' claims are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

59. Merck asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiffs' claims in this lawsuit.

60. Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

61. Plaintiffs' claims may be barred by Plaintiffs' contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiffs and/or the treating physicians and/or other health care providers.

62. If Plaintiffs sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck. If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

63. Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or

other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

64.     The occurrences and injuries Plaintiffs allege resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events not reasonably foreseeable.  Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

65.     If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

66.     Merck further states that Plaintiffs' injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiffs unrelated to any products manufactured by Merck.

67.     The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such,

could only be used pursuant to the prescription of a licensed prescriber. The labeling for the product at issue was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations. Such actions and federal statutes and regulations bar and preempt all of Plaintiffs' claims under state law.

68. Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

69. Plaintiffs cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

70. Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

71. Merck asserts that Plaintiffs' claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

72. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations.

73. Plaintiffs' claims are barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

74. Plaintiffs' claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

75. To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

76. To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity, and/or because the alleged warranties were disclaimed.

77. Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

78. Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008. Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

79. Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

80. Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

81.     Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

82.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

83.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:  (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective

standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

84.  Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

85.  Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

86.  Plaintiffs are not entitled to recover exemplary or punitive damages because, to the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, fraudulent, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

87.  Plaintiffs are not entitled to punitive or exemplary damages because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

88.  Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

89. Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

90. VIOXX® is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiffs. Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

91. Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

92. The imposition of punitive damages violates the open courts provision of the Texas Constitution.

93. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case and hereby reserves the right to amend and/or supplement this answer to assert any such defense at a future time and in conformity with the Texas Rules of Civil Procedure.

94. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

## XIV. JURY DEMAND

94. Merck hereby demands a trial by jury on all of Plaintiffs' claims.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

_____
Gerry Lowry
Attorney-in-Charge
Federal I.D. No. 6069
State Bar No. 12641350

FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

COUNSEL FOR DEFENDANT
MERCK & CO., INC.

OF COUNSEL:

John Sullivan
State Bar No. 19485010
Julie Hardin
State Bar No. 24013613
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713/651-5151
Telecopier: 713/651-5246

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing answer been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on June 15, 2005.

Richard Warren Mithoff, Jr
Mithoff & Jacks
500 Dallas
Suite 3450
Houston, TX 77002

Julie Hardin