UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| All Class Action Cases | * | MAG. JUDGE KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**PRETRIAL ORDER NO. 17**

Following a conference held on June 13, 2005, the following Order is issued:

**I.  APPLICABILITY OF ORDER**

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court.  Cases asserting claims solely on behalf of individual named plaintiffs (that is, non class-actions) that are transferred to or filed in the District are referenced below as the "Individual Cases."  Purported class actions (or class-type representative actions) that are transferred to or filed in this District are referenced below as the "Class Action Cases."  The Court

has issued a separate pre-trial order that addresses scheduling and discovery in Class Action Cases. (Pre-Trial Order 16).

II. **WRITTEN DISCOVERY GENERALLY**

    A. **Initial Disclosures**

In light of the discovery plan set forth herein, the parties in all cases in this proceeding are relieved from complying with the requirements of Fed. R. Civ. P. 26(a).

    B. **Document Depository**

The PSC has advised that its depository shall be located at Place St. Charles, 201 St. Charles Avenue, Suite 4310, New Orleans, Louisiana 70130, Phone: (504) 599-5678, Fax: (504) 599-5688. The PSC shall bear the cost and administer its own depository. All documents disclosed and produced by defendants in this proceeding shall be produced to the PSC document depository or to an alternative location designated by Plaintiffs' Liaison Counsel. The PSC shall develop and submit to the Court for approval a protocol for organizing and maintaining its depository which shall address the filing system, access, copying, logs, and inventory records. Merck has elected not to establish a document depository.

    C. **Document Identification**

Documents produced during the course of this litigation shall be identified by a unique number or symbol. Merck has already implemented such a system in the existing VIOXX litigation, and shall use the same system in this proceeding so that federal and state plaintiffs can use the same documents with the same identifiers.

**D.** **Inadvertent Production**

Inadvertent production or disclosure is deemed not to waive any privileges or work product protections that would otherwise apply to documents or information. The parties shall confer regarding establishment of protocol for addressing inadvertent production of privileged materials.

**E.** **Coordination of Discovery with Other Courts**

Merck will generally attempt to produce in these proceedings all non-case-specific documents and information that it produces in Vioxx-related litigation in other courts, on the same schedule or as near thereto as is practicable. In return, plaintiffs have agreed that the sequence in which the documents are produced need not conform to the requirements of Fed. R. Civ. P. 34(b).

**F.** **Subpoenas to Non-Parties**

Commencing upon entry of this Order, any party may serve subpoenas on non-parties.

**G.** **Avoidance of Multiple Requests**

Counsel shall coordinate and consolidate their requests for production of documents to eliminate duplicative requests from the same party. No party shall request documents available to it at the document depository or from its own Liaison Counsel, either during the pendency of this MDL or after remand of a case to a transferor district court.

### III.   WRITTEN DISCOVERY IN INDIVIDUAL CASES

Discovery in Individual Cases shall be conducted in accordance with the schedule set forth herein and in separate orders governing Plaintiff Profile Forms and Merck Profile Forms (MPF) as well as any other orders this Court may enter hereinafter. Orders previously issued by other courts imposing dates for initiation or completion of discovery are, when a case is removed or transferred to this Court, vacated and replaced by the schedule provided in this Order.

#### A.   Additional Written Discovery by Defendants

In addition to the Plaintiff Profile Forms, Merck may serve a Master Set of Requests for Production and, subject to Fed. R. Civ. P. 33(a), a Master Set of Interrogatories on the plaintiffs in Individual Cases at any time 30 days after receipt of the Plaintiff Profile Forms in such cases. Each plaintiff shall separately serve written responses and/or objections within forty-five (45) days after receipt of such discovery requests. Each plaintiff shall produce any requested documents not subject to an objection within sixty (60) days of receipt of defendants' document requests.

#### B.   Additional Written Discovery by Plaintiffs

##### 1.   Assembly of Prior Discovery

Within thirty (30) days after entry of this Order, Merck shall provide or make available to Plaintiffs' Liaison Counsel copies of all non-case-specific written discovery requests, written discovery objections and responses, and documents previously produced or to be produced by Merck in any other litigation within the subject matter of this proceeding and do so on a continuing basis. At the same time, Merck shall also provide or make available to Plaintiffs' Liaison Counsel copies of deposition

testimony given or to be given by Merck's employees, former employees, and experts in any other litigation within the subject matter of this proceeding, and do so on a continuing basis. Plaintiffs' counsel shall review those materials so they can evaluate the need for additional discovery from Merck. The Court expects that in formulating discovery requests, the parties will take account of the discovery taken in previous cases and will avoid duplicative discovery. The production of documents by Merck from other litigation shall proceed as outlined in Exhibit "A" to Pre-trial Order 17A.

