# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | * | MDL NO. 1657 |
| | * | SECTION: L |
| | * | JUDGE FALLON |
| **THIS DOCUMENT RELATES TO ALL CASES** | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \*   \*

## PRETRIAL ORDER NO. 17A
(Defendant Merck & Co., Inc.'s Production of Documents)

It is hereby ORDERED:

The following protocol shall apply to the production of documents existing in hard-copy form and, as limited by paragraph 12 below, documents existing in native electronic form by Defendant Merck & Co., Inc. ("Defendant"):

**1.     General.**  Except as limited by paragraph 12 below, all documents that originally existed in either hard-copy or native electronic form that are produced in these proceedings shall be produced in electronic image form in the manner provided herein.  Each document's electronic image shall convey the same information and image as the original document.  Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems.

**2.     Document Image Format.**  All production document images will be provided as single-page "TIFFs" utilizing Group 4 compression.  All images generated from hard copy documents shall be scanned at high resolution and reflect, without visual degradation, the full and complete information contained on the original document.  All images generated from native electronic documents (other than portions of documents reflecting auto-generated fields affected by processing, which fields will be noted on the image) will reflect how the source document would have appeared if printed out to a printer attached to a computer viewing the file.  Defendant shall produce a "load file" to accompany the images, which load file shall facilitate the use of the produced images by a document management or litigation support database system.  The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

**3.     Document Unitization.**  Each page of a document shall be scanned or electronically saved into an image.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file.

**4.     Color.**  For documents that contain color, Defendant shall honor reasonable requests for either the production of an original document for inspection and copying or production of a color image of the document.

**5.     Bates Numbering.**  Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at

a location that does not obliterate, conceal, or interfere with any information from the source document.  No other legend or stamp will be placed on the document image other than a confidentiality legend (where applicable), redactions (consistent with applicable law or Court order), and the Bates Number identified above.  The confidential legend may be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document.

      **6.**    **File Naming Conventions.**  Each page image file shall be named with the unique Bates Number of the page of the document in the case of single-page TIFFs, followed by the extension "TIF."

      **7.**    **Production Media.**  Defendant shall produce documents on CD-ROM, DVD, external hard drive (with standard PC compatible interface formatted using NTFS with a firewire and/or USB 2.0 interface), or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media").  Each piece of Production Media shall identify a production number corresponding to the production "wave" the documents on the Production Media are associated with (*e.g.,* "MerckMDL001", "MerckMDL002"), as well as the volume of the material in that production wave (*e.g.,* "-001", "-002").  For example, if the first production wave by Defendant comprises document images on three hard drives, Defendant shall label each hard drive in the following manner: "MerckMDL001-001", "MerckMDL001-002", "MerckMDL001-003".  Additional information that shall be identified on the physical Production Media shall include: (1) text referencing that it was produced in MDL No. 1657, EDLA, (2) the producing party's name, (3) the type of materials on the media (*e.g.,* "Documents", "OCR Text", "Objective Coding", etc.), (4) the production date, and (5) the

Bates Number range of the materials contained on the Production Media.

        **8.**    **Objective Coding.**  Defendant shall produce with each production of documents an ASCII text file, appropriately delimited, setting forth the objective coding for each document (the "Objective Coding").  The datafile shall include the fields and type of content set forth on Exhibit A to this Order.  Objective Coding shall be labeled and produced on Production Media in accordance with the provisions of paragraph 7.  If Plaintiffs have problems importing and using the Objective Coding for document management, Plaintiffs and Defendant shall meet and confer to attempt to resolve the problems.  Defendant's production of Objective Coding shall not constitute any certification as to the reliability, accuracy or completeness of the coding, and shall not constitute any waiver of work product protection or the attorney-client privilege with respect to that coding.

        **9.**    **Electronic Text Files.**  For documents that exist natively in electronic format, Defendant shall produce text files for produced documents reflecting the full text that has been electronically extracted from the original, native electronic files ("Extracted Text").  The Extracted Text shall be provided in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 7.  The text files will be named with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt".  Defendant shall not be obligated to produce Extracted Text for documents that have been redacted in accordance with applicable law or Court order, however, Defendant shall produce OCR text for such documents in accordance with paragraph 10.

10. **OCR Text.** Defendant shall produce Optical Character Recognition (OCR) text files for (i) hard-copy documents, and (ii) documents that exist natively in electronic format that have been redacted in accordance with applicable law or Court order. The OCR text shall be provided in ASCII text format and shall be labeled and produced on Production Media in accordance with the provisions of paragraph 7. The text files will be named with the unique Bates Number of the first page of the corresponding document followed by the extension ".txt".

11. **Original Documents.** Defendant shall, upon reasonable request, make originals of any produced document available for inspection and copying by the requesting party.

12. **Production of Other Electronic Documents.** This Order shall not apply to the production of documents existing in native electronic form other than emails (and any associated attachments), calendars, tasks, notes, word processing documents, spreadsheets, presentations, page layout documents, and imaged documents (in any format). The parties shall meet and confer to agree on the form for any production of native electronic documents other than the foregoing.

New Orleans, Louisiana, this   21st   day of   June  , 2005.

_____

ELDON E. FALLON

UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
**PRETRIAL ORDER NO. 17A**
**(Defendant Merck & Co., Inc.'s Production of Documents)**

Consistent with ¶ 7 of the foregoing Pretrial Order No. 17A (Defendant Merck & Co., Inc.'s, Production of Documents) Defendant Merck & Co., Inc. ("Merck") shall produce the following Objective Coding (as defined in ¶ 7) in the ASCII text file that accompanies appropriate document productions by Merck in MDL 1657:

| CODING FIELD | DESCRIPTION |
|---|---|
| BEG_BATES; END_BATES | Beginning and ending Bates numbers for the document at issue. |
| ATTACH_BEG; ATTACH_END | Beginning and ending Bates numbers of the collection to which the document and any attachments thereto are associated |
| DOC_DATE* | The date of the document formatted as follows: MM/DD/YYYY, with leading zeros as appropriate (*e.g.,* 05/08/2005). |
| DOC_TYPE | The type of document (*e.g.,* "LETTER", "E-MAIL", "PRESS RELEASE", etc.). |
| TITLE* | The title of the document. |
| AUTHORS* | The authors of any document or portion of a document as reflected on the face of the document (*e.g.,* a document that contains 3 emails, each of which is from a different person would list the name of each person in the AUTHOR field for the document). |
| RECIPIENT* | The recipient of any document or portion of a document as reflected on the face of the document (*e.g.,* a document that contains 3 emails, each of which is to a different person would list the name of each person in the |

|  |  |
|---|---|
|  | RECIPIENT field for the document). |
| CC[*] | The persons who received copies of any document or portion of a document as reflected on the face of the document (*e.g.,* a document that contains 3 emails, each of which is copied to a different person would list the name of each person in the CC field for the document). |
| CUSTODIAN | The name of the individual whose electronic or hard-copy custodial file contained the document at issue. |
| MARGINALIA | Yes or no indication of whether the document at issue contains handwritten notations, notes, or marginalia. |
| REDACTED | Yes or no indication of whether the document at issue is redacted and if so, the basis of the redaction. |
| CONFIDENTIAL | Yes or no indication of whether the document at issue was designated confidential as of the date of production. |

_____
[*] For electronic mail (or e-mail) produced from native electronic format, the requirement to provide Objective Coding for the fields designated by an asterisk shall not require Merck to provide any additional information beyond that which exists within the meta-data associated with the native electronic file. In the event that Merck manually codes electronic mail produced from native electronic format for the fields designated by an asterisk, such manual coding shall be included with the electronically extracted meta-data in the Objective Coding ASCII text file.