FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 22  PM 12: 48

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| This document relates to All Cases | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY JUNE 6, 2005 ORDER REGARDING PHYSICIAN CONTACTS

In asking the Court to reconsider its order regarding physician contacts, plaintiffs fail to offer any new law or facts in support of their position. Instead, they merely rehash the same arguments advanced in their three earlier briefs, and threaten to file future cases in state courts in order to avoid the Court's ruling. The Court's decision was correct when issued, and plaintiffs have offered nothing new to the contrary. Moreover, plaintiffs' threat to circumvent the Order is not a valid ground for reconsideration. Accordingly, plaintiffs' motion should be denied.

### ARGUMENT

"Reconsideration of an order is an extraordinary remedy which courts should use sparingly." *Schildkraut v. Bally's Casino New Orleans, LLC*, 2004 U.S. Dist. LEXIS 21412, at *1 (E.D. La. Oct. 20, 2004). A motion to reconsider should be granted only where the movant demonstrates "(1) intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equip. Resource, Inc.*, 2004

777371v.1

U.S. Dist. LEXIS 12183, at *4 (E.D. La. June 30, 2004) (quoting *Motiva Enters. LLC v. Wegmann*, 2001 U.S. Dist. LEXIS 3049 (E.D. La. Mar. 12, 2001)). Moreover, "a motion to reconsider is not to re-debate the merits of a particular motion. If a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* See also *Schildkraut*, 2004 U.S. Dist. LEXIS 21412, at *2 (denying motion to reconsider discovery ruling because "plaintiff simply reurges all of the issues previously determined").

In seeking reconsideration of the Court's order requiring that plaintiffs provide notice to defense counsel prior to interviewing prescribing physicians, plaintiffs do precisely what *Schildkraut* says they should not: rehash arguments already rejected by the Court. Plaintiffs do not point to any change in controlling law, do not provide any new evidence, and do not demonstrate that the Court's ruling was a clear error of law. Indeed, plaintiffs' only new "argument" is a thinly veiled threat that they will file future VIOXX cases in state courts to evade the Court's ruling. The Court properly rejected plaintiffs' arguments the first time, and their threat to engage in forum shopping is no reason to reconsider that decision.

***First***, the Court's concerns regarding unfettered communications with physicians by plaintiffs' counsel were by no means unfounded. In seeking to downplay this concern, plaintiffs' brief ignores the letter attached to Merck's final brief, in which a plaintiffs' lawyer threatened to name doctors as defendants in hundreds of VIOXX suits and tell them it was Merck's fault because Merck refused to waive its right to remove VIOXX cases to federal court. (*See* Ex. A to Def.'s Add'l Submission Regarding Communications with Plaintiffs' Healthcare Providers.) Moreover, plaintiffs' effort to distance themselves from the VIOXX conference

presentation in which a "lone attorney" stressed the importance of swaying physicians to accept plaintiff's theories in VIOXX cases (and provided a roadmap for doing so) is not availing. (*See* Pls.' Mem. in Supp. of Mot. to Modify Order of June 6, 2005 Regarding Physician Contact ("Pl. Mem.") at 2.) That "lone attorney" happens to be with a firm that is represented on the PSC, and it hardly needs to be stated that the presentation, even if presented by one "lone attorney," was received by an audience of many plaintiffs' lawyers. In any event, plaintiffs do not deny the substance of that presentation – that plaintiffs' cases rise and fall on their ability to persuade prescribing physicians to testify in accordance with their theories. Indeed, the PSC's evident frustration with the Court's order merely highlights how desperate they are for a private audience with plaintiffs' physicians. If plaintiffs' lawyers simply seek to obtain factual information from those doctors, it is unclear why the presence of a defense attorney would prevent them from doing so. The Court had ample reason to be concerned about off-the-record *ex parte* interviews between plaintiffs' attorneys and physicians, and plaintiffs' latest attempt to dispel those concerns and circumvent the ruling by filing their cases in other courts merely confirms that its decision was correct.

***Second***, plaintiffs' proposed modification to the Order – which would limit communications only with respect to physicians who have already been sued – misses the point. The real concern here is not physicians who have already been sued (most of whom will be represented by counsel), but rather physicians who fear that they ***will*** be sued. Plaintiffs' assurance that "there is little concern that treating doctors will be subject to influence by attorneys" if they have not yet been sued (Pl. Mem. at 3) is thus wide of the mark. It is precisely that physician population that is at the greatest risk of undue influence. Moreover, plaintiffs'

claim that doctors will not be sued in VIOXX suits because plaintiffs' failure-to-warn "theory is by and large incompatible with a claim that the doctor is at fault, except in unusual cases," is belied by at least 100 VIOXX cases in which plaintiffs have sued physicians,[1] and threats like the one by Mr. Viles that he will bring hundreds of VIOXX suits naming physicians unless Merck waives its right to removal.[2] In sum, limiting the communication restrictions to cases in which physicians have already been sued would do nothing to address the Court's well-grounded concerns about undue influence of those who fear such suits in the future.

*Finally*, plaintiffs' threats to abandon this MDL proceeding absent reconsideration are even less availing than all of their rehashed arguments. (*See* Pl. Mem. at 2-3.) Apparently, this argument is intended to suggest that the Court must play by plaintiffs' rules or they will take their cases elsewhere. Plaintiffs' threat of forum-shopping suggests that the Court should employ a lowest common denominator approach to all legal issues in order to encourage more plaintiffs to file their claims in federal court. While the Court has a strong interest in achieving the goals of the MDL statute by coordinating as many of the VIOXX cases as possible, the notion that the Court should skew the law to encourage more federal court filings

---

[1] This statement by plaintiffs appears to be an admission that the physicians in these VIOXX cases have been fraudulently joined. *See Omobude v. Merck & Co.*, No. 3:03CV528LN, slip op. at 4 (S.D. Miss. Oct. 3, 2003) (physician fraudulently joined where plaintiff alleged that "Merck withheld and concealed and misrepresented the true facts regarding Vioxx; and yet, without alleging any factual basis for the charge, plaintiff conclude[d] that [physician] 'knew or should have known' the truth about Vioxx"); *In re Rezulin Prods. Liab. Litig.*, 2003 U.S. Dist. LEXIS 28, MDL No. 1348, Case No. 02-Civ. 3583 (S.D.N.Y. Jan. 6, 2003) (finding fraudulent joinder where failure to warn claims against a physician were premised on knowledge allegedly withheld).

[2] Just a few days ago, Merck's counsel in Kentucky received identical letters from a plaintiffs' lawyer regarding six cases in which the attorney stated that she would dismiss the physician-defendant only if Merck would stipulate that it failed to warn the doctors and that it would not raise the learned intermediary defense. (*See* June 10, 2005 letter from Ann B. Oldfather to Winston E. Miller and Susan J. Pope, attached as Ex. 1.) Such communications further call into question plaintiffs' counsel's claims that they will not be suing doctors in VIOXX cases and raise concerns about the inclusion of physicians in these cases merely for strategic purposes.

is a non-starter. Such an approach would undermine – not enhance – this Court's role in leading efforts to manage the VIOXX litigation. In any event, this argument overlooks the fact that Merck intends to seek the same relief from Judge Higbee in New Jersey, the proceeding to which plaintiffs are apparently threatening to take all their future cases. Merck will also seek to establish this policy in other state court coordinated proceedings.

## CONCLUSION

The Court's Order governing physician contacts was the appropriate response to the clear potential for undue influence of prescribing physicians in this litigation. Plaintiffs have offered no new facts, no new law, and no new arguments that provide a basis for the Court to reconsider its decision. In the absence of anything more compelling than plaintiffs' distaste for the Court's sound ruling, plaintiffs' motion should be denied.

Respectfully submitted,

*[signature]*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendants' Opposition to Plaintiffs' Motion to Modify June 6, 2005 Order Regarding Physician Contacts has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 22nd day of June, 2005.

_Phil Wittmann_

# OLDFATHER & MORRIS

### ATTORNEYS AT LAW

1330 SOUTH THIRD STREET

LOUISVILLE, KENTUCKY 40208

ANN B. OLDFATHER
DOUGLAS H. MORRIS II
LEA A. PLAYER
VICKI L. BUBA

TELEPHONE (502) 637-7200
FAX (502) 637-3999

received 6/13/05

June 10, 2005

Winston E. Miller
Frost Brown Todd, LLC
400 West Market Street
32nd Floor
Louisville, KY 40202-3363

Susan J. Pope
Frost Brown Todd, LLC
250 West Main Street, Suite 2700
Lexington, KY 40507-1749

**RE: *Hammond, et al. v. Merck, et al.***

Dear Counsel:

Merck has contended that there is no basis for liability against prescribing physicians (*see* Merck's various Petitions for Removal to Federal Court). We have asserted claims against Dr. Darlene Brosick in connection with the prescription of Vioxx®. However, we are willing to enter into a Stipulation with Merck that Dr. Brosick was not fully informed by Merck as to the risks associated with Vioxx® with the result that Dr. Brosick can be dismissed from this litigation.

In order for us to agree on the dismissal of Dr. Brosick, Merck must be willing to stipulate that it will not *in any way* attempt to place any liability for Plaintiffs' claims on Dr. Brosick, that Dr. Brosick will not be allocated any percentage of fault and that Merck will not contend that Dr. Brosick is a "learned intermediary."

We enclose a proposed Stipulation that would accomplish these purposes. Please let us know if you would like to discuss this potential approach to resolving our dispute as to whether there really is or is not a viable claim against Dr. Brosick. If you are not willing to stipulate away the possibility of any claim against Dr. Brosick then I would hope that you would agree that joinder of Dr. Brosick asserts a palpable claim and that the case must therefore be remanded due to lack of diversity of citizenship.

We are enclosing an extra copy of this letter and the proposed stipulation for Dr. Brosick so that she can send a set directly to her defense counsel, from whom we have not as yet received any contact.

Sincerely,

Ann B. Oldfather /rn

Enclosure
cc: Dr. Darlene Brosick (w/enc.)

r:\mam\vioxx\corres\stip_hammond.doc



EXHIBIT "1"

BULLITT CIRCUIT COURT
COMMONWEALTH OF KENTUCKY
CIVIL ACTION NO. 05-CI-604

| | | |
|---|---|---|
| LOIS HAMMOND<br>and HAROLD N. HAMMOND | | **PLAINTIFFS** |
| vs. | **STIPULATION** | |
| MERCK & CO., INC.<br>and DARLENE BROSICK, M.D. | | **DEFENDANTS** |

\* \* \* \* \* \* \* \* \* \*

The Parties, by and through their respective counsel, stipulate as follows:

1. This Stipulation may be used for all purposes in the above captioned lawsuit, and in any federal court proceeding in the event of removal by any defendant. In addition to all other uses allowed by law, this Stipulation may be read in evidence at any trial of this matter.

2. At the time of prescribing Vioxx® to Plaintiff, Dr. Darlene Brosick could not reasonably assess the risks and benefits and relative advantages and disadvantages of Vioxx® because the product labeling (the package insert contained in the Physicians' Desk Reference) did not contain adequate and/or accurate information, instructions and/or warnings.

3. Dr. Brosick could not make an informed independent medical decision as to whether Vioxx® should be prescribed for Plaintiff because information regarding the risks and benefits of Vioxx® that was available to, and known by, Merck was generally unavailable to Dr. Brosick and the public at large.

4. Merck will not contend or argue that Dr. Brosick is a "learned intermediary," as that term is defined in *Larkin v. Pfizer, Inc.,* 153 S.W.3d 758 (2004).

5. Merck will not contend or argue that Dr. Brosick bears any responsibility, fault or liability whatsoever for the injuries to Plaintiff as alleged in the Complaint.

6. Merck will not request an instruction to the jury allowing it to allocate any fault to Dr. Brosick in rendering its verdict.

7. Merck will agree to a reasonably drafted instruction to be read to the jury by the judge informing it that all parties agree that Dr. Brosick has no responsibility or fault in prescribing Vioxx® to the plaintiff and that the jury should not discuss or consider Dr. Brosick to be at fault in any way in considering its verdict.

_____  _____
**DATE**                               **JUDGE**
                                       **BULLITT CIRCUIT COURT**

**HAVE SEEN AND AGREED TO:**

---

Gregory J. Bubalo
D. Brian Rattliff
BUBALO & HIESTAND, PLC
401 South Fourth St., Suite 800
Louisville, Ky. 40202
Telephone: (502) 753-1600
Facsimile: (502) 753-1601

and

Ann B. Oldfather
OLDFATHER & MORRIS
1330 South Third Street
Louisville KY 40208
Telephone: (502) 637-7200
Facsimile: (502) 637-3999

and

Tyler Thompson
310 Starks Building
Louisville, KY 40202
Telephone: (502) 587-6554
Facsimile (502) 587-0001
*Counsel for Plaintiffs*

---

Winston E. Miller
Frost Brown Todd, LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
(502)589-5400 Telephone
(502)582-1087 Facsimile

-and –

Susan J. Pope
Frost Brown Todd, LLC
250 West Main Street, Suite 2700
Lexington, KY 40507-1749
(859)231-0000 Telephone
(859)231-0011 Facsimile
*Counsel for Defendant Merck & Co., Inc.*