BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 24 PM 3: 50

LORETTA G. WHYTE
CLERK

IN RE: VIOXX PRODUCTS LIABILITY ) 
LITIGATION. )   MDL No. 1657
)
)   Case No. 05-1005
)
)   JUDGE FALLON
)   MAG. JUDGE KNOWLES

TO: Eugene E. Murphy, Jr., Esq.        Edward B. Ruff
    Erin F. Martin                      Michael P. Turiello
    BRYAN CAVE LLP                      Pretzel & Stouffer, Chartered
    161 N. Clark Str., Ste 4800         One South Wacker Drive, Suite 2500
    Chicago, IL 60601                   Chicago, IL 60606

### NOTICE OF FILING

PLEASE TAKE NOTICE that on June 23, 2005, the plaintiff mailed to be filed, with the Clerk of the United States District Court for the Eastern District of Louisiana, the attached *Plaintiff's Certificate of Merit Pursuant to 2-622*, a copy of which is hereby served on the attorneys of record set forth above and all parties on the attached service list.

LINDA JOHNSON as Special Administrator of the Estate of JOHN JOHNSON, Deceased,

By: _____
    One of Plaintiff's Attorneys

Antonio M. Romanucci
Stephanie K. Nathanson
ROMANUCCI & BLANDIN, L.L.C.
33 North LaSalle Street, Suite 2000
Chicago, Illinois 60602
(312) 458-1000
(312) 458-1004 (facsimile)

## CERTIFICATE OF SERVICE

Stephanie K. Nathanson, an attorney, certifies that she caused the foregoing Notice of Filing and *Plaintiff's Certificate of Merit Pursuant to 2-622* to the Clerk of the United States District Court for the Eastern District of Louisiana, to be served by causing copies thereof to be mailed to all counsel on the attached service list and faxed to all counsel listed on the attached Notice of Filing, on June 23, 2005.

*Stephanie K. Nathanson*
Stephanie K. Nathanson

## SERVICE LIST
JOHNSON v. MERCK CO., INC.
MDL No. 1657
Case Number 05-1005

Mr. Russ M. Herman
Mr. Leonard A. Davis
HERMAN, HERMAN, KATZ & COTLAR, L.L.P.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
(504) 581-4892
(504) 561-6024 (facsimile)
*Liaison Counsel for Plaintiffs*

Mr. Phillip A. Wittmann
STONE, PIGMAN, WALTHER, & WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200
(504) 581-3361 (facsimile)
*Liaison Counsel for Defendants*

Antonio M. Romanucci
Stephanie K. Nathanson
ROMANUCCI & BLANDIN
33 N. LaSalle Street, 20th Floor
Chicago, Il 60602

    re:    John Johnson, deceased

Dear Counsel:

    I have reviewed the medical records from Dr. Narendrea Dabhade, Narendra D. Dabhade, M.D., Ltd, Dr. Jeffrey S. Meisles, Gottlieb Memorial Hospital, Elmhurst Memorial Hospital, Midwest Heart Specialists and Dr. Brottman, concerning John Johnson, deceased. I am currently an internist and rheumatologist licensed to practice medicine in all of its branches; I have actively practiced within the past ten years; and I am board certified in Internal Medicine. I am knowledgeable about the management of VIOXX. Based upon my review of these records, I find there is a reasonable and meritorious basis for filing a lawsuit against Dr. Narendrea Dabhade, Narendra D. Dabhade, M.D., Ltd.

### Dr. Narendrea Dabhade, Narendra D. Dabhade, M.D., Ltd.

    The facts upon which I base this opinion are that in February of 2004, Dr. Jeffrey S. Meisles performed arthroscopy and prescribed VIOXX to John Johnson, deceased. Dr. Meisles corresponded with Dr. Dabhade, John Johnson's primary care physician, on March 11, 2004, suggesting that Dr. Dabhade ensure that John Johnson fill and take the VIOXX prescription. Dr. Dabhade then prescribed VIOXX to John Johnson starting in March of 2004 through September of 2004. The VIOXX prescriptions caused a significant elevation in John Johnson's blood pressure and he was significantly hypertensive. John Johnson was given VIOXX without regard to his previous medical history of cardiomyopathy, which constituted a breach in the standard of care. John Johnson's elevation in his blood pressure caused and/or contributed to his untimely death at the age of fifty years old. But for the aforesaid VIOXX prescription, consistently prescribed by Dr. Dabhade, John Johnson would not have died. From 2001 to present, physicians knew and had been given ample warning that VIOXX was a risk factor for cardiovascular patients. In cardiovascular patients, VIOXX was a risk factor for heart disease and death. Specifically, in March of 2004, physicians, such as Dr. Dabhade, were aware that prescribing VIOXX to patients with heart disease was a significant risk factor. Physicians, such as Dr. Dabhade, had and have an independent duty to their patients to evaluate whether the prescription of VIOXX was safe for that particular patient. In this case, the prescription of VIOXX was not safe for John Johnson due to his cardiovascular medical history. These breaches in the standard of care were a proximate cause of the heart failure and subsequent death of John Johnson on September 19, 2004.

Sincerely,