UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>Products Liability Litigation | * MDL NO 1657<br>*<br>* SECTION: L<br>*<br>* JUDGE ELDON E. FALLON<br>*<br>* MAGISTRATE JUDGE<br>* DANIEL E. KNOWLES, III |

**THIS DOCUMENT RELATES TO** *Shepherd v. Merck & Co., Inc.*, No. 05-2061, previously filed as H:05-0963, S.D. Tex.

---

### MERCK'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

---

Defendant Merck & Co., Inc. ("Merck") answers Plaintiff's Original Complaint ("Complaint") as follows:

### I. RESPONSE TO "PARTIES"

1. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 1. of the Complaint.

2. Merck denies each and every allegation contained in paragraph 2. of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck may be

30951195.1

served with process by serving its registered agent, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas, 75201.

## II. RESPONSE TO "JURISDICTION"

3.  The allegations contained in paragraph 3. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3. of the Complaint, except admits there is diversity of citizenship between the parties and that the Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

## III. RESPONSE TO "JURY DEMAND"

4.  Merck admits the allegation contained in paragraph 4. of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Plaintiff has tendered her jury fee.

## IV. RESPONSE TO "WRONGFUL DEATH & SURVIVOR ACTS"

5.  The allegations contained in paragraph 5. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5., except admits that plaintiff purports to state a claim for damages, but denies there is any legal or factual basis for such relief.

## IV. RESPONSE TO "FACTS"

6.  Merck denies each and every allegation contained in paragraph 6. of the Complaint, except admits that it is a leading research-driven pharmaceutical products and

services company that researches, discovers, develops, manufactures, and markets a broad range of innovative products to improve human health and that it manufactured, marketed, and distributed the prescription medicine VIOXX®. Merck further admits that VIOXX® is the brand name for rofecoxib.

7. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the first two sentences of paragraph 7. of the Complaint. Merck denies each and every allegation contained in the third sentence of paragraph 7 of the Complaint.

8. Merck denies each and every allegation contained in paragraph 8. of the Complaint, except admits that Merck submitted a New Drug Application for VIOXX® on November 23, 1998, and that Merck, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®. Merck further admits the FDA approved VIOXX® as safe and effective for certain indicated uses contained in the relevant FDA-approved prescribing information. Merck respectfully refers the Court to the FDA prescribing information for VIOXX® for its actual language and full text.

9. Merck denies each and every allegation contained in paragraph 9. of the Complaint.

10. Merck denies each and every allegation contained in paragraph 10. of the Complaint, except admits that Merck received letters from regulatory review officers in December 2000 and in September 2001. Merck respectfully refers the Court to those letters for their actual language and full text.

11. Merck denies each and every allegation contained in paragraph 11. of the Complaint, except admits that Merck announced on September 30, 2004, that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that Merck concluded that, given the availability of alterative therapies and questions raised by the data from that trial, a voluntary withdrawal of VIOXX® best served the interests of patients. Merck further admits that the FDA issued a statement on September 30, 2004, regarding VIOXX® and respectfully refers the Court to that statement for its actual language and full text.

12. Merck denies each and every allegation contained in paragraph 12. of the Complaint, except admits that Merck marketed the prescription medicine VIOXX® until it voluntarily withdrew VIOXX® from the market on September 30, 2004.

## V. **RESPONSE TO "CAUSES OF ACTION"**

13. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

14. Merck denies each and every allegation contained in paragraph 14. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

15. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the first sentence of paragraph 15. of the

Complaint. Merck denies each and every allegation contained in the second sentence of paragraph 15. of the Complaint.

16. Merck denies each and every allegation contained in paragraph 16. of the Complaint.

17. Merck denies each and every allegation contained in paragraph 17. of the Complaint.

18. Merck denies each and every allegation contained in paragraph 18., and respectfully refers the Court to the FDA-approved prescribing information for VIOXX® for its actual language and full text.

19. Merck denies each and every allegation contained in paragraph 19.

20. The allegations contained in paragraph 20. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 20.

## VI. **RESPONSE TO "NEGLIGENCE"**

21. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

22. The allegations contained in paragraph 22. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 22.

## VII. **RESPONSE TO "NEGLIGENCE PER SE: VIOLATION OF TEXAS AND FEDERAL FOOD, DRUG, AND COSMETIC ACTS"**

23. The allegations contained in paragraph 23. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 23.

## VIII. **RESPONSE TO "BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"**

24. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

25. Merck denies each and every allegation contained in paragraph 25, except admits that it manufactured, marketed and distributed the prescription medicine VIOXX® until it voluntarily withdrew VIOXX® from the market on September 30, 2004.

26. The allegations contained in paragraph 26. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 26. of the Complaint, except that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

27. The allegations contained in paragraph 27. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 27.

## IX. <u>RESPONSE TO "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"</u>

28.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

29.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 29. of the Complaint. The allegations directed at Merck in paragraph 29. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed at it in paragraph 29. of the Complaint, except that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

30.     Merck denies each and every allegation contained in paragraph 30.

31.     The allegations contained in paragraph 31. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 31.

## X. <u>RESPONSE TO "BREACH OF EXPRESS WARRANTY"</u>

32.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

33.     Merck denies each and every allegation contained in paragraph 33. of the Complaint.

34. The allegations contained in paragraph 34. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 34.

### XI. RESPONSE TO "MISREPRESENTATION AND FRAUD"

35. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

36. The allegations contained in paragraph 36. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 36.

37. Merck denies each and every allegation contained in paragraph 37. of the Complaint.

38. The allegations contained in paragraph 38. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 38.

39. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 39. of the Complaint. The allegations directed at Merck in paragraph 39. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed at Merck in paragraph 39. of the Complaint

## XII. RESPONSE TO "DECEPTIVE TRADE PRACTICES"

40. The allegations contained in paragraph 40., including subparts a. – c., of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 40., including subparts a. – c.

41. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 41. of the Complaint. Merck denies each and every allegation directed at Merck contained in paragraph 41. of the Complaint.

42. Merck denies each and every allegation contained in paragraph 42. of the Complaint, except admits that Plaintiff purports to make a claim for treble damages, court costs, and attorneys' fees, but denies there is any factual or legal basis for such relief.

## XIII. RESPONSE TO "DAMAGES"

43. Paragraph 43. of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 43. of the Complaint, including subparts a. – f., except admits that Plaintiff purports to seek damages, including past medical expenses, past physical pain and suffering, past funeral and burial expenses, past and future mental anguish, past and future pecuniary losses of contribution, and past and future loss of consortium, but denies there is any factual or legal bases for such relief.

## XIV. RESPONSE TO "EXEMPLARY DAMAGES"

44. Paragraph 44. of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 44. of the Complaint, except admits that Plaintiff purports to seek exemplary damages, but denies there is any factual or legal bases for such relief.

## XV. RESPONSE TO "PRAYER"

45. Paragraph 45. of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 45., including subparts a. – f., except admits that Plaintiff purports to seek damages, including actual damages, exemplary damages, attorneys' fees, costs of court, and post-judgment and prejudgment interest, but denies that there is any factual or legal basis for such relief.

## XVI. AFFIRMATIVE DEFENSES

46. The Complaint fails to state a claim upon which relief can be granted.

47. Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use. Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

48. Plaintiff's claims are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

49. Merck asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiff's claims in this lawsuit.

50. Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

51. Plaintiff's claims may be barred by Plaintiff's contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiff and/or the treating physicians and/or other health care providers.

52. If Plaintiff sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiff and/or of third parties, not from any negligence or breach of duty by Merck. If judgment is rendered in Plaintiff's favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

53. Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or

other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

54. The occurrences and injuries Plaintiff alleges resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiff. Moreover, the occurrences and injuries were caused by separate and independent events not reasonably foreseeable. Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiff, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiff or any other parties.

55. If Plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

56. Merck further states that Plaintiff's injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiff unrelated to any products manufactured by Merck.

57. The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such,

could only be used pursuant to the prescription of a licensed prescriber. The labeling for the product at issue was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations. Such actions and federal statutes and regulations bar and preempt all of Plaintiff's claims under state law.

58. Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

59. Plaintiff cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

60. Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

61. Merck asserts that Plaintiff's claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

62. Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations.

63. Plaintiff's claims are barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

64. Plaintiff's claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

65. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

66. To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity, and/or because the alleged warranties were disclaimed.

67. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

68. Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008. Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

69. Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

70. Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

71. Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

72. Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

73. Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that: (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective

standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

74. Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

75. Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

76. Plaintiff is not entitled to recover exemplary or punitive damages because, to the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, fraudulent, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

77. Plaintiff is not entitled to punitive or exemplary damages because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

78. Plaintiff's claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

79. Plaintiff's claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

80. VIOXX® is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiff's treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiff. Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

81. Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

82. The imposition of punitive damages violates the open courts provision of the Texas Constitution.

83. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

### XVII. JURY DEMAND

84. Merck hereby demands a trial by jury on all of Plaintiff's claims.

Respectfully submitted,

FULBRIGHT & JAWORSKI, L.L.P.

_____
Gerry Lowry
Attorney-in-Charge
Federal I.D. No. 6069
State Bar No. 12641350

FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

COUNSEL FOR DEFENDANT
MERCK & CO., INC.

OF COUNSEL:

John Sullivan
State Bar No. 19485010
Julie Hardin
State Bar No. 24013613
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  713/651-5151
Telecopier:  713/651-5246


HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY  10004
(212) 837-6000

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing answer been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on June 24, 2005.

Gaines F. West, II
West Webb Albritton & Gentry
1515 Emerald Plaza
College Station, Texas 77845-1515

_____
Julie A. Hardin