**MINUTE ENTRY**
**FALLON, J.**
**JUNE 23, 2005**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 1657 |
| IN RE: VIOXX | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L (3) |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date by Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the pretrial conference. Present at the Steering Committee meeting on behalf of the Plaintiffs were Leonard Davis, Andy Birchfield, Chris Seeger, Arnold Levin, David Buchanan, and Thomas Kline. Present on behalf of the Defendants were Phillip Wittman, Doug Marvin, and John Beisner. At the monthly pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 4 of Plaintiffs' and Defendants' Liaison Counsel. This conference was transcribed by Toni Tusa, Official Court Reporter. Counsel may contact Toni Tusa at (504) 589-7778 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

JS10  2:00

I.      Lexis/Nexis File & Serve

Lexis/Nexis File & Serve was activated and utilized for all service in this litigation on May 11, 2005.  In accordance with Pretrial Order No. 4, effective June 1, 2005, Defendants' Liaison Counsel ("DLC") discontinued service to non-registered attorneys and all service in this litigation is now by Lexis/Nexis File & Serve.  However, PLC continued to serve the plaintiffs' service list of attorneys as a courtesy due to some claimant's counsel who have a filed case, but the transfer to the MDL is not yet complete.

DLC also informed the Court of a few outstanding problems with the Lexis/Nexis File and Serve system.  The Court instructed Liaison Counsel to set up a time during the week of July 25, 2005 for a Lexis/Nexis representative to meet with the Court and Counsel regarding outstanding issues.

DLC also gave a statistical update on cases that have been filed in the MDL.

II.     Trial Settings

DLC reported that several cases are set for trial in various state courts.  DLC indicated that if will provide to Plaintiffs the name, court, and injury at issue in the cases set for trial. The Court emphasized the importance of setting trials in cases that actually are ready to be tried in order to achieve predictability in outcomes.

III.    Selection of Cases for Early Trial

DLC has furnished the PLC with a proposed Pre-trial Order dealing with selection of cases for trial, including a Case Management Plan for the cases selected.  The parties continue to meet and discuss a trial plan for cases to be tried in the MDL.  The DSC has identified two pools of cases from which cases ready for trial in the MDL may be chosen: (1) cases filed in the Eastern District of Louisiana; and (2) cases that were filed in federal court before the MDL was

established.  The Court advised counsel to pay attention to what circuit will hear appeals in the cases chosen for trial.  The Court further stressed that it is important for Counsel to select cases for trial that are ready for trial and that will be representative of the variety of injuries at issue in the MDL cases.

IT IS ORDERED that the DSC will serve on the PSC no later than Thursday, June 30, 2005, a list of cases in which sufficient discovery has occurred to make the cases eligible for an early trial.  The PSC will have until July 7, 2005 to respond and/or supplement the list.  Thereafter, the PSC and DSC shall schedule a meeting with the Court at which the positions of the PSC and DSC can be discussed with a view toward selecting cases to be tried in the latter part of 2005 and the early part of 2006.

### IV.     Class Actions

Following a conference held on June 1, 2005, the Court issued Pretrial Order No. 16, which applies to all class action cases.  Subsequently, the Court appointed the PSC as interim class counsel pursuant to Fed. R. Civ. P. 23(g)(2)(A), on behalf of each type of purported class which governs the class claims made in the MDL.

### V.     Discovery Directed to Merck

The parties continue to meet and confer to resolve issues regarding the PLC's June 7, 2005 First Set of Interrogatories and Requests for Production of Documents directed to Merck & Co., Inc. ("Merck").  The Court explained that discovery is designed to be helpful in preparing for trial and not to be a stumbling block that sidetracks counsel.  The Court instructed Counsel to first meet and share a draft of what each side needs, and to discuss those needs in an attempt to reach an agreement on discovery issues.  However, if Counsel cannot agree, then the discovery issue shall be brought to the Court's attention promptly.

VI.     Pretrial Order Governing Individual Cases

The Court has issued Pretrial Order Nos. 17 and 17A regarding discovery and motion practice in individual cases.

VII.    Merck Employee Information

The PSC, DSC,, and the State Liaison Committee ("SLC") have submitted to the Court briefs regarding their respective positions on this issue. IT IS ORDERED that the Court will hear oral arguments on this issue on Wednesday, June 29, 2005 at 2:00 p.m.

VIII.   Discovery Directed to FDA

Counsel report that their June 1, 2005 meeting with counsel for the FDA was productive. The Court expressed its appreciation to the Director of the FDA for the FDA's assistance in expediting the discovery process.

IX.     Discovery Directed to Third Parties

PLC has advised the Court and DLC that the PSC anticipates third party discovery will be forthcoming.

X.      Deposition Scheduling

Pretrial Order No. 12 was entered by the Court on May 23, 2005. It reserves the first and third weeks of each month for the taking of depositions. DLC reports that the DSC has left the selection of parties to be deposed to the PSC. DSC are waiting for the DSC to provide them with a list of cases that are appropriate for trial. The Court stressed the importance of prioritizing depositions and first focusing on cases that are ready for trial.

XI.     Plaintiff Profile Form and Merck Profile Form

The parties have agreed on the form for the Plaintiff Profile Form ("PPF") and the DLC has submitted to the Court a proposed Pretrial Order governing the timing for production of

PPFs on a staggered basis. The Parties have been unable to agree on a format for a Merck Profile Form and the PSC and DSC have submitted their respective versions of this document for consideration by the Court. The Court has reviewed the proposals and has resolved the outstanding issues. The Court has issued its revisions and ordered the Plaintiffs to redraft the form accordingly.

XII. Medical Records from Healthcare Providers

The Parties have reached an agreement on posting of medical records received by Merck in response to the authorization forms attached to PPFs. That procedure is part of Pretrial Order No. 17.

XIII. Contact with Claimants' Healthcare Providers

By Order and Reasons entered June 6, 2005, the Court set forth guidelines which will govern all contact or communications with claimants' prescribing physicians. Plaintiffs filed a motion to modify that Order and Reasons and Merck opposes the motion.

IT IS ORDERED that the Court will hear oral arguments on the Plaintiff's motion to modify on Wednesday, June 29, 2005 at 2:00 p.m.

XIV. Plaintiffs' Depository

Plaintiffs' New Orleans Depository located at Place St. Charles, 201 St. Charles Avenue, Suite 4310, New Orleans, Louisiana, is up and running and reviewers/coders are actively working. The Court expressed an interest in scheduling a time to visit the depository. The DSC indicated that it has no objection.

XV. Confidentiality Agreement

On May 24, 2005, the Court entered Pretrial Order No. 13, the Confidentiality Order agreed to by the PSC and DSC. The Court explained that it is cognizant of the need to balance

the First Amendment right of the public to be informed with the Sixth Amendment guarantee of a fair trial to the litigants. Rather than deny the public the right to know, the Court has resolved the tension by delaying public knowledge in certain instances. The Court entered the Confidentiality Order to allow the Defendants the comfort to produce certain information without fear that their proprietary information will be comprimised.

XVI.  Remand Issues

Several remand motions have been filed with the Court. The Court has indicated that it will deal with remand motions as a group in accordance with procedures to be established in the future. The Court explained that a significant advantage of the MDL process is consistency. The Court is conscious of dealing with remand issues as quickly as possible, but also recognizes the need to group remand motions into appropriate categories to allow for consistency.

XVII.  Tolling Agreement

On June 9, 2005, Liaison Counsel filed with the Court a Notice of Filing of Tolling Agreement. Attached to the Notice are the Tolling Agreement and Exhibits A, B, and C. The Court expressed its belief that the Tolling Agreement will be helpful to counsel as well as litigants in the MDL.

XVIII.  State/Federal Coordination - State Liaison Committee

The SLC reports that it has been receiving positive feedback from counsel with state Vioxx cases. The Court indicated its interest in having the SLC highlight issues that are specific to the state cases, but instructed the SLC to avoid duplicating arguments that have already been made by the PSC.

XIX.  Waiver of Service

On May 31, 2005, the Court entered Pretrial Order No. 15, which provides for waiver of

service for new lawsuits filed in the MDL and establishes response dates.

XX.   Direct Filing Into the MDL

On May 18, 2005, the Court entered Pretrial Order No. 11 which provides for direct filing of federal cases into the MDL.  Cases filed directly into the MDL should be filed under an individual case caption and case number, however, counsel must indicate that the case is related to the MDL.  Furthermore, all *pro hac vice* requirements for counsel have been waived.

XXI.   Pro Se Claimants

The Court has issued Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals.  PLC has communicated with the various *pro se* claimants and advised them of attorneys in their respective states and other pertinent information regarding the MDL.

XXII.  Next Conference

The next monthly pretrial conference shall be held on Tuesday, July 19, 2005, at 9:30 a.m. in the Courtroom of Judge Eldon E. Fallon.