**MINUTE ENTRY**
**FALLON, J.**
**June 29, 2005**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : |  |

**THIS DOCUMENT RELATES TO ALL CASES**

On this date the Court heard oral argument on Plaintiffs' Motion to Modify the Court's June 6, 2005 Order and on Plaintiffs' Request for the Production of Merck & Co., Inc.'s ("Merck's") FACTS Database and Detailer Information. Russ Herman and David Buchanan argued on behalf of the Plaintiffs. Philip Wittmann and John Beisner argued on behalf of Merck. A summary of the Court's proceedings follow.

I.  Plaintiffs' Request for Production

The Plaintiffs have filed a request for production of documents, requesting that Merck produce the Vioxx FACTS database in its entirety[1]. Additionally, the Plaintiffs have requested

---

[1] FACTS, the Field Activity and Customer Tracking Systems Database, contains the call notes and call-related data recovered by professional representatives regarding visits and other contacts with physicians, as well as information related to Merck's educational programs, information related to personnel files, and Professional Information Requests, among other categories.

JS10   1:10

-1-

that Merck provide the names, last known addresses and current employment of all Vioxx sales and detail representatives.  The Court indicated that feasibility with respect to time and cost, rather than relevance, was the main concern with regards to this production request.  The Court raised the possibility of holding a feasibility hearing and convened a meeting with Russ Herman, David Buchanan, Philip Wittmann, and John Beisner immediately followed oral argument to discuss such a hearing.  With regard to the sales representative information, the Court indicated that needed to know how many sales representatives are at issue.

IT IS ORDERED that Defendants' Liaison Counsel ("DLC") will report to the Court by Wednesday, July 6, 2005 with the specific number of sales representatives whose information is being sought by the Plaintiffs.

IT IS FURTHER ORDERED that DLC will provide to the Plaintiffs a list of witnesses whom Merck would call in a feasibility hearing no later than Tuesday, July 5, 2005.  Plaintiffs' Liaison Counsel ("PLC") will provide to DLC a list of witnesses whom the Plaintiffs would call in a feasibility hearing no later than Thursday, July 7, 2005.

IT IS FURTHER ORDERED that a telephone status conference to further discuss the feasibility hearing will be held on Friday, July 8, 2005 at 10:00 a.m.  The Court shall initiate the call.

II.   Plaintiff's Motion to Modify

In an Order issued June 6, 2005, the Court ruled that any party wishing to interview a Plaintiff's prescribing physician must serve Liaison Counsel for the opposing party with five days notice of such interview.  According to the Order, opposing counsel would then be permitted to attend and participate in the noticed interview, but if opposing counsel decided not

to participate in the interview, the noticing party could conduct said interview without opposing counsel's presence.  The Plaintiffs have moved the Court to modify its Order by limiting the applicability of the Order to circumstances where the treating physician actually has been named as a defendant.  At oral argument, the Court indicated that it would grant the Plaintiff's Motion to Modify for reasons to be set forth in a subsequent written order.

