

```
            F I L E D
        U.S. DISTRICT COURT
       EASTERN DISTRICT OF LA

        2005 JUL -5  AM 11: 30

           LORETTA G. WHYTE
                CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | *  MDL No. 1657<br>*<br>*  SECTION L<br>*<br>*  JUDGE ELDON E. FALLON<br>*<br>*  MAGISTRATE JUDGE<br>*  DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Ellis Maximo Diaz and Norka deJongh Diaz v. Merck & Co., Inc.*, No. 05-1614.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

1. Denies each and every allegation contained in paragraph I of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2. Denies each and every allegation contained in paragraph II of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and is authorized to do business in Louisiana.

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

3. The allegations of paragraph III of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph III of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4. Denies each and every allegation of paragraph IV of the Complaint, except admits that VIOXX® is the trade name for rofecoxib and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

5. Denies each and every allegation of paragraph V of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6. Denies each and every allegation of paragraph VI of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

7. Denies each and every allegation contained in paragraph VII of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

8. Denies each and every allegation contained in paragraph VIII of the Complaint.

9. Denies each and every allegation contained in paragraph IX of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

10. Denies each and every allegation contained in paragraph X of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

11.  Denies each and every allegation contained in paragraph XI of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004. Merck further avers VIOXX® was approved by the United States Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

12.  Denies each and every allegation contained in paragraph XII of the Complaint, except admits that Merck manufactured, marketed, and distributed VIOXX®, which was approved by the FDA for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

13.  The allegations of paragraph XIII of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in paragraph XIII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

14.  The allegations of paragraph XIV of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in paragraph XIV of the Complaint, and respectfully refers the Court to the relevant legal standards, including any conflict of laws rules.

15.  Denies each and every allegation contained in paragraph XV of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medication VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

16. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph XVI of the Complaint, and denies each and every allegation directed towards Merck in paragraph XVI of the Complaint.

17. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph XVII of the Complaint, and denies each and every allegation directed towards Merck in paragraph XVII of the Complaint.

18. The allegations of paragraph XVIII of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph XVIII of the Complaint and respectfully refers the Court to the relevant legal standards, including any conflict of laws rules.

19. Denies each and every allegation contained in paragraph XIX of the Complaint.

20. Denies each and every allegation contained in paragraph XX of the Complaint.

21. The allegations contained in paragraph XXI of the Complaint are legal conclusions as to which no responsive pleading is required.

22. The allegations contained in the unnumbered "Wherefore" paragraph after paragraph XXI of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

23. The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

24. The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

25. To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred. La. Rev. Stat. § 9:2800.51, *et seq.*

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

26. To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

27. The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

28. Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

29. To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

30. The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

31. The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

32. The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

33. The claims of the Plaintiffs are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

34. The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

35. The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

36. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

37. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to

take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

38. To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

39. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

40. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of VIOXX®.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

41. The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

42. To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

43. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

44. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights. Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

45. To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

46. To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

47. The demand for punitive damages by the Plaintiffs is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

48. To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiffs have failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act. La. Rev. Stat. § 9:2800.59(A).

## AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

49. The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

50. To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by La. Code Civ. Proc. Ann. art. 856.

## AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

51. Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

52. Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

53. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1. That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: July 5, 2005

Respectfully submitted,

_____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
    Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523-1580
Telecopier: (504) 524-0069

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Barry W. Ashe, 14056
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
    Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 5th day of July, 2005.

_____