FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -1  PM 2: 08

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

05MD1567

| | | |
|---|---|---|
| YVONNE BELL, AS A REPRESENTATIVE OF HER DECEASED MOTHER, ELEANOR ALCORN, AND ESTHER LINGONI | * * * * | CIVIL ACTION  *Reb:* NO. 2:05-cv-02110 |
| Complainants | * * | SECTION: L |
| versus | * * * | JUDGE FALLON |
| MERCK & COMPANY, INC. AND WALGREENS LOUISIANA, INC., | * * * * | MAG. DIV. MAGISTRATE |
| Defendants | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, come complainants, Yvonne Bell, as a representative of her deceased mother, Eleanor Alcorn, and Esther Lingoni, who respectfully submit this Motion to Remand the above-captioned matter. The complainants file this Motion to Remand because removal was not proper in this matter, and because this Court also lacks subject matter jurisdiction. Insofar as there is not complete diversity, and

1

___ Fee _____
___ Process _____
X  Dktd _____
V  CtRmDep _____
___ Doc. No. _____

because the non-diverse, in-state defendant was not fraudulently joined, the complainants respectfully request that this Honorable Court remand this matter to State Court, all as more fully set forth in the attached memorandum.

                              Respectfully submitted,

R. Glenn Cater (Bar #4048)
CATER & WILLIS (APLC)
3723 Canal Street
Telephone:   (504) 488-6300
Facsimile:   (504) 488-6302

*and*

Gary J. Gambel (#19864)
MURPHY, ROGERS, SLOSS & GAMBEL
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone:   (504) 523-0400
Facsimile:   (504) 523-5574

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 1st day of July, 2005 forwarded a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YVONNE BELL, AS A REPRESENTATIVE OF HER DECEASED MOTHER, ELEANOR ALCORN, AND ESTHER LINGONI | * * * * | CIVIL ACTION NO. 2:05-cv-02110 |
| Complainants | * * | SECTION: L |
| versus | * * | JUDGE FALLON |
| MERCK & COMPANY, INC. AND WALGREENS LOUISIANA, INC., | * * * * | MAG. DIV. MAGISTRATE |
| Defendants | * * * | |

* * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

Complainants, Yvonne Bell, as a representative of her deceased mother, Eleanor Alcorn, and Esther Lingoni, seek to have this case remanded to State Court because complete diversity does not exist between the parties, and because the non-diverse party was not fraudulently joined. The complainants respectfully submit that this Honorable

1

Court lacks subject-matter jurisdiction over this matter. As such, remand to State Court is required.

I.  **Factual and Procedural Background**

The plaintiffs, Yvonne Bell and Esther Lingoni, originally filed this Louisiana redhibition case in the 34th Judicial District Court for the Parish of St. Bernard on February 17, 2005. The case arises from a dangerous defect in the drug Vioxx, which was prescribed to and purchased by the plaintiffs and other similarly situated persons in Louisiana. Louisiana law specifically provides a cause of action in redhibition against both the manufacturer and the seller. La.C.C.art. 2520, *et seq.* The plaintiffs alleged no federal causes of action in the original Petition. The plaintiffs are citizen of Louisiana, as are the putative plaintiff class members for whom they seek to serve as class representatives. Further, defendant Walgreen Louisiana Co. ("Walgreens"), which sold the drug to plaintiffs, is a Louisiana corporation.[1] Defendant Merck & Company ("Merck"), which is the manufacturer of the drug, is a foreign corporation.

On June 1, 2005, Merck filed its Notice of Removal, claiming that Walgreens was fraudulently joined. Plaintiffs timely seek remand of this case which was improvidently removed, and over which this Court lacks jurisdiction.

---

[1] An affidavit, on personal knowledge of Esther Lingoni confirming Walgreens sold her the Vioxx, is attached as Exhibit "A"; however, Eleanor Alcorn is deceased – hence, no affidavit from her.

2

II. **Law and Argument**

The removal statute, 28 U.S.C. c 1441(b), establishes that suits not arising under federal law are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought."[2] Thus, in order to remove on diversity grounds, a diverse defendant must establish that all of the requirements for diversity jurisdiction are satisfied.[3] If a complainant properly joins an in-state defendant, the diverse defendant may not remove the case.[4]

> A. **The Fifth Circuit's recent decision in *Smallwood v. Illinois Cent. RR. Co.* sets forth the proper procedure for determining whether joinder was proper.**

As the Fifth Circuit stated in *Smallwood v. Illinois Cent. RR. Co.*, when determining whether the joinder of an in-state defendant was proper, the "focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[5] The Fifth Circuit has acknowledged two methods for establishing proper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

---

[2] 28 U.S.C. §1441(b) (emphasis added).

[3] 28 U.S.C. §1332.3

[4] *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568 (5th Cir. 2004).

[5] *Id.* at 573.

3

action against the non-diverse party in state court."[6]

The issues relied upon by Merck in its Notice of Removal highlight concerns raised by the second method for establishing proper joinder as there was no fraud or misstatement in the Petition. Under the second method, the test for improper joinder looks to whether the diverse defendant has established that the complainant has no reasonable possibility of recovery against the in-state defendant.[7] As the Fifth Circuit explained in *Smallwood*, the defendant must demonstrate "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[8]

The *Smallwood* court explained that courts may examine the complainant's reasonable basis of recovery under state law in either of two ways. First, the court may engage in a Rule 12(b)(6) analysis, which involves scrutinizing the complaint to "determine whether the complaint states a claim under state law against the in-state defendant."[9] If the complainant survives the Rule 12(b)(6) analysis, usually, joinder is

---

[6] *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

[7] *Id.*

[8] *Smallwood*, 385 F.3d at 573.

[9] *Id.* Citing *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) and *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).

proper.[10] However, the *Smallwood* court acknowledged that a handful of cases may exist in which a complainant managed to state a claim, but determining the propriety of joinder is complicated by the complainant's fraud - - misstatement or omission of discrete facts.[11] In these unique cases is it proper for a court to "pierce the pleadings" and to "conduct a summary inquiry."[12] Here, such an analysis confirms the allegations of the Petition, and mandates remand.

Determining when to pierce the pleadings falls within the discretion of the trial court, but the Fifth Circuit cautions that these summary inquiries are proper "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[13] As illustration of when such an inquiry is proper, the court offered the examples of an in-state doctor defendant not treating the plaintiff-patient or an in-state pharmacist not being the person who filled the prescription of a plaintiff-patient.[14] Here, as was known to Walgreens when it consented to the wrongful removal, and as is confirmed by Exhibit "A," Walgreens was the seller of the drug. In elucidating the proper procedure and limitations for this sort of summary

---

[10] *Smallwood*, 385 F.3d at 573.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 573.

[14] *Id.* at 574 n.12.

inquiry, the Fifth Circuit clarified as follows:

> Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the changes of the claim against the in-state defendant alleged to be improperly joined.[15]

As the court explained, a trial court's inability to decide the joinder issue in a summary manner suggests that the party requesting removal cannot meet its heavy burden.[16]

**B.     The defendant's claims of improper joinder should fail.**

In the instant case, Merck cannot meet its heavy burden of establishing that Walgreens was improperly joined. Specifically, Merck claimed that joinder was improper, and thus, removal is justified, because the plaintiffs have no reasonable basis of recovering against Walgreens (despite the fact that Walgreens sold Vioxx to the named plaintiffs). Merck premised its removal on a goal-oriented reading of the Petition, wherein allegations were made jointly against both defendants and references to seller and manufacturer were combined in asserting the redhibition claim. The allegations of the entire Petition, when read as a whole, were ignored to justify removal. Merck's analysis also ignored express allegations made by the plaintiffs in their Petition for

---

[15] *Smallwood*, 385 F.3d at 574.

[16] *Id.*

6

Redhibition, which make removal in this matter improper.

Merck bases its removal on a result oriented reading of the Petition to argue – contrary to the facts known to defendants – that plaintiffs did not properly allege that Walgreens was the seller in the redhibition suit. The Petition refers to the defendants, Walgreens and Pfizer, as "sellers and/or manufacturers," and alleges that they "are liable under Louisiana redhibition law. . .". In short, even if the Petition is not a picture of clarity or even if defendants' reading of the Petition is accepted as justification for removal, it does not support this Court retaining the case. The facts would deprive the Court of jurisdiction because Walgreens, as the seller of the Vioxx purchased by the named plaintiffs, is a proper defendant in a redhibition claim.

Under the procedure expressed in *Smallwood*, the defendant's claim of improper joinder should fail. Because the removing party bears the burden of proving that the in-state defendant's joinder was improper,[17] the defendants must establish that there is no possible basis for the complainants to prevail against Walgreens. Merck has failed to meet this heavy burden. It cannot do so because Walgreens, as the seller of the defective product, is, as a matter of law, liable in redhibition.

Under the Rule 12 (b)(6) inquiry, the complainant's Petition states a redhibition claim under state law against Walgreens sufficient to defeat removal in this case. Unlike

---

[17] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

the situation mentioned in *Smallwood* regarding the pharmacist who had not filed the plaintiff-patient's prescription, this case involves plaintiffs who were sold Vioxx by Walgreens in the State of Louisiana. This is an undeniable fact. In the case before the Court, piercing the pleadings confirms or clarifies the allegation of the Petition, and reveals that the court lacks jurisdiction because the in-state defendant, Walgreens, sold the drug to plaintiffs and is therefore a proper party.

As the Court is aware, plaintiffs seek certification of a defendant class, as well as a plaintiff class. The Petition specifically alleges that the defendant class–which includes named in-state defendant, Walgreens–sold the defective drug, Vioxx, to all members of the putative plaintiff class. Walgreens was named because it sold the drug to the named plaintiffs.

A Rule 12(b)(6) summary inquiry will reveal what is alleged in the Petition, and what is not disputed by defendants in their removal: that Walgreens sold Vioxx to the named plaintiffs. Merck struggles to assert throughout its Notice of Removal that joinder was improper because the plaintiffs failed to allege, with sufficient clarity, claims against Walgreens (because it was alleged that Walgreens and Pfizer was "seller and/or manufacturer," and defendants were purportedly unclear which defendant was "seller," and which defendant was "manufacturer"). However, defendants know that Walgreens did, in fact, sell the drug to the named plaintiffs (and others similarly situated). The

removal rests on the collective use of allegations against "defendants," then relies on an unreasonable reading of the Petition to support its removal attempt. All the while, Walgreens must have known it is a proper defendant.

Despite Merck's characterization of the plaintiffs' Petition for Redhibition, the plaintiffs made allegations and stated a claim against Walgreens. A tortured, removal-oriented reading of the Petition is required to arrive at the conclusion that Walgreens was not alleged to be the seller of the Vioxx purchased by named plaintiffs. The plaintiffs' Petition for Redhibition is one seeking class certification for both plaintiff and defendant classes. The putative defendant class includes Walgreens, and other similarly situated natural or juridical persons who sold Vioxx to persons in Louisiana.[18] As such, Merck's assertion that referring to Walgreens and Merck together as "defendants" as being evidence of the plaintiffs' lack of "sufficient factual basis for their redhibition claim"[19] distorts of plaintiffs' allegations when read as a whole. The references to "the defendants" throughout the Petition for Redhibition clearly include Walgreens. Likewise, "sellers' refers to Walgreens.

Merck further contends in its Notice of Removal that the plaintiffs "have made no allegation that Walgreen sold them Vioxx" or that the plaintiffs bought Vioxx from

---

[18] Petition for Redhibition at par. III.

[19] Notice of Removal at par. 15.

Walgreens.[20]  However, this again distorts the allegations contained in the plaintiffs' Petition for Redhibition.  The Petition, when read as a whole, makes clear that Walgreens sold the drug to the named plaintiffs.  Articles VIII, XVI, XX, XXI, and XXII, among others, contain allegations that Walgreens was the seller under the Redhibition articles.

As discussed previously, the plaintiffs' Petition had identified Walgreens as one of the named members of the putative defendant class earlier in their Petition.  As such, the references to "defendants" to which Merck refers are a result not of the plaintiffs lacking specific allegations against Walgreens, but instead reflect an effort to streamline the Petition, and are a result of the fact that the plaintiffs' Petition includes both putative plaintiff and defendant classes.  Thus, those generalizations are a result of the class nature of the plaintiffs' Petition.

To the extent the Petition is unclear or ambiguous, defendants could have, and should have, availed themselves of state law procedural devices available to address that issue:  exceptions, discovery, etc. This removal exemplifies the excessive, abusive use of removal premised on "fraudulent" or improper joinder.  The removal statutes, particularly 28 U.S.C. §1446, have specific provisions which strongly indicate that immediate removal based on purported "fraudulent" joinder is improper.  For example, §1446(b) provides for removal thirty (30) days after defendant receives notice that a case which was not

---

[20.] Notice of Removal at par. 16.

removable based on the initial pleading is, in fact, subject to removal. Here, discovery would have clarified any ambiguity or lack of clarity in the Petition, and would have revealed what is within the knowledge of at least one of the defendants - - that Walgreens sold the drug to plaintiffs. This case represents the ever burgeoning misuse of the removal process to delay, complicate, and increase the cost of litigation. Here, no matter whether defendants were in good faith or bad faith in removing the case based on the Petition, the removal must fail because, factually, this Court lacks jurisdiction. Walgreens is a proper party defendant in the named plaintiffs' redhibition claim.

The Louisiana Civil Code specifically provides for redhibition actions against sellers. Code article 2520 specifically addresses the issue of sales of things with redhibitory defects or vices, and provides for civil actions when a buyer would not have purchased the item if he had been aware of the vice or defect.[21] Further, Civil Code article 2545 sets forth the remedies a buyer can pursue against a seller who has knowledge of defects in the products he sells[22] or one who lacks knowledge of the defects.[23] The plaintiffs specifically alleged in their Petition for Redhibition that the defendant class of pharmacists and pharmacies, including named defendant, Walgreens,

---

[21] La. Civ. Code art. 2520.

[22] La. Civ. Code art. 2545.

[23] La. Civ. Code art. 2531.

knew of the defect in the Vioxx when they sold the drug to the putative plaintiff class members.[24] These allegations clearly are directed at Walgreens and other similarly situated pharmacies or pharmacists–not at Merck, as Merck argues to concoct a basis for removal. This distinction seems particularly evident from the fact that the plaintiffs include the following line in their Petition: "The knowledge of the Defendant Class members and the respective liability of the manufacturer and the Defendant Class members are common issues."[25] This sentence illustrates an express distinction between the manufacturer, Merck, and the Defendant Class, which expressly includes Walgreens.

In light of the previous discussion, even a summary inquiry of the complainant's redhibition claim on the pharmacy redhibition should result in a finding that joinder of Walgreens was not improper. Further, the facts demand a determination that defendants failed to show that no reasonable basis for recovery against Walgreens exists. Because this Court should consider only joinder issues and not engage in analysis of the merits of the complainant's case, the defendants failed to meet their heavy burden for proving improper joinder. Thus, the removal on the grounds of improper joinder was inappropriate, and the plaintiffs respectfully request that this matter be remanded.

---

[24] Petition for Redhibition at par. XIII.

[25] Petition for Redhibition at par. XIII.

## III. Conclusion

In light of the procedural standards announced by the Fifth Circuit in *Smallwood*, Merck failed to meet its heavy burden of establishing that Walgreens was improperly joined in this matter. Defendant has failed to demonstrate that no reasonable basis exists for the plaintiffs to recover against Walgreens under Louisiana state law. Because diversity does not exist, this Honorable Court lacks jurisdiction. Thus, this case was improperly removed and it should be remanded to the Civil District Court for the Parish of Orleans.

Respectfully submitted,

R. Glenn Cater (Bar #4048)
CATER & WILLIS (APLC)
3723 Canal Street
Telephone: (504) 488-6300
Facsimile: (504) 488-6302

*and*

Gary J. Gambel (#19864)
MURPHY, ROGERS, SLOSS & GAMBEL
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone: (504) 523-0400
Facsimile: (504) 523-5574

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 1st day of July 2005 forwarded a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.
*(signature)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 1st day of July 2005 forwarded a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

*(signature)*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YVONNE BELL, AS A REPRESENTATIVE OF HER DECEASED MOTHER, ELEANOR ALCORN, AND ESTHER LINGONI | * * * * | CIVIL ACTION NO. 2:05-cv-02110 |
| Complainants | * * | SECTION: L |
| versus | * * * | JUDGE FALLON |
| MERCK & COMPANY, INC. AND WALGREENS LOUISIANA, INC., | * * * * | MAG. DIV. MAGISTRATE |
| Defendants | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF HEARING

PLEASE TAKE NOTICE that the foregoing Motion to Remand will be brought on for hearing before the Honorable Judge Eldon Fallon on Wednesday, the 20th day of July 2005, at 9:00 o'clock a.m., or as soon thereafter as counsel may be heard.

1

New Orleans, Louisiana, this ____ day of _____, 2005.

_____
                                             J U D G E