FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7 AM 10: 57

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX® | * MDL Docket No. 1657 |
| | * |
| **PRODUCTS LIABILITY LITIGATION** | * SECTION L |
| | * |
| This document relates to: *Jacquelyn Marie* | * JUDGE FALLON |
| *Washburn, Individually and as the Personal* | * |
| *Representative for the Estate of William A.* | * MAG. JUDGE KNOWLES |
| *Washburn, Sr., Deceased* | * |
| *v. Merck & Company, Inc.* | * |
| **(E.D. La. Case No. 05-2565)** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER, DEFENSES, REQUEST FOR RELIEF,
## AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc., ("Merck"), for its Answer to the plaintiff's

Complaint, states as follows:

### RESPONSE TO "I. PARTIES"

1.    Merck is without knowledge or information sufficient to form a belief as to

the truth of the averments in the first, second, and fourth sentences of paragraph 1 of the

Complaint, and therefore it denies these averments.  Regarding the averments in the third

___ Fee
___ Process
__X__ Dktd
___ CtRmDep
___ Doc. No
779092v.1

sentence of paragraph 1, Merck admits that the plaintiff purports to bring the action to recover damages but denies that there is any legal or factual basis for the action.

2.     Merck denies each and every averment set forth in paragraph 2 of the Complaint, except it admits that it is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey, and that it is authorized to do business in the Commonwealth of Kentucky.   Merck further admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.

## RESPONSE TO "II. JURISDICTION AND VENUE"

3.     The averments in paragraph 3 of the Complaint set forth legal conclusions for which no responsive pleading is required.   To the extent these averments are deemed to contain facts, Merck denies them.

4.     Merck is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in sentences 1 and 3 of paragraph 4 of the Complaint, and therefore it denies these averments.   Regarding the averments in sentence 2 of paragraph 4, Merck admits that the plaintiff purports to assert claims arising under Kentucky law, but it denies that there is any legal or factual basis for these claims.

5.     Merck denies each and every averment set out in the first sentence of paragraph 5 of the Complaint, except it admits that it is leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.   Merck further avers that it sought and received the approval of the United States Food and Drug Administration (FDA) to manufacture and market the prescription medicine VIOXX® and, until

- 2 -

779092v.1

the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.  The averments contained in the second sentence of paragraph 5 of the Complaint set forth legal conclusions for which no responsive pleading is required.  To the extent these averments are deemed to contain facts, Merck denies them.

6.    Merck admits that the plaintiff purports to put in controversy an amount in excess of $75,000, but Merck denies that there is any legal or factual basis for the damages claimed.

### RESPONSE TO "III.  SUBSTANTIVE ALLEGATIONS"

7.    Merck is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the first sentence paragraph 7 of the Complaint, and therefore it denies these averments.  Merck denies each and every remaining averment in paragraph 7 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

8.    Merck denies each and every averment in paragraph 8 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information. Merck further avers that the plaintiff purports to bring this action to recover damages but denies that there is any legal or factual basis for these damages.

3

779092v.1

9.      Merck denies each and every averment in paragraph 9 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.  Merck respectfully refers this Court to the FDA prescribing information for VIOXX®'s indicated uses.

10.      Merck denies each and every averment in paragraph 10 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

11.      The averments contained paragraph 11 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every averment contained in this paragraph, except it admits that osteoarthritis has been described in the medical literature as a chronic disorder of joint cartilage and surrounding tissues that is characterized by pain, stiffness, and loss of function.

12.      The averments in paragraph 12 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every averment contained in this paragraph, except it admits that rheumatoid arthritis has been described in the medical literature as an inflammatory arthritis in which joints, usually including those of the hands and feet, are inflamed, resulting in swelling, pain, and often the destruction of joints.

4

13.     Merck denies each and every averment in paragraph 13 of the Complaint, except it admits that it manufactured and marketed the prescription medicine VIOXX® until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004.  Merck further avers that it marketed VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.  Merck admits that VIOXX® is a selective COX-2 inhibitor.

14.     The averments in paragraph 14 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every averment in this paragraph, except it admits that VIOXX® is a selective COX-2 inhibitor and avers that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

15.     Merck denies each and every averment contained in paragraph 15 of the Complaint, except it admits that it sought, and in May 1999 received, the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

16.     Merck denies each and every averment contained in paragraph 16 of the Complaint, except it admits that the study referenced in that paragraph exists, and Merck respectfully refers the Court to the study for its actual language and full text.

17.     The averments in paragraph 17 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every averment contained in this paragraph, except it admits that in February 2001 the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

5

779092v.1

18.     Merck denies each and every averment in paragraph 18 of the Complaint, except it admits that in April 2001 the FDA approved certain changes to the VIOXX® prescribing information, and it respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

19.     Merck denies each and every averment contained in paragraph 19 of the Complaint.

20.     Merck denies each and every averment contained in paragraph 20 of the Complaint, except it admits that the publication and study referenced in that paragraph exist, and Merck respectfully refers the Court to the study for its actual language and full text.

21.     Merck denies each and every averment contained in paragraph 21 of the Complaint, except it admits that on September 30, 2004, it announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking VIOXX® compared with those taking a placebo, and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of VIOXX® best served the interests of patients.

22.     Merck denies each and every averment contained in paragraph 22 of the Complaint, except it admits that VIOXX® was prescribed to millions of patients by healthcare providers and that sales figures exceed $2 billion in 2003.

6

## RESPONSE TO "IV.  CAUSES OF ACTION

### COUNT 1.
### Strict Products Liability"

23.     Merck denies each and every averment contained in paragraphs 1 - 22 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

24.     Merck denies each and every averment contained in paragraph 24 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information in Kentucky and other locations.

25.     The averments in paragraph 25 are not directed at Merck and therefore no response is required. To the extent a response is deemed required, Merck states that it is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of the Complaint, and therefore it denies these averments.

26.     Merck denies each and every averment contained in paragraph 26 of the Complaint.

27.     Merck denies each and every averment contained in paragraph 27 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

779092v.1

28.     The averments in paragraph 28 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent paragraph 28 is deemed to contain facts, Merck denies each and every one of these facts.

29.     Merck denies each and every averment contained in paragraph 29 of the Complaint.

30.     Merck denies each and every averment contained in paragraph 30 of the Complaint.

31.     Merck denies each and every averment contained in paragraph 31 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

32.     The averments in paragraph 32 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent paragraph 32 is deemed to contain facts, Merck denies each and every one of these facts.

33.     The averments in paragraph 33 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent paragraph 33 is deemed to contain facts, Merck denies each and every one of these facts.

34.     The averments in paragraph 34 of the Complaint set forth legal conclusions to which no responsive pleading is required.  To the extent these averments are deemed to contain facts, Merck admits that the plaintiff purports to invoke the doctrine of strict liability as set forth in the Restatement, but Merck denies that there is any legal or factual basis for that claim.

779092v.1

35.     Merck denies each and every averment contained in paragraph 35 of the Complaint.

36.     Merck denies each and every averment contained in paragraph 36 of the Complaint.

37.     Merck denies each and every averment contained in paragraph 37 of the Complaint.

## RESPONSE TO "COUNT 2.

### Negligence"

38.     Merck denies each and every averment contained in paragraphs 1 - 37 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

39.     The averments in paragraph 39 of the Complaint set forth legal conclusions for which no response is required.  To the extent these averments are deemed to contain facts, Merck denies these averments.

40.     Merck denies each and every averment contained in paragraph 40 of the Complaint.

41.     The averments in paragraph 41 of the Complaint set forth legal conclusions for which no response is required.  To the extent these averments are deemed to contain facts, Merck denies these averments.

42.     Merck denies each and every averment contained in paragraph 42 of the Complaint.

43.     Merck denies each and every averment contained in paragraph 43 of the Complaint.

779092v.1

44.     Merck denies each and every averment contained in paragraph 44 of the Complaint.

45.     Merck denies each and every averment contained in paragraph 45 of the Complaint.

46.     Merck denies each and every averment contained in paragraph 46 of the Complaint.

47.     Merck denies each and every averment contained in paragraph 47 of the Complaint.

## RESPONSE TO "COUNT 3.

### Negligence Per Se"

48.     Merck denies each and every averment contained in paragraphs 1 - 47 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

49.     Merck denies each and every averment contained in paragraph 49 of the Complaint.

50.     The averments in paragraph 50 of the Complaint are legal conclusions for which no response is required.  To the extent this paragraph is deemed to contain facts, Merck denies these facts.

51.     The averments in paragraph 51 of the Complaint are legal conclusions for which no response is required.  To the extent this paragraph is deemed to contain facts, Merck denies these facts.

52.     Merck denies each and every averment contained in paragraph 52 of the Complaint.

779092v.1

53.     Merck denies each and every averment contained in paragraph 53 of the Complaint.

54.     Merck denies each and every averment contained in paragraph 54 of the Complaint.

## RESPONSE TO "COUNT 4.

## Violations of the Kentucky Consumer Protection Act"

55.     Merck denies each and every averment contained in paragraphs 1 - 54 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

56.     The averments in paragraph 56 of the Complaint are legal conclusions for which no response is required.  To the extent this paragraph is deemed to contain facts, Merck denies these facts.

57.     The averments in paragraph 57 of the Complaint are legal conclusions for which no response is required.  To the extent this paragraph is deemed to contain facts, Merck denies these facts.

58.     Merck denies each and every averment contained in paragraph 58 of the Complaint.

59.     Merck denies each and every averment contained in paragraph 59 of the Complaint.

60.     Merck denies each and every averment contained in paragraph 60 of the Complaint.

61.     Merck denies each and every averment contained in paragraph 61 of the Complaint.

779092v.1

62.     The averments contained in paragraph 62 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. To the extent a responsive pleading is deemed required, Merck admits that the plaintiff requests disgorgement of profits but denies that there is any legal or factual basis for that claim.

63.     Merck denies each and every averment contained in paragraph 63 of the Complaint.

64.     Merck denies each and every averment contained in paragraph 64 of the Complaint.

## RESPONSE TO "COUNT 5.

### Deceptive Trade Practices"

65.     Merck denies each and every averment contained in paragraphs 1 - 64 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

66.     Merck denies each and every averment contained in paragraph 66 of the Complaint.

67.     Merck denies each and every averment contained in paragraph 67 of the Complaint.

68.     Merck denies each and every averment contained in paragraph 68 of the Complaint.

779092v.1

## RESPONSE TO "COUNT 6.

### Loss of Consortium"

69.     Merck denies each and every averment contained in paragraphs 1 - 68 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

70.     Merck denies each and every averment contained in paragraph 70 of the Complaint.

71.     Merck denies each and every averment contained in paragraph 71 of the Complaint.

72.     Merck denies each and every averment contained in paragraph 72 of the Complaint.

73.     Merck denies each and every averment contained in paragraph 73 of the Complaint.

## RESPONSE TO "COUNT 7.

### Breach of Express Warranty"

74.     Merck denies each and every averment contained in paragraphs 1 - 73 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

75.     The averments in paragraph 75 of the Complaint are legal conclusions for which no response is required.  Should a response be deemed required, Merck denies each and every averment in this paragraph.

76.     The averments in paragraph 76 of the Complaint are legal conclusions for which no response is required.  Should a response be deemed required, Merck denies each and every averment in this paragraph.

779092v.1

77.     The averments in paragraph 77 of the Complaint are legal conclusions for which no response is required.  Should a response be deemed required, Merck denies each and every averment in this paragraph.

78.     Merck denies each and every averment in paragraph 78 of the Complaint.

79.     The averments in paragraph 79 of the Complaint are legal conclusions for which no response is required.  Should a response be deemed required, Merck denies each and every averment in this paragraph.

80.     Merck denies each and every averment in paragraph 80 of the Complaint.

81.     Merck denies each and every averment in paragraph 81 of the Complaint.

82.     Merck denies each and every averment in paragraph 82 of the Complaint.

## RESPONSE TO "COUNT 8.

### Breach of Implied Warranties"

83.     Merck denies each and every averment contained in paragraphs 1 - 82 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

84.     The averments in paragraph 84 of the Complaint are legal conclusions for which no response is required.  Should a response be deemed required, Merck denies each and every averment in this paragraph.

85.     The averments in paragraph 85 of the Complaint are legal conclusions for which no response is required.  Should a response be deemed required, Merck denies each and every averment in this paragraph.

86.     Merck denies each and every averment in paragraph 86 of the Complaint.

87.     Merck denies each and every averment in paragraph 87 of the Complaint.

88.     Merck denies each and every averment in paragraph 88 of the Complaint.

779092v.1

89.     Merck denies each and every averment in paragraph 89 of the Complaint.

## RESPONSE TO "COUNT 9.

## Violation of Kentucky Statute"

90.     Merck denies each and every averment contained in paragraphs 1 - 89 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

91.     Merck denies each and every averment in paragraph 91 of the Complaint.

92.     Merck denies each and every averment in paragraph 92 of the Complaint.

93.     Merck denies each and every averment in paragraph 93 of the Complaint.

## RESPONSE TO "COUNT 10.

## Product Misrepresentation"

94.     Merck denies each and every averment contained in paragraphs 1 - 93 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

95.     The averments in paragraph 95 of the Complaint are legal conclusions for which no response is required.  To the extent this paragraph is deemed to contact facts, Merck denies each and every one of them.

96.     Merck denies each and every averment in paragraph 96 of the Complaint.

97.     Merck denies each and every averment in paragraph 97 of the Complaint.

98.     Merck denies each and every averment in paragraph 98 of the Complaint.

779092v.1

### RESPONSE TO "COUNT 11.

### Fraud"

99.    Merck denies each and every averment contained in paragraphs 1 - 98 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

100.    Merck denies each and every averment in paragraph 100 of the Complaint.

101.    Merck denies each and every averment in paragraph 101 of the Complaint.

102.    The averments in paragraph 102 of the Complaint are legal conclusions for which no response is required.  Should a response be deemed required, Merck denies each and every averment in this paragraph.

103.    Merck denies each and every averment in paragraph 103 of the Complaint.

104.    Merck denies each and every averment in paragraph 104 of the Complaint.

105.    Merck denies each and every averment in paragraph 105 of the Complaint.

### RESPONSE TO "COUNT 12.

### Punitive Damages"

106.    Merck denies each and every averment contained in paragraphs 1 - 105 of the Complaint, except as expressly admitted, and it states as follows to the plaintiff's additional claims.

107.    Merck denies each and every averment in paragraph 107 of the Complaint.

108.    Merck denies each and every averment set out in the Complaint not expressly admitted.

779092v.1

## RESPONSE TO "V.  PRAYER FOR RELIEF"

As for the paragraph labeled "Prayer for Relief," no responsive pleading is required.  Should a response be deemed required, Merck denies that the plaintiff is entitled to the relief requested in the Prayer for Relief, including 1 - 18.

Merck admits that the plaintiff purports to be claiming an attorney's lien but denies that there is any legal or factual basis for such claim.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Merck upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Federal law and regulations preempt the claims of the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The claims of the plaintiff are barred to the extent that she has failed to exhaust any administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

The damages, if any, sustained by the decedent resulted from his own conduct, so that the principles of contributory negligence, comparative fault, and/or assumption of risk apply.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the plaintiff are barred to the extent they resulted from the conduct of any third parties or from a superseding and/or intervening cause.

17

779092v.1

## SIXTH AFFIRMATIVE DEFENSE

Merck at all times conformed to the state of the art, knowledge of risks, and the trade and custom in the industry that existed at the relevant time.

## SEVENTH AFFIRMATIVE DEFENSE

The punitive damages sought by plaintiff are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Constitution of the Commonwealth of Kentucky.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to entitle the plaintiff to an award of punitive damages.

## NINTH AFFIRMATIVE DEFENSE

The product, packaging, or instructions at issue comply with any and all applicable Federal regulations that existed at the time of sale.

## TENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff may be subject to the doctrine of primary jurisdiction. The FDA and other Federal agencies have primary regulatory control over VIOXX®.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff may be barred, in whole or in part, by the applicable statute(s) of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

If the product allegedly involved in this action was defective or unreasonably dangerous (which Merck denies), then decedent was aware thereof and unreasonably proceeded to make use of the product in that condition.

779092v.1

### THIRTEENTH AFFIRMATIVE DEFENSE

All VIOXX® prescription medicine lawfully sold or distributed in the United States carries warnings that adequately informed the decedent or his learned intermediaries of any alleged health risks of using VIOXX®.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff are barred to the extent the injuries alleged in the Complaint were caused or enhanced by pre-existing or unrelated medical or psychiatric conditions and/or idiosyncratic reactions to VIOXX®.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff are barred by the learned intermediary doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovering any damages because any harm caused by VIOXX® was caused by an inherent aspect of the product that could not be eliminated without compromising its usefulness.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovering any damages because there was no practical or technically feasible design or formulation that would have prevented the harm alleged without substantially impairing the usefulness or intended purpose of the product.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the proximate cause of any alleged injury was decedent's choice to use VIOXX® in a manner other than that prescribed or recommended, or to misuse the product.

779092v.1

### NINETEENTH AFFIRMATIVE DEFENSE

The extent of any risks associated with the use of VIOXX®, the existence of which is not admitted, was, at the time of the distribution, unknown, and could not have been known by use of ordinary care by Merck.

### TWENTIETH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred in whole or in part pursuant to comment j to § 402A of the Restatement (Second) of Torts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Every claim asserted in the Complaint is barred by the doctrine set forth in comment k of the Restatement (Second) of Torts § 402A.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred in whole or in part pursuant to comment f to § 6 of the Restatement (Third) of Torts:  Product Liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred under § 4 et seq. of the Restatement (Third) of Torts:  Product Liability.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Merck relies upon every defense set forth in Kentucky's Product Liability Act, KRS 411.300-411.350.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiff failed to timely notify Merck of any alleged defect or alleged breach of warranty as required by operation of law and/or express warranty.

779092v.1

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The loss of consortium claims are derivative claims and are barred or mitigated by the principles of contributory negligence, comparative fault, and/or assumption of risk applicable to the decedent.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to plead fraud with sufficient particularity, as required by Rule 9 of the Federal Rules of Civil Procedure.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim under the Kentucky Consumer Protection Act because the decedent is not part of the protected class, and the prescription medicine VIOXX® is not a consumer product.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The lack of privity between the plaintiff and the decedent on one hand and Merck on the other bars any claims based on alleged warranty theories and under the Kentucky Consumer Protection Act.

Merck gives notice that it intends to rely on additional affirmative defenses that become available or apparent during discovery.

Merck respectfully requests that this Court:

1.    Dismiss the Complaint with prejudice and without cost to Merck;

2.    Award to Merck its costs and attorneys' fees incurred in the defense of this action; and

3.    Award to Merck such other relief as this Court deems just and equitable.

779092v.1

## JURY DEMAND

Merck demands a trial by jury.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200 Telephone
(504) 581-3361 Facsimile

Defendants' Liaison Counsel

Susan J. Pope
250 West Main Street, Suite 2700
Lexington, Kentucky 40507-1749
(859) 231-0000 Telephone
(859) 231-0011 Facsimile

-and-

Winston E. Miller
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
(502) 589-5400 Telephone
(502) 581-1087 Facsimile

Counsel for Merck & Co., Inc.

779092v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this ___7th___ day of July, 2005.

_Dorothy H. Wimberly_
Counsel for the Defendant

779092v.1