FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -6  AM 10: 29

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YVONNE BELL, as a representative | * | CIVIL ACTION NO: |
| of her deceased mother, | * | 2:05 cv 02110 |
| ELEANOR ALCORN and ESTHER LINGONI | * | |
| | * | JUDGE FALLON |
| VERSUS | * | |
| | * | MAG.  KNOWLES |
| MERCK COMPANY AND | * | |
| WALGREENS LOUISIANA, INC. | * | |

************************************************

## ANSWER AND AFFIRMATIVE DEFENSES OF WALGREEN LOUISIANA CO., INC.

NOW INTO COURT, comes defendant, **Walgreen Louisiana Co., Inc.** (incorrectly named as Walgreens Louisiana, Inc.)  (hereinafter "Walgreen") who for answer to the petition filed by plaintiffs, pleads as follows:

### AFFIRMATIVE DEFENSES
### FIRST DEFENSE

Plaintiffs' Petition fails to state facts sufficient to constitute a claim upon which relief can be granted and further fails to entitle plaintiffs to the relief sought, or to any other relief whatsoever from Walgreen.

### SECOND DEFENSE

Plaintiffs' claims are barred by the applicable prescriptive periods or statutes of limitations provided for such claims.

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No _____

## THIRD DEFENSE

Walgreen denies that the products distributed by it caused or contributed to the alleged damages of plaintiffs and further denies that it is liable to plaintiffs for the claims alleged or for any other claims whatsoever.

## FOURTH DEFENSE

Plaintiffs assumed the risk of any damage alleged in the Petition.

## FIFTH DEFENSE

Plaintiffs failed to limit or mitigate their own losses.

## SIXTH DEFENSE

Walgreen asserts that any damages alleged in the Petition, which damages at all times are denied, were caused solely by the acts, wrongs, or omissions of plaintiffs; or by pre-existing conditions; or by other persons, entities or forces over whom Walgreen had no control and for which Walgreen is not responsible.

## SEVENTH DEFENSE

In the event that Walgreen is found to be at fault for the damages complained of herein, which is at all times specifically denied, then in that event, Walgreen avers that any damages alleged in the Petition were caused by the contributory and/or comparative negligence of plaintiffs, thereby barring Plaintiffs' recovery, in whole or in part.

## EIGHTH DEFENSE

Walgreen, while denying that any product distributed by it caused or contributed to

any damage incurred by plaintiffs, asserts that plaintiffs were warned or were otherwise made aware

of the alleged dangers of the product, and further, any such alleged dangers were not beyond those

which would have been contemplated by an ordinary consumer of the product. Plaintiffs is thereby

estopped from any recovery on the claims asserted.

## NINTH DEFENSE

Walgreen did not make any material representation of fact regarding the products it

distributes which was not true, or if such representation was made, which Walgreen specifically

denies, then Walgreen did not make such representation with the intent to either deceived or to

induce plaintiffs to act in justifiable reliance.

## TENTH DEFENSE

Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement,

representation, advice or conduct of Walgreen, and did not act upon any statement, representation

advice or conduct to their detriment.

## ELEVENTH DEFENSE

Walgreen asserts that as of the relevant times alleged in the Petition, it did not know

and, in light of the then existing reasonable available scientific and technological knowledge, could

not have know of: (1) the design characteristics, if any, that allegedly caused the injuries and

damages complained of in the Petition; (2) the alleged danger of any such design characteristics.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches, waiver, estoppel and/or statutory and regulatory compliance.

## THIRTEENTH DEFENSE

Walgreen invokes each and every constitutional defense available to it under the Constitution of Louisiana and the Constitution of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on compensatory and punitive damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiffs, or any state entity acting on behalf of plaintiffs, have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## FIFTEENTH DEFENSE

Walgreen is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by plaintiffs, or any state entity acting on behalf of plaintiffs, with respect to the same alleged injuries. Walgreen is also entitled to have any damages that may be awarded to plaintiffs reduced by the value of any benefit or payment to plaintiffs, or any state entity acting on behalf of plaintiffs, from any collateral source.

## SIXTEENTH DEFENSE

Where applicable, Plaintiffs' claims are barred, in whole or in part, by executed releases and/or the doctrines of *res judicata* and estoppel.

## SEVENTEENTH DEFENSE

Walgreen asserts that it has complied with all applicable state and federal laws relating to the distribution and/or sale of pharmaceuticals.

## EIGHTEENTH DEFENSE

Walgreen asserts that to the extent plaintiffs assert claims based on Walgreen's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States.

## NINETEENTH DEFENSE

Plaintiffs claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 21 U.S.C. §301.

## TWENTIETH DEFENSE

To the extent plaintiffs asserts claims based upon an alleged failure by Walgreen to warn plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned-intermediary doctrine.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because the "directions or warning"

as to the use of VIOXX® were adequate under the law.

## TWENTY-SECOND DEFENSE

If plaintiffs have sustained losses as alleged in the Petition, which is expressly denied, such losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Walgreen is not responsible.

## TWENTY-THIRD DEFENSE

If plaintiffs have sustained losses as alleged in the Petition, which is expressly denied, such losses resulted from Plaintiffs' misuse or abuse of VIOXX® thereby barring recovery.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred as plaintiffs failed to read and/or head any warning that may have been provided.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the product at issue was distributed in accordance with the state of the art at the time it was distributed, thereby barring any recovery by plaintiffs.

## TWENTY-SIX DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Walgreen in that they failed to notify Walgreen of any alleged defect in the product.

### TWENTY-SEVENTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Walgreen in that Walgreen owed no warranty to plaintiffs for alleged defects that were known to plaintiffs or should have been discovered by a reasonably prudent buyer.

### TWENTY-EIGHTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Walgreen in that no redhibitory defect exists in VIOXX®.

### TWENTY-NINTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Walgreen in that the thing sold was fit for its ordinary use.

### THIRTIETH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Walgreen in that plaintiffs failed to tender the product for repair or return of the purchase price.

### THIRTY-FIRST DEFENSE

Walgreen adopts and incorporates by reference any affirmative defense asserted by the other defendants to this action, to the extent such affirmative defense applies to Walgreen, and further reserves the right to assert any other defense that may become available or appear during the discovery proceedings or otherwise in this case.

### THIRTY-SECOND DEFENSE

Walgreen hereby gives notice that it intends to rely upon any other defense that may

become available or appear during the discovery proceedings in this case, including defenses that may be available under the laws of any state other than Louisiana, should such state's laws apply to this case.

**AND NOW FOR ANSWER TO PLAINTIFFS' PETITION:**

<u>**PRELIMINARY STATEMENT**</u>

Walgreen states that it is answering Plaintiffs' allegations on behalf of itself only, even when Plaintiffs' allegations refer to alleged conduct by Walgreen and other persons or entities. The Petition improperly and repeatedly refers to Walgreen and the other defendant on a collective basis and fails to plead with the requisite particularity allegations against Walgreen. To the extent that any specific allegations are made, or intended to be made against Walgreen that are not specifically admitted herein, they are denied.

<u>**RESPONSE TO PETITION**</u>

1.

Walgreen denies the allegations set forth in Paragraph I of Plaintiffs' petition.

2.

Walgreen denies the allegations set forth in Paragraph II of Plaintiffs' petition for lack of sufficient information to justify a belief therein except to admit that Walgreen Louisiana Co., Inc. is a Louisiana Corporation.

3.

Walgreen denies the allegations set forth in Paragraph III of Plaintiffs' petition. Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

4.

The allegations of Paragraph IV of Plaintiffs' petition do not contain any allegations against Walgreen and therefore does not require an answer from this defendant. The allegations in this paragraph are directed solely toward Merck.

5.

Walgreen denies the allegations in Paragraph V of Plaintiffs' petition.

6.

The allegations of Paragraph VI of Plaintiffs' petition do not contain any allegations against Walgreen and therefore does not require an answer from this defendant. The allegations in this paragraph are directed solely toward Merck.

7.

Walgreen denies the allegations of VII of Plaintiffs' petition.

8.

Walgreen denies the allegations of VIII of Plaintiffs' petition.

9.

Walgreen denies the allegations of IX of Plaintiffs' petition.

10.

Walgreen denies the allegations of X of Plaintiffs' petition. Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

11.

Walgreen denies the allegations of XI of Plaintiffs' petition. Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

12.

Walgreen denies the allegations of XII of Plaintiffs' petition.  Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

13.

Walgreen denies the allegations of XIII of Plaintiffs' petition.  Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

14.

Walgreen denies the allegations of XIV of Plaintiffs' petition.  Certification of any

class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

15.

The allegations in paragraph XV do not require an answer of this defendant. Should an answer be deemed necessary, Walgreen denies the allegations of XV of Plaintiffs' petition insofar as they seek to impose liability on Walgreen. Walgreen admits that plaintiff purports to seek economic relief and other relief excluding any damages related to any personal injuries suffered because of the consumption of Vioxx.

16.

Walgreen denies the allegations of XVI of Plaintiffs' petition. Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

17.

Walgreen denies the allegations of XVII of Plaintiffs' petition. Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

18.

Walgreen denies the allegations of XVIII of Plaintiffs' petition. Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

19.

Walgreen denies the allegations of XIX of Plaintiffs' petition. Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

20.

Walgreen denies the allegations of XX of Plaintiffs' petition.

21.

Walgreen denies the allegations of XXI of Plaintiffs' petition.

22.

Walgreen denies the allegations of XXII of Plaintiffs' petition.

23.

Walgreen denies the allegations of XXIII of Plaintiffs' petition. Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

24.

Walgreen denies the allegations of XXIV of Plaintiffs' petition. Certification of any class of plaintiff or defendant, or subclass of plaintiff or defendant is not appropriate under Rule 23 of the Federal Rules of Civil Procedure or Article 591 of the Louisiana Code of Civil Procedure.

WHEREFORE, Walgreen Louisiana Co., Inc. prays that this Answer be deemed good and sufficient, and after due proceedings are had, there be judgment herein rejecting the demands of the

petitioners at their cost, for full, general and equitable relief as the nature of this case may permit.

Respectfully submitted,

Thomas P.  Anzelmo (Bar Roll #2533)
Catherine M.  "Shelly" Williams (Bar Roll #24706)
McCranie, Sistrunk, Anzelmo,
        Hardy, Maxwell & McDaniel, PC
3445 N.  Causeway Blvd.
Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
Counsel for Walgreen Louisiana Co., Inc.
tanzelmo@mcsalaw.com
cwilliams@mcsalaw.com

CERTIFICATE OF SERVICE

I, Catherine M.  Williams, certify that I served copies of the foregoing Answer and Affirmative Defenses on Counsel of record via first class mail, this ___ day of July, 2005.

Catherine M.  Williams (Bar Roll No.  24706)