

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX,<br><br>Products Liability Litigation | MDL No 1657<br><br>SECTION: L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

**THIS DOCUMENT RELATES TO:** *Arthur D. Blain, et al. v. Merck & Co., Inc.*, No 05-1167, previously filed as 2:04cv01102 in the District of Utah, Central Division.

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, answers Plaintiffs' complaint ("Complaint") as follows:

### RESPONSE TO INTRODUCTION

Merck denies each and every allegation contained in the introduction of the Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX® and, until the voluntary withdrawal of VIOXX® on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA approved prescribing information. Merck respectfully refers the Court to the FDA approved prescribing information.

```
___ Fee___
___ Process___
X   Dktd___
___ CtRmDep___
___ Doc. No ___
                    779168v.1
```

## RESPONSE TO GENERAL ALLEGATIONS

1.  Merck lacks information and knowledge sufficient to either admit or deny the allegations contained in paragraph 1 of the Complaint except admits that plaintiffs purport to bring an action against Merck seeking certain relief but denies that there is any legal or factual basis for the same and further denies that plaintiffs are entitled to the relief sought.

2.  Merck denies each and every allegation contained in paragraph 2 of the Complaint.

3.  The allegations in paragraph 3 of the Complaint call for a legal conclusion to which no response is required. To the extent any response is required, Merck denies each and every allegation contained in said paragraph.

4.  The allegations in paragraph 4 of the Complaint call for a legal conclusion to which no response is required. To the extent any response is required, Merck denies each and every allegation contained in said paragraph except admits that Plaintiff purports to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief and admits that there is diversity between the parties.

5.  The allegations in paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent any response is required, Merck denies each and every allegation contained in said paragraph.

6.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and on that basis, denies the same.

7.  Merck denies each and every allegation contained in paragraph 7 of the Complaint.

8. Merck denies each and every allegation contained in paragraph 8 of the Complaint.

9. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity regarding whether Plaintiffs ingested VIOXX® and on that basis, denies the same. Merck admits only that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

10. Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

11. Merck denies each and every allegations in paragraph 11 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey and is authorized to do business within the State of Utah. Merck further admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

## RESPONSE TO FACTUAL ALLEGATIONS

12. Merck denies each and every allegations in paragraph 12 of the Complaint except admits that Merck is authorized to do business within the State of Utah. Merck further admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

13. Merck denies each and every allegation contained in the first sentence of paragraph 13 of the Complaint except admits that VIOXX® is the brand name for rofecoxib. Merck denies each and every allegation contained in the second sentence of paragraph 13 of the

Complaint. Merck denies each and every allegation contained in the third sentence of paragraph 13 of the Complaint except admits that Merck marketed the prescription medicine VIOXX®.

14.   Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cycooxygenase-2 (COX-2).

15.   Merck denies each and every allegation contained in paragraph 15 of the Complaint, expect admits that Merck marketed the prescription medication VIOXX®.

16.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the Complaint and on that basis, denies the allegations of paragraph 16 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market VIOXX®.

17.   Merck admits the allegations in paragraph 17 of the Complaint.

18.   Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19.   Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that the VIGOR study exists and respectfully refers the Court to said study for its actual language and full text.

20.   Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21.   Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25. Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26. Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

27. Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

28. Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits the existence of the journal, the article contained therein, and that plaintiffs appear to have accurately quoted the document referenced in said paragraph, and respectfully refers the Court to the referenced document for its actual language and full text.

29. Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced document for its actual language and full text.

30. Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that the referenced article exists and respectfully the Court to said article for its actual language and full text.

31. Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

32. Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that the referenced statements exist and respectfully refers the Court to said statement for its actual language and full text.

33. Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34. Merck denies each and every allegation contained in the first sentence of paragraph 34 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients. Merck denies each and every allegation contained in the second sentence of paragraph 34 of the Complaint except admits that VIOXX® was prescribed to millions of patients by health care providers world wide and that sales figures exceeded $2 billion in 2003. Merck denies each and every allegation contained in the third sentence of paragraph 34 of the Complaint except admits that Dorothy Hamill was featured in ad campaigns for VIOXX® and that Dorothy Hamill and Bruce Jenner

were spokespersons for VIOXX®. Merck denies each and every remaining allegation contained in paragraph 34 of the Complaint including subparts a through o except admits that in 1999 Merck received FDA approval to market the prescription medicine VIOXX®. Merck further admits that the VIGOR study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text. Merck further avers that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market.

## CLAIMS FOR RELIEF

### RESPONSE TO FIRST CAUSE OF ACTION
### (Strict Liability – Failure to Warn)

35. With respect to the allegations contained in paragraph 35 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36. Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37. Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38. Merck denies each and every allegation contained in paragraph 38 of the Complaint.

### RESPONSE TO SECOND CAUSE OF ACTION
### (Negligence)

39. With respect to the allegations contained in paragraph 39 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in

paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40. The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

41. Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42. Merck denies each and every allegation contained in paragraph 42 of the Complaint.

### RESPONSE TO THIRD CLAIM FOR RELIEF
### (Violation of Law)

43. With respect to the allegations contained in paragraph 43 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44. The allegations contained in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

45. Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46. The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

779168v.1

47. Merck denies each and every allegation contained in paragraph 47 of the Complaint including subparts a through g.

48. Merck denies each and every allegation contained in paragraph 48 of the Complaint.

### RESPONSE TO FOURTH CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY)

49. With respect to the allegations contained in paragraph 49 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50. The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

51. Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52. Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53. Merck denies each and every allegation contained in paragraph 53 of the Complaint.

### RESPONSE TO FIFTH CAUSE OF ACTION
### (BREACH OF EXPRESS WARRANTY)

54. With respect to the allegations contained in paragraph 54 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

779168v.1

55. Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56. Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57. Merck denies each and every allegation contained in paragraph 57 of the Complaint.

### RESPONSE TO SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation)

58. With respect to the allegations contained in paragraph 58 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59. Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60. Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61. Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62. Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63. Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64. Merck denies each and every allegation contained in paragraph 64 of the Complaint.

## SEVENTH CAUSE OF ACTION
### (Fraud and Deceit)

65. With respect to the allegations contained in paragraph 65 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.

66. Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67. Merck denies each and every allegation contained in paragraph 67 of the Complaint except admits that Merck received a letter from a regulatory review officer dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

68. Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69. Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70. Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71. Merck denies each and every allegation contained in paragraph 71 of the Complaint.

## EIGHTH CAUSE OF ACTION
### (Violation of Utah Consumer Sales Practice Act)

72. With respect to the allegations contained in paragraph 72 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in

paragraphs 1 through 71 of this Answer with the same force and effect as though set forth here in full.

73. Merck denies each and every allegation contained in paragraph 73 of the Complaint except admits that the plaintiffs purport to bring this cause of action pursuant to the Utah Consumer Sales Practices Act, but denies that there is any legal or factual basis for such claims.

74. Merck denies each and every allegation contained in paragraph 74 of the Complaint except admits that the plaintiffs purport to quote from certain provisions of the Utah Consumer Sales Practices Act, but denies that there is any legal or factual basis for such claims.

75. Merck denies each and every allegation contained in paragraph 75 of the Complaint including subparts a through d.

76. Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77. Merck denies each and every allegation contained in paragraph 77 of the Complaint.

### RESPONSE TO NINTH CAUSE OF ACTION

78. With respect to the allegations contained in paragraph 78 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79. Merck denies each and every allegation contained in paragraph 79 of the Complaint including subparts a through l.

80. Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81. Merck denies that plaintiffs are entitled to any of the relief specified in the Request for Relief, Prayer, or anywhere else in plaintiffs' Complaint. Moreover, all allegations not specifically admitted herein are specifically denied by Merck.

## MERCK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### FOURTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

779168v.1

## SEVENTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## NINTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## TENTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of VIOXX®.

## ELEVENTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

779168v.1

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because VIOXX® is a prescription medication which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) of Torts.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for strict liability and breach of warranty are barred on the grounds that such claims are not cognizable against Merck.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is barred under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

779168v.1

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claim under the Utah Consumer Sales Practices Act fails pursuant to Utah Code Ann. § 13-11-22(1)(a) because the alleged acts or practices complained of are required or specifically permitted by or under federal law, or by or under state law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any claim by plaintiffs for personal injury or death or claim for damage to property other than the property that is the subject of the consumer transaction under the Utah Consumer Sales Practices Act is prohibited pursuant to Utah Code Ann. § 13-11-22(1)(c).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim under the Utah Consumer Sales Practices Act fails because Merck committed no deceptive or unconscionable act or practice within the meaning of the Utah Consumer Sales Practices Act.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were proximately caused by allergies, sensitivities, or idiosyncrasies peculiar to plaintiffs and not found in the general public, and unknown or unknowable to Merck. Plaintiffs' alleged injuries were not reasonably foreseeable to Merck, therefore, the occurrences in question, if any, was unavoidable incidents insofar as that term is understood at law, as far as Merck is concerned.

779168v.1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

VIOXX® was neither dangerous nor defective, and was of merchantable quality and was fit and safe for its intended use.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized by Merck in designing, formulating, manufacturing and marketing VIOXX® and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product were manufactured.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Federal Preemption.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the use of these products was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Merck has no duty to warn of possible dangers in using VIOXX®, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The advertisements and labeling with respect to VIOXX® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Utah Constitutions.

### THIRTIETH AFFIRMATIVE DEFENSE

The conduct of Merck and all activities with respect to VIOXX® were fair and truthful based upon the state of knowledge existing at the relevant time alleged.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by is barred by the applicable statute of limitations, including Utah Code Ann. § 78-15-3 and Utah Code Ann. § 13-11-19(8), and is otherwise untimely.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded by actions and determinations of federal and state regulatory agencies, including without limitation, the Federal Food and Drug Administration.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the principles of the learned intermediary doctrine.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Merck denies any misrepresentation, fraud, reliance by plaintiffs and/or detriment allegedly resulting therefrom.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Further answering, the Complaint fails to state a claim for punitive and/or exemplary damages against Merck upon which relief can be granted.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Further answering, subject to further investigation and discovery, Merck reserves the right to plead, allege and state any other defense which may be appropriate.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiffs' Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Dated: July 7, 2005

Respectfully submitted

*[signature: Dorothy H. Wimberly]*

Phillip A. Wittmann, 13625
Anthony M. Dileo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: (504)581-3200
Fax:    (504)581-3361

*Defendants' Liaison Counsel*

Rick L. Rose (Utah State Bar No. 5140)
Kristine M. Larsen (Utah State Bar No. 9228)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone:    (801) 532-1500
Telecopier:   (801)532-7543

779168v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co, Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 7 day of July, 2005.

    Stephen G. Morgan
    Mitchel T. Rice
    Morgan, Minnock, Rice & James
    136 South Main, Suite 800
    Salt Lake City, Utah

*[signature: Dorothy H. Wimber]*

779168v.1