

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7 AM 10: 56

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re: VIOXX® | * |
| | * |
| PRODUCTS LIABILITY LITIGATION | * MDL Docket No. 1657 |
| | * |
| This document relates to: *Carpenter, et al.* | * SECTION  L |
| *v. Merck & Co., Inc.,* (E.D. La. Index No. | * |
| 2:05-cv-02367) | * JUDGE ELDON E. FALLON |
| | * |
| (Transferred from N.D. Tex. Index No. | * MAG. JUDGE KNOWLES |
| 3:05-cv-0745G) | * |
| | * |
| * * * * * * * * * * * * * * * * * * * * | * |

---

## MERCK & CO., INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

---

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Complaint ("Complaint") as follows:

### RESPONSE TO "PARTIES"

**PLAINTIFFS**

1.      Merck denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

2.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

**DEFENDANT**

3.     Merck denies each and every allegation contained in paragraph 3 of the Complaint, except Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4.     Merck denies each and every allegation contained in paragraph 4 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

5.     The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "JURISDICTION AND VENUE"

6.     The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

7.     The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "GENERAL ALLEGATIONS"

8.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

779195v.1

9.     Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Merck admits that in section paragraph 10 of the Complaint, Plaintiffs purport to incorporate into each section of the Complaint each and every allegation contained in other sections of the Complaint.

11.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 11 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

## RESPONSE TO "FACTS"

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription drug VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.  Merck further admits that VIOXX® is a selective COX-2 inhibitor and that VIOXX® is the brand name for rofecoxib.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint, except Merck admits that it sought and, in 1999, received the United States Food and Drug Administration's ("FDA") approval to manufacture and market the prescription medicine VIOXX®.  Merck further admits that VIOXX® is the brand name for rofecoxib.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint, except Merck admits that it received FDA approval to manufacture and market the prescription medicine VIOXX®.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint, except Merck avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information

779195v.1

for VIOXX®, and Merck respectfully refers the Court to the prescribing information for its actual language and full text.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint, except Merck admits that the study referenced in sentence one of paragraph 18 and the article referenced in sentence two of paragraph 18 exist, and Merck respectfully refers the Court to said publications for their actual language and full text.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint, except Merck admits that the referenced publication exists, and Merck respectfully refers the Court to said publication for its actual language and full text.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint, except Merck admits the existence of the journal and the article contained therein, and Merck respectfully refers the Court to the referenced document for its actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint, except Merck admits that the referenced studies exist, and Merck respectfully refers the Court to said studies for their actual language and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint, except Merck admits that the referenced article exists, and Merck respectfully refers the Court to said article for its actual language and full text.

779195v.1

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint, except Merck admits that it received a letter from a regulatory review officer in September 2001, and Merck respectfully refers the Court to that letter for its actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint, except Merck admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information, and Merck respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint, except Merck admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of VIOXX®.  Merck further avers that it announced on September 30, 2004, that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised by the data from that trial, voluntary withdrawal of VIOXX® best served the interests of patients.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Merck denies each and every allegation contained in paragrap 28 of the Complaint.

29.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 29 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

779195v.1

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint.

## RESPONSE TO "COUNT 1: STRICT LIABILITY: DESIGN DEFECT"

34.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 34 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

35.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 35 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

779195v.1

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 39 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

40.     Merck denies each and every allegation ontained in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.     The allegations contained in the first sentence of paragraph 43 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.  Merck denies each and every allegation contained in the second sentence of paragraph 43 of the Complaint.

44.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 44 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

45.     Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint.  Plaintiffs' prayer for judgment on Count I is not an allegation and therefore no responsive pleading is necessary.  Should a response be deemed required, Merck denies each and every allegation contained in said prayer.

## RESPONSE TO "COUNT II: STRICT LIABILITY: FAILURE TO WARN"

47.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 47 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

50.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 50 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

779195v.1

51.   Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.   Merck denies each and every allegation contained in paragraph 52 of the Complaint, including subparts (a) through (x).

53.   Merck denies each and every allegation contained in paragraph 53 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

54.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 54 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

55.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 55 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

56.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 56 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

57.   Merck denies each and every allegation contained in paragraph 57 of the Complaint.  Plaintiffs' prayer for judgment on Count II is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said prayer.

## RESPONSE TO "COUNT III: FRAUD AND/OR NEGLIGENT MISREPRESENTATION"

58.   With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in

779195v.1

paragraph 58 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

59.    Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.    Merck denies each and every allegation contained in paragraph 60 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

61.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 61 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

62.    Merck denies each and every allegation contained in paragraph 62 of the Complaint, including subparts (a) through (f), except Merck admits that the VIGOR study involving VIOXX® exists, and Merck respectfully refers the Court to the referenced study for its actual conclusions and full text.

63.    Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64.    Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 65 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 69 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

70.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 70 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

71.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 71 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

779195v.1

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 78 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.  Plaintiffs' prayer for judgment on Count III is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said prayer.

**RESPONSE TO "COUNT IV: NEGLIGENCE"**

80.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 80 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

82.     The allegations in paragraph 82 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

779195v.1

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint, including subparts (a) through (k).

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.  Plaintiffs' prayer for judgment on Count IV is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said prayer.

## RESPONSE TO "COUNT V: NEGLIGENCE PER SE"

86.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 86 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

87.     The allegations contained in paragraph 87 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

88.     The allegations contained in paragraph 88 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

89.     The allegations contained in paragraph 89 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

779195v.1

denies each and every allegation contained in said paragraph, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

90.     The allegations contained in paragraph 90 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

91.     The allegations contained in paragraph 91 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

92.     The allegations contained in paragraph 92 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint, including subparts (a) through (e).

94.     The allegations contained in paragraph 94 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.  Plaintiffs' prayer for judgment on Count V is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said prayer.

## RESPONSE TO "COUNT VI: BREACH OF WARRANTIES"

95.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in

779195v.1

paragraph 95 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

96.     The allegations contained in paragraph 96 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

97.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 97 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

98.     Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Merck denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Merck denies each and every allegation contained in paragraph 100 of the Complaint.  Plaintiffs' prayer for judgment on Count VI is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said prayer.

**RESPONSE TO "COUNT VII: UNIFORM and/or
TEXAS DECEPTIVE TRADE PRACTICES ACT"**

101.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 101 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

779195v.1

102.    The allegations contained in paragraph 102 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

103.    Merck denies each and every allegation contained in paragraph 103 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

104.    Merck denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Merck denies each and every allegation contained in paragraph 105 of the Complaint.

106.    The allegations contained in paragraph 106 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

107.    Merck denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Merck denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Merck denies each and every allegation contained in paragraph 109 of the Complaint.

## RESPONSE TO "PRE-EXISTING CONDITION"

110.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

779195v.1

not directed at Merck contained in paragraph 11 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

## RESPONSE TO "DAMAGES"

111.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck denies each and every allegation contained in paragraph 111 of the Complaint.

112.    Merck denies each and every allegation contained in paragraph 112 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages, including economic loss, severe mental and physical pain, stress and anguish, hospitalization, medical expenses, severe bodily injuries, disfigurement, disabilities, and physical impairment, but Merck denies that there is any legal or factual basis for such relief.

## RESPONSE TO "SURVIVAL DAMAGES"

113.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 113 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

114.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 114 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

115.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 115 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

779195v.1

116.  Merck denies each and every allegation contained in paragraph 116 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for survival damages, but Merck denies that there is any legal or factual basis for such relief.

## RESPONSE TO "WRONGFUL DEATH"

117.  With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 117 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

118.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 118 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

119.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 119 of the Complaint.

120.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the Complaint.

121.  Merck denies each and every allegation contained in paragraph 121 of the Complaint.

122.  Merck denies each and every allegation contained in paragraph 122 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages, but Merck denies that there is any legal or factual basis for such relief.

779195v.1

123. Merck denies each and every allegation contained in paragraph 123 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for wrongful death damages, but Merck denies that there is any legal or factual basis for such relief.

## RESPONSE TO "LOSS OF CONSORTIUM"

124. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Complaint.

125. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 125 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

126. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 126 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

127. Merck denies each and every allegation contained in paragraph 127 of the Complaint, including subparts (a) through (d), except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

128. Merck denies each and every allegation contained in paragraph 128 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for loss of consortium damages, but Merck denies that there is any legal or factual basis for such relief.

## RESPONSE TO "EXEMPLARY/PUNITIVE DAMAGES"

129. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in

779195v.1

this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 129 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

130.    Merck denies each and every allegation contained in paragraph 130 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for punitive damages, but Merck denies that there is any legal or factual basis for such relief.

131.    Merck denies each and every allegation contained in paragraph 131 of the Complaint.

132.    Merck denies each and every allegation contained in paragraph 132 of the Complaint, except Merck admits that it manuactured, marketed, and distributed the prescription medicine VIOXX®.

133.    Merck denies each and every allegation contained in paragraph 133 of the Complaint.

134.    Merck denies each and every allegation contained in paragraph 134 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for punitive damages, but Merck denies that there is any legal or factual basis for such relief.

## RESPONSE TO "DISCOVERY RULE"

135.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 135 of the Complaint, Plaintiffs purport to plead the discovery rule, but Merck denies that there is any legal or factual basis for such relief.

779195v.1

136.     Merck denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 136 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

137.     Merck denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 137 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

138.     Merck denies each and every allegation contained in paragraph 138 of the Complaint.

139.     Merck denies each and every allegation contained in paragraph 139 of the Complaint.

140.     The allegations contained in paragraph 140 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

141.     Merck denies each and every allegation contained in paragraph 141 of the Complaint.

### RESPONSE TO "FDA MISLED OR UNAWARE"

142.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 142 of the Complaint, Plaintiffs purport to incorporate each and every allegation contained in the above paragraphs of the Complaint.

143.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 143 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

779195v.1

144.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 144 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

145.    Merck denies each and every allegation contained in paragraph 145 of the Complaint.

## RESPONSE TO "ATTORNEYS' FEES"

146.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck denies each and every allegation contained in paragraph 146 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for attorneys' fees, but Merck denies that there is any legal or factual basis for such relief.

## RESPONSE TO "JURY TRIAL"

147.    Merck admits that in paragraph 147 of the Complaint, Plaintiffs have requested a jury trial.

## RESPONSE TO "PRAYER FOR RELIEF"

148.    Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said prayer, but Merck admits that Plaintiffs purport to state a claim for damages, including pre-judgment and post-judgment interest, mental and emotional distress damages, costs of court, and attorneys' fees, but Merck denies that there is any legal or factual basis for such relief.

## AFFIRMATIVE DEFENSES

1.    The Petition fails to state a claim upon which relief can be granted.

779195v.1

2.     Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use. Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

3.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

4.     Merck asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiffs' claims in this lawsuit.

5.     Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

6.     Plaintiffs' claims may be barred by Plaintiffs' contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiffs and/or her treating physicians and/or other health care providers.

7.     If Plaintiffs sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck. If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

8.     Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then

779195v.1

Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

9.     The occurrences and injuries Plaintiffs allege resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs. Moreover, the occurrences and injuries were caused by separate and independent events not reasonably foreseeable. Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

10.     If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

11.     Merck further states that Plaintiffs' injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiffs unrelated to any products manufactured by Merck.

12.     The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber. The labeling for the product at issue was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules

779195v.1

and regulations.   Such actions and federal statutes and regulations bar and preempt all of Plaintiffs' claims under state law.

16. 13.      Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

14.      Plaintiffs cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

15.      Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

16.      Merck asserts that Plaintiffs' claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

17.      Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations.

18.      Plaintiffs' claims are barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

19.      Plaintiffs' claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

20.      To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

21.      To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity, and/or because the alleged warranties were disclaimed.

779195v.1

22.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

23.     Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008.  Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

24.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

25.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

26.     Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

27.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

779195v.1

28.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:  (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

29.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

30.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

31.     Plaintiffs are not entitled to recover exemplary or punitive damages because, to the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, fraudulent, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

779195v.1

32.     Plaintiffs are not entitled to punitive or exemplary damages because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

33.     Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

34.     Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

35.     VIOXX® is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiffs. Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

36.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusations against it; thus, the allegations are void for vagueness.

37.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

38.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case or that are included in the Master Answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

## JURY DEMAND

39.     Merck hereby demands a trial by jury on all of Plaintiffs' claims.


Respectfully submitted,


Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054

STONE PIGMAN WALTHER WITTMAN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

DEFENDANT'S LIAISON COUNSEL




Jonathan B. Skidmore (Attorney-In-Charge)
H. Douglas Wabner
Richard S. Krumholz
Joe W. Tomaselli, Jr.

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 855-8000
Telecopier: (214) 855-8200

COUNSEL FOR MERCK & CO., INC.

779195v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 7 day of July, 2005.

<span style="margin-left:400px;">_Dorothy H. Wimberly_</span>

779195v.1