

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7 AM 10: 54

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | |
| | * | MDL No 1657 |
| Products Liability Litigation | * | |
| | * | SECTION:  L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | |
| | * | DANIEL E. KNOWLES, III |
| | * | |

\* \* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS DOCUMENT RELATES TO:** *Michael Horst and Karen Marie Horst v. Merck & Co., Inc.*, No 05-1168, previously filed as 2:04cv01159 in the District of Utah, Central Division.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, answers Plaintiffs' complaint ("Complaint") as follows:

## RESPONSE TO PARTIES AND INTRODUCTORY FACTS

1.     Merck lacks information and knowledge sufficient to either admit or deny the allegations contained in paragraph 1 of the Complaint and on that basis, denies the same.

2.     Merck denies each and every allegation in paragraph 2 of the Complaint except admits it is a New Jersey corporation with its principal place of business in Whitehouse Station,

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_779096v.1_____
___ Doc. No._____

New Jersey and is authorized to do business within the State of Utah.  Merck further admits that
it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck
voluntarily withdrew VIOXX® from the market on September 30, 2004.

3.      The allegations in paragraph 3 of the Complaint call for a legal conclusion to
which no response is required.  To the extent any response is required, Merck denies each and
every allegation contained in said paragraph except admits that Plaintiff purports to put more
than $75,000 in controversy but denies that there is any legal or factual basis for relief and
admits that there is diversity between the parties.

4.      The allegations in paragraph 4 of the Complaint call for a legal conclusion to
which no response is required.  To the extent any response is required, Merck denies each and
every allegation contained in the first sentence of said paragraph and denies knowledge or
information sufficient to either admit or deny the allegations in said paragraph.

5.      Merck denies each and every allegation contained in paragraph 5 of the
Complaint.

**RESPONSE TO FACTUAL ALLEGATIONS**

6.      Merck denies each and every allegation contained in paragraph 6 of the
Complaint except admits that Merck sought and, in May 1999, received FDA approval to
manufacture and market the prescription medicine VIOXX® subject to the information
contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the
Court to the relevant prescribing information for its actual language and full text.

7.      Merck denies each and every allegation in paragraph 7 of the Complaint except
admits that in 2001 VIOXX® achieved sales of $2.6 billion and that VIOXX® was prescribed to
millions of patients.

- 2 -

8.      Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cycooxygenase-2 (COX-2).

9.      Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that Merck received a letter from a regulatory review officer in

779096v.1

September 2001 and respectfully refers the Court to that letter for its actual language and full text.

17.     Merck denies the conclusory nature of the allegations in paragraph 17 of the Complaint, except admits that VIOXX® was prescribed to millions of patients by health care providers until the voluntary withdrawal of VIOXX® on September 30, 2004.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint.

## CLAIMS FOR RELIEF

## RESPONSE TO FIRST CLAIM FOR RELIEF

### (NEGLIGENCE)

19.     With respect to the allegations contained in paragraph 19 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 18 of this Answer with the same force and effect as though set forth here in full.

20.     The allegations contained in the first sentence of paragraph 20 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.  Merck denies each and every allegation contained in the second sentence of the Complaint.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint.

4

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint including subparts a through e.

## RESPONSE TO SECOND CLAIM FOR RELIEF

## (STRICT PRODUCT LIABILITY – FAILURE TO WARN)

30.     With respect to the allegations contained in paragraph 30 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription

5

medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint.

## RESPONSE TO THIRD CLAIM FOR RELIEF

## (STRICT PRODUCT LIABILITY – DEFECTIVE DESIGN/MANUFACTURING)

38.     With respect to the allegations contained in paragraph 38 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription

779096v.1

medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint.

<u>**RESPONSE TO FOURTH CLAIM FOR RELIEF**</u>

<u>**(BREACH OF EXPRESS WARRANTY)**</u>

45.     With respect to the allegations contained in paragraph 45 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 44 of this Answer with the same force and effect as though set forth here in full.

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Merck denies each and every allegation contained in paragraph 47 of the Complaint.

7

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

## (BREACH OF IMPLIED WARRANTY)

49.     With respect to the allegations contained in paragraph 49 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a responsive be deemed required, Merck denies each and every allegation contained in said paragraph.

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to Decedent's skill.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

779096v.1

## RESPONSE TO SIXTH CLAIM FOR RELIEF

## (NEGLIGENCE PER SE)

55.    With respect to the allegations contained in paragraph 55 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.    The allegations of paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, marketing, or distribution of VIOXX®.

57.    Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.    The allegations of paragraph 58 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.    Merck denies each and every allegation contained in paragraph 59 of the Complaint including subparts a through f.

60.    Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.    Merck denies each and every allegation contained in paragraph 61 of the Complaint.

779096v.1

## SEVENTH CLAIM FOR RELIEF

## (LOSS OF CONSORTIUM)

62.    With respect to the allegations contained in paragraph 62 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

63.    Merck denies each and every allegation contained in paragraph 63 of the Complaint except admits that the plaintiff's spouse purports to bring this cause of action but Merck denies that there is any legal or factual basis for such claims.

## RESPONSE TO EIGHTH CLAIM FOR RELIEF

## (MISREPRESENTATION AND CONCEALMENT)

64.    With respect to the allegations contained in paragraph 64 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 63 of this Answer with the same force and effect as though set forth here in full.

65.    Merck denies each and every allegation contained in paragraph 65 of the Complaint.

66.    Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.    Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.    Merck denies each and every allegation contained in paragraph 68 of the Complaint.

10

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies that plaintiffs are entitled to any of the relief specified in the Request for Relief, Prayer, or anywhere else in plaintiffs' Complaint.  Moreover, all allegations not specifically admitted herein are specifically denied by Merck.

## MERCK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

779096v.1

## SECOND AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## THIRD AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## SIXTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and willfully assumed the

779096v.1

risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## EIGHTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## NINTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of VIOXX®.

## TENTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because VIOXX® is a prescription medication which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) of Torts.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

13

779096v.1

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for strict liability and breach of warranty are barred on the grounds that such claims are not cognizable against Merck.

### FIFTHEENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

### SIXTHEENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is barred under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were proximately caused by allergies, sensitivities, or idiosyncrasies peculiar to plaintiffs and not found in the general public, and unknown or unknowable to Merck.  Plaintiffs' alleged injuries were not reasonably foreseeable to Merck,

14

779096v.1

therefore, the occurrences in question, if any, was unavoidable incidents insofar as that term is understood at law, as far as Merck is concerned.

## TWENTIETH AFFIRMATIVE DEFENSE

VIOXX® was neither dangerous nor defective, and was of merchantable quality and was fit and safe for its intended use.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized by Merck in designing, formulating, manufacturing and marketing VIOXX® and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product were manufactured.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Federal Preemption.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the use of these products was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Merck has no duty to warn of possible dangers in using VIOXX®, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The advertisements and labeling with respect to VIOXX® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Utah Constitutions.

15

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The conduct of Merck and all activities with respect to VIOXX® were fair and truthful based upon the state of knowledge existing at the relevant time alleged.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by is barred by the applicable statute of limitations, including Utah Code Ann. § 78-15-3 and Utah Code Ann. § 13-11-19(8), and is otherwise untimely.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded by actions and determinations of federal and state regulatory agencies, including without limitation, the Federal Food and Drug Administration.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the principles of the learned intermediary doctrine.

## THIRTHIETH AFFIRMATIVE DEFENSE

Merck denies any misrepresentation, fraud, reliance by plaintiffs and/or detriment allegedly resulting therefrom.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Further answering, the Complaint fails to state a claim for punitive and/or exemplary damages against Merck upon which relief can be granted.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Further answering, subject to further investigation and discovery, Merck reserves the right to plead, allege and state any other defense which may be appropriate.

779096v.1

WHEREFORE, Merck respectfully demands judgment dismissing plaintiffs' Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Dated: July __7__, 2005

Respectfully submitted

Phillip A. Wittmann, 13625
Anthony M. Dileo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: (504)581-3200
Fax:   (504)581-3361

*Defendants' Liaison Counsel*

Rick L. Rose (Utah State Bar No. 5140)
Kristine M. Larsen (Utah State Bar No. 9228)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone:   (801) 532-1500
Telecopier:   (801)532-7543

*Attorneys for Merck & Co., Inc.*

779096v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co, Inc. has

been served on Liaison Counsel, Russ Herman, by U.S. mail and e-mail or by hand delivery and

email and upon all parties by electronically uploading the same to LexisNexis File & Serve

Advanced in accordance with Pre-Trial Order No. 8, on this 7th day of July, 2005.

Mitchell R. Jensen
Joseph W. Steele
SIEGFRIED & JENSEN
5664 South Green Street
Salt Lake City, Utah 84123

Arthur Sherman
Richard Salkow
SHERMAN SALKOW & NEWKIRK
11601 Wilshire Boulevard, Suite 675
Los Angeles, California 90025

779096v.1