FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7  AM 10: 58

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: VIOXX® | * | |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | |
| This document relates to: *Ella Burks,* | * | MDL Docket No. 1657 |
| *Individually and as Personal* | * | |
| *Representative of the Estate of Katherine* | * | SECTION  L |
| *Ross, Oscar Burks, Christopher Ross,* | * | |
| *Phillip Ross, Zandra Platt, and Nicole* | * | JUDGE ELDON E. FALLON |
| *Pierce v. Merck & Co., Inc.* | * | |
| | * | MAG. JUDGE KNOWLES |
| E.D. La., Index No. 2:05-cv-02364 | * | |
| | * | |
| (Transferred from E.D. Tex., Index No. | * | |
| 2:05-cv-134 | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * | * | |

## MERCK & CO., INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Complaint ("Complaint") as follows:

### RESPONSE TO "1. Parties"

1.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.1 of the Complaint.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

2.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.2 of the Complaint.

3.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.3 of the Complaint.

4.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.4 of the Complaint.

5.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.5 of the Complaint.

6.     Merck denies each and every allegation contained in paragraph 1.6 of the Complaint, except Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

7.     Merck denies each and every allegation contained in paragraph 1.7 of the Complaint, except Merck admits that it is authorized to do business in Texas.

**RESPONSE TO "2. Jurisdiction"**

8.     The allegations contained in paragraph 2.1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

9.     The allegations contained in paragraph 2.2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

779200v.1

## RESPONSE TO "3. Venue"

10.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.1 of the Complaint.

11.     The allegations contained in paragraph 3.2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "4. Statement of Claim With Facts Common to All Causes of Action"

12.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.1 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 4.2 of the Complaint.

14.     Merck denies each and every allegation contained in paragraph 4.3 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

15.     Merck denies each and every allegation contained in paragraph 4.4 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

## RESPONSE TO "5. Misrepresentation Claim"

16.     Merck denies each and every allegation contained in paragraph 5.1 of the Complaint.

779200v.1

17.     Merck denies each and every allegation contained in paragraph 5.2 of the Complaint.

18.     The allegations contained in paragraph 5.3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

### RESPONSE TO "6. Strict Liability: Design Defect"

19.     Merck denies each and every allegation contained in paragraph 6.1 of the Complaint.

20.     Merck denies each and every allegation contained in paragraph 6.2 of the Complaint.

21.     Merck denies each and every allegation contained in paragraph 6.3 of the Complaint.

### RESPONSE TO "7. Strict Liability Claim: Marketing Defect"

22.     Merck denies each and every allegation contained in paragraph 7.1 of the Complaint.

23.     Merck denies each and every allegation contained in paragraph 7.2 of the Complaint.

### RESPONSE TO "8. Negligence and Gross Negligence Claims"

24.     Merck denies each and every allegation contained in paragraph 8.1 of the Complaint.

779200v.1

25.     Merck denies each and every allegation contained in paragraph 8.2 of the Complaint.

26.     Merck denies each and every allegation contained in paragraph 8.3 of the Complaint.

27.     Merck denies each and every allegation contained in paragraph 8.4 of the Complaint.

## RESPONSE TO "Prayer for Judgment"

28.     Plaintiffs' Prayer for Judgment is not an allegation, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraphs 9.1 through 9.6, except Merck admits that Plaintiffs purport to state a claim for damages, including compensatory, exemplary and punitive damages, prejudgment and postjudgment interest, and costs, but Merck denies that there is any legal or factual basis for such relief.

## AFFIRMATIVE DEFENSES

1.     The Petition fails to state a claim upon which relief can be granted.

2.     Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

- 5 -

3.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

4.     Merck asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiffs' claims in this lawsuit.

5.     Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

6.     Plaintiffs' claims may be barred by Plaintiffs' contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiffs and/or her treating physicians and/or other health care providers.

7.     If Plaintiffs sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

8.     Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then

779200v.1

Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

9.      The occurrences and injuries Plaintiffs allege resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs. Moreover, the occurrences and injuries were caused by separate and independent events not reasonably foreseeable. Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

10.      If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

11.      Merck further states that Plaintiffs' injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiffs unrelated to any products manufactured by Merck.

779200v.1

12.     The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber. The labeling for the product at issue was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations. Such actions and federal statutes and regulations bar and preempt all of Plaintiffs' claims under state law.

13.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

14.     Plaintiffs cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

15.     Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

16.     Merck asserts that Plaintiffs' claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

17.     Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations.

779200v.1

18.     Plaintiffs' claims are barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

19.     Plaintiffs' claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

20.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

21.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity, and/or because the alleged warranties were disclaimed.

22.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

23.     Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008.  Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

24.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

779200v.1

25.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

26.     Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

27.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

28.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:  (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive

779200v.1

damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

29.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

30.    Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

31.    Plaintiffs are not entitled to recover exemplary or punitive damages because, to the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, fraudulent, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

779200v.1

32.     Plaintiffs are not entitled to punitive or exemplary damages because VIOXX®
and its labeling were subject to and received pre-market approval by the FDA under 52 Stat.
1040, 21 U.S.C. § 301.

33.     Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of
Torts §§ 2, 4, and 6.

34.     Plaintiffs' claims relating to alleged communications with regulatory agencies of
the United States government are barred in whole or in part by operation of applicable law,
including First Amendment rights to petition the government.

35.     VIOXX® is a prescription pharmaceutical that was available only upon the
prescription of a licensed physician, and persons other than Merck, including Plaintiffs' treating
physicians and health care personnel and institutions, stood in the position of learned
intermediaries between Merck and Plaintiffs.  Any claims against Merck accordingly are barred
in whole or in part by the learned intermediary doctrine.

36.     Imposition of punitive or exemplary damages violates the Sixth Amendment of
the United States Constitution because Merck is not informed of the nature and cause of the
accusations against it; thus, the allegations are void for vagueness.

37.     The imposition of punitive damages violates the open courts provision of the
Texas Constitution.

38.     Merck hereby gives notice that it intends to rely upon such other defenses as may
become available or appear during discovery proceedings in this case or that are included in the

779200v.1

Master Answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the

Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any

such defense.

## JURY DEMAND

39.     Merck hereby demands a trial by jury on all of Plaintiffs' claims.


Respectfully submitted,


_Dorothy H. Wimberly_

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054

Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

DEFENDANT'S LIAISON COUNSEL



Jonathan B. Skidmore (Attorney-In-Charge)
H. Douglas Wabner
Richard S. Krumholz
Joe W. Tomaselli, Jr.

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 855-8000
Telecopier: (214) 855-8200

COUNSEL FOR MERCK & CO., INC.

779200v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this ___7___ day of July, 2005.

_Dorothy H. Wimberly_

779200v.1