FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7  PM 3: 13

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This document relates to *Isidoro Lugo  v.*** | * | **JUDGE FALLON** |
| ***Merck & Co., Inc.,* (E.D. La. 05-2389)** | * | |
| | * | **MAG. JUDGE KNOWLES** |
| * * * * * * * * * * * * * * * * * * * | * | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers the

Complaint herein as follows:

## PARTIES

1.  As to the first and second sentences of paragraph 1 of the Complaint, Merck denies

knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations.  Denies each and every allegation of the remaining allegations of paragraph 1

except avers that Plaintiff purports to recover damages for personal injuries but denies

that there is any factual or legal basis for same.

_\_\_\_\_ Fee_____
_\_\_\_\_ Process_____
__X__ Dktd_____
\_\_\_\_\_ CtRmDep_____
\_\_\_\_\_ Doc. No _____

2.    Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

## JURISDICTION AND VENUE

3.    The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 3 of the Complaint except avers that Plaintiff purports to seek damages in excess of the jurisdiction amount, but denies that there is any factual or legal basis for such a relief.

4.    The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 4 of the Complaint.

5.    Denies each and every allegations of paragraph 5 of the Complaint.

6.    The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Complaint.

## (ALLEGED) FACTS

7.    Denies each and every allegation contained in paragraph 7 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which

779277v.1

reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

8.  Denies each and every allegation in paragraph 8 of the Complaint except admits that in 1999 Merck received FDA approval to market the prescription medicine VIOXX®.

9.  Denies each and every allegation in paragraph 9 of the Complaint.

10. Denies each and every allegation in paragraph 10 of the Complaint.

11. Denies each and every allegation contained in paragraph 11 of the Complaint except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004, that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

12. Denies each and every allegation contained in paragraph 12, and avers that on September 30, 2004, Merck announced that it would voluntarily withdraw VIOXX® from the worldwide market. Merck further admits that Plaintiff purports to quote from the

779277v.1

referenced document and respectfully refers the Court to the referenced document for its actual language and full text.

13. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation of paragraph 15 of the Complaint.

## <u>COUNT ONE – NEGLIGENCE</u>

16. With respect to the allegations contained in paragraph 16 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 15 of this Answer with the same force and effect as though set forth here in full.

17. The allegations contained in paragraph 17 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18. Denies each and every allegation of paragraph 18 of the Complaint.

19. Denies each and every allegation of paragraph 19, including subparts (a) through (f), of the Complaint.

20. Denies each and every allegation of paragraph 20 of the Complaint.

21. Denies each and every allegation of paragraph 21 of the Complaint.

22. Denies each and every allegation of paragraph 22 of the Complaint.

779277v.1

23.     Denies each and every allegation of paragraph 23 of the Complaint.

24.     Denies each and every allegation of paragraph 24 of the Complaint.

25.     Denies each and every allegation of paragraph 25 of the Complaint.

## COUNT TWO – PRODUCT LIABILITY

26.     With respect to the allegations contained in paragraph 26 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 25 of this Answer with the same force and effect as though set forth here in full.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

28.     Denies each and every allegation of paragraph 28 of the Complaint.

29.     Denies each and every allegation of paragraph 29 of the Complaint.

30.     Denies each and every allegation of paragraph 30 of the Complaint.

31.     Denies each and every allegation of paragraph 31 of the Complaint.

32.     Denies each and every allegation of paragraph 32 of the Complaint.

779277v.1

## COUNT THREE – BREACH OF IMPLIED WARRANTY

33.     With respect to the allegations contained in paragraph 33 of the Complaint, Merck
        repeats and re-alleges each and every admission, denial, averment, and statement
        contained in paragraphs 1 through 32 of this Answer with the same force and effect as
        though set forth here in full.

34.     Denies each and every allegation of paragraph 34 of the Complaint.

35.     Denies each and every allegation of paragraph 35 of the Complaint.

36.     Denies each and every allegation of paragraph 36 of the Complaint.

## COUNT FOUR – BREACH OF THE EXPRESS WARRANTY

37.     With respect to the allegations contained in paragraph 37 of the Complaint, Merck
        repeats and re-alleges each and every admission, denial, averment, and statement
        contained in paragraphs 1 through 36 of this Answer with the same force and effect as
        though set forth here in full.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint except
        admits that Merck sought and, in May 1999, received FDA approval to manufacture and
        market the prescription medicine VIOXX® subject to the information contained in the
        FDA-approved prescribing information for VIOXX® and respectfully refers the Court to
        the relevant prescribing information for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

- 6 -

779277v.1

40.     Denies each and every allegation contained in paragraph 39 of the Complaint.

### COUNT FIVE – UNJUST ENRICHMENT

41.     With respect to the allegations contained in paragraph 41 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 40 of this Answer with the same force and effect as though set forth here in full.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

### COUNT SIX – FRAUD

43.     With respect to the allegations contained in paragraph 43 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

47.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

779277v.1

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

48.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

49.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of

estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

50.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

and belief, such injuries or losses were caused in whole or in part through the operation

of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

51.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance

with applicable federal laws, regulations and rules, such claims are preempted by federal

law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

52.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn

Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are

barred under the learned intermediary doctrine because Merck has discharged its duty to

warn in its warnings to the prescribing physician.

779277v.1

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

53.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

54.   Any liability that might otherwise be imposed upon this defendant is subject to reduction

by the application of the doctrine of comparative negligence.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

55.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or

losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by

Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

56.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

and belief, such injuries and losses were caused by the actions of persons not having real

or apparent authority to take said actions on behalf of Merck and over whom Merck had

no control and for whom Merck may not be held accountable.

779277v.1

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

57.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

58.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

59.   To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

60.   Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

779277v.1

**AS FOR A FIFTEENTH
DEFENSE, MERCK ALLEGES:**

61.    Plaintiff's claims are barred in whole or in part by the First Amendment.

**AS FOR A SIXTEENTH
DEFENSE, MERCK ALLEGES:**

62.    Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR A SEVENTEENTH
DEFENSE, MERCK ALLEGES:**

63.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR AN EIGHTEENTH
DEFENSE, MERCK ALLEGES:**

64.    Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINETEENTH
DEFENSE, MERCK ALLEGES:**

65.    Plaintiff's claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts: Products Liability.

**AS FOR A TWENTIETH
DEFENSE, MERCK ALLEGES:**

66.    This case is more appropriately brought in a different venue.

779277v.1

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

67.     To the extent Plaintiff has settled or will in the future settle with any person or entity with

respect to the injuries asserted in the Complaint, Merck's liability, if any, should be

reduced accordingly.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

68.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually

received from any other source for injuries alleged in the Complaint, such benefits are not

recoverable in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

69.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the

alleged damages.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

70.     Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits

for a class of patients" within the meaning of comment f to Section 6 of the Restatement

(Third) of Torts:  Product Liability.

779277v.1

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

71.    To the extent that Plaintiff seek punitive damages for an alleged act or omission of

Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent

and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

72.    Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was

subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §

301.

73.    Merck hereby gives notice that it intends to rely upon such other defenses as may become

available or appear during discovery proceeding in this case or which are included in the

master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to

assert any such defenses.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint
with prejudice and awarding Merck its reasonable costs and disbursements, together with such
and other and further relief that the Court may deem just and proper.

779277v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


Dated:  July 7, 2005

Respectfully submitted,

Phillip A. Wittman, 13625
Anthony M. DiLeo, 4942
Dorothy Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Phone:  504 / 581 3200
Fax:     504 / 581 3361

Defendants' Liaison Counsel


Todd M. Weir, #1010442
R. Fletcher Koch, #1054736
Otjen, Van Ert, Lieb & Weir, S.C.
First Financial Centre
700 North Water Street, Suite 800
Milwaukee, WI  53202-4206
Phone:  414 / 271 7271
Fax:     414 / 271 7272

Counsel for Merck & Co., Inc.

- 14 -

779277v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant's Answer to Complaint has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this ⁷U̲h̲ day of July, 2005.

_Dorothy H. Wimberly_
Counsel for the Defendant

779277v.1