

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7  PM 3: 10

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: VIOXX® | * | |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | MDL Docket No. 1657 |
| | * | |
| | * | SECTION  L |
| This document relates to: *Donna Lynn* | * | |
| *Watson v. Merck & Co., Inc.*, (E.D. La. | * | JUDGE ELDON E. FALLON |
| Index No. 2:05-cv-02366) | * | |
| | * | MAG. JUDGE KNOWLES |
| (Transferred from E.D. Tex, Index No. | * | |
| 5:05-cv-53) | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MERCK & CO., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Merck & Co., Inc. ("Merck") answers Plaintiff's Complaint ("Complaint") as follows:

## I.

1.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the first sentence of paragraph I of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph I of the



Fee_____
Process_____
**X** Dktd_____
CtRmDep_____
Doc. No_____

Complaint, except Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

## II.

2.      The allegations contained in paragraph II of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except Merck admits that it is authorized to do business in Texas.

## III.

3.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph III of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

## RESPONSE TO "FACTS"
## IV.

4.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph IV of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and inflammation.

## V.

5.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph V of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

6.      Merck denies each and every allegation contained in paragraph V(A) of the Complaint, except Merck admits that VIOXX® is a part of a class of drugs known as NSAIDs. Merck further avers that VIOXX® is a selective COX-2 inhibitor and that VIOXX® has been

- 2 -

proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

7.      Merck denies each and every allegation contained in paragraph V(B) of the Complaint.

8.      Merck denies each and every allegation contained in paragraph V(C) of the Complaint, except Merck admits that in 1999 Merck received the United States Food and Drug Administration's approval to market the prescription medicine VIOXX®, and further avers that VIOXX® is the brand name for rofecoxib.

9.      Merck denies each and every allegation contained in paragraph V(D) of the Complaint, except Merck admits that it submitted a New Drug Application for VIOXX® on November 23, 1998.

10.      Merck denies each and every allegation contained in paragraph V(E) of the Complaint, except Merck admits that, until September 30, 2004, Merck marketed VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.  Merck respectfully refers the Court to the FDA-approved prescribing information for VIOXX®'s indicated uses.

11.      Merck denies each and every allegation contained in paragraph V(F) of the Complaint.

12.      Merck denies each and every allegation contained in paragraph V(G) of the Complaint, except Merck admits that the referenced studies exist, and Merck respectfully refers the Court to said studies for their actual language and full text.

13.      Merck denies each and every allegation contained in paragraph V(H) of the Complaint, except Merck admits that the studies referenced in sentence one of paragraph V(H)

- 3 -

and the article referenced in sentence two of paragraph V(H) exist, and Merck respectfully refers the Court to said publications for their actual language and full text.

14.     Merck denies each and every allegation contained in paragraph V(I) of the Complaint.

15.     Merck denies each and every allegation contained in paragraph V(J) of the Complaint, except Merck admits that the referenced publication exists, and Merck respectfully refers the Court to said publication for its actual language and full text.

16.     Merck denies each and every allegation contained in paragraph V(K) of the Complaint, except Merck admits the existence of the journal and the article contained therein, and Merck respectfully refers the Court to the referenced article for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph V(L) of the Complaint, except Merck admits the referenced studies exist, and respectfully refers the Court to the referenced studies for their actual language and full text.

18.     Merck denies each and every allegation contained in paragraph V(M) of the Complaint, except Merck admits that the referenced article exists, and respectfully refers the Court to the referenced publication for its actual language and full text.

19.     Merck denies each and every allegation contained in paragraph V(N) of the Complaint, including subparts (1) through (5), except Merck admits that it received a letter from a regulatory review officer in September 2001, and Merck respectfully refers the Court to that letter for its actual language and full text. Merck further admits that audio conferences regarding VIOXX® took place.

779289v.1

20.     Merck denies each and every allegation contained in paragraph V(O) of the Complaint, except Merck admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking VIOXX® compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients. Merck further avers that on September 30, 2004, both Merck and the FDA issued statements regarding VIOXX®, and Merck respectfully refers the Court to these statements for their actual language and full text.

21.     Merck denies each and every allegation contained in paragraph V(P) of the Complaint.

22.     Merck denies each and every allegation contained in paragraph V(R) of the Complaint, except Merck admits that it manufactured, marketed, and distributed VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

23.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph V(S) of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

24.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph V(T) of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

25.     Merck denies each and every allegation contained in paragraph V(U) of the Complaint.

779289v.1

26.     Merck denies each and every allegation contained in paragraph V(V) of the Complaint.

## VI.

27.     Merck denies each and every allegation contained in paragraph VI of the Complaint, except Merck admits that VIOXX® was prescribed to millions of patients by health care providers.

### RESPONSE TO "Count I -- Negligence"
## VII.

28.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph VII of the Complaint, Plaintiff purports to incorporate each and every allegation contained in the above paragraphs of the Complaint.

## VIII.

29.     Merck denies each and every allegation contained in paragraph VIII of the Complaint, except Merck admits that it manufactured, marketed and distributed VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

## IX.

30.     The allegations contained in paragraph IX of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

## X.

31.     Merck denies each and every allegation contained in paragraph X of the Complaint, including subparts (A) through (I).

779289v.1

## XI.

32.     Merck denies each and every allegation contained in paragraph XI of the Complaint.

## XII.

33.     Merck denies each and every allegation contained in the first sentence of paragraph XII of the Complaint.  The allegations contained in the second and third sentences of paragraph XII of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentences.  Merck denies each and every allegation contained in the fourth sentence of paragraph XII of the Complaint.

## XIII.

34.     Merck denies each and every allegation contained in paragraph XIII of the Complaint.

## RESPONSE TO "Count II – Strict Liability"
## XIV.

35.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph XIV of the Complaint, Plaintiff purports to incorporate each and every allegation contained in the above paragraphs of the Complaint.

## XV.

36.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph XV of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

## XVI.

779289v.1

37.     Merck denies each and every allegation contained in paragraph XVI of the Complaint, except Merck admits that it manufactured, marketed and distributed VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

## XVII.

38.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph XVII of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

## XVIII.

39.     Merck denies each and every allegation contained in paragraph XVIII of the Complaint.

## XIX.

40.     Merck denies each and every allegation contained in paragraph XIX of the Complaint.

## XX.

41.     Merck denies each and every allegation contained in paragraph XX of the Complaint.

## RESPONSE TO "Count III – Misrepresentation"
## XXI.

42.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph XXI of the Complaint, Plaintiff purports to incorporate each and every allegation contained in the above paragraphs of the Complaint.

779289v.1

## XXII.

43.     Merck denies each and every allegation contained in paragraph XXII of the Complaint.

## XXIII.

44.     Merck denies each and every allegation contained in paragraph XXIII of the Complaint, including subparts (A) through (E).

## XXIV.

45.     Merck denies each and every allegation contained in paragraph XXIV of the Complaint.

## XXV.

46.     Merck denies each and every allegation contained in paragraph XXV of the Complaint.

## XXVI.

47.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph XXVI of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

## XXVII.

48.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph XXVII of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

## XXVIII.

49.     The allegations contained in paragraph XXVIII of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

779289v.1

## XXIX.

50.     The allegations contained in paragraph XXIX of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## XXX.

51.     Merck denies each and every allegation contained in the first and second paragraphs of section XXX of the Complaint.

## XXXI.

52.     Merck denies each and every allegation contained in paragraph XXXI of the Complaint.

## RESPONSE TO "Count IV – Breach of Warranty"
## XXXII.

53.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph XXXII of the Complaint, Plaintiff purports to restate and incorporate each and every allegation contained in the above paragraph of the Complaint.

## XXXIII.

54.     The allegations contained in paragraph 54 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## XXXIV.

55.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph XXXIV of the

779289v.1

Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

## XXXV.

56.     Merck denies each and every allegation contained in paragraph XXXV of the Complaint.

### RESPONSE TO "Court V – Actual and Constructive Fraud"
### XXXVI.

57.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in the first paragraph of section XXXVI of the Complaint, Plaintiff purports to restate and incorporate each and every allegation contained in the above paragraphs of the Complaint.

58.     Merck denies each and every allegation contained in the first sentence of the second paragraph of section XXXVI of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in the second sentence of the second paragraph of section XXXVI of the Complaint, and Merck denies each and every allegation directed at Merck contained in said sentence.

## XXXVII.

59.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph XXXVII of the Complaint, and Merck denies each and every allegation directed at Merck contained in said section.

### RESPONSE TO "LIMITATIONS TOLLED"
### XXXVII.

779289v.1

60.     Merck denies each and every allegation contained in paragraph XXXVII of the Complaint, except Merck admits that, until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004, Merck manufactured, marketed and distributed VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.

## RESPONSE TO "DAMAGES"
### XXXIX.

61.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck denies each and every allegation contained in paragraph XXXIX of the Complaint, except Merck admits that Plaintiff purports to state a claim for damages, but Merck denies that there is any legal or factual basis for such relief.

### XL.

62.     Merck denies each and every allegation contained in paragraph XL of the Complaint, except Merck admits that Plaintiff purports to state a claim for interest, but Merck denies that there is any legal or factual basis for such relief.

## RESPONSE TO "EXEMPLARY DAMAGES"
### XLI.

63.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph XLI of the Complaint, Plaintiff purports to restate and incorporate each and every allegation contained in the above paragraphs of the Complaint.

### XLII.

779289v.1

64.     Merck denies each and every allegation contained in paragraph XLII of the Complaint.

## XLIII.

65.     Merck denies each and every allegation contained in paragraph XLIII of the Complaint.

## JURY DEMAND
## XLIV.

66.     The first paragraph of section XLIV of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff has requested a jury trial.

67.     The second paragraph of section XLIV of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff purports to state a claim for damages, including actual and exemplary damages, costs, and prejudgment and postjudgment interest, but Merck denies that there is any legal or factual basis for such relief.

## AFFIRMATIVE DEFENSES

1.     The Petition fails to state a claim upon which relief can be granted.

2.     Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use. Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

3.     Plaintiff's claims are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

- 13 -

779289v.1

4.      Merck asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiff's claims in this lawsuit.

5.      Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

6.      Plaintiff's claims may be barred by Plaintiff's contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiff and/or her treating physicians and/or other health care providers.

7.      If Plaintiff sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiff and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiff's favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

8.      Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

9.      The occurrences and injuries Plaintiff alleges resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiff.  Moreover, the

- 14 -

779289v.1

occurrences and injuries were caused by separate and independent events not reasonably foreseeable. Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiff, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiff or any other parties.

10.    If Plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

11.    Merck further states that Plaintiff's injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiff unrelated to any products manufactured by Merck.

12.    The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber. The labeling for the product at issue was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations. Such actions and federal statutes and regulations bar and preempt all of Plaintiff's claims under state law.

13.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

14.     Plaintiff cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

15.     Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

16.     Merck asserts that Plaintiff's claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

17.     Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations.

18.     Plaintiff's claims are barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

19.     Plaintiff's claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

20.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

21.     To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity, and/or because the alleged warranties were disclaimed.

22.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

23.     Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008.  Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

779289v.1

24. Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

25. Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

26. Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

27. Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

28. Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that: (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive

- 17 -

damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

29.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

30.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

31.     Plaintiff is not entitled to recover exemplary or punitive damages because, to the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, fraudulent, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

779289v.1

32.     Plaintiff is not entitled to punitive or exemplary damages because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

33.     Plaintiff's claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

34.     Plaintiff's claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

35.     VIOXX® is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiff's treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiff.  Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

36.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusations against it; thus, the allegations are void for vagueness.

37.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

38.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case or that are included in the Master Answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

779289v.1

## JURY DEMAND

39.     Merck hereby demands a trial by jury on all of Plaintiff's claims.


Respectfully submitted,


*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054

Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

DEFENDANT'S LIAISON COUNSEL



Jonathan B. Skidmore (Attorney-In-Charge)
H. Douglas Wabner
Richard S. Krumholz
Joe W. Tomaselli, Jr.

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 855-8000
Telecopier: (214) 855-8200

COUNSEL FOR MERCK & CO., INC.

779289v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 7th day of July, 2005.

*Dorothy H. Wimberly*

779289v.1