FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7 PM 3:10

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Della Stamper and Richard J. Getty v. Merck & Company, Inc.* (E.D. La. Case No. 05-462) | * * * | JUDGE FALLON MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * * * * | * | |

## ANSWER, DEFENSES, REQUEST FOR RELIEF, AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), for its Answer to the plaintiffs' Complaint, states as follows:

1. Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 1, and therefore it denies these averments. Regarding the averments in the second sentence of paragraph 1, Merck admits that the plaintiffs purport to bring this action to recover damages, but Merck denies that there is any legal or factual basis for the action.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____
779315v.1

2. Merck denies each and every averment in paragraph 2 of the Complaint, except it admits that it is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey. Merck further avers that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.

### RESPONSE TO "JURISDICTION AND VENUE"

3. The first sentence of paragraph 3 sets forth legal conclusions for which no response is required. To the extent these averments are deemed to contain facts, Merck admits that diversity of citizenship exists. Merck admits the averments in the second sentence of paragraph 3.

4. Regarding the averments in paragraph 4, Merck admits that the plaintiffs purport to be citizens of the Commonwealth of Kentucky, and to assert claims under Kentucky law. Merck denies that there is any legal or factual basis for those claims. Merck is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 4, and therefore it denies these averments.

5. Merck denies each and every averment in the first sentence of paragraph 5 of the Complaint, except that it admits that it is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey, and that it is authorized to do business in the Commonwealth of Kentucky. Merck further avers that it sought and received the approval of the United States Food and Drug Administration (FDA) to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® in the Commonwealth of Kentucky and other locations for the indicated uses set out in the relevant FDA-approved prescribing information.

The averments in the second sentence of paragraph 5 are legal conclusions to which no response is required. To the extent these averments are deemed to contain facts, Merck denies them.

6. The averments in paragraph 6 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 6 is deemed to contain facts, Merck admits that the plaintiffs purport to put in excess of $75,000 in controversy, but Merck denies that there is any legal or factual basis for the plaintiffs' claims.

## RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

7. Merck denies each and every averment in paragraph 7 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

8. The averments in paragraph 8 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every averment, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® (rofecoxib) and, until the voluntary worldwide withdrawal from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information. Merck respectfully refers this Court to the FDA prescribing information for VIOXX®'s indicated uses.

9. Regarding the averments in paragraph 9, Merck admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal from the market on September 30, 2004, did market VIOXX® (rofecoxib) for the indicated uses set out in the relevant FDA-approved prescribing

information. Merck respectfully refers this Court to the FDA prescribing information for VIOXX®'s indicated uses.

10. The averments contained in paragraph 10 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every averment contained in this paragraph, except it admits that osteoarthritis has been described in the medical literature as a chronic disorder of joint cartilage and surrounding tissues that is characterized by pain, stiffness, and loss of function.

11. The averments in paragraph 11 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every averment contained in this paragraph, except it admits that rheumatoid arthritis has been described in the medical literature as an inflammatory arthritis in which joints, usually including those of the hands and feet, are inflamed, resulting in swelling, pain, and often the destruction of joints.

12. Merck denies each and every averment in paragraph 12 of the Complaint, except it admits that it manufactured and marketed the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses as set out in the relevant FDA-approved prescribing information. Merck further avers that VIOXX® is a selective COX-2 inhibitor.

13. The averments in paragraph 13 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every averment in this paragraph, except it admits that VIOXX® is a selective COX-2 inhibitor and avers that VIOXX® has been proven in randomized clinical trials to reduce

4

the rate of certain gastrointestinal events compared to Naproxen, which is a non-selective NSAID.

14. Merck denies each and every averment contained in paragraph 14 of the Complaint, except it admits that in sought, and in May 1999 received, the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

15. Merck denies each and every averment contained in paragraph 15 of the Complaint, except it admits that the study referenced in this paragraph exists, and Merck respectfully refers the Court to the study for its actual language and full text.

16. The averments in paragraph 16 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every averment contained in this paragraph, except it admits that in February 2001 the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

17. Merck denies each and every averment in paragraph 17 of the Complaint, except it admits that in April 2001 the FDA approved certain changes to the VIOXX® prescribing information, and it respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

18. Merck denies each and every averment contained in paragraph 18 of the Complaint.

19. Merck denies each and every averment contained in paragraph 19 of the Complaint, except it admits that on September 30, 2004, it announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed

5

cardiovascular events beginning after 18 months of treatment in patients taking VIOXX® compared with those taking a placebo, and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of VIOXX® best served the interests of patients.

20. Merck denies each and every averment contained in paragraph 20 of the Complaint, except it admits that VIOXX® was prescribed to millions of patients by healthcare providers and that sales figures exceeded $2 billion in 2003.

## COUNT I
## Response to "(Products (Strict) Liability)"

21. Merck denies each and every averment contained in paragraphs 1-20 of the Complaint, except as expressly admitted, and states as follows regarding the plaintiffs' additional claims.

22. Merck denies each and every averment contained in paragraph 22 of the Complaint, except it admits that sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntarily worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® in the Commonwealth of Kentucky and other locations for the indicated uses set out in the relevant FDA-approved prescribing information.

23. The averments in paragraph 23 of the Complaint are legal conclusions for which no response is required. To the extent paragraph 23 is deemed to contain facts, Merck states that it is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore it denies these averments.

24. Merck denies each and every averment in paragraph 24 of the Complaint.

## COUNT II
### Response to "(Negligence and/or Gross Negligence)"

25. Merck denies each and every averment in paragraphs 1-24, except as expressly admitted, and states as follows regarding the plaintiffs' additional claims.

26. The averments in paragraph 26 of the Complaint set forth legal conclusions for which no response is required. To the extent these averments are deemed to contain facts, Merck denies these averments.

27. Merck denies each and every averment contained in paragraph 27 of the Complaint.

28. Merck denies each and every averment contained in paragraph 28 of the Complaint.

## COUNT III
### Response to "(Negligence Per Se)"

29. Merck denies each and every averment in paragraphs 1-28 of the Complaint, except as expressly admitted, and states as follows to the plaintiffs' additional claims.

30. Merck denies each and every averment contained in paragraph 30 of the Complaint.

31. The averments in paragraph 31 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 31 is deemed to contain facts, Merck denies the same.

32. The averments in paragraph 32 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 32 is deemed to contain facts, Merck denies the same.

33. Merck denies each and every averment in paragraph 33 of the Complaint.

## COUNT IV
### Response to "(Violations of the Kentucky Consumer Protection Act)"

34. Merck denies each and every averment in paragraphs 1-33 of the Complaint, except as expressly admitted, and states as follows to the plaintiffs' additional claims.

35. The averments in paragraph 35 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 35 is deemed to contain facts, Merck denies the same.

36. Merck denies each and every averment contained in paragraph 36 of the Complaint.

## COUNT V
### Response to "(Unjust Enrichment)"

37. Merck denies each and every averment in paragraphs 1-36 of the Complaint, except as expressly admitted, and states as follows to the plaintiffs' additional claims.

38. Merck denies each and every averment in paragraph 38 of the Complaint.

39. Merck denies each and every averment in paragraph 39 of the Complaint.

40. Merck denies each and every averment in paragraph 40 of the Complaint.

41. Merck admits that the plaintiffs seek disgorgement but denies that there is any factual or legal basis for the relief sought.

## COUNT VI
### Response to "(Breach of Express Warranty)"

42. Merck denies each and every averment in paragraphs 1-41 of the Complaint, except as expressly admitted, and states as follows to the plaintiffs' additional claims.

779315v.1

43. The averments in paragraph 43 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 43 is deemed to contain facts, Merck denies the same.

44. Merck denies each and every averment in paragraph 44 of the Complaint.

45. Merck denies each and every averment in paragraph 45 of the Complaint.

## COUNT VII
### Response to "(Breach of Implied Warranty)"

46. Merck denies each and every averment in paragraphs 1-45 of the Complaint, except as expressly admitted, and states as follows to the plaintiffs' additional claims.

47. The averments in paragraph 47 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 47 is deemed to contain facts, Merck denies the same.

48. Merck denies each and every averment contained in paragraph 48 of the Complaint.

49. Merck denies each and every averment set out in the Complaint not expressly admitted.

### RESPONSE TO PRAYER FOR RELIEF

As for the unnumbered Prayer for Relief following paragraph 48 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck denies that the plaintiffs are entitled to the relief requested in the Prayer for Relief, including subparagraphs A-K.

### DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Merck upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Federal law and regulations preempt the claims of the plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent that they have failed to exhaust any administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

The damages, if any, sustained by the plaintiffs resulted from their own conduct, so that the principles of contributory negligence, comparative fault, and/or assumption of risk apply.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent they resulted from the conduct of any third parties or from a superseding and/or intervening cause.

## SIXTH AFFIRMATIVE DEFENSE

Merck at all times conformed to the state of the art, knowledge of risks, and the trade and custom in the industry that existed at the relevant time.

## SEVENTH AFFIRMATIVE DEFENSE

The punitive damages sought by plaintiffs are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Constitution of the Commonwealth of Kentucky.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to entitle the plaintiffs to an award of punitive damages.

779315v.1

## NINTH AFFIRMATIVE DEFENSE

The product, packaging, or instructions at issue comply with any and all applicable Federal regulations that existed at the time of sale.

## TENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs may be subject to the doctrine of primary jurisdiction. The FDA and other Federal agencies have primary regulatory control over VIOXX®.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs may be barred, in whole or in part, by the applicable statute(s) of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

If the product allegedly involved in this action was defective or unreasonably dangerous (which Merck denies), then plaintiffs were aware thereof and unreasonably proceeded to make use of the product in that condition.

## THIRTEENTH AFFIRMATIVE DEFENSE

All VIOXX® prescription medicine lawfully sold or distributed in the United States carries warnings that adequately informed the plaintiffs or their learned intermediaries of any alleged health risks of using VIOXX®.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent the injuries alleged in the Complaint were caused or enhanced by pre-existing or unrelated medical or psychiatric conditions and/or idiosyncratic reactions to VIOXX®.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred by the learned intermediary doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering any damages because any harm caused by VIOXX® was caused by an inherent aspect of the product that could not be eliminated without compromising its usefulness.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering any damages because there was no practical or technically feasible design or formulation that would have prevented the harm alleged without substantially impairing the usefulness or intended purpose of the product.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the proximate cause of any alleged injury was plaintiffs' choice to use VIOXX® in a manner other than that prescribed or recommended, or to misuse the product.

### NINETEENTH AFFIRMATIVE DEFENSE

The extent of any risks associated with the use of VIOXX®, the existence of which is not admitted, was, at the time of the distribution, unknown, and could not have been known by use of ordinary care by Merck.

### TWENTIETH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred in whole or in part pursuant to comment j to § 402A of the Restatement (Second) of Torts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Every claim asserted in the Complaint is barred by the doctrine set forth in comment k of the Restatement (Second) of Torts § 402A.

779315v.1

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred in whole or in part pursuant to comment f to § 6 of the Restatement (Third) of Torts: Product Liability.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred under § 4 et seq. of the Restatement (Third) of Torts: Product Liability.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Merck relies upon every defense set forth in Kentucky's Product Liability Act, KRS 411.300-411.350.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The plaintiffs failed to timely notify Merck of any alleged defect or alleged breach of warranty as required by operation of law and/or express warranty.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The plaintiffs fail to state a claim under the Kentucky Consumer Protection Act because they are not part of the protected class, and the prescription medicine VIOXX® is not a consumer product.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The lack of privity between the plaintiffs on one hand and Merck on the other bars any claims based on alleged warranty theories and under the Kentucky Consumer Protection Act.

Merck gives notice that it intends to rely on additional affirmative defenses that become available or apparent during discovery.

Merck respectfully requests that this Court:

1. Dismiss the Complaint with prejudice and without cost to Merck;

779315v.1

2. Award to Merck its costs and attorneys' fees incurred in the defense of this action; and

3. Award to Merck such other relief as this Court deems just and equitable.

## JURY DEMAND

Merck demands a trial by jury.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200 Telephone
(504) 581-3361 Facsimile

Defendants' Liaison Counsel

Susan J. Pope
Frost Brown Todd LLC
250 West Main Street, Suite 2700
Lexington, Kentucky 40507-1749
(859) 231-0000 Telephone
(859) 231-0011 Facsimile

-and-

Winston E. Miller
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
(502) 589-5400 Telephone
(502) 581-1087 Facsimile

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this _7th_ day of July, 2005.

 

_Dorothy H. Wimberly_
Counsel for the Defendant