FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7 PM 3: 10

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Henry Daniel Sarver* | * | JUDGE FALLON |
| *and Pamela Kaye Sarver v. Merck & Company, Inc.* | * | |
| (E.D. La. Case No. 05-1013) | * | MAG. JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * | * | |

### ANSWER, DEFENSES, REQUEST FOR RELIEF, AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck"), for its Answer to the plaintiffs' Complaint ("Complaint"), states as follows:

### RESPONSE TO "PARTIES AND JURISDICTION"

1.  Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Complaint, and therefore it denies these averments.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____    779320v.1

- 2 -

2. Merck denies each and every averment in paragraph 2 of the Complaint, except that it admits that it is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey, and that it is authorized to do business in the Commonwealth of Kentucky. Merck further admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health. Merck further avers that it sought and received the approval of the United States Food and Drug Administration (FDA) to manufacture and market the prescription medicine VIOXX® and that until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

3. The averments in paragraph 3 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent these averments are deemed to contain facts, Merck denies each and every averment, except it admits that the plaintiffs purport to seek relief in excess of $75,000, but Merck denies that there is any legal or factual basis for such relief.

### RESPONSE TO "GENERAL FACTUAL ALLEGATIONS"

4. Merck denies each and every averment contained in paragraph 4 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® (generic name rofecoxib) and, until the voluntary worldwide withdrawal of VIOXX from the market on September 30, 2004, did market VIOXX for the indicated uses set out in the relevant FDA-approved prescribing information.

5. Merck denies each and every averment contained in paragraph 5 of the Complaint, except it admits that it sought, and in May 1999 received, the approval of the FDA to manufacture and market the prescription medicine VIOXX® (generic name Rofecoxib) and,

until the voluntary worldwide withdrawal of VIOXX from the market on September 30, 2004, did market VIOXX for the indicated uses set out in the relevant FDA-approved prescribing information. Merck further avers that VIOXX® is the brand name for rofecoxib.

6. The averments in paragraph 6 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck states that it is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint, and therefore it denies these averments.

7. The averments in paragraph 7 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck states that it is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint, and therefore it denies these averments.

8. Merck denies each and every averment contained in paragraph 8 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

9. Merck denies each and every averment in paragraph 9 of the Complaint.

10. Merck denies each and every averment in paragraph 10 of the Complaint.

11. Merck denies each and every averment in paragraph 11 of the Complaint.

12. Merck denies each and every averment contained in paragraph 12 of the Complaint. Merck respectfully refers the Court to the referenced studies and publications for their actual language and full text.

13. Merck denies each and every averment in paragraph 13 of the Complaint.

779320v.1

14. Merck denies each and every averment contained in paragraph 14 of the Complaint, except it admits that the study referenced in that paragraph exists, and Merck respectfully refers the Court to the study for its actual language and full text.

15. Merck denies each and every averment contained in paragraph 15 of the Complaint, except it admits the existence of the journal and the article contained in the journal. Merck respectfully refers the Court to the referenced document for its actual language and full text.

16. Merck denies each and every averment contained in paragraph 16 of the Complaint, except that it admits that it received a letter from a regulatory review officer in September 2001, and it respectfully refers the Court to that letter for its actual language and full text.

17. Merck denies each and every averment contained in paragraph 17 of the Complaint.

18. Merck denies each and every averment in paragraph 18 of the Complaint.

19. Merck denies each and every averment in paragraph 19 of the Complaint.

20. Merck denies each and every averment in paragraph 20 of the Complaint.

21. Merck denies each and every averment in paragraph 21 of the Complaint.

22. Merck denies each and every averment in paragraph 22 of the Complaint, except it admits that on September 30, 2004, it announced a voluntary worldwide withdrawal of VIOXX® from the market. Merck avers that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking a placebo. Merck further avers that given the availability of alternative therapies and questions

raised by the data from that trial, it concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

## RESPONSE TO "COUNT I
## Product Liability"

23. Merck denies each and every averment contained in paragraphs 1 - 22 of the Complaint, except as expressly admitted.

24. The averments in paragraph 24 of the Complaint are legal conclusions for which not response is required. To the extent these averments are deemed to contain facts, Merck denies these averments.

25. The averments in paragraph 25 of the Complaint are legal conclusions for which not response is required. To the extent these averments are deemed to contain facts, Merck denies these averments.

26. Merck denies each and every averment in paragraph 26 of the Complaint.

27. Merck denies each and every averment in paragraph 27 of the Complaint.

28. The averments in paragraph 28 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every averment in paragraph 28 of the Complaint.

29. Merck denies each and every averment in paragraph 29 of the Complaint.

30. Merck denies each and every averment in paragraph 30 of the Complaint.

Regarding the unnumbered prayer for relief paragraph following paragraph 30 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiffs are seeking damages, but they deny that there is any legal or factual basis for their claims.

## RESPONSE TO "COUNT II
### Failure to Warn"

31. Merck denies each and every averment contained in paragraphs 1 - 30 of the Complaint, except as expressly admitted.

32. The averments in paragraph 32 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 32 is deemed to contain facts, Merck denies the same.

33. The averments in paragraph 33 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck states that it is without knowledge or information sufficient to form a belief as to the truth of these averments, and therefore Merck denies these averments.

34. Merck denies each and every averment contained in paragraph 34 of the Complaint.

35. Merck denies each and every averment contained in paragraph 35 of the Complaint.

36. Merck denies each and every averment in paragraph 36 of the Complaint.

37. The averments in paragraph 37 are legal conclusions to which no responsive pleading is required. To the extent paragraph 37 is deemed to contained facts, Merck denies the same.

38. Merck denies each and every averment in paragraph 38 of the Complaint.

Regarding the unnumbered prayer for relief paragraph following paragraph 38 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiffs are seeking damages, but they deny that there is any legal or factual basis for their claims.

## RESPONSE TO "COUNT III
Breach of Warranty of Merchantability"

39. Merck denies each and every averment contained in paragraphs 1-38 of the Complaint, except as expressly admitted.

40. The averments in paragraph 40 are legal conclusions to which no responsive pleading is required. To the extent paragraph 40 is deemed to contain facts, Merck denies the same.

41. The averments in paragraph 41 are legal conclusions to which no responsive pleading is required. To the extent paragraph 41 is deemed to contain facts, Merck denies the same.

42. The averments in paragraph 42 are legal conclusions to which no responsive pleading is required. To the extent paragraph 42 is deemed to contain facts, Merck denies the same.

43. Merck denies each and every averment in paragraph 43 of the Complaint.

Regarding the unnumbered prayer for relief paragraph following paragraph 43 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiffs are seeking damages, but they deny that there is any legal or factual basis for their claims.

## RESPONSE TO "COUNT IV
Negligence"

44. Merck denies each and every averment contained in paragraphs 1-43 of the Complaint, except as expressly admitted.

45. Merck denies each and every averment in paragraph 45 of the Complaint.

46. The averments in paragraph 46 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 46 is deemed to contain facts, Merck denies the same.

47. Merck denies each and every averment contained in paragraph 47 of the Complaint.

48. Merck denies each and every averment in paragraph 48 of the Complaint.

49. Merck denies each and every averment in paragraph 49 of the Complaint.

Regarding the unnumbered prayer for relief paragraph following paragraph 49 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiffs are seeking damages, but they deny that there is any legal or factual basis for their claims.

### RESPONSE TO "COUNT V Wantonness"

50. Merck denies each and every averment contained in paragraphs 1-49 of the Complaint, except as expressly admitted.

51. Merck denies each and every averment contained in paragraph 51 of the Complaint.

52. The averments in paragraph 52 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 52 is deemed to contain facts, Merck denies the same.

53. Merck denies each and every averment contained in paragraph 53 of the Complaint.

54. Merck denies each and every averment in paragraph 54 of the Complaint.

Regarding the unnumbered prayer for relief paragraph following paragraph 54 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiffs are seeking damages, but they deny that there is any legal or factual basis for their claims.

## RESPONSE TO "COUNT VI
### Fraud, misrepresentation and suppression"

55. Merck denies each and every averment contained in paragraphs 1-54 of the Complaint, except as expressly admitted.

56. Merck denies each and every averment contained in paragraph 56 of the Complaint.

57. Merck denies each and every averment in paragraph 57 of the Complaint.

58. Merck denies each and every averment contained in paragraph 58 of the Complaint.

59. Merck denies each and every averment contained in paragraph 59 of the Complaint.

60. Merck denies each and every averment contained in paragraph 60 of the Complaint.

61. The averments in paragraph 61 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 61 is deemed to contain facts, Merck denies the same.

62. The averments in paragraph 62 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent paragraph 62 is deemed to contain facts, Merck denies the same.

779320v.1

63. Merck denies each and every averment contained in paragraph 63 of the Complaint.

64. Merck denies each and every averment contained in paragraph 64 of the Complaint.

Regarding the unnumbered prayer for relief paragraph following paragraph 64 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiffs are seeking damages, but they deny that there is any legal or factual basis for their claims.

65. Merck denies each and every averment set out in the Complaint not expressly admitted.

Regarding the unnumbered "CLAIM FOR DAMAGES," no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiffs are seeking damages, but they deny that there is any legal or factual basis for their claims.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Merck upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Federal law and regulations preempt the claims of the plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent that they have failed to exhaust any administrative remedies.

779320v.1

### FOURTH AFFIRMATIVE DEFENSE

The damages, if any, sustained by Henry Daniel Sarver resulted from his own conduct, so that the principles of contributory negligence, comparative fault, and/or assumption of risk apply.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent they resulted from the conduct of any third parties or from a superseding and/or intervening cause.

### SIXTH AFFIRMATIVE DEFENSE

Merck at all times conformed to the state of the art, knowledge of risks, and the trade and custom in the industry that existed at the relevant time.

### SEVENTH AFFIRMATIVE DEFENSE

The punitive damages sought by plaintiffs are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Constitution of the Commonwealth of Kentucky.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to entitle the plaintiffs to an award of punitive damages.

### NINTH AFFIRMATIVE DEFENSE

The product, packaging, or instructions at issue comply with any and all applicable Federal regulations that existed at the time of sale.

### TENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs may be subject to the doctrine of primary jurisdiction. The FDA and other Federal agencies have primary regulatory control over VIOXX®.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs may be barred, in whole or in part, by the applicable statute(s) of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

If the product allegedly involved in this action was defective or unreasonably dangerous (which Merck denies), then Henry Daniel Sarver was aware thereof and unreasonably proceeded to make use of the product in that condition.

## THIRTEENTH AFFIRMATIVE DEFENSE

All VIOXX® prescription medicine lawfully sold or distributed in the United States carries warnings that adequately informed Henry Daniel Sarver or his learned intermediaries of any alleged health risks of using VIOXX®.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent the injuries alleged in the Complaint were caused or enhanced by pre-existing or unrelated medical or psychiatric conditions and/or idiosyncratic reactions to VIOXX®.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred by the learned intermediary doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering any damages because any harm caused by VIOXX® was caused by an inherent aspect of the product that could not be eliminated without compromising its usefulness.

779320v.1

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering any damages because there was no practical or technically feasible design or formulation that would have prevented the harm alleged without substantially impairing the usefulness or intended purpose of the product.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the proximate cause of any alleged injury was Henry Daniel Sarver's choice to use VIOXX® in a manner other than that prescribed or recommended, or to misuse the product.

### NINETEENTH AFFIRMATIVE DEFENSE

The extent of any risks associated with the use of VIOXX®, the existence of which is not admitted, was, at the time of the distribution, unknown, and could not have been known by use of ordinary care by Merck.

### TWENTIETH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred in whole or in part pursuant to comment j to § 402A of the Restatement (Second) of Torts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Every claim asserted in the Complaint is barred by the doctrine set forth in comment k of the Restatement (Second) of Torts § 402A.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred in whole or in part pursuant to comment f to § 6 of the Restatement (Third) of Torts: Product Liability.

779320v.1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred under § 4 et seq. of the Restatement (Third) of Torts: Product Liability.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Merck relies upon every defense set forth in Kentucky's Product Liability Act, KRS 411.300-411.350.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiffs failed to timely notify Merck of any alleged defect or alleged breach of warranty as required by operation of law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any loss of consortium claim is a derivative claim and is barred or mitigated by the principles of contributory negligence, comparative fault, and/or assumption of risk applicable to plaintiff Henry Daniel Sarver.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to plead fraud with sufficient particularity, as required by Rule 9 of the Federal Rules of Civil Procedure.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The lack of privity between the plaintiffs on one hand and Merck on the other bars any claims based on alleged warranty theories.

Merck gives notice that it intends to rely on additional affirmative defenses that become available or apparent during discovery.

Merck respectfully requests that this Court:

1.   Dismiss the Complaint with prejudice and without cost to Merck;

779320v.1

2. Award to Merck its costs and attorneys' fees incurred in the defense of this action; and

3. Award to Merck such other relief as this Court deems just and equitable.

## JURY DEMAND

Merck demands a trial by jury.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200 Telephone
(504) 581-3361 Facsimile

Defendants' Liaison Counsel


Susan J. Pope
Frost Brown Todd LLC
250 West Main Street, Suite 2700
Lexington, Kentucky 40507-1749
(859) 231-0000 Telephone
(859) 231-0011 Facsimile

-and-

Winston E. Miller
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
(502) 589-5400 Telephone
(502) 581-1087 Facsimile

Counsel for Merck & Co., Inc.

779320v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this _7th_ day of July, 2005.

_____
Counsel for the Defendant