

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7 PM 3:09

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Danny M. Holbrook and wife, Sally Holbrook v. Merck & Co., Inc.* (E.D. La. Case No. 05-1273) | * * * | JUDGE FALLON<br><br>MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * * * * | * | |

### ANSWER, DEFENSES, REQUEST FOR RELIEF, AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc., ("Merck"), for its Answer to the plaintiffs' Complaint, states as follows:

### RESPONSE TO "PARTIES AND JURISDICTION"

1. Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Complaint, and therefore they deny these averments.

```
___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____
```

779310v.1

2. Merck denies each and every averment in paragraph 2 of the Complaint, except it admits that it is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey.

3. Merck denies each and every averment in paragraph 3 of the Complaint, except it admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health. Merck further avers that it sought and received the approval of the United States Food and Drug Administration (FDA) to manufacture and market the prescription medicine VIOXX® and, until the voluntary worldwide withdrawal of VIOXX® from the market on September 30, 2004, did market VIOXX® within the Commonwealth of Kentucky and other locations for the indicated uses set out in the relevant FDA-approved prescribing information.

## RESPONSE TO "FACTS"

4. Merck denies each and every averment paragraph 4 of the Complaint, except it admits that the referenced study exists, and it respectfully refers the Court to the study for its actual language and full text.

5. Merck denies each and every averment in paragraph 5 of the Complaint.

6. Merck denies each and every averment in paragraph 6 of the Complaint, except it admits that the press release referenced in that paragraph exists, and it respectfully refers the Court to the press release for its actual language and full text.

7. Merck denies each and every averment in paragraph 7 of the Complaint.

8. The averments in paragraph 8 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck

states that it is without knowledge or information sufficient to form a belief as to the truth of these averments, and therefore it denies these averments.

9. Merck denies each and every averment in paragraph 9 of the Complaint.

10. The averments in paragraph 10 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck states that it is without knowledge or information sufficient to form a belief as to the truth of these averments, and therefore it denies these averments.

11. Merck denies each and every averment in paragraph 11 of the Complaint.

### RESPONSE TO "FIRST CAUSE OF ACTION OF DANNY M. HOLBROOK"

12. Merck denies each and every averment in paragraph 12 of the Complaint.

### RESPONSE TO "SECOND CAUSE OF ACTION OF DANNY M. HOLBROOK"

13. Merck denies each and every averment in paragraph 13 of the Complaint.

### RESPONSE TO "FIRST CAUSE OF ACTION OF SALLY HOLBROOK"

14. Merck denies each and every averment in paragraph 14 of the Complaint.

### RESPONSE TO "DAMAGES"

15. Merck denies each and every averment in the first paragraph numbered "15" in the Complaint, except it admits that the plaintiff is seeking damages, but Merck denies that there is any legal or factual basis for these damages.

15. Merck denies each and every averment set forth in the second paragraph numbered "15" in the Complaint, except it admits that the plaintiff, Danny Holbrook, seeks to recover damages for his alleged injuries, but Merck denies that there is any legal or factual basis for this recovery.

779310v.1

16. Merck denies each and every averment in paragraph 16 of the Complaint, except it admits that the plaintiff Danny Holbrook is seeking to recover damages for his alleged injuries, but Merck denies that there is any legal or factual basis for this recovery.

### RESPONSE TO "JURY DEMAND"

17. Merck admits that the plaintiffs are demanding a trial by jury.

18. Merck denies each and every averment set out in the Complaint not expressly admitted.

### RESPONSE TO "PRAYER FOR RELIEF"

As for the unnumbered "Prayer for Relief," following paragraph 17 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck denies that the plaintiffs are entitled to the relief requested in the Prayer for Relief, including subparagraphs A - C.

### DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Merck upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Federal law and regulations preempt the claims of the plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent they have failed to exhaust any administrative remedies.

779310v.1

### FOURTH AFFIRMATIVE DEFENSE

The damages, if any, sustained by plaintiff Danny M. Holbrook resulted from his own conduct, so that the principles of contributory negligence, comparative fault, and/or assumption of risk apply.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent they resulted from the conduct of any third parties or from a superseding and/or intervening cause.

### SIXTH AFFIRMATIVE DEFENSE

Merck at all times conformed to the state of the art, knowledge of risks, and the trade and custom in the industry that existed at the relevant time.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent the plaintiffs are seeking punitive damages, they are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Constitution of the Commonwealth of Kentucky.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to entitle the plaintiffs to an award of punitive damages.

### NINTH AFFIRMATIVE DEFENSE

The product, packaging, or instructions at issue comply with any and all applicable Federal regulations that existed at the time of sale.

### TENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs may be subject to the doctrine of primary jurisdiction. The FDA and other Federal agencies have primary regulatory control over VIOXX®.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs may be barred, in whole or in part, by the applicable statute(s) of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

If the product allegedly involved in this action was defective or unreasonably dangerous (which Merck denies), then plaintiff Danny M. Holbrook was aware thereof and unreasonably proceeded to make use of the product in that condition.

### THIRTEENTH AFFIRMATIVE DEFENSE

All VIOXX® prescription medicine lawfully sold or distributed in the United States carries warnings that adequately informed the plaintiff Danny M. Holbrook or his learned intermediaries of any alleged health risks of using VIOXX®.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent the injuries alleged in the Complaint were caused or enhanced by pre-existing or unrelated medical or psychiatric conditions and/or idiosyncratic reactions to VIOXX®.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred by the learned intermediary doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering any damages because any harm caused by VIOXX® was caused by an inherent aspect of the product that could not be eliminated without compromising its usefulness.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering any damages because there was no practical or technically feasible design or formulation that would have prevented the harm alleged without substantially impairing the usefulness or intended purpose of the product.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the proximate cause of any alleged injury was the choice of plaintiff Danny M. Holbrook to use VIOXX® in a manner other than that prescribed or recommended, or to misuse the product.

## NINETEENTH AFFIRMATIVE DEFENSE

The extent of any risks associated with the use of VIOXX®, the existence of which is not admitted, was, at the time of the distribution, unknown, and could not have been known by use of ordinary care by Merck.

## TWENTIETH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred in whole or in part pursuant to comment j to § 402A of the Restatement (Second) of Torts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Every claim asserted in the Complaint is barred by the doctrine set forth in comment k of the Restatement (Second) of Torts § 402A.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred in whole or in part pursuant to comment f to § 6 of the Restatement (Third) of Torts: Product Liability.

779310v.1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred under § 4 et seq. of the Restatement (Third) of Torts: Product Liability.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Merck relies upon every defense set forth in Kentucky's Product Liability Act, KRS 411.300-411.350.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiffs failed to timely notify Merck of any alleged defect.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The loss of consortium claims are derivative claims and are barred or mitigated by the principles of contributory negligence, comparative fault, and/or assumption of risk applicable to the plaintiff Danny M. Holbrook.

Merck gives notice that it intends to rely on additional affirmative defenses that become available or apparent during discovery.

Merck respectfully requests that this Court:

1. Dismiss the Complaint with prejudice and without cost to Merck;

2. Award to Merck its costs and attorneys' fees incurred in the defense of this action; and

3. Award to Merck such other relief as this Court deems just and equitable.

779310v.1

## JURY DEMAND

Merck demands a trial by jury.

                Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200 Telephone
(504) 581-3361 Facsimile

Defendants' Liaison Counsel

Susan J. Pope
Frost Brown Todd LLC
250 West Main Street, Suite 2700
Lexington, Kentucky 40507-1749
(859) 231-0000 Telephone
(859) 231-0011 Facsimile

-and-

Winston E. Miller
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
(502) 589-5400 Telephone
(502) 581-1087 Facsimile

Counsel for Merck & Co., Inc.

779310v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 7th day of July, 2005.

_____
Counsel for the Defendant

779310v.1