

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -8 AM 11: 21

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Pederson, et al. v. Merck* | * | JUDGE FALLON |
| *& Co., Inc.,* (E.D. La. Case No. 05-1077) | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") herein as follows:

### RESPONSE TO "JURISDICTION"

1.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

779431v1 07/08/2005 10:02 AM

3.     Merck admits that Plaintiffs state that the amount in controversy exceeds $75,000, exclusive of interest and costs, but denies that there is any legal or factual basis for the relief sought by Plaintiffs.

4.     The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

## RESPONSE TO "VENUE"

5.[1]     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second numbered paragraph 1 of the Complaint and therefore denies the same.

6.     The allegations contained in the second numbered paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second numbered paragraph 2 of the Complaint and therefore denies the same.

## RESPONSE TO "GENERAL ALLEGATIONS"

7.     Merck denies each and every allegation contained in the third numbered paragraph 1 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription drug VIOXX®.  Merck further admits that it sought and, in May 1999, received

---

[1]     Plaintiffs' complaint contains non-consecutively numbered paragraphs, Merck has continued with consecutively numbered paragraphs throughout the Answer.

779431v1 07/08/2005 10:02 AM

FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

8.      Merck denies each and every allegation contained in the third numbered paragraph 2 of the Complaint.

9.      Merck denies each and every allegation contained in the second numbered paragraph 3 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

10.     Merck denies each and every allegation contained in the second numbered paragraph 4 of the Complaint.

11.     Merck denies each and every allegation contained in paragraph 5 of the Complaint.

12.     Merck denies each and every allegation contained in paragraph 6 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 7 of the Complaint.

14.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation related to Plaintiff's consumption of VIOXX®.

779431v1 07/08/2005 10:02 AM

15.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

16.     Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised by the data from the trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interest of patients.

## RESPONSE TO "FIRST CAUSE OF ACTION - RECKLESSNESS AND NEGLIGENCE OF DEFENDANT"

17.     With respect to the allegations contained in the fourth numbered paragraph 1 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

18.     Merck denies each and every allegation contained in the fourth numbered paragraph 2 of the Complaint.

19.     Merck denies each and every allegation contained in the third numbered paragraph 3 of the Complaint.

- 4 -

779431v1 07/08/2005 10:02 AM

20.     Merck denies each and every allegation contained in the third numbered paragraph 4 of the Complaint.

21.     Merck denies each and every allegation contained in the second numbered paragraph 5 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation related to Plaintiffs' consumption of VIOXX®.

22.     Merck denies each and every allegation contained in the second numbered paragraph 6 of the Complaint.

23.     Merck denies each and every allegation contained in the second numbered paragraph 7 of the Complaint.

As for the unnumbered prayer for relief under the second numbered paragraph 7, no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

<u>**RESPONSE TO "SECOND CAUSE OF ACTION - PRODUCT MANUFACTURING DEFECT"**</u>

24.     With respect to the allegations contained in the fifth numbered paragraph 1 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

25.     Merck denies each and every allegation contained in the fifth numbered paragraph 2 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

779431v1 07/08/2005 10:02 AM

26.     Merck denies each and every allegation contained in the fourth numbered paragraph 3 of the Complaint.

27.     Merck denies each and every allegation contained in the fourth numbered paragraph 4 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation related to Plaintiffs' consumption of VIOXX®.

28.     Merck denies each and every allegation contained in the third numbered paragraph 5 of the Complaint.

As for the unnumbered prayer for relief under the third numbered paragraph 5, no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

### RESPONSE TO "THIRD COUNT - PRODUCT LIABILITY DESIGN DEFECT"

29.     With respect to the allegations contained in the sixth numbered paragraph 1 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

30.     Merck denies each and every allegation contained in the sixth numbered paragraph 2 of the Complaint.

31.     Merck denies each and every allegation contained in the fifth numbered paragraph 3 of the Complaint.

779431v1 07/08/2005 10:02 AM

32.     Merck denies each and every allegation contained in the fifth numbered paragraph 4 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation related to Plaintiffs' consumption of VIOXX®.

As for the unnumbered prayer for relief under the fifth numbered paragraph 4, no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "FOURTH COUNT - PRODUCT FAILURE TO WARN"

33.     With respect to the allegations contained in the seventh numbered paragraph 1 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

34.     Merck denies each and every allegation contained in the seventh numbered paragraph 2 of the Complaint.

35.     Merck denies each and every allegation contained in the sixth numbered paragraph 3 of the Complaint.

36.     Merck denies each and every allegation contained in the sixth numbered paragraph 4 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation related to Plaintiffs' consumption of VIOXX®.

As for the unnumbered prayer for relief under the sixth numbered paragraph 4, no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

779431v1 07/08/2005 10:02 AM

### RESPONSE TO "FIFTH COUNT - BREACH OF WARRANTY"

37.     With respect to the allegations contained in the eighth numbered paragraph 1 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

38.     Merck denies each and every allegation contained in the eighth numbered paragraph 2 of the Complaint.

39.     Merck denies each and every allegation contained in the seventh numbered paragraph 3 of the Complaint.

40.     Merck denies each and every allegation contained in the seventh numbered paragraph 4 of the Complaint.

41.     Merck denies each and every allegation contained in the fourth numbered paragraph 5 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation related to Plaintiffs' consumption of VIOXX®.

As for the unnumbered prayer for relief under the fourth numbered paragraph 5, no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

### RESPONSE TO "SIXTH COUNT - CONSUMER FRAUD"

42.     With respect to the allegations contained in the ninth numbered paragraph 1 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and

statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

43.     The allegations contained in the ninth numbered paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required.

44.     Merck denies each and every  allegation contained in the eighth numbered paragraph 3 of the Complaint including subparagraphs (a) - (c).

45.     Merck denies each and every allegation contained in the eighth numbered paragraph 4 of the Complaint.

46.     Merck denies each and every allegation contained in the fifth numbered paragraph 5 of the Complaint.

47.     Merck denies each and every allegation contained in the third numbered paragraph 6 of the Complaint except admits that Plaintiffs purport to seek certain relief but denies that there is any legal or factual basis for same.

48.     Merck denies each and every allegation contained in the third numbered paragraph 7 of the Complaint.

49.     Merck denies each and every allegation contained in the second numbered paragraph 8 of the Complaint.

As for the unnumbered prayer for relief under the second numbered paragraph 8, no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

779431v1 07/08/2005 10:02 AM

## RESPONSE TO "SEVENTH COUNT - PER QUOD"

50.     With respect to the allegations contained in the tenth numbered paragraph 1 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

51.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the tenth numbered paragraph 2 of the Complaint.

52.     Merck denies each and every allegation contained in the ninth numbered paragraph 3 of the Complaint.

As for the unnumbered prayer for relief under the ninth numbered paragraph 3, no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## AFFIRMATIVE DEFENSES

53.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

54.     The Complaint fails to state a claim upon which relief can be granted.

55.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

56.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

779431v1 07/08/2005 10:02 AM

57.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

58.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

59.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

60.     Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

61.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

62.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

779431v1 07/08/2005 10:02 AM

63.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of VIOXX®.

64.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

65.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

66.     Plaintiffs' claims are barred in whole or in part under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

67.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

68.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

69.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

70.     Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

- 12 -

71.     Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

72.     This case is more appropriately brought in a different venue.

73.     To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

74.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

75.     Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

76.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

77.     Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

78.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

779431v1 07/08/2005 10:02 AM

79.     Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

80.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

81.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

82.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

83.     Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

779431v1 07/08/2005 10:02 AM

## RESPONSE TO "JURY DEMAND"

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Camelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Diane P. Sullivan, Esq.
Michelle H. Yeary, Esq.
Joshua G. Schiller, Esq.
DECHERT LLP
A Pennsylvania Limited Liability
Partnership
Princeton Pike Corporate Center
P.O. Box 5218
Princeton, NJ 08543-5218
(609) 620-3200

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this _8th_ day of _July_ , 2005.

_Dorothy H. Wimberly_