

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -8  AM 11: 23

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to *Eileen Termuende v. Merck & Co., Inc.* (E.D. La. Case No. 2:05-cv-01266) | * * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * *

## ANSWER and JURY DEMAND

Defendant Merck & Co., Inc. ("Merck") answers Plaintiff's Complaint and submits its jury demand as follows:

### ANSWER

### PARTIES AND JURISDICTION

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore denies each and every allegation in said paragraph.

2.      Merck denies each and every allegation directed toward Merck contained in paragraph 2 of the Complaint.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

779350v.1

3.     Merck denies each and every allegation directed toward Merck contained in paragraph 3 of the Complaint except admits that Plaintiff purports to bring an action for certain damages but denies that there is any legal or factual basis for relief.

4.     Merck denies each and every allegation contained in paragraph 4 of the Complaint, except Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

5.     Merck denies each and every allegation contained in paragraph 5 of the Complaint, except Merck admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

6.     Merck states that the allegations in paragraph 6 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck admits that there is diversity between the parties and that Plaintiff purports to put more than $75,000 in controversy, but avers that there is no legal or factual basis for any of the relief sought.

7.     The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained said paragraph.

## FACTS COMMON TO ALL COUNTS

8.     Merck denies each and every allegation contained in paragraph 8 of the Complaint, except Merck admits that VIOXX® is the brand name for rofecoxib, that VIOXX® is part of a class of drugs known as non-steroidal anti-inflammatory drugs, or NSAIDs, and that VIOXX® reduces pain and inflammation and that the mechanism of action is believed to be due

779350v.1

to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

9.  Merck denies each and every allegation in paragraph 9 of the Complaint, except Merck admits that VIOXX® is a selective COX-2 inhibitor, that VIOXX® reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

10.  Merck denies each and every allegation in paragraph 10 of the Complaint, except Merck admits that Merck submitted a New Drug Application for VIOXX® on November 23, 1998 and respectfully refers the Court to the application for its actual language and text.

11.  Merck denies each and every allegation in paragraph 11 of the Complaint, except Merck admits that Merck submitted a New Drug Application for VIOXX® on November 23, 1998 and respectfully refers the Court to the application for its actual language and text.

12.  Merck denies each and every allegation in paragraph 12 of the Complaint, except Merck admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX®, and Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

13.  Merck denies each and every allegation contained in paragraph 13 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

14.  Merck denies each and every allegation contained in paragraph 14 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

779350v.1

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint, except Merck admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint, except Merck admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that the studies referenced in the first sentence of paragraph 17 and the article referenced in the second sentence of paragraph 17 exist, and respectfully refers the Court to said publications for their actual language and full text.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint, except Merck admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint, except Merck admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint, except Merck admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint, except Merck admits that Merck received a letter from a regulatory review officer in

779350v.1

September 2001 and respectfully refers the Court to that letter for its actual language and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint, except Merck admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint, except Merck admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint, except Merck admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint, except Merck admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint, except Merck admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

779350v.1

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint, except Merck admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint, except Merck admits that the 2001 Annual Report exists, and Merck respectfully refers the Court to the 2001 Annual Report for its actual language and text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint, except Merck admits that the January 2001 8-K filing with the Securities and Exchange Commission exists and respectfully refers the Court to said filing for its actual language and text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint.

### FIRST CAUSE OF ACTION (NEGLIGENCE)

34.     Merck incorporates its responses to paragraphs 1-33 as if fully set forth herein.

35.     The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable state or federal laws.

779350v.1

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint, including but not limited to all subparts of paragraph 37.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

### SECOND CAUSE OF ACTION (GROSS NEGLIGENCE)

44.     Merck incorporates its responses to paragraphs 1-43 as if fully set forth herein.

45.     The allegations contained in paragraph 45 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the applicable common law standards in this jurisdiction.

779350v.1

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint, including but not limited to all subparts of paragraph 46.

47.     Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint.

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

**THIRD CAUSE OF ACTION (STRICT PRODUCT LIABILITY—FAILURE TO WARN)**

55.     Merck incorporates its responses to paragraphs 1-55 as if fully set forth herein.

56.     Merck denies each and every allegation contained in the first sentence of paragraph 56 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from

779350v.1

the market on September 30, 2004.   The allegations contained in the second sentence of paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in said paragraphand respectfully refers the Court to the applicable common law standard in this jurisdiction.

57.    Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.    Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.    Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.    Merck denies each and every allegation contained in paragraph 60 of the Complaint.

**FOURTH CAUSE OF ACTION (STRICT PRODUCT LIABILITY—DESIGN DEFECT)**

61.    Merck incorporates its responses to paragraphs 1-60 as if fully set forth herein.

62.    Merck denies each and every allegation contained in paragraph 62 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

63.    Merck denies each and every allegation contained in paragraph 63 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

779350v.1

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint.

## FIFTH CAUSE OF ACTION (BREACH OF IMPLIED WARRANTY)

70.     Merck incorporates its responses to paragraphs 1-69 as if fully set forth herein.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX® and, until the voluntary withdrawal of VIOXX® on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for VIOXX®'s indicated uses.

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

779350v.1

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint.

### SIXTH CAUSE OF ACTION (COMMON LAW FRAUD)

79.     Merck incorporates its responses to paragraphs 1-78 as if fully set forth herein.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint, including but not limited to all subparts of paragraph 82.

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     The allegations contained in the first sentence of paragraph 84 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of said paragraph and respectfully refers the Court to the applicable common law standards in this jurisdiction.  Merck further denies each and every other allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Merck denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint.

**SEVENTH CAUSE OF ACTION (VIOLATION OF IOWA DECEPTIVE TRADE PRACTICES ACT**

90.     Merck incorporates its responses to paragraphs 1-89 as if fully set forth herein.

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint.

779350v.1

92.     Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint.

Merck further denies that Plaintiff is entitled to any of the relief set forth in the prayer for relief at the end of her Complaint.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Merck alleges as follows:

1.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

4.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other superceding and/or intervening cause or causes.

779350v.1

5.      To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

6.      To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

7.      If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the fault—including contributory negligence and failure to mitigate damages—of the allegedly injured Plaintiff, and Plaintiffs' recovery should be precluded or reduced accordingly, pursuant to chapter 668, Code of Iowa.

8.      If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

9.      If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

10.      If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of VIOXX®.

14

11.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

12.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

13.     To the extent that Plaintiffs' reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

14.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

15.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

16.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

17.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the United States Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

18.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

19.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

779350v.1

20.    Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

21.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

22.    Plaintiffs' claims are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

23.    Plaintiffs' claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

24.    Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

25.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

26.    Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

27.    The public interest and benefit and the availability of such products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

779350v.1

28.     At all times relevant herein, any product(s) which are the subject matter of this action processed and distributed by Merck in the state of Iowa or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the United States Food and Drug Administration.

29.     To the extent there were any risks associated with the use of the product(s) which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

30.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

31.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

32.     To the extent that Plaintiffs seek punitive damages, such claims are further barred because:

> a.  VIOXX® as manufactured and labeled in relevant and material respects was in accordance with the terms of an approval or license issued by the U.S. Food and Drug Administration under the Food, Drug and Cosmetic Act (21 U.S.C. § 301 *et seq.*) or the Public Health Service Act (42 U.S.C. § 201 *et seq.*);

779350v.1

b. VIOXX® is generally recognized as safe and effective pursuant to conditions established by the U.S. Food and Drug Administration and applicable regulations, including packaging and labeling regulations; and

c. Merck did not, either before or after making VIOXX® available for public use, knowingly, in violation of applicable U.S. Food and Drug Administration regulations, withhold from or misrepresent to the Administration information known to be material and relevant to the harm which the plaintiff allegedly suffered.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses, which may become available during discovery or trial.

WHEREFORE, Defendant Merck & Co., Inc. respectfully requests judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, including reasonable attorneys' fees, together with such and other and future relief that the Court may deem just and proper.

779350v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

_Dorothy H. Wimberly_

Phillip A. Wittmann, 13625
Anthony M. Dileo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Gregory M. Lederer, LI0003174
Jason M. Steffens, LI0018407
Simmons, Perrine, Albright & Ellwood, P.L.C.
115 Third Street S.E., Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Fax:    319-366-1917
E-Mail: glederer@simmonsperrine.com
        jsteffens@simmonsperrine.com

Counsel for Merck & Co., Inc.

779350v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand has been served on Liaison Counsel, Russ Herman, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8 on this ___8th___ day of ___July___, 2005.

_Dorothy H. Wimberly_