FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -8  AM 11: 20

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re: VIOXX® | * |
| | * |
| PRODUCTS LIABILITY LITIGATION | *   MDL Docket No. 1657 |
| | * |
| | *   SECTION  L |
| | * |
| This document relates to: *Elijah Perry,* | *   JUDGE ELDON E. FALLON |
| *Mae Perry v. Merck & Co., Inc.,* (E.D. La. | * |
| Index No. 2:05-cv-01289) | *   MAG. JUDGE KNOWLES |
| | * |
| (Transferred from E.D. Tex., Index No. | * |
| 6:04-cv-555) | * |
| | * |
| * * * * * * * * * * * * * * * * * * * * * * | * |

## MERCK & CO. INC.'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Original Complaint ("Complaint") as follows:

## RESPONSE TO "PARTIES AND INTRODUCTORY FACTS"

1.       Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to Plaintiffs' place of residence contained in paragraph 1 of the Complaint.

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

2.      Merck denies each and every allegation contained in paragraph 2 of the Complaint, except Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.  Merck further admits that it is authorized to do business in Texas.

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of said paragraph.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to Plaintiffs' place of residence contained in the second sentence of said paragraph.

5.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 5 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

## RESPONSE TO "FACTUAL ALLEGATIONS"

6.      Merck denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.  Merck further admits that it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved

779459v.1

prescribing information.   Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7.      Merck denies each and every allegation contained in paragraph 7 of the Complaint, except Merck admits that VIOXX® was prescribed to millions of patients by healthcare providers.

8.      Merck denies each and every allegation contained in paragraph 8 of the Complaint, except Merck admits that VIOXX® is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, which reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

9.      Merck denies each and every allegation contained in paragraph 9 of the Complaint, except Merck admits that the VIGOR study involving VIOXX® exists, and Merck respectfully refers the Court to the referenced study for its actual conclusions and full text.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Merck denies each and every allegation contained in a paragraph 11 of the Complaint, except Merck admits that Merck marketed the prescription medicine VIOXX® subject to the FDA-approved prescribing information.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint, except Merck admits that Merck marketed the prescription medicine VIOXX® subject to the FDA-approved prescribing information.

779459v.1

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint, except Merck admits that it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information..

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint, including subparts (a) through (e), except Merck admits that it received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint, except Merck admits that VIOXX® was prescribed to patients by healthcare providers until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

18.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 18 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

**RESPONSE TO "CLAIMS FOR RELIEF"**

**FIRST CLAIM FOR RELIEF**
**(NEGLIGENCE)**

19.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every allegation, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in

- 4 -

paragraph 19 of the Complaint, Plaintiffs purport to incorporate by reference each and every allegation contained in the above paragraphs of the Complaint.

20.     The allegations contained in the first sentence of paragraph 20 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.  Merck denies each and every allegation contained in the second sentence of paragraph 20 of the Complaint.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 24 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

25.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 25 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

26.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 26 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

779459v.1

27.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 27 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph, except Merck admits that Plaintiffs purport to state a claim for damages, but Merck denies that there is any legal or factual basis for such relief.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint, including subparts (a) through (e), except Merck admits that Plaintiffs purport to state a claim for punitive damages, but Merck denies that there is any legal or factual basis for such relief.

## SECOND CLAIM FOR RELIEF
### (STRICT PRODUCT LIABILITY – FAILURE TO WARN)

30.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every allegation, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 30 of the Complaint, Plaintiffs purport to incorporate by reference each and every allegation contained in the above paragraphs of the Complaint.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

779459v.1

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

35.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 35 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph, except Merck admits that Plaintiffs purport to state a claim for damages, but Merck denies that there is any legal or factual basis for such relief.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for punitive damages, but Merck denies that there is any legal or factual basis for such relief.

## THIRD CLAIM FOR RELIEF
### (STRICT PRODUCT LIABILITY – DEFECTIVE DESIGN/MANUFACTURING)

38.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every allegation, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in

779459v.1

paragraph 38 of the Complaint, Plaintiffs purport to incorporate by reference each and every allegation contained in the above paragraphs of the Complaint.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages, but Merck denies that there is any legal or factual basis for such relief.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for punitive damages, but Merck denies that there is any legal or factual basis for such relief.

**FOURTH CLAIM FOR RELIEF**
**(BREACH OF EXPRESS WARRANTY)**

45.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every allegation, denial, averment, and statement contained in

779459v.1

this Answer with the same force and effect as though set forth here in full. Merck admits that in paragraph 45 of the Complaint, Plaintiffs purport to incorporate by reference each and every allegation contained in the above paragraphs of the Complaint.

46.     The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

47.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 47 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages, but Merck denies that there is any legal or factual basis for such relief.

## FIFTH CLAIM FOR RELIEF
### (BREACH OF IMPLIED WARRANTY)

49.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every allegation, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Merck admits that in paragraph 49 of the Complaint, Plaintiffs purport to incorporate by reference each and every allegation contained in the above paragraphs of the Complaint.

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

- 9 -

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

52.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 52 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages, but Merck denies that there is any legal of factual basis for such relief.

**SIXTH CLAIM FOR RELIEF**
**(NEGLIGENCE PER SE)**

55.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every allegation, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 55 of the Complaint, Plaintiffs purport to incorporate by reference each and every allegation contained in the above paragraphs of the Complaint.

56.     The allegations contained in paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any law in the manufacture, design and sale of VIOXX®.

57.     The allegations contained in paragraph 57 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

779459v.1

denies each and every allegation contained in said paragraph, and Merck respectfully refers the Court to the relevant state law standard, including any conflict of law rules.

58.     The allegations contained in paragraph 58 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any conflict of law rules.

59.     The allegations contained in paragraph 59 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, including subparts (a) through (f), and Merck respectfully refers the Court to the relevant state law standard, including any conflict of law rules.

60.     The allegations contained in paragraph 60 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, and Merck respectfully refers the Court to the relevant state law standard, including any conflict of law rules.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages, but Merck denies that there is any legal or factual basis for such relief.

**SEVENTH CLAIM FOR RELIEF**
**(LOSS OF CONSORTIUM)**

62.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every allegation, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in

779459v.1

paragraph 62 of the Complaint, Plaintiff's Spouse purports to incorporate by reference each and every allegation contained in the above paragraphs of the Complaint.

63.    Merck lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 63 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph, except Merck admits that Plaintiff's Spouse purports to state a claim for damages in paragraph 63 of the Complaint, but Merck denies that there is any legal or factual basis for such relief.

**EIGHTH CLAIM FOR RELIEF**
**(MISREPRESENTATION AND CONCEALMENT)**

64.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every allegation, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck admits that in paragraph 64 of the Complaint, Plaintiffs purport to incorporate by reference each and every allegation contained in the above paragraphs of the Complaint.

65.    Merck denies each and every allegation contained in paragraph 65 of the Complaint, except Merck admits that, until the voluntary withdrawal of VIOXX® on September 30, 2004, Merck marketed VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

66.    Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.    Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.    Merck denies each and every allegation contained in paragraph 68 of the Complaint.

- 12 -

69.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 69 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages, but Merck denies that there is any legal or factual basis for such relief.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint, except Merck that, until the voluntary withdrawal of VIOXX® on September 30, 2004, Merck marketed VIOXX® for the indicated uses set out in the relevant FDA-approved prescribing information.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint, except Merck admits that it marketed VIOXX® subject to the FDA-approved prescribing information.

73.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck contained in paragraph 73 of the Complaint, and Merck denies each and every allegation directed at Merck contained in said paragraph.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint, and Merck respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for damages, but Merck denies that there is any legal or factual basis for such relief.

779459v.1

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint, except Merck admits that Plaintiffs purport to state a claim for punitive damages, but Merck denies that there is any legal or factual basis for such relief.

## RESPONSE TO "PRAYER"

77.     Plaintiffs' prayer for relief is not an allegation and therefore no responsive pleading is required.  Should a response be deemed appropriate, Merck denies each and every allegation contained in said prayer, including subparts (1) through (10), except Merck admits that Plaintiffs purport to state a claim for general damages, medical expenses, loss of earnings and earning capacity, compensatory damages, consequential damages, punitive and exemplary damages, loss of consortium, attorneys' fees, expenses, costs of suit, and pre-judgment and post-judgment interest, but Merck denies that there is any legal or factual basis for such relief.

## AFFIRMATIVE DEFENSES

1.     The Petition fails to state a claim upon which relief can be granted.

2.     Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

3.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

4.     Merck asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiffs' claims in this lawsuit.

- 14 -

779459v.1

5.      Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

6.      Plaintiffs' claims may be barred by Plaintiffs' contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiffs and/or the treating physicians and/or other health care providers.

7.      If Plaintiffs sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

8.      Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

9.      The occurrences and injuries Plaintiffs allege resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events not reasonably

779459v.1

foreseeable. Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

10.     If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

11.     Merck further states that Plaintiffs' injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiffs unrelated to any products manufactured by Merck.

12.     The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber. The labeling for the product at issue was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations. Such actions and federal statutes and regulations bar and preempt all of Plaintiffs' claims under state law.

13.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

- 16 -

14.     Plaintiffs cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

15.     Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

16.     Merck asserts that Plaintiffs' claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

17.     Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations.

18.     Plaintiffs' claims are barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

19.     Plaintiffs' claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

20.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

21.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity, and/or because the alleged warranties were disclaimed.

22.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

23.     Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008. Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

- 17 -

779459v.1

24. Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

25. Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

26. Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

27. Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

28. Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that: (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive

779459v.1

damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

29.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

30.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to Transportation Ins. Co. v. Moriel, 879 S.W.2d 10 (Tex. 1994).

31.     Plaintiffs are not entitled to recover exemplary or punitive damages because, to the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, fraudulent, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

779459v.1

32.     Plaintiffs are not entitled to punitive or exemplary damages because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

33.     Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

34.     Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

35.     VIOXX® is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiffs.  Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

36.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusations against it; thus, the allegations are void for vagueness.

37.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

38.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case or that are included in the Master Answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

779459v.1

## JURY DEMAND

39.     Merck hereby demand a trial by jury on all of Plaintiffs' claims.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054

Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

DEFENDANT'S LIAISON COUNSEL

Jonathan B. Skidmore (Attorney-In-Charge)
H. Douglas Wabner
Richard S. Krumholz
Joe W. Tomaselli, Jr.

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 855-8000
Telecopier: (214) 855-8200

COUNSEL FOR MERCK & CO., INC.

779459v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 8th day of July, 2005.

*Dorothy H. Wimberly*

779459v.1