

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -8  PM 3: 23

LORETTA G. WHITE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® <br><br> PRODUCTS LIABILITY LITIGATION <br><br> This document relates to: *Frank Saia v. Merck & Co., Inc.* (05-0488) | MDL Docket No. 1657 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE <br><br> DANIEL E. KNOWLES, III |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant Merck & Co., Inc. ("Merck") denies that this action is properly brought as a class action and states the following, in answer to the numbered allegations set forth in the First Amended Complaint of Frank Saia:

### INTRODUCTION

1.      Defendant Merck denies every allegation in Paragraph 1 of the Complaint except admits that the Plaintiff purports to bring a class action based on damages and medical monitoring, but denies that there is any legal or factual basis for same.

2.      Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

3.      Defendant Merck denies every allegation in Paragraph 3 of the Complaint except admits that VIOXX®, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for VIOXX®, and respectfully refers to the prescribing information for VIOXX® for its actual language and full text.

4.      Defendant Merck denies every allegation in Paragraph 4 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX®, and respectfully refers to the FDA-approved prescribing information for VIOXX® for its indicated uses.

5.      Defendant Merck denies every allegation in Paragraph 5 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the VIOXX® Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers to the referenced sNDA for its actual language and full text.

6.      Defendant Merck denies every allegation in Paragraph 6 of the Complaint.

7.      Defendant Merck denies every allegation in Paragraph 7 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® from the worldwide market and respectfully refers to the referenced announcement for its actual language and full text.

8.      Defendant Merck denies every allegation in Paragraph 8 of the Complaint.

PARTIES

9.      Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

779486v.1

10.    Defendant Merck denies every allegation in Paragraph 10 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

## JURISDICTION AND VENUE

11.    The allegations contained in Paragraph 11 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

12.    The allegations contained in Paragraph 12 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in said paragraph.

## FACTUAL BACKGROUND

13.    Defendant Merck denies every allegation in Paragraph 13 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

14.    Defendant Merck denies every allegation in Paragraph 14 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and

779486v.1

inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

15.     Defendant Merck denies every allegation in Paragraph 15 of the Complaint except admits that the mechanism of action for VIOXX® is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX 2.  Merck further avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers to the relevant prescribing information for its actual language and full text.

16.     Defendant Merck denies every allegation in Paragraph 16 of the Complaint.

17.     Defendant Merck denies every allegation in Paragraph 17 of the Complaint except admits that Merck sought and in 1999 received FDA approval to manufacture and market the prescription medicine VIOXX®.  Merck further admits that VIOXX® is the brand name for rofecoxib.

18.     Defendant Merck denies every allegation in Paragraph 18 of the Complaint.

19.     Defendant Merck denies every allegation in Paragraph 19 of the Complaint.

20.     Defendant Merck denies every allegation in Paragraph 20 of the Complaint except admits that Merck received a letter from a regulatory review officer, dated December 16, 1999, and respectfully refers to the referenced letter for its actual language and full text.

21.     Defendant Merck denies every allegation in Paragraph 21 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers to the referenced study for its actual conclusions and full text.

22.     Defendant Merck denies every allegation in Paragraph 22 of the Complaint.

779486v.1

23.     Defendant Merck denies every allegation in Paragraph 23 of the Complaint except admits that the article referenced in the second sentence of Paragraph 23 exists and respectfully refers to said article for its actual language and full text.  Merck further avers that prior to the VIGOR trial, Merck had put in place a cardiovascular standard operating procedure consisting of three external panels of experts, the purpose of which was to adjudicate investigator-reported cardiovascular adverse events from clinical trials of VIOXX®.

24.     Defendant Merck denies every allegation in Paragraph 24 of the Complaint, including subparagraphs (a)-(d), except admits that VIOXX® is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

25.     Defendant Merck denies every allegation in Paragraph 25 of the Complaint except admits that the studies referenced in the first sentence of Paragraph 25 and the article referenced in the second sentence of Paragraph 25 exist, and Merck respectfully refers to said publications for their actual language and full text.

26.     Defendant Merck denies every allegation in Paragraph 26 of the Complaint.

27.     Defendant Merck denies every allegation in Paragraph 27 of the Complaint except admits that the referenced publication exists and respectfully refers to said publication for its actual language and full text.

28.     Defendant Merck denies every allegation in Paragraph 28 of the Complaint except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

779486v.1

29.     Defendant Merck denies every allegation in Paragraph 29 of the Complaint except admits that the referenced briefing document exists and respectfully refers to said document for its actual language and full text.

30.     Defendant Merck denies every allegation in Paragraph 30 of the Complaint except admits that the referenced memorandum exists and respectfully refers to said memorandum for its actual language and full text.  Merck further admits that the VIGOR study exists and respectfully refers to the VIGOR study for its actual conclusions and full text.

31.     Defendant Merck denies every allegation in Paragraph 31 of the Complaint.

32.     Defendant Merck denies every allegation in Paragraph 32 of the Complaint except admits the existence of the journal, the article contained therein, and that the Plaintiff appears to have accurately quoted the article referenced in said paragraph, and Merck respectfully refers to the referenced article for its actual language and full text.

33.     Defendant Merck denies every allegation in Paragraph 33 of the Complaint except admits that the referenced article and press release exist and respectfully refers to the referenced documents for their actual language and full text.

34.     Defendant Merck denies every allegation in Paragraph 34 of the Complaint except admits that the referenced study exists and respectfully refers to said study for its actual language and full text.

35.     Defendant Merck denies every allegation in Paragraph 35 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers to that letter for its actual language and full text.

- 6 -

779486v.1

36.     Defendant Merck denies every allegation in Paragraph 36 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers to that letter for its actual language and full text.

37.     Defendant Merck denies every allegation in Paragraph 37 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers to the referenced press release for its actual language and full text.

38.     Defendant Merck denies every allegation in Paragraph 38 of the Complaint except admits that the referenced study exists and respectfully refers to the referenced study for its actual language and full text.

39.     Defendant Merck denies every allegation in Paragraph 39 of the Complaint except admits that the referenced system for adverse event reporting (AERS) exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.

40.     Defendant Merck denies every allegation in Paragraph 40 of the Complaint except admits various cardiovascular adverse events associated with VIOXX® have been reported to the AERS system and respectfully refers to the AERS for complete data on particular reported events.

41.     Defendant Merck denies every allegation in Paragraph 41 of the Complaint except admits that the Reuters article referenced in Paragraph 41 exists and that the Plaintiff purports to quote from the referenced article, and Merck respectfully refers to said article for its actual language and full text.

779486v.1

42.     Defendant Merck denies every allegation in Paragraph 42 of the Complaint except admits that the referenced article exists and respectfully refers to said article for its actual language and full text.

43.     Defendant Merck denies every allegation in Paragraph 43 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

44.     Defendant Merck denies every allegation in Paragraph 44 of the Complaint.

45.     Defendant Merck denies every allegation in Paragraph 45 of the Complaint except admits that, until Merck announced the voluntary withdrawal of VIOXX® on September 30, 2004, it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information, and Merck respectfully refers to the relevant prescribing information for its actual language and full text.

46.     Defendant Merck denies every allegation in Paragraph 46 of the Complaint and respectfully refers to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

47.     Defendant Merck denies every allegation in Paragraph 47 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers to the prescribing information for VIOXX® for its actual language and full text.

48.     Defendant Merck denies every allegation in Paragraph 48 of the Complaint.

49.     Defendant Merck denies every allegation in Paragraph 49 of the Complaint except admits that, until Merck announced the voluntary withdrawal of VIOXX® on September 30, 2004, it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe

779486v.1

and effective for certain indicated uses subject to the information in the FDA-approved prescribing information, and Merck respectfully refers to the relevant prescribing information for its actual language and full text.

50.     Defendant Merck denies every allegation in Paragraph 50 of the Complaint.


## CLASS ACTION ALLEGATIONS

51.     Defendant Merck denies every allegation in Paragraph 51 of the Complaint except admits that the Plaintiff purports to bring a class action, and Merck avers that certification of any class or subclass is not appropriate under Rule 23 of the Federal Rules of Civil Procedure.

52.     Defendant Merck denies every allegation in Paragraph 53 of the Complaint and avers that certification of any class or subclass is not appropriate under Rule 23 of the Federal Rules of Civil Procedure.

53.     Defendant Merck denies every allegation in Paragraph 53 of the Complaint and avers that certification of any class or subclass is not appropriate under Rule 23 of the Federal Rules of Civil Procedure.

54.     Defendant Merck denies every allegation in Paragraph 54 of the Complaint and avers that certification of any class or subclass is not appropriate under Rule 23 of the Federal Rules of Civil Procedure.

55.     Defendant Merck denies every allegation in Paragraph 55 of the Complaint and avers that certification of any class or subclass is not appropriate under Rule 23 of the Federal Rules of Civil Procedure.

779486v.1

56.     Defendant Merck denies every allegation in Paragraph 56 of the Complaint, including subparagraphs (a) – (k), and avers that certification of any class or subclass is not appropriate under Rule 23 of the Federal Rules of Civil Procedure.

57.     Defendant Merck denies every allegation in Paragraph 57 of the Complaint and avers that certification of any class or subclass is not appropriate under Rule 23 of the Federal Rules of Civil Procedure.

58.     Defendant Merck denies every allegation in Paragraph 53 of the Complaint, including subparagraphs (a) – (d), and avers that certification of any class or subclass is not appropriate under Rule 23 of the Federal Rules of Civil Procedure.

Merck denies that this action is appropriate for a class action and Merck denies that any of the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied.  Merck denies that there are questions of law or fact common to the proposed class and subclasses, denies that the claims or defenses of the proposed class representative are typical of the claims or defenses of the proposed class and subclasses, and denies that the proposed representative will fairly and adequately protect the interests of the proposed class or subclasses.

Merck further denies that the prosecution of separate actions by or against individual members of the proposed class or subclasses would create a risk of either (1) inconsistent or varying adjudications with respect to individual members of the proposed class or subclasses, which would establish incompatible standards of conduct for the parties opposing the proposed class or subclasses, or (2) adjudications with respect to individual members of the proposed class or subclasses that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their abilities to protect their interests.  Merck further denies that it has acted or refused to act on grounds generally applicable

- 10 -

to the proposed class or subclasses.  Therefore, not only is final injunctive relief or

corresponding declaratory relief not appropriate for individual claimants, such relief would not

be appropriate with respect to the proposed class or subclasses as a whole.  Merck further denies

that questions of law or fact common to the members of the proposed class or subclasses

predominate over any questions affecting only individual members and denies that a class action

is superior to other available methods for the fair and efficient adjudication of the controversy.

Merck contends that the following factors, among others, weigh against certifying a class in this

case:  (1) the interest of members of the proposed class and subclasses in individually controlling

the prosecution or defense of separate actions; (2) the difficulties likely to be encountered in the

management of the class and subclasses proposed by the Plaintiff, particularly the issues

surrounding the application of the laws of the fifty states; and (3) the necessity for individual

inquiries regarding causation, reliance, damages, knowledge, affirmative defenses, and other

factual issues for each proposed class member.

COUNT I: FRAUD

59.     Defendant Merck hereby incorporates by reference the preceding specific

responses to the allegations in Paragraphs 1 through 58 of the Complaint.

60.     Defendant Merck denies every allegation in Paragraph 60 of the Complaint.

61.     Defendant Merck denies every allegation in Paragraph 61 of the Complaint.

62.     Defendant Merck denies every allegation in Paragraph 62 of the Complaint except

admits that, until Merck announced the voluntary withdrawal of VIOXX® on September 30,

2004, it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe

and effective for certain indicated uses subject to the information in the FDA-approved

779486v.1

prescribing information, and Merck respectfully refers to the relevant prescribing information for its actual language and full text.

63.     The allegations of Paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 63 of the Complaint.

64.     Defendant Merck denies every allegation in Paragraph 64 of the Complaint.

65.     Defendant Merck denies every allegation in Paragraph 65 of the Complaint.


## COUNT II: MEDICAL MONITORING

66.     Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 65 of the Complaint.

67.     The allegations of Paragraph 67 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 67 of the Complaint, except admits that the Plaintiff purports to state a claim for injunctive relief, but Merck denies that there is any legal or factual basis for such relief.

68.     The allegations of Paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 68 of the Complaint.

69.     The allegations of Paragraph 69 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 69 of the Complaint, except admits that the Plaintiff

779486v.1

purports to state a claim for injunctive relief, but Merck denies that there is any legal or factual basis for such relief.

70.     The allegations of Paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 70 of the Complaint.

71.     The allegations of Paragraph 71 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 71 of the Complaint.

72.     The allegations of Paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 72 of the Complaint.


## COUNT III: UNJUST ENRICHMENT

73.     Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 72 of the Complaint.

74.     The allegations of Paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 74 of the Complaint.

75.     Defendant Merck denies every allegation in Paragraph 75 of the Complaint.

76.     The allegations of Paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 76 of the Complaint.

779486v.1

## RESPONSE TO "PRAYER FOR RELIEF"

The Plaintiff's "Prayer for Relief" section of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies every allegation in the Prayer for Relief, including subparts 1-10.

## JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND DEFENSE

Any product for which Defendant Merck was responsible at the time of the occurrence or injuries alleged by the Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by the Plaintiff were legally adequate warnings and instructions.

### THIRD DEFENSE

The occurrence and injuries alleged by the Plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of the Plaintiff and/or third parties over whom Merck had no control and for whom Merck is not responsible.

### FOURTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

- 14 -

information and belief, such injuries and losses were caused by the actions of persons having no real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### FIFTH DEFENSE

The occurrence and injuries alleged by the Plaintiff resulted from an intervening cause or a new and independent cause that was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by the Plaintiff. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by the Plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to the Plaintiff or any other parties.

### SIXTH DEFENSE

If the Plaintiff sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

### SEVENTH DEFENSE

If the Plaintiff sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

### EIGHTH DEFENSE

The injuries and damages alleged in the Plaintiff's Complaint were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

779486v.1

## NINTH DEFENSE

Any and all damages alleged by the Plaintiff were caused by misuse of the product or products at issue in this case, failure to use the product or products properly, and/or alteration or negligent use of the product or products.

## TENTH DEFENSE

The Plaintiff cannot recover under the Complaint because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## ELEVENTH DEFENSE

The Plaintiff's claims are barred by the Decedent's contributory negligence and the contributory negligence of others.

## TWELFTH DEFENSE

The Plaintiff's claims are barred by his express and/or implied assumption of the risks, if any, inherent in the alleged use of the product or products at issue.

## THIRTEENTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine of laches.

## FOURTEENTH DEFENSE

The benefits of the product or products at issue outweigh the risks, if any, which may be attendant to their use.

## FIFTEENTH DEFENSE

The damages and injuries alleged, if any, were caused or enhanced by a preexisting medical condition of the Plaintiff that was not related to any product manufactured by Merck.

779486v.1

### SIXTEENTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine set forth in Comment k of the Restatement (Second) of Torts § 402A as to the product or products at issue.

### SEVENTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part pursuant to comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### EIGHTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part pursuant to comment j to Section 402A of the Restatement (Second) of Torts.

### NINETEENTH DEFENSE

The Plaintiff's claims are barred under Section 4 et seq. of the Restatement (Third), of Torts: Product Liability.

### TWENTIETH DEFENSE

Any warnings that Merck gave were transmitted to the prescribing physicians and/or health care providers and under Massachusetts law, Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

### TWENTY-FIRST DEFENSE

Merck has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations.  Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber.  The package insert for the product or products at issue was also approved by the Food and Drug

779486v.1

Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration.  Therefore, the Plaintiff's claims are preempted.

### TWENTY-SECOND DEFENSE

The Plaintiff's claims are barred by the applicable statute(s) of limitations.

### TWENTY-THIRD DEFENSE

If the Plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of the Plaintiff and/or third parties, not from any negligence or breach of duty by Merck.  Judgment may not enter for the Plaintiff if it is found that the Plaintiff was more negligent than Merck.  If judgment is rendered in the Plaintiff's favor, the amount of such judgment must be reduced under the doctrine of comparative negligence.

### TWENTY-FOURTH DEFENSE

Merck is unaware at this time of any settlement by any alleged joint tortfeasor.  However, in the event any settlement is or has been made by any alleged joint tortfeasor, Merck is entitled to a credit/offset for such settlement.

### TWENTY-FIFTH DEFENSE

The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

### TWENTY-SIXTH DEFENSE

At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

779486v.1

## TWENTY-SEVENTH DEFENSE

Merck made no express or implied representations or warranties of any kind to the Plaintiff, nor did the Plaintiff rely on any representations or warranties made by Merck.  To the extent the Plaintiff relied on any representations or warranties, such reliance was unjustified.

## TWENTY-EIGHTH DEFENSE

Merck did not breach any duty of care to the Plaintiff.

## TWENTY-NINTH DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

## THIRTIETH DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

## THIRTY-FIRST DEFENSE

The Plaintiff has failed to join all necessary and indispensable parties.

## THIRTY-SECOND DEFENSE

The Plaintiff's claims are barred because the Plaintiff has failed and refused to mitigate her alleged damages.

## THIRTY-THIRD DEFENSE

Merck did not violate any state or federal statute, regulation or ordinance to cause the Decedent's alleged injuries.

## THIRTY-FOURTH DEFENSE

The Plaintiff's claims are barred in whole or in part due to a lack of notice.

## THIRTY-FIFTH DEFENSE

To the extent that the Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by

779486v.1

federal law under the Supremacy Clause of the United States Constitution.

## THIRTY-SIXTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff lacks capacity and/or standing to bring such claims.

## THIRTY-SEVENTH DEFENSE

To the extent the Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## THIRTY-EIGHTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages.  To recover exemplary or punitive damages, the Plaintiff must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm.  Any intent to injure, actual or constructive, is completely absent in the instant suit.  The Plaintiff's accusations are belied by the substantial care and efforts in the design, study, and investigation of the product.

## THIRTY-NINTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

## FORTIETH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the Due Process Clause of the

779486v.1

Fourteenth Amendment of the United States Constitution as set forth in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003).

### FORTY-FIRST DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FORTY-SECOND DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FORTY-THIRD DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FORTY-FOURTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable

- 21 -

provisions of the Massachusetts Constitution, because there are not realistic standards or limits imposed on the amount of punitive damages that may be awarded, and there is no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

## FORTY-FIFTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution, because the vague standards employed in punitive damage cases result in extremely disparate results among similar defendants accused of similar conduct.

## FORTY-SIXTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution, because the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

## FORTY-SEVENTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Massachusetts Constitution.

779486v.1

### FORTY-EIGHTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FORTY-NINTH DEFENSE

Merck avers that any award of punitive damages to the Plaintiff in this case will violate the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States, in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

### FIFTIETH DEFENSE

The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Massachusetts Constitution.

### FIFTY-FIRST DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Massachusetts Constitution.

### FIFTY-SECOND DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because

- 23 -

Massachusetts law does not permit courts to award such damages unless expressly authorized to do so by statute.  See, e.g., Flesner v. Technical Communications Corp., 410 Mass. 805, 813 (1991).

## FIFTY-THIRD DEFENSE

The Plaintiff's state-law claims are barred, in whole or in part, because VIOXX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## FIFTY-FOURTH DEFENSE

The Complaint and the causes of action contained therein are barred in whole or in part by the United States and Massachusetts Constitutions, which prohibit the extraterritorial application of Massachusetts law.

## FIFTY-FIFTH DEFENSE

The Complaint and the causes of action contained therein are barred in whole or in part by the U.S. Constitution, article I, section VIII, clause 3 to the extent they seek to regulate Merck's practices outside of Massachusetts.  That constitutional provision prohibits a State from regulating conduct that occurs wholly outside of its borders.

## FIFTY-EIGHTH DEFENSE

The Court has not certified a class in this litigation and the putative class members are not parties to the litigation.  Merck specifically reserves the right to amend its answer to allege further affirmative defenses that it may have against the putative class if a class is certified.  Merck further reserves the right to amend its answer if additional defenses become apparent through the course of the litigation.

## FIFTY-NINTH DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses as may become

- 24 -

available or appear during discovery proceeding in this case or that are included in the master

answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern

District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such

defense.

**WHEREFORE**, Defendant Merck & Co. respectfully requests that the Plaintiff take

nothing in this suit, that it recover its costs of court and expenses and such other relief to which it

may show itself justly entitled.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

James J. Dillon (BBO# 124660)
Lucy Fowler (BBO# 647929)
Bradley E. Abruzzi (BBO# 651516)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA  02110-2600
Phone: 617-832-1000

Counsel for Merck & Co., Inc.

Dated: July 8, 2005

779486v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer to Class Action Complaint has been served on Liaison Counsel Russ Herman by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with the Pretrial Order No. 8, on this 8th day of July, 2005.

- 26 -

779486v.1