



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA-

2005 JUL -8  PM 3:23

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Young v. Merck & Co., Inc.,* (E.D. La. Case No. 05-210) | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANT MERCK & CO., INC.

## JURY TRIAL DEMANDED

Defendant Merck & Co., Inc. (incorrectly sued herein as Merck & Company, Inc.) ("Merck"), answers the Complaint and submits its Jury Demand as follows:

## RESPONSE TO "INTRODUCTION"

Denies each and every allegation contained in the unnumbered introductory paragraph of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

September 30, 2004.  Merck admits that Plaintiff purports to seek relief as stated in said paragraph but denies that there is any legal or factual basis for such relief.

1.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.     Denies each and every allegation contained in paragraph 2 of the Complaint.

3.     Denies each and every allegation contained in paragraph 3 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

4.     Denies each and every allegation contained in paragraph 4 of the Complaint.

## RESPONSE TO "DEFENDANTS"

5.     Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

7.     Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and further admits that Merck manufactured, marketed, and distributed the

2

prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

## RESPONSE TO "FACTUAL ALLEGATIONS"

8.      Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint except admits that VIOXX® is the brand name for rofecoxib and that VIOXX® was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint except admits that VIOXX® reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     The allegations contained in the first three sentences of paragraph 12 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 12 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

3

13.     Denies each and every allegation contained in paragraph 13 of the Complaint except admits that Merck sought and received approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX®.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck marketed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

## RESPONSE TO "FIRST CAUSE OF ACTION"
## "STRICT PRODUCTS LIABILITY-Failure to Warn and Design Defect"

22.     With respect to the allegations contained in paragraph 22 of the Complaint, repeats and realleges each and every admission, denial, averment,

4

and statement contained in paragraphs 1 through 21 of this Answer with the same force and effect as though set forth here in full.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION"
### "Negligence"

27.     With respect to the allegations contained in paragraph 27 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 26 this Answer with the same force and effect as though set forth here in full.

28.     The allegations contained in paragraph 28 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 28 of the Complaint and respectfully refers the Court to the relevant common law standards for negligence claims in this jurisdiction, including any applicable conflicts of law rules.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

779463v.1

## RESPONSE TO "THIRD CAUSE OF ACTION"
## "Negligence Per Se"

31.     With respect to the allegations contained in paragraph 31 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32.     The allegations contained in paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 32 of the Complaint and respectfully refers the Court to the relevant common law standards for negligence per se claims in this jurisdiction, including any applicable conflicts of law rules.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     The allegations contained in paragraph 34 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

779463v.1

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION"
### "Breach of Implied Warranty"

46.     With respect to the allegations contained in paragraph 46 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 45 of this Answer with the same force and effect as though set forth here in full.

47.     The allegations contained in paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

779463v.1

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION"
### "Breach of Express Warranty"

52.     With respect to the allegations contained in paragraph 52 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

## RESPONSE TO "SIXTH CAUSE OF ACTION"
### "Deceit by Concealment"

57.     With respect to the allegations contained in paragraph 57 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 56 of this Answer with the same force and effect as though set forth here in full.

8

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint except admits that Merck received a letter from the FDA in December 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

**RESPONSE TO "SEVENTH CAUSE OF ACTION"**
**"Negligent Misrepresentation"**

66.     With respect to the allegations contained in paragraph 66 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

779463v.1

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

## RESPONSE TO "EIGHTH CAUSE OF ACTION"
### "Violation of NRS 41.600, 598.0915, 598.0925"

74.     With respect to the allegations contained in paragraph 74 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 73 of this Answer with the same force and effect as though set forth here in full.

75.     Admits that Plaintiff purports in paragraph 75 of the Complaint to bring this action under NRS 41.600 in an individual capacity, but denies that there is any legal or factual basis for such claim.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint, including subparagraphs (A) through (D).

779463v.1

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     In response to the prayer for judgment set out on pages 13 through 17 of the Complaint, Merck denies each and every allegation contained in said prayer except admits that Plaintiff purports to seek the relief stated therein but denies that there is any legal or factual basis for such relief.

Merck denies all averments not specifically admitted herein.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

82.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

83.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

84.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

85.     This Court lacks personal jurisdiction over Merck.

779463v.1

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

86.     This case is more appropriately brought in a different venue.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

87.     Venue in this case is improper.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

88.     Plaintiff's claims are not suitable for joinder.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

89.     Defendants are improperly joined.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

90.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Nev. R. Civ. P. 9(b).

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

91.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

92.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury.

779463v.1

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

93.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

94.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

95.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

96.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

13

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

97.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

98.    To the extent that Plaintiff's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

99.    Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the damages claimed.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

100.    At no time material hereto was any product referred to in the Complaint defective or unreasonably defective.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

101.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred by the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physicians.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

102.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of VIOXX® and any

14

other Merck drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

103.   Plaintiff's claims are barred in whole or in part under comment k to the Restatement (Second) of Torts § 402A.

## AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

104.   Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

105.   Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to the Restatement (Third) of Torts:  Product Liability § 6.

## AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

106.   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

107.   This defendant is not guilty of negligence and violated no duty owing to Plaintiff.

779463v.1

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

108. Plaintiff's negligence per se claim is barred because: 1) Plaintiff in this action is not within the class of persons the statutes referenced in the Complaint were enacted to protect; 2) the injuries complained of by the plaintiff are not the type contemplated by the statutes referenced in the Complaint; 3) Merck did not violate any of the statutes referenced in the Complaint; 4) no action or omission on Merck's part proximately caused a violation of any of the statutes referenced in the Complaint.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

109. Plaintiff's claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

110. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

111. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, an award of punitive damages is barred.

16

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

112.   On information and belief Plaintiff is not among the class of persons entitled to assert a claim for punitive damages under NRS 598.09777.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

113.   Plaintiff's demand for punitive damages is barred because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

114.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights under the Due Process, Equal Protection, Double Jeopardy, Contract, and Excessive Fines Clauses of the United States Constitution, as well as other provisions therein, and the cognate provisions of the Nevada Constitution, to wit: Article 1, sections 8 and 15.   Furthermore, NRS 42.005(2) impermissibly singles out and exempts products liability cases from the limits otherwise imposed on the recovery of punitive damages, leaving their assessment to the standardless discretion of the finder of fact.   Further, the statute and Nevada cases decided under it do not comply with the minimum standards established by the United States Supreme Court in this evolving area of the law, and they improperly permit multiple awards of punitive damages for the same alleged act or acts.

779463v.1

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

115.   With respect to Plaintiff's claims for punitive damages, Merck specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damage awards set forth in of *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell* , 2003 WL 1791206 (U.S. 2003).

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

116.   To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

117.   To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

118.   To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

779463v.1

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

119.   Plaintiff's claims are barred, in whole or in part, because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

120.   To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

121.   Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

122.   Plaintiff's claims are barred to the extent they are based on a theory providing for liability without proof of causation, which violates Merck's rights under the Due Process and Equal Protection provisions of the Constitution of the United States of America and the cognate provisions of the Nevada Constitution.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

123.   If a finding of liability is made against Merck, Merck is entitled to apportionment.

Merck incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the answers of any other defendant

779463v.1

and will rely on all defenses which may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Respectfully submitted,

_____

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel


Kristina Pickering, No. 992
Denise Barton, No. 5579
Robert R. McCoy, No. 9121
Morris Pickering & Peterson
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Phone: 702-474-9400
Fax:     702-474-9422


Counsel for Merck & Co., Inc.

779463v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing ANSWER OF DEFENDANT MERCK & CO., INC. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 8th day of July 2005.

779463v.1