FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -8  PM 3: 23

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Diaz v. Merck & Co., Inc.,* (E.D. La. Case No. 05-2291) | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANT MERCK & CO., INC.

### JURY TRIAL DEMANDED

Defendant Merck & Co., Inc. (incorrectly sued herein as Merck & Company, Inc.) ("Merck"), answers the Complaint and submits its Jury Demand as follows:

### RESPONSE TO "PARTIES"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint except admits that Plaintiff purports to be a resident of California but states that Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegation.  Merck admits that Plaintiff purports to

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

seek relief as stated in said paragraph but denies that there is any legal or factual basis for such relief.

2.     Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3.     Denies each and every allegation contained in paragraph 3 of the Complaint.

4.     Denies each and every allegation contained in paragraph 4 of the Complaint.

5.     Denies each and every allegation contained in paragraph 5 of the Complaint.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint.

7.     Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

2

9.     Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

## RESPONSE TO "JURISDICTION AND VENUE"

10.     The allegations contained in paragraph 10 of the Complaint are legal conclusions as to which no responsive pleading is required.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and admits that Plaintiff purports to be a resident of California but states that Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegation.  Merck admits that Plaintiff purports to seek relief as stated in said paragraph but denies that there is any legal or factual basis for such relief.

12.     Admits that Plaintiff's claims put more than $75,000 in controversy but denies that there is any legal or factual basis for such relief.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

## RESPONSE TO "SUBSTANTIVE ALLEGATION ON BEHALF OF MICHAEL DIAZ"

14.     Denies each and every allegation contained in paragraph 14 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew

3

VIOXX® from the market on September 30, 2004.  Merck admits that Plaintiff purports to seek relief as stated in said paragraph but denies that there is any legal or factual basis for such relief.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint except admits that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

19.     The allegations contained in paragraph 19 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that osteoarthritis has been described in the medical literature as a chronic disorder of joint cartilage and surrounding tissues that is characterized by pain, stiffness, and loss of function.

20.     The allegations contained in paragraph 20 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation

779472v.1

contained in said paragraph except admits that rheumatoid arthritis has been described in the medical literature as an inflammatory arthritis in which joints, usually including those of the hands and feet, are inflamed, resulting in swelling, pain, and often the destruction of joints.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that VIOXX® is part of a class of drugs known as non-steroidal anti-inflammatory medications ("NSAIDs"), that VIOXX® reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

22.     The allegations contained in the first sentence of paragraph 22 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.  Merck denies each and every allegation contained in the second sentence of paragraph 22 except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX 2).

23.     Denies each and every allegation in paragraph 23 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5

24.     Denies each and every allegation contained in paragraph 24 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the VIOXX® Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised by the

779472v.1

data from that trial, Merck concluded that a voluntary withdrawal of VIOXX®
best served the interests of patients.

29.     Denies each and every allegation contained in paragraph 29 of
the Complaint except admits that 2003 VIOXX® sales exceeded $2 billion

## RESPONSE TO "COUNT ONE"
## "PRODUCTS LIABILITY"

30.     With respect to the allegations contained in paragraph 30 of
the Complaint, repeats and realleges each and every admission, denial, averment,
and statement contained in paragraphs 1 through 29 of this Answer with the
same force and effect as though set forth here in full.

31.     Denies each and every allegation contained in paragraph 31 of
the Complaint except admits that Merck manufactured, marketed, and
distributed the prescription medicine VIOXX® until Merck voluntarily withdrew
VIOXX® from the market on September 30, 2004.

32.     Merck denies knowledge or information sufficient to form a
belief as to the truth or falsity of the allegations contained in paragraph 32 of the
Complaint and in the alternative denies each and every allegation contained in
said paragraph.

33.     Denies each and every allegation contained in paragraph 33 of
the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of
the Complaint.

7

779472v.1

## RESPONSE TO "COUNT TWO"
## "NEGLIGENCE"

35.     With respect to the allegations contained in paragraph 35 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.     The allegations contained in paragraph 36 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 36 of the Complaint and respectfully refers the Court to the relevant common law standards for negligence claims in this jurisdiction, including any applicable conflicts of law rules.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

## RESPONSE TO "COUNT THREE"
## "NEGLIGENCE PER SE"

39.     With respect to the allegations contained in paragraph 39 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained

8

in paragraph 40 of the Complaint and respectfully refers the Court to the relevant common law standards for negligence per se claims in this jurisdiction, including any applicable conflicts of law rules.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

## RESPONSE TO "COUNT FOUR"
## "UNJUST ENRICHMENT"

44.     With respect to the allegations contained in paragraph 44 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint except admits that Plaintiff purports to seek relief as stated in said paragraph but denies that there is any legal or factual basis for such relief.

779472v.1

## RESPONSE TO "COUNT FIVE"
## "BREACH OF EXPRESS WARRANTY"

49.     With respect to the allegations contained in paragraph 49 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     To the extent that the allegations contained in paragraph 54 are directed at Merck, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

55.     The allegations contained in paragraph 55 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

10

779472v.1

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

## RESPONSE TO "COUNT SIX"
## "BREACH OF IMPLIED WARRANTY"

60.     With respect to the allegations contained in paragraph 60 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61.     The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     To the extent that the allegations contained in paragraph 65 are directed at Merck, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of

11

779472v.1

the Complaint and in the alternative denies each and every allegation contained in said paragraph.

66.     The allegations contained in paragraph 66 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

## RESPONSE TO "COUNT SEVEN" "DECEPTIVE TRADE PRACTICES"

70.     With respect to the allegations contained in paragraph 70 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 69 of this Answer with the same force and effect as though set forth here in full.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

12

779472v.1

## RESPONSE TO "COUNT EIGHT"
## "FRAUD"

73.     With respect to the allegations contained in paragraph 73 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth here in full.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

## RESPONSE TO "COUNT NINE"
## "MISREPRESENTATION"

77.     With respect to the allegations contained in paragraph 77 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78.     Denies each and every allegation contained in paragraph 78 the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint, including subparagraphs (a) through (e).

80.     Denies each and every allegation contained in paragraph 80 the Complaint.

13

779472v.1

81.    Denies each and every allegation contained in paragraph 81 the Complaint.

82.    Denies each and every allegation contained in paragraph 82 the Complaint.

83.    Denies each and every allegation contained in paragraph 83 the Complaint.

84.    The allegations contained in paragraph 84 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.    Denies each and every allegation contained in paragraph 85 the Complaint.

86.    Denies each and every allegation contained in paragraph 86 the Complaint.

87.    Denies each and every allegation contained in paragraph 87 the Complaint.

## RESPONSE TO "COUNT TEN"
## "DAMAGES"

88.    Denies each and every allegation contained in paragraph 88 the Complaint.

## RESPONSE TO "COUNT ELEVEN"
## "PUNITIVE DAMAGES"

89.    With respect to the allegations contained in paragraph 89 of the Complaint, repeats and realleges each and every admission, denial, averment,

14

and statement contained in paragraphs 1 through 88 of this Answer with the same force and effect as though set forth here in full.

90.     Denies each and every allegation contained in paragraph 90 the Complaint.

91.     Denies each and every allegation contained in paragraph 91 the Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

92.     In response to the prayer for judgment set out on page 14 of the Complaint, Merck denies each and every allegation contained in said prayer except admits that Plaintiff purports to seek the relief stated therein but denies that there is any legal or factual basis for such relief.

Merck denies all averments not specifically admitted herein.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

93.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

94.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

15

779472v.1

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

95.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

96.     This Court lacks personal jurisdiction over Merck.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

97.     This case is more appropriately brought in a different venue.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

98.     Venue in this case is improper.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

99.     Plaintiff's claims are not suitable for joinder.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

100.    Defendants are improperly joined.

16

779472v.1

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

101.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Nev. R. Civ. P. 9(b).

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

102.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

103.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

104.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

105.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in

17

whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

106.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

107.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

108.   Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

779472v.1

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

109.   To the extent that Plaintiff's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

110.   Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the damages claimed.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

111.   At no time material hereto was any product referred to in the Complaint defective or unreasonably defective.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

112.   To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred by the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physicians.

19

779472v.1

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

113.   Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of VIOXX® and any other Merck drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

114.   Plaintiff's claims are barred in whole or in part under comment k to the Restatement (Second) of Torts § 402A.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

115.   Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

116.   Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to the Restatement (Third) of Torts:  Product Liability § 6.

20

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

117.   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

118.   This defendant is not guilty of negligence and violated no duty owing to Plaintiff.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

119.   Plaintiff's negligence per se claim is barred because:  1) Plaintiff in this action is not within the class of persons the statutes referenced in the Complaint were enacted to protect; 2) the injuries complained of by the plaintiff are not the type contemplated by the statutes referenced in the Complaint; 3) Merck did not violate any of the statutes referenced in the Complaint; 4) no action or omission on Merck's part proximately caused a violation of any of the statutes referenced in the Complaint.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

120.   Plaintiff's claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

21

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

121.   To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

122.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, an award of punitive damages is barred.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

123.   On information and belief Plaintiff is not among the class of persons entitled to assert a claim for punitive damages under NRS 598.09777.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

124.   Plaintiff's demand for punitive damages is barred because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

125.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an

779472v.1

award would also, if granted, violate Merck's state and federal constitutional rights under the Due Process, Equal Protection, Double Jeopardy, Contract, and Excessive Fines Clauses of the United States Constitution, as well as other provisions therein, and the cognate provisions of the Nevada Constitution, to wit: Article 1, sections 8 and 15. Furthermore, NRS 42.005(2) impermissibly singles out and exempts products liability cases from the limits otherwise imposed on the recovery of punitive damages, leaving their assessment to the standardless discretion of the finder of fact. Further, the statute and Nevada cases decided under it do not comply with the minimum standards established by the United States Supreme Court in this evolving area of the law, and they improperly permit multiple awards of punitive damages for the same alleged act or acts.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

126.    With respect to Plaintiff's claims for punitive damages, Merck specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damage awards set forth in of *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell* , 2003 WL 1791206 (U.S. 2003).

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

127.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

23

779472v.1

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

128.   To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

129.   To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

130.   Plaintiff's claims are barred, in whole or in part, because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

131.   To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

779472v.1

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

132.   Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

133.   Plaintiff's claims are barred to the extent they are based on a theory providing for liability without proof of causation, which violates Merck's rights under the Due Process and Equal Protection provisions of the Constitution of the United States of America and the cognate provisions of the Nevada Constitution.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

134.   If a finding of liability is made against Merck, Merck is entitled to apportionment.

Merck incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

25

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel


Kristina Pickering, No. 992
Denise Barton, No. 5579
Robert R. McCoy, No. 9121
Morris Pickering & Peterson
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Phone: 702-474-9400
Fax:     702-474-9422


Counsel for Merck & Co., Inc.

779472v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **ANSWER OF DEFENDANT MERCK & CO., INC.** has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this _8th_ day of _July_, 2005.

*Dorothy H Wimberly*

779472v.1