

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -8  PM 3: 22

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: VIOXX** | : | **MDL NO. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | : | |
| | : | **SECTION:  L** |
| | : | |
| | : | **JUDGE FALLON** |
| | : | **MAG. JUDGE KNOWLES** |

................................................................:

**THIS DOCUMENT RELATES TO:** *Betty S. Smith v. Merck & Co., Inc.,* **No. 05-460 (previously filed as 04-1355-MLB, D. Kan.)**

## <u>ANSWER OF DEFENDANT MERCK & CO., INC.</u>

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorney, answers the Complaint herein as follows:

### <u>RESPONSE TO "A.  The Parties"</u>

1.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint except admits that Plaintiff purports to bring an action for certain damages but denies that there is any legal or factual basis for such relief.

___ Fee_____.
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

2.  Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, White House Station, New Jersey.

<strong><u>RESPONSE TO "B.  Jurisdiction and Venue"</u></strong>

3.  The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that plaintiff purports to put more than $75,000 in controversy but denies that there is any legal or factual basis for such relief.

4.  The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

5.  The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

<strong><u>RESPONSE TO "C.  Statement of Facts"</u></strong>

6.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint except admits that VIOXX® is Merck's trade name for rofecoxib.

7.  Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30,

- 2 -

2004 and that Plaintiff purports to bring this action for certain damages but denies that there is any legal or factual basis for such relief.

8.  Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004 and that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

9.  The allegations contained in paragraph 9 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that osteoarthritis has been described in the medical literature as a chronic disorder of joint cartilage and surrounding tissues that is characterized by pain, stiffness, and loss of function.

10. The allegations contained in paragraph 10 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that rheumatoid arthritis has been described in the medical literature as an inflammatory arthritis in which joints, usually including those of the hands and feet, are inflamed, resulting in swelling, pain, and often the destruction of joints.

11. Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that the prescription medicine VIOXX® reduces pain and inflammation and

- 3 -

that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

12. The allegations contained in the first sentence of paragraph 12 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence. Merck denies each and every allegation contained in the second sentence of paragraph 12 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

13. Denies each and every allegation contained in paragraph 13 of the Complaint except admits that it submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") on November 23, 1998 and respectfully refers the Court to the Application for its actual language and full text.

14. Denies each and every allegation contained in paragraph 14 of the Complaint except admits that on April 20, 1999, the Arthritis Advisory Committee met and discussed, among other things, the profile of VIOXX®.

15. Denies each and every allegation contained in paragraph 15 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the

- 4 -

FDA-approved prescribing information for VIOXX®. Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

16. Denies each and every allegation contained in paragraph 16 of the Complaint except admits that in October 1999 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

17. Denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck received a letter from a regulatory review officer dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

18. Denies each and every allegation contained in paragraph 18 of the Complaint except admits that Merck scientists participated in the VIGOR Study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19. Denies each and every allegation contained in the first sentence of paragraph 19 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text. Denies each and every allegation contained in the second sentence of paragraph 19 of the Complaint except admits that Merck scientists participated in the VIGOR Study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text

20. Denies each and every allegation contained in paragraph 20 of the Complaint except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR Study.

779474v.1

21. Denies each and every allegation contained in paragraph 21 of the Complaint except admits that in April 2001 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

22. Denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck issued the referenced press releases and respectfully refers the Court to the said press releases for their actual language and full text.

23. Denies each and every allegation contained in paragraph 23 of the Complaint except admits that in July 2001 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

24. Denies each and every allegation contained in paragraph 24 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and that Plaintiff appears to have accurately quoted the referenced letter, and respectfully refers the Court to that letter for its actual language and full text.

25. Denies each and every allegation contained in paragraph 25 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and that Plaintiff appears to have accurately quoted the referenced letter, and respectfully refers the Court to that letter for its actual language and full text.

26. Denies each and every allegation contained in paragraph 26 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

779474v.1

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint except admits that in April 2004 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

29. Denies each and every allegation contained in paragraph 29 of the Complaint except avers that the FDA approved VIOXX® for the treatment of juvenile rheumatoid arthritis in children as young as 2 years old and who weighed at least 22 pounds.

30. Denies each and every allegation contained in paragraph 30 of the Complaint except admits that on September 27, 2004 Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted and respectfully refers the Court to the referenced study for its actual language and full text.

31. Denies each and every allegation contained in paragraph 31 of the Complaint except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market.

32. Denies each and every allegation contained in paragraph 32 of the Complaint except admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo, and that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

779474v.1

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

39. Denies each and every allegation contained in paragraph 39 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

40. Denies each and every allegation contained in paragraph 40 of the Complaint except admits that Plaintiff purports to quote portions of the referenced emails, but Merck avers that said quotes are taken out of context.

41. Denies each and every allegation contained in paragraph 41 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

42. Denies each and every allegation contained in paragraph 42 of the Complaint except admits that Plaintiff purports to quote portions of the letter referenced in said paragraph, but Merck avers that such quotes are taken out of context.

## RESPONSE TO "D.  Claims for Relief"

## RESPONSE TO "COUNT I, Products (Strict) Liability"

779474v.1

43. With respect to the allegations contained in paragraph 43 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

44. Denies each and every allegation contained in paragraph 44 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

**RESPONSE TO "COUNT II, Negligence"**

49. With respect to the allegations contained in paragraph 49 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

50. The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

**RESPONSE TO "COUNT III, Negligence Per Se"**

779474v.1

53. With respect to the allegations contained in paragraph 53 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

54. The allegations contained in paragraph 54 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

55. The allegations in paragraph 55 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and specifically denies that it violated any applicable law in the manufacture, sale and design of VIOXX®.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

### RESPONSE TO "COUNT IV, Violations of Kansas Consumer Protections Act"

58. With respect to the allegations contained in paragraph 58 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

59. The allegations contained in paragraph 59 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

60. The allegations contained in paragraph 60 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that

779474v.1

Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

61. The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

62. The allegations contained in paragraph 62 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

63. Denies each and every allegation contained in paragraph 63 of the Complaint.

64. Denies each and every allegation contained in paragraph 64 of the Complaint.

65. Denies each and every allegation contained in paragraph 65 of the Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Complaint.

**RESPONSE TO "COUNT V, Common Law Fraud"**

67. With respect to the allegations contained in paragraph 67 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

68. Denies each and every allegation contained in paragraph 68 of the Complaint.

69. The allegations contained in paragraph 69 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

70. Denies each and every allegation contained in paragraph 70 of the Complaint.

71. Denies each and every allegation contained in paragraph 71 of the Complaint.

72. Denies each and every allegation contained in paragraph 72 of the Complaint.

- 11 -

73. Denies each and every allegation contained in paragraph 73 of the Complaint.

### RESPONSE TO "COUNT VI, Breach of Express Warranty"

74. With respect to the allegations contained in paragraph 74 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

75. Denies each and every allegation contained in paragraph 75 of the Complaint.

76. Denies each and every allegation contained in paragraph 76 of the Complaint.

77. Denies each and every allegation contained in paragraph 77 of the Complaint.

### RESPONSE TO "COUNT VII, Breach of Implied Warranty"

78. With respect to the allegations contained in paragraph 78 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

79. The allegations contained in paragraph 79 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

80. Denies each and every allegation contained in paragraph 80 of the Complaint.

81. Denies each and every allegation contained in paragraph 81 of the Complaint.

### RESPONSE TO "COUNT VIII, Punitive Damages"

82. With respect to the allegations contained in paragraph 82 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

83. Denies each and every allegation contained in paragraph 83 of the Complaint.

84. Denies each and every allegation contained in paragraph 84 of the Complaint.

779474v.1

85. Denies each and every allegation contained in paragraph 85 of the Complaint.

86. Denies each and every allegation contained in paragraph 86 of the Complaint.

## RESPONSE TO "Conclusion"

87. The allegations contained in paragraph 87 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

88. The allegations contained in paragraph 88 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

89. The allegations contained in paragraph 89 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

### AS FOR A FIRST DEFENSE,
### MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE,
### MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE,
### MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

- 13 -

### AS FOR A FOURTH DEFENSE,
### MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH DEFENSE,
### MERCK ALLEGES:

To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH DEFENSE,
### MERCK ALLEGES:

To the extent that plaintiffs assert claims based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A SEVENTH DEFENSE,
### MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of plaintiffs.

### AS FOR A EIGHTH DEFENSE,
### MERCK ALLEGES:

Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

779474v.1

### AS FOR AN NINTH DEFENSE,
### MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR AN TENTH DEFENSE,
### MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A ELEVENTH DEFENSE,
### MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of VIOXX®.

### AS FOR A TWELFTH DEFENSE,
### MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

779474v.1

**AS FOR A THIRTEENTH DEFENSE,**
**MERCK ALLEGES:**

To the extent that plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A FOURTEENTH DEFENSE,**
**MERCK ALLEGES:**

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FIFTEENTH DEFENSE,**
**MERCK ALLEGES:**

Plaintiffs' claims are barred in whole or in part by the First Amendment.

**AS FOR AN SIXTEENTH DEFENSE,**
**MERCK ALLEGES:**

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lacks capacity and/or standing to bring such claims.

**AS FOR A SEVENTEENTH DEFENSE,**
**MERCK ALLEGES:**

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR A EIGHTEENTH DEFENSE,**
**MERCK ALLEGES:**

To the extent that plaintiffs seek punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

- 16 -

## AS FOR A NINETEENTH DEFENSE,
## MERCK ALLEGES:

Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

## AS FOR A TWENTIETH DEFENSE,
## MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIRST DEFENSE,
## MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-SECOND DEFENSE,
## MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

## AS FOR A TWENTY-THIRD DEFENSE,
## MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-FOURTH DEFENSE,
## MERCK ALLEGES:

This case is more appropriately brought in a different venue.

779474v.1

### AS FOR A TWENTY-FIFTH DEFENSE,
### MERCK ALLEGES:

To the extent plaintiffs have settled or will in the future settle with any person or entity

with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced

accordingly.

### AS FOR A TWENTY-SIXTH DEFENSE,
### MERCK ALLEGES:

To the extent plaintiffs are seeking recovery for benefits entitled to be received or

actually received from any other source for injuries alleged in the Complaint, such benefits are

not recoverable in this action.

### AS FOR A TWENTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

To the extent that plaintiffs seek punitive damages for the conduct which allegedly

caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's

state and federal constitutional rights.

### AS FOR A TWENTY-EIGHTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth

Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of

the Fourteenth Amendment of the United States Constitution to impose punitive

damages, which are penal in nature, against a civil defendant upon the plaintiffs'

satisfying a burden of proof which is less than the "beyond a reasonable doubt"

burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded

fail to provide a reasonable limit on the amount of the award against Defendant,

- 18 -

which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

Merck avers that any award of punitive damages to the plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

779474v.1

## AS FOR A THIRTIETH DEFENSE,
## MERCK ALLEGES:

Merck avers that it is violative of the self-incrimination clause of the Fifth Amendment to

the Constitution of the United States of America to impose punitive damages against it, which

are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## AS FOR A THIRTY-FIRST DEFENSE,
## MERCK ALLEGES:

Plaintiffs' claim for strict liability is barred on the grounds that such claims are not

cognizable against Merck.

## AS FOR A THIRTY-SECOND DEFENSE,
## MERCK ALLEGES:

In the event the plaintiffs have suffered any damages, injuries, or losses, which is denied,

there is no causal relationship between any actions on the part of Merck and the plaintiffs'

alleged damages, injuries, and/or losses.

## AS FOR A THIRTY-THIRD DEFENSE,
## MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced

the alleged risk without substantially impairing the reasonably anticipated and intended function

of VIOXX®.

Inasmuch as the Complaint does not describe the alleged underlying claims with

sufficient particularity to enable Merck to determine all of its legal, contractual and equitable

rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert

any and all pertinent liability defenses ascertained through further investigation and discovery in

this action.

Merck will rely on all defenses which may become available during discovery or

trial.

- 20 -

779474v.1

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, including attorney's fees, together with such other and further relief that the Court may deem just and proper.

Respectfully submitted,

_Dorothy H. Wimberly_

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

John C. Aisenbrey          KS #16187
George F. Verschelden      KS #21469
Stinson Morrison Hecker LLP
1201 Walnut, Suite 2800
Kansas City, MO 64106-2150
Telephone (816) 842-8600
Facsimile (816) 691-3495

Counsel for Merck & Co., Inc.

779474v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 8th day of July, 2005.

> Mark B. Hutton
> Hutton & Hutton Law Firm, L.L.C.
> P.O. Box 638
> Wichita, KS  67201-0638
> *Attorney for Plaintiff*

Dorothy H. Wimbey

779474v.1