

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -8  PM 3: 24

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:** | * | **MDL Docket No. 1657** |
| | * | |
| **VIOXX PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to *Deryl Orton v.*** | * | |
| ***Merck & Co., Inc., Case No. 05 cv 0402*** | * | **MAG. JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MERCK & CO., INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT</u>

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, and

presents the following Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

### <u>RESPONSE TO "COMPLAINT-PRODUCTS LIABILITY"</u>

### <u>RESPONSE TO "COMMON COUNTS"</u>

1.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 1 of the Complaint and in the alternative denies

the same.

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

2. Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck admits that plaintiff purports to seek relief in excess of $75,000 but denies that there is any factual or legal basis for any of the relief sought.

4. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, and in the alternative denies the same.

5. Denies each and every allegation contained in paragraph 5 of the Complaint except avers that VIOXX® was manufactured, marketed and distributed by Merck until Merck's voluntary worldwide withdrawal of VIOXX® on September 30, 2004.

6. Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7. Denies each and every allegation contained in paragraph 7 of the Complaint.

8. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 8 of the Complaint, and in the alternative denies the same.

779512v.1

9.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 9 of the Complaint and denies each and every remaining allegation contained in said paragraph.

10.    Denies each and every allegation contained in paragraph 10 of the Complaint.

11.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint and in the alternative denies the same.

12.    Denies each and every allegation contained in paragraph 12 of the Complaint.

13.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint and in the alternative denies the same.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint except admits that plaintiff purports to seek relief in excess of $75,000 but denies that there is any factual or legal basis for any of the relief sought.

## RESPONSE TO "COUNT I-NEGLIGENCE"

15.    With respect to the allegations contained in paragraph 15 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

16.    The allegations contained in paragraph 16 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

- 3 -

17.     Denies each and every allegation contained in paragraph 17, including subparts (a)-(c), of the Complaint.

18.     Denies each and every allegation contained in paragraph 18, including subparts (a)-(e) of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

22.     As for the unnumbered prayer for relief under paragraph 21, including subparagraphs (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparts (a)-(e).

### RESPONSE TO "COUNT II-STRICT LIABILITY/DEFECTIVE DESIGN"

23.     With respect to the allegations contained in paragraph 22 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

24.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck's voluntary worldwide withdrawal of VIOXX® on September 30, 2004.

25.     Denies each and every allegation contained in paragraph 24 of the Complaint.

26.     Denies each and every allegation contained in paragraph 25 of the Complaint.

27.     Denies each and every allegation contained in paragraph 26 of the Complaint.

28.     Denies each and every allegation contained in paragraph 27 of the Complaint.

29.     Denies each and every allegation contained in paragraph 28 of the Complaint.

30.     Denies each and every allegation contained in paragraph 29 of the Complaint.

31.     As for the unnumbered prayer for relief under paragraph 29, including sub-parts (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparts (a)-(e).

**RESPONSE TO "COUNT III-STRICT PRODUCTS LIABILITY/FAILURE TO WARN"**

32.     With respect to the allegations contained in paragraph 30 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

33.     Denies each and every allegation contained in paragraph 31 of the Complaint.

34.     Denies each and every allegation contained in paragraph 32 of the Complaint.

35.     Denies each and every allegation contained in paragraph 33 of the Complaint.

36.     Denies each and every allegation contained in paragraph 34 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint and in the alternative denies the same.

38.     Denies each and every allegation contained in paragraph 36 of the Complaint.

39.     Denies each and every allegation contained in paragraph 37 of the Complaint.

40.     As for the unnumbered prayer for relief under paragraph 37, including subparts (a)-(d), no responsive pleading is required.  Should a response be deemed required, Merck denies

779512v.1

each and every allegation contained in this unnumbered prayer for relief, including subparts (a)-(d).

### RESPONSE TO "COUNT IV-BREACH OF EXPRESS AND IMPLIED WARRANTIES"

41.     With respect to the allegations contained in paragraph 38 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

42.     Denies each and every allegation in paragraph 39 of the Complaint.

43.     Denies each and every allegation in paragraph 40 of the Complaint.

44.     Denies each and every allegation in paragraph 41 of the Complaint.

45.     As for the unnumbered prayer for relief under paragraph 41, including sub-parts (a)-(d), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparts (a)-(d).

### RESPONSE TO "COUNT V-DECEPTIVE TRADE PRACTICES ACT"

46.     With respect to the allegations contained in paragraph 42 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

47.     Denies each and every allegation in paragraph 43 of the Complaint except admits that plaintiff purports to quote from a Missouri statute and respectfully refers the Court to the referenced statute for its actual language and full text.

- 6 -

779512v.1

48.     The allegations contained in paragraph 44 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that plaintiff purports to quote from a Missouri statute and respectfully refers the Court to the referenced statute for its actual language and full text.

49.     Denies each and every allegation contained in paragraph 45 of the Complaint.

50.     Denies each and every allegation contained in paragraph 46 of the Complaint.

51.     Denies each and every allegation contained in paragraph 47 of the Complaint.

52.     Denies each and every allegation contained in paragraph 48 of the Complaint.

53.     Denies each and every allegation contained in in paragraph 49 of the Complaint.

54.     As for the unnumbered prayer for relief under paragraph 49, including subparts (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparts (a)-(e).

## RESPONSE TO "COUNT VI-COMMON LAW FRAUD"

55.     With respect to the allegations contained in paragraph 50 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

56.     Denies each and every allegation contained in paragraph 51 of the Complaint.

57.     Denies each and every allegation contained in paragraph 52 of the Complaint.

58.     Denies each and every allegation contained in paragraph 53 of the Complaint.

779512v.1

59.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint and in the alternative denies the same.

60.     Denies each and every allegation contained in paragraph 55 of the Complaint.

61.     Denies each and every allegation contained in paragraph 56 of the Complaint.

62.     Denies each and every allegation contained in paragraph 57 of the Complaint.

63.     As for the unnumbered prayer for relief under paragraph 57, including subparts (a)-(e), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including subparts (a)-(e).

## JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

For its defenses to plaintiff's Complaint, defendant Merck & Co., Inc. states as follows:

### AS FOR A FIRST DEFENSE,
### MERCK ALLEGES:

64.     The Complaint fails to set forth a cause of action upon which relief can be granted.

### AS FOR A SECOND DEFENSE,
### MERCK ALLEGES:

65.     Any product for which it was responsible at the time of the occurrence or injuries alleged by plaintiff were not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use.  The

- 8 -

warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by plaintiff were legally adequate warnings and instructions.

### AS FOR A THIRD DEFENSE,
### MERCK ALLEGES:

66. The occurrence and injuries alleged by plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of plaintiff and/or third parties over whom Merck had no control and for whom Merck is not responsible.

### AS FOR A FOURTH DEFENSE,
### MERCK ALLEGES:

67. If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of person not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A FIFTH DEFENSE,
### MERCK ALLEGES:

68. The occurrence and injuries alleged by plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by plaintiff. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to plaintiff or any other parties.

779512v.1

## AS FOR A SIXTH DEFENSE,
## MERCK ALLEGES:

69.     If plaintiff sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

## AS FOR A SEVENTH DEFENSE,
## MERCK ALLEGES:

70.     If plaintiff sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

## AS FOR AN EIGHTH DEFENSE,
## MERCK ALLEGES:

71.     The injuries and damages alleged in plaintiff's Complaint were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

## AS FOR A NINTH DEFENSE,
## MERCK ALLEGES:

72.     Any and all damages alleged by plaintiff were caused by misuse of the product or products at issue in this case, failure to use the product or products properly, and/or alteration or negligent use of the product or products.

## AS FOR A TENTH DEFENSE,
## MERCK ALLEGES:

73.     Plaintiff cannot recover under the Complaint because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR AN ELEVENTH DEFENSE,
## MERCK ALLEGES:

74.     Plaintiff's claims are barred by plaintiff's contributory negligence and the contributory negligence of others.

779512v.1

### AS FOR A TWELFTH DEFENSE,
### MERCK ALLEGES:

75.    Plaintiff's claims are barred by plaintiff's express and/or implied assumption of

the risks, if any, inherent in the alleged use of the product or products at issue.

### AS FOR A THIRTEENTH DEFENSE,
### MERCK ALLEGES:

76.    Each and every claim asserted or raised in the Complaint is barred by the doctrine
of res judicata.

### AS FOR A FOURTEENTH DEFENSE,
### MERCK ALLEGES:

77.    Each and every claim asserted or raised in the Complaint is barred by the doctrine

of payment and release.

### AS FOR A FIFTEENTH DEFENSE,
### MERCK ALLEGES:

78.    Each and every claim asserted or raised in the Complaint is barred by the doctrine

of laches.

### AS FOR A SIXTEENTH DEFENSE,
### MERCK ALLEGES:

79.    The benefits of the product or products at issue outweigh the risks, if any, which

may be attendant to their use.

### AS FOR A SEVENTEENTH DEFENSE,
### MERCK ALLEGES:

80.    The damages and injuries alleged, if any, were caused or enhanced by a

preexisting medical condition of plaintiff that was not related to any product manufactured by

Merck.

779512v.1

### AS FOR AN EIGHTEENTH DEFENSE,
### MERCK ALLEGES:

81.     Each and every claim asserted or raised in the Complaint is barred by the doctrine set forth in Comment k of the Restatement (Second) of Torts § 402A as to the product or products at issue.

### AS FOR A NINETEENTH DEFENSE,
### MERCK ALLEGES:

82.     Plaintiff's claims are barred in whole or in part pursuant to comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTIETH DEFENSE,
### MERCK ALLEGES:

83.     Plaintiff's claims are barred in whole or in part pursuant to comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST DEFENSE,
### MERCK ALLEGES:

84.     Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-SECOND DEFENSE,
### MERCK ALLEGES:

85.     Any warnings which Merck gave were transmitted to the prescribing physicians and/or health care providers and that, under Missouri law, Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

### AS FOR A TWENTY-THIRD DEFENSE,
### MERCK ALLEGES:

86.     Plaintiff's claims are barred by the intervention of a learned intermediary or intermediaries whose acts, omissions, or fault are the cause of plaintiff's injuries, damages, or losses, if any.

779512v.1

## AS FOR A TWENTY-FOURTH DEFENSE,
## MERCK ALLEGES:

87.     Merck has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations.  Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber.  The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration.  Therefore, plaintiff's claims are preempted.

## AS FOR A TWENTY-FIFTH DEFENSE,
## MERCK ALLEGES:

88.     Plaintiff's claims are barred by the applicable statute(s) of limitations.

## AS FOR A TWENTY-SIXTH DEFENSE,
## MERCK ALLEGES:

89.     If plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of plaintiff and/or third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiff's favor, the amount of such judgment must be reduced under the doctrine of comparative fault.

## AS FOR A TWENTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

90.     Merck is unaware at this time of any settlement by any alleged joint tortfeasor. However, in the event any settlement is or has been made by any alleged joint tortfeasor, Merck is entitled to a credit/offset for such settlement.

779512v.1

### AS FOR A TWENTY-EIGHTH DEFENSE,
### MERCK ALLEGES:

91.     The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

### AS FOR A TWENTY-NINTH DEFENSE,
### MERCK ALLEGES:

92.     Plaintiff knew of the existence of the risks complained of in the Complaint, realized and appreciated the possibilities of injury as a result of the risk, and having had a reasonable opportunity to avoid it, voluntarily exposed themselves to the risk.

### AS FOR A THIRTIETH DEFENSE,
### MERCK ALLEGES:

93.     At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

### AS FOR A THIRTY-FIRST DEFENSE,
### MERCK ALLEGES:

94.     Merck made no express or implied representations or warranties of any kind to plaintiff, nor did plaintiff rely on any representations or warranties made by Merck.  To the extent plaintiff relied upon any representations or warranties, such reliance was unjustified.

### AS FOR A THIRTY-SECOND DEFENSE,
### MERCK ALLEGES:

95.     Merck did not breach any duty of care to plaintiff.

### AS FOR A THIRTY-THIRD DEFENSE,
### MERCK ALLEGES:

96.     Plaintiff's claims are barred by the doctrine of estoppel.

779512v.1

**AS FOR A THIRTY-FOURTH DEFENSE,**
**MERCK ALLEGES:**

97.    Plaintiff's claims are barred by the doctrine of waiver.

**AS FOR A THIRTY-FIFTH DEFENSE,**
**MERCK ALLEGES:**

98.    Plaintiff has failed to join all necessary and indispensable parties.

**AS FOR A THIRTY-SIXTH DEFENSE,**
**MERCK ALLEGES:**

99.    Plaintiff's claims are barred because plaintiff has failed and refused to mitigate his

alleged damages.

**AS FOR A THIRTY-SEVENTH DEFENSE,**
**MERCK ALLEGES:**

100.    Merck did not violate any state or federal statute, regulation or ordinance to cause

Plaintiff's alleged injuries.

**AS FOR A THIRTY-EIGHTH DEFENSE,**
**MERCK ALLEGES:**

101.    Plaintiff's claims are barred in whole or in part due to a lack of notice or lack of

privity.

**AS FOR A THIRTY-NINTH DEFENSE,**
**MERCK ALLEGES:**

102.    To the extent that plaintiff asserts claims based on Merck's adherence to and

compliance with applicable state laws, regulations, and rules, such claims are preempted by

federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FORTIETH DEFENSE,**
**MERCK ALLEGES:**

103.    Plaintiff's claims are barred, in whole or in part, because plaintiff lacks capacity

and/or standing to bring such claims.

779512v.1

### AS FOR A FORTY-FIRST DEFENSE,
### MERCK ALLEGES:

104.    To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### AS FOR A FORTY-SECOND DEFENSE,
### MERCK ALLEGES:

105.    Plaintiff's claims of fraud are barred by reason of plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

### AS FOR A FORTY-THIRD DEFENSE,
### MERCK ALLEGES:

106.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

### AS FOR A FORTY-FOURTH DEFENSE,
### MERCK ALLEGES:

107.    A finding of liability under current Missouri law and procedure would violate defendant's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

a.    Missouri law, by virtue of Missouri Approved Instructions 25.04   and 25.05, fails to submit to the jury one or more specific alleged defects      upon which the jury must base its finding that the product is unreasonably       dangerous.

i.      This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

ii.     Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

iii.    This also denies defendant any meaningful review by the trial court of the submissibility of plaintiff's claims as to certain defects, and

iv.     This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which plaintiff does not have substantial evidence, a defect never claimed by plaintiff's experts or a defect never mentioned in the evidence at the trial.

b.      Missouri law by virtue of Missouri Approved Instructions 25.04    and 25.05 allows the jury a roving commission with no constraints       whatsoever in that no factors or objective standards to consider in deciding        whether a product is unreasonably dangerous are given the jury; and

c.      Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully      review the submissibility of a case or to review meaningfully a jury's        verdict, both as to liability and as to the amount of damages awarded.

779512v.1

**AS FOR A FORTY-FIFTH DEFENSE,
MERCK ALLEGES:**

108.     Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

**AS FOR A FORTY-SIXTH DEFENSE,
MERCK ALLEGES:**

109.     Plaintiff fails to allege facts from which it can reasonably inferred to the level of clear and convincing proof that defendant acted with complete indifference to or conscious disregard for the safety of others.

**AS FOR A FORTY-SEVENTH DEFENSE,
MERCK ALLEGES:**

110.     Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

**AS FOR A FORTY-EIGHTH DEFENSE,
MERCK ALLEGES:**

111.     Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

- 18 -

### AS FOR A FORTY-NINTH DEFENSE,
### MERCK ALLEGES:

112.    Missouri standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution, because it permits the imposition of a state fine without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

### AS FOR A FIFTIETH DEFENSE,
### MERCK ALLEGES:

113.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a jury the authority to set fines.

### AS FOR A FIFTY-FIRST DEFENSE,
### MERCK ALLEGES:

114.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a less than unanimous jury to impose the criminal penalty of punitive damages and permits verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of nine jurors to impose and set the amount of punitive damages, which group is different from the group of nine that originally found the prerequisite liability for compensatory damages, so that no group of nine may have agreed on the entire verdict upon which judgment is entered.

### AS FOR A FIFTY-SECOND DEFENSE,
### MERCK ALLEGES:

115.    Missouri's scheme for punitive damages, including without limitation, the Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate, both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the

- 19 -

Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I,

Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

    a.    Missouri law fails to provide adequate guidance to the jury in setting the

amount of any punitive damage award and instead leaves this decision to

the unbridled discretion of the jury;

    b.    Missouri law provides no objective limitations or standards concerning a

proper amount of punitive damages;

    c.    Missouri law does not require that an award of punitive damages bear a

reasonable relationship to the actual injury involved;

    d.    Missouri law does not require that an award of punitive damages bear a

reasonable relationship to the compensatory damages awarded by the jury;

    e.    Missouri law does not require that an award of punitive damages bear a

reasonable relationship to the defendant's mental state and the degree of

malice with which the jury finds the defendant acted;

    f.    Missouri law has no fixed limit on the amount of punitive damages that

can be awarded in connection with an incident or with a product involved

in more than one incident;

    g.    Missouri law allows multiple punitive damage awards for the same

conduct;

    h.    Missouri law does not require the judge presiding over a trial in which

punitive damages have been awarded to review the punitive damages

award in light of the amount of punitive damages awarded in other,

comparable cases;

779512v.1

i.　　Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.　　Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.　　Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.　　Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly on the basis of economic status bearing no relationship to the incident, the damages sustained by the plaintiff, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m.　　Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.　　Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

o.     Missouri law allows a less than unanimous jury to impose the penalty of

punitive damages and allows one group of nine jurors to find the

prerequisite liability for compensatory damages and another group of nine

to impose and set the amount of punitive damages, so that no group of

nine jurors agrees on the verdict upon which judgment is entered.

### AS FOR A FIFTY-THIRD DEFENSE,
### MERCK ALLEGES:

116.     Missouri law requiring proof of punitive damages by clear and convincing

evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United

States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the

Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675

has criminalized punitive damages, so that a charge of punitive damages should be proven

beyond a reasonable doubt to a unanimous jury.

### AS FOR A FIFTY-FOURTH DEFENSE,
### MERCK ALLEGES:

117.     Plaintiff's claims are barred, in whole or in part, under the applicable state law

because VIOXX® was subject to and received pre-market approval by the Food and Drug

Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FIFTY-FIFTH DEFENSE,
### MERCK ALLEGES:

118.     This case is more appropriately brought in a different venue.

### AS FOR A FIFTY-SIXTH DEFENSE,
### MERCK ALLEGES:

119.     Venue in this case is improper.

779512v.1

## AS FOR A FIFTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

120.    Plaintiff should not be afforded the right to a jury trial on his claims for punitive damages.

## AS FOR A FIFTY-EIGHTH DEFENSE,
## MERCK ALLEGES:

121.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case and hereby reserves the right to amend its answer to assert any such defense.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Merck & Co., Inc. respectfully requests that plaintiff take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel

Dan H. Ball
Robert T. Ebert, Jr.
Stephen G. Strauss
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Phone:  314-259-2000
Fax:  314-259-2020

Counsel for Merck & Co., Inc.

- 23 -

779512v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Answer and Defenses to Plaintiff's Complaint has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 8th day of July, 2005.

_Dorothy H. Wimberly_

779512v.1