

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -8 PM 3: 24

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In re:                                        *    MDL Docket No. 1657
                                              *
**VIOXX PRODUCTS LIABILITY**                  *    SECTION L
**LITIGATION**                                *
                                              *
                                              *    JUDGE FALLON
This document relates to *Gavin Dineen v.*    *
*Merck & Co., Inc. no. 4 05 CV 00624 TCM*     *    MAG. JUDGE KNOWLES
                                              *
* * * * * * * * * * * * * * * * * *    *

## MERCK & CO., INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, and

presents the following Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

1.      Denies each and every allegation contained in paragraph 1 of the Complaint

except admits that plaintiff purports to seek personal injury and economic damages but denies

that there is any legal or factual basis for such relief.

## RESPONSE TO "THE PARTIES"

2.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of such allegations contained in paragraph 2 of the Complaint, and demands strict proof

thereof.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

3.    Denies each and every allegation contained in paragraph 3 of the Complaint.

4.    Denies each and every allegation contained in paragraph 4 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

5.    Denies each and every allegation contained in paragraph 5 of the Complaint except avers that VIOXX® was manufactured, marketed and distributed by Merck until Merck's voluntary worldwide withdrawal of VIOXX® on September 30, 2004.

## RESPONSE TO "FACTUAL BACKGROUND"

6.    Denies each and every allegation contained in paragraph 6 of the Complaint except avers that VIOXX® is the trade name for rofecoxib, a prescription medicine manufactured by Merck that is a selective COX-2 inhibiter which was approved by the United States Food and Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

7.    Denies each and every allegation contained in paragraph 7 of the Complaint except admits that VIOXX®'s mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

8.    Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint except admits that plaintiff purports to quote from certain portions in the FDA-approved label for VIOXX and respectfully refers the Court to the referenced label for its actual language and full text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint except admits that plaintiff purports to quote from and recite information about the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

779509v.1

14.     Denies each and every allegation contained in paragraph 14 of the Complaint except admits that plaintiff purports to quote from the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint and respectfully refers the Court to the referenced article and presentation for their actual language and full content.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint and respectfully refers the Court to the referenced article for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint and respectfully refers the Court to the referenced article for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint and respectfully refers the Court to the referenced articles for their actual language and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint except admits that Merck received a letter from a regulatory review officer in September, 2001 and respectfully refers the Court to that letter for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck received a letter from a regulatory review officer in September, 2001 and respectfully refers the Court to that letter for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck received a letter from a regulatory review officer in September, 2001 and respectfully refers the Court to that letter for its actual language and full text.

779509v.1

23.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint except admits that plaintiff purports to quote portions of certain of Merck's Annual Reports and respectfully refers the Court to the referenced Annual Reports for their actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint except admits that plaintiff purports to quote from Merck's 2001 filing with the Securities and Exchange Commission and respectfully refers the Court to the referenced filing for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and that VIOXX® is the brand name for rofecoxib.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.


### RESPONSE TO "JURISDICTION AND VENUE"

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

### RESPONSE TO "COUNT I – STRICT PRODUCT LIABILITY/DEFECTIVE DESIGN"

38.     With respect to the allegations contained in paragraph 38 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in

779509v.1

the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

39.    Denies each and every allegation contained in paragraph 39 of the Complaint except avers that VIOXX® was manufactured, marketed and distributed by Merck until Merck's voluntary worldwide withdrawal of VIOXX® on September 30, 2004.

40.    Denies each and every allegation contained in paragraph 40 of the Complaint.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint.

42.    The allegations contained in paragraph 42 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

43.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegation contained in paragraph 43 of the Complaint and in the alternative denies same.

44.    Denies each and every allegation contained in paragraph 44 of the Complaint.

45.    Denies each and every allegation contained in paragraph 45 of the Complaint.

46.    As for the unnumbered prayer for relief under paragraph 45 no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT II-STRICT PRODUCTS LIABILITY/FAILURE TO WARN"

47.    With respect to the allegations contained in paragraph 46 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in

779509v.1

the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

48.    Denies each and every allegation contained in paragraph 47 of the Complaint.

49.    Denies each and every allegation contained in paragraph 48 of the Complaint.

50.    Denies each and every allegation contained in paragraph 49 of the Complaint.

51.    Denies each and every allegation contained in paragraph 50 of the Complaint.

52.    Denies each and every allegation contained in paragraph 51 of the Complaint.

53.    Denies each and every allegation contained in paragraph 52 of the Complaint.

54.    The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

55.    Denies each and every allegation contained in paragraph 54 of the Complaint.

56.    Denies each and every allegation contained in paragraph 55 of the Complaint.

57.    As for the unnumbered prayer for relief under paragraph 55 no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT III-NEGLIGENT DESIGN"

58.    With respect to the allegations contained in paragraph 56 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

59.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 57 of the Complaint and in the alternative

denies same except avers that VIOXX® was manufactured, marketed and distributed by Merck until Merck's voluntary worldwide withdrawal of VIOXX® on September 30, 2004.

60.    Denies each and every allegation contained in paragraph 58 of the Complaint.

61.    Denies each and every allegation contained in paragraph 59 of the Complaint.

62.    Denies each and every allegation contained in paragraph 60 of the Complaint.

63.    Denies each and every allegation contained in paragraph 61 of the Complaint.

64.    Denies each and every allegation contained in paragraph 62 of the Complaint.

65.    Denies each and every allegation contained in paragraph 63 of the Complaint.

66.    As for the unnumbered prayer for relief under paragraph 63 no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT IV – NEGLIGENT FAILURE TO WARN"

67.    With respect to the allegations contained in paragraph 64 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

68.    The allegations contained in paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

69.    Denies each and every allegation contained in paragraph 66, including subparts (a)-(e), of the Complaint.

70.    Denies each and every allegation contained in paragraph 67 of the Complaint.

71.    Denies each and every allegation contained in paragraph 68 of the Complaint.

779509v.1

72.     As for the unnumbered prayer for relief under paragraph 68 no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

### RESPONSE TO "COUNT V – FRAUDULENT CONCEALMENT"

73.     With respect to the allegations contained in paragraph 69 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

74.     Denies each and every allegation contained in paragraph 70 of the Complaint.

75.     Denies each and every allegation contained in paragraph 71 of the Complaint.

76.     Denies each and every allegation contained in paragraph 72 of the Complaint.

77.     Denies each and every allegation contained in paragraph 73 of the Complaint.

78.     Denies each and every allegation contained in paragraph 74 of the Complaint.

79.     Denies each and every allegation contained in paragraph 75 of the Complaint.

80.     Denies each and every allegation contained in paragraph 76 of the Complaint.

81.     Denies each and every allegation contained in paragraph 77 of the Complaint.

82.     Denies each and every allegation contained in paragraph 78 of the Complaint.

83.     Denies each and every allegation contained in paragraph 79 of the Complaint.

84.     Denies each and every allegation contained in paragraph 80 of the Complaint.

85.     Denies each and every allegation contained in paragraph 81 of the Complaint.

86.     As for the unnumbered prayer for relief under paragraph 81 no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

- 10 -

## RESPONSE TO "COUNT VI- COMMON LAW FRAUD"

87.     With respect to the allegations contained in paragraph 82 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

88.     Denies each and every allegation contained in paragraph 83 of the Complaint.

89.     Denies each and every allegation contained in paragraph 84 of the Complaint.

90.     Denies each and every allegation contained in paragraph 85 of the Complaint.

91.     Denies each and every allegation contained in paragraph 86 of the Complaint.

92.     Denies each and every allegation contained in paragraph 87 of the Complaint.

93.     As for the unnumbered prayer for relief under paragraph 87, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT VII- BREACH OF IMPLIED WARRANTY"

94.     With respect to the allegations contained in paragraph 88 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

95.     The allegations contained in paragraph 89 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

96.     Denies each and every allegation contained in paragraph 90 of the Complaint.

97.     Denies each and every allegation contained in paragraph 91 of the Complaint.

- 11 -

98.    Denies each and every allegation contained in paragraph 92 of the Complaint.

99.    Denies each and every allegation contained in paragraph 93 of the Complaint.

100.    As for the unnumbered prayer for relief under paragraph 93 no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT VIII- BREACH OF EXPRESS WARRANTY"

101.    With respect to the allegations contained in paragraph 94 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

102.    The allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

103.    Denies each and every allegation in paragraph 96, including subparts (a)-(e), of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

104.    Denies each and every allegation contained in paragraph 97 of the Complaint.

105.    Denies each and every allegation contained in paragraph 98 of the Complaint.

106.    Denies each and every allegation contained in paragraph 99 of the Complaint.

107.    Denies each and every allegation contained in paragraph 100 of the Complaint.

779509v.1

108.    As for the unnumbered prayer for relief under paragraph 100 no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.


### RESPONSE TO "COUNT IX- NEGLIGENT MISREPRESENTATION"

109.    With respect to the allegations contained in paragraph 101 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

110.    Denies each and every allegation contained in paragraph 102 of the Complaint.

111.    Denies each and every allegation contained in paragraph 103 of the Complaint.

112.    Denies each and every allegation contained in paragraph 104 of the Complaint.

113.    Denies each and every allegation contained in paragraph 105, including subparts (a)-(e), of the Complaint.

114.    Denies each and every allegation contained in paragraph 106 of the Complaint.

115.    Denies each and every allegation contained in paragraph 107 of the Complaint.

116.    Denies each and every allegation contained in paragraph 108 of the Complaint.

117.    Denies each and every allegation contained in paragraph 109 of the Complaint.

118.    As for the unnumbered prayer for relief under paragraph 109 no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

### JURY DEMAND

119.    Merck hereby requests a trial by jury.

779509v.1

## DEFENSES

For its defenses to plaintiff's Complaint, Defendant Merck & Co., Inc. states as follows:

### AS FOR A FIRST DEFENSE,
### MERCK ALLEGES:

120.   The Complaint fails to set forth a cause of action upon which relief can be granted.

### AS FOR A SECOND DEFENSE,
### MERCK ALLEGES:

121.   Any product for which it was responsible at the time of the occurrence or injuries alleged by plaintiff were not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by plaintiff were legally adequate warnings and instructions.

### AS FOR A THIRD DEFENSE,
### MERCK ALLEGES:

122.   The occurrence and injuries alleged by plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of plaintiff and/or third parties over whom Merck had no control and for whom Merck is not responsible.

### AS FOR A FOURTH DEFENSE,
### MERCK ALLEGES:

123.   If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of person not having

779509v.1

real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A FIFTH DEFENSE,
### MERCK ALLEGES:

124.    The occurrence and injuries alleged by plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by plaintiff. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to plaintiff or any other parties.

### AS FOR A SIXTH DEFENSE,
### MERCK ALLEGES:

125.    If plaintiff sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

### AS FOR A SEVENTH DEFENSE,
### MERCK ALLEGES:

126.    If plaintiff sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

779509v.1

## AS FOR AN EIGHTH DEFENSE,
## MERCK ALLEGES:

127.    The injuries and damages alleged in plaintiff's Complaint were the result of

unavoidable circumstances that could not have been prevented by anyone, including Merck.

## AS FOR A NINTH DEFENSE,
## MERCK ALLEGES:

128.    Any and all damages alleged by plaintiff were caused by misuse of the product or

products at issue in this case, failure to use the product or products properly, and/or alteration or

negligent use of the product or products.

## AS FOR A TENTH DEFENSE,
## MERCK ALLEGES:

129.    Plaintiff cannot recover under the Complaint because the product at issue was

made in accordance with the state of the art at the time it was manufactured.

## AS FOR AN ELEVENTH DEFENSE,
## MERCK ALLEGES:

130.    Plaintiff's claims are barred by plaintiff's contributory negligence and the

contributory negligence of others.

## AS FOR A TWELFTH DEFENSE,
## MERCK ALLEGES:

131.    Plaintiff's claims are barred by plaintiff's express and/or implied assumption of

the risks, if any, inherent in the alleged use of the product or products at issue.

779509v.1

**AS FOR A THIRTEENTH DEFENSE,
MERCK ALLEGES:**

132.    Each and every claim asserted or raised in the Complaint is barred by the doctrine

of res judicata.

**AS FOR A FOURTEENTH DEFENSE,
MERCK ALLEGES:**

133.    Each and every claim asserted or raised in the Complaint is barred by the doctrine

of payment and release.

**AS FOR A FIFTEENTH DEFENSE,
MERCK ALLEGES:**

134.    Each and every claim asserted or raised in the Complaint is barred by the doctrine

of laches.

**AS FOR A SIXTEENTH DEFENSE,
MERCK ALLEGES:**

135.    The benefits of the product or products at issue outweigh the risks, if any, which

may be attendant to their use.

**AS FOR A SEVENTEENTH DEFENSE,
MERCK ALLEGES:**

136.    The damages and injuries alleged, if any, were caused or enhanced by a

preexisting medical condition of plaintiff that were not related to any product manufactured by

Merck.

779509v.1

## AS FOR AN EIGHTEENTH DEFENSE,
## MERCK ALLEGES:

137.    Each and every claim asserted or raised in the Complaint is barred by the doctrine set forth in Comment k of the Restatement (Second) of Torts § 402A as to the product or products at issue.

## AS FOR A NINETEENTH DEFENSE,
## MERCK ALLEGES:

138.    Plaintiff's claims are barred in whole or in part pursuant to comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTIETH DEFENSE,
## MERCK ALLEGES:

139.    Plaintiff's claims are barred in whole or in part pursuant to comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIRST DEFENSE,
## MERCK ALLEGES:

140.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-SECOND DEFENSE,
## MERCK ALLEGES:

141.    Any warnings which Merck gave were transmitted to the prescribing physicians and/or health care providers and that, under Missouri law, Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

779509v.1

## AS FOR A TWENTY-THIRD DEFENSE,
## MERCK ALLEGES:

142.    Plaintiff's claims are barred by the intervention of a learned intermediary or intermediaries whose acts, omissions, or fault are the cause of plaintiff's injuries, damages, or losses, if any.

## AS FOR A TWENTY-FOURTH DEFENSE,
## MERCK ALLEGES:

143.    Merck has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations.  Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber.  The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration.  Therefore, plaintiff's claims are preempted.

## AS FOR A TWENTY-FIFTH DEFENSE,
## MERCK ALLEGES:

144.    Plaintiff's claims are barred by the applicable statute(s) of limitations.

## AS FOR A TWENTY-SIXTH DEFENSE,
## MERCK ALLEGES:

145.    If plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of plaintiff and/or third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in plaintiff's favor, the amount of such judgment must be reduced under the doctrine of comparative fault.

779509v.1

## AS FOR A TWENTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

146.    Merck is unaware at this time of any settlement by any alleged joint tortfeasor. However, in the event any settlement is or has been made by any alleged joint tortfeasor, Merck is entitled to a credit/offset for such settlement.

## AS FOR A TWENTY-EIGHTH DEFENSE,
## MERCK ALLEGES:

147.    The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

## AS FOR A TWENTY-NINTH DEFENSE,
## MERCK ALLEGES:

148.    Plaintiff knew of the existence of the risks complained of in the Complaint, realized and appreciated the possibilities of injury as a result of the risk, and having had a reasonable opportunity to avoid it, voluntarily exposed himself to the risk.

## AS FOR A THIRTIETH DEFENSE,
## MERCK ALLEGES:

149.    At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

779509v.1

### AS FOR A THIRTY-FIRST DEFENSE,
### MERCK ALLEGES:

150.     Merck made no express or implied representations or warranties of any kind to plaintiff, nor did plaintiff rely on any representations or warranties made by Merck.  To the extent plaintiff relied upon any representations or warranties, such reliance was unjustified.

### AS FOR A THIRTY-SECOND DEFENSE,
### MERCK ALLEGES:

151.     Merck did not breach any duty of care to plaintiff.

### AS FOR A THIRTY-THIRD DEFENSE,
### MERCK ALLEGES:

152.     Plaintiff's claims are barred by the doctrine of estoppel.

### AS FOR A THIRTY-FOURTH DEFENSE,
### MERCK ALLEGES:

153.     Plaintiff's claims are barred by the doctrine of waiver.

### AS FOR A THIRTY-FIFTH DEFENSE,
### MERCK ALLEGES:

154.     Plaintiff has failed to join all necessary and indispensable parties.

### AS FOR A THIRTY-SIXTH DEFENSE,
### MERCK ALLEGES:

155.     Plaintiff's claims are barred because plaintiff has failed and refused to mitigate his alleged damages.

779509v.1

## AS FOR A THIRTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

156.    Merck did not violate any state or federal statute, regulation or ordinance to cause plaintiff's alleged injuries.

## AS FOR A THIRTY-EIGHTH DEFENSE,
## MERCK ALLEGES:

157.    Plaintiff's claims are barred in whole or in part due to a lack of notice or lack of privity.

## AS FOR A THIRTY-NINTH DEFENSE,
## MERCK ALLEGES:

158.    To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FORTIETH DEFENSE,
## MERCK ALLEGES:

159.    Plaintiff's claims are barred, in whole or in part, because plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A FORTY-FIRST DEFENSE,
## MERCK ALLEGES:

160.    To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

779509v.1

## AS FOR A FORTY-SECOND DEFENSE,
## MERCK ALLEGES:

161.   Plaintiff's claims of fraud are barred by reason of plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

## AS FOR A FORTY-THIRD DEFENSE,
## MERCK ALLEGES:

162.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

## AS FOR A FORTY-FOURTH DEFENSE,
## MERCK ALLEGES:

163.   A finding of liability under current Missouri law and procedure would violate defendant's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

    a.    Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

        i.    This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

779509v.1

ii.    Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

iii.    This also denies defendant any meaningful review by the trial court of the submissibility of plaintiff's claims as to certain defects, and

iv.    This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which plaintiff does not have substantial evidence, a defect never claimed by plaintiff's experts or a defect never mentioned in the evidence at the trial.

b.    Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.    Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

779509v.1

## AS FOR A FORTY-FIFTH DEFENSE,
## MERCK ALLEGES:

164.     Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

## AS FOR A FORTY-SIXTH DEFENSE,
## MERCK ALLEGES:

165.     Plaintiff fails to allege facts from which it can reasonably inferred to the level of clear and convincing proof that defendant acted with complete indifference to or conscious disregard for the safety of others.

## AS FOR A FORTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

166.     Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

## AS FOR A FORTY-EIGHTH DEFENSE,
## MERCK ALLEGES:

167.     Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

- 25 -

### AS FOR A FORTY-NINTH DEFENSE,
### MERCK ALLEGES:

168.    Missouri standards for finding a defendant liable for punitive damages are so
vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth
Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri
Constitution, because it permits the imposition of a state fine without the defendant ever being
told the nature and cause of the offense with which the defendant was charged.

### AS FOR A FIFTIETH DEFENSE,
### MERCK ALLEGES:

169.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a
jury the authority to set fines.

### AS FOR A FIFTY-FIRST DEFENSE,
### MERCK ALLEGES:

170.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a
less than unanimous jury to impose the criminal penalty of punitive damages and permits
verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of
nine jurors to impose and set the amount of punitive damages, which group is different from the
group of nine that originally found the prerequisite liability for compensatory damages, so that
no group of nine may have agreed on the entire verdict upon which judgment is entered.

### AS FOR A FIFTY-SECOND DEFENSE,
### MERCK ALLEGES:

171.    Missouri's scheme for punitive damages, including without limitation, the
Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate,
both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to

- 26 -

779509v.1

the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the

Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I,

Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

    a.  Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

    b.  Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

    c.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

    d.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

    e.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

    f.  Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

    g.  Missouri law allows multiple punitive damage awards for the same conduct;

    h.  Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive

- 27 -

damages award in light of the amount of punitive damages awarded in other, comparable cases;

i.  Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.  Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.  Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.  Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly on the basis of economic status bearing no relationship to the incident, the damages sustained by the plaintiff, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m.  Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to

- 28 -

redistribute income or wealth from those the jury believes have

wealth to those the jury believes have less or no wealth;

n.  Missouri law allows an award of punitive damages to be based

entirely on conduct occurring outside the state of Missouri; and

o.  Missouri law allows a less than unanimous jury to impose the

penalty of punitive damages and allows one group of nine jurors to

find the prerequisite liability for compensatory damages and

another group of nine to impose and set the amount of punitive

damages, so that no group of nine jurors agrees on the verdict upon

which judgment is entered.

### AS FOR A FIFTY-THIRD DEFENSE, MERCK ALLEGES:

172.    Missouri law requiring proof of punitive damages by clear and convincing

evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United

States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the

Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675

has criminalized punitive damages, so that a charge of punitive damages should be proven

beyond a reasonable doubt to a unanimous jury.

### AS FOR A FIFTY-FOURTH DEFENSE, MERCK ALLEGES:

173.    Plaintiffs are not entitled to recover exemplary or punitive damages because

exemplary or punitive damages in this case would result in a violation of Merck's constitutional

protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the

- 29 -

due process clause of the Fourteenth Amendment of the United States Constitution and

comparable provisions of the Constitution of the Commonwealth of Virginia.

## AS FOR A FIFTY-FIFTH DEFENSE,
## MERCK ALLEGES:

174.    Plaintiffs are not entitled to recover exemplary or punitive damages because

exemplary or punitive damages in this case would result in an unconstitutionally excessive fine

in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment

of the United States Constitution and comparable provisions of the Constitution of the

Commonwealth of Virginia.

## AS FOR A FIFTY-SIXTH DEFENSE,
## MERCK ALLEGES:

175.    Plaintiffs are not entitled to recover exemplary or punitive damages because

exemplary or punitive damages in this case would result in a violation of the prohibition against

ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10

of Article I of the United States Constitution and comparable provisions of the Constitution of

the Commonwealth of Virginia.

## AS FOR A FIFTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

176.    Plaintiffs are not entitled to recover exemplary or punitive damages because

Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of

the Fifth and Fourteenth Amendments to the United States Constitution and comparable

provisions of the Constitution of the Commonwealth of Virginia because there are not realistic

standards or limits imposed on the amount of punitive damages which may be awarded, and no

779509v.1

required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

## AS FOR A FIFTY-EIGHTH DEFENSE,
## MERCK ALLEGES:

177.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the Commonwealth of Virginia because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR A FIFTY-NINTH DEFENSE,
## MERCK ALLEGES:

178.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the Commonwealth of Virginia because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

## AS FOR A SIXTIETH DEFENSE,
## MERCK ALLEGES:

179.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Constitution of the Commonwealth of Virginia.

- 31 -

**AS FOR A SIXTY-FIRST DEFENSE,**
**MERCK ALLEGES:**

180.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Constitution of the Commonwealth of Virginia.

**AS FOR A SIXTY-SECOND DEFENSE,**
**MERCK ALLEGES:**

181.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence. Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Constitution of the Commonwealth of Virginia.

**AS FOR A SIXTY-THIRD DEFENSE,**
**MERCK ALLEGES:**

182.    Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the Commonwealth of Virginia.

**AS FOR A SIXTY-FOURTH DEFENSE,**
**MERCK ALLEGES:**

183.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SIXTY-FIFTH DEFENSE,
### MERCK ALLEGES:

184.    This case is more appropriately brought in a different venue.

### AS FOR A SIXTY-SIXTH DEFENSE,
### MERCK ALLEGES:

185.    Venue in this case is improper.

### AS FOR A SIXTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

186.    Plaintiff should not be afforded the right to a jury trial on his claims for punitive damages.

### AS FOR A SIXTY-EIGHTH DEFENSE,
### MERCK ALLEGES:

187.    Plaintiff is not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

### AS FOR A SIXTY-NINTH DEFENSE,
### MERCK ALLEGES:

188.    Plaintiff lacks standing to assert claims under Missouri Merchandising Practices Act or any Missouri consumer protection statute.

### AS FOR A SEVENTIETH DEFENSE,
### MERCK ALLEGES:

189.    Merck lacked the requisite scienter and did not consciously or deliberately engage in or perpetuate any fraud with respect to the plaintiff.

- 33 -

## AS FOR A SEVENTY-FIRST DEFENSE,
## MERCK ALLEGES:

190.    Merck avers that any award of punitive damages to the plaintiff in this case will
be violative of the procedural safeguards provided to defendants under the Sixth Amendment to
the Constitution of the United States in that punitive damages are penal in nature and,
consequently, Merck is entitled to the same procedural safeguards accorded to criminal
defendants.

## AS FOR A SEVENTY-SECOND DEFENSE,
## MERCK ALLEGES:

191.    The Complaint and the causes of action contained therein is barred in whole or in
part by the U.S. Constitution, article I, section VIII, clause 3 to the extent they seek to regulate
Merck's practices outside of Missouri.  That constitutional provision prohibits a State from
regulating conduct that occurs wholly outside of its borders.

## AS FOR A SEVENTY-THIRD DEFENSE,
## MERCK ALLEGES:

192.    To the extent plaintiff seeks punitive damages for the conduct that allegedly
caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's
state and federal constitutional rights.

## AS FOR A SEVENTY-FOURTH DEFENSE,
## MERCK ALLEGES:

193.    Merck hereby gives notice that it intends to rely upon such other defenses as may
become available or appear during discovery proceeding in this case and hereby reserves the
right to amend its answer to assert any such defense.

779509v.1

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Merck & Co., Inc. respectfully requests that plaintiff take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel

Dan H. Ball
Robert T. Ebert, Jr.
Stephen G. Strauss
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Phone:  314-259-2000
Fax:  314-259-2020

Counsel for Merck & Co., Inc.

779509v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Answer and Defenses to Plaintiff's Petition has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 8th day of July, 2005.

_Dorothy H. Wimberly_