

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12 A 10: 40

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

DON HUBBARD, et al       *

versus       *

MERCK & CO, INC., et al

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MDL 1657

Docket No.  05-0953
Section L

*     Judge Fallon
*     Mag.  Judge Knowles

### AFFIRMATIVE DEFENSES AND ANSWER

NOW INTO COURT, comes defendant, **Allen Dickson, Inc.** (hereinafter referred to as "Dickson") in the above captioned matter, who submits the following Answer and Affirmative Defenses to the Complaint of Don Hubbard, et al:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted and further fails to entitle plaintiffs to the relief sought, or to any other relief whatsoever from Dickson.

### SECOND DEFENSE

Plaintiffs' claims are barred by the applicable prescriptive periods or statutes of limitations provided for such claims.

____ Fee_____
__X__ Process_____
____ Dktd_____
____ CtRmDep_____
____ Doc. No._____

## THIRD DEFENSE

Dickson denies that the products distributed by it caused or contributed to the alleged injuries of plaintiffs and further denies that it is liable to plaintiffs for the claims alleged or for any other claims whatsoever.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the Louisiana Products Liability Act, LSA R.S. 9:2800.51, *et seq*, and Dickson hereby pleads all of the limitations and defenses set forth therein.

## FIFTH DEFENSE

Plaintiffs assumed the risk of any injury or damage alleged in the Complaint.

## SIXTH DEFENSE

Plaintiffs failed to limit or mitigate their own losses.

## SEVENTH DEFENSE

Dickson asserts that any injury or damages alleged in the Complaint, which injuries and/or damages at all times are denied, were caused solely by the acts, wrongs, or omissions of plaintiffs; or by pre-existing conditions; or by other persons, entities or forces over whom Dickson had no control and for which Dickson is not responsible.

## EIGHTH DEFENSE

Any injury or damage sustained by plaintiffs were caused by intervening or superseding events, factors, occurrences or conditions which were not caused by Dickson and for which Dickson is not liable.

## NINTH DEFENSE

In the event that Dickson is found to be at fault for the damages complained of herein, which is at all times specifically denied, then in that event, Dickson avers that any injury or damages alleged in the Complaint were caused by the contributory and/or comparative negligence of plaintiffs, thereby barring Plaintiffs' recovery, in whole or in part.

## TENTH DEFENSE

Dickson, while denying that any product distributed by it caused or contributed to any injury incurred by plaintiffs, asserts that plaintiffs were warned or was otherwise made aware of the alleged dangers of the product, and further, any such alleged dangers were not beyond those which would have been contemplated by an ordinary consumer of the product. Plaintiffs are thereby estopped from any recovery on the claims asserted.

## ELEVENTH DEFENSE

Dickson did not make any material representation of fact regarding the products it distributes which was not true, or if such representation was made, which Dickson specifically denies, then Dickson did not make such representation with the intent to either deceived or to induce plaintiffs to act in justifiable reliance.

## TWELFTH DEFENSE

Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of Dickson, and did not act upon any statement, representation advice or conduct to their detriment.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because of Plaintiffs' lack of awareness of, or lack of reliance upon, the representations alleged.

## FOURTEENTH DEFENSE

Dickson asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have know of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Complaint; (2) the alleged danger of any such design characteristics.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches, waiver, estoppel and/or statutory and regulatory compliance.

## SIXTEENTH DEFENSE

Dickson invokes each and every constitutional defense available to it under the Constitution of Louisiana and the Constitution of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to Complaint the government for redress of grievances, and limitations on compensatory and punitive damages.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiff, or any state entity acting on behalf of plaintiffs, have released, settled, entered into an accord and satisfaction or

otherwise compromised their claims.

## EIGHTEENTH DEFENSE

Dickson is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by plaintiffs, or any state entity acting on behalf of plaintiffs, with respect to the same alleged injuries.  Dickson is also entitled to have any damages that may be awarded to plaintiffs reduced by the value of any benefit or payment to plaintiffs, or any state entity acting on behalf of plaintiffs, from any collateral source.

## NINETEENTH DEFENSE

Where applicable, Plaintiffs' claims are barred, in whole or in part, by executed releases and/or the doctrines of *res judicata* and estoppel.

## TWENTIETH DEFENSE

Dickson asserts that it has complied with all applicable state and federal laws relating to the distribution and/or sale of pharmaceuticals.

## TWENTY-FIRST DEFENSE

Dickson asserts that to the extent plaintiffs assert claims based on Dickson's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States.

## TWENTY-SECOND DEFENSE

Plaintiffs claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration

under 21 U.S.C. §301.

### TWENTY-THIRD DEFENSE

To the extent plaintiffs assert claims based upon an alleged failure by Dickson to warn plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned-intermediary doctrine.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the "directions or warning" as to the use of VIOXX® were adequate under the law.

### TWENTY-FIFTH DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, which is expressly denied, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Dickson is not responsible.

### TWENTY-SIXTH DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, which is expressly denied, such injuries or losses resulted from Plaintiffs' misuse or abuse of VIOXX® thereby barring recovery.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred as plaintiffs failed to read and/or head any warning that may have been provided.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the product at issue was distributed in accordance with the state of the art at the time it was distributed, thereby barring any recovery by plaintiffs.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because there existed no privity between plaintiffs and Dickson.

### THIRTIETH DEFENSE

Plaintiffs are not entitled to punitive damages under Louisiana Law.

### THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to recovery under the La. Unfair Trade Practices Act as plaintiffs have failed to give notice to the La. Attorney General as required by the Act.

### THIRTY-SECOND DEFENSE

Plaintiffs have failed to plead fraud with particularity as required by Louisiana Code of Civil Procedure article 856.

### THIRTY-THIRD DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Dickson in that they failed to notify Dickson of any alleged defect in the product.

### THIRTY-FOURTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Dickson in that

Dickson owed no warranty to plaintiffs for defects that were known to plaintiffs or should have been discovered by a reasonably prudent buyer.

## THIRTY-FIFTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Dickson in that no redhibitory defect exists in VIOXX®.

## THIRTY-SIXTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Dickson in that the thing sold was fit for its ordinary use.

## THIRTY-SEVENTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Dickson in that plaintiffs failed to tender the product for repair or return of the purchase price.

## THIRTY-EIGHTH DEFENSE

Dickson adopts and incorporates by reference any affirmative defense asserted by the other defendants to this action, to the extent such affirmative defense applies to Dickson, and further reserves the right to assert any other defense that may become available or appear during the discovery proceedings or otherwise in this case.

## THIRTY-NINTH DEFENSE

Dickson hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case, including defenses that may be available under the laws of any state other than Louisiana, should such state's laws apply to

this case.

**AND NOW FOR ANSWER TO PLAINTIFFS' COMPLAINT:**

## PRELIMINARY STATEMENT

Dickson states that it is answering Plaintiffs' allegations on behalf of itself only, even when Plaintiffs' allegations refer to alleged conduct by Dickson and other persons or entities. The Complaint improperly and repeatedly refers to Dickson and the other defendant on a collective basis and fails to plead with the requisite particularity allegations against Dickson. To the extent that any specific allegations are made, or intended to be made against Dickson that are not specifically admitted herein, they are denied.

## RESPONSE TO COMPLAINT

1.

Dickson denies the allegations set forth in Paragraph 1 of Plaintiffs' Complaint. There is no legal or factual basis for the relief sought, for class action treatment or for medical monitoring.

2.

Dickson denies the allegations set forth in Paragraph 2 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein, including its subparts (a) through (h). Dickson avers that certification of any class or subclass is not appropriate under Louisiana Code of Civil Procedure article 591 or Federal Rules of Civil Procedure Rule 23.

3.

Dickson denies the allegations set forth in Paragraph 3 of Plaintiffs' Complaint, including subparts (a) through (e) and the sub-subparts (A) through (J).  Dickson avers that certification of any class or subclass is not appropriate under Louisiana Code of Civil Procedure article 591 or Federal Rules of Civil Procedure Rule 23.

4.

Dickson denies the allegations set forth in Paragraph 4 of Plaintiffs' Complaint. Dickson avers that certification of any class or subclass is not appropriate under Louisiana Code of Civil Procedure article 591 or Federal Rules of Civil Procedure Rule 23.

5.

Dickson denies the allegations set forth in Paragraph 5 of Plaintiffs' Complaint.  Dickson avers that certification of any class or subclass is not appropriate under Louisiana Code of Civil Procedure article 591 or Federal Rules of Civil Procedure Rule 23.

6.

Dickson denies the allegations for lack of sufficient information to justify a belief therein except to admit that Dickson is a Texas Corporation authorized to do business in the State of Louisiana.

**RESPONSE TO VENUE AND JURISDICTION**

7.

The allegations of Paragraph 7 are legal conclusions and do not require an answer of this

defendant.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8.

The allegations in the first sentence of Paragraph 8 are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.  The allegations in the second sentence are denied for lack of sufficient information to justify a belief therein.  The allegations in the third and fourth sentence are denied except to admit that Dickson is authorized to do business in Louisiana.

9.

The allegations in Paragraph 9 of Plaintiffs' Complaint are denied.

10.

The allegations in Paragraph 10 of Plaintiffs' Complaint are denied  to the extent that they seek to impose liability of any nature upon Dickson. .

11.

The allegations in Paragraph 11 of Plaintiffs' Complaint do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied to the extent that they seek to impose liability of any nature upon Dickson.

### RESPONSE TO FACTS

12.

The allegations in Paragraph 12 of plaintiffs' Complaint do not contain any allegations

against Dickson and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 12 of plaintiff's Complaint in so far as it seeks to impose liability of any nature upon Dickson.

13.

The allegations in Paragraph 13 of plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 13 of plaintiff's Complaint in so far as it seeks to impose liability of any nature upon Dickson

.                                                                        14.

The allegations in Paragraph 14 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 14 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

15.

The allegations in Paragraph 15 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 15 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

16.

The allegations in Paragraph 16 of Plaintiffs' Complaint do not contain any allegations

against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 16 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

17.

The allegations in Paragraph 17 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 17 of Plaintiffs' Complaint in so far as it seeks to impose liability of any nature upon Dickson.

18.

The allegations in Paragraph 18 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 18 of Plaintiffs' Complaint in so far as it seeks to impose liability of any nature upon Dickson.

19.

The allegations in Paragraph19 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 19 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

20.

The allegations in Paragraph 20 of Plaintiffs' Complaint do not contain any allegations

against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 20 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

21.

The allegations in Paragraph 21 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 21 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

22.

The allegations in Paragraph 22 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 22 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

23.

The allegations in Paragraph 23 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 23 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

24.

The allegations in Paragraph 24 of Plaintiffs' Complaint do not contain any allegations

against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 24 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

25.

The allegations in Paragraph 25 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 25 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

26.

The allegations in Paragraph 26 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 26 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

27.

The allegations in Paragraph 27 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 27 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

28.

The allegations in Paragraph 28 of Plaintiffs' Complaint do not contain any allegations

against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 28 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

29.

The allegations in Paragraph 29 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 29 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

30.

The allegations in Paragraph 30 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 30 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

31.

The allegations in Paragraph 31 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 31 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

32.

The allegations in Paragraph 32 of Plaintiffs' Complaint do not contain any allegations

against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 32 of Plaintiffs' Complaint in so far as it seeks to impose liability of any nature upon Dickson.

33.

The allegations in Paragraph 33 of Plaintiffs' Complaint are denied.

34.

The allegations in Paragraph 34 of Plaintiffs' Complaint are denied.

35.

The allegations in Paragraph 35 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 35 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

36.

The allegations in Paragraph 36 of Plaintiffs' Complaint do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph 36 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

**RESPONSE TO FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFFS**

37.

The allegations in Paragraph 37 of Plaintiffs' Complaint are denied.

38.

Dickson denies the allegations of Paragraph 38 not directed at Dickson for lack of sufficient

information to justify a belief therein.  The remaining allegations in Paragraph 38(A) through (H)

of Plaintiffs' Complaint are denied.

39.

The allegations in Paragraph 39 of Plaintiffs' Complaint are denied.

40.

The allegations in Paragraph 40 of Plaintiffs' Complaint are denied.  Defendant respectfully

submits that conflict of law rules prohibit the application of New Jersey law to it.

## RESPONSE TO COUNT 1
## FIRST CAUSE OF ACTION: Negligence

41.

With respect to the allegations contained in Paragraph 41 of the Complaint, Dickson repeats

and realleges each and every denial, averment and statement contained in this Answer with the same

force and effect as though set forth here in full.

42.

The allegations in Paragraph 42 of Plaintiffs' Complaint are a legal conclusion to which no

answer is required.  Should a response be deemed required, Dickson denies said allegations.

43.

The allegations in Paragraph 43 of Plaintiffs' Complaint are denied.

44.

The allegations in Paragraph 44 of Plaintiffs' Complaint are denied in so far as it seeks to impose liability of any nature upon Dickson.

45.

The allegations in Paragraph 45 of Plaintiffs' Complaint are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied in so far as it seeks to impose liability of any nature upon Dickson.

46.

The allegations in Paragraph 46, including subparts (a) through (p) of Plaintiffs' Complaint are denied to the extent that they seek to impose liability of any nature upon Dickson.  Dickson further alleges that the Food and Drug Administration approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in Food and Drug Administration-approved prescribing information.

47.

The allegations in Paragraph 47 of Plaintiffs' Complaint are denied.

48.

The allegations in Paragraph 48 of Plaintiffs' Complaint are denied.

49.

The allegations in Paragraph 49 of Plaintiffs' Complaint are denied.

50.

The allegations in Paragraph 50 of Plaintiffs' Complaint are denied.

51.

The allegations in Paragraph 51 of Plaintiffs' Complaint are denied.

## RESPONSE TO COUNT II
## SECOND CAUSE OF ACTION: Negligence Per Se

52.

With respect to the allegations contained in paragraph 52 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

53.

The allegations in Paragraph 53 of Plaintiffs' Complaint are legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it.

54.

The allegations in Paragraph 54 of Plaintiffs' Complaint are legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it.

55.

The allegations in Paragraph 55 of Plaintiffs' Complaint are legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws

applicable to it.  Dickson further alleges that conflict of laws rules prohibit the application of New

Jersey law to it.

56.

The allegations in Paragraph 56 of Plaintiffs' Complaint are legal conclusions to which no

answer is required.  Should a response be deemed required, Dickson denies that it violated any laws

applicable to it and further denies the allegations in Paragraph 56 in so far as they seek to impose

liability on Dickson.

57.

The allegations in Paragraph 57 of Plaintiffs' Complaint are legal conclusions to which no

answer is required.  Should a response be deemed required, Dickson denies that it violated any laws

applicable to it and further denies the allegations in Paragraph 57 in so far as they seek to impose

liability on Dickson.

58.

The allegations in Paragraph 58 of Plaintiffs' Complaint are denied.

**RESPONSE TO COUNT III**
**THIRD CAUSE OF ACTION: Strict Product Liability**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson**

**for Strict Product Liability.**

59.

With respect to the allegations contained in paragraph 59 of the Complaint, Dickson repeats

and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

60.

The allegations in Paragraph 60 of Plaintiffs' Complaint contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it and further denies that it is a manufacturer under the Louisiana Products Liability Act.

61.

The allegations in Paragraph 61 of Plaintiffs' Complaint contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it and further denies that it is a manufacturer under the Louisiana Products Liability Act.

62.

The allegations in Paragraph 62 of Plaintiffs' Complaint contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it  and further denies the allegations in so far as they seek to impose liability upon Dickson.

63.

The allegations in Paragraph 63 of Plaintiffs' Complaint contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies the allegations in so

far as they seek to impose liability upon Dickson.

64.

The allegations in Paragraph 64 of Plaintiffs' Complaint are denied.

65.

The allegations in Paragraph 65 of Plaintiffs' Complaint are denied.

66.

The allegations in Paragraph 66 of Plaintiffs' Complaint are denied.

67.

The allegations in Paragraph 67 of Plaintiffs' Complaint are denied.

68.

The allegations in Paragraph 68 of Plaintiffs' Complaint are denied.

69.

The allegations in Paragraph 69 are denied.  Defendant respectfully submits that conflict of

law rules prohibit the application of New Jersey law to it.

## RESPONSE TO COUNT IV
## FOURTH CAUSE OF ACTION: Strict Product Liability -
## Restatement Second of Torts 402a (1965)

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson**

**for Strict Product Liability - Restatement Second of Torts 402a(1965)**

70.

With respect to the allegations contained in paragraph 70 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

71.

The allegations in Paragraph 71 of Plaintiffs' Complaint contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it; denies that it is a manufacturer of VIOXX®;  and further denies the allegations for lack of sufficient information to justify a belief therein.

72.

The allegations in Paragraph 72 of Plaintiffs' Complaint contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it; denies that it is a manufacturer of VIOXX®;  and further denies the allegations for lack of sufficient information to justify a belief therein.

73.

The allegations in Paragraph 73 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

74.

The allegations in Paragraph 74 of Plaintiffs' Complaint are denied.

75.

The allegations in Paragraph 75 of Plaintiffs' Complaint are denied.

76.

The allegations in Paragraph 76 of Plaintiffs' Complaint are denied.

77.

The allegations in Paragraph 77 of Plaintiffs' Complaint are denied.

## RESPONSE TO COUNT V
## FIFTH CAUSE OF ACTION - Breach of Express Warranty

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson for Breach of Express Warranty**

78.

With respect to the allegations contained in Paragraph 78 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

79.

The allegations in Paragraph 79 of Plaintiffs' Complaint are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are denied in so far as it seeks to impose liability of any nature upon Dickson.

80.

The allegations in Paragraph 80 of Plaintiffs' Complaint are denied.

81.

The allegations in Paragraph 81 of Plaintiffs' Complaint are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied in so far as it seeks to impose liability of any nature upon Dickson.

82.

The allegations in Paragraph 82 of Plaintiffs' Complaint are denied.

83.

The allegations in Paragraph 83 of Plaintiffs' Complaint are denied.

84.

The allegations in Paragraph 84 of Plaintiffs' Complaint are denied.

## RESPONSE TO COUNT VI:

### SIXTH CAUSE OF ACTION - Breach of Implied Warranty

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson for Breach of Implied Warranty**

85.

With respect to the allegations contained in paragraph 85 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

86.

The allegations in Paragraph 86 of Plaintiffs' Complaint are legal conclusions and do not

require an answer of this defendant.  Should an answer be deemed necessary, the allegations are

denied in so far as it seeks to impose liability of any nature upon Dickson.

87.

The allegations in Paragraph 87 of Plaintiffs' Complaint are denied.

88.

The allegations in Paragraph 88 of Plaintiffs' Complaint are denied.

89.

The allegations in Paragraph 89 of Plaintiffs' Complaint are denied.

**RESPONSE TO COUNT VII:**
**SEVENTH CAUSE OF ACTION - Violation of N.J. Consumer Fraud Act and**
**Louisiana Unfair Trade Practices and Consumer Protection Act**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson**

**Violation of N. J. Consumer Fraud Act and Louisiana Unfair Trade Practices and Consumer**

**Protection Act.**

90.

With respect to the allegations contained in Paragraph 90 of the Complaint, Dickson repeats

and realleges each and every denial, averment and statement contained in this Answer with the same

force and effect as though set forth here in full.

91.

The allegations in Paragraph 91 of this Complaint do not require an answer from this

defendant.  Should an answer be deemed required, Dickson denies that it violated any applicable

laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

92.

The allegations in Paragraph 92 of this Complaint contain legal conclusions to which no answer is required.  Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

93.

The allegations in Paragraph 93 are denied except to admit that Dickson is a wholesale distributor of pharmaceutical products including VIOXX®.

94.

The allegations in Paragraph 94 of this Complaint contain legal conclusions to which no answer is required.  Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

95.

The allegations in Paragraph 95 of this Complaint are denied

96.

The allegations in Paragraph 96 of this Complaint are denied

97.

The allegations in Paragraph 97 of this Complaint are denied

98.

The allegations in Paragraph 98 of this Complaint are denied

99.

The allegations in Paragraph 99 of this Complaint are denied

100.

The allegations in Paragraph 100 of this Complaint are denied

101.

The allegations in Paragraph 101 of this Complaint are denied

102.

The allegations in Paragraph 102 of this Complaint are denied

103.

The allegations in Paragraph 103 of Plaintiffs' Complaint are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied in so far as it seeks to impose liability of any nature upon Dickson.

104.

The allegations in Paragraph 104 of this Complaint are denied

105.

The allegations in Paragraph 105 of this Complaint are denied

106.

The allegations in Paragraph 106 of this Complaint are denied

107.

The allegations in Paragraph 107 of this Complaint are denied

108.

The allegations in Paragraph 108 of this Complaint are denied

109.

The allegations in Paragraph 109 of this Complaint are denied

110.

The allegations in Paragraph 110 contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

111.

The allegations in Paragraph 111 contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

112.

The allegations in Paragraph 112 contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

113.

The allegations in Paragraph 113 of this Complaint are denied

114.

The allegations in Paragraph 114 of this Complaint are denied

115.

The allegations in Paragraph 115 of this Complaint are denied

116.

The allegations in Paragraph 116 of this Complaint are denied

117.

The allegations in Paragraph 117 of this Complaint are denied

118.

The allegations in Paragraph 118 of this Complaint are denied  and specifically denies that plaintiff is entitled to punitive damages.

119.

Dickson denies that plaintiff is entitled to the relief sought in Paragraph 119.

120.

Dickson denies that plaintiff is entitled to the relief sought in Paragraph 120.

121.

The allegations in Paragraph 121 of this Complaint are denied.

122.

The allegations in Paragraph 122 of this Complaint are denied.

**RESPONSE TO COUNT VIII:**

**EIGHTH CAUSE OF ACTION - Medical Monitoring**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson for Medical Monitoring.**

123.

With respect to the allegations contained in paragraph 123 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

124.

The allegations of Paragraph 124 of Plaintiffs' Complaint are denied.

125.

The allegations of Paragraph 125 of Plaintiffs' Complaint are denied.

126.

The allegations of Paragraph 126 of Plaintiffs' Complaint are denied.

127.

The allegations of Paragraph 127 of Plaintiffs' Complaint are denied.

128.

The allegations of Paragraph 128 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

129.

The allegations of Paragraph 129 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein

130.

The allegations of Paragraph 130 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein

131.

The allegations of Paragraph 131 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein

132.

The allegations of Paragraph 132 of Plaintiffs' Complaint, including subparts (A) through (H) are denied.

133.

The allegations of Paragraph 133 of Plaintiffs' Complaint are denied.

134.

The allegations of Paragraph 134 of Plaintiffs' Complaint are denied.

135.

The allegations of Paragraph 135 of Plaintiffs' Complaint are denied.

**RESPONSE TO COUNT IX:**
**NINTH CAUSE OF ACTION - Unjust Enrichment**

136.

With respect to the allegations contained in paragraph 136 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

137.

The allegations of Paragraph 137 of Plaintiffs' Complaint are denied.

138.

The allegations of Paragraph 138 of Plaintiffs' Complaint are denied.

**RESPONSE TO COUNT X:**
**TENTH CAUSE OF ACTION - Redhibition**

139.

With respect to the allegations contained in paragraph 139 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

140.

The allegations of Paragraph 140 of Plaintiffs' Complaint are denied.

141.

The allegations of Paragraph 141 of Plaintiffs' Complaint are denied.

142.

The allegations of Paragraph 142 of Plaintiffs' Complaint are denied.

143.

The allegations of Paragraph 143 of Plaintiffs' Complaint are denied.

144.

The allegations of Paragraph 144 of Plaintiffs' Complaint are denied.

145.

The allegations in the first sentence of Paragraph 145 of Plaintiffs' Complaint are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are  denied in so far as it seeks to impose liability of any nature upon Dickson. The allegations in the second sentence of  Paragraph 145 of Plaintiffs' Complaint are denied.

146.

The allegations of Paragraph 146 of Plaintiffs' Complaint are denied.

## RESPONSE TO THE SECOND COUNT X -

### Products Liability - Defective Design (N.J.S.A. 2A:58C-2, *et seq*)

**CAVEAT (Affirmative Defense): Conflict of Laws Rules prohibit the application of New Jersey law to Dickson.**

147.

With respect to the allegations contained in paragraph 147 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full. Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

148.

The allegations of Paragraph 148 of Plaintiffs' Complaint are denied except to admit that Dickson is a wholesale distributor of Vioxx®.

149.

The allegations of Paragraph 149 of Plaintiffs' Complaint are denied.

150.

The allegations of Paragraph 150 of Plaintiffs' Complaint are denied.

151.

The allegations of Paragraph 151 of Plaintiffs' Complaint are denied.

152.

The allegations in Paragraph 152 are directed solely at Merck and therefore do not require an answer of this defendant.

153.

The allegations in Paragraph 152 are directed solely at Merck and therefore do not require an answer of this defendant.

154.

The allegations of Paragraph 154 of Plaintiffs' Complaint are denied.

**RESPONSE TO COUNT XI -**
**Products Liability - Failure to Warn (N.J.S.A. 2A:58C-2, *et seq*)**

**CAVEAT (Affirmative Defense): Conflict of Laws Rules prohibit the application of New Jersey law to Dickson.**

155.

With respect to the allegations contained in paragraph 155 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

156.

The allegations in Paragraph 156 are directed solely at Merck and therefore do not require an answer of this defendant.

157.

The allegations in Paragraph 157 of the Complaint are denied.

158.

The allegations in Paragraph 158 are directed solely at Merck and therefore do not require an answer of this defendant.

159.

The allegations in Paragraph 159 are directed solely at Merck and therefore do not require an answer of this defendant.

160.

The allegations in Paragraph 160 of the Complaint are denied.

161.

The allegations in Paragraph 161 are directed solely at Merck and therefore do not require an answer of this defendant.

## RESPONSE TO COUNT XII -
### New Jersey Consumer Fraud Act (N.J.S.A. 56:8-2, *et seq*)

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson for Violation of the N. J. Consumer Fraud Act**

162.

With respect to the allegations contained in paragraph 162 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full. Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

163.

The allegations in Paragraph 163 contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies the allegations.

164.

The allegations in Paragraph 164 are directed solely at Merck and therefore do not require an answer of this defendant.

165.

The allegations in Paragraph 165 are directed solely at Merck and therefore do not require

an answer of this defendant.

166.

The allegations in Paragraph 166 are directed solely at Merck and therefore do not require an answer of this defendant.

167.

The allegations in Paragraph 167 of the Complaint are denied.

168.

The allegations in Paragraph 168 of the Complaint are denied.

169.

The allegations in Paragraph 169 of the Complaint are denied.

170.

The allegations in Paragraph 170 of the Complaint are denied.  Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

171.

The allegations in Paragraph 171 are directed solely at Merck and therefore do not require an answer of this defendant.

172.

The allegations in Paragraph 172 are directed solely at Merck and therefore do not require an answer of this defendant.

173.

The allegations in Paragraph 173 of Plaintiffs' Complaint are denied.

174.

The allegations in Paragraph 174 are directed solely at Merck and therefore do not require an answer of this defendant.

175.

The allegations in Paragraph 175 are directed solely at Merck and therefore do not require an answer of this defendant.

176.

The allegations in Paragraph 176 contain legal conclusions and thus do not require an answer from this defendant.  Should an answer be deemed necessary, the allegations are denied.  Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

177.

The allegations in Paragraph 177 are directed solely at Merck and therefore do not require an answer of this defendant.

178.

The allegations in Paragraph 178 of Plaintiffs' Complaint are denied.

## RESPONSE TO COUNT XIII -
## Breach of Express Warranty

**CAVEAT (Affirmative Defense): Plaintiffs have failed to state a cause of action for Breach of**

**Express Warranty against Dickson.**

179.

With respect to the allegations contained in paragraph 179 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

180.

The allegations in Paragraph 180 are directed solely at Merck and therefore do not require an answer of this defendant.

181.                                                           •

The allegations in Paragraph 181 are directed solely at Merck and therefore do not require an answer of this defendant.

182.

The allegations in Paragraph 182 of Plaintiffs' Complaint are denied.

183.

The allegations in Paragraph 183 of Plaintiffs' Complaint are denied.

184.

The allegations in the first sentence of Paragraph 184 are directed solely at Merck and do not require an answer from this defendant. The allegations in the second sentence of Paragraph 184 are denied.

185.

The allegations in Paragraph 185 are directed solely at Merck and do not require an answer from this defendant.  Should an answer be deemed necessary, the allegations are denied.  Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

186.

The allegations in Paragraph 186 of Plaintiffs' Complaint are denied.

187.

The allegations in Paragraph 187 of Plaintiffs' Complaint are denied.

## RESPONSE TO
## ADDITIONAL ALLEGATIONS RE: LOUISIANA DISTRIBUTORS

188.

With respect to the allegations contained in paragraph 188 of the Complaint, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

189.

Dickson denies the allegations of Paragraph 189 of Plaintiffs' Complaint.

190.

Dickson denies the allegations of Paragraph 190 of Plaintiffs' Complaint.

191.

Dickson denies the allegations of Paragraph 191 of Plaintiffs' Complaint.

192.

Dickson denies the allegations of Paragraph 192 of Plaintiffs' Complaint.

193.

Dickson denies the allegations of Paragraph 193 of Plaintiffs' Complaint.

194.

Dickson denies the allegations of Paragraph 194 of Plaintiffs' Complaint.

**RESPONSE TO JURY REQUEST**

The allegations in paragraph titled "Jury Request" are a legal conclusion to which no answer

is required.

Defendant submits plaintiffs are not entitled to any of the relief sought in their prayer for

relief.

Respectfully submitted,

Thomas P. Anzelmo (Bar Roll #2533)
Catherine M. "Shelly" Williams (Bar Roll #24706)
McCranie, Sistrunk, Anzelmo,
        Hardy, Maxwell & McDaniel, PC
3445 N. Causeway Blvd.
Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
Counsel for Allen Dickson Inc.
tanzelmo@mcsalaw.com
cwilliams@mcsalaw.com

## CERTIFICATE OF SERVICE

I, Catherine M. Williams, certify that I served copies of the foregoing Answer, Affirmative Defenses and Request for Jury Trial on all parties by electronically uploading same to LexixNexis File an Serve in accordance with Pre Trial Orde No. 8, this 12th day of July, 2005.

Catherine M. Williams (Bar Roll No. 24706)