

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| FAY W.  GASPARD, as wrongful death beneficiary and representative of REYNOLD VICTOR GASPARD, DECEASED | * | MDC 1657 |
| | * | Docket No.  05-1700 |
| | | Section L |
| versus | | |
| | * | Judge Fallon |
| MERCK & CO., INC; et al | * | |
| | * | Mag.  Judge Knowles |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIRMATIVE DEFENSES AND ANSWER

NOW INTO COURT, comes defendant, **Morris & Dickson Co.  LLC** (incorrectly named as Morris & Dickson Company, Inc.) (hereinafter referred to as "Morris & Dickson") in the captioned matter, who submits the following Answer and Affirmative Defenses to the Petition of Fay W.  Gaspard, as wrongful death beneficiary and representative of Reynold Victor Gaspard, Deceased:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Petition fails to state facts sufficient to constitute a claim upon which relief can be granted and further fails to entitle plaintiff to the relief sought, or to any other relief whatsoever from Morris & Dickson.

___ Fee_____
___ Process_____
**X** Dktd_____
___ CtRmDep_____
___ Doc. No._____

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable prescriptive periods or statutes of limitations provided for such claims.

## THIRD DEFENSE

Morris & Dickson denies that the products distributed by it caused or contributed to the alleged injuries of plaintiff and further denies that it is liable to plaintiff for the claims alleged or for any other claims whatsoever.

## FOURTH DEFENSE

Plaintiff's claims are barred by the Louisiana Products Liability Act, LSA R.S. 9:2800.51, *et seq*, and Morris & Dickson hereby pleads all of the limitations and defenses set forth therein.

## FIFTH DEFENSE

Plaintiff assumed the risk of any injury or damage alleged in the Petition.

## SIXTH DEFENSE

Plaintiff failed to limit or mitigate his own losses.

## SEVENTH DEFENSE

Morris & Dickson asserts that any injury or damages alleged in the Petition, which injuries and/or damages at all times are denied, were caused solely by the acts, wrongs, or omissions of plaintiff; or by pre-existing conditions; or by other persons, entities or forces over whom Morris & Dickson had no control and for which Morris & Dickson is not responsible.

## EIGHTH DEFENSE

Any injury or damage sustained by plaintiff was caused by intervening or superseding events, factors, occurrences or conditions which were not caused by Morris & Dickson and for which Morris & Dickson is not liable.

## NINTH DEFENSE

In the event that Morris & Dickson is found to be at fault for the damages complained of herein, which is at all times specifically denied, then in that event, Morris & Dickson avers that any injury or damages alleged in the Petition were caused by the contributory and/or comparative negligence of plaintiffs, thereby barring Plaintiff's recovery, in whole or in part.

## TENTH DEFENSE

Morris & Dickson, while denying that any product distributed by it caused or contributed to any injury incurred by plaintiffs, asserts that plaintiff was warned or was otherwise made aware of the alleged dangers of the product, and further, any such alleged dangers were not beyond those which would have been contemplated by an ordinary consumer of the product. Plaintiff is thereby estopped from any recovery on the claims asserted.

## ELEVENTH DEFENSE

Morris & Dickson did not make any material representation of fact regarding the products it distributes which was not true, or if such representation was made, which Morris & Dickson specifically denies, then Morris & Dickson did not make such representation with the intent to either deceived or to induce plaintiff to act in justifiable reliance.

**TWELFTH DEFENSE**

Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of Morris & Dickson, and did not act upon any statement, representation advice or conduct to their detriment.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because of plaintiff's lack of awareness of, or lack of reliance upon, the representations alleged.

**FOURTEENTH DEFENSE**

Morris & Dickson asserts that as of the relevant times alleged in the Petition, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have know of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Petition; (2) the alleged danger of any such design characteristics.

**FIFTEENTH DEFENSE**

Plaintiff's  claims are barred by the doctrine of laches, waiver, estoppel and/or statutory and regulatory compliance.

**SIXTEENTH DEFENSE**

Morris & Dickson invokes each and every constitutional defense available to it under the Constitution of Louisiana and the Constitution of the United States.  This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech,

freedom of association, freedom to petition the government for redress of grievances, and limitations on compensatory and punitive damages.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff, or any state entity acting on behalf of plaintiffs, have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## EIGHTEENTH DEFENSE

Morris & Dickson is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by plaintiff, or any state entity acting on behalf of plaintiffs, with respect to the same alleged injuries.  Morris & Dickson is also entitled to have any damages that may be awarded to plaintiff reduced by the value of any benefit or payment to plaintiff, or any state entity acting on behalf of plaintiff, from any collateral source.

## NINETEENTH DEFENSE

Where applicable, Plaintiff's claims are barred, in whole or in part, by executed releases and/or the doctrines of *res judicata* and estoppel.

## TWENTIETH DEFENSE

Morris & Dickson asserts that it has complied with all applicable state and federal laws relating to the distribution and/or sale of pharmaceuticals.

## TWENTY-FIRST DEFENSE

Morris & Dickson asserts that to the extent plaintiff asserts claims based on Morris

& Dickson's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States.

### TWENTY-SECOND DEFENSE

Plaintiffs claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 21 U.S.C. §301.

### TWENTY-THIRD DEFENSE

To the extent plaintiff asserts claims based upon an alleged failure by Morris & Dickson to warn plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned-intermediary doctrine.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because the "directions or warning" as to the use of VIOXX® were adequate under the law.

### TWENTY-FIFTH DEFENSE

If plaintiff has sustained injuries or losses as alleged in the Petition, which is expressly denied, such injuries or losses resulted from plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Morris & Dickson is not responsible.

### TWENTY-SIXTH DEFENSE

If plaintiff has sustained injuries or losses as alleged in the Petition, which is

expressly denied, such injuries or losses resulted from plaintiff's misuse or abuse of VIOXX® thereby barring recovery.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred as plaintiff failed to read and/or head any warning that may have been provided.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was distributed in accordance with the state of the art at the time it was distributed, thereby barring any recovery by plaintiff.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because there existed no privity between plaintiff and Morris & Dickson.

### THIRTIETH DEFENSE

Plaintiff is not entitled to punitive damages under Louisiana Law.

### THIRTY-FIRST DEFENSE

Plaintiff is not entitled to recovery under the La. Unfair Trade Practices Act as plaintiff has failed to give notice to the La. Attorney General as required by the Act.

### THIRTY-SECOND DEFENSE

Plaintiff has failed to plead fraud with particularity as required by Louisiana Code of Civil Procedure article 856.

### THIRTY-THIRD DEFENSE

Plaintiff has failed to state a cause of action in redhibition against Morris & Dickson in that he failed to notify Morris & Dickson of any alleged defect in the product.

### THIRTY-FOURTH DEFENSE

Plaintiff has failed to state a cause of action in redhibition against Morris & Dickson in that Morris & Dickson owed no warranty to plaintiff for defects that were known to plaintiff or should have been discovered by a reasonably prudent buyer.

### THIRTY-FIFTH DEFENSE

Plaintiff has failed to state a cause of action in redhibition against Morris & Dickson in that no redhibitory defect exists in VIOXX®.

### THIRTY-SIXTH DEFENSE

Plaintiff has failed to state a cause of action in redhibition against Morris & Dickson in that the thing sold was fit for its ordinary use.

### THIRTY-SEVENTH DEFENSE

Plaintiff has failed to state a cause of action in redhibition against Morris & Dickson in that plaintiff failed to tender the product for repair or return of the purchase price.

### THIRTY-EIGHTH DEFENSE

Morris & Dickson adopts and incorporates by reference any affirmative defense asserted by the other defendants to this action, to the extent such affirmative defense applies to Morris & Dickson, and further reserves the right to assert any other defense that may become

available or appear during the discovery proceedings or otherwise in this case.

### THIRTY-NINTH DEFENSE

Morris & Dickson hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case, including defenses that may be available under the laws of any state other than Louisiana, should such state's laws apply to this case.

**AND NOW FOR ANSWER TO PLAINTIFF'S PETITION:**

### PRELIMINARY STATEMENT

Morris & Dickson states that it is answering Plaintiff's allegations on behalf of itself only, even when Plaintiff's allegations refer to alleged conduct by Morris & Dickson and other persons or entities. The Petition improperly and repeatedly refers to Morris & Dickson and the other defendant on a collective basis and fails to plead with the requisite particularity allegations against Morris & Dickson. To the extent that any specific allegations are made, or intended to be made against Morris & Dickson that are not specifically admitted herein, they are denied.

### RESPONSE TO PETITION

1.

Morris & Dickson denies the allegations set forth in Paragraph 1 of plaintiff's petition for lack of sufficient information to justify a belief therein.

2.

Morris & Dickson denies the allegations set forth in Paragraph 2 of plaintiff's petition for lack of sufficient information to justify a belief therein.

3.

Morris & Dickson denies the allegations set forth in Paragraph 3 of plaintiff's petition for lack of sufficient information to justify a belief therein.

4.

Morris & Dickson denies the allegations set forth in Paragraph 4 of plaintiff's petition for lack of sufficient information to justify a belief therein.

5.

Morris & Dickson denies the allegations set forth in Paragraph 5 of plaintiff's petition for lack of sufficient information to justify a belief therein.

6.

Morris & Dickson admits that it is incorporated in the State of Louisiana with its principal place of business in Shreveport, Louisiana.  Morris & Dickson further admits that it distributed pharmaceuticals and other products, including Vioxx® in Louisiana.  The remainder of the allegations of Paragraph 6 are denied.

7.

Morris & Dickson denies the allegations set forth in Paragraph 7 of plaintiff's petition for lack of sufficient information to justify a belief therein.

8.

The allegations in Paragraph 8 of plaintiff's petition are denied.

## RESPONSE TO JURISDICTION AND VENUE

9.

The allegations in Paragraph 9 of plaintiff's petition are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are denied.

10.

The allegations in Paragraph 10 of plaintiff's petition are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are denied.

## RESPONSE TO BACKGROUND INFORMATION

11.

The allegations in Paragraph 11 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein.

12.

The allegations in the first sentence of Paragraph 12 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The remainder of the allegations of Paragraph 12, to the extent that they seek to impose liability of any nature upon Morris & Dickson, are denied.

13.

The allegations in Paragraph 13 are denied for lack of sufficient information to justify a belief

therein.

14.

The allegations in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

## RESPONSE TO FACTS:
## THE INTRODUCTION OF VIOXX TO THE UNITED STATES MARKETS

15.

The allegations in Paragraph 15 of plaintiff's petition are denied except to admit that Morris & Dickson distributed Vioxx.

16.

The allegations in Paragraph 16 of plaintiff's petition do not contain any allegations against Morris & Dickson and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 16 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

17.

The allegations in Paragraph 17 of plaintiff's petition do not contain any allegations against Morris & Dickson and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 17 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

18.

The allegations in Paragraph 18 of plaintiff's petition do not contain any allegations against

Morris & Dickson and therefore do not require an answer from this defendant. Should an answer

be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 18 of plaintiff's

petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

19.

The allegations in Paragraph 19 of plaintiff's petition do not contain any allegations against

Morris & Dickson and therefore do not require an answer from this defendant. Should an answer

be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 19 of plaintiff's

petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

20.

The allegations in Paragraph 20 of plaintiff's petition do not contain any allegations against

Morris & Dickson and therefore do not require an answer from this defendant. Should an answer

be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 20 of plaintiff's

petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

21.

The allegations in Paragraph 21 of plaintiff's petition do not contain any allegations against

Morris & Dickson and therefore do not require an answer from this defendant. Should an answer

be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 21 of plaintiff's

petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

22.

The allegations in Paragraph 22 of plaintiff's petition do not contain any allegations against

Morris & Dickson and therefore do not require an answer from this defendant.  Should an answer

be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 22 of plaintiff's

petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

23.

The allegations in Paragraph 23 of plaintiff's petition do not contain any allegations against

Morris & Dickson and therefore do not require an answer from this defendant.  Should an answer

be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 23 of plaintiff's

petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.


## RESPONSE TO REPORTS OF MEDICAL PROBLEMS CONNECTED WITH VIOXX

24.

The allegations in Paragraph 24 of plaintiff's petition do not contain any allegations against

Morris & Dickson and therefore do not require an answer from this defendant.  Should an answer

be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 24 of plaintiff's

petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

25.

The allegations in Paragraph 25 of plaintiff's petition do not contain any allegations against

Morris & Dickson and therefore do not require an answer from this defendant.  Should an answer

be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 25 of plaintiff's

petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

26.

Morris & Dickson denies the allegations in Paragraph 26 of plaintiff's petition.

27.

The allegations in Paragraph 27 of plaintiff's petition do not contain any allegations against Morris & Dickson and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 27 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

28.

The allegations in Paragraph 28 of plaintiff's petition do not contain any allegations against Morris & Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 28 of plaintiff's petition for lack of sufficient information to justify a belief therein.

29.

The allegations in Paragraph 29 of plaintiff's petition do not contain any allegations against Morris & Dickson and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 29 of plaintiff's petition for lack of sufficient information to justify a belief therein.

30.

The allegations in Paragraph 30 of plaintiff's petition do not contain any allegations against Morris & Dickson and therefore do not require an answer from this defendant.  Should an answer

be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 30 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

31.

The allegations in Paragraph 31 of plaintiff's petition do not contain any allegations against Morris & Dickson and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 31 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

32.

The allegations in Paragraph 32 of plaintiff's petition do not contain any allegations against Morris & Dickson and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 32 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

33.

The allegations in Paragraph 33 of plaintiff's petition do not contain any allegations against Morris & Dickson and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 33 of plaintiff's petition for lack of sufficient information to justify a belief therein.

34.

The allegations in Paragraph 34 of plaintiff's petition do not contain any allegations against Morris & Dickson and therefore do not require an answer from this defendant. Should an answer

be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 34 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

## RESPONSE TO COUNT ONE - WRONGFUL DEATH

35.

With respect to the allegations contained in Paragraph 35 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

36.

The allegations in Paragraph 36 of plaintiff's petition are denied.

37.

The allegations in Paragraph 37 of plaintiff's petition are denied.

38.

The allegations in Paragraph 38 of plaintiff's petition are denied.

## RESPONSE TO COUNT TWO - STRICT LIABILITY

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris & Dickson for Strict Liability.**

39.

With respect to the allegations contained in Paragraph 39 of the Petition, Morris & Dickson

repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

40.

The allegations in Paragraph 40 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 40 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson. Morris & Dickson respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

41.

The allegations of Paragraph 41 of plaintiff's petition are denied.

42.

The allegations in Paragraph 42 of plaintiff's petition are denied.

43.

Morris & Dickson denies the allegations set forth in Paragraph 43 of plaintiff's petition, including subparts (a) through (k), in so far as it seeks to impose liability of any nature upon Morris & Dickson.

44.

The allegations in Paragraph 44 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 44 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris

& Dickson.

45.

The allegations in Paragraph 45 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 45 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

46.

The allegations in Paragraph 46 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 46 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

47.

The allegations in Paragraph 47 of plaintiff's petition are denied.

48.

The allegations in Paragraph 48 of plaintiff's petition are denied.

49.

The allegations in Paragraph 49 of plaintiff's petition are denied.

**RESPONSE TO COUNT THREE- NEGLIGENCE AND GROSS NEGLIGENCE**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris**

**& Dickson for Negligence and Gross Negligence.**

50.

With respect to the allegations contained in Paragraph 50 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

51.

Morris & Dickson denies the allegations of the first, third and fourth sentence of Paragraph 51 of plaintiff's petition. The allegations in the second sentence of Paragraph 51 of plaintiff's petition are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are denied.

52.

Morris & Dickson denies the allegations of Paragraph 52 of plaintiff's petition.

53.

Morris & Dickson denies the allegations of Paragraph 53 of plaintiff's petition including subparts (a) through (p).

54.

Morris & Dickson denies the allegations of Paragraph 54 of plaintiff's petition.

<b><u>RESPONSE TO COUNT FOUR - NEGLIGENCE PER SE</u></b>

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris & Dickson for Negligence Per Se**

55.

With respect to the allegations contained in Paragraph 55 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

56.

The allegations in Paragraph 56 of plaintiff's petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, Morris & Dickson denies that it violated any laws applicable to it and further alleges that plaintiff has failed to state a cause of action against this defendant.

57.

Morris & Dickson denies the allegations set forth in Paragraph 57 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

58.

Morris & Dickson denies the allegations of Paragraph 58 of plaintiff's petition.

59.

Morris & Dickson denies the allegations of Paragraph 59 of plaintiff's petition.

60.

Morris & Dickson denies the allegations of Paragraph 60 of plaintiff's petition.

## RESPONSE TO COUNT FIVE - PRODUCTS LIABILITY - DEFECTIVE DESIGN

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris**

**& Dickson for Products Liability - Defective Design**

61.

With respect to the allegations contained in Paragraph 61 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

62.

Morris & Dickson denies the allegations set forth in Paragraph 62 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

63.

The allegations in Paragraph 63 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 63 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

64.

The allegations in Paragraph 64 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 64 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

65.

The allegations in Paragraph 65 of this Petition are denied in so far as it seeks to impose

liability of any nature upon Morris & Dickson.

66.

The allegations in Paragraph 66 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 66 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

67.

The allegations in Paragraph 67 are denied.

68.

The allegations in Paragraph 68 are denied.

### RESPONSE TO COUNT SIX-PRODUCT LIABILITY - FAILURE TO WARN

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris & Dickson for Products Liability - Failure to Warn.**

69.

With respect to the allegations contained in Paragraph 69 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

70.

The allegations in Paragraph 70 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in

Paragraph 70 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

71.

The allegations in Paragraph 71 of plaintiff's petition contain legal conclusions to which no answer is required. Should a response be deemed required, Morris & Dickson denies the allegations of Paragraph 71 of plaintiff's petition.

72.

The allegations in Paragraph 72 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 72 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

73.

The allegations in Paragraph 73 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 73 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

74.

Morris & Dickson denies the allegations set forth in Paragraph 74 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

75.

Morris & Dickson denies the allegations set forth in Paragraph 75 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

**RESPONSE TO COUNT SEVEN - BREACH OF EXPRESS WARRANTY**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris & Dickson for Breach of Express Warranty.**

76.

With respect to the allegations contained in Paragraph 76 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

77.

The allegations in Paragraph 77 of plaintiff's petition are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are denied.

78.

Morris & Dickson denies the allegations contained in Paragraph 78.

79.

The allegations in Paragraph 79 of plaintiff's petition are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are denied.

80.

Morris & Dickson denies the allegations contained in Paragraph 80.

## RESPONSE TO COUNT EIGHT - BREACH OF IMPLIED WARRANTY

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris & Dickson for Breach of Implied Warranty.**

81.

With respect to the allegations contained in Paragraph 81 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

82.

The allegations in Paragraph 82 of plaintiff's petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

83.

The allegations in Paragraph 83 of plaintiff's petition are denied.

84.

The allegations in Paragraph 84 of plaintiff's petition are denied.

85.

The allegations in Paragraph 85 of plaintiff's petition are denied.

## RESPONSE TO COUNT NINE - NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris & Dickson for Negligent or Intentional Infliction of Emotional Distress**

86.

With respect to the allegations contained in Paragraph 86 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

87.

Morris & Dickson denies the allegations of Paragraph 87.

88.

Morris & Dickson denies the allegations of Paragraph 88

**RESPONSE TO COUNT TEN - FRAUD AND MISREPRESENTATION**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris & Dickson for  Fraud or Misrepresentation.**

89.

With respect to the allegations contained in Paragraph 89 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

90.

Morris & Dickson denies the allegations of Paragraph 90.

91.

Morris & Dickson denies the allegations of Paragraph 91.

92.

Morris & Dickson denies the allegations of Paragraph 92.

93.

Morris & Dickson denies the allegations of Paragraph 93.

94.

Morris & Dickson denies the allegations of Paragraph 94.

95.

Morris & Dickson denies the allegations of Paragraph 95 including subparts (a) through(d).

96.

Morris & Dickson denies the allegations of Paragraph 96.

97.

Morris & Dickson denies the allegations of Paragraph 97.

98.

Morris & Dickson denies the allegations of Paragraph 98.

99.

Morris & Dickson denies the allegations of Paragraph 99.

100.

The allegations in Paragraph 100 of plaintiff's petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

101.

Morris & Dickson denies the allegations of Paragraph 101.

102.

Morris & Dickson denies the allegations of Paragraph 102.

103.

Morris & Dickson denies the allegations of Paragraph 103.   Additionally, conflict of laws rules prohibit the application of Mississippi law to Morris & Dickson in this matter.

### RESPONSE TO NEWJERSEY CONSUMER FRAUD ACT

**CAVEAT (Affirmative Defense): Conflict of laws rules prohibit the application of New Jersey law to Morris & Dickson.**

104.

With respect to the allegations contained in Paragraph 104 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

105.

Morris & Dickson denies the allegations of Paragraph 105 except to admit that it is a wholesale distributor.

106.

The allegations in Paragraph 106 of this Petition do not require an answer from this defendant.  Should an answer be deemed necessary, Morris & Dickson denies the allegations set

forth in Paragraph 106 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

107.

The allegations in Paragraph 107 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 107 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

108.

Morris & Dickson denies the allegations of Paragraph 108.

109.

Morris & Dickson denies the allegations of Paragraph 109.

110.

Morris & Dickson denies the allegations of Paragraph 110.

111.

The allegations in Paragraph 111 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 111 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

112.

Morris & Dickson denies the allegations of Paragraph 112.

113.

Morris & Dickson denies the allegations of Paragraph 113.

114.

The allegations in Paragraph 114 of plaintiff's petition are legal conclusions and do not require an answer of this defendant.   Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 114 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

115.

Morris & Dickson denies allegations in Paragraph 115.

116.

The allegations in Paragraph 116 of this Petition do not require an answer from this defendant.  Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 116 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

117.

The allegations in Paragraph 117 of this Petition do not require an answer from this defendant.  Should an answer be deemed necessary, Morris & Dickson denies the allegations set forth in Paragraph 117 of plaintiff's petition in so far as it seeks to impose liability of any nature upon Morris & Dickson.

## RESPONSE TO VIOLATIONS OF NEW JERSEY CONSUMER FRAUD ACT AND LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

**CAVEAT (Affirmative Defense): Conflict of laws rules prohibit the application of New Jersey law to Morris & Dickson. Additionally, plaintiff has failed to state a cause of action for Unfair Trade Practices or Consumer Protection Law.**

118.

With respect to the allegations contained in Paragraph 118 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

119.

Morris & Dickson denies that plaintiff is entitled to the relief sought in Paragraph 119.

120.

The allegations in Paragraph 120 are denied except to admit that Morris & Dickson is a wholesale distributor.

121.

The allegations in Paragraph 121 are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, they are denied.

122.

Morris & Dickson denies the allegations contained in Paragraph 122.

123.

Morris & Dickson denies the allegations contained in Paragraph 123.

124.

Morris & Dickson denies the allegations contained in Paragraph 124.

125.

Morris & Dickson denies the allegations contained in Paragraph 125.

126.

Morris & Dickson denies the allegations contained in Paragraph 126.

127.

Morris & Dickson denies the allegations contained in Paragraph 127.

128.

Morris & Dickson denies the allegations contained in Paragraph 128.

129.

The allegations in Paragraph 129 of plaintiff's petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

130.

Morris & Dickson denies the allegations contained in Paragraph 130.

131.

Morris & Dickson denies the allegations contained in Paragraph 131.

132.

Morris & Dickson denies the allegations contained in Paragraph 132.

133.

The allegations of Paragraph 133 are legal conclusions and do not require an answer of this defendant.   Should an answer be deemed necessary, Morris & Dickson denies the allegations contained in Paragraph 133.

134.

Morris & Dickson denies the allegations contained in Paragraph 134.

135.

Morris & Dickson denies the allegations contained in Paragraph 135.

136.

Morris & Dickson denies the allegations contained in Paragraph 136.

137.

Morris & Dickson denies the allegations contained in Paragraph 137.

138.

Morris & Dickson denies the allegations contained in Paragraph 138.

139.

Morris & Dickson denies the allegations contained in Paragraph 139.

## RESPONSE TO COUNT ELEVEN - UNJUST ENRICHMENT.

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action for Unjust Enrichment.**

140.

With respect to the allegations contained in Paragraph 140 the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

141.

Morris & Dickson denies the allegations of Paragraph 141.

## RESPONSE TO COUNT TWELVE - REDHIBITION.

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action for Redhibition.**

142.

With respect to the allegations contained in Paragraph 142 the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

143.

Morris & Dickson denies the allegations of Paragraph 143.

144.

The allegations in Paragraph 144 of plaintiff's petition are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are

denied.

145.

Morris & Dickson denies the allegations of Paragraph 145.

## RESPONSE TO COUNT THIRTEEN - LOSS OF CONSORTIUM

146.

With respect to the allegations contained in Paragraph 146 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

147.

Morris & Dickson denies the allegations of Paragraph 147.

148.

Morris & Dickson denies the allegations of Paragraph 148.

## RESPONSE TO COUNT FOURTEEN - RES IPSA LOQUITUR

**CAVEAT (Affirmative Defense): The application of res ipsa loquitor is improper in this case.**

149.

With respect to the allegations contained in Paragraph 149 the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

150.

Morris & Dickson denies the allegations of Paragraph 150.

151.

The allegations in Paragraph 151 of plaintiff's petition are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are denied.

## RESPONSE TO ADDITIONAL ALLEGATIONS RE: LOUISIANA DISTRIBUTORS

152.

With respect to the allegations contained in Paragraph 152 of the Petition, Morris & Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

153.

Morris & Dickson denies the allegations of Paragraph 153.

154.

Morris & Dickson denies the allegations of Paragraph 154.

155.

Morris & Dickson denies the allegations of Paragraph 155.

156.

Morris & Dickson denies the allegations of Paragraph 156.

157.

Morris & Dickson denies the allegations of Paragraph 157.

158.

Morris & Dickson denies the allegations of Paragraph 158.

**RESPONSE TO JURY DEMAND**

159.

The allegations in Paragraph 159 are legal conclusions and do not require an answer of this defendant.

**RESPONSE TO DAMAGES**

Morris & Dickson denies the allegations contained in the unnumbered Paragraph following "DAMAGES."

160.

The allegations in Paragraph 160 are denied.

161.

The allegations in Paragraph 161 are denied.

Respectfully submitted,

Thomas P.  Anzelmo (Bar Roll #2533)
Catherine M.  "Shelly" Williams (Bar Roll #24706)
McCranie, Sistrunk, Anzelmo,
       Hardy, Maxwell & McDaniel, PC
3445 N.  Causeway Blvd.
Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
Counsel for Morris & Dickson Co, LLC
tanzelmo@mcsalaw.com
cwilliams@mcsalaw.com

## CERTIFICATE OF SERVICE

I, Catherine M.  Williams, certify that I served copies of the foregoing Answer, Affirmative Defenses and Request for Jury Trial on all parties by electronically uploading same to LexixNexis File an Serve in accordance with Pre Trial Orde No. 8, this 12th day of July, 2005.

Catherine M.  Williams (Bar Roll No.  24706)