


FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12 AM 9: 31

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Sherry Oiler v. Merck & Co., Inc.*, (05-2335) | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER, DEFENSES, REQUEST FOR RELIEF, AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck") answers the Complaint ("Complaint") as follows:

#### RESPONSE TO "A. PARTIES"

1. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2. Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey.

3. The allegations contained in paragraph 3 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this paragraph.

\_\_\_ Fee_____
\_\_\_ Process_____
_X_ Dktd_____
\_\_\_ CtRmDep_____
\_\_\_ Doc. No._____

4. The allegations contained in paragraph 4 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this paragraph.

### RESPONSE TO "B. CONDITIONS PRECEDENT"

5. Denies each and every allegation of paragraph 5 of the Complaint.

### RESPONSE TO "C. FACTS"

6. Denies each and every allegation of paragraph 6 of the Complaint, except Merck admits that it manufactured, marketed and distributed the prescription medicine VIOXX®, which the FDA approved in May 1999 as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7. Denies each and every allegation of paragraph 7 of the Complaint.

8. Denies each and every allegation in paragraph 8 of the Complaint except admits that VIOXX® is the brand name for rofecoxib, admits the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX®, respectfully refers the Court to the relevant prescribing information for its actual language and full text, admits that VIOXX® is a COX-2 inhibitor and avers that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

9. Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Peter Holt conducted certain audio conferences pertaining to VIOXX®.

10. Denies each and every allegation contained in paragraph 10 of the Complaint.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

12. Avers the Complaint has two paragraphs which are both numbered "12." Merck denies each and every allegation contained in the second paragraph 12 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

13. Denies each and every allegation contained in paragraph 13 of the Complaint and avers that on September 30, 2004 Merck announced that in a prospective, randomized placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint, including subparagraphs (a) – (e).

16. Denies each and every allegation contained in paragraph 16 of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

## RESPONSE TO "D. COUNT 1 – NEGLIGENCE"

18. With respect to the allegations contained in paragraph 18 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1-17 of this Answer with the same force and effect as though set forth here in full.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

779685v.1

## RESPONSE TO "E. COUNT 2 – PRODUCTS LIABILITY"

20. With respect to the allegations contained in paragraph 20 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1-19 of this Answer with the same force and effect as though set forth here in full.

21. Denies each and every allegation in paragraph 21 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

## RESPONSE TO "F. COUNT 3 - BREACH OF EXPRESS WARRANTY"

22. With respect to the allegations contained in paragraph 22 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1-21 of this Answer with the same force and effect as though set forth here in full.

23. Denies each and every allegation in paragraph 23 of the Complaint.

## RESPONSE TO "G. COUNT 4 – FRAUD"

24. With respect to the allegations contained in paragraph 24 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1-23 of this Answer with the same force and effect as though set forth here in full.

25. Denies each and every allegation in paragraph 25 of the Complaint.

26. Denies each and every allegation in paragraph 26 of the Complaint.

## RESPONSE TO "H. COUNT 5 - OHIO DECEPTIVE TRADE PRACTICES ACT"

27. With respect to the allegations contained in paragraph 27 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1-26 of this Answer with the same force and effect as though set forth here in full.

28. Denies each and every allegation in paragraph 28 of the Complaint.

779685v.1

### RESPONSE TO "I. DAMAGES"

29. With respect to the allegations contained in paragraph 29 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1-28 of this Answer with the same force and effect as though set forth here in full.

30. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 30 of the Complaint, including subparagraphs (a) – (f), and denies each and every allegation directed toward Merck contained in paragraph 30 of the Complaint.

### RESPONSE TO "J. PUNITIVE DAMAGES"

31. With respect to the allegations contained in paragraph 31 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1-30 of this Answer with the same force and effect as though set forth here in full.

32. Denies each and every allegation in paragraph 32 of the Complaint.

### RESPONSE TO "K. PRAYER"

33. With respect to Plaintiff's prayer for Relief, Merck denies each and every allegation except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for relief.

### RESPONSE TO "L. REQUEST FOR JURY TRIAL"

34. Merck admits that Plaintiff requests a jury trial, but denies that there is any factual or legal basis for the request.

779685v.1

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

Merck is not guilty of negligence and violated no duty owing to Plaintiff.

## AS FOR AN EIGHTH
## DEFENSE MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or part by the contributory negligence of the Plaintiff.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after the Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

To the extent that the Plaintiff Sherry Oiler's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff relied upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

779685v.1

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint; such benefits are not recoverable in this action.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

If a finding of liability is made against Merck, Merck is entitled to apportionment.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of VIOXX®, these claims are barred because Merck has discharged its duty to warn in its warning to prescribing physicians.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, because plaintiff lack capacity and/or standing to bring such claims.

779685v.1

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state-of-the-art at the time it was manufactured.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

779685v.1

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

This case is more appropriately brought in a different venue.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

**WHEREFORE**, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectively submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

Defendants' Liaison Counsel

Robert A. Bunda
Rebecca C. Sechrist
BUNDA STUTZ & DeWITT, P.L.L.
One SeaGate, Suite 650
Toledo, OH 54604
Phone: 419-241-2777
Fax:   419-241-4697

Counsel for Merck & Co., Inc.

779685v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 12th day of July 2005

*Dorothy H. Wimberly*

779685v.1