FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12  AM 9: 32

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| This document relates to: *Frank Pescatello* | * | JUDGE FALLON |
| *v. Merck & Co., Inc.*, | * | |
| (E.D. La. 2:05-cv-01255) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * *

### ANSWER AND JURY DEMAND OF
### DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the Complaint and submits its Jury Demand herein as follows:

### RESPONSE TO "PARTIES"

1.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore is unable to admit or deny same.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a New Jersey corporation and that Merck is authorized to do business in the State of Connecticut.  Merck further admits that it researches, develops, manufacturers and markets a broad range of pharmaceutical products, and that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

3.      The allegations contained in paragraph 3 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "JURISDICTION"

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff purports to put more than $75,000 in controversy, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "VENUE"

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "FACTS"

6.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and therefore is unable to admit or deny same.

7.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® from the market and respectfully refers the Court to the referenced announcement for its actual language and full text.

2

8.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and therefore is unable to admit or deny same.

9.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint and therefore is unable to admit or deny same.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, including subparagraphs (a) through (o).

12.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint and therefore is unable to admit or deny same.

13.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint and therefore is unable to admit or deny same.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Further answering and by way of affirmative defenses, Merck alleges as follows:

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

4

## AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence, Conn. Gen. Stat § 52-572o.

## AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff's misuse or abuse of VIOXX®.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### AS FOR A THIRTEENTH
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

### AS FOR A FOURTEENTH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FIFTEENTH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part by the First Amendment.

**AS FOR A SIXTEENTH
DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR A SEVENTEENTH
DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR AN EIGHTEENTH
DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINETEENTH
DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts:  Products Liability.

**AS FOR A TWENTIETH
DEFENSE, MERCK ALLEGES:**

This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-FIRST
DEFENSE, MERCK ALLEGES:**

To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

Merck seeks attorney's fees pursuant to Conn. Gen. Stat. § 52-240a.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

Plaintiff cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by plaintiff is subject to the exclusive regulation of the FDA.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its

8

answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Alan G. Schwartz (ct 05891)
aschwartz@wiggin.com
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Phone: 203-498-4400
Fax: 203-782-2889

Counsel for Merck & Co., Inc.

\17467\4\524231.1

10

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Answer and Jury Demand of Defendant Merck & Co., Inc.** has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 12th day of July, 2005.