**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12  AM 9: 32

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| This document relates to: *Nancy Stakum* | * | JUDGE FALLON |
| *and William Stakum v. Merck & Co., Inc.,* | * | |
| (E.D. La.2:05-cv-01533) | * | MAG. JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER AND JURY DEMAND OF
DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorney, answers the

First Amended Complaint ("Complaint") and submits its Jury Demand herein as follows:

**RESPONSE TO "INTRODUCTION"**

1.      Denies each and every allegation contained in paragraph 1 of the

Complaint except admits that plaintiffs purport to seek redress for unlawful and negligent

practices but denies that there is any legal or factual basis for such relief.

2.      Denies each and every allegation contained in the first sentence of

paragraph 2 of the Complaint except denies knowledge or information sufficient to form

a belief as to whether plaintiff sustained an acute interior cardiac wall infarction.  Denies

each and every allegation contained in the second sentence of paragraph 2 except admits

that Merck manufactured and sold the prescription medicine VIOXX®, and that on

September 30, 2004, it announced the voluntary worldwide withdrawal of VIOXX® and

respectfully refers the Court to the referenced announcement for its actual language and

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

full text.  Denies each and every allegation contained in the third, fourth, and fifth sentences of paragraph 2 of the Complaint except admits that the referenced articles exist and respectfully refers the Court to said articles for their actual language and full text.

## RESPONSE TO "JURISDICTION AND VENUE"

3.       The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiffs purports to put more than $75,000 in controversy, but denies that there is any legal or factual basis for such relief.

4.       The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

5.       Denies each and every allegation contained in paragraph 5 of the Complaint.

6.       Denies each and every allegation contained in paragraph 6 of the Complaint.

7.       Denies each and every allegation contained in paragraph 7 of the Complaint.

8.       Denies each and every allegation contained in paragraph 8 of the Complaint.

## RESPONSE TO "PARTIES"

9.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 9 of the Complaint and therefore is unable to admit or deny same.

10.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 10 of the Complaint and therefore is unable to admit or deny same.

11.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 11 of the Complaint and therefore is unable to admit or deny same.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to business in the State of Connecticut.   Merck further admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

## RESPONSE TO "SUMMARY OF FACTS"

13.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint and therefore is unable to admit or deny same.

14.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint except denies that plaintiff was injured due to her alleged use of VIOXX®.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

### RESPONSE TO "THE MASS MARKETING OF VIOXX®"

16.     Denies each and every allegation contained in paragraph 16 of the Complaint except admits that VIOXX® is the brand name for rofecoxib.  Merck admits that VIOXX® is a selective COX-2 inhibitor and is part of a class of drugs known as NSAIDs (nonsteroidal anti-inflammatory drugs).

17.     Denies each and every allegation contained in the first, second, and third sentences of paragraph 17 of the Complaint except admits that Merck submitted a New Drug Application for VIOXX® on November 23, 1998 and that in May 1999, Merck received FDA approval to manufacture and market the prescription medicine VIOXX® for certain indicated uses.  Merck further denies each and every allegation contained in the fourth sentence of paragraph 17 except admits that Plaintiffs purports to cite the referenced memorandum and respectfully refers the Court to the referenced memorandum for its actual language and full text.  Merck further denies each and every allegation contained in the fifth sentence of paragraph 17 except admits that Plaintiffs purport to quote a portion of the referenced email, but Merck avers that the said quote is taken out of context.

18.     Denies each and every allegation contained in paragraph 18 except admits that 2003 VIOXX® sales figures exceeded $2 billion.

4

19.     Denies each and every allegation contained in paragraph 19 of the Complaint except admits that an audio conference regarding VIOXX® took place on June 21, 2000.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint except admits that Merck received a letter from a regulatory review officer dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

21.     Denies each and every allegation contained in the first and second sentences of paragraph 21 except admits that an audio conferences regarding VIOXX® took place on June 21, 2000.  Merck further denies each and every allegation contained in the third sentence of paragraph 21 except admits that Plaintiffs purport to quote portions of the letter referenced in said sentence, but Merck avers that such quotes are taken out of context.  Merck further denies each and every allegation contained in the fourth sentence of paragraph 21 except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.  Merck further admits that it commenced an action against Dr. Laporte and the Catalan Institute of Pharmacology.

22.     Denies each and every allegation contained in paragraph 22 except admits that Merck received a letter from the DDMAC dated December 12, 2000 and respectfully refers the Court to that letter for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck on January 5, 2001, responded to the DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

5

24.     Denies each and every allegation contained in paragraph 24 of the Complaint and respectfully refers the Court to the referenced presentation for its actual language and full content.

25.     Denies each and every allegation contained in the first sentence of paragraph 25 of the Complaint and respectfully refers the Court to the referenced article for its actual language and full text.  Merck further denies each and every allegation contained in the second and third sentence of paragraph 25 except admits that Plaintiffs purports to quote the referenced email, but Merck avers that said quote is taken out of context.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint and avers that in March 2000, Merck forwarded to the FDA the VIOXX® Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to said study for its actual conclusions and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint and respectfully refers the Court to the minutes produced at the November 18, 1999 meeting of the Data Safety and Monitoring Board for its actual language and full text.

29. Denies each and every allegation contained in paragraph 29 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to said study for its actual conclusions and full text.

30. Denies each and every allegation contained in paragraph 30 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

31. Denies each and every allegation contained in paragraph 31 of the Complaint except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

32. Denies each and every allegation contained in paragraph 32 of the Complaint except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

33. Denies each and every allegation contained in paragraph 33 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

34. Denies each and every allegation contained in paragraph 34 of the Complaint except admits that such article exists and respectfully refers the Court to said article for its actual language and full text.

35. Denies each and every allegation contained in the first and second sentence of paragraph 35 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to the referenced press release for

7

its actual language and full text.  Denies each and every allegation contained in the third sentence of paragraph 35 of the Complaint except admits that plaintiffs purport to quote from a letter that Merck received from a regulatory review office in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint except admits that the referenced presentation exists and respectfully refers the Court to the referenced presentation for its actual conclusions and full text.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint except admits that on August 26, 2004, Merck issued a press release and respectfully refers the Court to the referenced press release for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint except admits that on September 27, 2004, Merck contacted the FDA and

advised the FDA that the APPROVe clinical trial had been halted and respectfully refers the Court to said study for its actual language and full text.

42.    Denies each and every allegation contained in paragraph 42 of the Complaint except admits that in the referenced prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and respectfully refers the Court to said study for its actual conclusions and full content.

43.    Denies each and every allegation contained in paragraph 43 except admits that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market. Merck further admits that on September 30, 2004 both Merck and the FDA issued statements regarding Merck's voluntary worldwide withdrawal of VIOXX® from the market and respectfully refers the Court to the referenced announcement for its actual language and full text.

44.    Denies each and every allegation contained in paragraph 44 of the Complaint except admits that the referenced articles exist and respectfully refers the Court to said articles for their actual language and full text.

45.    Denies each and every allegation contained in paragraph 45 of the Complaint.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint except admits that the number of VIOXX® users in the United States has been estimated at 20 million.

## RESPONSE TO "CAUSES OF ACTION"
## "COUNT I – FAILURE TO WARN" (CPLA, Conn. Gen. Stat. §52-572m, et seq.)

47.     With respect to the allegations in the first sentence of paragraph 47 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 46 of this Answer with the same force and effect as though set forth here in full.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

49.     The allegations contained in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Complaint and respectfully refers the Court to the relevant statutory and common law standards in this jurisdiction.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, including subparagraphs (a) through (f).

54.     Denies each and every allegation contained in paragraph 54 of the
Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the
Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the
Complaint.

### RESPONSE TO "COUNT II – STRICT PRODUCTS LIABILITY" (CPLA, Conn. Get. Stat. §52-572m, et seq.)

57.     With respect to the allegations in the first sentence of paragraph 57 of the
Complaint, Merck repeats and realleges each and every admission, denial, averment, and
statement in paragraphs 1 through 56 of this Answer with the same force and effect as
though set forth here in full.

58.     The allegations contained in paragraph 58 of the Complaint are legal
conclusions as to which no responsive pleading is required.  Should a response be
deemed required, Merck denies each and every allegation contained in said paragraph.

59.     Denies each and every allegation contained in paragraph 59 of the
Complaint except admits that Merck manufactured, marketed, and distributed the
prescription medicine VIOXX®.

60.     Denies each and every allegation contained in paragraph 60 of the
Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the
Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint, including subparagraphs (a) through (c).

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint, including subparagraphs (a) and (b).

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

## RESPONSE TO "COUNT III –
## NEGLIGENCE" (CPLA, Conn. Get. Stat. §52-572m, et seq.)

69.     With respect to the allegations in the first sentence of paragraph 69 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 68 of this Answer with the same force and effect as though set forth here in full.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     The allegations contained in paragraph 71 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Complaint and respectfully refers the Court to the relevant statutory and common law standards in this jurisdiction.

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Complaint and respectfully refers the Court to the relevant statutory and common law standards in this jurisdiction.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint, including subparagraphs (a) through (l), and including subsections (l)(I) through (l)(V).

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

## RESPONSE TO "COUNT IV – MISREPRESENTATION
## AND ACTIVE CONCEALMENT" (CPLA, Conn. Get. Stat. §52-572m, et seq.)

79.     With respect to the allegations in the first sentence of paragraph 79 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 78 of this Answer with the same force and effect as though set forth here in full.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint.

## RESPONSE TO "COUNT V – PUNITIVE
## DAMAGES" (CPLA, Conn. Get. Stat. §52-572m, et seq.)

84.     With respect to the allegations in the first sentence of paragraph 84 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

14

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint.

**RESPONSE TO "COUNT VI – BREACH OF IMPLIED WARRANTY"**

89.     With respect to the allegations in the first sentence of paragraph 89 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 88 of this Answer with the same force and effect as though set forth here in full.

90.     The allegations contained in paragraph 90 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint.

## RESPONSE TO "COUNT VII – BREACH OF EXPRESS WARRANTY"

94.     With respect to the allegations in the first sentence of paragraph 94 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 93 of this Answer with the same force and effect as though set forth here in full.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint.

## RESPONSE TO "COUNT VIII – CUTPA" (Conn. Gen. Stat. §42-110a, et. seq.)

101.    With respect to the allegations in the first sentence of paragraph 101 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 100 of this Answer with the same force and effect as though set forth here in full.

16

102.    Denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Denies each and every allegation contained in paragraph 104 of the Complaint, including subparagraphs (a) through (e).

105.    Denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint.

### RESPONSE TO "COUNT IX – LOSS OF CONSORTIUM"

108.    With respect to the allegations in the first sentence of paragraph 108 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 107 of this Answer with the same force and effect as though set forth here in full.

109.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 109 of the Complaint and therefore is unable to admit or deny same.

110.    Denies each and every allegation contained in paragraph 110 of the Complaint.

17

111.   Denies each and every allegation contained in paragraph 111 of the Complaint.

112.   Denies each and every allegation contained in paragraph 112 of the Complaint except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

113.   Denies each and every allegation contained in paragraph 113 of the Complaint except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

### AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defenses, Merck alleges as follows:

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence, Conn. Gen. Stat § 52-572o.

### AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of VIOXX®.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### AS FOR A THIRTEENTH
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

### AS FOR A FOURTEENTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FIFTEENTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

### AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts: Products Liability.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

Merck seeks attorney's fees pursuant to Conn. Gen. Stat. § 52-240a.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by plaintiffs is subject to the exclusive regulation of the FDA.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Alan G. Schwartz (ct 05891)
aschwartz@wiggin.com
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT  06508-1832
Phone: (203) 498-4400
Fax: (203) 782-2889

Counsel for Merck & Co., Inc.

\17467\7\527676.1

24

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Answer and Jury Demand of Defendant Merck & Co., Inc.** has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 12th day of July, 2005.

Dorothy H. Wimberly