

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12  AM 9: 28

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Lang v. Merck* | * | JUDGE FALLON |
| *& Co., Inc., etc.*, (E.D. La. Index No. | * | |
| 2:05-CV-00990-EEF-DEK) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, answers

the Complaint and Demand for Jury Trial ("Complaint") herein as follows:

### RESPONSE TO "I. JURISDICTION AND VENUE"

1.      The allegations contained in paragraph 1 of the Complaint are legal

conclusions to which no response is required. If a response is required, Merck denies

each and every allegation contained in said paragraph except admits that Merck is a New

Jersey corporation with its principal place of business in New Jersey and that Plaintiff

purports to seek damages in excess of $75,000, but denies that there is any legal or

factual basis for the relief sought.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____
779681v.1

2.      The allegations contained in paragraph 2 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in said paragraph except admits that Merck is authorized to do business in, among other states, Florida.

## RESPONSE TO "II. PARTIES"

3.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck is authorized to do business in, among other states, Florida.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck is authorized to do business in, among other states, Florida.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, which reduces pain and inflammation, and that the mechanism of the action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

8.      Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck manufactured, marketed and distributed the

779681v.1

prescription medicine VIOXX®, which reduces pain and inflammation, and that Merck is authorized to do business in, other states, Florida.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck is authorized to do business in, among other states, Florida.

10.     The allegations contained in paragraph 10 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 10 of the Complaint.

## RESPONSE TO "III. NATURE OF THE CASE"

11.     Denies each and every allegation contained in paragraph 11 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, which reduces pain and inflammation.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

779681v.1

## RESPONSE TO "IV. FACTUAL BACKGROUND"

16.     Denies each and every allegation contained in paragraph 16 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the worldwide market on September 30, 2004.

## RESPONSE TO "IV.A. VIOXX'S FOOD & DRUG ADMINISTRATION HISTORY"

17.     Denies each and every allegation contained in paragraph 17 of the Complaint and avers that Merck sought and, in 1999, received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary withdrawal of VIOXX® from the worldwide market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for VIOXX®'s indicated uses.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the study for its actual conclusions and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the study for it actual conclusions and full text.

779681v.1

21.     Denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to said letter for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint except admits that in April 2002 the FDA approved certain changes to the prescribing information for VIOXX® and respectfully refers the Court to said prescribing information for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint except admits that Merck issued a press release on August 26, 2004 and respectfully refers the Court to said press release for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that on September 30, 2004, Merck announced the voluntary withdrawal of VIOXX® from the worldwide market and that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe study had been halted.  Merck respectfully refers the Court to the APPROVe study for its actual language and full text.

779681v.1

## RESPONSE TO "IV.B. DEFENDANT HAS REALIZED SIGNIFICANT PROFITS FROM SALES OF VIOXX"

27.     Denies the conclusory nature of each and every allegation contained in paragraph 27 of the Complaint except admits that VIOXX® was prescribed to millions of patients by health care providers.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® and VIOXX® sales figures exceed $2 billion in 2003.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint except admits that VIOXX® reduces pain and inflammation and that the mechanism of the action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclloxygenase-2 ("COX-2").

30.     Denies each and every allegation contained in paragraph 30 of the Complaint except admits that alternative therapies exist.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint except admits that Merck marketed the prescription medicine VIOXX®.

32.     Denies the conclusory nature of each and every allegation contained in the first sentence of paragraph 32 of the Complaint.   Denies each and every allegation contained in the second sentence of said paragraph.

779681v.1

## RESPONSE TO "IV.C. VIOXX'S RELATIONSHIP IN CAUSING CARDIOVASCULAR EVENTS"

33.     Denies the conclusory nature of each and every allegation contained in the first sentence of paragraph 33 of the Complaint.  Denies each and every allegation contained in the second, third, and fourth sentences of said paragraph.

34.     The allegations contained in paragraph 34 of the Complaint are not directed at Merck and therefore no response is required.  If a response is required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the broad and conclusory allegations contained in said paragraph.

35.     The allegations contained in paragraph 35 of the Complaint are not directed at Merck and therefore no response is required.  If a response it required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the broad and conclusory allegations contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

## RESPONSE TO "IV.D. DEFENDANT'S FAILURE TO WARN CONSUMERS OF THE DANGERS OF VIOXX"

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

- 7 -

## RESPONSE TO "V. PLAINTIFF'S USE OF VIOXX"

40.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint.

41.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

## RESPONSE TO "VI. FRAUDULENT CONCEALMENT"

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

## RESPONSE TO "VII. COUNTS - COUNT I: NEGLIGENCE"

48.     With respect to paragraph 48 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

779681v.1

49.     The allegations contained in paragraph 49 of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in said paragraph.

50.     The allegations contained in paragraph 50 of the Complaint, including subparts a - f, are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in said paragraph, including subparts a - f.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT II: STRICT LIABILITY"

53.     With respect to paragraph 53 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

779681v.1

56.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought..

63.     Denies each and every allegation contained in paragraph 63 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT III: BREACH OF EXPRESS WARRANTY"

64.     With respect to paragraph 64 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

- 10 -

779681v.1

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT IV: BREACH OF IMPLIED WARRANTY"

71.     With respect to paragraph 71 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as through set forth here in full.

72.     Denies the broad and conclusory nature of each and every allegation contained in paragraph 72 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until the voluntary withdrawal of VIOXX® from the worldwide market on September 30, 2004.

- 11 -

779681v.1

73.     The allegations contained in paragraph 73 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies that it violated any applicable law in the manufacture or distribution of VIOXX®.

74.     Denies the broad and conclusory nature of the allegations contained in paragraph 74 of the Complaint and avers that Merck sought and, in 1999, received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX® and, until the voluntary withdrawal of VIOXX® from the worldwide market on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA approving prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for VIOXX®'s indicated uses.

75.     The allegations contained in paragraph 75 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck avers that it violated no applicable law in the manufacture or distribution of VIOXX®.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck avers that it has violated no applicable law in the manufacture or distribution of VIOXX®.

78.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Complaint.

779681v.1

79. Denies each and every allegation contained in paragraph 79 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought..

80. Denies each and every allegations contained in paragraph 80 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT V: FRAUDULENT MISREPRESENTATION"

81. With respect to paragraph 81 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

82. Denies each and every allegation contained in paragraph 82 of the Complaint, including the allegations that it made fraudulent misrepresentations with respect to subparts a and b of said paragraph.

83. Denies each and every allegation contained in paragraph 83 of the Complaint.

84. Denies the broad and conclusory nature of each and every allegation contained in paragraph 84 of the Complaint and avers that it has violated no applicable law in the manufacture, marketing or distribution of VIOXX®.

85. Denies each and every allegation contained in paragraph 85 of the Complaint.

86. Denies the broad and conclusory nature of each and every allegation contained in paragraph 86 of the Complaint and avers that it has violated no applicable law in the manufacture, marketing or distribution of VIOXX®.

- 13 -

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

**RESPONSE TO "COUNT VI: FRAUDULENT CONCEALMENT"**

90.     With respect to paragraph 90 of the Complaint, Merck ereby repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint, including the allegations that it made fraudulent misrepresentations with respect to subparts a and b in said paragraph.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint.

779681v.1

96.     Denies each and every allegation contained in paragraph 96 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "GLOBAL PRAYER FOR RELIEF"

Plaintiff's ad damnum clause is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

98.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

99.     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

100.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

101.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

779681v.1

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

102.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

103.    Plaintiff's claims are barred, in whole or in part, by the First Amendment.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

104.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

105.    Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

106.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

779681v.1

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

107.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

108.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff 's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

109.    To the extent that Plaintiff 's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

110.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

111.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

779681v.1

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

112.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

113.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

114.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

115.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

116.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of VIOXX® within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

117.    Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

779681v.1

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

118.    Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

119.    This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

120.    At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

121.    This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

122.    Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

123.    To the extent that Plaintiff relies upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

124.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

- 19 -

779681v.1

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

125.   There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

126.   Merck is not guilty of negligence and violated no duty owing to Plaintiff.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

127.   Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity or standing to bring such claims.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

128.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

129.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and therefore, an award of punitive damages is barred.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

130.   To the extent that Plaintiff seeks punitive damages, such damages are barred because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and

779681v.1

equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

779681v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Patricia E. Lowry
John B. T. Murray, Jr.
Catherine Whitfield
Steel Hector & Davis LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

Counsel for Merck & Co., Inc.

779681v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this __12th__ day of July, 2005.

Dorothy H. Wimberly

779681v.1