

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12  AM 9: 29

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| This document relates to: *Tony Banfield* | * | **JUDGE FALLON** |
| *v. Merck & Co., Inc. et. al.*, (05-2338) | * | |
| | * | **MAG. JUDGE KNOWLES** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER, DEFENSES, REQUEST FOR RELIEF,
## AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck") answers the Complaint ("Complaint") as follows:

## RESPONSE TO "A. PARTIES"

1.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2.     Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3.      Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 not directed at Merck and denies each and every allegation directed at Merck in said paragraph.

4.      Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint that are not directed at Merck and denies each and every allegation directed at Merck in said paragraph.

## RESPONSE TO "B. CONTITIONS PRECEDENT"

5.      Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 5 of the Complaint not directed at Merck and denies each and every allegation directed at Merck in said paragraph.

## RESPONSE TO "C. FACTS"

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck sought and, in May 1999, received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX®.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that VIOXX® is a selective COX-2

2

inhibitor and avers that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint except admits that an audio conference regarding VIOXX® took place on June 21, 2000.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

12.     Avers that Complaint has two paragraphs which are both numbered "12". Merck Denies each and every allegation in paragraph 12 (incorrectly numbered) of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, and avers that on September 30, 2004 Merck in formed the FDA official of Merck's decision to voluntarily withdraw VIOXX® form the worldwide market.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint including subparts (a) through (e).

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

779688v.1

## RESPONSE TO "D. COUNT 1 – NEGLIGENCE"

18.     With respect to the allegations contained in paragraph 18 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 17 of this Answer with the same force and effect as if set forth here in full.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

## RESPONSE TO "E. COUNT 2 – PRODUCTS LIABILITY"

20.     With respect to the allegations contained in paragraph 20 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of this Answer with the same force and effect as if set forth here in full.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

## RESPONSE TO "F. COUNT 3 – BREACH OF EXPRESSED AND IMPLIED WARRANTIES"

22.     With respect to the allegations contained in paragraph 22 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 21 of this Answer with the same force and effect as if set forth here in full.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

## RESPONSE TO "G. COUNT 4 – FRAUD"

24.     With respect to the allegations contained in paragraph 24 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as if set forth here in full.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

779688v.1

26.     Denies each and every allegation contained in paragraph 26 of the Complaint.

**RESPONSE TO "H. COUNT 5 – OHIO DECEPTIVE TRADE PRACTICES ACT"**

27.     With respect to the allegations contained in paragraph 27 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 26 of this Answer with the same force and effect as it set forth here in full.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

**RESPONSE TO "I. DAMAGES"**

29.     With respect to the allegations contained in paragraph 29 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as if set forth here in full.

30.     Denies each and every allegation contained in paragraph 30 including subparts (a) through (f).

**RESPONSE TO "J. PUNITIVE DAMAGES"**

31.     With respect to the allegations contained in paragraph 31 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer to the same force and effect as if set forth here in full.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

**RESPONSE TO "K. PRAYER"**

With respect to Plaintiff's Demand for Relief, Merck denies each and every allegation except admits that Plaintiff purport to seek damages but denies that there is any legal or factual basis for relief.

779688v.1

## RESPONSE TO "L. REQUEST FOR JURY TRIAL"

Merck admits that Plaintiff requests a jury trial, but denies that there is any factual or legal basis for the request.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

779688v.1

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiffs' claims are barred in whole or in part by the First Amendment.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

Merck is not guilty of negligence and violated no duty owing to Plaintiffs

**AS FOR AN EIGHTH,**
**DEFENSE MERCK ALLEGES**:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or

losses were caused in whole or part by the contributory negligence of the first named Plaintiff.

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

Any liability that might otherwise be imposed upon this Defendant is subject to reduction or

elimination by the application of the doctrine of comparative negligence.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or

losses were only so sustained after the first named Plaintiff knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure to

any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR AN ELEVENTH**
**DEFENSE, MERCK ALLEGES:**

Plaintiffs' claims are barred by the failure to prevent or mitigate the damages claimed.

779688v.1

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the first named Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs' have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the first named Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that the first named Plaintiff's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

779688v.1

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually

received from any other source for injuries alleged in the Complaint, such benefits are not

recoverable in this action.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

If a finding of liability is made against Merck, Merck is entitled to apportionment.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the

circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure

9(b).

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because

VIOXX® was subject to and received pre-market approval by the Food and Drug Administration

under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn

plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred

because Merck has discharged its duty to warn in its warning to prescribing physicians.

9

779688v.1

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state-of-the-art at the time it was manufactured.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

779688v.1

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment j to Section 402A of the

Restatement (Second) of Torts.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:

Products Liability.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for

a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of

Torts:  Product Liability.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

This case is more appropriately brought in a different venue.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the

alleged risk without substantially impairing the reasonably anticipated and intended function of

VIOXX®.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient

particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck

11

779688v.1

reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiffs' complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such  further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectively submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Robert A. Bunda
Rebecca C. Sechrist
BUNDA STUTZ & DeWITT, P.L.L.
One SeaGate, Suite 650
Toledo, OH 54604
Phone: 419-241-2777
Fax:    419-241-4697

Counsel for Merck & Co., Inc.

779688v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this _12th_ day of July 2005

_Dorothy H. Wimberly_

779688v.1