FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12   AM 9: 30

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to:  *Bryan Russell,* | * | JUDGE FALLON |
| *Individually, and as Representative of the* | * | |
| *Estate of Robin Russell, Deceased, v.* | * | MAG. JUDGE KNOWLES |
| *Merck & Co., Inc.,* (05-1560)) | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER, DEFENSES, REQUEST FOR RELIEF,
## AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck") answers the Complaint ("Complaint") as follows:

### RESPONSE TO "A. THE PARTIES"

1.      Denies each and every allegation contained in the second sentence of paragraph 1 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint.

2.      Admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_79693v.1_____

## RESPONSE TO "B. JURISDICTION AND VENUE"

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 3 of the Complaint except admits that plaintiff purports to seek damages in excess of the jurisdictional amount, but denies that there is any factual or legal basis for such relief.

4.      The allegations in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation contained in this paragraph except admits that Merck manufactured and distributed VIOXX®. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of paragraph 4 of the Complaint.

## RESPONSE TO "C. INTRODUCTION"

5.      Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck marketed the prescription drug VIOXX®, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information regarding the indicated uses for VIOXX®.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

7.      Denies each and every allegation in paragraph 7 of the Complaint.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured,

2

779693v.1

marked, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxgenase-2 (COX-2). Merck avers that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

9.     Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck marketed the prescription drug VIOXX®, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information regarding the indicated uses for VIOXX®.

10.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first three sentences of paragraph 10 of the Complaint but denies each and every allegation contained in the last sentence of paragraph 10 of the Complaint.

11.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 11 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 11 of the Complaint except admits that VIOXX®, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

12.     Denies each and every allegation in paragraph 12 of the Complaint.

## RESPONSE TO "D. FACTS-VIOXX'S PRE-APPROVAL"

13.     Denies each and every allegation in paragraph 13 of the Complaint.

3

779693v.1

14.     Denies each and every allegation in paragraph 14 of the Complaint except admits that Plaintiff purports to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context.

15.     Denies each and every allegation in paragraph 15 of the Complaint except admits that Plaintiff purports to quote portions of the referenced email but avers that the quoted language is taken out of context.

16.     Denies each and every allegation in paragraph 16 of the Complaint.

## RESPONSE TO "E. FACTS-VIOXX'S POST-APPROVAL"

17.     Denies each and every allegation in paragraph 17 of the Complaint.

18.     Denies each and every allegation in paragraph 18 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.     Denies each and every allegation in paragraph 19 of the Complaint except admits that Plaintiff purports to quote the referenced email, but Merck avers that said quite is taken out of context.

20.     Denies each and every allegation in paragraph 20 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the VIOXX® Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study, Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

21.     Denies each and every allegation in paragraph 21 of the Complaint except Merck admits that Merck has issued certain statements regarding VIOXX® and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

4

779693v.1

22.     Merck denies each and every allegation in paragraph 22 of the Complaint and respectfully refers the Court to the referenced article and presentation for their actual language and full content.

23.     Denies each and every allegation in paragraph 23 of the Complaint.

24.     Denies each and every allegation in paragraph 24 of the Complaint.

25.     Merck denies each and every allegation in paragraph 25 of the Complaint except admits that Merck received a letter from Dr. Fries regarding VIOXX® and that Plaintiff purports to quote portions of that letter, but Merck avers that any quoted language is taken out of context.

26.     Merck denies each and every allegation directed at Merck contained in paragraph 26 of the Complaint. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation in paragraph 30 of the Complaint except admits the existence of the journal, the article contained therein, and that plaintiff appears to have accurately quoted the document referenced in said paragraph, and respectfully refers the Court to the referenced document for its actual language and full text.

31.     Denies each and every allegation in paragraph 31 of the Complaint except admits that the referenced study exits and respectfully refers the Court to said study for its actual language and full text.

779693v.1

32.   Denies each and every allegation in paragraph 32 of the Complaint.

33.   Denies each and every allegation in paragraph 33 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

34.   Denies each and every allegation in paragraph 34 of the Complaint.

35.   Denies each and every allegation in paragraph 35 of the Complaint and admits that Plaintiff purports to quote the referenced memorandum but avers that said quotations are taken out of context.

36.   Denies each and every allegation in paragraph 36 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

37.   Denies each and every allegation contained in paragraph 37 of the Complaint except admits that the VALOR study was proposed as one of the several options and that in a March 13, 2002 email the proposal was put on hold to explore other alternatives.

38.   Denies each and every allegation in paragraph 38 of the Complaint and respectfully refers the Court to the referenced decision for its actual language and full context.

39.   Denies each and every allegation in paragraph 39 of the Complaint except admits that the referenced article exists and that Plaintiff purports to quote portions of said article, but respectfully refers the Court to the referenced article for its actual language and full text.

40.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint that are directed at Merck and denies each and every allegation directed at Merck in said paragraph.

6

41.     Denies each and every allegation in paragraph 41 of the Complaint, except admits that on August 16, 2004, Merck issued a press release regarding the conclusions of a study presented at the 20th International Conference of Pharmacoepideminology & Therapeutic Risk Management and respectfully refers the Court to that press release for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that on September 27, 2004 Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

43.     Denies each and every allegation in paragraph 43 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.

### RESPONSE TO "F. SUMMARY"

44.     Denies each and every allegation in paragraph 44 of the Complaint.

45.     Denies each and every allegation in paragraph 45 of the Complaint.

46.     Denies each and every allegation in paragraph 46 of the Complaint.

47.     Denies each and every allegation in paragraph 47 of the Complaint.

48.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 48 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 48 of the Complaint.

49.     Denies each and every allegation in paragraph 49 of the Complaint.

### RESPONSE TO "G. COUNT ONE-NEGLIGENCE AND GROSS NEGLIGENCE"

50.     With respect to the allegations contained in paragraph 50 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in

7

779693v.1

paragraphs 1 through 49 of this Answer with the same force and effect as though set forth here in full.

51.     Denies each and every allegation in paragraph 51 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

52.     The allegations contained in paragraph 52 of the Complaint including subparts (a) through (p) are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation in paragraph 53 of the Complaint.

**RESPONSE TO "H. COUNT TWO-NEGLIGENCE-SALE OF PRODUCT"**

54.     With respect to the allegations contained in paragraph 54 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

55.     Denies each and every allegation in paragraph 55 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

56.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint that are directed at Merck and denies each and every allegation directed at Merck in said paragraph.

57.     The allegations contained in paragraph 57 of the Complaint are legal conclusions in which no responsive pleading is required.  Should a response be deemed necessary, Merck denies

8

each and every allegation contained in this paragraph except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

58.     The allegations contained in paragraph 58 of the Complaint including subparts (a) through (f) are legal conclusions in which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every remaining allegation in paragraph 58 of the Complaint.

59.     The allegations contained in paragraph 59 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.     The allegations contained in paragraph 60 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 61 of the Complaint.

## RESPONSE TO "I. COUNT THREE-COMMON LAW FRAUD-FAILURE TO DISCLOSE"

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

63.     The allegations contained in paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 63 of the Complaint.

779693v.1

64.     The allegations contained in paragraph 64 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation in paragraph 65 of the Complaint.

66.     Denies each and every allegation in paragraph 66 of the Complaint.

67.     Denies each and every allegation in paragraph 67 of the Complaint.

68.     Denies each and every allegation in paragraph 68 of the Complaint.

69.     Denies each and every allegation in paragraph 69 of the Complaint.

## RESPONSE TO "J. COUNT FOUR-STRICT LIABILITY"

70.     With respect to the first sentence of paragraph 70 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 69 of this Answer with the same force and effect as though set forth here in full. The remainders of the allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in this paragraph. Merck further denies each and every allegation in the balance of paragraph 70.

71.     The allegations contained in paragraph 71 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation of this paragraph. Merck further denies each and every allegation in the balance of paragraph 71

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies

10

each and every allegation of this paragraph. Merck further denies each and every allegation in the balance of paragraph 72.

73.     Denies each and every averment in paragraph 73 of the Complaint.

## RESPONSE TO "K. COUNT FIVE-BREACH OF WARRANTIES (EXPRESS and IMPLIED)"

74.     With respect to the allegations contained in paragraph 74 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 73 of this Answer with the same force and effect as though set forth here in full.

75.     Denies each and every allegation in paragraph 75 of the Complaint, except admits that in 1999 Merck received FDA approval to market the prescription medicine VIOXX®.

76.     Denies each and every allegation in paragraph 76 of the Complaint, including subparagraphs (a) – (f), except admits that in 1999 Merck received FDA approval to market the prescription medicine VIOXX®. Merck further avers that it provides to the Physicians' Desk Reference a copy for publication of the FDA-approved prescribing information for VIOXX® in effect at the time and respectfully refers the Court to the Physicians' Desk Reference for the actual language and full text of said prescribing information

77.     Denies each and every allegation in paragraph 77 of the Complaint, except admits that in 1999 Merck received FDA approval to market the prescription medicine VIOXX®

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 including subparagraphs (a) – (c) of the Complaint.

11

779693v.1

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint.

### RESPONSE TO "L. COUNT SEVEN-PUNITIVE DAMAGES"

84.     With respect to the allegations contained in paragraph 84 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint.

### RESPONSE TO "M. TOLLING OF APPLICABLE STATUTES OF LIMITATION, IF ANY"

89.     Denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint.

### RESPONSE TO "N. PRAYER FOR RELIEF"

With respect to Plaintiff's Prayer for Relief, Merck denies each and every allegation except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for relief.

### RESPONSE TO "O. REQUEST FOR JURY TRIAL"

Merck admits that Plaintiff requests a jury trial, but denies that there is any factual or legal basis for the request.

779693v.1

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part by the First Amendment.

779693v.1

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of accord and satisfaction, *res judicata*, payment and release.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or part by the contributory negligence of the Plaintiff.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after the Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

14

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that the Plaintiff's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

15

779693v.1

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint; such benefits are not recoverable in this action.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

If a finding of liability is made against Merck, Merck is entitled to apportionment.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warning to prescribing physicians.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

16

779693v.1

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because the product at issue was made in

accordance with the state-of-the-art at the time it was manufactured.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused

injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and

federal constitutional rights.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck,

no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any

award of punitive damages is barred.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was

subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the

Restatement (Second) of Torts.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment j to Section 402A of the

Restatement (Second) of Torts.

779693v.1

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:

Products Liability.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for

a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of

Torts:  Product Liability.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

This case is more appropriately brought in a different venue.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the

alleged risk without substantially impairing the reasonably anticipated and intended function of

VIOXX®.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

Merck is not guilty of negligence and violated no duty owing to Plaintiffs.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient

particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck

18

reserves the right to amend and/or supplement the averments of its answer to assert any and all

pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.


WHEREFORE, Merck respectfully demands judgment dismissing plaintiff's complaint with

prejudice and awarding Merck its reasonable costs and disbursements, together with such and other

and further relief that the Court may deem just and proper.


## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectively submitted,


Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Robert A. Bunda
Rebecca C. Sechrist
BUNDA STUTZ & DeWITT, P.L.L.
One SeaGate, Suite 650
Toledo, OH 54604
Phone: 419-241-2777
Fax:    419-241-4697

Counsel for Merck & Co., Inc.

19

779693v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this ___24th__ day of July 2005

Dorothy H. Wimberly

20

779693v.1