


```
                    FILED
              U.S. DISTRICT COURT
            EASTERN DISTRICT OF LA

              2005 JUL 12  AM 9:30

                LORETTA G. WHYTE
                     CLERK
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Chris Mersman, et al v. Merck & Co., Inc.*, (05-2327) | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER, DEFENSES, REQUEST FOR RELIEF, AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck") answers the Complaint ("Complaint") as follows:

### RESPONSE TO "PARTIES AND JURISDICTION"

1.  Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint that are directed at Merck and denies each and every allegation directed at Merck in said Complaint.

2.  Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint that are directed at Merck and denies each and every allegation directed at Merck in said Complaint.

```
___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____
               779687v.1
```

3. Denies each and every allegation contained in paragraph 3 of the Complaint except admits that Plaintiffs purport to put more than $75,000 in controversy, but denies that there is any factual or legal basis for such relief.

4. Merck denies each and every allegation contained in paragraph 4 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX& until Merck voluntarily withdrew VIOXX© from the market on September 30, 004.

5. Merck denies each and every allegation contained in paragraph 5 of the Complaint except admits that it is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey.

6. Merck denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX& until Merck voluntarily withdrew VIOXX© from the market on September 30, 004.

7. The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that Plaintiffs purport to put more than $75,000 in controversy, but denies that there is any factual or legal basis for such relief.

8. The allegations contained in paragraph 8 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 8 of the Complaint.

## RESPONSE TO "FACTUAL BACKGROUND"

9. Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.

10. Denies each and every allegation contained in paragraph 10 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSIADs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

11. Denies each an every allegation contained in paragraph 11 of the Complaint except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

12. Denies each and every allegation contained in paragraph 12 of the Complaint

13. Denies each and every allegation contained in paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint including subparts (a) through (f) except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

19. Denies each and every allegation contained in paragraph 19 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.

20. Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint that are not directed a Merck and denies each and every allegation directed at Merck in said paragraph.

### RESPONSE TO "FIRST CAUSE OF ACTION STRICT LIABILTY"

21. With respect to the allegations contained in paragraph 21 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 20 of this Answer with the same force and effect as if set forth here in full.

22. Denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market September 30, 2004.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

779687v.1

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION NEGLIGENCE"

30. With respect to the allegations contained in paragraph 30 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as if set forth here in full.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION BREACH OF EXPRESS WARRANTY"

38. With respect to the allegations contained in paragraph 38 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as if set forth here in full.

39. Denies each and every allegation contained in paragraph 39 of the Complaint except admits that Merck trains its professional representatives. Merck further avers that, until Merck announced the voluntary withdrawal of VIOXX® on September 30, 2004, it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

4

## RESPONSE TO "FOURTH CAUSE OF ACTION BREACH OF IMPLIED WARRANTY"

42. With respect to the allegations contained in paragraph 42 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraph 1 through 41 of this Answer with the same force and effect as if set forth here in full.

43. Denies each and every allegation contained in paragraph 43 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.

44. Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Complaint that are directed a Merck and denies each and every allegation directed at Merck in said paragraph.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION NEGLIGENT MISREPRESENTATION AND FRAUD"

47. With respect to the allegations contained in paragraph 47 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 46 of this Answer with the same force and effect as if set forth here in full.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 of the Complaint that are directed a Merck and denies each and every allegation directed at Merck in said paragraph.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

## RESPONSE TO "SIXTH CAUSE OF ACTION LOSS OF CONSORTIUM"

53. With respect to the allegations contained in paragraph 53 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 52 of this Answer with the same force and effect as if set forth here in full.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 of the Complaint that are directed a Merck and denies each and every allegation directed at Merck in said paragraph.

## DEMAND FOR RELIEF

With respect to Plaintiffs' Demand for Relief, Merck denies each and every allegation except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for relief.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

Merck is not guilty of negligence and violated no duty owing to Plaintiffs.

## AS FOR AN EIGHTH,
## DEFENSE MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or part by the contributory negligence of the first named Plaintiff.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence.

779687v.1

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after the first named Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the first named Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs' have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the first named Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that the first named Plaintiff's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

If a finding of liability is made against Merck, Merck is entitled to apportionment.

## AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

779687v.1

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warning to prescribing physicians.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state-of-the-art at the time it was manufactured.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

779687v.1

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

779687v.1

## AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

This case is more appropriately brought in a different venue.

## AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

## AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiffs' complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such further relief that the Court may deem just and proper.

779687v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectively submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Robert A. Bunda
Rebecca C. Sechrist
BUNDA STUTZ & DeWITT, P.L.L.
One SeaGate, Suite 650
Toledo, OH 54604
Phone: 419-241-2777
Fax:    419-241-4697

Counsel for Merck & Co., Inc.

779687v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this _12th_ day of July 2005

_Dorothy H. Wimberly_

779687v.1