

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12  PM 4: 06

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX<br>Products Liability Litigation | MDL NO. 1657 |
| | SECTION: L |
| | JUDGE ELDON E. FALLON |
| This document relates to *Dianne McCraw, etc. v. Merck & Co., Inc.,* (E.D. La. Index No. 05-1278) | MAG. JUDGE KNOWLES |

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its

undersigned counsel, and presents the following Answer and Defenses to Plaintiff's

Complaint as follows:

### RESPONSE TO "PARTIES, JURISDICTION AND VENUE"

1.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 1 of the Complaint.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint

except denies knowledge or information sufficient to form a belief as to the truth of the

_____ Fee_____
__X__ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No _____

779927v.1

allegations as to whether and when Plaintiff's decedent purchased or consumed the prescription medicine VIOXX®.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and further admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 except admits that Plaintiff purports to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief and admits that there is diversity between the parties.

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Complaint, except admits that it is authorized to do business in the State of Minnesota.

## RESPONSE TO "FACTUAL ALLEGATIONS"

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, which reduces pain and inflammation, that the

- 2 -

mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2) and further admits that VIOXX® is Merck's trade name for rofecoxib.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that on or about May 20, 1999, Merck obtained approval from the U.S. Food and Drug Administration ("FDA") to market VIOXX® and further admits that VIOXX® is Merck's trade name for rofecoxib.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck submitted an Application to Market a New Drug for Human Use of VIOXX® (the "NDA") to the FDA and respectfully refers the Court to the NDA for its actual language and full text and that Merck distributed the prescription medicine VIOXX®.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint except admits that the studies referenced in sentence one of paragraph 13 and

the article referenced in sentence two of paragraph 13 exist, and respectfully refers the Court to said publications for their actual language and full text.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint except admits the existence of the journal, the article contained therein, and that plaintiff appears to have accurately quoted the document referenced in said paragraph, and respectfully refers the Court to the referenced document for its actual language and full text.

17.     Denies each and every allegation in paragraph 17 of the Complaint, except admits that the study referenced exists and respectfully refers the Court to the referenced study for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

21.    Denies each and every allegation contained in paragraph 21 of the Complaint except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004, that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

22.    Denies each and every allegation contained in paragraph 22 of the Complaint.

23.    Denies each and every allegation contained in paragraph 23 of the Complaint.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint.

779927v.1

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

## RESPONSE TO "COUNT I: NEGLIGENCE"

29.     With respect to the allegations contained in paragraph 29 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as though set forth here in full.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     The allegations contained in paragraph 31 of the Complaint are legal conclusions and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant common law standards in this jurisdiction, including any applicable conflicts of law rules.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, including subparagraphs a through i.

779927v.1

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

### RESPONSE TO "COUNT II:  STRICT LIABILITY (Failure to Warn)"

35.     With respect to the allegations contained in paragraph 35 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, including subparagraphs a through c.

### RESPONSE TO "COUNT III:  STRICT LIABILITY (Design Defect)"

40.     With respect to the allegations contained in paragraph 40 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

- 7 -

779927v.1

41.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 41 of the complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.  Denies each and every allegation contained in the second sentence of paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

779927v.1

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant common law standards in this jurisdiction, including any applicable conflicts of law rules.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, including subparagraphs a through c.

### RESPONSE TO "COUNT IV: NEGLIGENT FAILURE TO WARN"

54.     With respect to the allegations contained in paragraph 54 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

779927v.1

57.     Denies each and every allegation contained in paragraph 57 of the
Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the
Complaint, including subparagraphs a through c.

## RESPONSE TO "COUNT V: NEGLIGENCE PER SE"

59.     With respect to the allegations contained in paragraph 59 of the Complaint,
repeats and re-alleges each and every admission, denial, averment, and statement
contained in paragraphs 1 through 58 of this Answer with the same force and effect as
though set forth here in full.

60.     The allegations contained in paragraph 61 of the Complaint are legal
conclusions as to which no responsive pleading is required.  Should a response be
deemed required, Merck denies each and every allegation contained in said paragraph
and respectfully refers the Court to the relevant common law standards in this
jurisdiction, including any applicable conflicts of law rules.

61.     Denies each and every allegation contained in paragraph 61 of the
Complaint.

62.     The allegations contained in paragraph 62 of the Complaint are legal
conclusions as to which no responsive pleading is required.  Should a response be
deemed required, Merck denies each and every allegation contained in said paragraph
and respectfully refers the Court to the referenced statute for its actual language and full
text.

779927v.1

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

## RESPONSE TO "COUNT VI: MISREPRESENTATION AND SUPPRESSION"

66.     With respect to the allegations contained in paragraph 66 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint, including subparagraphs a through e.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

779927v.1

72.    Denies each and every allegation contained in paragraph 72 of the Complaint.

73.    The allegations contained in paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant common law standards in this jurisdiction, including any applicable conflicts of law rules.

74.    Denies each and every allegation contained in paragraph 74 of the Complaint.

75.    Denies each and every allegation contained in paragraph 75 of the Complaint.

76.    Denies each and every allegation contained in paragraph 76 of the Complaint.

## RESPONSE TO "COUNT VII:  BREACH OF WARRANTY"

77.    With respect to the allegations contained in paragraph 77 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78.    The allegations contained in Paragraph 78 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

- 12 -

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

## RESPONSE TO "COUNT VIII: BREACH OF EXPRESS WARRANTY"

83.     With respect to the allegations contained in paragraph 83 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 82 of this Answer with the same force and effect as though set forth here in full.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

## RESPONSE TO "COUNT IX:  FRAUD"

87.     With respect to the allegations contained in paragraph 87 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement

779927v.1

contained in paragraphs 1 through 86 of this Answer with the same force and effect as though set forth here in full.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

## RESPONSE TO "COUNT X: VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT"

92.     With respect to the allegations contained in paragraph 92 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 91 of this Answer with the same force and effect as though set forth here in full.

93.     The allegations contained in paragraph 93 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the referenced statute for its actual language and full text.

779927v.1

94.     Denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint.

97.     The allegations contained in paragraph 97 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the referenced statute for its actual language and full text.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint.

## RESPONSE TO "COUNT XI: UNJUST ENRICHMENT"

101.    With respect to the allegations contained in paragraph 101 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 100 of this Answer with the same force and effect as though set forth here in full.

- 15 -

102.     Denies each and every allegation contained in paragraph 102 of the Complaint.

103.     Denies each and every allegation contained in paragraph 103 of the Complaint.

104.     Denies each and every allegation contained in paragraph 104 of the Complaint.

### RESPONSE TO "COUNT XII: LOSS OF CONSORTIUM"

105.     With respect to the allegations contained in paragraph 105 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 104 of this Answer with the same force and effect as though set forth here in full.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107.     Denies each and every allegation contained in paragraph 107 of the Complaint.

108.     Denies each and every allegation contained in paragraph 108 of the Complaint.

109.     Denies each and every allegation contained in paragraph 109 of the Complaint.

110.     Denies each and every allegation contained in paragraph 110 of the Complaint.

- 16 -

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

111.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

112.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

113.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

114.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

115.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

116.    Plaintiff's claims are barred in whole or in part by the First Amendment.

779927v.1

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

117.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence as codified at Minn. Stat. § 604.02.

## AS FOR A EIGHTH
## DEFENSE, MERCK ALLEGES:

118.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

119.    Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR AN TENTH
## DEFENSE, MERCK ALLEGES:

120.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

779927v.1

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

121.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

122.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

123.   To the extent that Plaintiff's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

124.   To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

779927v.1

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

125.   To the extent Plaintiff has settled or will in the future settle with any person

or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any,

should be reduced accordingly.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

126.   To the extent Plaintiff is seeking recovery for benefits entitled to be

received or actually received from any other source for injuries alleged in the Complaint,

such benefits are not recoverable in this action.

## AS FOR AN SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

127.   Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to

allege the circumstances constituting fraud with particularity, as required by Federal Rule

of Civil Procedure 9(b).

## AS FOR A EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

128.   Plaintiff's claims are barred, in whole or in part, under the applicable state

law because VIOXX® was subject to and received pre-market approval by the Food and

Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A NINETEETH
## DEFENSE, MERCK ALLEGES:

129.   To the extent that Plaintiff asserts claims based upon an alleged failure by

Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®,

779927v.1

such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

130.   Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

131.   To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

132.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

133.   Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

134.    Plaintiff's claims are barred in whole or in part under comment k to Section

402A of the Restatement (Second) of Torts.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

135.    Plaintiff's claims are barred in whole or in part under comment j to Section

402A of the Restatement (Second) of Torts.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

136.    Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement

(Third) of Torts: Products Liability.

**AS FOR A TWENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

137.    Plaintiff's claims are barred in whole or in part because VIOXX®

"provides net benefits for a class of patients" within the meaning of comment f to Section

6 of the Restatement (Third) of Torts:  Product Liability.

**AS FOR A TWENTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

138.    Plaintiff has asserted a claim in its Complaint for punitive damages in

violation of Minn. Stat. § 549.191, and said claim should therefore be stricken.

**AS FOR A TWENTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

139.    This case is more appropriately brought in a different venue.

779927v.1

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

140.   This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that are included in the master answer to be filed with the Court or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

779927v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


Dated: July _12_ , 2005               Respectfully submitted,


By: _Dorothy H. Wimberly_

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: (504) 581-3200
Fax:  (504) 581-3361

Defendants' Liaison Counsel

Scott A. Smith (Reg. No. 174026)
Amanda M. Cialkowski (Reg. No. 306514)
Jan R. McLean Bernier (Reg. No. 0307853)
U.S. Bank Center South, Suite 600
220 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 338-1838
Fax: (612) 338-7858

Counsel for Defendant Merck & Co., Inc.

- 24 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this *12th* day of July, 2005.

779927v.1