

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12  PM 4: 07

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX | *   MDL No 1657 |
|       Products Liability Litigation | * |
| | *   SECTION:  L |
| | * |
| | *   JUDGE ELDON E. FALLON |
| | * |
| | *   MAGISTRATE JUDGE |
| | *   DANIEL E. KNOWLES, III |
| | * |

* * * ************************************

**THIS DOCUMENT RELATES TO:** *R. Dee Erickson v. Merck & Co., Inc.*, No 05-1166, previously filed as 1:05cv6PGC in the District of Utah, Central Division.

<u>ANSWER OF DEFENDANT MERCK & CO., INC.</u>

Defendant Merck & Co., Inc. (sued herein as Merck & Company, Inc.) ("Merck"), by its undersigned counsel, answers Plaintiff's complaint ("Complaint") as follows:

<b>RESPONSE TO GENERAL ALLEGATIONS</b>

1.      Merck lacks information and knowledge sufficient to either admit or deny the allegations in paragraph 1 of the Complaint and on that basis, denies the same.

2.      Merck lacks information and knowledge sufficient to either admit or deny the allegations in paragraph 2 of the Complaint and on that basis, denies the same.

```
_____ Fee_____
_____ Process_____
  X   Dktd_____
_____ CtRmDep_____
_____ Doc. No _____
```

779930v.1

3.      Merck lacks information and knowledge sufficient to either admit or deny the allegations in paragraph 3 of the Complaint and on that basis, denies the same.

4.      Merck admits the allegations in paragraph 4 of the Complaint.

5.      Merck denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® and that VIOXX® is the brand name for rofecoxib.

6.      Merck denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck is authorized to do business within the State of Utah.

7.      The allegations in paragraph 7 of the Complaint call for a legal conclusion to which no response is required.  To the extent any response is required, denies each and every allegation contained in said paragraph except admits that Plaintiffs purport to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief.  Merck further admits that there is diversity.

8.      The allegations in paragraph 8 of the Complaint call for a legal conclusion to which no response is required.  To the extent any response is required, denies each and every allegation contained in said paragraph.

9.      Merck admits the allegations in paragraph 9 of the Complaint.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

2

11.     Merck denies each and every allegation in paragraph 11 of the complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint, except admits that Merck marketed the prescription medication VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information until the voluntary withdrawal of VIOXX® on September 30, 2004.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that the referenced 2000 Annual Report exists and respectfully refers the Court to the report for its actual language.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that the referenced 2000 Annual Report exists and respectfully refers the Court to the report for its actual language.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that the referenced 2001 Annual Report exists and respectfully refers the Court to the report for its actual language.

779930v.1

17.     Merck denies each and every allegation contained paragraph 17 of the Complaint except admits that in 2001 VIOXX® achieved sales of $2.6 billion and admits that the referenced corporate release exists and respectfully refers the Court to said release for its actual language and full text.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint except admits that the referenced corporate release exists and respectfully refers the Court to said release for its actual language and full text.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that VIOXX® was prescribed to millions of patients by health care providers and that sales figures exceeded $2 billion in 2003.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that plaintiff purports to quote the referenced email, but Merck avers that said quote is taken out of context.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to

3

779930v.1

manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX®.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that Merck received a letter from a regulatory office in December, 1999 and respectfully refers the Court to that letter for its actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

29.     Merck denies each and every allegation contained in paragraph 29 except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

30.     Merck denies each and every allegation contained in paragraph 30 except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

4

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that Plaintiff purports to quote the referenced email but avers that said quotation is taken out of context.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that the referenced briefing document exists and respectfully refers the Court to said briefing document for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the complaint except admits that the referenced statements exists and respectfully refers the Court to said statement for its actual language and full text.

34.     Merck denies each and every allegation contained in paragraph 34 except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced document.

35.     Merck denies each and every allegation contained in paragraph 35 except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

36.     Merck denies each and every allegation contained in paragraph 36 except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

38.     Merck denies each and every allegation contained in paragraph 38.

5

39.     Merck denies each and every allegation contained in paragraph 39 except admits that Merck has issued certain statements regarding VIOXX® and respectfully refers the Court to the statement referenced by plaintiff for its actual language and full text.

40.     Merck denies each and every allegation contained in paragraph 40 except admits that Merck has issued certain statements regarding VIOXX® and respectfully refers the Court to the statement referenced by plaintiff for its actual language and full text.

41.     Merck denies each and every allegation contained in paragraph 41.

42.     Merck denies each and every allegation contained in paragraph 42.

43.     Merck denies each and every allegation contained in paragraph 43.

44.     Merck denies each and every allegation contained in paragraph 44.

45.     Merck denies each and every allegation contained in paragraph 45 of the complaint except admits that Merck contracted with physicians to give promotional audio conferences for VIOXX®.

46.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint except admits that audio conferences regarding VIOXX® were conducted by Dr. Holt on June 8, 2000, June 13, 2000, June 16, 2000, and June 21, 2000.

47.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the complaint except admits that an audio conference regarding VIOXX® took place on June 21, 2000.

6

48.     Merck denies each and every allegation contained in paragraph 48 of the complaint except admits that Merck contracted with physicians to give promotional audio conferences for VIOXX®.

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

50.     Merck denies each and every allegation contained in paragraph 50.

51.     Merck denies each and every allegation contained in paragraph 51.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint and admits that plaintiff purports to quote the referenced document but avers that said quotations are taken out of context.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint and admits that plaintiff purports to quote the referenced document but avers that said quotations are taken out of context.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

779930v.1

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint except admits that on September 30, 2004 Merck announced a voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.

## RESPONSE TO FIRST CAUSE OF ACTION

58.     With respect to the allegations contained in paragraph 58 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

779930v.1

63.     The allegations contained in paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any duty in the manufacture, marketing, or distribution of VIOXX ®.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint.

## RESPONSE THIRD CAUSE OF ACTION

66.     With respect to the allegations contained in paragraph 66 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67.     The allegations contained in paragraph 67 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, marketing or distribution of VIOXX ®.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     The allegations contained in paragraph 69 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

9

70.     Merck denies each and every allegation contained in paragraph 70, including subparagraphs (a) through (f).

71.     Merck denies each and every allegation contained in paragraph 71.

## RESPONSE TO FOURTH CAUSE OF ACTION

72.     With respect to the allegations contained in paragraph 72 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 71 of this Answer with the same force and effect as though set forth here in full.

73.     The allegations contained in paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

## RESPONSE TO FIFTH CAUSE OF ACTION

77.     With respect to the allegations contained in paragraph 77 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

779930v.1

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Merck each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.


### RESPONSE TO SIXTH CAUSE OF ACTION

81.     With respect to the allegations contained in paragraph 81 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 80 of this Answer with the same force and effect as though set forth here in full.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint.

11

87.     Merck denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint.

## RESPONSE TO SEVENTH CAUSE OF ACTION

89.     With respect to the allegations contained in paragraph 89 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 88 of this Answer with the same force and effect as though set forth here in full.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint.

779930v.1

96.     Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint.

## RESPONSE TO EIGHTH CAUSE OF ACTION

98.     With respect to the allegations contained in paragraph 98 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 97 of this Answer with the same force and effect as though set forth here in full.

99.     Merck denies each and every allegation contained in paragraph 99, including subparagraphs (a) through (g).

100.    Merck denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Merck denies each and every allegation contained in paragraph 101 of the Complaint.

## RESPONSE TO NINTH CAUSE OF ACTION

102.    With respect to the allegations contained in paragraph 102 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 101 of this Answer with the same force and effect as though set forth here in full.

103.    Merck denies each and every allegation contained in paragraph 103 of the Complaint.

13

779930v.1

104. Merck denies each and every allegation contained in paragraph 104 of the Complaint.

105. Merck denies that plaintiff is entitled to any of the relief specified in the Request for Relief, Prayer, or anywhere else in plaintiff's Complaint. Moreover, all allegations not specifically admitted herein are specifically denied by Merck.

## MERCK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### THIRD AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

14

779930v.1

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### SIXTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### EIGHTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

779930v.1

## NINTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of VIOXX®.

## TENTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because VIOXX® is a prescription medication which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) of Torts.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for strict liability and breach of warranty are barred on the grounds that such claims are not cognizable against Merck.

16

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is barred under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under the Utah Consumer Sales Practices Act fails pursuant to Utah Code Ann. § 13-11-22(1)(a) because the alleged acts or practices complained of are required or specifically permitted by or under federal law, or by or under state law.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claim by plaintiffs for personal injury or death or claim for damage to property other than the property that is the subject of the consumer transaction under the Utah Consumer Sales Practices Act is prohibited pursuant to Utah Code Ann. § 13-11-22(1)(c).

779930v.1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim under the Utah Consumer Sales Practices Act fails because Merck committed no deceptive or unconscionable act or practice within the meaning of the Utah Consumer Sales Practices Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were proximately caused by allergies, sensitivities, or idiosyncrasies peculiar to plaintiffs and not found in the general public, and unknown or unknowable to Merck. Plaintiffs' alleged injuries were not reasonably foreseeable to Merck, therefore, the occurrences in question, if any, was unavoidable incidents insofar as that term is understood at law, as far as Merck is concerned.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

VIOXX® was neither dangerous nor defective, and was of merchantable quality and was fit and safe for its intended use.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized by Merck in designing, formulating, manufacturing and marketing VIOXX® and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product were manufactured.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Federal Preemption.

779930v.1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the use of these products was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Merck has no duty to warn of possible dangers in using VIOXX®, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The advertisements and labeling with respect to VIOXX® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Utah Constitutions.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The conduct of Merck and all activities with respect to VIOXX® were fair and truthful based upon the state of knowledge existing at the relevant time alleged.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by is barred by the applicable statute of limitations, including Utah Code Ann. § 78-15-3 and Utah Code Ann. § 13-11-19(8), and is otherwise untimely.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded by actions and determinations of federal and state regulatory agencies, including without limitation, the Federal Food and Drug Administration.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the principles of the learned intermediary doctrine.

19

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Merck denies any misrepresentation, fraud, reliance by plaintiffs and/or detriment allegedly resulting therefrom.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Further answering, the Complaint fails to state a claim for punitive and/or exemplary damages against Merck upon which relief can be granted.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Further answering, Merck will rely on all defenses that are included in the master answer to be filed with the Court or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiffs' Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Dated: July 12 , 2005

Respectfully submitted

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. Dileo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: (504)581-3200
Fax:    (504)581-3361

*Defendants' Liaison Counsel*

20

779930v.1

Rick L. Rose (Utah State Bar No. 5140)
Kristine M. Larsen (Utah State Bar No. 9228)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone:     (801) 532-1500
Telecopier:    (801)532-7543

*Attorneys for Merck & Co., Inc.*

21

779930v.1

## CERTIFICATE OF MAILING

I hereby certify that the above and foregoing Answer of Defendant Merck & Co, Inc. has been served on Liaison Counsel, Russ Herman, by U.S. mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this _12th_ day of July, 2005.

Jeffrey Robinson
ROBINSON & SHEEN, LLC
215 South State Street, Suite 960
Salt Lake City, Utah 84111

22

779930v.1