

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Wilma Bradam* | * | JUDGE FALLON |
| v. Merck & Co., Inc. et al., ~~(05-2327)~~ | * | |
| 05-2343 | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER, DEFENSES, REQUEST FOR RELIEF, AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck" answers the Complaint ("Complaint") as follows:

### RESPONSE TO "PARTIES"

1. Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2. Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative

779939v.1

pharmaceutical products to improve human health. Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3. Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 not directed at Merck and denies each and every allegation directed at Merck in said paragraph.

4. Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint that are not directed at Merck and denies each and every allegation directed at Merck in said paragraph.

### RESPONSE TO "CONTITIONS PRECEDENT"

5. Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 5 of the Complaint not directed at Merck and denies each and every allegation directed at Merck in said paragraph.

### RESPONSE TO "FACTS"

6. Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck sought and, in May 1999, received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX®.

7. Denies each and every allegation contained in paragraph 7 of the Complaint.

8. Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further admits that VIOXX® is a selective COX-2

inhibitor and avers that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

9. Denies each and every allegation contained in paragraph 9 of the Complaint except admits that an audio conference regarding VIOXX® took place on June 21, 2000.

10. Denies each and every allegation contained in paragraph 10 of the Complaint.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

12. Avers that Complaint has two paragraphs which are both numbered "12". Merck Denies each and every allegation in paragraph 12 (incorrectly numbered) of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

13. Denies each and every allegation contained in paragraph 13 of the Complaint, and avers that on September 30, 2004 Merck in formed the FDA official of Merck's decision to voluntarily withdraw VIOXX® form the worldwide market.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint including subparts (a) through (e).

16. Denies each and every allegation contained in paragraph 16 of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

779939v.1

## RESPONSE TO "COUNT 1 – NEGLIGENCE"

18. With respect to the allegations contained in paragraph 18 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 17 of this Answer with the same force and effect as if set forth here in full.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

## RESPONSE TO "COUNT 2 – PRODUCTS LIABILITY"

20. With respect to the allegations contained in paragraph 20 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of this Answer with the same force and effect as if set forth here in full.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

## RESPONSE TO "COUNT 3 – BREACH OF EXPRESSED AND IMPLIED WARRANTIES"

22. With respect to the allegations contained in paragraph 22 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 21 of this Answer with the same force and effect as if set forth here in full.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

## RESPONSE TO "COUNT 4 – FRAUD"

24. With respect to the allegations contained in paragraph 24 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as if set forth here in full.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

779939v.1

### RESPONSE TO "COUNT 5 – OHIO DECEPTIVE TRADE PRACTICES ACT"

27. With respect to the allegations contained in paragraph 27 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 26 of this Answer with the same force and effect as it set forth here in full.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

### RESPONSE TO "DAMAGES"

29. With respect to the allegations contained in paragraph 29 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as if set forth here in full.

30. Denies each and every allegation contained in paragraph 30 including subparts (a) through (f).

### RESPONSE TO "PUNITIVE DAMAGES"

31. With respect to the allegations contained in paragraph 31 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer to the same force and effect as if set forth here in full.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

779939v.1

## DEMAND FOR RELIEF

With respect to Plaintiffs' Demand for Relief, Merck denies each and every allegation except admits Plaintiffs' purport to seek damages but denies that there is any legal or factual basis for relief.

Respectively submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Robert A. Bunda
Rebecca C. Sechrist
BUNDA STUTZ & DeWITT, P.L.L.
One SeaGate, Suite 650
Toledo, OH 54604
Phone: 419-241-2777
Fax:    419-241-4697

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this _12th_ day of July 2005

_Dorothy H. Wimberly_