FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12  PM 2:22

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Jerry Lee Key,* | * | JUDGE FALLON |
| *et al. v. Merck & Co., Inc.,* (E.D. La. | * | |
| Index No. 05-2010) | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT MERCK & CO., INC.'S ANSWER,
## DEFENSES AND JURY DEMAND TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant Merck & Co., Inc. ("Merck"), by its undersigned

attorneys, and, subject to the defenses set forth hereinafter, answers Plaintiffs' Complaint

("Complaint") herein as follows:

## DEFENSES

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the

applicable statute(s) of limitation and/or statute of repose.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep
___ Doc. No._____

### THIRD DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, laches, waiver or statutory and regulatory compliance.

### FOURTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part by the operation of nature or other intervening cause or causes.

### FIFTH DEFENSE

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### SIXTH DEFENSE

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### SEVENTH DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

779900_1.DOC
779900v.1

### EIGHTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

### NINTH DEFENSE

Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### TENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### ELEVENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### TWELFTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

3

### THIRTEENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

### FOURTEENTH DEFENSE

To the extent Plaintiffs have sustained any injuries or losses, Plaintiffs have failed to mitigate such alleged injury or loss.

### FIFTEENTH DEFENSE

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

4

## NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## TWENTIETH DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

## TWENTY-FIRST DEFENSE

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## TWENTY-SECOND DEFENSE

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## TWENTY-THIRD DEFENSE

To the extent Plaintiffs make a claim for punitive damages, Merck asserts that the Plaintiffs have not complied with statutory requirements to recover punitive damages.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiffs' claim may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

779900_1.DOC
779900v.1

It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. See *Pacific Mut. Life Ins. Co. v. Haslip, 111 S.Ct. 1032, 113 L.Ed.2d. 1;*

The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and

779900_1.DOC
779900v.1

Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10; and

The Plaintiffs' attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIFTH DEFENSE

Plaintiffs' Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has addressed punitive damage standards in cases styled *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) and *State Farm Automobile Insurance Company v. Curtis B. Campbell, et al.*, 123 S.Ct. 1513 (2003). Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in these cases.

### TWENTY-SIXTH DEFENSE

Merck avers that any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. See *TXO Production Corp. v. Alliance Resources Corp.*, 113 S.Ct. 2711 (US 1993).

### TWENTY-SEVENTH DEFENSE

Merck avers that Plaintiffs' claims for litigation expense and attorneys' fees fail to state a claim upon which relief may be granted and should be dismissed.

779900_1.DOC
779900v.1

## TWENTY-EIGHTH DEFENSE

Merck avers that the Georgia Statute respecting award of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contrasted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products violates the Constitution of the United States, particularly in that it does not afford product manufacturers, such as Merck, equal protection of the laws.

## TWENTY-NINTH DEFENSE

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## THIRTIETH DEFENSE

Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## THIRTY-FIRST DEFENSE

Pursuant to O.C.G.A. § 51-12-5.1, to the extent punitive damages are assessed against Merck, only one award of punitive damages may be recovered in any court in the State of Georgia from Merck arising from product liability of a single product.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

8

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred by reason that any alleged dangerous condition complained of was open and obvious and there was no duty on the part of Merck to warn of any such open and obvious condition.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

### THIRTY-EIGHTH DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of

779900_1.DOC
779900v.1

its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.  Merck further states that it will rely on any defense that may become available during discovery or trial.

## THIRTY-NINTH DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

## ANSWER TO COMPLAINT

Subject to and without waiving the foregoing defenses, Merck responds to the individually numbered paragraphs of the Complaint as follows:

## RESPONSE TO "PARTIES JURISDICTION AND VENUE"

1.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 1 of the Complaint.

2.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 2 of the Complaint.

3.

Merck denies each and every allegation contained in the first sentence of paragraph 3 of the Complaint except admits Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.  Merck denies each and every allegation contained in the second sentence of paragraph 3 of the

10

Complaint except admits Merck may be served with process by service upon its registered agent, Corporation Process Company, 180 Cherokee Street, N.E., Marietta, Georgia 30060.  Merck denies each and every allegation contained in the third sentence of paragraph 3 of the Complaint except admits Merck manufactured, marketed and distributed the prescription medicine VIOXX® and that VIOXX® is Merck's trade name for rofecoxib.

4.

The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits there is diversity of citizenship between the parties and that the Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

5.

The allegations contained in the first sentence of paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence. Merck denies each and every allegation contained in the second sentence of paragraph 5 of the Complaint.

779900_1.DOC
779900v.1

## RESPONSE TO "FACTUAL ALLEGATIONS"

6.

Merck denies each and every allegation contained in paragraph 6 of the Complaint except admits that VIOXX® is a selective COX-2 inhibitor and that VIOXX® reduces pain and inflammation.

7.

Merck denies each and every allegation contained in the first sentence of paragraph 7 of the Complaint, except Merck admits VIOXX® is a selective COX-2 inhibitor and that VIOXX® reduces pain and inflammation.  Merck denies each and every allegation contained in the second sentence of paragraph 7 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.

8.

Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.

9.

Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits Merck manufactured, marketed and distributed the prescription medicine VIOXX® and that VIOXX® is Merck's trade name for rofecoxib.

779900_1.DOC
779900v.1

10.

Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

11.

Merck denies each and every allegation set forth in paragraph 11 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.

12.

Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.

Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14.

Merck denies each and every allegation contained in paragraph 14 of the Complaint.

15.

Merck denies each and every allegation contained in paragraph 15 of the Complaint.

16.

Merck denies each and every allegation contained in paragraph 16 of the Complaint.

779900_1.DOC
779900v.1

17.

Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18.

Merck denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to the referenced studies for their actual language and full content.

19.

Merck denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full content.

20.

Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21.

Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.

Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23.

Merck denies each and every allegation contained in paragraph 26 of the Complaint.

779900_1.DOC
779900v.1

24.

Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25.

Merck denies each and every allegation contained in paragraph 25 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

26.

Merck denies each and every allegation contained in paragraph 26 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

27.

Merck denies each and every allegation contained in paragraph 27 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

28.

Merck denies each and every allegation contained in paragraph 28 of the Complaint.

29.

Merck denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full content.

15

30.

Merck denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September of 2001, and respectfully refers the Court to that letter for its actual language and full text.

31.

Merck denies each and every allegation contained in paragraph 31 of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx®" and respectfully refers the Court to the referenced press release for its actual language and full text..

32.

Merck denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September of 2001, and respectfully refers the Court to that letter for its actual language and full text.

33.

Merck denies each and every allegation contained in paragraph 33 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

34.

Merck denies each and every allegation contained paragraph 34 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the VIOXX®

779900_1.DOC
779900v.1

prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

35.

Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.

The allegations contained in paragraph 36 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

37.

The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

38.

Merck denies each and every allegation contained in paragraph 38 of the Complaint, except admits that on September 30, 2004, it announced that in a prospective randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking a placebo, and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of VIOXX®  best served the interests of its patients.

17

39.

Merck denies each and every allegation contained in paragraph 39 of the Complaint.

40.

Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.

Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.

Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.

Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.

Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45.

The allegations contained in paragraph 45 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

779900_1.DOC
779900v.1

46.

Merck denies each and every allegation contained in paragraph 46 of the Complaint except admits that Plaintiffs bring this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT I:  NEGLIGENCE"

47.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 47 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

48.

Merck denies each and every allegation contained in paragraph 48 of the Complaint.

49.

The allegations contained in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

50.

Merck denies each and every allegation contained in paragraph 50 of the Complaint, including subparts (a – i).

779900_1.DOC
779900v.1

54. [SIC]

Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.

Merck denies each and every allegation contained in the first and third sentences of paragraph 55 of the Complaint.  The allegations contained in the second sentence of paragraph 55 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

**RESPONSE TO "COUNT II:  STRICT LIABILITY (Failure to Warn)"**

56.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 56 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

57.

Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.

Merck denies each and every allegation contained in paragraph 58 of the Complaint.

779900_1.DOC
779900v.1

59.

Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.

Merck denies each and every allegation contained in paragraph 60 of the Complaint.

**RESPONSE TO "COUNT III:  STRICT LIABILITY (Design Defect)"**

61.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 61 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

62.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the first sentence of paragraph 62 of the Complaint except admits Merck manufactured, marketed and distributed the prescription medicine VIOXX®.  The allegations contained in the second sentence of paragraph 62 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

779900_1.DOC
779900v.1

63.

The allegations contained in paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

64.

The allegations contained in paragraph 64 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

65.

The allegations contained in paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

66.

Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.

The allegations contained in paragraph 67 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

68.

The allegations contained in paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

779900_1.DOC
779900v.1

69.

The allegations contained in paragraph 69 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

70.

The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

71.

The allegations contained in paragraph 71 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

72.

The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

73.

Merck denies each and every allegation contained in paragraph 73 of the Complaint.

**RESPONSE TO "COUNT IV:  NEGLIGENT FAILURE TO WARN"**

74.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement

779900_1.DOC
779900v.1

contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 74 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

75.

Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.

Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.

The allegations contained in paragraph 77 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

78.

Merck denies each and every allegation contained in paragraph 78 of the Complaint, including subparts a-b.

779900_1.DOC
779900v.1

## RESPONSE TO "COUNT V: NEGLIGENCE PER SE"

79.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 79 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

SECOND 79. [SIC]

The allegations contained in the inadvertent second paragraph 79 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said second paragraph 79.

80.

The allegations contained in paragraph 80 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

81.

Merck denies each and every allegation contained in paragraph 81 of the Complaint, including subparts a-b.

779900_1.DOC
779900v.1

## RESPONSE TO "COUNT VI:  FRAUD BY  MISREPRESENTATION AND SUPPRESSION"

82.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 82 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

83.

Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.

Merck denies each and every allegation contained in paragraph 84 of the Complaint, including subparts (a – e).

85.

Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.

The allegations contained in paragraph 86 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

26

87.

The allegations contained in paragraph 87 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

88.

The allegations contained in paragraph 88 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

89.

The allegations contained in paragraph 89 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

90.

The allegations contained in paragraph 90 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

91.

The allegations contained in paragraph 91 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

92.

Merck denies each and every allegation contained in paragraph 92 of the Complaint.

779900_1.DOC
779900v.1

## RESPONSE TO "COUNT VII:  BREACH OF WARRANTY"

93.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 93 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

94.

The allegations contained in paragraph 94 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

95.

The allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

96.

The allegations contained in paragraph 96 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

97.

The allegations contained in paragraph 97 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

779900_1.DOC
779900v.1

98.

Merck denies each and every allegation contained in paragraph 98 of the Complaint.

## RESPONSE TO "COUNT VIII:  BREACH OF EXPRESS WARRANTY"

99.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 99 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

100.

The allegations contained in paragraph 100 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

101.

The allegations contained in paragraph 101 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

102.

Merck denies each and every allegation contained in paragraph 102 of the Complaint except admits that Plaintiffs bring this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

779900_1.DOC
779900v.1

## RESPONSE TO "COUNT IX:  FRAUD"

103.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 103 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

104.

The allegations contained in paragraph 104 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

105.

The allegations contained in paragraph 105 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

106.

The allegations contained in paragraph 106 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "COUNT X:  LOSS OF CONSORTIUM"

107.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement

30

contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 107 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

108.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the first sentence of paragraph 108 of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph 108 of the Complaint except admits that Plaintiffs bring this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT XI:  PUNITIVE DAMAGES"

109.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 109 of the Complaint, Plaintiffs purport to incorporate by reference all other paragraphs and allegations of the Complaint.

110.

Merck denies each and every allegation contained in the first sentence of paragraph 110 of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph 110 of the Complaint except admits that Plaintiffs bring this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

31

## RESPONSE TO "DEMAND FOR RELIEF"

111.

In response to the "Wherefore" paragraph under the heading "Demand For Relief" immediately following paragraph 110 of the Complaint, Merck denies each and every allegation, including subparts (A)-(G), except admit that Plaintiffs bring this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

112.

Any allegation of the Complaint not specifically responded to above is hereby denied.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

779900_1.DOC
779900v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
564 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

John P. MacNaughton
Seslee S. Mattson
Jeffrey K. Douglass
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 233-7000 (Telephone)
(404) 365-9532 (Facsimile)

Counsel for Merck & Co., Inc.

779900_1.DOC
779900v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing "DEFENDANT MERCK & CO., INC.'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFFS' COMPLAINT" has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 12th day of July, 2005.

*Dorothy H. Wimberly*

779900_1.DOC
779900v.1