FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 12  PM 2: 20

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This document relates to:** *Mack E. Willis* | * | **JUDGE FALLON** |
| *v. Merck & Co., Inc., et al.*, (E.D. La. | * | |
| **Index No. 05-0996)** | * | **MAG. JUDGE KNOWLES** |

* * * * * * * * * * * * * * * * * *

### DEFENDANT MERCK & CO., INC.'S ANSWER, DEFENSES
### AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Merck & Co., Inc. ("Merck"), by its undersigned

attorneys, and, subject to the defenses set forth hereinafter, answers Plaintiff's Complaint

("Complaint") herein as follows:

### DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the

applicable statute(s) of limitation and/or statute of repose.

___ Fee_____
___ Process_____
_X_ Dkid_____
___ CtRmDep_____
___ Doc. No._____

779890v.1

### THIRD DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, laches, waiver or statutory and regulatory compliance.

### FOURTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part by the operation of nature or other intervening cause or causes.

### FIFTH DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### SIXTH DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### SEVENTH DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

779890v.1

### EIGHTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

### NINTH DEFENSE

Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### TENTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### ELEVENTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### TWELFTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

3

779890v.1

### THIRTEENTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

### FOURTEENTH DEFENSE

To the extent Plaintiff has sustained any injuries or losses, Plaintiff has failed to mitigate such alleged injury or loss.

### FIFTEENTH DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

4

779890v.1

## NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## TWENTIETH DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

## TWENTY-FIRST DEFENSE

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## TWENTY-THIRD DEFENSE

To the extent Plaintiff makes a claim for punitive damages, Merck asserts that the Plaintiff has not complied with statutory requirements to recover punitive damages.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiff's claim may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

779890v.1

It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. See *Pacific Mut. Life Ins. Co. v. Haslip, 111 S.Ct. 1032, 113 L.Ed.2d. 1;*

The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and

6

Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10; and

The Plaintiff's attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIFTH DEFENSE

Plaintiff's Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has addressed punitive damage standards in cases styled *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) and *State Farm Automobile Insurance Company v. Curtis B. Campbell, et al.*, 123 S.Ct. 1513 (2003). Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in these cases.

### TWENTY-SIXTH DEFENSE

Merck avers that any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. See *TXO Production Corp. v. Alliance Resources Corp.*, 113 S.Ct. 2711 (US 1993).

### TWENTY-SEVENTH DEFENSE

Merck avers that Plaintiff's claims for litigation expense and attorneys' fees fail to state a claim upon which relief may be granted and should be dismissed.

7

### TWENTY-EIGHTH DEFENSE

Merck avers that the Georgia Statute respecting award of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contrasted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products violates the Constitution of the United States, particularly in that it does not afford product manufacturers, such as Merck, equal protection of the laws.

### TWENTY-NINTH DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### THIRTIETH DEFENSE

Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### THIRTY-FIRST DEFENSE

Pursuant to O.C.G.A. § 51-12-5.1, to the extent punitive damages are assessed against Merck, only one award of punitive damages may be recovered in any court in the State of Georgia from Merck arising from product liability of a single product.

### THIRTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

779890v.1

### THIRTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred by reason that any alleged dangerous condition complained of was open and obvious and there was no duty on the part of Merck to warn of any such open and obvious condition.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

### THIRTY-EIGHTH DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of

779890v.1

its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery of this action. Merck further states that it will rely on any defense that may become available during discovery or trial.

### THIRTY-NINTH DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

### ANSWER TO COMPLAINT

Subject to and without waiving the foregoing defenses, Merck responds to the individually numbered paragraphs of the Complaint as follows:

1.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 1 of the Complaint.

2.

Merck denies each and every allegation contained in the first sentence of paragraph 2 of the Complaint except admits Merck is a New Jersey corporation that is authorized to do business in Georgia and that it may be served with process by service upon its registered agent, Corporation Process Company, 180 Cherokee Street, N.E., Marietta, Georgia 30060. In response to the second sentence of paragraph 2 of the Complaint, Merck further admits that it manufactured, marketed and distributed the prescription medicine VIOXX®.

779890v.1

3.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the first sentence of paragraph 3 of the Complaint. The allegations contained in the second sentence of paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

4.

The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits there is diversity of citizenship between the parties and that the plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief. Merck further admits that it is authorized to do business in Georgia.

## RESPONSE TO "STATEMENT OF THE FACTS"

5.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in sentences one, two, three and four of paragraph 5 of the Complaint. Merck denies each and every allegation contained in the fifth sentence of paragraph 5 of the Complaint.

779890v.1

6.

Merck denies each and every allegation contained in paragraph 6 of the Complaint, except Merck admits that it manufactured, distributed and marketed the prescription medicine VIOXX®.

RESPONSE TO "COUNT I – NEGLIGENCE OF MERCK & CO., INC."

7.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 7 of the Complaint, Plaintiff purports to incorporate by reference all other paragraphs and allegations of the Complaint.

8.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 8 of the Complaint.

9.

Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10.

Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11.

Merck denies each and every allegation contained in paragraph 11 of the Complaint.

779890v.1

12.

Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.

The allegations contained in paragraph 13 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14.

Merck denies each and every allegation contained in paragraph 14 of the Complaint, including subparts (a – I).

15.

Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that Merck had product discussions with health care professionals through, *inter alia*, its professional sales representatives.

16.

Merck denies each and every allegation contained in paragraph 16 of the Complaint.

17.

The allegations contained in paragraph 17 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

RESPONSE TO "COUNT II – STRICT LIABILITY OF MERCK & CO., INC."

779890v.1

18.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 18 of the Complaint, Plaintiff purports to incorporate by reference all other paragraphs and allegations of the Complaint.

19.

Merck denies each and every allegation contained in paragraph 19 of the Complaint, except Merck admits that it manufactured, distributed and marketed the prescription medicine VIOXX® and is authorized to do business in Georgia.

20.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 20 of the Complaint.

21.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 21 of the Complaint.

22.

Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23.

Merck denies each and every allegation contained in paragraph 23 of the Complaint.

779890v.1

24.

The allegations contained in paragraph 24 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

25.

Merck denies each and every allegation contained in paragraph 25 of the Complaint except admit that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

RESPONSE TO "COUNT III – BREACH OF WARRANTY OF MERCK & CO., INC."

26.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 26 of the Complaint, Plaintiff purports to incorporate by reference all other paragraphs and allegations of the Complaint.

27.

The allegations contained in paragraph 27 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

28.

Merck denies each and every allegation set forth in paragraph 28 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.

15

29.

Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that Merck had product discussions with health care professionals through, *inter alia*, its professional sales representatives.

30.

Merck denies each and every allegation contained in Paragraph 30 of the Complaint.

31.

Merck denies each and every allegation contained in paragraph 31 of the Complaint.

RESPONSE TO "COUNT IV – FAILURE TO WARN OF MERCK & CO., INC."

32.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 32 of the Complaint, Plaintiff purports to incorporate by reference all other paragraphs and allegations of the Complaint.

33.

Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34.

Merck denies each and every allegation contained in paragraph 34 of the Complaint.

16

35.

Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.

Merck denies each and every allegation contained in paragraph 36 of the Complaint.

RESPONSE TO "COUNT V – NEGLIGENCE OF JOHN DOES I-V"

37.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 37 of the Complaint, Plaintiff purports to incorporate by reference all other paragraphs and allegations of the Complaint.

38.

The allegations contained in paragraph 38 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

39.

The allegations contained in paragraph 39 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

17

40.

The allegations contained in paragraph 40 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

41.

The allegations contained in paragraph 41 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

### RESPONSE TO "COUNT VI – NEGLIGENCE OF JANE DOES I-V"

42.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 42 of the Complaint, Plaintiff purports to incorporate by reference all other paragraphs and allegations of the Complaint.

43.

The allegations contained in paragraph 43 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

44.

The allegations contained in paragraph 44 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

18

45.

The allegations contained in paragraph 45 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

46.

The allegations contained in paragraph 46 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

RESPONSE TO "COUNT VII – BAD FAITH, PUNITIVE DAMAGES"

47.

With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck admits that in paragraph 47 of the Complaint, Plaintiff purports to incorporate by reference all other paragraphs and allegations of the Complaint.

48.

Merck denies each and every allegation contained in paragraph 48 of the Complaint except admit that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

49.

In response to the "Wherefore" paragraph of the Complaint immediately following paragraph 48 of the Complaint, Merck denies each and every allegation except

779890v.1

admit that Plaintiff brings this action and purports to seek monetary damages but denies that there is any legal or factual basis for such relief.

50.

Any allegation of the Complaint not specifically responded to above is hereby denied.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
564 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

John P. MacNaughton
Seslee S. Mattson
Jeffrey K. Douglass
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 233-7000 (Telephone)
(404) 365-9532 (Facsimile)

Counsel for Merck & Co., Inc.

20

779890v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing "DEFENDANT MERCK & CO., INC.'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT" has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this _12th_ day of July, 2005.

779890v.1