

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 13  AM 9: 26

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: VIOXX®**<br><br>**PRODUCTS LIABILITY LITIGATION**<br><br>**This document relates to:** *Joyce E. DiMauro v. Merck & Co., Inc.* **(05-1779)** | **MDL Docket No. 1657**<br><br>**SECTION L**<br><br>**JUDGE ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE DANIEL E. KNOWLES, III** |

## ANSWER TO COMPLAINT

Defendant Merck & Co., Inc. ("Merck") states the following, in answer to the numbered allegations set forth in the Complaint & Demand for Jury Trial of Joyce E. DiMauro:

### JURISDICTION

1.      The allegations in Paragraph 1 of the Complaint are legal conclusions as to which no response pleading is required.

### TAG-ALONG ACTION

2.      The allegations in Paragraph 2 of the Complaint are legal conclusions as to which no response pleading is required.

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

PARTIES

3.      Defendant Merck lacks sufficient knowledge either to admit or deny the allegations in Paragraph 3 of the Complaint.

4.      Defendant Merck denies every allegation in Paragraph 4 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in the State of New Jersey and that Merck marketed the drug VIOXX®.  Merck further admits that it is authorized to do business in New Hampshire.

GENERAL FACTUAL ALLEGATIONS

5.      Defendant Merck denies every allegation in Paragraph 5 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®. Merck further admits that VIOXX® is the brand name for rofecoxib.

6.      Defendant Merck denies every allegation contained in Paragraph 6 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX-2).  Merck further admits that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

7.      Defendant Merck denies every allegation in Paragraph 7 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and

- 2 -

inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX-2).

8.     Defendant Merck denies every allegation in Paragraph 8 of the Complaint.

9.     Defendant Merck denies every allegation in Paragraph 9 of the Complaint.

10.     Defendant Merck denies every allegation in Paragraph 10 of the Complaint.

11.     Defendant Merck denies every allegation in Paragraph 11 of the Complaint.

12.     Defendant Merck denies every allegation in Paragraph 12 of the Complaint except admits that the referenced publication exists, and Merck respectfully refers the Court to the referenced publication for its actual language and full text.

13.     Defendant Merck denies every allegation in Paragraph 13 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX®, and Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.     Defendant Merck denies every allegation in Paragraph 14 of the Complaint except admits that the VIGOR study involving VIOXX® exists, and Merck respectfully refers the Court to said study for its actual conclusions and full text.

15.     Defendant Merck denies every allegation in Paragraph 15 of the Complaint except admits that the referenced studies exist, and Merck respectfully refers the Court to said studies for their actual language and full text.

16.     Defendant Merck denies every allegation in Paragraph 16 of the Complaint except admits that the referenced publication exists, and Merck respectfully refers the Court to said publication for its actual language and full text.

17.     Defendant Merck denies every allegation in Paragraph 17 of the Complaint.

18.     Defendant Merck denies every allegation in Paragraph 18 of the Complaint except admits that the referenced article exists, and Merck respectfully refers the Court to the referenced publication for its actual language and full text.

19.     Defendant Merck denies every allegation in Paragraph 19 of the Complaint.

20.     Defendant Merck denies every allegation in Paragraph 20 of the Complaint except admits that the referenced article exists, and Merck respectfully refers the Court to the referenced document for its actual language and full text.

21.     Defendant Merck denies every allegation in Paragraph 21 of the Complaint except admits that the referenced articles exist, and Merck respectfully refers the Court to the referenced documents for their actual language and full text.

22.     Defendant Merck denies every allegation in Paragraph 22 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001, and Merck respectfully refers the Court to that letter for its actual language and full text.

23.     Defendant Merck denies every allegation in Paragraph 23 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information, and Merck respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

24.     Defendant Merck denies every allegation in Paragraph 24 of the Complaint.

25.    Defendant Merck denies every allegation in Paragraph 25 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX®, and Merck respectfully refers to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients

SPECIFIC FACTUAL ALLEGATIONS

26.    Defendant Merck lacks sufficient knowledge either to admit or deny the allegations in Paragraph 26 of the Complaint and in the alternative denies every allegation in said paragraph.

27.    Defendant Merck lacks sufficient knowledge either to admit or deny the allegations in Paragraph 27 of the Complaint and in the alternative denies every allegation in said paragraph.

28.    Defendant Merck lacks sufficient knowledge either to admit or deny the allegations in Paragraph 28 of the Complaint and in the alternative denies every allegation in said paragraph.

29.    Defendant Merck denies every allegation in Paragraph 29 of the Complaint.

FIRST CAUSE OF ACTION:<br/>BREACH OF IMPLIED WARRANTIES

30.    Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 29 of the Complaint.

779987v.1

31.     Defendant Merck denies every allegation in Paragraph 31 of the Complaint except admits that Merck manufactured, marketed, and sold VIOXX®.

32.     The allegations of Paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in said paragraph except admits that Merck manufactured, marketed, and sold VIOXX®.

33.     Defendant Merck lacks sufficient knowledge either to admit or deny the allegations in Paragraph 33 of the Complaint and in the alternative denies every allegation in said paragraph.

34.     Defendant Merck denies every allegation in Paragraph 34 of the Complaint.

35.     Defendant Merck denies every allegation in Paragraph 35 of the Complaint.

SECOND CAUSE OF ACTION:
BREACH OF EXPRESS WARRANTY

36.     Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 35 of the Complaint.

37.     Defendant Merck denies every allegation contained in Paragraph 37 of the Complaint and avers that Merck sought and received the approval of the FDA to manufacture and market the prescription medicine VIOXX® and, until the voluntary withdrawal of VIOXX® on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA approved prescribing information, and Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

38.     Defendant Merck denies every allegation in Paragraph 38 of the Complaint.

39.     Defendant Merck denies every allegation in Paragraph 39 of the Complaint.

40.     Defendant Merck denies every allegation in Paragraph 40 of the Complaint.

- 6 -

## THIRD CAUSE OF ACTION:
## STRICT LIABILITY

41.     Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 40 of the Complaint.

42.     Defendant Merck denies every allegation in Paragraph 42 of the Complaint except admits that Merck manufactured, designed, tested, marketed, distributed, and sold VIOXX®.

43.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint and in the alternative denies every allegation in said paragraph.

44.     Defendant Merck denies every allegation in Paragraph 44 of the Complaint, including subparts i-iii.

45.     Defendant Merck denies every allegation in Paragraph 45 of the Complaint.

## FOURTH CAUSE OF ACTION:
## NEGLIGENCE

46.     Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 45 of the Complaint.

47.     The allegations of Paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 47 of the Complaint.

48.     The allegations of Paragraph 48 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 48 of the Complaint.

49.     Defendant Merck denies every allegation in Paragraph 49 of the Complaint.

50.     Defendant Merck denies every allegation in Paragraph 50 of the Complaint.

779987v.1

51.     Defendant Merck denies every allegation in Paragraph 51 of the Complaint.

52.     Defendant Merck denies every allegation in Paragraph 52 of the Complaint.

### FIFTH CAUSE OF ACTION:
### FRAUD

53.     Defendant Merck hereby incorporates by reference the preceding specific

responses to the allegations in Paragraphs 1 through 52 of the Complaint.

54.     Defendant Merck denies every allegation in Paragraph 54 of the Complaint.

55.     Defendant Merck denies every allegation in Paragraph 55 of the Complaint.

56.     Defendant Merck denies every allegation in Paragraph 56 of the Complaint.

57.     Defendant Merck denies every allegation in Paragraph 57 of the Complaint,

including subparts i-iv.

58.     Defendant Merck denies every allegation in Paragraph 58 of the Complaint.

59.     Defendant Merck denies every allegation in Paragraph 59 of the Complaint.

60.     Defendant Merck lacks sufficient knowledge either to admit or deny the

allegations in Paragraph 60 of the Complaint and in the alternative denies every allegation in said

paragraph.

61.     Defendant Merck denies every allegation in Paragraph 61 of the Complaint.

62.     Defendant Merck denies every allegation in Paragraph 62 of the Complaint.

63.     Defendant Merck denies every allegation in Paragraph 63 of the Complaint.

### SIXTH CAUSE OF ACTION:
### VIOLATION OF NEW HAMPSHIRE'S CONSUMER PROTECTION ACT

64.     Defendant Merck hereby incorporates by reference the preceding specific

responses to the allegations in Paragraphs 1 through 63 of the Complaint.

779987v.1

65.     Defendant Merck denies the allegations in Paragraph 65 of the Complaint except admits that the New Hampshire Consumer Protection Act exists, and Merck respectfully refers the Court to the relevant statutory sections for the Act's actual language and full text.

66.     Defendant Merck denies the allegations in Paragraph 66 of the Complaint except admits that the referenced statutory provision exists, and Merck respectfully refers the Court to said statutory provision for its actual language and full text.

67.     Defendant Merck denies the allegations in Paragraph 67 of the Complaint except admits that the referenced statutory provision exists, and Merck respectfully refers the Court to said statutory provision for its actual language and full text.

68.     Defendant Merck denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant Merck denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant Merck denies the allegations in Paragraph 70 of the Complaint.

## JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

## FIRST DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

## SECOND DEFENSE

Any product for which Defendant Merck was responsible at the time of the occurrence or injuries alleged by the Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying the product or products at issue at

779987v.1

the time of the occurrence or injuries alleged by the Plaintiff were legally adequate warnings and instructions.

### THIRD DEFENSE

The occurrence and injuries alleged by the Plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of the Plaintiff and/or third parties over whom Merck had no control and for whom Merck is not responsible.

### FOURTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons having no real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### FIFTH DEFENSE

The occurrence and injuries alleged by the Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by the Plaintiff.  Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by the Plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to the Plaintiff or any other parties.

779987v.1

### SIXTH DEFENSE

If the Plaintiff sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

### SEVENTH DEFENSE

If the Plaintiff sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

### EIGHTH DEFENSE

The injuries and damages alleged in the Plaintiff's Complaint were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

### NINTH DEFENSE

Any and all damages alleged by the Plaintiff were caused by misuse of the product or products at issue in this case, failure to use the product or products properly, and/or alteration or negligent use of the product or products.

### TENTH DEFENSE

The Plaintiff cannot recover under the Complaint because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### ELEVENTH DEFENSE

Every claim asserted or raised in the Complaint is barred by the doctrine of laches.

### TWELFTH DEFENSE

The benefits of the product or products at issue outweigh the risks, if any, which may be attendant to their use.

779987v.1

### THIRTEENTH DEFENSE

The damages and injuries alleged, if any, were caused or enhanced by a preexisting

medical condition of the Plaintiff that was not related to any product manufactured by Merck.

### FOURTEENTH DEFENSE

Every claim asserted or raised in the Complaint is barred by the doctrine set forth in

Comment k of the Restatement (Second) of Torts § 402A as to the product or products at issue.

### FIFTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part pursuant to comment f to Section 6 of

the Restatement (Third) of Torts: Product Liability.

### SIXTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part pursuant to comment j to Section

402A of the Restatement (Second) of Torts.

### SEVENTEENTH DEFENSE

The Plaintiff's claims are barred under Section 4 et seq. of the Restatement (Third) of

Torts: Product Liability.

### EIGHTEENTH DEFENSE

Any warnings that Merck gave were transmitted to the prescribing physicians and/or

health care providers, and under New Hampshire law Merck's only obligation is to warn the

prescribing physician and/or health care providers and said obligation was fulfilled.

### NINETEENTH DEFENSE

Merck has complied with all requirements of the Food and Drug Administration of the

United States Department of Health and Human Services, and the product or products at issue

were approved pursuant to the applicable statutes and regulations.  Pursuant to such, the product

or products at issue could only be used pursuant to the prescription of a licensed prescriber. The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration. The Plaintiff's claims are therefore preempted.

### TWENTIETH DEFENSE

The Plaintiff's claims are barred by the applicable statute(s) of limitations.

### TWENTY-FIRST DEFENSE

If the Plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of the Plaintiff and/or third parties, not from any negligence or breach of duty by Merck.

### TWENTY-SECOND DEFENSE

Under the doctrine of comparative negligence, judgment may not enter for the Plaintiff if it is found that the Plaintiff was more negligent than Merck. If judgment is rendered in the Plaintiff's favor, the amount of such judgment must be reduced under the doctrine of comparative negligence.

### TWENTY-THIRD DEFENSE

Merck is unaware at this time of any settlement by any alleged joint tortfeasor. However, in the event any settlement is or has been made by any alleged joint tortfeasor, Merck is entitled to a credit/offset for such settlement.

### TWENTY-FOURTH DEFENSE

The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

779987v.1

### TWENTY-FIFTH DEFENSE

At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

### TWENTY-SIXTH DEFENSE

Merck made no express or implied representations or warranties of any kind to the Plaintiff, nor did the Plaintiff rely on any representations or warranties made by Merck. To the extent the Plaintiff relied on any representations or warranties, such reliance was unjustified.

### TWENTY-SEVENTH DEFENSE

Merck did not breach any duty of care to the Plaintiff.

### TWENTY-EIGHTH DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

### TWENTY-NINTH DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

### THIRTIETH DEFENSE

The Plaintiff has failed to join all necessary and indispensable parties.

### THIRTY-FIRST DEFENSE

The Plaintiff's claims are barred because the Plaintiff has failed and refused to mitigate her alleged damages.

### THIRTY-SECOND DEFENSE

Merck did not violate any state or federal statute, regulation or ordinance to cause the Plaintiff's alleged injuries.

779987v.1

**THIRTY-THIRD DEFENSE**

The Plaintiff's claims are barred in whole or in part due to a lack of notice.

**THIRTY-FOURTH DEFENSE**

To the extent that the Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**THIRTY-FIFTH DEFENSE**

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff lacks capacity and/or standing to bring such claims.

**THIRTY-SIXTH DEFENSE**

To the extent the Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**THIRTY-SEVENTH DEFENSE**

The Plaintiff is not entitled to recover exemplary or punitive damages.  To recover exemplary or punitive damages, the Plaintiff must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm.  Any intent to injure, actual or constructive, is completely absent in the instant suit.  The Plaintiff's accusations are belied by the substantial care and efforts in the design, study, and investigation of the product.

**THIRTY-EIGHTH DEFENSE**

The Plaintiff is not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do

- 15 -

779987v.1

not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

### THIRTY-NINTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution as set forth in <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 123 S. Ct. 1513 (2003).

### FORTIETH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the New Hampshire Constitution.

### FORTY-FIRST DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the New Hampshire Constitution.

### FORTY-SECOND DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of

779987v.1

Article I of the United States Constitution and comparable provisions of the New Hampshire Constitution.

### FORTY-THIRD DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the New Hampshire Constitution, because there are not realistic standards or limits imposed on the amount of punitive damages that may be awarded, and there is no required relationship between the actual damages sustained and the amount of punitive damages that may be awarded.

### FORTY-FOURTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the New Hampshire Constitution, because the vague standards employed in punitive damages cases result in extremely disparate results among similar defendants accused of similar conduct.

### FORTY-FIFTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the Plaintiff's claim for exemplary or punitive damages is in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the New Hampshire Constitution, because the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards in place to protect

- 17 -

Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

### FORTY-SIXTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and comparable provisions of the New Hampshire Constitution.

### FORTY-SEVENTH DEFENSE

Merck avers that any award of punitive damages to the Plaintiff in this case will violate the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States, in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

### FORTY-EIGHTH DEFENSE

The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the New Hampshire Constitution.

### FORTY-NINTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the New Hampshire Constitution.

### FIFTIETH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because such damages, under New Hampshire law, must be expressly authorized by statute.  N.H. Rev. Stat. § 507:16.

### FIFTY-FIRST DEFENSE

The Plaintiff's state-law claims are barred, in whole or in part, because VIOXX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### FIFTY-SECOND DEFENSE

The Complaint and the causes of action contained therein are barred in whole or in part by the United States and New Hampshire Constitutions, which prohibit the extraterritorial application of New Hampshire law.

### FIFTY-THIRD DEFENSE

The Complaint and the causes of action contained therein are barred in whole or in part by the United States Constitution, article I, section VIII, clause 3 to the extent they seek to regulate Merck's practices outside of New Hampshire.  That constitutional provision prohibits a State from regulating conduct that occurs wholly outside of its borders.

### FIFTY-FOURTH DEFENSE

The Plaintiff's claim of fraud is barred because she failed to plead it with particularity.

### FIFTY-FIFTH DEFENSE

The Plaintiff's breach of warranty claim is barred because it is duplicative of her strict product liability claim under New Hampshire law.

779987v.1

## FIFTY-SIXTH DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, Defendant Merck & Co. respectfully requests that the Plaintiff take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Jeffrey S. Follett (NHSB No. 16641)
James J. Dillon
Lucy Fowler
Bradley E. Abruzzi
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA  02110-2600
Phone: 617-832-1000

Counsel for Merck & Co., Inc.

779987v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer to Complaint has been served on Liaison Counsel Russ Herman by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with the Pretrial Order No. 8, on this _13_ day of July, 2005.

_Dorothy H. Wimberly_

779987v.1