

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>Products Liability Litigation | MDL NO. 1657 |
| | SECTION: L |
| | JUDGE FALLON |
| This document relates to *Rose Marie Heerwald v. Merck & Co., Inc.* (E.D. La. Index No. 05-2284) | MAG. JUDGE KNOWLES |

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO.

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, and presents the following Answer and Defenses to Plaintiff's Complaint as follows:

1. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2. Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a New Jersey Corporation with its principal place of business in New Jersey, that Merck is authorized to do business in, among other states,

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

780089v.1

the State of Minnesota and that plaintiff purports to be a resident of the State of Minnesota.

3. Denies each and every allegation contained in paragraph 3 of the Complaint except admits that Plaintiff purports to seek "survival damages, wrongful death damages, treble damages, attorney's fees, reimbursement of the cost of obtaining Vioxx, reimbursement for all past, present and future heath and medical care costs related to Vioxx, and derivative damages" but denies that there is any legal or factual basis for such relief.

4. Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey.

5. Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until its voluntary withdraw of VIOXX® from the market on September 30, 2004.

## RESPONSE TO "FACTS COMMON TO ALL COUNTS"

6. Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further admits that VIOXX® is Merck's trade name for rofecoxib.

7. Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

8. Denies each and every allegation in paragraph 8 of the Complaint except admits that Merck submitted a New Drug Application for VIOXX® on November 23, 1998 to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

9. Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its indicated uses.

10. Admits that in paragraph 10 of the Complaint Plaintiff appears to have accurately quoted the document referenced in said paragraph and respectfully refers the Court to the information contained in its prescribing information for its actual language and full text.

11. Denies each and every allegation contained in paragraph 11 of the Complaint except admits that Plaintiff appears to have accurately quoted portions of the referenced label and respectfully refers the Court to the prescribing information for VIOXX® for its actual conclusions and full text.

780089v.1

12. Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck scientists participated in the VIGOR study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text.

13. Admits that in paragraph 13 of the Complaint plaintiff appears to have accurately quoted the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

14. Denies each and every allegation contained in paragraph 14 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

15. Denies each and every allegation contained in paragraph 15 of the Complaint except admits that 2003 VIOXX® sales exceeded $2 billion and that projected VIOXX® sales for the fourth quarter of 2004 were estimated at between $700 million and $750 million dollars.

16. Denies each and every allegation contained in paragraph 16 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

17. Denies each and every allegation contained in paragraph 17 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

780089v.1

18. Denies each and every allegation contained in paragraph 18 of the Complaint except admits that the referenced study, that plaintiff purports to quote, exists and respectfully refers the Court to said study for its actual language and full text.

19. Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

20. Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

21. Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text and further admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23, and avers that on September 30, 2004 Merck announced that it would voluntarily withdraw VIOXX® from the worldwide market. Merck further avers that on September 28, 2004 Merck

informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market.

### RESPONSE TO "SPECIFIC ALLEGATIONS REGARDING PLAINTIFF"

24. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 24 of the Complaint, and denies each and every allegation in the second sentence of paragraph 24 of the Complaint.

### RESPONSE TO "COUNT I: STRICT PRODUCT LIABILITY"

25. With respect to the allegations contained in paragraph 25 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 24 of this Answer with the same force and effect as though set forth here in full.

26. Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

27. Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

28. The allegations contained in paragraph 28 of the Complaint, including subparagraphs a through h, are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant common law

standards for strict liability in this jurisdiction, including any applicable conflicts of law rules.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

### RESPONSE TO "COUNT II: FAILURE TO WARN"

30. With respect to the allegations contained in paragraph 30 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant common law standards in this jurisdiction, including any applicable conflicts of law rules.

33. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 33 of the Complaint.

34. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be

780089v.1

deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant common law standards in this jurisdiction, including any applicable conflicts of law rules.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant common law standards in this jurisdiction, including any applicable conflicts of law rules.

38. Denies each and every allegation contained in paragraph 38 of the Complaint, including subparagraphs a through e, except admits that plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT III: BREACH OF WARRANTY OF MERCHANTABILITY"

39. With respect to the allegations contained in paragraph 39 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40. The allegations contained in Paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph

780089v.1

and respectfully refers the Court to the relevant common law standards in this jurisdiction, including any applicable conflicts of law rules and avers that VIOXX® was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.

41. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint and therefore denies same.

42. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint not directed at Merck and therefore denies same. Merck denies each and every allegation contained in said paragraph directed at Merck.

43. Denies each and every allegation contained in paragraph 43 of the Complaint, including subparagraphs a through e, except admits that plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT IV: NEGLIGENCE"

44. With respect to the allegations contained in paragraph 44 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45. The allegations contained in paragraph 45 of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph

780089v.1

and respectfully refers the Court to the relevant common law standards for negligence in this jurisdiction, including any applicable conflicts of law rules.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, including subparagraphs a through g.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, including subparagraphs a through e, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT V:  VIOLATION OF MINNESOTA CONSUMER PROTECTION STATUTES"

49.     With respect to the allegations contained in paragraph 49 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

51.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

780089v.1

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

52. The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

53. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

54. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

55. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

56. Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

57. Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence as codified at Minn. Stat. § 604.02.

## AS FOR A EIGHTH
## DEFENSE, MERCK ALLEGES:

58. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

59. Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR AN TENTH
## DEFENSE, MERCK ALLEGES:

60. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

61. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

780089v.1

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

62. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

63. To the extent that Plaintiff's reactions to the subject product were idiosyncratic reactions, Denies any liability.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

64. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

65. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

66.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR AN SEVENTEENTH DEFENSE, MERCK ALLEGES:

67.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

## AS FOR A EIGHTEENTH DEFENSE, MERCK ALLEGES:

68.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A NINETEETH DEFENSE, MERCK ALLEGES:

69.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

780089v.1

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

70. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

71. To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

72. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

73. Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

74. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

780089v.1

## AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

75. Plaintiff's claims are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

76. Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

77. Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

78. Plaintiff has asserted a claim in its Complaint for punitive damages in violation of Minn. Stat. § 549.191, and said claim should therefore be stricken.

## AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

79. This case is more appropriately brought in a different venue.

780089v.1

## AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

80.     This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that are included in the master answer to be filed with the Court or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

780089v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: July 13, 2005          Respectfully submitted,

By: *(signature)*
Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: (504) 581-3200
Fax: (504) 581-3361

Defendants' Liaison Counsel

Scott A. Smith (Reg. No. 174026)
Amanda M. Cialkowski (Reg. No. 306514)
Jan R. McLean Bernier (Reg. No. 0307853)
U.S. Bank Center South, Suite 600
220 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 338-1838
Fax: (612) 338-7858

Counsel for Defendant Merck & Co., Inc.

780089v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 13th day of July 2005

*Dorothy H. Wimberly* (signature)