UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 14  AM 10: 56

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: VIOXX® | : | MDL Docket No. 1657 |
| | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| | : | |
| This document relates to: *Judith H Lawrence* | : | |
| *Wicks and David Wicks v. Merck & Co., Inc.* | : | JUDGE FALLON |
| *et al.* | : | |
| (E.D. La. No. 05-2352 ) | : | MAG. JUDGE KNOWLES |
| | : | |

## ANSWER AND JURY DEMAND OF PETER S. KIM, Ph.D.

Defendant Peter S. Kim, Ph.D. ("Dr. Kim"), by and through his undersigned counsel,

responds to Plaintiffs' Complaint ("Complaint") herein as follows:

## RESPONSE TO "THE PARTIES"
### PLAINTIFFS

1.     Dr. Kim denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.     Dr. Kim denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.     Dr. Kim denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 3 of the Complaint.

## DEFENDANTS

4.     The allegations contained in paragraph 4 of the Complaint are not directed at Dr.

Kim and therefore no responsive pleading is required.

5.     The allegations contained in paragraph 5 of the Complaint are not directed at Dr.

Kim and therefore no responsive pleading is required.

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No _____

6. The allegations contained in paragraph 6 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

7. The allegations contained in paragraph 7 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

8. The allegations contained in paragraph 8 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

9. The allegations contained in paragraph 9 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

10. The allegations contained in paragraph 10 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

11. The allegations contained in paragraph 11 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

12. The allegations contained in paragraph 12 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

13. The allegations contained in paragraph 13 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

14. The allegations contained in paragraph 14 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

15. The allegations contained in paragraph 15 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

16. The allegations contained in paragraph 16 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

17. The allegations contained in paragraph 17 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

18.     The allegations contained in paragraph 18 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

19.     The allegations contained in paragraph 19 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

20.     The allegations contained in paragraph 20 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

21.     The allegations contained in paragraph 21 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

22.     The allegations contained in paragraph 22 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

23.     The allegations contained in paragraph 23 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

24.     Dr. Kim denies each and every allegation contained in paragraph 24 of the Complaint except admits that he was Executive Vice President of Research and Development of Merck Research Laboratories from 2001 to 2002 and is currently President of Merck Research Laboratories and a member of Merck's Management Committee.

25.     Dr. Kim denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Dr. Kim denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Dr. Kim denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Dr. Kim denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Dr. Kim denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Dr. Kim denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Dr. Kim denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Dr. Kim denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Dr. Kim denies each and every allegation contained in paragraph 33 of the Complaint.

34.     The allegations contained in paragraph 34 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

35.     The allegations contained in paragraph 35 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

36.     The allegations contained in paragraph 36 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

37.     The allegations contained in paragraph 37 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

38.     The allegations contained in paragraph 38 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

39.     The allegations contained in paragraph 39 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

40.     The allegations contained in paragraph 40 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

- 4 -

41.     The allegations contained in paragraph 41 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

42.     The allegations contained in paragraph 42 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

43.     The allegations contained in paragraph 43 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

44.     The allegations contained in paragraph 44 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

45.     The allegations contained in paragraph 45 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

46.     Dr. Kim denies each and every allegation contained in paragraph 46 except admits that through the course of his employment with Merck, he was entitled to stock options.

47.     Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Complaint.

48.     Dr. Kim denies each and every allegation contained in paragraph 48 of the Complaint.

49.     Dr. Kim denies each and every allegation contained in paragraph 49 except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "NATURE OF THE CASE"

50.     Dr. Kim denies each and every allegation contained in paragraph 50 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX® and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for VIOXX®'s indicated uses.

51.     Dr. Kim denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Dr. Kim denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Dr. Kim denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Dr. Kim denies each and every allegation contained in paragraph 54 except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "FACTUAL BACKGROUND AS TO VIOXX"

55.     Dr. Kim denies each and every allegation contained in paragraph 55 of the Complaint except admits that VIOXX® is the brand name of rofecoxib.  Further, Dr. Kim avers that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

56.     Dr. Kim denies each and every allegation contained in paragraph 56 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

57.     The allegations contained in paragraph 57 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

58.     The allegations contained in paragraph 58 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

59.     The allegations contained in paragraph 59 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in said paragraph except admits that in paragraph 59 of the Complaint Plaintiffs purport to quote portions of the referenced label and respectfully refers the Court to the prescribing information for VIOXX for its actual language and full text.

60.     The allegations contained in paragraph 60 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in said paragraph except admits that in paragraph 60 of the Complaint Plaintiffs purport to quote portions of the referenced label and respectfully refers the Court to the prescribing information for VIOXX for its actual language and full text.

61.     The allegations contained in paragraph 61 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in said paragraph except admits that Merck scientists participated in the VIGOR study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text.

62.     The allegations contained in paragraph 62 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in said paragraph except admits that Plaintiffs purport to quote the document referenced in said

paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

63.     The allegations contained in paragraph 63 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in said paragraph except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

64.     The allegations contained in paragraph 64 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in said paragraph except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

65.     The allegations contained in paragraph 65 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in said paragraph except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

66.     The allegations contained in paragraph 66 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in said paragraph except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

67.     The allegations contained in paragraph 67 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said

paragraph are directed at Dr. Kim, he admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

68.     The allegations contained in paragraph 68 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

69.     The allegations contained in paragraph 69 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he admits that Merck received in September 2001 a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

70.     The allegations contained in paragraph 70 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he admits that Merck received in September 2001 a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

71.     The allegations contained in paragraph 71 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in paragraph 71 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

72.    The allegations contained in paragraph 72 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required. To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in paragraph 72 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

73.    The allegations contained in paragraph 73 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required. To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in paragraph 73 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

74.    The allegations contained in paragraph 74 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required. To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in paragraph 74 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

75.    The allegations contained in paragraph 75 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required. To the extent the allegations of said paragraph are directed at Dr. Kim, he denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Complaint.

76.    The allegations contained in paragraph 76 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required. To the extent the allegations of said

paragraph are directed at Dr. Kim, he denies each and every allegation contained in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required. To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in paragraph 77 of the Complaint.

78.     The allegations contained in paragraph 78 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

79.     The allegations contained in paragraph 79 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

80.     The allegations contained in paragraph 80 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

81.     The allegations contained in paragraph 81 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, he admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

82.     The allegations contained in paragraph 82 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required. To the extent the allegations of said paragraph are directed at Dr. Kim, he denies each and every allegation contained in paragraph 82 of the Complaint.

## RESPONSE TO "PLAINTIFF'S USE OF VIOXX"

83.     Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83 of the Complaint.

84.     Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint.

85.     Dr. Kim denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Dr. Kim denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

88.     Dr. Kim denies each and every allegation contained in paragraph 88 of the Complaint.

## RESPONSE TO "COUNT I - NEGLIGENCE
## As to All Defendants"

89.     With respect to the allegations contained in paragraph 89 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

90.     The allegations contained in paragraph 90 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any applicable conflicts of laws rules.

91.     Dr. Kim denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Dr. Kim denies each and every allegation contained in paragraph 92 of the Complaint, including subparagraphs a) - c).

93.     Dr. Kim denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Dr. Kim denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Dr. Kim denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Dr. Kim denies each and every allegation contained in paragraph 96 of the Complaint.

As for the "Wherefore" section following paragraph 96, of the Complaint, no responsive pleading is required.  Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 96 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

### RESPONSE TO "COUNT II - PRODUCTS LIABILITY – DEFECTIVE DESIGN As to All Defendants"

97.     With respect to the allegations contained in paragraph 97 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

98.     Dr. Kim denies each and every allegation contained in paragraph 98 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

99.     Dr. Kim denies each and every allegation contained in paragraph 99 of the Complaint.

- 13 -

100.    Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

101.    Dr. Kim denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Dr. Kim denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Dr. Kim denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Dr. Kim denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Dr. Kim denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Dr. Kim denies each and every allegation contained in paragraph 106 of the Complaint.

107.    The allegations contained in paragraph 107 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph.

As for the "Wherefore" section following paragraph 107, of the Complaint, no responsive pleading is required.  Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 107 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

## RESPONSE TO "COUNT III - PRODUCTS LIABILITY – FAILURE TO WARN
### As to All Defendants"

108.    With respect to the allegations contained in paragraph 108 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

109.    Dr. Kim denies each and every allegation contained in paragraph 109 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

110.    Dr. Kim denies each and every allegation contained in paragraph 110 of the Complaint.

111.    Dr. Kim denies each and every allegation contained in paragraph 111 of the Complaint.

112.    Dr. Kim denies each and every allegation contained in paragraph 112 of the Complaint.

113.    Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

114.    Dr. Kim denies each and every allegation contained in paragraph 114 of the Complaint.

115.    The allegations contained in paragraph 115 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any applicable conflicts of laws rules.

116.    Dr. Kim denies each and every allegation contained in paragraph 116 of the Complaint.

117.    Dr. Kim denies each and every allegation contained in paragraph 117 of the Complaint.

118.    Dr. Kim denies each and every allegation contained in paragraph 118 of the Complaint.

119.    Dr. Kim denies each and every allegation contained in paragraph 119 of the Complaint.

120.    Dr. Kim denies each and every allegation contained in paragraph 120 of the Complaint.

121.    Dr. Kim denies each and every allegation contained in paragraph 121 except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section following paragraph 121, of the Complaint, no responsive pleading is required.  Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 121 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

## RESPONSE TO "COUNT IV - BREACH OF EXPRESS WARRANTY
### As to All Defendants"

122.    With respect to the allegations contained in paragraph 122 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

123.    The allegations contained in paragraph 123 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Kim denies each and every allegation contained in paragraph 123 of the Complaint.

124.    Dr. Kim denies each and every allegation contained in paragraph 124 of the Complaint.

125.    Dr. Kim denies each and every allegation contained in paragraph 125 of the Complaint.

126.    Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of the Complaint.

127.    Dr. Kim denies each and every allegation contained in paragraph 127 of the Complaint.

128.    Dr. Kim denies each and every allegation contained in paragraph 128 of the Complaint.

As for the "Wherefore" section following paragraph 128, of the Complaint, no responsive pleading is required. Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 128 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

### RESPONSE TO "COUNT V - FRAUDULENT MISREPRESENTATION As to All Defendants"

129.    With respect to the allegations contained in paragraph 129 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

130.    Dr. Kim denies each and every allegation contained in paragraph 130 of the Complaint.

- 17 -

131.    The allegations contained in paragraph 131 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph.

132.    Dr. Kim denies each and every allegation contained in paragraph 132 of the Complaint.

133.    Dr. Kim denies each and every allegation contained in paragraph 133 of the Complaint.

134.    Dr. Kim denies each and every allegation contained in paragraph 134 of the Complaint.

135.    Dr. Kim denies each and every allegation contained in paragraph 135 of the Complaint.

136.    Dr. Kim denies each and every allegation contained in paragraph 136 of the Complaint.

137.    Dr. Kim denies each and every allegation contained in paragraph 137 of the Complaint.

138.    Dr. Kim denies each and every allegation contained in paragraph 138 of the Complaint.

139.    Dr. Kim denies each and every allegation contained in paragraph 139 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section following paragraph 139, of the Complaint, no responsive pleading is required.  Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 139 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

## RESPONSE TO "COUNT VI - FRAUD
## As to All Defendants"

140.   With respect to the allegations contained in paragraph 140 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

141.   Dr. Kim denies each and every allegation contained in paragraph 141 of the Complaint.

142.   Dr. Kim denies each and every allegation contained in paragraph 142 of the Complaint.

143.   Dr. Kim denies each and every allegation contained in paragraph 143 of the Complaint.

144.   Dr. Kim denies each and every allegation contained in paragraph 144 of the Complaint.

145.   Dr. Kim denies each and every allegation contained in paragraph 145 of the Complaint.

146.   Dr. Kim denies each and every allegation contained in paragraph 146 of the Complaint.

147.   Dr. Kim denies each and every allegation contained in paragraph 147 of the Complaint.

148.   The allegations contained in paragraph 148 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph.

149.   Dr. Kim denies each and every allegation contained in paragraph 149 of the Complaint.

150.    Dr. Kim denies each and every allegation contained in paragraph 150 of the Complaint.

As for the "Wherefore" section following paragraph 150, of the Complaint, no responsive pleading is required.  Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 150 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

### RESPONSE TO "COUNT VII - NEGLIGENT MISREPRESENTATION As to All Defendants"

151.    With respect to the allegations contained in paragraph 151 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

152.    Dr. Kim denies each and every allegation contained in paragraph 152 of the Complaint.

153.    Dr. Kim denies each and every allegation contained in paragraph 153 of the Complaint.

154.    The allegations contained in paragraph 154 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph.

155.    The allegations contained in paragraph 155 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph and respectively refers the Court to the relevant state law standard, including any conflict of laws rules.

156.    Dr. Kim denies each and every allegation contained in paragraph 156 of the Complaint.

157.   Dr. Kim denies each and every allegation contained in paragraph 157 of the Complaint.

158.   Dr. Kim denies each and every allegation contained in paragraph 158 of the Complaint.

As for the "Wherefore" section following paragraph 158, of the Complaint, no responsive pleading is required.  Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 158 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

### RESPONSE TO "COUNT VIII - FRAUD AND MISREPRESENTATION As To All Defendants"

159.   With respect to the allegations contained in paragraph 159 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

160.   Dr. Kim denies each and every allegation contained in paragraph 160 of the Complaint.

161.   Dr. Kim denies each and every allegation contained in paragraph 161 of the Complaint, including subparagraphs a) - e).

162.   Dr. Kim denies each and every allegation contained in paragraph 162 of the Complaint.

163.   Dr. Kim denies each and every allegation contained in paragraph 163 of the Complaint.

164.   Dr. Kim denies each and every allegation contained in paragraph 164 of the Complaint.

165.    Dr. Kim denies each and every allegation contained in paragraph 165 of the Complaint.

166.    The allegations contained in paragraph 166 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph.

167.    Dr. Kim denies each and every allegation contained in paragraph 167 of the Complaint.

168.    Dr. Kim denies each and every allegation contained in paragraph 168 of the Complaint.

169.    Dr. Kim denies each and every allegation contained in paragraph 169 of the Complaint.

170.    Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 170 of the complaint.  And in the alternative, Dr. Kim denies each and every allegation contained in paragraph 170 of the Complaint.

As for the "Wherefore" section following paragraph 170, of the Complaint, no responsive pleading is required.  Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 170 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

### RESPONSE TO "COUNT IX - RECKLESS DISREGARD FOR SAFETY
### As To Defendants Anstice, Kim, and Sherwood"

171.    With respect to the allegations contained in paragraph 171 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

- 22 -

172.    The allegations contained in paragraph 172 of the complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in paragraph 172 of the Complaint.

173.    The allegations contained in paragraph 173 of the complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in paragraph 173 of the Complaint.

174.    The allegations contained in paragraph 174 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation in said paragraph.

175.    Dr. Kim denies each and every allegation contained in paragraph 175 of the Complaint.

176.    Dr. Kim denies each and every allegation contained in paragraph 176 of the Complaint.

177.    Dr. Kim denies each and every allegation contained in paragraph 177 of the Complaint.

178.    The allegations contained in paragraph 178 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph.

179.    Dr. Kim denies each and every allegation contained in paragraph 179 of the Complaint.

As for the "Wherefore" section following paragraph 179, of the Complaint, no responsive pleading is required.  Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 179 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

- 23 -

## RESPONSE TO "COUNT X - PUNITIVE DAMAGES
### As Against All Defendants"

180.    With respect to the allegations contained in paragraph 180 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

181.    Dr. Kim denies each and every allegation contained in paragraph 181 of the Complaint.

182.    Dr. Kim denies each and every allegation contained in paragraph 182 of the Complaint.

183.    Dr. Kim denies each and every allegation contained in paragraph 183 of the Complaint.

184.    Dr. Kim denies each and every allegation contained in paragraph 184 of the Complaint.

185.    Dr. Kim denies each and every allegation contained in paragraph 185 of the Complaint.

186.    Dr. Kim denies each and every allegation contained in paragraph 186 of the Complaint.

As for the "Wherefore" section following paragraph 186, of the Complaint, no responsive pleading is required.  Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 186 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

## RESPONSE TO "COUNT XI - LOSS OF CONSORTIUM
### As Against All Defendants"

187.    With respect to the allegations contained in paragraph 187 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained

in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

188.    Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 188 of the Complaint.

189.    Dr. Kim denies each and every allegation contained in paragraph 189 of the Complaint.

190.    Dr. Kim denies each and every allegation contained in paragraph 190 of the Complaint except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

191.    Dr. Kim denies each and every allegation contained in paragraph 191 of the Complaint.

As for the "Wherefore" section following paragraph 191, of the Complaint, no responsive pleading is required.  Should a response be deemed required, the allegations contained in the Wherefore section following paragraph 191 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

## AFFIRMATIVE DEFENSES

192.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

193.    The Complaint fails to state a claim upon which relief can be granted.

194.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

195.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

196.    To the extent that Plaintiffs assert claims based on Merck's and/or Dr. Kim's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

197.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck and/or Dr. Kim to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

198.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

199.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

200.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

201.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and/or Dr. Kim and over whom Merck and/or Dr. Kim had no control and for whom Merck and/or Dr. Kim may not be held accountable.

202.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of VIOXX®.

203.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

204.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

205.    Plaintiffs' claims are barred in whole or in part under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

206.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

207.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

208.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

209.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

210.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Products Liability.

- 27 -

211. This case is more appropriately brought in a different venue.

212. To the extent that Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Kim's liability, if any, should be reduced accordingly.

213. To the extent that Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

214. Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

215. Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

216. Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

217. To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck and/or Dr. Kim, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

218. Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

219. To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Dr. Kim's state and federal constitutional rights.

- 28 -

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Dr. Kim to determine all of its legal, contractual and equitable rights, Dr. Kim reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Dr. Kim will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Dr. Kim respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Dr. Kim his reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

Respectfully submitted,

Dated: July 14, 2005

Fred T. Magaziner, Esq.
Joseph K. Hetrick, Esq.
Joshua G. Schiller, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
Phone: (215) 994-4000
Fax: (215) 994-2222

Counsel for Defendant Peter S. Kim, Ph.D.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer and Jury Demand of Peter S. Kim,

Ph.D., has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand

delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File

& Serve Advanced in accordance with Pre-Trial Order No. 8, on this _14th_ day of

_July_ , 2005.