UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 14  PM 1: 08

LORETTA G. WHYTE
CLERK



| | |
|---|---|
| IN RE: VIOXX § | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION § | |
| § | SECTION: "L" |
| § | |
| This document relates to: § | JUDGE ELDON E. FALLON |
| § | MAGISTRATE JUDGE KNOWLES |
| HENRY CHARLES PERRY § | |
| § | MDL Case No. 2:05-CV-01315-EEF-DEK |
| v. § | |
| § | |
| MERCK & CO. § | Northern District of Texas |
| (HOWARD D. PARNESS, M.D.), ET AL. § | C.A. No. 3:05-CV-00208 |

## DEFENDANT, HOWARD A. PARNESS, M.D.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HOWARD A. PARNESS, M.D., a Defendant in the above-entitled and numbered cause, files and makes this his Original Answer, and in support thereof would respectfully show the Court as follows:

### FIRST DEFENSE

1.      Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant asserts the defense of lack of jurisdiction over the subject matter.

### SECOND DEFENSE

2.      Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted from or against Defendant.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

## THIRD DEFENSE

3.     The introductory paragraph of Plaintiff's petition contains no legal allegations or requests for relief to which a responsive pleading is required.

## DISCOVERY UNDER LEVEL 2

I.

4.     Paragraph 1.1 of Plaintiff's petition concerns the case level designation under the Texas Rules of Civil Procedure and requires no response by the Defendant.

## INTRODUCTION

II.

5.     To the extent the allegations contained in paragraph 2.1 of Plaintiff's petition are directed at this Defendant, they are denied.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## PLAINTIFF

III.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3.1 of this section of Plaintiff's petition.

## DEFENDANTS

IV.

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4.1 of this section of Plaintiff's petition.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4.2 of this section of Plaintiff's petition.

9.     Defendant admits that he is an individual and resident of Texas with an office at 8210 Walnut Hill Lane, Suite 810, Dallas, Dallas County, Texas 75231 as alleged in paragraph 4.3 of this section of Plaintiff's petition.

## JURISDICTION AND VENUE

V.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5.1 of this section of Plaintiff's petition.

11.     Defendant admits he is a citizen of the State of Texas as alleged in paragraph 5.2 of this section of Plaintiff's petition but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12.     Defendant admits he is a resident of Dallas County, Texas and that all or part of the alleged causes of action occurred or accrued in Dallas County. However, with regard to the remaining allegations contained in paragraph 5.3 of this section of Plaintiff's petition, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## PRE-SUIT NOTICE PROVIDED TO DEFENDANTS

VI.

13.     Defendant denies the allegations contained in paragraph 6.1 of Plaintiff's petition.

## FACTUAL BACKGROUND

### VII.

14.    To the extent the allegations contained in paragraph 7.1 of Plaintiff's petition are directed at this Defendant, they are admitted.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.2 of Plaintiff's petition.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.3 of Plaintiff's petition.

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.4 of Plaintiff's petition.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.5 of Plaintiff's petition.

19.    Defendant denies the allegations contained in paragraph 7.6 of Plaintiff's petition.

20.    To the extent the allegations contained in paragraph 7.7 of Plaintiff's petition are directed at this Defendant, they are denied.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

21.    To the extent the allegations contained in paragraph 7.8 of Plaintiff's petition are directed at this Defendant, they are denied.   Defendant is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

22.     Defendant admits that Vioxx is the brand name of Rofecoxib and is used as an analgesic and anti-inflammatory agent to treat certain conditions as alleged in paragraph 7.9 of Plaintiff's petition.

23.     Defendant admits that Vioxx is a Cox-2 inhibitor as alleged in paragraph 7.10 of Plaintiff's petition.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.11 of Plaintiff's petition.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.12 of Plaintiff's petition.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.13 of Plaintiff's petition.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.14 of Plaintiff's petition.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.15 of Plaintiff's petition.

29.     Defendant denies knowledge of cardiovascular risks as alleged in paragraph 7.16 of Plaintiff's petition but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in said paragraph.

30.     The referenced study in paragraph 7.17 of Plaintiff's petition speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.18 of Plaintiff's petition.

32.     The referenced studies in paragraph 7.19 of Plaintiff's petition speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.20 of Plaintiff's petition.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.21 of Plaintiff's petition.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.22 of Plaintiff's petition.

36.     The referenced study in paragraph 7.23 of Plaintiff's petition speaks for itself.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.24 of Plaintiff's petition.

38.     The referenced FDA Advisory Committee Briefing Document and the FDA memo in paragraph 7.25 speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.26 of Plaintiff's petition.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.27 of Plaintiff's petition.

41.     The referenced article and study in paragraph 7.28 of Plaintiff's petition speak for themselves.

42.     The referenced report in paragraph 7.29 of Plaintiff's petition speaks for itself.

43.     The referenced press release in paragraph 7.30 of Plaintiff's petition speaks for itself.

44.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.31 of Plaintiff's petition.

45.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.32 of Plaintiff's petition.

46.     The referenced article in paragraph 7.33 of Plaintiff's petition speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.34 of Plaintiff's petition.

48.     The referenced study in paragraph 7.35 of Plaintiff's petition speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

49.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.36 of Plaintiff's petition.

50.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.37 of Plaintiff's petition.

51.    The referenced article and study in paragraph 7.38 of Plaintiff's petition speak for themselves.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

52.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.39 of Plaintiff's petition.

53.    The referenced study in paragraph 7.40 of Plaintiff's petition speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

54.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.41 of Plaintiff's petition.

55.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.42 of Plaintiff's petition.

56.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.43 of Plaintiff's petition.

57.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.44 of Plaintiff's petition.

58.     The referenced study in paragraph 7.45 of Plaintiff's petition speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.46 of Plaintiff's petition.

60.     The referenced study in paragraph 7.47 of Plaintiff's petition speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

61.     The referenced study in paragraph 7.48 of Plaintiff's petition speaks for itself.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.49 of Plaintiff's petition.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.50 of Plaintiff's petition.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.51 of Plaintiff's petition.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.52 of Plaintiff's petition.

66.     The referenced study in paragraph 7.53 of Plaintiff's petition speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.54 of Plaintiff's petition.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.55 of Plaintiff's petition.

69.     Defendant admits that VIOXX was withdrawn from the United States on September 30, 2004, as set forth in paragraph 7.56 of Plaintiff's petition but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.57 of Plaintiff's petition.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.58 of Plaintiff's petition.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.59 of Plaintiff's petition.

73.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.60 of Plaintiff's petition.

74.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.61 of Plaintiff's petition.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.62 of Plaintiff's petition.

76.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.63 of Plaintiff's petition.

77.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.64 of Plaintiff's petition.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.65 of Plaintiff's petition.

79.     Defendant admits he prescribed Vioxx to Plaintiff as alleged in paragraph 7.66 of Plaintiff's petition but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

80.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.67 of Plaintiff's petition.

81.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.68 of Plaintiff's petition.

<u>HENRY CHARLES PERRY'S VIOXX INGESTION</u>

VIII.

82.     Defendant admits he prescribed VIOXX to Plaintiff but denies the remaining allegations in paragraph 8.1 of Plaintiff's petition.

COUNT I:  STRICT PRODUCTS LIABILITY
<u>DEFENDANTS MERCK AND GILMORE</u>

IX.

83.     Paragraph 9.1 of Plaintiff's petition contains no legal allegations or requests for relief to which a responsive pleading is required other than to incorporate the responses to the incorporated references.

84.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.2 of Plaintiff's petition.

85.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.3 of Plaintiff's petition.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.4 of Plaintiff's petition.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.5 of Plaintiff's petition.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.6 of Plaintiff's petition.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.7 of Plaintiff's petition.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.8 of Plaintiff's petition.

91.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.9 of Plaintiff's petition.

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.10 of Plaintiff's petition.

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.11 of Plaintiff's petition.

94.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.12 of Plaintiff's petition.

95.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.13 of Plaintiff's petition.

96.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.14 of Plaintiff's petition.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.15 of Plaintiff's petition.

98.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.16 of Plaintiff's petition.

99.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9.17 of Plaintiff's petition.

## COUNT II: NEGLIGENCE
## DEFENDANTS MERCK AND GILMORE

### X.

100.    Paragraph 10.1 of Plaintiff's petition contains no legal allegations or requests for relief to which a responsive pleading is required other than to incorporate the responses to the incorporated references.

101.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10.2 of Plaintiff's petition.

102.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10.3 of Plaintiff's petition.

103.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10.4 of Plaintiff's petition.

104.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10.5 of Plaintiff's petition.

105.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10.6 of Plaintiff's petition.

## COUNT III:  MISREPRESENTATION AND FRAUD
## DEFENDANTS MERCK AND GILMORE

XI.

106.  Paragraph 11.1 of Plaintiff's petition contains no legal allegations or requests for relief to which a responsive pleading is required other than to incorporate the responses to the incorporated references.

107.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11.2 of Plaintiff's petition.

108.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11.3 of Plaintiff's petition.

109.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11.4 of Plaintiff's petition.

### COUNT V [SIC]:  GROSS NEGLIGENCE/MALICE
### DEFENDANTS MERCK AND GILMORE

### XII.

110.   Paragraph 12.1 of Plaintiff's petition contains no legal allegations or requests for relief to which a responsive pleading is required other than to incorporate the responses to the incorporated references.

111.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12.2 of Plaintiff's petition.

### COUNT VII [SIC]:  MEDICAL MALPRACTICE
### DEFENDANT PARNESS, M.D.

### XIII.

112.   Defendant admits he provided medical care and treatment to Plaintiff but denies the remaining allegations contained in paragraph 13.1 of Plaintiff's petition.

113.   Defendant submits that his medical records referenced in paragraph 13.2 of Plaintiff's petition speak for themselves.  Defendant admits he provided medical care and treatment to Plaintiff and prescribed Plaintiff VIOXX but denies the remaining allegations set forth in paragraph 13.2 of Plaintiff's petition.

114.   Defendant denies the allegations set forth in paragraph 13.3 of Plaintiff's petition.

115.   Defendant admits he prescribed VIOXX to Plaintiff but is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13.4 of Plaintiff's petition pertaining to Plaintiff's ingestion and dates of

Plaintiff's ingestion of VIOXX.  Defendant denies the remaining allegations set forth in paragraph 13.4 of Plaintiff's petition.

116.   Defendant denies the allegations set forth in paragraph 13.5 of Plaintiff's petition.

117.   Defendant denies the allegations set forth in paragraph 13.6 of Plaintiff's petition.

## AGENCY

### XIV.

118.   Paragraph 14.1 of Plaintiff's petition contains no legal allegations or requests for relief to which a responsive pleading is required other than to incorporate the responses to the incorporated references.

119.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14.2 of Plaintiff's petition.

## ALLEGATIONS AND CAUSES OF ACTION IN THE ALTERNATIVE

### XV.

120.   Paragraph 15.1 of Plaintiff's petition contains no legal allegations or requests for relief to which a responsive pleading is required other than to incorporate the responses to the incorporated references.

121.   To the extent the allegations set forth in paragraph 15.2 of Plaintiff's petition are directed at this defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

## CAUSATION

### XVI.

122.   Paragraph 16.1 of Plaintiff's petition contains no legal allegations or requests for relief to which a responsive pleading is required other than to incorporate the responses to the incorporated references.

123.   To the extent the allegations set forth in paragraph 16.2 of Plaintiff's petition are directed at this defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

## ACTUAL DAMAGES

### XVII.

124.   To the extent the allegations set forth in paragraph 17.1 of Plaintiff's petition are directed at this defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

## JURY TRIAL REQUEST

### XVIII.

125.   Paragraph 18.1 of Plaintiff's petition is a request for trial by jury to which no response is required.

## PRAYER

126.   Defendant denies the allegations contained in paragraph 19.1 entitled "Prayer" of Plaintiff's petition.

## FOURTH DEFENSE

127.   Defendant further pleads that Plaintiff has failed to state a cognizable cause of action under Texas law relating to consumer protection actions or for other non-medical causes of action for the reason that such causes of action are barred by Chapter 74 of the Texas Civil Practice & Remedies Code.

## FIFTH DEFENSE

128.   Defendant further pleads that any injury or damages alleged or sustained by Plaintiff's are the result of pre-existing medical or psychological conditions or disabilities that are in no way the responsibility of this Defendant; thus, this Defendant has no legal responsibility for any injury or damages alleged or sustained by Plaintiff as a result of any medical or psychological condition or disease process over which this Defendant exercised no control.

## SIXTH DEFENSE

129.   Defendant pleads that he is entitled to rely upon the punitive damages limitations provisions available in Texas law in response to any claim by Plaintiff seeking punitive or exemplary damages.

## SEVENTH DEFENSE

130.   Defendant pleads that he is entitled to rely upon the applicable provisions of the Federal and Texas Constitutions that govern the award of punitive damages.  Thus, Defendant pleads that such awards may contravene the Excessive Fines Clause of the Federal Constitution, the Equal Protection and Due Process Clauses of the Federal Constitution, the Equal Protection and Due Process Clauses of the Texas Constitution,

and any other such provision now or hereafter deemed applicable to the award of such damages.

## EIGHTH DEFENSE

131.   Defendant pleads the provisions of §§74.301, et seq. of the Texas Civil Practice and Remedies Code, which limit the amount of damages recoverable in this suit except for past and future medical expenses.

## NINTH DEFENSE

132.   Defendant pleads the provision of §74.051 of the Texas Civil Practice and Remedies Code which requires that Plaintiff provide 60 days' notice prior to filing a suit in any court of this state based upon a health care liability claim.

## TENTH DEFENSE

133.   Defendant pleads that Plaintiff has failed to meet all conditions precedent to filing this action under Chapter 74 of the Texas Civil Practice and Remedies Code.

## ELEVENTH DEFENSE

134.   Pleading further, Defendant invokes his legal right to a reduction of any dollar verdict that may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which Defendant would be entitled as a result of jury findings against other persons or entities.  In this connection, Defendant reserves the right under Texas common law and the Texas Civil Practice and Remedies Code to submit issues against parties who may be present in this case or absent from the case at the time the matter is passed to the jury for fact determinations.

## TWELFTH DEFENSE

135.   Defendant invokes his rights under Chapter 82 of the Texas Civil Practice and Remedies Code, including all rights under §82.007 and the presumption of non-liability set forth in the cited statute.

## THIRTEENTH DEFENSE

136.   Defendant pleads for all relief to which he would be entitled under Chapter 82 of the Texas Civil Practice and Remedies Code, including his right to indemnity as provided therein.

## FIRST AFFIRMATIVE DEFENSE

137.   Defendant affirmatively pleads that the causes of action alleged by Plaintiff are barred by the applicable statutes of limitations and/or by the doctrines of laches, waiver and estoppel.

## SECOND AFFIRMATIVE DEFENSE

138.   Defendant affirmatively pleads that the causes of action alleged by Plaintiff are barred by the provisions of the Texas Statute of Frauds.

## THIRD AFFIRMATIVE DEFENSE

139.   Defendant affirmatively pleads that he is entitled to rely upon those legal defenses and theories of confession and avoidance, defense, or allocation of damages variously known as contributory negligence, assumption of the risk, act of God, unavoidable accident, failure to mitigate damages, and all other legal and equitable concepts that are applicable to avoid or shift legal responsibilities or damages.

## FOURTH AFFIRMATIVE DEFENSE

140.   Defendant affirmatively pleads that he is entitled to rely upon those legal defenses and theories relevant to the issue of causation, either producing or proximate, that are variously known as superseding cause, intervening cause, sole proximate cause, assumption of the risk, and all similar legal and equitable theories to establish the absence of the required elements of causation requisite to Plaintiff's theories of recovery.

## DEMAND FOR JURY TRIAL

141.   Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit, that all costs be taxed against Plaintiff, and that Defendant be awarded such other, further, or alternative relief to which Defendant may be legally or equitably entitled.

Respectfully submitted,

CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.

By:_____

Jay H. Henderson
State Bar No.: 09424050
Federal ID No.: 1431
T. Scott Allen, Jr.
State Bar No.: 01059700
Federal ID No.: 0064
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
(713) 650-6600 (Telephone)
(713) 650-1720 (Telecopier)

ATTORNEYS FOR DEFENDANT,
HOWARD A. PARNESS, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant, Howard A. Parness, M.D.'s Original Answer has been served on Liaison Counsel, Russ Hermann and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this ___ day of July, 2005.

Jay H. Henderson

G. Kevin Buchanan
Edmund Rugger Burke, III
Katrina A. Kershner
Buchanan & Burke, L.L.P.
200 Premier Place
5910 N. Central Expressway
Dallas, Texas 75206

Thomas P. Jackson
Jackson & Adams
12655 N. Central Expressway, Suite 812
Dallas, Texas 75243

Jonathan B. Skidmore
H. Douglas Wabner
Richard S. Krumholz
Joe W. Tomaselli, Jr.
Fulbright & Jaworski, L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784

Russ M. Herman
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue, Suite 100
New Orleans, Louisiana 70113
rherman@hhkc.com

Phillip A. Wittmann
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
pwittmann@stonepigman.com