FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 14  PM 3: 42

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | ) | MDL No. 1657 |
| | ) | SECTION: L |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | |
| This document relates to: *Means v. Merck* | ) | JUDGE FALLON |
| *& Co.*, (E.D. La. Index No. 05-1023) | ) | |
| | ) | MAG. JUDGE KNOWLES |

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers Plaintiff's

Complaint ("Complaint") and each and every count thereof, separately and severally, as follows:

### RESPONSE TO "PREAMBLE"

Merck denies each and every allegation contained in the Preamble to Plaintiff's

Complaint except admits that on September 30, 2004 it withdrew voluntarily VIOXX® from the

market.

### RESPONSE TO "THE PARTIES"

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations made in Paragraph 1 of the Complaint.

___ Fee_____
___ Process_____
_X_ Dkid_____
___ CtRmDep_____
___ Doc. No._____

780323v.1

2.     Merck denies each and every allegation of paragraph 2 of the Complaint except Merck admits that it is a New Jersey corporation with its principal place of business in New Jersey.

3.     Merck denies each and every allegation of paragraph 3 of the Complaint except Merck admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until its voluntary withdrawal from the market on September 30, 2004. Merck further admits that VIOXX® is the brand name for rofecoxib.

## RESPONSE TO "JURISDICTION AND VENUE"

4.     The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation of said paragraph, except Merck admits that it is a New Jersey corporation with its principal place of business in New Jersey and Plaintiff purports to be a resident of Maryland. Merck further admits that Plaintiff purports to seek damages as stated therein, but denies that there is any legal or factual basis for such relief.

5.     The allegations contained in the first sentence of paragraph 5 of the Complaint are legal conclusions as to which no response is required. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's residency. Merck denies each and every of the remaining allegation contained in paragraph 5 of the Complaint, except admits that Merck is authorized to do business in, among other states, the State of Maryland

2

6.     Merck denies each and every allegation of paragraph 6 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® and is authorized to do business in, among other states, the state of Maryland.

7.     Merck denies each and every allegation contained in paragraph 7 of the Complaint.

## RESPONSE TO "FACTUAL BACKGROUND"

8.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14     Merck denies each and every allegation contained in paragraph 14 of the Complaint, except that Merck admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2

3

(COX-2). Merck further avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

15      Merck denies each and every allegation contained in paragraph 15 of the Complaint, except that Merck admits that the mechanism of action for VIOXX® is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

16      Merck denies each and every allegation contained in paragraph 16 of the Complaint except that Merck admits that it submitted a New Drug Application ("NDA") for VIOXX® on November 23, 1998 that was designated NDA 21-042.  Merck respectfully refers the Court to the referenced NDA for its designation, actual language and full text.

17      Merck denies each and every allegation contained in paragraph 17 of the Complaint except that Merck admits that it submitted a New Drug Application ("NDA") for VIOXX® on November 23, 1998 that was designated NDA 21-052.  Merck respectfully refers the Court to the referenced NDA for its designation, actual language and full text.

18      Merck denies each and every allegation contained in paragraph 18 of the Complaint except that Merck admits that it received FDA approval to manufacture and market the prescription medicine VIOXX®.  Merck further avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

19.      Merck denies each and every allegation contained in paragraph 19 of the Complaint, except that Merck admits that the risk of side effects associated with VIOXX® was

4

investigated by conducting numerous trials, including trials involving endoscopies and that the endoscopy studies showed that Rofecoxib was associated with a lower risk of ulcers than ibuprofen 800 mg three times per day.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint, except that Merck admits that labeling information existed and respectfully refers the Court to the relevant labeling information for its actual language and full text.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint, except that Merck admits that in March 2000 Merck forwarded to the FDA the VIOXX® Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint, except that Merck admits plaintiff appears to have accurately quoted the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text and further admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint, except that the referenced article and journal exist and respectfully refers the Court to the referenced article for its actual language and full text.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint.

780323v.1

25.      Merck denies each and every allegation contained in paragraph 25 of the Complaint, except that Merck admits that the referenced study, article and journal exist. Merck respectfully refers the Court to the referenced article for its actual language and full text.

26.      Merck denies each and every allegation contained in paragraph 26 of the Complaint, except that Merck admits that the referenced study exists and respectfully refers the Court to the study for its actual language and full text.

27.      Merck denies each and every allegation contained in paragraph 27 of the Complaint, except that Merck admits the existence of the journal, the article contained therein, and that plaintiff appears to have accurately quoted the document referenced in said paragraph, and respectfully refers the Court to the referenced document for its actual language and full text.

28.      Merck denies each and every allegation contained in paragraph 28 of the Complaint, except that Merck admits that it received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

29.      Merck denies each and every allegation contained in paragraph 29 of the Complaint, except that Merck admits that it received a letter from a regulatory review officer in September 2001 that plaintiff purports to quote and respectfully refers the Court to that letter for its actual language and full text.

30.      Merck denies each and every allegation contained in paragraph 30 of the Complaint, except that Merck admits that it received a letter from a regulatory review officer in September 2001 that plaintiff purports to quote and respectfully refers the Court to that letter for its actual language and full text.

780323v.1

31.     Merck denies each and every allegation made in paragraph 31 of the Complaint, except it admits that, in April 2002, the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.  Merck further admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except that it admits that the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint, except that Merck admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint except that it admits that the referenced document exists and respectfully refers the Court to said document for its actual language and full text.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint, except Merck admits that it voluntarily withdrew the prescription medicine VIOXX® from the market on September 30, 2004.

780323v.1

## RESPONSE TO "COUNT I – NEGLIGENCE"

38.    Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

39.    The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck admits that it manufactured, marketed and distributed the prescription medicine VIOXX® and denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.  Merck denies each and every remaining allegation of said paragraph.

40.    The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck admits that VIOXX® was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.  Merck denies each and every remaining allegation of said paragraph.

41.    Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.    Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.    Merck denies each and every allegation contained in paragraph 43 of the Complaint, including all subparagraphs.

44.    Merck denies each and every allegation contained in paragraph 44 of the Complaint.

8

45.     Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff ingested VIOXX® or that Plaintiff suffered the damages and injuries alleged in the Complaint.  Merck denies each and every allegation contained in paragraph 46 of the Complaint.

Merck denies that the Plaintiff is entitled to any of the relief set forth in the "wherefore" paragraph of Count I of the Complaint.

### RESPONSE TO "COUNT II – STRICT LIABILITY"

47.     Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint, except that Merck admits that it manufactured, marketed and distributed the prescription medicine VIOXX® until its voluntary withdraw from the market on September 30, 2004.

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 50 of the Complaint.  Merck denies each and every remaining allegation contained in paragraph 50 of the Complaint.

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint.

780323v.1

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff used VIOXX®.  Merck denies each and every remaining allegation contained in paragraph 54 of the Complaint.

Merck denies that the Plaintiff is entitled to any of the relief set forth in the "wherefore" paragraph of Count II of the Complaint.

## RESPONSE TO "COUNT III – STRICT PRODUCTS LIABILITY (FAILURE TO WARN)"

55.     Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint, except that Merck admits that it manufactured, marketed and distributed the prescription medicine VIOXX® until its voluntary withdraw from the market on September 30, 2004.

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint.

780323v.1

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff took VIOXX®.  Merck denies each and every remaining allegation contained in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint.

Merck denies that the Plaintiff is entitled to any of the relief set forth in the "wherefore" paragraph of Count III of the Complaint.

## RESPONSE TO "COUNT IV – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

63.     Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint directed at Merck except that Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.  Merck further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck of said paragraph.

11

780323v.1

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint directed at Merck. Merck further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck of said paragraph.

66.     The allegations contained in paragraph 66 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®. Merck further admits that Merck manufactured and marketed VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information. Merck denies each and every remaining allegation of said paragraph.

67.     Merck denies each and every allegation contained in Paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Merck lacks knowledge or information sufficient to form a belief as to what the Plaintiff or his physician relied upon in regard to VIOXX®. Merck denies each and every other allegation contained in paragraph 69 of the Complaint.

70.     Merck lacks knowledge or information sufficient to form a belief as to whether Plaintiff used VIOXX® or suffered the alleged injuries. Merck denies each and every remaining allegation contained in paragraph 70 of the Complaint.

Merck denies that the Plaintiff is entitled to any of the relief set forth in the "wherefore" paragraph of Count IV of the Complaint.

12

780323v.1

## RESPONSE TO "COUNT V – BREACH OF EXPRESS WARRANTY"

71.     Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint, except that Merck admits that it manufactured, marketed, distributed and sought FDA approval of the prescription medicine VIOXX®.

73.     The allegations contained in paragraph 73 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.  Merck further admits that Merck manufactured and marketed VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.  Merck denies each and every remaining allegation of said paragraph.

74.     The allegations contained in paragraph 74 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.  Merck denies each and every remaining allegation of said paragraph, including all subparagraphs.

75.     The allegations contained in the first sentence of paragraph 75 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.  Merck denies each and every remaining allegation of said paragraph.

780323v.1

76.     Merck denies each and every allegation contained in Paragraph 76 of the Complaint.

59.[1]     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff's physician prescribed VIOXX®, that Plaintiff used VIOXX®, or what the Plaintiff or his physician relied upon in regard to VIOXX®. Merck denies each and every remaining allegation contained in paragraph 59.1 of the Complaint.

77.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff's physician prescribed or provided VIOXX® to Plaintiff. Merck denies each and every remaining allegation contained in paragraph 77 of the Complaint.

78.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what the Plaintiff or his physician relied upon in regard to VIOXX®. Merck denies each and every remaining allegation contained in paragraph 78 of the Complaint.

79.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff ingested VIOXX®. Merck denies each and every remaining allegation contained in paragraph 80 of the Complaint.

Merck denies that the Plaintiff is entitled to any of the relief set forth in the "wherefore" paragraph of Count V of the Complaint.

---

[1]     The Complaint has two different paragraphs numbered 59. For ease and uniformity, Merck will respond to the Complaint as numbered, and will hereinafter refer to the this paragraph numbered 59 as 59.1.

14

## RESPONSE TO "COUNT VI – FRAUD AND MISREPRESENTATION"

81.     Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

82.     The allegations contained in paragraph 82 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®. Merck denies each and every remaining allegation of said paragraph, except that Merck admits that it manufactured, marketed and distributed the prescription medicine VIOXX® until its voluntary withdrawal from the market on September 30, 2004.

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Merck denies each and every allegation contained in Paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in Paragraph 85 of the Complaint.

86.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff purchased and used VIOXX®. Merck denies each and every remaining allegation contained in paragraph 86 of the Complaint.

87.     Merck denies each and every allegation contained in Paragraph 87 of the Complaint.

88.     Merck denies each and every allegation contained in Paragraph 88 of the Complaint.

780323v.1

Merck denies that the Plaintiff is entitled to any of the relief set forth in the "wherefore" paragraph of Count VI of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Merck alleges as follows:

1.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

4.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

5.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

6.     To the extent Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician(s).

7.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

16

8.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration or, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck.

9.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused by the actions of persons not having real or apparent authority to take such actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

10.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

11.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

12.     To the extent Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

13.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

14.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

780323v.1

15.     To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

16.     To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

17.     To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, Plaintiffs have not complied with the statutory requirements to recover punitive damages and, moreover, Plaintiff cannot establish the requisite standard of conduct.

18.     Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

19.     Plaintiff's claims are barred in whole or in part under comments j and k to Section 402A of the Restatement (Second) of Torts.

20.     Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions and warning" as to the use of VIOXX® within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

21.     Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

22.     Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

23.     Plaintiff's claims of fraud, misrepresentation and suppression are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by state and federal rules of civil procedure.

18

24.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

25.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

26.     There is no practical or technically feasible alternative that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

27.     Plaintiff's claims are barred in whole or in part by a failure to mitigate damages.

28.     Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

29.     All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a governmental agency.  Therefore, any claims pertaining to unfair or deceptive practices are barred.

30.     With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in the Restatement (Second) of Torts.  The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

31.     The conduct and activities of Merck with respect to the product that is the subject matter of the Complaint did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or

780323v.1

concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission.

32.     The conduct and activities of Merck with respect to the product that is the subject matter of the Complaint were fair and truthful based upon the state of the knowledge existing at the relevant time alleged in Plaintiff's Complaint and, therefore, Plaintiff's claims are barred in whole or in part.

33.     Merck's advertisements and labeling with respect to the product that is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and applicable State Constitutions.

34.     The public interest and benefit and the availability of the product that is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiff's claim, if it is determined there is a risk inherent in the product, which Merck denies, then such risk, if any, is outweighed by the benefit of the product.

35.     At all time relevant herein, any product that is the subject-matter of the Complaint processed and/or distributed by Merck in the State of Maryland or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

36.     Plaintiff's claims are barred by lack of privity with Merck.

37.     To the extent that there were any risks associated with the use of the product that is the subject matter of the Complaint of which Merck knew or should have known and which

20

gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

38.   The injuries, damages and/or loss claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, over whom Merck had no control.

39.   One or more counts of Plaintiff's Complaint fail to state a claim for which punitive damages may be awarded.

40.   Plaintiff's claims are barred by the doctrine of spoliation of evidence.

41.   Plaintiff's claims are barred by consent and/or acquiescence.

42.   Plaintiff's claims are barred in whole or in part by the First Amendment of the United States Constitution and the applicable State Constitution.

43.   In the event Plaintiff has suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and Plaintiff's alleged damages, injuries, and/or losses.

44.   Merck hereby specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive damage awards established by *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), and *State Farm Mutual Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

45.   Plaintiff cannot recover for the claims asserted because Plaintiff failed to comply with all conditions precedent necessary to bring this action.

46.   Merck and its agents lacked the requisite scienter and did not consciously or deliberately engage in or perpetuate any fraud with respect to the Plaintiff.

780323v.1

47.     Merck has at all times acted in good faith, with due care, and without malice or intent to injure the Plaintiff.   Merck denies that it has engaged in any negligent, wanted, intentional, or fraudulent conduct that caused or contributed to the injuries allegedly sustained by Plaintiff.

48.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defenses.

## RESPONSE TO "REQUEST FOR JURY TRIAL"

Merck joins in the demand for a trial by jury.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Merck & Co., Inc. respectfully requests that the Complaint be dismissed and that Merck recover all costs herein expended on its behalf, including costs, attorneys' fees, and such other relief as this Court may deem just and proper.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Anthony M. Dileo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: (504)581-3200
Fax:    (504)581-3361

*Defendants' Liaison Counsel*

780323v.1

Paul F. Strain (Federal Bar No. 01255)
Stephen E. Marshall (Federal Bar No. 08896)
Venable, LLP
Two Hopkins Plaza
Baltimore, Maryland 21201
410-244-7400 (phone)
410-244-7742 (facsimile)
pfstrain@venable.com
semarshall@venable.com

Counsel for Merck & Co., Inc.

780323v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Philip Wittmann, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on this 14th day of July, 2005.

_Dorothy H. Wimberly_

780323v.1