

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 15  AM 9: 42

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTER DISTRICT OF LOUISIANA

In re:  VIOXX®                          *          MDL Docket NO. 1657
                                        *
PRODUCTS LIABILITY LITIGATION  *          SECTION L
                                        *
This Document relates to Esther         *          JUDGE FALLON
Archuleta v. Merck & Co., Inc. (E.D.L.A *
Index No. 05-1548)                      *          MAG. JUDGE KNOWLES
                                        *
*************************************

## MERCK & CO., INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Merck & Co., Inc. ("Merck") by and through its undersigned

counsel, and presents the following Answer and Defenses to Plaintiff's Complaint:

1.      Merck denies knowledge of information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      With respect to the allegations in the first sentence of paragraph 2, Merck denies

each and every allegation except admits that Merck is incorporated under the laws of the State of

New Jersey with its principal place of business at 1 Merck Drive, Whitehouse Station, New

Jersey. With respect to the allegations in sentences 2 and 3 of paragraph 2, Merck states that

these allegations are legal conclusions as to which no response is required.  Should a response

be deemed required, Merck denies each and every allegation in sentences 2 and 3 of paragraph 2

of the Complaint. Merck denies each and every allegation in sentence 4 of paragraph 2 of the Complaint.

3.　　Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and therefore is unable to admit or deny the same.

## JURISDICTION AND VENUE

4.　　The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck admits that it is incorporated under the laws of the State of New Jersey. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's residency. Merck denies each and every remaining allegation in said paragraph.

5.　　Merck admits that Plaintiff purports to seeks damages in excess of the minimum sum required by 28 U.S.C. section 1332 but denies that there is any legal or factual basis for an award of such relief.

6.　　The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

7.　　The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

780391v.1

## FACTUAL ALLEGATIONS

8.     Merck denies each and every allegation in paragraph 8 of the Complaint.

9.     Merck denies each and every allegation in paragraph 9 of the Complaint.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Merck denies each and every allegation in paragraph 11 of the Complaint except Merck admits that in 1999, Merck received FDA approval to manufacture and market the prescription medicine VIOXX®.  Merck further admits that VIOXX® is the brand name for rofecoxib.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that VIOXX®, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint except Merck admits that it voluntarily withdrew VIOXX® from the market on September 30, 2004.

15.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained paragraph 15 of the Complaint and therefore is unable to admit or deny the same.

780391v.1

16.     Merck denies each and every allegation in paragraph 16 of the Complaint, except admits that VIOXX® is the brand name for rofecoxib and Merck further avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck received FDA approval in 1999 to manufacture and market the prescription medicine VIOXX®. Merck further admits that VIOXX® is the brand name for rofecoxib.

18.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and therefore is unable to admit or deny the same.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®. Merck further admits that VIOXX® is the brand name for rofecoxib.

20.     Merck denies each and every allegation in paragraph 20 of the Complaint.

21.     Merck denies each and every allegation in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation in paragraph 22 of the Complaint.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that the studies referenced in sentence one of paragraph 23 and the article references in sentence two of paragraph 23 exist, and respectfully refers the Court to said publications for their actual language and full text.

- 4 -

24.    Merck denies each and every allegation in paragraph 24 of the Complaint.

25.    Merck denies each and every allegation in paragraph 25 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

26.    Merck denies each and every allegation in paragraph 26 of the Complaint except admits the existence of the journal, and the article contained therein referenced in said paragraph, and respectfully refers the Court to the referenced document for its actual language and full text.

27.    Merck denies each and every allegation in paragraph 27 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

28.    Merck denies each and every allegation in paragraph 28 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

29.    Merck denies each and every allegation in paragraph 29 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to the referenced publication for its actual language and full text.

30.    Merck denies each and every allegation contained in paragraph 30 of the Complaint, except admits that on September 30, 2004, both Merck and the FDA issued statements regarding the voluntary withdrawal of VIOXX® from the market and respectfully refers the Court to these statements for their actual language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo

- 5 -

and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

  31.  Merck denies each and every allegation in paragraph 31 of the Complaint.

  32.  Merck denies each and every allegation in paragraph 32 of the Complaint.

  33.  Merck denies each and every allegation in paragraph 33 of the Complaint.

  34.  Merck denies each and every allegation in paragraph 34 of the Complaint.

  35.  Merck denies each and every allegation in paragraph 35 of the Complaint.

## STATUTE OF LIMITATIONS

  36.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint with respect to Plaintiff's claim regarding the date she learned of VIOXX®'s recall.  Merck admits that it voluntarily withdrew VIOXX® from the market on September 30, 2004.  Merck denies each and every remaining allegation in paragraph 36 of the Complaint.

  37.  Merck denies each and every allegation in paragraph 37 of the Complaint.

  38.  Merck denies each and every allegation in paragraph 38 of the Complaint.

  39.  The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Complaint.

780391v.1

## COUNT I
## STRICT LIABILITY PURSUANT TO 402(A) OF THE
## RESTATEMENT (SECOND) OF TORTS)

40.    With respect to the allegations in paragraph 40 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41.    Merck denies each and every allegation contained in paragraph 41 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

42.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

43.    Paragraph 43 of the Complaint is unintelligible as written. To the extent Plaintiff's intent in drafting Paragraph 43 of the Compliant is discernible, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint and therefore is unable to admit or deny the same.

44.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint and therefore is unable to admit or deny the same. With specific reference to Plaintiff's allegation that VIOXX® has a "dangerous nature," Merck admits that VIOXX®, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the prescribing

780391v.1

information for VIOXX® for its actual language and full text, but Merck denies that VIOXX® is unreasonably dangerous for its intended purposes.

45.    Merck denies each and every allegation in paragraph 45 of the Complaint.

46.    Merck denies each and every allegation in paragraph 46 of the Complaint.

## COUNT II
## NEGLIGENCE

47.    With respect to the allegations in paragraph 47 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 46 of this Answer with the same force and effect as though set forth here in full.

48.    With respect to the allegations paragraph 48 of the Complaint, Merck states that these allegations are legal conclusions as to which no response is required.  Should a response be deemed required, Merck admits that it manufactured, marketed and distributed the prescription medicine VIOXX® and denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.

49.    Merck denies each and every allegation in paragraph 49 and its subparts of the Complaint.

50.    Merck denies each and every allegation in paragraph 50 of the Complaint.

## COUNT III
## GROSS NEGLIGENCE

51.    Merck denies each and every allegation in paragraph 51 of the Complaint.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

52.    Merck denies each and every allegation in paragraph 52 of the Complaint.

53.    Merck denies each and every allegation in paragraph 53 and its subparts of the Complaint.

780391v.1

54.     Merck denies each and every allegation in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation in paragraph 55 of the Complaint.

## COUNT V
## UNFAIR PRACTICES ACT

56.     Merck denies each and every allegation in paragraph 56 and its subparts of the Complaint.

57.     Merck denies each and every allegation in paragraph 57 of the Complaint.

## COUNT VI
## BREACH OF EXPRESS WARRANTY

58.     With respect to the allegations in paragraph 58 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59.     The allegations in paragraph 59 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 59 of the Complaint.

60.     Merck denies each and every allegation in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation in paragraph 62 of the Complaint.

63.     Merck denies each and every allegation in paragraph 63 of the Complaint.

## COUNT VII
## BREACH OF IMPLIED WARRANTY

64.     With respect to the allegations in paragraph 64 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement in paragraphs 1 through 63 of this Answer with the same force and effect as though set forth here in full.

780391v.1

65.    The allegations in paragraph 65 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 65 of the Complaint.

66.    Merck denies each and every allegation in paragraph 66 of the Complaint.

67.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint and therefore is unable to admit or deny the same, except Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.

68.    Merck denies each and every allegation contained in paragraph 68 of the Complaint except admits that VIOXX®, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

69.    Merck denies each and every allegation in paragraph 69 of the Complaint.

70.    Merck denies each and every allegation in paragraph 70 of the Complaint.

## COUNT VIII
## NEW MEXICO FOOD, DRUG, ALCOHOL & COSMETIC ACT

71.    Merck denies each and every allegation in paragraph 71 of the Complaint.

## DAMAGES

72.    Merck denies each and every allegation contained in paragraph 72 of the Complaint except admits that plaintiff purports to seek damages but denies that there is any legal or factual basis for an award of such relief.

780391v.1

73.     Merck denies each and every allegation contained in paragraph 73 and its subparts of the Complaint except admits that plaintiff purports to seek damages but denies that there is any legal or factual basis for an award of such relief.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint except admits that plaintiff purports to seek damages but denies that there is any legal or factual basis for an award of such relief.

### PRAYER

75.     Merck denies each and every allegation contained in paragraph 75 of the "Prayer" section of the Complaint except admits that plaintiff purports to seek relief but denies that there is any legal or factual basis for an award of such relief.

76.     Paragraph 76, misnumbered "15" is a demand for jury to which no response is required.  To the extent a response is required, Merck respectfully requests a trial by a twelve (12) person jury for any issues brought in this cause of action.

77.     Merck denies each and every allegation not specifically admitted herein.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

78.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

79     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

80     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

780391v.1

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

81     Plaintiff unreasonably and inexcusably delayed the commencement and service of the above-entitled action to the prejudice of Merck and said action, therefore, is barred by the doctrine of laches.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

82     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

82     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

83     Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

84     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after the Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

780391v.1

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

85     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck, over whom Merck had no control, and for whom Merck may not be held accountable.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

86     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

88     Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

89.     Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

90.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions, for which this defendant is not responsible.

780391v.1

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

91.     To the extent that the Plaintiff's reactions to VIOXX® were idiosyncratic

reactions, Merck denies any liability.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

92.     To the extent that Plaintiff relies upon any theory of breach of warranty, such

claims are also barred for lack of timely notice of breach and/or lack of privity and/or because

the alleged warranties were disclaimed.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

93.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck

to warn the Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims

are barred because Merck has discharged its duty to warn in its warnings to the prescribing

physician.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

94.     The Plaintiff did not rely on any alleged express or implied warranty.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

95.     Plaintiff's claims are barred in whole or in part because the product at issue was

made in accordance with the state of the art at the time it was manufactured.

780391v.1

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

**97.**   96.   Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to

allege the circumstances constituting fraud with particularity, as required by Federal Rule of

Civil Procedure 9(b).

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

**98.**   Plaintiffs' claims are barred, in whole or in part, under the applicable state law

because VIOXX® was subject to and received pre-market approval by the Food and Drug

Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

99.   Plaintiff's claims are barred in whole or in part under comment k to Section 402A

of the Restatement (Second) of Torts.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

100.   Plaintiff's claims are barred in whole or in part under comment j to Section 402A

of the Restatement (Second) of Torts.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

101.   Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of

Torts:  Product Liability.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

101.   Plaintiff's claims are barred in whole or in part because VIOXX® "provides net

benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement

(Third) of Torts:  Product Liability.

- 15 -

780391v.1

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

102.    Merck invokes each and every defense available to it under New Mexico's Law on Product Liability, as detailed in Restatement 2d of Torts and Restatement 3d of Torts as adopted in New Mexico, in New Mexico Civil Jury Instruction Rule 13-1401, *et seq.*, NMRA 2003 and in relevant decisions by New Mexico courts.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

103.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

104.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under New Mexico law.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

105.    If a finding of liability is made against Defendants, Defendants are entitled to apportionment.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

106.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

- 16 -

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

107    Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

108.    With respect to Plaintiff's demand for punitive damages, Merck specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that arose in the decisions of BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, 532 U.S. 424 (2001), and State Farm Mut. Auto Ins. Co. v. Campbell, 123 S.Ct 1513 (2003).

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

109.    An award of punitive damages cannot be sustained against Merck because under New Mexico law an award of punitive damages by a jury does not: (1) provide a standard of sufficient clarity for determining the appropriateness of the award or the appropriateness of the size of the award, (2) instruct the jury on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) expressly prohibit an award of punitive damages in whole or in part on the basis of invidiously discriminatory characteristics, including the corporate status of Merck, its foreign origin, and other characteristics peculiar to Merck, (4) provide for a standard for determining punitive damages that is not vague or arbitrary, (5) define with sufficient clarity the mental state of mind, conduct or intent that makes an award of punitive damages permissible, and (6) subject to judicial review, on the basis of objective standards, an award of punitive damages both as to the amount of the award and the appropriateness of the

- 17 -

award. Accordingly, an award of punitive damages would violate Merck's constitutional rights, including but not limited to the rights to due process of law, equal protection of the law, not to be twice put in jeopardy for the same offense, and the right to be free of excessive fines under the Fifth, Ninth and Fourteenth Amendment of the United States Constitution, and similar rights under the provisions of the Constitution of the State of New Mexico, including but not limited to Article II, Sections 1, 4, 10, 12, 13, 14, 15, 18 and 19 of the New Mexico Constitution.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

110    To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

111    The imposition of punitive damages in this action would violate the Commerce Clause of the United States Constitution and exceeds the judicial and legislative power of the State of New Mexico to the extent that such award punishes conduct allegedly occurring solely outside the State of New Mexico.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

112    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves its right to amend and/or supplement the averments of its answer to assert

780391v.1

any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

113    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

114    The public interest and benefit and the availability of such products which are the subject matter of this action preclude liability for risks, if an, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to plaintiff's claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

### AS FOR A THIRTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

115    To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

780391v.1

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES

116   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the Plaintiff.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES

117   This case is more appropriately brought in a different venue.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES

118   Merck incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the answers of any other defendant to the extent that such affirmative defenses are not inconsistent with the pleadings set forth herein, and will rely on all defenses which are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.  Merck hereby reserves the right to amend its answer to assert any such defense.

780391v.1

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel

Douglas G. Schneebeck
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P. O. Box 2168
Albuquerque, NM 87103
Phone:  505-848-1800
Fax:  505-848-1882

Counsel for Merck & Co., Inc.

780391v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Merck & Co., Inc.'s Answer and Defenses to Plaintiff's Complaint has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on this 15th day of July, 2005.

780391v.1