FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 15  AM 9: 41

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL No. 1657 |
| Products Liability Litigation | * | |
| | * | SECTION: L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENTS RELATES TO:** *Larry and Hazel Polk v. Merck & Co., Inc.*, No. 05-2361, previously filed as 1:05-CV-0266 in the Eastern District of Texas, Beaumont Division.

-----------------------------------------------------------------------------------------------------------

## MERCK'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

-----------------------------------------------------------------------------------------------------------

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Original Complaint ("Complaint") as follows:

## A.    RESPONSE TO "Parties"

1.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to Plaintiffs' citizenship contained in paragraph 1 of the Complaint.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

1

780388v.1

2. Merck denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

### B.     RESPONSE TO "Jurisdiction"

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to Plaintiffs' citizenship and the amount in controversy.

### C.     RESPONSE TO "Conditions Precedent"

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

### D.     RESPONSE TO "Facts"

5. Merck denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

6. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second paragraph 6 of the Complaint.[1]

### E.     RESPONSE TO "STRICT PRODUCTS LIABILITY"

8.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  In addition, Merck admits that in the first un-numbered paragraph of this section of the Complaint, Plaintiffs purport to incorporate by reference all preceding paragraphs as if fully stated.

9.     The allegations contained in paragraph 1 of this section of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

10.     Merck denies each and every allegation contained in paragraph 2 of this section of the Complaint, except Merck admits that it manufactured, marketed, and distributed VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

11.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of this section of the Complaint.

12.     Merck denies each and every allegation contained in paragraph 4 of this section of the Complaint, including subparts (a) through (c).

13.     Merck denies each and every allegation contained in paragraph 5 of this section of the Complaint.

---

[1]     This section of Plaintiff's Complaint contains two paragraphs numbered 6.

3

14.     Merck denies each and every allegation contained in paragraph 6 of this section of the Complaint, except admits Plaintiffs purport to seek exemplary damages, but denies that there is any legal or factual basis for such relief.

## F.     RESPONSE TO "NEGLIGENCE"

15.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  In addition, Merck admits that in the first un-numbered paragraph of this section of the Complaint, Plaintiffs purport to incorporate by reference all preceding paragraphs as if fully stated.

16.     The allegations contained in paragraph 1 of this section of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

17.     The allegations contained in paragraph 2 of this section of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

18.     Merck denies each and every allegation contained in paragraph 3 of this section of the Complaint, except admits Plaintiffs purport to seek exemplary damages, but denies that there is any legal or factual basis for such relief.

## G.     RESPONSE TO "GROSS NEGLIGENCE"

19.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

4

20.     The allegations contained in the first un-numbered paragraph of this section of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

21.     The allegations contained in the second un-numbered paragraph of this section of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

22.     The allegations contained in the third un-numbered paragraph of this section of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

**H.      RESPONSE TO "NEGLIGENT MISREPRESENTATION"**

23.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  In addition, Merck admits that in the first un-numbered paragraph of this section of the Complaint, Plaintiffs purport to incorporate by reference all preceding paragraphs as if fully stated.

24.     Merck denies each and every allegation contained in paragraph 1 of this section of the Complaint.

25.     Merck denies each and every allegation contained in paragraph 2 of this section of the Complaint.

5

26.     Merck denies each and every allegation contained in paragraph 3 of this section of the Complaint.

27.     Merck denies each and every allegation contained in paragraph 4 of this section of the Complaint.

## I.     RESPONSE TO "402B MISREPRESENTATION"

28.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  In addition, Merck admits that in the first un-numbered paragraph of this section of the Complaint, Plaintiffs purport to incorporate by reference all preceding paragraphs as if fully stated.

29.     Merck denies each and every allegation contained in paragraph 1 of this section of the Complaint, except Merck admits that it manufactured, marketed, and distributed VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

30.     Merck denies each and every allegation contained in paragraph 2 of this section of the Complaint.

31.     Merck denies each and every allegation contained in paragraph 3 of this section of the Complaint.

32.     Merck denies each and every allegation contained in paragraph 4 of this section of the Complaint.

33.     Merck denies each and every allegation contained in paragraph 5 of this section of the Complaint.

6

## J.     RESPONSE TO "FRAUD"

34.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

35.     The first sentence of the first un-numbered paragraph of the Complaint is not an allegation and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.  Merck admits that in the second sentence of the first un-numbered paragraph of this section of the Complaint, Plaintiffs purport to incorporate by reference all preceding paragraphs as if fully stated.

36.     Merck denies each and every allegation contained in paragraph 1 of this section of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 2 of this section of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 3 of this section of the Complaint.

39.     Merck denies each and every allegation contained in paragraph 4 of this section of the Complaint.

40.     The allegations contained in contained in paragraph 5 of this section of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

7

## K.   RESPONSE TO "BREACH OF CONTINUING DUTY TO WARN"

41.   With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  In addition, Merck admits that in the first un-numbered paragraph of this section of the Complaint, Plaintiffs purport to incorporate by reference all preceding paragraphs as if fully stated.

42.   The allegations contained in paragraph 1 of this section of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

43.   Merck denies each and every allegation contained in paragraph 2 of this section of the Complaint.

44.   The allegations contained in paragraph 4 of this section of the Complaint[2] are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

45.   Merck denies each and every allegation contained in paragraph 5 of this section of the Complaint.

## L.   RESPONSE TO "BREACH OF EXPRESS WARRANTIES"

46.   With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  In addition, Merck

---

[2]   This section of Plaintiffs' Complaint does not contain a paragraph 3.

780388v.1

admits that in the first un-numbered paragraph of this section of the Complaint, Plaintiffs purport to incorporate by reference all preceding paragraphs as if fully stated.

47.     Merck denies each and every allegation contained in paragraph 1 of this section of the Complaint, except Merck admits that it manufactured, marketed, and distributed VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

48.     Merck denies each and every allegation contained in paragraph 2 of this section of the Complaint.

49.     The allegations contained in the first sentence of paragraph 3 of this section of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response by deemed required, Merck denies each and every allegation contained in said sentence.   Merck denies each and every allegation contained in the second sentence of paragraph 3 of this section of the Complaint.

50.     Merck denies each and every allegation contained in paragraph 4 of this section of the Complaint.

51.     Merck denies each and every allegation contained in paragraph 5 of this section of the Complaint.

52.     Merck denies each and every allegation contained in paragraph 6 of this section of the Complaint.

### M.     RESPONSE TO "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

53.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.   In addition, Merck

9

admits that in the first un-numbered paragraph of this section of the Complaint, Plaintiffs purport to incorporate by reference all preceding paragraphs as if fully stated.

54.     Merck denies each and every allegation contained in paragraph 1 of this section of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

55.     The allegations contained in paragraph 2 of this section of the complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

56.     Merck denies each and every allegation contained in paragraph 3 of this section of the Complaint.

57.     Merck denies each and every allegation contained in paragraph 4 of this section of the Complaint.

58.     Merck denies each and every allegation contained in paragraph 5 of this section of the Complaint.

### N.     RESPONSE TO "BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

59.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  In addition, Merck admits that in the first un-numbered paragraph of this section of the Complaint, Plaintiffs purport to incorporate by reference all preceding paragraphs as if fully stated.

780388v.1

60.     The allegations contained in paragraph 1 of this section of the complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

61.     Merck denies each and every allegation contained in paragraph 2 of this section of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 3 of this section of the Complaint.

63.     Merck denies each and every allegation contained in paragraph 4 of this section of the Complaint.

## O.     RESPONSE TO "LOSS OF CONSORTIUM"

64.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

65.      Merck denies each and every allegation contained in this section of the Complaint.

## O.[3]     RESPONSE TO "DAMAGES"

66.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

67.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information in this section of the Complaint.

---

[3]     Plaintiff's Complaint contains two sections that are labeled with an O.

780388v.1

68.     Merck denies each and every allegation contained in the second un-numbered paragraph of this section of the Complaint, including subpart A., except admits that Plaintiffs purport to seek damages, but denies that there is any factual or legal basis for such relief.

**P.      RESPONSE TO "PRAYER"**

69.     This first un-numbered sentence in this section of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this section, including subparts A. through D., except admits that Plaintiffs purport to seek damages, but denies that there is any factual or legal basis for such relief.

70.     Merck admits the allegations contained in the second un-numbered paragraph of this section of the Complaint.

**Q.      RESPONSE TO "LIMITATIONS AND THE DISCOVERY RULE"**

71.     The allegations contained in paragraph 1 of this section of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

72.     The allegations contained in paragraph 2 of this section of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, including subparts A. and B.

**XIV.   AFFIRMATIVE DEFENSES**

1.     The Complaint fails to state a claim upon which relief can be granted.

12

2.      Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

3.      Plaintiffs' claims are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

4.      Merck asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars plaintiffs' claims in this lawsuit.

5.      Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

6.      Merck denies that plaintiffs used any product manufactured by Merck as alleged in plaintiffs' Complaint.

7.      Any and all damages alleged by plaintiffs may have been caused by misuse of the product at issue, failure to use the product properly, and/or alteration or negligent use of the product.

8.      If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

13

9.    Merck would show that the occurrences and injuries alleged by plaintiffs were caused or contributed to by the negligence, breaches of warranty, or defective products of third parties over whom Merck had no control and for whom Merck is not responsible.

10.    Plaintiffs' claims may be barred by negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by plaintiffs and/or the treating physicians and/or other health care providers.

11.    If plaintiffs sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

12.    Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

13.    Merck would show that the occurrences and injuries alleged by plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent

14

events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to plaintiffs or any other parties.

14.     If plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

15.     If plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

16.     Merck further states that plaintiffs' injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of plaintiffs unrelated to any products manufactured by Merck.

17.     The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs.  The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber.  The labeling for the product at issue was also approved by the FDA and the marketing was conducted in conformity with the FDA's rules and regulations.  Such actions and federal statutes and regulations bar and preempt all of plaintiffs' claims under state law.

18.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

780388v.1

19.     Plaintiffs cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

20.     Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

21.     Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of plaintiffs' claims are barred under those sections.

22.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations.

23.     Plaintiffs' claims are barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

24.     Plaintiffs' claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

25.     To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

26.     To the extent that plaintiffs rely upon any theory of breach of warranty, plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

27.     Plaintiffs' claims of fraud are barred by reason of plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

28.     Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000,

16

whichever is greater.  Defendant asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

29.     Any claim for punitive damages against defendants cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate defendants' rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

30.     Unless defendants' liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

31.     Any claims for punitive damages against defendants cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

32.     Any claim for punitive damages against defendants cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

17

33.     Any claims for punitive damages against defendants cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

34.     Any claims for punitive damages against defendants cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating plaintiffs for elements of damages not otherwise recognized by Texas law would violate defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

35.     Defendants assert that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

36.     Plaintiffs are not entitled to recover exemplary or punitive damages because, to the extent that plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or

780388v.1

omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

37.     Plaintiffs are not entitled to punitive or exemplary damages because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

38.     Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Defendant hereby reserves the right to amend and/or supplement this answer to assert any such defense at a future time and in conformity with the Federal Rules of Civil Procedure.

780388v.1

## XV.   <u>JURY DEMAND</u>

39.    Merck hereby demands a trial by jury on all of Plaintiffs' claims.


Respectfully submitted,


Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:  504-581-3361

Richard L. Josephson
Texas Bar No. 11031500
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Phone:  713-229-1234
Fax:  713-229-1522

780388v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing answer to plaintiffs' original complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 15th day of July, 2005.

Dorothy H. Wimberly

780388v.1