

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 15  AM 11: 46

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>  Products Liability Litigation | MDL NO. 1657 |
| | SECTION: L |
| | JUDGE FALLON |
| This document relates to *Muriel Dunckel v. Merck Co., Inc* (E.D. La. Index No. 05-1774) | MAG. JUDGE KNOWLES |

## ANSWER AND DEFENSES OF MERCK & CO., INC.
## TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Merck & Co., Inc., by and through its undersigned counsel, and presents the following Answer and Defenses to Plaintiff's Complaint as follows:

### RESPONSE TO "PARTIES, JURISDICTION & VENUE"

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1 of the Complaint. Denies each and every allegation contained in paragraph 1 of the Complaint.

___ Fee__ _____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____
     780461v.1

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, White Station, New Jersey.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, and admits that it is authorized to do business in Minnesota.

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 except admits that Plaintiff purports to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief and admits that there is diversity between the parties.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation changed in paragraph 5 of the Complaint, except admits that it is authorized to do business in the State of Minnesota.

## RESPONSE TO "FACTUAL BACKGROUND"

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, that VIOXX® is Merck's trade name for

2

rofecoxib and admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.

7. Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, which reduces pain and inflammation, that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2) and further admits that VIOXX® is Merck's trade name for rofecoxib.

8. Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck submitted an Application to Market a New Drug ("NDA") to the FDA and respectfully refers the Court to the NDA for its actual language and full text and admits that, on or about May 20, 1999, Merck obtained approval from the U.S. Food and Drug Administration ("FDA") to market VIOXX®.

9. Denies each and every allegation contained within paragraph 9 of the Complaint except admits that the publication referred to exists, and respectfully refers the Court to said publication for its actual language and full text.

10. Merck denies each and every allegation contained in paragraph 10 of the Petition, except admits that the Wall Street Journal published an article

780461v.1

concerning VIOXX® and respectfully refers the Court to that article for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

13.     Denies each and every allegation contained within paragraph 13 of the Complaint, and respectfully refers the Court to the referenced press releases for their actual language and full text.

14.     Denies each and every allegation contained within paragraph 14 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to the said article for its actual language and full text.

15.     Denies each and every allegation contained within paragraph 15 of the Complaint.

16.     Denies each and every allegation contained within the first sentence of paragraph 16 of the Complaint.  Denies each and every allegation contained within the second and third sentences of paragraph 16 of the Complaint, except

4

admits that the referenced article exists, and respectfully refers the Court to the said article for its actual language and full text.

17.     Denies each and every allegation contained within paragraph 17 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to the said article for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint except admits that Merck received a letter from the FDA dated July 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint except admits that Merck received a letter from a regulatory officer in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

20.     Denies each and every allegation contained within paragraph 20 of the Complaint, except admits that Merck received a letter from the FDA regarding VIOXX® in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

21.     Denies each and every allegation contained within paragraph 21 of the Complaint, except admits that Merck received a letter from the FDA regarding VIOXX® in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

780461v.1

22.     Denies each and every allegation contained in paragraph 22 of the Complaint except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

23.     Denies each and every allegation contained within paragraph 23 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to that article for its actual language and full text and that the VALOR study was proposed as one of several options and that in March 13, 2002 the proposal was put on hold to explore other alternatives.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, and avers that results of the referenced study were never published and that Merck had no duty to publish said results.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that the referenced press release exists, and respectfully refers the Court to that press release for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to

6

the referenced announcement for its actual language and full text.  Merck further

avers that it announced on September 30, 2004, that in a prospective, randomized,

placebo controlled clinical trial there was an increased relative risk for confirmed

cardiovascular events beginning after 18 months of treatment in the patients taking

VIOXX® compared with those taking placebo and that Merck concluded that

given the availability of alternative therapies and questions raised by the data from

that trial, that a voluntary withdrawal of VIOXX® best served the interests of

patients.

### RESPONSE TO "FIRST CAUSE OF ACTION (Strict Liability – Design, Manufacturing and Warning – in Tort Against Merck)"

28.    With respect to the allegations contained in paragraph 28 of the

Complaint, repeats and re-alleges each and every admission, denial, averment and

statement contained in paragraphs 1 through 27 of this Answer with the same

force and effect as through set forth here in full.

29.    The allegations contained in paragraph 29 of the Complaint are legal

conclusions as to which no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in said

paragraph and respectfully refers the Court to the relevant common law standards

in this jurisdiction, including any applicable conflicts of law rules.

30.    Denies each and every allegation contained in paragraph 30 of the

Complaint.

7

780461v.1

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

**RESPONSE TO "SECOND CAUSE OF ACTION<br>(Breach of Express Warranty by Merck)"**

35.     With respect to the allegations contained in paragraph 35 of the Complaint repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

8

## RESPONSE TO "THIRD CAUSE OF ACTION
## (Breach of Implied Warranty by Merck)"

39.     With respect to the allegations contained in paragraph 39 of the Complaint repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraph 1 through 38 of this Answer with the same force and effect as through set forth here in full.

40.     The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant common law standards in this jurisdiction, including any applicable conflicts of law rules.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION (Negligence of Merck)"

45.     With respect to the allegations contained in paragraph 45 of the Complaint, repeats and re-alleges each and every admission, denial, averment and

9

statement contained in paragraph 1 through 44 of this Answer with the same force and effect as set fourth here in full.

46.    The allegations contained in paragraph 46 of the Complaint are legal conclusions and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant common law standards in this jurisdiction, including any applicable conflicts of law rules.

47.    Denies each and every allegation contained in paragraph 47 of the Complaint.

48.    Denies each and every allegation contained in paragraph 48 of the Complaint.

49.    Denies each and every allegation contained in paragraph 49 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION (Negligence Per Se) (Violation of 21 U.S.C. §§ 331, 352, and 21 C.F.R. §§ 201.56, 201.57, 202.1)"

50.    With respect to the allegations contained in paragraph 50 of the Complaint, repeats and re-alleges each and every admission, denial, averment and statement contained in paragraph 1 through 49 of this Answer with the same force and effect as though set forth here in full.

51.    The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said

780461v.1

paragraph and respectfully refers the Court to the referenced statutes for their actual language and full text.

52. Denies each and every allegation contained in paragraph 52 of the Complaint, including subparagraphs a through d.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

## RESPONSE TO "SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation by Merck)"

54. With respect to the allegations contained in paragraph 54 of the Complaint, repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

11

60.    Denies each and every allegation contained in paragraph 60 of the Complaint.

61.    Denies each and every allegation contained in paragraph 61 of the Complaint.

**RESPONSE TO "SEVENTH CAUSE OF ACTION (Fraud by Merck)"**

62.    With respect to the allegations contained in paragraph 62 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

63.    Denies each and every allegation contained in paragraph 63 of the Complaint.

64.    Denies each and every allegation contained in paragraph 64 of the Complaint.

65.    Denies each and every allegation contained in paragraph 65 of the Complaint.

66.    Denies each and every allegation contained in paragraph 66 of the Complaint.

**RESPONSE TO "EIGHTH CAUSE OF ACTION (Violation of the False Advertising Act, The Consumer Fraud Act, the Unlawful Trade Practices Act and the Uniform Deceptive Trade Practices Act)"**

67.    With respect to the allegations contained in paragraph 67 of the Complaint, repeats and re-alleges each and every admission, denial, averment and

780461v.1

statement contained in paragraphs 1 through 66 of this Answer with the same force and effect as though set forth here in full.

68.    Denies each and every allegation contained in paragraph 68 of the Complaint.

69.    Denies each and every allegation contained in paragraph 69 of the Complaint.

70.    The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the referenced statutes for their actual language and full text.

71.    Denies each and every allegation contained in paragraph 71 of the Complaint.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

72.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

73.    The Complaint fails to state a claim upon which relief can be granted.

780461v.1

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

74.     Each and every claim asserted or raised in the Complaint is barred

by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

75.     If Plaintiff has sustained injuries or losses as alleged in the

Complaint, upon information and belief, such injuries or losses were caused in

whole or in part through the operation of nature or other intervening cause or

causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

76.     To the extent that Plaintiff asserts claims based on Merck's

adherence to and compliance with applicable federal laws, regulations and rules,

such claims are preempted by federal law under the Supremacy Clause of the

United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

77.     Plaintiff's claims are barred in whole or in part by the First

Amendment.

780461v.1

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

78.     Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence as codified at Minn. Stat. § 604.02.

## AS FOR A EIGHTH
## DEFENSE, MERCK ALLEGES:

79.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

80.     Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR AN TENTH
## DEFENSE, MERCK ALLEGES:

81.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

780461v.1

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

82.     If Plaintiff has sustained injuries or losses as alleged in the

Complaint, upon information and belief, such injuries and losses were proximately

caused by Plaintiff's misuse or abuse of VIOXX®.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

83.     If Plaintiff has sustained injuries or losses as alleged in the

Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or

unrelated medical, genetic and/or environmental conditions, diseases or illnesses,

subsequent medical conditions or natural course of conditions for which this

Defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

84.     To the extent that Plaintiff's reactions to the subject product were

idiosyncratic reactions, Merck denies any liability.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

85.     To the extent that Plaintiff relies upon any theory of breach of

warranty, such claims are also barred for lack of timely notice of breach and/or

lack of privity and/or because the alleged warranties were disclaimed.

780461v.1

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

86.     To the extent Plaintiff has settled or will in the future settle with any

person or entity with respect to the injuries asserted in the Complaint, Merck's

liability, if any, should be reduced accordingly.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

87.     To the extent Plaintiff is seeking recovery for benefits entitled to be

received or actually received from any other source for injuries alleged in the

Complaint, such benefits are not recoverable in this action.

## AS FOR AN SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

88.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure

to allege the circumstances constituting fraud with particularity, as required by

Federal Rule of Civil Procedure 9(b).

## AS FOR A EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

89.     Plaintiff's claims are barred, in whole or in part, under the applicable

state law because VIOXX® was subject to and received pre-market approval by

the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A NINETEETH
## DEFENSE, MERCK ALLEGES:

90.     To the extent that Plaintiff asserts claims based upon an alleged

failure by Merck to warn Plaintiff directly of alleged dangers associated with the

780461v.1

use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

91.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

92.     To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

93.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

94.     Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

780461v.1

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

95.     Plaintiff's claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

96.     Plaintiff's claims are barred in whole or in part under comment j to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

97.     Plaintiff's claims are barred under Section 4, *et seq.*, of the

Restatement (Third) of Torts: Products Liability.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

98.     Plaintiff's claims are barred in whole or in part because VIOXX®

"provides net benefits for a class of patients" within the meaning of comment f to

Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

99.     Plaintiff has asserted a claim in its Complaint for punitive damages

in violation of Minn. Stat. § 549.191, and said claim should therefore be stricken.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

100.    This case is more appropriately brought in a different venue.

780461v.1

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

101.    This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that are included in the master answer to be filed with the Court or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

780461v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: July /5, 2005                     Respectfully submitted,

By: _Dorothy H. Wimberly_
Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: (504) 581-3200
Fax:  (504) 581-3361

Defendants' Liaison Counsel

Scott A. Smith (Reg. No. 174026)
Amanda M. Cialkowski (Reg. No. 306514)
Jan R. McLean Bernier (Reg. No. 0307853)
U.S. Bank Center South, Suite 600
220 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 338-1838
Fax: (612) 338-7858

Counsel for Defendant Merck & Co., Inc.

780461v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing ANSWER AND DEFENSES OF MERCK & CO., INC. TO PLAINTIFF'S COMPLAINT has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 15th day of July 2005.

780461v.1