

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA



| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This Document relates to: | * | JUDGE FALLON |
| *Danny Bell v. Merck & Co., Inc.* | * | |
| (E.D. La. Index No. 05-2110) | * | MAG. JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers the Complaint and submits its Jury Demand as follows:

### RESPONSE TO "PRELIMINARY STATEMENT"

1.  Merck denies each and every allegation contained in the first sentence of the preliminary statement.

2.  Merck denies each and every allegation contained in the second sentence of the introductory paragraph.

### RESPONSE TO "JURISDICTION"

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

3. The allegations in the first sentence of paragraph 3 of the Complaint are legal conclusions and contain indecipherable language as to which no responsive pleading is required. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 3, and denies each and every allegation directed toward Merck contained in paragraph 3 of the Complaint. In addition, Merck denies each and every allegation contained in the second sentence contained in paragraph 3 of the Complaint.

## RESPONSE TO "PARTIES"

4. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 4 of the Complaint.

5. Merck denies each and every allegation contained in paragraph 5 of the Complaint, except Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

## RESPONSE TO "STATEMENT OF CLAIM"

6. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the first sentence of paragraph 6 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 6

of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

7. Merck denies each and every allegation contained in paragraph 7 of the Complaint, except Merck admits that certain laws and regulations govern the prescription drug and approval process and respectfully refers the Court to the referenced laws for their actual language and full text.

8. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the first sentence of paragraph 8 of the Complaint, and denies each and every allegation directed toward Merck contained in the first sentence of paragraph 8 of the Complaint. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the second, third and fourth sentences of paragraph 8, and denies each and every allegation directed toward Merck contained in the second, third and fourth sentences of paragraph 8 of the Complaint.

9. The allegations contained in the first and second sentences of paragraph 9 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said sentences.

Merck denies each and every allegation contained in the third sentence of paragraph 9.

Merck denies each and every allegation contained in the fourth sentence of paragraph 9.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the fifth sentence of paragraph 9, and denies each and every allegation directed toward Merck contained in the fifth sentence of paragraph 9 of the Complaint.

The allegations contained in the sixth and seventh sentences of paragraph 9 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said sentences, and denies each and every allegation directed toward Merck contained in the sixth and seventh sentences of paragraph 9 of the Complaint.

The allegations contained in the eighth sentence of paragraph 9 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said sentence, and denies each and every allegation directed toward Merck contained in the eighth sentence of paragraph 9 of the Complaint.

Merck denies each and every allegation contained in the ninth sentence of paragraph 9 of the Complaint.

The allegations contained in the tenth and eleventh sentences are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said sentences, and denies each and every allegation directed toward Merck contained in the tenth and eleventh sentences of paragraph 9 of the Complaint.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the twelfth sentence of paragraph 9 of the Complaint, and

denies each and every allegation directed toward Merck contained in the twelfth sentence of paragraph 9 of the Complaint.

The allegations contained in the thirteenth sentence are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said sentence, and denies each and every allegation directed toward Merck contained in the thirteenth sentence of paragraph 9 of the Complaint.

Merck denies the allegation contained in the fourteenth sentence of paragraph 9 of the Complaint: "But since the manfuctor [sic] MERCK CO., pulling Vioxx off ket [sic] as being a defective medication causing the side effects plaintiff were experiencing." Merck admits that it manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the marked on September 30, 2004.

Merck denies each and every allegation contained in the fifteenth sentence of paragraph 9 of the Complaint.

Merck denies each and every allegation contained in the sixteenth sentence of paragraph 9 of the Complaint.

Merck denies the following allegation contained in the seventeenth sentence of paragraph 9 of the Complaint: "It were only after the drug were published on the TV as a dangerous drug that I were alerted, the drug were indeed the cause of my pains and sufferings." Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said sentence.

Merck denies each and every allegation contained the eighteenth sentence of paragraph 9.

## RESPONSE TO PUNITIVE DAMAGES ALLEGATIONS

10. Merck denies that plaintiff is entitled to any of the relief requested in the last sentence of the Complaint and its subparts, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Merck alleges as follows:

11. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

12. The Complaint fails to state a claim upon which relief can be granted.

13. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

14. If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

15. To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

16. To the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

17. If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or other conduct of the allegedly injured plaintiff.

18. Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

19. If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after plaintiff knowingly, voluntarily, and willfully assumed the risk of any losses or injury caused by any act, practice or omission alleged in the Complaint.

20. If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not

having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

21.     If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of VIOXX® that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to VIOXX® or on its original container or wrapping or otherwise provided and plaintiff knew, or with the exercise of reasonable and diligent care, should have known of such instructions or warnings.

22.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

23.     Plaintiff's claims are barred in whole or in part by the First Amendment.

24.     Plaintiff's claims are barred, in whole or in part, because plaintiff lack capacity and/or standing to bring such claims.

25.     Plaintiff's claims are barred, in whole or in part, because the designs, methods and techniques of manufacturing, inspecting, testing and labeling VIOXX® conformed with the state of the art at the time VIOXX® was first sold by Merck.

26.     To the extent that plaintiff seeks to amend their Complaint to assert punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such

an award would, if granted, violate Merck's constitutional rights under the United States and California Constitutions and are not permitted by California law.

27. To the extent that plaintiff seeks to amend their Complaint to assert punitive damages for an alleged act or omission of Merck, no such act or omission was of a nature to warrant punitive damages and, therefore, any award of punitive damages is barred.

28. To the extent that plaintiff seeks to amend their Complaint to assert punitive damages, such claim is barred because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

29. To the extent plaintiff seeks punitive damages, such claims are further barred because:

a. VIOXX® as manufactured and labeled in relevant and material respects was in accordance with the terms of an approval or license issued by the U.S. Food and Drug Administration under the Food, Drug and Cosmetic Act (21 United States Code § 301, et seq.) or the Public Health Service Act (42 United States Code § 201, et seq.);

b. VIOXX® is generally recognized as safe and effective pursuant to conditions established by the U.S. Food and Drug Administration and applicable regulations, including packaging and labeling regulations; and

c. Merck did not, either before or after making VIOXX® available for public use, knowingly, in violation of applicable U.S. Food and Drug Administration regulations, withhold from or misrepresent to the Administration information known to be material and relevant to the harm which the plaintiff allegedly suffered.

30. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

31. Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

32. Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

33. Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

34. This case is more appropriately brought in a different venue.

35. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

36. Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

37. Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

38.     All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency. Therefore, plaintiff's claims pertaining to unfair or deceptive practices are barred.

39.     With respect to each and every cause of action plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined under Restatement (Second) of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

40.     The conduct and activities of Merck with respect VIOXX® did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of VIOXX®.

41.     Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and California Constitutions.

42.     The public interest and benefit and the availability of such product which is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to plaintiff's claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

43. At all times relevant herein, any product which is the subject matter of the Complaint processed and distributed by Merck in the State of California or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

44. With respect to each and every purported cause of action in the Complaint, plaintiff is barred by lack of privity with Merck.

45. With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

46. To the extent there were any risks associated with the use of the product which is the subject matter of the Complaint which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

47. The injuries, damages and/or loss claimed by plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, and over whom Merck had no control. Any recovery by plaintiff should be apportioned in direct proportion to such fault in accordance with applicable law.

48. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularly to enable Merck to determine all of its legal, contractual and

equitable rights, Merck reserves the right to amend and/or supplement its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action. Merck will rely on all defenses that may become available during discovery at trial.

## MERCK'S JURY DEMAND

49.     Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a jury by trial.

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A.    Dismiss the Complaint with prejudice, the plaintiff taking nothing thereby;

B.    Award Merck its cost of suit and attorneys' fees, under any applicable statute; and

C.    Grant such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Michael K. Brown
Thomas J. Yoo
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Phone: 213-457-8000
Fax:    213-457-8080

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Answer to Plaintiff's Complaint And Request For Jury Trial has been served on Liaison Counsel, Russ Herman and Phillip Witmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on the 15 day of July, 2005.

*/s/ Dorothy H. Wimberly*