

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL No. 1657 |
|     PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *William and Martha Tice v. Merck & Co., Inc.*, No. 05-0480.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint and Amended Complaint as follows:

### RESPONSE TO COMPLAINT AND AMENDED COMPLAINT

1.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1 of the Complaint and the Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 1 of the Complaint and the Amended Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

2.    Denies each and every allegation contained in paragraph 2 of the Complaint and the Amended Complaint, except admits that Merck, a New Jersey corporation

with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by applicable state and/or federal law. Merck further avers that it manufactured, marketed, and distributed the prescription medicine VIOXX® until it voluntarily withdrew VIOXX® from the market on September 30, 2004.

3. Denies each and every allegation contained in paragraph 3 of the Complaint and the Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004, and that Merck is authorized to do business in Louisiana.

4. The allegations in paragraph 4 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint and the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5. The allegations in the first sentence of paragraph 5 in the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Merck denies each and every allegation contained in the second sentence of paragraph 5 of the Complaint and the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the third sentence of paragraph 5 of the Complaint and the Amended Complaint, except admits that Merck is authorized to do business in Louisiana.

6. The allegations in paragraph 6 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6

of the Complaint and the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO: "FACTUAL ALLEGATIONS"

7.  Denies each and every allegation contained in paragraph 7 of the Complaint and the Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004. Merck further avers that VIOXX® was approved by the United States Food and Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

8.  Denies each and every allegation contained in paragraph 8 of the Complaint and the Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

## RESPONSE TO "FIRST CAUSE OF ACTION (NEGLIGENCE)"

9.  With respect to the allegations contained in paragraph 9 of the Complaint and the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 8 of this Answer with the same force and effect as though set forth here in full.

10. The allegations in paragraph 10 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a

response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of VIOXX®, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

        11.    Denies each and every allegation contained in paragraph 11 of the Complaint and the Amended Complaint, including their subparts (a) through (d).

        12.    Denies each and every allegation contained in paragraph 12 of the Complaint and the Amended Complaint.

        13.    Denies each and every allegation contained in paragraph 13 of the Complaint and the Amended Complaint.

        14.    Denies each and every allegation contained in paragraph 14 of the Complaint and the Amended Complaint.

        15.    Denies each and every allegation contained in paragraph 15 of the Complaint and the Amended Complaint.

        16.    Denies each and every allegation contained in paragraph 16 of the Complaint and the Amended Complaint.

        17.    Denies each and every allegation contained in paragraph 17 of the Complaint and the Amended Complaint, except admits that Plaintiffs purport to seek actual and punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "SECOND CAUSE OF ACTION (LOUISIANA PRODUCTS LIABILITY ACT)"

        18.    With respect to the allegations contained in paragraph 18 of the Complaint and the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 17 of this Answer with the same force and effect as though set forth here in full.

19. The allegations of paragraph 19 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 19 of the Complaint and the Amended Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint and the Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

21. The allegations of paragraph 21 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 21 of the Complaint and the Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

22. The allegations of paragraph 22 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 22 of the Complaint and the Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

23. The allegations of paragraph 23 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 23

of the Complaint and the Amended Complaint, except admits that Merck marketed the prescription medication VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

24.   Denies each and every allegation contained in paragraph 24 of the Complaint and the Amended Complaint.

25.   Denies each and every allegation contained in paragraph 25 of the Complaint and the Amended Complaint, except admits that Plaintiffs purport to seek actual damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "THIRD CAUSE OF ACTION (BREACH OF EXPRESS WARRANTY)"

26.   With respect to the allegations contained in paragraph 26 of the Complaint and the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 25 of this Answer with the same force and effect as though set forth here in full.

27.   The allegations in paragraph 27 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 27 of the Complaint and the Amended Complaint.

28.   The allegations in paragraph 28 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 28 of the Complaint and the Amended Complaint, except admits that Merck manufactured,

marketed, and distributed the prescription medication VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

29. Denies each and every allegation contained in paragraph 29 of the Complaint and the Amended Complaint, except admits that Plaintiffs purport to seek actual damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "FOURTH CAUSE OF ACTION (BREACH OF IMPLIED WARRANTY)"

30. With respect to the allegations contained in paragraph 30 of the Complaint and the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31. The allegations in paragraph 31 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 31 of the Complaint and the Amended Complaint.

32. The allegations in paragraph 32 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 32 of the Complaint and the Amended Complaint.

33. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 33 of the Complaint and

the Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 33 of the Complaint and the Amended Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint and the Amended Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint and the Amended Complaint, except admits that Plaintiffs purport to seek actual damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "FIFTH CAUSE OF ACTION (NEGLIGENT MISREPRESENTATION/CONCELAMENT)"

36. With respect to the allegations contained in paragraph 36 of the Complaint and the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37. The allegations in paragraph 37 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 37 of the Complaint and the Amended Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

38. Denies each and every allegation contained in paragraph 38 of the Complaint and the Amended Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint and the Amended Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint and the Amended Complaint, except admits that Plaintiffs purport to seek actual and punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "SIXTH CAUSE OF ACTION (CIVIL CONSPIRACY)"

41. With respect to the allegations contained in paragraph 41 of the Complaint and the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 40 of this Answer with the same force and effect as though set forth here in full.

42. The allegations contained in paragraph 42 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 42 of the Complaint and the Amended Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint and the Amended Complaint, except admits that Plaintiffs purport to seek actual and punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "SEVENTH CAUSE OF ACTION (UNFAIR TRADE PRACTICES)"

44. With respect to the allegations contained in paragraph 44 of the Complaint and the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45. The allegations in paragraph 45 of the Complaint and the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a

response be deemed required, Merck denies each and every allegation contained in paragraph 45 of the Complaint and the Amended Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint and the Amended Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint and the Amended Complaint, except admits that Plaintiffs purport to seek treble damages and reasonable attorney's fees but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

48. The allegations contained in the unnumbered paragraph of the Complaint and the Amended Complaint under the heading "Demand for Jury Trial" are legal conclusions as to which no responsive pleading is required.

49. The allegations contained in the unnumbered "Wherefore" paragraph of the Complaint and the Amended Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph of the Complaint and the Amended Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

50. The Complaint and the Amended Complaint fail to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

51. The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

52. To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred. La. Rev. Stat. § 9:2800.51, *et seq.*

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

53. To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

54. The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

55. Each and every claim asserted or raised in the Complaint and the Amended Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

56. To the extent that Plaintiffs assert claims in the Complaint and the Amended Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

57. The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

58. The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

59. The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

60. The claims of the Plaintiffs are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

61. The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

62. The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

63. If Plaintiffs have sustained injuries or losses as alleged in the Complaint and the Amended Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

64. If Plaintiffs have sustained injuries or losses as alleged in the Complaint and the Amended Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

65. To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint and the Amended Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

66.  If Plaintiffs have sustained injuries or losses as alleged in the Complaint and the Amended Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

67.  If Plaintiffs have sustained injuries or losses as alleged in the Complaint and the Amended Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of VIOXX®.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

68.  The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

69.  To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

70.  Each and every claim asserted or raised in the Complaint and the Amended Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

71. Inasmuch as the Complaint and the Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights. Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

72. To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint and the Amended Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

73. To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

74. The demand for punitive damages by the Plaintiffs is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

75. To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiffs

have failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act. La. Rev. Stat. § 9:2800.59(A).

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

76. The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

77. To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

78. Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

79. Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

80. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

        **WHEREFORE**, defendant, Merck, prays for judgment as follows:

        1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint and the Amended Complaint with prejudice against Merck with costs assessed to Plaintiffs;

        2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

        3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: July 15, 2005

Respectfully submitted,

_____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
         Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
         Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 15th day of July, 2005.

_____