

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 15  PM 1: 06

LORETTA G. WHYTE
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE VIOXX PRODUCT LIABILITY LITIGATION** | * |
| | *     **Docket No. MDL 1657** |
| **This filing applies to:** | **Section L** |
| ***Shelia Collins Stallworth v.*** | * |
| ***Merck & Co., Inc., et al*** | |
| ***State of Louisiana, REP Case # 05-00860*** | *     **Judge Fallon** |
| | *     **Mag. Judge Knowles** |

*********************************************

## AFFIRMATIVE DEFENSES AND ANSWER

NOW INTO COURT, come defendants, **Allen Dickson, Inc. and Morris & Dickson Co. LLC.,** (hereinafter collectively referred to as "Dickson") in transferred matter ***Shelia Collins Stallworth, et al v. Merck & Co., Inc., et al, State of Louisiana, Civil District Court for the Parish of Orleans, Docket #05-118, Division J-13,* REP CA 05-00860**, who submit the following Answer and Affirmative Defenses to the Petition of Shelia Collins Stallworth, et al:

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Petition fails to state facts sufficient to constitute a claim upon which relief can be granted and further fails to entitle plaintiff to the relief sought, or to any other relief whatsoever from Dickson.

___ Fee___ _____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No. _____

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable prescriptive periods or statutes of limitations provided for such claims.

## THIRD DEFENSE

Dickson denies that the products distributed by it caused or contributed to the alleged injuries of plaintiff and further denies that it is liable to plaintiff for the claims alleged or for any other claims whatsoever.

## FOURTH DEFENSE

Plaintiff's claims are barred by the Louisiana Products Liability Act, LSA R.S. 9:2800.51, *et seq*, and Dickson hereby pleads all of the limitations and defenses set forth therein.

## FIFTH DEFENSE

Plaintiff assumed the risk of any injury or damage alleged in the Petition.

## SIXTH DEFENSE

Plaintiff failed to limit or mitigate his own losses.

## SEVENTH DEFENSE

Dickson asserts that any injury or damages alleged in the Petition, which injuries and/or damages at all times are denied, were caused solely by the acts, wrongs, or omissions of plaintiff; or by pre-existing conditions; or by other persons, entities or forces over whom Dickson had no control and for which Dickson is not responsible.

## EIGHTH DEFENSE

Any injury or damage sustained by plaintiff was caused by intervening or superseding events, factors, occurrences or conditions which were not caused by Dickson and for which Dickson is not liable.

## NINTH DEFENSE

In the event that Dickson is found to be at fault for the damages complained of herein, which is at all times specifically denied, then in that event, Dickson avers that any injury or damages alleged in the Petition were caused by the contributory and/or comparative negligence of plaintiffs, thereby barring Plaintiff's recovery, in whole or in part.

## TENTH DEFENSE

Dickson, while denying that any product distributed by it caused or contributed to any injury incurred by plaintiffs, asserts that plaintiff was warned or was otherwise made aware of the alleged dangers of the product, and further, any such alleged dangers were not beyond those which would have been contemplated by an ordinary consumer of the product. Plaintiff is thereby estopped from any recovery on the claims asserted.

## ELEVENTH DEFENSE

Dickson did not make any material representation of fact regarding the products it distributes which was not true, or if such representation was made, which Dickson specifically denies, then Dickson did not make such representation with the intent to either deceived or to induce plaintiff to act in justifiable reliance.

## TWELFTH DEFENSE

Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of Dickson, and did not act upon any statement, representation advice or conduct to their detriment.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because of plaintiff's lack of awareness of, or lack of reliance upon, the representations alleged.

## FOURTEENTH DEFENSE

Dickson asserts that as of the relevant times alleged in the Petition, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have know of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Petition; (2) the alleged danger of any such design characteristics.

## FIFTEENTH DEFENSE

Plaintiff's  claims are barred by the doctrine of laches, waiver, estoppel and/or statutory and regulatory compliance.

## SIXTEENTH DEFENSE

Dickson invokes each and every constitutional defense available to it under the Constitution of Louisiana and the Constitution of the United States.  This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on

compensatory and punitive damages.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff, or any state entity acting on behalf of plaintiffs, have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## EIGHTEENTH DEFENSE

Dickson is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by plaintiff, or any state entity acting on behalf of plaintiffs, with respect to the same alleged injuries. Dickson is also entitled to have any damages that may be awarded to plaintiff reduced by the value of any benefit or payment to plaintiff, or any state entity acting on behalf of plaintiff, from any collateral source.

## NINETEENTH DEFENSE

Where applicable, Plaintiff's claims are barred, in whole or in part, by executed releases and/or the doctrines of *res judicata* and estoppel.

## TWENTIETH DEFENSE

Dickson asserts that it has complied with all applicable state and federal laws relating to the distribution and/or sale of pharmaceuticals.

## TWENTY-FIRST DEFENSE

Dickson asserts that to the extent plaintiff asserts claims based on Dickson's adherence to and compliance with applicable federal laws, regulations and rules, such claims are

preempted by federal law under the Supremacy Clause of the United States.

## TWENTY-SECOND DEFENSE

Plaintiffs claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 21 U.S.C. §301.

## TWENTY-THIRD DEFENSE

To the extent plaintiff asserts claims based upon an alleged failure by Dickson to warn plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned-intermediary doctrine.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because the "directions or warning" as to the use of VIOXX® were adequate under the law.

## TWENTY-FIFTH DEFENSE

If plaintiff has sustained injuries or losses as alleged in the Petition, which is expressly denied, such injuries or losses resulted from plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Dickson is not responsible.

## TWENTY-SIX DEFENSE

If plaintiff has sustained injuries or losses as alleged in the Petition, which is expressly denied, such injuries or losses resulted from plaintiff's misuse or abuse of VIOXX®

thereby barring recovery.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred as plaintiff failed to read and/or head any warning that may have been provided.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was distributed in accordance with the state of the art at the time it was distributed, thereby barring any recovery by plaintiff.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because there existed no privity between plaintiff and Dickson.

### THIRTIETH DEFENSE

Plaintiff is not entitled to punitive damages under Louisiana Law.

### THIRTY-FIRST DEFENSE

Plaintiff is not entitled to recovery under the La. Unfair Trade Practices Act as plaintiff has failed to give notice to the La. Attorney General as required by the Act.

### THIRTY-SECOND DEFENSE

Plaintiff has failed to plead fraud with particularity as required by Louisiana Code of Civil Procedure article 856.

### THIRTY-THIRD DEFENSE

Plaintiff has failed to state a cause of action in redhibition against Dickson in that he failed to notify Dickson of any alleged defect in the product.

### THIRTY-FOURTH DEFENSE

Plaintiff has failed to state a cause of action in redhibition against Dickson in that Dickson owed no warranty to plaintiff for defects that were known to plaintiff or should have been discovered by a reasonably prudent buyer.

### THIRTY-FIFTH DEFENSE

Plaintiff has failed to state a cause of action in redhibition against Dickson in that no redhibitory defect exists in VIOXX®.

### THIRTY-SIXTH DEFENSE

Plaintiff has failed to state a cause of action in redhibition against Dickson in that the thing sold was fit for its ordinary use.

### THIRTY-SEVENTH DEFENSE

Plaintiff has failed to state a cause of action in redhibition against Dickson in that plaintiff failed to tender the product for repair or return of the purchase price.

### THIRTY-EIGHTH DEFENSE

Dickson adopts and incorporates by reference any affirmative defense asserted by the other defendants to this action, to the extent such affirmative defense applies to Dickson, and further reserves the right to assert any other defense that may become available or appear during the

discovery proceedings or otherwise in this case.

### THIRTY-NINTH DEFENSE

Dickson hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case, including defenses that may be available under the laws of any state other than Louisiana, should such state's laws apply to this case.

**AND NOW FOR ANSWER TO PLAINTIFF'S PETITION:**

### PRELIMINARY STATEMENT

Dickson states that it is answering Plaintiff's allegations on behalf of itself only, even when Plaintiff's allegations refer to alleged conduct by Dickson and other persons or entities. The Petition improperly and repeatedly refers to Dickson and the other defendant on a collective basis and fails to plead with the requisite particularity allegations against Dickson. To the extent that any specific allegations are made, or intended to be made against Dickson that are not specifically admitted herein, they are denied.

### RESPONSE TO PETITION

1.

Dickson denies the allegations set forth in Paragraph I of plaintiff's petition. There is no legal or factual basis for the relief sought, for class action treatment or for medical monitoring.

2.

Dickson denies the allegations set forth in Paragraph II of plaintiff's petition, including its subparts (a) through (e) and its subparts (A) through (G).  Dickson avers that certification of any class or subclass is not appropriate under Louisiana Code of Civil Procedure article 591 or Federal Rules of Civil Procedure Rule 23.

3.

Dickson denies the allegations set forth in Paragraph III of plaintiff's petition. Dickson avers that certification of any class or subclass is not appropriate under Louisiana Code of Civil Procedure article 591 or Federal Rules of Civil Procedure Rule 23.

4.

Dickson denies the allegations set forth in Paragraph IV of plaintiff's petition. Dickson avers that certification of any class or subclass is not appropriate under Louisiana Code of Civil Procedure article 591 or Federal Rules of Civil Procedure Rule 23.

5.

Dickson denies the allegations set forth in Paragraph V of plaintiff's petition for lack of sufficient information to justify a belief therein except to admit that Allen and Dickson is a Texas Corporation authorized to do business in the State of Louisiana and Morris & Dickson is a Louisiana Corporation authorized to do business in the State of Louisiana.

## VENUE & JURISDICTION

6.

The allegations of paragraph VI are denied.

7.

The allegations of paragraph VII are denied.

## RESPONSE TO "FACTS"

8.

The allegations in Paragraph VIII of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph VIII of plaintiff's petition for lack of sufficient information to justify a belief therein.

9.

Dickson denies the allegations set forth in Paragraph IX of plaintiff's petition as to the allegations directed towards Dickson.  Further, Dickson lacks the knowledge or information to justify a belief therein as to the allegations directed towards Merck and the other distributors.

10.

The allegations in Paragraph X of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph X of plaintiff's petition for lack of sufficient information to justify a belief therein.

11.

The allegations in Paragraph XI of plaintiff's petition are denied.

12.

The allegations in Paragraph XII of plaintiff's petition are denied.  Defendant respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

13.

The allegations in Paragraph XIII of plaintiff's petition are denied to the extent that they seek to impose liability of any nature upon Dickson.

14.

The allegations in Paragraph XIV of plaintiff's petition are denied to the extent that they seek to impose liability of any nature upon Dickson.

15.

The allegations in Paragraph XV of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, to the extent that they seek to impose liability of any nature upon Dickson, Dickson denies the allegations set forth in Paragraph XV of plaintiff's petition for lack of sufficient information to justify a belief therein.

16.

The allegations in Paragraph XVI of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed

necessary, Dickson denies the allegations set forth in Paragraph XVI of plaintiff's petition for lack of sufficient information to justify a belief therein.

17.

The allegations in Paragraph XVII of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XVII of plaintiff's petition for lack of sufficient information to justify a belief therein.

18.

The allegations in Paragraph XVIII of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XVIII of plaintiff's petition for lack of sufficient information to justify a belief therein.

19.

The allegations in Paragraph XIX of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XIX of plaintiff's petition in so far as it seeks to impose liability of any nature upon Dickson.

20.

The allegations in Paragraph XX of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed

necessary, Dickson denies the allegations set forth in Paragraph XX of plaintiff's petition for lack of sufficient information to justify a belief therein.

21.

The allegations in Paragraph XXI of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXI of plaintiff's petition for lack of sufficient information to justify a belief therein.

22.

The allegations in Paragraph XXII of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXII of plaintiff's petition for lack of sufficient information to justify a belief therein.

23.

The allegations in Paragraph XXIII of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXIII of plaintiff's petition for lack of sufficient information to justify a belief therein.

24.

The allegations in Paragraph XXIV of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants. Should an answer

be deemed necessary, Dickson denies the allegations set forth in Paragraph XXIV of plaintiff's petition for lack of sufficient information to justify a belief therein.

25.

The allegations in Paragraph XXV of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXV of plaintiff's petition for lack of sufficient information to justify a belief therein.

26.

The allegations in Paragraph XXVI of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXVI of plaintiff's petition for lack of sufficient information to justify a belief therein.

27.

The allegations in Paragraph XXVII of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXVII of plaintiff's petition for lack of sufficient information to justify a belief therein.

28.

The allegations in Paragraph XXVIII of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer

be deemed necessary, Dickson denies the allegations set forth in Paragraph XXVIII of plaintiff's petition for lack of sufficient information to justify a belief therein.

29.

The allegations in Paragraph XXIX of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXIX of plaintiff's petition for lack of sufficient information to justify a belief therein.

30.

The allegations in Paragraph XXX of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXX of plaintiff's petition for lack of sufficient information to justify a belief therein.

31.

The allegations in Paragraph XXXI of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXXI of plaintiff's petition for lack of sufficient information to justify a belief therein.

32.

The allegations in Paragraph XXXII of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer

be deemed necessary, Dickson denies the allegations set forth in Paragraph XXXII of plaintiff's petition for lack of sufficient information to justify a belief therein.

33.

The allegations in Paragraph XXXIII of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXXIII of plaintiff's petition for lack of sufficient information to justify a belief therein.

34.

The allegations in Paragraph XXXIV of plaintiff's petition do not contain any allegations against Dickson and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Dickson denies the allegations set forth in Paragraph XXXIV of plaintiff's petition for lack of sufficient information to justify a belief therein.

35.

The allegations in Paragraph XXXV of plaintiff's petition are denied.

36.

The allegations in Paragraph XXXVI of plaintiff's petition are denied to the extent that they seek to impose liability of any nature upon Dickson.

37.

The allegations in Paragraph XXXVII of plaintiff's petition are denied to the extent that they seek to impose liability of any nature upon Dickson.

## RESPONSE TO "FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFFS"

### 38.

The allegations in Paragraph XXXVIII of plaintiff's petition are denied for lack of sufficient information to justify a belief therein.

### 39.

The allegations in Paragraph XXXIX of plaintiff's petition are denied for lack of sufficient information to justify a belief therein.

### 40.

The allegations in Paragraph XL of plaintiff's petition are denied.

### 41.

The allegations in Paragraph XLI of plaintiff's petition are denied.

### 42.

The allegations in Paragraph XLII of plaintiff's petition are denied.  Defendant respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

## RESPONSE TO COUNT 1
### FIRST CAUSE OF ACTION: Negligence

### 43.

With respect to the allegations contained in paragraph XLIII of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

44.

The allegations of paragraph XLIV of plaintiff's petition are legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it.

45.

The allegations in Paragraph XLV of plaintiff's petition are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

46.

The allegations in Paragraph XLVI of plaintiff's petition are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein..

47.

The allegations in Paragraph XLVII of plaintiff's petition are legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies said allegations and further denies that it violated any laws applicable to it.

48.

The allegations in Paragraph XLVIII of plaintiff's petition are legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies said allegations and further denies that it violated any laws applicable to it.

49.

The allegations in Paragraph XLIX of plaintiff's petition are denied to the extent that they

seek to impose liability of any nature upon Dickson.  Dickson further alleges that the Food and Drug

Administration  approved VIOXX® as safe and effective for certain indicated uses subject to the

information contained in Food and Drug Administration-approved prescribing information.

50.

The allegations in Paragraph L of plaintiff's petition are denied.

51.

The allegations in Paragraph LI of plaintiff's petition are denied.

52.

The allegations in Paragraph LII of plaintiff's petition are denied.

53.

The allegations in Paragraph LIII of plaintiff's petition are denied.

**RESPONSE TO COUNT II**
**SECOND CAUSE OF ACTION: Negligence Per Se**

54.

With respect to the allegations contained in paragraph LIV of the Petition, Dickson repeats

and realleges each and every denial, averment and statement contained in this Answer with the same

force and effect as though set forth here in full.

55.

The allegations in Paragraph LV of plaintiff's petition are legal conclusions to which no

answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it.

56.

The allegations in Paragraph LVI of plaintiff's petition are legal conclusions to which no answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it.

57.

The allegations in Paragraph LVII of plaintiff's petition are legal conclusions to which no answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it.

58.

The allegations in Paragraph LVIII of plaintiff's petition are denied.

59.

The allegations in Paragraph LIX of plaintiff's petition are legal conclusions to which no answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it and further alleges that plaintiff has failed to state a cause of action against this defendant.

60.

The allegations in Paragraph LX of plaintiff's petition are denied.

**RESPONSE TO COUNT III**
**THIRD CAUSE OF ACTION: Strict Product Liability**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson for Strict Product Liability.**

61.

With respect to the allegations contained in paragraph LXI of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

62.

The allegations in Paragraph LXII of plaintiff's petition contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it and further denies that it is a manufacturer under the Louisiana Products Liability Act.

63.

The allegations in Paragraph LXIII of plaintiff's petition contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it and further denies the allegations for lack of sufficient information to justify a belief therein.

64.

The allegations in Paragraph LIV of plaintiff's petition contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it and further denies the allegations for lack of sufficient information to justify

a belief therein.

65.

The allegations in Paragraph LXV of plaintiff's petition contain legal conclusions to which no answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it  and further denies the allegations for lack of sufficient information to justify a belief therein.

66.

The allegations in Paragraph LXVI of plaintiff's petition contain legal conclusions to which no answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it  and further denies the allegations directed at other defendants for lack of sufficient information to justify a belief therein.

67.

The allegations in Paragraph LXVII of plaintiff's petition are denied to the extent that they are directed towards Dickson.  To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

68.

The allegations in Paragraph LXVIII of plaintiff's petition contain legal conclusions to which no answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it  and further denies the allegations for lack of sufficient information to justify a belief therein.

69.

The allegations in Paragraph LXIX of plaintiff's petition contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it; denies that it is a manufacturer of VIOXX®;  and further denies the allegations.

70.

The allegations in Paragraph LXX are denied.

71.

The allegations in Paragraph LXXI are denied. Defendant respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

## RESPONSE TO COUNT IV
### FOURTH CAUSE OF ACTION: Strict Product Liability - Restatement Second of Torts 402a (1965)

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson for Strict Product Liability - Restatement Second of Torts 402a(1965)**

72.

With respect to the allegations contained in paragraph LXXII of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

73.

The allegations in Paragraph LXXIII of plaintiff's petition contain legal conclusions to which

no answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it; denies that it is a manufacturer of VIOXX®;  and further denies the allegations for lack of sufficient information to justify a belief therein.

74.

The allegations in Paragraph LXXIV of plaintiff's petition contain legal conclusions to which no answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it; denies that it is a manufacturer of VIOXX®;  and further denies the allegations for lack of sufficient information to justify a belief therein.

75.

The allegations in Paragraph LXXV of plaintiff's petition are denied for lack of sufficient information to justify a belief therein.

76.

The allegations in Paragraph LXXVI of plaintiff's petition are denied.

77.

The allegations in Paragraph LXXVII of plaintiff's petition are denied.

78.

The allegations in Paragraph LXXVIII of plaintiff's petition contain legal conclusions to which no answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it; denies that it is a manufacturer of VIOXX®;   and further denies the remainder of the allegations for lack of sufficient information to justify a belief therein.

79.

The allegations in Paragraph LXXIX of plaintiff's petition are denied.

## RESPONSE TO COUNT V
## FIFTH CAUSE OF ACTION - Breach of Express Warranty

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson for Breach of Express Warranty**

80.

With respect to the allegations contained in paragraph LXXX of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

81.

The allegations in Paragraph LXXXI of plaintiff's petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

82.

The allegations in Paragraph LXXXII of plaintiff's petition are denied.

83.

The allegations in Paragraph LXXXIII of plaintiff's petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

84.

The allegations in Paragraph LXXXIV of plaintiff's petition are denied.

85.

The allegations in Paragraph LXXXV of plaintiff's petition are denied.

86.

The allegations in Paragraph LXXXVI of plaintiff's petition are denied.

**RESPONSE TO COUNT VI:**
**SIXTH CAUSE OF ACTION - Breach of Implied Warranty**

87.

With respect to the allegations contained in paragraph LXXXVII of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

88.

The allegations in Paragraph LXXXVIII of plaintiff's petition contain legal conclusions to which no answer is required.  Should a response be deemed required, Dickson denies that it violated any laws applicable to it and further denies the remainder of the allegations.

89.

The allegations in Paragraph LXXXIX of plaintiff's petition are denied for lack of sufficient information to justify a belief therein.

90.

The allegations in Paragraph XC of plaintiff's petition contain legal conclusions to which no answer is required. Should a response be deemed required, Dickson denies that it violated any laws applicable to it and further denies the remainder of the allegations.

91.

The allegations in Paragraph XCI of plaintiff's petition are denied.

**RESPONSE TO COUNT VII:**
**SEVENTH CAUSE OF ACTION - Violation of N.J. Consumer Fraud Act and**
**Louisiana Unfair Trade Practices and Consumer Protection Act**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson Violation of N. J. Consumer Fraud Act and Louisiana Unfair Trade Practices and Consumer Protection Act.**

92.

With respect to the allegations contained in paragraph XCII of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

93.

The allegations in Paragraph XCIII of this Petition do not require an answer from this defendant. Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

94.

The allegations in Paragraph XCIV of this Petition contain legal conclusions to which no answer is required.  Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

95.

The allegations in Paragraph XCV are denied except to admit that Dickson is a wholesale distributor of pharmaceutical products including VIOXX®.    To the extent that the allegations are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

96.

The allegations in Paragraph XCVI of this Petition contain legal conclusions to which no answer is required.  Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

97.

The allegations in Paragraph XCVII are denied to the extent that they are directed towards Dickson.  To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

98.

The allegations in Paragraph XCVIII are denied to the extent that they are directed towards Dickson.  To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

99.

The allegations in Paragraph XCIX are denied to the extent that they are directed towards Dickson.  To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

100.

The allegations in the Paragraph C contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws.

101.

The allegations in Paragraph CI are denied to the extent that they are directed towards Dickson.  To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

102.

The allegations in Paragraph XCII are denied to the extent that they are directed towards Dickson.  To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

103.

The allegations in Paragraph XCIII are denied.

104.

The allegations in Paragraph CIV are denied to the extent that they are directed towards Dickson.  To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

105.

The allegations in Paragraph CV contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies it is a manufacturer and therefor had no duty to warn as a manufacturer and further denies that it violated any applicable laws.

106.

The allegations in Paragraph CVI contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws.

107.

The allegations in Paragraph CVII are denied to the extent that they are directed towards Dickson.  To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

108.

The allegations in Paragraph CVIII are denied to the extent that they are directed towards Dickson.  To the extent they are not directed at Dickson, Dickson denies the allegations for lack of

sufficient to justify a belief therein.

109.

The allegations in Paragraph CIX are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

110.

The allegations in Paragraph CX contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws.

111.

The allegations in Paragraph CXI contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws.

112.

The allegations in Paragraph CXII contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

113.

The allegations in Paragraph CXIII contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

114.

The allegations in Paragraph CXIV contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

115.

The allegations in Paragraph CXV are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

116.

The allegations in Paragraph CXVI are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

117.

The allegations in Paragraph CXVI are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

118.

The allegations in Paragraph CXVIII are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

119.

The allegations in Paragraph CXIX contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

120.

The allegations in Paragraph CXX contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

121.

The allegations in Paragraph CXXI contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws, and respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

122.

Dickson denies that plaintiff is entitled to the relief sought in Paragraph CXXII.

123.

The allegations in Paragraph CXXIII contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies that it violated any applicable laws and specifically denies that plaintiff is entitled to punitive damages.

124.

The allegations in Paragraph CXXIV are denied.

**RESPONSE TO COUNT VIII:**
**EIGTH CAUSE OF ACTION - Medical Monitoring**

125.

With respect to the allegations contained in paragraph CXXV of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

126.

The allegations of Paragraph CXXVI are denied.

127.

The allegations of Paragraph CXXVII are denied.

128.

The allegations of Paragraph CXXVIII are denied.

129.

The allegations of Paragraph CXXIX are denied.

130.

The allegations of Paragraph CXXX are denied.

131.

The allegations of Paragraph CXXXI are denied.

132.

The allegations of Paragraph CXXXII are denied.

133.

The allegations of Paragraph CXXXIII are denied for lack of sufficient information to justify a belief therein.

134.

The allegations of Paragraph CXXXIV are denied.

135.

The allegations of Paragraph CXXXV are denied.

136.

The allegations of Paragraph CXXXVI are denied.

137.

The allegations of Paragraph CXXXVII are denied.

**RESPONSE TO COUNT IX:**
**NINTH CAUSE OF ACTION - Unjust Enrichment**

138.

With respect to the allegations contained in paragraph CXXXVIII of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

139.

The allegations of Paragraph CXXXIX are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

140.

The allegations of Paragraph CXL are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

## RESPONSE TO COUNT X:
## TENTH CAUSE OF ACTION - Redhibition

141.

With respect to the allegations contained in paragraph CXLI of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

142.

The allegations of Paragraph CXLII are denied.

143.

The allegations of Paragraph CXLIII are denied.

144.

The allegations of Paragraph CXLIV are denied.

145.

The allegations of Paragraph CXLV are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

146.

The allegations of Paragraph CXLVI are denied.

147.

The allegations of Paragraph CXLVII contain legal conclusions which no answer is required. Should an answer be deemed required by Dickson, the allegations are denied.

148.

The allegations of Paragraph CXLVIII contain legal conclusions to which no answer is required.  Should an answer be deemed required by Dickson, the allegations are denied.

## RESPONSE TO COUNT X -
### Products Liability - Defective Design (N.J.S.A. 2A:58C-2, *et seq*)

149.

With respect to the allegations contained in paragraph CXLIX of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full. Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

150.

The allegations of Paragraph CL are denied to the extent that they are directed towards Dickson.  To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

151.

The allegations in Paragraph CLI contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies the allegations.

152.

The allegations in Paragraph CLII contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies the allegations.

153.

The allegations in the first and third sentences of Paragraph CLIII are denied for lack of sufficient information to justify a belief therein. The allegations of the second sentence of Paragraph CLIII contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies the allegations. The remainder of the allegations of Paragraph CLIII are denied.

154.

The allegations in Paragraph CLIV do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are denied.

155.

The allegations in Paragraph CLV are directed solely at Merck and therefore do not require an answer of this defendant.

156.

The allegations in Paragraph CLVI are denied.

## RESPONSE TO COUNT XI -
__Products Liability - Failure to Warn (N.J.S.A. 2A:58C-2, *et seq*)__

157.

With respect to the allegations contained in paragraph CLVII of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full. Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

158.

The allegations in Paragraph CLVIII are directed solely at Merck and therefore do not require an answer of this defendant.

159.

The allegations in Paragraph CLIX do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

160.

The allegations in Paragraph CLX are directed solely at Merck and therefore do not require an answer of this defendant.

161.

The allegations in Paragraph CLXI are directed solely at Merck and therefore do not require an answer of this defendant.

162.

The allegations in Paragraph CLXII are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

163.

The allegations in Paragraph CLXIII are directed solely at Merck and do not require an answer of this defendant.

## RESPONSE TO COUNT XII -
## New Jersey Consumer Fraud Act (N.J.S.A. 56:8-2, *et seq*)

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Dickson for Violation of the N. J. Consumer Fraud Act**

164.

With respect to the allegations contained in paragraph CLXIV of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full. Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

165.

The allegations in Paragraph CLXV contain legal conclusions to which no answer is required. Should an answer be deemed required, Dickson denies the allegations.

166.

The allegations in Paragraph CLXVI are directed solely at Merck and therefore do not require an answer of this defendant.

167.

The allegations in Paragraph CLXVII are directed solely at Merck and therefore do not require an answer of this defendant.

168.

The allegations in Paragraph CLXVIII are directed solely at Merck and therefore do not require an answer of this defendant.

169.

The allegations in Paragraph CLXIX are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

170.

The allegations in Paragraph CLXX are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

171.

The allegations in Paragraph CLXXI are denied for lack of sufficient information to justify a belief therein.

172.

The allegations in Paragraph CLXXII are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein. Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

173.

The allegations in Paragraph CLXXIII are directed solely at Merck and therefore do not require an answer of this defendant.

174.

The allegations in Paragraph CLXXIV are directed solely at Merck and therefore do not require an answer of this defendant.

175.

The allegations in Paragraph CLXXV are denied to the extent that they are directed towards Dickson. To the extent they are not directed at Dickson, Dickson denies the allegations for lack of sufficient to justify a belief therein.

176.

The allegations in Paragraph CLXXVI are directed solely at Merck and therefore do not require an answer of this defendant.

177.

The allegations in Paragraph CLXXVII are directed solely at Merck and therefore do not

require an answer of this defendant.

178.

The allegations in Paragraph CLXXVIII contain legal conclusions and thus do not require an answer from this defendant.  Should an answer be deemed necessary, the allegations are denied.  Dickson further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

179.

The allegations in Paragraph CLXXIX are directed solely at Merck and therefore do not require an answer of this defendant.

180.

The allegations in Paragraph CLXXX are directed solely at Merck and therefore do not require an answer of this defendant.

## RESPONSE TO COUNT XIII -
### Breach of Express Warranty

181.

With respect to the allegations contained in paragraph CLXXXI of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

182.

The allegations in Paragraph CLXXXII are directed solely at Merck and therefore do not require an answer of this defendant.

183.

The allegations in Paragraph CLXXXIII are directed solely at Merck and therefore do not require an answer of this defendant.

184.

The allegations in Paragraph CLXXXIV are denied.

185.

The allegations not directed toward Dickson in Paragraph CLXXXV are denied for lack of sufficient information to justify a belief therein.  The remainder of the allegations are denied.

186.

The allegations in Paragraph CLXXXVI are directed solely at Merck and therefore do not require an answer of this defendant.

187.

The allegations in Paragraph CLXXXVII do not require an answer from this defendant. Should an answer be deemed necessary, the allegations are denied.  Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

188.

The allegations in Paragraph CLXXXVIII do not require an answer from this defendant. Should an answer be deemed necessary, the allegations are denied.  Defendant further alleges that New Jersey Law should not be applied to it pursuant to conflict of law rules.

189.

The allegations in Paragraph CLXXXIX are denied.

## RESPONSE TO COUNT XIV -
### Loss of Consortium

190.

With respect to the allegations contained in paragraph CLIX of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

191.

The allegations of Paragraph CLIXI are denied for lack of sufficient information to justify a belief therein.

192.

The allegations of Paragraph CLIXII are denied.

193.

The allegations of Paragraph CLIXIII are denied.

## RESPONSE TO
## ADDITIONAL ALLEGATIONS RE: LOUISIANA DISTRIBUTORS

194.

With respect to the allegations contained in paragraph CLIXIV of the Petition, Dickson repeats and realleges each and every denial, averment and statement contained in this Answer with

the same force and effect as though set forth here in full.

195.

The allegations of Paragraph CLIXV directed toward Dickson are denied.

196.

The allegations of Paragraph CLIXVI directed toward Dickson are denied.

197.

The allegations of Paragraph CLIXVII directed toward Dickson are denied.

198.

The allegations of Paragraph CLIXVIII directed toward Dickson are denied.

199.

The allegations of Paragraph CLIXIX directed toward Dickson are denied.

200.

The allegations of Paragraph CC directed toward Dickson are denied.

## **Response to Relief Requested**

The paragraph labeled "Relief Requested" including subparts A-G, does not contain any allegations, and therefore no response is required. Should a response be deemed necessary, Dickson admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

201.

Defendant requests a trial by jury.

Respectfully submitted,

Thomas P.  Anzelmo (Bar Roll #2533)
Catherine M.  "Shelly" Williams (Bar Roll #24706)
McCranie, Sistrunk, Anzelmo,
          Hardy, Maxwell & McDaniel, PC
3445 N.  Causeway Blvd.
Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
Counsel for Morris & Dickson Co & Allen Dickson Co.
tanzelmo@mcsalaw.com
cwilliams@mcsalaw.com

## CERTIFICATE OF SERVICE

I, Catherine M.  Williams, certify that I served copies of the foregoing Answer, Affirmative

Defenses and Request for Jury Trial on all parties by electronically uploading same to LexixNexis

File an Serve in accordance with Pre Trial Orde No. 8, this 16th day of July, 2005.

Catherine M.  Williams (Bar Roll No.  24706)