

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 15  PM 3:03

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX®** | * | MDL NO 1657 |
| **PRODUCTS LIABILITY LITIGATION** | * | |
| | * | SECTION: L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| This document relates to: *Annette Gordon* | * | MAGISTRATE JUDGE |
| *v. Merck & Co., Inc.,* (E.D. La. Index No. | * | DANIEL E. KNOWLES, III |
| 05-1234) | * | |
| | * | |

* * * * * * * * * * * * ** * * * * * * * * * *

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers Plaintiff's

Complaint ("Complaint") and each and every count thereof, separately and severally, as follows:

### FIRST DEFENSE

Merck responds to the paragraphs of the Complaint as follows:

1.     The allegations contained in paragraph 1 of the Complaint are legal conclusions

as to which no response is required.  Should a response be deemed required, Merck denies each

and every allegation of said paragraph except admits that diversity jurisdiction is proper in the

Northern District of Alabama and that Plaintiff purports to seek damages as stated therein but

denies that there is any legal or factual basis for such relief.

____ Fee____ _____
____ Process_____
_X_ Dktd_____
____ CtRmDep_____
____ Doc. No._____

780526v.1

2.      Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and inflammation.  Merck further admits that Plaintiff is asserting claims for personal injury (a heart attack) but denies that there is any legal or factual basis for such claims.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey and that Merck is authorized to do business in Alabama.  Merck further admits that it manufactured, marketed, and distributed VIOXX®.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint.

### RESPONSE TO "BACKGROUND FACTUAL ALLEGATIONS"

5.      Denies each and every allegation contained in paragraph 5 of the Complaint except admits that VIOXX® is the brand name for rofecoxib and that VIOXX® reduces pain and inflammation.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDS and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

7.      Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX®.

2

8.     Admits that it submitted documents to the FDA in accordance with applicable statutes and regulations.

9.     Denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck marketed the prescription medicine VIOXX®.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Merck has not verified the accuracy of the material/language quoted in paragraph 17 of the Complaint.  To the extent that Plaintiff bases some allegation(s) on the quoted material, Merck denies each and every such allegation.

18.     Merck has not verified the accuracy of the material/language quoted in paragraph 18 of the Complaint.  To the extent that Plaintiff bases some allegation(s) on the quoted material, Merck denies each and every such allegation.

19.     Merck has not verified the accuracy of the material/language quoted in paragraph 19 of the Complaint.  To the extent that Plaintiff bases some allegation(s) on the quoted material, Merck denies each and every such allegation.

20.     Merck has not verified the accuracy of the material/language quoted in paragraph 20 of the Complaint.  To the extent that Plaintiff bases some allegation(s) on the quoted material, Merck denies each and every such allegation.

780526v.1

21.     Merck has not verified the accuracy of the material/language quoted in paragraph 21 of the Complaint.  To the extent that Plaintiff bases some allegation(s) on the quoted material, Merck denies each and every such allegation.

22.     Merck has not verified the accuracy of the material/language quoted in paragraph 22 of the Complaint.  To the extent that Plaintiff bases some allegation(s) on the quoted material, Merck denies each and every such allegation.

23.     Merck has not verified the accuracy of the material/language quoted in paragraph 23 of the Complaint.  To the extent that Plaintiff bases some allegation(s) on the quoted material, Merck denies each and every such allegation.

24.     Merck has not verified the accuracy of the material/language quoted in paragraph 24 of the Complaint.  To the extent that Plaintiff bases some allegation(s) on the quoted material, Merck denies each and every such allegation.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

4

## RESPONSE TO COUNT I
## "FIRST CAUSE OF ACTION (NEGLIGENCE)"

27.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 26 of this Answer with the same force and effect as though set forth here in full.

28.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint except Merck admits that Plaintiff purports to seek recovery for personal injuries, past and future medical expenses, past and future physical pain and mental anguish and permanent physical impairment and disability but denies that there is any legal or factual basis for such relief.

## RESPONSE TO COUNT II
## "SECOND CAUSE OF ACTION (STRICT LIABILITY)"

32.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

5

34.     The allegations contained in paragraph 34 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation of said paragraph.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

## RESPONSE TO COUNT III
## "THIRD CAUSE OF ACTION (BREACH OF IMPLIED WARRANTY"

39.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation of said paragraph and avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for VIOXX®'s indicated uses and for its full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

780526v.1

### RESPONSE TO COUNT IV
### "FOURTH CAUSE OF ACTION (BREACH OF EXPRESS WARRANTY)"

43.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44.     The allegations contained in paragraph 44 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation of said paragraph.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

### RESPONSE TO COUNT V
### "FIFTH CAUSE OF ACTION (FRAUD AND MISREPRESENTATION)"

47.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 46 of this Answer with the same force and effect as though set forth here in full.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint except admits that Merck received a letter from a regulatory office in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

7

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

### RESPONSE TO COUNT VI
### "SIXTH CAUSE OF ACTION (EXEMPLARY DAMAGES)"

58.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1-57 of this Answer with the same force and effect as though set forth here in full.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

### SECOND DEFENSE

62.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### THIRD DEFENSE

63.     The Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

64.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

### FIFTH DEFENSE

65.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

8

## SIXTH DEFENSE

66.     To the extent that Plaintiff assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SEVENTH DEFENSE

67.     To the extent that Plaintiff assert claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## EIGHTH DEFENSE

68.     If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiff.

## NINTH DEFENSE

69.     If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH DEFENSE

70.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

780526v.1

### ELEVENTH DEFENSE

71.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

### TWELFTH DEFENSE

72.     If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses.

### THIRTEENTH DEFENSE

73.     Plaintiff's claims are barred in whole or in part because VIOXX® is a prescription medication which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) of Torts.

### FOURTEENTH DEFENSE

74.     Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### FIFTEENTH DEFENSE

75.     Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of VIOXX® and any other Merck drug or pharmaceutical medication Plaintiff allegedly took within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

780526v.1

### SIXTEENTH DEFENSE

76.     Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Product Liability.

### SEVENTEENTH DEFENSE

77.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are barred for lack of timely notice of breach, lack of privity, and because the alleged warranties were disclaimed.

### EIGHTEENTH DEFENSE

78.     To the extent that Plaintiff relies upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the specificity required by Rule 9 of the Federal Rules of Civil Procedure.

### NINETEENTH DEFENSE

79.     Merck denies that it suppressed or misrepresented any material fact to or from Plaintiff.

### TWENTIETH DEFENSE

80.     Merck denies that Plaintiff reasonably or justifiably relied to their detriment on any alleged representation or other conduct by Merck.

### TWENTY-FIRST DEFENSE

81.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

780526v.1

### TWENTY-SECOND DEFENSE

82.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### TWENTY-THIRD DEFENSE

83.     Merck and its agents lacked the requisite scienter and did not consciously or deliberately engage in or perpetuate any fraud with respect to Plaintiff.

### TWENTY-FOURTH DEFENSE

84.     Plaintiff's demand for punitive damages is barred because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

### TWENTY-FIFTH DEFENSE

85.     To the extent that Plaintiff seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### TWENTY-SIXTH DEFENSE

86.     Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 22, and 35 of the Constitution of Alabama of 1901, and is

780526v.1

improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

a) There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Merck has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

b) The procedures to be followed would permit an award of punitive damages against Merck upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

c) The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

d) There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Merck under present Alabama law;

e) The standards of conduct upon which punitive damages are sought against Merck are vague and ambiguous;

f) The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

g) The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on its notions of what the law should be instead of what it is;

13

h)   The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

i)   Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

j)   Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Merck;

k)   Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

l)   Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

m)   Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

n)   Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

o)   An award of punitive damages would compensate plaintiff for elements of damage not otherwise recognized by Alabama law;

p)   An award of punitive damages would constitute deprivation of property without due process of the law.

780526v.1

### TWENTY-SEVENTH DEFENSE

87.     Merck claims its entitlement to the benefits and protection of § 6-11-22, 6-11-23, 6-11-24, and 6-11-28 of the Alabama Code.

### TWENTY-EIGHTH DEFENSE

88.     Merck avers that the law of the State of Alabama, by allowing the jury to assess punitive damages without establishing  guidelines and/or standards for the exercise of the jury's discretion, allows the jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and, therefore, violates the constitutional principle of separation of powers with respect to the Constitution of the United States of America and the Constitution of the State of Alabama, Article III, Sections 42 and 43.

### TWENTY-NINTH DEFENSE

89.     The imposition of punitive damages in this case would be in denial of Merck's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6 and 22 of the Alabama Constitution. Specifically, defendants subject to punitive damages are treated differently from criminal defendants which are charged for similar or identical alleged culpability.  Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

### THIRTIETH DEFENSE

90.     The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, Section 8 of the United States Constitution to the extent that such award would punish acts or omissions that have allegedly occurred solely outside of state boundaries.

780526v.1

## THIRTY-FIRST DEFENSE

91.     The imposition of punitive damages in this case would violate Merck's rights under Article 1, Section 22 of the Alabama Constitution to the extent that it would impair the contractual obligations of parties to this litigation.

## THIRTY-SECOND DEFENSE

92.     An award of punitive damages in this case, if any, may not exceed $250,000.00. Ala. Code § 6-11-21 (Supp. 1987); *see Oliver v. Towns*, 738 So. 2d 798, 804 n. 7 (Ala. 1999)("[W]e question whether *Henderson* [*v. Ala. Power Co.*, 672 So. 2d 878 (Ala. 1993)] remains good law.")(citing *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Henderson*, 627 So. 2d at 894, 900-01 (Maddox, J., concurring in part; dissenting in part); *Henderson*, 627 So. 2d 903 (Houston, J., dissenting); and *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 20 n. 9 (1991)).  In declaring § 6-11-21 unconstitutional in *Henderson*, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clauses of the United States Constitution and the Alabama Constitution.  Accordingly, the Court's action in *Henderson* was without effect, and Alabama Code § 6-11-21 applies in this case.

## THIRTY-THIRD DEFENSE

93.     To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against Merck, such awards would contravene Merck's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution.  In addition, such awards would infringe upon Merck's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

780526v.1

### THIRTY-FOURTH DEFENSE

94.     The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ I and 6 of the Alabama Constitution.

### THIRTY-FIFTH DEFENSE

95.     The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on said defendants' exercise of the right to a judicial resolution of this dispute.

### THIRTY-SIXTH DEFENSE

96.     The procedures for assessing and awarding punitive damages as legislatively created and judicially interpreted and modified violate Article I, Section 35 of the Alabama Constitution.

### THIRTY-SEVENTH DEFENSE

97.     Merck avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

780526v.1

## THIRTY-EIGHTH DEFENSE

98.     Merck avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## THIRTY-NINTH DEFENSE

99.     Punitive damages are a form of criminal or quasi-criminal sanctions.  Therefore, Plaintiff's claims for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Merck's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution.  These rights will be violated unless Merck is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Merck for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## FORTIETH DEFENSE

100.    The Plaintiff cannot recover punitive damages against Merck because such an award, which is penal in nature, would violate Merck's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States, unless Merck is afforded the same procedural safeguards as are criminal defendants, including, but not

18

limited to, the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents.

## FORTY-FIRST DEFENSE

101.    The claims of Plaintiff for punitive damages violate Article 1, Section 35 of the Alabama Constitution which grants the legislature the power to determine the extent of punishment applicable to a particular wrong or class of wrong.

## FORTY-SECOND DEFENSE

102.    The claims of Plaintiff for punitive damages against Merck cannot be sustained because any such award of punitive damages under the Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and the Alabama constitutional provisions providing for due process.

## FORTY-THIRD DEFENSE

103.    The economic penalties of the State of Alabama inflicted in the form of punitive damages are not adequately supported by the state's interest in protecting its consumers and its economy and, therefore, the process deprives Merck of property without due process of law in contravention of the rights secured to it by the Fourteenth Amendment to the Constitution of the United States of America.

## FORTY-FOURTH DEFENSE

104.    The process by which Alabama courts allow juries to award punitive damages violates the elementary notions of fairness dictated by United States constitutional law in that it does not provide Merck with fair notice of what conduct will subject Merck to punishment nor the severity of the penalty that the state may impose; therefore, Merck is deprived of its property

19

without due process of law in contravention of the rights secured to Merck by the Fourteenth Amendment to the Constitution of the United States of America.

### FORTY-FIFTH DEFENSE

105.   The procedures by which punitive damages are awarded in the State of Alabama deprive Merck of its property without due process of law in contravention of the rights secured to Merck by the Fourteenth Amendment to the Constitution of the United States of America in that the procedure does not insure that the punitive damages awarded are reasonably related to the degree of reprehensibility of Merck's alleged conduct.

### FORTY-SIXTH DEFENSE

106.   The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violates the due process rights secured to Merck by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive Merck of its property without due process of law by failing to provide the jury with adequate standards or guidelines by which to render such an award.

### FORTY-SEVENTH DEFENSE

107.   The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violate the due process rights secured to Merck by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive Merck of its property without due process of laws by allowing the jury unbridled discretion to determine the amount of the award and thereby rendering such an award in an arbitrary and capricious manner.

### FORTY-EIGHTH DEFENSE

108.   The procedures by which damages for mental anguish are awarded by juries in the State of Alabama violate constitutional rights secured to Merck under the United States

20

Constitution and the Constitution of the State of Alabama by depriving Merck of its property without due process of law because no reasonable standard or guideline is given to the jury to insure that the award is reasonable and further there is no meaningful standard for judicial review or judicial review of the award post verdict to insure that the award does not exceed constitutional limitations.

### FORTY-NINTH DEFENSE

109.    The procedures by which damages for mental anguish are awarded by juries in Alabama violate constitutional rights secured to Merck by the United States Constitution and the Constitution of the State of Alabama by depriving Merck of its property without due process of law in that no reasonable criteria, guidelines, or standard is provided to the jury in order that the jury may determine from the evidence what quality or quantity of evidence is necessary to justify an award of damages for mental anguish.

### FIFTIETH DEFENSE

110.    The procedures by which damages for mental anguish are awarded by Alabama juries deprive Merck of constitutional rights secured to it by the Constitution of the United States of America and the State of Alabama in that the same deprive Merck of its property without due process of law by not providing an objective standard by which the jury may measure an award or an objective standard by which the judge may review the jury's award to determine if it is reasonable, just and proper.

### FIFTY-FIRST DEFENSE

111.    The procedures by which damages for mental anguish are awarded by Alabama juries deprive Merck of constitutional rights secured to it by the Constitution of the United States of America and the State of Alabama in that the same deprive Merck of its property without due

process of law by allowing juries to return awards of compensatory damages for mental anguish which are speculative, based on conjecture, and without substantial evidence to support the same.

### FIFTY-SECOND DEFENSE

112.   Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### FIFTY-THIRD DEFENSE

113.   Plaintiff's claims are barred in whole or in part by the First Amendment.

### FIFTY-FOURTH DEFENSE

114.   Plaintiff's claims for punitive damages are barred by the voluntary payment doctrine.

### FIFTY-FIFTH DEFENSE

115.   Plaintiff's claims for punitive damages are barred by § 6-11-20 of the Alabama Code.

### FIFTY-SIXTH DEFENSE

116.   Plaintiff's claims are barred by § 6-5-462 of the Alabama Code.

### FIFTY-SEVENTH DEFENSE

117.   Plaintiff's claims are barred by the doctrine of primary jurisdiction.

### FIFTY-EIGHTH DEFENSE

118.   At all relevant times, there was no practical or reasonable alternative design for the product at issue.

### FIFTY-NINTH DEFENSE

119.   Plaintiff's claims are barred by the statute of frauds.

### SIXTIETH DEFENSE

120.   Plaintiff's claims are barred by the doctrine of spoliation of evidence.

22

**SIXTY-FIRST DEFENSE**

121.    Plaintiff's claims are barred by consent and/or acquiescence.

**SIXTY-SECOND DEFENSE**

122.    In the event Plaintiff suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the alleged damages, injuries, and/or losses of Plaintiff.

**SIXTY-THIRD DEFENSE**

123.    Merck hereby specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive damage awards established by *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), and *State Farm Mutual Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

**SIXTY-FOURTH DEFENSE**

124.    Merck hereby specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive damage awards established by *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), and *State Farm Mutual Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

**SIXTY-FIFTH DEFENSE**

125.    Plaintiff's claims for punitive damages cannot be upheld based on all grounds that the United States Supreme Court, in *BMW v. Gore*, 517 U.S. 559 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination

of the amount of punitive damages violate a defendant's rights as provided by the United States Constitution.

### SIXTY-SIXTH DEFENSE

126.    Plaintiff's claims for punitive damages cannot be upheld under *BMW v. Gore*, 517 U.S. 559 (1996), to the extent they seek to punish, influence or change Merck's policies or practices nationwide rather than Merck's policies or practices which occurred in this state.

### SIXTY-SEVENTH DEFENSE

127.    Plaintiff's claims for punitive damages cannot be upheld under *BMW v. Gore*, 517 U.S. 559 (1996), to the extent they consider profits, if any, earned by Merck other than profits earned in this state which relate to the alleged wrongful conduct at issue.

### SIXTY-EIGHTH DEFENSE

128.    Plaintiff's claims for punitive damages cannot be upheld under *BMW v. Gore*, 517 U.S. 559 (1996), to the extent they are not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that Merck will more fully comply with this state's laws in the future.

### SIXTY-NINTH DEFENSE

129.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable and proportionate relationship between the amount of punitive damages awarded and the amount of harm to the plaintiff and the compensatory damages recovered, in contravention of the holding in *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

### SEVENTIETH DEFENSE

130.    The procedures pursuant to which punitive damages are awarded permit punitive damages to be calculated based on conduct occurring outside the State of Alabama, thus

24

contravening the holding of *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

### SEVENTY-FIRST DEFENSE

131. Plaintiff's demand for punitive damages is unconstitutional in that it seeks to punish Merck for lawful conduct occurring outside the state of Alabama and hence violates the due process clause of the Fourteenth Amendment as it denies Merck the fundamental right to fair notice.

### SEVENTY-SECOND DEFENSE

132. Plaintiff's demand for punitive damages is unconstitutional in that it seeks to punish Merck for lawful conduct occurring outside the state of Alabama and hence amounts to an ex post facto law.

### SEVENTY-THIRD DEFENSE

133. Plaintiff's claims for punitive damages against Merck cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

### SEVENTY-FOURTH DEFENSE

134. Plaintiff cannot recover for the claims asserted because she has failed to comply with all conditions precedent necessary to bring this action.

### SEVENTY-FIFTH DEFENSE

135. Plaintiff is not entitled to recover on alternative theories of relief in this action.

780526v.1

## SEVENTY-SIXTH DEFENSE

136.   Merck has at all times acted in good faith, with due care, and without malice or intent to injure Plaintiff.  Merck denies that it has engaged in any negligent, wanton, intentional, or fraudulent conduct that caused or contributed to the injuries allegedly sustained by Plaintiff.


Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend or supplement the averments of the Answer to assert any and all pertinent defenses ascertained through further investigation and discovery in this action.  Merck will rely on all defenses which may be revealed or become available during discovery or trial, as well as those defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Eldon E. Fallon in the Eastern District of Louisiana.

780526v.1

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Date: July 15, 2005.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Thomas E. Walker
Helen Kathryn Downs
William D. Jones III
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Phone: 205-458-9400
Fax: 205-458-9500

Counsel for Merck & Co., Inc.

780526v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 15th day of July, 2005.

780526v.1