FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

## UNITED STATES DISTRICT COURT

2005 JUL 15  PM 3: 03

## EASTERN DISTRICT OF LOUISIANA

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| **In re: VIOXX®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCT LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This Document relates to:** | * | **JUDGE FALLON** |
| *Jeffrey Brass v. Merck & Co., Inc.* | * | |
| (E.D. La. Index No. 05-0441) | * | **MAG. JUDGE KNOWLES** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT MERCK & CO., INC's ANSWER TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers the

Complaint and submits its Jury Demand as follows:

### RESPONSE TO INTRODUCTION

1.      Merck admits that plaintiffs purports to bring an action for personal injuries and

damages in the first sentence of paragraph 1 of the Complaint but denies that there is any legal or

factual basis for same.  Merck denies all other allegations contained in paragraph 1 of the

Complaint except admits that Merck manufactured, marketed, and distributed the prescription

medicine VIOXX®.

2.      Merck denies each and every allegation contained in paragraph 2 of the

Complaint, except admits that in VIOXX® is part of a class of drugs known as non-steroidal

anti-inflammatory drugs or "NSAIDs" that in 1999 Merck received FDA approval to

manufacture and market the prescription medicine VIOXX® and that it was prescribed to

millions of patients by health care providers.

Fee _____
Process _____
X  Dktd_____
CtRmDep_____
Doc. No. _____

DOCSOAK-9783646.1-AMCDONAL 7/14/05 2:08 PM

3. Merck denies each and every allegation contained in the first two sentences of paragraph 3 of the Complaint. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 3 of the Complaint. Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 3 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.

## RESPONSE TO JURISDICTION AND VENUE

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Plaintiff states that their claims "exceed $75,000 exclusive of interest and costs" but denies that there is any legal or factual basis for same.

5. The allegations contained in the first sentence of paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 5. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 5. Merck denied each and every allegation contained in the third sentence of paragraph 5.

## RESPONSE TO "PARTIES"

6.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in each and every allegation contained in the first and second sentence paragraph 6 of the Complaint.  Merck denies each and every allegation contained in the third sentence of paragraph 6 of the Complaint, except that Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation "On or about September 10, 2004, Plaintiff suffered a heart attack."

7.      Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

8.      Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that 2003 VIOXX® sales exceeded $2 billion.

9.      Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint.

## RESPONSE TO FACTUAL BASIS FOR THE CLAIMS ASSERTED

13.     Merck denies each and every allegation contained in paragraph 13 except admits that VIOXX® is the brand name for rofecoxib, that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

14.     Merck denies each and every allegation contained in paragraph 14 except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

15.     The allegations contained in paragraph 15 of the complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 15 of the complaint except

admits that the mechanism of action for VIOXX® is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2 and that the inhibition of cyclooxygenase-1 (COX-1) is patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.  Merck further avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

16.     The allegations contained in paragraph 16 of the complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 16 of the complaint except admits that the mechanism of action for VIOXX® is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.  Merck further avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

17.     The allegations contained in paragraph 17 of the complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 17 except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

- 5 -

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Merck denies each and every allegation contained in the first sentence of paragraph 19 of the Complaint, except admits that Merck sought and, in May 1999. received the approval of the FDA to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck denies each and every allegation contained in the second sentence of paragraph 19 of the Complaint, except admits that Merck marketed the prescription medication VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint, except admits that VIOXX® was prescribed to millions of patients.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that VIOXX was Merck's second best selling drug in 2000, 2001 and 2002.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint, except admits that admits that 2000 VIOXX® achieved sales of $2.2 billion and that Merck's overall sales were $40.0 billion.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint, except admits that admits that in 2001 VIOXX® achieved sales of $2.6 billion and that VIOXX® was prescribed to millions of patients.

- 6 -

24.     Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that 2002 VIOXX® achieved sales $2.5 billion and that Merck's overall sales were $51.8 billion.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint, except admits that admits that 2003 VIOXX® sales exceeded $2 billion and that Merck's overall sales were $22.5 billion.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck received a letter from a regulatory review officer dated July 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck received a letter for a regulatory review officer dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint, except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint, except admits that on February 8, 2001 the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data..

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck received a letter for a regulatory review officer in September 2001, and respectfully refers the Court to the referenced letter for its actual language and full text.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck received a letter for a regulatory review officer in September 2001, and respectfully refers the Court to the referenced letter for its actual language and full text.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint, except admits that on August 26, 2004, Merck issued a press release regarding the conclusions of a study presented at the 20th International Conference of Pharmacoepidemiology & Therapeutic Risk management and respectfully refers the Court to the referenced letter for its actual language and full text.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint, except admits that on September 27, 2004 Merck contacted the FDA and advised that the APPROVe clinical trial had been halted  and respectfully refers the Court to the referenced study for its actual language and full text.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint, except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and text.

39.     Merck denies each and every allegation contained in paragraph 38 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and text.

40.     Merck denies each and every allegation contained in paragraph 38 of the Complaint, except admits that VIOXX® was prescribed to millions of patients by health care providers.

## RESPONSE TO "FIRST CAUSE OF ACTION"
## "FOR BREACH OF EXPRESS WARRANTY"

41.    With respect to the allegations contained in paragraph 41 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 40 of this Answer with the same force and effect as though set forth here in full.

42.    Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.    Merck denies each and every allegation contained in the first sentence of paragraph 43 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the second sentence of paragraph 43. Merck denies each and every allegation contained in the third sentence of paragraph 43 of the Complaint.

44.    Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45.    Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the fist sentence of paragraph 46. Merck denies each and every allegation contained in the second sentence of paragraph 46 of the Complaint.

47.     Merck denies each and every allegation contained in paragraph 47 of the
Complaint.

48.     Merck denies each and every allegation contained in paragraph 48 of the
Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION"
## "FOR BREACH OF IMPLIED WARRANTY"

49.     With respect to the allegations contained in paragraph 49 of the Complaint, Merck
repeats and realleges each and every admission, denial, averment and statement in paragraphs 1
through 48 of this Answer with the same force and effect as though set forth here in full.

50.     Merck denies each and every allegation contained in paragraph 50 of the
Complaint.

51.     Merck denies each and every allegation contained in paragraph 51 of the
Complaint.

52.     Merck denies each and every allegation contained in paragraph 52 of the
Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the
Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION"
## "FOR STRICT LIABILITY FAILURE TO WARN"

54.     With respect to the allegations contained in paragraph 54 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the fist sentence of paragraph 58.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint.

**RESPONSE TO "FOURTH CAUSE OF ACTION"**

**"FOR NEGLIGENCE"**

65.     With respect to the allegations contained in paragraph 65 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION"
### "FOR NEGLIGENCE PER SE"

72.     With respect to the allegations contained in paragraph 72 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 71 of this Answer with the same force and effect as though set forth here in full.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     The allegations contained in paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     The allegations contained in paragraph 75 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 76, including subparagraphs a through i, of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

<u>**RESPONSE TO "SIXTH CAUSE OF ACTION"**</u>

**"FOR FRAUD AND DECEIT"**

78.     With respect to the allegations contained in paragraph 78 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the fist sentence of paragraph 82.

- 15 -

83.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the fist sentence of paragraph 83.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint.

**RESPONSE TO "SEVENTH CAUSE OF ACTION"**

**"FOR NEGLIGENT MISREPRESENTATION"**

87.     With respect to the allegations contained in paragraph 87 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 86 of this Answer with the same force and effect as though set forth here in full.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the fist sentence of paragraph 91.

92.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the fist sentence of paragraph 92.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint.

## RESPONSE TO "EIGHTH CAUSE OF ACTION"
## "FOR NEGLIGENT MISREPRESENTATION"

94.     With respect to the allegations contained in paragraph 94 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 93 of this Answer with the same force and effect as though set forth here in full.

95.     The allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Merck denies each and every allegation contained in paragraph 96 of the Complaint except admits that plaintiffs' action seeks an order of this Court, but denies there is any legal or factual basis for same.

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint except admits plaintiffs' action seeks restitutionary and other equitable relief, but denies there is any legal or factual basis for same.

## RESPONSE TO "PRAYER FOR RELIEF"

98.    Merck denies each and every allegation contained in plaintiff's prayer for relief. Merck denies that plaintiffs are entitled to any of the relief requested in the Complaint and its subparts, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Merck alleges as follows:

99.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

100.    The Complaint fails to state a claim upon which relief can be granted.

101.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

102.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

103.    To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

104.    To the extent that plaintiffs' assert claims based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

105.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or other conduct of the allegedly injured plaintiff.

106.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

107.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any losses or injury caused by any act, practice or omission alleged in the Complaint.

108.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

109.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of VIOXX® that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to VIOXX® or on its original container or wrapping or otherwise

provided and plaintiffs knew, or with the exercise of reasonable and diligent care, should have known of such instructions or warnings.

110.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

111.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

112.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

113.    Plaintiffs' claims are barred, in whole or in part, because the designs, methods and techniques of manufacturing, inspecting, testing and labeling VIOXX® conformed with the state of the art at the time VIOXX® was first sold by Merck.

114.    To the extent that plaintiffs seek to amend their Complaint to assert punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's constitutional rights under the United States and California Constitutions and are not permitted by California law.

115.    To the extent that plaintiffs seek to amend their Complaint to assert punitive damages for an alleged act or omission of Merck, no such act or omission was of a nature to warrant punitive damages and, therefore, any award of punitive damages is barred.

116.    To the extent that plaintiffs seek to amend their Complaint to assert punitive damages, such claim is barred because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

117.    To the extent plaintiffs seek punitive damages, such claims are further barred because:

      a.    VIOXX® as manufactured and labeled in relevant and material respects was in accordance with the terms of an approval or license issued by the U.S. Food and Drug Administration under the Food, Drug and Cosmetic Act (21 United States Code § 301, et seq.) or the Public Health Service Act (42 United States Code § 201, et seq.);

      b.    VIOXX® is generally recognized as safe and effective pursuant to conditions established by the U.S. Food and Drug Administration and applicable regulations, including packaging and labeling regulations; and

      c.    Merck did not, either before or after making VIOXX® available for public use, knowingly, in violation of applicable U.S. Food and Drug Administration regulations, withhold from or misrepresent to the Administration information known to be material and relevant to the harm which the plaintiffs allegedly suffered.

118.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

119.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any drug or pharmaceutical preparation plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

120.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

121.    Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

122.    This case is more appropriately brought in a different venue.

123.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

124.    Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

125.    Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

126.    All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, plaintiffs' claims pertaining to unfair or deceptive practices are barred.

127.    With respect to each and every cause of action plaintiffs are not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined under Restatement (Second) of Torts.  The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

128.    The conduct and activities of Merck with respect VIOXX® did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of VIOXX®.

129.    Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and California Constitutions.

130.    The public interest and benefit and the availability of such product which is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to plaintiffs' claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

131.    At all times relevant herein, any product which is the subject matter of the Complaint processed and distributed by Merck in the State of California or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

- 23 -

132.    With respect to each and every purported cause of action in the Complaint, plaintiffs are barred by lack of privity with Merck.

133.    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

134.    To the extent there were any risks associated with the use of the product which is the subject matter of the Complaint which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

135.    The injuries, damages and/or loss claimed by plaintiffs if any, were caused in whole or in part by the acts or omissions of persons other than Merck, and over whom Merck had no control.  Any recovery by plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

136.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularly to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action. Merck will rely on all defenses that may become available during discovery at trial.

## MERCK'S JURY DEMAND

137.    Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a jury by trial.

- 24 -

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A.   Dismiss the Complaint with prejudice, the plaintiff taking nothing thereby;

B.   Award Merck its cost of suit and attorneys' fees, under any applicable statute; and

C.   Grant such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Michael K. Brown
Thomas J. Yoo
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Phone: 213-457-8000
Fax:    213-457-8080

Counsel for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Merck & Co., Inc.'s Answer to Plaintiff's Complaint and Request For Jury Trial has been served on Liaison Counsel, Russ Herman and Phillip Witmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on the 15 day of July, 2005.