FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 15  PM 3: 02

LORETTA G. WHYTE
CLERK



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This Document relates to: | * | JUDGE FALLON |
| *Janke v.Merck & Co., Inc.* | * | |
| (E.D. La. Index No.05-1245) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT MERCK & CO., INC'S ANSWER TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL

### RESPONSE TO "INTRODUCTION"

1.      Merck admits that plaintiffs Sherry Janke, Randy Creel and Patricia Fagundef purport to bring an action in their individual capacities and as the successors in interest of their deceased mother, Carlene Creel in the first sentence of paragraph 1 of the Complaint. Merck admits that plaintiff Jane Walker purports to bring an action in her individual capacity but denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegation that plaintiff Jane walker was the mother of plaintiffs' decedent in the second sentence of paragraph 1 of the Complaint. Merck admits that plaintiffs purport to seek to recover damages for personal injury, compensatory damages, restitution and wrongful death but denies that there is any legal or factual basis for same in the in the third sentence of paragraph 1 of the Complaint. Merck denies each and every remaining allegation in the third sentence of paragraph 1 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

2.      Merck denies each and every allegation contained in the first sentence of paragraph 2 of the Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX® and, until the voluntary withdrawal of VIOXX® on September 30, 2004, did market VIOXX® for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for VIOXX®'s indicated uses.  Merck denies each and every allegation contained in the second, third and fourth sentences of paragraph 2 of the Complaint except admits that VIOXX® was prescribed to millions of patients by health care providers.

3.      Merck denies each and every allegation contained in the first sentence of paragraph 3 of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph three of the Complaint.  Merck denies each and every allegation contained in the third sentence of paragraph three of the Complaint, except that Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Plaintiffs' decedent, a patient who was prescribed and used VIOXX for approximately eight months". Merck denies each and every allegation contained in the fourth sentence of paragraph 3 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

## RESPONSE TO "JURISDICTION AND VENUE"

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Plaintiff states that their claims "exceed $75,000 exclusive of interest and costs" but denies that there is any legal or factual basis for same.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except that Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation "Plaintiffs' decedent purchased and consumed VIOXX".

## RESPONSE TO "PARTIES"

6.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 6 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 6 of the Complaint.

7.      Merck Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that VIOXX® was prescribed to a substantial number of patients by health care providers and that sales figures exceeded $2 billion in 2003.

- 3 -

8.      Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that VIOXX was prescribed to a substantial number of patients by health care providers and that sales figures exceeded $2 billion in 2003.

9.      Merck denies each and every allegation in paragraph 9 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

## RESPONSE TO "FACTUAL BASIS FOR THE CLAIMS ASSERTED"

10.      Merck denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.  Merck further admits that VIOXX® is the brand name for rofecoxib.  The allegations contained in the second sentence of paragraph 10 are not directed at Merck and therefore no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in said sentence.

11.      Merck denies each and every allegation contained in the second sentence of paragraph 10 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX 2).

- 4 -

12.     The allegations contained in  paragraph 12 are not directed at Merck and therefore no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in said paragraph except admits that VIOXX® is a selective NSAID and that the inhibition of cyclooxegenase-1 (COX-1) in patients taking traditional NSAIDs such as naproxen is beleived to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

13.     The allegations contained in  paragraph 13 are not directed at Merck and therefore no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in said paragraph except admits that VIOXX® is a selective NSAID and that the inhibition of cyclooxegenase-1 (COX-1) in patients taking traditional NSAIDs such as naproxen is beleived to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX 2).

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that VIOXX® is a selective NSAID and that the inhibition of cyclooxygenase 1 (COX 1) in patients taking traditional non-selective NSAIDs such as naproxen is believe to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

- 5 -

16.     Merck denies each and every allegation in paragraph 16 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint, except admits that VIOXX® was prescribed to millions of patients by health care providers.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint except admits that VIOXX was Merck's second best selling drug in 2000, 2001 and 2002.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint, except admits that admits that 2000 VIOXX® achieved sales of $2.2 billion and that Merck's overall sales were $40.0 billion.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint except admits that in 2001 VIOXX® achieved sales of $2.6 billion and that VIOXX® was prescribed to millions of patients.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that 2002 VIOXX® achieved sales $2.5 billion and that Merck's overall sales were $51.8 billion.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that 2003 VIOXX® sales exceeded $2 billion.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck received a letter from the FDA dated July 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

24.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck received a letter from the FDA dated December 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

25.     Merck denies each and every allegation in paragraph 25 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

26.     Merck denies each and every allegation in paragraph 26 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the VIOXX® Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.  Merck further admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed among other things, the VIGOR data.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint, except admits that on August 16, 2004, Merck issued a press release regarding the conclusions of a study presented at the 20th International Conference of Pharmacoepideminology & Therapeutic Risk Management and respectfully refers the Court to that press release for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint, except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint, except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® from the worldwide market and respectfully refers the Court to the referenced announcement for its actual language and full text.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint, except admits that the Wall Street Journal published an article concerning VIOXX® and respectfully refers the Court to that article for its actual language and full text.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint, in paragraph 17 of the Complaint, except admits that VIOXX® was prescribed to millions of patients by health care providers and admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market.

## RESPONSE TO "CAUSES OF ACTION"

### RESPONSE TO FIRST CAUSE OF ACTION
### (BREACH OF EXPRESS WARRANTY)

38.     With respect to the allegations contained in paragraph 38 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Merck denies each and every allegation contained in paragraph 45 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION
## (BREACH OF IMPLIED WARRANTY)

46.     With respect to the allegations contained in paragraph 46 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 45 of this Answer with the same force and effect as though set forth here in full.

- 10 -

47.     Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

49.     Merck denies each and every allegation contained in paragraph 48 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

50.     Merck denies each and every allegation contained in paragraph 50 of the Complaint..

## RESPONSE TO THIRD CAUSE OF ACTION
## (STRICT LIABILITY)

51.     With respect to the allegations contained in paragraph 51 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 50 of this Answer with the same force and effect as though set forth here in full.

52.     Merck denies each and every allegation in paragraph 52 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55. Merck denies knowledge or information sufficient to form a belief as to the as to the truth or falsity of the allegation plaintiffs' decedent used VIOXX® in a manner for which it was prescribed and/or reasonably and/or foreseeably intended. Merck denies each and every remaining allegation contained in the second sentence of paragraph 55 of the Complaint.

56. Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57. Merck denies each and every allegation in paragraph 57 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

58. Merck denies each and every allegation in paragraph 58 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

59. Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60. Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61. The allegations contained in paragraph 61 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO FOURTH CAUSE OF ACTION
## (NEGLIGENCE)

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

## RESPONSE TO FIFTH OF ACTION
### (NEGLIGENCE PER SE)

69.     With respect to the allegations contained in paragraph 69 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 68 of this Answer with the same force and effect as though set forth here in full.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     The allegations contained in paragraph 71 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint, except that Merck denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegation that plaintiffs' decedent was a purchaser and consumer of VIOXX®.

73.     The allegations contained in paragraph 73a and 73b are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraphs.  Merck denies each and every remaining allegation contained in paragraph 73.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint..

## RESPONSE TO SIXTH OF ACTION
## (DECEIT BY CONCEALMENT)

75.     With respect to the allegations contained in paragraph 75 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 74 of this Answer with the same force and effect as though set forth here in full.

76.     Merck denies each and every allegation in paragraph 76 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Merck denies each and every allegation contained in paragraph 83 of the
Complaint..

### RESPONSE TO SEVENTH OF ACTION
### (NEGLIGENT MISREPRESENTATION)

84.     With respect to the allegations contained in paragraph 84 of the Complaint, Merck
repeats and realleges each and every admission, denial, averment and statement in paragraphs 1
through 83 of this Answer with the same force and effect as though set forth here in full.

85.     Merck denies each and every allegation in paragraph 85 of the Complaint except
admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

86.     Merck denies each and every allegation in paragraph 86 of the Complaint.

87.     Merck denies each and every allegation in paragraph 87 of the Complaint.

88.     Merck denies each and every allegation in paragraph 88 of the Complaint.

89.     Merck denies each and every allegation in paragraph 89 of the Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the
Complaint.

### RESPONSE TO EIGHTH OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.*)

91.     With respect to the allegations contained in paragraph 91 of the Complaint, Merck
repeats and realleges each and every admission, denial, averment and statement in paragraphs 1
through 90 of this Answer with the same force and effect as though set forth here in full.

92.     The allegations contained in paragraph 92 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

93.     Merck admits that in paragraph 93 plaintiffs purportedly seek injunctive relief under Civil Code§ 1750, *et seq.* but denies that there is any legal or factual basis for same. Merck denies each and every remaining allegation in paragraph 93 of the Complaint.

94.     The allegations contained in paragraph 94 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

95.     The allegations contained in paragraph 95 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

96.     The allegations contained in paragraph 96 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

97.     The allegations contained paragraph 97 are legal conclusion as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

98.     The allegations contained in paragraph 98 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

- 17 -

99.     Merck denies each and every allegation in paragraph 99 of the Complaint.

100.    Merck denies each and every allegation in paragraph 100 of the Complaint.

101.    Merck admits that in paragraph 101 plaintiffs purportedly seek injunctive relief under Civil Code§ 1750, *et seq.* but denies that there is any legal or factual basis for same. Merck denies each and every remaining allegation in paragraph 101 of the Complaint.

## RESPONSE TO NINTH OF ACTION
### (WRONGFUL DEATH)

102.    With respect to the allegations contained in paragraph 102 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 101 of this Answer with the same force and effect as though set forth here in full.

103.    Merck denies each and every allegation in paragraph 103 of the Complaint.

104.    Merck denies each and every allegation in paragraph 104 of the Complaint.

105.    Merck denies each and every allegation in paragraph 105 of the Complaint.

## RESPONSE TO TENTH OF ACTION
### (SURVIVAL)

106.    With respect to the allegations contained in paragraph 106 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 105 of this Answer with the same force and effect as though set forth here in full.

107.    Merck denies each and every allegation in the first sentence of paragraph 107 of the Complaint.  The allegations contained in the second sentence of paragraph 107 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of said paragraph.

108.    Merck denies each and every allegation in the first sentence of paragraph 108 of the Complaint.  Merck denies each and every allegation in the second sentence of paragraph 108 of the Complaint. The allegations contained in the third sentence of paragraph 108 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in third sentence of said paragraph.

### RESPONSE TO PRAYER FOR RELIEF

1.    Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 1 of the Prayer for Relief and its subparts, or to any relief whatsoever.

2.    Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 2 of the Prayer for Relief and its subparts, or to any relief whatsoever.

3.    Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 3 of the Prayer for Relief and its subparts, or to any relief whatsoever.

4.    Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 4 of the Prayer for Relief and its subparts, or to any relief whatsoever.

5.    Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 5 of the Prayer for Relief and its subparts, or to any relief whatsoever.

6.      Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 6 of the Prayer for Relief and its subparts, or to any relief whatsoever.

7.      Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 7 of the Prayer for Relief and its subparts, or to any relief whatsoever.

8.      Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 8 of the Prayer for Relief and its subparts, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Merck alleges as follows:

1.      Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

4.      If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

5.      To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

6.      To the extent that plaintiffs' assert claims based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

7.      If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or other conduct of the allegedly injured plaintiff.

8.      Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

9.      If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any losses or injury caused by any act, practice or omission alleged in the Complaint.

10.     If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

11.     If plaintiffs or plaintiffs' decedent sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of VIOXX® that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to VIOXX® or on its original container or wrapping or

- 21 -

otherwise provided and plaintiffs' decedent knew, or with the exercise of reasonable and diligent care, should have known of such instructions or warnings.

12.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

13.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

14.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

15.     Plaintiffs' claims are barred, in whole or in part, because the designs, methods and techniques of manufacturing, inspecting, testing and labeling VIOXX® conformed with the state of the art at the time VIOXX® was first sold by Merck.

16.     To the extent that plaintiffs seek to amend their Complaint to assert punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's constitutional rights under the United States and California Constitutions and are not permitted by California law.

17.     To the extent that plaintiffs seek to amend their Complaint to assert punitive damages for an alleged act or omission of Merck, no such act or omission was of a nature to warrant punitive damages and, therefore, any award of punitive damages is barred.

18.     To the extent that plaintiffs seek to amend their Complaint to assert punitive damages, such claim is barred because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

19.     To the extent plaintiffs seek punitive damages, such claims are further barred because:

        a.     VIOXX® as manufactured and labeled in relevant and material respects was in accordance with the terms of an approval or license issued by the U.S. Food and Drug Administration under the Food, Drug and Cosmetic Act (21 United States Code § 301, et seq.) or the Public Health Service Act (42 United States Code § 201, et seq.);

        b.     VIOXX® is generally recognized as safe and effective pursuant to conditions established by the U.S. Food and Drug Administration and applicable regulations, including packaging and labeling regulations; and

        c.     Merck did not, either before or after making VIOXX® available for public use, knowingly, in violation of applicable U.S. Food and Drug Administration regulations, withhold from or misrepresent to the Administration information known to be material and relevant to the harm which the plaintiffs allegedly suffered.

20.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

- 23 -

21.     Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any drug or pharmaceutical preparation plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

22.     Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Product Liability.

23.     Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

24.     This case is more appropriately brought in a different venue.

25.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

26.     Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

27.     Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

28.     All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, plaintiffs' claims pertaining to unfair or deceptive practices are barred.

29.     With respect to each and every cause of action plaintiffs are not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined under Restatement (Second) of Torts.  The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

30.     The conduct and activities of Merck with respect VIOXX® did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of VIOXX®.

31.     Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and California Constitutions.

32.     The public interest and benefit and the availability of such product which is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to plaintiffs' claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

33.     At all times relevant herein, any product which is the subject matter of the Complaint processed and distributed by Merck in the State of California or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

- 25 -

34.     With respect to each and every purported cause of action in the Complaint, plaintiffs are barred by lack of privity with Merck.

35.     With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

36.     To the extent there were any risks associated with the use of the product which is the subject matter of the Complaint which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

37.     The injuries, damages and/or loss claimed by plaintiffs if any, were caused in whole or in part by the acts or omissions of persons other than Merck, and over whom Merck had no control.  Any recovery by plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

38.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularly to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action. Merck will rely on all defenses that may become available during discovery at trial.

## MERCK'S JURY DEMAND

39.    Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a jury by trial.

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A.    Dismiss the Complaint with prejudice, the plaintiff taking nothing thereby;

B.    Award Merck its cost of suit and attorneys' fees, under any applicable statute; and

C.    Grant such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Michael K. Brown
Thomas J. Yoo
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Phone: 213-457-8000
Fax:    213-457-8080

Counsel for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Merck & Co., Inc.'s Answer to Plaintiff's Complaint And Request For Jury Trial has been served on Liaison Counsel, Russ Herman and Phillip Witmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on the 15 day of July, 2005.