COPY IN CHAMBERS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -7  PM 4: 00

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | § § § § § § § | MDL NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON |
| § § § § § § § § | | MAG. JUDGE KNOWLES |

This Document Relates To: **05-2586 L**

*FELICIA GARZA, Individually and on behalf of the **ESTATE OF LEONEL GARZA, SR., LEONEL GARZA, JR., LUIS JAIME GARZA, LAURO GUADALUPE GARZA,** and **GLORIA GARZA**, Individually, and as Heirs to the **ESTATE OF LEONEL GARZA, SR.** vs. **HEART CLINIC, P.A., MICHAEL D. EVANS, M.D., JUAN D. POSADA, M.D.,** and **MERCK & CO., INC.***

---

**OPPOSED MOTION FOR EMERGENCY HEARING
AND REQUEST FOR ORAL ARGUMENT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **FELICIA GARZA**, Individually and on behalf of the **ESTATE OF LEONEL GARZA, SR., LEONEL GARZA, JR., LUIS JAIME GARZA, LAURO GUADALUPE GARZA,** and **GLORIA GARZA**, Individually, and as heirs to the **ESTATE OF LEONEL GARZA, SR.**, Plaintiffs pursuant to Local Rule 7.1E and file this, their Opposed

Page 1 of 12

ORIGINAL

Motion For Emergency Hearing and Request for Oral Argument pursuant to Uniform Local Rule 78.1 E, and would show the Court as follows:

## I. FACTUAL BACKGROUND

This is a medical malpractice/products liability case arising from the death of Leonel Garza, Sr. (hereafter "Mr. Garza"). Mr. Garza received routine medical treatment for a heart condition from cardiologists, Dr. Michael D. Evans and Dr. Juan D. Posada (hereafter "Defendant Doctors"). During the spring of 2001, Defendant Doctors treated Mr. Garza with Vioxx samples. During the course of his Vioxx treatment, on April 21, 2001, Mr. Garza suffered a fatal heart attack. Vioxx is manufactured, marketed, and placed into the stream of commerce by Defendant, Merck & Co. Inc.

## II. SUMMARY OF BASES FOR EMERGENCY MOTION & REQUEST FOR ORAL ARGUMENT

Based on this Court's Minute Entry of June 23, 2005, Plaintiffs are aware that the Court is attempting to address pending motions to remand in "groups" and that it is working towards establishing procedures for addressing these motions. Plaintiffs understand the Court's reasons and intend to abide by this Court's rules.

Plaintiffs, however, are unaware as to the nature of the groups or the factors by which the Court will "group" its pending cases. Out of an abundance of caution and in an effort to preserve Plaintiffs' ability to argue the unique procedural posture of the instant matter (which is explained below), Plaintiffs present this Emergency Motion & Request for Oral Argument as well as their Motion to Remand with supporting memorandum.

Plaintiffs' reason for filing this expedited motion is straightforward: Plaintiffs in the instant matter simply do not belong in this MDL proceeding. Plaintiffs present this Motion based on the following:

### III. Legal Argument And Analysis

**A.     By virtue of Merck's manipulation of state law and glaring forum shopping, Plaintiffs have been deprived of their right to trial.**

For purposes of this section, Plaintiffs would refer to the Court to the Exhibits attached to Plaintiffs' Memorandum in Support of Plaintiffs' Opposed Motion to Remand. The procedural history of the instant case is as follows:

On or about March 10, 2003, Plaintiffs filed suit against all Defendants (Merck and Co., Inc. Dr. Evans and Dr. Posada) in the 229th Judicial District Court of Starr County, Texas. *See* **Exhibit A**. Defendants, in turn, filed Motions to Transfer Venue and Original Answers. Shortly thereafter, on April 14, 2003, Merck filed its first notice of Notice of Removal.

On or about April 23, 2004, after U.S. District Court Judge Ricardo Hinojosa's Court remanded the case, the parties entered an Agreed Order Setting Jury Trial (*See* **Exhibit B**), which provided for a Monday, November 8, 2004, trial setting and an alternative trial date of Monday, February 14, 2005.

Merck has moved to continue the trial settings in this case five (5) times.

Merck filed its **first** continuance for continuance under the guise of a Motion to Adopt February 14th, 2005, Trial Setting. *See* **Exhibit C**. The continuance was granted by Starr County District Judge Gabert. On or about September 15th, 2004, the Court issued

a Docket Control Order controlling all pre-trial matters leading up to the February 14th, 2005, trial setting.  See **Exhibit D**.

On September 30, 2004, Merck recalled Vioxx based on the findings in a study known as APPROVe, which sought to determine whether Vioxx was a viable treatment for colon polyps.  See **Exhibit E**.

Arguing that the APPROVe study findings were preliminary, Merck, in October, 2004, filed a **second** Motion to Continue, seeking to pass the February 14th, 2005, trial setting.  See **Exhibit F**.

Under Texas laws, attorneys elected to the Texas Legislature are afforded the benefit of a "Legislative Continuance," by which active trial settings can be put off.  See **Exhibit W**.

Plaintiffs' ask to the Court to take judicial notice that on Tuesday, January 11, 2005, the Texas Legislature convened.

On January 12, 2004, Merck filed a Notice of Appearance adding State Senator Chuy Hinojosa as counsel.  Senator Hinojosa's so-called participation served as the basis of Merck's **third** Motion to Continue the February 14th trial setting.  See **Exhibit G**.  See also **Exhibit W**.  After some local media exposure, on Thursday, January 13th, 2005, Senator Hinojosa withdrew Merck's Motion for Continuance, filing a Notice of Withdrawal of Merck & Co. Inc.'s Motion to Continue Trial Setting on the ground that the Motion for Continuance was signed by "mistake."  See **Exhibit H**.  See also **Exhibit W**.  Merck at this time, of course, was already represented by three law firms: Baker Botts, L.L.P.; Rodriguez, Colvin, Chaney & Saenz, L.L.P.; and the Law Offices of Baldemar Garza.

Refusing to throw in the towel, Merck's **fourth** Motion to Continue was filed on Friday, January 14th, 2005, by another last-minute lawyer/legislator, State Representative Rene Oliveira of Brownsville and his firm, Roerig, Oliveira & Fisher. *See* **Exhibit I**. *See also* **Exhibit X**. Interestingly, according to the Notice of Appearance, Rep. Oliveira, who (like Senator Hinojosa) had not participated during any phase of this case, was to serve as "lead counsel" and (like Senator Hinojosa) his involvement was in no way for purposes of delaying the trial. *See also* **Exhibit X**. Concurrent with Merck's fourth Motion to Continue, Merck filed its **fifth** and final (to date) continuance motion, titled Merck & Co. Inc.'s Supplemental Motion for Continuance. *See* **Exhibit J**. It goes without saying that Merck's 11th hour, deadline-beating continuance motions targeted the mandatory thirty (30) day-deadline for filing continuance motions. See attached Texas Civil Practice and Remedies Code §30.003.

Not to be outdone by the suspicious, two lawyer/legislator-based Motions for Continuance, Merck, in what can only be characterized as a procedural "Hail Mary", removed this case a second time on Tuesday, January 18th, to delay and avoid trying this case on February 14, 2005. *See* **Exhibit K**. Interestingly, Merck bases its removal on the deposition testimony of one of Plaintiffs' experts (Dr. Simonini), yet Merck waited a month after that deposition - until it was more likely that the trial date would be affected - before filing this second removal. During the pendency of this second removal, the JPML sought to transfer the instant case to this Court as a "tag along" matter. Plaintiffs filed a motion to vacate on April 2, 2005, which was later denied on June 20, 2005. *See* **Exhibit "V"**. Consequently, Plaintiffs file this their Motion To Remand.

### B. Plaintiffs Are Prepared To Try This Case

#### 1. PROCEDURAL POSTURE.

Prior to having this case transferred to the MDL proceeding, the parties have been involved in one (1) mandamus proceeding regarding discovery requests; two (2) trial settings; two (2) removals; one (1) challenge to a conditional transfer order; and two (2) legislative continuances.

#### 2. DEPOSITIONS.

The Plaintiffs have been deposed. Plaintiffs have deposed twelve (12) Merck corporate representatives, including:

  a. James Dunn (training and employment of Merck sales representatives);

  b. Deborah Shapiro (the unblinded statistician for the VIGOR trial);

  c. Linda Hostelley (Executive Director, Worldwide Product Safety & Quality Assurance);

  d. Leonard Tacconi (direct to consumer marketing);

  e. Thomas Bold (clinical risk management and safety surveillance);

  f. Alise Reicin (Vice-President of Clinical Research);

  g. Juan de la Fuente, Jr. ( Merck detail person or sales representative);

  h. Arturo Gonzalez (Merck detail person or sales representative)

  i. Thomas Casola (Executive director, Office of Medical/Legal);

  j. Bernadette McKeon (Director of Medical Services);

  k. Nancy Santanello (Executive Director, Epidemiology);

  l. Leonard Silverstein (Executive Director, Medical Services);

Through written discovery, Plaintiffs obtained the following depositions (with

exhibits) of Merck's corporate representatives in other pending lawsuits, including:

| | | | |
|---|---|---|---|
| a. | Thomas Michael Casola | May 21, 2003 | Calcaterra vs. Merck; |
| b. | James Richard Dunn | November 17, 2002 | Lehr vs. Merck; |
| c. | James Richard Dunn | February 21, 2003 | Calcaterra vs. Merck; |
| d. | James Richard Dunn | April 16, 2003 | Barlow vs. Merck; |
| e. | Barry J. Gertz | August 27, 2003 | Younge vs. Merck; |
| f. | Linda Hostelley | April 17, 2002 | Lauderdale vs. Merck; |
| g. | Linda Hostelley | April 23, 2003 | Calcaterra vs. Merck; |
| h. | Briggs W. Morrison, M.D. | December 18, 2003 | Younge vs. Merck; |
| i. | Alise S. Reicin, M.D. | July 25, 2002 | Guerra vs. Merck; |
| j. | Alise S. Reicin, M.D. | July 26, 2002 | Lehr vs. Merck; |
| k. | Alise S. Reicin, M.D. | February 26, 2003 | Calcaterra vs. Merck; |
| l. | Adam Schechter | September 13, 2002 | Lehr vs. Merck; |
| m. | Edward M. Scolnick | January 30, 2003 | Barlow vs. Merck; |
| n. | Deborah Shapiro | October 22, 2002 | Jones vs. Merck; and |
| o. | Deborah Shapiro | May 13, 2003 | Calcaterra vs. Merck. |

**C.    MERCK'S EXPERTS & REPORTS.**

Plaintiffs deposed three of Merck's testifying experts, including:

1.    Merlin Wilson;

    2.    Craig Pratt; and

    3.    Michael Gaziano.

Plaintiffs are in possession of Merck's testifying experts' opinions in this matter, including.[1]

    1.    Merlin Wilson;

    2.    Craig Pratt;

    3.    Michael Gaziano;

    4.    Janet Arrowsmith;

    5.    Thomas Wheeler; and

    6.    Byron Cryer.

**D.    PLAINTIFFS' EXPERTS & REPORTS.**

With the exception of Dr. Bush, who is to testify against the Defendant Doctors as to the standards of medical care, Plaintiffs' experts have been deposed.

**E.    WRITTEN DISCOVERY.**

- Requests for Production -

Plaintiffs have propounded thirteen (13) sets of requests for production to Defendant Merck, two (2) sets to Defendant Evans and one (1) set to Defendant Posada.

- Interrogatories -

Plaintiffs have propounded four (4) sets of interrogatories to Defendant Merck, two (2) sets to Defendant Evans and one (1) set to Defendant Posada.

---

[1] But for this removal, Plaintiffs would have timely deposed all of Merck's expert witnesses. Merck had agreed to produce Janet Arrowsmith, Thomas Wheeler and Byron Cryer for deposition on January 24, 2005, January 19, 2005 and January 21, 2005, respectively.

- Requests for Disclosure -

Plaintiffs have propounded requests for disclosure to all Defendants.

**F.     MOTION PRACTICE.**

The Starr County Court has ruled on Defendants' three (3) Motions to Transfer Venue. Plaintiffs have responded to four (4) summary judgments filed by Defendant doctors.[2] Plaintiffs have filed nine (9) motions to compel against Defendant Merck. Plaintiffs have filed one (1) motion to compel against Defendant Doctors.

**G.     MEDICAL RECORDS OF LEONEL GARZA, SR.**

Defendants are in possession of the relevant medical records of Mr. Garza.

## IV. CONCLUSION

Based on the above, Plaintiffs respectfully request that this Court grant Plaintiffs Emergency Motion And Request For Oral Argument and all other relief at law or equity to which them may be entitled.

---

[2] Defendant Posada filed one (1) dispositive motion in the Starr County District Court and another one in the federal court during the pendency of this second removal. Defendant Evans filed two (2) dispositive motions in the federal court.

Respectfully submitted,

**HOCKEMA, TIPPIT & ESCOBEDO, L.L.P.**
1 Paseo del Prado, Bldg. 101
Edinburg, TX 78539-9672
*Mailing address:*
P.O. Box 720540
McAllen, TX 78504-0540
Telephone: (956) 631-9112
Telecopier: (956) 630-9472

BY: _____
Joe Escobedo, Jr.
State Bar No. 06665850
Federal Bar No. 12203
Attorney in Charge
David H. Hockema
State Bar No. 16687200
Federal Bar No. 1204
Attorney in Charge
Mauro F. Ruiz
State Bar No. 24007960
Federal Bar No. 23774

Kathryn Snapka
State Bar No. 18781200
**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
P.O. Drawer 23017
Corpus Christi, Tx 78504
Telephone: (361) 888-7676
Telecopier: (361) 884-8545

**CO-COUNSEL:**
Alberto A. Munoz, II
State Bar No. 14669800
**LAW OFFICE OF ALBERTO A. MUNOZ, II, P.C.**
1 Paseo del Prado, Bldg. 101
Edinburg, TX 78539
*Mailing address:*
P.O. Box 9600
McAllen, TX 78502-9600
Telephone:  (956) 631-3444
Telecopier:  (956) 631-9187

Mike Mills
State Bar No. 14163500
Federal Bar No. 1211
**ATLAS & HALL, L.L.P.**
P.O. Box 3725
McAllen, Texas 78502
Telephone:  (956) 682-5501
Telecopier:  (956) 686-6109

**ATTORNEYS FOR PLAINTIFFS FELICIA GARZA**, Individually and on behalf of the **ESTATE OF LEONEL GARZA, SR., LEONEL GARZA, JR., LUIS JAIME GARZA, LAURO GUADALUPE GARZA,** and **GLORIA GARZA**, Individually, and as heirs to the **ESTATE OF LEONEL GARZA, SR.**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs contacted Mr. Sales, Merck's counsel, of the law firm of Baker Botts on Friday, July 1, 2005; and he opposed the merits of the motion. Counsel for Plaintiffs also contacted Mr. Hole, counsel for Defendants, Drs. Evans and Posada, is not opposed to the merits of this emergency motion.

David H. Hockema
Joe Escobedo, Jr.
Mauro F. Ruiz

## CERTIFICATE OF SERVICE

I hereby certify that on the ____ day of **July, 2005**, a true and correct copy of the above and foregoing **OPPOSED MOTION FOR EMERGENCY HEARING AND REQUEST FOR ORAL ARGUMENT** was served upon counsel of record:

Mr. Phillip A. Wittmann
Stone, Pigman, Walther, Wittmann, L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Mr. Russ M. Herman
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Ave., Suite 100
New Orleans, LA 70113

David Hockema
Joe Escobedo
Mauro F. Ruiz

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX § <br>     PRODUCTS LIABILITY LITIGATION § <br> § <br> § <br> § <br> § <br> §   §   §   §   §   §   §   § | MDL NO. 1657 <br><br> SECTION L <br><br> JUDGE FALLON <br> MAG. JUDGE KNOWLES |

This Document Relates To: CASE NO: 05-2586

*FELICIA GARZA, Individually and on behalf of the **ESTATE OF LEONEL GARZA, SR.,** LEONEL GARZA, JR., LUIS JAIME GARZA, LAURO GUADALUPE GARZA, and GLORIA GARZA, Individually, and as Heirs to the **ESTATE OF LEONEL GARZA, SR.** vs. **HEART CLINIC, P.A., MICHAEL D. EVANS, M.D., JUAN D. POSADA, M.D.,** and **MERCK & CO., INC.***

---

**NOTICE OF ORDER SETTING HEARING AND REQUEST FOR ORAL ARGUMENT**

---

ON _____, 2005, came on to be considered Plaintiffs' Motion for Emergency Hearing and Request for Oral Argument and it is the opinion of this Court that said motion is **GRANTED**. **IT IS THEREFORE ORDERED,** that Plaintiffs' Motion for Emergency Hearing and Request for Oral Argument on Plaintiffs' Motion to Remand be and same is hereby set for hearing on the _____ day of _____, 2005, at \_\_\_

*Page 1 of 2*

\_\_ Fee_____
\_\_ Process_____
\_\_ Dktd_____
\_\_ CtRmDep\_\_\_\_\_
\_\_ Doc. No\_\_\_\_\_

o'clock \_\_\_.m., before U.S. District Judge Fallon. See Court's Order dated July 13, 2005

SIGNED this the 13 day of July, 2005.

_____
U.S. DISTRICT JUDGE FALLON