



2005 JUL 15  PM 4: 32

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re: VIOXX                                  *   MDL No. 1657
      PRODUCTS LIABILITY LITIGATION   *
                                *   SECTION L
                                *
                                *   JUDGE ELDON E. FALLON
                                *
                                *   MAGISTRATE JUDGE
                                *   DANIEL E. KNOWLES, III
                                *
                                *
                                *

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Don C. Hubbard et al. v. Merck & Co., Inc. et al.*, No. 05-0859.

## ANSWER OF DEFENDANT GARRETT CHIFICI

Defendant Garrett Chifici, by and through his undersigned counsel, answers the Plaintiffs' Petition as follows:

## RESPONSE TO "PETITION"

1.      Denies each and every allegation contained in paragraph 1 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Chifici is a person of the full age of majority, is domiciled in the State of Texas, and is an employee of Merck & Co., Inc. ("Merck").

___ Fee___ _____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

### RESPONSE TO
### "VENUE AND JURISDICTION"

2.      The allegations in paragraph 2 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 2 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

3.      The allegations in paragraph 3 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 3 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "FACTS"

4.      Denies each and every allegation contained in paragraph 4 of the Petition.

5.      The allegations contained in paragraph 5 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation directed towards Chifici in paragraph 5 of the Petition, as he lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein.

6.      The allegations in paragraph 6 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 6 of the Petition.

7.      Denies each and every allegation contained in paragraph 7 of the Petition.

8.      Denies each and every allegation contained in paragraph 8 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein,

except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

9.      Denies each and every allegation contained in paragraph 9 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

10.      Denies each and every allegation contained in paragraph 10 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

11.      The allegations contained in paragraph 11 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 11 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

12.      The allegations contained in paragraph 12 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 12 of the Petition,  as he is without knowledge or information sufficient to form a belief as to the truth therein.

13.      Denies each and every allegation contained in paragraph 13 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

14.      Denies each and every allegation contained in paragraph 14 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein, and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein, and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

16.     The allegations contained in paragraph 16 of the Petition are not directed at Chifici and therefore no responsive pleading is required.   Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 16 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

17.     Denies each and every allegation contained in paragraph 17 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

18.     The allegations contained in paragraph 18 of the Petition are not directed at Chifici and therefore no responsive pleading is required.   Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 18 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

19.     The allegations contained in paragraph 19 of the Petition are not directed at Chifici and therefore no responsive pleading is required.   Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 19 of the Petition.

20.     The allegations contained in paragraph 20 of the Petition are not directed at Chifici and therefore no responsive pleading is required.   Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 20 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

21.     Denies each and every allegation contained in paragraph 21 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

22.     Denies each and every allegation contained in paragraph 22 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

23.     The allegations contained in paragraph 23 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 23 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

24.     The allegations contained in paragraph 24 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 24 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

25.     The allegations contained in paragraph 25 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 25 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

26.     Denies each and every allegation contained in paragraph 26 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

27.     Denies each and every allegation contained in paragraph 27 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth

therein, and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein, and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein, and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Petition.

31.     Denies each and every allegation contained in paragraph 31 of the Petition.

32.     The allegations contained in paragraph 32 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 32 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

33.     The allegations contained in paragraph 33 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 33 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFFS"**

34.     Denies each and every allegation contained in paragraph 34 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

35.     Denies each and every allegation contained in paragraph 35 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

36.     Denies each and every allegation contained in paragraph 36 of the Petition.

37.     Denies each and every allegation contained in paragraph 37 of the Petition.

38.     Denies each and every allegation contained in paragraph 38 of the Petition, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT I:**
**FIRST CAUSE OF ACTION - NEGLIGENCE"**

39.     With respect to the allegations contained in paragraph 39 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     The allegations in paragraph 40 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 40 of the Petition, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

41.     Denies each and every allegation contained in paragraph 41 of the Petition.

42.     Denies each and every allegation contained in paragraph 42 of the Petition.

43.     The allegations in paragraph 43 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 43 of the Petition, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

44.     Denies each and every allegation contained in paragraph 44 of the Petition, including its subparts (a) through (p).

45.     Denies each and every allegation contained in paragraph 45 of the Petition.

46.     Denies each and every allegation contained in paragraph 46 of the Petition.

47.     Denies each and every allegation contained in paragraph 47 of the Petition.

48.     Denies each and every allegation contained in paragraph 48 of the Petition.

49.     Denies each and every allegation contained in paragraph 49 of the Petition.

**RESPONSE TO "COUNT II:**
**SECOND CAUSE OF ACTION – NEGLIGENCE PER SE"**

50.     With respect to the allegations contained in paragraph 50 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in

paragraphs 1 though 49 of this Answer with the same force and effect as though set forth here in full.

51.     The allegations in paragraph 51 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies that he violated any applicable law with respect to VIOXX®, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

52.     The allegations in paragraph 52 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 52 of the Petition.

53.     The allegations in paragraph 53 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 53 of the Petition.

54.     The allegations in paragraph 54 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 54 of the Petition.

55.     The allegations in paragraph 55 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 55 of the Petition, including its subparts (a) through (e).

56.     Denies each and every allegation contained in paragraph 56 of the Petition.

## RESPONSE TO "COUNT III:
## THIRD CAUSE OF ACTION – STRICT PRODUCT LIABILITY"

57.     With respect to the allegations contained in paragraph 57 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 56 of this Answer with the same force and effect as though set forth here in full.

58.     The allegations in the first two sentences of paragraph 58 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in said sentences.  Chifici denies each and every allegation contained in the third sentence of paragraph 58 of the Petition.

59.     Denies each and every allegation contained in paragraph 59 of the Petition.

60.     Denies each and every allegation contained in paragraph 60 of the Petition.

61.     Denies each and every allegation contained in paragraph 61 of the Petition.

62.     Denies each and every allegation contained in paragraph 62 of the Petition.

63.     Denies each and every allegation contained in paragraph 63 of the Petition and respectfully refers the Court to the FDA-approved prescribing information for VIOXX® for its actual language and full text.

64.     Denies each and every allegation contained in paragraph 64 of the Petition.

65.     Denies each and every allegation contained in paragraph 65 of the Petition.

66.     Denies each and every allegation contained in paragraph 66 of the Petition.

67.     The allegations contained in paragraph 67 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 67 of the Petition.

**RESPONSE TO "COUNT IV:**
**FOURTH CAUSE OF ACTION – STRICT PRODUCT LIABILITY –**
**RESTATEMENT SECOND OF TORTS 402a (1965)"**

68.     With respect to the allegations contained in paragraph 68 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 67 of this Answer with the same force and effect as though set forth here in full.

69.     Denies each and every allegation contained in paragraph 69 of the Petition.

70.     Denies each and every allegation contained in paragraph 70 of the Petition.

71.     Denies each and every allegation contained in paragraph 71 of the Petition.

72.     Denies each and every allegation contained in paragraph 72 of the Petition.

73.     Denies each and every allegation contained in paragraph 73 of the Petition and respectfully refers the Court to the FDA-approved prescribing information for VIOXX® for its actual language and full text.

74.     Denies each and every allegation contained in paragraph 74 of the Petition and respectfully refers the Court to the FDA-approved prescribing information for VIOXX® for its actual language and full text.

75.     Denies each and every allegation contained in paragraph 75 of the Petition.

**RESPONSE TO "COUNT V:**
**FIFTH CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY"**

76.     With respect to the allegations contained in paragraph 76 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 75 of this Answer with the same force and effect as though set forth here in full.

77.     The allegations in paragraph 77 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 77 of the Petition.

78.     Denies each and every allegation contained in paragraph 78 of the Petition.

79.     The allegations in paragraph 79 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 79 of the Petition.

80.     Chifici lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Chifici in paragraph 80 of the Petition, and denies each and every allegation directed towards Chifici in paragraph 80 of the Petition.

81.     Denies each and every allegation contained in paragraph 81 of the Petition.

82.     Denies each and every allegation contained in paragraph 82 of the Petition.

**RESPONSE TO "COUNT VI:**
**SIXTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY"**

83.     With respect to the allegations contained in paragraph 83 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 82 of this Answer with the same force and effect as though set forth here in full.

84.     The allegations in paragraph 84 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 84 of the Petition.

85.     Chifici lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Chifici in paragraph 85 of the Petition, and denies each and every allegation directed towards Chifici in paragraph 85 of the Petition.

86.     Denies each and every allegation contained in paragraph 86 of the Petition.

87.     Denies each and every allegation contained in paragraph 87 of the Petition.

## RESPONSE TO "COUNT VII:
## SEVENTH CAUSE OF ACTION – VIOLATION OF
## NEW JERSEY CONSUMER FRAUD ACT AND LOUISIANA UNFAIR TRADE
## PRACTICES ACT AND CONSUMER PROTECTION LAW"

88.    With respect to the allegations contained in paragraph 88 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 87 of this Answer with the same force and effect as though set forth here in full.

89.    The allegations contained in paragraph 89 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies that he violated any applicable law with respect to VIOXX®, and respectfully refers the Court to the relevant legal standard.

90.    The allegations in paragraph 90 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 90 of the Petition, except admits that VIOXX® is a prescription medicine.

91.    Denies each and every allegation contained in paragraph 91 of the Petition.

92.    The allegations contained in paragraph 92 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies that he violated any applicable law with respect to VIOXX®, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

93.    Denies each and every allegation contained in paragraph 93 of the Petition.

94.     Denies each and every allegation contained in paragraph 94 of the Petition, including its subparts (a) and (b).

95.     Denies each and every allegation contained in paragraph 95 of the Petition.

96.     The allegations in paragraph 96 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 96 of the Petition.

97.     Denies each and every allegation contained in paragraph 97 of the Petition.

98.     Denies each and every allegation contained in paragraph 98 of the Petition.

99.     Denies each and every allegation contained in paragraph 99 of the Petition.

100.    Denies each and every allegation contained in paragraph 100 of the Petition.

101.    The allegations in paragraph 101 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 101 of the Petition, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

102.    Denies each and every allegation contained in paragraph 102 of the Petition.

103.    Denies each and every allegation contained in paragraph 103 of the Petition.

104.    Denies each and every allegation contained in paragraph 104 of the Petition.

105.    Denies each and every allegation contained in paragraph 105 of the Petition.

106.    Denies each and every allegation contained in paragraph 106 of the Petition.

107.    Denies each and every allegation contained in paragraph 107 of the Petition.

108.    The allegations in paragraph 108 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 108 of the Petition.

109.    Denies each and every allegation contained in paragraph 109 of the Petition.

110.    The allegations in paragraph 110 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 110 of the Petition, and respectfully refers the Court to the relevant legal standard.

111.    Denies each and every allegation contained in paragraph 111 of the Petition.

112.    Denies each and every allegation contained in paragraph 112 of the Petition, except admits that Plaintiffs purport to seek treble actual damages but denies that there is any legal or factual basis for such relief.

113.    Denies each and every allegation contained in paragraph 113 of the Petition, except admits that Plaintiffs purport to seek injunctive relief but denies that there is any legal or factual basis for such relief.

114.    Denies each and every allegation contained in paragraph 114 of the Petition.

115.    Denies each and every allegation contained in paragraph 115 of the Petition.

116.    Denies each and every allegation contained in paragraph 116 of the Petition, except admits that Plaintiffs purport to seek punitive damages but denies there is any legal or factual basis for such relief.

117.    Denies each and every allegation contained in paragraph 117 of the Petition, except admits that Plaintiffs purport to seek restitution and the disgorgement of monies and profits but denies there is any legal or factual basis for such relief.

118.    Denies each and every allegation contained in paragraph 118 of the Petition, except admits that Plaintiffs purport to seek injunctive relief and the disgorgement of monies but denies there is any legal or factual basis for such relief.

119.    The allegations contained in paragraph 119 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 119 of the Petition, except admits that Plaintiffs purport to seek compensatory, punitive, and exemplary damages but denies there is any legal or factual basis for such relief.

120.    Denies each and every allegation contained in paragraph 120 of the Petition, except admits that Plaintiffs purport to seek treble actual damages and other relief but denies there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT VIII:**
**EIGHTH CAUSE OF ACTION – MEDICAL MONITORING"**

121.    With respect to the allegations contained in paragraph 121 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 120 of this Answer with the same force and effect as though set forth here in full.

122.    Denies each and every allegation contained in paragraph 122 of the Petition, except admits that Plaintiffs purport to seek injunctive relief but denies that there is any legal or factual basis for such relief.

123.    Chifici lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Chifici in paragraph 123 of the Petition, and denies each and every allegation directed towards Chifici in paragraph 123 of the Petition.

124.    Denies each and every allegation contained in paragraph 124 of the Petition.

125.    Denies each and every allegation contained in paragraph 125 of the Petition, except admits that Plaintiffs purport to seek injunctive relief but denies that there is any legal or factual basis for such relief.

126.    Denies each and every allegation contained in paragraph 126 of the Petition.

127.     Denies each and every allegation contained in paragraph 127 of the Petition.

128.     The allegations contained in paragraph 128 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 128 of the Petition.

129.     Chifici lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Chifici in paragraph 129 of the Petition, and denies each and every allegation directed towards Chifici in paragraph 129 of the Petition.

130.     Denies each and every allegation contained in paragraph 130 of the Petition, including its subparts 1 through 8, except admits that Plaintiffs purport to seek injunctive relief but denies that there is any legal or factual basis for such relief.

131.     The allegations in paragraph 131 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained therein, except admits that Plaintiffs purport to seek injunctive relief but denies that there is any legal or factual basis for such relief.

132.     The allegations in paragraph 132 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 132 of the Petition.

133.     Denies each and every allegation contained in paragraph 133 of the Petition, except admits that Plaintiffs purport to seek injunctive relief as well as compensatory, punitive, and exemplary damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT IX:
## NINTH CAUSE OF ACTION – UNJUST ENRICHMENT"

134.    With respect to the allegations contained in paragraph 134 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 133 of this Answer with the same force and effect as though set forth here in full.

135.    Denies each and every allegation contained in paragraph 135 of the Petition.

136.    Denies each and every allegation contained in paragraph 136 of the Petition.

## RESPONSE TO "COUNT IX:
## TENTH CAUSE OF ACTION – REDHIBITION"

137.    With respect to the allegations contained in paragraph 137 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 136 of this Answer with the same force and effect as though set forth here in full.

138.    Denies each and every allegation contained in paragraph 138 of the Petition.

139.    Denies each and every allegation contained in paragraph 139 of the Petition.

140.    Chifici lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Chifici in paragraph 140 of the Petition, and denies each and every allegation directed towards Chifici in paragraph 140 of the Petition.

141.    Denies each and every allegation contained in paragraph 141 of the Petition.

142.    Denies each and every allegation contained in paragraph 142 of the Petition.

143.    The allegations in paragraph 143 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 143 of the Petition.

144.    The allegations in paragraph 144 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 144 of the Petition.

**RESPONSE TO "COUNT X:**
**PRODUCTS LIABILITY – DEFECTIVE DESIGN (N.J.S.A 2A:58C-2 *et seq.* )"**

145.    With respect to the allegations contained in paragraph 145 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 144 of this Answer with the same force and effect as though set forth here in full.

146.    Denies each and every allegation contained in paragraph 146 of the Petition.

147.    Denies each and every allegation contained in paragraph 147 of the Petition.

148.    Denies each and every allegation contained in the first sentence of paragraph 148 of the Petition, and denies each and every allegation contained in the second sentence of said paragraph, as he is without knowledge or information sufficient to form a belief as to the truth therein.

149.    Denies each and every allegation contained in the third sentence of paragraph 149 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.  Denies each and every allegation contained in the first, second and fourth sentences of paragraph 149 of the Petition.

150.    The allegations contained in paragraph 150 of the Petition are not directed at Chifici and are legal conclusions; therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 150 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

151.    The allegations contained in paragraph 151 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 151 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

152.    Denies each and every allegation contained in paragraph 152 of the Petition.

### RESPONSE TO "COUNT XI:
### PRODUCTS LIABILITY – FAILURE TO WARN (N.J.S.A 2A:58C-2 *et seq.* )"

153.    With respect to the allegations contained in paragraph 153 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 152 of this Answer with the same force and effect as though set forth here in full.

154.    The allegations contained in paragraph 154 of the Petition are not directed at Chifici and are legal conclusions; therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph

154 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

155.    Denies each and every allegation contained in paragraph 155 of the Petition, and respectfully refers the Court to the FDA-approved prescribing information for VIOXX® for its actual language and full text.

156.    The allegations contained in paragraph 156 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 156 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

157.    The allegations contained in paragraph 157 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 157 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

158.    Denies each and every allegation contained in paragraph 158 of the Petition, and respectfully refers the Court to the FDA-approved prescribing information for VIOXX® for its actual language and full text.

159.    The allegations contained in paragraph 159 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 159 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO "COUNT XII:**
**NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A 56:8-2 et seq. )"**

160.    With respect to the allegations contained in paragraph 160 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in

paragraphs 1 though 159 of this Answer with the same force and effect as though set forth here in full.

161.    The allegations in paragraph 161 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 161 of the Petition, and respectfully refers the Court to the relevant legal standard.

162.    The allegations contained in paragraph 162 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 162 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

163.    The allegations contained in paragraph 163 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 163 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

164.    The allegations contained in the first sentence of paragraph 164 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 164 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.  Chifici denies each and every allegation contained in the second sentence of paragraph 164 of the Petition.

165.    Denies each and every allegation contained in paragraph 165 of the Petition.

166.   Denies each and every allegation contained in paragraph 166 of the Petition.

167.   Chifici lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Chifici in paragraph 167 of the Petition, and denies each and every allegation directed towards Chifici in paragraph 167 of the Petition.

168.   The allegations in paragraph 168 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained therein.

169.   The allegations contained in paragraph 169 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 169 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

170.   The allegations contained in paragraph 170 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 170 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

171.   Denies each and every allegation contained in paragraph 171 of the Petition, and respectfully refers the Court to the FDA-approved prescribing information for VIOXX® for its actual language and full text.

172.   The allegations contained in paragraph 172 of the Petition are not directed at Chifici and are legal conclusions; therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph

172 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

173.    The allegations contained in paragraph 173 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 173 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

174.    The allegations in paragraph 174 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained therein.

175.    The allegations contained in paragraph 175 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 175 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

176.    Denies each and every allegation contained in paragraph 176 of the Petition.

### RESPONSE TO "COUNT XIII:
### BREACH OF EXPRESS WARRANTY"

177.    With respect to the allegations contained in paragraph 177 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 176 of this Answer with the same force and effect as though set forth here in full.

178.    The allegations contained in paragraph 178 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed

required, Chifici denies each and every allegation contained in paragraph 178 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

179.    The allegations contained in paragraph 179 of the Petition are not directed at Chifici and are legal conclusions; therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 179 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

180.    Chifici lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Chifici in paragraph 180 of the Petition, and denies each and every allegation directed towards Chifici in paragraph 180 of the Petition.

181.    Chifici lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Chifici in paragraph 181 of the Petition, and denies each and every allegation directed towards Chifici in paragraph 181 of the Petition.

182.    The allegations contained in the first sentence of paragraph 182 of the Petition are not directed at Chifici and are legal conclusions; therefore no responsive pleading is required.  Chifici denies each and every allegation in the second sentence of paragraph 182 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

183.    The allegations in paragraph 183 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained therein.

184.    Denies each and every allegation contained in paragraph 184 of the Petition.

185.    Denies each and every allegation contained in paragraph 185 of the Petition.

## RESPONSE TO "COUNT XIV:
## LOSS OF CONSORTIUM"

186.    With respect to the allegations contained in paragraph 186 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 though 185 of this Answer with the same force and effect as though set forth here in full.

187.    Denies each and every allegation contained in paragraph 187 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

188.    Denies each and every allegation contained in paragraph 188 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

189.    Denies each and every allegation contained in paragraph 189 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "ADDITIONAL ALLEGATIONS RE: LOUISIANA DISTRIBUTORS"

190.    With respect to the allegations contained in paragraph 190 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in

paragraphs 1 though 189 of this Answer with the same force and effect as though set forth here in full.

191.    The allegations contained in paragraph 191 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 191 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

192.    Denies each and every allegation contained in paragraph 192 of the Petition.

193.    The allegations contained in paragraph 193 of the Petition are not directed at Chifici and therefore no responsive pleading is required.  Should a response be deemed required, Chifici denies each and every allegation contained in paragraph 193 of the Petition, as he is without knowledge or information sufficient to form a belief as to the truth therein.

194.    Denies each and every allegation contained in paragraph 194 of the Petition.

195.    Denies each and every allegation contained in paragraph 195 of the Petition.

196.    Denies each and every allegation contained in paragraph 196 of the Petition.

197.    The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Relief Requested" constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Chifici denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

198.    The allegations contained in the unnumbered paragraph under the heading "Demand for Jury Trial" are legal conclusions to which no response is required.

## AS FOR A FIRST
## DEFENSE, CHIFICI ALLEGES:

199.    The Petition fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, CHIFICI ALLEGES:

200.    The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

## AS FOR A THIRD
## DEFENSE, CHIFICI ALLEGES:

201.    To the extent that Plaintiffs assert claims against Chifici based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La. Rev. Stat. § 9:2800.51, *et seq.*

## AS FOR A FOURTH
## DEFENSE, CHIFICI ALLEGES:

202.    To the extent that Plaintiffs assert claims based on Chifici's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, CHIFICI ALLEGES:

203.    The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, CHIFICI ALLEGES:

204.    Each and every claim asserted or raised in the Petition is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, CHIFICI ALLEGES:

205.    To the extent that Plaintiffs assert claims in the Petition based upon an alleged failure by Chifici to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Chifici has discharged his duty to warn in his warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, CHIFICI ALLEGES:

206.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, CHIFICI ALLEGES:

207.    The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, CHIFICI ALLEGES:

208.    The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, CHIFICI ALLEGES:

209.    The claims of the Plaintiffs are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, CHIFICI ALLEGES:

210.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, CHIFICI ALLEGES:

211.    The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, CHIFICI ALLEGES:

212.    If Plaintiffs have sustained injuries or losses as alleged in the Petition, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, CHIFICI ALLEGES:

213.    If Plaintiffs have sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Chifici and over whom Chifici had no control and for whom Chifici may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, CHIFICI ALLEGES:

214.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Petition, Chifici's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, CHIFICI ALLEGES:

215.    If Plaintiffs have sustained injuries or losses as alleged in the Petition, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, CHIFICI ALLEGES:

216.    If Plaintiffs have sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of VIOXX®.

## AS FOR A NINETEENTH
## DEFENSE, CHIFICI ALLEGES:

217.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, CHIFICI ALLEGES:

218.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-FIRST
### DEFENSE, CHIFICI ALLEGES:

219.    Each and every claim asserted or raised in the Petition is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

### AS FOR A TWENTY-SECOND
### DEFENSE, CHIFICI ALLEGES:

220.    Inasmuch as the Petition does not describe the alleged underlying claims with sufficient particularity to enable Chifici to determine all of his legal contractual and equitable rights.  Chifici reserves the right to amend and/or supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A TWENTY-THIRD
### DEFENSE, CHIFICI ALLEGES:

221.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Petition, such an award would also, if granted, violate Chifici's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH
### DEFENSE, CHIFICI ALLEGES:

222.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Chifici, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, CHIFICI ALLEGES:

223.    The demand for punitive damages by the Plaintiffs is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, CHIFICI ALLEGES:

224.    To the extent that Plaintiffs assert claims against Chifici based on theories of liability or elements of damages provided in the Louisiana Products Liability Act or any other applicable state products liability provisions, Plaintiffs have failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.59(A), or any other applicable state products liability provisions.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, CHIFICI ALLEGES:

225.    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, CHIFICI ALLEGES:

226.    To the extent that Plaintiffs assert claims against Chifici based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH
## DEFENSE, CHIFICI ALLEGES:

227.    Chifici demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

228.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Chifici reserves his rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

229.    Chifici hereby gives notice that he intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Chifici hereby reserves the right to amend his answer to assert any such defense.

**WHEREFORE**, defendant, Garrett Chifici, prays for judgment as follows:

1.    That his Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Petition with prejudice against Chifici with costs assessed to Plaintiffs;

2.    Awarding Chifici the cost and disbursements he incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  July 15, 2005

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Attorneys for Garrett Chifici

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Garrett Chifici has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 15th day of July, 2005.

_____