UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JUL 1 4 2005

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Jensen v. Merck &* | * | JUDGE FALLON |
| *Co., Inc.,* (E.D. La. Index No. 05-1799) | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * | * | |

## MERCK'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the numbered and unnumbered paragraphs of plaintiff's Complaint as follows:

### ANSWER TO "I.  PARTIES"

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, and therefore denies same.

2.      Merck denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business and corporate headquarters in Whitehouse Station, New Jersey.

3.      Merck denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

### ANSWER TO "II.  JURISDICTION AND VENUE"

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no answer is required.  Should an answer be deemed required, Merck admits that plaintiff alleges an amount in controversy greater than $75,000 but avers that there is no legal or factual basis



alleges an amount in controversy greater than $75,000 but avers that there is no legal or factual basis for any of the relief sought.

5.      The allegations contained in the first sentence in paragraph 5 of the Complaint are legal conclusions as to which no answer is required.  Should an answer be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in first sentence of paragraph 5 of the Complaint, and therefore denies same.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in second and third sentences of paragraph 5 of the Complaint, and therefore denies same.

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no answer is required.  Should an answer be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Complaint.

### ANSWER TO "III.  FACTUAL BACKGROUND"

7.      Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

8.      Merck denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck marketed the prescription medication VIOXX®, which was approved by the Food and Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.  Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that VIOXX® was prescribed to millions of patients by health care providers and sales figures

exceeded $2 billion for 2003.

9.      Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

### ANSWER TO "III. A.  Merck's Pre-Market knowledge of VIOXX's Cardiotoxicity and Prothrombotic Effects"

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.

14.     Merck denies each and every allegation in paragraph 14 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint.

### ANSWER TO "III. B.  The VIOXX Gastrointestinal Research ('VIGOR') Study"

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Merck denies each and every allegation contained in the first sentence of paragraph 24 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 24 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.  Merck denies each and every allegation contained in the third sentence of paragraph 24 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that the referenced press releases exist and respectfully refers the Court to the referenced

documents for their actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced publication for its actual conclusions and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation contained in the paragraph 34 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX®

compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

**ANSWER TO "III. C.  Post-Withdrawal Confirmation of VIOXX's Cardiotoxicity"**

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint except admits that the referenced article and studies exists and respectfully refers the Court to the referenced publications and studies for their actual language, conclusions and full text.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint

except admits that the referenced hearings took place and respectfully refers the Court to the transcripts for the referenced hearings for their actual and full content.

42.    Merck denies each and every allegation contained in paragraph 42 of the Complaint except admits that the referenced hearings took place and respectfully refers the Court to the transcripts for the referenced hearings for their actual and full content.

43.    Merck denies each and every allegation contained in paragraph 43 of the Complaint except admits that the referenced hearings took place and respectfully refers the Court to the transcripts for the referenced hearings for their actual and full content.

44.    Merck denies each and every allegation contained in paragraph 44 of the Complaint except admits that the referenced hearings took place and respectfully refers the Court to the transcripts for the referenced hearings for their actual and full content.

## ANSWER TO "IV.  PLAINTIFF BETTY J. GROSE"

45.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint, and therefore denies same.

46.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint, and therefore denies same.

47.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint, and therefore denies same.

48.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint, and therefore denies same.

49.    Merck denies each and every allegation contained in paragraph 49 of the Complaint.

## ANSWER TO "V. CAUSES OF ACTION- COUNT ONE (Negligence)"

50.    With respect to the allegations contained in paragraph 50 of the Complaint, Merck

repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 49 of this Answer with the same force and effect as though set forth here in full.

51.     The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no answer is required.  Should an answer be deemed required, Merck denies each and every allegation contained in said paragraph.

52.     The allegations contained in paragraph 52 of the Complaint are legal conclusions as to which no answer is required.  Should an answer be deemed required, Merck denies each and every allegation contained in said paragraph.

53.     The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no answer is required.  Should an answer be deemed required, Merck denies each and every allegation contained in said paragraph.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint, including subparagraph (a) through (m).

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint and specifically denies that any injury allegedly suffered by plaintiff Betty Grose was caused by the prescription medicine VIOXX®.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint, specifically denies that plaintiff is entitled to punitive damages, and affirmatively avers that plaintiff has failed to state a claim for punitive damages.

61.     With respect to the allegations contained in paragraph 61 of the Complaint, Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

### ANSWER TO "V. CAUSES OF ACTION- COUNT TWO (Products Liability)"

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint except that Merck admits it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint, and therefore denies same.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint and specifically denies that any injury allegedly suffered by plaintiff Betty Grose was caused by the prescription medicine VIOXX®.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     With respect to the allegations contained in paragraph 74 of the Complaint, Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

### ANSWER TO "V.  CAUSES OF ACTION- COUNT THREE (Fraud)"

75.     With respect to the allegations contained in paragraph 75 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 74 of this Answer with the same force and effect as though set forth here in full.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Merck denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint and specifically denies that any injury allegedly suffered by plaintiff Betty Grose was caused by the prescription medicine VIOXX®.

89.     With respect to the allegations contained in paragraph 89 of the Complaint, Merck

admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

**ANSWER TO "V.  CAUSES OF ACTION- COUNT FOUR**
**(Breach of Warranties (Express and Implied))"**

90.    With respect to the allegations contained in paragraph 90 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 89 of this Answer with the same force and effect as though set forth here in full.

91.    Merck denies each and every allegation contained in paragraph 91 of the Complaint.

92.    Merck denies each and every allegation contained in paragraph 92 of the Complaint, including subparagraphs (a) through (f).

93.    Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.    Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.    Merck denies each and every allegation contained in paragraph 95 of the Complaint.

96.    Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97.    Merck denies each and every allegation contained in paragraph 97 of the Complaint, including subparagraphs (a) through (c).

98.    Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.    Merck denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Merck denies each and every allegation contained in paragraph 100 of the Complaint and specifically denies that any injury allegedly suffered by plaintiff Betty Grose was caused by the prescription medicine VIOXX®.

101.    With respect to the allegations contained in paragraph 101 of the Complaint, Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

**ANSWER TO "V.  CAUSES OF ACTION- COUNT FIVE (Unjust Enrichment)"**

102.    With respect to the allegations contained in paragraph 102 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 101 of this Answer with the same force and effect as though set forth here in full.

103.    Merck denies each and every allegation contained in paragraph 103 of the Complaint except that Merck admits it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

104.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of the Complaint, and therefore denies same.

105.    Merck denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Merck denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Merck denies each and every allegation contained in paragraph 107 of the Complaint.

108.    With respect to the allegations contained in paragraph 108 of the Complaint, Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

**ANSWER TO "PRAYER FOR RELIEF"**

109.    With respect to the allegations contained in paragraph 109 of the Complaint, Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

110.    With respect to the allegations contained in paragraph 110 of the Complaint, Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

111.    With respect to the allegations contained in paragraph 111 of the Complaint, Merck

admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

112.    With respect to the allegations contained in paragraph 112 of the Complaint, Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought, specifically denies that plaintiff is entitled to punitive damages, and affirmatively avers that plaintiff has failed to state a claim for punitive damages.

113.    With respect to the allegations contained in paragraph 113 of the Complaint, Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

114.    With respect to the allegations contained in paragraph 114 of the Complaint, Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

115.    With respect to the allegations contained in paragraph 115 of the Complaint, Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter.  Merck therefore asserts said affirmative defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate.  Further, Merck reserves the right to amend its answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds.  Further answering and by way of additional defense, Merck states as follows:

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Each and every claim asserted or raised in the Complaint is barred by the applicable statue of limitations and is otherwise untimely.

3.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

4.    If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other independent, intervening or superseding cause or causes over which Merck had no control.  Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by plaintiff, and thereby become the immediate and/or sole proximate or producing cause of such occurrence and injuries.

5.    To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

6.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration ("FDA") under 52 Stat. 1040, 21 U.S.C. § 301, and because Merck has complied with all requirements of the FDA.

7.    Plaintiff's claims are barred in whole or in part by the First Amendment.

8.    To the extent plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred

because Merck had no contact with plaintiff and no duty to communicate warnings to plaintiff.

9.      Any warnings that Merck gave were transmitted to the prescribing physician and/or health-care providers and, under the learned-intermediary doctrine as applied in Tennessee, Merck's only obligation is to warn the prescribing physician and/or health-care providers and said obligation was fulfilled.

10.     Plaintiff's claims are barred by the intervention of a learned-intermediary or intermediaries whose acts, omissions or fault are the cause of plaintiff's injuries, damages or losses, if any.

11.     Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of VIOXX® and any other Merck drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

12.     If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the negligence of the allegedly injured plaintiff or third parties, and damages, if any, must be reduced proportionately or barred.

13.     If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

14.     If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this defendant is not responsible.

15.     Plaintiff's claims are barred in whole or in part because VIOXX® is a prescription medication which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) of Torts.

16.     Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

17.     To the extent that plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or because the alleged warranties were disclaimed.

18.     The Complaint fails to state a claim for which relief may be granted for punitive damages, exemplary or treble damages.

19.     To the extent that plaintiff seeks punitive, exemplary or treble damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

20.     To the extent that plaintiff seeks punitive, exemplary or treble damages for an alleged act or omission of Merck, no act or omission was intentional, malicious, fraudulent or reckless and, therefore, any award of punitive, exemplary or treble damages is barred.

21.     Plaintiff's demand for punitive, exemplary or treble damages is barred because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

22.     An award of punitive, exemplary or treble damages without bifurcating the trial as to all alleged punitive damages would violate Merck's due process rights under the United States Constitution, therefore Merck moves for bifurcation on the issue of punitive damages.

23.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured, barring plaintiff's recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

24.     If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff's misuse or abuse of VIOXX® barring recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

25.     Plaintiff's claims are barred because VIOXX® was neither defective nor unreasonably dangerous in its design, manufacture or marketing at the time it left Merck's hands, and was at all times reasonably safe and reasonably fit for its intended use, thereby barring plaintiff's recovery pursuant to the at the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

26.     To the extent the plaintiff's claims are based upon any theory of product liability, they are barred or limited by Tennessee's Product Liability Act, Tenn. Code Ann. §29-28-101 *et seq.*, and Merck affirmatively asserts all defenses available therein.

27.     To the extent plaintiff is seeking recovery for benefits he may be entitled to receive or have actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

28.     Any liability that might otherwise be imposed upon this defendant is subject to reduction or bar by the application of the doctrine of comparative fault.

29.     Plaintiff's claims are barred by his failure to prevent or mitigate the damages claimed.

30.     Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of

Torts: Products Liability.

31.     To the extent that plaintiff's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

32.     If plaintiff sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God, or were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

33.     Each and every claim asserted or raised in the Complaint is barred by the doctrine of res judicata.

34.     Each and every claim in the Complaint is barred by the doctrine of payment and release.

35.     The benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

36.     Plaintiff has failed to join all necessary and indispensable parties.

37.     The extent of any risk associated with the use of VIOXX®, the existence of which risk is not admitted, was, at the time of the distribution of the product, unknown and could not have been known by the use of ordinary care by Merck.

38.     This case is more appropriately brought in a different venue.

39.     Venue in this case is improper.

40.     Plaintiff knew of the existence of any risks complained of in the Complaint, realized and appreciated the possibilities of injury as a result of the risk, and having had a reasonable opportunity to avoid it, voluntarily exposed herself to the risk.

41.     At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm

without substantially impairing the usefulness of the product.

42.    Merck made no express or implied representations or warranties of any kind to plaintiff, nor did plaintiff rely on any representations or warranties made by Merck.  To the extent plaintiff relied upon and representations or warranties, such reliance was unjustified.

43.    Merck did not breach any duty of care to plaintiff.

44.    To the extent plaintiff seeks to assert claims based upon allegations of fraud, such claims are barred by reason of plaintiff's failure to allege fraud with the particularity required by the Federal and Tennessee Rules of Civil Procedure.

45.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck hereby give notice that it will rely on all defenses that may be raised by any other defendant or that otherwise may become available during discovery or trial, and reserves the right to amend its Answer to assert any such defense.

WHEREFORE, Merck denies any and all liability to plaintiff, and respectfully demands judgment dismissing plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

## **MERCK'S JURY DEMAND**

Merck hereby requests a trial by jury.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Answer has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with the Pretrial Order No. 8, on July 8, 2005.

> Kathryn E. Barnett
> LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
> 3319 West End Avenue, Suite 600
> Nashville, TN 37203-1074
>
> Elizabeth J. Cabraser
> Heather A. Foster
> Karin Kramer
> LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
> Embarcadero Center West
> 275 Battery Street, 30th Floor
> San Francisco, CA 94111-3339
>
> ATTORNEYS FOR THE PLAINTIFF

Dated this the 8th day of July, 2005.

JACKSON 1055968v1

Merck hereby requests a trial by jury.

Respectfully submitted,

*Charles C. Harrell*

CHARLES C. HARRELL (#5886)
LISA M. MARTIN (#23314)
Attorneys for Defendants
BUTLER, SNOW, O'MARA,
STEVENS & CANNADA, PLLC
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone:  (901) 680-7200
Facsimile:  (901) 680-7201

COUNSEL FOR DEFENDANT MERCK & CO., INC.


OF COUNSEL:

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000