COPY IN CHAMBERS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 20  PM 12:51

LORETTA G. WHYTE
CLERK

RECEIVED
JUL 19 2005
CHAMBERS OF
U.S. DISTRICT JUDGE
ELDON E. FALLON

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX PRODUCTS   )   MDL NO. 1657
LIABILITY LITIGATION    )
                        )   SECTION L
                        )
                        )   JUDGE FALLON
                        )   MAG. JUDGE KNOWLES
                        )
                        )
                        )

STIPULATED PROTECTIVE ORDER FOR THE TRADE SECRETS
AND CONFIDENTIAL PROPRIETARY INFORMATION OF
MERCK & CO., INC.
PRODUCED BY THE FOOD AND DRUG ADMINISTRATION
PURSUANT TO A CIVIL SUBPOENA

Plaintiffs in a lawsuit entitled "Robert Walson v. Merck & Co., Inc.," Docket No. 04-27-GPM ("the Walsh Case") served the United States Food and Drug Administration ("FDA"), a non-party to this action, with a civil subpoena on September 22, 2004 ("the Subpoena"). Subsequently, the Walsh Case was transferred to this Court and made a part of the captioned multi-district litigation ("the Vioxx MDL"). The Subpoena requests certain documents within

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No ____

the possession of the FDA regarding the drug Vioxx. Specifically, the Subpoena requests:

1. All documents which have been produced or which will be produced to Merck or its Agents in connection with any FOIA request sent to you by Merck with respect to Vioxx.
2. All documents constituting, reflecting or referring to any communication between the FDA and Merck relating to either premarketing adverse events (those seen in the Vioxx clinical trials) and post marketing adverse events (those reported through MedWatch or seen in post-marketing clinical trials involving Vioxx).
3. All documents referring or relating to Vioxx that were authored by agents or employees of the FDA, including FDA Medical Officers and Office of Post-Marketing Surveillance.
4. All documents generated by FDA's Office of Post Marketing Drug Risk Assessment, or the Division of Drug Risk Evaluation relating to or referring to Vioxx.
5. All FDA and external review memoranda, correspondence, memoranda documenting telecons, advisory committee materials (including transcripts and videotapes of all Advisory Committee meetings and hearings), minutes of meetings, and periodic and annual safety reports relating to Vioxx.
6. All documents which, at any time to the present, set forth the reasons for, refer, or relate to, or which were relied to or relied upon in connection with the approval of the NDA for Vioxx.
7. All "Dear Health Care Professional" documents, other similar documents and related correspondence, press releases and talk papers, which, at any time to the present, refer or relate to Vioxx.
8. All documents, no matter when drafted or created, which refer or relate to the FDA Drugs Advisory Committee meetings relating or referring to Vioxx, including the transcripts of those meetings, and the Advisory Committee's briefing materials on Vioxx as well as correspondence with Merck concerning the meetings.
9. All other documents in the custody or control of FDA to or from any public or private source, domestic or foreign, which refer or relate to the safety, effectiveness, advertising, marketing,

2

promotion, or use (including off label) of Vioxx, including but not limited to: a) All experts, consultants, and private interests; b) All other Federal and state governmental entities including NIH or any component thereof, The Center for Medicare and Medicaid Services (formerly known as HCFA), the Department of Veteran's Affairs, The Public Health Service, HHS or any component thereof, CDC, and any member of Congress of the United States or their representatives, and other state or Federal Departments, agencies, governments, or political subdivisions; c) All other public and private health care entities including any health care insurers, managed care organizations, public or private formularies, bds of medicine or bds of pharmacy, and pharmacy benefit management companies; d) All foreign governments or agencies thereof including but not limited to CPMP, MCA, France, Canada, Ireland, Australia and Japan; and e) All Offices of the Attorney General, District Attorney or other law enforcement type state or municipal agencies or subdivisions including those from foreign countries.

10. All other documents which have been reviewed by or produced to the office of any attorney general of any state, the FBI, DOJ, any United State Attorney's Office, Dept. of HHS, including but not limited to the Office of the Inspector General, or any member or committee of US Congress, which refer or relate to the approval of the NDAs for Vioxx, including documents authored by clinical investigators in the Vioxx Clinical Trials.

11. Documents in the custody and control of the following FDA offices and FDA officials, employees, and former employees, which refer or relate to Vioxx: a) The Office of the Commissioner, including the Office of Legislative Affairs and the Office of Internal Affairs; b) Office of Regulatory Affairs, including the Office of Enforcement, the Office of Criminal Investigations, and the bioresearch monitoring program; and c) The Center for Drug Evaluation and Research, Including CDER's Office of Center Director, Office of Medical Policy, Office of Clin Pharm and Biopharm, Office of Drug Eval II, OPDRA, Advisors and Consultants, DDMAC, Compliance, Division of Scientific Investigations, Clinical Investigations Branch

12. All warning letters, notice of violation letters, other regulatory letters, Form FDA 483s, or EIRs which relate or refer to Vioxx.
13. All documents authorized by the FDA or any of its employees regarding the contents or sufficiency of any NDA or supplemental NDA for Vioxx and or regarding any FDA labeling supplements submitted to FDA for review in connection with any of these NDAs.
14. All documents relating to all labeling changes for Vioxx.
15. All documents to and from Merck concerning Vioxx (excluding IND, NDA or SNDA submissions as defined above).

Many of the materials submitted to FDA by drug manufacturers contain trade secrets and other confidential commercial information. The FDA is prohibited from disclosing information obtained through its regulatory functions that consists of a drug manufacturer's trade secrets or confidential commercial information. The Trade Secrets Act, 18 U.S.C. § 1905, prohibits the release of trade secret information unless otherwise authorized by law. Similarly, FDA is specifically prohibited from releasing trade secret information in a judicial proceeding that is not brought under the Federal Food, Drug, and Cosmetic Act. 21 U.S.C. § 331(j). With respect to confidential commercial information, the Trade Secrets Act prohibits the release of such information unless otherwise authorized by law. 18 U.S.C. § 1905. Moreover, FDA regulations provide that trade secrets and privileged or confidential commercial information are not available for public disclosure. 21 C.F.R. § 20.61.

In order to provide records responsive to the Subpoena in this case and at the same time comply with applicable law, the FDA must obtain the permission of Merck & Co., Inc. ("Merck") to release documents that contain the company's valuable trade secrets and confidential commercial information. Merck has agreed to grant permission to the FDA to release Merck's trade secret and confidential commercial information contained in responsive documents, subject to appropriate redaction of other applicable privileges, only upon entry of a suitable order sufficient to protect Merck's proprietary interests.

Accordingly, pursuant to the stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED:

1. All documents produced by the FDA pursuant to the Subpoena ("Protected Documents") shall be designated "IN RE VIOXX LITIGATION - CONFIDENTIAL DOCUMENTS SUBJECT TO PROTECTIVE ORDER and shall be used solely for the purpose of conducting the litigation in the Vioxx MDL or related litigation pending in state court and not for any other purpose whatsoever by any person having access to such material. Whenever a party objects to the confidential designation of documents produced by the FDA, it may apply to the Court for a hearing to determine whether the challenged documents are entitled to such designation. Until such time as the Court enters an order changing or disallowing the designation, the material shall be treated as confidential.

2. All Protected Documents shall not be disclosed to nor their contents discussed with any persons except:

(a) The Court in the Vioxx MDL or in related state-court litigation, including its authorized personnel.

(b) The Court in any case that has been returned to its originating federal district at the conclusion of the MDL, including its authorized personnel.

(c) Counsel of record for any party in the Vioxx MDL, including any "tag-along actions" as that term is defined in the Rules of Procedure of the Judicial Panel on MultiDistrict Litigation, or any related state-court litigation and the employees of such counsel (including legal assistants, investigators and other persons employed and supervised by such counsel) necessary to assist such counsel in the conduct of the federal cases in the Vioxx MDL or related state court litigation. Prior to disclosure of any documents produced pursuant to the Subpoena, to any such counsel of record or any of their employees, such counsel of record shall 1) be provided with a copy of this Protective Order and 2) sign the affidavit attached hereto as Exhibit "A." Liaison counsel for each party shall maintain a copy of all affidavits executed pursuant to this paragraph.

(d) Experts or Consultants retained by any party for the purpose of the conduct of the cases in the Vioxx MDL or any related state court litigation, provided that, prior to the disclosure of

6

documents produced pursuant to the Subpoena or the contents thereof to such individuals, the party proposing to make such disclosure shall deliver a copy of this Protective Order to the individual, shall explain its terms to the individual, and shall secure a signed affidavit in the form set forth in Exhibit "B." Counsel for the party retaining the expert or consultant shall maintain a copy of all affidavits executed pursuant to this paragraph.

3. If any party desires to utilize any Protected Document or any copy thereof for any purposes in any hearing or other proceeding conducted in open court either during the Vioxx MDL or thereafter in any case which has been returned to its originating federal district or in any related state court litigation, the following procedures shall be followed:

(a) Any such Protected Document or copy actually admitted into evidence in such hearing or proceeding shall be placed under seal of the Court, subject only to the inspection by the Court, the jury empaneled for such hearing or proceeding and the parties identified in Paragraph 2;

(b) Any Protected Document or copy used for any purposes during such hearing or proceeding, but not admitted into evidence, shall be retained by the utilizing party and, in accordance with Paragraph 2 above, shall not be further disseminated except as otherwise provided in this Protective Order.

4. Testimony regarding a Protected Document or information contained in a Protected Document taken at a deposition or in any hearing or other proceeding conducted in open court either during the Vioxx MDL or thereafter in any case which has been returned to its originating federal district or in any related state court litigation shall be sealed and subject only to the same protection under this Protective Order as other Protected Documents.

5. Upon completion of this litigation and any related state court litigation, all Protected Documents and all copies thereof shall be returned to the FDA, or, in the alternative, destroyed by the attorneys in possession of such material. Any counsel who has disseminated Protected Documents to any Expert or Consultant shall be responsible for obtaining such material and all copies thereof from the Expert or Consultant and either returning such documents to the FDA or destroying them. If an attorney opts to destroy the documents subject to this Protective Order, they shall certify in writing to the FDA, within five (5) days of destruction, that all such documents have been destroyed. Protected Documents which were admitted into evidence at trial as described in Paragraph 3 of this Protective Order, shall remain under seal.

6. Violation of any of the provisions of this Protective Order shall result in the imposition of penalties and sanctions to be determined by the Court. The Court shall retain

jurisdiction to enforce the provisions of this Protective Order beyond the term of this action.

STIPULATED AND AGREED TO FOR PLAINTIFFS:
PLAINTIFFS' LIAISON COUNSEL: *[signature]*

STIPULATED AND AGREED TO FOR DEFENDANTS:
DEFENDANTS' LIAISON COUNSEL: *Phil Wittmann*

COUNSEL FOR MERCK & CO. INC: *Phil Wittmann*

SO ORDERED
DATED this  19  day of  July , 2005

*[signature]*
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

9

EXHIBIT "A"

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX PRODUCTS           )    MDL NO. 1657
       LIABILITY LITIGATION     )
                                )    SECTION L
                                )
                                )    JUDGE FALLON
                                )    MAG. JUDGE KNOWLES
                                )

AFFIDAVIT OF ACKNOWLEDGMENT OF PROTECTIVE ORDER

1. My name is _____.

2. I am counsel of record for _____ in the captioned multidistrict litigation (the Vioxx MDL).

3. My business address is _____.

4. I have received a copy of the Protective Order entered by the Court in the Vioxx MDL.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the protective order.

8. I understand that, if I violate the protective order, I may be subject to the imposition of penalties and sanctions to be determined by the Court.

10

9. I consent to the jurisdiction of the Court for enforcement of the provisions of the protective order.

_____
AFFIANT
Print Name:

Sworn and subscribed before me on this
_____ day of _____, 200___.

_____
Notary Public
My commission expires on _____.

11

EXHIBIT "B"

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX PRODUCTS        )   MDL NO. 1657
       LIABILITY LITIGATION  )
                             )   SECTION L
                             )
                             )   JUDGE FALLON
                             )   MAG. JUDGE KNOWLES
                             )
                             )

<u>AFFIDAVIT OF ACKNOWLEDGMENT OF PROTECTIVE ORDER</u>

1. My name is _____.

2. My business address is _____
_____.

3. My present employer is _____.

4. My present occupation or job description is
_____.

5. I have received a copy of the protective order entered by the Court in the captioned multidistrict litigation.

6. I have carefully read and understand the provisions of the protective order.

7. I will comply with all of the provisions of the protective order.

8. I understand that, if I violate the protective order, I may be subject to the imposition of penalties and sanctions to be determined by the Court.

12

9. I consent to the jurisdiction of the Court for enforcement of the provisions of the protective order.

```
                                   _____
                                   AFFIANT
                                   Print Name:

Sworn and subscribed before me on this
_____ day of _____, 200__.


_____
Notary Public

My commission expires on _____.
```

13