

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 21  AM 11: 49

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX® | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This document relates to:** | * | **JUDGE FALLON** |
| ***Booher, et al., v. Merck & Co., Inc., et al.*** | * | |
| **(E.D. La. Index No. 05-2385)** | * | **MAG. JUDGE KNOWLES** |
| | * | |

*********************************************

## ANSWER

Defendant Merck & Co., Inc. ("Merck"), by counsel, answers the allegations made against it in the Complaint filed by the Plaintiffs, Bonnie Booher; Gregory Broyles; Deloris Canter; Faye Childress; Lois Deaton; Lou Jean Hash; Teddy Horn; Melvia Jackson; Michael Lyall, Administrator for the Estate of Janet Lyall; Priscilla Lynch, Administrator for the Estate of Mabel Lynch; Ona Ovella Mohler; Shirley S. Moore; Harold Morrison, Administrator for the Estate of Sherry Morrison; Vernard J. Rasnake; Paul James Ruff, Jr.; Whelma Stanley; Betty Sturgill; Jimmy S. Sword; Samuel Welch; and Kathryn E. Ridder, Administrator for the Estate of Jack L. Stallard, as follows:

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

## RESPONSE TO "PARTIES, JURISDICTION AND VENUE"

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 1 of the Complaint and, therefore, is unable to admit or deny those allegations.

2.      Merck denies each and every allegation made in Paragraph 2 of the Complaint, except it admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health; that it is incorporated under the laws of the State of New Jersey, with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey; that it manufactured, marketed and distributed the prescription medicine VIOXX® until it voluntarily withdrew VIOXX® from the market on September 30, 2004; and that VIOXX® is the brand name of rofecoxib.

3.      The allegations made in Paragraph 3 of the Complaint are not addressed to Merck, and Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 3 of the Complaint and, therefore, is unable to admit or deny those allegations.

4.      The allegations made in Paragraph 4 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 4 of the Complaint.

5.      The allegations made in Paragraph 5 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 5 of the Complaint except admits that Plaintiffs purport that "the amount in controversy exceeds $75,000.00 exclusive of interest and costs as to each

- 2 -

Plaintiff," and that Plaintiffs purport that individual Plaintiffs "are citizens of a different state from the Defendant."

6.      The allegations made in Paragraph 6 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 6 of the Complaint.

## RESPONSE TO "FACTUAL ALLEGATIONS"

7.      Merck denies each and every allegation made in Paragraph 7 of the Complaint, except Merck admits that Plaintiffs purport to make allegations about the prescription medicine VIOXX®, and Merck further avers that VIOXX® is Merck's trade name for rofecoxib, that the mechanism of action for VIOXX® is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"), and that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

8.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 8 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 8 of the Complaint, except it admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.  Merck further admits that VIOXX® is the brand name of rofecoxib.

9.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 9 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 9 of the Complaint, except Merck admits that it marketed, manufactured, and distributed the prescription medicine

781150v.1

VIOXX® until it voluntarily withdrew VIOXX® from the market on September 30, 2004, and that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.

          10.     Merck denies each and every allegation made in Paragraph 10 of the Complaint, and further avers that, until Merck announced the voluntary withdrawal of VIOXX® on September 30, 2004, it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

          11.     Merck denies each and every allegation made in Paragraph 11 of the Complaint.

          12.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 12 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 12 of the Complaint, except that it admits that trials and studies of VIOXX® have been conducted and respectfully refers the Court to such trials and studies for their actual conclusions and full context.

          13.     Merck denies each and every allegation made in Paragraph 13 of the Complaint, except it admits that the studies referenced in the first sentence of Paragraph 13 and the article mentioned in the second sentence of Paragraph 13 exist, and respectfully refers the Court to the referenced studies and article for their actual language and full text.

          14.     Merck denies each and every allegation made in Paragraph 14 of the Complaint.

          15.     Merck denies each and every allegation made in Paragraph 15 of the Complaint.

          16.     Merck denies each and every made in Paragraph 16 of the Complaint, except it admits that the referenced publication exists and respectfully refers the Court to that publication for its actual language and full text.

- 4 -

17.     Merck denies each and every allegation made in Paragraph 17 of the Complaint, except it admits the existence of the journal and the article referenced in that Paragraph.  Merck respectfully refers the Court to the referenced document for its actual language and full text.

18.     Merck denies each and every allegation contained in Paragraph 18 of the Complaint, except admits that the studies referenced in Paragraph 18 exist, and respectfully refers the Court to said studies for their actual language and full text.

19.     Merck denies each and every allegation made in Paragraph 19 of the Complaint, except it admits that the article referenced in the third sentence of Paragraph 19 of the Complaint exists, and respectfully refers the Court to the referenced publication for its actual language and full text.

20.     Merck denies each and every allegation made in Paragraph 20 of the Complaint, except it admits that it received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

21.     Merck denies each and every allegation made in Paragraph 21 of the Complaint, except it admits that, in April 2002, the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

22.     Merck denies each and every allegation made in Paragraph 22 of the Complaint, except it admits that it voluntarily withdrew VIOXX® from the market on September 30, 2004.

23.     Merck denies each and every allegation made in Paragraph 23 of the Complaint.

24.     Merck denies each and every allegation made in Paragraph 24 of the Complaint.

25.     Merck denies each and every allegation made in Paragraph 25 of the Complaint.

781150v.1

26.    Merck denies each and every allegation made in Paragraph 26 of the Complaint, and further avers that, until Merck announced the voluntary withdrawal of VIOXX® on September 30, 2004, it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

27.    Merck denies each and every allegation made in Paragraph 27 of the Complaint.

28.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 28 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 28 of the Complaint.

29.    Merck denies each and every allegation made in Paragraph 29 of the Complaint.

## RESPONSES TO "CAUSES OF ACTION"

### RESPONSE TO
### "COUNT I: NEGLIGENCE"

30.    Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 31 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 31 of the Complaint.

32.    The allegations made in Paragraph 32 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.

33.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 33 of the Complaint, and

denies each and every allegation directed towards Merck in Paragraph 33 of the Complaint, including subparts (A) to (O) of that Paragraph.

34.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 34 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 34 of the Complaint.

35.    Merck denies each and every allegation made in Paragraph 35 of the Complaint.

## RESPONSE TO
## "COUNT II:  STRICT LAIBILITY (Failure to Warn)"

36.    Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 37 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 37 of the Complaint.

38.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 38 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 38 of the Complaint.

39.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 39 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 39 of the Complaint.

40.    Merck denies each and every allegation made in Paragraph 40 of the Complaint.

41.    Merck denies each and every allegation made in Paragraph 41 of the Complaint, including subparts (P) to (R) of that Paragraph.

781150v.1

## RESPONSE TO
## "COUNT III:  STRICT LIABILITY (Design Defect)"

42.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 41 of this Answer with the same force and effect as though set forth here in full.

43.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in the first clause of Paragraph 43 of the Complaint -- that the Plaintiffs or the Plaintiffs' decedents ingested VIOXX® -- and, therefore, is unable to admit or deny these allegations.  Merck denies each remaining allegation made in Paragraph 43 of the Complaint, except it admits that that it manufactured, marketed and distributed the prescription medicine VIOXX® until it voluntarily withdrew VIOXX® from the market on September 30, 2004.

44.     Merck denies each and every allegation made in Paragraph 44 of the Complaint.

45.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 45 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 45 of the Complaint, except it admits that that it manufactured, marketed and distributed the prescription medicine VIOXX® until it voluntarily withdrew VIOXX® from the market on September 30, 2004.

46.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in Paragraph 46 of the Complaint, and denies each and every allegation directed toward Merck made in Paragraph 46 of the Complaint.

47.     Merck denies each and every allegation made in Paragraph 47 of the Complaint.

48.     Merck denies each and every allegation made in Paragraph 48 of the Complaint.

781150v.1

49.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 49 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 49 of the Complaint, except it admits that that it manufactured, marketed and distributed the prescription medicine VIOXX® until it voluntarily withdrew VIOXX® from the market on September 30, 2004.

50.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck and denies each and every allegation made in Paragraph 50 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® and that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

51.     Merck denies each and every allegation made in Paragraph 51 of the Complaint.

52.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 52 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 52 of the Complaint.

53.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 53 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 53 of the Complaint.

54.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 54 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 54 of the Complaint.

781150v.1

55.     The allegations made in Paragraph 55 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.

56.     Merck denies each and every allegation made in Paragraph 56 of the Complaint.

57.     Merck denies each and every allegation made in Paragraph 57 of the Complaint.

58.     Merck denies each and every allegation made in Paragraph 58 of the Complaint.

## RESPONSE TO
## "COUNT IV:  NEGLIGENT FAILURE TO WARN"

59.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 58 of this Answer with the same force and effect as though set forth here in full.

60.     Merck denies each and every allegation made in Paragraph 60 of the Complaint.

61.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 61 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 61 of the Complaint.

62.     Merck denies each and every allegation made in Paragraph 62 of the Complaint.

## RESPONSE TO
## "COUNT V: NEGLIGENCE PER SE"

63.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 62 of this Answer with the same force and effect as though set forth here in full.

64.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 64 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 64 of the Complaint.

- 10 -

65.     The allegations made in Paragraph 65 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in Paragraph 65 of the Complaint.

66.     Merck denies each and every allegation made in Paragraph 66 of the Complaint.

**RESPONSE TO
"COUNT VI -- MISREPRESENTATION AND SUPPRESSION"**

67.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 66 of this Answer with the same force and effect as though set forth here in full.

68.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 68 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 68 of the Complaint.

69.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 69 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 69 of the Complaint, including subparts (A) to (E) of that Paragraph.

70.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 70 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 70 of the Complaint.

71.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 71 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 71 of the Complaint.

781150v.1

72. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in Paragraph 72 of the Complaint, and denies each and every allegation directed toward Merck contained in Paragraph 72 of the Complaint.

73. Merck denies each and every allegation made in Paragraph 73 of the Complaint.

74. The allegations made in Paragraph 74 of the Complaint are legal conclusions to which no response is required. Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.

75. The allegations made in Paragraph 75 of the Complaint are legal conclusions to which no response is required. Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 75 of the Complaint, and further denies that Merck violated any applicable duty, law or standard in any way in connection with VIOXX®.

76. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 76 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 76 of the Complaint.

77. Merck denies each and every allegation made in Paragraph 77 of the Complaint.

### RESPONSE TO
### "COUNT VII:  BREACH OF WARRANTY"

78. Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79. The allegations made in Paragraph 79 of the Complaint are legal conclusions to which no response is required. Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed

- 12 -

781150v.1

towards Merck in Paragraph 79 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 79 of the Complaint, and further avers that, until Merck announced the voluntary withdrawal of VIOXX® on September 30, 2004, it marketed the prescription medicine VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information, and Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

80.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in Paragraph 80 of the Complaint, and denies each and every allegation directed toward Merck contained in Paragraph 80 of the Complaint.

81.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 81 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 81 of the Complaint.

82.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 82 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 82 of the Complaint.

83.     Merck denies each and every allegation made in Paragraph 83 of the Complaint.

### RESPONSE TO
### "COUNT VIII: BREACH OF EXPRESS WARRANTY"

84.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85.     The allegations made in Paragraph 85 of the Complaint are legal conclusions to which no response is required. Should a response be deemed required, Merck lacks knowledge

- 13 -

or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 85 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 85 of the Complaint, and further avers that the FDA approved VIOXX® for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

86.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in Paragraph 86 of the Complaint, and denies each and every allegation directed toward Merck contained in Paragraph 86 of the Complaint.

87.     Merck denies each and every allegation made in Paragraph 87 of the Complaint.

### RESPONSE TO
### "COUNT IX:  FRAUD"

88.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 87 of this Answer with the same force and effect as though set forth here in full.

89.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 89 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 89 of the Complaint.

90.     Merck denies each and every allegation made in Paragraph 90 of the Complaint.

91.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 91 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 91 of the Complaint.

781150v.1

92.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 92 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 92 of the Complaint.

### RESPONSE TO
### "COUNT XI [sic]:  UNJUST ENRICHMENT"

93.     Merck repeats and realleges each and every admission, denial, averment, and statement made in Paragraphs 1 through 92 of this Answer with the same force and effect as though set forth here in full.

94.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in Paragraph 94 of the Complaint, and denies each and every allegation directed towards Merck in Paragraph 94 of the Complaint.

95.     Merck denies each and every allegation made in Paragraph 95 of the Complaint.

96.     Merck denies each and every allegation made in Paragraph 96 of the Complaint.

97.     Merck denies each and every allegation made in the Complaint that is not expressly admitted in this Answer.

WHEREFORE, Defendant Merck & Co., Inc. requests the Court to enter judgment in its favor, dismiss the Complaint with prejudice, award Merck its reasonable costs and disbursements, and grant such other and further relief as the Court deems just and equitable.

### RESPONSE TO JURY DEMAND

Merck joins in the demand for a trial by jury.

### AFFIRMATIVE AND OTHER DEFENSES

98.     For its affirmative and other defenses, Merck alleges as follows:

- 15 -

781150v.1

### FIRST DEFENSE

99.    The claims of all Plaintiffs other than the first-named Plaintiff must be dismissed based on misjoinder.

### SECOND DEFENSE

100.    Upon information and belief, many, if not all, of the Plaintiffs reside outside of the Western District of Virginia and/or outside of the Commonwealth of Virginia and, therefore, venue in the Western District of Virginia is improper and/or inconvenient.

### THIRD DEFENSE

101.    Each claim brought on behalf of a decedent is barred by the applicable wrongful death statute and, thus, fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

102.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### FIFTH DEFENSE

103.    The Complaint fails to state a claim upon which relief can be granted.

### SIXTH DEFENSE

104.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### SEVENTH DEFENSE

105.    If Plaintiffs or Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

781150v.1

## EIGHTH DEFENSE

106.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## NINTH DEFENSE

107.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs or Plaintiffs' decedents directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## TENTH DEFENSE

108.    If Plaintiffs or Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs or Plaintiffs' decedents.

## ELEVENTH DEFENSE

109.    Any liability that might otherwise be imposed upon this defendant may be subject to reduction by the doctrine of comparative negligence.

## TWELFTH DEFENSE

110.    If Plaintiffs or Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs or Plaintiffs' decedents knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

781150v.1

### THIRTEENTH DEFENSE

111.    If Plaintiffs or Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused by the actions of persons not having real or apparent authority to take such actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### FOURTEENTH DEFENSE

112.    If Plaintiffs or Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were proximately caused by Plaintiffs' or Plaintiffs' decedents' misuse or abuse of VIOXX®.

### FIFTEENTH DEFENSE

113.    If Plaintiffs or Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' or Plaintiffs' decedents' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### SIXTEENTH DEFENSE

114.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

### SEVENTEENTH DEFENSE

115.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

781150v.1

## EIGHTEENTH DEFENSE

116.    Plaintiffs have failed to join all necessary and indispensable parties.

## NINETEENTH DEFENSE

117.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and standing to bring such claims.

## TWENTIETH DEFENSE

118.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## TWENTY-FIRST DEFENSE

119.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

## TWENTY-SECOND DEFENSE

120.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

## TWENTY-THIRD DEFENSE

121.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, Plaintiffs have not complied with the statutory requirements to recover punitive damages and, moreover, Plaintiffs cannot establish the requisite standard of conduct.

## TWENTY-FOURTH DEFENSE

122.    Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

781150v.1

### TWENTY-FIFTH DEFENSE

123.    Plaintiffs' claims are barred in whole or in part under comments j and k to Section 402A of the Restatement (Second) of Torts.

### TWENTY-SIXTH DEFENSE

124.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug pharmaceutical preparation Plaintiffs allege they or their decedents took within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### TWENTY-SEVENTH DEFENSE

125.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### TWENTY-EIGHTH DEFENSE

126.    Plaintiffs' claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### TWENTY-NINTH DEFENSE

127.    Plaintiffs' claims of fraud, misrepresentation and suppression are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by state and federal rules of civil procedure.

### THIRTIETH DEFENSE

128.    Plaintiffs cannot state a claim for negligence per se because they have failed to allege the statutes and regulations that Merck allegedly violated and, moreover, Merck did not violate any statute or regulation.

781150v.1

### THIRTY-FIRST DEFENSE

129.    To the extent Plaintiffs or Plaintiffs' decedents have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### THIRTY-SECOND DEFENSE

130.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### THIRTY-THIRD DEFENSE

131.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

### THIRTY-FOURTH DEFENSE

132.    Plaintiffs' claims are barred in whole or in part by a failure to mitigate damages.

### THIRTY-FIFTH DEFENSE

133.    Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

### THIRTY-SIXTH DEFENSE

134.    All activities of Merck as alleged in Complaint were expressly authorized and/or regulated by a governmental agency.  Therefore, any claims pertaining to unfair or deceptive practices are barred.

### THIRTY-SEVENTH DEFENSE

135.    With respect to each and every cause of action, Plaintiffs are not entitled to recover because if the product involved was unsafe, which Merck denies, then it was

781150v.1

unavoidably unsafe as defined in the Restatement (Second) of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

<strong>THIRTY-EIGHTH DEFENSE</strong>

136.    The conduct and activities of Merck with respect to the product that is the subject matter of the Complaint did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission.

<strong>THIRTY-NINTH DEFENSE</strong>

137.    The conduct and activities of Merck with respect to the product that is the subject matter of the Complaint were fair and truthful based upon the state of the knowledge existing at the relevant time alleged in Plaintiffs' Complaint and, therefore, Plaintiffs' claims are barred in whole or in part.

<strong>FORTIETH DEFENSE</strong>

138.    Merck's advertisements and labeling with respect to the product that is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Virginia Constitutions.

<strong>FORTY-FIRST DEFENSE</strong>

139.    The public interest and benefit and the availability of the product that is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the

781150v.1

product which is the subject matter of the Complaint, then such risk, if any, is outweighed by the benefit of the product.

### FORTY-SECOND DEFENSE

140.    At all times relevant herein, any product that is the subject matter of the Complaint processed and/or distributed by Merck in the Commonwealth of Virginia or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

### FORTY-THIRD DEFENSE

141.    Plaintiffs' claims are barred by lack of privity with Merck.

### FORTY-FOURTH DEFENSE

142.    With respect to each and every purported cause of action alleged in the Complaint, Merck's acts were at all times done in good faith and without malice, as evidenced by, among other things, Merck's immediate withdrawal from the market of the product that is the subject matter of this action.

### FORTY-FIFTH DEFENSE

143.    To the extent that there were any risks associated with the use of the product that is the subject matter of the Complaint of which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### FORTY-SIXTH DEFENSE

144.    The injuries, damages and/or loss claimed by Plaintiffs or Plaintiffs' decedents, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, over

- 23 -

781150v.1

whom Merck had no control.   Any recovery by Plaintiffs must be apportioned in direct proportion to such fault in accordance with applicable law.

INASMUCH AS the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.   Merck will rely upon all defenses that may become available during discovery or trial.

WHEREFORE, Defendant Merck & Co., Inc. requests the Court to enter judgment in its favor, dismiss the Complaint with prejudice, award Merck its reasonable costs and disbursements, and grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

*Defendants' Liaison Counsel*

- 24 -

781150v.1

Robert M. Tata (VSB No. 30101)
HUNTON & WILLIAMS LLP
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone:  (757) 640-4300
Facsimile: (757) 625-7720

Lonnie D. Nunley, III (VSB No. 25366)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218

*Counsel for the Defendant Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison

Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all

parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance

with PreTrial Order No. 8, on this 21st day of July, 2005.

- 25 -

781150v.1