

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 21  PM 4: 51

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUDOLPH H. VALLE AND
ALBERT VALLE,

:
:
:

05 md 1657

Plaintiffs,

:
:

CIVIL ACTION NO. 05-2526

VERSUS

:
:

JUDGE FALLON

MERCK AND CO, INC. AND
PFIZER, INC.,

:
:
:

MAGISTRATE KNOWLES

Defendants.

:
:
:

**ANSWER AND DEFENSES OF DEFENDANT PFIZER INC.
TO PLAINTIFFS' COMPLAINT, EXCLUDING
THE SECOND, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION**

Defendant Pfizer Inc. ("Defendant" or "Pfizer") hereby answers Plaintiffs' Complaint in this action, excluding the Second, Fourth, Fifth, and Sixth Causes of Action, which are subject to a concurrently filed Motion to Dismiss, and states as follows:

**PRELIMINARY STATEMENT**

In December 1998, Celebrex® was approved, as labeled, by the United States Food and Drug Administration ("FDA") as a prescription medication. Celebrex® is presently advertised, promoted, marketed, and distributed in the United States by Defendant or one of its subsidiaries to be prescribed by healthcare providers who are authorized by law to prescribe medications in accordance with their approval by the FDA.

On November 16, 2001, Bextra® was approved as labeled by the United States Food and

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

1

Drug Administration ("FDA").   At that time, Bextra® was manufactured, marketed, and distributed in the United States by G.D. Searle LLC ("Searle") to be prescribed by healthcare providers authorized by law to prescribe medications in accordance with their approval by the FDA.  Prior to April 2003, Pfizer co-promoted Bextra® and Celebrex® in the United States.

In April 2003, Pfizer merged with Pharmacia Corporation and the responsibilities for Bextra® and Celebrex® were reallocated. G.D. Searle LLC is presently a wholly-owned third tier subsidiary of Pharmacia, which in turn is a wholly-owned subsidiary of Pfizer.

To the extent any allegations in Plaintiffs' complaint refer to Vioxx® and/or Merck & Co., Inc., such allegations are not directed to Defendant and no answer is required of Defendant. To the extent an answer is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies the same.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiffs' Complaint.

## I.

1.      Answering Paragraph 1, Defendant denies that Celebrex® and/or Bextra® caused injury to Plaintiffs and denies any wrongful conduct.

## II.

## PARTIES

2.      Answering Paragraph 2, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

3.      Paragraph 3 makes no allegations against Defendant and as such requires no response.

4.      Answering Paragraph 4, Defendant admits that Pfizer is a Delaware corporation

with its principal place of business in New York. Defendant further admits that it is authorized to do business in the state of Louisiana with a registered agent for service of process at the address alleged. Defendant denies that it committed a tort in the state of Louisiana. Except as admitted herein, Defendant denies the allegations of Paragraph 4.

### III.

### JURISDICTION AND VENUE

5.      Answering Paragraph 5, Defendant lacks sufficient knowledge and information as to facts concerning the citizenship of Plaintiff and the amount in controversy and therefore cannot admit or deny that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6.      Answering Paragraph 6, Defendant admits that at times it marketed, labeled, promoted, distributed and sold Celebrex® and Bextra® throughout the United States. Defendant denies, however, that it made material omissions and misrepresentations and breached warranties in this district or any other district. Defendant lacks sufficient knowledge and information as to facts concerning where Plaintiff allegedly purchased Celebrex® and/or Bextra® and therefore cannot admit or deny that venue is proper in this district pursuant to 28 U.S.C. § 1391. Except as admitted herein, Defendant denies the allegations of Paragraph 6.

### IV.

### FACTUAL ALLEGATIONS

7.      Answering Paragraph 7, Defendant admits that it at times manufactured, marketed, labeled, promoted, distributed and sold Celebrex® and Bextra® throughout the United States. Except as admitted herein, Defendant denies the allegations of Paragraph 7.

8.      Answering Paragraph 8, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies the same.

9.      Answering Paragraph 9, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

10.     Answering Paragraph 10, Defendant admits that at times it marketed, sold, tested, and distributed Celebrex® and Bextra® in the United States to be prescribed by healthcare providers who are authorized by law to prescribe medications in accordance with their approval by the FDA.  Except as admitted herein, Defendant denies the allegations of Paragraph 10.

11.     Answering Paragraph 11, Defendant admits that Bextra®, as stated in the package insert approved by the FDA, is a nonsteroidal anti-inflammatory drug ("NSAID") that exhibits anti-inflammatory, analgesic, and antipyretic properties in animal models and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis, primarily through inhibition of cyclooxygenase-2 ("COX-2").  Defendant further admits, and as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant admits that Celebrex® is a COX-2 inhibitor.  Defendant states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; and (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP"), as an adjunct to

usual care (e.g., endocscopic surveillance surgery). Except as admitted or stated herein, Defendant denies the allegations of Paragraph 11.

12-13. Defendant denies each and every allegation contained in Paragraphs 12 and 13.

14. Answering Paragraph 14, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

15. Answering Paragraph 15, Defendant admits that Celebrex® has not been withdrawn from the market. Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Except as admitted or stated herein, Defendant denies the allegations of Paragraph 15.

16-18. Paragraphs 16-18 make no allegations against Defendant and as such require no response.

19-21. Defendant states that a Pfizer-sponsored study entitled "Efficacy and Safety of the Cyclooxygenase 2 Inhibitors Parecoxib and Valdecoxib in Patients Undergoing Coronary Artery Bypass Surgery" was accepted for publication in *The Journal of Thoracic and Cardiovascular Surgery* on October 18, 2002. To the extent Plaintiffs attempt to summarize or paraphrase this study, Plaintiffs' allegations contain inaccuracies and are incomplete and out of context. Defendant denies the allegations of Paragraphs 19 through 21.

22-23. Answering Paragraphs 22 through 23, Defendant admits that clinical trials relating to Bextra® have occurred. To the extent Plaintiffs attempt to summarize or paraphrase any individual study or study results, Plaintiffs' allegations contain inaccuracies and are incomplete and out of context. Defendant denies the allegations of Paragraphs 22 through 23.

24. The allegations contained in Paragraph 24 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required,

Defendant denies that it materially breached its obligations to consumers and denies any wrongdoing.

25.    Answering Paragraph 25, Defendant denies that it made any express warranties about Celebrex® or Bextra® and denies that it made any warranties which might be implied by law to Plaintiff or others regarding Celebrex® or Bextra®.  Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendant denies the allegations of Paragraph 25.

26.    Paragraph 26 makes no allegations against Defendant and as such requires no answer.

27.    Answering Paragraph 27, Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA approved prescribing information, which was at all times adequate and comported with applicable standard of care and law.  Defendant states that the potential effects of Bextra® were adequately described in its FDA approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.   Except as stated herein, Defendant denies the allegations of Paragraph 27.

28.    The allegations contained in Paragraph 28 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies that it failed to meet any applicable standards of care.

## V.

## FIRST CAUSE OF ACTION

## PRODUCTS LIABILITY

29.    Answering Paragraph 29, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

30.    The allegations contained in Paragraph 30 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies that Celebrex® is or was defective and unreasonably dangerous.  Defendant denies that Bextra® was defective and unreasonably dangerous.  Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendant denies the allegations of Paragraph 30.

31.    Answering Paragraph 31, Defendant admits that at times it marketed, distributed, tested, and sold Celebrex® and Bextra® to be prescribed by physicians who are by law authorized to prescribe medications in accordance with their approval by the FDA.  Except as admitted herein, Defendant denies the allegations of Paragraph 31.

32.    Answering Paragraph 32, Defendant denies that it sold and/or distributed Celebrex® and Bextra® in a condition that posed unreasonable risks from reasonably anticipated use.  Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant has insufficient information or knowledge to form a belief as to the truth

of the remaining allegations contained in Paragraph 32, and therefore denies the same.

33.     Answering Paragraph 33, Defendant denies that Celebrex® is defective and denies that it caused Plaintiff any injury.  Defendant denies that Bextra® was defective and unreasonably dangerous.  Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendant denies the allegations of Paragraph 33.

34.     Answering Paragraph 34, Defendant denies all the allegations contained therein.

35.     Answering Paragraph 35, Defendant denies all the allegations contained therein. Additionally, Defendant states that under the learned intermediary doctrine, its only duty is to the prescribing physician and not the ordinary user or consumer of Celebrex® and/or Bextra®.

36.     Answering Paragraph 36, Defendant denies that it made any express warranties about Celebrex® and Bextra® and denies that it made any statements or representations to Plaintiffs, Plaintiffs' decedent or others that might be implied by law as warranties regarding Celebrex® and/or Bextra®.  Defendant further denies that it made any misrepresentations about the safety and effectiveness of Celebrex® and/or Bextra®.  Defendant has insufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 36, and therefore denies the same.

37.     Answering Paragraph 37, Defendant states that under the learned intermediary doctrine, it had no duty to warn Plaintiffs' decedent of the effects of taking Celebrex® and/or Bextra®.  Defendant further states that the FDA-approved physician prescribing information for Celebrex® provided adequate warning to Plaintiffs' decedent's physician about the use of

Celebrex®.  Defendant further states that the FDA-approved physician prescribing information for Bextra® provided adequate warning to Plaintiffs' decedent's physician about the use of Bextra®.   Defendant has insufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 37, and therefore denies the same.

38.      Answering Paragraph 38, Defendant denies all the allegations contained therein. Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.

39.      The allegations contained in Paragraph 39 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies that it is liable to Plaintiffs for damages.

40.      Answering Paragraph 40, Defendant denies that it is strictly liable to Plaintiffs under the doctrine of strict liability pursuant to LSA-C.C. Art. 2317.  Defendant further states that it has concurrently filed a Motion to Dismiss all claims other than those brought pursuant to the Louisiana Product Liability Act.

## VI.

### SECOND CAUSE OF ACTION

### STRICT PRODUCT LIABILITY

41.      Plaintiffs' Complaint does not contain a Paragraph 41.

42-48.  In response to Paragraphs 42 through 48, Defendant states that it has concurrently filed a Motion to Dismiss Plaintiffs' Second Cause of Action (Strict Product Liability).

## VII.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

49-52.   In response to Paragraphs 49 through 52, Defendant states that it has concurrently filed a Motion to Dismiss Plaintiffs' Fourth Cause of Action (Negligence).

## VIII.

## FIFTH CAUSE OF ACTION

## FRAUD AND MISREPRESENTATION

53-57.   In response to Paragraphs 53 through 57, Defendant states that it has concurrently filed a Motion to Dismiss Plaintiffs' Fifth Cause of Action (Fraud and Misrepresentation).

## IX.

## MISBRANDED DRUGS

58-59.   In response to Paragraphs 58 through 59, Defendant states that it has concurrently filed a Motion to Dismiss Plaintiffs' Sixth Cause of Action (Misbranded Drugs).

## X.

## DAMAGES

60.     Answering Paragraph 60, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

61.     Answering Paragraph 61, Defendant denies that Celebrex® and/or Bextra® caused injury to Plaintiffs or Plaintiffs' decedent and denies that Plaintiffs are entitled to the requested relief.

62.     Answering Paragraph 62, Defendant denies that Plaintiffs are entitled to the request relief contained in Paragraph 62 and in the unnumbered WHEREFORE paragraph following Paragraph 62.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant in this matter. Defendant therefore asserts the following defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, Defendant will withdraw any of these defenses as may be appropriate.

## FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims may be barred by the applicable statute of limitations or by the equitable doctrines of laches and estoppel.

## THIRD DEFENSE

Plaintiffs' decedent's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault, of third persons or parties over whom Defendant had no control or right to control and whose actions are not, therefore, imputable to Defendant.

## FOURTH DEFENSE

Plaintiffs' decedent's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs' decedent, or persons or parties whose identities are unknown at this time, which comparative negligence or fault is sufficient to proportionately reduce Plaintiffs' recovery or to bar it.

## FIFTH DEFENSE

Plaintiffs' decedent's injuries, if any, were due to an allergic, idiosyncratic or idiopathic reaction to Celebrex® and/or Bextra, or by an unforeseeable illness, unavoidable accident, or pre-existing condition, without any negligence or culpable conduct by Defendant.

## SIXTH DEFENSE

Plaintiffs' decedent failed to exercise reasonable care and diligence to mitigate their injuries and damages, if any.

## SEVENTH DEFENSE

Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® and Bextra® are prescription pharmaceutical drugs and fall within the ambit of Restatement (Second) of Torts § 402A, Comment k.

## EIGHTH DEFENSE

Celebrex® and Bextra® are safe when used as directed, and Defendant reasonably assumed that its warnings would be read and heeded; therefore, Celebrex® and Bextra® are neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

## NINTH DEFENSE

Celebrex® and Bextra® fall under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration and Plaintiffs' claims have been preempted under the Supremacy Clause of the U.S. Constitution. Alternatively, Defendant is entitled to a presumption that Celebrex® and Bextra® are not defective or unreasonably dangerous and that their labeling is adequate.

## TENTH DEFENSE

Celebrex®, Bextra® and Defendant's actions conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Celebrex® and Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

## ELEVENTH DEFENSE

Defendant avers that Celebrex® and Bextra® possess no characteristic which renders them unreasonably dangerous in a reasonably anticipated use by a person.

## TWELFTH DEFENSE

Defendant satisfied its duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

## THIRTEENTH DEFENSE

Defendant pleads the applicability and exclusivity of the Louisiana Products Liability Act, LA. REV. STAT. § 9:2800.51 et seq., and specially avers that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## FOURTEENTH DEFENSE

Plaintiffs' allegations of fraud, deceit, and fraudulent misrepresentations are not stated with the degree of particularity required by FED. R. CIV. P. 9(b) and should be dismissed.

## FIFTEENTH DEFENSE

Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court including *BMW of North America v. Gore,* 116 U.S. 1589 (1996),

13

*Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 123 S. Ct. 1513 (2003), or the Louisiana Constitution, statutes and decisions of the Louisiana courts.

**JURY DEMAND**

Defendant, Pfizer Inc., demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Pfizer Inc. respectfully requests that this matter be dismissed with prejudice and that it be awarded its costs and any other relief to which it may be entitled.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
*Counsel for Defendant, Pfizer Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by sending a copy of same via U.S. Mail, properly addressed and postage prepaid on this 21st day of July, 2005.

14