

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUDOLPH H. VALLE AND<br>ALBERT VALLE, | : <br> : <br> : | 05 md 1657 <br><br> CIVIL ACTION NO. 05-2526 |
| Plaintiffs, | : <br> : | JUDGE FALLON |
| VERSUS | : <br> : | MAGISTRATE KNOWLES |
| MERCK AND CO, INC. AND<br>PFIZER, INC., | : <br> : <br> : | |
| Defendants. | : <br> : | |

**DEFENDANT PFIZER, INC.'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

NOW INTO COURT, through undersigned counsel, comes Defendant Pfizer Inc. ("Pfizer") and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Second Cause of Action (strict product liability), the Fourth Cause of Action[1] (negligence), the Fifth Cause of Action (Fraud and Misrepresentation), and the Sixth Cause of Action[2] (misbranded drugs) of Plaintiffs' Complaint, on the following grounds:

1. The Louisiana Products Liability Act, La. R.S. §§ 9:2800.51-60 ("LPLA") "establishes the exclusive theories of liability for manufacturers for damages caused by their products." La. R.S. § 9:2800.52. Accordingly, Plaintiffs may not recover from Pfizer for

---

[1] Plaintiff's Complaint does not have a Third Cause of Action.
[2] For ease of reference, Pfizer refers to the claim at paragraphs 58 and 59 and headed "Misbranded Drugs" as the Sixth Cause of Action.

1

damage caused by its product on the basis of any theory of liability that is not set forth in the LPLA. *See, e.g., Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir. 2002).

2. The theories of liability set forth in the LPLA are: (1) defect in construction or composition; (2) defect in design; (3) inadequate warning; and (4) failure to comply with an express warranty. La. R.S. § 9:2800.54(B).

3. The Court should therefore dismiss the Second, Fourth, Fifth, and Sixth Causes of Action, as set forth in paragraphs 42 through 59 of the Complaint, which seek recovery under theories of liability not permitted by the LPLA.

4. The Fifth Cause of Action, which is a claim based on fraud, should also be dismissed on the additional ground that it is not stated with particularity as required by FED. R. CIV. P. 9(b).

5. The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

_____
QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
*Counsel for Defendant, Pfizer Inc.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by sending a copy of same via U.S. Mail, properly addressed and postage prepaid on this 21st day of July, 2005.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUDOLPH H. VALLE AND<br>ALBERT VALLE, | : <br> : | 05 md 1657 |
| | : | CIVIL ACTION NO. 05-2526 |
| Plaintiffs, | : | |
| | : | JUDGE FALLON |
| VERSUS | : | |
| | : | MAGISTRATE KNOWLES |
| MERCK AND CO, INC. AND<br>PFIZER, INC., | : <br> : | |
| | : | |
| Defendants. | : <br> : | |

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT PFIZER INC.'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Pfizer Inc. ("Pfizer"), submits this Memorandum of Law in support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.     INTRODUCTION

This product liability action was filed on June 21, 2005 by Plaintiffs Rudolph H. Vall[e] and Albert Valle, who allege having suffered injury as a result of the death of their moth[er] Mabell Isdell Wade, as a result of taking the prescription drugs Vioxx®, Bextra®, [and] Celebrex®. The defendants named in the Complaint are Merck and Co., Inc., the al[leged] manufacturer of Vioxx®, and Pfizer Inc., the alleged manufacturer of Bextra® and Celebr[ex].

---

[1] In a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept all we[ll-pleaded] facts as true and view the facts in the light most favorable to the plaintiff. *Omar v. Casterline* 288 F. Su[pp]

1

In addition to the claim brought pursuant to the Louisiana Products Liability Act ("LPLA") (Compl. ¶¶ 29-40), Plaintiffs assert numerous other claims against Pfizer, including strict product liability, negligence, fraud and misrepresentation, and misbranded drugs. (Compl. ¶¶ 42-59). All of these claims are based on the premise that Pfizer "promoted, marketed, distributed, tested, warranted, and sold [Celebrex® and Bextra®] in Louisiana." (Compl. ¶ 7).

## II.   ARGUMENT

The LPLA establishes four exclusive theories of recovery. Plaintiffs' causes of action against Pfizer are limited to those expressly available under the LPLA, which does not allow Plaintiffs to independently recover under the theories of strict product liability, negligence, fraud and misrepresentation, and misbranded drugs. Additionally, Plaintiffs' cause of action for fraud and misrepresentation are not pleaded with the required particularity. Accordingly, the Court should dismiss these causes of action for failure to state a claim for which relief can be granted.

### 1.   Standard of Review.

Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Dismissal is appropriate where "'the pleadings on their face reveal beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief,' or if 'an affirmative defense or other bar to relief appears on the face of the complaint.'" *Borskey v. Medtronics, Inc.*, No. 94-2302, 1998 WL 122602, at *3 (E.D. La. Mar. 18, 1998) (dismissing numerous claims as outside scope of LPLA) *quoting Garrett v. Commonwealth Mortg. Corp. of Am.*, 938 F.2d 591, 594 (5th Cir. 1991). Because the exclusivity provision of the LPLA bars Plaintiffs' Second, Fourth, Fifth, and Sixth Causes of Action of the Complaint, and

---

777 (W.D. La. 2003). For the purposes of this Motion to Dismiss, Defendant does not dispute the factual allegations in the Complaint.

2

the Fifth Cause of Action is not pleaded with particularity, these claims must be dismissed pursuant to Rule 12(b)(6).[2]

### 2. The Second, Fourth, Fifth, and Sixth Causes of Action are barred by the exclusivity provision of the LPLA.

Plaintiffs' claims for strict product liability, negligence, fraud and misrepresentation, and misbranded drugs are excluded by the LPLA. *See, e.g., Grenier v. Medical Engineering Corp.,* 99 F. Supp. 2d 759, 761 (W.D. La 2000) ("The LPLA establishes the 'exclusive theories of liability for manufacturers for damage caused by their products.'") *quoting* La. R.S. § 9:2800.52; *see also In Re: Propulsid Product Liability Litigation,* No 00-282, Consent Motion and Order to Dismiss (E.D. La. 2003) (dismissing claims for strict liability, strict products liability, negligence, negligence per se, fraudulent misrepresentation, breach of implied warranty, redhibition for personal injuries and violation of the Louisiana Food, Drug and Cosmetic Act). Plaintiffs, therefore, may not recover from Pfizer for the alleged injuries caused by Celebrex® and Bextra® on the basis of any theory of liability that is not set forth in the LPLA. *Grenier*, 99 F. Supp. 2d at 761. Accordingly, the causes of action in the Complaint that are not based on the LPLA must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

The LPLA is the exclusive theory of liability against Pfizer in this action. The only claims permitted against a manufacturer for injuries caused by an allegedly defective product are: (1) defect in construction or composition; (2) defect in design; (3) inadequate warning; and (4) failure to comply with an express warranty. La. R.S. § 9:2800.54(B).

Courts routinely dismiss claims against manufacturers that do not arise under the theories of liability established in the LPLA. *See, e.g., Stahl v. Novartis Pharmaceuticals Corp.,* 283 F.3d 254, 261 (5th Cir. 2002) (affirming dismissal of plaintiff's intentional tort claims); *Grenier,*

---

[2] Plaintiffs' Complaint does not contain a Third Cause of Action.

3

99 F. Supp. 2d 759, 763 (W.D. La. 2000), *aff'd*, 243 F.3d 200 (5th Cir. 2001) (holding that plaintiff's claims for strict liability, negligence, breach of warranty of fitness for particular purpose, breach of implied warranty, misrepresentation/fraud, fraud by concealment, false advertising, negligent infliction of emotional distress, common plan to prevent public awareness of breast implant hazards, and future product failure were not cognizable under the LPLA); *Jefferson v. Lead Industries*, 106 F.3d 1245, 1251 (5th Cir. 1997) (affirming dismissal of plaintiff's claims of negligence, fraud by misrepresentation, market share liability, breach of implied warranty of fitness, and civil conspiracy due to exclusivity of the LPLA); *Brown v. R.J. Reynolds Tobacco Co.*, 852 F. Supp. 8, 9 (E.D. La. 1994), aff'd, 52 F.3d 524 (5th Cir. 1995) (dismissing plaintiff's claims for fraudulent misrepresentation, concealment, and conspiracy due to LPLA's exclusivity).

The following causes of action alleged in Plaintiffs' Complaint must therefore be dismissed:

Second Cause of Action (strict product liability) – *Grenier, supra,* and *Lee v. Bayer Corp.,* No. 02-0753, 2002 WL 1058893 (E.D. La. May 24, 2002); *Lacey v. Bayer Corp.,* No. 02-1007, 2002 WL 1058890 (E.D. La. May 24, 2002); *Ingram v. Bayer Corp.,* No. 02-0352, 2002 WL 1163613 (E.D. La. May 30, 2002).

Fourth Cause of Action (negligence) – *Grenier, supra,* and *Jefferson, supra.*

Fifth Cause of Action (fraud and misrepresentation) – *Stahl, supra, Grenier, supra, Jefferson, supra,* and *Brown, supra.*

Sixth Cause of Action (misbranded drugs) – *See Theriot v. Danek Medical, Inc.,* No. 94-2646, 1997 WL 1949373 (E.D. La. Dec. 5, 1997) ("Louisiana does not recognize any claim for violations of FDA regulations. The only remedies available to plaintiffs in this

case are provided in the" LPLA), *aff'd*, 168 F.3d 253 (5th Cir. 1999); *Hornbeck v. Danek Medical, Inc.*, No. 6:96-2559, 1999 WL 1117107 (W.D. La. Aug. 5, 1999).

The only cause of action asserted in the Complaint that has not been specifically rejected by the courts is Plaintiffs' Sixth Cause of Action raised under the Louisiana Food, Drug and Cosmetic Act, La. R.S. §§ 40:601, *et seq.* This state statute is the companion to the Federal Food, Drug and Cosmetic Act. Louisiana law does not recognize any claim for violations of FDA regulations. This Court and the United States Fifth Circuit have concluded that a Plaintiff cannot bring state law claims based on the companion state statute against a manufacturer due to the exclusivity provisions of the LPLA. *Theriot, supra.* The same rationale that has barred every other cause of action not provided by the LPLA, including the parallel federal act, similarly bars any claim under the Louisiana Food, Drug and Cosmetic Act. Plaintiffs' Sixth Cause of Action should be dismissed.

Accordingly, Plaintiffs' claims for strict product liability, negligence, fraud and misrepresentation, and misbranded drugs are "well outside the scope of the LPLA and must be dismissed" pursuant to Rule 12(b)(6) for failure to state a claim. *See Grenier*, 99 F. Supp. 2d at 763.

3. **The Fifth Cause of Action should be also dismissed on the additional ground that it is not stated with particularity as required by Fed. R. Civ. P. 9(b).**

The Fifth Cause of Action (fraud and misrepresentation) is based in fraud and should be dismissed because it is not stated with particularity as required by Rule 9(b). FED. R. CIV. P. 9(b) ("[i]n all averments of fraud ... the circumstances constituting the fraud ... shall be stated with particularity.").

The basis for Plaintiffs' claim for fraud and misrepresentation is that "Defendant made material misrepresentations about [Celebrex® and Bextra®] to the effect that [they] were safe

5

and effective treatment, which misrepresentations [Pfizer] knew to be false and misleading for the purpose of fraudulently inducing consumers, such as Plaintiffs' deceased mother, to purchase [Celebrex® and Bextra®]." (Comp. ¶ 57). Accordingly, the Fifth Causes of Action is based in fraud and must be stated with particularity pursuant to Rule 9(b).

Plaintiffs, however, have not stated a fraud based Cause of Action with particularity. The Fifth Circuit has continuously held that pleading a fraud based cause of action with particularity requires stating the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what [that person] obtained thereby." *See generally Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994); *Tel-Phonic Services, Inc. v. TBS Int'l. Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992); *Keith v. Stoelting, Inc.*, 915 F.2d 996, 1000 (5th Cir. 1990). Plaintiffs' allegations of fraudulent conduct are conclusory are not sufficient to survive dismissal for failure to state a claim. *Smith v. Ayers*, 845 F.2d 1360, 1365 (5th Cir. 1988). Accordingly, in addition to being barred by the exclusivity provision of the LPLA, the Fifth Cause of Action is not stated with the particularity required by Rule 9(b) and must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

### III.   CONCLUSION

WHEREFORE, the Defendant respectfully requests that this Court dismiss the following Causes of Action, set forth in Plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted:

(1)   The Second, Fourth, Fifth, and Sixth Causes of Action, which are barred by the exclusivity provision of the LPLA; and

(2)     The Fifth Cause of Action, which is not stated with particularity as required by Federal Rule of Civil Procedure 9(b).

> Respectfully submitted,
>
> IRWIN FRITCHIE URQUHART & MOORE LLC
>
> _____
> QUENTIN F. URQUHART, JR. (#14475)
> JOHN W. SINNOTT (#23943)
> CAMALA E. CAPODICE (#29117)
> 400 Poydras Street, Suite 2700
> New Orleans, LA 70130
> Telephone: (504) 310-2100
> Facsimile: (504) 310-2101
> *Counsel for Defendant, Pfizer Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by sending a copy of same via U.S. Mail, properly addressed and postage prepaid on this 21st day of July, 2005.

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUDOLPH H. VALLE AND : 05 md 1657
ALBERT VALLE, :
: CIVIL ACTION NO. 05-2526
        Plaintiffs, :
: JUDGE FALLON
VERSUS :
: MAGISTRATE KNOWLES
MERCK AND CO, INC. AND :
PFIZER, INC., :
:
        Defendants. :

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Defendant Pfizer Inc. will bring for hearing the accompanying Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) on the 31st day of August, 2005 at 9:00 a.m., or as soon thereafter as counsel can be heard, before the Honorable Eldon E. Fallon Division L, of the United States District Court for the Eastern District of Louisiana, 500 Camp Street, Courtroom C468, New Orleans, LA 70130.

        Respectfully submitted,

        IRWIN FRITCHIE URQUHART & MOORE, LLC

BY: _____
        QUENTIN F. URQUHART, JR. (#14475)
        JOHN W. SINNOTT (#23943)
        CAMALA E. CAPODICE (#29117)
        400 Poydras Street, Suite 2700
        New Orleans, LA 70130
        Telephone: (504) 310-2100
        Facsimile: (504) 310-2101
        *Counsel for Defendant, Pfizer Inc.*

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been mailed to all parties to this proceeding, by mailing of copy of same to each by First Class United States mail, properly addressed and postage prepaid on this 21st day of July, 2005.

_[signature]_