

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Joe Braswell* | * | JUDGE FALLON |
| *v. Merck & Co., Inc.*, (E.D. La. | * | |
| Index No. 05-2904) | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * | | |

## ANSWER OF DEFENDANT MERCK & CO., INC.

COMES NOW, Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, and answers Plaintiff's Complaint ("Complaint") herein as follows:

### 1. RESPONSE TO INTRODUCTION

1.1     Merck denies each and every allegation of Paragraph 1.1 except admits that Plaintiff brings this action and purports to seek damages, but denies that there is any legal or factual basis for such relief.

1.2     Merck denies each and every allegation of Paragraph 1.2 except admits that it is a corporation organized under the laws of New Jersey with its principal place of business at Whitehouse Station, New Jersey.  The remaining allegations of the paragraph are denied except Merck admits that it manufactured, marketed and distributed the prescription medicine VIOXX®.



781066v.1

1.3     Merck states that all allegations contained in Paragraph 1.3 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies the allegations of Paragraph 1.3, except admits that it is subject to the jurisdiction of this Court and that it is authorized to do business in Georgia.

1.4     Merck denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1.4.

1.5     Merck denies each and every allegation contained in Paragraph 1.5.

1.6     Merck states that all allegations contained in Paragraphs 1.6, including all subparts thereto, are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies said allegations, except admits that venue is proper in the above Court.

## 2. RESPONSE TO ALLEGED WRONGFUL ACTS

2.1     Merck denies each and every allegation of Paragraph 2.1 except admits that VIOXX® is a part of a class of medications known as NSAID, that VIOXX® is the brand name for Rofecoxib, and further avers that VIOXX® reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

2.2     Merck denies each and every allegation of Paragraph 2.2.

2.3     Merck denies each and every allegation of Paragraph 2.3, including all subparts thereto.

2.4     Merck denies each and every allegation of Paragraph 2.4.

2.5     Merck denies each and every allegation of Paragraph 2.5.

781066v.1

### 3. RESPONSE TO ALLEGED STRICT LIABILITY

Merck adopts by reference its responses to Paragraph Numbers 1.1 through 2.5 inclusive, as though stated herein verbatim.

    3.1    Merck denies each and every allegation of Paragraph 3.1, except admits that it is authorized to do business in Georgia.

    3.2    Merck denies each and every allegation of Paragraph 3.2, including all subparts thereto.

    3.3    Merck denies each and every allegation of Paragraph 3.3.

### 4. RESPONSE TO ALLEGED NEGLIGENCE

Merck adopts by reference its responses to Paragraph Numbers 1.1 through 2.5 inclusive, as though stated herein verbatim.

    4.1    Merck states that all allegations contained in Paragraph 4.1, including all subparts thereto, are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies said allegations.

    4.2    Merck denies each and every allegation of Paragraph 4.2.

    4.3    Merck denies each and every allegation of Paragraph 4.3.

### 5. RESPONSE TO ALLEGATIONS OF FRAUD

Merck adopts by reference its responses to Paragraph Numbers 1.1 through 2.5 inclusive, as though stated herein verbatim.

    5.1    Merck denies each and every allegation of Paragraph 5.1.

    5.2    Merck denies each and every allegation of Paragraph 5.2.

    5.3    Merck denies each and every allegation of Paragraph 5.3.

781066v.1

## 6. RESPONSE TO PRAYER FOR RELIEF

With respect to the paragraph immediately following the subheading on Page 7 of Plaintiff's Complaint entitled "6 Prayer for Relief", Merck denies each and every allegation contained therein, except admits that Plaintiff brings this action and purports to seek monetary damages, but denies that there is any legal or factual basis for such relief.

Any allegation of the Complaint not specifically responded to above is hereby denied.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and/or is otherwise untimely.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, res judicata, waiver, or statutory and regulatory compliance.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

781066v.1

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician(s).

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

781066v.1

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and standing to bring such claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

781066v.1

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud or misrepresentation are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

781066v.1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, and/or payment and release.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff makes a claim for punitive damages, Merck asserts that the Plaintiff has not complied with statutory requirements to recover punitive damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claim may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1 (1991);

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10;

(h) The Plaintiff's attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution; and

(i) The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court addressed the issue of punitive damages in the case styled *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996). Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Merck avers that Plaintiff's claims for litigation expense and attorneys fees fails to state a claim upon which relief may be granted and should be dismissed.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Merck avers that the Georgia Statute respecting award of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contracted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products violates the Constitution of the United States, particularly in that it does not afford product manufacturers, such as Merck, equal protection of the laws.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Merck avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Production Corp. v. Alliance Resources Corp.* 113 S. Ct. 2711 (1993).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to O.C.G.A. § 51-12-5.1, to the extent punitive damages are assessed against Merck, only one award of punitive damages may be recovered in any court in the State of Georgia from Merck arising from product liability of a single product.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, it reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action. Merck will rely on all defenses that may become available during discovery or trial.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

781066v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

                        Respectfully submitted,

                        */s/ Dorothy H. Wimberly*

                        Phillip A. Wittmann, 13625
                        Anthony M. DiLeo, 4942
                        Dorothy H. Wimberly, 18509
                        Carmelite M. Bertaut, 3054
                        Stone Pigman Walther Wittmann L.L.C.
                        564 Carondelet Street
                        New Orleans, Louisiana 70130
                        Phone: 504-581-3200
                        Fax:    504-581-3361

                        Defendant's Liaison Counsel

                        John P. MacNaughton
                        Seslee S. Mattson
                        Jeffrey K. Douglass
                        Morris, Manning & Martin, LLP
                        1600 Atlanta Financial Center
                        3343 Peachtree Road, N.E.
                        Atlanta, Georgia 30326
                        (404) 233-7000 (Telephone)
                        (404) 365-9532 (Facsimile)

                        Counsel for Merck & Co., Inc.

781066v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 20th day of July, 2005.

*Dorothy H. Wimberly*

781066v.1