FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -2  PM 1: 17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
    PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION: L

JUDGE FALLON
MAG. JUDGE KNOWLES

**THIS DOCUMENT RELATES TO ALL CASES**

**ORDER**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") have submitted the attached correspondences regarding the Plaintiff Profile Form ("PPF") and the Merck Profile Form. While the forms are finalized, PLC and DLC disagree on who should have access to the completed PPFs. The Plaintiffs object to Merck furnishing co-defendants with the PPFs provided to Merck. Merck argues that each defendant should have access to the forms for any case in which it has been sued.

After considering the arguments presented by PLC and DLC, the Court concludes that it would be improper to prohibit one defendant from sharing material with another defendant. Co-defendants may have common defenses and strategies in this case, and to deny them the opportunity to share information would be to deprive them of the full value of their defense. Therefore, the Court will issue a pretrial order governing PPFs and the Merck Profile Form that is consistent with Merck's proposal. However, the Court will take into consideration that Merck's co-defendants have received PPFs if and when the Plaintiffs request that those co-

defendants provide profile forms to the Plaintiffs.

New Orleans, Louisiana, this __2nd__ day of __August__, 2005.

_____
UNITED STATES DISTRICT JUDGE

# Herman, Herman, Katz & Cotlar
L.L.P.
Attorneys at Law

820 O'Keefe Avenue, New Orleans, Louisiana 70113-1116
Telephone: (504) 581-4892   Facsimile: (504) 561-6024
HTTP://WWW.HHKC.COM

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Morton H. Katz*
Sidney A. Cotlar*
Steven J. Lane
Leonard A. Davis*
James C. Klick‡

Stephen J. Herman
Brian D. Katz

David K. Fox†
Soren E. Gisleson

Joseph A. Kott, M.D. J.D. (Of Counsel)

Offices in New Orleans and Covington, Louisiana

* A Professional Law Corporation
‡ Also Admitted in Texas
† Also Admitted in Wisconsin and Illinois

This Firm and its Partners Are Also Partners in Herman, Mathis, Casey, Kitchens & Gerel, LLP

July 19, 2005

*Via E-Mail and Hand Delivery*

The Honorable Eldon Fallon
United States District Court
Eastern District of Louisiana
500 Camp Street, Room C-456
New Orleans, LA 70130

Re:   MDL No. 1657 - Section L
      *In Re: Vioxx Products Liability Litigation*

Dear Judge Fallon:

The Plaintiffs' Steering Committee objects to Merck furnishing co-defendants with the Plaintiff Profile Forms provided to Merck for the following reasons:

Merck has consistently excluded co-defendants from prior pre-trial orders and, at the same time, been engaged in negotiating joint defense agreements and/or indemnity agreements. The actual or potential defendants are insurers of Merck, health-care providers, pharmacies, prescription benefit managers (such as the former Merck-Medco before spin-off) and distributors.

Pre-Trial Order No. 17A (Defendant Merck & Co, Inc's Production of Documents) relates only to Merck. Pre-Trial Order No. 15 (Waiver of Service of Process) only applies to Merck. Pre-Trial Order No. 13 (Stipulation and Protective Order Regarding Confidential Information) binds Merck and parties but in Section 2, provides that "third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order..." But neither third parties, nor any lawyers representing defendants other than Merck signed the "Certification" required. Pre-Trial Order No. 11 (Direct Filing Into MDL) states that no other defendant has agreed to be bound by the order which allows filing directly into the MDL with a waiver of venue (Many co-defendant cases are awaiting remand, but a number have not requested remand or sought a hearing.)

Merck's proposed order, contains the following language: "This Order neither applies to nor imposes any obligation on any Defendant in an individual action in MDL #1657 other than Merck." Further, Merck's proposed order requires service of electronic copies of all Plaintiff profile Forms to be served electronically on "firms representing any other Defendants..." The contradiction inherent in the Merck proposal points out the essential problem: No defendant's counsel, other than Merck, has negotiated a PPF, nor is there a corresponding duty on co-defense counsel, to negotiate, confer and agree to a co-defendant profile form. In a telephone conference this afternoon, Defense

Judge Eldon Fallon                                                                              Page 2
July 19, 2005

Liaison Counsel has expressed a willingness to delete the underlined provisions. But the controversy continues.

The sharing of a PPF by Merck with its colleagues in the defense bar without obligation of the latter to provide pertinent information is unfair. The lack of fairness is compounded when one considers that Merck has or is attempting to negotiate joint defense agreements and/or indemnity agreements with co-counsel.

For example, are Plaintiffs entitled to be informed with a co-defendant profile response as to what co-counsel agreements exist, the dates, and information previously exchanged?

The defense of "Learned Intermediary", "Statutes of Limitation", "Caps-on Damages", etc. are impacted by the information sharing with co-defendants. If co-defendants are to be privy to Plaintiff Profile Forms, then fairness dictates that they should also be involved in the truncated and expeditious discovery similar to that which Plaintiffs and Merck are to exchange.

Originally, I suggested a Merck 5-day notice to Plaintiffs' counsel of intent to provide PPF to Defense co-counsel. However, this procedure is unmanageable and would cause numerous Court hearings.

HIPPA regulations also limit Merck's authority to share such information with co-defendants.

We request that the order regarding the PPF and MPF restrict Merck from providing the PPF to other Defendant's counsel until those counsel liaison with the Plaintiffs' Steering Committee, meet and confer, and negotiate a Defendant's Fact Sheet and other issues.

                                                                Respectfully Submitted,

                                                                RUSS M. HERMAN

RMH/rw
Enclosures
cc:     Phil Wittmann, Esq.
        Plaintiffs' Steering Committee

# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER

PHILLIP A. WITTMANN
DIRECT DIAL: (504) 593-0804
DIRECT FAX: (504) 596-0804
E-Mail: pwittmann@stonepigman.com



66,000

July 20, 2005

**BY HAND**

Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Camp Street, C456
New Orleans, LA 70130

Re:   In re: VIOXX MDL 1657

Dear Judge Fallon:

As the Court was advised at yesterday's status conference, the parties are now in agreement on the content of the Plaintiff Profile Form and the Merck Profile Form. However, the parties still disagree about who should have access to the completed PPFs. Plaintiffs assert that Merck should be prohibited from sharing the completed PPFs with other defendants in this proceeding. Merck asserts that each defendant should have access to the forms for any case in which it has been sued.

Plaintiffs' proposal has no legitimate basis. The information contained in the PPFs relates to the nature of the plaintiffs' allegations, their history of taking VIOXX®, and their alleged injuries. This information is central to their claims and would normally be included in a detailed pleading or routine discovery responses. There is simply no precedent for denying a defendant access to the most basic facts underlying the claims asserted against it. Indeed, the other defendants could simply obtain the same information by making their own formal discovery requests. Thus, the only effect of plaintiffs' proposal would be to force other defendants to engage in unnecessary, costly discovery (and for plaintiffs to engage in unnecessary, costly responses).

Merck has contended all along that many of the other defendants in this litigation were fraudulently joined for purposes of evading federal jurisdiction. Plaintiffs' latest suggestion that these defendants should be barred from reviewing basic discovery responses appears to confirm that plaintiffs do not intend to pursue their claims against them. If plaintiffs do not want

778985v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE
2

July 20, 2005

to provide these defendants with standard factual disclosures regarding their claims, the obvious solution would be to dismiss them.

In sum, there is no basis for denying non-Merck defendants access to the fact sheets provided by plaintiffs in the cases filed against them, nor should Merck be restricted in its use of them. The Merck Profile Forms will be available to all plaintiffs in this MDL and the PPFs should likewise be available to all defendants. The restrictions proposed by plaintiffs should be rejected.

I note that Mr. Herman enclosed in his letter to you a copy of a Proposed Pre-Trial Order and referred to a telephone conference with me in which we attempted to resolve our differences. However, he was unwilling to accept my proposal and I note that he now concedes that his proposal for a five (5) day notice would be unmanageable.

I am enclosing Merck's proposal for a Pre-trial Order governing both Plaintiff Profile Forms and Merck Profile Forms, together with the attachments A and B referenced in the order. I respectfully request the Court to enter that order to resolve this issue.

With kind regards, I remain

Sincerely,

Phillip A. Wittmann

PAW/dlm
cc:   Russ M. Herman, Esq.

778985v.1