infarction "UMI."

145.    If left undetected a UMI poses a serious long-term health risk.

146.    Users of Vioxx, alone or in combination with other drugs now have a significantly increased risk of having suffered an unrecognized, serious, latent disease for which there are medical screening procedures that make early detection possible and that are different from those normally recommended in the absence of exposure to Vioxx, alone or in combination, and are reasonably necessary according to contemporary medical and scientific principles.

147.    Plaintiffs have incurred and/or will incur, and/or will continue to incur medical screening costs.

148.    The increased risks associated with having taken Vioxx makes non-routine medical screening reasonably necessary.

149.    Monitoring and testing procedures exist to detect these serious latent diseases, including but not limited to electrocardiograms and echocardiograms.

## V.    CLASS ACTION ALLEGATIONS

150.    Pursuant to Federal Rule Civil Procedure 23, class representative plaintiff David Scott on behalf of himself and all others similarly situated, seeks a nationwide class defined as follows:

> All persons residing in the United States who were prescribed and ingested Vioxx, also known as Rofecoxib in any dose during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

Plaintiffs seek a national class through the unitary application of New Jersey law.  New Jersey law provides for a broad remedy and as long as no out-of-state plaintiff gets less protection under its states' laws and Merck is subject to New Jersey law, there should be no objection to the unitary application of New Jersey law.

151.    Alternatively, pursuant to Federal Rule Civil Procedure 23, the class representative plaintiffs for their particular state class on behalf of themselves and all other similarly situated, seek certification of the classes defined as follows:

(i)      ALASKA:  All persons residing in the state of Alaska who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(ii)     ARIZONA:  All persons residing in the state of Arizona who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(iii)7   ARKANSAS:  All persons residing in the state of Arkansas who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is

34

the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(iv)     CALIFORNIA:  All persons residing in the state of California who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(v)     COLORADO:  All persons residing in the state of Colorado who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(vi)     CONNECTICUT:  All persons residing in the state of Connecticut who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(vii)     DELAWARE:  All persons residing in the state of Delaware who were prescribed and ingested the drug

Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(viii)   DISTRICT OF COLUMBIA:  All persons residing in the state of District of Columbia who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(ix)    FLORIDA:  All persons residing in the state of Florida who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(x)    GEORGIA:  All persons residing in the state of Georgia who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers,

36

directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xi)     HAWAII:  All persons residing in the state of Hawaii who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xii)    IDAHO:  All persons residing in the state of Idaho who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xiii)   ILLINOIS:  All persons residing in the state of Illinois who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xiv)    INDIANA:  All persons residing in the state of Indiana who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and

37

who have not been diagnosed with any injury causally associated with Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xv)     IOWA:  All persons residing in the state of Iowa who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xvi)    KANSAS:  All persons residing in the state of Kansas who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xvii)   MAINE:  All persons residing in the state of Maine who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

38

(xviii)    MARYLAND:  All persons residing in the state of
Maryland who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or
judicial officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xix)    MASSACHUSETTS:  All persons residing in the state of
Massachusetts who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or
judicial officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xx)    MICHIGAN:  All persons residing in the state of Michigan
who were prescribed and ingested the drug Vioxx, also
known as Rofecoxib in any dose  during the period from
May 20, 1999 through September 30, 2004 (the "Class
Period"), and who have not been diagnosed with any injury
causally associated with Vioxx under the laws of New
Jersey.  Excluded from the class is the defendant, including
any parent, subsidiary, affiliate or controlled person of the
defendant and their officers, directors, agents or employees,
any judge or judicial officers assigned to this matter, and
members of the immediate families of any excluded
persons.

(xxi)    MINNESOTA:  All persons residing in the state of
Minnesota who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,

39

affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxii)    MISSISSIPPI:  All persons residing in the state of Mississippi who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxiii)    MISSOURI:  All persons residing in the state of Missouri who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxiv)    MONTANA:  All persons residing in the state of Montana who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxv)    NEBRASKA:  All persons residing in the state of Nebraska

40

who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxvi)     NEW HAMPSHIRE:  All persons residing in the state of New Hampshire who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxvii)    NEW JERSEY:  All persons residing in the state of New Jersey who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxviii)   NEW MEXICO:  All persons residing in the state of New Mexico who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or

judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxix)      NEW YORK:  All persons residing in the state of New York who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxx)       NORTH CAROLINA:  All persons residing in the state of North Carolina who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxi)      NORTH DAKOTA:  All persons residing in the state of North Dakota who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxii)     OHIO:  All persons residing in the state of Ohio who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally

42

associated with Vioxx.  Excluded from the class is the
defendant, including any parent, subsidiary, affiliate or
controlled person of the defendant and their officers,
directors, agents or employees, any judge or judicial
officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xxxiii)    OKLAHOMA:  All persons residing in the state of
Oklahoma who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or
judicial officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xxxiv)    OREGON:  All persons residing in the state of Oregon who
were prescribed and ingested the drug Vioxx, also known
as Rofecoxib in any dose  during the period from May 20,
1999 through September 30, 2004 (the "Class Period"), and
who have not been diagnosed with any injury causally
associated with Vioxx.  Excluded from the class is the
defendant, including any parent, subsidiary, affiliate or
controlled person of the defendant and their officers,
directors, agents or employees, any judge or judicial
officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xxxv)    PENNSYLVANIA:  All persons residing in the state of
Pennsylvania who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or
judicial officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xxxvi)    RHODE ISLAND:  All persons residing in the state of

43

Rhode Island who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or
judicial officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xxxvii)      SOUTH CAROLINA:  All persons residing in the state of
South Carolina who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or
judicial officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xxxviii)     SOUTH DAKOTA:  All persons residing in the state of
South Dakota who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or
judicial officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xxxix)       TENNESSEE:  All persons residing in the state of
Tennessee who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or

44

judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xl)     TEXAS:  All persons residing in the state of Texas who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons

(xli)    UTAH:  All persons residing in the state of Utah who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xlii)   VERMONT:  All persons residing in the state of Vermont who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any injury causally associated with Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xliii)  WASHINGTON:  All persons residing in the state of Washington who were prescribed and ingested the drug Vioxx, also known as Rofecoxib in any dose  during the period from May 20, 1999 through September 30, 2004 (the "Class Period"), and who have not been diagnosed with any

45

injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or
judicial officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xliv)   WEST VIRGINIA:  All persons residing in the state of
West Virginia who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or
judicial officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xlv)   WISCONSIN:  All persons residing in the state of
Wisconsin who were prescribed and ingested the drug
Vioxx, also known as Rofecoxib in any dose  during the
period from May 20, 1999 through September 30, 2004 (the
"Class Period"), and who have not been diagnosed with any
injury causally associated with Vioxx.  Excluded from the
class is the defendant, including any parent, subsidiary,
affiliate or controlled person of the defendant and their
officers, directors, agents or employees, any judge or
judicial officers assigned to this matter, and members of the
immediate families of any excluded persons.

(xlvi)   WYOMING:  All persons residing in the state of Wyoming
who were prescribed and ingested the drug Vioxx, also
known as Rofecoxib in any dose  during the period from
May 20, 1999 through September 30, 2004 (the "Class
Period"), and who have not been diagnosed with any injury
causally associated with Vioxx.  Excluded from the class is
the defendant, including any parent, subsidiary, affiliate or
controlled person of the defendant and their officers,
directors, agents or employees, any judge or judicial
officers assigned to this matter, and members of the
immediate families of any excluded persons.

152.   Vioxx was widely prescribed and has been ingested by approximately 20 million

persons. The members of the Class are so numerous that joinder is impracticable and would involve thousands of individual actions.

153.    Each class representative plaintiff is a member of the Class he/she seeks to represent.

154.    In this action, key significant common issues of law and fact exist which relate to the defectiveness of Vioxx; to Defendant's knowledge, conduct and duty in its  formulation, research and development, manufacturing, testing, promotion, marketing, advertising and sales; and, these common issues predominate over any issues affecting only individual Class members. Common issues of law and fact include, but are not limited to:

       a.    Whether Vioxx was and is unsafe for human ingestion;

       b.    Whether defendant designed, manufactured and/or marketed Vioxx with knowledge that it was a dangerously defective product;

       c.    Whether defendant acted negligently in marketing and selling Vioxx;

       d.    Whether defendant conducted, either directly or indirectly, adequate testing of Vioxx;

       e.    Whether defendant failed to adequately warn consumers of the adverse health hazards caused by using Vioxx;

       f.    Whether defendant  misrepresented in their advertisements, promotional materials and other materials, among other things, the safety of using Vioxx;

       g.    Whether defendant knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of Vioxx from governmental regulators, the medical community and/or the consuming public;

47

h.      Whether defendant's post-marketing safety and surveillance system exists, and if so, was designed and implemented in a reasonable manner;

i.      Whether defendant designed and manufactured a drug that was dangerously defective because its use leads to or poses a substantial increased risk of the existence of potentially dangerous side effects, including, but not limited to, heart attack and stroke;

j.      Whether defendant knew or should have known that the ingestion of Vioxx leads to or poses a substantial increased risk of side effects;

k.      Whether defendant continued to manufacture, label, license, market, distribute, promote and/or sell the drug, Vioxx, notwithstanding its knowledge of the drug's dangerous nature and side effects;

l.      Whether the warnings and information defendant provided with Vioxx were adequate in warning of the potential hazards resulting from its use;

m.      Whether ingestion of Vioxx causes an increased risk of side effects;

n.      Whether there exist monitoring and testing procedures that will permit the early detection and treatment of the side effects caused by the ingestion of Vioxx;

o.      Whether the increased risk of side effects from the ingestion of Vioxx warrants periodic diagnostic and medical examinations, medical research, and communications to the Class;

p.      Whether medical monitoring of plaintiff and the proposed Class who used Vioxx is reasonably necessary; and

q.      For the nationwide class, whether the unitary application of New Jersey or

48

Pennsylvania law of medical monitoring is appropriate.

155.    These and other questions of law and/or fact are common to the Class and predominate over any question affecting only individual class members.

156.    The claims of the class representatives are typical of the claims of the Class in that the named representatives and the members of the Class ingested Vioxx and have not been diagnosed with a cardiovascular injury.

157.    The plaintiff(s) will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff(s) has retained counsel competent and experienced in complex class actions and products liability litigation.  Plaintiff(s) has no known interests which are adverse to the interests of the other members of the Class.   The interests of the plaintiff and the Class they seek to represent are aligned because of their ingestion of Vioxx and their consequential increased risk of the existence of the side effects caused by Vioxx.

158.    Plaintiff, David Scott, as representative for the national class, acts as  a surrogate for those state classes (defined above) for which there is yet no nominal class representative plaintiff, i.e. the headless class.  By interlineation, plaintiffs will cause to have substituted appropriate class representatives as their claims are filed and transferred to MDL 1657 pursuant to 28 U.S.C. §1407.

159.    Class certification is appropriate pursuant to Fed.R.Civ.P. 23(b)(1) so as to: 1) avoid inconsistent adjudications with respect to individual members of the class which would establish incompatible standards of conduct for defendant Merck; and 2) avoid adjudications with respect to individual members of the class which as a practical matter would be dispositive of the interests of the other members not parties to the adjudications, to wit the imposition of

49

inconsistent medical monitoring protocols or remedial epidemiological studies.

160.   Class certification is appropriate pursuant to Fed.R.Civ.P. 23(b)(2) because defendant acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to plaintiff and the Class members. Specifically, plaintiff seeks injunctive relief in the form of court order: (1) directing  an emergency notice to the Class regarding the dangers of Vioxx; (2) establishing a court-administered Medical Monitoring Program, to be funded by Merck and, to provide for and/or reimburse medical and diagnostic tests for each member of the Class to detect unrecognized myocardial infarctions ("UMI") and other latent or unrecognized injuries and, if such injuries are detected and diagnosed, to educate plaintiffs about available treatment strategies; and, (3) ordering a follow-up Epidemiology Study, to be funded by Merck, of cardiovascular events in former Vioxx users versus a matched population of non-users to further evaluate post-cessation risk, and retain jurisdiction in this Court to decide at a later time whether the findings of such a study justify screening for unrecognized or latent injuries other than UMI.

161.   Class certification is also appropriate under Fed.R.Civ.P. 23(b)(3) because common issues of law and fact relative to the design, manufacture and marketing of Vioxx predominate over individual issues.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all members of each Class is impracticable.

162.   Class certification of the common issues identified in Paragraph No. 154 may also be appropriate pursuant to Fed. R.Civ.P. 23(c)(4)(A) with respect to particular issues set forth above or to be developed in the course of the litigation.

163.   The plaintiff and each member of each Class have a strong interest in obtaining the requested court-administered Medical Screening Program and a follow-up Epidemiology Study. Medical monitoring and study is calculated to facilitate the recognition of disease patterns and the early diagnosis and treatment of disease among plaintiffs and class members so affected and to, therefore, improve the prognosis and likelihood of an improved health outcome for those people.  There is also a strong common interest in the collection of medical data.

164.   Emergency notice of all individual class members is necessary pursuant to Fed.R.Civ.P. 23(d)(2) or 23(e) for the protection of the class members as a result of the potential harm from Vioxx either alone or in combination with other drugs that the class members may have sustained, necessitating immediate medical diagnosis and treatment.

165.   A class action is superior to any other available method for the fair and efficient adjudication of this dispute because common questions of law and fact overwhelming predominate any questions that may affect only individual Class members, and there would be enormous economies to the courts and the parties in litigating the common issues on a classwide instead of repetitive individual basis.  A class action approach would serve to consolidate and create a scenario with far fewer management difficulties because it provides the benefits of unity adjudication, judicial economy, economies of scale and comprehensive supervision by a single court.  Any person who has been seriously injured and wishes to pursue an individual action outside the remedy sought in this complaint will have the opportunity to opt out.

166.   Plaintiffs, on behalf of themselves and the Class, seek where appropriate legal or equitable relief in the form of a Court-ordered and supervised medical monitoring program, funded by defendant, to assist plaintiffs and the Class members in the early detection and

51

treatment of illnesses caused by Vioxx. Such a program would include the following:

a.    A method to notify individuals who ingested Vioxx of the increased risk of harm that they have suffered as a result of the ingestion of Vioxx;

b.    Provision for the accumulation and analysis of relevant medical and demographic information from Class members including, but not limited to, the results of all appropriate diagnostic tests performed on Class members as part of a medical research and education fund;

c.    Provision for the creation, maintenance, and operation of a medical registry in which relevant demographic and medical information concerning all Class members is gathered, maintained and analyzed;

d.    Provision for medical research concerning the incidence, prevalence, natural course and history, diagnosis and treatment of Vioxx induced side effects;

e.    Publication, and other dissemination, of all such information to members of the Class and their physicians, and

f.    Voluntary medical testing consistent with paragraphs (a) though (e) above.

167.    Maintenance of this action as a class action for the classes alleged is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of each Class who has suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single nationwide class action or state by state class action can determine, with judicial economy, the rights of all class members.

168.    Notice may be provided to class members under the requirements of Federal Rule

52

of Civil Procedure 23(c)(2) by such combination of print publication, broadcast publication,

internet publication, and/or first class mail that this Court determines best comport with modern

Rule 23(c)(2) class notice form, content and dissemination techniques as used in other medical

products liability cases and as recommended by the Manual for Complex Litigation 4th ed. Notice

may be provided to class members by a combination of published notice and first class mail,

using techniques and forms of notice similar to those customarily used in other drug-related

products liability cases and complex class actions.

169.    Plaintiff knows of no difficulty that will be encountered in the management of this

litigation that would preclude its maintenance as a class action certified for the Class.

## VI.    CLAIMS FOR RELIEF

### COUNT I
#### REQUEST FOR LEGAL OR INJUNCTIVE AND EQUITABLE RELIEF – MEDICAL MONITORING BASED UPON DEFENDANT'S NEGLIGENCE

170.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as

though set forth fully at length herein.

171.    Merck intentionally and negligently misrepresented the safety and effectiveness of

Vioxx and intentionally and negligently concealed material adverse information regarding the

safety and effectiveness of Vioxx from consumers and health care providers.

172.    At all relevant times, Merck owed a duty of care to Plaintiffs and the members of

the Classes:

    a.  To formulate, develop, manufacture, market, package, label, distribute,

    and sell Vioxx as safe for foreseeable use by consumers and without a

    significantly increased risk of serious disease such as unrecognized myocardial

53

infarction;

b.      To conduct appropriate testing to determine whether and to what extent ingestion of Vioxx, alone or in combination with other drugs, posed a significantly increased risk of harm to consumers;

c.      To discover or otherwise obtain knowledge that ingestion of Vioxx, alone or in combination with other drugs, carries a significantly increased risk to consumers of serious disease, including without limitation unrecognized and latent injuries such as unrecognized myocardial infarction; and

d.      To warn consumers that foreseeable usage of Vioxx, alone or in combination with other drugs, carries a significantly increased risk of serious disease.

173.    Merck breached its duty of care to Plaintiff, as set forth in the preceding paragraphs, by:

a.      Failing negligently to formulate, develop, manufacture, market, package, label, distribute, and sell Vioxx as safe for foreseeable use by consumers and without a significantly increased risk of serious diseases;

b.      Failing negligently to conduct appropriate testing to determine whether and to what extent ingestion of Vioxx, alone or in combination with other drugs, posed a significantly increased risk to consumers of these serious diseases;

c.      Failing negligently to discover or otherwise obtain knowledge that ingestion of Vioxx, alone or in combination with other drugs, carries a significantly increased risk to consumers of these serious diseases;

54

d.    Failing to warn consumers that foreseeable usage of Vioxx, alone or in combination with other drugs, carries a significantly increased risk of these serious diseases;

e.    Failing to formulate, develop, manufacture, market, package, label, distribute, promote, advertise, market, and sell Vioxx in accordance with Defendant's implied and express warranties of merchantability and fitness for intended purpose; and,

f.    Failing to formulate, develop, manufacture, market, package, label, distribute, promote, advertise, market, and sell Vioxx without defects which pose a serious danger to human health.

174.   As a proximate result of Merck's negligence, plaintiff and the members of the Class used Vioxx, alone or in combination with other drugs, and now have a significantly increased risk of having suffered an unrecognized, serious, latent disease for which there are medical screening procedures that make early detection possible and that are different from those normally recommended in the absence of exposure to Vioxx, alone or in combination, and are reasonably necessary according to contemporary medical and scientific principles.

175.   The increased risks associated with having taken Vioxx makes non-routine medical screening reasonably necessary.

176.   Monitoring and testing procedures exist to detect these serious latent diseases, such as Electrocardiograms and Echocardiograms.

177.   Merck's actions render the company liable to pay all costs of a comprehensive Medical Monitoring Program and follow-up Epidemiology Study.

178.   This claim is separate and distinct from any claim for personal injury claims and does not nor should it be interpreted to split claimants' causes of action.

## COUNT II
### REQUEST FOR INJUNCTIVE AND EQUITABLE RELIEF – EMERGENCY NOTICE

179.   Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

180.   As a proximate result of Merck's negligence,  Plaintiffs and the members of the Class(es) used Vioxx, alone or in combination with other drugs, and now have a significantly increased risk of having suffered an unrecognized, serious, latent disease for which there are medical screening procedures that make early detection possible and that are different from those normally recommended in the absence of exposure to Vioxx, alone or in combination, and are reasonably necessary according to contemporary medical and scientific principles.

181.   Upon information and belief, a substantial number, if not all of the members of the Class(es) and their physicians are unaware that they may have suffered an unrecognized, serious, latent disease from the ingestion of Vioxx because Merck has and continues to intentionally, and negligently misrepresent the safety and effectiveness of Vioxx to the public and health care providers.

182.   Equity dictates that this Court provide the Class(es) a remedy that provides them with sufficient information appropriate for them to make informed decisions related to their physical well-being.  Absent such notice the individual members of the Class(es) will be irreparably harmed.

183.   Class members are also entitled to any procedural protections deemed necessary

56

and appropriate to protect their legal interests.

## VII.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, for themselves and all others similarly situated, request that this Court enter a judgment against the defendant and in favor of the plaintiffs, on behalf of himself and the members of the Class(es), and to award the following relief:

1.      An Order declaring these actions to be a proper class action(s) pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class or Classes, and finding that plaintiff(s) are a proper representative(s) of the Class(es);

2.      A preliminary injunction (to be made permanent) or other order providing for equitable notice to all members of the class(es) advising them as to, inter alia: Merck's misconduct; their increased risk of latent disease as a result of the ingestion of Vioxx; the potential that adverse cardiovascular and/or cerebrovascular events suffered by members of the class may be related to their ingestion of Vioxx; and their need to take legal action to preserve their rights with respect to any damages they may have suffered as a result of their ingestion of Vioxx;

3.      Declaring the defendant financially responsible for notifying all class members that Vioxx is dangerous, toxic hazardous substance/product/drug and for taking all other actions requested herein;

4.      An Order establishing a court-administered Medical Screening Program, to be funded by Merck, to provide for and/or reimburse medical and diagnostic tests for each member of the Class to detect unrecognized myocardial infarctions ("UMI") and other latent or

unrecognized injuries and, if such injuries are detected and diagnosed, to educate plaintiff and the Class about available treatment strategies;

5.     An Order for a follow-up Epidemiology Study, to be funded by Merck, of cardiovascular events in former Vioxx users versus a matched population of non-users to further evaluate post-cessation risk, and retaining jurisdiction in this Court to decide at a later time whether the findings of such a study justify screening for unrecognized or latent injuries other than UMI;

6.     Entering judgment in favor of the plaintiff(s) and the members of the plaintiff Class(es), and against the defendant;

7.     That plaintiff(s), and the Class(es), recover their costs including, but not limited to, discretionary Court costs of these causes, and those costs available under the law, as well as expert fees and attorneys' fees and expenses, and costs of this action; and,

8.     That plaintiff(s) and each member of the Class(es) recover such additional and further relief as this Court may deem just and appropriate.

58

**JURY TRIAL DEMAND**

Plaintiffs demand on behalf of themselves and all others similarly situated, a trial by jury on all issues so triable.

Dated:  August 1, 2005

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

By: _____
Russ M. Herman (BarNo.6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*HERMAN, HERMAN, KATZ & COTLAR, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
504-581-4892 (telephone)
504-561-6024 (telecopier)

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, LA 70163-2800
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

59

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL  32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX  77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA  70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA  92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC  20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

**ON THE MASTER COMPLAINT:**

Stephen B. Murray, Esquire
The Murray Law Firm
909 Poydras Street, Suite 2550
New Orleans, LA 70112

Diane Nast, Esquire
Roda & Nast
801 Estelle Drive
Lancaster, PA 17601

**OF COUNSEL**:

Elizabeth J. Cabraser
Heather Foster
Lori Andrus
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
*Of Counsel for the Arkansas, Iowa &*
*Oklahoma Classes*

Mark D. Samson
Keller Rohrback P.L.C.
3101 North Central Avenue, Suite 900
Phoenix, AZ 85012-2600
(602) 248-0088 (phone)
(602) 248-2822 (fax)
*Of Counsel for the Arizona Class*

Michael Stratton
Stratton Faxon
59 Elm Street
New Haven, CT 06510
(203) 624-9500 (phone)
(203) 624-9100 (fax)
*Of Counsel for the Connecticut Class*

Jon D. Pels
Larry J. Anderson
Pels, Anderson & Lee
4833 Rugby Avenue
Fourth Floor
Bethesda, MD 20814
(301) 986-5570 (phone)
(301) 986-5571 (fax)
*Of Counsel for the District of Columbia Class*

Marcus W. Viles
Viles & Beckman
2075 West First Street
Suite 100
Ft. Myers, FL 33901
(239) 334-3933 (phone)
(239) 334-7105 (fax)
*Of Counsel for the Florida Class*

Richard H. Greener
Frederic V. Shoemaker
Ledawn Marsters
Greener, Banducci, Shoemaker
The Carnegie Building
815 West Idaho Street
Boise, ID 83702
(208) 3139-2600 (phone)
(208) 319-2601 (fax)
*Of Counsel for the Idaho Class*

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
Edelman, Combs, Latturner
  & Goodwin, LLC
120 S. LaSalle Street
18th Floor
Chicago, IL 60603
(312) 739-4200 (phone)
(312) 419-0379 (fax)
*Of Counsel for the Illinois Class*

Wendy R. Fleishman
Lieff, Cabraser, Heimann & Bernstein
780 Third Avenue, 48th Floor
New York, NY 10019
(212) 355-9500
*Of Counsel for Iowa Class*

61

Irwin B. Levin
Cohen & Malad
136 North Delaware Street
Indianapolis, IN 46206
(317)-636-6481
(317) 636-2593 (fax)
*Of Counsel for Iowa Class*

Grant L. Davis
Scott S. Bethune
Thomas C. Jones
Shawn G. Foster
Davis, Bethune & Jones, LLC
1100 Main Street, Suite 2930
Kansas City, MO 64105
(816) 421-1600 phone
(816) 472-5972 fax
*Of Counsel for the Kansas & Missouri Classes*

Leigh O'Dell
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103
*Of Counsel for Maryland, Maine, Nebraska,*
*New Jersey, Rhode Island & Wyoming Classes*

Stephen Saia
Law Offices of Stephen Saia
70 Old Cart Path Lane
Pembroke, MA 02359
(781) 826-8401 (phone)
*Of Counsel for the Massachusetts Class*

Jacob B. Perkinson
James F. Conway, III
Johnson & Perkinson
P.O. Box 2305
1609 Williston Road
South Burlington, VT 05403
(802) 862-0030 (phone)
*Of Counsel for the Massachusetts Class*

Arnold Levin
Fred S. Longer
Michael Weinkowitz
Levin Fishbein Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500(phone)
(215) 592-4663 (fax)
*Of Counsel for the Michigan, Colorado,*
*Mississippi, Montana, North Carolina, Ohio,*
*Texas, West Virginia, New Jersey, &*
*Wisconsin Classes*

Leonard Fodera, Esquire
Silverman & Fodera
11 Penn Center
1835 Market St, Suite 1101
Philadelphia, PA 19103
*Of Counsel for North Carolina & Texas*
*Classes*

Andrew B. Sacks
John K. Weston
Julie C. Parker
Sacks & Weston
510 Walnut Street
Suite 400
Philadelphia, PA 19106
(215) 925-8200 (phone)
(215) 925-0508 (fax)
*Of Counsel for the Pennsylvania Class*

Brian D. Hancock
W. Lewis Garrison, Jr.
Garrison/Scott
2224 1st Avenue North
Birmingham, AL 35203
(205) 326-3336 (phone)
(205) 326-326-3332 (fax)
*Of Counsel for the Tennessee Class*

62

Rob Williamson
Kim Williams
Williamson & Williams
811 First Ave.
Suite 620
Seattle, WA 98104
(206) 587-6834 (phone)
(206) 587-6835 (fax)
*Of Counsel for the Tennessee & Washington*
*Classes*

Dennis J. Johnson
Jacob B. Perkinson
James F. Conway, III
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403
(802) 862-0030 (phone)
(802) 862-0060 (fax)
*Of Counsel for the Vermont Class*

Mark A. Griffin
Keller Rohrback
1201 Third Avenue
Suite 3200
Seattle, WA 98101-3052
(206) 623-1900 (phone)
(206) 623-3384 (fax)
*Of Counsel for the Tennessee & Washington*
*Classes*

**LOCAL COUNSEL:**

John Kitchens
Kitchens & Ellis
610 North Street
Jackson, MS 39202
*Local Counsel for the Mississippi Class*

Douglas Wold
Wold Law Firm
218 Ast Street East
Polson, MT 59860
*Local Counsel for the Montana Class*

Douglas B. Abrams
Abrams & Abrams, PA
P. O. Box 26025
Raleigh, NC 27611
*Local Counsel for the North Carolina Class*

Eric R. Kennedy
Dan Goetz
101 Prospect Avenue West
Suite 1600
Cleveland, Ohio 44115
*Local Counsel for the Ohio Class*

Marcus J. Sengstock
10150 West national Avenue, #390
West Allis, WI 53227
*Local Counsel for the Wisconsin Class*

Les Weisbrod, Esquire
Alexandra Boone
Morgan & Weisbrod
11551 Forrest Central Drive
Dallas, TX 77401
800-800-6353
*Local Counsel for Texas Class*

Ted Kanner
Kanner Law Offices
606 Virginia Street East, Suite 200
Charleston, WV 25301
304-343-6300
*Local Counsel for West Virginia Class*

James E. Fitzgerald
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001-3740
(307)634-4000
Fax: (307) 635-2391
*Local Counsel for Wyoming Class*

Andrew Littman
Stevens, Littman, Biddison, Tharp &
Weinberg
Crossroads Mall, C-4
Vail, CO 81658
970-479-9989
*Local Counsel for Colorado Class*

John Kearns
Sainotz, Kirk & Miles, P.A.
3 South Fredrick Street, Suite 900
Baltimore, Maryland 21202
(410) 539-6339
*Local Counsel for Maryland Class*

Ted Kanner
Kanner Law Offices
606 Virginia St. East, Suite 200
Charleston, WV 25301
*Local Counsel for West Virginia Class*

Stephen Hunter
Law Offices of Stephen M. Hunter
1255 Oaklawn Avenue
Cranston, Rhode Island 02920
(401) 463-3355
*Local Counsel for Rhode Island Class*

Dave Lathrop, Esquire
Hauptman O'Brien Wolf & Lathrop, P.C.
1005 South 107th Avenue, Suite 200
Omaha, Nebraska 68114
(402) 390-9000
*Local Counsel for Nebraska Class*

Joseph Bornstein
Law Offices of Joe Bornstein
Post Office Box 4686
Portland, Maine 04112
(207) 945-5555
*Local Counsel for Maine Class*

Jeff Atkins
Atkins & Markoff
921 Lake Hefner Parkway, Suite 105
Oklahoma City, OK 73120
*Local Counsel for Oklahoma Class*

## CERTIFICATE

I hereby certify that the above and foregoing Master Class Action Complaint
(Medical Monitoring) has been served upon all parties by U.S. Mail and e-mail or by hand-
delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File
& Serve Advanced in accordance with Pre-trial Order No. 8, on this 2nd day of August, 2005.

64