> promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . .

203. Defendant Merck's practices in connection with the marketing and sale of Vioxx violate the New Jersey CFA for, among others, one or more of the following reasons:

a. Defendant Merck knowingly suppressed, concealed, and omitted from Plaintiffs, the Class, and the medical community, truthful and complete efficacy and safety information regarding Vioxx, particularly comparative information between Vioxx and traditional NSAIDs;

b. Defendant Merck provided, disseminated, marketed, and otherwise distributed direct-to-consumer advertising and other information to Plaintiffs and the Class, and the medical community that omitted, concealed, suppressed, and otherwise downplayed adequate warnings and material medical information regarding the use of Vioxx;

c. Defendant Merck misrepresented, knowingly concealed, omitted, and suppressed the safety and efficacy of Vioxx in its advertising, promotional, and safety materials and information disseminated to Plaintiffs, the Class, and the medical community; and/or

d. Defendant Merck engaged in unconscionable commercial practices in promoting Vioxx as a drug with a greater safety and efficacy profile as compared to its NSAID competitors when the purported safety and efficacy benefits were unfounded; and/or

e. Defendant Merck engaged in unconscionable commercial practices in its concealment, suppression, and omission of important information about the safety and

efficacy of Vioxx in its advertising, promotional, and safety materials and information disseminated to Plaintiffs and the Class, and the medical community.

204.    Defendant's concealment, suppression, omissions, misrepresentations, and practices had the tendency, capacity, and likelihood to deceive Plaintiffs and the Class.

205.    Defendant Merck intended, or consciously disregarded, that Plaintiffs and the Class would rely on its omissions, misrepresentations and practices so that they would authorize the purchase of, and indeed purchase and/or pay for, Vioxx.

206.    The foregoing omissions, knowing concealment, misrepresentations and practices cost Plaintiffs and the Class to suffer ascertainable losses in that they authorized the purchase of, and purchased, and/or paid for, Vioxx without knowing the true and complete risks, dangers, disadvantages and benefits of Vioxx, in general, and specifically in comparison to alternative, and significantly less expensive NSAIDs.

207.    Plaintiffs and the Class would not have authorized the purchase of, or payment for Vioxx, on the terms that they did, had they known the true and complete risks, dangers, disadvantages, and benefits of Vioxx, in general, and specifically in comparison to alternative and slightly less expensive NSAIDs.

208.    Defendant Merck's unlawful conduct arose, was directed by, and emanated from New Jersey, to the detriment and injury of Plaintiffs and the Class throughout the United States.

209.    As a proximate cause of Merck's violations of the New Jersey CFA, Plaintiffs and the Class suffered ascertainable losses, injuries and damages as described herein, in an amount to be determined at trial.  Defendant Merck is liable to Plaintiffs and the Class for a refund and reimbursement of all moneys acquired from Plaintiffs and the Class by reason of

Defendant Merck's unlawful conduct as set forth herein under Section 56:8-2.12 and 2.13 of the New Jersey CFA., treble damages, and such other and further relief as is warranted for violations of the New Jersey CFA.

**SECOND CLAIM FOR RELIEF**
**(Violations of All State Consumer Fraud and Deceptive Trade Practices Acts)**

210. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

211. Merck had a statutory duty to refrain from unfair or deceptive acts or practices in the sale and promotion of Vioxx to Plaintiffs and members of the Class.

212. Merck engaged in unfair, unconscionable, deceptive, fraudulent and misleading acts or practices in violation of all states' consumer protection laws, identified below. Through its false, untrue and misleading promotion of Vioxx, Merck induced Plaintiffs to purchase and/or pay for the purchase of Vioxx. Merck misrepresented the alleged benefits and characteristics of Vioxx; suppressed, concealed and failed to disclose material information concerning known adverse effects of Vioxx; misrepresented the quality of Vioxx as compared to much lower-cost alternatives; misrepresented and advertised that Vioxx was of a particular standard, quality or grade that it was not; misrepresent Vioxx in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiffs and the Class would have switched from Vioxx to another NSAID and/or chosen not to purchase and/or reimburse for purchases of Vioxx; advertised Vioxx with the intent not to sell it as advertised; and otherwise engaged in fraudulent and deceptive conduct. Merck's conduct created a likelihood of, and in fact caused, confusion and misunderstanding. Merck's conduct misled, deceived and damaged Plaintiffs and Class Members, and Merck's fraudulent, misleading and deceptive conduct was perpetrated with an intent that Plaintiffs and Class Members rely on said conduct by purchasing

and/or paying for purchases of Vioxx.  Moreover, Merck knowingly took advantage of Plaintiffs and Class Members who were reasonably unable to protect their interests due to ignorance of the harmful adverse effects of Vioxx.  Merck's conduct was willful, outrageous, immoral, unethical, oppressive, unscrupulous, unconscionable and substantially injurious to Plaintiffs and the Class and offends the public conscience.

213.    Plaintiffs purchased and/or reimbursed their participants for purchases of Vioxx that were made primarily for personal, family or household purposes.

214.    As a result of Merck's violative conduct, Plaintiffs and members of the Subclass purchased and/or paid for purchases of Vioxx that were not made for resale.

215.    Merck has engaged in unfair competition or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, *et seq.*

216.    Merck has engaged in unfair competition or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*

217.    Merck has engaged in unfair competition or deceptive acts or practices in violation of  Ark. Code § 4-88-101, *et seq.*

218.    Merck has engaged in unfair competition or deceptive acts or practices in violation of Cal. Civ. Code § 1770, *et seq.* (the "Consumer Legal Remedies Act"), and Cal. Bus. & Prof. Code § 17200 *et seq.* and § 17500 *et seq.*

219.    Merck engaged in unfair competition or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105 *et seq.*

220.    Merck has engaged in unfair competition or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*

221.    Merck engaged in unfair competition or deceptive acts or practices in violation of D.C. Code Ann. § 28-3901 *et seq.*

222.    Merck has engaged in unfair competition or deceptive acts or practices in violation of 6 Del. Code Ann. § 2513, *et seq.*

223.    Merck has engaged in unfair competition or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*

224.    Merck has engaged in unfair competition or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*

225.    Merck has engaged in unfair competition or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*

226.    Merck has engaged in unfair competition or deceptive acts or practices in violation of 815 Illinois L.C.S. §§ 505/2, 510/2 *et seq.*

227.    Merck engaged in unfair competition or deceptive acts or practices in violation of Ind. Code § 24-5-0.5 *et seq.*

228.    Merck engaged in unfair competition or deceptive acts or practices in violation of Kan. Stat. Ann. § 50-623 *et seq.*

229.    Merck has engaged in unfair competition or deceptive acts or practices in violation of KRS § 367.170, *et seq.*

230.    Merck has engaged in unfair competition or deceptive acts or practices in violation of 5 Me. Rev. Stat. Ann. § 207, *et seq.*

231.    Merck engaged in unfair competition or deceptive acts or practices in violation of Md. Code, Commercial Law, § 13-301 *et seq.*

232. Merck has engaged in unfair competition or deceptive acts or practices in violation of Mass. Gen. Laws Ch. 93A § 1, *et seq.*

233. Merck engaged in unfair competition or deceptive acts or practices in violation of M.C.L.A. § 445.901 *et seq.*

234. Merck has engaged in unfair competition or deceptive acts or practices in violation of M.S.A. § 325F.69, *et seq.* and M.S.A. § 325D.44 *et seq.*

235. Merck has engaged in unfair competition or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-5.

236. Merck has engaged in unfair competition or deceptive acts or practices in violation of Missouri V.A.M.S. § 407.020, *et seq.*

237. Merck has engaged in unfair competition or deceptive acts or practices in violation of Neb. Rev. St. § 59-1602, *et seq.*

238. Merck engaged in unfair competition or deceptive acts or practices in violation of Nev. Rev. Stat. §§ 41.600, 598.0903 *et seq.*

239. Merck has engaged in unfair competition or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*

240. Merck has engaged in unfair competition or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1 , *et seq.*

241. Merck has engaged in unfair competition or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, *et seq.*

242. Merck engaged in unfair competition or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*

243.     Merck engaged in unfair competition or deceptive acts or practices in violation of N.C. Gen. Stat. Ann. § 75-1.1, *et seq.*

244.     Merck has engaged in unfair competition or deceptive acts or practices in violation of N.D.C.C. § 51-15-02, *et seq.*

245.     Merck has engaged in unfair competition or deceptive acts or practices in violation of Ohio Rev. Code. Ann. § 1345.01, *et seq.*

246.     Merck engaged in unfair competition or deceptive acts or practices in violation of 15 Okl. St. Ann. §§ 751-753, *et seq.*

247.     Merck engaged in unfair competition or deceptive acts or practices in violation of Oregon Revised Statutes § 646.605 *et seq.*

248.     Merck engaged in unfair competition or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1 *et seq.*

249.     Merck has engaged in unfair competition or deceptive acts or practices in violation of R.I. Gen. Laws § 6-13.1-1, *et seq.*

250.     Merck engaged in unfair competition or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, *et seq.*

251.     Merck has engaged in unfair competition or deceptive acts or practices in violation of Tenn. Code Ann. § 47-18-104, *et seq.*

252.     Merck engaged in unfair competition or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41 *et seq.*

253.     Merck has engaged in unfair competition or deceptive acts or practices in violation of Utah Code § 13-11-1, *et seq.*

254.    Merck has engaged in unfair competition or deceptive acts or practices in violation of 9 Vt. Stat. § 2451, *et seq.*

255.    Merck has engaged in unfair competition or deceptive acts or practices in violation of Va. Code § 59.1-200, *et seq.*

256.    Merck has engaged in unfair competition or deceptive acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*

257.    Merck has engaged in unfair competition or deceptive acts or practices in violation of W.V. Code § 46A-6-101 *et seq.*

258.    Merck engaged in unfair competition or deceptive acts or practices in violation of Wis. Stat. § 100.18 *et seq.*

259.    Merck has engaged in unfair competition or deceptive acts or practices in violation of Wy. Stat. § 40-12-101, *et seq.*

260.    As a proximate result of Defendant's misrepresentations and omissions, Plaintiffs and members of the Class have suffered ascertainable losses, in an amount to be determined at trial.

261.    There are individuals and entities who are members of the Class who are not residents of the states listed above.  As to such Class Members, who are citizens of states that do not provide for statutory consumer class action relief under their own laws, Plaintiffs request a choice of law determination that the New Jersey consumer protection statute applies to such class members, so as to avoid an inconsistent adjudication or unjust gap in Merck's accountability for its wrongful consumer conduct.

262.    Throughout the period described in this Complaint, Merck repeatedly engaged in intentional misconduct characterized by trickery, deceit and a wanton, willful,

conscious and reckless disregard of the health, rights and interests of the Plaintiffs, and, in so conducting itself, acted with oppression, fraud, and malice toward the class. As a result of Merck's indifference to and reckless disregard of the health and safety of Vioxx patients, they suffered both physical and economic harm, and all end-payors incurred economic damages. Accordingly, Merck's conduct was highly reprehensible under controlling Supreme Court punitive damages authority, and Class members are entitled to punitive and/or exemplary damages under all states' statutes providing for such relief.

## THIRD CLAIM FOR RELIEF
## (Unjust Enrichment)

263. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

264. Defendant has been, and continues to be, unjustly enriched, to the detriment of and at the expense of the Class members, as a result of its unlawful and/or wrongful collection of, *inter alia*, Class members' payments for Vioxx, such that Defendant's retention of such payments is inequitable.

265. Defendant has unjustly benefited through the unlawful and/or wrongful collection of, *inter alia*, payments for Vioxx and continues to so benefit to the detriment and at the expense of class members.

266. Accordingly, Defendant should not be allowed to retain the proceeds from the benefits conferred upon it by the class members, who seek disgorgement of Defendant's unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, and seek restitution and/or rescission for the benefit of the Class members, in an equitable and efficient fashion to be determined by the Court.

267. The class members are entitled to the imposition of a constructive trust upon Defendant such that its enrichment, benefit and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of Class members.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Implied Warranties)**

268. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

269. Merck sold and promoted Vioxx, and placed Vioxx into the stream of commerce. Merck knew or had reason to know of the specific use for which the drug was purchased, and it impliedly warranted that Vioxx was of merchantable quality and fit for such use.

270. Class members reasonably relied upon the expertise, skill, judgment, and knowledge of Merck and upon its implied warranty that Vioxx was of merchantable quality and fit for its intended use.

271. Merck knew or had reason to know that class members were influenced to approve and purchase Vioxx through Merck's expertise, skill, judgment, and knowledge in furnishing Vioxx products for that use.

272. Vioxx was not of merchantable quality and was not fit for its intended use, because it causes increased risk of serious cardiovascular and cerebrovascular adverse events, including heart attacks, strokes and other serious and harmful adverse health effects.

273. Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Ala. Code § 7-2-314, *et seq.*

274. Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Alaska. St. § 45.02.314, *et seq.*

275.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Ariz. Rev. Stat. Ann. § 47-2314, *et seq.*

276.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Ark. Code Ann. § 4-2-314, *et seq.*

277.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Cal. Comm. Code § 2314, *et seq.*

278.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Co. Rev. St. § 4-2-314, *et seq.*

279.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Conn. Gen. Stat. Ann. § 42a-2-314, *et seq.*

280.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of 6 Del. C. § 2-314, *et seq.*

281.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of D.C. Code Ann. § 28:2-314, *et seq.*

282.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Fla. Stat. Ann. § 672.314, *et seq.*

283.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Ga. Code Ann. § 11-2-314, *et seq.*

284.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Haw. Rev. Stat. § 490:2-314, *et seq.*

285.   Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of  Id. Code § 28-2-314, *et seq.*

286.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Ill. Comp. Stat. Ann. Ch. 810, 5/2-314, *et seq.*

287.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Indiana Code Ann. § 26-1-2-314, *et seq.*

288.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Iowa Code Ann. § 554.2314, *et seq.*

289.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Kansas Stat. Ann. § 84-2-314, *et seq.*

290.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Ken. Rev. Stat. § 355.2-314, *et seq.*

291.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of, and is liable in redhibition under, La. Civ. Code Ann. art. 2520, *et seq.*

292.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of 11 Maine Rev. Stat. Ann. § 2-314, *et seq.*

293.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Md. Code Ann., Com. Law § 2-314, *et seq.*

294.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Mass. Gen. Laws Ann. Ch. 106, § 2-314, *et seq.*

295.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Mich. Comp. Laws Ann. § 440.2314, *et seq.*

296.     Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Minn. Stat. Ann. § 336.2-314, *et seq.*

297.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Miss. Code Ann. § 75-2-314, *et seq.*

298.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Missouri Rev. Stat. § 400.2-314, *et seq.*

299.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Mont. Code Ann. § 30-2-314, *et seq.*

300.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Neb. Rev. Stat. U.C.C. § 2-314, *et seq.*

301.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Nev. Rev. Stat. U.C.C. § 104.2314, *et seq.*

302.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of N.H. Rev. Stat. Ann. § 382-A:2-314, *et seq.*

303.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of N.J. Stat. Ann. § 12A:2-314, *et seq.*

304.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of N.M. Stat. Ann. § 55-2-314, *et seq.*

305.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of N.Y. U.C.C. Law 2-314, *et seq.*

306.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of N.C. Gen. Stat. Ann. § 25-2-314, *et seq.*

307.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of N.D. Stat. § 41-02-31, *et seq.*

308.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Ohio Rev. Code Ann. § 1302.27, *et seq.*

309.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of 12A Okla. Stat. § 2-314 *et seq.*.

310.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Or. Rev. Stat. § 72.3140, *et seq.*

311.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of 13 Pa. Stat. Ann. § 2314 *et seq.*

312.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of R.I. Gen. Laws § 6A-2-314, *et seq.*

313.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of S.C. § 36-2-314, *et seq.*

314.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of S.D. ST. 57A-2-314, *et seq.*

315.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Tenn. Code Ann. § 47-2-314, *et seq.*

316.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Tex. Bus. & Com. Code Ann. § 2.314, *et seq.*

317.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Ut. Code Ann. § 70A-2-314, *et seq.*

318.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Va. Code Ann. § 8.2-314, *et seq.*

319.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Vt. Stat. Ann. § 9A-2-314, *et seq.*

320.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Wa. Rev. Code § 62A.2-314, *et seq.*

321.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of W. Va. Code § 46-2-314, *et seq.*

322.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Wis. Stat. Ann. § 402.314, *et seq.*

323.    Merck breached its implied warranty that Vioxx was of merchantable quality and fit for such use in violation of Wyo. Stat. § 34.1-2-314, *et seq.*

324.    As a proximate cause of Merck's breach of warranty, Plaintiffs and the Class suffered ascertainable losses, injuries and damages as specified herein in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, for themselves and all others similarly situated, respectfully request that the Court enter a judgment against Defendant and in favor of Plaintiffs, on behalf of themselves and the members of the Class, and grant the following relief:

A.    Determine that this action may be maintained as a Class Action with respect to a national class, or, in the alternative, statewide classes, pursuant to the appropriate subsections of Rule 23 of the Federal Rules of Civil Procedure; that the Court certify a class action with respect to particular issues if appropriate, under Rule 23(c)(4)(A); and/or designate any necessary and appropriate subclasses thereof under Rule 23(c)(4)(B); and that the Court designate and appoint plaintiffs and counsel to serve as class representatives and class counsel;

B.    Declare, adjudge and decree the conduct of Merck as alleged herein to be

unlawful;

C. Grant Class members awards of actual, compensatory, punitive and/or exemplary damages in such amount to be determined at trial as provided by applicable law;

D. Grant Class members their costs of suit, including reasonable attorneys' fees, and expenses as provided by law; and

E. Grant Class members such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable.

Dated: August 1, 2005

**PLAINTIFFS' EXECUTIVE COMMITTEE:**

Russ M. Herman (BarNo.6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
HERMAN, HERMAN,
KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024

*Plaintiffs' Liaison Counsel*

Christopher A. Seeger
SEEGER WEISS LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799

*Plaintiffs' Co-Lead Counsel*

Andy D. Birchfield, Jr.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
PO Box 4160
Montgomery, AL  36103
Phone:  (334) 269-2343
Fax:  (334) 954-7555

*Plaintiffs' Co-Lead Counsel*

**PLAINTIFFS' STEERING COMMITTEE:**   Elizabeth J. Cabraser
LIEFF, CABRASER,
HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Phone:  (415) 956-1000
Fax:  (415) 956-1008

Andy D. Birchfield, Jr.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
PO Box 4160
Montgomery, AL  36103
Phone:  (334) 269-2343
Fax:  (334) 954-7555

Christopher A. Seeger
SEEGER WEISS LLP
One William Street
New York, NY 10004
Phone:  (212) 584-0700
Fax:  (212) 584-0799

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
PO Box 1190
Alexandria, LA  71309
Phone:  (318) 561-2567
Fax:  (318) 561-2591

Thomas R. Kline
KLINE AND SPECTER
1525 Locust St., Suite 1900
Philadelphia, PA  19102
Phone:  (215) 772-1000
Fax:  (215) 772-1359

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106-3875
Phone:  (215) 592-1500
Fax:  (215) 592-4663

Carlene Rhodes Lewis
GOFORTH LEWIS SANFORD LLP
1111 Bagby, Suite 2200
Houston, TX  77002
Phone:  (713) 650-0022
Fax:  (713) 650-1669

Gerald E. Meunier
GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA  70163
Phone:  (504) 522-2304
Fax:  (504) 528-9973

Troy A. Rafferty
LEVIN PAPANTONIO THOMAS
MITCHELL ECHSNER & PROCTOR, PA
PO Box 12308
Pensacola, FL  32591
Phone:  (850) 435-7000
Fax:  (850) 497-7057

Drew Ranier
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, LA  70601
Phone:  (337) 494-7171
Fax:  (337) 494-7218

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, CA  92660
Phone:  (949) 720-1288
Fax:  (949) 720-1292

Christopher V. Tisi
ASHCRAFT & GEREL LLP
2000 L Street NW, Suite 400
Washington, DC  20036
Phone:  (202) 783-6400
Fax:  (202) 416-6392

**PLAINTIFFS' PURCHASE CLAIMS
COMMITTEE:**

Elizabeth J. Cabraser
LIEFF, CABRASER,
HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Phone:  (415) 956-1000
Fax:  (415) 956-1008

*Purchase Claims Committee Chair*

*Attorneys for Brenda Aguero and Christie
Anderson*

James D. Dugan, II
DUGAN & BROWNE PLC
650 Poydras St. Suite 2150
New Orleans, LA 70130
Phone:  (504) 648-0180
Fax:  (504) 648-0181

*Purchase Claims Committee Vice Chair*

*Attorneys for Allied Services Division Welfare
Fund*

Richard A. Freese
SWEET & FREESE, PLLC
Morgan Keegan Center, Suite 240
2900 Highway 280
Birmingham, AL  35223
Phone:  (205) 871-4144
Fax:  (205) 871-4104

*Purchase Claims Committee Vice Chair*

*Attorneys for HealthPlus of Louisiana*

Wendy R. Fleishman
Elizabeth H. Cronise
LIEFF, CABRASER,
HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY  10017
Phone:  (212) 355-9500
Fax:  (212) 355-9592

*Attorneys for Brenda Aguero and Christie
Anderson*

Ben Barnow
BARNOW AND ASSOCIATES, PC
One North LaSalle Street, Suite 4600
Chicago, IL  60602
Phone:  (312) 621-2000
Fax:  (312) 641-5504

*Attorneys for Marilyn Benoit, Colleen Lowery,
and Clara Fontanilles*

Sheila M. Bossier
BOSSIER & KITCHENS, PLLC
1520 North State Street
Jackson, MS  39202
Phone:  (601) 352-5450
Fax:  (601) 352-5452

*Attorneys for Health Plus of Louisiana*

Leonard Davis
HERMAN, HERMAN,
KATZ & COTLAR, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024

Robert J. Diliberto
MURRAY LAW FIRM
Suite 2550, LL&E Tower
909 Poydras Street
New Orleans, LA 70112-4000
Phone: (504) 525-8100
Fax: (504) 584-5249

Ron Goldser
ZIMMERMAN REED, PLLP
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Phone: (612) 341-0400
Fax: (612) 341-0844

*Attorneys for Frankenmuth Financial Group
and Linda A. Waters, Commissioner, Office of
Financial and Insurance Services for the State
of Michigan in her capacity as Rehabilitator of
the Wellness Plan and in her capacity as
Liquidator of Michigan Health Maintenance
Organization Plans, Inc., formerly known as
OmniCare Health Plan, Inc.*

Tim Goss
CAPSHAW, GOSS AND BOWERS, LLP
3031 Allen Street, Suite 200
Dallas, TX 75202
Phone: (214) 761-6610
Fax: (214) 761- 6611

*Attorneys for HealthPlus of Louisiana*

Barbara J. Hart
GOODKIND LABATON
RUDOFF & SUCHAROW LLP
100 Park Avenue
New York, NY 10017-5563
Phone: (212) 907-0700
Fax: (212) 818-0477

*Attorneys for Teamsters Local 237 Welfare Fund, Local 237 Teamsters Retiree's Benefit Fund, Local 237 Teamsters Plainview - Old Bethpage Central School District Health and Welfare Trust Fund, Local 237 Teamsters North Babylon School District Health and Welfare Trust Fund and Local 237 Teamsters Suffolk Regional Off-Track Betting Corporation Health and Welfare Trust Fund, and County of Suffolk, New York*

Dennis Johnson
JOHNSON & PERKINSON
1690 Williston Road
South Burlington, VT 05403
Phone: (802) 862-0030
Fax: (802) 862-0060

*Attorneys for Sara Chessman and Frank Saia*

William R. Kane
MILLER FAUCHER & CAFFERTY LLP
One Logan Square, Suite 1700
18th and Cherry Streets
Philadelphia, PA 19103
Phone: (215) 864-2800
Fax: (215) 864-2810

*Attorneys for UFCW Local 1776 and Participating Employers Health and Welfare Fund*

William Riley
PRICE WAICUKAUSKI
RILEY & DEBROTA, LLC
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Phone: (317) 633-8787
Fax: (317) 633-8797

*Attorneys for Sheet Metal Workers Local
No. 20 Welfare and Benefit Fund and Indiana
Electrical Workers Benefit Fund, and Michelle
Biondillo and Stephen Kresker*

Jonathan Shub
SHELLER, LUDWIG & BADEY, P.C.
1528 Walnut Street, Third Floor
Philadelphia, PA 19102
Phone: (215) 790-7300
Fax: (215) 546-0942

*Attorneys for Midwest Operating Engineers
Health and Wellness Fund*

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO, LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Phone: (617) 482-3700
Fax: (617) 482-3003

*Attorneys for Cavaller Homes, Inc., Edward
Wright, Melvin Williams and Sharon Murphy,
Commonwealth Care Alliance, Healthcare for
All and Emily Feinberg*

Taylor Townsend
KELLY, TOWNSEND & THOMAS
137 St. Denis Street
Natchitoches, LA 71457
(318) 352-2353  Phone
(318) 352-8918  Fax

*Attorneys for Louisiana Health Service
Indemnity Company, d/b/a BlueCross
BlueShield of Louisiana*

**OF COUNSEL:**

Kevin Rogers
LAW OFFICES OF KEVIN ROGERS
307 N. Michigan Avenue, Suite 305
Chicago, IL  60601
Phone:  (312) 332-1188
Fax:  (312) 332-0192

*Attorneys for Marilyn Benoit and Colleen
Lowery*

William J. Harte
WILLIAM J. HARTE, LTD.
111 W. Washington St., Suite 1100
Chicago, IL  60602
Phone:  (312) 726-5015
Fax:  (312) 641-1288

*Attorneys for Marilyn Benoit and Colleen
Lowrey*

Aron D. Robinson
LAW OFFICE OF ARON D. ROBINSON
19 S. LaSalle, Suite 1300
Chicago, IL  60603
Phone:  (312) 857-9050
Fax:  (312) 857-9054

*Attorneys for Marilyn Benoit and Colleen
Lowrey*

Jeffrey L. Kodroff
SPECTOR, ROSEMAN & KODROFF, PC
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Phone:  (215) 496-0300
Fax:  (215) 496-6611

*Attorneys for Cavaller Homes, Inc.*

Garve Ivey, Jr.
Barry A. Ragsdale
IVEY & RAGSDALE
PO Box 1349
Jasper, AL  35502-1349
Phone:  (205) 221-4640

*Attorneys for Cavaller Homes, Inc., Edward
Wright, Melvin Williams and Sharon Murphy,
Commonwealth Care Alliance, Healthcare for
All and Emily Feinberg*

Jonathon B. Lowe
LOWE MOBLEY & LOWE
PO Box 576
Haleyville, AL  35565-0576
Phone:  (205) 486-5296
Fax:  (205) 486-4531

*Attorneys for Cavaller Homes, Inc., Edward
Wright, Melvin Williams and Sharon Murphy,
Commonwealth Care Alliance, Healthcare for
All and Emily Feinberg*

JoDee Favre
FAVRE LAW OFFICE LLC
121 East Main Street
Belleville, IL  62220
Phone:  (618) 236-7736

*Attorneys for Cavaller Homes, Inc., Edward
Wright, Melvin Williams and Sharon Murphy,
Commonwealth Care Alliance, Healthcare for
All and Emily Feinberg*

Jason J. Thompson
Charfoos & Christensen, P.C.
5510 Woodward Ave.
Detroit, MI 48202

*Attorneys for Linda Waters and Frankenmuth Financial Services*

Lance A. Harke, P.A.
Sarah Clasby Engel, P.A.
Howard Bushman, Esq.
HARKE & CLASBY LLP
155 South Miami Ave., Suite 600
Miami, FL
Phone: (305) 536-8220
Fax: (305) 536-8229

*Attorneys for Clara Fontanilles*

Gerard P. Egan
Brian P. Kenney
Eric L. Young
KENNEY, LENNON & EGAN
3031C Walton Road, Duite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9499

*Attorneys for UFCW, Local 1776 and Participating Employers Health and Welfare Fund*

Joseph M. Burns
JACOBS, BURNS, ORLOVE, STANTON & HERNANDEZ
122 South Michigan Avenue
Suite 1720
Chicago, IL 60603
Telephone: (312) 372-1646

*Attorneys for Painters District Council, No. 30 Health and Welfare Fund*

**CERTIFICATE**

I hereby certify that the above and foregoing Purchase Claims Master Class Action Complaint has been served upon all parties by U.S. Mail and e-mail or by hand-delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve Advanced in accordance with Pre-trial Order No. 8, on this 2nd day of August, 2005.

W:\25000-29999\27115\000\PLD\Purchase Claims Master Class Action Complaint 2005-08-02.DOC