FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -9  AM 11: 51

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *Mary Rowdy v. Merck & Co., Inc.* | * | |
| (E.D. La. Index No. 05-1734-L) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck"), through undersigned counsel, answers the Complaint herein as follows:

### RESPONSE TO "1 INTRODUCTION"

1.1  Denies each and every allegation contained in paragraph 1.1 of the Complaint except admits that Plaintiff seeks money damages in excess of $100,000, but denies that there is any legal or factual basis for such cause of action or relief.

1.2  Denies each and every allegation contained in paragraph 1.2 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey and that it manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____
783254v.1

1.3     The allegations contained in paragraph 1.3 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 1.3 of the Complaint, except admits that Merck is authorized to do business in, among other states, Florida.

1.4     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.4 of the Complaint.

1.5     Denies each and every allegation contained in paragraph 1.5 of the Complaint.

1.6     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.6, including subparts "A" - "E", of the Complaint.

1.7     The allegations contained in paragraph 1.7, including subparts 1.7.1 through 1.7.4, of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 1.7 of the Complaint, including subparts 1.7.1 through 1.7.4, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in subpart 1.7.2 that "Plaintiff(s) reside(s) within the jurisdiction of this court" and admits that Merck is authorized to do business in, among other states, Florida.

### RESPONSE TO "2 WRONGFUL ACTS"

2.1     Denies each and every allegation contained in the first sentence of paragraph 2.1 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.  Merck further admits that VIOXX® is the brand-name of Rofecoxib.  Denies each and every allegation contained in the

second sentence of paragraph 2.1 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs, that VIOXX® reduces pain and inflammation, and that the mechanism of the action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cycloosygenase-2 ("COX-2").

2.2     Denies each and every allegation contained in paragraph 2.2 of the Complaint.

2.3     Denies each and every allegation contained in paragraph 2.3, including subparts 2.3.1 through 2.3.7, of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

2.4     Denies each and every allegation contained in paragraph 2.4 of the Complaint.

2.5     Denies each and every allegation contained in paragraph 2.5 of the Complaint.

### RESPONSE TO "3 COUNT I STRICT LIABILITY"

**Response to Unnumbered Paragraph**

With respect to the unnumbered paragraph or sentence immediately preceding paragraph 3.1 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in sections 1 and 2 of this Answer with the same force and effect as though set forth here in full.

3.1     Denies each and every allegation contained in the first and third sentence of paragraph 3.1 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.  Lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 3.1 of the Complaint.

    3.2    Denies each and every allegation contained in paragraph 3.2, including subparts 3.2.1 through 3.2.4, of the Complaint.

    3.3    Denies each and every allegation contained in paragraph 3.3 of the Complaint.

### RESPONSE TO "4 COUNT II NEGLIGENCE"

#### Response to Unnumbered Paragraph

With respect to the unnumbered paragraph or sentence immediately preceding paragraph 4.1 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in sections 1 and 2 of this Answer with the same force and effect as though set forth here in full.

    4.1    The allegations contained in paragraph 4.1, including subparts 4.1.1 through 4.1.6, of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 4.1, including subparts 4.1.1 through 4.1.6, of the Complaint.

    4.2    Denies each and every allegation contained in paragraph 4.2 of the Complaint.

    4.3    Denies each and every allegation contained in paragraph 4.3 of the Complaint.

### RESPONSE TO "5 COUNT III FRAUD"

#### Response to Unnumbered Paragraph

With respect to the unnumbered paragraph or sentence immediately preceding paragraph 5.1 of the Complaint, Merck hereby repeats and realleges each and every

admission, denial, averment and statement contained in sections 1 and 2 of this Answer with the same force and effect as though set forth here in full.

     5.1     Denies each and every allegation contained in paragraph 5.1 of the Complaint.

     5.2     Denies each and every allegation contained in paragraph 5.2 of the Complaint.

     5.3     Denies each and every allegation contained in paragraph 5.3 of the Complaint.

### RESPONSE TO DEMANDS SET FORTH IN "6 PRAYER FOR RELIEF"

     6.     Plaintiff's ad damnum clause that comprises section 6 of the Complaint is not an allegation, and therefore no response is required. If a response is required, Merck admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

     7.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

     8.     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

     9.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

     10.     Merck has complied with requirements promulgated by and under federal law. The product at issue, VIOXX®, was approved pursuant to the applicable federal

statutes and regulations. Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that VIOXX® is not defective or unreasonably dangerous and that Merck is not liable.

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

11.     If Plaintiff's decedent sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

12.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, by the First Amendment.

### AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

13.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff's decedent knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

14.     Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

783254v.1

### AS FOR A TENTH DEFENSE, MERCK ALLEGES:

15. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

16. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's decedent's misuse or abuse of VIOXX®.

### AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

17. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

### AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

18. To the extent that Plaintiff's decedent's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

19. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

783254v.1

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

20. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

21. Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

22. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff or Plaintiff's decedent directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

23. The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

24. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

25. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of VIOXX® within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

26. Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

27. Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

28. This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

29. At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

30. This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

31. Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

32. To the extent that Plaintiff relies upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

783254v.1

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

33.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

34.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

35.     Merck is not guilty of negligence and violated no duty owing to Plaintiff or Plaintiff's decedent.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

36.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity or standing to bring such claims.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

37.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

38.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and therefore, an award of punitive damages is barred.

783254v.1

## AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

39. To the extent that Plaintiff seeks punitive damages, such damages are barred because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: August 9, 2005.

Respectfully submitted,

_\[signature\]_

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
Defendant's Liaison Counsel

783254v.1

Patricia E. Lowry
John B. T. Murray, Jr.
Dori K. Stibolt
STEEL HECTOR & DAVIS LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

Attorneys for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 9th day of August, 2005.

*[signature]*