UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                               :   MDL NO. 1657
    PRODUCTS LIABILITY LITIGATION   :
                                                      :   SECTION: L(3)
                                                      :   JUDGE FALLON
                                                      :   MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:
MARY COOKE, ET AL. v. MERCK & CO., INC., Case No. 05-1735

**MOTION TO REMAND AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

      COME NOW the Plaintiffs and, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446, move this Court to remand this action to the Circuit Court for the Fourteenth Judicial Circuit, in and for Washington County, Florida. As grounds in support of this motion, the Plaintiffs state as follows:

      1.      The present case was commenced on February 8, 2005 in the Circuit Court for the Fourteenth Judicial Circuit, in and for Washington County, Florida. The Defendant removed this action to the United States District Court for the Northern District of Florida on March 14, 2005.

      2.      The Plaintiffs' Complaint seeks "damages and restitution and/or disgorgement of profits arising out of Merck's sale and promotion of Vioxx pursuant to practices and acts that are unfair, deceptive and unlawful in violation of the Florida



1

Deceptive and Unfair Trade Practices Act ... ('FDUTPA')." (Complaint at ¶ 13).[1] The Plaintiffs seek to represent a class of similarly situated consumers. (Complaint at ¶¶ 23, 105-12). The Plaintiffs make no claims for physical injuries and the class of persons that they seek to represent excludes individuals "who assert personal injury claims" arising out of their ingestion of Vioxx. (Complaint at 1).

3. The Defendant's removal of this action is based exclusively on a claim of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Defendant does not contend that the present action implicates this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. While it appears that there is complete diversity between the Plaintiffs and the Defendant, the Defendant's Notice of Removal fails to establish that the amount in controversy in the present action exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. As a consequence, this Court is without diversity jurisdiction in this case.

5. The Defendant has not asserted and certainly has not offered any evidence that any of the Plaintiffs have individual damages – as reflected by their purchases of Vioxx – that exceed $75,000.00.

6. In support of its assertion that the present action satisfies the amount in controversy requirement, the Defendant contends: (a) The value of the Plaintiffs' claims for "restitution and/or disgorgement of profits arising out of Merck's sale and promotion of Vioxx" exceeds the jurisdictional prerequisite; and (b) The value

---

[1] References to the Plaintiffs' Complaint are to the "Class Action Second Amended Complaint" filed by the Plaintiffs in the Circuit Court for the Fourteenth Judicial Circuit, in and for Washington County, Florida on March 1, 2005.

of a "medical monitoring program" that the Plaintiffs will allegedly seek to establish "once the time period for removal has expired" will exceed $75,000.00. (Notice of Removal at ¶¶ 15-22).

7. Neither of these arguments by the Defendant satisfies the requirements for establishing that the present case involves the required amount in controversy. Established law in this Circuit holds that class claims may not be aggregated for purposes of satisfying the amount in controversy requirement. See Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 639 (5th Cir. 2003); H&D Tire and Automotive-Hardware, Inc., 250 F.3d 302, 304-05 (5th Cir.), cert. denied, 534 U.S. 894 (2001). In addition, the Plaintiffs' Complaint does not seek to establish a "medical monitoring program" and there is certainly no evidence or even reasonable inference that the Plaintiffs' intend to seek to establish such a program in the future. Finally, even if that type of injunctive or equitable relief were sought by the Plaintiffs, it could not serve as the basis for satisfying the amount in controversy requirement. See Alfonso v. Hillsborough County Aviation Auth., 308 F.2d 724 (5th Cir. 1962).

8. Because the Defendant failed to carry its burden of establishing that the present case satisfies the amount in controversy requirement, this Court lacks subject matter jurisdiction in this action and this case is due to be remanded to Florida state court.

9. In support of this Motion to Remand, the Plaintiffs rely on the following incorporated Memorandum of Law in Support of Motion to Remand.

### Memorandum of Law in Support of Motion to Remand

As noted above, the Defendant's Notice of Removal makes no argument that any of the named Plaintiffs' have individual damage claims worth more than $75,000.00. In addition, the Defendant's Notice of Removal makes no argument that any of the unnamed members of the proposed class have individual damage claims worth more than $75,000.00. Indeed, given that the Plaintiffs' Complaint makes no claims for personal injuries and seeks only to recover damages or require the Defendant to disgorge its profits related to the sale of Vioxx to the Plaintiffs and the members of the putative class, the individual damages suffered by the Plaintiffs are likely to be relatively modest. Instead, the Defendant's Notice of Removal is predicated entirely on the assertion that that the Plaintiffs' claims can be viewed in the aggregate. (Notice of Removal at ¶ 16).

The Defendant's argument that the claims of the Plaintiffs (and of the putative class) can be aggregated is directly contrary to established law.

I.  **THE SEPARATE AND DISTINCT CLAIMS OF THE PLAINTIFFS AND THE MEMBERS OF THE PUTATIVE CLASS MAY NOT BE AGGREGATED TO SATISFY THE MINIMUM JURISDICTIONAL AMOUNT IN CONTROVERSY.**

For more than one hundred and fifty years, the United States Supreme Court has held steadfast to the rule that separate and distinct claims may not be aggregated in order to satisfy the amount in controversy requirement. See <u>Oliver v. Alexander</u>, 31 U.S. (6 Pet.) 143 (1832); <u>Pinel v. Pinel</u>, 240 U.S. 594 (1916); <u>Clark v. Paul Gray, Inc.</u>, 306 U.S. 583 (1939). More than thirty years ago, the Supreme Court clearly and unequivocally reiterated the rule that the federal courts may not exercise diversity jurisdiction over a putative class action where the required amount in controversy can be

4

reached only by aggregating the separate and distinct claims of the members of the putative class. Snyder v. Harris, 394 U.S. 1053 (1969).

The Fifth Circuit has also adhered to the rule against aggregation of individual claims in order to satisfy the amount in controversy requirement. See Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 639 (5th Cir. 2003) ("[T]he defendants may not aggregate the claims of different plaintiffs in order to satisfy the $75,000 jurisdictional amount in this putative class action."); H&D Tire and Automotive-Hardware, Inc., 250 F.3d 302, 304-05 (5th Cir.), cert. denied, 534 U.S. 894 (2001) ("[D]amages of individual class members cannot be aggregated across a class action. ... We cannot 'interpret' Rule 23 of the Federal Rules of Civil Procedure to alter the settled rule that distinct claims cannot be aggregated to meet the amount in controversy requirement."); Lindsey v. Alabama Telephone Co., 576 F.2d 593, 594-95 (5th Cir. 1978) (punitive damage claim must be assigned on a pro rata basis to each class member for amount in controversy purposes); Eagle Star Ins. Co. v. Maltes, 313 F.2d 778, 780-81 (5th Cir. 1963) ("[T]he Supreme Court has evinced a desire to give a strict construction to allegations of the jurisdictional amount in controversy, so as to allow aggregation only in those situations where there is not only a common fund from which the plaintiffs seek relief, but where the plaintiffs also have a joint interest in that fund, such that if plaintiffs' rights are not affected by the rights of co-plaintiffs, then there can be no aggregation. ...In other words, the obligation to the plaintiffs must be a joint one.").

Despite the rule against aggregation of class action claims in order to satisfy the amount in controversy requirement, the Defendant's Notice of Removal attempts to meet the jurisdictional minimum solely be aggregating the Plaintiffs' claims for

"disgorgement" and injunctive relief set out in the Plaintiffs' Complaint. The Defendant's approach, however, has been expressly and thoroughly rejected by the courts.

### A. The Separate And Distinct Claims Of The Plaintiffs And The Members Of The Putative Class For Unjust Enrichment And Disgorgement Cannot Be Aggregated To Satisfy The Amount In Controversy Requirement.

The Defendant's primary argument in support of removal is the contention that the value of the Plaintiffs' claims for "restitution and/or disgorgement of profits arising out of Merck's sale and promotion of Vioxx ... should be considered in the aggregate." (Notice of Removal at ¶ 16). In support of this assertion, the Defendant cites only the decisions of three District Courts from Circuits outside of the Fifth Circuit. (Id.).

Although it does appear that the Fifth Circuit has directly addressed the argument advanced by the Defendant, the vast majority of courts that have, including District Courts in this Circuit, have rejected the Defendant's position. In Morrison v. Allstate Indemnity Co., 228 F.3d 1255 (11th Cir. 2000), for example, the Eleventh Circuit addressed and expressly rejected the argument that class claims for unjust enrichment and disgorgement of a defendant's profits may be aggregated for purposes of satisfying the amount in controversy requirement. In Morrison, after noting that "class members generally may not aggregate their individual claims for compensatory damages to establish the requisite amount in controversy," the court held that "[t]he fact that the breach of contract claim asserted on behalf of the ... Class is alternatively characterized as one for unjust enrichment does not change the aggregation analysis." 228 F.3d at 1264.

Even though the plaintiffs in Morrison sought to "compel the defendants to disgorge" the total amount of insurance premiums collected, the Eleventh Circuit held:

> For amount in controversy purposes, however, it is the nature of the right asserted, not that of the relief requested, that determines whether the claims of multiple plaintiffs may be aggregated. ... The fact that this [class] recovery may be obtained under an equitable theory of unjust enrichment dose not convert separate and distinct claims for damages into a fund in which the class members have a common and undivided interest.

228 F.3d at 1264.

The Eleventh Circuit's decision in Morrison is consistent with the overwhelming majority of courts, including every Circuit Court that has addressed the issue, that have held that claims for unjust enrichment, disgorgement and/or restitution may not be aggregated to satisfy the amount in controversy requirement. See, e.g., In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 961-62 (9th Cir. 2001), cert. granted, 534 U.S. 1136, cert. dismissed, 537 U.S. 1 (2002) ("In seeking disgorgement, the consolidated plaintiffs do not unite to enforce a 'single title or right in which they have a common and undivided interest.' Therefore, the total disgorgement amount requested cannot be used to satisfy the jurisdictional amount requirement."); Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001) ("The members of the prospective class did not hold joint title to any portion of the defendants' profits prior to the commencement of this lawsuit. The rights which the complaint seeks to vindicate, rather, are based on separate purchases of different products by each of the individual members. The restitution of these amounts to individual plaintiffs is not the restitution of a common fund. The defendants may not aggregate these amounts to support the exercise of diversity jurisdiction. ... This ruling is consistent with the rulings of other circuits which have refused to allow plaintiffs to transform class members' separate damages claims into a common and undivided interest simply by re-pleading

them as claims for injunctive relief and seeking restitution instead of damages."); Del Vecchio v. Conseco, Inc., 230 F.3d 974, 977-78 (7th Cir.2000) (Case in which plaintiff "alleged unjust enrichment and [sought] the imposition of a constructive trust" did "not fit into the narrow exceptions to the anti-aggregation rule recognized by the Snyder Court. It is not a case where there is one *res* at issue, such as an estate. ...Under Snyder, [the plaintiff] cannot satisfy the amount in controversy requirement by framing it in terms of the aggregate amount by which [the defendants] have been unjustly enriched through their insurance contracts with the various unnamed class members."); Gilman v. BHC Securities, Inc., 104 F.3d 1418, 1427 (2d Cir. 1997) (Even though plaintiffs sought "disgorgement of all benefits of payments" received by defendant, "[the plaintiff] and his putative class have no *joint* interest other than a shared appetite for a money judgment payable by a single defendant – which is not the type of 'common and undivided interest' that warrants an exception to the rule against aggregating claims. ...[T]hough their claims are asserted together in a class action, the plaintiffs never *possessed* anything in common prior to the litigation." "[The defendant's] argument – that its disgorgement of order flow payments would produce a common fund in which all class members would have a common and undivided interest – proceeds from the wrong point: the disgorgement of the payments to create the 'fund.' Such a 'fund' is created to facilitate the litigation process in virtually every class action, and has nothing necessarily to do with whether the plaintiffs shared a pre-existing (pre-litigation) interest in the subject of the litigation.").[2]

---

[2] See also McGettigan v. Ford Motor Co., 265 F.Supp.2d 1291, 1296 (S.D. Ala. 2003) ("The Court notes the split of authority on the issue of whether disgorgement claims may be aggregated. ... [listing cases on both sides of the issue]. However, the Court applies the rule barring the aggregation of disgorgement claims because the Eleventh Circuit, in Morrison, disallowed the aggregation of a disgorgement claim under circumstances

The District Courts in the Fifth Circuit that have addressed this also have also concluded that claims for disgorgement or unjust enrichment can not be aggregated in order to satisfy the jurisdictional amount in controversy. See, e.g., Dixon v. Ford Motor Credit Co., No. Civ.A. 98-1633, 1998 WL 440304, * 3 (E.D. La., July 31, 1998) ("[E]ven assuming plaintiffs properly pursue disgorgement and/or unjust enrichment claims, I find no authority for aggregating such claims to meet the jurisdictional amount. … To the extent possible, disgorged funds should be apportioned among the individual claimants rather than being treated as a single collective right in which putative class members have an undivided interest."); Leto v. World Savings and Loan Ass'n, No. CIV.A. SA-98-CA0261OG, 1998 WL 1784221 (W.D. Tex., Sept. 29, 1998) (refusing to

---

similar to the present matter. Thus, any uncertainties of the law should be viewed in the light most favorable to the non-movant.  Also, the Eleventh Circuit has quoted approvingly of Gilman [v. BHC Secs., Inc., 104 F.3d 1418, 1424 (2d Cir.1997)], a case similar to the present action, as a good example of a common fund case. Gilman prohibited aggregation of disgorged monies."); Alsbrooks v. Fairbanks Capital Corp., No. CIV.A. 03-2386, 2003 WL 21321735, *3 (E.D. Pa., June 10, 2003) ("To hold that by simply requesting disgorgement, Plaintiffs could bring their state claims before a federal court, or that a defendant could remove such claims, would completely undermine the general rule that plaintiffs' claims in a class action may not be aggregated."); Dorian v. Bridgestone/Firestone Inc., No. CIV.A. 00-4470, 2000 WL 1570627, *3 (E.D. Pa., Oct. 19, 2000)(finding that argument that disgorgement claims could be aggregated "has been persuasively rejected" by the courts); Campbell v. General Motors Corp., 19 F.Supp.2d 1260, 1268 (N.D. Ala. 1998) ("Absent unusual circumstances, unjust enrichment remedies do not provide a generalized recovery of a fixed fund for the class. Instead, each plaintiff is entitled to the defendants' profits which resulted from the wrongdoing to that particular plaintiff. …Such unjust enrichment claims cannot, in these circumstances, be aggregated to reach the required jurisdictional amount."); Crawford v. American Bankers Ins. Co. of Fla., 987 F.Supp.1408, 1411-12 (M.D. Ala. 1997) ("The unjust enrichment claims of putative class members may not be aggregated."); Pierson v. Source Perrier, S.A., 848 F.Supp. 1186, 1188-89 (E.D. Pa. 1994) ("Plaintiffs seek disgorgement of profits as a means of obtaining money damages. To allow the amount in controversy to be measured by defendant's cost simply because the prayer for relief is partially phrased in terms of an equitable remedy "would eviscerate [the rule] that the claims of class members may not be aggregated in order to meet the jurisdictional threshold.").

aggregate unjust enrichment claims in class action); <u>Fundis v. Chase Manhatten Mortgage Corp.</u>, No. 3:97-CV-1598-G, 1998 WL 25540 (N.D. Tex., Jan. 12, 1998) (same).

In the present case, the Plaintiffs' (and putative class members') claims for unjust enrichment and disgorgement are separate and distinct because each plaintiff is seeking to recover the amount the Defendant unjustly gained on the sale of Vioxx to each Plaintiff. Because the Plaintiffs claims are separate and distinct, they may not be aggregated to satisfy the jurisdictional amount in controversy.

### B. THE PLAINTIFFS' COMPLAINT CONTAINS NO CLAIM OR REQUEST TO ESTABLISH A "MEDICAL MONITORING PROGRAM".

The Defendant's Notice of Removal also argues that the prayer for relief in the Plaintiffs' Complaint requesting "such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable and proper" (Complaint at p. 28), is really a disguised request to establish a "medical monitoring program." (Notice of Removal at ¶ 17).

There is no dispute that the Plaintiffs' Complaint contains no express claim to establish a "medical monitoring program." Essentially, it is the Defendant's argument that because the Plaintiffs' **might** make such a claim at a later date, the Plaintiffs' Complaint must be construed as making such a claim. The Defendant's argument, however, cannot serve as the basis for removal jurisdiction.

First, it is well established that any uncertainties about the nature or value of the Plaintiffs' claims are resolved against removal and in favor of remanding the case to state court. See <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377

(1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Second, the Defendant cites no case that has allowed removal on the basis of relief that might potentially be claimed some time after removal. In fact, the ability to remove a case on this basis has been expressly rejected by the courts. In <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092 (11th Cir. 1994), the court stated:

> Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal. At the time defendant removed this case, the most important jurisdictional fact was that plaintiff's complaint specified $45,000 in damages. **That plaintiff might ask for or recover more after removal is not sufficient to support jurisdiction.**

31 F.3d at 1097 n.13 (citations omitted) (emphasis added).

Finally, the damages sought to be recovered by the Plaintiffs in this case are economic and financial, not medical. The Plaintiffs make no claims for physical injuries or medical expenses and the class of persons that they seek to represent excludes individuals "who assert personal injury claims" arising out of their ingestion of Vioxx. (Complaint at 1). It is not reasonable to assume that a "medical monitoring program" falls within the "nature of the case." (Complaint at p. 28).

      **C.    THE PLAINTIFFS' SEPARATE AND DISTINCT CLAIMS FOR MISCELLANEOUS INJUNCTIVE RELIEF MAY NOT BE AGGREGATED TO SATISFY THE AMOUNT IN CONTROVERSY REQUIREMENT.**

Even if the tortured interpretation of the Plaintiff's Complaint were accepted by this Court, the Plaintiffs' request for miscellaneous injunctive relief cannot be relied on to satisfy the amount in controversy requirement.

The Fifth Circuit has held that the value of injunctive relief must be viewed solely from the perspective of the benefit to the plaintiff, rather than the detriment or cost to the defendant. See Alfonso v. Hillsborough County Aviation Auth., 308 F.2d 724 (5th Cir. 1962) ("[T]he value to the plaintiff of the right to be enforced or protected determines the amount in controversy."); Trapasso v. Prudential Property & Casualty Ins. Co., 220 F.Supp.2d 628, 632-33 (E.D. Tex. 2002); Hill v. Hom/Ade Foods, Inc., 136 F.Supp.2d 605, 608 (W.D. La. 2000). See also Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 639-40 (5th Cir. 2003) (discussing issue of viewpoint and value of injunctive relief).

The request for miscellaneous relief is not sufficient to satisfy the amount in controversy requirement in the present case. As a result, this Court should grant the Plaintiffs' Motion to Remand.

## Conclusion

The Plaintiffs respectfully request that this Court remand this action to the Circuit Court for the Fourteenth Judicial Circuit, in and for Washington County, Florida.

Dated and Mailed for Filing: August 8, 2005

Respectfully submitted,

John C. Davis
Fla. Bar No. 827770
LAW OFFICE OF JOHN C. DAVIS
623 Beard Street
Tallahassee, FL 32303
(850) 222-4770
(850) 222-3119 (fax)

C. Wes Pittman
Fla. Bar No. 220507
PITTMAN & PERRY, P.A.
423 McKenzie Avenue
Panama City, FL 32401
(850) 784-9000
(850) 763-6787 (fax)

Garve Ivey, Jr.
Ala. State Bar 4368-e65g
Barry A. Ragsdale
Ala. State Bar 2958-a38b
IVEY & RAGSDALE
P.O. Box 1349
Jasper, AL 35502-1349
(205) 221-4644
(205) 221-1043 (fax)

Attorneys for Plaintiffs Mary Cooke, James R. Clark, Joyce Abare, Charles D. Harvey, Charles H. Hatcher, Jr. and Betty Nunnery

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand has been served on Liaision Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 8th day of August, 2005.

John C. Davis