FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 12  PM 4: 30

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEON SMITH, JR., as administrator for the estate of ALVIN PAUL SMITH, | c/w  05-md-1657<br>CIVIL ACTION NO. 05-2637 |
| Plaintiff, | |
| | JUDGE FALLON |
| VERSUS | |
| | MAGISTRATE KNOWLES |
| PFIZER, INC. and MERCK & CO., INC. | |
| Defendants. | |

**ANSWER AND DEFENSES OF DEFENDANT PFIZER INC.
TO PLAINTIFF'S COMPLAINT**

Defendant Pfizer Inc. ("Defendant" or "Pfizer") hereby answers Plaintiff's Complaint in this action and states as follows:

**PRELIMINARY STATEMENT**

Bextra® is a prescription drug developed by G.D. Searle LLC ("Searle"). On November 16, 2001, Bextra® was approved as labeled by the United States Food and Drug Administration ("FDA"). At that time, Bextra® was manufactured, marketed, and distributed in the United States by Searle to be prescribed by healthcare providers authorized by law to prescribe medications in accordance with their approval by the FDA. Prior to April 2003, Pfizer co-promoted Bextra® in the United States.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No.____

1

In April 2003, Pfizer merged with Pharmacia and the responsibilities for Bextra® were reallocated. G.D. Searle LLC is presently a wholly-owned third tier subsidiary of Pharmacia, which in turn is a wholly-owned subsidiary of Pfizer.

To the extent any allegations in Plaintiff's complaint refer to Vioxx® and/or Merck & Co., Inc., such allegations are not directed to Defendant and no answer is required of Defendant. To the extent an answer is deemed required, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations and therefore denies the same.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiff's Complaint.

**I.**

1. Answering Paragraph 1, Defendant denies that Bextra® caused injury to Plaintiff and denies any wrongful conduct.

**II.**

2. Paragraph 2 makes no allegations against Defendant and as such requires no response.

**PARTIES**

3. Answering Paragraph 3, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

4. Answering Paragraph 4, Defendant admits that Pfizer is a Delaware corporation with its principal place of business in New York. Defendant further admits that it is authorized to do business in the state of Louisiana with a registered agent for service of process at the address alleged. Defendant denies that it committed a tort in the state of Louisiana. Except as

admitted herein, Defendant denies the allegations of Paragraph 4.

5. Paragraph 5 makes no allegations against Defendant and as such requires no response.

### III.

### JURISDICTION AND VENUE

6. Answering Paragraph 6, Defendant lacks sufficient knowledge and information as to facts concerning the citizenship of Plaintiff and the amount in controversy and therefore cannot admit or deny that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7. Answering Paragraph 7, Defendant lacks sufficient knowledge and information as to facts concerning where Plaintiff allegedly purchased and ingested Bextra® and therefore cannot admit or deny that venue is proper in this district pursuant to 28 U.S.C. § 1391.

8. Answering Paragraph 8, Defendant admits that at times it marketed, labeled, promoted, distributed and sold Bextra® throughout the United States. Defendant denies, however, that it made material omissions and misrepresentations and breached warranties in this district or any other district. Except as admitted herein, Defendant denies the allegations of Paragraph 8.

9. Paragraph 9 makes no allegations against Defendant and as such requires no response.

## IV.

## **FACTUAL ALLEGATIONS**

10. Answering Paragraph 10, Defendant admits that it at times manufactured, marketed, labeled, promoted, distributed and sold Bextra® throughout the United States. Except as admitted herein, Defendant denies the allegations of Paragraph 10.

11. Paragraph 11 makes no allegations against Defendant and as such requires no response.

12. Answering Paragraph 12, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies the same.

13. Answering Paragraph 13, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

14. Answering Paragraph 14, Defendant admits that at times it marketed, sold, tested, and distributed Bextra® in the United States to be prescribed by healthcare providers who are authorized by law to prescribe medications in accordance with their approval by the FDA. Except as admitted herein, Defendant denies the allegations of Paragraph 14.

15. Answering Paragraph 15, as stated in the package insert approved by the FDA, Defendant admits that Bextra® is a nonsteroidal anti-inflammatory drug ("NSAID") that exhibits anti-inflammatory, analgesic, and antipyretic properties in animal models and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis, primarily through inhibition of cyclooxygenase-2 ("COX-2"). Defendant further admits, and as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the

signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Except as admitted or stated herein, Defendant denies the allegations of Paragraph 15.

16. Answering Paragraph 16, Defendant admits that on November 16, 2001, Bextra® was approved as labeled by the United States Food and Drug Administration. Defendant further admits, and as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Except as admitted herein, Defendant denies the allegations of Paragraph 16.

17. Answering Paragraph 17, Defendant admits that Bextra® was voluntarily withdrawn from the market on April 7, 2005. Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information. Except as admitted or stated herein, Defendant denies the allegations of Paragraph 17.

18. The allegations contained in Paragraph 12 of Plaintiff's Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that it materially breached its obligations to consumers and denies any wrongdoing.

19. Answering Paragraph 19, Defendant denies that it made any express warranties about Bextra® and denies that it made any warranties which might be implied by law to Plaintiff or others regarding Bextra®. Defendant states that, at times relevant to this lawsuit, Bextra®

was safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Defendant denies the allegations of Paragraph 19.

20. Answering Paragraph 20, Defendant states that the potential effects of Bextra® were adequately described in its FDA approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art. Except as stated herein, Defendant denies the allegations of Paragraph 20.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that it failed to meet any applicable standards of care.

22. Paragraph 22 makes no allegations against Defendant and as such requires no response.

## V.

## **FIRST CAUSE OF ACTION**

## **PRODUCTS LIABILITY**

23. Answering Paragraph 23, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

24. The allegations contained in Paragraph 24 of Plaintiff's Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that Bextra® was defective and unreasonably dangerous. Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Defendant denies the allegations of Paragraph 24.

25.     Answering Paragraph 25, Defendant admits that at times it marketed, distributed, tested, and sold Bextra® to be prescribed by physicians who are by law authorized to prescribe medications in accordance with their approval by the FDA.  Except as admitted herein, Defendant denies the allegations of Paragraph 25.

26.     Answering Paragraph 26, Defendant denies that it sold and/or distributed Bextra® in a condition that posed unreasonable risks from reasonably anticipated use.  Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant has insufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 26, and therefore denies the same.

27.     Answering Paragraph 27, Defendant denies that Bextra® was defective and denies that it caused Plaintiff any injury.  Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendant denies the allegations of Paragraph 27.

28.     Answering Paragraph 28, Defendant denies all the allegations contained therein.

29.     Answering Paragraph 29, Defendant denies all the allegations contained therein. Additionally, Defendant states that under the learned intermediary doctrine, its only duty is to the prescribing physician and not the ordinary user or consumer of Bextra®.

30.     Answering Paragraph 30, Defendant denies that it made any express warranties about Bextra® and denies that it made any statements or representations to Plaintiff or other that might be implied by law as warranties regarding Bextra®.  Defendant further denies that it made any misrepresentations about the safety and effectiveness of Bextra®.  Defendant has insufficient

information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 30, and therefore denies the same.

31.     Answering Paragraph 31, Defendant states that under the learned intermediary doctrine, it had no duty to warn Plaintiff of the effects of taking Bextra®. Defendant further states that the FDA-approved physician prescribing information for Bextra® provided adequate warning to Plaintiff's physician about the use of Bextra®. Defendant has insufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 31, and therefore denies the same.

32.     Answering Paragraph 32, Defendant denies that it failed to provide adequate warnings to physicians about Bextra®. Defendant states that the FDA-approved physician prescribing information provided adequate warnings and precautions about the use of Bextra®. Except as stated herein, Defendant denies the allegations of Paragraph 32.

33.     Answering Paragraph 33, Defendant denies all the allegations contained therein. Defendant states that Bextra® is safe and effective when used in accordance with its FDA-approved prescribing information.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that it is liable to Plaintiff for damages.

## COUNT II

### VIOLATION OF WARRANTY OF REDHIBITION

35.     Answering Paragraph 35, Defendant denies all the allegations contained therein.

36.     Answering Paragraph 36, Defendant denies Bextra® was defective.

37. Answering Paragraph 37, Defendant has insufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore denies the same.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that it is liable to Plaintiff under the theory of redhibition.

## DAMAGES

39. Answering Paragraph 39, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

40. Answering Paragraph 40, Defendant denies that Bextra® caused injury to Plaintiff and denies that Plaintiff is entitled to the requested relief.

41. Answering Paragraph 41, the allegations contained in Paragraph 41 are nonsensical and require no response. To the extent a response is deemed required, Defendant denies the allegations and denies that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant in this matter. Defendant therefore asserts the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendant will withdraw any of these defenses as may be appropriate.

## FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations or by the equitable doctrines of laches and estoppel.

## THIRD DEFENSE

Plaintiff's decedent's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Defendant had no control or right to control and whose actions are not, therefore, imputable to Defendant.

## FOURTH DEFENSE

Plaintiff's decedent's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff's decedent, or persons or parties whose identities are unknown at this time, which comparative negligence or fault is sufficient to proportionately reduce Plaintiff's recovery or to bar it.

## FIFTH DEFENSE

Plaintiff's decedent's injuries, if any, were due to an allergic, idiosyncratic or idiopathic reaction to Bextra®, or by an unforeseeable illness, unavoidable accident, or pre-existing condition, without any negligence or culpable conduct by Defendant.

## SIXTH DEFENSE

Plaintiff failed to exercise reasonable care and diligence to mitigate his injuries and damages, if any.

## SEVENTH DEFENSE

Plaintiff's claims are barred or limited to a product liability failure to warn claim because

Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### EIGHTH DEFENSE

Bextra® is safe when used as directed, and Defendant reasonably assumed that its warnings would be read and heeded; therefore, Bextra® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

### NINTH DEFENSE

Bextra® falls under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration and Plaintiff's claims have been preempted under the Supremacy Clause of the U.S. Constitution.

### TENTH DEFENSE

Bextra® and Defendant's actions conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

### ELEVENTH DEFENSE

Defendant avers that Bextra® possesses no characteristic which renders it unreasonably dangerous in a reasonably anticipated use by a person.

### TWELFTH DEFENSE

Defendant satisfied its duty to warn under the learned intermediary doctrine and Plaintiff's claims are therefore barred.

## THIRTEENTH DEFENSE

Defendant pleads the applicability and exclusivity of the Louisiana Products Liability Act, LA. REV. STAT. §§ 9:2800.51, *et seq.*, and specially avers that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## FOURTEENTH DEFENSE

Plaintiff's allegations of fraud, deceit, and fraudulent misrepresentations are not stated with the degree of particularity required by FED .R. CIV. P. 9(b) and should be dismissed.

## FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore,* 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 123 S. Ct. 1513 (U.S. 2003), or the Louisiana Constitution, statutes and decisions of the Louisiana courts.

## JURY DEMAND

Defendant, Pfizer Inc., demands a trial by jury on all issues so triable.

WHEREFORE, Defendant Pfizer Inc. respectfully requests that this matter be dismissed with prejudice and that it be awarded its costs and any other relief to which it may be entitled.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

_____
QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
*Counsel for Defendant, Pfizer Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by sending a copy of same via U.S. Mail, properly addressed and postage prepaid on this 12th day of August, 2005.

_____