FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 FEB 16  PM 12: 02

LORETTA G. WHYTE
      CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL 1657

| | | |
|---|---|---|
| MR. AND MRS. LOUIS WEIGEL | * | CIVIL ACTION NO. 05-0379 |
| | * | |
| Plaintiffs | * | |
| | * | |
| versus | * | JUDGE JAY C. ZAINEY  Fallon |
| | * | |
| MERCK & COMPANY, INC. AND | * | |
| JOHN DOE | * | |
| | * | MAGISTRATE JUDGE |
| Defendants | * | JOSEPH C. WILKINSON, JR. |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MERCK'S UNOPPOSED MOTION TO STAY ALL
PROCEEDINGS PENDING TRANSFER DECISION BY THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant Merck & Co., Inc. ("Merck"), with full reservation of all defenses and objections, moves this Court to stay all proceedings in this action pending resolution of Merck's motion before the Judicial Panel on Multidistrict Litigation (the "Panel") for transfer of this case, and numerous other cases with overlapping factual and legal issues, to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407 (the "MDL motion").  Counsel for the Plaintiffs has no opposition to this motion to stay.

Pending the Panel's inevitable establishment of an MDL, a stay of proceedings in this case is necessary and appropriate to achieve the judicial economies that underlie Section 1407.  Scores of VIOXX®-related cases are pending in federal court across the country, many filed since Merck's voluntary withdrawal of VIOXX® on September 30, 2004, following

___ Fee____
___ Process____
_X_ Dktd____
_√_ CtRmDep____
___ Doc. No____

Merck's receipt of preliminary clinical data from the APPROVe trial. Absent a stay, the Court would have to waste time supervising pre-trial proceedings and making rulings in a case over which it will likely soon lose jurisdiction and will probably never see again. And, without a stay, Merck will be significantly and unfairly prejudiced as it would have to duplicate discovery in jurisdictions around the country while the Plaintiffs will suffer no prejudice with a stay.

The reasons in support of this unopposed motion are more fully articulated in the accompanying memorandum in support, which is incorporated herein by reference.

**WHEREFORE**, Merck & Co., Inc. respectfully requests that the Court grant its unopposed motion to stay all proceedings in this case pending resolution of Merck's motion before the Panel for transfer of this case, to a single court for coordinated pre-trial management, and pending a determination on the transfer of this case to the MDL.

Dated: February 16, 2005

Respectfully submitted,

By: _____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181

STANLEY FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, LA 70112
Telephone: (504) 523-1580

Attorneys for Defendant Merck & Co., Inc.

Of Counsel:

Norman C. Kleinberg
Theodore V. H. Mayer
Charles Avrith
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Merck's Unopposed Motion to Stay all Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation has been served upon counsel of record via facsimile, Federal Express, and/or United States Mail, postage pre-paid this 16th day of February, 2005.

_[signature]_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MR. AND MRS. LOUIS WEIGEL | * | CIVIL ACTION NO. 05-0379 |
| Plaintiffs | * | |
| versus | * | JUDGE JAY C. ZAINEY |
| MERCK & COMPANY, INC. AND JOHN DOE | * | |
| Defendants | * | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending resolution of Merck's motion before the Judicial Panel on Multidistrict Litigation (the "Panel") for transfer of this case, and numerous other cases with certain overlapping factual issues and similar legal theories, to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407 (the "MDL motion"). <u>Counsel for Plaintiffs has no opposition to this motion.</u>

In addition to Merck's MDL motion, more than two dozen different plaintiffs' counsel have filed papers seeking MDL coordination of their cases. All of those motions/requests were heard by the MDL Panel on January 27, 2005, at its meeting in Fort Myers, Florida. In addition to the 158 VIOXX® cases identified by the MDL Panel in its Hearing Session Order entered on

1

December 14, 2004, Merck has notified the MDL Panel of approximately 195 additional VIOXX® cases pending in district courts throughout the United States.

Although the MDL Panel has not yet issued its ruling with respect to the *In re: VIOXX® Products Liability Litigation* (11 other cases were also set for oral argument on January 27, 2005), the MDL Panel typically issues its ruling within a reasonable time after oral argument, and the parties here have no reason to believe that a ruling in this case will be unnecessarily delayed.

Pending the Panel's inevitable establishment of an MDL, and a determination concerning the transfer of this case to the MDL, a stay of proceedings in this case is necessary and appropriate to achieve the judicial economies which underlie Section 1407. Scores of VIOXX®-related cases are pending in federal court across the country, many filed since Merck's voluntary withdrawal of VIOXX® on September 30, 2004, following Merck's receipt of preliminary clinical data from the APPROVe trial. Absent a stay, the Court would have to waste time supervising pre-trial proceedings and making rulings in a case over which it will likely soon lose jurisdiction and will probably never see again. Moreover, without a stay, Merck will be significantly and unfairly prejudiced because it would have to duplicate discovery in jurisdictions around the country.

## BACKGROUND

### A.   The APPROVe Study and Merck's Voluntary Withdrawal of VIOXX®

On September 30, 2004, Merck announced that in the APPROVe study, a prospective, randomized, placebo-controlled clinical trial designed to evaluate the efficacy of VIOXX® 25 mg. in preventing recurrence of colorectal polyps in patients with a history of colorectal adenomas, there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking

2

placebo. The results from the first 18 months of the study did not show an increased risk of confirmed cardiovascular events on VIOXX®. Given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

The APPROVe data were blinded until the study was stopped in September 2004, before its scheduled completion. Although Merck presented some preliminary data from the APPROVe trial at a recent scientific conference in San Antonio, a complete analysis of data from the study is ongoing. Merck expects the final data to be compiled and analyzed in the first part of 2005.

### B.   Merck's MDL Transfer Request

As of September 30, 2004 – the date of Merck's withdrawal of VIOXX® – 41 federal cases alleging some form of recovery for plaintiffs who purchased and ingested VIOXX® were pending in 24 districts, involving a total of 378 plaintiffs (exclusive of purported class members). The publicity surrounding Merck's voluntary withdrawal of VIOXX® from the market has spurred the filing of additional suits.

Each of the cases currently in federal court presents certain overlapping questions of fact and alleges similar theories of liability and injury arising from plaintiffs' treatment with VIOXX®. For example, in each of the pending actions, plaintiffs are seeking or likely will seek much of the same discovery from Merck pertaining to its development and pre-market and post-market testing of VIOXX®, including depositions of the same employees and experts.

On or about October 21, 2004, Merck filed a motion for coordinated pre-trial proceedings with the Panel to coordinate all cases involving the pharmaceutical VIOXX® ("VIOXX® Cases") pending in federal courts in a single district court, pursuant to 28 U.S.C. § 1407 and

3

Rule 7.1(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.[1] In addition to Merck's motion, more than two dozen different plaintiffs' counsel filed papares with the MDL Panel seeking MDL coordination of their VIOXX® Cases. Merck's MDL motion and the MDL motions/requests by plaintiffs' counsel were heard by the MDL Panel on January 27, 2005. The MDL Panel did not issue its ruling at the hearing (11 other cases were also set for oral argument that day). The MDL Panel typically issues its ruling within a reasonable time after oral argument, and Merck has no reason to believe that a ruling on the VIOXX® Cases will be unnecessarily delayed.

As described by both plaintiffs and Merck in their MDL filings, the pretrial coordination of these actions will eliminate the duplication of discovery, serve the convenience of the numerous parties and witnesses, expedite the just and efficient administration of these complex actions, avoid inconsistent rulings on critical pretrial matters, and conserve the resources of the parties, their counsel, and the federal judiciary. *See* 28 U.S.C. § 1407.

## ARGUMENT

### I. THIS CASE SHOULD BE STAYED PENDING THE PANEL'S TRANSFER DECISION.

The factors weighing in favor of coordinated pretrial proceedings in this matter are compelling. *See, e.g., In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004) (coordinating cases in pharmaceutical litigation because of overlapping factual and legal issues); *In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1367 (J.P.M.L. 2003) (same).

---

1. Merck filed its Section 1407 motion days after the Panel had set the calendar for its November 18, 2004 hearing. With its transfer motion, Merck filed a motion for expedited hearing for the Panel to hear Merck's coordination motion either at the November 18th hearing or as soon thereafter as practicable. Merck's request for expedited consideration was denied, meaning that, as noted below, Merck's and plaintiffs' Section 1407 motions were heard by the Panel on January 27, 2005.

4

Moreover, more than two dozen separate groups of plaintiffs and Merck have submitted papers requesting Section 1407 transfer, virtually assuring that this action will be transferred with the other VIOXX® product liability lawsuits to a single court for coordinated pretrial purposes shortly after the Panel considers the motion.

Guided by the "policies of justice and efficiency," this Court should exercise its discretion to stay all further proceedings here pending the Panel's action. *Boudreaux v. Metropolitan Life Ins. Co.*, No. 95-138, 1995 WL 83788, *1 (E.D. La. Feb. 24, 1995). The power to stay is well established and particularly apt here. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S 248, 254 (1936). Numerous courts have stayed proceedings pending determinations by the Panel on the appropriateness of coordination under Section 1407. *See, e.g., U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002); *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997); *American Seafood, Inc. v. Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin Corp.*, Civ. A. No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991); *Rosenfeld v. Hartford Fire Ins. Co.*, Nos. 88 CIV 2153 (MJL), 88 Civ. 2252 (MJL), 1988 WL 49065 (S.D.N.Y. May 12, 1988); *Portnoy v. Zenith Laboratories*, Civ. A. No. 86-3512, 1987 WL 10236 (D.D.C. Apr. 21, 1987).

When deciding whether to issue a stay pending a decision by the Panel, courts look at (1) considerations of judicial economy and (2) prejudice to the parties. *Rivers*, 980 F. Supp. at 1360. As described below, consideration of both these factors favor this Court granting a stay of this action. Indeed, numerous district courts have granted stays of all proceedings due to the pending

5

MDL coordination motions in the context of the VIOXX® suits. *See Catletti v. Merck & Co., Inc.*, No. 2:04-cv-429 (E.D. Tex. Feb. 2, 2005); *Scott v. Merck & Co., Inc.*, No. 04-3372 (E.D. La. Feb. 2, 2005); *Rushing v. Merck & Co., Inc.*, No. 2:05cv00040 (N.D. Ala. Feb. 2, 2005); *Aguero v. Merck & Co., Inc.*, No. 04-5341 (D. N.J. Feb. 1, 2005); *Dobslaf v. Merck & Co., Inc.*, No. 1:05-cv-00124 (N.D. Ill. Feb. 1, 2005); *Lane v. Merck & Co., Inc.*, No. 1:05-cv-022 (E.D. Tenn. Feb. 1, 2005); *Thomas v. Merck & Co., Inc.*, No. 1:05-cv-00025 (E.D. Tenn. Feb. 1, 2005); *Rini v. Merck & Co., Inc.*, No. 04-cv-05510 (E.D. N.Y. Jan. 28, 2005); *Benton v. Merck & Co., Inc.*, No. 04-CV-1123 (W.D. Ark. Jan. 27, 2005); *Johnson v. Merck & Co., Inc.*, No. 04-CV-878 (M.D. La. Jan. 27, 2005); *Krieder v. Merck & Co., Inc.*, No. 2:05-cv-138 (N.D. Ala. Jan. 27, 2005); *Taylor v. Merck & Co., Inc.*, No. 3:04-cv-923 (S.D. Miss. Jan. 27, 2005); *Wilson v. Merck & Co., Inc.*, No. 1:05-cv-006 (E.D. Tenn. Jan. 26, 2005); *Harrell v. Merck & Co., Inc.*, No. 04-CV-2438 (W.D. La. Jan. 25, 2005); *Hewitt v. Merck & Co., Inc.*, No. 3:05-CV-102 (N.D. Tex. Jan. 25, 2005); *Melton v. Merck & Co., Inc.*, No. 2:04-cv-372 (S.D. Miss. Jan. 25, 2005); *Davis v. Merck & Co., Inc.*, No. 1:04-cv-1247 (M.D. Ala. Jan. 24, 2005); *Gottsegen v. Merck & Co., Inc.*, No. 04-3065 (E.D. La. Jan. 24, 2005); *Cathey v. Merck & Co., Inc.*, No. 04-cv-125 (M.D. Tenn. Jan. 20, 2005); *Doucet v. Merck & Co., Inc.*, No. 04-3281 (E.D. La. Jan. 20, 2005); *Christina v. Merck & Co., Inc.*, No. 04-2726 (E.D. La. Jan. 20, 2005); *Prince v. Merck & Co., Inc.*, No. 2:04 CV 2406 (W.D. La. Jan. 20, 2005); *Salt v. Merck & Co., Inc.*, No. 2:01 CV 794 (D. Utah Jan. 20, 2005); *Rasco v. Merck & Co., Inc.*, No. H-04-4559 (S.D. Tex. Jan. 19, 2005); *Blain v. Merck & Co., Inc.*, No. 2:04CV1102 (D. Utah Jan. 18, 2005); *Harris v. Merck & Co., Inc.*, No. 1:04-cv-394 (E.D. Tenn. Jan. 18, 2005); *Mitchell v. Merck & Co., Inc.*, No. 8:04-cv-2682 (M.D. Fla. Jan. 18, 2005); *Pilie v. Merck & Co., Inc.*, No. 04-3279 (E.D. La. Jan. 18, 2005); *Stout v. Merck & Co., Inc.*, No. 4:04-CV-4205 (S.D. Tex. Jan. 18, 2005); *Williams v. Merck &*

*Co., Inc.,* No. 1:05-cv-0062 (S.D. Ind. Jan. 14, 2005); *Bernhardt v. Merck & Co., Inc.,* No. 2:04-cv-00625 (M.D. Fla. Jan. 13, 2005); *Carr v. Merck & Co., Inc.,* No. 04-CV-4900 (E.D. Pa. Jan. 13, 2005); *Fontanetta v. Merck & Co., Inc.* No. 2:04-cv-04486 (E.D. N.Y. Jan. 13, 2005); *Meadows v. Merck & Co., Inc.,* 1:04CV02229 (N.D. Ohio Jan. 13, 2005); *Wallace v. Merck & Co., Inc.,* No. 3:04cv1199 (M.D. Ala. Jan. 13, 2005); *Farmer v. Merck & Co., Inc.,* No. 1:04CV2324 (N.D. Ohio Jan. 12, 2005); *McNichols v. Merck & Co., Inc.,* No. 04-CV-23064 (D. S.C. Jan. 12, 2005); *Bates v. Merck & Co., Inc.,* No. 04-CV-2269 (W.D. La. Jan. 11, 2005); *Benoit v. Merck & Co., Inc.,* No. 04-CV-803 (M.D. La. Jan. 11, 2005); *Butler v. Merck & Co., Inc.,* No. 04-CV-2275 (W.D. La. Jan. 11, 2005); *Ewbank v. Merck & Co., Inc.,* No. 2-04-CV-427 (S.D. Tex. Jan. 11, 2005); *Harper v. Merck & Co., Inc.,* No. 04-CV-2271 (W.D. La. Jan. 11, 2005); *McKnight v. Merck & Co., Inc.,* No. 04-CV-2270 (W.D. La. Jan. 11, 2005); *Tice v. Merck & Co., Inc.,* No. 04-CV-2274 (W.D. La. Jan. 11, 2005); *Wright v. Merck & Co., Inc.,* No. 04-CV-2268 (W.D. La. Jan. 11, 2005); *Young v. Merck & Co., Inc.,* No. 4:04-CV-4209 (S.D. Tex. Jan. 11, 2005); *Peltekian v. Merck & Co., Inc.,* No. 04-CV-2195 (S.D. Cal. Jan. 11, 2005); *Bateman v. Merck & Co., Inc.,* No. 1:04-cv-03855 (D. Md. Jan. 10, 2005); *Bauman v. Merck & Co., Inc.,* No. 1:04-CV-707 (W.D. Tex. Jan. 10, 2005); *Pace v. Merck & Co., Inc.,* No. CIV 04-1356 (D. N.M. Jan. 10, 2005); *Teamsters Local 237 Welfare Fund v. Merck & Co., Inc.,* No. 04 Civ. 9248 (S.D.N.Y. Jan. 10, 2005); *Alexander v. Merck & Co., Inc.,* No. 04-2845 (E.D. La. Jan. 7, 2005); *Benavides v. Merck & Co., Inc.,* No. L-04-153 (S.D. Tex. Jan. 7, 2005); *Burns v. Merck & Co., Inc.,* No. 04-cv-2272 (W.D. La. Jan. 7, 2005); *Dufrene v. Merck & Co., Inc.,* No. 04-CV-2418 (W.D. La. Jan. 7, 2005); *Evans v. Merck & Co., Inc.,* No. 04-cv-2276 (W.D. La. Jan. 7, 2005); *Hart v. Merck & Co., Inc.,* No., 04-cv-2370 (W.D. La. Jan. 7, 2005); *Jacques v. Merck & Co., Inc.,* No. 04-3363 (E.D. La. Jan. 7, 2005); *Leonard v. Merck & Co., Inc.,* No. 3:04-CV-2157

(N.D. Tex. Jan. 7, 2005); *Sadler v. Merck & Co., Inc.*, 04-CV-2273 (W.D. La. Jan. 7, 2005); *Smith v. Merck & Co., Inc.*, No. 04-1355 (D. Kan. Jan. 7, 2005); *White v. Merck & Co., Inc.* No. 04-4207 (S.D. Tex. Jan. 7, 2005); *Bell v. Merck & Co., Inc.*, No. H-03-3448 (S.D. Tex. Jan. 6, 2005); *Houston v. Merck & Co., Inc.*, No. 1:04-cv-2188 (D.D.C. Jan. 7, 2005); *Jones v. Merck & Co., Inc.* No. 5:04-CV-3079 (N.D. Ala. Jan. 6, 2005) (Smith, J.); *Shaw v. Merck & Co., Inc.*, No. 04-1098 (W.D. Mo. Dec. 15, 2004) (Wright, J.); *Carvallo v. Merck & Co., Inc.*, No. 04-CV-22916 (S.D. Fla. Dec. 14, 2004) (Hoeveler, J.); *Fontanilles v. Merck & Co., Inc.*, No. 04-22799 (S.D. Fla. Dec. 14, 2004) (Huck, J.); *Grant v. Merck & Co., Inc.*, No. 04-cv-6407 (N.D. Ill. Dec. 9, 2004) (Andersen, J.); *Benavidez v. Merck & Co., Inc.*, No. 5:03cv134 (S.D. Tex. Dec. 8, 2004) (Ellison, J.); *Burris v. Merck & Co., Inc.*, No. 0:04-cv-04375 (D. Minn. Dec. 8, 2004) (Boylan, M.J.); *Gerber v. Merck & Co., Inc.*, No. 04-61429 (S.D. Fla. Dec. 8, 2004) (Dimitrouleas, J.); *Morris v. Merck & Co., Inc.*, No. AW-04-3024 (D. Md. Dec. 8, 2004) (Williams, J.); *Abraham v. Merck & Co., Inc*, No. 04-22631-CIV (S.D. Fla. Dec. 7, 2004) (Martinez, J.); *Dauterman v. Merck & Co., Inc.*, No. 3:03-cv-7623 (N.D. Ohio Dec. 7, 2004) (Carr, J.); *Denny v. Merck & Co., Inc.*, No.3:04cv00526 (S.D. Tex. Dec. 6, 2004) (Kent, J.); *Williams v. Merck & Co., Inc.*, No. 2:04-cv-235 (E.D. Ky. Dec. 6, 2004) (Hood, J.); *Ratliff v. Merck & Co., Inc.*, No. 04-419 (E.D. Ky. Dec. 6, 2004) (Hood, J.); *Perkins v. Merck & Co., Inc.*, No. 4:04-cv-1446 (E.D. Mo. Dec. 2, 2004) (Autrey, J.); *Pikul v. Merck & Co., Inc.*, No. H-03-3656 (S.D. Tex. Dec. 1, 2004) (Hughes, J.); *Flores v. Merck & Co., Inc.*, No. C-03-362 (S.D. Tex. Nov. 30, 2004) (Head, J.); *Biles v. Merck & Co., Inc.*, No. 04-cv-00975 (D. Md. Nov. 30, 2004) (Blake, J.); *Edler v. Merck & Co., Inc.*, No. 03-cv-03612 (D. Md. Nov. 30, 2004) (Blake, J.); *Shannon v. Merck & Co., Inc.*, No. 2:03CV105-D-B (N.D. Miss. Nov. 29, 2004) (Davidson, J.); *Ivory v. Merck & Co., Inc.*, NO. 04-CV-7218, (N.D. Ill. Nov. 29, 2004) (Aspen, J.); *Morrison v. Merck & Co., Inc.*, No. 1:03-CV-

1535 (S.D. Ind. Nov. 24, 2004) (Shields, M.J.); *Lewis v. Merck & Co., Inc.*, No. 04-CV-00685 (E.D. Tex. Nov. 23, 2004) (Clark, J.); *Zellmer v. Merck & Co., Inc.*, NO. 03-CV-2530 (N.D. Ga. Nov. 23, 2004) (Story, J.); *Whitmore v. Merck & Co., Inc.*, NO, 4:03-cv-01354 (E.D. Mo. Nov. 23, 2004) (Webber, J.); *Register v. Merck & Co., Inc.*, No. 3:04-CV-2259-R (N.D. Tex. Nov. 23, 2004) (Buchmeyer, J.); *Painton v. Merck & Co., Inc.*, No. 1:04-CV-686 (E.D. Tex. Nov. 22, 2004) (Crone, J.); *Turner v. Merck & Co., Inc.*, NO. 1:04cv999-T (M.D. Ala. Nov. 22, 2004) (Thompson, J.); *Schneider v. Merck & Co., Inc.*, No. 04-22632-Civ-Moreno (S.D. Fla. Nov. 19, 2004) (Moreno, J); *Wheatley v. Merck & Co., Inc.*, No. 2:04cv0020 (W.D. Va. Nov. 19, 2004) (Jones, J.), *Stamper v. Merck & Co., Inc.*, No-04-452 JMH (E.D. Ky. Nov. 18, 2004) (Hood, J.); *Lassig v. Merck & Co., Inc.*, No. 3:03-CV-0180-M (N.D.Tex. Nov. 17, 2004) (Lynn, J.); *Glover v. Merck & Co., Inc.*, No. 03-CV-5166 (D. Minn. Nov. 17, 2004) (Noel, M.J.); *Price v. Merck & Co, Inc.*, NO. 3:04cv866LN (S.D. Miss. Nov. 16, 2004) (Nicols, M.J.); *White v. Merck & Co., Inc.*, No 3:04-cv-2136 (W.D. La. Nov. 8, 2004) (Kirk, M.J.); *Magee v. Merck & Co., Inc.*, No. 2:03cv249 (S.D. Miss. Nov. 5, 2004) (Roper, M.J.); *McFarland v. Merck & Co., Inc.*, No. 03-CV-247 (S.D. Miss. Nov. 5, 2004) (Roper, M.J.); *Daley v. Merck & Co., Inc.*, No. 6:03cv509 (E.D. Tex. Nov. 1, 2004) (Guthrie, M.J.); *Hensley v. Merck & Co., Inc.*, No. CV-03-BE-906-E (N.D. Ala. Oct. 20, 2004) (Bowdre, J.); and *Krieder v. Merck & Co., Inc.*, No. CV-05-HGD-0138-S (N.D. Ala. Jan. 27, 2005) (Davis, J.).

These decisions in other VIOXX® suits make clear the necessity of a stay here. For example, in *Magee*, the court stayed all proceedings, despite a pending remand motion on its docket. There, the court held that:

> Plaintiff will not be unduly prejudiced if proceedings in this court, including consideration of the Motion to Remand, are stayed pending a decision by the JPML as to the transferability of this

>case. The court additionally finds that staying all proceedings will
>serve the interests of judicial economy.

No. 2:03cv249, slip op. at 4. The court specifically noted that judicial economy would be impaired without a stay because "there is the potential that . . . discovery [in *Magee*] will be duplicative of the discovery the MDL panel is designed to simplify." *Id.* These considerations are equally as present in this action.

### A. Judicial Economy Mandates a Stay.

Because of the overlapping factual issues and similar legal theories that exist in the VIOXX® cases currently pending in federal court, including this civil action, much work would be needlessly duplicated if pretrial proceedings and discovery continues to go forward before the Panel has an opportunity to rule.

Moreover, if this Court were not to issue a stay, it would be making rulings that would likely be reconsidered after coordination. As the court in *U.S. Bank* noted in granting defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted." 2002 WL 31114069 at *2. The Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." *See Rivers*, 980 F. Supp. at 1360. The Court should also not hold additional status conferences or issue additional discovery orders because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* Moreover, MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the original transferor court. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory experts under *Daubert)*; *In re Propulsid Prods. Liab. Litig.*, 261 F. Supp. 2d 603 (E.D. La. 2003)

(granting defendant pharmaceutical manufacturer's motion for summary judgment). In fact, it is unlikely that this Court will ever see this case again once it is transferred to an MDL; as a 2004 report from the Administrative Office of the United States Courts revealed, fewer than 10% of the cases that have been resolved through MDL treatment since Congress enacted the MDL statute were ever transferred back to the original transferor district. Accordingly, a stay will conserve judicial resources.

Moreover, to avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this civil action and other actions should proceed in an orderly, coordinated fashion, as directed by the single court selected by the MDL panel to coordinate these cases.

### B.   Without a Stay, Defendants Will Be Unnecessarily Prejudiced While Plaintiffs Will Suffer Minimal or No Prejudice.

In addition to the waste of judicial resources inherent in proceeding with this action prior to the establishment of an MDL, Merck would be substantially prejudiced by duplicative discovery and motion practice if a stay were not put in place. *See American Seafood,* 1992 WL 102762 at *2 (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). Plaintiffs across the country will surely notice the same set of Merck employees and former employees for deposition. Without a stay, the risk exists that Merck will have to produce these witnesses multiple times in different jurisdictions. For example, before the court granted a stay, plaintiffs' counsel in *Lassig v. Merck & Co., Inc.*, No. M-03-0180-M (N.D. Tex.), requested a deposition of a corporate representative to testify about Merck's voluntary withdrawal of VIOXX®. Plaintiffs' counsel in a Texas state court action has asked for the same deposition. Without stays, such redundant discovery requests will only become more frequent as this litigation proceeds.

11

A stay will not, however, unduly prejudice Plaintiffs in this action. First, any delay that Plaintiffs may experience will be minimal, and the prejudice to Merck would far outstrip any harm to Plaintiffs. *See Arthur-Magna*, 1991 WL 13725 at *1 (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay). Indeed, should the Panel grant the MDL motion, all of the parties -- including Plaintiffs here -- will benefit through increased efficiency and coordinated pretrial case management and, as such, any potential delay is outweighed by the potential efficiencies available in a coordinated MDL proceeding. Second, this action is not on the eve of trial, and discovery has not yet begun. Because Plaintiffs have expended limited resources to date, they will not be prejudiced by a limited delay, and the Plaintiffs do not oppose this motion to stay. This Court therefore should stay all proceedings in this civil action pending resolution of Merck's and plaintiffs' MDL motions, and pending a determination on the transfer of this case to the MDL.

## CONCLUSION

For the foregoing reasons, Merck requests that the Court grant its unopposed motion to stay all proceedings in this case pending resolution of Merck's MDL motion before the Panel for transfer of the VIOXX cases to a single court for coordinated pretrial management, and pending a determination on the transfer of this case to the MDL.

Dated: February 16, 2005

                                    Respectfully submitted,

                                    *[signature]*

                                    Richard C. Stanley, #8487
                                    Bryan C. Reuter, #23910
                                    Thomas P. Owen, Jr., #28181
                                           OF
                                    STANLEY, FLANAGAN &
                                    REUTER, LLC

                                    909 Poydras Street, Suite 2500
                                    New Orleans, LA 70112
                                    Phone: (504) 523-1580
                                    Fax:(504) 524-0069

                                    Attorneys for Defendant Merck & Co., Inc.

Of Counsel

Norman C. Kleinberg
Theodore V. H. Mayer
Charles Avrith
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Phone:(212) 837-6000
Fax: (212) 422-4726

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Memorandum in Support of Unopposed Motion by Defendant Merck & Co., Inc. to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation has been served on all counsel of record, by hand, facsimile, Federal Express, e-mail, and/or by placing same in the United States mail, postage prepaid and properly addressed, this 16th day of February, 2005.

                                    *[signature]*