UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 15  PM 4: 52

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN, as Personal Representative of the Estate of RICHARD IRVIN, JR., | * | |
| Plaintiff, | * | |
| vs. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * *

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that on August 31, 2005, beginning at 9:30 a.m. and continuing day-to-day until completion, counsel for Defendants will take the deposition upon oral examination of EVELYN **IRVIN (PLUNKETT),** as Personal Representative of the Estate of **RICHARD IRVIN, JR. and Individual Claimant** for damages, before a notary public or other authorized officer, at the Offices of Brown, Terrell Hogan, Ellis, McClamma & Yegelwel, P.A., 233 E Bay Street, Suite 804, Jacksonville, Florida.

EVELYN IRVIN (PLUNKETT) is directed *to produce copies of the following documents to* Williams & Connolly LLP, 725 12th Street, N.W., Washington, D.C. 20005 *for*

___ Fee_____
___ Process_____
_X_ Dktd 784804v.1
___ CtRmDep_____
___ Doc. No._____

*receipt no later than 7 days before the deposition and bring the originals to the deposition* **as this information has been requested previously through both interrogatories and document requests, but all responsive documents in PLAINTIFF EVELYN IRVIN'S (PLUNKETT) possession, custody or control have not yet been produced. These requests are not new requests, but have been previously made:**

  1. All WRITINGS in PLAINTIFF EVELYN IRVIN (PLUNKETT)'s possession, custody or control regarding VIOXX®.

  2. ALL WRITNGS created or stored electronically, including, but not limited to, e-mail messages, web files, and word processing files, relating to or discussing VIOXX or DECEDENT'S ingestion of VIOXX in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

  3. All WRITINGS, including but not limited to, prescriptions, prescription records, and receipts for VIOXX® in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

  4. All VIOXX tablet(s) prescribed to or otherwise obtained by DECEDENT, which have not been ingested in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control (this item may be produced at the deposition).

  5. All containers and packaging which contain or contained VIOXX in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control (this item may be produced at the deposition).

6. All records, including physician or office records, that show the period during which DECEDENT took VIOXX, the dosage of VIOXX, and the frequency with which the DECEDENT took VIOXX in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

7. All WRITINGS relating to the subject of any worker's compensation, Social Security or other disability proceeding for which either the DECEDENT OR PLAINTIFF EVELYN IRVIN (PLUNKETT) has been a claimant in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

8. All WRITINGS relating to diagnostic tests, tests results, medical records or the medical history for both the DECEDENT AND PLAINTIFF EVELYN IRVIN (PLUNKETT) in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

9. All WRITINGS concerning or relating to product use instructions, product warnings, package inserts, pharmacy handouts or other materials distributed or provided to either the DECEDENT or PLAINTIFF EVELYN IRVIN (PLUNKETT) when the DECEDENT'S VIOXX prescription was filled or when the DECEDENT otherwise obtained VIOXX in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

10. All newspapers, magazines, journal articles, and all videotapes, audiotapes and transcripts of any television or radio programs relating to VIOXX received or reviewed by PLAINTIFF EVELYN IRVIN (PLUNKETT) or interviews given by PLAINTIFF EVELYN IRVIN (PLUNKETT) or the DECEDENT in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

11. All WRITINGS relating to both the DECEDENT'S AND PLAINTIFF EVELYN IRVIN (PLUNKETT)'S employments for the past ten (10) years, including, but not limited to, employment records, pay stubs, employment agreements, or contracts in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

12. Copies of all bills from any physician, hospital, pharmacy or health care provider, and explanations of benefits from the DECEDENT's health care insurer or plan, relating to the DECEDENT'S alleged VIOXX-related injury and PLAINTIFF EVELYN IRVIN (PLUNKETT)'S alleged VIOXX-related injury in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

13. If the DECEDENT or PLAINTIFF EVELYN IRVIN (PLUNKETT) served in the United States Armed Forces, all WRITINGS relating to either the DECEDENT'S or PLAINTIFF EVELYN IRVIN (PLUNKETT)'S medical conditions during such time of service and at discharge in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

14. All diaries and journals kept by either the DECEDENT OR PLAINTIFF EVELYN IRVIN (PLUNKETT) in the past ten (10) years relating to or discussing the DECEDENT'S OR PLAINTIFF EVELYN IRVIN (PLUNKETT)'S health, including, but not limited to, the illness, injury or medical condition which forms the basis of ALL CLAIMS IN PLAINTIFF EVELYN IRVIN (PLUNKETT)'S Complaint in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

15. All diaries and journals kept by either the DECEDENT OR PLAINTIFF EVELYN IRVIN (PLUNKETT) in the past ten (10) years relating to or discussing VIOXX or

the DECEDENT's ingestion of VIOXX in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

16. All WRITINGS relating to the DECEDENT'S AND PLAINTIFF EVELYN IRVIN (PLUNKETT)'S participation in sports or recreational activities in the past ten (10) years, including, but not limited to, registration forms, awards, photographs, videotapes, articles, and scorecards in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

17. All WRITINGS created or stored electronically, including, but not limited to, e-mail messages, web files, and word processing files, relating to or discussing the DECEDENT'S OR PLAINTIFF EVELYN IRVIN (PLUNKETT)'S health, including, but not limited to, the illness, injury, or medical condition which forms the basis ANY CLAIM OF in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S Complaint in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

18. All WRITINGS relating to any communication between PLAINTIFF EVELYN IRVIN (PLUNKETT) OR THE DECEDENT and any Defendant in this litigation in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

19. All WRITINGS relating to any prescription drug (including oral contraceptives), over-the-counter drug, medication, herbal remedy, or medical preparation used by or administered to either the DECEDENT OR PLAINTIFF EVELYN IRVIN (PLUNKETT) during the past ten (10) years in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

784804v.1

20. All prescriptions, prescription records, drug containers, bottles, labels, package inserts, warnings, and/or instructions relating to any prescription drug, over-the-counter drug, medication, herbal remedy or medical preparation taken by either the DECEDENT OR PLAINTIFF EVELYN IRVIN (PLUNKETT) in the past ten (10) years in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

21. All WRITINGS relating to Non-Steroidal Anti-Inflammatory Drugs ("NSAIDs"), any risks or hazards thereof, or any impact they may have on humans, including, but not limited to: books, articles, scientific studies, health or fitness journals and publications, union and other organizational newsletters, insurance company newsletters, bulletins, brochures, internet information, package inserts, warnings and instructions in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

22. All WRITINGS relating to insurance coverage that is applicable to the illness, injury or medical condition. which form the basis of all claims contained in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S Complaint in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

23. All WRITINGS relating to any illicit drug used by or administered to the either the DECEDENT OR PLAINTIFF EVELYN IRVIN (PLUNKETT) during the past ten (10) years in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

24. Copies of all pleadings either the DECEDENT OR PLAINTIFF EVELYN IRVIN (PLUNKETT)'S PLAINTIFF or EITHER's attorneys have filed in any other lawsuits or legal actions in any court based upon any illness, bodily injury or medical condition sustained by

either the DECEDENT OR PLAINTIFF EVELYN IRVIN (PLUNKETT)'S PLAINTIFF in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

25. All deposition transcripts, transcripts of recorded testimony or other recorded statements made by the DECEDENT OR PLAINTIFF EVELYN IRVIN (PLUNKETT)'S, relating to any claims either the DECEDENT OR PLAINTIFF EVELYN IRVIN (PLUNKETT) has ever made for illness, bodily injury, or medical condition in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

26. All press releases or other public statements made by or on behalf of PLAINTIFF EVELYN IRVIN (PLUNKETT relating to this litigation or VIOXX or to the DECEDENT's OR PLAINTIFF EVELYN IRVIN (PLUNKETT)'S illness, injury, or medical condition that forms the basis for the claims in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S Complaint in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

27. All WRITINGS relating to any tobacco product used by the DECEDENT since 1991 in PLAINTIFF EVELYN IRVIN (PLUNKETT)'S possession, custody or control.

Respectfully submitted,

_/s/ Dorothy␣H.␣Wimberly_

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

784804v.1

and

Douglas Marvin
Elaine Horn
Megan Hills
WILLIAMS & CONNELLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Deposition has been served on Liaison Counsel, Russ Herman by hand delivery and by e-mail, upon plaintiffs' counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 15th day of August 2005.

*[signature]*

784804v.1