

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | *   MDL No. 1657<br>*<br>*   SECTION L<br>*<br>*   JUDGE ELDON E. FALLON<br>*<br>*   MAGISTRATE JUDGE<br>*   DANIEL E. KNOWLES, III<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Yvonne Bell, et al v. Merck & Co., Inc., et al.*, No. 05-CV-02110.

### MEMORANDUM IN OPPOSITION
### TO MOTION FOR EXPEDITED HEARING

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, respectfully submits its opposition to plaintiffs' motion for an expedited hearing on their motion for leave to file an amended petition. Plaintiffs' motion seeks to amend their claims against Walgreens Louisiana Co., Inc. ("Walgreen") in an attempt to bolster their motion for remand. As set forth below, there is no reason for this Court to expedite consideration of plaintiffs' motion to amend; rather, it should be considered in coordination with remand motions in this and other VIOXX® cases where plaintiffs have named local pharmacies in an effort to evade diversity jurisdiction.

This case, a putative class action for alleged economic losses related to VIOXX purchases, is one of numerous cases transferred to this MDL proceeding in which Merck contends that plaintiffs have fraudulently joined local pharmacies in an effort to evade diversity jurisdiction. In their original petition, plaintiffs named Walgreen as a defendant but did not allege that Walgreen sold VIOXX® to any of the plaintiffs. On June 1, 2005, Merck timely removed the case to this Court, and the plaintiffs then moved to remand. In an effort to strengthen their remand motion, plaintiffs now seek leave to file a first supplemental and amending petition for redhibition, alleging that "Defendant Walgreens of Louisiana, Inc. sold the drug Vioxx to one or more of the named plaintiffs and therefore is the "Seller" for purposes of this action in redhibition."[1] Putting aside the effect of such an amendment (which Merck asserts would not strengthen the remand motion in any event), this Court has already determined, by continuing plaintiffs' remand motion without date, that it should be resolved in a coordinated, efficient manner with other similar remand motions pending in this proceeding. As the Court explained in a Minute Order earlier this year, "it will deal with remand motions in a group and in accordance with procedures to be established in the future."[2]

Now, in an effort to push their remand motion to the front of the list, plaintiffs seek expedited consideration of their motion for leave to file an amended pleading. Lest there be any doubt, plaintiffs themselves concede that the sole purpose of their amended pleading is an

---

[1] First Supplemental and Amending Petition for Redhibition," at ¶ XXV.

[2] Minute Entry, dated April 28, 2005, at ¶ XV; Minute Entry, dated May 23, 2005, at ¶ XVII; Minute Entry, dated June 23, 2005, at ¶ XVI.

effort to augment their remand motion.[3]  Thus, plaintiffs are simply using the motion for leave as another tactic to secure an expedited hearing on their remand motion.

Plaintiffs offer no compelling reason why their economic loss class action should be treated differently from any other VIOXX® case for purposes of deciding remand motions. Moreover, if plaintiffs' motion were granted, numerous other plaintiffs in cases with pending remand motions will be knocking at the courthouse door seeking expedited review of their remand motions too.

The Court has properly determined that remand motions should be addressed in an efficient, coordinated manner, and plaintiffs offer no reason to diverge from that approach. For the foregoing reasons, plaintiffs' motion should be denied, and the Court should proceed to consider plaintiffs' motion for leave to file in coordination with other VIOXX® cases that raise similar jurisdictional issues.

---

[3] *See* Motion and Incorporated Memorandum for Expedited Hearing, at 1 ("Expedited hearing is required because an issue regarding plaintiffs' Original Petition has been raised, and the parties wish to clarify it before the Court rules on the motion to remand.")

Dated: August 16, 2005                                    Respectfully submitted,

*[signature]*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
    Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523-1580
Telecopier: (504) 524-0069

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Barry W. Ashe, 14056
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
    Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Continue Hearing on Motion to Remand has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 16th day of August, 2005.

*[signature]*