U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 16  PM 3: 06

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: <br><br> VIOXX PRODUCTS LITIGATION <br><br><br> This document relates to all cases. | No. MDL Docket No. 1657 <br><br> Section L <br><br> JUDGE FALLON <br> MAG JUDGE KNOWLES |

### MERCK'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING CROSS-NOTICING OF NEW JERSEY DEPOSITIONS

Plaintiffs' motion essentially asks the Court to enter a protective order that would prevent the cross-noticing of Merck employee depositions in the New Jersey coordinated proceeding, even though the New Jersey depositions are being noticed – and in many cases, taken – by PSC members. Plaintiffs' motion is at odds with this Court's discovery orders, which are designed to promote coordination between state and federal proceedings, prevent duplication of effort, and minimize inconvenience to witnesses. Moreover, the cross-noticing of the New Jersey depositions into this MDL was discussed and approved without objection at least as early as a May 23, 2005 status conference before this Court. Plaintiffs' motion should be denied.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____
784945v.1

***First,*** plaintiffs' motion is directly contrary to the efficiency goals of this MDL proceeding, embodied in PTO-9, which specifically allows for cross-noticing of any VIOXX®-related depositions. Under PTO-9, "Any deposition in this MDL may be cross-noticed by any party in any Vioxx-related action pending in state court, and *any deposition in any Vioxx-related action pending in state court may be cross-noticed by any party in this MDL.*") (*Id.*, section II.G. ("Cross-noticing"), at 6 (emphasis added).)[1]

The cross-noticing provisions in PTO-9 are consistent with a growing trend of state-federal coordination in mass tort litigation. *See* Manual for Complex Litigation (Fourth) at 230 ("[s]tate and federal judges . . . have undertaken innovative efforts to coordinate parallel or related litigation so as to reduce the costs, delays and duplication of effort that often stem from" complex litigation that is pending in both federal and state courts). *See also In re Diet Drugs*, MDL No. 1203, Order No. 467, 1999 WL 124414, at *4 - *6. As both state and federal courts have recognized, coordinating federal and state discovery benefits all parties and the Court by reducing the waste that frequently results from overlapping litigation.

This is the type of litigation that calls out for such discovery coordination because of the sheer volume of cases in both state and federal court, and because plaintiffs in these cases are interested in virtually the same discovery. If each plaintiff (or even each attorney) were to depose Merck's employees separately, it would result in a colossal waste of resources to the detriment of both the company and the plaintiffs suing it. For this reasons alone, plaintiffs' motion should be denied.

---

[1] Apart from the cross-noticing provision, PTO-9 provides for the use in this MDL of depositions of Merck employees taken in state actions even where plaintiffs received no notice of the deposition – unless they show good cause within 30 days after the transcription of the deposition. (*Id.*, section III.(iv), at 13.) In fact, plaintiffs in this MDL may not re-depose any witness deposed in a state proceeding without good cause regardless of whether they had notice of the state court deposition. (*Id.*, section II.L.1., at 9.) (Defendants have the corresponding obligation to notify plaintiffs in this MDL of all depositions taken by plaintiffs in state actions and assist them in obtaining copies of the transcripts. (*Id.*))

784945v.1

***Second***, plaintiffs' objection to the cross-noticing of employee depositions in the New Jersey proceeding is all the more inappropriate because they have known that Merck intended to cross-notice these depositions since the following exchange took place at the May 23rd status conference:

> MR. WITTMAN [defense liaison counsel]:  There are a few depositions going forward in New Jersey.  I think there are five Merck employees in New Jersey that Mr. Buchanan wants to depose,[2] and I understand the Court agreed to a cross notice in this MDL.  So the first MDL depositions will be going forward as a cross notice in some depositions that are being taken in New Jersey.
>
> THE COURT:  All right.

(Tr., 18:21-19:2) (A copy of pages 18-19 of the transcript of the May 23, 2005 status conference is attached as Exhibit B.)  Plaintiffs' Liaison Counsel, Russ Herman, whose firm submitted the instant motion, was the plaintiffs' counsel who appeared at the May 23 hearing.  He voiced no objection whatsoever to the cross-noticing.  Thus, plaintiffs' statement that "[t]hese cross-notices were issued without any prior consultation or discussion between liaison counsel" (Pl. Mot. ¶ 3) is simply untrue.

***Finally***, plaintiffs' motion for protective order is particularly odd because they are effectively seeking protection from their own depositions on the ground that they did not know about them.  Plaintiffs claim that "the PSC did not participate in any discussions regarding the dates and locations of these depositions" and that some of the depositions were cross-noticed with only two weeks notice. (Pl. Mot. ¶¶ 1, 4.)  However, since Lead Counsel in this proceeding

---

[2]  Mr. Buchanan is a partner of MDL co-lead counsel Christopher Seeger in the law firm of Seeger Weiss.

784945v.1

also serve as lead counsel in New Jersey, they are the ones who noticed the New Jersey depositions in the first place. Moreover, in many instances, the New Jersey depositions are being taken by PSC members, who are also counsel of record in the state court proceeding. For example, one of the cross-noticed depositions plaintiffs object to is the August 8, 2005 deposition of Peter Honig, for which they say they did not receive "sufficient" notice. (Pl. Mot. ¶ 4.) However, that deposition (like the others) was noticed by the Seeger Weiss firm, and the primary examiner for the New Jersey plaintiffs was Christopher Tisi, who is a member of the PSC. The fact that the same counsel are noticing, taking and seeking protective orders from the same depositions makes plaintiffs' effort to circumvent PTO-9 all the more inexcusable.

For the foregoing reasons, plaintiffs' motion for a protective order should be denied.

Respectfully submitted,

_/s/ Phillip A. Wittmann_
Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

Defendants' Liaison Counsel

784945v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck's Opposition to Plaintiffs' Motion for Protective Order Regarding Cross-Noticing of New Jersey Depositions has been served on Liaison Counsel, Russ Herman by hand delivery and by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 16th day of August, 2005.

_[signature]_