

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 16  PM 3: 05

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | ) | MDL No. 1657 |
| | ) | SECTION: L |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | |
| This document relates to: *Alder v. Merck* | ) | JUDGE FALLON |
| *& Co.*, (E.D. La. No. 05-3387) | ) | |
| | ) | MAG. JUDGE KNOWLES |

### <u>ANSWER OF DEFENDANT MERCK & CO., INC.</u>

Defendant Merck & Co., Inc. ("Merck" or "Defendant") by its undersigned attorneys, answers Plaintiffs'[1] Complaint ("Complaint") and each and every count thereof, separately and severally, as follows:

### <u>RESPONSE TO "JURISDICTION"</u>

1.     The allegations contained in paragraph 1 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation of said paragraph, except Merck admits that it is a New Jersey corporation with its principal place of business in New Jersey and Plaintiff Kelly A. Alder purports to be a resident of Maryland, and Use Plaintiff, Robin M. Ballew purports to be a resident of

---

[1]    Plaintiff Kelly A. Alder and Use Plaintiff Robin M. Ballew will collectively be referred to as "Plaintiffs."

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep._____
___ Doc. No._____

Pennsylvania. Merck further admits that the Plaintiffs purport to seek damages as stated therein, but denies that there is any legal or factual basis for such relief.

2.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in the first three sentences of paragraph 2 of the Complaint. Merck denies each and every allegation contained in the fourth sentence of paragraph 2 of the Complaint, except admits that Merck is authorized to do business in, among other states, the State of Maryland  The allegations contained in the last sentence of paragraph 2 of the Complaint are legal conclusions as to which no response is required.

## RESPONSE TO "PARTIES"

3.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 3 of the Complaint.

4.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck made in paragraph 4 of the Complaint.  Merck denies each and every allegation directed at Merck in said paragraph.

5.      Merck denies each and every allegation of paragraph 5 of the Complaint, except Merck admits that it is a New Jersey corporation with its principal place of business in New Jersey, and that until its voluntary withdraw from the market on September 30, 2004, Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.  Merck further admits that VIOXX® is the brand name for rofecoxib.

6.      Merck denies each and every allegation of paragraph 6 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® and is authorized to do business in, among other states, the state of Maryland.

-2-

784207v.1

## RESPONSE TO "GENERAL ALLEGATIONS"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of this Answer with the same force and effect as though set forth here in full.

7.      Merck denies each and every allegation contained in paragraph 7 of the Complaint, except that Merck admits that VIOXX® is part of a class of drugs known as NSAIDs that reduces pain and inflammation.

8.      Merck denies each and every allegation contained in paragraph 8 of the Complaint, except that Merck admits that it sought and in 1999 obtained Food and Drug Administration ("FDA") approval to manufacture and market the prescription medicine VIOXX®.  Merck further admits that VIOXX® is the brand name for rofecoxib.

9.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint, except that Merck admits that it submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the FDA and respectfully refers the Court to the Application for its actual language and full text.  Merck further admits that the FDA approved the manufacture and distribution of VIOXX®.  Merck further admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

784207v.1

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint, except that Merck admits that it marketed the prescription medication VIOXX®, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint except that Merck admits that it submitted a New Drug Application ("NDA") for VIOXX® on November 23, 1998.  Merck respectfully refers the Court to the referenced NDA for its designation, actual language and full text.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint, except that Merck admits that it submitted a New Drug Application ("NDA") for VIOXX® on November 23, 1998.  Merck respectfully refers the Court to the referenced NDA for its designation, actual language and full text.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint, except that Merck admits that it received FDA approval to manufacture and market the prescription medicine VIOXX®.  Merck further avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint.

-4-

19. Merck denies each and every allegation contained in paragraph 19 of the Complaint, except that it admits that it filed a supplemental New Drug Application ("sNDA") in June 2000 that contained data from the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its designation, actual language and full text. Merck further admits the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint, except that it admits Plaintiffs appear to have accurately quoted the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text and further admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text..

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint, except Merck admits that the referenced article and journal exist and respectfully refers the Court to the referenced article for its actual language and full text.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint, except that Merck admits that the referenced article and journal exist and Merck respectfully refers the Court to the referenced article for its actual language and full text.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint, except that Merck admits that the referenced study exists and respectfully refers the Court to the study for its full text.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint, except that Merck admits that the existence of the journal, the article contained therein, and that Plaintiffs appear to have accurately quoted the document referenced in said paragraph, and respectfully refers the Court to the reference document for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint, except that Merck admits that the referenced reviews and studies exist and respectfully refers the Court to the reviews and studies for their actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint, except that Merck admits that it received a letter from a regulatory review officer in September 2001 that Plaintiffs purport to quote and respectfully refers the Court to that letter for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint, except that Merck admits that it received a letter from a regulatory review officer in September 2001 that Plaintiffs purport to quote and respectfully refers the Court to that letter for its actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint, except that Merck admits that it received a letter from a regulatory review officer in September 2001 that Plaintiffs purport to quote and respectfully refers the Court to that letter for its actual language and full text.

30.     Merck denies each and every allegation made in Paragraph 30 of the Complaint, except it admits that, in April 2002, the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for

-6-

VIOXX® for its actual language and full text. Merck further admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint, except that it admits that the referenced label, which Plaintiffs purport to quote, exists and respectfully refers the Court to the referenced document for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint, except that Merck admits that the FDA-approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint, except that it admits that the referenced document exists and respectfully refers the Court to said document for its actual language and full text.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint, except that it admits that the referenced annual report that Plaintiffs purport to quote exists and respectfully refers the Court to said document for its actual language and full text.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint, except that it admits that the referenced document that Plaintiffs purport to quote exists and respectfully refers the Court to said document for its actual language and full text.

784207v.1

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint, except that Merck admits that it manufactured and marketed VIOXX® which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.  Merck respectfully refers the Court to said documents for their actual language and full text.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint, including all subparagraphs.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Merck denies each and every allegation contained in paragraph 47 of the Complaint.

784207v.1

## RESPONSE TO "COUNT I – NEGLIGENCE"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

48.     The allegations contained in paragraph 48 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.  Merck denies each and every remaining allegation of said paragraph.

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint, including all subparagraphs.

50.     Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51.     The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.  Merck denies each and every remaining allegation of said paragraph.

52.     The allegations contained in paragraph 52 of the Complaint state legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

784207v.1

54.   Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.   Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.   Merck denies each and every allegation contained in paragraph 56 of the Complaint.

Merck denies that the Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count I of the Complaint, including all subparagraphs.

## RESPONSE TO "COUNT II – STRICT PRODUCTS LIABILITY – FAILURE TO WARN"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 56 of this Answer with the same force and effect as though set forth here in full.

63.[2]   Merck denies each and every allegation contained in paragraph 63 of the Complaint, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

64.   Merck denies each and every allegation contained in paragraph 64.

65.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs' Decedent used Vioxx.  Merck denies each and every remaining allegation contained in paragraph 65 of the Complaint.

66.   Merck denies each and every allegation contained in paragraph 66 of the Complaint, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

---

[2]   Merck notes that Plaintiffs' Complaint skips paragraph numbers 57-62.  For purposes of uniformity, Merck will respond to Plaintiffs' Complaint as numbered.

-10-

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     The allegations contained in paragraph 68 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.  Merck denies each and every remaining allegation of said paragraph.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count II of the Complaint, including all subparagraphs.

## RESPONSE TO "COUNT III – STRICT PRODUCT LIABILITY DESIGN DEFECT"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 70 of this Answer with the same force and effect as though set forth here in full.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint, except that Merck admits that it manufactured and distributed the prescription medicine VIOXX®.

72.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 72 of the Complaint.  Merck denies each and every remaining allegation of said paragraph, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint.

75.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Complaint.

76.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint.

77.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint, including all subparagraphs.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count III of the Complaint, including all subparagraphs.

## RESPONSE TO "COUNT IV – FRAUD"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 82 of this Answer with the same force and effect as though set forth here in full.

83.    Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.    Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.    Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.    Merck denies each and every allegation contained in paragraph 86 of the Complaint.

87.    Merck denies each and every allegation contained in Paragraph 87 of the Complaint.

88.    Merck denies each and every allegation contained in paragraph 88 of the Complaint.

89.    Merck denies each and every allegation contained in Paragraph 89 of the Complaint.

90.    Merck denies each and every allegation contained in Paragraph 90 of the Complaint.

Merck denies that Plaintiff are entitled to any of the relief set forth in the "wherefore" paragraph of Count IV of the Complaint, including all subparagraphs.

784207v.1

## RESPONSE TO "COUNT V – BREACH OF EXPRESS WARRANTIES"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 90 of this Answer with the same force and effect as though set forth here in full.

91.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of the Complaint, except it admits that that it manufactured, marketed and distributed the prescription medicine VIOXX®.

92.     The allegations contained in paragraph 92 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.  Merck denies each and every remaining allegation of said paragraph.

93.     Merck denies each and every allegation contained in Paragraph 93 of the Complaint.

94.     Merck denies each and every allegation contained in Paragraph 94 of the Complaint.

95.     Merck denies each and every allegation contained in Paragraph 95 of the Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count V of the Complaint, including all subparagraphs.

## RESPONSE TO "COUNT VI – BREACH OF IMPLIED WARRANTIES"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth here in full.

-14-

96.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96 of the Complaint, except it admits that that it manufactured, marketed and distributed the prescription medicine VIOXX®.

97.     The allegations contained in paragraph 97 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with VIOXX®.  Merck denies each and every remaining allegation of said paragraph.

98.     Merck denies each and every allegation contained in Paragraph 98 of the Complaint.

99.     Merck denies each and every allegation contained in Paragraph 99 of the Complaint.

100.    Merck denies each and every allegation contained in Paragraph 100 of the Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count VI of the Complaint, including all subparagraphs.

## RESPONSE TO "COUNT VII – DECEPTIVE TRADE PRACTICES"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 100 of this Answer with the same force and effect as though set forth here in full.

101.    Merck denies each and every allegation contained in the in paragraph 101 of the Complaint.

102.    Merck denies each and every allegation contained in Paragraph 102 of the Complaint.

-15-

784207v.1

103.    Merck denies each and every allegation contained in Paragraph 103 of the Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count VII of the Complaint, including all subparagraphs.

## RESPONSE TO "COUNT II – WRONGFUL DEATH"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 103 of this Answer with the same force and effect as though set forth here in full.

104.    Merck denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Merck denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Merck denies each and every allegation contained in the in paragraph 106 of the Complaint.

107.    Merck denies each and every allegation contained in the in paragraph 107 of the Complaint.

108.    Merck denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Merck denies each and every allegation contained in the in paragraph 109 of the Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count VIII of the Complaint, including all subparagraphs.

784207v.1

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Merck alleges as follows:

1.      Each claim brought on behalf of a decedent is barred by the applicable wrongful death statute and, thus, fails to state a claim upon which relief can be granted.

2.      Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

3.      The Complaint fails to state a claim upon which relief can be granted.

4.      Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

5.      If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

6.      To the extent that Plaintiffs or Plaintiffs' decedent assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

7.      To the extent that Plaintiffs or Plaintiffs' decedent assert claims based upon an alleged failure by Merck to warn Plaintiffs or Plaintiffs' decedent directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician(s).

8.      If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs or Plaintiffs' decedent.

-17-

784207v:1

9.     If Plaintiffs or Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs or Plaintiffs' decedent knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck.

10.     If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused by the actions of persons not having real or apparent authority to take such actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

11.     If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were proximately caused by Plaintiffs or Plaintiffs' decedents' misuse or abuse of VIOXX®.

12.     If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' or Plaintiffs' decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

13.     To the extent that Plaintiffs or Plaintiffs' decedent rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

14.     Plaintiffs' or Plaintiffs' decedent's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

784207v.1

15.     Plaintiffs or Plaintiffs' decedent's have failed to join all necessary and indispensable parties.

16.     Plaintiffs' or Plaintiffs' decedent's claims are barred, in whole or in part, because Plaintiffs or Plaintiffs' decedents' lack capacity and standing to bring such claims.

17.     Plaintiffs' or Plaintiffs' decedent's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

18.     To the extent that Plaintiffs or Plaintiffs' decedent seek punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

19.     To the extent that Plaintiffs or Plaintiffs' decedent seek punitive damages for the conduct that allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

20.     To the extent Plaintiffs or Plaintiffs' decedent seek punitive damages for an alleged act or omission of Merck, Plaintiffs or Plaintiffs' decedents have not complied with the statutory requirements to recover punitive damages and, moreover, Plaintiffs or Plaintiffs' decedents cannot establish the requisite standard of conduct.

21.     Plaintiffs' or Plaintiffs' decedent's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

22.     Plaintiffs' or Plaintiffs' decedent's claims are barred in whole or in part under comments j and k to Section 402A of the Restatement (Second) of Torts.

784207v.1

23.     Plaintiffs' or Plaintiffs' decedent's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

24.     Plaintiffs' or Plaintiffs' decedent's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

25.     Plaintiffs' or Plaintiffs' decedent's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

26.     Plaintiffs' or Plaintiffs' decedent's claims of fraud, misrepresentation and suppression are barred by reason of Plaintiff's or Plaintiff's decedents' failure to allege the circumstances constituting fraud with particularity, as required by state and federal rules of civil procedure.

27.     To the extent Plaintiffs or Plaintiffs' decedent have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

28.     To the extent Plaintiffs or Plaintiffs' decedent are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

29.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

30.     Plaintiffs' or Plaintiffs' decedent's claims are barred in whole or in part by a failure to mitigate damages.

784207v.1

31.     Plaintiffs' or Plaintiffs' decedent's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

32.     All activities of Merck as alleged in Complaint were expressly authorized and/or regulated by a governmental agency.  Therefore, any claims pertaining to unfair or deceptive practices are barred.

33.     With respect to each and every cause of action, Plaintiffs or Plaintiffs' decedent are not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in the Restatement (Second) of Torts.  The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

34.     The conduct and activities of Merck with respect to the product that is the subject matter of the Complaint did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission.

35.     The conduct and activities of Merck with respect to the product that is the subject matter of the Complaint were fair and truthful based upon the state of the knowledge existing at the relevant time alleged in Plaintiffs' Complaint and, therefore, Plaintiffs' claims are barred in whole or in part.

36.     Merck's advertisements and labeling with respect to the product that is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and applicable State Constitutions.

784207v.1

37.     The public interest and benefit and the availability of the product that is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiffs' or Plaintiffs' decedent's claims, if it is determined there is a risk inherent in the product which is the subject matter of the Complaint, then such risk, if any, is outweighed by the benefit of the product.

38.     At all times relevant herein, any product that is the subject matter of the Complaint processed and/or distributed by Merck in the State of Maryland or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

39.     Plaintiffs' or Plaintiffs' decedent's claims are barred by lack of privity with Merck.

40.     To the extent that there were any risks associated with the use of the product that is the subject matter of the Complaint of which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

41.     One or more counts of Plaintiffs' Complaint fail to state a claim for which attorneys' fees may be awarded.

42.     Plaintiffs' or Plaintiffs' decedent's claims are barred in whole or in part by the First Amendment of the United States Constitution and the applicable State Constitution.

43.     Merck asserts the defenses of lack of personal jurisdiction, lack of venue, insufficiency of process and insufficiency of service of process.

-22-

784207v.1

44.     Merck denies that the Plaintiffs or Plaintiffs' decedent reasonably or justifiably relied to their detriment on any alleged misrepresentation or other conduct by Merck

45.     The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on said defendants' exercise of the right to a judicial resolution of this dispute.

46.     Plaintiffs' or Plaintiffs' decedent's claims are barred by the doctrine of spoliation of evidence.

47.     Plaintiffs' or Plaintiffs' decedent's claims are barred by consent and/or acquiescence.

47.     In the event Plaintiffs or Plaintiffs' decedent have suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and Plaintiffs' or Plaintiffs' decedent's alleged damages, injuries, and/or losses.

48.     Merck hereby specifically incorporates by reference any and all standards or limitations regarding the determination or enforceability of punitive damage awards established by *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), and *State Farm Mutual Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

49.     Plaintiffs or Plaintiffs' decedent cannot recover for the claims asserted because they have failed to comply with all conditions precedent necessary to bring this action.

50.     Plaintiffs' claim for strict liability is barred because such claims are not cognizable against Merck.

51.     Plaintiffs' or Plaintiffs' decedent's negligence per se claim is barred because 1) Plaintiffs or Plaintiffs' decedent are not within the class of persons any "applicable statutes and regulations" referenced in the Complaint were enacted to protect; 2) the injuries complained of by Plaintiff or Plaintiff's decedents are not of the type contemplated by any "applicable statutes and regulations" referenced in the Complaint; 3) Merck did not violate any "applicable statutes and regulations" referenced in the Complaint; and 4) no act or omission on Merck's part caused a violation of any "applicable statutes and regulations" referenced in the Complaint.

52.     Merck has at all times acted in good faith, with due care, and without malice or intent to injure the Plaintiffs or Plaintiffs' decedent.  Merck denies that it has engaged in any negligent, wanton, intentional, or fraudulent conduct that caused or contributed to the injuries allegedly sustained by the Plaintiffs or Plaintiffs' decedent.

63.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defenses.

**RESPONSE TO "REQUEST FOR JURY TRIAL"**

Merck joins in the demand for a trial by jury.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Merck & Co., Inc. respectfully requests that the Complaint be dismissed and that Merck recover all costs herein

784207v.1

expended on its behalf, including costs, attorneys' fees, and such other relief as this Court may

deem just and proper.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200 (phone)
504-581-3361 (facsimile)
pwittmann@stonepigman.com

Defendants' Liaison Counsel


Paul F. Strain (Federal Bar No. 01255)
Stephen E. Marshall (Federal Bar No. 08896)
Venable LLP
Suite 1800
Two Hopkins Plaza
Baltimore, Maryland  21201-2978
410-244-7400 (phone)
410-244-7742 (facsimile)
pfstrain@venable.com
semarshall@venable.com

Counsel for Merck & Co., Inc.

784207v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on this _16th_ day of August, 2005.

784207v.1