AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court
## EASTERN DISTRICT OF LOUISIANA

CLAIBORNE WHITE, ET AL

V.

MERCK AND CO., INC.

SUMMONS IN A CIVIL CASE

c/w 05-md-1657

Case Number: 05-1656 "L" 3

TO: (Name and address of defendant)

Merck and Co., Inc.
C/o CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA   70809

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert E. Kleinpeter
619 Jefferson Highway, Suite 2H
Baton Rouge, LA   70806

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Loretta G. Whyte**    **May 6, 2005**
Clerk                     Date

B. Gregory
(By) Deputy Clerk

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No ___

AO 440 (Rev. 10/93) Summons in a Civil Action

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me [1] | DATE<br>AUGUST 15, 2005 |
| NAME OF SERVER (PRINT)<br>LAUREN ACREE | TITLE<br>COURIER |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): REGISTERED AGENT FOR SERVICE – C.T. CORPORATION

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 8 MILES | SERVICE OF COMPLAINT | $9.84 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _Lauren Acree 8/15/05_  _Lauren Acree_
           Date                      Signature of Server

KLEINPETER & SCHWARTZBERG, LLC
619 JEFFERSON HIGHWAY, SUITE 2H
BATON ROUGE, LA 70806
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

## EASTERN DISTRICT OF LOUISIANA

CLAIBORNE WHITE, ET AL

**SUMMONS IN A CIVIL CASE**

V.

Case Number: 05-1656 "L" 3

MERCK AND CO., INC.

TO: (Name and address of defendant)

Merck and Co., Inc.
C/o CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA  70809

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert E. Kleinpeter
619 Jefferson Highway, Suite 2H
Baton Rouge, LA  70806

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Loretta G. Whyte
Clerk

*B. Gregory* (signature)
(By) Deputy Clerk

May 6, 2005
Date

RECEIVED
U.S. DISTRICT COURT
EAST DISTRICT OF LA

2005 MAY -4  AM 10: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLAIBORNE WHITE AND RAYMOND BENNIE, INDIVIDUALLY AND ON BEHALF OF ALL PERSONS SIMILARLY SITUATED | * * * * * * | CIVIL ACTION NO. <br> NO. 05-1656 |
| VERSUS | * * * * | MAGISTRATE <br> SECT. L MAG. 3 |
| MERCK AND CO., INC. | * * * * | JURY TRIAL REQUESTED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS ACTION COMPLAINT

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF:

The class action complaint of Plaintiffs Claiborne White and Raymond Bennie, individually and on behalf of all persons similarly situated, with respect represents that:

1.

Plaintiffs all are persons of the full age of majority, and are residents of and domiciled in the State of Louisiana.

2.

Defendant Merck and Co., Inc. ["Merck"] is a New Jersey corporation which maintains its

principal place of business in New Jersey as well. Defendant describes itself as a global, research-driven pharmaceutical products company.

3.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, inasmuch as complete diversity of citizenship exists between the parties and each plaintiff claims an amount in controversy exceeding seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4.

The Court has supplemental jurisdiction over any residual state law claims, pursuant to 28 U.S.C. § 1367.

5.

The Defendant is subject to personal jurisdiction because, at all relevant times, it conducted substantial business in the State of Louisiana by placing products that it developed and manufactured into a stream of commerce that included marketing, promoting, and distribution in the State of Louisiana.

6.

Venue for this action is proper pursuant to 28 U.S.C. 1391(a)(2), inasmuch Plaintiffs obtained, purchased, and ingested Defendant's product in the Eastern District of Louisiana, rendering this forum the judicial district in which occurred a substantial part of the events or omissions giving rise to Plaintiffs' claim. Alternatively, venue is proper pursuant to 28 U.S.C. 1391(a)(3), inasmuch as the Defendant is subject to personal jurisdiction in the Eastern District of Louisiana.

7.

At all pertinent times herein, Merck was in the business of manufacturing, marketing, developing, testing, labeling, promoting and distributing refocoxib, or "Vioxx," as a prescription drug.

8.

Vioxx belongs to a class of drugs designated as non-steroidal anti-inflammatory drugs ["NSAID's"]. Vioxx was designed, formulated, patented, marketed, sold, and prescribed for the treatment of osteoarthritis, rheumatoid arthritis, pain management, and dysmenorrhea.

9.

On or about May 21, 1999, Defendant began an aggressive campaign to market and distribute Vioxx to the American public, carrying out these activities in the Eastern District of Louisiana and elsewhere. At all times pertinent, Defendant claimed that, for purposes of treating arthritis, pain management and dysmenorrhea, Vioxx produces results superior to traditional NSAIDs such as aspirin and Naproxen.

10.

As early as November 2000, Defendant became aware through testing which it sponsored, that Vioxx produces an increase in the risk of cardiovascular events, including, but not limited to, myocardial infarction, stroke, blood clotting, elevated blood pressure, accelerated atherogenesis, sudden cardiac death, hypertension, and congestive heart failure. Research experts assessed the risk of myocardial infarction as four to five times that of patients using the comparative NSAID, Naproxen.

11.

On or about November 2000, following publication of the aforementioned study results in a peer-reviewed journal, Defendant instigated a promotional campaign which explained the study results as consistent with Naproxen's cardioprotective properties, a theory wholly unsupported by scientific evidence. These blatant misrepresentations prompted the Food and Drug Administration ["FDA"] to issue a rare warning letter to the Defendant, which the Defendant thereafter ignored.

12.

Notwithstanding these developments, Defendant continued to expressly and publicly warrant, through both marketing and through product-related communications that reached Plaintiffs herein who were the patients of prescribing physicians, that Vioxx was safe and effective. At no time did Defendant furnish an effective or adequate warning to prescribing physicians or consumers concerning the true and actual cardiovascular-related risks associated with Vioxx.

13.

On September 30, 2004, Defendant voluntarily withdrew Vioxx from the market after further research data concluded that Vioxx produced cardiovascular risks at twice the rate of individuals who had taken a placebo.

14.

By the time of this action, however, Defendant already had profited substantially from its Vioxx sales over the period of time during which it was, or should have been, aware of the dangers associated with this drug product.

15.

Prior to the withdrawal of Vioxx from the market, Plaintiffs Claiborne White and Raymond Bennie, each had ingested the drug on the recommendation of a physician.

16.

At all times pertinent herein, Defendant has been a "manufacturer" under the Louisiana Product Liability Act, LSA-R.S. 9:2800.51, *et seq.*

17

As a manufacturer under this Act, Defendant is liable on the following grounds:

A. Defendant's design and/or composition of the prescription drug Vioxx renders the product unreasonably dangerous in normal use;

B. Defendant failed to adequately warn physicians and consumers that the use of Vioxx is associated with significant health risks, which failure renders the product unreasonably dangerous in normal use; and

C. Defendant breached an express warranty that Vioxx is both safe and effective, and misrepresented the drug's cardiovascular effects, rendering Vioxx unreasonably dangerous in normal use.

18.

As a direct and proximate result of the Defendant's liability as a manufacturer, the manufacturing, distribution, testing, labeling, marketing, and selling of the prescription drug Vioxx, and the ingestion of Vioxx, Plaintiffs have suffered considerable damages, which specifically include the following:

A. Cardiovascular injuries, including, but not limited to, myocardial infarction and

stroke;

B. Past and future physical pain, suffering, and disability;

C. Past and future emotional distress, including, but not limited to, the justifiable fear of future disease;

D. The increased risk of contracting additional disease;

E. The need for medical monitoring;

F. Past and future medical expenses;

G. Loss of the enjoyment of life's pleasures;

H. Loss of earnings, loss of future earnings, and/or the loss of earning capacity;

I. All damages recoverable by her surviving heirs, following the death of Emma Par Foret; and

J. All such other damages as are proven and found reasonable in the premises.

19.

Plaintiffs named herein bring this action both individually and on behalf of all other citizens of Louisiana who are similarly situated, and, specifically, on behalf of that class of persons defined as those citizens of the State of Louisiana who at any time have suffered – or who probably will suffer – personal injury, damage, or loss as a result of ingesting the drug Vioxx.

2.

For the following reasons, this action is appropriate for disposition as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

A. The large number of potential claimants herein can and will be adjudicated through

      the class action procedure more efficiently, compared to a mass joinder of individual claims;

B.     Common issues of law and fact pertaining to the determination of fault and to liability for damages predominate over individual issues such as quantum;

C.     The claims of, and issues pertaining to, Plaintiffs are typical of all persons similarly situated in the class as defined above;

D.     The determination of fault and the basis for assessing damages may be adjudicated through the class action procedure without the necessity of contemporaneous trials as to amount due individual claimants, allowing the class action procedure to be utilized to establish guidelines for either settlement or for subsequent individual trials on damage issues, if necessary;

E.     Plaintiffs are suitable, and would be adequate, representatives of the class;

F.     Plaintiffs herein are represented by attorneys who are experienced in class action procedure and who can be expected to prosecute this matter for the best interests of the class members;

G.     The class action procedure is a superior vehicle to dispose of the issues and claims presented herein in an efficient manner.

21.

Plaintiffs are entitled to, and request, a trial by jury.

WHEREFORE, Plaintiffs pray that Defendant be served with a copy of this class action

complaint, and that, after due proceedings,

    A.    this action be certified as a class action, as alleged and defined above, for the purposes of determining the common issues of liability and general causation;

    B.    upon certification of the class action, this Court call for the formulation of a suitable management plan;

    C.    the right of Plaintiffs and members of the class to establish entitlement to compensatory damages be reserved for determination in their individual actions, where appropriate;

    D.    a medical monitoring class be certified, and the Court award appropriate damages sufficient to establish a medical monitoring program as deemed effective by Plaintiffs' medical experts; and

    E.    there be judgment herein in favor of Plaintiffs' class and against Defendant, for all damages which are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, including attorneys' fees, and for all general and equitable relief.

    F.

Respectfully submitted,

KLEINPETER & SCHWARTZBERG, L.L.C.
619 Jefferson Highway, Suite 2H
Baton Rouge, Louisiana 70806
Telephone (225) 926-4130


BY: _____
    ROBERT E. KLEINPETER, T.A
    Bar Roll Number 07448

**PLEASE SERVE**:
MERCK AND COMPANY, INC.
c/o CT CORPORATION SYSTEM
8550 United Plaza Blvd.
Baton Rouge, LA 70809