FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 19 P 2: 34

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL No. 1657 |
| Products Liability Litigation | * | |
| | * | SECTION: L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENTS RELATES TO:** *Arnold Kidd v. Merck & Co., Inc., Beverly Gonzales, Nina Newkirk, Julie Cropper, Carol Campbell, Rick Bennett, Amy Woods, and Harold Mathis,* **No. 05-3903, previously filed as Civil Action No. 1:05-CV-408 in the Eastern District of Texas, Beaumont Division.**

-------------------------------------------------------------------------------------

### DEFENDANT AMY WOODS BRUCKBAUER'S ANSWER
### AND DEFENSES TO PLAINTIFF'S COMPLAINT

-------------------------------------------------------------------------------------

Defendant Amy Woods Bruckbauer ("Bruckbauer") (sued incorrectly herein as "Amy Woods") answers Plaintiff's Original Petition and Request for Disclosure ("Petition") as follows:

### A.    RESPONSE TO "I.  Parties"

1.    Bruckbauer denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the first un-numbered paragraph of this section of the Petition.

1

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No._____   785482v.1

2.    Bruckbauer denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the second un-numbered paragraph of this section of the Petition.

3.    Bruckbauer denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the third un-numbered paragraph of this section of the Petition.

4.    Bruckbauer denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the fourth un-numbered paragraph of this section of the Petition.

5.    Bruckbauer admits the allegations contained in the fifth un-numbered paragraph of this section of the Petition.

6.    Bruckbauer denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the sixth un-numbered paragraph of this section of the Petition.

7.    Bruckbauer denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the seventh un-numbered paragraph of this section of the Petition.

8.    Bruckbauer denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the eighth un-numbered paragraph of this section of the Petition.

9.    Bruckbauer admits the allegations contained in the ninth un-numbered paragraph of this section of the Petition.

2

## B.    RESPONSE TO "II. Venue and Jurisdiction"

10.    With respect to the allegations contained in this section of the Petition, Bruckbauer repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

11.    The allegations contained in the first un-numbered paragraph of this section of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph.

12.    The allegations contained in the second un-numbered paragraph of this section of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph.

## C.    RESPONSE TO "III. Capacity"

13.    With respect to the allegations contained in this section of the Petition, Bruckbauer repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

14.    Bruckbauer denies each and every allegation contained in the first un-numbered paragraph of this section of the Petition, including subparts (a) through (g).

## D.    RESPONSE TO "IV. Common Factual Allegations"

15.    With respect to the allegations contained in this section of the Petition, Bruckbauer repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

16.    Bruckbauer denies each and every allegation contained in the first un-numbered paragraph of this section of the Petition.

3

17.     Bruckbauer denies each and every allegation contained in the second un-numbered paragraph of this section of the Petition, except admits that Merck sought, and in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Bruckbauer further admits that VIOXX® is the brand name for rofecoxib.

18.     Bruckbauer denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the third un-numbered paragraph of this section of the Petition.

19.     Bruckbauer denies each and every allegation contained in the fourth un-numbered paragraph of this section of the Petition, except admits that Merck sought, and in May 1999, received FDA approval to manufacture, market, and distribute the prescription medicine VIOXX®.

20.     Bruckbauer denies each and every allegation contained in the fifth un-numbered paragraph of this section of the Petition, and respectfully refers the Court to the FDA-approved prescribing information for VIOXX® for its actual language and full text.

21.     Bruckbauer denies each and every allegation contained in the sixth un-numbered paragraph of this section of the Petition.

22.     Bruckbauer denies each and every allegation contained in the seventh un-numbered paragraph of this section of the Petition.

23.     Bruckbauer denies each and every allegation contained in the eighth un-numbered paragraph of this section of the Petition.

4

24.     The allegations contained in the ninth un-numbered paragraph of this section of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph.

25.     Bruckbauer denies each and every allegation contained in the tenth un-numbered paragraph of this section of the Petition, except admits that Merck manufactured the prescription medicine VIOXX® until it voluntarily withdrew VIOXX® from the market on September 30, 2004.

26.     Bruckbauer denies each and every allegation contained in the eleventh un-numbered paragraph of this section of the Petition.

27.     Bruckbauer denies each and every allegation contained in the twelfth un-numbered paragraph of this section of the Petition.

28.     Bruckbauer denies each and every allegation contained in the thirteenth un-numbered paragraph of this section of the Petition, except admits that Merck marketed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

29.     Bruckbauer denies each and every allegation contained in the fourteenth un-numbered paragraph of this section of the Petition.

30.     Bruckbauer denies each and every allegation contained in the fifteenth un-numbered paragraph of this section of the Petition.

### E.     RESPONSE TO "V.  Count One – Negligence"

31.     With respect to the allegations contained in this section of the Petition, Bruckbauer repeats and re-alleges each and every admission, denial, averment, and statement

5

contained in this Answer with the same force and effect as though set forth here in full. Furthermore, the allegations contained in this section of the Petition are directed at Merck, not Bruckbauer, and thus no responsive pleading should be required from Bruckbauer. Should a response be deemed required, Bruckbauer responds to this section as follows:

32.     Bruckbauer admits that in the first un-numbered paragraph of this section of the Petition Plaintiff purports to restate each and every preceding allegation of his petition and incorporate each by reference as though set forth in full.

33.     Bruckbauer denies each and every allegation contained in the second un-numbered paragraph of this section of the Petition, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

34.     The allegations contained in the third un-numbered paragraph of this section of the Petition are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

35.     Bruckbauer denies each and every allegation contained in the fourth un-numbered paragraph of this section of the Petition, including subparts (a) through (i).

36.     Bruckbauer denies each and every allegation contained in the fifth paragraph of this section of the Petition.

37.     Bruckbauer denies each and every allegation contained in the first sentence of the sixth un-numbered paragraph of this section of the Petition. The allegations contained in the

6

second, third, and fourth sentences of said paragraph are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Bruckbauer denies each and every allegation contained in said sentences.

### F.    RESPONSE TO "VI.  Count Two – Strict Liability"

38.    With respect to the allegations contained in this section of the Petition, Bruckbauer repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Furthermore, the allegations contained in this section of the Petition are directed at Merck, not Bruckbauer, and thus no responsive pleading should be required from Bruckbauer.  Should a response be deemed required, Bruckbauer responds to this section as follows:

39.    Bruckbauer denies each and every allegation contained in the first un-numbered paragraph of this section of the Petition, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

40.    Bruckbauer denies each and every allegation contained in the second un-numbered paragraph of this section of the Petition, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

41.    Bruckbauer denies each and every allegation contained in the first two sentences of the third un-numbered paragraph of this section of the Petition.  Bruckbauer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of said paragraph.

7

42.     Bruckbauer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of the fourth un-numbered paragraph of this section of the Petition, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.  Bruckbauer denies each and every allegation contained in the second sentence of said paragraph, and respectfully refers the Court to the FDA-approved prescribing information for VIOXX® for its actual language and full text.

43.     Bruckbauer denies each and every allegation contained in the fifth un-numbered paragraph of this section of the Petition.

44.     Bruckbauer denies each and every allegation contained in the sixth un-numbered paragraph of this section of the Petition.

45.     The allegations contained in the seventh un-numbered paragraph of this section of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph.

46.     Bruckbauer denies each and every allegation contained in the eighth un-numbered paragraph of this section of the Petition.

47.     The allegations contained in the ninth un-numbered paragraph of this section of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph.

48.     The allegations contained in the tenth un-numbered paragraph of this section of the Petition are legal conclusions as to which no responsive pleading is required.  Should a

785482v.1

response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph.

49.     The allegations contained in the eleventh un-numbered paragraph of this section of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph.

**G.  RESPONSE TO "VII. Count Three –Misrepresentation and Suppression of Defendant"**

50.     With respect to the allegations contained in this section of the Petition, Bruckbauer repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Furthermore, the allegations contained in this section of the Petition are directed at Merck, not Bruckbauer, and thus no responsive pleading should be required from Bruckbauer.  Should a response be deemed required, Bruckbauer responds to this section as follows:

51.     Bruckbauer admits that in the first un-numbered paragraph of this section of the Petition Plaintiff purports to re-allege and incorporate the foregoing allegations of his Petition.

52.     Bruckbauer denies each and every allegation contained in the second un-numbered paragraph of this section of the Petition.

53.     Bruckbauer denies each and every allegation contained in the third un-numbered paragraph of this section of the Petition, including subparts (a) through (e).

54.     Bruckbauer denies each and every allegation contained in the fourth un-numbered paragraph of this section of the Petition.

55.     Bruckbauer denies each and every allegation contained in the fifth un-numbered paragraph of this section of the Petition.

785482v.1

56.     Bruckbauer denies each and every allegation contained in the sixth un-numbered paragraph of this section of the Petition.

57.     Bruckbauer denies each and every allegation contained in the seventh un-numbered paragraph of this section of the Petition.

58.     The allegations contained in the eighth un-numbered paragraph of this section of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph.

59.     Bruckbauer denies each and every allegation contained in the ninth un-numbered paragraph of this section of the Petition.

60.     Bruckbauer denies each and every allegation contained in the tenth un-numbered paragraph of this section of the Petition.

61.     Bruckbauer denies each and every allegation contained in the eleventh un-numbered paragraph of this section of the Petition.

H.      **RESPONSE TO "Count Four – Breach of Warranty of Merck & Co, Inc."**

62.     With respect to the allegations contained in this section of the Petition, Bruckbauer repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Furthermore, the allegations contained in this section of the Petition are directed at Merck, not Bruckbauer, and thus no responsive pleading should be required from Bruckbauer.  Should a response be deemed required, Bruckbauer responds to this section as follows:

10

63.     Bruckbauer admits that in the first un-numbered paragraph of this section of the Petition Plaintiff purports to restate each and every preceding allegation of his petition and incorporate each by reference as though set forth in full.

64.     The allegations contained in the second un-numbered paragraph of this section of the Petition are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph.

65.     Bruckbauer denies each and every allegation contained in the third paragraph of this section of the Petition.

66.     Bruckbauer denies each and every allegation contained in the fourth paragraph of this section of the Petition.

67.     Bruckbauer denies each and every allegation contained in the fifth paragraph of this section of the Petition.

     **I.**     **RESPONSE TO "Count Five – Actual and Constructive Fraud"**

68.     With respect to the allegations contained in this section of the Petition, Bruckbauer repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Furthermore, the allegations contained in this section of the Petition are directed at Merck, not Bruckbauer, and thus no responsive pleading should be required from Bruckbauer.   Should a response be deemed required, Bruckbauer responds to this section as follows:

69.     Bruckbauer denies each and every allegation contained in the first un-numbered paragraph of this section of the Petition.

11

70.     Bruckbauer denies each and every allegation contained in the second un-numbered paragraph of this section of the Petition.

71.     Bruckbauer denies each and every allegation contained in the third un-numbered paragraph of this section of the Petition.

### J.     RESPONSE TO "Count Six – Defendant(s) Sales Representatives"

72.     With respect to the allegations contained in this section of the Petition, Bruckbauer repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

73.     Bruckbauer denies each and every allegation contained in the first un-numbered paragraph of the Petition, except admits that Bruckbauer was an employee of Merck.

74.     Bruckbauer denies each and every allegation contained in the second un-numbered paragraph of this section of the Petition.

75.     Bruckbauer denies each and every allegation contained in the third un-numbered paragraph of this section of the Petition.

### K.     RESPONSE TO "Request for Disclosure"

76.     The first un-numbered paragraph of this section of the Petition is not an allegation, and therefore no responsive pleading is required.  Bruckbauer further avers that she will comply with the rules of discovery outlined in the Federal Rules of Civil Procedure.

77.     The second un-numbered paragraph in this section of the Petition is not an allegation, and therefore no responsive pleading is required.  Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph.

785482v.1

## L.    RESPONSE TO "Prayer for Relief"

78.    The first un-numbered paragraph in this section of the Petition is not an allegation, and therefore no responsive pleading is required.  Should a response be deemed required, Bruckbauer denies each and every allegation contained in said paragraph, including subparts (A) through (H), except admits that Plaintiff purports to seek a variety of damages, but denies that there is any factual or legal basis for such relief.

79.    Bruckbauer denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in the second and final un-numbered paragraph in this section of the Petition.

## M.    AFFIRMATIVE DEFENSES

1.    The Petition fails to state a claim upon which relief can be granted.

2.    Defendant would show that any product for which Defendant was responsible at the time of the occurrences or injuries alleged by Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  Defendant would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

3.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the product at issue in this case within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

4.    Defendant asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiff's claims in this lawsuit.

785482v:1

5.      Defendant further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Defendant's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

6.      Bruckbauer denies that Plaintiff used the product at issue in this case as alleged in Plaintiff's Petition.

7.      Any and all damages alleged by Plaintiff may have been caused by misuse of the product at issue, failure to use the product properly, and/or alteration or negligent use of the product.

8.      If Plaintiff has sustained injuries or losses as alleged in the Petition, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

9.      Defendant would show that the occurrences and injuries alleged by Plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of third parties over whom Defendant had no control and for whom Defendant is not responsible.

10.     Plaintiff's claims may be barred by negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiff and/or the treating physicians and/or other health care providers.

11.     If Plaintiff sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiff and/or of third parties, not from any negligence or breach of duty by Defendant.  If judgment is rendered in Plaintiff's favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

14

12.     Defendant is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Defendant is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Defendant makes known to the other parties and to the court that Defendant will avail herself of their rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

13.     Defendant would show that the occurrences and injuries alleged by Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiff.  Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Defendant and the occurrences and injuries alleged by Plaintiff, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Defendant of liability to Plaintiff or any other parties.

14.     If Plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

15.     If Plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Defendant.

15

785482v.1

16.     Defendant further states that Plaintiff's injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiff unrelated to any products manufactured by Merck.

17.     The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs.  The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber.  The labeling for the product at issue was also approved by the FDA and the marketing was conducted in conformity with the FDA's rules and regulations.  Such actions and federal statutes and regulations bar and preempt all of Plaintiff's claims under state law.

18.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

19.     Plaintiff cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

20.     Defendant states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

21.     Defendant fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiff's claims are barred under those sections.

22.     Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations.

785482v.1

23.     Plaintiff's claims are barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

24.     Plaintiff's claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

25.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

26.     To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

27.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

28.     Plaintiff's conspiracy claim is barred because Defendant did not enter into any agreement with any other third party to further any alleged unlawful act by allegedly unlawful means.

29.     Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Defendant asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

30.     Any claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Defendant's rights under Amendments IV, V, VI and XIV of the

785482v.1

United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

31.     Unless Defendant's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

32.     Any claims for punitive damages against Defendant cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

33.     Any claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

34.     Any claims for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive

785482v.1

damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

35.     Any claims for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

36.     Defendant asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

37.     Plaintiff is not entitled to recover exemplary or punitive damages because, to the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

38.     Plaintiff is not entitled to punitive or exemplary damages because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

785482v.1

39.     Defendant hereby gives notice that she intends to rely upon such other defenses as

may become available or appear during discovery proceeding in this case or that are included in

the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the

Eastern District of Louisiana.  Defendant hereby reserves the right to amend and/or supplement

this answer to assert any such defense at a future time and in conformity with the Federal Rules

of Civil Procedure.

### N.      JURY DEMAND

40.     Defendant hereby demands a trial by jury on all of Plaintiff's claims.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:  504-581-3361

MERCK & CO., INC.'S LIAISON COUNSEL

Richard L. Josephson
Texas Bar No. 11031500
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Phone:  713-229-1234
Fax:  713-229-1522

COUNSEL FOR AMY BRUCKBAUER AND
MERCK & CO., INC.

20

785482v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing answer to plaintiff's complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this ___ day of August, 2005.

_____

21

785482v.1