FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 22  PM 5: 05

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YVONNE BELL, AS A REPRESENTATIVE | * | CIVIL ACTION |
| OF HER DECEASED MOTHER, | * | |
| ELEANOR ALCORN, AND ESTHER LINGONI | * | NO. 2:05-cv-02110 |
| | * | |
| Complainants | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| versus | * | |
| | * | MAG. DIV. |
| MERCK & COMPANY, INC. AND | * | MAGISTRATE |
| WALGREENS LOUISIANA, INC., | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL
## AND AMENDING PETITION FOR DAMAGES AND INCORPORATED
## MEMORANDUM IN SUPPORT THEREOF

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Yvonne

Bell, as a representative of her deceased mother, Eleanor Alcorn, and Esther Lingoni,

individually and on behalf of those similarly situated, to move this Honorable Court for

leave to file the attached Supplemental and Amending Petition for Damages, solely for

the purposes of clarifying the Original Petition to provide a single direct allegation that

1

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No._____

defendant Walgreens sold Vioxx to one or more of the named plaintiffs. The Supplemental and Amending Petition does not alter the previously filed allegations but is filed solely for purposes of clarification. Defendants object to the filing of the Supplemental and Amending Petition.

Respectfully submitted,

Gary J. Gambel (#19864)
MURPHY, ROGERS, SLOSS & GAMBEL
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone:    (504) 523-0400
Facsimile:    (504) 523-5574

*- and-*

R. Glenn Cater (Bar #4048)
CATER & WILLIS (APLC)
3723 Canal Street
Telephone:    (504) 488-6300
Facsimile:    (504) 488-6302

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this _____ day of August 2005, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YVONNE BELL, AS A REPRESENTATIVE* OF HER DECEASED MOTHER, ELEANOR ALCORN, AND ESTHER LINGONI | CIVIL ACTION<br>*<br>*   NO. 2:05-cv-02110 |
| Complainants | *<br>*   SECTION: L<br>* |
| | *   JUDGE FALLON |
| versus | * |
| | *   MAG. DIV. |
| MERCK & COMPANY, INC. AND WALGREENS LOUISIANA, INC., | *   MAGISTRATE<br>* |
| Defendants | *<br>*<br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CERTIFICATE

NOW INTO COURT, through undersigned counsel, come plaintiffs, Yvonne Bell, as a representative of her deceased mother, Eleanor Alcorn, and Esther Lingoni, individually and on behalf of those similarly situated, in compliance with the Uniform Local Rules to certify to the Court that counsel for plaintiffs has contacted counsel for

1

defendants, and that counsel for defendants objects to the filing of the Supplemental and Amending Petition.

Respectfully submitted,

Gary J. Gambel (#19864)
MURPHY, ROGERS, SLOSS & GAMBEL
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone:    (504) 523-0400
Facsimile:    (504) 523-5574

*and*

R. Glenn Cater (Bar #4048)
CATER & WILLIS (APLC)
3723 Canal Street
Telephone:    (504) 488-6300
Facsimile:    (504) 488-6302

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this ___ day of August 2005, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

2

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YVONNE BELL, AS A REPRESENTATIVE | * | CIVIL ACTION |
| OF HER DECEASED MOTHER, | * | |
| ELEANOR ALCORN, AND ESTHER LINGONI | * | NO. 2:05-cv-02110 |
| | * | |
| **Complainants** | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| versus | * | |
| | * | MAG. DIV. |
| MERCK & COMPANY, INC. AND | * | MAGISTRATE |
| WALGREENS LOUISIANA, INC., | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## FIRST SUPPLEMENTAL AND AMENDING PETITION FOR REDHIBITION

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, YVONNE BELL,

as a representative of her deceased mother, ELEANOR ALCORN, and ESTHER LINGONI,

individually and on behalf of those similarly situated, to amend their original "Petition for

Redhibition" by adding the following additional paragraph:

### XXV.

Defendant, Walgreens of Louisiana, Inc. sold the drug Vioxx to one or more of the named

Page 1



plaintiffs and therefore is the "seller" for purposes of this action in redhibition.

## XXVI.

References to "defendants" in the Original Petition refer both to Merck and Walgreens.

**WHEREFORE**, the plaintiffs, YVONNE BELL, as a representative of her deceased

mother, ELEANOR ALCORN, and ESTHER LINGONI, individually and on behalf of those

similarly situated, pray:

1.    That this First Supplemental and Amending Petition be served,

2.    That the defendants be cited and served with a copy of this First Supplemental and

Amending Petition;

3.    For all relief previously prayed for and for such other relief as might be available

under the law and nature of the case.

Respectfully submitted,

Gary J. Gambel (#19864)
MURPHY, ROGERS, SLOSS & GAMBEL
701 Poydras Street, Suite 400
New Orleans, LA   70139
Telephone: (504) 523-0400
Telefax: (504) 523-5574

-    and –

CATER & WILLIS (APLC)
R. Glenn Cater (#4048)
3723 Canal Street
New Orleans, Louisiana 70119
Telephone:    (504) 488-6300
Facsimile:    (504) 488-6302

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 8th day of August 2005 forwarded a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 103 732          DIVISION:          SECTION B

YVONNE BELL, as a representative of her deceased mother, ELEANOR ALCORN, and ESTHER LINGONI

VERSUS

MERCK & COMPANY, INC. AND WALGREENS LOUISIANA, INC.

FILED: _February 17, 2005_                    _Leon R. Jones_
@. 6:10 p.m.                                   ~~DEPUTY~~ CLERK

## PETITION FOR REDHIBITION

**NOW INTO COURT**, through undersigned counsel, comes YVONNE BELL, as a representative of her deceased mother, ELEANOR ALCORN, and ESTHER LINGONI persons of the full age of majority and residents of the State of Louisiana, who, with respect represent as follows:

### I.

The plaintiffs bring this action on behalf of themselves and all others similarly situated in the respects below:

### II.

The following parties are made defendants:

a.     Merck & Company, Inc. ("Merck") a foreign corporation having its principal place of business in Whitehouse Station, New Jersey;

b.     Walgreens Louisiana Co., a Louisiana corporation doing business in this judicial district, individually and as a representative of all others similarly situated.

### III.

Plaintiffs requests class certification of this case pursuant to LSA-CCP article 591, et. seq., said class being defined as:

**Plaintiff Class:**

All persons , natural or juridical, who bought Vioxx in Louisiana.

**Defendant Class:**

All persons, natural or juridical, who sold Vioxx to any member of the Plaintiff Class.

### IV.

Page -1-

Defendant Merck is the manufacturer of rofecoxib, or Vioxx, a drug manufactured and marketed for use in treating arthritis and dysmenorrhea, and for acute pain.

**V.**

Risks, side-effects, and adverse consequences associated with the Vioxx drug, specifically: increased risk of stroke and cardiovascular problems, etc, render the drug useless and/or diminish its usefulness, and constitute a defect or vice such that the Plaintiff Class would not have bought the drug had the defective nature or vice of the drug been known.

**VI.**

Defendant Merck recalled Vioxx on September 30, 2004, because of the extreme risk it presented– the precise characteristics of the drug which entitle the Plaintiff Class to the relief sought in this litigation.

**VII.**

Clinical studies performed by Merck regarding Vioxx reflected greatly increased risks of cardiovascular problems and strokes for individuals taking Vioxx. Upon information and belief, defendants were aware of these risks when plaintiffs and the Plaintiff Class members purchased the drug.

**VIII.**

Defendants had, should have had, and/or are presumed to have had actual knowledge of the vice or defect of the drug.

**IX.**

Vioxx was not reasonably fit for its ordinary use.

**X.**

It is alleged that there are thousands of persons who bought Vioxx in the State of Louisiana. Therefore, the Plaintiff Class is so numerous that joinder of all members of the putative Plaintiff Class is impractical.

**XI.**

There are questions of law and fact common to the putative Plaintiff Class. The predominant fact common to the putative Plaintiff Class is that all Plaintiff Class members are entitled to maintain an action for redhibition.

## XII.

It is alleged that thousands of pharmacies, pharmacists, and similarly situated persons or entities sold Vioxx to the Plaintiff Class members such that joinder of all members of the Defendant Class is impractical.

## XIII.

There are questions of law and fact common to the putative Defendant Class. Predominantly, all members sold Vioxx to members of the Plaintiff Class, and all were acting as retailers for the manufacturer of the drug. The knowledge of the Defendant Class members and the respective liability of the manufacturer and the Defendant Class members are common issues.

## XIV.

Plaintiffs and the putative Plaintiff Class seek relief as follows:

(a)   Rescission of the sale of Vioxx

(b)   Return of the purchase price of all Vioxx purchased;

(c)   Expenses incidental to the sale;

(d)   Attorney's fees;

(e)   Interest;

(f)   Other relief available under the law and facts of this case.

## XV.

The Plaintiff Class specifically excludes from the relief sought in this action any damages related to any personal injuries suffered because of the consumption of Vioxx.

## XVI.

The claims or defenses of the representative plaintiffs and defendants are typical of the claims or defenses of the putative members of the Plaintiff Class and Defendant Class. The claims of the plaintiffs are claims for damages pursuant to the LA Civil Code Articles pertaining to redhibition, and are typical of the claims of each of the other putative Plaintiff Class members. The defense of the representative defendants are anticipated to relate to a lack of knowledge and an assertion of liability on the part of the manufacturer of the drug.

## XVII.

The representative plaintiffs and representative defendants are competent to litigate this action on behalf of the putative classes, and will fairly and adequately protect the interests of the

putative classes.

## XVIII.

The classes may be defined objectively in terms of ascertainable criteria such that the court may determine the constituency of the classes for purposes of conclusiveness of any judgment that may be rendered in the case.

## XIX.

The prosecution of separate actions by or against individual members of the putative plaintiffs and defendant classes would create a risk of:

(a)     Inconsistent or varying adjudications with respect to individual members of the classes which would establish incompatible standards of conduct for opposing parties;

(b)     Adjudications with respect to individual members of the putative classes that would, as a practical matter, be dispositive of the interests of the other members not party to the adjudications or which would substantially impair or impede their ability to protect their interests.

## XX.

All defendants knew or should have known of the defects in Vioxx at the time of its sale to the plaintiffs and other Plaintiff Class members.

## XXI.

The plaintiffs alleges that the defendants, as sellers and/or manufacturers in bad faith, are liable under Louisiana redhibition law for all attorneys fees incurred by the plaintiffss in prosecuting this action.

## XXII.

The named defendants as well as the Defendant Class members are liable to the Plaintiff Class under Louisiana redhibition law as the seller of a thing that is unfit for its intended use.

## XXIII.

This action is appropriate for determination through Louisiana Class Action Procedure (La. C.C.P. article 591 et seq.) for the following reasons:

(1)     The large number of potential claimants presents a level of numerosity better handled through the class action procedure as opposed to a mass joinder of individual claims.

(2)     The common issues of law and fact pertaining to the determination of fault and the liability for damages predominate over the individual issues of quantum.

(3)     The determination of fault and the basis for assessment of damages may be made in the class action under La. C.C.P. art. 593.1(C)(1), (2), and (3) without the necessity of proof at that time as to the amount of those damages, thereby establishing the guidelines for settlement and/or subsequent trials in individual cases, if necessary.

(4)     The plaintiffs herein is a suitable representative of the class.

(5)     The class representative is represented by skilled attorneys who are experienced in the handling of mass tort/class action litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the Plaintiff Class.

(6)     The Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims presented in this Petition.

### XXIV.

WHEREFORE, the plaintiffs, individually and on behalf of all other putative Plaintiff Class members, prays for judgment against the defendants as follows:

(1)     That the defendants be duly cited and served with a copy of this Petition;

(2)     That a Plaintiff Class and a Defendant Class be certified pursuant to CCP Art. 591, et seq.;

(3)     That the court appoint the named plaintiffs and named defendant as representatives of the Plaintiffs and Defendant Classes respectively;

(4)     That undersigned counsel be appointed as counsel for the putative class;

(5)     That after due proceedings, there be judgment in favor of the plaintiffs and each Plaintiff Class member against the defendants, Merck, Walgreen Louisiana Co., and the Defendant Class, rescinding the sales of Vioxx to the Plaintiff Class and granting such further relief as prayed for herein as is authorized pursuant to Louisiana law, including return of the purchase price, expenses occasioned by the sales, judicial interest, reasonable attorney's fees, and for all other relief to which the plaintiffs and Plaintiff Class members may be entitled at law or in equity.

Respectfully submitted,

CATER & WILLIS (APLC)
R. Glenn Cater (#4048)
3723 Canal Street
New Orleans, Louisiana 70119
Telephone:     (504) 488-6300
Facsimile:      (504) 488-6302

Gary J. Gambel (#19864)
MURPHY, ROGERS & SLOSS
701 Poydras Street, Suite 400
New Orleans, LA   70139
Telephone: (504) 523-0400
Telefax: (504) 523-5574

**PLEASE HOLD SERVICE**