FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 SEP 19  AM 8: 58

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | No. MDL Docket No. 1657 |
| VIOXX PRODUCTS LITIGATION | Section L |
| This document relates to all cases. | JUDGE FALLON<br>MAG JUDGE KNOWLES |

## MERCK'S OPPOSITION TO DEFENDANT PHYSICIANS' MOTION FOR PROTECTIVE ORDER REGARDING UNILATERAL CROSS-NOTICING OF NEW JERSEY DEPOSITIONS IN THE MDL

Defendant physicians' motion asks the Court to enter a protective order that would prevent the cross-noticing into this MDL of Merck employee depositions that are being taken in the New Jersey coordinated proceeding, even though the Court has explicitly endorsed cross-noticing of such depositions. Defendant physicians' motion is at odds with this Court's discovery orders, which are designed to promote coordination between state and federal proceedings, prevent duplication of effort, and minimize inconvenience to witnesses. Moreover, the cross-noticing of the New Jersey depositions in this MDL proceeding was discussed and approved without objection at least as early as a May 23, 2005 status conference before this Court. The motion should be denied.

Defendant physicians' motion is directly contrary to the efficiency goals of this MDL proceeding, embodied in PTO-9, which specifically allows for cross-noticing of any VIOXX®-related depositions. Under PTO-9, "[a]ny deposition in this MDL may be cross-noticed by any party in any Vioxx-related action pending in state court, and *any deposition in*

786899v.1

*any Vioxx-related action pending in state court may be cross-noticed by any party in this MDL.*" (PTO-9, section II.G. ("Cross-noticing"), at 6 (emphasis added).)[1]

The cross-noticing provisions in PTO-9 are consistent with a growing trend of state-federal coordination in mass tort litigation. *See* Manual for Complex Litigation (Fourth) at 230 ("[s]tate and federal judges . . . have undertaken innovative efforts to coordinate parallel or related litigation so as to reduce the costs, delays and duplication of effort that often stem from" complex litigation that is pending in both federal and state courts). *See also In re Diet Drugs*, MDL No. 1203, Order No. 467, 1999 WL 124414, at *4-6 (E.D. Pa. 1999). As both state and federal courts have recognized, coordinating federal and state discovery benefits all parties and the Court by reducing the waste that frequently results from overlapping litigation.

This is the type of litigation that calls out for such discovery coordination because of the sheer volume of cases in both state and federal court, and because plaintiffs and co-defendants in these cases are interested in virtually the same discovery. If each plaintiff and co-defendant (or even each attorney) were to depose Merck's employees separately, it would result in a colossal waste of resources to the detriment of both the company and the plaintiffs suing it. For this reasons alone, defendant physicians' motion should be denied.

While Merck is sympathetic to the defendant physicians' concern for receiving adequate notice of depositions, it is impossible for Merck to provide the requested 30 days notice of depositions of Merck employees because Merck is not the party noticing those depositions. It is plaintiffs who are noticing the depositions of these employees, and when Merck determines

---

[1] Apart from the cross-noticing provision, PTO-9 provides for the use in this MDL of depositions of Merck employees taken in state actions even where plaintiffs received no notice of the deposition – unless they show good cause within 30 days after the transcription of the deposition. (*Id.*, section III.(iv), at 13.) In fact, plaintiffs in this MDL may not re-depose any witness deposed in a state proceeding without good cause regardless of whether they had notice of the state court deposition. (*Id.*, section II.L.1., at 9.) (Defendants have the corresponding obligation to notify plaintiffs in this MDL of all depositions taken by plaintiffs in state actions and assist them in obtaining copies of the transcripts. (*Id.*))

that a deposition should be cross-noticed in the MDL, it provides such notice to defendant physicians expeditiously.[2]

For the foregoing reasons, the physician defendants' motion for a protective order should be denied.

Respectfully submitted,

*Phil Wittmann*

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

---

[2] While the physician-defendants seek a protective order against Merck, many of the plaintiffs' attorneys noticing these depositions in the state court proceedings also serve on the PSC here. Thus, it would appear that the physician-defendants' desire for longer notice of such depositions is more properly directed at them.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck's Opposition to Defendant Physicians' Motion for Protective Order Regarding Unilateral Cross-Noticing of New Jersey Depositions in the MDL has been served on Plaintiffs' Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 16th day of September, 2005.

*/s/ Phil Wittmann*

786899v.1