FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 SEP 20   PM 3: 10

LORETTA G. WHYTE
CLERK



# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re:  VIOXX | *  MDL NO 1657 |
|       Products Liability Litigation | * |
|  | *  SECTION:  L |
|  | * |
|  | *  JUDGE ELDON E. FALLON |
|  | * |
|  | *  MAGISTRATE JUDGE |
| This document relates to : *Robert* | *  DANIEL E. KNOWLES, III |
| *Jackson, etc., v. Merck & Co., Inc.,* (05- | * |
| 3936) previously filed as A05CA446SS, | * |
| W.D. Tex. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

## MERCK'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

---

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Original Complaint ("Complaint") as follows:

### I.      RESPONSE TO "PARTIES"

1.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 1. of the Complaint.

2.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 2. of the Complaint.

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No _____

787052v.1

3.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 3. of the Complaint.

4.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 4. of the Complaint.

5.      Merck denies each and every allegation contained in paragraph 5. of the Complaint, except admits it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and is authorized to do business in Texas. Merck further admits that it may be served with process by serving its registered agent, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

II.     **RESPONSE TO "JURISDICTION/VENUE/STATUS OF PLAINTIFFS**

6.      The allegations contained in paragraph 6. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits there is diversity of citizenship between the parties and that the Plaintiffs purports to state a claim in excess of $75,000, excluding interest and costs, but denies that there is any legal or factual basis for such relief.

7.      The allegations contained in paragraph 7. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

8.      The allegations contained in paragraph 8. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

787052v.1

### III.   RESPONSE TO "FACTS"

9.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 9. of the Complaint.

10.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements made in paragraph 10. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until it voluntarily withdrew the product from the market on September 30, 2004.

### IV.   RESPONSE TO "LEGAL BASIS OF RECOVERY"

**A.   RESPONSE TO "NEGLIGENCE AND GROSS NEGLIGENCE"**

11.     Merck denies each and every allegation contained in paragraph 11. of the Complaint, including:

> a.     Merck denies each and every allegation contained in sub-paragraph 11a. of the Complaint, including each and every allegation contained in subparts (A – D), except Merck admits that VIOXX® was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information. Merck respectfully refers the Court to the FDA-approved prescribing information for VIOXX®'s indicated uses.
>
> b.     Merck denies each and every allegation contained in sub-paragraph 11b. of the Complaint.
>
> c.     Merck denies each and every allegation contained in sub-paragraph 11c. of the Complaint.

12.     Merck denies each and every allegation contained in the first three sentences of paragraph 12. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®. The fourth sentence of paragraph 12. is a legal conclusion as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

787052v.1

13.    Merck denies each and every allegation contained in paragraph 13. of the Complaint.

**B.    <u>RESPONSE TO "PRODUCTS LIABILITY"</u>**

14.    Merck denies each and every allegation contained in paragraph 14., including its subparts (a – d), of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

> a.    Merck denies each and every allegation contained in sub-paragraph 14a. of the Complaint.
>
> b.    Merck denies each and every allegation contained in sub-paragraph 14b. of the Complaint.
>
> c.    Merck denies each and every allegation contained in sub-paragraph 14c. of the Complaint.
>
> d.    The allegations contained in paragraph 14d. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

15.    Merck denies each and every allegation contained in paragraph 15., including each and every allegation contained in sub-paragraphs (a – e), of the Complaint.

> a.    Merck denies each and every allegation contained in sub-paragraph 15a. of the Complaint.
>
> b.    Merck denies each and every allegation contained in sub-paragraph 15b. of the Complaint.
>
> c.    Merck denies each and every allegation contained in sub-paragraph 15c. of the Complaint.
>
> d.    Merck denies each and every allegation contained in sub-paragraph 15d. of the Complaint.
>
> e.    Merck denies each and every allegation contained in sub-paragraph 15e. of the Complaint.

16.    Merck denies each and every allegation contained in paragraph 16., including each and every allegation contained in sub-paragraphs a and b, of the Complaint.

787052v.1

      a.     Merck denies each and every allegation contained in sub-paragraph 16a. of the Complaint.

      b.     Merck denies each and every allegation contained in sub-paragraph 16b. of the Complaint.

17.    Merck denies each and every allegation contained in paragraph 17., including each and every allegation contained in sub-paragraphs (a – d), of the Complaint.

      a.     Merck denies each and every allegation contained in sub-paragraph 17a. of the Complaint.

      b.     Merck denies each and every allegation contained in sub-paragraph 17b. of the Complaint.

      c.     Merck denies each and every allegation contained in sub-paragraph 17c. of the Complaint.

      d.     Merck denies each and every allegation contained in sub-paragraph 17d. of the Complaint.

**C.**    **RESPONSE TO "MISREPRESENTATION"**

18.    Merck denies each and every allegation contained in paragraph 18., including each and every allegation contained in sub-paragraphs (a - c), of the Complaint.

      a.     Merck denies each and every allegation contained in sub-paragraph 18a. of the Complaint.

      b.     Merck denies each and every allegation contained in sub-paragraph 18b. of the Complaint.

      c.     Merck denies each and every allegation contained in sub-paragraph 18c. of the Complaint.

19.    The allegations contained in paragraph 19. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

**D.**    **RESPONSE TO "BREACHES OF WARRANTY"**

20.    Merck denies each and every allegation contained in paragraph 20., including each and every allegation contained in sub-paragraphs (a – e), of the Complaint.

787052v.1

a.   Merck denies each and every allegation contained in sub-paragraph 20a. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

b.   The allegations contained in the first sentence of paragraph 20b. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said sentence. Merck denies each and every allegation contained in the second sentence. sub-paragraph 20b. of the Complaint..

c.   Merck denies each and every allegation contained in sub-paragraph 20c. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

d.   The allegations contained in sub-paragraph 20d. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

e.   Merck denies each and every allegation contained in sub-paragraph 20e. of the Complaint.

## V.   RESPONSE TO "DAMAGES"

21.   The allegations contained in the first sentence of paragraph 21. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph. The second sentence of paragraph 21. of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

22.   Merck denies each and every allegation contained in the unnumbered paragraph between paragraphs 21. and 22. of the Complaint, including its subparts (a – e), except admits Plaintiffs purports to make a claim for the following damages:

a.   Merck admits Plaintiffs purports to make a claim for Robert Jackson's Garland Isaac's, Bobby Isaac's and Conny Isaac's pecuniary loss including loss of care, maintenance, support, services, advice, counsel, and

- 6 -

other reasonable contributions of a pecuniary value that Joyce Jackson would have provided to her husband and children had she lived, but avers that there is no legal or factual basis for any of the relief sought;

b.      Merck admits Plaintiffs purports to make a claim for Robert Jackson's Garland Isaac's, Bobby Isaac's and Conny Isaac's loss of companionship and society, including the positive benefits flowing from the love, comfort, companionship, and society that they would have received from Joyce Jackson, had she lived, but avers that there is no legal or factual basis for any of the relief sought;

c.      Merck admits Plaintiffs purports to make a claim for Robert Jackson's Garland Isaac's, Bobby Isaac's and Conny Isaac's mental anguish, including the emotional pain, torment and suffering experienced by them because of the death of Mrs. Jackson, but avers that there is no legal or factual basis for any of the relief sought;

d.      Merck admits Plaintiffs purports to make a claim for Robert Jackson's Garland Isaac's, Bobby Isaac's and Conny Isaac's loss of inheritance, but avers that there is no legal or factual basis for any of the relief sought; and

e.      Merck admits Plaintiffs purports to make a claim for exemplary damages, but avers that there is no legal or factual basis for any of the relief sought.

23.      Merck denies each and every allegation contained in paragraph 22. of the Complaint, including its subparts (a – d), except admits Plaintiffs purports to make a claim for the following damages:

a.      Merck admits that in paragraph 22a. of the Complaint, Plaintiffs purports to make a claim for Joyce Jackson's pain and mental anguish, including the conscious physical pain and emotion pain, torment, and suffering experienced by Joyce Jackson before her death as a result of the occurrence in questions, but avers that there is no legal or factual basis for any of the relief sought;

b.      Merck admits that in paragraph 22b. of the Complaint, Plaintiffs purports to make a claim for Joyce Jackson's medical expenses including the reasonable expense of the necessary medical and hospital care received by Joyce Jackson for treatment of her injuries by her as a result of the occurrence in questions, but avers that there is no legal or factual basis for any of the relief sought;

c.      Merck admits that in paragraph 22c. of the Complaint, Plaintiffs purports to make a claim for funeral and burial expenses for Joyce Jackson including the reasonable amount of expenses for the funeral and burial of

- 7 -

787052v.1

Joyce Jackson reasonably suited to her station in live, but avers that there is no legal or factual basis for any of the relief sought; and

d.      Merck admits that in paragraph 22d. of the Complaint, Plaintiffs purports to make a claim for exemplary damages, but avers that there is no legal or factual basis for any of the relief sought.

## VI.     RESPONSE TO "JURY DEMAND"

24.     Merck admits the allegations contained in the first sentence of paragraph 23. of the Complaint. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained the second sentence of paragraph 23. of the Complaint.

## VII.    RESPONSE TO "PRAYER"

25.     Paragraph 24. of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed appropriate, Merck denies each and every allegation in said paragraph except admits Plaintiffs purport to make a claim for damages but there is no legal or factual basis for any relief sought.

## VIII.   AFFIRMATIVE DEFENSES

26.     The Petition fails to state a claim upon which relief can be granted.

27.     Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

28.     Plaintiffs's claims are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

- 8 -

787052v.1

29.    Merck asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiffs's claims in this lawsuit.

30.    Merck further states that any warnings that were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

31.    Plaintiffs' claims may be barred by Plaintiffs' contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiffs and/or the treating physicians and/or other health care providers.

32.    If Plaintiffs sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

33.    Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

34.    The occurrences and injuries Plaintiffs alleges resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole

787052v.1

proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs. Moreover, the occurrences and injuries were caused by separate and independent events not reasonably foreseeable. Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

35. If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

36. Merck further states that Plaintiffs' injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiffs unrelated to any products manufactured by Merck.

37. The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber. The labeling for the product at issue was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations. Such actions and federal statutes and regulations bar and preempt all of Plaintiffs' claims under state law.

787052v.1

38.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

39.     Plaintiffs cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

40.     Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

41.     Merck asserts that Plaintiffs' claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

42.     Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations.

43.     Plaintiffs' claims are barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

44.     Plaintiffs' claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

45.     To the extent Plaintiffs is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

46.     To the extent that Plaintiffs relies upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity, and/or because the alleged warranties were disclaimed.

47.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

- 11 -

787052v.1

48.     Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008.  Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

49.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

50.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

51.     Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

52.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

787052v.1

53.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:  (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

54.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

55.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

56.     Plaintiffs is not entitled to recover exemplary or punitive damages because, to the extent that Plaintiffs seeks punitive damages for an alleged act or omission of Merck, no act or

787052v.1

omission was malicious, fraudulent, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

57.     Plaintiffs is not entitled to punitive or exemplary damages because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

58.     Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

59.     Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

60.     VIOXX® is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiffs.  Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

61.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

62.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

63.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case and hereby reserves the

787052v.1

right to amend and/or supplement this answer to assert any such defense at a future time and in conformity with the Texas Rules of Civil Procedure.

64.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## IX.     JURY DEMAND

Merck hereby demands a trial by jury on all of Plaintiffs' claims.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann, L.L.C.
One United Plaza
4041 Essen Lane, Suite 501
Baton Rouge, Louisiana  70809
Phone:  225-490-8900
Fax:  225-490-8960

Defendants' Liaison Counsel

- 15 -

787052v.1

Charles A. Deacon
State Bar No. 05673300
Thomas A. Countryman, Senior Counsel
State Bar No. 04888100
Emilie K. Paterson
State Bar No. 24027712
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

Counsel for Merck & Co., Inc.

Anne E. Grigg
State Bar No. 24032252
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701-3248
Telephone: (512) 474-5201
Facsimile: (512) 536-4598

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck's Answer to Plaintiffs' Original Complaint has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail upon all parties by electronically uploading the same to LexisNexis File & Serve Advance in accordance with PreTrial Order No. 8, on this 20th day of September, 2005.

Price Ainsworth
LAW OFFICES OF PRICE AINSWORTH, P.C.
48 East Avenue
Austin, Texas 78701

787052v.1