

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to: *Nelson v. Merck & Co., Inc.* (2:05-cv-3331, Sect. L, Mag. 3) | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

### ANSWER AND JURY DEMAND OF MERCK & CO.

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the Complaint and Jury Demand ("Complaint") and submits its Jury Demand herein as follows:

### RESPONSE TO "I. PARTIES"

1. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 1.1 of the Complaint and therefore is unable to admit or deny same.

2. Denies each and every allegation contained in paragraph 1.2 of the Complaint except admits that Merck is a New Jersey corporation.

3. The allegations contained in paragraph 1.3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

4. The allegations contained in paragraph 1.4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

1

## RESPONSE TO "II. FACTS"

5.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 2.1 of the Complaint and therefore is unable to admit or deny same.

6.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 2.2 of the Complaint and therefore is unable to admit or deny same.

7.     Denies each and every allegation contained in paragraph 2.3 of the Complaint except admits that Merck manufactured VIOXX®.

8.     Merck denies each and every allegation contained in the first sentence of paragraph 2.4 of the Complaint. With respect to the allegations contained in the second and third sentences of paragraph 2.4, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and is therefore unable to admit or deny same.

## RESPONSE TO "III. PRODUCT LIABILITY CLAIM"

9.     The allegations contained in paragraph 3.1 of the Complaint improperly seek a legal conclusion and are therefore denied.

10.    The allegations contained in paragraph 3.2 of the Complaint improperly seek a legal conclusion and are therefore denied.

11.    The allegations contained in paragraph 3.3 of the Complaint improperly seek a legal conclusion and are therefore denied.

12.    The allegations contained in paragraph 3.4 of the Complaint improperly seek a legal conclusion and are therefore denied.

13.    Denies each and every allegation contained in paragraph 3.5 of the Complaint.

14.    Denies each and every allegation contained in paragraph 3.6 of the Complaint.

IMANAGE 787077v1

## RESPONSE TO "IV. DAMAGES"

15. No responsive pleading is required to Section IV, Damages, or to its paragraphs (a) through (j). Should a response be deemed required, Merck denies each and every allegation contained in said Section and paragraphs.

## RESPONSE TO "VI. PUNITIVE DAMAGES CLAIM"

16. Denies each and every allegation contained in paragraph 6.1 of the Complaint.

17. Denies each and every allegation contained in paragraph 6.2 of the Complaint.

18. Denies each and every allegation contained in paragraph 6.3 of the Complaint.

19. Denies each and every allegation contained in paragraph 6.4 of the Complaint.

20. Denies each and every allegation contained in paragraph 6.5 of the Complaint.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defenses, Merck alleges as follows:

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

21. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

22. The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

23. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH

### DEFENSE, MERCK ALLEGES:

24. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH

### DEFENSE, MERCK ALLEGES:

25. To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH

### DEFENSE, MERCK ALLEGES:

26. To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A SEVENTH

### DEFENSE, MERCK ALLEGES:

27. The injuries, damages and/or loss claimed by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, over whom Merck had no control. Any recovery by Plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

IMANAGE 787077v1

## AS FOR AN EIGHTH

## DEFENSE, MERCK ALLEGES:

28. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## AS FOR A NINTH

## DEFENSE, MERCK ALLEGES:

29. Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A TENTH

## DEFENSE, MERCK ALLEGES:

30. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN ELEVENTH

## DEFENSE, MERCK ALLEGES:

31. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

32.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of VIOXX®.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

33.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

34.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed or have been subsumed by the WPLA.

## AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

35.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

36.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

IMANAGE 787077v1

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

37. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

38. Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

39. To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights and are not permitted by Washington law.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

40. To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

41. Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

IMANAGE 787077v1

## AS FOR A TWENTY-SECOND

## DEFENSE, MERCK ALLEGES:

42. Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-THIRD

## DEFENSE, MERCK ALLEGES:

43. Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FOURTH

## DEFENSE, MERCK ALLEGES:

44. Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Product Liability.

## AS FOR A TWENTY-FIFTH

## DEFENSE, MERCK ALLEGES:

45. Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A TWENTY-SIXTH

## DEFENSE, MERCK ALLEGES:

46. This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-SEVENTH

## DEFENSE, MERCK ALLEGES:

47. Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

IMANAGE 787077v1

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

48. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

49. Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom as defined in the WPLA. With respect to every cause of action, Merck asserts all defenses under RCW 7.72, including but not limited to industry custom, technological feasibility and compliance with standards and regulations.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

50. Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

51. Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

52. Plaintiffs do not have a strict liability claim because of the WPLA. With respect to each and every cause of action, the Plaintiffs are not entitled to recover for strict liability because Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402(a) of the Restatement (Second) of Torts relegates Plaintiffs to a negligence cause of action.

## AS FOR A THIRTY-THIRD

## DEFENSE, MERCK ALLEGES:

53. All activities of Merck as alleged in the complaint were expressly authorized and/or regulated by a government agency. Therefore Plaintiffs' claims pertaining to unfair or deceptive practices are barred.

## AS FOR A THIRTY-FOURTH

## DEFENSE, MERCK ALLEGES:

54. With respect to each and every cause of action Plaintiffs are not entitled to recover because if the products involved were unsafe, which Merck denies, then they were unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the products exceeded any apparent risk given the scientific knowledge available when the products were marketed.

## AS FOR A THIRTY-FIFTH

## DEFENSE, MERCK ALLEGES:

55. Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Washington Constitutions.

## AS FOR A THIRTY-SIXTH

## DEFENSE, MERCK ALLEGES:

56. The public interest and benefit and the availability of such products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

IMANAGE 787077v1

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

57. At all times relevant herein, any product(s) which are the subject matter of this action processed and distributed by Merck in the state of Washington or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

58. To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

59. With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

## MERCK'S JURY DEMAND

60. Pursuant to CR 38, Merck hereby requests a trial by jury.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable attorney's fees, costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

DATED this _____ day of September, 2005

                            Respectfully submitted,

                            _____
                            Phillip A. Wittmann, 13625
                            Anthony M. DiLeo, 4942
                            Dorothy H. Wimberly, 18509
                            Carmelite M. Bertaut, 3054
                            Stone Pigman Walther Wittmann L.L.C.
                            One United Plaza
                            4041 Essen Lane, Suite 501
                            Baton Rouge, Louisiana  70809
                            Phone:  225-490-8900
                            Fax:  225-490-8960

                            Defendants' Liaison Counsel

                            Douglas A. Hofmann, WSBA #06393
                            Jeffrey R. Johnson, WSBA #11082
                            WILLIAMS, KASTNER & GIBBS PLLC
                            601 Union Street, Suite 4100
                            Seattle, WA  98101-2380
                            Telephone:  (206) 628-6600
                            Fax:  (206) 628-6611

                            Counsel for Merck & Co., Inc.

12

IMANAGE 787077v1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer and Jury Demand has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 21st day of September, 2005.

_Dorothy H. Wimberly_