

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® <br><br> PRODUCTS LIABILITY LITIGATION <br><br> This document relates to: *William Miller and Kathy Miller v. Merck & Co., Inc.*, (05-3857) | MDL Docket No. 1657 <br><br> SECTION L <br><br> JUDGE FALLON <br><br> MAG. JUDGE KNOWLES |

### ANSWER TO COMPLAINT AND JURY CLAIM

Defendant Merck & Co., Inc. ("Merck") states the following, in answer to the numbered allegations set forth in the Complaint of William Miller and Kathy Miller:

1. Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1.

2. Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3. Defendant Merck denies every allegation in Paragraph 3 of the Complaint except admits that, until the voluntary withdrawal of VIOXX® on September 30, 2004, Merck did market, manufacture and distribute the prescription medicine VIOXX®. Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Plaintiffs purport

\_\_\_ Fee_____
\_\_\_ Process_____
**X** /Dktd_____
\_\_\_ CtRmD787143v.1
\_\_\_ Doc. No \_\_\_\_\_

to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief and admits that there is diversity between the parties.

## FACTUAL ALLEGATIONS

5.      Defendant Merck denies every allegation in Paragraph 5 of the Complaint except admits that the Plaintiffs purport to bring an action arising from the sales and efficacy of VIOXX®, that VIOXX® is a selective COX-2 inhibitor, and that and, until the voluntary withdrawal of VIOXX® on September 30, 2004, Merck did market VIOXX® for the indicated uses set out in the relevant FDA approved prescribing information. Merck respectfully refers the Court to the FDA prescribing information for VIOXX®'s indicated uses.

6.      Defendant Merck denies every allegation in Paragraph 6 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®. Merck further admits that VIOXX® is the brand name for rofecoxib.

7.      Defendant Merck denies every allegation in Paragraph 7 of the Complaint except admits that Merck sought and, in 1999, received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX®.

8.       Defendant Merck denies every allegation in Paragraph 8 of the Complaint.

9.      Defendant Merck denies every allegation in Paragraph 9 of the Complaint.

10.     Defendant Merck denies every allegation in Paragraph 10 of the Complaint.

11.     Defendant Merck denies every allegation in Paragraph 11 of the Complaint except admits that the studies referenced in the first sentence of Paragraph 11 and the article referenced in the second sentence of Paragraph 11 exist, and Merck respectfully refers the Court to said publications for their actual language and full text.

12. Defendant Merck denies every allegation in Paragraph 12 of the Complaint.

13. Defendant Merck denies every allegation in Paragraph 13 of the Complaint except admits that the referenced publication exists, and Merck respectfully refers the Court to said publication for its actual language and full text.

14. Defendant Merck denies every allegation in Paragraph 14 of the Complaint except admits that the referenced study exists, and Merck respectfully refers the Court to said study for its actual language and full text.

15. Defendant Merck denies every allegation in Paragraph 15 of the Complaint except admits that the referenced studies exist, and Merck respectfully refers the Court to said studies for their actual language and full text.

16. Defendant Merck denies every allegation in Paragraph 16 of the Complaint except admits that the referenced study exists, and Merck respectfully refers the Court to said study for its actual language and full text.

17. Defendant Merck denies every allegation in Paragraph 17 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001, and Merck respectfully refers the Court to that letter for its actual language and full text.

18. Defendant Merck denies every allegation in Paragraph 18 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information, and Merck respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

19. Defendant Merck denies every allegation in Paragraph 19 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX®, and Merck respectfully refers the Court to the referenced announcement for its actual

language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX®, compared with those taking placebo, and that Merck concluded that given the availability of alternative therapies and questions raised by the data from that trial, a voluntary withdrawal of VIOXX® best served the interests of patients.

20. Defendant Merck denies every allegation in Paragraph 20 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

21. Defendant Merck denies every allegation in Paragraph 21 of the Complaint.

22. Defendant Merck denies every allegation in Paragraph 22 of the Complaint.

23. Defendant Merck denies every allegation in Paragraph 23 of the Complaint.

24. Defendant Merck admits that the Plaintiffs purport to make certain allegations in Paragraph 24 of the Complaint, but Merck denies every such allegation.

25. Defendant Merck admits that the Plaintiffs purport to make certain allegations in Paragraph 25 of the Complaint, but Merck denies every such allegation.

26. Defendant Merck denies every allegation in Paragraph 26 of the Complaint.

## COUNT I: NEGLIGENCE

27. Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 26 of the Complaint.

28. Defendant Merck denies every allegation in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant Merck denies every

allegation in Paragraph 29 of the Complaint, and Merck respectfully refers the Court to the relevant state law standard, including any applicable conflict of laws rules.

30.     Defendant Merck denies every allegation in Paragraph 30 of the Complaint, including subparts a-i.

31.     Defendant Merck denies every allegation in Paragraph 31 of the Complaint.

32.     Defendant Merck denies every allegation in Paragraph 32 of the Complaint.

## COUNT II: STRICT LIABILITY

33.     Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 32 of the Complaint.

34.     Defendant Merck lacks knowledge or information sufficient either to admit or deny the allegations in the first sentence of Paragraph 34 of the Complaint. Defendant Merck denies every allegation in the second sentence of Paragraph 34 of the Complaint.

35.     Defendant Merck denies every allegation in Paragraph 35 of the Complaint except admits Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

36.     Defendant Merck denies every allegation in Paragraph 36 of the Complaint.

37.     Defendant Merck denies every allegation in Paragraph 37 of the Complaint.

38.     Defendant Merck denies every allegation in Paragraph 38 of the Complaint.

39.     Defendant Merck denies every allegation in Paragraph 39 of the Complaint.

40.     Defendant Merck denies every allegation in Paragraph 40 of the Complaint.

41.     Defendant Merck denies every allegation in Paragraph 41 of the Complaint.

42.     Defendant Merck denies every allegation in Paragraph 42 of the Complaint.

787143v.1

## COUNT III: CONSORTIUM

43. Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 42 of the Complaint. Defendant Merck lacks sufficient knowledge or information either to admit or deny the allegations in the second sentence of Paragraph 43 of the Complaint.

44. Defendant Merck denies every allegation in the second Paragraph "42" of the Complaint, which follows Paragraph 43, and which Merck takes to be Paragraph 44 of the Complaint.

## RESPONSE TO "WHEREFORE . . ."

The allegations contained in the "Wherefore . . ." section of the Plaintiffs' Complaint are not allegations to which any responsive pleading is required. Should a response be deemed required, Merck admits that the Plaintiffs purport to state a claim for damages, but Merck denies that there is any legal or factual basis for said relief.

## RESPONSE TO "JURY DEMAND"

Merck admits that the Plaintiffs demand a trial by jury.

## JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND DEFENSE

Any product for which Defendant Merck was responsible at the time of the occurrence or injuries alleged by the Plaintiffs was not defective and unreasonably dangerous in its design,

787143v.1

manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use. The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by the Plaintiffs were legally adequate warnings and instructions.

## THIRD DEFENSE

The occurrence and injuries alleged by the Plaintiffs were caused or contributed to by the negligence, breaches of warranty, or defective products of the Plaintiffs and/or third parties over whom Merck had no control and for whom Merck is not responsible.

## FOURTH DEFENSE

If the Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons having no real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## FIFTH DEFENSE

The occurrence and injuries alleged by the Plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by the Plaintiffs. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by the Plaintiffs, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to the Plaintiffs or any other parties.

787143v.1

## SIXTH DEFENSE

If the Plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

## SEVENTH DEFENSE

If the Plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

## EIGHTH DEFENSE

The injuries and damages alleged in the Plaintiffs' Complaint were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

## NINTH DEFENSE

Any and all damages alleged by the Plaintiffs were caused by misuse of the product or products at issue in this case, failure to use the product or products properly, and/or alteration or negligent use of the product or products.

## TENTH DEFENSE

The Plaintiffs cannot recover under the Complaint because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## ELEVENTH DEFENSE

Every claim asserted or raised in the Complaint is barred by the doctrine of laches.

## TWELFTH DEFENSE

The benefits of the product or products at issue outweigh the risks, if any, which may be attendant to their use.

787143v.1

### THIRTEENTH DEFENSE

The damages and injuries alleged, if any, were caused or enhanced by a preexisting medical condition of the Plaintiffs that was not related to any product manufactured by Merck.

### FOURTEENTH DEFENSE

Every claim asserted or raised in the Complaint is barred by the doctrine set forth in Comment k of the Restatement (Second) of Torts § 402A as to the product or products at issue.

### FIFTEENTH DEFENSE

The Plaintiffs' claims are barred in whole or in part pursuant to comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### SIXTEENTH DEFENSE

The Plaintiffs' claims are barred in whole or in part pursuant to comment j to Section 402A of the Restatement (Second) of Torts.

### SEVENTEENTH DEFENSE

The Plaintiffs' claims are barred under Section 4 et seq. of the Restatement (Third), of Torts: Product Liability.

### EIGHTEENTH DEFENSE

Any warnings that Merck gave were transmitted to the prescribing physicians and/or health care providers, and under New Hampshire law Merck's obligation is to warn only the prescribing physician and/or health care providers and said obligation was fulfilled.

### NINETEENTH DEFENSE

Merck has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations. Pursuant to such, the product

or products at issue could only be used pursuant to the prescription of a licensed prescriber. The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration. The Plaintiffs' claims are therefore preempted.

## TWENTIETH DEFENSE

The Plaintiffs' claims are barred by the applicable statute(s) of limitations.

## TWENTY-FIRST DEFENSE

If the Plaintiffs sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of the Plaintiffs and/or third parties, not from any negligence or breach of duty by Merck.

## TWENTY-SECOND DEFENSE

Under the doctrine of comparative negligence, judgment may not enter for the Plaintiffs if it is found that the Plaintiffs were more negligent than Merck. If judgment is rendered in the Plaintiffs' favor, the amount of such judgment must be reduced under the doctrine of comparative negligence.

## TWENTY-THIRD DEFENSE

Merck is unaware at this time of any settlement by any alleged joint tortfeasor. However, in the event any settlement is or has been made by any alleged joint tortfeasor, Merck is entitled to a credit/offset for such settlement.

## TWENTY-FOURTH DEFENSE

The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

## TWENTY-FIFTH DEFENSE

At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

## TWENTY-SIXTH DEFENSE

Merck made no express or implied representations or warranties of any kind to the Plaintiffs, nor did the Plaintiffs rely on any representations or warranties made by Merck. To the extent the Plaintiffs relied on any representations or warranties, such reliance was unjustified.

## TWENTY-SEVENTH DEFENSE

Merck did not breach any duty of care to the Plaintiffs.

## TWENTY-EIGHTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of estoppel.

## TWENTY-NINTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of waiver.

## THIRTIETH DEFENSE

The Plaintiffs have failed to join all necessary and indispensable parties.

## THIRTY-FIRST DEFENSE

The Plaintiffs' claims are barred because the Plaintiffs have failed and refused to mitigate her alleged damages.

## THIRTY-SECOND DEFENSE

Merck did not violate any state or federal statute, regulation or ordinance to cause the Plaintiffs' alleged injuries.

787143v.1

## THIRTY-THIRD DEFENSE

The Plaintiffs' claims are barred in whole or in part due to a lack of notice.

## THIRTY-FOURTH DEFENSE

To the extent that the Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## THIRTY-FIFTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs lack capacity and/or standing to bring such claims.

## THIRTY-SIXTH DEFENSE

To the extent the Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## THIRTY-SEVENTH DEFENSE

The Plaintiffs are not entitled to recover exemplary or punitive damages because such damages, under New Hampshire law, must be expressly authorized by statute. N.H. Rev. Stat. § 507:16.

## THIRTY-EIGHTH DEFENSE

The Plaintiffs' state-law claims are barred, in whole or in part, because VIOXX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**THIRTY-NINTH DEFENSE**

The Complaint and the causes of action contained therein are barred in whole or in part by the United States and New Hampshire Constitutions, which prohibit the extraterritorial application of New Hampshire law.

**FORTIETH DEFENSE**

The Complaint and the causes of action contained therein are barred in whole or in part by the U.S. Constitution, article I, section VIII, clause 3 to the extent they seek to regulate Merck's practices outside of New Hampshire. That constitutional provision prohibits a State from regulating conduct that occurs wholly outside of its borders.

**FORTY-FIRST DEFENSE**

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case and hereby reserves the right to amend its answer to assert any such defense.

**FORTY-SECOND DEFENSE**

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

787143v.1

**WHEREFORE**, Defendant Merck & Co. respectfully requests that the Plaintiffs take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
One United Plaza
4041 Essen Lane, Suite 501
Baton Rouge, Louisiana 70809
Phone: 225-490-8900
Fax: 225-490-8960

Defendants' Liaison Counsel

James J. Dillon (BBO# 124660)
Lucy Fowler (BBO# 647929)
Kalun Lee (BBO# 657489)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Counsel for Merck & Co., Inc.

787143v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer to Complaint and Jury Claim has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 21st day of September, 2005.

*/s/ Dorothy H. Wimberly*