UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
　　PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION:　L

JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:

Sheet Metal Workers Local No. 20 Welfare And Benefit Fund, Indiana Electrical Workers Benefit Trust, Bricklayers of Indiana Welfare Fund, Michiana Area Electrical Workers Health and Welfare Fund, Indiana State Council of Roofers Health and Welfare Fund, and Indiana State District Council Of Laborers and Hod Carriers Welfare Fund, On Behalf of Themselves and All Others Similarly Situated, currently filed as 05-CV-0349-DFH-VSS; S.D. Ind. and MDL No. 05-2269; and, Michelle Biondillo, Stephen Keisker, On Behalf of Themselves and All Others Similarly Situated, currently filed as 05-CV-0508-DFH-TAV; S.D Ind. and MDL No. 05-2270

## PLAINTIFFS' RESPONSE TO DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS BIONDILLO AND SHEET METAL WORKERS, et al. COMPLAINTS

　　In its one paragraph motion to dismiss the complaints in *Biondillo v. Merck & Co. Inc.*, No 05-508 (S.D.Ind.) and *Sheet Metal Workers v. Merck & Co., Inc.*, Defendant Merck & Co., Inc. (hereinafter "Defendant") cites no law or authority in support of its position that these complaints should be dismissed. Defendant simply states that following the filing of the master complaints dealing with personal injury and wrongful death, medical monitoring, and economic loss that the Court noted that all other claims should be dismissed. Defendant did not cite any order of the Court or case law in support of this proposition, and, in fact, there is none. The motion of the Defendant should be denied.

　　Pre-Trial Order No. 16, in which the Court required the filing of master complaints, does not state that claims not included in the master complaints are to be summarily dismissed. In the

Minute Entry for August 16, 2005, where the Defendant revealed their plans to file a motion to dismiss, the Court does not state its intention to summarily dismiss any claims not mentioned in a master complaint. The Court has not addressed this issue in any other written communication with counsel.

The Defendant's assertion that the *Biondillo* and *Sheet Metal Workers'* cases should be dismissed simply because their claims are not contained in the Purchase Claims Class Action Master Complaint, ignores the true nature of a master complaint. In *In re Propulsid Products Liability Litigation*, 208 F.R.D. 133 (E.D.LA. 2002) (Fallon, J.), the Court stated: "the master complaint should not be given the same effect as an ordinary complaint. Instead it should be considered as only an administrative tool to aid efficiency and economy." *Id.* at 142. The Court also notes that the filing of a master complaint is not supposed to change the rights of the parties. *Id.* at 141 (citing Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2382, at 255 (1971)). Defendant takes the position that a master complaint is more than an administrative tool. Defendant inherently argues that the filing of the Purchase Claims Class Action Master Complaint changes the rights of the parties in the *Biondillo* and *Sheet Metal Workers'* cases. There is no legal basis for dismissing the claim of a party, simply because the claim was not included in an administrative tool. This argument does not comport with the vision of this Court, as articulated in *In re Propulsid,* 208 F.R.D. 133.

In addition, the Purchase Claims Master Class Action Complaint specifically states that it does not serve as a waiver to non-articulated claims, and that it was only filed for the administrative purpose set out in *In re Propulsid*. Purchase Claims Master Class Action Complaint, pg. 2. The statement reflects the Court's previously articulated role of a master complaint.

Since there is no where in the record of the case where the Court has expressed the desire to summarily dismiss these cases, and the dismissal of these complaints would make the Purchase Claims Class Action Master Complaint more than an administrative tool, the Defendant's Motion to Dismiss should be denied. If Defendant wishes to test the legal sufficiency of these causes, then it should be required to file a motion stating a legal basis for the dismissal and this Court can rule on such a motion under Seventh Circuit law or it could refer the case back to the Southern District of Indiana.

Respectfully submitted,

**PRICE WAICUKAUSKI RILEY & DEBROTA, LLC**

By _____
Henry J. Price, Bar No. 8522-49
William N. Riley, Bar No. 14941-49
Amy Ficklin DeBrota, Bar No. 17294-49
Jana K. Strain, Bar No. 20677-49
Jamie R. Sweeney, Bar No. 25124-49

The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-8787
Fax: (317) 633-8797

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre Trial Order No. 8 on this __21st__ day of September, 2005. Copies have also been sent via U.S. Mail and e-mail to:

George M. Plews, Esq.
Brett E. Nelson, Esq.
David L. Pippen, Esq.
PLEWS SHADLEY RACHER & BRAUN
1346 North Delaware Street
Indianapolis, Indiana 46202

E-Mail:      gplews@psrb.com
             bnelson@psrb.com
             dpippen@psrb.com

Ellen M. Gregg, Esq.
Womble Carlyle Sandridge & Rice, PLLC
301 North Main Street, Suite 300
Winston-Salem, North Carolina 27101

E-Mail:      MDL@wcsr.com


_____
William N. Riley