U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUSIANA

FILED   SEP 2 8 2005

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL DOCKET NO. 1657 |
| | * | |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |

*************************************************************************

### PSC MEMORANDUM REPORT REGARDING
### DEFENDANT'S PRIVILEGE LOG ISSUES

MAY IT PLEASE THE COURT:

Pursuant to the Court's instructions, the parties conducted a "Meet and Confer" conference in an attempt to address disputes associated with the defendant's privilege log. Present for the PSC were Richard J. Arsenault and Anthony Irpino. The meeting took place in New York at the Dechert law firm on September 22, 2005. Present for the defendant were Thomas Munno and Phillip A. Wittmann. A court reporter was also present and memorialized areas of agreement, areas of disagreement, categories of disputes and a potential protocol designed to address dispute resolution. (Transcript and exhibits are attached.)

### INTRODUCTION/HISTORY OF PRIVILEGE LOG PROCESS

- Plaintiffs conducted a review of the N.J. privilege log prior to receiving the MDL privilege log and discovered what they believed to be deficiencies and invalid privilege claims.

Page 1 of 6

```
____ Fee_____
_X__ Process_____
____ Dktd_____
____ CtRmDep_____
____ Doc. No _____
```

- As a result, plaintiff forwarded correspondence dated July 27, 2005 to Phillip Wittmann (Defense Liaison Counsel) advising of what the plaintiffs maintained were deficiencies and invalid privilege claims made in the N.J. privilege log and requesting an MDL privilege log with more detail.  (This correspondence is attached to the transcript of the 9/22/05 meet and confer).

- On August 22, 2005, Merck produced the MDL privilege log which is substantively identical to their N.J. privilege log.

- On August 24, 2005, plaintiffs wrote Phillip Wittmann identifying problematic issues with the MDL privilege log.  This letter was attached to the transcript of the 9/22/05 meet and confer.

- There was a subsequent conference with the Court whereby the parties were ordered to meet.

## AREAS OF AGREEMENT

1. The September 22, 2005 meeting was the requisite "Meet and Confer" in anticipation of future motion practice or hearings before the Court.

2. The defendant's privilege log format, in terms of categories, is acceptable.  (Plaintiffs maintain the problem is with the inadequacy of category descriptions).

3. The defendants will attempt to produce the privilege log in a format that will allow for global search capability.  The parties agreed to have their respective information technology advisors meet.

4. The defendant agreed to address and attempt to omit, wherever possible, duplications on the privilege log.

5.    The parties agreed that the MDL privilege log and the New Jersey privilege log are very similar, if not identical.

6.    Where the privilege log states "N/A" under the categories of "Author" or "Addressee/Recipient", the defendant explained this means that the actual document does not list or otherwise contain the name of any author or recipient on the document itself.  (Plaintiffs' position is that if the defendant cannot identify an author and/or recipient on the document, then no privilege can be claimed.)

7.    There are a number of "groups" of privilege claims or "issues" which may be considered by the Court so that the validity of privilege claims can be addressed in groups rather than individually.

8.    Adequacy of the privilege log descriptions is an issue along with the substantive legal dispute regarding the efficacy of privilege assertions.  There may be enough detail for the Court to address certain legal issues at this time without additional descriptions. Plaintiffs submit that the privilege is simply inapplicable when it relates to scientific studies, regulation related activity, business advice, marketing advice, FDA negotiations, press releases, public relations, security filings and related issues.  If these areas are per se not subject to the privilege, then plaintiffs can have access to those materials immediately.  If on the other hand, a necessary inquiry is whether a lawyer is giving legal advice or someone is seeking legal advice, then plaintiffs will need more detailed log descriptions.

9.    Where the defendant has an asterisk identifying lawyers, legal assistants, administrative assistants and so forth as a group, they will now identify job titles by individual with

particularity.

10.     The defendant will provide plaintiffs with a "begin" date for purposes of their claims for Attorney Work Product ("prepared in anticipation of litigation").  The defendant did state that several of these claims may be made pursuant to other litigation (e.g., cases involving patent litigation).

11.     The parties discussed the possibility of identifying a statistically significant sample of privilege assertions and having a special master extrapolate from different categories and make category rulings.

12.     The parties have now met in good faith to address the issues regarding the privilege log, pursuant to the Court's order.

## AREAS OF DISAGREEMENT

1.      Plaintiffs maintain they have articulated proper "groupings" for privilege claims. Specifically, the plaintiffs have identified fourteen (14) problematic groups of privilege claims.  Plaintiffs maintain that if a privilege claim falls into one of these groups, then it is not valid and the document must be produced.  The defendant does not agree with these "groups" and maintains that documents which fall within these groups are privileged.  A list of plaintiffs' fourteen (14) groups are as follows:

A.      No author is listed.

B.      No recipient is listed.

C.      No legal personnel are listed.

D.      Non-party is in attendance or a non-party is listed as receiving a copy.

E.      Not sent directly to an attorney (attorney is merely copied).

F.   Inconsistent claims (privilege log entry does not resemble the document).

G.   No showing that legal advice was given or requested.

H.   Vague description of the privilege - cannot discern the substance or validity of the privilege claim.

I.   Deals with the issue of STUDY and is not privileged.

J.   Deals with the issue of REGULATION and is not privileged.

K.   Deals with the issue of PROMOTIONAL ACTIVITY and is not privileged.

L.   Deals with the issues of MARKETING/PUBLIC RELATIONS and is not privileged.

M.   Deals with the issue of SECURITIES ISSUES and is not privileged.

N.   No specific date for work product claim (anticipation of litigation).

Respectfully submitted,

By: _____
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 28th day of September, 2005.

SEE RECORD FOR

EXHIBITS

OR

ATTACHMENTS

NOT SCANNED