U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED SEP 28 2005
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| This document relates to All Class Action Cases | : | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO DEFENDANTS' MOTION TO PARTIALLY STRIKE PLAINTIFFS' PERSONAL INJURY AND WRONGFUL DEATH MASTER CLASS ACTION COMPLAINT**

## I. INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") hereby responds to defendants' so called Motion to Partially Strike Plaintiffs' Personal Injury and Wrongful Death Master Class Action Complaint ("Master Complaint"). As set forth below, defendants' motion to strike thirty out of the fifty-one proposed state class actions should be denied. Plaintiffs' Master Complaint complies with the Federal Rules of Civil Procedure and the explicit purpose of a master complaint in an MDL proceeding.

## II. PROCEDURAL HISTORY

On June 2, 2005, this Court issued Pre-trial Order ("PTO") No. 16. Under that Order, this Court required the PSC to file a master complaint with respect to each type of class action. This Court further required that the master complaint apply to all pending class action cases and to all those subsequently filed, removed or transferred to this Court. PTO 16 at p. 2.

Fee
___ Process
X Dktd
___ CtRmDep
___ Doc. No

states:

> On or before August 1, 2005, the PSC shall file in this Court a Master Complaint with respect to each type of Class Action Case. The Master Complaints shall apply to all pending Class Action Cases <u>and to those subsequently filed, removed or transferred to this Court as part of this proceeding.</u> (Emphasis supplied)

*Id.*

PTO 16 also provides defendant with the right to file Rule12 motions on any and all portions of the master complaint. Recognizing that the master complaint would apply to not only actions filed presently but actions subsequently filed and transferred to this Court, PTO 16 allows defendant to file Rule 12 motions in the future. *Id.* at p. 2. PTO 16 states:

> This provision does not preclude the filing of other Rule 12 motions or other dispositive motions in the Class Action Cases at other times, as appropriate.

*Id.*

In other words, PTO 16 provides a format for the PSC to file a master complaint covering all class actions involving actions filed at this time and in the future and also provides defendant with a mechanism to dismiss actions under the master complaint now and when appropriate in the future.

In accordance with PTO 16, the PSC filed a master complaint that seeks a nationwide class of members who ingested Vioxx and have suffered injuries. Alternatively, plaintiffs seek statewide classes for all fifty states and has identified specific class representatives for twenty states. The state classes were plead in the alternative and the national class representative was designated as a stand-in representative for all states without designated class representatives. Plaintiffs' Master Class Action Complaint (Personal Injury and Wrongful Death), herein after designated as "Master Complaint" at ¶ 5-6.

The master complaint covers all class actions already transferred to this Court and those which will be subsequently transferred pursuant PTO 16. The plaintiffs intend to delineate class representatives for each state as they are subsequently filed.[1] Merck's motion asserts that in the master complaint some state classes fail to identify a class representative and these state classes must be dismissed. As this brief will demonstrate below, since plaintiffs' master complaint is an administrative complaint which will cover all subsequently filed actions, defendants' motion should be denied.

## III. ARGUMENT

### A. Standard

Defendant has characterized its motion as a motion to strike plaintiffs' class action allegations for thirty out of the fifty proposed state classes. However, defendant is essentially arguing that plaintiffs' lack standing to bring a lawsuit for thirty state classes without class representative plaintiffs. Thus, defendant is in reality moving to dismiss thirty of plaintiffs' state classes under Rule 12(b)(6). When deciding a motion to dismiss, the Court must view the complaint's allegations in the light most favorable to the plaintiff. *Stripling v. Jordan Production Co.*, 234 F.3d 863, 869 (5th Cir. 2000). Plaintiff must only establish a *prima facie* case to withstand a Rule 12 motion. *Id.* As this brief demonstrates, plaintiffs' master complaint is an administrative complaint and should not be dismissed. Plaintiffs' master complaint covers all actions filed now and actions which will be filed in the future.

[1]Plaintiffs have recently filed a motion to add by amendment by interlineation additional class representatives for Michigan, Idaho, West Virginia, New Hampshire and Nebraska.

**B. Plaintiffs' Master Complaint Complies with the Federal Rules of Civil Procedure and as an Administrative Complaint**

Defendant seeks to strike thirty of plaintiffs' state classes identified in plaintiffs' master complaint.[2] Defendant fails to recognize the purpose of the master complaint is to cover all present action and future actions. Plaintiffs will delineate class representative plaintiffs for the state classes when their complaints are filed and are ready for transfer to this MDL.

Under the Federal Rules of Civil Procedure, master complaints are used in complex litigation although not mentioned under the Federal Rules of Civil Procedure or federal statute. *In Re: Propulsid Products Liability Litigation*, 208 F.R.D. 133, 141 (E.D. La. 2002). These master complaints are grounded under Rule 42(a) of the Federal Rules of Civil Procedure which broadly authorize district courts to consolidate actions pending before the court. *Id.* "Courts have interpreted Rule 42(a) to authorize the filing of a unified or master complaint in cases consolidated both for pretrial discovery and for trial." *Id.* This Court in *In Re: Propulsid Products Liability Litigation* has held:

> In both situations, consolidation is not supposed to "merge the suites into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *See* 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2382, at 255 (1971) (hereinafter "Wright & Miller"). Rather, consolidation is intended only as a procedural device used to promote

---

[2]Of course, Michigan, Idaho, West Virginia, New Hampshire and Nebraska are no longer subject to defendants' motion to dismiss since the PSC has since identified plaintiffs to act as class representatives in those cases. The substitution of these plaintiffs for the "intentionally left blank" spaces in the master complaint is the subject of plaintiffs' pending motion to amend the master class action complaint to add by interlineation additional plaintiffs' representatives in newly filed class complaints. It is anticipated that should there be additional class complaints filed and transferred to this MDL, there may be additional requests for further amendments.

> judicial efficiency and economy. *See* Diana E. Murphy, *Unified and Consolidated Complaints in Multidistrict Litigation*, 132 F.R.D. 597 (1991) (hereinafter "Murphy"). Arnold Levin, *MDL/Class Actions in Mass Tort, Pharmaceutical, and Toxic Litigation,* Ann.2001 ATLA-CLE 2793 (2001).

*Id.* at 141.

Thus, it is imperative that master complaints not be treated as traditional complaints. As this Court recognized:

> If the master complaint in the present case were to be treated as a traditional complaint, many significant and perhaps unintended consequences would follow.
>
> ***
>
> In light of these concerns the master complaint should not be given the same effect as an ordinary complaint. Instead, it should be considered as only an administrative device to aid efficiency and economy.

*Id.* at 142.[3]

In this case, plaintiffs' master complaint is an administrative complaint. This Court's PTO 16 requires that the master complaint apply to all present and subsequent actions. Thus, plaintiffs master complaint identifies all potential subclasses alleged in complaints. Plaintiffs will delineate class representative when these class representatives file their initial complaints. In fact, plaintiffs have recently filed motions to add by interlineation additional plaintiffs' representatives in Michigan, Idaho, West Virginia, New Hampshire and Nebraska. Thus, it is inappropriate at this time to strike any aspect of the complaint for failure to provide a class representative.

[3]One "unintended consequence" is highlighted by defendants' request in this motion *sub judice*.

## III. Class Action Complaints May Proceed Without A Class Representative As A Headless Class Even When A Complaint is Not Administrative

Even if this Court does not consider the master complaint an administrative complaint (which it is), a class action may proceed without a class representative. On several occasions, courts under limited circumstances, will allow classes to proceed where no class representative exists. See e.g. *Goodman v. Schlesinger*, 584 F.2d 1325, 1332-1333 (4th Cir. 1978). In *Goodman*, the Fourth Circuit found that it was appropriate to remand an action to the trial court to allow plaintiff's counsel time to find a class representative to head the class before dismissal of the action. *Id.* The Fourth Circuit states:

> In Cox a similar situation presented itself. There, we affirmed the denial of the plaintiff's claim but had reversed the action of the district court in dismissing the class action because it held the named plaintiff, having lost his claim, "was not a proper representative to maintain a class action." In Cox we remanded the case to the district court with instructions that the class action be retained on the docket for a reasonable time to permit the presentation of any proper claims for further relief under such class action and instructed that should no proper claims for further relief be presented within a reasonable time, the district court should strike the class action from the calendar and enter a final dismissal thereof. We see no difference of consequence in the two cases, and accordingly remand the class action to the district court with instructions that it be retained on the docket for a reasonable time to permit a proper plaintiff or plaintiffs, with grievances similar to those of Goodman, Debrew or Mrs. Martin, in person, to present himself to prosecute the action as a class representative. If such a plaintiff so comes forward, the court should then, on a whole record before it, including the record of the trial, decide whether a class action is maintainable and whether the then named plaintiff should represent the class. *East Texas Freight*, n. 12.

*Id.* at 1323-1333

Thus, it is appropriate before dismissal of a class action to allow counsel to identify a

class representative. The Fifth Circuit also followed the Fourth Circuit in allowing a trial judge to give time to class counsel to identify a class representative before dismissing an action. *Satterwhite v. City of Greenville*, 634 F.2d 231 (5th Cir. 1981). The Fifth Circuit states *Per Curiam*:

> In the event that the district court determines that there is a case or controversy, then the district court, in accordance with the provisions of Rule 23, F.R.Civ.P., shall determine whether the action is appropriate for class certification, and whether Mrs. Satterwhite is a proper class representative. If it should determine that the action is a proper class action but Mrs. Satterwhite is not a proper class representative , it shall take such a action as it may deem necessary to determine whether there is an appropriate class representative. To make these determinations, the district court shall take such evidence as it may deem necessary, and it may, as it sees fit, take that evidence, for convenience, simultaneously with the "case or controversy" hearing or thereafter.

*Id.* at 231.

The District of Maryland similarly found that a headless class before class certification stage should not be dismissed. *International Brotherhood of Electrical Workers v. Westinghouse Electric. Corp.*, 1979 WL 245 *7 (D.Md. 1979). Rather, the court should open up time to allow a substituted class representative. The District of Maryland states:

> The Fourth Circuit directed district courts faced with similar problems to retain the case on their dockets for a reasonable time to permit joinder of a qualifying plaintiff. Since this case is still at the motion to dismiss stage and there is another claim in the case which can go forward, the Court will hold open the nine-months' continuous service requirement claims, at least until the Court can act on a motion to certify a class. During the interim, plaintiffs will have the opportunity to conduct class certification discovery and determine whether there are any women who were actually injured by this policy and who can qualify a class representatives.

*Id.* at *7.

Therefore, when a class action involves a headless class, the court has discretion to allow time for plaintiff's counsel to substitute the appropriate class representative. See e.g. *Grossman v. First Pennsylvania Corporation*, 1991 WL 222071 (E.D. Pa. 1991); *Shankroff v. Adves, Inc.*, 112 F.R.D. 190, 194 (S.D.N.Y. 1986); *In Re Eastern Sugar Antitrust Litigation*, MDL Docket No. 201A (E.D. Pa 1978). Even when a class does not have a class representative, it is inappropriate on that basis alone to dismiss the class.[4] Rather, the court should allow plaintiff's counsel sufficient time to substitute an appropriate representative. To hold otherwise would unfairly prejudice absent class members who rely on the class filing to preserve their claims. *Grossman* at *8.

## V. **CONCLUSION**

In this case, plaintiffs have filed t a master complaint seeking certification of a national class or in the alternative individual state classes for persons that have suffered personal injuries. Although at this time a specific class representative has not been identified for each state, the national representative fulfills the standing requirement.[5] Since the master complaint covers subsequently filed class actions, the PSC will delineate a class representative for the specific non designated state class in the future.

---

[4]Even absent a designated class representative, with the exception of the issue of adequacy of representatives, all other Rule 23 issues can be resolved.

[5]At ¶ 159 of the master complaint, plaintiffs proposed that national class representatives Lawrence and Gibney are designated as "surrogates for those state classes..." where there is a "headless class". The time to challenge the same is in Rule 23 proceedings not by a Rule 12 motion. At that time, the PSC will respond in kind.

For the foregoing reasons, defendants' so called motion to strike should be denied.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

By:________________________

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire
Daniel C. Levin, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 28th day of September, 2005.