UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION: | | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO ALL CASES: | | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**MOTION TO COMPEL ANSWERS TO
MASTER SET OF INTERROGATORIES AND RESPONSES TO
MASTER SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
(FOREIGN VIOXX RELATED ACTIVITIES)**

NOW INTO COURT come Plaintiffs' Liaison Counsel and the Plaintiffs' Steering Committee who move this court for an Order compelling answers to the Master Set of Interrogatories and responses to the Master Set of Request for Production of Documents propounded upon Merck & Co., Inc. on or about June 7, 2005, concerning Merck's Foreign Vioxx-related activities. As is more fully set forth in the attached memorandum, Merck should be ordered to provide plaintiffs with answers and responses as requested.

Respectfully submitted,

_____
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024
**Plaintiffs' Liaison Counsel**

| Richard J. Arsenault, Esq. | Gerald E. Meunier, Esq. |
|---|---|
| P.O. Box 1190 | Energy Centre |
| 2220 Bonaventure Court | 1100 Poydras Street, Suite 2800 |
| Alexandria, LA 71309-1190 | New Orleans, LA 70163-2800 |
| PH: (318) 487-9874 | PH: (504) 522-2304 |
| FAX: (318) 561-2591 | FAX: (504) 528-9973 |

W:\25000-29999\27115\000\PLD\Motion to Compel re Foreign Related Activities FINAL 2005-8-25.doc

1

| | |
|---|---|
| Andy D. Birchfield, Esq. (**Co-Lead Counsel**)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555<br><br>Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059<br><br>Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

<u>**PLAINTIFFS' STEERING COMMITTEE**</u>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing pleadings has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 26th day of August, 2005.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION: | | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO ALL CASES: | | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL ANSWERS TO
MASTER SET OF INTERROGATORIES AND RESPONSES TO
MASTER SET OF REQUEST FOR PRODUCTION OF DOCUMENTS
(FOREIGN VIOXX RELATED ACTIVITIES)

MAY IT PLEASE THE COURT:

This memorandum is being submitted on behalf of plaintiffs, through Plaintiffs' Liaison Counsel, in support of its Motion to Compel Answers to Master Set of Interrogatories and Responses to Master Set of Request for Production of Documents (Foreign Vioxx Related Activities).

Through its Master Set of Interrogatories and Production of Documents (Served on June 7, 2005) the Plaintiff's Steering Committee (PSC) seeks the production of documents and information concerning Merck's Foreign Vioxx-related activities. Specifically, the PSC seeks production of information relating to Merck's overseas Vioxx sales, its overseas Vioxx studies, its overseas Vioxx-related reports of adverse events, the warnings it gave to foreign consumers and healthcare providers concerning the risks and benefits of Vioxx, investigations into Merck's foreign Vioxx activities and its responses to Foreign regulatory requirements related to Vioxx.

According to Merck, none of the information sought by the PSC is relevant at trial and is therefore it is not "reasonably calculated to lead to the discovery of admissible evidence." Fed.

R. Civ. P. 26(b)(1). As such, Merck steadfastly refuses to produce it the aforementioned information.

As set forth more fully below, Merck is simply wrong. First, such evidence is relevant to numerous issues in this case, including Merck's state of mind, the state of knowledge about the risks and benefits of Vioxx and cox-2 inhibitors, whether certain warnings were feasible, and standard or care. Second, many courts have concluded that such evidence is not only discoverable, but admissible at a trial on the merits.

I.  **Procedural History**

As directed by the Court, the Plaintiff's Steering Committee (PSC) exchanged with Merck and Co (Merck) its Master Set of Interrogatories and Request for Production of Documents on May 27, 2005. Having heard nothing from Merck concerning any objection to these Master Requests, the PSC filed these documents on June 7, 2005. [1]

On June 21, 2005, the Court entered Pretrial Order number 17. In PTO 17, the Court noted that the PSC had filed its first set of master interrogatories and requests for production of documents on June 7, 2005. The Court further ordered the PLC and DLC to meet and confer within twenty (20) days to determine which documents had been previously produced, and which additional documents would be produced as well as the timing of such production. The Court further Ordered the PLC and DLC to apply to the Court to resolve any remaining disputes after such meet and confer was concluded.

---

[1] On April 27, 2005, the PLC and DLC filed their Joint Report # 2 with the Court; in which the parties notified the Court that the PSC intended to file a first set of master interrogatories and requests for production directed to Merck within thirty (30) days of the date of the joint report. The parties further informed the Court that the PSC and DLC would meet prior to the filing of the PSC's written discovery to attempt to reach agreement on the scope of such discovery. On May 20, 2005, the PLC and DLC filed their Joint Report # 3 with the Court. The joint report informed the Court that the PSC would file its first set of master interrogatories and requests for production of documents by May 30, 2005. The parties again informed the Court that the PSC and DLC would meet prior to the filing of the PSC's written discovery to attempt to reach agreement on the scope of such discovery.

The Court held a monthly status conference on July 19, 2005. The DLC informed the Court that it was continuing to review the PSC's discovery requests and identifying documents for production that have not been previously produced in the New Jersey Vioxx litigation. The Court Ordered the DLC to notify the Court of the progress of the discovery request review, including and outstanding objections or disputes, no later than July 29, 2005.

From June 2005 through the present, PSC representatives met repeatedly with their DSC counterparts to discuss the Request for Production of Documents. During those discussions-- which have extended through early August-- it became clear that Merck would not produce any information or documents which dealt in any way with its foreign activities and experience related to Vioxx. Specifically, it became clear that Merck would refuse to produce discovery related it its sales of Vioxx overseas, its overseas studies, its overseas reports of adverse events, the warnings it gave to foreign consumers and healthcare providers, foreign investigations into its activities and foreign regulation of Vioxx.

With respect to the PSC's master set of Interrogatories, the PSC heard no objection for months after they were served. Having heard nothing, the PSC representative contacted the DSC just prior to the July 19 status conference in an attempt to determine the status of that discovery. On July 27, 2005, the PSC spoke with the DLC for the first time in regard to this issue. A second conference call was held on August 3, 2005, during which DLC counsel informed the PSC that they had no authority to reach any agreement on any issues relating to the PSC's discovery requests. Nevertheless, Counsel for the DLC made it clear that that Merck would not under any circumstances provide any substantive responses to discovery requests relating to sales, marketing, testing, approval and labeling of Vioxx in foreign countries. This issue was

again further addressed with Defendants and at the Discovery Status Conference with the Court on August 24, 2005. The Court requested that this motion be filed on an expedited basis.

With respect to this "foreign discovery" Merck has taken the position that there is no justification for PSC's request to examine Merck's Foreign Vioxx related activities. Specifically, it urges that it need not respond to such requests because, in its view, the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

## II. Information Requested Re: sale, marketing, testing, approval and labeling of Vioxx in foreign markets.

Interrogatories 18-22 relate to Merck's sale, marketing, testing, approval and labeling of Vioxx in foreign countries. Interrogatories 36-38 relate to testimony given by Merck employees or agents in foreign countries concerning the safety and efficacy of Vioxx, as well as foreign investigations concerning testing of Vioxx.

A large number of the PLC's proposed master requests for production also require Merck to produce documents relating to the sale, marketing, testing, approval and labeling of Vioxx in foreign countries. Among such requests are: 2; 4-5; 12-13; 21-27; 34-39; 41-44; 46-48; 50-61; 80-83; 85; 87-92; 95-148; 151-159; and 161.[2] The requests relate to areas relevant to the trial of a Vioxx case in the United States, including: adverse event reporting; communications with regulatory bodies; studies regarding safety and efficacy of Vioxx; comparison of Vioxx with other NSAIDs; labeling and label changes; warnings; marketing; advertising; training of sales representatives; promotional materials; and lawsuits and investigations relating to Vioxx. (Enclosure 1 attached hereto identifies the specific subject matter of each enumerated request above.)

---

[2] Copies of the Master Interrogatories and Production were previously provided to the Court at the Discovery Conference on August 24, 2005 and are incorporated herein. Should additional copies be needed, PLC will provide them.

### III. Analysis/Argument

**A. The information requested is relevant and the burden of production is minimal in light of the nature of the action, number of claims, and scope of the litigation.**

According to F.R.C.P. Rule 26(b)

> (1)Parties may obtain discovery regarding *any matter*, not privileged, *that is relevant to the claim or defense of any party*, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. ... ***Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.***

Fed R. Civ P. 26(b)(1) (Emphasis added)

The foreign regulatory information sought by the PSC in it's Master discovery is clearly relevant[3] and, in light of the circumstances (e.g. the nature of the claims, number of claims, scope of the litigation and amount in controversy), not unduly burdensome to produce in these MDL proceedings involving literally thousands of claims. The information sought relates to the sale, marketing, testing, approval and labeling of Vioxx in foreign markets. Such information reveals what Merck knew, when Merck learned it, and what Merck was telling the foreign public and foreign regulators. Besides "state of mind" evidence, the information sought will provide evidence of studies conducted over seas, reports of adverse events, labeling information, etc. collected in foreign countries.

---

[3] F.R.E 401 reads: "Relevant Evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Black's Law Dictionary defines "relevant evidence" as: [e]vidence tending to prove or disprove an alleged fact. Evidence having <u>any tendency</u> to make the existence of <u>any fact</u> that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evidence is "relevant" if it tends to make the existence of a material fact more or less probable. BLACK'S LAW DICTIONARY 1291 (6th ed. 1990).

W:\25000-29999\27115\000\PLD\Motion to Compel - Memo in Support re Foreign Related Activities FINAL 2005-8-25.doc

Numerous Courts have held that such evidence is not only discoverable, but may be admissible at trial. For example, in In re Rezulin Products Liability Litigation, 309 F. Supp. 2d 531 (S.D.N.Y. 2004), the pharmaceutical company defendants sought to preclude the introduction at trial of any evidence relating to its foreign activities and on the subject of foreign regulatory actions. Unlike here, the pharmaceutical defendant produced all such evidence in discovery but sought to exclude it at trial arguing that such evidence is irrelevant as a matter of law in a United States product liability litigation governed by United States law. They also argued that the evidence was only marginally relevant at best and that its potential for undue prejudice, confusion and waste of time warranted exclusion under Rule 403. In rejecting that pharmaceutical company's argument, the Court though found no legal basis upon which to rule that testimony regarding foreign regulatory actions was irrelevant as a matter of law in a United States products liability case governed by American law. Id at 552. In In re Rezulin, the court also noted that the authorities cited by the defendants did not stand for this broad proposition, but rather reflect decisions by various courts to exercise their discretion, in particular cases, to admit or exclude testimony on foreign standards or practices, and decided that any ruling as to the relevancy of otherwise admissible evidence concerning foreign regulatory actions would be premature. Id.

Similarly, in Novartis Pharmaceuticals Corp. v. Abbott Laboratories, 203 F.R.D. 159, 164 (D. Del. 2003) the Court rejected the argument that foreign evidence is irrelevant. In that case, a patent holder infringement action; the plaintiff sought the production of defendant's foreign sales and marketing documents. Plaintiff contended that the sales documents should be produced because the documents would facilitate damages calculations, revealing the extent of defendant's infringement. (Id. at 164). The Court was persuaded that the foreign sales and

marketing documents were relevant to the subject matter of the lawsuit and found that defendant's production of only domestic sales and marketing documents was inadequate and did not satisfy its burden under Rule 26(b)(1) to produce all relevant, non-privileged documents. Id.

The circumstances and issues resolved in In re Rezulin and Novartis are very similar to the ones presented in the instant action. Both involve pharmaceutical companies and a dispute regarding information related to foreign regularity action. In re Rezulin is even more identical to the present case in that both cases involve suits brought by individual (not class) plaintiffs and the claims are consolidated in an MDL.

The plaintiffs in the instant action are merely seeking discovery of material similar to that which the Rezulin and Novartis courts ruled was not only discoverable but relevant and likely admissible as well. If the In re Rezulin ruled the foreign regulatory information was not only discoverable but may be admissible at trial, the same information is at the very least discoverable in this action and should be produced despite the minimal burden of such production to the defendant.

### B.  If the evidence is discoverable in at least one jurisdiction it should be discoverable in the MDL with the question of admissibility left to the individual jurisdictions to decide.

In these MDL proceedings, this Court is responsible for overseeing discovery that may apply to all federal actions from all 50 states and territories in the Federal system. Similarly, the PSC is charged with conducting discovery that will apply to cases that are pending or which may be pending in every state and territory within the Untied states. Because the Court and the PSC must anticipate the substantive law of each of these jurisdictions, the Court must permit discovery to broadly capture evidence that may be relevant under any state laws, even if the same evidence may not be admissible under the substantive state law of even a majority of other

states. Accordingly, if foreign evidence sought by the PSC is found to be relevant (and admissible) under the substantive law of even one state over which this Court has jurisdiction, the evidence must be discoverable by the PSC.

Clearly, the substantive law of the states may permit the introduction of foreign evidence in a product liability case. In <u>Earl v. Gulf & Western Mfg. Co.</u> 366 N.W. 2d 160 (Wis. App. 1985), for example, Gulf & Western argued that the trial court's order requiring it to produce information regarding foreign standards, shipments, manufacturing and guarding of presses called for irrelevant information. The Court though disagreed and ruled that if other countries required Gulf & Western to install safety features on their presses in addition to those which Gulf & Western installed routinely, that information would be relevant to show that Gulf & Western had notice that additional guarding was considered necessary by presumably reasonable people and that unguarded presses might be unreasonably dangerous. Accordingly, the <u>Earl</u> Court held the information was relevant. <u>Id</u>. at 164. (Note: the Earl court also concluded that production of the foreign regulatory information was not unduly burdensome. <u>Id</u>. at 207-208)

Other courts have also addressed the appropriateness of admitting foreign designs in American product liability actions. For example, in <u>Cantrell v. Hennesseey Ind., Inc.</u>, 829 S.W. 2d 875, 877 (Tex. App. 1992), <u>cert. denied,</u> 508 U.S. 912 (1993) the Texas Court of Appeals concluded that design information from foreign jurisdictions was relevant to plaintiff's design defect case. The court concluded that: "[w]hether a safer design suitable for one machine is adaptable to another is a question of feasibility to be decided by the trier of fact, not a question to be resolved in ruling on discovery requests. Evidence of the actual use of, or availability of practical, safer alternatives is therefore relevant." <u>Id</u>. <u>See also</u>, <u>Sherry v. Massey-Ferguson, Inc.</u>, 1997 WL 480893 (W.D. Mich 1997) ("Evidence of European tractor designs is relevant to

W:\25000-29999\27115\000\PLD\Motion to Compel - Memo in Support re Foreign Related Activities FINAL 2005-8-25.doc

8

plaintiffs' claim of defective design and is admissible on the questions of feasibility and knowledge."); Blevins v. New Holland America, 128 F. Supp. 2nd 952 (W.D.Va. 2001) ("*I know of no legal doctrine-nor has any been cited to me-that would make [foreign safety standards] inadmissible under any circumstances. Both engineering principles and human nature transcend national boundaries and thus under certain circumstances proof of foreign standards may be relevant and helpful to a jury in determining these issues.*"); Tews v. Husqvarna, Inc., 390 N.W. 2d 363, 367 (Minn.App.1986).

The admissibility of evidence is relevant in the discovery process so long as the information sought appears to be reasonably calculated to lead to discovery of admissible evidence. FRCP 26(b)(1); Rozier v. Ford Motor Company, 573 F. 2nd 1332 (5th Cir., 1978). It is clear that the evidence being sought may provide state of mind evidence, state of knowledge evidence, feasibility evidence, and standard of care evidence. Many courts have allowed discovery of such evidence and admitted such at trial and we ask this court to do the same.

The foreign regulatory information being sought in the instant action is potentially relevant and discoverable in many, if not all, jurisdictions in which MDL cases will be remanded back to for trial. Because of this the foreign regulatory information should be discoverable in all MDL cases with the issue of admissibility left up to the trial court to decide.

IV. **Conclusion**

The information is relevant and the burden of production is minimal in light of the benefit. Therefore, the Requests for Production are proper and Merck should be compelled to respond. This issue has been resolved on more than one occasion in various federal jurisdictions. Therefore, the court should rule in accordance with the current legal authority. Finally, as a

practical matter, the information is discoverable so as not to prejudice plaintiffs with claims that will ultimately be tried in venues with liberal discovery rules.

Respectfully submitted,

/s/ Russ M. Herman

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591<br><br>Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555<br><br>Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973<br><br>Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059<br><br>Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |

| Carlene Rhodes Lewis, Atty. | Christopher Vincent Tisi, Esq. |
|---|---|
| 2200 Texaco Heritage Plaza | 2000 L Street, NW |
| 1111 Bagby | Suite 400 |
| Houston, TX  77002 | Washington, DC  20036-4914 |
| PH: (713) 650-0022 | PH: (202) 783-6400 |
| FAX: (713-650-1669 | FAX: (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleadings has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 26th day of August, 2005.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION: | | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO ALL CASES: | | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

*************************************************************************

Enclosure 1, Attached to Memorandum in Support of Motion to Compel

Requests for Production

| Number | Subject Matter of the Request |
|---|---|
| 2 | board presentations |
| 4 | entities affiliated with sale/marketing/production |
| 5 | organizational structure for sale/marketing/production |
| 12 | financial analysis |
| 13 | SOPs |
| 21 | insurance policies |
| 22 | indemnity agreements |
| 23-27 | patents, labeling |
| 34 | ADEs |
| 35-39 | communications with foreign regulatory bodies |
| 41-43 | withdrawal discussions w/ foreign reg bodies |
| 44 | retention of MDs to study safety |
| 46-48 | studies |
| 50 | ADEs, |
| 51 | third party safety/efficacy studies |
| 52 | ADEs post-clinical studies |
| 53 | uncompleted studies |
| 54 | studies |
| 55 | published/unpublished articles |
| 56 | unpublished reports/speeches |
| 57 | studies re: properties |
| 58 | communications w/publications |
| 59 | comparison with other NSAIDs |
| 60 | studies of any other NSAIDs |
| 61 | studies re cardio and other adverse reactions |
| 80-83 | ADEs and comparison documents |

| | |
|---|---|
| 85 | ADE estimates/calculations |
| 87-90 | labeling reports/reviews, AERT meetings, AEIM memos |
| 91 | WPCRC meetings |
| 92 | comparison w/ Celebrex sales – US and foreign |
| 95 | pharacogenetics |
| 96-105 | labeling, label changes, warnings |
| 106-110 | marketing |
| 111-117 | sales rep training, hand-outs |
| 118-122 | sales projections/results |
| 123 | safety info |
| 124 | sales projections/results |
| 125-127 | sales reps, training, promo materials |
| 128-135 | advertising |
| 136 | identification of marketing employees/agents/third parties |
| 137-138 | advertising |
| 139-140 | safety/efficacy |
| 141-143 | payments for studies/consulting |
| 144 | communications re clinical trials, consulting |
| 145 | promo materials |
| 146 | safety/efficacy comparison info |
| 147 | Rx formulary materials |
| 148 | advertising rules |
| 151 | other lawsuits |
| 152 | depo transcripts from other lawsuits |
| 153 | transcripts from reg hearings, etc. |
| 154 | sworn statements |
| 155-157 | documents from other litigation |
| 158 | investigations, inquiries |
| 159 | claim projections for litigation |
| 161 | post 9/3/04 advertising |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION: | | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO ALL CASES: | | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

## NOTICE OF HEARING

Please take notice that, upon the pleadings, the depositions, and other matters of record, the undersigned will move the Court before the Honorable Judge Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, Room C456, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana, 70130, pursuant to Orders of the Court, at 3:00 o'clock p.m., at the weekly discovery status conference on the 1st day of September, 2005, or as soon thereafter as counsel can be heard, for an order on the PLC's/PSC's Motion to Compel Answers to Master Set of Interrogatories and Responses to Master Set of Request for Production of Documents (Foreign Vioxx Related Activities), and for such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH:    (504) 581-4892
FAX:  (504) 561-6024
**Plaintiffs' Liaison Counsel**

W:\25000-29999\27115\000\PLD\Motion to Compel - Notice of Hearing re Foreign Related Activities FINAL 2005-8-25.doc

1