BEFORE THE JUDICIAL PANEL ON MULTIDISTRCT LITIGATION

| | | |
|---|---|---|
| IN RE:VIOXX | ) | MDL DOCKET NO. 1657 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | JUDGE FALLON |
| | ) | |
| DAVID ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - VS - | ) | MDL CASE NO. CA 05-1582 L (3) |
| | ) | |
| MERCK & CO., INC.; PFIZER, INC.; NICOLE G. MARTIN, DPH; MART W. JAMES; BETHANY WILKS; STEPHANIE B. (BUCK) ISON; SHAY INGRAM; VINAY KRISHAN SOOD; MICHAEL RICHARDS; PATRICIA BLASINGAME; SCOTT EVANS; AND D. DOWDY DISHELL | ) ) ) ) ) ) ) ) ) | Removed from the Circuit Court for Madison County, Tennessee at Jackson, Civil Action No. C-05-35, Div. 3 Jury Demand |
| Defendants. | ) | |

FILED EASTERN DISTRICT COURT OF LA
2005 SEP 29 PM 3:30
LORETTA G. WHYTE CLERK

### PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff David Robbins, by and through his attorneys, moves this Honorable Court for an order amending the complaint to add additional defendants. In support of this motion plaintiff attaches hereto a proposed first amended complaint.

Respectfully Submitted,

Jacks Law Firm

*[signature]* James L. Wright w/permission

Tommy Jacks (TX Bar #10452000)
James L. Wright (TX Bar #22038500)
Mark Guerrero (TX Bar #24032377)
111 Congress Avenue
Suite 1010
Austin, TX 78701

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

Hill Boren P.C.
Steven G. Ohrvall (BPR #023414)
T. Robert Hill (BPR #008141)
Attorneys for Plaintiff
1269 North Highland Avenue
P.O. Box 3539
Jackson, Tennessee 38303-3539
(731) 423-3300

Mithoff Law Firm
Richard Warren Mithoff (TX Bar #14228500)
Joseph R. Alexander, Jr. (TX Bar #00995150)
One Allen Center
Penthouse
500 Dallas
Houston, Texas 77002

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is attorney of record for plaintiffs and has served a true and correct copy of the foregoing pleading by United States Mail, postage paid, to counsel of record listed below.
This the 29th day of September, 2005.

HILL • BOREN P.C.

_James T. Wright w/ permission_
T. Robert Hill

James M. Doran, Jr.
Lela M. Hollabaugh
Waller, Lansden, Dortch & Davis, PLLC
511 Union Street
Suite 7200
Post Office Box 198966
Nashville, TN 37219
(615) 244-6380
Attorneys for Defendant Merck & Co., Inc.
    and Defendant Sales Reps

Lawrence W. White

R. Scott Vincent
Leitner, Williams, Dooley & Napolitan, PLLC
254 Court Avenue
Second Floor
Memphis, TN 38108
(901) 527-0214
Attorneys for Defendant Nicole G. Martin, DPH

BEFORE THE JUDICIAL PANEL ON MULTIDISTRCT LITIGATION

| | |
|---|---|
| IN RE:VIOXX ) | MDL DOCKET NO. 1657 |
| ) | |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | JUDGE FALLON |
| ) | |
| DAVID ROBBINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| - VS - ) | MDL CASE NO. CA 05-1582 L (3) |
| ) | |
| MERCK & CO., INC.; PFIZER, INC.; ) | |
| NICOLE G. MARTIN, DPH; MART W. ) | |
| JAMES; BETHANY WILKS; ) | Removed from the Circuit Court for |
| STEPHANIE B. (BUCK) ISON; ) | Madison County, Tennessee at Jackson, |
| SHAY INGRAM; VINAY KRISHAN ) | Civil Action No. C-05-35, Div. 3 |
| SOOD; MICHAEL RICHARDS; ) | Jury Demand |
| PATRICIA BLASINGAME; SCOTT ) | |
| EVANS; AND D. DOWDY DISHELL ) | |
| ) | |
| Defendants. ) | |

## *FIRST AMENDED COMPLAINT*

The plaintiff, David Robbins, sues the defendants for compensatory and punitive damages and for his cause of action respectfully states:

### PLAINTIFF'S IDENTIFICATION

Plaintiff is a resident and citizen of Newbern, Dyer County, Tennessee. He presently resides at 106 Iris Circle, Apartment A, Newbern, Tennessee 38059.

### DEFENDANTS' IDENTIFICATION

1. **Merck & Co., Inc.** (Merck) is a corporation incorporated under the laws of

Page 1

New Jersey, and has its principal place of business and corporate headquarters in White House Station, New Jersey. It is authorized to do business in Tennessee as a registered foreign corporation, and is doing business throughout the State of Tennessee, by and through its duly authorized agents, servants, employees and sales representatives. Defendant has designated a registered agent for service of process in Tennessee and summons may be served on its registered agent for service: CT Corporation; 800 S. Gay St., Ste 2021; Knoxville, TN 37929.

2.  **Pfizer, Inc. (Pfizer)** is a corporation incorporated under the laws of Delaware, and has its principal place of business and corporate headquarters in New York, NY. It is authorized to do business in Tennessee as a registered foreign corporation, and is doing business throughout the State of Tennessee, by and through its duly authorized agents, servants, employees and sales representatives. Defendant may be served at their principal place of business at 235 E. 42nd Street, New York, NY 10017.

3.  **Nicole G. Martin, DPH,** is a pharmacist licensed in the State of Tennessee under License Number #9142. Her business address is Super D #67, 1502 Brayton Avenue, Dyersburg, Tennessee. She resides at 893 Lacebark Cove, Newbern, Dyer County, Tennessee. Defendant Nicole G. Martin, DPH may be served at her residence in Dyer County, Tennessee.

4.  **Mart W. James, DPH,** is a pharmacist licensed in the State of Tennessee under License Number #4678. The business address of Mart W. James is Super D #67, 1502 Brayton Avenue, Dyersburg, Tennessee. Mart W. James may be served with process at the resident address at 487 Oakridge Road Extended, Dyersburg, TN 38024.

5.	**Bethany Wilks, DPH,** is a pharmacist licensed in the State of Tennessee under License Number #9128. The business address of Bethany Wilks is Super D Express RX, 1502 Brayton Avenue, Dyersburg, TN 38024. Bethany Wilks may be served with process at her residence at 1492 Yellow Twig Lane, Dyersburg, TN 38024.

6.	In 2003 and early 2004, **Stephanie (Buck) Ison, Courtney Shay (Ingram) McMakin, Vinay Krishan Sood, Michael Richards, Patricia Blasingame and Scott Evans** were sales representatives/employees/agents of the defendant Merck. Stephanie B. (Buck) Ison is an adult citizen and resident of Shelby County, Tennessee who resides and may be served with process at 408 South Front Street, Apt. 314, Memphis, TN 38103. Courtney Shay (Ingram) McMakin is an adult citizen and resident of Madison County, Tennessee who resides and may be served with process at 17 Barrymore Cove, Jackson, Tennessee 38305. Vinay Krishan Sood is an adult citizen and resident of Madison County, Tennessee. He resides and may be served with process at 41 Valleyfield Cove, Jackson, Tennessee 38305. Michael Richards is an adult citizen and believed to reside in Madison County, Tennessee. His current address is 430 Roland Avenue, Jackson, Tennessee 38301. Patricia Blasingame is an adult citizen and resident of Shelby County, Tennessee. She resides and may be served with process at 7095 Braden Road, Arlington, TN 38002. Scott Evans is an adult citizen whose address is unknown at this time.

Stephanie B. (Buck) Ison, Courtney Shay (Ingram) McMakin, Vinay Krishan Sood, Michael Richards, Patricia Blasingame and Scott Evans were sales representatives (detail person) for Merck Co., Inc. They periodically made personal sales calls on plaintiff Mr. Macklin's physician for the purpose of "detailing" Vioxx in order to increase the number of

Page 3

prescriptions written for this drug.

7. In 2003 and early 2004, **D. Dowdy Dishell** was a sales representative/employee/agent of the defendant Pfizer. D. Dowdy Dishell is an adult citizen and resident of Obion County, Tennessee. She resides at 5009 Will Dickerson Road, Union City, TN 38261 and may be served with process at her resident address.

D. Dowdy Dishell was a sales representative (detail person) for Pfizer, Inc. She periodically made personal sales calls on plaintiff Mr. Robbins' physician for the purpose of "detailing" Pfizer's products, including Bextra, in order to increase the number of prescriptions written for their drugs.

## JURISDICTION AND VENUE

8. All of the defendants are amenable to service of process by a Tennessee court. Venue is proper in Madison County, Tennessee because one or more of the defendants resides in Madison County.

## FACTS

9. This lawsuit arises out of the injuries to David Robbins. On February 10, 2004, David Robbins suffered a stroke that he believes was caused by the drug Vioxx and Bextra. Before the stroke, David Robbins was a healthy 51 year old man, who was employed and earning a living. David Robbins had no prior history of cerebrovascular disease. Other than the symptoms necessitating the use of Vioxx and Bextra, David Robbins was in good health. While taking the prescription drug Bextra, he suffered a stroke resulting in permanent injury.

Page 4

10. David Robbins was prescribed a drug product known by the brand name "Vioxx" and "Bextra" for osteoarthritis. He ingested Vioxx beginning on October 29, 2001. He then ingested Bextra beginning June 17, 2002. The drug Vioxx was designed, manufactured, marketed, sold, and/or supplied by Defendant Merck.

11. The drug Bextra was designed, manufactured, marketed, sold, and/or supplied by Defendant Pfizer.

12. Plaintiff believes that the combination of Vioxx and Bextra caused his stroke.

### Strict Product Liability

13. Plaintiff incorporates by reference the relevant and consistent allegations of the preceding paragraphs as if included herein.

14. Vioxx was manufactured or supplied by the Defendant Merck and placed into the stream of commerce in a defective or unreasonably dangerous condition in that the foreseeable risks exceeded the benefits associated with the design or formulation.

15. Alternatively, Vioxx when manufactured, and placed in the stream of commerce by the Defendant Merck was defective in design or formulation or it was unreasonably dangerous.

16. Furthermore, Vioxx was defective due to inadequate testing and warnings.

17. Bextra was manufactured or supplied by the Defendant Pfizer and placed into the stream of commerce in a defective or unreasonably dangerous condition in that the foreseeable risks exceeded the benefits associated with the design or formulation.

18. Alternatively, Bextra when manufactured, and placed in the stream of commerce by the Defendant Pfizer was defective in design or formulation or it was unreasonably dangerous.

Page 5

19. Furthermore, Bextra was defective due to inadequate testing and warnings.

20. The Plaintiff relies upon the doctrine of strict liability as defined in the Tennessee Products Liability Act and the common law of Tennessee.

### *Negligence*

21. Defendant, Merck has a duty to exercise reasonable care in the manufacture, sale and/or distribution of Vioxx, including a duty to assure that the drug does not cause users to suffer from unreasonable, dangerous side effects. Merck failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, warning, quality control and/or distribution of Vioxx in that the Defendant knew or should have known that the drugs created a high risk of unreasonable, dangerous side effects, including heart attack, stroke and death.

22. The Defendant, Merck was negligent in the design, manufacture, testing, warning and sale of the drugs, in the following particulars:

   a. Failed to use due care in designing and manufacturing Vioxx;

   b. Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of Vioxx;

   c. Failed to provide adequate training to medical care providers for appropriate use of Vioxx;

   d. Failed to adequately test Vioxx including, without limitation, the possible adverse side effects caused by Vioxx;

   e. Failed to warn of the dangerous side effects of stroke, heart attack and sudden death;

   f. Failed to report adverse reaction caused by Vioxx, including stroke, heart attack and sudden

Page 6

death;

g. Failed to adequately warn physicians and patients of the risk of serious injury, including heart attack, stroke and death from taking Vioxx;

h. Misrepresented the safety of Vioxx to the Food and Drug Administration (FDA), to physicians and to the public;

i. Failed to investigate reports of serious injury, including heart attack, stroke and death and timely report that information to the FDA; and

j. In such other and further particulars as may be developed through the discovery or proven at trial.

23. Despite the fact that Merck and their sales employees knew or should have known that the drug caused unreasonable, dangerous side effects, including heart attacks, stroke and death, the Defendant Merck continued to market the drug to consumers, including David Robbins.

24. Defendant, Pfizer has a duty to exercise reasonable care in the manufacture, sale and/or distribution of Bextra, including a duty to assure that the drug does not cause users to suffer from unreasonable, dangerous side effects. Merck failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, warning, quality control and/or distribution of Bextra in that the Defendant knew or should have known that the drugs created a high risk of unreasonable, dangerous side effects, including heart attack, stroke and death.

25. The Defendant, Pfizer was negligent in the design, manufacture, testing, warning and sale of the drugs, in the following particulars:

a. Failed to use due care in designing and

Page 7

Case 2:05-md-01657-EEF-DEK Document 960 Filed 09/29/05 Page 11 of 18

        manufacturing Bextra;

b. Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of Bextra;

c. Failed to provide adequate training to medical care providers for appropriate use of Bextra;

d. Failed to adequately test Bextra including, without limitation, the possible adverse side effects caused by Bextra;

e. Failed to warn of the dangerous side effects of stroke, heart attack and sudden death;

f. Failed to report adverse reaction caused by Bextra, including stroke, heart attack and sudden death;

g. Failed to adequately warn physicians and patients of the risk of serious injury, including heart attack, stroke and death from taking Bextra;

h. Misrepresented the safety of Bextra to the Food and Drug Administration (FDA), to physicians and to the public;

i. Failed to investigate reports of serious injury, including heart attack, stroke and death and timely report that information to the FDA; and

j. In such other and further particulars as may be developed through the discovery or proven at trial.

26. Despite the fact that Pfizer and their sales employees knew or should have known that the drug caused unreasonable, dangerous side effects, including heart attacks, stroke and death, the Defendant Pfizer continued to market the drug to consumers, including David Robbins.

Page 8

### *Misrepresentation*

27.   Merck and its sales representatives made material representations to the general public, to prescribing physicians, the Food and Drug Administration and/or to potential users of the drugs such as the Plaintiff, that Vioxx was thoroughly tested and proven safe.

28.   Pfizer and its sales representatives made material representations to the general public, to prescribing physicians, the Food and Drug Administration and/or to potential users of the drugs such as the Plaintiff, that Bextra was thoroughly tested and proven safe.

29.   The Plaintiff and his physician reasonably relied upon such representations in deciding to use Vioxx and subsequently Bextra. But for such representations of safety, Plaintiff's physician would have not prescribed and David Robbins would not have used the drugs.

30.   At the time the representations were made, they were untrue and Merck and/or its sales representatives, knew or should have known they were untrue.

31.   At the time the representations were made, they were untrue and Pfizer and/or its sales representatives, knew or should have known they were untrue.

32.   The Defendant Merck and its sales representatives failed to tell the Plaintiff and his physician that Vioxx could cause heart attacks, stroke and sudden death.

33.   The Defendant Pfizer and its sales representatives failed to tell the Plaintiff and his physician that Bextra could cause heart attacks, stroke and sudden death.

34.   The representations were material and induced the Plaintiff to use Vioxx. If David Robbins had been told that Vioxx could cause a heart attack, stroke or sudden

Page 9

death, he would not have used the drug.

35. The representations were material and induced the Plaintiff to use Bextra. If David Robbins had been told that Bextra could cause a heart attack, stroke or sudden death, he would not have used the drug.

### Merck Sales Representatives' Negligence

36. The defendant sales representatives, Stephanie B. (Buck) Ison, Courtney Shay (Ingram) McMakin, Vinay Krishan Sood, Michael Richards, Patricia Blasingame and Scott Evans, in their individual capacity, were negligent in the following particulars:

   a. Made material representations to Plaintiff's physician that Vioxx was thoroughly tested and proven safe which representations were untrue;

   b. Failed to warn Plaintiff's physician that Vioxx was unsafe for its intended and foreseeable use and had unreasonably dangerous side effects including heart attack, stroke and sudden death;

   c. Concealed relevant information that should have been shared with Plaintiff's physician relative to the dangers/risks regarding Vioxx associated with the drug of heart attack, stroke and sudden death.

   d. Conspired with Defendant Merck to conceal relevant health information from Plaintiff's physician in order to increase sales of Vioxx.

### Pfizer Sales Representatives' Negligence

37. The defendant sales representative, D. Dowdy Dishell, in her individual capacity, was negligent in the following particulars:

   a. Made material representations to Plaintiff's physician that Bextra was thoroughly tested and proven safe which representations were untrue;

   b. Failed to warn Plaintiff's physician that Bextra was unsafe for its intended and foreseeable use and had unreasonably dangerous side effects including heart attack, stroke and sudden death;

   c. Concealed relevant information that should have been shared with Plaintiff's physician relative to the dangers/risks regarding Bextra associated with the

Page 10

drug of heart attack, stroke and sudden death.

d. Conspired with Defendant Pfizer to conceal relevant health information from Plaintiff's physician in order to increase sales of Bextra.

### Pharmacist's Negligence

38. Plaintiff incorporates herein by reference the relevant and consistent allegations of the preceding paragraphs as if included herein.

39. In pleadings recently filed in other Vioxx litigation, defendant Merck has accused other professionals of failing to assess information readily available to professionals such as physicians, pharmacists, etc. and failing to pass that information on to their patients and customers by way of warnings and failing to act with reasonable care in prescribing and/or selling Vioxx when they knew or should have known of its defective or dangerous side effects such as stroke, heart attack and sudden death.

40. Based on these allegations by Merck, Plaintiff sues Nicole G. Martin, DPH, Mart W. James, DPH and Bethany Wilks, licensed pharmacists, for negligence in filling plaintiff's Vioxx prescription and Bextra prescription when they knew or should have known of the increased risk of stroke and for failing to adequately warn the plaintiff of the risk of stroke associated with ingesting both Vioxx and Bextra. Their negligence was a contributing cause to the Plaintiff's injury and damages.

### Legal Cause

41. The acts of negligence, misrepresentation, strict liability, breach of warranty by defendants were a legal cause of David Robbins' injuries and damages.

### Vicarious Liability

Page 11

42. Merck is vicariously liable for the acts and/or omissions of their sales employees and possibly others which caused damage to the Plaintiff by virtue of the doctrine of respondent superior.

43. Pfizer is vicariously liable for the acts and/or omissions of their sales employees and possibly others which caused damage to the Plaintiff by virtue of the doctrine of respondent superior.

### Joint and Several Liability

44. All defendants are jointly and severally liable for their negligence, strict liability, misrepresentations and other acts done in concert or in promotion of a joint venture.

### COMPENSATORY DAMAGES

45. As a direct result of the conduct described above, Plaintiff sustained the following injuries and damages:

   a. Permanent injury to David Robbins' body and mind;

   b. Physical and mental pain, suffering and anguish, both past and future;

   c. Past and future economic losses such as medical and other expenses and lost earning capacity;

   d. The past and future loss of the enjoyments of life;

   e. Such other damages allowed by law of Tennessee including pre-judgment interest and discretionary costs.

### PRAYER FOR COMPENSATORY DAMAGE

46. Plaintiff prays for the following relief:

   a. Compensatory damages in an amount not to exceed $3,000,000.00;

   b. For such further relief as this Court deems necessary, just and proper including court costs and plaintiff's reasonable litigation expenses allowed by law and pre-judgment interest.

## COUNT II
## CLAIM FOR PUNITIVE DAMAGES

47. The Plaintiff incorporates all of the claims and allegations in paragraphs 6 through 45 of this Complaint and further say that defendants' acts were malicious, intentional, grossly negligent and/or reckless and that David Robbins is entitled to recover punitive damages in a sum not to exceed $25,000,000.00 in addition to his compensatory damage claim. The defendants Nicole G. Martin, DPH, Mart W. James, DPH and Bethany Wilks are not sued for punitive damages.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

*James T. Wright w/permission*

Steven G. Ohrvall (BPR #023414)
T. Robert Hill (BPR #008141)
HILL • BOREN, P.C.
1269 North Highland Avenue
P.O. Box 3539
Jackson, Tennessee 38303-3539
(731) 423-3300

Richard Warren Mithoff (TX Bar #14228500)
Joseph R. Alexander, Jr. (TX Bar #00995150)
Mithoff Law Firm
One Allen Center
Penthouse

Page 13

500 Dallas
Houston, Texas 77002

Tommy Jacks (TX Bar #10452000)
James L. Wright (TX Bar #22038500)
Mark Guerrero (TX Bar #24032377)
Jacks Law Firm
111 Congress Avenue
Suite 1010
Austin, TX 78701

Attorneys for Plaintiff

## COST BOND

I, as the attorney acknowledge myself as surety for costs pursuant to T.C.A. §20-12-125.

HILL • BOREN P.C.

T. Robert Hill (BPR #008141)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is attorney of record for plaintiffs and has served a true and correct copy of the foregoing pleading by United States Mail, postage paid, to counsel of record listed below.
This the _29_ day of _September_, 2005.

HILL • BOREN P.C.

T. Robert Hill

James M. Doran, Jr.
Lela M. Hollabaugh
Waller, Lansden, Dortch & Davis, PLLC
511 Union Street
Suite 7200
Post Office Box 198966

Page 14

Nashville, TN 37219
(615) 244-6380
Attorneys for Defendant Merck & Co., Inc.
      and Defendant Sales Reps

Lawrence W. White
R. Scott Vincent
Leitner, Williams, Dooley & Napolitan, PLLC
254 Court Avenue
Second Floor
Memphis, TN 38108
(901) 527-0214
Attorneys for Defendant Nicole G. Martin, DPH

Page 15