## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL NO 1657 |
| | ) | |
| | ) | SECTION:  L(3) |
| | ) | |
| This Document Relates to: *Molder et al. v.* | ) | JUDGE FALLON |
| *Merck & Co., Inc. et al.,* No. 2:05-CV-02929 | ) | MAG. JUDGE KNOWLES |

## MOTION OF DEFENDANT JOE'S PHARMACY, INC. TO DISMISS AND FOR ALTERNATIVE RELIEF

**COMES NOW**, Defendant Joe's Pharmacy, Inc. and for its motion to dismiss states the following:

### GENERAL FACTUAL BACKGROUND APPLICABLE TO EACH MOTION

1.     Plaintiff Robert Fortner, a member of the group of plaintiffs in the above styled cause, filed a petition alleging that he suffered injuries stemming from his use of the prescription drug Vioxx.  Mr. Fortner claims he purchased the drug from Joe's Pharmacy, Incorporated, a Missouri Corporation based in Lebanon, Missouri.

2.     Mr. Fortner's claims sound in strict products liability, negligence, and breach of implied warranty. Also he alleges that he is a Missouri resident.

3.     Mr. Fortner is the only plaintiff herein who purchased Vioxx from Joe's Pharmacy as well as the only plaintiff herein seeking recovery from Joe's Pharmacy for any exposure to the drug Vioxx.  No other plaintiffs allege facts seeking recovery against Joe's for their injuries.

4.     Attached as Exhibit A is the Affidavit of Joe Bartholomew registered Pharmacist and President of Joe's Pharmacy, Inc. attesting to relevant facts herein,

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

## MOTION TO DISMISS ON THE BASIS OF FRAUDULENT AND IMPROPER JOINDER OF PARTIES AND CLAIMS

1.      Defendant incorporates by reference paragraphs 1 through 4 of its General Factual Background.

2.      Under 28 USC §1332 the district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.

3.      Actions in which a district court possesses original jurisdiction under §1332 may be removed from state court to federal court so long as none of the properly joined and served defendants is a citizen of the State in which the action is brought.  See 28 U.S.C. §1441.  An action pending in state court may be removed even if complete diversity does not exist if nondiverse defendants have been joined fraudulently or pretensively to circumvent the requirement of complete diversity.

4.      Mr. Fortner's claim against Joe's Pharmacy has been fraudulently and pretensively joined with other unrelated cases for the purposes of defeating federal diversity jurisdiction.  The claims of all other plaintiffs are completely separate and distinct from Mr. Fornter's, in that:

    (a)      No other plaintiffs besides Fr. Fortner have alleged liability against Joe's Pharmacy Inc.,

    (b)      The circumstances under which the Vioxx was purchased and taken by each Plaintiff involve separate and distinct purchases, including different physical conditions necessitating Vioxx, separate prescriptions from prepared by various doctors, and separate purchases from different stores and pharmacies.

5.      As a result of this factual disparity among the various claims, Joe's Pharmacy, Inc. bears no alleged joint or several liability with other defendants aside from Merck & Co., Inc.

2

6.     Thus, each case involves separate questions of fact and law.

7.     Because the claims involve separate questions of fact and law, and lack a logical relationship to each other, the only conceivable purpose for their inclusion is to defeat federal diversity jurisdiction.  As a result, Defendant Joe's Pharmacy Inc. has been fraudulently and pretensively joined in the above styled matter and Mr. Fortner's claim against Joe's Pharmacy, Inc. should be dismissed.

**WHEREFORE**, Defendant Joe's Pharmacy, Inc. prays that Plaintiffs' Petition be dismissed and Defendant prays for further relief this Court deems just and proper under the circumstances.

## MOTION OF DEFENDANT JOE'S PHARMACY INC. TO SEVER AND DISMISS

**COMES NOW**, Defendant Joe's Pharmacy, Inc. and for its alternative motion to sever states the following:

1.     Defendant incorporates by reference paragraphs 1 through 4, enumerated in its General Factual Background.

2.     Rule 20, Federal Rules of Civil Procedure allows for the joining of defendants, if there is asserted against them jointly, severally or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

3.     The claims of plaintiffs other that Robert Fortner brought in the above styled matter have been improperly joined with the claims of Robert Fortner. They involve separate transactions and occurrences and lack common questions of law and fact.

4.     Although, this inquiry is fact intensive, several courts, including those discussed in Defendant's memorandum, look to the relationship between transactions, the timing of the

3

transactions, and whether the defendants acted in concert with one another.  See, Saval v. BL
LTD, 710 F.2d 1027 (2nd circ. 1983), Kenvin v. Newburger, 37 F.R.D. 473 (S.D.N.Y), Nassau
County v. Aetna Life & Casualty, and Mosley v. General Motors Corp., 497 S.2d 1330 (8th
Circ. 1974).

     5.     The claims made in this case bear no relationship to one another.  They do not
arise out of the same transaction and occurrence or series of transactions.  In fact, Plaintiffs'
Petition patently demonstrates in their factual allegations that the Vioxx was purchased at
different times, pursuant to different prescriptions and from different stores unrelated to one
another.  Simply, a purchase of Vioxx at Walgreens or Wal-Mart has no relationship to the
purchase of Vioxx at Joe's Pharmacy or any other store.

     6.     Because the claims do not arise out of the same transaction and occurrence, they
do not meet the requirements of Rule 20 and should be dismissed or in the alternative severed.

     **WHEREFORE**, Defendant Joe's Pharmacy, Inc. prays that Plaintiffs' Petition be
dismissed or in the alternative that Plaintiffs' claims be severed in accordance with Rule 20,
Federal Rules of Civil Procedure and for such further relief this Court deems just and proper
under the circumstances.

### MOTION OF DEFENDANT JOE'S PHARMACY'S, INC.  TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

     Comes Now Defendant Joe's Pharmacy, Inc. by its undersigned counsel and moves to
dismiss Plaintiff Robert Fortner's Petition pursuant to Rule Civil Procedure 12 (b)(6), for the
following reasons:

     1.     Defendant incorporates by reference paragraphs 1 through 4 as enumerated in its
General Factual Background.

2.     In Missouri a pharmacist is included in the definition of a "Health Care Provider". See RSMo §538.205.

3.     The State of Missouri defines health care services as "any services that a healthcare provider renders to a patient in the ordinary course of the healthcare provider's profession and includes the transfer of goods to a patient. See RSMo. Section 538.205(5).

4.     In accordance with the holding in Budding v. SSM Health Care System, 19 S.W. 3d 678 (Mo. Banc 2000), strict product liability claims against healthcare providers are barred.

5.     In Budding, the Missouri Supreme Court decided that it would be illogical to allow strict liability claims, because the deviation from the standard of care is not a necessary element of a strict products liability action. This logic also applies to breach of contract actions, as no deviation from the standard of care is required to succeed on a breach of contract or breach of warranty claim.

6.     As a result, Plaintiff Robert Fortner cannot maintain a cause of action against this Defendant for breach of contract or for breach of warranty.

7.     Plaintiff also fails to state a cause of action for a breach of the duty to warn.

8.     In Missouri, it is the general rule that a pharmacist cannot be held liable for a failure to warn. See Kampe v. Howard, 841 S.W. 2d 223 (Mo. App. W.D. 1992). The duty to warn of a product's possible side effects applies to prescribing physicians and manufacturers. See Krug v. Sterling Drug, Inc., 416 S.W. 2d 143 (Mo. 1967).

9.     In accordance with Missouri law Plaintiffs are, therefore, precluded from maintaining a cause of action against a pharmacist based upon a failure to warn theory.

**WHEREFORE**, Defendant Joe's Pharmacy, Inc. requests this Court enter its Order

5

dismissing all counts of Plaintiff Robert Fortner's Petition against Defendant Joe's Pharmacy, Inc. and for such further relief this Court deems just and proper under the circumstances.

### ALTERNATIVE MOTION TO DISMISS PURSUANT TO RSMo. 537.762

Comes Now, Defendant Joe's Pharmacy and moves this to dismiss Plaintiff Robert Fortner's Petition pursuant to §537.762 RSMo. 2000 for the following reasons:

1.  Defendant incorporates by reference paragraphs 1 through 4 as enumerated in its General Factual Background above.

2.  In addition to the allegations against Joe's Pharmacy, Inc. Plaintiff identifies Merck & Co. as the manufacturer of the drug Vioxx, the product he claims to be dangerous and defective for purposes of his claim.

3.  According to RSMo. §537.762(1), " a defendant whose liability is based solely on its status as a seller in the stream of commerce may be dismissed from a products liability claim in which the manufacturer is properly before the court and from whom total recovery may be had for plaintiff's claim.

4.  If it is determined that Joe's Pharmacy, Inc. bears any liability to Plaintiff, that liability only exists as a result of the sale of the drug Vioxx. See Attached Affidavit of Joe Bartholomew, incorporated as Exhibit A.

5.  Defendant Merck & Co. is the manufacturer of the product at issue in this case, and is properly before this Court as a Defendant, is solvent to the best of this Defendant's belief, and therefore total recovery can be had from Merck & Company for Plaintiffs, should a verdict be reached in their favor.

6.  Defendant Joe's Pharmacy, Inc. exercised no control over the design and manufacture of the Vioxx and That Joe's Pharmacy, Inc. did not alter or add to the instructions

6

and warnings of the manufacturer.  See Exhibit A.

7.      Defendant Joe's Pharmacy, Inc.  made no changes in Vioxx prior to the sale of the product to consumers.

8.      As a result, Defendant Joe's Pharmacy, Inc.  should be dismissed from this lawsuit pursuant to RSMo. §537.762, Missouri's Innocent Seller Statute.

**WHEREFORE**, Defendant Joe's Pharmacy prays this Court enter an order dismissing the Counts against it, and for any further relief this Court deems just and proper under the circumstances.

## ALTERNATIVE MOTION TO REMAND TO THE CIRCUIT COURT OF LACLEDE COUNTY, MISSOURI

1.      Defendant incorporates by reference paragraphs 1 through 4 of its General Factual Background.

2.      The present cause of action had been removed to the U.S. District Court, Eastern District of Missouri, before this Defendant was served with process, and therefore this Defendant has had no opportunity to file its motion to transfer venue from the Circuit Court of the City of St. Louis to the Circuit Court of Laclede County, Missouri.

3.      Defendant Amy Sepko and Defendant Sherry Alberts have no involvement in supplying the drug used to fill prescriptions of Vioxx by Plaintiff Robert Fortner's physician for use by Robert Fortner.

4.  Venue in this matter is controlled by §508.010 and §508.040, RSMo. 2000 as those statutes existed at the time of filing and transfer to a county of proper venue is required by §476.410 and Rule 51.045, Missouri Rules of Civil Procedure.

7

5.      If this Defendant's Motion to Dismiss for Fraudulent Joinder, Motion to Dismiss for Improper Joinder, Motion to Sever and Dismiss, Motion to Dismiss for Failure to State a Claim, and Motion to Dismiss Pursuant to Section 537.762, Revised Statutes of Missouri, are all overruled, in the alternative this Defendant contends that the Petition of Robert Fortner against this Defendant should be remanded to the Circuit Court of Laclede County, Missouri which is the county where this Defendant maintained its office for the transaction of its usual and customary business at the time Robert Fortner's Petition was filed and the county where prescriptions given to Robert Fortner were filled, because under the statutes of Missouri venue in the Circuit Court of the City of St. Louis is improper.

**WHEREFORE**, this Defendant prays that if this Defendant's Motion to Dismiss for Fraudulent Joinder, Motion to Dismiss for Improper Joinder, Motion to Sever and Dismiss, Motion to Dismiss for Failure to State a Claim, and Motion to Dismiss Pursuant to Section 537.762, Revised Statutes of Missouri, are all overruled, that the action pending between Robert Fortner and Joe's Pharmacy, Inc. be remanded to the Circuit Court of Laclede County, Missouri, and Defendant prays for such other relief as the Court may deem just and proper.

Stephen D. Hoyne Bar No.: 22104,
USDCEDMO 3437
David C. Berwin Bar No.: 55046
USDCEDMO 510048
Amelung, Wulff & Willenbrock, P.C.
Attorney for Defendants Joe's Pharmacy, Inc.
705 Olive Street, Suite 1100
St. Louis, Missouri  63101
(314) 436-6757 Fax:  (314) 231-7305
sdh@awwstl.com
dcb@awwstl.com

## CERTIFICATE OF SERVICE

Copy of the foregoing was filed this  30th  day of September, 2005 with the Clerk of the U.S. District Court, Eastern District of Louisiana, copies were served on all parties through uploading to Lexis/Nexis File and Serve Service to be served on parties related to this case's transfer to the Eastern District of Louisiana in MDL Docket No. 1657, and a true photocopy was forwarded by first class mail, postage prepaid, addressed to the following:

Jeffrey J. Lowe
Francis J. Flynn
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
Attorneys for Plaintiff Robert Fortner

Joseph P. Danis
Carey & Danis LLC
8235 Forsyth Boulevard, Suite 1100
St. Louis, MO  63105
Attorneys for Plaintiff Robert Fortner

Evan Buxner
Walther Glenn Law Offices
1034 S. Brentwood Blvd., Suite 1300
St. Louis, MO  63117
Attorneys for Plaintiff Robert Fortner

SDH/otc/Prolaw/66-155/19777.doc

IN THE UNITED STATES DISTRICT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MOLDER,  Et.al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No.: 4:05-CV-00667 ERW** |
| | ) |
| **vs.** | ) |
| | ) |
| | ) |
| **MERCK CO., Et. al.** | ) |
| | ) |
| **Defendants.** | ) |

## AFFIDAVIT OF JOE BARTHOLOMEW

Comes Now Joe Bartholomew being of sound mind and body and being duly sworn attests to the following:

1. That I, Joe Bartholomew am a registered pharmacist and the president of Joe's Pharmacy, Inc. a corporation licensed under the laws of the state of Missouri and in good standing.

2. That I have reviewed the business records of said pharmacy and have determined from these records, that Joe's Pharmacy did not sell any Vioxx to:  Margaret Molder, Milton Brewer, Ava Crowley, Christine Moore, Dorothy Green, Robert Overstreet, Mae Rolland, Arthur Newcomb, Belle Magnum, Randy Davis, Jerry Ebbs, Shirley Romines.

3. That I have reviewed the business records of said pharmacy and determined that Vioxx was only sold to Plaintiff Robert Fortner.

4. That said medication was only sold upon the order of Robert Fortner's licensed physician and dispensed as directed by Robert Fortner's physician.

**Exhibit A**
Motion of Defendant Joe's Pharmacy, Inc. to Dismiss
*Molder et al. v. Merck & Co., Inc. et al.*, No. 2:05-CV-02929

5. That Joe's Pharmacy Inc. is not the manufacturer of the drug Vioxx and exercises no control over the design or manufacture of the drug Vioxx.

6. That no changes or alterations were made to the drug Vioxx prior to it being sold to customers.

7. That Joe's Pharmacy passed along said medication with the warnings and instructions from the manufacturer without alteration or change. That Joe's Pharmacy provided no additional instructions or warnings other than those provided to Joe's Pharmacy by its supplier.

8. That if it is determined that Joe's Pharmacy bears any liability to Plaintiff, that said liability could only exist as a result of the sale of the product Vioxx.

9. That all Vioxx dispensed by Joe's Pharmacy to Robert Fortner was manufactured by Merck, a named Defendant in the above entitled lawsuit, from whom total recovery may be obtained.

### **DEFENDANT'S SWORN SIGNATURE**

UNITED STATES DISTRICT COURT )
                                                          )
EASTERN DISTRICT                          )

Comes now Joe Bartholomew President of Joe's Pharmacy Incorporated, and being first duly sworn upon his oath states that he has read the forgoing Affidavit and that the facts and matters contained therein are true and correct according to his best knowledge, information, and belief.

_____
Joe Bartholomew President of Joe's
Pharmacy Incorporated

To Subscribed to and sworn before me, a Notary Public this 10ᵗʰ day of Aug.,2005

_____
NOTARY PUBLIC

My Commission Expires: 3/7/06

2

PAMELA L. DAWSON
Notary Public - Notary Seal
STATE OF MISSOURI
Laclede County
My Commission Expires: March 07, 2006

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL NO 1657 |
| | ) | |
| | ) | SECTION: L(3) |
| | ) | |
| This Document Relates to: *Molder et al. v.* | ) | JUDGE FALLON |
| *Merck & Co., Inc. et al.,* No. 2:05-CV-02929 | ) | MAG. JUDGE KNOWLES |

## MEMORANDUM OF DEFENDANT JOE'S PHARMACY INC. IN SUPPORT OF ITS MOTIONS TO DISMISS AND FOR ALTERNATIVE RELIEF

### Background Facts

Plaintiffs have served a multi-count Petition originally filed in the Circuit court of the city of St. Louis, alleging strict product liability, breach of the duty to warn and breach of implied warranties involving the sale of the prescription drug Vioxx. Plaintiffs characterize Joe's Pharmacy, Inc. as a "seller defendant" in their Petition.

Defendant, Joe's Pharmacy, Inc. is a licensed pharmacy located in Lebanon, Missouri, which is the county seat of Laclede County, Missouri. Plaintiff Robert Fortner alleges that he purchased Vioxx at Joe's Pharmacy, Inc. which is located in Lebanon, Missouri. No other party plaintiff in the lawsuit claims to have purchased Vioxx at Joe's Pharmacy, Inc.

### ARGUMENT

**I. Plaintiff's cause of action should be dismissed because Joe's Pharmacy, Inc. has been pretensively joined in an effort to avoid federal jurisdiction.**

Under 28 U.S.C. §1332 the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. Actions in which a U.S. District court possess original jurisdiction under §1332 may be removed from state court to federal court so long as none of the properly joined and

served defendants is a citizen of the State in which the action is brought. See 28 U.S.C. §1441. As a result, complete diversity is necessary in order for an action involving citizens of different states to be removed to federal court.

An action may be removable even though complete diversity does not exist when a non-diverse defendant has been joined pretensively or fraudulently, with the sole purpose of fracturing complete diversity between the parties. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284 (11th Circ. 1998). Federal courts recognize fraudulent joinder in three different circumstances: (1) where there is no possibility that plaintiff can prove its cause of action against defendant; (2) where outright fraud exists in plaintiff's pleading of facts; and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. The first and third circumstances apply to this case.

As will be explained more fully in later paragraphs, Missouri holds that pharmacists have no separate duty to warn and pharmacists are providers of healthcare services, not sellers of products. Therefore the original Petition including the allegations of Robert Fortner stated no cause of action recognized under Missouri law. Therefore the joinder of Joe's Pharmacy, Inc. falls squarely within the first recognized circumstance and the joinder of this Defendant is pretensive. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. Filla v. Norfoldk Southern Railway Company, 336 F.3d 806, 810, (8th Cir. 2002)

The third circumstance applies as well. Joe's Pharmacy, Inc. is a non-diverse defendant is joined with other diverse defendants with whom there is no joint, several or alternative liability. In this case, Plaintiffs seek to combine numerous distinct and unrelated claims

2

involving different facts and transactions for the purpose of circumventing the federal court's jurisdiction by creating the appearance of non-diversity. However, Robert Fortner is the only plaintiff who seeks recovery from Joe's Pharmacy, Inc. Yet, Joe's Pharmacy Inc. has been included with other defendants from across the United States, including Wal-Mart, a Delaware Corporation, K-Mart a Michigan Corporation, Walgreens, an Illinois Corporation and American Drug Stores, Inc. another Illinois Corporation. Joe's shares no liability with these other defendants and Ms. Moore alleges no connection to them. Therefore, Joe's Pharmacy, Inc. is a non-diverse defendant which has been joined with several diverse defendants with no logical relationship or liability between them to create the appearance of non-diversity and the third circumstance described applies. As a result Joe's Pharmacy, Inc. has been pretensively joined to divest this Court of its original jurisdiction available to other defendants under 28 U.S.C. §1332.

**II. The Claim against Defendant Joe's Pharmacy, Inc. and the combined claims of all other plaintiffs have been improperly joined under Rule 20 of the Federal Rules of Civil Procedure.**

Rule 20 of the Federal Rules of Civil Procedure states: All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. The provisions of Rule 52.05(a), Missouri Rules of Civil Procedure essentially are the same.

Federal courts use a case by case approach in determining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20. <u>Mosley v.</u>

General Motors Corp., 497 F.2d 1330 (8th Circ. 1974). The transaction or occurrence test permits all reasonably related claims against different parties to be tried in a single proceeding. Smith v. Planned Parenthood of the St. Louis Region, 225 F.R.D. 233 (2004). In applying this test, in Smith v. Planned Parenthood the United States District Court for the Eastern District of Missouri dismissed the combined medical malpractice, fraud, and civil rights claims of plaintiffs against an abortion clinic. Plaintiffs asserted that their claims arose from the same transaction in that they alleged similar state law claims of fraud and deceptive practices, as well as civil rights violations under 42 U.S.C. §1981 and 1985, and that they were both black pregnant women who went into the defendant's facility. Id. at 243-244. In rejecting this argument, the court stressed the distinct factual circumstances associated with each claim and the fact that the incidents occurred on different dates. Id. at 245-246. In essence, these transactions were completely separate and unrelated to one another. A similar approach was reached in
 Saval v. BL LTD, 710 F.2d 1027 (2nd Circ. 1983). The Second Circuit in Saval dismissed the combined claims of several plaintiffs who purchased Jaguar automobiles from various manufacturers and retailers in the chain of distribution. The plaintiffs argued that they experienced similar defects in their cars and suffered from identical misrepresentations made by the chain of defendants. In rejecting this argument, the court stressed the distinct factual circumstances associated with the maintenance history of the vehicles and the difficulty in presenting such variable and distinct fact patterns in one case. See Saval at 1031.

In Kenvin v. Newburger, 37 F.R.D. 473 (S.D.N.Y.) plaintiffs sought to join four stockholders who extended credit in violation of the Securities and Exchange Act. The plaintiffs cited breaches of the same statutory duty. The court held that the defendants had been mis-joined because plaintiffs had merely alleged unrelated acts involving transactions conducted on

4

different days. In essence, these transactions were completely separate and unrelated to one another.

The Second Circuit affirmed the logic of Kenvin in Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Casualty Co., 497 F.2d 1151 (2nd Cir. 1974), where the plaintiffs sought recovery from several different insurance companies for breach of the Clayton Antitrust Act. In dismissing the claims the Second Circuit focused on the lack of relationship between each occurrence, "No allegations of conspiracy or other concert of action are present. Their actions as charged were separate and unrelated, with termination occurring at different times for different reasons with regard to different agents [plaintiffs]." See Nassau County at 1154.

Missouri has interpreted its rules relating to joinder of parties in the same manner. In Tanner v. Garner, 255 S.W.2d 158 (Mo.App. 1953), Plaintiff Tanner made agreements with defendants, owners of drive-in theaters, to deliver films to them each week for a fee. The agreements were embodied in one written contract which was signed by all defendants. When the defendants failed to pay, Plaintiff joined all defendants into one suit. The court held that there was no same transaction, occurrence, or series of transactions or occurrences, because each contract was signed by the defendants at different places, at different times, and different liabilities were incurred thereby. Id. at 161.

The Supreme Court of Missouri affirmed the logic of Tanner in State of Missouri ex. rel. Adrian Bank et. al. v. Luten, 488 S.W.2d 636 (1973). The Court held that the transactions that were the basis of the suit were separate deposits of state funds in several banks on different dates, in different amounts, and for different periods. Id. at 639. These transactions were separate and

unrelated, and the court thus found that joinder of the banks as defendants in the suit was improper because it did not meet the "same transaction" test. Id. at 640.

The case at hand resembles the above mentioned cases. Here, Plaintiffs' Petition on its face patently presents distinct transactions among different plaintiffs and different defendants, bearing no relationship to each other. The Vioxx was prescribed for different conditions and purchased in different cities and stores. There was no concert of action between Joe's Pharmacy, Inc. and the other defendants and no interaction between Joe's Pharmacy, Inc. and plaintiffs other than Robert Fortner. As a result, the Plaintiffs' claims do not arise out of the same transactions or occurrences and Defendant Joe's Pharmacy Inc. has been improperly joined in this action. Therefore, Joe's Pharmacy, Inc. should be dismissed from this lawsuit and the cause be remanded to the Circuit Court of Laclede County, Missouri.

**III. Joe's Pharmacy, Inc. should be dismissed because Missouri does not recognize a cause of action for Strict Products Liability and breach of warranty against health care providers, including pharmacies.**

Missouri defines a health care provider as, "any physician . . . pharmacist and any other person or entity that provides health care services under the authority of a license or certificate. §538.205(4) RSMo. 2000. Section 538.205(5) defines health care services as any services that a health care provider renders to a patient in the ordinary course of the health care provider's profession . . . . Professional services include the transfer to a patient of goods or services incidental to or pursuant to the practice of the health care provider's profession or in furtherance of the purposes for which an institutional health care provider is organized.

In the matter of Budding v. SSM Healthcare System, 19 S.W.3d 678 (Mo. banc 2000), the Missouri Supreme Court ruled that strict products liability actions may not be brought against

health care providers. There the Court relied on Missouri's requirement that an affidavit of

negligence be submitted with any petition seeking recovery from a healthcare provider. See

*Budding* at 681. The court ruled that it would be absurd for a plaintiff to be required to provide

the affidavit and then not have to prove negligence on the part of the health care provider at trial.

The Court ruled that the Affidavit requirement demonstrates that the Missouri legislature

intended negligence to be a necessary element of a plaintiff's cause of action against a health care

provider. Therefore the court concluded that a theory of strict products liability cannot apply.

As a pharmacist engaged in the practice of providing health care services, Defendant

comes within the purview of the definition of a health care provider set forth in §538.205.

Budding unequivocally holds that strict products liability actions are barred as a matter of law.

Budding's logic also applies to any breach of warranty or contract claim against a

pharmacist arising out of the distribution of health care services. Because negligence is a

required element, a breach of warranty claim would also be barred because negligence is not an

element.

Therefore, Plaintiff fails to state a cause of action against Defendant Joe's Pharmacy, Inc.

on the basis of strict products liability and breach of warranty. Therefore the motion to dismiss

of Joe's Pharmacy, Inc. should be granted

**IV. Joe's Pharmacy, Inc. should be dismissed because Missouri does not recognize a cause**
**of action for the breach of the duty to warn against pharmacists.**

In the Petition, Plaintiff allege that Defendant breached its duty to warn of the dangers

associated with Vioxx. Missouri courts have specifically held that pharmacists are not charged

with the duty to warn their clients of the dangers of a particular drug. Kampe v. Howard, 841

S.W.2d 223 (Mo. App. W.D. 1992). The Kampe court agreed with the position of the majority of

7

jurisdictions in holding that a pharmacist is not charged with the duty to warn. See Kampe at 224, citing McKee v. American Home Products 782 P.2d 1045 (1989), where the Washington Supreme Court affirmed the granting of summary judgment in favor of the pharmacists.

The Kampe court also went on to hold that a pharmacist fulfills its duty by properly filling legal prescriptions that contain no discrepancy on their face. In Horner v. Spalitto, 1 S.W.3d 519, this latter pronouncement was abrogated. However, Horner does not overrule or abrogate Kampe's essential holding that a pharmacist is generally not charged with a duty to warn of the dangers of a drug. Horner involved a wrongful death action where an abnormally high dose of a drug was prescribed and then filled by a pharmacist. The plaintiffs in Horner based their cause of action on the negligent fulfillment of a prescription, that the pharmacist overfilled the prescription. Even Horner concedes that, "a physician typically is in a superior position to judge the propriety of a particular patient's drug regimen. . . " Horner, was concerned with Kampe's seemingly bold pronouncement that the pharmacist is merely a prescription filler. See Horner at 524.

This case is different from Horner, because plaintiff is alleging a failure to warn of an allegedly inherent danger of the product and there is no claim that the prescription was negligently filled. This case is similar to McKee and Kampe, in that the allegations require knowledge that a pharmacist is not expected to utilize or even know as a matter of law.

Furthermore, Missouri courts have consistently applied the duty to warn of a product's possible side effects to prescribing physicians and manufacturers. Krug v. Sterling Drug, Inc., 416 S.W.2d 143 (Mo. 1967). Plaintiffs' quarrel on the face of their Complaint is with the dangers of Vioxx itself, the type of information that a manufacturer and physician can analyze far more effectively than a pharmacist, who is merely distributing the drug as directed.

As a result, Missouri's general rule that a pharmacist does not owe a duty to warn of a drug's dangers applies to the case at hand. Therefore, all counts alleging a failure to warn against Defendant Joe's Pharmacy, Inc. should be dismissed.

### V. Defendant is entitled to be dismissal pursuant to Missouri's Innocent Seller Statute

A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim if the manufacturer of the product is properly before the Court and the manufacturer is a party from whom total recovery may be had. §537.762(1) and (2) RSMo. 2000.

Plaintiffs' Complaint sets forth several counts alleging theories of strict products liability. Merck, Inc. is a named party Defendant and is alleged to be the manufacturer of the drug known as Vioxx. Defendant Joe's Pharmacy, Inc. is designated as a "seller defendant" in the Complaint and its liability is based upon its status as a seller of the product Vioxx. Joe's Pharmacy, Inc. simply filled orders prescribed by the patient's physician and supplied the drug provided by the manufacturer without alteration or change and passed along the warnings and instructions provided by the manufacturer and supplier. See Affidavit of Joe's Pharmacy attached to Defendant's concurrently filed Motion to Dismiss. Defendant Joe's Pharmacy, Inc. took no part in the design or manufacture of the product, and did not alter the product in any way. Joe's Pharmacy did not provide any additional warnings or alter any warnings provided by the manufacturer or the patient's physician.

The manufacturer, Merck & Co., Inc. is present in the lawsuit and able to provide any redress based upon any failure of design, manufacture or warding. Therefore, pursuant to Missouri's innocent seller statute, Defendant Joe's pharmacy is entitled to be dismissed from this lawsuit in accordance with. §537.762 RSMo 2000.

9

**VI. Venue in the Circuit Court of the City of St. Louis is improper under Missouri law, and therefore if this Defendant is not dismissed, the present matter should be remanded to state court and to the Circuit Court of Laclede County, Missouri.**

Defendant Joe's Pharmacy, Inc. contends that the action of Robert Fortner against it should be dismissed. If it does not prevail on any of its motions, removal jurisdiction would not exist because this defendant is deemed to be a citizen of Missouri pursuant to it 28 U.S.C. §1332(c)(1) because Joe's Pharmacy, Inc. is incorporated in Missouri and keeps its principal place of business in Lebanon, Missouri. Because the action was filed originally in a Missouri Circuit Court, the Missouri citizenship of Joe's Pharmacy, Inc., a defendant, prevents the matter from been removable under 28 U.S.C. § 1441(b). In that circumstance the district court is without removal jurisdiction and the case should be remanded.

Pursuant to Missouri statutes, venue in the Circuit Court of the City of St. Louis was improper. None of the other pharmacy defendant's also included in this case and none of the individual defendants was involved in filling the prescription of Robert Fortner or supplying the drug Vioxx used to fill the prescription. Therefore, in the claim of Robert Fortner only Merck & Co., Inc. and Joe's Pharmacy, Inc. are proper defendants. Therefore the venue of the claim of Robert Fortner is governed by Section 508.040 Revised Statutes of Missouri. At the time the present action was filed this statute provided that venue was proper only in the county where the cause of action accrued or in the county where a corporate defendant kept its office and agent for the transaction of usual and customary business. Only Laclede County, Missouri satisfies these requirements. However, this Defendant had no opportunity to move for transfer of venue because the action had been removed from the Circuit Court of the City of St. Louis to U.S. District Court before process was served on this Defendant. Therefore, Defendant Joe's

Pharmacy, Inc. asserted improper venue in its Answer and in its motion as its first opportunity to contest venue. If its motions to dismiss in the present matter are denied, the claim of Robert Fortner against Merck & Co., Inc. and Joe's Pharmacy, Inc. should be remanded to the Circuit Court of Laclede County and the present matter should not be remanded to the Circuit Court of the City of St. Louis because this is not a proper venue forum for the matters alleged by Robert Fortner in his original petition.

## CONCLUSION

For the foregoing reasons, Defendant Joe's Pharmacy, Inc. should be dismissed, or the action of Robert Fortner against Joe's Pharmacy, Inc. should be severed and dismissed, or the action of Robert Fortner against Joe's Pharmacy, Inc. and Merck & Co., Inc. should be severed and that action should be remanded to state court and should be remanded to the Circuit Court of Laclede County, Missouri.

Stephen D. Hoyne Bar No.: 22104,
USDCEDMO 3437
David C. Berwin Bar No.: 55046
USDCEDMO 510048
Amelung, Wulff & Willenbrock, P.C.
Attorneys for Defendants Joe's Pharmacy, Inc.
705 Olive Street, Suite 1100
St. Louis, Missouri 63101
(314) 436-6757 Fax: (314) 231-7305
sdh@awwstl.com
dcb@awwstl.com

11

## CERTIFICATE OF SERVICE

Copy of the foregoing was filed this 30th day of September, 2005 with the Clerk of the U.S. District Court, Eastern District of Louisiana, copies were served on all parties through uploading to Lexis/Nexis File and Serve Service to be served on parties related to this case's transfer to the Eastern District of Louisiana in MDL Docket No. 1657, and a true photocopy was forwarded by first class mail, postage prepaid, addressed to the following:

Jeffrey J. Lowe
Francis J. Flynn
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
Attorneys for Plaintiff Robert Fortner

Joseph P. Danis
Carey & Danis LLC
8235 Forsyth Boulevard, Suite 1100
St. Louis, MO  63105
Attorneys for Plaintiff Robert Fortner

Evan Buxner
Walther Glenn Law Offices
1034 S. Brentwood Blvd., Suite 1300
St. Louis, MO  63117
Attorneys for Plaintiff Robert Fortner

_Stephen D Hayne_

SDH\otc\\Prolaw\ProLaw_documents\66-155\19779.doc

12