IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   VIOXX PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION: 1<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

This document relates to *Elvin and Mary Shaw v. Merck & Co., Inc.*,
USDC-WD-MO #04-1098-CV-W-SOW

## PLAINTIFFS' FIRST AMENDED PETITION FOR DAMAGES

COME NOW Plaintiffs, by and through counsel, and for their First Amended Petition for Damages, adding counts for Wrongful Death, Loss of Consortium, Lost Chance of Recovery and Survival and Punitive Damages, state:

1. Plaintiff Elvin Shaw is an individual resident of Independence, Eastern Jackson County, Missouri. At all times mentioned herein, he was the lawfully wedded spouse of Mary Shaw.

2.  Plaintiff Mary Shaw is an individual resident of Independence, Eastern Jackson County, Missouri. At all times mentioned herein, she was the lawfully wedded spouse of Elvin Shaw.

3.  Defendant Merck & Co., Inc. (hereinafter "Merck") is a New Jersey Corporation doing business and maintaining offices and a manufacturing facility in the State of Missouri.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to R.S.Mo. § 506.500 (1) and (3), since the defective product wassold, the Plaintiff's injuries occurred, and the tort was completed, in Missouri.

5.  Venue is proper pursuant to R.S.Mo. § 508.010, since both Plaintiffs currently reside in Eastern Jackson County, Missouri.

## FACTS

6.  At all times relevant hereto, Defendant Merck designed, tested, formulated, manufactured, marketed and sold the defective drug known as Vioxx (rofecoxib). Vioxx is a member of a class of drugs that are commonly referred to as "COX-2 inhibitors." COX-2 inhibitors are non-steroidal anti-inflammatory drugs (NSAIDs) used to relieve pain by temporarily blocking the body's production of prostaglandins, the chemicals which are generally associated with the pain and inflammations of injuries and immune reactions.

7.  Beginning in 1999, Defendant Merck launched promotion and sales of Vioxx not only in the United States, but in more than 80 countries worldwide.

2

8.      Despite knowledge in its clinical trials and post-marketed reports associating Vioxx with hypertension and/or hypertension-related adverse health effects, as well as heightened risk of cardiovascular complications including, *inter alia*, heart attacks and strokes; Defendant Merck marketed and promoted Vioxx as safe and effective for persons with hypertension, or persons who had risk factors for stroke or other cardio-related health problems.

9.      While all COX-2 inhibitors have been associated with rare reports of increased risk of cardiovascular events, such as heart attack and stroke; such reports have occurred significantly more frequently in conjunction with the use of Vioxx than for other FDA approved COX-2 inhibitors.

10.     On September 30, 2004, Defendant Merck announced that it would withdraw Vioxx from the U.S. market, allegedly due to "**new**" data which confirmed the heightened risk of cardiovascular events with the use of Vioxx. The FDA agreed with and supported this decision. However, clinical studies long before this date consistently showed results indicating that use of Vioxx significantly increases the patient's risk of heart attacks and strokes.

11.     On September 30, 2004, Defendant Merck issued a letter to health-care professionals about Vioxx which states, in pertinent part:

> Merck & Co., Inc. today announced a voluntary worldwide withdrawal of Vioxx® (rofecoxib), its arthritis and acute pain medication.
>
> In this study, there was an increased relative risk for confirmed cardiovascular events, such as heart attack and stroke.

3

> Results of the VIGOR (Vioxx Gastrointestinal Outcomes Research) study, released in March 2000, demonstrated that the risk of gastrointestinal toxicity with Vioxx was less than with Naproxen, but indicated an increased risk of cardiovascular events versus Naproxen.

12. In early 1999, Elvin Shaw began taking Vioxx at the direction of his physician for treatment of his rheumatoid arthritis. Elvin Shaw took his prescription as prescribed and directed.

13. On October 27, 1999, Elvin Shaw presented to Skaggs Community Health Center in Branson, Missouri with symptoms of a severe stroke. Mr. Shaw was promptly admitted to Skaggs, where he stayed for two more months for treatment. While a patient at Skaggs, Mr. Shaw suffered several more strokes in addition to the massive stroke he suffered back in October of 1999.

14. After his discharge from Skaggs Community Health Center, Mr. Shaw returned home under the care of his wife Mary Shaw. However, shortly thereafter it became evident that Mr. Shaw would need round-the-clock professional care due to his deteriorated capacities. On May 15, 2000, Mr. Shaw was admitted to The Groves nursing facility in Independence, Missouri, where he still resides under the 24-hour care and treatment of professional medical staff.

15. The series of strokes Mr. Shaw suffered in late 1999 left him completely paralyzed on the right side of his body. He is unable to stand or walk, and everyday tasks such as using the restroom or feeding himself have become virtually impossible.

16. Elvin Shaw has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic losses, and eventually became completely physically incapacitated as a direct and proximate result of the defective drug Vioxx (rofecoxib).

## COUNT I
## NEGLIGENCE
### (Elvin Shaw v. Defendant Merck)

17. Plaintiff adopts and incorporates the allegations in Paragraphs 1 through 16 above, as though fully set forth herein.

18. Defendant Merck had a duty to use the degree of care that an ordinarily careful and/or very careful person, or member of Defendant Merck's business and/or profession, would use under the same or similar circumstances to design, test, formulate, manufacture, market, issue warnings calculated to be read and heeded by consumers, and/or sell the product Vioxx (rofecoxib).

19. Defendant Merck failed to use due care under the circumstances and was thereby negligent in the performance of such duties.

20. As a direct and proximate result of Defendant Merck's negligence and breach of duty, Elvin Shaw has been injured and damaged as herein described.

21. Elvin Shaw has incurred necessary and reasonable medical expenses, suffered (and continues to suffer) physical pain and mental anguish, experienced (and continues to experience) other economic hardships such as lost wages and loss of household services as a direct and proximate result of the defective drug Vioxx (rofecoxib).

22. Defendant Merck's conduct which caused this damage was willful and in reckless disregard of the health and safety of others, justifying imposition of punitive damages.

WHEREFORE, Elvin Shaw prays for an award of damages against the Defendant in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and such other relief as is just and proper.

## COUNT II
## STRICT LIABILITY
### (Elvin Shaw v. Defendant Merck)

23. Plaintiff adopts and incorporates the allegations of Paragraphs 1 through 22 as though fully set forth herein.

24. Defendant Merck sold Vioxx in the course of Defendant's business.

25. Vioxx was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

26. Elvin Shaw used Vioxx in a manner reasonably anticipated.

27. Elvin Shaw was damaged as a direct result of such defective condition as existed when Vioxx was sold. Elvin Shaw incurred necessary and reasonable medical expenses, suffered (and continues to suffer) physical pain and mental anguish, experienced (and continues to experience) other economic hardships such as lost wages and loss of household services, and in Elvin Shaw's case, lost her life, all as a direct and proximate result of the defective drug Vioxx (rofecoxib).

28. Defendant Merck's conduct which caused this damage was willful and in reckless disregard of the health and safety of others, justifying imposition of punitive damages.

WHEREFORE, Elvin Shaw prays for an award of damages against the Defendant in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and such other relief as is just and proper.

### COUNT III
### STRICT LIABILITY FOR FAILURE TO WARN
(Elvin Shaw v. Defendant Merck)

29. Plaintiff hereby adopts and incorporates the allegations of Paragraphs 1 through 28 as though fully set forth herein.

30. Defendant Merck sold Vioxx in the course of Defendant's business.

31. Vioxx was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

32. Defendant Merck did not give an adequate warning of the danger.

33. Elvin Shaw used the product in a manner reasonably anticipated.

34. Elvin Shaw was damaged as a direct result of Vioxx being sold without an adequate warning. Elvin Shaw incurred necessary and reasonable medical expenses, suffered (and continues to suffer) physical pain and mental anguish, experienced (and continues to experience) other economic hardships such as lost wages and loss of household services as a direct and proximate result of the defective drug Vioxx (rofecoxib).

35. Defendant Merck's conduct which caused this damage was willful and in reckless disregard of the health and safety of others, justifying imposition of punitive damages.

7

WHEREFORE, Elvin Shaw prays for an award of damages against the Defendant in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and such other relief as is just and proper.

## COUNT IV
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER UNIFORM COMMERCIAL CODE
(Elvin Shaw v. Defendant Merck)

36. Plaintiff hereby adopts and incorporates the allegations of Paragraphs 1 through 35 as though fully set forth herein.

37. Defendant Merck sold and Elvin Shaw purchased Vioxx.

38. When sold by Defendant Merck, Vioxx was not fit for one of its ordinary purposes.

39. Elvin Shaw used Vioxx for such a purpose.

40. As a direct result of Vioxx being unfit for such purpose, Elvin Shaw was damaged. Elvin Shaw incurred necessary and reasonable medical expenses, suffered (and continues to suffer) physical pain and mental anguish, experienced (and continues to experience) other economic hardships such as lost wages and loss of household services as a direct and proximate result of the defective drug Vioxx (rofecoxib).

41. Defendant Merck's conduct which caused this damage was willful and in reckless disregard of the health and safety of others, justifying imposition of punitive damages.

WHEREFORE, Elvin Shaw prays for an award of damages against the Defendant in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and such other relief as is just and proper.

8

## COUNT V
## MEDICAL NEGLIGENCE
### (Mary Shaw v. Defendant Merck)

42. Plaintiffs hereby incorporate Paragraphs 1 through 41 above, exclusive of the prayer for relief in Counts I, II, II, IV, V and VI as though fully set forth herein.

43. As a result of the injuries suffered by Plaintiff Elvin Shaw, as a direct and proximate result of Plaintiff Elvin Shaw's ingestion of the defective drug Vioxx, Plaintiff Mary Shaw has been forced to expend monies for Plaintiff's medical treatment. She has suffered mental anguish, suffering a loss or diminution of Plaintiff Elvin Shaw's valuable services as well as his common part of work and comfort, society, protection, companionship, love and affection, advice and counsel, loss of care, attention, consortium and guidance normal afforded between a husband and a wife, all to Plaintiff Mary Shaw's damages.

WHEREFORE, Plaintiff Mary Shaw, by and through counsel prays judgement against Defendant Merck in an amount to be determined by the jury, together with interest and costs of suit, and such other relief as is just and proper.

## COUNT VII
## NEGLIGENCE - WRONGFUL DEATH
### (Mary Shaw v. Defendant Merck)

44. Plaintiff adopts and incorporates the allegations set forth in paragraphs 1 through 43 above, as though fully set forth herein.

45. Defendant Merck had a duty to use the degree of care that an ordinarily careful and/or very careful person, or member of Defendant Merck's business and/or profession would use under

the same or similar circumstances to design, test, formulate, manufacture, market, issue warnings calculated to be read and heeded by consumers, and/or sell the product Vioxx.

46. Defendant Merck failed to use due care under the circumstances and was thereby negligent in the performance of such duties.

47. As a direct and proximate result of Defendant Merck's negligence and breach of duty, Elvin Shaw has been injured and damaged as herein described.

48. Elvin Shaw has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships such as lost wages and loss of household services, and eventually lost his life, all as a direct and proximate result of the defective drug Vioxx.

49. Defendant Merck's conduct which caused this damage showed complete indifference and a conscious disregard for the health and safety of others, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays for an award of damages against Defendant Merck in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and for such other relief as is just and proper.

### COUNT VIII
### LOSS OF CONSORTIUM
### (Mary Shaw v. Defendant Merck)

50. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 49 above, as though fully set forth herein.

10

51.     As a result of the injuries suffered by Plaintiff Elvin Shaw, and as a direct and proximate result of Defendant's aforementioned negligence and wrongful conduct, Plaintiff Mary Shaw has had to expend monies for Elvin Shaw's medical treatment.  Plaintiff Mary Shaw has suffered mental anguish, suffering, and forever been deprived of her husband's valuable services as well as his common part of work and comfort, society, protection, companionship, love and affection, advice and counsel, loss of care, attention, consortium and guidance usually afforded between husband and wife.

WHEREFORE, Plaintiff prays for an award of damages against Defendant Merck in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and for such other relief as is just and proper.

## COUNT IX
## (LOST CHANCE OF RECOVERY AND SURVIVAL)
### (Mary Shaw as Plaintiff Ad Litem for Elvin Shaw v. Defendant Merck)

COMES NOW Mary Shaw, as Plaintiff Ad Litem for Elvin Shaw, by and through counsel, and pursuant to the authority granted to her by R.S.Mo. §§ 537.020 and 537.021 and the Missouri Supreme Court Opinion in *Wollen v. Depaul Health Center*, 828 S.W.2d 682 (Mo. Banc 1992) hereby brings this action on behalf of Elvin Shaw, as if he were bringing this action for his damages, and pleading alternatively, states and alleges as follows:

52.     Plaintiff hereby incorporates paragraphs 1 through 51 above as though fully set forth herein.

11

53.  At the time of the negligent acts complained of herein and at all times mentioned, Mary Shaw has been the lawfully wedded spouse of Elvin Shaw. As such, and pursuant to R.S.Mo. 537.021, Mary Shaw is the proper party to be appointed by the Court as Plaintiff Ad Litem on behalf of Elvin Shaw in order to pursue any and all claims of Elvin Shaw' which survive his death, including any surviving personal injury and/or lost chance of survival and/or recovery claims.

54.  At the time of the negligent acts complained of herein, Elvin Shaw was receiving medical care for a condition that if promptly and properly cared for and treated provided Elvin Shaw with a statistically significant chance of obtaining a full or partial recovery.

55.  Defendant Merck committed the acts of negligence, fraud and strict liability more fully set forth above.

56.  The acts of negligence, fraud and strict liability committed by Defendant Merck, as more fully set forth above, directly and proximately caused or directly contributed to cause Elvin Shaw to sustain personal injury, including but not limited to the injuries and damages more fully set out above, and/or to lose any and all chance of recovery and survival.

57.  Such lost chance of recovery and/or survival was material and resulted in Elvin Shaw suffering severe, permanent and progressive injuries and damages, all leading to Elvin Shaw' untimely death. Such injuries and damages would not have been sustained by Elvin Shaw, or would have been minimized, had Defendant Merck not committed the acts of negligence, fraud and strict liability more fully set forth above.

12

WHEREFORE, Mary Shaw, as Plaintiff Ad Litem for Elvin Shaw, prays judgement against Defendant Merck for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, for punitive damages, and for such other and further relief as this Court may deem just and proper.

## COUNT X
## (ELVIN SHAW'S SURVIVING PERSONAL INJURY CLAIM)
### (Mary Shaw as Plaintiff Ad Litem for Elvin Shaw v. Defendant Merck)

Plaintiff Mary Shaw, as Plaintiff Ad Litem for Elvin Shaw, hereby brings this personal injury claim on behalf of Elvin Shaw, as if he were bringing this action for his own damages, and pleading alternatively, alleges and states as follows:

58.   Plaintiff hereby incorporates paragraphs 1 through 57 above as though fully set forth herein.

59.   At the time of the negligent acts complained of herein and at all times mentioned, Mary Shaw has been the lawfully wedded spouse of Elvin Shaw. As such, and pursuant to R.S.Mo. 537.021, Mary Shaw is the proper party to be appointed by the Court as Plaintiff Ad Litem on behalf of Elvin Shaw in order to pursue any and all claims of Elvin Shaw' which survive his death, including any surviving personal injury and/or lost chance of survival and/or recovery claims.

60.   Defendant Merck committed the acts of negligence, fraud and strict liability more fully set forth above.

61. The acts of negligence, fraud and strict liability committed by Defendant Merck, as more fully set forth above, directly and proximately caused, or directly contributed to cause Elvin Shaw to sustain personal injury, including but not limited to the injuries and damages more fully set forth above.

62. The acts of negligence, fraud and strict liability committed by Defendant Merck, more fully set forth above, directly and proximately caused, or directly contributed to cause Elvin Shaw to suffer severe, permanent and progressive injuries and damages prior to his untimely death, including but not limited to physical and emotional pain and suffering and economic damages in the form of medical bills.

WHEREFORE, Mary Shaw, as Plaintiff Ad Litem for Elvin Shaw, prays judgements against Defendant Merck for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, for punitive damages, and for such other relief as this Court may deem just and proper.

## COUNT XI
## AGGRAVATING CIRCUMSTANCES - PUNITIVE DAMAGES
### (Plaintiffs v. Defendant Merck)

63. Plaintiffs hereby incorporate paragraphs 1 through 62 above as though fully set forth herein.

64. Defendant Merck committed one or more of the willful, wanton and malicious acts, as more fully set forth above, which individually and/or cumulatively justify the submission of punitive damages in this case.

65. Defendant Merck knew or had information from which, in the exercise of ordinary care, should have known that such conduct, as more fully set forth above, created a high degree of probability of injury or death to Elvin Shaw and other similarly situated patients.

66  The willful, wanton and malicious acts of Defendant Merck, as more fully set forth above, evidence Defendant Merck's complete indifference to and/or conscious disregard for the safety of Elvin Shaw, and others similarly situated, justifying the submission of punitive damages in this case.

WHEREFORE, Mary Shaw, Individually and as Plaintiff Ad Litem on behalf of Elvin Shaw, prays for judgment against Defendant Merck and for punitive damages in such an amount as will serve to punish and deter the defendant, and others similarly situated, from engaging in like conduct.

### DEMAND FOR JURY TRIAL OF ALL ISSUES

Plaintiffs in the above-entitled cause demand a trial by jury.

Respectfully submitted,

HUMPHREY, FARRINGTON, & McCLAIN

By: _/s/ Daniel Thomas/kmr_
Kenneth B. Mcclain (MO#32430)
Daniel A. Thomas (MO#52030)
221 W. Lexington, Suite 400
Independence, Missouri 64050
(816) 836-5050; fax (816) 836-8966

15

ALLAN KANNER & ASSOCIATES, P.L.L.C.

By: _____
Allan Kanner (LA#20580)
Elizabeth B. Cowen (LA#23697)
701 Camp Street
New Orleans, LA 70130
(504) 524-5777; fax (504) 524-5763

**ATTORNEYS FOR PETITIONERS**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was served on designated Plaintiff and Defendant Liaison Counsel by U.S. Mail, properly addressed and first class postage prepaid, this 26th day of August, 2005.

_____
ELIZABETH B. COWEN, ESQ.

16