MINUTE ENTRY
FALLON, J.
SEPTEMBER 29, 2005

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date by Judge Eldon E. Fallon in Houston, Texas. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the pretrial conference. At the monthly pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 7 of Plaintiffs' and Defendants' Liaison Counsel. This conference was transcribed by Anita Manley, Official Court Reporter. Counsel may contact Anita Manley at (713) 250-5584 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

    I.    <u>LEXIS/NEXIS FILE & SERVE</u>

In August 2005, Lexis/Nexis began electronically pulling all new MDL cases from the Clerk of Court's database. This service was interrupted by Hurricane Katrina and the subsequent

JS:10 3:10

___ Fee _____
___ Process _____
_X_ Dktd _____
_V_ CtRmDep _____
___ Doc. No. _____

relocation of the Clerk of Court's Office.

Liaison Counsel reported that this service will be functional again by the end of next week. This report was confirmed by two representatives of Lexis/Nexis.

II. ORDERS ISSUES AS A RESULT OF HURRICANE KATRINA

Due to Hurricane Katrina, Louisiana Governor Kathleen Blanco and Chief Judge of the Eastern District of Louisiana Ginger Berrigan issued orders suspending and/or interrupting deadlines and prescriptive periods. The Court and Plaintiffs' Liaison Counsel ("PLC") are concerned that these orders may not be effective—especially in cases originating outside Louisiana. As such, the PLC recommended that attorneys should not rely solely on these orders and file their complaints as soon as possible.

III. STATE COURT TRIAL SETTINGS

Liaison Counsel reported that the *Humeston* case began on September 12, 2005, in New Jersey Superior Court, Atlantic County and is ongoing. In addition, the *Zajicek* trial is set for trial in Texas District Court, Jackson County, on March 20, 2006, and the *Kozic* trial is set for trial in Florida Circuit Court, Hillsborough County, on May 1, 2006.

IV. SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

On November 28, 2005, the trial in the *Irvin* case, a heart attack case, will commence in Houston, Texas. The PSC and DSC have agreed on the categories of cases for the second, third, and fourth trials, but disagree on the specific cases to be tried. The Defendants' Liaison Counsel ("DLC") submitted a letter setting forth the Defendants' position on this matter this morning. The PLC will submit a response letter on Thursday, October 6, 2005.

2

V.     CLASS ACTIONS

On August 1, 2005, the PSC filed three Master Class Action Complaints. On September 9, 2005, the DSC filed motions and responsive pleadings. The PSC's oppositions are due on November 8, 2005. In addition, Liaison Counsel reported that there are several other motions pending. The PSC and DSC will confer on these motions and set the motions for oral argument at a later date.

VI.    DISCOVERY DIRECTED TO MERCK

On June 7, 2005, the PLC served the DLC with a First Set of Interrogatories and Requests for Production of Documents directed to Merck. On September 15, 2005, after several conferences between the PSC and DSC, Merck served its responses and objections to this discovery. Merck will continue to make production of documents, which are identified as priorities by the PSC, pursuant to future conferences with the PLC. Merck has also completed its production of non case-specific discovery, depositions, and document responses pursuant to Pretrial Order No. 17.

On August 22, 2005, DLC provided PLC with the first Privilege Log produced relating to Merck's production of initial documents. Members of the PSC and DSC met on September 22, 2005, to discuss the PSC's objections to the log. Some of the objections were resolved; others were argued and recorded by a court reporter. PLC and DLC indicated that this issue needs to be resolved quickly. As such, the PSC and DSC will report to the Court on this issue by Thursday. In this report, the parties will divide the objections into categories and, due to the volume of the documents, will select a number of sample documents from each category for the Court to review and rule on. In addition, the parties will include any legal arguments regarding the objections

that might expedite the Court's review.

The Arcoxia and foreign document requests have been briefed, and the PSC and DSC will argue these requests to the Court on Wednesday, October 5, 2005, at 2:00 p.m. in the Courtroom of Judge John D. Rainey.

VII.   PSC REQUEST FOR PRODUCTION OF FACTS DATABASE

PLC and DLC reported that the parties have discussed the production of certain Vioxx-related information from the FACTS database and conferred upon the deadlines established in Pretrial Order No. 21. The production of these materials is still ongoing.

VIII.   VIOXX PROFESSIONAL REPRESENTATIVES

On August 8, 2005, DLC submitted to the Court a listing of the names, addresses, and dates of employment of Merck's professional representatives who were involved in promoting sales of Vioxx. The list was submitted under seal and was only viewable by PLC. Following the PLC's review of the list, PLC requested that all members of the PSC be permitted access to the list. DLC opposed this request. The parties submitted letter briefs to the Court on this issue. In a Minute Entry dated September 28, 2005, the Court ruled that all members of the PSC can review the list; however, the list shall remain under seal. PLC and DLC shall confer with each other and report to the Court on how, when, and where the list may be reviewed by the members of the PSC.

IX.   DISCOVERY DIRECTED TO THE FDA

PLC and DLC reported that the FDA's preliminary production of documents is still ongoing.

X. DISCOVERY DIRECTED TO THIRD PARTIES

PLC and DLC reported that the PSC has issued numerous third-party notices for depositions and the production of documents. If any issues arise, the parties will advise the Court and file the appropriate motions.

XI. DEPOSITION SCHEDULING

Depositions are underway in the *Irvin* case. PLC indicated that the PSC will schedule additional depositions within the next week.

XII. PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On September 14, 2005, the Court entered Pretrial Order No. 18B which governs the timing for production of Plaintiff Profile Forms ("PPF", Medical Authorizations, and Merck Profile Forms on a staggered basis. DLC indicated that many of the PPFs have been improperly filled out. The Court instructed all attorneys to properly and accurately fill out the PPFs and also instructed DLC that if the PPFs continued to be improperly filled out then DLC should file a motion to dismiss these claims.

XIII. REMAND ISSUES

Several remand motions have been filed with the Court. The Court will deal with these motions as a group in accordance with procedures to be established in the future.

XIV. TOLLING AGREEMENTS

On June 9, 2005, PLC and DLC filed with the Court a Notice of Filing of Tolling Agreement and Exhibits A, B, and C, which are attached to the Notice. On September 19, 2005, the Court granted the Defendants a thirty (30) day extension in which to respond to the tolling agreements. This extension gives the Defendants a total of sixty (60) days to respond.

XV.  LOUISIANA JOINT COMPLAINTS

PLC suggested that Louisiana Vioxx claimants be permitted to file joint complaints (multiple plaintiffs) in order to interrupt prescription or suspend the statute of limitations without the expense and inconvenience of filing individual civil actions in the MDL.

XVI.  STATE/FEDERAL COORDINATION—STATE LIAISON COMMITTEE

Dawn Barrios, a member of the State Liaison Committee, reported on the coordination of state and federal Vioxx litigation.  First, she provided the Court with an electronic list of all cases with pending remand motions grouped by state and designating the basis for the remand motion.  Additionally, she reported that the State Liaison Committee would research the Learned Intermediary Defense in each state and provide the Court with a report on their research.  Lastly, she informed the Court that several cross-notices of depositions have been quashed in a proceeding in Texas state court.  She will try to resolve this issue before it becomes necessary for the Court to act.

XVII.  *PRO SE* CLAIMANTS

PLC informed the Court that he has continued to be contacted by *pro se* claimants and has advised them of attorneys in their respective states and other pertinent information regarding the MDL.

XVIII.  MISCELLANEOUS

Scott Allen informed the Court that the Defendant Physicians' Motion to Quash/Motion for Protective Order Regarding Merck & Co., Inc.'s Cross-Notices of Plaintiff's Depositions of Eliav Barr, M.D., Susan Baumgartner, Gilbert Block, M.D., James Dunn, Gregory Geba, M.D., and Marty Carroll had been resolved.  He provided the Court with a letter detailing this

resolution. A copy of this letter has been attached to this Minute Entry.

XIX. NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on Thursday, October 27, 2005, at 9:30 a.m. The Court hopes to hold this conference in New Orleans.

*[signature]*