# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
2200 ROSS AVENUE, SUITE 2800
DALLAS, TEXAS 75201-2784
WWW.FULBRIGHT.COM

JSKIDMORE@FULBRIGHT.COM
DIRECT DIAL: (214) 855-8038

TELEPHONE: (214) 855-8000
FACSIMILE: (214) 855-8200

September 29, 2005

Re:  MDL Docket No. 1657 – Section L
     *In re: VIOXX® Products Liability Litigation*
     In the United States District Court for the Eastern District of Louisiana

     and

     Master Docket No. 2005-59499
     *In Re: Texas State Vioxx Litigation*
     In the 157th Judicial District Court of Harris County, Texas

Mr. Scott Allen
Mr. Jay H. Henderson
Cruse, Scott, Henderson & Allen, L.L.P.
2777 Allen Parkway, 7th Floor
Houston, Texas 77019-2133

Dear Scott and Jay:

This should serve as an agreement enforceable under Rule 11 of the Texas Rules and stipulation under Rule 29 of the Federal Rules of Civil Procedure between Merck and physician defendants, along with healthcare provider defendants associated with such physician, represented by your firm ("Physician Defendants"). It is entered between the parties in an effort to streamline the process for the noticing or cross-noticing of depositions.

Merck agrees that it will not offer noticed or cross-noticed deposition testimony of Merck present or former employees or experts ("Merck Witness(es)") against any Physician Defendant unless:

1.  the Physician Defendant's counsel attended the deposition and had an opportunity to examine the Merck Witness; or

2.  Merck offers to present the Merck Witness for deposition by the Physician Defendant's counsel prior to trial or hearing to allow questioning related to the Physician Defendant's liability or defense in the event that the Merck Witness's

31002109.2

HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO • HONG KONG • LONDON • MUNICH

Mr. Scott Allen
Mr. Jay H. Henderson
September 29, 2005
Page 2

deposition was taken and the Physician Defendant's counsel was not present or given an opportunity to examine the witness, and Merck desires to use the testimony against the Physician Defendant at a trial or hearing in which the physician is a party.

Merck agrees to the admissibility of the terms of this agreement in evidence along with a proper "limiting instruction" to the jury that such testimony elicited from a Merck Witness, where the Physician Defendant's counsel was not present as set forth in subpart 1 above, is not admitted nor constitutes evidence against the Physician Defendant when read/played at trial.

If the Physician Defendant's counsel did not participate in the Merck Witness deposition as set forth in subpart 2 above, and Merck seeks to offer such testimony at trial or hearing other than "against" the Physician Defendant, Merck agrees to the "limiting instruction" set forth above:

- if counsel for the Physician Defendant believes such testimony is adverse to the Physician Defendant; and

- even though Merck may disagree that such testimony is adverse to the Physician Defendant.

An objection made by any party at a Merck Witness deposition where Physician Defendant's counsel is not present is deemed to be made for the Physician Defendant also.

If Merck plans to offer Merck Witness deposition testimony adverse to a Physician Defendant at a trial or hearing, and the Physician Defendant's counsel was not present at the deposition or given an opportunity to examine the witness, in addition to the provisions of subpart 2 of this agreement, Merck also agrees that:

- all objections to the Merck Witness deposition questions/testimony at issue are reserved for the Physician Defendants so long as the Physician Defendants advise Merck of the specific objections in writing in advance of the subsequent deposition of that witness contemplated in subpart 2 above.

Scott/Jay, we appreciate your cooperation in assisting us with the noticing and cross-noticing process. As discussed, this agreement applies to past and future depositions. If this conforms with your understanding of our agreement, please sign below.

31002109.2

Mr. Scott Allen
Mr. Jay H. Henderson
September 29, 2005
Page 3

Very truly yours,

*[signature]*

Jonathan B. Skidmore
Counsel for Merck & Co., Inc.

JBS/sma

AGREED: *[signature]*

For Physician Defendants

31002109.2