FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT -7  PM 3: 06

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | ) )  MDL NO. 1657<br>) )  SECTION: L |
| THIS DOCUMENT RELATES TO ALL<br>CASES | ) )  JUDGE FALLON<br>) ) |

## MERCK & CO., INC.'S RESPONSE TO PLAINTIFFS' MOTIONS TO AMEND THE MASTER CLASS ACTION COMPLAINTS TO ADD BY INTERLINEATION PLAINTIFF REPRESENTATIVES

Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, respectfully submits this response to plaintiffs' motions for leave to amend the Personal Injury and Medical Monitoring master class action complaints to add additional named plaintiffs.  Though Merck does not oppose plaintiffs' motion for leave to amend, Merck urges that the Court establish a deadline of October 21 for any further amendments by plaintiffs to the master complaints. Otherwise, plaintiffs' continued amendments to the complaints will slow down this litigation and/or compromise Merck's ability to contest class certification.

PTO-16 established firm deadlines for briefing on Merck's motion(s) to dismiss and plaintiffs' class certification motions in this proceeding.  Under PTO-16, plaintiffs' master complaint was due August 1 and Merck's motions to dismiss were due August 31.[1]  (PTO-16 at 2 (June 2, 2005).)  PTO-16 further established that once Merck answers a complaint or the Court rules on motions to dismiss, the clock would begin to run on plaintiffs' motions for class certification.[2]  (PTO-16 at 4.)  PTO-16 already reflects a compromise between the parties on

---

[1]      The parties agreed to a short extension of those deadlines after the hurricane.

[2]      Under the deadlines set forth in PTO-16, plaintiffs' motion for class certification of the personal injury class action would be due in the next few days; however, Merck agreed to amend PTO-16, at plaintiffs' request, so the parties could first brief plaintiffs' motion to stay the personal injury class action.  Merck strongly opposes that



Fee_____
_ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

timing issues.  As the Court and plaintiffs know, Merck has always contended that the MDL court should take the lead on class certification issues and had thus urged a more expedited class certification schedule.  At no time during the parties' negotiations over PTO-16 did plaintiffs indicate that they intended to further protract class certification proceedings by periodically amending the Master Complaints after they were filed.

Plaintiffs' amendments will slow down resolution of the putative Vioxx® class actions in two ways.  First, with regard to the Medical Monitoring complaint, Merck has moved to dismiss each of those named plaintiffs' claims under the applicable states' laws.  If plaintiffs are permitted to repeatedly add new class representatives to this complaint, Merck will need to file periodic amendments to its motion to dismiss analyzing the applicable law on medical monitoring for each new putative representative(s).  Plaintiffs will inevitably seek additional time to oppose the motions to dismiss with regard to the new named plaintiffs and that will result in piecemeal briefing, substantially delaying resolution of these motions (and resolution of class certification issues to the extent the motions to dismiss are denied in any respect).

Second, with regard to the Personal Injury complaint, Merck believes that proposed class action should now be proceeding to class certification briefing.  As Merck will set forth in its opposition to plaintiffs' motion for stay (to be filed Monday October 10), now that Merck has answered that complaint, the parties should move expeditiously toward resolving the propriety of class certification.  Plaintiffs' efforts to continue adding named plaintiffs will either slow down that process or impede Merck's ability to conduct class certification discovery and properly defend itself against a motion for class certification.  *See In re Norplant Contraceptive Prods. Liab. Litig.*, 163 F.R.D. 258, 260 (E.D. Tex. 1995) (denying plaintiffs' motions to amend and

motion and pursuant to the briefing schedule agreed to by the parties and the Court, will be filing its opposition on Tuesday October 11.

add new class representatives; "this court cannot allow the consolidated litigation to become protracted").[3]

Plaintiffs seek to justify their amendments on the ground that the master complaint is a device "used to promote judicial efficiency and economy and to streamline the litigation process." (Mem. of Law in Supp. of the PSC's Mot. to Am. the Master Class Action Compl. (Personal Injury and Wrongful Death) to Add by Interlineation Pl. Representatives at 6; Mem. of Law in Supp. of the PSC's Mot. to Am. the Master Class Action Compl. (Medical Monitoring) to Add by Interlineation Pl. Representatives at 6.)  However, plaintiffs' approach to this litigation – to assert class claims without having identified named plaintiffs and to remedy that problem with repeated amendments to the master complaint – is neither efficient nor streamlined.  To the contrary, imposition of a deadline for further amendments to the master complaints would "streamline the litigation process" by ensuring that the schedule set forth in PTO-16 continues to govern the litigation and that the Court can resolve motions to dismiss and motions for class certification in an efficient and timely manner.

---

[3]     *See also* 2 *Dickerson v. U.S. Steel Corp.*, 64 F.R.D. 351, 354 (E.D. Pa. 1974) (denying plaintiffs' motion to amend to add an additional class representative where class certification briefing had already begun because amendment would force defendants to contest the additional plaintiff's effect on certification "without knowledge of the ramifications of [his] presence").

For the foregoing reasons, Merck respectfully requests that this Court impose a deadline of October 21 for any further addition of named plaintiffs to any of plaintiffs' master complaints.

Respectfully submitted,

_Phil Wittmann_

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann L.L.C.
One United Plaza
4041 Essen Lane, Suite 501
Baton Rouge, LA  70809
Phone: 225-490-8900
Fax:    225-490-8960

Defendants' Liaison Counsel

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to Plaintiffs' Motions has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this _7th_ day of October, 2005.

_Phil Wittmann_