IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT -7 PM 3: 07

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON |
| THIS DOCUMENT RELATES TO<br>ALL CASES | MAGISTRATE JUDGE KNOWLES |

### MERCK & CO., INC.'S SURREPLY IN OPPOSITION TO MOTION TO COMPEL ANSWERS TO MASTER SET OF INTERROGATORIES AND RESPONSES TO MASTER SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (CONCERNING ARCOXIA)

Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, respectfully submits this brief Surreply to address a few new arguments raised for the first time in plaintiffs' reply brief.

As set forth in Merck's prior briefing, plaintiffs' motion to compel production of vast quantities of ARCOXIA®-related documents (including all documents related to the drug's chemical and pharmacological properties, all preclinical data related to ARCOXIA®, and all documents related to any side effects from the drug) seeks to require Merck to undertake a second, parallel document production regarding ARCOXIA® that would easily be of the same size and scope as the entire Vioxx® production to date. In their reply brief, plaintiffs argue that the Court should grant this overreaching request because: (1) the New Jersey production of ARCOXIA® documents was inadequate (Pl. Reply at 2); (2) Peter Kim, the President of Merck Research Labs responded "yes" when asked at a deposition earlier this year whether "at some

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No _____

points," the results of ARCOXIA® trials may be relevant to Vioxx (Pl. Reply at 2); and (3) Merck allegedly refused to meet and confer with plaintiffs about an expanded ARCOXIA® production (Pl. Reply at 3).

None of these arguments has any merit. First, plaintiffs provide no explanation why the 900,000 pages of ARCOXIA® documents produced to date are insufficient in litigation concerning an entirely different drug.[1] After all, Merck has already produced to plaintiffs: (1) all documents from the Vioxx document productions that reference ARCOXIA® in the course of analyzing Vioxx-related matters (about 610,000 pages); and (2) the Clinical Study Reports ("CSRs"), study protocols, investigator brochures, and study results (including cardiovascular data) from *more than 60 clinical trials* involving ARCOXIA® (another 280,000 pages). As detailed extensively in the Declaration of Ned Braunstein, M.D. (attached to Merck's Opposition Brief as Ex. 2), the latter production provided plaintiffs with ample information to explore the safety profile of ARCOXIA®. For instance, CSRs are "integrated full report[s]" of individual studies, and contain "clinical and statistical descriptions, presentations, and analyses as well [as] the protocol number and study name, the names of all investigators, and a description of the study protocol, including amendments." (Braunstein Decl. ¶ 10.) These reports contain detailed analyses concerning both the efficacy and safety of the drug being investigated, as well as discussions of the risk/benefit relationship, new or unexpected findings, potential problems, and the significance of the results. (*Id.* ¶ 11.g, h, i.) Plainly, these highly detailed documents would reflect any cardiovascular findings with respect to ARCOXIA®. Thus, even if some

---

[1]   Plaintiffs' argument that the significant volume of clinical trial information they now concede Merck has already produced is insufficient to allow them to explore "Merck's knowledge regarding the cardiovascular and cerebrovascular (CV) risks associated with ARCOXIA[®]" (Pl. Reply at 2) is particularly perplexing. One could hardly imagine documents more relevant to that question than the clinical study reports.

2

ARCOXIA®-related information were relevant to the question whether the alleged cardiovascular risks of Vioxx are common to all COX-2 inhibitors, plaintiffs already have it.

Second, the testimony of Peter Kim is consistent with Merck's argument that, to the extent any ARCOXIA®-related material is arguably relevant, it has already been produced. Moreover, Mr. Kim's deposition preceded the production of ARCOXIA® documents in New Jersey, and was considered in determining the proper scope of that production. Accordingly, his testimony provides no new basis for plaintiffs to obtain documents here that they could not obtain in the New Jersey litigation.

Finally, plaintiffs' claims that Merck refused to meet and confer on ARCOXIA®-related documents and declared all ARCOXIA® documents "off limits" are simply untrue. In discussions with the PSC, Merck made clear to plaintiffs that it was prepared to produce all documents it had provided in the New Jersey litigation. Moreover, plaintiffs' concession in their reply brief that Merck has produced "a significant amount of information about the ARCOXIA trials" belies their suggestion that Merck has been unwilling to produce ARCOXIA® documents. In fact, those documents were produced after a series of discussions between plaintiffs and Merck pursuant to an order plaintiffs submitted to Judge Higbee. Rather than stick to that compromise, plaintiffs are now going from one Vioxx proceeding to another seeking whatever documents they were unable to get in the last one.

In short, nine hundred thousand pages of documents regarding a drug that was never taken by any plaintiffs in this litigation ought to be enough, and this Court should not require Merck to produce additional ARCOXIA® documents at great burden and expense – and at the cost of significantly slowing down advancement of this proceeding. For the foregoing reasons and those set forth in its prior briefing, Merck requests that the Court deny plaintiffs' request.

Respectfully submitted,

*Phil Wittmann*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann L.L.C.
One United Plaza
4041 Essen Lane, Suite 501
Baton Rouge, LA 70809
Phone: 225-490-8900
Fax:    225-490-8960

Defendants' Liaison Counsel

Counsel for Merck & Co., Inc.

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Surreply in Opposition has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 7th day of October, 2005.

*Phil Wittmann*