Michael D. Shalhoub (MS 2879)
Heidell, Pittoni, Murphy & Bach, LLP
99 Park Avenue
New York, New York 10016
(212) 286-8585

EASTERN DISTRICT OF LA

2005 OCT 14  PH 1:01

LORETTA G. WHYTE
CLERK

Attorneys for Defendant WEGMANS FOOD MARKETS, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

- - - - - - - - - - - - - - - - - - - - - - - - x
                              :

IN RE VIOXX PRODUCT LIABILITY
LITIGATION

This filing applies to:

GREGORY and JEANETTE SAULPAUGH,

                      Plaintiffs,

           -against-

MERCK & CO., INC. and WEGMANS FOOD
MARKETS, INC., and MICHAEL S.
SCHNEIDER, M.D.

                    Defendants.

Western District of New York,
REP Case # 05-2977

Docket No. MDL 1657
Section L

Judge Fallon

Mag. Judge Knowles

- - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER AND JURY DEMAND OF
## DEFENDANT WEGMANS FOOD MARKETS, INC.

Defendant Wegmans Food Markets, Inc. ("Wegmans"), by its attorneys,

HEIDELL, PITTONI, MURPHY & BACH, LLP, upon information and belief, answers the

Second Verified Amended Complaint ("Complaint") herein as follows:

350937.1

Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No._____

1.      Denies each and every allegation contained in paragraph 1 of the Complaint.

2.      Denies information and belief sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint.

3.      Denies information and belief sufficient to admit or deny the allegations contained in paragraph 3 of the Complaint.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint and avers that Wegmans is a New York Corporation with its principal place of business in Rochester, New York.

5.      Denies information and belief sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint.

7.      The allegations contained in paragraph 7 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required.  To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

8.      The allegations contained in paragraph 8 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required.  To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

9.      In response to paragraph 9 of the Complaint, Wegmans avers that it is a New York Corporation which, among other things, properly operates pharmacies in New York.

10.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint.

11.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint.

12.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint.

13.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, and avers that, at times not specifically referred to in the Complaint, VIOXX® was properly made available for sale by Wegmans.

15.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint.

18.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint.

19.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

350937.1

21. Denies information and belief sufficient to admit or deny the allegations contained in paragraph 21 of the Complaint.

22. Denies information and belief sufficient to admit or deny the allegations contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

### RESPONSE TO "FIRST CAUSE OF ACTION AGAINST MERCK"

24. With respect to the allegations contained in paragraph 24 of the Complaint, Wegmans repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

25. The allegations contained in paragraph 25 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required. To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

26. The allegations contained in paragraph 26 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required. To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

### RESPONSE TO "SECOND CAUSE OF ACTION AGAINST MERCK"

27. With respect to the allegations contained in paragraph 27 of the Complaint, Wegmans repeats and re-alleges each and every admission, denial, averment, and

350937.1

statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

28.   The allegations contained in paragraph 28 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required. To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

29.   The allegations contained in paragraph 29 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required. To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

## RESPONSE TO "THIRD CAUSE OF ACTION AGAINST MERCK"

30.   With respect to the allegations contained in paragraph 30 of the Complaint, Wegmans repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

31.   The allegations contained in paragraph 31 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required. To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

32.   The allegations contained in paragraph 32 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required. To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

33.   The allegations contained in paragraph 33 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required.  To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

34.   The allegations contained in paragraph 34 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required.  To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

## RESPONSE TO "FIRST CAUSE OF ACTION AGAINST WEGMANS"

35.   With respect to the allegations contained in paragraph 35 of the Complaint, Wegmans repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

36.   Denies each and every allegation contained in paragraph 36 of the Complaint.

37.   Denies each and every allegation contained in paragraph 37 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION AGAINST WEGMANS"

38.   With respect to the allegations contained in paragraph 38 of the Complaint, Wegmans repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

### RESPONSE TO "THIRD CAUSE OF ACTION AGAINST WEGMANS"

41.     With respect to the allegations contained in paragraph 41 of the Complaint, Wegmans repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint,

### RESPONSE TO "CAUSE OF ACTION AGAINST DR. SCHNEIDER"

46.     With respect to the allegations contained in paragraph 46 of the Complaint, Wegmans repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

47.     The allegations contained in paragraph 47 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required.  To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph.

48.     The allegations contained in paragraph 48 of the Complaint are not directed toward Wegmans and therefore no responsive pleading is required.  To the extent said allegations are directed toward Wegmans, Wegmans denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

**RESPONSE TO "CAUSE OF ACTION ON BEHALF OF JEANETTE SAULPAUGH"**

49.     With respect to the allegations contained in paragraph 49 of the Complaint, Wegmans repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

**AS FOR A FIRST**
**DEFENSE, WEGMANS ALLEGES:**

52.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

**AS FOR A SECOND**
**DEFENSE, WEGMANS ALLEGES:**

53.     The Complaint fails to state a claim upon which relief can be granted.

350937.1

## AS FOR A THIRD
## DEFENSE, WEGMANS ALLEGES:

54.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, WEGMANS ALLEGES:

55.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, WEGMANS ALLEGES:

56.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, WEGMANS ALLEGES:

57.     To the extent that Plaintiffs assert claims based upon an alleged failure by Wegmans to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician(s).

## AS FOR A SEVENTH
## DEFENSE, WEGMANS ALLEGES:

58.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

350937.1

## AS FOR AN EIGHTH
## DEFENSE, WEGMANS ALLEGES:

59.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A NINTH
## DEFENSE, WEGMANS ALLEGES:

60.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Wegmans and over whom Wegmans had no control and for whom Wegmans may not be held accountable.

## AS FOR A TENTH
## DEFENSE, WEGMANS ALLEGES:

61.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of VIOXX®.

## AS FOR AN ELEVENTH
## DEFENSE, WEGMANS ALLEGES:

62.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Balaji is not responsible.

350937.1

## AS FOR A TWELFTH
## DEFENSE, WEGMANS ALLEGES:

63.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## AS FOR A THIRTEENTH
## DEFENSE, WEGMANS ALLEGES:

64.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, WEGMANS ALLEGES:

65.     Plaintiffs have failed to join all necessary and indispensable parties.

## AS FOR A FIFTEENTH
## DEFENSE, WEGMANS ALLEGES:

66.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and standing to bring such claims.

## AS FOR A SIXTEENTH
## DEFENSE, WEGMANS ALLEGES:

67.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A SEVENTEENTH
## DEFENSE, WEGMANS ALLEGES:

68.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Wegmans, any award of punitive damages is barred under the relevant state law.

350937.1

## AS FOR AN EIGHTEENTH
## DEFENSE, WEGMANS ALLEGES:

69.      Plaintiffs' demand for punitive damages is barred because VIOXX® and

its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21

U.S.C. § 301.

## AS FOR A NINETEENTH
## DEFENSE, WEGMANS ALLEGES:

70.      Plaintiffs' claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTIETH
## DEFENSE, WEGMANS ALLEGES:

71.      Plaintiffs' claims are barred in whole or in part because Merck provided

legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or

pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIRST
## DEFENSE, WEGMANS ALLEGES:

72.      Plaintiffs' claims are barred under Section 4, *et. seq.,* of the Restatement

(Third) of Torts:  Products Liability.

## AS FOR A TWENTY-SECOND
## DEFENSE, WEGMANS ALLEGES:

73.      Plaintiffs' claims are barred in whole or in part under comment f to

Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-THIRD
## DEFENSE, WEGMANS ALLEGES:

74.      To the extent Plaintiffs have settled or will in the future settle with any

person or entity with respect to the injuries asserted in the Complaint, Wegmans' liability, if any,

should be reduced accordingly.

### AS FOR A TWENTY-FOURTH
### DEFENSE, WEGMANS ALLEGES:

75.     To the extent Plaintiffs are seeking recovery for benefits entitled to be

received or actually received from any other source for injuries alleged in the Complaint, such

benefits are not recoverable in this action.

### AS FOR A TWENTY-FIFTH
### DEFENSE, WEGMANS ALLEGES:

76.     To the extent that Plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Wegmans' state and federal constitutional rights.

### AS FOR A TWENTY-SIXTH
### DEFENSE, WEGMANS ALLEGES:

77.     Plaintiffs' claims are barred in whole or in part because Plaintiffs have

failed to mitigate the alleged damages.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, WEGMANS ALLEGES:

78.     To the extent that Plaintiffs makes a claim for punitive damages,

Wegmans asserts that the Plaintiffs have not complied with statutory requirements to recover

punitive damages.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, WEGMANS ALLEGES:

79.     That the equitable share of liability, if any, of Defendant Wegmans shall

be determined pursuant to the provision of Article 16 of the New York State Civil Practice Laws

and Rules.

350937.1

80.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Wegmans to determine all of its legal, contractual and equitable rights, Wegmans reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.   Wegmans will rely on all defenses that may become available during discovery or trial.

81.     Wegmans hereby explicitly demands a trial by jury.

WHEREFORE, Wegmans respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Wegmans its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

Dated: New York, New York
      August 31, 2005

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By:       _____
        Michael D. Shalhoub (MS 2879)
        99 Park Avenue
        New York, New York  10016
        (212) 286-8585
        (212) 490-8966 (facsimile)

        Attorneys for Defendant
        WEGMANS FOOD MARKETS, INC.

To:    James Moran, Esq.
       MORAN & KUFTA, P.C.
       200 Canal View Blvd., Suite 206
       Rochester, New York  14623
       (585) 442-1040

       Attorneys for Plaintiffs

350937.1

Vilia B. Hayes, Esq.
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004
(212) 837-6839

Attorneys for Defendant MERCK & CO., INC.

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK  )

        **Yasmin A. Ali**, being duly sworn, deposes and says:

        Deponent is not a party to the action, is over 18 years of age and is employed by HEIDELL, PITTONI, MURPHY & BACH, LLP.

        On **August 31, 2005**, deponent served the within **ANSWER AND JURY DEMAND OF DEFENDANT WEGMANS FOOD MARKETS, INC.**, upon the following attorney(s) at the address(es) designated by said attorney(s) for that purpose by delivering a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

TO:    James Moran, Esq.
        MORAN & KUFTA, P.C.
        Attorneys for Plaintiffs
        200 Canal View Blvd., Suite 206
        Rochester, New York  14623
        (585) 442-1040

        Vilia B. Hayes, Esq.
        HUGHES HUBBARD & REED LLP
        Attorneys for Defendant MERCK & CO., INC.
        One Battery Park Plaza
        New York, New York  10004
        (212) 837-6839

Yasmin A. Ali

Sworn to before me this
1st day of September, 2005

NOTARY PUBLIC

JACQUELINE RAMIREZ
Notary Public, State of New York
No. 01RA6124050
Qualified in New York County
Commission Expires March 21, 2009

350937.1