

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE VIOXX PRODUCT LIABILITY     *
LITIGATION

    *     **Docket No. MDL 1657**

This filing applies to:                           **Section L**

*KATHLEEN E. BROWN, Special Administrator*    *
*of the Estate of Ross Silvestri Brown v.*
*Merck & Co., Inc.*
*MDL Case # 2:05 CV 2562*              *     **Judge Fallon**

    *     **Mag. Judge Knowles**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AMENDED MOTION TO DISMISS

Defendant, AMERICAN DRUG STORES, INC. d/b/a OSCO DRUG (Osco), by and through its attorneys, JOHNSON & BELL, LTD., pursuant to Fed.R.Civ.P. 12(b)(6), moves this Honorable Court to Dismiss with prejudice, Plaintiff's Complaint at Law, and in support thereof, states as follows:

### Brief Statement of Motion

Plaintiff has filed a six count complaint, with only count six, negligence, applicable to this defendant. Plaintiff alleges that Osco, when it dispensed Vioxx to plaintiff, negligently failed to warn plaintiff of possible side effects caused by Vioxx. Osco is sued solely as a retail pharmacy that dispensed Vioxx pursuant to a prescription. There are no allegations that the prescription was filled improperly, or that the medication was contraindicated for plaintiff. Plaintiff's complaint should be dismissed because a pharmacy has no general duty to warn when dispensing prescription medications, and because plaintiff failed to comply with 735 ILCS §2-622, which requires an affidavit of merit in healing art malpractice claims.

Fee_____
Process_____
X Dktd_____
✓ CtRmDep_____
Doc. No._____

I.      **Count VI Should Be Dismissed Because Illinois Law and The Learned Intermediary Doctrine Do Not Impose A Legal Duty To Warn or Refuse to Dispense**

Plaintiff's failure to warn claim (Count VI) fails as a matter of law, because Illinois law does not impose a duty on a pharmacy such as Osco to warn of the alleged risks of VIOXX®. In seeking to recover from Osco on this negligence theory, plaintiff does not allege that Osco failed to fill the prescriptions according to his physician's instructions, or failed to label the bottles accurately, or otherwise failed to exercise due care in allegedly filling his prescriptions for VIOXX®. Rather, plaintiff simply accuses Osco of negligently "provid[ing] VIOXX®" and failing to "warn or provide adequate instructions to its consumers." (Complaint ¶ 89). Such a claim is not cognizable under Illinois law.

In Illinois, "[m]anufacturers of . . . drugs [are not] required to warn individual patients of the dangers inherent in their use. That is the proper province of the prescribing physician, not the drug manufacturer, who has a duty only to warn the physician." *Happel v. Wal-Mart Stores*, 766 N.E.2d 1118, 1127 (2002). The same rule holds true for pharmacists:   "[P]lacing on the pharmacist a duty to warn either the physician or the customer would 'compel the pharmacist to second guess every prescription a doctor orders in an attempt to escape liability.'" *Leesley v. West*, 165 Ill. App. 3d 135, 140 (2d Dist. 1988) (*quoting Jones v. Irvin*, 602 F. Supp. 399, 402 (S.D. Ill. 1985) *and citing Kirk v. Michael Reese Hosp. & Med. Ctr.*, 513 N.E.2d 389 (1987)). *See also Jones v. Irvin*, 602 F. Supp. 399, 402 (S.D. Ill. 1985) (it is not the duty of the pharmacist, but rather "the duty of the prescribing physician . . . to warn the patient of any dangers associated with taking the drug").[1]

---

[1]   Similarly holding are *Frye v. Medicare-Glaser Corp.*, 605 N.E.2d 557, 561 (Ill. 1992) ("In our opinion, consumers should principally look to their prescribing physician to convey the appropriate warnings regarding drugs, and it is the prescribing physician's duty to convey these warnings to patients"); *Kasin v. Osco Drug, Inc.*, 728 N.E.2d 77, 79 (Ill. App. 2000) (noting that the learned intermediary doctrine has been applied by Illinois courts to "exempt pharmacies and pharmacists from giving warnings to patients").

In *Elridge v. Eli Lilly Co.*, 485 N.E.2d 551 (1985) and *Fakhouri v. Taylor*, 618 N.E.2d 518 (Ill. App. 1993), the Illinois courts held that a pharmacist neither has a duty to refuse to fill a valid prescription, or warn that the prescription was unsafe. As stated in *Fakhouri*, citing to *Eldridge*, "because the proprietary of a prescription depends not only on propensities of the drug, but also on the patient's condition, the court reasoned that to impose such a duty on pharmacists would 'require pharmacists to learn the customers' condition and monitor his/her drug usage. To accomplish this, the pharmacists would have to interject himself into the doctor-patient relationship and practice medicine without a license.'" 618 N.E.2d at 520. In both *Eldridge* and *Fakhouri*, the doctor had prescribed medication in excessive and unsafe dosages, and in both cases, the court found that the pharmacy had no liability for filling the prescription as written.

Illinois law is in accord with the overwhelming majority of case law on this issue. Indeed, it is well-recognized that "pharmacies generally have no common-law or statutory duty to warn customers of the risks associated with the drugs they purchase." *Kohl v. American Home Prods. Corp.*, 78 F. Supp. 2d 885, 893 (W.D. Ark. 1999). *See also Walls v. Alpharma USPD, Inc.*, 887 So.2d 881 (Ala. 2004); *Cottam v. CVS Pharmacy*, 764 N.E.2d 814 (Mass. 2002); *Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455 (Tex. App. 2000); *Walker v. Jack Eckerd Corp.*, 434 S.E.2d 63 (Ga. App. 1993); *McKee v. American Home Prods. Corp.*, 782 P.2d 1045 (Wash. 1989); *Ealy v. Richardson-Merrell, Inc.*, No. 83-3504, 1987 WL 159970 at *3 (D.D.C. 1987); *Pysz v. Henry's Drug Store*, 457 So.2d 561 (Fla. App. 1984).

Illinois courts have recognized two narrow exceptions where a pharmacy may have a duty to warn, but neither of those exceptions applies here. First, the Illinois Supreme Court has held that "a narrow duty to warn exists where, . . . a pharmacy has patient-specific information about drug allergies, and knows that a drug being prescribed is contraindicated for the individual patient." *Happel*, 766 N.E.2d at 1129. Plaintiff has not asserted any allegations in the

3

Complaint suggesting that this narrow exception would apply here. To the contrary, plaintiff has not pleaded anywhere in the Complaint that Osco knew about any specific drug allergies or that VIOXX® was contraindicated because of those allergies. In fact, plaintiff does not even allege that he actually suffered from any drug allergies.

The second exception occurs where a pharmacy has voluntarily undertaken to provide a customer with information or warnings about a prescription drug; in such a case, the pharmacy assumes a duty of care limited to the extent of its undertaking. *See Frye,* 605 N.E.2d at 560; *Kasin,* 728 N.E.2d at 79. Here, however, plaintiff does not (and cannot) allege an undertaking of any type by Osco. Furthermore, Illinois law is clear that providing warnings as to some of the possible side effects does not mean that a pharmacy has assumed a duty to warn plaintiff about *all* possible side effects of the drug. *See Frye,* 605 N.E.2d at 560-61 (pharmacy's undertaking to warn plaintiff that drug may cause drowsiness did not require it to warn plaintiff of all potential side effects of drug); *Kasin,* 728 N.E.2d at 81 ("By voluntarily undertaking to list some of the drug's side effects, [the pharmacy] did not assume a duty to list all possible side effects"). Plaintiff makes no factual allegations suggesting that this narrow exception should apply, and it therefore does not apply. Simply put, a pharmacy is not required to and should not be second-guessing plaintiff's doctor on whether VIOXX® should be prescribed or what discussion of side effects needs to take place.

Courts around the country have reached this precise conclusion in similar pharmaceutical litigation. For example, in *Kohl*, the court recognized that a pharmacy must use reasonable care "to fill prescriptions as prescribed and properly label the prescriptions," but this limited duty did not impose a broader duty to warn on pharmacies. The court stated that, "we do not believe this duty [of due care] encompasses a general duty to warn customers of potential drug side effects or to give advice on the efficacy of the drug . . . ." 78 F. Supp. 2d at 892. The *Kohl* court also

recognized that imposing a duty to warn on pharmacists would make no practical sense for prescription drugs, and would inappropriately interfere with the doctor-patient relationship:

> Physicians exercising sound medical judgment act as intermediaries in the chain of distribution, preempting, as it were, the exercise of discretion by the supplier-pharmacist . . . . [W]e see no sound reason for imposing on pharmacists the duty to supply information about the risks of drugs that have already been prescribed. On the contrary, such a rule would have the effect of undermining the physician-patient relationship by engendering fear, doubt, and second-guessing.

*Id.* at 893 (quoting *Coyle v. Richardson-Merrell, Inc.*, 584 A.2d 1383 (Pa. 1991)); *see also McKee v. American Home Prods. Corp.*, 782 P.2d 1045 (Wash. 1989); *Moore v. Memorial Hospital of Gulfport*, 825 So.2d 658, 664 (Miss. 2002); *Adkins v. Mong*, 425 N.W.2d 151, 152 (Mich. App. 1988); *Ferguson v. Williams*, 399 S.E.2d 389, 393 (N.C. App. 1991); *Moran v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 469 (Tex. App. 2000).

Because a pharmacy has no duty to warn of risks and side effects of a prescription drug under the type of circumstances alleged in the Complaint, Count VI fails as a matter of law to state a negligence claim against Osco under Illinois law.

## II.   Plaintiff's Complaint Should Also be Dismissed Pursuant to 735 ILCS § 5/2-622.

735 ILCS § 5/2-622 provides that in any action which Plaintiff seeks recovery for "medical, hospital or other healing art malpractice," the Plaintiff shall include an affidavit and/or a report comporting with the requirements of §5/2-622.   Specifically, §2-622 requires the Plaintiff to include an affidavit from counsel establishing that the facts of the case were reviewed with a health care professional who believes that there is a reasonable and meritorious basis for filing a Complaint.   Plaintiff's Complaint does not include an attorney affidavit or consultant report pursuant to the requirements of §2-622.

735 ILCS §2-622 applies to causes of action alleging "healing art" malpractice.   The term "healing art malpractice," as defined in §2-622 is broadly construed by Illinois Courts.   *See*

5

*Bernier v. Burris*, 497 N.E.2d 763 (Ill. 1986);  *Lyon v. Hasbro Industries, Inc.*, 509 N.E.2d 702 (Ill. App. 1987).  In interpreting certain portions of §2-622, the *Bernier* court noted that "healing art malpractice is a broad category that is not confined to actions against physicians and hospitals." *Bernier*, 497 N.E.2d at 226.  The *Lyon* court noted:

> under the principles of statutory construction, healing art could include negligence by a licensed health care service and need not be limited to a licensed professional practitioner.  The "phrase healing" art by definition implies an entire branch of learning dealing with the restoration of physical or mental health.  Malpractice implies the lack of skill in practicing the art of profession.  Thus, the phrase may be interpreted as broad enough to cover negligence in the interrelated health care services.

*Lyon*, 509 N.E.2d at 654.  The broad definition given to the term "healing art" encompasses alleged malpractice by a pharmacist.  *Id.*  Pharmacists must be licensed by the state, similar to other health care professionals and are subject to similar regulations.  *See* Pharmacy Practice Act, 225 ILCS 85/1 et seq.  Accordingly, pharmacists are entitled to have their conduct independently reviewed by health care professionals before any malpractice claim can be filed.

In *Lyon*, the court held that the duty to provide equipment necessary to facilitate emergency health care necessitated medical judgment.  Thus, the court reasoned that the allegation that defendant failed to adequately equip its ambulance fell within the ambit of the term "healing art malpractice."  The court determined "it was necessary for plaintiff to provide a physician's affidavit stating that a meritorious cause of action under the facts of the instant cause existed." *Id.* at 655.  *See also Jackson v. Chicago Classic Janitorial and Cleaning Service*, 823 N.E.2d 1055 (Ill. App. 2005) (in interpreting §5/2-622 broadly, court found that 5/2-622 applied to a claim against an occupational therapist by a plaintiff that was receiving a functional capacity evaluation).

Recently, an Illinois federal district court applied a different section of the Healing Art Malpractice act to the practice of pharmacy.  In *Happel v Wal-mart*, 286 F.Supp.2d 943 (N.D.Ill.

2003) the court held that 2-1115 was applicable to the pharmacy.  The federal *Happel* case was refiled from *Happel v. Wal-Mart Stores, Inc.,* 199 Ill.2d at 197, in which a narrow duty to warn was established.  At least under such circumstances, if a duty to warn did exist, the acts of a pharmacist fall under the definition of a healing art practitioner.  In the case at bar, Plaintiff alleges that defendant was negligent in the manner it dispensed medication by failing to warn. Such allegations place Plaintiff's Complaint at Law within the ambit of §2-622, whereby necessitating Plaintiff to comply with the requirements of §2-622.

As plaintiff does not comply with the requirements of §2-622, this court should dismiss plaintiff's complaint.  *Estate of Cassara v State of Illinois,* 853 F. Supp. 273, 281 (N.D.Ill 1994).

Respectfully submitted,

JOHNSON & BELL, LTD.

One of the Attorneys for Defendant,
American Drug Stores, Inc. d/b/a Osco Drug

Thomas J. Andrews, Esq.
Joshua S. Singewald, Esq.
JOHNSON & BELL, LTD.
55 East Monroe Street
Suite 4100
Chicago, Illinois 60603
(312) 372-0770

7

## CERTIFICATE OF SERVICE

I, Joshua S. Singewald, certify that I served copies of the foregoing Amended Motion to Dismiss on all parties by electronically uploading same to LexisNexis File an Serve in accordance with Pre Trial Order No. 8, this _21_ day of September, 2005.

Joshua S. Singewald

#1268095