

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: VIOXX PRODUCTS LIABILITY LITIGATION** | **MDL Docket No. 1657** **SECTION L** |
| **This document relates to All Class Action Cases** | **JUDGE FALLON** |
| | **MAGISTRATE JUDGE KNOWLES** |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY TO MERCK'S RESPONSE TO MOTION TO AMEND THE MASTER CLASS ACTION COMPLAINT (MEDICAL MONITORING)TO ADD BY INTERLINEATION ADDITIONAL PLAINTIFF REPRESENTATIVES IN NEWLY FILED CLASS COMPLAINTS**

## I. INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") has not opposed the Plaintiffs' Steering Committee ("PSC") *Motion to Amend the Master Class Action Complaint (Medical Monitoring) To Add by Interlineation Plaintiff Class Representatives from New Hampshire and Nebraska.* However, Merck urges the Court to establish a deadline of October 21, 2005 for any further amendments. The PSC opposes setting a deadline for further amendment for the reasons below.

## II. PROCEDURAL HISTORY AND STATEMENT OF THE FACTS

The PSC incorporates herein the *Procedural History and Statement of the Facts* set forth in their original motion.

Plaintiffs seeks national class certification, and in the alternative the certification of individual state classes. The subject of this motion deals with the individual state classes.

The PSC stated in its original motion papers that "[i]t is anticipated that similar motions will be filed as new class action complaints may be filed. Defendant's liaison counsel has agreed to produce newly filed complaints on a rolling basis." Even before the various Class

___ Fee
___ Process
X Dktd
✓ CtRmDep
___ Doc. No.

Complaints were filed, the PSC began the process of identifying and collecting Class Action Complaints filed throughout the country. On September 9, 1005, a letter was sent to Defendant's Liaison counsel requesting that all Class Action Complaints in any federal jurisdiction or removed from any state forum be sent on a weekly basis. **(Exhibit "1").**[1] Since then, however, the PSC has not received any additional Class Complaints from Defendant's Liaison counsel since the time that the PSC filed the instant motion.[2]

## III. ARGUMENT

### A. A Deadline for Amendment of the Master Complaint Would Be Counter-Productive and Would Undermine The Very Purpose of Having A Master Complaint In a Case Like This

Under the Federal Rules of Civil Procedure, Master Complaints are used in complex litigation although not mentioned under the Federal Rules of Civil Procedure or federal statute. *In Re: Propulsid Products Liability Litigation*, 208 F.R.D. 133, 141 (E.D. La. 2002). These Master Complaints are grounded under Rule 42(a) of the Federal Rules of Civil Procedure which broadly authorize district courts to consolidate actions pending before the court. *Id.* "Courts have interpreted Rule 42(a) to authorize the filing of a unified or master complaint in cases consolidated both for pretrial discovery and for trial." *Id.* This Court in *In Re: Propulsid Products Liability Litigation* has held:

> In both situations, consolidation is not supposed to "merge the suites into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *See* 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* §

---

[1] Letter from Arnold Levin, Esquire to Phillip A. Wittmann, Esquire is attached hereto as Exhibit "1."

[2] If Defendant's Liaison counsel has received additional Class Complaints of any nature since the last time Class Complaints were sent to the PSC, they should immediately be forwarded.

> 2382, at 255 (1971)(hereinafter "Wright & Miller"). Rather, consolidation is intended only as a procedural device used to promote judicial efficiency and economy. *See* Diana E. Murphy, *Unified and Consolidated Complaints in Multidistrict Litigation*, 132 F.R.D. 597 (1991) (hereinafter "Murphy"). Arnold Levin, *MDL/Class Actions in Mass Tort, Pharmaceutical, and Toxic Litigation,* Ann.2001 ATLA-CLE 2793 (2001).

*Id.* at 141.

Thus, it is imperative that Master Complaints not be treated as traditional complaints. As this Court recognized:

> If the master complaint in the present case were to be treated as a traditional complaint, many significant and perhaps unintended consequences would follow.
>
> ***
>
> In light of these concerns the master complaint should not be given the same effect as an ordinary complaint. Instead, it should be considered as only an administrative device to aid efficiency and economy.

*Id.* at 142.

As an "administrative vehicle" or a "procedural device," the Master Complaint is thus an evolving pleading that captures filings as they occur or as they are transferred from other federal courts. As long as an MDL exists, different filings will be, and should be, captured by the Master Complaint. To set a deadline for amendment, as Merck seeks, would be counterproductive and undermine the promotion of judicial efficiency of having all related claims under the umbrella of a single pleading.

### B. Merck's Complaint of Delay and Prejudice Are Meritless

Merck's claim that the litigation will be slowed down and/or its ability to contest class certification would be compromised is meritless. When a class action involves a headless class, the

court has discretion to allow time for plaintiff's counsel to substitute the appropriate class representative. *See e.g. Grossman v. First Pennsylvania Corporation*, 1991 WL 222071 (E.D. Pa. 1991); *Shankroff v. Adves, Inc.*, 112 F.R.D. 190, 194 (S.D.N.Y. 1986); *In Re Eastern Sugar Antitrust Litigation*, MDL Docket No. 201A (E.D. Pa 1978).[3] Any amendment that the PSC will seek will be to fill-in by interlineation a headless class -- that is to add a class representative where one was "intentionally left blank." Even absent a designated class representative, with the exception of the issue of adequacy of representatives, all other *Rule* 23 issues can be resolved. Thus, no delay or prejudice will result by future amendment and a deadline is unnecessary and counter-productive.

## IV. CONCLUSION

For the foregoing reasons, the PSC respectfully requests leave to amend the Master Class Action Complaint (Medical Monitoring) to add by interlineation plaintiff class representatives from New Hampshire and Nebraska and that Merck's request for the imposition of a deadline be rejected.

Respectfully submitted,

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

---

3 *See* the PSC's argument set forth at III of its *Response to Defendants' Motion to Partially Strike Plaintiffs' Personal Injury and Wrongful Death Master Class Action Complaint.*

Temporary address:

3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 14th day of October, 2005.

LEVIN, FISHBEIN, SEDRAN & BERMAN

*Counsellors at Law and Proctors in Admiralty*

ARNOLD LEVIN
MICHAEL D. FISHBEIN
HOWARD J. SEDRAN
LAURENCE S. BERMAN
FRED S. LONGER
DANIEL C. LEVIN
TERRIANNE BENEDETTO
CHARLES E. SCHAFFER
AUSTIN B. COHEN
SCOTT LEVENSTEN
JUDY SHOPP
ZANETTA MOORE-DRIGGERS
MICHAEL M. WEINKOWITZ

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106-3697

TELEPHONE (215) 592-1500
FACSIMILE (215) 592-4663

***VIA TELECOPIER***

September 9, 2005

Phillip A. Wittmann, Esquire
STONE, PIGMAN, WALTHER, WITTMANN, LLC
One United Plaza
4041 Essen Lane, Suite 501
Baton Rouge, LA 70809

***RE:*** ***Vioxx Litigation, MDL No. 1657***

Dear Phil:

Please send me on a weekly basis all Class Action Complaints filed in any federal jurisdiction or removed from any state forum. Unless I hear from you to the contrary, I will assume you have no objection to this request.

Sincerely,

ARNOLD LEVIN

dcm

EXHIBIT
1