FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 18  PM 1: 33

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX  ) | MDL NO. 1657 |
| ) | |
| PRODUCTS LIABILITY LITIGATION ) | SECTION: L |
| ) | |
| ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| ALL PERSONAL INJURY ) | |
| CLASS ACTION COMPLAINTS ) | MAGISTRATE JUDGE KNOWLES |
| PENDING OR SUBJECT TO ) | |
| TRANSFER TO MDL 1657 ) | |
| ) | |
| ) | |
| ) | |

### MERCK'S REPLY IN SUPPORT OF ITS MOTION TO PARTIALLY STRIKE PLAINTIFFS' PERSONAL INJURY AND WRONGFUL DEATH MASTER CLASS ACTION COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, respectfully submits this reply memorandum in support of its Motion to Partially Strike Plaintiffs' Personal Injury and Wrongful Death Master Class Action Complaint ("Merck's Motion to Strike").

As set forth in Merck's opening motion, the Court should strike thirty of plaintiffs' proposed statewide class actions, because plaintiffs' counsel have not proposed named plaintiffs to serve as representatives for those purported classes, and they thus present no live

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

- 1 -

788902v.1

controversy to be adjudicated.[1] Plaintiffs' opposition brief argues that the Court should ignore this obvious fundamental flaw because master complaints are a tool for "administrative convenience" and out-of-state plaintiffs can stand in for in-state class representatives. However, plaintiffs' proposed approach is contrary to basic principles of justiciability, as well as this Court's prior pronouncements on the role of a master complaint in an MDL proceeding. The Court should grant Merck's motion.

## ARGUMENT

In their response brief on this motion, plaintiffs argue that: (1) because the master complaint is merely a procedural device, it does not matter that they propose classes with no named plaintiff representatives; and (2) their national class representatives can satisfy the standing requirements for numerous proposed single-state classes even if they do not actually reside in those states. (*See* Pls' Response at 2.) Plaintiffs are wrong on both counts.[2]

***First***, in relying on this Court's statement in the *Propulsid* litigation that master complaints are an administrative mechanism, plaintiffs misunderstand the Court's ruling. In the *Propulsid* class actions, defendants argued that the filing of a master complaint subsumed and superseded all prior-filed class actions. *See In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 141-42 (E.D. La. 2002). The Court rejected this approach out of the concern that it would evade the Supreme Court's ruling in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) that under 28 U.S.C. § 1407, a transferee court can only rule on pretrial matters.

---

[1] Plaintiffs' argument that Merck's Motion to Strike is more accurately described as a motion to dismiss (Pls. Resp. at 3) is irrelevant because plaintiffs do not meet the standard they propose. Plaintiffs have not presented justiciable cases for the statewide classes that have no class representatives. Hence, even if the court adopts their standard that all they must do is present a *prima facie* case, their complaint fails.

[2] Plaintiffs also argue that the Court should deny the motion to strike because Merck has not provided them with periodic copies of class action complaints filed against the company. (PSC's Reply to Merck's Resp. to Mot. to Amend the Master Class Action Compl. (Medical Monitoring) To Add By Interlineation Additional Pl. Rep. in Newly Filed Class Compls. at 1.) In fact, Merck has been providing plaintiffs with these cases on a monthly basis.

According to the Court, if the Master Complaint subsumed the prior cases, there would be no constituent cases to remand back to transferor courts at the end of the MDL proceeding. Thus, the Court held, those actions continued to exist as live matters and the master complaint was merely an "administrative device" for the efficient presentation to the MDL court of class certification and other issues. *Id.* In short, this Court's *Propulsid* ruling holds that a master complaint cannot be used to circumvent any bedrock requirements for asserting claims on a class basis.

Nevertheless, that is precisely what plaintiffs seek to do here. Plaintiffs are trying to hide behind the use of a master complaint to violate the basic principle that a purported class action does not present a justiciable controversy unless there is a named plaintiff who is prepared to represent the purported class. *See, e.g., Sosna v. Iowa*, 419 U.S. 393, 402 (1975) (stating in dictum that "[t]here must . . . be a named plaintiff who has such a case or controversy at the time the complaint is filed"); *Swan v. Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980) ("As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy . . . at the time the complaint is filed."). If attorneys were allowed to file class actions without identifying a proper class representative,

> anybody – even those not actually injured – could rush to a federal courthouse, file a claim on his own behalf for the sole purpose of utilizing discovery to create a case or controversy, only to be permitted to round up a party actually injured. . . . Contrary to the plaintiffs' flawed argument, the issue of standing does not turn on whether a controversy exists between a *proposed* class and the defendants. Rather, "the named plaintiffs 'must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'"

*Kasprzak v. Am. Gen. Life & Accident Ins. Co.*, 942 F. Supp. 303, 306-07 (E.D. Tex. 1996) (citations omitted) (emphasis in original). *See also Godfredson v. JBC Legal Group, P.C.*, No.

5:04-CV-390-FL(1), 2005 U.S. Dist. LEXIS 17878, at *23 (E.D.N.C. Aug. 15, 2005) (dismissing one count of class action prior to ruling on class certification where no plaintiff had standing to bring the claim because plaintiffs failed "even to establish the requisites of a case or controversy as required to invoke the jurisdiction of this court"). Allowing plaintiffs to ignore these basic principles of justiciability would turn this Court's *Propulsid* ruling on its head by allowing the use of a master complaint to absolve plaintiffs' counsel of any obligation to comply with basic justiciability requirements.

Pretrial Order No. 16 ("PTO 16") similarly does not support plaintiffs' argument. According to plaintiffs, PTO 16 permits the filing of placeholder putative classes like theirs because it states that the master complaint will apply to future-filed class actions. (Pls. Resp. at 2.) In reality, the provision on which plaintiffs hang their hat is merely intended to ensure that the Court will not need to revisit class certification each time a new case is filed. Indeed, plaintiffs' interpretation of this provision is directly contrary to the rest of PTO 16, which contemplates that the parties will brief class certification issues in a timely manner – specifically, that plaintiffs move for class certification within thirty days after defendants answer a given master complaint. (*See* PTO 16 ¶ VI.A.) Obviously, the parties cannot brief class certification in cases that have no proposed class representative – and in which plaintiffs supposedly are not even obliged to have named class representatives. Given that the personal injury master complaint is ripe for class certification briefing *now*, plaintiffs' request that the Court allow them to continue floating placeholder class actions is all the more inappropriate.

*Second*, plaintiffs' claim that the national class representatives can stand in as representatives for the state classes (*see* Pls. Resp. at 2) is contrary to the basic principle that a class representative must belong to the proposed class he/she seeks to represent. *See, e.g.,*

- 4 -

788902v.1

*E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) ("As this Court has repeatedly held, a class representative must be part of the class"). This claim is also inconsistent with the allegations in the Master Complaint. For example, the Personal Injury and Wrongful Death Master Complaint asserts that all named state plaintiffs are citizens and/or residents of the states for which they bring class claims. (*See* Pls' First Am. Master Class Action Compl. (Personal Injury and Wrongful Death) ¶¶ 10-60.) It also alleges that each named state representative brings claims under the common law and/or statutes of his/her state. (*Id.* ¶¶ 190-240.) Plaintiffs fail to explain how an out-of-state plaintiff can make these allegations even on a temporary basis.

Finally, the Fifth Circuit authority plaintiffs cite in their response actually supports **Merck's** argument, not plaintiffs'. In *Satterwhite v. City of Greenville*, 634 F.2d 231 (5th Cir. 1981) (cited in Pls. Resp. at 7), the district court denied certification of a class and found against the named plaintiff at a trial on the merits. *Id.* at 232 (J. Gee, dissenting). On appeal, the Court of Appeals ruled that the requirements of Rule 23 could not be met because no class had ever been certified, and the putative named plaintiff was not, in any event, a member of the inchoate class. *Id.* The U.S. Supreme Court remanded the case for further consideration in light of two supervening decisions. *Id.* In reconsidering the case, the Court of Appeals did not determine that the headless class action could proceed, as plaintiffs imply. (*See* Pls. Resp. at 7.) Instead, the Fifth Circuit remanded the case so that the district court could determine whether there was a live and continuing controversy sufficient to confer Article III standing.[3]

---

[3] The other cases cited by plaintiffs are inapposite, because in each of those cases, there were actual named plaintiffs at the time the suit was filed. *See, e.g., Goodman v. Schlesinger*, 584 F.2d 1325 (4th Cir. 1978); *Int'l Bhd. of Elec. Workers v. Westinghouse Elec. Corp.*, Civil Action No. N-76-543, 1979 WL 245 (D. Md. Jun. 15, 1979). Because the question of justiciability was not at issue in those cases, they do not support plaintiffs' position.

In short, plaintiffs are unable to cite any authority for their proposition that this Court should allow them to continue pursuing proposed classes for which they have no class representatives.

## CONCLUSION

Plaintiffs are asking the Court to allow them to pursue 30 single-state class actions for which they have no class representatives – *i.e.*, no named plaintiffs who create a real case or controversy. As numerous courts have held, the class action device does not provide an end-run around basic principles of justiciability. For the foregoing reasons and those set forth in its opening motion, Merck respectfully requests that the Court strike the allegations related to purported statewide classes for which the Complaint identified no named plaintiffs.

Respectfully submitted,

*/s/ Phil Wittmann*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann L.L.C.
One United Plaza
4041 Essen Lane, Suite 501
Baton Rouge, Louisiana 70809
Phone: 225-490-8900
Fax: 225-490-8960

Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 18th day of October, 2005.

*/s/ Phil Wittmann*