FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 21  PM 4: 19

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to Case No. 05-4046* | * | |
| EVELYN IRVIN PLUNKETT as Personal Representative of the Estate of RICHARD IRVIN, JR., | * | MAGISTRATE JUDGE KNOWLES |
| Plaintiff, | * | |
| vs. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

## NOTICE REGARDING FLORIDA
## STATUTORY LIMITATIONS ON PUNITIVE DAMAGES

Florida law provides that "punitive damages may not be awarded against a defendant in a civil action if that defendant establishes, before trial, that punitive damages have previously been awarded against that defendant in any state or federal court in any action alleging harm from the same act or single course of conduct for which the claimant seeks compensatory damages." Fla. Stat. § 768.73(2)(a).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

789250v.1

On August 19, 2005 a Brazoria County, Texas jury awarded punitive damages of $229 million against Merck in a wrongful death action where – like here – the claim was that Vioxx caused the decedents' death and that Merck had failed to warn of Vioxx's risks.[1] *Ernst v. Merck & Co., Inc.*, Cause No. 19961*BH02, Dist. Court of Brazoria County, Texas, 23rd Judicial District. Under the Florida statutory scheme, that award bars any award of punitive damages in this action.

Merck contends that the Texas *Ernst* award must be reduced to $1.65 million under Texas's statutory limits on punitive damages. Further, Merck intends to appeal the entirety of the *Ernst* verdict, including the punitive damages award. But neither of these facts is relevant to application of Florida's statutory punitive damage limitations, which plainly bar punitive damages where – as here – there has been an award of punitive damages to punish the same allegedly wrongful conduct.

Based on the plain language of Florida's statute, Merck submits that the Court should order plaintiff's punitive damage claims dismissed. Nevertheless, given that the Court has

---

[1] A copy of the jury verdict, in *Ernst v. Merck & Co., Inc.*, is attached to the accompanying declaration of Peter Choate.

indicated it wishes to bifurcate punitive damages issues for later trial, Merck also submits that it would be appropriate to defer ruling on this issue.

Respectfully submitted,

*Phil Wittmann*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
4041 Essen Lane
One United Plaza, Suite 501
Baton Rouge, Louisiana 70809
Phone:  225-490-8900
Fax:       225-490-8960

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:       312-494-4440

And

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:      (202) 434-5029

Attorneys for Merck & Co., Inc.

1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Notice Regarding Florida Statutory Limitations On Punitive Damages has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 21st day of October, 2005.

*Phil Wittmann*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF PETER CHOATE IN SUPPORT OF MERCK'S NOTICE REGARDING FLORIDA STATUTORY LIMTITATIONS ON PUNITIVE DAMAGES

I, PETER CHOATE, way of declaration, say:

1. I am an attorney in the law firm of O'Melveny & Myers LLP, attorneys representing defendant Merck & Co., Inc. ("Merck") in litigation concerning the drug Vioxx. I make this declaration in support of Merck's Notice Regarding Florida Statutory Limitations on Punitive Damages filed concurrently herewith. I have personal knowledge to state that the attached exhibit is a true and correct copy of the verdict rendered on August 19, 2005 in *Ernst v. Merck & Co., Inc.*, Cause No. 19961*BH02, Dist. Court of Brazoria

County, Texas, 23rd Judicial District. I was in attendance at the trial in that matter.

Executed this 21st day of October 2005 at Los Angeles, California.

Respectfully submitted,

_____
Peter Choate

**EXHIBIT A**

CAUSE NO. 19961*BH02

| | | |
|---|---|---|
| CAROL A. ERNST | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| MERCK & CO, INC. | § | 23RD JUDICIAL DISTRICT |

## CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1. Do not let bias, prejudice or sympathy play any part in your deliberations.

2. In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the court, that is, what you have seen and heard in this courtroom, together with the law as given you by the court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3. Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4. You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5. You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6.  You may render your verdict upon the vote of ten or more members of the jury. The same ten or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other who observes a violation of the court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence unless otherwise instructed. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No".

The term "preponderance of the evidence" means the greater weight and degree of credible evidence admitted in this case. Whenever a question requires an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence unless otherwise instructed.

## DEFINITIONS

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the injury. There may be more than one producing cause.

A fact may be established by "direct evidence" or by "circumstantial evidence" or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

During trial it was permissible for you to take notes. You may carry those notes to the jury room for your personal use during deliberation on the court's charge. You may not share these notes with other jurors. Your personal recollection of the evidence takes precedence over any notes you have taken. A juror may not rely on the notes of another juror. If you disagree about the evidence, the presiding juror may apply to the court and have the court reporter's notes read to the jury.

Question No. __1__

Was there a defect in the marketing of VIOXX® at the time it left the possession of Merck & Co., Inc. that was a producing cause of the death of Bob Ernst?

A "marketing defect" with respect to the product means the failure to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known or failure to give adequate instructions to avoid such dangers, which failure rendered the product unreasonably dangerous as marketed.

"Adequate" warnings and instructions mean warnings and instructions given in a form that could reasonably be expected to catch the attention of a reasonably prudent physician in the circumstances of the product's use; and the content of the warnings and instructions must be comprehensible to the average physician and must convey a fair indication of the nature and extent of the danger and how to avoid it to the mind of a reasonably prudent physician.

An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary physician with the ordinary knowledge common to the medical community as to the product's characteristics.

Answer "Yes" or "No."

Answer: ___Yes___

-4-

Question No. __2__

Was there a design defect in VIOXX® at the time it left the possession of Merck & Co., Inc. that was a producing cause of the death of Bob Ernst?

A "design defect" is a condition of the product that renders it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. For a design defect to exist there must have been a safer alternative design.

"Safer alternative design" means a product design other than the one actually used that in reasonably probability --

    (1) would have prevented or significantly reduced the risk of the death in question without substantially impairing the product's utility and

    (2) was economically and technologically feasible at the time the product left the control of Merck & Co., Inc. by the application of existing or reasonably achievable scientific knowledge.

Answer "Yes" or "No."

Answer: __Yes__

Question No. 3

Did the negligence, if any, of Merck & Co., Inc. proximately cause the death of Bob Ernst?

Answer "Yes" or "No."

Answer: _____Yes_____

If you have answered "Yes" to Questions 1, 2 or 3, then answer the following question. Otherwise, do not answer the following question.

Question No. 4.

What sum of money, if paid now in cash, would fairly and reasonably compensate Carol Ernst for her damages, if any, resulting from the death of Bob Ernst?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

a. Pecuniary loss sustained in the past.

"Pecuniary loss" means the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Carol Ernst, in reasonable probability, would have received from Bob Ernst had he lived.

Answer: _100,000_

b. Pecuniary loss that, in reasonable probability, will be sustained in the future.

Answer: _350,000_

c. Loss of companionship and society sustained in the past.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Carol Ernst, in reasonably probability, would have received from Bob Ernst, had he lived.

Answer: _2 million_

d. Loss of companionship and society that, in reasonable probability, will be sustained in the future.

Answer: _10 million_

e.  Mental anguish sustained in the past.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Carol Ernst because of the death of Bob Ernst.

Answer: ~~$500,000~~ 2 million

f.  Mental anguish that, in reasonable probability, will be sustained in the future.

Answer: $10 million

In determining damages for elements c, d, e and f, you may consider the relationship between Carol Ernst and Bob Ernst, their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

-8-

If you have answered "Yes" to Questions 1, 2 or 3 and you have inserted a sum of money in answer to Question 4, then answer the following question. Otherwise, do not answer the following question.

Question No. 5

Do you find by clear and convincing evidence that the harm to Bob Ernst resulted from malice attributable to Merck & Co., Inc.?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means an act or omission by Merck & Co., Inc.,

 (a) which when viewed objectively from the standpoint of Merck & Co. Inc. at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

 (b) of which Merck & Co., Inc. had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

In answering this question, you may consider only the conduct of the following: (1) a vice-principal of Merck & Co., Inc.; or (2) a director, officer, employee or agent of Merck & Co., Inc who was employed in a managerial capacity and was acting in the scope of that managerial capacity. A "vice-principal" of a corporation is a person who has the authority to hire, discharge and direct employees or who has the authority to manage the entire corporation or a department or division of its buisness.

Answer "Yes" or "No."

Answer: __Yes__

-9-

If you have answered "yes" to Question No. 5, then answer Question No. 6. Otherwise, do not answer Question No. 6.

Question No. 6

What sum of money, if any, should be assessed against Merck & Co., Inc. and awarded to Carol Ernst as exemplary damages for the death of Bob Ernst?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment. Exemplary damages includes punitive damages.

In determining the amount of exemplary damages, you shall consider evidence, if any, relating to --

a.  the nature of the wrong;

b.  the character of the conduct involved;

c.  the degree of culpability of Merck & Co., Inc.;

d.  the situation and sensibilities of the parties concerned;

e.  the extent to which such conduct offends a public sense of justice and propriety; and

f.  the net worth of Merck & Co., Inc.

Answer in dollars and cents, if any.

$ 229 Million

After you retire to the jury room, you will select your own presiding juror, and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror -

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless you are all present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into the court with your verdict.

_____
JUDGE PRESIDING

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous)

_____
PRESIDING JUROR

(To be signed by those rendering the verdict if not unanimous)

Marsha Robbins
_*Marsha Robbins*_

David Webb
_*David Webb*_

Rhonda Wade
_*Rhonda Wade*_

Lorraine Blas
_*Lorraine Blas*_

John A. Ostrom
_*John A Ostrom*_

Matt Pallardy
_*Matt Pallardy*_

Stacy L. Smith
_*Stacy L Smith*_

Sherry Linnett
_*Sherry Linnett*_

Duffy Marcotte
_*Duffy Marcotte*_

Derrick Chizer
_*Derrick J Chizer*_

Dissenting:  James Fredrick Friudenberg
             Brandon Clay Beaver

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Declaration of Peter Choate in Support of Merck's Notice Regarding Florida Statutory Limitations on Punitive Damages has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 21st day of October, 2005.

_Dorothy H. Wimberly_