UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION: | MDL NO. 1657<br>SECTION: L |
| This Document Relates To 05-4046<br>Evelyn Irvin Plunkett v. Merck & Co, Inc. | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**PLAINTIFF'S MOTION TO EXCLUDE OPINION TESTIMONY THAT MERCK COULD NOT PROVIDE RISK INFORMATION THROUGH LABELING OR MARKETING WITHOUT PRIOR APPROVAL OF THE FEDERAL FOOD AND DRUG ADMINISTRATION**

PLAINTIFF, EVELYN IRVIN PLUNKETT, moves this Court for an Order to Exclude Opinion Testimony that Merck Could Not Provide Risk Information Through Labeling or Marketing Without Prior Approval of the Federal Food and Drug Administration, and requests that the Court consider the Memorandum in Support incorporated herein and rule in plaintiff's favor pursuant to the Federal Rules of Civil Procedure. This Motion and accompanying pleadings are submitted by Plaintiff's Liaison Counsel on behalf of counsel for plaintiff, Evelyn Irvin Plunkett, and to accommodate such counsel.

Respectfully submitted,

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892/FAX: (504) 561-6024
Temporary address:
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH:   (713) 877-1843
FAX: (713) 871-9750
**Plaintiffs' Liaison Counsel**

W:\25000-29999\27115\000\PLD\Daubert\Risk Daubert Exhibits\Daubert Motion re Risk Communication 2005-10-21.doc

1

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleadings has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 21st day of October, 2005.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION: | | |
| | : | SECTION: L |
| | : | |
| This Document Relates To  05-4046 | : | JUDGE FALLON |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | : | MAG. JUDGE KNOWLES |

**<u>MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO EXCLUDE OPINION TESTIMONY
THAT MERCK COULD NOT PROVIDE RISK INFORMATION
THROUGH LABELING OR MARKETING WITHOUT PRIOR APPROVAL
OF THE FEDERAL FOOD AND DRUG ADMINISTRATION</u>**

MAY IT PLEASE THE COURT:

PLAINTIFF, EVELYN IRVIN PLUNKETT, files this Memorandum in Support of Motion to Exclude Opinion Testimony that Merck Could Not Provide Risk Information Through Labeling or Marketing Without Prior Approval of the Federal Food and Drug Administration (FDA), and in support thereof shows:

**I.     Statement of Relevant Facts**

In April and May of 2001, Richard Irvin was a new user of Vioxx. Richard Irvin ingested 25 mg of Vioxx® for approximately 30 days before suffering sudden thrombotic cardiac death on May 15, 2001, at age 53. An autopsy revealed an unattached coronary thrombus (clot) in the left anterior descending (LAD) coronary artery. The unattached clot was grossly visible to the pathologist, was identified on the autopsy record, and has been further documented through photomicrographs. There is no dispute that Richard Irvin suffered a thrombotic cardiac event during a period of ingestion of Vioxx® and that there was no labeling indication for thrombotic cardiac events on the Vioxx® label at the time of his ingestion.

W:\25000-29999\27115\000\PLD\Daubert\Risk Daubert Exhibits\Daubert Motion re Risk Communication MEMO IN SUPPORT 2005-10-21.doc

1

Vioxx® was first marketed in the United States in May of 1999. By the end of 1999, Merck had completed its first large, randomized clinical trial (VIGOR) comparing Vioxx® to naproxen in rheumatoid arthritis patients to determine the effects of the medications on pre-specified gastrointestinal endpoints. An additional finding of the VIGOR clinical trial was a 5.0 increased relative risk for myocardial infarction among Vioxx® users and a 2.80 increased relative risk for serious coronary heart disease (myocardial infarction and sudden cardiac death).[1] It is not disputed that the full results of VIGOR were known throughout Merck by March of 2000, some 13 months before Richard Irvin ingested Vioxx. In evaluating the cardiac events, Dr. Edward Scolnick, a Senior Merck Scientist and part of Senior Management at Merck, stated in an email on March 9, 2000, that the cardiovascular events were clearly there and were mechanism based as Merck feared they were.[2]

In April of 2002, almost a year after Richard Irvin's death, Merck changed the label to incorporate the results of the VIGOR trial and include some information relating to the risk of thromboembolic cardiovascular events among Vioxx® users.[3]

On September 30, 2004, Merck removed Vioxx® from the market worldwide and reported that its long term prospective clinical trial (APPROVe) resulted in statistically significant increases in confirmed thrombotic cardiac events among Vioxx® users compared to placebo.

Merck offers the opinion testimony of Janet Arrowsmith-Lowe for the proposition that Merck could not have incorporated the cardiovascular results of VIGOR into labeling for Vioxx

---

[1] In the relevant epidemiologic community and in courts evaluating the magnitude of such risks, these relative risks correlate to an attributable risk of 80.2 percent and 64.5 percent respectively. *See*, Report of Plaintiff's expert pharmacoepidemiologist, Dr. Wayne Ray, Exhibit A, Section 5, Attributable Proportion of Increased Risk.
[2] Exhibit B.
[3] Exhibit C.

W:\25000-29999\27115\000\PLD\Daubert\Risk Daubert Exhibits\Daubert Motion re Risk Communication MEMO IN SUPPORT 2005-10-21.doc

without the FDA's prior approval.[4] Ms. Lowe also offers the opinion that Merck could not have communicated the risks in the label because the association between Vioxx and the risk was not proven by reasonable evidence. *Id.* Merck also retained Dr. David Silver to testify regarding the adequacy of the warnings. To the extent Merck contends it could not communication risks to physicians, patients or the public without FDA pre-approval, Plaintiff requests that the Court strike such opinion testimony for the reasons stated herein.

## II.     Summary of Arguments

Opinion testimony that Merck could not have communicated the risk information to healthcare providers or users of Vioxx without pre-approval of the FDA or input from the FDA is contrary to the law to be applied by the Court. As such, this testimony is neither helpful nor relevant and reliable under Federal Rules of Evidence 701-703 and the line of interpretive cases. *See e.g., Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993); *Kumho Tire Co., v. Carmichael*, 526 U.S. 137 (1999); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997). In addition, Ms. Lowe's opinion that causation must have been proven for Merck to communicate the risk is contrary to the law and would not meet the standards for relevant and reliable scientific testimony. *See Witczak v. Pfizer*, 377 F.Supp. 2d 726 (D. Minn. 2005);[5] *Cartwright v. Pfizer*, 369 F. Supp. 2d 876 (E.D. Tex. 2005);[6] 21 C.F.R. 314.70(c)(6)(iii)(A)(B)(C); 21 C.F.R. 201.57(e).[7]

## III.    Relevant Authority for Admission of Opinion Testimony

The United States Supreme Court determined non-exclusive factors for reliability regarding the admissibility of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 585-588, 113 S.Ct. 2786, 2792-93 (1993). These factors include (1) whether and if

---

[4]   Report of Janet Arrowsmith Lowe, attached as Exhibit D and incorporated herein for all purposes at p. 8.
[5]   A copy of this case is attached as Exhibit E and incorporated herein for all purposes.
[6]   A copy of this case is attached as Exhibit F and incorporated herein for all purposes.
[7]   A copy of these regulations are attached as Exhibit G and incorporated herein for all purposes.
W:\25000-29999\27115\000\PLD\Daubert\Risk Daubert Exhibits\Daubert Motion re Risk Communication MEMO IN SUPPORT 2005-10-21.doc

3

the theory or technique has been tested; (2) whether it has been subjected to peer review and/or publication; (3) its potential or known rate of error; (4) whether it has been generally accepted within the relevant scientific community; and (5) whether there is an analytical gap between the underlying data and the opinion proffered. *Id.* In addition, the court must determine that the proposed opinion is relevant to any issues in dispute in the particular case. *Id.* at 2796.

Opinion testimony is initially governed by FED. R. EVID. 701-703. Rule 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experiences, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (West 2005). Rule 703 requires that the facts or data in the particular case upon which an expert bases an opinion or inference shall not be disclosed to a jury unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect. FED. R. EVID. 703. In addition, Rule 703 provides that an expert's reliance on otherwise inadmissible evidence does not automatically warrant its disclosure without a balancing test similar to FED. R. EVID. 403.

W:\25000-29999\27115\000\PLD\Daubert\Risk Daubert Exhibits\Daubert Motion re Risk Communication MEMO IN SUPPORT 2005-10-21.doc

4

## IV.     Relevant Authority on Pharmaceutical Labeling

The issue of whether pre-approval of the FDA is necessary to communicate risks relating to a pharmaceutical product has been decided. *See Witczak*, 377 F. Supp. 2d at 726 et seq.; *Cartwright*, 369 F. Supp. 2d at 876 et seq. The District Court for the District of Minnesota and the District Court for the Eastern District of Texas fully addressed the issues and the applicable Code of Federal Regulations provisions this year in the *Witczak* and *Cartwright* cases, respectively. Key findings by these courts included in part that:

(1) The FDA's regulations merely set minimum standards with which a pharmaceutical manufacturer must comply;

(2) FDA regulations expressly do not prohibit the manufacturer from adding to or strengthening a contraindication, warning, precaution, or adverse reaction to the product labeling;

(3) Congress stated intent in enacting the labeling laws was for protection of the consumer;

(4) A pharmaceutical manufacturer can add or strengthen a statement about the product without prior approval by the FDA;

(5) The FDA's position regarding stronger warnings by drug manufacturers, as expressed through its own regulations, is that a manufacturer could and should provide stronger warnings as soon as such a warning is warranted; and

(6) The regulations require a manufacturer to issue a warning whenever there is reasonable evidence of an association of a serious hazard with a drug; a causal relationship need not have been proven.

W:\25000-29999\27115\000\PLD\Daubert\Risk Daubert Exhibits\Daubert Motion re Risk Communication MEMO IN SUPPORT 2005-10-21.doc

5

*Id.* In addition, Merck's own regulatory director, Dr. Robert Silverman, testified that Merck could have issued a change to the label after VIGOR without pre-approval by the FDA.[8]

## V. Conclusion

Opinion testimony that differs from the law to be applied to the case is not helpful to the trier of fact and is contrary to what is considered to constitute generally accepted and reliable scientific testimony. Accordingly, Plaintiff respectfully requests that the Court strike any opinion or fact testimony on this issue.

Respectfully submitted,

_____
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024

Temporary address:

3411 Richmond Ave., Suite 460
Houston, TX 77046
PH:   (713) 877-1843
FAX:  (713) 871-9750
**Plaintiffs' Liaison Counsel**

| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
|---|---|

---

[8] Robert Silverman, M.D., deposition, attached as Exhibit H and incorporated herein for all purposes, at 172:1-173:18 (November 2004).
W:\25000-29999\27115\000\PLD\Daubert\Risk Daubert Exhibits\Daubert Motion re Risk Communication MEMO IN SUPPORT 2005-10-21.doc

6

| | |
|---|---|
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleadings has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 21st day of October, 2005.

W:\25000-29999\27115\000\PLD\Daubert\Risk Daubert Exhibits\Daubert Motion re Risk Communication MEMO IN SUPPORT 2005-10-21.doc

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION: | | |
| | : | SECTION: L |
| | : | |
| This Document Relates To | : | JUDGE FALLON |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | : | MAG. JUDGE KNOWLES |

## NOTICE OF HEARING

Please take notice that, upon the pleadings, the depositions, and other matters of record, the undersigned will move the Court before the Honorable Judge Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, 515 Rusk Street, Suite 8613, Houston, Texas 77002, on the 14th day of November, 2005, at 9:00 o'clock a.m., or as soon thereafter as counsel can be heard, for an order on the Plaintiff's Motion to Exclude Opinion Testimony that Merck Could Not Provide Risk Information Through Labeling or Marketing Without Prior Approval of the Federal Food and Drug Administration, and for such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:    (504) 581-4892
FAX:  (504) 561-6024

W:\25000-29999\27115\000\PLD\Daubert\Risk Daubert Exhibits\Daubert Motion re Risk Communication NOTICE OF HEARING 2005-10-21.doc

1

Temporary address:

3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. (**Co-Lead Counsel**)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

W:\25000-29999\27115\000\PLD\Daubert\Risk Daubert Exhibits\Daubert Motion re Risk Communication NOTICE OF HEARING 2005-10-21.doc

SEE RECORD FOR

EXHIBITS

OR

ATTACHMENTS

NOT SCANNED