FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 25  PM 2: 37

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: VIOXX®** | **MDL Docket No. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | **SECTION L** |
| This document relates to: *CARL & RUTH HOWARD v. Merck & Co. et al.* (E.D. Pa. No. 05-4322) EDLA # 05-4927 | **JUDGE FALLON** **MAGISTRATE JUDGE KNOWLES** |

**ANSWER AND JURY DEMAND OF DEFENDANT LOUIS M. SHERWOOD, M.D.**

Defendant Louis M. Sherwood, M.D. ("Dr. Sherwood"), by and through his undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") herein as follows:

**RESPONSE TO "INTRODUCTION"**

1.   The allegations contained in paragraph 1 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, and that VIOXX® is Merck's trade name for rofecoxib.  Dr. Sherwood respectfully refers the Court to the relevant FDA approved prescribing information for VIOXX® for its indicated uses.

2.   The allegations contained in paragraph 2 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed

Fee____
Process____
X  Dktd____
CtRmDep____
Doc. No.____

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 2 of the Complaint.

3.    The allegations contained in paragraph 3 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies the conclusory nature of the allegations contained in paragraph 3 of the Complaint, except admits that VIOXX® was prescribed to millions of patients by health care providers.

## RESPONSE TO "PARTIES"

4.    Dr. Sherwood denies the allegations set forth in the final sentence of paragraph 4 of the Complaint, and with respect to all other allegations contained in said paragraph, Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.    The allegations contained in paragraph 5 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

6.    The allegations contained in paragraph 6 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed

- 2 -

at him in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, and admits that VIOXX® is Merck's trade name for rofecoxib.

7. The allegations contained in paragraph 7 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 7 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

8. The allegations contained in paragraph 8 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

9. The allegations contained in paragraph 9 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

10. The allegations contained in paragraph 10 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

11. The allegations contained in paragraph 11 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

12.   The allegations contained in paragraph 12 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

13.   Dr. Sherwood denies each and every allegation directed at him in paragraph 13 of the Complaint, except he admits that he was the former Senior Vice President, Medical and Scientific Affairs in the U.S. Human Health Division of Merck ("U.S. MEDSA").   Dr. Sherwood is a citizen of Florida and permanently resides at 7598 Playa Rienta Way, Delray Beach, Florida.

14.   Dr. Sherwood denies each and every allegation directed at him in paragraph 14 of the Complaint, except he admits that he was the former Senior Vice President of U.S. MEDSA, which is composed of the following five groups: Medical Services, Academic and Professional Affairs, Clinical Development, Outcomes Research & Management and Regional Medical Directors.

15.   Dr. Sherwood denies each and every allegation directed at him in paragraph 15 of the Complaint, except he admits that he was the former Senior Vice President of U.S. MEDSA, which is composed of the following five groups: Medical Services, Academic and Professional Affairs, Clinical Development, Outcomes Research & Management and Regional Medical Directors.

16.   Dr. Sherwood denies each and every allegation directed at him in paragraph 16 of the Complaint.

- 4 -

17.   Dr. Sherwood denies each and every allegation directed at him in paragraph 17 of the Complaint.

18.   Dr. Sherwood denies each and every allegation directed at him in paragraph 18 of the Complaint.

19.   Dr. Sherwood denies each and every allegation directed at him in paragraph 19 of the Complaint.

20.   Dr. Sherwood denies each and every allegation directed at him in paragraph 20 of the Complaint, except he admits that he was the former Senior Vice President of U.S. MEDSA, which is composed of the following five groups: Medical Services, Academic and Professional Affairs, Clinical Development, Outcomes Research & Management and Regional Medical Directors.

21.   The allegations contained in paragraph 21 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

22.   The allegations contained in paragraph 22 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

23.   The allegations contained in paragraph 23 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

24.   The allegations contained in paragraph 24 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

25.   The allegations contained in paragraph 25 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

26.   The allegations contained in paragraph 26 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

27.   The allegations contained in paragraph 27 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

28.   The allegations contained in paragraph 28 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

29.   The allegations contained in paragraph 29 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

30.   The allegations contained in paragraph 30 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

31.   The  allegations  contained  in  paragraph  31  of  the Complaint  are  not  directed  at  Dr.  Sherwood  and  therefore  no responsive pleading is required.

32.   The  allegations  contained  in  paragraph  32  of  the Complaint  are  not  directed  at  Dr.  Sherwood  and  therefore  no responsive pleading is required.

33.   The  allegations  contained  in  paragraph  33  of  the Complaint  are  not  directed  at  Dr.  Sherwood  and  therefore  no responsive pleading is required.

34.   The  allegations  contained  in  paragraph  34  of  the Complaint  are  not  directed  at  Dr.  Sherwood  and  therefore  no responsive pleading is required.

## RESPONSE TO "JURISDICTIONAL STATEMENT"

35.   The  allegations  contained  in  paragraph  35  of  the Complaint  are  legal  conclusions  and  not  directed  at  Dr.  Sherwood and  therefore  no  response  is  required.   Should  a  response  be deemed  required,  Dr.  Sherwood  denies  each  and  every  allegation directed at him in said paragraph.

36.   The  allegations  contained  in  paragraph  36  of  the Complaint  are  legal  conclusions  and  not  directed  at  Dr.  Sherwood and  therefore  no  response  is  required.   Should  a  response  be deemed  required,  Dr.  Sherwood  denies  each  and  every  allegation directed at him in said paragraph.

### RESPONSE TO "FACTUAL ALLEGATIONS"

37.   Dr. Sherwood denies each and every allegation directed at him in paragraph 37 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

38.   The allegations contained in paragraph 38 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

39.   Dr. Sherwood denies each and every allegation directed at him in paragraph 39 of the Complaint.

40.   The allegations contained in paragraph 40 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 40 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

41.   The allegations contained in paragraph 41 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 41 of the Complaint, except admits that Merck

manufactured, marketed and distributed the prescription medicine VIOXX®.

42. The allegations contained in paragraph 42 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 42 of the Complaint, except admits that Merck obtained FDA approval on VIOXX® in approximately May, 1999, and began its distribution and sale throughout the United States in approximately May, 1999. VIOXX® is the brand name used by Merck to market and distribute Rofecoxib.

43. Dr. Sherwood denies each and every allegation directed at him in paragraph 43 of the Complaint.

44. Dr. Sherwood denies each and every allegation directed at him in paragraph 44 of the Complaint.

45. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

46. Dr. Sherwood denies each and every allegation directed at him in paragraph 46 of the Complaint.

47. Dr. Sherwood denies each and every allegation directed at him in paragraph 47 of the Complaint.

- 9 -

48. The allegations contained in paragraph 48 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 48 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 ("COX-2"). Dr. Sherwood further admits that VIOXX® is Merck's trade name for Rofecoxib.

49. The allegations contained in paragraph 49 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 49 of the Complaint, except admits that VIOXX® is a selective COX-2 inhibitor.

50. The allegations contained in paragraph 50 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 50 of the Complaint.

51.  The allegations contained in paragraph 51 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 51 of the Complaint, including subparts a - b.

52.  The allegations contained in paragraph 52 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 52 of the Complaint, including subparts a - b, except admits that scientists at the Merck Frosst Centre for Therapeutic Research were involved in the research and development of VIOXX®.

53.  The allegations contained in paragraph 53 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 53 of the Complaint, except admits that scientists at the Merck Frosst Centre for Therapeutic Research were involved in the research and development of VIOXX®.

54.  The allegations contained in paragraph 54 of the Complaint are not directed at Dr. Sherwood and therefore no

- 11 -

responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 54 of the Complaint.

55.  The allegations contained in paragraph 55 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 55 of the Complaint, except admits that VIOXX® is a selective COX-2 inhibitor and Merck sought and received approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX®.

56.  The allegations contained in paragraph 56 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 56 of the Complaint, except admits that Merck sought and received approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX® for the indicated uses set out in the relevant FDA approved prescribing information.  Dr. Sherwood respectfully refers the Court to the FDA prescribing information for VIOXX®'s indicated uses.

- 12 -

57. The allegations contained in paragraph 57 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 57 of the Complaint.

58. The allegations contained in paragraph 58 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 58 of the Complaint, except admits that Plaintiffs purport to characterize the referenced statement and respectfully refers the Court to the referenced statement for its actual language and full text.

59. The allegations contained in paragraph 59 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 59 of the Complaint.

60. The allegations contained in paragraph 60 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 60 of the Complaint.

61.  The allegations contained in paragraph 61 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 61 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

62.  The allegations contained in paragraph 62 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 62 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

63.  The allegations contained in paragraph 63 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 63 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced statement but avers that the quoted language is taken out of context.

64.  The allegations contained in paragraph 64 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 64 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced statement but avers that the quoted language is taken out of context.

65.   The allegations contained in paragraph 65 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 65 of the Complaint, except admits the existence of the referenced study and respectfully refers the Court to the referenced study for its actual language and full text.

66.   The allegations contained in paragraph 66 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 66 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced document but avers that the quoted language is taken out of context.

67.   The allegations contained in paragraph 67 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed

- 15 -

at him in paragraph 67 of the Complaint, except admits that Merck submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") on November 23, 1998 and respectfully refers the Court to the Application for its actual language and full text.

68.  The  allegations  contained  in  paragraph  68  of  the Complaint  are  not  directed  at  Dr.  Sherwood  and  therefore  no responsive  pleading  is  required.   Should  a  response  be  deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 68 of the Complaint, except admits that Merck sought and received FDA approval to manufacturer and market the prescription medicine VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its indicated uses.

69.  The  allegations  contained  in  paragraph  69  of  the Complaint  are  not  directed  at  Dr.  Sherwood  and  therefore  no responsive  pleading  is  required.   Should  a  response  be  deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 69 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

70.  The  allegations  contained  in  paragraph  70  of  the Complaint  are  not  directed  at  Dr.  Sherwood  and  therefore  no responsive  pleading  is  required.   Should  a  response  be  deemed

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 70 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced recommendation but avers that the quoted language is taken out of context.

71. The allegations contained in paragraph 71 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 71 of the Complaint, except admits that Merck submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

72. The allegations contained in paragraph 72 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 72 of the Complaint, except admits that Merck submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

73.  The allegations contained in paragraph 73 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 73 of the Complaint, except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its indicated uses.

74.  The allegations contained in paragraph 74 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 74 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced label and respectfully refers the Court to the prescribing information for VIOXX® for its language and full text.

75.  The allegations contained in paragraph 75 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 75 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced label and

respectfully refers the Court to the prescribing information for VIOXX® for its language and full text.

76. The allegations contained in paragraph 76 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 76 of the Complaint, except admits that Merck scientists participated in the VIGOR study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text.

77. The allegations contained in paragraph 77 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 77 of the Complaint, except admits that Plaintiffs purport to quote the document referenced in said paragraph and respectfully refers the Court to the referenced study for its actual conclusions and full text.

78. The allegations contained in paragraph 78 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 78 of the Complaint.

79.   The allegations contained in paragraph 79 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 79 of the Complaint, except admits that the referenced report exists and respectfully refers the Court to said report for its actual language and full text.

80.   The allegations contained in paragraph 80 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 80 of the Complaint.

81.   The allegations contained in paragraph 81 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 81 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the VIGOR study, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

82.   The allegations contained in paragraph 82 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 82 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced label and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

83. The allegations contained in paragraph 83 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

84. The allegations contained in paragraph 84 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 84 of the Complaint.

85. The allegations contained in paragraph 85 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 85 of the Complaint, except admits that Plaintiffs purport to characterize certain statements but avers that the said statements are taken out of context.

86. The allegations contained in paragraph 86 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed

- 21 -

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 86 of the Complaint, except admits that Plaintiffs purport to reference certain statements by Dr. Fitzgerald but avers that said statements are taken out of context.

87. The allegations contained in paragraph 87 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 87 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

88. The allegations contained in paragraph 88 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 88 of the Complaint.

89. The allegations contained in paragraph 89 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 89 of the Complaint, except admits that the

referenced study exists and respectfully refers the Court to said study for its actual language and full text.

90.  The allegations contained in paragraph 90 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 90 of the Complaint, except admits that the publication exists and respectfully refers the Court to said publication for its actual language and full text.

91.  The allegations contained in paragraph 91 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 91 of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to said press release for its actual language and full text.

92.  The allegations contained in paragraph 92 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 92 of the Complaint, except admits that Merck

received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

93.  The allegations contained in paragraph 93 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 93 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

94.  The allegations contained in paragraph 94 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 94 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

95.  The allegations contained in paragraph 95 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 95 of the Complaint, except admits that the

referenced statement exists and respectfully refers the Court to said statement for its actual language and full text.

96. The allegations contained in paragraph 96 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 96 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

97. The allegations contained in paragraph 97 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 97 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

98. The allegations contained in paragraph 98 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 98 of the Complaint.

99.   The allegations contained in paragraph 99 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 99 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

100.   The allegations contained in paragraph 100 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 100 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

101.   The allegations contained in paragraph 101 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 101 of the Complaint.

102.   The allegations contained in paragraph 102 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 102 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

103. The allegations contained in paragraph 103 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 103 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

104. The allegations contained in paragraph 104 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 104 of the Complaint, except admits except admits that Merck marketed the prescription medicine VIOXX®.

105. The allegations contained in paragraph 105 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 105 of the Complaint.

106. The allegations contained in paragraph 106 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 106 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

107. The allegations contained in paragraph 107 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 107 of the Complaint.

108. The allegations contained in paragraph 108 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 108 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

109. The allegations contained in paragraph 109 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 109 of the Complaint.

110. The allegations contained in paragraph 110 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 110 of the Complaint.

111. The allegations contained in paragraph 111 of the Complaint are not directed at Dr. Sherwood and therefore no

responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 111 of the Complaint.

112.  The allegations contained in paragraph 112 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 112 of the Complaint including subparts a - c.

113.  The allegations contained in paragraph 113 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 113 of the Complaint, except admits that in December 1999 Merck received a letter from a regulatory officer of the FDA regarding VIOXX® and respectfully refers the Court to the referenced letter for its actual language and full text.

114.  The allegations contained in paragraph 114 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 114 of the Complaint, except admits that in September 2001 Merck received a letter from a regulatory officer

of the FDA regarding VIOXX® and respectfully refers the Court to the referenced letter for its actual language and full text.

115.  The allegations contained in paragraph 115 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 115 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

116.  The allegations contained in paragraph 116 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 116 of the Complaint including subparts a - i, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

117.  The allegations contained in paragraph 117 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed

at him in paragraph 117 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the referenced letter for its actual language and full text.

118.   The allegations contained in paragraph 118 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 118 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the referenced letter for its actual language and full text.

119.   The allegations contained in paragraph 119 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 119 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the referenced letter for its actual language and full text.

120.   The allegations contained in paragraph 120 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 120 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the referenced letter for its actual language and full text.

121.  The allegations contained in paragraph 121 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 of the Complaint.

122.  The allegations contained in paragraph 122 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 122 of the Complaint.

123.  The allegations contained in paragraph 123 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 123 of the Complaint, except admits that Plaintiffs purport to quote form Merck's 2001 Annual Report and

respectfully refers the Court to the 2001 Annual Report for its actual language and full text.

124. The allegations contained in paragraph 124 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 124 of the Complaint, except admits that Plaintiffs purport to quote form Merck's 8-k filing and respectfully refers the Court to the 8-k filing for its actual language and full text.

125. The allegations contained in paragraph 125 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 125 of the Complaint.

126. The allegations contained in paragraph 126 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 126 of the Complaint.

127. The allegations contained in paragraph 127 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 127 of the Complaint.

128. The allegations contained in paragraph 128 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 128 of the Complaint.

129. The allegations contained in paragraph 129 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 129 of the Complaint.

130. The allegations contained in paragraph 130 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 130 of the Complaint.

131. The allegations contained in paragraph 131 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 131 of the Complaint, except admits that

Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

132. The allegations contained in paragraph 132 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 132 of the Complaint.

133. The allegations contained in paragraph 133 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 133 of the Complaint.

134. The allegations contained in paragraph 134 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 134 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

135. The allegations contained in paragraph 135 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 135 of the Complaint.

136. The allegations contained in paragraph 136 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 136 of the Complaint except admits that Plaintiffs purport to quote a certain portion of the referenced article and respectfully refers the Court to said study for its actual language and full text.

137. The allegations contained in paragraph 137 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

138. The allegations contained in paragraph 138 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 138 of the Complaint except admits that Plaintiffs purport to quote a certain portion of the referenced report and respectfully refers the Court to said report for its actual language and full text.

139. The allegations contained in paragraph 139 of the Complaint are not directed at Dr. Sherwood and therefore no

- 36 -

responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 139 of the Complaint except admits that the referenced application exists and respectfully refers the Court to said application for its actual language and full text.

140.  The allegations contained in paragraph 140 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 140 of the Complaint except respectfully refers the Court to said study for its actual language and full text.

141.  The allegations contained in paragraph 141 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 141 of the Complaint except admits that Plaintiffs purport to quote a portion of the referenced statement and respectfully refers the Court to the referenced statement for its actual language and full text.

142.  The allegations contained in paragraph 142 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 142 of the Complaint except admits that Plaintiffs purport to quote a portion of the referenced statement and respectfully refers the Court to the referenced statement for its actual language and full text.

143.  The allegations contained in paragraph 143 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 143 of the Complaint.

144.  The allegations contained in paragraph 144 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 144 of the Complaint.

145.  The allegations contained in paragraph 145 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 145 of the Complaint.

146.  The allegations contained in paragraph 146 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 146 of the Complaint except that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

147.   The allegations contained in paragraph 147 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 147 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

148.   The allegations contained in paragraph 148 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 148 of the Complaint and respectfully refers the Court to said studies for their actual language and full text.

149.   The allegations contained in paragraph 149 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 149 of the Complaint and respectfully refers

the Court to said studies for their actual language and full text.

150. The allegations contained in paragraph 150 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 150 of the Complaint.

151. The allegations contained in paragraph 151 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 151 of the Complaint.

152. The allegations contained in paragraph 152 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 152 of the Complaint, except admits that Plaintiffs purport to quote a portion of the referenced article and respectfully refers the Court to the referenced article for its actual language and full text.

153. The allegations contained in paragraph 153 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.  Should a response be deemed

required, Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of said allegations.

154. The allegations contained in paragraph 154 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

155. The allegations contained in paragraph 155 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 155 of the Complaint.

**RESPONSE TO "COUNT I   NEGLIGENCE"**

156. With respect to the allegations contained in paragraph 156 of the Complaint, Dr. Sherwood repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

157. Dr. Sherwood denies each and every allegation directed at him in paragraph 157 of the Complaint.

158. Dr. Sherwood denies each and every allegation directed at him in paragraph 158 of the Complaint.

159. Dr. Sherwood denies each and every allegation directed at him in paragraph 159 of the Complaint.

160. The allegations contained in paragraph 160 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph and respectively refers the Court to the relevant state law standard, including any conflict of laws rules.

161. Dr. Sherwood denies each and every allegation directed at him in paragraph 161 of the Complaint, including subparagraphs a through n.

162. Dr. Sherwood denies each and every allegation directed at him in paragraph 162 of the Complaint.

163. Dr. Sherwood denies each and every allegation directed at him in paragraph 163 of the Complaint.

164. Dr. Sherwood denies each and every allegation directed at him in paragraph 164 of the Complaint.

165. Dr. Sherwood denies each and every allegation directed at him in paragraph 165 of the Complaint.

### RESPONSE TO "COUNT II: NEGLIGENCE *PER SE*"

166. With respect to the allegations contained in paragraph 166 of the Complaint, Dr. Sherwood repeats and re alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

167. The allegations contained in paragraph 167 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies that he violated any applicable law.

168.    Dr. Sherwood denies each and every allegation directed at him in paragraph 168 of the Complaint.

169. The allegations contained in paragraph 169 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph.

170. The allegations contained in paragraph 170 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph.

171.    Dr. Sherwood denies each and every allegation directed at him in paragraph 171 of the Complaint, including subparts a - e.

172.    Dr. Sherwood denies each and every allegation directed at him in paragraph 172 of the Complaint.

**RESPONSE TO "COUNT III: STRICT LIABILITY (DESIGN DEFECT)"**

173. With respect to the allegations contained in paragraph 173 of the Complaint,  Dr. Sherwood repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

174.   Dr. Sherwood denies each and every allegation directed at him in paragraph 174 of the Complaint, except admits that  Merck  manufactured,  marketed,  and  distributed  the prescription medicine VIOXX®, until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004, and  Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' alleged use of VIOXX®.

175.   Dr. Sherwood denies each and every allegation directed at him in paragraph 175 of the Complaint, except admits that  Merck  manufactured,  marketed,  and  distributed  the prescription medicine VIOXX®, until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

176.   Dr. Sherwood denies each and every allegation directed at him in paragraph 176 of the Complaint, except denies knowledge or information sufficient to form a belief as to the

allegations contained in the last sentence of paragraph 176 of the Complaint.

177.    Dr. Sherwood denies each and every allegation directed at him in paragraph 177 of the Complaint.

178.    Dr. Sherwood denies each and every allegation directed at him in paragraph 178 of the Complaint.

179.    Dr. Sherwood denies each and every allegation directed at him in paragraph 179 of the Complaint.

180.    Dr. Sherwood denies each and every allegation directed at him in paragraph 180 of the Complaint.

181.    Dr. Sherwood denies each and every allegation directed at him in paragraph 181 of the Complaint.

182.    Dr. Sherwood denies each and every allegation directed at him in paragraph 182 of the Complaint.

183.    The allegations contained in paragraph 183 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph and respectfully refers the Court to the relevant state law standard, including any applicable conflicts of laws rules.

184.    Dr. Sherwood denies each and every allegation directed at him in paragraph 184 of the Complaint.

185.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 185 of the Complaint.

186.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 186 of the Complaint.

187.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 187 of the Complaint.

### RESPONSE TO "COUNT IV: STRICT LIABILITY (FAILURE TO WARN)"

188. With respect to the allegations contained in paragraph 188 of the Complaint,  Dr. Sherwood repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

189.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 189 of the Complaint.

190.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 190 of the Complaint.

191.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 191 of the Complaint.

192.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 192 of the Complaint.

### RESPONSE TO "COUNT V: NEGLIGENT FAILURE TO WARN"

193. With respect to the allegations contained in paragraph 193 of the Complaint,  Dr. Sherwood repeats and realleges each

and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

194.    Dr. Sherwood denies each and every allegation directed at him in paragraph 194 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

195.    Dr. Sherwood denies each and every allegation directed at him in paragraph 195 of the Complaint.

196.    Dr. Sherwood denies each and every allegation directed at him in paragraph 196 of the Complaint, including but not limited to those contained in subparts a - c.

197.    Dr. Sherwood denies each and every allegation directed at him in paragraph 197 of the Complaint.

198.    Dr. Sherwood denies each and every allegation directed at him in paragraph 198 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

199.    Dr. Sherwood denies each and every allegation directed at him in paragraph 199 of the Complaint.

### RESPONSE TO "COUNT VI: BREACH OF EXPRESS WARRANTY"

200. With respect to the allegations contained in paragraph 200 of the Complaint, Dr. Sherwood repeats and re alleges each

and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

201.    Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 201 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

202.    Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 202 of the Complaint

203.    The allegations contained in paragraph 203 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph.

204.    Dr. Sherwood denies each and every allegation directed at him in paragraph 204 of the Complaint.

205.    Dr. Sherwood denies each and every allegation directed at him in paragraph 205 of the Complaint.

206.    Dr. Sherwood denies each and every allegation directed at him in paragraph 206 of the Complaint.

207.  The allegations contained in paragraph 207 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

208.  Dr. Sherwood denies each and every allegation directed at him in paragraph 208 of the Complaint.

209.  Dr. Sherwood denies each and every allegation directed at him in paragraph 209 of the Complaint, including subparagraphs a – c.

210.  Dr. Sherwood denies each and every allegation directed at him in paragraph 210 of the Complaint.

211.  Dr. Sherwood denies each and every allegation directed at him in paragraph 211 of the Complaint.

212.  Dr. Sherwood denies each and every allegation directed at him in paragraph 212 of the Complaint.

### RESPONSE TO "COUNT VII: BREACH OF EXPRESS WARRANTY"

213. With respect to the allegations contained in paragraph 213 of the Complaint,  Dr. Sherwood repeats and re alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

214.    Dr. Sherwood denies each and every allegation directed at him in paragraph 214 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

215.    Dr. Sherwood denies each and every allegation directed at him in paragraph 215 of the Complaint.

216.    Dr. Sherwood denies each and every allegation directed at him in paragraph 216 of the Complaint.

217.    Dr. Sherwood denies each and every allegation directed at him in paragraph 217 of the Complaint.

218.    Dr. Sherwood denies each and every allegation directed at him in paragraph 218 of the Complaint.

219.    Dr. Sherwood denies each and every allegation directed at him in paragraph 219 of the Complaint.

220.    Dr. Sherwood denies each and every allegation directed at him in paragraph 220 of the Complaint.

221.    Dr. Sherwood denies each and every allegation directed at him in paragraph 221 of the Complaint, including subparts a - b.

222.    Dr. Sherwood denies each and every allegation directed at him in paragraph 222 of the Complaint.

223.    Dr. Sherwood denies each and every allegation directed at him in paragraph 223 of the Complaint.

224.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 224 of the Complaint.

225.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 225 of the Complaint.

226.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 226 of the Complaint.

227.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 227 of the Complaint.

### RESPONSE TO "COUNT VIII:
### MISREPRESENTATION AND SUPPRESSION BY DEFENDANTS"

228. With respect to the allegations contained in paragraph 228 of the Complaint,  Dr. Sherwood repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

229.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 229 of the Complaint.

230.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 230 of the Complaint, including subparts a - e.

231.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 231 of the Complaint.

232.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 232 of the Complaint.

233.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 233 of the Complaint.

234.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 234 of the Complaint.

235.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 235 of the Complaint.

236.    Dr.  Sherwood  denies  each  and  every  allegation directed  at  him  in  paragraph  236  of  the  Complaint,  including subparts a – b.

237.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 237 of the Complaint.

238.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 238 of the Complaint.

### RESPONSE TO "COUNT IX: FRAUD AND MISREPRESENTATION"

239. With respect to the allegations contained in paragraph 239 of the Complaint,  Dr. Sherwood repeats and re alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

240.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 240 of the Complaint.

241.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 241 of the Complaint.

242.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 242 of the Complaint.

243.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 243 of the Complaint.

244.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 244 of the Complaint.

245.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 245 of the Complaint.

246.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 246 of the Complaint.

247.    Dr.  Sherwood  denies  each  and  every  allegation directed  at  him  in  paragraph  247  of  the  Complaint,  including subparts a - b.

### RESPONSE TO "COUNT X: NEGLIGENT MISREPRESENTATION"

248. With respect to the allegations contained in paragraph 248 of the Complaint,  Dr. Sherwood repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

249.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 249 of the Complaint.

250.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 250 of the Complaint.

251.  The  allegations  contained  in  paragraph  251  of  the Complaint  are  legal  conclusions  as  to  which  no  responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph.

252.  The  allegations  contained  in  paragraph  252  of  the Complaint  are  legal  conclusions  as  to  which  no  responsive pleading is required.  Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph and respectfully refers the Court to the relevant state law standard, including any conflict of laws rules.

253.   Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 253 of the Complaint.

254.   Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 254 of the Complaint.

255.   Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 255 of the Complaint.

### RESPONSE TO "COUNT XI:
### VIOLATION OF UNFAIR TRADE PRACTICE/CONSUMER PROTECTION LAWS"

256. With respect to the allegations contained in paragraph 256 of the Complaint,  Dr. Sherwood repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

257.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 257 of the Complaint.

258.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 258 of the Complaint.

259.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 259 of the Complaint.

260.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 260 of the Complaint.

261.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 261 of the Complaint.

262.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 262 of the Complaint.

263.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 263 of the Complaint.

264.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 264 of the Complaint.

265.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 265 of the Complaint.

266.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 266 of the Complaint.

267.    Dr.  Sherwood  denies  each  and  every  allegation directed at him in paragraph 267 of the Complaint.

268.    Dr. Sherwood denies each and every allegation directed at him in paragraph 268 of the Complaint.

269.    Dr. Sherwood denies each and every allegation directed at him in paragraph 269 of the Complaint.

270.    Dr. Sherwood denies each and every allegation directed at him in paragraph 270 of the Complaint.

271.    Dr. Sherwood denies each and every allegation directed at him in paragraph 271 of the Complaint.

272.    Dr. Sherwood denies each and every allegation directed at him in paragraph 272 of the Complaint.

### RESPONSE TO "COUNT XII: UNJUST ENRICHMENT"

273. With respect to the allegations contained in paragraph 273 of the Complaint,  Dr. Sherwood repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

274.    Dr. Sherwood denies each and every allegation directed at him in paragraph 274 of the Complaint.

275.    Dr. Sherwood denies each and every allegation directed at him in paragraph 275 of the Complaint.

276.    Dr. Sherwood denies each and every allegation directed at him in paragraph 276 of the Complaint.

## RESPONSE TO "COUNT XIII: PUNITIVE DAMAGES"

277. With respect to the allegations contained in paragraph 277 of the Complaint, Dr. Sherwood repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

278. The allegations contained in paragraph 278 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 278 of the Complaint.

## RESPONSE TO "COUNT [sic] VX: LOSS OF CONSORTIUM"

279. With respect to the allegations contained in paragraph 279 of the Complaint, Dr. Sherwood repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

280. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 280 of the Complaint.

281. Dr. Sherwood denies each and every allegation directed at him in paragraph 281 of the Complaint, except admits

that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

282.    Dr. Sherwood denies each and every allegation directed at him in paragraph 282 of the Complaint.

As for the "Wherefore" section under paragraph under paragraph 282 of the Complaint, no responsive pleading is required.  Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section, including subparts 1 through 12, except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

### AFFIRMATIVE DEFENSES

283. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

284. The Complaint fails to state a claim upon which relief can be granted.

285. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

286. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such

injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

287. To the extent that Plaintiffs assert claims based on Merck's and/or Dr. Sherwood's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

288. To the extent that Plaintiffs assert claims based upon an alleged failure by Merck and/or Dr. Sherwood to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

289. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

290. Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

291. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

292. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and/or Dr. Sherwood and over whom Merck and/or Dr. Sherwood had no control and for whom Merck may not be held accountable.

293. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

294. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

295. To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of

timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

296. Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

297. Plaintiffs' claims are barred in whole or in part by the First Amendment.

298. Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

299. Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

300. Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

301. Plaintiffs claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

302. This case is more appropriately brought in a different venue.

303. To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Sherwood's liability, if any, should be reduced accordingly.

304. To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

305. Plaintiffs claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

306. Plaintiffs' claims of fraud are barred by reason of Plaintiffs failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

307. Plaintiffs claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

308. To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck or Dr. Sherwood, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

309. Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

310. To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Dr. Sherwood's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Dr. Sherwood to determine all of his legal, contractual and equitable rights, Dr. Sherwood reserves the right to amend and supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Dr. Sherwood will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Dr. Sherwood respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Dr. Sherwood his reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Dr. Sherwood demands a trial by jury as to all issues so triable.

Dated:  October 21, 2005          Respectfully submitted,

 

Vikrant K. Advani, Esq.
Mark A. Berman, Esq.
Evan S. Glanz, Esq./81179
**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE
A Professional Corporation**
One Riverfront Plaza
Newark, NJ 07102-0496
(973) 596-4500

**Attorneys for Defendant,
Louis M. Sherwood, M.D.**

- 64 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer & Jury Demand of Defendant Louis M. Sherwood, M.D., has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 25th day of October_____, 2005.

_Dorothy H. Wimbe_