

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX®                                     :        MDL Docket No. 2:05-md-01657-EEF-DEK
PRODUCTS LIABILITY LITIGATION      :
                                                          :
                                                          :        SECTION L
                                                          :
                                                          :
                                                          :
This document relates to: *K.B. and*       :
*Ruby Ferguson v. Merck*                    :
*& Co., Inc., et. al.*                            :        JUDGE FALLON
(E.D. La. 05-4719)                            :        MAG. JUDGE KNOWLES
                                                          :
                                                          :

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANT DAVID ANSTICE

Defendant David Anstice, by and through his undersigned counsel, responds to Plaintiffs'

Complaint ("Complaint") herein as follows:

The allegations contained in the first unnumbered paragraph at page one of the Civil

Action Complaint – Short Form ("Complaint") are not directed at Mr. Anstice and therefore no

responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each

and every allegation contained in said paragraph, and further states that Mr. Anstice is not a

named defendant in the referenced Master Long Form Complaint filed in Pennsylvania state

court, except Mr. Anstice admits that in the In re Vioxx Litigation, the Hon. Norman Ackerman

has ordered certain procedures to govern the filing and service of complaints and responsive

pleadings thereto, and refers the Court to the referenced order for its actual language and full text.

The allegations contained in the second unnumbered paragraph at page one of the Civil

Action Complaint – Short Form ("Complaint") are not directed at Mr. Anstice and therefore no

responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

and every allegation contained in said paragraph, and further states that Mr. Anstice is not a named defendant in the referenced Master Long Form Complaint filed in Pennsylvania state court, except Mr. Anstice admits that in the In Re: Vioxx litigation, the Hon. Norman Ackerman has ordered certain procedures to govern the filing and service of complaints and responsive pleadings thereto, and refers the Court to the referenced order for its actual language and full text.

1.      Mr. Anstice denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

1a.     The allegations contained in paragraph 1a of the Complaint do not require responsive pleading.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 1a of the Complaint.

1b.     Mr. Anstice denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1b of the Complaint.

## RESPONSE TO "ADDITIONAL DEFENDANTS"

2.      The allegations contained in paragraph 2 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

3.      The allegations contained in paragraph 3 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

4.      The allegations contained in paragraph 4 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

5.      The allegations contained in paragraph 5 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

6.       The allegations contained in paragraph 6 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

7.       The allegations contained in paragraph 7 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

8.       The allegations contained in paragraph 8 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

9.       The allegations contained in paragraph 9 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

10.       Mr. Anstice denies each and every allegation contained in paragraph 10 of the Complaint, except Mr. Anstice admits that he owns a residence at 5280 Militia Hill Road, Plymouth Meeting, Pennsylvania.

11.       Mr. Anstice denies each and every allegation contained in paragraph 11 of the Complaint, except Mr. Anstice admits that he was President, U.S. Human Health – The Americas from 1997 to 2002, and is currently President, Human Health and is a member of Merck's Management Committee.

12.       Mr. Anstice denies each and every allegation contained in paragraph 12 of the Complaint, except Mr. Anstice admits that he is a member of Merck's Management Committee.

13.       Mr. Anstice denies each and every allegation contained in paragraph 13 of the Complaint.

14.    Mr. Anstice denies each and every allegation contained in paragraph 14 of the Complaint.

15.    Mr. Anstice denies each and every allegation contained in paragraph 15 of the Complaint.

16.    Mr. Anstice denies each and every allegation contained in paragraph 16 of the Complaint.

17.    Mr. Anstice denies each and every allegation contained in paragraph 17 of the Complaint.

18.    Mr. Anstice denies each and every allegation contained in paragraph 18 of the Complaint.

19.    Mr. Anstice denies each and every allegation contained in paragraph 19 of the Complaint.

20.    Mr. Anstice denies each and every allegation contained in paragraph 20 of the Complaint.

21.    Mr. Anstice denies each and every allegation contained in paragraph 21 of the Complaint.

22.    The allegations contained in paragraph 22 of the Complaint are conclusions of law, to which no response from Mr. Anstice is required.  Should a response be required, Mr. Anstice denies each and every allegation contained in paragraph 22 of the Complaint.

23.     The allegations contained in paragraph 23 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

24.     The allegations contained in paragraph 24 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

25.     The allegations contained in paragraph 25 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

26.     The allegations contained in paragraph 26 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

27.     The allegations contained in paragraph 27 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

28.     The allegations contained in paragraph 28 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

29.     The allegations contained in paragraph 29 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

30.     The allegations contained in paragraph 30 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

31.     The allegations contained in paragraph 31 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

32.     The allegations contained in paragraph 32 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

33.     The allegations contained in paragraph 33 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

34.     The allegations contained in paragraph 34 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

35.     The allegations contained in paragraph 35 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

36.     The allegations contained in paragraph 36 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

37.     The allegations contained in paragraph 37 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

38.     The allegations contained in paragraph 38 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

39.     The allegations contained in paragraph 39 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

40.     The allegations contained in paragraph 40 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

41.     The allegations contained in paragraph 41 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

42.     The allegations contained in paragraph 42 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

43.     The allegations contained in paragraph 43 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

44.     The allegations contained in paragraph 44 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

45.     The allegations contained in paragraph 45 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

46.     The allegations contained in paragraph 46 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

47.     Mr. Anstice denies each and every allegation contained in paragraph 47 of the Complaint, except admits that he testified at depositions on or about March 18, 2005 and respectfully refers the Court to the deposition transcript for the actual language and full text.

48.     The allegations contained in paragraph 48 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

49.     The allegations contained in paragraph 49 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

50.     Mr. Anstice denies each and every allegation contained in paragraph 50 of the Complaint, except admits that through his employment with Merck & Co., Inc., Mr. Anstice was entitled to stock options.

51.     The allegations contained in paragraph 51 of the Complaint are conclusions of law to which no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in said paragraph.

52.     Mr. Anstice denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Mr. Anstice denies each and every allegation contained in paragraph 53 of the Complaint.

## RESPONSE TO "ADDITIONAL ALLEGATIONS AS TO ALL DEFENDANTS"

54.     Mr. Anstice denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck marketed VIOXX® in Pennsylvania.

55.     Mr. Anstice denies each and every allegation contained in paragraph 55 of the Complaint.

56.     The allegations contained in paragraph 56 are vague and ambiguous and call for speculation and therefore Mr. Anstice denies each and every allegation in their entirety.

57.     Mr. Anstice denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Mr. Anstice denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Mr. Anstice denies each and every allegation contained in paragraph 59 of the Complaint, except admits that Merck marketed VIOXX® in Pennsylvania.

60.    Mr. Anstice denies each and every allegation contained in paragraph 60 of the Complaint.

## RESPONSE TO "FACTUAL ALLEGATIONS"

61.    The allegations contained in paragraph 61 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent the allegations do require a response, Mr. Anstice denies each and every allegation in said paragraph, except denies information or knowledge sufficient to form a belief as to the truth or falsity  of the allegations referring to Plaintiff's ingestion of VIOXX® that are contained in paragraph 61 of the Complaint.

62.    Mr. Anstice denies information or knowledge sufficient to form a belief as to the truth or falsity  of the allegations contained in paragraph 62 of the Complaint.

63.    Mr. Anstice denies information or knowledge sufficient to form a belief as to the truth or falsity  of the allegations contained in paragraph 63 of the Complaint.

64.    Mr. Anstice admits that Plaintiffs allege certain damages in paragraph 64 of the Complaint, but denies any legal or factual basis for such damages.  By way of further response, Mr. Anstice denies information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 64 of the Complaint.

65.    The allegations contained in paragraph 65 of the Complaint do not require responsive pleading.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 65 of the Complaint.

66.     The allegations contained in paragraph 66 of the Complaint do not require responsive pleading.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 66 of the Complaint, including subparts Count One through Count Nine.

67.     The allegations contained in paragraph 67 of the Complaint do not require responsive pleading.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 67 of the Complaint.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT 10, PRODUCTS LIABILITY – DEFECTIVE DESIGN"

68.     With respect to the allegations contained in paragraph 68 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

69.     Mr. Anstice denies each and every allegation contained in paragraph 69 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

70.     Mr. Anstice denies each and every allegation contained in paragraph 70 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

71.     Mr. Anstice denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint and in the alternative denies each and every allegation contained in paragraph 71.

72.     Mr. Anstice denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Mr. Anstice denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Mr. Anstice denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Mr. Anstice denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Mr. Anstice denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Mr. Anstice denies each and every allegation contained in paragraph 77 of the Complaint.

78.     The allegations contained in paragraph 78 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 78 of the Complaint.

As for the "Wherefore" section under paragraph 78, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT ELEVEN, PRODUCTS LIABILITY – FAILURE TO WARN"

79.     With respect to the allegations contained in paragraph 79 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

80.     Mr. Anstice denies each and every allegation contained in paragraph 80 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

81.     Mr. Anstice denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Mr. Anstice denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Mr. Anstice denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Mr. Anstice denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Complaint and in the alternative denies each and every allegation contained in paragraph 84.

85.     Mr. Anstice denies each and every allegation contained in paragraph 85 of the Complaint.

86.     The allegations contained in paragraph 86 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 86 and respectfully refers the Court to the relevant state law standard, including any applicable conflicts of laws rules.

87.     Mr. Anstice denies each and every allegation contained in paragraph 87 of the Complaint.

88.     The allegations contained in paragraph 88 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 88 and respectfully refers the Court to the relevant state law standard, including any applicable conflicts of laws rules.

89.     Mr. Anstice denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Mr. Anstice denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Mr. Anstice denies each and every allegation contained in paragraph 91 of the Complaint.

92.     The allegations contained in paragraph 92 of the Complaint do not require responsive pleading. Should a responsive be deemed required, Mr. Anstice admits that Plaintiff alleges certain damage, but denies any legal or factual basis for the alleged damages. By way of further response, Mr. Anstice denies each and every remaining allegation contained in paragraph 92 of the Complaint.

As for the "Wherefore" section under paragraph 92, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT TWELVE, FRAUDULENT MISREPRESENTATION"

93.     With respect to the allegations contained in paragraph 93 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

94.     Mr. Anstice denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Mr. Anstice denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Mr. Anstice denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Mr. Anstice denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Mr. Anstice denies each and every allegation contained in paragraph 98 of the Complaint.

99.    Mr. Anstice denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Mr. Anstice denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Mr. Anstice denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Mr. Anstice denies each and every allegation contained in paragraph 102 of the Complaint.

103.    The allegations contained in paragraph 103 do not require responsive pleading. Should a response be deemed required, Mr. Anstice admits that Plaintiff alleges certain damages, but denies any legal or factual basis for them, and further denies each and every remaining allegation in paragraph 103 of the Complaint.

As for the "Wherefore" section under paragraph 103, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT THIRTEEN, FRAUD"

104.    With respect to the allegations contained in paragraph 104 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

105.    Mr. Anstice denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Mr. Anstice denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Mr. Anstice denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Mr. Anstice denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Mr. Anstice denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Mr. Anstice denies each and every allegation contained in paragraph 110 of the Complaint.

111.    Mr. Anstice denies each and every allegation contained in paragraph 111 of the Complaint.

112.    Mr. Anstice denies each and every allegation contained in paragraph 112 of the Complaint.

113.    Mr. Anstice denies each and every allegation contained in paragraph 113 of the Complaint.

114.    Mr. Anstice denies each and every allegation contained in paragraph 114 of the Complaint.

As for the "Wherefore" section under paragraph 114, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT FOURTEEN, NEGLIGENT MISREPRESENTATION"

115.    With respect to the allegations contained in paragraph 115 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

116.    Mr. Anstice denies each and every allegation contained in paragraph 116 of the Complaint.

117.    Mr. Anstice denies each and every allegation contained in paragraph 117 of the Complaint.

118.    Mr. Anstice denies each and every allegation contained in paragraph 118 of the Complaint.

119.    The allegations contained in paragraph 119 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 119 of the Complaint.

120.    Mr. Anstice denies each and every allegation contained in paragraph 120 of the Complaint.

121.    Mr. Anstice denies each and every allegation contained in paragraph 121 of the Complaint.

122.    Mr. Anstice denies each and every allegation contained in paragraph 122 of the Complaint.

As for the "Wherefore" section under paragraph 122, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT FIFTEEN AND COUNT FOUR, FRAUD AND MISREPRESENTATION"

123.    With respect to the allegations contained in paragraph 123 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

124.    Mr. Anstice denies each and every allegation contained in paragraph 124 of the Complaint.

125.    Mr. Anstice denies each and every allegation contained in paragraph 125 of the Complaint, including subparts a through e.

126.    Mr. Anstice denies each and every allegation contained in paragraph 126 of the Complaint.

18

127.    Mr. Anstice denies each and every allegation contained in paragraph 127 of the Complaint.

128.    Mr. Anstice denies each and every allegation contained in paragraph 128 of the Complaint.

129.    Mr. Anstice denies each and every allegation contained in paragraph 129 of the Complaint.

130.    Mr. Anstice denies each and every allegation contained in paragraph 130 of the Complaint.

131.    Mr. Anstice denies each and every allegation contained in paragraph 131 of the Complaint.

132.    Mr. Anstice denies each and every allegation contained in paragraph 132 of the Complaint.

133.    Mr. Anstice denies each and every allegation contained in paragraph 133 of the Complaint.

134.    Mr. Anstice denies each and every allegation contained in paragraph 134 of the Complaint.

135.    Mr. Anstice denies each and every allegation contained in paragraph 135 of the Complaint.

136.    Mr. Anstice denies each and every allegation contained in paragraph 136 of the Complaint.

137.   Mr. Anstice denies each and every allegation contained in paragraph 137 of the Complaint.

138.   Mr. Anstice denies each and every allegation contained in paragraph 138 of the Complaint.

139.   Mr. Anstice denies each and every allegation contained in paragraph 139 of the Complaint.

140.   Mr. Anstice denies each and every allegation contained in paragraph 140 of the Complaint.

141.   Mr. Anstice denies each and every allegation contained in paragraph 141 of the Complaint.

142.   Mr. Anstice denies each and every allegation contained in paragraph 142 of the Complaint.

143.   Mr. Anstice denies each and every allegation contained in paragraph 143 of the Complaint.

144.   Mr. Anstice denies each and every allegation contained in paragraph 144 of the Complaint.

As for the "Wherefore" section under paragraph 144, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT SIXTEEN, RECKLESS DISREGARD FOR SAFETY AS TO DEFENDANT MERCK & CO."

145.    With respect to the allegations contained in paragraph 145 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

146.    The allegations contained in paragraph 146 of the Complaint are not directed at Mr. Anstice and therefore no response is required.

147.    The allegations contained in paragraph 147 of the Complaint are not directed at Mr. Anstice and therefore no response is required.

148.    The allegations contained in paragraph 148 of the Complaint are not directed at Mr. Anstice and therefore no response is required.

149.    The allegations contained in paragraph 149 of the Complaint are not directed at Mr. Anstice and therefore no response is required.

150.    The allegations contained in paragraph 150 of the Complaint are not directed at Mr. Anstice and therefore no response is required.

151.    The allegations contained in paragraph 151 of the Complaint are not directed at Mr. Anstice and therefore no response is required.

152.    The allegations contained in paragraph 152 of the Complaint are not directed at Mr. Anstice and therefore no response is required.

153.   The allegations contained in paragraph 153 of the Complaint are not directed at Mr. Anstice and therefore no response is required.

As for the "Wherefore" section under paragraph 153, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "ADDITIONAL COUNTS, COUNT SEVENTEEN, RECKLESS DISREGARD FOR SAFETY AS TO DEFENDANTS ANSTICE, KIM AND SHERWOOD"

154.   With respect to the allegations contained in paragraph 154 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

155.   Mr. Anstice denies each and every allegation contained in paragraph 155 of the Complaint.

156.   Mr. Anstice denies each and every allegation contained in paragraph 156 of the Complaint.

157.   Mr. Anstice denies each and every allegation contained in paragraph 157 of the Complaint.

158.   Mr. Anstice denies each and every allegation contained in paragraph 158 of the Complaint.

159.   Mr. Anstice denies each and every allegation contained in paragraph 159 of the Complaint.

160.   Mr. Anstice denies each and every allegation contained in paragraph 160 of the Complaint.

161.   The allegations contained in paragraph 161 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 161 of the Complaint.

162.   Mr. Anstice denies each and every allegation contained in paragraph 162 of the Complaint.

As for the "Wherefore" section under paragraph 162, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT EIGHTEEN, NEGLIGENCE"

163.   With respect to the allegations contained in paragraph 163 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

164.   The allegations contained in paragraph 164 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 164 of the Complaint.

165.     Mr. Anstice denies each and every allegation contained in paragraph 165 of the Complaint.

166.     Mr. Anstice denies each and every allegation contained in paragraph 166 of the Complaint, including subparts a through c.

167.     Mr. Anstice denies each and every allegation contained in paragraph 167 of the Complaint.

168.     Mr. Anstice denies each and every allegation contained in paragraph 168 of the Complaint.

169.     Mr. Anstice denies each and every allegation contained in paragraph 169 of the Complaint.

170.     Mr. Anstice denies each and every allegation contained in paragraph 170 of the Complaint.

As for the "Wherefore" section under paragraph 170, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT NINETEEN, PUNITIVE DAMAGES"

171.   With respect to the allegations contained in paragraph 171 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

172.   Mr. Anstice denies each and every allegation contained in paragraph 172 of the Complaint.

173.   Mr. Anstice denies each and every allegation contained in paragraph 173 of the Complaint.

174.   Mr. Anstice denies each and every allegation contained in paragraph 174 of the Complaint.

175.   Mr. Anstice denies each and every allegation contained in paragraph 175 of the Complaint.

176.   Mr. Anstice denies each and every allegation contained in paragraph 176 of the Complaint.

177.   Mr. Anstice denies each and every allegation contained in paragraph 177 of the Complaint.

As for the "Wherefore" section under paragraph 177, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this

"Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT TWENTY, LOSS OF CONSORTIUM"

178. With respect to the allegations contained in paragraph 178 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

179. Mr. Anstice knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 179 of the Complaint.

180. Mr. Anstice denies each and every allegation contained in paragraph 180 of the Complaint.

181. Mr. Anstice denies each and every allegation contained in paragraph 181 of the Complaint.

182. Mr. Anstice denies each and every allegation contained in paragraph 182 of the Complaint.

As for the "Wherefore" section under paragraph 182, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## AFFIRMATIVE DEFENSES

1.  Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

2.  The Complaint fails to state a claim upon which relief can be granted.

3.  Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

4.  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

5.  To the extent that Plaintiffs assert claims based on Merck's and/or Mr. Anstice's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

6.  To the extent that Plaintiffs assert claims based upon an alleged failure by Merck and/or Mr. Anstice to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

7.  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

8.  Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

9.  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

10. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and/or Mr. Anstice and over whom Merck and/or Mr. Anstice had no control and for whom Merck may not be held accountable.

11. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

12. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

13. To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

14. Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

15. Plaintiffs' claims are barred in whole or in part by the First Amendment.

16. Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

17. Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

18. Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

19. Plaintiffs' claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

20. This case is more appropriately brought in a different venue.

21. To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Mr. Anstice's liability, if any, should be reduced accordingly.

22. To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

23. Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

24. Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Pa. R. Civ. P. 1019(b).

25. Plaintiffs claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

26. To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck or Mr. Anstice, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

27. Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

28. To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Mr. Anstice's state and federal constitutional rights.

29. Since at all times material hereto, Mr. Anstice was an employee of Defendant Merck & Co., Inc., and in such capacity was acting within the course and scope of his employment, the Complaint fails to state any cause of action against Mr. Anstice individually.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Mr. Anstice to determine all of his legal, contractual and equitable rights, Mr. Anstice reserves the right to amend and supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Mr. Anstice will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Mr. Anstice respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Mr. Anstice his reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

### JURY DEMAND

Mr. Anstice demands a trial by jury as to all issues so triable.

Dated:  October 25, 2005

Respectfully submitted,

Kevin F. Berry, Esq.
William J. Winning, Esq.
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Phone: (215) 665-4611
Fax: (215) 701-2343
**Attorneys for Defendant**
**David W. Anstice**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANT DAVID ANSTICE has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 28th day of October , 2005.