

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *McKenna v. Merck & Co., Inc.* (2:05-cv-3221, Sect. L, Mag. 3) | * | JUDGE FALLON |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT JACK BRACKIN, M.D.'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, JACK BRACKIN, M.D., Defendant in the above-entitled and numbered cause, and makes this his Original Answer in support thereof and would respectfully show the Court as follows:

1. Dr. Brackin is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph I of the Complaint.

2. Paragraph II of Plaintiff's Complaint concerns the case level designation to the Texas Rules of Civil Procedure and requires no response by the Defendant.

1

3. Dr. Brackin denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph III, subparagraph 1, respecting Plaintiff McKenna

4. Dr. Brackin denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph III, subparagraph 2, of Plaintiff's Complaint.

5. Dr. Brackin admits the allegations contained in Paragraph III, subparagraph 3, of Plaintiff's Complaint.

6. Dr. Brackin denies all of the allegations contained in Paragraph III, subparagraph 4, of Plaintiff's Complaint.

7. Dr. Brackin admits that he is a resident of the State of Texas. Dr. Brackin denies the remainder of the allegations in Paragraph IV of Plaintiff's Complaint.

8. Dr. Brackin denies that venue is proper in Aransas County, Texas to the extent that co-Defendant Merck has removed the case on allegations of fraudulent joinder.

9. Dr. Brackin admits that Laurel McKenna was prescribed VIOXX. Dr. Brackin denies the remainder of the allegations in Paragraph VI of Plaintiff's Complaint.

10. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VII, subparagraph 1, of Plaintiff's Complaint.

11. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VII, subparagraph 2, of Plaintiff's Complaint.

12. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VII, subparagraph 3, of Plaintiff's Complaint.

13. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VII, subparagraph 4, of Plaintiff's Complaint.

14. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VII, subparagraph 5, of Plaintiff's Complaint.

15. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VII, subparagraph 6, of Plaintiff's Complaint.

16. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 1, of Plaintiff's Complaint.

17. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 2, of Plaintiff's Complaint.

18. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 3, of Plaintiff's Complaint.

19. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 4, of Plaintiff's Complaint.

20. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 5, of Plaintiff's Complaint.

21. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 6, of Plaintiff's Complaint.

22. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 7, of Plaintiff's Complaint.

23. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 8, of Plaintiff's Complaint.

24. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 9, of Plaintiff's Complaint.

25. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 10, of Plaintiff's Complaint.

26. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph VIII, subparagraph 11, of Plaintiff's Complaint.

27. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph IX, subparagraph 1, of Plaintiff's Complaint.

28. Dr. Brackin is without sufficient information to admit or deny the allegations contained in Paragraph IX, subparagraph 2, of Plaintiff's Complaint.

29. Dr. Brackin admits he prescribed VIOXX (rofecoxib) to Plaintiff. Dr. Brackin denies the remainder of the allegations contained in Paragraph X of Plaintiff's Complaint.

30. Dr. Brackin denies each and every allegation directed at him in Paragraph XI, subparagraph 1, of Plaintiff's Complaint.

31. Dr. Brackin denies each and every allegation directed at him in Paragraph XI, subparagraph 2, of Plaintiff's Complaint.

32. Dr. Brackin denies each and every allegation directed at him in Paragraph XII of Plaintiff's Complaint.

33. Paragraph XIII of Plaintiff's Complaint is a request for trial by jury to which no response is required.

34. Dr. Brackin denies each and every allegation directed at him in Paragraph XIV of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

35.     Any liability that might otherwise be imposed upon this Defendant is subject to a reduction by the application of the Doctrine of Comparative Negligence.

36.     To the extent Plaintiffs settled, or will in the future settle, with any person or entity with respect to the injuries asserted in the Complaint, Dr. Brackin's liability, if any, should be reduced accordingly.

37.     To the extent that Plaintiffs seek punitive damage for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Dr. Brackin's State and Federal constitutional rights.

38.     Dr. Brackin pleads that he is entitled to rely upon the punitive damage limitations provisions applicable in Texas law in response to any claim by Plaintiffs seeking punitive or exemplary damages.

39.     Dr. Brackin pleads that he is entitled to rely upon applicable divisions of the Federal and Texas Constitutions which govern the award of punitive damages. Thus, Dr. Brackin pleads that such awards may contravene the excessive fines clause of the Federal Constitution, the Equal Protective and Due Process clauses of the Federal Constitution, the Equal Protection and Due Process clauses of the Texas Constitution, and any other such provision now or hereafter deemed applicable to the award of such damages.

40.     Dr. Brackin pleads the provisions of Section 74.301, et seq., of the Texas Civil Practice & Remedies Code which limited the amount of damages recoverable in this suit, except for past and future medical expenses.

41. Dr. Brackin invokes his rights under Chapter 82 of the Texas Civil Practice & Remedies Code, including the rights under 82.007 and the presumption of non-liability set forth in the cited statute.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Plaintiff take nothing by reason of this suit, that all costs be taxed against Plaintiff and that Defendant be awarded such other or alternative relief to which Defendant may be legally or equitably entitled.

        **Respectfully submitted,**

        **HERMANSEN, McKIBBEN, WOOLSEY**
         **& VILLARREAL, L.L.P.**
        1100 Tower II
        555 North Carancahua Street
        Corpus Christi, Texas 78478
        (361) 882-6611
        FAX: (361) 883-8353

BY: _____
        RICHARD C. WOOLSEY
        State Bar No. 21989100
        Federal ID No. 11623
        LANE K. JARVIS, JR.
        State Bar No. 24012903
        Federal ID No. 24443

        **ATTORNEYS FOR DEFENDANT,**
        **JACK BRACKIN, M.D.**

## CERTIFIED OF SERVICE

I hereby certify that the above and foregoing DEFENDANT JACK BRACKIN, M.D.'S ORIGINAL ANSWER has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 21st day of October, 2005.

Kathy Snapka
Snapka, Turman & Waterhouse, L.L.P.
P.O. Drawer 23017
Corpus Christi, Texas  78205

Gerry Lowry
John Sullivan
Julie Hardin
Fulbright & Jaworski
1301 McKinney, Suite 5100
Houston, Texas 77010

Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue, Suite 100
New Orleans, Louisiana 70113
e-mail: rherman@hhkc.com
Liaison for the Plaintiffs

Phillip A. Wittmann
Stone Pigman Walther Wittmann, LLC
546 Carondelet Street
New Orleans, Louisiana 70130
e-mail: pwittmann@stonepigman.com
Liaison for the Defendants

_____
LANE K. JARVIS, JR.