

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 31  PM 3: 33

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL No. 1657 |
|      PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Evelyn Irvin Plunkett v. Merck & Co., Inc.*, No. 05-4046.

<div align="center">

### ANSWER OF DEFENDANT MERCK & CO., INC.

</div>

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint as follows:

<div align="center">

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "JURISDICTION AND VENUE"

</div>

1.     The allegations contained in paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

2.      Admits the allegation contained in paragraph 2 of the Complaint that the parties have stipulated that the Eastern District of Louisiana is a proper venue for this case.

### RESPONSE TO
### "GENERAL ALLEGATIONS"

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.      Denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 4 of the Complaint, including its subparts (a) through (d).

5.      Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Mr. Irvin is deceased.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.      Admits the allegation contained in paragraph 7 of the Complaint that Merck is a New Jersey corporation with its principal place of business in New Jersey.

8.      Admits the allegation contained in paragraph 8 of the Complaint that Merck is authorized to conduct business in Florida.

9.      The allegations contained in paragraph 9 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck is authorized to conduct business in Florida.

10.      Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

11.      Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Florida.

12.      Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that it is authorized to do business in Florida.

## RESPONSE TO
## "NATURE OF THE CASE"

13.    Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the prescription medication Vioxx was approved by the United States Food and Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint.

17.    Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

4

RESPONSE TO
"FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS"

RESPONSE TO
"A.   VIOXX IS A NON-STEROIDAL ANTI-INFLAMMATORY DRUG
('NSAID') THAT SELECTIVELY BLOCKS THE
PRODUCTION OF CYCLOOXYGENASE-2 ('COX-2')"

18.   Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, is part of a class of drugs known as NSAIDs.  Merck further admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

19.   Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the inhibition of cyclooxygenase 1 ("COX 1") in patients taking traditional non-selective NSAIDs is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

20.   Denies each and every allegation contained in paragraph 20 of the Complaint, including subparts (a) and (b).

21.   Denies each and every allegation contained in paragraph 21 of the Complaint, including its subparts (a) and (b), except admits that employees of Merck Frosst Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

22.   Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that in 1992 Merck became aware of research and development work related to selective COX-2 inhibitors. Merck further avers that employees of Merck Frosst

Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that in 1994, Merck filed an Investigational New Drug ("IND") Application with the FDA, and respectfully refers the Court to that Application for its actual language and full context.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx from May 1999 until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Vioxx was one of Merck's top-selling drugs during that time.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that 2003 worldwide Vioxx sales exceeded $2 billion.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

**RESPONSE TO**
**"B.  MERCK KNEW OF VIOXX'S CARDIOTOXIC AND PRO-THOMBOTIC**
**EFFECTS BEFORE IT WAS APPROVED AND MARKETED"**

**RESPONSE TO**
**"1.  MERCK'S KNOWLEDGE DATES FROM AT LEAST NOVEMBER 1996"**

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except avers that it is believed that the inhibition of cyclooxygenase-1 ("COX-1") has been associated with gastric damage and increased bleeding among patients taking non-selective NSAIDs.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx, and respectfully refers the Court to such studies for their actual conclusions and full context.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Plaintiffs purport to quote portions of a statement, but avers that said quoted language is taken out of context.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Plaintiffs purport to quote a portion of a document, but avers that said quoted language is taken out of context.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that in 1998, the Board of Scientific Advisors recommended that data be collected on CV events in Vioxx clinical trials in a systematic manner.  Merck respectfully refers the Court to the referenced document for its actual language and full text.  Merck further

admits that Plaintiffs purport to quote from a document but avers that any quoted language is taken out of context.

36.    Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck submitted a New Drug Application for Vioxx 12.5 mg and Vioxx 25 mg tablets on November 23, 1998, and respectfully refers the Court to said NDAs for their actual language and full text.

37.    Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that May 1999 the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text and for Vioxx's indicated uses.

38.    Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that the Plaintiffs purport to quote from the prescribing information for Vioxx, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

39.    Denies each and every allegation contained in paragraph 39 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

40.    Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Merck filed a supplemental New Drug Application (sNDA) that

included the VIGOR study, and respectfully refers the Court to the referenced sNDA for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

**RESPONSE TO
"2.   THE VIGOR STUDY SHOWED SIGNIFICANT INCREASES
IN CARDIOVASCULAR EVENTS IN PATIENTS TAKING VIOXX
AS OPPOSED TO NAPROXEN"**

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Merck further admits that it provided preliminary results of the VIGOR study to the FDA in March 2000.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Plaintiffs purport to quote portions of statements, but avers that said statements are taken out of context.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.    Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that in March 2000, Merck received an email purporting to describe Patrono's opinion about the VIGOR study and respectfully refers the Court to the email for its actual text.

49.    Denies each and every allegation contained in paragraph 49 of the Complaint.

50.    Denies each and every allegation contained in paragraph 50 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

51.    Denies each and every allegation contained in paragraph 51 of the Complaint.

52.    Denies each and every allegation contained in paragraph 52 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to the referenced studies for their actual language and full text.

53.    Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

54.    Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx," and respectfully refers the Court to the referenced press release for its actual language and full text.

55.    Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in

September 2001 and respectfully refers the Court to that letter for its actual language and full text.

56.    Denies each and every allegation contained in paragraph 56 of the Complaint, except admits the existence of the journal and the article contained therein.  Merck respectfully refers the Court to the referenced article for its actual language and full text.

57.    Denies each and every allegation contained in paragraph 57 of the Complaint, except admits that plaintiffs purport to quote a statement issued by Merck but avers that said statement is taken out of context.

58.    Denies each and every allegation contained in paragraph 58 of the Complaint, except admits that the referenced press release exists and that plaintiffs purport to quote a portion of the full statement made by Merck and respectfully refers the Court to the referenced press release for its actual language and full text.

59.    Denies each and every allegation in paragraph 59 of the Complaint, except admits that in April 2002 the FDA approved Vioxx as safe and effective for use as recommended in the FDA-approved prescribing information for, among other indicated uses, the treatment of the signs and symptoms of rheumatoid arthritis in adults.  Merck further avers that it has been reported in the medical literature that rheumatoid arthritis affects millions of Americans.

**RESPONSE TO
"C.  MERCK PURSUED AN AGGRESSIVE AND
MISLEADING MARKETING PLAN"**

60.    Denies each and every allegation contained in paragraph 60 of the Complaint.

61.    Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx in the United States.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx in the United States.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint, except admits that the referenced advertisement exists and that the Plaintiffs purport to quote portions of said advertisement but respectfully refers the Court to the referenced advertisement for its actual language and full text.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that and the referenced advertisement exists and that Plaintiffs purport to quote a portion of said advertisement but respectfully refers the Court to the referenced advertisement for its actual language and full text.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine until Merck announced the voluntary withdrawal of Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing

information and that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint, except admits that Merck marketed and sold Vioxx in the United States.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint, including its subparts a through f.

<div align="center">

**RESPONSE TO**
**"D.  THE FDA ISSUED A WARNING LETTER ON SEPTEMBER 17, 2001,**
**INDICATING THAT MERCK HAD ENGAGED IN**
**'FALSE OR MISLEADING' PROMOTION OF VIOXX"**

</div>

75.     Denies each and every allegation contained in paragraph 75 of the Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in

September 2001 and respectfully refers the Court to that letter for its actual language and full text.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint, except admits that Plaintiffs purport to quote a portion of the referenced letter but respectfully refers the Court to said letter for its actual language and full text.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint, except admits that Plaintiffs appear to be quoting a portion of a piece of correspondence but avers that the quoted portion is taken out of context and respectfully refers the Court to the relevant correspondence for its actual language and full context.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint, including its subparts a through h, except admits that Plaintiffs purport to quote portions of the referenced correspondence but avers that Plaintiffs have taken such language out of context and respectfully refers the Court to said letter for its actual language and full text.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

**RESPONSE TO**
**"E.  ADVERSE EVENTS CONTINUE TO OCCUR BECAUSE OF**
**VIOXX USE, AND MERCK CONTINUED TO DENY VIOXX'S DANGER"**

81.     Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that the referenced Adverse Event Reporting System (AERS) exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the Food and Drug Administration that the event was caused by the drug. Merck further admits that various cardiovascular adverse events associated with Vioxx have

been reported to the AERS and respectfully refers the Court to the AERS for complete data on particular reported events.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint, and avers that results of the referenced study were never published and that Merck had no duty to publish said results.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint, except admits that the referenced article exists and that Plaintiff purports to quote a portion of said article, but respectfully refers the Court to the referenced article for its actual language and full text.

<div style="text-align:center">

**RESPONSE TO**
**"F.   MERCK FINALLY WITHDREW VIOXX FROM THE MARKET**
**IN RESPONSE TO PRELIMINARY RESULTS FROM ITS APPROVe STUDY"**

</div>

87.     Denies each and every allegation contained in paragraph 87 of the Complaint, except admits that in November 1999 Merck submitted an IND relating to Vioxx to the Division of Oncology Drug Products (DODP) and respectfully refers the Court to said IND for its actual language and full text.

88.     Admits that the study referenced in paragraph 88 of the Complaint exists and respectfully refers the Court to that study for its actual language and full text.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint, except admits that Plaintiffs purport to quote portions of a document but avers that said language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint, except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

92.     Admits the allegation contained in paragraph 92 of the Complaint that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to that study for its actual language and full text.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to that study for its actual language and full text.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint, except avers that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to that study for its actual language and full text.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint and respectfully refers the Court to the referenced article for its actual conclusions and full text.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint.

## RESPONSE TO
## "PLAINTIFF'S DECEDENT'S USE OF VIOXX"

100.   Denies each and every allegation contained in paragraph 100 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

101.   Denies each and every allegation contained in paragraph 101 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

102.   Denies each and every allegation contained in paragraph 102 of the Complaint.

103.   Denies each and every allegation contained in paragraph 103 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

104.   Denies each and every allegation contained in paragraph 104 of the Complaint.

## RESPONSE TO
## "COUNTS"

## RESPONSE TO
## "COUNT I:  NEGLIGENCE"

105.   With respect to the allegations contained in paragraph 105 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 104 of this Answer with the same force and effect as though set forth here in full.

106.   The allegations contained in paragraph 106 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint, including its subparts a through f, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

108.    Denies each and every allegation contained in paragraph 108 of the Complaint.

109.    The allegations contained in paragraph 109 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 109 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

110.    The allegations contained in paragraph 110 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 110 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

111.    Denies each and every allegation contained in paragraph 111 of the Complaint.

112.    Denies each and every allegation contained in paragraph 112 of the Complaint.

113.    Denies each and every allegation contained in paragraph 113 of the Complaint.

114.   Denies each and every allegation contained in paragraph 114 of the Complaint.

115.   Denies each and every allegation contained in paragraph 115 of the Complaint.

116.   Denies each and every allegation contained in paragraph 116 of the Complaint.

117.   Denies each and every allegation contained in paragraph 117 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT II:  STRICT LIABILITY DEFECTIVE DESIGN"

118.   With respect to the allegations contained in paragraph 118 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 117 of this Answer with the same force and effect as though set forth here in full.

119.   Denies each and every allegation contained in paragraph 119 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

120.   Denies each and every allegation contained in paragraph 120 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck was authorized to do business in Florida.

121.    Denies each and every allegation contained in paragraph 121 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

122.    The allegations contained in paragraph 122 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 122 of the complaint, including its subparts a through d.

123.    The allegations contained in paragraph 123 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 123 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

124.    The allegations contained in paragraph 124 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 124 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

125.    Denies each and every allegation contained in paragraph 125 of the Complaint.

126.    Denies each and every allegation contained in paragraph 126 of the Complaint.

127.    Denies each and every allegation contained in paragraph 127 of the Complaint.

128.     Denies each and every allegation contained in paragraph 128 of the Complaint.

129.     Denies each and every allegation contained in paragraph 129 of the Complaint.

130.     Denies each and every allegation contained in paragraph 130 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT III:  STRICT LIABILITY FAILURE TO WARN"

131.     With respect to the allegations contained in paragraph 131 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 130 of this Answer with the same force and effect as though set forth here in full.

132.     Denies each and every allegation contained in paragraph 132 of the Complaint.

133.     Denies each and every allegation contained in paragraph 133 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

134.     Denies each and every allegation contained in paragraph 134 of the Complaint.

135.     The allegations contained in paragraph 135 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 135 of the Complaint,

denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

136.    Denies each and every allegation contained in paragraph 136 of the Complaint.

137.    The allegations contained in paragraph 137 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 137 of the Complaint, denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

138.    The allegations contained in paragraph 138 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 138 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

139.    The allegations contained in paragraph 139 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 139 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

140.    Denies each and every allegation contained in paragraph 140 of the Complaint.

141.    Denies each and every allegation contained in paragraph 141 of the Complaint.

142.    Denies each and every allegation contained in paragraph 142 of the Complaint.

143.     Denies each and every allegation contained in paragraph 143 of the Complaint.

144.     Denies each and every allegation contained in paragraph 144 of the Complaint.

145.     Denies each and every allegation contained in paragraph 145 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

<div align="center">

**RESPONSE TO**
**"COUNT IV:  BREACH OF EXPRESS WARRANTY"**

</div>

146.     With respect to the allegations contained in paragraph 146 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 145 of this Answer with the same force and effect as though set forth here in full.

147.     Denies each and every allegation contained in paragraph 147 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

148.     Denies each and every allegation contained in paragraph 148 of the Complaint.

149.     Denies each and every allegation contained in paragraph 149 of the Complaint.

150.     Denies each and every allegation contained in paragraph 150 of the Complaint.

151.     The allegations contained in paragraph 151 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 151 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

152.     The allegations contained in paragraph 152 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 152 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

153.     Denies each and every allegation contained in paragraph 153 of the Complaint.

154.     Denies each and every allegation contained in paragraph 154 of the Complaint.

155.     Denies each and every allegation contained in paragraph 155 of the Complaint.

156.     Denies each and every allegation contained in paragraph 156 of the Complaint.

157.     Denies each and every allegation contained in paragraph 157 of the Complaint.

158.     Denies each and every allegation contained in paragraph 158 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT V:  BREACH OF IMPLIED WARRANTY"

159.    With respect to the allegations contained in paragraph 159 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 158 of this Answer with the same force and effect as though set forth here in full.

160.    Denies each and every allegation contained in paragraph 160 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

161.    The allegations contained in paragraph 161 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 161 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

162.    Denies each and every allegation contained in paragraph 162 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

163.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 163 of the Complaint,

and denies each and every allegation directed toward Merck contained in paragraph 163 of the Complaint.

164.    Denies each and every allegation contained in paragraph 164 of the Complaint.

165.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 165 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 165 of the Complaint.

166.    Denies each and every allegation contained in paragraph 166 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

167.    The allegations contained in paragraph 167 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 167 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

168.    The allegations contained in paragraph 168 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 168 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

169.    Denies each and every allegation contained in paragraph 169 of the Complaint.

170.    Denies each and every allegation contained in paragraph 170 of the Complaint.

171.    Denies each and every allegation contained in paragraph 171 of the Complaint.

172.    Denies each and every allegation contained in paragraph 172 of the Complaint.

173.    Denies each and every allegation contained in paragraph 173 of the Complaint.

174.    Denies each and every allegation contained in paragraph 174 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

<div align="center">

**RESPONSE TO**
**"COUNT VI:  FRAUDULENT MISREPRESENTATION"**

</div>

175.    With respect to the allegations contained in paragraph 175 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 174 of this Answer with the same force and effect as though set forth here in full.

176.    Denies each and every allegation contained in paragraph 176 of the Complaint.

177.    Denies each and every allegation contained in paragraph 177 of the Complaint.

178.    Denies each and every allegation contained in paragraph 178 of the Complaint.

179.    Denies each and every allegation contained in paragraph 179 of the Complaint.

180.    Denies each and every allegation contained in paragraph 180 of the Complaint.

181.    Denies each and every allegation contained in paragraph 181 of the Complaint, including its subparts a through g.

182.    Denies each and every allegation contained in paragraph 182 of the Complaint.

183.    The allegations contained in paragraph 183 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 183 of the Complaint, denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

184.    Denies each and every allegation contained in paragraph 184 of the Complaint.

185.    Denies each and every allegation contained in paragraph 185 of the Complaint.

186.    Denies each and every allegation contained in paragraph 186 of the Complaint, except admits that Merck trains its professional representatives.

187.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 187 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 187 of the Complaint.

188.    The allegations contained in paragraph 188 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 188 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

189.    The allegations contained in paragraph 189 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 189 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

190.    Denies each and every allegation contained in paragraph 190 of the Complaint.

191.    Denies each and every allegation contained in paragraph 191 of the Complaint.

192.    Denies each and every allegation contained in paragraph 192 of the Complaint.

193.    Denies each and every allegation contained in paragraph 193 of the Complaint.

194.    Denies each and every allegation contained in paragraph 194 of the Complaint.

195.    Denies each and every allegation contained in paragraph 195 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

<div align="center"><b>RESPONSE TO<br>"COUNT VII:  FRAUDULENT CONCEALMENT"</b></div>

196.    With respect to the allegations contained in paragraph 196 of the Complaint, repeats and realleges each and every admission, denial, averment and statement

contained in paragraphs 1 through 195 of this Answer with the same force and effect as though set forth here in full.

197.    Denies each and every allegation contained in paragraph 197 of the Complaint, including its subparts a and b.

198.    Denies each and every allegation contained in paragraph 198 of the Complaint.

199.    Denies each and every allegation contained in paragraph 199 of the Complaint.

200.    Denies each and every allegation contained in paragraph 200 of the Complaint.

201.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 201 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 201 of the Complaint.

202.    The allegations contained in paragraph 202 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 202 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

203.    The allegations contained in paragraph 203 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 203 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

204.    Denies each and every allegation contained in paragraph 204 of the Complaint.

205.    Denies each and every allegation contained in paragraph 205 of the Complaint.

206.    Denies each and every allegation contained in paragraph 206 of the Complaint.

207.    Denies each and every allegation contained in paragraph 207 of the Complaint.

208.    Denies each and every allegation contained in paragraph 208 of the Complaint.

209.    Denies each and every allegation contained in paragraph 209 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "PRAYER FOR RELIEF"

210.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 209 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts a through e, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "DEMAND FOR JURY TRIAL"

211.    The allegations contained in the unnumbered paragraph of the Complaint entitled "Demand for Jury Trial" are legal conclusions as to which no responsive pleading is required.

**AS FOR A FIRST
DEFENSE, MERCK ALLEGES:**

212.    The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND
DEFENSE, MERCK ALLEGES:**

213.    The Plaintiffs and/or Decedent were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedent.

**AS FOR A THIRD
DEFENSE, MERCK ALLEGES:**

214.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH
DEFENSE, MERCK ALLEGES:**

215.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules (including, *inter alia*, FDA regulations), such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FIFTH
DEFENSE, MERCK ALLEGES:**

216.    To the extent Plaintiffs assert claims that are based on the action/non-action of federal agencies, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

217.    The Plaintiffs and/or Decedent failed to exercise reasonable care to mitigate their alleged damages

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

218.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

**AS FOR AN EIGHTH**
**DEFENSE, MERCK ALLEGES**

219.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

220.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

221.    The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR AN ELEVENTH**
**DEFENSE, MERCK ALLEGES:**

222.    The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

223.    The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

224.    The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

225.    The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

226.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in

the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedent

knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the

consumption of, administration of, or exposure to any drug or pharmaceutical preparation

manufactured or distributed by Merck or other manufacturer.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

227.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in

the Complaint, upon information and belief, such injuries and losses were directly and

proximately caused by the intervening or superseding act and conduct of persons not having real

or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

228.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

229.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedent or natural course of conditions for which this Defendant is not responsible.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

230.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs and/or Decedent or abuse of Vioxx.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

231.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

**AS FOR A TWENTY-FIRST
DEFENSE, MERCK ALLEGES:**

232.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs and/or Decedent did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A TWENTY-SECOND
DEFENSE, MERCK ALLEGES:**

233.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

**AS FOR A TWENTY-THIRD
DEFENSE, MERCK ALLEGES:**

234.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.  Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

**AS FOR A TWENTY-FOURTH
DEFENSE, MERCK ALLEGES:**

235.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

236.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

237.    The demand for punitive damages by the Plaintiffs is barred because
Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52
Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

238.    To the extent that Plaintiffs assert claims against Merck based on theories
of liability or elements of damages provided in the state products liability law applicable to their
claims, Plaintiffs have failed to allege facts that would overcome the defenses available under
that state products liability law.

**AS FOR A TWENTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

239.    The claims of Plaintiffs are barred, in whole or in part, because one or
more Plaintiffs lack capacity and/or standing to bring such claims.

**AS FOR A TWENTY NINTH
DEFENSE, MERCK ALLEGES:**

240.    To the extent that Plaintiffs assert claims against Merck based on fraud,
these claims are barred by reason of the failure of Plaintiff to allege the circumstances
constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil
Procedure.

**AS FOR A THIRTIETH
DEFENSE, MERCK ALLEGES**

241.    Florida law provides that "punitive damages may not be awarded against a
defendant in a civil action if that defendant establishes, before trial, that punitive damages have

previously been awarded against that defendant in any state or federal court in any action alleging harm from the same act or single course of conduct for which the claimant seeks compensatory damages." Fla. Stat. § 768.73(2)(a). On August 19, 2005 a Brazoria County, Texas jury awarded punitive damages of $229 million against Merck in a wrongful death action where – like here – the claim was that Vioxx caused the decedents' death and that Merck had failed to warn of Vioxx's risks. *Ernst v. Merck & Co., Inc.*, Cause No. 19961*BH02, Dist. Court of Brazoria County, Texas, 23rd Judicial District. Under the Florida statutory scheme, that award bars any award of punitive damages in this action. Merck contends that the Texas *Ernst* award must be reduced to $1.65 million under Texas's statutory limits on punitive damages. Further, Merck intends to appeal the entirety of the *Ernst* verdict, including the punitive damages award. But neither of these facts is relevant to application of Florida's statutory punitive damage limitations, which plainly bar punitive damages where – as here – there has been an award of punitive damages to punish the same allegedly wrongful conduct.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

242.   Merck demands a trial by jury of all issues.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

243.   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  October **31**, 2005

<div style="margin-left: 40%;">

Respectfully submitted,


_____
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE      PIGMAN      WALTHER
WITTMANN L.L.C.
4041 Essen Lane
One United Plaza, Suite 501
Baton Rouge, Louisiana 70809
Phone:  225-490-8900
Fax:      225-490-8960

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:      (202) 434-5029

</div>

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
STANLEY, FLANAGAN & REUTER,
L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 31 day

of October, 2005.

41