A CERTIFIED TRUE COPY

OCT 2 0 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
U.S. DISTRICT COURT
EASTERN DISTRICT OCT 2 0 2005

2005 OCT 25  PM 2:16  FILED
CLERK'S OFFICE
LORETTA G. WHYTE
CLERK

*DOCKET NOS. 1657 & 1699*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE VIOXX PRODUCTS LIABILITY LITIGATION*
*IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND
    PRODUCTS LIABILITY LITIGATION*

*James Booker v. Merck & Co., Inc., et al.,* N.D. Texas, C.A. No. 3:05-496

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER DENYING MOTION FOR RECONSIDERATION

Presently before the Panel is a motion by the treating physician defendants for reconsideration of the Panel's September 13, 2005, order i) transferring *Booker* then pending in the Northern District of Texas to the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings with previously centralized MDL-1657 actions pending there before Judge Eldon E. Fallon, ii) simultaneously separating and remanding, pursuant to 28 U.S.C. § 1407(a), claims relating to Pfizer Inc.'s (Pfizer) Bextra and Celebrex prescription medications to the Northern District of Texas, and iii) transferring the resulting Texas action to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1699 before Judge Charles R. Breyer. Both Pfizer and Merck & Co., Inc., oppose this motion for reconsideration.

On the basis of the papers filed,[1] the Panel finds that the treating physician defendants have not shown any changed circumstances which justify reconsideration of the Panel's September 2005 order. We remain confident in the ability of the MDL-1657 and MDL-1699 transferee judges to ensure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

IT IS THEREFORE ORDERED that the motion for reconsideration of the Panel's September 13, 2005, order is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

Fee
Process
Dktd
CtRmDep
Doc. No.

---

[*] Judge Motz took no part in the decision of this matter.

[1] *See* Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).