MINUTE ENTRY
FALLON, J.
OCTOBER 27, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date by Judge Eldon E. Fallon in Houston, Texas. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the pretrial conference. At the monthly pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 8 of Plaintiffs' and Defendants' Liaison Counsel. This conference was transcribed by Nancy Laporte, Certified Court Reporter. Counsel may contact Mrs. Laporte at (504) 495-1692 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

I.     LEXIS/NEXIS FILE & SERVE

Plaintiffs' Liaison Counsel ("PLC") and Defendant's Liaison Counsel ("DLC") reported that they have continued to provide Lexis/Nexis with current service lists of counsel. In addition,

JS:10  4:00

they reported that attorneys have been experiencing problems with uploading materials. This problem is due to a backlog in the Clerk's Office. The Court indicated that it would work with the Clerk's Office to correct this problem. Until a solution is worked out, DLC stipulated that service upon him and Wilfred P. Coronado with hard copies would be sufficient.

II.     ORDERS ISSUES AS A RESULT OF HURRICANE KATRINA

Due to Hurricane Katrina, Louisiana Governor Kathleen Blanco and Chief Judge of the Eastern District of Louisiana Ginger Berrigan issued orders suspending and/or interrupting deadlines and prescriptive periods. In addition, the Louisiana Supreme Court issued an Order on October 3, 2005. Furthermore, a special session of the Louisiana legislature will occur between November 6, 2005, and November 18, 2005. This will be the first opportunity for legislative action on these issues.

Despite these orders and actions, the Court and Plaintiffs' Liaison Counsel ("PLC") are concerned that these orders may not be effective in the MDL—especially in cases originating outside Louisiana. As such, the PLC recommended that attorneys should not rely solely on these orders and file their complaints as soon as possible.

III.    STATE COURT TRIAL SETTINGS

Liaison Counsel reported that the *Humeston* case began on September 12, 2005, in New Jersey Superior Court, Atlantic County and closing arguments are scheduled for tomorrow. In addition, the *Zajicek* trial is set for trial in Texas District Court, Jackson County, on March 20, 2006, the *Guerra* case is set for trial on April 17, 2006, in Texas District Court, Hidalgo County, Texas, and the *Kozic* trial is set for trial in Florida Circuit Court, Hillsborough County, on May 1, 2006.

### IV. SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

On November 29, 2005, the trial in the *Irvin Plunkett* case, a heart attack case, will commence in Houston, Texas. The PSC and DSC have agreed on the categories of cases for the second, third, and fourth trials, but disagree on the specific cases to be tried. The parties have submitted letter briefs to the Court on this issue. After the regularly scheduled monthly pretrial conference, this motion was orally argued.

### V. CLASS ACTIONS

On August 1, 2005, the PSC filed three Master Class Action Complaints. DSC filed Rule 12 Motions on the Medical Monitoring Complaint and the Purchase Claims Complaint. Plaintiffs' oppositions are due on or before November 8, 2005.

In addition, there are three motions pending before the Court: Plaintiffs' Motion to Stay Class Briefing, Plaintiffs' Motion to Amend the Master Class Action Complaints for Medical Monitoring and Personal Injury by Adding Class Representatives for Some Previously Headless Classes, and the Defendant's Motion to Strike State Classes that Have No Named Plaintiffs. These motions have been fully briefed, and the parties indicated that they would set these motions for oral argument.

### VI. DISCOVERY DIRECTED TO MERCK

On June 7, 2005, the PLC served the DLC with a First Set of Interrogatories and Requests for Production of Documents directed to Merck. Members of the PSC and DSC have had numerous conferences concerning these discovery requests and prioritization.

DLC reported that Merck will continue to make production of documents, as identified by members of the PSC as priorities, on a rolling basis. PLC will coordinate and resolve any

conflicting requests.

On August 22, 2005, DLC provided PLC with the first Privilege Log produced relating to Merck's production of initial documents. On September 28, 2005, a meet and confer was held in New York. On October 11, 2005, the PSC filed a Motion to Compel Production of Documents Improperly Claimed as Privileged on Merck's Privilege Log. The DSC filed responsive pleadings. After the regularly scheduled monthly pretrial conference, this motion was orally argued.

The Arcoxia and foreign Vioxx related document requests that were briefed and scheduled for hearing on October 12, 2005, have been resolved by the parties.

### VII. PSC REQUEST FOR PRODUCTION OF FACTS DATABASE

Pursuant to Pretrial Order No. 21, Merck has produced to the PSC prior FACTS productions made in the coordinated New Jersey Litigation as well as the FACTS data from Boynton Beach, Florida, and the national survey. Merck will continue to comply with the requirements of Pretrial Order NO. 21.

### VIII. VIOXX PROFESSIONAL REPRESENTATIVES

On August 8, 2005, DLC submitted to the Court a listing of the names, addresses, and dates of employment of Merck's professional representatives who were involved in promoting sales of Vioxx. The list was submitted under seal and was only viewable by PLC. Following the PLC's review of the list, PLC requested that all members of the PSC be permitted access to the list. DLC opposed this request. The parties submitted letter briefs to the Court on this issue. In a Minute Entry dated September 28, 2005, the Court ruled that all members of the PSC can review the list; however, the list shall remain under seal. The Court reiterated its Order that only

members of the PSC and their staff shall have access to the list.

IX. DISCOVERY DIRECTED TO THE FDA

PLC and DLC reported that the FDA's preliminary production of documents is still ongoing.

X. DISCOVERY DIRECTED TO THIRD PARTIES

PLC and DLC reported that the PSC has issued numerous third-party notices for depositions and the production of documents. If any issues arise, the parties will advise the Court and file the appropriate motions.

One issue that has arisen regards a letter from Vicotria Vance, an attorney for the Cleveland Clinic Foundation, to Chris Tisi, a member of the PSC. Mrs. Vance has sought to delay the depositions of several doctors, whom she represents. The PSC requested that the Court issue a subpoena ordering the doctors to appear at the scheduled depositions.

The Court indicated that the parties should try and work the situation out between themselves. If an agreement cannot be reached, the Court will subpoena the doctors. If the doctors still do not appear at the depositions, the PSC should file a rule to show cause why the doctors should not be held in contempt.

XI. DEPOSITION SCHEDULING

Depositions are underway in the *Irvin* case. Additionally, depositions have been noticed and cross-noticed in the MDL. The PSC and DSC have provided the Court with letters regarding the PSC's seven depositions of former Merck detailers in Florida. After the regularly scheduled monthly pretrial conference, this motion was orally argued.

XII.  PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On September 14, 2005, the Court entered Pretrial Order No. 18B which governs the timing for production of Plaintiff Profile Forms ("PPFs"), Medical Authorizations, and Merck Profile Forms on a staggered basis. DLC indicated that many of the PPFs have been improperly filled out. The Court instructed all attorneys to properly and accurately fill out the PPFs and also instructed DLC that if the PPFs continued to be improperly filled out then DLC should file a motion to dismiss these claims. DLC also agreed to send PLC copies of all future deficiency letters sent out and to outline the technical and substantive objections to the PPFs.

In addition, DLC reported that there have been several questions as to when the PPFs should be filed. DLC indicated that any plaintiff whose last name begins with the letters A through C and was listed on a Conditional Transfer Order, but whose case had not been docketed by the Clerk's Office may file their PPF on December 15, 2005, as opposed to November 15, 2005. Lastly, the Court stated that the PPFs should not filed with the Clerk's Office, but should be filed with the persons listed in Pretrial Order No. 18B.

XIII.  REMAND ISSUES

Several remand motions have been filed with the Court. The Court will deal with these motions as a group in accordance with procedures to be established in the future.

XIV.  TOLLING AGREEMENTS

Questions have arisen regarding extensions for Claimant Profile Forms (i.e., forms used in connection with Tolling Agreements). These questions should be directed to DLC.

XV.  STATE/FEDERAL COORDINATION—STATE LIAISON COMMITTEE

Dawn Barrios, a member of the State Liaison Committee, reported on the coordination of

6

state and federal Vioxx litigation. First, she agreed to provide the Court with an updated electronic list of all cases with pending remand motions grouped by state and designating the basis for the remand motion. Additionally, due to some resignations, she reported that the PSC would like to nominate several people for a position on the State Liaison Committee. Lastly, she informed the Court that Judge Wilson, who is presiding over the Texas state coordinated Vioxx litigation, has adopted the Court's position on many issues.

Furthermore, Elizabeth Cabraser reported that she has been working with international attorneys and attempting to coordinate international Vioxx proceedings with the MDL. In particular, she agreed to provide the Court with the name and contact information of the Canadian justice handling Canada's Vioxx litigation. The Court indicated that it would consider appointing a Canadian attorney to the PSC.

## XVI. *PRO SE* CLAIMANTS

PLC informed the Court that he has continued to be contacted by *pro se* claimants and has advised them of attorneys in their respective states and other pertinent information regarding the MDL.

## XVII. NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on Thursday, December 1, 2005, at 1:00 p.m. This conference will be held in Houston, Texas.

## XVIII. ORAL ARGUMENT

After the regularly scheduled monthly pretrial conference, the Court heard oral argument on the following issues: the PSC's Motion to Compel Production of Documents Improperly Claimed as Privileged on Merck's Privilege Log, the selection of cases for federal court trial, and

the PSC's proposed depositions of seven former Merck detailers in Florida.

First, regarding the Motion to Compel, the Court ordered that Merck would produce a revised privilege log by November 3, 2005, and that a telephone status conference would be held on November 4, 2005, to discuss the revised privilege log.

Second, regarding the cases for early federal court trial, the parties indicated that they may be able to work out an agreement by next week. The parties indicated that they would report back to the Court on November 4, 2005. If the parties cannot reach a solution by that time, the Court will select the cases for early federal court trial.

Third, regarding the depositions of the seven former Merck detailers in Florida, the Court ruled that the PSC could take these depositions as scheduled.