

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -4  PM 2: 33

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to<br>Case No. 05-4046 | |
| | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT<br>as Personal Representative of the Estate of<br>RICHARD IRVIN, JR., | |
| Plaintiff, | |
| vs. | |
| MERCK & CO., INC., | |
| Defendant. | |

### MOTION OF MERCK & CO., INC. ("MERCK") TO EXCLUDE IRRELEVANT MEDICAL CONDITIONS

### (MOTION IN LIMINE NO. 7)

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, and pursuant to Federal Rules of Evidence 401, 402, and 403, hereby moves to exclude all evidence of irrelevant medical conditions. The facts and law supporting this motion are more fully set forth in the

___ Fee___
___ Process___
_X_ Dktd___      790335v.1
___ CtRmDep___
___ Doc. No___

accompanying memorandum, declarations, and exhibits, which are incorporated as if fully set forth herein.

        Respectfully submitted,

*Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax:     (202) 434-5029

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:     (213) 430-6407

Attorneys for Merck & Co., Inc.

790335v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion to Exclude Irrelevant Medical Conditions has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of November, 2005.

*[signature]*

790335v.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to Case No. 05-4046 | |
| | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT as Personal Representative of the Estate of RICHARD IRVIN, JR., | |
| Plaintiff, | |
| vs. | |
| MERCK & CO., INC., | |
| Defendant. | |

**MEMORANDUM OF MERCK & CO., INC. ("MERCK") IN SUPPORT OF
MOTION TO EXCLUDE IRRELEVANT MEDICAL CONDITIONS**

**(MOTION IN LIMINE NO. 7)**

This case is about whether Mr. Irvin's use of Vioxx® caused his sudden cardiac death. Other medical conditions allegedly caused by Vioxx that Mr. Irvin did not have are simply not relevant. Specifically, plaintiff's experts either admit or implicitly concede that Mr. Irvin did not suffer from an assortment of other conditions, including hypertension, congestive heart failure, Alzheimer's disease, or alterations in nitric oxide levels. Accordingly, Merck seeks an order

1

excluding evidence or argument addressing medical conditions allegedly caused by Vioxx that have no relevance or connection to Mr. Irvin's undisputed sudden cardiac death. Admitting such evidence would serve only to inflame the jury and waste the time and resources of the jury, the Court, and the parties.

I.  **EVIDENCE AND ARGUMENT CONCERNING MEDICAL CONDITIONS NOT SUFFERED BY MR. IRVIN ARE IRRELEVANT AND INADMISSIBLE.**

Evidence is irrelevant, and therefore inadmissible, unless it has a tendency to make the "existence of any *fact that is of consequence* to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401 (emphasis added); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 275 (5th Cir. 1998); *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314, 1318 (5th Cir. 1985). Proposed evidence must give rise to more than a surmise or suspicion and must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003) (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985)); *Moore*, 126 F.3d at 687. "Evidence which is not relevant is inadmissible." FED. R. EVID. 402; *United States v. Hays*, 872 F.2d 582, 586 (5th Cir. 1989).

Medical conditions allegedly caused by Vioxx but not suffered by Mr. Irvin are plainly irrelevant to his death and should thus be excluded. Courts have applied this common-sense rule in product liability cases, citing FED. R. EVID. 401-403. *See, e.g., Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1331 (9th Cir. 1985) ("In an early evidentiary ruling, the district court held that where plaintiffs' claims were limited to injuries associated with pregnancy, any testimony regarding other possible injuries to, or other side effects suffered by, users of the Dalkon Shield would be inadmissible as irrelevant, prejudicial, collateral, and potentially confusing.").

Plaintiff's experts concede, either explicitly or implicitly, that Mr. Irvin did not suffer from the following medical conditions; therefore, any testimony or argument concerning these irrelevant conditions should be inadmissible:

- **Hypertension** - Plaintiff's experts uniformly assert that Mr. Irvin did not have hypertension. (*See* Deposition of Thomas Baldwin, M.D. ("Baldwin Dep.") at 137:2-4, attached as Ex. 4 to the Declaration of Phillip A. Wittmann in Support of Merck's Motions in Limine ("Wittmann Decl."); Deposition of Joseph L. Burton, M.D. ("Burton Dep.") at 207:7-9, attached as Ex. 9 to Wittmann Decl.; Deposition of Winston H. Gandy, Jr., M.D. ("Gandy Dep.") at 185:20-186:1, attached as Ex. 13 to Wittmann Decl.; October 26, 2005 Deposition of Benedict R. Lucchesi, M.D., Ph.D., M.S., F.A.H.A. ("Lucchesi 10/26/05 Dep.") at 389:21-25, attached as Ex. 23 to Wittmann Decl.);

- **Congestive heart failure** - Plaintiff's experts explicitly admit that there is no evidence Mr. Irvin suffered from congestive heart failure. (*See* Baldwin Dep. at 137:5-7; Deposition of Colin M. Bloor ("Bloor Dep.") at 75:3-8, attached as Ex. 4 to Wittmann Decl.; Burton Dep. at 211:12-14; Gandy Dep. at 185:17-19; October 18, 2005 Deposition of Benedict R. Lucchesi, M.D., Ph.D., M.S., F.A.H.A. ("Lucchesi 10/18/05 Dep.") at 389:21-25, attached as Ex. 24 to Wittmann Decl.; Lucchesi Dep. at 290:13-15.);

- **Alzheimer's disease** - None of plaintiff's experts suggest that Mr. Irvin had Alzheimer's disease, and there is no evidence to suggest otherwise;

3

- **Alterations in nitric oxide levels**[1] - Plaintiff's experts do not allege that Mr. Irvin had alterations in his nitric oxide levels.

## II. ADMISSION OF IRRELEVANT MEDICAL CONDITIONS WOULD CAUSE UNFAIR PREJUDICE, JURY CONFUSION, AND UNDUE DELAY.

Because medical conditions not suffered by Mr. Irvin have no probative value whatsoever in this case, *a fortiori* exclusion of this evidence is also warranted under Federal Rule of Evidence 403. Evidence that explicitly or implicitly invites the jury to determine liability on some basis other than the facts and the law must be excluded. *Haines v. Tex. Workers Comp. Comm'n*, No. 04-50309, 2005 U.S. App. LEXIS 5, at *2-3 (5th Cir. Jan. 3, 2005) ("[T]rial courts have the discretion to exclude [pieces of evidence] if their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *United States v. Zabaneh*, 837 F.2d 1249, 1265 n.23 (5th Cir. 1988) ("Unfair prejudice within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Evidence of irrelevant medical conditions is both highly inflammatory and unfairly prejudicial. It invites the jury to speculate and draw improper conclusions that Vioxx causes many potentially lethal medical conditions, and could easily lead a jury to impose liability for those conditions rather than the condition at issue in this case. Such evidence can incite jurors to base liability on allegations that are of no issue or consequence to this particular case. *See*

---

[1] According to the alleged nitric oxide theory, Vioxx inhibits production of nitric oxide, which in turn leads to vasoconstriction (*i.e.*, a narrowing of the coronary arteries). (*See, e.g.*, June 13, 2005 Deposition of David Egilman ("Egilman Dep.") at 79:4-80:1, attached as Ex. 11 to Wittmann Decl.)

4

*Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (Evidence is deemed unfairly prejudicial if it "'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'").

If this evidence is admitted at trial, Merck would need to mount a defense against each irrelevant medical condition, engaging in a "trial within a trial" over the truth of those assertions. *See, e.g., Kelly v. Boeing Petro. Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995) (upholding trial court's exclusion of evidence based in part because "the mini-trial which would necessarily follow evidence of each and every 'other act' would amount to needless waste of judicial resources); *Ostler v. Codman Research Group, Inc.*, 241 F.3d 91, 96 (1st Cir. 2001) (evidence properly excluded given potential to delay and mislead jury and to create mini-trials within trial); *White v. United States*, 148 F.3d 787, 792 (7TH Cir. 1998) (evidence properly excluded under Rule 403 because, *inter alia*, of the "clear potential to develop into a trial within a trial"). Furthermore, introducing medical conditions allegedly caused by Vioxx which have nothing to do with this case would divert the jury's focus from the real issues in the case and constitute a time-consuming distraction. All such evidence should be excluded pursuant to Federal Rule of Evidence 403.

### III. CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court exclude all evidence of or reference to medical conditions allegedly caused by Vioxx but not by suffered by Mr. Irvin.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

790336v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum of Merck & Co., Inc. in Support of Merck's Motion to Exclude Irrelevant Medical Conditions has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of November, 2005.

_[signature]_

790336v.1