

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

### MOTION OF MERCK & CO., INC. ("MERCK") TO EXCLUDE EVIDENCE OF CHANGES BETWEEN THE 16th AND 17th EDITIONS OF THE MERCK MANUAL

### (MOTION IN LIMINE NO. 12)

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, and pursuant to Federal Rules of Evidence 402 and 403, hereby moves to exclude evidence of changes between the 16th and the 17th editions of THE MERCK MANUAL. The facts and law supporting this

790306v.1

motion are more fully set forth in the accompanying memorandum, declarations, and exhibits, which are incorporated as if fully set forth herein.

                                          Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
4041 Essen Lane
One United Plaza, Suite 501
Baton Rouge, Louisiana 70809
Phone: 225-490-8900
Fax:    225-490-8960

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

790306v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion of Merck & Co., Inc. to Exclude Evidence of Changes Between the 16th and the 17th Editions of The Merck Manual has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of November, 2005.

*[signature]*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION OF
MERCK & CO., INC. ("MERCK") TO EXCLUDE EVIDENCE OF CHANGES
BETWEEN THE 16th AND 17th EDITIONS OF THE MERCK MANUAL**

(MOTION IN LIMINE NO. 12)

For over 100 years, Merck has published THE MERCK MANUAL, a reference guide intended "[t]o provide useful clinical information to practicing physicians, medical students, interns, residents, nurses, pharmacists, and other health care professionals." (P1.1091.) Over the years, THE MERCK MANUAL has undergone substantial changes because scientific knowledge and medicine have grown and changed. In 1999, Merck published its centennial edition (the

17th) of THE MERCK MANUAL. As in previous editions, the 17th contained many changes from the 16th.

In the two prior Vioxx trials, plaintiffs have focused rather theatrically on one of the many changes between the 16th and 17th editions of THE MERCK MANUAL – the fact that the 17th edition no longer contained the same discussion of prostacyclin and thromboxane that was found in the 16th edition. Plaintiffs claimed these changes were relevant to notice, and perhaps even causation. Those suggestions are unsupported by any evidence, and they should be excluded under Federal Rules of Evidence 402 and 403. Moreover, plaintiffs in the two earlier cases went a step further, arguing that the changes in THE MERCK MANUAL were evidence of Merck's concealment of information and Merck acted in "conformity therewith" when it allegedly concealed scientific data on Vioxx. Not only are these arguments factually baseless, but they are impermissible under Rule 404(b)'s prohibition on improper character evidence.

I.  **EACH EDITION OF THE MERCK MANUAL UNDERGOES INNUMERABLE CHANGES.**

In 1992, Merck published THE MERCK MANUAL's 16th edition with a chapter on "Prostaglandins, Thromboxanes, and Leukotreines" (Ch. 285) under the section of "Clinical Pharmacology." (*See* MRK-AKV000020-28 (excerpts from the 16th edition), attached as Ex. 56 to the Declaration of Phillip A. Wittman in Support of Merck's Motions in Limine ("Wittman Decl.").) Pharmacology is the study of drugs; not surprisingly, the chapter focused on known and potential therapeutic applications of prostaglandins, thromboxanes, and leukotreines. To explain the cutting-edge therapeutic applications of prostaglandins, THE MERCK MANUAL began its discussion with background information on prostaglandins. This discussion included information that prostaglandins "are a group of cyclic fatty acids" that perform a variety of hormone-like actions (MRK-AKV0000021), and that prostacyclin is a type of prostaglandin and

2

"is the most potent of all inhibitors of platelet aggregation and has vascular dilatory properties . . . ." (MRK-AKV0000026). Similarly, it was known that thromboxane A2 is "a potent platelet aggregator and vasoconstrictor . . . ." (*Id.*) None of this background information was new or controversial. It was simply useful to discuss before explaining the cutting-edge therapeutic applications of prostaglandins, including for hypertension, coronary and deep thrombosis, and heart failure.

By 1999, when Merck published THE MERCK MANUAL's 17th edition, the information regarding prostaglandins was no longer cutting-edge. The newest edition contained numerous changes reflecting seven years of scientific and medical advancement. One of those changes was that the section on "Clinical Pharmacology" no longer contained the chapter on "Prostaglandins, Thromboxanes, and Leukotreines." (MRK-AKV0000010 (from the 17th edition), attached as Ex. 57 to the Wittmann Decl.) Also missing was the chapter on "Calcium Antagonists." (*Id.*) Added was a chapter on "Anabolic Steroids." (*Id.*) These changes are not surprising, as new information had been learned and old information was updated and incorporated into other sections. As stated in the Foreword, "[e]very topic has been updated, and many have been completely rewritten." (Pl.1091.) New topics included hand disorders, chronic fatigue syndrome, rehabilitation, smoking cessation, and drug therapy in the elderly. (*Id.*) By updating and reorganizing THE MERCK MANUAL, it continues to be a useful reference guide that tracks current medical and scientific developments.

II. **THE COURT SHOULD EXCLUDE EVIDENCE OF CHANGES IN THE MERCK MANUAL UNDER FEDERAL RULES OF EVIDENCE 401, 402, 403, AND 404.**

   A. **The Change Is Not Relevant to Notice or Causation.**

Although there were many changes made to the nearly 3,000-page MANUAL, plaintiffs in the last two Vioxx trials have paraded in front of the jury the fact that some information about

the physiological properties of prostacyclin and thromboxane was not included.[1] Plaintiff here appears intent on doing the same. (Plaintiff's Exs. 1.1087, 1.1091.) Because the changes made between the 16th and 17th editions of THE MERCK MANUAL are irrelevant to this case, this Court should prohibit such references and argument.

It appears plaintiff may argue that the removal of well-known information on prostacyclin and thromboxane is relevant to notice, and perhaps even to causation. For example, in the first Vioxx trial, the *Ernst* case in state court in Texas, plaintiff argued – without any supporting evidence – that Merck deleted this information because it knew Vioxx caused heart problems:

> Q: Did you know in the 1992, 16th Edition, you-all actually set out this whole concept of why your drug would cause heart problems?
>
> . . .
>
> Q: Well, let's look at it. 'PGE1.' Do you know what that is? . . . Let's read it together. 'It's a potent inhibitor of platelet aggregation while PGE2 stimulates platelet aggregations.' . . . Do you see where it talks about it?
>
> A: That's correct.
>
> Q: And it lays out in very technical medical language exactly how platelet aggregation takes place in clotting. You can go to the next page where it's got a little picture about it.
>
> . . .
>
> Q: Would you be shocked to find out that all of the doctors' information about how prostacyclin and thromboxane work and how they work together as a teeter-totter in the clotting process has been taken out from your manual?
>
> A: I wouldn't be. Look how thick these are. Medical progress goes on. You have to add things, you take things out. We were publishing things in the scientific literature on this very issue. So if you're trying to imply that it was taken out for some reason, I don't think that's an accurate

---

[1] The information removed is well known by medical professionals and found even in an ordinary dictionary.

4

> characterization. But I wasn't involved with it, and so I really can't speak to it one way or another definitively.
>
> Q:   So you would defend it as being everything is fine?

(Testimony of Alice Reicin, *Ernst v. Merck*, No. 19961*BH02 (Dist. Ct. Brazoria County Tex. filed May 24, 2002) ("Reicin *Ernst* Test.") of August 11, 2005 at 25:17-30:8, attached as Ex. 47 to the Wittman Decl.)

If offered to prove causation, changes between the 16th and 17th editions are entirely irrelevant. Neither edition of THE MERCK MANUAL includes evidence that tends to prove a disputed issue of fact. *See* FED. R. EVID. 401.

If offered to prove notice or knowledge that Vioxx might upset the balance between prostacyclin relative to thromboxane in the vasculature, no edition of THE MERCK MANUAL speaks to that issue. Absent some proof of nefarious design, evidence that Merck revised THE MANUAL and eliminated well-know and uncontroverted facts about clotting does not make more or less probable Merck's notice that Vioxx would allegedly cause heart problems. Moreover, the 17th edition of THE MERCK MANUAL provides the following discussion about COX-2, which accurately reflected what was known at that time:

> NSAIDs act by inhibiting cyclooxygenase enzymes and thus inhibit prostaglandins. Some prostaglandins under cyclooxygenase-1 **(COX-1)** control have important effects in many parts of the body (eg, they provide protection to renal blood flow and the gastric mucosa). Other prostaglandins are induced by inflammation and are produced by **COX-2**. Drugs that may inhibit only or predominantly COX-2 are nearing final study. These drugs may avoid many of the side effects that result from drugs that also inhibit COX-1.

(MRK-AKV0000009 (quoting from section discussing treatment rheumatoid arthritis) (emphasis in original).) Contrary to plaintiff's suggestion, the 17th edition also incorporated discussion of prostaglandins (as above) and thromboxane, where appropriate. (*See* MRK-AKV0000012-13 (index referring discussion of prostaglandins and thrombus-related events over multiple topics).)

5

B.   **Plaintiff's Only Reasons for Offering Evidence of the Change Are Improper and Inadmissible.**

The second Vioxx case to reach trial, the *Humeston* case in New Jersey state court, plaintiffs again argued that Merck inappropriately concealed well-known information about prostacyclin and thromboxane when it revised THE MANUAL, and made an even more theatrical plea to the jury's passions:

> Q:   Dr. Gertz, do you believe in magic?
>
> A:   I'm a scientist. I believe in science.
>
> Q:   Okay. I'm going to show you a magic trick. Do you know what document this is? It is called the Merck Manual, right? . . . I'm going to show you something. . . . It is a magic trick. . . . You see where it says in the Merck Manual under the clinical sciences hematologic affects. . . . this talks about prostacyclin and thromboxane and things like that, doesn't it?
>
> A:   Correct.
>
> Q:   It says prostacyclin is a potent antiplatelet enzyme, and it opens up the blood vessels, correct?
>
> A:   Yes.
>
> Q:   And it says thromboxanes causes clotting and closes the vessels, correct?
>
> . . .
>
> Q:   Here is the magic trick. Are you ready? Stay right there. Open up the clinical sciences section of the manual that you[2] published. See, this is the one from 1992. I want to see in the manual you published in 1999, do me a favor, find me that. Go ahead. Look all you want. You won't find it.
>
> . . .
>
> Q:   Because in 1999 when you were putting Vioxx on the market Merck took that information out of the Merck Manual.
>
> Q:   That's how you managed science, isn't it?

---

[2] Although Dr. Gertz is employed by Merck, it was undisputed that he was not in any way involved with THE MERCK MANUAL.

6

>   A:   I disagree.
>
>   Q:   That's how you change science. That's how Merck does science, right, Doctor?

(Testimony of Barry Gertz, *Humeston v. Merck*, No. 619 (N.J. Super. Ct. Law Div. filed August 19, 2003) ("Gertz *Humeston* Test.") of October 20, 2005 at 4905:18-4908:5, attached as Ex. 48 to the Wittmann Decl.). Such "magic trick" questions – calculated to inflame the jury – have nothing to do with the issues the jury must decide. Rule 403 prohibits plaintiff from offering "evidence" intended solely to pander to the emotions of the jury. The "magic trick" questions in *Humeston* suggest no other purpose.

In addition, the plaintiffs in *Humeston* also attempted to use evidence of the changes in a manner that is prohibited by Federal Rule of Evidence 404(b), which states that "[e]vidence of other . . . wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." During closing, plaintiffs in *Humeston* argued that Merck hid the scientific data: "you must be asking yourselves, how did they keep this a secret? How did they do this? How did they pull this off? Well, let's talk about that. By manipulating scientific literature . . . We talked about the Merck Manual, that's one thing." (Closing Testimony, *Humeston v. Merck*, No. 619 (N.J. Super. Ct. Law Div. filed August 19, 2003) of November 1, 2005 at 6591:1-13, attached as Ex.48 to the Wittmann Decl.).) As discussed in the Foreword to the 17th edition, Merck made many changes before the 17th edition was published. None of these changes constituted an improper act. Any argument by plaintiff that Merck "deleted" information from THE MERCK MANUAL, and that that deletion was consistent with its alleged concealment of the scientific data concerning Vioxx, is inadmissible character evidence that must be excluded under Rule 404(b).

### III.  CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court exclude evidence and argument about changes made to THE MERCK MANUAL.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
4041 Essen Lane
One United Plaza, Suite 501
Baton Rouge, Louisiana 70809
Phone:  225-490-8900
Fax:     225-490-8960

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:     (202) 434-5029

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Memorandum In Support of Motion of Merck & Co., Inc. to Exclude Evidence of Changes Between the 16th and 17th Editions of the Merck Manual has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of November, 2005.

*[signature: Dorothy H. Wimberly]*