

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -4  PM 3: 29

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to** | * | |
| **Case No. 05-4046*** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| **EVELYN IRVIN PLUNKETT** | * | |
| as Personal Representative of the Estate of | * | |
| **RICHARD IRVIN, JR.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| **MERCK & CO., INC.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION OF MERCK & CO., INC. ("MERCK") TO EXCLUDE LETTERS TO THE EDITOR AND NON-SCIENTIFIC EDITORIALS IN SCIENCE JOURNALS

### (MOTION IN LIMINE NO. 13)

Defendant Merck & Co., Inc., through undersigned counsel, and pursuant to Federal

Rules of Evidence 403, 703, and 801-04, hereby moves to exclude letters to the editors and non-

scientific editorials in science journals.  The facts and law supporting this motion are more fully

Fee
Process
kd
CtRmDep
Doc. No

790352v.1

set forth in the accompanying memorandum, declarations, and exhibits, which are incorporated as if fully set forth herein.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion to Exclude Letters to the Editor and Non-Scientific Editorials in Science Journals has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of November, 2005.

*Dorothy A. Wimbe*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to** | * | |
| **Case No. 05-4046*** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| **EVELYN IRVIN PLUNKETT** | * | |
| as Personal Representative of the Estate of | * | |
| **RICHARD IRVIN, JR.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| **MERCK & CO., INC.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION OF
MERCK & CO., INC. ("MERCK") TO EXCLUDE LETTERS TO THE
EDITOR AND NON-SCIENTIFIC EDITORIALS IN SCIENCE JOURNALS**

**(MOTION IN LIMINE NO. 13)**

On plaintiff's recently filed exhibit list, there are several "letters to the editors" and non-scientific editorials published in scientific journals. In these letters and editorials, the authors discuss issues related to Vioxx® and Merck's voluntary withdrawal of Vioxx from the market.

Such evidence constitutes inadmissible hearsay, and admitting it or allowing it to be read into evidence at trial would unfairly prejudice Merck, cause juror confusion, and unduly delay

1

trial, particularly given the veneer of authority and reliability that attaches to material published in reputable scientific journals. Accordingly, plaintiff's exhibits, including, but not limited to, 1.0174, 1.0175, 1.0428, 2.0015, 2.0053, 2.0072, 2.0073, 2.0074, 2.0076, 2.0082, 2.0150, 2.0179, 2.0223, 5.0003,[1] and Exhibit J[2] to plaintiff's Summary Science Brief, should be excluded.

## I.   LETTERS TO THE EDITOR AND EDITORIALS ARE INADMISSIBLE HEARSAY.

Out-of-court statements made in articles, commentaries, or editorials, such as those in plaintiff's exhibits 1.0174, 1.0175, 1.0428, 2.0015, 2.0053, 2.0072, 2.0073, 2.0074, 2.0076, 2.0082, 2.0150, 2.0179, 2.0223, 5.0003, and Ex. J, are classic hearsay.[3] FED. R. EVID. 801(c). Unless they fall within a recognized exception to the hearsay rule, they may not be admitted at trial to prove the truth of the matters stated therein. *See* FED. R. EVID. 801-804.

Plaintiff cannot carry her burden of proving that published letters to the editor or editorials qualify under any hearsay exception. *See* FED. R. EVID. 802; *ACLU v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998) (concluding statements in published letter to the editor and newspapers constituted inadmissible hearsay); *Hickok v. G.D. Earle & Co.*, 496 F.2d 444, 446 (10th Cir. 1974) ("[I]t is well established that medical textbooks, treatises, and professional articles are not freely admissible in evidence to prove the substantive or testimonial facts stated therein, since they are subject to the hearsay rule."). Specifically, plaintiff cannot show that they are "learned treatises," the only colorable hearsay exception:

---

[1] An article in The Lancet 2004 cited in Benedict R. Lucchesi's Export Report titled *Vioxx: an unequal partnership between safety and efficacy*. (*See* Expert Report of Benedict R. Lucchesi, M.D., Ph.D., M.S., F.A.H.A. ("Lucchesi Report") at 42, attached at Ex. 45 to the Declaration of Phillip A. Wittmann in Support of Merck's Motions in Limine ("Wittmann Decl.").)

[2] Exhibit J is a 2005 article in the Lancet composed of several "letters to the editor" regarding Peter Juni and colleagues' study of the cardiovascular risk of Vioxx.

[3] These letters to the editor and editorials are not admissible for a nonhearsay purpose. Since the articles are all dated post-death, they are inadmissible to show notice.

> To the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a *reliable authority* by the testimony or admission of the witness or by other expert testimony or by judicial notice. If admitted, the statements may be read into evidence but may not be received as exhibits.

FED. R. EVID. 803(18) (emphasis added). Publication in a reputable journal is not sufficient – the content itself must be established as a reliable authority. *Meschino v. N. Am. Drager, Inc.*, 841 F.2d 429, 434 (1st Cir. 1988) ("In these days of quantified research and pressure to publish, an article does not reach the dignity of 'reliable authority' merely because some editor, even a most reputable one, sees fit to circulate it."); *see also Kansas City v. Dugan*, 524 S.W.2d 194, 196 (Mo. App. 1975) ("court's independent research disclosed that what was characterized by defendant as a 'scientific article' was, in fact, a one-column squib contained in the 'International Comment' section of the Journal of the American Medical Association").

In general, editorials, like unsolicited letters to the editor, are opinion pieces that lack the rigor to qualify as reliable authorities under the learned treatise hearsay exception. *See O'Brien v. Angley*, 407 N.E.2d 490, 494 (Ohio 1980) (editorial published in the *Journal of the American Medical Association* was "not an authoritative exposition of medical theory or principle which might be characterized as a 'learned treatise,' but was primarily an expression of opinion by a physician concerning a controversial subject which posed a risk of litigation for his colleagues in the medical profession."). This is especially true of editorials or letters to the editor, where the scientific community cannot test and evaluate the opinions of the author by reviewing the data itself.

Neither may these materials be read into evidence by an expert under Rule 703. An expert may base his opinion on facts or data which may not be admissible in evidence so long as

3

they are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject. . . ." FED. R. EVID. 703. Letters to the editor and editorial articles are clearly not the type of materials contemplated by Rule 703. *See Meschino*, 841 F.2d at 434.

In short, the editorials and letters to the editor listed on plaintiff's exhibit list are not reliable under Federal Rules of Evidence 803(18) and 703. They do not fall within the learned treatise hearsay or any other exception, and they should be excluded.

## II. LETTERS TO THE EDITOR AND EDITORIALS SHOULD BE EXCLUDED UNDER RULE 403 BECAUSE THEIR ADMISSION WOULD CAUSE UNFAIR PREJUDICE TO MERCK, UNDUE DELAY, AND CONFUSION.

Non-scientific letters to the editors of science journals and other editorial articles should also be excluded from evidence because any probative value is substantially outweighed by the unfair prejudice to Merck, confusion of the jury, and delay of trial that would result from their admission. FED. R. EVID. 403.

The exhibits that are non-scientific letters and editorials contain unsubstantiated and therefore untrustworthy content.   In fact, much of the content does not contain facts at all, but rather, the subjective impressions and biases of the writer.  As a result, these materials have no probative value.  At the same time, they are highly and unfairly prejudicial.  An aura of authority and reliability is frequently attached to material published in scientific journals, especially to laymen, regardless of the level of its scientific trustworthiness.   A jury may not be able to distinguish which scientific articles are scientifically reliable authority and which contain the unsubstantiated opinions of the author.  Because a jury is likely to attach undue weight to the unreliable letters and editorials, Merck will be unduly prejudiced by the admission of these materials.

Moreover, commentaries and editorials often adopt an accusatory or inflammatory perspective on events – a perspective that would almost certainly work here to create jury bias

4

against Merck.  If these materials are admitted, Merck would need to rebut each one, engaging in a "trial within a trial" over the truth of various assertions about its conduct.  *See, e.g., Kelly v. Boeing Petro. Servs., Inc.*, 61 F.3d 350, 356 (5th Cir. 1995) (upholding trial court's exclusion of evidence based in part because "the mini-trial which would necessarily follow evidence of each and every 'other act' would amount to needless waste of judicial resources); *Ostler v. Codman Research Group, Inc.*, 241 F.3d 91, 96 (1st Cir. 2001) (evidence properly excluded given potential to delay and mislead jury and to create mini-trials within trial); *White v. United States*, 148 F.3d 787, 792 (7th Cir. 1998) (evidence properly excluded under Rule 403 because, *inter alia*, of the "clear potential to develop into a trial within a trial").  Furthermore, introducing letters to the editors and other non-scientific editorials in science journals would divert the jury's focus from the real issues in the case and constitute a time-consuming distraction.

## III.  CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court exclude all evidence of and reference to any non-scientific articles, commentaries, and editorials.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

5

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:     (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:     (213) 430-6407

Attorneys for Merck & Co., Inc.

6

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum in Support of Motion of Merck & Co., Inc. to Exclude Evidence of Letters to the Editor and Non-Scientific Editorials in Science Journals has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of November, 2005.

*Dorothy H. Wimberly*

7

790357v.1