FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -4  PM 2: 35

LORETTA G. WHYTE
                CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

**MOTION OF MERCK & CO., INC. ("MERCK") TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING ALLEGED MISCONDUCT UNRELATED TO VIOXX®**

(MOTION IN LIMINE NO. 16)

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, and pursuant to Federal Rules of Evidence 401-404, hereby moves to exclude evidence or argument concerning alleged misconduct unrelated to Vioxx. The facts and law supporting this motion are more fully

___ Fee_____
___ Process_____
_X_ Dktd_____
_V_ CtRmDep._____
___ Doc. No_____

790339v.1

set forth in the accompanying memorandum, declarations, and exhibits, which are incorporated as if fully set forth herein.

          Respectfully submitted,

          *Dorothy H. Wimberly*
          Phillip A. Wittmann, 13625
          Dorothy H. Wimberly, 18509
          STONE PIGMAN WALTHER
          WITTMANN L.L.C.
          546 Carondelet Street
          New Orleans, Louisiana 70130
          Phone: 504-581-3200
          Fax:   504-581-3361

          Defendants' Liaison Counsel

          Philip S. Beck
          Adam L. Hoeflich
          Tarek Ismail
          BARTLIT BECK HERMAN PALENCHAR
          & SCOTT LLP
          54 West Hubbard Street, Suite 300
          Chicago, Illinois 60610
          Phone: 312-494-4400
          Fax:   312-494-4440

          Douglas Marvin
          WILLIAMS & CONNOLLY LLP
          725 Twelfth Street, N.W.
          Washington, D.C. 20005
          Phone: (202) 434-5000
          Fax:   (202) 434-5029

          John H. Beisner
          Charles C. Lifland
          Richard B. Goetz
          O'MELVENY & MYERS LLP
          400 South Hope Street
          Los Angeles, CA 90071
          Phone: (213) 430-6000
          Fax:   (213) 430-6407

          Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion to Exclude Evidence or Argument Concerning Alleged Misconduct Unrelated to Vioxx has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of November, 2005.

_Dorothy H. Wimberly_

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK")
TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING
<u>ALLEGED MISCONDUCT UNRELATED TO VIOXX®</u>**

(MOTION IN LIMINE NO. 16)

This case is about whether Vioxx caused Mr. Irvin's sudden cardiac death and, if so, whether Merck's manufacture, distribution, and marketing of Vioxx renders it liable for his death. Merck anticipates that plaintiff will attempt to introduce evidence wholly unrelated to Vioxx, such as allegations about other drugs or wrongdoing at other corporations. Such evidence is patently irrelevant and will serve only to distract and inflame the jury. It should be excluded.

790340v.1

I.  **THE COURT SHOULD EXCLUDE ANY EVIDENCE OR ARGUMENT CONCERNING ALLEGED MISCONDUCT OF MERCK UNRELATED TO VIOXX.**

Merck manufactures and distributes numerous other products in addition to Vioxx, none of which is at issue in this case. Purported evidence about allegedly wrongful acts related to Merck's other pharmaceutical products should be excluded on several independent grounds: (i) it is not relevant to any disputed issue in this case; (ii) it is not admissible as evidence to show conformity with Merck's character; (iii) if admitted, it would result in unfair prejudice that substantially outweighs any possible probative value; and (iv) if admitted, it will unnecessarily prolong the trial as Merck would need to defend its conduct related to each of these drugs. *See* FED. R. EVID. 401-404(b).

Facts about Merck's manufacture or marketing of products other than Vioxx cannot possibly be "of consequence to the determination" of this action. *See* FED. R. EVID. 401. In particular, letters from the FDA concerning other Merck products have nothing to do with the scientific question of causation in this action.[1]  Evidence of such unrelated matters is inadmissible. *See, e.g., Hagen v. Richardson-Merrell, Inc.*, 697 F. Supp. 334, 340 (N.D. Ill. 1988) ("The issue here is [defendant's] knowledge of any established [risks] associated with Bendectin and not its marketing of any other products...."[R]eference to this evidence is irrelevant and highly prejudicial"); *In re Richardson-Merrell Inc. "Bendectin" Prods. Liab. Litig.*, 624 F. Supp. 1212, 1249 (S.D. Ohio 1985) (ruling that evidence that Bendectin manufacturer had falsified and misstated data from clinical investigation concerning a different drug was inadmissible in Bendectin products liability action); *Cosgrove v. Merrell Dow Pharms.*,

---

[1] Such letters are included on plaintiff's exhibit list as exhibits 1.0976 through 1.0995. These informal letters from the FDA that concern Merck-manufactured drugs other than Vioxx have no conceivable relevance to this case. Exhibit 1.1011 is a similarly irrelevant letter that post-dates Mr. Irvin's death and thus is irrelevant on that additional ground.

*Inc.*, 788 P.2d 1293, 1296 (Idaho 1989) (upholding trial court's exclusion of evidence concerning pharmaceutical company's other drug products that allegedly showed "a habit of fraud, falsification of scientific data, and a general pattern of deceit as to the FDA and the consuming public"); s*ee also Garcia v. Konckier,* 771 So. 2d 550, 551 (Fla. Dist. Ct. App. 2000) (finding reversible error where court allowed argument and information about decedent's prior gang membership because it was not relevant to his personal representative's wrongful death claim). In this case, evidence or allegations concerning other Merck products is equally irrelevant and inadmissible. *See* FED. R. EVID. 402 ("Evidence which is not relevant is not admissible.").

In addition to being irrelevant, evidence of Merck's prior conduct is impermissible propensity evidence under Rule 404(b), which provides that evidence of other wrongs or acts "is not admissible to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b). This rule applies where a party seeks to introduce evidence of alleged misconduct "for the purpose of showing that the person is prone to similar acts." *Stovall v. Horizon Offshore Contractors, Inc.,* 349 F. Supp. 2d 1021, 1024 (E.D. La. 2004). Such evidence of other acts may only be admissible only if: (1) the evidence is relevant to an issue other than the party's character, and (2) the probative value of the evidence is not substantially outweighed by its prejudicial impact. *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1979). Evidence concerning drugs other than Vioxx does not meet either standard, and in fact, would produce the precise effect the rule seeks to avoid.

The only reason that the plaintiff would seek to introduce evidence of Merck's conduct concerning drugs other than Vioxx would be to divert the jury's attention by suggesting that her allegations are consistent with Merck's "bad character." Such information is impermissible propensity evidence. *See Kanida v. Gulf Coast Med. Personnel LP,* 363 F.3d 568, 582 (5th Cir.

790340v.1

2004) (affirming exclusion of evidence that supervisor reacted angrily to a non-plaintiff employee's claim for unpaid overtime compensation when plaintiff sought to introduce it to show a pattern of improper behavior). Given its unduly prejudicial nature, all such propensity evidence should be excluded.

Finally, admission of this type of "other acts" evidence would result in jury confusion and undue delay. *See* FED. R. EVID. 403. Jurors would likely have difficulty maintaining focus on the relevant issues and understanding the full and true context of any allegations concerning other drugs. Merck would be compelled to offer responsive evidence on collateral issues and provide information about the drugs, what claims were made about the drugs, and why those claims may or may not have been accurate. Merck would be entitled and obligated to introduce evidence to demonstrate that its conduct was not wrongful and that, in any event, it should not affect the jury's findings in this case. Preventing such undue delay and waste of time is specifically contemplated by Rule 403 and is an independent reason to exclude evidence of Merck's conduct involving other drug products.

## II. THE COURT SHOULD PROHIBIT REFERENCE TO OR INTRODUCTION OF EVIDENCE OF (1) ALLEGED WRONGDOING BY OTHER CORPORATIONS OR INDIVIDUALS, AND (2) OTHER PHARMACEUTICAL PRODUCT RECALLS OR WITHDRAWALS.

The Court should also preclude any reference, through statements of counsel or questions to witnesses, to the misconduct or alleged misconduct of other companies or individuals. The same is true with respect to references to or evidence of past recalls or withdrawals of other companies' pharmaceutical products. Any comparison of Merck's alleged conduct and the alleged conduct of unrelated entities and individuals is patently irrelevant and inadmissible under Federal Rule of Evidence 402. Prior instances when other pharmaceutical products were withdrawn from the market or recalled are similarly irrelevant.

It would be highly prejudicial to Merck, erroneous, and misleading for counsel to raise these topics in any context. The only possible purpose in doing so would be to inflame the jury. There can be no legitimate reason for calling the jurors' attention to the misconduct or alleged misconduct of entities and individuals that have no relationship to Merck, Mr. Irvin, or the facts of this case. Any such reference would be a calculated attempt to invoke generalized anger at perceived wrongdoing by corporations and their executives and to direct that anger toward Merck. Similarly, there can be no legitimate reason for alluding to prior drug withdrawals or recalls. Any such effort to do so would simply be an improper attempt to establish guilt by association. The jury would be invited to determine liability not on the basis of the facts and the Court's instructions but instead on the basis of bias and prejudice – which is precisely what Rule 403 is designed to prevent. *See* FED. R. EVID. 403.

### III.    CONCLUSION.

For the reasons discussed above, Merck respectfully requests that the Court exclude all evidence of and argument concerning the conduct discussed above as well as all other conduct unrelated to Vioxx and the claims in this case.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

Defendants' Liaison Counsel

790340v.1

790340v.1

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum in Support of Motion of Merck & Co., Inc. to Exclude Evidence or Argument of Alleged Misconduct Unrelated to Vioxx has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of November, 2005.

*/s/ Dorothy H. Wimberly*

790340v.1