FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -4  PM 3: 30

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 05-4046 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT<br>as Personal Representative of the Estate of<br>RICHARD IRVIN, JR., | * | |
| Plaintiff, | * | |
| vs. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * *

**MOTION OF MERCK & CO., INC. ("MERCK") TO**
<u>**EXCLUDE IMPROPER WITNESS TESTIMONY**</u>

**(MOTION IN LIMINE NO. 17)**

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, and pursuant to Federal Rules of Evidence 401, 402, 403, 602, and 701, hereby moves to exclude improper witness testimony. The facts and law supporting this motion are more fully set forth in the

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

790363v.1

accompanying memorandum, declarations, and exhibits, which are incorporated as if fully set forth herein.

                    Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

790363v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion of Merck & Co., Inc. to Exclude Improper Witness Testimony has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of November, 2005.

*[signature]*

790363v.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM OF MERCK & CO., INC. ("MERCK") IN SUPPORT OF
MOTION TO EXCLUDE IMPROPER WITNESS TESTIMONY**

**(MOTION IN LIMINE NO. 17)**

In a case that is as complex as this one, which involves complicated questions of medical causation and compliance with a detailed regulatory scheme, it is particularly important to focus the issues for trial – leaving extraneous, immaterial, and potentially confusing witness testimony out of the courtroom and out of the case. To that end, Merck moves for an order precluding plaintiff from offering impermissible, irrelevant, prejudicial, and otherwise inadmissible lay

1

790365v.1

witness testimony at trial. In particular, Merck moves to exclude lay fact witnesses testimony about their supposed beliefs regarding Vioxx and other hearsay statements for which they have no first-hand knowledge. Such evidence is inadmissible pursuant to Federal Rules of Evidence 401, 402, 403, 602, and 701, for the reasons stated below.

## I. IRRELEVANT AND PREJUDICIAL TESTIMONY MUST BE EXCLUDED.

To be admissible, evidence must tend to prove or disprove some issue of consequence at trial. FED. R. EVID. 401-402; *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 275 (5th Cir. 1998), *aff'd* 151 F.3d 269 (1998); *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314, 1318 (5th Cir. 1985); *Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 347 (5th Cir. 1983). It must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003) (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985)); *Moore*, 126 F.3d at 687. "Evidence which is not relevant is inadmissible." FED. R. EVID. 402; *United States v. Hays*, 872 F.2d 582, 586 (5th Cir. 1989).

Even if relevant, it is appropriate to exclude evidence pursuant to Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403; *Haines v. Tex. Workers Comp. Comm'n*, No. 04-50309, 2005 U.S. App. LEXIS 5, at *2-3 (5th Cir. January 3, 2005). Evidence that impliedly invites the jury to determine liability on some basis other than the facts and the law, for example, must be excluded. *See, e.g., id.; United States v. Zabaneh*, 837 F.2d 1249, 1265 (5th Cir. 1988) ("Unfair prejudice within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."); *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (Evidence is deemed unfairly prejudicial if it "'appeals to the jury's sympathies, arouses its sense of horror, provokes

its instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'").

Plaintiff has proffered testimony on a number of topics that have no relevance to this action and are potentially prejudicial. This testimony, which includes but is not limited to the following, should be excluded:

- **Testimony regarding third parties' use of Vioxx**: This case is about whether Vioxx could have caused and did cause Mr. Irvin's death. The experiences of other individuals with the medication – whether good or bad – has no impact on any issue of consequence. Despite this fact, a number of plaintiff's witnesses have offered testimony on the subject. For example:
    o Mrs. Plunkett's testimony that a friend's wife who "had a heart attack a couple of weeks after [Mr. Irvin] died . . . had been taking Vioxx." (Plunkett Dep. at 77:13-78:9.) Mrs. Plunkett has no foundation for that statement other than a hearsay statement and therefore the proffered testimony should be excluded. Further, the prejudicial effect of the statement outweighs its limited probative value, if any.
    o Richard Irvin III supplied similarly anecdotal evidence about acquaintances who had taken Vioxx, stating that he told one woman to "watch herself." (Deposition of Richard Irvin ("R. Irvin Dep.") at 34:4-38:22, 40:2-41:2, attached as Ex. 19 to Wittmann Decl.) This testimony also is hearsay, irrelevant and prejudicial.
    o John Weeks declared that he wouldn't take Vioxx himself. (J. Weeks Dep. at 35:20-23.) Mr. Weeks' willingness or not to take Vioxx has nothing to do with this case.
    o Both Richard and Ashley Irvin testified at their depositions about other Vioxx-related lawsuits, including the recently-concluded *Ernst* trial. (R. Irvin Dep. at 39:3-40:1,

112:7-10; A. Irvin Dep. at 139:24-140:5.) Allowing references to these cases in this action would serve no legitimate purpose. More importantly, it would confuse and mislead the jury in the exercise of its duty to determine liability based on the facts of this case. Accordingly, the testimony should be excluded. FED. R. EVID. 401-403.

- **Testimony regarding other tangential matters**: Plaintiff's witnesses opine on a wide range of additional irrelevant topics, including: (i) a *Newsweek* article that supposedly prompted plaintiff's lawsuit (Plunkett Dep. at 7:6-14; L. Goldstein Dep. at 42:13-49:1; A. Irvin Dep. at 137:24-138:3, 142:17-24); (ii) Mrs. Plunkett's and Richard Irvin's "research" on the alleged health effects of Vioxx (R. Irvin Dep. at 93:22-96:11); and (iii) statements about this case given by Mrs. Plunkett and Ashley Irvin to the press (A. Irvin Dep. at 143:9-148:11). None of this testimony has any probative value. It thus has no place at trial and should be excluded. FED. R. EVID. 401, 402.

- **Purely prejudicial testimony**: Finally, the Court should exclude testimony whose only purpose is to inflame the jury and distract it from the issues at hand. In particular, the Court should prohibit any suggestion that Merck should be "held accountable" for "killing" Mr. Irvin. (R. Irvin Dep. at 102:13-22; *see also id.* at 93:4-12, 96:10-11; Plunkett Dep. at 12:5-6, 78:13-16; A. Irvin Dep. at 141:25-142:1.) This kind of hyperbolic mischaracterization is highly improper and should be excluded so that it doesn't improperly influence the jury in its deliberations. FED. R. EVID. 403.

## II. PLAINTIFF'S IMPERMISSIBLE LAY OPINION TESTIMONY IS INADMISSIBLE AND MUST BE EXCLUDED.

In addition, any improper lay opinion testimony proffered by plaintiff should be excluded. Pursuant to Federal Rule of Evidence 701, if a witness is not an expert, "the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which

are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge . . . ." FED. R. EVID. 701. The testimony proffered by a number of plaintiff's witnesses blatantly violates this rule. Mrs. Plunkett, her children, and others testified at deposition on topics that are clearly outside of their purview as lay witnesses, including: (i) the specific cause of Mr. Irvin's death; (ii) Mr. Irvin's medical condition prior to his death; and (iii) whether Merck complied with its legal, ethical, and regulatory requirements. Such testimony – and any other impermissible lay opinion testimony offered at trial – is improper under Rule 701 and must be excluded.

### A. Mr. Irvin's Family Members May Not Opine on the Medical Cause of Mr. Irvin's Death.

It is both well-established and reasonable that testimony regarding the often complicated issue of medical causation be limited to experts with the experience and knowledge to assist the trier of fact. Mrs. Plunkett and her two children, Richard and Ashley Irvin, do not have the requisite qualifications. Therefore, they should be precluded from sharing with the jury their lay opinions on the cause of Mr. Irvin's death.

Mrs. Plunkett, Richard Irvin, and Ashley Irvin each testified, at their respective depositions, that Vioxx was the cause of Mr. Irvin's death. (*See* Plunkett Dep. at 12:5-6, 78:13-16; R. Irvin Dep. at 93:4-12, 96:10-11; A. Irvin Dep. at 141:25-142:1.) When asked the basis for this opinion, Richard and Ashley Irvin provided the following explanations:

> Q: And why do you believe Vioxx killed your father?
>
> A: I believe in my heart that my father was, would still be here, due to the fact, how I saw him and who he was. He was a healthy man. And I had no reason to believe that his life would have been t[a]ken earlier if it wasn't because of that drug.

(A. Irvin Dep. at 142:5-15 (objections omitted).)

5

> A: ... [W]e thought that Vioxx killed my father.
>
> Q: When did you first begin to believe that Vioxx was responsible for your father's heart attack?
>
> A: Just talked to my mom, seeing how a blood clot traveled through a healthy man's heart and killed him. Caused by Vioxx.

(R. Irvin Dep. at 93:4-12.) Mrs. Plunkett went so far as to absolve her son-in-law of culpability for his role in prescribing the medication to Mr. Irvin, testifying that "Vioxx killed Mr. Irvin, not [Dr. Schirmer]." (Plunkett Dep. at 12:5-6.)

None of this testimony is based on the "perception" of these witnesses, as is required under Rule 702. Rather, it is pure conjecture. Moreover, it is certainly not based on scientific or other specialized knowledge, and it would surely confuse rather than clarify the issues to be decided at trial. Mr. Irvin's family members have no medical or scientific training to support their purported opinions on the cause of Mr. Irvin's death, and their conclusions are based on no evidence or facts. In short, their testimony on the complex medical issue of causation, which goes to the heart of this case, is impermissible lay testimony that must be excluded.[1] FED. R. EVID. 701.

---

[1] Further, as explained in Merck's Motion to Exclude Evidence of Plaintiff's Experts Regarding Causation, ("Causation Testimony Brief"), filed October 21, 2005, medical causation must be proven by expert testimony. (*Id.* at 11-13); *see also In re Norplant Contraceptive Prods. Liab. Litig.*, 215 F. Supp. 2d 795, 830 (E.D. Tex. 2002); *Newton v. Roche Labs., Inc.*, 243 F. Supp. 2d 672, 682 (W.D. Tex. 2002); *Houghton v. Bond*, 680 So. 2d 514, 523 (Fla. App. 1996); *Osceola County Comm'rs v. Hand*, 458 So. 2d 1134, 1135 (Fla. App. 1984). In this case, plaintiff has failed to put forward competent expert testimony to show that Vioxx probably – and not just possibly – caused Mr. Irvin's death. (*See generally* Causation Testimony Brief.) Having failed to meet her burden on an essential element of her claims, plaintiff may not rely on the lay testimony of Mr. Irvin's family members as a substitute.

B.  **Non-Experts Are Unqualified to Testify About Merck's Compliance with Relevant Statutes and Regulations.**

In addition, the Court should preclude plaintiff's lay witnesses from weighing in on the complex issue of Merck's compliance with its statutory and/or regulatory obligations. For example, Richard Irvin testified at his deposition, that "research ... showed that [Vioxx] shouldn't have been on the market." (R. Irvin Dep. at 94:22-24.) Other lay witnesses suggested alternative means by which Merck could have communicated with the public and the FDA. What each of these witnesses "expected" from Merck, and what each of them thinks about whether Merck met its obligations, is of no consequence to the issues to be determined in this case. FED. R. EVID. 401, 402. In addition, it requires "specialized knowledge" of the relevant regulatory scheme. FED. R. EVID. 702. For these reasons, it is admissible and should be excluded.

Respectfully submitted,

*[signature]*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone: 312-494-4400
Fax:    312-494-4440

7

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

790365v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Memorandum of Merck & Co., Inc. in Support of Motion to Exclude Improper Witness Testimony has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of November, 2005.

*Dorothy H. Wimberly*