UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| This document relates to: *Williams v. Merck & Co., Inc.* (E.D. La. Index No. 05-3845) | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

*******************************************

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers Plaintiff's Complaint ("Complaint") and each and every count thereof, separately and severally, as follows:

### RESPONSE TO "PARTIES"

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.      Merck denies each and every allegation contained in paragraph 3 of the Complaint, except Merck admits that Plaintiff purports to seek compensatory damages, punitive damages and economic losses, but denies that there is any legal or factual basis for same.

### RESPONSE TO "DEFENDANT"

4.      Merck denies each and every allegation of paragraph 4 of the Complaint, except Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, White House Station, New Jersey.

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No._____

790258v.1

5. Merck denies each and every allegation of paragraph 5 of the Complaint except Merck admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx® ("Vioxx") from the market on September 30, 2004.

## RESPONSE TO "JURISDICTION AND VENUE"

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no response is required.

7. The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no response is required.

8. Merck denies each and every allegation contained in paragraph 8 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2). Merck further admits that Vioxx is Merck's trade name for rofecoxib.

9. Merck denies each and every allegation contained in paragraph 9 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

2

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint, except Merck admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint, except Merck admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx Oral Suspension, designated NDA 21-052, and respectfully refers the Court to said NDA for its actual language and full text.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint, except Merck admits that in May 1999 the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the referenced prescribing information for its full text and for Vioxx's indicated uses.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint, except Merck admits that Plaintiff appears to accurately quote portions of the referenced label and respectfully refers the Court to the prescribing information for Vioxx for its actual conclusions and full text.

15.     Merck denies each and every allegation contained in the first sentence of paragraph 15 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.  Merck denies each and

3

every allegation contained in the second sentence of paragraph 15 of the Complaint except Merck admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck denies each and every allegation contained in the third sentence of paragraph 15 of the Complaint.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint, except Merck admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen. Merck respectfully refers the Court to the referenced study for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint, except Merck admits that the studies referenced in sentence one of paragraph 17 and the article referenced in sentence two of paragraph 17 exist, and respectfully refers the Court to said publications for their actual language and full text.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint, except Merck admits that the referenced article, journal and study exist. Merck respectfully refers the Court to the referenced article for its actual language and full text.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint, except Merck admits that the referenced study exists and respectfully refers the Court to the study for its actual language and full text.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint, except Merck admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint, except Merck admits that it received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint, except Merck admits that it received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint, except Merck admits that it received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

25.     Merck denies each and every allegation made in Paragraph 25 of the Complaint, except Merck admits that it received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint, except Merck admits that Plaintiff purports to quote the referenced label and respectfully refers the court to the referenced quote for its actual language and full text.

5

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint, except Merck admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint, except Merck admits that the referenced Patient Information sheet exists and respectfully refers the court to the referenced Patient Information sheet for its actual language and full text.

29.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint, except Merck admits that Plaintiff purports to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint, except Merck admits that it filed documents in or about January 2000 with the Securities and Exchange Commission and respectfully refers the Court to said documents for their actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint, except Merck admits that, until Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and

questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

## RESPONSE TO "COUNT I"

34.    Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

35.    Merck denies each and every allegation contained in paragraph 35 of the Complaint, except Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

36.    Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.    Merck denies each and every allegation contained in paragraph 37 of the Complaint.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 37 of the Complaint.

38.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint.

39.    Merck denies each and every allegation contained in the first sentence of paragraph 39 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 39 of the Complaint.  Merck denies each and every allegation contained in the third sentence of paragraph 39 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in the first sentence of paragraph 42 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 42 of the Complaint.

43.     Plaintiff's prayer for relief in paragraph 43 of the Complaint or the "Wherefore" paragraph of Count I of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 43 of the Complaint or the "Wherefore" paragraph of Count I of the Complaint.

## RESPONSE TO "COUNT II – PRODUCTS LIABILITY – FAILURE TO WARN"

44.     Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

45.      Denies each and every allegation contained in paragraph 45 of the Complaint except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint.

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

50.     Merck denies each and every allegation contained in the first sentence of paragraph 50 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 50 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count II of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count II of the Complaint.

### RESPONSE TO "COUNT III –
### VIOLATION OF MARYLAND UNFAIR OR DECEPTIVE TRADE PRACTICES ACT,
### Annotated Code of Maryland, Section 13-301 *et. seq.*"

51.     Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint, except Merck admits that it manufactured, marketed and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff's or Decedent Deborah Williams' physician prescribed or provided Vioxx to Plaintiff or Decedent Deborah Williams, or that Plaintiff or Decedent Deborah Williams consumed Vioxx.  Merck denies each and every remaining allegation contained in paragraph 57 of the Complaint.

58.     The allegations contained in paragraph 58 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64.     The allegations contained in paragraph 64 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 64 of the Complaint.

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint.

66.     The allegations contained in paragraph 66 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation of paragraph 66 of the Complaint and avers that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

67.     The allegations of paragraph 67 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 67 of the Complaint.

11

68.    Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.    Merck denies each and every allegation contained in paragraph 69 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count III of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count III of the Complaint.

### RESPONSE TO "COUNT IV – BREACH OF EXPRESS WARRANTY"

70.    Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

71.    Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.    The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every of allegation contained in paragraph 72 of the Complaint, including subparagraphs (a)-(c).

73    Merck is denies each and every allegation contained in paragraph 73 of the Complaint.

74.    Merck is denies each and every allegation contained in paragraph 74 of the Complaint.

12

75.     The allegations contained in the first sentence of paragraph 75 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 75 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 75 of the Complaint.

76.     Merck denies each and every of allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count IV of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count IV of the Complaint.

<u>**RESPONSE TO "COUNT V – PUNITIVE DAMAGES"**</u>

79     Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82. Merck denies each and every allegation contained in paragraph 82 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count V of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count V of the Complaint.

### RESPONSE TO "COUNT VI – WRONGFUL DEATH"

83. Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

84. Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85. Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86. Merck denies each and every allegation contained in paragraph 86 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count VI of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count VI of the Complaint.

### RESPONSE TO "COUNT VII – SURVIVAL ACTION"

87 Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as

14

though set forth here in full.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count VII of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count VII of the Complaint.

### RESPONSE TO "COUNT VIII – LOSS OF CONSORTIUM"

89.     Merck repeats and realleges each and every preceding and succeeding admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

90.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint.

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count VIII of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count VIII of the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

92.     Plaintiff's Complaint, and each and every count and claim thereof, is barred by the applicable statute of limitations and is otherwise untimely.

93.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

94.     This case is more appropriately brought in a different venue.

95.     To the extent that the decedent's reactions to the subject product were idiosyncratic reactions, Merck denies liability.

96.     If Plaintiff or decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

97.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff or decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

98.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

99.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

100.    The complaint fails to state a claim upon which relief can be granted.

101.    If Plaintiff or decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff or decedent.

102.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

103.   If Plaintiff or decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff or decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

104.   If Plaintiff or decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

105.   If Plaintiff or decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's or decedent's misuse or abuse of Vioxx.

106.   If Plaintiff or decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's or decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

107.   Plaintiff's claims are barred in whole or in part because Vioxx is a prescription medicine which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) or Torts.

108.   To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

790258v.1

109.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

110.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

111.    Plaintiff's claims are barred in whole or in part by the First Amendment of the United States Constitution.

112.    Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

113.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity.

114.    To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

115.    To the extent that Plaintiff's claims are based upon any theory providing for liability without proof of causation, they violate Merck's state and federal constitutional rights.

116.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

117.    Plaintiff's claims are barred because Merck complied with the applicable statutes and with the requirements and regulations of the Food and Drug Administration.

118.    Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

119.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other Merck drug or pharmaceutical preparation that Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

120.    Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Product Liability.

121.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

122.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

123.    To the extent Plaintiff relies upon any theory of breach of warranty, such claims are barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

124.    Plaintiff is not entitled to the relief requested, as Plaintiff did not file the Complaint in a timely manner under § 3-904 of the Courts and Judicial Proceedings Article of the Maryland Code.

125.    Plaintiff is not entitled to the relief requested, as the Plaintiff is not a proper beneficiary under § 3-904 of the Courts and Judicial Proceedings Article of the Maryland Code.

126.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the

master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defenses.

### RESPONSE TO "REQUEST FOR JURY TRIAL"

Merck joins in the demand for a trial by jury.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Merck & Co., Inc. respectfully requests that the Complaint be dismissed and that Merck recover all costs herein expended on its behalf, including costs, attorneys' fees, and such other relief as this Court may deem just and proper.

Respectfully submitted,

Phillip Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361
E-mail:  pwittman@stonepigman.com

Defendants' Liaison Counsel

Paul F. Strain
(D. Md. Federal Bar No. 01255)
Stephen E. Marshall
(D. Md. Federal Bar No. 08896)
Venable, LLP
Two Hopkins Plaza
Baltimore, Maryland 21201
Phone:  410-244-7400
Facsimile:  410-244-7742
E-mail:  pfstrain@venable.com
E-mail:  semarshall@venable.com
Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on this 4th day of November, 2005.

*Dorothy H. Wimberly*