FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -4  PM 3: 26

LORETTA G. WHYTE
CLERK

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF LOUISIANA**

10

11

IN RE: VIOXX                                    )   MDL NO. 1657
          PRODUCTS LIABILITY LITIGATION         )

12                                              )   JUDGE FALLON
This document relates to :                      )

13                                              )

          *Pauline Ferrell v. Merck & Co., Inc.*   )   **DEFENDANT MCKESSON**

14          (05-3360 E.D. La.) (No. C05-02026 JW)   )   **CORPORATION'S ANSWER TO**
                                                )   **PLAINTIFF'S UNVERIFIED**

15                                              )   **COMPLAINT**

16                                              )

17                                              )

18

          Defendant MCKESSON CORPORATION ("Defendant") files the following Answer to the

19

unverified Complaints ("Complaint") filed in the matter of Pauline Ferrell v. Merck & Co., Inc. (05-3360

20

E.D. La.) (No. C05-02026 JW). (The term "Plaintiff" as used herein shall refer to Pauline Ferrell.)

21

Defendant responds to Plaintiff's Complaint as follows:

22      **I.       INTRODUCTION**

23          McKesson is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty

24   products to chain, independent pharmacy customers and hospitals. As a wholesale distributor,

25   McKesson distributes products manufactured by others. As to VIOXX®, McKesson does not

26   manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does

27   it make any representations or warranties as to the products' safety or efficacy.

28   ///

_____ Fee_____
_____ Process_____
_X_ Dktd_____
_____ CtRmDep_____
_____ Doc. No_____

-1-

## II.   **PARTIES**

McKesson lacks information or knowledge sufficient to admit or deny the allegations contained in the unmarked but presumably Paragraph "1" of the Complaint and therefore denies such allegations.

2.    The allegations contained in Paragraph 2 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint, and, therefore, denies the same.

3.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied upon representations made by McKesson. McKesson admits that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 3 of the Complaint, and therefore denies such allegations.

4.    The allegations contained in Paragraph 4 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint, and, therefore, denies the same.

5.    McKesson denies the allegations contained in Paragraph 5 of the Complaint.

6.    McKesson denies the allegations contained in Paragraph 6 of the Complaint.

7.    McKesson admits that it is a Delaware Corporation, with its principal place of business in San Francisco, California. McKesson denies the remaining allegations that reference McKesson contained in Paragraph 7 of the Complaint, except states that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson is without information or knowledge sufficient to admit or deny the allegations that relate to other parties to this Complaint, contained in Paragraph 7 of the Complaint.

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

8.     McKesson does not manufacture, produce, process, test, encapsulate, label, package or repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied upon representations made by McKesson. McKesson admits that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson denies the remaining allegations that relate to McKesson contained in Paragraph 8 of the Complaint. McKesson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations that relate to other parties of this complaint contained in Paragraph 8 of the Complaint, and therefore denies such allegations.

### III.   FACTUAL BACKGROUND

9.     The sentences in Paragraph 9 purport to state conclusions to which no responses are required.  To the extent a response is required, McKesson states that it is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10.    The sentences in Paragraph 10 purport to state conclusions to which no responses are required.  To the extent a response is required, McKesson states that it is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.    The allegations contained in Paragraph 11 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint, and, therefore, denies the same.

12.    The allegations contained in Paragraph 12 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint, and, therefore, denies the same.

### A.   Merck's Pre-Market Knowledge of VIOXX's Cardiotoxicity and Prothrombotic Effects.

13.    The allegations contained in Paragraph 13 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in

1  Paragraph 13 of the Complaint, and, therefore, denies the same.

2      14.    The sentences in Paragraph 14 purport to state conclusions to which no responses are

3  required. To the extent a response is required, McKesson states that it is without information or

4  knowledge sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint.

5      15.    The allegations contained in Paragraph 15 of the Complaint are not directed to McKesson,

6  therefore, no response is required. To the extent a response is required, McKesson states that it is

7  without information or knowledge sufficient to form a belief as to the allegations contained in

8  Paragraph 15 of the Complaint, and, therefore, denies the same.

9      16.    The allegations contained in Paragraph 16 of the Complaint are not directed to McKesson,

10  therefore, no response is required. To the extent a response is required, McKesson states that it is

11  without information or knowledge sufficient to form a belief as to the allegations contained in

12  Paragraph 16 of the Complaint, and, therefore, denies the same.

13      17.    The allegations contained in Paragraph 17 of the Complaint are not directed to McKesson,

14  therefore, no response is required. To the extent a response is required, McKesson states that it is

15  without information or knowledge sufficient to form a belief as to the allegations contained in

16  Paragraph 17 of the Complaint, and, therefore, denies the same.

17      **B.  The VIOXX Gastrointestinal Research ("VIGOR") Study**

18      18.    The sentences in Paragraph 18 purport to state conclusions to which no responses are

19  required. To the extent a response is required, McKesson states that it is without information or

20  knowledge sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint.

21      19.    The allegations contained in Paragraph 19 of the Complaint are not directed to McKesson,

22  therefore, no response is required. To the extent a response is required, McKesson states that it is

23  without information or knowledge sufficient to form a belief as to the allegations contained in

24  Paragraph 19 of the Complaint, and, therefore, denies the same.

25      20.    The allegations contained in Paragraph 20 of the Complaint are not directed to McKesson,

26  therefore, no response is required. To the extent a response is required, McKesson states that it is

27  without information or knowledge sufficient to form a belief as to the allegations contained in

28  Paragraph 20 of the Complaint, and, therefore, denies the same.

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

21.    The allegations contained in Paragraph 21 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint, and, therefore, denies the same.

22.    The allegations contained in Paragraph 22 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint, and, therefore, denies the same.

23.    The allegations contained in Paragraph 23 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint, and, therefore, denies the same.

24.    The allegations contained in Paragraph 24 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint, and, therefore, denies the same.

25.    The allegations contained in Paragraph 25 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint, and, therefore, denies the same.

26.    The allegations contained in Paragraph 26 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint, and, therefore, denies the same.

27.    The allegations contained in Paragraph 27 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint, and, therefore, denies the same.

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

28.   The allegations contained in Paragraph 28 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint, and, therefore, denies the same.

29.   The allegations contained in Paragraph 29 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint, and, therefore, denies the same.

30.   The allegations contained in Paragraph 30 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint, and, therefore, denies the same.

31.   The allegations contained in Paragraph 31 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint, and, therefore, denies the same.

32.   The allegations contained in Paragraph 32 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint, and, therefore, denies the same.

33.   The sentences in Paragraph 33 purport to state conclusions to which no responses are required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34.   The allegations contained in Paragraph 34 of the Complaint are not directed to McKesson, therefore, no response is required. To the extent a response is required, McKesson states that it is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint, and, therefore, denies the same.

35.   The allegations contained in Paragraph 35 of the Complaint are not directed to McKesson,

1   therefore, no response is required. To the extent a response is required, McKesson states that it is

2   without information or knowledge sufficient to form a belief as to the allegations contained in

3   Paragraph 35 of the Complaint, and, therefore, denies the same.

4        36.    The allegations contained in Paragraph 36 of the Complaint are not directed to McKesson,

5   therefore, no response is required. To the extent a response is required, McKesson states that it is

6   without information or knowledge sufficient to form a belief as to the allegations contained in

7   Paragraph 36 of the Complaint, and, therefore, denies the same.

8        **C. <u>Post-Withdrawal Confirmation of VIOXX's Cardiotoxicity</u>**

9        37.    The allegations contained in Paragraph 37 of the Complaint are not directed to McKesson,

10   therefore, no response is required. To the extent a response is required, McKesson states that it is

11   without information or knowledge sufficient to form a belief as to the allegations contained in

12   Paragraph 37 of the Complaint, and, therefore, denies the same.

13        38.    The allegations contained in Paragraph 38 of the Complaint are not directed to McKesson,

14   therefore, no response is required. To the extent a response is required, McKesson states that it is

15   without information or knowledge sufficient to form a belief as to the allegations contained in

16   Paragraph 38 of the Complaint, and, therefore, denies the same.

17        39.    The allegations contained in Paragraph 39 of the Complaint are not directed to McKesson,

18   therefore, no response is required. To the extent a response is required, McKesson states that it is

19   without information or knowledge sufficient to form a belief as to the allegations contained in

20   Paragraph 39 of the Complaint, and, therefore, denies the same.

21        40.    The sentences in Paragraph 40 purport to state conclusions to which no responses are

22   required. To the extent a response is required, McKesson states that it is without information or

23   knowledge sufficient to admit or deny the allegations contained in Paragraph 40 of the Complaint.

24        41.    The allegations contained in Paragraph 41 of the Complaint are not directed to McKesson,

25   therefore, no response is required. To the extent a response is required, McKesson states that it is

26   without information or knowledge sufficient to form a belief as to the allegations contained in

27   Paragraph 41 of the Complaint, and, therefore, denies the same.

28        42.    The allegations contained in Paragraph 42 of the Complaint are not directed to McKesson,

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   therefore, no response is required. To the extent a response is required, McKesson states that it is

2   without information or knowledge sufficient to form a belief as to the allegations contained in

3   Paragraph 42 of the Complaint, and, therefore, denies the same.

4        43.    The allegations contained in Paragraph 43 of the Complaint are not directed to McKesson,

5   therefore, no response is required. To the extent a response is required, McKesson states that it is

6   without information or knowledge sufficient to form a belief as to the allegations contained in

7   Paragraph 43 of the Complaint, and, therefore, denies the same.

8        44.    The allegations contained in Paragraph 44 of the Complaint are not directed to McKesson,

9   therefore, no response is required. To the extent a response is required, McKesson states that it is

10   without information or knowledge sufficient to form a belief as to the allegations contained in

11   Paragraph 44 of the Complaint, and, therefore, denies the same.

12        45.    The allegations contained in Paragraph 45 of the Complaint are not directed to McKesson,

13   therefore, no response is required. To the extent a response is required, McKesson states that it is

14   without information or knowledge sufficient to form a belief as to the allegations contained in

15   Paragraph 45 of the Complaint, and, therefore, denies the same.

16        46.    The allegations contained in Paragraph 46 of the Complaint are not directed to McKesson,

17   therefore, no response is required. To the extent a response is required, McKesson states that it is

18   without information or knowledge sufficient to form a belief as to the allegations contained in

19   Paragraph 46 of the Complaint, and, therefore, denies the same.

20   **D. McKesson Distributes VIOXX**

21        47.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

22   repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

23   efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

24   upon representations made by McKesson. McKesson admits that it distributed unopened boxes

25   containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

26   the United States. McKesson is without knowledge or information sufficient to form a belief as to the

27   truth or falsity of the remaining allegations of Paragraph 47 of the Complaint, and therefore denies such

28   allegations.

## IV.  PLAINTIFF PAULINE FERRELL

48.    McKesson lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint and therefore denies such allegations.

49.    McKesson lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 49 of the Complaint and therefore denies such allegations.

50.    McKesson lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 50 of the Complaint and therefore denies such allegations.

51.    McKesson lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 51 of the Complaint and therefore denies such allegations.

52.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied upon representations made by McKesson. McKesson admits that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 52 of the Complaint, and therefore denies such allegations.

53.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied upon representations made by McKesson. McKesson admits that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 53 of the Complaint, and therefore denies such allegations.

## V.  TOLLING OF APPLICABLE STATUTE OF LIMITATIONS

54.    McKesson lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 54 of the Complaint and therefore denies such allegations.

1   55.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or

2   repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

3   efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

4   upon representations made by McKesson. McKesson admits that it distributed unopened boxes

5   containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

6   the United States. McKesson is without knowledge or information sufficient to form a belief as to the

7   truth or falsity of the remaining allegations of Paragraph 55 of the Complaint, and therefore denies such

8   allegations.

9                                   **FIRST CAUSE OF ACTION**

10                            **STRICT LIABILITY – FAILURE TO WARN**

11   56.   McKesson incorporates by reference its responses to paragraphs 1 through 55 of the

12   Complaint as if fully set forth herein.

13   57.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or

14   repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

15   efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

16   upon representations made by McKesson. McKesson admits that it distributed unopened boxes

17   containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

18   the United States. McKesson is without knowledge or information sufficient to form a belief as to the

19   truth or falsity of the remaining allegations of Paragraph 57 of the Complaint, and therefore denies such

20   allegations.

21   58.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or

22   repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

23   efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

24   upon representations made by McKesson. McKesson admits that it distributed unopened boxes

25   containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

26   the United States. McKesson is without knowledge or information sufficient to form a belief as to the

27   truth or falsity of the remaining allegations of Paragraph 58 of the Complaint, and therefore denies such

28   allegations.

1    59.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

2   repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

3   efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

4   upon representations made by McKesson. McKesson admits that it distributed unopened boxes

5   containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

6   the United States. McKesson is without knowledge or information sufficient to form a belief as to the

7   truth or falsity of the remaining allegations of Paragraph 59 of the Complaint, and therefore denies such

8   allegations.

9                            **SECOND CAUSE OF ACTION**

10                                  **NEGLIGENCE**

11    60.    McKesson incorporates by reference its responses to paragraphs 1 through 59 of the

12   Complaint as if fully set forth herein.

13    61.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

14   repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

15   efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

16   upon representations made by McKesson. McKesson admits that it distributed unopened boxes

17   containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

18   the United States. McKesson is without knowledge or information sufficient to form a belief as to the

19   truth or falsity of the remaining allegations of Paragraph 61 of the Complaint, and therefore denies such

20   allegations.

21    62.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

22   repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

23   efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

24   upon representations made by McKesson. McKesson admits that it distributed unopened boxes

25   containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

26   the United States. McKesson is without knowledge or information sufficient to form a belief as to the

27   truth or falsity of the remaining allegations of Paragraph 62 of the Complaint, and therefore denies such

28   allegations.

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

63.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied upon representations made by McKesson. McKesson admits that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 63 of the Complaint, and therefore denies such allegations.

64.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied upon representations made by McKesson. McKesson admits that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 64 of the Complaint, and therefore denies such allegations.

## THIRD CAUSE OF ACTION

## FOR BREACH OF IMPLIED WARRANTY

65.   McKesson incorporates by reference its responses to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

66.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied upon representations made by McKesson. McKesson admits that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 66 of the Complaint, and therefore denies such allegations.

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    67.    McKesson denies the allegations contained in Paragraph 67 of the Complaint.

2    68.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

3    repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

4    efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

5    upon representations made by McKesson. McKesson admits that it distributed unopened boxes

6    containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

7    the United States. McKesson is without knowledge or information sufficient to form a belief as to the

8    truth or falsity of the remaining allegations of Paragraph 68 of the Complaint, and therefore denies such

9    allegations.

10    69.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

11    repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

12    efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

13    upon representations made by McKesson. McKesson admits that it distributed unopened boxes

14    containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

15    the United States. McKesson denies the remaining allegations of Paragraph 69 of the Complaint.

16    **FOURTH CAUSE OF ACTION**

17    **FOR BREACH OF EXPRESS WARRANTY**

18    70.    McKesson incorporates by reference its responses to paragraphs 1 through 69 of the

19    Complaint as if fully set forth herein.

20    71.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

21    repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

22    efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

23    upon representations made by McKesson. McKesson admits that it distributed unopened boxes

24    containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

25    the United States. McKesson denies the remaining allegations of Paragraph 71 of the Complaint.

26    72.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

27    repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

28    efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

-13-

1  upon representations made by McKesson. McKesson admits that it distributed unopened boxes

2  containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

3  the United States. McKesson is without knowledge or information sufficient to form a belief as to the

4  truth or falsity of the remaining allegations of Paragraph 72 of the Complaint, and therefore denies such

5  allegations.

6       73.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

7  repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

8  efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

9  upon representations made by McKesson. McKesson admits that it distributed unopened boxes

10  containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

11  the United States. McKesson is without knowledge or information sufficient to form a belief as to the

12  truth or falsity of the remaining allegations of Paragraph 73 of the Complaint, and therefore denies such

13  allegations.

14                          **FIFTH CAUSE OF ACTION**

15          **DECEIT BY CONCEALMENT – CAL. CIV. CODE § 1709-1710**

16       74.    McKesson incorporates by reference its responses to paragraphs 1 through 73 of the

17  Complaint as if fully set forth herein.

18       75.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

19  repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

20  efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

21  upon representations made by McKesson. McKesson admits that it distributed unopened boxes

22  containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

23  the United States. McKesson denies the remaining allegations of Paragraph 75 of the Complaint.

24       76.    The allegations contained in Paragraph 26 of the Complaint are not directed to McKesson,

25  therefore, no response is required. To the extent a response is required, McKesson states that it is

26  without information or knowledge sufficient to form a belief as to the allegations contained in

27  Paragraph 76 of the Complaint, and, therefore, denies the same.

28       77.    The allegations contained in Paragraph 26 of the Complaint are not directed to McKesson,

1   therefore, no response is required. To the extent a response is required, McKesson states that it is

2   without information or knowledge sufficient to form a belief as to the allegations contained in

3   Paragraph 77 of the Complaint, and, therefore, denies the same.

4       78.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or

5   repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

6   efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

7   upon representations made by McKesson. McKesson admits that it distributed unopened boxes

8   containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

9   the United States. McKesson is without knowledge or information sufficient to form a belief as to the

10  truth or falsity of the remaining allegations of Paragraph 78 of the Complaint, and therefore denies such

11  allegations.

12      79.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or

13  repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

14  efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

15  upon representations made by McKesson. McKesson admits that it distributed unopened boxes

16  containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

17  the United States. McKesson is without knowledge or information sufficient to form a belief as to the

18  truth or falsity of the remaining allegations of Paragraph 79 of the Complaint, and therefore denies such

19  allegations.

20      80.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or

21  repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

22  efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

23  upon representations made by McKesson. McKesson admits that it distributed unopened boxes

24  containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

25  the United States. McKesson is without knowledge or information sufficient to form a belief as to the

26  truth or falsity of the remaining allegations of Paragraph 80 of the Complaint, and therefore denies such

27  allegations.

28                          **SIXTH CAUSE OF ACTION**

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**NEGLIGENT MISREPRESENTATION**

81.   McKesson incorporates by reference its responses to paragraphs 1 through 80 of the Complaint as if fully set forth herein.

82.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied upon representations made by McKesson. McKesson admits that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 82 of the Complaint, and therefore denies such allegations.

83.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied upon representations made by McKesson. McKesson admits that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 83 of the Complaint, and therefore denies such allegations.

84.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied upon representations made by McKesson. McKesson admits that it distributed unopened boxes containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. McKesson is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 84 of the Complaint, and therefore denies such allegations.

85.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or

1    repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

2    efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

3    upon representations made by McKesson. McKesson admits that it distributed unopened boxes

4    containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

5    the United States. McKesson is without knowledge or information sufficient to form a belief as to the

6    truth or falsity of the remaining allegations of Paragraph 85 of the Complaint, and therefore denies such

7    allegations.

8         86.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

9    repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

10   efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

11   upon representations made by McKesson. McKesson admits that it distributed unopened boxes

12   containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

13   the United States. McKesson is without knowledge or information sufficient to form a belief as to the

14   truth or falsity of the remaining allegations of Paragraph 86 of the Complaint, and therefore denies such

15   allegations.

16        87.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

17   repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

18   efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

19   upon representations made by McKesson. McKesson admits that it distributed unopened boxes

20   containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

21   the United States. McKesson is without knowledge or information sufficient to form a belief as to the

22   truth or falsity of the remaining allegations of Paragraph 87 of the Complaint, and therefore denies such

23   allegations.

24                        **PUNITIVE DAMAGES ALLEGATIONS**

25                **(As to the First, Second, Fifth and Sixth Causes of Action)**

26        88.    McKesson incorporates by reference its responses to paragraphs 1 through 87 of the

27   Complaint as if fully set forth herein.

28        89.    McKesson does not manufacture, produce, process, test, encapsulate, label, package or

-17-

1  repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

2  efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

3  upon representations made by McKesson. McKesson admits that it distributed unopened boxes

4  containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

5  the United States. McKesson denies the remaining allegations of Paragraph 89 of the Complaint.

6       90.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or

7  repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

8  efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

9  upon representations made by McKesson. McKesson admits that it distributed unopened boxes

10  containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

11  the United States. McKesson denies the remaining allegations of Paragraph 90 of the Complaint.

12       91.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or

13  repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

14  efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

15  upon representations made by McKesson. McKesson admits that it distributed unopened boxes

16  containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

17  the United States. McKesson denies the remaining allegations of Paragraph 91 of the Complaint.

18       92.   McKesson does not manufacture, produce, process, test, encapsulate, label, package or

19  repackage VIOXX®. McKesson neither makes representations nor warranties as to the safety or

20  efficacy of VIOXX®. Based thereon, McKesson denies each and every allegation that consumers relied

21  upon representations made by McKesson. McKesson admits that it distributed unopened boxes

22  containing VIOXX® to certain drug stores, pharmacies, health care facilities and hospitals throughout

23  the United States. McKesson denies the remaining allegations of Paragraph 92 of the Complaint.

24       1.   McKesson admits that Plaintiff seeks the relief requested in Paragraph 92 of the

25  Complaint and its subparts, but denies that Plaintiff is entitled to any such relief in the amounts or

26  manner alleged or in any amount or manner whatsoever.

27       2.   McKesson admits that Plaintiff seeks the relief requested in Paragraph 92 of the

28  Complaint and its subparts, but denies that Plaintiff is entitled to any such relief in the amounts or

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

manner alleged or in any amount or manner whatsoever.

3.      McKesson admits that Plaintiff seeks the relief requested in Paragraph 92 of the Complaint and its subparts, but denies that Plaintiff is entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

4.      McKesson admits that Plaintiff seeks the relief requested in Paragraph 92 of the Complaint and its subparts, but denies that Plaintiff is entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

5.      McKesson admits that Plaintiff seeks the relief requested in Paragraph 92 of the Complaint and its subparts, but denies that Plaintiff is entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

6.      McKesson admits that Plaintiff seeks the relief requested in Paragraph 92 of the Complaint and its subparts, but denies that Plaintiff is entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

7.      McKesson admits that Plaintiff seeks the relief requested in Paragraph 92 of the Complaint and its subparts, but denies that Plaintiff is entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

8.      McKesson admits that Plaintiff seeks the relief requested in Paragraph 92 of the Complaint and its subparts, but denies that Plaintiff is entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

93.     The Complaint and all causes of action asserted against Defendant fail to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

94.     Federal law preempts Plaintiff's claims.  Plaintiff has asserted claims for relief which, if granted, would constitute an impermissible burden by this Court on Federal laws, regulations, and policies relating to the development and marketing of products, in violation of the Supremacy Clause, Article VI of the Constitution of the United States.

-19-

### THIRD AFFIRMATIVE DEFENSE

95.     The causes of action alleged in the Complaint are barred by the applicable statutes of limitations and/or statutes of repose, including but not limited to California *Code of Civil Procedure* §§ 335.1 and 338 and former § 340(3), California *Business and Professions Code* § 17208, and *California Civil Code* § 1783.

### FOURTH AFFIRMATIVE DEFENSE

96.     During the time periods alleged in the Complaint, Plaintiff failed to exercise ordinary care on her own behalf for her safety.  Plaintiff's recklessness, carelessness and/or negligence caused any injury and damage that she may have sustained.  Plaintiff's right to recover should be diminished by her proportional share of fault.

### FIFTH AFFIRMATIVE DEFENSE

97.     Plaintiff failed to mitigate any damage that she may have sustained.  Plaintiff failed to exercise reasonable care to avoid the consequences of harm, if any.  Among other things, Plaintiff failed to use reasonable diligence in caring for any injury, use reasonable means to prevent aggravation of any injury, and/or take reasonable precautions to reduce any injury and damage.

### SIXTH AFFIRMATIVE DEFENSE

98.     During the time periods alleged in the Complaint, Plaintiff had full knowledge of the risks and possible adverse effects pertaining to the use of the products.  Defendant alleges that part or all of the injuries, damages, or losses, if any, that Plaintiff claims to have sustained arose from or were caused by such risks.  Plaintiff was aware of, accepted, and assumed the risks and possible adverse effects. Plaintiff's recovery, if any, should be diminished, reduced, offset, or barred by Plaintiff's assumption of the risks and informed consent.

### SEVENTH AFFIRMATIVE DEFENSE

99.     Defendant denies that Plaintiff suffered injuries or incurred any damages, or that any defendant is liable.  If Plaintiff did suffer any injuries or incur any damages, any injuries or damages were caused, in whole or in part, by the acts or omissions of persons or entities other than Defendant or superseding or intervening causes over which Defendant had no control. If there is any negligence or

liability by any defendant, it is the sole and exclusive negligence and liability of others and not this answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

100.    The intervening or superseding cause of any injury allegedly sustained by the Plaintiff may be conduct which is illicit, criminal, or otherwise improper, and for which conduct Defendant cannot be held responsible.

### NINTH AFFIRMATIVE DEFENSE

101.    Plaintiff's alleged damages, injuries, or losses, if any, were not proximately caused by any alleged act, omission, or breach of duty by Defendant but were caused in whole or in part by the acts or omissions of Plaintiff and/or others so that the principles of contributory negligence, comparative fault and/or assumption of the risk apply.

### TENTH AFFIRMATIVE DEFENSE

102.    Plaintiff's claims are barred in whole or in part because they have been improperly joined in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

103.    If any of the other parties are negligent, legally responsible, or otherwise at fault for the damages alleged in the Master Complaint, and if there is a finding of any liability in favor of Plaintiff or settlement or judgment against Defendant, Defendant requests that the Court or Jury make an apportionment of fault among all parties as permitted by *Li v. Yellow Cab Co.* and *American Motorcycle Association v. Superior Court*. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

### TWELFTH AFFIRMATIVE DEFENSE

104.    Plaintiff's claims are barred in whole or in part because they have been filed in an improper venue.

### THIRTEENTH AFFIRMATIVE DEFENSE

-21-

105.    Plaintiff's alleged injuries were the direct and proximate result of an idiosyncratic reaction which was not reasonably foreseeable, or was not the result of any conduct or negligence on the part of Defendant; and/or was not the result of any defect in any product distributed or sold by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

106.    The hazards of foreseeable uses and misuses of the product are open and obvious.

### FIFTEENTH AFFIRMATIVE DEFENSE

107.    After the products left the possession and control of Defendant, if in fact any products were ever in the possession or control of Defendant, the products were redesigned, modified, altered, or subjected to treatment that substantially changed their character without Defendant's knowledge. Any alleged defect resulted, if at all, from the redesign, modification, alteration, treatment or other change of the products after Defendant relinquished possession of and control over any of the products.

### SIXTEENTH AFFIRMATIVE DEFENSE

108.    The design, manufacture, and marketing of the products were in conformity with the "state of the art" existing at the time of such design, manufacture, and marketing.

### SEVENTEENTH AFFIRMATIVE DEFENSE

109.    The learned intermediary doctrine bars Plaintiff's recovery of any damages. Any duty to warn Plaintiff of the risks and hazards associated with the products was discharged by providing adequate warning to physicians.

### EIGHTEENTH AFFIRMATIVE DEFENSE

110.    To the extent that Plaintiff alleges a failure to warn by Defendant, Defendant alleges that the manufacturers, physician, and other health care providers associated with the products knew, or should have been aware, of any risk and hazard that Plaintiff and/or Plaintiff's decedent allege rendered the products defective and that allegedly caused Plaintiff's and/or Plaintiff's decedent injuries and damages, if any. To the extent that such manufacturers, physician, and other health care providers failed to advise, inform, or warn Plaintiff of such risks and hazards, such failure is imputed to Plaintiff under agency principles and Plaintiff and/or Plaintiff's decedent knowingly and voluntarily assumed the risk of any injury as a result of the consumption of, administration of, or exposure to the product.

### NINETEENTH AFFIRMATIVE DEFENSE

111.  The Complaint is barred due to the lack of privity, or a "transaction," between Plaintiff and Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

112.  This Court lacks personal jurisdiction over this answering Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

113.  Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, good faith, consent, res judicata, payment and release, waiver, collateral estoppel, judicial estoppel, equitable estoppel, unclean hands, laches, and/or statutory and regulatory compliance.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

114.  The products were not used in the manner in which they were intended to be used. The products were used in a manner that was abnormal and not reasonably foreseeable by Defendant. Such misuse of the products proximately caused or contributed to Plaintiff's alleged damages, injuries, and losses, if any.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

115.  The imposition of punitive or exemplary damages against Defendant or that are in any way imputed against the interests of Defendant would violate the ruling in *State Farm Mut. Automobile Ins. Co. v. Campbell* (2003) 538 U.S. 408, and Defendant's constitutional rights under: the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States; the Sixth Amendment to the Constitution of the United States; the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States; comparable provisions contained within the California Constitution; the common law and public policies of California; and applicable statutes and court rules, including but not limited to, imposition of punitive damages and determination of such an award:

(a)  by a jury when the jury is: (i) not given standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (ii) not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; (iii) not expressly prohibited from awarding punitive damages, or determining the amount of such an award, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Defendant; (iv) permitted to award punitive damages

-23-

under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and (v) not subject to trial court and appellate judicial review for reasonableness, the furtherance of legitimate purpose, and the basis of objective standards;

(b)     where applicable law is impermissibly vague, imprecise, or inconsistent;

(c)     subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; and

(d)     based upon anything other than Defendant's conduct in connection with the sale of the products alleged in this litigation, or in any other way subjecting Defendant to impermissible multiple punishment for the same alleged wrong.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

116.     While continuing to deny any and all liability, Defendant states that if the court determines that Plaintiff is entitled to assert a claim for punitive damages, such claim cannot be permitted to go forward until the trier of fact determines that punitive damages should be considered, and, ultimately all issues regarding punitive damages should be bifurcated at trial. Any award for punitive or exemplary damage absent bifurcating trial as to issues of compensatory and exemplary damages would be in violation of Defendant's rights to due process under the Unites States Constitution and the correlative provisions of California law.

## TWENTY- FIFTH AFFIRMATIVE DEFENSE

117.     At all times, any products distributed by Defendant were distributed in compliance with all applicable federal, state and local laws and regulations, and rules promulgated and enforced by the Food and Drug Administration. The products were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301. Compliance with such laws, regulations, and rules demonstrates that due care and reasonable prudence were exercised in the design, manufacture, and promotion of the subject pharmaceutical product and that said product was not defective in any way.

## TWENTY- SIXTH AFFIRMATIVE DEFENSE

-24-

118.   Any damages, injuries and/or losses alleged to have been suffered by Plaintiff has been mitigated, in whole or in part, by reimbursement from collateral sources and therefore, Plaintiff's claims against Defendant are barred and/or reduced by any applicable set off.

### TWENTY- SEVENTH AFFIRMATIVE DEFENSE

119.   At all times, Defendant's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

120.   Plaintiff cannot demonstrate the necessary elements to support the request for injunctive relief, including without limitation, a threat of imminent or immediate harm.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

121.   Any alleged act or omission by Defendant concerning the manufacture, warning, labeling, advertising and sale of VIOXX® referred to in the Complaint, was at all times, the duty of an entity other than Defendant. Defendant acted in good faith concerning all services for which it had a duty to provide as referred to in the Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

122.   Plaintiff's claims for disgorgement or restitution are barred under the decision in *Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116 and related authority.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

123.   Plaintiff's alleged injuries or illnesses preexisted or were suffered after the alleged use of the products, and Plaintiff's alleged injuries or illnesses were neither caused nor exacerbated by said alleged use.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

124.   Plaintiff's injuries were caused or contributed to by their failure to follow the directions and precautions provided by the product's manufacturer(s).

### THIRTY-THIRD  AFFIRMATIVE DEFENSE

125.   Plaintiff's breach of warranty claims are barred because Plaintiff failed to give adequate and timely notice of her alleged claims against Defendant and/or because the alleged warranties were disclaimed.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

126.   Defendant's alleged business practices with respect to the subject product were lawful, fair, truthful, not misleading or deceptive, not fraudulent, and were justified based on the state of medical and scientific knowledge available during the relevant time and were in compliance with the applicable laws, regulations, and rules within the meaning of either *Business and Professions Code* Section 17200, et seq. or *Business and Professions Code* Section 17500, et seq.

### THIRTY- FIFTH AFFIRMATIVE DEFENSE

127.   Plaintiff's claimed injuries and/or damages are so remote, speculative or contingent that Plaintiff's claims must be barred on public policy grounds.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

128.    The conduct alleged in the Complaint does not plead a "violation of law" sufficient to provide the necessary predicate for an "unlawful" business practices claim, or any other claim, under either *Business and Professions Code* Section 17200, et seq.  or *Business and Professions Code* Section 17500 et seq.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

129.   Plaintiff's claims under *Business and Professions Code* Section 17200, et seq. or *Business and Professions Code* Section 17500 et seq. are barred in whole or in part under principles of substantive and procedural due process.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

130.   Plaintiff's claims under *Business and Professions Code* Section 17200, et seq. or *Business and Professions Code* Section 17500, et seq. are barred in whole or in part because Plaintiff does not qualify as a private attorney general, and for that reason, among others, lacks standing to prosecute a claim for injunctive or monetary relief.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

131.   Plaintiff's claims under *Business and Professions Code* Section 17200, et seq. or *Business and Professions Code* Section 17500 et seq. are barred in whole or in part because there is no basis for injunctive relief in this action and Plaintiff has an adequate remedy at law.

### FORTIETH AFFIRMATIVE DEFENSE

132.    Plaintiff's claims under *Business and Professions Code* Section 17200, et seq. or *Business and Professions Code* Section 17500, et seq. are barred in whole or in part by the doctrine of primary jurisdiction.   The subject of pharmaceutical product and any advertising regarding such product are regulated by the Food and Drug Administration and as such, answering Defendant requests that this Court, sitting in equity, abstain from hearing claims under Sections 17200, et seq. and 17500, et seq., which are accordingly preempted by Federal law.

### FORTY-FIRST AFFIRMATIVE DEFENSE

133.    The Plaintiff is barred from recovery against Defendant because of the sophisticated user doctrine.

### FORTY-SECOND AFFIRMATIVE DEFENSE

134.    Plaintiff's strict liability claims are barred under the principles set forth in *Brown v. Superior Court* (1988) 44 Cal.3d 1088.

### FORTY-THIRD AFFIRMATIVE DEFENSE

135.    Plaintiff's claim, if any, for loss of consortium is barred because she is derivative of the injured plaintiff's/decedent's claims, which fail pursuant to the affirmative defenses set forth herein.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

136.    Defendant is a provider of services, not products, and thus is not strictly liable under California law.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

137.    Plaintiff's Complaint fails to allege ultimate facts sufficient to state a cause of action predicated upon negligence, strict liability, breach of implied warranty, breach of express warranty, failure to warn or deceit by concealment.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

138.    Plaintiff's claims of any non-economic damages are subject to *California Civil Code* §1431.2, which is applicable to the Complaint and each cause of action therein.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

139.    The product at issue in this litigation is not defective or unreasonably dangerous because it is a prescription pharmaceutical bearing adequate warnings, and is subject to the comment j exception to

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

strict liability as set forth in § 402A of the <u>Restatement (Second) of Torts</u> (1965), and/or because it is a prescription pharmaceutical that is unavoidably unsafe pursuant to comment k of § 402A of the <u>Restatement (Second) of Torts</u> (1965).

### FORTY-EIGHT AFFIRMATIVE DEFENSE

140.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product "provides net benefits for a class of patients" within the meaning of Comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### FORTY-NINTH AFFIRMATIVE DEFENSE

141.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### FIFTIETH AFFIRMATIVE DEFENSE

142.    Plaintiff's claims, if any, related to negligence per se are barred, in whole or in part, because there is no statute violated by this Defendant.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

143.    Plaintiff's claims are barred in whole or in party by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product under applicable federal laws, regulations, and rules.  These claims are thus preempted by Federal law.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

144.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

145.    Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to bring such claims.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

146.    Plaintiff's claims are barred in whole or in part because they fail to meet the requirements of *California Code of Civil Procedure* §§ 377.30, et seq., and 377.60, et seq., governing a decedent's cause of action and wrongful death actions.

-28-

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

147.   Plaintiff's claims are barred to the extent they are made by, or on behalf of, out of state Plaintiff or Plaintiff's decedent, or arose from events occurring out of state, are barred in whole or in part under principles of forum non conveniens and due process.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

148.   Plaintiff's claims are barred in whole or in part because the Complaint fails to join necessary and indispensable parties.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

149.   Plaintiff's Consumer Legal Remedies Act cause of action is barred because it fails to meet the requirements of *California Civil Code* §§ 1750, et seq.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

150.   Defendant did not design, manufacture, formulate, distribute, market, sell, research, develop, test or supply the VIOXX® that was alleged to have been ingested by Plaintiff and/or any of the ingredients contained therein.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

151.   Plaintiff failed to allege specific facts that Defendant distributed and/or supplied the subject product that Plaintiff allegedly ingested.  Accordingly, Plaintiff failed to plead facts sufficient to show an actual connection between Defendant's alleged conduct and the Plaintiff's purported injury and Defendant has, therefore, been fraudulently joined.

### SIXTIETH AFFIRMATIVE DEFENSE

152.   Plaintiff's vague allegations are legal conclusions directed at "defendants" in general and fail to support any claims specific to Defendant.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

153.   Plaintiff's claims are barred by the applicable prescriptive periods or statutes of limitations provided for such claims.

///

///

///

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### SIXTY-SECOND AFFIRMATIVE DEFENSE

154.    Defendant denies that the products distributed by it caused or contributed to the alleged injuries of plaintiff and further denies that it is liable to Plaintiff for the claims alleged or for any other claims whatsoever.

### SIXTY-THIRD AFFIRMATIVE DEFENSE

155.    Defendant did not make any material representation of fact regarding the products it distributes which was not true, or if such representation was made, which Defendant specifically denies, then McKesson did not make such representation with the intent to either deceive or to induce Plaintiff to act in justifiable reliance.

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

156.    Plaintiff did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of McKesson, and did not act upon any statement, representation advice or conduct to their detriment.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

157.    Defendant asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Petition; (2) the alleged danger of any such design characteristics.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

158.    Plaintiff's claims are barred, in whole or in part, to the extent plaintiff, or any state entity acting on behalf of plaintiffs, have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

159.    Defendant is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by plaintiff, or any state entity acting on behalf of plaintiffs, with respect to the same alleged injuries. Defendant is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to plaintiff, or any state entity acting on behalf of plaintiff, from any collateral source.

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

2   160. Defendant asserts that it has complied with all applicable state and federal laws relating to

3 the distribution and/or sale of pharmaceuticals.

4

### SIXTY-NINTH AFFIRMATIVE DEFENSE

5   161. To the extent plaintiff asserts claims based upon an alleged failure by Defendant to warn

6 Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under

7 the learned intermediary doctrine.

8

### SEVENTIETH AFFIRMATIVE DEFENSE

9   162. Defendant reserves the right to rely upon other affirmative defenses as they become

10 reasonably available and apparent during the discovery proceedings in this case.  Defendant reserves the

11 right to amend this Answer to assert any such defenses.

12 WHEREFORE, MCKESSON CORPORATION prays for relief as follows:

13   1. That Plaintiff takes nothing by this action;

14   2. That judgment be entered in favor of MCKESSON CORPORATION and against

15 Plaintiff;

16   3. That MCKESSON CORPORATION be awarded costs of suit herein; and

17   4. For such other and further relief as the Court may deem just and proper.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## DEMAND FOR JURY TRIAL

Defendant MCKESSON CORPORATION hereby demands trial by jury in this matter.

Dated: 11\04\05

By: _____

Thomas P. Anzelmo
(Bar Roll # 2533)
Catherine M. "Shelly" Williams
(Bar Roll #24706)
MCCRAINE, SISTRUNK, ANZELMO,
HARDY, MASWELL &
MCDANIEL, PC
3445 N. Causeway Blvd., Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
tanzelmo@mcsalaw.com
cwilliams@mcsalaw.com

AND

Anthony G. Brazil (State Bar No. 84297)
Kanika D. Corley (State Bar No. 223607)
MORRIS POLICH & PURDY, LLP
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Phone:  (213) 891-9100
Fax:    (213) 488-1178
abrazil@mpplaw.com
kcorley@mpplaw.com

COUNSEL FOR DEFENDANT
MCKESSON CORPORATION

DEFENDANT MCKESSON CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## CERTIFICATE OF SERVICE

I, Catherine M. Williams, certify that I served copies of the foregoing

McKesson Corporation's Answer to Plaintiff's Unverified Complaint on all parties by

electronically uploading same to Lexis Nexis File and Serve in accordance with Pre

Trial Order No. 8,

this ___4___ day of November, 2005.

_____
Catherine M. Williams