UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -7  AM 9: 41

LORETTA G. WHYTE
CLERK

IN RE: VIOXX
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:
ALL CASES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MDL NO. 1657

SECTION: L

JUDGE FALLON
MAG. JUDGE KNOWLES

## NOTICE OF VIDEOTAPED DEPOSITION WITH
## SUBPOENA DUCES TECUM OF STEVEN BENJAMIN GILMORE

TO:   ALL KNOWN COUNSEL OF RECORD

Pursuant to the Federal Rules of Civil Procedure, Rule 30, Plaintiffs in the above-styled and numbered causes will depose the following individual:

**STEVEN BENJAMIN GILMORE**
50 New Dawn Place
The Woodlands, Texas 77385

**On November 23rd, 2005, at 9 a.m.**

This deposition will be taken at the offices of BLIZZARD, MCCARTHY & NABERS, LLP, 440 Louisiana Street, Suite 1710, Houston, Texas 77002. The deposition will be reported by a certified court reporter, and shall be recorded stenographically and on both audiotape and videotape.

The deposition will continue from day to day until completed. Plaintiffs' counsel intends to use documents produced by Merck including, but not limited to, documents or information produced in electronic format.

You, the deponent, are further required to bring with you any and all documents listed on the attached Exhibit "A."

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

RESPECTFULLY SUBMITTED on this the 3rd day of November, 2005.

Respectfully submitted,

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Temporary address:

3411 Richmond Avenue, Suite 460
Houston, Texas 77046
Telephone: (713) 877-1843
Facsimile: (713) 871-9750

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault, Esq.
P.O. Box 1190
2220 Bonaventure Court
Alexandria, LA 71309-1190
PH: (318) 487-9874
FAX: 318) 561-2591

Andy D. Birchfield, Esp. (Co-Lead Counsel)
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
PH: (800) 898-2034
FAX:(334) 954-7555

Elizabeth Cabraser, Atty.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
PH: (415) 956-1000
FAX: (415) 956-1008

Thomas Kline, Esq.
1525 Locust St., 19th Floor
Philadelphia, PA 19102
PH: (215) 772-1000
FAX: (215) 772-1371

Arnold Levin, Esq.
510 Walnut Street, Ste. 500
Philadelphia, PA 19106-3875
PH: (215) 592-1500
FAX: (215) 592-4663

Carlene Rhodes Lewis
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
PH: (713) 650-0022
FAX: (713) 650-1699

Gerald E. Meunier, Esq.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163-2800
PH: (504) 522-2304
FAX: (504) 528-9973

Troy Rafferty, Esq.
316 S. Baylen Street, Ste. 400
Pensacola, FL 32502
PH: (850) 435-7000
FAX: (850) 497-7059

Drew Ranier, Esq.
1419 Ryan Street
Lake Charles, Louisiana 70601
PH: (337) 494-7171
FAX: (337) 494-7218

Mark Robinson, Esq.
620 Newport Center Drive
Seventh Floor
Newport Beach, CA 92660
PH: (949) 720-1288
FAX: (949) 720-1292

Christopher Seeger, Esq. (Co-Lead Counsel)
One William Street
New York, NY 10004
PH: (212) 584-0700
FAX: (212 584-0799

Christopher Vincent Tisi
2000 L Street Northwest
Ste. 400
Washington, D.C. 20036-4914
PH: (202) 783-6400
FAX: (307) 733-0028

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above and foregoing pleading has been served upon Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File and Serve Advanced, in accordance with Pre-Trial Order No. 8, on this the 3rd day of November, 2005

## EXHIBIT "A"
## DOCUMENTS TO BE PRODUCED SUBJECT TO SUBPOENA

1. Any and all correspondence between you and Plaintiff's prescribing physician, between you and Merck, between you and any district manager, between you and any manager, and any and all correspondence received or sent by you related in any way to Vioxx.

2. Any notes pertaining to calls you made on physicians in the State of Texas including but not limited to notes made regarding calls to any Plaintiff's prescribing physician.

3. Any information or documentation pertaining to the Vioxx prescribing habits of prescribing physicians in Texas, including but not limited to Plaintiff's prescribing physician.

4. Any information you received from your employer regarding cardiovascular risk or cardiovascular disease and Vioxx.

5. Any information you received from your employer regarding cardiovascular disease, cardiovascular risks, heart attacks, or strokes.

6. Any information regarding dinner meetings, conferences, trips, CME/CDE programs, or speaker bureau presentations that you authored, organized, requested, directed or received regarding Vioxx or Pain Treatment.

7. An index of the information kept on your laptop computer for Vioxx.

8. Any separation agreements between you and Merck.

9. Any medical literature used by you when detailing Vioxx.

10. Any medical literature provided to you by the company which was not used by you in detailing Vioxx.

11. Any press releases sent to you by Wyeth concerning Vioxx.

12. Copies of any and all Dear Healthcare Professional, Dear Doctor, or other letters to medical personnel that were received by you regarding Vioxx.

13. Any adverse event information you reported to your company regarding Vioxx.

14. Any information you received from Merck concerning side effects, warnings or precautions for Vioxx, including but not limited to instructions, suggestions and/or training for response to physician inquiries or communications regarding adverse events, interactions or side effects of the drug, which may have been referred to as "Obstacle Responses" and included in the "Obstacle Response Guide."

15. Any previous depositions given by you on Vioxx or other Merck products.

16. Your personal or custodial file on Vioxx.

17. Any and all promotional items and pieces used by you in detailing Vioxx.

18. Any documents from the FACTS Database and Reporting System Database which pertain to sales calls made upon prescribing physicians.

19. The laptop computer used by you during the time you were detailing Vioxx.

20. An electronic copy of the hard drive of the laptop computer you used when detailing Vioxx.

21. Electronic and hard copies of all emails received by you or sent by you regarding Vioxx during the time you detailed Vioxx, including any and all emails related in any way to detailing activities for Vioxx.

22. Copies of any and all materials received by you from your employer or third parties, including materials received by you at company launch meetings, regarding any drugs including but not limited to Vioxx, as well as any and all material related to cardiovascular disease, cardiovascular risks, heart attacks, strokes, pain management, arthritis, epidemiology, pharmacology, efficacy, safety, and appropriate detailing practices.

23. Copies of any and all information received by you regarding the use of your laptop computer, and the installed software used in detailing Vioxx, including the training materials.

24. Copies of all orders, requests, invoices and other documents related to the ordering, distributing and/or otherwise providing physicians in Texas with samples and/or stock bottles of Vioxx.

25. Electronic copies of all documents requested above, if available now or in the past, in any way, in electronic form. Electronic versions should be provided in the same electronic form in which they were originally sent, received, and/or used by you.

26. Your complete personnel file for your time working for any Merck entities between the years 1998 and 2004.

# Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ TEXAS

**IN RE VIOXX PRODUCT
LIABILITY LITIGATION**
EASTERN DISTRICT OF LOUISIANA
THIS DOCUMENT RELATES TO ALL ACTIONS

**SUBPOENA IN A CIVIL CASE**

V.

CASE NUMBER: ¹MDL CASE NO. 1657
SECTION L

TO:
**STEVEN BENJAMIN GILMORE
50 NEW DAWN PLACE
THE WOODLANDS, TEXAS 77385
(281) 364-1482**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| BLIZZARD, MCCARTHY & NABERS, LLP, 440 Louisiana Street, Suite 1710, Houston, Texas 77002 | *November 23rd, 2005 at 9 a.m.* |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED PLEADING**

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| BLIZZARD, MCCARTHY & NABERS, LLP, 440 Louisiana Street, Suite 1710, Houston, Texas 77002 | *November 23rd, 2005 at 9 a.m.* |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more

officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | November 3, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Russ M. Herman (Bar No 6819)
Leonard A. Davis (Bar No. 14190)
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
(504) 581-4892
TEMPORARY ADDRESS:
3411 Richmond Ave., Ste. 460
Houston TX 77046
(713) 877-1843

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

~~DATE~~     ~~PLACE~~

SERVED
Steven Benjamin Gilmore                          Certified Mail, return receipt requested
SERVER ON (PRINT NAME)                          MANNER OF SERVICE

Russ M. Herman, Esq.
Leonard A. Davis, Esq.                           Attorney
SERVED BY (PRINT NAME)                           TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                      _____
              DATE                                SIGNATURE OF SERVER

                                                 _____
                                                 ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

 (i) fails to allow reasonable time for compliance;

 (ii) requires a person who is not a party or en officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.