UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657<br>SECTION L |
| This document relates to:<br>All Personal Injury and Medical Monitoring Class Actions Transferred to this MDL Which Have Been Specifically Incorporated in Plaintiffs' Steering Committee's Class Action Master Complaints for Personal Injury and Medical Monitoring | JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

**PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR A SUGGESTION OF REMAND IN CONNECTION WITH CLASS CERTIFICATION PROCEEDINGS PURSUANT TO PLAINTIFFS' REQUEST IN THE ALTERNATIVE FOR INDIVIDUAL STATE CLASS CERTIFICATIONS AND FOR LEAVE TO SEEK THIS MDL COURT TO SIT BY DESIGNATION IN EACH OF THE TRANSFEROR FEDERAL DISTRICT COURT JURISDICTIONS AT ISSUE**

The Plaintiffs' Steering Committee ("PSC") hereby brings this Motion for a Suggestion of Remand in Connection with Class Certification Proceedings Pursuant to Plaintiffs' request in the Alternative for Individual State Certification and For Leave to Seek this MDL Court to Sit by Designation in Each of the Federal District Court Jurisdictions at Issue for the reasons set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

PLAINTIFFS' STEERING COMMITTEE

By: _____
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892 (telephone)
504-561-6024 (telecopier)

Temporary Address:

3411 Richmond Ave.
Suite 460
Houston, TX 77046
713-877-1843 (telephone)
713-871-9750 (telecopier)
**Plaintiffs' Liaison Counsel**

Andy D. Birchfield, Jr., Esquire
***Beasley, Allen, Crow, Methvin,***
   ***Portis & Miles, P.C.***
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama 36103
800-898-2034 (telephone)
334-954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
***Neblett, Beard & Arsenault***
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301
318-487-9874(telephone)
318-561-2591 (telecopier)

Gerald E. Meunier, Esquire
***Gainsburgh, Benjamin, David,***
   ***Meunier & Warshauer, L.L.C.***
Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, Louisiana 70163
504-522-2304 (telephone)
504-528-9973 (telecopier)

Troy Rafferty, Esquire
***Levin, Papantonio, Thomas, Mitchell,***
***Echsner & Proctor, PA***
316 South Baylen Street, Suite 400
Pensacola, Florida 32502
850-435-7000 (telephone)
850-497-7059 (telecopier)

Christopher A. Seeger, Esquire
***Seeger Weiss***
One William Street
New York, New York 10004
212-584-0700 (telephone)
212-584-0799 (telecopier)
**Co-Lead Counsel**

Thomas R. Kline, Esquire
***Kline & Specter, P.C.***
1525 Locust Street
19th Floor
Philadelphia, Pennsylvania 19102
215-772-1000 (telephone)
215-772-1371 (telecopier)

Arnold Levin, Esq. (on the brief)
Fred S. Longer, Esq. (on the brief)
***Levin, Fishbein, Sedran & Berman***
510 Walnut Street
Suite 500
Philadelphia, Pennsylvania 19106
215-592-1500 (telephone)
215-592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
***Goforth, Lewis, Sanford LLP***
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
713-650-0022 (telephone)
713-650-1669 (telecopier)

2

| | |
|---|---|
| Elizabeth J. Cabraser, Esquire<br>***Lieff, Cabraser, Heimann &***<br>   ***Bernstein, LLP***<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, California 94111<br>415-956-1000 (telephone)<br>415-956-1008 (telecopier) | Drew Ranier, Esquire<br>***Ranier, Gayle & Elliot, L.L.C.***<br>1419 Ryan Street<br>Lake Charles, Louisiana 70601<br>337-494-7171 (telephone)<br>337-494-7218 (telecopier) |
| Mark Robinson, Esquire<br>***Robinson, Calcagnie & Robinson***<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, California 92660<br>949-720-1288 (telephone)<br>949-720-1292 (telecopier) | Christopher V. Tisi, Esquire<br>***Ashcraft & Gerel***<br>2000 L Street, N.W.<br>Suite 400<br>Washington, D.C. 20036<br>202-783-6400 (telephone)<br>307-733-0028 (telecopier) |

Dianne M. Nast, Esquire (on the brief)
Erin C. Burns, Esquire (on the brief)
Jennifer S. Snyder, Esquire (on the brief)
***RodaNast, P.C.***
801 Estelle Drive
Lancaster, Pennsylvania 17601
717-892-3000 (telephone)
717-892-1200 (telecopier)
**Vice-Chairperson, Law and
Briefing Committee**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on defendants liaison counsel, Phillip A. Wittmann by hand delivery or electronically and upon all counsel of record electronically or by electronically being uploaded to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 8 this 4th day of November, 2005.

_____
LEONARD A. DAVIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657<br>SECTION L |
| This document relates to:<br>All Personal Injury and Medical Monitoring<br>Class Actions Transferred to this MDL<br>Which Have Been Specifically Incorporated<br>in Plaintiffs' Steering Committee's Class<br>Action Master Complaints for Personal<br>Injury and Medical Monitoring | JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
STEERING COMMITTEE'S MOTION FOR A SUGGESTION
OF REMAND IN CONNECTION WITH CLASS CERTIFICATION
PROCEEDINGS PURSUANT TO PLAINTIFFS' REQUEST IN THE
ALTERNATIVE FOR INDIVIDUAL STATE CLASS CERTIFICATIONS AND
FOR LEAVE TO SEEK THIS MDL COURT TO SIT BY DESIGNATION IN EACH
OF THE TRANSFEROR FEDERAL DISTRICT COURT JURISDICTIONS AT ISSUE**

## I. INTRODUCTION

Pursuant to this Court's directive on August 2, 2005, the Plaintiffs' Steering Committee ("PSC") filed Master Complaints for Personal Injury and Medical Monitoring in this matter. These Master Complaints which were filed for administrative purposes, consumed the following class action Complaints filed in the transferor jurisdictions which are the subject of this motion.[1]

The Complaints at issue wherein individual state classes have been sought for personal injury are in the states of: Alabama, California, Delaware, Florida, Illinois, Indiana, Kentucky, Louisiana, Maryland,

---

[1] Plaintiffs have filed motions to amend the Master Complaints to add plaintiffs from the states of Georgia, Idaho, Michigan, Mississippi and West Virginia in the Personal Injury Complaint, and plaintiffs from the states of Nebraska and New Hampshire in the Medical Monitoring Complaint which are presently pending.

Massachusetts, Minnesota, Missouri, Nebraska, New Jersey, New York, North Dakota, Ohio, Rhode Island, Washington and Wisconsin.

The Complaints at issue wherein individual state classes have been sought for medical monitoring are in the states of: Arizona, Arkansas, Colorado, Connecticut, District of Columbia, Florida, Idaho, Illinois, Iowa, Kansas, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Montana, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, Tennessee, Texas, Vermont, Washington, West Virginia, Wisconsin and Wyoming.

Should this Court grant the relief requested, counsel and the Clerk of the Eastern District of Louisiana will provide the requisite designation of the court terms and docket numbers of the transferor forums for the interim remands.

The Plaintiffs seek national classes in connection with the master complaints for both the Personal Injury and Medical Monitoring classes and in the alternative individual state classes. The relief sought in this motion only applies to the alternatively sought individual state class certifications. Should the Court grant the national classes, the instant request would be moot. Accordingly, it is suggested that this motion be deferred until the propriety of the national classes are determined. It is further suggested that the Class Certification Motions be staged. Briefing on the national class should precede briefing on the individual state classes. If the national class is certified, the alternative state classes would become moot and vitiate the need for the instant relief.

Plaintiffs seek this alternative relief pursuant to Rule 7.6 of the Rules of Procedure of the JPMDL allowing for interim remand. The relief sought is necessitated by decisional law, including but not limited to *Food Lion, Inc. FSLA "Effective Scheduling" Litig.*, 73 F.3d 528 (4th Cir. 1996) wherein the

Fourth Circuit determined that it would hear all appeals of plaintiffs rather than have appeals heard by the Courts of Appeals for the transferor forum. This decision enables defendant to raise the specter in class proceedings that class certification in an MDL Court may deprive plaintiffs class members appellate review in the transferor court's jurisdiction. Likewise, *In re Korean Airlines Disaster of September 1, 1983*, 829 F.2d 1171 (D.C. Cir. 1987) highlights this potential problem. Although the PSC believes this contention is spurious, in an abundance of caution, they bring this motion to eliminate the propriety of this defense. See, Judge Kaplan's conflict analysis in *In re Rezulin Products Liability Litigation*, 210 FRD 61, 70-71 (S.D.N.Y. 2002).

What appears to be a prolix task is in essence only ministerial because if the requested relief is granted this MDL Court will merely request the Panel to suggest to the chief judge of each of the transferor courts that this MDL Court sit by designation for these limited class certification proceedings. Obviously, the vicinage of this Court can still remain in New Orleans or in any venue of its choice.

If granted, this relief will enable all F.R.C.P. 23(f) appeals to be reviewed by the Circuit Court of Appeals of the transferor jurisdiction thus eliminating any potential differences in class action decisional laws of the various circuit courts of appeals. Most rulings of an MDL court are interlocutory and thus may be heard on appeal by the circuit court of the transferor court which will also try the case. However, Rule 23(f) permits interlocutory appeals and the requested relief will ensure that the more proper court of appeals adjudicate the class certification appeal.

The MDL Courts have taken on new importance in our jurisprudence. Although presently barred by *Lexecon, Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach*, 523 U.S. 26 (1998) and its progeny from acting as a trial court for transferor judges, this Court has been ordained as the proper forum for class

certification proceedings. *In re Ski Train Fire in Kaprun, Austria*, 220 F.R.D. 195 (S.D.N.Y. 2003)(rev'd on other grounds); *In re New England Mutual Life Ins. Co. Sales Practices Litig.*, 183 F.R.D. 33 (D.Mass. 1998).

II.  **IT IS APPROPRIATE TO REMAND A CASE FOR DECISION OF CASE-SPECIFIC MOTIONS**

Although only the JPMDL can order a case remanded to its transferor court, the JPMDL gives the judgment of the transferee court great weight as to when remand is appropriate. *See, In re Nat'l Century Fin. Enter., Inc. Fin. Inv. Litigation*, 2004 WL 882456, at *2 (S.D. Ohio Mar. 25, 2004); *In re Roberts*, 178 F.3d 181, 184 (3d Cir. 1999).

The JPMDL gives such weight to the recommendation of the transferee court because the transferee court manages the coordinated cases on a day-to-day basis and can thus best determine when remand is appropriate. *In re Brand Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003); *In re Zyprexa Prods. Liab. Litig.*, No. MDL 1596, 04-CV-1615, 2004 WL 2812095, at *4 (E.D.N.Y. Dec. 3, 2004); *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L. 1976) ("We are . . . clearly cognizant of the special vantage point that the transferee judge has with respect to the conduct of Section 1407 proceedings. In his supervisory role, he is in a unique position to determine how the litigation can best proceed to insure the maximum efficiency for all parties and the judiciary."). "The transferee court should consider when remand will best serve the expeditious disposition of the litigation." *Manual for Complex Litigation (Fourth)* at § 20.133 (2004) ("*Manual*").

### III. CLASS CERTIFICATION MOTIONS MAY BE REMANDED TO THE TRANSFEROR COURTS

The procedure suggested in this motion would best serve judicial economy and support the goals of MDL proceedings, taking into consideration the changed landscape that has resulted from *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) and its progeny, and from The Class Action Fairness Act, 28 U.S.C. §1711 (2005), *et seq.* ("CAFA"). Many of the complaints at issue were filed subsequent to CAFA. All newly transferred cases will obviously be CAFA controlled. In addition, the procedure is consistent with the fundamental practice of respecting the plaintiff's choice of forum.

Particularly in light of *Lexecon* and the failure of Congress to overrule *Lexecon* by amending §1407, it is now apparent that *Lexecon* is here to stay, and given this, the venue deciding class certification should be the same venue that tries the case. The procedure that Plaintiffs propose would allow this, while also fulfilling the requirements of *Lexecon*.

Before *Lexecon*, the law was that the transferee court should decide the class certification motions. *In re Plumbing Fixtures*, 298 F. Supp. 484, 495 (JPMDL 1968). *Plumbing Fixtures* was decided shortly after §1407 was enacted and wanted the antitrust plaintiff's argument to the JPMDL that while transfer under §1407 was appropriate for most pretrial proceedings, class certification should be left in the transferor court. *Id.* at 487. The JPMDL rejected the plaintiff's argument that class certification was not a "pretrial proceeding" for purposes of §1407. The JPMDL sought to avoid conflicting rulings in

overlapping class actions, as well as procedural and appellate confusion. As a result, it concluded that the transferee court should decide the class certification motions. *Id.* at 495.

When *Plumbing Fixtures* was decided, MDL Rule 14(b) – which permitted an MDL court to transfer a case to itself for trial under 28 U.S.C. § 1404(a) – was in effect, and it was assumed that the MDL court also would be the trial court. It was that rule, however, which *Lexecon* later invalidated.

Thus, before *Lexecon*, self-transfer was presumed. Indeed, the JPMDL had held that it would not consider a motion to remand while a motion for self-transfer was pending in the transferee court. *See Manual* at § 20.14, Authors' Comment (quoting *In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972)). Whether articulated or not, a transferee court knew that it would try the case, and considered that in deciding the class certification motion. *Id.* In practice, virtually every class certification decision made by MDL courts has been with the assumption that the transferee court deciding the certification motion would also try the case, and obviously their home circuit would hear all appeals.

The important lesson of *Plumbing Fixtures* is the JPMDL's recognition that class certification should often be decided under the federal law of the circuit in which the case will be tried. *See generally, In re Plumbing Fixture Cases*, 298 F. Supp. 484.

Class Plaintiffs' proposal for an interim remand to the transferor court to decide the class certification motion, followed by a return to the MDL court for further coordinated proceedings, will allow the class certification court and the trial court to be in the same jurisdiction which will meet the terms of *Lexecon* and serving judicial economy.

Interim remand for the sole purpose of class certification will also allow this Court to plow the virgin fields created by CAFA which restores the intent of the framers of the United States Constitution by

6

providing for federal court consideration of interstate cases of national importance under diversity jurisdiction. It also serves to benefit society by encouraging "innovation". 28 U.S.C. §1711 (Note)(2005).

By "innovation," Congress surely had the intent to allow federal courts to fairly manage the removal of virtually all state-specific class actions to the federal courts. One issue that this removal presents in balancing the plaintiff's choice of fora with the requirements of CAFA that allow a defendant to override a plaintiff's choice. Allowing class certification to be decided in the venue where the case was filed would help restore some balance in the face of these mounting restrictions on a plaintiff's ability to serve as the master of its complaint.

Absent CAFA, many of plaintiffs' cases would be heard by the state trial courts in which they were filed under the applicable states' laws and, if necessary, appealed in those states. Even in those cases pre-CAFA and subject to removal absent the MDL, the federal court deciding class certification and hearing any subsequent appeals would not be the Eastern District of Louisiana or the Fifth Circuit. It would be the federal court for the district of the state from which the case was removed. That federal nisi prius court (unless seated in the Fifth Circuit) would not look to the Fifth Circuit's Rule 23 jurisprudence but that of the circuit court of appeals in which it sits, and the corresponding appellate court would not be that for the Fifth Circuit. See *In re Korean Air Line Disaster*, 829 F.2d at 1173-74.

If this MDL Court decides the PSC alternative request of class certification of individual state class actions, however, the Fifth Circuit will decide all appeals and its decisions will become the "law of the case," which transferor courts will have to follow regardless of whether the law of the transferor circuit differs from that of the Fifth Circuit and regardless of what problems arise from any conflicting interpretations. *Id.* at 1176. Permitting this, particularly on such an all-important issue, would defeat the

7

significant and valuable interest of respecting the plaintiff's choice of forum. As the Supreme Court has noted, "the interest in preserving the plaintiff's choice of forum includes not only the court that will conduct the trial, but the appellate court as well." *See* **Holmes Group, Inc.**, 535 U.S. 826, 832 (2002). A plaintiff's interest in litigating in a circuit whose precedents support the plaintiff's legal theory is "legitimate," *see Id.*, and can best be upheld in this case by remanding class certification decisions to the jurisdictions in which the cases ultimately will be tried.

### IV. THIS COURT CAN SIT BY DESIGNATION IN THE TRANSFEREE JURISDICTION

A federal district judge may sit by designation in another district, under temporary assignment. The consent of the chief judges of the districts from which and to which the judge is to be assigned is required. 28 U.S.C. §295.

For reasons of judicial economy, it would be most appropriate for this Court, which is most familiar with this litigation, to decide this important motion. As dictated by *Lexecon*, the case will be returned to the transferor district and district judge for trial. Accordingly, as described above, as part of this Court's suggestion to the Panel of remand for class certification, the parties also request this Court and the Panel recommend to the chief judge of the respective transferor court that this Court sit by designation to decide the class certification motions.

The assignment of a district judge to sit by designation is often used when circumstances make it less prudent for a local judge to handle a case. *See, e.g.,* **60 Key Centre, Inc. v. Administrator of Gen. Servs. Admin.**, 47 F.3d 55, 56 (2d Cir. 1995) (district judge of the Southern District of New York sitting by designation because facts of case involved United States Courthouse for the Western District of New

York and judges of that district recused themselves); *In re Jaritz Indus., Ltd.*, 151 F.3d 93, 95 (3d Cir. 1998) (numerous judges sitting by designation during period when there was no resident judge in the District of the Virgin Islands); *U.S. v. Avants*, 367 F.3d 433, 451 (5th Cir. 2004) (Mississippi district judge sitting in Texas for sentencing because of illness of defendant).

"Judicial economy" is the general term used to describe the courts' interest in avoiding duplicative litigation and wasting time and money. *See, e.g., Carpenter v. Parker Drilling Offshore USA, Inc.*, No. Civ. A. 05-265, 2005 WL 1432373, at *1 (E.D. La. June 16, 2005) (Barbier, J.) (explaining judicial economy). This interest lies at the heart of both the MDL process and the class action device, as well as all Federal Rules of Civil Procedure. *See generally*, Fed. R. Civ. P. 1; 28 U.S.C. §1407; *and see In re Napster, Inc. Copyright Litig.*, Nos. C MDL -00-1369 MHP, C 04-1671 MHP, 2005 WL 1287611, at *7 (N.D. Cal. June 1, 2005); *Pilcher v. UNITE*, 228 F.R.D. 230, 255 (E.D. Pa. 2005); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 563 (W.D. Wash. 2004); *In re Baycol Prods. Liab. Litig.*, 2001 WL 34134820, at *2 (J.P.M.L. Dec. 18, 2001).

The factual complexity of the Vioxx litigation makes it appropriate for this Court to handle all pretrial motions that will be filed. The coordinated proceedings may last several years and involve certain complicated issues, including choice of law. As the coordinated proceedings in the MDL progress, this Court will gain a thorough understanding of the issues in this litigation, and thus will have the knowledge and insight to decide the class certification motions more readily than judges who have not lived for years with these issues.

MDL judges have been assigned to sit by designation on related cases in the past. *See Manual*, §20.133 ("Transferee judges have occasionally received intracircuit or intercircuit assignments under 28

9

U.S.C. §§292(b) and 292(d) to preside at trials of cases remanded to the transferor courts."). The Honorable Edward E. Cahn of the Eastern District of Pennsylvania, for example, served as MDL judge in *In re Eastern Sugar Antitrust Litig.*, MDL No. 201A (E.D. Pa.), and was then assigned to sit by designation in the similar *In re Western Sugar Antitrust Litig.*, MDL No. 201 (N.D. Cal.) with the Honorable George H. Boldt.

In the present cases, having the same judge resolve all pretrial motions, under the interpretation of laws of the district court where trial will ultimately be held, will simplify greatly what will undoubtedly be complicated circumstances. This is especially true in that this Court is the MDL Court and the limited remand will ensure that the proper court of appeals resolve Rule 23(f) appeals.

## V. **CONCLUSION**

If this Court is at some time faced with the PSC's request in the alterative for individual state class certifications, the PSC respectfully requests this Court to at that time suggest to the Panel an interim remand of the class certification proceedings and further request that the Panel recommend to the chief judges of the transferor districts that this Court sit by designation to decide those class certification motions. Since

this relief is conditional on a resolution of the propriety of a national class, it is requested that national class briefing take place before state class briefing so as to avoid the remand if national classes are certified.

        Respectfully Submitted,

        PLAINTIFFS' STEERING COMMITTEE

By: _____
        Russ M. Herman (Bar No. 6819)
        Leonard A. Davis (Bar No. 14190)
        Stephen J. Herman (Bar No. 23129)
        ***Herman, Herman, Katz & Cotlar, LLP***
        820 O'Keefe Avenue
        New Orleans, Louisiana 70113
        504-581-4892 (telephone)
        504-561-6024 (telecopier)

        Temporary Address:

        3411 Richmond Ave.
        Suite 460
        Houston, TX 77046
        713-877-1843 (telephone)
        713-871-9750 (telecopier)
        **Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Andy D. Birchfield, Jr., Esquire | Christopher A. Seeger, Esquire |
| ***Beasley, Allen, Crow, Methvin,*** | ***Seeger Weiss*** |
|     ***Portis & Miles, P.C.*** | One William Street |
| P.O. Box 4160 | New York, New York 10004 |
| 234 Commerce Street | 212-584-0700 (telephone) |
| Montgomery, Alabama 36103 | 212-584-0799 (telecopier) |
| 800-898-2034 (telephone) | **Co-Lead Counsel** |
| 334-954-7555 (telecopier) | |
| **Co-Lead Counsel** | |

Richard J. Arsenault, Esquire
***Neblett, Beard & Arsenault***
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301
318-487-9874(telephone)
318-561-2591 (telecopier)

Gerald E. Meunier, Esquire
***Gainsburgh, Benjamin, David,***
   ***Meunier & Warshauer, L.L.C.***
Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, Louisiana 70163
504-522-2304 (telephone)
504-528-9973 (telecopier)

Troy Rafferty, Esquire
***Levin, Papantonio, Thomas, Mitchell,***
 ***Echsner & Proctor, PA***
316 South Baylen Street, Suite 400
Pensacola, Florida 32502
850-435-7000 (telephone)
850-497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
***Lieff, Cabraser, Heimann &***
   ***Bernstein, LLP***
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111
415-956-1000 (telephone)
415-956-1008 (telecopier)

Thomas R. Kline, Esquire
***Kline & Specter, P.C.***
1525 Locust Street
19th Floor
Philadelphia, Pennsylvania 19102
215-772-1000 (telephone)
215-772-1371 (telecopier)

Arnold Levin, Esq. (on the brief)
Fred S. Longer, Esq. (on the brief)
***Levin, Fishbein, Sedran & Berman***
510 Walnut Street
Suite 500
Philadelphia, Pennsylvania 19106
215-592-1500 (telephone)
215-592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
***Goforth, Lewis, Sanford LLP***
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
713-650-0022 (telephone)
713-650-1669 (telecopier)

Drew Ranier, Esquire
***Ranier, Gayle & Elliot, L.L.C.***
1419 Ryan Street
Lake Charles, Louisiana 70601
337-494-7171 (telephone)
337-494-7218 (telecopier)

Mark Robinson, Esquire  
***Robinson, Calcagnie & Robinson***  
620 Newport Center Drive  
7th Floor  
Newport Beach, California 92660  
949-720-1288 (telephone)  
949-720-1292 (telecopier)  

Christopher V. Tisi, Esquire  
***Ashcraft & Gerel***  
2000 L Street, N.W.  
Suite 400  
Washington, D.C. 20036  
202-783-6400 (telephone)  
307-733-0028 (telecopier)  

Dianne M. Nast, Esquire (on the brief)  
Erin C. Burns, Esquire (on the brief)  
Jennifer S. Snyder, Esquire (on the brief)  
***RodaNast, P.C.***  
801 Estelle Drive  
Lancaster, Pennsylvania 17601  
717-892-3000 (telephone)  
717-892-1200 (telecopier)  
**Vice-Chairperson, Law and Briefing Committee**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on defendants liaison counsel, Phillip A. Wittmann by hand delivery or electronically and upon all counsel of record electronically or by electronically being uploaded to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 8 this 4th day of November, 2005.

_____  
LEONARD A. DAVIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>All Personal Injury and Medical<br>Monitoring Class Actions Transferred to<br>this MDL Which Have Been Specifically<br>Incorporated in Plaintiffs' Steering<br>Committee's Class Action Master<br>Complaints for Personal Injury and<br>Medical Monitoring | MDL Docket No. 1657<br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

### PROPOSED PRETRIAL ORDER NO. \_\_\_\_

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Plaintiffs' Steering Committee's Motion Seeking a Suggestion of Remand for the Limited Purpose of Class Certification Proceedings is GRANTED, and Plaintiffs' Steering Committee shall submit a Suggestion of Remand for filing with the Judicial Panel for MultiDistrict Litigation which lists the transferee actions subject to remand within thirty (30) days of this Order.

NEW ORLEANS, LOUISIANA, this \_\_\_\_\_ day of _____, 2005.

_____
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| | : | |
| This document relates to: All Personal Injury | : | JUDGE FALLON |
| And Medical Monitoring Class Actions | : | MAG. JUDGE KNOWLES |
| Transferred to this MDL Which Have Been | : | |
| Specifically Incorporated in Plaintiffs' | : | |
| Steering Committee's Class Action Master | : | |
| Complaints for Personal Injury and | : | |
| Medical Monitoring | : | |

## NOTICE OF HEARING

Please take notice that, upon the pleadings, the depositions, and other matters of record, the undersigned will move the Court before the Honorable Judge Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, 515 Rusk Street, Suite 8613, Houston, Texas 77002, at the next monthly status conference on the 1st day of December, 2005, at 1:00 o'clock p.m., or as soon thereafter as counsel can be heard, for an order on the PSC's Motion for a Suggestion of Remand in Connection with Class Certification Proceedings Pursuant to Plaintiffs' Request in the Alternative for Individual State Class Certifications and For Leave to Seek This

W:\25000-29999\27115\000\PLD\Notice of Hearing on PSC's Motion for Suggestion of Remand 2005-11-04.doc

1

MDL court to Sit by Designation in Each of the Transferor Federal District Court Jurisdictions at Issue, and for such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

_____
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024

Temporary Address:

3411 Richmond Ave.
Suite 460
Houston, TX 77046
PH:   (713) 877-1843
FAX:  (713) 871-9750
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591<br><br>Andy D. Birchfield, Esq. (**Co-Lead Counsel**)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555<br><br>Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973<br><br>Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059<br><br>Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |

| | |
|---|---|
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE