UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO**
*Alfredo Narvaez et al. v. Merck & Co., Inc.*

### ORDER AND REASONS

Pending before the Court is Plaintiffs' Motion for Leave of Court to File First Supplemental and Amending Complaint. For the following reasons, the motion is DENIED.

**I.  FACTS**

On December 22, 2004, the four Plaintiffs in this action filed suit against Merck & Co., Inc. ("Merck") alleging injuries based upon their ingestion of Vioxx. Merck filed its Answer on January 19, 2005. Now, the Plaintiffs seek to add Ana E. Feria ("Feria"), a fifth plaintiff, to this action.

Like the four Plaintiffs already in this action, Feria alleges that she was prescribed and ingested Vioxx. In addition, she claims that she suffered injuries as a result of her ingestion of Vioxx.

**II.  PRESENT MOTION**

Plaintiffs assert that they should be allowed to supplement and amend their complaint to

1

add Feria because this amendment will in no way delay this matter. Merck objects to this motion because it does not comply with the requirements of either Federal Rules of Civil Procedure 15(d) or 15(a).

### III. LAW AND ANALYSIS

To the extent that the Plaintiffs wish to supplement their complaint, their motion is governed by Federal Rule of Civil Procedure 15(d). Rule 15(d) permits a party to file a supplemental pleading to incorporate "events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d).

In this case, the Plaintiffs' motion fails for two reasons. First, Rule 15(d) is a mechanism for parties to plead additional facts relating to their own claims—not a way to add additional plaintiffs. Second, Rule 15(d) applies to events that occur after the date of the pleading sought to be supplemented. Essentially, it is designed for post-pleading events, not pre-pleading events. *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). The Plaintiffs have not met either of these requirements because they are not seeking to plead additional facts and they have not alleged that the facts surrounding Feria's claim arose after the original complaint was filed.

To the extent that the Plaintiffs wish to amend their complaint, their motion is governed by Federal Rule of Civil Procedure 15(a). Under Rule 15(a), once a defendant has served a responsive pleading, a plaintiff may amend his complaint "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Despite the fact that amendments should be freely allowed, an amendment should not be allowed if it is futile. *Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863, 872-73 (5th Cir. 2000).

2

An amendment will be considered futile if it seeks to join the personal injury claims of another plaintiff, whose joinder does not satisfy the requirements of Federal Rule of Civil Procedure 20. *Lai v. Eastpoint Int'l, Inc.*, No. CIV.A. 99-2095, 1999 WL 688466, at *2 (S.D.N.Y. Sept. 1, 1999); *Inman v. Comm'r of the IRS*, 871 F. Supp. 1275, 1276 (E.D. Cal. 1994). Rule 20(a) provides that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any questions of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). Therefore, Rule 20(a) has two requirements: (1) the right to relief must arise out of the same transaction or occurrence; and (2) there must be common questions of law or fact.

In this case, the Plaintiffs have not offered any evidence that Feria's claim arises out of the same transaction or occurrence as the four Plaintiffs other than the fact that they all ingested Vioxx and their injuries were allegedly sustained as a result of this ingestion. These are five different people with five different medical histories. There is no evidence as to whether they took the same dosage of Vioxx, under what circumstances they took Vioxx, how long they took Vioxx, at what times they took Vioxx, and the source from which they obtained.

Particularly, in pharmaceutical litigation, numerous courts have found that the mere existence of a similar injury caused by the same drug, without more, is insufficient to satisfy Rule 20(a)'s same transaction or occurrence requirement. *See, e.g., McNaughton v. Merck & Co., Inc.*, No. 04-8297 (S.D.N.Y. Dec. 17, 2004); In re *Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 145-46 (S.D.N.Y. 2001); *Graziose v. American Home prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001); In re *Diet Drugs*, No. CIV.A. 98-20478, 1999 WL 554584, at *4 (E.D. Pa. July

16, 1999); In re *Orthopedic Bone Screw Prods. Liab. Litig.*, MDL No. 1341, 1995 WL 428683, at *1-2 (E.D. Pa. July 15, 1995). Like the plaintiffs in the cited cases, the four Plaintiffs in this case seek to add an additional plaintiff who has nothing in common with the other Plaintiffs except for the ingestion of a common drug and alleged injuries as a result thereof. This is not enough to satisfy Rule 20(a).

IV. **CONCLUSION**

For the foregoing reasons, the Plaintiffs' Motion for Leave of Court to File First Supplemental and Amending Complaint is DENIED.

New Orleans, Louisiana, this ___2nd___ day of ___November___, 2005.

UNITED STATES DISTRICT JUDGE