

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2005 NOV -9   A 9: 33

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to:  Charles W. | * | JUDGE FALLON |
| Wiseley v. Merck & Co., Inc., 05-3981[1] | * | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the

Complaint in each and every count thereof, separately and severally, as follows:

## RESPONSE TO "THE PARTIES"

1.       Merck lacks sufficient information either to admit or deny the allegations

contained in paragraph 1 of the Complaint.

2.       With regard to the allegations contained in the first sentence of paragraph 2 of the

Complaint, Merck admits that it is a New Jersey corporation with its principal place of business

at One Merck Drive, Whitehouse Station, New Jersey.  Merck denies each and every allegation

contained in the second sentence of paragraph 2 of the Complaint except admits that it is a

leading research-driven pharmaceutical products and services company that researches,

discovers, develops, manufactures and markets a broad range of pharmaceutical products to

improve human health.

---

[1]  Plaintiff's Complaint indicates that it was filed in the United States District Court for the
Northern District of Oklahoma.  In fact, it was filed in the Eastern District of Louisiana.

Fee
Process
_X_ Dktd
___ CtRmDep
___ Doc. No.

## RESPONSE TO "JURISDICTION AND VENUE"

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint including subparagraphs (a) and (b), except admits that Plaintiff purports to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief, and further admits that the United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4.      Merck states that the allegations in paragraph 4 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck is authorized to do business in the State of Oklahoma and that Merck may be served with summons at The Corporation Company, 735 First National Building, Oklahoma City, Oklahoma 73102.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "VIOXX FACTS"

6.      Merck denies each and every allegation contained in paragraph 6 of the Complaint, except admits that VIOXX® is the brand name for rofecoxib.  Merck further admits that VIOXX® is a selective COX-2 inhibitor and is part of a class of drugs known as NSAIDs.

7.      Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck submitted two New Drug Applications for VIOXX® on November 23, 1998.

2

8.      Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that on November 23, 1998 Merck submitted two New Drug Applications, one for VIOXX® 12.5 mg. and VIOXX® 25 mg. Tablets and one for VIOXX® Oral Suspension and respectfully refers the Court to said New Drug Applications for their actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint except admits that the referenced statement exists and respectfully refers the Court to that statement for its actual language and full text.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck marketed VIOXX®.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint except admits that Peter Holt conducted certain audio conferences pertaining to VIOXX®.. Denies each and every allegation contained in the third sentence of paragraph 13 of the Complaint except admits that Plaintiff purports to quote portions of the referenced correspondence but avers that Plaintiff has taken such language out of context and respectfully refers the Court to said letter for its actual language and full text.

NY 790627_1

790627v.1

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that Merck submitted a Supplemental New Drug Application for VIOXX®.  Merck further admits that the VIGOR study exists and respectfully refers the Court to the VIGOR study for its actual language and full text.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that the VIGOR study exists and respectfully refers the Court to the VIGOR study for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that the VIGOR study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint except admits that the VIGOR study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits the existence of the referenced memorandum from February 1, 2001, and respectfully refers the Court to said memorandum for its actual language and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to this

NY 790627_1

790627v.1

publication for its actual language and full text.  Merck further admits Dr. Claire Bombardier was an author on the referenced publication and a co-chair of the steering committee for Vioxx.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits the existence of the referenced study and respectfully refers the Court to said study for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint except admits the referenced study exists and respectfully refers the Court to that study for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that the referenced article exists, and respectfully refers the Court to said article for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint except admits that on December 12, 2000 Merck received a letter from an FDA regulatory officer and respectfully refers the Court to that letter for its actual language and full text.

NY 790627_1

790627v.1

28.   Denies each and every allegation contained in paragraph 28 of the Complaint except admits that on January 5, 2001 Merck sent a letter to the FDA and respectfully refers the Court to that letter for its actual language and full text.

29.   Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

30.   Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

31.   Denies each and every allegation contained in paragraph 31 of the Complaint except admits the referenced study exists and respectfully refers the Court to that study for its actual language and full text.

32.   Merck denies each and every allegation contained in paragraph 32 of the Complaint.

33.   Merck denies each and every allegation in paragraph 33 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

34.   Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

NY 790627_1

790627v.1

35.    Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual conclusions and full text.

36.    Denies each and every allegation contained in paragraph 36 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

37.    Merck denies each and every allegation contained in paragraph 37 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

38.    Merck denies each and every allegation contained in paragraph 38 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

39.    Denies each and every allegation contained in paragraph 39 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

40.    Denies each and every allegation contained in paragraph 40 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint except admits that the referenced article exists and Plaintiffs appear to be quoting from said article, and respectfully refers the Court to the referenced article for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint except admits the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint except admits the referenced study exists and respectfully refers the Court to that study for its actual language and full text.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint except admits the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

47.     Merck denies each and every allegation contained in paragraph 47 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market. Merck further admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX®.

NY 790627_1

790627v.1

49.     Denies each and every allegation contained in paragraph 49 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

50.     Merck denies each and every allegation contained in paragraph 50 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

### RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

53.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint.

54.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint.

55.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint.

56.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint.

57.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint.

NY 790627_1

790627v.1

58.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint.

59.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint.

60.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

**RESPONSE TO "CLAIMS FOR RELIEF**
**COUNT I**
**PRODUCTS LIABILITY"**

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint, except admits that that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

64.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint.

65.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

**RESPONSE TO "COUNT II
NEGLIGENCE"**

71.     With respect to the allegations contained in paragraph 71 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 70 of this Answer with the same force and effect as though set forth here in full.

72.     Merck states that the allegations in paragraph 72 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it breached any duty to Plaintiff.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint including subparagraphs (a) through (e).

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

NY 790627_1

790627v.1

## RESPONSE TO "COUNT III
## FRAUD"

75.     With respect to the allegations contained in paragraph 75 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 74 of this Answer with the same force and effect as though set forth here in full.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint.

## RESPONSE TO "COUNT IV
## BREACH OF EXPRESS WARRANTY"

79.     With respect to the allegations contained in paragraph 79 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 78 of this Answer with the same force and effect as though set forth here in full.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint.

12

## RESPONSE TO "COUNT V
## UNJUST ENRICHMENT"

83.     With respect to the allegations contained in paragraph 83 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 82 of this Answer with the same force and effect as though set forth here in full.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint.

## RESPONSE TO "COUNT VI
## VIOLATIONS OF THE OKLAHOMA CONSUMER PROTECTION ACT"

87.     With respect to the allegations contained in paragraph 87 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 86 of this Answer with the same force and effect as though set forth here in full.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint, except admits that Plaintiff purports to seek damages, attorney fees and costs, but denies that there is any legal or factual basis for such relief.

13

## RESPONSE TO "REQUEST FOR RELIEF"

90.     Merck denies that Plaintiff is entitled to the relief requested in his prayer for relief.

## ADDITIONAL DEFENSES

91.     Plaintiff has failed to state a claim upon which relief can be granted.

92.     Plaintiff has not suffered the damages alleged in his Complaint.

93.     Plaintiff is not entitled to relief under any of his claims.

94.     Plaintiff is not entitled to punitive damages under 23 Okla. Stat. § 9.1.

95.     Plaintiff is not entitled to interest, costs or attorneys' fees.

96.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

97.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages.

98.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

99.     Plaintiff's claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

100.    Merck specifically denies that there was a defect in any product when it left the control and possession of Merck.

101.    Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

102.    Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

14

103.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

104.    To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

105.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

106.    Merck specifically denies that it breached any duty to Plaintiff.

107.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiff and/or the negligence of third parties over whom Merck had no control.

108.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of a known danger as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

109.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having

NY 790627_1

790627v.1

real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

110.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening and supervening cause or causes.

111.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse, abnormal use or abuse of VIOXX®.

112.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

113.   Plaintiff's claims are barred in whole or in part because VIOXX® is a prescription medication which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) of Torts.

114.   Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

115.   Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of VIOXX® and any other Merck drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

16

116.   Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

117.   Plaintiff's claims are barred in whole or in part by the First Amendment.

118.   In the event Plaintiff has suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiff's alleged damages, injuries, and/or losses.

119.   Plaintiff's claims are barred, in whole or in part, under applicable law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

120. To the extent that Plaintiff relies upon any theory of breach of warranty, express or implied, such claims are also barred for lack of timely notice of breach, lack of privity and because the alleged warranties were disclaimed.

121.   Merck specifically denies that it breached any warranty to Plaintiff.

122.   Plaintiff's demand for punitive damages is barred because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

123.   To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused damages asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

124.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

17

125.    The conduct and activities of Merck with respect to VIOXX® did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of VIOXX®.

126.    Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech.

127.    The public interest and benefit and the availability of such product which is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

128.    At all times relevant herein, any product which is the subject matter of the Complaint processed and distributed by Merck in the State of Oklahoma or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

129.    To the extent that Plaintiff alleges fraud, such claim is barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity.

130.    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

NY 790627_1

790627v.1

131.    Plaintiff lacks standing to assert one or more claims asserted or raised in the Complaint.

132.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

133.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

134.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

135.    Merck incorporates any applicable affirmative defense or other defense that may be asserted by any other defendant that may be added to this action and any other defendant in any action that may be consolidated with this action for purposes of pretrial and/or trial.

136.    Merck will rely on all defenses that are included in the master answer filed or to be filed in the multidistrict litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, having fully answered, Defendant Merck & Co., Inc., prays that Plaintiff take nothing by way of his Complaint and that Merck be granted its costs, including reasonable attorneys' fees, and all other relief this Court deems just and equitable.

NY 790627_1

790627v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone:     (504) 581-3200
Facsimile:      (504) 581-3361

Defendants' Liaison Counsel

John A. Kenney, OBA #4976
Sheryl N. Young, OBA #14183
Brandon L. Buchanan, OBA #18661
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102
Telephone:     (405) 235-9621
Facsimile:      (405) 235-0439

Counsel for Merck & Co., Inc.

NY 790627_1

790627v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this _9th_ day of November, 2005.

Dorothy H. Wimberly

NY 790627_1

790627v.1