IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| ALL PERSONAL INJURY CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 | MAGISTRATE JUDGE KNOWLES |

## MOTION TO PARTIALLY STRIKE PLAINTIFFS' PERSONAL INJURY AND WRONGFUL DEATH MASTER CLASS ACTION COMPLAINT

Defendant Merck & Co., Inc. ("Merck") hereby moves to partially strike plaintiffs' Personal Injury and Wrongful Death Master Class Action Complaint ("Compl."). As set forth below, plaintiffs fail to name a proposed class representative for 30 of their 51 proposed statewide class actions. Plaintiffs' allegations with respect to these 30 proposed statewide classes should be stricken from the Complaint because they fail to assert a fundamental prerequisite for such classes: a named plaintiff.

### PRELIMINARY STATEMENT

Plaintiffs seek to represent a nationwide class of individuals "who took Vioxx in any dose at any time between May 20, 1999 . . . and September 30, 2004," and "who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx." (Compl. ¶ 5.) Alternatively, plaintiffs seek to pursue claims on behalf of purported statewide classes in all fifty states and the District of Columbia. (Id. ¶¶ 6, 152.) Plaintiffs, however, identify class

- 1 -

786616_1

representatives for only twenty-one of these states, asserting that they intend to identify adequate representatives from the remaining states at an unspecified later time. (*See id.* at 4, n.1.) Because there is no plaintiff, and hence no case or controversy as to those proposed statewide classes, the allegations purported to be made on their behalf must be stricken.[1]

### ARGUMENT

Where plaintiffs cannot meet the requirements for class action treatment under Fed. R. Civ. P. 23, courts may order such deficient class allegations stricken from the pleading at the earliest stages. *See., e.g., Palmer v. Combined Ins. Co. of Am.*, No. 02-C-1764, 2003 U.S. Dist. LEXIS 2534, at *5 (N.D. Ill. Feb. 24, 2003) ("[I]t is sometimes possible to determine from the pleadings alone that these requirements cannot possibly be met, and in such cases, striking class allegations . . . is appropriate.") (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). This is just such a case: without a named plaintiff, plaintiffs obviously cannot satisfy the requirements of Rule 23. *See Larry James Oldsmobile-Pontiac-GMC Truck Co. v. Gen. Motors Corp.*, 175 F.R.D. 234, 236 (N.D. Miss. 1997) ("a headless class action may not be litigated").

Plaintiffs' "file now, find a plaintiff later" tactic fails because it ignores the bedrock notion that a lawsuit can only proceed if it presents a live case or controversy. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Nor does captioning a suit as a class action circumvent the case-or-controversy requirement. *See Sosna v. Iowa*, 419 U.S. 393, 402 (1975) (stating in dictum that "***[t]here must . . . be a named plaintiff who has such a case or controversy at the time the complaint is filed***"); *Swan v. Stoneman*, 635 F.2d 97, 102 (2d Cir. 1980) ("As a general rule, a

---

[1] The paragraphs in the Complaint that contain allegations related to these purported statewide classes, and which therefore should be stricken, are paragraphs 11-13, 15, 18, 20-22, 25, 26, 29, 32, 36, 38, 39, 41, 43, 46-48, and 50-56, numerous subparagraphs in paragraph 152, paragraph 159 and paragraphs 191-93, 195, 198, 200-02, 205-06, 209, 212, 214, 216, 218-19, 221, 223, 226, 227, 228, 230-36, 238, and 240.

class action cannot be maintained unless there is a named plaintiff with a live controversy . . . at the time the complaint is filed.").[2]  Rather, courts have recognized that if a class action does not include a plaintiff with a live controversy, the complaint must be dismissed. *Mathis v. Bess*, 692 F. Supp. 248, 258 (S.D.N.Y. 1988) ("As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified. Otherwise, the action should be dismissed.") (citation omitted). *See also* NEWBERG ON CLASS ACTIONS § 2:9 (4th ed. 2005).

That is precisely the case here. Plaintiffs purport to seek relief on behalf of statewide classes in thirty jurisdictions where there is no named plaintiff to assert a cause of action. Accordingly, their allegations with regard to those states present no live case or controversy and should be stricken.

---

[2] This "threshold requirement" ensures that the case will be vigorously prosecuted and is distinct from the requirement that the named representative be "adequate" under Rule 23. *Robinson v. Leahy*, 73 F.R.D. 109, 111 (N.D. Ill. 1977).

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that the Court strike the allegations related to purported statewide classes for which the Complaint identified no named plaintiff.

Respectfully submitted,

*/s/ Phil Wittmann*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann L.L.C.
One United Plaza
4041 Essen Lane, Suite 501
Baton Rouge, LA  70809
Phone: 225-490-8900
Fax:    225-490-8960

Defendants' Liaison Counsel

Counsel for Merck & Co., Inc.