# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES TO: ALL | * | JUDGE FALLON |
| PERSONAL INJURY CLASS ACTION | * | |
| CASES PENDING OR SUBJECT TO | | |
| TRANSFER TO MDL 1675 | | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT MERCK & CO.'S ANSWER TO PLAINTIFFS' AMENDED MASTER CLASS ACTION COMPLAINT (PERSONAL INJURY AND WRONGFUL DEATH)

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers the Amended Master Class Action Complaint (Personal Injury and Wrongful Death) ("Complaint") herein as follows:

### RESPONSE TO "I. INTRODUCTION"

1.      Admits that in paragraph 1 of the Master Class Action Complaint Plaintiffs purport to file this Master Class Action Complaint in response to the Court's Pretrial Order No. 16, dated June 2, 2005.

2.      Denies each and every allegation contained in paragraph 2 of the Master Class Action Complaint except admits that VIOXX® is the brand name of the chemical compound rofecoxib and that Plaintiffs purport to assert claims involving the prescription drug VIOXX®, but denies that there is any legal or factual basis for such claims.   Merck further admits that it researched, designed, developed, manufactured, marketed, promoted, and

- 1 -

distributed VIOXX® and that Merck manufactured, marketed, and sold VIOXX® in a manner consistent with the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for VIOXX® for its indicated uses.

3.    Denies each and every allegation contained in paragraph 3 of the Master Class Action Complaint.

4.    With respect to the allegations contained in paragraph 4 of the Master Class Action Complaint, Merck admits that it has estimated that there were approximately 105 million prescription for VIOXX® written in the United States from May 1999 through August 2004 and that, based on this estimate, Merck has estimated that the number of patients who have taken VIOXX® in the United States since May 1999 is approximately 20 million. Merck avers that these figures are approximate numbers based on information received from various sources outside of Merck.

5.    Denies each and every allegation contained in paragraph 5 of the Master Class Action Complaint except admits that Plaintiffs Rosemary Lawrence and Raymond Gibney purport to seek certification of the referenced putative nationwide class, but denies that certification of any class or subclass is appropriate.

6.    Denies each and every allegation contained in paragraph 5 of the Master Class Action Complaint except admits that as an alternative, Plaintiffs purport to seek certification of the referenced putative statewide classes, but denies that certification of any class or subclass is appropriate.

- 2 -

7.      Denies each and every allegation contained in paragraph 7 of the Master Class Action Complaint except admits that Plaintiffs state that at some future time they may move to have this Court remand certain legal issues, including, *inter alia*, questions of class certification, to transferor courts, but denies that there is any legal or factual basis for the relief to be sought.  Merck further states that if such a motion is made in the future, Merck hereby reserves its right to make all appropriate objections to such a motion at that time.

## RESPONSE TO "II.  STATEMENT OF JURISDICTION"

8.      The allegations contained in paragraph 8 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.

9.      The allegations contained in paragraph 9 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO "III.  IDENTITY OF PARTIES"

10.      The allegations contained in paragraph 10 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 10 of the Master Class Action Complaint except admits that plaintiff Paul Turner purports to be a citizen of Alabama and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

11.      With respect to paragraphs 11-13, 15, 18, 20-22, 25, 26, 29, 32, 36, 38, 39, 41, 43, 46-48, and 50-56 of the Master Class Action Complaint, Merck has filed simultaneously herewith a motion to strike certain portions of the Master Class Action

- 3 -

786629_1

Complaint, including the above referenced paragraphs, and respectfully refers the Court to this motion to strike.

12. The allegations contained in paragraph 14 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 14 of the Master Class Action Complaint except admits that Plaintiff Josephine Hornik purports to be a citizen of California and to bring this action on behalf of a putative statewide class, but denies that certification of any class or subclass would be appropriate.

13. The allegations contained in paragraph 16 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 16 of the Master Class Action Complaint except admits that Plaintiff Don Hanrahan purports to be a citizen of Connecticut and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

14. The allegations contained in paragraph 17 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 17 of the Master Class Action Complaint except admits that Plaintiff Darryl McMahon purports to be a citizen of Delaware and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

15. The allegations contained in paragraph 19 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 19

- 4 -

786629_1

of the Master Class Action Complaint except admits that Plaintiff Maria D. Alvarez purports to be a citizen of Florida and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

16. The allegations contained in paragraph 23 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 23 of the Master Class Action Complaint except admits that Plaintiff Wanda Cole purports to be a citizen of Illinois and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

17. The allegations contained in paragraph 24 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 24 of the Master Class Action Complaint except admits that Plaintiff Kevin Henderson purports to be a citizen of Indiana and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

18. The allegations contained in paragraph 27 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 27 of the Master Class Action Complaint except admits that Plaintiff Daniel Williams purports to be a citizen of Kentucky and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

19. The allegations contained in paragraph 28 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a

786629_1

response be deemed required, Merck denies each and every allegation contained in paragraph 28 of the Master Class Action Complaint except admits that Plaintiff M.L. George purports to be a citizen of Louisiana and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

      20.    The allegations contained in paragraph 30 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 30 of the Master Class Action Complaint except admits that Plaintiff Vivian Shinberg purports to be a citizen of Maryland and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

      21.    The allegations contained in paragraph 31 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 31 of the Master Class Action Complaint except admits that Plaintiff Paul Kennedy purports to be a citizen of Massachusetts and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

      22.    The allegations contained in paragraph 33 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 33 of the Master Class Action Complaint except admits that Plaintiff Connie Bell purports to be a citizen of Minnesota and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

- 6 -

23.   The allegations contained in paragraph 35 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 35 of the Master Class Action Complaint except admits that Plaintiff Caroline Nevels purports to be a citizen of the State of Missouri and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

24.   The allegations contained in paragraph 37 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 37 of the Master Class Action Complaint except admits that Plaintiff Jon Brunkhorst purports to be a citizen of Nebraska and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

25.   The allegations contained in paragraph 40 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 40 of the Master Class Action Complaint except admits that Plaintiffs Rosemary Lawrence and Raymond Gibney purport to be citizens of New Jersey and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

26.   The allegations contained in paragraph 42 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 42 of the Master Class Action Complaint except admits that Plaintiff Walter McNaughton purports

- 7 -

to be a citizen of New York and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

27.     The allegations contained in paragraph 44 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 44 of the Master Class Action Complaint except admits that Plaintiff Lorn Campbell purports to be a citizen of North Dakota and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

28.     The allegations contained in paragraph 45 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 45 of the Master Class Action Complaint except admits that Plaintiffs Mary Rose Couch and Homer Couch purport to be citizens of Ohio and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

29.     The allegations contained in paragraph 49 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 49 of the Master Class Action Complaint except admits that Plaintiff Stephen Moreau purports to be a citizen of Rhode Island and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

30.     The allegations contained in paragraph 57 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 57

- 8 -

786629_1

of the Master Class Action Complaint except admits that Plaintiff Ronald Forrest purports to be a citizen of Washington and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

31.     The allegations contained in paragraph 59 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 59 of the Master Class Action Complaint except admits that Plaintiff Patrick Besaw purports to be a citizen of Wisconsin and to bring this action on behalf of a putative statewide class but denies that certification of any class or subclass would be appropriate.

32.     Denies each and every allegation contained in paragraph 61 of the Master Class Action Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

33.     The allegations contained in paragraph 62 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

34.     Denies each and every allegation contained in paragraph 63 of the Master Class Action Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® in the United States.

- 9 -

## RESPONSE TO "IV. FACTUAL ALLEGATIONS COMMON TO ALL CLASS MEMBERS"

35.     Denies each and every allegation contained in the heading "A" preceding paragraph 64 of the Master Class Action Complaint except admits that VIOXX® is part of a class of drugs known as non-steroidal anti-inflammatory drugs or "NSAIDs" and that the mechanism of action of VIOXX® is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

36.   Denies each and every allegation contained in paragraph 64 of the Master Class Action Complaint except admits that VIOXX® is part of a class of drugs known as non-steroidal anti-inflammatory drugs or "NSAIDs." Merck further admits that VIOXX® is a selective COX-2 inhibitor and that the mechanism of action of VIOXX® is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

37.     Denies each and every allegation contained in paragraph 65 of the Complaint except admits that non-selective NSAIDs such as naproxen are believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

38.     Denies each and every allegation contained in paragraph 66 of the Master Class Action Complaint.

39.     Denies each and every allegation contained in paragraph 67 of the Master Class Action Complaint except admits that employees of Merck Frosst Canada & Co., a

786629_1

company organized under law in Canada, performed research and development work related to VIOXX® in Canada.

40.    Denies each and every allegation contained in paragraph 68 of the Master Class Action Complaint.

41.    Denies each and every allegation contained in paragraph 69 of the Master Class Action Complaint except admits that in 1992 Merck became aware of research and development work related to selective COX-2 inhibitors. Merck further avers that employees of Merck Frosst Canada & Co., a company organized under law in Canada, performed research and development work related to VIOXX® in Canada.

42.    Denies each and every allegation contained in paragraph 70 of the Master Class Action Complaint except admits that in December 1994 Merck submitted an IND Application for VIOXX® and respectfully refers the Court to the referenced IND for its actual language and full text.

43.    Denies each and every allegation contained in paragraph 71 of the Master Class Action Complaint except admits that VIOXX® is a selective COX-2 inhibitor and that the mechanism of action of VIOXX® is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

44.    Denies each and every allegation contained in paragraph 72 of the Master Class Action Complaint except admits that Merck marketed VIOXX® from May 1999 to September 2004 and that VIOXX® was one of Merck's top-selling drugs during that time.

45.    Denies each and every allegation contained in paragraph 73 of the Master Class Action Complaint except admits that worldwide sales of VIOXX® in 2003 exceeded $2 billion.

- 11 -

46.     Denies each and every allegation contained in paragraph 74 of the Master Class Action Complaint.

47.     Denies each and every allegation contained in paragraph 75 of the Master Class Action Complaint.

48.     Denies each and every allegation contained in paragraph 76 of the Master Class Action Complaint.

49.     Denies each and every allegation contained in headings "B" and "1" preceding paragraph 77 of the Master Class Action Complaint.

50.     Denies each and every allegation contained in paragraph 77 of the Master Class Action Complaint except avers that it is believed that the inhibition of cycloozygenase-1 ("COX-1") has been associated with gastric damage and increased bleeding among patients taking non-selective NSAIDs.

51.     Denies each and every allegation contained in paragraph 78 of the Master Class Action Complaint, except admits that Merck scientists have participated in studies involving VIOXX® and respectfully refers the Court to such studies for their actual conclusions and full context.

52.     Denies each and every allegation contained in paragraph 79 of the Master Class Action Complaint except admits that Plaintiffs purport to quote a portion of a statement, but avers that said quoted language is taken out of context.

53.     Denies each and every allegation contained in paragraph 80 of the Master Class Action Complaint except admits that Plaintiffs purport to quote a portion of a document, but Merck avers that said quoted language is taken out of context.

- 12 -

54.     Denies each and every allegation contained in paragraph 81 of the Master Class Action Complaint.

55.     Denies each and every allegation contained in paragraph 82 of the Master Class Action Complaint except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III VIOXX® clinical osteoarthritis trials. Merck further admits that Plaintiffs purport to quote from a document and respectfully refers the Court to said document for its actual language and full text.

56.     Denies each and every allegation contained in paragraph 83 of the Master Class Action Complaint except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III VIOXX® clinical osteoarthritis trials and that at that the time the Task Force conducted its evaluation these clinical trials were still blinded.

57.     Denies each and every allegation contained in paragraph 84 of the Master Class Action Complaint.

58.     Denies each and every allegation contained in paragraph 85 of the Master Class Action Complaint except admits that in 1998, the Board of Scientific Advisors recommended that data be collected on CV events in VIOXX® clinical trials in a systematic manner. Merck respectfully refers the Court to the referenced document for its actual language and full text.

59.     Denies each and every allegation contained in paragraph 86 of the Master Class Action Complaint except admits that Plaintiffs purport to quote from a document but avers that any quoted language is taken out of context.

- 13 -

60.     Denies each and every allegation in paragraph 87 of the Master Class

Action Complaint except admits that on November 23, 1998 Merck submitted a New Drug

Application (NDA) for VIOXX® 12.5 mg and VIOXX® 25 mg tablets and respectfully refers

the Court to said NDAs for their actual language and full text.

61.     Denies each and every allegation contained in paragraph 88 of the Master

Class Action Complaint except admits that in May 1999 the FDA approved VIOXX® as safe

and effective for certain indicated uses subject to the information contained in the relevant FDA-

approved prescribing information and respectfully refers the Court to the referenced prescribing

information for its full text and for VIOXX®'s indicated uses.

62.     Denies each and every allegation contained in heading "C" preceding

paragraph 89 of the Master Class Action Complaint.

63.     Denies each and every allegation contained in paragraph 89 of the Master

Class Action Complaint.

64.     Denies each and every allegation contained in paragraph 90 of the Master

Class Action Complaint except admits that the VIGOR study involving VIOXX® exists and

respectfully refers the Court to the referenced study for its actual conclusions and full text.

65.     Denies each and every allegation contained in paragraph 91 of the Master

Class Action Complaint.

66.     Denies each and every allegation contained in paragraph 92 of the Master

Class Action Complaint.

67.     Denies each and every allegation contained in paragraph 93 of the Master

Class Action Complaint except admits that  the VIGOR study involving VIOXX® exists and

- 14 -

respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck further admits that it provided preliminary results of the VIGOR study to the FDA in March 2000.

68.     Denies each and every allegation contained in paragraph 94 of the Master Class Action Complaint.

69.     Denies each and every allegation contained in paragraph 95 of the Master Class Action Complaint.

70.     Denies each and every allegation contained in paragraph 96 of the Master Class Action Complaint except admits that Plaintiffs purport to quote portions of statements but avers that said statements are taken out of context.

71.     Denies each and every allegation contained in paragraph 97 of the Complaint.

72.     Denies each and every allegation contained in paragraph 98 of the Master Class Action Complaint except admits that in March 2000, Merck received an email purporting to describe Patrono's opinion about the VIGOR study and respectfully refers the Court to the email for its actual text.

73.     Denies each and every allegation contained in paragraph 99 of the Master Class Action Complaint.

74.     Denies each and every allegation contained in paragraph 100 of the Master Class Action Complaint and respectfully refers the Court to the referenced article for its actual language and full text.

75.     Denies each and every allegation contained in paragraph 101 of the Master Class Action Complaint.

- 15 -

76.     Denies each and every allegation contained in paragraph 102 of the Master Class Action Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual conclusions and full context.

77.     Denies each and every allegation contained in paragraph 103 of the Master Class Action Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

78.     Denies each and every allegation contained in paragraph 104 of the Master Class Action Complaint except avers that, on May 22, 2001, Merck issued a press release entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

79.     Denies each and every allegation contained in paragraph 105 of the Master Class Action Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

80.     Denies each and every allegation contained in the first three sentences of paragraph 106 of the Master Class Action Complaint except admits that the referenced journal article exists and respectfully refers the Court to the referenced article for its actual language and full text. Denies each and every allegation contained in the last sentence of paragraph 106 of the Master Class Action Complaint except admits that Plaintiffs purport to quote a statement issued by Merck but avers that said statement is taken out of context.

81.     Denies each and every allegation contained in paragraph 107 of the Master Class Action Complaint except admits that the referenced press release exists and that

- 16 -

Plaintiffs purport to quote a portion of the full statement made by Merck and respectfully refers the Court to the referenced press release for its actual language and full text.

82.    Denies each and every allegation contained in paragraph 108 of the Master Class Action Complaint.

83.    Denies each and every allegation in paragraph 109 of the Master Class Action Complaint except admits that in April 2002 the FDA approved VIOXX® as safe and effective for use as recommended in the FDA-approved prescribing information for, among other indicated uses, the treatment of the signs and symptoms of rheumatoid arthritis in adults. Merck further avers that it has been reported in the medical literature that rheumatoid arthritis affects millions of Americans.

84.    Denies each and every allegation contained in heading "1" preceding paragraph 110 of the Master Class Action Complaint.

85.    Denies each and every allegation contained in paragraph 110 of the Master Class Action Complaint.

86.    Denies each and every allegation contained in paragraph 111 of the Master Class Action Complaint.

87.    Denies each and every allegation contained in paragraph 112 of the Master Class Action Complaint except admits that Merck marketed VIOXX® in the United States.

88.    Denies each and every allegation contained in paragraph 113 of the Master Class Action Complaint.

786629_1

89.     Denies each and every allegation contained in paragraph 114 of the Master Class Action Complaint except admits that Merck marketed VIOXX® in the United States.

90.     Denies each and every allegation contained in paragraph 115 of the Master Class Action Complaint except admits that the referenced advertisement exists and that Plaintiffs purport to quote a portion of said advertisement but respectfully refers the Court to said advertisement for its actual language and full text.

91.     Denies each and every allegation contained in paragraph 116 of the Master Class Action Complaint.

92.     Denies each and every allegation contained in paragraph 117 of the Master Class Action Complaint except admits that the referenced advertisement exists and that Plaintiffs purport to quote a portion of said advertisement but respectfully refers the Court to said advertisement for its actual language and full text.

93.     Denies each and every allegation contained in paragraph 118 of the Master Class Action Complaint.

94.     Denies each and every allegation contained in paragraph 119 of the Master Class Action Complaint except admits that, prior to its voluntary withdrawal of VIOXX® in September 2004, Merck marketed the prescription medicine VIOXX® for certain indicated uses subject to the information contained in the relevant FDA-approved prescribing information for VIOXX®. Merck further avers that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

- 18 -

786629_1

95. Denies each and every allegation contained in paragraph 120 of the Master Class Action Complaint except admits that Merck marketed and sold VIOXX® in the United States.

96. Denies each and every allegation contained in paragraph 121 of the Master Class Action Complaint.

97. Denies each and every allegation contained in paragraph 122 of the Master Class Action Complaint.

98. Denies each and every allegation contained in paragraph 123 of the Master Class Action Complaint.

99. Denies each and every allegation contained in paragraph 124 of the Master Class Action Complaint.

100. Denies each and every allegation contained in paragraph 125 of the Master Class Action Complaint including subparagraphs (a)-(c).

101. Denies each and every allegation contained in heading "D" preceding paragraph 126 of the Master Class Action Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

102. Denies each and every allegation contained in paragraph 126 of the Master Class Action Complaint except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

103. Denies each and every allegation contained in paragraph 127 of the Master Class Action Complaint except admits that Merck received a letter in September 2001 from

- 19 -

Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

104.    Denies each and every allegation contained in paragraph 128 of the Master Class Action Complaint except admits that Plaintiffs purport to quote a portion of the referenced letter but respectfully refers the Court to said letter for its actual language and full text.

105. Denies each and every allegation contained in paragraph 129 of the Master Class Action Complaint except admits that Plaintiffs appear to be quoting a portion of a piece of correspondence but avers that the quoted portion is taken out of context and respectfully refers the Court to the relevant correspondence for its actual language and full context.

106.    Denies each and every allegation contained in paragraph 130 of the Master Class Action Complaint including subparagraphs (a)-(i) except admits that Plaintiffs purport to quote portions of the referenced correspondence but avers that Plaintiffs have taken such language out of context and respectfully refers the Court to said letter for its actual language and full text.

107.    Denies each and every allegation contained in paragraph 131 of the Master Class Action Complaint.

108.    Denies each and every allegation contained in heading "E" preceding paragraph 132 of the Master Class Action Complaint.

109.    Denies each and every allegation contained in paragraph 132 of the Master Class Action Complaint except admits that the referenced Adverse Event Reporting System (AERS) exists, although the reports on the system are not necessarily accurate. Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the Food and Drug Administration that the event was

- 20 -

786629_1

caused by the drug. Merck further admits various cardiovascular adverse events associated with VIOXX® have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.

110.　Denies each and every allegation contained in paragraph 133 of the Master Class Action Complaint except admits that the referenced Wall Street Journal article exists and respectfully refers the Court to said article for its actual language and full text.

111.　Denies each and every allegation contained in paragraph 134 of the Master Class Action Complaint except avers that the results of the referenced study were never published and that Merck had no duty to publish such results.

112.　Denies each and every allegation contained in paragraph 135 of the Master Class Action Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

113.　Denies each and every allegation contained in paragraph 136 of the Master Class Action Complaint.

114. Admits that the article referenced in paragraph 137 of the Master Class Action Complaint exists and that Plaintiff purports to quote a portion of said article, but respectfully refers the Court to the referenced article for its actual language and full text.

115.　Denies each and every allegation contained in heading "F" preceding paragraph 138 of the Master Class Action Complaint.

116.　Denies each and every allegation contained in paragraph 138 of the Master Class Action Complaint except admits that in November 1999 Merck submitted an IND relating to VIOXX® to the Division of Oncology Drug Products (DODP) and respectfully refers the Court to said IND for its actual language and full text.

- 21 -

786629_1

117.    Admits that the study referenced in paragraph 139 exists and respectfully refers the Court to said study for its actual language and full text.

118.    Denies each and every allegation contained in paragraph 140 of the Master Class Action Complaint.

119.    Denies each and every allegation contained in paragraph 141 of the Master Class Action Complaint except admits that Plaintiffs purport to quote portions of a document but avers that said language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text. Merck further avers that the referenced trial was halted in September 2004.

120.    Denies each and every allegation contained in paragraph 142 of the Master Class Action Complaint, except admits that on September 27, 2004 Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted. Merck further admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market.

121.    Denies each and every allegation contained in paragraph 143 of the Master Class Action Complaint except avers that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

122.    Denies each and every allegation contained in paragraph 144 of the Master Class Action Complaint.

- 22 -

786629_1

123.   Denies each and every allegation contained in paragraph 145 of the Master Class Action Complaint.

124.   Denies each and every allegation contained in paragraph 146 of the Master Class Action Complaint and avers that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

125.   Denies each and every allegation contained within paragraph 147 of the Master Class Action Complaint, except admits that the referenced article exists, and respectfully refers the Court to that article for its actual language and full text.

126.   Denies each and every allegation contained within paragraph 148 of the Master Class Action Complaint.

127.   Denies each and every allegation contained within paragraph 149 of the Master Class Action Complaint.

128.   Denies each and every allegation contained within paragraph 150 of the Master Class Action Complaint.

## RESPONSE TO "V. CLASS ACTION ALLEGATIONS"

129.   Denies each and every allegation in paragraph 151 of the Master Class Action Complaint except admits that Plaintiffs purport to bring this action on their own behalf and as representatives of the referenced putative class but avers that certification of any class or subclass is not appropriate.

- 23 -

786629_1

130.    With respect to the allegations contained in subparagraphs (ii), (iii), (iv), (vi), (xi), (xii), (xiii), (xvi), (xvii), (xx), (xxiii), (xxv), (xxvii), (xxx), (xxxii), (xxxiv), (xxxvii), (xxxviii), (xxxix), (xli), (xlii), (xliii), (xliv), (xlv), (xlvi), (xlvii), (xlix), (lid) of paragraph 152 of the Master Class Action Complaint, Merck has moved simultaneously herewith to strike said subparagraphs and respectfully refers the Court to Merck's Motion to Partially Strike Plaintiffs' Personal Injury and Wrongful Death Master Class Action Complaint.  With respect to the remaining allegations contained in subparagraphs (i), (v), (vii), (x), (xiv), (xviii), (xix), (xxi), (xxii), (xxiv), (xxvi), (xxxi), (xxxiii), (xxxv), (xxxvi), (xl), (xlviii), (l) of paragraph 152 of the Master Class Action Complaint, Merck denies each and every allegation contained in said subparagraphs except admits that Plaintiffs seek certification of statewide subclasses but denies that certification of any class or subclass would be appropriate.

131.    Denies each and every allegation contained in paragraph 153 of the Master Class Action Complaint except admits that VIOXX® has been prescribed to millions of people.

132.    Denies each and every allegation contained in paragraph 154 of the Master Class Action Complaint and avers that certification of any class or subclass is not appropriate.

133.    Denies each and every allegation in paragraph 155 of the Master Class Action Complaint including subparagraphs (1)-(18) and avers that certification of any class or subclass is not appropriate.

134.    Denies each and every allegation in paragraph 156 of the Master Class Action Complaint and avers that certification of any class or subclass is not appropriate.

135.    Denies each and every allegation contained in paragraph 157of the Master Class Action Complaint and avers that certification of any class or subclass is not appropriate.

- 24 -

136.    Denies each and every allegation contained in paragraph 158 of the Master Class Action Complaint and denies that certification of any class or subclass is appropriate.

137.    With respect to the allegations contained in paragraph 159 of the Complaint, Merck has moved simultaneously herewith to strike said allegations and Merck respectfully refers the Court to Merck's Motion to Partially Strike Plaintiffs' Personal Injury and Wrongful Death Master Class Action Complaint.

138.    Denies each and every allegation contained in paragraph 160 of the Master Class Action Complaint and denies that certification of any class or subclass is appropriate.

139.    Denies each and every allegation contained in paragraph 161 of the Master Class Action Complaint and denies that certification of any class or subclass is appropriate.

140.    Denies each and every allegation contained in paragraph 162 of the Master Class Action Complaint and denies that certification of any class or subclass is appropriate.

141.    Denies each and every allegation contained in paragraph 163 of the Master Class Action Complaint and denies that certification of any class or subclass is appropriate.

142.    Denies each and every allegation contained in paragraph 164 of the Master Class Action Complaint and denies that certification of any class or subclass is appropriate.

143.    Denies each and every allegation contained in paragraph 165 of the Master Class Action Complaint and denies that certification of any class or subclass is appropriate.

## RESPONSE TO "COUNT I (NEGLIGENCE)"

144.    With respect to the allegations contained in paragraph 166 of the Master Class Action Complaint, Merck repeats and re-alleges each and every admission, denial,

- 25 -

786629_1

averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

145.    Denies each and every allegation contained in paragraph 167 of the Master Class Action Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

146.    Denies each and every allegation contained in paragraph 168 of the Master Class Action Complaint except admits that Merck manufactured, marketed, and sold VIOXX®.

147.    Denies each and every allegation contained in paragraph 169 of the Master Class Action Complaint.

148.    The allegations contained in paragraph 170 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant law governing Plaintiffs' negligence claims.

149.    Denies each and every allegation contained in paragraph 171 of the Master Class Action Complaint including subparagraphs (a)-(p).

150.    Denies each and every allegation contained in paragraph 172 of the Master Class Action Complaint.

151.    Denies each and every allegation contained in paragraph 173 of the Master Class Action Complaint.

152.    Denies each and every allegation contained in paragraph 174 of the Master Class Action Complaint.

- 26 -

153.    Denies each and every allegation contained in paragraph 175 of the Master Class Action Complaint.

154.    Denies each and every allegation contained in paragraph 176 of the Master Class Action Complaint.

## RESPONSE TO "COUNT II STRICT PRODUCT LIABILITY (FAILURE TO WARN)"

155.    With respect to the allegations contained in paragraph 177 of the Master Class Action Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

156.    Denies each and every allegation contained in paragraph 178 of the Master Class Action Complaint.

157.    Denies each and every allegation contained in paragraph 179 of the Master Class Action Complaint.

158.    Denies each and every allegation contained in paragraph 180 of the Master Class Action Complaint.

## RESPONSE TO "COUNT III STRICT PRODUCT LIABILITY (Pursuant to Restatement Second of Torts 402a(1965)"

159.    With respect to the allegations contained in paragraph 181 of the Master Class Action Complaint, Merck repeats and re-alleges each and every admission, denial,

786629_1

averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

160.    Denies each and every allegation contained in paragraph 182 of the Master Class Action Complaint.

161. Denies each and every allegation contained in paragraph 183 of the Master Class Action Complaint.

162. Denies each and every allegation contained in paragraph 184 of the Master Class Action Complaint.

163.    Denies each and every allegation contained in paragraph 185 of the Master Class Action Complaint.

164.    Denies each and every allegation contained in paragraph 186 of the Master Class Action Complaint.

165.    Denies each and every allegation contained in paragraph 187 of the Master Class Action Complaint.

166.    Denies each and every allegation contained in paragraph 188 of the Master Class Action Complaint.

167.    Denies each and every allegation contained in paragraph 189 of the Master Class Action Complaint.


## RESPONSE TO "VII.  ASCRIPTION OF CLAIMS"

- 28 -

168. The allegations contained in the first sentence of paragraph 190 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

169. With respect to paragraphs 191-93, 195, 198, 200-02, 205-06, 209, 212, 214, 216, 218-19, 221, 223, 226, 227, 228, 230-36, 238, and 240 of the Master Class Action Complaint, Merck moves simultaneously herewith to strike the allegations contained in said paragraphs and respectfully refers the Court to Merck's Motion to Partially Strike Plaintiffs' Personal Injury and Wrongful Death Master Class Action Complaint.

170. The allegations contained in the first sentence of paragraph 194 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

171. The allegations contained in the first sentence of paragraph 196 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

172. The allegations contained in the first sentence of paragraph 197 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is

- 29 -

required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

173.    The allegations contained in the first sentence of paragraph 199 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

174.    The allegations contained in the first sentence of paragraph 203 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

175.    The allegations contained in the first sentence of paragraph 204 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

176.    The allegations contained in the first sentence of paragraph 207 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

786629_1

177.     The allegations contained in the first sentence of paragraph 208 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

178.     The allegations contained in the first sentence of paragraph 210 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

179.     The allegations contained in the first sentence of paragraph 211 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

180.     The allegations contained in the first sentence of paragraph 213 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

181.     The allegations contained in the first sentence of paragraph 215 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation

- 31 -

contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

182.    The allegations contained in the first sentence of paragraph 217 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

183.    The allegations contained in the first sentence of paragraph 220 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiffs purport to bring the referenced action but denies that there is any legal or factual basis for same.

184.    The allegations contained in the first sentence of paragraph 222 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

185.    The allegations contained in the first sentence of paragraph 224 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

786629_1

186.    The allegations contained in the first sentence of paragraph 225 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiffs purport to bring the referenced action but denies that there is any legal or factual basis for same.

187. The allegations contained in the first sentence of paragraph 229 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

188.    The allegations contained in the first sentence of paragraph 237 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiff purports to bring the referenced action but denies that there is any legal or factual basis for same.

189.    The allegations contained in the first sentence of paragraph 239 of the Master Class Action Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph of the Master Class Action Complaint except admits that plaintiffs purport to bring the referenced action but denies that there is any legal or factual basis for same.

## DEFENSES

- 33 -

786629_1

Further answering and by way of affirmative defenses, Merck alleges as follows:

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

190.   The Master Class Action Complaint fails to state any claim against Merck upon which relief can be granted.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

191.   Plaintiffs may not maintain this action as described in the Master Class Action Complaint as a class action.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

192.   The claims of Plaintiffs and the purported class members may be barred, in whole or in part, from recovery because of the collateral estoppel effect of prior judgments.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

193.   The claims of the Plaintiffs and the purported class members may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

194.   The claims of the Plaintiffs and the purported class members may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### AS FOR A SIXTH
### DEFENSE, MERCK ALLEGES:

195.   Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine,

- 34 -

786629_1

Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

196.    The claims of Plaintiffs and the purported class members may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

197.    The claims of Plaintiffs and the purported class members may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

198.    The claims of Plaintiffs and the purported class members may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

199.    The claims of Plaintiffs and the purported class members may be barred, in whole and in part, pursuant to the doctrine of accord and satisfaction.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

200.    The claims of Plaintiffs and the purported class members may be barred, in whole and in part, by the doctrine of laches.

786629_1

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

201.   Plaintiffs' and the purported class members' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

202.   The claims of Plaintiffs and the purported class members are barred, in whole or in part, by the First Amendment of the United States Constitution.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

203.   The claims of Plaintiffs and the purported class members may be barred, in whole or in part, because plaintiffs and/or purported class members lack capacity and/or standing to bring such claims.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

204.   The claims of Plaintiffs and the purported class members are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

205.   To the extent that Plaintiffs and the purported class members seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and therefore any award of punitive damages is barred.

786629_1

### AS FOR AN SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

206.   The claims of Plaintiffs and the purported class members are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts to the extent adopted by the applicable states.

### AS FOR A EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

207.   The claims of Plaintiffs and the purported class members are barred, in whole or in part, because Merck provided legally adequate "directions and warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation plaintiffs and/or purported class members allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts to the extent adopted by the applicable states.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

208.   The claims of Plaintiffs and the purported class members are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability to the extent adopted by the applicable states.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

209.   The claims of Plaintiffs and the purported class members are barred, in whole or in part, under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability to the extent adopted by the applicable states.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

210.   The claims of Plaintiffs and the purported class members are barred, in whole or in part, by their failure to mitigate damages.

786629_1

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

211.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-THIRD
### DEFENSE MERCK ALLEGES:

212.    To the extent that Plaintiffs and the purported class members rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach, lack of privity, or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-FOURTH
### DEFENSE MERCK ALLEGES:

213.    Plaintiffs and the purported class members are not entitled to recover to the extent any alleged damages or injuries were cause by the misuse or abuse of VIOXX®.

### AS FOR A TWENTY-FIFTH
### DEFENSE MERCK ALLEGES:

214.    The claims of Plaintiffs and purported classes members may be barred, in whole or in part, due to their contributory/comparative negligence.

### AS FOR A TWENTY-SIXTH
### DEFENSE MERCK ALLEGES:

215.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

### AS FOR A TWENTY-SEVENTH
### DEFENSE MERCK ALLEGES:

- 38 -

786629_1

216.    To the extent that Plaintiffs and the purported class members assert claims based on Merck's adherence to and compliance with each and every applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A TWENTY-EIGHT DEFENSE MERCK ALLEGES:

217.    If plaintiffs and the purported class members have sustained injuries or losses as alleged in the Master Class Action Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A TWENTY-NINTH DEFENSE MERCK ALLEGES:

218.    To the extent that Plaintiffs and the purported class members seek punitive damages for the conduct which allegedly caused injuries asserted in the Master Class Action Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTIETH DEFENSE MERCK ALLEGES:

219.    Certain Plaintiffs and purported class members brought their claims in an improper venue.

### AS FOR A THIRTY-FIRST DEFENSE MERCK ALLEGES:

786629_1

220.    Plaintiffs and the purported class members' demand for punitive damages is barred under the governing state laws because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

### AS FOR A THIRTY-SECOND
### DEFENSE MERCK ALLEGES:

221.    To the extent that Plaintiffs and the purported class members allege fraud or similar conduct, such claims are barred because Plaintiffs failed to plead fraud with sufficient particularity.

### AS FOR A THIRTY-THIRD
### DEFENSE MERCK ALLEGES:

222.    The claims of Plaintiffs and the purported class members may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose.

### AS FOR A THIRTY-FOURTH
### DEFENSE MERCK ALLEGES:

223.    The claims of Plaintiffs and of the purported class members may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### AS FOR A THIRTY-FIFTH
### DEFENSE MERCK ALLEGES:

224.    Certain Plaintiffs' claims would have been more properly commenced in a venue other than that within which their original action was commenced.

### AS FOR A THIRTY-SIXTH
### DEFENSE MERCK ALLEGES:

225.    The claims of Plaintiffs and the purported class members may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTY-SEVENTH
### DEFENSE MERCK ALLEGES:

- 40 -

786629_1

226. To the extent Plaintiffs and the purported class members seek to recover only economic loss in tort, their claims are barred by the economic loss doctrine.

### AS FOR A THIRTY-EIGHT
### DEFENSE MERCK ALLEGES:

227. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-NINTH
### DEFENSE MERCK ALLEGES:

228. Plaintiffs and the purported class members have not sustained any injury or damages compensable at law.

### AS FOR A FORTIETH
### DEFENSE MERCK ALLEGES:

229. Merck reserves its right to dismiss the Master Class Action Complaint and seek further relief for plaintiffs and the purported class members' failure to provide it with due process of law.

### AS FOR A FORTY-FIRST
### DEFENSE MERCK ALLEGES:

230. To the extent that Plaintiffs and the purported class members allege that they have sustained injuries or losses as alleged in the Master Class Action Complaint, such injuries and losses were directly and proximately caused by the superseding, intervening acts and omissions of a third party or third parties for which Merck is neither responsible nor liable.

### AS FOR A FORTY-SECOND
### DEFENSE MERCK ALLEGES:

231. To the extent Plaintiffs and the purported class members allege that they have sustained injuries or losses as alleged in the Master Class Action Complaint, such injuries

- 41 -

786629_1

or losses resulted from Plaintiffs' or purported class members' preexisting and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

## AS FOR A FORTY-THIRD
## DEFENSE MERCK ALLEGES:

232.   The claims of Plaintiffs and purported class members may be barred, in whole or in part, because such persons knowingly, voluntarily, and willfully assumed the risk of any injury allegedly arising out of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

WHEREFORE, Merck demands judgment dismissing plaintiffs' Master Class Action Complaint and awarding Merck its fees and costs, together with such other and further relief that the Court may deem just and proper.

Dated: August 9, 2005.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann L.L.C.
One United Plaza
4041 Essen Lane, Suite 501
Baton Rouge, LA  70809
Phone: 225-490-8900
Fax:    225-490-8960

Defendants' Liaison Counsel

Counsel for Merck & Co., Inc.

- 42 -

786629_1