UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

Motion in Limine No. 3

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
CERTAIN SUBJECTS FROM EVIDENCE AT TRIAL

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., deceased, by and through her undersigned counsel, hereby respectfully moves the Court for an order excluding all evidence, references, testimony or argument relating to the various topics set forth below.

Under Federal Rule of Evidence, only relevant evidence is admissible. Relevant evidence is defined as matters which may tend to prove or disprove a material fact at issue. Fed. R. Evid. 401. Further, the Federal Rules of Evidence provide that "relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In Florida, where this case arose, the state has adopted each of these federal rules as statutes under Title 90. See F.S.A. §§ 90.401, 90.402 and 90.403.

A key to the Court's analysis of whether the prejudicial aspects and/or tendency to confuse the jury outweighs its probative value, as it pertains to Florida law, can be found in a seminal case in which the Florida Supreme Court stated: "… if the introduction of the evidence tends in actual operation to produce a confusion in the minds of the jurors in excess of the legitimate probative effect of such evidence – if it tends to obscure rather than illuminate the true issue before the jury – then such evidence should be excluded." Perper v. Edell, 44 So.2d 78, 80 (Fla. 1950).

The following evidence is not only irrelevant to these proceedings, but its probative value is greatly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time. Therefore, such evidence and testimony should be precluded.

**Defendant should be precluded from offering evidence, argument, or eliciting testimony concerning or regarding:**

a) That a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medications. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. The tactic of appealing to the collective self interest of jurors has been condemned by the courts and clearly applies to this and other issues presented below. The Fifth Circuit Court of Appeals has condemned such appeals to "community conscience" as improper. Westbrook v. General Tire & Rubber Co., 754 F.2d 1233, 1239 (5th Cir. 1985). The Westbrook condemnation was reiterated in Florida in S.H. Investment & Dev. Corp. v. Kincaid, 495 So. 2d 768, 771 (Fla. Dist. Ct. App. 5th 1986). The self-interest aspect was specifically addressed in Norman v. Gloria Farms, Inc., 668 So. 2d 1016 (Fla. Dist. Ct. App. 4th 1996), which held:

> "This us-against-them plea can have no appeal other than to prejudice.... Such argument is an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial.... Our condemnation of a 'community conscience' argument is not limited to the use of those specific words; it extends to all impassioned and prejudicial pleas intended to evoke a sense of community law through common duty and expectation."

Id. at 1021 (citing Westbrook, 754 F.2d at 771).

b) Any comment or inference, or submitting any evidence, testimony, or documents tending to suggest in any way that any award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical, or health products available to individuals or industries in the United States or worldwide. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. See argument above under subpart a).

c) Making reference that this case or other Vioxx product liability litigation cases may have a negative impact on the stock price of Merck or any other publicly traded pharmaceutical manufacturer. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. See argument above under Subpart a).

d) Any comment or inference, or submitting any evidence, testimony, or documents suggesting or referring to Health Canada or any other foreign regulatory agency's decision to allow the sale of Vioxx within their respective countries.

e) That this case or any other Vioxx products liability case may cause an increase in the cost of purchasing or maintaining insurance. Such argument is irrelevant,

highly prejudicial and calculated to sway the sympathies of the jury. See argument above under Subpart a).

f) That this case or any other Vioxx product liability case may cause an increase in the cost of purchasing medications for the public. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. See argument above under Subpart a).

g) Any comment, evidence, testimony, inference or document mentioning medical conditions of Plaintiff or Plaintiff's family that are unrelated to the injuries at issue in this lawsuit. Such argument is irrelevant. In Florida, while it is permitted for such evidence to be presented for related injuries, it is clearly implied that such evidence is not permitted when it is not relevant to the case before the jury and may tend to confuse their consideration of the facts. See State Farm Fire & Cas. Co. v. Pettigrew, 884 So.2d 191, 197 (Fla. Dist. Ct. App. 2nd 2004).

h) Any comment, evidence, testimony, inference or document mentioning any non-criminal bad conduct of the Plaintiff. Misdemeanors and human frailties should not become "fair game" during trial. Federal and state rules of evidence prohibit such character assassination. Such testimony would be improper under Fed. R. Evid. 610; see Hudson v. United States, 387 F.2d 331 (5th Cir. 1967); Aaron v. State, 345 So. 2d 641 (Fla. 1977); Whitehead v. State, 279 So. 2d 99 (Fla. Dist. Ct. App. 2nd 1973); McArther v. Cook, 99 So. 2d 565 (Fla. 1957) (the latter making the law regarding introduction of misconduct equally applicable to civil litigation as to criminal cases).

i) Any mention or disclosure, whether directly or indirectly, in any manner, that the Plaintiff is covered by some form of insurance for the incident in question. Such fact is entirely immaterial to any issue in this case and any mentioning or inference thereof, directly or indirectly, in any manner, will be harmful and unjustly prejudicial to the Plaintiff. See Sutton v. Gomez, 234 So.2d 725 (Fla. Dist. Ct. App. 2nd 1970).

j) Any comment, inference, evidence, testimony, or document tending to suggest in any way that an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law. See generally TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443, 462 (1993).

k) Any mention of the purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," or similar terms or phrases. Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury. See Stokes v. Wet 'N Wild, Inc., 523 So.2d 181, 182 (Fla. Dist. Ct. App. 5th 1988) (citing, inter alia, Westbrook).

l) That Plaintiff's attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation. Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury. See Bufford v. Rowan Companies, Inc., 994 F.2d 155, 157-58 (5th Cir. 1993); Owens-Corning Fiberglas Corp. v. Crane, 683 So. 2d 552, 554-55 (Fla. Dist. Ct. App. 3rd 1996).

m) Any comment or personal anecdote from any witness or lawyer for the Defendant about themselves, or family members who have used Vioxx. Such evidence is irrelevant, hearsay, and undeniably prejudicial. These emotional stories cannot be

verified and will inappropriately sway the sympathies of the jury. See U.S. v. Garza, 608 F.2d 659, 663 (5th Cir. 1979); Muhammad v. Toys R Us, Inc., 668 So.2d 254, 258 (Fla. Dist. Ct. App.1st 1996).

n) Any comment, evidence, testimony, inference or document mentioning, suggesting or inferring that Vioxx was taken off the market due to "media hype" caused by attorneys or the media themselves. Such argument would be irrelevant, hearsay, and designed solely to inappropriately sway the sympathies of the jury. See Stokes (citing, *inter alia*, Westbrook).

o) Any comment, evidence, testimony, inference or document that bolsters the unchallenged character (e.g., honest) or traits (e.g., generous) of the Defendant's current or former employees, managers, consultants, experts, agents, or fiduciaries preemptively.

p) Any reference to opinions in the medical records of healthcare personnel that are not witnesses live or by deposition at trial. See Bradley v. Brotman, 836 So.2d 1129, 1135 (Fla. Dist. Ct. App. 4th 2003) (citing, *inter alia*, Fed. R. Evid. 403); McElroy v. Perry, 753 So.2d 121 (Fla. Dist. Ct. App. 2nd 2000).

q) That any members of the public or medical community desire that Vioxx be placed back on the market.

r) Any comment, evidence, testimony, inference or document mentioning that state warning defect or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits.

s) Any comment, evidence, testimony, inference or document mentioning that state tort law undercuts the FDA's mission to provide only scientifically valid warnings.

t) Any comment, evidence, testimony, inference or document mentioning that too many warnings of serious injuries will dilute the effectiveness of warnings generally.

u) Any comment, evidence, testimony, inference or document mentioning that state products liability law frustrates the FDA's protective regime. See <u>Liggett Group Inc. v. Engle</u>, 853 So.2d 434, 459 (Fla. Dist. Ct. App. 3rd 2003); <u>Miami Coin-O-Wash, Inc. v. McGough</u>, 195 So.2d 227 (Fla. Dist. Ct. App. 3rd 1967).

For the foregoing reasons, Plaintiff's motion *in limine* should be granted, and Defendant should be precluded from referring to the above-referenced matters in their entirety.

Respectfully submitted,

By: *P. Leigh O'Dell*
**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

**PLAINTIFFS' LIAISONCOUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the **4th** day of November, 2005.

_____