UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

Motion in Limine No. 4

PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OR DISCUSSION CONCERNING DEFENDANT'S REPUTATION AND/OR "GOOD ACTS"

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., deceased, by and through her undersigned counsel, hereby moves the Court to exclude all evidence or discussion of Defendant Merck & Co.'s reputation and/or "good acts."

### INTRODUCTION

Plaintiff believes that Merck & Co., Inc. ("Merck") may attempt to introduce evidence or testimony, or discuss before the jury, its purported good reputation and/or other good acts. Such evidence is not relevant or material to the issues for the jury to resolve in this case, and the introduction of such evidence would be unfairly prejudicial, confuse the issues, and could potentially mislead the jury.

Plaintiffs believe that such testimony may include but is not limited to:

1. Merck's Patient Assistance Program whereby uninsured individuals can obtain prescription medication at no cost to the patient or at a

       significantly reduced price;

2. Merck's donation of millions of dollars in HIV vaccines to Africa while working with Bill Gates and the government of Botswana;

3. Merck's donation of medications to combat "River Blindness" — a disease that strikes rural villages in Africa — to all impacted villages through the Mectizan program, in which Merck is partnered with Jimmy Carter and the Carter Foundation; and

4. The fact that Merck develops drugs that treat and cure disease.

For these reasons, the Court should exclude any such evidence, testimony, or discussion before the jury.

## ARGUMENT

### I. EVIDENCE OR DISCUSSION OF MERCK'S GOOD ACTS OR REPUTATION ARE IRRELEVANT TO THE CLAIMS AT ISSUE

Any evidence or discussion that Merck is a "good company" and performs benevolent acts has no relevance to the claims asserted by Plaintiff and must be excluded under both the Florida and Federal Rules of Evidence. Fed. R. Evid. 401; see § 90.401 Fla. Stat. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R. Evid. 401; see also § 90.401 Fla. Stat. ("Relevant evidence is evidence tending to prove or disprove a material fact.") "The chief object in introducing evidence is to secure a rational ascertainment of facts; therefore facts should not be submitted to the jury, unless they are logically relevant to the issues. A fact in a cause must be both logically and legally relevant, for even logical relevancy does not in all cases render proposed evidence admissible." *Atlantic Coast Line R. Co. v. Campbell*, 139 So. 886, 890 (Fla. 1932).

It has long been recognized that, in the absence of some special circumstance, prior "good acts" are not legally relevant and are thus, inadmissible. See *Bogren v. State*, 611 So. 2d 547, 549 (Fla. 5th DCA 1992).

In the instant case, whether Merck is a "good company," gives away prescriptions drugs in foreign countries, or makes drugs that cure disease has absolutely no bearing on Merck's knowledge of the dangers of Vioxx, the adequacy of Merck's warning label concerning Vioxx's propensity to cause thrombotic cardiovascular and cerebrovascular events, and in particular, the myocardial infarction suffered by Mr. Irvin. Thus, such evidence is neither legally nor logically relevant to any "fact that is of consequence" in this matter, and must be excluded. *Town of De Funiak Springs v. Perdue*, 69 Fla. 326, 338 (Fla. 1915).[1]

## II.   EVEN IF EVIDENCE OR DISCUSSION OF MERCK'S GOOD ACTS AND REPUTATION WERE RELEVANT, IT SHOULD BE EXCLUDED UNDER RULE 403

Should this Court determine that evidence or discussion of Merck's good acts and reputation is relevant — and Plaintiffs respectfully submit the Court should make no such finding — that does not end the inquiry. Rule 403 provides, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

As the probative value of proffered evidence becomes more marginal, the danger of unfair prejudice will more frequently compel the exclusion of the same under Rule 403. *See U.S. v. Huffine*, No. CR.A. 02-93, 2003 WL 122313 at *4 (E.D. La. Jan. 13, 2003). The

evidence and discussion at issue falls squarely within Rule 403's gambit. In light of the fact that this evidence is extremely attenuated from the real issues in this case, the probative value of any evidence that Merck is a "good corporate citizen" would be substantially outweighed by all the risks against which the Rule warns. Because Merck's prior good acts are not at issue in this case, such testimony would only serve to confuse and mislead the jury. It would also serve to unduly prejudice Plaintiffs by causing the jury to align itself with Merck based solely on these "good acts" and to ignore the evidence specific to Plaintiff's allegations.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion to exclude any evidence or discussion concerning Merck's reputation and other "good acts."

Respectfully submitted,

By: *[signature]*
**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

**PLAINTIFFS' LIAISONCOUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the **4th** day of November, 2005.

_____