UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

Motion in Limine No. 7

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE THAT MERCK EMPLOYEES OR FAMILY MEMBERS OF MERCK EMPLOYEES TOOK VIOXX**

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., deceased, by and through her undersigned counsel, respectfully moves the Court for an order excluding any evidence, discussion or argument that Merck & Co.'s employees, former employees, or family members of Merck employees took Vioxx prior to the drug's withdrawal from market on September 30, 2004. Such evidence is irrelevant and prejudicial, and should not be allowed at trial.

The assertion that Merck employees took Vioxx was featured in defendant's opening statements in the recent trial of *Ernst v. Merck & Co., Inc.* In *Humeston, et al v. Merck & Co., Inc.*, Case No.: ATL-L-2272-03MT (NJ Sup. Ct. Sept. 9, 2005), the Court entered an order excluding such evidence from trial.[1] Plaintiff respectfully moves *in limine* for an order

---

[1] A copy of Judge Higbee's Memorandum of Decision of Motion Pursuant to Rule 1:6-2(f) dated September 9, 2005 (Ex. A).

excluding such evidence at trial and prohibiting any discussion regarding the same in front of the jury.

## FACTS

In this and other Vioxx cases, Merck employees including but not limited to: former Merck CEO Raymond Gilmartin; current president of Merck U.S. Human Health, David Anstice; and current president of Merck Research Laboratories, Peter Kim, have testified during depositions that they or their family members took Vioxx prior to the drug's withdrawal from market on September 30, 2004. Plaintiff herein expects Merck to offer such testimony during trial which is plainly intended to bolster Defendant's assertions that, prior to the events leading up to the drug's withdrawal, it had no knowledge of the increased cardiovascular risks associated with Vioxx. Such proposed evidence is substantially more prejudicial than probative and should be excluded during trial.

## ARGUMENT

Defendant's witnesses should be precluded from discussing whether they or their family members took Vioxx because such testimony is irrelevant to the issues of this case. Under Federal Rules of Evidence Rule 402, only relevant evidence is admissible. Fed. R. Evid. 402. Further, Federal Rule of Evidence Rule 403 provides that "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Though any probative value is highly questionable, the same is clearly substantially outweighed by factors outlined in Rule 403 including the danger of unfair prejudice, confusion of issues and waste of time.

I. **THE ALLEGED USE OF VIOXX BY MERCK EMPLOYEES OR THEIR FAMILY MEMBERS IS IRRELEVANT TO PLAINTIFF'S CLAIMS**

Anecdotal evidence that defendant's witnesses or family members of those witnesses, took Vioxx is irrelevant to the instant case. Such evidence, testimony, or discussion should be excluded at trial for the following reasons:

1. such evidence is irrelevant to prove that Vioxx is unreasonably dangerous;
2. such evidence is irrelevant to defendant's knowledge of the drug's cardiovascular risks;
3. such evidence has no bearing on whether the labels accompanying Vioxx were adequate to warn of the drug's cardiovascular risks; and
4. such evidence would not demonstrate with any reliability that Vioxx was more or less safer than was being represented by Merck to the public.

A. **Irrelevant To Defendant's Knowledge Of The Drug's Cardiovascular Risks**

Plaintiffs assert that Defendant knew of the severe risk of cardiovascular adverse events posed by Vioxx. It is certainly possible that an individual employee, whose relative was on Vioxx, did not know of Vioxx's substantial health risks, while others in the company had full knowledge of the dangers of Vioxx. It is also possible that a defense witness or witness' relative knew of such risks of Vioxx, yet chose to assume those risks. Simply, testimony or other statements that Merck employees or their family ingested Vioxx does not impact and is not relevant on the issue of whether the Merck corporate entity, through its officers, directors and/or medical personnel had knowledge of the drug's cardiovascular risks when it placed its product in the stream of commerce for individuals, like Mr. Irvin, to consume.

B. **No Bearing On Whether The Labels Accompanying Vioxx Were Adequate**

### B. No Bearing On Whether The Labels Accompanying Vioxx Were Adequate

Presented with this issue of the admissibility of evidence that defendant's witnesses or family members of those witnesses took Vioxx, New Jersey Superior Court Judge Carol E. Higbee, in *Humeston, et al v. Merck & Co., Inc.*, made the following finding directed at the inadmissibility of such evidence based on the fact that evidence regarding the ingesting of Vioxx by a non-party Merck employee or Merck family member was irrelevant as involving a factual analysis unrelated to the plaintiff:

> The individual decision made by a person in consultation with their doctor to take a drug is a personal decision which can be made for many reasons. People are willing to take different risks. Some people, depending on their medical condition, may have been willing to gamble on the cardiovascular risks even if they knew of the risk. The exploration at trial of each employee's personal decision would be prejudicial, confusing and time consuming.

*See* Exhibit A at pg. 3

One issue in this litigation is whether Merck failed to provide an adequate warning label, thereby preventing Mr. Irvin and Mr. Irvin's physician, Dr. Chris Schirmer, (not Merck employees or their family members nor their physicians) from making an informed decision regarding whether to prescribe and ingest Vioxx. The fact that individual witnesses or their relatives took Vioxx provides no evidence as to whether Merck knew, or should have known, that the drug's label was legally inadequate to warn of the risks associated with the drug. Mr. Irvin's physician, Dr. Schirmer, testified during his deposition that he was unaware of the cardiovascular risks associated with Vioxx. Clearly, Merck's label was deficient and no amount of self-serving testimony by a defendant's own officers, directors or employees, nor their family members, will provide a jury with information which is relevant regarding the adequacy of the information as to the cardiovascular risks associated with Vioxx which was

### C. Is Irrelevant As To Whether VIOXX Was More Or Less Safe

The Plaintiff and Defendant will present evidence to the jury which bear on the issue of whether Vioxx was more or less safe than what the Vioxx label purported at the time Plaintiff filled his prescription and ingested the same. Evidence that defendant's witnesses or family members of those witnesses took Vioxx is not relevant in any way to the issue of whether Vioxx was reasonably safe and whether the label adequately warned Mr. Irvin of the risks associated with the drug prior to and during his ingestion. Rather, at best, such evidence only lends to confusing of the jury in the form of testimony which might appear to weigh on the issue of safety but is wholly deficient wherein a small anecdotal representation of individuals who allegedly ingested Vioxx but who did not have a fatal heart attack clearly fails to meet the legal standard required for the admissibility of scientific testimony on the issue of safety.

As held by Judge Higbee in *Humeston*, "[s]uch evidence does not have any probative value in answering the ultimate issues in the failure to warn aspect of this litigation." *See* Exhibit A at 3. Defendant should therefore be precluded from introducing such evidence.

### II. CLAIMS THAT MERCK EMPLOYEES OR THEIR FAMILY MEMBERS TOOK VIOXX ARE HIGHLY PREJUDICIAL

As demonstrated above, the probative value of the testimony at issue is minimal and pales in comparison to the prejudicial effect of the testimony. Testimony that a witness' relative took Vioxx could mislead a jury into believing that Vioxx was safe and effective, since—as Merck will undoubtedly argue—no witness would have allowed his or her relative to take a drug that was known to be dangerous.

Judge Higbee in *Humeston*, after briefing and oral argument on the same issues presented herein, correctly found the following:

"[t]he court finds that evidence that Merck employees or their family members took VIOXX is substantially more prejudicial than probative and must be excluded during trial.";

and

"[a]llowing Merck employees to testify that they or their family members took VIOXX would be highly prejudicial to plaintiffs' claims and would not demonstrate with any reliability that VIOXX was more or less safer than was being represented by Merck to the public."

See Exhibit A at 3.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order excluding any evidence or discussion relating to Merck employees', former employees' or their family members' use of Vioxx.

Respectfully submitted,

By: /s/ Andy D. Birchfield

**Andy D. Birchfield, Jr., Esquire**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

PLAINTIFFS' LIAISONCOUNSEL

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)

(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106

(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this **4th** day of November, 2005.

*/s/ P. Leigh O'Dell*



**FILED**

SEP 02 2005

**CAROL E. HIGBEE, J.S.C.**

## NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE COMMITTEE ON OPINIONS

### SUPERIOR COURT OF NEW JERSEY
COUNTIES OF
ATLANTIC AND CAPE MAY

CAROL E. HIGBEE, J.S.C.

1201 Bacharach Boulevard
Atlantic City, NJ 08401-4527
(609) 343-2190

### MEMORANDUM OF DECISION ON MOTION
Pursuant to Rule 1:6-2(f)

*CASE:*           Humeston, et al v. Merck & Co., Inc.

*DOCKET #:*     ATL-L-2272-03-MT

*RETURN DATE:*   September 9, 2005

*MOTION:*       Exclude Evidence of Prejudicial Issues

*ATTORNEYS:*    Diane P. Sullivan – Defendant
Stephen D. Raber – Defendant
Christy Jones – Defendant
David R. Buchanan – Plaintiff
Christopher A. Seeger – Plaintiff

       Having carefully reviewed the papers submitted and any response filed, I have ruled on the above Motion as follows:

       Both parties have brought numerous motions *in limine* in order to obtain a preliminary ruling regarding certain evidentiary issues that are likely to arise during the trial of this matter which is presently scheduled to commence on September 12, 2005. Defendant Merck & Co., Inc. ("Merck") has brought thirteen different motions *in limine* and plaintiffs Frederick Humeston & Mary Jackson Humeston have brought seven. The motions have been fully briefed and oral arguments have been heard. Decisions on most of the motions were issued from the bench, on the record at the conclusion of each oral argument. This memorandum of decision will

 *"The Judiciary of New Jersey is an equal Opportunity/Affirmative Action Employer"*



EXHIBIT A

address two particular issues. Specifically, the court will address plaintiffs' motion to exclude evidence that Merck employees or family members of Merck employees took VIOXX® and Merck's motion to exclude evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees.

N.J.R.E. 403 holds that: "except as otherwise provided by these rules or other law, relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence." The party seeking to exclude the evidence has the burden of establishing that this rule should be applied. Rosenblit v. Zimmerman, 166 N.J. 391, 410 (2001). Evidence should only be excluded under this rule where the probative value of the evidence "is so significantly outweighed by [its] inherently inflammatory potential as to have a probable capacity to divert the minds of the jurors from a reasonable and fair evaluation" of the basic issues of the case. State v. Thompson, 59 N.J. 396, 421 (1971). It is the duty of the trial judge to perform the weighing process of whether to exclude evidence under N.J.R.E. 403 and the judge is given broad discretion in exercising this duty. State v. Sands, 76 N.J. 127, 144 (1978). Under N.J.R.E. 403, the "more attenuated and the less probative the evidence, the more appropriate it is for a judge to exclude it." State v. Medina, 201 N.J. Super. 565, 580 (App. Div.), certif. den. 102 N.J. 298 (1985).

**I. Plaintiff's Motion to Exclude Evidence that Merck Employees or Family Members of Merck Employees Took VIOXX®**

Plaintiffs assert that allowing evidence that Merck employees or family members of Merck employees ingested VIOXX® is irrelevant and unduly prejudicial, especially because plaintiffs do not have the ability to verify if such people actually consumed the drug or to

2

determine the circumstances surrounding the alleged consumption. Merck acknowledges it cannot obtain its employees or their families' personal medical records. Merck argues that this information is both highly relevant and probative to show that Merck employees did not believe the risk of taking VIOXX® was as great as plaintiffs claim it to be. Merck is essentially arguing that their employees' actions spoke louder than their words because they would not have consumed the drug, or let their family, if they believed it had the cardiovascular risks the plaintiff claims it had. The individual decision made by a person in consultation with their doctor to take a drug is a personal decision which can be made for many reasons. People are willing to take different risks. Some people, depending on their medical condition, may have been willing to gamble on the cardiovascular risks even if they knew of the risk. The exploration at trial of each employee's personal decision would be prejudicial, confusing and time consuming.

The court finds that evidence that Merck employees or their family members took VIOXX® is substantially more prejudicial than probative and must be excluded during trial. Such evidence does not have any probative value in answering the ultimate issues in the failure to warn aspect of this litigation. Allowing Merck employees to testify that they or their family members took VIOXX® would be highly prejudicial to plaintiffs' claims and would not demonstrate with any reliability that VIOXX® was more or less safer than was being represented by Merck to the public.

**II. Merck's Motion to Exclude Evidence Relating to the Compensation and Financial Decisions of Merck Employees**

Merck seeks to exclude evidence that certain officials within the company exercised Merck stock options after studies revealing negative information about VIOXX® became known but prior to their release to the public. Plaintiffs claim that this information is highly probative as

3

to what Merck officials knew about VIOXX® and demonstrates that corporate officials were more interested in generating a profit than providing a safe and effective drug. In a role reversal from the previous issue discussed, here, plaintiffs' are essentially arguing that the actions of Merck employees spoke louder than their words because they would not have sold the stock if they truly believed VIOXX® did not pose any increased adverse health risks.

The court finds that evidence relating to the sale of Merck stock by Merck employees is substantially more prejudicial than probative. This information does not go to answering any of the essential issues in this litigation mentioned above. First, plaintiffs are indicating that Merck employees engaged in insider trading, a criminal activity that would be extremely prejudicial to defendant. These stock sales are not "company actions." They are personal to each employee and are based on personal decisions. Next, it has very little, if any, probative value. The stock options could have been exercised for a multitude of reasons that would not have any bearing on this litigation. In order to explain their personal choices the official would have to testify to their personal financial information. Such evidence would require considerable inquiry from both parties into the reasons and motives for such activity and would ultimately be a time consuming distraction to the claims at issue in this litigation. The prejudice far outweighs the probative value.

**Conclusion**

For the foregoing reasons, the court has determined that the evidence discussed would be inappropriate at trial. During the course of trial information may emerge that would alter the circumstances for this decision and render such evidence appropriate for a jury to see. If, such an event occurs, counsel for the parties should renew these arguments with the court, outside of

4

the presence of the jury. Under no circumstances should this evidence be presented to the jury without first requesting permission of the court.

_____
CAROL E. HIGBEE, P.J.Cv.