UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

Motion in Limine No. 10

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OR DISCUSSION CONCERNING PERSONAL MATTERS**

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., deceased, by and through her undersigned counsel, hereby moves the Court to exclude all evidence or discussion of the following irrelevant personal matters.

### INTRODUCTION

Plaintiff believes that Merck & Co., Inc. ("Merck") may attempt to introduce evidence or testimony, or discuss before the jury, the following irrelevant and immaterial facts, including but not limited to:

1. That Decedent Mr. Richard Irvin, Jr. and his wife, Evelyn Irvin Plunkett, were separated at the time of his death. Mr. and Mrs. Irvin were never formally or informally separated due to marital difficulties. The notation on Flagler Hospital records to the contrary are erroneous and are not support by any further evidence.

2. That Decedent Mr. Richard Irvin, Jr. was arrested in conjunction with allegations that he improperly took money from his former employer. All such charges were untrue and were dismissed.

3. That Plaintiff and Decedent's son, Richard "Ritchie" Irvin, III, has previously been arrested for driving under the influence.

Such evidence is not relevant or material to the issues for the jury to resolve in this case, and the introduction of such evidence would be unfairly prejudicial, confuse the issues, and could potentially mislead the jury. For these reasons, the Court should exclude any such evidence, testimony, or discussion before the jury.

## ARGUMENT

### I. EVIDENCE OR DISCUSSION PERSONAL FAMILY MATTERS ARE IRRELEVANT TO THE CLAIMS AT ISSUE

In order to be admissible, evidence must be relevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R. Evid. 401; see also § 90.401 Fla. Stat. ("Relevant evidence is evidence tending to prove or disprove a material fact.") "The chief object in introducing evidence is to secure a rational ascertainment of facts; therefore facts should not be submitted to the jury, unless they are logically relevant to the issues. A fact in a cause must be both logically and legally relevant, for even logical relevancy does not in all cases render proposed evidence admissible." *Atlantic Coast Line R. Co. v. Campbell*, 139 So. 886, 890 (Fla. 1932).

Evidence of an alleged marital separation, alleged charges brought by a previously employer, or charges of driving under the influence have absolutely no bearing on Merck's

knowledge of the dangers of Vioxx, the adequacy of Merck's warning label concerning Vioxx's propensity to cause thrombotic cardiovascular events, and in particular, the myocardial infarction suffered by Mr. Irvin. Thus, such evidence is neither legally nor logically relevant to any "fact that is of consequence" in this matter, and must be excluded. *Town of De Funiak Springs v. Perdue*, 69 Fla. 326, 338 (Fla. 1915).

## II. EVEN IF EVIDENCE OF PERSONAL FAMILY MATTERS WERE RELEVANT, IT SHOULD BE EXCLUDED UNDER RULE 403

Rule 403 provides, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. As the probative value of proffered evidence becomes more marginal, the danger of unfair prejudice will more frequently compel the exclusion of the same under Rule 403. See *U.S. v. Huffine*, No. CR.A. 02-93, 2003 WL 122313 at *4 (E.D. La. Jan. 13, 2003); see Fed. R. Evid. *Simmons v. Baptist Hosp. of Miami*, 454 So. 2d 681, 682 (Fla. 2d. DCA 1984).

The evidence and discussion at issue falls squarely within Rule 403's gambit. In light of the fact that this evidence is extremely attenuated from the real issues in this case, the probative value of any evidence that Merck is a "good corporate citizen" would be substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury. Evidence relating these issues would also serve to unduly prejudice Plaintiff, causing the jury to ignore the evidence specific to Plaintiff's allegations.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion to exclude any evidence or discussion concerning irrelevant personal matters relating to the Decedent, Plaintiff and her family.

Respectfully submitted,

By: *P. Leigh O'Dell*
**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

**PLAINTIFFS' LIAISONCOUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the **4th** day of November, 2005.

_____