UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to<br>Case No. 05-4046 | |
| | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT<br>as Personal Representative of the Estate of<br>RICHARD IRVIN, JR., | |
| Plaintiff, | |
| vs. | |
| MERCK & CO., INC., | |
| Defendant. | |

## DECLARATION OF LISA D. RARICK, M.D.

(1)    I am a medical doctor with specialty training in the field of Obstetrics and Gynecology. I received my undergraduate and medical degrees from Loma Linda University School of Medicine in Loma Linda, California. I completed my internship and residency in Obstetrics and Gynecology at Georgetown University in Washington, D.C. Following my residency, I was a clinical instructor at Georgetown University.

(2)    In December 1988, I started working at the United States Food and Drug Administration ("FDA"). I worked at FDA for the next 15 years. In FDA's Center for Drug Evaluation and Research ("CDER"), I served in many capacities including as a reviewing



Medical Officer, as the Director of the Division for Reproductive and Urologic Drug Products, as Deputy Director in the Office of Drug Evaluation 2, and as the Associate Director for Quality Assurance in the Office of the Center Director. I served my last year in the Public Health Service in FDA's Office of the Commissioner in the Office of Women's Health before leaving FDA in 2003.

(3)     While at FDA I served as both a primary and supervisory reviewer of many types of submissions -- Investigational New Drug applications ("IND"), clinical protocols, clinical study reports, initial and supplementary New Drug Applications ("NDA"), product labeling, post-marking data, citizens' petitions, and Advisory Committee meeting materials. In my service at FDA, I also contributed to the development and implementation of many guidance documents as well as educational programs (both within and outside of FDA).

(4)     During my 15 years at FDA, I played a large role in the labeling process including the drafting, reviewing, revising and interpretation of labels. In many of my roles at FDA, I also had authority for final approval for labeling, both for initial labels and labeling supplements. I have significant experience in interpreting and applying the applicable FDA regulations relating to labels and the amendment of labels.

(5)     I understand that plaintiffs have claimed that Merck could have unilaterally changed the label for Vioxx to incorporate the cardiovascular data from the VIGOR trial in or around March 2000 using the "Changes Being Effected" or "CBE" process. This contention is based on a fundamental misunderstanding of FDA policy, procedure, and practice.

(6)     Based on my experience, the CBE process is intended to implement relatively minor changes or changes that do not require the analysis and interpretation of data. If a proposed label change requires an amendment that incorporates the interpretation or analysis of

data, the FDA wants that type of change submitted as a prior approval supplement, not a CBE. This is particularly true when the data relates to the use of the drug at an unapproved dose, or in an unapproved population, or for an unapproved indication.

(7) The VIGOR trial presented a highly complex data set. Among other things, it involved thousands of patients, from multiple clinical sites, in a patient population for which Vioxx did not yet have an approved indication, it involved double what the anticipated chronic dose of Vioxx would be for that indication, and it involved an active comparator. Moreover, because it was conducted in a rheumatoid arthritis population that required treatment for pain and inflammation, it had no placebo arm. All of these factors made the data very difficult to analyze and interpret, and ultimately the FDA convened an Advisory Committee to assist them in that evaluation.

(8) During my 15 years at FDA, I never saw a company successfully submit new clinical trial data unilaterally through the CBE process. Indeed, the few times when companies attempted to make such changes unilaterally, the FDA rejected the new labels and required the submission of a prior approval supplement.

(9) Moreover, at the time that Merck received the preliminary VIGOR data, the company had had recent experience with a rejected CBE. On October 6, 1999, Merck submitted a CBE labeling change that would have revised the label to include information about post-marketing experience of concurrent administration of clinical doses of Vioxx with warfarin, a blood-thinning drug. On October 28, 1999, FDA rejected this CBE submission. In rejecting this CBE, FDA expressly stated: "Changes of the kind that you have proposed are not the kind of changes permitted by regulation to be put into effect prior to approval of a supplement." This

warfarin CBE would have incorporated changes into the Vioxx label that were significantly less substantial than any possible revisions based on the VIGOR data.

(10) From my experience, when the FDA is informed of the existence of new data and wants to expedite a label change, it will request that the company submit a CBE. Here, the FDA was informed of the VIGOR data in March 2000 and was informed that Merck intended to submit a prior approval supplement. FDA did not request that Merck submit a CBE. Instead, Robert DeLap, then director of CDER's Office of Drug Evaluation V, indicated that he was convinced that Vioxx was appropriately labeled at the time. Moreover, when Merck submitted the prior approval supplement in June 2000, FDA assigned it a standard review. Although subsequently Merck requested priority review, that request was not granted.

(11) In my opinion, it would have been improper for Merck to attempt unilaterally to change the label for Vioxx based on the VIGOR clinical trial data through the CBE process. This would have been inconsistent with FDA prior interpretation and practice regarding the CBE regulations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 1, 2005

Lisa D. Rarick, M.D.