FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 10  PM 3: 46

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Elvin and Mary Shaw v. Merck & Co., Inc.*, (E.D. La. Index No. 05-1062) | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co, Inc. ("Merck"), by its undersigned attorney, answers the Plaintiffs' First Amended Petition for Damages ("Am. Petition") herein as follows

1. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Am. Petition.

2. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Am. Petition.

3. Denies each and every allegation set forth in paragraph 3 of the Am. Petition except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

### RESPONSE TO "JURISDICTION AND VENUE"

4. The allegations set forth in paragraph 4 of the Am. Petition are legal conclusions as to which no responsive pleading is required.

5. The allegations set forth in paragraph 5 of the Am. Petition are legal conclusions as to which no responsive pleading is required.

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

## RESPONSE TO "FACTS"

6.  Denies each and every allegation set forth in paragraph 6 of the Am. Petition except admits that Vioxx® (hereafter, "Vioxx") is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

7.  Denies each and every allegation set forth in paragraph 7 of the Am. Petition except admits that in 1999 Merck received approval from the United States Food and Drug Administration ("FDA") to market the prescription medicine Vioxx and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text. Merck further admits that Vioxx was registered, marketed and sold in approximately 80 countries outside the United States.

8.  Denies each and every allegation set forth in paragraph 8 of the Am. Petition, except admits that until the voluntary worldwide withdrawal of Vioxx on September 30, 2004, Merck did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information. Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

9.  Denies each and every allegation set forth in paragraph 9 of the Am. Petition.

10. Denies each and every allegation set forth in paragraph 10 of the Am. Petition except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx, and respectfully refers this Court to the referenced announcement for its actual language and full text.

790825v.1

11. Denies each and every allegation set forth in paragraph 11 of the Am. Petition except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx, and respectfully refers this Court to the referenced announcement for its actual language and full text.

12. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Am. Petition.

13. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of the Am. Petition.

14. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Am. Petition.

15. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Am. Petition.

16. Denies each and every allegation set forth in paragraph 16 of the Am. Petition.

**RESPONSE TO "COUNT I, NEGLIGENCE (Elvin Shaw v. Defendant Merck)"**

17. With respect to the allegations set forth in paragraph 17 of the Am. Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

18. The allegations set forth in paragraph 18 of the Am. Petition are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

19. Denies each and every allegation set forth in paragraph 19 of the Am. Petition.

20. Denies each and every allegation set forth in paragraph 20 of the Am. Petition.

21. Denies each and every allegation set forth in paragraph 21 of the Am. Petition.

22.     Denies each and every allegation set forth in paragraph 22 of the Am. Petition except admits that Plaintiffs purport to seek punitive damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT II, STRICT LIABILITY (Elvin Shaw v. Defendant Merck)"

23.     With respect to the allegations set forth in paragraph 23 of the Am. Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

24.     Denies each and every allegation set forth in paragraph 24 of the Am. Petition except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

25.     Denies each and every allegation set forth in paragraph 25 of the Am. Petition.

26.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of the Am. Petition.

27.     Denies each and every allegation set forth in paragraph 27 of the Am. Petition.

28.     Denies each and every allegation set forth in paragraph 28 of the Am. Petition except admits that Plaintiffs purport to seek punitive damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT III, STRICT LIABILITY FOR FAILURE TO WARN (Elvin Shaw v. Defendant Merck)"

29.     With respect to the allegations set forth in paragraph 29 of the Am. Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

790825v.1

30. Denies each and every allegation set forth in paragraph 30 of the Am. Petition except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

31. Denies each and every allegation set forth in paragraph 31 of the Am. Petition.

32. Denies each and every allegation set forth in paragraph 32 of the Am. Petition.

33. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Am. Petition.

34. Denies each and every allegation set forth in paragraph 34 of the Am. Petition.

35. Denies each and every allegation set forth in paragraph 35 of the Am. Petition except admits that Plaintiffs purport to seek punitive damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT IV, BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER UNIFORM COMMERCIAL CODE (Elvin Shaw v. Defendant Merck)"

36. With respect to the allegations set forth in paragraph 36 of the Am. Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

37. Denies each and every allegation set forth in paragraph 37 of the Am. Petition except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

38. Denies each and every allegation set forth in paragraph 38 of the Am. Petition.

39. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 of the Am. Petition.

40. Denies each and every allegation set forth in paragraph 40 of the Am. Petition.

790825v.1

41. Denies each and every allegation set forth in paragraph 41 of the Am. Petition except admits that Plaintiffs purport to seek punitive damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT V, MEDICAL NEGLIGENCE (Mary Shaw v. Defendant Merck")

42. With respect to the allegations set forth in paragraph 42 of the Am. Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

43. Denies each and every allegation set forth in paragraph 43 of the Am. Petition.

### RESPONSE TO "COUNT VII, NEGLIGENCE – MEDICAL DEATH (Mary Shaw v. Defendant Merck)"

44. With respect to the allegations set forth in paragraph 44 of the Am. Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

45. The allegations set forth in paragraph 45 of the Am. Petition are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

46. Denies each and every allegation set forth in paragraph 46 of the Am. Petition.

47. Denies each and every allegation set forth in paragraph 47 of the Am. Petition.

48. Denies each and every allegation set forth in paragraph 48 of the Am. Petition.

49. Denies each and every allegation set forth in paragraph 49 of the Am. Petition except admits that Plaintiffs purport to seek punitive damages, but denies that there is any legal or factual basis for such relief.

790825v.1

## RESPONSE TO "COUNT VIII, LOSS OF CONSORTIUM (Mary Shaw v. Defendant Merck)"

50.	With respect to the allegations set forth in paragraph 50 of the Am. Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

51.	Denies each and every allegation set forth in paragraph 51 of the Am. Petition.

## RESPONSE TO "COUNT IX (LOST CHANCE OF RECOVERY AND SURVIVAL) (Mary Shaw as Plaintiff Ad Litem for Elvin Shaw v. Defendant Merck)"

The allegations set forth in the introduction to Count IX of the Am. Petition are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck respectfully refers the Court to the October 5, 2005 Order appointing Plaintiff Ad Litem.

52.	With respect to the allegations set forth in paragraph 52 of the Am. Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

53.	Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 53 of the Am. Petition. The allegations set forth in the second sentence of paragraph 53 of the Am. Petition are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck respectfully refers the Court to the October 5, 2005 Order appointing Plaintiff Ad Litem.

54.	Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 of the Am. Petition.

55.	Denies each and every allegation set forth in paragraph 55 of the Am. Petition.

56.	Denies each and every allegation set forth in paragraph 56 of the Am. Petition.

790825v.1

57. Denies each and every allegation set forth in paragraph 57 of the Am. Petition.

### RESPONSE TO "COUNT X (ELVIN SHAW'S SURVIVING PERSONAL INJURY CLAIM) (Mary Shaw as Plaintiff Ad Litem for Elvin Shaw v. Defendant Merck)"

The allegations set forth in the introduction to Count X of the Am. Petition are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck respectfully refers the Court to the October 5, 2005 Order appointing Plaintiff Ad Litem.

58. With respect to the allegations set forth in paragraph 58 of the Am. Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

59. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 59 of the Am. Petition. The allegations set forth in the second sentence of paragraph 59 of the Am. Petition are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck respectfully refers the Court to the October 5, 2005 Order appointing Plaintiff Ad Litem.

60. Denies each and every allegation set forth in paragraph 60 of the Am. Petition.

61. Denies each and every allegation set forth in paragraph 61 of the Am. Petition.

62. Denies each and every allegation set forth in paragraph 62 of the Am. Petition.

### RESPONSE TO "COUNT XI, AGGRAVATING CIRCUMSTANCES – PUNITIVE DAMAGES (Plaintiffs v. Defendant Merck)"

63. With respect to the allegations set forth in paragraph 63 of the Am. Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

64. Denies each and every allegation set forth in paragraph 64 of the Am. Petition except admits that Plaintiffs purport to seek punitive damages, but denies that there is any legal or factual basis for such relief.

65. Denies each and every allegation set forth in paragraph 65 of the Am. Petition.

66. Denies each and every allegation set forth in paragraph 66 of the Am. Petition except admits that Plaintiffs purport to seek punitive damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "DEMAND FOR JURY TRIAL OF ALL ISSUES"

No response is necessary to the request for a jury trial. Should a response be deemed required, Merck admits that Plaintiffs have requested a jury.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Am. Petition is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

The Am. Petition fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Am. Petition is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Am. Petition, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

790825v.1

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Am. Petition, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiffs.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

Merck's fault, if any, must be compared to the fault of Plaintiffs and others pursuant to Mo. Rev. Stat. § 537.765 and the principles of comparative fault announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Am. Petition, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

790825v.1

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Am. Petition, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Am. Petition, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of VIOXX®.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Am. Petition, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

790825v.1

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

790825v.1

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Am. Petition, Merck's liability, if any, should be reduced accordingly.

### AS FOR A TWENTY-FIFTH DEFENSE, <u>MERCK ALLEGES:</u>

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Am. Petition, such benefits are not recoverable in this action.

### AS FOR A TWENTY-SIXTH DEFENSE, <u>MERCK ALLEGES:</u>

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Am. Petition, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-SEVENTH DEFENSE, <u>MERCK ALLEGES:</u>

Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive

790825v.1

    damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

Merck avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

Merck avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

790825v.1

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

Plaintiffs' claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

In the event the Plaintiffs have suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiffs' alleged damages, injuries, and/or losses.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

Inasmuch as the Am. Petition does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck will rely on all defenses which may become available during discovery or trial.

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the

Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Am. Petition with prejudice and awarding Merck its reasonable costs and disbursements, including attorney's fees, together with such other and further relief that the Court may deem just and proper.

Respectfully Submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

John C. Aisenbrey       MO Bar # 31907
George F. Verschelden  MO Bar # 55128
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2800
Kansas City, Missouri 64108
Tel:    (816) 842-8600
Fax:    (816) 691-3495

Counsel for Merck & Co., Inc.

790825v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 10th day of November, 2005. I further certify that the Answer has been served on the following plaintiff's counsel of record via e-mail and/or U.S. Mail, on this 10th day of November, 2005.

Kenneth B. McClain
Daniel A. Thomas
HUMPHREY, FARRINGTON, & McCLAIN
221 W. Lexington, Suite 400
Independence, Missouri 64050

790825v.1