UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

**Plaintiff's Memorandum in Opposition to
Defendant's Motion in Limine to Exclude (1) Evidence of Motive and (2) Evidence
Relating to the Assets and Profitability of Merck or to the Compensation
And Financial Decisions of Employees**

*(Plaintiff's Opposition to Defendant's Motion in Limine No. 2)*

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., deceased, by and through her undersigned counsel, hereby urges the Court to deny Merck's motion in limine relating to evidence regarding motive and evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees.

In its Motion *in Limine* to Exclude "Evidence of Motive" and "Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees," Merck seeks an order of the Court excluding broad categories of evidence on relevancy and prejudice grounds. Merck's vague motion is both overbroad and premature. Moreover, the general areas of evidence that Merck seeks to exclude are clearly relevant to a variety of material issues including Merck's intent, the reasonableness of its actions in marketing and promoting Vioxx, and the credibility of its witnesses. Moreover, Plaintiff is

entitled to present evidence that provides context to the jury – to provide the jury with information that will help them to understand and interpret the evidence that is introduced in this case. Consequently, Defendant's motion is inappropriate with respect to time, subject matter, and scope, and therefore, should be denied.

## ARGUMENT

### I. A Sufficient Predicate Has Not Been Established at this Juncture to Properly Evaluate the Evidence that the Defendant Seeks to Exclude

"An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. Such evidentiary rulings should be reserved until trial so that questions of foundation, competency, relevancy, and potential prejudice may be resolved in the proper context." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (internal quotation and citation omitted). A premature determination on these evidentiary issues, in the absence of a developed trial record, is counter-productive to the effective administration of justice, and "[w]hen these rulings are made at the time the exhibit is offered in evidence, the trial judge has the benefit of full development of all relevant facts constituting the introductory predicate for admission of the item or statement." *Roberts v. Charter Nat'l Life Ins. Co.*, 105 F.R.D. 492 (S.D. Fla. 1985). The purpose of a motion in limine is not to exclude evidence that is damaging to a defendant, rather, it is to prevent evidence that "mere mention of which at trial would be prejudicial." *Dailey v. Multicon Development, Inc.*, 417 So. 2d 1106, 1107 (Fla. 4th DCA 1982).

A premature determination on these evidentiary issues, in the absence of a developed trial record, could unfairly prejudice Plaintiff. See *In re Diet Drugs*, 369 F.3d 293, 314 (3rd Cir. 2004) ("Unduly sterilizing a party's trial presentation can unfairly hamper her ability to

shape a compelling and coherent exposition of the facts."); *Old Chief v. United States*, 187 U.S. 172, 187 (1997) ("Evidence thus has force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.").

By contrast, should this motion be denied, Defendant Merck will suffer no prejudice, since this Court may still limit or prohibit the presentation of the evidence in question at trial.

## II.   Certain Motive, Asset, Profitability, Compensation, and Employee Financial Decision Evidence Is Clearly Relevant and Admissible

Motive, asset, profitability, compensation, and employee financial decision evidence may be relevant to aspects of Defendant's liability, and proper for purposes of showing bias and challenging credibility of executives who may testify at trial.

### A.   The Evidence Which the Defendant Seeks to Exclude Is Relevant to the Liability Phase of this Trial

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, the evidence Merck seeks to exclude is "of consequence" and highly relevant to elements of Plaintiff's case as well as to the plausibility of Merck's proffered defenses. Among other things, Plaintiff must establish that Defendants failed to use reasonable care in the marketing and promotion of Vioxx and that they intentionally distributed false information pertaining to the dangers associated with Vioxx. Evidence of Merck's financial pressures and motivation with respect to the marketing of Vioxx bear directly on those issues. "[E]xcessive concern with the image

and marketing of . . . drugs at the expense of . . . efforts toward determining whether they were safe could be probative as to whether [Drug Manufacturer] breached a duty of care towards the plaintiffs." In re Diet Drugs, 369 F.3d 293, 314 (3rd Cir. 2004).

Plaintiff will introduce evidence that Merck sought to minimize or suppress information regarding dangerous cardiovascular risks associated with Vioxx to insure the success of Vioxx in the marketplace. While Merck will argue that the evidence should be interpreted differently (e.g., that they were simply trying to present balanced scientific information or that the information was not sufficiently well-founded), the Plaintiff should be allowed to introduce evidence that supports her interpretation. Evidence that the success of Vioxx was critical to Merck's financial well-being does just that. Furthermore, the personal interest that many Merck executives had in insuring that Vioxx was a block-buster drug is relevant to critical marketing and safety-assessment decisions made by those executives.

In addition to bearing directly on the elements of Plaintiff's claim, the financial information Merck seeks to exclude is critical to the jury's assessment of Merck's credibility. Not surprisingly, Merck will likely argue that the evidence introduced at trial tells a very different story than the one the Plaintiff suggests. Merck will argue that the evidence reveals a company that acted reasonably and promptly with patient safety first and foremost amongst its concerns at all times. Evidence of the personal financial incentives of Merck employees as they made critical safety and marketing decisions, evidence of the profit incentive for the company as it was chose between safety studies, and evidence of the financial pressures Merck faced during the time that it made these critical decisions, is without question admissible. See Allstate Ins. Co. v. Boecher, 733 So. 2d 993, 997 (Fla. 1999). Such evidence bears directly on the credibility of Merck's interpretation of the evidence and the testimony of

its witnesses. Id.

### B. The Admission of the Evidence at Issue Would Not Cause Prejudice, Confusion, or Waste Time

Merck's alternative argument, that this financial and motive evidence should be excluded under Rule 403, should also be rejected. Virtually all evidence is prejudicial or it is not material. The prejudice must be "unfair." *Dollar v. Long Manufacturing, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977). Unfair prejudice within the context of Rule 403 "means an undue tendency to suggest (a) decision on an improper basis, commonly, though not necessarily, an emotional one." Notes of the Advisory Committee on Proposed Federal Rules of Evidence, Rule 403 at 102. Just because the evidence is damaging or prejudicial to Defendant's case does not mean that the evidence should be excluded. *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).

In relevant part, Federal Rule of Evidence 403 directs that relevant evidence is inadmissible if its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. Fed. R. Evid. 403. The careful use of "substantially" demonstrates the emphasis placed on this balancing test, and "Rule 403 is an extraordinary remedy that should be used sparingly because it allows the court to exclude admittedly probative evidence." *United States v. Ross*, 33 F.3d 1507, 1524 (11th Cir. 1994). Moreover, slight prejudice is insufficient to warrant granting a motion in limine. *Gross v. Black & Decker (U.S.), Inc.*, 695 F.2d 858, 863 (5th Cir. 1983) (quoting, *United States v. Hearod*, 499 F.2d 1003 (5th Cir.1974)). Given this weight, it is difficult to make a pre-trial determination on these evidentiary issues without a substantive background. See *Hines v. Consolidated Railroad Corporation*, 926 F.2d 262, 274

(3d Cir. 1991) ("Excluding evidence under Fed.R.Evid. 403 at the pretrial stage is an extreme measure.").

As discussed above, it is simply premature to determine the importance of much of the evidence defendant seeks to exclude in this motion in limine. Defendant, however, is free to raise whatever objection it deems appropriate during trial and once the Court has an opportunity to evaluate the relevancy, probativeness, and prejudicial nature, if any, in context. For that reason, the Defendant will not suffer any "undue" prejudice from a denial of its motion at this time.

For the foregoing reasons, the Court should deny defendant's motion in limine on the basis of varying grounds for potential admissibility of motive, assets, profitability, compensation, and employee financial decision evidence.

Respectfully submitted,

By: /s/ P. Leigh O'Dell
**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750
**PLAINTIFFS' LIAISONCOUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this **11th** day of November, 2005.

_____