UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

**Plaintiff's Memorandum in Opposition to Defendant's Motion in Limine to Exclude Irrelevant Medical Conditions**

*(Plaintiff's Opposition to Defendant's Motion in Limine No. 7)*

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., deceased, by and through her undersigned counsel, hereby opposes Defendant's "Motion to Exclude Irrelevant Medical Conditions." Obviously, Plaintiff does not oppose exclusion of irrelevant and improperly prejudicial testimony by the Court. The Defendant's wide-ranging, overly-broad attempt to exclude any and all reference to the Deceased's medical conditions (or lack thereof) through lay fact witness testimony or otherwise, including the observations of the decedent's family of the general health and well-being of Richard Irvin, Jr. in the relevant period prior to his death, is a call for a blanket ban of admissible testimony. By way of example, where certain medical conditions are known to place a person at increased risk for suffering a myocardial infarction, evidence or testimony establishing that a plaintiff was not at risk or medically predisposed for such an event is clearly relevant and a jury should have the benefit of hearing about such plaintiff's general health prior to death and matters

which have a direct bearing on issues of specific causation and damages. Plaintiff submits the proper approach is to deny the motion as proposed and consider the admissibility of such testimony on an issue-by-issue basis as it is actually presented during trial[1].

For these reasons, Plaintiff respectfully requests that the Court deny the call for a blanket ban because it is overly broad and to, instead, test the admissibility of such evidence on an issue-by-issue basis as it arises during trial.

## ARGUMENT

Rule 401 defines relevant evidence as that having "<u>any tendency</u> to make the existence of any fact that is of consequence to the determination of the action <u>more probable or less probable than it would be without the evidence</u>." *Id.* (emphasis added). The Defendant makes the conclusory argument that "plaintiff has proffered testimony on a number of topics that have no relevance to this action and are potentially prejudicial." Defendant's argument is both premature and wrong.

In the Advisory Committee Notes for Federal Rule of Evidence 401, the drafters explain:

> "Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding. Charts, photographs, views of real estate, murder weapons, and many other items of evidence fall in this category. A rule limiting admissibility to evidence directed to a controversial point would invite the exclusion of this helpful evidence, or at least the raising of endless questions over its admission."
> *Id.*

To be sure, the hurdle over which evidence must pass for it to be considered relevant is rather low. It is the exclusionary test of whether the relevant evidence has too much

---

[1] Plaintiff does not intend to have fact or expert witnesses spend much time (if any) on the defined matters. However, experts testifying about a differential diagnosis may have to refer to the matters sought to be excluded. Witnesses testifying regarding Merck's knowledge of Vioxx side effects and failure to warn may touch on these matters which are related to notice, failure to warn, lack of reasonable care, or a myriad of other issues.

prejudicial value, is a waste of time, or is cumulative in nature under Federal Rules of Evidence 403 that generally determines admissibility. Purely irrelevant evidence is inadmissible, and Plaintiff does not oppose such a determination in the proper analysis at the proper time. In the same analysis, all evidence that is prejudicial is not necessarily inadmissible. In fact, if evidence did not tend to "prejudice" the jury toward the point of view of its advocate it would rarely be offered. It is the weighing of relevant value versus prejudicial effect that concerns the Court, and this test is best administered on an issue-by-issue basis, rather than through blanket bans as proposed by the Defendant in the motion *sub judice*.

Given that the Plaintiff must prove that Mr. Irvin's injuries were caused by Vioxx, evidence of the absence of potential alternative causes for the injuries is clearly relevant. The testimony of fact and expert witnesses, assuming a proper foundation, on issues related to known causes of myocardial infarction and Mr. Irvin's own specific health and any medical conditions as they relate to those causes, is clearly admissible. Similarly evidence related to medical conditions (or the lack thereof) that may have rendered Mr. Irvin more susceptible to a Vioxx-induced injury is clearly relevant. There can be no serious dispute that such evidence and/or testimony tends to make the existence of a fact of consequence in this litigation more or less likely. *See* Fed. R. Evid. 401.

Similarly, a medical expert witness' testimony regarding Mr. Irvin's health and condition leading up to and immediately prior to his death is highly probative on the issue of specific causation. Mr. Irvin's own physicians and expert witnesses likely performed a differential diagnosis as to why Mr. Irvin died, and such evidence goes to the heart of Plaintiff's case. The fact that Mr. Irvin did not have hypertension or congestive heart failure,

for example, should not preclude the jury from being able to hear testimony which is clearly probative on the very issue before the court, whether Vioxx caused or contributed to Mr. Irvin's injury and/or death. These items are admissible and should not be swept into the type of blanket ban proposed by the defendant.

Further, the Defendant's suggestion that no witnesses can discuss or mention the existence or non-existence of any medical condition which Mr. Irvin had or did not have at the time of his death would prohibit Plaintiff through his appropriate witnesses of explaining to the jury why it is that the witness reached his or her conclusion, to a reasonable degree of medical certainty, that Vioxx caused or contributed to Mr. Irvin's death. To be sure, there is no level of probability or causation acceptable to the Defendant if such probability implicates its product, and Merck will have its own experts indicating that they believe Mr. Irvin died due to other potential causes or of unknown etiology. But it is within the province of the jury, not the Defendant, to determine the level of probability required, and it is the jury which considers the testimony of all witnesses – lay and expert – in reaching its various determinations of the fact. The jury is entitled to have all admissible evidence presented to it in order to properly exercise its duty to weigh the evidence and give it relative value. To suggest that reference to any medical condition of Mr. Irvin is overly "prejudicial" and irrelevant because it is adverse to the factual picture desired by the Defendant is to convert the case into a trial in a vacuum, which does not serve the cause of justice.

For these reasons, the proposed blanket ban of testimony or other evidence relating to medical conditions which are not the conditions which Plaintiff alleges were caused by Merck's drug Vioxx should be denied and, if applicable, the Rule 403 balancing test should be applied as each issue arises during trial.

## CONCLUSION

For the reasons set forth herein, the Court should deny Defendant's "Motion to Exclude Irrelevant Medical Conditions."

Respectfully submitted,

By: *P. Leigh O'Dell*
**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

**PLAINTIFFS' LIAISONCOUNSEL**

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this **11th** day of November, 2005.

_____