FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 14  AM 8: 56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

**Memorandum in Opposition to Defendant's Motion to Exclude Evidence of Changes Between the 16TH and 17TH Editions of The Merck Manual**

*(Plaintiff's Opposition to Motion in Limine No. 12)*

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., deceased, by and through her undersigned counsel, hereby urges the Court to deny Merck's motion in limine relating to evidence regarding changes in The Merck Manual.

Among other things, the Plaintiff in this case seeks to prove that Vioxx causes adverse cardiovascular events, that Defendant knew or should have known that Vioxx causes adverse cardiovascular events prior to the Plaintiff's ingestion of Vioxx, that the Defendant failed to adequately warn about those adverse cardiovascular events, that the Defendant sought to suppress or conceal information regarding those adverse cardiovascular events, and that Defendant acted knowingly, deliberately, and intentionally in carrying out those actions. Plaintiff plans to proffer evidence that The Merck Manual is directly relevant to all of these and other issues.

As Defendant is quick to point out, The Merck Manual has been published by the Defendant for over 100 years and has come to serve as a reference for health care professionals in its discussion

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

of medical knowledge and science. Indeed, Defendant touts The Merck Manual as the most widely used textbook of medicine on its website.[1]

Plaintiff seeks to introduce evidence that the 17th edition, published in 1999, and the 16th edition, published in 1992, differ in their discussions of prostacyclin and thromboxane - with the 17th edition removing the discussion of how the inhibition of Cox-2 enzymes may cause adverse cardiovascular events such as the one at issue in this case. Because the Defendant maintains that it had no knowledge of the increased risk of adverse cardiovascular events associated with the inhibition of Cox-2 enzymes by Vioxx until the results of the APPROVe trial were published in August 2004, it is not surprising that they want to exclude all of the evidence refuting this assertion.

I.      **The COX-2 Hypothesis**

As this Court is now fully aware, there are two forms of enzymes responsible for the production prostaglandin: COX -1 and COX-2. Shortly after their discovery in 1991, scientists believed that COX-1 provided gastrointestinal tract protection and was involved with blood clotting in the blood stream, while COX-2 was expressed at sites of inflammation and injury. Based on this theory, Merck began developing MRK-966 (later marketed as Vioxx) that selectively blocked COX-2, providing relief from pain and inflammation, without interfering with the production of COX-1 that protects the stomach.

The COX -1 enzyme produces thromboxane, which is a vasoconstrictor and platelet aggregator. COX-2 produces prostacyclin which is a vasodilator and platelet de-aggregator that can be an important defense mechanism for the human body when facing the onset of a cardiovascular

---

[1] http://www.merck.com/mmhe/index.html

event. In 1992, The Merck Manual, 16th edition, contained a chapter discussing prostaglandins and thromboxane and their effects on the human body. In The Merck Manual, 17th edition, the chapter had been eliminated. Thus, the information suggesting that the removal of COX-2 could pose an increased risk of adverse cardiovascular events was conveniently removed at the time Defendant was launching its COX-2 inhibitor, Vioxx, to the market.

2.   **Evidence is Relevant under Federal Rule of Evidence 401**

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Daubert vs. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 ( 1993). Federal Rule of Evidence 401's basic standard of relevance... is a liberal one." *Spain vs. Gallegos*, 26 F.3d 439, 452 (3rd Cir. 1994). Federal Rule of Evidence 401, "while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant." See also *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1518 (10th Cir. 1995). "We let jurors see and hear even marginally relevant evidence, because we trust them to weigh the evidence appropriately." *U.S. vs. Hitt*, 981 F.2d 422, 981 F.2d 422, 423 (9th Cir. 1992).

The 16th edition of The Merck Manual, published in 1992, contains discussion of prostaglandins, thromboxanes, and leukotreines in the Clinical Pharmacology section of Ch. 285. The 17th edition of The Merck Manual, published in 1999, has no such chapter on prostaglandins, thromboxanes and leukotreines.

The excerpts of The Merck Manual, 16th and 17th editions both clearly meet the very definition of relevant evidence. Each has a "tendency to make the proposition it is offered to prove more probably so, than if the evidence were not introduced" U.S. v. Fountain, 2 F.3d 656, 667 n. 6

(6th Cir. 1993). The proposition must be "of consequence to the determination of the action," i.e., material to the lawsuit." See FED. R. EVID. 401.

Plaintiff has alleged that Merck knew of the role and function of prostacyclin as early as 1996 and was, therefore, aware of the potential cardiovascular risks of the chemical compound rofecoxib, or Vioxx. Plaintiff has alleged that Merck failed to adequately disclose the potential adverse cardiovascular risks in its marketing and promotion of Vioxx. Plaintiff has alleged that Defendant sought to conceal and/or suppress the truth about the risk of cardiovascular events associated with Vioxx. Plaintiff has alleged that Defendant's conduct was knowing, deliberate, and intentional and that they intended to deceive Mr. Irvin, his prescribing physician, Dr. Chris Schirmer, as well as the medical community in general and other users and potential users of Vioxx. The pertinent sections of The Merck Manual from 1992 and the next edition in 1999 are material and relevant to all these issues.

### 3. Evidence is Relevant under Federal Rule of Evidence 403

Evidence of Merck's elimination of important information between the 16th and 17th editions of The Merck Manual should not be excluded under Federal Rule of Evidence 403. Merck contends that the probative value of this evidence is outweighed by its prejudicial nature. As the court in *National Railroad Passenger Corp. (Amtrak) v. Transwood Inc.*, 2001 WL 986868 (E.D. La Aug. 27, 2001), explained: "The Fifth Circuit has explained that all probative evidence is by its very nature prejudicial." See *United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir.1994). As a result, evidence "should be excluded 'sparingly' and only in those circumstances where the prejudicial effect substantially outweighs the probative value." *United States v. Powers*, 168 F.3d 741, 749 (5th Cir.1999); United States v. Leahy, 82 F.3d 624, 637 (5th Cir.1996). Defendant offers no explanation

as to how the probative value of this evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues, or that it will somehow mislead the jury. Indeed the proffered evidence goes to the heart of Plaintiff's claims against Merck.

It appears Merck's complaint is with the alleged "theatrics" of plaintiff's counsel in the *Humeston* case and the manner in which the witnesses were questioned about the difference between the two editions of The Merck Manual and not with the fact the Plaintiff seeks to offer evidence of the differences between the two manuals themselves. Specifically, Merck suggest that the "magic trick" questions posed in the *Humeston* trial were calculated to inflame the jury and that Rule 403 prohibits Plaintiff from offering "evidence" that is intended solely to play to the emotions of a jury.

The manner in which a question is asked in trial should be objected to and ruled upon at that moment. See *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996). It is inappropriate to assume that Plaintiff's counsel in the present matter will frame the questions as they were in the *Humeston* trial and, therefore, seek from this Court a prophylactic measure aimed at inoculating itself from potentially damaging evidence. This Court has no such obligation. The issue in this motion is whether evidence of the redaction or disappearance of important information is substantially outweighed by the damage of unfair prejudice or confusion. Federal Rule of Evidence 403 "does not exclude evidence because it is strongly persuasive or compellingly relevant... The truth may hurt, but Rule 403 does not make it inadmissible on that account." *In re: Air Crash Disaster*, 86 F. 3d 498, 538 (6th Cir. 1996).

### 4.     The evidence is not FRE 404 Character Evidence

Finally, Defendant seeks to divert this Court's attention with the assertion that Merck's redaction of informative information from The Merck Manual 17th edition is inadmissible

character evidence that can be excluded under FRE 404. The act of inclusion or exclusion of the chapter on prostacyclins in the two editions of The Merck Manual is not evidence of "other crimes, wrongs, or acts designed to prove the character" of Merck. The act itself is one on which Plaintiff is basing some of her allegations, it is not some "other" crime or wrongdoing. Defendant should not be allowed to exclude the fact of the differences between these two Merck manuals, simply because it does not now like how the evidence may reflect upon Merck in light of the allegations Plaintiff seeks to prove to the jury.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Merck's Motion to exclude evidence and argument about changes to The Merck Manual.

Respectfully submitted,

By: /s/ P. Leigh O'Dell
Andy D. Birchfield, Jr.
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

PLAINTIFFS' LIAISONCOUNSEL


Christopher A. Seeger
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this **11th** day of November, 2005.

_____