UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF L.

2005 NOV 14  AM 8: 57

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

**Plaintiff's Memorandum in Opposition to
Defendant's Motion in Limine to Exclude Evidence of Letters to the Editors Regarding
Unpublished Studies and Non-Scientific Editorials in Science Journals as Inadmissible
Hearsay**

*(Plaintiff's Opposition to Defendant's Motion in Limine No. 13)*

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., deceased, by and through her undersigned counsel, hereby urges the Court to deny Merck's motion in limine relating to evidence regarding Letters to the Editors related to unpublished studies and non-scientific editorials in science journals.

In its motion in limine No. 13, Defendant Merck & Co., Inc. ("Merck") moves for an order precluding introduction of certain unspecified exhibits, "including, but not limited to," those documents identified as Plaintiff's trial exhibits 1.0174, 1.00175, 1.0428, 2.0015, 2.0053, 2.0072, 2.0073, 2.0074, 2.0076, 2.0082, 2.0150, 2.0150, 2.0179, 2.0223, 5.0003, and Exhibits J to plaintiff's Summary Science Brief. Def. Mem. at 2. Defendant categorizes these – and the other unspecified exhibits – as "articles," "commentaries," or "editorials" in scientific journals that, unlike other articles, cannot be "admitted" under the learned treatise

___ Fee_____
___ Process_____
X  Dktd_____
✓  CtRmDep_____
___ Doc. No._____

exception to the hearsay rule, Rule 803(18). Alternatively, Merck suggests that the assorted materials should be excluded from evidence pursuant to Rule 403.

Because Merck seeks to exclude as yet unidentified documents and fails to engage in any meaningful analysis of the documents on Plaintiff's exhibit list that are identified, it is difficult for Plaintiff to substantively respond. Merck's motion demonstrates why "[i]t is well settled that motions in limine are disfavored." Auenson v. Lewis, 1996 WL 457258 at *1 (E.D. LA Aug. 12, 1996). Merck asks this Court to make a blanket ruling, in a vacuum, without the benefit of context or foundation. Such a request should be denied. See Roberts v. Charter Nat'l Life Ins. Co., 105 F.R.D. 492 (S.D. Fla. 1985) ("When these rulings are made at the time the exhibit is offered in evidence, the trial judge has the benefit of full development of all relevant facts constituting the introductory predicate for admission of the item or statement.").

The threshold question of whether Merck's ill-defined and out-of-context motion should even be considered is not an academic one. In this case, Merck seeks to exclude evidence that has not been identified – except through general "examples" – and that Plaintiff has not yet presented in the context of her case. Plaintiff respectfully requests that the Court deny this motion and reserve its ruling on such issues until the documents are offered in the context of facts adduced at trial.

### I. Evidence of Letters to the Editors Regarding Unpublished Studies and Non-Scientific Editorials in Science Journals Is Admissible

Merck's first asserted basis in support of its motion in limine is that the information it seeks to exclude is hearsay not falling within one of the recognized hearsay exceptions. Specifically, Merck contends that the categories of documents are not admissible under Rule

803(18) as learned treatises. Under Rule 803(18), "statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice" may be "read into evidence but may not be received as exhibits." Fed R. Evid. 803(18).

Merck contends that no evidence falling under the heading of "letter to the editor" or "editorial" can be established as "a reliable authority." A statement may be established as a "reliable authority" by the "testimony or admission of the witness or by other expert testimony or by judicial notice." Of course, the Plaintiff has not yet called a witness to establish that the proffered statement is a reliable authority; nor has the Plaintiff had the opportunity to seek an admission from a future witness on the stand that the statement sought to be introduced constitutes a "reliable authority." Rule 803(18) specifically contemplates that Plaintiff will have the opportunity to lay that foundation. For that reason, Merck's motion is premature and should be denied.[1]

While Merck's analysis of the hearsay rule ends with its discussion of Rule 803(18); there are several other ways under which evidence falling under the general categories of documents Merck seeks to exclude may be admissible. To the extent that any of the proffered documents are authored or compiled by or on behalf of Defendants, the documents are not

---

[1] The cases relied upon by Merck, Meschino v. N. Am. Drager Inc., 841 F.2d 429, 434 (1st Cir. 1988), Kansas City v. Dugan, 524 S.W. 2d 194 (Mo. App. 1975), and O'Brien v. Angley, 407 N.E. 2d 490 (Ohio 1980) support the Plaintiff's position that Defendant's motion is premature. In each of those cases, the court made an evidentiary ruling after the plaintiff was given an opportunity to lay a foundation for the admissibility of the proffered evidence. In O'Brien, the court determined that the proffered article had been written for the purposes of litigation and, therefore, was not a "reliable authority." O'Brien, 407 N.E. 2d at 494. In Dugan, the court found that the plaintiff had not made any effort – through testimony, admission, or judicial notice – to establish that the proffered article was reliable. Dugan, 524 S.W. 2d at 196. And, in Meschino, the court made the factual determination that the testimony of the plaintiff's expert had not established that the proffered article was reliable. Meschino, 841 F.2d at 434.

hearsay and are admissible under Rule 801(d)(2).  Similarly, the documents could be offered for a purpose other than "the truth of the matter asserted" and, thus, fall outside the definition of hearsay.  Fed. R. Evid. 801(c).  The documents could be relevant to motive, intent, or notice.  A critical editorial of Vioxx, for example, might be introduced to establish that Merck took steps to suppress the opinion of the editorial's author and in so doing, sought to suppress the truth about the adverse cardiovascular risks associated with Vioxx.  Of course, the Court can no more make that determination now than it can determine whether the Plaintiff will, at trial, establish that the documents at issue fall within the learned treatise exception.  The point, however, is that there is every possibility that the Plaintiff will establish that the evidence at issue is admissible.  As a result, Merck's motion must be denied.

> II. **Defendant's Assertion That Evidence of Letters to the Editors Regarding Unpublished Studies and Non-Scientific Editorials in Science Journals Would Cause Unfair Prejudice, Jury Confusion, or Undue Delay under Rule 403 Is Premature**

Merck also makes the seemingly obligatory argument that the documents at issue should be excluded under Rule 403.  Merck's entire argument on this matter, however, is hypothetical and abstract.  Until the Court has an opportunity to consider the specific document(s) to be offered, the context in which it is offered, and the foundation that the Plaintiff lays, it cannot perform the balancing of probativeness versus unfair prejudice required under Rule 403.  It is for that reason that other courts have cautioned:  "Excluding evidence under Fed.R.Evid. 403 at the pretrial stage is an extreme measure."  See Hines v. Consolidated Railroad Corporation, 926 F.2d 262, 274 (3d Cir. 1991).

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny defendant's motion in its entirety.

Respectfully submitted,

By: *P. Leigh O'Dell*

**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

**PLAINTIFFS' LIAISONCOUNSEL**

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**


Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH,BENJAMIN,DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this **11th** day of November, 2005.

*P. Leigh O'Dell*