UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

**Plaintiff's Memorandum in Opposition to Defendant's Motion in Limine to Exclude Improper Witness Testimony**

*(Plaintiff's Opposition to Defendant's Motion in Limine No. 17)*

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., by and through her attorneys, hereby opposes Defendant's motion to exclude improper witness testimony. Obviously, Plaintiff does not oppose the exclusion of irrelevant and improperly prejudicial testimony by either party, but Defendant's wide-ranging, overly broad attempt to exclude lay fact witness testimony, including the decedent family's observations of the general health and well-being of Richard Irvin Jr. in the relevant period prior to his death, is tantamount to a ban of relevant and admissible testimony. Plaintiff submits the proper approach is to deny the motion as proposed and consider the admissibility of such testimony on an issue-by-issue basis as it is actually presented during trial. A pre-trial ban of all such potential evidence would be an improper application of the balancing required under Fed. R. Evid. 401 and 403.

For these reasons, Plaintiff respectfully requests that the Court deny this request because it is overly broad and to, instead, test the admissibility of such evidence on an issue-by-issue basis as it arises during trial.

### Evidence of The Harm And Potential Harm Caused By Defendant's Conduct– Including Injuries to Others -- Is Specifically Admissible With Respect to Plaintiffs' Punitive Damages Claims

Clearly, the factual observations of a lay fact witness are admissible and members of Mr. Irwin's family do not need a medical degree, as is implied by Defendant's motion, to testify about the health and well-being of their family member at times relevant to this case. The question for the Court is whether such testimony would aid the jury in understanding the facts; clearly such observations satisfy this minimal threshold. To be sure, an expert witness would not possess actual knowledge of the decedent's health and condition immediately prior to his death. Testimony from family members based on personal observation is arguably just as or more probative of Mr. Irwin's health, state of mind and other facts of consequence in this case as findings by an expert based on more distant in time prior or post-mortem medical examinations. Such actual observations derived there from by lay fact witnesses who saw and spoke with the decedent during times proximate to his death are important facts for a jury to hear.

Plaintiff seeks recovery of punitive damages as the result of the egregiousness of Defendant's conduct. Fed. R. Evid. 405(b) specifically provides that evidence of character is admissible when that character or trait of character is an element of a claim or defense. The "bad character" of Merck is an element of plaintiff's punitive damage claim. The proffered evidence about the adverse experience of others with Vioxx, such as that for which the defendant seeks a blanket ban in this motion, is clearly on point for this issue. It is "prejudicial" in that it by

definition indicates problems created by use of Defendant's product, however, given the issue of punitive damages, it is based on the factual experiences of the witness and should be admitted as having a probative value to this issue which outweighs its prejudicial value. It is not "emotional," for example, to report a friend taking Vioxx had a heart attack after the decedent died. It shows a living, breathing human being – rather than just a statistic – was effected by the adverse experience.

Moreover, in order to support punitive damages claims, the United States Supreme Court not only authorizes, but demands evidence showing that a defendant engaged in a pattern and practice of misconduct and evidence proving the potential harm or actual harm caused to others as the result of that conduct. Indeed, in TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 461-462 (1993) the Supreme Court not only approved the admission of extensive evidence and argument regarding the potential harm to others that might have occurred as a result of Defendant's misconduct, it quoted extensively from the arguments of counsel to that effect. Additionally, and more recently, the Supreme Court confirmed that evidence of the effect of Defendants' misconduct on others is required as part of the reprehensibility analysis in determining whether the amount of punitive damages awarded is constitutional:

> "[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." [BMW of North America, Inc. v.] Gore supra, [517 U.S. 559] at 575, 116 S.Ct. 1589.  We have instructed courts to determine the reprehensibility of a defendant by considering whether the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident.

State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 419 (2003)

3

In <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996), the Supreme Court also noted that "evidence that a defendant has repeatedly engaged in prohibited conduct while knowing or suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law." <u>Id</u>. at 577.

Thus, under <u>TXO</u>, <u>Gore</u> and <u>Campbell</u>, a highly relevant consideration for punitive damages purposes is evidence of the harm or potential harm caused to others as the result of the defendants' misconduct. As such, evidence by members of the plaintiff's family that other people they know have potentially been injured as the result of Defendant's marketing of a dangerous product is directly relevant to Plaintiffs' claims for punitive damages.

For the reasons set forth herein, the Court should deny Defendant's Motion to Exclude Improper Witness Testimony on a speculative, broad basis and instead apply the tests required under Fed. R. Evid. 401, 402 and 403 on an issue-by-issue basis.

Respectfully submitted,

By: *P. Leigh O'Dell*
**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

| | |
|---|---|
| **Russ M. Herman (Bar No. 6819)**<br>Leonard A. Davis (Bar No. 14190)<br>Stephen J. Herman (Bar No. 23129)<br>***Herman, Herman, Katz & Cotlar, LLP***<br>820 O'Keefe Avenue<br>New Orleans, LA 70113<br>PH: (504) 581-4892<br>FAX: (504) 561-6024<br>**Temporary Office**<br>3411 Richmond Ave., Suite 460<br>Houston, TX 77046<br>PH: (713) 877-1843<br>FAX: (713) 871-9750<br>**PLAINTIFFS' LIAISONCOUNSEL** | Christopher A. Seeger, Esquire<br>SEEGER WEISS<br>One William Street<br>New York, NY 10004<br>(212) 584-0700 (telephone)<br>(212) 584-0799 (telecopier)<br>**Co-Lead Counsel** |

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this **11th** day of November, 2005.

_____
B. Leigh O'Dell

6