**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 14  AM 9: 04

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc.* | | CASE NO. 02:05CV4046 |

---

**Memorandum in Opposition to Defendant's Motion to Exclude Irrelevant and
Prejudicial Matters**

***(Plaintiff's Opposition to Motion in Limine No. 18)***

---

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard

Irvin, Jr., deceased, by and through her undersigned counsel, hereby submits this

memorandum of law in opposition to Defendant's motion to preclude Plaintiff from

commenting on:  (i) Merck's out-of-state or foreign status, as well as Merck's status as a large,

national corporation doing business throughout the world; (ii)  Merck's defense counsel,

including the number of attorneys representing Merck and the locations of their offices; (iii)

the attendance or non-attendance at trial of Merck's former employees; (iv) Mr. Irvin's

photographs and other personal effects; (v) Merck's liability insurance; (vi) the fact that

certain experts chose to donate their fees to charity; and (vii) Merck employees that Plaintiff

believes left the company because of Vioxx-related issues.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No. _____

I.     **PLAINTIFF WILL NOT COMMENT ON DEFENSE COUNSEL OR MERCK'S LIABILITY INSURANCE**

Plaintiff does not intend to comment on defense counsel or to make statements about

Merck's liability insurance.

II.    **PLAINTIFF WILL LIMIT QUESTIONS AND COMMENTS RELATED TO THE SIZE AND RESOURCES OF THE DEFENDANT**

Plaintiff agrees that it would be improper to make comments about the size or

geographical location of Defendant for the purpose of arousing passion or appealing to the

emotion of the jury.  However, the size, resources, and certain geographical information

related to the Defendant are relevant to the reasonableness and/or feasibility of certain actions

and/or lack of action at issue in this matter.  For example, actions taken by Merck in foreign

markets may bear on the reasonableness or feasibility of action taken or not taken in the U.S.

Similarly, the jury is entitled to receive information about the Defendant that will allow it to

understand how the Defendant does business, how different types of decisions are made, how

many people are involved in various decision making processes and to assess whether the

Defendant had the resources or ability to make a different decision, implement the decision

more quickly, or otherwise act in a reasonable manner.

III.   **PLAINTIFF MAY COMMENT ON DEFENDANT'S FAILURE TO REFUTE PLAINTIFF'S CLAIMS**

Plaintiff has alleged that Defendant knew of the substantial risks of Vioxx, yet failed to

warn Mr. Irvin, Mr. Irvin's doctors, and the public of those risks.  Once Plaintiff has

established her *prima facie* case, if Defendant fails to introduce evidence refuting Plaintiff's

claims, then plaintiff is certainly permitted to comment on Merck's lack of a defense.  Plaintiff

2

has numerous witnesses and voluminous evidence to prove that Defendant knew of the risks of Vioxx yet continued to market the drug without adequate warnings, and that this conduct directly led to Mr. Irvin's heart attack. Much of this evidence comes directly from employees of the Defendant. Defendant is not required to defend these claims, but if it fails to call witnesses to explain Merck's conduct or to explain their own words in documents offered by the Plaintiff to prove their case, the Plaintiff may comment on that absence to the jury[1].

If, for example, Merck cannot produce any corporate witness to testify that Merck provided all material information about Vioxx in its possession to the FDA, then Plaintiff may properly point that fact out to the jury. While Defendant is not obligated to bring any particular witness, Merck cannot avoid putting on a defense and then expect Plaintiff not to highlight the inadequacies of its case. Defendant's attempt to escape from the burden of defending Plaintiff's claims should not be countenanced, and Defendant's motion in limine should be denied.

Defendant cites *Whitehead v. Kmart Corp.*, 173 F. Supp. 2d 553 (S.D. Miss. 2000) in support of its argument that Plaintiff may not comment on Defendant's failure to produce witnesses. That case, however, dealt with the Plaintiff's attorney's appeal to local bias or sectionalism and does not stand for the proposition that commentary on the absence of testimony or evidence is improper. *See Whitehead*, 173 F. Supp. 2d at 276-77 ("Consistent with emphasizing that Kmart was not a local corporation, the Whiteheads' counsel stated: It bothers me and I hope it bothers you, that if what I presented to you in this case about the corporate negligence in security was not true, why didn't we ... see someone from the national company come into this courtroom and try to explain their conduct."). Similarly, Defendant's

---

[1] Since are no other Vioxx trials scheduled at the same time as this trial, Merck employees should available to appear.

cries of inconvenience are not a good reason to prohibit Plaintiff from arguing his case. That inconvenience, if any, arises from the fact that Defendant's product hurt thousands of people. To conclude that because the Defendant has to defend thousands of cases the Plaintiff cannot comment on the failure of the Defendant to refute their claims is to reward the Defendant for the magnitude of its culpable conduct.

## IV.    MR. IRVIN'S PERSONAL ITEMS AND PHOTOGRAPHS ARE ADMISSIBLE

This lawsuit is brought on behalf of Mr. Irvin who died as a result of ingesting Vioxx. Mr. Irvin cannot be in the courtroom, but the jury is certainly entitled to information about who Mr. Irvin was. While there will be testimony about Mr. Irvin, photographs and personal effects will clearly aid in the jury's understanding of who Mr. Irvin was and what his loss has meant. Contrary to Merck's efforts, "a trial court should avoid efforts to 'sanitize' the facts by excluding otherwise relevant evidence." *Johnson v. Fla. Farm Bur. Cas. Ins. Co.,* 542 So. 2d 367, 370 (Fla. 4th DCA 1988). The admissibility of Mr. Irvin's photographs and personal items is left to the sound discretion of this Court. *Id.*

## V.    PLAINTIFF SHOULD BE ALLOWED TO COMMENT ON COMPENSATION PAID TO EXPERT WITNESSES

It is well-settled that a party can introduce evidence of financial compensation paid to a witness to demonstrate bias. *Morgan, Colling and Gilbert, P.A. v. Pope,* 798 So. 2d 1, 2 (Fla. 2d DCA 2001). The extent and nature of the financial arrangement between the witness and the party that calls him or her to testify is materially relevant information for the jury to assess the witness's testimony and credibility. *Allstate Ins. Co. v. Hodges,* 855 So. 2d 636, 640 (Fla.

4

2d DCA 2003). Whether the witness makes his or her living as an expert witness is a fact that the jury is entitled to consider. *Allstate Ins. Co. v. Boecher*, 733 So. 2d 993, 997 (Fla. 1999).

Under these well-settled principles, evidence of the significance of financial remuneration to a witness is clearly admissible. "A party is entitled to argue to the jury that a witness might be more likely to testify favorably on behalf of the party because of the witness's financial incentive to continue the financially advantageous relationship." *Hodges*, 855 So. 2d at 640. By contrast, a witness who donates his or her fees to charity may not have the same financial incentive to continue the relationship. The significance of those facts is ultimately for the jury to decide.

## VI.    COMMENTS ON WHY MERCK EMPLOYEES LEFT THE COMPANY MUST BE ASSESSED IN THE CONTEXT OF TRIAL

Like any other piece of evidence, the relevance of why a Merck employee left the company must be assessed in context. If the evidence suggests that the employee left because he or she knew that Merck was acting inappropriately in the sale or promotion of Vioxx, comment on the same would clearly be admissible. The Court should withhold ruling on these matters until such time as it has sufficient context and foundation to make a properly informed ruling.

### CONCLUSION

For the reasons set forth herein, Defendant's motion should be denied.

Respectfully submitted,

By: _____

**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN,PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**


**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

**PLAINTIFFS' LIAISON COUNSEL**


Christopher A. Seeger
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

**Co-Lead Counsel**

6

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel,
Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by
electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with
Pre-Trial Order No. #8, on this **11th** day of November, 2005.