FILED
U.S. DISTRICT COURT
2005 NOV 14 A 8: 44
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

## OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE NUMBER OF HEART ATTACKS IN UNITED STATES OF AMERICA

### (MOTION IN LIMINE NO. 1)

Plaintiff moves the Court to exclude all evidence of the number of heart attacks occurring in the United States. In support of the motion, plaintiff argues that Merck should not be allowed to compare the annual number of heart attacks prior to 1999 with the annual number of heart attacks during the 1999 to 2004 period to demonstrate that Vioxx®, which was sold between 1999 and 2004, did not lead to an increase in heart attacks. That comparison, however, is

Fee
Process
Dktd
CtRmDep
Doc. No

790923v.1

directly relevant to one of the main issues in this case – whether Vioxx, as opposed to something else, was the most likely cause of Mr. Irvin's death.  This is particularly true if the Court does not grant Merck's Motion to Exclude Evidence of and Reference to Estimates of Dr. David Graham (Motion *in Limine* No. 8) ("Graham Motion"), filed November 4, 2005.  If the Graham Study is admitted into evidence – and, as explained in the Graham Motion, it should not be – Merck must be able to rebut Dr. Graham's flawed estimates by introducing evidence that Vioxx did not cause 144,000 excess heart attacks.  Regardless, there is no basis to grant plaintiff's request to exclude all evidence regarding the annual number of heart attacks in the United States.

I.    **IF DR. GRAHAM'S ESTIMATES ARE ADMITTED INTO EVIDENCE, MERCK MUST BE PERMITTED TO INTRODUCE EVIDENCE OF THE NUMBER OF HEART ATTACKS BEFORE AND DURING THE TIME VIOXX WAS SOLD.**

Whether Merck introduces comparative evidence of the number of heart attacks occurring in the United States each year turns upon whether plaintiff is permitted to rely upon a retrospective observational study conducted by Dr. David Graham[1] (hereinafter the "Graham Study").  If Merck's motion to exclude that evidence is not granted, a comparison of the number of pre-Vioxx heart attacks with the number of heart attacks occurring while Vioxx was on the market would be highly relevant.  Assuming the Graham Study is excluded, Merck will not offer this type of comparative evidence to demonstrate that Vioxx did not lead to an increase in heart attacks.

In his study, Dr. Graham hypothesizes, based on a statistical analysis of data from the APPROVe and VIGOR studies and various other sources, that Vioxx caused 144,000 excess heart attacks in the United States and that approximately 44% of these excess heart attacks were

---

[1] *See* David J. Graham, et al., *Risk of acute myocardial infarction and sudden cardiac death in patients treated with cyclo-oxygenase 2 selective and non-selective non-steroidal anti-inflammatory drugs: nested case-control study.*

790923v.1

fatal. (Graham Study at 6.)  As explained in the Graham Motion, Dr. Graham's flawed estimates should be excluded from evidence because they are irrelevant, unfairly prejudicial, and will only confuse and mislead the jury.  Indeed, plaintiff basically concedes this point in her Motion:

> The key question underlying liability is:  Did Vioxx cause Mr. Irvin's heart attack? The jury must examine the facts of the instant case [rather than '[s]tatistical evidence suggesting that the number of heart attacks in the United States did not increase between 1999 and 2004'] to determine whether Vioxx caused the plaintiff's heart attack.

(Plaintiff's Motion *in Limine* to Exclude Evidence Regarding the Number of Heart Attacks in the United States ("Mot.") at 2.)  Likewise, the excess number of heart attacks or deaths in the general population purportedly attributable to Vioxx usage is irrelevant to the issue of whether Vioxx caused Mr. Irvin's heart attack.

Plaintiff further acknowledges that any attempt to categorically attribute heart attacks to Vioxx usage is unreliable:

> Vioxx was used by a disproportionately large number of older people suffering from Osteoarthritis (OA) and Rheumatoid Arthritis (RA).  Traditionally, older members of the population report a higher incidence rate of heart attacks.

(Mot. at 4.)  This same fact makes Dr. Graham's estimates inherently unreliable.[2]

If the Graham Study and/or Dr. Graham's estimates of the excess heart attacks purportedly caused by Vioxx are admitted into evidence, Merck must be able to respond by introducing evidence of the annual number of heart attacks experienced before Vioxx was sold, in comparison to the annual number of heart attacks experienced while Vioxx was sold.  This evidence would disprove Dr. Graham's proposition that Vioxx was responsible for some 144,000 excess heart attacks.

---

[2] Merck does not purport to detail in this Opposition all of the reasons that the Court should exclude the Graham Study.  Rather, Merck refers the Court to the Graham Motion, and incorporates that motion herein by reference.

790923v.1

## II.  THERE IS NO BASIS FOR EXCLUDING GENERAL EVIDENCE REGARDING THE FREQUENCY AND OCCURRENCE OF HEART ATTACKS.

All of plaintiff's arguments regarding relevance, reliability, and prejudice are directed to comparative evidence of the number of heart attacks occurring before, versus during, the period in which Vioxx was sold.  (*See generally* Mot.)  Plaintiff offers no argument as to why Merck should be precluded from introducing general, background information as to the prevalence of heart attacks in the United States.  Nonetheless, she asks the Court to "exclude evidence regarding the number of heart attacks occurring in the United States of America during the time that Vioxx was being marketed."  (Mot. at 7; *see also id.* at 1.)  There is no basis for such a sweeping order.

Plaintiff alleges that Mr. Irvin's ingestion of 25 mg of Vioxx for approximately 23 days caused his sudden cardiac death.  Merck cannot be precluded from offering general evidence regarding the frequency and occurrence of heart attacks, as evidence of this sort is directly relevant to the issue of whether Vioxx, as opposed to something else, was the most likely cause of Mr. Irvin's death.  For example, it is directly relevant that:  (1) heart disease is the leading cause of death in the country; and (2) plaque build up in the left anterior descending coronary artery (the "LADC")[3] is a leading cause of sudden cardiac death.

---

[3] Plaintiff has moved to preclude Merck from referring to the LADC as a "widow-maker."  (*See* Plaintiff's Motion *in Limine* to Preclude Defendant Merck From Referring to Mr. Irvin's Left Anterior Descending Artery as a "Widow Maker" (Motion *in Limine* No. 2).)  In her Motion, plaintiff, for all practical purposes, acknowledges the relevance of the term, and of the undisputed fact that heart attacks produced by plaque build up in the LADC so frequently result in death that the condition has earned an alias – "widow-maker" – that has obtained common currency among medical professionals.  She has moved this Court not on the basis of Rule 402, but 403.  (*See* Merck's Opposition to Plaintiff's Motion *in Limine* to Preclude Merck From Referring to Left Anterior Descending Artery as a "Widow-Maker," filed concurrently herewith.)

790923v.1

An autopsy of Mr. Irvin confirmed that he suffered from heart disease and that he had plaque build up in his LADC. The information regarding the prevalence of heart disease demonstrates to the jury the seriousness of Mr. Irvin's pre-existing conditions. They also demonstrate the relevance and importance of whether alternative causes of Mr. Irvin's death have been ruled out. Indeed, plaintiff cannot seriously contend that this information is not relevant, given that her own expert, Dr. Colin Bloor, included general information of this type in his expert report. Dr. Bloor stated:

> Sudden Cardiac Death, a form of heart disease, is reported to claim between 300,000 and 400,000 lives a year in the United States. . . . Some 80% of patients suffering a SCD are reported to have preexisting coronary artery disease.

(Expert Report of Colin M. Bloor, M.D. at ¶ 25, attached as Ex. 31 to Declaration of Phillip A. Wittmann in Support of Merck's Motions to Exclude Evidence, filed Oct. 21, 2005.)

## III.   CONCLUSION.

If the Court grants the Graham Motion, Merck will not offer evidence comparing the number of pre-Vioxx heart attacks with the number of heart attacks occurring while Vioxx was on the market. If, however, Dr. Graham's estimates are admitted into evidence, Merck respectfully requests that the Court deny plaintiff's request to exclude this type of comparative evidence, as it will be relevant to demonstrate that Vioxx did not lead to an increase in heart attacks. Regardless of how the Court rules on the Graham Motion, Merck respectfully requests

790923v.1

that the Court deny plaintiff's request to exclude all evidence of the number of heart attacks occurring in the United States each year.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax: 312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax: (202) 434-5029

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax: (213) 430-6407

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Opposition to Plaintiff's Motion *in Limine* to Exclude Evidence Regarding the Number of Heart Attacks in United States of America (Motion *in Limine* No. 1) has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 11th day of November, 2005.

790923v.1