FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 14 · A 8: 45

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

## OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN SUBJECTS FROM EVIDENCE AT TRIAL

### (MOTION IN LIMINE NO. 3)

Plaintiff moves the Court to exclude evidence or argument on a laundry list of topics. Much of the motion is unnecessary, as Merck does not intend to offer evidence or make arguments related to many of the enumerated topics. As to certain other topics, Merck opposes plaintiff's request either conditionally or in full. Merck will address those topics in dispute first.



790926v.1

## I.      THE COURT SHOULD DENY THE FOLLOWING REQUESTS.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH G

"Any comment, evidence, testimony, inference or document mentioning medical conditions of Plaintiff or Plaintiff's family that are unrelated to the injuries at issue in this lawsuit.  Such argument is irrelevant."

### MERCK'S RESPONSE TO PARAGRAPH G

The Court should deny this request.  Merck agrees that it would be inappropriate to mention medical conditions that are "unrelated" to the issues presented in this lawsuit.  However, what is "related" or "unrelated" is in dispute.  For example, the fact that Mr. Irvin's mother required triple bypass heart surgery may be "related" to Mr. Irvin's heart attack because family history is a risk factor for cardiovascular events.  (Expert Report of Colin M. Bloor, M.D. ("Bloor Report") at ¶ 33, attached as Ex. 31 to the Declaration of Phillip A. Wittmann in Support of Merck's Motions to Exclude Evidence, filed Oct. 21, 2005.)  The problem here is that the plaintiff has failed to provide sufficient information on what she means to exclude, and the Court cannot determine in a vacuum what conditions are relevant.  In addition, to the extent plaintiff seeks to prove any injury to herself, the medical condition of plaintiff may be relevant to rebut such allegations.  The Court should wait until specific medical evidence is offered to determine its admissibility.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH H

"Any comment, evidence, testimony, inference or document mentioning any non-criminal bad conduct of the Plaintiff.  Misdemeanors and human frailties should not become

2

"fair game" during trial.   Federal and state rules of evidence prohibit such character assassination."

**MERCK'S RESPONSE TO PARAGRAPH H**

The Court should deny this request for the reasons and to the extent set forth in its concurrently-filed Opposition to Plaintiff's Motion *in Limine* to Exclude Evidence of Discussion Concerning Personal Matters.

**EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH M**

"Any comment or personal anecdote from any witness or lawyer for the Defendant about themselves, or family members who have used Vioxx®.  Such evidence is irrelevant, hearsay, and undeniably prejudicial."

**MERCK'S RESPONSE TO PARAGRAPH M**

The Court should deny this request for the reasons and to the extent set forth in its concurrently-filed Opposition to Plaintiff's Motion *in Limine* to Exclude Evidence that Merck Employees or Family Members Took Vioxx.

**EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH P**

"Any reference to opinions in the medical records of healthcare personnel that are not witnesses live or by deposition at trial.  See Bradley v. Brotman, 836 So.2d 1129, 1135 (Fla. Dist. Ct. App. 4th 2003) (citing, *inter alia*, Fed. R. Evid. 403); McElroy v. Perry, 753 So.2d 121 (Fla. Dist. Ct. App. 2nd 2000)."

**MERCK'S RESPONSE TO PARAGRAPH P**

The Court should deny this request.  Under Federal Rule of Evidence 803(6), an opinion expressed by an out-of-court declarant in medical records may be admitted "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness."  The

3

cases that plaintiff cites do not hold otherwise.  In *McElroy v. Perry*, the court excluded medical reports prepared in anticipation of litigation because the circumstances under which they were prepared showed a lack of trustworthiness.  753 So. 2d at 126-27.  In *Bradley v. Brotman*, the doctor's notations to the medical record should have been redacted on plaintiff's request because defense counsel never provided a copy of the record with the doctor's notation and misled plaintiff into believing the records being admitted were the ones reviewed during the doctor's deposition.  836 So. 2d at 1131, 1133.  The problem here is that the plaintiff has failed to provide sufficient information of what she means to exclude, and the Court cannot determine in a vacuum the trustworthiness and admissibility of opinions expressed in Mr. Irvin's medical records.  The Court should wait until specific medical records are offered before determining their admissibility.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH Q

"That any members of the public or medical community desire that Vioxx be placed back on the market."

### MERCK'S RESPONSE TO PARAGRAPH Q

The Court should deny this request.  Plaintiff contends that Mr. Irvin would never have taken Vioxx if a different warning had been provided.  Evidence that people today want to take Vioxx even after all of the publicity that the withdrawal of Vioxx from the market has received (and that the litigation has received) is relevant to assessing the credibility of plaintiff's claim.  When assessing plaintiff's claim that Mr. Irvin would not have taken Vioxx, the jury should not be kept in the dark about the fact that many people today would take the drug if permitted.

This evidence is also relevant if the Court allows the jury to consider without a limiting instruction the fact of withdrawal as bearing on such issues as negligence or causation.  In that

4

case, Merck should be entitled to present evidence of public or medical support for the availability of Vioxx to counter such inferences.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH T

"Any comment, evidence, testimony, inference or document mentioning that too many warnings of serious injuries will dilute the effectiveness of warnings generally."

### MERCK'S RESPONSE TO PARAGRAPH T

The Court should deny this request.  Evidence of this nature is relevant to the adequacy of the warnings given about Vioxx and to the reasonableness of Merck's conduct.  Merck is prepared to offer expert testimony at trial that the FDA does not want the effectiveness of warnings in general diluted by too many warnings of every alleged risk associated with a drug.

## II.   THE FOLLOWING EVIDENCE SHOULD BE ALLOWED IF PLAINTIFF IMPROPERLY OFFERS SIMILAR EVIDENCE.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH D

"Any comment or inference, or submitting any evidence, testimony, or documents suggesting or referring to Health Canada or any other foreign regulatory agency's decision to allow the sale of Vioxx within their respective countries."

### MERCK'S RESPONSE TO PARAGRAPH D

Merck agrees that it would be inappropriate for either party to mention statements, decisions, or requirements of a foreign regulatory agency.  Such evidence bears no relation to Mr. Irvin's use of Vioxx, Dr. Schirmer's decision to prescribe Vioxx to Mr. Irvin, or to any of Merck's alleged conduct in this case.  If, however, plaintiff improperly raises evidence of how Vioxx is labeled in other countries, for example, then Merck should be entitled to rebut this evidence with proof of other foreign regulatory actions, such as the Health Canada statement.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH I

"Any mention or disclosure, whether directly or indirectly, in any manner, that the Plaintiff is covered by some form of insurance for the incident in question. Such fact is entirely immaterial to any issue in this case and any mentioning or inference thereof, directly or indirectly, in any manner, will be harmful and unjustly prejudicial to the Plaintiff."

### MERCK'S RESPONSE TO PARAGRAPH I

Merck agrees with this request and has moved for an order excluding any mention of Merck's liability insurance. Merck is willing to agree to make no comment about the subject matter of paragraph I if plaintiff will agree to refrain, to the same extent, from making any comment about Merck's liability insurance.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH L

"That Plaintiff's attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation. Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury."

### MERCK'S RESPONSE TO PARAGRAPH L

Merck agrees and has moved for an order excluding any comment before the jury about Merck's defense counsel. Merck is willing to agree to make no comment about the subject matter of paragraph L if plaintiff will agree to refrain, to the same extent, from making any comment about Merck's defense counsel.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH O

"Any comment, evidence, testimony, inference or document that bolsters the unchallenged character (e.g., honest) or traits (e.g., generous) of the Defendant's current or former employees, managers, consultants, experts, agents, or fiduciaries preemptively."

790926v.1

## MERCK'S RESPONSE TO PARAGRAPH O

Merck's position on this request depends on whether plaintiff is permitted to introduce evidence purportedly showing the "bad character" of Merck. Merck has demonstrated in several motions in limine that evidence of allegedly "bad acts" or generalized "bad character" is irrelevant and/or inadmissible on other grounds. (*See, e.g.*, Merck's Motion to Exclude Evidence or Argument Concerning Alleged Misconduct Unrelated to Vioxx, filed November 4, 2005; Merck's Motion to Exclude Evidence of Changes Between the 16th and 17th Editions of the Merck Manual, filed November 4, 2005; Merck's Motion to Exclude Evidence of or Argument Regarding (1) Statements Made in Connection With Political Proceedings and Debate Regarding Vioxx, and (2) Evidence of Verdicts from Other Litigation, Claims and Actions, or Government Proceedings, filed November 4, 2005.) As a general matter, Merck does not intend to offer evidence of its good character or that of its employees "preemptively." But if plaintiff is permitted to introduce evidence purportedly showing the bad character of Merck or its employees, Merck would plainly be entitled to rebut such evidence.

Merck also opposes this request to the extent that plaintiff is seeking an order excluding evidence of the basic nature of Merck's business, for the reasons and to the extent set forth in its concurrently-filed Opposition To Plaintiff's Motion *in Limine* To Exclude Evidence or Discussion Concerning Defendant's Reputation and/or "Good Acts."

## EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH R

"Any comment, evidence, testimony, inference or document mentioning that state warning defect or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits."

790926v.1

### MERCK'S RESPONSE TO PARAGRAPH R

Merck agrees that that it would be inappropriate to mention any of the matters described in paragraph R *unless* the Court allows plaintiff to argue that Merck's warnings for Vioxx were inadequate because Merck did not add a black-box warning or make other label changes not approved by the FDA.  This issue is addressed in Merck's Motion to Exclude Evidence or Argument Preempted by Federal Regulations, filed November 4, 2005.  In that case, Merck should be free to rebut plaintiff's allegations.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH S

"Any comment, evidence, testimony, inference or document mentioning that state tort law undercuts the FDA's mission to provide only scientifically valid warnings."

### MERCK'S RESPONSE TO PARAGRAPH S

Merck agrees that that it would be inappropriate to mention any of the matters described in paragraph S *unless* the Court allows plaintiff to argue that Merck committed fraud on the FDA.  This issue is addressed in Merck's Motion to Exclude Evidence or Argument Preempted by Federal Regulations, filed November 4, 2005.  In that case, Merck should be free to rebut plaintiff's allegations.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH U

"Any comment, evidence, testimony, inference or document mentioning that state products liability law frustrates the FDA's protective regime."

### MERCK'S RESPONSE TO PARAGRAPH U

Merck agrees that that it would be inappropriate to mention any of the matters described in paragraph S *unless* the Court allows plaintiff to argue that Merck committed fraud on the FDA.  This issue is addressed in Merck's Motion to Exclude Evidence or Argument Preempted

790926v.1

by Federal Regulations, filed November 4, 2005. In that case, Merck should be free to rebut plaintiff's allegations.

## III.     THE COURT NEED NOT ADDRESS THE FOLLOWING REQUESTS AT THIS TIME.

Merck does not intend to offer evidence or make any argument in the compensatory damages phase of trial on the following topics. If there is a punitive damages phase of trial, Merck reserves the right to address these topics (with the exception of those raised in paragraph N) at that time.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH A

"That a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medications. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH B

"Any comment or inference, or submitting any evidence, testimony, or documents tending to suggest in any way that any award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical, or health products available to individuals or industries in the United States or worldwide. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH C

"Making reference that this case or other Vioxx product liability litigation cases may have a negative impact on the stock price of Merck or any other publicly traded pharmaceutical manufacturer. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury."

9

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH E

"That this case or any other Vioxx products liability case may cause an increase in the cost of purchasing or maintaining insurance.  Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH F

"That this case or any other Vioxx product liability case may cause an increase in the cost of purchasing medications for the public.  Such agreement is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH J

"Any comment, inference, evidence, testimony, or document tending to suggest in any way that an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law.  See generally TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443, 462 (1993)."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH K

"Any mention of the purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," or similar terms or phrases.  Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH N

"Any comment, evidence, testimony, inference or document mentioning, suggesting or inferring that Vioxx was taken off the market due to "media hype" caused by attorneys or the media themselves.  Such argument would be irrelevant, hearsay, and designed solely to inappropriately sway the sympathies of the jury."

790926v.1

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

790926v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Opposition to Plaintiff's Motion *in Limine* to Exclude Certain Subjects from Evidence at Trial (Motion *in Limine* No. 3) has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 11th day of November, 2005.

12