FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 14  A 8: 45

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

### OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR DISCUSSION CONCERNING DEFENDANT'S REPUTATION AND/OR "GOOD ACTS"

### (MOTION IN LIMINE NO. 4)

Merck is a research-driven pharmaceutical company; it develops and markets medicines and vaccines that play a critical role in global health.  It is a for-profit corporation, and the ongoing success of its business depends on its continuing ability to develop safe and effective drugs that protect and improve human life.

Fee_____
Process_____
X  Dktd_____          790930v.1
___ CtRmDep_____
___ Doc. No _____

Plaintiff's Motion *in Limine* to Exclude Evidence or Discussion Concerning Merck's Reputation and/or "Good Acts" ("Mot.") seeks exclusion of, among other things, evidence that Merck "develops drugs that treat and cure disease." (*Id.* at 2.) As such, the motion is so broad that it would exclude evidence of the fundamental nature of Merck's business, hamstring the ability of Merck-affiliated witnesses to explain even their basic job functions, and prevent Merck from offering evidence that is relevant to its defense. To that extent, plaintiff's overbroad motion should be denied.

Further, Merck expects plaintiff in this case to employ the same accusations and "character" attacks against Merck that the plaintiffs in *Ernst* and *Humeston* did. As shown below in excerpts from opening arguments in both *Ernst* and *Humeston*, plaintiffs have not limited these charges of bad character to Merck's development or marketing of Vioxx®.

> What the company did is, they went and they hired Ray Gilmartin, and Ray Gilmartin is a Harvard-trained businessman, not a scientist. There's nothing wrong with a businessman running the company if he runs it right, but you're going to see what he did. If a Boy Scout has a compass or a Girl Scout has a compass and the needle is supposed to always point north, Ray Gilmartin took this company and made the needle always point to the dollar sign, and that's how they chose their direction. Ray Gilmartin made it not science first like it had always been, not health first, not medicine first, not drugs first. Ray Gilmartin made it profit first. He turned a good drug company into a business-first company.

(July 14, 2005 Tr., *Ernst v. Merck*, No. 19961*BH02 (Dist. Ct. Brazoria County Tex. filed May 24, 2002) at 36:9-23, attached as Ex. 12 to the Declaration of Phillip A. Wittmann in Support of Merck's Oppositions to Plaintiff's Motions *in Limine* ("Wittmann Decl."); *see also id.* at 39:13-40:7 (discussing marketing materials relating to non-Vioxx products).)

> You hit those ATM machines enough and they start running out of money. You do got to put money in to get money out, don't you? Okay. Merck has got problems here. Because while they turned Merck into an ATM, the new

2

management has, they got desperate. Gilmartin gets desperate because his ATM is set to run out of money starting in the year 2000/2001.

(*Id.* at 46:20-47:2.)

> And what you have when you have a PUP [sic] company that makes pharmaceutical products for doctors that is given to patients you have got a man in turmoil. You have a guy who has conflicted loyalties, and you can't reconcile those because on the one hand you have to increase value to shareholders; on the other hand he is supposed to be making drugs that are safe for patients and doctors. Now, George Merck wouldn't have had a problem with that decision because he is the guy who coined the slogan that "medicine is for people not profits." But Raymond Gilmartin had a lot of problems, and his executives had a lot of problems with this.

(September 14, 2005 Tr., *Humeston v. Merck*, No. 619 (N.J. Super. Ct. Law Div. filed August 19, 2003) at 65:7-19, attached as Ex. 13 to Wittmann Decl.)

If plaintiff intends to break with this pattern and instead stick with talking about the science and what happened to Mr. Irvin, then Merck would not need the opportunity to defend its corporate character. Conversely, if plaintiff intends to make the same charges that as a company Merck sought profits over patient safety, then Merck should be able to respond to these sorts of charges with contrary evidence. But what plaintiff cannot do is preserve her ability to make wild accusations against Merck while seeking to prevent Merck from demonstrating that those accusations are false.

Moreover, it cannot be seriously contended that there is unfair prejudice by allowing Merck witnesses to address these plainly relevant issues. To the contrary, it is Merck that would be unfairly prejudiced if its witnesses were precluded from making any reference to the basic nature of Merck's business. To make Merck witnesses contort their testimony with circumlocutions to avoid mentioning that Merck performs research or makes medicines and vaccines that have beneficial effects would be anomalous and unfair. Therefore, there is no basis to exclude the evidence under Federal Rule of Evidence 403. To the extent that plaintiff's

790930v.1

motion *in limine* seeks to exclude evidence about the basic nature of Merck's business, the

motion should be denied.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

790930v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Opposition to Plaintiff's Motion *in Limine* to Exclude Evidence or Discussion Concerning Defendant's Reputation And/Or "Good Acts" (Motion *in Limine* No. 4) has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 11th day of November, 2005.

5

790930v.1