UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| Plaintiff, | * | |
| vs. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * *

**OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT MERCK EMPLOYEES OR FAMILY MEMBERS OF MERCK EMPLOYEES TOOK VIOXX®**

**(MOTION IN LIMINE NO. 7)**

The Court should deny this motion. Contrary to plaintiff's claims, evidence that Merck employees or their family members took Vioxx is neither irrelevant nor unfairly prejudicial. It bears directly on plaintiff's failure to warn claim because the very individuals who, plaintiff contends, knew of the cardiovascular risks allegedly associated with Vioxx either personally took Vioxx or permitted their family members to take it. The jury may logically conclude that

790943v.1

had these witnesses – and through them Merck itself – believed Vioxx to be as dangerous as plaintiff claims it is, they would not have taken it or allowed their family members to do so. The evidence bears equally directly on plaintiff's contention that, had Mr. Irvin known what these witnesses allegedly knew, he would not have taken Vioxx and his son-in-law would not have prescribed it to him. And it is "prejudicial" only to the extent that it is powerful evidence, as plaintiff essentially concedes. Merck is entitled to defend itself by presenting this testimony to the jury.

I. **EVIDENCE THAT MERCK WITNESSES TOOK VIOXX OR ALLOWED THEIR FAMILY MEMBERS TO DO SO IS RELEVANT.**

Plaintiff's first claim is that testimony that Merck witnesses or their family members took Vioxx is "irrelevant to the issues of this case" and specifically that it is "*irrelevant to defendant's knowledge of the drug's cardiovascular risks.*"[1] (Plaintiff's Motion *In Limine* to Exclude Evidence that Merck Employees or Family Members of Merck Employees Took Vioxx (Motion *in Limine* No. 7) ("Mot.") at 2-3 (emphasis added).) That is just not so. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to a determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Testimony that Merck scientists and executives who were intimately aware of Vioxx's safety profile themselves took Vioxx, or allowed their family members to do so, unquestionably bears on the issue of what those witnesses knew about the risks associated with taking Vioxx; it therefore satisfies the requirements of Rule 401. As a matter of basic fairness, Merck must be permitted to offer this evidence in order to defend itself

---

[1] Plaintiff also contends that evidence of personal ingestion of Vioxx is not relevant to other issues in the trial, but of course evidence need not be relevant to every issue in a case to be admissible. Here, the evidence is relevant to at least two major issues – Merck's knowledge of the safety of Vioxx and the credibility of plaintiff's allegation that Dr. Schirmer would not have prescribed Vioxx, and Mr. Irvin would not have taken Vioxx, if they had known what she contends Merck knew about the alleged cardiovascular risks.

against plaintiff's contention that Merck knew of cardiovascular risks but failed to provide an adequate warning of those risks.

Plaintiff asserts that testimony from a particular witness that he or she took Vioxx, or permitted a loved one to do so, "does not impact and is not relevant on the issue of whether the Merck corporate entity, through its officers, directors and/or medical personnel had knowledge of the drug's cardiovascular risks when it placed its product in the stream of commerce for individuals, like Mr. Irvin, to consume." (Mot. at 3.) Plaintiff simply announces that conclusion, rather than explaining it. And that conclusion – plaintiff's *only* argument as to relevance – is no answer at all. The key players involved in developing, testing, and marketing Vioxx are the very witnesses who will testify that they or their family members took Vioxx. They include Raymond Gilmartin, the former CEO; Edward Scolnick, the former chief scientist at Merck and head of its research laboratories; Peter Kim, the present head of the Merck research laboratories; David Anstice, the head of marketing and United States sales at Merck; Alise Reicin, a senior Merck scientist and physician extensively involved in the development and testing of Vioxx; Alan Nies, a former senior scientist at Merck who was the head of the Vioxx development program; Louis Sherwood, a physician and Senior Vice-President of Medical and Scientific Affairs at Merck; and Nancy Santanello, the head of epidemiology at Merck.[2]

Plaintiff is no stranger to these individuals – they are the same people who have been accused of wrongdoing during their depositions and in prior trials. It is entirely disingenuous to suggest, on one hand, that the fact that these witnesses allegedly knew of the cardiovascular risks of Vioxx shows that "Merck" was aware of those risks, while at the same time contending that the fact that those witnesses either personally used or permitted their family members to use

---

[2] If it becomes necessary to do so at trial, Merck will make offers of proof concerning the personal use of Vioxx by these individuals.

Vioxx is irrelevant because their knowledge cannot be imputed to Merck. Plaintiff cannot have it both ways. Unless she is willing to stipulate that she will not accuse these witnesses at trial of having knowledge of Vioxx's cardiovascular risks, plaintiff cannot persuasively argue that evidence of these witnesses' personal or family use of Vioxx is irrelevant to the issue of Merck's knowledge.

And even if plaintiff were willing to stipulate to that effect, this evidence would still be admissible as it is also highly relevant to the issue of warning causation – and specifically to assessment of the credibility of plaintiff's contention that Mr. Irvin would not have taken Vioxx but for Merck's failure to warn adequately of cardiovascular risks that it knew about. (Compl. at ¶ 104); *see Felix v. Hoffman-LaRoche, Inc.*, 540 So. 2d 102, 104 (Fla. 1989). It is undisputed that Mr. Irvin suffered from severe back pain, and, before taking Vioxx, had tried numerous other medications that were ineffective in alleviating the pain or that caused gastric distress. (*See* Deposition of Evelyn Irvin Plunkett at 54:12-55:1, 59:2-8, 62:11-65:1, 76:9-77:9, attached as Ex. 9 to Declaration of Phillip A. Wittmann in Support of Merck's Oppositions to Plaintiff's Motions *in Limine* ("Wittmann Decl."); Deposition of Allesha Schirmer at 44:14-45:2, 46:14-47:1, attached as Ex. 10 to Wittmann Decl.; Sept. 6, 2005 Deposition of Dr. Christopher Schirmer at 87:21-88:7, attached as Ex. 11 to Wittmann Decl.) The jury should not be kept in the dark about the fact that Merck employees who were extremely knowledgeable about Vioxx were taking the drug. If they hear this evidence, the jury might well question the contention that Mr. Irvin would have never taken Vioxx had he or his physician son-in-law only known what these witnesses allegedly knew.

II.   **EVIDENCE THAT MERCK EMPLOYEES AND THEIR FAMILY MEMBERS TOOK VIOXX IS NOT UNFAIRLY PREJUDICIAL AND SHOULD NOT BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403.**

Plaintiff's fallback position is that this evidence is unfairly prejudicial and thus should be

Not used

excluded Federal Rule of Evidence 403. As plaintiff's papers put it, this evidence "could mislead a jury into believing that Vioxx was safe and effective, since – as Merck will undoubtedly argue – *no witness would have allowed his or her relative to take a drug that was known to be dangerous.*" (Mot. at 5 (emphasis added).) Far from demonstrating any unfairly prejudicial aspect of this evidence, this statement simply confirms the common-sense notion that this evidence *is* probative in assessing the witnesses' knowledge. Indeed, to the extent that plaintiff means the jury might fully credit the testimony, and therefore conclude that a particular witness *believed* that Vioxx was safe and effective, that is precisely why the evidence is relevant, and thus admissible. That is not unfair prejudice; it is just good evidence.[3]

## III. CONCLUSION

For the reasons stated above, Merck respectfully requests that the Court deny plaintiff's motion to exclude evidence that Merck employees or family members took Vioxx.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361
Defendants' Liaison Counsel

---

[3] Plaintiff notes that Judge Higbee excluded this evidence during the *Humeston* trial. With respect, Merck believes that Judge Higbee's ruling was in error. It also bears noting that: (1) evidence that Merck employees took Vioxx was introduced during the *Ernst* trial (Testimony of Alan Nies, *Ernst v. Merck*, No. 19961*BH02 (Dist. Ct. Brazoria County Tex. filed May 24, 2002) of Aug. 5, 2005 at 83:24-84:3, attached as Ex. 12 to the Wittmann Decl.); and (2) Judge Higbee held that, if plaintiffs opened the door to the testimony by arguing that Merck placed profits above safety, she would reconsider her ruling (Aug. 25, 2005 Pre-trial Hearing Tr., *Humeston v. Merck*, No. 619 (N.J. Super. Ct. Law Div. filed August 19, 2003), at 102:5-138:23, attached as Ex. 19 to the Wittmann Decl.). In any event, the rulings by the two state courts have no authoritative force in the action before this Court.

790943v.1

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

790943v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Opposition to Plaintiff's Motion *in Limine* to Exclude Evidence That Merck Employees or Family Members of Merck Employees Took Vioxx (Motion *in Limine* No. 7) has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 11th day of November, 2005.

*Dorothy H. Wimberly*

790943v.1