FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF

2005 NOV 14 · A 8: 47

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

## OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR DISCUSSION CONCERNING PERSONAL MATTERS

### (MOTION IN LIMINE NO. 10)

Plaintiff seeks to exclude evidence or discussion of the following matters which she describes as "personal": (1) that she and Mr. Irvin were ever formally or informally separated, as noted on his Flagler Hospital record; (2) that Mr. Irvin was arrested in conjunction with allegations that he improperly took money from his former employer; and (3) that her son has previously been arrested for driving under the influence.

Fee_____
Process_____
Dktd. _____
CtRmDep_____
Doc. No _____790936v.1

Merck does not intend to offer any evidence of plaintiff's son's arrest, and therefore does not oppose this motion to that limited extent. However, evidence of Mr. and Mrs. Irvin's marital separation is plainly relevant to the question of damages in this case. So, too, is evidence of Mr. Irvin's arrest, which relates to the Irvins' separation. Accordingly, the Court should deny plaintiff's motion, to the extent it seeks to exclude such evidence.

## I.   EVIDENCE CONCERNING MR. IRVIN'S MARITAL SEPARATION, AND THE REASONS FOR THAT SEPARATION, IS RELEVANT.

Plaintiff argues that "[e]vidence of an alleged marital separation . . . ha[s] absolutely no bearing on Merck's knowledge of the dangers of Vioxx®, the adequacy of Merck's warning label concerning Vioxx's propensity to cause thrombotic cardiovascular events, and in particular, the myocardial infarction suffered by Mr. Irvin." True. But plaintiff is seeking damages, including for loss of consortium.

Evidence of marital discord is directly relevant to plaintiff's request for damages due to loss of consortium. *See Adkins v. Seaboard C.L.R. Co.*, 351 So. 2d 1088, 1092 (Fla. Dist. Ct. App. 1977) ("Evidence of domestic discord involving the decedent is probative of the extent of the survivors' mental pain and suffering and their loss of the decedent's companionship and protection."); *Seaboard C.L.R. v. Hill*, 270 So. 2d 359, 360 (Fla. 1972) ("in estimating a widow's loss of society by reason of the wrongful death of her husband, a jury might consider all the evidence relating to the marital relationship at and prior to the time of death").

The record reveals two occasions during which the Irvins may have been separated. First, the Flagler Hospital Record dated May 15, 2001 – the day of Mr. Irvin's death – plainly indicates the marital status of Mr. Irvin as "legally separated." (*See* Flagler Hospital Record, attached as Ex. 16 to Declaration of Phillip A. Wittmann in Support of Merck's Oppositions to Plaintiff's Motions *in Limine* ("Wittmann Decl.").) Second, plaintiff herself admits that she was

2

790936v.1

separated from Mr. Irvin for a period of "about a year" during 1996-1997.  (*See* Deposition of

Evelyn Irvin Plunkett ("Plunkett Dep.") at 52:4-21, 53:6-9, attached as Ex. 9 to Wittmann Decl.)

Plaintiff's own son as well as family acquaintances corroborate this fact.  (*See* Deposition of

Richard Irvin at 83:1-3, attached as Ex. 3 to Wittmann Decl.; Deposition of Barry Kass at 27:20-

28:22, attached as Ex. 4 to Wittmann Decl.)

Despite this evidence, plaintiff flatly states in her motion that she and Mr. Irvin "were

never formally or informally separated due to marital difficulties."  (Plaintiff's Motion *in Limine*

to Exclude Evidence or Discussion Concerning Personal Matters at 1).  In so arguing, plaintiff

asks this Court to accept her say-so and to bar all contrary evidence of marital discord.

Plaintiff's request that this Court resolve this factual dispute in the guise of a motion *in limine* is

improper.  *See Montgomery v. Trinity Independent School Dist.*, 809 F.2d 1058, 1062 (5th Cir.

1987) ("trial judge may not usurp the fact-finding role of the jury by determining credibility,

weighing the evidence, or making factual choices").

The hospital record is admissible to demonstrate that the Irvins were separated at the time

of Mr. Irvin's death.  On its face, it accurately reflects Mr. Irvin's personal information,

including his social security number, address and health insurance information – all of which

came from someone close to Mr. Irvin.  Plaintiff does not argue that the hospital record itself is

inadmissible.  Nor could she, since she has listed the document on her exhibit list.  (*See* Pl. Ex.

4.0007.)  Rather, plaintiff argues only that the otherwise admissible medical record should be

redacted to remove references to the Irvins being legally separated because she contests the

factual accuracy of that notation.  As indicated above, the separation, if true, is directly relevant

to the claimed damages in this case.  That plaintiff disputes the facts reported in a document does

not make the document inadmissible.  Plaintiff is free to contest the hospital record at trial and it

3

will be up to the jury to resolve that issue. At the motion *in limine* stage, plaintiff is not entitled to impose her version of the facts on the question of her marital situation at the time of Mr. Irvin's death.  This is especially true since, as described below, she incorrectly characterized the circumstances of her earlier separation from Mr. Irvin.

Plaintiff seeks to bar evidence that Mr. Irvin was arrested in conjunction with allegations that he improperly took money from his former employer.  But proof of Mr. Irvin's arrest directly contradicts plaintiff's explanation for the Irvins' prior separation and is highly relevant on the issue of damages.  Plaintiff admits that she and Mr. Irvin were separated in the 1996-1997 timeframe.  In an apparent attempt to mitigate the impact of this fact on her claimed damages, plaintiff blames "financial reasons" for the separation.  (*See* Plunkett Dep. at 52:4-17.)  At her deposition, plaintiff stated that these financial difficulties were the result of Mr. Irvin losing his job at a car dealership.  (*Id.*)  She further testified that Mr. Irvin lost his job because the dealership was sold to new owners.  (*Id.* 32:17-21.)  Plaintiff's testimony offers a benign explanation for her one-year separation from Mr. Irvin.  Plaintiff goes even further in her motion, by stating that she and Mr. Irvin "were never formally or informally separated due to marital difficulties." (Mot. at 1.)  In so arguing, plaintiff puts the reason for the Irvins' prior separation directly at issue.

Moreover, Mr. Irvin's arrest contradicts plaintiff's explanation for the separation. Plaintiff testified that: (1) the separation was because of financial difficulties; and (2) the financial difficulties were the result of Mr. Irvin having been laid-off after the car dealership was sold.  The arrest report, on its face, states that Mr. Irvin was fired from his job in 1995 for repeatedly failing to appear for work.  (*See* Affidavit for Arrest Warrant at 1-2, attached as Ex. 17 to Wittmann Decl.)  Mr. Irvin was arrested in 1996 after the car dealership determined that he

4

had embezzled funds. (*Id.*)  It was shortly after Mr. Irvin's arrest in 1996 – not his termination from the dealership in 1995 – that plaintiff and Mr. Irvin separated.

The arrest is a more believable explanation for the separation than the one plaintiff offers. An arrest for Grand Theft is the type of event that logically leads to marital discord triggering a long separation.  The jury does not have to accept plaintiff's characterization of her separation from Mr. Irvin.  Instead, the jury can conclude that the more logical explanation is that Mr. Irvin was arrested for Grand Theft, which in turn created the marital discord that resulted in the Irvins' lengthy separation.[1]  This is particularly so when the arrest record itself directly contradicts plaintiff's sworn testimony that Mr. Irvin left the car dealership because of some sale of the dealership.

## II.      EVIDENCE OF THE IRVINS' SEPARATION IS NEITHER UNFAIRLY PREJUDICIAL NOR LIKELY TO LEAD TO JURY CONFUSION OR DELAY.

Evidence concerning the Irvins' separation – which, as noted, is relevant to the calculation of damages – would not be unfairly prejudicial or likely to lead to juror confusion or delay.  *See* FED. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.")  A lay juror can readily understand that the amount of damages that should be awarded is completely distinct from the issue of medical causation.  Thus, it is unlikely that the jury would improperly determine liability in this case on the basis of the Irvins' marital status.

---

[1]  Plaintiff further contests factually whether Mr. Irvin committed the felony for which he was arrested.  But Merck would not offer evidence of his arrest for the purpose of proving that he committed a crime.  Rather, the arrest is relevant to the causes for the admitted lengthy separation.

790936v.1

## III.    CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court deny plaintiff's motion to the extent it seeks to exclude evidence concerning Mr. Irvin's marital status or his arrest for embezzlement.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:    (202) 434-5029

And

6

790936v.1

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

7

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Opposition to Plaintiff's Motion *in Limine* to Exclude Evidence or Discussion Concerning Personal Matters (Motion *in Limine* No. 10) has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 11th day of November, 2005.

Dorothy H. Wimberly

8

790936v.1