UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * | | |

### OMNIBUS REPLY MEMORANDUM IN
### SUPPORT OF MERCK'S MOTIONS *IN LIMINE*

Defendant Merck & Co., Inc. ("Merck") hereby requests leave to file this short reply memorandum in support of its motions *in limine*. It addresses only a few significant issues not otherwise covered in Merck's opening memoranda.

First, at least half of plaintiff's opposition memoranda assert that evidence having no conceivable relationship to her claims should be admitted because it shows Merck's alleged motive, state of mind, or course of conduct and thus is relevant to the issue of punitive damages. (*See* plaintiff's memoranda in opposition to Merck's motions *in limine* nos. 1, 4, 5, 6, 10, 11, 15,

16, and 17.) It is, of course, premature to address the admissibility of any evidence offered to support imposition of punitive damages. The Court has not yet ruled on whether punitive damages are even available in this case under Florida law, and, if so, whether a punitive damages phase would be bifurcated.[1]

But even in a punitive damages phase, evidence offered to show Merck's state of mind or alleged pattern of conduct that has no nexus with the claims in this case – *e.g.*, warning letters concerning drugs other than Vioxx or marketing materials post-dating Mr. Irvin's death – would still be inadmissible. In *State Farm Mutual Insurance Co. v. Campbell*, 538 U.S. 408, 421-27 (2003), the United States Supreme Court held that evidence of conduct occurring outside of the jurisdiction in which the specific action was pending and involving third parties could not provide the basis for imposition of punitive damages:

> For a more fundamental reason, however, the Utah courts erred....The courts awarded punitive damages to punish and deter conduct that bore no relation to the Campbells' harm. A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business.

*Id.* at 422-23. The Supreme Court thus severely restricted the ability of a jury to award punitive damages based on evidence of conduct involving third parties that has no bearing to the harm suffered by the plaintiff in a given case. *See also BMW of North America, Inc. v. Gore*, 517 U.S. 559, 573-74 (1996). Admitting evidence not bearing on any disputed issue in this case would plainly contravene the Supreme Court's rulings in *State Farm* and *Gore*.

---

[1] Plaintiff has filed a memorandum of law arguing that punitive damages are available and opposing bifurcation. Merck anticipates that it will file a response to that memorandum on or before Thursday, November 17.

In addition, plaintiff makes a number of other arguments in opposition to Merck's motions *in limine* that warrant a brief reply:

- ***Merck's Motion in Limine No. 5 (to Exclude Evidence or Argument Preempted by Federal Regulations).*** Plaintiff contends that Merck's argument that FDA regulations precluded it from adding a black box warning to the Vioxx label without FDA approval was "properly rejected" by the New Jersey state court in *Humeston* (Opp'n #5 at 3). Even though the state court's rulings are not binding on this Court, it is worth noting that plaintiff has mischaracterized the New Jersey proceedings. In fact, Judge Higbee held that "counsel may *not* represent to the jury that black box warnings do not have to be approved by the FDA." (Hearing Transcript, *Humeston v. Merck & Co.*, 8/30/2005 at 103:5-24) (emphasis added) (attached to the Declaration of Dorothy H. Wimberly as Exhibit A). Judge Higbee did permit plaintiff's counsel in that case to argue that Merck could have *asked* the FDA for a black box warning or told the FDA that it thought it needed one. (*Id.*).

- ***Merck's Motion in Limine No. 7 (to Exclude Evidence of Irrelevant Medical Conditions).*** Plaintiff misinterprets the scope of Merck's motion by claiming it seeks "to exclude any and all references to the Deceased's medical conditions (or lack thereof)." (Opp'n #7 at 1). In reality, Merck's motion seeks only to exclude evidence of alleged side-effects "caused by *Vioxx* that have no relevance or connection to Mr. Irvin's undisputed sudden cardiac death." (Mot. #7 at 1). For example, given that plaintiff's experts explicitly assert that Mr. Irvin did not have hypertension, evidence or argument that Vioxx allegedly causes hypertension in

3

some other patients is irrelevant to this case. Moreover, such evidence has a high probability of confusing the jury and creates the risk jurors will conflate biological mechanisms for hypertension with that of sudden cardiac death. Plaintiff concedes that she "does not oppose the exclusion of irrelevant and improperly prejudicial testimony." (Opp'n #7 at 1.) Therefore, the court should exclude all evidence and argument relating to alleged side-effects of Vioxx that Mr. Irvin did not experience, including congestive heart failure, Alzheimer's disease, and alteration in nitric oxide levels.

- ***Merck's Motion in Limine No. 14 (to Exclude Evidence of a Privileged, Previously Excluded Confidential Memorandum of Invention)*** Plaintiff makes the facile argument that Merck somehow waived the privilege by allegedly disclosing "significant portions" of the privileged memorandum in a brief filed in the *Humeston* case in New Jersey. (*See* Opp'n #14 at 8-10.) What this argument obscures is that it was the *plaintiffs* in Humeston, not Merck, who put the memorandum before the court, as an attachment to their letter brief opposing Merck's motion for a protective order. Merck cannot be held to have waived the privilege simply because it was responding to the *Humeston* plaintiffs' brief and explaining why the document was privileged.[2]

- ***Merck's Motion in Limine No. 15 (to Exclude Evidence of or Arguments Made in Connection with Political Proceedings, etc.)*** Plaintiff mischaracterizes Congressman Waxman's May 5, 2005 Memorandum to Democratic Members of

---

[2] Merck will make both the confidential memorandum and plaintiff's letter brief in *Humeston* (which purported to paraphrase the contents of the memorandum) available for the Court's inspection *in camera.*

the Government Reform Committee (the "Waxman Memo"), as a "Report of the House Committee on Government Reform," and implies that the Waxman Memo was prepared by that Committee. (Opp'n #15 at 2, 3-5). She even goes so far as to claim that the Waxman Memo "memorializes the Committee's findings..." (Opp'n #15 at 4). This is untrue. The Waxman Memo does not "memorialize the Committee's findings" and was not drafted or approved by the House Committee on Government Reform (the "HCGR"). Instead, the memo was written by one individual member of Congress, Representative Henry A. Waxman, on behalf of himself, not on behalf of the HCGR. (*See, e.g.,* Waxman Memo at 1, attached as Exhibit C to Opp'n #15). It is addressed only to the other "Democratic Members" of the HCGR. (*Id.*) And, the memo cannot memorialize any one member's ultimate findings (let alone "the Committee's findings" as described by plaintiff) because it was prepared in *advance* of the HCGR's May 5, 2005 hearing. (*See id.*) (claiming to "summarize[] the key documents received by the Committee" to assist Democratic Members of the HCGR "in their preparation for the May 5, 2005[] hearing on FDA and Vioxx."). The Waxman Memo is exactly the kind of hearsay political statement that should be excluded.

                                              Respectfully submitted,

                                              /s/ Dorothy H. Wimberly

                                              Phillip A. Wittmann, 13625
                                              Dorothy H. Wimberly, 18509
                                              STONE PIGMAN WALTHER
                                              WITTMANN L.L.C.
                                              546 Carondelet Street
                                              New Orleans, Louisiana 70130-3588
                                              Phone: 504-581-3200
                                              Fax:   504-581-3361
                                              Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:     (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:     (213) 430-6407

Attorneys for Merck & Co., Inc.

791187v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Omnibus Reply Memorandum In Support Of Merck's Motions *In Limine* has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 16th day of November, 2005.

*/s/ Dorothy H. Wimberly*

791187v.1