

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| This document relates to: *Irma Thompson, et al v. Merck & Co., Inc.,* (05-3600) | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

## ANSWER, DEFENSES, REQUEST FOR RELIEF AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck") (incorrectly sued herein as Merck & Company, Inc.) answers the Complaint ("Complaint") as follows:

### RESPONSE TO "THE PARTIES"

1. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 1 of the Complaint and denies each and every allegation contained in the second sentence of paragraph 1 of the Complaint.

2. Denies each and every allegation contained in the first and second sentences of paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey. Merck denies each and every allegation set forth in the third and fourth sentences of paragraph 2 of the Complaint except admits that it has subsidiaries outside the United States. The fifth sentence of paragraph 2 of the

791306v.1

Complaint does not contain an allegation for which a response is required. Merck denies each and every allegation set forth in the sixth sentence of paragraph 2 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®, which was approved by the United States Food and Drug Administration (FDA) as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information, respectfully refers the Court to the relevant prescribing information for its actual language and full text, and admits that VIOXX® is the brand name for Rofecoxib.

3. Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey and that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

## RESPONSE TO "JURISDICTION AND VENUE"

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in paragraph 4 of the Complaint except admits that plaintiff purports to seek damages in excess of the jurisdictional amount, but denies that there is any factual or legal basis for such relief.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in this paragraph except admits that Merck manufactured and distributed VIOXX® in the United States.

## RESPONSE TO "FACTUAL BACKGROUND"

6. Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck marketed the prescription medicine VIOXX®, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information regarding the indicated uses for VIOXX®.

7. Denies each and every allegation contained in paragraph 7 of the Complaint

except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

8.  Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that the mechanism of action of VIOXX® is believed to be due to inhibition of prostaglandin synthesis.

9.  Denies each and every allegation contained in paragraph 9 of the Complaint except admits that in May 1999, Merck received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

10. Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck received letters from a regulatory review officer in December 1999 and September 2001 and respectfully refers the Court to those letters for their actual language and full text.

11. Denies each and every allegation contained in paragraph 11 of the Complaint and respectfully refers the Court to the referenced research for its actual language and full text.

12. Denies each and every allegation contained in paragraph 12 of the Complaint, except Merck admits that the referenced study exists and respectfully refers the Court to this study for its actual language and full text.

13. Denies each and every allegation contained in paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint except admits the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

15. Denies each and every allegation contained in paragraph 15 of the Complaint and avers that Merck and the FDA presented the VIOXX® Gastrointestinal Outcomes Research (VIGOR) data in February 2001 at a public meeting of the Arthritis Advisory Committee.

16. Denies each and every allegation contained in paragraph 16 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

18. Denies the conclusory nature of the allegations in paragraph 18 of the Complaint except admits that VIOXX® was prescribed to millions of patients by health care providers and that sales figures exceed $2 billion 2003.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

## RESPONSE TO - COUNT ONE
## "STATUTORY STRICT PRODUCT LIABILITY"

23. With respect to the allegations contained in paragraph 23 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 22 of this Answer with the same force and effect as though set forth here in full.

24. The allegations contained in paragraph 24 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in this paragraph except admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

791306v.1

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

## RESPONSE TO - COUNT TWO
## "COMMON LAW STRICT PRODUCTS LIABILITY"

31. With respect to the allegations contained in paragraph 31 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32. The allegations contained in the first and second sentences of paragraph 32 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in the first two sentences of this paragraph, except it admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®. Merck denies each and every allegation contained in the third sentence of paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

## RESPONSE TO - COUNT THREE
## "NEGLIGENCE"

36. With respect to the allegations contained in paragraph 36 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37. The allegations contained in paragraph 37 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in this paragraph.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 (a)-(i) of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

### RESPONSE TO - COUNT FOUR
### "BREACH OF EXPRESS WARRANTY"

44. With respect to the allegations contained in paragraph 44 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

### RESPONSE TO- COUNT FIVE
### "BREACH OF IMPLIED WARRANTY"

47. With respect to the allegations contained in paragraph 47 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 46 of this Answer with the same force and effect as though set forth here in full.

48. The allegations contained in paragraph 48 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in this paragraph.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

791306v.1

### RESPONSE TO - COUNT SIX
### "UNJUST ENRICHMENT"

52. With respect to the allegations contained in paragraph 52 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

### RESPONSE TO "COUNT SEVEN – LOSS OF CONSORTIUM"

56. With respect to the allegations contained in paragraph 56 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 55 of this Answer with the same force and effect as though set forth here

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

58. Denies each and every allegation contained in paragraph 58 of the Complaint except admits Plaintiff purports to seek damages but denies that there is any legal or factual basis for relief.

### RESPONSE TO - COUNT SEVEN
### "PUNITIVE DAMAGES"

59. With respect to the allegations contained in paragraph 59 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 58 of this Answer with the same force and effect as though set forth here in full.

60. Denies each and every allegation contained in paragraph 60 of the Complaint.

## RESPONSE TO - COUNT EIGHT
## "FRAUD"

61. With respect to the allegations contained in paragraph 61 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 60 of this Answer with the same force and effect as though set forth here in full.

62. The allegations contained in first sentence of paragraph 62 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed necessary, Merck denies each and every allegation contained in the first sentence of this paragraph. Merck denies each and every allegation contained in the second sentence of paragraph 62 of the Complaint.

63. Denies each and every allegation contained in paragraph 63 of the Complaint.

64. Denies each and every allegation contained in paragraph 64 of the Complaint.

65. Denies each and every allegation contained in paragraph 65 of the Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Complaint.

67. Denies each and every allegation contained in paragraph 67 of the Complaint.

## RESPONSE TO "DEMAND FOR RELIEF"

With respect to Plaintiffs' Demand for Relief, Merck denies each and every allegation except admits Plaintiffs purport to seek damages but denies that there is any legal or factual basis for relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

791306v.1

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

### AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

Merck is not guilty of negligence and violated no duty owing to Plaintiffs.

### AS FOR AN EIGHTH DEFENSE,
### MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or part by the contributory negligence of the Plaintiff.

791306v.1

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after the Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the Plaintiffs' misuse or abuse of VIOXX®.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or

losses resulted from the Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

To the extent that the Plaintiffs' reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint; such benefits are not recoverable in this action.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

If a finding of liability is made against Merck, Merck is entitled to apportionment.

791306v.1

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred because Merck has discharged its duty to warn in its warning to prescribing physicians.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state-of-the-art at the time it was manufactured.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's

state and federal constitutional rights.

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

This case is more appropriately brought in a different venue.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

791306v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

*[signature]*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Robert A. Bunda
Rebecca C. Sechrist
BUNDA STUTZ & DeWITT, P.L.L.
One SeaGate, Suite 650
Toledo, OH 54604
Phone: 419-241-2777
Fax:    419-241-4697

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 17th day of November, 2005

*[signature]*

791306v.1