

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 17  PM 1:08

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Ruby Frances Smith,* | * | JUDGE FALLON |
| *Marian Cox, Northa Brand, Patricia Dye, Hazel* | * | |
| *Crall, Bill Wander and Joe Wachtel, obo Rosemary* | * | MAG. JUDGE KNOWLES |
| *Wachtel, deceased, v. Merck & Co., Inc.,* | * | |
| (E.D. La. Index No. 05-5352) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), and its undersigned attorney, answers Plaintiffs'

Complaint in each and every count thereof, separately and severally, as follows:

1.       Denies each and every allegation set forth in the first sentence of paragraph 1 of the

Complaint except admits that Plaintiffs purport to bring a civil action for personal injuries and/or

death sustained after using Vioxx® (rofecoxib) (hereafter, "Vioxx"), but denies that there is any

legal or factual basis for such action.  Lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations set forth in the second sentence of paragraph 1 of the

Complaint.  Denies each and every allegation set forth in the third sentence of paragraph 1 of the

Complaint except admits that Plaintiffs purport to seek monetary damages, but denies that there

is any legal or factual basis for such relief.

1

### RESPONSE TO "PARTIES"

2.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint.

3.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the Complaint.

4.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Complaint.

5.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint.

6.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint.

7.      The allegations set forth in the first sentence of paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations that Plaintiff Wachtel is the proper party to bring an action on behalf of Rosemary Wachtel or that Plaintiff Wachtel is Rosemary Wachtel's surviving husband.  Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second and third sentences in paragraph 7 of the Complaint.

8.      Denies each and every allegation set forth in paragraph 8 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in White House Station, New Jersey and that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

791328v.1

## RESPONSE TO "JURISDICTION AND VENUE"

9.      The allegations set forth in paragraph 9 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that each plaintiff seeks damages in excess of $75,000, but denies that there is any legal or factual basis for awarding same.

10.      The allegations set forth in paragraph 10 of the Complaint are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO "FACTS COMMON TO ALL COUNTS"

11.      Denies each and every allegation set forth in paragraph 11 of the Complaint, except admits that Vioxx is the brand name for rofecoxib, that the prescription medicine Vioxx reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

12.      Denies each and every allegation set forth in paragraph 12 of the Complaint, except admits that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

13.      Denies each and every allegation set forth in paragraph 13 of the Complaint except admits that Plaintiff purports to quote the referenced email, but Merck avers that said quote is taken out of context.

3

14.     Denies each and every allegation set forth in paragraph 14 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDAs for their actual language and full text.

15.     Denies each and every allegation set forth in paragraph 15 of the Complaint except admits that on November 23, 1998 Merck submitted a NDA for Vioxx 12.5 mg/mL and Vioxx 25 mg/mL oral suspension and respectfully refers the Court to said NDAs for their actual language and full text.

16.     Denies each and every allegation set forth in paragraph 16 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and that the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx.  Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

17.     Denies each and every allegation set forth in paragraph 17 of the Complaint except admits that Plaintiff appears to accurately quote portions of the referenced label and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

18.     Denies each and every allegation set forth in paragraph 18 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

4

19.     Denies each and every allegation set forth in the first sentence of paragraph 19 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.  Denies each and every allegation set forth in the second sentence of paragraph 19 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Denies each and every allegation set forth in the third sentence of paragraph 19 of the Complaint.

20.     Denies each and every allegation set forth in paragraph 20 of the Complaint except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen.  Merck respectfully refers the Court to the referenced study for its actual conclusions and full text.

21.     Denies each and every allegation set forth in paragraph 21 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

22.     Denies each and every allegation set forth in paragraph 22 of the Complaint except admits that Plaintiff purports to quote portions of the referenced email, but Merck avers that said quotes are taken out of context.

23.     Denies each and every allegation set forth in paragraph 23 of the Complaint and respectfully refers the Court to the referenced press release for its actual language and full text.

24.     Denies each and every allegation set forth in paragraph 24 of the Complaint except admits that Merck is a member and, since 1999, has been a sponsor of the European United League Against Rheumatism ("EULAR"), and that the studies referenced in sentence one of

791328v.1

paragraph 24 and the article referenced in sentence two of paragraph 24 exist, and respectfully refers the Court to said publications for their actual language and full text.

25.    Denies each and every allegation set forth in paragraph 25 of the Complaint, except admits that worldwide sales of Vioxx exceeded $2 billion in the year 2000.

26.    Denies each and every allegation set forth in paragraph 26 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

27.    Denies each and every allegation set forth in paragraph 27 of the Complaint except admits that Merck issued a press release in May 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

28.    Denies each and every allegation set forth in paragraph 28 of the Complaint but avers that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

29.    Denies each and every allegation set forth in paragraph 29 of the Complaint except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

30.    Denies each and every allegation set forth in the first two sentences of paragraph 30 of the Complaint except admits that the referenced journals and articles contained therein exist, and that Plaintiff purports to quote from the same and respectfully refers the Court to said studies for their actual language and full context.  Denies each and every allegation in the third sentence of paragraph 30 of the Complaint except admits the referenced journal and article exist and respectfully refers the Court to said article for its actual language and full context.

791328v.1

31.     Denies each and every allegation set forth in paragraph 31 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

32.     Denies each and every allegation set forth in paragraph 32 of the Complaint except admits that Merck received a letter from Thomas W. Abrams in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

33.     Denies each and every allegation set forth in paragraph 33 of the Complaint except admits that Merck received a letter from Thomas W. Abrams in September 2001 and that Plaintiff appears to have accurately quoted the referenced letter, and respectfully refers the Court to that letter for its actual language and full text.

34.     Denies each and every allegation set forth in paragraph 34 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

35.     Denies each and every allegation set forth in paragraph 35 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

36.     Denies each and every allegation set forth in paragraph 36 of the Complaint except admits that Plaintiff purports to quote the referenced label and respectfully refers the Court to the referenced label for its actual language and full text.

791328v.1

37.     Denies each and every allegation set forth in paragraph 37 of the Complaint except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

38.     Denies each and every allegation set forth in paragraph 38 of the Complaint except admits that the referenced Patient Information sheet exists and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

39.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 of the Complaint.

40.     Denies each and every allegation set forth in paragraph 40 of the Complaint.

41.     Denies each and every allegation set forth in paragraph 41 of the Complaint except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further admits that Plaintiff appears to have accurately quoted from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

42.     Denies each and every allegation set forth in paragraph 42 of the Complaint except admits that in 2000 Vioxx achieved worldwide sales of $2.2 billion and admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

43.     Denies each and every allegation set forth in paragraph 43 of the Complaint, except admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those

8

taking placebo.  Merck further averts that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

44.     Denies each and every allegation set forth in paragraph 44 of the Complaint.

45.     Denies each and every allegation set forth in paragraph 45 of the Complaint except admits that Plaintiffs purport to seek punitive damages, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT I, STRICT LIABILITY"**

46.     With respect to the allegations set forth in paragraph 46 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

47.     Denies each and every allegation set forth in sentence one of paragraph 47 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in sentence two of paragraph 47 of the Complaint.

48.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 48 of the Complaint.

49.     Denies each and every allegation set forth in paragraph 49 of the Complaint.

50.     Denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     Denies each and every allegation set forth in paragraph 51 of the Complaint.

52.     Denies each and every allegation set forth in paragraph 52 of the Complaint.

53.     Denies each and every allegation set forth in paragraph 53 of the Complaint.

54.     Denies each and every allegation set forth in paragraph 54 of the Complaint.

791328v.1

55.     Denies each and every allegation set forth in paragraph 55 of the Complaint.

56.     Denies each and every allegation set forth in paragraph 56 of the Complaint.

57.     Denies each and every allegation set forth in paragraph 57 of the Complaint.

58.     Denies each and every allegation set forth in paragraph 58 of the Complaint.

## RESPONSE TO "COUNT II, NEGLIGENCE"

59.     With respect to the allegations set forth in paragraph 59 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

60.     The allegations set forth in paragraph 60 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

61.     Denies each and every allegation set forth in paragraph 61 of the Complaint, including each and every allegation in subparagraphs a. through f.

62.     Denies each and every allegation set forth in paragraph 62 of the Complaint.

63.     Denies each and every allegation set forth in paragraph 63 of the Complaint.

64.     Denies each and every allegation set forth in paragraph 64 of the Complaint.

65.     Denies each and every allegation set forth in paragraph 65 of the Complaint.

66.     Denies each and every allegation set forth in paragraph 66 of the Complaint.

67.     Denies each and every allegation set forth in paragraph 67 of the Complaint.

68.     Denies each and every allegation set forth in paragraph 68 of the Complaint.

69.     Denies each and every allegation set forth in paragraph 69 of the Complaint.

791328v.1

## RESPONSE TO "COUNT III, NEGLIGENCE PER SE"

70.    With respect to the allegations set forth in paragraph 70 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

71.    The allegations set forth in paragraph 71 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

72.    The allegations set forth in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, marketing and distribution of Vioxx.

73.    The allegations set forth in paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

74.    The allegations set forth in paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

75.    Denies each and every allegation set forth in paragraph 75 of the Complaint, including each and every allegation in subparagraphs a. through e.

76.    Denies each and every allegation set forth in paragraph 76 of the Complaint.

77.    Denies each and every allegation set forth in paragraph 77 of the Complaint.

78.    Denies each and every allegation set forth in paragraph 78 of the Complaint.

79.    Denies each and every allegation set forth in paragraph 79 of the Complaint.

80.    Denies each and every allegation set forth in paragraph 80 of the Complaint.

11

81.     Denies each and every allegation set forth in paragraph 81 of the Complaint.

82.     Denies each and every allegation set forth in paragraph 82 of the Complaint.

83.     Denies each and every allegation set forth in paragraph 83 of the Complaint.

84.     Denies each and every allegation set forth in paragraph 84 of the Complaint.

### RESPONSE TO "COUNT IV, BREACH OF EXPRESS WARRANTY"

85.     With respect to the allegations set forth in paragraph 85 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

86.     The allegations set forth in paragraph 86 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 86 of the Complaint.

87.     Denies each and every allegation set forth in paragraph 87 of the Complaint.

88.     Denies each and every allegation set forth in paragraph 88 of the Complaint.

89.     Denies each and every allegation set forth in paragraph 89 of the Complaint.

90.     Denies each and every allegation set forth in paragraph 90 of the Complaint.

91.     Denies each and every allegation set forth in paragraph 91 of the Complaint.

92.     Denies each and every allegation set forth in paragraph 92 of the Complaint.

93.     Denies each and every allegation set forth in paragraph 93 of the Complaint.

### RESPONSE TO "COUNT V, BREACH OF IMPLIED WARRANTY"

94.     With respect to the allegations set forth in paragraph 94 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

791328v.1

95.     The allegations set forth in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 95 of the Complaint.

96.     Denies each and every allegation set forth in paragraph 96 of the Complaint.

97.     Denies each and every allegation set forth in paragraph 97 of the Complaint.

98.     Denies each and every allegation set forth in paragraph 98 of the Complaint.

99.     Denies each and every allegation set forth in paragraph 99 of the Complaint.

100.    Denies each and every allegation set forth in paragraph 100 of the Complaint.

101.    Denies each and every allegation set forth in paragraph 101 of the Complaint.

102.    Denies each and every allegation set forth in paragraph 102 of the Complaint.

103.    Denies each and every allegation set forth in paragraph 103 of the Complaint.

### RESPONSE TO "REQUEST FOR JURY TRIAL"

No response is necessary to the request for a jury trial.  Should a response be deemed required, Merck admits that Plaintiff has requested a jury.

### AS FOR A FIRST DEFENSE,
### MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE,
### MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE,
### MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

791328v.1

## AS FOR A FOURTH DEFENSE,
## MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH DEFENSE,
## MERCK ALLEGES:

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE,
## MERCK ALLEGES:

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A SEVENTH DEFENSE,
## MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiffs.

## AS FOR AN EIGHTH DEFENSE,
## MERCK ALLEGES:

Merck's fault, if any, must be compared to the fault of Plaintiffs and others pursuant to Mo. Rev. Stat. § 537.765 and the principles of comparative fault announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

791328v.1

### AS FOR A NINTH DEFENSE,
### <u>MERCK ALLEGES:</u>

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH DEFENSE,
### <u>MERCK ALLEGES:</u>

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH DEFENSE,
### <u>MERCK ALLEGES:</u>

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

### AS FOR A TWELFTH DEFENSE,
### <u>MERCK ALLEGES:</u>

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

791328v.1

### AS FOR A THIRTEENTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A FOURTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FIFTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

### AS FOR A SIXTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A SEVENTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR AN EIGHTEENTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

791328v.1

### AS FOR A NINETEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

### AS FOR A TWENTIETH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-SECOND DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

### AS FOR A TWENTY-THIRD DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

17

791328v.1

### AS FOR A TWENTY-FOURTH DEFENSE,
### MERCK ALLEGES:

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A TWENTY-FIFTH DEFENSE,
### MERCK ALLEGES:

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### AS FOR A TWENTY-SIXTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant,

18

which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

Merck avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

791328v.1

### AS FOR A TWENTY-NINTH DEFENSE,
### MERCK ALLEGES:

Merck avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### AS FOR A THIRTIETH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

### AS FOR A THIRTY-FIRST DEFENSE,
### MERCK ALLEGES:

In the event the Plaintiffs have suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiffs' alleged damages, injuries, and/or losses.

### AS FOR A THIRTY-SECOND DEFENSE,
### MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck will rely on all defenses which may become available during discovery or trial.

20

791328v.1

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, including attorney's fees, together with such other and further relief that the Court may deem just and proper.

Respectfully Submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

John C. Aisenbrey       MO Bar # 31907
George F. Verschelden  MO Bar # 55128
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2800
Kansas City, Missouri 64108
Tel:     (816) 842-8600
Fax:     (816) 691-3495

Counsel for Merck & Co., Inc.

791328v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this $17$ day of $Nov$, 2005.

Thomas P. Cartmell
Brian J. Madden
Thomas J. Preuss
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, Mo 64112

J. Scott Bertram
The Bertram Law Firm, LLC
9229 Ward Parkway, Suite 107
Kansas City, Mo 64114

Wm. Dirk Vandever
The Popham Law Firm, P.C.
323 W. 8th Street, Ste. 200
Kansas City, Mo 64105

James P. Frickleton
Bartimus, Frickleton, et al.
11150 Overbrook Drive
Leawood, Ks 66211

Kirk J. Goza
Bradley B. Honnold
Goza & Honnold, LLC
2630 City Center Square
1100 Main Street, P.O. Box 482355
Kansas City, Mo 64148-2355

Grant L. Davis
Shawn Foster
Davis Bethune & Jones, LLC
1100 Main Street, Suite 2930
P.O. Box 26250
Kansas City, Mo 64196

791328v.1

Wayne S. Spivey
Shrager, Spivey & Sachs
Two Commerce Square
32nd Floor
Philadelphia, Pa 19103

ATTORNEYS FOR PLAINTIFFS

791328v.1