

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 NOV 17  PM 1:07
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Steven Benge,* | * | JUDGE FALLON |
| *Bonnie McDowell, Anita L. Dillon, George* | * | |
| *Curry, A. Lee Alexander, Josephine Cooper* | * | MAG. JUDGE KNOWLES |
| *Barbara Speers and James Widner v.* | * | |
| *Merck & Co., Inc.,* (E.D. La. Index No. 05-5148) | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorney, answers Plaintiffs'

Complaint For Damages and Jury Demand ("Complaint") in each and every count thereof,

separately and severally, as follows:

### RESPONSE TO "PARTIES"

1.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations contained in paragraph 1 of the Complaint.

2.      Admits that Merck is a New Jersey Corporation with its principal place of business at

One Merck Drive, White House Station, Hunterdon County, New Jersey.

### RESPONSE TO "JURISDICTION & VENUE"

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to

which no responsive pleading is required.  Should a response be deemed required, Merck admits that

1

Plaintiffs purport to place in excess of $75,000 in damages, exclusive of costs at issue, but deny any legal or factual basis for awarding same.

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.

**RESPONSE TO "GENERAL ALLEGATIONS"**

6.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint.

8.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck manufactured, marketed, and distributed Vioxx® (hereafter, "Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Vioxx is the brand name for rofecoxib, that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory medications ("NSAIDs"), and that the prescription medicine Vioxx reduces pain and inflammation.  Merck further avers that the FDA approved Vioxx as safe and

2

effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.  Merck further avers that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.  Merck further avers that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2), that the COX enzyme produces arachidonic acid and that prostaglandins are derived from arachidonic acid.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx. Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

791335v.1

18.     Denies each and every allegation set forth in paragraph 18 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

19.     Denies each and every allegation set forth in paragraph 19 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study, which showed an advantage for Vioxx over naproxen with respect to gastrointestinal safety.  Merck further avers that in June 2000, Merck filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers the Court to the referenced study and sNDA for their actual language and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that in 2000 Vioxx achieved sales of $2.2 billion and admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that the referenced audio conferences and publications exist and respectfully refers the Court to said audio conferences and publications for their actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and that Plaintiff appears to have accurately quoted the referenced letter, and respectfully refers the Court to that letter for its actual language and full text.

791335v.1

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the prescribing information for Vioxx and letter for their actual language and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint except admits that Merck voluntarily withdrew the prescription medicine Vioxx from the worldwide market on September 30, 2004.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

791335v.1

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

**RESPONSE TO "CLAIMS FOR RELIEF, FIRST CLAIM FOR RELIEF (Products Liability – Design)"**

43.     With respect to the allegations contained in paragraph 43 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

44.     Denies each allegation contained in paragraph 44 of the Complaint except admits that Merck manufactured, marketed, and distributed Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

**RESPONSE TO "SECOND CLAIM FOR RELIEF (Products Liability – Manufacture)"**

47.     With respect to the allegations contained in paragraph 47 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

48.     Denies each allegation contained in paragraph 48 of the Complaint except admits that Merck manufactured, marketed, and distributed Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

791335v.1

**RESPONSE TO "THIRD CLAIM FOR RELIEF (Products Liability – Failure to Warn)"**

51.     With respect to the allegations contained in paragraph 51 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

52.     Denies each allegation contained in paragraph 52 of the Complaint except admits that Merck manufactured, marketed, and distributed Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

### RESPONSE TO "FOURTH CLAIM OF RELIEF (Negligence)"

55.     With respect to the allegations contained in paragraph 55 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

56.     The allegations contained in paragraph 56 are legal conclusions as to which no responsive pleading is required.  If a response is deemed required, Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

### RESPONSE TO "FIFTH CLAIM FOR RELIEF (Negligence *Per Se*)"

59.     With respect to the allegations contained in paragraph 59 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

791335v.1

60.     The allegations contained in paragraph 60 are legal conclusions as to which no responsive pleading is required.  If a response is deemed required, Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

**RESPONSE TO "SIXTH CLAIM FOR RELIEF (Negligent Misrepresentation)"**

64.     With respect to the allegations contained in paragraph 64 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

**RESPONSE TO "SEVENTH CLAIM FOR RELIEF (Breach of Implied Warranty)"**

70.     With respect to the allegations contained in paragraph 70 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

791335v.1

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

### RESPONSE TO "EIGHTH CLAIM FOR RELIEF (Breach of Express Warranty)"

76.     With respect to the allegations contained in paragraph 76 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

### RESPONSE TO "NINTH CLAIM FOR RELIEF (Fraud)"

82.     With respect to the allegations contained in paragraph 82 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

791335v.1

### RESPONSE TO "TENTH CLAIM FOR RELIEF (Fraudulent Concealment)"

88.     With respect to the allegations contained in paragraph 88 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

92.     The allegations contained in paragraph 92 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint.

### RESPONSE TO "ELEVENTH CLAIM FOR RELIEF (Merchandising Practices Act) (§ 407.010 R.S. Mo. et. Seq.)"

96.     With respect to the allegations contained in paragraph 96 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

97.     The allegations contained in paragraph 97 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 97 of the Complaint.

10

98.     The allegations contained in paragraph 98 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.     The allegations contained in paragraph 99 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Denies each and every allegation contained in paragraph 104 of the Complaint except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "TWELFTH CLAIM FOR RELIEF (Outrageous Conduct)"

105.    With respect to the allegations contained in paragraph 105 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

106.    Denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Denies each and every allegation contained in paragraph 108 of the Complaint.

### RESPONSE TO "JURY TRIAL DEMAND"

No response is necessary to the request for a jury trial.  Should a response be deemed required, Merck admits that Plaintiff has requested a jury.

791335v.1

### AS FOR A FIRST DEFENSE,
### MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable

statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE,
### MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE,
### MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of

estoppel, waiver, or statutory and regulatory compliance.

### AS FOR A FOURTH DEFENSE,
### MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries or losses were caused in whole or in part through the

operation of nature or other intervening cause or causes.

### AS FOR A FIFTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance

with applicable federal laws, regulations, and rules, such claims are preempted by federal law

under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn

Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred

791335v.1

under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiffs.

### AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

Merck's fault, if any, must be compared to the fault of Plaintiff and others pursuant to Mo. Rev. Stat. § 537.765 and the principles of comparative fault announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

791335v.1

### AS FOR AN ELEVENTH DEFENSE,
### MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

### AS FOR A TWELFTH DEFENSE,
### MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### AS FOR A THIRTEENTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A FOURTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FIFTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

791335v.1

### AS FOR A SIXTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or

standing to bring such claims.

### AS FOR A SEVENTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in

accordance with the state of the art at the time it was manufactured.

### AS FOR AN EIGHTEENTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiffs seeks punitive damages for an alleged act or omission of

Merck, any award of punitive damages is barred under the relevant state law.

### AS FOR A NINETEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was

subject to and received pre-market approval by the Food and Drug Administration under 52 Stat.

1040, 21 U.S.C. §301.

### AS FOR A TWENTIETH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the

Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate

"directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation

Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the

Restatement (Second) of Torts.

791335v.1

### AS FOR A TWENTY-SECOND DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:

Product Liability.

### AS FOR A TWENTY-THIRD DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the

Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-FOURTH DEFENSE,
### MERCK ALLEGES:

To the extent Plaintiffs have settled or will in the future settle with any person or entity

with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced

accordingly.

### AS FOR A TWENTY-FIFTH DEFENSE,
### MERCK ALLEGES:

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or

actually received from any other source for injuries alleged in the Complaint, such benefits are

not recoverable in this action.

### AS FOR A TWENTY-SIXTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's

state and federal constitutional rights.

### AS FOR A TWENTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth

Amendments of the Constitution of the United States, on the following grounds:

16

(a)      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

791335v.1

## AS FOR A TWENTY-EIGHTH DEFENSE,
## MERCK ALLEGES:

Merck avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

## AS FOR A TWENTY-NINTH DEFENSE,
## MERCK ALLEGES:

Merck avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## AS FOR A THIRTIETH DEFENSE,
## MERCK ALLEGES:

Plaintiffs' claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

## AS FOR A THIRTY-FIRST DEFENSE,
## MERCK ALLEGES:

In the event the Plaintiffs have suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiffs' alleged damages, injuries, and/or losses.

791335v.1

## AS FOR A THIRTY-SECOND DEFENSE,
## <u>MERCK ALLEGES:</u>

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck will rely on all defenses which may become available during discovery or trial.

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, including attorney's fees, together with such other and further relief that the Court may deem just and proper.

791335v.1

Respectfully Submitted,

Phillip A. Wittman, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

John C. Aisenbrey       MO Bar # 31907
George F. Verschelden  MO Bar # 55128
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2800
Kansas City, Missouri 64108
Tel:    (816) 842-8600
Fax:    (816) 691-3495

Counsel for Merck & Co., Inc.

791335v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this _17_ day of _Nov._, 2005.

R. Deryl Edwards, Jr.
606 S. Pearl
Joplin, Missouri 64801

Diane Fenner
Two Bala Plaza, Suite 300
Bala Cynwyd, Pennsylvania 19004
ATTORNEYS FOR PLAINTIFFS

791335v.1