

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | MDL No. 1657 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE <br> DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Anne Morocco v. Merck & Co., Inc., a/k/a and sometimes d/b/a Merck Sharp & Dohme (I.A.) Corp., a New Jersey corporation*, No. 05-2707.

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "I. JURISDICTION AND VENUE"

1.    Denies each and every allegation contained in the first and second sentences of paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey. The allegations contained in the third sentence of paragraph 1 of the Complaint are legal conclusions

```
___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____
```

as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3. Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck may be served as allowed by applicable state and/or federal law, which for individual actions in *In Re: Vioxx Products Liability Litigation*, MDL No. 1657, includes the procedures outlined in Pretrial Order No. 15 issued by Judge Eldon E. Fallon on May 31, 2005.

## RESPONSE TO
## "II. PARTIES & BACKGROUND FACTS"

4. Denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5. Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6. Denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint. Denies each and every allegation contained in the second sentence of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2

7. Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, has its registered office at 820 Bear Tavern Road, City of West Trenton, County of Mercer, New Jersey.

8. Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the United States Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

9. Denies each and every allegation contained in paragraph 9 of the Complaint.

10. Denies each and every allegation contained in paragraph 10 of the Complaint.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint.

13. Denies each and every allegation contained in paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

16. Denies each and every allegation contained in paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

**RESPONSE TO "III. COUNTS –
<u>COUNT I: NEGLIGENCE</u>"**

18. With respect to the allegations contained in paragraph 18 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 17 of this Answer with the same force and effect as though set forth here in full.

19. The allegations contained in paragraph 19 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

20. Denies each and every allegation contained in paragraph 20 of the Complaint, including its subparts a through g, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

21. Denies each and every allegation contained in the first sentence of paragraph 21 of the Complaint. Denies each and every allegation contained in the second, third, fourth, fifth, and sixth sentences of paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

22. Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO
"COUNT II: STRICT LIABILITY"**

23. With respect to the allegations contained in paragraph 23 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 22 of this Answer with the same force and effect as though set forth here in full.

24. Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

25. Denies each and every allegation contained in paragraph 25 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

26. Denies each and every allegation contained in paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein,

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in the first sentence of paragraph 34 of the Complaint. Denies each and every allegation contained in the second, third, fourth, fifth, and sixth sentences of paragraph 34 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

35. Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "COUNT III: BREACH OF EXPRESS WARRANTY"

36. With respect to the allegations contained in paragraph 36 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37. The allegations in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 40 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in the first sentence of paragraph 41 of the Complaint. Denies each and every allegation contained in the second, third, fourth, fifth, and sixth sentences of paragraph 41 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

42. Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT IV: BREACH OF IMPLIED WARRANTY"

43. With respect to the allegations contained in paragraph 43 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44. Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

45. The allegations in paragraph 45 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 45 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and

effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

46. Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx for the indicated uses set out in the relevant FDA approved prescribing information until the voluntary withdrawal of Vioxx on September 30, 2004 from the worldwide market. Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

47. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 47 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 50 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in the first sentence of paragraph 51 of the Complaint. Denies each and every allegation contained in the second, third,

fourth, fifth, and sixth sentences of paragraph 51 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

52. Denies each and every allegation contained in paragraph 52 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT V: FRAUDULENT CONCEALMENT"

53. With respect to the allegations contained in paragraph 53 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 52 of this Answer with the same force and effect as though set forth here in full.

54. Denies each and every allegation contained in paragraph 54 of the Complaint, including its subparts a and b.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 59 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

61. Denies each and every allegation contained in the first sentence of paragraph 61 of the Complaint. Denies each and every allegation contained in the second, third, fourth, fifth, and sixth sentences of paragraph 61 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

62. Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "IV: LIMITATIONS"

63. Denies each and every allegation contained in paragraph 63 of the Complaint.

64. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 64 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 64 of the Complaint.

65. Denies each and every allegation contained in paragraph 65 of the Complaint.

66. The allegations contained in paragraph 66 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 66 of the Complaint.

## RESPONSE TO
## "V:  GLOBAL PRAYER FOR RELIEF"

67.     The allegations contained in paragraph 67 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 67 of the Complaint, including its subparts a through f, except admits that Plaintiff purports to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "VI:  DEMAND FOR JURY TRIAL"

68.     The allegations contained in paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

69.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

70.     The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

71.     To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

72.     To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws,

regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

73. The Plaintiff failed to exercise reasonable care to mitigate her alleged damages.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

74. Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

75. To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

76. The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

77. The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

78. The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

79. The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

80. The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

81. The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

82. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

83. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

84. To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

85. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

86. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

87. The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

88. To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

89. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

90. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights. Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

91. To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

92. To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

93. The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

94. To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

95. The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

96. To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

97. Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

98. Pursuant to Pre-Trial Order No. 11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

99. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1. That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: November 17, 2005

                                          Respectfully submitted,

                                          _____
                                          Richard C. Stanley, 8487
                                          Bryan C. Reuter, 23910
                                          Thomas P. Owen, Jr., 28181
                                                  Of
                                          STANLEY, FLANAGAN & REUTER, L.L.C.
                                          909 Poydras Street, Ste. 2500
                                          New Orleans, LA 70112
                                          Telephone: (504) 523–1580
                                          Telecopier: (504) 524–0069

                                          Phillip A. Wittmann, 13625
                                          Dorothy H. Wimberly, 18509
                                          Carmelite M. Bertaut, 3054
                                          STONE PIGMAN WALTHER
                                          WITTMANN, L.L.C.
                                          546 Carondelet Street
                                          New Orleans, LA 70130
                                          Telephone: (504) 581-3200
                                          Telecopier: (504) 581-3361

                                          Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 17th day of November, 2005.

                                          _____