U.S. FILED
EASTERN DISTRICT COURT
DISTRICT OF LA
2005 NOV 17  AM 10: 23
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

## MOTION,  MEMORANDUM, AND ORDER FOR EXPEDITED CONSIDERATION OF MERCK & CO., INC.'S MOTION FOR CLARIFICATION OF THE COURT'S ORDER CONCERNING PUBLIC STATEMENTS PRIOR TO THE JURY VERDICT

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, hereby moves for expedited consideration of its Motion for Clarification of the Court's Order Concerning Public Statements Prior to the Jury Verdict.  Expedited consideration is necessary for the following reasons:

791302v.1

As set forth more fully in the attached motion, on November 15, 2005, this Court ordered the parties and their counsel to refrain from making public statements concerning this matter prior to the jury verdict.  Notwithstanding the Court's Order, the next day, on November 16, 2005, plaintiff's counsel held a press conference specifically to discuss their view of the *Plunkett* case in apparent violation of this Order.  In so doing, plaintiff's counsel stated that they do not believe that this Court's order was in effect until the start of trial.  As discussed in the motion, plaintiff's counsel's view of this Court's order is at odds with the very restriction on press contact that plaintiff's counsel requested.  On the other hand, Merck has attempted to faithfully adhere to this Court's order and has refrained from any substantive comment to the press. Without immediate clarification of the Court's Order, plaintiff may continue making public statements that potentially influence public opinion against Merck, including the opinions of prospective jurors.

WHEREFORE, Defendant Merck & Co., Inc., requests that this Court schedule an expedited hearing on its Motion for Clarification of the Court's Order Concerning Public Statements Prior to the Jury Verdict.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130-3588
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

3

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:     (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:     (213) 430-6407

4

791302v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion, Memorandum, and Order for Expedited Consideration of Merck & Co., Inc.'s Motion for Clarification of the Court's Order Concerning Public Statements Prior to the Jury Verdict. for Leave to Substitute Corrected Exhibit List has been served on Liaison Counsel Russ Herman by e-mail and by Federal Express , upon Andy Birchfield by e-mail and by Federal Express, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 17th day of November, 2005.

_Dorothy H. Wimberly_
Dorothy H. Wimberly

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar
910 Airport Road
Office 3-A
Destin, FL  32541

791302v.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN, | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**MERCK & CO., INC.'S MOTION FOR
CLARIFICATION OF THE COURT'S ORDER
CONCERNING PUBLIC STATEMENTS PRIOR TO THE JURY VERDICT**

On Monday afternoon, November 14, 2005, counsel for plaintiff expressed concern about

Merck using a public relations person in connection with the *Plunkett* trial.  Counsel for Merck

pointed out that there was no difference between public relations people and lawyers when it

comes to commenting on the merits of a trial.  Counsel for Merck noted that the Beasley Allen

lawyers had a press conference scheduled for Wednesday to publicize their view of the case.

791312v.1

On Tuesday morning, November 15, the Court instructed the parties not to comment on the substance of the case until the trial is over.  On Tuesday afternoon, during a sidebar, counsel for Merck requested further guidance on this issue.  During that sidebar, counsel for plaintiff said that under the Court's instruction Merck should not issue a pre-trial press release on the merits of the *Plunkett* case.  Counsel for Merck agreed.  Counsel for plaintiff also said Merck should not engage in pre-trial image advertising specially targeted at the Houston market (as contrasted with Merck's existing national campaign).  Counsel for Merck said Merck had no such plans, but again agreed.

Also on Tuesday, the Court reported that the jury questionnaires had been filled out and stated that the Court and the parties would be conferring soon to resolve challenges for cause.

On Wednesday morning, November 16, notwithstanding the Court's instructions, and notwithstanding that the venire has been chosen and jury selection is underway, Mr. Beasley went ahead with his press conference.  He had previously provided the press with a 1-800 number so that reporters who could not come to Alabama could participate.

During the approximately 45-minute presentation, Mr. Beasley commented extensively on the case, including references to documents that are the subject of pending motions in limine.

Included among Mr. Beasley's statements were:  Merck was greedy; Merck knew of dangers of Vioxx as early as 1996; Merck misled the public concerning the VIGOR clinical trial; the *Plunkett* case will be David vs. Goliath; the Beasley Allen firm looked at thousands of cases and took on only those with merit; Merck did not want a warning and fought for two years opposing one; Mr. Beasley believes Mrs. Plunkett is entitled to punitive damages; Merck will attack a dead man; and Merck knew Vioxx would kill people.

Following Mr. Beasley's news conference, several reporters contacted Merck. Merck released a statement from its counsel, Philip Beck, stating that the court had asked both parties to refrain from commenting on the substance of the case until the jury returns a verdict and that Merck would respect Court's wishes.

Merck was not the one who asked the Court to intervene in the parties' dealings with the press. It was plaintiff's counsel's idea. The Court did so on Tuesday morning, when it instructed the parties to refrain from public comment on the merits of the case until the verdict is returned. No one present – including Mr. Beasley's partner, Mr. Sizemore – could possibly have misunderstood the Court's direction as springing into effect only when the trial begins. And if anyone was laboring under such a misapprehension, it was removed during the discussion Tuesday afternoon. During that discussion (in which Mr. Sizemore participated), counsel for plaintiff sought and obtained Merck's agreement that, consistent with the Court's directive, Merck would not issue a *pre-trial* press release and would not engage in specially targeted *pre-trial* image advertising.

Plaintiff's counsel's expressed concern, with which Merck agreed, was that the jury pool not be contaminated with either side's out-of-court statements about the merits of the case. This is especially important in this case, because we already have a venire, the prospective jurors already filled out the questionnaire (including questions about whether they know anything about the case), the prospective jurors have not been instructed not to read articles about the case, and as a consequence prospective jurors may be particularly interested in stories about a case in which they could be called as jurors. Indeed, other than the lawyers gathered for the trial, it is difficult to imagine 55 people in Houston who would be more interested in the press coverage than the members of the venire.

791312v.1

Merck does not want to divert its attention from trial preparation to an adjudication of whether Mr. Beasley violated this Court's instructions.  But given Mr. Beasley's assertion that what he calls the "gag order" permits the plaintiff's lawyers to continue their press campaign until the beginning of trial, we do request that the Court reiterate its instructions, this time on the record so that no one can pretend to have misunderstood.

If, as we understand, the Court has instructed the parties to refrain from public comment on the merits of the case, Mr. Beasley needs to be told that, so he and this team can stop trying the case in the press.  If, on the other hand, Mr. Beasley is correct that such public comments are permitted during the jury selection process but before the actual beginning of trial, Merck needs to be told that so that it can defend itself against plaintiff's press assaults.

Merck requests an early resolution of this matter.  If it is not resolved until the pre-trial conference, there could be several more days of a unilateral press war.

Respectfully submitted,

Dorothy H. Wimberly

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60601
Phone: 312-494-4400
Fax:    312-494-4440

791312v.1

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: 202-434-5000
Fax:    202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

791312v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Merck & Co., Inc.'s Motion for Clarification of the Court's Order Concerning Public Statements Prior to the Jury Verdict. for Leave to Substitute Corrected Exhibit List has been served on Liaison Counsel Russ Herman by e-mail and by Federal Express , upon Andy Birchfield by e-mail and by Federal Express, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 17th day of November, 2005.


Dorothy H. Wimberly

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar
910 Airport Road
Office 3-A
Destin, FL  32541

791312v.1