U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED    NOV 18 2005
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                             :   MDL NO. 1657
    PRODUCTS LIABILITY LITIGATION    :   SECTION: L
                                      :
                                      :   JUDGE FALLON
                                      :   MAG. JUDGE KNOWLES
................................................ :

**THIS DOCUMENT RELATES TO**
*Plunkett v. Merck & Co., Inc.*, 05-4046

## ORDER

Before the Court are several motions in limine filed by the Plaintiff. The Court rules as follows as indicated more fully on the attached.

New Orleans, Louisiana, this __18th__ day of __November__, 2005.

                                        UNITED STATES DISCTRICT JUDGE

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

| **PLAINTIFF'S MOTIONS IN LIMINE** | **GRANTED OR DENIED** |
|---|---|
| 1. **Number of Heart Attacks in the United States** <br><br> The Plaintiff has filed a Motion in Limine to exclude evidence that the number of heart attacks occurring in the United States did not increase while Vioxx was sold in the United States. The Plaintiff seeks to exclude this evidence on three grounds: (1) Rule 401 Relevancy; (2) Hearsay; and (3) Rule 403 Prejudice. | Granted <br> (1) Irrelevant – 401 <br> (2) misleading – 403 <br> (3) opens door to hearsay + matters which could confuse + consume time – 403 |
| 2. **"Widow-Maker" Reference** <br><br> The Plaintiff filed a Motion in Limine to exclude any use of the term "widow-maker" in reference to the left anterior descending artery. The basis for this motion is Rule 403. | Granted. Doctors should use medical terms + not slang. – 403 |
| 3. **Various Topics** <br><br> a. Any reference that a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medicines. | Granted – 401 |
| b. Any reference that a verdict for the Plaintiff will adversely affect the ability of any member of the jury to purchase or have available medications in the future, the cost of medicine, or the viability of the pharmaceutical industry. | Granted – 401 |

c.  Any reference that this case or any Vioxx case may have a negative impact on Merck's stock price or any other publicly traded pharmaceutical manufacturer.

*Granted - 401 & 403*

d.  Any reference to Health Canada or any other foreign regulatory agency's decision to allow the sale of Vioxx within their respective country.

*Granted - 401 - 403*

e.  Any reference that this case or any Vioxx case may cause an increase in the cost of purchasing or maintaining on the market.

*Granted - 401 - 403*

f.  Any reference that this case or any other Vioxx case may cause an incease in the cost of purchasing medication for the public.

*Granted - 401*

g.  Any reference to the medical condition of the Plaintiff or a member of her family that is unrelated to the injuries at issue in this case. The Plaintiff was not specific.

*Too vague. Court will reserve ruling.*

h.  Any reference to the Plaintiff's bad conduct. The Plaintiff was not specific.

*Too vague. Court will reserve ruling.*

i.   Any reference to whether the Plaintiff is covered by some form of insurance for the incident in question.

Granted - 401

j.   Any reference that an award of punitive damages is unconstituional, A illegal, or not supported by law.

Granted - 401-403

k.   Any reference to "litigation crisis," "lawsuit crisis," "lawsuit abuse," or any other similar term or phrase.

Granted - 401-403

l.   Any reference that the Plaintiff's attorneys specialize representing plaintiffs in personal injury or products liability litigation.

Granted - 401-403

m.   Any comment or personal anecdote from any witness or lawyer for the Defendant that they or a family member has used Vioxx.

Granted - 401

n.   Any reference that Vioxx was taken off the market due to "media hype" caused by attorneys or the media itself.

Granted - 401

o.  Any reference that bolsters the unchallenged character or traits of the Defendant's current or former employees, managers, consultants, experts, agents, or fiduciaries preemptively.

*Too vague, will decide if it comes up. deferred*

p.  Any reference to opinions in the medical records of healthcare personnel that are not witnesses in person or deposition at trial.

*Too vague, Reserve ruling*

q.  Any reference that any members of the public or medical community desire that Vioxx be placed back on the market.

*Granted - 401*

r.  Any reference that state defect or failure to warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits.

*Too vague, will deal with this if it comes up*

s.  Any reference that state tort laws undercut the FDA's mission to provide only scientifically valid warnings.

*Too vague, will deal with this at trial if it comes up.*

t.  Any reference that too many warnings of serious injury will dilute the effectiveness of warnings generally.

*Reserve ruling* E̸

u.  Any reference that state products liability laws frustrate the FDA's protective regime.

*Granted – 401*

4.  **Defendant's Reputation and/or "Good Acts"**

The Plaintiff has filed a Motion in Limine to exclude any evidence or testimony as to the Defendant's good reputation and/or other good acts. Specifically, the Plaintiff references the following: (1) Merck's Patient Assistance Program whereby uninsured individuals can obtain prescription medication at no cost or at a significantly reduced price; (2) Merck's donation of millions of dollars in HIV vaccines to Africa while working with Bill Gates and the government of Botswana; (3) Merck's donation of medications to combat "River Blindness," which is a disease that strikes rural villages in Africa, to all impacted villages through the Mectizan program, in which Merck is partnered with Jimmy Carter and the Carter Foundation; and (4) the fact that Merck develops drugs that treat and cure disease. The Plaintiff's objections are based on Rule 401 relevance and Rule 403 prejudicial effect.

*Granted 401* E̸

5.  **FDA's Conclusion that there is a "Class Effect" for all NSAIDs**

    The Plaintiff has filed a Motion in Limine to exclude all evidence or testimony that the FDA has concluded that all NSAIDs carry an increased risk of cardiovascular injury. The Plaintiff claims that this information is false and is overly prejudicial.

    *Reserve ruling, will preview evid. before submitted to jury.*

6.  **Amendment of Vioxx Label Without FDA Approval**

    The Plaintiff has filed a Motion in Limine to exclude any testimony that the Defendant could not have amended the Vioxx label to include warnings of cardiovascular risk or reports of cardiovascular and other adverse events, without prior approval of the FDA. The Plaintiff asserts that this testimony is false.

    *Denied. Q. of fact*

7.  **Merck Employees or Family Members of Merck Employees Took Vioxx**

    The Plaintiff has filed a Motion in Limine to Exclude any evidence that Merck employees, former employees, or family members of Merck employees took Vioxx prior to the drug's withdrawal from the market on September 30, 2004. The Plaintiff claims that this evidence is irrelevant and overly prejudicial.

    *Granted - 401*

8. **Annual Number of Deaths Atrributable to NSAID Gastrointestinal Toxicity Without Appropriate Qualifications and Scientific Support**

The Plaintiff has filed a Motion in Limine to exclude any testimony about the annual number of deaths attributable to NSAID gastrointestinal toxicity without appropriate qualifications and scientific support. The Plaintiff acknowledges that this testimony is relevant to Merck's claim that Vioxx offered gastrointestinal benefits to its patients. The Plaintiff, however, challenges the testimony because it is speculative and offered without support or citation.

*[Handwritten: Reserve ruling. Q. of proof]*

9. ***Daubert*-Like Challenge**

The Plaintiff has filed a Motion in Limine to preclude any Merck employee ofr former Merck employee from testifying to opinions which they are unqualified to render, which have not been previously disclosed, and which lack appropriate support under *Daubert*.

*[Handwritten: Reserve ruling. Too vague]*

10. **Personal Matters**

The Plaintiff has filed a Motion in Limine to exclude evidence or discussion concerning personal matters because it is irrelevant and overly prejudicial. Specifically, the Plaintiff references the following:

a. Any evidence as to whether Mr. Irvin and the Plaintiff were separated at the time of his death. The Plaintiff asserts that they were not separated due to marital difficulties despite what the Flager Hospital records noted.

*[Handwritten: Denied. May be relevant for loss of consortium. Q. of proof.]*

b. Any evidence that Mr. Irvin improperly took money from his former employer.

*Granted 401-403*

c. Any evidence that Mr. Irvin and the Plaintiff's son, Richard Irvin III, has previously been arrested for driving under the influence.

*Granted 401, 403*