UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

**Plaintiff's Reply in Support of Her Motion to Exclude Evidence That Merck Employees or Family Members of Merck Employees Took Vioxx**

*(Motion in Limine No. 7)*

Plaintiff Evelyn Irvin Plunkett, Personal Representative of the Estate of Richard Irvin, Jr., by and through her attorneys, hereby urges the Court to preclude Defendant Merck & Co. from offering evidence that Merck employees or family members of Merck employees took Vioxx in the trial of this case.

Defendant's opposition arguments, notable for the lack of case law support, fail to overcome the problems of relevance and prejudice noted in the Plaintiff's motion papers. Moreover, the probative value of evidence that Merck employees and their family members took Vioxx is substantially outweighed by its prejudicial effect.

Defendant Merck's argument that employees' and employees' family members' decisions to take Vioxx are related to their knowledge the drug's safety and cardiovascular risk factors lacks a basis in relevance to the case at bar. To present it as such would mislead the jury and confuse the issue to a point far beyond the probative value of such evidence. Further, the theory presented in the Defendant's argument presumes that such evidence is

probative of the individual employees' belief in the safety of Vioxx. That presumption, besides being factually flawed, does not address Merck's corporate knowledge and actions, which in this case is the core issue regarding the drug's safety, and serves only to confuse the jury in a manner that far outweighs the speculative probative value suggested by the Defendant.

Judge Carol E. Higbee in *Humeston v. Merck* granted a similar motion filed by the plaintiff stating that, "The individual decision made by a person in consultation with their doctor to take a drug is a personal decision which can be made for many reasons." (See Plaintiff's Motion, Exhibit B). To suggest that Judge Higbee's reasoning should be discounted by this Court because the Defendant disagrees with the decision insults both Judge Higbee and the ability of this Court to decide the validity of her reasoning. It would be improper to allow the Defendant to use a broad brush to imply to the jury that the individual decisions to take Vioxx were based solely on the Merck employees' belief the drug was safe and would fail to recognize the complex and personal nature of such decisions. These personal decisions may have been with knowledge of the increased risks of heart attacks on Vioxx, which Plaintiff contends Mr. Irvin did not have the benefit of.

Additionally, the proffered evidence that Merck employees and their families took Vioxx should be excluded because it has not been established that these prior incidents occurred under conditions substantially similar to those of this case. Testimony of anecdotal witnesses with different illnesses, different prescribing physicians, and under different factual circumstances is too attenuated to have any significant probative value to any of the issues present in this case. Because of the lack of any tie to the factual circumstances of this case, such testimony would simply be evidence of "sporadic and isolated occurrences" that are

irrelevant to these proceedings. See Mooney v. Aramco Services Co., 54 F.3d 1207, 1221 (5th Cir. 1995), *reversed on other grounds*, Rachid v. Jack In The Box, Inc., 376 F.3d 305 (5th Cir. 2004); See also Pfeiffer v. C.I.A., 60 F.3d 861, 865 (C.A.D.C.1995) ("Suffice it to say that anecdotal evidence about what other former employees of other government agencies have done is irrelevant to Pfeiffer's case"). For example, in BASF Corp. v. Old World Trading Co., Inc., 1992 WL 232078 (N.D. Ill. 1992), the plaintiff attempted to call as witnesses certain individuals who were dissatisfied with the defendant's product. The court disallowed this evidence, partially on the basis of Rule 403, finding that "anecdotal evidence, unless accompanied by testimony that such evidence was statistically significant, was irrelevant and would consume too much time." Id. at 4.

The theory proffered by the Defendant that a scientist or company executive would not take a drug, or allow a family member to take a drug, that he knows is not safe does not change the analysis. That inference is, again, too attenuated in the absence of evidence regarding the witnesses role in the prescription-ingestion process, the basis for the decision, who played a role in the decision making process, risk factors of the Vioxx users, evidence of the risk-benefit profile for the Vioxx user, evidence regarding the timing, duration and dosage of the use and on and on.

The evidence of Merck employees' and employees' family members' use of Vioxx is clearly irrelevant to the case at bar and is clearly offered to prejudice, confuse and wastes the time of the jury and Court. For these reasons, Plaintiff respectfully requests the Court grant her Motion to Exclude Evidence of Merck Employees' and Employees' Family Members' Usage of Vioxx.

3

Respectfully submitted,

By: /s/ Paul S.
**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

**PLAINTIFFS' LIAISONCOUNSEL**

4

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this **17th** day of November, 2005.

_____