UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

**Plaintiff's Reply in Support of Her Motion in Limine to Preclude Merck Employee and Former Employee Witnesses from Offering Opinion Testimony Which They Are Unqualified to Offer, Which Has Not Previously Disclosed, and Which Lacks Appropriate Support Under *Daubert*.**

*(Motion in Limine No. 9)*

Plaintiff Evelyn Irvin Plunkett, Personal Representative of the Estate of Richard Irvin, Jr., by and through her attorneys, hereby urges the Court to preclude Defendant Merck & Co. from offering previously undisclosed expert testimony through employee witnesses in the trial of this case.

In *Humeston v. Merck & Co.*, Dr. Briggs Morrison was asked by counsel for Merck if the company performed any studies in animals to determine if Vioxx would have a harmful, prothrombotic effect. *Humeston v. Merck & Co.*, Trial Transcript at 3241. Dr. Morrison noted that, at the time Vioxx was being developed, it was widely held that prostacyclin production within blood vessels was believed to be mediated by COX-1, and indeed that there was no evidence that COX-2 is actually even in the blood vessels. *Id.* at 3243. This is one pointed example of an inadmissible opinion Merck

attempted to "backdoor" through a fact witness. No support was offered for this expert pharmacological opinion and, while Dr. Morrison is an M.D., he can hardly be considered a pharmacologist. Interestingly, Dr. Morrison's blithe assertion that prostacyclin production within blood vessels is mediated exclusively by COX-1 stands in sharp contrast to the recent opinion of his colleague Dr. Garrett FitzGerald, who is a well-credentialed pharmacologist. (*See* McAdam BF, Catella-Lawson F, Mardini IA, Kapoor S, Lawson JA, FitzGerald GA (1999) "Systemic biosynthesis of prostacyclin by cyclooxygenase (COX)-2: the human pharmacology of a selective inhibitor of COX-2" *Proc Natl Acad Sci U S A* 96(1):272-7, at 276, attached hereto as Exhibit "E").

Of course, the critical nature of Dr. Morrison's unsupported and inadmissible "expert" opinion cannot be overstated, as he demonstrated:

> Q. And why would that matter with VIOXX [that there is no COX-2 in blood vessels]?
> A. Why it matters for VIOXX is it would be -- it was unexpected and surprising that a drug that only inhibits COX-2 is affecting prostacyclin production in blood vessels, which don't even have the COX-2 machinery. I mean, if you think about what a drug does there's machinery that's making something, and you're adding something to sort of, you know, gum up the works and turn off the machine. Well, if the machine is not even there how would the drug affect it?

Tr. at 3243.

Thus, in one fell swoop, Dr. Morrison offered an opinion in direct opposition to that offered by a plaintiffs' experts, without any support or qualifications whatsoever, without first disclosing the nature of the opinion, and without ever sitting for

deposition concerning this opinion.[1]

Dr. Morrison also testified concerning a Merck study performed on rabbits, which purportedly was designed to determine whether selective inhibition of COX-2 caused a decrease of prostacyclin within blood vessels. *Humeston*, Transcript. at 3257. Dr. Morrison testified that there is no COX-2 in the blood vessels of normal rabbits. *Id*. at 3258-9. This conclusion is based upon the *in vitro* examination of the rabbits' blood vessels. *Id*. at 3260. Finally, Dr. Morrison concluded grandly, and somewhat colloquially, that in the blood vessels of rabbits, "COX-2 is not anywhere near the thing that makes prostacyclin." *Id*. at 3270. Extrapolating from this study, he next opined that the same conditions must be present within the blood vessels of humans. Id. As such, Vioxx must be perfectly harmless with respect to blood vessels, and simply cannot increase the risk of heart attack or stroke.

This was not the opinion of an employee directed to the mundane, day-to-day affairs of a company. This was not a benign recitation of facts reflecting the direct, personal knowledge of the witness. This was an explanation to the jury that Vioxx is not defective. It was an opinion on an ultimate fact, offered by an unqualified witness, not previously disclosed to the plaintiff. The Court in Humeston correctly ruled that this was inadmissible opinion testimony. *Id*. at 3337-8. And, contrary to Merck's assertion, this ruling was not simply based on the Court's determination that Dr. Morrison lacked direct, personal knowledge of the facts to which he testified. Rather,

---

[1] Dr. Morrison's new found positions fly in the face of what was known and understood at Merck about COX-2 inhibition while Vioxx was on the market.

it was based upon the Court's conclusion that Dr. Morrison testified as an unqualified, undisclosed expert. *Id.*

For these reasons, Plaintiff urges the Court to grant her motion.

Respectfully submitted,

By: /s/ Paul C.
Andy D. Birchfield, Jr., Esquire
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

**PLAINTIFFS' LIAISONCOUNSEL**

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this **17th** day of November, 2005.