UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  NOV 2 1 2005
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In re: VIOXX | * |
| | * MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * |
| | * SECTION L |
| This document relates to: | * |
| | * JUDGE FALLON |
| EVELYN IRVIN, | * |
| as Personal Representative of the | * MAGISTRATE JUDGE KNOWLES |
| Estate of | * |
| RICHARD IRVIN, JR, | * |
| | * |
| Plaintiff, | * |
| vs. | * |
| | * |
| MERCK & CO., INC., | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The Defendant, Merck & Co., Inc. ("Merck"), has filed eighteen Motions in Limine. The Court makes the following rulings as indicated on the attached.

New Orleans, Louisiana, this __20th__ day of __November__, 2005.

_____
UNITED STATES DISTRICT JUDGE

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

| **MERCK'S MOTIONS IN LIMINE** | **GRANTED OR DENIED** |
|---|---|
| **1. Marketing and Promotional Materials Unrelated to Mr. Irvin or His Prescribing Physician** <br><br> Merck has filed a Motion in Limine to exclude evidence of or reference to marketing and promotional materials unrelated to Mr. Irvin or his prescribing physician. Merck contends that this evidence is irrelevant and overly prejudicial. | Reserve ruling. Will deal with the issue at trial. Evid. may have relevance to failure to warn claim + learned intermediary defense + credibility in general (607). But 403 will have to be considered if material is too voluminous + unrelated to instant case issues or defenses. *[signature]* |
| **2. Evidence of Motive and Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees** <br><br> Merck has filed a Motion in Limine to exclude evidence of motive and evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees. Merck claims that this evidence is irrelevant and overly prejudicial. | Granted. However, if Punitive damages is an issue, it may be relevant. May also have some relevance in cross-exam. if △'s witness introduce good motive in some fashion. *[signature]* |
| **3. Conduct with No Nexus to Issues Being Tried in this Case** <br><br> Merck has filed a Motion in Limine to exclude the following evidence because it is irrelevant, overly prejudicial, and hearsay. <br><br> a. Plaintiff's Exhibit 1.0176-A letter from a California doctor to Merck's CEO accusing Merck of "downplaying some unusual" side effects of Vioxx and "attack[ing] those . . . speakers who expressed . . . critical opinions." <br><br> b. A newspaper article referenced in Dr. Farquhar's report that Merck allegedly pressured a researcher to change his opinion about the likely cause of death of a participant in the | Of course evid. must pass 401 & 403. But will reserve ruling on specific material until trial. *[signature]* |

ADVANTAGE study, and Plaintiff's Exhibit 1.0368, which is a news article about a legal action that Merck's United Kingdom subsidiary brought against the publisher of a Spansh drug bulletin.

c.  Claims that (1) Merck paid individuals to be listed as authors of Merck-commissioned articles or letters, (2) Merck removed individual's names as authors of Merck commissioned studies for improper reasons, and (3) Authors of Vioxx articles did not disclose financial ties to Merck.

d.  Evidence relating to the regulation of Vioxx in foreign jurisdictions, including marketing and labeling standards.

4. **FDA Warning Letters and Inadmissible Hearsay Statements Made by FDA Employees Regarding Vioxx**

Merck has filed a Motion in Limine to exclude FDA warning letters and inadmissible hearsay statements made by FDA employees regarding Vioxx. Merck asserts that this evidence is irrelevant, overly prejudicial, and hearsay.

*[Handwritten note: Too broad & vague. May have relevance under cross & also in direct as to Merck's knowledge. Also may have relevance regarding learned intermr. defense & credibility. But will reserve ruling & deal w/ material at trial.]*

5. **Evidence or Argument Preempted by Federal Regulations**

Merck has filed a Motion in Limine to exclude any evidence or argument that is preempted by federal regulation. Merck argues that *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 350, 353 (2001), preempts this evidence. Specifically, Merck argues that the Plaintiff should not be allowed to argue that Merck's warning for Vioxx were inadequate because Merck did not add a black-box warning to the label or that Merck committed "fraud" on the FDA, misled the FDA, did not cooperate with

*[Handwritten note: Denied. This is an issue of proof & will have to be dealt w. at time of trial. If proof presents an issue of fact, may be admissible. If not, may be excluded.]*

the FDA, or otherwise violated the FOOD, Drug, and Cosmetic Act and its implementing regulations.

6. **Scientifically Unreliable and Irrelevant Medical and Scientific Evidence**

Merck has filed a Motion in Limine to exclude scientifically unreliable and irrelevant medical and scientific evidence. Merck contends that this evidence is irrelevant and overly prejudicial. Specifically, Merck seeks to exclude the following evidence: statistically insignificant data, investigator-reported data, "all-cause mortality" figures from Alzheimer's disease clinical trials, and toxicological data from animal studies.

*Denied. Too vague & broad. This depends on proof.*

7. **Irrelevant Medical Conditions**

Merck has filed a Motion in Limine to exclude all evidence of irrelevant medical conditions. Merck argues that this evidence is irrelevant and overly prejudicial. Specifically, Merck seeks to exclude evidence of the followinfg conditions: hypertension, congestive heart failure, Alzheimer's disease, and alterations in nitric oxide levels.

*Reserve ruling. Issues involve relevancy & is contextual.*

8. **Estimates of Dr. David Graham**

Merck has filed a Motion in Limine to exclude evidence of and reference to estimates of Dr. David Graham as to the number of myocardial infarctions and deaths in the general population allegedly attributable to Vioxx usage. Merck asserts that this evidence is overly prejudicial.

*Reserve ruling. May have relevance regarding Merck's knowledge, credibility + learned inter. defense. But 403 + Daubert factors will have to be considered.*

9. **Evidence of Interim or "Blinded" Data from Trials of Vioxx and Evidence that Specific Studies of Vioxx were Considered But Not Undertaken or that Completed Studies were Inadequate**

Merck has filed a Motion in Limine to exclude evidence of interim or "blinded" data from trials of Vioxx and evidence that specific studies of Vioxx were considered but not undertaken or that completed studies were inadequate. Merck claims that this evidence is irrelevant and overly prejudicial,

Denied. This is dependent on proof. May involve credibility (607) *ef*

10. **Alleged Unethical Conduct Associated with Clinical Trials**

Merck has filed a Motion in Limine to exclude evidence or argument concerning alleged unethical conduct associated with clinical trials. Merck asserts that this evidence is irrelevant and overly prejudicial.

Denied. Dependent on proof & may involve credibility. *ef*

11. **Adverse Event Reports and Case Reports**

Merck has filed a Motion in Limine to exclude all evidence of and reference tp adverse event reports and case reports. Merck argues that this evidence is irrelevant, overly prejudicial, and hearsay.

Denied. Too broad & vague *ef*

12. **Changes Between the 16th and 17th Editions of the Merck Manual**

Merck has filed a Motion in Limine to exclude evidence of changes between the 16th and 17th editions of the Merck Manual. Merck contends that this evidence is irrelevant, overly prejudicial, and prohibited by Rule 404(b) of the Federal Rules of Evidence.

Denied. Relevant under 401 & not excluded by 403. May also be admissible under 607 *ef*

13. **Letters to the Editor and Non-Scientific Editorials in Science Journals**

Merck has filed a Motion in Limine to exclude letters to the editors and non-scientific editorials in science journals. Merck claims that this evidence is overly prejudicial, hearsay, and barred by Rule 703 of the Federal Rules of Evidence.

*Denied. Too vague & too broad. May be admissible under 801(d)(2) & also have some relevance under 607.*

14. **Privileged, Previously Excluded Confidential Memorandum of Invention**

Merck has filed a Motion in Limine to exclude evidence of a privileged, previously excluded confidential memorandum of invention. Merck argues that this evidence is inadmissable under section 90.502 of the Florida Statutes Annotated.

*Too broad. Reserve ruling. Will deal w. this at trial.*

15. **Statements Made in Connection with Political Proceedings and Debate Regarding Vioxx and Verdicts from Other Litigation, Claims, Actions, and Governmental Proceedings**

Merck has filed a Motion in Limine to exclude evidence of argument regarding (1) Statements made in connection with political proceedings and debate regarding Vioxx, and (2) Evidence of verdicts from other litigation, claims, actions, and governmental proceedings. Merck contends that this evidence is irrelevant, overly prejudicial, hearsay, and prohibited by Rule 404(b) of the Federal Rules of Evidence.

*Verdicts & results in other proceedings are excluded. 401, 403. W. regard to comments at political proceedings is too broad & involves relevancy (401, 403) & admissions (801(d)(2)). Will reserve ruling re comments & statements.*

16. **Alleged Misconduct Unrelated to Vioxx**

Merck has filed a Motion in Limine to exclude evidence or argument concerning alleged

*Granted. Unless it becomes an issue of cross-exam or use in punitive damage phase if applicable.*

misconduct unrelated to Vioxx. Merck asserts that this evidence is irrelevant, overly prejudicial, and prohibited by Rule 404(b) of the Federal Rules of Evidence.

### 17. Improper Witness Testimony

Merck has filed a Motion in Limine to exclude improper witness testimony. Merck asserts that this testimony is irrelevant, overly prejudicial, impermissible lay opinion testimony, and prohibited by Rule 602 of the Federal Rules of Evidence. Specifically, Merck seeks to exclude the following testimony: testimony regarding third parties' use of Vioxx, testimony regarding other tangential matters, and purely prejudicial testimony.

*Denied. Too vague & broad.*

### 18. Irrelevant and Prejudicial Evidence

Merck has filed a Motion in Limine to exclude irrelevant and prejudicial evidence. Merck asserts that such evidence is irrelevant and overly prejudicial. Specifically, Merck seeks to exclude evidence of the following: (1) Merck's out-of-state or foreign status, as well as Merck's status as a large, national corporation doing business throughout the world; (2) Merck's defense counsel, including the number of attorneys representing Merck and the locations of their offices; (3) the attendance or non-attendance at trial of Merck's former employees; (4) Mr. Irvin's photographs and other personal effects; (5) Merck's liability insurance; (6) the fact that certain experts chose to donate their fees to charity; and (7) Merck employees that the Plaintiff would incorrectly imply left the company "because of" Vioxx-related issues.

*Reserve ruling. Contextual will have to be dealt w. on an issue by issue basis at trial.*