

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to Case No. 05-4046* | |
| | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT as Personal Representative of the Estate of RICHARD IRVIN, JR., | |
| Plaintiff, | |
| vs. | |
| MERCK & CO., INC., | |
| Defendant. | |

## MOTION OF DAVID ANSTICE AND MERCK & CO., INC. ("MERCK") TO QUASH SUBPOENA

David Anstice and Merck move to quash plaintiff's trial subpoena of Mr. Anstice to testify at the *Plunkett* trial. Plaintiff's subpoena exceeds the jurisdictional limitations on the Court's trial subpoena power under Rule 45. The MDL statute does not expand this authority.

## I. BACKGROUND

Mr. Anstice resides in Montgomery County, Pennsylvania. Anstice Dep. 894:19-895:10 (excerpt attached hereto as Exhibit 1). Mr. Anstice is the President of Human Health for Japan, Australia, and New Zealand at Merck. By virtue of his position, he spends a great deal of his time traveling overseas, particularly in Asia.

Plaintiffs deposed Mr. Anstice for a total of five days and on videotape. Plaintiff lawyers asked questions, including lawyers from the PSC. Plaintiff in this case has designated over 1500 pages of Mr. Anstice's deposition for use at trial. Wittmann Decl. ¶ 4.

On November 17, 2005 plaintiff purported to serve a trial subpoena for Mr. Anstice to appear in Houston for the *Plunkett* trial. *Id.* ¶ 3. Plaintiff served the subpoena without prior agreement at the offices of Merck's counsel in New Orleans. *Id.*

## II. ARGUMENT

### A. David Anstice Is Beyond The Reach Of This Court's Subpoena Power Under Rule 45(b)(2)

Federal Rule 45 governs the scope of this Court's subpoena power. Rule 45(a)(2) states that a "subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held." Fed R. Civ. P. 45(a)(2). The subpoena to Mr. Anstice commands his appearance at the *Plunkett* trial. The *Plunkett* trial will take place in Houston, which is in the Southern District of Texas.

Rule 45(b)(1) requires that plaintiff serve a subpoena on a witness "by delivering a copy [of the subpoena] to such person." Fed. R. Civ. P. 45(b)(1). Rule 45(b)(2) then sets out where a subpoena "may be served." It states:

> Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena <u>may be served</u> at any place within the district of the court by which it is

2

issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena.

Fed. R. Civ. Proc. 45(b)(2) (emphasis added). Rule 45(b)(2) defines the outermost boundaries of a court's trial subpoena power to the borders of the state the court sits in *and* those places "within 100 miles of the place of the ... trial ...."

Mr. Anstice is not within the State of Texas, nor is he within 100 miles of the courthouse in Houston where the *Plunkett* trial will take place. Therefore, plaintiff cannot serve Mr. Anstice with a trial subpoena under Rule 45(b)(2).

### B. Rule 45(c)(3)(A) Does Not Extend The Geographic Limits Of The Court's Subpoena Power

Rule 45(c)(3)(A) details certain circumstances in which a court "shall quash or modify a subpoena" and does not affect this analysis. Rule 45(c)(3)(A) states:

> On timely motion, the court by which a subpoena was issued <u>shall quash or modify</u> the subpoena if it
>
> (i) fails to allow reasonable time for compliance;
>
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
>
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>
> (iv) subjects a person to undue burden.

3

Fed. R. Civ. P. 45(c)(3)(A) (emphasis added)  Under Rule 45(c)(3)(A)(ii) a court must quash or modify a subpoena that requires a non-party witness to travel more than 100 miles – even if service is proper under Rule 45(b)(2).[1]  This provision provides additional protections for witnesses that are not parties or officers as the following example illustrates:

If the plaintiff in a Houston trial wished to call a witness living in Dallas, Rule 45(b)(2) permits *service* on the witness because such service would be within the same state.  If the witness was not the defendant or an officer of the defendant, Rule 45(c)(3)(A)(ii) would require the court to "quash or modify" the trial subpoena.  Rule 45(c)(3)(A)(ii) would apply because the trial subpoena in this example would require the witness to *travel* more than 100 miles in order to testify in Houston.  However, if the witness was an officer of the defendant, Rule 45(c)(3)(A)(ii) would not apply and the plaintiff could compel the witness to travel from Dallas to Houston to give trial testimony.

Mr. Anstice is not in Texas, nor is he within 100 miles of the courthouse.  Therefore plaintiff cannot properly serve him under Rule 45(b)(2).  And because Mr. Anstice is an officer of Merck, Rule 45(c)(3)(A)(ii) does not apply.  Plaintiff may nevertheless argue that Rule 45(c)(3)(A)(ii) creates a system of nationwide service for officers of parties.  As discussed above, that argument misreads the rule.  *See Johnson v. Land O'Lakes, Inc.*, 181 F.R.D. 388, 396-397 (N.D. Iowa. 1998) (officer of defendant was beyond the subpoena power of Rule 45(b)(2) because he lived and worked beyond a 100 mile radius of the location of the trial); *Jamsports and Entm't, LLC v. Paradama Prods., Inc.*, No. 02 C2298, 2005 WL 14917, at *1

---

[1] Under Rule 45(c)(3)(A)(iii) and Rule 45(c)(3)(B) a court may still command a non-party witness to travel over 100 miles *within* a state to testify at trial if in its discretion the court determines that the "party in whose behalf the subpoena is issued shows a substantial need for the testimony .. that cannot otherwise be met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated ...." Fed. R. Civ. P. 45(c)(3)(B).

4

(N.D. Ill. Jan. 3, 2005) ("Nothing in the history or adoption of Rule 45(c)(3)(A) suggests that it was intended to alter the longstanding geographic limitations on the reach of a district court's subpoena power."); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2461 (2d ed. 2005) ("The 100-mile limit applies to a party as well as to an ordinary witness.") While other courts have held that Rule 45 allows such nationwide service of officers,[2] this Court should follow the *Land O'Lakes* and *Jamsports* decisions.

### C. The Expanded Discovery Powers Of An MDL Court Do Not Apply To Trial Subpoenas

This motion does not relate to the Court's role in this multi-district litigation. An MDL court has expanded discovery subpoena power under 28 U.S.C. § 1407. This expanded power applies only for pretrial proceedings. Specifically, § 1407 gives judges the "powers of a district judge in any district <u>for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings</u>." 28 U.S.C. § 1407(b) (emphasis added). These expanded powers do not apply to trial subpoenas. *See In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987*, 130 F.R.D. 647, 648 (E.D. Mich. 1989) (MDL court did not have the power to compel the trial testimony of a defendant's employees who were located outside of the jurisdiction at a trial).

MDL courts have special authority to conduct pre-trial proceedings in cases filed in transferor courts. In *Lexecon, Inc. et al. v. Milberg Weiss Bershad Hynes & Lerach et al.*, 523 U.S. 26, 39-41 (1998), the Supreme Court held that transferee courts do not have authority to try those cases. For this reason, the parties have cooperated in this case by dismissing and re-filing

---

[2] *See, e.g., Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 587-88 (D. Minn. 1999); *Stone v. Morton Int'l, Inc.*, 170 F.R.D. 498, 500-501 (D. Utah 1997).

cases in the Eastern District of Louisiana. As a result of Hurricane Katrina and the relocation of the trial to Houston, this court has the power to conduct its business outside of the Eastern District of Louisiana. Federal Judiciary Emergency Special Sessions Act of 2005, Pub. L. No. 109-63 § 2(b) (Sept. 9, 2005). Therefore, Merck did not contest plaintiff's subpoena of Alan Nies, a former Merck employee residing within 100 miles of the Houston courthouse.

The MDL statute does not confer additional subpoena authority on this Court. The legislative history confirms that the MDL statute is directed to pre-trial proceedings only. "The proposed statute affects only the pretrial stages in multidistrict litigation." H.R. REP. NO. 1130, 90th Cong., 2d Sess., p. 3-4 (1968); *see also Lexecon Inc. et al., v. Milberg Weiss Bershad Hynes & Lerach et al.*, 523 U.S. 26, 39-40 (1998) (quoting H.R. REP. NO. 1130). Where Congress has decided that nationwide service is appropriate, Congress has provided for such service. *See, e.g.*, 15 U.S.C. § 23 (authorizing nationwide service of subpoenas in antitrust suits brought by the United States). No such statute provides additional trial subpoena powers for an MDL court trying a case filed in the transferee court.

### III. CONCLUSION

For the foregoing reasons, Merck and Mr. Anstice respectfully request that the Court quash plaintiff's trial subpoena of Mr. Anstice.

Respectfully submitted,

*[signature]*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.

4041 Essen Lane
One United Plaza, Suite 501
Baton Rouge, Louisiana 70809
Phone: 225-490-8900
Fax:    225-490-8960

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax:   (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion to Quash Plaintiff's Subpoena has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 19th day of November, 2005.

4041 Essen Lane
One United Plaza, Suite 501
Baton Rouge, Louisiana 70809
Phone:  225-490-8900
Fax:     225-490-8960

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5000
Fax:     (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:     (213) 430-6407

Attorneys for Merck & Co., Inc.

8

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion to Quash Plaintiff's Subpoena has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 19th day of November, 2005.

```
 1           SUPERIOR COURT OF NEW JERSEY
             LAW DIVISION - ATLANTIC COUNTY
 2                      - - -
        IN RE:  VIOXX LITIGATION    CASE NO. 619
 3      ---------------------------------------
                CAUSE NO. 19961*BH02
 4                      - - -
        CAROL ERNST, INDIVIDUALLY : IN THE DISTRICT COURT OF
 5      AND AS PERSONAL           :
        REPRESENTATIVE OF THE     :
 6      ESTATE AND HEIRS OF ROBERT:
        CHARLES ERNST, DECEASED;  :
 7      R. CHARLES ERNST;         :
        ANGELA F. ERNST,          : BRAZORIA COUNTY, TEXAS
 8        v.                      :
        MERCK & CO., INC.,        :
 9      HARVEY RESNICK, M.D. AND  :
        R/D CLINICAL RESEARCH,    :
10      INC., BRENT H. WALLACE    :
        M.D.                      : 23RD JUDICIAL DISTRICT
11      ---------------------------------------
        PHILIP & CYNTHIA DiPIETRO : COURT OF COMMON PLEAS
12           (h/w)                : DELAWARE COUNTY
             Plaintiffs,          :
13        v.                      :
        MERCK & CO., INC.,        :
14         AND                    :
        ROBERT F. CROWELL, D.O.,  :
15         AND                    :
        BROOKHAVEN MEDICAL        : CIVIL ACTION
16      ASSOCIATES                : NO: 04-19198
        ---------------------------------------
17           IN THE COURT OF COMMON PLEAS
             PHILADELPHIA COUNTY, PENNSYLVANIA
18                      - - -
        DAVID SCHRAMM and         : FEBRUARY TERM, 2005
19      CAROL SCHRAMM, h/w        :
             Plaintiffs,          :
20        v.                      :
        MERCK & CO., INC.,        :
21         Defendant.             : NO. 2554
                        - - -
22                  CONFIDENTIAL
             SUBJECT TO PROTECTIVE ORDER
23                      - - -
                  March 18, 2005
24                      - - -
        Continued videotape deposition of DAVID W. ANSTICE.
25
```

```
 1              - - -

                CONFIDENTIAL
 2     SUBJECT TO PROTECTIVE ORDER

                - - -
 3

 4        Continued videotape deposition of DAVID W.

 5   ANSTICE, held in the offices of Morgan, Lewis &

 6   Bockius, LLP, 1701 Market Street, Philadelphia,

 7   Pennsylvania, commencing at 9:05 a.m., on the above

 8   date, before Linda Rossi Rios, a Federally Approved

 9   Registered Professional Reporter and Notary Public

10   of the Commonwealth of Pennsylvania.

11

12

13

14

15

16

17

18

19

20

21

22

23        ESQUIRE DEPOSITION SERVICES
              15th Floor
24          1880 John F. Kennedy Boulevard
          Philadelphia, Pennsylvania 19103
25            (215) 988-9191
```

```
 1      2:51 p.m.)
 2               - - -
 3              VIDEOGRAPHER:  We're back on.  2:51.
 4               - - -
 5              EXAMINATION
 6               - - -
 7    BY MR. BALEFSKY:
 8       Q.    Good afternoon, Mr. Anstice.
 9       A.    Good afternoon.
10       Q.    My name is Lee Balefsky, and I
11   represent some plaintiffs who have filed claims in
12   Philadelphia County against Merck as a result of
13   taking Vioxx.
14              I know you've been here for a while,
15   and I'm going to try to keep my questions from being
16   repetitive.  I'm sure your counsel will remind me if
17   I do start asking repetitive questions.
18       A.    Thank you.
19       Q.    Could you -- you've told us you're
20   from Pennsylvania.  Could you give us your home
21   address?
22       A.    Yes.
23              MR. RABER:  Excuse me.  You can
24   contact him through counsel.  He's not going to give
25   out his home address on a public record document
```

1    like this.

2    BY MR. BALEFSKY:

3        Q.    Can you tell me what city you live

4    in?

5        A.    What township?

6        Q.    What township?

7        A.    Whitemarsh Township.

8        Q.    And that's in Montgomery County,

9    Pennsylvania?

10       A.    That is correct.

11       Q.    And you are 56 years old, you

12   testified to that already. Correct?

13       A.    Yes.

14       Q.    Do you have any plans for retirement

15   from Merck at the present time?

16       A.    I have continually updated retirement

17   plans, but I have no specific retirement date.

18       Q.    Have your retirement plans been

19   changed at all by what's happened with Vioxx?

20       A.    No, my retirement plans have not been

21   altered because I don't have a set plan. I've had a

22   broad plan in place for a number of years and

23   there's no change to that.

24       Q.    As far as the age that you're going

25   to work till, that hasn't changed as a result of the