UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 21  P 3: 17

| | | |
|---|---|---|
| In re: VIOXX® | : | MDL Docket No. 2:05-md-01657-EEF-DEK YTE |
| PRODUCTS LIABILITY LITIGATION | : | CLERK |
| | : | |
| | : | SECTION L |
| | : | |
| | : | |
| | : | |
| This document relates to: *K.B. and* | : | |
| *Ruby Ferguson v. Merck* | : | JUDGE FALLON |
| *& Co., Inc., et. al.* | : | MAG. JUDGE KNOWLES |
| (E.D. La. 05-4719) | : | |

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND
## OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") by and through its undersigned counsel,

responds to Plaintiffs' Civil Action-Short Form Complaint ("Complaint") herein as follows:

The allegations contained in the first unnumbered paragraph at page one of the Complaint

are not directed at Merck and therefore no responsive pleading is required. Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph, except

admits that in the In Re: Vioxx litigation, the Hon. Norman Ackerman has ordered certain

procedures to govern the filing and service of complaints and responsive pleadings thereto, and

refers the Court to the referenced order for its actual language and full text.

The allegations contained in the second unnumbered paragraph at page one of the

Complaint are not directed at Merck and therefore no responsive pleading is required. Should a

response be deemed required, Merck denies each and every allegation contained in said

paragraph, except admits that in the In Re: Vioxx litigation, the Hon. Norman Ackerman has

Fee
Process
X  Dktd
CtRmDep
Doc. No.

ordered certain procedures to govern the filing and service of complaints and responsive

pleadings thereto, and refers the Court to the referenced order for its actual language and full text.

1.     Merck denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 1 of the Complaint.

1a.     The allegations contained in paragraph 1a of the Complaint are unintelligible and

therefore no responsive pleading is required.

1b.     Merck denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 1b of the Complaint.

## RESPONSE TO "ADDITIONAL DEFENDANTS"

2.     The allegations contained in paragraph 2 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed required,

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in said paragraph.

3.     The allegations contained in paragraph 3 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed required,

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in said paragraph.

4.     The allegations contained in paragraph 4 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed required,

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in said paragraph.

5.     The allegations contained in paragraph 5 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed required,

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

6.      The allegations contained in paragraph 6 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

7.      The allegations contained in paragraph 7 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

8.      The allegations contained in paragraph 8 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

9.      The allegations contained in paragraph 9 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

10.     The allegations contained in paragraph 10 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11.     The allegations contained in paragraph 11 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation except admits that from 1997 to 2002 David Anstice was President, U.S. Human Health – The Americas and is a member of Merck's Management Committee.

12.     The allegations contained in paragraph 12 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

13.     The allegations contained in paragraph 13 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

14.     The allegations contained in paragraph 14 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

15.     The allegations contained in paragraph 15 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

16.     The allegations contained in paragraph 16 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

17.     The allegations contained in paragraph 17 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

18.     The allegations contained in paragraph 18 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

19.     The allegations contained in paragraph 19 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

20.     The allegations contained in paragraph 20 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

21.     The allegations contained in paragraph 21 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

22.     The allegations contained in paragraph 22 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

23.     The allegations contained in paragraph 23 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph except admits that Dr. Peter Su Kim was Executive Vice President of Research and Development of Merck Research Laboratories from 2001 to 2002 and is currently President of Merck Research Laboratories and a member of Merck's Management Committee.

24.     The allegations contained in paragraph 24 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

25.     The allegations contained in paragraph 25 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Dr. Kim was Executive Vice President of Research and Development for Merck Research Laboratories from 2001 to 2002.

26.     The allegations contained in paragraph 26 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

27.     The allegations contained in paragraph 27 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

28.     The allegations contained in paragraph 28 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

29.     The allegations contained in paragraph 29 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

30.     The allegations contained in paragraph 30 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

31.     The allegations contained in paragraph 31 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

32.     The allegations contained in paragraph 32 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

33.     The allegations contained in paragraph 33 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

34.     The allegations contained in paragraph 34 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph except admits that Dr. Louis M. Sherwood is the former Senior Vice President of U.S. Medical and Scientific Affairs within the U.S. Human Health Division of Merck.

35.     The allegations contained in paragraph 35 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

36.     The allegations contained in paragraph 36 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

37.     The allegations contained in paragraph 37 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

38.     The allegations contained in paragraph 38 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint and respectfully refers the Court to the referenced documents for their actual language and full text.

40.     The allegations contained in paragraph 40 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

41.     The allegations contained in paragraph 41 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

42.     The allegations contained in paragraph 42 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

43.     The allegations contained in paragraph 43 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

44.     The allegations contained in paragraph 44 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

45.    The allegations contained in paragraph 45 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

46.    The allegations contained in paragraph 46 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

47.    The allegations contained in paragraph 47 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the referenced testimony for its actual language and full text.

48.    The allegations contained in paragraph 48 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

49.    The allegations contained in paragraph 49 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

50.    The allegations contained in paragraph 50 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that through the course of their employment with Merck, Mr. Anstice, Dr. Kim, and Dr. Sherwood were entitled to stock options.

51.    The allegations contained in paragraph 51 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required,

the allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.

52.     The allegations contained in paragraph 52 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

53.     The allegations contained in paragraph 53 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint.

## RESPONSE TO "ADDITIONAL ALLEGATIONS AS TO ALL DEFENDANTS"

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint except admits that Merck marketed VIOXX® in Pennsylvania.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.     The allegations contained in paragraph 56 are vague and ambiguous and call for speculation and therefore Merck denies them.

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint except admits that Merck marketed Vioxx in Pennsylvania.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.     The allegations contained in paragraph 59 are vague and ambiguous and call for a legal conclusion and therefore Merck denies them.

10

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

## RESPONSE TO "FACTUAL ALLEGATIONS"

61.     The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations referring to Plaintiff's ingestion of Vioxx as contained in paragraph 61 of the Complaint.

62.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Complaint.

63.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint.

64.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint.

65.     The allegations contained in paragraph 65 of the Complaint are unintelligible and therefore no responsive pleading is required.

66.     Merck denies each and every allegation contained in paragraph 66 except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

67.     The allegations contained in paragraph 67 of the Complaint are unintelligible and therefore no responsive pleading is required.

### RESPONSE TO "ADDITIONAL COUNTS, COUNT 10, PRODUCTS LIABILITY – DEFECTIVE DESIGN As to All Defendants"

68.     With respect to the allegations contained in paragraph 68 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here in full.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

71.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     The allegations contained in paragraph 78 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

As for the "Wherefore" section under paragraph 78, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "ADDITIONAL COUNTS, COUNT ELEVEN, PRODUCTS LIABILITY – FAILURE TO WARN As to All Defendants"

79.     With respect to the allegations contained in paragraph 79 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here in full.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation contained in paragraph 82 of the
Complaint.

83.     Merck denies each and every allegation contained in paragraph 83 of the
Complaint.

84.     Merck denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraph 84 of the Complaint and in the alternative
denies each and every allegation contained in said paragraph.

85.     Merck denies each and every allegation contained in paragraph 85 of the
Complaint.

86.     The allegations contained in paragraph 86 of the Complaint are legal conclusions
as to which no responsive pleading is required.  Should a response be deemed required, Merck
denies each and every allegation contained in said paragraph and respectfully refers the Court to
the relevant state law standard, including any applicable conflicts of laws rules.

87.     Merck denies each and every allegation contained in paragraph 87 of the
Complaint.

88.     Merck denies each and every allegation contained in paragraph 88 of the
Complaint.

89.     Merck denies each and every allegation contained in paragraph 89 of the
Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the
Complaint.

91.     Merck denies each and every allegation contained in paragraph 91 of the
Complaint.

92.     Merck denies each and every allegation contained in paragraph 92 except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under paragraph 92, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT TWELVE, FRAUDULENT MISREPRESENTATION As to All Defendants"

93.     With respect to the allegations contained in paragraph 93 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here in full.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.     The allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

96.     Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Merck denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Merck denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Merck denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Merck denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Merck denies each and every allegation contained in paragraph 103 except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under paragraph 103, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT THIRTEEN, FRAUD As to All Defendants"

104.    With respect to the allegations contained in paragraph 104 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to

Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here in full.

105.    Merck denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Merck denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Merck denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Merck denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Merck denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Merck denies each and every allegation contained in paragraph 110 of the Complaint.

111.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Complaint.

112.    The allegations contained in paragraph 112 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

113.    Merck denies each and every allegation contained in paragraph 113 of the Complaint.

114.    Merck denies each and every allegation contained in paragraph 114 of the Complaint.

As for the "Wherefore" section under paragraph 114, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

**RESPONSE TO "ADDITIONAL COUNTS, COUNT FOURTEEN,<br>NEGLIGENT MISREPRESENTATION<br>As to All Defendants"**

115.    With respect to the allegations contained in paragraph 115 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here in full.

116.    Merck denies each and every allegation contained in paragraph 116 of the Complaint.

117.    Merck denies each and every allegation contained in paragraph 117 of the Complaint.

118.    The allegations contained in paragraph 118 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

119.    The allegations contained in paragraph 119 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectively refers the Court to the relevant state law standard, including any conflict of laws rules.

120.    Merck denies each and every allegation contained in paragraph 120 of the Complaint.

121.    Merck denies each and every allegation contained in paragraph 121 of the Complaint.

122.    Merck denies each and every allegation contained in paragraph 122 of the Complaint.

As for the "Wherefore" section under paragraph 122, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT FIFTEEN AND COUNT FOUR, FRAUD AND MISREPRESENTATION As to All Defendants"

123.    With respect to the allegations contained in paragraph 123 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here in full.

124.    Merck denies each and every allegation contained in paragraph 124 of the Complaint.

125.    Merck denies each and every allegation contained in paragraph 125 of the Complaint, including subparagraphs a. - e.

126.    Merck denies each and every allegation contained in paragraph 126 of the Complaint.

127.    Merck denies each and every allegation contained in paragraph 127 of the Complaint.

128.    Merck denies each and every allegation contained in paragraph 128 of the Complaint.

129.    Merck denies each and every allegation contained in paragraph 129 of the Complaint.

130.    Merck denies each and every allegation contained in paragraph 130 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

131.    Merck denies each and every allegation except admits that plaintiff's purport to quote a statement but avers that said statement is taken out of context.

132.    Merck denies each and every allegation contained in paragraph 132 of the Complaint.

133.    Merck denies each and every allegation contained in paragraph 133 of the Complaint except admits that Plaintiffs purport to quote from the referenced document but Merck avers that said quotation is taken out of context.

134.    Merck denies each and every allegation contained in paragraph 134 of the Complaint except admits that Plaintiffs purport to quote from the referenced document but Merck avers that said quotations are taken out of context.

135.    Merck denies each and every allegation contained in paragraph 135 of the Complaint.

136.     The allegations contained in paragraph 136 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

137.     Merck denies each and every allegation contained in paragraph 137 of the Complaint.

138.     Merck denies each and every allegation contained in paragraph 138 of the Complaint.

139.     The allegations contained in paragraph 139 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

140.     Merck denies each and every allegation contained in paragraph 140 of the Complaint.

141.     Merck denies each and every allegation contained in paragraph 141 of the Complaint.

142.     Merck denies each and every allegation contained in paragraph 142 of the Complaint.

143.     Merck denies each and every allegation contained in paragraph 143 of the Complaint.

144.     Merck denies each and every allegation contained in paragraph 144 of the Complaint.

As for the "Wherefore" section under paragraph 144, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this

"Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies

there is any legal or factual basis for same.

**RESPONSE TO "ADDITIONAL COUNTS, COUNT SIXTEEN,
RECKLESS DISREGARD FOR SAFETY
As to Defendant Merck & Co., Inc."**

145.    With respect to the allegations contained in paragraph 145 of the Complaint,

Merck repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to

Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here

in full.

146.    Merck denies each and every allegation contained in paragraph 146 of the

Complaint.

147.    Merck denies each and every allegation contained in paragraph 147 of the

Complaint.

148.    Merck denies each and every allegation contained in paragraph 148 of the

Complaint.

149.    Merck denies each and every allegation contained in paragraph 149 of the

Complaint.

150.    Merck denies each and every allegation contained in paragraph 150 of the

Complaint.

151.    Merck denies each and every allegation contained in paragraph 151 of the

Complaint.

152.    Should a response be deemed required, the allegations contained in paragraph 152

of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a

response be deemed required, Merck denies each and every allegation contained in paragraph 152.

153.    Merck denies each and every allegation contained in paragraph 153 of the Complaint.

As for the "Wherefore" section under paragraph 153, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

**RESPONSE TO "ADDITIONAL COUNTS, COUNT SEVENTEEN,
RECKLESS DISREGARD FOR SAFETY
As to Defendants Anstice, Kim And Sherwood"**

154.    With respect to the allegations contained in paragraph 154 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here in full.

155.    The allegations contained in paragraph 155 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

156.    The allegations contained in paragraph 156 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

157. The allegations contained in paragraph 157 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

158. The allegations contained in paragraph 158 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

159. The allegations contained in paragraph 159 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

160. The allegations contained in paragraph 160 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

161. The allegations contained in paragraph 161 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, the allegations contained in paragraph 161 of the Complaint are legal conclusions as to which no responsive pleading is required.

162. The allegations contained in paragraph 162 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

As for the "Wherefore" section under paragraph 162, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "ADDITIONAL COUNTS, COUNT EIGHTEEN, NEGLIGENCE
### As to Defendants Anstice, Kim, Sherwood, And Rite Aid"

163.    With respect to the allegations contained in paragraph 163 of the Complaint,

Merck repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to

Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here

in full.

164.    The allegations contained in paragraph 164 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed required,

the allegations contained in said paragraph are legal conclusions as to which no responsive

pleading is required.

165.    The allegations contained in paragraph 165 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed required,

Merck denies each and every allegation contained in said paragraph.

166.    The allegations contained in paragraph 166 of the Complaint, including

subparagraphs a - c, are not directed at Merck and therefore no responsive pleading is required.

Should a response be deemed required, Merck denies each and every allegation contained in said

paragraph.

167.    The allegations contained in paragraph 167 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed required,

Merck denies each and every allegation contained in said paragraph.

168.    The allegations contained in paragraph 168 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed required,

Merck denies each and every allegation contained in said paragraph.

169.    The allegations contained in paragraph 169 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

170.    The allegations contained in paragraph 170 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

As for the "Wherefore" section under paragraph 170, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

**RESPONSE TO "ADDITIONAL COUNTS, COUNT NINETEEN,
PUNITIVE DAMAGES
As to Defendants Anstice, Kim, Sherwood, And Rite Aid"**

171.    With respect to the allegations contained in paragraph 171 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here in full.

172.    The allegations contained in paragraph 172 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

173.    The allegations contained in paragraph 173 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

174.    The allegations contained in paragraph 174 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

175.    The allegations contained in paragraph 175 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

176.    The allegations contained in paragraph 176 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

177.    The allegations contained in paragraph 177 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

As for the "Wherefore" section under paragraph 177, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "ADDITIONAL COUNTS,  COUNT TWENTY, LOSS OF CONSORTIUM As To Defendants Anstice, Kim, Sherwood And Rite Aid"

178.    With respect to the allegations contained in paragraph 178 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer and Merck's Answer to Plaintiffs' Master Long Form Complaint with the same force and effect as though set forth here in full.

179.    The allegations contained in paragraph 179 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

180.    The allegations contained in paragraph 180 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

181.    The allegations contained in paragraph 181 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

182.    The allegations contained in paragraph 182 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

As for the "Wherefore" section under paragraph 182, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## AFFIRMATIVE DEFENSES

183.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

184.    The Complaint fails to state a claim upon which relief can be granted.

185     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

186.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

187.    To the extent Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

188.    To the extent Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

189.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

190.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

191.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

192.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

193.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

194.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

195.    To the extent Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

196.    Plaintiffs' claim are barred in whole or in part under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

197.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

198.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

199.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

30

200.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

201.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Products Liability.

202.    To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

203.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

204.    Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

205.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Pennsylvania Rule of Civil Procedure 1019(b).

206.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

207.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

208.    Plaintiffs' demands for punitive damages are barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

209.    To the extent Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: November ___, 2005

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Whittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Camelite M. Bertaut, 3054
Stone Pigman Walther Whittmann, L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel

Fred T. Magaziner
Joseph K. Hetrick
Joshua G. Schiller
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Phone:  215-994-4000
Fax:  215-994-2222

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Affirmative Defenses And Jury Demand of Merck & Co., Inc., has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 21 day of November , 2005.