UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

**Plaintiff's Reply in Support of Her Motion in Limine to Exclude Evidence of Discussion Concerning Personal Matters**

*(Motion in Limine No. 10)*

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., deceased, by and through her undersigned counsel, urges the Court to exclude all evidence or discussions regarding Mr. Richard Irvin's previous arrest and the temporary separation of Mr. and Mrs. Irvin four years prior to his death.

In opposition to Plaintiff's motion, Defendant argues that evidence of "marital discord" is relevant to Plaintiff's claim for loss of consortium. At the time of Mr. Irvin's death, the Irvins had been married for thirty-one years. (Evelyn Irvin Plunkett dep. at 28. (Ex. A)) During that time, they were never legally or formally separated. In 1996, after Mr. Irvin lost his job at a car dealership, the family experienced tremendous financial difficulties. (Id. at 52-53.) Mrs. Irvin's wages from her job as a secretary in the administrative office of a high school in St. Augustine were much too meager to support their family. The Irvins were forced to give up their home, and they turned to their family for refuge. Evelyn, Ashley and Ritchie

stayed with Evelyn's parents. (Id. at 52.) Due to lack of space, Mr. Irvin stayed with his parents nearby. During this time of physical separation, the Irvins were not experiencing marital discord. (Id.) Without doubt, it was a difficult time of financial pressure and uncertainty but the reason for the physical separation of the family was financial not because of marriage difficulties. (Id.)

This separation took place during parts of 1996 and 1997 and lasted for about a year. (Id.) After Mr. Irvin found a job, the family rented a home in St. Augustine and they were reunited once again. The Irvins were not physically separated during any other time of their marriage. (Id.) There is no evidence that their marriage was troubled at any other time in their thirty-one years of marriage.

Merck's characterization of Mr. and Mrs. Irvin's physical separation is not accurate. No evidence supports its assertion except an erroneous medical record. (Id. at 52.) Moreover, even if it was true, the alleged separation was not proximate in time to Mr. Irvin's death. Mr. Irvin died approximately four years after the period of physical separation. Evidence or argument relating to a limited period of physical separation occurring 4 years before Mr. Irvin's death is not relevant to Mrs. Irvin's claim of loss of consortium. As a result, the Court should preclude any mention in argument or testimony of an alleged formal separation between Mr. and Mrs. Irvin.

Secondly, Merck argues that evidence of Mr. Irvin's arrest in 1996 should be admitted into evidence because it somehow supports its erroneous theories regarding the Irvin's marriage. Mrs. Irvin testified that she was unaware of the situation prior to the complaint being dismissed. (Id.) Mr. Irvin was arrested November 14, 1996. It was alleged that he improperly took money from his former employer. The charges were dismissed on November

7, 1997, more than three and a half years before Mr. Irvin's death.

Evidence of dismissed criminal charges are not relevant to Merck's knowledge of the dangers of Vioxx, the adequacy of Merck's warning label concerning Vioxx's propensity to cause thrombotic cardiovascular events, and in particular, the myocardial infarction suffered by Mr. Irvin. *Town of De Funiak Springs v. Perdue*, 69 Fla. 326, 338 (Fla. 1915). Further, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Evidence relating to these issues would also serve to unduly and unfairly prejudice Plaintiff, causing the jury to ignore the evidence specific to Plaintiff's allegations.

Plaintiff urges the Court to preclude Merck from making any argument or presenting any evidence regarding concerning Mr. and Mrs. Irvin experiencing "marital discord" or the dismissed criminal charges against Mr. Irvin

Respectfully submitted,

By: *P. Leigh O'Dell*
**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

**PLAINTIFFS' LIAISONCOUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the **18th** day of November, 2005.

_____