U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  NOV 2 2 2005
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | : | MDL Docket No. 1657 SECTION L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| This document relates to: | : | |
| | : | |
| Evelyn Irvin Plunkett v. Merck & Co., Inc. | : | CASE NO. 02-05-CV-4046 |

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA**

Plaintiff, Evelyn Irvin Plunkett, on behalf of the Estate of Richard "Dickie" Irvin, Jr., urges the Court to deny Defendant Merck & Co.'s Motion to Quash Subpoena and to enforce the subpoena and to compel the appearance of David Anstice at trial of this case.

**I.   FACTUAL BACKGROUND**

This is a products liability action by Evelyn Irvin Plunkett on behalf of the Estate of her deceased husband Richard Dickie Irvin, Jr. The only defendant in this litigation is the New Jersey corporation of Merck & Co., Inc. ("Merck").

David Anstice is President of Human Health of Merck (Dep. of David Anstice at 24.) As President of Human Health, Mr. Anstice was responsible for Merck's operations in the United States throughout the time that Vioxx was being developed and marketed. (Id.) Mr. Anstice was responsible for the marketing of Vioxx within the United States. (Id. at 25.)

Mr. Anstice is a central figure in all of Merck's marketing decisions regarding Vioxx

1

___ Fee_____
___ Process_____
X  Dktd_____
✓  CtRmDep_____
___ Doc. No._____

within the United States and abroad. Mr. Anstice is the highest ranking Merck executive who was involved in the development and marketing of Vioxx who remains employed by the company. His testimony would provide critical evidence regarding the claims asserted in this case.

Plaintiff has requested that Merck voluntarily produce Mr. Anstice for the trial of this case. Merck has refused to do so. Accordingly, plaintiff has subpoenaed Mr. Anstice to appear at the trial of this case and now seeks to enforce this Court's subpoena upon a party to this case and officer of Merck.

## II. ARGUMENT

This Court has ample authority to compel the attendance of a party to appear before the tribunal for any purpose, including trial.[1] It is not disputed that this Court has both subject matter and in personam jurisdiction on the corporate defendant in this action, Merck & Co., Inc. As a corporation, Merck only engages in activities through its human resources, its employees. For purposes of this trial, plaintiff seeks to obtain the testimony of not just a mere employee of Merck, but an officer of the company, the president of Merck's marketing arm involving human health, David Anstice. Mr. Anstice is a resident of Pennsyvlania and conducts the marketing business of Merck in both Pennsylvania and New Jersey. Merck's marketing activities emanated from Pennsylvania and New Jersey to Mr. Irvin's residence and this district.

To ensure Mr. Anstice's attendance at this trial, plaintiff initially requested Merck's cooperation to have Mr. Anstice appear voluntarily. When Merck refused to cooperate, plaintiff

---

[1] *C.f. Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-49 (1991)(discussing inherent powers of the federal courts).

attempted to serve a subpoena upon Mr. Anstice and did serve Merck's lawyer, Mr. Phil Whittmann, to compel Mr. Anstice's attendance at the trial. That subpoena was issued pursuant to Fed.R.Civ.P. 45.

Rule 45, when read *in pari materia* permits the issuance of a subpoena upon a defendant corporation's officers to compel their attendance at trials beyond the 100-mile limit of Rule 45. Specifically, Rule 45 states:

> A subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held.
>
> * * *
>
> Subject to the provisions of clause (ii)(c)(3)(A) of this rule, a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of a deposition, hearing, trial, production, or inspection specified in the subpoena.
>
> * * *
>
> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it....(ii) requires a person <u>who is not a party who an officer of a party</u> to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to a provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend a trial be commanded to travel from any place within the state in which the trial is held.

Fed.R.Civ.P. 45(a)(2), (b)(2), (c)(3)(A)(ii) (emphasis added).

Courts that have construed the above language recognize that the "person who is not a party or an officer of a party" phraseology permits the inverse inference that parties and officers

3

of parties are subject to compulsion to attend trials that occur outside of the 100-mile limit otherwise available to non-parties. The reasoning of these courts confirms the enforceability of the subpoena issued upon Mr. Anstice. Most recently, in *American Federal of Government Employees Local 922 v. Aschroft*, 354 F. Supp.2d 909, 915 (E.D.Ark. 2003), the court held:

> This Court would have the authority to compel Mr. Thompson to appear and testify in the arbitration hearing, which is the equivalent of a trial, even though he resides outside this district and beyond the 100-mile limit of Rule 45. <u>The majority of courts to consider the issue have held that a court may compel the trial testimony of parties and, where the party is a corporation or entity, the party's high-level employees or officers even when the person to be compelled resides beyond the 100-mile range for subpoenas.</u> See *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 587 (D. Minn.1999)(recognizing distinction between "ordinary employees, and...directors, officers, and other high-level representatives' for purposes of compelling appearance to testify); *Younis v. American Univ. in Cairo*, 30 F.Supp.2d 390, 395 n. 44 (S.D.N.Y. 1998)(recognizing that officers of an Egyptian university which was a defendant in the action could be compelled to appear and testify in New York); *Venzor v. Chaves Gonzalez*, 968 F.Supp. 1258, 1267 (N.D.Ill. 1997)(the 100-mile "limitation on a trial subpoena applies only to a 'a person who is not a party.'" citing Fed.R.Civ.P. 45(c)(4)(A)(ii); *Nat'l Property Investors, VIII v. Shell Oil Co.*, 917 F.Supp. 324, 329 (D.N.J. 1995)("[U]nlike party witnesses, Fed.R.Civ.P. 45(c)(3)(A)(ii), non-party witnesses [from North Carlina] cannot be compelled to testify before this Court...").

*Id.* at 915-16 (emphasis added).

Other courts have recognized the exemption within the rule from the 100-mile limitation of persons who are parties or officers of parties. See *Ferrell v. IBP, Inc.*, 2000 WL34032907, *1, (N.D. Iowa 2000)(high ranking officer of defendant served with subpoena outside of 100 miles of the district court compelled to travel to testify at trial despite 2 prior depositions, including a videotaped deposition); *In re Ames Department Stores, Inc.*, 2004 WL1661983, *1 (Bankr.

4

S.D.N.Y. 2004)(president of adversary preceding defendant, a resident of Florida, compelled to attend trial in New York).[2] *See also Mason v. Texaco, Inc.*, 741 F. Supp. 1472, 1504 (D. Kan. 1990)("Although Mr. Richards resides more than 100 miles from the district, he is Texaco for purposes of this lawsuit, and thus a party to the action. Thus, his compelled attendance at trial was appropriate"), *affirmed*, 948 F.2d 1546 (10th Cir. 1991), *cert. denied*, 501 U.S. 910 (1992).

Accordingly, ample authority exists that permits this Court to compel the attendance of Mr. Anstice at the trial. In light of the importance of his testimony and the importance of this trial to these MDL proceedings, plaintiff respectfully requests that Mr. Anstice be compelled to attend the trial and the subpoena be enforced.

## IV.     CONCLUSION

For the reasons set forth above, plaintiff urges the Court to deny defendant's motion to quash and to compel Mr. Anstice's attendance at the trial of this case.

Respectfully submitted,

By: _____
**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160

---

[2]In *Ames Department Stores*, the court held: "Rule 45(c)(3)(A)(ii) grants the ability to quash, based on a travel obligation of more than 100 miles, where the subpoenaed person "*is not a party or an officer of a party.*" Since that provision easily could have been drafted, if it had been the rule making intent, to simply omit the italicized language and make its provisions applicable to "a person" generally, the compelling interpretation is that its application is limited to those persons who are particularly described–*i.e.*, to non-parties or their officers." *Id.*

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

### PLAINTIFFS' LIAISON COUNSEL

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telefonee)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
Fred S. Longer
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

### PLAINTIFF'S STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the **21st** day of November, 2005.

_____