# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**U.S. DISTRICT COURT**
EASTERN DISTRICT OF LOUISIANA

NOV 2 2 2005

FILED

**LORETTA G. WHYTE**   CLERK

| | | |
|---|---|---|
| **In re: VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to:** | * | |
| | * | **MAGISTRATE JUDGE KNOWLES** |
| **Plunkett v. Merck & Co., Inc.,** | * | |
| | * | **CASE NO. 2:05CV4046** |
| | * | |

---

### NOTICE OF FILING OF PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr., gives notice of filing the attached proposed jury instructions numbered 1 through 32 and requests that this Court charge the jury accordingly. Plaintiff asks that this Court consider each proposed instruction separately and that this Court issue a separate ruling for each instruction. Plaintiff further requests the right to withdraw any proposed instruction or submit such additional, supplemental, or alternative instructions as may be suggested by the Defendant's proposed jury instructions, any rulings made by this Court on questions of law following the submission of these or Defendant proposed jury instructions, or the evidence presented at trial.

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

## PLAINTIFF'S JURY INSTRUCTION NO. 1

Members of the jury, I shall now instruct you on the law that you must follow in reaching your verdicts. It is your duty as jurors to decide the issues, and only those issues, that I submit for determination by your verdicts. In reaching your verdicts, you should consider and weigh the evidence, decide the disputed issues of fact, and apply the law on which I shall instruct you to the facts as you find them from the evidence.

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, all facts that may be admitted or agreed to by the parties and any fact of which the court has taken judicial notice.

In determining the facts, you may draw reasonable inferences from the evidence. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts shown by the evidence in this case. But you should not speculate on any matters outside the evidence.

Florida Standard Jury Instruction 2.1; Model Charge No. 8.

GIVEN _____    REFUSED _____    MODIFIED _____

2

## PLAINTIFF'S JURY INSTRUCTION NO. 2

In determining the believability of any witness and the weight to be given the testimony of any witness, you may properly consider the demeanor of the witness while testifying, the frankness or lack of frankness of the witness, the intelligence of the witness, any interest the witness may have in the outcome of the case, the means and opportunity the witness had to know the facts about which the witness testified, the ability of the witness to remember the matters about which the witness testified, and the reasonableness of the testimony of the witness, considered in light of all the evidence in the case and in light of your own experience and common sense.

Florida Standard Jury Instruction 2.2a; Model Charge No. 8; Florida Statute §§ 90.107, 90.610(1).

GIVEN _____      REFUSED _____      MODIFIED _____

## PLAINTIFF'S JURY INSTRUCTION NO. 3

You have heard opinion testimony on certain technical subjects from persons referred to as expert witnesses.  You may accept such opinion testimony, reject it or give it the weight you think it deserves, considering the knowledge, skill, experience, training or education of the witness, the reasons given by the witness for the opinion expressed and all the other evidence in the case.

Florida Standard Jury Instruction 2.2b; Model Charge No. 8.

GIVEN _____        REFUSED _____        MODIFIED _____

## PLAINTIFF'S JURY INSTRUCTION NO. 4

In your deliberations, you are to consider seven distinct claims. Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Richard Irvin, Jr. alleges, first, that defendant Merck & Co. was negligent in designing, manufacturing and marketing Vioxx in the circumstances shown by the evidence, and that such negligence was the legal cause of Mr. Irvin's death.

Plaintiff alleges, second, that, regardless of whether defendant Merck & Co. was negligent or not, Merck should be held strictly liable for Mr. Irvin's death because it placed Vioxx on the market in a defective condition, unreasonably dangerous to the user.

Plaintiff alleges, third, that Merck should be held strictly liable for Mr. Irvin's death because it placed Vioxx on the market in a defective condition, unreasonably dangerous to the user and failed to warn Mr. Irvin, the medical community and other users of the dangerous nature of the drug.

Plaintiff alleges, fourth, that defendant Merck & Co. made false statements or omissions about Vioxx, these false statements and omissions were made with the intent that Mr. Irvin would rely upon them, and that Mr. Irvin relied upon them and was injured as a result.

Plaintiff alleges, fifth, that, regardless of whether defendant Merck & Co. knew the statements or omissions it made about Vioxx were false or misleading, it should have known they were false or misleading, that Mr. Irvin relied on these statements or omissions, and that he died as a result.

Plaintiff alleges, sixth, that Mr. Irvin purchased Vioxx, that Merck provided an express warranty as to the drug's effectiveness and safety, that Vioxx failed to conform to Merck's affirmation or description, and that Mr. Irvin died as a result of Merck's breach.

Plaintiff alleges, seventh, that Mr. Irvin purchased and ingested Vioxx, that he was the a foreseeable user of the drug and was using Vioxx in its intended manner at the time of the injury; that the product was defective, and the defective nature of Vioxx caused Mr. Irvin's death.

Although Plaintiff's claims have been tried together, each is separate from the others. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

Florida Standard Jury Instruction 2.4; Model Charge No. 8.

GIVEN _____      REFUSED _____      MODIFIED _____

**PLAINTIFF'S JURY INSTRUCTION NO. 5**

In this case it is agreed that Merck made the pain drug Vioxx that Mr. Richard Irvin was taking at the time of his death. Plaintiff Evelyn Irvin Plunkett claims and must prove, by a preponderance of the evidence, that Vioxx was defective and unreasonably dangerous, and a cause of Mr. Irvin's death.

A product is defective and unreasonably dangerous if it has a greater propensity or tendency to cause physical harm beyond what an ordinary user would know or expect.

A drug maker is required to make its products free from defects and unreasonably dangerous conditions.

A drug maker has "strict liability" for a defective, unreasonably dangerous product even if it was not negligent and exercised all reasonable care in its design, manufacture and sale.

A product defect is a legal "cause" of death, sufficient to establish liability, if it directly and in a natural and continuous sequence produces or is a substantial factor in causing the death, so that it can be reasonably said that, but for the defect, the death would not have occurred in that fashion. In order to be the legal cause of the death, the defect need not be its only cause. Other causes or factors may have combined to cause the death. You must determine whether a defect existed and whether it contributed substantially to the death.

Florida Standard Jury Instructions 5.1(a) & (b) (2004).

GIVEN _____     REFUSED _____     MODIFIED _____

7

## PLAINTIFF'S JURY INSTRUCTION NO. 6

A product is defective if it is unreasonably dangerous when used as intended, and is marketed without a warning, unless the danger is open and obvious or is otherwise known to the Plaintiff. In order to establish a manufacturer's liability for failure to warn, Plaintiff must prove:

| | | |
|---|---|---|
| **First:** | | That Merck & Co. knew or had reason to know that Vioxx was or was likely to be unreasonably dangerous; |
| **Second**: | | That the danger was not open and obvious; |
| **Third:** | | That Merck & Co. failed to exercise reasonable care to warn consumers of its dangerous condition or the facts that made it dangerous; and |
| **Fourth:** | | That the failure to warn was a "legal cause" of the injury complained of by the Plaintiff. |

With regard to the issue of "legal cause," a defective condition is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, except for the defective condition, the injury complained of would not have occurred. A defective condition may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the defective condition and if the defective condition contributes substantially to producing such damage.

GIVEN _____     REFUSED _____     MODIFIED _____

**PLAINTIFF'S JURY INSTRUCTION NO. 7**

A defect in a product is a legal cause of Mr. Irvin's death if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, so that it can reasonably be said that, but for the defect, Mr. Irvin's death would not have occurred.

In order to be regarded as a legal cause of Mr. Irvin's death the defect need not be the only cause. A defect may be a legal cause of the loss even though it operates in combination with some other cause if such other cause occurs at the same time the defect has its effect and if the defect contributes substantially to producing such the loss.

Florida Pattern Jury Charge 5.1(a) & (b).

GIVEN _____      REFUSED _____      MODIFIED _____

**PLAINTIFF'S JURY INSTRUCTION NO. 8**

A manufacturer's duty to warn arises whenever a reasonable person would want to be informed of the risk in order to decide whether to expose himself or herself to it.

Authority:    Johns Manville Sales Corp. v. Janssens, 463 So.2d 242, 251 (Fla. 1st DCA 1984), review denied, 467 So.2d 999 (Fla. 1985); Advance Chemical Co. v. Harter., 478 So.2d 444 (Fla. 1st DCA 1985).

GIVEN _____    REFUSED _____    MODIFIED _____

**PLAINTIFF'S JURY INSTRUCTION NO. 9**

Reasonable care on the part of the manufacturer of a product includes providing adequate warnings where the manufacturer knows or has reason to know at the time of manufacture and distribution that the product is inherently dangerous or has dangerous propensities.

Authority:    Scheman-Gonzalez v. Saber Mfg. Co., 816 So.2d 1133, 1139 (Fla. 4th DCA 2002); Cohen v. General Motors Corp., 427 So.2d 389, 390 (Fla. 4th DCA 1983) ("a warning of a known danger in a non-defective machine is required in the exercise of reasonable care . . . Further, a supplier of a product who knows or has reason to know that the product is likely to be dangerous in normal use has a duty to warn those who may not fully appreciate the possibility of such danger"); Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242, 248 (Fla. 1st DCA 1984), rev. denied, 467 So.2d 999 (Fla. 1985) (seller has "a duty to take reasonable precautions to avoid reasonably foreseeable injuries to those that might use [a product]").

GIVEN _____    REFUSED _____    MODIFIED _____

**PLAINTIFF'S JURY INSTRUCTION NO. 10**

If a product has hidden dangers which come from the very nature of the product itself, the manufacturer has a duty to take reasonable precautions to provide an adequate warning that would place users of the product on their guard against the harmful consequences that might result from use of the product.

Authority:    Tampa Drug Company v. Wait, 103 So.2d 603, 609 (Fla. 1958); Advance Chemical Co. v. Harter, 478 So.2d 444 (Fla. 1st DCA 1985).

GIVEN _____        REFUSED _____        MODIFIED _____

12

**PLAINTIFF'S JURY INSTRUCTION NO. 11**

To provide an adequate warning, the manufacturer must disclose the potential harmful consequences of the product so a reasonable person can act for their own safety in line with the potential danger. The warning should include wording regarding the significant dangers from the failure to use the product in the prescribed manner, such as the risk of serious injury or death.

Authority:    Scheman-Gonzalez v. Saber Mfg. Co., 816 So.2d 1133, 1139 (Fla. 4th DCA 2002).

GIVEN _____    REFUSED _____    MODIFIED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12**

The duty to warn includes the duty to warn with a degree of intensity that would cause a reasonable person to exercise for his or her own safety the caution commensurate with the potential danger.

Authority:     Tampa Drug Company v. Wait, 103 So.2d 603, 609 (Fla. 1958).

GIVEN _____     REFUSED _____     MODIFIED _____

14

**PLAINTIFF'S JURY INSTRUCTION NO. 13**

In determining the scope of a manufacturer's duty to warn of dangers associated with the use of its product, the manufacturer is held to the knowledge and skill of an expert in its field. The manufacturer must keep up with scientific knowledge, discoveries and advances and is presumed to know what could be learned by doing so, and it bears the duty to fully test its products to uncover all scientifically discoverable dangers before the products are sold.

Authority:    Carter v. Brown & Williamson Tobacco Corp., 773 So. 2d 932, 943 (Fla. 2000); Borel v. Fibreboard Paper Products Corporation, et al., 493 F.2d 1076 (5th Cir. 1973) cert. denied, 419 U.S. 869, 95 S. Ct. 127, 42 L.Ed.2d 107 (1974); Advance Chemical Co. v. Harter., 478 So. 2d 444 (Fla. 1st DCA 1985); Johns Manville Sales Corp. v. Janssens, 463 So. 2d 242, 251 (Fla. 1st DCA 1984), review denied, 467 So.2d 999 (Fla. 1985).

GIVEN _____     REFUSED _____     MODIFIED _____

**PLAINTIFF'S JURY INSTRUCTION NO. 14**

The issues for your determination on Plaintiff's negligence claims against defendant Merck & Co. are:

a)      Whether Merck & Co. was negligent in designing, manufacturing or marketing its product, Vioxx in a defective condition, and if so, whether such negligence was a legal cause of Mr. Irvin's death.

b)      Whether Merck & Co. negligently failed to warn Mr. Irvin of a dangerous condition in Vioxx, and if so, whether such negligence was a legal cause of Mr. Irvin's death.

GIVEN _____      REFUSED _____      MODIFIED _____

16

**PLAINTIFF'S JURY INSTRUCTION NO. 15**

Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

Florida Standard Jury Instruction 4.1

GIVEN _____        REFUSED _____        MODIFIED _____

17

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 16

(a)  Negligence is a legal cause of loss, injury or damage if it directly, and in natural and continuous sequence, produces or contributes substantially to producing such loss, injury or damage so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.

(b)  In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause.  Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such loss, injury or damage.

(c)  Negligence may also be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury or damage, or the resulting loss injury or damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.

Florida Standard Jury Instruction 5.1

\_\_\_\_\_ GRANTED     \_\_\_\_\_ DENIED     \_\_\_\_ MODIFIED

18

## PLAINTIFF'S JURY INSTRUCTION NO. 17

In order for loss, injury or damage to be a reasonably foreseeable consequence of negligence or a product defect, it is not necessary that a Merck & Co. be able to foresee the exact nature and extent of the injuries or harm or the precise manner in which the injuries or harm occur; rather, in order for liability to arise, a Merck & Co. need only foresee that there is a likelihood that some injury or harm will result as a result of its negligence or the product defect.

Authority:     Stevens v. Jefferson, 436 So.2d 33 (Fla. 1983); Guyton v. Colvin, 473 So.2d 266, 267 (Fla. 1st DCA 1985); Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981).

GIVEN _____      REFUSED _____      MODIFIED _____

## PLAINTIFF'S JURY INSTRUCTION NO. 18

The issues for your determination on the breach of express warranty claim of Plaintiff Evelyn Irvin Plunkett against defendant Merck & Co. are whether the Vioxx, sold by Merck & Co., was defective when it left the possession of Merck and, if so, whether such defect was a legal cause of Mr. Irvin's death. The product is defective if it does not conform to representations of fact made by Merck, orally or in writing, in connection with its sale and upon which Mr. Irvin relied in the purchase and use of Vioxx. Such a representation must be one of fact, rather than opinion. The product is also defective if it is not reasonably fit for the specific purpose for which Merck knowingly sold Vioxx and for which Mr. Irvin bought Vioxx in reliance on the judgment of Merck.

If the greater weight of the evidence does not support either of the breach of warranty claims of Plaintiff, your verdict on those claims should be for Merck & Co.

Florida Standard Instruction in Civil Cases Model Charge No. 7 & PL 1 (2004).

GIVEN _____      REFUSED _____      MODIFIED _____

## PLAINTIFF'S JURY INSTRUCTION NO. 19

The issues for your determination on the breach of implied warranty claims of Plaintiff Evelyn Irvin Plunkett against defendant Merck & Co. are whether Vioxx sold by Merck & Co. was defective when it left the possession of Merck and, if so, whether such defect was a legal cause of Mr. Irvin's death. The product is defective if it is not reasonably fit for the uses intended or reasonably foreseeable by Merck & Co.

If the greater weight of the evidence does not support either of the breach of warranty claims of Plaintiff, your verdict on those claims should be for Merck & Co.

Florida Standard Instruction in Civil Cases Model Charge No. 7 & PL 2 (2004).

GIVEN _____      REFUSED _____      MODIFIED _____

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 20

On Plaintiff's claim for fraudulent misrepresentation, the issues for your determination are:

a)       Whether Merck & Co. intentionally made a false statement concerning a material fact;

b)       Whether Merck & Co. knew the statement was false when they made it or made the statement knowing Mr. Irvin was without knowledge of its truth or falsity;

c)       Whether in making the false statement, Merck & Co. intended that another would rely on the false statement;

d)       Whether Mr. Irvin relied on the false statement;

e)       Whether Mr. Irvin suffered loss, injury or damage as a result.

A material fact is one that is of such importance that Mr. Irvin would not have acted, but for the false statement.

On this claim for fraudulent misrepresentation, Mr. Irvin may rely on a false statement, even though its falsity could have been discovered if he had made an investigation.  However, Mr. Irvin may not rely on a false statement if he knew it was false or its falsity was obvious to him.

Florida Standard Jury Instructions, MI 8, Negligent Misrepresentation (Issues and Elements).


\_\_\_\_\_ GRANTED   \_\_\_\_\_ DENIED   \_\_\_\_\_ MODIFIED

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 21

On Plaintiff's claim for negligent misrepresentation, the issues for your determination are:

a)      Whether Merck & Co. made a statement concerning a material fact that they believed to be true but which was in fact false;

b)      Whether Merck & Co. was negligent in making the statement because it should have known the statement was false;

c)      Whether in making the statement, Merck & Co. intended or expected that another rely on the statement;

d)      Whether Mr. Irvin justifiably relied on the false statement;

e)      Whether Plaintiff suffered loss, injury or damage as a result.

A material fact is one that is of such importance that Mr. Irvin would not have acted, but for the false statement.

Florida Standard Jury Instructions, MI 8, Negligent Misrepresentation (Issues and Elements).

_____ GRANTED   _____ DENIED   _____ MODIFIED

**PLAINTIFF'S JURY INSTRUCTION NO. 22**

If you find for Merck & Co., you will not consider the matter of damages. But, if you find in favor of Plaintiff Evelyn Irvin Plunkett, personal representative of Mr. Richard Irvin, on any claim you should award Mrs. Plunkett as personal representative an amount of money that the greater weight of the evidence shows will fairly and adequately compensate the Mr. Irvin's estate and his survivors for their damages, including any such damages that the estate and the survivors are reasonably certain to incur or experience in the future.

In determining any damages recoverable on behalf of Mr. Irvin's estate, you shall consider the following elements:

Fifth Circuit Jury Instructions 15.26.5 (b) (2005).

GIVEN _____      REFUSED _____      MODIFIED _____

24

**PLAINTIFF'S JURY INSTRUCTION NO. 23**

I.  <u>Lost accumulations</u>:

Mr. Irvin's estate's loss of net accumulations: "Net accumulations" is the part of the

decedent's net income from salary after taxes, including pension benefits, which Mr. Irvin,

after paying his personal expenses and monies for the support of his survivors, would have

left as part of this estate if he had lived his normal life expectancy.

II.  <u>Medical or funeral expenses</u>:

Medical or funeral expenses due to Mr. Irvin's death which have become a charge against the

decedent's estate and were paid by or on behalf of the decedent by one other than a survivor.

III.  <u>Lost support and services</u>:

Mrs. Irvin Plunkett and his son, Richard Irvin, III and his daughter, Ashley Irvin, are

considered legal survivors of Mr. Irvin.  You may award compensation for their loss of

support and services.  Their loss, by reason of Mr. Irvin's death, of his support and services

includes interest at (legal rate) on any amount awarded for such loss from the date of injury to

the date of death.  In determining the duration of any future loss, you may consider the joint

life expectancy of the survivor and the decedent and the period of minority, ending at age 25,

of a healthy minor child.

In evaluating past and future loss of support and services, you shall consider the survivor's

relationship to the decedent, the amount of Mr. Irvin's probable net income available for

distribution to the survivor and the replacement value of Mr. Irvin's services to the survivor. "Support" includes contributions in kind as well as sums of money. "Services" means tasks regularly performed by the decedent for a survivor that will be a necessary expense to the survivor because of Mr. Irvin's death.

IV.    Damages of surviving spouse:

Mrs. Evelyn Irvin Plunkett's loss of Mr. Irvin's companionship and protection, and her mental pain and suffering as a result of Mr. Irvin's death. In determining the duration of such losses, you may consider the joint life expectancy of Mr. Irvin and Mrs. Irvin Plunkett together with the other evidence in the case.

V.    Damages by surviving children:

The loss by Richard Irvin, III and Ashley Irvin of parental companionship, instruction and guidance, and their mental pain and suffering as a result of Mr. Irvin's death. In determining the duration of such losses, you may consider the joint life expectancy of Mr. Irvin and each of the surviving children together with the other evidence in the case.

GIVEN _____     REFUSED _____     MODIFIED _____

## PLAINTIFF'S JURY INSTRUCTION NO.24

In determining how long Mr. Irvin would have lived, had he lived out his normal life, you may consider his life expectancy at the time of his death. The mortality tables received in evidence may be considered in determining how long he may have been expected to live. Such tables are not binding on you but may be considered together with other evidence in the case bearing on his health, age and physical condition, before his death, in determining the probable length of his life.

In determining the duration of any future loss sustained by Mrs. Evelyn Irvin Plunkett, Richard Irvin, III, and Ashley Irvin by reason of the death of Mr. Irvin, you may consider the joint life expectancy of each survivor and Mr. Irvin. The joint life expectancy is that period of time when both Mr. Irvin and a survivor would have remained alive. The mortality tables received in evidence may be considered, together with the other evidence in the case, in determining how long each may have been expected to live.

Florida Standard Jury Instruction 6.5 & 6.6 (2004).

GIVEN _____     REFUSED _____     MODIFIED _____

## PLAINTIFF'S JURY INSTRUCTION NO. 25

Any damages that you find were sustained by the decedent's estate and by each survivor shall be separately stated in your verdict.

Florida Standard Jury Instruction 6.7.

GIVEN _____        REFUSED _____        MODIFIED _____

## PLAINTIFF'S JURY INSTRUCTION NO. 26

If you find for Plaintiff Evelyn Irvin Plunkett and against Merck & Co., you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.

Punitive damages are warranted if you find by clear and convincing evidence that Merck & Co. by and through its employees was guilty of intentional misconduct or gross negligence. "Intentional misconduct" means that Merck & Co. through its employees had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to Mr. Irvin would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of Merck & Co. through its employees was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, "clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should decide any disputed factual issues by the greater weight of the evidence. "Greater weight of the evidence" means the more persuasive and

convincing force and effect of the entire evidence in the case. You should consider the
following:

    (1) the nature, extent and degree of misconduct and the related circumstances, including

        the following:

            a.   whether the wrongful conduct was motivated solely by unreasonable financial

               gain;

            b.   whether the unreasonably dangerous nature of the conduct, together with the

               high likelihood of injury resulting from the conduct, was actually known by

               Merck & Co.;

            c.   whether, at the time of Mr. Irvin's death had a specific intent to harm Mr. Irvin

               and the conduct of Merck & Co. did in fact harm Mr. Irvin; and

    (2) Merck & Co.'s financial resources.

Florida Pattern Jury Instructions PD2 (2005).

GIVEN _____      REFUSED _____      MODIFIED _____

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 27

Punitive damages are imposed to further society's interests in punishing unlawful conduct and deterring its repetition by others. In deciding whether to impose punitive damages, and in deciding how much to impose, you should consider the actual or potential harm or injury suffered by Plaintiff and the degree of reprehensibility of Merck & Co.'s misconduct. The most important consideration is the degree of reprehensibility of the Defendant's conduct, which you determine by considering whether: the harm caused was physical as opposed to economic, whether the conduct showed indifference to or reckless disregard of the health and safety of others, whether the target of the conduct had financial vulnerability, whether the conduct involved repeated actions or was an isolated incident, and whether the harm was the result of intentional malice, trickery, or deceit, or was a mere accident. Not all of these factors need be present, and there is no mathematical formula that must be applied. You should, however, presume that your award of compensatory damages makes Plaintiff whole for the injuries themselves. You are to impose punitive damages only if you determine that Defendant's conduct, after having paid compensatory damages, is so reprehensible that further punishment or deterrence is warranted.

State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513 (2003) (citing Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S.. 424, 432 (2001) and BMW of North America, Inc. v. Gore, 517 U.S. 559, 568 & 575-577 (1996)).

GIVEN _____      REFUSED _____      MODIFIED _____

31

Plaintiff reserves the right to present to the Court additional proposed jury charges during the trial of this case.

Respectfully submitted,

By: _____

**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN,PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160

**Co-Lead Counsel**

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telefonee)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
Fred S. Longer
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the **21st** day of November, 2005.