FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 23  PM 3: 38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 1657 |
| IN RE: VIOXX | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO**
*Plunkett v. Merck & Co., Inc.*, 05-4046

## ORDER & REASONS

The Court held the Pretrial Conference in this matter on November 21, 2005. At this conference, the Plaintiff requested that the Court bifurcate this matter into separate trials in accordance with Florida law.

### I. BACKGROUND

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ordered that all federal litigation concerning the drug Vioxx be centralized, designated an MDL, and assigned to this Court. One of the Court's first tasks was to select cases for early federal court trial. With the consent of both the Plaintiff and the Defendant, this case was selected as the first case for trial. Both parties have stipulated and the Court has agreed that Florida substantive law applies

___ Fee___
___ Process___
_X_ Dktd___
_✓_ CtRmDep___
___ Doc. No.___

to this case.

Specifically, this case involves the death of Richard Irvin, Jr. On May 15, 2001, Mr. Irvin died of a myocardial infarction. The Plaintiff claims that Mr. Irvin's death was a direct cause of his ingestion of Vioxx. As such, the Plaintiff has filed suit against Merck & Co., Inc., the manufacturer of Vioxx. In addition to compensatory damages, the Plaintiff seeks punitive damages pursuant to section 768.72 of the Florida Statutes Annotated.

## II. PRESENT MOTION

The Plaintiff contends that Florida law has established the method for jury determination of punitive damages and that this method is substantive and, as such, must be applied by the Court in this case. In the alternative, the Plaintiff reurges its position that the Court should not bifurcate the determination of compensatory and punitive damages.

The Defendant asserts that Florida law regarding jury determination of punitive damages is procedural and, thus, the Court should apply federal procedural law. Under federal procedural law, the Defendant claims that this trial should be bifurcated with one phase to determine fault and compensatory damages and, if necessary, a second phase to determine liability for punitive damages and their amount.

## III. LAW AND ANALYSIS

In *W.R. Grace & Co.-Conn. v. Waters*, 638 So. 2d 502, 506 (Fla. 1994), the Florida Supreme Court established a method by which punitive damages may be sought in Florida state courts. The court held that all trials involving punitive damages should be bifurcated. *Id.* At the first stage of trial, the jury should hear evidence on and determine liability for compensatory damages, the amount of compensatory damages, and liability for punitive damages. *Id.* If the

jury finds that punitive damages are warranted, the same jury should then hear evidence on and determine the amount of punitive damages. *Id.*

The Plaintiff asserts that if this Court bifurcates the trial it should do so according to the Florida Supreme Court's established guidelines because these guidelines are substantive. The Plaintiff, however, is mistaken. In a case directly on-point, the United Fifth Circuit Court of Appeals has found otherwise.

In *Rosales v. Honda Motor Co.*, 726 F.2d 259, 262 (5th Cir. 1984), the Fifth Circuit found that the mode of trial is procedural and federal district courts should apply federal procedural law, not state substantive law, in establishing the mode of trying a case in federal court. Furthermore, in *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 474-75 (5th Cir. 1986), the Fifth Circuit affirmed the district court's bifurcation of compensatory and punitive damages. Accordingly, despite the fact that the parties have agreed to apply Florida substantive law, the mode of trial is a procedural matter and under *Rosales*, the Court is bound to apply federal procedural law.

Rule 42(b) of the Federal Rules of Civil Procedure governs the bifurcation of trials. In determining whether to bifurcate trials, a federal district court should consider whether efficiency and convenience favor bifurcation, whether the issues are separable, and the prejudice each party might endure. Fed. R. Civ. P. 42(b). The decision to bifurcate rests within the sound discretion of the trial court. *Laitram Corp. v. Hewlett-Packard, Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992).

In the present case, the balance of the equities weighs in favor of bifurcation. Moreover, to avoid undue prejudice, bifurcation will separate (1) fault and compensatory damages from (2)

liability for and the amount of punitive damages. Accordingly, the Court will bifurcate the trial into two stages. At the first stage, the jury will decide liability for and the amount of compensatory damages. If the jury finds that the Defendant is liable, the same jury will then determine liability for and the amount of punitive damages at the second stage. Any other method of bifurcation would be highly prejudicial and unfair.

## IV. CONCLUSION

Therefore, for the foregoing reasons, the trial of this matter will be bifurcated. At the first stage, the jury will determine liability for and the amount of compensatory damages. If the jury finds the Defendant liable, the trial will proceed to the second stage. At the second stage, the same jury will determine liability for and the amount of punitive damages.

New Orleans, Louisiana, this __23rd__ day of ___November___, 2005.

_____
UNITED STATES DISTRICT JUDGE