UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX　　　　　　　　　　　　　　　　*　　MDL No. 1657
　　　PRODUCTS LIABILITY LITIGATION　　　*
　　　　　　　　　　　　　　　　　　　　　　　　　*　　SECTION L

This Document Relates To: *Thelma Reed, et al v.*　　*
*Merck & Co., Inc.*, No. 2:05-5347　　　　　　　　*　　Judge Fallon
**********************************　　*　　Magistrate Judge Knowles

## MOTION TO SEVER

COMES NOW Defendant Merck & Co., Inc. ("Merck") and hereby moves this Court to sever the plaintiffs in this case because they were improperly joined under Federal Rule of Civil Procedure 20. In support of its motion, Merck states as follows:

1.　　Plaintiffs have sought to improperly join in one lawsuit the claims of sixteen different people who allege that they, or their decedents, suffered personal injuries from taking Vioxx®.

2.　　Under Fed. R. Civ. P. 20(a), joinder of parties is permissible only if plaintiffs satisfy "two specific requirements: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." *Smith v. Planned Parenthood of the St. Louis Region*, 225 F.R.D. 233, 243 (E.D. Mo. 2004); Fed. R. Civ. P. 20(a). Joinder is proper only if both requirements of Rule 20 are satisfied. In this case, the plaintiffs have not satisfied the first requirement in Rule 20 and therefore their claims cannot be joined in one action. Fed. R. Civ. P. 20. *See also*, Fed. R. Civ. P. 21 (Even if Rule 20 is satisfied, "[p]arties may be dropped or added by order of the court ... on such terms as are just. Any claim against a party may be severed and proceeded with separately"); *DIRECTV v. Loussaert*, 218 F.R.D. 639 (S.D. Iowa 2003).

3.　　As discussed more fully in Merck's Memorandum in Support of its Motion to

2208884　　　　　　　　　　　　　　　　1

Sever, numerous courts have recognized that in product liability cases brought against pharmaceutical manufacturers where the plaintiffs only took the same drug and suffered injuries, plaintiffs do not meet the "same transaction or occurrence" requirement for joinder because of the highly individualized circumstances that characterize each plaintiff's claims.

4. Here, plaintiffs' Petition suggests only two things that all plaintiffs, or their decedents, have in common: they each took Vioxx and they each allegedly suffered some injury. But there is much more that the plaintiffs do not have in common, and those disparate facts are central to resolution of their claims.

5. The plaintiffs have not alleged that they, or their decedents, were prescribed Vioxx by the same doctor for the same purpose. The plaintiffs do not allege they purchased Vioxx at the same pharmacy. They do not allege that their doctors were visited by the same Merck professional representatives. They do not allege they took the same, or even similar, dosages of Vioxx. The plaintiffs do not allege they have similar medical histories. In addition, the plaintiffs do not allege that they took Vioxx for the same period of time. Finally, plaintiffs and their decedents allegedly suffered a wide variety of injuries.

6. Each of these differences will be highly relevant to resolution of the plaintiffs' claims. Because the plaintiffs do not allege claims arising out of the same transaction, occurrence, or series of transaction or occurrences, the sixteen plaintiffs in this case were improperly joined and their claims should be severed under Fed. R. Civ. P. 20; Fed. R.Civ. P. 21.

7. In support of Defendant's motion, it files contemporaneously herewith and incorporates herein, its Memorandum of Law in Support of its Motion to Sever.

WHEREFORE, Merck respectfully requests that this Court, pursuant to Federal Rules of Civil Procedure 20 and 21, sever all plaintiffs, so that each plaintiff's claims proceed in a separate lawsuit.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittman, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel
Dan H. Ball
Robert T. Ebert, Jr.
Stephen G. Strauss
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Phone: 314-259-2000
Fax: 314-259-2020

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck's Motion to Sever has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 22nd [23rd] day of November, 2005.

*/s/ Dorothy H. Wimberly*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL No 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| This Document Relates To: *Thelma Reed, et al v.* | * | |
| *Meck & Co., Inc.,* No. 2:05-5347 | * | Judge Fallon |
| ************************************ | * | Magistrate Judge Knowles |

## MEMORANDUM IN SUPPORT OF MERCK'S MOTION TO SEVER

Defendant Merck & Co, Inc. ("Merck") submits the following Memorandum in Support of its Motion to Sever Plaintiffs Due to Improper Joinder. Merck respectfully moves the Court pursuant to Fed. R. Civ. P. 20 and 21 to sever the claims of all plaintiffs who have been improperly joined in this action, so that each plaintiff's claims proceed in a separate lawsuit.

### Background

Plaintiffs have sought to improperly join in one lawsuit the claims of sixteen different people, who each allege that they, or their decedents, suffered personal injuries from taking Vioxx®. Notably, plaintiffs have not alleged that they, or their decedents, were prescribed Vioxx by the same doctor or for the same purpose. Plaintiffs do not allege their doctors were visited by the same Merck professional representatives. Plaintiffs do not allege that they purchased Vioxx at the same pharmacy. Plaintiffs do not allege that they took Vioxx during the same period of time. Plaintiffs have different medical backgrounds and different medical histories. And plaintiffs allege injuries that vary in nature. Without question, each separate alleged injury will turn on its own unique facts. As numerous courts have recognized, claims such as these do not arise out of the same transaction or occurrence under Fed. R. Civ. P. 20 and thus cannot be joined in one suit. Accordingly, the Court should sever plaintiffs' claims.

## ARGUMENT

Under Fed. R. Civ. P. 20(a), joinder of parties is permissible only if plaintiffs satisfy "two specific requirements: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." *Smith v. Planned Parenthood of the St. Louis Region*, 225 F.R.D. 233, 243 (E.D. Mo. 2004); Fed. R. Civ. P. 20(a). Where plaintiffs fail to satisfy *both* requirements of Rule 20, joinder is improper and their claims cannot proceed as one action. Fed. R. Civ. P. 20(a). *See also,* Fed. R. Civ. P. 21 (Even if Rule 20(a) is satisfied, "[p]arties may be dropped or added by order of the court ... on such terms as are just. Any claim against a party may be severed and proceeded with separately"); *DIRECTV v. Loussaert*, 218 F.R.D. 639 (S.D. Iowa 2003). In this case, the plaintiffs do not satisfy the first requirement for joinder under Fed. R. Civ. P. 20.

### The Plaintiffs Fail to Satisfy Rule 20.

Numerous courts have recognized that in product liability cases brought against pharmaceutical manufacturers, plaintiffs who simply took the same drug do not meet the "same transaction or occurrence" requirement for joinder because of the highly individualized circumstances that characterize each plaintiff's claims. *See, e.g., Simmons v. Wyeth Labs.*, Nos. CIV.A.96-CV-6631, -6686, -6728, and -6730, 1996 WL 617492, at *3 (E.D. Pa. Oct. 24, 1996); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 145-46 (S.D.N.Y. 2001); *Graziose v. American Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001); *In re Diet Drugs*, No. CIV.A.98-20478, 1999 WL 554584, at *4 (E.D. Pa. July 16, 1999); *In re Baycol Prods. Liab. Litig.*, MDL No. 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002); *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1096 (Miss. 2004); *see also In re Orthopedic*

*Bone Screw Prods. Liab. Litig.*, MDL No. 1341, 1995 WL 428683, at *6 (E.D. Pa. July 15, 1995). The reason for this rule is self-evident: when *different* people with *different* medical histories separately take *different* dosages of the same drug prescribed by *different* physicians under *different* circumstances, for *different* periods of time, and at *different* points in time, their claims facially involve *different* transactions or occurrences.

Rule 20 is not merely formalistic; rather, it is based on fundamental due process concerns regarding the right to a fair trial. As one district court aptly explained, "The joinder of several plaintiffs who have no connection to each other in no way promotes trial convenience or expedites the adjudication of the asserted claims. Rather, the joinder of such unconnected, geographically diverse plaintiffs that present individual circumstances material to the final outcome of their respective claims would obstruct and delay the adjudication process." *In re Diet Drugs*, 1999 WL 554584, at *3; *see also In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 146 (same); *Armond*, 866 So.2d at 1101 (joinder is prejudicial because "the potential is that the collective evidence will be applied to all defendants"); *In re Ethyl Corp.*, 975 S.W.2d 606, 610 (Tex. 1998) ("A trial court has no discretion to deny separate trials when an injustice will result").

Recently, a federal court in New York found that joinder of Vioxx claims – like those asserted here – would be improper for these very reasons. *See McNaughton v. Merck & Co., Inc.*, 04CIV8297(LAP), Slip. Op. 3-6 (S.D.N.Y. Dec. 17, 2004) (attached as Exhibit A). In that case, the court noted that "[t]he mere existence of common questions of law or fact does not satisfy the same transaction or occurrence requirement." *Id.* at 3; *see also id.* at 3-4 (allegations of "a similar injury allegedly caused by the same drug" does not show the same transaction or occurrence). The court then found that plaintiffs' allegations that they "took VIOXX," "were

improperly warned of the alleged dangers," and "suffered serious medical ills as a result" were insufficient to establish that their claims arose from the same transaction or occurrence. *Id.* at 3. The court also noted that "variables such as exposure to the drug and the patient's physical state at the time of ingestion were issues relating to each specific individual." *Id.* at 4 n.2. Finally, the court recognized that the vast majority of case law supports the view that joinder is improper in a prescription drug case where the plaintiffs allege only that they all took the same drug and suffered an injury. *Id.* at 3-5.

Similarly, in *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d at 1096, the Mississippi Supreme Court held that 56 plaintiffs who alleged injuries after taking the prescription drug Propulsid improperly joined their claims. In that case, the plaintiffs "ha[d] different medical histories; allege[d] different injuries at different times; ingested different amounts of Propulsid over different periods of time; [and] received different advice from 42 different doctors who, in turn, received different information about the risks associated with the medication via six different warning labels utilized during the time covered by the lawsuit, and who each had his or her own reasons to prescribe Propulsid for the patients." *Id.* at 1096. Those differences meant that "a joint trial would require 56 different fact situations, 56 sets of medical histories, and 56 sets of witnesses and testimony, all in addition to addressing the myriad causation and other products liability issues. Instead of fostering efficiency, such a trial would unavoidably confuse the jury and irretrievably prejudice the defendants." *Id.* at 1098.

The concerns discussed above preclude joinder of plaintiffs' claims here. Plaintiffs' Petition suggests only two things that all plaintiffs, and their decedents, have in common: they each took Vioxx and they each allegedly suffered some injury. (Petition ¶¶ 6-11). But there is much more that the plaintiffs do not have in common, and those disparate facts are central to

2208886                                                4

resolution of their claims. The plaintiffs do not allege that they, or their decedents, were prescribed Vioxx by the same doctor for the same purpose. The plaintiffs do not allege that their doctors were visited by the same Merck professional representatives. The plaintiffs do not allege that they all purchased Vioxx at the same pharmacy. The plaintiffs do not allege that they took the same, or even similar, dosages of Vioxx. The plaintiffs do not allege that they have similar medical histories or diets. The plaintiffs do not allege that they took Vioxx over the same period of time. Plaintiffs allege that they, or their decedents suffered "catastrophic injuries and decedents' death" as a result of taking Vioxx. *Id.* at ¶ 10-11.

Each of these differences will be highly relevant to resolution of the plaintiffs' claims. For example, the fact that the plaintiffs, or their decedents, likely were each prescribed Vioxx by different doctors means that they were likely told different things about the drug and its potential side effects. *See Armond*, 886 So. 2d at 1101. The fact that plaintiffs likely took Vioxx during different time periods will affect each plaintiff's failure-to-warn claim against Merck. (*See* Petition ¶¶ 17-19, 24-25, 27-28, 31) (alleging that Merck learned of various alleged risks of Vioxx at various times based on a number of studies). And the differences in each plaintiff's medical history, diet, and alleged injury and the fact that they each took different dosages of Vioxx for different lengths of time will mean that each plaintiff will offer different evidence on causation issues. *See In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 146. In short, the plaintiffs' claims were improperly joined because they "allege a defect . . . which may have caused different results – not just different injuries – in patients, depending on such variables as exposure to the drug, the patient's physical state at the time of taking the drug, and a host of other known and unknown factors that must be considered at trial with respect to each individual plaintiff." *Id.* As a result, "[l]iability, causation, and damages will . . . be different with each

individual plaintiff." *Armond*, 866 So. 2d at 1096.

Because the plaintiffs do not allege claims arising out of the same transaction, occurrence, or series of transaction or occurrences, the sixteen plaintiffs in this case were improperly joined and pursuant to Fed. R. Civ. P. 20(a), they cannot proceed as one claim. *See, e.g., Graziose*, 202 F.R.D. at 641 ("This case should be six separate cases. They will each involve separate discovery, separate claims, separate damages, separate defendants, separate medicine, separate physical conditions and history, and . . . separate witnesses. The Court will sever the claims"); *see also, e.g., In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 148; *Simmons*, 1996 WL 617492, at *2, 5.

### Conclusion

The plaintiffs' petition joins sixteen plaintiffs whose only commonality is the fact that they, or their decedent, took Vioxx and allegedly suffered injuries as a result. The clear weight of authority indicates that the plaintiffs' claims are improperly joined under Federal Rule of Civil Procedure 20(a) because they did not arise from the same transaction, occurrence, or series of transactions and occurrences. Accordingly, this Court should sever the plaintiffs' claims pursuant to Federal Rules of Civil Procedure 20 and 21.

Respectfully submitted,

Phillip A. Wittman, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Dan H. Ball
Robert T. Ebert, Jr.
Stephen G. Strauss
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Phone: 314-259-2000
Fax: 314-259-2020

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck's Memorandum in Support of Sever has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 22nd 23rd day of November, 2005.

*[signature: Dorothy H. Wimberly]*