FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 23  AM 10: 38

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re:  VIOXX | * | **MDL Docket No. 1657** |
|  | * |  |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
|  | * |  |
|  | * | **JUDGE FALLON** |
| **This document relates to** | * |  |
| **Case No. 05-4046\*** | * |  |
|  | * | **MAGISTRATE JUDGE KNOWLES** |
| **EVELYN IRVIN PLUNKETT** | * |  |
| as Personal Representative of the Estate of | * |  |
| **RICHARD IRVIN, JR.,** | * |  |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| vs. | * |  |
|  | * |  |
| **MERCK & CO., INC.,** | * |  |
|  | * |  |
| Defendant. | * |  |

\* * * * * * * * * * * * * * * * * *

## SUPPLEMENTAL MEMORANDUM OF MERCK & CO., INC. REGARDING BIFIRUCATION

At the November 21, 2005 pretrial conference, the Court asked the parties to brief two questions relating to its decision to bifurcate the trial.  The Court asked whether Florida law requires that liability for punitive damages be found at the initial stage of the trial and the amount of punitive damages at the second stage.  The Court also asked whether any Florida law on this point is procedural or substantive.  *See* November 21, 2005 Minute Order.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____ 791832v.1
___ Doc. No._____

With respect to the first question, the Florida Supreme Court in *W.R. Grace v. Waters*, 638 So.2d 502, 506 (Fla. 1994), held:

> At the first stage of a trial in which punitive damages are an issue, the jury should hear evidence regarding liability for actual damages, the amount of actual damages, and liability for punitive damages, and should make determinations on those issues.  If, at the first stage, the jury determines that punitive damages are warranted, the same jury should then hear evidence relative to the amount of punitive damages.

*Id.*

However, this is a procedural rule and does not govern in a diversity-of-citizenship action.  Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), this Court should apply the Federal Rules.  Federal Rule 42(b) permits this Court to bifurcate entitlement to punitive damages from the compensatory liability phase of this case.

The Florida Supreme Court's decision in *W.R. Grace* does require that Florida courts bifurcate punitive *damages* from the liability phase.  638 So.2d at 506.  In her brief opposing even this type of bifurcation, Plaintiff conceded that *W.R. Grace* does not control this Court's decision.  *See* November 9, 2005 Plaintiff's Mem. Opposing Bifurcation at 7 n.1 ("[A]ny argument by Merck that the **procedural** ruling of *W.R. Grace* therefore controls this Court's discretionary ruling as to how to conduct the trial of this action would be seriously misplaced.") (emphasis added).

Rule 42(b) governs this Court's decision on whether to try punitive damages liability in the second stage of the trial. Fed. R. Civ. P. 42(b).  Rule 42(b) applies instead of *W.R. Grace* because the Fifth Circuit has held that bifurcation is procedural and not substantive.  *See Rosales v. Honda Motor Co.*, 726 F.2d 259, 261-62 (5th Cir. 1984) (upholding district court decision to bifurcate trial where Texas state law prohibited bifurcation); *see also Oulds v. Principal Mut. Ins. Co.*, 6 F.3d 1431, 1435-36 (10th Cir. 1993) (bifurcating breach of contract claim from bad faith tort claim); *Sellers v. Baisier*, 792 F.2d 690, 694 (7th Cir. 1986) ("Bifurcated trials are

2

permissible in federal court under Federal Rule of Civil Procedure 42, however, and Rule 42 may be applied in diversity cases even though the state law employed to determine the substantive issues in the case prohibits bifurcated trials").

Under the Fifth Circuit's decision in *Rosales*, *W.R. Grace* does not control, and this Court can choose to bifurcate punitive damages liability from the compensatory phase. This bifurcation would further judicial economy and this Court's case management objectives. *See* November 18, 2005 Merck Mem. In Support Of Bifurcation at 6-11.

This Court's recent rulings in this case also counsel in favor of this sort of bifurcation. The Court has ruled against Merck on whether Florida law allows for punitive damages in light of the *Ernst* verdict. Without bifurcation, an appellate reversal on this point might require a new trial if plaintiff's punitive damages evidence affected the jury's consideration of compensatory liability. But if the Court bifurcates punitive damages liability from the compensatory phase, any appellate reversal will not disturb a compensatory liability and damages verdict for plaintiff.

For the foregoing reasons, Merck respectfully requests that the Court bifurcate all punitive damages issues from the compensatory phase of the trial.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

791832v.1

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax:     (202) 434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: (213) 430-6000
Fax:     (213) 430-6407

Attorneys for Merck & Co., Inc.

791832v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Motion to Quash Plaintiff's Subpoena has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 23rd day of November, 2005.

791832v.1