FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 23  AM 11: 33

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  VIOXX                                    *    MDL No. 1657
      PRODUCTS LIABILITY LITIGATION        *
                                                              *    SECTION L
This Document Relates To:  *Thelma Reed, et al v.*  *
*Meck & Co., Inc.,* No. 2:05-5347                    *    Judge Fallon
    ***********************************    *    Magistrate Judge Knowles

**MERCK & CO., INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' PETITION**

    COMES NOW defendant Merck & Co., Inc. ("Merck"), by and through its counsel, and

presents the following Answer and Defenses to Plaintiffs' Petition ("Petition") as follows:

    1.    Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of such allegations contained in paragraph 1 of the Petition, and therefore denies the same.

    2.    Denies each and every allegation contained in paragraph 2 of the Petition except

avers that Merck is a New Jersey Corporation with its principal place of business at One Merck

Drive, Whitehouse Station, New Jersey.

**RESPONSE TO "JURISDICTION AND VENUE"**

    3.    The allegations contained in paragraph 3 of the Petition are legal conclusions as to

which no responsive pleading is required.  Should a response be deemed required, Merck denies

each and every allegation contained in said paragraph except admits that plaintiffs state that their

claim "exceeds the sum or value of $75,000" but avers that Plaintiff's claims put more than

$75,000 in controversy but there is no legal or factual basis for any of the relief sought.

    4.    The allegations contained in paragraph 4 of the Petition are legal conclusions as to

which no responsive pleading is required.  Should a response be deemed required, Merck denies

each and every allegation contained in said paragraph.

___ Fee_____
___ Process_____
_X_ Dktd._____
___ CtRmDep_____
___ Doc. No _____

2201299                                    1

5.      The allegations contained in paragraph 5 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "GENERAL ALLEGATIONS"

6.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 6 of the Petition, and therefore denies the same.

7.      Lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations not directed toward Merck in paragraph 7 of the Petition, and denies each and every allegation directed toward Merck contained in paragraph 7 of the Petition.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 8 of the Petition, and therefore denies the same.

9.      Denies each and every allegation contained in paragraph 9 of the Petition.

10.     Denies each and every allegation contained in paragraph 10 of the Petition.

11.     Denies each and every allegation contained in paragraph 11 of the Petition.

12.     Denies each and every allegation contained in paragraph 12 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medication Vioxx® until Merck's voluntary worldwide withdrawal of Vioxx on September 30, 2004.

13.     Denies each and every allegation contained in paragraph 13 of the Petition except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).  Merck further admits that Vioxx is part of a class of drugs known as Non-Steroidal Anti-Inflammatory Medicines (NSAIDs) and that Vioxx is the trade name for rofecoxib.  Merck

further avers that the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 14 of the Petition except admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

15.     Denies each and every allegation contained in paragraph 15 of the Petition except admits that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX-2), that the COX enzyme produces arachidonic acid and  that prostaglandins are derived from arachidonic acid.

16.     Denies each and every allegation contained in paragraph 16 of the Petition except admits that Vioxx is part of a class of drugs known as NSAIDs and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

17.     Denies each and every allegation contained in paragraph 17 of the Petition except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Petition except admits that plaintiffs purport to refer to certain portions in the FDA-approved label for Vioxx and respectfully refers the Court to the referenced label for its actual language and full text.

19.     Denies each and every allegation set forth in the first sentence of paragraph 19 of the Petition and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study, which showed an advantage for Vioxx over naproxen with respect to gastrointestinal safety.  Merck further avers that, in June 2000 Merck filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers the Court to the referenced study and sNDA for their actual language and full text.  Merck denies each and every allegation set forth in the second sentence of paragraph 19 of the Petition.

20.     Denies each and every allegation contained in paragraph 20 of the Petition.

21.     Denies each and every allegation contained in paragraph 21 of the Petition.

22.     Denies each and every allegation contained in paragraph 22 of the Petition except admits that in 2000 Vioxx achieved sales of $2.2 billion and admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Petition except admits that audio conferences regarding Vioxx took place in June, 2000, and that the referenced articles exist and respectfully refers the Court to the referenced audio conferences and articles for their actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Petition.

25.     Denies each and every allegation contained in paragraph 25 of the Petition, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Petition, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Petition except admits that the referenced study exists and respectfully refers the Court to the study for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Petition except admits that in April 2002 the FDA approved Vioxx as safe and effective for use as recommended in the FDA-approved prescribing information for, among other indicated uses, the treatment of the signs and symptoms of rheumatoid arthritis in adults and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.  Merck further admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter and respectfully refers the Court to the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

29.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint that are not directed at Merck and denies each and every allegation directed at Merck in said paragraph.

30.     Denies each and every allegation contained in paragraph 30 of the Petition.

31.     Denies each and every allegation contained in paragraph 31 of the Petition except admits that Merck voluntarily withdrew the prescription medicine Vioxx from the worldwide market on September 30, 2004.

32.     Denies each and every allegation contained in paragraph 32 of the Petition.

33.     Denies each and every allegation contained in paragraph 33 of the Petition.

34.     Denies each and every allegation contained in paragraph 34 of the Petition.

35.     Denies each and every allegation contained in paragraph 35 of the Petition.

36.     Denies each and every allegation contained in paragraph 36 of the Petition.

37.     Denies each and every allegation contained in paragraph 37 of the Petition.

38.     Denies each and every allegation contained in paragraph 38 of the Petition.

39.     Denies each and every allegation contained in paragraph 39 of the Petition.

40.     Denies each and every allegation contained in paragraph 40 of the Petition.

41.     Denies each and every allegation contained in paragraph 41 of the Petition.

42.     Denies each and every allegation contained in paragraph 42 of the Petition.

## RESPONSE TO "CLAIMS FOR RELIEF"

## RESPONSE TO "FIRST CLAIM FOR RELIEF – PRODUCTS LIABILITY-DESIGN"

43.     With respect to the allegations contained in paragraph 43 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

44.     The allegations contained in paragraph 44 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck manufactured, marketed

and distributed the prescription medication Vioxx until Merck's voluntary worldwide withdrawal of Vioxx on September 30, 2004.

45.     Denies each and every allegation contained in paragraph 45 of the Petition.

46.     Denies each and every allegation contained in paragraph 46 of the Petition.

47.     As for the unnumbered prayer for relief under paragraph 46 of the Petition, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

### RESPONSE TO "SECOND CLAIM FOR RELIEF – PRODUCTS LIABILITY-MANUFACTURE"

48.     With respect to the allegations contained in paragraph 47 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

49.     The allegations contained in paragraph 48 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck manufactured, marketed and distributed the prescription medication Vioxx until Merck's voluntary worldwide withdrawal of Vioxx on September 30, 2004.

50.     Denies each and every allegation contained in paragraph 49 of the Petition.

51.     Denies each and every allegation contained in paragraph 50 of the Petition.

52.     As for the unnumbered prayer for relief under paragraph 50 of the Petition, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

**RESPONSE TO "THIRD CLAIM FOR RELIEF – PRODUCTS LIABILITY-FAILURE TO WARN"**

53.     With respect to the allegations contained in paragraph 51 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

54.     The allegations contained in paragraph 52 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck manufactured, marketed and distributed the prescription medication Vioxx until Merck's voluntary worldwide withdrawal of Vioxx on September 30, 2004.

55.     Denies each and every allegation contained in paragraph 53 of the Petition.

56.     Denies each and every allegation contained in paragraph 54 of the Petition.

57.     As for the unnumbered prayer for relief under paragraph 54 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

**RESPONSE TO "FOURTH CLAIM FOR RELIEF – NEGLIGENCE"**

58.     With respect to the allegations contained in paragraph 55 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

59.     The allegations contained in paragraph 56 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

60.     Denies each and every allegation contained in paragraph 57 of the Petition.

61.     Denies each and every allegation contained in paragraph 58 of the Petition.

62.     As for the unnumbered prayer for relief under paragraph 58 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

### RESPONSE TO "FIFTH CLAIM FOR RELIEF – NEGLIGENCE PER SE"

63.     With respect to the allegations contained in paragraph 59 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

64.     The allegations contained in paragraph 60 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

65.     Denies each and every allegation contained in paragraph 61 of the Petition.

66.     Denies each and every allegation contained in paragraph 62 of the Petition.

67.     Denies each and every allegation contained in paragraph 63 of the Petition.

68.     As for the unnumbered prayer for relief under paragraph 63 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

### RESPONSE TO SIXTH CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION"

69.     With respect to the allegations contained in paragraph 64 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the

preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

70.     Denies each and every allegation contained in paragraph 65 of the Petition.

71.     Denies each and every allegation contained in paragraph 66 of the Petition.

72.     Denies each and every allegation contained in paragraph 67 of the Petition.

73.     Denies each and every allegation contained in paragraph 68 of the Petition.

74.     Denies each and every allegation contained in paragraph 69 of the Petition.

75.     As for the unnumbered prayer for relief under paragraph 69 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

### RESPONSE TO "SEVENTH CLAIM FOR RELIEF – BREACH OF IMPLIED WARRANTY"

76.     With respect to the allegations contained in paragraph 70 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

77.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Petition and therefore denies the same.

78.     The allegations contained in paragraph 72 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

79.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Petition and therefore denies the same.

80.     Denies each and every allegation contained in paragraph 74 of the Petition.

81.     Denies each and every allegation contained in paragraph 75 of the Petition.

82.     As for the unnumbered prayer for relief under paragraph 75 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

### RESPONSE TO "EIGHTH CLAIM FOR RELIEF – BREACH OF EXPRESS WARRANTY"

83.     With respect to the allegations contained in paragraph 76 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

84.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Petition and therefore denies the same.

85.     The allegations contained in paragraph 78 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

86.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Petition and therefore denies the same.

87.     Denies each and every allegation contained in paragraph 80 of the Petition.

88.     Denies each and every allegation contained in paragraph 81 of the Petition.

89.     As for the unnumbered prayer for relief under paragraph 81 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

## RESPONSE TO "NINTH CLAIM FOR RELIEF – FRAUD"

90.    With respect to the allegations contained in paragraph 82 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

91.    Denies each and every allegation contained in paragraph 83 of the Petition.

92.    Denies each and every allegation contained in paragraph 84 of the Petition.

93.    Denies each and every allegation contained in paragraph 85 of the Petition.

94.    Denies each and every allegation contained in paragraph 86 of the Petition.

95.    Denies each and every allegation contained in paragraph 87 of the Petition.

96.    As for the unnumbered prayer for relief under paragraph 87 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

## RESPONSE TO "TENTH CLAIM FOR RELIEF – FRAUDULENT CONCEALMENT"

97.    With respect to the allegations contained in paragraph 88 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

98.    Denies each and every allegation contained in paragraph 89 of the Petition.

99.    Denies each and every allegation contained in paragraph 90 of the Petition.

100.    Denies each and every allegation contained in paragraph 91 of the Petition.

101.   The allegations contained in paragraph 92 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

102.   Denies each and every allegation contained in paragraph 93 of the Petition.

103.   Denies each and every allegation contained in paragraph 94 of the Petition.

104.   Denies each and every allegation contained in paragraph 95 of the Petition.

105.   As for the unnumbered prayer for relief under paragraph 95 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

## RESPONSE TO "ELEVENTH CLAIM FOR RELIEF – MERCHANDISING PRACITICES ACT - § 407.010 R.S. MO. et. seq."

106.   With respect to the allegations contained in paragraph 96 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

107.   The allegations contained in paragraph 97 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

108.   The allegations contained in paragraph 98 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

109.   The allegations contained in paragraph 99 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

110.    Denies each and every allegation contained in paragraph 100 of the Petition.

111.    Denies each and every allegation contained in paragraph 101 of the Petition.

112.    Denies each and every allegation contained in paragraph 102 of the Petition.

113.    Denies each and every allegation contained in paragraph 103 of the Petition.

114.    Denies each and every allegation contained in paragraph 104 of the Petition.

115.    As for the unnumbered prayer for relief under paragraph 104 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

### RESPONSE TO "TWELFTH CLAIM FOR RELIEF – OUTRAGEOUS CONDUCT"

116.    With respect to the allegations contained in paragraph 105 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

117.    Denies each and every allegation contained in paragraph 106 of the Petition.

118.    Denies each and every allegation contained in paragraph 107 of the Petition.

119.    Denies each and every allegation contained in paragraph 108 of the Petition.

120.    As for the unnumbered prayer for relief under paragraph 108 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

### RESPONSE TO "TWELFTH CLAIM FOR RELIEF – WRONGFUL DEATH - § 537.080 R.S. MO." (improperly named as the second Twelfth Claim for Relief)

121.    With respect to the allegations contained in paragraph 109 of the Petition, repeats and realleges each and every admission, denial, averment, and statement contained in the

preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

122.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the Petition and therefore denies the same.

123.    Denies each and every allegation contained in paragraph 111 of the Petition.

124.    The allegations contained in paragraph 112 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that plaintiffs purport to bring a claim under certain Missouri statutes, but denies that there is any legal or factual basis for the same.

125.    Denies each and every allegation contained in paragraph 113 of the Petition.

126.    Denies each and every allegation contained in paragraph 114 of the Petition.

127.    As for the unnumbered prayer for relief under paragraph 114 of the Petition, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief.

### RESPONSE TO "PRAYER FOR RELIEF"

128.    As for the unnumbered prayer for relief no responsive pleading is required, should a response be deemed required, Merck denies each and every allegation contained in the unnumbered prayer for relief, including subparts (1)-(8).

### JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

For its defenses to plaintiffs' Petition, Defendant Merck & Co., Inc. states as follows:

### AS FOR A FIRST DEFENSE,
### MERCK ALLEGES:

129.  The Petition fails to set forth a cause of action upon which relief can be granted.

### AS FOR A SECOND DEFENSE,
### MERCK ALLEGES:

130.  Any product for which it was responsible at the time of the occurrence or injuries alleged by plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by plaintiffs were legally adequate warnings and instructions.

### AS FOR A THIRD DEFENSE,
### MERCK ALLEGES:

131.  The occurrence and injuries alleged by plaintiffs were caused or contributed to by the negligence, breaches of warranty, or defective products of plaintiffs and/or third parties over whom Merck had no control and for whom Merck is not responsible.

### AS FOR A FOURTH DEFENSE,
### MERCK ALLEGES:

132.  If plaintiffs have sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were caused by the actions of person not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

2201299

## AS FOR A FIFTH DEFENSE,
## MERCK ALLEGES:

133.    The occurrence and injuries alleged by plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by plaintiffs. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by plaintiffs, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to plaintiffs or any other parties.

## AS FOR A SIXTH DEFENSE,
## MERCK ALLEGES:

134.    If plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

## AS FOR A SEVENTH DEFENSE,
## MERCK ALLEGES:

135.    If plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

## AS FOR AN EIGHTH DEFENSE,
## MERCK ALLEGES:

136.    The injuries and damages alleged in plaintiffs' Petition were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

## AS FOR A NINTH DEFENSE,
## MERCK ALLEGES:

137.     Any and all damages alleged by plaintiffs were caused by misuse of the product or products at issue in this case, failure to use the product or products properly, and/or alteration or negligent use of the product or products.

## AS FOR A TENTH DEFENSE,
## MERCK ALLEGES:

138.     Plaintiffs cannot recover under the Petition because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR AN ELEVENTH DEFENSE,
## MERCK ALLEGES:

139.     Plaintiffs' claims are barred by plaintiffs' contributory negligence and the contributory negligence of others.

## AS FOR A TWELFTH DEFENSE,
## MERCK ALLEGES:

140.     Plaintiffs' claims are barred by plaintiffs' express and/or implied assumption of the risks, if any, inherent in the alleged use of the product or products at issue.

## AS FOR A THIRTEENTH DEFENSE,
## MERCK ALLEGES:

141.     Each and every claim asserted or raised in the Petition is barred by the doctrine of res judicata.

## AS FOR A FOURTEENTH DEFENSE,
## MERCK ALLEGES:

142.    Each and every claim asserted or raised in the Petition is barred by the doctrine of payment and release.

### AS FOR A FIFTEENTH DEFENSE,
### MERCK ALLEGES:

143.    Each and every claim asserted or raised in the Petition is barred by the doctrine of laches.

### AS FOR A SIXTEENTH DEFENSE,
### MERCK ALLEGES:

144.    The benefits of the product or products at issue outweigh the risks, if any, which may be attendant to their use.

### AS FOR A SEVENTEENTH DEFENSE,
### MERCK ALLEGES:

145.    The damages and injuries alleged, if any, were caused or enhanced by preexisting medical conditions of plaintiffs that were not related to any product manufactured by Merck.

### AS FOR AN EIGHTEENTH DEFENSE,
### MERCK ALLEGES:

146.    Each and every claim asserted or raised in the Petition is barred by the doctrine set forth in Comment k of the Restatement (Second) of Torts § 402A as to the product or products at issue.

### AS FOR A NINETEENTH DEFENSE,
### MERCK ALLEGES:

147.    Plaintiffs' claims are barred in whole or in part pursuant to comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTIETH DEFENSE,
### MERCK ALLEGES:

148.    Plaintiffs' claims are barred in whole or in part pursuant to comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

149.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

150.    Any warnings which Merck gave were transmitted to the prescribing physicians and/or health care providers and that, under Missouri law, Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

## AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

151.    Plaintiffs' claims are barred by the intervention of a learned intermediary or intermediaries whose acts, omissions, or fault are the cause of plaintiffs' injuries, damages, or losses, if any.

## AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

152.    Merck has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations.  Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber.  The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration.  Therefore, plaintiffs' claims are preempted.

**AS FOR A TWENTY-FIFTH DEFENSE,**
**MERCK ALLEGES:**

153.    Plaintiffs' claims are barred by the applicable statute(s) of limitations.

**AS FOR A TWENTY-SIXTH DEFENSE,**
**MERCK ALLEGES:**

154.    If plaintiffs sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the negligence or fault of plaintiffs and/or third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in plaintiffs' favor, the amount of such judgment must be reduced under the doctrine of comparative fault.

**AS FOR A TWENTY-SEVENTH DEFENSE,**
**MERCK ALLEGES:**

155.    Merck is unaware at this time of any settlement by any alleged joint tortfeasor. However, in the event any settlement is or has been made by any alleged joint tortfeasor, Merck is entitled to a credit/offset for such settlement.

**AS FOR A TWENTY-EIGHTH DEFENSE,**
**MERCK ALLEGES:**

156.    The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

**AS FOR A TWENTY-NINTH DEFENSE,**
**MERCK ALLEGES:**

157.    Plaintiffs' knew of the existence of the risks complained of in the Petition, realized and appreciated the possibilities of injury as a result of the risk, and having had a reasonable opportunity to avoid it, voluntarily exposed themselves to the risk.

### AS FOR A THIRTIETH DEFENSE,
### MERCK ALLEGES:

158.   At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

### AS FOR A THIRTY-FIRST DEFENSE,
### MERCK ALLEGES:

159.   Merck made no express or implied representations or warranties of any kind to plaintiffs, nor did plaintiffs rely on any representations or warranties made by Merck.  To the extent plaintiffs relied upon any representations or warranties, such reliance was unjustified.

### AS FOR A THIRTY-SECOND DEFENSE,
### MERCK ALLEGES:

160.   Merck did not breach any duty of care to plaintiffs.

### AS FOR A THIRTY-THIRD DEFENSE,
### MERCK ALLEGES:

161.   Plaintiffs' claims are barred by the doctrine of estoppel.

### AS FOR A THIRTY-FOURTH DEFENSE,
### MERCK ALLEGES:

162.   Plaintiffs' claims are barred by the doctrine of waiver.

### AS FOR A THIRTY-FIFTH DEFENSE,
### MERCK ALLEGES:

163.   Plaintiffs have failed to join all necessary and indispensable parties.

### AS FOR A THIRTY-SIXTH DEFENSE,
### MERCK ALLEGES:

164.   Plaintiffs' claims are barred because plaintiffs have failed and refused to mitigate their alleged damages.

### AS FOR A THIRTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

165.    Merck did not violate any state or federal statute, regulation or ordinance to cause plaintiffs' alleged injuries.

### AS FOR A THIRTY-EIGHTH DEFENSE,
### MERCK ALLEGES:

166.    Plaintiffs' claims are barred in whole or in part due to a lack of notice or lack of privity.

### AS FOR A THIRTY-NINTH DEFENSE,
### MERCK ALLEGES:

167.    To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A FORTIETH DEFENSE,
### MERCK ALLEGES:

168.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A FORTY-FIRST DEFENSE,
### MERCK ALLEGES:

169.    To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

### AS FOR A FORTY-SECOND DEFENSE,
### MERCK ALLEGES:

170.    Plaintiffs' claims of fraud are barred by reason of plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

## AS FOR A FORTY-THIRD DEFENSE,
## MERCK ALLEGES:

171.    Inasmuch as the Petition does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

## AS FOR A FORTY-FOURTH DEFENSE,
## MERCK ALLEGES:

172.    A finding of liability under current Missouri law and procedure would violate defendant's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

a.      Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

i.      This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

ii.     Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

      iii.     This also denies defendant any meaningful review by the trial court of the submissibility of plaintiff's claims as to certain defects, and

      iv.     This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which plaintiff does not have substantial evidence, a defect never claimed by plaintiff's experts or a defect never mentioned in the evidence at the trial.

b.     Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.     Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

## AS FOR A FORTY-FIFTH DEFENSE, MERCK ALLEGES:

173.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

**AS FOR A FORTY-SIXTH DEFENSE,**
**MERCK ALLEGES:**

174.    Plaintiffs fail to allege facts from which it can reasonably inferred to the level of

clear and convincing proof that defendant acted with complete indifference to or conscious

disregard for the safety of others.

**AS FOR A FORTY-SEVENTH DEFENSE,**
**MERCK ALLEGES:**

175.    Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award

for the State of Missouri, making the award of punitive damages a fine imposed and collected by

the State, both facially and as applied, violates the double jeopardy clauses of the 5th

Amendment of the United States Constitution and Article I, Section 19 of the Missouri

Constitution, because it allows multiple punitive damage awards for the same conduct.

**AS FOR A FORTY-EIGHTH DEFENSE,**
**MERCK ALLEGES:**

176.    Missouri, by virtue of Section 537.675, which requires half of any punitive

damage award to be paid to the State of Missouri, has made every award of punitive damages a

criminal fine without adequate guidelines giving notice as to the conduct or state of mind that

could result in a punitive damage award and as to the procedures for imposing punitive damages,

including without limitation, a failure to require a unanimous jury to award punitive damages.

**AS FOR A FORTY-NINTH DEFENSE,**
**MERCK ALLEGES:**

177.    Missouri standards for finding a defendant liable for punitive damages are so

vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth

Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri

Constitution, because it permits the imposition of a state fine without the defendant ever being

told the nature and cause of the offense with which the defendant was charged.

### AS FOR A FIFTIETH DEFENSE, MERCK ALLEGES:

178.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a

jury the authority to set fines.

### AS FOR A FIFTY-FIRST DEFENSE, MERCK ALLEGES:

179.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a

less than unanimous jury to impose the criminal penalty of punitive damages and permits

verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of

nine jurors to impose and set the amount of punitive damages, which group is different from the

group of nine that originally found the prerequisite liability for compensatory damages, so that

no group of nine may have agreed on the entire verdict upon which judgment is entered.

### AS FOR A FIFTY-SECOND DEFENSE, MERCK ALLEGES:

180.    Missouri's scheme for punitive damages, including without limitation, the

Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate,

both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to

the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the

Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I,

Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

a.  Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

b.  Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

c.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

d.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

e.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

f.  Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

g.  Missouri law allows multiple punitive damage awards for the same conduct;

h.  Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

i.   Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.   Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.   Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.   Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly on the basis of economic status bearing no relationship to the incident, the damages sustained by the plaintiff, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m.   Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.  Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

o.  Missouri law allows a less than unanimous jury to impose the penalty of punitive damages and allows one group of nine jurors to find the prerequisite liability for compensatory damages and another group of nine to impose and set the amount of punitive damages, so that no group of nine jurors agrees on the verdict upon which judgment is entered.

### AS FOR A FIFTY-THIRD DEFENSE, MERCK ALLEGES:

181.    Missouri law requiring proof of punitive damages by clear and convincing evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675 has criminalized punitive damages, so that a charge of punitive damages should be proven beyond a reasonable doubt to a unanimous jury.

### AS FOR A FIFTY-FOURTH DEFENSE, MERCK ALLEGES:

182.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FIFTY-FIFTH DEFENSE, MERCK ALLEGES:

183.    This case is more appropriately brought in a different venue.

**AS FOR A FIFTY-SIXTH DEFENSE,
MERCK ALLEGES:**

184.   Venue in this case is improper.

**AS FOR A FIFTY-SEVENTH DEFENSE,
MERCK ALLEGES:**

185.   Plaintiffs should not be afforded the right to a jury trial on their claims for

punitive damages.

**AS FOR A FIFTY-EIGHTH DEFENSE,
MERCK ALLEGES:**

186.   Plaintiffs are not entitled to recover exemplary or punitive damages because the

standards and procedures for determining and reviewing such awards under applicable law do

not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and

retribution.

**AS FOR A FIFTY-NINTH DEFENSE,
MERCK ALLEGES:**

187.   Plaintiffs lack standing to assert claims under Missouri Merchandising Practices

Act or any Missouri consumer protection statute.

**AS FOR A SIXTIETH DEFENSE,
MERCK ALLEGES:**

188.   Merck lacked the requisite scienter and did not consciously or deliberately engage

in or perpetuate any fraud with respect to the plaintiffs.

**AS FOR A SIXTY-FIRST DEFENSE,
MERCK ALLEGES:**

189.   Plaintiffs are not entitled to recover exemplary or punitive damages because

exemplary or punitive damages in this case would result in a violation of the due process clause

of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

**AS FOR A SIXTY-SECOND DEFENSE,**
**<u>MERCK ALLEGES:</u>**

190.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

**AS FOR A SIXTY-THIRD DEFENSE,**
**<u>MERCK ALLEGES:</u>**

191.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

**AS FOR A SIXTY-FOURTH DEFENSE,**
**<u>MERCK ALLEGES:</u>**

192.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Missouri Constitution.

**AS FOR A SIXTY-FIFTH DEFENSE,**
**<u>MERCK ALLEGES:</u>**

193.     Plaintiffs are not entitled to recover exemplary or punitive damages because plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

### AS FOR A SIXTY-SIXTH DEFENSE,
### MERCK ALLEGES:

194.     Plaintiffs are not entitled to recover exemplary or punitive damages because plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

### AS FOR A SIXTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

195.     Plaintiffs are not entitled to recover exemplary or punitive damages because plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

**AS FOR A SIXTY-EIGHTH DEFENSE,**
**MERCK ALLEGES:**

196.    Plaintiffs are not entitled to recover exemplary or punitive damages because plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Missouri Constitution.

**AS FOR A SIXTY-NINTH DEFENSE,**
**MERCK ALLEGES:**

197.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

**AS FOR A SEVENTIETH DEFENSE,**
**MERCK ALLEGES:**

198.    Merck avers that any award of punitive damages to the plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

**AS FOR A SEVENTY-FIRST DEFENSE,**
**MERCK ALLEGES:**

199.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

**AS FOR A SEVENTY-SECOND DEFENSE,**
**MERCK ALLEGES:**

200.    Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution.

### AS FOR A SEVENTY-THIRD DEFENSE, MERCK ALLEGES:

201.    Plaintiffs who experienced no manifestation of the alleged defect have no claim against defendant upon which relief may be granted.

### AS FOR A SEVENTY-FOURTH DEFENSE, MERCK ALLEGES:

202.    The Petition and the causes of action contained therein is barred in whole or in part by the United States and Missouri Constitution which prohibit the extra-territorial application of state law.

### AS FOR A SEVENTY-FIFTH DEFENSE, MERCK ALLEGES:

203.    The Petition and the causes of action contained therein is barred in whole or in part by the U.S. Constitution, article I, section VIII, clause 3 to the extent they seek to regulate Merck's practices outside of Missouri.  That constitutional provision prohibits a State from regulating conduct that occurs wholly outside of its borders.

### AS FOR A SEVENTY-SIXTH DEFENSE, MERCK ALLEGES:

2201299

204.   Any plaintiff who purchased Vioxx outside of Missouri has no claim under the Missouri Merchandising Practices Act because that Act does not apply to transactions that occur wholly outside of Missouri.

**AS FOR A SEVENTY-SEVENTH DEFENSE,
MERCK ALLEGES:**

205.  Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant Merck & Co., Inc. respectfully requests that plaintiffs take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel

2201299

Dan H. Ball
Robert T. Ebert, Jr.
Stephen G. Strauss
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Phone: 314-259-2000
Fax: 314-259-2020

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck's Answer and Defenses to Plaintiffs' Petition has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 22nd day of November, 2005.
23rd

37