UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX®                                    :         MDL Docket No. 2:05-md-01657-EEF-DEK
PRODUCTS LIABILITY LITIGATION                    :
                                                 :
                                                 :         SECTION L
                                                 :
                                                 :
                                                 :
This document relates to: *Sharon*               :
*McClinton Jones v. Merck & Co., et al.*         :         JUDGE FALLON
(E.D. La. 05-4635)                               :         MAG. JUDGE KNOWLES
                                                 :
                                                 :

**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**
**OF DEFENDANT DAVID W. ANSTICE**

Defendant, David W. Anstice, by and through its undersigned counsel, hereby responds to

Plaintiffs' Complaint ("Complaint") herein as follows:

**RESPONSE TO "PARTIES - PLAINTIFFS"**

1.       Mr. Anstice denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 1 of the Complaint.


2.       Mr. Anstice denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 2 of the Complaint except admits that

Vioxx® is Merck & Co., Inc.'s ("Merck") trade name for rofecoxib.


**RESPONSE TO "PARTIES - DEFENDANTS"**

1.       (Answering the second paragraph number 1 in Plaintiffs' Complaint.)  The

allegations contained in paragraph 1 of the Complaint are not directed at Mr. Anstice and therefore

no responsive pleading is required.  Should a response be deemed required, Mr. Anstice admits

that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

2.      (Answering the second paragraph number 2 in Plaintiffs' Complaint.) The allegations contained in paragraph 2 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

3.      The allegations contained in paragraph 3 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice admits that Merck maintained a research facility at 770 Sumneytown Pike, West Point, Pennsylvania.

4.      The allegations contained in paragraph 4 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 4 of the Complaint.

5.      The allegations contained in paragraph 5 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

6.      The allegations contained in paragraph 6 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

7.      The allegations contained in paragraph 7 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

8.      The allegations contained in paragraph 8 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

9.      The allegations contained in paragraph 9 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

10.     The allegations contained in paragraph 10 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

11.     The allegations contained in paragraph 11 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

12.     The allegations contained in paragraph 12 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

13.     The allegations contained in paragraph 13 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

14.     The allegations contained in paragraph 14 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

15.     The allegations contained in paragraph 15 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

16.     The allegations contained in paragraph 16 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

17.     The allegations contained in paragraph 17 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

18.     The allegations contained in paragraph 18 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

19.     Mr. Anstice denies each and every allegation contained in paragraph 19 of the Complaint, except admits that he owns a residence at 5280 Militia Hill Road, Plymouth Meeting, Pennsylvania, and that he joined Merck in 1974, was President, U.S. Human Health – The Americas from 1997 to 2002, and is currently President, Human Health and is a member of Merck's Management Committee.

20.     Mr. Anstice denies each and every allegation contained in paragraph 20 of the Complaint, except Mr. Anstice admits that he was President, U.S. Human Health – The Americas from 1997 to 2002, and is a member of Merck's Management Committee.

21.     Mr. Anstice denies each and every allegation contained in paragraph 21 of the Complaint, except Mr. Anstice admits that he was President, U.S. Human Health – The Americas from 1997 to 2002, and is a member of Merck's Management Committee.

22.     Mr. Anstice denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Mr. Anstice denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Mr. Anstice denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Mr. Anstice denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Mr. Anstice denies each and every allegation contained in paragraph 26 of the Complaint.

27.     The allegations contained in paragraph 27 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

28.     The allegations contained in paragraph 28 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

29.     The allegations contained in paragraph 29 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

30.     The allegations contained in paragraph 30 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

31.     The allegations contained in paragraph 31 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

32.     The allegations contained in paragraph 32 of the Complaint do not require responsive pleading.  To the extent a response is required, Mr. Anstice denies each and every allegation contained in said paragraph of the Complaint, except admits that Plaintiffs have named Mr. Anstice as a defendant in this action, but denies any legal or factual basis for the allegations asserted.

## RESPONSE TO "JURISDICTIONAL STATEMENT"

33.    The allegations contained in paragraph 33 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation in said paragraph.

## RESPONSE TO "BACKGROUND"

34.    The allegations contained in paragraph 34 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 34 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Mr. Anstice further admits that Vioxx is Merck's trade name for rofecoxib.

35.    The allegations contained in paragraph 35 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in the first and second sentences of paragraph 35 of the Complaint except admits that Vioxx is a selective COX-2 inhibitor.  Mr. Anstice denies each and every allegation contained in the third and fourth sentences of paragraph 35.

36.    Mr. Anstice denies each and every allegation contained in paragraph 36 of the Complaint.

37.    Mr. Anstice denies each and every allegation contained in paragraph 37 of the Complaint except admits that Merck submitted an Application to Market a New Drug for Human

Use for Vioxx (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

38.     Mr. Anstice denies each and every allegation contained in paragraph 38 of the Complaint except admits that Merck submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

39.     Mr. Anstice denies each and every allegation contained in paragraph 39 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its indicated uses.

40.     Mr. Anstice denies each and every allegation contained in paragraph 40 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

41.     The allegations contained in paragraph 41 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice admits that in paragraph 41 of the Complaint Plaintiffs appear to have accurately quoted the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

42.     Mr. Anstice denies each and every allegation contained in paragraph 42 of the Complaint except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study.  Mr. Anstice respectfully refers the Court to the referenced study for its actual language and full text.

43.     The allegations contained in paragraph 43 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 43 of the Complaint except admits that Merck received in September 2001 a letter from a regulatory review officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

44.     The allegations contained in paragraph 44 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 44 of the Complaint except admits that Merck received in September 2001 a letter from a regulatory review officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

45.     The allegations contained in paragraph 45 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 45 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

46.     Mr. Anstice denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Mr. Anstice denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Mr. Anstice denies each and every allegation contained in paragraph 48 of the Complaint.

49.     The allegations contained in paragraph 49 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 49 of the Complaint except admits that Plaintiffs purport to quote from the Merck 2001 Annual Report and respectfully refers the Court to the referenced report for its actual language and full text.

50.     The allegations contained in paragraph 50 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 50 of the Complaint except admits that Plaintiffs purport to quote from an 8-K Securities and Exchange Commission filing and respectfully refers the Court to the referenced document for its actual language and full text.

51.     The allegations contained in paragraph 51 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 51 of the Complaint

except admits the existence of the journal and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

52.     The allegations contained in paragraph 52 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 52 of the Complaint except admits the existence of the referenced study and respectfully refers the Court to the referenced study for its actual language and full text.

53.     The allegations contained in paragraph 53 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in paragraph 53 of the Complaint except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.

54.     Mr. Anstice denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Mr. Anstice denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint.

56.     The allegations contained in paragraph 56 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Anstice denies each and every allegation contained in the first sentence of paragraph 56 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed

cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Mr. Anstice further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.  Mr. Anstice denies each and every allegation contained in the second sentence of paragraph 56 of the Complaint.

57.     Mr. Anstice denies each and every allegation contained in paragraph 57 of the Complaint.

## RESPONSE TO "CAUSES OF ACTION"

### RESPONSE TO "COUNT I - NEGLIGENCE
### Plaintiff vs. Merck & Company, Inc., Peter S Kim PhD, David Anstice,
### Louis Sherwood, M.D. and Edward Scolnick, M.D."

58.     With respect to the allegations contained in paragraph 58 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

59.     Mr. Anstice denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Mr. Anstice denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Mr. Anstice denies each and every allegation contained in paragraph 61 of the Complaint, including subparagraphs a-f.

62.     Mr. Anstice denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Mr. Anstice denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Mr. Anstice denies each and every allegation contained in paragraph 64 of the Complaint.

As for the "Wherefore" section under paragraph 64, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

65.     With respect to the allegations contained in paragraph 65 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

66.     Mr. Anstice denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

67.     Mr. Anstice denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint.

68.     The allegations contained in paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Mr. Anstice denies each and every allegation contained in said paragraph.

69.     Mr. Anstice denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Mr. Anstice denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Mr. Anstice denies each and every allegation contained in paragraph 71 of the Complaint.

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Mr. Anstice denies each and every allegation contained in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

73.     Mr. Anstice denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Mr. Anstice denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Mr. Anstice denies each and every allegation contained in paragraph 75 of the Complaint.

76.    Mr. Anstice denies each and every allegation contained in paragraph 76 of the Complaint.

As for the "Wherefore" section under paragraph 76, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT III - BREACH OF EXPRESS WARRANTY
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
### Louis Sherwood, M.D. and Edward Scolnick, M.D."

77.     With respect to the allegations contained in paragraph 77 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

78.     Mr. Anstice denies each and every allegation contained in paragraph 78 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

79.     Mr. Anstice denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Mr. Anstice denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Mr. Anstice denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Mr. Anstice denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Mr. Anstice denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Mr. Anstice denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Mr. Anstice denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Mr. Anstice denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Mr. Anstice denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Mr. Anstice denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Mr. Anstice denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Mr. Anstice denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Mr. Anstice denies each and every allegation contained in paragraph 91 of the Complaint.

As for the "Wherefore" section under paragraph 91, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT IV - FRAUD AND MISREPRESENTATION
## Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
## Louis Sherwood, M.D., and Edward Scolnick, M.D."

92.     With respect to the allegations contained in paragraph 92 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

93.     The allegations contained in paragraph 93 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Mr. Anstice denies each and every allegation contained in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

94.     Mr. Anstice denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Mr. Anstice denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Mr. Anstice denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Mr. Anstice denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Mr. Anstice denies each and every allegation contained in paragraph 98 of the Complaint.

99.    Mr. Anstice denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Mr. Anstice denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Mr. Anstice denies each and every allegation contained in paragraph 101 of the Complaint.

As for the "Wherefore" section under paragraph 101, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT V - VIOLATION OF CONSUMER PROTECTION LAWS
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D"

102.    With respect to the allegations contained in paragraph 102 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

103.    Mr. Anstice denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 and in the alternative denies each and every allegation contained in said paragraph.

104.    The allegations contained in paragraph 104 of the Complaint are not directed at Mr. Anstice and therefore no responsive pleading is required.

105.     Mr. Anstice denies each and every allegation contained in paragraph 105 of the Complaint, including subparagraphs a through c.

106.     Mr. Anstice denies each and every allegation contained in paragraph 106 of the Complaint.

107.     Mr. Anstice denies each and every allegation contained in paragraph 107 of the Complaint.

108.     Mr. Anstice denies each and every allegation contained in paragraph 108 of the Complaint.

109.     Mr. Anstice denies each and every allegation contained in paragraph 109 of the Complaint.

As for the "Wherefore" section under paragraph 109, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT VI - PUNITIVE DAMAGES
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
### Louis Sherwood. M.D., and Edward Scolnick, M.D."

110.    With respect to the allegations contained in paragraph 110 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

111.    Mr. Anstice denies each and every allegation contained in paragraph 111 of the Complaint.

112.    Mr. Anstice denies each and every allegation contained in paragraph 112 of the Complaint.

113.    Mr. Anstice denies each and every allegation contained in paragraph 113 of the Complaint.

114.    Mr. Anstice denies each and every allegation contained in paragraph 114 of the Complaint.

115.    Mr. Anstice denies each and every allegation contained in paragraph 115 of the Complaint.

116.    Mr. Anstice denies each and every allegation contained in paragraph 116 of the Complaint.

117.    Mr. Anstice denies each and every allegation contained in paragraph 117 of the Complaint.

As for the "Wherefore" section under paragraph 117, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

**RESPONSE TO "COUNT VII – WRONGFUL DEATH**
**Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,**
**Louis Sherwood, M.D., and Edward Scolnick, M.D."**

118.   With respect to the allegations contained in paragraph 118 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

119.   Mr. Anstice denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 119 of the Complaint.

120.   Mr. Anstice denies each and every allegation contained in paragraph 120 of the Complaint except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

121.   Mr. Anstice denies each and every allegation contained in paragraph 121 of the Complaint except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

As for the "Wherefore" section under paragraph 121, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

**RESPONSE TO "COUNT VIII – SURVIVAL ACTION**
**Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,**
**Louis Sherwood, M.D., and Edward Scolnick, M.D."**

122.    With respect to the allegations contained in paragraph 122 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

123.    Mr. Anstice denies each and every allegation contained in paragraph 123 of the Complaint except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

124.    Mr. Anstice denies each and every allegation contained in paragraph 124 of the Complaint except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

125.    Mr. Anstice denies each and every allegation contained in paragraph 125 of the Complaint except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

126.    Mr. Anstice denies each and every allegation contained in paragraph 126 of the Complaint except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

127.    Mr. Anstice denies each and every allegation contained in paragraph 127 of the Complaint.

128.    Mr. Anstice denies each and every allegation contained in paragraph 128 of the Complaint.

129.    Mr. Anstice denies each and every allegation contained in paragraph 129 of the Complaint

As for the "Wherefore" section under paragraph 129, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT IX - LOSS OF CONSORTIUM
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
### Louis Sherwood, M.D., and Edward Scolnick, M.D."

130.    With respect to the allegations contained in paragraph 130 of the Complaint, Mr. Anstice repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

131.    Mr. Anstice denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 131 of the Complaint.

132.    Mr. Anstice denies each and every allegation contained in paragraph 132 of the Complaint except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

133.    Mr. Anstice denies each and every allegation contained in paragraph 133 of the Complaint.

134.     Mr. Anstice denies each and every allegation contained in paragraph 134 of the Complaint.

135.     Mr. Anstice denies each and every allegation contained in paragraph 135 of the Complaint.

136.     Mr. Anstice denies each and every allegation contained in paragraph 136 of the Complaint.

137.     Mr. Anstice denies each and every allegation contained in paragraph 137 of the Complaint.

138.     Mr. Anstice denies each and every allegation contained in paragraph 138 of the Complaint.

As for the "Wherefore" section under paragraph 138, no responsive pleading is required. Should a response be required, Mr. Anstice denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### AFFIRMATIVE DEFENSES

139.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

140.     The Complaint fails to state a claim upon which relief can be granted.

141.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

142.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

143.    To the extent that Plaintiffs assert claims based on Merck's and/or Mr. Anstice's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

144.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck and/or Mr. Anstice to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

145.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

146.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

147.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

148.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and/or Mr. Anstice and over whom Merck and/or Mr. Anstice had no control and for whom Merck may not be held accountable.

149.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' and Plaintiffs' decedent's misuse or abuse of Vioxx.

150.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

151.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

152.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

153.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

154.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

155.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

156.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

157.    Plaintiffs' claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

158.    This case is more appropriately brought in a different venue.

159.    To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Mr. Anstice's liability, if any, should be reduced accordingly.

160.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

161.    Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

162.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Pa. R. Civ. P. 1019(b).

163.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

164.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck or Mr. Anstice, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

165.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

166.    To the extent that Plaintiffs seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Mr. Anstice's state and federal constitutional rights.

167.    Since at all times material hereto, Mr. Anstice was an employee of Defendant Merck & Co., Inc., and in such capacity was acting within the course and scope of his employment, the Complaint fails to state any cause of action against Mr. Anstice individually.

168.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Mr. Anstice to determine all of his legal, contractual and equitable rights, Mr. Anstice reserves the right to amend and supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

169.    Mr. Anstice will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Mr. Anstice respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Mr. Anstice his reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Mr. Anstice demands a trial by jury as to all issues so triable.


Dated:  November 18, 2005              Respectfully submitted,

                                       Kevin F. Berry, Esq.
                                       William J. Winning, Esq.
                                       COZEN O'CONNOR
                                       1900 Market Street
                                       Philadelphia, PA  19103
                                       Phone: (215) 665-4611
                                       Fax: (215) 701-2343

                                       **Attorneys for Defendant
                                       David W. Anstice**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANT DAVID W. ANSTICE has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 23 day of November, 2005.