FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 28  PM 3: 26

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | : | MDL Docket No. 1657 |
| | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| | : | |
| This document relates to: Melrose Stewart, | : | JUDGE FALLON |
| Individually and as the Executor of the Estate | : | |
| of Armead Stewart, Dec'd, et al., v. Merck & | : | MAG. JUDGE KNOWLES |
| Co., Inc., Peter S. Kim, Ph.D., Louis M. | : | |
| Sherwood, M.D., David W. Anstice, and | : | |
| Edward M. Scolnick, M.D. (E.D. La. 05- | : | |
| 5177) | : | |

### ANSWER AND JURY DEMAND OF DEFENDANT PETER S. KIM

Defendant Peter S. Kim, Ph.D. ("Dr. Kim"), by and through his undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") herein as follows:

### RESPONSE TO "PARTIES - PLAINTIFFS"

1.      Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint except admits that Vioxx® is Merck's trade name for rofecoxib.

2.      Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint except admits that Vioxx is Merck's trade name for rofecoxib.

3.      Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint except admits that Vioxx is Merck's trade name for rofecoxib.

4.      Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint except admits that Vioxx is Merck's trade name for rofecoxib.

5.      Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint except admits that Vioxx is Merck's trade name for rofecoxib.

6.      Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint except admits that Vioxx is Merck's trade name for rofecoxib.

7.      Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint except admits that Vioxx is Merck's trade name for rofecoxib.

8.      Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint except admits that Vioxx is Merck's trade name for rofecoxib.

## RESPONSE TO "PARTIES - DEFENDANTS"

9.      The allegations contained in paragraph 9 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

10.     The allegations contained in paragraph 10 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

11.     The allegations contained in paragraph 11 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

12.     The allegations contained in paragraph 12 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

13.     Dr. Kim denies each and every allegation contained in paragraph 13 of the Complaint except admits that he was Executive Vice President of Research and Development of Merck Research Laboratories from 2001 to 2002 and is currently President of Merck Research Laboratories and a member of Merck's Management Committee.

14.     Dr. Kim denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Dr. Kim denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Dr. Kim denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Dr. Kim denies each and every allegation contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

19.     The allegations contained in paragraph 19 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

20.     The allegations contained in paragraph 20 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

21.     The allegations contained in paragraph 21 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

22.     The allegations contained in paragraph 22 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

23.     The allegations contained in paragraph 23 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

24.     The allegations contained in paragraph 24 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

25.     The allegations contained in paragraph 25 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

26.     The allegations contained in paragraph 26 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

27.     The allegations contained in paragraph 27 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

28.     The allegations contained in paragraph 28 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

29.     The allegations contained in paragraph 29 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

30.     The allegations contained in paragraph 30 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

31.     The allegations contained in paragraph 32 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.[1]

---

[1]     Plaintiffs' complaint has omitted numbered paragraph 31, Defendant Kim has continued consecutive numbered paragraphs.

- 4 -

32.     The allegations contained in paragraph 33 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

33.     The allegations contained in paragraph 34 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

34.     The allegations contained in paragraph 35 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

35.     The allegations contained in paragraph 36 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

36.     The allegations contained in paragraph 37 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

37.     The allegations contained in paragraph 38 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

38.     The allegations contained in paragraph 39 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

39.     The allegations contained in paragraph 40 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

40.     Dr. Kim denies each and every allegation contained in paragraph 41 of the Complaint.

## RESPONSE TO "JURISDICTIONAL STATEMENT"

41.     The allegations contained in paragraph 42 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation in said paragraph.

## RESPONSE TO "BACKGROUND"

42.     Dr. Kim denies each and every allegation contained in paragraph 43 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Dr. Kim further admits that Vioxx is Merck's trade name for rofecoxib.

43.     Dr. Kim denies each and every allegation contained in the first two sentences of paragraph 44 of the Complaint except admits that Vioxx is a selective COX-2 inhibitor. Dr. Kim denies each and every allegation contained in the third and fourth sentences of paragraph 44.

44.     Dr. Kim denies each and every allegation contained in paragraph 45 of the Complaint.

45.     Dr. Kim denies each and every allegation contained in paragraph 46 except admits that Merck submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

46.     Dr. Kim denies each and every allegation contained in paragraph 47 except admits that Merck submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the Food and Drug Administration ("FDA")  and respectfully refers the Court to the Application for its actual language and full text.

47.     The allegations contained in paragraph 48 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of

said paragraph are directed at Dr. Kim, Dr. Kim denies each and every allegation contained in paragraph 48 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its indicated uses.

48.     Dr. Kim denies each and every allegation contained in paragraph 49 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

49.     The allegations contained in paragraph 50 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, Dr. Kim admits that Plaintiffs purport to quote the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

50.     The allegations contained in paragraph 51 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, Dr. Kim denies each and every allegation contained in said paragraph of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study.  Dr. Kim respectfully refers the Court to the referenced study for its actual language and full text.

51.     The allegations contained in paragraph 52 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, Dr. Kim admits that Merck received in September

2001 a letter from a regulatory review officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

52.     Dr. Kim denies each and every allegation contained in paragraph 53 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

53.     The allegations contained in paragraph 54 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, Dr. Kim denies each and every allegation contained in paragraph 54 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

54.     Dr. Kim denies each and every allegation contained in paragraph 55 of the Complaint.

55.     Dr. Kim denies each and every allegation contained in paragraph 56 of the Complaint.

56.     Dr. Kim denies each and every allegation contained in paragraph 57 of the Complaint except admits that Merck marketed the prescription medication Vioxx.

57.     Dr. Kim denies each and every allegation contained in paragraph 58 of the Complaint except admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to the 2001 Annual Report for its actual language and full text.

- 8 -

58.     The allegations contained in paragraph 59 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, Dr. Kim denies each and every allegation contained in paragraph 59 of the Complaint except admits that Plaintiffs purport to quote from a Merck 8-k filing with the Securities and Exchange Commission and respectfully refers the Court to the relevant document for its actual language and full text.

59.     The allegations contained in paragraph 60 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, Dr. Kim denies each and every allegation contained in paragraph 60 of the Complaint except admits the existence of the journal and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

60.     The allegations contained in paragraph 61 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, Dr. Kim denies each and every allegation contained in paragraph 61 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

61.     The allegations contained in paragraph 62 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent that allegations of said paragraph are directed at Dr. Kim, Dr. Kim denies each and every allegation contained in paragraph 62 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the article for its actual language and full text.

62.     Dr. Kim denies each and every allegation contained in paragraph 63 of the Complaint.

63.     Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Dr. Kim in paragraph 64 of the Complaint.

64.     The allegations contained in paragraph 65 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  To the extent the allegations of said paragraph are directed at Dr. Kim, Dr. Kim denies each and every allegation conained in paragraph 65 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Dr. Kim further avers that Merck announced on September 30, 2004 that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

65.     Dr. Kim denies each and every allegation contained in paragraph 66 of the Complaint.

## RESPONSE TO "CAUSES OF ACTION"

### RESPONSE TO "COUNT I - NEGLIGENCE
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
### Louis Sherwood, M.D. and Edward Scolnick, M.D."

66.     With respect to the allegations contained in paragraph 67 of the Complaint,
Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement
contained in the preceding paragraphs of this Answer with the same force and effect as
though set forth here in full.

67.     Dr. Kim denies each and every allegation contained in paragraph 68 of the
Complaint.

68.     Dr. Kim denies each and every allegation contained in paragraph 69 of the
Complaint.

69.     Dr. Kim denies each and every allegation contained in paragraph 70 of the
Complaint, including subparagraphs a – f.

70.     Dr. Kim denies each and every allegation contained in paragraph 71 of the
Complaint.

71.     Dr. Kim denies each and every allegation contained in paragraph 72 of the
Complaint.

72.     Dr. Kim denies each and every allegation contained in paragraph 73 of the
Complaint.

As for the "Wherefore" section under paragraph 73, no responsive pleading is
required.  Should a response be required, Dr. Kim denies each and every allegation contained
in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but
denies there is any legal or factual basis for same.

**RESPONSE TO "COUNT II - BREACH OF IMPLIED
WARRANTY OF MERCHANTABILITY
Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
Louis Sherwood, M.D. and Edward Scolnick, M.D."**

73.     With respect to the allegations contained in paragraph 74 of the Complaint,
Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement
contained in the preceding paragraphs of this Answer with the same force and effect as
though set forth here in full.

74.     Dr. Kim denies knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph 75 of the Complaint except admits
that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

75.     Dr. Kim denies knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph 76 of the Complaint.

76.     The allegations contained in paragraph 77 of the Complaint are legal
conclusions as to which no responsive pleading is required.  Should a response be deemed
required, Dr. Kim denies each and every allegation contained in said paragraph.

77.     Dr. Kim denies each and every allegation contained in paragraph 78 of the
Complaint.

78.     Dr. Kim denies each and every allegation contained in paragraph 79 of the
Complaint.

79.     Dr. Kim  denies each and every allegation contained in paragraph 80 of the
Complaint.

80.     The allegations contained in paragraph 81 of the Complaint are legal
conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Dr. Kim denies each and every allegation contained in said paragraph except admits

that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

81.    Dr. Kim denies each and every allegation contained in paragraph 82 of the

Complaint.

82.    Dr. Kim denies each and every allegation contained in paragraph 83 of the

Complaint.

83.    Dr. Kim denies each and every allegation contained in paragraph 84 of the

Complaint.

84.    Dr. Kim denies each and every allegation contained in paragraph 85 of the

Complaint.

As for the "Wherefore" section under paragraph 85, no responsive pleading is

required.  Should a response be required, Dr. Kim denies each and every allegation contained

in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but

denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT III - BREACH OF EXPRESS WARRANTY
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
### Louis Sherwood, M.D. and Edward Scolnick, M.D."

85.    With respect to the allegations contained in paragraph 86 of the Complaint,

Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding paragraphs of this Answer with the same force and effect as

though set forth here in full.

86.    Dr. Kim denies each and every allegation contained in paragraph 87 of the

Complaint except admits that Merck manufactured, marketed, and distributed the

prescription medicine Vioxx.

- 13 -

87.     Dr. Kim denies each and every allegation contained in paragraph 88 of the Complaint.

88.     Dr. Kim denies each and every allegation contained in paragraph 89 of the Complaint.

89.     Dr. Kim denies each and every allegation contained in paragraph 90 of the Complaint.

90.     Dr. Kim denies each and every allegation contained in paragraph 91 of the Complaint.

91.     Dr. Kim denies each and every allegation contained in paragraph 92 of the Complaint.

92.     Dr. Kim denies each and every allegation contained in paragraph 93 of the Complaint.

93.     Dr. Kim denies each and every allegation contained in paragraph 94 of the Complaint.

94.     Dr. Kim denies each and every allegation contained in paragraph 95 of the Complaint.

95.     Dr. Kim denies each and every allegation contained in paragraph 96 of the Complaint.

96.     Dr. Kim denies each and every allegation contained in paragraph 97 of the Complaint.

97.     Dr. Kim denies each and every allegation contained in paragraph 98 of the Complaint.

98.     Dr. Kim denies each and every allegation contained in paragraph 99 of the Complaint.

99.     Dr. Kim denies each and every allegation contained in paragraph 100 of the Complaint.

As for the "Wherefore" section under paragraph 100, no responsive pleading is required.  Should a response be required, Dr. Kim denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT IV - FRAUD AND MISREPRESENTATION Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D."

100.     With respect to the allegations contained in paragraph 101 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

101.     The allegations contained in paragraph 102 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

102.     Dr. Kim denies each and every allegation contained in paragraph 103 of the Complaint.

103.     Dr. Kim denies each and every allegation contained in paragraph 104 of the Complaint except admits that Merck marketed the prescription medicine Vioxx.

104.    Dr. Kim denies each and every allegation contained in paragraph 105 of the Complaint.

105.    Dr. Kim denies each and every allegation contained in paragraph 106 of the Complaint.

106.    Dr. Kim denies each and every allegation contained in paragraph 107 of the Complaint.

107.    Dr. Kim denies each and every allegation contained in paragraph 108 of the Complaint.

108.    Dr. Kim denies each and every allegation contained in paragraph 109 of the Complaint.

109.    Dr. Kim denies each and every allegation contained in paragraph 110 of the Complaint.

As for the "Wherefore" section under paragraph 110, no responsive pleading is required.  Should a response be required, Dr. Kim denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT V - VIOLATION OF CONSUMER PROTECTION LAWS Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D"

110.    With respect to the allegations contained in paragraph 111 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

111.    Dr. Kim denies each and every allegation contained in paragraph 112 of the Complaint.

112.    The allegations contained in paragraph 113 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in said paragraph.

113.    Dr. Kim denies each and every allegation contained in paragraph 114 of the Complaint, including subparagraphs a - c.

114.    Dr. Kim denies each and every allegation contained in paragraph 115 of the Complaint.

115.    Dr. Kim denies each and every allegation contained in paragraph 116 of the Complaint.

116.    Dr. Kim denies each and every allegation contained in paragraph 117 of the Complaint.

117.    Dr. Kim denies each and every allegation contained in paragraph 118 of the Complaint.

As for the "Wherefore" section under paragraph 118, no responsive pleading is required.  Should a response be required, Dr. Kim denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT VI - PUNITIVE DAMAGES
Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D."

118.    With respect to the allegations contained in paragraph 119 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement

- 17 -

contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

119.   Dr. Kim denies each and every allegation contained in paragraph 120 of the Complaint.

120.   Dr. Kim denies each and every allegation contained in paragraph 121 of the Complaint.

121.   Dr. Kim denies each and every allegation contained in paragraph 122 of the Complaint.

122.   Dr. Kim denies each and every allegation contained in paragraph 123 of the Complaint.

123.   Dr. Kim denies each and every allegation contained in paragraph 124 of the Complaint.

124.   Dr. Kim denies each and every allegation contained in paragraph 125 of the Complaint.

125.   Dr. Kim denies each and every allegation contained in paragraph 126 of the Complaint.

As for the "Wherefore" section under paragraph 126, no responsive pleading is required.  Should a response be required, Dr. Kim denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT VII - WRONGFUL DEATH
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D."

126.    With respect to the allegations contained in paragraph 127 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

127.    Dr. Kim denies each and every allegation contained in paragraph 128 of the Complaint except admits that Plaintiffs purport to bring this action as stated but Dr. Kim denies that there is any legal or factual basis for the same.

128.    Dr. Kim denies each and every allegation contained in paragraph 129 of the Complaint.

129.    Dr. Kim denies each and every allegation contained in paragraph 130 of the Complaint.

As for the "Wherefore" section under paragraph 130, no responsive pleading is required.  Should a response be required, Dr. Kim denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT VIII - SURVIVAL ACTION
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D."

130.    With respect to the allegations contained in paragraph 131 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

- 19 -

131.    Dr. Kim denies each and every allegation contained in paragraph 132 of the Complaint.

132.    Dr. Kim denies each and every allegation contained in paragraph 133 of the Complaint.

133.    Dr. Kim denies each and every allegation contained in paragraph 134 of the Complaint.

134.    Dr. Kim denies each and every allegation contained in paragraph 135 of the Complaint.

135.    Dr. Kim denies each and every allegation contained in paragraph 136 of the Complaint.

136.    Dr. Kim denies each and every allegation contained in paragraph 137 of the Complaint.

137.    Dr. Kim denies each and every allegation contained in paragraph 138 of the Complaint.

As for the "Wherefore" section under paragraph 138, no responsive pleading is required.  Should a response be required, Dr. Kim denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT IX - LOSS OF CONSORTIUM
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
### Louis Sherwood, M.D., and Edward Scolnick, M.D."

138.    With respect to the allegations contained in paragraph 139 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

139.   Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 140 of the Complaint.

140.   Dr. Kim denies each and every allegation contained in paragraph 141 of the Complaint except admits that Plaintiffs purport to claim certain damage but denies that there is any legal or factual basis for same.

141.   Dr. Kim denies each and every allegation contained in paragraph 142 of the Complaint.

142.   Dr. Kim denies each and every allegation contained in paragraph 143 of the Complaint.

143.   Dr. Kim denies each and every allegation contained in paragraph 144 of the Complaint.

144.   Dr. Kim denies each and every allegation contained in paragraph 145 of the Complaint.

145.   Dr. Kim denies each and every allegation contained in paragraph 146 of the Complaint.

146.   Merck denies each and every allegation contained in paragraph 147 of the Complaint.

As for the "Wherefore" section under paragraph 147, no responsive pleading is required. Should a response be required, Dr. Kim denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

**AFFIRMATIVE DEFENSES**

147.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

148.    The Complaint fails to state a claim upon which relief can be granted.

149.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

150.    If Plaintiffs and Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

151.    To the extent that Plaintiffs assert claims based on Merck's and/or Dr. Kim's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

152.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck and/or Dr. Kim to warn Plaintiffs' decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

153.    If Plaintiffs and Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs and Plaintiffs' decedents.

154.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

155.    If Plaintiffs and Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs'

decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

156.    If Plaintiffs and Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and/or Dr. Kim and over whom Merck and/or Dr. Kim had no control and for whom Merck and/or Dr. Kim may not be held accountable.

157.    If Plaintiffs and Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' decedents' misuse or abuse of Vioxx.

158.    If Plaintiffs and Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' decedents' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

159.    To the extent that Plaintiffs and Plaintiffs' decedents rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

160.    Plaintiffs and Plaintiffs' decedents' claims are barred in whole or in part under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

161.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

162.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

163.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

164.     Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege that Plaintiffs' decedents had taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

165.     Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Products Liability.

166.     To the extent that Plaintiffs and/or Plaintiffs' decedent settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Kim's liability, if any, should be reduced accordingly.

167.     To the extent that Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

168.     Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or Plaintiffs' decedent have failed to mitigate the alleged damages.

169.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

170.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

171.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck and/or Dr. Kim, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

172.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

173.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Dr. Kim's state and federal constitutional rights.

174.    Since at all times material hereto, Dr. Kim was an employee of Defendant Merck & Co., Inc., and in such capacity was acting within the course and scope of his employment, the Complaint fails to state any cause of action against Dr. Kim individually.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Dr. Kim to determine all of his legal, contractual and equitable rights, Dr. Kim reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Dr. Kim will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Dr. Kim respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Dr. Kim his reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Dr. Kim demands a trial by jury as to all issues so triable.

Dated:  November _____, 2005

Respectfully submitted,

Fred T. Magaziner
Joseph K. Hetrick
Joshua G. Schiller
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Phone: (215) 994-4000
Fax: (215) 994-2222

**Attorneys for Defendant**
**Peter S. Kim, Ph.D.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Peter S. Kim has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 28th day of November, 2005.