UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Harry J. Johnson et al. v. Merck & Co., Inc.*, **Case No. 05-4422.**

## <u>ANSWER OF DEFENDANT MERCK & CO., INC.</u>

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Complaint (with Demand for Jury) ("Complaint") as follows:

### <u>RESPONSE TO COMPLAINT</u>

### RESPONSE TO
### <u>"PRELIMINARY STATEMENT"</u>

1.      Denies each and every allegation contained in the first sentence of

paragraph I of the Complaint.  Merck denies each and every allegation contained in the second

sentence of paragraph I of the Complaint, except admits that there is a multidistrict litigation

("MDL") related to the prescription medicine Vioxx® ("Vioxx"), and that it has responded to

discovery in that MDL, and respectfully refers the Court to its discovery responses for its actual

—— Fee____
__X__ Process____
—— Dktd____
—— CtRmDep____
—— Doc. No ____

language and full text. Merck denies each and every allegation contained in the third sentence of paragraph I of the Complaint, except admits that various class actions related to the prescription medicine Vioxx have been filed and are pending but denies that there is any legal or factual basis for class action relief. The allegations contained in the fourth, fifth, and sixth sentences of paragraph I of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the fourth, fifth, and sixth sentences of paragraph I of the Complaint.

## RESPONSE TO
## "PARTIES"

2.      Denies each and every allegation contained in paragraph II of the Complaint, including its subparts paragraphs 1-15, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.      Admits the allegation contained in paragraph III of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

## RESPONSE TO
## "JURISDICTION"

4.      The allegations contained in paragraph IV of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph IV of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.      The allegations contained in paragraph V of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph V of the Complaint.

## RESPONSE TO
## "VENUE"

6.     The allegations contained in paragraph VI of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph VI of the Complaint, except Merck admits that there is a MDL related to the prescription medicine Vioxx, and that the MDL Court has issued Pretrial Orders, and respectfully refers the Court to those Orders for their actual content and full effect.

## RESPONSE TO "GENERAL BACKGROUND AND OVERVIEW OF FACTS
## COMMON TO ALL CLAIMS"

7.     Denies each and every allegation contained in paragraph VII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

8.     Denies each and every allegation in paragraph VIII of the Complaint, except admits that the U.S. Food & Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses subject to information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

9.     Admits the allegation contained in the first paragraph IX of the Complaint that Vioxx is a part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs").

10.     Denies each and every allegation contained in the first paragraph X of the Complaint, except admits that Vioxx is the brand name for rofecoxib and that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

11.     Denies each and every allegation contained in the first paragraph XI of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

12.     Denies each and every allegation contained in the first paragraph XII of the Complaint, except admits Vioxx reduces pain and inflammation and that that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

13.     Denies each and every allegation contained in the first paragraph XIII of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.     Denies each and every allegation contained in the second paragraph IX of the Complaint.

15.     Denies each and every allegation contained in the second paragraph X of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

16.     Denies each and every allegation contained in the second paragraph XI of the Complaint.

17.     Denies each and every allegation contained in the second paragraph XII of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared to those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised from the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

18.     Denies each and every allegation contained in the second paragraph XIII of the Complaint.

19.     The allegations contained in paragraph XIV of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph XIV of the Complaint.

20.     Denies each and every allegation contained in the first and second sentences of paragraph XV of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph XV of the Complaint and respectfully refers the Court to the relevant prescribing information for its actual language and text.  Merck denies each and every allegation contained in the fifth, sixth, seventh, eighth, and ninth sentences of paragraph XV of the Complaint, as it is without knowledge or information sufficient to form a belief as to

the truth therein, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

21.     Denies each and every allegation contained in paragraph XVI of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

22.     Denies each and every allegation contained in paragraph XVII of the Complaint.

23.     Denies each and every allegation contained in paragraph XVIII of the Complaint.

24.     Denies each and every allegation contained in paragraph XIX of the Complaint.

25.     Denies each and every allegation contained in paragraph XX of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

26.     Denies each and every allegation contained in paragraph XXI of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

27.     Denies each and every allegation contained in paragraph XXII of the Complaint.

28.     Denies each and every allegation contained in paragraph XXIII of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

### RESPONSE TO "DETAILED ALLEGATIONS REGARDING MERCK AND ITS DEVELOPMENT AND PROMOTION OF VIOXX"

29.     Admits the allegations contained in paragraph XXIV of the Complaint that Merck submitted an Application to Market a New Drug Use for Vioxx (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

30.     Admits the allegations contained in paragraph XXV of the Complaint that Merck submitted an Application to the FDA and respectfully refers the Court to the Application for its actual language and full text.

31.     Denies each and every allegation contained in paragraph XXVI of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and text.

32.     Denies each and every allegation contained in paragraph XXVII of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

33.     Denies each and every allegation contained in paragraph XXVIII of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

7

34.     Denies each and every allegation contained in paragraph XXIX of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.    Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

35.     Denies each and every allegation contained in paragraph XXX of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

36.     Denies each and every allegation contained in paragraph XXXI of the Complaint, except admits that the studies referenced in the first sentence of paragraph XXXI and the article referenced in the second sentence of paragraph XXXI exist, and respectfully refers the Court to said publications for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

37.     Denies each and every allegation contained in paragraph XXXII of the Complaint, except admits that Vioxx worldwide sales figures exceeded $2 billion in 2000.

38.     Denies each and every allegation contained in paragraph XXXIII of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

39.     Denies each and every allegation contained in paragraph XXXIV of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

40.     Denies each and every allegation contained in paragraph XXXV of the Complaint, except admits that the studies referenced in paragraph XXXV of the Complaint exist, and respectfully refers the Court to said studies for their actual language and full text.

41.     Denies each and every allegation contained in paragraph XXXVI of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that latter for its actual language and full text.

42.     Denies each and every allegation contained in paragraph XXXVII of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

43.     Denies each and every allegation contained in paragraph XXXVIII of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

44.     Denies each and every allegation contained in paragraph XXXIX of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

45.     Denies each and every allegation contained in paragraph XL of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and

respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

46.     Denies each and every allegation contained in paragraph XLI of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

47.     Denies each and every allegation contained in paragraph XLII of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

48.     Denies each and every allegation contained in paragraph XLIII of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

49.     Denies each and every allegation contained in paragraph XLIV of the Complaint.

50.     Denies each and every allegation contained in paragraph XLV of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

51.     Denies each and every allegation contained in paragraph XLVI of the Complaint, except admits that the referenced filing exists, and respectfully refers the Court to the referenced document for its actual language and full text.

52.     Denies each and every allegation contained in paragraph XLVII of the Complaint, except admits that the referenced filing exists, and respectfully refers the Court to the referenced document for its actual language and full text.

53.     Denies each and every allegation contained in paragraph XLVIII of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

### RESPONSE TO "COUNT I: PRODUCT LIABILITY: DEFECTIVE DESIGN (INCLUDING STRICT LIABILITY, L.A. R.S. 9:2800.56 AND/OR NJSA 2A:58C-2 ET SEQ.)"

54.     With respect the allegations contained in paragraph XLIX of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth herein.

55.     Denies each and every allegation contained in paragraph L of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

56.     Denies each and every allegation contained in paragraph LI of the Complaint.

57.     Denies each and every allegation contained in paragraph LII of the Complaint.

11

58.     Denies each and every allegation contained in the first sentence of paragraph LIII of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph LIII of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

59.     Denies each and every allegation contained in paragraph LIV of the Complaint.

60.     Denies each and every allegation contained in paragraph LV of the Complaint.

61.     Denies each and every allegation contained in paragraph LVI of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

62.     Denies each and every allegation contained in paragraph LVII of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

63.     The allegations contained in paragraph LVIII of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in paragraph LVIII of the Complaint.

64.     Denies each and every allegation contained in paragraph LIX of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

65.     Denies each and every allegation contained in paragraph LX of the Complaint.

### RESPONSE TO COUNT II: PRODUCT LIABILITY: FAILURE TO WARN (INCLUDING STRICT LIABILITY, LA. R.S. 9:2800.57 AND/OR NJSA 2A:58C-2 ET SEQ.)"

66.     With respect the allegations contained in paragraph LXI of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth herein.

67.     The allegations contained in paragraph LXII of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in paragraph LXII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers to the relevant legal standard, including any conflict of laws rules.

68.     The allegations contained in paragraph LXIII of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in paragraph LXIII of the Complaint, and respectfully refers to the relevant legal standard, including any conflict of laws rules.

69.     Denies each and every allegation contained in paragraph LXIV of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

70.     Denies each and every allegation contained in paragraph LXV of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

71.     Denies each and every allegation contained in paragraph LXVI of the Complaint.

72.     Denies each and every allegation contained in paragraph LXVII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

73.     Denies each and every allegation contained in paragraph LXVIII of the Complaint.

**RESPONSE TO "COUNT III:**
**BREACH OF IMPLIED WARRANTY; REDHIBITION"**

74.     With respect the allegations contained in paragraph LXIX of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 73 of this Answer with the same force and effect as though set forth herein.

75.     Denies each and every allegation contained in paragraph LXX of the Complaint.

76.     The allegations contained in paragraph LXXI of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in paragraph LXXI of the Complaint, and respectfully refers to the relevant legal standard, including any conflict of laws rules.

77.     Denies each and every allegation contained in paragraph LXXII of the Complaint.

14

78.     Denies each and every allegation contained in paragraph LXXIII of the Complaint.

79.     Denies each and every allegation contained in paragraph LXXIV of the Complaint.

80.     The allegations contained in paragraph LXXV of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in paragraph LXXV of the Complaint.

81.     Denies each and every allegation contained in paragraph LXXVI of the Complaint, except admits that Plaintiffs are seeking a return of the purchase price, interest, attorneys' fees and costs, non-pecuniary damages, and any equitable relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT IV: NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A. 56:8-2 ET SEQ.) (AND/OR OTHER APPLICABLE STATUTORY REMEDIES)"**

82.     With respect the allegations contained in paragraph LXXVII of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 81 of this Answer with the same force and effect as though set forth herein.

83.     The allegations contained in paragraph LXXVIII are legal conclusions as to which no responsive pleading is required.  Should a responsive pleading be required, Merck denies each and every allegation contained in paragraph LXXVIII of the Complaint, and respectfully refers to the relevant legal standard, including any conflict of laws rules.

84.     Denies each and every allegation contained in paragraph LXXIX of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

85.     The allegations contained in paragraph LXXX are legal conclusions as to which no responsive pleading is required.  Should a responsive pleading be required, Merck denies each and every allegation contained in paragraph LXXX of the Complaint, and respectfully refers to the relevant legal standard, including any conflict of laws rules.

86.     Denies each and every allegation contained in paragraph LXXXI of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

87.     Denies each and every allegation contained in paragraph LXXXII of the Complaint.

88.     Denies each and every allegation contained in paragraph LXXXIII of the Complaint.

89.     Denies each and every allegation contained in paragraph LXXXIV of the Complaint.

90.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity if the allegations not directed toward Merck in paragraph LXXXV of the Complaint, and denies each and every allegation directed toward Merck in paragraph LXXXV of the Complaint.

91.     The allegations contained in paragraph LXXXVI are legal conclusions as to which no responsive pleading is required.  Should a responsive pleading be required, Merck denies each and every allegation contained in paragraph LXXXVI of the Complaint.

92.      Denies each and every allegation contained in paragraph LXXXVII of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

93.      Denies each and every allegation contained in paragraph LXXXVIII of the Complaint.

94.      Denies each and every allegation contained in paragraph LXXXIX of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

95.      Denies each and every allegation contained in paragraph XC of the Complaint.

96.      Denies each and every allegation contained in paragraph XCI of the Complaint.

97.      The allegations contained in paragraph XCII are legal conclusions as to which no responsive pleading is required.  Should a responsive pleading be required, Merck denies each and every allegation contained in paragraph XCII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

98.      Denies each and every allegation contained in paragraph XCIII of the Complaint.

99.      Denies each and every allegation contained in paragraph XCIV of the Complaint.

100.   Denies each and every allegation contained in paragraph XCV of the Complaint, except admits that Plaintiffs purport to seek damages, penalties, costs, attorneys' fees, and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT V: NEGLIGENCE"

101.   With respect the allegations contained in paragraph XCVI of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 100 of this Answer with the same force and effect as though set forth herein.

102.   The allegations contained in paragraph XCVII are legal conclusions as to which no responsive pleading is required.  Should a responsive pleading be required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

103.   Denies each and every allegation contained in paragraph XCVIII of the Complaint, including its subparts (a) through (p), except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

104.   Denies each and every allegation contained in paragraph XCIX of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

105.   Denies each and every allegation contained in paragraph C of the Complaint.

106.    Denies each and every allegation contained in paragraph CI of the Complaint.

107.    Denies each and every allegation contained in paragraph CII of the Complaint.

108.    Denies each and every allegation contained in paragraph CIII of the Complaint.

## RESPONSE TO
## "DAMAGES"

109.    Denies each and every allegation contained in paragraph CIV of the Complaint, including its subparts 1 through 18.

110.    Denies each and every allegation contained in paragraph CV of the Complaint, except admits that Plaintiffs purport to seek exemplary and punitive damages but denies that there is any legal or factual basis for such relief.

111.    Denies each and every allegation contained in paragraph CVI of the Complaint, except admits that Plaintiffs purport to seek medical monitoring relief but denies that there is any legal or factual basis for such relief.

112.    Denies each and every allegation contained in paragraph CVII of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY DEMAND"

113.    The allegations contained in the unnumbered paragraph under the heading "Jury Demand" are legal conclusions to which no responsive pleading is required.

## RESPONSE TO
## "PRAYER FOR RELIEF"

114.     The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer for Relief" constitutes a prayer for relief as to which no response should be required.  Should a response be required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

115.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

116.     The Plaintiffs and/or Decedent were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedent.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

117.     To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

118.     To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

119.    The Plaintiffs and/or Decedent failed to exercise reasonable care to mitigate their alleged damages.

### AS FOR A SIXTH
### DEFENSE, MERCK ALLEGES:

120.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

### AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

121.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

122.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

123.    The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

124.    The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

21

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

125.    The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

126.    The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

127.    The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

128.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in

the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly,

voluntarily, and willfully assumed the risk of any injury as the result of the consumption of,

administration of, or exposure to any drug or pharmaceutical preparation manufactured or

distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

129.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in

the Complaint, upon information and belief, such injuries and losses were directly and

proximately caused by the intervening or superseding act and conduct of persons not having real

22

or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

130.     To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

131.     If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedent or natural course of conditions for which this defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

132.     If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs and/or Decedent or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

133.     The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

134.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs and/or Decedent did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

135.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

136.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.  Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

137.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

138.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

139.    The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

140.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

**AS FOR A TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

141.    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

**AS FOR A TWENTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

142.    To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**AS FOR A TWENTY-NINTH
DEFENSE, MERCK ALLEGES:**

143.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

144.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

145.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: November 29, 2005.

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
          Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
          Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 29th day of November, 2005.