


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Dina Rebecca Romandia v. Merck & Co., Inc.*, No. 05-4516.

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint and First Amended Complaint as follows:

### RESPONSE TO COMPLAINT AND FIRST AMENDED COMPLAINT

#### RESPONSE TO "PARTIES"

1. Denies each and every allegation contained in paragraph 1 of the Complaint and First Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2. Denies each and every allegation contained in paragraph 2 of the Complaint and First Amended Complaint, except admits that Merck, a New Jersey corporation



with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Texas and may be served as allowed by applicable federal and/or state law.

## RESPONSE TO
## "JURISDICTION AND VENUE"

3. The allegations contained in paragraph 3 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint and First Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint. The allegations contained in paragraph 4 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the First Amended Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

## RESPONSE TO
## "FACTS"

5. Denies each and every allegation contained in paragraph 5 of the Complaint and First Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6. Merck denies each and every allegation contained in paragraph 6 of the Complaint and First Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7. Denies each and every allegation contained in paragraph 7 of the Complaint and First Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Vioxx is the brand name for rofecoxib and that Vioxx reduces pain and inflammation.

### RESPONSE TO "DEFENDANT'S MISREPRESENTATION AND CONTINUED CONCEALMENT"

8. Denies each and every allegation contained in paragraph 8 of the Complaint and First Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that the prescription medicine Vioxx was approved by the United States Food and Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

9. The allegations contained in paragraph 9 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 9 of the Complaint and First Amended Complaint, including its subparts a and b, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to

the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

10. The allegations contained in paragraph 10 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 10 of the Complaint and First Amended Complaint, except admits Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

11. Denies each and every allegation contained in paragraph 11 of the Complaint and First Amended Complaint, except admits that Plaintiff purports to seek to use discovery procedures to obtain information.

12. Denies each and every allegation contained in paragraph 12 of the Complaint and First Amended Complaint.

13. Denies each and every allegation contained in paragraph 13 of the Complaint and First Amended Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

14. The allegations contained in paragraph 14 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

15. Denies each and every allegation contained in paragraph 15 of the Complaint and First Amended Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

16. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 16 of the Complaint and First Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 16 of the Complaint and First Amended Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Complaint and First Amended Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint and First Amended Complaint.

19. Denies each and every allegation directed towards Merck in paragraph 19 of the Complaint and First Amended Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "TOLLING OF APPLICABLE STATUTES OF LIMITATION"

20. With respect to the allegations contained in paragraph 20 of the Complaint and First Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 19 of this Answer with the same force and effect as though set forth here in full.

21. The allegations contained in paragraph 21 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck in paragraph 21 of the Complaint and First Amended Complaint, except admits that Plaintiff seek to toll the applicable statute of limitations period but denies that there is any legal or factual basis for such tolling.

22. The allegations contained in paragraph 22 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck in paragraph 22 of the Complaint and First Amended Complaint

23. The allegations contained in paragraph 23 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck in paragraph 23 of the Complaint and First Amended Complaint

24. Denies each and every allegation directed contained in paragraph 24 of the Complaint and First Amended Complaint.

25. The allegations contained in paragraph 25 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck in paragraph 25 of the Complaint and First Amended Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

26. The allegations contained in paragraph 26 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required.

Should a response be deemed required, Merck denies each and every allegation directed towards Merck in paragraph 26 of the Complaint and First Amended Complaint

27. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 27 of the Complaint and First Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 27 of the Complaint and First Amended Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

28. Denies each and every allegation contained in paragraph 28 of the Complaint and First Amended Complaint.

### RESPONSE TO "CAUSES OF ACTION COUNT 1 (NEGLIGENCE AND GROSS NEGLIGENCE)"

29. With respect to the allegations contained in paragraph 29 of the Complaint and First Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as though set forth here in full.

30. Denies each and every allegation contained in paragraph 30 of the Complaint and First Amended Complaint, including its subparts a through d, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

31. Denies each and every allegation contained in paragraph 31 of the Complaint and First Amended Complaint, except admits that Merck manufactured, marketed,

and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

32. Denies each and every allegation contained in paragraph 32 of the Complaint and First Amended Complaint.

## RESPONSE TO "COUNT 2 (PRODUCTS LIABILITY)"

33. With respect to the allegations contained in paragraph 33 of the Complaint and First Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 32 of this Answer with the same force and effect as though set forth here in full.

34. Denies each and every allegation contained in paragraph 34 of the Complaint and First Amended Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint and First Amended Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

36. Denies each and every allegation contained in paragraph 36 of the Complaint and First Amended Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

37. Denies each and every allegation contained in paragraph 37 of the Complaint and First Amended Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint and First Amended Complaint, except admits that Plaintiff purports to seek relief based on the "doctrine of strict liability in tort" but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "COUNT 3 (BREACH OF WARRANTY)"

39. With respect to the allegations contained in paragraph 39 of the Complaint and First Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40. The allegations contained in paragraph 40 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 40 of the Complaint and First Amended Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

41. Denies each and every allegation contained in paragraph 41 of the Complaint and First Amended Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

42. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 42 of the Complaint and First Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 42 of the Complaint and First Amended Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint and First Amended Complaint.

## RESPONSE TO "DAMAGES"

44. Denies each and every allegation contained in paragraph 44 of the Complaint and First Amended Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Complaint and First Amended Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint and First Amended Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint and First Amended Complaint.

## RESPONSE TO "EXEMPLARY DAMAGES" IN COMPLAINT

48. With respect to the allegations contained in paragraph 48 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

49. Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Plaintiff purports to seek exemplary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "PUNITIVE DAMAGES" IN FIRST AMENDED COMPLAINT

50. With respect to the allegations contained in paragraph 48 of the First Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

51. Denies each and every allegation contained in paragraph 49 of the First Amended Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "PRE- AND POST-JUDGMENT INTEREST"

52. Denies each and every allegation contained in paragraph 50 of the Complaint and First Amended Complaint, except admits that Plaintiff purports to seek pre- and post-judgment interest but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY DEMAND AND CONDITIONS PRECEDENT"

53. The allegations contained in paragraph 51 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required.

54. The allegations contained in paragraph 52 of the Complaint and First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in

paragraph 52 of the Complaint and First Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "PRAYER"

55. The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer" in the Complaint and First Amended Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph in the Complaint and First Amended Complaint, including its subparts (i) through (v), except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

56. The Complaint and First Amended Complaint fail to state a claim upon which relief can be granted.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

57. The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

58. To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

59. To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

60. The Plaintiff failed to exercise reasonable care to mitigate her alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

61. Each and every claim asserted or raised in the Complaint and First Amended Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

62. To the extent that Plaintiff asserts claims in the Complaint and First Amended Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

63. The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

64. The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

65. The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

66. The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

67. The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

68. The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

69. If Plaintiff has sustained injuries or losses as alleged in the Complaint and First Amended Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the

consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

70. If Plaintiff has sustained injuries or losses as alleged in the Complaint and First Amended Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

71. To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint and First Amended Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

72. If Plaintiff has sustained injuries or losses as alleged in the Complaint and First Amended Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

73. If Plaintiff has sustained injuries or losses as alleged in the Complaint and First Amended Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

74. The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

75. To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

76. Each and every claim asserted or raised in the Complaint and First Amended Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

77. Inasmuch as the Complaint and First Amended Complaint do not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights. Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

78. To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint and First Amended Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

79.     To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

80.     The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

81.     To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

82.     The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

83.     To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil Procedure.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

84. Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

85. Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

86. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1. That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint and First Amended Complaint with prejudice against Merck with costs assessed to Plaintiff;

2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: November 24, 2005

Respectfully submitted,

_____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Vicki A. Elmer, 28569
    Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 29th day of November, 2005.

_____