UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
--------------------------------X
MARK BERGMAN,

Index No. 05CV3391

MDL # 1657 Fallon, J.

Plaintiffs,

-against-

VERIFIED ANSWER

MERCK & CO., INC. and N.O.B.
PHARMACY, INC. d/b/a PEN-MILL
PHARMACY,

Defendants.
--------------------------------X

Defendant, N.O.B. PHARMACY, INC. d/b/a PEN-MILL PHARMACY,
by its attorneys, O'CONNOR, O'CONNOR, HINTZ & DEVENEY, LLP, as
and for its answer to the plaintiff's complaint, sets forth as
follows:

### ANSWERING THE FIRST CAUSE OF ACTION:

1.    Denies knowledge or information sufficient to form a
belief as to each and every allegation contained in paragraphs
designated "1" through "4", "6" through "9", "11" through "14" and
"16" through "20" of the plaintiff's complaint.

2.    Admits the truth of the allegations contained in
paragraphs designated "5" and "10" of the plaintiff's complaint.

3.    Denies each and every allegation contained in paragraphs
designated "15" and "21" of the plaintiff's complaint.

### ANSWERING THE SECOND CAUSE OF ACTION:

4.    Denies knowledge or information sufficient to form a
belief as to each and every allegation contained in paragraphs
designated "22" through "24" and "26" through "30" of the
plaintiff's complaint.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

5.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "25" of the plaintiff's complaint, except admits that the answering defendant filled prescriptions for medications prescribed to the plaintiff.

### ANSWERING THE THIRD CAUSE OF ACTION:

6.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "32", "34" and "35" of the plaintiff's complaint.

7.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "31", "33" and "36" of the plaintiff's complaint, and refers all questions of law and fact to this Honorable Court at the time of trial herein.

8.    Denies each and every allegation contained in paragraph designated "37" of the plaintiff's complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION:

9.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "38" through "40" of the plaintiff's complaint.

10.    Denies each and every allegation contained in paragraph designated "41" of the plaintiff's complaint.

### ANSWERING THE FIFTH CAUSE OF ACTION:

11.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "42" through "44" of the plaintiff's complaint.

12.    Denies each and every allegation contained in paragraph

designated "45" of the plaintiff's complaint.

### ANSWERING THE SIXTH CAUSE OF ACTION:

13.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "46" and "48" of the plaintiff's complaint.

14.   Admits the truth of the allegations contained in paragraph designated "47" of the plaintiff's complaint.

15.   Denies each and every allegation contained in paragraph designated "49" of the plaintiff's complaint.

### ANSWERING THE SEVENTH CAUSE OF ACTION:

16.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "50" of the plaintiff's complaint.

17.   Denies each and every allegation contained in paragraph designated "51" of the plaintiff's complaint.

### ANSWERING THE EIGHTH CAUSE OF ACTION:

18.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "52" and "53" of the plaintiff's complaint, and refers all questions of law and fact to this Honorable Court at the time of trial herein.

19.   Denies each and every allegation contained in paragraph designated "54" of the plaintiff's complaint.

### ANSWERING THE NINTH CAUSE OF ACTION:

20.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "55" through "59" of the plaintiff's complaint.

21.   Denies each and every allegation contained in paragraph designated "60" of the plaintiff's complaint.

### ANSWERING THE TENTH CAUSE OF ACTION:

22.   Denies each and every allegation contained in paragraph designated "61" of the plaintiff complaint, and refers all questions of law and fact to this Honorable Court at the time of trial herein.

23.   Denies each and every allegation contained in paragraph designated "62" of the plaintiff's complaint.

### ANSWERING THE ELEVENTH CAUSE OF ACTION:

24.   Denies each and every allegation contained in paragraphs designated "63" through "66" of the plaintiff's complaint.

### ANSWERING THE TWELFTH CAUSE OF ACTION:

25.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "67" of the plaintiff's complaint, and refers all questions of law and fact to this Honorable Court at the time of trial herein.

26.   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "68" of the plaintiff's complaint.

27.   Denies each and every allegation contained in paragraph designated "69" of the plaintiff complaint, and refers all questions of law and fact to this Honorable Court at the time of trial herein.

28.   Denies each and every allegation contained in paragraph designated "70" of the plaintiff's complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

29.   That if the plaintiff herein was caused to sustain any damages at the time and place set forth in plaintiff's complaint, said damages will have been caused by plaintiff's own culpable conduct, and if any damages are recovered herein by the plaintiff against this answering defendant, said damages must be diminished in the proportion which the culpable conduct attributable to the plaintiff herein bears to the culpable conduct, if any, attributable to the answering defendant herein.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

30.   The answering defendant pleads the limitations of liability set forth in Article 16 of the CPLR.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

31.   Plaintiff's recovery, if any, shall be reduced by the amount of any collateral source payments received, in accordance with CPLR 4545.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

32.   That at all times mentioned in the Complaint, the plaintiff(s) assumed the risk of injuries and damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

33.   That the Complaint fails to state a claim as against the answering defendant.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

34.   That the answering defendant did not alter the subject product.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

35.   That the answering defendant dispensed the subject

product to the plaintiff as directed by plaintiff's treating physician.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

36.  Plaintiff's causes of action are barred by the applicable statute of limitations.

### AS AND FOR A FIRST CROSS-CLAIM
### AS AGAINST CO-DEFENDANT, MERCK & CO., INC.:

37.  That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint due to any carelessness, recklessness, negligence and/or breach of warranty other than the plaintiff's own carelessness, recklessness and negligence, said damages were sustained by reason of the carelessness, recklessness, negligence and/or acts of omission or commission and/or breach of warranty and/or breach of contract by the co-defendant named in this action, their agents, servants, and/or employees; and if any judgment is recovered herein by the plaintiff against this defendant herein, it will be damaged thereby and the co-defendant named herein are/or will be responsible therefore in whole or in part.

38.  That by reason of the foregoing, the co-defendant named herein will be liable to this defendant and in the event and in the full amount of any recovery had herein by plaintiff or for that proportion thereof caused by the relative responsibility of each of the defendants herein, and the said co-defendant will be bound to pay any and all fees and disbursements.

### AS AND FOR A SECOND CROSS-CLAIM
### AS AGAINST CO-DEFENDANT, MERCK & CO., INC.:

39.  That if the plaintiff was caused to sustain damage as alleged herein, all of which the defendants deny, then and in that

event those damages were caused by the active, actual and primary negligence of the co-defendant and the defendant herein is entitled to full indemnity from the co-defendant and judgment therefore.

WHEREFORE, this answering defendant demands judgment on the complaint herein as to this answering defendant with costs and disbursements; and further demands that the ultimate rights of this defendant and of the co-defendant named herein as between themselves be determined in this action and that this answering defendant have judgment over and against the co-defendant named herein for all, or for that portion of any verdict or judgment which may be obtained herein by the plaintiff against this answering defendant to the extent that the responsibility of the co-defendant contributed thereto, and further that this defendant have judgment for full indemnity as alleged in the second cross-claim together with costs and disbursements of this action.

DATED:    Melville, New York
          November 14, 2005

                         Very truly yours,

                         O'CONNOR, O'CONNOR, HINTZ & DEVENEY, LLP
                         Attorneys for Defendant - N.O.B.
                         PHARMACY, INC. d/b/a PEN-MILL PHARMACY

                         By: _____
                             JAMES E. BAKER - (JEB 7523)
                         One Huntington Quadrangle, Suite 3C01
                         Melville, New York 11747-4415
                         (631) 777-2330

TO:

WEINSTEIN, CHASE, MESSINGER & PETERS, P.C.
Attorneys for Plaintiff
26 Court Street, Suite 2100
Brooklyn, New York   11242
(718) 858-3100

HUGHES, HUBBARD & REED, LL
Attorneys for Defendant, MERCK & CO., INC.
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

STATE OF NEW YORK      )
                       ss:
COUNTY OF SUFFOLK      )            **ATTORNEY'S VERIFICATION**

     I am the attorney of record, or of counsel to the attorney(s) of record for **defendant, N.O.B. PHARMACY, INC. d/b/a PEN-MILL PHARMACY.**

     I have read the annexed **ANSWER** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following: **information, investigation and correspondence maintained in the files.**

     The reason I make this affirmation instead of DEFENDANT **is they maintain their offices outside of County where your affirmant maintains his office.**

     I affirm that the foregoing statements are true under the penalties of perjury.

Dated:      November 14, 2005

JAMES E. BAKER  -  (JEB 7523)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
                                : ss.:
COUNTY OF SUFFOLK)

JOANNA SCHAFFER, being duly sworn deposes and says:

I am not a party to the action, am over 18 years of age, and reside at Hicksville, NY.

On _November 15, 2005_ , I served a true copy of the annexed

### VERIFIED ANSWER

in the following manner:

By depositing a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the US Postal Service, addressed to the attorney at the address set forth below:

United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722
Attn: Clerk of the Court

Weinstein, Chase, Messinger & Peters, P.C.
Attorneys for Plaintiff
26 Court Street, Suite 2100
Brooklyn, New York   11242
(718) 858-3100

Hughes, Hubbard & Reed, LLP
Attorneys for Defendant, MERCK & CO., INC.
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

_____
JOANNA SCHAFFER

Sworn to before me this
15th day of _November_ 2005

_____
NOTARY PUBLIC

ALICIA HUGHES
Notary Public, State of New York
No. 01HU4839236
Qualified in Suffolk County
Commission Expires Dec. 31, 2005