

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  NOV 2 5 2005

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION ) | MDL NO. 1657 |
| ) | SECTION: L(3) |
| CARL BURNS ) | CIVIL ACTION NO. 05-3575 |
| VERSUS ) | JUDGE ELDON E. FALLON |
| MERCK & CO., INC., ET AL., ) ) | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

### ANSWER OF DEFENDANT, METROHEALTH MEDICAL CENTER

Now comes separate defendant, MetroHealth Medical Center ("Metro"), and for its Answer to the Complaint of Plaintiff Carl Burns states as follows:

### PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Metro denies for want of knowledge any allegations made in the initial paragraph of Plaintiff's Complaint.

### A. THE PARTIES

1. Defendant Metro denies for want of knowledge or because they are not true, the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant Metro denies for want of knowledge the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant Metro admits that it operates a hospital in Cuyahoga County, Ohio pursuant to the provisions of the Revised Code. Defendant Metro denies for want of knowledge

or because they are not true, the allegation that it prescribed Vioxx to Plaintiff. Defendant Metro admits that it may be served with process at its place of business, 2500 MetroHealth Drive, Cleveland, Ohio.

## B. JURISDICTION AND VENUE

4. Defendant Metro admits that jurisdiction and venue as to it is proper in the Court of Common Pleas of Cuyahoga County, Ohio. Defendant Metro denies for want of knowledge all allegations contained in Paragraph 4 of Plaintiff's Complaint not specifically admitted to be true.

5. Defendant Metro denies for want of knowledge the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## C. INTRODUCTION

6. Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 6-10 of Plaintiff's Complaint.

7. Upon information and belief, Defendant Metro denies that it prescribed Vioxx to Plaintiff. Defendant Metro denies for want of knowledge all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint not specifically admitted to be true.

8. Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 12-13 of Plaintiff's Complaint.

## D. FACTS--VIOXX'S PRE-APPROVAL

9. Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 14-17 of Plaintiff's Complaint.

### E.  FACTS--VIOXX'S POST-APPROVAL

10.  Defendant Metro denies the allegations contained in Paragraphs 18-45 of Plaintiff's Complaint.

### F.  SUMMARY

11.  Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 46-51 of Plaintiff's Complaint.

### G.  FIRST CLAIM--NEGLIGENCE AND GROSS NEGLIGENCE

12.  Defendant Metro realleges and reavers all admissions and denials stated herein in answer to Paragraph 52 of Plaintiff's Complaint.

13.  Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 53-55 of Plaintiff's Complaint.

### H.  SECOND CLAIM--NEGLIGENCE-SALE OF PRODUCT

14.  Defendant Metro realleges and reavers all admissions and denials set forth in answer to Paragraphs 1-55 of Plaintiff's Complaint as if fully rewritten herein in answer to Paragraph 56 of Plaintiff's Complaint.

15.  Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 57-63 of Plaintiff's Complaint.

### I.  THIRD CLAIM--NEGLIGENT PRESCRIPTION OF A DRUG

16.  Defendant Metro realleges and reavers all admissions and denials set forth in answer to Paragraphs 1-63 of Plaintiff's Complaint as if fully rewritten herein in answer to Paragraph 64 of Plaintiff's Complaint.

17. Defendant Metro denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

18. Defendant Metro admits that physicians are required to exercise the standard of care for prescription of various medications to their patients. Defendant Metro denies for want of knowledge, because they are not true or otherwise, all allegations contained in Paragraph 66 of Plaintiff's Complaint not specifically admitted to be true.

19. Defendant Metro denies the allegations contained in Paragraphs 67-68 of Plaintiff's Complaint.

### J. FOURTH CLAIM--COMMON LAW FRAUD-FAILURE TO DISCLOSE

20. Defendant Metro realleges and reavers all admissions and denials set forth in answer to Paragraphs 1-68 of Plaintiff's Complaint as if fully rewritten herein in answer to Paragraph 69 of Plaintiff's Complaint.

21. Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 70-76 of Plaintiff's Complaint.

### K. FIFTH CLAIM--COMMON LAW STRICT LIABILITY

22. Defendant Metro realleges and reavers all admissions and denials set forth in answer to Paragraphs 1-76 of Plaintiff's Complaint as if fully rewritten herein in answer to Paragraph 77 of Plaintiff's Complaint. Defendant Metro denies for want of knowledge the remaining allegations contained in Paragraph 77 of Plaintiff's Complaint.

23. Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 78-80 of Plaintiff's Complaint.

### L.  SIXTH CLAIM--BREACH OF WARRANTIES (EXPRESS AND IMPLIED)

24. Defendant Metro realleges and reavers all admissions and denials set forth in answer to Paragraphs 1-80 of Plaintiff's Complaint as if fully rewritten herein in answer to Paragraph 81 of Plaintiff's Complaint.

25. Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 82-90 of plaintiff's Complaint.

### M.  SEVENTH CLAIM--ACTUAL DAMAGES

26. Defendant Metro denies for want of knowledge the allegations contained in Paragraph 91 of Plaintiff's Complaint.

### N.  EIGHTH CLAIM--PUNITIVE DAMAGES

27. Defendant Metro realleges and reavers all admissions and denials set forth in answer to Paragraphs 1-91 of Plaintiff's Complaint as if fully rewritten herein in answer to Paragraph 92 of Plaintiff's Complaint.

28. Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 93-96 of Plaintiff's Complaint.

### O.  TOLLING OF APPLICABLE STATUTES OF LIMITATION, IF ANY

29. Defendant Metro denies for want of knowledge the allegations contained in Paragraphs 97-100 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to file his claim within the applicable statute of limitations

3. Defendant Metro states that Plaintiff's damages are limited by various provisions of the Ohio Revised Code which limit damages in medical negligence/malpractice actions or otherwise.

4. Defendant Metro states that Plaintiff's claims are subject to the provisions of O.R.C. 2744.05 et seq.

5. Defendant Metro exercised the appropriate standard of care as it relates to Plaintiff Carl Burns.

6. Defendant Metro reserves the right to assert additional affirmative defenses as they may become available during discovery.

WHEREFORE, having fully answered the Complaint of Plaintiff Carl Burns, Defendant MetroHealth Medical Center prays that this Honorable Court dismiss the Complaint, with prejudice, at Plaintiff's costs and for such other and further relief as this Honorable Court may deem appropriate.

Respectfully submitted,

*Deirdre H Henry*
**DEIRDRE G. HENRY (0017483)**
DHenry@westonhurd.com
**Weston Hurd Fallon Paisley & Howley L.L.P.**
2500 Terminal Tower
50 Public Square
Cleveland, OH 44113-2241
Ph: 216.241.6602
Fax: 216.621.8369

Attorney for Defendant
MetroHealth Medical Center

## JURY DEMAND

Defendant, MetroHealth Medical Center, hereby demands a trial by jury consisting of the maximum number of jurors permitted by law as to each and every triable issue.

*Deirdre G. Henry*
DEIRDRE G. HENRY (0017483)
Attorney for Defendant
MetroHealth Medical Center

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant, MetroHealth Medical Center has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 22nd day of November, 2005.

*Deirdre G. Henry*
DEIRDRE G. HENRY (0017483)
Attorney for Defendant
MetroHealth Medical Center

IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF LOUISIANA

| | |
|---|---|
| IN RE:  VIOXX PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 1657 SECTION: L(3) |
| CARL BURNS | ) ) ) | CIVIL ACTION NO. 05-3575 |
| VERSUS | ) ) ) | JUDGE ELDON E. FALLON |
| MERCK & CO., INC., ET AL. | ) ) | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

## NOTICE OF APPEARANCE

The Court and counsel will take notice that the undersigned, Deirdre G. Henry, is appearing as counsel for Defendant MetroHealth Medical Center.

All future correspondence, pleadings and court notices are to be sent to Deirdre G. Henry, Weston, Hurd, Fallon, Paisley & Howley, L.L.P., 2500 Terminal Tower, 50 Public Square, Cleveland, Ohio 44113-2241.

Respectfully submitted,

*/s/ Deirdre G. Henry*

**DEIRDRE G. HENRY (0017486)**
DHenry@westonhurd.com
**Weston Hurd Fallon Paisley & Howley L.L.P.**
2500 Terminal Tower
50 Public Square
Cleveland, OH 44113-2241
Ph:  216.241.6602
Fax: 216.621.8369
*Attorney for Defendant*
*MetroHealth Medical Center*

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Notice of Appearance has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 22nd day of November, 2005.

*Deirdre G. Henry*
DEIRDRE G. HENRY (0017483)
Attorney for Defendant, MetroHealth Medical Center