**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -5 A 10: 35

LORETTA G. WHYTE
CLERK



| | |
|---|---|
| In re: VIOXX® | EDLA #1657 |
| | MDL Docket No. 1657 |
| **PRODUCTS LIABILITY LITIGATION** | **SECTION L** |
| This document relates to: BETTY L. BRENNER AND HIRAM E. w/h, LYNN E. BYNUM and RANDELL K., w/h, *v. Merck & Co. et al.* (E.D. Pa. No. 05-4967) | **JUDGE FALLON** |
| | **MAGISTRATE JUDGE KNOWLES** |

## ANSWER AND JURY DEMAND OF
## DEFENDANT LOUIS M. SHERWOOD, M.D.

Defendant Louis M. Sherwood, M.D. ("Dr. Sherwood"), by and through his undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") herein as follows:

### RESPONSE TO "PARTIES – PLAINTIFFS"

1.     Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint except admits that VIOXX® is Merck's trade name for rofecoxib.

2.     Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint except admits that VIOXX® is Merck's trade name for rofecoxib.

### RESPONSE TO "PARTIES DEFENDANTS"

3.     The allegations contained in paragraph 3 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

4.   The allegations contained in paragraph 4 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

5.   The allegations contained in paragraph 5 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

6.   The allegations contained in paragraph 6 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

7.   The allegations contained in paragraph 7 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

8.   The allegations contained in paragraph 8 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

9.   The allegations contained in paragraph 9 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

10.   The allegations contained in paragraph 10 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

11.   The allegations contained in paragraph 11 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

12.  Dr. Sherwood denies each and every allegation directed at him in paragraph 12 of the Complaint, except he admits that he was the former Senior Vice President, Medical and Scientific Affairs in the U.S. Human Health Division of Merck ("U.S. MEDSA").  Dr. Sherwood is a citizen of Florida and permanently resides at 7598 Playa Rienta Way, Delray Beach, Florida.

13.  Dr. Sherwood denies each and every allegation directed at him in paragraph 13 of the Complaint, except he admits that he was the former Senior Vice President of U.S. MEDSA, which is composed of the following five groups: Medical Services, Academic and Professional Affairs, Clinical Development, Outcomes Research & Management and Regional Medical Directors.

14.  Dr. Sherwood denies each and every allegation directed at him in paragraph 14 of the Complaint, except he admits that he was the former Senior Vice President of U.S. MEDSA, which is composed of the following five groups: Medical Services, Academic and Professional Affairs, Clinical Development, Outcomes Research & Management and Regional Medical Directors.

15.  Dr. Sherwood denies each and every allegation directed at him in paragraph 15 of the Complaint.

16.  Dr. Sherwood denies each and every allegation directed at him in paragraph 16 of the Complaint.

17.   Dr. Sherwood denies each and every allegation directed at him in paragraph 17 of the Complaint.

18.   Dr. Sherwood denies each and every allegation directed at him in paragraph 18 of the Complaint.

19.   Dr. Sherwood denies each and every allegation directed at him in paragraph 19 of the Complaint.

20.   Dr. Sherwood denies each and every allegation directed at him in paragraph 20 of the Complaint.

21.   The allegations contained in paragraph 21 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

22.   The allegations contained in paragraph 22 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

23.   The allegations contained in paragraph 23 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

24.   The allegations contained in paragraph 24 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

25.   The allegations contained in paragraph 25 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

26.   The allegations contained in paragraph 26 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

27.   The allegations contained in paragraph 27 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

28.   The allegations contained in paragraph 28 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

29.   The allegations contained in paragraph 29 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

30.   The allegations contained in paragraph 30 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

31.   The allegations contained in paragraph 31 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

32.   The allegations contained in paragraph 32 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

33.   The allegations contained in paragraph 33 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

34. The allegations contained in paragraph 34 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph except admits that he has been named a Defendant in this action.

### RESPONSE TO "JURISDICTIONAL STATEMENT"

35. The allegations contained in paragraph 35 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph.

### RESPONSE TO "BACKGROUND"

36. The allegations contained in paragraph 36 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 36 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Dr. Sherwood further admits that VIOXX® is Merck's trade name for rofecoxib.

- 6 -

37.   The allegations contained in paragraph 37 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in the first sentence of paragraph 37 of the Complaint except admits that VIOXX® is a selective COX-2 inhibitor.

38.   The allegations contained in paragraph 38 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 38 of the Complaint.

39.   The allegations contained in paragraph 39 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood admits the allegations contained in paragraph 39 of the Complaint that Merck submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

40.   The allegations contained in paragraph 40 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood admits the allegations contained in

paragraph 40 of the Complaint that Merck submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

41.  The allegations contained in paragraph 41 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 41 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its indicated uses.

42.  The allegations contained in paragraph 42 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 42 of the Complaint except admits that Merck scientists participated in the VIGOR study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text.

43.  The allegations contained in paragraph 43 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Sherwood admits that in paragraph 43 of the
Complaint Plaintiffs purports to quote the document referenced
in said paragraph and respectfully refers the Court to the
referenced document for its actual language and full text.

44.  The allegations contained in paragraph 44 of the
Complaint are not directed at Dr. Sherwood and therefore no
responsive pleading is required. Should a response be deemed
required, Dr. Sherwood denies each and every allegation
directed at him in paragraph 44 of the Complaint and avers
that in March 2000 Merck forwarded to the FDA the VIOXX®
Gastrointestinal Outcomes Research (VIGOR) study. Dr. Sherwood
respectfully refers the Court to the referenced study for its
actual language and full text.

45.  The allegations contained in paragraph 45 of the
Complaint are not directed at Dr. Sherwood and therefore no
responsive pleading is required. Should a response be deemed
required, Dr. Sherwood denies each and every allegation
directed at him in paragraph 45 of the Complaint except admits
that Merck received in September 2001 a letter from a
regulatory review officer of the FDA regarding VIOXX® and
respectfully refers the Court to the referenced letter for its
actual language and full text.

46.  The allegations contained in paragraph 46 of the
Complaint are not directed at Dr. Sherwood and therefore no
responsive pleading is required. Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 46 of the Complaint except admits that Merck received in September 2001 a letter from a regulatory review officer of the FDA regarding VIOXX® and respectfully refers the Court to the referenced letter for its actual language and full text.

47.   The allegations contained in paragraph 47 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 47 of the Complaint.

48.   The allegations contained in paragraph 48 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 48 of the Complaint.

49.   The allegations contained in paragraph 49 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 49 of the Complaint.

50.   The allegations contained in paragraph 50 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in paragraph 50 of the Complaint.

51.   The allegations contained in paragraph 51 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 51 of the Complaint except admits that Plaintiffs purport to quote from the Merck 2001 Annual Report and respectfully refers the Court to the referenced report for its actual language and full text.

52.   The allegations contained in paragraph 52 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 52 of the Complaint except admits that Plaintiffs purport to quote from an 8 K Securities and Exchange Commission filing and respectfully refers the Court to the referenced document for its actual language and full text.

53.   The allegations contained in paragraph 53 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 53 of the Complaint except admits the existence of the journal and the article contained therein

and respectfully refers the Court to the referenced document for its actual language and full text.

54.   The allegations contained in paragraph 54 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 54 of the Complaint except admits the existence of the referenced study and respectfully refers the Court to the referenced study for its actual language and full text.

55.   The allegations contained in paragraph 55 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 55 of the Complaint except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.

56.   Dr. Sherwood denies each and every allegation directed at him in paragraph 56 of the Complaint.

57.   Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint.

58.   The allegations contained in paragraph 58 of the Complaint are not directed at Dr. Sherwood and therefore no

responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 58 of the Complaint.

59.  The allegations contained in paragraph 59 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 59 of the Complaint.

### RESPONSE TO "COUNT I – NEGLIGENCE"

60.  With respect to the allegations contained in paragraph 60 of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

61.  Dr. Sherwood denies each and every allegation directed at him in paragraph 61 of the Complaint.

62.  Dr. Sherwood denies each and every allegation directed at him in paragraph 62 of the Complaint.

63.  Dr. Sherwood denies each and every allegation directed at him in paragraph 63 of the Complaint, including subparagraphs a-f.

64.  Dr. Sherwood denies each and every allegation directed at him in paragraph 64 of the Complaint.

65.   Dr. Sherwood denies each and every allegation directed at him in paragraph 65 of the Complaint.

66.   Dr. Sherwood denies each and every allegation directed at him in paragraph 66 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under paragraph 66, no responsive pleading is required. Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

67.   With respect to the allegations contained in paragraph 67 of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

68.   Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

69.  Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint.

70.  The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph.

71.  Dr. Sherwood denies each and every allegation directed at him in paragraph 71 of the Complaint.

72.  Dr. Sherwood denies each and every allegation directed at him in paragraph 72 of the Complaint.

73.  Dr. Sherwood denies each and every allegation directed at him in paragraph 73 of the Complaint.

74.  The allegations contained in paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

75.  Dr. Sherwood denies each and every allegation directed at him in paragraph 75 of the Complaint.

76.  Dr. Sherwood denies each and every allegation directed at him in paragraph 76 of the Complaint except admits

that Plaintiffs purport to claim certain damages but denies

there is any legal or factual basis for same.

77.   Dr. Sherwood denies each and every allegation

directed at him in paragraph 77 of the Complaint.

78.   Dr. Sherwood denies each and every allegation

directed at him in paragraph 78 of the Complaint except admits

that Plaintiffs purport to claim certain damages but denies

there is any legal or factual basis for same.

As for the "Wherefore" section under paragraph 78, no

responsive pleading is required. Should a response be

required, Dr. Sherwood denies each and every allegation

directed at him in this "Wherefore" section except admits that

Plaintiffs purport to claim certain damages but denies there

is any legal or factual basis for same.

### RESPONSE TO "COUNT III - BREACH OF EXPRESS WARRANTY"

79.   With respect to the allegations contained in

paragraph 79 of the Complaint, Dr. Sherwood repeats and re-

alleges each and every admission, denial, averment, and

statement contained in the preceding paragraphs of this Answer

with the same force and effect as though set forth here in

full.

80.   Dr. Sherwood denies each and every allegation

directed at him in paragraph 80 of the Complaint except admits

that Merck manufactured, marketed, and distributed the

prescription medicine VIOXX®.

81.  Dr. Sherwood denies each and every allegation directed at him in paragraph 81 of the Complaint.

82.  Dr. Sherwood denies each and every allegation directed at him in paragraph 82 of the Complaint.

83.  Dr. Sherwood denies each and every allegation directed at him in paragraph 83 of the Complaint.

84.  Dr. Sherwood denies each and every allegation directed at him in paragraph 84 of the Complaint.

85.  Dr. Sherwood denies each and every allegation directed at him in paragraph 85 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

86.  Dr. Sherwood denies each and every allegation directed at him in paragraph 86 of the Complaint.

87.  Dr. Sherwood denies each and every allegation directed at him in paragraph 87 of the Complaint.

88.  Dr. Sherwood denies each and every allegation directed at him in paragraph 88 of the Complaint.

89.  Dr. Sherwood denies each and every allegation directed at him in paragraph 89 of the Complaint.

90.  The allegations contained in paragraph 90 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 90 of the Complaint.

91.   The allegations contained in paragraph 91 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 91 of the Complaint.

92.   Dr. Sherwood denies each and every allegation directed at him in paragraph 92 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

93.   Dr. Sherwood denies each and every allegation directed at him in paragraph 93 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under paragraph 93, no responsive pleading is required. Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT IV - FRAUD AND MISREPRESENTATION"

94.   With respect to the allegations contained in paragraph 94 of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer

with the same force and effect as though set forth here in full.

95.  The allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

96.  The allegations contained in paragraph 96 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 96 of the Complaint.

97.  The allegations contained in paragraph 97 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 97 of the Complaint except admits that Dr. Sherwood marketed the prescription medicine VIOXX®.

98.  Dr. Sherwood denies each and every allegation directed at him in paragraph 98 of the Complaint.

99.  Dr. Sherwood denies each and every allegation directed at him in paragraph 99 of the Complaint.

100. Dr. Sherwood denies each and every allegation directed at him in paragraph 100 of the Complaint.

101. Dr. Sherwood denies each and every allegation directed at him in paragraph 101 of the Complaint.

102. Dr. Sherwood denies each and every allegation directed at him in paragraph 102 of the Complaint.

103. Dr. Sherwood denies each and every allegation directed at him in paragraph 103 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under paragraph 103, no responsive pleading is required. Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

**RESPONSE TO "COUNT V - VIOLATION OF CONSUMER PROTECTION LAWS"**

104. With respect to the allegations contained in paragraph 104 of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

105. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 and in the alternative denies each and every allegation contained in said paragraph.

106. The allegations contained in paragraph 106 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

107. Dr. Sherwood denies each and every allegation directed at him in paragraph 107 of the Complaint, including subparagraphs a-c.

108. The allegations contained in paragraph 108 of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 108 of the Complaint.

109. The allegations contained in paragraph 109 of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 109 of the Complaint.

110. The allegations contained in paragraph 110 of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 110 of the Complaint.

111. Dr. Sherwood denies each and every allegation directed at him in paragraph 111 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under paragraph 111, no responsive pleading is required. Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT VI - PUNITIVE DAMAGES"

112. With respect to the allegations contained in paragraph 112 of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

113. Dr. Sherwood denies each and every allegation directed at him in paragraph 113 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

114. Dr. Sherwood denies each and every allegation directed at him in paragraph 114 of the Complaint.

115. The allegations contained in paragraph 115 of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 115 of the Complaint.

116. Dr. Sherwood denies each and every allegation directed at him in paragraph 116 of the Complaint.

117. Dr. Sherwood denies each and every allegation directed at him in paragraph 117 of the Complaint.

118. Dr. Sherwood denies each and every allegation directed at him in paragraph 118 of the Complaint.

119. The allegations contained in paragraph 119 of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 119 of the Complaint.

As for the "Wherefore" section under paragraph 119, no responsive pleading is required. Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT VII - LOSS OF CONSORTIUM"

120. With respect to the allegations contained in paragraph 120 of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

121. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 121 of the Complaint.

122. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 122 of the Complaint.

123. Dr. Sherwood denies each and every allegation directed at him in paragraph 123 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies that there is any legal or factual basis for same.

124. Dr. Sherwood denies each and every allegation directed at him in paragraph 124 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies that there is any legal or factual basis for same.

125. The allegations contained in paragraph 125 of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 125 of the Complaint.

126. Dr. Sherwood denies each and every allegation directed at him in paragraph 126 of the Complaint.

127. The allegations contained in paragraph 127 of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required,

Dr. Sherwood denies each and every allegation directed at him in paragraph 127 of the Complaint.

128. Dr. Sherwood denies each and every allegation directed at him in paragraph 128 of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

129. The allegations contained in paragraph 129 of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in paragraph 129 of the Complaint.

As for the "Wherefore" section under paragraph 129, no responsive pleading is required. Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## AFFIRMATIVE DEFENSES

130. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

131. The Complaint fails to state a claim upon which relief can be granted.

132. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

133. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

134. To the extent that Plaintiffs assert claims based on Dr. Sherwood's and/or Dr. Sherwood's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

135. To the extent that Plaintiffs assert claims based upon an alleged failure by Dr. Sherwood and/or Dr. Sherwood to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Dr. Sherwood has discharged its duty to warn in its warnings to the prescribing physician.

136. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

137. Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

138. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Dr. Sherwood or other manufacturer.

139. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Dr. Sherwood and/or Dr. Sherwood and over whom Dr. Sherwood and/or Dr. Sherwood had no control and for whom Dr. Sherwood may not be held accountable.

140. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

141. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

142. To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

143. Plaintiffs' claims are barred, in whole or in part under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

144. Plaintiffs' claims are barred in whole or in part by the First Amendment.

145. Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

146. Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

147. Plaintiffs' claims are barred in whole or in part because Dr. Sherwood provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

148. Plaintiffs claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

149.  This  case  is  more  appropriately  brought  in  a different venue.

150.  To  the  extent  Plaintiffs  settled  or  will  in  the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Sherwood's liability, if any, should be reduced accordingly.

151.  To  the  extent  Plaintiffs  are  seeking  recovery  for benefits entitled to be received or actually received from any other  source  for  injuries  alleged  in  the  Complaint,  such benefits are not recoverable in this action.

152.  Plaintiffs  claims  are  barred  in  whole  or  in  part because  Plaintiffs  have  failed  to  mitigate  the  alleged damages.

153.  Plaintiffs'  claims  of  fraud  are  barred  by  reason  of Plaintiffs  failure  to  allege  the  circumstances  constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

154.  Plaintiffs  claims  are  barred  in  whole  or  in  part because VIOXX® "provides net benefits for a class of patients" within  the  meaning  of  comment  f  to  Section  6  of  the Restatement (Third) of Torts: Product Liability.

155.  To the extent that Plaintiffs seek punitive damages for  an  alleged  act  or  omission  of  Dr.  Sherwood  or  Dr. Sherwood,  no  act  or  omission  was  malicious,  willful,  wanton,

reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

156. Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

157. To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Dr. Sherwood's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Dr. Sherwood to determine all of his legal, contractual and equitable rights, Dr. Sherwood reserves the right to amend and supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Dr. Sherwood will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Dr. Sherwood respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Dr. Sherwood his reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Dr. Sherwood demands a trial by jury as to all issues so triable.

Dated:   November 10, 2005     Respectfully submitted,


_____
Vikrant K. Advani, Esq.
Mark A. Berman, Esq.
Evan S. Glanz, Esq./81179
**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE
A Professional Corporation**
One Riverfront Plaza
Newark, NJ 07102-5496
(973) 596-4500

**Attorneys for Defendant,
Louis M. Sherwood, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer & Jury Demand of Defendant Louis M. Sherwood, M.D., has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this _____ day of _December_, 2005.