

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -5 P 3: 17

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBRA IGNACIO, individually and | : | CIVIL ACTION NO. 05-2819 |
| as representative of the estate of | : | MDL-1657 |
| ALBERT LOU IGNACIO, | : | |
| Plaintiffs | : | JUDGE FALLON |
| | : | |
| v. | : | MAGISTRATE JUDGE KNOWLES |
| | : | |
| MERCK & CO., INC. and | : | |
| PFIZER INC., | : | |
| Defendants | : | |

## ANSWER AND DEFENSES OF DEFENDANT PFIZER INC.
## TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Pfizer Inc. ("Defendant" or "Pfizer") hereby answers Plaintiffs' Complaint in this action, and states as follows:

### I.  INTRODUCTION AND PARTIES

1.      Answering Paragraph 1, Pfizer states that Bextra® was voluntarily withdrawn from the United States market on April 7, 2005.  Pfizer has insufficient knowledge and information as to the allegations regarding when Plaintiff Albert Ignacio was prescribed and used Bextra®, and therefore denies the same.  Pfizer states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Pfizer denies the remaining allegations of Paragraph 1 directed toward it.  The remaining allegations in Paragraph 1 are not directed towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

insufficient information or knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

2.      Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies the same, except to admit that Plaintiff purports to bring this action in her capacity as the heir of Albert Ignacio, and that Plaintiff seeks economic, non-economic, special and punitive damages.  Pfizer denies that Plaintiff is entitled to the requested relief.

3.      Paragraph 3 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies the same.

4.      Paragraph 4 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.

5.      Pfizer denies the allegations of Paragraph 5 except to admit it is a Delaware corporation, authorized to do and doing business in the State of California, with its principal place of business in New York.  Pfizer admits that it may be served with process at the address listed in Paragraph 5.

6.      Answering Paragraph 6, Pfizer has insufficient information or knowledge to form a belief as to the truth of the meaning of "all times relevant herein."  Pfizer admits that it at times marketed and promoted Bextra® throughout the United States.  Except as stated herein, Pfizer denies the allegations of Paragraph 6.

## II. JURISDICTION

7.      Paragraph 7 states conclusions of law, to which no response is required.  To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 7.

## III. CONDITIONS PRECEDENT

8.      Paragraph 8 states conclusions of law, to which no response is required.  To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 8.

## IV. FACTUAL BACKGROUND

9.      Paragraph 9 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that VIOXX® is a prescription drug that is at times referred to as a COX-2 inhibitor.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies the same.

10.     Paragraph 10 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced studies and FDA correspondence speak for themselves and any attempt to characterize them is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies the same.

11.     Paragraph 11 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced studies and FDA correspondence speak for themselves and any attempt to characterize them is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

12.     Paragraph 12 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the same.

13.     Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies the same.

14.     Answering Paragraph 14, Pfizer has insufficient information or knowledge to form a belief as to the truth of the meaning of "all times relevant herein."  Pfizer admits that it at times marketed and promoted Bextra® throughout the United States.  Except as stated herein, Pfizer denies the allegations of Paragraph 14.

15.     Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the same.

16.     Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 regarding Plaintiff, Albert Ignacio's, state of mind, and therefore denies the same.  Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendant denies the allegations of Paragraph 16.

17.     Answering Paragraph 17, Pfizer has insufficient information or knowledge to form a belief as to the truth of the meaning of "the product in question."  Pfizer admits that it at times marketed and promoted Bextra® throughout the United States.  Except as stated herein, Pfizer denies the allegations of Paragraph 17.

18.     Answering Paragraph 18, as stated in the package insert approved by the FDA, Pfizer admits that Bextra® is a nonsteroidal anti-inflammatory drug ("NSAID") that exhibits

4

anti-inflammatory, analgesic, and antipyretic properties in animal models and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis, primarily through inhibition of cyclooxygenase-2 ("COX-2"). Pfizer further admits that Bextra® was approved by the Food and Drug Administration on November 16, 2001, and, as indicated in the package insert approved by the FDA, is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 18.

19.     Answering Paragraph 19, Pfizer states that the studies and articles referenced in this Paragraph speak for themselves and any attempt to characterize them is denied. Pfizer further states that Bextra® was voluntarily withdrawn from the United States market on April 7, 2005. Pfizer states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information. Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 19.

## V. ALLEGATIONS

20-25. Paragraphs 20 through 25 make no allegations towards Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraphs 20 through 25, and therefore denies the same.

26.     The allegations contained in Paragraph 26 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer denies that it materially breached its obligations to consumers and denies any wrongdoing. Pfizer denies the remaining allegations of Paragraph 26.

5

27.     Answering Paragraph 27, Pfizer denies that it made any express warranties about Bextra® and denies that it made any warranties which might be implied by law to Plaintiff, Plaintiff's decedent, or others regarding Bextra®.  Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendant denies the allegations of Paragraph 27.

28.     Answering Paragraph 28, it is unclear to which defendant Plaintiffs are referring. To the extent the allegations of Paragraph 28 are directed at Pfizer, Pfizer states that the potential effects of Bextra® were adequately described in its FDA approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.   Except as stated herein, Pfizer denies the allegations of Paragraph 28.

29.     Answering Paragraph 29, it is unclear to which defendant Plaintiffs are referring. To the extent the allegations of Paragraph 29 are directed at Pfizer, Pfizer states that the allegations contained in Paragraph 29 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies that it failed to meet any applicable standards of care.  Pfizer denies the remaining allegations of Paragraph 29.

## VI.  STRICT PRODUCTS LIABILITY

30.     Answering Paragraph 30, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

31-33. Paragraphs 31 through 33 make no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient

information or knowledge to form a belief as to the truth of the allegations in Paragraphs 31 through 33, and therefore denies the same.

34.     Answering Paragraph 34, Pfizer denies that Bextra® was defective and denies that it caused Plaintiff's decedent any injury.  Pfizer states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Pfizer denies the allegations of Paragraph 34.

35.     Answering Paragraph 35, Pfizer states that the potential effects of Bextra® were adequately described in its FDA approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.  Except as stated herein, Pfizer denies the allegations of Paragraph 35.

36.     Answering Paragraph 36, Pfizer denies that Bextra® was defective and denies that it caused Plaintiff's decedent any injury.  Pfizer states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Pfizer denies the allegations of Paragraph 36.

37.     Paragraph 37 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that Bextra® was defective and denies that it caused Plaintiff's decedent any injury.  Pfizer states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Pfizer denies the allegations of Paragraph 37.

38.     Answering Paragraph 38, Pfizer denies that it failed to provide adequate warnings to physicians about Bextra®.   Pfizer states that the FDA-approved physician prescribing information provided adequate warnings and precautions about the use of Bextra®.  Except as stated herein, Defendant denies the allegations of Paragraph 38.

39.     Answering Paragraph 39, Pfizer denies that Bextra® was defective and denies that it caused Plaintiff's decedent any injury.  Pfizer states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Pfizer denies the allegations of Paragraph 39.

40.     It is unclear to which defendant Plaintiffs are referring in Paragraph 40.  To the extent the allegations of Paragraph 40 are directed at Pfizer, Pfizer states that Paragraph 40 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that Bextra® was defective and denies that it caused Plaintiff's decedent any injury.  Pfizer denies that it failed to provide adequate warnings to physicians about Bextra®.  Pfizer states that the FDA-approved physician prescribing information provided adequate warnings and precautions about the use of Bextra®.  Pfizer denies the remaining allegations of Paragraph 40 and denies it is liable to the Plaintiffs for damages.

A.     DESIGN AND MARKETING DEFECT

41.     Answering Paragraph 41, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

42-45. Paragraphs 42 through 45 make no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraphs 42 through 45, and therefore denies the same.

B.     INADEQUATE AND IMPROPER WARNINGS

46.     Answering Paragraph 46, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

47-48. Paragraphs 47 and 48 make no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraphs 47 and 48, and therefore denies the same.

## VII. FRAUD

49.     Answering Paragraph 49, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

50.     Paragraph 50 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies the same.

51.     Answering Paragraph 51, Pfizer states that the FDA-approved physician prescribing information provided adequate warnings and precautions about the use of Bextra®. Pfizer states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Pfizer denies the allegations of Paragraph 51, and denies that it is liable to Plaintiffs for damages.

## VIII. NEGLIGENCE

52.     Answering Paragraph 52, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

53-55. Paragraphs 53 through 55 make no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraphs 53 through 55, and therefore denies the same.

56.     The allegations contained in Paragraph 56 of Plaintiff's Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies that it failed to meet any applicable standards of care.  Pfizer denies the remaining allegations of Paragraph 56.

57.     Pfizer denies each and every allegation contained in Paragraph 57 of Plaintiffs' Complaint.

58.     The allegations contained in Paragraph 58 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer admits that it had such duties as are imposed by applicable law.  Pfizer denies that it breached any duties or failed to meet any applicable standards of care.  Pfizer denies the remaining allegations of Paragraph 58.

## IX. NEGLIGENT MISREPRESENTATIONS

59.     Answering Paragraph 59, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

60.     Paragraph 60 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies the same.

61.     Paragraph 61, and its subparts (a) through (f), make no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies the same.

62.     Answering Paragraph 62, Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.  Except as stated herein, Pfizer denies the allegations of Paragraph 62.

63.     Paragraph 63, and its subparts (a) through (f), assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that it made negligent misrepresentations about Bextra®.  Pfizer further states that the potential effects of Bextra® were adequately described in its FDA approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.  Pfizer denies the remaining allegations of Paragraph 63.

## X. EXPRESSED WARRANTY FOR GOODS

64.     Answering Paragraph 64, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

65.     Paragraph 65 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies the same.

66.     Paragraph 66 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that it made any express warranties about Bextra®.  Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendant denies the allegations of Paragraph 66.

## XI.  IMPLIED WARRANTY

**A.    WARRANTY OF MERCHANTABILITY.**

67.    Answering Paragraph 67, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

68.    Paragraph 68 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies the same.

69.    Paragraph 69 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that it made any warranties which might be implied by law to Plaintiff, Plaintiff's decedent, or others regarding Bextra®.  Pfizer denies that Bextra® was defective and denies that Bextra® caused injury to Plaintiff's decedent.  Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendant denies the allegations of Paragraph 69.

**B.    WARRANTY OF FITNESS.**

70.    Answering Paragraph 70, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

71.    Paragraph 71 makes no allegations towards Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies the same.

72.     Paragraph 72 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that it made any warranties which might be implied by law to Plaintiff, Plaintiff's decedent, or others regarding Bextra®.  Pfizer denies that Bextra® was defective and denies that Bextra® caused injury to Plaintiff's decedent.  Defendant states that, at times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as stated herein, Defendant denies the allegations of Paragraph 72.

73.     There is no Paragraph 73 in Plaintiffs' Complaint.

## XII.  SURVIVAL ACTION

74.     Answering Paragraph 74, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

75.     Paragraph 75 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that Bextra® was defective and denies that Bextra® caused injury to Plaintiff's decedent.  Pfizer denies the remaining allegations in Paragraph 75, and denies that Plaintiffs are entitled to the requested relief.

76.     Paragraph 76 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that Bextra® was defective and denies that Bextra® caused injury to Plaintiff's decedent.  Pfizer denies the remaining allegations in Paragraph 76, and denies that Plaintiffs are entitled to the requested relief.

## XIII.  WRONGFUL DEATH

77.     Answering Paragraph 77, Pfizer hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

78.     Paragraph 78 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that Bextra® was defective and denies that Bextra® caused injury to Plaintiff's decedent.   Pfizer denies the remaining allegations in Paragraph 78, and denies that Plaintiffs are entitled to the requested relief.

79.     Paragraph 79 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies each and every allegation in Paragraph 79.

80.     Paragraph 80 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies each and every allegation in Paragraph 80, and denies that Plaintiffs are entitled to the requested relief.

## XIV. DAMAGES

81.     Paragraph 81 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer admits that Plaintiffs purport to seek monetary damages, but denies that Plaintiffs are entitled to the requested relief.   Pfizer denies the remaining allegations of Paragraph 81.

## XV. PUNITIVE DAMAGES

82.     Paragraph 82 asserts legal conclusions to which no response is required.  To the extent that the allegations of Paragraph 82 are not directed at Pfizer, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations therein, and therefore denies the same.  As to the allegations of Paragraph 82 directed toward Pfizer, and to the extent a response is deemed required, Pfizer admits that, at times, it marketed Bextra®.  Pfizer denies that it made any misrepresentations about Bextra®, and further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the

applicable state of the art.   Pfizer denies that Bextra® was defective and denies that Bextra®
caused injury to Plaintiff's decedent.   Pfizer denies that Plaintiffs are entitled to punitive
damages.  Pfizer denies the remaining allegations of Paragraph 82.

## XVI.  JURY DEMAND

83.     Paragraph 83 requests a jury demand and requires no response.  To the extent a
response is deemed required, Pfizer requests trial by jury on all issues so triable.

## XVII.  PRAYER

Pfizer denies the allegations in the unnumbered Prayer Paragraph, including its Subparts
(1) through (7), except to admit that Plaintiffs purport to seek monetary damages and punitive
damages, but denies that Plaintiffs are entitled to any of the requested relief.  Pfizer denies the
remaining allegations of the unnumbered Prayer Paragraph.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses
should be available to Defendant in this matter. Defendant therefore asserts the following
defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the
facts warrant, Defendant will withdraw any of these defenses as may be appropriate.

## FIRST DEFENSE

1.     The Complaint fails to state a claim against Defendant upon which relief can be
granted.

## SECOND DEFENSE

2.     Plaintiffs' claims are barred in whole or in part because they have been filed in an
improper venue.

## THIRD DEFENSE

3.      Plaintiffs' claims may be barred by the applicable statute of limitations and/or repose, or by the equitable doctrines of laches, waiver and estoppel.

## FOURTH DEFENSE

4.      Plaintiffs' injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Defendant had no control or right to control and whose actions are not, therefore, imputable to Defendant.

## FIFTH DEFENSE

5.      Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs, or persons or parties whose identities are unknown at this time, which comparative negligence or fault is sufficient to proportionately reduce Plaintiffs' recovery or to bar it.

## SIXTH DEFENSE

6.      Plaintiff's decedent's injuries, if any, were due to an allergic, idiosyncratic or idiopathic reaction to Bextra®, or by an unforeseeable illness, unavoidable accident, or pre-existing condition, without any negligence or culpable conduct by Defendant.

## SEVENTH DEFENSE

7.      Plaintiffs failed to exercise reasonable care and diligence to mitigate their injuries and damages, if any.

## EIGHTH DEFENSE

8.      Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement

(Second) of Torts § 402A, Comment k.

## NINTH DEFENSE

9.      Bextra® is safe when used as directed, was suitable for the purpose for which it was intended, was distributed with adequate and sufficient warnings and Defendant reasonably assumed that its warnings would be read and heeded; therefore, Bextra® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

## TENTH DEFENSE

10.     Bextra® falls under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration and Plaintiffs' claims have been preempted under the Supremacy Clause of the U.S. Constitution.

## ELEVENTH DEFENSE

11.     Bextra® and Defendant's actions conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

## TWELFTH DEFENSE

12.     Defendant avers that Bextra® possesses no characteristic which renders it unreasonably dangerous in a reasonably anticipated use by a person.

## THIRTEENTH DEFENSE

13.     Defendant satisfied its duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

## FOURTEENTH DEFENSE

14.    Defendant pleads the applicability and exclusivity of the Louisiana Products Liability Act, LA. REV. STAT. §§ 9:2800.51, *et seq.*, and specially avers that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## FIFTEENTH DEFENSE

15.    California's judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and an undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

## SIXTEENTH DEFENSE

16.    Plaintiffs' allegations of fraud, deceit, and fraudulent misrepresentations are not stated with the degree of particularity required by FED .R. CIV. P. 9(b) and should be dismissed.

## SEVENTEENTH DEFENSE

17.    Plaintiffs' claims for punitive damages, if any, are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore,* 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 123 S. Ct. 1513 (U.S. 2003), or the Louisiana Constitution, statutes and decisions of the Louisiana courts, including LA. CIV. CODE art. 3546.

## EIGHTEENTH DEFENSE

18.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages; if any; (5) permits jury consideration of net worth or other financial information relating to these Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent.

### NINETEENTH DEFENSE

19.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendant, no act or omission was oppressive, fraudulent, or malicious, under California Civil Code § 3294, and therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### TWENTIETH DEFENSE

20.     Plaintiffs' claims are barred by assumption of the risk.

### TWENTY-FIRST DEFENSE

21.     Plaintiffs' claims are barred in whole or in part because Bextra® "provides net benefits for a class of patients" within the meaning of the Restatement (Third) of Torts: Product Liability § 6, comment f.

### TWENTY-SECOND DEFENSE

22.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### TWENTY-THIRD DEFENSE

23.     Plaintiffs' claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### TWENTY-FOURTH DEFENSE

24.     If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than Defendant, and for whose conduct Defendant is not responsible, or with whom Defendant had no legal relation or legal duty to control.

### TWENTY-FIFTH DEFENSE

25.     If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Bextra® by persons other than Defendant or persons acting on its behalf.

### TWENTY-SIXTH DEFENSE

26.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

### TWENTY-SEVENTH DEFENSE

27.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### TWENTY-EIGHTH DEFENSE

28.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

### TWENTY-NINTH DEFENSE

29.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Bextra® complied with

the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### THIRTIETH DEFENSE

30.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Bextra® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### THIRTY-FIRST DEFENSE

31.     Plaintiffs' claims must be dismissed because Plaintiff's decedent would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### THIRTY-SECOND DEFENSE

32.     Plaintiffs' claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### THIRTY-THIRD DEFENSE

33.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### THIRTY-FOURTH DEFENSE

34.     The liability of Defendant, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### THIRTY-FIFTH DEFENSE

35.     Defendant states on information and belief that any injuries, losses or damages suffered by the Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant.  Therefore, Plaintiffs' recovery against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

### THIRTY-SIXTH DEFENSE

36.     Defendant is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs with any other defendant or other person or entity.

### THIRTY-SEVENTH DEFENSE

37.     Plaintiffs have failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Defendant in any possible future litigation.

### THIRTY-EIGHTH DEFENSE

38.     Plaintiffs' claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.,* the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

### THIRTY-NINTH DEFENSE

39.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### FORTIETH DEFENSE

40.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

### FORTY-FIRST DEFENSE

41.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.  Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### FORTY-SECOND DEFENSE

42.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### FORTY-THIRD DEFENSE

43.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FORTY-FOURTH DEFENSE

44.     Pfizer specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert any such defenses.

### JURY DEMAND

Defendant, Pfizer Inc., demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, Pfizer Inc., respectfully requests that this matter be dismissed with prejudice and that it be awarded its costs and any other relief to which it may be entitled.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2101
*Counsel for Defendant, Pfizer Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by sending a copy of same via U.S. Mail, properly addressed and postage prepaid on this _____ day of December, 2005.