

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re: VIOXX                    \*   MDL No. 1657
        PRODUCTS LIABILITY LITIGATION    \*
                             \*   SECTION L
                             \*
                             \*   JUDGE ELDON E. FALLON
                             \*
                             \*   MAGISTRATE JUDGE
                             \*   DANIEL E. KNOWLES, III
                             \*
                             \*
                             \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Joe M. Hamilton v. Merck & Co., Inc., also d/b/a Merck, Sharp and Dohme and d/b/a MSD Sharp & Dohme GmbH*, **Civ. A. No. 05-4334.**

## <u>ANSWER OF DEFENDANT MERCK & CO., INC.</u>

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Original Complaint ("Complaint") as follows:

## <u>RESPONSE TO COMPLAINT</u>

### RESPONSE TO<br>"A. THE PARTIES"

1.     Denies each and every allegation contained in the first sentence of paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 1 of the Complaint.



2.      Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Louisiana and may be served as allowed by applicable state and/or federal law.  Merck further avers that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx"), which is the trade name for rofecoxib, and respectfully refers the Court to the product literature, package inserts, and prescribing information for Vioxx for its mechanism of action and indicated uses.

**RESPONSE TO**
**"B. JURISDICTION AND VENUE"**

3.      The allegations in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.      The allegations in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Louisiana.

**RESPONSE TO**
**"C. INTRODUCTION"**

5.      Denies each and every allegation contained in paragraph 5 of the Complaint, except admits Plaintiff purports to seek economic and other relief but denies that

there is any legal or factual basis for such relief.  Merck further avers that Vioxx is the trade name for rofecoxib.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.     Denies each and every allegation contained in paragraph 7 of the Complaint.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Vioxx is part of a class of drugs known as known as Non-Steroidal Anti-Inflammatory Drugs (NSAIDs) and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation and whose mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

9.     Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck sought and, in 1999, received United States Food and Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx, which Merck marketed until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

10.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 10 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     The allegations of paragraph 12 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 12 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies there is any legal or factual basis for such relief.

**RESPONSE TO**
**"D.  FACTS - VIOXX'S PRE-APPROVAL"**

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation in paragraph 14 of the Complaint, except admits that Plaintiff purports to quote only a portion of the referenced memorandum and e-mail and avers that the quoted language is taken out of context.

15.     Denies each and every allegation in paragraph 15 of the Complaint, except admits that Plaintiff purports to quote only a portion of the referenced e-mail and avers that the quoted language is taken out of context.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

## RESPONSE TO
## "E.  FACTS - VIOXX'S POST-APPROVAL"

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.     Denies each and every allegation in paragraph 19 of the Complaint, except admits that Plaintiff purports to quote only a portion of the referenced e-mail and avers that the quoted language is taken out of context.

20.     Denies each and every allegation in paragraph 20 of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 22 of the Complaint and the article referenced in the second sentence of paragraph 22 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was

approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

25.   Denies each and every allegation in the first and second sentences of paragraph 25 of the Complaint, except admits that Plaintiff purports to quote only a portion of the referenced letter and avers that the quoted language is taken out of context.  Merck denies each and every allegation in third and fourth sentences of paragraph 25 of the Complaint, except admits that Merck received a letter from Dr. Fries regarding Vioxx and that Plaintiff purports to quote portions of that letter, but Merck avers that any quoted language is taken out of context.

26.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 26 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 26 of the Complaint.

27.   Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

28.   Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that in 2001 Vioxx achieved sales of $2.6 billion.

29.   Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck trains its professional representatives, and that Plaintiff purports to quote the referenced documents, but avers that said quotations are taken out of context.

37.   Denies each and every allegation contained in the first and second sentences of paragraph 37 of the Complaint, except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.   The allegations in the third and fourth sentences of paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in the third and fourth sentences of paragraph 37 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

38.   Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that the VALOR study was proposed as one of several options and that in a March 13, 2002 email the proposal was put on hold to explore other alternatives.

39.   Denies each and every allegation contained in paragraph 39 of the Complaint, except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.   Merck further admits that it commenced an action against Dr. Laporte and the Catalan Institute of Pharmacology, and respectfully refers the Court to the referenced decision for its actual language and full context.

40.   Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

41.   Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that there was a study presented by Dr. Graham at a medical

conference in August 2004, and respectfully refers the Court to the referenced study for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that on August 26, 2004, Merck issued a press release regarding the conclusions of a study presented by Dr. Graham at a medical conference and respectfully refers the Court to that press release for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to that referenced study for its actual language and full text.  Merck further avers that on September 30, 2004, Merck announced that, in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebos and that, given the availability of alternate therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interest of patients.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that, on September 30, 2004, Merck announced that, in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebos and that, given the availability of alternate therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interest of patients.

## RESPONSE TO
## "F. SUMMARY"

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 47 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in the first sentence of paragraph 50 of the Complaint. Merck denies each and every allegation contained in the second and third sentences of paragraph 50 of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief. The allegations contained in the fourth sentence of paragraph 50 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies

each and every allegation contained in the fourth sentence of paragraph 50 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies there is any legal or factual basis for such relief.

**RESPONSE TO "G.  COUNT 1 -
NEGLIGENCE"**

51.     With respect to the allegations contained in paragraph 51 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 50 of this Answer with the same force and effect as though set forth here in full.

52.     Denies each and every allegation contained in the first sentence of paragraph 52 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  The allegations contained in the second sentence of paragraph 52 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 52 of the Complaint.

53.     The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 53 of the Complaint, including its subparts a through p, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

54.     The allegations of paragraph 54 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

55.     The allegations of paragraph 55 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 55 of the Complaint, including its subparts a through f, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

## RESPONSE TO "H.  COUNT 2 - GROSS NEGLIGENCE"

59.     With respect to the allegations contained in paragraph 59 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 58 of this Answer with the same force and effect as though set forth here in full.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     The allegations of paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 61 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies there is any legal or factual basis for such relief.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, except admits Plaintiff purports to seek exemplary relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "I.  COUNT 3 - COMMON LAW FRAUD–FAILURE TO DISCLOSE"

63.     With respect to the allegations contained in paragraph 63 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 62 of this Answer with the same force and effect as though set forth here in full.

64.     The allegations contained in paragraph 64 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.     The allegations contained in paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 65 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

## RESPONSE TO "J.  COUNT 4 -
## COMMON LAW STRICT LIABILITY"

71.     With respect to the allegation contained in paragraph 71 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 70 of this Answer with the same force and effect as though set forth here in full.

72.     The allegations in the first and second sentences of paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 72 of the Complaint.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 72 of the Complaint.

73.     The allegations in the first sentence of paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 73 of the Complaint.  Merck denies each and every allegation contained in the second and third sentences of paragraph 73 of the Complaint.

74.     The allegations in paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint, except admits Plaintiff purports to seek exemplary relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "K.  COUNT 5 -
### BREACH OF WARRANTIES (EXPRESS AND IMPLIED)"

76.     With respect to the allegations contained in paragraph 76 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 75 of this Answer with the same force and effect as though set forth here in full.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

78.     The allegations in paragraph 78 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 78 of the Complaint, including its subparts a through f, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

79.     The allegations in paragraph 79 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 79 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

80.     The allegations in paragraph 80 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 80 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint, including its subparts a through c, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

**RESPONSE TO**
**"L.  ACTUAL DAMAGES"**

86.     Denies each and every allegation contained in paragraph 86 of the Complaint, except admits that Plaintiff purports to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"M.  PUNITIVE DAMAGES"**

87.     With respect to the allegations contained in paragraph 87 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 86 of this Answer with the same force and effect as though set forth here in full.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint, except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint, except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "N. FRAUDULENT CONCEALMENT AND TOLLING OF APPLICABLE STATUTES OF LIMITATION"

92.     The allegations in paragraph 92 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.     The allegations in paragraph 93 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.     The allegations in paragraph 94 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 94 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

95.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 95 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 95 of the Complaint.

## RESPONSE TO "O. PRAYER FOR RELIEF"

96.     The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer for Relief" constitute a prayer for relief as to which no response is

required.   Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts a through g, except admits that Plaintiff purports to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO
"P. JURY DEMAND"**

97.    The allegations contained in the unnumbered paragraph under the heading "Jury Demand" are legal conclusions as to which no response is required.

**AS FOR A FIRST
DEFENSE, MERCK ALLEGES:**

98.    The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND
DEFENSE, MERCK ALLEGES:**

99.    The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

**AS FOR A THIRD
DEFENSE, MERCK ALLEGES:**

100.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH
DEFENSE, MERCK ALLEGES:**

101.    To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

102.    The Plaintiff failed to exercise reasonable care to mitigate his alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

103.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

104.    To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

105.    The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

106.    The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

107.    The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

108.   The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

109.   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

110.   The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

111.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

112.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to

take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

113.   To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

114.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

115.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

116.   The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

**AS FOR A TWENTIETH**
**DEFENSE, MERCK ALLEGES:**

117.   To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A TWENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

118.   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

119.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

120.   To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

121.   To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

122.   The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

123.   To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

**AS FOR A TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

124.   The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

**AS FOR A TWENTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

125.   To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**AS FOR A TWENTY-NINTH
DEFENSE, MERCK ALLEGES:**

126.   Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

127.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

128.   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.   That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.   Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.   Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  December 2, 2005

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
  Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
  Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 2nd day of December, 2005.