**MINUTE ENTRY**
**FALLON, J.**
**NOVEMBER 29, 2005**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * |
| | *   MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * |
| | *   SECTION L |
| This document relates to: | * |
| | *   JUDGE FALLON |
| EVELYN IRVIN, | * |
| as Personal Representative of the | *   MAGISTRATE JUDGE KNOWLES |
| Estate of | * |
| RICHARD IRVIN, JR, | * |
| | * |
| Plaintiff, | * |
| vs. | * |
| | * |
| MERCK & CO., INC., | * |
| | * |
| Defendant. | * |
| | * |
| CIVIL ACTION 05-4046 | |
| * * * * * * * * * * * * * * * * * * | * |

A pretrial status conference in the above captioned matter was held on this date in the Houston Chambers of Judge Eldon E. Fallon. Phil Beck and Tarik Ismail participated on behalf of the Defendant. Andy Birchfield and Jere Beasley participated on behalf of the Plaintiff. Official court reporter, Toni Tusa, transcribed the conference. At the conference, the parties discussed challenges for cause, the proposed preliminary jury instructions, voir dire, opening statements, the use of a digital camera at trial, and the Plaintiff's motion to use the deposition of Dr. Eric Topol at trial.

JS10 (00:50)

Regarding challenges for cause, the Court struck Diane Ancel (Juror # 1), Delores Guidry (Juror #8), Maria Lozano-Gorena (Juror #13), Natalie Wood (Juror #21), Crystal Vann (Juror #26), Peggy Wissen (Juror #42), and Richard Garcia, Jr. (Juror #49) for cause. All of these prospective jurors either took Vioxx or had a family member who has taken Vioxx. Currently, there are several pending class actions. As such, these jurors are putative class members and, thus, are conflicted out of jury service this lawsuit.

In addition, the Court struck Ollye Burnett (Juror #3) and Alexandra Kouba (Juror #34) for cause. These prospective jurors were unable to arrive timely to jury service because of automobile problems.

Regarding proposed preliminary jury instructions, the Court had circulated a proposed preliminary jury instruction. These instructions were meant to help focus the jury in on the case specific issues of this trial. The Plaintiff agreed to the Court's proposed instructions. The Defendant, however, objected and submitted its own proposed instructions, which made some changes to the Court's version. The Plaintiff objected to the Defendant's version. Since the parties were unable to agree on the preliminary jury instructions, the Court decided not to give a preliminary jury instruction.

Regarding voir dire, the Court discussed logistical issues with the parties. Since the prospective jurors had already filled out an extensive questionnaire, the Court decided that it would briefly question the prospective jurors on general issues. Additionally, the Court decided that the parties would each be given an hour to question the prospective jurors with the Plaintiff going first.

Regarding opening statements, the Court determined that each party would have an hour for opening statements. Regarding the use of a digital camera at trial, the Court determined that the Defendant could use a digital camera to take pictures of exhibits. The Defendant must share these pictures with the Plaintiff.

Lastly, the Court granted the Plaintiff's motion to use the deposition of Dr. Eric Topol at trial. Dr. Topol is a member of the Cleveland Clinic, which is an internationally recognized cardiology center. He is Chairman of the Department of Cardiovascular Medicine at the Cleveland Clinic, Provost of the Cleveland Clinic Learner School of Medicine, and Chief Academic Officer of the Cleveland Clinic. He served as a cardiology consultant to the Defendant concerning Vioxx until such time as he and the Defendant had a disagreement of opinion. In addition, from 2001 to 2005, Dr. Topol and his colleagues at the Cleveland Clinic authored at least nine (9) peer-reviewed articles and editorials on COX-2 inhibitors and Vioxx.

On July 8, 2005, the Plaintiffs' Steering Committee ("PSC") served the Cleveland Clinic Foundation and Dr. Topol with a subpoena duces tecum and a notice of records deposition. Pursuant to the subpoena, the records were to be produced by August 5, 2005. On July 22, 2005, an attorney for the Cleveland Clinic Foundation asked for an extension. The PSC agreed to meet and discuss a modified production schedule.

On July 29, 2005, a member of the PSC met with an attorney for the Cleveland Clinic Foundation. At this meeting, a August 30, 2005 deadline was set for the production of documents. In addition, there was a discussion regarding a possible substantive deposition being held after the PSC reviewed the documents. On August 30, 2005, the Cleveland Clinic

Foundation provided the both the PSC and the Defendant with Dr. Topol's documents.

Soon thereafter, the PSC requested dates for the deposition of Dr. Topol. On September 2, 2005, counsel for the Cleveland Clinic Foundation offered October 4th and 14th as dates. On September 27, 2005, the PSC sought to arrange Dr. Topol's deposition, but learned that these dates were no longer available.

On October 5, 2005, counsel for the Cleveland Clinic Foundation informed the PSC that Dr. Topol would not be available for a deposition until December 2005 or January 2006. The PSC continued to work with the Cleveland Clinic Foundation to try and find a mutually acceptable deposition date. On October 21, 2005, counsel offered December 2, 2005, as a possible deposition date. On October 27, 2005, the Court ordered that the deposition of Dr. Topol take place in a manner that would allow its use in the *Irvin Plunkett* trial.

On October 28, 2005, after being forwarded the Court's order, counsel for the Cleveland Clinic Foundation agreed to a November 22, 2005 deposition date. On October 31, 2005, the following Monday, the Plaintiff designated all of Dr. Topol's deposition testimony to be used at trial. Earlier on October 24, 2004, the Plaintiff had listed Dr. Topol on her witness list.

On November 28, 2005, the Plaintiff filed a motion to use the deposition of Dr. Topol at trial since Dr. Topol resides more than 100 miles from the place of trial and refused to voluntarily attend trial. In opposition, the Defendant made several arguments against the use of Dr. Topol's deposition at trial. First, the Defendant argued that the Plaintiff had failed to designate Dr. Topol as an expert witness or provide an expert report at the time directed by the Court. In addition, the Defendant challenged certain specific portions of Dr. Topol's

4

deposition testimony.

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires that a party disclose the identity of any person who may be used to present expert testimony at trial. As an additional requirement, Rule 26(a)(2)(B) requires that a written expert report accompany this disclosure if the expert "is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." These disclosures must be made at the time and in the sequence directed by the Court. Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, if a party fails to meet these requirements, the party is precluded from using such an expert witness at trial unless such failure is harmless. In assessing whether such a failure is harmless, a court must consider: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Under Rule 32(a)(3) of the Federal Rules of Civil Procedure, depositions may be used at trial if the witness resides more than 100 miles from the place of trial.

First, as a threshold matter, the Court determined that Rule 26(a)(2)(B) is not applicable in this case. Dr. Topol has not been retained by the Plaintiff to testify as an expert and is not employed by the Plaintiff.

Second, Rule 26(a)(2)(A) is applicable because Dr. Topol will render expert testimony. In her motion, the Plaintiff conceded this fact. Accordingly, since the Plaintiff did not identify Dr. Topol until October 24, 2005, in her witness list, the Plaintiff has failed

to comply with Rule 26's explicit requirements. The Court, however, also noted that the Plaintiff seeks to use Dr. Topol as a fact witness. To the extent that Dr. Topol testifies as a fact witness, the Court determined that the requirements of Rule 26(a)(2)(A) are not applicable.

In her motion, the Plaintiff argued that her failure to timely identify Dr. Topol was harmless. Dr. Topol had been a cardiology consultant to Merck concerning its development of Vioxx. From 2001 to 2005, Dr. Topol and his colleagues at the Cleveland Clinic Foundation authored at least nine (9) peer-reviewed articles and editorials regarding Vioxx and its capability of causing cardiovascular injuries and death. In addition, the Plaintiff has been seeking discovery from Dr. Topol since July 8, 2005. This process has not been smooth because Dr. Topol has not voluntarily agreed to cooperate with this litigation. Despite this disagreement, the Plaintiff and Defendant both received numerous documents from Dr. Topol. Furthermore, after several tries, the Plaintiff was finally able to depose Dr. Topol on November 22, 2005. Lastly, in numerous letters and correspondence, Merck has been notified of Dr. Topol's potential involvement in this lawsuit. As a result of all this, the Plaintiff claims that the Defendant had been provided the name of Dr. Topol and had become aware of the nature and foundation of Dr. Topol's proposed testimony.

In *Primrose Operating Co. v. National American Insurance Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004), the Fifth Circuit found that the trial court did not abuse its discretion in allowing an expert witness to testify at trial despite the fact that no expert report had ever been provided. In *Primrose*, the plaintiff failed to provide the defendant an expert report for one of its designated expert witnesses. *Id.* at 563. The plaintiff, however, did inform the

defendant of the subject matter of the expert's testimony in a letter and provided the defendant with the documents upon which the expert relied in reaching his opinion. *Id.* Focused exclusively on the prejudice to the defendant, the court found that the failure to provide the expert report was harmless because the opposing party knew what the expert was going to say and knew how the expert reached his opinion. *Id.* at 564.

In the present case, like *Primrose*, the Defendant knew the identity of Dr. Topol, knew the subject matter of his testimony, and knew how he reached his opinion. The Defendant had been provided ample notice of Dr. Topol's identity through his consulting work for it and through the numerous pretrial discovery letters and documents referencing him and his potential to testify. Moreover, the Defendant had ample notice of the subject matter of Dr. Topol's testimony and how he reached his opinion. Once again, Dr. Topol worked for the Defendant and reached many of his opinions through his work with the Defendant. In addition, Dr. Topol and his associates at the Cleveland Clinic Foundation have published several articles reflecting his opinions. The Defendant certainly was aware of these articles and Dr. Topol's opinions therein.

Furthermore, the Defendant also knew that Dr. Topol was not cooperating. Rather then help expedite the discovery process, the Defendant sat back, watched Dr. Topol resist the Plaintff's discovery requests, and then attempted to strike Dr. Topol's testimony.

The Court finds that the Defendant will not be prejudiced by the introduction of Dr. Topol's deposition at trial. As such, the Court finds that the Plaintiff's failure to timely identify Dr. Topol as an expert witness is harmless. Therefore, the Plaintiff may introduce the deposition of Dr. Topol at trial.

The Court, however, determined that the Plaintiff could not offer the entirety of Dr. Topol's deposition into evidence. Instead, the Court ordered that the Plaintiff streamline Dr. Topol's deposition and provide the Court and the Defendant with the portions of the deposition that the Plaintiff seeks to introduce into evidence by this evening. Furthermore, the Court ordered that the Defendant would have until the next morning to file its objections to the streamlined portions of Dr. Topol's deposition.