MINUTE ENTRY
FALLON, J.
DECEMBER 1, 2005

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date by Judge Eldon E. Fallon in Houston, Texas. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendant's Steering Committee ("DSC") to discuss agenda items for the pretrial conference. At the monthly pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 9 of Plaintiffs' and Defendant's Liaison Counsel. This conference was transcribed by Toni Tusa, Certified Court Reporter. Counsel may contact Mrs. Tusa at (504) 589-7778 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

    I.    <u>LEXIS/NEXIS FILE & SERVE</u>

Plaintiffs' Liaison Counsel ("PLC") and Defendant's Liaison Counsel ("DLC") reported that Lexis/Nexis and the Eastern District of Louisiana Clerk's Office has worked diligently to

JS:10 01:10

1

clear the backlog of cases and are now current. As such, counsel in newly filed and/or transferred cases should not have any more problems assessing Lexis/Nexis File & Serve. If counsel are still having problems, they are instructed to notify Dorothy Wimberly at dwimberly@stonepigman.com. This notice should include the case name and Eastern District of Louisiana docket number.

II.     STATE COURT TRIAL SETTINGS

On November 3, 2005, the jury returned a verdict in the *Humeston* case in New Jersey Superior Court, Atlantic County. The *Zajicek* trial, which had been set for trial on March 20, 2006, in Texas District Court, Jackson County, has been removed from the trial calendar. The *Guerra* case is set for trial on April 17, 2006, in Texas District Court, Hidalgo County, Texas, and the *Kozic* trial is set for trial in Florida Circuit Court, Hillsborough County, on May 1, 2006. In addition, subject to briefing on whether the court should hold consolidated trials, the New Jersey Superior Court, Atlantic County has scheduled consolidated trials in the following cases: *Cona* and *McDarby* on February 27, 2006; *Hatch*, *McFarland*, and *LoPresti* on April 24, 2006; and *Doherty* and *Klug* on June 5, 2006. A trial of one or more plaintiffs is set for June 21, 2006, in the California Coordinated Proceeding, California Superior Court, Los Angeles County. Finally, the *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006.

Furthermore, the Plaintiffs' State Liaison Committee informed the Court that Judge Carol Higbee of the New Jersey Superior Court, Atlantic County, has asked for a daily transcript of the trial. Neither party objected. As such, the Court agreed to this request.

III.   SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The PSC and DSC are in the process of selecting the second case for federal court trial. The DSC sent the Court a letter on November 30, 2005, requesting a specific case for trial. The PSC shall submit a response to this letter to the Court within a week. In addition, the DSC shall respond to the PSC's inquiry as to the possibility of having the Louisiana Attorney General's lawsuit set for early federal court trial within a week.

V.   CLASS ACTIONS

On August 1, 2005, the PSC filed three Master Class Action Complaints. DSC filed Rule 12 Motions on the Medical Monitoring Complaint and the Purchase Claims Complaint, which were opposed by the PSC. Briefing on these motions will be complete on December 8, 2005.

In addition, there are three motions pending before the Court: Plaintiffs' Motion to Stay Class Briefing, Plaintiffs' Motion to Amend the Master Class Action Complaints for Medical Monitoring and Personal Injury by Adding Class Representatives for Some Previously Headless Classes, and the Defendant's Motion to Strike State Classes that Have No Named Plaintiffs. The Court heard argument on these motions on November 10, 2005. As a result of the hearing, the parties submitted and the Court entered an Amendment to Pretrial Order No. 16 on November 23, 2005.

Additionally, the PSC has filed a Motion for Suggestion of Remand in connection with Class Certification Briefing to which Merck has filed its response. The PSC will file its reply brief shortly.

V.   DISCOVERY DIRECTED TO MERCK

The PLC and DLC informed the Court that discovery is still ongoing. Furthermore, on

3

November 4, 2005, Merck produced to the Court and PSC a revised Privilege Log. Thereafter, pursuant to the Court's order, Merck produced to the Court for *in camera* inspction all documents identified on its privilege log. The PSC continues to challenge the privilege log, and Merck maintains that its revised privilege log is sufficient.

On November 22, 2005, the PSC served the DLC with a Second Set of Interrogatories and Requests for Production of Documents Directed to Defendant, Meck & Co., Inc.

VI.  DISCOVERY DIRECTED TO THE FDA

PLC and DLC reported that the FDA's preliminary production of documents is still ongoing. The PLC informed the Court that the PSC has a dispute with the FDA regarding a bill for copying costs. The PLC will try to resolve this issue with the FDA.

VII.  DISCOVERY DIRECTED TO THIRD PARTIES

The PSC continues to issue numerous third-party notices of depositions for the production of documents. If any issues arise, the PLC will inform the Court.

VIII.  DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL.

XII.  PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On September 14, 2005, the Court entered Pretrial Order No. 18B which governs the timing for production of Plaintiff Profile Forms ("PPFs"), Medical Authorizations, and Merck Profile Forms on a staggered basis. Due to the delay between final entry of conditional transfer orders and the actual docketing of some cases transferred to the Eastern District of Louisiana, counsel in the delayed cases were unable to access File & Serve to timely serve the PPFs, Authorizations, and Medical Records. As such, DLC agreed that counsel without access to File

4

& Serve could temporarily serve the PPFs, Authorizations, and Medical Records by sending copies to the DLC and Will Coronato. The parties disagree as to whether this agreement has any effect on the date by which Merck is to serve a responsive Merck Profile Form. The DLC asked that today serve as the initial date of service and that Merck has ninety (90) days from today to serve the responsive Merck Profile Forms.

X.      STATE/FEDERAL COORDINATION—STATE LIAISON COMMITTEE

The PSC and State Liaison Committee have had several communications. On November 18, 2005, the PSC recommended additional members for appointment to the State Liaison Committee. The Court is still considering the appointment of additional members to the State Liaison Committee.

In addition, Dawn Barrios provided the Court with an updated list of rulings on remand motions.

XI.     *PRO SE* CLAIMANTS

PLC informed the Court that he has continued to be contacted by *pro se* claimants and has advised them of attorneys in their respective states and other pertinent information regarding the MDL.

XII.    MOTION FOR CLARIFICATION OF PRETRIAL ORDER NO. 19

On November 16, 2005, Motley Rice, LLC filed a Motion for Clarification of Pretrial Order No. 19. PLC asked the Court to defer hearing this motion until a later date. The Court agreed to the PLC's request.

XVIII.  NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on Tuesday, January 3, 2006, at 10:00

a.m. This conference will be held in New Orleans, Louisiana.

