FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA



2005 DEC -5  P 4: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>　　　Products Liability Litigation<br><br>This Document Relates to:<br><br>　　　STATE OF LOUISIANA, ex rel.<br>　　　CHARLES C. FOTI, JR.,<br>　　　ATTORNEY GENERAL<br>　　　　　　Representative Plaintiff<br><br>　　　versus<br><br>　　　MERCK & CO., INC.,<br>　　　　　　Defendant<br><br>　　　CASE NO. 05-3700<br><br>and<br><br>　　　LOUISIANA HEALTH SERVICE<br>　　　INDEMNITY COMPANY d/b/a<br>　　　BLUECROSS/BLUESHIELD OF<br>　　　LOUISIANA on behalf of<br>　　　itself and others similarly situated<br>　　　　　　Representative Plaintiff<br><br>　　　versus<br><br>　　　MERCK & CO., INC.<br>　　　　　　Defendant<br><br>　　　CASE NO. 05-0713 | MDL NO. 1657<br><br>SECTION: L<br><br>HON. ELDON E. FALLON<br><br>MAG. JUDGE KNOWLES |

1

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

## MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO REMAND, OR, IN THE ALTERNATIVE, MOTION TO CONSOLIDATE THE TWO ABOVE-REFERENCED CASES FOR TRIAL

**NOW INTO COURT,** through undersigned counsel,[1] come Plaintiffs in the two above-referenced cases, the Louisiana Attorney General, et al. (hereinafter the "State Plaintiffs") and Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La. (hereinafter "BCBSLA"), and suggest to this Court that the instant motion be granted in accordance with applicable law and the Court's own directions to begin trying cases that were originally filed in the Eastern District of Louisiana.

1.

The State Plaintiffs originally filed their suit in Orleans Parish Civil District Court on July 6, 2005. Merck removed the case on August 5, 2005. The State Plaintiffs filed a Motion to Remand on October 11, 2005.[2] Defendant filed an Opposition to Petitioners' Motion to Remand on November 1, 2005. Although a notice of hearing was filed with the Motion to Remand, no date has been set for the hearing.

---

[1]   Undersigned counsel respectfully represents that he is designated as Lead Counsel for all Plaintiffs in both of the two above-referenced cases.

[2]   Although the motion to remand was submitted more than 30 days from the date on which Defendant removed the action, the motion to remand was timely. The remand deadline was extended by Order of the Eastern District of Louisiana's Chief Judge Berrigan due to the Hurricane Katrina disaster--which disaster directly prevented undersigned counsel from filing the motion to remand sooner.

2.

The State of Louisiana, whose health system is currently more crippled than before Hurricanes Katrina and Rita, and which spent substantial sums for the treatment of Medicaid recipients who took Vioxx, has a critical interest in getting its claims resolved because the State needs to be reimbursed these funds expended with respect to Vioxx.

3.

The only way this claim can be resolved is through a trial on the merits.

4.

Consequently, the State Plaintiffs request expedited consideration of their Motion to Remand.

5.

In the alternative, if the court is not inclined to rule on the State Plaintiffs Motion to Remand at this time, the State Plaintiffs would move the Court to consolidate their suit with a similar case pending in the MDL, namely the matter entitled *Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La., et al v. Merck & Co., Inc.*, MDL No. 1657, Section "L," United States District Court, Eastern District of Louisiana, for purposes of a consolidated trial on the merits.

6.

Louisiana Health Service Indemnity Co. d/b/a BlueCross/BlueShield of Louisiana (hereinafter "BCBSLA") filed a putative class action on March 4, 2005, requesting reimbursement of Vioxx prescription costs it incurred for its insureds as well as medical costs it incurred to treat its insureds' health problems due to Vioxx use.

3

7.

The BCBSLA case was originally filed in the United States District Court for the Eastern District of Louisiana in the MDL.

8.

The cases both contain common questions of law and fact and arise out of the same cause and conduct that is the subject of the Vioxx litigation.

9.

Consequently, consolidation of the two suits for one common trial will promote the just and efficient resolution of these claims.

10.

Lastly, the two suits are not part of the Consolidated and Amending Purchasing Claim Complaint that was filed by the Plaintiffs' Steering Committee ("PSC").

Respectfully submitted, this **5** day of December, 2005,

DUGAN & BROWNE, a P.L.C.

JAMES R. DUGAN, II, T.A. (Bar No. 24785)
DAVID L. BROWNE (Bar No. 20729)
DOUGLAS R. PLYMALE (Bar No. 28409)
650 Poydras Street - Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181

*Special Assistant Attorneys General for the State of Louisiana and Counsel for Petitioners, the Louisiana Attorney General, et al. and Counsel for Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La.*

**CHARLES C. FOTI, JR.**
**Attorney General**

STEPHEN F. BABIN
Assistant Attorney General
Bar Roll No. 2634
LOUISIANA DEPARTMENT
 OF JUSTICE
Litigation Division - New Orleans
601 Poydras Street - Suite 1725
New Orleans, Louisiana 70130
Telephone: (504) 599-1200
Fax: (504) 599-1212

4

**LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS**

FRANCISCO H. PEREZ
General Counsel
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

CHARLES A. O'BRIAN (Bar No. 10143)
BlueCross BlueShield of Louisiana
5525 Reitz Avenue
P.O. Box 98029
Baton Rouge, Louisiana 80809
Telephone:    (225) 295-2454
Facsimile:    (225) 297-2760

*Counsel for Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La.*

TAYLOR TOWNSEND (Bar No. 20021)
Kelly Townsend & Thomas
137 St. Denis Street
P.O. Box 756
Natchitoches, Louisiana. 71457
Telephone:  (318) 352-2353
Facsimile:   (318) 352-8918

*Counsel for Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Expedited

Consideration of Motion to Remand, Or, in the Alternative, Motion to Consolidate

The Two Above-Referenced Cases for Trial has this day been served on all counsel of record by

hand, by facsimile, or by depositing same into the United States Mail, postage pre-paid, and

properly addressed, this 5TH day of December, 2005.

F:\Users\DBrowne\DUGAN & BROWNE\Vioxx AG\pleadings\pleading.004a. consolidation.12.5.05.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX                                    )        MDL NO. 1657
       Products Liability Litigation            )
                                                )        SECTION: L
This Document Relates to:                        )
                                                )        HON. ELDON E. FALLON
       STATE OF LOUISIANA, ex rel.              )
       CHARLES C. FOTI, JR.,                    )        MAG. JUDGE KNOWLES
       ATTORNEY GENERAL                         )
           Representative Plaintiff        )
                                                )
       versus                                   )
                                                )
       MERCK & CO., INC.,                       )
           Defendant                      )
                                                )
       CASE NO. 05-3700                         )
and                                              )
                                                )
       LOUISIANA HEALTH SERVICE                 )
       INDEMNITY COMPANY d/b/a                  )
       BLUECROSS/BLUESHIELD OF                  )
       LOUISIANA on behalf of                   )
       itself and others similarly situated     )
           Representative Plaintiff        )
                                                )
       versus                                   )
                                                )
       MERCK & CO., INC.                        )
           Defendant                      )
                                                )
       CASE NO. 05-0713                         )
_____)

1

## MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO REMAND, OR, IN THE ALTERNATIVE, MOTION TO CONSOLIDATE THE TWO ABOVE-REFERENCED CASES  FOR TRIAL

NOW INTO COURT, through undersigned counsel,[1] come Plaintiffs, the Louisiana Attorney General, et al. (hereinafter the "State Plaintiffs") and Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La. (hereinafter "BCBSLA"), who respectfully offer the following memorandum in support of their motion for expedited consideration of the State Plaintiffs' motion to remand, or in the alternative, their motion to consolidate the two above-referenced matters for a single trial on the merits.

### BACKGROUND

In the two above-referenced lawsuits, the State Plaintiffs and BCBSLA seek to recover damages against the Defendant arising out of its misrepresentations, negligence, unfair methods of competition, and/or unfair and deceptive acts or practices in the design, manufacturing, and/or marketing of its blockbuster drug, Vioxx.[2]

Vioxx is in a new class of non-steroidal anti-inflammatory drugs ("NSAIDs"), called COX-2 inhibitors, which selectively block only COX-2 enzymes but do not block COX-1 enzymes, and thereby purport to reduce inflammation and its symptoms with purportedly less gastrointestinal side effects.  Compared to other NSAIDs, Vioxx has caused a high incidence of

---

[1]      Undersigned counsel respectfully represents that he is designated as Lead Counsel for all Plaintiffs in both of the two above-referenced cases.

[2]      In their lawsuit, the State Plaintiffs also seek injunctive relief and damages pursuant to the Louisiana Unfair Trade Practices and Consumer Protection Law, which is more commonly referred to as the Louisiana Unfair Trade Practices Act or "LUTPA."  La. Rev. Stat. Ann. § 51:1401, et seq.

cardiovascular injury among those individuals who ingested it, including, but not limited to heart attacks, strokes, sudden cardiac death, and death.

On September 30, 2004, Merck voluntarily withdrew Vioxx from the market after the data safety monitoring board overseeing a long-term study of the drug recommended that the study be halted because of an increased risk of serious cardiac events, including heart attack and strokes. The risk was approximately twice that of individuals taking a placebo.

Plaintiffs have asserted numerous Louisiana state law causes of action against Defendants.  Their Petition and Complaint set forth detailed allegations of the Defendant's misconduct and the causes of action arising out of that misconduct.  In short, the Defendant misrepresented Vioxx's efficacy and the true level of its adverse side-effects.  Plaintiffs relied upon those misrepresentations to their detriment, by paying for their insureds'/Louisiana Medicaid recipients' Vioxx prescriptions.  Plaintiffs were further damaged to the extent that they paid medical expenses for those insureds/Louisiana Medicaid recipients who were injured by Vioxx.

Plaintiffs want their money back for the Vioxx for which they paid, and they also want to be reimbursed the amounts of the medical expenses they incurred for Vioxx-related injuries.

## ARGUMENT

I.      **Expedited Consideration of The State Plaintiffs' Motion to Remand is Warranted.**

The State Plaintiffs respectfully ask that the Court set their Motion to Remand, which has been pending since October 11, 2005, for hearing as soon as possible.  That motion has been briefed by all parties and is ready for the Court's consideration.

The State Plaintiffs do not wish to waive their motion to remand.  However, should the Court deny that motion, or defer ruling on it, the State Plaintiffs would urge the Court to consolidate their action with the similar lawsuit filed by BCBSLA.[3]  The State of Louisiana, whose health system is currently more crippled than before Hurricanes Katrina and Rita, and which spent substantial sums for the treatment of Medicaid recipients who took Vioxx, has a critical interest in getting its claims resolved.  The State needs its money back.  The only way this claim can be resolved is through a trial on the merits.

Both the State Plaintiffs and BCBSLA submit that the best, most efficient, and expeditious means to resolve the claims is to have the suits consolidated for a single trial on the merits.

**II.     Consolidation of the Louisiana State Plaintiffs' Suit with the BCBSLA Suit for a Single Trial Within the MDL Is Warranted and Consistent with the Court's Desired Trial Plan.**

Courts enjoy broad discretion on whether or not to consolidate where there are common questions of law and fact and where consolidation would save time and money. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir.1989).  As Wright and Miller note: "[I]t is for the court to weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." 9 Wright Miller, Federal Practice and Procedure, §§ 2383 at 439 (2nd Ed.1995).

As set forth previously, the State Plaintiffs' claims and BCBSLA's claims are strikingly similar.  Both suits involve Third Party Payor reimbursement claims, premised upon Louisiana

---

[3]     That matter is entitled *Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La., et al v. Merck & Co., Inc.*, MDL No. 1657, Section "L," United States District Court for the Eastern District of Louisiana.

4

law, and arising out of the same misconduct by Merck with respect to Vioxx.   Merck misrepresented Vioxx's efficacy and the true level of its adverse side-effects.   Plaintiffs relied upon those misrepresentations to their detriment, by paying for their insureds'/Louisiana Medicaid recipients' Vioxx prescriptions.  Plaintiffs were further damaged to the extent that they paid medical expenses for those insureds/Louisiana Medicaid recipients who were injured by Vioxx.  Plaintiffs want their money back for the Vioxx for which they paid, and they also want to be reimbursed the amounts of the medical expenses they incurred for Vioxx-related injuries.

Plaintiffs submit that consolidating and trying their cases together will save all parties, as well as the Court, time and money.  As such, the suits should be consolidated.

As further support for consolidation, Plaintiffs point out that other courts have allowed private third party payor and public third party payor reimbursement claims to proceed together. In *State [of Minnesota] by Humphrey v. Philip Morris Inc.*, 1995 WL 1937124 (Minn. Dist. Ct. 5/19/1995),[4] the Minnesota Attorney General and Blue Cross and Blue Shield of Minnesota filed a single suit against Philip Morris and various other tobacco companies, seeking reimbursement of the increased medical expenses being incurred by the Minnesota Medicaid Program and by Minnesota Blue Cross to treat smoking-related illnesses.

In addition, in its November 23, 2005 Minute Entry, the Court expressed its desire to "go forward with trials in the cases filed in the Eastern District of Louisiana."[5]  The Court has already advised the Defendant to get back with the Plaintiffs on a trial date for the State Case

---

[4]     A copy of *State [of Minnesota] by Humphrey v. Philip Morris Inc.*, 1995 WL 1937124 (Minn. Dist. Ct. 5/19/1995) is attached hereto as Exhibit "A."

[5]     A copy of the Court's November 23, 2005 Minute Entry is attached hereto as Exhibit "B."

(Exhibit "C").  Consequently, the consolidation of these cases and setting them for trial within the MDL is consistent with the Court's desired trial plan and will assist in the overall resolution of the MDL cases.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court rule on and grant the State Plaintiffs' Motion to Remand without further delay.  To the extent that the Court denies that motion, or defer ruling on it, Plaintiffs respectfully ask that the State Plaintiffs action be consolidated with the action brought by BCBSLA for a single trial on the merits.

Respectfully submitted, this **5** day of December, 2005,

**DUGAN & BROWNE, a P.L.C**

JAMES R. DUGAN, II, T.A. (Bar No. 24785)
DAVID L. BROWNE (Bar No. 20729)
DOUGLAS R. PLYMALE (Bar No. 28409)
650 Poydras Street - Suite 2150
New Orleans, Louisiana  70130
Telephone:  (504) 648-0180
Facsimile: (504) 648-0181

*Special Assistant Attorneys General for the State of Louisiana and Counsel for Petitioners, the Louisiana Attorney General, et al., and Counsel for Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La.*

**CHARLES C. FOTI, JR.**
**Attorney General**

STEPHEN F. BABIN
Assistant Attorney General
Bar Roll No. 2634
LOUISIANA DEPARTMENT
 OF JUSTICE
Litigation Division - New Orleans
601 Poydras Street - Suite 1725
New Orleans, Louisiana 70130
Telephone: (504) 599-1200
Fax: (504) 599-1212

**LOUISIANA DEPARTMENT OF**
**HEALTH AND HOSPITALS**
**CHARLES C. FOTI, JR.**
**Attorney General**

FRANCISCO H. PEREZ
General Counsel
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

CHARLES A. O'BRIAN (Bar No. 10143)
BlueCross BlueShield of Louisiana
5525 Reitz Avenue
P.O. Box 98029
Baton Rouge, Louisiana 80809
Telephone:    (225) 295-2454
Facsimile:    (225) 297-2760

TAYLOR TOWNSEND (Bar No. 20021)
Kelly Townsend & Thomas
137 St. Denis Street
P.O. Box 756
Natchitoches, Louisiana. 71457
Telephone:  (318) 352-2353
Facsimile:  (318) 352-8918

*Counsel for Louisiana Health Service*
*Indemnity Co., d/b/a BlueCross/BlueShield*
*of La.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of
Motion for Expedited Consideration of Motion to Remand, Or, in the Alternative, Motion to
Consolidate The Two Above-Referenced Cases for Trial has this day been served on all counsel
of record by hand, by facsimile, or by depositing same into the United States Mail, postage pre-
paid, and properly addressed, this 5th day of December, 2005.

F:\Users\DBrowne\DUGAN & BROWNE\Vioxx AG\pleadings\pleading.004a. consolidation.12.5.05.wpd

Westlaw.

Not Reported in N.W.2d                                                                                    Page 1
Not Reported in N.W.2d, 1995 WL 1937124 (Minn.Dist.Ct.)
(Cite as: 1995 WL 1937124 (Minn.Dist.Ct.))

▷
Only the Westlaw citation is currently available.


District Court of Minnesota.
The STATE of Minnesota By Hubert H. Humphrey,
III, Its **Attorney General**, and
Blue Cross and Blue Shield of Minnesota, Plaintiffs,
v.
PHILIP MORRIS INCORPORATED, R.J. Reynolds
**Tobacco** Company, Brown and Williamson
**Tobacco** Corporation, B.A.T. Industries, P.L.C.,
Lorillard **Tobacco** Company, The
American **Tobacco** Company, Liggett Group, **Inc.**,
The Council For **Tobacco**
Research--U.S.A., **Inc.**, and The **Tobacco** Institute,
Defendants.
**No. C1-94-8565.**

May 19, 1995.

ORDER

FITZPATRICK, Chief J.

*1 The above matter came on for hearing before the
Honorable Kenneth J. Fitzpatrick on March 10, 1995.
Plaintiffs, State of Minnesota and Blue Cross and Blue
Shield of Minnesota, brought their Motion for
Judgment on the Pleadings. Defendants Philip Morris
Incorporated, R.J. Reynolds Tobacco Company, Brown
& Williamson Tobacco Corporation, Lorillard Tobacco
Company, the American Tobacco Company, Liggett
Group Inc., The Council for Tobacco
Research--U.S.A., Inc., and Tobacco Institute, brought
their Motion to Dismiss Plaintiff Blue Cross and Blue
Shield of Minnesota for Lack of Standing and to
Dismiss Counts One, Two and Three of the Complaint
for Failure to State a Claim upon which relief may be
granted. Michael V. Ciresi, Roberta B. Walburn, and
Susan Richard Nelson presented arguments on behalf of
Plaintiffs and Allen M. Katz, James Simonson, and
Maureen Mahoney presented arguments on behalf of
Defendants.

Based on the file, arguments, and representations of
counsel

IT IS HEREBY ORDERED:
1. Plaintiffs' Motion for Judgment on the Pleadings is
DENIED.

2. Defendants' Motion to Dismiss Plaintiff Blue Cross
and Blue Shield of Minnesota for Lack of Standing is
DENIED.

3. Defendants' Motion to Dismiss Counts Two and
Three of the Complaint for Failure to State a Claim is
DENIED.

4. Defendants' Motion to Dismiss Count One of the
Complaint for Failure to State a Claim is DENIED.

5. The Memorandum attached hereto is incorporated
herein.

MEMORANDUM
I. *Plaintiffs' Motion for Judgment on the Pleadings.*

Plaintiffs seek judgment on the pleadings, dismissing
those of Defendants'   [FN1] affirmative defenses
predicated upon Defendants' assertion that this is a
subrogation matter. Plaintiffs state that they have
intentionally pled their complaint based on the
independent and direct harm allegedly suffered by them
due to Defendants' acts and, thus, any defenses related
to conduct of third party smokers are irrelevant and
legally insufficient. Defendants argue that their
affirmative subrogation defenses are relevant because
the Plaintiffs were not themselves directly harmed, and
even if the Plaintiffs could prove a direct cause of
action, acts of third party smokers are relevant to issues
of negligence and the extent of Defendants' liability.

> FN1. Defendant B.A.T. Industries, P.L.C., has
> filed a motion to dismiss for lack of personal
> jurisdiction, which motion has been stayed
> pending further discovery. See this court's
> order dated January 3, 1995. Said Defendant
> has not yet answered. Accordingly, this

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.


EXHIBIT
A

Not Reported in N.W.2d                                                    Page 2
Not Reported in N.W.2d, 1995 WL 1937124 (Minn.Dist.Ct.)
**(Cite as: 1995 WL 1937124 (Minn.Dist.Ct.))**

memorandum addresses the answers of the eight defendants who have answered the complaint.

For purposes of clarity and judicial economy, it is proper to narrow the pleadings to relevant matters. Irrelevant pleadings may be stricken or dismissed. Minn. R. Civ. P. 12. A pleading is relevant if it is related to the controversy between the parties and if it presents an issue for trial. If a defense does not raise material issues of fact and the matter may be determined as a matter of law, a judgment on the pleadings is appropriate.

While Plaintiffs correctly argue that they have the right, within the bounds of the law and good sense, to plead their complaint as they determine is most appropriate, Defendants also have the right to present their answers as they determine are most appropriate. While the Defendants' affirmative defenses related to subrogation may on their face not directly respond to Plaintiffs' allegations of independent and direct harm, such defenses cannot be determined at this time to be irrelevant. Further discovery is required. If discovery reveals, for example, that Plaintiffs have no direct cause of action, the case could be converted to one involving issues of subrogation. In such a situation, the Defendants' affirmative defenses would not be irrelevant and would, presumably, have to be reinstated, necessitating additional discovery and causing further delay and additional expense. Plaintiffs' motion is premature and, therefore, is denied.

*2 Plaintiffs assert they "are not seeking in this motion a ruling establishing their direct causes of action." Plaintiffs' Memorandum, pg. 3. Defendants agree that "the court need not (and Defendants submit should not) decide the merits of Plaintiffs' independent claim now." Defendants' Memorandum, pg. 10. Nor does this court rule with respect to that issue. The denial of Plaintiffs' motion at this time, however, shall not be construed to sanction conversion of this case into one of subrogation. The court is not unmindful of the Plaintiffs' urgings to promote judicial efficiency and avoid unmanageable litigation. This court will aggressively assert necessary control over discovery to avoid expenditure of excessive time and expense. [FN2]

To paraphrase a paraphrase, it is not the intent of this court to allow either party to win by spending all of the court's money.

> FN2. This court will not permit, for example, depositions of thousands of smokers throughout the state. Subject to further argument, the court's position is that it proposes depositions be restricted to a limited number of individual smokers (absent agreement of counsel, that limit shall be court imposed) selected by some means of computerized random selection.

Because the Plaintiffs' Motion for Judgment on the Pleadings is premature, it is denied. The court invites the parties to revisit this issue after discovery.

II. *Defendants' Motion to Dismiss Blue Cross and Blue Shield of Minnesota for Lack of Standing.*

Defendants seek to dismiss Plaintiff Blue Cross and Blue Shield of Minnesota ("BCBSM") for lack of standing, arguing that BCBSM has suffered no pecuniary harm because BCBSM has "passed through" its expenditures for health care costs to its subscriber groups in the form of increased premiums. Plaintiff BCBSM responds that not only has it been required to charge higher premiums to its subscriber groups for medical expenses, costs which it acknowledges were passed on to such groups, BCBSM also sustained injury in its own right pursuant to its statutory mandate to advance public health and to promote more economical health care services.

A party lacks standing to maintain suit if its injury is speculative or abstract. Under Minnesota law, "injury in fact" is the test. *Snyder's Drug Stores, Inc. v. Minnesota St. Bd. of Pharmacy,* 301 Minn. 28, 221 N.W.2d 162 (1974). If a party has only an abstract or tenuous connection to the matter at issue, it lacks standing.

From a practical standpoint, BCBSM is the natural plaintiff best able to pursue the claim. It properly represents the many individual group subscribers in seeking recovery under applicable antitrust law and,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.W.2d
Not Reported in N.W.2d, 1995 WL 1937124 (Minn.Dist.Ct.)
(Cite as: 1995 WL 1937124 (Minn.Dist.Ct.))

pursuant to such law, if **BCBSM** prevails, any recovery would inure directly to the group subscribers **BCBSM** represents via pass through of the recovery. As a purchaser of health services, **BCBSM** has direct and first-hand knowledge of the matter at issue. Its knowledge and direct experiences over the past decades in purchasing health care services from numerous providers, including those services related to smoking-engendered diseases, serves to streamline the action as hundreds of group subscriber plaintiffs could not. As such, **BCBSM** is an appropriate party to this lawsuit. The relief it seeks will not provide a "windfall" to **BCBSM,** but instead will benefit the group subscribers, and ultimately the public, as statutorily mandated. The group subscribers would directly benefit by lower premiums made available by passing through any recovery obtained by **BCBSM.**

*3 It is undisputed that **BCBSM's** member groups purchased prepaid health services from **BCBSM.** Another undisputed fact is that **BCBSM** provided these health services via agreements it made directly with health care providers. As such, **BCBSM** is clearly a link in the chain of interacting parties. The costs for the health services related to smoking were allegedly increased due to Defendants' representations with respect to its product. Whether or not **BCBSM,** as a non-profit organization, fully recouped *all* its costs is a fact question, not a matter of law which can be determined at this stage of the proceedings. Accordingly, whether **BCBSM** passed through all or only a portion of the costs it bore due to Defendants' alleged actions is irrelevant. **BCBSM** is hardly "too remote" to complain of the harm allegedly caused by the Defendants.

Also, the nature of **BCBSM's** position is such that any alleged conspiracy among the **tobacco** companies may have had direct negative impact upon it. For example, **BCBSM** may be able to demonstrate that its costs for health care services related to smoking-related diseases substantially increased and resulted in loss of its market share of the health care market.

Finally, **BCBSM** is seeking relief independent from any that could be sought by smokers, not relief for smokers' pain and suffering. Defendants' analogies to

workers' compensation law to argue that subrogation is **BCBSM's** exclusive remedy are inappropriate. While subrogation may be appropriate for certain matters, the law of workers' compensation in Minnesota is statutorily defined and limited and, thus, cannot be cited as precedent in the matters at issue.

**BCBSM** does not lack standing; Defendants' motion to dismiss **BCBSM** for lack of standing is denied.

III. *Defendants' Motion to Dismiss Counts Two and Three of the Complaint for Failure to State a Claim.*

Defendants argue that Plaintiffs have not alleged the threshold requirement that the injuries allegedly sustained are "antitrust injuries." Defendants argue that increased health care costs do not flow from competitive harm in the tobacco product marketplace and are, therefore, personal injury rather than antitrust matters. Because Plaintiffs are not competitors in the tobacco industry, Defendants argue that antitrust claims must be dismissed. Plaintiffs respond that, based on Minnesota law, they have met the threshold requirements to plead antitrust claims; the statute encompasses those harmed directly and indirectly and does not preclude recovery for personal as well as economic injuries. Plaintiffs argue that their claim of conspiracy by the six major tobacco companies and the research groups to suppress research relating to tobacco products, a fact-intensive claim, brings this action squarely into the realm of antitrust law because the harm suffered by Plaintiffs is "inextricably intertwined" with that suffered by smokers, forging an unbroken causal chain.

While the Defendants have raised valid concerns, the law of this jurisdiction cannot be ignored. Minnesota is one of the few states which has promulgated legislation more expansive than the federal antitrust measures. The Minnesota legislature has clearly and unambiguously stated the law in this jurisdiction:

*4 Any person, any governmental body, or the state of Minnesota or any of its subdivisions or agencies, injured directly or indirectly by a violation of sections 325D.49 to 325D.66, shall recover three times the actual damages sustained, together with costs and disbursements, including reasonable

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.W.2d
Not Reported in N.W.2d, 1995 WL 1937124 (Minn.Dist.Ct.)
(Cite as: 1995 WL 1937124 (Minn.Dist.Ct.))

Page 4

attorneys' fees. In any subsequent action arising from the same conduct, the court may take any steps necessary to avoid duplicative recovery against a defendant.
Minn.Stat. sec. 325D.57.

Although federal precedent is relevant in determining application of antitrust remedies, the Minnesota statute has broadened the scope of those who may seek recovery. Comments made by the legislature during the course of enactment of this statute are illustrative of the thought, concerns, and efforts put into creation of the law. The fact remains, however, that the statute as finally enacted is very broad; it does not reflect adoption of limitations on those who may recover. The Minnesota legislature clearly did not accept the restrictions under federal antitrust law. Had the legislature meant to limit antitrust remedies to those injured directly, it could have easily done so.

The language of the statue is clear and unambiguous. It expressly allows those injured indirectly to present their claims under the statute. Because there is no specific language in the statute that can be declared ambiguous, legislative history need not be examined to clarify ambiguities. The statute expressly allows those indirectly injured to proceed. Plaintiffs and each of them complain of injuries due to the alleged conspiracy of the Defendants and their industry. The Plaintiffs are not outside the chain of injured parties. Accordingly, counts two and three of the complaint shall not be dismissed.

IV. *Defendants' Motion to Dismiss Count One of the Complaint for Failure to State a Claim.*

Defendants claim that count one is pled as a specific tort, the "Good Samaritan Rule" of Restatement (Second) of Torts sec. 324A, and accordingly it must be dismissed because Plaintiffs have alleged only economic, not physical, injury. Defendants argue further that count one of Plaintiffs' complaint should be dismissed because it fails to allege that Defendants' conduct made an existing regulated product, cigarettes, any more dangerous or that Defendants in any way induced Plaintiffs to forego precautions they would otherwise have taken; again, factors enumerated in

section 324A. Plaintiffs argue that Restatement of Torts sec. 324A is not the sole basis for their claim. They state that they have pled all of the elements of a tort action under Minnesota law and argue that physical harm is not required for recovery under a tort action.

The primary issue boils down to one of duty. Did the Defendants owe a duty to Plaintiffs? If not, there can be breach of that duty and thus no liability. A legal duty may be based on general tort law (i.e., defendants legally owe a duty of care directly to particular plaintiffs) or may be what is called a "special" or "assumed" duty (i.e., a duty, though not generally legally owed to these Plaintiffs, which is undertaken or assumed by Defendants). Defendants argue that they neither owed nor assumed any legal duty with respect to these Plaintiffs.

*5 Restatement (Second) of Torts sec. 324A or the factors enumerated in *Cracraft* need be considered where a legal duty does not generally exist. Both sides examine the four factors enumerated in *Cracraft.* As the *Cracraft* court notes, these factors are "similar" to those of Restatement (Second) of Torts section 324A. *Cracraft v. City of St. Louis Park,* 279 N.W.2d 801, 807 (Minn.1979). The court did not hold that section 324A was controlling, nor do we accept that premise here. *Cracraft* remains good law and this court approves its finding that "special duty" is "nothing more than convenient terminology ... once a duty to act for the protection of others is voluntarily assumed, due care must be exercised." 279 N.W.2d at 807 n.9, 11. *See, e.g.,* Restatement (Second) of Torts section 323.

Had this claim been made solely on the basis of **BCBSM's** alleged reliance on representations made by Defendants, this court could seriously consider, under the Good Samaritan Rule, Restatement (Second) of Torts sec. 324A, that **BCBSM** may be in a different position than the State of Minnesota. The claim, however, is not thus based. Defendants admit they agreed to research the area of **tobacco-**related diseases and report findings. Whether Plaintiffs are in a position to demonstrate that the Defendants by their allegedly conspiratorial efforts suppressed information and stifled the development of a "safer cigarette" remains to be seen. Defendants do not argue that once they undertook

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.W.2d                                                                                   Page 5
Not Reported in N.W.2d, 1995 WL 1937124 (Minn.Dist.Ct.)
**(Cite as: 1995 WL 1937124 (Minn.Dist.Ct.))**

to act, by publicly announcing their research and development efforts for the "paramount" importance of the public's health and safety, they could abandon their duty of reasonable care. Nor do Defendants explain how any legal duty they owed to the general public is distinguishable from any owed to Plaintiffs.

The distinction between a special duty, or one voluntarily undertaken, and a general legal duty is important where negligence is alleged. In the instant case Plaintiffs claim Defendants willfully and knowingly suppressed information and conspired to prevent development and marketing of a "safer" cigarette. Because the claims are not based on negligence, the distinction between a special duty and general legal duty is a distinction without a difference. Accordingly, ignoring the issue of physical harm to the public, the fact that economic rather than physical harm has allegedly been suffered by these Plaintiffs is not dispositive.

The public policy rationale behind tort law is one of allocation of losses arising out of human activities. W. Prosser, *Handbook of the Law of Torts* 6, (4th ed.1971). When one has suffered a legal wrong, even if novel or unprecedented, a legal remedy shall be found. Plaintiffs have pled their case in a manner appropriate to such law. Whether the elements they have pled will be proven remains to be seen; however, at this point in the proceedings, the court will not place form before the substance of the matters at issue. The elements of a tort claim under the laws of the state of Minnesota have been pled. Defendants' Motion to Dismiss Count One for Failure to State a Claim is denied.

Not Reported in N.W.2d, 1995 WL 1937124 (Minn.Dist.Ct.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**MINUTE ENTRY**
**FALLON, J.**
**November 23, 2005**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L (3) |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO ALL CASES**

A telephone status conference was held on this date in the Chambers of Judge Eldon E.

Fallon. Russ Herman, Chris Seeger, and Lee Balefsky participated on behalf of the Plaintiffs'

Steering Committee ("PSC"). Phil Wittmann, Doug Marvin, and John Beisner participated on

behalf of the Defendant's Steering Committee ("DSC"). At the conference, the PSC and DSC

discussed the selection of cases for early federal court trial.

Prior to this meeting, the PSC had offered the *Irvin Plunkett* case as the first case to be

tried in the MDL. The DSC agreed, and this case is set for trial on November 29, 2005, in

Houston, Texas. Recently, the PSC and DSC had agreed to try the *Abrams* case second. The

PSC, however, agreed that it would try the *Abrams* case if the trial would be held in Philadelphia,

Pennsylvania due to certain logistical issues. The Court contacted and obtained permission from

all the necessary chief judges to try the *Abrams* case in Philadelphia.

At this conference, the PSC informed the Court that it would be unable and unwilling to

JS10(00:20)

-1-



EXHIBIT
B

try the *Abrams* case due to unspecified reasons, which were recently learned. The Court

expressed its disappointment and frustration with this information. In addition, the Court

determined that it would go forward with trials in the cases filed in the Eastern District of

Louisiana. Unless the parties can agree, the DSC shall pick a case from those initially filed in the

Eastern District of Louisiana to be tried as the second MDL trial. This case should be ready for

trial and instructive. This trial will commence on February 13, 2006.

-2-



**MINUTE ENTRY**
**FALLON, J.**
**November 7, 2005**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX | :    MDL NO. 1657 |
|        PRODUCTS LIABILITY LITIGATION | : |
| | :    SECTION: L (3) |
| | : |
| | :    JUDGE FALLON |
| | :    MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO ALL CASES**

       A telephone status conference was held on this date in the Chambers of Judge Eldon E.

Fallon. Russ Herman, Richard Arsenault, Elizabeth Cabraser, Mark Robinson, Tom Kline,

Anthony Irpino, Dave Buchanan, Frank Woodson, and Lee Balefsky participated on behalf of the

Plaintiffs' Steering Committee. Phil Wittman, Doug Marvin, and John Beisner participated on

behalf of the Defendant's Steering Committee ("DSC"). Counsel discussed the following issues:

the status of the privilege log, the Merck Fact Sheet for the *Irvin/Plunkett* case, the possible

management and coordination of Canadian cases in the MDL, the possibility of trying the

Louisiana AG case in the MDL, the Patent Memorandum, the deposition of Mr. Skolnick, and

the deposition of Mr. Ebarb.

       Regrading the privilege log, IT IS ORDERED that the DSC shall produce under seal all

the documents designated as privileged to the Court within ten (10) days. At that time, the Court

will begin its review of the privileged documents.

JS10(00:35)

**EXHIBIT**
C



**MINUTE ENTRY**
**FALLON, J.**
**November 7, 2005**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION: L (3)<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO ALL CASES**

    A telephone status conference was held on this date in the Chambers of Judge Eldon E. Fallon. Russ Herman, Richard Arsenault, Elizabeth Cabraser, Mark Robinson, Tom Kline, Anthony Irpino, Dave Buchanan, Frank Woodson, and Lee Balefsky participated on behalf of the Plaintiffs' Steering Committee. Phil Wittman, Doug Marvin, and John Beisner participated on behalf of the Defendant's Steering Committee ("DSC"). Counsel discussed the following issues: the status of the privilege log, the Merck Fact Sheet for the *Irvin/Plunkett* case, the possible management and coordination of Canadian cases in the MDL, the possibility of trying the Louisiana AG case in the MDL, the Patent Memorandum, the deposition of Mr. Skolnick, and the deposition of Mr. Ebarb.

    Regrading the privilege log, IT IS ORDERED that the DSC shall produce under seal all the documents designated as privileged to the Court within ten (10) days. At that time, the Court will begin its review of the privileged documents.

JS10(00:35)

-1-