FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF L.

2005 DEC -5 PM 5: 01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | *  MDL No. 1657 |
| | * |
| | *  SECTION L |
| | * |
| | *  JUDGE ELDON E. FALLON |
| | * |
| | *  MAGISTRATE JUDGE |
| | *  DANIEL E. KNOWLES, III |
| | * |
| | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**  *The Estate of David Strader, by and through its personal representative, Connie Strader, a single person v. Merck & Co., Inc.,* **Case No. 05-4260.**

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), incorrectly identified in the Plaintiff's Original Complaint ("Complaint") as Merck & Company, Inc., by and through its undersigned counsel, answers the Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO "JURISDICTION"

1.      The allegations contained in the first unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No._____

unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2.    The allegations contained in the second unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.    The allegations contained in the third unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the third unnumbered paragraph of the Complaint, except admits that Judge Fallon has jurisdiction over the case and that Judge Fallon issued Pretrial Order No. 11 on May 18, 2005. Merck respectfully refers the Court to that Order for its full language and actual effect.

**RESPONSE TO
"PARTIES"**

4.    Denies each and every allegation contained in the fourth unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.    Denies each and every allegation contained in the fifth unnumbered paragraph of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by applicable state and/or federal law. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "FACTUAL ALLEGATIONS"

6.     Denies each and every allegation contained in the sixth unnumbered paragraph of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.  Merck further admits that that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

7.     Denies each and every allegation in the seventh unnumbered paragraph of the Complaint, except admits that Merck sought and, in May 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

8.     Denies each and every allegation contained in the eighth unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

9.     Denies each and every allegation contained in the ninth unnumbered paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved

prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

10.     Denies each and every allegation contained in the tenth unnumbered paragraph of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

11.     Denies each and every allegation contained in the eleventh unnumbered paragraph of the Complaint, as it is incomprehensible and not directed towards Merck, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

12.     Denies each and every allegation contained in the twelfth unnumbered paragraph of the Complaint.

13.     Denies each and every allegation contained in the thirteenth unnumbered paragraph of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

14.     Denies each and every allegation contained in the fourteenth unnumbered paragraph of the Complaint, except admits that the studies referenced in the first sentence of the fourteenth unnumbered paragraph of the Complaint and the article referenced in the second sentence of the fourteenth unnumbered paragraph of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it

4

is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

15. Denies each and every allegation contained in the fifteenth unnumbered paragraph of the Complaint, except admits that Vioxx worldwide sales figures exceeded $2 billion in 2000.

16. Denies each and every allegation contained in the sixteenth unnumbered paragraph of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

17. Denies each and every allegation contained in the seventeenth unnumbered paragraph of the Complaint, except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

18. Denies each and every allegation contained in the eighteenth unnumbered paragraph of the Complaint, except admits the existence of the journals, the articles contained therein, and respectfully refers the Court to the referenced documents for their actual language and full text.

19. Denies each and every allegation contained in the nineteenth unnumbered paragraph of the Complaint, except admits that the article referenced in the second sentence of the nineteenth unnumbered paragraph exists and respectfully refers the Court to the referenced publication for its actual language and full text.

20. Denies each and every allegation contained in the twentieth unnumbered paragraph of the Complaint, except admits that Merck received a letter from a regulatory review

5

officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

21.     Denies each and every allegation contained in the twenty-first unnumbered paragraph of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

22.     Denies each and every allegation contained in the twenty-second unnumbered paragraph of the Complaint.

23.     Denies each and every allegation contained in the twenty-third unnumbered paragraph of the Complaint.

24.     Denies each and every allegation contained in the twenty-fourth unnumbered paragraph of the Complaint.

25.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the twenty-fifth unnumbered paragraph of the Complaint, and denies each and every allegation directed towards Merck in the twenty-fifth unnumbered paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO
### "COUNT I - NEGLIGENCE"

26.     With respect to the allegations contained in the twenty-sixth unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 25 of this Answer with the same force and effect as though set forth here in full.

6

27.     Denies each and every allegation contained in the twenty-seventh unnumbered paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Washington.

28.     The allegations contained in the twenty-eighth unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

29.     Denies each and every allegation contained in the twenty-ninth unnumbered paragraph of the Complaint, including its subparts a through i, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

30.     Denies each and every allegation contained in the thirtieth unnumbered paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

31.     Denies each and every allegation contained in the first sentence of the thirty-first unnumbered paragraph of the Complaint. The allegations contained in the second, third, and fourth sentences of the thirty-first unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second, third, and fourth

7

sentences of the thirty-first unnumbered paragraph of the Complaint.  Merck further denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

**RESPONSE TO**
**"COUNT II - STRICT LIABILITY"**

32.     With respect to the allegations contained in the thirty-second unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect set forth here in full.

33.     Denies each and every allegation contained in the first sentence of the thirty-third unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the second sentence of the thirty-third unnumbered paragraph of the Complaint.

34.     Merck denies each and every allegation contained in the thirty-fourth unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

35.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first and second sentences of the thirty-fifth unnumbered paragraph of the Complaint, and denies each and every allegation

8

directed towards Merck in the first and second sentences of the thirty-fifth unnumbered paragraph of the Complaint. Merck denies each and every allegation contained in the third sentence of the thirty-fifth unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

36.     Denies each and every allegation contained in the first sentence of the thirty-sixth unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck denies each and every allegation contained in the second sentence of the thirty-sixth unnumbered paragraph of the Complaint, and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

37.     The allegations contained in the thirty-seventh unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the thirty-seventh unnumbered paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

38.     Denies each and every allegation contained in the thirty-eighth unnumbered paragraph of the Complaint.

39.     Denies each and every allegation contained in the thirty-ninth unnumbered paragraph of the Complaint, except admits that Plaintiff purports seek relief by invoking "the Doctrine of Strict Liability" but denies that there is any legal or factual basis for such relief.

40.     Denies each and every allegation contained in the fortieth unnumbered paragraph of the Complaint.

41.     Denies each and every allegation contained in the forty-first unnumbered paragraph of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

42.     The allegations contained in the forty-second unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the forty-second unnumbered paragraph of the Complaint.  Merck further denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

43.     Denies each and every allegation contained in the forty-third unnumbered paragraph of the Complaint.

44.     The allegations contained in the forty-fourth unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the forty-fourth unnumbered paragraph of the Complaint.

**RESPONSE TO**
**"COUNT III - NEGLIGENT FAILURE TO WARN"**

45.     With respect to the allegations contained in the forty-fifth unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment,

and statement contained in paragraphs 1 through 44 of this Answer with the same force and effect set forth here in full.

46. Denies each and every allegation contained in the forty-sixth unnumbered paragraph of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

47. Denies each and every allegation contained in the forty-seventh unnumbered paragraph of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

48. Denies each and every allegation contained in the forty-eighth unnumbered paragraph of the Complaint.

## RESPONSE TO
## "COUNT IV - NEGLIGENCE PER SE"

49. With respect to the allegations contained in the forty-ninth unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect set forth here in full.

50. The allegations contained in the fiftieth unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the fiftieth unnumbered paragraph of the Complaint.

51. Denies each and every allegation contained in the fifty-first unnumbered paragraph of the Complaint.

## RESPONSE TO
## "COUNT V - MISREPRESENTATION AND SUPPRESSION"

52.     With respect to the allegations contained in the fifty-second unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect set forth here in full.

53.     Denies each and every allegation contained in the fifty-third unnumbered paragraph of the Complaint, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

54.     Denies each and every allegation contained in the fifty-fourth unnumbered paragraph of the Complaint, including its subparts a through e, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

55.     Denies each and every allegation contained in the fifty-fifth unnumbered paragraph of the Complaint.

56.     Denies each and every allegation contained in the fifty-sixth unnumbered paragraph of the Complaint.

57.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the fifty-seventh unnumbered paragraph of the Complaint, and denies each and every allegation directed towards Merck in the fifty-seventh unnumbered paragraph of the Complaint.

58.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the fifty-eighth unnumbered paragraph of the Complaint, and denies each and every allegation directed towards Merck in the fifty-eighth unnumbered paragraph of the Complaint.

59.     The allegations contained in the fifty-ninth unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the fifty-ninth unnumbered paragraph of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

60.     The allegations contained in the sixtieth unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the sixtieth unnumbered paragraph of the Complaint.

61.     Denies each and every allegation contained in the sixty-first unnumbered paragraph of the Complaint.

62.     Denies each and every allegation contained in the sixty-second unnumbered paragraph of the Complaint.

### RESPONSE TO
### "COUNT VI - BREACH OF WARRANTY"

63.     With respect to the allegations contained in the sixty-third unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 62 of this Answer with the same force and effect set forth here in full.

64.     The allegations contained in the sixty-fourth unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the sixty-fourth unnumbered paragraph of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain

13

indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

65.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the sixty-fifth unnumbered paragraph of the Complaint, and denies each and every allegation directed towards Merck in the sixty-fifth unnumbered paragraph of the Complaint.

66.     Denies each and every allegation contained in the sixty-sixth unnumbered paragraph of the Complaint.

67.     Denies each and every allegation contained in the sixty-seventh unnumbered paragraph of the Complaint.

**RESPONSE TO**
**"COUNT VII - BREACH OF EXPRESS WARRANTY"**

68.     With respect to the allegations contained in the sixty-eighth unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 67 of this Answer with the same force and effect set forth here in full.

69.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in the sixty-ninth unnumbered paragraph of the Complaint, and denies each and every allegation directed towards Merck in the sixty-ninth unnumbered paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-

14

approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

70.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in the seventieth unnumbered paragraph of the Complaint, and denies each and every allegation directed towards Merck in the seventieth unnumbered paragraph of the Complaint.

71.     Denies each and every allegation contained in the seventy-first unnumbered paragraph of the Complaint.

**RESPONSE TO
"COUNT VIII-FRAUD AND MISREPRESENTATION"**

72.     With respect to the allegations contained in the seventy-second unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 71 of this Answer with the same force and effect set forth here in full.

73.     The allegations contained in the seventy-third unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the seventy-third unnumbered paragraph of the Complaint, and denies each and every allegation directed towards Merck in the seventy-third unnumbered paragraph of the Complaint.

74.     The allegations contained in the seventy-fourth unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the seventy-fourth

unnumbered paragraph of the Complaint, and denies each and every allegation directed towards Merck in the seventy-fourth unnumbered paragraph of the Complaint.

75.     The allegations contained in the seventy-fifth unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the seventy-fifth unnumbered paragraph of the Complaint.

### RESPONSE TO
### "COUNT IX - WASHINGTON PRODUCTS LIABILITY ACT"

76.     With respect to the allegations contained in the seventy-sixth unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 75 of this Answer with the same force and effect set forth here in full.

77.     Denies each and every allegation contained in the seventy-seventh unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

78.     Denies each and every allegation contained in the seventy-eighth unnumbered paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

79.     Denies each and every allegation contained in the seventy-ninth unnumbered paragraph of the Complaint.

80.     Denies each and every allegation contained in the eightieth unnumbered paragraph of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

16

81.     Denies each and every allegation contained in the first and second sentences of the eighty-first unnumbered paragraph of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text. The allegations contained in the third sentence of the eighty-first unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in the third sentence of the eighty-first unnumbered paragraph of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

82.     Denies each and every allegation contained in the eighty-second unnumbered paragraph of the Complaint.

### RESPONSE TO
### "COUNT X - WASHINGTON CONSUMER PROTECTION ACT"

83.     With respect to the allegations contained in the eighty-third unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 82 of this Answer with the same force and effect set forth here in full.

84.     Denies each and every allegation contained in the eighty-fourth unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

85.     Denies each and every allegation contained in the eighty-fifth unnumbered paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing

17

information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

86.     Denies each and every allegation contained in the eighty-sixth unnumbered paragraph of the Complaint.

87.     Denies each and every allegation contained in the eighty-seventh unnumbered paragraph of the Complaint.

88.     Denies each and every allegation contained in the eighty-eighth unnumbered paragraph of the Complaint.

89.     Denies each and every allegation contained in the eighty-ninth unnumbered paragraph of the Complaint.

90.     Denies each and every allegation contained in the ninetieth unnumbered paragraph of the Complaint.

## RESPONSE TO "COUNT XI - WRONGFUL DEATH AND SURVIVAL ACTIONS"

91.     With respect to the allegations contained in the ninety-first unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 90 of this Answer with the same force and effect set forth here in full.

92.     The allegations contained in the ninety-second unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in the ninety-second unnumbered paragraph of the Complaint, and respectfully refer the Court to the relevant legal standard, including any conflict of laws rules.

93.     The allegations contained in the ninety-third unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in the ninety-third unnumbered paragraph of the Complaint, and respectfully refer the Court to the relevant legal standard, including any conflict of laws rules.

94.     The allegations contained in the ninety-fourth unnumbered paragraph of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in the ninety-fourth unnumbered paragraph of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO
"COUNT XII - PROXIMATE CAUSE/DAMAGES"**

95.     With respect to the allegations contained in the ninety-fifth unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 94 of this Answer with the same force and effect set forth here in full.

96.     Denies each and every allegation contained in the ninety-sixth unnumbered paragraph of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO
"PUNITIVE DAMAGES"**

97.     With respect to the allegations contained in the ninety-seventh unnumbered paragraph of the Complaint, repeats and realleges each and every admission, denial,

averment, and statement contained in paragraphs 1 through 96 of this Answer with the same force and effect set forth here in full.

98.     Denies each and every allegation contained in the ninety-eighth unnumbered paragraph of the Complaint, except admits that Plaintiff purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

99.     Denies each and every allegation contained in the ninety-ninth unnumbered paragraph of the Complaint, except admits that Plaintiff purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "JURY DEMAND"

100.     The allegations contained in the one-hundredth unnumbered paragraph of the complaint under the heading "Jury Demand" are legal conclusions to which no response is required.

101.     The allegations contained in the one-hundred and first unnumbered paragraph of the Complaint constitute a prayer for relief as to which no response is required. Should a response be required, Merck denies each and every allegation contained in the one-hundredth and one unnumbered paragraph of the Complaint, including its subparts a through the second k, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

102.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

103.   The Plaintiff and/or Decedent was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff and/or Decedent.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

104.   To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

105.   To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

106.   The Plaintiff and/or Decedent failed to exercise reasonable care to mitigate his or her alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

107.   Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

108.    To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

109.    The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

110.    The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

111.    The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

112.    The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

113.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

114.    The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

115.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff and/or Decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

116.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

117.    To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

23

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

118.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

119.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

120.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

121.    To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff and/or Decedent did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

122.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

123.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

124.   To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

125.   To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

126.   To the extent that Plaintiff asserts claims against Merck for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

127.   To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their

claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

128.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

129.    To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

130.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

131.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

132.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  December $5$ , 2005.

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
        Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
        Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 5th day

of December, 2005.