U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED 12 - 2 - 05

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | §    MDL No. 1657 |
| IN RE: VIOXX | §    SECTION L |
| PRODUCTS LIABILITY LITIGATION§ | JUDGE FALLON |
| | §    MAG. JUDGE KNOWLES |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIS DOCUMENT RELATES TO:

    Plunkett v Merck  & Co., Inc., 05-4046

## PSC MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' MOTION TO RECONSIDER COURT'S RULING
## ON DR. TOM  BALDWIN

MAY IT PLEASE THE COURT:

    Under Federal Rule of Evidence 702, a witness is deemed qualified to offer expert opinion testimony by virtue of "knowledge, skill, experience, training or education."

    The use of the disjunctive is critical.  Knowledge informed by skill and education, even absent experience, may qualify a witness as an expert.  The lack of experience goes to the weight, not the admissibility, of the testimony.

    By recognizing that a medical expert may be qualified based on knowledge or education alone, therefore, Rule 702 gives juries the freedom to weigh the opinions of physicians who - despite the lack of clinical experience on a given subject - nonetheless can assist the fact-finder through opinions informed by the physician's educational background and acquired knowledge.

    Dr. Tom Baldwin was offered by Plaintiffs as one such expert, on the subject of the

Fee_____
Process_____
X  Dkid_____
____Dep_____
Doc.No._____

causal relationship between VIOXX® and the death of Mr. Richard Irvin.  In ruling that the jury

cannot consider and weigh this cardiologist's opinion in that regard based on the lack of

sufficient qualifications, the Court may set an unfortunate precedent in this MDL, which the PSC

believes to be inconsistent with the letter and intent of Rule 702.

In many cases filed in this MDL, the Plaintiffs have survived a cardiovascular injury

allegedly caused by VIOXX®.  In those cases there will be no autopsy slides for a pathologist to

review in arriving at an opinion on causation.  Thus, it will be necessary to address that issue

through a trained and competent cardiologist, based on his acquired knowledge of the clinical

facts involving plaintiff and the science of COX-2 inhibitors generally, and VIOXX® in

particular. How that cardiologist applies that expert knowledge to the matter at hand may be an

issue of methodology to be addressed under Daubert, but the qualifications of the expert to

undertake the causation analysis cannot and should not require clinical experience with

VIOXX®-related injuries.  That lack of experience must go to the weight of the opinion, not its

admissibility; otherwise, clinical experience becomes a sine qua non of Rule 702 admissibility,

an outcome inconsistent with the language of the Rule.

If the Court's ruling is not that clinical experience is required in such matters, but that a

minimum level of knowledge requires personal involvement in VIOXX® clinical  trials or

research studies, this too, we submit, overlays on Rule 702 a definition of "knowledge" which is

inconsistent with needed deference to the fact-finder's function.  It  would set a dangerous

precedent in this MDL to limit the term "knowledge" in Rule 702 to knowledge acquired through

hands-on research, as opposed to knowledge derived from a combination of training, skill,

education and a competent review and understanding of the science of VIOXX® in the published

literature.

The importance of the Court's reconsideration of its ruling as to Dr. Baldwin is obvious to the Irvin plaintiffs. But beyond this, for the sake of preserving the integrity of the presentation of individual causation proof to juries in this MDL, the PSC also respectfully urges the Court to reconsider. The qualifications of individual causation experts must be recognized under FRE 702 based on knowledge, education and skill, even where clinical or VIOXX® research experience is lacking.

Respectfully submitted,

Gerald Edward Meunier
(La. Bar # 9471)
          Gainsburgh, Benjamin, David,
Meunier & Warshauer
191 East Second street
P.O. Box 960
New Roads LA 70760
225 -638-6137

**On behalf of the**
**Plaintiffs' Steering Committee**

Certificate of Service

A copy of this Memorandum has been served upon counsel for Defendant Merck by hand delivery this 2nd day of December, 2005.