

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -6 P 2: 14

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>Products Liability Litigation | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE ELDON E. FALLON |
| This Document Relates to: *PATRICIA ALLISON, et al. v. Merck & Co., Inc.*, (E.D. La. Index No. 05-5822) | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

### ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, and presents the following Answer and Defenses to Plaintiffs' Complaint as follows:

### RESPONSE

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx®, until Merck voluntarily withdrew Vioxx from the

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

worldwide market on September 30, 2004, and avers that Vioxx is known as Ceoxx in many foreign countries.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

2a.      The allegations contained in the first, second and third sentences of paragraph 2a of the Complaint are legal conclusions as to which no responsive pleading is required.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the fourth sentence of paragraph 2a of the Complaint, except admits that Merck is a New Jersey corporation.

2b.      The allegations contained in the first sentence of paragraph 2b of the Complaint are legal conclusions as to which no responsive pleading is required.  Denies each and every allegation contained in the second through fifth sentences of paragraph 2b of the Complaint except Merck admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "FACTUAL BACKGROUND"

3.      Denies each and every allegation contained in paragraph 3 of the Complaint except admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as

cyclooxygenase-2 (COX-2).  Merck further admits that Vioxx is its brand name for rofexocib.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Plaintiffs appear to have accurately quoted the referenced publication, that Merck published said publications, and respectfully refers the Court to the referenced publications for their actual language and full text.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Plaintiffs purport to quote only a portion of the referenced memorandum, but Merck avers that said quote is taken out of context.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced emails, but Merck avers that said quotes are taken out of context.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except Merck admits that it submitted a New Drug Application ("NDA") for Vioxx on November 23, 1998, and respectfully refers the Court to said NDAs for their actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except Merck admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

11.     Denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text. Denies each and every allegation contained in the second sentence of paragraph 11 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Denies each and every allegation contained in the third sentence of paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of  confirmed, clinically important upper gastrointestinal events than naproxen.  Merck respectfully refers the Court to the referenced study for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in the first and second sentences of paragraph 16 of the Complaint, except admits the existence of the referenced memorandum from February 1, 2001, and respectfully refers the Court to said memorandum for its actual language and full text.  Denies each and every allegation contained in the third and fourth sentences of paragraph 16 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that the studies referenced in sentence one and the article referenced in sentence three of paragraph 17 exist, and respectfully refers the Court to said publications for their actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to said publication for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint except admits that Merck filed documents in or about January 2001 with the Securities and Exchange Commission and respectfully refers the Court to said documents for their actual language and full text.

20.     Denies each and every allegation contained in the first sentence of paragraph 20 of the Complaint except admits that, on February 8, 2001, the Arthritis

5

Advisory Committee met and discussed, among other things, the VIGOR data.  Denies each and every allegation contained in the second, third and fourth sentences of paragraph 20 of the Complaint except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text. Merck further admits that Plaintiffs purport to quote portions of a Merck press release regarding the changes approved by the FDA and respectfully refers the Court to the referenced press release for its actual language and full context.

21.     Denies each and every allegation contained in the first sentence of paragraph 21 of the Complaint, except admits that Merck issued a press release on May 22, 2001, entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text. Denies each and every allegation contained in the second sentence of paragraph 21 of the Complaint except admits that, in September 2001, Merck received a letter from Thomas W. Abrams of the FDA's Division of Drug Marketing and Communications ("DDMAC") and respectfully refers the Court to that letter for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits the existence of the journal, the article contained therein, and that Plaintiffs appear to have accurately quoted the document referenced in said paragraph, and respectfully refers the Court to the referenced document for its actual language and full text.

23.     Denies each and every allegation set forth in the first sentence of paragraph 23 of the Complaint, except admits the existence of the journal and the article contained therein and respectfully refers the Court to the referenced analysis for its actual language and full text.  Denies each and every allegation contained in the second and third sentences of paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that the referenced studies exist and refers the Court to the referenced publications for their actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Plaintiffs purport to quote portions of a Merck press release and respectfully refers the Court to the referenced press release for its actual language and full context.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that, on August 26, 2004, Merck issued a press release regarding the conclusions of a study presented at the 20th International Conference of Pharmacoepideminology & Therapeutic Risk Management and respectfully refers the Court to that press release for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that sales figures exceeded $2 billion in the years 2000, 2001, 2002 and 2003, and that worldwide sales of Vioxx for the first six months of 2004 were $1.3 billion.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that, on September 23, 2004, Merck was informed that the External Safety Monitoring Board (ESMB) had recommended that the APPROVE study

be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Plaintiffs purport to quote portions of a memorandum written by an epidemiologist at the FDA and respectfully refers the Court to the referenced memorandum for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except Merck admits that it manufactured, marketed and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "FIRST CLAIM FOR RELIEF
## (Strict Product Liability)"

38.     With respect to the allegations contained in paragraph 38 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, including subparagraphs (a) through (c).

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     The allegations contained in paragraph 43 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

## RESPONSE TO "SECOND CLAIM FOR RELIEF (Negligence)"

44.     With respect to the allegations contained in paragraph 44 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, including subparagraphs (a) through (g).

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.     The allegations contained in paragraph 48 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

**RESPONSE TO "THIRD CLAIM FOR RELIEF**
**Breach of Implied Warranty"**

49.     With respect to the allegations contained in paragraph 49 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

51.     The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     The allegations contained in paragraph 54 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

## RESPONSE TO "FOURTH CLAIM FOR RELIEF
### Breach of Express Warranty"

55.     With respect to the allegations contained in paragraph 55 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

60.     The allegations contained in paragraph 60 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

## RESPONSE TO "FIFTH CLAIM FOR RELIEF"
### (Unlawful Trade Practices Claim)"

61.    With respect to the allegations contained in paragraph 61 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 60 of this Answer with the same force and effect as though set forth here in full.

62.    Denies each and every allegation contained in paragraph 62 of the Complaint and respectfully refers the court to the referenced statutes for their actual language and full text.

63.    The allegations contained in paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the referenced statutes for their actual language and full text.

64.    Denies each and every allegation contained in paragraph 64 of the Complaint.

65.    Denies each and every allegation contained in paragraph 65 of the Complaint.

66.    Denies each and every allegation contained in paragraph 66 of the Complaint.

67.    Denies each and every allegation contained in paragraph 67 of the Complaint.

## RESPONSE TO "PRAYER FOR JUDGMENT"

68.     Plaintiffs' "Prayer for Judgment" section of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the Prayer for Judgment of Plaintiffs' Complaint.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

69.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

70.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

71.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

72.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

73.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

74.     Plaintiffs' claims are barred in whole or in part by the First Amendment of the United States Constitution.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

75.     Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence as codified at Minn. Stat. § 604.02.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

76.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

77.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

78.     Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their alleged damages.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

79.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

80.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

81.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

82.     To the extent that Plaintiffs' reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

83.     To the extent that Plaintiffs rely upon any theory of breach of warranty,

such claims are also barred for lack of timely notice of breach and/or lack of privity

and/or because the alleged warranties were disclaimed.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

84.     To the extent Plaintiffs have settled or will in the future settle with any

person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if

any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

85.     To the extent Plaintiffs are seeking recovery for benefits entitled to be

received or actually received from any other source for injuries alleged in the Complaint,

such benefits are not recoverable in this action.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

86.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to

allege the circumstances constituting fraud with particularity, as required by Federal Rule

of Civil Procedure 9(b).

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

87.     Plaintiffs' claims are barred, in whole, or in part, under the applicable state law because Vioxx and its labeling were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

88.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

89.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

90.     To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

91.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

92.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

93.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

94.     Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

95.     Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

96.     Plaintiffs have asserted a claim in their Complaint for punitive damages in violation of Minn. Stat. § 549.191, and said claim should therefore be stricken.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

97.     This case is more appropriately brought in a different venue.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

98.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

99.     Plaintiffs' claims are not suitable for joinder.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

100.     This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that are included in the master answer filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: (504) 581-3200
Fax:  (504) 581-3361

Defendants' Liaison Counsel

Scott A. Smith (Reg. No. 174026)
Amanda M. Cialkowski (Reg. No. 306514)
Jan R. McLean Bernier (Reg. No. 0307853)
U.S. Bank Center South, Suite 600
220 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 338-1838
Fax: (612) 338-7858

Counsel for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Answer has been served on Liaison
Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon
all parties by electronically uploading the same to LexisNexis File & Serve Advanced in
accordance with the Pretrial Order No. 8, on this 6 day of December, 2005.