FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -6  AM 11: 09

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL No 1657 |
| Products Liability Litigation | * | |
| | * | SECTION:  L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

* * * **********************************

**THIS DOCUMENT RELATES TO:**  *Gary H. Bird, et al v. Merck & Co., Inc.*, No 05-5683, previously filed as 2:05CV00773 in the District of Utah, Central Division.

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, answers Plaintiffs' complaint ("Complaint") as follows:

### RESPONSE TO INTRODUCTION

Merck denies each and every allegation set forth in the introduction of the Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx® and, until the voluntary withdrawal of Vioxx from the worldwide market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information and that Merck manufactured, marketed and distributed the prescription medicine Vioxx.  Merck respectfully refers the Court to the relevant FDA approved prescribing information.

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No _____

## RESPONSE TO GENERAL ALLEGATIONS

1.      Merck lacks information and knowledge sufficient to either admit or deny the allegations set forth in paragraph 1 of the Complaint except admits that plaintiffs purport to bring an action against Merck seeking certain relief but denies that there is any legal or factual basis for the same and further denies that plaintiffs are entitled to the relief sought.

2.      Merck denies each and every allegation set forth in paragraph 2 of the Complaint.

3.      The allegations in paragraph 3 of the Complaint call for a legal conclusion to which no response is required.

4.      The allegations in paragraph 4 of the Complaint call for a legal conclusion to which no response is required.

5.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint and on that basis, denies the same.

6.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint except admits that plaintiffs purport to bring an action against Merck seeking certain relief but denies that there is any legal or factual basis for the same and further denies that plaintiffs are entitled to the relief sought.

7.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint and on that basis, denies the same.

8.      Merck denies each and every allegation in paragraph 8 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until

Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck

further lacks knowledge or information sufficient to form a belief as to the truth or falsity of

whether Betty Buchanan Bird (the "Decedent") ingested Vioxx and on that basis, denies the

same.

       9.     Merck denies each and every allegation in paragraph 9 of the Complaint except

admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until

Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

       10.    Merck denies each and every allegation in paragraph 10 of the Complaint except

admits that its principal place of business is at One Merck Drive, Whitehouse Station, New

Jersey and that it manufactured, marketed, and distributed the prescription medicine Vioxx until

Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO FACTUAL ALLEGATIONS

       11.    Merck denies each and every allegation set forth in paragraph 11 of the Complaint

except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx

until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

       12.    Merck denies each and every allegation set forth in the first sentence of paragraph

12 of the Complaint except admits that Vioxx is the brand name for rofecoxib.  Merck denies

each and every allegation set forth in the second sentence of paragraph 12 of the Complaint

except admits Vioxx is part of a class of drugs known as NSAIDs which reduce pain and

inflammation.  Merck denies each and every allegation set forth in the third sentence of

paragraph 12 of the Complaint except admits that Merck marketed the prescription medication

Vioxx, which was approved by the FDA as safe and effective for certain indicated uses in a

manner consistent with the information set forth in the relevant FDA-approved prescribing information.

13.     Merck denies each and every allegation set forth in paragraph 13 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cycooxygenase-2 (COX-2).

14.     Merck denies each and every allegation set forth in paragraph 14 of the Complaint except admits that Merck marketed the prescription medication Vioxx.

15.     The allegations set forth in the first, second and third sentences of paragraph 15 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Merck denies each and every allegation set forth in the fourth and fifth sentences of paragraph 15 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market Vioxx.

16.     Merck admits the allegations in paragraph 16 of the Complaint.

17.     Merck denies each and every allegation set forth in paragraph 17 of the Complaint, except admits that Vioxx has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

18.     Merck denies each and every allegation set forth in paragraph 18 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.     Merck denies each and every allegation set forth in paragraph 19 of the Complaint.

20.     Merck denies each and every allegation set forth in paragraph 20 of the Complaint except admits that Merck marketed Vioxx in the United States..

21.     Merck denies each and every allegation set forth in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation set forth in paragraph 22 of the Complaint.

23.     Merck denies each and every allegation set forth in paragraph 23 of the Complaint.

24.     Merck denies each and every allegation set forth in paragraph 24 of the Complaint.

25.     Merck denies each and every allegation set forth in paragraph 25 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

26.     Merck denies each and every allegation set forth in paragraph 26 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

27.     Merck denies each and every allegation set forth in paragraph 27 of the Complaint except admits the existence of the journal, the article set forth therein, which plaintiffs purport to quote, and respectfully refers the Court to the referenced document for its actual language and full text.

28.     Merck denies each and every allegation set forth in paragraph 28 of the Complaint except admits that the referenced article exists and that plaintiffs purport to quote from the referenced article, but respectfully refers the Court to the referenced article for its actual language and full text.

29.     Merck denies each and every allegation set forth in paragraph 29 of the Complaint except admits that the referenced article exists and that plaintiffs purport to quote from the referenced article, but respectfully refers the Court to the referenced article for its actual language and full text.

30.     Merck denies each and every allegation set forth in paragraph 30 of the Complaint except admits that referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

31.     Merck denies each and every allegation set forth in paragraph 31 of the Complaint except admits that referenced statement exists and respectfully refers the Court to said statement for its actual language and full text.

32.     Merck denies each and every allegation set forth in paragraph 32 of the Complaint.

33.     Merck denies each and every allegation set forth in the first sentence of paragraph 33 of the Complaint and avers that on September 30, 2004, Merck announced that in a

prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients. Merck denies each and every allegation set forth in the second sentence of paragraph 33 of the Complaint except admits that Vioxx was registered, marketed and sold in approximately 80 countries outside the United States and that worldwide and that sales figures exceeded $2 billion in 2003. Merck denies each and every allegation set forth in the third sentence of paragraph 33 of the Complaint except admits that Dorothy Hamill was featured in ad campaigns for Vioxx and that Dorothy Hamill and Bruce Jenner were spokespersons for Vioxx. Merck denies each and every remaining allegation set forth in paragraph 33 of the Complaint including subparts a through o except admits that in 1999 Merck received FDA approval to market the prescription medicine Vioxx. Merck further admits that the VIGOR study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text. Merck further avers that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

34.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34 of the Complaint and on that basis, denies the same.

### RESPONSE TO FIRST CAUSE OF ACTION
### (Strict Liability – Failure to Warn)

35.     With respect to the allegations set forth in paragraph 35 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.     Merck denies each and every allegation set forth in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation set forth in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint.

### RESPONSE TO SECOND CAUSE OF ACTION
### (Negligence)

39.     With respect to the allegations set forth in paragraph 39 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     The allegations set forth in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

41.     Merck denies each and every allegation set forth in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation set forth in paragraph 42 of the Complaint.

### RESPONSE TO THIRD CAUSE OF ACTION
### (Violation of Law)

43.     With respect to the allegations set forth in paragraph 43 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44.     The allegations set forth in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

45.     Merck denies each and every allegation set forth in paragraph 45 of the Complaint.

46.     The allegations set forth in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

47.     Merck denies each and every allegation set forth in paragraph 47 of the Complaint including subparts a through g.

48.     Merck denies each and every allegation set forth in paragraph 48 of the Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

49.     With respect to the allegations set forth in paragraph 49 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50.     The allegations set forth in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 51 of the Complaint and on that basis, Merck denies the same.

52.     Merck denies each and every allegation set forth in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation set forth in paragraph 53 of the Complaint.

## RESPONSE TO FIFTH CAUSE OF ACTION
### (Breach of Express Warranty)

54.     With respect to the allegations set forth in paragraph 54 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

55.     Merck denies each and every allegation set forth in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation set forth in paragraph 56 of the Complaint.

57.     Merck denies each and every allegation set forth in paragraph 57 of the Complaint.

## RESPONSE TO SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation)

58.     With respect to the allegations set forth in paragraph 58 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59.     Merck denies each and every allegation set forth in paragraph 59 of the Complaint.

60.     Merck denies each and every allegation set forth in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation set forth in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation set forth in paragraph 62 of the Complaint.

63.     Merck denies each and every allegation set forth in paragraph 63 of the Complaint.

11

64.     Merck denies each and every allegation set forth in paragraph 64 of the Complaint.

## RESPONSE TO SEVENTH CAUSE OF ACTION
### (Fraud and Deceit)

65.     With respect to the allegations set forth in paragraph 65 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.

66.     Merck denies each and every allegation set forth in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation set forth in paragraph 67 of the Complaint except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

68.     Merck denies each and every allegation set forth in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation set forth in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation set forth in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation set forth in paragraph 71 of the Complaint.

## RESPONSE TO EIGHTH CAUSE OF ACTION
### (Violation of Utah Consumer Sales Practice Act)

72.     With respect to the allegations set forth in paragraph 72 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 71 of this Answer with the same force and effect as though set forth here in full.

73.     Merck denies each and every allegation set forth in paragraph 73 of the Complaint except admits that plaintiffs purport to bring this cause of action pursuant to the Utah Consumer Sales Practices Act, but denies that there is any legal or factual basis for such claims.

74.     Merck denies each and every allegation set forth in paragraph 74 of the Complaint except admits that the plaintiffs purport to quote from certain provisions of the Utah Consumer Sales Practices Act, but denies that there is any legal or factual basis for such claims and respectfully refers the Court to the referenced statute for its actual language and full text.

75.     Merck denies each and every allegation set forth in paragraph 75 of the Complaint including subparts a through d.

76.     Merck denies each and every allegation set forth in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation set forth in paragraph 77 of the Complaint, except admits that plaintiffs purport to seek the specified forms of relief, but denies that there is any legal or factual basis to award the relief sought.

## RESPONSE TO NINTH CAUSE OF ACTION

78.     With respect to the allegations set forth in paragraph 78 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in

paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79.     Merck denies each and every allegation set forth in paragraph 79 of the Complaint including subparts a through j.

80.     Merck denies each and every allegation set forth in paragraph 80 of the Complaint.

**RESPONSE TO DAMAGES**

81.     Merck denies each and every allegation set forth in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation set forth in paragraph 82 of the Complaint.

83.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 83 of the Complaint and on that basis, denies the same.

84.     Merck denies each and every allegation set forth in paragraph 84 of the Complaint.

85.     Merck denies that plaintiffs are entitled to any of the relief specified in the Request for Relief, Prayer, or anywhere else in plaintiffs' Complaint.  Moreover, all allegations not specifically admitted herein are specifically denied by Merck.

**MERCK'S AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### THIRD AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### SIXTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### EIGHTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### NINTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of Vioxx.

### TENTH AFFIRMATIVE DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for strict liability and breach of warranty are barred on the grounds that such claims are not cognizable against Merck.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is barred under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim under the Utah Consumer Sales Practices Act fails pursuant to Utah Code Ann. § 13-11-22(1)(a) because the alleged acts or practices complained of are required or specifically permitted by or under federal law, or by or under state law.

### TWENTIETH AFFIRMATIVE DEFENSE

Any claim by plaintiffs for personal injury or death or claim for damage to property other than the property that is the subject of the consumer transaction under the Utah Consumer Sales Practices Act is prohibited pursuant to Utah Code Ann. § 13-11-22(1)(c).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim under the Utah Consumer Sales Practices Act fails because Merck committed no deceptive or unconscionable act or practice within the meaning of the Utah Consumer Sales Practices Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were proximately caused by allergies, sensitivities, or idiosyncrasies peculiar to plaintiffs and not found in the general public, and unknown or unknowable to Merck.  Plaintiffs' alleged injuries were not reasonably foreseeable to Merck, therefore, the occurrences in question, if any, was unavoidable incidents insofar as that term is understood at law, as far as Merck is concerned.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Vioxx was neither dangerous nor defective, and was of merchantable quality and was fit and safe for its intended use.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized by Merck in designing, formulating, manufacturing and marketing Vioxx and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product were manufactured.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Federal Preemption.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the use of these products was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Merck has no duty to warn of possible dangers in using Vioxx, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The advertisements and labeling with respect to Vioxx were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Utah Constitutions.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The conduct of Merck and all activities with respect to Vioxx were fair and truthful based upon the state of knowledge existing at the relevant time alleged.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, including Utah Code Ann. § 78-15-3 and Utah Code Ann. § 13-11-19(8), and is otherwise untimely.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded by actions and determinations of federal and state regulatory agencies, including without limitation, the Federal Food and Drug Administration.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the principles of the learned intermediary doctrine.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Merck denies any misrepresentation, fraud, reliance by plaintiffs and/or detriment allegedly resulting therefrom.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Further answering, the Complaint fails to state a claim for punitive and/or exemplary damages against Merck upon which relief can be granted.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by F.R.C.P. 9(b).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Further answering, Merck will rely on all defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiffs' Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Respectfully submitted

Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: (504)581-3200
Fax:    (504)581-3361

*Defendants' Liaison Counsel*

Rick L. Rose (Utah State Bar No. 5140)
Kristine M. Larsen (Utah State Bar No. 9228)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone:    (801) 532-1500
Telecopier:    (801)532-7543

*Attorneys for Merck & Co., Inc.*

## CERTIFICATE OF MAILING

I hereby certify that the above and foregoing Answer of Defendant Merck & Co, Inc. has

been served on Liaison Counsel, Russ Herman, by U.S. mail and e-mail or by hand delivery and

email and upon all parties by electronically uploading the same to LexisNexis File & Serve

Advanced in accordance with Pre-Trial Order No. 8, on this ___6___ day of December, 2005.

David S. Pace
PACE & HUGHES, L.L.C.
Key Bank Tower
50 South Main, Suite 850
Salt Lake City, Utah 84144