FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -6  AM 11: 09

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re: VIOXX® | MDL Docket No. 1657 |
| **PRODUCTS LIABILITY LITIGATION** | **SECTION L** |
| This document relates to: *Riquelme v. Merck & Co., Inc.*, (E.D. La. Index No. 05-6219) | **JUDGE FALLON** |
|  | **MAG. JUDGE KNOWLES** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers the

Verified Complaint ("Complaint") herein as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Upon information and belief, admits the allegations contained in paragraph 2 of

the Complaint.

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions

as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in said paragraph and respectfully refers the Court to

the referenced statute for its actual language and full text.

4.      Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 4 of the Complaint.

____ Fee_____
____ Process_____
__X_ Dktd_____
____ CtRmDep_____
____ Doc. No_____

5.      Denies each and every allegation contained in paragraph 5 of the Complaint and avers that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and is authorized to do business in the State of New York.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck is authorized to do business in the State of New York.

10.      Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck is authorized to do business in the State of New York.

11.      Denies each and every allegation contained in paragraph 11 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx®.

12.      Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck marketed the prescription medicine Vioxx.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

### RESPONSE TO "FIRST CAUSE OF ACTION"

20.     With respect to the allegations contained in paragraph 20 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 19 of this Answer with the same force and effect as though set forth here in full.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

### RESPONSE TO "SECOND CAUSE OF ACTION"

25.     With respect to the allegations contained in paragraph 25 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 24 of this Answer with the same force and effect as though set forth here in full.

26.     The allegations contained in the first sentence of paragraph 26 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.  Denies each and every allegation contained in the second sentence of paragraph 26 of the Complaint.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

### RESPONSE TO "THIRD CAUSE OF ACTION"

30.     With respect to the allegations contained in paragraph 30 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

### RESPONSE TO "FOURTH CAUSE OF ACTION"

36.     With respect to the allegations contained in paragraph 36 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37.     The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint except admits that Plaintiff purports to seek certain relief but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "FIFTH CAUSE OF ACTION"

42.     With respect to the allegations contained in paragraph 42 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 41 of this Answer with the same force and effect as though set forth here in full.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint except admits that Merck marketed the prescription medicine Vioxx.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

## RESPONSE TO "DAMAGES"

46.     Denies each and every allegation contained in paragraph 46 of the Complaint except admits that Plaintiff purports to seek certain relief but denies that there is any legal or factual basis for the relief sought.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint except admits that Plaintiff purports to seek certain relief but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

48.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

49.     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

50.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

51.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

52.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

53.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff's decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

54.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff's decedent.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

55.     Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

56.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff's decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

57.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

58.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's decedent's misuse or abuse of Vioxx.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

59.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's decedent's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### AS FOR A THIRTEENTH
### DEFENSE, MERCK ALLEGES:

60.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

61.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FIFTEENTH**
**DEFENSE, MERCK ALLEGES:**

62.     Plaintiff's claims are barred in whole or in part by the First Amendment.

**AS FOR A SIXTEENTH**
**DEFENSE, MERCK ALLEGES:**

63.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and standing to bring such claims.

**AS FOR AN SEVENTEENTH**
**DEFENSE, MERCK ALLEGES:**

64.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR A EIGHTEENTH**
**DEFENSE, MERCK ALLEGES:**

65.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

**AS FOR A NINETEENTH**
**DEFENSE, MERCK ALLEGES:**

66.     Plaintiff's demands for punitive damages are barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

67.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

68.     Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

69.     Plaintiff's claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

70.     Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

71.     This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

72.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Rule 3013 of the New York Civil Practice Law and Rules.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

73.     To the extent Plaintiff has settled or will in the future settle with any person or

entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be

reduced accordingly.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

74.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or

actually received from any other source for injuries alleged in the Complaint, such benefits are

not recoverable in this action.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

75.     To the extent that Plaintiff seeks punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

### AS AND FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

76.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to

mitigate the alleged damages.

### AS AND FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

77.     There is no technically feasible alternative design that would have reduced the

alleged risk without substantially impairing the reasonably anticipated and intended function of

Vioxx.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Theodore V.H. Mayer
Vilia B. Hayes
Robb W. Patryk
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant

Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 6th day of

December, 2005.