

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -6  AM 11: 09

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Robert Griffin v. Merck & Co., Inc.*, (E.D. La. Index No. 05-5653) | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * | * | |

### MERCK'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Merck & Co., Inc. ("Merck") submits the following Answer and Defenses to the Complaint of plaintiff Robert Griffin ("Plaintiff"), as follows:

#### ANSWER

Merck answers the allegations of the Complaint as follows, and denies each allegation in the Complaint except those expressly admitted below.

#### RESPONSE TO "PARTIES"

1.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to state a claim for damages, but denies that there is any legal or factual basis for such relief.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No ____

2.      Merck denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey.

### RESPONSE TO "JURISDICTION AND VENUE"

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "FACTUAL ALLEGATIONS"

4.      Merck denies each and every allegation contained in paragraph 4 of the Complaint except admits that Vioxx® ("Vioxx") is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

5.      Merck denies each and every allegation contained in paragraph 5 of the Complaint except admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation. Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

6.      The allegations contained in paragraph 6 of the Complaint are not directed at Merck and therefore, require no responsive pleading. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that osteoarthritis has been described in the medical literature as a chronic disorder of joint cartilage and surrounding tissues that is characterized by pain, stiffness, and loss of function.

7. The allegations contained in paragraph 7 of the Complaint are not directed at Merck and therefore, require no responsive pleading. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that rheumatoid arthritis has been described in the medical literature as an inflammatory arthritis in which joints, usually including those of the hands and feet, are inflamed, resulting in swelling pain and often the destruction of joints.

8. Merck denies each and every allegation in paragraph 8 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

9. Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits that in June 2000 Merck filed a supplemental New Drug Application ("sNDA") to the FDA that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language.

10. Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

11. Merck denies each and every allegation contained in paragraph 11.

12. Merck denies each and every allegation contained in paragraph 12 except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

13. Merck denies each and every allegation contained in paragraph 13 except admits that on September 30, 2004, Merck announced the voluntary withdrawal of Vioxx from the worldwide market and respectfully refers the Court to the referenced announcement for its actual language and full text. As to the allegations contained in the first and second sentences of paragraph 13, Merck denies each and every allegation except admits that on September 27, 2004 Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted and respectfully refers the Court to the referenced study for its actual language and full text. As to the allegations contained in the third sentence of paragraph 13 of the Complaint, Merck denies the conclusory nature of the allegations, except admits that Vioxx was prescribed to millions of patients by health care providers and that sales figures exceeded $2 billion in 2003.

14. Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

15. The allegations contained in paragraph 15 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

16. The allegations contained in paragraph 16 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

17. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 18 of the Complaint, and Merck denies each and every allegation contained in paragraph 18 of the Complaint directed toward Merck.

19. Merck denies each and every allegation contained in paragraph 19 of the Complaint.

## RESPONSE TO "COUNT I (Product Liability)"

20. With respect to the allegations contained in Paragraph 20 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1-19 of this Answer with the same force and effect as though set forth here in full.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25. Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26. Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 28 of the Complaint and Merck further denies that there is any factual or legal basis to support the relief sought.

## RESPONSE TO "COUNT II ("Breach of Express Warranty")

29. With respect to the allegations contained in paragraph 29 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1-28 of this Answer with the same force and effect as though set forth here in full.

30. Merck denies each and every allegation contained in paragraph 30 of the Complaint.

31. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 31 of the Complaint, and Merck denies each and every allegation contained in paragraph 31 of the Complaint directed toward Merck.

32. Merck denies each and every allegation contained in paragraph 32 of the Complaint.

## RESPONSE TO "COUNT III (Breach of Implied Warranty)"

33. With respect to the allegations contained in paragraph 33 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1-32 of this Answer with the same force and effect as though set forth here in full.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 34.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 35.

36. Merck denies each and every allegation contained in paragraph 36 of the Complaint.

### RESPONSE TO "COUNT IV ("Negligence")

37. With respect to the allegations contained in paragraph 37 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1-36 of this Answer with the same force and effect as though set forth here in full.

38. The allegations contained in paragraph 38 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 38.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 39, including subparts (a. – i.).

40. Merck denies each and every allegation contained in paragraph 40 of the Complaint.

### RESPONSE TO COUNT V ("Negligence *Per Se*")

41. With respect to the allegations contained in paragraph 41 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1-40 of this Answer with the same force and effect as though set forth here in full.

42. The allegations contained in paragraph 42 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 42 and denies that it violated any applicable law in the manufacture, sale, and design of Vioxx.

43. The allegations contained in paragraph 43 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 43 and denies that it violated any applicable law in the manufacture, sale, and design of Vioxx.

44. The allegations contained in paragraph 44 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45. The allegations contained in paragraph 45 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 45 and denies that it violated any applicable law in the manufacture, sale, and design of Vioxx.

46. The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 46, including subparts (a) – (e) and denies that it violated any applicable law in the manufacture, sale, and design of Vioxx.

47. Merck denies each and every allegation contained in paragraph 47 of the Complaint.

## RESPONSE TO COUNT VI ("Unjust Enrichment")

48. With respect to the allegations contained in paragraph 48 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1-47 of this Answer with the same force and effect as though set forth here in full.

49. The allegations contained in paragraph 49 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 49.

## RESPONSE TO COUNT VII ("Fraud")

50. With respect to the allegations contained in paragraph 50 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1-49 of this Answer with the same force and effect as though set forth here in full.

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 54 of the Complaint, and Merck denies each and every allegation contained in paragraph 54 of the Complaint directed toward Merck.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint.

## RESPONSE TO PARAGRAPH BEGINNING "WHEREFORE"

The paragraph of the Complaint beginning "WHEREFORE" does not contain any allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the paragraph beginning "WHERFORE" and denies that Plaintiff is entitled to any of the relief requested in said paragraph.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on plaintiff, Merck alleges as follows:

## FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### THIRD DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Complaint. Pursuant to the doctrines of assumption of the risk or informed consent, this conduct bars in whole or in part the damages that plaintiff seeks to recover herein.

### FOURTH DEFENSE

Plaintiff's claims are barred because the injuries allegedly sustained by plaintiff were not proximately caused by any act or omission of Merck.

### FIFTH DEFENSE

Plaintiff's recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others.

### SIXTH DEFENSE

Merck affirmatively pleads Miss. Code § 85-5-7 (1972), as amended by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

### SEVENTH DEFENSE

To the extent that the plaintiff's claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Miss. Code § 11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

### EIGHTH DEFENSE

If plaintiff was injured by any product manufactured, sold, or distributed by Merck, those injuries occurred because the product was used for a purpose other than that for which it was intended, in a manner other than that in which it was intended to be used, and in disregard of instructions and directions regarding its use. Such misuse was not reasonably foreseeable to Merck.

**NINTH DEFENSE**

Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by the acts and omissions of third parties over whom Merck had no authority or control, including without limitation, misuse of Vioxx by such third parties.

**TENTH DEFENSE**

Plaintiff's claims are barred because any injuries and damages allegedly sustained by Plaintiff were the result of pre-existing or subsequent conditions that are unrelated to plaintiff's use of Vioxx.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred because any injuries and damages allegedly sustained by Plaintiff were the direct and proximate result of an independent, unforeseeable, superseding, or intervening cause.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because any injuries and damages allegedly sustained by Plaintiff as a result of Vioxx were caused by an idiosyncratic reaction to Vioxx that was not reasonably foreseeable to Merck.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by reason of plaintiff's failure to mitigate the alleged damages or losses.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and estoppel.

**FIFTEENTH DEFENSE**

Merck denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Merck, or at the instruction or subject to the

control of Merck with regard to any of the actions described in the Complaint; thus, Merck is not liable for any acts or omissions of such third parties as a matter of law.

### SIXTEENTH DEFENSE

Merck avers that it did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Complaint.

### SEVENTEENTH DEFENSE

Merck affirmatively pleads the application of comment k of Section 402A of the *Restatement (Second) of Torts: Products Liability* and its limitations upon the doctrine of strict product liability for purported design defect.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the *Restatement (Second) of Torts: Products Liability*.

### NINETEENTH DEFENSE

Plaintiff's claims are barred under Section 4, *et. seq.,* of the *Restatement (Third) of Torts: Products Liability*.

### TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the *Restatement (Third) of Torts: Products Liability* and its limitations upon the doctrine of strict product liability for purported design defect.

### TWENTY-FIRST DEFENSE

Merck provided adequate and complete warnings concerning Vioxx to plaintiff's prescribing physician(s). Therefore, any claims by plaintiff for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the lack of a defect because Vioxx was properly prepared in accordance with the applicable standard of care.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred because, based on the state of scientific, medical and technical knowledge at the time Vioxx was marketed, Vioxx was reasonably safe for its normal and foreseeable use at all times, it was not unreasonably dangerous or defective, and its benefits exceeded any associated risks.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred because the methods, standards, and techniques utilized by Merck in manufacturing, distributing, and marketing Vioxx and in issuing warnings and instructions with respect to its use, conformed with the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured and distributed.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims predicated on state tort law and alleging that Vioxx is unsafe are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article IV, clause 2.

**TWENTY-SIXTH DEFENSE**

The conduct of Merck, as well as the product Vioxx, conformed with the Federal Food, Drug, and Cosmetic Act and the requirements of the FDA. Moreover, the activities of Merck alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time alleged in the Complaint.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Merck's advertisements and labeling with respect to Vioxx were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of the First Amendment to the United States Constitution.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims of fraud are barred by reason of plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**THIRTIETH DEFENSE**

To the extent plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Merck's rights under the United States Constitution.

**THIRTY-FIRST DEFENSE**

Plaintiff's claim for non-economic damages are subject to and limited by Miss. Code § 11-1-60 (1) (a) through (c) (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

### THIRTY-SECOND DEFENSE

Plaintiff is not entitled to an award of attorneys' fees in the absence of a contract, statute, or law authorizing such fees.

### THIRTY-THIRD DEFENSE

Should Merck be held liable to plaintiff, which liability is specifically denied, Merck would be entitled to a set off for the total of all amounts paid to plaintiff from all collateral sources.

### THIRTY-FOURTH DEFENSE

To the extent applicable, plaintiff's purported breach of warranty claims are barred by a lack of privity between plaintiff and Merck and because plaintiff failed to provide Merck with reasonable or adequate notice of the alleged breach of any such purported warranties.

### THIRTY-FIFTH DEFENSE

Some or all of the damages alleged by plaintiff are barred by Miss. Code §§ 75-2-714, 715 (1972).

### THIRTY-SIXTH DEFENSE

Notwithstanding the claims and contentions of plaintiff, plaintiff received all or substantially all of the benefit from Vioxx that he or she hoped and intended to receive, and, to that extent, any damages and/or restitution that plaintiff might be entitled to recover from Merck must be correspondingly reduced.

### THIRTY-SEVENTH DEFENSE

To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

## THIRTY-EIGHTH DEFENSE

Plaintiff's demand for punitive damages against Merck is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## THIRTY-NINTH DEFENSE

Because of the lack of clear standards, the imposition of punitive damages against Merck is unconstitutionally vague and/or overbroad.

## FORTIETH DEFENSE

No act or omission of Merck was malicious, willful, wanton, reckless, grossly negligent or intentional and, therefore, any award of punitive damages is barred.

## FORTY-FIRST DEFENSE

Plaintiff's claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

    (a)    imposition of punitive damages by a jury which

        (1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

        (2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

        (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously

discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

(4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b) imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c) imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d) imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

### FORTY-SECOND DEFENSE

Plaintiff's claim for punitive damages against Merck fails under Miss. Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

Merck requests that plaintiff be denied the relief sought in the Complaint and that Merck be dismissed from this action and awarded costs together with any additional relief that the Court deems just and proper. Merck herby gives notice that it intends to rely upon such defenses as may become available or appear during discovery proceedings in this case or that are included in the Multidistrict Litigation Proceeding before Judge Fallon of the Eastern District of Louisiana, and Merck reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, Merck prays for relief and judgment against plaintiff as follows:

A. That plaintiff takes nothing by reason of the Complaint;

B. That this action be dismissed with prejudice;

C.      That Merck recovers its fees, costs and attorneys' fees incurred herein; and

D.      Such further and other relief as the Court deems proper.

DATED this  6  day of December, 2005.

> Respectfully submitted,
>
> /s/ Dorothy H. Wimberly
> Phillip A. Wittmann, 13625
> Dorothy H. Wimberly, 18509
> Carmelite M. Bertaut, 3054
> Stone Pigman Walther Wittman L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana 70130
> Phone: 504-581-3200
> Fax:    504-581-3361
>
> Defendants' Liaison Counsel
>
> Christy D. Jones, (MS #3192)
> Charles C. Harrell (MS #3135)
> Anita Modak-Truran, (MS #99422)
> Alyson B. Jones (MS #101456)
> Butler, Snow, O'Mara, Stevens & Cannada, PLLC
> Post Office Box 22567
> Jackson, Mississippi  39225-2567
> Phone: 601-948-5771
> Fax:    601-985-4500
>
> Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Answer has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with the Pretrial Order No. 8, on this 6 day of December, 2005.

_____

Jackson 1139793v.1