FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -6   PM 12: 53

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Vioxx | | |
| **PRODUCTS LIABILITY LITIGATION** | * | **MDL DOCKET NO: 1657** |
| **Section L** | | |
| | * | **Section L** |
| | * | **Judge Fallon** |
| | * | |
| **This Document Relates to** | * | **Mag.  Judge Knowles** |
| | | |
| **MAE RENA BORDELON as wrongful death** | * | |
| **beneficiary and representative of** | * | |
| **HORACE J. BORDELON, DE, DECEASED,** | * | |
| **ET AL VS. MERCK, ET AL;** | * | |
| | | |
| **Docket No.  05-4454, Eastern District of LA** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## AFFIRMATIVE DEFENSES AND ANSWER

NOW INTO COURT, comes defendant, **Morris & Dickson Co. LLC** (hereinafter referred to

as "Morris") in the captioned matter, who submits the following Answer and Affirmative Defenses

to the Petition of Mae Rena Bordelon , as wrongful death beneficiary and representative of Horace J.

Bordelon, Deceased, et al.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiffs' Petition fails to state facts sufficient to constitute a claim upon which relief

can be granted and further fails to entitle plaintiff to the relief sought, or to any other relief

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No_____

whatsoever from Morris .

## SECOND DEFENSE

Plaintiffs' claims are barred by the applicable prescriptive periods or statutes of limitations provided for such claims.

## THIRD DEFENSE

Morris denies that the products distributed by it caused or contributed to the alleged injuries of plaintiffs  and further denies that it is liable to plaintiffs for the claims alleged or for any other claims whatsoever.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the Louisiana Products Liability Act, LSA R.S. 9:2800.51, *et seq*, and Morris  hereby pleads all of the limitations and defenses set forth therein.

## FIFTH DEFENSE

Plaintiffs assumed the risk of any injury or damage alleged in the Petition.

## SIXTH DEFENSE

Plaintiffs failed to limit or mitigate his own losses.

## SEVENTH DEFENSE

Morris  asserts that any injury or damages alleged in the Petition, which injuries and/or damages at all times are denied, were caused solely by the acts, wrongs, or omissions of plaintiffs; or by pre-existing conditions; or by other persons, entities or forces over whom Morris had no control and for which Morris  is not responsible.

### EIGHTH DEFENSE

Any injury or damage sustained by plaintiffs were caused by intervening or superseding events, factors, occurrences or conditions which were not caused by Morris and for which Morris is not liable.

### NINTH DEFENSE

In the event that Morris is found to be at fault for the damages complained of herein, which is at all times specifically denied, then in that event, Morris avers that any injury or damages alleged in the Petition were caused by the contributory and/or comparative negligence of plaintiffs, thereby barring Plaintiffs' recovery, in whole or in part.

### TENTH DEFENSE

Morris, while denying that any product distributed by it caused or contributed to any injury incurred by plaintiffs, asserts that plaintiffs were warned or were otherwise made aware of the alleged dangers of the product, and further, any such alleged dangers were not beyond those which would have been contemplated by an ordinary consumer of the product. Plaintiffs are thereby estopped from any recovery on the claims asserted.

### ELEVENTH DEFENSE

Morris did not make any material representation of fact regarding the products it distributes which was not true, or if such representation was made, which Morris specifically denies, then Morris did not make such representation with the intent to either deceived or to induce plaintiffs to act in justifiable reliance.

**TWELFTH DEFENSE**

Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of Morris , and did not act upon any statement, representation advice or conduct to their detriment.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred because of plaintiffs' lack of awareness of, or lack of reliance upon, the representations alleged.

**FOURTEENTH DEFENSE**

Morris  asserts that as of the relevant times alleged in the Petition, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have know of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Petition; (2) the alleged danger of any such design characteristics.

**FIFTEENTH DEFENSE**

Plaintiffs'  claims are barred by the doctrine of laches, waiver, estoppel and/or statutory and regulatory compliance.

**SIXTEENTH DEFENSE**

Morris  invokes each and every constitutional defense available to it under the Constitution of Louisiana and the Constitution of the United States.  This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on

compensatory and punitive damages.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiffs, or any state entity acting on behalf of plaintiffs, have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## EIGHTEENTH DEFENSE

Morris is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by plaintiffs, or any state entity acting on behalf of plaintiffs, with respect to the same alleged injuries. Morris is also entitled to have any damages that may be awarded to plaintiffs reduced by the value of any benefit or payment to plaintiffs, or any state entity acting on behalf of plaintiffs, from any collateral source.

## NINETEENTH DEFENSE

Where applicable, Plaintiffs' claims are barred, in whole or in part, by executed releases and/or the doctrines of *res judicata* and estoppel.

## TWENTIETH DEFENSE

Morris asserts that it has complied with all applicable state and federal laws relating to the distribution and/or sale of pharmaceuticals.

## TWENTY-FIRST DEFENSE

Morris asserts that to the extent plaintiffs asserts claims based on Morris' adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by

federal law under the Supremacy Clause of the United States.

### TWENTY-SECOND DEFENSE

Plaintiffs claims are barred, in whole or in part, under the applicable state law because VIOXX was subject to and received pre-market approval by the Food and Drug Administration under 21 U.S.C. Sec. 301.

### TWENTY-THIRD DEFENSE

To the extent plaintiffs asserts claims based upon an alleged failure by Morris to warn plaintiffs directly of alleged dangers associated with the use of VIOXX, such claims are barred under the learned-intermediary doctrine.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the "directions or warning" as to the use of VIOXX were adequate under the law.

### TWENTY-FIFTH DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Petition, which is expressly denied, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Morris is not responsible.

### TWENTY-SIXTH DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Petition, which is expressly denied, such injuries or losses resulted from plaintiffs' misuse or abuse of VIOXX thereby

barring recovery.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred as plaintiffs failed to read and/or head any warning that may have been provided.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the product at issue was distributed in accordance with the state of the art at the time it was distributed, thereby barring any recovery by plaintiffs.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because there existed no privity between plaintiffs and Morris .

## THIRTIETH DEFENSE

Plaintiffs are not entitled to punitive damages under Louisiana Law.

## THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to recovery under the La.  Unfair Trade Practices Act as plaintiffs have failed to give notice to the La.  Attorney General as required by the Act.

## THIRTY-SECOND DEFENSE

Plaintiffs have failed to plead fraud with particularity as required by Louisiana Code of Civil Procedure article 856.

## THIRTY-THIRD DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Morris in that he failed to notify Morris of any alleged defect in the product.

## THIRTY-FOURTH DEFENSE

Plaintiff s have failed to state a cause of action in redhibition against Morris in that Morris owed no warranty to plaintiffs for defects that were known to plaintiffs or should have been discovered by a reasonably prudent buyer.

## THIRTY-FIFTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Morris in that no redhibitory defect exists in VIOXX.

## THIRTY-SIXTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Morris in that the thing sold was fit for its ordinary use.

## THIRTY-SEVENTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Morris in that plaintiffs failed to tender the product for repair or return of the purchase price.

## THIRTY-EIGHTH DEFENSE

Morris adopts and incorporates by reference any affirmative defense asserted by the other defendants to this action, to the extent such affirmative defense applies to Morris , and further reserves the right to assert any other defense that may become available or appear during the

discovery proceedings or otherwise in this case.

## THIRTY-NINTH DEFENSE

Morris  hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case, including defenses that may be available under the laws of any state other than Louisiana, should such state's laws apply to this case.

## AND NOW FOR ANSWER TO PLAINTIFFS' PETITION:

### PRELIMINARY STATEMENT

Morris  states that it is answering Plaintiffs' allegations on behalf of itself only, even when Plaintiffs' allegations refer to alleged conduct by Morris  and other persons or entities.  The Petition improperly and repeatedly refers to Morris  and the other defendant on a collective basis and fails to plead with the requisite particularity allegations against Morris .  To the extent that any specific allegations are made, or intended to be made against Morris  that are not specifically admitted herein, they are denied.

### RESPONSE TO PETITION

1.

Morris  denies the allegations set forth in Paragraph 1 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

2.

Morris denies the allegations set forth in Paragraph 2 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

3.

Morris denies the allegations set forth in Paragraph 3 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

4.

Morris denies the allegations set forth in Paragraph 4 of plaintiff petition for lack of sufficient information to justify a belief therein.

5.

Morris denies the allegations set forth in Paragraph 5 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

6.

Morris denies the allegations set forth in Paragraph 6 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

7.

Morris denies the allegations set forth in Paragraph 7 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

8.

Morris denies the allegations set forth in Paragraph 8 of plaintiffs' petition for lack of

sufficient information to justify a belief therein.

9.

Morris  denies the allegations set forth in Paragraph 9 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

10.

Morris  denies the allegations set forth in Paragraph 10 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

11.

Morris  denies the allegations set forth in Paragraph 11 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

12.

Morris  denies the allegations set forth in Paragraph 12 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

13.

Morris  denies the allegations set forth in Paragraph 13 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

14.

Morris  admits that it is incorporated in the State of Louisiana with its principal place of business in Shreveport, Louisiana.  Morris admits that its prior name was Morris & Dickson, LLC and Morris & Dickson of Louisiana, LLC.  Morris  further admits that it distributed pharmaceuticals

and other products, including Vioxx in Louisiana.  The remainder of the allegations of Paragraph 14 are denied.

15.

Morris  denies the allegations set forth in Paragraph 15 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

16.

Morris  denies the allegations set forth in Paragraph 16 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

**RESPONSE TO JURISDICTION AND VENUE**

17.

The allegations in Paragraph 17 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

18.

The allegations in Paragraph 18 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

**RESPONSE TO BACKGROUND INFORMATION**

19.

The allegations in Paragraph 19 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

20.

The allegations in the first sentence of Paragraph 20 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein. The remainder of the allegations of Paragraph 20, to the extent that they seek to impose liability of any nature upon Morris , are denied.

21.

The allegations in Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations in Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations in Paragraph 23 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

24.

The allegations in the first sentence of Paragraph 24 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein. The remainder of the allegations of Paragraph 24, to the extent that they seek to impose liability of any nature upon Morris , are denied.

25.

The allegations in Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations in the first sentence of Paragraph 27 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.  The remainder of the allegations of Paragraph 27, to the extent that they seek to impose liability of any nature upon Morris , are denied.

28.

The allegations in Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations in Paragraph 29 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

30.

The allegations in the first sentence of Paragraph 20 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.  The remainder of the allegations of Paragraph 20, to the extent that they seek to impose liability of any nature upon Morris , are denied.

31.

The allegations in Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations in Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations in the first sentence of Paragraph 33 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein. The remainder of the allegations of Paragraph 33, to the extent that they seek to impose liability of any nature upon Morris , are denied.

34.

The allegations in Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35.

The allegations in Paragraph 35 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

36.

The allegations in the first sentence of Paragraph 36 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein. The remainder of the allegations of Paragraph 36, to the extent that they seek to impose liability of any nature upon Morris , are denied.

37.

The allegations in Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations in Paragraph 38 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

39.

The allegations in the first sentence of Paragraph 39 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.  The remainder of the allegations of Paragraph 39, to the extent that they seek to impose liability of any nature upon Morris , are denied.

40.

The allegations in Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations in Paragraph 41 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

42.

The allegations in the first sentence of Paragraph 42 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.  The remainder of the allegations of Paragraph 42, to the extent that they seek to impose liability of any nature upon Morris , are denied.

43.

The allegations in Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

## RESPONSE TO FACTS:
## THE INTRODUCTION OF VIOXX TO THE UNITED STATES MARKETS

44.

The allegations in Paragraph 44 of plaintiffs' petition are denied except to admit that Morris distributed Vioxx.

45.

The allegations in Paragraph 45 of plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 45 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

46.

The allegations in Paragraph 46 of plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 46 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

47.

The allegations in Paragraph 47 of plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 47 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

48.

The allegations in Paragraph 48 of plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 48 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

49.

The allegations in Paragraph 49 of plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 49 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

50.

The allegations in Paragraph 50 of plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 50 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

51.

The allegations in Paragraph 51 of plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 51 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

52.

The allegations in Paragraph 52 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 52 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

## RESPONSE TO REPORTS OF MEDICAL PROBLEMS CONNECTED WITH VIOXX

53.

The allegations in Paragraph 53 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 53 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

54.

The allegations in Paragraph 54 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 54 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

55.

Morris  denies the allegations in Paragraph 55 of plaintiffs' petition.

56.

The allegations in Paragraph 56 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 56 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

57.

The allegations in Paragraph 57 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from these defendants.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 57 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

58.

The allegations in Paragraph 58 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 58 of plaintiffs' petition for lack of

sufficient information to justify a belief therein.

59.

The allegations in Paragraph 59 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 59 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

60.

The allegations in Paragraph 60 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 60 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

61.

The allegations in Paragraph 61 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 61 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

62.

The allegations in Paragraph 62 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 62 of plaintiffs' petition for lack of

sufficient information to justify a belief therein.

63.

The allegations in Paragraph 63 of plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 63 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

### RESPONSE TO COUNT ONE - WRONGFUL DEATH

64.

With respect to the allegations contained in Paragraph 64 of the Petition, Morris  repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

65.

The allegations in Paragraph 65 of plaintiffs' petition are denied.

66.

The allegations in Paragraph 66 of plaintiffs' petition are denied.

67.

The allegations in Paragraph 67 of plaintiffs' petition are denied.

### RESPONSE TO COUNT TWO - STRICT LIABILITY

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Strict Liability.**

68.

With respect to the allegations contained in Paragraph 68 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

69.

The allegations in Paragraph 69 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 69 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris . Morris respectfully submits that conflict of law rules prohibit the application of New Jersey law to it.

70.

The allegations of Paragraph 70 of plaintiffs' petition are denied.

71.

The allegations in Paragraph 71 of plaintiffs' petition are denied.

72.

Morris denies the allegations set forth in Paragraph 72 of plaintiffs' petition, including subparts (a) through (k), in so far as it seeks to impose liability of any nature upon Morris .

73.

The allegations in Paragraph 73 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 73 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

74.

The allegations in Paragraph 74 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 74 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

75.

The allegations in Paragraph 75 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 75 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

76.

The allegations in Paragraph 76 of plaintiffs' petition are denied.

77.

The allegations in Paragraph 77 of plaintiffs' petition are denied.

78.

The allegations in Paragraph 78 of plaintiffs' petition are denied.

## RESPONSE TO COUNT THREE- NEGLIGENCE AND GROSS NEGLIGENCE

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Negligence and Gross Negligence.**

79.

With respect to the allegations contained in Paragraph 79 of the Petition, Morris repeats and

realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

80.

Morris  denies the allegations of the first, third and fourth sentence of Paragraph 80 of plaintiffs' petition.  The allegations in the second sentence of Paragraph 80 are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

81.

Morris  denies the allegations of Paragraph 81 of plaintiffs' petition.

82.

Morris  denies the allegations of Paragraph 82 of plaintiffs' petition including subparts (a) through (p).

83.

Morris  denies the allegations of Paragraph 83 of plaintiffs' petition.

**RESPONSE TO COUNT FOUR - NEGLIGENCE PER SE**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Negligence Per Se**

84.

With respect to the allegations contained in Paragraph 84 of the Petition, Morris  repeats and realleges each and every denial, averment and statement contained in this Answer with the same

force and effect as though set forth here in full.

85.

The allegations in Paragraph 85 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, Morris  denies that it violated any laws applicable to it and further alleges that plaintiff has failed to state a cause of action against this defendant.

86.

Morris  denies the allegations set forth in Paragraph 86 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

87.

Morris  denies the allegations of Paragraph 87 of plaintiffs' petition.

88.

Morris  denies the allegations of Paragraph 88 of plaintiffs' petition.

89.

Morris  denies the allegations of Paragraph 89 of plaintiffs' petition.

## RESPONSE TO COUNT FIVE - PRODUCTS LIABILITY - DEFECTIVE DESIGN

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Products Liability - Defective Design**

90.

With respect to the allegations contained in Paragraph 90 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

91.

Morris denies the allegations set forth in Paragraph 91 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

92.

The allegations in Paragraph 92 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 92 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

93.

The allegations in Paragraph 93 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 93 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

94.

The allegations in Paragraph 94 of this Petition are denied in so far as it seeks to impose

liability of any nature upon Morris .

95.

The allegations in Paragraph 95 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 95 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

96.

The allegations in Paragraph 96 are denied.

97.

The allegations in Paragraph 97 are denied.

**RESPONSE TO COUNT SIX-PRODUCT LIABILITY - FAILURE TO WARN**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Products Liability - Failure to Warn.**

98.

With respect to the allegations contained in Paragraph 98 of the Petition, Morris  repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

99.

The allegations in Paragraph 99 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 99 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

100.

The allegations in Paragraph 100 of plaintiffs' petition contain legal conclusions to which no answer is required.  Should a response be deemed required, Morris  denies the allegations of Paragraph 100 of plaintiffs' petition.

101.

The allegations in Paragraph 101 of this Petition do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 101 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris

102.

The allegations in Paragraph 102 of this Petition do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 102 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris

103.

Morris  denies the allegations set forth in Paragraph 103 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

104.

Morris  denies the allegations set forth in Paragraph 104 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

**<u>RESPONSE TO COUNT SEVEN - BREACH OF EXPRESS WARRANTY</u>**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Breach of Express Warranty.**

105.

With respect to the allegations contained in Paragraph 105 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

106.

The allegations in Paragraph 106 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

107.

Morris denies the allegations contained in Paragraph 107.

108.

The allegations in Paragraph 108 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

109.

Morris denies the allegations contained in Paragraph 109.

<u>**RESPONSE TO COUNT EIGHT - BREACH OF IMPLIED WARRANTY**</u>

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris**

**for Breach of Implied Warranty.**

110.

With respect to the allegations contained in Paragraph 110 of the Petition, Morris  repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

111.

The allegations in Paragraph 111 of plaintiffs' petition are denied.

112.

The allegations in Paragraph 112 of plaintiffs' petition are denied.

113.

The allegations in Paragraph 113 of plaintiffs' petition are denied.

114.

The allegations in Paragraph 114 of plaintiffs' petition are denied.

## RESPONSE TO COUNT NINE - NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Negligent or Intentional Infliction of Emotional Distress**

115.

With respect to the allegations contained in Paragraph 115 of the Petition, Morris  repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

116.

Morris denies the allegations of Paragraph 116.

117.

Morris denies the allegations of Paragraph 117

**RESPONSE TO COUNT TEN - FRAUD AND MISREPRESENTATION**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Fraud or Misrepresentation.**

118.

With respect to the allegations contained in Paragraph 118 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

119.

Morris denies the allegations of Paragraph 119.

120.

Morris denies the allegations of Paragraph 120.

121.

Morris denies the allegations of Paragraph 121.

122.

Morris denies the allegations of Paragraph 122.

123.

Morris  denies the allegations of Paragraph 123.

124.

Morris  denies the allegations of Paragraph 124 including subparts (a) through(d).

125.

Morris  denies the allegations of Paragraph 125.

126.

Morris  denies the allegations of Paragraph 126.

127.

Morris  denies the allegations of Paragraph 127.

128.

Morris  denies the allegations of Paragraph 128.

129.

The allegations in Paragraph 129 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

130.

Morris  denies the allegations of Paragraph 130.

131.

Morris  denies the allegations of Paragraph 131.

132.

Morris denies the allegations of Paragraph 132.  Additionally, conflict of laws rules prohibit the application of Mississippi law to Morris in this matter.

### RESPONSE TO NEWJERSEY CONSUMER FRAUD ACT

**CAVEAT (Affirmative Defense): Conflict of laws rules prohibit the application of New Jersey law to Morris .**

133.

With respect to the allegations contained in Paragraph 133 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

134.

Morris denies the allegations of Paragraph 134 except to admit that it is a wholesale distributor.

135.

The allegations in Paragraph 135 of this Petition do not require an answer from this defendant.  Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 135 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris

136.

The allegations in Paragraph 136 of this Petition do not require an answer from this defendant.  Should an answer be deemed necessary, Morris denies the allegations set forth in

Paragraph 136 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris

137.

Morris denies the allegations of Paragraph 137.

138.

Morris denies the allegations of Paragraph 138.

139.

Morris denies the allegations of Paragraph 139.

140.

The allegations in Paragraph 140 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 140 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris

141.

Morris denies the allegations of Paragraph 141.

142.

Morris denies the allegations of Paragraph 142.

143.

The allegations in Paragraph 143 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 143 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

144.

Morris denies allegations in Paragraph 144.

145.

The allegations in Paragraph 145 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 145 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris

146.

The allegations in Paragraph 146 of this Petition do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 146 of plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris

.

## RESPONSE TO VIOLATIONS OF NEW JERSEY CONSUMER FRAUD ACT AND LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

**CAVEAT (Affirmative Defense): Conflict of laws rules prohibit the application of New Jersey law to Morris . Additionally, plaintiff has failed to state a cause of action for Unfair Trade Practices or Consumer Protection Law.**

147.

With respect to the allegations contained in Paragraph 147 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

148.

Morris  denies that plaintiff is entitled to the relief sought in Paragraph 148.

149.

The allegations in Paragraph 149 are denied except to admit that Morris  is a wholesale distributor.

150.

The allegations in Paragraph 150 are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, they are denied.

151.

Morris  denies the allegations contained in Paragraph 151.

152.

Morris  denies the allegations contained in Paragraph 152.

153.

Morris  denies the allegations contained in Paragraph 153.

154.

Morris  denies the allegations contained in Paragraph 154.

155.

Morris  denies the allegations contained in Paragraph 155.

156.

Morris  denies the allegations contained in Paragraph 156.

157.

Morris denies the allegations contained in Paragraph 157.

158.

The allegations in Paragraph 158 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, the allegations are denied.

159.

Morris denies the allegations contained in Paragraph 159.

160.

Morris denies the allegations contained in Paragraph 160.

161.

Morris denies the allegations contained in Paragraph 161.

162.

The allegations of Paragraph 162 are legal conclusions and do not require an answer of this defendant. Should an answer be deemed necessary, Morris denies the allegations contained in Paragraph 162.

163.

Morris denies the allegations contained in Paragraph 163.

164.

Morris denies the allegations contained in Paragraph 164.

165.

Morris  denies the allegations contained in Paragraph 165.

166.

Morris  denies the allegations contained in Paragraph 166.

167.

Morris  denies the allegations contained in Paragraph 167.

168.

Morris  denies the allegations contained in Paragraph 168.

## RESPONSE TO COUNT ELEVEN - UNJUST ENRICHMENT.

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action for Unjust Enrichment.**

169.

With respect to the allegations contained in Paragraph 169 the Petition, Morris  repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

170.

Morris  denies the allegations of Paragraph 170.

## RESPONSE TO COUNT TWELVE - REDHIBITION.

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action for Redhibition.**

171.

With respect to the allegations contained in Paragraph 171 the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

172.

Morris denies the allegations of Paragraph 172.

173.

The allegations in Paragraph 173 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

174.

Morris denies the allegations of Paragraph 174.

**RESPONSE TO COUNT THIRTEEN - LOSS OF CONSORTIUM**

175.

With respect to the allegations contained in Paragraph 175 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

176.

Morris denies the allegations of Paragraph 176.

177.

Morris denies the allegations of Paragraph 177.

**RESPONSE TO COUNT FOURTEEN - RES IPSA LOQUITUR**

**CAVEAT (Affirmative Defense): The application of res ipsa loquitor is improper in this case.**

178.

With respect to the allegations contained in Paragraph 178 the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

179.

Morris denies the allegations of Paragraph 179.

180.

The allegations in Paragraph 180 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

**RESPONSE TO ADDITIONAL ALLEGATIONS RE: LOUISIANA DISTRIBUTORS**

181.

With respect to the allegations contained in Paragraph 181 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

182.

Morris  denies the allegations of Paragraph 182.

183.

Morris  denies the allegations of Paragraph 183.

184.

Morris  denies the allegations of Paragraph 184.

185.

Morris  denies the allegations of Paragraph 185.

186.

Morris  denies the allegations of Paragraph 186.

187.

Morris  denies the allegations of Paragraph 187.

## **RESPONSE TO JURY DEMAND**

188.

The allegations in Paragraph 188 are legal conclusions and do not require an answer of this defendant.

## **RESPONSE TO DAMAGES**

Morris    denies  the  allegations  contained  in  the  unnumbered  Paragraph  following "DAMAGES."

189.

The allegations in Paragraph 189 are denied.

190.

The allegations in Paragraph 190 are denied.

Respectfully submitted,

Thomas P.  Anzelmo (Bar Roll #2533)
Catherine M.  "Shelly" Williams (Bar Roll #24706)
McCranie, Sistrunk, Anzelmo,
         Hardy, Maxwell & McDaniel, PC
3445 N.  Causeway Blvd.
Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
Counsel for Morris & Dickson Co. LLC
tanzelmo@mcsalaw.com
cwilliams@mcsalaw.com

## CERTIFICATE OF SERVICE

I, Catherine M.  Williams, certify that I served copies of the foregoing Answer, Affirmative Defenses and Request for Jury Trial on all parties by electronically uploading same to LexixNexis File an Serve in accordance with Pre Trial Order No. 8, this 5th day of December, 2005.

Catherine M.  Williams (Bar Roll No.  24706)