FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -6  PM 12: 51

LORETTA G. WHYTE
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Vioxx | | |
| **PRODUCTS LIABILITY LITIGATION** | * | **MDL DOCKET NO: 1657** |
| | * | **Section L** |
| | * | **Judge Fallon** |
| | * | |
| **This Document Relates to** | * | **Mag.  Judge Knowles** |
| | | |
| **CLARENCE ABRAMS, ET AL** | * | |
| **VS. MERCK, ET AL;** | * | |
| | | |
| **Docket No.  05-5204 Eastern District of LA** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## AFFIRMATIVE DEFENSES AND ANSWER

NOW INTO COURT, comes defendant, **Morris & Dickson Co. LLC** (hereinafter referred to as "Morris") in the captioned matter, who submits the following Answer and Affirmative Defenses to the Petition of Clarence Abrams, et al.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiffs' Petition fails to state facts sufficient to constitute a claim upon which relief can be granted and further fails to entitle plaintiff to the relief sought, or to any other relief whatsoever from Morris .

Fee_____
Process_____
X  Dktd._____
CtRmDep._____
Doc. No_____

### SECOND DEFENSE

Plaintiffs' claims are barred by the applicable prescriptive periods or statutes of limitations provided for such claims.

### THIRD DEFENSE

Morris denies that the products distributed by it caused or contributed to the alleged injuries of plaintiffs and further denies that it is liable to plaintiffs for the claims alleged or for any other claims whatsoever.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the Louisiana Products Liability Act, LSA R.S. 9:2800.51, *et seq*, and Morris hereby pleads all of the limitations and defenses set forth therein.

### FIFTH DEFENSE

Plaintiffs assumed the risk of any injury or damage alleged in the Petition.

### SIXTH DEFENSE

Plaintiffs failed to limit or mitigate his own losses.

### SEVENTH DEFENSE

Morris asserts that any injury or damages alleged in the Petition, which injuries and/or damages at all times are denied, were caused solely by the acts, wrongs, or omissions of plaintiffs; or by pre-existing conditions; or by other persons, entities or forces over whom Morris had no control and for which Morris is not responsible.

### EIGHTH DEFENSE

Any injury or damage sustained by plaintiffs were caused by intervening or superseding events, factors, occurrences or conditions which were not caused by Morris and for which Morris is not liable.

### NINTH DEFENSE

In the event that Morris is found to be at fault for the damages complained of herein, which is at all times specifically denied, then in that event, Morris avers that any injury or damages alleged in the Petition were caused by the contributory and/or comparative negligence of plaintiffs, thereby barring Plaintiffs' recovery, in whole or in part.

### TENTH DEFENSE

Morris , while denying that any product distributed by it caused or contributed to any injury incurred by plaintiffs, asserts that plaintiffs were warned or were otherwise made aware of the alleged dangers of the product, and further, any such alleged dangers were not beyond those which would have been contemplated by an ordinary consumer of the product.  Plaintiffs are thereby estopped from any recovery on the claims asserted.

### ELEVENTH DEFENSE

Morris did not make any material representation of fact regarding the products it distributes which was not true, or if such representation was made, which Morris specifically denies, then Morris did not make such representation with the intent to either deceived or to induce plaintiffs to act in justifiable reliance.

## TWELFTH DEFENSE

Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of Morris , and did not act upon any statement, representation advice or conduct to their detriment.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because of plaintiffs' lack of awareness of, or lack of reliance upon, the representations alleged.

## FOURTEENTH DEFENSE

Morris  asserts that as of the relevant times alleged in the Petition, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have know of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Petition; (2) the alleged danger of any such design characteristics.

## FIFTEENTH DEFENSE

Plaintiffs'  claims are barred by the doctrine of laches, waiver, estoppel and/or statutory and regulatory compliance.

## SIXTEENTH DEFENSE

Morris  invokes each and every constitutional defense available to it under the Constitution of Louisiana and the Constitution of the United States.  This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on

compensatory and punitive damages.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiffs, or any state entity acting on behalf of plaintiffs, have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## EIGHTEENTH DEFENSE

Morris is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by plaintiffs, or any state entity acting on behalf of plaintiffs, with respect to the same alleged injuries. Morris is also entitled to have any damages that may be awarded to plaintiffs reduced by the value of any benefit or payment to plaintiffs, or any state entity acting on behalf of plaintiffs, from any collateral source.

## NINETEENTH DEFENSE

Where applicable, Plaintiffs' claims are barred, in whole or in part, by executed releases and/or the doctrines of *res judicata* and estoppel.

## TWENTIETH DEFENSE

Morris asserts that it has complied with all applicable state and federal laws relating to the distribution and/or sale of pharmaceuticals.

## TWENTY-FIRST DEFENSE

Morris asserts that to the extent plaintiffs asserts claims based on Morris' adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by

federal law under the Supremacy Clause of the United States.

### TWENTY-SECOND DEFENSE

Plaintiffs claims are barred, in whole or in part, under the applicable state law because VIOXX was subject to and received pre-market approval by the Food and Drug Administration under 21 U.S.C. Sec. 301.

### TWENTY-THIRD DEFENSE

To the extent plaintiffs asserts claims based upon an alleged failure by Morris to warn plaintiffs directly of alleged dangers associated with the use of VIOXX, such claims are barred under the learned-intermediary doctrine.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the "directions or warning" as to the use of VIOXX were adequate under the law.

### TWENTY-FIFTH DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Petition, which is expressly denied, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Morris is not responsible.

### TWENTY-SIXTH DEFENSE

If plaintiffs have sustained injuries or losses as alleged in the Petition, which is expressly denied, such injuries or losses resulted from plaintiffs' misuse or abuse of VIOXX thereby

barring recovery.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred as plaintiffs failed to read and/or head any warning that may have been provided.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the product at issue was distributed in accordance with the state of the art at the time it was distributed, thereby barring any recovery by plaintiffs.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because there existed no privity between plaintiffs and Morris .

### THIRTIETH DEFENSE

Plaintiffs are not entitled to punitive damages under Louisiana Law.

### THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to recovery under the La.  Unfair Trade Practices Act as plaintiffs have failed to give notice to the La.  Attorney General as required by the Act.

### THIRTY-SECOND DEFENSE

Plaintiffs have failed to plead fraud with particularity as required by Louisiana Code of Civil Procedure article 856.

### THIRTY-THIRD DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Morris in that he failed to notify Morris of any alleged defect in the product.

### THIRTY-FOURTH DEFENSE

Plaintiff s have failed to state a cause of action in redhibition against Morris in that Morris owed no warranty to plaintiffs for defects that were known to plaintiffs or should have been discovered by a reasonably prudent buyer.

### THIRTY-FIFTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Morris in that no redhibitory defect exists in VIOXX.

### THIRTY-SIXTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Morris in that the thing sold was fit for its ordinary use.

### THIRTY-SEVENTH DEFENSE

Plaintiffs have failed to state a cause of action in redhibition against Morris in that plaintiffs failed to tender the product for repair or return of the purchase price.

### THIRTY-EIGHTH DEFENSE

Morris adopts and incorporates by reference any affirmative defense asserted by the other defendants to this action, to the extent such affirmative defense applies to Morris , and further reserves the right to assert any other defense that may become available or appear during the

discovery proceedings or otherwise in this case.

### THIRTY-NINTH DEFENSE

Morris hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case, including defenses that may be available under the laws of any state other than Louisiana, should such state's laws apply to this case.

### AND NOW FOR ANSWER TO PLAINTIFFS' PETITION:

### PRELIMINARY STATEMENT

Morris states that it is answering Plaintiffs' allegations on behalf of itself only, even when Plaintiffs' allegations refer to alleged conduct by Morris and other persons or entities. The Petition improperly and repeatedly refers to Morris and the other defendant on a collective basis and fails to plead with the requisite particularity allegations against Morris . To the extent that any specific allegations are made, or intended to be made against Morris that are not specifically admitted herein, they are denied.

### RESPONSE TO PETITION

### 1 -102.

Morris denies the allegations set forth in Paragraphs 1-102 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

103.

Morris denies the allegations set forth in Paragraph 3 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

104.

Morris denies the allegations set forth in Paragraph 1044 of plaintiff petition for lack of sufficient information to justify a belief therein.

105.

Morris admits that it is incorporated in the State of Louisiana with its principal place of business in Shreveport, Louisiana.  Morris admits that its prior name was Morris & Dickson, LLC and Morris & Dickson of Louisiana, LLC.

106.

Morris denies the allegations set forth in Paragraph 106 of plaintiffs' petition for lack of sufficient information to justify a belief therein.

**RESPONSE TO JURISDICTION AND VENUE**

107.

The allegations in Paragraph 107 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

108.

The allegations in Paragraph 108 of plaintiffs' petition are legal conclusions and do not require an answer of this defendant.  Should an answer be deemed necessary, the allegations are denied.

## RESPONSE TO FACTUAL ALLEGATIONS

109.

The allegations in Paragraph 109 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 109 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

110.

The allegations of Paragraph 110 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein.

111.

The allegations in Paragraph 111 Plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 111 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

112.

The allegations in Paragraph 112 plaintiffs' petition do not contain any allegations against

Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 112 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

113.

The allegations in Paragraph 113 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 113 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

114.

The allegations in Paragraph 114 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 114 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

115.

The allegations in Paragraph 115 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 115 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

116.

The allegations in Paragraph 116 plaintiffs' petition do not contain any allegations against

Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 116 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

117.

The allegations in Paragraph 117 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 117 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

118.

The allegations in Paragraph 118 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 118 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

119.

The allegations in Paragraph 119 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 119 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

120.

The allegations in Paragraph 120 plaintiffs' petition do not contain any allegations against

Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 120 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

121.

The allegations in Paragraph 121 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 121 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

122.

The allegations in Paragraph 122 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 122 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

123.

The allegations in Paragraph 123 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 123 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris .

124.

The allegations in Paragraph 124 plaintiffs' petition do not contain any allegations against

Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 124 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

125.

The allegations in Paragraph 125 plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 125 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

126.

The allegations in Paragraph 126 plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 126 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

127.

The allegations in Paragraph 127 plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 127 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

128.

The allegations in Paragraph 128 plaintiffs' petition do not contain any allegations against

Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 128 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

129.

The allegations in Paragraph 129 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 129 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

130.

The allegations in Paragraph 130 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 130 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

131.

The allegations in Paragraph 131 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 131 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

132.

The allegations in Paragraph 132 plaintiffs' petition do not contain any allegations against

Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 132 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

133.

The allegations in Paragraph 133 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 133 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

134.

The allegations in Paragraph 134 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 134 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

135.

The allegations in Paragraph 135 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 135 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

136.

The allegations in Paragraph 136 plaintiffs' petition do not contain any allegations against

Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 136 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

137.

The allegations in Paragraph 137 plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 137 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

138.

The allegations in Paragraph 138 plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 138 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

139.

The allegations in Paragraph 139 plaintiffs' petition do not contain any allegations against Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 139 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

140.

The allegations in Paragraph 140 plaintiffs' petition do not contain any allegations against

Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 140 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

141.

The allegations in Paragraph 141 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 141 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

142.

The allegations in Paragraph 142 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 142 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

143.

The allegations in Paragraph 143 plaintiffs' petition do not contain any allegations against Morris  and therefore do not require an answer from this defendant.  Should an answer be deemed necessary, Morris  denies the allegations set forth in Paragraph 143 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

144.

The allegations in Paragraph 144 plaintiffs' petition do not contain any allegations against

Morris and therefore do not require an answer from this defendant. Should an answer be deemed necessary, Morris denies the allegations set forth in Paragraph 144 plaintiffs' petition in so far as it seeks to impose liability of any nature upon Morris.

## RESPONSE TO COUNT ONE – NEGLIGENCE

### 145.

With respect to the allegations contained in Paragraph 145 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

### 146.

The allegations in Paragraph 146 of plaintiffs' petition are denied.

### 147.

The allegations in Paragraph 147 of plaintiffs' petition are denied.

### 148.

The allegations in Paragraph 148 of plaintiffs' petition are denied.

### 149.

The allegations in Paragraph 149 of plaintiffs' petition are denied.

### 150.

The allegations in Paragraph 150 of plaintiffs' petition are denied.

## RESPONSE TO COUNT TWO - STRICT LIABILITY

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Strict Liability.**

151.

With respect to the allegations contained in Paragraph 151 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

152.

The allegations in Paragraph 152 of plaintiffs' petition are denied.

153.

The allegations in Paragraph 153 of plaintiffs' petition are denied.

154.

The allegations in the first and third sentences of Paragraph 154 of plaintiffs' petition are denied for lack of sufficient information to justify a belief therein. The remainder of the allegations of Paragraph 154 are denied.

155.

Morris admits that it distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective. However the remainder of the allegations in Paragraph 155 of plaintiffs' petition are denied.

156.

The allegations in Paragraph 156 of plaintiffs' petition are denied.

157.

The allegations in Paragraph 157 of plaintiffs' petition are denied.

158.

The allegations in Paragraph 158 of plaintiffs' petition are denied.

159.

The allegations in Paragraph 159 of plaintiffs' petition are denied.

160.

The allegations in Paragraph 160 of plaintiffs' petition are denied.

## RESPONSE TO COUNT THREE- MISREPRESENTATION AND SUPPRESSION OF SAFETY INFORMATION

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Misrepresentation and Suppression of Safety Information.**

161.

With respect to the allegations contained in Paragraph 161 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

162.

The allegations in Paragraph 162 of plaintiffs' petition are denied.

163.

The allegations in Paragraph 163 of plaintiffs' petition are denied.

164.

The allegations in Paragraph 164 of plaintiffs' petition are denied.

165.

The allegations in Paragraph 165 of plaintiffs' petition are denied.

166.

The allegations in Paragraph 166 of plaintiffs' petition are denied.

167.

The allegations in Paragraph 167 of plaintiffs' petition are denied.

168.

The allegations in Paragraph 168 of plaintiffs' petition are denied.

169.

The allegations in Paragraph 169 of plaintiffs' petition are denied.

170.

The allegations in Paragraph 170 of plaintiffs' petition are denied.

171.

The allegations in Paragraph 171 of plaintiffs' petition are denied.

## <u>RESPONSE TO COUNT FOUR - REDHIBITION</u>

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Redhibition.**

### 172.

With respect to the allegations contained in Paragraph 172 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

### 173.

The allegations in Paragraph 173 of plaintiffs' petition are denied.

### 174.

The allegations in Paragraph 174 of plaintiffs' petition are denied.

### 175.

The allegations in Paragraph 175 of plaintiffs' petition are denied.

### 176.

The allegations in Paragraph 176 of plaintiffs' petition are denied.

### 177.

The allegations in Paragraph 177 of plaintiffs' petition are denied.

### 178.

The allegations in Paragraph 178 of plaintiffs' petition are denied.

179.

The allegations in Paragraph 179 of plaintiffs' petition are denied.


**RESPONSE TO COUNT FIVE – CLAIM UNDER THE LOUISIANA PRODUCT**

**LIABILITY ACT:  LA. R.S. 9:2800.6**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris under the Louisiana Product Liability Act, La. R.S. 9:2800.6**

180.

With respect to the allegations contained in Paragraph 180 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.  Morris further denies that it is a manufacturer.

181.

The allegations in Paragraph 181 of plaintiffs' petition are denied.

182.

The allegations in Paragraph 182 of plaintiffs' petition are denied.

183.

The allegations in Paragraph 183 of plaintiffs' petition are denied.

184.

The allegations in Paragraph 184 of plaintiffs' petition are denied.

**RESPONSE TO COUNT FIVE – CLAIM UNDER THE LOUISIANA PRODUCT LIABILITY ACT:  LA. R.S. 9:2800.5**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris  under the Louisiana Product Liability Act, La. R.S. 9:2800.57**

185.

With respect to the allegations contained in Paragraph 185 of the Petition, Morris  repeats and

realleges each and every denial, averment and statement contained in this Answer with the same

force and effect as though set forth here in full.

186.

The allegations in Paragraph 186 of plaintiffs' petition are denied.

187.

The allegations in Paragraph 187 of plaintiffs' petition are denied.

188.

The allegations in Paragraph 188 of plaintiffs' petition are denied.

189.

The allegations in Paragraph 189 of plaintiffs' petition are denied.

190.

The allegations in Paragraph 190 of plaintiffs' petition are denied.


**RESPONSE TO COUNT FIVE – CLAIM UNDER THE LOUISIANA PRODUCT**

**LIABILITY ACT:  LA. R.S. 9:2800.58**

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris**

**under the Louisiana Product Liability Act, La. R.S. 9:2800.58**

191.

With respect to the allegations contained in Paragraph 191 of the Petition, Morris repeats and

realleges each and every denial, averment and statement contained in this Answer with the same

force and effect as though set forth here in full.

192.

The allegations in Paragraph 192 of plaintiffs' petition are denied.

193.

The allegations in Paragraph 193 of plaintiffs' petition are denied.

194.

The allegations in Paragraph 194 of plaintiffs' petition are denied.

195.

The allegations in Paragraph 195 of plaintiffs' petition are denied.

## RESPONSE TO COUNT VIII – BREACH OF WARRANTY

**CAVEAT (Affirmative Defense): Plaintiff has failed to state a cause of action against Morris for Breach of Warranty.**

196

With respect to the allegations contained in Paragraph 196f the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

197

Morris denies the allegations of Paragraph 197

198.

Morris  denies the allegations of Paragraph 198

199

Morris  denies the allegations of Paragraph 199.

200.

Morris  denies the allegations of Paragraph 200.

201.

Morris  denies the allegations of Paragraph 201.

**RESPONSE TO COUNT IX – UNJUST ENRICHMENT**

**CAVEAT (Affirmative Defense):  Plaintiff has failed to state a cause of action for Unjust Enrichment.**

202.

With respect to the allegations contained in Paragraph 202 of the Petition, Morris  repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

203.

Morris  denies the allegations contained in Paragraph 203.

## RESPONSE TO COUNT X – ACTUAL AND CONSTRUCTIVE FRAUD

**CAVEAT (Affirmative Defense):  Plaintiff has failed to state a cause of action for Actual and Constructive Fraud.**

### 204

With respect to the allegations contained in Paragraph 204 of the Petition, Morris repeats and realleges each and every denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

### 205

Morris  denies the allegations of Paragraph 205.

### . 206

Morris  denies the allegations of Paragraph 206.

### 207

Morris  denies the allegations of Paragraph 207.

### 208

Morris  denies the allegations of Paragraph 208.

## RESPONSE TO PRAYER FOR RELIEF

The allegations in paragraph entitled "Prayer for Relief" are denied.

## RESPONSE TO JURY DEMAND

The allegations in paragraph "Jury Demand" are legal conclusions to which no responsive pleading

is required.

Respectfully submitted,

Thomas P. Anzelmo (Bar Roll #2533)
Catherine M. "Shelly" Williams (Bar Roll #24706)
McCranie, Sistrunk, Anzelmo,
        Hardy, Maxwell & McDaniel, PC
3445 N. Causeway Blvd.
Suite 800
Metairie, LA 70002
Phone: 504-831-0946
Fax:    504-831-2492
Counsel for Morris & Dickson Co. LLC
tanzelmo@mcsalaw.com
cwilliams@mcsalaw.com

## CERTIFICATE OF SERVICE

I, Catherine M. Williams, certify that I served copies of the foregoing Answer, Affirmative

Defenses and Request for Jury Trial on all parties by electronically uploading same to LexixNexis

File an Serve in accordance with Pre Trial Order No. 8 this 6[h] day of December, 2005.

Catherine M. Williams (Bar Roll No. 24706)