UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|   |   |   |
|---|---|---|
|   | : | MDL NO. 1657 |
| IN RE: VIOXX PRODUCTS | : |   |
| LIABILITY LITIGATION | : | SECTION: L |
|   | : |   |
|   | : | JUDGE FALLON |
|   | : | MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:
CLASS ACTIONS

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR A SUGGESTION OF REMAND OF CLASS PROCEEDINGS

The PSC agrees that the procedure proposed to decide the state-wide class certification motions is novel but not "Rube Goldbergesk". Novelty is not bad, and innovation is often beneficial. *See e.g., CJC Holdings, Inc. v. Wright & Lato, Inc.* 989 F.2d 791, 794 (5th Cir. 1993) (instructing courts not to "stifle the creativity of litigants in pursuing novel factual or legal theories".

The procedure suggested is not difficult or complex, and is necessitated by changes that have occurred since the 1968 inception of multi-district procedures. *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) and the enactment of the Class Action Fairness Act ("CAFA") require a re-examination of methods traditionally used to resolve MDL class actions. It is especially applicable to the instant consolidation of the alternatively sought state classes. Each state class complaint was started in its home jurisdiction and thus subject to its home circuit's law. *See, VanDusen v. Barrack*, 376 U.S. 612 ( 1964).

___ Fee___
___ Process___
_X_ Dktd___
_✓_ CtRmDep___
___ Doc. No___

The PSC agrees that when the MDL was created, before MDL Rule 14(b) was invalidated by *Lexecon* and before CAFA was enacted, it was appropriate for the transferee forum to decide class certification motions because it was simply assumed that the transferee forum would also be the trial court. The laws governing multi-district litigation and class actions, however, have now changed and the established rules governing which jurisdiction should decide the class issues must also change.

All but one of the cases that Defendant cites for the rule that class certification should be decided by the transferee court were decided before CAFA was enacted. The only exception is *In re Hydrogen Peroxide Antitrust Litig.*, 374 F. Supp. 2d 1345 (J.P.M.L. 2005), which does not apply. *Hydrogen Peroxide* involved only two cases, plus eleven tag-along actions, each alleging violations of the federal antitrust laws, *Id.*, and claims under those federal laws. The *Vioxx* state-wide class actions (an alternative to the national class) each encompass one jurisdiction and one state's laws. They are unique in their posture and may require different treatment to resolve fairly the class motions.

If the cases are not temporarily remanded for decision of the class issues, a transferor forum will have to apply the transferee forum and its court of appeals' interpretation of law, even if that interpretation conflicts with the law in its own district and circuit. The problem is more pronounced when, as in the *Vioxx* litigation, the cases are based on individual state laws.

The limited remand sought by the PSC will enable the plaintiffs to have the benefits of *VanDusen* and eliminate the mandate of *Korean AirLines Disaster of September 1, 1983*, 829 F.2d 1171 (D.C. Cir. 1987). *Korean Airlines* obviously would be controlling for the national class which will be decided absent remand and thus subject to Fifth Circuit jurisprudence.

The suggested procedure, an interim remand followed by a return to the MDL for further coordinated proceedings, will serve the needs of the MDL. It will allow the case to continue to be tried under the same law which decides class certification. Thus, the consequences of *Korean Airlines, supra*, can be successfully avoided. *See Manual for Complex Litigation (Fourth)* at § 20.14, Authors' Comment (2004) ("*Manual*") (quoting *In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972)).

Defendant's attempt to ensure that all cases are decided under the same law would vitiate the important public policy of respecting the plaintiff's choice of forum and eliminate the argument that a certified class in this MDL somehow usurps the class members' own jurisidictional law.[1] There is nothing improper in a plaintiff's

---

[1] The PSC takes offense at defendants' characterization of their request to be a Rube Goldberg device. (See Status Conference Transcript, December 1, 2006). Rather, the PSC seeks this relief, knowing that defendants traditionally employ every conceived of Rube Goldberg type of device to attack the adequacy of the plaintiffs. Plaintiffs' choice of the requested procedure will avoid the defendants' ability (even though improper) to manufacture a conflict of law issue arguing that class action deprives plaintiffs of their home court jurisdiction appellate review. *Cf., In Re Rezulin Products Liability Litigation*, 210 F.R.D. 61, 70-71 (S.D.N.Y. 2002). A Rule 23(a)(4) adequacy defense is not only dead wrong on the law, but defendants' improper motivation is more than just suspect. Courts have viewed such attacks on adequacy by the defendant as being improper. In *Umbriac v. American Snacks, Inc.*, 388 F.Supp. 265, 275 (E.D.Pa. 1975) the Court stated that this position taken by defendants is not realistic for defendants are not concerned with the best representation for the plaintiffs but rather that the

choosing to litigate in a circuit where precedents support the plaintiff's legal theory. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). Further, homogenizing all state class certification decisions under Fifth Circuit precedent ignores differences in circuit law important to the class certification decision and ultimate trial of the cases.

As explained in the PSC's initial Memorandum, judicial economy will be served if this Court, with an abundance of *Vioxx* litigation experience, sits by designation to decide each class certification motion.

The procedure by which a district judge is assigned to sit by designation is not complex. For an inter-circuit assignment, the Chief Justice of the United States designates a district judge to serve temporarily in another circuit, in a district court or circuit court, if the chief judge of the circuit obtains approval of the Chief Justice. *See* 28 U.S.C. § 292(d). The chief judge of the circuit from which the judge is to be designated must consent to the assignment. *See* 28 U.S.C. § 295. (For an intra-circuit assignment, the chief judge of a circuit may temporarily assign a district judge to hold court in any district within the circuit. *See* 28 U.S.C. § 292(b)).

In these class actions, it will be most efficient for this Court with the most

---

plaintiffs not be represented at all. In accord, *Sley v. Jamaica Water and Utilities, Inc., et al.*, 77 F.R.D. 391 (E.D.Pa. 1971).

4

substantial *Vioxx* experience to decide the class motions under the laws of the district courts where trial will ultimately be held, and subject to appellate review under Rule 23(f) in that specific circuit court of appeals.

Dated: December 6, 2005              Respectfully Submitted,

                                     PLAINTIFFS' STEERING COMMITTEE

                                     By: _____
                                     Russ M. Herman (Bar No. 6819)
                                     Leonard A. Davis (Bar No. 14190)
                                     Stephen J. Herman (Bar No. 23129)
                                     *Herman, Herman, Katz & Cotlar, LLP*
                                     820 O'Keefe Avenue
                                     New Orleans, Louisiana 70113
                                     504-581-4892 (telephone)
                                     504-561-6024 (telecopier)

                                     Temporary address:

                                     3411 Richmond Ave.
                                     Suite 460
                                     Houston, TX 77046
                                     713-877-1843 (telephone)
                                     713-871-9750 (telecopier)

                                     **Plaintiffs' Liaison Counsel**

Andy D. Birchfield, Jr., Esquire                Christopher A. Seeger, Esquire
*Beasley, Allen, Crow, Methvin,*                *Seeger Weiss*
    *Portis & Miles, P.C.*                      One William Street
P.O. Box 4160                                   New York, New York 10004
234 Commerce Street                             212-584-0700 (telephone)
Montgomery, Alabama 36103                       212-584-0799 (telecopier)
800-898-2034 (telephone)                        **Co-Lead Counsel**
334-954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
**Neblett, Beard & Arsenault**
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301
318-487-9874 (telephone)
318-561-2591 (telecopier)

Gerald E. Meunier, Esquire
**Gainsburgh, Benjamin, David,
   Meunier & Warshauer, L.L.C.**
Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, Louisiana 70163
504-522-2304 (telephone)
504-528-9973 (telecopier)

Troy Rafferty, Esquire
**Levin, Papantonio, Thomas, Mitchell,
Echsner & Proctor, PA**
316 South Baylen Street, Suite 400
Pensacola, Florida 32502
850-435-7000 (telephone)
850-497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
**Lieff, Cabraser, Heimann &
   Bernstein, LLP**
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111
415-956-1000 (telephone)
415-956-1008 (telecopier)

Mark Robinson, Esquire
**Robinson, Calcagnie & Robinson**
620 Newport Center Drive
7th Floor
Newport Beach, California 92660
949-720-1288 (telephone)
949-720-1292 (telecopier)

Thomas R. Kline, Esquire
**Kline & Specter, P.C.**
1525 Locust Street
19th Floor
Philadelphia, Pennsylvania 19102
215-772-1000 (telephone)
215-772-1371 (telecopier)

Arnold Levin, Esquire (on the brief)
Fred S. Longer, Esquire (on the brief)
**Levin, Fishbein, Sedran &
Berman**
510 Walnut Street
Suite 500
Philadelphia, Pennsylvania 19106
215-592-1500 (telephone)
215-592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
**Goforth, Lewis, Sanford LLP**
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
713-650-0022 (telephone)
713-650-1669 (telecopier)

Drew Ranier, Esquire
**Ranier, Gayle & Elliot, L.L.C.**
1419 Ryan Street
Lake Charles, Louisiana 70601
337-494-7171 (telephone)
337-494-7218 (telecopier)

Christopher V. Tisi, Esquire
**Ashcraft & Gerel**
2000 L Street, N.W.
Suite 400
Washington, D.C. 20036
202-783-6400 (telephone)
307-733-0028 (telecopier)

6

Dianne M. Nast, Esquire (on the brief)
Erin C. Burns, Esquire (on the brief)
Jennifer S. Snyder, Esquire (on the brief)
***RodaNast, P.C.***
801 Estelle Drive
Lancaster, Pennsylvania 17601
717-892-3000 (telephone)
717-892-1200 (telecopier)
**Vice-Chairperson, Law and
Briefing Committee**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 6th day of December, 2005.

_[signature]_