FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -8  PM 4: 28

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to All Personal Injury Class Action Complaints Pending or Subject to Transfer to MDL 1657 | JUDGE FALLON<br><br>MAG. JUDGE KNOWLES |

### PLAINTIFFS' STEERING COMMITTEE'S PRELIMINARY TRIAL PLAN FOR THE NATIONWIDE PERSONAL INJURY AND WRONGFUL DEATH CLASS ACTION

Plaintiffs submit the following Trial Plan for the Rule 23(b)(3) national personal injury and wrongful death class claims.[1] Although it is impossible to divine all of the management issues that might conceivably arise during the course of the litigation at this early stage, it is fair to present that counsel and the Court can deal with the practical problems that accompany cases of this magnitude.[2] Nevertheless, this preliminary trial plan accompanies our motion for class certification and attempts

---

[1] In *Castano v. American Tobacco Co.*, 84 F.3d 734, 749 (5th Cir. 1996), the Fifth circuit suggests that a trial plan be presented by plaintiffs to further aid the Court in determining whether to employ its discretion to certify a class.  This Trial Plan is based upon the application of New Jersey law, as New Jersey has the most significant governmental interests.   Because the PSC believes the law of New Jersey should apply to all the class claims, this Trial Plan hues to that line of reasoning.  Should the court determine that other state law applies, the PSC proposes alternative state classes, whose briefing schedule is separate from the national class.

[2] See *In re Motor Vehicle Air Pollution Control Devices*, 52 F.R.D. 398 (C.D.Cal. 1971), aff'd in part, rev'd in part, 481 F.2d 122 (9th Cir.)(until management is recognized as impossible or near impossible, the court will depend upon the ingenuity and aid of counsel to solve the complex problems of the litigation); *see generally, In re Coordinated Proceedings in Antibiotics Antitrust Litigation*, 333 F.Supp. 278, 289 (S.D.N.Y. 1971)("The court cannot simply close its doors to...litigants because their actions present novel and difficult questions").

1



to address immediate issues that can be predicted.

Plaintiffs anticipate the trial of the personal injury claims to proceed through two phases: (I) liability and (II) relief determination. Both of these phases will be discussed below.

### I. **PHASE I–LIABILITY**

Phase I is designed to obtain a preliminary finding of liability. Plaintiffs will prove through the testimony of current and/or former employees of Merck and documents produced in discovery that the defendant from New Jersey marketed, promoted and distributed Vioxx nationwide and in such a way as to suppress and hide the risks posed by the drug in violation of New Jersey law.[3]

Further, testimony of current and/or former employees of Merck and documents produced in discovery will show that Merck (1) marketed a defective product by failing to adequately warn patients and/or doctors of the drug's substantial risks associated with prothrombotic cardiovascular events; and (2) that Merck promoted Vioxx through the use of direct to consumer advertising in such a manner as to vitiate the learned intermediary doctrine. These predominating questions are common to the class. Their assessment by the jury will be binding or res judicata for the entire class, which would prove to be of significant benefit to both parties as it will eliminate duplicative proofs in any subsequent trials on these matters.

At the end of Phase I, the finder of fact will have to determine whether Merck is strictly liable

---

[3] Under the N.J. Product Liabilty Act, such acts are illegal. The PLA states: "A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner." *See* PLA, §2A:58C-2.

for its conduct in bringing Vioxx to market.

## II. PHASE II–RELIEF DETERMINATION

Assuming that the class receives a favorable finding regarding liability of Merck, the litigation will move into a second phase involving individual determination of causation and damages. A similar trial plan was successfully employed by Judge Brimmer in *In re Copley Pharmaceutical, Inc.*, 161 F.R.D. 456, 468-69 (D. Wy. 1995). *See also Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 470-71 (5th Cir.), *reh'd denied*, 785 F.2d 1034 (5th Cir. 1986); *Mullen v. Treasure Chest Casino*, 186 F.3d 620, 623 (5th Cir.1999). In separate mini-trials the PSC anticipates presentation of specific causation experts to testify to the association between plaintiffs' Vioxx use and their injury. In each trial the jury will be instructed on Merck's liability based upon findings from the Phase I trial. Each trial will only be required to focus on specific causation and damages thus enabling counsel to streamline their presentations and greatly limit the number of witnesses otherwise required to establish entitlement to relief.

## CONCLUSION

The preliminary trial plan broadly outlines the manner by which a class action regarding personal injuries can be readily managed and employed to provide classwide relief. As discovery is ongoing and not yet complete, the PSC reserves its right to supplement this trial plan as necessary.

Respectfully submitted,

PLAINTIFFS' STEERING COMMITTEE

Date: December 7, 2005

By: _____
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, L.L.P.*
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Temporary address:

3411 Richmond Avenue, Suite 460
Houston, Texas 77046
Telephone: (713) 877-1843
Facsimile: (713) 871-9750

**PLAINTIFFS' LIAISON COUNSEL**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591<br><br>Andy D. Birchfield, Esq. (**Co-Lead Counsel**)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555<br><br>Elizabeth Cabraser, Atty. (**on brief**)<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq. (**on brief**)<br>Fred S. Longer, Esq. (**on brief**)<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Gerald E. Meunier, Esq. (**on brief**)<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973<br><br>Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059<br><br>Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028<br><br>Dianne M. Nast, Esq. (**on brief**)<br>Jennifer S. Snyder, Esq. (**on brief**)<br>Roda & Nast, P.C.<br>801 Estelle Drive<br>Lancaster, PA 17601<br>PH: (717) 892-3000<br>FAX: (717) 892-1200<br>**Vice Chairperson of the Class Action,**<br>**Law and Briefing Committee** |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 7th day of December, 2005.

_____