FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 12  PM 4: 15

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Jimmy Sullivan, et al. v. Merck & Co., Inc.*, No. 05-4453.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Original Complaint ("Complaint") as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO "I. INTRODUCTION"

1.01    Merck denies each and every allegation contained in paragraph 1.01 of the Complaint, except admit that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.  Merck further admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx® ("Vioxx") currently pending in the Eastern District of Louisiana.

____ Fee_____
_X_ Process_____
____ Dktd_____
____ CtRmDep_____
____ Doc. No _____

## RESPONSE TO
## "II. JURISDICTION AND VENUE"

2.01   The allegations contained in paragraph 2.01 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2.01 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health and that it is authorized to do business in Louisiana.

2.02   The allegations contained in paragraph 2.02 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2.02 of the Complaint, except admits that the MDL Court has issued certain Orders with respect to venue and respectfully refers the Court to those Orders for their actual language and full effect.

2.03   The allegations contained in paragraph 2.03 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2.03 of the Complaint.

## RESPONSE TO
## "III. PARTIES"

3.01   Denies each and every allegation contained in paragraph 3.01 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.02    Denies each and every allegation contained in paragraph 3.02 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.03    Denies each and every allegation contained in paragraph 3.03 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.04    Denies each and every allegation contained in paragraph 3.04 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.05    Denies each and every allegation contained in paragraph 3.05 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.06    Denies each and every allegation contained in paragraph 3.06 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.07    Denies each and every allegation contained in paragraph 3.07 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.08    Denies each and every allegation contained in paragraph 3.08 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.09    Denies each and every allegation contained in paragraph 3.09 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.10    Denies each and every allegation contained in paragraph 3.10 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by applicable federal and/or state law, which in MDL No. 1657 includes the procedures outlined in Pre-Trial Order No. 15 issued by Judge Fallon on May 31, 2005.   Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO
"IV. FACTS"**

**RESPONSE TO
"A. MERCK"**

4.01    Denies each and every allegation contained in paragraph 4.01 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4.02    Merck denies each and every allegation in paragraph 4.02 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

Complaint, as it is without

4.03    Denies each and every allegation contained in paragraph 4.03 of the Complaint.

4.04    The allegations contained in paragraph 4.04 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

4.05    The allegations contained in the first sentence of paragraph 4.05 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck denies each and every allegation contained in the second sentence of paragraph 4.05 of the Complaint, except admits that Merck sought and, in 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx.

4.06    Denies each and every allegation contained in paragraph 4.06 of the Complaint.

4.07    Denies each and every allegation contained in paragraph 4.07 of the Complaint.

4.08    Denies each and every allegation contained in paragraph 4.08 of the Complaint and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

4.09    Denies each and every allegation contained in paragraph 4.09 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

4.10    Denies each and every allegation contained in paragraph 4.10 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

4.11    Denies each and every allegation contained in paragraph 4.11 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

4.12    Denies each and every allegation contained in paragraph 4.12 of the Complaint, except admits that Merck has sent letters to physicians, and respectfully refers the Court to those letters for their actual language and full text.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.

4.13    Denies each and every allegation contained in paragraph 4.13 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information

contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4.14   Denies each and every allegation contained in paragraph 4.14 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

4.15   Merck denies each and every allegation in paragraph 4.15 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4.16   Denies each and every allegation contained in paragraph 4.16 of the Complaint.

4.17   Denies each and every allegation contained in paragraph 4.17 of the Complaint.

### RESPONSE TO
### "B. PLAINTIFFS"

4.18   Denies each and every allegation contained in paragraph 4.18 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.19   Denies each and every allegation contained in the first, second, and fourth sentences of paragraph 4.19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third sentence of paragraph 4.19 of the Complaint.

4.20    Denies each and every allegation contained in paragraph 4.20 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.21    Denies each and every allegation contained in paragraph 4.21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.22    Denies each and every allegation contained in the first sentence of paragraph 4.22 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 4.22 of the Complaint.

4.23    Denies each and every allegation contained in paragraph 4.23 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.24    Denies each and every allegation contained in paragraph 4.24 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.25    Denies each and every allegation contained in paragraph 4.25 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.26    Denies each and every allegation contained in paragraph 4.26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "V.  STRICT LIABILITY AGAINST MERCK"

5.01    With respect to the allegations contained in paragraph 5.01 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 4.26 of this Answer with the same force and effect as though set forth here in full.

5.02    Denies each and every allegation contained in paragraph 5.02 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.03    Denies each and every allegation contained in paragraph 5.03 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.04    Denies each and every allegation contained in paragraph 5.04 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.05    Denies each and every allegation contained in paragraph 5.05 of the Complaint.

5.06    Denies each and every allegation contained in paragraph 5.06 of the Complaint.

5.07    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 5.07 of the Complaint,

and denies each and every allegation directed toward Merck in paragraph 5.07 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.08    Denies each and every allegation contained in paragraph 5.08 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.09    Denies each and every allegation contained in paragraph 5.09 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.10    Denies each and every allegation contained in paragraph 5.10 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.11    The allegations contained in paragraph 5.11 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5.11 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

5.12    Denies each and every allegation contained in paragraph 5.12 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.13    Denies each and every allegation contained in paragraph 5.13 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.14    Denies each and every allegation contained in paragraph 5.14 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.15    Denies each and every allegation contained in paragraph 5.15 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.16    Denies each and every allegation contained in paragraph 5.16 of the Complaint, including its subparts a through d, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO**
**"VI. NEGLIGENCE AGAINST MERCK"**

6.01    With respect to the allegations contained in paragraph 6.01 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1.01 through 5.16 of this Answer with the same force and effect as though set forth here in full.

6.02    The allegations contained in the first sentence of paragraph 6.02 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck denies each and every allegation contained in paragraph 6.02 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.03    Denies each and every allegation contained in paragraph 6.03 of the Complaint, including its subparts a through q, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

6.04    Denies each and every allegation contained in paragraph 6.04 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.05    Denies each and every allegation contained in paragraph 6.05 of the Complaint.

6.06    Denies each and every allegation contained in paragraph 6.06 of the Complaint.

6.07    Denies each and every allegation contained in paragraph 6.07 of the Complaint, including its subparts a through d.

6.08    The allegations contained in paragraph 6.08 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6.08 of the Complaint.

## RESPONSE TO "VII. FRAUDULENT MISREPRESENTATION AND CONCEALMENT AGAINST MERCK"

7.01    With respect to the allegations contained in paragraph 7.01 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 6.08 of this Answer with the same force and effect as though set forth here in full.

7.02    Denies each and every allegation contained in paragraph 7.02 of the Complaint.

7.03    Denies each and every allegation contained in paragraph 7.03 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

7.04    Denies each and every allegation contained in paragraph 7.04 of the Complaint.

7.05    Denies each and every allegation contained in paragraph 7.05 of the Complaint.

7.06    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 7.06 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 7.06 of the Complaint.

7.07    Denies each and every allegation contained in paragraph 7.07 of the Complaint.

7.08    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 7.08 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 7.08 of the Complaint.

7.09    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 7.09 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 7.09 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

7.10    Denies each and every allegation contained in paragraph 7.10 of the Complaint.

7.11    Denies each and every allegation contained in paragraph 7.11 of the Complaint.

7.12    Denies each and every allegation contained in paragraph 7.12 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

7.13    Denies each and every allegation contained in paragraph 7.13 of the Complaint.

## RESPONSE TO "VII. NEGLIGENT MISREPRESENTATION
## AND CONCEALMENT AGAINST MERCK

8.01    With respect to the allegations contained in paragraph 8.01 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 7.13 of this Answer with the same force and effect as though set forth here in full.

8.02    Denies each and every allegation contained in paragraph 8.02 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

8.03    Denies each and every allegation contained in paragraph 8.03 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

8.04    Denies each and every allegation contained in paragraph 8.04 of the Complaint.

8.05    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 8.05 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 8.05 of the Complaint.

8.06    Denies each and every allegation contained in paragraph 8.06 of the Complaint.

8.07     Denies each and every allegation contained in paragraph 8.07 of the Complaint.

### RESPONSE TO
### "IX.  MISREPRESENTATIONS"

9.01     With respect to the allegations contained in paragraph 9.01 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 8.07 of this Answer with the same force and effect as though set forth here in full.

9.02     The allegations contained in paragraph 9.02 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 9.02 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

9.03     Denies each and every allegation contained in paragraph 9.03 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

9.04     The allegations contained in the first sentence of paragraph 9.04 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 9.04 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck denies each and every allegation contained in the second sentence of paragraph 9.04 of the Complaint.

**RESPONSE TO**
**"A. SPECIFIC VIOLATIONS OF THE DTPA"**

9.05    Merck denies each and every allegation contained in the first sentence of paragraph 9.05 of the Complaint.  The allegations contained in the second and third sentences of paragraph 9.05 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second and third sentences of paragraph 9.05 of the Complaint, including subparts a through e, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

9.06    Denies each and every allegation contained in paragraph 9.06 of the Complaint.

9.07    Denies each and every allegation contained in paragraph 9.07 of the Complaint.

9.08    Denies each and every allegation contained in paragraph 9.08 of the Complaint, excepts admits that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

9.09    Denies each and every allegation contained in paragraph 9.09 of the Complaint.

9.10    Denies each and every allegation contained in paragraph 9.10 of the Complaint.

9.11    Denies each and every allegation contained in paragraph 9.11 of the Complaint.

9.12    Denies each and every allegation contained in paragraph 9.12 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

9.13    Denies each and every allegation contained in paragraph 9.13 of the Complaint, except admits that Plaintiffs purport to seek civil liability and penalties but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "B.  INTENTIONAL MISREPRESENTATION AND CONCEALMENT"

9.14    Denies each and every allegation contained in paragraph 9.14 of the Complaint.

9.15    Denies each and every allegation contained in paragraph 9.15 of the Complaint.

9.16    Denies each and every allegation contained in paragraph 9.16 of the Complaint.

## RESPONSE TO "C.  NEGLIGENT AND GROSSLY NEGLIGENCE
## MISREPRESENTATION AND CONCEALMENT

9.17    Denies each and every allegation contained in paragraph 9.17 of the Complaint.

9.18    Denies each and every allegation contained in paragraph 9.18 of the Complaint.

9.19    Denies each and every allegation contained in paragraph 9.19 of the Complaint.

9.20    Denies each and every allegation contained in paragraph 9.20 of the Complaint.

9.21    Denies each and every allegation contained in paragraph 9.21 of the Complaint.

### RESPONSE TO "X.  BREACHES OF EXPRESS AND IMPLIED WARRANTY, WARRANTY OF MERCHANTABILITY, AND IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

10.01   The allegations contained in paragraph 10.01 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 10.01 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 10.01 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

10.02   Denies each and every allegation contained in paragraph 10.02 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

10.03   Denies each and every allegation contained in paragraph 10.03 of the Complaint.

10.04   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 10.04 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 10.04 of the Complaint.

10.05   Denies each and every allegation contained in paragraph 10.05 of the Complaint.

10.06   Denies each and every allegation contained in paragraph 10.06 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

10.07   Denies each and every allegation contained in paragraph 10.07 of the Complaint.

10.08   Denies each and every allegation contained in paragraph 10.08 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

10.09   Denies each and every allegation contained in paragraph 10.09 of the Complaint.

10.10   Denies each and every allegation contained in paragraph 10.10 of the Complaint, except admits that Plaintiffs purport to seek fees, costs, and treble damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "XI.  COMMON LAW FRAUD AGAINST MERCK"

11.01  With respect to the allegations contained in paragraph 11.01 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 10.10 of this Answer with the same force and effect as though set forth here in full.

11.02  The allegations contained in paragraph 11.02 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 11.02 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

11.03  The allegations contained in paragraph 11.03 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 11.03 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 11.03 of the Complaint.

11.04  Denies each and every allegation contained in paragraph 11.04 of the Complaint.

## RESPONSE TO
## "XII.  DAMAGES"

12.01  Denies each and every allegation contained in paragraph 12.01 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

12.02  The allegations contained in the unnumbered "For These Reasons" paragraph after paragraph 12.01 of the Complaint constitute a prayer for relief as to which no

response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "For These Reasons" paragraph after paragraph 12.01 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

13.01   The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

13.02   The Plaintiffs and/or Decedent were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedent.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

13.03   To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

13.04   To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

13.05  The Plaintiffs and/or Decedent failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

13.06  Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

13.07  To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

13.08  The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

13.09  The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

13.10  The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

13.11   The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

13.12   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

13.13   The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

13.14   If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

13.15   If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real

or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

13.16  To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

13.17  If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedent or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

13.18  If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs and/or Decedent or abuse of Vioxx.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

13.19  The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

13.20  To the extent that Plaintiffs rely upon any theory of breach of warranty,

Plaintiffs and/or Decedent did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

13.21   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

13.22   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

13.23   To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

13.24   To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

13.25   The demand for punitive damages by the Plaintiffs are barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

13.26   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

13.27   The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

13.28   To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

13.29   Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

13.30   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

13.31   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: December 12, 2005

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Vicki A. Elmer, 28569
            Of
STANLEY, FLANAGAN & REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 12th day

of December, 2005.