FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 12  PM 4: 16

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * MDL No. 1657 |
| | * |
| | * SECTION L |
| | * |
| | * JUDGE ELDON E. FALLON |
| | * |
| | * MAGISTRATE JUDGE |
| | * DANIEL E. KNOWLES, III |
| | * |
| | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Beatrice Meeks and Marshall Meeks v. Merck & Co., Inc.*, No. 05-4303.

## <u>ANSWER OF DEFENDANT MERCK & CO., INC.</u>

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Original Complaint ("Complaint") as follows:

## <u>RESPONSE TO COMPLAINT</u>

### RESPONSE TO
### "I.  THE PARTIES"

1.01    Merck denies each and every allegation contained in paragraph 1.01 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein.

1.02    Denies each and every allegation contained in paragraph 1.02 of the

Complaint, except admits that Merck, a New Jersey corporation with its principal place of

___ Fee_____
_X_ Process_____
___ Dktd_____
___ CtRmDep_____
___ Doc. No_____

business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by applicable federal and/or state law, which in MDL No. 1657 includes the procedures outlined in Pre-Trial Order No. 15 issued by Judge Fallon on May 31, 2005.   Merck further admits it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO**
**"II. JURISDICTION AND VENUE"**

2.01    The allegations contained in paragraph 2.01 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2.01 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2.02    The allegations contained in paragraph 2.02 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2.02 of the Complaint, except admits that the MDL Court issued Pre-Trial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

**RESPONSE TO**
**"III. CAPACITY"**

3.01    The allegations contained in paragraph 3.01 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3.01 of the Complaint,

2

including its subparts (1) through (5), except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO**
**"IV. FACTUAL ALLEGATIONS"**

4.01    Denies each and every allegation contained in paragraph 4.01 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and is a selective COX-2 inhibitor.

4.02    Merck denies each and every allegation in paragraph 4.02 of the Complaint, except admits that Merck submitted a New Drug Application for Vioxx, which is the brand name for rofecoxib, on November 23, 1998.

4.03    Denies each and every allegation contained in paragraph 4.03 of the Complaint, except admits that Merck sought and, in May 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx, which is the brand name for rofecoxib, subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

4.04    Denies each and every allegation contained in paragraph 4.04 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4.05    Denies each and every allegation contained in the first sentence of paragraph 4.05 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the

worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the second, third, and fourth sentences of paragraph 4.05 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.06    Denies each and every allegation contained in paragraph 4.06 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4.07    Denies each and every allegation contained in paragraph 4.07 of the Complaint.

4.08    Denies each and every allegation contained in paragraph 4.08 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

4.09    Denies each and every allegation contained in paragraph 4.09 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

4.10    Denies each and every allegation contained in paragraph 4.10 of the Complaint.

4.11     Denies each and every allegation contained in paragraph 4.11 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.  Merck further admits that Dr. Claire Bombardier was an author on the referenced publication and a co-chair of the steering committee for Vioxx.

4.12     Denies each and every allegation contained in paragraph 4.12 of the Complaint.

4.13     Denies each and every allegation contained in paragraph 4.13 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 4.13 of the Complaint and the article referenced in the second sentence of paragraph 4.13 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

4.14     Denies each and every allegation contained in paragraph 4.14 of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.  Merck further admits that in September 2001 Merck received a letter from the DDMAC, from which Plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

4.15     Denies each and every allegation contained in paragraph 4.15 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $ 2 billion in 2000.

4.16    Denies each and every allegation contained in paragraph 4.16 of the Complaint, except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

4.17    Denies each and every allegation contained in paragraph 4.17 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

4.18    Denies each and every allegation contained in paragraph 4.18 of the Complaint, except admits the existence of the referenced article, and respectfully refers the Court to the referenced article for its actual language and full text.

4.19    Denies each and every allegation contained in paragraph 4.19 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

4.20    Denies each and every allegation contained in paragraph 4.20 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

4.21    Denies each and every allegation contained in paragraph 4.21 of the Complaint.

4.22    Denies each and every allegation contained in paragraph 4.22 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

4.23    Denies each and every allegation contained in paragraph 4.23 of the Complaint, except admits that the referenced presentation and study exits and respectfully refers the Court to said presentation and study for their actual language and full text.

4.24    Denies each and every allegation contained in paragraph 4.24 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

4.25    Denies each and every allegation contained in paragraph 4.25 of the Complaint, except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

4.26    Denies each and every allegation contained in paragraph 4.26 of the Complaint, except admits that that the APPROVe study exists and respectfully refers the Court to said study for its actual language and full text.

4.27    Denies each and every allegation contained in paragraph 4.27 of the Complaint, except admits that that the APPROVe study exists and respectfully refers the Court to said study for its actual language and full text.

4.28    Denies each and every allegation contained in paragraph 4.28 of the Complaint, except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

4.29    Denies each and every allegation contained in paragraph 4.29 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that on September 30, 2004, the FDA "acknowledged" Merck's voluntary withdrawal of Vioxx and respectfully refers the court to the FDA's September 30, 2004 announcement.

4.30    Denies each and every allegation contained in paragraph 4.30 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the study for its actual language and full text.

4.31    Denies each and every allegation contained in paragraph 4.31 of the Complain, except admits that the number of Vioxx users in the United States has been estimated at 20 million.

4.32    Denies each and every allegation contained in paragraph 4.32 of the Complaint.

4.33    Denies each and every allegation contained in paragraph 4.33 of the Complaint.

4.34    Denies each and every allegation contained in paragraph 4.34 of the Complaint.

4.35    Denies each and every allegation contained in paragraph 4.35 of the Complaint.

**RESPONSE TO**
**"V.  CLAIMS AGAINST DEFENDANT"**

**RESPONSE TO**
**"A.  NEGLIGENCE"**

5.01    With respect to the allegations contained in paragraph 5.01 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 4.35 of this Answer with the same force and effect as though set forth here in full.

5.02    The allegations contained in the first sentence of paragraph 5.02 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a

response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck denies each and every allegation contained in the second and third sentences of paragraph 5.02 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.03    Denies each and every allegation contained in paragraph 5.03 of the Complaint, including its subparts a through j, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.04    Denies each and every allegation contained in paragraph 5.04 of the Complaint.

**RESPONSE TO**
**"B. RES IPSA LOQUITUR"**

5.05    With respect to the allegations contained in paragraph 5.05 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.04 of this Answer with the same force and effect as though set forth here in full.

5.06    The allegations contained in the first sentence of paragraph 5.06 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a

9

response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck denies each and every allegation contained in the second, third, fourth, and fifth sentences of paragraph 5.06 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO
### "C. STRICT LIABILITY"

5.07    With respect to the allegations contained in paragraph 5.07 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.06 of this Answer with the same force and effect as though set forth here in full.

5.08    The allegations contained in the first sentence of paragraph 5.08 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 5.08 of the Complaint.  Merck denies each and every allegation contained in the second, fourth and fifth sentences of paragraph 5.08 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the third sentence of paragraph 5.08 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.09    Denies each and every allegation contained in paragraph 5.09 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information

contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.10    Denies each and every allegation contained in the first sentence of paragraph 5.10 of the Complaint.  The allegations contained in the second sentence of paragraph 5.10 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 5.10 of the Complaint, except admits that Plaintiffs purport to seek damages, including punitive damages, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"D.  MISREPRESENTATION AND SUPPRESSION OF EVIDENCE"**

5.11    With respect to the allegations contained in paragraph 5.11 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.10 of this Answer with the same force and effect as though set forth here in full.

5.12    Denies each and every allegation contained in paragraph 5.12 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.13    Denies each and every allegation contained in paragraph 5.13 of the Complaint, including its subparts a through e, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.14    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.14 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.14 of the Complaint.

5.15    The allegations contained in the first and second sentences of paragraph 5.15 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5.15 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck denies each and every allegation contained in the third sentence of paragraph 5.15 of the Complaint.

5.16    Denies each and every allegation contained in paragraph 5.16 of the Complaint.

**RESPONSE TO**
**"E.  BREACH OF WARRANTY – MERCHANTABILITY"**

5.17    With respect to the allegations contained in paragraph 5.17 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.16 of this Answer with the same force and effect as though set forth here in full.

5.18    Denies each and every allegation contained in the first, third, fourth, and fifth sentences of paragraph 5.18 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  The allegations contained in the second sentence of paragraph 5.18 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 5.18 of the Complaint, except

12

admits that Merck manufactured, marketed and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

   5.19 Denies each and every allegation contained in paragraph 5.19 of the Complaint.

**RESPONSE TO "F. BREACH OF WARRANTY –
FITNESS FOR A PARTICULAR PURPOSE"**

   5.20 With respect to the allegations contained in paragraph 5.20 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.19 of this Answer with the same force and effect as though set forth here in full.

   5.21 Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.21 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.21 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

   5.22 Denies each and every allegation contained in paragraph 5.22 of the Complaint.

**RESPONSE TO**
**"G.  ACTUAL AND CONSTRUCTIVE FRAUD; DECEIT"**

5.23    With respect to the allegations contained in paragraph 5.23 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.22 of this Answer with the same force and effect as though set forth here in full.

5.24    The allegations contained in paragraph 5.24 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.24 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.24 of the Complaint.

5.25    The allegations contained in paragraph 5.25 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.25 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.25 of the Complaint.

5.26    The allegations contained in paragraph 5.26 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5.26 of the Complaint.

5.27    Denies each and every allegation contained in paragraph 5.27 of the Complaint.

### RESPONSE TO
### "H. PUNITIVE DAMAGES"

5.28    With respect to the allegations contained in paragraph 5.28 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.27 of this Answer with the same force and effect as though set forth here in full.

5.29    Denies each and every allegation contained in paragraph 5.29 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

5.30    Denies each and every allegation contained in paragraph 5.30 of the Complaint.

### RESPONSE TO
### "VI. DAMAGES"

6.01    Denies each and every allegation contained in paragraph 6.01 of the Complaint, including the subparts (1) through (13) under the heading "Beatrice Meeks" and the subparts (1) through (7) under the heading "Marshall Meeks."

### RESPONSE TO
### "VII. DISCOVERY RULE"

7.01    Denies each and every allegation contained in paragraph 7.01 of the Complaint.

### RESPONSE TO
### "VIII. PRAYER FOR RELIEF"

8.01    The allegations contained in the unnumbered "Wherefore" paragraph and the paragraph following the unnumbered "Wherefore" paragraph constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and

every allegation contained in the unnumbered "Wherefore" paragraph and the paragraph following the unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to seek economic and other relief but denies there is any legal or factual basis for such relief.

### RESPONSE TO
### "JURY DEMAND"

9.01    The allegations contained in the unnumbered paragraph following the heading "Jury Demand" require no responsive pleading.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

10.01    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

10.02    The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

10.03    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

10.04    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

10.05   The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

10.06   Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

10.07   To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

10.08   The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

10.09   The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

10.10   The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

10.11   The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

10.12. The   product   conformed   to   the   state-of-the-art   for   the   design   and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

10.13   The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

10.14   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

10.15   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to

take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

10.16  To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

10.17  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

10.18  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

10.19  The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

10.20  To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely

notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

10.21  Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

10.22  Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.  Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

10.23  To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

10.24  To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

10.25  The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

10.26  To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

10.27  The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

10.28  To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

10.29  Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

10.30   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

10.31   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  December 12, 2005

Respectfully submitted,

_____

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Vicki A. Elmer, 28569
Of
STANLEY,  FLANAGAN  &  REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 12th day

of December, 2005.

_____