FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 20  PM 12: 07

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * MDL NO 1657 |
| Products Liability Litigation | * |
| | * SECTION:  L |
| | * |
| | * JUDGE ELDON E. FALLON |
| | * |
| | * MAGISTRATE JUDGE |
| This document relates to : Ranny | * DANIEL E. KNOWLES, III |
| Daugherty and Jerry Daugherty v. | * |
| Merck & Co., Inc., Pfizer, Inc., (05- | * |
| 5584) previously filed as | * |
| A05CA543LY, W.D. Tex. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

## DEFENDANT MERCK'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

---

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Original Complaint ("Complaint") as follows:

### I.  RESPONSE TO "PARTIES"

1.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 1.01 of the Complaint.

2.     Merck denies each and every allegation contained in paragraph 1.02 of the Complaint, except admits it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and is authorized to do business in Texas.

___ Fee_____
_X_ Process_____
___ Dktd_____
___ CtRmDep_____
___ Doc. No ___

Merck further admits that it may be served with process by serving its registered agent, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

3.       The allegations contained in paragraph 1.03 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements made in paragraph 1.03 of the Complaint.

## II.   RESPONSE TO "JURISDICTION/VENUE"

4.       The allegations contained in paragraph 2.01 of the Complaint are legal conclusions as to which no responsive pleading is required.

5.       The allegations contained in paragraph 2.02 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed at Merck contained in said paragraph.

## III.   RESPONSE TO "FACTS"

6.       Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements made in the first, second, and fourth sentences of paragraph 3.01 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  The allegations contained in the fifth, sixth, and seventh sentences of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements made in sentences five through seven of paragraph 3.01 of the Complaint.

7.       Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements contained in the first sentence of paragraph 3.02 of the Complaint.

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed at Merck in the second sentence of paragraph 3.02 of the Complaint and denies each and every allegation directed at Merck contained in the second sentence of said paragraph.

## IV.  RESPONSE TO "DISCOVERY RULE"

8.     Merck denies each and every allegation contained in the first sentence of paragraph 3.03 of the Complaint, except admits it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  The allegations contained in the second sentence of paragraph 3.03 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements made in the second sentence of paragraph 3.03 of the Complaint.

## V.   RESPONSE TO "FRAUDULENT CONCEALMENT"

9.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed at Merck contained in paragraph 3.04 of the Complaint and denies each and every allegation directed at Merck contained in paragraph 3.04 of the Complaint.

## VI. RESPONSE TO "LEGAL BASIS OF RECOVERY"

### A.      RESPONSE TO "STRICT PRODUCTS LIABILITY"

10.     Merck denies each and every allegation directed at Merck contained in paragraph 4.01 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed at Merck contained in paragraph 4.01 and sub-paragraphs 4.011 – 4.104 of the Complaint.

- 3 -

10.01. Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.011 of the Complaint.

10.02  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.012 of the Complaint.

10.03  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation directed at Merck contained in sub-paragraph 4.013 of the Complaint.

10.04  The allegations contained in paragraph 4.014 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck contained in said paragraph.

11.    Merck denies each and every allegation directed at Merck contained in paragraph 4.02 of the Complaint, including each and every allegation contained in sub-paragraphs 4.021 - 4.025.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed at Merck contained in paragraph 4.02 and sub-paragraphs 4.021 – 4.025 of the Complaint.

11.01  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.021 of the Complaint.

11.02  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.022 of the Complaint.

11.03  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.023 of the Complaint.

11.04  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.024 of the Complaint.

11.05  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.025 of the Complaint.

12.    Merck denies each and every allegation directed at Merck contained in paragraph 4.03 of the Compliant, including each and every allegation contained in sub-paragraphs 4.031 – 4.032.  Merck denies knowledge or information sufficient to form a belief as to the truth or

falsity of the statements not directed at Merck in paragraph 4.03 and sub-paragraphs 4.031 –

4.032 of the Complaint.

12.01 Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.031 of the Complaint.

12.02 Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.032 of the Complaint.

13. Merck denies each and every allegation directed at Merck contained in paragraph

4.04 of the Complaint, including each and every allegation contained in sub-paragraphs 4.041 –

4.044. Merck denies knowledge or information sufficient to form a belief as to the truth or

falsity of the statements not directed at Merck made in paragraph 4.04 and sub-paragraphs 4.041

– 4.042 of the Complaint.

13.01 Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.041 of the Complaint, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx.

13.02 Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.042 of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx.

13.03 Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.043 of the Complaint.

13.04 Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.044 of the Complaint.

**B.** **RESPONSE TO "MISREPRESENTATION"**

14. Merck denies each and every allegation directed at Merck contained in paragraph

4.05 of the Complaint, including each and every allegation contained in sub-paragraphs 4.051 –

4.054. Merck denies knowledge or information sufficient to form a belief as to the truth or

falsity of the statements not directed at Merck in paragraph 4.05 and sub-paragraphs 4.051 –

4.054 of the Complaint.

14.01  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.051 of the Complaint.

14.02  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.052 of the Complaint.

14.03  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.053 of the Complaint.

14.04  The allegations contained in sub-paragraph 4.054 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed at Merck contained in said sub-paragraph.

C.     **RESPONSE TO "NEGLIGENCE AND MALICE"**

15.     Merck denies each and every allegation directed at Merck contained in paragraph 4.06 of the Complaint, including sub-paragraphs 4.061 – 4.063.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed at Merck in paragraph 4.06 and sub-paragraphs 4.061 – 4.063 of the Complaint.

15.01  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.061 of the Complaint, including each and every allegation contained in sub-paragraphs (a – d), except admits that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

15.02  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.062 of the Complaint.

15.03  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.063 of the Complaint.

16.     Merck denies each and every allegation directed at Merck contained in the first three sentences of paragraph 4.07 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The fourth sentence of paragraph 4.07 is a legal conclusion as to which no responsive pleading is required. Should a response be deemed

- 6 -

required, Merck denies each and every allegation directed at Merck contained in said sentence. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed at Merck in paragraph 4.07 of the Complaint.

17.     Merck denies each and every allegation directed at Merck contained in paragraph 4.08 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed at Merck in paragraph 4.08 of the Complaint.

## D.     **RESPONSE TO "BREACHES OF WARRANTY"**

18.     Merck denies each and every allegation directed at Merck contained in paragraph 4.09 of the Complaint.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed at Merck made in paragraph 4.09 and sub-paragraphs 4.091 – 4.095 of the Complaint.

> 18.01  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.091 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

> 18.02  The allegations contained in the first sentence of sub-paragraph 4.092 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed at Merck in said sentence. Merck denies each and every allegation directed at Merck contained in the second sentence of sub-paragraph 4.092 of the Complaint.

> 18.03  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.093 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

> 18.04  The allegations contained in sub-paragraph 4.094 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed at Merck contained in said sub-paragraph.

> 18.05  Merck denies each and every allegation directed at Merck contained in sub-paragraph 4.095 of the Complaint.

## VII. RESPONSE TO "DAMAGES"

19.     The allegations contained in paragraph 5.01 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed at Merck contained in said paragraph. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed against Merck in paragraph 5.01.

20.     Merck denies each and every allegation directed at Merck contained in paragraph 5.02 of the Complaint except admits Plaintiffs purport to make claims for the following damages, but denies that there is any legal or factual basis for said relief:  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed at Merck in paragraph 5.02 and sub-paragraphs 5.021 – 5.030 of the Complaint.

> 20.01. Plaintiffs purport to make a claim for damages for Ranny Daugherty's physical pain and suffering in sub-paragraph 5.021, but Merck avers that there is no legal or factual basis for any of the relief sought against Merck;

> 20.02. Plaintiffs purport to make a claim for damages for Ranny Daugherty's mental anguish and severe emotional distress in sub-paragraph 5.022, but Merck avers that there is no legal or factual basis for any of the relief sought against Merck;

> 20.03. Plaintiffs purport to make a claim for damages for the reasonable value of medical expenses that have been and will be necessarily incurred in the treatment of Plaintiff Ranny Daugherty's injuries in sub-paragraph 5.023, but Merck avers that there is no legal or factual basis for any of the relief sought against Merck;

> 20.04. Plaintiffs purport to make a claim for damages Ranny Daugherty's lost earnings and loss of earning capacity in sub-paragraph 5.024, but Merck avers that there is no legal or factual basis for any of the relief sought against Merck;

> 20.05. Plaintiffs purport to make a claim for damages resulting from the physical and mental impairment of Ranny Daugherty including the resulting inability to perform and experience those tasks and services that he ordinarily would have been able to perform and experience in sub-paragraph 5.025, but Merck avers that there is no legal or factual basis for any of the relief sought against Merck;

- 8 -

20.06. Plaintiffs purport to make a claim for damages for Ranny Daugherty's disfigurement in sub-paragraph 5.026, but Merck avers that there is no legal or factual basis for any of the relief sought against Merck;

20.07. Plaintiffs purport to make a claim for damages for Ranny Daugherty's loss of enjoyment of life in sub-paragraph 5.027, but Merck avers that there is no legal or factual basis for any of the relief sought against Merck;

20.08. Plaintiffs purport to make a claim for damages for Jerry Daugherty's loss of consortium in sub-paragraph 5.028, but Merck avers that there is no legal or factual basis for any of the relief sought against Merck;

20.09. Plaintiffs purport to make a claim for damages for Jerry Daugherty's loss of household services in sub-paragraph 5.029, but Merck avers that there is no legal or factual basis for any of the relief sought against Merck; and

20.10. Plaintiffs purport to make a claim for punitive damages in accordance with the Texas Civil Practice and Remedies Code § 41 in sub-paragraph 5.030, but Merck avers that there is no legal or factual basis for any of the relief sought against Merck.

21.     Merck denies each and every allegation directed at Merck contained in paragraph 5.03 of the Complaint, except admits Plaintiffs purport to make a claim for damages in excess of $75,000.00 but avers there is no legal or factual basis for any of the relief sought against Merck. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the statements not directed at Merck in paragraph 5.03 of the Complaint.

22.     Paragraph 5.04 of the Complaint is not an allegation and therefore no responsive pleading is required. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information relating to whether Plaintiffs have tendered the required fee contemporaneously with the filing of the Original Complaint.

### VIII.  RESPONSE TO "PRAYER"

23.     Paragraph 6.01 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed appropriate, Merck denies each and every allegation directed toward Merck in said paragraph except admits Plaintiffs purport to make a

claim for damages but avers that there is no legal or factual basis for any relief sought against Merck.

## IX. AFFIRMATIVE DEFENSES

24.     The Complaint fails to state a claim upon which relief can be granted.

25.     Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

26.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of torts.

27.     Merck asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiffs' claims in this lawsuit.

28.     Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

29.     Merck denies that Plaintiffs used any product manufactured by Merck as alleged in Plaintiffs' Complaint.

30.     Any and all damages alleged by Plaintiffs may have been caused by misuse of the product at issue, failure to use the product properly, and/or alteration or negligent use of the product.

31.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

32.     Merck would show that the occurrences and injuries alleged by Plaintiffs were caused or contributed to by the negligence, breaches of warranty, or defective products of third parties over whom Merck had no control and for whom Merck is not responsible.

33.     Plaintiffs' claims may be barred by negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiffs and/or the treating physicians and/or other health care providers.

34.     If Plaintiffs sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

35.     Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

36.     Merck would show that the occurrences and injuries alleged by Plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or

producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.   Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.   Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

37.   If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

38.   If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

39.   Merck further states that Plaintiffs' injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiffs unrelated to any products manufactured by Merck.

40.   The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs.   The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber.   The labeling for the product at issue was also approved by the FDA and the marketing was conducted in conformity with the FDA's rules and regulations.   Such actions and federal statutes and regulations bar and preempt all of Plaintiffs' claims under state law.

41.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

42.     Plaintiffs cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

43.     Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

44.     Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

45.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations.

46.     Plaintiffs' claims are barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

47.     Plaintiffs' claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

48.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

49.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

50.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

51.     Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

52.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

53.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

54.     Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

55.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the

Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

56. Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

57. Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

58. Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

- 15 -

59.     Plaintiffs are not entitled to recover exemplary or punitive damages because, to the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

60.     Plaintiffs are not entitled to punitive or exemplary damages because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

61.     Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiffs.  Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

62.     Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2,4, and 6.

63.     Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

64.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

65.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

66.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case and hereby reserves the right to amend and/or supplement this answer to assert any such defense at a future time and in conformity with the Federal Rules of Civil Procedure.

67.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## X.   JURY DEMAND

Merck hereby demands a trial by jury on all of Plaintiffs' claims.

Respectfully submitted,


Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 7030
Phone:  504 581-3200
Fax:  504 581-3361

Defendants' Liaison Counsel

Charles A. Deacon
State Bar No.  05673300
Thomas A. Countryman, Senior Counsel
State Bar No.  04888100
Emilie K. Paterson
State Bar No. 24027712
FULBRIGHT & JAWORSKI, L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas  78205-3792
Telephone:  (210) 224-5575
Facsimile:  (210) 270-7205

Counsel for Merck & Co., Inc.

Stacey A. Martinez
State Bar No. 13144575
Anne E. Grigg
State Bar No. 24032252
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas  78701-3248
Telephone:  (512) 474-5201
Facsimile:  (512) 536-4598

Counsel for Merck & Co., Inc.

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck's Answer to Plaintiffs' Original Complaint has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail upon all parties by electronically uploading the same to LexisNexis File & Serve Advance in accordance with PreTrial Order No. 8, on this 20th day of December, 2005.

Price Ainsworth
LAW OFFICES OF PRICE AINSWORTH, P.C.
48 East Avenue
Austin, Texas  78701