FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 21   PM 3: 33

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Steven L. Hyatt. v. Merck & Co., Inc.*, **Case No. 05-5793.**

## <u>ANSWER OF DEFENDANT MERCK & CO., INC.</u>

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiff's Complaint with Request for Trial by Jury ("Complaint") as follows:

### <u>RESPONSE TO COMPLAINT</u>

#### <u>RESPONSE TO</u>
#### <u>"THE PARTIES"</u>

1.      Merck lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations not directed toward Merck in paragraph 1 of the Complaint, and

denies each and every allegation directed toward Merck in paragraph 1 of the Complaint, except

admits that Vioxx® ("Vioxx") is the brand name for rofecoxib.



2.     Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Louisiana.

### RESPONSE TO
### "JURISDICTION AND VENUE"

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for said relief.

4.     The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint.

5.     The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Louisiana.

2

7.     Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx in the Eastern District of Louisiana.

### RESPONSE TO
### "SUMMARY OF THE CASE"

8.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first, second, third, fourth, sixth, and seventh sentences of paragraph 8 of the Complaint, and denies each and every allegation directed toward Merck in said sentences, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.   Merck denies each and every allegation contained in the fifth sentence of paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "FACTS"

9.     Denies each and every allegation contained in paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3

12. Denies each and every allegation contained in paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

13. Denies each and every allegation contained in paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

14. Denies each and every allegation contained in paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

15. Denies each and every allegation contained in paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

16. Denies each and every allegation contained in paragraph 16 of the Complaint and respectfully refers the Court to the relevant prescribing information for its actual language and text.

17. Denies each and every allegation contained in paragraph 17 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

4

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of the patients.

### RESPONSE TO
### "GENERAL FACTS REGARDING MERCK AND VIOXX"

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Vioxx is the brand name for rofecoxib.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

24.     The allegations contained in paragraph 24 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 24 of the

Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

25.     The allegations contained in paragraph 25 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint and avers that the prescription medicine Vioxx, which reduces pain and inflammation, has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

## RESPONSE TO
## "TIMELINE OF RESEARCH"

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Plaintiff purports to quote portions of the referenced e-mail but avers that the quoted language is taken out of context.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Plaintiff purports to quote portions of the referenced e-mail but avers that the quoted language is taken out of context.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Plaintiff purports to quote portions of the referenced e-mail but avers that the quoted language is taken out of context.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Plaintiff purports to quote portions of the referenced e-mail but avers that the quoted language is taken out of context.

38.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that Plaintiff purports to quote portions of the referenced e-mail but avers that the quoted language is taken out of context.

39.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

40. Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

41. Admits the allegations contained in paragraph 42 of the Complaint that Merck submitted an Application to Market a New Drug Use for Vioxx (the "Application") to the U.S. Food & Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

42. Denies each and every allegation contained in paragraph 43 of the Complaint.

43. Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and text.

44. Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text. Merck further admits that the inhibition of cyclooxygenase-1 ("COX-1") in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

45.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $2.0 billion in 2000.

46.     Denies each and every allegation contained in paragraph 47 of the Complaint.

47.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that in June 2000, Merck filed a supplemental New Drug Application ("sNDA") and respectfully refers the Court to the referenced sNDA for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

49.     Denies each and every allegation contained in paragraph 50 of the Complaint.

50.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

51.     Denies each and every allegation contained in paragraph 52 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

52.     Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

53.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.  Merck further admits that it has made statements regarding Vioxx and respectfully refers the Court to those statements for their actual language and full text.

54.     Denies each and every allegation contained in paragraph 55 of the Complaint.

55.     The allegations contained in paragraph 56 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 56 of the Complaint, except admits that Plaintiff purports to seek to reserve the right to introduce evidence.

56.     The allegations contained in paragraph 57 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 57 of the Complaint, except admits that there have been studies and publications regarding Vioxx and respectfully refers the Court to those studies and publication for their actual language and full text.

57.     Denies each and every allegation contained in paragraph 58 of the Complaint.

58.     Denies each and every allegation contained in paragraph 59 of the Complaint.

59.     Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that Merck marketed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

60.     Denies each and every allegation contained in paragraph 61 of the Complaint, except admits that Merck trains its professional representatives.

61.     Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Merck trains its professional representatives and that Plaintiff purports to quote from the referenced document, but avers that said quotation is taken out of context.

62.     Denies each and every allegation contained in paragraph 63 of the Complaint, including its subparts (a) through (j), except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

63.     Denies each and every allegation contained in paragraph 64 of the Complaint, except admits that the referenced studies exist, and respectfully refers the Court to said studies for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

64.     Denies each and every allegation contained in paragraph 65 of the Complaint.

65.    Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to said publication for its actual language and full text.

66.    Denies each and every allegation contained in paragraph 67 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

67.    Denies each and every allegation contained in paragraph 68 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiff purports to quote from Merck's 2001 Annual Report, and respectfully refers the Court to said publication for its actual language and full text.

68.    Denies each and every allegation contained in paragraph 69 of the Complaint, except admits that in 2000 Vioxx achieved worldwide sales of $2.2 billion and admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

69.    Denies each and every allegation contained in paragraph 70 of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

70.    Denies each and every allegation contained in paragraph 71 of the Complaint, except admits that the referenced press release exists, and respectfully refers the Court to the referenced press release for its actual language and full text.

71.     Denies each and every allegation contained in paragraph 72 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

72.     Denies each and every allegation contained in paragraph 73 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

73.     Denies each and every allegation contained in paragraph 74 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

74.     Denies each and every allegation contained in paragraph 75 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that latter for its actual language and full text.

75.     Denies each and every allegation contained in paragraph 76 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that latter for its actual language and full text.

76.     Denies each and every allegation contained in paragraph 77 of the Complaint, except admits that Plaintiff purports to quote from the referenced e-mail, but avers that said quotation is taken out of context.

77.     Denies each and every allegation contained in paragraph 78 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

78.     Denies each and every allegation contained in paragraph 79 of the Complaint.

79.     Denies each and every allegation contained in paragraph 80 of the Complaint, except admits that the referenced publication exists, and respectfully refers the Court to the referenced document for its actual language and full text.

80.     Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that the referenced studies exist, and respectfully refers the Court to the said studies for their actual language and full text.

81.     Denies each and every allegation contained in paragraph 82 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

82.     Denies each and every allegation contained in paragraph 83 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

83.     Denies each and every allegation contained in paragraph 84 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

84.     Denies each and every allegation contained in paragraph 85 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

85.     Denies each and every allegation contained in paragraph 86 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

86.     Denies each and every allegation contained in paragraph 87 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

87.     Denies each and every allegation contained in paragraph 88 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

88.     Denies each and every allegation contained in paragraph 89 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

89.     Denies each and every allegation contained in paragraph 90 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

90.     Denies each and every allegation contained in paragraph 91 of the Complaint.

91.     Denies each and every allegation contained in paragraph 92 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

92.     Denies each and every allegation contained in paragraph 93 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

93.     Denies each and every allegation contained in paragraph 94 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to the said study for its actual language and full text.

94.     Denies each and every allegation contained in paragraph 95 of the Complaint, and respectfully refers the Court to the transcript of Dr. Graham's testimony before the Senate Finance Committee for its actual language and full text.

95.     Denies each and every allegation contained in paragraph 96 of the Complaint, except admits that the referenced publication exists, and respectfully refers the Court to the referenced document for its actual language and full text.

## RESPONSE TO "COUNT I:
## FIRST CAUSE OF ACTION – NEGLIGENCE"

96.     With respect the allegations contained in paragraph 97 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth herein.

97.     The allegations contained in paragraph 98 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

98.     Denies each and every allegation contained in paragraph 99 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

99.     Denies each and every allegation contained in paragraph 100 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

100.    The allegations contained in paragraph 101 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

101.    Denies each and every allegation contained in paragraph 102 of the Complaint, including its subparts (a) through (p), except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

102.    Denies each and every allegation contained in paragraph 103 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004

103.    Denies each and every allegation contained in paragraph 104 of the Complaint.

104.    The allegations contained in paragraph 105 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 105 of the Complaint.

105.    Denies each and every allegation contained in paragraph 106 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

106.    Denies each and every allegation contained in paragraph 107 of the Complaint.

**RESPONSE TO "COUNT II:**
**SECOND CAUSE OF ACTION – NEGLIGENCE PER SE"**

107.    With respect the allegations contained in paragraph 108 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 106 of this Answer with the same force and effect as though set forth herein.

108.    The allegations contained in paragraph 109 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

109.    The allegations contained in paragraph 110 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 110 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

110.    Denies each and every allegation contained in paragraph 111 of the Complaint.

111.    The allegations contained in paragraph 112 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 112 of the Complaint

and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

112.    The allegations contained in paragraph 113 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 113 of the Complaint, including its subparts (a) through (e), and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

113.    Denies each and every allegation contained in paragraph 114 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT III: THIRD CAUSE OF ACTION - STRICT PRODUCT LIABILITY"

114.    With respect the allegations contained in paragraph 115 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 113 of this Answer with the same force and effect as though set forth herein.

115.    The allegations contained in paragraph 116 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 116 of the Complaint.

116.    Denies each and every allegation contained in paragraph 117 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

117.    Denies each and every allegation contained in paragraph 118 of the Complaint.

118.    Denies each and every allegation contained in paragraph 119 of the Complaint.

119.    Denies each and every allegation contained in paragraph 120 of the Complaint, including its subparts (a) through (j), except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

120.    Denies each and every allegation contained in paragraph 121 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

121.    Denies each and every allegation contained in paragraph 122 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

122.    Denies each and every allegation contained in the first sentence of paragraph 123 of the Complaint. The allegations contained in the second sentence of paragraph 123 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 123 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

123.  Denies each and every allegation contained in paragraph 124 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

124.  The allegations contained in paragraph 125 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 125 of the Complaint and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

### RESPONSE TO "COUNT IV:
### FOURTH CAUSE OF ACTION - STRICT PRODUCT LIABILITY
### RESTATEMENT SECOND OF TORTS 402a (1965)"

125.  With respect the allegations contained in paragraph 126 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 124 of this Answer with the same force and effect as though set forth herein.

126.  Denies each and every allegation contained in paragraph 127 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

127.  Denies each and every allegation contained in paragraph 128 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and

respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

128.    Denies each and every allegation contained in paragraph 129 of the Complaint.

129.    Denies each and every allegation contained in paragraph 130 of the Complaint.

130.    Denies each and every allegation contained in paragraph 131 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

131.    Denies each and every allegation contained in paragraph 132 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

132.    Denies each and every allegation contained in paragraph 133 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT V:
## FIFTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY"

133. With respect the allegations contained in paragraph 134 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 132 of this Answer with the same force and effect as though set forth herein.

134. Denies each and every allegation contained in paragraph 135 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

135. Denies each and every allegation contained in paragraph 136 of the Complaint.

136. Denies each and every allegation contained in paragraph 137 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

137. The allegations contained in paragraph 138 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 138 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

## RESPONSE TO "COUNT VI:
## SIXTH CAUSE OF ACTION – RECISSION OR
## CONSTRUCTIVE RECISSION FOR FRAUD IN THE
## INDUCEMENT AND CONFECTION OF SALE"

138.    Denies each and every allegation contained in paragraph 139 of the Complaint, except admits that Plaintiff purports to seek rescission of the purchase of Vioxx, attorney's fees, and punitive damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DAMAGES"

139.    Denies each and every allegation contained in paragraph 140 of the Complaint, including its subparts (a) through (h).

140.    Denies each and every allegation contained in paragraph 141 of the Complaint, including its subparts (a) through (i), except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

141.    Denies each and every allegation contained in paragraph 142 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

142.    Denies each and every allegation contained in paragraph 143 of the Complaint, except admits that Plaintiff purports to seek attorney's fees but denies that there is any legal or factual basis for such relief.

143.    Denies each and every allegation contained in paragraph 144 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

144.    Denies each and every allegation contained in paragraph 145 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to seek costs and expenses but denies that there is any legal or factual basis for such relief.

145.    The allegations contained in paragraph 146 of the Complaint are legal conclusions as to which no response is required.

146.    Denies each and every allegation contained in paragraph 147 of the Complaint, except admits that Plaintiff purports to reserve certain rights.

147.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 147 of the Complaint and the two subsequent unnumbered "Plaintiff further prays" paragraphs constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 147 of the Complaint and the two subsequent unnumbered "Plaintiff further prays" paragraphs, including the subparts (a) through (f), except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

148.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

149.    The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

150.   To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La. Rev. Stat. § 9:2800.51, *et seq.*

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

151.   To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

152.   The Plaintiff failed to exercise reasonable care to mitigate his alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

153.   Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

154.   To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

26

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

155.   The claims of the Plaintiff are barred in whole or in part under comment k

to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

156.   The claims of the Plaintiff are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

157.   The claims of the Plaintiff are barred under Section 4, et seq., of the

Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

158.   The claims of the Plaintiff are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

**AS FOR A TWELFTH
DEFENSE, MERCK ALLEGES:**

159.   The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

**AS FOR A THIRTEENTH
DEFENSE, MERCK ALLEGES:**

160.   The claims of the Plaintiff are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

161.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

162.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

163.    To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

164.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

**AS FOR AN EIGHTEENTH**
**DEFENSE, MERCK ALLEGES:**

165.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

**AS FOR A NINETEENTH**
**DEFENSE, MERCK ALLEGES:**

166.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

**AS FOR A TWENTIETH**
**DEFENSE, MERCK ALLEGES:**

167.    To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A TWENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

168.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

169.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

**AS FOR A TWENTY-THIRD
DEFENSE, MERCK ALLEGES:**

170.    To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A TWENTY-FOURTH
DEFENSE, MERCK ALLEGES:**

171.    To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

172.    To the extent that Plaintiff asserts claims against Merck for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

173.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiff has failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

**AS FOR A TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

174.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

175.    To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

176.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

177.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

178.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.     That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.     Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  December 21, 2005.

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
        Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
        Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 21st day

of December, 2005.