U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    DEC 2 2 2005

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION L |
| | : | |
| | : | JUDGE FALLON |
| --------------------------------------------------------------:- | | MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:  5:04-CV-1367

RONALD R. BENJAMIN,  attorney for plaintiffs Richard F. Core and Marilyn Ruth Core,

hereby notices and moves this Court for an Order to remand the instant case from the MDL to the state

court from which it was improperly removed by defendant Merck & Co., Inc., on the grounds of alleged

fraudulent joinder, and support of the same states as follows:

1.  This action alleges product liability against the defendant Merck arising out of the plaintiff's

ingestion of the drug Vioxx, as well as related claims against Merck and its detail employees for

misrepresenting the product, and a separate medical malpractice claim against plaintiff's physician,

defendant Eric Dohner, M.D., for prescribing the same to plaintiff without advising him of any of the

risks and benefits plaintiff alleges prevented him from making an informed decision or consent to the

regimen of treatment.

2.  On the face of the complaint, it is alleged that both the plaintiff and defendant Dohner are

citizens of the State of New York, and defendant Merck appears to concede that, absent fraudulent

joinder, diversity of citizenship was not a basis for federal jurisdiction in this case at the time it was filed.

It is also significant that the defendant's removal papers do not in any respect indicate there is any

evidence that defendant Dohner is not a citizen of New York State as alleged in the complaint at the time

___ Fee_____
___ Process_____
X  Dktd_____
✓ CtRmDep_____
___ Doc. No _____

of filing.

     3.  It is respectfully submitted defendant Merck has otherwise failed to show entitlement to removal based on the matters alleged with regard to purported fraudulent joinder with respect to the claims based in medical malpractice against the New York defendant, Dr. Dohner.

     4.  The complaint in the action was filed in Onondaga County Supreme Court on October 29, 2004, and was accompanied by a Certificate of Merit as to the claims sounding in medical malpractice against defendant Eric Dohner, M.D.

     5.  While there is a pending multidistrict proceeding, MDL 1657: In re VIOXX® Products Liability Litigation, the removing defendant fails to show that any of the actions being transferred thereto involve claims against nondiverse physicians.

     6.  Plaintiff Richard Core is 72 years old and has suffered from arthritis and osteoarthritis for many years, and the complaint alleges that in or about July 2002, defendant Dohner recommended and prescribed Vioxx for Mr. Core without explanation of any of the risks or advice as to the benefits that Vioxx would provide and "instructed plaintiff to switch from Ibuprofen which he had been taking even though the latter had the same or similar alleged benefits without the serious risks Vioxx posed and that the latter's alleged benefits were unknown and unsubstantiated by proper studies ...." Complaint, para. 60.  Moreover, the complaint alleges "defendant Dohner failed to disclose to plaintiff patient alternatives to the use of Vioxx...." *Id.*, para. 61.

     7.  In the complaint, plaintiff alleges facts showing that Dr. Dohner prescribed him Vioxx for more than two years, and had continued prescribing Vioxx to Mr. Core even after he had a stroke in May 2003.  Complaint, paras. 8-9.

     8.  Since the only issue in the case at bar raised by the removal by defendant Merck is whether or not defendant Dohner was fraudulently joined, these moving papers do not address the viability of

the causes of action against defendant Merck sounding in products liability and fraud.

9.   Your affiant respectfully submits that defendant Merck knows full well that the medical malpractice action is meritorious, and that as such there is no diversity of citizenship and, therefore, this Court does not have subject matter jurisdiction over this action.

10.   Your affiant further submits that defendant Merck is attempting to delay prosecution of the plaintiff's meritorious cause of action as evinced by its improperly advising the clerk of this Court that the instant action was one probably suitable for multidistrict litigation.  In this regard, it must be noted that federal court jurisdiction over a case is a prerequisite to its being suitable for MDL litigation.

11.   Moreover, upon information and belief, even if this drug is the subject of multidistrict litigation in federal court, the defendant is aware such litigation will take years before discovery is complete let alone trial of the action realistic.  In view of the plaintiff's age, he would be entitled to a preference in state court which would permit this action to be tried and a verdict achieved in a time-frame that will permit the plaintiff to receive the benefits from any settlement rather than have the same go into an estate.

12.   Plaintiff's complaint states a viable cause of action against defendant Dohner under the applicable New York law statutory law which clearly provides that under the circumstances enumerated in the complaint, plaintiff can state a viable cause of action for medical malpractice in the nature of lack of informed consent.

13.   In the first instance, defendant Merck asserts in its Notice of Removal that "Dr. Dohner's decision to prescribe VIOXX® without Plaintiff's knowledge of the 'risks and benefits' can only be a lack of informed consent if he knew or should have know of the alleged hazard from VIOXX®."  Notice of Removal, at p. 5, para. 19.

14.   In the first instance, it is respectfully submitted that whether or not Dr. Dohner knew or

should have known of the drug's hazards under the applicable statutory cause of action, namely, *New York Public Health Law § 2805-d*, is a matter of proof, and defendant Merck fails to point to any factual basis for its apparent claim that Dr. Dohner did not know and should not have known of cardiovascular risks of Vioxx or alternatives to Vioxx when he switched plaintiff from less dangerous medication or at any time prior to plaintiff's stroke and the withdrawal of Vioxx from the marketplace.

15.   In the second instance, Merck's Sixth affirmative defense accompanying the Notice of Removal asserts that plaintiff's failure to warn claims "are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician." *See* Answer and Jury Demand of Defendant Merck & Co., Inc., at para. 79.   Dr. Dohner is the only "learned intermediary" on whom this affirmative defense is based since he was the only Vioxx-prescribing physician.   His conduct, therefore, is clearly at issue here; indeed, defendant Merck anticipates the proof will be that Dr. Dohner should have known of the risks of Vioxx.   It is respectfully submitted that, if a jury agrees with Merck that the company did provide warnings to physicians of the risks of the drug Vioxx, it could determine that Dr. Dohner failed to relay those warnings to the plaintiff.

16.   Your affiant respectfully submits that the defendants have respective obligations to know about existing medical information, and defendant Dohner's obligations as a "learned intermediary" were to be aware of what reasonable physicians in this field would be aware of, and, as such, he should have conveyed the aforesaid risks associated with the use of Vioxx, as well as the fact that Vioxx provided no additional benefit than ibuprofen which the plaintiff was taking at the time he went to see Dr. Dohner.   *See Complaint, at para. 60.*

17.   It is respectfully submitted plaintiff's complaint sufficiently pleads a separate claim against his treating/prescribing doctor for medical malpractice with respect to lack of informed consent for the Vioxx drug therapy, and there was no basis for the removal of this case from state court in light of the

fact that the defendant concedes plaintiff Richard Core and defendant Dohner are citizens of New York

18.   I am informed that plaintiff's counsel Ronald R. Benjamin has conferred with counsel for the removing defendant Merck, William Beausoleil, Esq., with respect to the remand to state court, and that this matter cannot be resolved between the parties.

19.   An affidavit of service with respect to defendant Eric Dohner, M.D., was filed with the Court on or about December 8, 2004, and the Notice of Removal was served prior to service of an answer to the complaint on behalf of defendant Dohner.   We are informed that Dr. Dohner will be represented by John J. Pollock, Esq., Levene Gouldin & Thompson LLP, but as yet are  not informed whether or not Dr. Dohner concurs with removal or remand.

20.   In view of the aforesaid matters, it is respectfully requested that the instant motion to remand this action to the New York State Court in Onondaga where it properly belongs should be GRANTED.

Dated: December 20, 2005
       Binghamton, New York

RONALD R. BENJAMIN
FED. Bar Roll No.: 101131
LAW OFFICES OF RONALD R. BENJAMIN
Attorneys for Plaintiffs
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902
607/772-1442

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  VIOXX | ) **MDL NO. 1657** |
| | ) |
| **PRODUCTS LIABILITY LITIGATION** | ) **SECTION L** |
| | ) **JUDGE FALLON** |
| | ) **MAG. JUDGE KNOWLES** |
| ------------------------------------------------------------------- | ) |
| **This document relates to:** | ) |
| | ) |
| **RICHARD F. CORE, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| -vs.- | ) |
| | ) **CIVIL ACTION NO. 2:05-cv-02583** |
| **MERCK & CO., INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| _____ | ) |

## PLAINTIFF'S RENEWED MOTION TO REMAND THIS ACTION TO NEW YORK STATE SUPREME COURT AND FOR AN EXTENSION OF TIME TO COMPLY WITH THIS COURT'S PRETRIAL ORDER NO. 18B DURING THE PENDENCY OF THIS MOTION

Plaintiff Richard F. Core hereby moves this Honorable Court pursuant to 28 U.S.C. 1447(c) for an

Order granting plaintiff leave to renew the motion to remand this action to state court that he previously

made in the transferor court, and, upon renewal, granting him an Order remanding the instant case to the

state court from which it was improperly removed by defendant Merck & Co., Inc., which asserted the

grounds of alleged fraudulent joinder, and, further, for an extension of time, to and including thirty (30)

days after this Court decides the instant motion to remand, within which to serve  the Plaintiff's Profile

Form and Authorizations, which this Court's Pretrial Order No. 18B directs is due by November 15, 2005.

In support of this motion plaintiffs state as follows:

1.   This action alleges product liability claims against the defendant Merck arising out of the plaintiff's ingestion of its drug VIOXX, and states a separate medical malpractice claim against plaintiff's physician, defendant Eric Dohner, M.D., for prescribing the same to plaintiff without advising him of any of the risks and benefits plaintiff alleges prevented him from making an informed decision or consent to the regimen of treatment.

2.   At the outset, the procedural posture of this case can be briefly summarized as follows to put this motion in context.

3.   The complaint was originally filed in the New York State Supreme Court in October 2004, and, although the joining of Dr. Dohner destroyed diversity since he, like plaintiff, is a citizen of the state of New York, defendant Merck filed a notice of removed to the United States District Court for the Northern District of New York. *See Exhibit 1 to Notice of Removal, annexed hereto as **Exhibit A.*** Upon removal, plaintiffs filed a timely motion to remand the case to the state court. *See moving papers annexed hereto as **Exhibit B***.

4.   While the motion to remand was pending in the Northern District of New York, the case became the subject of a conditional transfer order before the Judicial Panel on Multidistrict Litigation, whereupon plaintiffs filed a motion to vacate the conditional transfer order on the grounds that the case should properly be remanded to the state court where it was original brought.   By order filed June 20, 2005, the Judicial Panel on Multidistrict Litigation transferred this action, including the claims against Dr. Dohner, as a tag-along case to this Court for inclusion in MDL No. 1657. *See Order annexed hereto as **Exhibit C***.   The aforesaid order states in pertinent part that, "Any pending motions to remand to state court can be presented to and decided by the transferee judge." *Id., at p. 1.*

5.   Plaintiff now seeks to renew the motion to remand, and requests he be granted an extension of

time, to and including thirty (30) days after this Court decides the instant motion to remand within which to serve the Plaintiff's Profile Form and Authorizations pursuant to Pretrial Order No. 18B, which is currently due on or before November 15, 2005.

6. Plaintiff respectfully submits the defendant will not be prejudiced by the request for extension of time during the pendency of this motion.

7. The complaint was originally filed in Onondaga County Supreme Court on October 29, 2004, and was accompanied by a Certificate of Merit as to the claims sounding in medical malpractice against defendant Eric Dohner, M.D. On the face of the complaint, it is alleged plaintiffs and defendant Dohner are citizens of the State of New York, and defendant Merck appears to concede that, absent fraudulent joinder, diversity of citizenship was not a basis for federal jurisdiction in this case at the time it was filed. It is also significant that the defendant's removal papers do not in any respect indicate there is any evidence that defendant Dohner is not a citizen of New York State as alleged in the complaint at the time of filing.

8. It is respectfully submitted defendant Merck has otherwise failed to show entitlement to removal based on the matters alleged with regard to purported fraudulent joinder with respect to the claims based in medical malpractice against the New York defendant, Dr. Dohner.

9. Plaintiff respectfully submits the complaint sufficiently states a meritorious medical malpractice action and lack of informed consent, and that as such there is no diversity of citizenship and, therefore, the federal courts do not have subject matter jurisdiction over this action.

10. Plaintiff's complaint states a viable cause of action against defendant Dohner under the applicable New York law statutory law which clearly provides that under the circumstances enumerated in the complaint, plaintiff can state a viable cause of action for medical malpractice in the nature of lack of informed consent.

11. In the first instance, defendant Merck asserts in its Notice of Removal that "Dr. Dohner's

decision to prescribe VIOXX® without Plaintiff's knowledge of the 'risks and benefits' can only be a lack of informed consent if he knew or should have know of the alleged hazard from VIOXX®." *See Notice of Removal, at p. 5, para. 19.* It is respectfully submitted that whether or not Dr. Dohner knew or should have known of the drug's hazards under the applicable statutory cause of action, namely, *New York Public Health Law § 2805-d*, is a matter of proof, and defendant Merck fails to point to any factual basis for its apparent claim that Dr. Dohner did not know and should not have known of cardiovascular risks of Vioxx or alternatives to Vioxx when he switched plaintiff from less dangerous medication or at any time prior to plaintiff's stroke and the withdrawal of Vioxx from the marketplace.

12. In the second instance, Merck's sixth affirmative defense asserts that plaintiff's failure to warn claims are barred by the learned intermediary doctrine. Dr. Dohner is the only "learned intermediary" on whom this affirmative defense is based since he was the only Vioxx-prescribing physician. His conduct, therefore, is clearly at issue here; indeed, defendant Merck anticipates the proof will be that Dr. Dohner should have known of the risks of Vioxx. It is respectfully submitted that, if a jury agrees with Merck that the company did provide warnings to physicians of the risks of the drug Vioxx, it could determine that Dr. Dohner failed to relay those warnings to the plaintiff.

13. It is respectfully submitted plaintiff's complaint sufficiently pleads a separate claim against his treating/prescribing doctor for medical malpractice with respect to lack of informed consent for the Vioxx drug therapy, and there was no basis for the removal of this case from state court in light of the fact that defendant Merck concedes plaintiff Richard Core and defendant Dohner are both citizens of New York, thus depriving the federal courts of jurisdiction.

14. Moreover, in view of the fact that plaintiff is over 70 years of age, he is entitled under New York state law, CPLR § 3043(a)(4), to a trial preference in state court which would permit his action to be reached for trial on an expedited calendar basis; whereas, a trial preference is not similarly available to him

under the Federal Rules of Civil Procedure and his case is likely to be prolonged by coordination in the MDL, especially when the jurisdictional issue indicates that his case should, in fact, not have been removed to federal court in the first place.

WHEREFORE, in view of the foregoing matters, plaintiff respectfully submits his motion for leave to renew his motion to remand this action to the New York State Supreme Court for the County of Onandaga where it properly belongs should be GRANTED, and he should be granted an extension of time, to and including thirty (30) days after decision on the instant motion to remand, to serve a Plaintiff.

Dated: December 20, 2005
        Binghamton, New York

RONALD R. BENJAMIN
FED. Bar Roll No.: 101131
LAW OFFICES OF RONALD R. BENJAMIN
Attorneys for Plaintiffs
126 Riverside Drive, P. O. Box 607
Binghamton, New York 13902
607/772-1442

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RE: VIOXX                                          MDL NO.  1657

**PRODUCTS LIABILITY LITIGATION**       SECTION L
                                                        JUDGE FALLON
This document relates to:                     MAG. JUDGE KNOWLES

RICHARD F. CORE, et al.

       Plaintiffs,                             Civil Action No.: 2:05-cv-02583

  -vs-

MERCK & CO., INC., et al.

       Defendants.

---

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2005, I served a true copy of the second set of Plaintiff's Renewed Motion to Remand This Action to New York State Supreme Court and for an Extension of Time to Comply With This Court's Pretrial Order No. 18B During the Pendency of This Motion and Memorandum of Law in Support upon Leslie M. Ballantyne, Esq., Attorney for Defendants, located at Hughes Hubbard & Reed, One Battery Park Plaza, New York, New York 10004-1482, by Federal Express/Standard Overnight.

*Patricia Brehaut*

Patricia Brehaut

Sworn and subscribed to me
this 21st day of December, 2005

Notary Public
BRIAN NAYOR
Notary Public - State of New York
No. 01NA6116006
Qualified in Broome County
My Commission Expires 9/20/2008

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  VIOXX )<br><br>     **PRODUCTS LIABILITY LITIGATION** )<br><br>------------------------------------------------------------------------- )<br>**This document relates to:** )<br><br>**RICHARD F. CORE, et al.,** )<br><br>          **Plaintiffs,** )<br>  **-vs.-** )<br><br>**MERCK & CO., INC., et al.,** )<br><br>         **Defendants.** )<br> ) | **MDL NO. 1657**<br><br>**SECTION L**<br>**JUDGE FALLON**<br>**MAG. JUDGE KNOWLES**<br><br><br><br><br><br>**CIVIL ACTION NO. 2:05-cv-02583** |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS RENEWED MOTION TO REMAND THIS ACTION TO NEW YORK STATE SUPREME COURT AND FOR AN EXTENSION OF TIME TO COMPLY WITH THIS COURT'S PRETRIAL ORDER NO. 18B DURING THE PENDENCY OF THIS MOTION

This memorandum of law in submitted in support of the plaintiff's instant motion to remand this action pursuant to 28 U.S.C. 1447(c) back to the New York State Supreme Court for the County of Onondaga from which it was improperly removed by defendant Merck & Co., Inc., on the grounds of alleged fraudulent joinder. Plaintiffs respectfully submit that, because the removal to federal court was based solely on diversity jurisdiction, this motion is dispositive as to the Court's lack of jurisdiction, and, therefore, it is proper to consider and grant this motion despite the transfer to multidistrict litigation.

## STATEMENT OF FACTS

The complaint in this action was commenced by filing of the complaint with the New York Supreme Court for the County of Onondaga on October 29, 2004, and was accompanied by a Certificate of Merit as to the claims sounding in medical malpractice against defendant Eric Dohner, M.D. *See Exhibit 1, Complaint and Certificate of Merit, in Merck's Notice of Removal papers which are annexed hereto as Exhibit A.* On its face, the complaint alleges product liability and fraud claims against defendant Merck & Co., a pharmaceutical manufacturer, arising out of the plaintiffs ingestion of the company's drug Vioxx, as well as related claims against Merck and its detail employees for misrepresenting the product. A separate medical malpractice claim against plaintiff's physician, defendant Eric Dohner, M.D., is set forth in the complaint based on his conduct of prescribing the drug to plaintiff without advising him of any of the risks and benefits plaintiff alleges prevented him from making an informed decision or consent to the regimen of treatment, and despite the drug having no additional benefits to the less drug the plaintiff was already prescribed, especially since the doctor knew or should have known there was no reason to switch medication, and continuing to prescribe the drug to him even after he had a stroke. *Id., Sixth Cause of Action, at paras. 56-68.*

On the face of the complaint, it is alleged that both the plaintiff and defendant Dohner are citizens of the State of New York, inasmuch as they both reside in the State of New York *(Notice of Removal, at paras. 1 and 5),* and defendant's removal papers do not in any respect indicate there is any evidence that defendant Dohner is not a citizen of New York State as alleged in the complaint at the time of filing. Instead, defendant Merck appears to concede that, absent the alleged fraudulent joinder, diversity of citizenship was not a basis for federal jurisdiction in this case at the time it was filed.

-2-

On the assertion of fraudulent joinder of Dr. Dohner, defendant Merck's Notice of Removal contends the complaint does not allege "a sufficient factual basis for the claim" against Dr. Dohner and that, "These conclusory allegations do not state a factual basis for a lack of informed consent claim against Dr. Dohner." *Id, at para. 18.* Plaintiffs turn to the facts alleged that provide the basis for the claims against the prescribing physician.

The complaint alleges that, starting in or about July of 2002, defendant Dohner recommended and prescribed Vioxx without explanation of any of the risks or advice as to the benefits that Vioxx would provide and "instructed plaintiff to switch from Ibuprofen which he had been taking even though the latter had the same or similar alleged benefits without the serious risks Vioxx posed and that the latter's alleged benefits were unknown and unsubstantiated by proper studies...." *Complaint, para. 60.* Moreover, the complaint alleges "defendant Dohner failed to disclose to plaintiff patient alternatives to the use of Vioxx...." *Id., para. 61.* Also, the complaint alleges facts showing that Dr. Dohner prescribed Vioxx for Mr. Core's ingestion for more than two years, and had continued prescribing Vioxx to him even after he had a stroke in May 2003. *Complaint, paras. 8-9.*

Defendant Merck asserts in its Notice of Removal that "Dr. Dohner's decision to prescribe VIOXX® without Plaintiff's knowledge of the 'risks and benefits' can only be a lack of informed consent if he knew or should have know of the alleged hazard from VIOXX®." *Notice of Removal, at p. 5, para. 19.* However, contradicting its own contentions, Merck's sixth affirmative defense accompanying the Notice of Removal asserted that plaintiffs failure to warn claims are barred by application of the learned intermediary doctrine, claiming it discharged its duty to warn the physician.

Plaintiff now turns to his argument.

-3-

## ARGUMENT

### The Removing Defendant Has  Failed to Meet its Burden to Show Entitlement to  Removal Based on the Matters Alleged with Regard to Purported Fraudulent Joinder With Respect to the Claims Based in Medical Malpractice/ Lack of Informed Consent Against the New York Defendant, Dr. Dohner.

Plaintiff respectfully submits that, as the removing party, defendant Merck has "the burden of establishing that [Dr. Dohner]  is a nominal party and any doubts are to be resolved in favor of remand", since its notice of removal is tantamount to a claim that Dr. Dohner was "joined for the sole purpose of destroying diversity." Maruri Fashion and Sportswear, Inc., v. The Gillman Knitwear Co., 1992 U.S. Dist. LEXIS 6298, at *1-2 (SDNY May 4, 1992)     The burden on the removing party is to demonstrate in its notice of removal that the party is nominal.  *Id.*    Indeed, it is respectfully submitted the law is  well settled that:

> "Removal statutes are construed narrowly and all uncertainties are resolved in favor of remand in order to promote the goals of federalism, restrict federal court jurisdiction, and support the plaintiff's right to choose the forum." *Curtin v. Port Auth. of New York, 183 F. Supp. 2d 664, 667 (S.D.N.Y. 2002)*; accord *Somlyo v. J. Lu-Rob Enter., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)*; *Stamm v. Barclays Bank, 1996 U.S. Dist. LEXIS 15781, No. 96 Civ. 5158 (SAS), 1996 WL 614087, at *1 (S.D.N.Y. Oct. 24, 1996)*; see *Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1428 (2d Cir. 1997)*. The removing party has the burden of demonstrating that federal jurisdiction exists. *Grimo v. Blue Cross/Blue Shield, 34 F.3d 148, 151 (2d Cir. 1994)*; *Curtin, 183 F. Supp. 2d at 667*.

Rubin v. Mastercard International, LLC, 2004 U.S. Dist. LEXIS 20528, at *3 (SDNY Oct. 14, 2004)

Removing defendant Merck has failed to demonstrate that plaintiff has not pled a cause of action against Dr. Dohner.   Under New York law, an action against medical professionals based on lack of informed consent is statutory in nature. *See Public Health Law § 2805-d*, which sets forth the following elements of the claim:

§ 2805-d.  Limitation of medical, dental or podiatric malpractice action based on lack of

-4-

informed consent
1.   Lack of informed consent means the failure of the person providing the professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical, dental or podiatric practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation.
2.   The right of action to recover for medical, dental or podiatric malpractice based on a lack of informed consent is limited to those cases involving either (a) non-emergency treatment, procedure or surgery, or (b) a diagnostic procedure which involved invasion or disruption of the integrity of the body.
3.   For a cause of action therefor it must also be established that a reasonably prudent person in the patient's position would not have undergone the treatment or diagnosis if he had been fully informed and that the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought.

Consistent with the terms of the statutory provisions governing the cause of action, plaintiff submits the same has been interpreted to encompass the precise kind of malpractice claims set forth in the plaintiff's complaint here.

Recently, in <u>Johnson v. Columbia University</u>, 2003 U.S. Dist. LEXIS 20932 (SDNY Nov. 19, 2003), Judge Daniels denied a motion to dismiss, *inter alia*, a plaintiff's lack of informed consent cause of action, ruling in pertinent part that:

> Under New York law, the doctrine of informed consent has been codified in *§ 2805-d of the New York Public Health Law*.  In order to establish a cause of action to recover damages for medical malpractice based on lack of informed consent, plaintiff must prove (1) that medical provider failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical provider would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury. See *Spano v. Bertocci, 299 A.D.2d 335, 749 N.Y.S.2d 275*.
> Under this standard, plaintiff's allegations of negligence based on the Scientists' breach of their statutory duty to obtain informed consent are sufficient to support a claim. Similar to plaintiff's medical malpractice claim, plaintiff allegations, though inartfully pled, allow for the inference that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed.  Defendants' motion to dismiss plaintiff's claims of negligence and breach of a statutory duty is therefore denied.

-5-

*Id.,* 2003 U.S. Dist. LEXIS 20932, at *57-58.   The precedent is similar in the New York state courts

decisions declining to dismiss when faced with allegations such as the plaintiff in the instant case alleges

against Dr. Dohner.   In this regard, the Appellate Division, Fourth Department, has ruled:

> The allegation that defendant failed to inform plaintiff of the risks associated with the use
> of the prescribed medications . . .  could support plaintiff's right to recover for medical
> malpractice based on a lack of informed consent (*see, Public Health Law § 2805-d*[2];
> *Marchione v State of New York, 194 AD2d 851; Dooley v Skodnek, 138 AD2d 102).* set
> forth in a matter of statutory law.

Muchler v. Penwarden, 207 A.D.2d 977, 617 N.Y.S.2d 87, at *1 (4th Dept. 1994).   Physicians may be found

liable where they fail to apprise a patient of alternatives to the treatment.   *See* Andreach v. Mount Sinai

Medical Ctr., 253 A.D.2d 397, 397, 676 N.Y.S.2d 588, at *1-2 (1st Dept. 1998).

In the instant case, plaintiff alleges Dr. Dohner prescribed a switch to Vioxx in 2002, and the

plaintiff had a stroke in May 2003.   The removing defendant has not adduced any facts showing that the

medical literature available to practitioners raised no concerns as to the cardiovascular risks of Vioxx prior

to Mr. Core's stroke that would have alerted Dr. Dohner and caused him to advise the plaintiff that the

safety and risks of Vioxx, a selective cyclooxygenase 2 (COX-2) inhibitor, was a matter of debate and

ongoing study throughout the time he was prescribing the drug to Mr. Core.   Indeed, the complaint alleges

Dr. Dohner continued to prescribe Vioxx to plaintiff for more than a year after plaintiff suffered a stroke,

evincing that the medical literature may have been ignored by him.   In any event, the removing defendant

has made no attempt to show the medical literature available to Dr. Dohner would not have given the doctor

cause for concern or caused him to provide Mr. Core with information concerning risks of and alternatives

to Vioxx prior to his injury.

It is respectfully submitted that, contrary to the defendant's contentions, there is much precedent

evincing that claims against the manufacturer and prescribing physician can co-exist in a case involving

-6-

the ingestion of a dangerous drug without raising an issue of misjoinder. In <u>Ezagui v. Dow Chemical Corp.</u>, 598 F.2d 727, 737, 1979 U.S. App. LEXIS 15210, at 28 (2d Cir. 1979), the plaintiffs sued a pharmaceutical company for product liability and failure to warn regarding a drug, and sued the doctor who prescribed the drug, and the Second Circuit found sufficient evidence the latter "had failed to comprehend and act in light of the hazards attendant upon the use of Quadrigen as reported in the medical literature and in the package inserts" and "did not adequately disclose the hazards associated with Quadrigen which he was charged with knowing and disclosing and that there was therefore a lack of informed consent."

Even more significantly, in its answer, removing defendant Merck interposes an affirmative defense under the learned intermediary doctrine.  In light of the allegations in the complaint, it is clear Dr. Dohner is the only "learned intermediary" on whom this affirmative defense could be based in this case since he was the only Vioxx-prescribing physician.  Dr. Dohner's conduct, therefore, is clearly at issue here: if a jury agrees with Merck that the company did provide adequate warnings to physicians of the risks of the drug Vioxx that would have avoided the injury here had the warnings been heeded, it could determine the converse, namely, that Dr. Dohner failed to relay those warnings to the plaintiff.

Moreover, under New York law, defendants have respective obligations to know about existing medical information, and defendant Dohner's obligations as a "learned intermediary" were to be aware of what reasonable physicians in this field would be aware of, and, as such, he should have conveyed the aforesaid risks associated with the use of Vioxx, as well as the fact that Vioxx provided no additional benefit than ibuprofen which the plaintiff was taking at the time he went to see Dr. Dohner.  His duty in this regard is not lessened by the fact that the manufacturer's own warnings were not adequate in the Physician's Desk Reference or the package insert.   The defendant's contention that plaintiff pleads contradictory factual allegations is without merit in that the fact that defendant Merck concealed some

information, and engaged in false and misleading promotional activities, does not in any respect diminish the statutorily-defined responsibility of the defendant doctor to advise plaintiff of the risks and benefits of and alternatives to Vioxx, in the same manner as any reasonable physician would be obligated to do based on information that was available to the medical community.

It is respectfully submitted defendant Merck does not allege any fraud in bringing suit against Dr. Dohner, and, "[t]he question, then, is simply whether Defendants can show that no possibility exists that Plaintiff has stated a medical malpractice claim against" the doctor. <u>Barragan v. Warner-Lambert Company</u>, 216 F.Supp.2d 627, 632, 2002 U.S.Dist. LEXIS 16443, at *10 (WD Tex. 2002). Here, the removing defendant does not meet this burden in its removal papers.

Finally, plaintiffs respectfully submit that this Court should grant the instant motion for remand particularly in light of the possible transfer to MDL 1657 as suggested by defendant Merck. The district court in <u>Barragan</u> ruled "judicial efficiency and economy are better served by this Court considering, ***before the case is transferred to the MDL Court***, the Motion to Remand." *Id.,*, 216 F.Supp.2d at 630, 2002 U.S.Dist. LEXIS 16443, at *5 [emphasis added]. The court further ruled: "Indeed, the Court finds that the issue presented here, whether or not the Plaintiff has a possibility of recovery against his treating physician, is not a close one, and thus there is no reason to delay remand to state court." *Id.,* 216 F.Supp.2d at 631, 2002 U.S.Dist. LEXIS 16443, at *6. Likewise in the instant case, the possibility of recovery against Dr. Dohner on the lack of informed consent cause of action is not a close issue, and remand should not be delayed./* [1]

---

[1] */Plaintiffs respectfully submit that remand prior to any MDL transfer is particularly appropriate in the instant case in light of the New York procedural law that entitles plaintiff Richard Core to a trial preference in state court since he is over 70 years old. *See* New York CPLR §3403(a)(4).

In this regard, the MDL court in another pharmaceutical product liability action cited by the removing defendant that involves claims against non-diverse prescribing physicians and multidistrict litigation remanded cases of plaintiffs whose complaints set out all the elements of a claim of malpractice against prescribing physicians, stating that:

> [T]he Court cannot rule out the possibility that these plaintiffs will succeed with their medical malpractice claims against the nondiverse physicians. [] Unlike plaintiffs in other Rezulin cases who have sought to hold physicians liable for failing to disclose defects of which the physicians were not aware, these plaintiffs arguably have stated a claim against the nondiverse physician defendants based on the theories that they failed to alert plaintiffs to the side effects of Rezulin of which they were aware and that they failed to secure the plaintiffs' informed consent and monitor their heart and liver function as the FDA recommended. []

In re Rezulin Prods. Liab. Litig. (MDL No. 1348), 2002 U.S. Dist. LEXIS 26723, at *6-7 (S.D.N.Y. April 12, 2002) [footnotes omitted].   In that case, the MDL court also explained, in part pertinent here, that distinguishing features were at issue and a uniform denial of remand was not appropriate, in that:

> In the cases to which that order pertained, the plaintiffs had not alleged a doctor-patient relationship between any plaintiffs and the physician defendants. Nor had they alleged that the physician defendants had prescribed Rezulin to any plaintiffs. In those circumstances, the Court held that the conclusory allegation that the physician defendants owed the plaintiffs a duty of care, which was unsupported by factual allegations that the physician defendants ever had treated the plaintiffs, was insufficient to defeat removal. The allegations in these complaints are different. Some plaintiffs here allege that the nondiverse physician defendants treated them, prescribed Rezulin to them, and failed to inform them of the risks associated with Rezulin, obtain their informed consent, and perform heart and liver function monitoring. These allegations are sufficient to render the citizenship of the physician defendants material for diversity purposes.

Id., 2002 U.S. Dist. LEXIS 26723 at *9-10.   Thus, the rulings on which defendant Merck relies involved factual circumstances that distinguish the prior rulings denying remand from the instant case for remand to New York Supreme Court.

Indeed, although defendant relies on a prior decision in the Rezulin MDL reported at In Re Rezulin

Prods. Liab. Litig., 133 F.Supp.2d 272, 283 (SDNY 2001), that reliance does not hold up under the circumstances presented here.  In the subsequent decision noted above, the same court explained that it ruled remand improper there only because "plaintiffs did not specifically mention a nondiverse physician or sales representative defendant except in the caption and then sought to lump this defendant in with the manufacturing defendants for liability purposes." *Id.*, 2002 U.S. Dist. LEXIS 26723, *at *11-12*.  The court then rejected the defendants' argument against remand of the separate cases before it on the ground that: " The five plaintiffs here who allege claims against a physician have separately alleged that a particular one of the nondiverse physician defendants treated them and prescribed Rezulin to them and in consequence each has a reasonable possibility of holding a nondiverse physician defendant liable."  *Id., at 12.*

Likewise, here, plaintiff Richard Core alleges that a particular doctor, defendant Dr. Dohner, treated him and prescribed the drug Vioxx to him, and in addition to failing to warn him of the dangers, Dr. Dohner had him switch medications when there were no additional benefits to Vioxx and it was a more dangerous drug than the ibuprofen he was taking, was not aware of medical literature that indicated cardiovascular risks of the drug had been raised and additional studies were necessary prior to the time Mr. Core suffered a stroke, and prescribed the more dangerous drug for a lengthy period of time even after plaintiff had a stroke.

In conclusion, it is only necessary to note the learned intermediary doctrine has already surfaced in the instant case and at the time of the Notice of Removal was among the affirmative defenses set forth in removing defendant Merck's answer.   One court faced with a claim of fraudulent joinder based on inconsistent complaint allegations, similar to the defendant's contentions here, put it most succinctly in the following rulings involving another prescription medication:

That these allegations [of medical malpractice] clash with allegations against [the

-10-

pharmaceutical company] is of no moment. At some point in the proceedings, some form of the "the learned intermediary doctrine" [] will surface; it is a veritable certainty considering the "failure to warn" allegations against the drug manufacturers. That doctrine, which invariably arises in context of failure to warn cases involving both the prescription drug manufacturers and the treating/prescribing physician as party defendants, dismembers any misjoinder argument.

Ohler v. Purdue Pharma, LP, 2002 U.S. Dist. LEXIS 2368, at *24 (ED La. Jan. 22, 2002) [footnote omitted].

## **CONCLUSION**

In view of the aforesaid matters, it is respectfully requested that the instant motion to stay MDL transfer and to remand this action to the New York State Court in Onondaga where it properly belongs should be GRANTED.

Dated: December 20, 2005
   Binghamton, New York

       _____
       RONALD R. BENJAMIN, ESQ.
       LAW OFFICES OF RONALD R. BENJAMIN
       Attorneys for Plaintiff
       126 Riverside Drive, P. O. Box 607
       Binghamton, New York 13902
       607/772-1442