UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 DEC 23 A 10: 52
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to: *Delores T. Warner and Francis D. Warner v. Merck & Co.* (E.D. La. 05-6232) | MAG. JUDGE KNOWLES |

### ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, responds to Plaintiffs' Complaint and Jury Demand ("Complaint") herein as follows:

### RESPONSE TO "PARTIES"

1. Merck admits that Plaintiffs purport to bring an action for certain damages but denies that there is any legal or factual basis for same. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint.

2. Merck admits that it is a New Jersey corporation with its principal place of business in New Jersey. Merck further admits that it is a leading research-driven pharmaceutical products and services company.

### RESPONSE TO "JURISDICTION AND VENUE"

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

5. Merck admits that Plaintiffs purport to bring an action for certain damages but denies that there is any legal or factual basis for same. Merck denies each and every remaining allegation contained in paragraph 5 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx®.

6. Merck denies each and every allegation contained in paragraph 6 of the Complaint except admits that it sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7. Merck denies each and every allegation contained in the first sentence of paragraph 7 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 7 of the Complaint.

8. The allegation contained in paragraph 8 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that osteoarthritis has been described in the medical literature as a chronic disorder of joint cartilage and surrounding tissues that is characterized by pain, stiffness, and loss of function.

9. The allegation contained in paragraph 9 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that rheumatoid arthritis has been described in the medical literature as an inflammatory arthritis in which joints, usually including those of the hands and feet, are inflamed, resulting in swelling, pain, and often the destruction of joints.

10. Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that Vioxx is in a class of drugs known as NSAIDs. Merck further admits that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

11. Merck denies each and every allegation contained in paragraph 11 of the Complaint except admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

12. Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that it sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

13. Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that the VIGOR study involving Vioxx exists and Merck respectfully refers the Court to the referenced study for its actual conclusions and full text.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from the trail, Merck concluded that a voluntary withdrawal of Vioxx best served the interest of patients.

18.     Merck denies the conclusory nature of the allegations contained in paragraph 18 of the Complaint except admits that Vioxx was prescribed to millions of patients by health care providers and that sales figures exceeded $2 billion in 2003.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed

required, Merck denies it violated any applicable law in the manufacture, sale and design of Vioxx.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

24. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 24 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

25. Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

27. Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28. Merck denies each and every allegation contained in paragraph 28 of the Complaint.

- 6 -

29.    Merck denies each and every allegation contained in paragraph 29 of the Complaint.

30.    Merck denies each and every allegation contained in paragraph 30 of the Complaint.

31.    Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32.    The allegations contained in paragraph 32 of the Complaint are legal conclusion as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

33.    Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34.    Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

35.    Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.    Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.    Merck denies each and every allegation contained in paragraph 37 except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

38. Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39. Merck denies each and every allegation contained in paragraph 39 of the Complaint.

40. Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41. Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42. Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43. Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44. Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45. Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46. Merck denies each and every allegation contained in paragraph 46 of the Complaint.

47. Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48. Merck denies each and every allegation contained in paragraph 48 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation related to Plaintiff's prescription and consumption of Vioxx.

49.  Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50.  Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51.  Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.  Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.  Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.  Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.  Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.  Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.  Merck denies each and every allegation contained in paragraph 57 of the Complaint.

### RESPONSE TO "COUNT I - NEGLIGENCE - (FAILURE TO PROVIDE ADEQUATE WARNINGS ABOUT PULMONARY EMBOLISM, BLOOD CLOTS, DEEP VEIN THROMBOSIS, HEART ATTACK AND STROKE) - DELORES WARNER v. DEFENDANT"

58.  With respect to the allegations contained in paragraph 58 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement

contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

59. The allegations contained in paragraph 59 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

60. Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61. Merck denies each and every allegation contained in paragraph 61 of the Complaint, including subparagraphs a through j.

62. Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63. Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64. Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65. Merck denies each and every allegation contained in paragraph 65 of the Complaint.

As for the "Wherefore" section following paragraph 65 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT II - STRICT PRODUCT LIABILITY (FAILURE TO WARN) - DELORES WARNER v. DEFENDANT"

66. With respect to the allegations contained in paragraph 66 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

67. Merck denies each and every allegation contained in paragraph 67 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

68. Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69. Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70. Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71. Merck denies each and every allegation contained in paragraph 71 of the Complaint.

As for the "Wherefore" section following paragraph 71 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT III - STRICT PRODUCT LIABILITY (DEFECTIVE PRODUCT) - DELORES WARNER v. DEFENDANT"

72.  With respect to the allegations contained in paragraph 72 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

73.  Merck denies each and every allegation contained in paragraph 73 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

74.  Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.  Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.  Merck denies each and every allegation contained in paragraph 76 of the Complaint.

As for the "Wherefore" section following paragraph 76 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT IV - BREACH OF EXPRESS WARRANTY DELORES WARNER v. DEFENDANT"

77.  With respect to the allegations contained in paragraph 77 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

78.     The allegations contained in paragraph 78 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

As for the "Wherefore" section following paragraph 80 of the Complaint, no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT V - BREACH OF IMPLIED WARRANTY DELORES WARNER v. DEFENDANT"

81.     With respect to the allegations contained in paragraph 81 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

82.     The allegations contained in paragraph 82 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

83.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Complaint.

84. Merck denies each and every allegation contained in paragraph 84 of the Complaint.

As for the "Wherefore" section following paragraph 84 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT VI - LOSS OF CONSORTIUM FRANCIS D. WARNER v. DEFENDANT"

85. With respect to the allegations contained in paragraph 85 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

86. Merck denies each and every allegation contained in paragraph 86 of the Complaint.

As for the "Wherefore" section following paragraph 86 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### AFFIRMATIVE DEFENSES

87. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

88. The Complaint fails to state a claim upon which relief can be granted.

89. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

90. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

91. To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

92. To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

93. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

94. Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

95. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

96. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not

having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

97. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

98. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

99. To the extent Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

100. Plaintiffs' claim are barred in whole or in part under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

101. Plaintiffs' claims are barred in whole or in part by the First Amendment.

102. Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

103. Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

104. Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or

pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

105.  Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Products Liability.

106.  To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

107.  To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

108.  Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

109.  Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

110.  Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

111.  To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

112. Plaintiffs' demands for punitive damages are barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

113. To the extent Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated:  December 23, 2005

Respectfully submitted,

*[signature]*

Phillip A. Whittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Camelite M. Bertaut, 3054
Stone Pigman Walther Whittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Fred T. Magaziner
Joseph K. Hetrick
Joshua G. Schiller
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Phone: (215) 994-4000
Fax: (215) 994-2222

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Merck & C., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 23 day of December 2005.

*Dorothy H. Wimberly* (signature)