

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br><br>This document relates to: *State of Louisiana, ex. rel. Charles C. Foti, Jr., Attorney General*, No. 05-3700 and *Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana*, No. 05-0713 | No. MDL Docket No. 1657<br><br>Section L<br><br>JUDGE FALLON<br><br>MAG. JUDGE KNOWLES |

### MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO REMAND, OR, IN THE ALTERNATIVE, MOTION TO CONSOLIDATE

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, respectfully submits this memorandum in opposition to Plaintiffs' Motion for Expedited Consideration of Motion to Remand, Or, In the Alternative, Motion To Consolidate the Two Above-Referenced Cases For Trial. As set forth below, plaintiffs' alternative proposals effectively concede this Court's jurisdiction over the *Foti* matter, are contrary to this Court's established procedures for addressing remand motions and class actions, and would undermine the interests of plaintiffs in this proceeding. For these reasons, plaintiffs' motion should be denied.

### BACKGROUND

Plaintiff Louisiana Health Service & Indemnity Company d/b/a/ BlueCross/BlueShield of Louisiana ("BCBSLA") commenced a class action lawsuit against Merck in this Court on March 4, 2005. BCBSLA seeks to represent a putative nationwide class of third-party payors – *i.e.*,

private sector insurance companies and welfare benefit plans that paid for Vioxx® for their insureds and/or beneficiaries. BCBSLA seeks a refund from Merck of amounts paid to or on behalf of insureds and/or beneficiaries who took Vioxx, reimbursement for medical expenses allegedly incurred as a result of the ingestion of Vioxx by those individuals, and "all other ascertainable economic losses" related to Merck's alleged misconduct under various Louisiana statutes and under state common law theories. (BCBSLA Compl. ¶ 25.)

Plaintiff Foti commenced a non-class action against Merck in the Civil District Court for the Parish of Orleans, Louisiana on July 6, 2005, on behalf of the state of Louisiana and its citizens. Foti seeks a refund of the payments made for Vioxx under the State's Medicaid program, reimbursement of medical expenses incurred for alleged Vioxx-related injuries among Medicaid patients, injunctive relief, and other damages under various Louisiana statutes and under state common law theories. (Foti Petition ¶ 22, Prayer For Relief ¶ 3.) Because Foti's action is premised upon alleged violations of the Federal Food, Drug & Cosmetic Act, and because the amount in controversy in this litigation between diverse citizens exceeds $75,000, Merck removed the action to the Eastern District of Louisiana on August 5, 2005. On October 11, 2005, Foti moved for remand of his action to state court, a motion which Merck opposed on November 1.

In the meantime, on August 2, 2005 the Plaintiffs' Steering Committee ("PSC") filed Master Class Action Complaints in this proceeding pursuant to Pretrial Order No. 16 ("PTO 16") issued on June 2, 2005. PTO 16 establishes a schedule for class certification proceedings for the PSC Master Class Action Complaints, including the certification of a proposed class of third-party payors that overlaps with BCBSLA's putative class. (*See* PTO 16 at VI.) Notably,

BSBCLA is not among the named plaintiffs that the PSC decided to include in the Purchase Claims Master Class Action Complaint. (Pls.' Mot. ¶ 10.)

Plaintiffs Foti and BCBSLA have now moved to expedite a ruling on Foti's motion to remand or, in the alternative, for consolidation of their actions and an order granting them an early trial date in the Vioxx MDL.

## ARGUMENT

As a threshold matter, plaintiffs' request that the Court consolidate the *Foti* action with the *BCBSLA* action and place it at the front of the line for trial – an argument which, oddly, constitutes the bulk of the memorandum in support of their motion for an expedited remand ruling – amounts to a concession that this Court does, in fact, have jurisdiction over Foti's claims. In addition, plaintiffs' consolidation proposal is contrary to numerous procedural requirements, and plaintiffs' request that the Court move their remand motion to the front of the line is precisely backward.

I. **PLAINTIFFS' REQUEST FOR CONSOLIDATION AND EARLY TRIAL IS CONTRARY TO THE ORDERLY SCHEDULE ON CLASS ACTION MATTERS ENTERED BY THE COURT.**

Plaintiffs' memorandum, read in its entirety, amounts to a concession that this Court has jurisdiction over Foti's claims. This is so because the bulk of plaintiffs' argument outlines a rationale for consolidating Foti's case with BCBSLA's and moving quickly to a trial on the merits in the MDL proceeding. (*See, e.g.,* Pls.' Mem. at 4-6.) While plaintiffs' apparent prediction that the Court will deny remand is supported by applicable law, their consolidation proposal is not.

Plaintiffs' request for consolidation and expedited trial is ill-conceived for numerous reasons. First, plaintiffs' proposal would put the cart ahead of the horse. BCBSLA's claims have not been tested at the pleading level and are facially unsuited for class certification because,

*inter alia*, they involve claims from 50 states that will be governed by the varying laws of each of those states. Plaintiffs' proposal for a consolidated trial ignores these fundamental problems and proposes that the Court set a trial, apparently without addressing these threshold procedural issues.

Second, plaintiffs' proposal asks the Court to jettison PTO-16, which sets forth an orderly schedule for the filing of master complaints and class certification proceedings under PTO-16. Plaintiffs offer no sound reason why the Court should countermand that schedule and move a class action to the front of the line that was not included on any of the PSC's three master complaints.

Third, plaintiffs' consolidation proposal should be rejected because these claims do not satisfy the requirements for consolidation under Rule 42 as that rule has been interpreted by courts. In deciding whether or not to consolidate two or more actions for trial, federal courts generally consider a variety of factors, including the avoidance of unnecessary costs or delay and the risk that consolidation will cause confusion. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761-62 (5th Cir. 1989) (affirming denial of consolidation where trial court concluded one case was ready for trial and the other was not); *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (denying consolidation because in "weigh[ing] the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation . . . the likelihood of delay and jury confusion resulting from consolidation . . . outweighs any efficiency that might be achieved"). The burden of proof is on the moving party to "show that consolidation would promote trial convenience and economy in administration due to factors other than a mere commonality of legal and factual issues." *Fleishman v. Prudential-Bache Sec., Inc.*, 103 F.R.D. 623, 624-25 (E.D. Wis. 1984).

Plaintiffs' conclusory arguments that the factual and legal issues presented in their cases are "strikingly similar" and that consolidation "will save all parties, as well as the Court, time and money" (Pls.' Mem. at 4-5) do not satisfy this standard. To the contrary, consolidating a private third-party payor class action with an individual Attorney General action brought to recover public funds would result in obvious confusion. Even assuming the BCBSLA class could be certified (which would be contrary to Fifth Circuit precedent), plaintiffs are proposing a trial of all third-party payors' claims throughout the country (which would have to be decided under those states' laws) and Foti's claims (which would require a jury to understand the intricacies of the Medicaid program).

Courts have rejected similar requests to consolidate on the grounds that doing so would unnecessarily complicate proceedings and cause confusion. In *In re Brand Name Prescription Drugs Antitrust Litigation*, 94 C 897, MDL 997, 1995 U.S. Dist. LEXIS 9348 (N.D. Ill. July 7, 1995), for example, the court denied a motion to consolidate class action claims and non-class action claims that sought relief under the same legal theories. *Id.* at *4. The court explained: "As in any complex, multi-party case, there is a potential for jury confusion. Here, however, the confusion is apt to be compounded, rather than minimized, by consolidating all Sherman Act claims as proposed." *Id.* at *6. In denying a motion for reconsideration, the court further explained that distinctions between the class plaintiffs' and the non-class plaintiffs' probable approaches to trying their cases would be likely to result in conflicts and would "present substantial difficulty at trial and would require limiting instructions with some regularity." *In re Brand Name Prescription Drugs Antitrust Litig.*, 94 C 897, MDL 997, 1995 U.S. Dist. LEXIS 16393, at *8-9 (N.D. Ill. Nov. 3, 1995).[1] Other courts have agreed, denying motions to

---

[1] Plaintiffs cite *State of Minnesota ex rel. Humphrey v. Philip Morris, Inc.*, No. C1-94-8565, 1995 WL 1937124 (Minn. Dist. Ct. May 19, 1995), as support for their argument that Attorney General actions

consolidate actions that were too dissimilar because of the risk of confusion. *See, e.g., Fleishman*, 103 F.R.D. at 625 ("[w]hile there is clearly a commonality of legal issues, and while the cases may share certain issues of material fact, factual dissimilarities in these cases render consolidation impractical [and] [t]here is also a strong possibility of confusing the jurors"); *Hartford Fire Ins. Co. v. Clark*, Civil No. 03-3190 ADM/JSM, Civil No. 05-931 JMR/FLN, 2005 U.S. Dist. LEXIS 28005, at *4-6 (D. Minn. Oct. 28, 2005) (denying consolidation where cases shared factual premises but involved different legal theories and one case was more complex than the other).

Likewise here, given BCBSLA's request for a trial by jury, consolidating its class action with the State of Louisiana's Medicaid reimbursement case would not result in administrative efficiencies, but rather, would unnecessarily complicate matters since a jury would be required to sort out thorny Medicaid issues at the same time it was addressing private insurers' state law claims.

Finally, plaintiffs' suggestion that the Court divert its attention from its stated plan of trying representative claims of individuals who claim personal injuries from Vioxx to deal with a massive case that will do nothing to advance resolution of the thousands of Vioxx cases pending in this proceeding makes no sense. If anything, resolution of the third-party payor cases should be delayed until the Court has completed several trials of individual cases, which are – and should be – the primary focus of the Court's attention at this time.

---

brought on behalf of citizens of a state and private sector third-party payor actions can "proceed together." (Pls.' Mem. at 5.) That case did not involve a request for consolidation of two separately-initiated actions, however, nor was one action a class action and the other a non-class action. Rather, the case merely stands for the uncontroversial proposition that third-party payor plaintiffs like BlueCross and BlueShield of Minnesota have standing to seek recovery of the cost of health care provided to subscribers under state antitrust law. *See Humphrey*, 1995 WL 1937124, at *2.

Accordingly, the schedule set out in PTO 16 should not be disturbed, and plaintiffs' motion for consolidation and early trial should be denied.

## II.   FOTI'S REMAND MOTION SHOULD NOT RECEIVE EXPEDITED CONSIDERATION.

Plaintiffs' request for expedited review of the remand motion is similarly meritless. As noted above, plaintiffs' request for consolidation and an early trial in this Court all but concedes that Foti's remand motion should be denied. Indeed, plaintiffs devote only a few sentences to their request for expedited consideration of Foti's remand motion. (*See* Pls.' Mem. at 3-4.) This comes as no surprise. As Merck demonstrated in its opposition to the remand motion, there is compelling Supreme Court authority for the proposition that federal jurisdiction exists over Foti's claims.

Plaintiffs fail to offer any legal authority for expediting a ruling on remand in this situation, and instead point to the economic difficulties faced by the state of Louisiana that were exacerbated by the devastating impact of hurricanes Katrina and Rita. (Pls.' Mem. at 4 ("[t]he State of Louisiana . . . needs its money back").) While Merck sympathizes with the plight of those affected by these tragedies and appreciates the budgetary challenges faced by state and local governments in responding to them, this proceeding is about Vioxx, and this Court's obligation is to resolve the Vioxx controversy in a coordinated, efficient manner. Remanding this matter to state court simply because plaintiff believes it will fare better there is contrary to basic jurisdictional principles and to this MDL Court's role.

In order to achieve the statutory objectives of the MDL process, Foti's remand motion should be considered along with similar motions, not decided separately and before all of the others. This Court has already explained that it "will deal with remand motions as a group in accordance with procedures to be established in the future." (Minute Entry at 5, Apr. 28, 2005

(attached as Ex. 1).) Foti's case should be treated no differently. The Judicial Panel on Multidistrict Litigation has repeatedly stated that coordination under 28 U.S.C. § 1407 is designed to streamline proceedings and to conserve the resources of the parties and the judiciary. *See, e.g., In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004) (centralization is necessary to "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary"); *In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1367 (J.P.M.L. 2003) (same); *In re Cal. Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001) ("[c]entralization under Section 1407 . . . has the additional advantage of streamlining treatment of the remand issue"). Granting plaintiffs' motion to consider his remand motion before the others would have precisely the opposite effect.

Notably, this Court in all likelihood will soon have before it another case in which a State Attorney General has sued Merck in an attempt to recover the purchase price of Vioxx paid by the state's Medicaid program. *See* Conditional Transfer Order (CTO-34), *In re VIOXX Prods. Liab. Litig.* (J.P.M.L. Dec. 6, 2005) (attached as Ex. 2) (conditionally transferring *Hood ex rel. Mississippi v. Merck & Co., Inc.*, No. 05-666 (S.D. Miss.)). In his lawsuit, Hood seeks to recover the purchase price of Vioxx for Mississippi residents under the Medicaid program, as the instant action does for Louisiana residents. (*See Hood* Compl. ¶¶ 7, 92 (attached as Ex. 3).) He also seeks relief from Merck based on similar factual allegations and under similar theories of recovery as in this case (*e.g.*, products liability, unjust enrichment, negligence, and unfair and deceptive trade practices). (*See id.* ¶¶ 85-90, 94-104, 109-114.) Hood moved for remand on November 22, 2005, and Merck has opposed that motion.

Merck has asked the Mississippi court to stay all proceedings pending MDL transfer of that action to this Court. Assuming that the stay is granted, as has happened in most Vioxx cases, this Court will be asked to consider another remand motion that overlaps with the one filed in this case. Moreover, additional similar cases may be filed by the Attorneys General of other states against Merck. Thus, the best course is to wait and issue a coordinated ruling on Foti's remand motion and others like it.

For this reason as well, plaintiffs' motion should be denied.

## CONCLUSION

For all of the foregoing reasons, Merck respectfully requests that the Court deny plaintiffs' motion.

Respectfully submitted,

*Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Expedited Consideration of Motion to Remand, or, in the Alternative, Motion to Consolidate has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail and by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 27th day of December, 2005.

*Dorothy H. Wimberly*