FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 28 P 4:00

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRELL WALKER                                       PLAINTIFF

VS.                                                 CIVIL ACTION, FILE NO. 05-6469

(stamped: 05 md 1657)

MERCK & CO., INC., a New Jersey
Corporation                                                              DEFENDANT

## AMENDED COMPLAINT
### *Jury Trial Demanded*

Comes now plaintiff, Darrell Walker, by and through counsel, and in support of his action for damages against Merck & Co., Inc., respectfully alleges the following:

### PARTIES

1. Plaintiff Darrell Walker is an adult resident of Herrin, Illinois. Plaintiff was prescribed and purchased the drug Vioxx for treatment of pain. Plaintiff brings this action to recover damages for personal injuries sustained after taking Vioxx.

2. Defendant Merck & Co., Inc. is a New Jersey corporation with its principal place of business in New Jersey. Merck describes itself as a global research-driven pharmaceutical products company. Said corporation may be served with process by electronically transmitting complaint to Defendant Merck & Co., Inc.'s counsel, Womble Carlyl Sandridge & Rice, PLLC.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter and venue is proper pursuant to this Court's Pretrial Order #11. Upon completion of all pretrial proceedings, this case should be transferred to the federal court of proper venue in the United States District Court for the Southern District of Illinois. Plaintiff is a resident of Franklin County, Illinois. Each claim stated herein includes a tort which was committed in whole or in part in Illinois.

## FACTUAL ALLEGATIONS

4. At all times relevant herein, Defendant did design, manufacture, label, package, market, distribute, sell, and promote Rofecoxib, commonly known as Vioxx. Vioxx is a non-steroidal, anti-inflammatory drug (NSAID).

5. Vioxx was advertised and/or promoted by Defendant as safe and effective in the treatment of pain and inflamation caused by osteoarthritis, rheumatoid arthritis, acute pain, and migraines.

6. Osteoarthritis, or degenerative joint disease, is characterized as the breakdown of the joint's cartilage (which cushions the ends of bones). Cartilage breakdown causes bones to rub against each other, leading to pain and loss of movement.

7. Rheumatoid arthritis is a chronic syndrome characterized by inflammation in the lining of the joints, causing pain, stiffness, warmth, redness and swelling, leading to pain and loss of movement.

8. The United States Food and Drug Administration ("FDA") first approved Vioxx in 1999 for the reduction of pain and inflammation caused by osteoarthritis, acute pain and

menstrual pain. It was subsequently approved to treat rheumatoid arthritis in adults and children.

9. In June 2000, Merck submitted a safety study to the FDA entitled "Vioxx Gastrointestinal Outcomes Research" (VIGOR) that found an increased risk of serious cardiovascular events, including heart attacks and strokes in patients taking Vioxx.

10. In February, 2001, the FDA consulted its Arthritis Advisory Committee regarding the clinical interpretation of this new safety information.

11. In April, 2001, the FDA implemented labeling changes which included information about the increase in risk of cardiovascular events, including heart attacks and stroke.

12. Additional studies recently have suggested an increased risk of cardiovascular events, and the FDA was in the process of reviewing these studies to determine if further labeling changes were needed.

13. On September 30, 2004, Merck voluntarily withdrew Vioxx from the market after the data safety monitoring board overseeing a long-term study of the drug (APPROVe) recommended that the study be halted because of an increased risk of serious cardiac events, including heart attack and strokes. That study showed the risk was approximately twice that of individuals taking a placebo. Prior to its withdraw, Vioxx annual sales totaled approximately $2.5 billion. Defendant had an obligation not to violate the law in the manufacture, design, and sale of Vioxx.

14. Despite knowledge of both the general pharmacology related to Vioxx, and the specific cardiovascular risks demonstrated in the APPROVe and VIGOR studies, Merck has

failed to initiate studies to investigate the cardiovascular risk associated with Vioxx.

15. Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq.

16. Defendant failed to meet the standard of care set by the statute and regulations, which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant negligent per se.

17. Plaintiff was prescribed and began taking Vioxx in 1999 until February 2003, for treatment of back pain.

18. While taking the drug, and as a direct and proximate result thereof, Plaintiff suffered a heart attack February 4, 2003.

19. As a further direct and proximate result, Plaintiff has incurred significant medical and hospital expense and other compensatory damages.

**COUNT I**
**(Product Liability)**

20. Plaintiff re-alleges and incorporates by reference each and every averment set forth in the paragraphs preceding.

21. At all times relevant herein, Defendant was a manufacturer that designed, developed, created, supplied, marketed, sold, and otherwise distributed the drug Vioxx.

22. At all times relevant herein, Vioxx was defective in design.

23. At all times relevant herein, Vioxx was defective because it failed to contain adequate warning and/or instruction at the time the product left control of the Defendant.

24. At all times relevant herein, the Defendant knew or in the light of reasonably available knowledge should have known about the unreasonable dangers associated with Vioxx.

25. At all times relevant herein, Vioxx was defective by reason of its failure to conform to representations made by Defendant.

26. At all times relevant herein, the defective condition rendered the product unreasonably dangerous to Plaintiff. Plaintiff was unable to realize the dangerous condition of Vioxx.

27. The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

28. A defective aspect of Vioxx specifically includes, but is not limited to, the lack of adequate warning or instruction regarding the product's propensity to cause cardiovascular events when used in an intended and reasonably foreseeable manner, and as encouraged by Defendant. This defect was the direct and proximate cause of injuries sustained by Plaintiff for which Plaintiff seeks to recover damages. In addition, Defendant's conduct was so outrageous as to constitute ill will, bad motive, and reckless indifference to the interest and safety of consumers. Plaintiff, therefore, is entitled to punitive damages.

## COUNT II
### (Breach of Express Warranty)

29. Plaintiff re-alleges and incorporates by reference each and every averment set forth in the paragraphs preceding.

30. Defendant expressly warranted to the public, including the Plaintiff, by and

through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Vioxx was safe, effective, fit and proper for its intended use.

31. In using Vioxx, the Plaintiff reasonably relied on the skill, judgment, representations, and foregoing express warranties of the Defendant. These warranties and representations proved to be false because the product was not safe and was unfit for the uses for which it was intended.

32. As a direct and proximate result of Defendant's breaches of warranties, Plaintiff was injured and suffered damages.

## COUNT III
### (Breach Of Implied Warranty)

33. Plaintiff re-alleges and incorporates by reference each and every averment set forth in the paragraphs preceding.

34. Defendant has breached the implied warranty of merchantability in that Vioxx was not reasonably fit for the purposes for which it was sold, intended, or reasonably foreseen, to be used. Moreover, Vioxx, which was manufactured and sold by Defendant, was defective on the date of its delivery to Plaintiff.

35. Defendant has also breached the implied warranty of fitness for a particular purpose. Vioxx is not reasonably fit for the specific purposes for which Defendant knowingly sold it and for which the Plaintiff bought Vioxx in reliance on Defendant.

36. Plaintiff has suffered damages as a result of Defendant's breach of warranty.

## COUNT IV
### (Negligence)

37. Plaintiff re-alleges and incorporates by reference each and every averment set forth in the paragraphs preceding.

38. Defendant has a duty to exercise the necessary degree of care expected and required of manufactures of health care products.

39. Contrary to its duty, the Defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

   a.  Failed to adequately and properly test and inspect Vioxx so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold;

   b.  Failed to utilize and/or implement a reasonably safe design in the manufacture of Vioxx;

   c.  Failed to manufacture Vioxx in a reasonably safe condition for which it was intended;

   d.  Failed to adequately and properly warn the Plaintiff, William Bird, and others purchasing Vioxx, of the risks of complications when used in a manner for which it was intended;

   e.  Failed to adequately and properly warn the Plaintiff and others purchasing Vioxx of the risks of diseases when used in a manner for which it was intended,

   f.  Failed to adequately and properly label Vioxx so as to warn the Plaintiff of the risks of complications;

   g.  Failed to adequately and properly label Vioxx so as to warn the Plaintiff of the risks of heart attack and stroke;

   h.  Manufactured Vioxx, which constituted a hazard to health;

   i.  Manufactured Vioxx, which caused adverse side effects; and were otherwise careless and negligent.

40. As a direct, proximate result of Defendant's negligence, Plaintiff has been injured. These damages are the actual and direct proximate result of Defendant's breach of its duty of care.

## COUNT V
### (Negligence *Per Se*)

41. Plaintiff re-alleges and incorporates by reference each and every averment set forth in the paragraphs preceding.

42. Defendant had an obligation not to violate the law in the manufacture, design, formulation, compounding, testing, production, processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, sale and warning of the risks and dangers of Vioxx.

43. Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301, et seq., related amendments and codes and federal regulations provided thereunder, the Sherman Food, Drug and Cosmetic Law, and other applicable laws, statutes and regulations.

44. Plaintiff Darrell Walker, as a purchaser and consumer of Vioxx, is within the class of persons the statutes and regulations described above are designed to protect and the Plaintiff's injuries are the type of harm these statutes are designed to prevent.

45. Defendant's acts constitute an adulteration and/or misbranding as defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §331 and constitutes a breach of duty subjecting Defendant to civil liability for all damages arising therefrom under theories of negligence per se.

46. Defendant failed to meet the standard of care set by the following statutes and regulations, which were intended for the benefit of individuals such as the Plaintiff, making Defendant negligent per se:

(a)  The labeling lacked adequate information on the use of the drug Vioxx [21 C.F.R. Section 201.56(a) and (d)];

(b)  The labeling failed to provide adequate warnings of severe and disabling medical conditions including, without limitations, thromboembolic events, primarily heart attacks and stroke, and other adverse medical conditions as soon as there was reasonable evidence of their association with the drug [21 C.F.R. 201.57(e)];

(c)  There was inadequate information for patients for the safe and effective use of Defendant's drug [21 C.F.R. 201.57(f)(2)];

(d)  There was inadequate information regarding special care to be exercised by the doctor for safe and effective use of Defendant's drug [21 C.F.R. 201.57(f)(1)]; and

(e)  The labeling was misleading and promotional [21 C.F.R. 201.56(b)].

47. As a result of the violations of the statutes described above, Plaintiff suffered injuries and damages as alleged herein.

## COUNT VI
### (Unjust Enrichment)

48. Plaintiff re-alleges and incorporates by reference each and every averment set forth in the paragraphs preceding.

49. Defendant has knowingly received a benefit at the expense of the Plaintiff. It

would be unjust and unconscionable to permit Defendant to enrich itself at the expense of Plaintiff and to retain the funds that Defendant wrongfully obtained from Plaintiff.

## COUNT VII
## (Fraud)

50. Plaintiff re-alleges and incorporates by reference each and every averment set forth in the paragraphs preceding.

51. Defendant, Merck & Co., Inc., has undertaken a manufacturing, marketing, dispensing, distribution and promotion campaign of the drug Vioxx as described herein. Having made this undertaking, the Defendant owed a duty to provide accurate and complete information regarding Vioxx to the Plaintiff Darrell Walker.

52. Defendant, by affirmative misrepresentations and omissions, falsely and deceptively sought to create the image and impression that the use of Vioxx was safe for human use; had no, or no unacceptable, side effects; constituted a convenient, safe form of treatment for those suffering from arthritis and inflamation of the joints; would not interfere with daily life; and in fact would enhance the daily life of those persons taking the drug Vioxx.

53. Defendant purposely concealed, failed to disclose, misstated, downplayed and understated the health hazards and risks associated with the use of Vioxx. Furthermore, Defendant through promotional literature and other means, deceived potential users of Vioxx by relaying only allegedly positive information and manipulating data and statistics to suggest widespread success and acceptability, while concealing, misstating and downplaying known adverse serious side effects. Defendant falsely and deceptively kept relevant information from potential users such as the Plaintiff concerning the safety and efficacy of the drug Vioxx.

54. As a result of the intentional acts of the Defendant, the Plaintiff suffered a heart attack February 4, 2003.

55. The actions of the Defendant, as aforesaid, constitute fraud, fraudulent concealment, false advertising, breach of contract, gross negligence and breach of the covenant of good faith and fair dealing, thereby rendering the Defendant liable to the Plaintiff for actual and punitive damages. The misrepresentations, omissions and concealment of material facts by the Defendant was intentional and deliberate, and were part of a willful scheme or course of conduct whereby said Defendant sought to induce the Plaintiff to purchase and use Vioxx on the basis of and in reliance upon fraudulent misrepresentations, concealment, and omissions. Said acts on part of the Defendant constituted intentional, willful and fraudulent conduct, as well as grossly negligent conduct rendering the Defendant liable for punitive, as well as actual damages.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant for compensatory and punitive damages together with costs of Court, post-judgment interest, and all other relief that Plaintiff may be entitled to.

Respectfully submitted,

DARRELL WALKER, PLAINTIFF

By: _____
Don Barrett, MSB Bar No. 2063
David McMullan, Jr., MSB Bar No. 8494
Walter R. Hagedorn II, MSB Bar No. 101342
Attorneys for Plaintiff

ATTORNEYS FOR PLAINTIFF:

BARRETT LAW OFFICE, P.A.
P. O. Box 987
404 Court Square North
Lexington, MS 39095
Telephone No. 662/834-2376
Telecopier No. 662/834-2409

Lance P. Brown
SAM C. MITCHELL & ASSOCIATES
P. O. Box 280
West Frankfort, IL 62896
Telephone No. 618/932-2772
Telecopier No. 618/932-3456

F:\Non-Class Cases\VIOXX LITIGATION\Individual Cases\A FILED CASES\Walker, Darrell\Amended Complaint 12-12-05.wpd