FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 29  PM 3: 00

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>            PRODUCTS LIABILITY LITIGATION | *   MDL No. 1657<br>*<br>*   SECTION L<br>*<br>*   JUDGE ELDON E. FALLON<br>*<br>*   MAGISTRATE JUDGE<br>*   DANIEL E. KNOWLES, III<br>*<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Natalie Powell, individually and on behalf of the Estate of Myrna Jones, Nicole R. Stewart, Kellen R. Stewart, and Melanie R. Stewart v. Merck & Co., Inc.*, No. 05-5046.

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "I.  INTRODUCTION AND PARTIES"

1.      Denies each and every allegation contained in paragraph 1 of the

Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any

legal or factual basis for such relief.  Merck further admits that it manufactured, marketed, and

distributed the prescription medicine Vioxx® ("Vioxx"), until Merck voluntarily withdrew

Vioxx from the worldwide market on September 30, 2004.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by applicable state and/or federal law.  Merck further avers that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and is authorized to do business in Texas.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "II.  JURISDICTION"

5.      The allegations of paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to seek damages in excess of $75,000, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"III.  CONDITIONS PRECEDENT"**

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Complaint.

**RESPONSE TO**
**"IV. FACTUAL BACKGROUND"**

7.      Denies each and every allegation contained in the first and second sentences of paragraph 7 of the Complaint, except admits that Vioxx is part of a class of drugs known as Non-Steroidal Anti-Inflammatory Drugs ("NSAIDs"), and that Vioxx, a selective COX-2 inhibitor, has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 7 of the Complaint, except admits that Merck sought, and in May 1999, received U.S. Food and Drug Administration ("FDA") approval to market the prescription medicine Vioxx for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that health care providers prescribed Vioxx to millions of patients in the United States.  Merck further admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.  Merck further admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "V.  ALLEGATIONS"

12.     Denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "VI.  STRICT PRODUCTS LIABILITY"

18.     With respect to the allegations contained in paragraph 18 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 17 of this Answer with the same force and effect as though set forth here in full.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO**
**"A.  DESIGN AND MARKETING DEFECT"**

22.     With respect to the allegations contained in paragraph 22 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 21 of this Answer with the same force and effect as though set forth here in full.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, including its subparts 1 through 3.

**RESPONSE TO**
**"B.  INADEQUATE AND IMPROPER WARNINGS"**

27.     With respect to the allegations contained in paragraph 27 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 26 of this Answer with the same force and effect as though set forth here in full.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

**RESPONSE TO**
**"VII.  FRAUD"**

30.     With respect to the allegations contained in paragraph 30 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 31 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 31 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the

FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

**RESPONSE TO
"VIII.  NEGLIGENCE"**

32.    With respect to the allegations contained in paragraph 32 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33.    Denies each and every allegation contained in the first, third, and fourth sentences of paragraph 33 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.   The allegations of the second sentence of paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

34.    Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

35.    Denies each and every allegation contained in the first and third sentences of paragraph 35 of the Complaint.  The allegations contained in the second sentence of paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required.

Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 35 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

## RESPONSE TO
## "IX.  NEGLIGENT MISREPRESENTATIONS"

36.     With respect to the allegations contained in paragraph 36 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, including its subparts (a) through (f), except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.  With respect to the allegations contained in paragraph 38(a) of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

## RESPONSE TO
## "X.  EXPRESSED WARRANTY FOR GOODS"

39.     With respect to the allegations contained in paragraph 39 of the Complaint, repeats and realleges each and every admission, denial, averment and statement

contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 40 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

### RESPONSE TO "XI.  IMPLIED WARRANTY – A.  WARRANTY OF MERCHANTABILITY"

41.     With respect to the allegations contained in paragraph 41 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 40 of this Answer with the same force and effect as though set forth here in full.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

**RESPONSE TO**
**"B. WARRANTY OF FITNESS"**

43.     With respect to the allegations contained in paragraph 43 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 44 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 44 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

**RESPONSE TO**
**"XII.  DAMAGES"**

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"XIII.  PUNITIVE DAMAGES"**

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "XIV.  JURY DEMAND"

47.     The allegations contained in paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO
## "XV.  PRAYER"

48.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 47 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 9, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

49.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

50.     The Plaintiffs and/or Decedent were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedent.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

51.     To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH
DEFENSE, MERCK ALLEGES:**

52.     To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FIFTH
DEFENSE, MERCK ALLEGES:**

53.     The Plaintiffs and/or Decedent failed to exercise reasonable care to mitigate their alleged damages.

**AS FOR A SIXTH
DEFENSE, MERCK ALLEGES:**

54.     Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

**AS FOR A SEVENTH
DEFENSE, MERCK ALLEGES:**

55.     To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

56.     The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

57.     The claims of the Plaintiffs are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

58.     The claims of the Plaintiffs are barred under Section 4, et seq., of the

Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

59.     The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

60.     The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

61.     The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

62.     If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in

the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedent

knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the

consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A FIFTEENTH
### DEFENSE, MERCK ALLEGES:

63.     If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

64.     To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

65.     If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedent or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

66.     If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs and/or Decedent or abuse of Vioxx.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

67.     The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

68.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs and/or Decedent did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

69.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

70.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.  Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

71.     To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

72.     To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

73.     The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

74.     To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

75.     The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

76.     To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

77.     Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

78.     Pursuant to Pre-Trial Order No. 11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

79.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.     That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.     Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  December 29, 2005

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 29th day of December, 2005.