FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 30  P 2: 46

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | * | |

## JOINT REPORT NO. 10 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No.10.

I.      LEXIS/NEXIS FILE & SERVE

At the last status conference, PLC and DLC reported on the status of docketing

cases and uploading those cases to Lexis/Nexis File & Serve.  Cases recently transferred to the

Eastern District of Louisiana continue to experience a brief delay between the docketing of the

Final Transfer Order on which the cases appear and the receipt of the records from the original

transferor courts.  Until such time as the record of a case is actually received by the Clerk of

Court in the Eastern District of Louisiana, the Clerk's office cannot  officially docket the case in

the Eastern District of Louisiana and as a result there are delays in uploading  to Lexis/Nexis File

___ Fee_____
___ Process_____
_X_ Dktd_____ 792000w.1
 ✓  CtRmDep_____
___ Doc. No._____

& Serve.   Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case.   Defense Liaison Counsel has requested that counsel for Plaintiffs  continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve.   Notice should include the case name and Eastern District of Louisiana case number.   PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL. The parties will be prepared to discuss this further at the monthly status conference on January 3, 2006.

II.     STATE COURT TRIAL SETTINGS

The *Zajicek* case is set for trial in Texas District Court, Jackson County, on March 20, 2006.   The *Guerra* case is set for trial on April 17, 2006 in Texas District Court, Hidalgo County.   The *Kozic* case is set for trial in Florida Circuit Court, Hillsborough County, on May 1, 2006.   Additionally, and subject to briefing on whether the Court should hold consolidated trials, the New Jersey Superior Court, Atlantic County has scheduled consolidated trials of the following cases: *Cona* and *McDarby* on February 27, 2006; *Hatch*, *McFarland*, and *LoPresti* on April 24, 2006; and *Doherty* and *Klug* on June 5, 2006.   The *Garza* case is expected to be set for trial in the First Quarter of 2006 at a hearing set for January 5, 2006.   A trial of one or more plaintiffs is set for June 21, 2006 in the California Coordinated Proceeding, California Superior Court, Los Angeles County.[1]   Finally, the *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006.

---

[1]     Selection of the case or group of plaintiffs for trial will be finalized during a court conference in February 2006.

792099v.1

III.   SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The *Irvin/Plunkett* case commenced on November 29. 2005.  The jury was unable to reach a unanimous verdict and consequently, on December 12, 2005, the Court declared a mistrial.  The Court has advised that the case will be retried commencing February 6, 2006 at the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130.  In accordance with the Court's Minute Entry dated November 23, 2005, the DSC has selected the *Diaz* case to be tried as the second MDL trial.  The PSC opposes this case being set for trial at the present time and on December 30, 2005 filed a Motion to Strike and Substitute for Case of Ellis Diaz as Trial Selection Pursuant to Minute Entry of November 23, 2005.  The PSC and DSC have provided the Court with suggestions for additional MDL trials.  The parties will be prepared to discuss this issue further at the monthly status conference on January 3, 2006.

IV.   CLASS ACTIONS

Briefing on DSC's Rule 12 Motions on the Medical Monitoring Complaint and the Purchase Claims Complaint has been completed and the parties are awaiting a ruling.  Plaintiffs have filed a Motion for a Suggestion of Remand in Connection With Class Certification Proceedings Pursuant to Plaintiffs' Request in the Alternative for Individual State Class Certifications and For Leave to Seek this MDL Court to Sit by Designation in Each of the Transferor Federal District Court Jurisdictions at Issue.  Briefing on this issue is complete. Additionally, and pursuant to the Second Amendment to Pretrial Order No. 16, the PSC filed their motion for class certification as to their proposed national class. Defendants' opposition to the class certification motion is due by January 9, 2006.  Plaintiffs' reply is due by January 23,

792099v.1

2006. The parties will be prepared to discuss this further at the monthly status conference on January 3, 2006.

V.      DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis. Plaintiffs and Defendants have met and conferred to address prioritization.  PLC has advised that he shall coordinate and resolve any conflicting requests for VIOXX documents and data requested from Merck.  The parties will be prepared to discuss this further at the monthly status conference on January 3, 2006.

On November 4, 2005, Merck produced to the Court and PSC a revised Privilege Log.  Thereafter, pursuant to the Court's order, Merck produced to the Court for *in camera* inspection all documents identified on its privilege log.  PSC continues to challenge the privilege log provided by Defendants and has submitted letters to the Court stating its position.  Merck maintains that its revised privilege log is sufficient and has responded to plaintiffs' arguments. The parties are waiting further directives from the Court at this time regarding this issue.

On November 22, 2005, PSC served upon DLC the Plaintiffs Steering Committee's Second Set of Interrogatories and Requests for Production of Documents Directed to Defendant, Merck & Co., Inc.  On December 22, 2005, Merck served its responses and objections. The PSC is reviewing the responses.

On December 15, 2005, Judge Higbee issued a number of oral rulings in the New Jersey Coordinated Litigation that require Merck to produce, on a short-time frame,  case-specific discovery.  By letter dated December 20, 2005, Merck advised PLC that Judge Higbee issued certain discovery rulings on December 15, 2005 and advised that it would necessarily impact previously-scheduled MDL productions.  PLC does not agree that any rulings from Judge

- 4 -

Higbee or other State Court rulings should impact MDL discovery requests, timing or prioritization of discovery responses in the MDL, especially in view of Merck's position to try all cases. Merck disagrees with PLC's contentions. PLC has agreed to take responsibility for coordinating conflicting discovery requests. Merck views the PLC's contentions on this issue as a contradiction of this representation. PLC disagrees. PLC does not believe that the necessary discovery has been completed timely by Merck. Merck disagrees.

Early in this litigation PLC requested all insurance policies of Merck. Merck originally produced some declaration pages and many were not legible. Thereafter, additional requests were made to Defendants for legible copies of all policies and declaration pages. Merck has agreed to produce them and the parties are discussing the timing of this production.

The parties will be prepared to discuss these issues further at the monthly status conference on January 3, 2006.

VI.     DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves. On November 8, 2005, FDA requested reimbursement for the cost of copying and bates numbering the congressional document wave of production. PLC has written counsel for the FDA regarding this invoice and has received no response from the FDA. On December 23, 2005, FDA produced a privilege log for certain documents. The PSC is in the process of reviewing the privilege assertions. In addition, on December 19, 2005, the PSC wrote counsel for the FDA and requested the deposition of Dr. Graham. Having received no reply, the PSC again wrote counsel for the FDA on December 29, 2005. No response has been received. The parties will be prepared to discuss this further at the monthly status conference on January 3, 2006.

792099v.1

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue numerous third-party notices of depositions for the production of documents.  If and when any issues arise regarding these discovery requests, the Court will be advised and motions will be requested on an expedited basis.

The parties will be prepared to discuss this further at the monthly status conference on January 3, 2006.

VIII.    DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL.  These matters, as well as any other deposition scheduling issues, will be addressed with the Court at the monthly status conference on January 3, 2006.  Further, if and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

PLC has requested previously all depositions including those taken in various State Court cases.  Most recently, on December 30, 2005, DLC agreed to provide to PLC a comprehensive listing by name and date of all depositions taken so that the list can be compared with those depositions in PSC's possession.  The parties will continue discussions regarding any depositions that the PSC may not have and request be provided.

IX.     PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On September 14, 2005, the Court entered Pre-Trial Order 18B which governs the timing for production of Plaintiff Profile Forms, Authorizations, and Merck Profile Forms on a staggered basis.  The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov and supersedes Pre-Trial Orders 18 and 18A.  As reported at the December 1, 2005 monthly status conference, the backlog of cases due to Hurricane Katrina has been substantially eliminated and counsel in most newly filed and/or transferred cases are able to access Lexis/Nexis File & Serve. Accordingly, the  agreement made by Defendants that had allowed counsel without access to File & Serve to temporarily serve the Plaintiff Profile Forms, Authorizations, and Medical Records by sending copies to DLC and Will Coronato was terminated.   All Plaintiff Profile Forms, Authorizations, and Medical Records are to be served in accordance with Pre-Trial Order 18B. As set forth in Section I above, counsel are to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve.  The parties will address this issue with the Court and will be prepared to discuss this further at the monthly status conference on January 3, 2006.

792099v.1

Merck continues to receive PPF responses from plaintiffs. At previous conferences, Merck has advised the Court and the PSC that substantial numbers of PPFs are deficient. Merck has notified plaintiffs' counsel of the deficiencies but, despite the notice, Defendants advised that numerous plaintiffs have failed to cure the deficiencies identified in the notice. Accordingly, Merck advises that it will be moving to dismiss the complaints of those plaintiffs who fail to cure deficiencies after due notice. However, the PSC believes that Merck has delayed production of Merck Profile Forms on the basis that the alleged deficiencies in PPFs preclude Merck from completing any such Merck Profile Forms. PLC believes that Merck should be required to respond to the best of its ability at the time it completes the Merck Profile Form and produce the information requested in the Merck Profile Form on a timely basis irrespective of any such claims of deficiency because Merck has received medical authorizations and information from Plaintiffs in the PPFs. DSC disputes PSC's position. DSC contends that the PSC's position reflects a misunderstanding of how the PPF/MPF process occurs. Merck contends there is certain information that must be contained on a PPF before Merck and its counsel can even begin the work necessary to complete a Merck Profile Form. Thus, Merck contends that there is no basis for PSC's allegation of delay based on deficiencies in the PPFs. PSC disagrees and believes that whatever information Merck may have that belongs in a Merck Profile Form should be produced and if necessary supplemented at a later date.

In addition, Pre-Trial Order No. 18 originally entered on August 4, 2005 required that Merck timely respond with Merck Profile Forms.  This Pre-Trial order was issued after numerous meet and confers and the PLC does not believe that a modification of any Pre-Trial Order relating to the Merck Profile Form is appropriate.  The PSC objects to Merck's request for a modification because the information sought is similar to a discovery request under the Federal Rules of Civil Procedure, and all Merck needs to do is advise to the best of its ability what documents and information is responsive.  Merck must produce whatever information it can at the present time and has an obligation to supplement as appropriate.

Merck contends that the Merck Profile Form ultimately entered by the Court was the Court's own creation from the competing submissions from PSC and DSC.  The PSC contends that Merck had ample opportunity to negotiate a Merck Profile Form and that competing forms were submitted to the Court and the Court determined the appropriate form based upon the various submissions and arguments of counsel.  Immediately after entry of the order creating the MPF, Merck and its counsel began the process of assessing how to produce the data called for in the Court ordered MPF.

792099v.1

Merck contends that for more than two months, members of the DSC have tried on multiple occasions to engage members of the PSC in good faith negotiations over a revised MPF that would give the PSC 95% of the data called for in the original MPF and would avoid the limited issues related to the accuracy and availability of data from more than 20 Merck systems that must be certified under penalty of perjury.  Merck contends that the PSC elected not to enter into any substantive discussions with the DSC on this issue and has refused to agree to any modifications. PLC disagrees with Merck's contentions and was not advised of any request to modify the Merck Profile Form until mid December when the issue was brought to the attention of PLC by Richard Arsenault and not by Defendants.  PLC has advised Defendants that it will not consent to a modification. The parties will be prepared to discuss this further at the monthly status conference on January 3, 2006.

X.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.   By letter dated November 18, 2005, the PSC recommended additional members for appointment to the State Liaison Committee.   The parties will be prepared to discuss this further at the monthly status conference on January 3, 2006.

XI.   *PRO SE* CLAIMANTS

The Court has issued additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals.  PLC has continued to communicate with the various *pro se* claimants and advised them of attorneys in their respective states and other pertinent information regarding the MDL.  PLC will be prepared to discuss this further at the monthly status conference on January 3, 2006.

792099v.1

## XII.   MOTION FOR CLARIFICATION OF PRE-TRIAL ORDER NO. 19

On November 16, 2005, Motley Rice, LLC filed a Motion for Clarification of Pre-Trial Order No. 19.  This motion is not set for hearing at the present time.  The PLC will be prepared to discuss scheduling of briefing and hearing on this motion and any other issues the Court may have regarding such motion at the monthly status conference held on January 3, 2006.

## XIII.   NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the status conference in February on a date to be selected by the Court.

Respectfully submitted,

_Leonard A. Davis/dhw_

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**_Herman, Herman, Katz & Cotlar, LLP_**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

_Dorothy H. Wimberly_

Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**_Stone Pigman Walther Wittmann L.L.C._**
546 Carondelet Street
New Orleans, LA  70130-3588
PH:     (504) 581-3200
FAX:  (504) 581-3361

**Defendants' Liaison Counsel**

792099v.1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 10 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by uploading the same to Lexis/Nexis File & Serve Advanced in accordance with Pre-trial Order No. 8, on this 30th day of December, 2005.

*Dorothy H. Wimberly*

792099v.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MONTHLY STATUS CONFERENCE
JANUARY 3, 2006
SUGGESTED AGENDA

Preliminary issues -- Report on Case Statistics

I.       Lexis/Nexis File & Serve

II.      State Court Trial Settings

III.     Selection of Cases for Early Federal Court Trial

IV.      Class Actions

V.       Discovery Directed to Merck

VI.      Discovery Directed to the FDA

VII.     Discovery Directed to Third Parties

VIII.    Deposition Scheduling

IX.      Plaintiff Profile Form and Merck Profile Form

785993v.1

X.      State/Federal Coordination -- State Liaison Committee

XI.     *Pro Se* Claimants

XII.    Motion for Clarification of Pre-Trial Order No. 19

XIII.   Next Status Conference

785993v.1