

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 30  P 12: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | ) | MDL No. 1657 |
| | ) | SECTION: L |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | |
| This document relates to: *Connors v. Merck* | ) | JUDGE FALLON |
| *& Co.*, (E.D. La. Index No. 05-3387) | ) | |
| | ) | MAG. JUDGE KNOWLES |

### ANSWER OF DEFENDANT MERCK & CO., INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys answers Plaintiff's

First Amended Complaint ("Amended Complaint") and each and every count thereof, separately

and severally, as follows:

### RESPONSE TO "JURISDICTION"

1.     The allegations contained in paragraph 1 of the Amended Complaint are legal

conclusions as to which no response is required.

2.     Merck denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations made in the first three sentences of paragraph 2 of the Amended

Complaint.  Merck denies each and every allegation contained in the forth sentence of paragraph

2 of the Amended Complaint, except admits that Merck is a New Jersey corporation with its

principal place of business at One Merck Drive, Whitehouse Station, New Jersey.  Merck further

admits that it is authorized to do business in Maryland.  The allegations contained in the last

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

sentence of paragraph 2 of the Amended Complaint are legal conclusions as to which no response is required.

## RESPONSE TO "PARTIES"

3.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made in paragraph 3 of the Amended Complaint.

4.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck made in paragraph 4 of the Amended Complaint.  Merck denies each and every allegation directed at Merck in said paragraph.

5.      Merck denies each and every allegation of paragraph 5 of the Amended Complaint except Merck admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

6.      The allegations contained in the first sentence of paragraph 6 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence. Merck denies each and every allegation in the second sentence of paragraph 6 of the Amended Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx"), until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "GENERAL ALLEGATIONS"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of this Answer with the same force and effect as though set forth here in full.

7.      Merck denies each and every allegation contained in paragraph 7 of the Amended Complaint, except that Merck admits that Vioxx is part of a class of drugs known as NSAIDs that reduces pain and inflammation.

8.      Merck denies each and every allegation contained in paragraph 8 of the Amended Complaint, except that Merck admits that it sought and in 1999 obtained Food and Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx. Merck further admits that Vioxx is the brand name for rofecoxib.

9.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Amended Complaint.

10.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Amended Complaint.

11.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Amended Complaint.

12.     Merck denies each and every allegation contained in paragraph 12 of the Amended Complaint, except that Merck admits that it submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the FDA and respectfully refers the Court to the Application for its actual language and full text.  Merck further admits that the FDA

approved the manufacture and distribution of Vioxx.  Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

13.     Merck denies each and every allegation contained in paragraph 13 of the Amended Complaint, except that Merck admits that it marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.     Merck denies each and every allegation contained in paragraph 14 of the Amended Complaint except that Merck admits that it submitted a New Drug Application ("NDA") for Vioxx on November 23, 1998.  Merck respectfully refers the Court to the referenced NDA for its designation, actual language and full text.

15.     Merck denies each and every allegation contained in paragraph 15 of the Amended Complaint, except that Merck admits that it submitted a New Drug Application ("NDA") for Vioxx on November 23, 1998.  Merck respectfully refers the Court to the referenced NDA for its designation, actual language and full text.

16.     Merck denies each and every allegation contained in paragraph 16 of the Amended Complaint, except that Merck admits that it received FDA approval to manufacture and market the prescription medicine Vioxx.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Amended Complaint.

18.     Merck denies each and every allegation contained in paragraph 18 of the Amended Complaint.

19.     Merck denies each and every allegation contained in paragraph 19 of the Amended Complaint, except that it admits that it filed a supplemental New Drug Application ("sNDA") in June 2000 that contained data from the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its designation, actual language and full text.  Merck further admits the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

20.     Merck denies each and every allegation contained in paragraph 20 of the Amended Complaint, except that it admits Plaintiffs appear to have accurately quoted the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text and further admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text..

21.     Merck denies each and every allegation contained in paragraph 21 of the Amended Complaint, except Merck admits that the referenced article and journal exist and respectfully refers the Court to the referenced article for its actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Amended Complaint.

23.    Merck denies each and every allegation contained in paragraph 23 of the Amended Complaint, except that Merck admits that the referenced article and journal exist and Merck respectfully refers the Court to the referenced article for its actual language and full text.

24.    Merck denies each and every allegation contained in paragraph 24 of the Amended Complaint, except that Merck admits that the referenced study exists and respectfully refers the Court to the study for its full text.

25.    Merck denies each and every allegation contained in paragraph 25 of the Amended Complaint, except admits that the referenced journals and articles contained therein exist, and that Plaintiff purports to quote from the same and respectfully refers the Court to said studies for their actual language and full context.  Denies each and every allegation in the third sentence of paragraph 25 of the Complaint except admits that the referenced journal and article exist and respectfully refers the Court to said article for its actual language and full context.

26.    Merck denies each and every allegation contained in paragraph 26 of the Amended Complaint, except that Merck admits that the referenced reviews and studies exist and respectfully refers the Court to the reviews and studies for their actual language and full text.

27.    Merck denies each and every allegation contained in paragraph 27 of the Amended Complaint, except that Merck admits that it received a letter from a regulatory review officer in September 2001 that Plaintiffs purport to quote and respectfully refers the Court to that letter for its actual language and full text.

28.    Merck denies each and every allegation contained in paragraph 28 of the Amended Complaint, except that Merck admits that it received a letter from a regulatory review

officer in September 2001 that Plaintiffs purport to quote and respectfully refers the Court to that letter for its actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Amended Complaint, except that Merck admits that it received a letter from a regulatory review officer in September 2001 that Plaintiffs purport to quote and respectfully refers the Court to that letter for its actual language and full text.

30.     Merck denies each and every allegation made in Paragraph 30 of the Amended Complaint, except it admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.  Merck further admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Amended Complaint, except that it admits that the referenced label, which Plaintiffs purport to quote, exists and respectfully refers the Court to the referenced document for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Amended Complaint, except that Merck admits that the FDA-approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Amended Complaint, except that it admits that the referenced document exists and respectfully refers the Court to said document for its actual language and full text.

34.     Merck denies each and every allegation contained in paragraph 34 of the Amended Complaint.

35.     Merck denies each and every allegation contained in paragraph 35 of the Amended Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Amended Complaint, except that it admits that the referenced annual report that Plaintiffs purport to quote exists and respectfully refers the Court to said document for its actual language and full text.

37.     Merck denies each and every allegation contained in paragraph 37 of the Amended Complaint, except that it admits that the referenced document that Plaintiffs purport to quote exists and respectfully refers the Court to said document for its actual language and full text.

38.     Merck denies each and every allegation contained in paragraph 38 of the Amended Complaint, except that Merck admits that it manufactured and marketed Vioxx which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.  Merck respectfully refers the Court to said documents for their actual language and full text.

39.     Merck denies each and every allegation contained in paragraph 39 of the Amended Complaint.

40.     Merck denies each and every allegation contained in paragraph 40 of the Amended Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Amended Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Amended Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of the Amended Complaint, including all subparagraphs.

44.     Merck denies each and every allegation contained in paragraph 44 of the Amended Complaint.

45.     Merck denies each and every allegation contained in paragraph 45 of the Amended Complaint.

46.     Merck denies each and every allegation contained in paragraph 46 of the Amended Complaint.

47.     Merck denies each and every allegation contained in paragraph 47 of the Amended Complaint.

### RESPONSE TO "COUNT I – NEGLIGENCE"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

48.     The allegations contained in paragraph 48 of the Amended Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx. Merck denies each and every remaining allegation of said paragraph.

49.     Merck denies each and every allegation contained in paragraph 49 of the Amended Complaint, including all subparagraphs.

50.     Merck denies each and every allegation contained in paragraph 50 of the Amended Complaint.

51.     The allegations contained in paragraph 51 of the Amended Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx. Merck denies each and every remaining allegation of said paragraph.

52.     The allegations contained in paragraph 52 of the Amended Complaint state legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx.

53.     Merck denies each and every allegation contained in paragraph 53 of the Amended Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Amended Complaint.

55.     Merck denies each and every allegation contained in paragraph 55 of the Amended Complaint.

56.     Merck denies each and every allegation contained in paragraph 56 of the Amended Complaint.

Merck denies that the Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count I of the Amended Complaint, including all subparagraphs.

## RESPONSE TO "COUNT II – STRICT PRODUCTS LIABILITY –
## FAILURE TO WARN"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 56 of this Answer with the same force and effect as though set forth here in full.

63.[1]    Merck denies each and every allegation contained in paragraph 63 of the Amended Complaint, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

64.    Merck denies each and every allegation contained in paragraph 64.

65.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs' Decedent used Vioxx.  Merck denies each and every remaining allegation contained in paragraph 65 of the Amended Complaint.

66.    Merck denies each and every allegation contained in paragraph 66 of the Amended Complaint, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

67.    Merck denies each and every allegation contained in paragraph 67 of the Amended Complaint.

68.    The allegations contained in paragraph 68 of the Amended Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx. Merck denies each and every remaining allegation of said paragraph.

---

[1]    Merck notes that Plaintiffs' Amended Complaint skips paragraph numbers 57-62.  For purposes of uniformity, Merck will respond to Plaintiffs' Amended Complaint as numbered.

69.     Merck denies each and every allegation contained in paragraph 69 of the Amended Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Amended Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count II of the Amended Complaint, including all subparagraphs.

### RESPONSE TO "COUNT III – STRICT PRODUCT LIABILITY DESIGN DEFECT"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 70 of this Answer with the same force and effect as though set forth here in full.

71.     Merck denies each and every allegation contained in paragraph 71 of the Amended Complaint, except that Merck admits that it manufactured and distributed the prescription medicine Vioxx.

72.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 72 of the Amended Complaint.  Merck denies each and every remaining allegation of said paragraph, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

73.     Merck denies each and every allegation contained in paragraph 73 of the Amended Complaint.

74.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Amended Complaint.

75.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Amended Complaint.

76.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Amended Complaint.

77.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Amended Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Amended Complaint.

79.     Merck denies each and every allegation contained in paragraph 79 of the Amended Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Amended Complaint, including all subparagraphs.

81.     Merck denies each and every allegation contained in paragraph 81 of the Amended Complaint.

82.     Merck denies each and every allegation contained in paragraph 82 of the Amended Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count III of the Amended Complaint, including all subparagraphs.

### RESPONSE TO "COUNT IV – FRAUD"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 82 of this Answer with the same force and effect as though set forth here in full.

83.     Merck denies each and every allegation contained in paragraph 83 of the Amended Complaint.

84.     Merck denies each and every allegation contained in paragraph 84 of the Amended Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Amended Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Amended Complaint.

87.     Merck denies each and every allegation contained in Paragraph 87 of the Amended Complaint.

88.     Merck denies each and every allegation contained in paragraph 88 of the Amended Complaint.

89.     Merck denies each and every allegation contained in Paragraph 89 of the Amended Complaint.

90.     Merck denies each and every allegation contained in Paragraph 90 of the Amended Complaint.

Merck denies that Plaintiff are entitled to any of the relief set forth in the "wherefore" paragraph of Count IV of the Amended Complaint, including all subparagraphs.

### RESPONSE TO "COUNT V – BREACH OF EXPRESS WARRANTIES"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 90 of this Answer with the same force and effect as though set forth here in full.

91.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of the Amended Complaint, except it admits that that it manufactured, marketed and distributed the prescription medicine Vioxx.

92.     The allegations contained in paragraph 92 of the Amended Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx. Merck denies each and every remaining allegation of said paragraph.

93.     Merck denies each and every allegation contained in Paragraph 93 of the Amended Complaint.

94.     Merck denies each and every allegation contained in Paragraph 94 of the Amended Complaint.

95.     Merck denies each and every allegation contained in Paragraph 95 of the Amended Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count V of the Amended Complaint, including all subparagraphs.

### RESPONSE TO "COUNT VI – BREACH OF IMPLIED WARRANTIES"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth here in full.

96.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96 of the Amended Complaint, except it admits that that it manufactured, marketed and distributed the prescription medicine Vioxx.

97.     The allegations contained in paragraph 97 of the Amended Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx. Merck denies each and every remaining allegation of said paragraph.

98.     Merck denies each and every allegation contained in Paragraph 98 of the Amended Complaint.

99.     Merck denies each and every allegation contained in Paragraph 99 of the Amended Complaint.

100.    Merck denies each and every allegation contained in Paragraph 100 of the Amended Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count VI of the Amended Complaint, including all subparagraphs.

## RESPONSE TO "COUNT VII – DECEPTIVE TRADE PRACTICES"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 100 of this Answer with the same force and effect as though set forth here in full.

101.    Merck denies each and every allegation contained in the in paragraph 101 of the Amended Complaint.

102.    Merck denies each and every allegation contained in Paragraph 102 of the Amended Complaint.

103.    Merck denies each and every allegation contained in Paragraph 103 of the Amended Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count VII of the Amended Complaint, including all subparagraphs.

## RESPONSE TO "COUNT II – WRONGFUL DEATH"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 103 of this Answer with the same force and effect as though set forth here in full.

104.   Merck denies each and every allegation contained in paragraph 104 of the Amended Complaint.

105.   Merck denies each and every allegation contained in paragraph 105 of the Amended Complaint.

106.   Merck denies each and every allegation contained in the in paragraph 106 of the Amended Complaint.

107.   Merck admits that Virgil G. Ballew and Robin Ballew purport to join in this action, but avers that there is no legal or factual basis for same.

108.   Merck denies each and every allegation contained in paragraph 108 of the Amended Complaint.

109.   Merck denies each and every allegation contained in the in paragraph 109 of the Amended Complaint.

Merck denies that Plaintiffs are entitled to any of the relief set forth in the "wherefore" paragraph of Count VIII of the Amended Complaint, including all subparagraphs.

## AFFIRMATIVE AND OTHER DEFENSES

110.    Plaintiffs' Amended Complaint, and each and every count and claim thereof, is barred by the applicable statute of limitations and is otherwise untimely.

111.    Each and every claim asserted or raised in the Amended Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

112.    This case is more appropriately brought in a different venue.

113.    To the extent that the Plaintiffs' reactions to the subject product were idiosyncratic reactions, Merck denies liability.

114.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

115.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

116.    Plaintiffs claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

117.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

118.    The Amended Complaint fails to state a claim upon which relief can be granted.

119.   If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

120.   Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

121.   If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

122.   If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

123.   If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

124.   If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

125.    Plaintiffs' claims are barred in whole or in part because Vioxx is a prescription medicine which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) or Torts.

126.    To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Amended Complaint, Merck's liability, if any, should be reduced accordingly.

127.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

128.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Amended Complaint, such benefits are not recoverable in this action.

129.    Plaintiffs' claims are barred in whole or in part by the First Amendment of the United States Constitution.

130.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

131.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity.

132.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Amended Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

133.     To the extent that Plaintiffs' claims are based upon any theory providing for liability without proof of causation, they violate Merck's state and federal constitutional rights.

134.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

135.     Plaintiffs' claims are barred because Merck complied with the applicable statutes and with the requirements and regulations of the Food and Drug Administration.

136.     Plaintiffs' claims are barred by the failure to prevent or mitigate the damages claimed.

137.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other Merck drug or pharmaceutical preparation that Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

138.     Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Product Liability.

139.     Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

140.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

141.    To the extent Plaintiffs rely upon any theory of breach of warranty, such claims are barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

142.    Plaintiffs' claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

143.    Plaintiffs are not entitled to the relief requested, as Plaintiffs did not file the Amended Complaint in a timely manner under § 3-904 of the Courts and Judicial Proceedings Article of the Maryland Code.

144.    Plaintiffs are not entitled to the relief requested, as Plaintiffs are not proper beneficiaries under § 3-904 of the Courts and Judicial Proceedings Article of the Maryland Code.

145.    Plaintiffs' claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

146.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defenses.

## RESPONSE TO "REQUEST FOR JURY TRIAL"

Merck joins in the demand for a trial by jury.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendant Merck & Co., Inc. respectfully requests that the Amended Complaint be dismissed and that Merck recover all costs herein expended on its behalf, including costs, attorneys' fees, and such other relief as this Court may deem just and proper.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200 (phone)
504-581-3361 (facsimile)
pwittmann@stonepigman.com

Defendants' Liaison Counsel


Paul F. Strain (Federal Bar No. 01255)
Stephen E. Marshall (Federal Bar No. 08896)
Venable LLP
Suite 1800
Two Hopkins Plaza
Baltimore, Maryland  21201-2978
410-244-7400 (phone)
410-244-7742 (facsimile)
pfstrain@venable.com
semarshall@venable.com

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on this 30th day of December, 2005.

*Dorothy H. Wimberly*