FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 30 A 9: 48

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | * MDL No. 1657<br>*<br>* SECTION L<br>*<br>* JUDGE ELDON E. FALLON<br>*<br>* MAGISTRATE JUDGE<br>* DANIEL E. KNOWLES, III<br>*<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Steven L. Hyatt v. Merck & Co., Inc.*, Case No. 05-5793.

### ANSWER OF DEFENDANT MERCK & CO., INC. TO
### FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, respectfully submit its answer to the Plaintiff's First Amended Complaint With Request For Trial By Jury ("Amended Complaint") and repeats and realleges each and every response, admission, denial, averment, statement, and affirmative defense contained in its Answer to the Plaintiff's Complaint with Request for Trial by Jury ("Original Complaint") filed on December 21, 2005 with the same force and effect as though set forth here in full.

### RESPONSE TO AMENDED COMPLAINT

1.  The allegations contained in paragraph 1 of the Amended Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1 of the

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Amended Complaint, except admits that Plaintiff filed an Original Complaint in the Western District of Louisiana on September 28, 2005.

2. Denies each and every allegation contained in paragraph 2 of the Amended Complaint, except admits that Merck waived service of summons of the Original Complaint on December 20, 2005.

3. The allegations contained in paragraph 3 of the Amended Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Amended Complaint, except admits that Plaintiff purports to file an Amended Complaint.

4. With respect to paragraph 4 of the Amended Complaint, repeats and realleges each and every response, admission, denial, averment, statement, and affirmative defense contained in its Answer to the Original Complaint filed on December 21, 2005 with the same force and effect as though set forth here in full.

5. Denies each and every allegation contained in paragraph 5 of the Amended Complaint, except admits that Plaintiff purports to replace paragraph 8 of the Original Complaint with different allegations. Regarding the paragraph 8 allegations that Plaintiff now seeks to incorporate into the Original Complaint, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck, and denies each and every allegation directed toward Merck, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6. Denies each and every allegation contained in paragraph 6 of the Amended Complaint, except admits that Plaintiff purports to replace paragraphs 17(a) through

17(c) of the Original Complaint with different allegations. Regarding the paragraphs 17(a) through 17(c) allegations that Plaintiff now seeks to incorporate into the Original Complaint, Merck denies each and every allegation, as it is without knowledge or information sufficient to form a belief as to the truth therein.

7.  The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 6 of the Amended Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiff purports to replace certain allegations in the Original Complaint with different allegations.

8.  With respect to the final, unnumbered "Plaintiff further prays" paragraph of the Amended Complaint, repeats and realleges each and every response, admission, denial, averment, statement, and affirmative defense contained in its Answer to the Original Complaint filed on December 21, 2005 with the same force and effect as though set forth here in full.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.  That its Answer to Plaintiff's First Amended Complaint With Request For Trial By Jury be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's First Amended Complaint With Request For Trial By Jury with prejudice against Merck with costs assessed to Plaintiff;

2.  Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.  Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: December 30, 2005

                        Respectfully submitted,

*/s/ Richard C. Stanley*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
    Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of December, 2005.

*/s/ Richard C. Stanley*

4