FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -3 I P 4: 27

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Mark Bentley, individually and on behalf ) of Terence Bentley, Deceased, John H. E. ) Davey and Thomas J. Jones, individually ) and on behalf of all others similarly ) situated, ) | |
| ) | MDL Docket No. 1657 |
| ) | |
| Plaintiffs, ) | CASE NO. 05-3383 |
| ) | |
| v. ) | JUDGE FALLON |
| ) | |
| MERCK & CO., INC., a New Jersey ) Corporation, ) | MAGISTRATE JUDGE KNOWLES |
| ) | |
| Defendant. | |

### FIRST AMENDED ENGLISH CLASS ACTION COMPLAINT

NOW COME the Plaintiffs, Mark Bentley, individually and on behalf of Terence

Bentley, Deceased, John H. E. Davey and Thomas J. Jones, individually and on behalf of all

others similarly situated and complaining of the Defendant, MERCK & CO., INC., states as

follows:

### I. INTRODUCTION

1.      Plaintiffs bring this action, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, on their own behalf and as representatives of a class of persons consisting of all

English citizens (English Class) who were prescribed the drug Vioxx (rofecoxib), or their

estates, administrators or other legal representatives, heirs or beneficiaries.

2.      The English Class seeks to recover damages for deaths and personal injuries,

restitution, refunds, and/or for equitable, injunctive and declaratory relief against defendant

KBM

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

Merck & Co., Inc. (Merck), which tested, marketed, distributed, promoted and sold Vioxx in England.

3.     Vioxx has been shown to almost triple the risk of serious cardiovascular events, including heart attacks and strokes, among study patients taking Vioxx compared to patients receiving placebo.

4.     The primary goals of this class action are to (1) inform the English public that consumers of Vioxx are at an increased risk of heart attack and stroke, (2) establish a medical monitoring fund so that every English consumer may be tested and treated for the adverse effects of Vioxx, (3) reimburse monies paid for the recalled product and (4) provide compensation to all English victims for personal injuries and death.

## II.  PARTIES

### A.  PLAINTIFFS

5.     Plaintiff, Mark Bentley, brings suit on behalf of his decedent father, Terence Bentley, who was a resident and citizen of Halifax, West Yorkshire, England.  Decedent was prescribed, purchased and ingested 12.5 and then 25 mg of Vioxx each day in England since on or about November, 2004 through on or about December, 2004.  In late December, Decedent suffered heart failure as a proximate result of his ingestion of Vioxx.

6.     Plaintiff, John E. Davey,  is a citizen and resident of Marlboro, Wiltshire, England.  Plaintiff was prescribed, purchased and ingested 12.5 mg of Vioxx each day in England since on or about December, 1999 through on or about August, 2000, and 25 mg of Vioxx each day in England since on or about May, 2002 through on or about August, 2004.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

On or about July 17, 2003, Plaintiff suffered a heart attack as a proximate result of his ingestion of Vioxx.

7.      Plaintiff, Thomas J. Jones, is a citizen and resident of Merseyside, Cheshire, England.  Plaintiff was prescribed, purchased and ingested 25 mg of Vioxx each day in England since on or about 2000 through on or about 2003.  On or about February 14, 2002, Plaintiff suffered a heart attack as a proximate result of his ingestion of Vioxx.

## B.  DEFENDANT

8.      Defendant, MERCK & CO., INC., is headquartered in Whitehouse Station, New Jersey and markets and distributes Vioxx throughout England, including the State of Illinois.

9.      At all times relevant hereto, Defendant, MERCK & CO., INC., was engaged in the business of marketing, distributing, promoting, testing, labeling and/or selling the pharmaceutical Vioxx in England.

## III.  JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because this is an action by individuals and representative Plaintiffs who are citizens of a different country from the Defendant.

11.     Defendant is a corporation conducting business in the State of Illinois. Defendant advertised and sold its products, including Vioxx, in Illinois.  Defendant has,



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

therefore, subjected itself to personal jurisdiction and venue is proper in this District pursuant to 28 U.S.C. § 1391.

### IV.  FACTUAL BACKGROUND OF VIOXX

12.    Vioxx is classified as a nonsteroidal anti-inflammatory drug (NSAID) with anti-inflammatory, analgesic and antipyretic properties.  As such, it is indicated for pain, dysmenorrhea, osteoarthritis and rheumatoid arthritis.  The earlier marketed NSAID products (i.e., ibuprofen, naproxen, etc.) are approved for similar indications.

13.    Vioxx was approved by the U.S. Food and Drug Administration in May 1999.

14.    Vioxx was first introduced in the English market during the summer of 2000.

15.    Vioxx is a Cyclooxygenase-2 (Cox -2) selective inhibitor and as such had a lower incidence of gastrointestinal upset and a lower ulcerogenic potential.  However, inhibiting the Cox-2 enzyme selectively causes an imbalance between Prostacyclin (PGI) and Thromboxane A-2 (TX A2).  Because "TX A2 is a major compound in the clotting process, and is a potent platelet aggregator and vasoconstrictor," the resulting imbalance between PGI and TX A2 places patients at an increased risk of thromboembolic events, primarily heart attacks and strokes.  *The Merck Manual (16th* ed. 1992).

16.    Merck, the maker of Vioxx, is also the publisher of *The Merck Manual* (16th ed. 1992), which includes the following definition: "Thrombaxane A-2 is a major compound involved in the clotting process, and is a potent platelet aggregator and vasoconstrictor." This section of *The Merck Manual* was not included in the 17th edition, published in 1999.

**K·B·M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

17.     Merck-employed physicians, as well as industry leaders supported by Merck, have published on the subject of Cox-2 inhibition induced prostaglandin synthesis and TXA2, creating a pro-thrombotic state that places patients at an increase risk of heart attack and stroke. *See Effects of Specific Inhibition of Cyclooxygenase-2 on Sodium Balance, Hemo-dynamics, and Vasoactive Eiosanoids*, 289 (2) PHARMACOLOGY & EXPERIMENTAL THERAPEUTICS (May 1999).

18.     In June of 2000, Merck submitted to the FDA a safety study called VIGOR (Vioxx Gastrointestinal Outcomes Research) that found an increased risk of serious cardiovascular events, including heart attacks and strokes, in patients taking Vioxx compared to patients taking naproxen.  In the VIGOR study, analysis of the cardiovascular data by the Safety Monitoring Board focused on "the excess deaths and cardiovascular adverse experiences in [the Vioxx group] compared to [the Naproxen group].

19.     On September 17, 2001, the Division of Drug Marketing, Advertising, and Communications (DDMAC) issued the following warning letter to Merck; *"You (Merck) have engaged in a promotional campaign for Vioxx that minimizes the potentially serious cardiovascular findings that were observed in the VIGOR study, and thus misrepresents the safety profile for Vioxx."*

20.     In 2000, Merck spent $130 million on direct to consumer advertising.

21.     In 2001, Merck spent $166 million on direct to consumer advertising.

22.     An estimated 24 million people worldwide, including English Citizens, have been prescribed Vioxx.

**K:3M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

FIRST AMENDED ENGLISH CLASS ACTION COMPLAINT

23.    Shari L. Targum, M.D. of the FDA, Division of Cardio-Renal Drug Products, in the February 1, 2001 Review of Cardiovascular Safety Database states: In analyzing adverse events in VIGOR, "it can be seen that... there is an increased risk of MI and stroke in the [Vioxx group] compared with Naproxen; in the MI group, the 95% confidence interval is significant." "This analysis could lead one to conclude that Naproxen . . . would be the preferred drug."

24.    Vioxx sales exceeded $2.5 billion in 2003.

25.    On September 30, 2004 Merck & Co., Inc., officially announced a voluntary withdraw of Vioxx from all markets, including England, in light of unequivocal results from a clinical trial demonstrating that Vioxx almost triples the risk of heart attack and stroke for those who take the product long term.  The company's decision is based on three-year data from a prospective, randomized, placebo-controlled clinical trial, the APPROVe (Adenomatous Polyp Prevention on VIOXX) trial.

26.    Despite knowledge of both the general pharmacology related to Vioxx, and the specific cardiovascular risks demonstrated in the APPROVe and VIGOR studies, Merck has failed to initiate studies to investigate the cardiovascular risk associated with Vioxx.

27.    The European Medicines Agency (EMEA) and its scientific committee, the Committee on Medicinal Products for Human use (CHMP) reviewed all available data on the cardiovascular safety of COX-2 inhibitors, including Vioxx, and concluded, along with the FDA, that Vioxx created a substantial danger to European consumers.

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

28.     On April 7, 2005, the U.S. Food and Drug Administration (FDA) stated that Merck & Co., which withdrew Vioxx from the market last September, has not presented sufficient evidence to lift the moratorium.  The FDA commissioner affirmed that the risks of these drugs outweighed the benefits, overruling the earlier recommendation of an advisory panel that believed the painkillers could be safely marketed.

29.     The FDA decision to continue the moratorium was based upon the scientific evidence that Vioxx and other Cox-2 inhibitors increase the risk of cardiovascular (CV) events such as heart attacks and strokes, gastrointestinal (GI) bleeding and ulcers, as well as adverse skin reactions such as Stevens-Johnson Syndrome, in which the patient suffers blisters and burn-like sensations.  These were recognized as class-wide risks associated with the entire family of NSAIDs, even over-the-counter medications like Advil, Aleve, and Motrin.  The FDA recommended that those NSAIDs which remain on the market should carry "black-box" labels, the strictest type of warning, in order to ensure that physicians and consumers are aware of the risks.

## V.  CLASS ACTION ALLEGATIONS

30.     Plaintiffs move this Court to enter an order certifying this cause as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### A.  PROPOSED CLASS

31.     Plaintiffs seek certification of the following Class:

All English persons, their estates, administrators or other legal representatives, who were prescribed, purchased, used and/or ingested the drug Vioxx, manufactured, distributed and/or sold by Defendant.

**K▪M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

32.     Plaintiffs seek certification of the following Subclasses:

(A)     All English persons, their estates, administrators or other legal representatives, who suffered personal injuries ("Personal injury subclass");

(B)     All English persons, or other legal representatives, who seek treatment and reimbursement under a medical monitoring program ("Medical monitoring subclass");

(C)     All English persons, their estates, administrators or other legal representatives, heirs or beneficiaries, who seek reimbursement for the purchase price of Vioxx ("Reimbursement subclass").

## B. CLASS ACTION LAW

33.     This action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)(1)-(4), and the predominance and superiority requirements of Rule 23(b)(3) and the requirements of Rule 23(b)(2).

34.     Federal Rule of Civil Procedure 23(a) establishes four threshold requirements for class certification:

a.     The English Class is so numerous that joinder of all members is impracticable;

b.     There are questions of law or fact common to the English Class;

c.     The claims or defenses of the representative parties are typical of the claims or defenses of the English Class; and

d.     The representative parties will fairly and adequately protect the interest of the English Class. FED.R.CIV.P. 23(a).

35.     Class certification under Rule 23(b)(2) requires one finding: that the party opposing the class has acted or refused to act on grounds generally applicable to the class,



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.  FED.R.CIV.P. 23(b)(2).

36.     Class certification under Rule 23(b)(3) requires two findings: that common questions of law and fact predominate and that a class action is superior to other forms available for fair and efficient adjudication.  FED.R.CIV.P. 23(b)(3).

### C.  THE ENGLISH CLASS MEETS THE REQUIREMENTS FOR CLASS CERTIFICATION

37.     The English Class satisfies the numerosity standards.  The English Class is believed to number in the thousands of persons.  As a result, joinder of all English Class members in a single action is impracticable.  Class members may be informed of the pendency of this Class Action by published and broadcast notice.

38.     There are questions of fact and law common to the English Class which predominate over any questions affecting only individual members.  The questions of law and fact common to the English Class arising from Defendant's actions include, without limitation, the following:

a.     Whether Vioxx was and is toxic and unsafe;

b.     Whether English persons who took Vioxx are at increased risk of developing serious injuries, including, but not limited to heart attack and stroke;

c.     Whether there exist monitoring and testing procedures which make early detection and treatment of heart attack and stroke caused by exposure to Vioxx possible and beneficial;

d.     Whether medical monitoring is appropriate;

e.     Whether, in marketing and selling Vioxx, defendant failed to disclose the dangers and risks to the health of persons ingesting the drug;

**K:3M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

f.     Whether defendant failed to warn adequately of the adverse effects of Vioxx;

g.     Whether defendant falsely and fraudulently misrepresented in their advertisements, promotional materials and other materials, among other things, the safety, potential side effects and convenience of Vioxx to English Citizens;

h.     Whether defendant designed and manufactured a drug that was dangerously defective because its use leads to serious adverse health effects including, but not limited to, heart attack and stroke;

i.     Whether defendant knew or should have known that the use of Vioxx leads to serious adverse health effects;

j.     Whether defendant adequately tested Vioxx prior to distribution and sales in the English market place;

k.     Whether defendant continued to manufacture, market, distribute, and sell Vioxx in England notwithstanding their knowledge of the drug's dangerous nature;

l.     Whether the warnings and information defendant provided with Vioxx were adequate in warning of the potential hazards resulting from its use;

m.     Whether defendant knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of Vioxx from government regulators, the medical community and/or the consuming English public; and

n.     Whether defendant's actions support a cause of action for medical monitoring;

s.     Whether defendant's conduct constituted an unfair, deceptive and/or unconscionable practice within the meaning of Illinois and New Jersey Consumer Protection Statutes [1];

t.     Whether defendant's conduct constituted the knowing or intentional concealment, suppression, or omission of material information

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

[1]     ILCS 505/2, and  N.J. Rev. Stat. 56:8-2.

intended to be relied upon by others in connection with the sale of Vioxx within the meaning of Illinois and New Jersey Consumer Protection Statutes; and

u.     Whether the English Class has been injured by virtue of defendant's violations of Illinois and New Jersey Consumer Protection Statutes.

39.     The questions set forth above predominate over any questions affecting only individual persons, and a Class Action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

40.     A Class Action is the appropriate method for the fair and efficient adjudication of this controversy.  The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests.

41.     The Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent.  The interests of the members of the Class will be fairly and adequately protected by the Plaintiffs and their undersigned counsel.

42.     Plaintiffs seek a refund of and restitution for monies paid as a result of their purchase of Vioxx, as well as all other ascertainable economic loss that occurred as a result of Defendant's wrongful and improper conduct in connection with the manufacture, marketing, distribution, testing, promotion, labeling and/or selling of Vioxx in England.

**K:B:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

Plaintiffs therefore seek to disgorge Defendant of the monies inappropriately acquired as a result of its sale of Vioxx.

43.     Plaintiffs, on behalf of themselves and the Class, seek equitable relief in the form of a Court-ordered and supervised medical monitoring program, funded by Defendant, to assist Plaintiffs and the Class members in the early detection and treatment of illnesses caused by Vioxx. Such a program would include the following:

a.      A method to notify English individuals who ingested Vioxx of the increased risk of harm that they have suffered as a result of the ingestion of Vioxx;

b.      Provision for the accumulation and analysis of relevant medical and demographic information from English Class members including, but not limited to, the results of all appropriate diagnostic tests performed on English Class members as part of a medical research and education fund;

c.      Provision for the creation, maintenance and operation of a medical registry in which relevant demographic and medical information concerning all English Class members is gathered, maintained and analyzed;

d.      Provision for medical research concerning the incidence, prevalence, natural course and history, diagnosis and treatment of Vioxx induced personal injuries; and

e.      Publication of, and other dissemination of, all such information to members of the English Class and their physicians.

44.     Class certification with respect to English plaintiffs' claims for relief through creation of a Court-supervised fund to provide medical research, education, monitoring and screening is appropriate because defendant has acted, or refused to act, on grounds generally applicable to the Class, making appropriate preliminary and final injunctive and declaratory

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

relief consisting of medical monitoring and notice with respect to plaintiffs and the Class members.

45.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the Class who has suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

46.     Notice can be provided to class members by using techniques and forms of notice similar to those customarily used in other drug-related products liability cases and complex class actions.

## VI.  CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY PURSUANT TO
### §402A OF THE RESTATEMENT (SECOND) OF TORTS

47.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

48.     The Defendant was engaged in the business of manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx in England, which it sold and distributed throughout England to Plaintiffs and Class members.

49.     The Plaintiffs, were using Vioxx in a manner for which it was intended or in a reasonably foreseeable manner.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

50.     Vioxx was expected to and did reach the English Plaintiffs and Class members without substantial change in its condition as manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised, warned, and otherwise distributed.

51.     The Plaintiffs and the members of the Class were not aware of, and reasonably could not have discovered, the dangerous nature of Vioxx.

52.     The Defendant's Vioxx caused increased risks of heart attack and stroke upon consumption, and therefore constitute a product unreasonably dangerous for normal use due to their defective design, defective manufacture, and the Defendant's misrepresentations and inadequate facts disclosed to the Plaintiffs and the members of the English Class.

53.     As a direct and proximate result of Defendant's manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx in England, Plaintiffs and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

54.     The Defendant, therefore, is strictly liable to the Plaintiffs.   Additionally, Defendant's conduct was so outrageous as to constitute ill will, bad motive and reckless indifference to the interests of the consumers. The Plaintiffs, therefore, are entitled to punitive damages.  The Defendant is liable to the Plaintiffs and to members of the Class jointly and severally for all general, special, and equitable relief to which the Plaintiffs and the Class are entitled by law.

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## COUNT II
## NEGLIGENCE

55.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

56.     It was the duty of the Defendant to use reasonable care in the manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx to English Citizens.

57.     Contrary to its duty, the Defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

     a.    Failed to adequately and properly test and inspect Vioxx so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold;

     b.    Failed to utilize and/or implement a reasonably safe design in the manufacture of Vioxx;

     c.    Failed to manufacture Vioxx in a reasonably safe condition for which it was intended;

     d.    Failed to adequately and properly warn Plaintiffs and Class members purchasing Vioxx of the risks of complications when used in a manner for which it was intended;

     e.    Failed to adequately and properly warn Plaintiffs and Class members purchasing Vioxx of the risks of diseases when used in a manner for which it was intended;

     f.    Failed to adequately and properly label Vioxx so as to warn the Plaintiffs and Class members of the risks of complications;

     g.    Failed to adequately and properly label Vioxx so as to warn the Plaintiffs and Class members of the risks of heart attack and stroke;

     h.    Manufactured Vioxx which constituted a hazard to health;

     I.    Manufactured Vioxx which caused adverse side effects; and

     j.    Were otherwise careless and negligent.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

58.     As a direct and proximate result of Defendant's manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx in England, Plaintiffs and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

## COUNT III
## NEGLIGENCE PER SE

59.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

60.     Defendant had an obligation not to violate the law in the manufacture, design, formulation, compounding, testing, production, processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, sale and warning of the risks and dangers of Vioxx.

61.     Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq., related amendments and codes and federal regulations provided thereunder, the Sherman Food, Drug and Cosmetic Law, and other applicable laws, statutes and regulations.

62.     Plaintiffs, as English purchasers and consumers of Vioxx, are within the class of persons the statutes and regulations described above are designed to protect and Plaintiffs' injuries are the type of harm these statutes are designed to prevent.

63.     Defendant's acts constitute an adulteration and/or misbranding as defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331 and constitutes a breach of duty

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

subjecting Defendant to civil liability for all damages arising therefrom, under theories of negligence per se.

64.      Defendant failed to meet the standard of care set by the following statutes and regulations, which were intended for benefit of individuals such as the Plaintiffs, making Defendant negligent per se:

(a)      The labeling lacked adequate information on the use of the drug Vioxx [21 C.F.R. Section 201.56(a) and (d);

(b)      The labeling failed to provide adequate warnings of severe and disabling medical conditions including, without limitations, thromboembolic events, primarily heart attacks and stroke, and other adverse medical conditions as soon as there was reasonable evidence of their association with the drug [21 C.F.R. 201.57(e)];

(c)      There was inadequate information for patients for the safe and effective use of Defendant's drug [21 C.F.R. 201.57(f)(2)];

(d)      There was inadequate information regarding special care to be exercised by the doctor for safe and effective use of Defendant's drug [21 C.F.R. 201.57(f)(1)]; and

(e)      The labeling was misleading and promotional [21 C.F.R. 201.56(b)].

65.      As a result of the violations of the statutes described above, Plaintiffs suffered injuries and damages as alleged herein.

## COUNT IV
## VIOLATIONS OF ILLINOIS AND NEW JERSEYS'
## CONSUMER PROTECTION STATUTES

66.      Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

67.      Defendant engaged in unfair competition or unfair or deceptive acts or practices in violation of Illinois and New Jersey consumer protection statutes when it



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

represented, through advertising, warranties, and other express representations, that Vioxx had benefits or characteristics that it did not actually have. Defendant further violated state consumer protection statutes when it falsely represented that Vioxx was of a particular standard or quality when it was not. Finally, Defendant violated Illinois and New Jersey consumer protection statutes when it advertised Vioxx with the intent not to sell it as advertised, and when, in so doing, Defendant concealed and suppressed facts material to the true characteristics, standards, and quality of Vioxx.

68. Defendant's deceptive practices were specifically designed to induce Plaintiffs and the Classes to buy Vioxx.

69. As a direct and proximate result of Defendant's unfair methods of competition and unfair or deceptive acts or practices, Plaintiffs and the Classes have suffered actual damages and members of the Classes are threatened with irreparable harm by undue risk of physical injuries or death.

## COUNT V
## UNJUST ENRICHMENT

70. Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

71. As the intended and expected result of their conscious wrongdoing, Defendant has profited and benefitted from the purchase of Vioxx by the English Plaintiffs and the Class.

72. Defendant has voluntarily accepted and retained these profits and benefits, derived from the Plaintiffs and the Plaintiff Class, with full knowledge and awareness that, as a result of Defendant's fraud and other conscious and intentional wrongdoing, Plaintiffs



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

and the Plaintiff Class were not receiving a product of the quality, nature, or fitness that had been represented by Defendant or that Plaintiffs and the Plaintiff Class, as reasonable consumers, expected.

73.     By virtue of the conscious wrongdoing alleged in this Complaint, Defendant has been unjustly enriched at the expense of the Plaintiffs and the Plaintiff Class, who are entitled to in equity, and hereby seek, the disgorgement and restitution of Defendant's wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy the Defendant's unjust enrichment.

## COUNT VI
## MEDICAL MONITORING

74.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

75.     Plaintiffs and class members have been significantly exposed to proven hazardous substances through the intentional, negligent, or wrongful actions of the Defendant.

76.     As a proximate result of this exposure, Plaintiffs and class members suffer significantly increased risks of developing serious, latent diseases.

77.     That increased risk makes periodic diagnostic medical examinations reasonably necessary.

78.     Monitoring and testing procedures exist which make the early detection and treatment of disease possible and beneficial.

KB M

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

79.     Defendant's actions render them liable to pay all costs of a comprehensive court-supervised medical monitoring program, to provide diagnostic and treatment services for the benefit of the class.

80.     As a direct and proximate result of Defendant's manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx in interstate commerce, Plaintiffs and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

## COUNT VII
## BREACH OF EXPRESS WARRANTY

81.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

82.     Defendant expressly warranted to Plaintiffs, by and through statements made by Defendant or their authorized agents or sales representative, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the English general public, that Vioxx was safe, effective, fit and proper for its intended use.

83.     In using Vioxx, Plaintiffs relied on the skill, judgment, representations and foregoing express warranties of the Defendant. Said warranties and representations were false in that the aforementioned product was not safe and was unfit for the uses for which it was intended.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

84.     As a direct and proximate result of Defendant's breaches of warranties, Plaintiffs and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

## COUNT VIII
## BREACH OF IMPLIED WARRANTY

85.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

86.     Prior to the time that Vioxx was used by Plaintiffs, Defendant impliedly warranted to Plaintiffs that Vioxx was of merchantable quality and safe and fit for the use for which it was intended.

87.     Plaintiffs were and are unskilled in the research, design and manufacture of Vioxx and reasonably relied entirely on the skill, judgment and implied warranty of the Defendant in using Vioxx.

88.     Vioxx was neither safe for its intended use nor of merchantable quality, as warranted by Defendant, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user.

89.     As a direct and proximate result of Defendant's breaches of warranties, Plaintiffs and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs, Mark Bentley, individually and on behalf of Terence Bentley, Deceased, John H. E. Davey and Thomas J. Jones, individually and on behalf of all



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

others similarly situated pray that the Court enter judgment against MERCK CO., INC., and

in favor of the Plaintiffs and the Classes, and to award the following relief:

a.  Certification of the proposed Classes and Subclasses under Rule 23 of the Federal Rules of Civil Procedure;

d.  Declare that Vioxx is dangerous and defective, and that Merck is financially responsible for notifying all members of the English Class of the defective drugs;

e.  Declare that Merck must disgorge, for the benefit of the Class, all or part of their ill-gotten gains and benefits received from the sale of Vioxx, and/or make full restitution to Plaintiffs and the members of the English Class;

f.  Determine Defendant's liability for punitive/exemplary damages to the extent necessary and appropriate to punish and deter the conduct complained of herein;

g.  Award compensatory and punitive damages for the acts complained of herein, in an amount to be proven at trial;

h.  Award attorneys' fees and costs, plus interest, as allowed by law, and/or from a common fund created hereby;

I.  Provide an English consumer notice, at Defendant's expense, regarding medical monitoring;

j.  Order Defendant to fund Court-supervised or Court-approved programs to medically monitor English Class members, to pay or reimburse the cost of medical treatment of Class members; and

k.  Order such other or further judicial determinations, and relief, as may be appropriate under the circumstances under the Court's exercise of its equitable jurisdiction and inherent authority in this proceeding.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

FIRST AMENDED ENGLISH CLASS ACTION COMPLAINT

RESPECTFULLY SUBMITTED,

By:     *Tiffany K. Donnelly*
        Tiffany K. Donnelly, Esq.
        Becky J. Lee, Esq.
        Pamela G. Sotoodeh, Esq.
        KENNETH B. MOLL & ASSOCIATES, LTD.
        Three First National Plaza
        50TH Floor
        Chicago, Illinois 60602
        TEL: 312.558.6444
        FAX: 312.558.1112
        www.kbmoll.com

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com