MINUTE ENTRY
FALLON, J.
JANUARY 3, 2006

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -4  P 2:49

LORETTA G. WHYTE
     CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date in the Chambers of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendant's Steering Committee ("DSC") to discuss agenda items for the pretrial conference. At the monthly pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 10 of Plaintiffs' and Defendant's Liaison Counsel. This conference was transcribed by Karen Ibos, Certified Court Reporter. Counsel may contact Mrs. Ibos at (504) 589-7776 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

    I.      <u>LEXIS/NEXIS FILE & SERVE</u>

Plaintiffs' Liaison Counsel ("PLC") and Defendant's Liaison Counsel ("DLC") reported that cases recently transferred to the Eastern District of Louisiana have been experiencing brief delays between the docketing of the Final Transfer Order on which the cases appear and the receipt of the records from the original transferor courts. Until such time as the record of a case

JS 10 (02:10)

___ Fee_____
___ Process_____
 X  Dktd_____
 __ CtRmDep____
___ Doc. No._____

is actually received by the Clerk of Court in the Eastern District of Louisiana, the Clerk's Office cannot officially docket the case in the Eastern District of Louisiana and, as a result, there are delays in uploading to Lexis/Nexis File & Serve. Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case. DLC has requested that Plaintiffs' counsel continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve. Notice should include the case name and Eastern District of Louisiana civil action number.

## II.   STATE COURT TRIAL SETTINGS

The *Zajicek* trial, which had been set for trial on March 20, 2006, in Texas District Court, Jackson County, has been removed from the trial calendar. The *Guerra* case is set for trial on April 17, 2006, in Texas District Court, Hidalgo County, Texas, and the *Kozic* trial is set for trial in Florida Circuit Court, Hillsborough County, on May 1, 2006. In addition, subject to briefing on whether the court should hold consolidated trials, the New Jersey Superior Court, Atlantic County has scheduled consolidated trials in the following cases: *Cona* and *McDarby* on February 27, 2006; *Hatch*, *McFarland*, and *LoPresti* on April 24, 2006; and *Doherty* and *Klug* on June 5, 2006. A trial of one or more plaintiffs is set for June 21, 2006, in the California Coordinated Proceeding, California Superior Court, Los Angeles County. The *Garza* case is expected to be set for trial in the First Quarter of 2006 in the California Coordinated Proceeding. A trial of one or more plaintiffs is set for June 21, 2006, in the California Coordinated Proceeding. Finally, the *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006.

III.     SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The *Irvin/Plunkett* trial commenced on November 29, 2005. The jury was unable to reach a unanimous verdict and, consequently, on December 12, 2005, the Court declared a mistrial. The Court will retry the case commencing February 6, 2006, at the New Orleans District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, 70130.

Pursuant to the Court's Minute Entry dated November 23, 2005, the DSC selected the Diaz case to be tried as the second MDL trial. The PSC opposes this case being set for trial at the present time and on December 20, 2005, filed a Motion to Strike and Substitute for Case of Ellis Diaz as Trial Selection Pursuant to Minute Entry of November 23, 2005. The PSC and DSC have provided the Court with suggestions for additional MDL trials and agreed to confer with each other in Chambers following the monthly pretrial conference.

IV.     CLASS ACTIONS

Briefing on the DSC's Rule 12 Motions on the Medical Monitoring Complaint and the Purchase Claims Complaint has been completed. The PSC has filed a Motion for Suggestion of Remand in Connection with Class Certification Proceedings Pursuant to Plaintiffs' Request in the Alternative for Individual State Class Certifications and for Leave to Seek this MDL Court Sit by Designation in Each of the Transferor Federal District Court Jurisdictions at Issue. Briefing on this issue is complete. Additionally, the PSC filed their motions for class certification as to their proposed national class. The DSC's opposition is due by January 9, 2006. The PSC's reply is due by January 23, 2006. Due to overlapping issues, the PSC and DSC requested that oral argument on these motions be heard together. The Court agreed to this

request. The PSC and DSC are to confer and report back to the Court with mutually convenient dates on which the motions can be heard.

V.     DISCOVERY DIRECTED TO MERCK

PLC and DLC informed the Court that discovery is still ongoing. Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis. The PSC and DSC have met and conferred to address prioritization. PLC has advised that he shall coordinate and resolve any conflicting requests for Vioxx documents and data requested from Merck.

Furthermore, on November 4, 2005, Merck produced to the Court and PSC a revised Privilege Log. Thereafter, pursuant to the Court's order, Merck produced to the Court for *in camera* inspection all documents identified on its privilege log. The PSC continues to challenge the privilege log, and Merck maintains that its revised privilege log is sufficient.

On November 22, 2005, the PSC served DLC with a Second Set of Interrogatories and Requests for Production of Documents Directed to Defendant, Merck & Co., Inc. On December 22, 2005, Merck served its responses and objections. The PSC is reviewing the responses.

On December 15, 2005, Judge Higbee issued a number of oral rulings in the New Jersey Coordinated Litigation that require Merck to produce, on a short-time frame, case-specific discovery. By letter dated December 20, 2005, Merck advised PLC that Judge Higbee issued certain discovery rulings on December 15, 2005, and advised that it would necessarily impact previously-scheduled MDL productions. PLC does not agree that any rulings from Judge Higbee or any other state court should impact MDL discovery requests, timing, or prioritization of discovery responses in the MDL. Merck disagrees with PLC's contentions.

Early in this litigation, PLC requested all insurance policies of Merck. Merck has agreed to produce them and the parties are discussing the timing of this production.

VI.     DISCOVERY DIRECTED TO THE FDA

PLC and DLC reported that the FDA's preliminary production of documents is still ongoing. On November 8, 2005, the FDA requested reimbursement for the cost of copying and bates numbering the congressional document wave of production. PLC has written counsel for the FDA regarding this invoice and has received no response from the FDA. On December 23, 2005, the FDA produced a privilege log for certain documents. The PSC is in the process of reviewing the privilege log. Additionally, on December 19, 2005, the PSC wrote counsel for the FDA and requested the deposition of Dr. Graham. Having received no reply, the PSC again wrote counsel for the FDA on December 29, 2005. No response has been received.

The Court informed PLC to forward the names of those to whom he sent letters to the Court. The Court is prepared to take the appropriate actions to ensure that the FDA responds to PLC's letters.

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

The PSC continues to issue numerous third-party notices of depositions for the production of documents. If any issues arise, the PLC will inform the Court.

VIII.   DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL. PLC requested from the DSC a list of all depositions that had been taken. The DSC agreed to provide PLC with this list by next Monday, January 9, 2006. The list should contain the name of each deponent, the date upon which the deposition was taken, the attorneys who took the deposition, and the

civil action number in which the deposition was taken.

In addition, PLC reminded DLC to ensure that the PLC gets contemporaneous cross-notice of each deposition taken. Lastly, the Court advised the parties how to proceed regarding the depositions of editors and former editors of the New England Journal of Medicine. The Court informed the parties that the DSC should formally notice the depositions and the PSC should file formal motions to quash the depositions. At that time, the Court will set the motions to quash for hearing at the earliest available time.

### XII.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On September 14, 2005, the Court entered Pretrial Order No. 18B which governs the timing for production of Plaintiff Profile Forms ("PPFs"), Medical Authorizations, and Merck Profile Forms on a staggered basis. All PPFs, Medical Authorizations, and Medical records are to be served in accordance with Pretrial Order 18B.

Due to the delay between final entry of conditional transfer orders and the actual docketing of some cases transferred to the Eastern District of Louisiana, counsel in the delayed cases were unable to access Lexis/Nexis File & Serve to timely serve the PPFs, Medical Authorizations, and Medical Records. As such, DLC agreed that counsel without access to Lexis/Nexis File & Serve could temporarily serve the PPFs, Medical Authorizations, and Medical Records by sending copies to the DLC and Will Coronato. This backlog of cases has been substantially eliminated and counsel in most newly filed and/or transferred cases are able to access Lexis/Nexis File & Serve. Accordingly, the agreement made by DLC to allow service upon himself and Will Coronato has been terminated.

DLC once again advised the Court of deficiencies in PPFs. As of December 6, 2005,

3,240 PPFs have been filed. Of these, 563 have been deficient. DLC stated that the DSC will soon file a motion to dismiss these deficient PPFs. The Court advised DLC to draft a formal notice regarding deficiencies and submit it to the Court. The Court will then review it, make the necessary changes, and post it on the Vioxx website.

Furthermore, PLC informed the Court that the DSC has requested a modification to the Merck Profile Form. The PSC does not consent to this modification; however, after the monthly pretrial conference, PLC agreed to meet with members of the DSC to discuss this issue.

X.  STATE/FEDERAL COORDINATION—STATE LIAISON COMMITTEE

The PSC and State Liaison Committee have had several communications. On November 18, 2005, the PSC recommended additional members for appointment to the State Liaison Committee. The Court is still considering the appointment of additional members to the State Liaison Committee.

In addition, Dawn Barrios provided the Court with an updated list of rulings on remand motions.

XI.  *PRO SE* CLAIMANTS

PLC informed the Court that he has continued to be contacted by *pro se* claimants and has advised them of attorneys in their respective states and other pertinent information regarding the MDL.

XII.  MOTION FOR CLARIFICATION OF PRETRIAL ORDER NO. 19

On November 16, 2005, Motley Rice, LLC, filed a Motion for Clarification of Pretrial Order No. 19. The Court will hear this motion at the next monthly pretrial status conference.

### XIII. MISCELLANEOUS

PLC informed the Court that he was in the process of moving offices. His new office, which should be operational by the end of next week, is located at 201 St. Charles Avenue, Suite 4310, New Orleans, Louisiana 70130.

### XIV. NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on Thursday, February 2, 2006, at 10:00 a.m. This conference will be held in New Orleans, Louisiana.

*[Signature]*