FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -4  PM 4: 11

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Vioxx | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to** | * | |
| **Case No. 05-4046** | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| **EVELYN IRVIN PLUNKETT,** | * | |
| as Personal Representative of the Estate of | * | |
| **RICHARD IRVIN, JR.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| **MERCK & CO., INC.,** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \*

## <u>AMENDED NOTICE OF DEPOSITION OF ROBERT STEINBROOK, M.D.</u>

TO:        Andy D. Birchfield, Jr.
           BEASELY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
           218 Commerce Street
           Montgomery, AL  36103-4160

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

- 1 -

795206v.1

DATE:        JANUARY 16, 2006

TIME:        10:00 A.M.
LOCATION:  BROWN RUDNICK
             ONE FINANCIAL CENTER
             BOSTON, MASSACHUSETTS  02111


Please take notice that Merck & Co, Inc. will take the stenographic deposition of Dr.

Robert Steinbrook on January 16, 2006 beginning at 10:00 a.m. at the offices of Brown Rudnick,

One Financial Center, Boston, Massachusetts  02111.  The deposition will continue from day to

day until completed.

The deponent is requested to produce at the deposition the documents described on

Attachment A to the Amended Subpoena and Subpoena Duces Tecum which is being served in

this matter.

You are invited to participate as you deem fit.

Respectfully submitted,


Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

- 2 -

795206v.1

Phillip Beck
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Attorneys for Merck & Co., Inc.

Dated: January 4, 2006

795206v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Notice of Deposition has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiffs' counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of January, 2006.

Dorothy H. Wimberly

795206v.1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

EASTERN _____ DISTRICT OF LOUISIANA

In re: Vioxx
PRODUCTS LILABILITY LITIGATION
Evelyn Irvin Plunkett (05-4046)

**V.**

MERCK & CO. INC.

AMENDED
# SUBPOENA IN A CIVIL CASE

CASE NUMBER: MDL 1657
Judge Fallon
Magistrate Judge Knowles

TO:  Robert Steinbrook, M.D. THROUGH Paul W. Shaw Esq.
Brown Rudnick
One Financial Center, Boston, MA  02111

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Brown Rudnick<br>One Financial Center, Boston, MA  02111 | 1/16/06 @ 10:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Same as above | Same as above |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Dorothy H. Wimberly* Attorney for defendant Merck | 01/04/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dorothy H. Wimberly 546 Carondelet St. New Orleans, LA  70130 (504) 581-3200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVER ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
            DATE                                 SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

                                                _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1 ) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or en officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may, in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents , communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A to
## Merck's Amended Subpoena to Dr. Robert Steinbrook

## DEFINITIONS

1.      The pronouns "you," "your," "yours," and "yourself" refer to the subpoened party named herein and any of his agents, representatives, and/or persons purporting to act on his behalf.

2.      The term "MMS" shall mean the Massachusetts Medical Society, all of its subsidiaries, including but not limited to the New England Journal of Medicine, its parents, assigns, employees, editors, directors, consultants, agents, and the subpoened party named herein.

3.      The term "VIGOR" shall mean the clinical trial known as the Vioxx Gastrointestinal Outcomes Research Study, results of which were published in Bombardier, et al. Comparison of upper gastrointestinal toxicity of rofecoxib and naproxen in patients with rheumatoid arthritis. *N. Engl J. Med.* 2000; 343:1520-1528.

4.      The term "Editorial" shall mean the document titled "Expression of Concern:  Bombardier, et al., "Comparison of upper gastrointestinal Toxicity of Rofecoxib and Naproxen in Patients with Rheumatoid Arthritis," N. Engl J. Med 2000;343:1520-28", first posted online on December 8, 2005.

5.      The term "Reviewer" shall mean any internal MMS person or external person (including peer reviewer) who provided any evaluation, critique or comment on a given article.

6.      The term "APPROVe" shall mean the clinical trial known as the Adenomatous Polyp Prevention on Vioxx trial, results of which were published in Bressalier, et al. Cardiovascular events associated with rofecoxib in a colorectal adenoma chemoprevention trial. *N. Engl J. Med.* 2005; 352:1092.

7.      "Communication" means all occasions on which one person conveyed information to another either by means of a document or verbally, including by means of a telephone or other mechanical or electronic device.

8.      "Document" means all written or graphic matter, however produced, reproduced, or stored, of every kind and description in the actual or

constructive possession, custody or control of you or your counsel, including without limitation all accounts, advertisements, agreements, announcements, appointment books, articles, bills, books, bulletins, calendars, charts, computer files, computer printouts, contracts, credit card records, diaries, drawings, e-mails, films, graphs, journals, ledgers, letters, magnetic disks, magnetic strips, magnetic tape, medical records, memoranda, microfilm, minutes, monitor strips, notes, papers, periodicals, photographs, pictures, prescriptions, press releases, punched cards, reports, schedules, sound tapes or recordings, statements, studies, tables, telegrams, time sheets or logs, vouchers, x-rays, and other data compilations, recordings, records, or writings of any kind.

9.      "Merck & Co., Inc." and "Merck" means any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant and by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck, as well as any person acting or purporting to act on its behalf.

## DOCUMENTS REQUESTED

1.      All documents in your possession relating to or referencing the VIGOR trial.

2.      All documents relating to communications between MMS and Merck concerning the VIGOR trial.

3.      All documents relating to communications between MMS and any authors of the VIGOR trial.

4.      All documents relating to communications between MMS and any Reviewer concerning the VIGOR trial.

5.      All documents relating to any internal communication within MMS relating to the VIGOR trial.

6.      All documents relating to communications between MMS and anyone else concerning the Editorial.

7.       All documents relating to the Editorial, including but not limited to the: (a) decision to write the Editorial; (b) the decision to publish the Editorial on

December 8, 2005; (c) drafts of the Editorial, and (d) efforts to obtain Merck's position on the issues raised in the Editorial.

8.     All communications between any plaintiff's lawyer in Vioxx litigation and the MMS concerning Vioxx, the VIGOR trial, and/or the Editorial.

9.      All communications between MMS and FDA concerning Vioxx, the VIGOR trial, and/or the Editorial.

10.    All documents, including but not limited to, the draft manuscript, Reviewer comments, MMS internal memos and e-mails, relating to the article rejected by MMS and eventually published as Ray, et al. COX-2 selective non-steroidal anti-inflammatory drugs and risk of serious coronary heart disease. *Lancet 2002;* 360:1071-1073.

11.    All documents, including but not limited to, the draft manuscript, Reviewer comments, MMS internal memos and e-mails, relating to the article rejected by MMS and eventually published as Ray, et al. Non-steroidal anti-inflammatory drugs and risk of serious coronary heart disease: an observational cohort study. *Lancet* 2002: 359: 118-123.

12.    All documents relating to or referencing the APPROVe trial.

13.    All documents relating to communications between MMS and Merck concerning the APPROVe trial.

14.    All documents relating to communications between MMS and any authors of the APPROVe trial.

15.    All documents relating to communications between MMS and any Reviewer concerning the APPROVe trial.

16.    All documents relating to any internal communication within MMS relating to the APPROVe trial.