UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Alice Partaine* | * | JUDGE FALLON |
| *v. Merck & Co., Inc.* (E.D. La Index No. 05-5902) | * | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the numbered and unnumbered paragraphs of plaintiffs' Complaint as follows:

### ANSWER TO "STATEMENT OF JURISDICTION

The allegations in this unnumbered paragraph of the Complaint are legal conclusions to which no responsive pleading is required. To the extent these allegations are deemed to contain facts, Merck admits that the plaintiff alleges that she is a citizen of Tennessee and further admits that it is a New Jersey corporation with its principal place of business at One Merck Drive in Whitehouse Station, New Jersey. Merck also admits that the plaintiff purports to seek relief in excess of $75,000 but denies that there is any legal or factual basis for such relief. Merck denies all allegations in this unnumbered paragraph that are inconsistent with these admissions.

### ANSWER TO "PARTIES"

1. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, and therefore denies same.

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep____
___ Doc. No ____
```

2. Merck denies each and every allegation in paragraph 2 of the Complaint, except it admits that it is a New Jersey corporation with its principal place of business at One Merck Drive in Whitehouse Station, New Jersey, and that it is authorized to do business in Tennessee. Merck further admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health. Merck further avers that it sought and received the approval of the United States Food and Drug Administration (FDA) to manufacture and market the prescription medicine Vioxx® (hereinafter "Vioxx") (generic name Rofecoxib), and that until the voluntary worldwide withdrawal of Vioxx from the market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information.

## ANSWER TO "FACTS"

3. Merck denies each and every allegation in paragraph 3 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine Vioxx (generic name Rofecoxib) and, until the voluntary worldwide withdrawal of Vioxx from the market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information.

4. Merck denies each and every allegation contained in paragraph 4 of the Complaint, except it admits that it sought, and in May 1999 received, the approval of the FDA to manufacture and market the prescription medicine Vioxx (generic name Rofecoxib) and, until the voluntary worldwide withdrawal of Vioxx from the market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information.

5. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, and therefore denies same.

6. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint, and therefore denies same.

7. Merck denies each and every allegation in paragraph 7 of the Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine Vioxx and, until the voluntary worldwide withdrawal of Vioxx from the market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information.

8. Merck denies each and every allegation contained in paragraph 8 of the Complaint.

9. Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10. Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11. Merck denies each and every allegation in paragraph 11 of the Complaint, except it admits that the referenced studies and publication exist. Merck respectfully refers the Court to the referenced studies and publication for their actual language and full text.

12. Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13. Merck denies each and every allegation in paragraph 13 of the Complaint, except it admits that the study referenced in that paragraph exists, and Merck respectfully refers the Court to the study for its actual language and full text.

14. Merck denies each and every allegation in paragraph 14 of the Complaint, except it admits that it received a letter from a regulatory review officer in September 2001, and it respectfully refers the Court to that letter for its actual language and full text.

15. Merck denies each and every allegation contained in paragraph 15 of the Complaint.

16. Merck denies each and every allegation contained in paragraph 16 of the Complaint.

17. Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18. Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19. Merck denies each and every allegation in paragraph 19 of the Complaint, except it admits that on September 30, 2004, it announced a voluntary worldwide withdrawal of Vioxx from the market. Merck avers that in a prospective, randomized, placebo-controlled clinical trial, there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking a placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, it concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

### ANSWER TO "COUNT ONE – Strict Liability"

20. With respect to the allegations contained in paragraph 20 of the Complaint, Merck repeats and re-alleges each and every admission, denial, allegation, and statement contained in paragraphs 1 through 21 of this Answer with the same force and effect as though set forth here in full.

21. Merck denies each and every allegation in the first sentence of paragraph 21 of the Complaint, except it admits that it manufactured and marketed Vioxx until the voluntary worldwide withdrawal of Vioxx from the marketplace on September 30, 2004. The allegations contained in the second sentence of paragraph 21 of the Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck denies each and every allegation contained in said sentence.

22. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore Merck denies these allegations.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint including subparagraph (a) through (f).

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25. Merck denies each and every allegation contained in paragraph 25 of the Complaint.

Regarding the unnumbered Prayer for Relief paragraph following paragraph 25 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiff is seeking damages, but it denies that there is any legal or factual basis for her claims.

### ANSWER TO "COUNT TWO – Failure to Warn"

26. With respect to the allegations contained in paragraph 26 of the Complaint, Merck repeats and re-alleges each and every admission, denial, allegation, and statement contained in paragraphs 1 through 25 of this Answer with the same force and effect as though set forth here in full.

27. Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28. Merck denies each and every allegation contained in paragraph 28 of the Complaint.

29. Merck denies each and every allegation contained in paragraph 29 of the Complaint.

30. Merck denies each and every allegation contained in paragraph 30 of the Complaint, including subparts (a) – (d).

31. Merck denies each and every allegation contained in paragraph 31 of the Complaint.

Regarding the unnumbered Prayer for Relief paragraph following paragraph 31 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiff is seeking damages, but it denies that there is any legal or factual basis for her claims.

### ANSWER TO "COUNT THREE – Breach of Warranty of Merchantability"

32. With respect to the allegations contained in paragraph 32 of the Complaint, Merck repeats and re-alleges each and every admission, denial, allegation, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33. The allegations contained in paragraph 33 of the Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck denies each and every

allegation contained in said paragraph.

34. Merck denies each and every allegation contained in paragraph 34 of the Complaint.

35. Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36. Merck denies each and every allegation contained in paragraph 36 of the Complaint.

Regarding the unnumbered Prayer for Relief paragraph following paragraph 36 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiff is seeking damages, but it denies that there is any legal or factual basis for her claims.

### ANSWER TO "COUNT FOUR – Negligence"

37. With respect to the allegations contained in paragraph 37 of the Complaint, Merck repeats and re-alleges each and every admission, denial, allegation, and statement contained in paragraphs 1 through 36 of this Answer with the same force and effect as though set forth here in full.

38. Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck denies each and every allegation contained in said paragraph.

40. Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41. Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42. Merck denies each and every allegation contained in paragraph 42 of the Complaint.

Regarding the unnumbered Prayer for Relief paragraph following paragraph 42 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiff is seeking damages, but it denies that there is any legal or factual basis for her claims.

### ANSWER TO "COUNT FIVE – Wantonness"

43. With respect to the allegations contained in paragraph 43 of the Complaint, Merck repeats

and re-alleges each and every admission, denial, allegation, and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44. Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45. The allegations contained in paragraph 45 of the Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck denies each and every allegation contained in said paragraph.

46. Merck denies each and every allegation contained in paragraph 46 of the Complaint, including subparts (a) – (d).

47. Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48. Merck denies each and every allegation contained in paragraph 48 of the Complaint.

Regarding the unnumbered Prayer for Relief paragraph following paragraph 48 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiff is seeking damages, but it denies that there is any legal or factual basis for her claims, specifically denies that plaintiff is entitled to punitive damages, and affirmatively avers that plaintiff has failed to state a claim for punitive damages.

### ANSWER TO "COUNT SIX – Fraud, Misrepresentation and Suppression"

49. With respect to the allegations contained in paragraph 49 of the Complaint, Merck repeats and re-alleges each and every admission, denial, allegation, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50. Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51. Merck denies each and every allegation contained in paragraph 51 of the Complaint, including subparts (a) – (e).

52. Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53. Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54. Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55. Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56. The allegations contained in the first sentence of paragraph 56 of the Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck denies each and every allegation contained in said sentence. Merck denies each and every allegation in contained in the second sentence of paragraph 56 of the Complaint.

57. The allegations contained in paragraph 57 of the Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck denies each and every allegation contained in said paragraph.

58. Merck denies each and every allegation contained in paragraph 58 of the Complaint.

Regarding the unnumbered Prayer for Relief paragraph following paragraph 58 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck admits that the plaintiff is seeking damages, but it denies that there is any legal or factual basis for her claims, specifically denies that plaintiff is entitled to punitive damages, and affirmatively avers that plaintiff has failed to state a claim for punitive damages.

### ANSWER TO "CLAIM FOR DAMAGES"

With respect to unnumbered the allegations contained in this section of the Complaint, including subparts (a) – (i), Merck admits that plaintiff purports to seek damages but denies that there is any factual or legal basis to support the relief sought, specifically denies that plaintiff is entitled to punitive damages, and affirmatively avers that plaintiff has failed to state a claim for punitive damages.

### **AFFIRMATIVE DEFENSES**

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient

particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck incorporates any applicable affirmative defenses or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

Further answering and by way of additional defense, Merck states as follows:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Each and every claim asserted or raised in the Complaint is barred by the applicable statue of limitations and is otherwise untimely.

3. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, laches, or statutory and regulatory compliance.

4. If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other independent, intervening or superseding cause or causes over which Merck had no control. Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by plaintiff, and thereby become the immediate and/or sole proximate or producing cause of such occurrence and injuries.

5. To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

6. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration ("FDA") under 52 Stat. 1040, 21 U.S.C. § 301, and because Merck has complied with all requirements of the FDA.

7. Plaintiff's claims are barred in whole or in part by the First Amendment to the United States and Tennessee Constitutions.

8. To the extent plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck had no contact with plaintiff and no duty to communicate warnings to plaintiff.

9. Any warnings that Merck gave were transmitted to the prescribing physician and/or health-care providers and, under the learned-intermediary doctrine as applied in Tennessee, Merck's only obligation is to warn the prescribing physician and/or health-care providers and said obligation was fulfilled.

10. Plaintiff's claims are barred by the intervention of a learned-intermediary or intermediaries whose acts, omissions or fault are the cause of plaintiff's injuries, damages or losses, if any.

11. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other Merck drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

12. If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration f, or exposure to any drug or

pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

13. If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the negligence of the allegedly injured plaintiff or third parties, and damages, if any, must be reduced proportionately or barred.

14. If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

15. If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this defendant is not responsible.

16. If plaintiff sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

17. Plaintiff's claims are barred in whole or in part because Vioxx is a prescription medication which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) of Torts.

18. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

19. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of

Torts: Product Liability.

20. To the extent that plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or because the alleged warranties were disclaimed.

21. The Complaint fails to state a claim for which relief may be granted for punitive damages, exemplary or treble damages.

22. To the extent that plaintiff seeks punitive, exemplary or treble damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

23. To the extent that plaintiff seeks punitive, exemplary or treble damages for an alleged act or omission of Merck, no act or omission was intentional, malicious, fraudulent or reckless and, therefore, any award of punitive, exemplary or treble damages is barred.

24. Plaintiff's demand for punitive, exemplary or treble damages is barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

25. An award of punitive, exemplary or treble damages without bifurcating the trial as to all alleged punitive damages would violate Merck's due process rights under the United States Constitution, therefore Merck moves for bifurcation on the issue of punitive damages.

26. Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United Sates Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of

proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

e. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

27. To the extent that plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

28. To the extent that plaintiff demands punitive damages, such demand is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

29. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured, barring plaintiff's recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

30. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

31. If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff's misuse or abuse of Vioxx barring recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

32. Plaintiff's claims are barred because Vioxx was neither defective nor unreasonably dangerous in its design, manufacture or marketing at the time it left Merck's hands, and was at all times reasonably safe and reasonably fit for its intended use, thereby barring plaintiff's recovery pursuant to the at the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

33. To the extent the plaintiff's claims are based upon any theory of product liability, they are barred or limited by Tennessee's Product Liability Act, Tenn. Code Ann. §29-28-101 *et seq.*, and Merck affirmatively asserts all defenses available therein.

34. To the extent plaintiff is seeking recovery for benefits he may be entitled to receive or have actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

35. Any liability that might otherwise be imposed upon this defendant is subject to reduction or bar by the application of the doctrine of comparative fault.

36. To the extent plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

37. To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Tennessee law.

38. Plaintiff's claims are barred, in whole or in part, by her failure to prevent or mitigate the damages.

39. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

40. The claims of plaintiff may be time-barred, in whole or in part, under applicable statutes of repose.

41. The claims of plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

42. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

43. Plaintiff has not sustained any injury or damages compensable at law.

44. Merck reserves it right to dismiss the Complaint and seek further relief for plaintiff's failure to provide it with due process of law.

45. The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was at the time of distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

46. Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

47. If plaintiff sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God, or were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

48. Each and every claim asserted or raised in the Complaint is barred, in whole or in part, from recovery because of the res judicator effect of prior judgments.

49. Each and every claim in the Complaint is barred by the doctrine of payment and release.

50. The benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

51. Plaintiff has failed to join all necessary and indispensable parties.

52. The extent of any risk associated with the use of Vioxx, the existence of which risk is not admitted, was, at the time of the distribution of the product, unknown and could not have been known by the use of ordinary care by Merck.

53. Plaintiff knew of the existence of any risks complained of in the Complaint, realized and appreciated the possibilities of injury as a result of the risk, and having had a reasonable opportunity to avoid it, voluntarily exposed himself to the risk.

54. At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm

without substantially impairing the usefulness of the product.

55. Merck made no express or implied representations or warranties of any kind to plaintiff, nor did plaintiff rely on any representations or warranties made by Merck. To the extent plaintiff relied upon and representations or warranties, such reliance was unjustified.

56. Merck did not breach any duty of care to plaintiff.

57. To the extent plaintiff seeks to assert claims based upon allegations of fraud, such claims are barred by reason of plaintiff's failure to allege fraud with the particularity required by the Federal and Tennessee Rules of Civil Procedure.

58. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck herby reserves the right to amend its answer to assert any such defense.

WHEREFORE, Merck denies any and all liability to plaintiff, and respectfully demands judgment dismissing plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

## MERCK'S JURY DEMAND

Merck hereby requests a trial by jury.

                              Respectfully submitted,

                              */s/ Dorothy H. Wimberly*
                              Phillip A. Wittmann, 13625
                              Dorothy H. Wimberly, 18509
                              Carmelite Bertaut, 3054
                              Stone Pigman Walther Wittman L.L.C.
                              546 Carondelet Street
                              New Orleans, Louisiana 70130
                              Telephone:  (504) 581-3200
                              Fax:        (504) 581-3361

                              Defendant's Liaison Counsel

                              Charles C. Harrell
                              Lisa M. Martin
                              Attorneys For Defendants
                              Butler, Snow, O'Mara,
                              Stevens & Cannada, PLLC
                              6075 Poplar Avenue, Suite 500
                              Memphis, Tennessee 38119
                              Telephone:  (901) 680-7200
                              Facsimile:  (901) 680-7201

                              Counsel for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Affirmative Defenses of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail upon all parties by electronically uploading same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 5th day of January, 2006.

_Dorothy A. Wimber_

Jackson 1181462v.1