FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -6  PM 4: 0 1

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL No. 1657 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:**  *Marilyn Ruffino et al. v. Merck & Co., Inc.,* **Case No. 05-5443.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

## RESPONSE TO COMPLAINT

## RESPONSE TO "NATURE OF CASE"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

Fee_____
Process_____
X  Dktd_____
____ CtRmDep_____
____ Doc. No_____

## RESPONSE TO
## "JURISDICTION AND VENUE"

2.     The allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is a New Jersey corporation.  Merck further admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for said relief.

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

## RESPONSE TO
## "PARTIES"

4.     Denies each and every allegation contained in paragraph 4 of the Complaint, including its subparts (1) through (6), as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

5.      Admits the allegation contained in paragraph 5 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

## RESPONSE TO
## "GENERAL ALLEGATIONS"

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Merck is authorized to do business in Louisiana.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

10.      Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that Plaintiffs purport to seek medical monitoring relief but denies that there is any legal or factual basis for such relief.

11.     Admits the allegation contained in paragraph 11 of the Complaint that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs").

12.     Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that on September 30, 2004, Merck voluntarily withdrew Vioxx from the worldwide market.   Merck avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking placebo and given the availability of alternate therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interest of patients.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

15.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 15 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

## RESPONSE TO "COUNT I: PRODUCT LIABILITY: DEFECTIVE DESIGN (INCLUDING STRICT LIABILITY, LA R.S. 9:2800.56 AND/OR NJSA 2A:58C-2 *et seq.*)

18.     With respect to the allegations contained in paragraph 18 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 17 of this Answer with the same force and effect as though set forth here in full.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in the first sentence of paragraph 22 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 22 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

27.     The allegations contained in paragraph 27 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

### RESPONSE TO "COUNT II: PRODUCT LIABILITY:
### FAILURE TO WARN (INCLUDING STRICT LIABILITY, LA R.S. 9:2800.57
### AND/OR NJSA 2A:58C-2 *et seq.*)

30.     With respect to the allegations contained in paragraph 30 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31.     The allegations contained in paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 31 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

32.     The allegations contained in paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 32 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

### RESPONSE TO
### "COUNT III: REDHIBITION"

38.     With respect to the allegations contained in paragraph 38 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 40 of the Complaint,

and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     The allegations contained in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT IV:**
**NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A 56:8-2 *et seq.*)**
**(AND/OR OTHER APPLICABLE STATUTORY REMEDIES)**

46.     With respect to the allegations contained in paragraph 46 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 45 of this Answer with the same force and effect as though set forth here in full.

47.     The allegations contained in paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 47 of the Complaint,

and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

48.    Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

49.    The allegations contained in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 49 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

50.    Denies each and every allegation contained in paragraph 50 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

51.    Denies each and every allegation contained in paragraph 51 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

52.    Denies each and every allegation contained in paragraph 52 of the Complaint.

53.    Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 54 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 54 of the Complaint.

55.     The allegations contained in paragraph 55 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT V: NEGLIGENCE"

65.     With respect to the allegations contained in paragraph 65 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.

66.     The allegations contained in paragraph 66 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale, and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint, including its subparts (a) through (p), except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

**RESPONSE TO
"COUNT VI: NEGLIGENCE PER SE"**

73.     With respect to the allegations contained in paragraph 73 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth here in full.

74.     The allegations contained in paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale, and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 76 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     The allegations contained in paragraph 78 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 78 of the Complaint, including its subparts (a) through (e).

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

### RESPONSE TO
### "COUNT VII: BREACH OF EXPRESS WARRANTY"

80.     With respect to the allegations contained in paragraph 80 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 79 of this Answer with the same force and effect as though set forth here in full.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was

approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

82.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 82 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 82 of the Complaint.

83.    Denies each and every allegation contained in paragraph 83 of the Complaint.

## RESPONSE TO
## "COUNT VIII: FRAUD BY CONCEALMENT"

84.    With respect to the allegations contained in paragraph 84 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85.    Denies each and every allegation contained in the first sentence of paragraph 85 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  The allegations contained in the second sentence of paragraph 85 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 85 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

86.    Denies each and every allegation contained in paragraph 86 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information

contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint.

## RESPONSE TO
## "COUNT IX: NEGLIGENT MISREPRESENTATION"

89.     With respect to the allegations contained in paragraph 89 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 88 of this Answer with the same force and effect as though set forth here in full.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 94 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint.

## RESPONSE TO
## "COUNT X: BREACH OF IMPLIED WARRANTY"

96.     With respect to the allegations contained in paragraph 96 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth here in full.

97.     The allegations contained in paragraph 97 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 97 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

98.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 98 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 98 of the Complaint.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint.

## RESPONSE TO
## "LOSS OF CONSORTIUM"

101.    With respect to the allegations contained in paragraph 101 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 100 of this Answer with the same force and effect as though set forth here in full.

102.    Denies each and every allegation contained in paragraph 102 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DAMAGES"

103.    Denies each and every allegation contained in paragraph 103 of the Complaint, including its unnumbered subparts.

104.    Denies each and every allegation contained in paragraph 104 of the Complaint, except admits that Plaintiffs purport to seek exemplary and punitive damages but denies that there is any legal or factual basis for such relief.

105.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 105 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 105 of the Complaint, except admits that Plaintiffs purport to seek medical monitoring relief but denies that there is any legal or factual basis for such relief.

106.   Denies each and every allegation contained in paragraph 106 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "JURY DEMAND"

107.   The allegations contained in paragraph 107 of the Complaint are legal conclusions as to which no responsive pleading is required.

### RESPONSE TO
### "PRAYER FOR RELIEF"

108.   The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer For Relief" constitute a prayer for relief as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 4, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

109.   The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

110.   The Plaintiffs and/or Decedents were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedents.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

111.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La. Rev. Stat. § 9:2800.51, *et seq.*

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

112.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

113.    The Plaintiffs and/or Decedents failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

114.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

115.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

116.    The claims of the Plaintiffs are barred in whole or in part under comment

k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

117.    The claims of the Plaintiffs are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

118.    The claims of the Plaintiffs are barred under Section 4, et seq., of the

Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

119.    The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

**AS FOR A TWELFTH
DEFENSE, MERCK ALLEGES:**

120.    The  product  conformed  to  the  state-of-the-art  for  the  design  and

manufacture of such, or similar, products.

**AS FOR A THIRTEENTH
DEFENSE, MERCK ALLEGES:**

121.    The  claims  of  the  Plaintiffs  are  barred,  in  whole  or  in  part,  under  the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

122.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

123.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

124.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

125.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedents or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

126.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs and/or Decedents or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

127.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

128.    To the extent that Plaintiffs and/or Decedents rely upon any theory of breach of warranty, Plaintiffs and/or Decedents did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

129.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

130.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.  Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

131.   To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

132.   To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

133.   The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

134.   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiffs have failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

135.   The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

136.    To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

137.    Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

138.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

139.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  January __6__, 2006.

Respectfully submitted,

_Thomas Owen Jr_

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
                    Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069


Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
                    Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this __6th__ day

of January, 2006.

_Thomas Owen Jr_