FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -6 PM 3: 59

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Wanda Brinkley and Ronnie Brinkley v. Merck & Co., Inc.*, Case No. 05-4314.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint for Damages ("Complaint") as follows:

## RESPONSE TO COMPLAINT

## RESPONSE TO "PARTIES AND INTRODUCTORY FACTS"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

business at One Merck Drive, Whitehouse Station, New Jersey, manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that it is authorized to do business in Tennessee.

       3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

       4.     The allegations contained in the first sentence of paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

       5.     Denies each and every allegation contained in paragraph 5 of the Complaint.

**RESPONSE TO**
**"FACTUAL ALLEGATIONS"**

       6.     Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Vioxx is part of a class of drugs known as known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action for Vioxx, which reduces

2

pain and inflammation, is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

7.    Denies each and every allegation contained in paragraph 7 of the Complaint and avers that the U.S. Food & Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  Merck further admits that 2003 Vioxx worldwide sales figures exceeded $2 billion.

8.    Denies each and every allegation contained in paragraph 8 of the Complaint.

9.    Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO**
**"A.  MERCK'S PRO-MARKET KNOWLEDGE OF VIOXX'S**
**CARDIOTOXICITY AND PROTHROMBOTIC EFFECTS."**

10.    Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

11.    Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998, and that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

### RESPONSE TO "B.  THE VIOXX GASTROINTESTINAL RESEARCH ('VIGOR') STUDY"

15.     Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that the VIGOR study involving Vioxx and the referenced presentation exists, and it respectfully refers the Court to the study and presentation for their actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $2 billion in 2000.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits the existence of the journal and article referenced in the second sentence of paragraph 23 of the Complaint and the press release referenced in the third sentence of paragraph 23 of the Complaint, and respectfully refers the Court to said documents for their actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits the existence of the referenced journal and the article contained therein, and respectfully refers the Court to said document for its actual language and full text.

26.    Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that the study referenced in the first sentence of paragraph 26 of the Complaint exists, and it respectfully refers the Court to the study for its actual language and full text.  Merck further avers that the Plaintiffs purport to quote a Merck press release but avers that the quote is taken out of context.  Merck respectfully refers the Court to the press release for its actual language and full text.

27.    Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

28.    Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, and respectfully refers the Court to the referenced letter for its actual language and full text.

29.    Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the referenced publication and article contained therein exist, and it respectfully refers the Court to the referenced document, Ray W.A., et al., "Cox-2 Selective Nonsteroidal Anti-Inflammatory Drugs and Risk of Serious Coronary Heart Disease:  An Observational Study," Lancet 2002 Jan 12;359:118-123, for its actual conclusions and full text.

30.    Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that the presentation and study referenced in paragraph 30 of the Complaint exist and respectfully refers the Court to the presentation and study for their actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except it admits that the study referenced in paragraph 33 of the Complaint exists and respectfully refers the Court to the study for its actual language and full text.  Merck further admits that on September 30, 2004, it announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking a placebo, and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

### RESPONSE TO "C.  POST-WITHDRAWAL CONFIRMATION OF VIOXX'S CARDIOTOXICITY"

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except it admits that the analysis referenced in paragraph 35 of the Complaint exists and respectfully refers the Court to the analysis for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except it admits that the analysis and studies referenced in paragraph 36 of the

Complaint exists and respectfully refers the Court to the analysis and studies for their actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint and respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting

for their actual language and full text.  Merck further avers that the FDA has not announced whether it will accept the committee's recommendations.

**RESPONSE TO**
**"COUNT ONE (NEGLIGENCE)"**

44.     With respect to the allegations contained in paragraph 44 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 43 of this Answer with the same force and effect set forth here in full.

45.     The allegations contained in paragraph 45 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

46.     The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

48. Denies each and every allegation contained in paragraph 48 of the Complaint and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

49. Denies each and every allegation contained in paragraph 49 of the Complaint, including its subparts a through m, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was FDA-approved as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

50. Denies each and every allegation contained in paragraph 50 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

51. Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

55.     The allegations contained in paragraph 55 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 55 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "COUNT TWO (PRODUCTS LIABILITY)"

56.     With respect to the allegations contained in paragraph 56 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 55 of this Answer with the same force and effect set forth here in full.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

60.   Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

61.   Denies each and every allegation contained in paragraph 61 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

62.   Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

63.   Denies each and every allegation contained in paragraph 63 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

64.   Denies each and every allegation contained in paragraph 64 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

67.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity if the allegations not directed toward Merck in paragraph 67 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 67 of the Complaint.

68.     The allegations contained in paragraph 68 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 68 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO
"COUNT THREE (FRAUD)"**

69.     With respect to the allegations contained in paragraph 69 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 68 of this Answer with the same force and effect set forth here in full.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and

respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity if the allegations not directed toward Merck in paragraph 79 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 79 of the Complaint.

80.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity if the allegations not directed toward Merck in paragraph 80 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

83.     The allegations contained in paragraph 83 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 83 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT FOUR
### (BREACH OF WARRANTIES (EXPRESS AND IMPLIED))"

84.     With respect to the allegations contained in paragraph 84 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information

15

contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

86.     The allegations contained in paragraph 86 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 86 of the Complaint, including its subparts (a) through (f), except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information

contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint, including its subparts (a) through (c), except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint.

95.     The allegations contained in paragraph 95 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 95 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## <u>"COUNT FIVE (UNJUST ENRICHMENT)"</u>

96.     With respect to the allegations contained in paragraph 96 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth here in full.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

100.     Denies each and every allegation contained in paragraph 100 of the Complaint.

101.     The allegations contained in paragraph 101 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 101 of the Complaint.

102.     The allegations contained in paragraph 102 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 102 of the Complaint, except

admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT SIX (LOSS OF CONSORTIUM)"**

103.   With respect to the allegations contained in paragraph 103 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 102 of this Answer with the same force and effect set forth here in full.

104.   Denies each and every allegation contained in paragraph 104 of the Complaint, including its subparts (a) through (d), except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

105.   Denies each and every allegation contained in paragraph 105 of the Complaint, except admits that Plaintiffs purport to reserve the right to amend their Complaint.

**RESPONSE TO**
**"PRAYER FOR RELIEF"**

106.   The allegations contained in the final, unnumbered "Wherefore" paragraph under the heading "Prayer for Relief" constitute a prayer for relief as to which no response is required.   Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 8, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

107.   The statements contained in the "Demand for Jury Trial" are not allegations, and therefore no responsive pleading is required.

19

**AS FOR A FIRST
DEFENSE, MERCK ALLEGES:**

108.    The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND
DEFENSE, MERCK ALLEGES:**

109.    The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

**AS FOR A THIRD
DEFENSE, MERCK ALLEGES:**

110.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH
DEFENSE, MERCK ALLEGES:**

111.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FIFTH
DEFENSE, MERCK ALLEGES:**

112.    The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

**AS FOR A SIXTH
DEFENSE, MERCK ALLEGES:**

113.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

**AS FOR A SEVENTH
DEFENSE, MERCK ALLEGES:**

114.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

115.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

116.    The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

117.    The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

118.    The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

**AS FOR A TWELFTH
DEFENSE, MERCK ALLEGES:**

119.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

120.    The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

121.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

122.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

123.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

124.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

125.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

126.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

127.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

128.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

129.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

130.   To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

131.   To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

132.   To the extent that Plaintiffs assert claims against Merck for punitive damages, such claims are barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

133.   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their

24

claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

134.    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

135.    To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

136.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

137.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

138.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

　　　　　**WHEREFORE**, defendant, Merck, prays for judgment as follows:

　　　　　1.　　　That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

　　　　　2.　　　Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

　　　　　3.　　　Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  January  6  , 2006.

Respectfully submitted,

_Richard C. Stanley, 8487_
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
                  Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
                  Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this  6th  day

of January, 2006.