

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE:<br>    VIOXX PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To: 2:05-cv-01034-EEF-DEK | MDL No. 1657<br><br>SECTION: L<br><br>Judge Fallon<br>Magistrate Judge Knowles |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT MEDICINE SHOPPE INTERNATIONAL, INC.'S MOTION TO DISMISS

COME NOW Plaintiffs by and through their undersigned attorneys, Simon Passanante, and for their Memorandum in Opposition to Defendant Medicine Shoppe International, Inc.'s Motion to Dismiss, state as follows:

### INTRODUCTION

Plaintiffs filed a twelve-count petition against Merck & Co, Inc. and Medicine Shoppe International, Inc. on December 30, 2004, which was subsequently removed to the United States District Court for the Eastern District of Missouri and transferred the Eastern District of Louisiana for MDL proceedings. Plaintiffs assert five claims specifically against Defendant Medicine Shoppe ("Defendant"): breach of warranty (Count VII), negligence (Count VI),



1

deceptive practices under the Missouri Merchandising Practices Act ("MMPA") (Count VIII), strict product liability (Count III)[1], and conspiracy (Count XII). On July 14, 2005, Defendant filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiffs failed to state a cause of action under every count of their petition asserted against Defendant. However, because Plaintiffs sufficiently pleaded each of their causes of action against Defendant under Rule 12(b)(6), this Court should **DENY** Defendant's Motion to Dismiss.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is proper only when a plaintiff failed to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Dismissal may not be granted unless "it appears beyond doubt that Plaintiff can prove 'no set of facts' in support of her claim." *United States v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957)). "The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005).

Based on the following, the Court should find that Plaintiffs' complaint is sufficient to withstand Defendant's Motion to Dismiss because they have stated a claim on which relief may be granted for breach of warranty, negligence, violation of the MMPA, and civil conspiracy against Defendant Medicine Shoppe.

---

[1] On January 4, 2006, Plaintiffs voluntarily dismissed their strict product liability claim (Count III) against Defendant Medicine Shoppe International, Inc.

I.  **Plaintiffs Adequately Set Forth A Cause Of Action For Breach Of Warranty Under Both Missouri And Kansas Law.**

In Count VII, Plaintiffs sufficiently allege that Defendant breached the implied warranty of merchantability. In both Kansas and Missouri, the implied warranty of merchantability applies to the sale of goods, which are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities . . . and things in action." Mo. Rev. Stat. § 400.2-105; KAN. STAT. ANN. § 84-2-105. Neither Missouri nor Kansas has interpreted their commercial statutes to preclude pharmacy sales of prescription drugs from the definition of sale of goods, which would prevent pharmacists from ever being liable for breach of implied warranty of merchantability.

Further, other jurisdictions have found that pharmacists could be liable for breach of implied warranty of merchantability. In *Fagan*, the court upheld a claim for breach of implied warranty of merchantability where the prescription drug in question was defective. *Fagan v. Amerisourcebergen Corp.*, 356 F. Supp. 2d 198, 216 (E.D.N.Y. 2004). In *Kaspirowitz*, the court stated that if plaintiff had alleged that the drug in question was defective, plaintiff would have stated a cause of action for breach of implied warranty of merchantability. *Kaspirowitz v. Schering Corp.*, 175 A.2d 658, 662 (N.J. Super. Ct. App. Div. 1961). Here, Plaintiffs allege in their complaint that the drug was defective (Pl. Comp. ¶ 109). Based on the notice pleading standards of Rule 12(b)(6), this is sufficient, and Plaintiffs may assert a cause of action for breach of implied warranty of merchantability.

Defendants argue that the court should find that pharmacists are not liable for breach of implied warranty of merchantability because under the Missouri Heath Care Provider Statute, MO. REV. STAT. § 538.205, which addresses *tort* actions based on improper health care, their

3

activities are considered health care *services*—because they are services, they cannot be sales of goods. However, statutory definitions are meant to apply only to the relevant statute in which they are found in order to carry out the aims and purposes of that statute. Specifically, § 538.205 states that the definitions listed should only be used for that act. That act is aimed at regulating the liability of health care providers for torts based on improper healthcare, not at regulating commercial transactions.

Under Defendant's logic, definitions from anywhere in the Missouri Revised Statutes could be used to interpret the commercial code. Thus, the definition of merchandise, or goods, under the Missouri Merchandising Practices Act ("MMPA"), MO. REV. STAT. § 407.010 *et seq.*, may also be used to interpret the definition of goods under the commercial code. Under that Act, "medical goods and services meet the statutory definition of merchandise." *Freeman Health Sys. v. Wass*, 124 S.W.3d 504, 507 (Mo. App. S.D. 2004). Applying that definition, a pharmacy filling prescriptions would qualify as a sale of goods under the commercial code.

Interpreting terms under one statutory act by using terms from another statutory act, as shown above, will lead to an irrational result. Under one interpretation, a pharmacy filling a prescription would be considered a service, and under another interpretation, it would constitute a sale of goods. Therefore, to avoid an irrational result, the court should turn to the words of the commercial code alone to decide whether a pharmacy may be liable for breach of implied warranty of merchantability. The sale of goods under the commercial code does not exclude pharmacies filling prescriptions, nor do any Missouri or Kansas cases interpreting the code. Therefore, the court should find that pharmacies are not shielded from liability for breach of implied warranty because filling prescriptions does constitute a sale of goods. Plaintiffs have

4

sufficiently pleaded a cause of action against Defendant for breach of implied warranty, and the court should thus uphold this claim.

## II. Plaintiffs' Negligence Claim Should Be Upheld Because Defendant Had A Duty To Warn.

The court should not dismiss Plaintiffs' negligence claim because, contrary to Defendant's assertions, Defendant does have a duty to warn. Duty is an essential element of negligence, and thus for a plaintiff to recover on a theory of negligence, a defendant must owe a duty to that plaintiff. *See Horner v. Spalitto*, 1 S.W.3d 519, 522 (Mo. App. W.D. 1999). In *Horner*, the court revisited a past Missouri decision holding that pharmacists had no duty to warn. *Id*. The court stated that the original decision "miscomprehended duty" and that pharmacists' duty "was to exercise the care and prudence that a reasonably careful and prudent pharmacist would exercise in the same or similar circumstances . . . ." *Id*. Further, the court went on to state that it was up to the fact-finder to decide the duty required of a pharmacist in a certain case, and thus, summary judgment was inappropriate. *Id*.

Other jurisdictions have also held that pharmacists owe a duty to customers. In *Lasley*, the court specifically rejected the theory that pharmacists had no duty to warn as a matter of law. *Lasley v. Shrake's Country Club Pharmacy*, 880 P.2d 1129, 1132 (Az. Ct. App. 1994). Rather, the court held that the determination of the standard of a conduct in a particular situation was one for the trier of fact. *Id*. In *Riff*, the court emphasized:

> A pharmacist is a professional. In the performance of his professional duties he will be held to the standard of care, skill, and intelligence which ordinarily characterizes the profession. Public policy requires that pharmacists who prepare and dispense drugs and medicines for the use in the human body must be held responsible for the failure to exercise the degree of care and vigilance commensurate with the harm which would likely result from relaxing it.

*Riff v. Morgan Pharmacy*, 508 A.2d 1247, 1251 (Pa. Super. Ct. 1986). In *Dooley*, the court also stressed the difference between duty and standard of care. *Dooley v. Everett*, 805 S.W.2d 380, 383–84 (Tenn. Ct. App. 1990). "[I]n negligence cases, duty is always the same—to conform to the legal standard of reasonable conduct in the light of the apparent risk. What the defendant must do or must not do, is a question of the standard of conduct required to satisfy the duty." *Id.* at 384 (quoting W. KEETON, PROSSER AND KEETON ON THE LAW OF TORTS § 53 (5th ed. 1984)). Whether a duty exists is a question of law; the scope of the standard of care, or conduct, is a question of fact. *Id.*

Both Missouri courts and courts of other jurisdictions have made it clear that pharmacists always have a duty in negligence cases. Although the scope of that duty may vary depending on the particular factual circumstances, Defendant cannot argue that it did not owe to Plaintiffs any duty to warn. Whether it the standard of care included a duty to warn is a question of fact, and thus Plaintiffs' cause of action cannot be dismissed for failing to state a claim under the federal notice pleading standard. Plaintiffs adequately allege in their petition that Defendant had a duty to warn. At this stage in the proceedings, that allegation is all that is required, and Defendant's motion to dismiss the negligence claim should be denied.

Defendant also argues that under Kansas law, pharmacists have no duty to warn. However, in *Nichols*, cited by Defendant, the court recognized that pharmacies did owe duties to their clients in some circumstances. *Nichols v. Central Merch., Inc.*, 817 P.2d 1131, 1133 (Kan. Ct. App. 1991) (noting that pharmacists owe a duty to accurately fill prescriptions and to be on notice for clear errors or mistakes in the prescription). As courts have clarified, pharmacies always owe a duty to the clients, and it is the standard of care that differs depending on the factual circumstances. Therefore, the different "duties" discussed by the *Nichols* court should be

considered a discussion of the different standards of care to which a pharmacist may be held. Therefore, because the motion before this court is only to judge the sufficiency of Plaintiffs' complaint and Plaintiffs have alleged that Defendants owed Plaintiffs a duty, Plaintiffs' negligence claim should not be dismissed.

### III.     Plaintiffs Have Sufficiently Stated A Cause Of Action Under The MMPA.

Plaintiffs' claim under the MMPA should not be dismissed because Plaintiffs have sufficiently pleaded a cause of action. The MMPA states:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice.

MO. REV. STAT. § 407.020. "Medical goods and services meet the statutory definition of merchandise . . . ." *Freeman*, 124 S.W.3d at 507. State consumer fraud statutes are also subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liability Litig.*, 966 F. Supp. 1525, 1536 (E.D. Mo. 1997). The particularity of a pleading depends on the type of case and should "identif[y] the defendants, their alleged misrepresentations, the asserted violations of the [law] and the time period in which these violations allegedly occurred." *FTC v. Hayes*, No. 4:96 CV 2162 SNL, 1997 WL 416380, at *2, *3 (E.D. Mo. Feb. 18, 1997).

In *Butler*, the court, comparing the plaintiffs' complaint with that in *Chevalier*, ruled that it did not meet the heightened pleading requirement of Rule 9(b). *Butler v. Rye*, 544 F. Supp. 143, 146–47 (W.D. Mo. 1982). Plaintiffs' complaint in *Butler* only alleged that "'misrepresentations were made to plaintiffs concerning the mortgage terms;' that those misrepresentations were 'participated in' by defendant . . . and that 'by nondisclosure of credit

7

terms as required by the [consumer protection statutes], [defendant] concealed the effect of the misrepresentation from plaintiffs." *Id.* at 146. In contrast, the complaint in *Chevalier* alleged that "the practice of charging interest in advance effectively raised [plaintiffs'] interest rates, finance charges and annual percentage rates, and that defendants concealed these increases from [plaintiffs] by the use of false and misleading . . . [d]isclosure [s]tatements." *Chevalier v. Baird Savs. Ass'n*, 66 F.R.D. 105, 107 (E.D. Penn. 1975) (cited in *Butler*, 544 F. Supp. at 146).

Here, Plaintiffs' MMPA count complies with the factors listed in *Hayes* and is pleaded with sufficient particularity like the fraud count in *Chevalier*. Plaintiffs specifically identify Defendant Medicine Shoppe with respect to this count. (Pl. Comp. ¶ 116). Plaintiffs petition alleges specifically that Defendant "communicated the purported benefits of Vioxx, while failing to disclose the serious and dangerous side effects related to the use of defendants' products, and . . . attempting to dodge or conceal issues of cardiovascular concern raised by health care providers . . . ." (Pl. Comp. ¶ 116). In addition, Plaintiffs include in their petition the time period in which each of them purchased Vioxx from Medicine Shoppe and were thus not informed of the extreme health risks resulting from the use of Vioxx. (Pl. Comp. ¶ 2). Contrary to Defendant's argument, Plaintiff has met the particularity requirements of pleading fraud under Federal Rule 9(b), and therefore, Plaintiffs' claim under the MMPA should not be dismissed.

## IV. Plaintiffs Have Sufficiently Pleaded a Cause of Action for Civil Conspiracy.

Because Plaintiffs have met the pleading requirements for a claim of civil conspiracy under both Missouri and Kansas law against Defendant, Count XII of their complaint should not be dismissed. Civil conspiracy is defined as "an agreement between two or more persons to perform an unlawful act, or to use unlawful means to do an act which is lawful." *Schott v. Beussink*, 950 S.W.2d 621, 627 (Mo. App. E.D. 1997); *see also Meyer Land & Cattle Co. v.*

*Lincoln County Conservation Dist.*, 31 P.3d 970, 976 (Kan. App. 2001). Missouri and Kansas courts have set forth the same elements to allege civil conspiracy: "1) two or more persons; 2) an object to be accomplished; 3) a meeting of minds on the object or course of action; 4) one or more unlawful acts; and, 5) damages." *Schott*, 950 S.W.2d at 627; *Meyer*, 31 P.3d at 976. "Unlawful" acts may include acts that are not criminal, such as breaching a contract. *Schott*, 950 S.W.2d at 628. However, in order for a claim of civil conspiracy to withstand scrutiny, it must be based on an "actionable underlying tort." *Meyer*, 31 P.3d at 976.

Defendant argues that because Plaintiffs do not adequately plead any of their underlying claims against Defendant, then Plaintiffs' claim for civil conspiracy must also fail. However, as demonstrated above Plaintiffs set forth actionable claims in both Missouri and Kansas. Under Missouri law, Plaintiffs adequately pleaded causes of action for breach of warranty of merchantablity, negligence, and violations of the MMPA. Under Kansas law, Plaintiffs sufficiently pleaded causes of action for breach of warranty of merchantability and negligence.

In addition, Plaintiffs have met each element required to plead civil conspiracy in their petition. First, Plaintiffs allege that each of the Defendants worked together in a common plan or scheme—a meeting of the minds. (Pl. Comp. ¶ 152). Second, Plaintiffs' complaint sets forth that the object to be accomplished was to sell Vioxx, a more profitable prescription drug, through misrepresentations about its risks and dangers. (Pl. Comp. ¶ 152). Third, Plaintiffs allege that Defendants agreed on a common course of action, including Defendant Medicine Shoppe, which was not to disclose material facts about the risks and dangers of Vioxx. (Pl. Comp. ¶ 153) Fourth, the unlawful act was not informing doctors and the public in general about the adverse effects of taking Vioxx, including concealing the results of incriminating studies and reports. (Pl.

Comp. ¶ 153) Fifth, Plaintiffs sustained actual injuries and monetary damages as a result. (Pl. Comp. ¶ 158).

Plaintiffs adequately allege that Defendant Medicine Shoppe was part of the conspiracy to withhold critical information from consumers about the dangerous health effects of Vioxx. Accordingly, Count XII should not be dismissed because it sets forth each element against Defendant Medicine Shoppe required in a claim of civil conspiracy.

### V. Defendant Medicine Shoppe International May Be Liable for the Acts of its Retail Pharmacies.

Defendant argues that it is not liable for any of Plaintiffs' claims because it is only a franchisor of retail pharmacies and thus never sold any products to Plaintiffs. However, under both Missouri and Kansas law, franchisors do not enjoy an absolute bar from liability for torts of its franchisees. Missouri courts have held expressly that the mere fact that a party is a franchisor is not sufficient to release it from liability. *See Hare v. Cole*, 25 S.W.3d 617, 622 (Mo. App. W.D. 2000); *Balderas v. Howe*, 891 S.W.2d 871, 873 (Mo. App. W.D. 1995).

Kansas courts have not specifically decided the issue. However, Kansas courts, like Missouri courts, apply the control test as the correct standard by which to decide a question of agency—whether the principle has the right to control the agent. *See First Nat'l Bank of Denver v. Caro Constr. Co., Inc.*, 508 P.2d 516, 519 (Kan. 1973); *see also Bost v. Clark*, 116 S.W.3d 667, 676 (Mo. App. W.D. 2003). Therefore, presumably under Kansas law, a court would find that in situations where a franchisor exerted a high level of control over its franchisee, the franchisor would be liable for the tortious acts of its franchisee.

Only where sufficient undisputed facts exist regarding the nature of the principle-agent relationship will the principal's liability for the acts of its agent be a question of law. *Smoot v. Marks*, 564 S.W.2d 231, 236 (Mo. App. St. L. Dist. 1978) ("Generally, the relationship of

principal-agent . . . is a question of fact to be determined by the jury, when from the evidence adduced on the question, there may be a fair difference of opinion as to the existence of the relationship."); *Barbara Oil Co. v. Kan. Gas Supply Corp.*, 827 P.2d 24, 31–32 (Kan. 1992) ("The weight to be given evidence and resolution of conflicts therein are functions of the trier of facts in the determination of whether there is a relationship of principal and agent.").

Here, there are not sufficient facts at this stage in the proceedings to determine as a matter of law the Defendant was not liable for the acts of its franchisees. It is premature on a motion to dismiss to release Defendant from liability. Therefore, the court should deny Defendant's motion to dismiss because it may be liable for the acts of its franchisee retail stores.[2]

## CONCLUSION

Plaintiff has fully complied with the Federal Rules' requirements of pleading in his complaint. Plaintiffs have met the pleading standards to withstand the Rule 12(b)(6) motion for breach of warranty of merchantability, negligence, violation of the MMPA, and civil conspiracy. Further, it is premature at this stage in the proceedings to relieve Defendant Medicine Shoppe from liability for the actions of its retail stores merely because it is franchisor. Accordingly, Defendant's Motion to Dismiss for Failure to State a claim should be **DENIED**.

---

[2] In the alternative, if the court finds that Plaintiff has not adequately alleged an agency relationship under which Defendant Medicine Shoppe International may be held liable, Plaintiff seeks leave from the court to amend its petition pursuant to Fed. R. Civ. P. 15(a).

Respectfully Submitted:

*[signature]*

John G. Simon, #4371
Todd S. Hageman #51801
Simon Passanante, P.C.
701 Market Street, Ste. 1450
St. Louis, Missouri 63101
(314) 241-2929
(314) 241-2029 (fax)

James G. Onder, #5369
Onder, Shelton, O'Leary & Peterson, LLC
1015 Locust, Ste. 720
St. Louis, Missouri 63101
(314) 421-6565
(314) 421-4724 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served upon Liaison Counsel, Russ Herman and Phillip Wittman, via First Class U.S. mail, postage prepaid, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 4th day of January, 2006.

| | |
|---|---|
| Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Ave., Ste. 100<br>New Orleans, LA 70113<br>Email: rherman@hhkc.com<br>*Liaison Counsel for Plaintiffs*<br><br>Phillip A. Wittmann<br>Stone Pigman Walther Wittmann, LLP<br>546 Carondelet St.<br>New Orleans, LA 70130<br>Email: pwittmann@stonepigman.com<br>*Liaison Counsel for Defendants* | Stephen G. Strauss<br>Bryan Cave, LLP<br>211 North Broadway, Suite 3600<br>St. Louis, Missouri 63102-2750<br>Email: sgstrauss@bryancave.com<br>*Counsel for Defendant Merck & Co., Inc.*<br><br>Stephen Rovak<br>Debora Druley<br>Sonnenschein Nath & Rosenthal LLP<br>One Metropolitan Square, Suite 3000<br>St. Louis, Missouri 63102<br>Email: ddruley@sonnenschein.com<br>        srovak@sonnenschein.com<br><br>David A. Dick, Esq.<br>B. Matthew Struble, Esq.<br>Kelly Simon, Esq.<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101-1693<br>Email: ddick@thompsoncoburn.com<br>        mstruble@thompsoncoburn.com |

_/s/ [signature]_

Your transaction has been successfully submitted to LexisNexis File & Serve. Your transaction information appears below.
To print this information for your records, click anywhere on the transaction information, then click the browser Print button.
To perform another transaction, click **Begin a New Transaction.**
To exit File & Serve, click **Return to My File & Serve.**

## LexisNexis File & Serve Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 7770116 |
| **Submitted by:** | Todd Hageman, Simon Passanante PC |
| **Authorized by:** | Todd S Hageman, Simon Passanante PC |
| **Authorize and file on:** | Jan 4 2006 3:13PM CST |

| | |
|---|---|
| **Court:** | LA US District Court Eastern Division E-Service-Vioxx |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil-Vioxx |
| **Case Type:** | Product Liability-Pharmaceutical(4) |
| **Case Number:** | 2:05cv1034 |
| **Case Name:** | Bailey, George et al vs Merck & Co Inc et al |

| | |
|---|---|
| **Transaction Option:** | Serve Only - Public |
| **Billing Reference:** | Petition 7 |

**Documents List**
**1 Document(s)**
**Attached Document, 1 Pages   Document ID: 4895259**

| Document Type: | Access: | Transaction Fee: | Linked: |
|---|---|---|---|
| Reply | Submitted conventionally | $0.00 | |

**Document title:**
Plaintiffs' Memorandum in Opposition to Defendant Medicine Shoppe International Inc.'s Motion to Dismiss

Expand All

⊟ **Sending Parties (16)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Ashley, Virgil | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Bailey, George | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Bussman, Edward | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Coats, Mandi Simpson | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Hartzell, Myrna | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Huskey, Murilla | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Matustik, Carol | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Maycock, Brenda | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Montgomery, Jeanne | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| N/A | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Patek, Edward | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Schmidt, Pamela | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Sourles, Gwendolyn | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Teegarden, Theresa | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Throgmorton, John | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |
| Whitter, Larry | Plaintiff | Hageman, Todd S | Simon Passanante PC | Attorney in Charge |

⊟ **Recipients (8)**

  ⊟ **Service List (8)**

| Delivery Option | Party | Party Type | Attorney | Firm | Attorney Type | Method |
|---|---|---|---|---|---|---|
| Service | Medicine Shoppe International Inc | Defendant | Rovak, Stephen | Sonnenschein Nath & Rosenthal LLP-Saint Louis | Attorney in Charge | E-Service |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | Medicine Shoppe International Inc | Defendant | Dick, David | Thompson Coburn LLP | Attorney in Charge | E-Service |
| Service | Medicine Shoppe International Inc | Defendant | Struble, B Matthew | Thompson Coburn LLP | Attorney in Charge | E-Service |
| Service | Medicine Shoppe International Inc | Defendant | Druley, Debbie | Sonnenschein Nath & Rosenthal LLP-Saint Louis | Attorney in Charge | E-Service |
| Service | Merck & Co Inc | Defendant | Strauss, Stephen G | Bryan Cave LLP-St Louis | Attorney in Charge | E-Service |
| Service | Merck & Co Inc | Defendant | Wittmann, Phillip | Stone Pigman Walter Wittmann LLC | National Counsel | E-Service |
| Service | Plaintiffs Liaison Counsel | Plaintiff | Herman, Russ | Herman Herman Katz & Cotlar LLP | Co-Counsel | E-Service |
| Service | Sepko, Amy | Defendant | Soriano, Randy J | Bryan Cave LLP-St Louis | Attorney in Charge | E-Service |

⊟ Additional Recipients (0)

⊞ **Case Parties**

