*FILED*
*U.S. DISTRICT COURT*
*EASTERN DISTRICT OF LA*
*2006 JAN 10 PH 12: 11*
*LORETTA G. WHYTE*
*CLERK*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * MDL No. 1657 |
| | * |
| | * SECTION L |
| | * |
| | * JUDGE ELDON E. FALLON |
| | * |
| | * MAGISTRATE JUDGE |
| | * DANIEL E. KNOWLES, III |
| | * |
| | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO: *Regina Dudley, individually and as personal representative of the Estate of Arimentha Diane Dudley v. Merck & Co., Inc.*, Case No. 05-5551.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiff's Original Complaint ("Complaint") as follows:

## RESPONSE TO COMPLAINT

### RESPONSE TO "I. PARTIES"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No _____

business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it may be served as allowed by applicable state and/or federal law, which for individual actions in *In Re: Vioxx Products Liability Litigation*, MDL No. 1657, includes the procedures outlined in Pretrial Order No. 15 issued by Judge Eldon E. Fallon on May 31, 2005.

## RESPONSE TO
## "II.  JURISDICTION & VENUE"

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.  Merck further admits that it is a New Jersey corporation and that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "III.  FACTS"

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Vioxx® ("Vioxx"), which reduces pain and inflammation, is part

of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs").  Merck further admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that Vioxx, which is part of a class of drugs known as NSAIDs, reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

10.      Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that in May 1999 Merck received FDA approval to manufacture and

market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Merck has received communications from the FDA and respectfully refers the Court to the referenced communication for its actual language and full text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint, except admits the referenced articles exist and respectfully refers the Court to those articles for their actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, except admits the existence of the referenced studies and publications and respectfully refers the Court to the referenced studies and publications for their actual language and full text.  Merck further admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 14 and the article referenced in the second sentence of paragraph 14 exist, and respectfully refers the Court to said publications for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that the referenced system for adverse event reporting ("AERS") exists, although the reports on the system are not necessarily accurate, and various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events. Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the referenced studies exists and respectfully refers the Court to the referenced studies for their actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.    Denies each and every allegation contained the first, second, and third sentences of paragraph 21 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, and respectfully refers the Court to the referenced letter for its actual language and full text.  Merck denies each and every allegation contained in the fourth, fifth, and sixth sentences of paragraph 21 of the Complaint, except admits that the referenced articles exist and respectfully refers the Court to the referenced publications for their actual language and full text.  Merck denies each and every allegation contained in the seventh sentence of paragraph 21 of the Complaint.

22.    Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that the referenced studies and articles exist and respectfully refers the Court to those for those studies and articles for their actual language and full text.

23.    Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that the referenced articles exist and respectfully refers the Court to those articles for their actual language and full text.

25.    Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that in 2001 Vioxx achieved sales of $2.6 billion.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to the referenced study for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Merck avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

**RESPONSE TO
"IV.  COUNT 1- NEGLIGENCE"**

31.    With respect to the allegations contained in paragraph 31 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32.    Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

33.    The allegations contained in the first sentence of paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.  Merck denies each and every allegation contained in the second sentence of paragraph 33 of the Complaint, including its subparts (a) through (i), and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

34.    Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

**RESPONSE TO**
**"V.  COUNT 2- DESIGN DEFECT (N.J.S.A. 2A:58C-2, *ET. SEQ.*)"**

35.     With respect to the allegations contained in paragraph 35 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in the first sentence of paragraph 37 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 37 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

38.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 38 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 38 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

39.     The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

## RESPONSE TO
## "VI.  COUNT 3- MARKETING DEFECT
## FAILURE TO WARN (N.S.J.A. 2A:58C-2 *ET SEQ.*)"

42.     With respect to the allegations contained in paragraph 42 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 41 of this Answer with the same force and effect as though set forth here in full.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

44.     The allegations contained in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

## RESPONSE TO
## "VII.  COUNT 4- BREACH OF EXPRESS
## WARRANTIES (N.S.J.A. 12A:2-313 *ET SEQ.*)"

49.     With respect to the allegations contained in paragraph 49 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

51.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 51 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 51 of the Complaint.

52.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 52 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 52 of the Complaint and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

**RESPONSE TO**
**"VIII.  COUNT 4- MISREPRESENTATION & FRAUD (N.S.J.A. 56:8-2 *ET SEQ.*)"**

55.     With respect to the allegations contained in paragraph 55 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

57.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 57 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 57 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint, including its subparts (a) through (e).

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

**RESPONSE TO**
**"IX. COUNT 5 – WRONGFUL DEATH (N.J.S.A. 31-1 *ET SEQ*.)"**

60.     With respect to the allegations contained in the first paragraph 60 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61.     Denies each and every allegation contained in the first paragraph 61 of the Complaint.

62.   Denies each and every allegation contained in the first paragraph 62 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

63.   Denies each and every allegation contained in the first paragraph 63 of the Complaint, except admits that Plaintiff purports to seek damages, including punitive damages, but denies that there is any legal or factual basis for such relief.

64.   The allegations contained in the first paragraph 64 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first paragraph 64 of the Complaint, except admits that the Plaintiff purports to seek economic and other relief but denies there is any legal or factual basis for awarding such relief.

**RESPONSE TO**
**"X. COUNT 5 – SURVIVAL ACTION (N.J.S.A.  14-5 *ET SEQ.*)"**

65.   With respect to the allegations contained in the first sentence of the first paragraph 65 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.  Merck denies each and every allegation contained in the second sentence of the first paragraph 65 of the Complaint.

66.   Denies each and every allegation contained in the first paragraph 66 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

67.   Denies each and every allegation contained in the first paragraph 67 of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"XI.  DAMAGES"**

68.     With respect to the allegations contained in the second paragraph 60 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 67 of this Answer with the same force and effect as though set forth here in full.

69.     Denies each and every allegation contained in the second paragraph 61 of the Complaint, including its subparts (a) through (e), except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

70.     Denies each and every allegation contained in the second paragraph 62 of the Complaint, including its subparts (a) through (g), except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"XII.  EXEMPLARY DAMAGES"**

71.     With respect to the allegations contained in the third paragraph 62 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 70 of this Answer with the same force and effect as though set forth here in full.

72.     Denies each and every allegation contained in the second paragraph 63 of the Complaint.

73.     Denies each and every allegation contained in the second paragraph 64 of the Complaint.

74.     Denies each and every allegation contained in the second paragraph 65 of the Complaint.

75.     Denies each and every allegation contained in the second paragraph 66 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

76.     Denies each and every allegation contained in the first sentence of the second paragraph 67 of the Complaint.  The allegations contained in the second sentence of the second paragraph 67 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of the second paragraph 67 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "XIII.  FRAUDULENT CONCEALMENT/DISCOVERY RULE"

77.     The allegations contained in paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 68 of the Complaint.

78.     The allegations contained in the first sentence of paragraph 69 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.  Merck denies each and every allegation contained in the second, third, fourth, and fifth sentences of paragraph 69 of the Complaint.  The allegations contained in the sixth sentence of paragraph 69 of the Complaint are legal conclusions as to

which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the sixth sentence of paragraph 69 of the Complaint.

## RESPONSE TO
## "XIV.  PRAYER"

79.    The allegations contained in paragraph 70 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 70 of the Complaint, except admits that the Plaintiff purports to seek economic and other relief but denies there is any legal or factual basis for awarding such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

80.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

81.    The Plaintiff and/or Decedent was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff and/or Decedent.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

82.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

83.    To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws,

regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

84.    The Plaintiff and/or Decedent failed to exercise reasonable care to mitigate her alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

85.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

86.    To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty, to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

87.    The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

88.    The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

89.     The claims of the Plaintiff are barred under Section 4, et seq., of the

Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

90.     The claims of the Plaintiff are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

91     The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

92.     The claims of the Plaintiff are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

93.     If Plaintiff and/or Decedent has sustained injuries or losses as alleged in

the Complaint, such injuries or losses were only so sustained after Plaintiff and/or Decedent

knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the

consumption of, administration of, or exposure to any drug or pharmaceutical preparation

manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

94.     If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

95.     To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

96.     If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff and/or Decedent or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

97.     If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff and/or Decedent or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

98.     The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

99.     To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff and/or Decedent did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

100.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

101.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.  Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

102.    To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

103.    To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

104.    The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

105.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to her claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

106.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

107.    To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil Procedure.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

108.    Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

109.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

110.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  January 10, 2006.

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Vicki A. Elmer, 28569
          Of
STANLEY, FLANAGAN & REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co.,

Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and

e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same

to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 10th

day of January, 2006.