FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 12  PM 5: 18

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

05 md 1657

| | | |
|---|---|---|
| ROBERT CIFAX | * | CIVIL ACTION NO. 06-0011 |
| Plaintiff, | * | |
| versus | * | SECTION L |
| | * | |
| MERCK & CO., INC. AND | * | JUDGE FALLON |
| DR. ROBERT KESSLER | * | |
| DR. JOHN VOCKROTH | * | |
| Defendants. | * | MAGISTRATE JUDGE 3 |
| | * | |

************************************************************

## MOTION TO STAY TRANSFER TO MDL

**NOW INTO COURT,** through undersigned counsel, come plaintiff, Robert Cifax, who files this *Motion to Stay Transfer to MDL*. The defendants have improperly removed this case, attempting to take what is a legitimate state court claim, remove it to federal court, and have it transferred to an MDL, where it will remain for an extended period of time before being remanded to state court. The defendants' strategy is simply one of delay. Plaintiff's have contemporaneously filed a motion to remand. A motion to remand should be resolved before the MDL panel acts on a motion to transfer. Sptizfaden v. Dow Corning Corp., 1995 WL 662663 (E.D. La. 1995). It is anticipated that defense counsel oppose this motion.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

**WHEREFORE**, plaintiffs respectfully request that this Court GRANT plaintiff's *Motion to Stay Transfer to MDL*, pending a decision on plaintiff's *Motion to Remand*.

Respectfully submitted,

**ALLAN BERGER & ASSOCS., P.L.C.**

_____
**JOHN D. SILEO (#17797)**
**ALLAN BERGER (# 2977)**
4173 Canal Street
New Orleans, Louisiana 70119
(504) 486-9481
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of records by placing a copy in the Untied States mail, first class postage prepaid and properly addressed, and/or by facsimile transmission on this ___12___ day of ___January___, 2006.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT CIFAX | * | CIVIL ACTION NO. 06-0011 |
| Plaintiff, | * | |
| versus | * | SECTION L |
| | * | |
| MERCK & CO., INC. AND | * | JUDGE FALLON |
| DR. ROBERT KESSLER | * | |
| DR. JOHN VOCKROTH | * | |
| Defendants. | * | MAGISTRATE JUDGE 3 |
| | * | |

*************************************************************

## MEMORANDUM IN SUPPORT OF
## MOTION TO STAY TRANSFER TO MDL

Plaintiff in this case, Robert Cifax, a resident of Louisiana, filed this complaint against the defendants as a result of the decedent's use of Vioxx and subsequently suffered a stroke. VIOXX, generic name rofecoxib, which was researched, designed, developed, manufactured, marketed, promoted, advertised and distributed by defendant Merck & Co, Inc. for relief of pain and inflammation (swelling and soreness) in adults suffering from osteoarthritis, rheumatoid arthritis, short-term pain, menstrual pain, and migraine headaches; and in juveniles suffering from rheumatoid arthritis until the drug was finally recalled in late September 2004.

Plaintiff's have elected to seek redress in Louisiana state court and accordingly, confined the claim to Louisiana state court and, accordingly, confined the claim to

Louisiana state law causes of action: products liability, negligence, breach of warranty, redhibition and fraud/misrepresentation. The plaintiffs named as defendants the manufacturer of Vioxx and the practicing physician who treated plaintiff in Jefferson Parish, State of Louisiana, who at all times prescribed Vioxx to his/her patient and was charged with monitoring the patient while on this drug.

In removing this case, the defendants' are simply seeking to have this legitimate state court case transferred to a MDL, where it will remain for an extended period of time before being remanded to state court. The defendants' strategy is simply one of delay.

This court should grant plaintiff's *Motion to Stay Transfer to MDL*. Transfer of a case to another federal District Court should not be made unless the transferor District Court has jurisdiction of the subject matter of the case. Bancohio Corp. v. Fox, 516 F. Supp. 29 (6th Cir. 1975). A review of plaintiff's *Petition*, as well as the defendants' *Notice of Removal*, indicates that federal subject matter jurisdiction does not exist in this case. A district court should always determine *sua sponte* whether its subject matter jurisdiction has been properly invoked. Thomas v. Burlington Industries, Inc., 763 F. Supp. 1570, 1575 (S.D. Fla. 1991). Additionally, as Eastern District Judge noted, a "motion to remand should be resolved before the panel acts on the motion of transfer. . . ". Spitzfaden v. Dow Corning Corp., 1995 WL 68482 (E.D. La. 1996); Tortola Restaurants, L.P. v. Kimberly Clark Corp., 987 F. Supp. 1186 (N.D. Cal. 1997).

Plaintiffs respectfully request that this Court GRANT plaintiff's *Motion to Stay Transfer to MDL*, pending a hearing on plaintiff's *Motion to Remand* in this court.

Respectfully submitted,

**ALLAN BERGER & ASSOCS., P.L.C.**

_____
**JOHN D. SILEO (#17797)**
**ALLAN BERGER (# 2977)**
4173 Canal Street
New Orleans, Louisiana 70119
(504) 486-9481
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of records by placing a copy in the Untied States mail, first class postage prepaid and properly addressed, and/or by facsimile transmission on this __12__ day of __January__, 2006.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT CIFAX | * | CIVIL ACTION NO. 06-0011 |
| Plaintiff, | * | |
| versus | * | SECTION L |
| | * | |
| MERCK & CO., INC. AND | * | JUDGE FALLON |
| DR. ROBERT KESSLER | * | |
| DR. JOHN VOCKROTH | * | |
| Defendants. | * | MAGISTRATE JUDGE 3 |
| | * | |

*****************************************************************

## ORDER

Considering plaintiff's *Motion to Stay Transfer to MDL*,

IT IS HEREBY ORDERED that plaintiff's *Motion to Stay Transfer to MDL* is GRANTED, and this case shall not be transferred to MDL No. _____, pending a hearing on plaintiff's *Motion to Remand* in this Court.

Signed at New Orleans, Louisiana, this \_\_\_\_\_ day of _____, 2006.

_____
U.S. DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT CIFAX | * | CIVIL ACTION NO. 06-0011 |
|     Plaintiff, | * | |
| versus | * | SECTION L |
| | * | |
| MERCK & CO., INC. AND | * | JUDGE FALLON |
|   DR. ROBERT KESSLER | * | |
|   DR. JOHN VOCKROTH | * | |
|     Defendants. | * | MAGISTRATE JUDGE 3 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF HEARING

NOW INTO COURT, through undersigned counsel, comes plaintiff, who hereby provides notice to the defendants that plaintiff's *Motion Stay Transfer to MDL* is scheduled on February 15, 2006 at 9:00 a.m.

Respectfully submitted,

ALLAN BERGER & ASSOC., P.L.C.

_____
JOHN D. SILEO (# 17797)
**ALLAN BERGER** (# 2977)
4173 Canal St.
New Orleans, Louisiana 70119
(504) 486-9481
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by placing a copy in the United States mail, first class postage prepaid and properly addressed, and/or by facsimile transmission on this /2 day of January, 2006.