

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 12  PM 3: 52

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Miron A.* | * | JUDGE FALLON |
| *Costin and Georgeata S. Costin v.* | * | |
| *Merck & Co., Inc.* (E.D. La. Index No. | * | MAG. JUDGE KNOWLES |
| 05-6695) | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers the

Complaint and submits its Jury Demand as follows:

### RESPONSE TO "PARTIES"

1.     Merck denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained paragraph 1 of the Complaint.


2.     Merck denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained paragraph 2 of the Complaint.


3.     Merck admits that Merck is a New Jersey corporation with its principal place of

business at One Merck Drive, Whitehouse Station, New Jersey.



____ Fee_____
____ Process_____
__X_ Dktd_____
____ CtRmDep_____
____ Doc. No _____

4.    Merck admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx is the brand name for rofecoxib.

## RESPONSE TO "JURISDICTION AND VENUE"

5.    The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs state their claims are "in excess of $75,000 exclusive of interests and costs" but denies that there is any legal or factual basis for same.

6.    The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained paragraph 6 of the Complaint, except that Merck specifically denies that plaintiffs suffered any injury attributable to any conduct, act, or omission of Merck.  Merck further specifically denies that Merck withheld any material information regarding Vioxx.

7.    The allegations contained in the first and second sentences of paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 7 of the Complaint.  Merck denies each and every allegation contained in the third sentence of paragraph 7 of the Complaint.  The allegations contained in the fourth and fifth sentences of paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 7 of the Complaint.

## RESPONSE TO "FACTUAL BACKGROUND"

8.    Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that Vioxx is a selective COX-2 inhibitor, that Vioxx is part of a class of drugs known as NSAIDs, and that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

9.    Merck denies the allegations in paragraph 9 of the Complaint, except admits that Vioxx was prescribed to a substantial number of patients by health care providers and that sales figures exceeded $2 billion in 2003.

10.    Merck denies each and every allegation set forth in paragraph 10 of the Complaint.

11.    Merck denies each and every allegation contained in paragraph 11, and avers that on September 30, 2004 Merck announced that it would voluntarily withdraw Vioxx from the worldwide market.

12.    Merck denies each and every allegation set forth in paragraph 12 of the Complaint, except admits that Merck sough and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

13.    Merck denies each and every allegation set forth in paragraph 13 of the Complaint.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998 and received approval for Vioxx in May 1999.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Vioxx received a six-month priority review from the FDA based on its potential for a significant therapeutic advantage over existing approved drugs due to fewer gastrointestinal side effects, including bleeding, that the risk of side effects associated with Vioxx was investigated by conducting numerous trials, including trials involving endoscopies, and that the endoscopy studies showed that rofecoxib was associated with a lower risk of ulcers than ibuprofen 800 mg three times per day.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Merck denies each and every allegation in paragraph 18 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.     Merck denies each and every allegation in paragraph 19 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

20.    Merck denies each and every allegation in paragraph 20 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

21.    Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.    Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23.    Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that the studies referenced in sentence one of paragraph 23 exists, and respectfully refers the Court to said publication for the actual language and full text.

24.    Merck denies each and every allegation contained in paragraph 24 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

25.    Merck denies each and every allegation contained in paragraph 25 of the Complaint except admits that the study referenced in the second sentence of said paragraph, exists and respectfully refers the Court to the referenced study for its actual language and full text.  Merck admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

26.    Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that the referenced article and press releases exist and respectfully refers the Court to the referenced documents for their actual language and full text.

29.     Merck denies each and every allegation contained in the first sentence of paragraph 29 of the Complaint except admits that plaintiffs purport to quote a statement issued by Merck but avers that said statement is taken out of context.  Merck denies each and every allegation contained in the second sentence of paragraph 29 of the Complaint, except admits that the referenced press release exists and that plaintiffs purport to quote a portion of the full statement made by Merck and respectfully refers the Court to the referenced press release for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits the referenced publication and article contained therein exist and it respectfully refers the Court to the referenced document, Ray W.A., et al., "Cox-2 Selective Nonsteroidal Anti-Inflammatory Drugs and Risk of Serious Coronary Heart Disease: An Observational Study," *Lancet* 2002 Jan 12; 359: 118-123, for its actual conclusions and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that the presentation and study referenced in that paragraph exist, and it respectfully refers the Court to the presentation and study for their actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that the study referenced in that paragraph exists, and it respectfully refers the Court to the study for its actual language and full text.  Merck further admits that on September 30, 2004, it announced that in a prospective, randomized, placebo-controlled clinical trial, there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking a placebo, and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interest of patients.

36.     Merck denies each and every allegation in paragraph 36 of the Complaint except admits that the referenced article exists, and respectfully refers the Court to the referenced article for its actual language and full text.

37.     Merck denies each and every allegation in paragraph 37 of the Complaint except admits that the analysis referenced in this paragraph exists, and it respectfully refers the Court to the analysis for its actual language and full text.

38.     Merck denies each and every allegation in paragraph 38 of the Complaint except admits that the analysis and studies referenced in this paragraph exists, and it respectfully refers the Court to the analysis and studies for their actual language and full text.

39.     Merck denies each and every allegation in paragraph 39 of the Complaint except admits that the referenced study exists, and respectfully refers the Court to the referenced study for its actual language and full text.

40.     Merck denies each and every allegation in paragraph 40 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

42.     Merck denies each and every allegation in paragraph 42 of the Complaint except admits that Dr. David Graham testified before the Senate Finance Committee and plaintiffs purport to quote from this testimony, but respectfully refers the Court to the transcript of Dr. Graham's testimony before the Senate Finance Committee for its actual language and full text.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

44.    Merck denies each and every allegation in paragraph 44 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

45.    Merck denies each and every allegation in paragraph 45 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.  Merck further avers that the FDA has not announced whether it will accept the committee's recommendations.

## RESPONSE TO "PLAINTIFF MIRON COSTIN"

46.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint.

47.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding plaintiff's alleged ingestion of Vioxx, if any. Merck denies the remainder of the allegations in paragraph 47 of the Complaint.

48.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint.

49.    Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50.    Merck denies each and every allegation contained in paragraph 50 of the Complaint except avers that on September 30, 2004 Merck announced the voluntary worldwide

withdrawal of Vioxx from the worldwide market and respectfully refers the Court to the referenced announcement for its actual language and full text.

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 52 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 52 of the Complaint.

## RESPONSE TO "TOLLING OF APPLICABLE STATUTE OF LIMITATIONS"

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

## RESPONSE TO "COUNT ONE

## NEGLIGENCE"

54.     With respect to the allegations contained in paragraph 54 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint, including all allegations contained in sections (a) through (m) of paragraph 59 of the Complaint.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.    Merck denies each and every allegation contained in paragraph 65 of the Complaint, except admits plaintiffs' action seeks damages, interest, costs, and attorney's fees, but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT TWO

## PRODUCTS LIABILITY"

66.    With respect to the allegations contained in paragraph 66 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67.    Merck denies each and every allegation contained in paragraph 67 of the Complaint, except admits that Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

68.    Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 69 of the Complaint and in the alternative denies such allegation contained in said paragraph.

70.    Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint, except admits plaintiffs' action seeks damages, interest, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT 5

## FRAUD"

79.     With respect to the allegations contained in paragraph 79 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 78 of this Answer with the same force and effect as though set forth here in full.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Merck denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 91 of the Complaint and in the alternative denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint, except admits plaintiffs' action seeks damages, interest, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT 4

## BREACH OF THE WARRANTIES

## (EXPRESS AND IMPLIED)"

94.     With respect to the allegations contained in paragraph 94 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 93 of this Answer with the same force and effect as though set forth here in full.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Merck denies each and every allegation contained in paragraph 96 of the Complaint, including all allegations contained in sections (a) through (f) of paragraph 96 of the Complaint.

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Merck denies each and every allegation contained in paragraph 99 of the Complaint.

100.   Merck denies each and every allegation contained in paragraph 100 of the Complaint.

101.  Merck denies each and every allegation contained in paragraph 101 of the Complaint, including all allegations contained in sections (a) through (c) of paragraph 101 of the Complaint.

102.  Merck denies each and every allegation contained in paragraph 102 of the Complaint.

103.  Merck denies each and every allegation contained in paragraph 103 of the Complaint.

104.  Merck denies each and every allegation contained in paragraph 104 of the Complaint.

105.  Merck denies each and every allegation contained in paragraph 105 of the Complaint, except admits plaintiffs' action seeks damages, interest, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT FIVE

## UNJUST ENRICHMENT"

106.  With respect to the allegations contained in paragraph 106 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 105 of this Answer with the same force and effect as though set forth here in full.

107.  Merck denies each and every allegation contained in paragraph 107 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription

drug Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

108.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 108 of the Complaint and in the alternative denies such allegation contained in said paragraph.

109.   Merck denies each and every allegation contained in paragraph 109 of the Complaint.

110.   Merck denies each and every allegation contained in paragraph 110 of the Complaint.

111.   Merck denies each and every allegation contained in paragraph 111 of the Complaint.

112.   Merck denies each and every allegation contained in paragraph 112 of the Complaint, except admits plaintiffs' action seeks equitable relief, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT SIX

## LOSS OF CONSORTIUM"

113.   With respect to the allegations contained in paragraph 113 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 112 of this Answer with the same force and effect as though set forth here in full.

114.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 114 of the Complaint.

115.  Merck denies each and every allegation contained in paragraph 115 of the Complaint.

**RESPONSE TO "PRAYER FOR RELIEF"**

116.  Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 116 of the Complaint, or to any relief whatsoever.

117.  Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 117 of the Complaint, or to any relief whatsoever.

118.  Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 118 of the Complaint, or to any relief whatsoever.

119.  Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 119 of the Complaint, or to any relief whatsoever.

120.  Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 120 of the Complaint, or to any relief whatsoever.

121.  Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 121 of the Complaint, or to any relief whatsoever.

122.   Merck denies that plaintiffs are entitled to any of the relief requested in paragraph 122 of the Complaint, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Merck alleges as follows:

123.   Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

124.   The Complaint fails to state a claim upon which relief can be granted.

125.   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, laches, or statutory and regulatory compliance.

126.   If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

127.   To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

128.   To the extent that plaintiffs assert claims based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

129.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or other conduct of the allegedly injured plaintiff.

130.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

131.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or another manufacturer.

132.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

133.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of Vioxx.

134.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

135.    If plaintiffs sustained the injuries or incurred expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

136.    To the extent plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

137.    To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for the injuries alleged in the Complaint, such benefits are not recoverable in this action.

138.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of Vioxx that was for purposes, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to Vioxx or on its original container or wrapping or otherwise provided, and plaintiffs knew, or with the exercise of reasonable and diligent care, should have known of such instructions or warnings.

139.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

140.    Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States and California Constitutions.

141.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

142.     Plaintiffs' claims are barred, in whole or in part, because the designs, methods and techniques of manufacturing, inspecting, testing and labeling Vioxx conformed to the state of the art at the time Vioxx was first sold by Merck.

143.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

144.     The claims of plaintiffs may be time-barred, in whole or in part under applicable statutes of limitations or statutes of repose.

145.     The claims of plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

146.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

147.     Plaintiffs have not sustained any injury or damages compensable at law.

148.     Merck reserves its right to dismiss the Complaint and seek further relief for plaintiffs' failure to provide it with due process of law.

149.    The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

150.    To the extent that plaintiffs seek to amend their Complaint to assert punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's constitutional rights under the United States and California Constitutions and are not permitted by California law.

151.    To the extent that plaintiffs seek to amend their Complaint to assert punitive damages for an alleged act or omission of Merck, no such act or omission was of a nature to warrant punitive damages and, therefore, any award of punitive damages is barred.

152.    To the extent that plaintiffs seek to amend their Complaint to assert punitive damages, such claim is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

153.    To the extent plaintiffs seek punitive damages, such claims are further barred because:

        a.     Vioxx as manufactured and labeled in relevant and material respects was in accordance with the terms of an approval or license issued by the U.S. Food and Drug Administration under the Food, Drug and Cosmetic Act (21 United States Code § 301, et seq.) or the Public Health Service Act (42 United States Code § 201, et seq.);

        b.     Vioxx is generally recognized as safe and effective pursuant to conditions

established by the U.S. Food and Drug Administration and applicable regulations, including packaging and labeling regulations; and

c.      Merck did not, either before or after making Vioxx available for public use, knowingly, in violation of applicable U.S. Food and Drug Administration regulations, withhold from or misrepresent to the Administration information known to be material and relevant to the harm which the plaintiffs allegedly suffered.

154.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

155.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any drug or pharmaceutical preparation plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

156.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

157.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

158.    This case is more appropriately brought in a different venue.

159.   There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

160.   Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

161.   Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms to medical knowledge.

162.   All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, plaintiffs' claims pertaining to unfair or deceptive practices are barred.

163.   With respect to each and every cause of action plaintiffs are not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined under Restatement (Second) of Torts.  The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

164.   The conduct and activities of Merck with respect Vioxx did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of Vioxx.

165.   Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected

commercial speech under the applicable provisions of the United States and California Constitutions.

166.     The public interest and benefit and the availability of such product which is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to plaintiffs' claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

167.     At all times relevant herein, any product which is the subject matter of the Complaint processed and distributed by Merck in the State of California or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

168.     With respect to each and every purported cause of action in the Complaint, plaintiffs are barred by lack of privity with Merck.

169.     With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

170.     To the extent there were any risks associated with the use of the product which is the subject matter of the Complaint which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

171.    The injuries, damages and/or loss claimed by plaintiffs if any, were caused in whole or in part by the acts or omissions of persons other than Merck, and over whom Merck had no control.  Any recovery by plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

172.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## MERCK'S JURY DEMAND

173.    Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a jury by trial.

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A.    Dismiss the Complaint with prejudice, the plaintiffs taking nothing thereby;

B.    Award Merck its cost of suit and attorneys' fees, under any applicable statute; and

C.      Grant such other and further relief as this Court deems just and equitable.


Respectfully Submitted,


*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Michael K. Brown
Thomas Yoo
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Phone: 213-457-8000
Fax:    213-457-8080

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison
Counsel, Russ Herman by United States Mail and by e-mail and upon all parties by electronically
uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No.
8, on this 12th day of January, 2006.