FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 12  PM 3:51

LORETTA G. WHYTE
             CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 05-1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to: *Irma Leshinski and Robert Leshinski, w/h, v. Merck & Co., Inc.*, (E.D. La. 05-6548) | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

### ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") herein as follows:

### RESPONSE TO "PARTIES - PLAINTIFFS"

1.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint except admits that Vioxx® is Merck's trade name for rofecoxib.

### RESPONSE TO "PARTIES - DEFENDANT"

3.      Merck denies each and every allegation contained in Paragraph 3 of the Complaint except admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4.      Merck denies each and every allegation contained in paragraph 4 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

## RESPONSE TO "JURISDICTION"

5.  The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

## RESPONSE TO "BACKGROUND"

6.  Merck denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further admits that Vioxx is Merck's trade name for rofecoxib.

7.  Merck denies each and every allegation contained in paragraph 7 of the Complaint and avers that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

8.  Merck admits the allegations contained in paragraph 8 of the Complaint that Merck submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

9. Merck admits the allegations contained in paragraph 9 of the Complaint that Merck submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

10. Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its indicated uses.

11. Merck denies each and every allegation contained in paragraph 11 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

12. Merck admits that in paragraph 12 of the Complaint Plaintiffs appear to have accurately quoted the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

13. Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that Merck received in September 2001 a letter from a regulatory review officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

14. Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that Merck received in September 2001 a letter from a regulatory review officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

15. Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that it received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

16. Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that it received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

17. Merck denies each and every allegation contained in paragraph 17 of the Complaint and respectfully refers the Court to the referenced document for its actual language and full text.

18. Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19. Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint except admits that Plaintiffs purport to quote from the Merck 2001 Annual Report and respectfully refers the court to the referenced report for its full text and actual language.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that Plaintiffs purport to quote from an 8-K Securities and Exchange Commission filing and respectfully refers the Court to the referenced document for its actual language and full text.

23. Merck denies each and every allegation contained in the first sentence of paragraph 23 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients. Merck denies each and every allegation contained in the second sentence of paragraph 23 of the Complaint.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint.

### RESPONSE TO "COUNT I - NEGLIGENCE PLAINTIFFS v. DEFENDANT"

25. With respect to the allegations contained in paragraph 25 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the paragraphs 1 through 24 of this Answer with the same force and effect as though set forth here in full.

26. Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27. Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28. Merck denies each and every allegation contained in paragraph 28 of the Complaint, including subparagraphs a–f.

29. Merck denies each and every allegation contained in paragraph 29 of the Complaint.

30. Merck denies each and every allegation contained in paragraph 30 of the Complaint.

31. Merck denies each and every allegation contained in paragraph 31 of the Complaint.

As for the "Wherefore" section under paragraph 31, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### PLAINTIFFS v. DEFENDANT, MERCK"

32. With respect to the allegations contained in paragraph 32 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

34. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

36. Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37. Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38. Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39. Merck denies each and every allegation contained in paragraph 39 of the Complaint.

As for the "Wherefore" section under paragraph 39, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT III – BREACH OF EXPRESS WARRANTY PLAINTIFFS v. DEFENDANT, MERCK"

40. With respect to the allegations contained in paragraph 40 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41. Merck denies each and every allegation contained in paragraph 41 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

42. Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43. Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44. Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45. Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46. Merck denies each and every allegation contained in paragraph 46 of the Complaint.

As for the "Wherefore" section under paragraph 46, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT IV - FRAUD AND MISPRESENTATION PLAINTIFFS v. DEFENDANT, MERCK"

47. With respect to the allegations contained in paragraph 47 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the paragraphs 1 through 46 of this Answer with the same force and effect as though set forth here in full.

48. The allegations contained in paragraph 48 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

49. Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50. Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51. Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52. Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53. Merck denies each and every allegation contained in paragraph 53 of the Complaint.

As for the "Wherefore" section under paragraph 53, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT V – STRICT LIABILITY PLAINTIFFS v. DEFENDANT MERCK"

54. With respect to the allegations contained in paragraph 54 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the

paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

55.   Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.   The allegations contained in paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any conflict of laws rules.

57.   Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.   Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.   Merck denies each and every allegation contained in paragraph 59 of the Complaint.

As for the "Wherefore" section under paragraph 59, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT VII [sic] – LOSS OF CONSORTIUM PLAINTIFFS v. DEFENDANT MERCK"

60.   With respect to the allegations contained in paragraph 60 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the

paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint.

As for the "Wherefore" section under paragraph 62, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT VIII – PUNITIVE DAMAGES PLAINTIFFS v. DEFENDANT, MERCK"

63.     With respect to the allegations contained in paragraph 63 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the paragraphs 1 through 62 of this Answer with the same force and effect as though set forth here in full.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint.

As for the "Wherefore" section under paragraph 65, no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in this

"Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## AFFIRMATIVE DEFENSES:

66. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

67. The Complaint fails to state a claim upon which relief can be granted.

68. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

69. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

70. To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

71. To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

72. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

73. Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

74. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

75. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

76. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

77. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

78. To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

79. Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

80. Plaintiffs' claims are barred in whole or in part by the First Amendment.

81. Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

82. Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

83. Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

84. Plaintiffs claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

85. To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

86. To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

87. Plaintiffs claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

88. Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

89. Plaintiffs claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

90. To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

91. Plaintiffs' demand for punitive damages are barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

92. To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully Submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Fred T. Magaziner
Joseph K. Hetrick
Joshua G. Schiller
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Phone: 215-994-4000
Fax:    215-994-2222

Counsel for Merck & Co., Inc

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 12th day of January, 2006.

*/s/ Dorothy O. Wimberly*