

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE

2006 JAN 11  P 1:37

U.S. DISTRICT COURT
DISTRICT OF MASS.

In re: Vioxx Products Liability Litigation

This document relates to Case No. 05-4046

MBD Docket No. 06MC10009 NG

EVELYN IRVIN PLUNKETT, as Personal Representative of the Estate of RICHARD IRVIN, JR.,
                Plaintiff
v.

MERCK & CO., INC.,
                Defendant

MDL Docket No. 1657
(EASTERN DISTRICT OF LOUISIANA)
SECTION L
JUDGE FALLON
MAGISTRATE JUDGE KNOWLES

## MASSACHUSETTS MEDICAL SOCIETY'S MOTION TO QUASH

The Massachusetts Medical Society (the "MMS") hereby moves to quash the non-party deposition subpoenas issued to its editors Jeffrey Drazen, M.D. ("Dr. Drazen") and Gregory Curfman, M.D. ("Dr. Curfman"), respectively the Editor-in-Chief and the Executive Editor of the MMS's publication, the New England Journal of Medicine (the "NEJM"), in relation to a pending multi-district litigation against Merck & Co., Inc. ("Merck").[1] The Court should quash these subpoenas because Merck seeks to depose Drs. Drazen and Curfman in retaliation for the NEJM's recent editorial expressing concern over a Vioxx study previously published in the NEJM. Merck's bad-faith retaliation flies in the face of the First Amendment, and the Court should refuse to tolerate such an abuse of the discovery process. In further support of this motion, the MMS states as follows:

---

[1] This multi-district litigation is pending in the Eastern District of Louisiana. However, because the MMS and Drs. Drazen and Curfman are Massachusetts residents the depositions are properly conducted in Massachusetts. Thus, an enforceable subpoena compelling attendance at such deposition must be issued by this Court. Fed. R. Civ. P. 45(a)(2), 37(b)(2).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

1. On November 21, 2005, pursuant to a Rule 30(b)(6) deposition subpoena to the Massachusetts Medical Society by the Plaintiffs in the underlying litigation, Dr. Curfman was deposed relative to two articles the NEJM published regarding Vioxx studies – the so-called VIGOR and APPROVe articles.

2. Relying on information disclosed to Dr. Curfman at the deposition that was previously unknown to him and the NEJM, the NEJM published a short editorial in which co-authors Dr. Drazen, Dr. Curfman, and Dr. Stephen Morrissey (NEJM's managing editor) raised concerns about inaccuracies in the VIGOR study and the fact that Merck possessed information regarding these inaccuracies prior to the publication of the VIGOR study.

3. As retaliation for the editorial, Merck now seeks to re-depose Dr. Curfman and depose Dr. Drazen. On January 6, 2006, Merck served Drs. Drazen and Curfman with subpoenas *duces tecum* issued by this Court. True and accurate copies of the subpoenas are attached hereto as Exhibit A.

4. The Court should prohibit Merck from engaging in these retaliatory tactics because they run afoul of the protection journalists enjoy under the First Amendment which protects the free flow of information to the public.

5. Any information Merck seeks is irrelevant, or at best tangentially relevant; Merck has other sources for the information; Merck already deposed Dr. Curfman extensively and is privy to volumes of documents produced by the MMS; and Merck is acting in bad faith.

6. Moreover, to the extent Merck seeks to inquire into the identities of the confidential sources who were the peer reviewers of the VIGOR and APPROVe manuscripts, such misguided attempts should be rejected because of the importance of maintaining strict confidentiality with respect to all peer reviewers so as not to compromise such reviewers'

willingness to participate in reviewing these research studies. To do the opposite would severely hamper unbiased review and commentary on important medical issues.

7. Here protection of the strong public interest in encouraging the free flow of vital, and often ground-breaking, medical and health-care information to the public is tantamount.

8. In further support of this motion, the MMS refers the Court to the memorandum of law filed herewith.

WHEREFORE, the Massachusetts Medical Society, Dr. Drazen and Dr. Curfman respectfully request that this Court quash the subpoenas and prohibit the depositions of Drs. Curfman and Drazen and refuse to permit any inquiry whatsoever into the confidential identities of the NEJM's peer reviewers.

Respectfully submitted,

MASSACHUSETTS MEDICAL SOCIETY, GREGORY CURFMAN, M.D., and JEFFREY DRAZEN, M.D.,

By their attorneys,

Paul W. Shaw, BBO# 455500
Gregory T. Arnold, BBO# 632738
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
(617) 856-8201 (facsimile)

DATED: January 11, 2006

## CERTIFICATION OF COMPLIANCE
## WITH LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), undersigned counsel hereby certifies that he contacted defendant's counsel in a good faith effort to resolve or narrow the issues presented by this motion.

*Paul W. Shaw/ABV*
Paul W. Shaw, Esq.

Dated: January 11, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on this 11th day of January, 2006 by Federal Express on all counsel of record as follows:

| | |
|---|---|
| Philip A. Wittmann, Esq.<br>STONE PIGMAN WALTHER<br> WITTMANN LLC<br>546 Carondelet Street<br>New Orleans, Louisiana 70130 | Russ M. Herman, Esq.<br>HERMAN, HERMAN, KATZ &<br> COTLAR LLP<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113-1116 |

*Paul W. Shaw/ABV*
Paul W. Shaw, Esq.

Dated: January 11, 2006

\# 1408014 v1 - STRATTSN - 020908/0003

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED