FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 13  PM 3: 47

LORETTA G. WHYTE
CLERK

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * MDL No. 1657<br>*<br>* SECTION L<br>*<br>* JUDGE ELDON E. FALLON<br>*<br>* MAGISTRATE JUDGE<br>* DANIEL E. KNOWLES, III<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Rita Hampton v. Merck & Co., Inc.,* **Case No. 05-4469.**

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "I. JURISDICTION AND VENUE"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.  Merck further admits that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for said relief.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

2.     The allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except Merck admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx® ("Vioxx"), and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

3.     Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck may be served as allowed by applicable federal and/or state law, which in MDL No. 1657 includes the procedures outlined in Pre-Trial Order No. 15 issued by Judge Fallon on May 31, 2005.

**RESPONSE TO**
**"II. PARTIES & BACKGROUND FACTS"**

4.     Denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.     Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6.     Denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, has its registered office at 820 Bear Tavern Road, City of West Trenton, County of Mercer, New Jersey.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which the U.S. Food & Drug Administration ("FDA") approved as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

14.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 14 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for said relief.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, including its subparts A through L, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for said relief.

4

## RESPONSE TO "III.  COUNTS"

### RESPONSE TO
### "COUNT I:  NEGLIGENCE"

21.    With respect to the allegations contained in paragraph 21 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 20 of this Answer with the same force and effect as though set forth here in full.

22.    The allegations contained in paragraph 22 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

23.    Denies each and every allegation contained in paragraph 23 of the Complaint, including its subparts A through G, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

24.    Denies each and every allegation contained in the first sentence of paragraph 24 of the Complaint.  Merck denies each and every allegation contained in the second, third, fourth, fifth, and sixth sentences of paragraph 24 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT II: STRICT LIABILITY"

26.     With respect to the allegations contained in paragraph 26 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 25 of this Answer with the same force and effect as though set forth here in full.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

28.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 28 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 28 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

29.     The allegations contained in paragraph 29 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 29 of the Complaint, including its subparts A through D.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

39.     Denies each and every allegation contained in the first sentence of paragraph 39 of the Complaint.  Merck denies each and every allegation contained in the second, third, fourth, fifth, and sixth sentences of paragraph 39 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT III: BREACH OF EXPRESS WARRANTY"

41.     With respect to the allegations contained in paragraph 41 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 40 of this Answer with the same force and effect as though set forth here in full.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 45 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in the first sentence of paragraph 46 of the Complaint.  Merck denies each and every allegation contained in the second, third, fourth, fifth, and sixth sentences of paragraph 46 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT IV: BREACH OF IMPLIED WARRANTY"**

48.     With respect to the allegations contained in paragraph 48 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 50 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

52.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 52 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 55 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in the first sentence of paragraph 56 of the Complaint.  Merck denies each and every allegation contained in the second,

third, fourth, fifth, and sixth sentences of paragraph 56 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT V: FRAUDULENT CONCEALMENT"

58.     With respect to the allegations contained in paragraph 58 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint, including its subparts A and B, except admits that Merck marketed the prescription medicine Vioxx, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 64 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

66.     Denies each and every allegation contained in the first sentence of paragraph 66 of the Complaint.  Merck denies each and every allegation contained in the second, third, fourth, fifth, and sixth sentences of paragraph 66 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT 6: REDHIBITION"

68.     The allegations contained in paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     The allegations contained in paragraph 69 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 69 of the Complaint,

except admits that Merck manufactured the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in the first sentence of paragraph 73 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  The allegations contained in the second sentence of paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 73 of the Complaint.

74.     The allegations contained in paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 74 of the Complaint,

except admits that Plaintiff purports to seek damages, including attorney's fees, but denies that there is any legal or factual basis for such relief.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "V. LIMITATIONS"

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 77 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     The allegations contained in paragraph 79 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 79 of the Complaint.

### RESPONSE TO
### "V. GLOBAL PRAYER FOR RELIEF"

80.     The allegations contained in paragraph 80 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 80 of the Complaint, including its subparts a through f, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "VI. DEMAND FOR JURY TRIAL"

81.     The allegations contained in paragraph 81 of the Complaint are legal

conclusions to which no response is required.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

82.     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

83.     The Plaintiff was careless and negligent in the matters alleged, thereby

causing and contributing to any alleged injuries, damages or losses to Plaintiff.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

84.     To the extent that Plaintiff asserts claims against Merck based on theories

of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La.

Rev. Stat. § 9:2800.51, *et seq.*

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

85.     To the extent that Plaintiff asserts claims based on Merck's alleged

adherence or lack of adherence to and compliance with applicable state and/or federal laws,

regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of

the United States Constitution.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

86.     The Plaintiff failed to exercise reasonable care to mitigate her alleged

damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

87.     Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

88.     To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

89.     The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

90.     The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

91.     The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

92.     The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

93.     The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

94.     The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

95.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

96.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

97.     To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

98.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

99.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

100.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

101.    To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

102.    Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

103.    Inasmuch as the Complaint does not describe the alleged underlying

claims with sufficient particularity to enable Merck to determine all of its legal contractual and

equitable rights.  Merck reserves the right to amend and/or supplement the averments of its

answer to assert any and all pertinent liability defenses ascertained through further investigation

and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

104.    To the extent that Plaintiff seeks punitive damages for the conduct that

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

105.    To the extent Plaintiff seeks punitive damages for an alleged act or

omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly

negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

106.    The demand for punitive damages by the Plaintiff is barred because Vioxx

and its labeling was subject to and received pre-market approval by the FDA under 52 Stat.

1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

107.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiff has failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

108.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

109.    To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

110.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

111.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
## <u>DEFENSE, MERCK ALLEGES:</u>

112.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  January 1?, 2006

Respectfully submitted,

_____

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Vicki A. Elmer, 28569
            Of
STANLEY, FLANAGAN & REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 13 th day

of January, 2006.

_____