FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 13 PM 1: 55

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAROL CUMMINGS, | * | CIVIL ACTION NO. 05-6273 |
| DONNA HOLIAN, | * | MDL 1657 |
| JOHN HARDY, HUSBAND OF/AND | * | |
| GRETA HARDY, | * | JUDGE FALLON |
| JOHN SHEA, HUSBAND OF/AND | * | |
| JOAN SHEA, | * | MAGISTRATE KNOWLES |
| EARL MORROW, HUSBAND OF/AND | * | |
| KAREN MORROW, | * | **JURY TRIAL DEMAND** |
| MACK REINE, JR., HUSBAND OF/AND | * | |
| JULIETTE REINE, | * | |
| LETITIA DEFILLO, and | * | |
| REGINA MARTIN | * | |
| | * | |
| VERSUS | * | |
| | * | |
| PFIZER, INC. AND | * | |
| MERCK & CO., INC. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT PFIZER INC.

Defendant Pfizer Inc. (incorrectly identified in Plaintiffs' Complaint as Pfizer, Inc. and hereinafter "Defendant" or "Pfizer"), hereby answers Plaintiffs' Complaint in this action, and states as follows:

### PRELIMINARY STATEMENT

The Complaint does not state the exact dates when Plaintiffs were prescribed or used Celebrex® and Bextra®, and, as such, this Answer can only be drafted generally and without

1

reference to a specific period in time. Defendant reserves the right to amend this Answer when discovery reveals the time period in which Plaintiffs were prescribed and used Celebrex® and Bextra®.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiffs' Complaint.

## ANSWERING:

### I.

1. Answering Paragraph 1, Pfizer denies that Celebrex® or Bextra® caused any harm to Plaintiffs and denies any wrongdoing. Pfizer admits that it has, at times, marketed and co-promoted Celebrex® throughout the United States. Pfizer admits that it has, at times, marketed and promoted Bextra® throughout the United States. Except as admitted herein, Pfizer denies the allegations of Paragraph 1 directed toward it.

### II.

### PARTIES

2. Pfizer is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 2, including its subparts (a) through (h) and therefore neither admits nor denies the allegations contained therein.

3. Pfizer admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in New York. Pfizer further admits that it may be served with process through its registered agent at the address listed. Pfizer denies the remaining allegations of Paragraph 3 and denies any wrongdoing.

4. Paragraph 4 makes no allegations towards Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer has insufficient information or

knowledge to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.

## III.

## JURISDICTION AND VENUE

5.  Paragraph 5[1] of Plaintiffs' Complaint asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer has insufficient information or knowledge as to the truth of the allegations of Paragraph 5, and therefore can neither admit nor deny that this Court has subject matter jurisdiction over this case.

6.  Paragraph 6 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer has insufficient information or knowledge as to the truth of the allegations of Paragraph 6, and therefore can neither admit nor deny that venue is proper in this district.

7.  Answering Paragraph 7, Pfizer has insufficient information or knowledge to form a belief as to the truth of the meaning of "all times relevant herein." Paragraph 7 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer admits that it has, at times, marketed and promoted Bextra® throughout the United States. Pfizer further admits that it has, at times, marketed and co-promoted Celebrex® throughout the United States. Pfizer denies that Celebrex® or Bextra® caused any harm to Plaintiffs and denies any wrongdoing. Pfizer denies the remaining allegations of Paragraph 7.

8.  Paragraph 8 makes no allegations towards Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer has insufficient information or

---

[1] Plaintiffs' Complaint begins renumbering paragraphs at the beginning of each section, beginning with section III. Therefore, in Plaintiffs' Complaint, this one of several Paragraph 1s. For purposes of clarity, Pfizer will refer to each paragraph as if numbered consecutively through the entire complaint.

knowledge to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

## IV.

## FACTUAL ALLEGATIONS AGAINST PFIZER, INC.

9. Answering Paragraph 9, Pfizer has insufficient information or knowledge to form a belief as to the truth of the meaning of "all times relevant herein." Pfizer admits that it has, at times, marketed and co-promoted Celebrex® throughout the United States, including in the State of Louisiana. Pfizer admits that it has, at times, marketed and promoted Bextra® throughout the United States, including in the State of Louisiana. Pfizer denies the remaining allegations of Paragraph 9.

10. Pfizer is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 10, including its subparts (a) through (h) and therefore denies the allegations contained therein. Pfizer denies that Celebrex® and Bextra® are dangerous and denies that they caused Plaintiffs any injury.

11. Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore denies the same. Pfizer denies that Celebrex® and Bextra® are dangerous and denies that they caused Plaintiffs any injury. Pfizer denies the remaining allegations in Paragraph 11.

12. Answering Paragraph 12, Pfizer admits that it has, at times, marketed and co-promoted Celebrex® throughout the United States. Pfizer admits that it has, at times, marketed and promoted Bextra® throughout the United States. Pfizer denies the remaining allegations of Paragraph 12.

13. Answering Paragraph 13, Pfizer admits that Celebrex® is a COX-2 Inhibitor within the class of non-steroidal anti-inflammatory drugs ("NSAID"). Pfizer further admits that Celebrex® was approved by the FDA on December 31, 1998 for use in the United States by healthcare providers who are authorized by law to prescribe medications in accordance with approval by the FDA. Pfizer states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the relief of signs and symptoms of ankylosing spondylitis; (4) for the management of acute pain in adults; (5) for the treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g., endoscopic surveillance, surgery).

Further answering Paragraph 13, as stated in the package insert approved by the FDA, Pfizer admits that Bextra® is a nonsteroidal anti-inflammatory drug ("NSAID") that exhibits anti-inflammatory, analgesic, and antipyretic properties in animal models and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis, primarily through inhibition of cyclooxygenase-2 ("COX-2"). Pfizer further admits that Bextra® was approved by the Food and Drug Administration on November 16, 2001, and, as indicated in the package insert approved by the FDA, is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

Excepted as admitted herein, Pfizer denies the allegations in paragraph 13.

14. Answering Paragraph 14, Pfizer admits that Celebrex® has not been withdrawn from the market. Pfizer further states that Bextra® was voluntarily withdrawn from the United

States market on April 7, 2005. Pfizer states that, at times relevant to this lawsuit, Celebrex® and Bextra® are and were safe and effective when used in accordance with their FDA-approved prescribing information. Pfizer further states that the "studies" referenced in Paragraph 14, if any, speak for themselves and any attempt to characterize them is denied. Pfizer denies the remaining allegations of Paragraph 14.

15. Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 15 and denies any wrongdoing.

16. Answering Paragraph 16, Pfizer denies that it made any express warranties about Celebrex® or Bextra® and denies that it made any statements or representations to Plaintiffs or others that might be implied by law as warranties regarding Celebrex® or Bextra®. Pfizer states that, at all times relevant to this lawsuit, Celebrex® and Bextra® are and were safe and effective when used in accordance with their FDA-approved prescribing information. Except as stated herein, Pfizer denies the allegations of Paragraph 16.

17. Answering Paragraph 17, Pfizer states that the potential effects of Celebrex® and Bextra ® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art. Except as stated herein, Defendant denies the allegations of Paragraph 17.

18. Paragraph 18 asserts conclusions of law to which no response is required. To the extent a response is deemed required, Pfizer denies that it failed to meet any applicable standards of care. Pfizer denies the remaining allegations of Paragraph 18.

## FACTUAL ALLEGATIONS AGAINST MERCK & CO., INC.

19-28.   The allegations contained in Paragraphs 19 through 28 are not directed at Pfizer, and no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information as to the allegations of Paragraphs 19 through 28 and therefore denies the same.

## V.

## PRODUCTS LIABILITY

29.   Answering Paragraph 29, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

30.   The allegations contained in Paragraph 30 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies that Celebrex® or Bextra® are or were defective and unreasonably dangerous. Defendant states that Celebrex® and Bextra® are and were safe and effective when used in accordance with their FDA-approved prescribing information.  To the extent that Paragraph 30 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Except as stated herein, Pfizer denies the allegations of Paragraph 30, including its subparts (a) through (d).

31.   Answering Paragraph 31, Pfizer admits that it has, at times, marketed and co-promoted Celebrex® to be prescribed by physicians who are by law authorized to prescribe medications in accordance with their approval by the FDA.  Pfizer admits that it has, at times, marketed and promoted Bextra® to be prescribed by physicians who are by law authorized to prescribe medications in accordance with their approval by the FDA.  To the extent that Paragraph 31 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge

or information as to those allegations and therefore denies the same. Except as admitted herein, Defendant denies the allegations of Paragraph 31.

32. Answering Paragraph 32, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the condition in which Celebrex® or Bextra® reached Plaintiffs and, therefore, denies the same. Defendant states that Celebrex® and Bextra® are and were safe and effective when used in accordance with their FDA-approved prescribing information. Pfizer states that the potential effects of Celebrex® and Bextra® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. To the extent that Paragraph 32 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 32 directed toward it.

33. Answering Paragraph 33, Pfizer denies that Celebrex® and Bextra® are or were defective and denies that they caused Plaintiff any injury. Defendant states that Celebrex® and Bextra® are and were safe and effective when used in accordance with their FDA-approved prescribing information. To the extent that Paragraph 33 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same. Except as stated herein, Defendant denies the allegations of Paragraph 33.

34. To the extent that Paragraph 34 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same. Defendant denies the allegations of Paragraph 34.

35. To the extent that Paragraph 35 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the

same.  Answering Paragraph 35, Defendant denies that Celebrex® and Bextra® are defective and denies all the allegations contained therein.

36.  To the extent that Paragraph 36 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Answering Paragraph 36, Defendant denies that it made any express warranties about Celebrex® and Bextra® and denies that it made any statements or representations to Plaintiff or others that might be implied by law as warranties regarding Celebrex® and Bextra®.  Defendant further denies that it made any misrepresentations about the safety and effectiveness of Celebrex® and Bextra®.  Defendant has insufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 36, and therefore denies the same.

37.  To the extent that Paragraph 37 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Answering Paragraph 37, Defendant states that the FDA-approved physician prescribing information for Celebrex® and Bextra® provided adequate warning to Plaintiffs' physicians about the use of Celebrex® and Bextra®.  Pfizer states that the potential effects of Celebrex® and Bextra® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Except as stated herein, Defendant denies the allegations of Paragraph 37.

38.  To the extent that Paragraph 38 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Answering Paragraph 38, Defendant denies all the allegations contained therein. Defendant states that Celebrex® and Bextra® are and were safe and effective when used in

accordance with their FDA-approved prescribing information.

39. To the extent that Paragraph 39 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same. The allegations contained in Paragraph 39 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that it is liable to Plaintiffs for damages.

## VI.

### VIOLATION OF WARRANTY OF REDHIBITION – PFIZER, INC.

40. Answering Paragraph 40, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

41. The allegations of Paragraph 41 contain legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® and Bextra® are and were safe and effective when used in accordance with their FDA-approved prescribing information. Except as admitted herein, Pfizer denies the allegations of Paragraph 41.

42. Paragraph 42 states legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 42.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 43. Pfizer further states that the potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.

44. Paragraph 44 states legal conclusions to which no response is required. To the

extent a response is deemed required, Pfizer denies the allegations of Paragraph 44.

45.     Paragraph 45 states legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer admits that Plaintiffs seek monetary, legal, and equitable relief, but denies that Plaintiffs are entitled to the requested relief.

## VI. A.

## VIOLATION OF WARRANTY OF REDHIBITION – MERCK & CO., INC.

46-51. The allegations contained in Paragraphs 46 through 51 are not directed at Pfizer, and no response is required. To the extent a response is deemed required, Pfizer has insufficient knowledge or information as to the allegations of Paragraphs 46 through 51 and therefore denies the same.

## VII.

## DAMAGES

52.     Answering Paragraph 52, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

53.     The allegations contained in Paragraph 53 are not directed at Pfizer, and no response is required. To the extent a response is deemed required, Pfizer has insufficient knowledge or information as to the allegations of Paragraphs 53 and therefore denies the same.

54.     Answering Paragraph 54, including subparts (a) through (j) and sub-subparts (1) through (8), Defendant denies that Celebrex® or Bextra® caused injury to Plaintiffs and denies that Plaintiffs are entitled to the requested relief.

55.     Paragraph 55 states legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer admits that Plaintiffs seek compensatory and injunctive relief, but denies that Plaintiffs are entitled to the requested relief.

56. Pfizer denies the allegations contained in the unnumbered WHEREFORE paragraph following Paragraph 55, except to admit that Plaintiffs seek general and special damages. Pfizer denies that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant in this matter. Defendant therefore asserts the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendant will withdraw any of these defenses as may be appropriate.

## FIRST DEFENSE

1. The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

2. Plaintiffs' claims may be barred by the applicable statute of limitations and/or repose, or by the equitable doctrines of laches, waiver and estoppel.

## THIRD DEFENSE

3. Plaintiffs' injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Defendant had no control or right to control and whose actions are not, therefore, imputable to Defendant.

## FOURTH DEFENSE

4. Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs, or persons or parties whose identities are unknown at this time,

which comparative negligence or fault is sufficient to proportionately reduce Plaintiffs' recovery or to bar it.

## FIFTH DEFENSE

5.      Plaintiffs' injuries, if any, were due to an allergic, idiosyncratic or idiopathic reaction to Celebrex® or Bextra®, or by an unforeseeable illness, unavoidable accident, or pre-existing condition, without any negligence or culpable conduct by Defendant.

## SIXTH DEFENSE

6.      Plaintiffs failed to exercise reasonable care and diligence to mitigate their injuries and damages, if any.

## SEVENTH DEFENSE

7.      Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® and Bextra® are prescription pharmaceutical drugs and fall within the ambit of Restatement (Second) of Torts § 402A, Comment k.

## EIGHTH DEFENSE

8.      Bextra® is safe when used as directed, was suitable for the purpose for which it was intended, was distributed with adequate and sufficient warnings and Defendant reasonably assumed that its warnings would be read and heeded; therefore, Bextra® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

## NINTH DEFENSE

9.      Celebrex® is safe when used as directed, is suitable for the purpose for which it is intended, is distributed with adequate and sufficient warnings and Defendant reasonably assumed that its warnings would be read and heeded; therefore, Celebrex® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

**TENTH DEFENSE**

10. Celebrex® and Bextra® fall under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration and Plaintiffs' claims have been preempted under the Supremacy Clause of the U.S. Constitution.

**ELEVENTH DEFENSE**

11. Celebrex® and Bextra®, and Defendant's actions, conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Celebrex® and Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

**TWELFTH DEFENSE**

12. Defendant avers that Celebrex® and Bextra® possess no characteristic that renders them unreasonably dangerous in a reasonably anticipated use by a person.

**THIRTEENTH DEFENSE**

13. Defendant satisfied its duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

**FOURTEENTH DEFENSE**

14. Defendant pleads the applicability and exclusivity of the Louisiana Products Liability Act, LA. REV. STAT. §§ 9:2800.51, *et seq.*, and specially avers that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

**FIFTEENTH DEFENSE**

15. Plaintiffs' allegations of fraud, deceit, and fraudulent misrepresentations are not stated with the degree of particularity required by FED .R. CIV. P. 9(b) and should be dismissed.

**SIXTEENTH DEFENSE**

16.   Plaintiffs' claims for punitive damages, if any, are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (U.S. 2003), or the Louisiana Constitution, statutes and decisions of the Louisiana courts, including LA. CIV. CODE art. 3546.

**SEVENTEENTH DEFENSE**

17.   Plaintiffs' claims are barred by assumption of the risk.

**EIGHTEENTH DEFENSE**

18.   Plaintiffs' claims are barred in whole or in part because Celebrex® and Bextra® "provide[] net benefits for a class of patients" within the meaning of the Restatement (Third) of Torts: Product Liability § 6, comment f.

**NINETEENTH DEFENSE**

19.   The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex® and Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the products' use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the products were marketed.

**TWENTIETH DEFENSE**

20. Plaintiffs' claims asserted in the Complaint are barred because Celebrex® and Bextra® were designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

**TWENTY-FIRST DEFENSE**

21. If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by operation of nature or other supervening or intervening conduct of persons other than Defendant, and for whose conduct Defendant is not responsible, or with whom Defendant had no legal relation or legal duty to control.

**TWENTY-SECOND DEFENSE**

22. If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Celebrex® or Bextra® by persons other than Defendant or persons acting on its behalf.

**TWENTY-THIRD DEFENSE**

23. Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® and Bextra® did not proximately cause injuries or damages to Plaintiffs.

**TWENTY-FOURTH DEFENSE**

24. To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

## TWENTY-FIFTH DEFENSE

25.   Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

## TWENTY-SIXTH DEFENSE

26.   Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Celebrex® and Bextra® complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

## TWENTY-SEVENTH DEFENSE

27.   Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® and Bextra® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

## TWENTY-EIGHTH DEFENSE

28.   Plaintiffs' claims must be dismissed because Plaintiffs would have taken Celebrex® and Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

## TWENTY-NINTH DEFENSE

29.   Plaintiffs' claims asserted in the Complaint are barred because the utility of Celebrex® and Bextra® outweighed their risks.

**THIRTIETH DEFENSE**

30. Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**THIRTY-FIRST DEFENSE**

31. The liability of Defendant, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined. Defendant seeks an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**THIRTY-SECOND DEFENSE**

32. Defendant is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs with any other defendant or other person or entity.

**THIRTY-THIRD DEFENSE**

33. Plaintiffs' claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.*, the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

**THIRTY-FOURTH DEFENSE**

34. Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

## THIRTY-FIFTH DEFENSE

35.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

## THIRTY-SIXTH DEFENSE

36.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® and Bextra® are comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by the FDA specifying the language that should be used in the labeling accompanying Celebrex® and Bextra®. Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

## THIRTY-SEVENTH DEFENSE

37.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

## THIRTY-EIGHTH DEFENSE

38.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTY-NINTH DEFENSE

39.     Pfizer specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert any such defenses.

## JURY DEMAND

Defendant, Pfizer Inc., demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, Pfizer Inc., respectfully requests that this matter be dismissed with prejudice and that it be awarded its costs and any other relief to which it may be entitled.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2101
*Counsel for Defendant, Pfizer Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by sending a copy of same via U.S. Mail, properly addressed and postage prepaid on this 13th day of January, 2006.