

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT CIFAX | * | CIVIL ACTION NO. |
| | * | MDL 1657 |
| Plaintiff, | * | |
| versus | * | SECTION L, MAG 3 |
| | * | |
| MERCK & CO., INC. AND | * | JUDGE FALLON |
| · DR. ROBERT KESSLER | * | |
| DR. JOHN VOCKROTH | * | |
| Defendants. | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes plaintiff, Robert Cifax, who

suggests that this case has been improperly and frivolously removed to this Court. In this case, it is

clear that complete diversity does not exist and, therefore, subject matter jurisdiction is lacking.

Plaintiff's *Petition for Damages* asserts a definite, viable cause of action under Louisiana law against

a citizen of Louisiana, plaintiff's treating physicians, Drs. Robert Kessler and John Vockroth.

Plaintiff respectfully requests that this Court issue an order remanding this case to the 24th Judicial

District Court for the Parish of Jefferson, State of Louisiana, and assessing attorney's fees and costs



to defendant pursuant to 28 USCA §1447(C).

Respectfully submitted,

**ALLAN BERGER & ASSOC., P.L.C.**

**JOHN D. SILEO (#17797)**
**ALLAN BERGER** (# 2977)
4173 Canal Street
New Orleans, Louisiana 70119
(504) 486-9481
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon all

counsel of record by placing a copy in the United States mail, first class postage prepaid and

properly addressed, and/or by facsimile transmission on this __13__ day of January, 2006.

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT CIFAX | * | CIVIL ACTION NO. |
| | * | MDL 1657 |
| Plaintiff, | * | |
| versus | * | SECTION  L, MAG 3 |
| | * | |
| MERCK & CO., INC. AND | * | JUDGE FALLON |
| DR. ROBERT KESSLER | * | |
| DR. JOHN VOCKROTH | * | |
| Defendants. | * | MAGISTRATE JUDGE |
| | | KNOWLES |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

I.    **Introduction**

This properly filed state court action has been improperly removed to this court.  The removing defendant in this case is Merck & Co., Inc.,  a drug company that manufactures Vioxx,  a prescription drug designed for the treatment of pain and inflammation in adults suffering from osteoarthritis, rheumatoid arthritis, short-term pain, menstrual pain, migraine headaches and in juveniles suffering from rheumatoid arthritis, which has been linked to adverse thrombotic events, including devastating cardiovascular and cerebrovascular injuries such as myocardial infarctions (heart attacks) and strokes. Also properly named as a defendant is plaintiff's treating (prescribing) physicians, Drs. Robert Kessler and John Vockroth.

As this Court may recall, in the spring of 2001, pharmaceutical company Pfizer/Warner-Lambert improperly removed to this Court approximately one hundred and thirty (130) Rezulin ® cases, each of which included a treating physician as a defendant in addition to the drug company. Soon thereafter, all of the U.S. District Judges for the Eastern District of Louisiana granted remand motions filed by the plaintiffs in cases naming a treating physician as a defendant based on high jurisprudence of this court. Attempting to now remove these Vioxx cases, the defendants have completely disregarded Louisiana and federal law. Such removal indicates Merck's refusal to accept this Court's prior rulings on the identical issue presented herein and their attempt to get these properly filed state court cases to multi-district litigation (hereinafter "MDL").

Faced with approximately one hundred thirty (130) Rezulin cases lacking federal subject matter jurisdiction in the Spring of 2001, each and every federal judge in this district agreed that plaintiffs' allegations as to their treating (prescribing) physician mandated a remand to state court. See, e.g., <u>Robert Ritchie v. Warner-Lambert Co., et al.</u>, No. 01-1001 (E.D. La. 05/02/01), attached as Exhibit "A" (initial opinion by Chief Judge McNamara which was subsequently followed by every federal judge in the Eastern District, ruling that plaintiff's allegations against treating physician in prescription drug products liability case stated a viable cause of action against Louisiana defendant, sufficient to defeat any claims of "fraudulent joinder," and requiring remand).

Another drug company is now attempting the same removal process , as Merck now attempts to move these Vioxx cases, lacking federal subject matter jurisdiction, through this

-2-

district court, in the hope that they will wind up in the MDL.  Plaintiff respectfully requests that this Court grant the pending motion to remand, for the following reasons.

## I.    Facts

Plaintiff in this case, Robert Cifax, a resident of Louisiana, sued defendants for serious injuries incurred as a result of ingesting Vioxx, a drug designed for the treatment of pain and inflammation in adults suffering from osteoarthritis, rheumatoid arthritis, short-term pain, menstrual pain, migraine headaches and in juveniles suffering from rheumatoid arthritis, which has been linked to adverse thrombotic events, including devastating cardiovascular and cerebrovascular injuries such as myocardial infarctions (heart attacks) and strokes.  Plaintiff has elected to seek redress for injuries suffered in Louisiana state court and, accordingly, confined the claim to Louisiana state law causes of action:  strict liability, products liability, negligence, redhibition, and medical malpractice.  The plaintiff named as defendants the manufacturer of Vioxx, Merck and plaintiff's treating physicians, Drs. Robert Kessler and John Vockroth.  Merck has removed plaintiff's case to this Court contending that the plaintiff's treating physician have been fraudulently joined in this action, and, consequently, that the citizenship of those defendants should be ignored.  As will be demonstrated below, <u>Merck's contention is utterly frivolous</u>.  Merck's removal of this case is simply a part of its national scheme to keep legitimate local cases from being pursued in any state courts.

### III.    Standard of Review Applicable to
### Merck's Contention of Fraudulent Joinder

"The burden of persuasion placed upon those who cry 'fraudulent' joinder is indeed a heavy one." Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994), citing B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  See also, Marathon Oil Co. v. Ruhrgas, A.G., 115 F.3d 315, 319 (5th Cir. 1997).  To prove that non-diverse defendants have been fraudulently joined, "the removing parties must show [by clear and convincing evidence] either that there is *no possibility* that the plaintiff would be able to establish a cause of action against the [non-diverse] defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Marathon Oil Co. v. Ruhrgas, A.G., 115 F.3d 315, 319. See also, Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996); Ford v. Elsbury, 32 F.3d 931, 935; Madison v. Vintage Petroleum, Inc., 114 F.3d 514, 516 (5th Cir. 1997).  In deciding the fraudulent joinder issue, the Court must resolve all disputed questions of fact and all ambiguities against the non-diverse defendants and in favor of the non-removing parties. Ford v. Elsbury, 32F.3d at 935; Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d at 751; Marathon Oil Co. v. Ruhrgas, A.G., 115 F.3d at 319; Madison v. Vintage Petroleum, Inc., 114 F.3d at 516.  Thus, if there is any possibility that the plaintiff has stated a cause of action against any of the non-diverse defendants, the Court must find that joinder was proper, thereby defeating complete diversity and requiring remand of the case. Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d at 751.

In deciding the issue of fraudulent joinder, the district court should not pre-try the case, but should resolve the issue by utilizing a summary judgment-like procedure.  Ford v. Elsbury, 32 F.3d at 935; Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d at 751.  Accordingly, while the Court may "pierce the pleadings" to examine evidentiary material, "it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff."  Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d at 751.  The fraudulent joinder evaluation, therefore, does not anticipate a judgment on the merits of the plaintiff's claims, but just considers if there is any possibility that the plaintiff might prevail.  The Court should not, therefore, concern itself with determining whether the plaintiff will actually or even probably prevail, but instead should look only for the possibility that the plaintiffs might do so.  Id.  With these principles in mind, plaintiff now addresses defendants' claim of fraudulent joinder in their Notice of Removal.

## LEGAL ARGUMENT

In its *Notice of Removal*, the defendant alleges that federal subject matter jurisdiction exists because the defendant and treating physician was fraudulently joined.  As discussed below, defendant's arguments are totally without merit.

**IV.     Plaintiff's Treating Physician has Not been Fraudulently Joined**

Plaintiff's treating physicians have not been fraudulently joined in this lawsuit.  In arguing fraudulent joinder, the defendant has the burden of proving that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-

diverse defendants in state court.  Scott v. American Tobacco Co., 959 F.Supp. 340, 342 (E.D. La. 1996).   Additionally, all disputed questions of fact and all ambiguities in controlling state law are resolved in favor of the non-removing plaintiffs.  Id.

In the pending case before this Court on Removal, the defendants clearly do not meet the burden of proving that plaintiffs do not state a cause of action against plaintiff's treating physician, and any claims of fraudulent joinder are totally without merit.  In plaintiffs' *Petition for Damages* filed in state court, plaintiffs state a viable cause of action in medical malpractice under Louisiana law against a Louisiana domiciliary.  Plaintiffs' allegations of negligence as to the treating physician are as follows:

    a.    Failure to fully monitor and evaluate petitioner's heart function and/or other adverse medical effects.

    b.    Failure to accurately monitor and diagnose petitioner's heart and/or other adverse medical effects when petitioner exhibited signs of a deteriorating medical condition;

    c.    Failure to recognize that Vioxx  was a cause of petitioner's heart and/or  and/or other adverse medical effects;

    d.    Failure to warn or adequately inform petitioner of the potential harm associated with the use of Vioxx, and failure to protect petitioner from that harm; and;

    e.    Failure to properly render appropriate treatment to plaintiff;

    f.    Failure to know of the medical literature written about the problems associated with Vioxx.

    g..    Any and all other acts of negligence which will be proven at the trial of this matter.

*See* Plaintiff's *Petition for Damages*, attached as Exhibit "A" to Merck's *Notice of*

*Removal.*

Defendants have not and cannot demonstrate that the plaintiffs' allegations are insufficient to state a cause of action in negligence under Louisiana law against plaintiff's treating physicians. Consequently, the defendants have not carried their burden, and remand is proper.

The same issue was presented in <u>Robert Ritchie</u>, *supra*, in an identical case. In <u>Ritchie</u>, plaintiff named as defendants Rezulin drug manufacturers, Warner-Lambert and Pfizer, Inc. and plaintiff's treating physician. The defendant removed the case (and approximately 130 others) to this court, contending that the treating physician had been fraudulently joined. Addressing plaintiffs' motions to remand and the defendants' claims of fraudulent joinder, while refusing to permit a transfer of these cases to the MDL, Chief Judge McNamara stated the following:

> [T]he court is unconvinced that Plaintiff has "no reasonable basis of recovery" against the in state-defendant . . . who is allegedly Plaintiff's treating physician. . . .

> The court finds that with the[] allegations, **Plaintiff has alleged with particularity a viable cause of action against his treating physician**. Defendants have the heavy burden of showing "by clear and convincing evidence"[1] that Plaintiff has "no possibility"[2] of recovery against the physician, and **their**

---

[1] <u>Marathon Oil Co. v. Ruhrgas, A.G.</u>, 115 F. 3d 315, 319 (5th Cir. 1997).

[2] <u>Id</u>.

> **argument that Plaintiff fraudulently**
> **joined the physician with "cookie-cutter"**
> **conclusory allegations is half baked....**
> **The court concludes that Plaintiff did not**
> **fraudulently join the in-state physician to**
> **defeat diversity jurisdiction.** Thus,
> **removal was improvident and the matter**
> **should be remanded to state court.**

Ritchie, p. 1-6. Also, Judge Duval of the Eastern District of Louisiana, adopted the

decision of Chief Judge McNamara and ordered a remand in every case on the Section

"K" docket (a total of ten (10) cases) which named a treating physician as a defendant.

This Court should follow the rulings of Chief Judge McNamara and each and every

federal judge in the Eastern District of Louisiana in the 130 Rezulin cases and remand

this Vioxx case to state court.

In addition to the Rezulin Litigation, the same issue was presented in the

Serzone® Litigation cases, David Sullivan v. Bristol-Myers Squibb Co., et al, No. 03-

0199, (E.D. La. 04/08/03) and Cheryl Williams v. Bristol-Myers Squibb Co., et al., No.

03-106, (E.D. La. 02/13/03), attached as Exhibit "B" and Exhibit "C", which involved

pharmaceutical company, Bristol-Myers Squibb.   The defendant removed these cases to

this court, contending that the treating physician had been fraudulently joined.   In

Sullivan, Judge Ivan L. R. Lemelle stated:

> [I]n analyzing a claim of fraudulent joinder,
> the key inquiry is whether the plaintiff made
> a non-diverse party a defendant under a claim
> that has substantive merit.   A premature petition
> under Louisiana's Medical Malpractice Act
> does not preclude a finding that the petition

-8-

> states a cause of action against a medical
> defendant. *Erdey*, 96 F.R.D. at 596.
>
> Though the action is presently procedurally
> barred, Plaintiff nonetheless stated a cause of
> action against his treating physician. Thus,
> Plaintiff's claim survives Defendants allegations
> of fraudulent joinder.  Because Defendants have
> failed to establish that Plaintiff has no viable
> cause of action against his treating physician,
> a non-diverse Defendant, there is no federal
> diversity jurisdiction; and the case is hereby
> remanded.

In <u>Williams,</u> Judge Carl J. Barbier also addressed plaintiff's motion to remand and

ruled that the non-diverse defendant treating physician was not fraudulently joined and

the case was remanded to state court.

**V.      Contrary to Merck's Misrepresentations, Plaintiff's
         Petition States a Cause of Action Despite the Fact that Suit has
         <u>Been Instituted Prior to the Convening of a Medical Review Panel</u>**

In its *Notice of Removal*, Merck claims that plaintiff has not instituted the

requisite medical review panel proceedings prior to filing suit.  Merck should be well

aware this is a "warn out" issue tried and set forth numerous times in the past.  The fact

that plaintiff's medical malpractice claims against the treating physician may be

"procedurally" barred because the medical review panel has not convened, has been dealt

with and decided in <u>Doe v. Cutter Biological</u>, 774 F. Supp. 1001 (E.D. La. 09/05/91);

<u>Doe v. Armour Pharmaceutical Co.</u>, 837 F. Supp. 178 (E.D. La. 09/21/93).  The courts

ruled that plaintiff's petition stated a cause of action that could impose liability on the

physician and defendant's claim of fraudulently joinder is clearly without merit.  This

-9-

issue was also brought forth in some of the Rezulin cases and was disposed of based on the <u>Doe v. Cutter</u> and <u>Doe v. Armour</u> cases with the cases being remanded back to state court. This issue was not only dealt with in numerous Rezulin cases filed in the Eastern District  but also in Serzone cases.  In <u>Williams</u> and <u>Sullivan</u>, the presiding judges issued remands in both cases where doctors were also defendants, along with the pharmaceutical company, Bristol-Myers Squibb Co.

## VI.   <u>Conclusion</u>

Merck's removal of this case is a manipulative attempt to keep legitimate cases from being heard and tried in state court.  In its *Notice of Removal*, Merck argues that the petition asserts no cause of action against plaintiff's treating physician.  This argument directly contradicts Louisiana law as previously recognized by the Eastern District of Louisiana.

Merck's removal of this case is simply a ploy to have this case, and many others, transferred to an MDL.  In creating MDL's, Congress did not intend to provide large corporations, such as Merck, with an opportunity to prevent injured people from legitimately pursuing their claims in state court.  Plaintiff respectfully request, based on all of the above jurisprudence of this court, that this matter be remanded back to the state

-10-

court in which it was originally assigned.

Respectfully submitted,

**ALLAN BERGER & ASSOCS., P.L.C.**

**JOHN B. SILEO (#17797)**
**ALLAN BERGER** (# 2977)
4173 Canal Street
New Orleans, Louisiana 70119
(504) 486-9481
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by placing a copy in the United States mail, first class postage prepaid and properly addressed, and/or by facsimile transmission on this 13 day of January, 2006.

-11-

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY -1 PM 12: 59

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
McNAMARA, CHIEF JUDGE
MAY 1, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT RITCHIE       *       CIVIL ACTION

VERSUS       *       NO: 01-1001

WARNER-LAMBERT COMPANY, ET    *       SECTION: "D"(1)
AL

Before the court are the following motions:

(1)   **"Motion to Remand"** filed by Plaintiff, Robert Ritchie;

(2)   **"Motion to Stay"** filed by Defendants, Warner-Lambert Company and Pfizer Inc.; and

(3)   Plaintiff's **"Motion to Stay Transfer to MDL"**, which the court treats as Plaintiff's Opposition to Defendants' Motion to Stay.

The motions, set for expedited hearing on Monday, April 30, 2001, are before the court on briefs, without oral argument. Now, having reviewed the memoranda of counsel, the record and the applicable law, the court is unconvinced that Plaintiff has "no

DATE OF ENTRY

MAY 2 - 2001

___Fee_____
___Process_____
_X_ Dktd_____
___CtRmDep_____
Doc.No._____



PLAINTIFF'S
EXHIBIT
'A'



reasonable basis of recovery" against the in state-defendant, Dr.
Eduardo Rodriguez, who is allegedly Plaintiff's treating physician.
*Badon v. RJR Nabisco Inc*, 236 F.3d 282, 285 (5th Cir. 2000).

Defendants point the court to another Rezulin case transferred
to the MDL court in New York, where Judge Kaplan found that a
defendant physician was fraudulently joined. However, in that
case, it was "impossible to determine from the face of the
complaint" that the defendant was even a physician and he was
simply included in all of the allegations against "defendants" in
general. *In re Rezulin Products Liability Litigation*, 133
F.Supp.2d 272, 294-95 (S.D.N.Y. 2001). Such is not the case here.

Rather, in Paragraph 36 of his state-filed Petition, Plaintiff
specifically asserts the following:

36.

> Petitioner alleges, as Warner-Lambert has
> asserted,[1] petitioner's treating physician, was
> negligent in the following, non-exclusive list
> of particulars:

---

[1] In Paragraph 35 of his state-filed Petition, Plaintiff alleges:

> In other Rezulin litigation, defendant herein, Warner-Lambert, has
> alleged that the Learned Intermediary Doctrine is applicable, i.e., that
> Warner-Lambert provided adequate instructions to prescribing
> physicians and these prescribing physicians were negligent in failing to
> properly prescribe Rezulin, failing to follow Rezulin's package insert
> instructions, recommendations, and warnings and failure to properly
> inform petitioner of such adverse side effects.

*See* Petition, attached as Exhibit A to Defendants' Notice of Removal, Doc. No. 1; *see also*
Answer filed by Warner-Lambert filed in *Sherry Tate v. Warner-Lambert*, No. 2000-18513 (CDC,
State of Louisiana) (copy attached to Plaintiff's Supporting Memo., Exhibit A, Fifth, Twelfth &
Thirteenth Defenses), and text of this Minute Entry accompanying footnote 5.

A.   Failure to carefully follow Rezulin's
     package    insert    instructions,
     recommendations,    and    warnings   in
     prescribing Rezulin to plaintiff.

B.   Failure to fully monitor and evaluate
     petitioner *(sic)* heart and/or liver
     function and/or other adverse medical
     effects.

C.   Failure   to   accurately   diagnose
     petitioner's heart and/or liver and/or
     other   adverse   medical   effects   when
     petitioner   exhibited   signs   of   a
     deteriorating medical condition;

D.   Failure to recognize that Rezulin was a
     cause of petitioner's heart and/or liver
     problems and/or other adverse medical
     effects;

E.   Failure to warn or adequately inform
     petitioner   of   the   potential   harm
     associated with the use of Rezulin, and
     failure to protect petitioner from that
     harm; and

F.   Any and all other acts of negligence
     which will proven at the trial of this
     matter.

(See Petition, attached as Exhibit A to Defendants' Notice of

Removal, Doc. No. 1).

The court finds that with these allegations, Plaintiff has

alleged with particularity a viable cause of action against his

treating physician. Defendants have the heavy burden of showing

"by clear and convincing evidence"[2] that Plaintiff has "no

---

[2]    *Marathon Oil Co. v. Ruhrgas, A.G.*, 115 F.3d 315, 319 (5th Cir. 1997).

possibility"[3] of recovery against the physician, and their argument that Plaintiff fraudulently joined the physician with "cookie-cutter" conclusory allegations is half baked. (Defendants' Opp. Memo., pp. 12-15).

The court also rejects Defendants' argument that "[t]he physician defendant cannot be liable for failure to warn where, as here, the petition specifically alleges that the manufacturer 'represent[ed] to physicians that Rezulin was safe and effective.'" (Defendants' Opp., p. 15, *citing* Petition ¶ 33(i)).[4] When a Plaintiff sues multiple Defendants, the allegations against the multiple Defendants are often inconsistent. Further, here Plaintiff has alleged other specific acts against the resident physician, in addition to the failure to warn allegation.

Finally, Defendants argue that their invocation of "the learned intermediary doctrine" in another Louisiana Rezulin action[5]

---

[3]    *Id.*

[4]    Defendants rely on Judge Kaplan's decision which found that a physician was improperly joined, in part, because the plaintiff's assertion that "[d]efendants ... recklessly, falsely and/or deceptively represented or knowingly omitted, suppressed or concealed facts of such materiality regarding the safety and efficacy of Rezulin from prescribing physicians" refuted the assumption that the physician had knowledge of Rezulin's harmful effects. *In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272, 295 (S.D.N.Y.2001).

However, Defendants' reliance on Judge Kaplan's decision is misplaced, because as the court previously discussed in the text of this Minute Entry (p. 2), the Plaintiff who sued the physician in Judge Kaplan's case failed to allege specific allegations against the physician. In contrast, the Plaintiff here has asserted five specific allegations against his treating physician, only one of which is a failure to warn allegation. Thus, Judge Kaplan's decision to deny remand is inapposite to this case.

[5]    *See* Answer filed by Warner-Lambert filed in *Sherry Tate v. Warner-Lambert*, No. 2000-18513 (CDC, State of Louisiana) (copy attached to Plaintiff's Supporting Memo., Exhibit A, Fifth, Twelfth & Thirteenth Defenses).

4

is no basis for the court to find that Defendants have made a claim against the physician here (or even in that other case). (Defendants' Opp., p. 16). However, while Defendants may not have made an outright claim against a physician in any Rezulin case, the Defendants' invocation of "the learned intermediary doctrine" in that other Louisiana case nevertheless emasculates their fraudulent joinder argument in this case.

As an Alabama state court recently explained:

> A treating physician is in the best, if not only, position to advise his patients regarding possible side effects of drugs that he prescribes. This is the reasoning behind the learned intermediary doctrine, which applies equally to the relationship between the physician/patient and manufacturer [and] to the relationship between the physician/patient and pharmacist. The patient must look to the physician because only the physician can relate the propensities of the drug to the physical idiosyncracies of the patient.
>
> . . .
>
> "[T]he doctor is the learned intermediary between the manufacturer and the patient, the patient should rely on the doctor."

*Orr v. Wyeth-Ayerst Laboratories, Co.*, No. CV-98-3000-DIET, pp. 4 & 7 (Cir.Ct., Mobile Count, Alabama) (Aug. 1999) (copy supplied to this court by Defendants).[6]

The court concludes that Plaintiff did not fraudulently join

---

[6]  Having found that the resident physician was *not* fraudulently joined, the court need not address Defendants' additional argument that the named resident pharmacy was also fraudulently joined.

the in-state physician to defeat diversity jurisdiction.   Thus, removal was improvident and the matter should be remanded to state court.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand** be and is hereby **GRANTED;**[7] and

**IT IS FURTHER ORDERED** that Defendants' **Motion for Stay** be and is hereby **DENIED.**

\* \* \* \* \* \*

---

[7]      The court recognizes that the MDL Judge has established an orderly procedure which puts Plaintiffs' Motions to Remand on a fast tract for resolution.  However, in this case, the court finds that judicial efficiency and economy are better promoted by this court determining (before the case is transferred to the MDL court sitting in New York) whether a Louisiana resident, under Louisiana law, has a reasonable possibility of recovery against a Louisiana doctor.  The issue of whether or not Plaintiff has a *possibility* of recovery against the physician is not a close one, and thus there is no reason to delay the remand to state court.

FILED
U.S. DISTRICT COURT OF ...
APR 0 9 2003

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAVID SULLIVAN**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 03-0199**

**BRISTOL-MYERS SQUIBB COMPANY,**                      **SECTION "B"(5)**
**INC., ET AL.**

## ORDER AND REASONS

Before the Court are the following motions: (1) Motion for Temporary Stay of Proceedings Pending a Final Ruling by the Judicial Panel on MDL Litigation on Transfer of this case to MDL-1477 (Rec. Doc. No. 2); (2) Motion to Stay Transfer to MDL (Rec. Doc. No. 3); (3) Motion to Remand filed on behalf of Plaintiff David Sullivan (Rec. Doc. No. 4) and (4) 12(b)(1) Motion to Dismiss For Lack of Subject Matter Jurisdiction (Rec. Doc. No. 16). The Court has reviewed the pleadings and applicable law, and for the reasons that follow,

IT IS ORDERED that Defendants' Motion to Stay is **DENIED**.

IT IS FURTHER ORDERED that the Motion to Stay Transfer is **DISMISSED AS MOOT**.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Remand is **GRANTED**.

IT IS FURTHER ORDERED that the 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DISMISSED AS MOOT**.

PLAINTIFF'S
EXHIBIT
"B"

DATE OF ENTRY
APR 1 0 2003

Fee _____
Process _____
X Dktd _____
✓ CtRmDep _____
Doc.No. 14

## BACKGROUND

Plaintiff originally filed this suit for injuries incurred as a result of ingesting Serzone, a drug designed for the treatment of depression which has been linked to severe liver toxicity. Plaintiff seeks redress under Louisiana state law theories of strict liability, products liability, negligence, redhibition, and medical malpractice. Plaintiff has named as Defendants the manufacturer of Serzone, Bristol-Myers Squibb Co., Inc. (Squibb); Plaintiff's treating physician, Dr. Howard Westman; the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College; and the South Roman Street Clinic.

On January 21, 2003, Squibb removed on diversity grounds claiming that the non-diverse Defendants were fraudulently joined and no viable cause of action can be maintained against them. Two days later, Squibb filed its motion for temporary stay. Plaintiff subsequently filed his motion to remand and to stay transfer.

## DISCUSSION

### I.   Motion to Stay

Defendants urge this Court to stay all proceedings, including Plaintiff's Motion to Remand, in order to promote judicial efficiency, consistency, and for the convenience of the parties and witnesses. Defendants maintain that Plaintiff's pending Motion to Remand involves jurisdictional objections common to numerous other Serzone cases, and that there exists a risk of inconsistent pretrial rulings. Defendants contend that the benefits of a temporary stay minimize and outweigh any potential prejudice to Plaintiff. Moreover, a temporary stay will prevent Defendants from incurring the unnecessary expense of engaging in duplicative pretrial proceedings. Relying on *Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997), Defendants insist that judicial efficiency dictates that this Court exercise its authority and stay the action pending the Panel's decision on

transfer.  However, Defendants ignore Rule 1.5 of the Rules of Multidistrict Litigation.

Rule 1.5 expressly provides:

> [T]he pendency of a conditional transfer order does not in any way I.)
> suspend orders and pretrial proceedings in the district court in which
> the action that is the subject of the conditional transfer order is
> pending, or ii) limit the pretrial jurisdiction of that court; and...those
> courts wishing to address such motions have adequate time in which
> to do so.

*In re Asbestos Products Liability Litigation v. International Paper Co.*, 170 F.Supp.2d 1348,

1349 (J.P.M.L. 2001).  Thus, this Court retains jurisdiction to conduct all pre-trial proceedings

despite the possibility of transfer. *McGrew v. Schlering-Plough Corp.*, No. 01-2311, 2001 U.S. Dist.

LEXIS 12205, at *7 (D.Kan. Aug. 6, 2001).  Moreover, for purposes of judicial economy, the

jurisdictional issue should be resolved immediately; for if federal jurisdiction does not exist, the case

can be remanded before federal resources are further expended. *Id.* Judicial economy, in this case,

dictates a present ruling on the remand issue. *Id.* Therefore, the motion to stay is **DENIED**, and

the Plaintiff's motion to stay transfer should be thereby **DISMISSED AS MOOT**.

## II.   Motion to Remand

Plaintiff asserts that the above captioned action has been improperly removed because there

is no complete diversity of citizenship; therefore, subject matter jurisdiction is lacking. Defendants

contend that the non-diverse Defendants have been joined fraudulently because no viable cause of

action can be maintained against them.

The burden of establishing federal jurisdiction is placed on the party seeking removal. *Sid*

*Richardson Garbon & Gasoline Co. v. Interenergy Resources, LTD.*, 99 F.3d 746, 751 (5th Cir.

1996).  Where a defendant removes a case alleging fraudulent joinder, the removing party must

demonstrate that there is no possibility that the plaintiff can establish a cause of action against the

resident defendant or that there has been outright fraud in the plaintiff's pleading of jurisdictional

facts. *Id.*; *See also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *See*

*also Coleman v. Bayer Corp.*, 2002 WL 535465, *1-2 (E.D.La. April 3, 2002).

> When reviewing a claim for fraudulent joinder, the district court must
> evaluate all factual allegations and ambiguities in the controlling state
> law in favor of the plaintiff.  If there is any possibility that the
> plaintiff has stated a cause of action against any non-diverse
> defendant, the federal court must conclude that joinder is proper,
> thereby defeating complete diversity, and the case must be remanded.

*Sid Richardson*, 99 F.3d at 751 (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir.

1995)).  Moreover, the burden of the removing party is a heavy one and fraudulent joinder must be

asserted with particularity and supported by clear and convincing evidence.  *B., Inc. v. Miller*

*Brewing Co.*, 663 F.2d 545, 549 (5ht Cir. 1981).  In evaluating fraudulent joinder, the court does not

"determine whether the plaintiff will actually or even probably prevail on the merits of the claim,

but look[s] only for a possibility that the plaintiff might do so." *Sid Richardson*, 99 F.3d at 751.

In the sixth cause of action - Paragraph 66 - of the complaint, Plaintiff sets forth a claim for

medical malpractice against his treating physician alleging negligence for the following:

a.  Failure to carefully follow Serzone's package insert
instructions, recommendations, and warnings in
prescribing Serzone to plaintiff

b.  Failure to fully monitor and evaluate petitioner's heart
and/or liver function and/or other adverse medical
effects

c.  Failure to accurately diagnose petitioner's heart and/or
liver function and/or other adverse medical effects
when petitioner exhibited signs of deteriorating
medical condition;

d.  Failure to recognize that Serzone was a cause of
petitioner's heart and/or liver problems and/or other

4

adverse medical effects

e.   Failure to warn or adequately inform the petitioner of
     the potential harm associated with the use of Serzone,
     and failure to protect petitioner from that harm; and

f.   Any and all other acts of negligence which will be
     proven at the trial of this matter.

Defendants assert that Plaintiff's claim against Dr. Howard Westman is fraudulent because
it is premature because Plaintiff has not exhausted his administrative remedies by going through the
Medical Review Panel. Courts in the Eastern District of Louisiana have addressed the issue raised
here - whether a non-divers physician defendant is "fraudulently joined" when suit is filed in state
court prematurely (before completion of medical review panel proceedings). In *Doe v. Cutter*, 774
F.Supp. 1001 (E.D.La. 1991), Judge Feldman held that "[p]rocedural prematurity is not a
conceptually accurate measure of fraudulent joinder if the claim theory asserted can be said to have
plausible merit. Prematurity does not trump viability." *Id.* at 1004; *See also, Erdey v. American
Honda Co., Inc.*, 96 F.R.D. 593, 597 (M.D.La. 1983); *Perry v. McNulty*, 794 F.Supp. 606, 608
(E.D.La. 1992); *Kelly v. Danek Medical, Inc.*, 1994 WL 321074, at *2 (E.D.La. June 28, 1994);
*Ohler v. Purdue Pharma, L.P.*, 2002 WL 88945, at *5 (E.D.La. Jan. 22, 2002); *Ochoa v. Bristol-
Myers Squibb Co.*, 2003 WL 446821, at *4 (E.D.La. Feb. 19, 2003).

In analyzing a claim of fraudulent joinder, the key inquiry is whether the plaintiff made a
non-diverse party a defendant under a claim that has substantive merit. A premature petition under
Louisiana's Medical Malpractice Act does not preclude a finding that the petition states a cause of
action against a medical defendant. *Erdey*, 96 F.R.D. at 596. Though the action is presently
procedurally barred, Plaintiff nonetheless stated a cause of action against Dr. Westman. Thus,
Plaintiff's claim survives Defendants allegations fo fraudulent joinder. Because Defendants have

5

failed to establish that Plaintiff has no viable cause of action against Dr. Westman, a non-diverse

Defendant, there is no federal diversity jurisdiction; and the case is hereby remanded.

Accordingly, the Court has no jurisdiction to render a decision on the 12(b)(1) Motion to

Dismiss, and the motion is hereby dismissed as moot.

New Orleans, Louisiana, this 8th day of April, 2003.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

6



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHERYL WILLIAMS                          CIVIL ACTION

VERSUS                                   NO: 03-106

BRISTOL-MYERS SQUIBB CO., ET             SECTION: "J"(3)
AL

### ORDER GRANTING MOTION TO REMAND

Before the Court is the **Motion to Remand** (Rec. Doc. 4) filed
by plaintiff.  Defendant Bristol-Myers Squibb ("BMS") opposes the
motion.  The motion was set for hearing with oral argument on
February 19, 2003.  However, having reviewed the record, the
memoranda of counsel, and applicable law, the Court is satisfied
that the motion may be disposed of on the briefs, without oral
argument.  Accordingly, for the reasons which follow, the Court
finds that non-diverse defendant Dr. Jacquelyn A. Robinson was
not fraudulently joined, and thus the Motion to Remand should be
GRANTED.  Oral argument on this motion is therefore CANCELLED.

### BACKGROUND

Plaintiff filed suit in state court against BMS, her
personal physician (Dr. Robinson), and DeBlanc Pharmacy, for

PLAINTIFF'S
EXHIBIT
"C"

DATE OF ENTRY

FEB 1 3 2003

obtained as a result of a drug manufactured by BMS, prescribed to plaintiff by Dr. Robinson, and purchased by plaintiff at White's Pharmacy.

BMS then removed the matter to this Court asserting, inter alia, that Dr. Robinson was fraudulently joined, because "plaintiff has not instituted the requisite medical review panel proceeding before filing suit in district court." Notice of Removal, Rec. Doc. 1, ¶ 7.  Notably, BMS does not argue that the claims against Dr. Robinson do not allege a reasonable basis for recovery against her; rather, the essence of BMS's position is that because any claims against Dr. Robinson are premature, she is fraudulently joined.

<u>DISCUSSION</u>

The burden of proving fraudulent joinder is a difficult one and lies with the removing party.  <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 259 (5th Cir. 1995).  The removing party must establish the alleged fraud by showing that there is no possibility that the plaintiff could establish a cause of action against the removing party in state court.  <u>Dodson v. Spiliada Maritime Corp.</u>, 951 F.2d 40, 42 (5th Cir. 1992).  In evaluating claims of fraudulent joinder, a district court "must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-

2

[____ ___ ____ ___ ___, __ ___ ___ ___ Court must determine wheth[er] the party has any possibility of recovery against the party whose joinder is questioned." _Id._ If the Court concludes that such a possibility exists, there is no fraudulent joinder and the case is properly remanded. _Id._ Accordingly, in this case, BMS bears the burden of showing that there is no possibility that plaintiff can establish a cause of action against Dr. Robinson in state court.

Louisiana Revised Statute 40:1299.47(B)(1)(a)(i) provides: "No action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel. . . ." Accordingly, medical malpractice lawsuits which are filed in a court before presentation to a medical review panel are subject to a dilatory exception of prematurity, and a resulting dismissal without prejudice. _Englande v. Smithkline_, 206 F. Supp.2d 815, 817 (E.D. La. 2002), citing _Brister v. Southwest Louisiana Hosp. Ass'n_, 624 So.2d 970 (La. App. 3rd Cir. 1993)(medical malpractice suit was premature where suit was filed one day after request was made for panel review); _Jarrell v. American Medical Intern., Inc._, 552 So.2d 756 (La. App. 1st Cir. 1989), _writ denied_, 556 So.2d 1282 (plaintiff required to convene a medical review panel before filing suit); _Johnson v. Scimed, Inc._, 92 F. Supp.2d 587 (W.D. La. 2000) (Louisiana law requires the completion of the medical review process before a plaintiff may sue). In this case,

plaintiff does not contest that her state court suit against Dr. Robinson was filed prior to any presentation to a medical review panel; it is therefore premature under Louisiana law.

Thus, the precise legal issue before the Court in this case is whether the fact that plaintiff's claims against Dr. Robinson in the state court petition are subject to a dilatory exception of prematurity means that there is no possibility that the plaintiff could establish a cause of action against Dr. Robinson in state court.  See, Dodson, 951 F.2d at 42.  As numerous courts considering this question have concluded, that is not the case. See, e.g., Englande v. Smithkline, 206 F. Supp.2d 815 (E.D. La. 2002)(Feldman, J.); Johnson v. Scimed, 92 F. Supp.2d 587 (W.D. La. 2000)(Payne, M.J.); Duffy v. Pendleton Memorial Methodists Hospital, 1998 WL 273114 (E.D. La., May 28, 1998)(Vance, J.); Doe v. Armour Pharmaceutical Co., 837 F. Supp. 178 (E.D. La. 1993)(Mentz, J.); Perry v. McNulty, 794 F. Supp. 606 (E.D. La. 1992)(Arceneaux, J.); Doe v. Cutter Biological, 774 F. Supp. 1001 (E.D. La. 1991)(Feldman, J.); Erdey v. American Honda Co., Inc., 96 F.R.D. 593 (M.D. La. 1983)(Parker, J.).  A procedural bar, especially one that may be waived, simply does not eliminate the possibility that plaintiff could state a viable cause of action against Dr. Robinson.  To hold otherwise would "elevate[] form over substance," because it disregards the fact that the "key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's **substantive** claims against the

4

non-diverse defendants. *Englande*, 206 F. Supp.2d at 819
(emphasis added), citing B. Inc. v. Miller Brewing Co., 663 F.2d
545 (5ᵗʰ Cir. 1981)(other citations omitted). Put another way,
"[p]rematurity does not trump viability." *Cutter Biological*, 774
F. Supp. at 1004.

Accordingly, the Court finds that plaintiff has stated a
viable claim against Dr. Robinson, a non-diverse defendant, and
thus that her joinder was not fraudulent. Since the sole basis
for removal of this action was diversity, and diversity must be
complete, 28 U.S.C. § 1332; <u>Strawbridge v. Curtiss</u>, 7 U.S. (3
Cranch) 267, 2 L. Ed. 435 (1806), the Court need not reach the
question of whether DeBlanc Pharmacy was fraudulently joined.
Instead, because in the absence of complete diversity no basis
for federal subject matter jurisdiction exists, the Court finds
that this matter should be remanded to state court. Therefore;

**IT IS ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc.
4) should be and is hereby **GRANTED**, and this action is action is
hereby **REMANDED** to the Civil District Court for the Parish of
Orleans.

New Orleans, Louisiana, this ____ day of February, 2003.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT CIFAX | * | CIVIL ACTION NO. |
| | * | MDL 1657 |
| Plaintiff, | * | |
| versus | * | SECTION  L, MAG 3 |
| | * | |
| MERCK & CO., INC. AND | * | JUDGE FALLON |
| DR. ROBERT KESSLER | * | |
| DR. JOHN VOCKROTH | * | |
| Defendants. | * | MAGISTRATE JUDGE |
| | | KNOWLES |
| | * | |

******************************************************************

## NOTICE OF HEARING

NOW INTO COURT, through undersigned counsel, comes plaintiff, who hereby

provides notice to the defendants that plaintiff's *Motion to Remand* is scheduled on

February 15, 2006 at 9:00  a.m.

Respectfully submitted,
**ALLAN BERGER & ASSOC., P.L.C.**

_____

**JOHN D. SILEO** (# 17797)
**ALLAN BERGER** (# 2977)
4173 Canal St.
New Orleans, Louisiana 70119
(504) 486-9481
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing

document has been served upon all counsel of record

by placing a copy in the United States mail, first class

postage prepaid and properly addressed, and/or by

facsimile transmission on this ___ day of

_____, 2006.