133.    Dr. Scolnick denies each and every allegation contained in paragraph 133 of the Complaint, except admits, upon information and belief, various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS system for complete data on particular events.

134.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

135.    The allegations contained in paragraph 135 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 135 of the Complaint.

136.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Complaint.

137.    The allegations contained in paragraph 137 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said paragraph.

138.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 138 of the Complaint.

139.    The allegations contained in paragraph 139 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 139 of the

Complaint, except admits, upon information and belief, that the referenced application exists and respectfully refers the Court to the referenced application for its actual language and full text.

140.    The allegations contained in paragraph 140 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 140 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and text.

141.    Dr. Scolnick denies each and every allegation contained in paragraph 141 of the Complaint, except admits that Plaintiff purports to quote a portion of the referenced statement and respectfully refers the court to the referenced statement for its actual language and full text.

142.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 142 of the Complaint, except admits that Plaintiff purports to quote a portion of the referenced statement and respectfully refers the Court to the referenced statement for its actual language and full text.

143.    The allegations contained in paragraph 143 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 143 of the Complaint.

144.    The allegations contained in paragraph 144 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 144 of the Complaint, except admits, upon information and belief, that on or about September 28, 2004

Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market.

145.     The allegations contained in paragraph 145 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 145 of the Complaint, except admits, upon information and belief, that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.

146.     The allegations contained in paragraph 146 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 146 of the Complaint, except admits, upon information and belief, that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

147.     The allegations contained in paragraph 147 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 147 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

148.     Dr. Scolnick denies each and every allegation contained in paragraph 148 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

10016937.1

149.     Dr. Scolnick denies each and every allegation contained in paragraph 149 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

150.     The allegations contained in paragraph 150 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a responsive response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

151.     Dr. Scolnick denies each and every allegation contained in paragraph 151 of the Complaint.

152.     Dr. Scolnick denies each and every allegation contained in paragraph 152 of the Complaint, except admits that Plaintiff purports to quote a portion of the referenced article and respectfully refers the Court to the referenced article for its actual language and full text.

153.     The allegations contained in paragraph 153 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 153 of the Complaint.

154.     Dr. Scolnick admits, upon information and belief, that in February 2005, Merck participated in hearings conducted by the FDA Arthritis Drug Advisory Committee.

155.     The allegations contained in paragraph 155 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 155 of the Complaint.

## RESPONSE TO "COUNT I – NEGLIGENCE
## Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

156.     With respect to the allegations contained in paragraph 156 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

157.     Dr. Scolnick denies each and every allegation contained in paragraph 157 of the Complaint.

158.     Dr. Scolnick denies each and every allegation contained in paragraph 158 of the Complaint.

159.     Dr. Scolnick denies each and every allegation contained in paragraph 159 of the Complaint.

160.     The allegations contained in paragraph 160 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any conflict of laws rules.

161.     Dr. Scolnick denies each and every allegation contained in paragraph 161 of the Complaint, including subparagraphs a through n.

162.     Dr. Scolnick denies each and every allegation contained in paragraph 162 of the Complaint.

163.     Dr. Scolnick denies each and every allegation contained in paragraph 163 of the Complaint.

164.     Dr. Scolnick denies each and every allegation contained in paragraph 164 of the Complaint.

165.     Dr. Scolnick denies each and every allegation contained in paragraph 165 of the Complaint.

### RESPONSE TO "COUNT II – NEGLIGENCE *PER SE*
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

166.     With respect to the allegations contained in paragraph 166 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

167.     The allegations contained in paragraph 167 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies he violated any applicable law.

168.     Dr. Scolnick denies each and every allegation contained in paragraph 168 of the Complaint.

169.     The allegations contained in paragraph 169 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

170.     The allegations contained in paragraph 170 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

171.     Dr. Scolnick denies each and every allegation contained in paragraph 171 of the Complaint, including subparagraphs a. through e.

172.     Dr. Scolnick denies each and every allegation contained in paragraph 172 of the Complaint.

## RESPONSE TO "COUNT III – STRICT LIABILITY
### (Design Defect)
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

173.    With respect to the allegations contained in paragraph 173 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

174.    The allegations contained in paragraph 174 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick admits that Merck manufactured, marketed, and distributed the prescription drug VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.  Dr. Scolnick denies each and every remaining allegation contained in paragraph 174 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's alleged use of VIOXX®.

175.    Dr. Scolnick denies each and every allegation contained in paragraph 175 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

176.    Dr. Scolnick denies each and every allegation contained in paragraph 176 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of paragraph 176 of the Complaint.

177.    Dr. Scolnick denies each and every allegation contained in paragraph 177 of the Complaint.

10016937.1

32

178.     Dr. Scolnick denies each and every allegation contained in paragraph 178 of the Complaint.

179.     Dr. Scolnick denies each and every allegation contained in paragraph 179 of the Complaint.

180.     Dr. Scolnick denies each and every allegation contained in paragraph 180 of the Complaint.

181.     Dr. Scolnick denies each and every allegation contained in paragraph 181 of the Complaint.

182.     Dr. Scolnick denies each and every allegation contained in paragraph 182 of the Complaint.

183.     The allegations contained in paragraph 183 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any applicable conflicts of laws rules.

184.     The allegations contained in paragraph 184 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

185.     Dr. Scolnick denies each and every allegation contained in paragraph 185 of the Complaint.

186.     Dr. Scolnick denies each and every allegation contained in paragraph 186 of the Complaint.

187.     Dr. Scolnick denies each and every allegation contained in paragraph 187 of the Complaint.

10016937.1

## RESPONSE TO "COUNT IV – STRICT LIABILITY
### (Failure to Warn)
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

188.     With respect to the allegations contained in paragraph 188 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

189.     Dr. Scolnick denies each and every allegation contained in paragraph 189 of the Complaint.

190.     Dr. Scolnick denies each and every allegation contained in paragraph 190 of the Complaint.

191.     Dr. Scolnick denies each and every allegation contained in paragraph 191 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

192.     Dr. Scolnick denies each and every allegation contained in paragraph 192 of the Complaint.

## RESPONSE TO "COUNT V – NEGLIGENT FAILURE TO WARN
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

193.     With respect to the allegations contained in paragraph 193 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

10016937.1

194.     Dr. Scolnick denies each and every allegation contained in paragraph 194 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

195.     Dr. Scolnick denies each and every allegation contained in paragraph 195 of the Complaint.

196.     Dr. Scolnick denies each and every allegation contained in paragraph 196 of the Complaint.

197.     Dr. Scolnick denies each and every allegation contained in paragraph 197 of the Complaint.

198.     Dr. Scolnick denies each and every allegation contained in paragraph 198 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

199.     Dr. Scolnick denies each and every allegation contained in paragraph 199 of the Complaint.

### RESPONSE TO "COUNT VI – BREACH OF IMPLIED WARRANTY Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

200.     With respect to the allegations contained in paragraph 200 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

201.     Dr. Scolnick denies each and every allegation contained in paragraph 201 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

10016937.1

202.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 202 of the Complaint.

203.     The allegations contained in paragraph 203 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

204.     Dr. Scolnick denies each and every allegation contained in paragraph 204 of the Complaint.

205.     Dr. Scolnick denies each and every allegation contained in paragraph 205 of the Complaint.

206.     Dr. Scolnick denies each and every allegation contained in paragraph 206 of the Complaint.

207.     The allegations contained in paragraph 207 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

208.     Dr. Scolnick denies each and every allegation contained in paragraph 208 of the Complaint.

209.     Dr. Scolnick denies each and every allegation contained in paragraph 209 of the Complaint, including subparagraphs a through c.

210.     Dr. Scolnick denies each and every allegation contained in paragraph 210 of the Complaint.

211.     Dr. Scolnick denies each and every allegation contained in paragraph 211 of the Complaint.

212.　　Dr. Scolnick denies each and every allegation contained in paragraph 212 of the Complaint.

**RESPONSE TO "COUNT VII – BREACH OF EXPRESS WARRANTY**
**Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis**
**Sherwood, M.D. and Edward Scolnick, M.D."**

213.　　With respect to the allegations contained in paragraph 213 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

214.　　Dr. Scolnick denies each and every allegation contained in paragraph 214 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

215.　　Dr. Scolnick denies each and every allegation contained in paragraph 215 of the Complaint.

216.　　Dr. Scolnick denies each and every allegation contained in paragraph 216 of the Complaint.

217.　　Dr. Scolnick denies each and every allegation contained in paragraph 217 of the Complaint.

218.　　Dr. Scolnick denies each and every allegation contained in paragraph 218 of the Complaint.

219.　　Dr. Scolnick denies each and every allegation contained in paragraph 219 of the Complaint.

220.　　Dr. Scolnick denies each and every allegation contained in paragraph 220 of the Complaint.

10016937.1

221.      Dr. Scolnick denies each and every allegation contained in paragraph 221 of the Complaint, including subparagraphs a through b.

222.      Dr. Scolnick denies each and every allegation contained in paragraph 222 of the Complaint.

223.      Dr. Scolnick denies each and every allegation contained in paragraph 223 of the Complaint.

224.      Dr. Scolnick denies each and every allegation contained in paragraph 224 of the Complaint.

225.      Dr. Scolnick denies each and every allegation contained in paragraph 225 of the Complaint.

226.      Dr. Scolnick denies each and every allegation contained in paragraph 226 of the Complaint, including subparagraphs a through c.

227.      Dr. Scolnick denies each and every allegation contained in paragraph 227 of the Complaint.

### RESPONSE TO "COUNT VIII – MISREPRESENTATION AND SUPPRESSION BY DEFENDANT Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

228.      With respect to the allegations contained in paragraph 228 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

229.      Dr. Scolnick denies each and every allegation contained in paragraph 229 of the Complaint.

10016937.1

230.    Dr. Scolnick denies each and every allegation contained in paragraph 230 of the Complaint, including subparagraphs a through e.

231.    Dr. Scolnick denies each and every allegation contained in paragraph 231 of the Complaint.

232.    Dr. Scolnick denies each and every allegation contained in paragraph 232 of the Complaint.

233.    Dr. Scolnick denies each and every allegation contained in paragraph 233 of the Complaint.

234.    Dr. Scolnick denies each and every allegation contained in paragraph 234 of the Complaint.

235.    Dr. Scolnick denies each and every allegation contained in paragraph 235 of the Complaint.

236.    Dr. Scolnick denies each and every allegation contained in paragraph 236 of the Complaint.

237.    Dr. Scolnick denies each and every allegation contained in paragraph 237 of the Complaint.

238.    Dr. Scolnick denies each and every allegation contained in paragraph 238 of the Complaint.

### RESPONSE TO "COUNT IX – FRAUD AND MISREPRESENTATION Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

239.    With respect to the allegations contained in paragraph 239 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

10010937.1

240.     Dr. Scolnick denies each and every allegation contained in paragraph 240 of the Complaint.

241.     Dr. Scolnick denies each and every allegation contained in paragraph 241 of the Complaint.

242.     Dr. Scolnick denies each and every allegation contained in paragraph 242 of the Complaint.

243.     Dr. Scolnick denies each and every allegation contained in paragraph 243 of the Complaint.

244.     Dr. Scolnick denies each and every allegation contained in paragraph 244 of the Complaint.

245.     Dr. Scolnick denies each and every allegation contained in paragraph 245 of the Complaint.

246.     Dr. Scolnick denies each and every allegation contained in paragraph 246 of the Complaint.

247.     Dr. Scolnick denies each and every allegation contained in paragraph 247 of the Complaint.

## RESPONSE TO "COUNT X – NEGLIGENT MISREPRESENTATION
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

248.     With respect to the allegations contained in paragraph 248 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding und succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

249.     Dr. Scolnick denies each and every allegation contained in paragraph 249 of the Complaint.

250.     Dr. Scolnick denies each and every allegation contained in paragraph 250 of the Complaint.

251.     The allegations contained in paragraph 251 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

252.     The allegations contained in paragraph 252 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any conflict of laws rules.

253.     Dr. Scolnick denies each and every allegation contained in paragraph 253 of the Complaint.

254.     Dr. Scolnick denies each and every allegation contained in paragraph 254 of the Complaint.

255.     Dr. Scolnick denies each and every allegation contained in paragraph 255 of the Complaint.

### RESPONSE TO "COUNT IX – VIOLATION OF UNFAIR TRADE PRACTICE/CONSUMER PROTECTION LAWS
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

256.     With respect to the allegations contained in paragraph 256 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effort as though set forth here in full.

257.     Dr. Scolnick denies each and every allegation contained in paragraph 257 of the Complaint.

258.     Dr. Scolnick denies each and every allegation contained in paragraph 258 of the Complaint.

259.     Dr. Scolnick denies each and every allegation contained in paragraph 259 of the Complaint.

260.     Dr. Scolnick denies each and every allegation contained in paragraph 260 of the Complaint.

261.     Dr. Scolnick denies each and every allegation contained in paragraph 261 of the Complaint.

262.     Dr. Scolnick denies each and every allegation contained in paragraph 262 of the Complaint.

263.     Dr. Scolnick denies each and every allegation contained in paragraph 263 of the Complaint.

264.     Dr. Scolnick denies each and every allegation contained in paragraph 264 of the Complaint.

265.     Dr. Scolnick denies each and every allegation contained in paragraph 265 of the Complaint.

266.     Dr. Scolnick denies each and every allegation contained in paragraph 266 of the Complaint.

267.     Dr. Scolnick denies each and every allegation contained in paragraph 267 of the Complaint.

268.     Dr. Scolnick denies each and every allegation contained in paragraph 268 of the Complaint.

269.     Dr. Scolnick denies each and every allegation contained in paragraph 269 of the Complaint.

270.     Dr. Scolnick denies each and every allegation contained in paragraph 270 of the Complaint.

271.     Dr. Scolnick denies each and every allegation contained in paragraph 271 of the Complaint.

272.     Dr. Scolnick denies each and every allegation contained in paragraph 272 of the Complaint.

## RESPONSE TO "COUNT XII – UNJUST ENRICHMENT
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

273.     With respect to the allegations contained in paragraph 273 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth in full.

274.     Dr. Scolnick denies each and every allegation contained in paragraph 274 of the Complaint.

275.     Dr. Scolnick denies each and every allegation contained in paragraph 275 of the Complaint.

276.     Dr. Scolnick denies each and every allegation contained in paragraph 276 of the Complaint.

## RESPONSE TO "COUNT XIII – PUNITIVE DAMAGES
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

277.     With respect to the allegations contained in paragraph 277 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth in full.

278.     The allegations contained in paragraph 278 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

WHEREFORE, Dr. Scolnick respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Dr. Scolnick his reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## **AFFIRMATIVE DEFENSES**

279.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

280.     The Complaint fails to state a claim upon which relief can be granted.

281.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

282.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

283.     To the extent that Plaintiff asserts claims based on Defendants' adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

284.     To the extent that Plaintiff asserts claims based upon an alleged failure by Defendants to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®,

10016937.1

such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

285.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

286.     Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

287.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

288.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

289.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

290.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Dr. Scolnick is not responsible.

291.     To the extent Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice and lack of privity and because the alleged warranties were disclaimed.

292.     Plaintiff's claims are barred in whole or in part under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

293.     Plaintiff's claims are barred in whole or in part by the First Amendment.

294.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

295.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

296.     Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j of Section 402A of the Restatement (Second) of Torts.

297.     Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

298.     This case is more appropriately brought in a different venue.

299.     To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Scolnick's liability, if any, should be reduced accordingly.

300.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

301.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

302.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Pa. R. Civ. P. 1019(b).

303.     Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

304.     To the extent Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

305.     Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

306.     To the extent Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Dr. Scolnick's state and federal constitutional rights.

307.     The Complaint fails to state a cause of action against Dr. Scolnick because he was an employee of Defendant Merck and was acting within the course and scope of his employment.

10016937.1

308.    The Complaint fails to state a cause of action against Dr. Scolnick to the extent any alleged conduct occurred after Dr. Scolnick's retirement from Merck on December 31, 2002.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Dr. Scolnick to determine all of his legal, contractual and equitable rights, Dr. Scolnick reserves his right to amend and supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Dr. Scolnick will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Dr. Scolnick respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Dr. Scolnick his reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Dr. Scolnick demands a trial by jury as to all issues so triable.

Dated: New York, New York        Respectfully submitted,
      January 17, 2006

_____

Martin L. Perschetz, Esq.
Sung-Hee Suh, Esq.
William H. Gussman, Jr., Esq.
Barbara Reid, Esq.
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, NY 10022
(212) 756-2000

**STRADLEY RONON STEVENS & YOUNG, LLP**
C. Clark Hodgson, Jr., Esq.
Michael D. O'Mara, Esq.
Leslie Miller Greenspan, Esq.
2600 One Commerce Square
Philadelphia, PA 19103-7098
(212) 564-8000

*Attorneys for Defendant*
*Edward M. Scolnick, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Edward M. Scolnick, M.D. has been served on Liaison Counsel, Russ Herman by United States Mail and by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 18th day of January, 2006.