

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 18  P 12: 27

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Alex Thomas v.* | * | JUDGE FALLON |
| *Merck & Co., Inc.*, (E.D. La. Index No. 06-0098) | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorney, answers Plaintiff's Petition ("Petition") in each and every count thereof, separately and severally, as follows:

1.      Denies each and every allegation directed toward Merck in paragraph 1 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® (hereafter "Vioxx") until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Plaintiff purports to seek damages for personal injuries and economic damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "PARTIES"

2.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff was prescribed and used Vioxx and denies each and every allegation directed toward Merck in paragraph 2 of the Petition, except admits that Plaintiff purports to seek monetary damages for injuries and suffering, but denies that there is any legal or factual basis for such relief.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____
796420v.1

1

3.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and second sentences of paragraph 3 of the Petition. Denies each and every allegation directed toward Merck in the third and fourth sentences of paragraph 3 of the Petition.

4.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Petition.

5.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Petition.

6.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Petition.

7.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Petition.

8.     Denies each and every allegation set forth in paragraph 8 of the Petition except admits that Merck is a New Jersey corporation with its principal place of business in White House Station, New Jersey, and that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO "FACTS COMMON TO ALL COUNTS"

9.     Denies each and every allegation directed toward Merck in paragraph 9 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx for the indicated uses set out in the relevant United States Food and Drug Administration ("FDA") approved prescribing information until Merck voluntarily withdrew

796420v.1

Vioxx from the worldwide market on September 30, 2004.  Merck respectfully refers the Court to the relevant FDA prescribing information for Vioxx's indicated uses.

10.     Denies each and every allegation directed toward Merck in paragraph 10 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any factual or legal basis for such relief.

11.     Denies each and every allegation directed toward Merck in paragraph 11 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Plaintiff purports to seek damages, but denies that there is any factual or legal basis for such relief.

12.     Denies each and every allegation directed toward Merck in paragraph 12 of the Petition.

13.     Denies each and every allegation directed toward Merck in paragraph 13 of the Petition.

14.     Denies each and every allegation directed toward Merck in paragraph 14 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

15.     Denies each and every allegation directed toward Merck in paragraph 15 of the Petition.

16.     Denies each and every allegation directed toward Merck in paragraph 16 of the Petition.

796420v.1

### RESPONSE TO "JURISDICTION AND VENUE"

17.     The allegations set forth in paragraph 17 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff purports to place in excess of $75,000 in damages, exclusive of interest and costs, at issue, but denies any legal or factual basis for awarding same.

18.     The allegation contained in paragraph 18 of the Petition are legal conclusions as to which no responsive pleading is required.

### RESPONSE TO "COUNT I, STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN"

19.     With respect to the allegations set forth in paragraph 19 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

20.     Denies each and every allegation directed toward Merck in paragraph 20 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

21.     Denies each and every allegation directed toward Merck in paragraph 21 of the Petition.

22.     Denies each and every allegation directed toward Merck in paragraph 22 of the Petition.

23.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward Merck in paragraph 23 of the Petition.

24.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward Merck in the first and third sentences of paragraph 24 of

796420v.1

the Petition.  Denies each and every allegation directed toward Merck in the second sentence of paragraph 24 of the Petition.

25.     Denies each and every allegation directed toward Merck in paragraph 25 of the Petition.

26.     Denies each and every allegation directed toward Merck in paragraph 26 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

Merck denies each and every allegation in the unnumbered "Wherefore" paragraph following paragraph 26 of the Petition, except admits that Plaintiff purports to seek damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT II, STRICT PRODUCTS LIABILITY/FAILURE TO WARN"

27.     With respect to the allegations set forth in paragraph 27 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

28.     Denies each and every allegation directed toward Merck in paragraph 28 of the Petition.

29.     Denies each and every allegation directed toward Merck in paragraph 29 of the Petition.

30.     Denies each and every allegation directed toward Merck in paragraph 30 of the Petition.

31.     Denies each and every allegation directed toward Merck in paragraph 31 of the Petition.

796420v.1

32.     Denies each and every allegation directed toward Merck in paragraph 32 of the Petition.

33.     Denies each and every allegation directed toward Merck in paragraph 33 of the Petition.

34.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward Merck in paragraph 34 of the Petition.

35.     Denies each and every allegation directed toward Merck in paragraph 35 of the Petition.

36.     Denies each and every allegation directed toward Merck in paragraph 36 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

Merck denies each and every allegation in the unnumbered "Wherefore" paragraph following paragraph 36 of the Petition, except admits that Plaintiff purports to seek damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT III, NEGLIGENT DESIGN"

37.     With respect to the allegations set forth in paragraph 37 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

38.     Denies each and every allegation directed toward Merck in paragraph 38 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6

39.     Denies each and every allegation directed toward Merck in paragraph 39 of the Petition.

40.     Denies each and every allegation directed toward Merck in paragraph 40 of the Petition.

41.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward Merck in the first and third sentences of paragraph 41 of the Petition.  Denies each and every allegation directed toward Merck in the second sentence of paragraph 41 of the Petition.

42.     Denies each and every allegation directed toward Merck in paragraph 42 of the Petition.

43.     Denies each and every allegation directed toward Merck in paragraph 43 of the Petition.

44.     Denies each and every allegation directed toward Merck in paragraph 44 of the Petition.

Merck denies each and every allegation in the unnumbered "Wherefore" paragraph following paragraph 44 of the Petition, except admits that Plaintiff purports to seek damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT IV, NEGLIGENT FAILURE TO WARN"

45.     With respect to the allegations set forth in paragraph 45 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

46.     The allegations directed toward Merck in paragraph 46 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

7

796420v.1

required, Merck denies each and every allegation directed toward Merck in paragraph 46 of the Petition.

47.     Denies each and every allegation directed toward Merck in paragraph 47 of the Petition, including each and every allegation directed toward Merck in subparagraphs a. through e.

48.     Denies each and every allegation directed toward Merck in paragraph 48 of the Petition.

49.     Denies each and every allegation directed toward Merck in paragraph 49 of the Petition.

Merck denies each and every allegation in the unnumbered "Wherefore" paragraph following paragraph 49 of the Petition, except admits that Plaintiff purports to seek damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT V, FRAUDULENT CONCEALMENT"

50.     With respect to the allegations set forth in paragraph 50 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

51.     Denies each and every allegation directed toward Merck in paragraph 51 of the Petition.

52.     Denies each and every allegation directed toward Merck in paragraph 52 of the Petition.

53.     Denies each and every allegation directed toward Merck in paragraph 53 of the Petition.

796420v.1

54.     The allegations directed toward Merck in the first sentence of paragraph 54 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed toward Merck in said sentence.  Merck denies each and every allegation directed toward Merck in the second sentence of paragraph 54 of the Petition.

55.     The allegations directed toward Merck in paragraph 55 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed toward Merck in said paragraph.

56.     Denies each and every allegation directed toward Merck in paragraph 56 of the Petition.

57.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 of the Petition.

58.     Denies each and every allegation directed toward Merck in paragraph 58 of the Petition.

59.     Denies each and every allegation directed toward Merck in paragraph 59 of the Petition.

60.     Denies each and every allegation set forth in paragraph 60 of the Petition.

61.     Denies each and every allegation directed toward Merck in paragraph 61 of the Petition.

62.     Denies each and every allegation directed toward Merck in paragraph 62 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

Merck denies each and every allegation in the unnumbered "Wherefore" paragraph following paragraph 62 of the Petition, except admits that Plaintiff purports to seek damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VI, COMMON LAW FRAUD"

63.     With respect to the allegations set forth in paragraph 63 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

64.     Denies each and every allegation directed toward Merck in paragraph 64 of the Petition.

65.     Denies each and every allegation directed toward Merck in paragraph 65 of the Petition.

66.     Denies each and every allegation directed toward Merck in the first and second sentences of paragraph 66 of the Petition.  Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third sentence of paragraph 66 of the Petition.

67.     Denies each and every allegation directed toward Merck in paragraph 67 of the Petition.

68.     Denies each and every allegation directed toward Merck in paragraph 68 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

Merck denies each and every allegation in the unnumbered "Wherefore" paragraph following paragraph 68 of the Petition, except admits that Plaintiff purports to seek damages, but denies that there is any legal or factual basis for such relief.

796420v.1

## RESPONSE TO "COUNT VII, BREACH OF IMPLIED WARRANTY"

69.     With respect to the allegations set forth in paragraph 69 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

70.     The allegations directed toward Merck in paragraph 70 of the Petition are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation directed toward Merck in said paragraph.

71.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward Merck in paragraph 71 of the Petition.

72.     Denies each and every allegation directed toward Merck in paragraph 72 of the Petition.

73.     Denies each and every allegation directed toward Merck in paragraph 73 of the Petition.

74.     Denies each and every allegation directed toward Merck in paragraph 74 of the Petition.

Merck denies each and every allegation in the unnumbered "Wherefore" paragraph following paragraph 74 of the Petition, except admits that Plaintiff purports to seek damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VIII, BREACH OF EXPRESS WARRANTY"

75.     With respect to the allegations set forth in paragraph 75 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

796420v.1

76.     Denies each and every allegation directed toward Merck in paragraph 76 of the Petition.

77.     Denies each and every allegation directed toward Merck in paragraph 77 of the Petition and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.

78.     Denies each and every allegation directed toward Merck in paragraph 78 of the Petition.

79.     Denies each and every allegation directed toward Merck in paragraph 79 of the Petition.

80.     Denies each and every allegation directed toward Merck in paragraph 80 of the Petition.

81.     Denies each and every allegation directed toward Merck in paragraph 81 of the Petition.

Merck denies each and every allegation in the unnumbered "Wherefore" paragraph following paragraph 81 of the Petition, except admits that Plaintiff purports to seek damages, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT IX, NEGLIGENT MISREPRESENTATION"**

82.     With respect to the allegations set forth in paragraph 82 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

83.     Denies each and every allegation directed toward Merck in paragraph 83 of the Petition.

796420v.1

84.     Denies each and every allegation directed toward Merck in paragraph 84 of the Petition.

85.     Denies each and every allegation directed toward Merck in paragraph 85 of the Petition.

86.     Denies each and every allegation directed toward Merck in paragraph 86 of the Petition, including each and every allegation directed toward Merck in subparagraphs a. through e.

87.     Denies each and every allegation directed toward Merck in paragraph 87 of the Petition.

88.     Denies each and every allegation directed toward Merck in paragraph 88 of the Petition.

89.     Denies each and every allegation directed toward Merck in paragraph 89 of the Petition.

90.     Denies each and every allegation directed toward Merck in paragraph 90 of the Petition.

Merck denies each and every allegation in the unnumbered "Wherefore" paragraph following paragraph 90 of the Petition, except admits that Plaintiff purports to seek damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT X, CONCERT OF ACTION"

91.     With respect to the allegations set forth in paragraph 91 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in all paragraphs of this Answer with the same force and effect as though set forth here in full.

796420v.1

92.     Denies each and every allegation directed toward Merck in paragraph 92 of the Petition.

93.     Denies each and every allegation directed toward Merck in paragraph 93 of the Petition.

94.     Denies each and every allegation directed toward Merck in paragraph 94 of the Petition.

95.     Denies each and every allegation directed toward Merck in paragraph 95 of the Petition.

96.     The allegations directed toward Merck in paragraph 96 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed toward Merck in paragraph 96 of the Petition.

97.     Denies each and every allegation directed toward Merck in paragraph 97 of the Petition.

98.     Denies each and every allegation directed toward Merck in paragraph 98 of the Petition.

99.     Denies each and every allegation directed toward Merck in paragraph 99 of the Petition.

Merck denies each and every allegation in the unnumbered "Wherefore" paragraph following paragraph 99 of the Petition, except admits that Plaintiff purports to seek damages, but denies that there is any legal or factual basis for such relief.

796420v.1

**RESPONSE TO "Kansas City, KS designated as place of trial."**

No response is necessary to a designation of a place of trial.  Should a response be deemed required, Merck admits that Plaintiff has designated Kansas City, KS as place of trial.

**JURY DEMAND**

Merck hereby requests a trial by jury.

**AS FOR A FIRST DEFENSE,
MERCK ALLEGES:**

Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations and is otherwise untimely.

**AS FOR A SECOND DEFENSE,
MERCK ALLEGES:**

The Petition fails to state a claim upon which relief can be granted.

**AS FOR A THIRD DEFENSE,
MERCK ALLEGES:**

Each and every claim asserted or raised in the Petition is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

**AS FOR A FOURTH DEFENSE,
MERCK ALLEGES:**

If Plaintiff has sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A FIFTH DEFENSE,
MERCK ALLEGES:**

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

15

796420v.1

## AS FOR A SIXTH DEFENSE,
## MERCK ALLEGES:

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A SEVENTH DEFENSE,
## MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiff.

## AS FOR AN EIGHTH DEFENSE,
## MERCK ALLEGES:

Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A NINTH DEFENSE,
## MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH DEFENSE,
## MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

796420v.1

### AS FOR AN ELEVENTH DEFENSE,
### MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

### AS FOR A TWELFTH DEFENSE,
### MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, such injuries or losses resulted from Plaintiff's idiosyncratic reaction, pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### AS FOR A THIRTEENTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A FOURTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FIFTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part by the First Amendment.

### AS FOR A SIXTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

796420v.1

## AS FOR AN SEVENTEENTH DEFENSE,
## MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

## AS FOR A EIGHTEENTH DEFENSE,
## MERCK ALLEGES:

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

## AS FOR A NINETEENTH DEFENSE,
## MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTIETH DEFENSE,
## MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIRST DEFENSE,
## MERCK ALLEGES:

Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

## AS FOR A TWENTY-SECOND DEFENSE,
## MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

18

### AS FOR A TWENTY-THIRD DEFENSE,
### MERCK ALLEGES:

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Petition, Merck's liability, if any, should be reduced accordingly.

### AS FOR A TWENTY-FOURTH DEFENSE,
### MERCK ALLEGES:

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

### AS FOR A TWENTY-FIFTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Petition, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-SIXTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

  (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

  (b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant,

19

which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

Merck avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

796420v.1

## AS FOR A TWENTY-EIGHTH DEFENSE,
## MERCK ALLEGES:

Merck avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## AS FOR A TWENTY-NINTH DEFENSE,
## MERCK ALLEGES:

Plaintiff's claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

## AS FOR A THIRTIETH DEFENSE,
## MERCK ALLEGES:

In the event the Plaintiff has suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiff's alleged damages, injuries, and/or losses.

## AS FOR A THIRTY-FIRST DEFENSE,
## MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A THIRTY-SECOND DEFENSE,
## MERCK ALLEGES:

Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

Inasmuch as the Petition does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert

796420v.1

any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck will rely on all defenses which may become available during discovery or trial.

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Petition with prejudice and awarding Merck its reasonable costs and disbursements, including attorney's fees, together with such other and further relief that the Court may deem just and proper.

Respectfully Submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

796420v.1

John C. Aisenbrey       KS Bar # 16187
George F. Verschelden  KS Bar # 21469
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2800
Kansas City, Missouri 64108
Tel:    (816) 842-8600
Fax:    (816) 691-3495

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 18th day of January, 2006.

Thomas P. Cartmell
Brian J. Madden
Thomas J. Preuss
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112

J. Scott Bertram
The Bertram Law Firm, LLC
9229 Ward Parkway, Suite 107
Kansas City, MO 64114

Wm. Dirk Vandever
The Popham Law Firm, P.C.
323 W. 8th Street, Ste. 200
Kansas City, MO 64105

James P. Frickleton
Bartimus, Frickleton, et al.,
11150 Overbrook Drive
Leawood, KS 66211

796420v.1

Grant L. Davis
Shawn G. Foster
Davis Bethune & Jones, LLC
Ste. 2930
1100 Main St.
P.O. Box 26250
Kansas City, MO 64196

796420v.1