

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX ) | MDL Docket No. 1657 |
| ) | |
| PRODUCTS LIABILITY LITIGATION ) | SECTION L |
| ) | |
| This document relates to: ) | JUDGE FALLON |
| Anita Roberts v. Merck & Co., Inc., ) | |
| 05-4712 L (3) ) | |
| ) | MAG. JUDGE KNOWLES |
| ) | |

## DEFENDANT MERCK & CO., INC.'S RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE

### I. INTRODUCTION

Although she filed her case more than six months ago, plaintiff now requests that she be permitted "to dismiss this case without prejudice in order to further investigate and evaluate the case." Lest there be any doubt as to why she seeks dismissal, plaintiff has declined Merck's proposal that the parties stipulate to dismissal on the condition that she refile any subsequent case in federal court. Because plaintiff's motion is clearly an attempt to end-run this MDL proceeding, the Court should either deny plaintiff's motion outright or require that if plaintiff sues Merck at a later date, such suit must be filed in federal court.

### II. BACKGROUND

Plaintiff commenced this action on June 23, 2005 by filing a Petition in the District Court of Oklahoma County. On July 12, 2005, Merck removed this action to the United States District Court for the Western District of Oklahoma based on diversity under 28 U.S.C. § 1332. On July

13, 2005, Merck filed its Answer and also filed its Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. On July 26, 2005, plaintiff filed her response to Merck's Motion to Stay All Proceedings, stating, "Plaintiff has no objection to Defendant's Motion to Stay Proceedings." The next day, plaintiff filed a Motion to Dismiss without Prejudice and Brief in Support, to which Merck filed an objection. The transferor court did not rule on plaintiff's Motion to Dismiss, and this case was transferred to these MDL proceedings, where Plaintiff has again filed a Motion to Dismiss

### III. ARGUMENT

**A.     Plaintiff's Motion to Dismiss Should Be Denied.**

Voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) is not a matter of right. *Zagano v. Fordham University,* 900 F.2d 12, 14 (2d. Cir. 1990) (affirming denial of motion for voluntary dismissal and grant of dismissal with prejudice because of inefficiency and prejudice to defendant). Rather, in assessing a motion for dismissal under Rule 41, courts consider several factors, including inefficiency, the opposing party's effort and expense, and insufficient explanation of the need for a dismissal. *Id; Phillips USA, Inc. v. Allfex USA, Inc.,* 77 F.3d 354, 358 (10th Cir. 1996). *See also Holmgren v. Massey-Ferguson, Inc.,* 516 F.2d 856, 857 n. 1 (8th Cir. 1975) (court should consider whether party simply seeks to dismiss so that she can litigate in more favorable forum). As the court noted in upholding the denial of such a motion in *Phillips,* "[t]he rule is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." 77 F.3d at 357 (citation omitted) (quoting *Alamance Indus., Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir.), *cert. denied,* 368 U.S. 831, 82 S.C.t 53, 7 L.Ed.2d 33 (1961).

Application of these factors to the instant case mandates denial of plaintiff's motion. First, dismissal without prejudice would likely result in unnecessary expense and waste of judicial resources since plaintiff would evidently seek to litigate any subsequent claim in state court. Indeed, plaintiff's motion is directly contrary to 28 U.S.C. § 1407, the object of which is "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort on the part of the parties, the attorneys, the witnesses and the courts." *See* Manual for Complex Litigation (Third) at 251 (*citing In re Plumbing Fixture Cases,* 298 F. Supp. 484 (J.P.M.L. 1968)); *In re Zyprexa Prods. Liab. Litig.,* 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004) ("Centralization under Section 1407 is . . . necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary"); *In re Prempro Prods. Liab. Litig.,* 254 F. Supp. 2d 1366, 1367 (J.P.M.L. 2003) (same). This is precisely the type of situation for which Section 1407 transfer was created. Each of the Vioxx-related cases in this multidistrict litigation presents certain overlapping questions of fact and alleges similar theories of liability and injury arising from plaintiffs' treatment with Vioxx. Plaintiff's proposal would thus result in the very types of inefficiencies that MDL proceedings are intended to prevent: duplicative discovery, the potential for inconsistent rulings ,and waste of judicial resources.

Second, plaintiff's apparent reason for seeking dismissal of this case is inappropriate. Plaintiff essentially seeks a ruling that would allow her and other plaintiffs to evade the MDL process simply by dismissing cases that were initially filed in federal court (or, as here, appropriately removed to federal court) and repleading in a way that seeks to evade federal jurisdiction. As other courts have recognized, this is not a proper ground for dismissal. *See, e.g., Chase v. Ware,* 41 F.R.D. 521, 522 (N.D. Okla. 1967) (proposed dismissal denied where purpose

was to refile one plaintiff's case in state court); *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.,* (affirming district court's denial of plaintiffs' motion to dismiss without prejudice; plaintiffs' only justification for their request was to replead in a more favorable forum, and granting such a request would not only waste judicial resources but also prejudice the defendant).

Third, Merck has expended effort and expense in removing this case from state court, preparing and filing an Answer, preparing and filing a Motion to Stay, and notifying the JPML that this case should be transferred to this MDL proceeding. Discovery has begun in the MDL proceedings. Merck is in the process of responding to discovery and producing many executives and other employees for deposition. If plaintiff is seeking dismissal simply to refile her case in state court (as appears to be the case), the result would be duplication, waste and prejudice to Merck.

For these reasons, plaintiff's motion should be denied.

### B. If Plaintiff's Motion Is Granted, Dismissal Should Be Conditioned upon the Requirements That Any Case by Plaintiff against Merck Be Filed in Federal Court and Plaintiff Must Rely on Non-Specific Case Discovery in this MDL Proceeding.

Alternatively, if the Court determines that plaintiff should be permitted to dismiss this case without prejudice, dismissal should be conditioned upon two requirements. First, plaintiff should be required to file any subsequent case against Merck in federal court. Second, if plaintiff does refile this suit, she should be required to rely on any discovery already conducted in this MDL proceeding. *See* Fed. R. Civ. P. 14(a)(2) (permitting dismissal without prejudice "upon such terms and conditions as the court deems proper").

Other courts have entered similar orders. In *Williams v. laboratory Corp. of America, Inc.,* No. Civ. A.301CV0514-R, 2001 WL 896922 (N.D. Tex. Aug. 3, 2001), for example, the court granted plaintiff's motion to dismiss without prejudice, but conditioned such dismissal on

requiring any refiling by the plaintiff to be in federal court, so that the defendant "will not be faced with the expense of an additional removal petition." *Id.* at #2. The same condition was imposed on the plaintiffs in *Pittsburgh Jaycees v. United States Jaycees,* 89 F.R.D. 166 (W.D. Pa. 1981). There, the court granted the plaintiff's motion for voluntary dismissal on the condition that any future proceedings between the parties be "refiled in [the same] court to avoid the necessity of going through the same procedural steps in any subsequent litigation" because it would "eliminate duplicitous work." *Id.* at 168. *Cf. Bentz v. Reed Elsevier, Inc.,* No. C-3-00-350, 2000 U.S. Dist. LEXIS 20370, at #8 (S.D. Ohio Dec. 5, 1000) (requiring subsequent litigation to be filed in the same court because "[d]efendants should not have to fight that battle [for change of venue] again"). The same is true in this case. If plaintiff here refiles her case in state court, Merck will be forced to re-remove the case and again seek to transfer it to this MDL proceeding. Requiring her to file in federal court would avoid this duplication of effort.

Similarly, courts have conditioned voluntary dismissal on plaintiffs' agreements to use pre-existing discovery materials. *See, e.g., Brown v. Baeke,* 413 F.3d 1121 (10th Cir. 2005) (affirming grant of voluntary dismissal under several conditions, including limiting plaintiff to use of discovery that had already been accomplished); *Kansas waste Water, Inc. v. Alliant Techsystems, Inc.,* No. 01-2236-JWL, 2002 WL 1634362, at #4 (D. Kan. 2002) dismissal conditioned in part on plaintiff' use of pre-existing discovery). Similar conditions are appropriate here.

## IV. CONCLUSION

The Court should deny plaintiff's motion outright or require plaintiff to file a stipulation, stating that: (1) if she refiles her case, she will do so only in federal court; and (2) in the event

this case is refiled, any applicable discovery conducted in this MDL proceeding can be used in that case and will not need to be duplicated.

DATED THIS 19 DAY OF JANUARY, 2006.

*Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

Defendants' Liaison Counsel

John A. Kenney, OBA #4976
Sheryl N. Young, OBA #14183
Brandon L. Buchanan, OBA #18661
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Telephone:  (405) 235-9621
Facsimile:  (405) 235-0439

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 19 day of January, 2006.

*Dorothy H. Wimberly*