# AFFIDAVIT OF SERVICE

COUNTY: WEBB     CASE # 05CVQ000653     COURT 341
                                        Clt. Ref.#            Clt.#   500

ROSA REYES, INDIV. ET AL

VS
MERCK & CO., INC. AND DR. RUBEN BOCANEGRA

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  JAN 2 0 2006
LORETTA G. WHYTE
CLERK
```

The documents came to hand for service on 06/06/05  Time: 16:08:39

Documents received for service:

**CITATION; PLAINTIFF'S ORIGINAL PETITION**

The documents were delivered on 06/17/05  Time: 14:00:00

Executed at: 350 N. St. Paul St., Ste.2900
             Dallas, TX 75201
to the following: **Merck & Co., Inc.**
                  **By Delivering To C.T. Corporation System**
                  **By Delivering To The Reg. Agent Shirley Dillon**

✓ ___ PERSONALLY delivering the document(s) to the person above.
___ SUBSTITUTE SERVICE per Order by delivering to _____ a person
    over sixteen (16) years of age, at the above listed address which is the usual
    place of abode/business of the above named person.
___ POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, Clinton Wallace_____ , am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.

                                                    _____
Service Fee:_____                              Clinton Wallace
                                                    Professional Civil Process Dallas, Inc.
Witness Fee Tendered:_____                          2001 Bryan Street Suite 3175
                                                          Dallas, Texas 75201
STATE OF TEXAS}
                        VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn stated that he has personal knowledge of the facts set
forth in the foregoing affidavit and declared that the facts therein contained are true
and correct. Given my hand and seal of office this 20 day of June 2005.

PCP Inv. #D06050018                                 _____
                                                    NOTARY PUBLIC FOR THE STATE OF TEXAS

                        ___ Fee_____
                        ___ Process_____
                        _X_ Dktd_____        
                        ___ CtRmDep_____       TOBIN MCDOWELL
                        ___ Doc. No._____      MY COMMISSION EXPIRES
                                                 December 2, 2006

## CITATION
### THE STATE OF TEXAS

2005CVQ000653 D3

Notice to the Defendant: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: MERCK & CO INC,    C/O C.T. CORPORATION SYSTEM
    350 N ST. PAUL ST,
    DALLAS,   TX 75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE:
**YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT** of Webb County, Texas, to be held at the courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in the Cause #: 2005CVQ000653 D3, styled:

  ROSA REYES, PLAINTIFF,
  INDIVIDUALLY AND AS REPRESENTATIVE FOR THE ESTATE OF GILBERTO REYES, DECEASED;
  PETRA REYES, INDIVIDUALLY AND AS HEIR OF THE ESTATE OF GILBERTO REYES, DECEASED AND
  AS SURVIVING DAUGHTER OF GILBERTO REYES, DECEASED; GILBERTO REYES, INDIVIDUALLY AND A
  HEIR OF THE ESTATE OF GILBERTO REYES, DECEASED AND AS SURVIVING SON OF GILBERTO REYE
  DECEASED; AND ELIU REYES, INDIVIDUALLY AND AS HEIR OF THE ESTATE OF GILBERTO REYES
  DECEASED AND AS SURVIVING SON OF GILBERTO REYES, DECEASED
  VS.

  MERCK & CO INC, DEFENDANT,

said Plaintiff's Petition was filed in said court, by
    KATHRYN SNAPKA, (ATTORNEY FOR PLAINTIFF)
    606 N CARANCAHUA STE#1511
    CORPUS CHRISTI,   TX  , on 05/13/2005 A.D.

**WITNESS MANUEL GUTIERREZ, DISTRICT CLERK OF WEBB COUNTY, TEXAS.**
Issued and given under my hand and seal of said court at office, this May 13, 2005.

                    C L E R K   O F   C O U R T
MANUEL GUTIERREZ, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
1110 VICTORIA ST.
LAREDO, TX 78042                    BY: [signature]  DEPUTY

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, _____ at ____ o'clock ___.M. Executed at _____, within the County of _____ at _____ o'clock ___.M. on the ____ day of _____, 20____, by delivering to the within named _____, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total fee for serving this citation: $ _____

         _____ (Sheriff, Constable)

         _____ County, Texas

     By _____ Deputy


**THE STATE OF TEXAS**
**COUNTY OF WEBB**

BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY APPEARED_____,
WHO AFTER BEING DULY SWORN, UPON OATH SAID THAT A NOTICE, OF WHICH THE ABOVE IS A TRUE COPY, WAS BY _____
_____
_____TO _____ON THE _____DAY OF_____, 20____ _____


SWORN TO AND SUBSCRIBED BEFORE ME ON THE _____ DAY OF_____ _____, 20_____ TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.


            _____
            TITLE

CAUSE NO. 2005 CVQ0006353 D3

| | | |
|---|---|---|
| ROSA REYES, INDIVIDUALLY AND AS REPRESENTATIVE FOR THE ESTATE OF GILBERTO REYES, DECEASED; § § § § § | | IN THE DISTRICT COURT |
| PETRA REYES, INDIVIDUALLY AND AS HEIR OF THE ESTATE OF GILBERTO REYES, DECEASED AND AS SURVIVING DAUGHTER OF GILBERTO REYES, DECEASED; § § § § § § | | |
| GILBERTO REYES, INDIVIDUALLY AND AS HEIR OF THE ESTATE OF GILBERTO REYES, DECEASED AND AS SURVIVING SON OF GILBERTO REYES, DECEASED; AND § § § § § § § | | |
| ELIU REYES, INDIVIDUALLY AND AS HEIR OF THE ESTATE OF GILBERTO REYES, DECEASED AND AS SURVIVING SON OF GILBERTO REYES, DECEASED § § § § § § | | |
| VS. § § | | 341st JUDICIAL DISTRICT |
| MERCK & CO., INC. AND DR. RUBEN BOCANEGRA § § § | | WEBB COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROSA REYES, INDIVIDUALLY AND AS REPRESENTATIVE FOR THE ESTATE OF GILBERTO REYES, DECEASED, complaining of MERCK & CO., INC AND DR. RUBEN BOCANEGRA (hereinafter referred to as Defendants), for cause of action, Plaintiff would respectfully show unto this Court the following:

I.

This is a civil action brought on behalf of the above-styled Plaintiff, who was prescribed and used the prescription medication Vioxx® (Rofecoxib). This drug caused the Plaintiff to suffer personal injury and damages. This action seeks monetary damages for injuries caused by, and damages caused by, Vioxx® (Rofecoxib).

II.

This case is to be designated as a Level III case pursuant to Texas Rule of Civil Procedure 190.4.

III.

Plaintiff, ROSA REYES, INDIVIDUALLY AND AS REPRESENTATIVE FOR THE ESTATE OF GILBERTO REYES, DECEASED is a resident of Laredo, Webb County, Texas.

Defendant, MERCK & CO., INC., (hereinafter referred to as "Merck"), is incorporated in the State of New Jersey and has its principal place of business in Raway, New Jersey. Defendant, MERCK & CO., INC., is duly authorized to conduct business in the State of Texas. Service of process upon MERCK & CO., INC. may be accomplished by serving the agent for service of process at C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. At all times relevant herein, MERCK & CO., INC. was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including Vioxx®. MERCK & CO., INC. does business by agent in Texas and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® in Texas.

Defendant, DR. RUBEN BOCANEGRA, is an individual who may be served with process at 4151 Bob Bullock Loop, Laredo, Texas, 78043.

IV.

This Court has jurisdiction over this case as all parties are residents of or are doing business in the State of Texas, and the damages sought are within the jurisdictional limits of this Court. Plaintiff seeks recovery of monetary damages for injuries to Plaintiff, including the death of GILBERTO REYES, sustained as a result of the Defendants' negligence and gross negligence in an amount in excess of the minimum jurisdictional limits of this Court.

V.

Venue is proper in Webb County, Texas pursuant to the Texas Civil Practice and Remedies Code, Sections 15.002(1) and 15.005, in that all or a substantial part of the events or omissions giving rise to the claim occurred in Webb County, Texas. Dr. Ruben Bocanegra is a resident of Webb County, Texas.

VI.

GILBERTO REYES was prescribed Vioxx® (Rofecoxib) for the relief of pain and as a result of the ingestion of Vioxx® (Rofecoxib), he suffered from complications and injuries which led to the death of GILBERTO REYES.

VII.

Vioxx® (Rofecoxib), is a prescription drug designed to treat pain through reduced inflammation; Vioxx® (Rofecoxib) is a cox-2 selective non-steroidal anti-inflammatory agent (NSAID). The Drug Defendant did manufacture, design, package, market, sell and distribute this drug. The Drug Defendant encouraged the use of this drug through an

aggressive marketing campaign, including through its detail sales representatives and direct-to-consumers. Defendant misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects.

At all times relevant hereto, the Drug Defendant actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by these products. The Drug Defendant's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's individual rights, and hence punitive damages are appropriate.

The pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, sold and/or supplied by this Defendant, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

Further, the pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, distributed, sold and/or supplied by this Defendant was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with its aggressive marketing campaign.

The pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, distributed, sold and/or supplied by this Defendant was defective due to inadequate testing.

Additionally, Defendant failed to provide timely and adequate warnings or instructions after the manufacturer knew of the risk of injury from Vioxx® (Rofecoxib). The defective nature of this product is a contributing cause of Plaintiff's injuries.

VIII.

The Drug Defendant had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of commerce. The Drug Defendant failed to exercise ordinary care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of commerce. Defendant knew or should have known that Vioxx® (Rofecoxib) created an unreasonable risk of bodily harm, including the risk of death.

Despite the fact that the Defendant knew or should have known that Vioxx® (Rofecoxib) caused unreasonably, dangerous side effects which many users would be unable to remedy by any means, the Defendant continued to market and/or prescribe Vioxx® (Rofecoxib) to the consuming public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

Defendant knew or should have known that consumers such as the Plaintiff would foreseeably suffer injury or death as a result of the Defendant's failure to exercise ordinary care as described herein. Defendant's negligence was the proximate and/or producing cause of Plaintiff's injuries and Plaintiff's economic and non-economic loss.

The Drug Defendant made express representations to Plaintiff relative to the product, Vioxx® (Rofecoxib). Defendant represented that the product was safe and fit for use when, in fact, it was not. Such conduct constitutes misrepresentations and negligent misrepresentations resulting in Plaintiff's injuries and damages for which they sue.

The Drug Defendant, through its detail sales representatives, made representations regarding the safety and efficacy of its product, Vioxx® (Rofecoxib).

Defendant's conduct in this matter was the proximate and/or producing cause of injuries and damages suffered by Plaintiff.

At the time Defendant marketed, sold, distributed, and/or prescribed Vioxx® (Rofecoxib) for use by the general consuming public, including Plaintiff, the Defendant knew of the use for which Vioxx® (Rofecoxib) was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

Plaintiff reasonably relied upon the skill and judgment of the Defendant as to whether Vioxx® (Rofecoxib) was of merchantable quality, and safe and fit for its intended use.

Contrary to such implied warranty, Vioxx® (Rofecoxib) was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which they were intended and used as described above.

Defendant's conduct in this regard was the proximate and/or producing cause of the Plaintiff's injuries and damages.

Defendant negligently, recklessly, intentionally and fraudulently made material misrepresentations that Vioxx® (Rofecoxib) was safe and effective. Defendant represented Vioxx® (Rofecoxib) as safe so that the general consuming public, including Plaintiff, would rely upon said representations when purchasing said product.

IX.

Prior to and following the introduction of Vioxx® (Rofecoxib) into the market as a prescribable pharmaceutical medication, the Drug Defendant set in motion a campaign to

market its product. Defendant's representations made concerning Vioxx® (Rofecoxib) as a safe and effective drug were made so that Plaintiff and the general consuming public, would rely on said representations and take this drug. In fact, Plaintiff did rely on Defendant's representations in this regard.

At the time Defendant made these representations, it was aware that these representations were false and/or made these representations with reckless disregard to their truth. As a result of Defendant's fraud and misrepresentation, Plaintiff suffered injuries and damages.

X.

Defendant RUBEN BOCANEGRA, M.D., prescribed Vioxx® (Rofecoxib) to Plaintiff. Defendant, RUBEN BOCANEGRA, M.D., failed to warn GILBERTO REYES of the dangers associated with the ingestion of Vioxx and/or negligently prescribed the medication Vioxx® (Rofecoxib) to Plaintiff.

XI.

These Defendants and each of them, individually and collectively, are guilty of various acts of omission and commission which were the proximate and/or producing cause of the incidents made the basis of this lawsuit.

Plaintiff, ROSA REYES, INDIVIDUALLY AND AS REPRESENTATIVE FOR THE ESTATE OF GILBERTO REYES, DECEASED, has suffered damages in the past and will continue to suffer damages in the future, including, but not limited to physical pain and mental anguish, medical expenses, loss of wage-earning capacity, loss of inheritance and/or support, loss of enjoyment of life, physical impairment, and physical

disfigurement. Plaintiff has suffered each of these elements in an amount exceeding the minimum jurisdictional limits of this Court.

XII.

Plaintiff further alleges entitlement to pre-judgment and post-judgment interest at the highest rate permitted by law.

XIII.

Plaintiff hereby demands a trial by jury, and would show that they have tendered the required jury fee with filing of this petition.

XIV.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ROSA REYES, INDIVIDUALLY AND AS REPRESENTATIVE FOR THE ESTATE OF GILBERTO REYES, DECEASED, pray that Defendants, MERCK & CO., INC, and DR. RUBEN BOCANEGRA be duly cited to appear and answer herein, and that, upon final trial of this cause, Plaintiff recovers judgment against these Defendants, for actual damages as alleged herein, pre-judgment and post-judgment interest at the highest rate permitted by law; exemplary damages as allowed by law; costs of suit; and for such other and further relief to which they may show themselves justly entitled either at law or in equity.

Respectfully submitted,

**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
(361) 888-7676
(361) 884-8545 - FAX

By: _____
Kathryn Snapka
State Bar No. 18781200
Greg W. Turman
State Bar No. 00785123
Rick Waterhouse
State Bar No. 00788624
Craig D. Henderson
State Bar No. 00784248
Aditi Anita Shahani
State Bar No. 24041898