

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

## MERCK & CO., INC.'S OPPOSITION TO PSC'S
## MOTION TO QUASH THE DEPOSITION OF MAL MIXON

Merck & Co., Inc. ("Merck") has filed a notice of deposition of third-party witness Mal

Mixon, Chairman of the Board of the Cleveland Clinic, at 4:00 p.m. on January 24, 2006 in

Cleveland, Ohio.  Plaintiffs' Steering Committee ("PSC") has moved to quash that deposition on

the ground that Merck failed to give adequate notice to the PSC.  This Court should deny the

PSC's motion.  Not only did Merck provide adequate notice, but Mr. Mixon's deposition will be

limited to a single issue and will take less than 30 minutes.  As detailed below, Mr. Mixon's

anticipated testimony relates solely to Dr. Topol's testimony about an alleged telephone

conversation between Mr. Mixon and Merck's former Chairman, Ray Gilmartin.  The Court

admitted Dr. Topol's testimony about this alleged conversation in the first *Plunkett* trial.

Fee_____
Process_____
X  Dktd_____
   CtRmDep_____
___ Doc. No _____

Mr. Mixon is expected to testify that Dr. Topol's description of the conversation is wrong. Merck needs Mr. Mixon's firsthand account to set the record straight for the upcoming *Plunkett* retrial and for other trials where Dr. Topol may testify by deposition.

PSC argues that Merck did not give the PSC adequate notice or time to prepare for the deposition of Mr. Mixon because Pre-Trial Order 9 requires thirty days notice. The PSC's argument is disingenuous. PSC has on at least four recent occasions unilaterally noticed third-party depositions giving Merck's counsel only five or ten days notice. *See* Amended Notice of Deposition of Dr. James Fries (setting deposition for Jan. 23 filed Jan. 20; original notice filed Jan. 12); Notice of Deposition of Dr. David Graham (setting deposition for Jan. 23 filed Jan. 18); Amended Notice of Deposition of Eric Topol (setting deposition for Nov. 22 filed Nov. 17; original notice filed Nov. 7); and, Notice of Deposition of Massachusetts Medical Society (setting deposition for Nov. 21 filed Nov. 11) (These Deposition Notices have been attached hereto as Exhibits A through D, respectively). It is only when Merck seeks testimony that PSC would prefer Merck not to obtain in time to use at trial that PSC has raised the question of adequate notice for third-party depositions.

Merck originally set Mr. Mixon's deposition on January 23 by notice served January 18. By further notice dated January 20, Merck moved the deposition back to January 24, at 4:00 p.m. because counsel for the Cleveland Clinic indicated that this is the only date and time that works for Mr. Mixon in the short-term because he is traveling to Europe. In an effort to accommodate the PSC, Merck has made further inquiry about the availability of alternative dates before the February 6 trial and expects to hear back from Cleveland Clinic's counsel on Monday, January 23. If no other workable date is available, however, the deposition should go forward as noticed on January 24. Merck has given PSC notice comparable to the notice PSC has given Merck for

2

the recent third-party depositions listed above. Merck is attempting to accommodate the PSC, but as the PSC's own practice demonstrates, the need to schedule third-party depositions in advance of upcoming trials may sometimes, as here, require the setting of such depositions on short notice.

In this instance the PSC's objection is doubly meritless because Mr. Mixon's deposition, while important to the upcoming trial, is very limited in scope. As noted, Mr. Mixon is the Chairman of the Board of Trustees of the Cleveland Clinic, the employer of Dr. Eric Topol. In his deposition, Dr. Topol claimed that in October 2004, Merck's former Chairman, Ray Gilmartin, had contacted Mr. Mixon to complain about anti-Vioxx editorials published by Dr. Topol in the New England Journal of Medicine and the New York Times. Deposition of Eric Topol 11/22/05 at 292:21-296:9, attached as Ex. E. Specifically, Dr. Topol claims that Mr. Gilmartin asked Mr. Mixon: "What has Merck ever done to the Cleveland Clinic to warrant this?" (*Id.* at 293:16-23.) Dr. Topol further testified that he found Mr. Gilmartin's comments to be "entirely repulsive." (*Id.* at 296:8-9.)

Through Mr. Mixon's testimony, Merck expects to prove that Dr. Topol's version of the conversation between Mr. Mixon and Mr. Gilmartin is wrong and that there is nothing remotely "repulsive" about Mr. Gilmartin's remarks. Dr. Topol's and Mr. Mixon's testimony about this conversation is highly relevant because it demonstrates Dr. Topol's strong bias against Merck and his willingness to so easily condemn Merck's conduct even though the conduct never happened. Mr. Mixon's deposition is important discovery that Merck is entitled to obtain before the *Plunkett II* retrial.

3

Given its limited subject matter, Merck expects to complete Mr. Mixon's deposition in less than 30 minutes. PSC cites nothing in support of its contention that it has had insufficient time to prepare for this limited deposition, which will focus exclusively on an alleged communication about which the PSC has already deposed Dr. Topol. Likewise, given the limited subject matter of the inquiry, PSC has no basis for its claim that it needs additional time to obtain documents in advance of the deposition.[1]

Merck respectfully requests that the Court deny PSC's motion to quash and order that the deposition of Mal Mixon proceed as scheduled on January 24, 2006.

Respectfully submitted,

Phil Wittmann

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

---

[1] On Friday, January 20, 2006, the PSC served a document subpoena on Cleveland Clinic containing 25 document requests, none of which has anything to do with Mr. Mixon's testimony. Understandably, the Cleveland Clinic intends to move to quash the document subpoena.

4

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

796863v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Opposition to PSC's Motion to Quash the Deposition of Mal Mixon has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 23rd day of January, 2006.

Phil Wittmann

796863v.1



Jan 20 2006
5:24PM

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| | | : | **MDL NO. 1657** |
| **IN RE:** | **VIOXX** | : | |
| | **PRODUCTS LIABILITY LITIGATION** | : | **SECTION: L** |
| | | : | |
| | | : | **JUDGE FALLON** |
| | | : | **MAG. JUDGE KNOWLES** |
| **THIS DOCUMENT RELATES TO ALL CASES:** | | : | |
| | | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## AMENDED NOTICE OF DEPOSITION ORAL AND VIDEOTAPED

TO:   James Fries, M.D.
      Through
      Lauren Schoenthaler, Esq.
      Building 170, Third Floor, Main Quad
      P.O. Box 20386
      Stanford, CA 94305-2038


PLEASE TAKE NOTICE that pursuant to Rule 26 of the Federal Rules of Civil Procedure,

plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering Committee in the MDL,

will take the deposition of the following individuals on the date and time and location indicated

below, or at another location mutually agreed upon by the parties.

Statement of Deposition Procedures - The deposition shall be taken pursuant to Pre-Trial

Order No. 9. The terms of such order are incorporated into this Notice. The deposition will be taken

before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will

continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination

is completed.



EXHIBIT
*A*

Deponent: James Fries, M.D.
Date: January 23, 2006
Time: 10:00 A.M.
Location:1000 Welch Rd., Third Floor Conference Room, Palo Alto, CA 94304
Primary Examiner: Plaintiff Steering Committee Firm Member

Respectfully submitted:

_____

**RUSS M. HERMAN, T.A. (La. Bar #6819)**
LEONARD A. DAVIS, #14190
HERMAN, HERMAN, KATZ AND COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax:   (504) 561-6024

Temporary Address:
Place St. Charles, 201 St. Charles Avenue
Suite 4310, New Orleans, Louisiana 70170
**LIAISON COUNSEL FOR PLAINTIFFS STEERING COMMITTEE**

ANDY BIRCHFIELD JR.
Post Office Box 4160
Montgomery, AL 36103

CHRISTOPHER A. SEEGER
One William Street
New York, New York 10004

RICHARD J. ARSENAULT
Post Office Box 1190
Alexandria, LA 71309

ELIZABETH J. CABRASER
Embarcadero Center West
275 Battery St., 30th Floor
San Francisco, CA 94111
THOMAS R. KLINE
1525 Locust St., Suite 1900
Philadelphia, PA 19102

ARNOLD LEVIN
510 Walnut St., Suite 500
Philadelphia, PA 19106

CAROLYN RHODES LEWIS
1111 Bagby , Suite 2200
Houston, TX 77702

GERALD E. MEUNIER
2800 Energy Centre
1100 Poydras St.
New Orleans, LA 70163
TROY A. RAFFERTY
Post Office Box 12308
Pensacola, FL 32591

DREW RANIER
1419 Ryan St.
Lake Charles, LA 70601

MARK P. ROBINSON, JR.
620 Newport Center Dr., 7th Floor
Newport Beach, CA 92660

CHRISTOPHER V. TISI
2000 L St., NW, Suite 400
Washington, DC 20036

**PLAINTIFFS' STEERING COMMITTEE**

## *CERTIFICATE OF SERVICE*

I hereby certify that the above and foregoing has been served on defendants liaison counsel, Phillip A. Wittmann by hand delivery or electronically and upon all counsel of record electronically or by electronically being uploaded to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 8 this 20th day of January, 2006.

LEONARD A. DAVIS



10357427
Jan 18 2006
12:38PM

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL No. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO ALL CASES | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

## NOTICE OF DEPOSITION (ORAL AND VIDEOTAPED) OF DR. DAVID GRAHAM

To:   **Merck & Co., Inc.**
**Through**
**Phillip A. Wittman, Esq.**
**Stone, Pigman**
**546 Carondelet Street**
**New Orleans, LA 70130-3588**

PLEASE TAKE NOTICE that pursuant to Rule 26 of the Federal Rules of Civil Procedure,

plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering Committee in the MDL,

will take the deposition of the following individual(s) on the date(s) and time(s) indicated below at

**Ashcraft and Gerel, LLP, Once Central Plaza, Suite 1102, 11300 Rockville Pike, Rockville, MD**

**20852** or at another location mutually agreed upon by the parties.

Statement of Deposition Procedures- The deposition shall be taken pursuant to Pre-Trial

Order No. 9(Deposition Guidelines) entered April 15, 2005.   The terms of such order are

incorporated into this Notice.

Videotaped Deposition:        Yes

EXHIBIT

B

Blumberg No. 5119

The deposition will be taken before a person authorized by law to administer oaths, pursuant

to Fed. R. Civ.P. 28, and will continue from day to day, excluding Sundays and court recognized

holidays, until the examination is completed.

>Deponent: Dr. David Graham
>Date: January 23, 2006
>Time: 10:00 a.m.
>Primary Examiners: A member of the PSC or its designee

RESPECTFULLY SUBMITTED, this the 17th day of January, 2006.

Respectfully submitted,

_____

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:    (504) 581-4892
FAX:  (504) 561-6024

Temporary office:

3411 Richmond Ave.
Suite 460
Houston, TX 77046
PH:    (713) 877-1843
FAX:  (713) 871-9750
**Plaintiffs' Liaison Counsel**

| Richard J. Arsenault, Esq. | Gerald E. Meunier, Esq. |
|---|---|
| P.O.Box 1190 | Energy Centre |
| 2220 Bonaventure Court | 1100 Poydras Street, Suite 2800 |
| Alexandria, LA 71309-1190 | New Orleans, LA 70163-2800 |
| PH: (318) 487-9874 | PH: (504) 522-2304 |
| FAX: (318) 561-2591 | FAX: (504) 528-9973 |

| | |
|---|---|
| Andy D. Birchfield, Esq. (Co-Lead Counsel)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. (Co-Lead Counsel)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing pleading has been served on the below listed attorneys, as well as on Liaison Counsel, Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve Advanced in accordance with Pre-Trial Order #8, on this 17th day of January, 2006.

Theodore V. H. Mayer, Esq.
Wilfred P. Coronato, Esq.
HUGHES HUBBARD & REED LLP
101 Hudson Street Suite 3601
Jersey City, NJ 07302

Doug R. Marvin, Esq.
Laurie S. Fulton, Esq.
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| | DISTRICT OF | Maryland |
|---|---|---|

| | **SUBPOENA IN A CIVIL CASE** |
|---|---|

In Re: Vioxx Products Liabilty Litigation

| | Case Number:[1] | MDL No. 1657 Case Pending in the Eastern District of Louisiana at New Orleans |
|---|---|---|

| TO | David Graham, M.D. 19308 Dunbridge Way Gaithersburg, MD, 20886 | |
|---|---|---|

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: Ashcraft and Gerel, LLP, Once Central Plaza, Suite 1102, 11300 Rockville Pike, Rockville, MD  20852 | DATE AND TIME |
|---|---|
| | January 23, 2006 10:00 A.M. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE: | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_  — for  Plaintiff | 1/13/6 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


## SUBPOENA IN A CIVIL CASE

**In Re: Vioxx Product Liability Litigation.**

Case Number:   MDL No. 1657
Case Pending in the Eastern
District of Louisiana New
Orleans

TO: *DAVID GRAHAM, M.D.*
24212 Hawkins Landing
Gaithersburg, Maryland 20882


### AFFIDAVIT OF SPECIAL PROCESS SERVER


I, Dennis M. Wilson, am a resident of Maryland, residing at 920 Venice Drive, Silver Spring, Maryland 20904 and maintain an office at 4701 Jay St. N.E. Washington D.C. I am in no way a party to this action, nor am I other wise interested in the outcome of this suit. I am over twenty-one (21) years of age.

On Saturday January 14, 2006 at 1:30 in the afternoon I served **Subpoena and 5 pages of related documents, please find copies attached, to David Graham. M.D. Service was made at his residence found it be located at 24212 Hawkins Landing Gaithersburg, Maryland 20882.** Service was made, at his request, by leaving the papers issued by this Court at his residence with his son Daniel Graham. He contacted me via his cell phone 301-704-6292 and confirmed the case it was related to and then gave me permission to the make service as stated above.


_____
Dennis M. Wilson


Washington DC } ss
Subscribed and sworn to before me

this 17 day of January 2006.

_____
Notary Public

DONALD S. HARRELL
NOTARY PUBLIC
DISTRICT OF COLUMBIA
MY COMMISSION EXPIRES 11/30/2009



Nov 17 2005
11:50AM

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | **MDL NO. 1657** |
| **PRODUCTS LIABILITY LITIGATION:** | | |
| | : | **SECTION: L** |
| | : | |
| **THIS DOCUMENT RELATES TO ALL CASES:** | | **JUDGE FALLON** |
| | : | **MAG. JUDGE KNOWLES** |

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

## AMENDED NOTICE OF DEPOSITION (ORAL AND VIDEOTAPED) OF ERIC TOPOL, M.D.

TO:   **Merck & Co, Inc.**
      **Through**
      **Phillip A. Wittmann, Esq.**
      **STONE, PIGMAN**
      **546 Carondelet Street**
      **New Orleans, Louisiana 70130-3588**
      **LIAISON COUNSEL FOR DEFENDANTS**

PLEASE TAKE NOTICE that pursuant to Rule 26 of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering Committee in the MDL, will take the deposition of the following individuals on the dates and times indicated below at **the Intercontinental Hotel, 9801 Carnegie Ave., Cleveland, Ohio 44106, (210) 707-4100, in the Six Continents Room**, or at another location mutually agreed upon by the parties.

Statement of Deposition Procedures - The deposition shall be taken pursuant to Pre-Trial Order No. 9 (Deposition Guidelines) entered April 15, 2005. The terms of such order are incorporated into this Notice.

Videotaped Deposition:                     Yes

W:\25000-29999\27115\000\PLD\AMENDED Notice of Deposition of Eric Topol MD 2005-11-17.doc

1



EXHIBIT
C

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

1.    Deponent: **Eric Topol, M.D.**
      Date: **Tuesday, November 22, 2005**
      Time: **9:30 a.m.  EST**
      Primary Examiner: **A Member of the PSC or its designee**

Accommodations have been made for parties who wish to participate in this deposition via the internet.  Following are instructions on how to logon should you desire to participate in this manner (note:  should you have any questions on the instructions or any problems with logging on, please contact Bryan Danilovich with Courtroom Connect at (bryan@courtroomconnect.com) or at 678-524-4561).

**LOGIN INFORMATION**

Your Remote Counsel video session has been scheduled. To view this event go to RemoteCounsel.com

Enter EVENT ID: CC169120

Event Password: 188895

This password can be shared with others, and charges will be incurred for all users who login using this password.

**EVENT INFORMATION**

Date: 11/22/2005

Time: 9:00AM ET

Event: Topol Deposition

Provider: Courtroom Connect

Contact: Bryan Danilovich

Phone: 678-524-4561

W:\25000-29999\27115\000\PLD\AMENDED Notice of Deposition of Eric Topol MD 2005-11-17.doc

2

**Note:**  Those planning to log on to the deposition via the internet should ensure that they have QuickTime version 6.5 or greater.  Firewalls will sometimes block streaming video and text traffic. Mr. Danilovich with Courtroom Connect will work with end user's IT staffs to ensure the proper firewall exceptions are configured so that the streams come through.  If any person planning to attend via internet are using this system for the first time, it is strongly suggested that that person call Bryan Danilovich with Courtroom Connect at (bryan@courtroomconnect.com) or at 678-524-4561) before the deposition.

Respectfully submitted,

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA  70113
PH:   (504) 581-4892
FAX:  (504) 561-6024

Temporary address:
3411 Richmond Ave.,  Suite 460
Houston, TX  77046
PH:   (713) 877-1843
FAX:  (713) 871-9750
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq. | Gerald E. Meunier, Esq. |
| P.O.Box 1190 | Energy Centre |
| 2220 Bonaventure Court | 1100 Poydras Street, Suite 2800 |
| Alexandria, LA  71309-1190 | New Orleans, LA  70163-2800 |
| PH:  (318) 487-9874 | PH:  (504) 522-2304 |
| FAX:  (318) 561-2591 | FAX:  (504) 528-9973 |
| | |
| Andy D. Birchfield, Esq. (**Co-Lead Counsel**) | Troy Rafferty, Esq. |
| P.O. Box 4160 | 316 S. Baylen Street, Suite 400 |
| 234 Commerce Street | Pensacola, FL  32502 |
| Montgomery, AL  36103-4160 | PH:  (850) 435-7000 |
| PH:  (800) 898-2034 | FAX:  (850) 497-7059 |
| FAX:  (334) 954-7555 | |

W:\25000-29999\27115\000\PLD\AMENDED Notice of Deposition of Eric Topol MD 2005-11-17.doc

| | |
|---|---|
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. (Co-Lead Counsel)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

<u>**PLAINTIFFS' STEERING COMMITTEE**</u>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing pleading has been served on the below listed counsel via electronic submission, facsimile and/or U.S. Mail, and on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 17th day of November, 2005:

Victoria L. Vance, Esq.
The Cleveland Clinic Foundation
1950 Richmond Road
Lyndhurst, OH 44124

**LEONARD A. DAVIS**



Nov 11 2005
2:38PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|                                              |   |                    |
|----------------------------------------------|---|--------------------|
|                                              | : | **MDL NO. 1657**   |
| **IN RE:   VIOXX**                           | : |                    |
| **PRODUCTS LIABILITY LITIGATION**            | : | **SECTION: L**     |
|                                              | : |                    |
|                                              | : | **JUDGE FALLON**   |
|                                              | : | **MAG. JUDGE KNOWLES** |
| **THIS DOCUMENT RELATES TO ALL CASES**       | : |                    |
|                                              | : |                    |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## NOTICE OF DEPOSITION (ORAL AND VIDEOTAPED) OF MASSACHUSSETS MEDICAL SOCIETY

**TO:   Merck & Co., Inc**
**Through**
**Phillip A. Wittman, Esq.**
**STONE, PIGMAN**
**546 Carondolet Street**
**New Orleans, Louisiana, 70130-3588**

PLEASE TAKE NOTICE that pursuant to Rule 26 of the Federal Rules of Civil

Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering

Committee in the MDL, will take the deposition of the Massachusetts Medical Society (MMS).

Pursuant to Rule 30(b)(6), MMS shall designate one or more officers, directors, managing

agents or other persons who consent to testify regarding the matters set forth in "SCHEDULE A"

which is attached hereto.

In addition, and as set forth in the Subpoena to MMS, Exhibit B, the deponent(s) are

requested to produce the following document(s) on or before the date of the deposition for

inspection and review:

1.   Any and all documents which purport to memorialize any conversation or

communication (telephonic or otherwise) between Massachusetts Medical Society and any author



EXHIBIT
D

of the study entitled Bressalier, R.S., *et al*, <u>Cardiovascular Events Associated with Rofecoxib in a</u>

<u>Colorectal Adenoma Chemoprevention Trial</u>, New England Journal of Medicine, 2005; Vol. 352,

1092 (Feb 17, 2005) (" APPROVe") concerning that article which occurred between January 1,

2005 and February 15, 2005. This request specifically includes all memos, handwritten notes, e-

mails, or any recording of any sort.

The deposition will occur at:

Location: Brown Rudnick, 1 Financial Center # 18, Boston MA 02111
Date: November 21, 2005
Time: 9:00 A.M.

Statement of Deposition Procedures: The deposition of MMS shall be taken pursuant to Pre-

Trial Order No. 9. (Entered April 15, 2005) The terms of PTO No.9 are incorporated herein.

Videotaped Deposition:          Yes
Primary Examiner:               Donald Arbitblit, Esquire


Respectfully submitted:


**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 141910)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz, & Kotlar***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:     (504) 581-4892
Fax:    (504) 561-6024

Temporary address:
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

## Plaintiffs' Liaison Counsel

## LIAISON COUNSEL FOR PLAINTIFFS STEERING COMMITTEE

ANDY BIRCHFIELD JR.
Post Office Box 4160
Montgomery, AL 36103

THOMAS R. KLINE
1525 Locust St., Suite 1900
Philadelphia, PA 19102

CHRISTOPHER A. SEEGER
One William Street
New York, New York 10004

ARNOLD LEVIN
510 Walnut St., Suite 500
Philadelphia, PA 19106

RICHARD J. ARSENAULT
Post Office Box 1190
Alexandria, LA 71309

CAROLYN RHODES LEWIS
1111 Bagby , Suite 2200
Houston, TX 77702

ELIZABETH J. CABRASER
Embarcadero Center West
275 Battery St., 30th Floor
San Francisco, CA 94111

GERALD E. MEUNIER
2800 Energy Centre
1100 Poydras St.
New Orleans, LA 70163

TROY A. RAFFERTY
Post Office Box 12308
Pensacola, FL 32591

DREW RANIER
1419 Ryan St.
Lake Charles, LA 70601

MARK P. ROBINSON, JR.
620 Newport Center Dr., 7th Floor
Newport Beach, CA 92660

CHRISTOPHER V. TISI
2000 L St., NW, Suite 400
Washington, DC 20036

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Paul Shaw, Esquire, and defendants liaison counsel, Phillip A. Wittmann by hand delivery or electronically and upon all counsel of record electronically or by electronically being uploaded to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 8 this ⁱᵗ day of November 2005.

_____
**LEONARD A. DAVIS**

C:\DOCUME-1\DOWENS\LOCALS-1\TEMP\NEJMDEP2.WPD\wd

4

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| DISTRICT OF | Massachusetts |
|---|---|

| | SUBPOENA IN A CIVIL CASE |
|---|---|
| In Re: Vioxx Products Liability Litigation | |
| | Case Number:[1] | MDL No. 1657 Case Pending in the Eastern District of Louisiana at New Orleans |

TO: Massachusetts Medical Society
c/o Paul Shaw, Esquire
Brown Rudnick
1 Financial Center, #18
Boston, Mass. 02111

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. This deposition is being taken pursuant to Rule 30 (b)(6) of the Federal Rules of Civil Procedure. It is requested that Massachusetts Medical Society designate one or more officers, directors, managing agents, or any other person who consents to testify on its' behalf to the matters identified in the Pleading entitled Notice of Deposition (Oral & Videotaped) of the Massachusetts Medical Society which is attached hereto as Exhibit A. As required by Rule 30 (b)(6) of the Federal Rules of Civil Procedure, the Plaintiffs advise Massachusetts Medical Society of its' duty to make these designations.

| PLACE OF DEPOSITION: Brown Rudnick, 1 Financial Center # 18, Boston MA 02111 | DATE AND TIME |
|---|---|
| | November 21ˢᵗ, 2005, 9:00 A.M. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See items described in Exhibit B to Subpoena.

| PLACE: Brown Rudnick, 1 Financial Center # 18, Boston MA 02111 | DATE AND TIME |
|---|---|
| | November 21ˢᵗ, 2005, 9:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

The definitions set forth in Exhibit B to subpoena for production of documents to Massachuseetts Medical Society are incorporated as if fully set forth herein.  In additon, plaintiff requests that the Massachuseetts Medical Society produce one or more officers, directors, managing agents, or other persons to testify to the following items of examination.

## ITEMS OF EXAMINATION

1. The publication of Bombardier, C., *et al*, Comparison of Upper Gastrointestinal Toxicity of Rofecoxib and Naproxen in Patients with Rheumatoid Arthritis, New England Journal of Medicine, 2000; Vol. 343, No. 21, 1520-8 (November 23, 2000), ("VIGOR")including:

   a. Contents of a disk submitted by the authors with the draft manuscript on or about May 18, 2000;
   b. Whether the contents of the above-referenced disk were reviewed or known by any person employed by MMS on or before November 23, 2000;
   c. Circumstances under which any employee of MMS first learned of the contents of the above-referenced disk, including identity of such person(s) and date when such person(s) learned of the contents;
   d. Whether any employee(s) of MMS obtained information about rates and/or absolute numbers of cardiovascular adverse events in the VIGOR study from any source other than the author(s), on or before November 23, 2000, and if so, who obtained such information and what information was obtained;
   e. Telephone and in-person conversations between any employee(s) of MMS and any author(s) of the above referenced article;
   f. Written correspondence between any employee(s) of MMS and any author(s) of the above referenced article;
   g. Rules and guidelines for authors in submitting manuscripts for review; and
   h. Number of reprints of the article distributed by MMS in each year from 2000 to the present.

2. The publication of Bresalier, R.S., *et al*, Cardiovascular Events Associated with Rofecoxib in a Colorectal Adenoma Chemoprevention Trial, New England Journal of Medicine, 2005; Vol. 352, 1092 (Feb 17, 2005) ("APPROVe") including:

   a. A reference to the suggestion to delete investigator-reported events froma table in the draft APPROVe manuscript submitted to MMS on or about February 6, 2005;
   b. Whether information was or was not conveyed by any author(s) to any employee(s) of MMS regarding investigator-reported events in APPROVe, on or before February 15, 2005, including but not limited to (1) stated reasons why investigator-reported data were deleted; (2) statistical significance of relative risk of investigator-reported events for Vioxx v. placebo during the 0-18 month and 19-36 month segments of APPROVe; (3) results of Cox proportional hazard testing of investigator-reported events; (4) Kaplan-Meier plot of incidence of investigator-reported events; and (5) similarities and/or differences between the

adverse events which comprised the "investigator-reported" and "confirmed thrombotic" endpoints in APPROVe;

c. Telephone and in-person conversations between any employee(s) of MMS and any author(s) of the above referenced article, including but not limited to conversations between the inclusive dates of February 9 and February 15, 2005;

d. Handwritten notes of any telephone and/or in-person conversations within the scope of paragraph 2c, above, which the deponent is directed to produce before, or at the time of the deposition;

e. Rules and guidelines for authors in submitting manuscripts for review; and

f. Written correspondence between any employee(s) of MMS and any author(s) of the above referenced article.



### EXHIBIT B TO SUBPOENA FOR PRODUCTION
### OF DOCUMENTS TO MASSACHUSETTS MEDICAL SOCIETY

## DEFINITIONS

The following definitions apply to each of the requests for documents set forth herein and are deemed to be incorporated in each of said requests:

1."DOCUMENT" means paper and electronic writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained and translated through electronic means. If a DOCUMENT was prepared in several copies or if additional copies were thereafter made, and if ANY such copies were not identical or are no longer identical by reason of notation or modification of ANY kind whatsoever, including notations on the front or back of ANY pages thereof, then EACH such copy must be produced. Consistent with the above definition, the term DOCUMENT shall include, without limitation, any computer-generated, computer-stored, or otherwise maintained or reproduced COMMUNICATION or representation, any data compilation in any form, whether composed of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof.

2.  "MERCK" means Merck & Co., Inc. and ANY of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliates, predecessors, officers, directors, employees, representatives, independent contractors, or agents, including attorneys and accountants.

3.  "YOU," or "YOUR" means YOU and ANY employees, representatives, independent contractors, or agents, including attorneys and accountants, within your control.

4. "PERSON" or "PERSONS" means natural persons, proprietorships, joint ventures, partnerships, corporations, trusts, groups, associations, organizations, governmental agencies, and ALL other entities.

5. "COMMUNICATION" means EVERY manner of transmitting or receiving information, opinions, or thoughts, whether orally, in writing, or otherwise, between two or more PERSONS.

6. "IDENTIFY" with respect to PERSONS, means to give, to the extent known, the PERSON's full name, present or last known address, and when referring to a natural PERSON, additionally, the present or last known place of employment. Once a PERSON has been identified in accordance with this paragraph, only the name of that PERSON need be listed in response to subsequent discovery requesting the identification of that PERSON.

7. "AND" and "OR" are to be considered conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. "OR" is understood to include and encompass "AND."

8. "ANY" is understood to include and encompass "ALL." The word "ALL" also includes "EACH" and vice versa.

9. "VIOXX" means Vioxx (rofecoxib) in any form, whether tablet, suspension, or otherwise.

10. Reference to a drug by its generic name (e.g., rofecoxib) or its trade name (i.e., VIOXX) means both the active pharmaceutical ingredient (API) and any and all drug products which contain that API, irrespective of whether or not such drug product is a "new drug" or "new animal drug," instant release or

extended release or sustained release, or approved or unapproved by FDA, under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. 321 et seq. and any predecessor or non-final derivation of the drug that later became VIOXX.

11. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, EMPLOYEES, agents, clients, or other representatives of affiliated third parties.

12. Use of the phrase "United States Food and Drug Administration," "National Institutes of Health," or reference to any Federal agency or agencies includes agencies or divisions of all state and local political subdivisions as well as the foreign equivalents of Federal, state or local agencies including but not limited to all foreign governments or agencies thereof including but not limited to the European Union Committee for Proprietary Medicinal Products (CPMP), the United Kingdom's Medicines Control Agency (MCA), France, Canada, Ireland, Australia and Japan.

### DOCUMENTS TO BE PRODUCED

1. Any and all documents which purport to memorialize any conversation or communication (telephonic or otherwise) between Massachusetts Medical Society and any author of the study entitled Bressalier, R.S., et al, Cardiovascular Events Associated with Rofecoxib in a Colorectal Adenoma Chemoprevention Trial, New England Journal of Medicine, 2005; Vol. 352, 1092 (Feb 17, 2005) (" APPROVe") concerning that article which occurred between January 1, 2005 and February 15, 2005. This request specifically includes all memos, handwritten notes, e-mails, or any recording of any sort.

1

Confidential - Subject to Protective Order

1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF LOUISIANA
2
   IN RE: VIOXX LITIGATION: MDL DOCKET
3                             NO. 1657

   ---------------------------------------
4
   SUPERIOR COURT OF THE STATE OF CALIFORNIA
5            COUNTY OF LOS ANGELES
                    -    -    -
6
   Coordination Proceeding: CASE NO.   JCCP
7  Special Title          : JCCP NO. 4247
   (Rule 1550(b))         :
8                         :
   This Document Applies   :
9  To All                  :
   VIOXX CASES
10                  -    -    -

11              CONFIDENTIAL
12      SUBJECT TO PROTECTIVE ORDER
13                  -    -    -
14          November 22, 2005
15                  -    -    -
16
17        Videotape deposition of ERIC J.
   TOPOL, M.D., held in the InterContinental
18 Hotel, 9801 Carnegie Place, Cleveland,
   Ohio 44106, commencing at 9:41 a.m., on
19 the above date, before Linda L. Golkow, a
   Federally-Approved Registered Diplomate
20 Reporter and Certified Shorthand Reporter.
21                  -    -    -
22      GOLKOW LITIGATION TECHNOLOGIES
           Four Penn Center - Suite 1210
23      1600 John F. Kennedy Boulevard
          Philadelphia, Pennsylvania 19103
24           1.877.DEPS.USA

         Esquire Deposition Services



EXHIBIT
E

Confidential - Subject to Protective Order

1              You mentioned that you had
2    done a study for Merck; correct?
3              A.  /  With Merck, yes, the TARGET
4    trial, yes.
5              Q.    Yes.
6              And what drug was that, by
7    the way?
8              A.    That was a drug, the
9    commercial name is known as Aggrastat,
10   tirofiban.
11             Q.    Were you actually paid by
12   Merck?
13             A.    No.  I was not paid.  I did
14   do the trial.
15             Q.    Was there funding provided
16   to the institution here, the Cleveland
17   Clinic, by Merck?
18             A.    There was funding to the
19   Cleveland Clinic and to the 60 sites that
20   participated in the trial, yes.
21             Q.    Did the Cleveland -- it
22   raises the question that, has anyone from
23   Merck, to your knowledge, either
24   contacted anyone at the Cleveland Clinic

Confidential - Subject to Protective Order

```
 1    or your colleagues or anyone relating to
 2    your writings or your public statements
 3    relating to Vioxx in any way?  And if so,
 4    what is it, if anything?
 5                MR. GOLDMAN:  Objection.
 6                THE WITNESS:  I was told by
 7            a colleague here at the clinic on
 8            October 14th, the chairman of the
 9            board of trustees, Mr. Mal Mixon,
10            was contacted.
11    BY MR. KLINE:
12            Q.    His name is?
13            A.    Mal, Malachi Mixon, chairman
14    of our board of trustees.
15            Q.    Current?
16            A.    Yes, of the Cleveland
17    Clinic.  That he was contacted directly
18    by Raymond Gilmartin in October of 2004,
19    and that Mr. Gilmartin said to Mr. Mixon,
20    what has Merck ever done to the Cleveland
21    Clinic to warrant this?  And this was
22    relayed by a colleague who spoke to Mr.
23    Mixon.
24            Q.    Who was that colleague, sir.
```

294

Confidential - Subject to Protective Order

```
 1                   MR. GOLDMAN:  Objection,
 2          move to strike as nonresponsive.
 3                   THE WITNESS:  His name is
 4          Richard Rudick.
 5  BY MR. KLINE:
 6          Q.    Who is he?
 7          A.    He is the director of
 8  clinical research.
 9          Q.    Rudick was told by Mixon
10  that Mixon was contacted by Gilmartin.
11  Is that what you're telling me?
12                   MR. GOLDMAN:  Objection.
13                   THE WITNESS:  Yes.  That he
14          was further told that Mr.
15          Gilmartin and Mr. Mixon were
16          colleagues together at Harvard
17          M.B.A. school, they were old
18          friends, and that Mr. Mixon
19          understood that Mr. Gilmartin was
20          very upset when he called in
21          October '04.
22                   This was relayed on October
23          14th to Dr. Rudick.  I don't know
24          exactly what date.  I believe it
```

Confidential - Subject to Protective Order

```
1              was the day prior, October 13th,
2              but I can't know for sure.
3                   MR. GOLDMAN:  Objection,
4              lacks foundation.
5    BY MR. KLINE:
6         Q.   And where does October 14
7    fit on our chronology?  What event does
8    that relate to?
9         A.   That was eight days after
10   the New England Journal paper, of my
11   editorial, and about 13 or 12 days after
12   the New York Times op/ed.
13        Q.   And from your perspective,
14   assuming we pin all of that down that
15   that, indeed, happened -- first of all,
16   you believe that if called to testify,
17   that's what Dr. Rudick would tell us?  Is
18   that what you're saying?
19                  MR. GOLDMAN:  Objection.
20                  THE WITNESS:  Yes.  I've
21             confirmed this with Dr. Rudick,
22             yes.
23   BY MR. KLINE:
24        Q.   And what -- how do you view
```

M00585957-36

Confidential - Subject to Protective Order

```
 1   all of this?
 2              MR. GOLDMAN:  Objection.
 3   BY MR. KLINE:
 4        Q.    How do you view this event
 5   that you've just described for me?
 6              MR. GOLDMAN:  Same
 7         objection.
 8              THE WITNESS:  I find it
 9         entirely repulsive.
10   BY MR. KLINE:
11        Q.    Do you know what was said by
12   -- is it Dr. Mixon?
13        A.    No, Mr. Mixon.
14        Q.    No.  He's an M.B.A. like
15   Gilmartin?
16        A.    That's correct.
17        Q.    Have you talked to Dr. --
18   Mr. Mixon about it?
19        A.    He's never told me about it
20   directly, and I've not questioned him
21   about it.
22              MR. KLINE:  Let's take a
23         very brief break.
24              THE VIDEOTAPE TECHNICIAN:
```