UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:    VIOXX<br>                  Products Liability Litigation | MDL NO. 1657<br><br>SECTION: L |
| This Document Relates to:    ALL CASES | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PSC MOTION TO STRIKE AND SUBSTITUTE FOR CASE OF ELLIS DIAZ AS TRIAL SELECTION PURSUANT TO MINUTE ENTRY OF NOVEMBER 23, 2005

NOW INTO COURT come plaintiffs herein, who, through the undersigned Plaintiffs' Steering Committee (PSC) and for the reasons more fully set forth in the memorandum attached hereto, respectfully move the Court to strike and substitute for the case of Ellis Diaz as the matter to be tried in March, 2006, pursuant to the Court's Minute Entry of November 23, 2005.

1

___ Fee_____
___ Process_____
_X_ Dktd_____
_/_ CtRmDep_____
___ Doc. No._____

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

BY: _____
**GERALD E. MEUNIER (La. Bar #9471)
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, LLC**
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504-522-2304

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been forwarded to all counsel of record by depositing same in the United States Mail, postage prepaid, this 30th day of December, 2005.

_____
**GERALD E. MEUNIER**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:     VIOXX<br>                  Products Liability Litigation | MDL NO. 1657<br><br>SECTION: L |
| This Document Relates to:    ALL CASES | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### **MEMORANDUM IN SUPPORT OF PSC MOTION TO STRIKE AND SUBSTITUTE FOR CASE OF ELLIS DIAZ AS TRIAL SELECTION PURSUANT TO MINUTE ENTRY OF NOVEMBER 23, 2005**

MAY IT PLEASE THE COURT:

In the Court's Minute Entry of November 23, 2005, the Defendant Steering Committee (DSC) was directed to select for the second MDL trial (in March 2006) a case initially filed in the EDLA, provided it was both "ready" for trial and "instructive." The importance of this two-fold criteria for MDL trial selection cannot be over-emphasized, as Your Honor repeatedly has stated at conferences with counsel on the record. Neither the MDL proceedings nor the parties will be served if cases are selected for trial which are not fully prepared for proper presentation to a jury, and which,

3

additionally, will not result in verdicts which truly inform the parties as to the pertinent claims and defenses in this litigation.

The PSC respectfully submits that the Ellis Diaz case selected by the DSC for the March 2006 trial is <u>neither</u> trial-ready <u>nor</u> instructive, as required by the Court's Order. For these reasons, it is imperative that a different case be selected for this trial date.

The reasons why the *Diaz* case cannot be ready for trial in March 2006 relate directly to Hurricane Katrina and its historic aftermath. The case initially was filed by New Orleans attorney Bonnie L. Zakotnik in April, 2005. Several months later, Ms. Zakotnik's law office was destroyed by Hurricane Katrina, and she was required to relocate to a temporary office in Daytona Beach, Florida. The resulting impact on access to file material, client contact, etc. is self-evident.

While it is true that Ms. Zakotnik initially pledged to cooperate fully with counsel in the MDL in an effort to prepare the case of Mr. Diaz for trial next spring, it now is clear that this case preparation - so critically important in the context of this litigation - cannot be accomplished within the current time frame. For example, it appears that due to client communication difficulties the plaintiff's deposition cannot be scheduled in January, 2006, as requested by defendant. To proceed to trial on the merits in only two and a half months in a case this significant, when no discovery of any kind has yet commenced, is simply not feasible.

Moreover, <u>all</u> of the medical treatment of Mr. Diaz took place in New Orleans. The dramatic and adverse impact on the status of local healthcare providers following Hurricane Katrina is undisputed, and a matter of which this Court surely can take notice. Through executed medical authorization forms, certain medical records concerning Mr. Diaz have been obtained. However, complete pharmacy records concerning the plaintiff's Vioxx use are not available at this time, and

neither has it been possible to make contact with the prescribing physician.

In order for the case of Ellis Diaz to be trial-ready next spring, it also will be essential to locate, obtain records from, interview, and/or depose the healthcare providers who currently are, or most recently have been, involved in the treatment and evaluation of this plaintiff's heart condition. This has not been accomplished - and cannot be accomplished- in the next month or so, given the conditions prevailing in the local medical community after Hurricane Katrina.

None of this should come as a surprise to the Defendant Merck. In a letter to the Court (and copied to opposing liaison counsel) dated December 22, 2005, Plaintiffs' liaison counsel Russ Herman made the following report in connection with the *Diaz* case:

> "Many pertinent medical and hospital records have not yet been located nor have the primary physicians treating Mr. Diaz. Ms. Zakotnik will make an attempt to locate and schedule appointments with those physicians. No discovery has been taken in the case and Ms. Zakotnik, with the PSC's assistance, shall attempt to arrange Mr. Diaz' deposition the third or fourth week of January, 2006."

It now is apparent that these obstacles to trial preparation and readiness not only remain, but cannot be overcome in time for a March 2006 trial. While counsel for Mr. Diaz, Ms. Zakotnik, still hopes to return to New Orleans next month (January, 2006), there is no way to predict when the needed medical records, physician contact, and discovery can or will take place.

The fact that the *Diaz* case cannot and will not be trial-ready in March 2006 is <u>per se</u> indicative that any verdict in this case would fail to be "instructive" as required by the Court's Order. As stated by Mr. Herman in the above-referenced letter:

> Without adequate and reasonable-depth discovery, the trial of cases selected by Merck [such as *Diaz* in March, 2006] may have the effect of temporarily boosting Merck's stock value, but ... will not serve as a true reflection of liability parameters nor lead to constructive discussion of resolution.

Ideally, counsel for <u>both</u> sides in this litigation should agree that a case is both ready and instructive. Otherwise, the exercise of judicial resources in setting and trying cases in the MDL comes to naught.

Aside from the issue of trial-readiness, a verdict in the *Diaz* case would not be "instructive" for other reasons. In the first place, the medical records obtained to date indicate that Mr. Diaz suffers from a significant psychological disorder (schizophrenia). Whether and to what extent this disorder will impede or complicate trial preparation, discovery, or plaintiff's testimony at the trial itself, remain to be seen; but at the very least it would be reasonable to allow sufficient time to carefully weigh and assess this confounding factor in the case.

Secondly, the medical records obtained to date (although not current, as noted above) suggest that Mr. Diaz has made a strong recovery from his myocardial infarction. In fact, the PSC fully expects Merck to argue in this case that plaintiff has <u>no</u> residual or objectively-verifiable harm as a result of his heart attack. To select such a case for trial, therefore, is to effectively preclude any guidance or instruction from a verdict-based assessment of damages for cardiovascular injury due to the long-term use of Vioxx. The case selected for an MDL trial should be instructive as to both quantum and liability. Conversely, no case-wide insight is gained from an award of damages in a matter where defendant is in a position to argue there has been <u>no</u> residual harm from a past cardiovascular event.

The trial of each MDL case will have impact on the substantive rights of thousands of clients not represented by members of the PSC. The PSC therefore is obliged to seek the selection of cases for trial which protect those rights. This can be done only if the parties strictly adhere to the Court's two-fold directive to chose cases which are <u>both</u> ready for trial <u>and</u> capable of rendering informative and instructive verdicts. The selection of the first MDL case for trial (*Irvin*) was made over the

objection of the PSC, which instead proposed the trial of the *Pikul* case. The Defendant Merck's preference to try *Irvin* was honored by the Court, and now this same case will be tried a second time in February 2006. If a second selection by Merck, the *Diaz* case, is now the next MDL trial, and if the Court adheres to its earlier proposal that the third and fourth trials be cases respectively selected by the PSC and Merck, the end result is that Merck will have chosen three of the first four cases for trial in the MDL. It is difficult under this scenario for the PSC to warrant to the many plaintiffs' counsel and their clients in this litigation that their substantive rights are being adequately protected.

Finally, it should be emphasized that viable alternatives to the selection of the *Diaz* case have been identified by the PSC and are available at this time. On November 30, 2005, Plaintiffs' Liaison Counsel Mr. Herman identified in correspondence to the Court that four cases satisfied both the "readiness" and "instructive" requirements for an MDL trial, i.e. the cases of *Pikul*, *Boyer*, *Burt*, and *Borowicz*. In a letter to the Court dated December 16, 2005, Mr. Herman supplemented this information by additionally identifying the *Stubblefield* case. It is respectfully submitted that any one of these five cases is a more appropriate trial selection for March 2006 than is the *Diaz* case.

The unavoidable circumstances of Hurricane Katrina make it not feasible to proceed to trial in two and a half months with a locally-filed case involving displaced counsel, a displaced client, displaced healthcare providers, no formal discovery to date, discovery obstacles, and still-unavailable medical information and records. The alternative cases mentioned, on the other hand, have been fully investigated, prepared and discovered for trial purposes. These are the kinds of cases in which verdicts can and will be based upon complete evidence presentations, capable of yielding informative verdicts. The PSC respectfully requests that any one of these five cases be substituted for *Diaz* as the matter to be tried in March 2006.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

BY: _____
GERALD E. MEUNIER (La. Bar #9471)
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504-522-2304

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing has been forwarded to all counsel of record by depositing same in the United States Mail, postage prepaid, this 30th day of December, 2005.

_____
**GERALD E. MEUNIER**