FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 24  PM 4: 12

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  VIOXX | * | MDL NO. 1657 |
|       PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION:  L |
| | * | |
| This document relates to: ALL CASES | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |
| | * | |

**************************************************************************

### <u>UNITED STATES MOTION TO QUASH SUBPOENA</u>

NOW INTO COURT, through the undersigned Assistant United States Attorney, comes the

United States of America by and on behalf of the United States Food and Drug Administration

("FDA") and  FDA employee David Graham, M.D., and moves this Honorable Court to quash the

Subpoena issued by Plaintiffs in the captioned matter to compel the testimony of FDA employee

David Graham, M.D., on the grounds that Dr. Graham is an employee of the FDA, an agency of the

United States, and cannot be compelled to testify via a subpoena issued under Federal Rule of Civil

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

Procedure 45, for the reasons more fully set forth in the memorandum in support accompanying this motion.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

SHARON D. SMITH (Bar No. 17146)
Assistant United States Attorney
United States Attorney' Office
500 Poydras Street, Room B210
New Orleans, Louisiana 70130
Telephone: (504) 680-3004

OF COUNSEL:

Paula M. Stannard
Acting General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Michael Levy
Associate Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, Maryland 20857
(301) 827-5087

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| IN RE:  VIOXX | * | MDL NO. 1657 |
|      PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION:  L |
| | * | |
| This document relates to: ALL CASES | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA</u>

**MAY IT PLEASE THE COURT:**

     The United States Food and Drug Administration ("FDA") submits this Memorandum in

Support of Motion to Quash or Modify Subpoena.

## <u>INTRODUCTION</u>

     This matter arises from private actions filed against Merck and Co., Inc. ("Merck"), which

were consolidated as a multi-district litigation ("MDL"), styled as <u>In Re: Vioxx Products Liability</u>

<u>Litigation</u>, MDL No. 1657 (E.D. La).  FDA is <u>not</u> a party to the MDL.

     In a letter dated December 19, 2005, attorneys for the Plaintiffs in the MDL ("Plaintiffs")

requested that FDA allow its employee Dr. David Graham to testify in a deposition.  [Exhibit No.

1, Correspondence from Christopher Tisi to Carmelina Allis dated December 19, 2005.]  FDA

reviewed the request in accordance with its <u>Touhy</u>[1] regulations, 21 C.F.R. Part 20, regarding requests

for the testimony of FDA employees, and concluded that Plaintiffs' request did not meet the

requirements of 21 C.F.R. § 20.1.  Accordingly, FDA denied the request on January 18, 2006.

[Exhibit No. 2., Correspondence from Lana Ogram to Christopher Tisi dated January 18, 2006.]

---

    [1]  <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

Without waiting for FDA's denial, on January 14, 2006, Plaintiffs served Dr. Graham with a subpoena ["Graham subpoena" or "Subpoena"] and a notice of deposition for testimony to be conducted on Monday, January 23, 2006.[2]  [Exhibit No.  3., Subpoena and Notice of Deposition dated January 14, 2006.]  On January 19, 2006, FDA notified Plaintiffs that the Subpoena was improper and explained FDA's position.  [Exhibit No. 4, correspondence from Michael Levy to Christopher Tisi dated January 19, 2006.]  Plaintiffs' counsel agreed to postpone the deposition if FDA would file the instant motion to quash.

As demonstrated below, Plaintiffs' Subpoena should be quashed because:  (1) the federal government is not a "person" within the meaning of Fed. R. Civ. P. 45 and cannot be served with a third-party subpoena; and (2) the doctrine of sovereign immunity precludes enforcement because Plaintiffs' only avenue to challenge FDA's denial of the Touhy request is through the Administrative Procedures Act.

_____

[2]  Plaintiffs' Notice of Deposition did not contain Dr. Graham's address and, therefore, violated Rule 30(b)(1), which requires that a notice of deposition state "the name and address of each person to be examined." Fed. R. Civ. P. 30(b)(1).  The Notice of Deposition was incorrectly entitled "Notice of Deposition (Oral and Videotaped) of Dr. James Fries" and was addressed to:

Merck & Co., Inc.
Through
Phillip A. Wittman, Esq.
Stone, Pigman
546 Carondelet Street
New Orleans, LA 70130-3588

In addition, the Certificate of Service submitted with the Subpoena and Notice of Deposition was plainly inaccurate, stating that it was served on "Liaison Counsel, Phillip Wittman," on November 28, 2005.  Finally, under Rule 30(b)(1), Plaintiffs were required to give "reasonable notice" of the deposition.  The government contends that nine days – and a mere five business days – did not allow "reasonable" time for preparation.  For these reasons, the Notice of Deposition was defective and unenforceable.

## LAW AND ARGUMENT

**A.**    **THE UNITED STATES IS NOT A "PERSON" WITHIN THE MEANING OF RULE 45 AND IS NOT OBLIGATED AS A NON-PARTY TO RESPOND TO PLAINTIFFS' SUBPOENA.**

Rule 45 states that "Every subpoena shall. . . (C) command each <u>person</u> to whom it is directed. . . to produce and permit inspection and copying of designated [items]." Fed. R. Civ. P. 45(a)(1)(C) (emphasis added).  The Supreme Court has consistently held that as a matter of plain meaning, "the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude [the government]." <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 64 (1989) (internal quotations omitted); <u>see also</u> <u>Vermont Agency of Natural Res. v. United States ex rel. Stevens</u>, 529 U.S. 765, 781 (2000); <u>Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund</u>, 500 U.S. 72, 82-83 (1991); <u>United States v. United Mine Workers of America</u>, 330 U.S. 258, 275 (1947).  The presumption is "not a hard and fast rule of exclusion, but may be disregarded only upon some affirmative showing of statutory intent to the contrary." <u>Stevens</u>, 529 U.S. at 781.

While this Court has not specifically ruled whether a government agency is a "person" under Rule 45 when it is not a party, at least five recent decisions in the United States District Court for the District of Columbia have so held.  <u>See</u> <u>Truex v. Allstate Insurance Co.</u>, Misc. No. 05-439 (D.D.C. Jan. 10, 2006) (Facciola, J.) (subpoena for deposition testimony of agency employee was not enforceable because government was not "person" under Rule 45); <u>AlohaCare v. State of Hawaii</u>, Misc. No. 04-498 (D.D.C. Jun. 28, 2005) (Kollar-Kotelly, J.) (the term "person" in Rule 45 does not include the federal government) [Exhibit No. 5]; <u>Yousuf v. Samantar</u>, Misc. No. 05-110 (D.D.C. May 3, 2005) (Walton, J.) (Rule 45 cannot be used to compel the federal government to produce documents when it is not a party to the case); <u>United States ex rel. Taylor v. Gabelli</u>, Misc. No.04-

534 (D.D.C. May 2, 2005) (Leon, J.) ("the term 'person' in Rule 45, in the absence of a satisfactory basis to override this interpretive presumption [that 'person' excludes sovereign], does not include the federal government"); Lerner v. District of Columbia, Civil Action No. 00-1590 (D.D.C. January 5, 2005) (Kessler, J.) (court lacked jurisdiction to subpoena the federal government because "the 'requisite affirmative indications' that the term 'person' in Rule 45 includes the federal government are absent"). The courts in these cases found that the rules of statutory construction, which generally exclude the sovereign from being a "person" as used in Rule 45, prohibit the court from allowing a non-party federal government agency, including individual employees, from being subpoenaed. See also Sec. & Exch. Comm'n v. Biopure Corp., Misc. No. 05-506 (D.D.C. January 20, 2006) (Kay, J.) (subpoena for deposition testimony of FDA employee not enforceable because FDA not a person under Rule 45) [Exhibit No. 6].

In the instant case, there is no reason to disregard the presumption that the term "person" does not include the sovereign. Plaintiffs have presented no evidence that Congress intended Rule 45 to apply to the United States. Thus, this Court should follow the lead of the United States District Court for the District of Columbia and hold that an employee of a government agency, such as FDA, is not a "person" for the purposes of Rule 45, and therefore cannot be subpoenaed as a non-party.[3]

---

[3]    A determination that FDA is not a "person" under Rule 45 would not prevent Plaintiffs from taking the appropriate course of action if they want judicial review of FDA's denial of its request for deposition testimony, which is to challenge FDA's administrative decision under the Administrative Procedures Act (discussed below).

**B.**   **THE DOCTRINE OF SOVEREIGN IMMUNITY PRECLUDES ENFORCEMENT OF THE SUBPOENA BECAUSE THE ONLY PROPER RECOURSE TO CHALLENGE FDA'S DENIAL OF PLAINTIFFS' TOUHY REQUEST IS UNDER THE ADMINISTRATIVE PROCEDURES ACT.**

Courts have long recognized that the federal government's administrative agencies may promulgate regulations placing appropriate limits on demands for testimony of agency employees in civil litigation to which the agency is not a party. In United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), the Supreme Court held that a federal employee may properly refuse to honor a federal subpoena where the federal employee is in compliance with valid federal regulations.

Since Touhy, courts have interpreted Touhy to bar enforcement of subpoenas against federal employees based upon the government's sovereign immunity. See COMSAT Corp. v. National Science Foundation, 190 F.3d 269, 278 (4th Cir. 1999) ("[I]f the non-party recipient of a subpoena is a government agency, principles of sovereign immunity apply."); In re Boeh v. Daryl Gates, 25 F.3d 761, 770 (9th Cir. 1994) (subordinate federal employees "may not be held in contempt for failing to comply with a court order if a valid regulation required him not to comply"); Boron Oil Co. v. Downie, 873 F.2d 67, 71 (4th Cir.1989) ("subpoena proceedings fall within the protection of sovereign immunity . . . ."); accord United States v. Sherwood, 312 U.S. 584, 589-91 (1941) (rules of civil procedure do not waive sovereign immunity). In United States v. Wallace, 32 F.3d 921 (5th Cir. 1994), the Fifth Circuit quashed subpoenas the defendant issued to Drug Enforcement Administration agents without having complied with the Department of Justice's Touhy regulations. See also Davis v. Braswell Motor Freight Lines, Inc., 363 F.2d 600, 602-03 (5th Cir. 1966). This Court held in Landry v. Federal Bureau of Investigation, 1997 WL 375881 (E.D. La.) (Clement, J.), that because the United States had not waived its sovereign immunity, the Court lacked jurisdiction to enforce a federal subpoena against an FBI Special Agent. See Landry, 1997 WL 375881 at *1.

In the instant case, FDA has promulgated <u>Touhy</u> regulations, which are set forth at 21 C.F.R. Part 20, in order to protect agency resources and advance the agency's mission of protecting the public health.  As articulated in FDA's response to Plaintiffs' original <u>Touhy</u> request (Exhibit No. 2), the agency has expended considerable resources in this case already by providing documents to Plaintiffs regarding Vioxx.[4]  In addition, Dr. Graham has already testified before Congress.  This testimony is publicly available at http://finance.senate.gov/sitepages/hearing111804.htm.   The additional testimony Plaintiffs seek from Dr. Graham would be a reiteration of the records produced and Dr. Graham's previous testimony.  Thus, diverting the agency's time and resources for Dr. Graham to testify in this private dispute would not serve the public interest or promote the mission of the agency.  <u>See</u> <u>Boron Oil Co.</u>, 873 F.2d at 70 (holding that the policy behind the <u>Touhy</u> line of cases, at least as pertaining to the compelled testimony of agency employees, is to conserve agency resources when the government is not a party to the underlying suit).

Further, given its limited staff, FDA would be crippled in its ability to fulfill its primary statutory mandate – protection of public health by ensuring the safety of the nation's supply of food, drugs, biologics, and medical devices – if it permitted its officers and employees to be repeatedly called away from their work to provide testimony in the myriad third-party lawsuits involving FDA-regulated products and companies.  <u>See</u> <u>Alexander v. FBI</u>, 186 F.R.D. 66, 71(D.D.C. 1998) (finding that <u>Touhy</u> regulations are applicable where "private litigants seek to drag a witness employed by the federal government or one of its agencies into court to offer some testimony on a particular party's behalf"); <u>see also</u> <u>COMSAT Corp. V. National Science Foundation</u>, 190 F.3d 269, 278 (4th

---

[4] FDA estimates that in responding to a request for Vioxx-related documents issued in this case, it has, to date, processed and produced to Plaintiffs over 25,000 pages of documents.  FDA continues to process this huge document request.

Cir. 1999) ("When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources.").

FDA's <u>Touhy</u> regulations are designed to protect the agency's resources and public health mission in cases like this. They specifically prohibit officers and employees of FDA from testifying about FDA functions or information acquired in the discharge of their official duties unless authorized to do so by the Commissioner of Food and Drugs or his designee. 21 C.F.R. § 20.1(a). Any person who desires testimony from an FDA officer or employee must therefore submit a written request in accordance with the procedures set forth in 21 C.F.R. § 20.1(c).

Plaintiffs are obviously aware of FDA's <u>Touhy</u> regulations because on December 19, 2005, plaintiff's counsel submitted a <u>Touhy</u> request for the testimony he now seeks with the Subpoena. On January 18, 2006, FDA denied this request because it did not meet the requirements of 21 C.F.R. § 20.1. <u>See</u> Exhibit 2. Plaintiffs cannot circumvent this result by avoiding an appeal and seeking the same material through the Subpoena. <u>See Houston Bus. Journal, Inc., v. Office of the Comptroller</u>, 86 F.3d at 1212 n.4 (observing that "federal-court litigants may [not] obtain a subpoena <u>ad testificandum</u> against an employee of a federal agency that has enacted a <u>Touhy</u> regulation"); <u>see also</u> <u>Edwards v. U.S. Dep't of Justice</u>, 43 F.3d 312, 317 (7th Cir. 1994) ("<u>Touhy</u> is party of an unbroken chain of authority that supports the . . . contention that a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations.").

Plaintiffs' only recourse now is to challenge FDA's action as arbitrary and capricious or an abuse of discretion under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551, et seq. The APA provides the sole avenue for review of an agency's refusal to permit an employee to comply with a subpoena. <u>See COMSAT Corp. v. National Science Foundation</u>, 190 F.3d 269 (4th Cir. 1999),

citing Smith v. Cromer, 159 F.3d 875, 881 (4th Cir.1998) (". . . [O]ur review of NSF's refusal to comply with the subpoenas is governed by the Administrative Procedures Act . . . When the government is not a party, the APA provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas"); Houston Bus. Journal, 86 F.3d at 1212 n.4 (directing third-party litigant to "proceed under the APA, and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard"); Bobreski v. EPA, 284 F. Supp. 2d 67, 73-74 (D.D.C. 2003) (holding that "[a] party challenging an agency's Touhy-based denial of a subpoena or request for testimony must proceed under the APA") (citation and quotation marks omitted).  In the case at bar, Plaintiffs have taken no steps to seek review of the agency's determination under the APA.   Instead, Plaintiffs have improperly sought to circumvent APA review by issuing the Subpoena.  Thus, the Subpoena is unenforceable.  See Chen v. Ho, 368 F. Supp. 2d 97, 98 (D.D.C. 2005) (failure to proceed first under the APA fatal to motion to compel).

Further, although Plaintiffs have not appropriately raised this issue by challenging FDA's decision under the APA, it is clear that Plaintiffs cannot not meet the standard for setting aside agency action under the APA. 5 U.S.C. § 706. FDA's response to Plaintiffs' original Touhy request was in accordance with its Touhy regulations and was not arbitrary and capricious or an abuse of discretion. See Exhibit No. 2.  As set forth in FDA's response to plaintiffs' Touhy request, the agency's regulation governing testimony of its employees is 21 C.F.R. § 20.1, which provides that FDA may allow an agency employee to testify if the Commissioner or his designee determines that it will be in the public interest and will promote the objectives of the Federal Food, Drug, and Cosmetic Act ("FDCA") and the agency.  Here, for sound and well-articulated reasons, the agency

-8-

determined that it would not be in the public interest or promote the objectives of the FDCA or the agency to allow Dr. Graham to testify.  Specifically, the FDA determined that: (1) it has produced voluminous records in response to Plaintiffs' request that may be certified for use in court; (2) the content of these records speaks for itself; (3) testimony already given by Dr. Graham before Congress and in other public forums addresses issues that Plaintiffs claim Merck has injected into the litigation; and (4) diversion of Dr. Graham's time for the purpose of giving further testimony in a private dispute would not serve the public interest or promote the FDCA or the mission of the FDA. The reasons articulated by FDA in denying Plaintiffs' <u>Touhy</u> request are neither arbitrary and capricious nor an abuse of the agency's discretion.  Given that FDA has produced over 25,000 pages of documents for this private dispute and that Plaintiffs have the benefit of Dr. Graham's Congressional testimony, further diversion of the time and resources necessary to prepare Dr. Graham and produce him for a deposition would be contrary to FDA's mission of protecting public health by ensuring the safety of the nation's supply of food, drugs, biologics, and medical devices.

## CONCLUSION

Plaintiffs' Subpoena to compel the testimony of FDA employee David Graham, M.D., should be quashed because the government is not a "person" within the meaning of Fed. R. Civ. P. 45 and cannot be served with a third-party subpoena.  Moreover, the doctrine of sovereign immunity precludes enforcement.  Plaintiffs' avenue for requesting deposition testimony of an FDA employee is through its <u>Touhy</u> regulations.  Plaintiffs made such a request, which was denied for valid reasons. Plaintiffs cannot now circumvent FDA's <u>Touhy</u> regulations and APA review by attempting to force

Dr. Graham to testify with a federal subpoena.  The Subpoena should be quashed for the reasons stated above.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

SHARON D. SMITH (Bar No. 17146)
Assistant United States Attorney
United States Attorney' Office
500 Poydras Street, Room B210
New Orleans, Louisiana 70130
Telephone: (504) 680-3004

OF COUNSEL:

Paula M. Stannard
Acting General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Michael Levy
Associate Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, Maryland 20857
(301) 827-5087

*-10-*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE:  VIOXX | * | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION:  L |
| | * | |
| This document relates to: ALL CASES | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |
| | * | |

**************************************************************************

### N O T I C E

To:  Russ M. Herman                             Phillip A. Wittmann
     Leonard A. Davis                           **Stone Pigman Walther Wittmann, LLC**
     **Herman, Herman, Katz & Cotlar, LLP**     546 Carondelet St.
     201 St. Charles Avenue, Suite 4310         New Orleans, LA 70130-3588
     New Orleans, LA 70170

     Christopher Vincent Tisi, Esq.
     2000 L Street, NW
     Suite 400
     Washington, DC 20036-4914


**PLEASE TAKE NOTICE** that the Foregoing United States Motion to Quash Subpoena will

be heard before the Honorable Judge Eldon E. Fallon, on Wednesday, February 15, 2006, at 9:00

a.m. at the U.S. Courthouse, 500 Camp Street, Room C-468,  New Orleans, Louisiana.

                              Respectfully submitted,

                              JIM LETTEN
                              UNITED STATES ATTORNEY



                              SHARON D. SMITH
                              Assistant United States Attorney
                              Hale Boggs Federal Building
                              500 Poydras Street, 2nd Floor
                              New Orleans, Louisiana  70130
                              Telephone:  (504) 680-3004

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED