FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JAN 23 PM 4:44
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: VIOXX PRODUCTS LIABILITY LITIGATION** | **MDL Docket No. 1657 SECTION L** |
| **This document relates to All Class Action Cases** | **JUDGE FALLON** |
| | **MAGISTRATE JUDGE KNOWLES** |

**PLAINTIFFS' STEERING COMMITTEE'S MOTION TO AMEND THE FIRST AMENDED MASTER CLASS ACTION COMPLAINT (MEDICAL MONITORING)TO ADD BY INTERLINEATION ADDITIONAL PLAINTIFF REPRESENTATIVE IN NEWLY FILED CLASS COMPLAINT**

The Plaintiffs' Steering Committee ("PSC") respectfully moves this Honorable Court for an Order in the form appended hereto to amend the Master Class Action Complaint (Medical Monitoring) filed with this Court on September 28, 2005. This motion is brought pursuant to Fed. R. Civ. P. 15(a). The PSC seeks to amend the Master Class Action Complaint (Medical Monitoring) to add by interlineation a plaintiff class representative from North Dakota.

In support of this motion, the PSC relies upon the attached Memorandum of Law and exhibits attached thereto.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

By:_______________________

Russ M. Herman, #6819
Leonard A. Davis, #14190
HERMAN, HERMAN, KATZ AND COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024

___ Fee___
___ Process___
X Dktd___
✓ CtRmDep___
___ Doc. No ___

Temporary Address:

Place St. Charles, 201 St. Charles Avenue
Suite 4310, New Orleans, Louisiana 70170

**LIAISON COUNSEL TO THE
PLAINTIFFS' STEERING COMMITTEE**

Richard J. Arsenault, Esq.
P.O.Box 1190
2220 Bonaventure Court
Alexandria, LA 71309-1190
PH: (318) 487-9874
FAX: (318) 561-2591

Andy D. Birchfield, Esq. **(Co-Lead Counsel)**
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
PH: (800) 898-2034
FAX: (334) 954-7555

Elizabeth Cabraser, Atty.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
PH: (415) 956-1000
FAX: (415-956-1008

Thomas Kline, Esq.
1525 Locust St.
19th Floor
Philadelphia, PA 19102
PH: (215) 772-1000
FAX: (215) 772-1371

Arnold Levin, Esq.
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3875
PH: (215) 592-1500
FAX: (215) 592-4663

Carlene Rhodes Lewis, Atty.
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
PH: (713) 650-0022
FAX: (713-650-1669

Gerald E. Meunier, Esq.
Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, LA 70163-2800
PH: (504) 522-2304
FAX: (504) 528-9973

Troy Rafferty, Esq.
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
PH: (850) 435-7000
FAX: (850) 497-7059

Drew Ranier, Esq.
1419 Ryan Street
Lake Charles, LA 70601
PH: (337) 494-7171
FAX: (337) 494-7218

Mark Robinson, Esq.
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
PH: (949) 720-1288
FAX: (949) 720-1292

Christopher Seeger, Esq. **(Co-Lead Counsel)**
One William Street
New York, NY 10004
PH: (212) 584-0700
FAX: (212) 584-0799

Christopher Vincent Tisi, Esq.
2000 L Street, NW
Suite 400
Washington, DC 20036-4914
PH: (202) 783-6400
FAX: (307) 733-0028

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on the below listed attorneys, as well as on Liaison Counsel, Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading thesame to Lexis/Nexis File & Serve Advanced in accordance with Pre-Trial Order #8, on this 23rd day of January, 2006.

LEONARD A. DAVIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: VIOXX PRODUCTS LIABILITY LITIGATION**<br><br>**This document relates to All Class Action Cases** | **MDL Docket No. 1657**<br>**SECTION L**<br><br>**JUDGE FALLON**<br><br>**MAGISTRATE JUDGE KNOWLES** |

**MEMORANDUM OF LAW IN SUPPORT OF THE PSC'S MOTION TO AMEND THE MASTER CLASS ACTION COMPLAINT (MEDICAL MONITORING) TO ADD BY INTERLINEATION PLAINTIFF REPRESENTATIVES**

## I. INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") respectfully moves this Honorable Court for an Order in the form appended hereto to amend the Master Class Action Complaint (Medical Monitoring) filed with this Court on September 28, 2005. This motion is brought pursuant to Fed. R. Civ. P. 15(a). The PSC seeks to amend the Master Class Action Complaint (Medical Monitoring), a "administrative vehicle" or a "procedural device," to add by interlineation plaintiff class representative from North Dakota. This Honorable Court should grant leave to amend because amendments should be "freely given" and since there is no undue delay, bad faith or dilatory motive on the part of the PSC in seeking this amendment nor would Merck be unduly prejudiced.

## II. PROCEDURAL HISTORY AND STATEMENT OF THE FACTS

On June 2, 2005, Case Management Order No. 16 ("CMO 16") was entered by this Honorable Court. CMO 16 specifically ordered that:

> the PSC on or before August 1, 2005 file in this Court a Master Complaint with respect to each type of Class Action Case. The Master Complaint shall apply to all pending Class Action cases, and to those subsequently filed, removed or transferred, to this Court as part of this proceeding.

CMO 16 at IV(A).

CMO 16 specifically applied to:

> This Order shall govern all class action cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related class action cases originally filed in this Court or transferred or removed to this Court (collectively, "Class Action Cases").

CMO 16 at I.

On August 2, 2005, the PSC filed a Master Class Action Complaint (Medical Monitoring)(hereinafter referred to as the "MM-Master Complaint"). As set forth in paragraph 1 of the MM-Master Complaint, it was filed for "administrative purposes pursuant to the Court's direction as set forth in the Court's Case Management Order."

As of the date of filing of the MM-Master Complaint, medical monitoring class actions suits from the following states had been transferred to this Honorable Court: Louisiana, Illinois, Michigan, Missouri, California, Pennsylvania, Tennessee, Vermont, Connecticut, Arkansas, Kansas, Idaho, Florida, Massachusetts, Oklahoma, Washington, Arizona, and the District of Columbia.

The MM-Master Complaint named thirty-one 31 additional class representative

plaintiffs from Arizona, Arkansas, Colorado, Connecticut, the District of Columbia, Florida, Idaho, Illinois, Iowa, Kansas, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Montana, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, Tennessee, Texas, Vermont, Washington, West Virginia, Wisconsin and Wyoming.

The MM-Master Complaint stated "intentionally left blank" for each of the following sixteen (16) states: Alaska, California, Delaware, Georgia, Hawaii, Indiana, Minnesota, Nebraska, New Hampshire, New Mexico, New York, **North Dakota**, Oregon, South Carolina, South Dakota and Utah. The MM-Master Complaint explained that "[u]ntil such time that a representative plaintiff presents himself/herself to represent the headless class, for the purpose of pleading, the space is being left intentionally blank." Furthermore, the MM-Master Complaint explained that:

> class actions lawsuits from other states and territories continue to be transferred to this Honorable Court, and plaintiffs anticipate that eventually class actions from most of the fifty states will be pending before this Court. Until such time, plaintiffs intend to move for certification of state classes in states as to which class actions are currently pending, reserving the right to seek state class certification as to other states as class actions from those states are transferred to this Court, or to seek certification on behalf of state classes, conditioned on the anticipated transfer of state class actions to this Court and/or the identification of adequate representatives from those states.

On September 15, 2005, Merck filed its *Motion to Dismiss Plaintiff's Medical Monitoring Class Action Complaint*.

The PSC hereby respectfully moves this Honorable Court for leave to amend the MM-Master Complaint to add by interlineation a plaintiff class representative for the state of North Dakota. (Exhibit "1").[1]

On January 19, 2006 a "Class Action Complaint for Medical Monitoring and

---

1 A true and correct copy of the Second Amended Master Class Action Complaint (Medical Monitoring) that the PSC seeks leave to file is attached hereto as Exhibit "1."

Ancillary Relief" was filed in the United States District Court for the District of North Dakota in *Douglas M. Person , on behalf of himself and all others similarly situated v. Merck & Co., Inc.*, Civ. Action No. 3:06-cv-13 (D.N.D.).

## III. LEGAL ARGUMENT

### LEAVE TO AMEND SHOULD BE GRANTED SINCE AMENDMENTS SHOULD BE "FREELY GIVEN" AND SINCE THERE IS NO UNDUE DELAY, BAD FAITH OR DILATORY MOTIVE ON THE PART OF THE PSC IN SEEKING THIS AMENDMENT NOR WOULD MERCK BE UNDULY PREJUDICED

In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy and the most expeditious way to dispose of merits of the litigation. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1991). This Honorable Court has recognized that a Master Complaint is an "administrative vehicle" or a "procedural device" used to promote judicial efficiency and economy and to streamline the litigation process. *In re Propulsid Products Liability Litigation,* 208 F.R.D. 133, 141, 142 (E.D. La. 2002)(citing Diana E. Murphy, Unified and Consolidated Complaints in Multidistrict Litigation, 132 F.R.D. 597 (1997); Arnold Levin, *MDL/Class Actions in Mass Tort, Pharmaceutical, and Toxic Litigation*, Ann.2001 ATLA-CLE 2793 (2001). CMO 16 anticipated that Class Action Master Complaints would be amended to incorporate class plaintiff representatives from other states, as the PSC seeks to accomplish with this motion. Specifically, CMO 16 stated that "The Master Complaint shall apply to all pending Class Action cases, **and to those subsequently filed, removed or transferred, to this Court as part of this proceeding**."(Exhibit "1" at IV(A))(emphasis added). Based on CMO 16, the PSC included "place-holders" in the MM-Class Complaint for the sixteen (16) states identified above intending to file amended complaints as other applicable class action were identified, filed or

transferred to this Court. (Exhibit "2," at p. 4-9).

Courts should grant leave to amend a complaint "freely" and "when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) of the *Federal Rules of Civil Procedure* are in accord and require that when leave of court is sought to file an amended complaint it should be "freely given." *Fed.R.Civ. P.* 15(a). "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Serv.'s,* 925 F.2d 866, 874 (5th Cir.1991). In deciding whether to allow a party to amend pleadings, courts may consider factors such as undue delay, dilatory motive, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *See Matter of Southmark Corp.*, 88 F.3d 311, 315 (5th Cir.1996)(citing *Foman supra.*); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993)). Applying these factors, leave to amend is appropriate in this case.

**A. The PSC Has Timely Sought the Instant Amendment and Thus There Was No <u>Undue Delay</u>**

This consolidated federal litigation is in its early stages. CMO 16 was entered on June 2, 2005, the MM-Class Complaint was filed exactly two (2) months later on August 2, 2005. Even before the MM-Class Complaint was filed the PSC began the process of identifying and collecting Medical Monitoring Class Action Complaints filed throughout the country. This motion is being filed a mere month and a half after the MM-Class Complaint was filed. There is no undue delay. It is anticipated that similar motions will be filed as new class action complaints may be filed. Defendants liaison counsel has agreed to produce newly filed complaints on a rolling basis

.

**B. The PSC Has Not Acted in Bad-Faith in Seeking This Amendment**

The PSC is not seeking the amendment to delay these proceedings,[2] to harass Merck, nor did it intentionally refrain from filing this motion in a timely manner. On the contrary, the PSC acted swiftly as set forth above.

**C. Merck Will Not Be Prejudiced by the Amendment**

An opposing party who has had notice of the general nature of the claim or matters asserted in the supplemental pleading from the beginning of the action will not be prejudiced by the granting of leave to file the supplemental pleading. *See Altman v. General Elec. Co.*, 32 F.R.D. 245 (E.D. Pa. 1962). Merck was well aware that the PSC would seek to amend the MM-Class Complaint. Indeed CMO 16 contemplates as much by stating that the Master Class Complaint apply to all pending Class Action cases, and to those subsequently filed, removed or transferred, to this Court as part of this proceeding." The MM-Class Complaint "intentionally left blank" the identity of the plaintiff class representative for sixteen (16) states explaining that "[u]ntil such time that a representative plaintiff presents himself/herself to represent the headless class, for the purpose of pleading, the space is being left intentionally blank." (Exhibit "2" at n.2). Moreover, Merck was served with the Medical Monitoring Class Complaints of those class plaintiffs that are being added by interlineation.

---

2 *Compare, Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) (where plaintiffs sought to amend the complaint nine months after action was commenced and after defendant had filed motion for summary judgment, plaintiffs' delay in asserting additional claims, even though they were aware of underlying facts supporting claims at outset of action, supported District Court's finding of bad faith and dilatory motive, and therefore denial of motion to file second amended complaint was proper; *Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992), reh'g en banc granted, (Jan. 28, 1992) and on reh'g en banc, 37 F.3d 1069(5th Cir. 1994). where plaintiffs sought to file amendment which would have radically altered the nature of the action well over a year after it was instituted, several months after discovery had effectively terminated, and after the defendant had moved for summary judgment, and further, plaintiffs offered no evidence that the delay was excusable or the result of a mere oversight, District Court's denial of motion was not an abuse of discretion).

## IV. CONCLUSION

For the foregoing reasons, the PSC respectfully requests leave to amend the First Amended Master Class Action Complaint (Medical Monitoring) to add by interlineation plaintiff class representative from North Dakota.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

By: ______________________
Russ M. Herman, #6819
Leonard A. Davis, #14190
HERMAN, HERMAN, KATZ AND COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Temporary Address:

Place St. Charles, 201 St. Charles Avenue
Suite 4310, New Orleans, Louisiana 70170

**LIAISON COUNSEL TO THE PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |

| | |
|---|---|
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on the below listed attorneys, as well as on Liaison Counsel, Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve Advanced in accordance with Pre-Trial Order #8, on this 23rd day of January, 2006.

LEONARD A. DAVIS

W:\25000-29999\27115\000\PLD\PSC's SECOND Motion for Interlineation (Medical Monitoring) 2006-1-23.wpd\

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED