

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | |
| ALL CASES | |
| | MAGISTRATE JUDGE KNOWLES |

**COMMENT OF MERCK & CO., INC. ON
UNITED STATES' MOTION TO QUASH SUBPOENA**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this brief comment on the United States' motion to quash plaintiffs' subpoena of Dr. David Graham and plaintiffs' opposition to that motion. Merck does not take a position herein on the validity of the subpoena, but merely files this comment to express its position that if the Court denies the motion to quash, Merck would also be entitled to depositions of FDA employees.

Plaintiffs seek Dr. Graham's deposition on the asserted ground that "the FDA's documentary evidence alone . . . cannot provide a complete picture of the facts relevant to the issues raised by Merck's defense." Letter from Christopher V. Tisi to Carmelina Allis, Office of the Chief Counsel, Food & Drug Administration (Dec. 19, 2005), at 2 ("Tisi Letter"). According

to plaintiffs, Dr. Graham has personal knowledge necessary to address numerous relevant issues to this litigation, including, *inter alia*, the "serious differences [that] existed between FDA and Merck with respect to the safety and effectiveness of Vioxx, the warnings which would be included on the labeling and when those warnings would be given, the manner in which Vioxx was tested and promoted whether relevant safety data was omitted from Merck's submission to the agency. . . . [and] whether Merck was responsive to FDA's concerns regarding post-marketing drug experience reports." (Pls.' Opp. at 30.) Consistent with its longstanding position that its employees should not be deposed in civil litigation, the FDA opposes the deposition. *See* U.S. Mem. at 8-9; Letter from Lana L. Ogram, Division of Compliance Policy, FDA, to Christopher T. Visi (Jan. 18, 2006), at 1-2.

If plaintiffs are able to depose Dr. Graham about these issues notwithstanding the arguments advanced by the United States, his testimony on these matters would have great weight with a jury given his stature as an FDA official. Indeed, notwithstanding any disclaimers by Dr. Graham, many jurors would no doubt equate his views with those of the FDA. Under such circumstances, basic notions of fairness dictate that Merck be permitted to depose other FDA officials to determine whether Dr. Graham's views are representative of others' in the FDA. *Cf., e.g., Burns v. Hy-Vee, Inc.*, No. Civ. 02-254, 2002 WL 31718432, at *2 (D. Minn. Nov. 21, 2002) (noting that scope of discovery must ensure "the parties essentially equal access to the operative facts" (quoting *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 516 (D. Minn. 1997))). This is particularly so given plaintiffs' concession that Dr. Graham's views do *not* represent those of the FDA. (*See* Pls.' Opp. at 3 (quoting Dr. Graham as saying that it is "pretty clear" that his views do not represent those of the FDA).)

797486v.1

Accordingly, if this Court permits plaintiffs to open the door to FDA testimony by deposing Dr. Graham, there is no principled basis for preventing additional depositions of his colleagues who may have different views.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

797486v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Comment of Merck & Co., Inc. on United States' Motion to Quash Subpoena has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 26th day of January, 2006.

*[signature: Dorothy␣H. Wimberly]*

797486v.1