

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAULINE JACKSON, JUDITH | * | CIVIL ACTION NO. 05-4425 |
| JOHNSON, DEBORAH JACKSON, | * | |
| ROBERT R. JACKSON, | * | JUDGE FALLON |
| E. LEON JACKSON, III and JOHN | * | |
| B. JACKSON, | * | MAGISTRATE KNOWLES |
|     Plaintiffs | * | |
| | * | **JURY TRIAL DEMAND** |
| VERSUS | * | |
| | * | |
| MERCK & CO., INC., MEDCO HEALTH | * | |
| SOLUTIONS, INC., AND PFIZER, INC., | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND DEFENSES OF DEFENDANT PFIZER INC. TO PLAINTIFFS' COMPLAINT

Defendant Pfizer Inc. (incorrectly identified in the caption as Pfizer, Inc. and hereinafter "Defendant" or "Pfizer"), hereby answers Plaintiffs' Complaint in this action, and states as follows:

### ANSWERING:

1.      Answering Paragraph 1, Pfizer admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in New York.  To the extent that the allegations of Paragraph 1 are not directed toward Pfizer, no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information to form a

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No _____

1

belief as to the truth therein, and therefore denies the same.  Pfizer denies the remaining allegations of Paragraph 1 directed toward it.

2.      Paragraph 2 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge as to the truth of the allegations of Paragraph 2, and therefore cannot admit or deny that venue is proper in this district nor that this Court has subject matter jurisdiction in this action.  Except as admitted herein, Pfizer denies the remaining allegations of Paragraph 2.

3.      The allegations of Paragraph 3 are not directed toward Pfizer, and therefore no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same.

4.      Answering Paragraph 4, Pfizer admits that it has, at times, marketed and co-promoted Celebrex® throughout the United States.  Pfizer states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the relief of signs and symptoms of ankylosing spondylitis; (4) for the management of acute pain in adults; (5) for the treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g., endoscopic surveillance, surgery).  Except as admitted herein, Pfizer denies the allegations of Paragraph 4.

5.      Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

6.     Paragraph 6 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge as to the truth of the allegations of Paragraph 6, and therefore denies the same.

7.     Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint, and therefore denies the same.

8.     Paragraph 8 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9.     Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

10.     The allegations of Paragraph 10 are not directed toward Pfizer, and no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same.

11.     Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same. Pfizer denies that Celebrex® is dangerous and denies that it caused Plaintiffs' decedent any injury.

12.     Answering Paragraph 12, Pfizer admits that Celebrex® and Vioxx® are nonsteroidal anti-inflammatory drugs ("NSAIDs") that are, at times, referred to as COX-2 inhibitors.  Pfizer denies the remaining allegations of Paragraph 12.

13.     To the extent that the allegations of Paragraph 13 are not directed toward Pfizer, no response is required.  To the extent a response is deemed required, Plaintiffs fail to provide proper context for the allegations contained in Paragraph 13 and thus Pfizer has insufficient

3

knowledge or information to form a belief as to the truth therein, and therefore denies the same. Pfizer denies the remaining allegations of Paragraph 13.

14.     The allegations of Paragraph 14 are not directed toward Pfizer, and no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same.

15.     The allegations of Paragraph 15 are not directed toward Pfizer, and no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same.

16.     Paragraph 16 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced study speaks for itself and any attempt to characterize it is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the same.

17.     Paragraph 17 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the same.

18.     Paragraph 18 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.

19.     Paragraph 19 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced studies

and communications speak for themselves and any attempt to characterize them is denied. Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20.     Paragraph 20 makes no allegations toward Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer states that the referenced study and communications speak for themselves and any attempt to characterize them is denied. Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the same.

21.     Paragraph 21 makes no allegations toward Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22.     Answering Paragraph 22, Pfizer states that the referenced publication speaks for itself and any attempt to characterize it is denied. Except as stated herein, Pfizer denies the allegations of Paragraph 22.

23.     Answering Paragraph 23, Pfizer states that the referenced publication speaks for itself and any attempt to characterize it is denied. Except as admitted herein, Pfizer denies the allegations of Paragraph 23.

24.     Answering Paragraph 24, Pfizer states that the referenced publication speaks for itself and any attempt to characterize it is denied. Except as admitted herein, Pfizer denies the allegations of Paragraph 24.

25.     Paragraph 25 makes no allegations toward Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer states that the referenced

communications speak for themselves and any attempt to characterize them is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies the same.

26.     Paragraph 26 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the same.

27.     Paragraph 27 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced study speaks for itself and any attempt to characterize it is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same.

28.     Paragraph 28 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced study speaks for itself and any attempt to characterize it is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

29.     Paragraph 29 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the same.

30.     Answering Paragraph 30, Pfizer admits that Celebrex® and Vioxx® are nonsteroidal anti-inflammatory drugs ("NSAIDs") that are, at times, referred to as COX-2 inhibitors.  Pfizer denies the remaining allegations of Paragraph 30.

31.      Pfizer denies the allegations of Paragraph 31.

32.     Answering Paragraph 32, Pfizer admits that an NDA for Celebrex® was submitted to the FDA on June 29, 1998.  Pfizer denies the remaining allegations of Paragraph 32.

33.     Answering Paragraph 33, Pfizer admits that Celebrex® was approved by the FDA on December 31, 1998, and, as indicated on the package insert approved by the FDA, was indicated for use in the relief of signs and symptoms of osteoarthritis and adult rheumatoid arthritis.  Except as admitted herein, Pfizer denies the allegations of Paragraph 33.

34.     Answering Paragraph 34, Pfizer states that the letters from the FDA referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 34.

35.     Answering Paragraph 35, Pfizer states that the letter from the FDA referenced in this Paragraph speaks for itself and any attempt to characterize it is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 35.

36.     Answering Paragraph 36, Pfizer states that the statements of the FDA referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 36.

37.     Answering Paragraph 37, Pfizer states that the statements of the FDA referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 37.

38.     Answering Paragraph 38, Pfizer states that the "findings" of the FDA, if any, referenced in this Paragraph speak for themselves and any attempt to characterize them is denied. Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 38.

39.     Plaintiffs fail to provide proper context for the allegations contained in Paragraph 39 and thus Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same. Pfizer states that the referenced study, if any, speaks for itself and any attempt to characterize it is denied. Pfizer denies making any misrepresentations and denies the remaining allegations of Paragraph 39.

40.     Plaintiffs fail to provide proper context for the allegations contained in Paragraph 40 and thus Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same. Pfizer denies making any misrepresentations and denies the remaining allegations of Paragraph 40.

41.     Answering Paragraph 41, Pfizer states that the statements of the FDA and the study referenced in this Paragraph speak for themselves and any attempt to characterize them is denied. Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 41.

42.     Answering Paragraph 42, Pfizer states that the statements of the FDA and the study referenced in this Paragraph speak for themselves and any attempt to characterize them is denied. Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 42.

43.     Answering Paragraph 43, Pfizer denies making any misrepresentations. Pfizer denies the remaining allegations of Paragraph 43.

44.     Answering Paragraph 44, Pfizer states that the statements of the FDA referenced in this Paragraph speak for themselves and any attempt to characterize them is denied. Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 44.

45.     Answering Paragraph 45, Pfizer states that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 45 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 45 directed toward it.

46.     Answering Paragraph 46, Pfizer states that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 46 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 46 directed toward it.

47.     Paragraph 47 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies the same.

48.     The allegations contained in Paragraph 48 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.  Pfizer denies the remaining allegations of Paragraph 48 that are directed toward it.

49.     The allegations contained in Paragraph 49 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art. Pfizer denies the remaining allegations of Paragraph 49 that are directed toward it.   The remaining allegations in Paragraph 49 are not directed toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

50.     The allegations contained in Paragraph 50 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer admits that it has duties as are imposed by law, but denies that it breached any such duty. Pfizer states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as admitted or stated herein, Pfizer denies the remaining allegations in Paragraph 50 of the Complaint that are directed toward it.  The remaining allegations in Paragraph 50 are not directed toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

51.     The allegations contained in Paragraph 51 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer admits that it has duties as are imposed by law, but denies that it breached any such duty. Pfizer states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used

in accordance with its FDA-approved prescribing information. Pfizer denies that Celebrex® is or was defective and denies they cause Plaintiffs' decedent any injury. Except as stated herein, Pfizer denies the remaining allegations in Paragraph 51 of the Complaint that are directed toward it. The remaining allegations in Paragraph 51 are not directed toward Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

52.     The allegations contained in Paragraph 52 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Plaintiffs have not alleged that Plaintiff, Pauline Jackson, ingested Celebrex®. Therefore, the allegations of Paragraph 52 do not appear to be directed toward Pfizer. However, out of an abundance of caution, Pfizer answers as follows: Pfizer admits that it has duties as are imposed by law, but denies that it breached any such duty. Pfizer states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer denies that Celebrex® is or was defective and denies it caused Plaintiff, Pauline Jackson, any injury. Except as stated herein, Pfizer denies the remaining allegations in Paragraph 52 of the Complaint that are directed toward it. The remaining allegations in Paragraph 52 are not directed toward Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

53.     The allegations contained in Paragraph 53, and its subparts (a) through (p), assert legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used

in accordance with its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law and with the applicable state of the art. Pfizer states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information.  Pfizer denies that Celebrex® is or was defective and denies it caused Plaintiffs' decedent any injury.  Except as stated herein, Pfizer denies the remaining allegations in this paragraph 53 of the Complaint that are directed toward it.  The remaining allegations in Paragraph 53 are not directed toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

54.     Answering Paragraph 54, Defendant states that, at all times relevant, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer further states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 54 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.   Defendant denies the remaining allegations contained in Paragraph 54 directed toward it.

55.     The allegations contained in Paragraph 55 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable

standards of care and law.  Pfizer denies that Celebrex® is or was defective and denies it caused

Plaintiffs' decedent any injury.  Except as stated herein, Pfizer denies the remaining allegations

in Paragraph 55 of the Complaint that are directed toward it.  The remaining allegations in

Paragraph 55 are not directed toward Pfizer, and as such no response is required.  To the extent a

response is deemed required, Pfizer has insufficient information or knowledge to form a belief as

to the truth of those allegations, and therefore denies the same.

56.     The allegations contained in Paragraph 56 of Plaintiffs' Complaint assert legal

conclusions to which no response is required.  To the extent a response is deemed required,

Pfizer denies the allegations of Paragraph 56 directed toward it.  The remaining allegations in

Paragraph 56 are not directed toward Pfizer, and as such no response is required.  To the extent a

response is deemed required, Pfizer has insufficient information or knowledge to form a belief as

to the truth of those allegations, and therefore denies the same.

57.     Answering Paragraph 57, Pfizer is without knowledge or information sufficient to

form a belief as to the truth of the allegations concerning the condition in which Celebrex®

reached Plaintiffs' decedent and, therefore, denies the same.  Defendant states that, at times

relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its

FDA-approved prescribing information.  Pfizer states that the potential effects of Celebrex®

were and are adequately described in its FDA-approved prescribing information, which was at all

times adequate and comported with applicable standards of care and law.  To the extent that

Paragraph 57 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge

or information as to those allegations and therefore denies the same.  Defendant denies the

remaining allegations contained in Paragraph 57 directed toward it.

58.     The allegations contained in Paragraph 58 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information regarding Plaintiffs' decedent's ingestion of Celebrex® and therefore denies the same.  Pfizer denies the remaining allegations of Paragraph 58 directed toward it.  To the extent that Paragraph 58 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.

59.     Answering Paragraph 59, and its subparts (a) and (b), Defendant states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 59 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 59 and its subparts directed toward it.

60.     The allegations contained in Paragraph 60 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law and with the applicable state of the art. Pfizer denies that Celebrex® is or was defective and denies it caused Plaintiffs' decedent any injury.  To the extent that Paragraph 60 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.

Except as stated herein, Defendant denies the remaining allegations contained in Paragraph 60 directed toward it.

61.     Answering Paragraph 61, Pfizer denies that Celebrex® is or was defective and denies it caused Plaintiffs' decedent any injury.  To the extent that Paragraph 61 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Except as stated herein, Defendant denies the remaining allegations contained in Paragraph 61 directed toward it.

62.     The allegations contained in Paragraph 62 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that Celebrex® is or was defective and denies it caused Plaintiffs' decedent any injury.  To the extent that Paragraph 62 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Except as stated herein, Defendant denies the remaining allegations contained in Paragraph 62 directed toward it.

63.     The allegations contained in Paragraph 63 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information.  To the extent that Paragraph 63 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Except as stated herein, Defendant denies the remaining allegations contained in Paragraph 63 directed toward it.

64.     Answering Paragraph 64 Defendant states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing

information.  Pfizer states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 64 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 64 directed toward it.

65.     Answering Paragraph 65, Pfizer denies that it made any express warranties about Celebrex® and denies that it made any statements or representations to Plaintiffs, Plaintiffs' decedent, or others that might be implied by law as warranties regarding Celebrex®.  Pfizer states that, at all times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information.  To the extent that Paragraph 65 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 65 directed toward it.

66.     Pfizer denies the allegation of Paragraph 66 direct toward it.  To the extent that Paragraph 66 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.

67.     Answering Paragraph 67, Pfizer denies that it made any express warranties about Celebrex® and denies that it made any statements or representations to Plaintiffs, Plaintiffs' decedent, or others that might be implied by law as warranties regarding Celebrex®.  Pfizer states that, at all its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law and with the applicable state of the art.  To the extent that Paragraph 67 contains allegations not directed toward Pfizer, Pfizer has

insufficient knowledge or information as to those allegations and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 67 directed toward it.

68. The allegations contained in Paragraph 68 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer denies that Celebrex® is or was defective and denies it caused Plaintiffs' decedent any injury. To the extent that Paragraph 68 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 68 directed toward it.

69. The allegations contained in Paragraph 69 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer denies that Celebrex® is or was defective and denies it caused Plaintiffs any injury. To the extent that Paragraph 69 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 69 directed toward it.

70. Paragraph 70 requests a trial by jury. Pfizer requests a trial by jury on all issues so triable.

71. Pfizer denies the allegations contained in the unnumbered WHEREFORE paragraph following Paragraph 71, except to admit that Plaintiffs seek compensatory damages and general and equitable relief, but Pfizer denies that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant in this matter. Defendant therefore asserts the following

defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, Defendant will withdraw any of these defenses as may be appropriate.

### FIRST DEFENSE

1.      The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

2.      Plaintiffs' claims may be barred by the applicable statute of limitations and/or repose, or by the equitable doctrines of laches, waiver and estoppel.

### THIRD DEFENSE

3.      Plaintiffs' and Plaintiffs' decedent's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Defendant had no control or right to control and whose actions are not, therefore, imputable to Defendant.

### FOURTH DEFENSE

4.      Plaintiffs' and Plaintiffs' decedent's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs or Plaintiffs' decedent, or persons or parties whose identities are unknown at this time, which comparative negligence or fault is sufficient to proportionately reduce Plaintiffs' recovery or to bar it.

### FIFTH DEFENSE

5.      Plaintiffs' decedent's injuries, if any, were due to an allergic, idiosyncratic or idiopathic reaction to Celebrex®, or by an unforeseeable illness, unavoidable accident, or pre-existing condition, without any negligence or culpable conduct by Defendant.

## SIXTH DEFENSE

6.     Plaintiffs and Plaintiffs' decedent failed to exercise reasonable care and diligence to mitigate their injuries and damages, if any.

## SEVENTH DEFENSE

7.     Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

## EIGHTH DEFENSE

8.     Celebrex® is safe when used as directed, is suitable for the purpose for which it is intended, is distributed with adequate and sufficient warnings and Defendant reasonably assumed that its warnings would be read and heeded; therefore, Celebrex® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

## NINTH DEFENSE

9.     Celebrex® falls under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration and Plaintiffs' claims have been preempted under the Supremacy Clause of the U.S. Constitution.

## TENTH DEFENSE

10.     Celebrex® and Defendant's actions conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Celebrex® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

## ELEVENTH DEFENSE

11.     Defendant avers that Celebrex® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use by a person.

## TWELFTH DEFENSE

12.     Defendant satisfied its duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

## THIRTEENTH DEFENSE

13.     Defendant pleads the applicability and exclusivity of the Louisiana Products Liability Act, LA. REV. STAT. §§ 9:2800.51, *et seq.*, and specially avers that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## FOURTEENTH DEFENSE

14.     Plaintiffs' allegations of fraud, deceit, and fraudulent misrepresentations are not stated with the degree of particularity required by FED .R. CIV. P. 9(b) and should be dismissed.

## FIFTEENTH DEFENSE

15.     Plaintiffs' claims for punitive damages, if any, are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore,* 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 123 S. Ct. 1513 (U.S. 2003), or the Louisiana Constitution, statutes and decisions of the Louisiana courts, including LA. CIV. CODE art. 3546.

## SIXTEENTH DEFENSE

16.     Plaintiffs' claims are barred by assumption of the risk.

## SEVENTEENTH DEFENSE

17.     Plaintiffs' claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of the Restatement (Third) of Torts: Product Liability § 6, comment f.

## EIGHTEENTH DEFENSE

18.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the products were marketed.

## NINETEENTH DEFENSE

19.     Plaintiffs' claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

## TWENTIETH DEFENSE

20.     If Plaintiffs or Plaintiffs' decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by operation of nature or other supervening or intervening conduct of persons other than Defendant, and for whose conduct Defendant is not responsible, or with whom Defendant had no legal relation or legal duty to control.

## TWENTY-FIRST DEFENSE

21.     If Plaintiffs or Plaintiffs' decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alterations,

improper handling, or other unforeseeable misuse of Celebrex® by persons other than Defendant or persons acting on its behalf.

### TWENTY-SECOND DEFENSE

22.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

### TWENTY-THIRD DEFENSE

23.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### TWENTY-FOURTH DEFENSE

24.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

### TWENTY-FIFTH DEFENSE

25.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Celebrex® complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### TWENTY-SIXTH DEFENSE

26.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### TWENTY-SEVENTH DEFENSE

27.    Plaintiffs' claims must be dismissed because Plaintiffs' decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### TWENTY-EIGHTH DEFENSE

28.    Plaintiffs' claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### TWENTY-NINTH DEFENSE

29.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### THIRTIETH DEFENSE

30.    The liability of Defendant, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs or Plaintiffs' decedent.

### THIRTY-FIRST DEFENSE

31.    Defendant is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs or Plaintiffs' decedent with any other defendant or other person or entity.

### THIRTY-SECOND DEFENSE

32.     Plaintiffs' claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.*, the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

### THIRTY-THIRD DEFENSE

33.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### THIRTY-FOURTH DEFENSE

34.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

### THIRTY-FIFTH DEFENSE

35.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by the FDA specifying the language that should be used in the labeling accompanying Celebrex®.  Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

## THIRTY-SIXTH DEFENSE

36.     If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

## THIRTY-SEVENTH DEFENSE

37.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTY-EIGHTH DEFENSE

39.     Pfizer specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert any such defenses.

## JURY DEMAND

Defendant, Pfizer Inc., demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, Pfizer Inc., respectfully requests that this matter be dismissed with prejudice and that it be awarded its costs and any other relief to which it may be entitled.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2101
*Counsel for Defendant, Pfizer Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by sending a copy of same via U.S. Mail, properly addressed and postage prepaid on this _26th_ day of January.