

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

BETTY ZITO AND      \*     CIVIL ACTION NO. 05-4426
TAMMY ZITO MONK,      \*
         Plaintiffs      \*     JUDGE FALLON
     \*
VERSUS      \*     MAGISTRATE KNOWLES
     \*
MERCK & CO., INC. AND      \*     **JURY TRIAL DEMAND**
PFIZER, INC.      \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND DEFENSES OF DEFENDANT PFIZER INC.
## TO PLAINTIFFS' COMPLAINT

Defendant Pfizer Inc. (incorrectly identified in the caption as Pfizer, Inc. and hereinafter "Defendant" or "Pfizer"), hereby answers Plaintiffs' Complaint in this action, and states as follows:

### ANSWERING:

1. Answering Paragraph 1, Pfizer admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in New York. To the extent that the allegations of Paragraph 1 are not directed toward Pfizer, no response is required. To the extent a response is deemed required, Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same. Pfizer denies the remaining allegations of Paragraph 1 directed toward it.



2.      Paragraph 2 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge as to the truth of the allegations of Paragraph 2, and therefore cannot admit or deny that venue is proper in this district nor that this Court has subject matter jurisdiction in this action.  Except as admitted herein, Pfizer denies the remaining allegations of Paragraph 2.

3.      The allegations of Paragraph 3 are not directed toward Pfizer, and therefore no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same.

4.      Answering Paragraph 4, Pfizer admits that it has, at times, marketed and co-promoted Celebrex® and Bextra® throughout the United States.  Pfizer states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the relief of signs and symptoms of ankylosing spondylitis; (4) for the management of acute pain in adults; (5) for the treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g., endoscopic surveillance, surgery).

Pfizer further admits that Bextra® was approved by the Food and Drug Administration on November 16, 2001, and, as indicated in the package insert approved by the FDA, is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

Except as admitted herein, Pfizer denies the allegations of Paragraph 4.

5.      Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

6.     Paragraph 6 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge as to the truth of the allegations of Paragraph 6, and therefore denies the same.

7.     Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint, and therefore denies the same.

8.     Paragraph 8 asserts legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge as to the truth of the allegations of Paragraph 8, and therefore denies the same.

9.     Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

10.     The allegations of Paragraph 10 are not directed toward Pfizer, and no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same.

11.     Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

12.     Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same. Pfizer denies that Celebrex® and Bextra® are dangerous and denies that they caused Plaintiffs' decedent any injury.

13.     Answering Paragraph 13, Pfizer admits that Celebrex®, Bextra® and Vioxx® are nonsteroidal anti-inflammatory drugs ("NSAIDs") that are, at times, referred to as COX-2 inhibitors.  Pfizer denies the remaining allegations of Paragraph 13.

14.     To the extent that the allegations of Paragraph 14 are not directed toward Pfizer, no response is required.  To the extent a response is deemed required, Plaintiffs fail to provide proper context for the allegations contained in Paragraph 14 and thus Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same. Pfizer denies the remaining allegations of Paragraph 14.

15.     The allegations of Paragraph 15 are not directed toward Pfizer, and no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same.

16.     The allegations of Paragraph 16 are not directed toward Pfizer, and no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same.

17.     Paragraph 17 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced study speaks for itself and any attempt to characterize it is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the same.

18.     Paragraph 18 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.

19.     Paragraph 19 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or

knowledge to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20.     Paragraph 20 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced study and communications speak for themselves and any attempt to characterize them is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the same.

21.     Paragraph 21 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced study and communications speak for themselves and any attempt to characterize them is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22.     Paragraph 22 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies the same.

23.     Answering Paragraph 23, Pfizer states that the referenced publication speaks for itself and any attempt to characterize it is denied.  Except as stated herein, Pfizer denies the allegations of Paragraph 23.

24.     Answering Paragraph 24, Pfizer states that the referenced publication speaks for itself and any attempt to characterize it is denied.  Except as stated herein, Pfizer denies the allegations of Paragraph 24.

25.     Answering Paragraph 25, Pfizer states that the referenced publication speaks for itself and any attempt to characterize it is denied.  Except as stated herein, Pfizer denies the allegations of Paragraph 25.

26.     Paragraph 26 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced communications speak for themselves and any attempt to characterize them is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the same.

27.     Paragraph 27 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same.

28.     Paragraph 28 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced study speaks for itself and any attempt to characterize it is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

29.     Paragraph 29 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer states that the referenced study speaks for itself and any attempt to characterize it is denied.  Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the same.

30.     Paragraph 30 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies the same.

31.     Answering Paragraph 31, Pfizer admits that Celebrex®, Bextra® and Vioxx® are nonsteroidal anti-inflammatory drugs ("NSAIDs") that are, at times, referred to as COX-2 inhibitors.  Pfizer denies the remaining allegations of Paragraph 31.

32.     Pfizer denies the allegations of Paragraph 32.

33a.    Answering the first Paragraph 33[1] ("Paragraph 33a"), Pfizer admits that an NDA for Celebrex® was submitted to the FDA on June 29, 1998.  Pfizer denies the remaining allegations of Paragraph 33a.

33b.    Answering Paragraph 33b, Pfizer admits that Celebrex® was approved by the FDA on December 31, 1998, and, as indicated on the package insert approved by the FDA, was indicated for use in the relief of signs and symptoms of osteoarthritis and adult rheumatoid arthritis.  Except as admitted herein, Pfizer denies the allegations of Paragraph 33b.

34.     Answering Paragraph 34, Pfizer states that the letters from the FDA referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 34.

35.     Answering Paragraph 35, Pfizer states that the letter from the FDA referenced in this Paragraph speaks for itself and any attempt to characterize it is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 35.

---

[1] Plaintiffs' Complaint includes two Paragraphs labeled with the number 33.  For the purpose of consistency and clarity, the first Paragraph 33 is referred to herein as Paragraph 33a, the second Paragraph 33 is referred to herein as Paragraph 33b.

36.     Answering Paragraph 36, Pfizer states that the statements of the FDA referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 36.

37.     Answering Paragraph 37, Pfizer states that the statements of the FDA referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 37.

38.     Answering Paragraph 38, Pfizer states that the "findings" of the FDA, if any, referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 38.

39.     Plaintiffs fail to provide proper context for the allegations contained in Paragraph 39 and thus Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same.  Pfizer states that the referenced study, if any, speaks for itself and any attempt to characterize it is denied.  Pfizer denies making any misrepresentations and denies the remaining allegations of Paragraph 39.

40.     Plaintiffs fail to provide proper context for the allegations contained in Paragraph 40 and thus Pfizer has insufficient knowledge or information to form a belief as to the truth therein, and therefore denies the same.  Pfizer denies making any misrepresentations and denies the remaining allegations of Paragraph 40.

41.     Answering Paragraph 41, Pfizer states that the statements of the FDA and the study referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 41.

42.     Answering Paragraph 42, Pfizer states that the statements of the FDA and the study referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 42.

43.     Answering Paragraph 43, Pfizer denies making any misrepresentations.  Pfizer denies the remaining allegations of Paragraph 43.

44.     Answering Paragraph 44, Pfizer states that the statements of the FDA referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 44.

45.     Answering Paragraph 45, Pfizer admits that Bextra® was approved by the FDA on November 16, 2001, and, as indicated in the package insert approved by the FDA, is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Except as admitted herein, Pfizer denies the allegations of Paragraph 45.

46.     Answering Paragraph 46, Pfizer states that the study referenced in this Paragraph speaks for itself and any attempt to characterize it is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 46.

47.     Answering Paragraph 47, Pfizer states that the study and publication referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 47.

48.     Answering Paragraph 48, Pfizer denies making any misrepresentations.  Pfizer denies the remaining allegations of Paragraph 48.

49.     Answering Paragraph 49, Pfizer states that the study, if any, referenced in this Paragraph speaks for itself and any attempt to characterize it is denied.  Pfizer states that, at

times relevant to this lawsuit, Bextra® was safe and effective when used in accordance with its FDA-approved prescribing information.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 49.

50.     Answering Paragraph 50, Pfizer states that the statements of the FDA referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 50.

51.     Answering Paragraph 51, Pfizer states that the statements of the FDA referenced in this Paragraph speak for themselves and any attempt to characterize them is denied.  Except as admitted or stated herein, Pfizer denies the allegations of Paragraph 51.

52.     Answering Paragraph 52, Pfizer states that the potential effects of Celebrex® and Bextra® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 52 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 52 directed toward it.

53.     Answering Paragraph 53, Pfizer states that the potential effects of Celebrex® and Bextra® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 53 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 53 directed toward it.

54.     Paragraph 54 makes no allegations toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or

knowledge to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies the same.

55.     The allegations contained in Paragraph 55 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.  Pfizer denies the remaining allegations of Paragraph 55 that are directed toward it.

56.     The allegations contained in Paragraph 56 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.  Pfizer denies the remaining allegations of Paragraph 56 that are directed toward it.  The remaining allegations in Paragraph 56 are not directed toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

57.     The allegations contained in Paragraph 57 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer admits that it has duties as are imposed by law, but denies that it breached any such duty. Pfizer states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and

effective when used in accordance with their FDA-approved prescribing information.  Except as admitted or stated herein, Pfizer denies the remaining allegations in Paragraph 57 of the Complaint that are directed toward it.  The remaining allegations in Paragraph 57 are not directed toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

58.     The allegations contained in Paragraph 58 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer admits that it has duties as are imposed by law, but denies that it breached any such duty. Pfizer states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer denies that Celebrex® and Bextra® are or were defective and denies they cause Plaintiffs' decedent any injury.  Except as stated herein, Pfizer denies the remaining allegations in Paragraph 58 of the Complaint that are directed toward it.  The remaining allegations in Paragraph 58 are not directed toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

59.     The allegations contained in Paragraph 59, and its subparts (a) through (p), assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.   Pfizer states that the potential effects of Celebrex® and Bextra®

were and are adequately described in their FDA-approved prescribing information.  Pfizer denies that Celebrex® and Bextra® are or were defective and denies they cause Plaintiffs' decedent any injury.  Except as stated herein, Pfizer denies the remaining allegations in Paragraph 59 of the Complaint that are directed toward it.  The remaining allegations in Paragraph 59 are not directed toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of the allegations, and therefore denies the same.

60.     Answering Paragraph 60, Defendant states that, at all times relevant, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer further states that the potential effects of Celebrex® and Bextra® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 60 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 60 directed toward it.

61.     The allegations contained in Paragraph 61 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer further states that the potential effects of Celebrex® and Bextra® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Pfizer denies that Celebrex® and Bextra® are or were defective and denies they cause Plaintiffs' decedent any injury.  Except as stated

13

herein, Pfizer denies the remaining allegations in Paragraph 61 of the Complaint that are directed toward it.  The remaining allegations in Paragraph 61 are not directed toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of those allegations, and therefore denies the same.

62.     The allegations contained in Paragraph 62 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 62 directed toward it.  The remaining allegations in Paragraph 62 are not directed toward Pfizer, and as such no response is required.  To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth of those allegations, and therefore denies the same.

63.     Answering Paragraph 63, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the condition in which Celebrex® or Bextra® reached Plaintiffs' decedent and, therefore, denies the same.  Defendant states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer states that the potential effects of Celebrex® and Bextra® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 63 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 63 directed toward it.

64.     The allegations contained in Paragraph 64 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer has insufficient knowledge or information regarding Plaintiffs' decedent's ingestion of Bextra® and Celebrex® and therefore denies the same.  Pfizer denies the remaining allegations of Paragraph 64 directed toward it.  To the extent that Paragraph 64 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.

65.     Answering Paragraph 65, and its subparts (a) and (b), Defendant states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer states that the potential effects of Celebrex® and Bextra® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 65 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 65 and its subparts directed toward it.

66.     The allegations contained in Paragraph 66 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law and with the applicable state of the art.  Pfizer denies that Celebrex® and Bextra® are or were defective and denies they caused Plaintiffs' decedent any injury.  To the extent that Paragraph 66 contains

allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Except as stated herein, Defendant denies the remaining allegations contained in Paragraph 66 directed toward it.

67.     Answering Paragraph 67, Pfizer denies that Celebrex® and Bextra® are or were defective and denies they caused Plaintiffs' decedent any injury.  To the extent that Paragraph 67 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Except as stated herein, Defendant denies the remaining allegations contained in Paragraph 67 directed toward it.

68.     The allegations contained in Paragraph 68 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer denies that Celebrex® and Bextra® are or were defective and denies they caused Plaintiffs' decedent any injury.  To the extent that Paragraph 68 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Except as stated herein, Defendant denies the remaining allegations contained in Paragraph 68 directed toward it.

69.     The allegations contained in Paragraph 69 of Plaintiffs' Complaint assert legal conclusions to which no response is required.  To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information.  To the extent that Paragraph 69 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.  Except as stated herein, Defendant denies the remaining allegations contained in Paragraph 69 directed toward it.

70.     Answering Paragraph 70 Defendant states that, at times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer states that the potential effects of Celebrex® and Bextra® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  To the extent that Paragraph 70 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 70 directed toward it.

71.     Answering Paragraph 71, Pfizer denies that it made any express warranties about Celebrex® or Bextra® and denies that it made any statements or representations to Plaintiffs, Plaintiffs' decedent, or others that might be implied by law as warranties regarding Celebrex® or Bextra®.  Pfizer states that, at all times relevant to this lawsuit, Celebrex® and Bextra® were safe and effective when used in accordance with their FDA-approved prescribing information. To the extent that Paragraph 71 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same. Defendant denies the remaining allegations contained in Paragraph 71 directed toward it.

72.     Pfizer denies the allegation of Paragraph 72 direct toward it.  To the extent that Paragraph 72 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.

73.     Answering Paragraph 73, Pfizer denies that it made any express warranties about Celebrex® or Bextra® and denies that it made any statements or representations to Plaintiffs, Plaintiffs' decedent, or others that might be implied by law as warranties regarding Celebrex® or Bextra®.  Pfizer states that, at all times relevant to this lawsuit, Celebrex® and Bextra® were

safe and effective when used in accordance with their FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art.   To the extent that Paragraph 73 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.   Defendant denies the remaining allegations contained in Paragraph 73 directed toward it.

74.    The allegations contained in Paragraph 74 of Plaintiffs' Complaint assert legal conclusions to which no response is required.   To the extent a response is deemed required, Pfizer denies that Celebrex® and Bextra® are or were defective and denies they caused Plaintiffs' decedent any injury.   To the extent that Paragraph 74 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.   Defendant denies the remaining allegations contained in Paragraph 74 directed toward it.

75.    The allegations contained in Paragraph 75 of Plaintiffs' Complaint assert legal conclusions to which no response is required.   To the extent a response is deemed required, Pfizer denies that Celebrex® and Bextra® are or were defective and denies they caused Plaintiffs any injury.   To the extent that Paragraph 75 contains allegations not directed toward Pfizer, Pfizer has insufficient knowledge or information as to those allegations and therefore denies the same.   Defendant denies the remaining allegations contained in Paragraph 75 directed toward it.

76.    Paragraph 76 requests a trial by jury.   Pfizer requests a trial by jury on all issues so triable.

77.    Pfizer denies the allegations contained in the unnumbered WHEREFORE paragraph following Paragraph 76, except to admit that Plaintiffs seek compensatory damages

and general and equitable relief, but Pfizer denies that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant in this matter. Defendant therefore asserts the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendant will withdraw any of these defenses as may be appropriate.

## FIRST DEFENSE

1.      The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

2.      Plaintiffs' claims may be barred by the applicable statute of limitations and/or repose, or by the equitable doctrines of laches, waiver and estoppel.

## THIRD DEFENSE

3.      Plaintiffs' and Plaintiffs' decedent's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Defendant had no control or right to control and whose actions are not, therefore, imputable to Defendant.

## FOURTH DEFENSE

4.      Plaintiffs' and Plaintiffs' decedent's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs, Plaintiffs' decedent, or persons or parties whose identities are unknown at this time, which comparative negligence or fault is sufficient to proportionately reduce Plaintiffs' recovery or to bar it.

## FIFTH DEFENSE

5. Plaintiffs' decedent's injuries, if any, were due to an allergic, idiosyncratic or idiopathic reaction to Celebrex® or Bextra®, or by an unforeseeable illness, unavoidable accident, or pre-existing condition, without any negligence or culpable conduct by Defendant.

## SIXTH DEFENSE

6. Plaintiffs and Plaintiffs' decedent failed to exercise reasonable care and diligence to mitigate their injuries and damages, if any.

## SEVENTH DEFENSE

7. Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® and Bextra® are prescription pharmaceutical drugs and fall within the ambit of Restatement (Second) of Torts § 402A, Comment k.

## EIGHTH DEFENSE

8. Bextra® is safe when used as directed, was suitable for the purpose for which it was intended, was distributed with adequate and sufficient warnings and Defendant reasonably assumed that its warnings would be read and heeded; therefore, Bextra® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

## NINTH DEFENSE

9. Celebrex® is safe when used as directed, is suitable for the purpose for which it is intended, is distributed with adequate and sufficient warnings and Defendant reasonably assumed that its warnings would be read and heeded; therefore, Celebrex® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

## TENTH DEFENSE

10.     Celebrex® and Bextra® fall under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration and Plaintiffs' claims have been preempted under the Supremacy Clause of the U.S. Constitution.

## ELEVENTH DEFENSE

11.     Celebrex® and Bextra®, and Defendant's actions, conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Celebrex® and Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

## TWELFTH DEFENSE

12.     Defendant avers that Celebrex® and Bextra® possess no characteristic that renders them unreasonably dangerous in a reasonably anticipated use by a person.

## THIRTEENTH DEFENSE

13.     Defendant satisfied its duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

## FOURTEENTH DEFENSE

14.     Defendant pleads the applicability and exclusivity of the Louisiana Products Liability Act, LA. REV. STAT. §§ 9:2800.51, *et seq.*, and specially avers that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## FIFTEENTH DEFENSE

15.     Plaintiffs' allegations of fraud, deceit, and fraudulent misrepresentations are not stated with the degree of particularity required by FED .R. CIV. P. 9(b) and should be dismissed.

## SIXTEENTH DEFENSE

16.     Plaintiffs' claims for punitive damages, if any, are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore,* 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 123 S. Ct. 1513 (U.S. 2003), or the Louisiana Constitution, statutes and decisions of the Louisiana courts, including LA. CIV. CODE art. 3546.

## SEVENTEENTH DEFENSE

17.     Plaintiffs' claims are barred by assumption of the risk.

## EIGHTEENTH DEFENSE

18.     Plaintiffs' claims are barred in whole or in part because Celebrex® and Bextra® "provide[] net benefits for a class of patients" within the meaning of the Restatement (Third) of Torts: Product Liability § 6, comment f.

## NINETEENTH DEFENSE

19.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex® and Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the products' use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the products were marketed.

### TWENTIETH DEFENSE

20.     Plaintiffs' claims asserted in the Complaint are barred because Celebrex® and Bextra® were designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### TWENTY-FIRST DEFENSE

21.     If Plaintiffs or Plaintiffs' decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by operation of nature or other supervening or intervening conduct of persons other than Defendant, and for whose conduct Defendant is not responsible, or with whom Defendant had no legal relation or legal duty to control.

### TWENTY-SECOND DEFENSE

22.     If Plaintiffs or Plaintiffs' decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Celebrex® or Bextra® by persons other than Defendant or persons acting on its behalf.

### TWENTY-THIRD DEFENSE

23.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® and Bextra® did not proximately cause injuries or damages to Plaintiffs.

### TWENTY-FOURTH DEFENSE

24.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### TWENTY-FIFTH DEFENSE

25.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

### TWENTY-SIXTH DEFENSE

26.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Celebrex® and Bextra® complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### TWENTY-SEVENTH DEFENSE

27.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® and Bextra® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### TWENTY-EIGHTH DEFENSE

28.     Plaintiffs' claims must be dismissed because Plaintiffs' decedent would have taken Celebrex® and Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### TWENTY-NINTH DEFENSE

29.     Plaintiffs' claims asserted in the Complaint are barred because the utility of Celebrex® and Bextra® outweighed their risks.

### THIRTIETH DEFENSE

30.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### THIRTY-FIRST DEFENSE

31.     The liability of Defendant, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs or Plaintiffs' decedent.

### THIRTY-SECOND DEFENSE

32.     Defendant is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs or Plaintiffs' decedent with any other defendant or other person or entity.

### THIRTY-THIRD DEFENSE

33.     Plaintiffs' claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.*, the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

### THIRTY-FOURTH DEFENSE

34.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### THIRTY-FIFTH DEFENSE

35.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

### THIRTY-SIXTH DEFENSE

36.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® and Bextra® are comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by the FDA specifying the language that should be used in the labeling accompanying Celebrex® and Bextra®.  Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### THIRTY-SEVENTH DEFENSE

37.    If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### THIRTY-EIGHTH DEFENSE

38.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTY-NINTH DEFENSE

39.     Pfizer specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert any such defenses.

## JURY DEMAND

Defendant, Pfizer Inc., demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, Pfizer Inc., respectfully requests that this matter be dismissed with prejudice and that it be awarded its costs and any other relief to which it may be entitled.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
*Counsel for Defendant, Pfizer Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by sending a copy of same via U.S. Mail, properly addressed and postage prepaid on this _____ day of January.