FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 30  PM 5: 05

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

## MERCK & CO., INC.'S OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS FOR J. MARTIN CARROLL, SUSAN BAUMGARTNER AND WENDY DIXON

In her proposed deposition designations for use at the upcoming *Plunkett II* trial, plaintiff has designated portions of the depositions of Marty Carroll, Susan Baumgartner and Wendy Dixon, all of whom were part of Merck & Co., Inc.'s ("Merck's") marketing division. As set forth in Merck's attached objections, plaintiff's designations are objectionable on numerous grounds. However, Merck would like to focus the Court's attention on several recurring concerns when ruling on the objections.

Fee
Process
X  Dktd
CtRmDep
Doc. No.

**Marty Carroll**

Mr. Carroll is a former Merck employee who was an Executive Vice President of Marketing under David Anstice. Plaintiff designates portions of Mr. Carroll's testimony that are irrelevant, cumulative of Mr. Anstice's designated testimony, and not based on his personal knowledge. The questioner asks Mr. Carroll about multiple documents he has never seen before and studies he has never heard of. (*See, e.g.*, October 27, 2005 Deposition of Marty Carroll ("Carroll Dep.") at 103-112, attached as Ex. 1 to the Declaration of Phillip A. Wittmann in support of Merck's Objections to Plaintiff's Deposition Designations ("Objections Wittmann Decl.").) The questioning becomes repetitive and sarcastic, and in multiple instances, the plaintiff's attorney transforms his questions into speeches. (*Id.* at 426:14-427:1.) A large portion of the testimony relates to Merck's profits and sales of Vioxx (*id.* at 191-201), topics that are improper during the liability phase of trial. For these reasons, the Court should exclude many, if not all, of plaintiff's designations from Mr. Carroll's deposition.

**Susan Baumgartner**

Ms. Baumgartner is also in Merck's marketing division. She is part of the market integration team, which works with doctors who are consultants and speakers for Merck. Plaintiff's designations from her deposition are not relevant and are highly prejudicial. The majority of her testimony consists of repetitive, harassing questions about Merck's alleged policy of intimidating doctors. The documents marked as exhibits are often highly prejudicial (*e.g.*, the letter from Dr. James Fries at Stanford containing hearsay allegations of intimidations by Merck, September 30, 2005 Deposition of Susan Baumgartner ("Baumgartner Dep.") at 235-85, attached as Ex. 2 to the Objections Wittmann Decl.) or are not within the witness's personal knowledge (*e.g.*, a letter from a third-party scientist to another Merck employee, *id.* at 104-07). Ms.

2

Baumgartner's testimony is not relevant to liability in this case, because Dr. Schirmer testified he did not attend any speaker events regarding Vioxx. In addition, the questioner is often argumentative and harassing. If the Court does not exclude these portions of the deposition, plaintiff should be required to read them rather than play them to the jury.

**Wendy Dixon**

Dr. Dixon is a former Merck employee who was the Vice President of marketing. Plaintiff has designated portions of Dr. Dixon's testimony that are not relevant to this case, are prejudicial, and are not based on her personal knowledge. Plaintiff's counsel asks Dr. Dixon many questions about documents or issues that post-date Mr. Irvin's death and that are not relevant to the liability phase of the trial. (*See, e.g.*, January 19, 2005 Deposition of Wendy Dixon ("Dixon Dep. I") at 180-185, attached as Ex. 3 to the Objections Wittmann Decl.) Dr. Dixon is also asked to give extensive testimony about emails she did not write. (*See, e.g., id.* at 238-253.) The questioning is often repetitive and sarcastic, and the plaintiff's attorney uses Dr. Dixon as a prop to elicit irrelevant, prejudicial testimony to Merck. (*See, e.g., id.* at 239:23-240:15.) Further, plaintiff's counsel questions Dr. Dixon about documents relating to Merck's profit and sales plan for Vioxx (January 20, 2005 Deposition of Wendy Dixon ("Dixon Dep. II") at 280, 305-06 and related discussions, attached as Ex. 4 to the Objections Wittmann Decl.), topics which are improper during the liability phase of trial. In addition, plaintiff's designations regarding marketing materials and press releases are not relevant to the issues in this litigation and are prejudicial to Merck because they post-date Mr. Irvin's death. (*See, e.g.*, Dixon Dep. I at 147:2-4 and discussion that follows; 153:17-20.) Moreover, Dr. Schirmer has testified that he did not see any marketing materials pertaining to Vioxx.

\* \* \*

3

For the foregoing reasons, Merck respectfully requests that the Court strike Plaintiff's designations in their entirety.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:    213-430-6407
Attorneys for Merck & Co., Inc.

4

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Merck & Co., Inc.'s Objections to Plaintiff's Deposition Designations for J. Martin Carroll, Susan Baumgartner and Wendy Dixon has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon Plaintiffs' counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED