UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 05-4046 | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT<br>as Personal Representative of the Estate of<br>RICHARD IRVIN, JR., | * | |
| Plaintiff, | * | |
| vs. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

## MERCK & CO., INC.'S OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS FOR MARY BLAKE AND JAN WEINER

In their proposed deposition designations for use at the upcoming *Plunkett II* trial, plaintiff has designated portions of the depositions of Mary Blake and Jan Weiner ("Plaintiff's designations"). As set forth in Merck's attached objections, Plaintiff's designations are objectionable on numerous grounds. With this Memorandum, Merck seeks to highlight for the Court the most significant and recurring bases for its objections.

**Background**

Mary Blake and Jan Weiner both work in the public affairs department for Merck. Their involvement with Vioxx® consisted solely of public affairs activities; for example, preparing press releases and standby statements and monitoring media coverage. Mrs. Plunkett testified that the first time she ever heard of Vioxx, and the first time Mr. Irvin ever mentioned the drug to her, was when he called to say he was picking up his prescription. (*See* Sept. 13, 2005 Deposition of Evelyn Irvin Plunkett ("Plunkett Dep.") at 75:3-75:10, attached as Ex. 26 to the Declaration of Phillip A. Wittmann in Support of Merck's Motions *in Limine*, filed November 4, 2005 ("*Plunkett I* Wittmann Decl.").) Neither she nor any other witness has any evidence that Mr. Irvin ever saw or relied on any Vioxx advertising. (*See* Dec. 5, 2005 Tr. Testimony (Evelyn Irvin Plunkett) at 1403:24-1404:6, attached as Ex. 15 to the Declaration of Phillip A. Wittmann in Support of Merck's Objections to Plaintiff's Deposition Designations ("Objections Wittmann Decl."); Plunkett Dep. at 84:4-18.) Furthermore, the prescribing physician in this case, Dr. Christopher Schirmer, has likewise testified that he did not see or rely on any Vioxx marketing or press pieces in deciding to prescribe Vioxx for Mr. Irvin. (*See* Dec. 3, 2005 Tr. Testimony (Christopher Schirmer, M.D.) at 1025:19-21; *see also* Sept. 6, 2005 Deposition of Christopher Schirmer, M.D. ("C. Schirmer Dep.") at 93:4-6, attached as Ex. 15 to Objections Wittmann Decl.)

**Recurring Issues for the Court to Consider in Ruling on Merck's Objections**

The Court should strike Plaintiff's designations substantially or in their entirety pursuant to Federal Rules of Evidence 401, 402, and 403 because the designations are (1) irrelevant to the matters at issue in this trial and (2) any probative value is substantially outweighed by the danger of unfair prejudice.

Plaintiff's designations focus exclusively on marketing and promotional activities. For example, the designations concern various Vioxx press releases, standby statements, Q & As, and news articles. However, this testimony is indisputably irrelevant to the issue of liability presented in this trial. First, the Plaintiff has testified that neither she nor Mr. Irvin saw or relied on any Vioxx marketing or press pieces in deciding to treat Mr. Irvin's chronic back pain with Vioxx. Likewise, Dr. Christopher Schirmer, the prescribing physician, has testified that he did not see or rely on any such materials in deciding to prescribe Vioxx for Mr. Irvin. In the absence of any such reliance, testimony on these topics is irrelevant to the issue of liability. Second, many of the materials covered by Plaintiff's designations post-date Mr. Irvin's death, and are therefore irrelevant. Second, even if such testimony had any relevance to the trial, the probative value would be substantially outweighed by the danger of unfair prejudice.

In addition, the Court should strike the designated testimony concerning events and documents about which Ms. Blake and/or Ms. Weiner have no personal knowledge, pursuant to Federal Rule of Evidence 602. As evidenced by their answers, the deponents have no personal knowledge of many of the marketing and press pieces covered by Plaintiff's designations.

\* \* \*

For the foregoing reasons, Merck respectfully requests that the Court strike Plaintiff's designations substantially or in their entirety.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:     202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Merck & Co., Inc.'s Objections to Plaintiff's Deposition Designations for Mary Blake and Jan Weiner has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon Plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

*Dorothy H. Wimberly* [signature]

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED