## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

2006 JAN 30  PM 5: 11

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

## MERCK & CO., INC.'S OBJECTIONS TO
## PLAINTIFF'S DEPOSITION DESIGNATIONS FOR DR. ERIC TOPOL

Merck is filing today a Motion to Preclude Testimony of Dr. Eric Topol.  In the event the Court denies that motion, attached hereto are Merck's objections to plaintiff's designations of Dr. Topol's deposition.  Merck's objections to Dr. Topol's testimony fall into four broad categories:

**Leading Questions**:  Dr. Topol is not a witness who is adverse to plaintiff.  Under Rule 611(c), leading questions are improper.  While the expeditious conduct of trials generally does permit some amount of leading, plaintiff's examination of Dr. Topol was over-the-top.  Some examples are as follows:

Fee
Process
X Cktd
CtRmDep
Doc. No

- Mr. Klein asking "Is it a departure from sound academic and scientific practice to attempt to neutralize papers and try to inject a particularly perspective rather than what is the down the middle truth?" (Nov. 11, 2005 Deposition of Eric J. Topol ("Topol Dep.") at 110:18-111:4, attached as Ex. 7 to the Declaration of Phillip A. Wittmann in support of Merck's Objections to Plaintiff's Deposition Designations ("Objections Wittmann Decl.").)

- Mr. Klein asking "Is what you're saying is that the VIGOR – you learned from seeing this document that the VIGOR data had been analyzed, as you would expect, going along at various stages?" . . . "And that at various stages were there red flags that you can see in this data?" (*Id.* at 121:2-121:11.)

- Mr. Klein asking "Before you get to issue number two, if you remember, how do you view that conduct? What word would you use to describe it?" When Dr. Topol does not oblige with the word Mr. Klein is looking for he asks "Outrageous?" (*Id.* at 224:4-224:19.)

**Hearsay**: Dr. Topol is not a Merck employee or agent and therefore his out-of-court statements are inadmissible hearsay absent some relevant exception. Plaintiff designated a great deal of hearsay testimony. Examples include:

- In this designated testimony, Dr. Topol is reading from a private e-mail sent to David Graham. The e-mail itself is a hearsay statement of Dr. Topol, offered for the truth and for which no exception applies. (*Id.* at 50:1-51:1.)

- Dr. Topol purports to relate, for the truth of the matters asserted, what was told to him by the editors of the New England Journal of Medicine. (*Id.* 224:21-225:20.)

- Double hearsay testimony about Mr. Gilmartin's supposed comments to Mr. Mixon of the Cleveland Clinic. Dr. Topol purports to testify about what Dr. Rudnick supposedly told him about what Mr. Mixon supposedly told him about what Mr. Gilmartin supposedly said. (*Id.* at 292:21-296:9.)

**Lack of foundation:** In several instances, plaintiff's counsel showed Dr. Topol internal Merck documents he had never seen before and asked for his commentary. Dr. Topol's extemporaneous views about documents for which he has no personal knowledge are not evidence. The following is an example:

- Plaintiff seeking Dr. Topol's view on Merck's internal comments to his JAMA paper. Dr. Topol has no idea what the purpose of the Merck comments

2

were, the context in which those comments were made, or what use was made of them. (*Id.* at 92:23-94:5.)

**Improper opinion testimony:**   Plaintiff claims Dr. Topol's opinion testimony is admissible because he supposedly can comment on technical or scientific matters.   However, plaintiff sought opinions about Merck's conduct that do not fall within Federal Rule of Evidence 702. Examples include:

- Having shown Dr. Topol internal document he had never seen before, plaintiff's counsel asked "What do you think of that kind of conduct?"  On cue, Dr. Topol responds "I'm actually appalled by this."  The opinion sought by plaintiff is not a technical or scientific issue but rather seeks Dr. Topol's own unique morality judgments.  Such judgments are not admissible. (*Id.* at 109:7-109:12.)

- With respect to the double hearsay testimony about Mr. Mixon and Mr. Gilmartin, Mr. Klein asks Dr. Topol "How do you view this event that you've just described for me?"  Dr. Topol respondsm "I find it entirely repulsive."  Dr. Topol's opinion about this alleged conversation (which never happened) is not proper FRE 702 testimony. (*Id.* at 296:4-296:9.)

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Merck & Co., Inc.'s Objections to Plaintiff's Deposition Designations for Dr. Eric Topol has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED