FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 23  PM 4: 43

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| In re: VIOXX<br>**PRODUCTS LIABILITY LITIGATION** | MDL Docket No. 1657<br>**SECTION L** |
| **This document relates to**<br>**All Class Action Cases** | **JUDGE FALLON**<br><br>**MAGISTRATE JUDGE KNOWLES** |

## PLAINTIFFS' STEERING COMMITTEE'S MOTION TO AMEND THE FIRST AMENDED MASTER CLASS ACTION COMPLAINT (PERSONAL INJURY AND WRONGFUL DEATH) TO ADD BY INTERLINEATION ADDITIONAL PLAINTIFF REPRESENTATIVES IN NEWLY FILED CLASS COMPLAINTS

The Plaintiffs' Steering Committee ("PSC") respectfully moves this Honorable Court for an Order in the form appended hereto to amend the First Amended Master Class Action Complaint (Personal Injury and Wrongful Death) filed with this Court on September 28, 2005. This motion is brought pursuant to Fed. R. Civ. P. 15(a). The PSC seeks to amend the Master Class Action Complaint (Personal Injury and Wrongful Death) to add by interlineation plaintiff class representatives from Pennsylvania and an additional class representative from Indiana.

In support of this motion, the PSC relies upon the attached Memorandum of Law and exhibits attached thereto.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

By: _____
Russ M. Herman, #6819
Leonard A. Davis, #14190
HERMAN, HERMAN, KATZ AND COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax:   (504) 561-6024

___ Fee_____
___ Process_____
_X_ Dktd_____
_√_ CtRmDep_____
___ Doc. No _____

Temporary Address:

Place St. Charles, 201 St. Charles Avenue
Suite 4310, New Orleans, Louisiana 70170

**LIAISON COUNSEL TO THE
PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on the below listed attorneys, as well as on Liaison Counsel, Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading thesame to Lexis/Nexis File & Serve Advanced in accordance with Pre-Trial Order #8, on this 22nd day of January, 2006.

LEONARD A. DAVIS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to<br>All Class Action Cases | MDL Docket No. 1657<br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES |

## MEMORANDUM OF LAW IN SUPPORT OF THE PSC'S MOTION TO AMEND THE MASTER CLASS ACTION COMPLAINT (PERSONAL INJURY AND WRONGFUL DEATH) TO ADD BY INTERLINEATION PLAINTIFF REPRESENTATIVES

**I.     INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") respectfully moves this Honorable Court for an Order in the form appended hereto to amend the First Master Class Action Complaint (Personal Injury and Wrongful Death) filed with this Court on August 2, 2005 . This motion is brought pursuant to Fed. R. Civ. P. 15(a).  The PSC seeks to amend the Master Class Action Complaint (Personal Injury and Wrongful Death), a "administrative vehicle" or a "procedural device," to add by interlineation plaintiff class representatives from Pennsylvania and an additional class representative from Indiana. This Honorable Court should grant leave to amend because amendments should be "freely given" and since there is no undue delay, bad faith or dilatory motive on the part of the PSC in seeking this amendment nor would Merck be unduly prejudiced.

## II.   PROCEDURAL HISTORY AND STATEMENT OF THE FACTS

On June 2, 2005, Case Management Order No. 16 ("CMO 16") was entered by this

Honorable Court. CMO 16 specifically ordered that:

> the PSC on or before August 1, 2005 file in this Court a Master Complaint with
> respect to each type of Class Action Case. The Master Complaint shall apply to all
> pending Class Action cases, and to those subsequently filed, removed or transferred,
> to this Court as part of this proceeding.

CMO 16 at IV(A).

CMO 16 specifically applied to:

> This Order shall govern all class action cases (1) transferred to this Court by the
> Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005;
> (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel
> on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that
> Panel; and (3) all related class action cases originally filed in this Court or transferred
> or removed to this Court (collectively, "Class Action Cases").

CMO 16 at I.

On August 2, 2005, the PSC filed a Master Class Action Complaint (Personal Injury

and Wrongful Death)(hereinafter "PI-Master Complaint). As set forth in paragraph 1 of the PI-

Master Complaint, it was filed for "administrative purposes pursuant to the Court's direction as set

forth in the Court's Case Management Order."

As of the date of filing of the PI-Master Complaint, personal injury and wrongful

death class actions suits from the following states had been transferred to this Honorable Court:

Alabama, California, Connecticut, Delaware, Florida, Idaho, Illinois, Indiana, Kentucky, Louisiana,

Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, North

Dakota, Ohio, Rhode Island, Washington, West Virginia, and Wisconsin.

The PI-Master Complaint stated "intentionally left blank" for each of the following

states: Alaska, Arizona, Arkansas, Colorado, District of Columbia, Georgia, Hawaii, Iowa, Kansas, Maine, Mississippi, Montana, Nevada, New Hampshire, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, and Wyoming. The PI-Master Complaint explained that "[u]ntil such time that a representative plaintiff presents himself/herself to represent the headless class, for the purpose of pleading, the space is being left intentionally blank." Furthermore, the PI-Master Complaint explained that:

> class actions lawsuits from other states and territories continue to be transferred to this Honorable Court, and plaintiffs anticipate that eventually class actions from most of the fifty states will be pending before this Court. Until such time, plaintiffs intend to move for certification of state classes in states as to which class actions are currently pending, reserving the right to seek state class certification as to other states as class actions from those states are transferred to this Court, or to seek certification on behalf of state classes, conditioned on the anticipated transfer of state class actions to this Court and/or the identification of adequate representatives from those states.

On September 28, 2005, the PSC filed a motion similar to this, seeking to add by interlineation additional class action plaintiffs with the First Master Class Action Complaint (Personal Injury and Wrongful Death). This Court in a Second Amended Pretrial Order No. 16 granted the PSC's prior motion to amend the Personal Injury and Wrongful Death complaints, deeming the First Amended Complaints for each class action as filed (Exhibit "1").[1] Furthermore, according to Second Amended Pretrial Order No. 16 "[a]ny additional motions to amend any of the existing three class action master complaints shall be filed with the Court on or before January 23, 2006." *Id.* This motion is filed pursuant to the Second Amended Pretrial Order No. 16 seeking to add two additional class representatives from Pennsylvania and Indiana, as set forth in the Second Amended Master Class Action Complaint (Personal Injury and Wrongful Death). (Exhibit "2").

---

[1]     A true and correct copy of Second Amended PTO No. 16 is attached hereto as Exhibit "1."

On January 17, 2006 a Complaint was filed in the United States District Court for the

District of Indiana, Indianapolis Division, in the matter of *Heavrin, et al. v. Merck & Co., Inc.*,

docket no. 1:04-cv-1651.

On January 20, 2006, a Complaint was filed in the United States District Court for

the Eastern District of Pennsylvania in the matter of *Michael Getz, et al. V. Merck & Co.*, Inc. Docket

no. 06-cv-0272.

## III.   LEGAL ARGUMENT

### LEAVE TO AMEND SHOULD BE GRANTED SINCE AMENDMENTS SHOULD BE "FREELY GIVEN" AND SINCE THERE IS NO UNDUE DELAY, BAD FAITH OR DILATORY MOTIVE ON THE PART OF THE PSC IN SEEKING THIS AMENDMENT NOR WOULD MERCK BE UNDULY PREJUDICED

In determining whether to grant leave to amend a pleading, it is appropriate for a court

to consider judicial economy and the most expeditious way to dispose of merits of the litigation.

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1991).  This Honorable Court has

recognized that a Master Complaint is an "administrative vehicle" or a "procedural device" used to

promote judicial efficiency and economy and to streamline the litigation process.  *In re Propulsid*

*Products Liability Litigation,* 208 F.R.D. 133, 141, 142 (E.D. La. 2002)(citing Diana E. Murphy,

Unified and Consolidated Complaints in Multidistrict Litigation, 132 F.R.D. 597 (1997); Arnold

Levin, *MDL/Class Actions in Mass Tort, Pharmaceutical, and Toxic Litigation*, Ann. 2001 ATLA-

CLE 2793 (2001).  CMO 16 anticipated that Class Action Master Complaints would be amended

to incorporate class plaintiff representatives from other states, as the PSC seeks to accomplish with

this motion.  Specifically, CMO 16 stated that "The Master Complaint shall apply to all pending

Class Action cases, **and to those subsequently filed, removed or transferred, to this Court as**

**part of this proceeding**." Based on CMO 16, the PSC included "place-holders" in the PI-Class Complaint for the 27 states identified above intending to file amended complaints as other applicable class action were identified, filed or transferred to this Court.

Courts should grant leave to amend a complaint "freely" and "when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) of the *Federal Rules of Civil Procedure* are in accord and require that when leave of court is sought to file an amended complaint it should be "freely given." *Fed.R.Civ. P.* 15(a). "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Serv.'s,* 925 F.2d 866, 874 (5th Cir.1991). In deciding whether to allow a party to amend pleadings, courts may consider factors such as undue delay, dilatory motive, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *See Matter of Southmark Corp.*, 88 F.3d 311, 315 (5th Cir.1996)(citing *Foman supra.*); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993)). Applying these factors, leave to amend is appropriate in this case.

**A.    The PSC Has Timely Sought the Instant Amendment and Thus There Was No Undue Delay**

Moreover, this Court in the Second Amended Pre-Trial Order No. 16 ordered "[a]ny additional motions to amend any of the existing three class action master complaints shall be filed with the Court on or before January 23, 2006."

**B.    The PSC Has Not Acted in Bad-Faith in Seeking This Amendment**

The PSC is not seeking the amendment to delay these proceedings,[2] to harass Merck,

---

[2]    *Compare, Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) (where plaintiffs sought to amend the complaint nine months after action was commenced and after defendant had filed motion for summary

nor did it intentionally refrain from filing this motion in a timely manner. On the contrary, the PSC

acted swiftly as set forth above and in compliance with this Court's Second Amended Pretrial Order

No. 16..

### C. **Merck Will Not Be Prejudiced by the Amendment**

An opposing party who has had notice of the general nature of the claim or matters

asserted in the supplemental pleading from the beginning of the action will not be prejudiced by the

granting of leave to file the supplemental pleading. *See Altman v. General Elec. Co.*, 32 F.R.D. 245

(E.D. Pa. 1962). Merck was well aware that the PSC would seek to amend the PI-Class Complaint.

Indeed CMO 16 and its amendment contemplates as much by stating that the Master Class

Complaint apply to all pending Class Action cases, and to those subsequently filed, removed or

transferred, to this Court as part of this proceeding." The PI-Class Complaint "intentionally left

blank" the identity of the plaintiff class representative for 27 states explaining that "[u]ntil such time

that a representative plaintiff presents himself/herself to represent the headless class, for the purpose

of pleading, the space is being left intentionally blank." Moreover, Merck was served with the

Personal Injury and Wrongful Death Class Complaints of those class plaintiffs that are being added

by interlineation.

### IV. **CONCLUSION**

---

judgment, plaintiffs' delay in asserting additional claims, even though they were aware of underlying facts
supporting claims at outset of action, supported District Court's finding of bad faith and dilatory motive, and
therefore denial of motion to file second amended complaint was proper; *Little v. Liquid Air Corp.*, 952 F.2d
841 (5th Cir. 1992), reh'g en banc granted, (Jan. 28, 1992) and on reh'g en banc, 37 F.3d 1069(5th Cir. 1994).
where plaintiffs sought to file amendment which would have radically altered the nature of the action well
over a year after it was instituted, several months after discovery had effectively terminated, and after the
defendant had moved for summary judgment, and further, plaintiffs offered no evidence that the delay was
excusable or the result of a mere oversight, District Court's denial of motion was not an abuse of discretion).

For the foregoing reasons, the PSC respectfully requests leave to amend the First Amended Master Class Action Complaint (Personal Injury and Wrongful Death) to add by interlineation plaintiff class representatives from Pennsylvania and Indiana.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

By: _____

Russ M. Herman, #6819
Leonard A. Davis, #14190
HERMAN, HERMAN, KATZ AND COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax:    (504) 561-6024

Temporary Address:

Place St. Charles, 201 St. Charles Avenue
Suite 4310, New Orleans, Louisiana 70170

**LIAISON COUNSEL TO THE
PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. (**Co-Lead Counsel**)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |

W:\25000-29999\27115\000\PLD\PSC's Motion to Amend 1st Amended Class Action Complaint 2006-1-23.wpd\

| | |
|---|---|
| PH: (415) 956-1000<br>FAX: (415-956-1008)<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on the below listed attorneys, as well as on Liaison Counsel, Phillip Wittman, by U.S. Mail and email or by hand delivery and email and upon all parties by electronically uploading thesame to Lexis/Nexis File & Serve Advanced in accordance with Pre-Trial Order #8, on this 23rd day of January, 2006.

_____
LEONARD A. DAVIS

# EXHIBIT "1"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| All Class Action Cases | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SECOND AMENDMENT TO PRETRIAL ORDER NO. 16

I.   **Class Certification Briefing – Personal Injury Claims**

   A.   **Plaintiffs' Class Certification Motion**

   Plaintiffs shall file their motion for class certification as to their proposed national class on or before December 7, 2005.  Briefing on plaintiffs' alternative single-state class proposals will be deferred until resolution of the motion for nationwide certification.  At the same time as plaintiffs file their motion, plaintiffs shall identify all experts and witnesses upon whom plaintiffs rely in support of said motion (including the information contemplated by Fed. R. Civ. P. 26(a)(2)(B) as to experts) and file any expert reports or affidavits upon which they rely in support of the class certification motion.  Plaintiffs shall be precluded, without leave of Court, from relying on any experts or expert opinions in support of class certification that are not identified at this time.

Following the filing of plaintiffs' motion, priority shall be given to the taking of the depositions of any experts and witnesses upon whom plaintiffs rely in support of their motion.

**B.      Defendants' Opposition**

Defendants shall file a brief setting forth arguments in opposition to plaintiffs' class certification motion and the evidentiary basis thereof on or before January 8, 2006. At the same time, defendants shall identify all experts and witnesses upon whom they will rely in opposing plaintiffs' class certification motion (including the information contemplated in Fed. R. Civ. P. 26(a)(2)(B) as to experts), and file any expert reports or affidavits upon which they rely in opposing plaintiffs' class certification motion. Defendants shall be precluded, without leave of Court, from relying on any experts or expert opinions in opposition to class certification that are not identified at this time.

Following the filing of defendants' brief, priority should be given to taking the depositions of any experts or witnesses upon whom defendants rely in support of their opposition to class certification.

**C.      Plaintiffs' Reply**

Plaintiffs shall file their reply brief on or before January 23, 2006. The reply brief shall be confined to responding to arguments and expert opinions presented in defendants' opposition brief.

## II.    **DEADLINE FOR AMENDMENTS TO CLASS ACTION MASTER COMPLAINTS**

Any additional motions to amend any of the existing three class action master complaints shall be filed with the Court on or before January 23, 2006. Plaintiffs' Pending Motions to Amend the Personal Injury and Wrongful Death and Medical Monitoring Complaints are granted and the attached Amended Complaints to those motions are deemed filed.

## III.    **OTHER DEADLINES**

All other deadlines in PTO 16 shall continue to govern the class actions.

New Orleans, Louisiana, this _____ day of _____, 2005.

_____ /s/ Eldon E. Fallon _____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

# EXHIBIT "2"