any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xiv)  ILLINOIS:  All residents of Illinois who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xv)  INDIANA:  All residents of Indiana who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xvi)  IOWA:  All residents of Iowa who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xvii)  KANSAS: All residents of Kansas who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xviii) KENTUCKY:  All residents of Kentucky who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xix)  LOUISIANA:  All residents of Louisiana who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xx)  MAINE:  All residents of Maine who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

38

(xxi) MARYLAND:  All residents of Maryland who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxii) MASSACHUSETTS: All residents of Massachusetts who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxiii) MICHIGAN:  All residents of Michigan who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx under the laws of New Jersey. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxiv) MINNESOTA: All residents of Minnesota who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled

person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxv) MISSISSIPPI: All residents of Mississippi who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxvi) MISSOURI: All residents of Missouri who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxvii) MONTANA: All residents of Montana who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxviii) NEBRASKA: All residents of Nebraska who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is

the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxix) NEVADA: All residents of Nevada who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxx) NEW HAMPSHIRE: All residents of New Hampshire who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxi) NEW JERSEY: All residents of New Jersey who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxii) NEW MEXICO: All residents of New Mexico who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was

withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxiii)  NEW YORK: All residents of New York who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxiv)  NORTH CAROLINA: All residents of North Carolina who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxv)  NORTH DAKOTA: All residents of North Dakota who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxvi) OHIO: All residents of Ohio who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxvii) OKLAHOMA: All residents of Oklahoma who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxviii) OREGON: All residents of Oregon who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xxxix) PENNSYLVANIA: All residents of Pennsylvania who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any

43

excluded persons.

(xl)  RHODE ISLAND: All residents of Rhode Island who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xli)  SOUTH CAROLINA:  All residents of South Carolina who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xlii)  SOUTH DAKOTA: All residents of South Dakota who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx.  Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xliii)  TENNESSEE: All residents of Tennessee who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death

44

claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xliv)  TEXAS: All residents of Texas who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xlv)  UTAH: All residents of Utah who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xlvi)  VERMONT: All residents of Vermont who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xlvii)  VIRGINIA: All residents of Virginia who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from

45

the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xlviii) WASHINGTON: All residents of Washington who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(xlix) WEST VIRGINIA: All residents of West Virginia who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(l) WISCONSIN: All residents of Wisconsin who took Vioxx in any dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

(li) WYOMING: All residents of Wyoming who took Vioxx in any

46

dose at any time between May 20, 1999, when Vioxx was first approved by the United States Food and Drug Administration ("FDA"), and September 30, 2004, when Vioxx was withdrawn from the market, and who claim personal injuries or assert wrongful death claims arising from ingestion of Vioxx. Excluded from the class is the defendant, including any parent, subsidiary, affiliate or controlled person of the defendant and their officers, directors, agents or employees, any judge or judicial officers assigned to this matter, and members of the immediate families of any excluded persons.

153.    Vioxx was widely prescribed and has been ingested by approximately 20 million persons. The members of the Class are so numerous that joinder is impracticable and would involve thousands of individual actions.

154.    Each class representative plaintiff is a member of the Class he/she seeks to represent.

155.    In this action, key significant common issues of law and fact exist which relate to the defectiveness of Vioxx; to Defendant's knowledge, conduct and duty in its formulation, research and development, manufacturing, testing, promotion, marketing, advertising and sales; and, these common issues predominate over any issues affecting only individual Class members.  Common issues of law and fact include, but are not limited to:

1.    Whether Vioxx was and is unsafe for human ingestion;

2.    Whether defendant designed, manufactured and/or marketed Vioxx with knowledge that it was a dangerously defective product;

3.    Whether defendant acted knowingly, recklessly, or negligently in marketing and selling Vioxx;

4.    Whether defendant conducted, either directly or indirectly, adequate testing of Vioxx;

5.    Whether defendant acted to conceal or failed to adequately warn consumers

47

of the adverse health hazards caused by using Vioxx;

6.      Whether defendant    falsely and fraudulently misrepresented in their advertisements, promotional materials and other materials, among other things, the safety of using Vioxx;

7.      Whether defendant knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of Vioxx from governmental regulators, the medical community and/or the consuming public;

8.      Whether defendant's post-marketing safety and surveillance system exists, and if so, was designed and implemented in a reasonable manner;

9.      Whether defendant designed and manufactured a drug that was dangerously defective because its use leads to or poses a substantial increased risk of the existence of potentially dangerous side effects, including, but not limited to, heart attack and stroke;

10.     Whether defendant knew or should have known that the ingestion of Vioxx leads to or poses a substantial increased risk of side effects;

11.     Whether defendant continued to manufacture, label, license, market, distribute, promote and/or sell the drug, Vioxx, notwithstanding its knowledge of the drug's dangerous nature and side effects;

12.     Whether the warnings and information defendant provided with Vioxx were adequate in warning of the potential hazards resulting from its use;

13.     Whether ingestion of Vioxx causes an increased risk of side effects;

14.     Whether there exist monitoring and testing procedures that will permit the

48

early detection and treatment of the side effects caused by the ingestion of Vioxx;

15.     Whether the increased risk of side effects from the ingestion of Vioxx warrants periodic diagnostic and medical examinations, medical research, and communications to the Class;

16.     Whether medical monitoring of plaintiff and the proposed Class who used Vioxx is reasonably necessary; and

17.     For the nationwide class, whether the unitary application of New Jersey or Pennsylvania law is appropriate;

18.     Whether the degree of reprehensibility of Merck's conduct warrants the imposition of punitive damages under controlling authority.

156.     These and other questions of law and/or fact are common to the Class and predominate over any question affecting only individual class members.

157.     The claims of the class representatives are typical of the claims of the Class in that the named representatives and the members of the Class ingested Vioxx and have not been diagnosed with a cardiovascular injury.

158.     The plaintiff(s) will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff(s) has retained counsel competent and experienced in complex class actions and products liability litigation. Plaintiff(s) has no known interests which are adverse to the interests of the other members of the Class. The interests of the plaintiff and the Class they seek to represent are aligned because of their ingestion of Vioxx.

159.     Plaintiffs Lawrence and Gibney, as representatives for the national class, act as

49

surrogates for those state classes (defined above) for which there is yet a nominal class representative plaintiff, i.e., a headless class. By interlineation, plaintiffs will cause to have substituted appropriate class representatives as their claims are filed and transferred to MDL 1657 pursuant to 28 U.S.C. §1407.

160.    Class certification is appropriate under Fed.R.Civ.P. 23(b)(3) because common issues of law and fact relative to the design, manufacture and marketing of Vioxx predominate over individual issues. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all members of each Class is impracticable.

161.    Class certification of the common issues identified in Paragraph No. 154 may also be appropriate pursuant to Fed. R.Civ.P. 23(c)(4)(A) with respect to particular issues set forth above or to be developed in the course of the litigation.

162.    A class action is superior to any other available method for the fair and efficient adjudication of this dispute because common questions of law and fact overwhelming predominate any questions that may affect only individual Class members, and there would be enormous economies to the courts and the parties in litigating the common issues on a classwide instead of repetitive individual basis. A class action approach would serve to consolidate and create a scenario with far fewer management difficulties because it provides the benefits of unity adjudication, judicial economy, economies of scale and comprehensive supervision by a single court. Any person who wishes to pursue an individual action outside the remedy sought in this complaint will have the opportunity to opt out.

163.    Maintenance of this action as a class action for the classes alleged is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for

each member of each Class who has suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

164.    Notice may be provided to class members under the requirements of Federal Rule of Civil Procedure 23(c)(2) by such combination of print publication, broadcast publication, internet publication, and/or first class mail that this Court determines best comport with modern Rule 23(c)(2) class notice form, content and dissemination techniques as used in other medical products liability cases and as recommended by the Manual for Complex Litigation 4th ed.

165.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action certified for the Class.

## VI.    CLAIMS FOR RELIEF

### COUNT I

### (NEGLIGENCE)

166.    Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

167.    Defendant is the designer, manufacturer and seller of the drug Vioxx.

168.    When placed in the stream of commerce in 1999, Vioxx was not accompanied by adequate warnings regarding the significant cardiovascular risks associated with the ingestion of Vioxx. The warnings given by the Defendant did not accurately reflect the existence of the risk, let alone the incidence, symptoms, scope, or severity of such injuries.

169.    Defendant failed to perform adequate testing concerning the safety of the drug Vioxx in that adequate testing would have shown that Vioxx poses serious risk of cardiovascular problems

which would have permitted adequate and appropriate warnings to have been given by Defendant to prescribing physicians and the consuming public.

170.    Defendant had a duty to exercise reasonable care in the design, manufacture, sale, and distribution of the drug Vioxx, including a duty to assure that the product did not cause users to suffer from unreasonable, dangerous side effects when used alone or in foreseeable combination with other drugs.

171.    Defendant was negligent in the design, manufacturing, testing, advertising, marketing, promotion, labeling, warnings given, and sale of Vioxx in that, among other things, Merck:

    (a)    failed to use reasonable care to design an arthritis drug (Vioxx) that was safe for its intended and foreseeable uses, not defective, and not unreasonably dangerous;

    (b)    failed to use reasonable care in designing and manufacturing Vioxx so as to make it safe for its intended uses, not defective, and  not unreasonably dangerous;

    (c)    failed to use reasonable care to adequately warn foreseeable users        such as plaintiffs of the dangers of using Vioxx, including, but not limited to adverse cardiac events;

    (d)    failed to use reasonable care to make reasonable tests, inspections, drug trials, and/or evaluations necessary to discover such defects and unreasonably dangerous conditions associated with Defendant's Vioxx;

    (e)    failed to comply with and/or to use reasonable care to comply with standards of care including accepted industry standards, FDA recommendations, government regulations, statutes, in the design,  manufacture, affixing of warnings, and otherwise production and distribution of defendant's

52

Vioxx;

(f)     failed to use reasonable care to timely remove and/or recall from the market, retrofit, and/or otherwise prevent the continued contact of plaintiffs or persons like plaintiffs with such defects and unreasonably dangerous conditions of Vioxx;

(g)     failed to use reasonable care to investigate and/or use known and/or knowable reasonable alternative designs, manufacturing processes, and/or materials for Vioxx;

(h)     failed to use reasonable care to warn plaintiffs of dangers known and/or reasonably suspected to Defendant to be associated with Vioxx;

(i)     failed to use reasonable care to make Vioxx safe;

(j)     failed to timely use reasonable care to discover the dangerous conditions or character of defendant's Vioxx;

(k)     failed to use due care in the design, testing and manufacturing of Vioxx so as to prevent the aforementioned risks, including myocardial infarction and stroke, to individuals when Vioxx was used as a medication for arthritis and other pain;

(l)     failed to issue proper warnings regarding all possible adverse side effects associated with the use of Vioxx and the comparative severity and duration of such adverse effects, despite the fact the defendant knew, or should have known that numerous case reports, adverse event reports, and other data that associated Vioxx with myocardial infarction and stroke;

(m)     failed to conduct adequate pre-clinical testing and post-marketing surveillance to determine the safety of Vioxx;

53

(n)     failed to provide adequate training and information to medical care providers for the appropriate use of Vioxx;

(o)     failed to warn Plaintiffs and healthcare providers, prior to actively encouraging and promoting the sale of Vioxx, either directly, or indirectly, orally, in writing, or other media about the following:

1.     The adverse side effects associated with the use of Vioxx, including, but not limited to death, myocardial infarction and stroke; and,

2.     The possibility of becoming disabled as a result of using Vioxx; and

(p)     failed to timely develop and implement a safer, alternative design of Vioxx, which would meet the same need without the known risks associated with Vioxx and which would not have made the product too expensive to maintain its utility.

172.    Despite the fact that the Defendant knew or should have known that Vioxx caused unreasonable, dangerous side effects which many users would be unable to remedy by any means, the Defendant continued to market Vioxx to consumers, including Plaintiff(s) and the Class, when there were safer alternative methods of reducing arthritis.

173.    Defendant knew or should have known that consumers such as Plaintiff(s) and the Class would forseeably suffer injury as a result of the Defendant's failure to exercise ordinary care as described above.

174.    As the direct and proximate cause and legal result of the Defendant's failure to supply

54

appropriate warnings for the drug Vioxx, and as a direct and legal result of the negligence, carelessness, other wrongdoing and actions of Defendant described herein, the Vioxx recipient Plaintiff and the class ingested Vioxx and suffered significant injury.

175.   Defendant's negligence was a proximate cause of the harm suffered by the Vioxx recipient Plaintiff and the Class as previously set forth herein.

176.   As a direct and proximate cause and legal result of the Defendant's negligence, carelessness, and the other wrongdoing and actions of the Defendant as described herein, the Derivative Claimants and class member Derivative claimants have suffered a loss of consortium, services, love and affection, and have incurred financial expenses and have suffered economic losses.

**COUNT II**

**STRICT PRODUCT LIABILITY**

**(Failure to Warn)**

177.   Plaintiffs repeat and reallege the allegations set forth in the paragraphs above as if fully set forth herein.

178.   The Vioxx manufactured and/or supplied by Defendant was and is unaccompanied by proper warnings regarding all possible adverse side-effects and the comparative severity and duration of such adverse effects; the warnings given did and do not accurately reflect the severity or duration of the adverse side effects or the true potential and/or likelihood or rate of the side effects. Defendant failed to perform adequate testing in that adequate testing would have shown that Vioxx possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made with respect to the use of Vioxx.  Had the testing been adequately performed, the product would have been allowed to enter

the market, if at all, only with warnings that would have clearly and completely identified the risks and dangers of the drug.

179.   The Vioxx manufactured and/or distributed and/or supplied by Defendant was defective due to inadequate post-marketing warning or instruction because Defendant failed to provide adequate warnings to users or consumers of Vioxx and continued to aggressively promote Vioxx.

180.   As the proximate cause and legal result of the defective condition of Vioxx as manufactured and/or supplied and/or distributed by Defendant, and as a direct and legal result of the conduct of Defendant described herein, plaintiffs and class members have been damaged.

**COUNT III**

**STRICT PRODUCT LIABILITY**

**(Pursuant to Restatement Second of Torts 402a (1965))**

181.   Plaintiffs repeat and reallege the allegations set forth in the paragraphs above as if fully set forth herein.

182.   The Vioxx manufactured and/or distributed and/or supplied by Defendant was defective in design or formulation in that, when it left the hands of the manufacturers and/or suppliers and/or distributors, the foreseeable risks exceeded the benefits associated with the design or formulation of the drug.

183.   Alternatively, the Vioxx manufactured and/or distributed and/or supplied by Defendant was defective in design or formulation in that, when it left the hands of the manufacturers and/or suppliers and/or distributors, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect and more dangerous than alternative drugs available for the

56

treatment of arthritis.

184.    There existed, at all times material hereto, safer alternative medications.

185.    Defendant did not perform adequate testing on Vioxx. Adequate testing would have shown that Vioxx caused serious adverse effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made.

186.    The Vioxx manufactured, designed, marketed, distributed and/or sold by defendant was unaccompanied by proper and adequate warnings regarding adverse effects associated with the use of Vioxx, and the severity and duration of such adverse effects; the warnings given did not accurately reflect the symptoms, scope or severity of adverse effects and did not accurately relate the lack of efficacy.

187.    Defendant did not warn the FDA of material facts regarding the safety and efficacy of Vioxx, which facts defendant knew or should have known.

188.    The Vioxx manufactured and/or distributed and/or supplied by Defendant was defective due to inadequate post-marketing warning or instruction because, after the Defendant knew or should have known of the risk of injury from Vioxx, they failed to provide adequate warnings to users or consumers of Vioxx and continued to promote Vioxx.

189.    As a result of the defective condition of Vioxx, plaintiffs and class members have been damaged.

## VII.   ASCRIPTION OF CLAIMS

### ALABAMA

190.    Plaintiff Paul Turner brings this claim pursuant to Alabama's Extended Manufacturer's liability doctrine Ala. Code §6-2-38(1) and Alabama common law under Counts I

and II.

**ALASKA**

    191.    Plaintiffs bring this action pursuant to Alaska's common law under Counts I through III.

**ARIZONA**

    192.    Plaintiffs bring this action pursuant to Arizona's Product Liability Act, Ariz. Rev. Stat. § 12-681(3) under Counts I through III.

**ARKANSAS**

    193.    Plaintiffs bring this action pursuant to Arkansas' Products Liability Act, Ark. Code. Ann. § 16-116-102 under Counts I through III.

**CALIFORNIA**

    194.    Plaintiff Josephine Hornik brings this action pursuant to California's common law under Counts I and II.

**COLORADO**

    195.    Plaintiffs bring this action pursuant to Colorado's Products Liability Act, Col. Rev. Stat. §13-21-401 et seq under Counts I through III.

**CONNECTICUT**

    196.    Plaintiff, Don Hanrahan, brings this action pursuant to Connecticut's Products Liability Act. Conn. Gen. Stat. § 52, 240a et seq under Counts I and II.

**DELAWARE**

    197.    Plaintiff, Daryl McMahon, brings this action pursuant to Delaware's common law

under Counts I and II.

## DISTRICT OF COLUMBIA

198.    Plaintiff brings this action pursuant to District of Columbia's common law under Counts I and II.

## FLORIDA

199.    Plaintiff, Maria D. Alvarez, brings this action pursuant to Florida's common law under Counts I through III.

## GEORGIA

200.    Plaintiff, Alex Cain, brings this action pursuant to Georgia's Products Liability Act. O.C.G.A §51-1-11 et seq and common law under Counts I through III.

## HAWAII

201.    Plaintiffs bring this action pursuant to Hawaii's common law under Counts I through III.

## IDAHO

202.    Plaintiff, William Lind, bring this action pursuant to Idaho's Products Liability Act Idaho Code §6-1401-6-1410 and §§6-801 under Counts I and II.

## ILLINOIS

203.    Plaintiff, Wanda Cole, brings this action pursuant to Illinois' common law under Counts I through III.

## INDIANA

204.    Plaintiffs, Kevin Henderson,  Michael Heavrin, Kevin Henderson, Janice Baum and

59

Darai Briner, as Personal Representatives of the Estate of Phyllis Briner, and Ruben Portillo, Individually and as heir of Elvira M. Pena, bring this action pursuant to Indiana Code Annotated § 34-20 et seq and common law under Counts I and II.

**IOWA**

205.    Plaintiffs bring this action pursuant to Iowa's common law under Counts I and II.

**KANSAS**

206.    Plaintiffs bring this action pursuant to Kansas' Products Liability Act, Kan. Stat. Ann. § 60-3302(c)(1994) under Counts I through III.

**KENTUCKY**

207.    Plaintiff, Daniel Williams, brings this action pursuant to Kentucky's Products Statute Ky. Rev. Stat. Ann. §411.300 (1978) under Counts I and II.

**LOUISIANA**

208.    Plaintiff, M. L. George, brings this action pursuant to Louisiana Revised Statute Annotated §9.2800.51 et seq under Counts I through III.

**MAINE**

209.    Plaintiffs bring this action pursuant to Maine's Products Act, Me. Rev. Stat. Ann. 14, §221 and common law under Counts I through III.

**MARYLAND**

210.    Plaintiff, Vivian Shinberg, brings this action pursuant to Maryland's common law under Counts I and II.

**MASSACHUSETTS**

211.    Plaintiff, Paul Kennedy, brings this action pursuant to Massachusetts General Law

60

Annotated Chapter 106, §§2-314-2-318 and common law under Counts I and II.

**MICHIGAN**

212.    Plaintiff, Anthony Krowicki, brings a claim on behalf of all Michigan plaintiffs under the uniform application of New Jersey law as the New Jersey choice of law doctrine finds that it is against the public policy of New Jersey to permit injury to out of state plaintiffs by a New Jersey actor to go without recompense.  Therefore, plaintiffs bring this action under New Jersey Products Liability Act NJ Stat. Ann. § 2a-58c-1 through 58c-8, under Counts I through III.

**MINNESOTA**

213.    Plaintiff, Connie Bell, brings this action pursuant to Minnesota's common law under Counts I and II.

**MISSISSIPPI**

214.    Plaintiff, Amos Porter, brings this action pursuant to Mississippi's Products Liability Act, Miss. Code Ann. § 11-1-63(1993) under Counts I and II.

**MISSOURI**

215.    Plaintiff, Caroline Nevels, brings this action pursuant to Missouri's common law under Counts I through III.

**MONTANA**

216.    Plaintiffs bring this action pursuant to Montana's Products Liability law Montana's Code Annotated 27-1-1719 and common law under Counts I through III.

**NEBRASKA**

217.    Plaintiff, Jon Brunkhorst, brings this action pursuant to Nebraska's common law under Counts I through III.

**NEVADA**

218.    Plaintiffs bring this action pursuant to Nevada's common law under Counts I through III.

**NEW HAMPSHIRE**

219.    Plaintiffs bring this action pursuant to New Hampshire's common law under Counts I through III.

**NEW JERSEY**

220.    Plaintiffs, Rosemary Lawrence and Raymond Gibney, bring this action pursuant to New Jersey Products Liability Act NJ Stat. Ann. § 2a-58c-1 through 58c-8, under Counts I through III.

**NEW MEXICO**

221.    Plaintiffs bring this action pursuant to New Mexico's common law under Counts I through III.

**NEW YORK**

222.    Plaintiff, Walter McNaughton, brings this action pursuant to New York's common law under Counts I and II.

**NORTH CAROLINA**

223.    Plaintiffs bring this action pursuant to North Carolina's Products Liability law NC Gen. Stat. § 99B et seq under Count I.

**NORTH DAKOTA**

224.    Plaintiff, Lorn Campbell, brings this action pursuant to North Dakota's common law under Counts I through III.

**OHIO**

225. Plaintiffs, Mary and Homer Couch, bring this action pursuant to Ohio Products Liability law Ohio's Rev. Code Ann. § T307.71 et seq and common law under Counts I through III.

**OKLAHOMA**

226. Plaintiffs bring this action pursuant to Oklahoma's common law under Counts I and II.

**OREGON**

227. Plaintiffs bring this action pursuant to Oregon's Products Liability law Or. Rev. Stat. §§ 30.900 (1)-(3) and common law under Counts I through III.

**PENNSYLVANIA**

228. Plaintiff, Michael Getz, brings this action under Pennsylvania's common law under Counts I and II.

**RHODE ISLAND**

229. Plaintiff, Stephen Moreau, brings this action pursuant to Rhode Island's common law under Counts I through III.

**SOUTH CAROLINA**

230. Plaintiffs bring this action pursuant to South Carolina's Products Liability law, S.C. Code Ann. §§ 15-73-10-30 and common law under Counts I through III.

**SOUTH DAKOTA**

231. Plaintiffs bring this action pursuant to South Dakota's common law under Counts I through III.

**TENNESSEE**

232.    Plaintiffs bring this action pursuant to Tennessee's Products Liability law Tenn. Code Ann. §29-28-106(6)(2000) under Counts I and II.

**TEXAS**

233.    Plaintiffs bring this action pursuant to Texas' common law under Counts I through III.

**UTAH**

234.    Plaintiffs bring this action pursuant to Utah Code Ann. §78-15-1 under Counts I and II.

**VERMONT**

235.    Plaintiffs bring this action pursuant to Vermont's common law under Counts I through III.

**VIRGINIA**

236.    Plaintiffs bring this action pursuant to Virginia's common law under Count I.

**WASHINGTON**

237.    Plaintiff, Ronald Forrest, brings this action pursuant to Washington's Revised Code § 7.72.01.060 under Counts I and II.

**WEST VIRGINIA**

238.    Plaintiff, Milton McCracken, brings this action pursuant to West Virginia's common law under Counts I through III.

**WISCONSIN**

239.    Plaintiff, Patrick Besaw, brings this action pursuant to Wisconsin's common law under Counts I through III.

**WYOMING**

240.    Plaintiffs bring this action pursuant to Wyoming's common law under Counts I through III.

## VIII.  **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs on behalf of themselves and the class members they seek to represent, request the following relief:

A.    An order declaring this action to be proper class action of class actions pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate class or classes, and finding that plaintiffs are proper representatives of the Class or Classes;

B.    For the Alabama, Louisiana, Kentucky, Nevada and Virginia classes only, plaintiffs seek compensatory damages and such other medical monitoring relief to deliver services, including, but not limited to, testing, preventative screening and surveillance for conditions resulting from, or potentially resulting from consumption of Vioxx as well as establishment or a medical research and education fund and a medical/legal registry;

C.    In all jurisdictions where appropriate, awarding plaintiffs and Class members compensatory damages in an amount to be proven at trial for the wrongful acts complained of;

D.    In all jurisdictions where appropriate, awarding plaintiffs and Class members statutory damages as permitted, including any applicable exemplary damages;

E.    In all jurisdictions where appropriate, awarding plaintiffs and Class members punitive damages to deter Defendant's outrageous and wanton conduct and flagrant disregard for the lives and health of the class members;

F.    Awarding plaintiffs and the Class pre-judgment and post-judgment interest;

65

G.    Awarding plaintiffs and the Class their costs and expenses in this litigation, including, but not limited to, expert fees and reasonable attorneys' fees; and

H.    Awarding plaintiffs and the Class such other and further relief as may be just and proper.

I.

## JURY TRIAL DEMAND

Plaintiffs demand on behalf of themselves and all others similarly situated, a trial by jury on

all issues so triable.

Dated: January 23, 2006                    Respectfully submitted,

                                           **PLAINTIFFS' STEERING COMMITTEE**

                                           By: _____
                                               Russ M. Herman (BarNo.6819)
                                               **HERMAN, HERMAN, KATZ & COTLAR, LLP**
                                               820 O'Keefe Avenue
                                               New Orleans, LA 70113
                                               504-581-4892 (telephone)
                                               504-561-6024 (telecopier)

                                           Temporary Office:

                                           Place St. Charles, 201 St. Charles Avenue
                                           Suite 4310, New Orleans, LA 70170

                                           **PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire           Richard J. Arsenault, Esquire
BEASLEY, ALLEN, CROW, METHVIN,             NEBLETT, BEARD & ARSENAULT
PORTIS & MILES, P.C.                       2220 Bonaventure Court, P.O. Box 1190
P.O. Box 4160                              Alexandria, LA 71301-1190
234 Commerce Street                        (318) 487-9874 (telephone)
Montgomery, AL 36103-4160                  (318) 561-2591 (telecopier)
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)                Christopher A. Seeger, Esquire
**Co-Lead Counsel**                        SEEGER WEISS
                                           One William Street
                                           New York, NY 10004
                                           (212) 584-0700 (telephone)
                                           (212) 584-0799 (telecopier)

67

**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, LA  70163-2800
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL  32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
Fred S. Longer, Esquire (on the brief)
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX  77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA  70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA  92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC  20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

**ON THE MASTER COMPLAINT:**

Stephen B. Murray, Esquire
The Murray Law Firm
909 Poydras Street, Suite 2550
New Orleans, LA 70112

Diane Nast, Esquire
Roda & Nast
801 Estelle Drive
Lancaster, PA 17601

**OF COUNSEL**:

Herman W. Cobb
Richard E. Crum
Cobb, Shealy, Crum & Derrick
206 N. Lena Street
Dothan, AL 36302
(334) 677-3000 (phone)
(334) 677-0030 (fax)
*Of Counsel for the Alabama Class*

Hon. Rufus R. Smith, Jr.
Rufas R. Smith, Jr. & Assoc.
P.O. Drawer 6629
Dothan, AL 36301
(334) 671-7959 (phone)
*Of Counsel for the Alabama Class*

Robert W. Thompson
Callahan, McCune & Willis
111 Fashion Lane
Tustin, CA 92780-3397
(714) 730-5700 (phone)
(714) 730-1642 (fax)
*Of Counsel for the California Class*

Leigh O'Dell
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103
*Of Counsel for the Connecticut, Maryland, North Dakota, Rhode Island & Washington Classes*

Jonathan W. Cuneo
Charles J.LaDuca
Cuneo, Gilbert & LaDuca LLP
317 Massachusetts Ave., NE
Washington, D.C. 20002
(202) 789-3960 (phone)
(202) 789-1813 (fax)

*Of Counsel for the Delaware & Massachusetts Classes*

Harris L. Pogust
Cuneo, Pogust & Mason LLP
8 Tower Bridge, Ste. 1520
161 Washington Street
Conshohocken, PA 19428
*Of Counsel for the Delaware & Massachusetts*

69

*Classes*

Seth R. Lesser
Locks Law Firm
457 Haddonfield Rd. Ste. 500
Cherry Hill, NJ 09002
(856) 663-8200 (phone)
(856) 661-8400 (fax)
        &
110 East 55th Street
New York, NY 10022
(212) 838-3333 (phone)
(212) 838-3735 (fax)
*Of Counsel for the Delaware, Massachusetts
Classes*

John H. Ruiz, P.A.
5040 NW 7th Street
Suite 920
Miami, FL 33126
(305) 649-0020 (phone)
(305) 649-6070 (fax)
*Of Counsel for the Florida Class*

Henry J. Price
William N. Riley
Amy Ficklin-DeBrota
Jana K. Strain
Jamie R. Sweeney
Price, Waicukauski & Mellowitz
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
(317) 633-8787 (phone)
(317) 633-8797 (fax)
*Of Counsel for the Indiana Class*

Eric C. Deters
ERIC C. DETERS & ASSOC.
5247 Madison Pike

Independence KY 41051
(859) 363-1900 (phone)
(859) 363-1444 (fax)
*Of Counsel for the Kentucky Class*

Gerald E. Meunier
Gainsburgh, Benjamin, David
  Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
(504) 522-2304 (phone)
(504) 528-9973 (fax)
*Of Counsel for the Louisiana Class*

Russ M. Herman (BarNo.6819)
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
504-581-4892 (telephone)
504-561-6024 (telecopier)
*Of Counsel to the Louisiana Class*

Gary Mason
The Mason Law Firm P.C.
1225 19th Street, N.W.
Suite 600
Washington, D.C. 20036
(202) 429-2290 (phone)
(202) 429-2294 (fax)
*Of Counsel for the Delaware & Massachusetts
Classes*

Arnold Levin
Fred Longer
Michael Weinkowitz
Levin Fishbein Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (phone)
(215) 592-4663
*Of Counsel for the Illinois, New Jersey,
Minnesota, Michigan & Wisconsin Classes*

70

*Of Counsel for the Wisconsin Class*

Kenneth B. McClain
Daniel A. Thomas
Humphrey, Farrington
  & McClain, P.C.
221 West Lexington, Suite 400
P.O. Box 900
Independence, MO  64051
(816) 836-5050 (phone)
(816) 836-8966 (fax)
*Of Counsel for the Missouri Class*

Richard J. Weiner
Raymond S. Carroll
Weiner, Carroll & Strauss
119 Rockland Center
Suite 425
Nanuet, NY  10954
(845) 623-0090 (phone)
(201) 930-0066 (fax)
*Of Counsel for the New York Class*

Robert W. Kerpsack
Robert W. Kerpsack Co., LPA
Fifth Third Center
21 East State Street
Suite 300
Columbus, OH  43215
(614) 242-1000 (phone)
(614) 242-4180 (fax)
*Of Counsel for the Ohio Class*

Joseph DePalma
Michael E. Patunas
Lite, DePalma, Greenberg & Rivas
Two Gateway Center
12th Floor
Newark, NJ 07102
(973) 623-3000 (phone)

Leonard V. Fodera
Louis T. Silverman
John R. Trotman
Silverman & Fodera
1835 Market Street
Suite 2600
Philadelphia, PA 19103
*Of Counsel for the Illinois, New Jersey, Michigan & Wisconsin Class*

**LOCAL COUNSEL:**

Herbert Friedman
Daniel Friedman
Friedman Law Firm
633 S. 9th Street
Lincoln, NE 68508
*Local Counsel for the Nebraska Class*

Samuel D. Heins
Daniel C. Hedlund
Heins Mills & Olson, PLC
3550 IDS Center
80 South 8th Street
Minneapolis, MN 55402
*Local Counsel for the Minnesota Class*

John Kearns
Sainotz, Kirk & Miles, P.A.
3 South Fredrick Street, Suite 900
Baltimore, Maryland 21202
(410) 539-6339
*Local Counsel for the Maryland Class*

Thomas Kelsch
Kelsch, Kelsch, Ruff & Kranda Attorneys at Law

Post Office Box 1266
Mandan, ND 58554-7266
(701) 663-9818
*Local Counsel for the North Dakota Class*

The Hammond Building
301 Massachusetts Avenue
Indianapolis, IN 46204
*Local Counsel for Indiana Class*

Douglas B.M. Ehlke
Ehlke Law Offices
28840 11th Avenue South
Federal Way, Washington 98003
(800) 468-3464
*Local Counsel for the Washington Class*

Darrell W. Scott
926 W. Sprague Avenue, Suite 583
Spokane, WA 99201
*Local Counsel for Idaho Class*

Mark A. Colantonio
Frankovitch, Anetakis, Colantonio & Simon
337 Penco Road
Weirton, WV 26062
*Local Counsel for West Virginia Class*

Marvin W. Masters
The Masters Law Firm
181 Summers St.
Charleston, WV 25301
*Local Counsel for West Virginia Class*

Scott S. Segal
The Segal Law Firm
810 Kanawha Boulevard, East
Charleston, WV 25301
*Local Counsel for West Virginia Class*

Henry J. Price
William N. Riley
Amy F. DeBrota
Jana K. Strain
Jamie R. Sweeney
Christopher A. Moeller

72