

2006 JAN 30 PM 4:51

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

**MOTION OF MERCK & CO., INC. ("MERCK") TO
EXCLUDE EVIDENCE OR ARGUMENT CONCERNING ALLEGED
UNETHICAL CONDUCT ASSOCIATED WITH CLINICAL TRIALS**

(MOTION *IN LIMINE* NO. 10)

Defendant Merck & Co., Inc., through undersigned counsel, and pursuant to Federal Rules of Evidence 401, 402, and 403, hereby moves to exclude evidence or argument concerning alleged unethical conduct associated with clinical trials. The facts and law supporting this motion are more fully set forth in the accompanying memorandum, declarations, and exhibits, which are incorporated as if fully set forth herein.

Fee_____
Process_____
X Dktd_____
CtRmDep_____ 797855v.1
Doc. No_____

Respectfully submitted,

*[signature: Dorothy H. Wimberly]*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion of Merck & Co., Inc. to Exclude Evidence or Argument Concerning Alleged Unethical Conduct Associated With Clinical Trials has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

*Dorothy H. Wimberly*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC.
("MERCK") TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING
<u>ALLEGED UNETHICAL CONDUCT ASSOCIATED WITH CLINICAL TRIALS</u>**

(MOTION *IN LIMINE* NO. 10)

Rather than focus on details about Mr. Irvin and the cause of his death, plaintiff hopes to distract jurors by adducing evidence of purported "bad acts" by Merck that have nothing to do with this case. Plaintiff appears to seek to introduce, for example, evidence about Merck's alleged unethical behavior in conducting Vioxx® clinical trials, suggesting that Merck (1) failed to warn clinical trial participants of alleged risks, (2) endangered trial participants' by failing to

797857v.1

stop certain trials, and (3) conducted clinical trials for marketing purposes only. Any such evidence or argument is plainly inadmissible. Apart from being blatantly false, evidence about how Merck conducted clinical trials is wholly irrelevant. Neither Mr. Irvin nor his prescribing physician, Dr. Schirmer, participated in any Vioxx clinical trial. Moreover, the evidence has *nothing* to do with the liability question in this case: whether Merck's alleged failure to warn Dr. Schirmer of alleged risks of Vioxx caused Mr. Irvin's sudden cardiac death. The Court can, and should, exclude extraneous evidence about Vioxx clinical trials on that ground alone. The evidence is equally inadmissible, however, because it would only incite the jury to punish Merck for allegedly being a "bad" company and would result in mini-trials about the merits of irrelevant allegations. This is therefore precisely the type of evidence that should be excluded on the additional grounds that it would cause unfair prejudice to Merck, confusion among jurors, and undue delay.

To be admissible, evidence must tend to prove or disprove some issue of consequence at trial. FED. R. EVID. 401-402; *Moore v. Ashland Chem., Inc.,* 151 F.3d 269, 275 (5th Cir.1998); *Jackson v. Johns-Manville Sales Corp.,* 750 F.2d 1314, 1318 (5th Cir. 1985); *Carter v. Massey-Ferguson, Inc.,* 716 F.2d 344, 347 (5th Cir. 1983). It must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003) (quoting *United States v. Downing,* 753 F.2d 1224, 1242 (3d Cir. 1985)); *Moore,* 126 F.3d at 687. "Evidence which is not relevant is inadmissible." FED. R. EVID. 402; *United States v. Hays,* 872 F.2d 582, 586 (5th Cir. 1989).

But even if relevant, it is appropriate to exclude evidence pursuant to Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence." FED. R. EVID. 403; *Haines v. Tex. Workers Comp. Comm'n*, No. 04-50309, 2005 U.S. App. LEXIS 5, at *2-3 (5th Cir. Jan. 3, 2005). Evidence that impliedly invites the jury to determine liability on some basis other than the facts and the law, for example, must be excluded. *See, e.g., id.; United States v. Zabaneh*, 837 F.2d 1249, 1265 (5th Cir. 1988) ("Unfair prejudice within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."); *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (Evidence is deemed unfairly prejudicial if it "'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'").

The evidence at issue here is inadmissible under both Rule 402 and 403. Specifically, plaintiff should not be allowed to introduce evidence or insinuate through cross-examination or argument that Merck (1) did not warn clinical trial participants of alleged risks associated with Vioxx, (2) should have stopped certain Vioxx clinical trials due to alleged risks to trial participants, or (3) conducted certain trials for marketing purposes only. Testimony or argument on these issues has no place in this litigation.

I.   **EVIDENCE ABOUT WHETHER MERCK WARNED CLINICAL TRIAL PARTICIPANTS OF KNOWN RISKS ASSOCIATED WITH VIOXX IS INADMISSIBLE.**

Plaintiff's Exhibit List includes numerous "informed consent" forms and related documents, which may have been provided to participants in various Vioxx clinical trials.[1] Those forms, required for all clinical trials, provide information to trial participants about items such as the purpose of the study and any known risks associated with use of the drug involved.

---

[1] *See, e.g.,* Pl.'s Exs. 1.1066, 1.0291, 1.0527, 1.0528, 1.0750, 1.0751, 1.0752, 1.1055, 1.1056, 1.1057, 1.1058, 1.1059, 1.1060, 1.1062, 1.1063, 1.1064, 1.1065.

3

Merck anticipates that plaintiff, like plaintiffs in the recent Vioxx-related *Humeston* trial, will seek to use these forms to show what Merck allegedly failed to tell study participants about the side effects of Vioxx. But what Merck allegedly failed to tell *participants in clinical trials* is not at issue in this case. It has no bearing on whether Merck adequately warned Dr. Schirmer of alleged risks associated with Vioxx. Accordingly, any evidence or argument about informed consent forms and what Merck allegedly failed to tell participants in Vioxx clinical trials is irrelevant and should be excluded on that ground alone.

But relevancy is not the only problem with this evidence. This type of evidence and argument – intended to invoke the jurors' emotion – will unfairly prejudice Merck if allowed, particularly in the absence of any probative value. Plaintiff apparently hopes that jurors will be outraged that Merck allegedly did not inform thousands of unsuspecting trial participants about known risks of Vioxx before they entered trials designed to study the drug. These allegations are patently untrue; but if allowed, Merck would be forced to defend them vigorously because of the great danger of prejudice. That would not only cause confusion among the jurors as to what is truly at issue in the case, but it also would unnecessarily prolong the trial. For all of these reasons, any evidence or argument about what Merck allegedly failed to tell clinical trial participants should be excluded.

## II. EVIDENCE ABOUT WHETHER MERCK SHOULD HAVE STOPPED CERTAIN CLINICAL TRIALS TO PROTECT PARTICIPANTS IS INADMISSIBLE.

Likewise, evidence or argument about whether Merck should have stopped certain clinical trials before completion to protect trial participants from harm has no relevance to this case and would be similarly unduly prejudicial if permitted. Dr. Lucchesi, one of plaintiff's experts, states in his report that the "DSMB [Data Safety Monitoring Board] minutes in the VIGOR trial show that Merck had actual knowledge before November of 1999 that vascular

risks were present in Vioxx users," that Merck put "patients enrolled in the clinical trials at unnecessary risk[,]" and that Merck should have "stopped the study." (Expert Report of Benedict R. Lucchesi, M.D., Ph.D., M.S., F.A.H.A ("Lucchesi Report") at 14, attached as Ex. 45 to the Declaration of Phillip A. Wittmann in Support of Merck's Motions *in Limine*, filed November 4, 2005 ("*Plunkett I* Wittmann Decl.").) Not only is the predicate to Dr. Lucchesi's opinion factually false[2] but, as explained in Merck's Motion to Exclude Testimony of Benedict R. Lucchesi, filed October 21, 2005, these types of subjective judgments based on personal ethical standards are irrelevant. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 534, 542-45 (S.D.N.Y. 2004) (expert testimony on subjective ethical standards was "(1) unreliable because purely speculative; (2) unhelpful to the fact-finder because irrelevant in a case where liability is premised on legal, not ethical, standards, and (3) likely to prejudice and confuse fact-finders concerning the pertinent legal standards"); *id.* at 557 (testimony on legal obligations would "usurp . . . the role of the trial judge in instructing the jury as to the applicable law [and] the role of the jury in applying that law to the facts before it"); *see also DiBella v. Hopkins*, No. 01 Civ. 11779 (DC), 2002 U.S. Dist. LEXIS 20856, at *12 (S.D.N.Y. Oct. 30, 2002) ("business ethics" expert testimony inadmissible in commercial dispute because the "dispute here is not over what is ethical...[r]ather, the dispute is over what happened.").

Equally irrelevant and inadmissible is testimony from non-expert witnesses about these same issues. Because plaintiff does not allege that Mr. Irvin participated in any Vioxx clinical trial, whether Merck put trial participants at risk by failing to stop certain trials is of no consequence to the facts and law at issue here.

---

[2] Merck did not learn the VIGOR results until they were unblinded on March 9, 2000, after the trial was complete. There is no evidence that the unblinded Merck statistician assigned to assist the VIGOR DSMB, Dr. Deborah Shapiro, did not maintain the confidentiality of the VIGOR data as she was tasked to do until the data were unblinded.

But even if it were somehow relevant, the evidence is still inadmissible under Rule 403. Merck had no scientific basis to stop the VIGOR trial prematurely (or any other Vioxx trial apart from those it stopped upon the advice of a DSMB). And plaintiff's suggestion that Merck should have done so is ironic in light of her allegations that Merck should have conducted more, not fewer, studies. Regardless, if plaintiff were allowed to present evidence about whether clinical trial participants were at risk and whether Merck should have stopped certain trials sooner to protect those individuals, there is no doubt that Court and jury would endure a lengthy sideshow on these irrelevant issues. The risk of prejudice associated with plaintiff's suggestion that Merck could have saved lives by halting clinical trials (even when the data did not show increased risk) is extraordinary. Merck would be forced to mount a strong defense to these baseless and irrelevant allegations. Again, this would lead to confusion among the jurors as to what issues they must decide and would waste time. The Court should not permit plaintiff to derail the trial and the jury's focus in this manner.

### III. EVIDENCE ABOUT WHETHER MERCK CONDUCTED CLINICAL TRIALS FOR MARKETING PURPOSES ONLY IS INADMISSIBLE.

Plaintiff may also try to insinuate that Merck conducted certain clinical trials for marketing purposes only – *i.e.*, to get doctors to write more Vioxx prescriptions – and that such studies are "wrong." But any evidence or argument that Merck conducted these types of "seeding studies" would be wholly inappropriate.

As a factual matter, Merck did not conduct such studies. As David Anstice, the former President of US Human Health at Merck, recently testified, "[a] seeding study is not what Merck would do. I don't remember any seeding studies [by] Merck." (Testimony of David Anstice, *Humeston v. Merck*, No. 619 (N.J. Super. Ct. Law Div. filed August 19, 2003) ("Anstice *Humeston* Testimony") at 1365:6-13, attached as Ex. 49 to *Plunkett I* Wittmann Decl.) But even

if plaintiff were to dispute this evidence, there is no basis for that dispute to reach the jury because the issue is *irrelevant* to what the jury must decide. Whether Merck conducted "seeding studies," or told participants that they were participating in a "seeding study," is totally unrelated to the jury's determination of whether Vioxx caused Mr. Irvin's death or whether Merck's warnings were adequate.

Plaintiff's only reason to focus on these issues is to try to attack Merck on unrelated "ethical" issues and thereby inflame the jury. Counsel for plaintiffs in the *Humeston* trial sought to do just that. They inquired extensively about "seeding studies," suggesting that the ADVANTAGE trial was one such study, and repeatedly asked Merck witnesses whether such studies were "wrong." (*See, e.g.*, Anstice *Humeston* Testimony at 1365:6-13 ("Q: Now, Mr. Anstice, let me ask you again, you know that seeding studies are *wrong*, right?"); 1419:2-11 (Q: "Mr. Anstice, the seeding study, ADVANTAGE, the pitch letter, it is all *wrong*, isn't it, sir?") (emphasis added).) But whether such studies are "wrong" is not relevant to Merck's *legal* obligations to Mr. Irvin and to the factual issues that the jury must decide.

Allowing plaintiff to pursue a similar line of inquiry or to introduce evidence on these issues would create an unnecessary mini-trial within the trial on irrelevant issues. Merck, for example, would be forced to introduce evidence that Merck does not conduct seeding studies and that the ADVANTAGE trial, in particular, was not such a study. Because any purported evidence that Merck conducted "seeding studies" has no probative value, the Court should exclude all such evidence due to the significant danger of unfair prejudice to Merck, confusion of the issues, and the undue delay that will result by a sideshow on such issues.

## IV.   CONCLUSION.

For the reasons discussed above, Merck respectfully requests that the Court exclude all evidence and argument about the manner in which Merck conducted clinical trials, including (1)

whether Merck failed to warn clinical trial participants of alleged risks associated with Vioxx, (2) whether Merck should have stopped certain Vioxx clinical trials due to alleged risks to trial participants, and (3) whether Merck conducted "seeding studies" or clinical trials for marketing purposes only.

Respectfully submitted,

*Dorothy H. Wimberly* (signature)

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: 202-434-5000
Fax:    202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum in Support of Motion of Merck & Co., Inc. to Exclude Evidence or Argument Concerning Alleged Unethical Conduct Associated with Clinical Trials has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

_Dorothy H. Wimberly_

9