

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to Case No. 05-4046* | |
| | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT as Personal Representative of the Estate of RICHARD IRVIN, JR., | |
| Plaintiff, | |
| vs. | |
| MERCK & CO., INC., | |
| Defendant. | |

## MOTION OF MERCK & CO., INC. ("MERCK") TO EXCLUDE EVIDENCE OF A PRIVILEGED, PREVIOUSLY EXCLUDED <u>CONFIDENTIAL MEMORANDUM OF INVENTION</u>

### (MOTION *IN LIMINE* NO. 14)

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, hereby moves to exclude evidence of a privileged, previously excluded confidential memorandum of invention because it is a privileged attorney-client communication under Florida Rule of Evidence 90.502. The facts and law supporting this motion are more fully set forth in the accompanying memorandum, declarations, and exhibits, which are incorporated as if fully set forth herein.

Respectfully submitted,

_____
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:    213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion of Merck & Co., Inc. to Exclude Evidence of a Privileged, Previously Excluded Confidential Memorandum of Invention has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

_Dorothy H. Wimberly_

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK") TO EXCLUDE EVIDENCE OF A PRIVILEGED, PREVIOUSLY EXCLUDED CONFIDENTIAL MEMORANDUM OF INVENTION**

**(MOTION *IN LIMINE* NO. 14)**

Merck moves to exclude evidence of, and reference to, a document that the New Jersey superior court, in Vioxx®-related litigation, specifically ruled was protected by the attorney-client privilege. The document is a "Confidential Memorandum of Invention" ("CMI") that the New Jersey court found was inadvertently produced without a waiver of the privilege. The court

ordered all copies of the CMI returned to Merck or destroyed. Plaintiff here may not introduce this privileged document into evidence, use it in cross-examination, or use it for impeachment. Florida law is clear that the CMI is inadmissible because it is a privileged attorney-client communication.

### I.   FACTUAL BACKGROUND.

A CMI is a standard form developed by Merck's Patent Department and used by Merck scientists to communicate directly with company attorneys. Merck's patent attorneys use information communicated in the CMI to provide legal advice on the patentability of the invention described in the document. (*See* Affidavit of Joseph F. DiPrima in Support of Motion For A Protective Order Prohibiting Use Or Disclosure Of Inadvertently Produced Privileged Documents And Compelling Plaintiffs To Return All Copies Of The Documents ("DiPrima Aff.") at ¶ 5, filed in *In Re: Vioxx Litigation*, Case No. 619 (N.J. Super. Ct. Law Div. filed August 19, 2003), attached as Exhibit 49 to the Declaration of Phillip A. Wittmann in Support of Merck's Motions *in Limine*, filed November 4, 2005 ("*Plunkett I* Wittmann Decl.").)

The CMI was completed and forwarded to Merck's patent attorneys by Dr. Kathleen Metters, Vice President and Site Head for Merck Frosst Canada & Company ("Merck Frosst"), a Canadian affiliate of Merck, and her colleagues. Dr. Metters prepared the CMI for the express purpose of seeking legal advice from in-house Merck patent counsel. (*See* Affidavit of Dr. Kathleen Metters in Support of Motion For A Protective Order Prohibiting Use Or Disclosure Of Inadvertently Produced Privileged Documents And Compelling Plaintiffs To Return All Copies Of The Documents ("Metters Aff.") at ¶ 4, filed in *In Re: Vioxx Litigation*, Case No. 619 (N.J. Super. Ct. Law Div. filed August 19, 2003), attached as Exhibit 50 to the *Plunkett I* Wittmann Decl.)

In the course of producing more than seven million documents during pre-trial discovery,

a copy of this CMI was inadvertently produced to plaintiffs in *In re: Vioxx Litigation*. Plaintiffs in that case refused to return the document. Ruling that the CMI was privileged and could not be used at trial, New Jersey Superior Court Judge Carol E. Higbee ordered plaintiffs to destroy or return to Merck all copies of the privileged document, and, subsequently, denied plaintiffs' motion to reconsider that ruling. *In re: Vioxx Litigation*, Superior Court of New Jersey Law Division, Memorandum of Decision on Motion, May 27, 2005 and Memorandum of Decision on Motion, September 30, 2005.[1]

## II. THE COURT MUST EXCLUDE THE CMI BECAUSE, UNDER FLORIDA LAW, IT IS A PRIVILEGED DOCUMENT AND THEREFORE INADMISSIBLE.

Even without the New Jersey ruling, the CMI is inadmissible because it is clearly a privileged attorney-client communication. The document contains privileged information communicated by Merck scientists to in-house patent counsel for the express purpose of requesting legal advice and services.

Florida[2] Evidence Code 90.502(2) provides:

> A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.[3]

---

[1] Because of the privileged nature of the CMI, Merck respectfully requests that the document, and Judge Higbee's Order describing it in some detail, be viewed *in camera*. Merck will make the documents available to the Court at the time of the hearing, or at any other time convenient for the Court, for such *in camera* review.

[2] Federal Rule of Evidence 501, the provision that governs privilege in federal courts, provides that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Accordingly, Florida attorney-client privilege law is applicable to this civil proceeding.

[3] Florida Evidence Code 90.502(4) contains express exceptions, none of which is remotely relevant here: (1) services of lawyer obtained to enable or aid a crime or fraud; (2) communication relevant to claimants through same deceased client; (3) communication relevant to breach of duty by a lawyer or client; (4) communication relevant to document attested by a

The privilege extends to communications on legal matters between corporate employees and in-house attorneys. *Shell Oil Co. v. Par Four Partnership*, 638 So. 2d 1050 (Fla. Dist. Ct. App. Dist. 1994); FLA. EVID. CODE 90.502(1)(b). The statements and advice of both the attorney to the client and the client to the attorney are protected. *Cunningham v. Appel*, 831 So. 2d 214, 216 (Fla. Dist. Ct. App. 2002).

Under Florida statutory and case law, the CMI is a confidential communication between Merck scientists and in-house counsel protected by the attorney-client privilege. There is no question that the communication between Dr. Metters and Merck's patent counsel was intended to be kept confidential and that it was submitted to counsel for the express purpose of securing legal advice and services. (Metters Aff. at ¶ 4; DiPrima Aff. at ¶¶ 5, 7.) The attorney's advice and counsel are not subject to subsequent disclosure.

The finding of privilege is supported not only by Florida precedent, but also by that of the Court of the Appeals for the Federal Circuit, which has ruled that invention records like the CMI are privileged. Thus, in *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000), the Court of Appeals considered the applicability of the attorney-client privilege to "invention records," which the court defined as "standard forms generally used by corporations as a means for inventors to disclose to the corporation's patent attorneys that an invention has been made and to initiate patent actions." *Id.* at 802 n.2. Such an invention record is privileged, the Federal Circuit in *Spalding* held, if the communication "was made by a client to an attorney for the purpose of obtaining legal advice or services." *Id.* at 805. In *Spalding*, as here, that standard was met because the invention record was submitted by the inventors to the corporation's legal

---

lawyer; or (5) communication relevant to issue of common interest between two or more clients. FLA. EVID. CODE 90.502(4).

4

department and the communication was made to obtain legal advice on patentability and legal services in connection with the preparation of the patent application.

Nor has Merck waived its attorney-client privilege. Because the privilege belongs to the client, *Cone v. Culverhouse*, 687 So. 2d 888, 892 (Fla. Dist. Ct. App. 1997), an attorney's inadvertent production of a privileged document does not waive the privilege. As the New Jersey court specifically found, there is no question that the release of the CMI was a mistake. Under Florida law, the inadvertent disclosure by counsel of attorney-client information during discovery does not waive the attorney-client privilege. *Abamar Housing & Dev., Inc. v. Lisa Daly Lady Décor. Inc.*, 698 So. 2d 276, 278 (Fla. Dist. Ct. App. 1997) ("[O]ne cannot be deemed to have waived a privilege upon the inadvertent production of documents."); *see also Smith v. Armour Pharm. Co.*, 838 F. Supp. 1573, 1576 (S.D. Fla. 1993) (applying Florida law) ("[C]ounsel's inadvertent disclosure of privileged documents during discovery is insufficient by itself to constitute a waiver of the privilege.").

### III.  CONCLUSION.

For all the foregoing reasons, Merck respectfully requests that the Court issue an order excluding evidence of, or reference to, the CMI.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax: 312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum in Support of Motion of Merck & Co., Inc. to Exclude Evidence of a Privileged Confidential Memorandum of Invention has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

*/s/ Dorothy H. Wimberly*