

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 30  PM 4: 21

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF MERCK & CO., INC. ("MERCK")**
**TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE**

**(MOTION *IN LIMINE* NO. 18)**

Defendant Merck & Co., Inc., through undersigned counsel, and pursuant to Federal Rules of Evidence 401-403, hereby moves to exclude all irrelevant and prejudicial evidence. The facts and law supporting this motion are more fully set forth in the accompanying memorandum, declarations, and exhibits, which are incorporated as if fully set forth herein.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Respectfully submitted,

*Dorothy H. Wimberly* (signature)

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion of Merck & Co., Inc. to Exclude Irrelevant and Prejudicial Evidence has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

*Dorothy H. Wimberly*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC.
("MERCK") TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE**

**(MOTION *IN LIMINE* NO. 18)**

Merck seeks to exclude irrelevant evidence, argument, and comments about: (i) Merck's out-of-state or foreign status, as well as Merck's status as a large, national corporation doing business throughout the world; (ii) Merck's defense counsel, including the number of attorneys representing Merck and the locations of their offices; (iii) the attendance or non-attendance at trial of Merck's former employees; (iv) Mr. Irvin's photographs and other personal effects; (v) Merck's liability insurance; (vi) the fact that certain experts chose to donate their fees to

charity; (vii) Merck employees that plaintiff would incorrectly imply left the company "because of" Vioxx®-related issues; and (viii) tangential, prejudicial matters by lay witnesses. As set forth below, Merck moves to exclude all such evidence, argument, and comment on the grounds that it is of no probative value whatsoever, and is unfairly prejudicial.

I.   **MERCK'S SIZE AND OUT-OF-STATE OR FOREIGN STATUS IS IRRELEVANT.**

Evidence of or testimony referring to Merck's out-of-state or foreign status, as well as Merck's status as a large, national corporation doing business throughout the world, is plainly irrelevant to any issue in this proceeding. The only conceivable reason for such references would be to exploit a perceived belief that jurors are hostile to large, out-of-state or foreign defendants. It is well established that arguments become "improper 'conscience of the community' arguments when the parties' relative popular appeal, identities or geographical locations are invoked to prejudice the viewpoint of the jurors." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 276-77 (5th Cir. 1998) (holding verdict impermissibly "infected by passion and prejudice" where plaintiff's counsel commented that defendant was "a national, not a local, corporation" and contrasted his status as an in-state resident with the defendant's status as a national corporation) (citing *Guar. Serv. Corp.*, 893 F.2d 725, 729 (5th Cir. 1990)); *see also, N.Y. Cent. R.R. Co. v. Johnson*, 279 U.S. 310, 319 (1929) (finding improper "references to [defendant] as an 'eastern [company];' and statements that the [defendant] had 'come into this town' and that witnesses and records had been 'sent on from [a Northern state]' for the trial"); *Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147, 153 (8th Cir. 1986) (holding impermissibly prejudicial argument that foreign parent corporation makes "foreign goods" or "foreign products").

Reference to Merck's size or status (at trial or during *voir dire*), or introduction of evidence of that size or status, is a "blatant appeal to sectionalism." *Whitehead*, 163 F.3d at 276, 278-79. These facts do not make "more probable or less probable" any "fact that is of consequence to the determination of [this] action," and are, therefore, plainly irrelevant. *See* FED. R. EVID. 401. They have nothing to do with Mr. Irvin's cause of death, or with the adequacy of information Merck provided to Mr. Irvin's prescribing physician, and should be excluded. *See* FED. R. EVID. 403.

## II. COMMENTS ABOUT MERCK'S DEFENSE COUNSEL, INCLUDING REFERENCES TO THE NUMBER OF ATTORNEYS AND THE LOCATION OF THEIR OFFICES, SHOULD BE PRECLUDED.

For similar reasons, the Court should prohibit comments about Merck's defense counsel at trial and during *voir dire*. It would be inappropriate in either context to refer to matters such as the number of firms representing Merck, the size of the firms, or the areas of the country in which defense counsel have their offices. It also would be inappropriate for plaintiff's counsel to refer to defendant's use of other professional services, including public relations firms and jury consultants. Such evidence is irrelevant and unduly prejudicial to defendants. *See* FED. R. EVID. 401, 403. The Fifth Circuit and other courts have recognized the unfair prejudice that occurs when such comments are not prohibited. *See Bufford v. Rowan Cos.*, 994 F.2d 155, 157-59 (5th Cir. 1993) (finding reversible error where counsel maligned opposing counsel); *In re Worldcom Sec. Litig.*, No. Master File 02 Civ. 3288 (DLC), 2005 U.S. Dist. LEXIS 2216, at *10-11 (S.D.N.Y. Feb. 18, 2005) (granting defendants' motion to preclude references to counsel's background, size of the law firms involved in the matter, number of lawyers representing the defendant and the residence of defendants' lawyers); *Brown v. Arco Petroleum Prods. Co.*, 552 N.E.2d 1003, 1005-06 (Ill. App. 1989) (concluding plaintiff's counsel acted improperly by asking a potential juror if he knew any of the 150 attorneys in the law firm representing the

3

defendants).

There is no legitimate reason for plaintiff or her attorneys to comment on Merck's defense counsel. Such references are improper appeals to the jury that "unquestionably tarnish the badge of evenhandedness and fairness that normally marks our system of justice." *Bufford*, 994 F.2d at 158. This Court should preclude all such comments.

### III.   IT IS UNREASONABLE TO REQUIRE MERCK'S CURRENT AND FORMER EMPLOYEES TO ATTEND EVERY VIOXX TRIAL.

Thousands of lawsuits have been filed against Merck alleging liability related to Vioxx. This case is the third to go to trial. In previous trials, plaintiffs have commented on Merck's failure to present witnesses. In this type of mass tort litigation, such argument should be prohibited where, as here, plaintiff has had an adequate opportunity to examine the witness in deposition. The MDL Proceeding (and the Coordinated Proceedings in various states) was created precisely because it is not practical to have witnesses appear in multiple places at once, or to devote all of their time to testifying. Plaintiff's counsel should not be permitted to use those practical limitations to their unfair advantage. Moreover, such argument is particularly inappropriate and should be excluded when Merck is not even capable of requiring the witness' trial attendance. For example, plaintiff's counsel argued during closing argument in *Ernst v. Merck & Co., Inc.*, No. 19961 BH02 (23rd Jud. Dist., Brazoria County, Texas), that Merck should have produced former employee Ray Gilmartin:

> I didn't play Ray Gilmartin's deposition because I wanted [Merck] to bring him here live. I didn't want them to stand up here in closing and say, "Ladies and gentlemen, the reason we didn't bring . . . Mr. Gilmartin is because Mr. Lanier played his deposition. It would have been repetitive."
>
> This is not my first rodeo. Okay? That's what happens. And that's why you don't play those things when you're the plaintiffs' lawyer, because the defense side will do that and you-all will never get to hear the witnesses. Bring them into the courtroom.

4

(Rebuttal Closing Testimony of Plaintiff's Counsel, *Ernst v. Merck*, No. 19961*BH02 (Dist. Ct. Brazoria County Tex. filed May 24, 2002) of August 17, 2005 at 174:7-19, attached as Ex. 47 to the Declaration of Phillip A. Wittmann in Support of Merck's Motions *in Limine*, filed November 4, 2005 ("*Plunkett I* Wittmann Decl.").)  This type of improper argument was also raised about former employee Ed Scolnick, who has already provided six days of deposition testimony.  (Closing Testimony of Defense Counsel, *Ernst v. Merck*, No. 19961*BH02 (Dist. Ct. Brazoria County Tex. filed May 24, 2002) of August 17, 2005 at 40:1-41:3, attached as Ex. 47 to the *Plunkett I* Wittmann Decl.) (arguing "I tried to put a picture of him up; but I don't have one because he didn't come. . . . We've gotten to take his deposition.  But why isn't he in the courtroom to tell you about his biggest science project he's ever done?").)  This type of argument should be prohibited, especially where Merck, like plaintiff, has no way of requiring the trial attendance of persons who reside outside of the Court's subpoena power.

In *Whitehead ex rel. v. Kmart Corporation*, the Fifth Circuit was "particularly critical" of plaintiff's closing argument where plaintiff's counsel asked the jury, "why didn't we . . . see someone from the national company come into this courtroom and try to explain their conduct." 173 F. Supp. 2d 553, 561 (S.D. Miss. 2000) (referring, after remand, to the Fifth Circuit's decision, reported at 163 F.3d 265 (5th Cir. 1998)).  Because "a defendant has no obligation to produce any witnesses, much less any witnesses from out of state," *id.*, the Fifth Circuit found that "such conduct and comments have no place in federal court."  163 F.3d at 277.  This Court should find the same.

### IV. EVIDENCE OF MR. IRVIN'S PERSONAL ITEMS AND PHOTOGRAPHS IS AN INAPPROPRIATE APPEAL TO THE JURY'S EMOTIONS AND SHOULD BE EXCLUDED.

Evidence of Mr. Irvin's personal effects, memorabilia, photographs, videotapes and the like should be limited on the grounds that they are irrelevant to the issues presented and are

likely to inflame the jury and cause unfair prejudice to Merck. From plaintiff's exhibit list, it appears that she will seek to introduce personal photographs and items of Mr. Irvin, including: a video of a family wedding, a video of a family Christmas, a video of 2000-2001 varsity cheerleading, photographs of Mr. Irvin and his family, a photograph of Mr. Irvin playing football, and a University of Richmond Football Hall of Fame plaque. (Exs. 4.0016, 4.0017, 4.0018, 4.0019, 4.0020, 4.0021, and 4.0022.) While Merck will not object to a photograph or two of Mr. Irvin shortly before he died, none of these items will assist the jury in deciding the cause of Mr. Irvin's death or the adequacy of the information given to Mr. Irvin's prescribing physician. Moreover, this type of evidence will have a dramatic and emotional impact on the jury, thus diverting the jury's attention to highly personal and emotionally-charged images that have nothing to do with causation and warning. Because this evidence appeals to the sympathies and emotions of the jury, and will not make "more probable or less probable" any of the relevant issues, it should be excluded as irrelevant (with the exception of one or two photographs). FED. R. EVID. 401-403.

The Advisory Committee for the Federal Rules of Evidence has stated that even relevant evidence may require exclusion if it will "induce a decision on a purely emotion basis," FED. R. EVID. 403 Advisory Committee's Note. Here, there is no probative value to plaintiff's proffered evidence, but there is substantial risk the evidence would move the jury to decide the case based on emotion or bias. Because admission of photographs and personal effects would divert the jury's attention from the plaintiff's claims, and be a time-consuming distraction with the real potential for unfair prejudice, it should be excluded.

## V. THE COURT SHOULD EXCLUDE EVIDENCE OF, AND REFERENCE TO, MERCK'S LIABILITY INSURANCE.

Evidence of liability insurance policies is irrelevant and inadmissible under Federal Rule of Evidence 411, which provides that evidence "that a person was or was not insured against liability is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully." Because plaintiff has no basis for commenting on or offering evidence of Merck's insurance, this type of evidence should be excluded.

## VI. WHETHER EXPERTS' FEES ARE DONATED IS IRRELEVANT AND CONFUSING BECAUSE DONATIONS STILL CONSTITUTE COMPENSATION.

Plaintiff also should be excluded from soliciting testimony from its expert witnesses on whether they have donated fees received for their work in this, or any other, litigation. In *Ernst v. Merck*, No. 19961*BH02 (Dist. Ct. Brazoria County Tex. filed May 24, 2002) and *Humeston v. Merck & Co., Inc.*, ATL-L-2272-03 MT (N.J. Sup. Ct., Atlantic County Civ. Div. filed August 19, 2003), plaintiffs used this type of evidence to misleadingly enhance their expert's ability to determine causation. But whether an expert chooses to make a charitable donation with his income has no bearing on the weight of his testimony and whether his opinions are correct or incorrect. Moreover, it is improper to allow a party to capitalize on the jury's good will and association with a particular cause or charity. That was the tactic of plaintiffs in the last two Vioxx trials.

In *Ernst*, for example, plaintiff's expert testified that he "asked [plaintiff's attorney] to donate the fees . . . to the charities that I work for and some to a charity that [plaintiff's attorney] chose." (Testimony of David Egilman, *Ernst v. Merck*, No. 19961*BH02 (Dist. Ct. Brazoria County Tex. filed May 24, 2002) ("Egilman *Ernst* Test.") at 102:19-105:15 of July 29, 2005, attached as Ex. 47 to *Plunkett I* Wittmann Decl.) Predictably, plaintiff's attorney chose to donate

7

half of the expert's fees to Brazoria Hospital, a hospital that the *Ernst* jurors (all of whom live in Brazoria county) would be familiar with. (*Id.*) During closing argument, plaintiff's attorney proceeded to exploit the improper inference:

> See, Merck discredits doctors. . . . Dr. Egilman: You were told Dr. Egilman is a paid witness. . . . And then he gets Dr. Egilman on the stand: "Isn't it true you've charged $250,000 . . . ?" Dr. Egilman, says, "Well, 'yes' and 'no', because his entire fee was donated, as he told you, half of it to a global health initiative charity and half of it to the local hospital for the cardiac unit." . . . "Okay. Well, now he's not a hired gun. It must be something else."

(Closing Testimony of Plaintiff's Counsel, *Ernst v. Merck*, No. 19961*BH02 (Dist. Ct. Brazoria County Tex. filed May 24, 2002) ("Closing *Ernst* Test.") of August 17, 2005 at 91:13-92:17, attached as Ex. 47 to *Plunkett I* Wittmann Decl.) This ploy also occurred in *Humeston* with Dr. Lucchesi (a witness plaintiff intends to offer in this case):

> And you know what he did with his money, as he told you? He donated it to the research fund at his college . . . That's the kind of person that showed upon behalf of [Mr. Humeston]. That's the kind of person that showed up on behalf of this man to talk to you in the case.

(Closing Testimony of Plaintiff's Counsel, *Humeston v. Merck*, No. 619 (N.J. Super. Ct. Law Div. filed August 19, 2003) ("Closing *Humeston* Test.") of November 1, 2005 at 6519:10-19, attached as Ex. 48 to the *Plunkett I* Wittmann Decl.; *see also id.* at 745:16-746:23 (Dr. Lucchesi testifying that plaintiffs' counsel "donated $10,000 to support my training activities, my educational activities. I was very grateful of that.").) This type of evidence and argument is inappropriate and should not be permitted.

### VII. PLAINTIFF SHOULD NOT BE ALLOWED TO COMMENT, AS THEY HAVE PREVIOUSLY DONE, ON MERCK EMPLOYEES LEAVING THE COMPANY "BECAUSE OF" VIOXX.

The Court should also prohibit evidence and comments from plaintiff's counsel suggesting employees no longer work at Merck because of Vioxx. During the *Humeston* trial in New Jersey, the following inappropriate dialogue occurred in front of the jury:

8

> Q: Let's be clear on this Mr. Gilmartin is the CEO during this time – I know Mr. Gilmartin has resigned *since the VIOXX stuff* – but during VIOXX he was the CEO, correct?
>
> A: Correct.

(Closing *Humeston* Test. of September 21, 2005 at 1320:19-23 (emphasis added).) This type of commentary from plaintiff's counsel or witnesses is irrelevant, inflammatory, and unduly prejudicial. *See* FED. R. EVID. 401-403. It should be excluded.

## VIII. IRRELEVANT TESTIMONY BY LAY WITNESSES SHOULD BE EXCLUDED.

Finally, the Court should exclude testimony from lay fact witnesses about their supposed beliefs regarding Vioxx and other hearsay statements for which they have no first-hand knowledge. Specifically, Merck moves to exclude the opinions of plaintiff's witnesses on the following irrelevant topics: (i) a *Newsweek* article that supposedly prompted plaintiff's lawsuit (Deposition of Evelyn Plunkett ("Plunkett Dep.") at 7:6-14, attached as Ex. 26 to *Plunkett I* Wittmann Decl.; Deposition of Leslie Goldstein ("L. Goldstein Dep.") at 42:13-49:1, attached as Ex. 17 to *Plunkett I* Wittmann Decl.; Deposition of Ashley Irvin ("A. Irvin Dep.") at 137:24-138:3, 142:17-24, attached as Ex. 18 to *Plunkett I* Wittmann Decl.); (ii) Mrs. Plunkett's and Richard Irvin's "research" on the alleged health effects of Vioxx (Deposition of Richard Irvin ("R. Irvin Dep.") at 93:22-96:11, attached as Ex. 19 to *Plunkett I* Wittmann Decl.); and (iii) statements about this case given by Mrs. Plunkett and Ashley Irvin to the press (A. Irvin Dep. at 143:9-148:11). None of this testimony has any probative value. It thus has no place at trial and should be excluded. FED. R. EVID. 401, 402.

In addition, the Court should exclude testimony whose only purpose is to inflame the jury and distract it from the issues at hand. In particular, the Court should prohibit any suggestion that Merck should be "held accountable" for "killing" Mr. Irvin. (R. Irvin Dep. at 102:13-22; *see*

9

*also id.* at 93:4-12, 96:10-11; Plunkett Dep. at 12:5-6, 78:13-16; A. Irvin Dep. at 141:25-142:1.) This kind of hyperbolic mischaracterization is highly improper and should be excluded so that it does not improperly influence the jury in its deliberations. FED. R. EVID. 403.

## IX. CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court exclude evidence and argument about: (i) Merck's size and out-of-state status; (ii) the attorneys representing Merck either in this case or in cases pending in other jurisdictions; (iii) the attendance at trial of Merck's former employees; (iv) Mr. Irvin's photographs and other personal effects; (v) Merck's liability insurance; (vi) plaintiff's experts' fees that are or were donated; (vii) employees that left Merck "because of" Vioxx; and (viii) tangential, prejudicial matters by lay witnesses.

Respectfully submitted,

*Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:    213-430-6407

Attorneys for Merck & Co., Inc.

12

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum In Support of Motion of Merck & Co., Inc. to Exclude Irrelevant and Prejudicial Evidence has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

_Dorothy H. Wimberly_