

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to<br>Case No. 05-4046 | |
| | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT<br>as Personal Representative of the Estate of<br>RICHARD IRVIN, JR., | |
| Plaintiff, | |
| vs. | |
| MERCK & CO., INC., | |
| Defendant. | |

## MOTION OF MERCK & CO., INC. ("MERCK") TO EXCLUDE TESTIMONY OF ERIC J. TOPOL, M.D.

### (MOTION *IN LIMINE* NO. 19)

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, and pursuant to Federal Rules of Evidence 401, 402, 403, 701, 702, 801, and 802 and Federal Rule of Civil Procedure 26, hereby moves to exclude testimony of Eric J. Topol, M.D. The facts and law supporting this motion are more fully set forth in the accompanying memorandum, declarations, and exhibits, which are incorporated as if fully set forth herein.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:    213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Motion of Merck & Co., Inc. to Exclude Testimony of Eric J. Topol, M.D. has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

*Dorothy H. Wimberly*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT MERCK AND CO., INC. ("MERCK") TO EXCLUDE THE TESTIMONY OF ERIC J. TOPOL, M.D.**

(MOTION *IN LIMINE* NO. 19)

Plaintiff has designated Eric J. Topol, M.D., as a potential fact witness in this case. She would proffer Dr. Topol's November 22, 2005 deposition to support her assertion that Vioxx® was defectively designed and marketed. As the Court knows, this deposition is replete with irrelevant, speculative, and inflammatory personal opinions unrelated to any issue in this case.

Further, in proffering Dr. Topol as a fact witness, plaintiff has violated her discovery obligations. For all of these reasons, Merck moves to exclude the testimony of Dr. Topol from *Plunkett II*.[1]

## I. DR. TOPOL'S TESTIMONY, WHICH IS INADMISSIBLE AND UNFAIRLY PREJUDICIAL, SHOULD BE EXCLUDED IN ITS ENTIRETY.

Dr. Topol's personal opinions – whether expressed at his deposition, in his emails, editorials, letters to the editor, or handwritten notes – are inadmissible and should be excluded. This testimony consists of little more than Dr. Topol's unsupported personal views on Merck. It is thus unrelated to any question at issue in this case. Moreover, Dr. Topol's opinions are inadmissible because they are improper expert testimony, based on inadmissible hearsay, and unfairly prejudicial. Much of his testimony consists of nothing more than speculative, *ex post facto* editorializing on whether Merck engaged in "scientific misconduct." It is also based, in large part, on hearsay documents that post-date both Merck's decision to withdraw Vioxx from the market and Mr. Irvin's death. To the extent any of the testimony does have probative value – which it does not – any such value is substantially outweighed by the danger of unfair prejudice and needless presentation of cumulative evidence. Dr. Topol's testimony is thus inadmissible in its entirety, under Rules 702, 801-04, and 403.

### A. Dr. Topol's Testimony is Irrelevant.

In *Plunkett I*, the Court held that a large portion of Dr. Topol's deposition testimony was irrelevant and inappropriate for presentation into evidence, and would not be admitted at trial.

---

[1] Merck hereby incorporates by reference all arguments made in its previously-filed Response to Plaintiff's Motion for Leave to Use Deposition Testimony of Dr. Eric Topol During Trial and its supporting attorney declaration, filed Nov. 28, 2005 (Record Docket Nos. 1757, 1756). In the event the Court denies this motion *in limine* to preclude the entirety of Dr. Topol's deposition, Merck is filing concurrent with this motion its line objections to plaintiff's designations of Dr. Topol's testimony.

(Nov. 29, 2005 Tr. at 11:22-12:24, attached as Ex. 1 to the Declaration of Phillip A. Wittmann in support of Merck's *Plunkett II* Motions *in Limine* ("*Plunkett II* Wittmann Decl.").) Although the Court did make a narrow exception, admitting Dr. Topol's testimony about "what Merck knew and when they knew it" (*id.* at 12:6-7), the Court also suggested that the vast majority of his deposition testimony should be excluded because it was entirely unconnected to Mr. Irvin's death. As the Court noted, "this case involves the death of a person who was taking Vioxx in April of 2001. . . . [W]hat happened after the death is of no significance in this particular case." (*Id.* at 12:8-12.)

Merck respectfully urges the Court to reconsider its decision to admit Dr. Topol's testimony about Merck's alleged state of knowledge. These speculative opinions have no basis in fact or reality, and are not probative of any issue in this case. They should be excluded. However, even if such unreliable opinions were admissible, the bulk of Dr. Topol's testimony falls outside of the narrow scope of testimony permitted by the Court.

By the Court's own reasoning, this extraneous testimony – devoid of any connection to the facts of this case – must be excluded. It is of no import that Dr. Topol apparently believed, in 2004 and 2005, that Merck engaged in "scientific misconduct." None of this testimony has any connection to the death of Mr. Irvin, or "what Merck knew and when they knew it." (*See* Nov. 29, 2005 Tr. at 12:6-7) Accordingly, Dr. Topol's testimony should be excluded under Rule 402.

### B.  Dr. Topol's Testimony Does Not Meet the Requirements of Rule 702.

As this Court also recognized in its November 29th ruling, Dr. Topol's testimony does not qualify as layperson testimony. (Nov. 29, 2005 Tr. at 10:13-23.) Rule of Evidence 701 specifically prohibits the admission of opinion testimony that is based on scientific, technical, or other specialized knowledge. FED. R. EVID. 701(c); *Doddy v. Oxy U.S.A., Inc.*, 101 F.3d 448,

460 (5th Cir. 1996). Yet such specialized scientific knowledge is precisely the basis for Dr. Topol's testimony.[2] Thus, the only plausible basis for its admission is Rule 702, which governs the admissibility of expert testimony.

Rule 702 allows for the admission of scientific, technical, or other expert evidence to "assist the trier of fact to understand the evidence or to determine a fact in issue." Such evidence is admissible only "if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. Reliability is determined by assessing "whether the reasoning or methodology underlying the testimony is scientifically valid," meaning that such testimony must be derived by the scientific method and "supported by appropriate validation – *i.e.*, 'good grounds,' based on what is known." *See Daubert v. Merell Dow Pharms., Inc.*, 509 U.S. 579, 590, 592-93 (1993). Relevance depends upon "whether [the expert's] reasoning or methodology . . . properly can be applied to the facts in issue." *Id.* at 593. Scientific testimony is irrelevant when there is "too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

To satisfy both the reliability and relevance requirements, expert opinion must be supported by facts in evidence, not conjecture. *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) ("This requirement implies that the testimony must be grounded in the

---

[2] For example, Dr. Topol expounded at length about Vioxx's alleged increased cardiovascular risks. (November 11, 2005 Deposition of Eric J. Topol ("Topol Dep.") at 60:9-18, 126:23-127:15, 127:24-128:17, 214:16-216:5, 216:17-218:9, attached as Ex. 5 to the *Plunkett II* Wittmann Decl.) He also evaluated complex scientific theories (*id.* at 133:1-16, 226:22-227:13) and expressed opinions on the Vioxx labeling, which is governed by an elaborate regulatory regime (*id.* at 166:5-21; 197:19-198:12). Such topics are beyond the average lay person's ken. This is precisely why Mr. Kline spent significant time during the deposition asking Dr. Topol about his qualifications and attempting to establish his bona fides as "an expert in the field of cardiovascular medicine." (*Id.* at 26:13-38:2.)

methods and procedures of science and must be more than unsupported speculation or subjective belief.") (internal citations and quotations omitted). Expert evidence that is not grounded in the methods and procedures of science amounts to no more than subjective belief or unsupported speculation that is unreliable and of no assistance to the trier of fact. *See Daubert*, 509 U.S. at 590. To be admissible, an expert's testimony must reveal the foundational data upon which any opinions rest, and the expert must adequately explain how the methodology was used to derive the opinion. *See United States v. Vicknair*, No. 03-16 SECTION: I, 2005 U.S. Dist. LEXIS 11589, at *5 (E.D. La. Jan. 5, 2005). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to the existing data only by the *ipse dixit* of the expert." *In re Propulsid Prods. Liab. Litig.*, 261 F. Supp. 2d 603, 616 (E.D. La. 2003) (*quoting Joiner*, 522 U.S. at 146). Instead, when expert testimony is demonstrated to be speculative and lacking scientific validity, trial courts "are encouraged" to exclude it. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 279 (5th Cir. 1998).

Dr. Topol's purported expert testimony – in particular, his testimony on Merck's state of mind and the adequacy of the Vioxx labels – fails to meet these standards and must be excluded.

### 1. Dr. Topol's Opinion Testimony About Merck's State of Mind is Unreliable.

Dr. Topol's testimony on Merck's supposed state of mind lacks the reliability and relevance necessary for admission under Rule 702. At his deposition, Dr. Topol provided extensive testimony on the subject. He opined on what he believes should have been widely known about Vioxx by Merck senior management. In his view, "Vioxx's risk has been evident since trials were conducted in 1999 and all the way through the time of withdrawal in September 30, 2004." (*Id.* at 60:2-60:7.)

This testimony – indeed, all of Dr. Topol's testimony about Merck's alleged state of mind

5

– is unreliable and must be excluded, in the proper exercise of this Court's gatekeeping function. Dr. Topol's personal opinions about Merck's alleged state of mind are based on nothing more than his subjective beliefs. In fact, his supposed "expert" opinions are replete with references to his "feelings" and "beliefs" about Merck's actions and what Merck "should" have known. (*E.g.*, Topol Dep. at 50:6-51:1; 224:4-19.) Such testimony is necessarily divorced from objective methodology and is not a proper subject for expert opinion. As one court has stated, it would "border on the absurd" for courts to "permit 'experts' to tender purely subjective views in the guise of expert opinion." *In Re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 544 (S.D.N.Y. 2004) (rejecting expert testimony on corporate ethics). For this reason alone, Dr. Topol's opinion testimony about Merck's state of mind must be excluded.

### 2. Dr. Topol Lacks the Qualifications to Opine on the Adequacy of the Vioxx Labeling.

Further, Dr. Topol's opinions on the adequacy of the Vioxx label fall outside of his supposed area of expertise and must be excluded. He lacks the experience, knowledge, and training to opine on this subject. *See* FED. R. EVID. 702. Notwithstanding his lack of qualifications, Dr. Topol offered a series of what are essentially legal opinions that Merck should have modified the Vioxx label before Mr. Irvin's death. For example, he testified that "[i]n my opinion, both the original label and the revision in April of 2002 did not show adequate safety concerns about heart attacks, strokes and death that could occur from the medicine." (Topol Dep. at 166:5-21.) He also opined that a black box warning "could have easily been imposed" in 2000. (*Id.* at 197:19-198:12.)

These opinions thus lack reliability and should be excluded under Rule 702. Dr. Topol has no regulatory expertise, and therefore lacks the experience necessary to determine if and when the Vioxx label should have been changed. Indeed, the FDA did not require a label change.

Not only does Dr. Topol ignore this fact, he also disregards the fact that the FDA has not required other similarly situated pharmaceutical companies to make label changes in comparable situations. Further, because Dr. Topol failed to provide any method or process by which he determined that Merck had a duty to change the Vioxx warnings, there is no way to assess the reliability of his opinions. These opinions, which thus lack sufficient indicia of reliability, must be excluded. *See Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (noting that the court's gatekeeping function requires that it ensure the expert uses reliable methods to reach his opinions).

### C.  Dr. Topol's Testimony Is Unfairly Prejudicial.

Finally, Dr. Topol's testimony is inadmissible under Rule 403. As even a cursory glance at the deposition makes clear, it is full of hyperbole, conjecture, and personal opinions unrelated to any issue in this case. Among other incendiary statements, Dr. Topol accuses Merck of engaging in a pattern of deceit, misleading doctors and patients, and putting profits over the safety of patients. (Topol Dep. at 50:17-51:1; 224:4-19; 226:22-227:13; 227:19-228:19; 229:1-9; 270:11-270:22.) He also claims to know that Merck knew it should have withdrawn Vioxx as early as 1999. (*Id.* at 60:2-60:7.) Dr. Topol consistently adopts an exaggerated tone – as when he refers to the "Vioxx debacle," and calls Merck's conduct "repulsive." (*Id.* at 296:4-9.) Merck would be unfairly prejudiced by this hyperbolic and inflammatory testimony, especially given its lack of relevance to the issues to be decided in this case.

The potential prejudice to Merck is further exacerbated because most of Dr. Topol's testimony was elicited by counsel's inappropriate leading questions. (*E.g., id.* at 234:18-235:20; 251:6-20; 292:21-296:9; *see also* Nov. 29, 2005 Tr. at 12:20-24 ("I just don't see a large part of that deposition coming into play. It's filled with colloquy. It's filled with conversation between

7

counsel. It's filled with jabs back and forth. That's not really appropriate for presentation into evidence.")) Moreover, much of Dr. Topol's testimony – including his opinions about the risks of Vioxx and the adequacy of its labeling – is cumulative of testimony that will be offered by plaintiff's other purported expert witnesses. All of these factors negate any probative value Dr. Topol's testimony might have, making it inadmissible under Rule 403.

## II.    DR. TOPOL'S TESTIMONY IS INADMISSIBLE BECAUSE PLAINTIFF FAILED TO DESIGNATE HIM AS AN EXPERT UNDER RULE 26.

Despite the fact that this Court clearly has characterized Dr. Topol as an expert witness – thus dispelling any ambiguity on whether Dr. Topol may testify as a layperson – plaintiff has once again designated Dr. Topol only as a potential fact witness in this case. In failing to designate Dr. Topol as an expert, plaintiff has violated her Rule 26 discovery duties. FED. R. CIV. P. 26(a)(2)(A) ("[A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.").

Plaintiff cannot escape the requirements of Rule 26 by "simply calling an expert witness in the guise of a layperson." FED. R. EVID. 701 advisory committee's notes. As one commentator has noted, because "there is no good reason to allow what is essentially surprise expert testimony…the court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process." Gregory P. Joseph, *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure*, 164 F.R.D. 97, 108 (1996). A party that fails to comply with Rule 26's disclosure requirement, as plaintiff has done here, is barred from using the undisclosed evidence at trial unless the sanctioned party

8

demonstrates that the violation was either justified or harmless.[3] FED. R. CIV. P. 37(c)(1); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

Plaintiff's failure to comply with Rule 26 was neither justified nor harmless in this case. Prior to *Plunkett I*, when plaintiff originally sought to depose Dr. Topol, she failed to give the Court and Merck notice that she would use the deposition to elicit undisclosed expert testimony. Now, plaintiff is once again attempting to introduce Dr. Topol's expert opinions under the guise of lay opinion testimony. This tactic should not be permitted a second time. Under Rule 26, Dr. Topol's testimony should be excluded in its entirety.

### III.   CONCLUSION.

For the foregoing reasons, Merck respectfully requests that this court grant its Motion to Exclude the Testimony of Eric J. Topol, M.D.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

---

[3] Minor infractions include "the inadvertent omission…of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party" or where the objecting party has had a substantial notice that the expert will testify and has the documents upon which the expert will rely. FED R. CIV. P. 37; *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.*, 204 F.R.D. 309, 311 (W.D. La. 2001). In determining whether to impose an exclusionary sanction, courts balance the prejudice caused by failing to identify the witness against the bad faith or willfulness underlying the failed disclosure. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum in Support of Motion of Merck & Co., Inc. To Exclude The Testimony of Eric J. Topol, M.D. has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of January, 2006.

*[Signature: Dorothy H. Wimberly]*