FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JAN 31 PM 4:39
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to All Cases | MAGISTRATE JUDGE KNOWLES |

## JOINT REPORT NO. 11 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No.10.

I.   LEXIS/NEXIS FILE & SERVE

Cases recently transferred to the Eastern District of Louisiana continue to experience a brief delay between the docketing of the Final Transfer Order on which the cases appear and the receipt of the records from the original transferor courts. Until such time as the record of a case is actually received by the Clerk of Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in the Eastern District of Louisiana and as a result there are brief delays in uploading to Lexis/Nexis File & Serve. Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to



Lexis/Nexis File & Serve and counsel are able to access the case. Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve. Notice should include the case name and Eastern District of Louisiana case number. PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL. The parties will be prepared to discuss this further at the monthly status conference on February 2, 2006.

A number of plaintiffs' counsel have informed Hughes Hubbard & Reed LLP by letter or by filing formal motions with the Court that they have withdrawn as counsel. Despite these letters and motions, those counsel have not notified Lexis Nexis File & Serve of this change in party/counsel status. In order to facilitate case management and case organization, PLC and DLC are in the process of reviewing Pre-Trial Order No. 8 and will discuss any modification or amendment that may need to occur to address these issues. The parties will be prepared to discuss this further at the monthly status conference on February 2, 2006.

II.   STATE COURT TRIAL SETTINGS

Trial commenced in the *Garza* case in Starr County, Texas on January 24, 2006. Trial is scheduled for 4 days each month. The *Guerra* case is set for trial on April 17, 2006 in Texas District Court, Hidalgo County. The *Kozic* case is set for trial in Florida Circuit Court, Hillsborough County, on May 1, 2006. Subject to briefing on whether the Court should hold consolidated trials, the New Jersey Superior Court, Atlantic County has scheduled consolidated trials of the following cases: *Cona* and *McDarby* on February 27, 2006; *Hatch*, *McFarland*, and *LoPresti* on April 24, 2006; and *Doherty* and *Klug* on June 5, 2006. A trial of one or more plaintiffs is set for June 21, 2006 in the California Coordinated Proceeding, California Superior

Court, Los Angeles County.[1] Finally, the *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006.

### III. SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The *Irvin/Plunkett* case is scheduled to be retried commencing February 6, 2006 at the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130. The parties will discuss this trial setting at the status conference. An additional meeting with the Court is scheduled to occur on February 1, 2006 for purposes of trial selection. The parties will be prepared to discuss this issue further at the monthly status conference on February 2, 2006.

### IV. CLASS ACTIONS

Briefing has been completed on Merck's Rule 12 motions to dismiss the Medical Monitoring Master Class Action Complaint and the Purchase Claims Complaint. Briefing has also been completed on the PSC's Motion for a Suggestion of Remand of Class Proceeding, and the Motion for Class Certification of the Proposed Nationwide Personal Injury and Wrongful Death Class Action. Pursuant to the Second Amendment of Pretrial Order No. 16, oral argument is scheduled on these three matters on February 2, 2006, at 1:00 p.m. The parties will be prepared to discuss this further at the monthly status conference on February 2, 2006.

### V. DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

---

[1] Selection of the case or group of plaintiffs for trial will be finalized during a court conference in March 2006.

On November 4, 2005, Merck produced to the Court and PSC a revised Privilege Log. Thereafter, pursuant to the Court's order, Merck produced to the Court for *in camera* inspection all documents identified on its privilege log. PSC continues to challenge the privilege log provided by Defendants and has submitted letters to the Court stating its position. On January 17, 2006 DLC advised the Court that it had re-classified as not privileged or redacted approximately 900 Vioxx related documents previously classified as privileged. PLC disagrees with the privilege assertions made by Merck. Merck continues to maintain that its privilege log is sufficient. The Court has requested that Merck separate its privileged documents into categories. PLC has requested that it be directly involved in developing and categorizing the documents and/or the listing of documents identified in the privilege log. The parties will cooperate to comply with this request from the Court. PLC further requests that the Court issue a ruling on the pending motion challenging Merck's privilege assertions. DLC does not believe that the Court should issue a ruling until such time as Merck completes the Court-requested categorization process and reviews the categorized documents.

In the Minute Entry dated January 23, 2006, the Court ordered that DLC shall deliver all the information relating to Merck's insurance policies to PLC by February 2, 2006. Merck intends to produce all relevant insurance policies on February 2, 2006.

The parties will be prepared to discuss these issues further at the monthly status conference on February 2, 2006.

VI.     DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.

On November 8, 2005, FDA requested reimbursement for the cost of copying and bates numbering the congressional document wave of production. PLC has written counsel for the FDA regarding this invoice. On January 26, 2006, PLC and counsel for the FDA communicated regarding the invoice. The parties are currently discussing the matter and will be prepared to discuss this further at the monthly status conference on February 2, 2006.

On December 23, 2005, FDA produced a privilege log for certain documents. The PSC is in the process of reviewing the privilege assertions and will be filing a motion regarding challenges to privilege and redactions. The parties will be prepared to discuss this further at the monthly status conference on February 2, 2006.

The FDA filed a Motion to Quash the Deposition of Dr. Graham that was scheduled to take place on January 23, 2006. A hearing on the Motion to Quash took place on January 26, 2006. The parties await a ruling from the Court.

## VII. DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue numerous third-party notices of depositions for the production of documents. If and when any issues arise regarding these discovery requests, the Court will be advised and motions will be requested on an expedited basis. The parties will be prepared to discuss this further at the monthly status conference on February 2, 2006.

## VIII. DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL. If and when issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis. PLC has advised DLC that coordination of cross-notices and the short time frames given for noticed depositions needs to be further addressed between

Merck, the PSC and State Counsel so that depositions proceed in an orderly process. The PSC is mindful of Pre-Trial Order No. 9 and maintains that all parties be afforded an opportunity to participate in the discovery process and have sufficient time to question witnesses at depositions. PLC and DLC are mindful that the protocol for MDL depositions is governed by Pre-Trial Order No. 9. These matters, as well as any other deposition scheduling issues, will be addressed with the Court at the monthly status conference on February 2, 2006.

PLC filed with the Court on January 19, 2006 a Motion to Clarify Pre-Trial Order No. 17 Regarding Assembly of Prior Discovery. Prior to that, on December 30, 2005, DLC agreed to provide to PLC a comprehensive listing by name and date of all depositions taken so that the list can be compared with those depositions in PSC's possession. DLC provided PLC with the list of depositions on January 11, 2006 and provided the actual deposition testimony on January 23, 2006. The PSC is reviewing the depositions that were provided and comparing it to what it already has. However, PLC contends that the January 11, 2006 letter is not sufficient or in compliance with the intent of Pre-Trial Order No. 17 and that the relief requested in the Motion to Clarify Pre-Trial Order No. 17 Regarding the Assembly of Prior Discovery further explains the information that the PSC should be receiving on a regular basis. DSC disagrees and asserts that Merck is in compliance with Pre-Trial Order No. 17. The motion is set for hearing following the monthly status conference.

IX. <u>PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM</u>

On September 14, 2005, the Court entered Pre-Trial Order 18B which governs the timing for production of Plaintiff Profile Forms, Authorizations, and Merck Profile Forms on a staggered basis. The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov and supersedes Pre-Trial Orders 18 and 18A.

Merck continues to receive PPF responses. At previous conferences, Merck advised the Court and the PSC that it contends that substantial numbers of PPFs are deficient. Merck has notified plaintiffs' counsel of the deficiencies but, despite the notice Merck contends that numerous plaintiffs have failed to cure the deficiencies. The PSC does not believe that there are substantial numbers of deficient PPFs. Merck has advised that it will be moving to dismiss the complaints of those plaintiffs who have failed to cure deficiencies.

Merck has requested a modification to the Merck Profile Form. The PSC has opposed the requested modification; however, the parties continue to meet and confer regarding this request and will be prepared to discuss this further at the monthly status conference on February 2, 2006.

On January 31, 2006, DLC provided to PLC a requested change in the authorizations to authorize Litigation Management, Inc. to collect records on behalf of Merck. PLC is considering Merck's request and will be responding to DLC. The parties will be prepared to discuss this further at the monthly status conference on February 2, 2006.

X. <u>STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE</u>

Representatives of the PSC and the State Liaison Committee have had several communications. By letter dated November 18, 2005, the PSC recommended additional

members for appointment to the State Liaison Committee. The parties will be prepared to discuss this further at the monthly status conference on February 2, 2006.

XI.  *PRO SE* CLAIMANTS

The Court has issued additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals. PLC has continued to communicate with the various *pro se* claimants and advised them of attorneys in their respective states and other pertinent information regarding the MDL. DLC has discussed with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served. The parties will be prepared to discuss this further at the monthly status conference on February 2, 2006.

XII.  MOTION FOR CLARIFICATION OF PRE-TRIAL ORDER NO. 19

On November 16, 2005, Motley Rice, LLC filed a Motion for Clarification of Pre-Trial Order No. 19. The PSC filed an opposition. This motion is set for hearing on February 2, 2006.

XIII.  MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints. A hearing was scheduled on this matter for February 2, 2006; however the parties have agreed that the motion should not be heard at that date because briefing is not complete. The parties will be prepared to discuss this at the monthly status conference and be prepared to discuss the scheduling of hearing. Counsel for Plaintiffs in the Class Action Complaint will be present at the monthly status conference and will also be prepared to discuss this matter.

XIV. <u>LOUISIANA ATTORNEY GENERAL AND BLUE CROSS MATTERS</u>

Counsel for Plaintiffs in the Louisiana Attorney General and Blue Cross cases has filed with the Court a motion requesting a scheduling order and trial date for these matters. Plaintiffs' counsel in those cases will be present at the monthly status conference to address these issues with the Court.

XV. <u>NEW MOTIONS</u>

On January 24, 2006, plaintiff in the *MeGhee v. Merck*, No. 2:05-cv-02573-EEF-DEK, filed a Motion to Modify PreTrial Order 18B So That Plaintiffs Do Not Have to File and Serve on Defendants Medical Records Via Lexis-Nexis File and Serve. The parties will be prepared to discuss the scheduling of this motion at the monthly status conference on February 2, 2006.

XVI. <u>NEXT STATUS CONFERENCE</u>

PLC and DLC will be prepared to schedule the status conference in March on a date to be selected by the Court.

Respectfully submitted,

_____
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

Temporary Address:

Place St. Charles, 201 St. Charles Avenue
Suite 4310, New Orleans, Louisiana 70170

_____
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
***Stone Pigman Walther Wittmann L.L.C.***
546 Carondelet Street
New Orleans, LA 70130-3588
PH:  (504) 581-3200
FAX: (504) 581-3361
**Defendants' Liaison Counsel**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 11 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by uploading the same to Lexis/Nexis File & Serve Advanced in accordance with Pre-trial Order No. 8, on this 31st day of January, 2006.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | | |

MONTHLY STATUS CONFERENCE
FEBRUARY 2, 2006
<u>SUGGESTED AGENDA</u>

      Preliminary issues -- Report on Case Statistics

I.     Lexis/Nexis File & Serve

II.    State Court Trial Settings

III.   Selection of Cases for Early Federal Court Trial

IV.   Class Actions

V.    Discovery Directed to Merck

VI.   Discovery Directed to the FDA

VII.  Discovery Directed to Third Parties

VIII. Deposition Scheduling

IX.   Plaintiff Profile Form and Merck Profile Form

785993v.1

- 2 -

X.      State/Federal Coordination -- State Liaison Committee

XI.     *Pro Se* Claimants

XII.    Motion for Clarification of Pre-Trial Order No. 19

XIII.   Motion to Dismiss Foreign Class Action Complaints on Forum Conveniens Grounds

XIV.    Louisiana Attorney General and Blue Cross Matters

XV.     New Motions

XVI.    Next Status Conference

- 2 -

785993v.1