## AFFIDAVIT OF SERVICE

**COUNTY: FEDERAL**     CASE # 05-CV-450     COURT U.S. DISTRICT COURT EASTERN DISTRICT OF LA
                                              Clt. Ref.#                           500

IGNACIO VALDEZ

FILED
2006 JAN 30  PM 2:02
LORETTA G. WHYTE
CLERK

VS
MERCK & CO., INC.

The documents came to hand for service on 09/20/05  Time: 09:40:00

Documents received for service:

**SUMMONS; PLAINTIFF'S ORIGINAL PETITION**

The documents were delivered on **09/20/05**  Time: **13:15:00**

Executed at: 350 N. St. Paul Street
              Dallas, TX 75201
to the following: **Merck & Co., Inc.**
                  **By Delivering To C.T. Corporation System**
                  **By Delivering To Shirley Dillon, Designated Agent**

✓  PERSONALLY delivering the document(s) to the person above.
___ SUBSTITUTE SERVICE per Order by delivering to _____ a person over sixteen (16) years of age, at the above listed address which is the usual place of abode/business of the above named person.
___ POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, Rickey Lee _____ , am over the age of eighteen, and am neither a party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE FACTS SET FORTH ABOVE. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES CODE and all other applicable rules and statutes relating to service of citation and/or notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:_____                Rickey Lee
                                        Texas LIC#: SC-1494
Witness Fee Tendered:_____          Professional Civil Process Dallas, Inc.
                                           2001 Bryan Street Suite 3175
STATE OF TEXAS}                             Dallas, Texas 75201

### VERIFICATION

On this day Rickey Lee appeared before me, a notary public, and being duly sworn by me stated that he/she has personal knowledge of the facts set forth in the foregoing affidavit and declared that the facts contained therein are true and correct. Given my hand and seal of office this 23 day of September 2005.

PCP Inv. #D09050293

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

Nakia V. Stanton
NOTARY PUBLIC FOR THE STATE OF TEXAS



NAKIA VA SHELLE STANTON
MY COMMISSION EXPIRES
July 19, 2008

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern  District of  Texas

Ignacio Valdez

V.

Merck & Co., Inc.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 05-CV-450

TO: (Name and address of Defendant)

Merck & Co., Inc.
Agent: C.T. Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Kathryn Snapka
Federal ID No. 1617, State Bar No. 18781200
Snapka, Turman & Waterhouse, LLP
P.O. Drawer 23017
Corpus Christi, Texas 78403

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby                                         SEP 1 2 2005
CLERK                                                    DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me<sup>(1)</sup> | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                  Date                Signature of Server

                                        _____
                                        Address of Server

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

SEP - 9 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IGNACIO VALDEZ | § | |
| Plaintiff, | § | |
| vs. | § | CASE NUMBER _____ |
| | § | JURY TRIAL REQUESTED |
| MERCK & CO., INC. | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff IGNACIO VALDEZ, (hereinafter referred to as "Plaintiff"), complaining of MERCK & CO., INC. (hereinafter referred to as "Defendant Merck" or "Merck"), and for cause of action would respectfully show unto the Court and the Jury the following:

### I. INTRODUCTION AND PARTIES

1. This is a civil action brought on behalf of Plaintiff regarding damages that were a result of the ingestion of Vioxx® (Rofecoxib), which was manufactured, marketed, distributed and sold to Plaintiff by Defendant Merck and/or Defendant Merck's representatives.

2. Plaintiff is an individual who is a citizen of the State of Texas and a resident of Bee County, Texas.

3. Defendant Merck is an American pharmaceutical company incorporated in the State of New Jersey, and has its principal place of business in Rahway, New Jersey. Defendant Merck has an office in Dallas, Texas and is duly authorized to conduct

business in the State of Texas. Service of process upon Defendant Merck may be accomplished by serving the agent for service of process at C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. Defendant Merck does business by agent in Texas and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® (Rofecoxib) in Texas.

4.   At all times relevant herein, Defendant Merck was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including Vioxx® (Rofecoxib), for use by the mainstream public and, more specifically, Plaintiff.

## II. JURISDICTION

5.   Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over this matter as the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,0000.00, excluding interest and costs.

## III. CONDITIONS PRECEDENT

6.   All conditions precedent have been performed or have occurred. FED. R. CIV. PROC. 9(c).

## IV. FACTUAL BACKGROUND AND ALLEGATIONS

7.   Vioxx® (Rofecoxib) is a prescription drug designed to treat pain through reduced inflammation; Vioxx® (Rofecoxib) is a cox-2 selective non-steroidal anti-inflammatory agent (NSAID). Merck did manufacture, design, package, market, sell and distribute this drug. Merck encouraged the use of this drug through an aggressive marketing campaign, including through its detail sales representatives and direct-to-consumer advertising. Merck misrepresented the safety and effectiveness of this drug

and concealed or understated its dangerous side effects.

8. At all times relevant hereto, Merck actually knew of the defective nature of its product as herein set forth, yet continued to design, manufacture, market, distribute and sell its product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by these products. Merck's conduct exhibits such an entire want of care as to establish that its actions were a result of fraud, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's individual rights, and hence punitive damages are appropriate.

9. The pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, sold and/or supplied by Merck, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

10. Further, the pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, distributed, sold and/or supplied by Merck was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with its aggressive marketing campaign.

11. The pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, distributed, sold and/or supplied by Merck was defective due to inadequate testing.

12. Additionally, Merck failed to provide timely and adequate warnings or instructions after the manufacturer knew of the risk of injury from Vioxx® (Rofecoxib). The defective nature of this product is a contributing cause of Plaintiff's injuries.

13. Merck had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of

commerce. Merck failed to exercise ordinary care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of commerce. Merck knew or should have known that Vioxx® (Rofecoxib) created an unreasonable risk of bodily harm, including the risk of death.

14. Despite the fact that Merck knew or should have known that Vioxx® (Rofecoxib) caused unreasonably dangerous side effects which many users would be unable to remedy by any means, Merck continued to market and/or prescribe Vioxx® (Rofecoxib) to the consuming public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

15. Merck should have known that consumers, such as Plaintiff, would foreseeably suffer injury or death as a result of its failure to exercise ordinary care as described herein. Merck's negligence was the proximate and/or producing cause of Plaintiff's injuries and Plaintiff's economic and non-economic loss.

16. Merck made express representations relative to the product, Vioxx® (Rofecoxib). Merck represented that the product was safe and fit for use when, in fact, it was not. Such conduct constitutes misrepresentations and negligent misrepresentations resulting in Plaintiff's injuries and damages for which Plaintiff sues.

17. Merck, through its detail sales representatives, made representations regarding the safety and efficacy of its product, Vioxx® (Rofecoxib).

18. Merck's conduct in this matter was the proximate and/or producing cause of injuries and damages suffered by Plaintiff.

19. At the time Merck marketed, sold, distributed, and/or prescribed Vioxx® (Rofecoxib) for use by the general consuming public, including Plaintiff, Merck knew of

the use for which Vioxx® (Rofecoxib) was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

20. Plaintiff reasonably relied upon the skill and judgment of Merck as to whether Vioxx® (Rofecoxib) was of merchantable quality, and safe and fit for its intended use.

21. Contrary to such implied warranty, Vioxx® (Rofecoxib) was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purpose for which it was intended and used as described above.

22. Merck's conduct in this regard was the proximate and/or producing cause of the Plaintiff's injuries and damages.

23. Merck negligently, recklessly, intentionally and fraudulently made material misrepresentations that Vioxx® (Rofecoxib) was safe and effective. Defendant Merck represented Vioxx® (Rofecoxib) as safe so that the general consuming public, including Plaintiff, would rely upon said representations when purchasing said product.

24. Prior to and following the introduction of Vioxx® (Rofecoxib) into the market as a prescribable pharmaceutical medication, Merck set in motion a campaign to market its product. Defendant Merck's representations made concerning Vioxx® (Rofecoxib) as a safe and effective drug were made so that Plaintiff and the general consuming public, would rely on said representations and take this drug. In fact, Plaintiff did rely on Defendant Merck's representations in this regard.

25. At the time Defendant Merck made these representations, it was aware that these representations were false and/or made these representations with reckless

disregard to their truth. As a result of Defendant Merck's fraud and misrepresentations, Plaintiff suffered injuries and damages.

26. Defendant Merck is guilty of various acts of omission and commission which were the proximate and/or producing cause of the incidents made the basis of this lawsuit.

27. Plaintiff has suffered damages in the past and will continue to suffer damages in the future, including, but not limited to physical pain and mental anguish, medical expenses, loss of wage-earning capacity, loss of enjoyment of life, loss of consortium, physical impairment, and physical disfigurement. Plaintiff seeks all damages to which he is entitled under statute or common law, which greatly exceeds the minimum jurisdictional limits of this Court.

## V. DEMAND FOR TRIAL BY JURY

28. Plaintiff hereby requests a trial by jury on all issues in this case.

## VI. PRAYER

29. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant Merck be duly cited to appear and answer herein and that, upon final trial of this cause, Plaintiff recover the following:

A. Judgment against Defendant Merck for actual damages in an amount in excess of the minimum jurisdictional limits of this Honorable Court;

B. Interest on said Judgment at the legal rate from the date of judgment;

C. Pre-judgment interest, as allowed by law;

D. Costs of Court;

E. Costs of suit;

F. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
P.O. Drawer 23017 (78403)
606 N. Carancahua, Suite 1511
Corpus Christi, TX 78476
Telephone: (361) 888-7676
Telecopier: (361) 884-8545

By: _____
Kathryn Snapka
Attorney-In-Charge
State Bar No. 18781200
Federal I.D. No. 1617
Greg W. Turman
State Bar No. 00785123
Federal I.D. No. 16317
Richard B. Waterhouse, Jr.
State Bar No. 00788624
Federal I.D. No. 17795
Craig Henderson
State Bar No. 00784248
Federal I.D. No. 15532
Aditi Anita Shahani
State Bar No. 24041898
Federal I.D. No. 38289

**ATTORNEYS FOR PLAINTIFF**