

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX<br>Products Liability Litigation<br><br>This Document Relates to:<br><br>    STATE OF LOUISIANA, ex rel.<br>    CHARLES C. FOTI, JR.,<br>    ATTORNEY GENERAL<br>        Representative Plaintiff<br><br>    versus<br><br>    MERCK & CO., INC.,<br>        Defendant<br><br>    Case No. 05-3700<br>and<br><br>    LOUISIANA HEALTH SERVICE<br>    INDEMNITY COMPANY d/b/a<br>    BLUECROSS/BLUESHIELD OF<br>    LOUISIANA on behalf of<br>    itself and others similarly situated<br>        Representative Plaintiff<br><br>    versus<br><br>    MERCK & CO., INC.<br>        Defendant<br><br>    Case No. 05-0713 | MDL NO. 1657<br><br>SECTION: L<br><br>HON. ELDON E. FALLON<br><br>MAG. JUDGE KNOWLES |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED
CONSIDERATION OF MOTION TO REMAND,
OR, IN THE ALTERNATIVE, MOTION TO CONSOLIDATE THE TWO
ABOVE-REFERENCED CASES  FOR TRIAL**

**NOW INTO COURT,** through undersigned counsel,[1] come Plaintiffs, the Louisiana Attorney General, et al. (hereinafter the "State Plaintiffs") and Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of Louisiana (hereinafter "BC/BS Louisiana"), who respectfully reply to the issues raised in Defendant, Merck & Co., Inc.'s, opposition memorandum as follows:

### The State Plaintiffs Have Not Conceded Defeat on Their Motion to Remand, and They Reiterate Their Request that the Court Rule on that Pending Motion As Expeditiously As Possible.

Merck contends that by seeking consolidation with the BC/BS Louisiana action as an alternate remedy, should the Court deny their motion to remand, the State Plaintiffs have conceded that this Court enjoys subject matter jurisdiction over the dispute. Curiously, Merck fails to cite any authority for its assertion.

The State Plaintiffs have not conceded the subject matter jurisdiction issue. In fact, the instant motion clearly seeks as its first relief a ruling on the pending remand motion. Merck criticizes the State Plaintiffs for not spending much space in their original supporting memorandum on that issue. Frankly, there was not much to say beyond what the State Plaintiffs said. They filed a timely motion to remand. They filed it along with a Notice of Hearing. Although it was filed more than three months ago, the Court has never set a hearing date for the motion.

The issues in support of remand had been fully briefed. The State Plaintiffs saw no need to restate those arguments in their motion for expedited consideration, nor do they see any reason to restate them here. Suffice it to say that the State Plaintiffs do not believe Merck's arguments in favor of subject matter jurisdiction are nearly as strong as Merck does.

---

[1] Undersigned counsel respectfully represents that he is designated as Lead Counsel for all Plaintiffs in both of the two above-referenced cases.

The issue is one of pure law, and there is no reason for the Court to delay ruling on it. The Court does not have to wait for the Mississippi Attorney General's suit to be lodged in the MDL, nor does the Court have to wait for any other suits to be filed on behalf of other states. Either federal question subject matter jurisdiction exists over the Louisiana State Plaintiffs' claims or it doesn't. Either diversity subject matter jurisdiction exists over the Louisiana State Plaintiffs' claims or it doesn't. The Louisiana State Plaintiffs merely want to move their case forward to a resolution–whatever the jurisdiction.

### If the Court Denies the State Plaintiffs' Motion to Remand, Consolidation of their Claims with those of BC/BS Louisiana for Trial Would Be Appropriate.

Although Merck was correct that the BC/BS Louisiana action originally was filed as a class action, BC/BS Louisiana has since sought leave of court to amend its complaint to remove the class allegations and proceed forward solely on its own behalf.[2] Assuming that motion is granted and the amended complaint allowed, the bulk of Merck's objection to the consolidation will be eliminated. There will be no confusion between class and non-class issues.

Furthermore, as the Court will see upon examination of the pertinent complaints, the claims asserted and the remedies sought in the State Plaintiffs' Petition and BC/BS Louisiana's Amended Complaint are nearly identical. To avoid any lingering confusion or complication for the trier of fact, moreover, BC/BS Louisiana has withdrawn its jury trial demand in its Amended Complaint. To the extent that there are any differences in the law that must be applied to any particular claim, Movants are confident the Court will be able to sort through them, however "thorny" they might be.

As previously noted, courts enjoy broad discretion on whether or not to consolidate where there are common questions of law and fact and where consolidation would save time and

---

[2] A copy of BC/BS Louisiana's Motion for Leave to File First Supplemental and Amended Complaint is attached hereto as Exhibit "1."

money. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir.1989); see also 9 Wright Miller, Federal Practice and Procedure, §§ 2383 at 439 (2nd Ed.1995). Moreover, precedent has been established to support the consolidation of public and private third-party payor cases. In *State [of Minnesota] by Humphrey v. Philip Morris Inc.*, 1995 WL 1937124 (Minn. Dist. Ct. 5/19/1995),[3] the Minnesota Attorney General and Blue Cross and Blue Shield of Minnesota filed a single suit against Philip Morris and various other tobacco companies, seeking reimbursement of the increased medical expenses being incurred by the Minnesota Medicaid Program and by Minnesota Blue Cross to treat smoking-related illnesses.

To the extent that the State Plaintiffs' motion to remand is denied, both the State Plaintiffs and BC/BS Louisiana submit that the best, most efficient, and expeditious means to resolve the claims is to have the suits consolidated for a single trial on the merits.

## CONCLUSION

For the foregoing reasons as well as the reasons set forth in Movants' previous memorandum in support, Movants respectfully request that the Court rule on and grant the State Plaintiffs' Motion to Remand without further delay. To the extent that the Court denies that

---

[3] A copy of *State [of Minnesota] by Humphrey v. Philip Morris Inc.*, 1995 WL 1937124 (Minn. Dist. Ct. 5/19/1995) was attached as Exhibit "A" to Plaintiffs' original memorandum in support of this motion.

4

motion, Movants respectfully ask that the State Plaintiffs' action be consolidated with the action brought by BC/BS Louisiana for a single trial on the merits.

Respectfully submitted, this 30th day of January, 2006,

**DUGAN & BROWNE, a P.L.C.**

_____
JAMES R. DUGAN, II, T.A. (Bar No. 24785)
DAVID L. BROWNE (Bar No. 20729)
DOUGLAS R. PLYMALE (Bar No. 28409)
650 Poydras Street - Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181

*Special Assistant Attorneys General for the State of Louisiana and Counsel for Petitioners, the Louisiana Attorney General, et al., and Counsel for Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La.*

**CHARLES C. FOTI, JR.**
**Attorney General**
TINA VICARI GRANT
Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

**LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS**
FRANCISCO H. PEREZ
General Counsel
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

CHARLES A. O'BRIAN (Bar No. 10143)
BlueCross BlueShield of Louisiana
5525 Reitz Avenue
P.O. Box 98029
Baton Rouge, Louisiana 80809
Telephone:    (225) 295-2454
Facsimile:    (225) 297-2760

TAYLOR TOWNSEND (Bar No. 20021)
Kelly Townsend & Thomas
137 St. Denis Street
P.O. Box 756
Natchitoches, Louisiana. 71457
Telephone: (318) 352-2353
Facsimile: (318) 352-8918

*Counsel for Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La.*

F:\Case Files\Vioxx\Attorney General\pleadings\pleading.005.reply.motion.consolidation.wpd

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Reply Memorandum in Support of Motion for Expedited Consideration of Motion to Remand, Or, in the Alternative, Motion to Consolidate The Two Above-Referenced Cases for Trial has this day been served on all counsel of record by U.S. Mail and e-mail or by hand delivery and e-mail or by e-mail on all parties by electronically uploading same to Lexis/Nexis File & Serve Advance in accordance with Pre-Trial Order No. 8, this 30th day of January, 2006.

_____

F:\Case Files\Vioxx\Attorney General\pleadings\pleading.005.reply.motion.consolidation.wpd

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED