UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
    PRODUCTS LIABILITY LITIGATION

: MDL No. 1657
:
: SECTION: L
:
: JUDGE FALLON
: MAG. JUDGE
: KNOWLES

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
CLARIFICATION OF PRETRIAL ORDER NO. 19**

Movant replies to the Memorandum in Opposition of Plaintiff Steering Committee (the "PSC") as follows:

I.   POINTS OF AGREEMENT WITH PSC

   A.   No Assessment of State Court Proceeding

   This Plaintiff is in receipt of PSC Response in Opposition to Motley Rice LLC (sic) Motion for Clarification of Pretrial Order No. 19 and is pleased that the PSC agrees that:

> Ordinarily, without voluntary coordination state court litigants are not subject to the court's authority. *See In re Showa Denko K.K. L-Tryptophan Products Liability Litigation II,* 953 F.2d 162 (4th Cir. 1992). Thus state litigants would not be assessed unless their counsel voluntarily agreed to participate through the Full Participation Agreement or the Traditional Assessment Option. (footnote 1, PSC Response in Opposition)

   Thus, by taking due care to insure that the third party and Defendant discovery utilized in State court proceedings is generated through those proceedings, no issue will arise in the future relating to assessment of state court cases.

   It follows, therefore, that there is agreement that the documents that reside in the New Jersey depository of documents for its state consolidation are products of that

consolidation. Likewise, should a deposition of a party or third party witness be properly noticed in the state court consolidation, then use of that deposition directly, and as source of other materials, shall not trigger an MDL assessment of state consolidation cases.

B. <u>Work Product</u>

Nothing in the PSC Response addresses the immediate concern that spawned the Motion to Clarify, with the exception of a proffered definition of "work product" which PSC takes from <u>Hickman v. Taylor</u>, 329 US 495, 510 (1947). Movant is concerned about the extent to which it may cooperate with counsel who are engaged in discovery in MDL 1657 without being in jeopardy of being accused of violating the language of the Agreement for Limited Waiver Option ("LWO"). The purpose of MDL 1657 is best served when counsel are encouraged to cooperate, rather than discouraged for concern that cooperation might be deemed a violation.

It appears to Movant that there is an omission in Pretrial No. 19 and Agreement for Limited Waiver Option, in that they lack a definition for "…use the PSC work product…" and/or "…use the materials supplied by the PSC…" Movant submitted a proposed clarification by incorporation of the following:

> Language in the Agreement for Limited Option to the effect of "…use the PCS work product…" and/or "…use the materials supplied by the PSC…" shall apply only in cases where plaintiffs' attorneys file, attach or exhibit in a state court proceeding any materials **exclusively** supplied by and/or to the PSC and not obtained from a state court proceeding or other source.

Movant would agree with the position of the PSC that the work product to which Pretrial Order No. 19 refers and protects is that as defined by <u>Hickman v. Taylor</u>, 329 US 495, 510 (1947). The PSC quotes from <u>Hickman v. Taylor</u> for its proffered

2

definition of the term "work product" as follows, "the assembly of information, sifting what the lawyer considers to be relevant from irrelevant facts, preparation of legal theories and planning of strategy." (PSC Response, p. 4). Because there is a mature body of law applying <u>Hickman v. Taylor</u> and its definition of "work product", the PSC's proffer of this definition would solve much of the Movant's concern over ambiguity. In order to comply with an LWO, Movant must make ongoing determinations as to what meets the LWO's definition of "work product." Movant and the PSC can reliably come to the same determination by referring to the mature body of case law applying the work product definition in <u>Hickman v. Taylor</u>. If the Court does not accept Movant's own proffered definition, Movant respectfully suggests that the court adopt the definition from <u>Hickman v. Taylor</u> as it would be applied by this Court based upon controlling or persuasive authority.

  The PSC's memorandum does not address the language "materials supplied by the PSC" which appears to be used interchangeably with "work product" within PTO 19 and its attached agreements. The manner in which the terms are used indicates that they are given the same meaning. Thus, in the interest of clarity, Movant suggests that it be settled that "materials supplied by the PSC" has the same meaning as "work product".

  The language offered by Movant in the Motion to Clarify work product materials subject to Pretrial Order No. 19 represents an effort to reach a reasonable and defined boundary for all parties. But Movant certainly recognizes the definition offered by PSC to judge the MDL work product by referring to <u>Hickman</u> is certainly appropriate.

II.	<u>JUSTICIABILITY</u>

If this court accepts the PSC's position that the issues raised by the Motion for Clarification are hypothetical because they have not been subjected to a present case or controversy, then by all means the motion should be denied. However, the Pretrial Order is not an adjudication. In essence, it is an order issued within the administrative power of this MDL court to promote the efficient operation of the MDL, and this court has the inherent power to amend its administrative order at any time.

Respectfully submitted,

_____
Fred Thompson, III (Fed ID 4081)
MOTLEY RICE LLC
28 Bridgeside Blvd., P.O. Box 1792
Mt. Pleasant, SC 29464
(843) 216-9000
(843) 216-9440 (Fax)

*[signature]*

Marc C. Greco (LA Bar No. 23762, VA Bar No. 41496)
H. Seward Lawlor (VA Bar No. 13783)
GLASSER & GLASSER PLC
580 East Main Street
Suite 600
Norfolk, VA 23510
(757) 625-6787
(757) 627-5908 (Fax)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX : MDL No. 1657
    PRODUCTS LIABILITY LITIGATION : SECTION: L
: 
: JUDGE FALLON
: MAG. JUDGE
: KNOWLES

### AFFIDAVIT OF SERVICE

This is to certify that I have, on the date set out below, served the foregoing Reply Memorandum in Support of Motion for Clarification of Pretrial Order No. 19 on Russ M. Herman of Herman, Herman, Katz *& Cotlar, LLP by e-mail and facsimile and upon all parties by electronically uploading the same to Lexis Nexis File & Serve. A copy of said Reply was also e-mailed to the Liaison Counsel, Phillip Wittman, Esquire.

_Staci Barra_
Staci Palmer Barra

January 30, 2006