FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -1  PM 3: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**REPLY BRIEF IN SUPPORT OF RENEWED MOTION OF MERCK & CO., INC. ("MERCK") FOR ORDER EXCLUDING TESTIMONY OF THOMAS BALDWIN, M.D.**

As Merck pointed out in its supplemental brief, nothing in Dr. Baldwin's current expert report or most recent deposition cures the deficiencies in his qualifications that the Court identified in December when it *twice* ruled that Dr Baldwin could not opine that taking Vioxx caused Mr. Irvin's death. (*See* Supplemental Brief In Support Of Motion Of Merck & Co., Inc. ("Merck") For Order Excluding Testimony Of Thomas Baldwin, M.D., filed Jan. 25, 2006 (Record Docket No. 2889).)

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

Plaintiff's opposition to Merck's renewed motion tacitly acknowledges that nothing has changed: plaintiff does not even attempt to assert that Dr. Baldwin has done further work that would somehow overcome his lack of qualifications. Instead, plaintiff's response is given over to an argument that in substance is the same as that made in her December motion for reconsideration of the Court's ruling from the bench. (*See* Plaintiff's Response To Merck & Co.'s Motion For Order To Exclude Testimony Of Thomas Baldwin, M.D. ("Opposition"), filed Jan. 30, 2006; Plaintiff's Motion To Reconsider Ruling In Regard To The Testimony Of Dr. Thomas Baldwin ("Motion For Reconsideration"), filed Dec. 2, 2005.). For example:

- In this Opposition, plaintiff points to the same credentials that she identified in last-month's Motion For Reconsideration to argue that Dr. Baldwin's experience as a cardiologist is sufficient for him to opine that the short-term use of Vioxx caused Mr. Irvin's death. (Opposition at 5-7; Motion for Reconsideration at 1-2.) The Court already expressly ruled to the contrary: "Dr. Baldwin lacks the skill, training, and education to testify as an expert regarding the role Vioxx played in Mr. Irvin's death . . . . As a cardiologist with no other skill, training, education, or experience with Vioxx or any Cox-2 inhibitor . . . , Dr. Baldwin is not qualified to testify regarding the specific role that Vioxx played in producing the clot." (Dec. 6, 2005 Order & Reasons at 6.) Nothing in Dr. Baldwin's knowledge, training or experience has changed in any material respect since the Court's December rulings, and plaintiff makes no attempt to contend otherwise.

- In this Opposition, as in last month's Motion For Reconsideration, plaintiff places primary reliance on *Pipitone v. Biometrix, Inc.*, 288 F.3d 239 (5th Cir. 2002).* In denying the Motion for Reconsideration, the Court has already determined that the *Pipitone* case and the other authorities relied on in the Motion For Reconsideration do not control the outcome here.

- In this Opposition, plaintiff posits that few cardiologists prescribed Vioxx and that few practicing physicians engaged in clinical trials. Putting aside the fact that there is no support for these assertions, the Court has already made it clear that its order was specific to Dr. Baldwin: "[T]he Court recognizes that not every cardiologist will be unable to testify as an expert witness with regard to the

---

* The only new case plaintiff relies on in the Opposition is *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661 (5th Cir. 1999). (Opposition at 3-5.) *Curtis* is inapposite to the Court's ruling that Dr. Baldwin is not qualified to opine on causation. The issue for determination in that case was not the expert's qualifications but instead whether the proffered testimony was reliable in light of the proof of the levels of benzene to which the plaintiffs had been exposed. *See* 174 F.3d at 668-71.

specific effect of Vioxx. The Court's order is limited to Dr. Baldwin . . . ." (Dec. 6, 2005 Order & Reasons at 7.)

Since it offers nothing new, plaintiff's Opposition amounts to no more than a *second* motion for reconsideration – one that is unauthorized and untimely. It does not demonstrate that there was any error in either of the Court's two prior rulings excluding Dr. Baldwin's testimony. In fact, it simply demonstrates once again that those rulings were correct. For the reasons set forth in this memorandum and in Merck's prior memoranda in support of its renewed motion to exclude Dr. Baldwin's testimony, the Court should exclude all testimony of Dr. Baldwin that relates to either general or specific causation.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:    213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Reply Brief In Support Of Renewed Motion Of Merck & Co., Inc for Order Excluding Testimony of Thomas Baldwin has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 1st day of February, 2006.

_____
Dorothy H. Wimberly