FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -2  PM 5: 04

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-4046* | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN PLUNKETT | * | |
| as Personal Representative of the Estate of | * | |
| RICHARD IRVIN, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**MERCK & CO., INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION
*IN LIMINE* TO EXCLUDE THE TESTIMONY OF MICHAEL ALAN GRAHAM, M.D.**

(MOTION *IN LIMINE* NO. 20)

I. **PLAINTIFF'S FAILURE TO DISCLOSE ITS TESTIFYING EXPERT'S PRIOR REPORT IS A SUFFICIENT GROUND FOR EXCLUSION.**

Plaintiff argues that Dr. Graham's prior report (generated in *Plunkett I*) need not be disclosed because (1) it was prepared by a consulting-only expert; and (2) it was merely a draft of the type that the parties have agreed need not be produced. Neither argument is supported by the law or the facts.

___ Fee____
___ Process____
X  Dktd____       798335v.1
___ CtRmDep____
___ Doc. No____

Even if Dr. Graham was only a consulting expert in *Plunkett* I, he is a testifying expert now, and the Federal Rules require plaintiff to produce his prior final report. Plaintiff tries to belittle the authority cited for this proposition in Merck's brief, an opinion of the district court in Kansas (*W. Res., Inc. v. Union Pac. R.R. Co.*, 2002 U.S. Dist. LEXIS 1911, at *26-33 (D. Kan. 2002). The proposition, however, is not at all controversial, and plaintiff offers no reasoned criticism of the Kansas district court's holding. Indeed, the holding follows directly from the simple language of Rule 26(b)(4)(B), which requires an "exceptional circumstances" showing only for experts "not expected to be called as a witness at trial." Once an expert (whatever his prior status may have been) is designated as a testifying expert, he or she obviously no longer qualifies under the unambiguous language of the Rule 26(b)(4)(B) exception, and the general expert disclosure requirements of Rule 26(a)(2) apply. There is no exception for documents prepared by testifying experts who at one time were consulting-only experts.

Moreover, it is not at all clear under the facts here that, even prior to Dr. Graham's formal designation as a testifying expert, the 26(b)(4)(B) exception for experts "not expected to be called as a witness" would have applied. After all, Dr. Graham testified that it is "always [his] understanding" that the lawyers hiring him expect him to testify. (Jan. 25, 2005 Deposition of Michael Alan Graham ("Graham Dep.") at 16:22-24, attached hereto as Ex. 1.)

In addition, there is no evidence that the report Dr. Graham prepared (and provided to counsel) in *Plunkett I* was merely a draft of his final report produced in *Plunkett II*, which is the type of draft the parties have agreed need not be produced. Indeed, there is really no evidence that Dr. Graham's report in *Plunkett I* was a draft of any kind. Dr. Graham certainly never described it as a draft in the deposition testimony that plaintiff cites. (*See* Plaintiff's Opposition to Merck & Co., Inc.'s Motion *in Limine* to Exclude the Testimony of Michael Alan Graham,

2

798335v.1

M.D. ("Pl.'s Opp.") at 5.) In fact, the procedure he followed in delivering his report to plaintiff's counsel in *Plunkett I* is the same procedure he followed in *Plunkett II*. Plaintiff makes much of the fact that Dr. Graham said the report was not "like [he] usually [does]." (*Id.*) It is clear, however, that Dr. Graham was referring merely to the formatting of the report, as he prepared it with numbered paragraphs rather than as a letter on his letterhead. (*Id.*) Dr. Graham did not say the report was a draft. Indeed, he provided the report to counsel, and there is no evidence of any further revision or vetting or any like activity that one would expect a mere draft to undergo.

Furthermore, if Dr. Graham was a consulting-only expert when he drafted the prior report, as plaintiff now contends, then his prior report could not have been created as a draft of the report he produced as a testifying expert. Also, by definition, the prior report could not have been a draft of his present report because he did not keep a copy of the prior report after his involvement in *Plunkett I* ended (*see id.*), which means necessarily that his present report cannot be a revised or updated version of it.

Finally, on this point, plaintiff appears to argue that it is Merck's burden to establish that Dr. Graham's prior report – which plaintiff has not produced – is inconsistent with his present opinions in order to satisfy the "exceptional circumstances" requirement of Rule 26(b)(4)(B). As discussed above, that requirement does not apply. In any event, it is absurd to expect a party to make a showing about the contents of a document that its opponent has refused to produce. Plaintiff's absurd argument just highlights why the defense should have been given the prior report as a condition under Rule 26 of Dr. Graham's testifying. That is, plaintiff's argument tacitly acknowledges that a change in opinions would be relevant, at least for impeachment purposes. Moreover, the flip side of the coin is that, if Dr. Graham's opinions did not change

between September and January, there could be no conceivable harm to plaintiff in producing the report.

## II. PLAINTIFF SHOULD NOT BE ALLOWED TO PRESENT AN EXPERT OPINION SUPPORTING AN ASSERTION THAT CLEARLY CONFLICTS WITH HER PRIOR SUCCESSFUL ASSERTION.

Plaintiff struggles mightily to reconcile Dr. Graham's opinion – that Mr. Irvin died as a result of a plaque rupture – with the factual bases on which Dr. Bloor formed a contrary opinion in support of plaintiff's position in *Plunkett* I. According to plaintiff, Dr. Bloor's opinion was based on the lack of a "diagnostic" indication of plaque rupture in certain slides, whereas Dr. Graham is basing his opinion of plaque rupture on indications of such rupture beyond those certain slides – which he agrees do not definitively show such rupture.

This is all completely beside the point and reflects a fundamental misunderstanding of the judicial estoppel doctrine. Plaintiff appears to think that the purpose of the judicial estoppel doctrine is to exclude conflicting evidence concerning the same side – and therefore if she can reconcile the evidence somehow there is "no harm, no foul" to be addressed by the doctrine. This is not at all what the judicial estoppel doctrine is concerned with, however. In fact, it is not uncommon for a litigant to present witnesses who disagree with each other on some points. Such conflicts are the routine fodder of argument and cross-examination.[1]

The judicial estoppel doctrine deals not with such routine conflicts of evidence, but with the positions parties take. What the judicial estoppel doctrine is designed to prevent is parties' playing fast and loose with the court by opportunistically changing their positions. *See, e.g., United States v. McCaskey*, 9 F.3d 368, 378 (5th cir. 19993) (the purpose of the judicial estoppel

---

[1] Indeed, a litigant is perfectly entitled to argue, for example, that one of his witnesses is credible on one point but not on another point, to which the jury should defer to other testimony (*e.g.*, witness A had a clear view of the stoplight but was in no position to judge the speed of the car). There is nothing necessarily untoward about such litigation conduct.

4

doctrine is to protect the integrity of the process by "prohibiting parties from deliberately changing positions according to the exigencies of the moment").

Here, whatever the limitations of the factual bases on which Dr. Bloor opined in *Plunkett I*, there is no question but that plaintiff took the unequivocal position in *Plunkett I* that Mr. Irvin did not die as the result of plaque rupture and that that is what Dr. Bloor opined. Plaintiff's attempts to convince the Court that she did not take that position are gross revisionist history, as shown by stark statements such as the following:

> Plaintiff's Closing Argument
>
> Dr. Bloor looked at the slides. There are three sets of slides here. What did he see? He saw a blood clot. He saw that clot next to where the plaque is and he said that could be consistent with a plaque rupture because you've got the blood clot right here by the plaque. But what he did in examining all these slides is he said "it's not diagnostic." Now what does that mean? "I wouldn't diagnose it as a rupture." He looked at all of the slides, and in his report – remember that short report that Mr. Beck keeps talking about where it's only three paragraphs of verbiage in there? **He wrote under oath in that report: "There is no rupture. No rupture."**

(Dec. 8, 2005 Tr. at 2015:23-2016:9, attached hereto as Ex. 2.)

> Dr. Bloor's Deposition (taken 5 days before the trial)
>
> Q: Do you believe Mr. Irvin suffered plaque rupture to a reasonable medical probability?
> A: No.
> Q: It's your opinion that Mr. Irvin did not suffer plaque rupture?
> A: Based on the materials that I have seen that is where I stand.

(Nov. 29, 2005 Deposition of Colin M. Bloor, M.D. ("Bloor Dep.") at 168:13-19, attached hereto as Ex. 3.)

This excerpt just adds to the many examples already seen by the Court in other briefs filed this week of plaintiff's experts' opining in support of plaintiff's unequivocal position that Mr. Irvin did not suffer a plaque rupture (not just Dr. Bloor, but also Dr. Lucchesi).

5

798335v.1

In the final analysis, nothing in plaintiff's Opposition explains how her unequivocal prior position that a rupture did not cause Mr. Irvin's death can be reconciled with her present position that a rupture did cause Mr. Irvin's death. Since the positions are irreconcilable, the doctrine of judicial estoppel should be applied to bar the later position – which means that Dr. Graham's opinion supporting that position should be excluded. Otherwise, plaintiff would get away with exactly the kind of opportunistic flip-flopping that the judicial estoppel doctrine exists to preclude.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax: 312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

And

798335v.1

John H. Beisner  
Charles C. Lifland  
Richard B. Goetz  
O'MELVENY & MYERS LLP  
400 South Hope Street  
Los Angeles, CA 90071  
Phone: 213-430-6000  
Fax:    213-430-6407  

Attorneys for Merck & Co., Inc.

798335v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Merck & Co., Inc.'s Reply Brief in Support of its Motion *in Limine* to Exclude the Testimony of Michael Alan Graham, M.D. (Motion *in Limine* No. 20) has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 2nd day of February, 2006.

*/s/ Dorothy H. Wimberly*

798335v.1

**EXHIBIT 1 - Graham Deposition Excerpts**

[1:1] - [1:18]     1/25/2006   Graham, Michael

```
page 1
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
 2
 3
     In Re:  VIOXX                      )
 4                                      ) MDL Docket No. 1657
     PRODUCTS LIABILITY LITIGATION      )
 5                                      ) SECTION L
     EVELYN IRVIN PLUNKETT, as          )
 6   Personal Representative of the     ) JUDGE FALLON
     Estate of RICHARD IRVIN, JR.,      )
 7                                      ) MAGISTRATE JUDGE
              Plaintiff,                ) KNOWLES
 8                                      )
              vs.                       ) CASE NO. 2:05CV4046
 9                                      )
     MERCK & CO., INC.,                 )
10                                      )
              Defendant.                )
11
12
13
14          DEPOSITION OF MICHAEL A. GRAHAM, M.D.
15             TAKEN ON BEHALF OF THE DEFENDANT
16                    JANUARY 25, 2006
17
18
```

[16:22] - [16:24]     1/25/2006   Graham, Michael

```
page 16
22       Q.   Did you have an understanding that this
23   time they wanted you to testify at trial?
24       A.   I mean, that's always my understanding.
```

[195:1] - [195:25]     1/25/2006   Graham, Michael

```
page 195
 1              CERTIFICATE OF REPORTER
 2   STATE OF MISSOURI  )
                        ) ss.
 3   CITY OF ST. LOUIS  )
 4           I, William L. DeVries, a Certified Court
 5   Reporter (MO), Certified Shorthand Reporter (IL),
 6   Registered Diplomate Reporter, Certified Realtime
 7   Reporter, and a Notary Public within and for the State
 8   of Missouri, do hereby certify that the witness whose
 9   testimony appears in the foregoing deposition was duly
10   sworn by me; that the testimony of said witness was
11   taken by me to the best of my ability and thereafter
12   reduced to typewriting under my direction; that I am
13   neither counsel for, related to, nor employed by any
14   of the parties to the action in which this deposition
15   was taken, and further that I am not a relative or
16   employee of any attorney or counsel employed by the
17   parties thereto, nor financially or otherwise
18   interested in the outcome of the action.
19
20           _____
21              Notary Public within and for
22              The State of Missouri
23
24
```

**EXHIBIT 1 - Graham Deposition Excerpts**

25  **My commission expires May 30, 2006.**

**EXHIBIT 2 - Trial Excerpts**

[1929:] - [1929:25]     12/8/2005   Irvin Plunkett Trial - Jury Charge, Closings

```
page 1929
    1929
 1                          UNITED STATES DISTRICT COURT
 2                          EASTERN DISTRICT OF LOUISIANA
 3
 4
 5       IN RE: VIOXX PRODUCTS            *
         LIABILITY LITIGATION             *   MDL DOCKET NO. 1657
 6                                        *
                                          *
 7       THIS DOCUMENT RELATES TO         *   HOUSTON, TEXAS
         CASE NO. 05-4046:                *
 8                                        *
         EVELYN IRVIN PLUNKETT, ET AL     *   DECEMBER 8, 2005
 9                                        *
         VERSUS                           *
10                                        *   8:30 A.M.
         MERCK & CO., INC.                *
11       * * * * * * * * * * * * * * *
12
13                              VOLUME IX
                          JURY TRIAL BEFORE THE
14                     HONORABLE ELDON E. FALLON
                       UNITED STATES DISTRICT JUDGE
15
16
         APPEARANCES:
17
18       FOR THE PLAINTIFF:            BEASLEY ALLEN CROW METHVIN
                                           PORTIS & MILES
19                                     BY:  JERE LOCKE BEASLEY, ESQ.
                                            ANDY D. BIRCHFIELD, JR., ESQ.
20                                          LEIGH O'DELL, ESQ.
                                            J. PAUL SIZEMORE, ESQ.
21                                          FRANK WOODSON, ESQ.
                                       234 COMMERCE STREET
22                                     POST OFFICE BOX 4160
                                       MONTGOMERY, ALABAMA 36103
23
24       FOR THE PLAINTIFF:            ROBINSON, CALCAGNIE & ROBINSON
                                       BY:  MARK P. ROBINSON, JR., ESQ.
25                                     620 NEWPORT CENTER DRIVE
                                       NEWPORT BEACH, CALIFORNIA 92660
```

[2015:23] - [2016:9]     12/8/2005   Irvin Plunkett Trial - Jury Charge, Closings

```
page 2015
23                       DR. BLOOR LOOKED AT THE SLIDES.  THERE ARE THREE
24       SETS OF SLIDES HERE.  WHAT DID HE SEE?  HE SAW A BLOOD CLOT.
25       HE SAW THAT CLOT NEXT TO WHERE THE PLAQUE IS AND HE SAID THAT
page 2016
 1       COULD BE CONSISTENT WITH A PLAQUE RUPTURE BECAUSE YOU'VE GOT
 2       THE BLOOD CLOT RIGHT HERE BY THE PLAQUE.  BUT WHAT HE DID IN
 3       EXAMINING ALL THESE SLIDES IS HE SAID, "IT'S NOT DIAGNOSTIC."
 4       NOW, WHAT DOES THAT MEAN?  "I WOULDN'T DIAGNOSE IT AS A
 5       RUPTURE."  HE LOOKED AT ALL OF THE SLIDES, AND IN HIS REPORT --
 6       REMEMBER THAT SHORT REPORT THAT MR. BECK KEEPS TALKING ABOUT
 7       WHERE IT'S ONLY THREE PARAGRAPHS OF VERBIAGE IN THERE?  HE
 8       WROTE UNDER OATH IN THAT REPORT:  "THERE IS NO RUPTURE.  NO
 9       RUPTURE."
```



EXHIBIT 2
Blumberg No. 5119

**EXHIBIT 3 - Bloor Deposition Excerpts**

[141:1] - [141:25]   11/29/2005  Bloor, Colin v.2 (Irvin-Plunkett Pltf. Expert)

```
page 141
 1                  UNITED STATES DISTRICT COURT
 2                  EASTERN DISTRICT OF LOUISIANA
 3
 4      In Re:   VIOXX,             ) MDL DOCKET NO. 1657
                                    )
 5      PRODUCTS LIABILITY LITIGATION ) SECTION L
                                    )
 6      This Document relates to:   ) JUDGE FALLON
                                    )
 7      Evelyn Irvin Plunkett       ) MAGISTRATE JUDGE
                                    ) KNOWLES
 8      v.                          )
                                    )
 9      Merck & Co., Inc.           ) Case No. 2:05CV4046
                                    )
10
11
12
13
14
15                       DEPOSITION OF:
16                      COLIN M. BLOOR, M.D.
17                          VOLUME II
18                 WEDNESDAY, NOVEMBER 23, 2005
19
20
21
22   Reported by:   Sally D. Phelps
                    CSR 3485
23
24
25
```

[168:13] - [168:19]   11/29/2005  Bloor, Colin v.2 (Irvin-Plunkett Pltf. Expert)

```
page 168
13      Q.  Do you believe Mr. Irvin suffered plaque rupture
14  to a reasonable medical probability?
15      A.  No.
16      Q.  It's your opinion that Mr. Irvin did not suffer
17  plaque rupture?
18      A.  Based on the materials that I have seen that is
19  where I stand.
```

2/2/2006  11:01 AM



EXHIBIT 3  (Blumberg No. 5119)

1