UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This document relates to<br>Case No. 05-4046 | MAGISTRATE JUDGE KNOWLES |
| EVELYN IRVIN,<br>as Personal Representative of the Estate of<br>RICHARD IRVIN, JR., | |
| Plaintiff, | |
| vs. | |
| MERCK & CO., INC., | |
| Defendant. | |

* * * * * * * * * * * * * * * * * *

### MERCK & CO., INC'S OBJECTIONS TO PLAINTIFF'S DEPOSITION TESTIMONY EXHIBIT LIST

Defendant Merck & Co., Inc., through undersigned counsel, hereby submits its objections to plaintiff's deposition testimony exhibit list.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
Defendants' Liaison Counsel

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No ____

798381v.1

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60601
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: 202-434-5000
Fax:    202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:    213-430-6407

Attorneys for Merck & Co., Inc.

798381v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Merck & Co., Inc.'s Objections to Plaintiff's Deposition Testimony Exhibit List has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 2nd day of February, 2006.

*[signature: Dorothy H. Wimberly]*

798381v.1

## Deposition Testimony: Exhibit List

| Exhibit No | Begin Bates | End Bates | Doc Date | Description | Witness | Defendant's Objections |
|---|---|---|---|---|---|---|
| 1.0001 | MRK-ACT0018064 | MRK-ACT0018064 | 2/8/2001 | Email from Harry A. Guess to Douglas J. Watson Re: Advisory Committee Meeting | Scolnick | 403: Takes statement out of context, and thereby confuses the jury and unnecessarily lengthens the presentation of the evidence as Merck is required to respond. Any probative value substantially outweighed by the risk of unfair prejudice. |
| 1.0002 | MRK-ABW0004799 | MRK-ABW0004799 | 10/18/2001 | Email from Edward Scolnick to David Anstice Re: Reactions to Revised Label | Dixon/Scolnick | 401, 402, 403: FDA's draft response to Merck's proposed label change occurred five months after Irvin's death. Any alleged action or inaction by Merck in response to FDA's post-death label proposal is irrelevant, confuses the jury and unnecessarily lengthens the presentation of the evidence as Merck is required to respond.  MIL #5. |
| 1.0006 | MRK-ABA0003277 | MRK-ABA0003284 | 9/17/2001 | Warning letter from Thomas Abrams to Raymond Gilmartin | Jerman | 401, 402, 403, 602, 801, 802: Letter dated 4 months after Irvin's death concerning events dated after Irvin's death. No evidence that anyone in this case was exposed to the information at issue in the letter.  Confuses the jury and unnecessarily lengthens the presentation of evidence as Merck is required to respond.  Any probative value substantially outweighed by the risk of unfair prejudice.  Witness did not see the document at the time.  Letter contains hearsay statements by non-Merck individuals. MIL #4. |
| 1.0008 | MRK-AAR0019055 | MRK-AAR0019060 | | CV Card | Carroll | 401, 402, 403: No evidence that anyone in this case, including Dr. Schirmer, ever saw CV Card.  Confuses the jury and unnecessarily lengthens the presentation of evidence as Merck is required to respond.  Any probative value substantially outweighed by the risk of unfair prejudice. MIL #1. |
| 1.0009 | MRK-AAO0000073 | MRK-AAO0000126 | 9/1/2000 | 2001 Profit Plan for Vioxx | Carroll/Dixon | 401, 402, 403, 602: Sales data is irrelevant and unfairly prejudicial, particularly in compensatory phase.  Further, sales data outside of Florida is not admissible under State Farm.  Witness lacks personal knowledge of document. MIL #2. |
| 1.0010 | MRK-ABH0014114 | MRK-ABH0014118 | 6/1/1998 | Email from Edward Scolnick to Errol McKinney Re: Celebrax submission within 2 months - Schroders | Scolnick | 401, 402, 403, 801, 802: References to unrelated medications irrelevant; any probative value substantially outweighed by risk of unfair prejudice.  Attached Analyst's Reports are hearsay.  MIL #2. |
| 1.0011 | MRK-ABS0194661 | MRK-ABS0194664 | 10/20/1998 | E-mail from Scolnick: Message | Scolnick | 401, 402, 403, 801, 802: Financial data is irrelevant to issues in case; Analyst's Report is hearsay.  MIL #2. |

Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.0013 | MRK-AFI0201416 | MRK-AFI0201442 | 7/23/1999 | List of physicians to neutralize | Baumgartner | 401, 402, 403: No evidence that any of the physicians referenced in document ever had any contact with anyone in this case, including Dr. Schirmer. Confuses the jury and unnecessarily lengthens the presentation of evidence as Merck is required to respond. Any probative value substantially outweighed by the risk of unfair prejudice. |
| 1.0017 | MRK-NJ0070364 | MRK-NJ0070397 | 10/18/2000 | Vioxx Preliminary Cardiovascular Meta-Analysis Slide Set by Deborah Shapiro | Scolnick | 602: Witness lacks personal knowledge. |
| 1.0020 | MRK-NJ0000862 | MRK-NJ0000869 | 9/12/1996 | Memo from Terri Randall to Vioxx Project Team Members Re: Project team minutes of 9-4-96 | Scolnick | 602, 801, 802: Witness lacks personal knowledge. Unidentified handwriting is hearsay. |
| 1.0021 | MRK-01420099060 | MRK-01420099061 | 4/11/2001 | FDA-MRL Meeting NDA 21-042/S-007: VIGOR Re: Protocol 069 Minutes | Scolnick | 801, 802: FDA comments are hearsay. MIL #5. |
| 1.0060 | MRK-AAR0073258 | MRK-AAR0073258 | | VID:Be the Power 2S01 | Dunn | 401, 402, 403: No evidence that anyone in this case, including Dr. Schirmer, was ever exposed to marketing materials. Confuses the jury and unnecessarily lengthens the presentation of evidence as Merck is required to respond. Any probative value substantially outweighed by the danger of unfair prejudice. MIL #1. |
| 1.0061 | MRK-AAR0007240 | MRK-AAR0007248 | 5/23/2001 | Bulletin for Vioxx Action Required: Response to New York Times Article | Scolnick | 401, 402, 403, 602: Document and press release dated after Irvin's death. No evidence that anyone in case, including Dr. Schirmer, ever saw press release or met with any Merck sales rep re: Vioxx. Confuses the jury and unnecessarily lengthens the presentation of evidence as Merck is required to respond. Any probative value substantially outweighed by the danger of unfair prejudice. Witness lacks personal knowledge. MIL #1. |
| 1.0062 | MRK-AAR0007383 | MRK-AAR0007384 | 4/28/2000 | Bulletin for Vioxx: New Resource: Cardiovascular Card | Scolnick | 401, 402, 403, 602: No evidence that anyone in case, including Dr. Schirmer, ever saw CV Card or met with any Merck sales rep re: Vioxx. Confuses the jury and unnecessarily lengthens the presentation of evidence as Merck is required to respond. Any probative value substantially outweighed by the danger of unfair prejudice. Witness lacks personal knowledge. MIL #1. |
| 1.0079 | MRK-AAX0000752 | MRK-AAX0000776 | 4/8/2001 | Memo from G. Block and S. Reines to Edward Scolnick Re: MK-966 AD Progression Trials (Protocol 091) Imabalance in the Number of Deaths | Scolnick | 401, 402, 403, 602: All-cause mortality analysis from Alzheimer's trials is irrelevant to this case. Data has potential to confuse the jury as it relates to causes of death having nothing to do with Irivn. Further, unnecessarily lengthens the evidence as Merck must respond to the irrelevant data. Witness lacks personal knowledge. MIL # 7. |

Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.0095 | MRK-ABA0003490 | MRK-ABA0003490 | 2/4/2002 | Letter from Carlos Patrono to Dr. Braunwald Re: VALOR-TIMI 30 protocol | Scolnick | 401, 402, 403, 602, 801, 802: Document post-dates Irvin's death. Any probative value substantially outweighed by risk of unfair prejudice. Witness lacks personal knowledge. Entire letter is hearsay. MIL #9. |
| 1.0122 | MRK-ABC0048699 | MRK-ABC0048706 | 10/10/1996 | Research Management Committee No. 96-10 -- Blue Bell | Scolnick | 602: Witness lacks personal knowledge. |
| 1.0125 | MRK-ABG 0001226 | MRK-ABG 0001243 | 4/11/2002 | VIOXX Label Change Questions and Answers | Jerman | 401, 402, 403: Document post-dates Irvin's death by a year and concerns a label that post-dates Irvin's death by a year. No evidence that anyone in this case, including Dr. Schirmer, was exposed to contents of document or discussed Vioxx with any Merck representative. Confuses the jury and unnecessarily lengthens the presentation of evidence as Merck is required to respond. MIL #1; MIL #5. |
| 1.0132 | MRK-ABH0016219 | MRK-ABH0016219 | 3/9/2000 | Email from Edward Scolnick to Deborah Shapiro et al; Subject: vigor | Scolnick | 401, 402, 403: Concerns preliminary analysis of data which was subsequently revised after further and more comprehensive review. Any probative value substantially outweighed by danger of unfair prejudice. References to unrelated medications irrelevant. |
| 1.0133 | MRK-ABH0017386 | MRK-ABH0017386 | 3/13/2000 | Email from Alise Reicin to Edward Scolnick Re: An Article Stating the Potential Cardioprotective Effects of an NSAID. | Scolnick | NO OBJECTION |
| 1.0140 | MRK-ABI0001556 | MRK-ABI0001556 | 2/23/1998 | Memo from David Anstice to J. Carroll, et al. Re: Pfizer and the promotion of Celebrex | Carroll | 401, 402, 403: Marketing references irrelevant because no evidence that anyone in this case, including Dr. Schirmer, was exposed to any Vioxx marketing materials. Confuses the jury; any probative value substantially outweighed by the risk of unfair prejudice. MIL #2. |
| 1.0145 | MRK-ABI0002126 | MRK-ABI0002128 | 5/8/2000 | Email from Dixon to Edward Scolnick Re: Renal and CV Issues for Vioxx | Scolnick | 401, 402, 403, 801, 802: Document discusses irrelevant medical conditions that Irvin did not have. Marketing strategies and materials irrelevant because no evidence that anyone in this case, including Dr. Schirmer, was exposed to any Vioxx marketing materials. Comments attributed to Pfizer are hearsay. MIL #1; MIL #7. |
| 1.0152 | MRK-ABI0003228 | MRK-ABI0003230 | 5/22/2001 | Press Release - Merck confirms favorable CV safety profile of Vioxx | Dixon | 401, 402, 403, 602: Press release dated after Irvin's death. No evidence that anyone in case, including Dr. Schirmer, ever saw press release. Confuses the jury and unnecessarily lengthens the presentation of evidence as Merck is required to respond. Any probative value substantially outweighed by risk of unfair prejudice. Witness lacks personal knowledge. |
| 1.0154 | MRK-ABI0003291 | MRK-ABI0003293 | 12/16/1999 | Letter from Spencer Salis to Ellen R. Westrick Re: Homemade Promotional Pieces | Anstice | 401, 402, 403: concerns homemade promotional pieces that have no relevance to the facts of this case. Dr. Schirmer had no exposure to marketing. Letter is overly prejudicial given the lack of any probative value whatsoever. MIL # 1, 4. |

## Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.0155 | MRK-ABI0004488 | MRK-ABI0004499 | 5/24/1999 | VIOXX Launch Meeting - Remarks of Anstice - Remarks to Representatives | Anstice | 401, 402, 403: Anstice's remarks at launch meeting are irrelevant and prejudicial -- they concern plans for marketing Vioxx, and Merck's marketing efforts did not reach Dr. Schirmer. |
| 1.0158 | MRK-ABI0005912 | MRK-ABI0005915 | 12/6/2001 | Email from David W. Anstice to Edward M. Scolnick Re: FW: Analyst Report on VIOXX | Scolnick | 401, 402, 403, 801, 802: Document post-dates Irvin's death by 7 months. Unnecessarily lengthens the presentation of evidence as Merck is required to respond. Any probative value substantially outweighed by risk of unfair prejudice. Analyst's Report is hearsay. |
| 1.0166 | MRK-ABI0011027 | MRK-ABI0011081 | 7/15/2002 | Long Range Operating Plan: 2002-2007 for Vioxx & Arcoxia | Jerman | 401, 402, 403: Docment post-dates Irvin's death by 14 months. Sales data is irrelevant and unfairly prejudicial, particularly in compensatory phase. Further, sales data outside of Florida is not admissible under State Farm. Arcoxia informatoin irrelevant. MIL #2. |
| 1.0176 | MRK-ABO0000250 | MRK-ABO0000253 | 1/9/2001 | Letter from James Fries to Raymond Gilmartin Re: Dr. Sherwood's Complaints about Dr. Gurkipal Singh | Baumgartner | 401, 402, 403, 602, 801, 802: No evidence that anyone in this case, including Dr. Schirmer, had any contact with any of the physicians discussed in letter, or any contact with any Merck representatives re: Vioxx. Confuses the jury and unnecessarily lengthens the presentation of evidence as Merck is required to respond. Any probative value substantially outweighed by risk of unfair prejudice. Witness lacks personal knowledge. Entire letter is hearsay. MIL #3. |
| 1.0177 | MRK-ABO0000257 | MRK-ABO0000263 | 3/27/2001 | Memo from Tracy Mills & Susan Baumgartner to Wendy Dixon, et al. Re: Scientific Communication Plan for VIOXX | Baumgartner | 401, 402, 403, Incomplete: No evidence that anyone in this case, including Dr. Schirmer, was ever exposed to any Vioxx marketing materials or messages. Confuses the jury and unnecessarily lengthens the evidence as Merck is required to respond. Any probative value substantially outweighed by the risk of unfair prejudice. Document missing Attachment 4. MIL #1. |
| 1.0192 | MRK-ABP0016650 | MRK-ABP0016677 | | Vioxx AD Program Slide Set | Scolnick | 401, 402, 403, 602: Information relating to unrelated causes of death, unrelated adverse events, and efficacy re: Alzheimer's disease unrelated. Confuses the jury and unnecessarily lengthens the evidence as Merck is required to respond. Any probative value substantially outweighed by risk of unfair prejudice. Witness lacks personal knowledge. MIL #7. |
| 1.0226 | MRK-ABW0005623 | MRK-ABW0005623 | 9/17/2001 | Email from Steven A. Nichtberger to Wendy L. Dixon Re: Conducting a CV Study | Dixon | 401, 402, 403: Document post-dates Irvin's death by 4 months. Any probative value substantially outweighed by risk of unfair prejudice. MIL #9. |

## Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.0229 | MRK-ABW0011956 | MRK-ABW0011957 | 10/1/2001 | Email from Wendy Dixon to David Anstice Re: CV Outcomes Trial Press Release | Dixon | 401, 402, 403: Document post-dates Irvin's death by several months. No evidence that anyone in this case, including Dr. Schirmer, ever saw any press releases related to this issue. Any probative value substantially outweighed by risk of unfair prejudice. MIL #9. |
| 1.0234 | MRK-ABX0002309 | MRK-ABX0002332 | | Original Label Submission For VIGOR | Scolnick | NO OBJECTION |
| 1.0235 | MRK-ABX0002367 | MRK-ABX0002404 | 2/1/2001 | Memo from Shari L. Targum to Sandra Cook, et al. Re: Consultation NDA 21-042, S-007 Review of Cardiovascular Safety Database | Carroll | 602: Witness lacks personal knowledge. |
| 1.0298 | MRK-ACR0008985 | MRK-ACR0008985 | 1/31/2001 | Email from Edward Scolnick to Raymond Gilmartin, et al. Re: Monday MC | Scolnick | 401, 402, 403: References to Fries letter irrelevant because no evidence Dr. Schirmer ever interacted with any Merck representative re: Vioxx or any of the physicians discussed in the Fries letter. Any probative value substantially outweighed by risk of unfair prejudice. MIL #3. |
| 1.0304 | MRK-ACR0009295 | MRK-ACR0009296 | 11/26/2001 | E. Scolnick email to D. Greene re: ASA use predicted PUB rate | Scolnick | 401, 402, 403: Document post-dates Irvin's death by 6 months, and discusses study results that post-date Irvin's death. No evidence that anyone in this case, including Dr. Schirmer, ever saw any press releases re: planned CV outcomes study. Confuses the jury and unnecessarily lengthens the evidence as Merck is required to respond. Any probative value substantially outweighed by risk of unfair prejudice. MIL #1; MIL #9. |
| 1.0305 | MRK-ACR0009297 | MRK-ACR0009297 | 2/25/2002 | Email from Edward Scolnick to Bonnie J. Coldmann Re: VIOXX Label | Scolnick | 401, 402, 403: Document post-dates Irvin's death by 9 months, and concerns a label that post-date Irvin's death. Any probative value substantially outweighed by risk of unfair prejudice. MIL #5. |
| 1.0309 | MRK-ACR0014502 | MRK-ACR0014503 | 3/22/2001 | Email from Edward Scolnick to Douglas Greene Re: Vioxx AD Safety Data - Imablance in the number of deaths. | Scolnick | 401, 402, 403, Incomplete: All-cause mortality data from Alzheimer's trials is irrelevant to this case. Data has potential to confuse the jury as it relates to causes of death having nothing to do with Irivn. Further, unnecessarily lengthens the evidence as Merck must respond to the irrelevant data. Missing attachment. MIL # 7. |
| 1.0329 | MRK-ACX0005129 | MRK-ACX0005132 | 10/4/2000 | Memo from Susan Baumgartner to Lou Sherwood Re Interactions with Gurkipal Singh | Baumgartner | 401, 402, 403, 801, 802: Document contains references to unrelated medical conditions, such as hypertension and edema. Document concerns Vioxx presentations that Dr. Schirmer did not attend. Document contains numerous hearsay statements by non-Merck persons. MIL #1; MIL #3; MIL #7. |

## Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.0362 | MRK-ADL0082197 | MRK-ADL0082197 | 6/20/2000 | Email from Martino Laurenzi to Brian Daniels, et al. Re: Patrono - Eular | Baumgartner | 403, 602, 801, 802: No evidence that anyone in this case, including Dr. Schirmer, attended the presentation at issue or was exposed to any Vioxx marketing or promotional pieces regarding VIGOR results. Any probative value substantially outweighed by risk of unfair prejudice. Witness lacks personal knowledge. Statements attributed to Patrono are hearsay. MIL #1. |
| 1.0364 | MRK-ADO0040848 | MRK-ADO0040848 | 4/12/2001 | Email from Thomas Cannell to Jim Dunn Re: Whelton Q&A | Baumgartner | 401, 402, 403, 602, Incomplete: Document concerns unrelated medical conditions (hypertension and edema). No evidence that anyone in this case, including Dr. Schirmer, ever interacted with any Merck representative re: Vioxx generally or the Whelton paper specifically. Confuses the jury; any probative value substantially outweighed by risk of unfair prejudice. Witness lacks personal knowledge. MIL #1; MIL #7. |
| 1.0400 | MRK-AFI0000001 | MRK-AFI0000197 | 2/7/2001 | Baumgartner Diary: 01/01/2001 to 09/27/2001 | Baumgartner | 401, 402, 403, 801, 802: Portions of diary post-date Irvin's death by several months; contains references to unrelated medical conditions, such as hypertension and edema; contains to references to marketing activities to which no one in this case was ever exposed; any probative value substantially outweighed by risk of unfair prejudice; contains multiple hearsay statements by non-Merck persons. MIL #1; MIL #7. |
| 1.0401 | MRK-AFI0010255 | MRK-AFI0010255 | 1/31/2001 | National Thought Leader Summary VIGOR Study | Baumgartner | 602, 801, 802: Witness lacks personal knowledge; entire document contains hearsay statements by non-Merck persons. |
| 1.0408 | MRK-AFI0044662 | MRK-AFI0044665 | 7/26/1999 | Email from Bruce Freundlich to Susan Baumgartner RE Physicians to neutralize | Baumgartner | 401, 402, 403: Document has nothing to do with Dr. Schirmer, and no evidence Dr. Schirmer ever interacted with any of the referenced physicians; confuses the jury and unnecessarily lengthens the evidence as Merck is required to respond; any probative value substantially outweighed by risk of unfair prejudice. |
| 1.0413 | MRK-AFI0136524 | MRK-AFI0136524 | 8/22/2001 | Email from Linda Coppola to Russell Kosiorek Re: CV Card (1 year) Revalidation for use in Promotion | Scolnick | 401, 402, 403, 602: Document post-dates Irvin's death by several months. Document concerns CV Card, and there is no evidence that anyone in this case, including Dr. Schirmer, ever saw the CV Card. Confuses the jury, and necessarily lengthens the evidence as Merck is required to respond. Any probative value is substantially outweighed by risk of unfair prejudice. Witness lacks personal knowledge. MIL #1. |

## Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.0415 | MRK-AFI0182292 | MRK-AFI0182293 | 7/1/1999 | Memo from Susan Baumgartner to Charlotte McKines, et al. Re: Advocate Development Opportunity: Physicians to Neutralize | Baumgartner | 401, 402, 403: Document has nothing to do with Dr. Schirmer, and no evidence Dr. Schirmer ever interacted with any of the referenced physicians; confuses the jury and unnecessarily lengthens the evidence as Merck is required to respond; any probative value substantially outweighed by risk of unfair prejudice. |
| 1.0516 | MRK-NJ0189508 | MRK-NJ0189509 | 3/28/2000 | Email from Alan Nies to Barry Gertz R: Patrono on VIGOR | Baumgartner | 602, 801, 802: Witness lacks personal knowledge; statements attributed to Patrono are hearsay. |
| 1.0531 | MRK-NJ0267715 | MRK-NJ0267777 | 1/8/2001 | Letter from Robert Silverman to Jonca Bull Attaching IND 46,894: VIOXX (rofecoxib) | Scolnick | NO OBJECTION |
| 1.0541 | MRK-NJ0320174 | MRK-NJ0320177 | 5/25/2000 | Email from Margie McGlynn to Alise Reicin | Weiner | 401, 402, 403, 602, 801, 802: Document concerns results of marketing activities, none of which Irvin or Dr. Schirmer ever saw; any probative value substantially outweighed by risk of unfair prejudice; witness lacks personal knowledge; Analyst's Reports are hearsay. MIL #1. |
| 1.0542 | MRK-NJ0333225 | MRK-NJ0333235 | 3/21/2001 | Memo Re: Mk-0966 AD Progression Trail (Protocol #091) Imbalance in the Number of Deaths | Scolnick | 401, 402, 403: All-cause mortality data from Alzheimer's trials is irrelevant to this case. Data has potential to confuse the jury as it relates to causes of death having nothing to do with Irvin. Further, unnecessarily lengthens the evidence as Merck must respond to the irrelevant data. MIL # 7. |
| 1.0581 | MRK-PRL0000114 | MRK-PRL0000115 | 3/27/2000 | Press Release - Merck Informs Investigators of Preliminary Results of Gastrointestinal Outcones Study with Vioxx | Scolnick | NO OBJECTION |
| 1.0583 | MRK-PRL0000122 | MRK-PRL0000123 | 4/28/2000 | Merck News Release "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" | Jerman | 401, 402, 403: No evidence that Irvin or Dr. Schirmer ever saw this press release; any probative value substantially outweighed by risk of unfair prejudice. MIL #1. |
| 1.0583 | MRK-PRL0000122 | MRK-PRL0000123 | 4/28/2000 | Merck News Release "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" | Weiner | 401, 402, 403, 602: No evidence that Irvin or Dr. Schirmer ever saw this press release; any probative value substantially outweighed by risk of unfair prejudice. Witness lacks personal knowledge. MIL #1. |
| 1.0667 | | | 4/14/1999 | Wall Street Journal article "Drugs: Merck's Health Hinges on Sales of Arthritis Pill" by R Langreth | Carroll | 403, 602, 801, 802: Any probative value substantially outweighed by risk of unfair prejudice; witness lacks personal knowledge; newspaper articles are inadmissible hearsay, and article contains hearsay statements by non-Merck persons. MIL #2. |
| 1.0966 | MRK-ABW0005449 | MRK-ABW0005475 | | Profit Plan 2002-Merck A&A Franchise | Jerman | 401, 402, 403, 602: Document concerns the year 2002, after Irvin's death; document concerns marketing strategies, but neither Irvin nor Dr. Schirmer were ever exposed to Vioxx marketing materials. Sales data is irrelevant and unfairly prejudicial, particularly in compensatory phase. Further, sales data outside of Florida is not admissible under *State Farm*. MIL #1; MIL |

## Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.1004 | MRK-ABL0000609 | MRK-ABL0000654 | 6/21/1999 | VIOXX® INTERIM STAGE REVIEW | Carroll | 401, 402, 403: plaintiff uses this document to argue that Merck was trying to keep patients from splitting pills, a topic that has no relevance to the facts of this case, is prejudicial, and is inappropriate at the liability phase of trial. |
| 1.1005 | MRK-ABL0000688 | MRK-ABL0000690 | 7/15/1999 | Minutes of 6/25/99 HHPAC meeting | Scolnick | 401, 402, 403, 602: document is not relevant to this case -- concerns pill-splitting, which has nothing to do with Mr. Irvin's use of Vioxx. Document is prejudicial because it is used to show that Merck is driven by profit -- a topic that is improper at liability stage. Witness has no personal knowledge of document. |
| 1.1014 | MRK-ABL0000938 | MRK-ABL0000941 | 6/6/2000 | Memorandum from R.T. Bissett re: Meeting Minutes-5/17/2000 HH PAC Meeting | Jerman | 401, 402, 403, 602: document is not relevant to liability because it post-dates Mr. Irvin's death. Witness has no personal knowledge of document. |
| 1.1084 | MRK-ABW0000581 | MRK-ABW0000607 | 2/8/2001 | FDA Advisory Committee Briefing Document | Carroll | NO OBJECTION |
| 1.1097 | MRK-ABI0011772 | MRK-ABI0011787 | 9/29/2004 | Questions and Answers: VIOXX Voluntary Market Withdrawal | Scolnick | 401, 402, 403, 602: document is not relevant to liability in this case, as it was created several years after Mr. Irvin's death. Witness has no personal knowledge of document and was not at Merck at time the document was created. |
| 1.1098 | MRK-AFJ0001537 | | 11/8/2001 | Email from Edward Scolnick to Douglas Greene regarding History Lesson | Scolnick | 401, 402, 403: document is irrelevant to liability -- written several months after Mr. Irvin's death -- and is prejudicial. |
| 1.1100 | MRK-ABT0014818 | MRK-ABT0014827 | | VIOXX Outcomes Study Potential Designs | Scolnick | 602: witness has no personal knowledge of document |
| 1.1101 | MRK-AAZ0001608 | MRK-AAZ0001609 | 5/8/2001 | Email from Edward Scolnick to Douglas Greene regarding History Lesson | Scolnick | NO OBJECTION |
| 1.1103 | MRK-AAR0033237 | MRK-AAR0033243 | | In Response to Your Questions: Cardiovascular System - Clinical Profile in Osteoarthritis Studies | Scolnick | 401, 402, 403, 602: document used by sales representatives has no relevance to this case, as Dr. Schirmer testified he did not meet with any sales reps about Vioxx. Witness has no personal knowledge of document |
| 1.1106 | MRK-ABH0017814 | | 3/28/2000 | Reicin email to Nies and Gertz, re: Carlo Patrono on VIGOR | Scolnick | 801, 802: contains hearsay statements. |
| 1.1141 | MRK-NJ0214478 | | 11/21/01 | Email from Edward Scolnick to Douglas Greene et al regarding CV Study Design | Scolnick | 401, 402, 403: Email from Dr. Scolnick several months after Mr. Irvin's death brainstorming about study ideas is not relevant to liability in this case. |
| 1.1194 | MRK-ADI0800000 | MRK-ADI0800045 | | Personnel File of Jan Weiner | Weiner | 401, 402, 403: Individual employee's personnel file is not probative of any issue in this case. This employee's responsibilities involved press releases, which are not relevant given the facts of this case. |

Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.1231 | MRK-NJ0071320 | MRK-NJ0071332 | 7/5/00 | Memo from Deborah Shapiro to Alise Reicin et al regarding Cardiovascular Update - VIGOR | Curfman | 602 - The witness through whom Plaintiff attempts to offer this document has no first-hand knowledge of the document (it is an internal Merck document, the witness's name appears nowhere on the document, and the witness has no personal knowledge of its contents) |
| 1.1253 | MRK-AFI0045966 | MRK-AFI0045840 | 11/9/1999 | Email from Susan Baumgartner to Thomas McCready checking up on the McMillan neutralization efforts. | Baumgartner | 401, 402, 403, 801, 802: This "document" is a 129-page long aggregation of numerous unconnected documents. Plaintiff's cannot lump many unrelated documents together into a single exhibit. Regardless, this collection of documents has no relevance to this case and contains many non-relevant documents that would be highly prejudicial to Merck and confuse the jury. Moreover, the collection contains document after document of hearsay (medical article, vendor lists, etc.) |
| 1.1254 | MRK-AFI0047953 | MRK-AFI0047953 | 5/24/2000 | Email from Gregory Bell to Reiss, Sandra Marie, El Dada, Riad H., Baumgartner and Gregory Bell re: Singh tells Belgians Vioxx isn't safe and they are going to get a warning CV. | Baumgartner | 401, 402, 403, 802: This document is hearsay and also contains hearsay within hearsay. Moreover, its contents have nothing to do with this case (what Dr. Singh, a doctor in California, may or may not have said has nothing to do with Dr. Schirmer). This document is prejudicial and is governed and properly excluded under MIL #3 (conduct with no nexus to this case). |
| 1.1255 | MRK-AFI0048262 | MRK-AFI0048263 | 6/6/2000 | Email To Susan Baumgartner from Daniel Hall re: Singh "scientifically accurate". | Baumgartner | 401, 402, 403, 801, 802: The email is not relevant to anything relating to Mr. Irvin or his death, or Mr. Irvin's prescriber, Dr. Schirmer. The document's prejudice is substantially outweighed by any probative value it could possibly have. Further, the document not only is hearsay, but also contains hearsay within hearsay |
| 1.1257 | MRK-NJ0200304 | MRK-NJ0200304 | 8/1/2001 | Email from Ken Truitt to Barry Gertz re: "Kiddie Data"; we need to say safe for children; helps in the market place. | Baumgartner | 401, 402, 403, 602 - This email has no relevance to this lawsuit and would be more prejudicial than probative: it was written months after Mr. Irvin's death and relates to Vioxx use for children. Further, the witness through whom plaintiff offers this exhibit has no first hand knowledge of the document |
| 1.1258 | MRK-ABI0008659 | MRK-ABI0008683 | 7/12/2001 | US Long Range Operating Plan for Vioxx | Carroll | 401, 402, 403, 602: Sales data should be excluded in the compensatory phase. The document is a forward-looking business plan dated after Irvin's death so could not have any possible relevance to this case. The witness through whom plaintiff offers this document had no first hand knowledge of it |
| 1.1259 | MRK-AFI0071884 | MRK-AFI0071884 | 8/16/2001 | Email from Susan Baumgartner to Tracy Mills re: review/opinions re: Mukherjee article from Jama | Baumgartner | NO OBJECTION |

## Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.1260 | MRK-AFI0045078 | MRK-AFI0045078 | 8/23/1999 | Email from Charlotte McKines to Susan Baumgartner re: putting Whelton on the "Bad Guys List". | Baumgartner | 401, 402, 403, 602: The email is not relevant to anything relating to Mr. Irvin or his death, or Mr. Irvin's prescriber, Dr. Schirmer. The document's prejudice is substantially outweighed by any probative value it could possibly have. Further, the witness through whom Plaintiff hopes to offer this document was not the author of the email and speculates about its content. |
| 1.1265 | MRK-ADW0032898 | MRK-ADW0032901 | 5/23/2001 | Bulletin for Vioxx re: Response to New York Times Article | Jerman | 401, 402, 403, 602, 801, 802: The e-mail attaches a newspaper article that clearly is hearsay (and cannot offered for notice since it 5 months after Irvin's death. The transmittal e-mail should be excluded under 403 as it discusses marketing issues having no connection to Schirmer or Irvin |
| 1.1267 | MRK-ADW0024602 | MRK-ADW0024605 | 11/1/2001 | Email from Dunn to Coppola re: New Crop of arthritis drugs under safety cloud; CV issues still a hot topic for sales reps in the field; "Topol keeps rearing his ugly head"; Reuters- blood clots, MI, heart attacks. | Jerman | 401, 402, 403, 602, 801, 802: The e-mail attaches a newspaper article that clearly is hearsay (and cannot offered for notice since it 5 months after Irvin's death. The transmittal e-mail should be excluded under 403 as it discusses marketing issues having no connection to Schirmer or Irvin |
| 1.1274 | MRK-ACZ0038244 | MRK-ACZ0038248 | 2/8/2002 | Email from Miller to Alberti, Barker, Biegelsen, Biehn, Bourdow, Brakewood, Campbell, Cannell, Coppola, Dervishian, Dunn, El-Dada, Griffing, Guza, Hayword, Hisaw, LaMond, Laux, Lee, McKeever, Nunno, Payne, Pendleton, Posner, Roberts, Rode, Stanton, Vignau, Wentworth re: Merck Shares Poised to Rebound in 2002. "Vioxx Sales would fall dramatically if the label indicates slight increase in risk of heart attack". | Jerman | 401, 402, 403, 602, 801, 802: The entire document is a published stock analyst's report on Merck. The document is hearsay and cannot be offered for notice since it is dated 9 months after Irvin's death. Moreover, the witness through whom plaintiff seeks to admit the hearsay document had no first hand knowledge of its contents |
| 1.1281 | MRK-AJF0000235 | MRK-AJF0000236 | 6/20/2001 | Email to Carroll from Hinckley re: 4 main components of Vioxx message. Nothing regarding CV risk. | Carroll | 401, 402, 403: No evidence that anyone in this case, including Dr. Schirmer, was ever exposed to marketing materials or messages. Post-dates Mr.Irvin's death. Confuses the jury and unnecessarily lengthens the presentation of evidence as Merck is required to respond. Any probative value substantially outweighed by the danger of unfair prejudice. MIL #1. |
| 1.1370 | MRK-ABD0002346 | MRK-ABD0002347 | 1/28/2001 | *Email from Edward Scolnick to Eve Slater re: OPDRA reports vs FOI | Scolnick | No objection if not offered for the truth.  Otherwise, the information from OPDRA mentioned in the e-mail is hearsay |
| 1.1373 | | | | Information for Authors in The New England Journal of Medicine (Gregory Curfman Deposition Exhibit #2) | Curfman | NO OBJECTION |
| 1.1379 | | | | Hard Copy of Contents of Floppy Disc Submitted to NEJM (Curfman Deposition Exhibit#14) | Curfman | NO OBJECTION |
| 1.1380 | | | | Screen Print of Page 16 of Manuscript with Notes of Deleted Items (Curfman Deposition Exhibit #15) | Curfman | Document is incomplete; cumulative of Curfman Deposition Exhibit #14 |

2/2/2006

Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.1381 | | | Screen Print of Page 16 of Manuscript with Notes of Deleted Items (Curfman Deposition Exhibit #16) | Curfman | Document is incomplete; cumulative of Curfman Deposition Exhibit #14 (as well as #15) |
| 1.1382 | | | Manuscript of "Comparison of Rofecoxib, A Highly Selective-Inhibitor of Cox-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: The VIGOR Trial" (Curfman Deposition Exhibit #17) | Curfman | NO OBJECTION |
| 1.1384 | | 7/17/2000 | Letter from Dr. Claire Bombardier to Dr. Marshall Kaplan Regarding Revisions to Manuscript (Curfman Deposition Exhibit #20) | Curfman | NO OBJECTION |
| 1.1385 | | 8/30/2000 | Letter from Dr. Claire Bombardier to Dr. Robert Steinbrook Regarding Additional Changes to Manuscript (Curfman Deposition Exhibit #21) | Curfman | NO OBJECTION |
| 1.1390 | | | Page C-27, Figure C-2 of Comparison of Rofecoxib, A Highly Selective-Inhibitor of Cox-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: The VIGOR Trial" (Curfman Deposition Exhibit #27) | Curfman | 602, 801, 802 - The document is incomplete and is hearsay, and cannot be admitted for the truth of the matter or for any other purpose. Further, the witness through whom plaintiff seeks to admit the hearsay document had no first hand knowledge of its contents. |
| 1.1391 | | 2/6/2005 | Email from Dr. John Baron to Dr. Jeff Drazen (NEJM) with Attachment of Manuscript of "Cardiovascular Events Associated with Rofecoxib in a Three-Year Randomized Colorectal Adenoma Chemoprevention Trial" by Dr. Robert Bresalier, et al. (Curfman Deposition Exhibit #28) | Curfman | 401, 402, 403, 801, 802 - Medical articles are not admissible under 802. Further, the witness through whom Plainitff seeks to admit this document does not appear anywhere on the document. |
| 1.1392 | | 2/9/2005 | Letter from Dr. Gregory Curfman to Dr. John Baron Asking for Extensive Revisions to Manuscript (Curfman Deposition Exhibit #29) | Curfman | 401, 402, 403, 801, 802. Letter and comments from anonymous non-Merck reviewers are hearsay. Merck attempted to obtain discovery on the identity of peer reviewers but was denied access. It is unfair to admit anonymous hearsay statements when Merck has been denied discovery into the identity and qualifications of the individuals. |
| 1.1393 | | | Manuscript of "Cardiovascular Events Associated with Rofecoxib in a Three-Year Randomized Colorectal Adenoma Chemoprevention Trial" with Notes of Deleted Notes and Edits (Curfman Deposition Exhibit #30) | Curfman | 401, 402, 403, 801, 802: medical articles are inadmissible under 802. |
| 1.1395 | MRK-AFV0399485  MRK-AFV0399488 | 2/9/2005 | Email from Hui Quan to Christopher Lines, et al. Re: APPROVe-Urgent (Curfman Deposition Exhibit #34) | Curfman | 401, 402, 403, 602, Incomplete. Feb. 2005 document is not relevant to this case. Attempt to introduce through witness who has never seen document before. MIL #7: relates to medical conditions irrelevant to this case. |
| 1.1396 | | 2/9/2005 | Email from Ned Braustein to Janet Van Adelsberg Re: DO NOT FORWARD. NEJM Letter on APPROVe Study (Curfman Deposition Exhibit #35) | Curfman | 401, 402, 403, 602, Incomplete. Feb. 2005 document is not relevant to this case. Attempt to introduce through witness who has never seen document before. MIL #7: relates to medical conditions irrelevant to this case. |

## Deposition Testimony: Exhibit List

| | | | | | |
|---|---|---|---|---|---|
| 1.1402 | | | Memo from Tom Easley (NEJM Managing Director of Publishing) to Greg Curfman Re: Number of Reprints of Bombardier Article (Curfman Deposition Exhibit #42) | Curfman | 401, 402, 403, 801, 802: NEJM memo is hearsay. Number of reprints of VIGOR article is irrelevant to this case given Dr. Schirmer did not read it. |
| 1.1411 | | 4/20/2001 | Email string between Dr. Eric Topol, Alise Reicin, Laura Demopoulos and Peter DiBattiste re: Follow up to meeting about JAMA paper (Topol Deposition Exhibit #5) | Topol | NO OBJECTION |
| 1.1412 | | | Email from Alise Reicin to Laura Demopoulos re: JAMA Manuscript with Manuscript attached (Topol Deposition Exhibit #6) | Topol | No objection to cover email, but attached article is inadmissible under 801, 802. 602: witness has never seen document before. |
| 1.1413 | | 6/12/2001 | Email from Alan Nies to Laura Demopoulos, et al. re: Topol Manuscript (Topol Deposition Exhibit #7) | Topol | No objection to cover email, but attached article is hearsay and inadmissible under 801, 802. 602: no foundation because witness has never seen document before. |
| 1.1466 | | 5/4/2004 | Includes Mention of Cannuscio 'Relationship Between Selective Cyclooxygenase-2 Inhibitors and Acute Myocardial Infarction in Older Adults by Daniel Solomon, et al., Circulation, Pg. 2068-2073 [Ex 7 Cannuscio depo 10/08/04] | Cannuscio | 801, 802: Medical articles not admissible. |
| 1.1467 | | 1/9/2002 | Memo to Cannuscio from Dan Solomon Re: Cox-2 and MI Project Proposed Milestones [Ex9 Cannuscio Deposition 10/08/04] | Cannuscio | 401, 402, 403: Document is irrelevant --appears to be a draft budget for a study that took place years after Mr. Irvin's death. |
| 1.1471 | MRK-NJ0092058 | MRK-NJ0092133 | "Drug Regulations: The Essentials, Medical Background" Merck Resource Document not to be used for detailing [Ex 1 Blake depo 11/29/05] | Blake | 401, 402, 403: promotional materials have no relevance to this case. Dr. Schirmer had no contact with promotional materials. |
| 1.1472 | MRK-ACW0800000 | MRK-ACW0800030 | Merck Performance Review Form, Mary Elizabeth Basaman, (Blake) [Ex 2 Blake Deposition 11/29/05] | Blake | 401, 402, 403: Witness's performance review form is not relevant to this action. Her responsibilities were interacting with the news media, and there is no evidence that Merck's presence in the news media had any connection to Mr. Irvin's use of Vioxx in this case. |
| 1.1565 | MRK-ABW0003071 | MRK-ABW0003151 | Branchburg Review, Vioxx and Arcoxia Draft 3 - CFT )Ex. 22 to Dixon depo 1/19/05) | Dixon | 401, 402, 403. Profit and budget data is irrelevant and unfairly prejudicial, particularly in liability phase. |
| 2.0017 | MRK-ADY0006986 | MRK-ADY0006991 | 5/4/2004 | Relationship Between Selective Cyclooxygenase-2 Inhibitros and Acute Myocardial Infarction in Older Adults by Daniel Solomon, et al., Circulation, Pg. 2068-2073 | Cannuscio | Medical articles not admissible under FRE 801, 802 |
| 2.0209 | MRK-NJ0070657 | MRK-NJ0070662 | 7/3/91 | Analysis and Interpretation of Treatment Effects in Subgroups of Patients in Randomized Clinical Trials by Salim Yusuf et al, JAMA, Vol. 266, No. 1, Pg. 93 - 98 | Curfman | Medical articles not admissible under FRE 801, 802 |
| 2.0232 | | | 11/16/00 | The New England Journal of Medicine Editorial "Tracking the Peer Review Process" by Dr. Edward Champion, Dr. Gregory Curfman and Dr. Jeffrey Drazen Vol. 343:1485-1486 (Curfman Deposition Exhibit #3) | Curfman | Medical articles not admissible under FRE 801, 802 |

**Deposition Testimony: Exhibit List**

| | | | | |
|---|---|---|---|---|
| 2.0233 | 9/14/04 | Medscape Online Article "Call for Mandatory Clinical Trial Registration, Open Acces to Results" by Dr. Laurie Barclay (Curfman Deposition Exhibit #4) | Curfman | Medical articles not admissible under FRE 801, 802 |
| Curfman 32 | | | Curfman | Medical articles not admissible under FRE 801, 802 |