Case 2:05-md-01657-EEF-DEK Document 3131 Filed 02/02/06 Page 1 of 10

File As Original -BW

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED FEB 2 2006
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

*Motion in Limine No. 1*

**Motion *in Limine* To Preclude Improper Attempts to Impeach Expert Witnesses With the Prior Testimony of Expert Witnesses from the Previous Trial**

Plaintiff Evelyn Irvin Plunkett, Personal Representative of the Estate of Richard Irvin, Jr., by and through her attorneys, urges the Court to preclude the improper attempts by Merck & Co. to impeach the credibility of expert witnesses with the prior testimony of other expert witnesses from the previous trial. The second trial of the *Irvin v. Merck & Co.* should stand on its own.

Testimony of a witness from the previous trial is inadmissible hearsay. Attempts to impeach the credibility of one witness with the previous statements of <u>another</u> witness are improper, would only confuse the jury, and unfairly prejudice Plaintiff as she presents her case.

The deadline, according to the Court's Scheduling Order, for Plaintiff to designate expert witnesses in this trial was January 13, 2006. Dr. Colin Bloor and Dr. Joseph Burton have not been designated as expert witnesses in the present trial. These experts did not prepare reports, and none were presented to Merck & Co. for this trial. Neither Dr. Bloor nor

Fee_____
Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

1

Dr. Burton has given deposition testimony in relation to this trial. Though Drs. Bloor and Burton were designated as expert pathologists in the first trial of this case, their opinions and testimony are not relevant and not admissible in the second trial. Their testimony from previous depositions and in Dr. Bloor's case, trial testimony may not properly be used to impeach Plaintiff's experts who will testify in the second trial of this case.

Plaintiff does not dispute a party's right to impeach a witness with previous statements made by the <u>same</u> witness in other proceedings.

### A.   Expert Testimony from the First Trial is Inadmissible Hearsay

Rule 802 of the Federal Rules of Evidence prohibits the admission into evidence of an out of court statement offered for the truth of the matter asserted. <u>See</u> Fed. R. Evid. 802 and 801(c). Dr. Bloor and Dr. Burton are not authorized to speak on behalf of Plaintiff in the second trial of this case. Drs. Bloor and Burton are not Plaintiff's agents. As such their previous statements are not admissions under Rule 801(d)(2)(C) or Rule 801(d)(2)(D).

The case of *Collins v. Wayne Corp.*, 621 F.2d 777, 782 (5th. Cir. 1980), <u>superceded on other grounds by</u>, *Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir. 2002), arose when a tractor trailer jackknifed into the path of a church bus transporting children home after a weekend skiing trip. 621 F. 2d at 779. The collision killed nineteen and injured eleven passengers. *Id.* Four of the injured and representatives of ten passengers who perished sued Wayne Corporation, the maker of the bus, alleging that Wayne defectively designed the bus so that it was not crashworthy. *Id.* In response to a pre-trial interrogatory, Wayne named George Greene as an expert in the field of "automobile collision" that had been hired to investigate the accident. *Id.* at 780. Prior to trial, Wayne submitted a report from Greene to plaintiffs, and his deposition was taken. *Id.* Wayne moved *in limine* to exclude Greene's testimony. Plaintiffs

responded by arguing that Greene's deposition was an admission of a party opponent under Federal Rule of Evidence 801(d)(2)(C). The district court denied both motions and held that the plaintiffs could offer Greene's deposition into evidence, "but that they could not make any mention to the jury of the fact that Greene was employed by Wayne." *Id.* Plaintiffs ultimately chose not to offer Greene's deposition into evidence but nonetheless, appealed.

The Fifth Circuit held that the district court erred in not allowing plaintiffs to offer Greene's deposition into evidence as an admission of Wayne. The Court held that Wayne had hired Greene to investigate the accident, to give a report, and to give deposition testimony. *Id.* at 782. As such, the Court held that Greene's deposition was an admission of Wayne and should have been admissible. The Fifth Circuit went on to hold that the error was harmless and affirmed the decision of the district court. *Id.*

The Court's decision in *Collin* is not controlling. In *Collins,* George Greene was hired as an expert for the trial in question and in furtherance of that relationship, Greene had given a report and deposition. It was after Greene's report had been offered and his deposition taken that his testimony was withdrawn. In the present case, Dr. Bloor's and Dr. Burton's testimony was given in the first trial of this case. Plaintiff has not put forth either witness as an expert for the second trial. Neither expert has submitted a report nor given a deposition. Therefore, their testimony should not impact the second trial of this case.

A second trial, following a mistrial after a deadlocked jury, gives each party an opportunity to review the evidence and make strategic decisions about how the case will be tried a second time. Neither party should be limited by strategy decisions regarding witnesses made during the first trial.

Plaintiff urges the Court to follow the ruling in *Kirk v. Raymark Indus.*, 61 F.3d 147 (3d. Cir. 1995), *cert. denied*, 516 U.S. 1145 (1996). The Court of Appeals for the Third Circuit found that an expert witness was not an agent of the party that hired the expert. 61 F.3d at 163-64. In *Kirk*, plaintiff sought to use the testimony of defendant's expert witness from a previous trial against defendant, arguing that the testimony was admissible as an authorized admission under Rule 801(d)(2)(C). In analyzing the plaintiff's argument, the Third Circuit Court found that despite the fact that the expert was employed by a party to the case, experts are supposed to testify impartially within their sphere of expertise. *Kirk*, 61 F.3d at 164. The court found that the expert was not an agent under Rule 802(d)(2)(C) and thus, the prior testimony was inadmissible hearsay, unless the expert had agreed to be subject to the client's control in giving testimony. *Id.*; see also *Sabel v. Mead Johnson & Co.*, 737 F. Supp. 135, 138 (D. Mass. 1990). Since the expert witness was not subject to the control of the party opponent with respect to consultation and testimony, the court found the expert witness could not be deemed an agent.[1] *Id*; *Restatement (Second) of Agency* § 1 cmt. a (1958). The prior testimony was found to be hearsay and not admitted.

The United States Court of Federal Claims decision in *Glendale Federal Bank v. U.S.*, is also instructive. 39 Fed. Cl. 422 (Fed. Clms. Ct. 1997). In *Glendale Federal Bank*, plaintiff sought to introduce the deposition testimony of government experts as substantive evidence and for cross-examination of another government expert. The government experts had given depositions in the case, but were not called to testify at trial. The Court held that: "When an expert witness is put forward as a testifying expert at the beginning of trial, the prior deposition testimony of that expert in the same case is an admission against the party that

---

[1] See also *Koch v. Kock Industries, Inc.*, 37 F.Supp.2d 1231, 1245 (D.Kan. 1998) (rejecting

4

retained him. Where an expert is withdrawn prior to trial, however, the prior deposition testimony of that witness may not be used. The deposition testimony is hearsay." *Id.* at 425. Furthermore, the Court held that, "Hearsay may not be used for cross-examination unless it qualifies under an exception to the hearsay rule or is permitted by FRE 703 because it was relied upon by the testifying expert." *Id.*

Dr. Bloor and Dr. Burton are not Plaintiff's agents and are not authorized to speak on behalf of Plaintiff in the second trial of this case. Neither have been retained to give a report or provide testimony in the upcoming trial. Therefore, Plaintiff urges the Court to find that references to their previous testimony are inadmissible hearsay and may not be used for purposes of cross-examination or offered as substantive evidence.

**B.   If the Court finds that Such Previous Expert Testimony Is Admissible, It Should Be Excluded Because Its Prejudicial Effect Is Substantially Outweighed By Its Probative Value**

Should this Court determine that evidence or discussion of Dr. Bloor or Dr. Burton's previous expert testimony is not inadmissible on hearsay grounds, Plaintiff respectfully urges the Court to exclude the testimony on the basis of Rule 403. Rule 403 provides, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The evidence and discussion at issue falls squarely within Rule 403's gambit. Evidence of prior expert opinions would only serve to confuse the issues before the jury. An issue in this case is not whether Mr. Richard "Dicky" Irvin, Jr. experienced a plaque rupture

---

proposition that an expert hired by a party is automatically an agent of that party).

prior to his death. Rather, a primary issue is whether Vioxx was a substantial contributing factor to Mr. Irvin's death. Expert testimony from the first trial of this case will only serve to confuse and mislead the jury on this issue.

Trials represent the investment of a public commodity, i.e., the time and resources of the judiciary; and the jurors who dedicate themselves to service likewise ought not be asked to give more of their time than necessary. Rule 403 recognizes, therefore, that a presiding trial judge should have the discretionary authority to exclude even relevant evidence, if and when the probative value is offset by other concerns, to-wit: (1) the danger of unfair prejudice, (2) confusion of the issues, (3) potential misleading of the jury, (4) undue delay, (5) waste of time, and/or (6) the needless presentation of cumulative evidence. Fed. R. Evid. 403.

Whatever impeachment value Merck seeks to gain in cross-examining experts in this trial by reference to the testimony of different experts in another trial, is surely offset by all or most of these same considerations.

Plaintiff will be unfairly prejudiced in regard to her Seventh Amendment right to have this jury decide this case based upon the witness testimony in _this_ case. The issues being now presented and emphasized will be _confused_ by reference to issues in another proceeding which were being presented and emphasized for purposes of that proceeding, not this one. The jury potentially will be _misled_ by the attempt to emphasize a different proceeding, utilizing different approaches and emphasis in the presentation of Plaintiff's case. There necessarily will be _undue delay_ and the _wasting of time_ by virtue of Plaintiff having to respond to Merck's strategy by referring this jury to all of those portions of the previous testimony by the same experts in the first trial which support Plaintiff's position in this second trial. In the end, it will be difficult to meaningfully limit the introduction of evidence from the first trial into the

second trial.

This Circuit has upheld the Rule 403 authority of a trial judge to exclude testimony which in effect would result in trying another case within the case at hand. See *Hapring v. Continental Oil Co.*, 628 F.2d 406, 409 (5th Cir. 1980). There also is abundant support for the trial court's exercise of wise discretion in limiting the scope and extent of expert witness testimony under Rule 403. See, e.g., *Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187 (5th Cir. 1983); *Page v. Barko Hydraulics*, 673 F.2d 134 (5th Cir. 1982).

As the probative value of proffered evidence becomes more marginal, the danger of unfair prejudice will more frequently compel the exclusion of the same under Rule 403. See *U.S. v. Huffine*, No. CR.A. 02-93, 2003 WL 122313 at *4 (E.D. La. Jan. 13, 2003). Here, Merck is in a position to challenge Plaintiff's experts with testimony in this case form Merck's experts. The reference to testimony from another trial of this case in the end will only confuse the jury (causing it to wonder about the outcome or effect of the earlier case, for example, which in turn will cause this jury to contemplate deadlock as an available option before deliberations even begin).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her motion to exclude any references to prior testimony of experts not designated in the second trial of this case.

Respectfully submitted,

By: _____
**Andy D. Birchfield, Jr.**
Paul J. Sizemore
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS,
MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
**Temporary Office**
3411 Richmond Ave., Suite 460
Houston, TX 77046
PH: (713) 877-1843
FAX: (713) 871-9750

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

**PLAINTIFFS' LIAISONCOUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

9

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the **30th** day of January, 2006.

_____