### 2. Master Interrogatories and Requests for Production

Plaintiffs filed a Master Set of Interrogatories and Request for Production of Documents on June 7, 2005. Defendant's Liaison Counsel or designee will have twenty (20) days to meet and confer with Plaintiffs' Liaison Counsel or designee to determine which documents (as per Exhibit "A" to Pre-trial Order 17A) have been previously produced and which additional documents will be produced and the sequences and timing of production and answers. If Liaison Counsel are unable to resolve these issues within ten (10) days after their meeting, application shall be made to the Court to resolve any remaining dispute. However, the pending requests for detailer information which defendants have opposed may proceed to resolution by the Court on the current briefing schedule.

### 3. Individual Discovery

Individual plaintiffs may serve on Merck particular Requests for Production and, subject to Fed. R. Civ. P. 33(a), a particular set of interrogatories relative to his or her case at any time thirty (30) days after they receive an MPF. Merck shall separately serve written responses and/or objections within forty-five (45) days after

receipt of such discovery requests.  Merck shall produce any requested documents not subject to an objection within sixty (60) days of receipt of plaintiffs' document requests.

### C. Requests for Admissions

Parties in the Individual Cases may serve Requests for Admissions upon a party upon completion of document production by the latter party.  No more than thirty (30) Requests for Admission shall be served on any party, except for good cause shown. Responses shall be served within forty-five (45) days.

## IV. MOTIONS GENERALLY

### A. Pre-filing Consultation

No motion shall be filed unless it includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action.  Such conferences may take place by telephone.

### B. Notice of Substantive Motions

Except for unusual circumstances as determined by the Court or when a ruling is required on a shortened basis, substantive motions shall not be brought for hearing at any time other than a regularly scheduled status conference, to be set from time to time by the Court, or a time that has been specially set by the Court for the hearing of such motions.  A substantive motion is one which involves legal issues or is outcome determinative, such as a motion to dismiss or for summary judgment.

### C. Length of Briefs

Briefs in support of, or in opposition to, any motions may not exceed twenty-five (25) pages (exclusive of exhibits) without leave of Court.  Reply briefs shall

be limited to fifteen (15) pages (exclusive of exhibits) without leave of Court.

### D.   Briefing Schedule

Absent an Order of the Court, briefs in response to motions shall be filed twenty (20) days after the date of service. Any replies thereto shall be filed within ten (10) days after service of the response. In order to be heard at a regularly scheduled status conference, motions must be fully briefed at least one week prior to the conference.

### E.   Telephone Status Conferences

Status conferences may be conducted by telephone at the Court's discretion by prior arrangement with the Court's chambers, provided that all interested parties are available and receive at least forty-eight (48) hours notice. In an emergency, the Court may shorten the notice requirement. Telephone conference calls will often serve as an efficient substitute for Court appearances, as for example, where counsel desire to present short arguments and obtain an immediate ruling. The Court itself may initiate conference calls on procedural or scheduling matters.

## V.   COORDINATION WITH STATE COURT PROCEEDINGS

### A.   Intention to Coordinate With State Court Proceedings

This Court is aware that there are numerous cases pending in the state courts of multiple jurisdictions that fall within the subject matter definition of this MDL proceeding and that presumably would have been transferred to this Court pursuant to 28

U.S.C. § 1407, but for the fact that they are not subject to federal jurisdiction. In order to achieve the full benefits of this MDL proceeding, this Court intends actively to urge the State Courts presiding over those cases (the "State Court Cases") to enter into informal discovery coordination arrangements that will allow the parties in those cases to fully utilize the fruits of any discovery developed in this proceeding, and will minimize the waste and inconvenience that would result if parallel discovery proceeded unabated in all cases. In addition, the Court expects that counsel for parties in the MDL proceeding will actively assist in insuring that these goals are achieved.  PLC reserves the right to petition the Court for a case assessment order which relates to common benefit fees and costs.

      **B.**    **Identification of State Court Cases**

To facilitate this effort to achieve informal coordination among this proceeding and the various State Court Cases, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall provide this Court within ten days after the issuance of this Order a list of all State Court cases of which they are aware that qualify as State Court Cases, and to supplement the list as appropriate. Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall further jointly provide monthly updates of the State Court Case list.

      **C.**    **Pledge of Cooperation**

This Court pledges its full cooperation with any State Court that is interested in informally coordinating discovery activities and urges all counsel in this MDL proceeding to work with counsel in the State Court Cases to facilitate such coordination.

## VII. <u>FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE</u>

Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this   21st   day of   June  , 2005.

*[signature]*

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE