FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -2  PM 5: 03

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to Case No. 05-4046* | * | |
| EVELYN IRVIN PLUNKETT as Personal Representative of the Estate of RICHARD IRVIN, JR., | * | MAGISTRATE JUDGE KNOWLES |
| Plaintiff, | * | |
| vs. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * *

**MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT
<u>REGARDING THE PREVIOUS TRIAL OF THIS CASE</u>**

(MOTION *IN LIMINE* NO. 3)

With little argument and no support, plaintiff moves this Court to prohibit any mention in *Plunkett II* that: (i) there was a previous trial in this case; (ii) the previous trial ended in a mistrial; (iii) the jury in the previous trial was deadlocked; and (iv) the timing of the New England Journal of Medicine's December 8, 2005 editorial (the "NEJM Editorial") was related to the previous trial. Merck does not intend to refer to the fact that *Plunkett I* ended in a mistrial.

___ Fee_____
___ Process_____
X  Dktd_____
√  CtRmDep798333v.1
___ Doc. No_____

Nor will Merck make reference to the fact that the jury was unable to reach a unanimous verdict in *Plunkett I*. Plaintiff's remaining requests, however, have no basis and should be denied. Her conclusory argument in support of the motion – that references to the previous trial or the timing of the NEJM Editorial "are improper and irrelevant under Federal Rules of Evidence 401, 402, and 403" – is both unsupported and untrue, given the facts of this case. To the extent plaintiff seeks an absolute prohibition against referring to *Plunkett I* or the details surrounding the publication of the NEJM Editorial, her motion should be denied.

## I.   THE COURT SHOULD DENY PLAINTIFF'S BLANKET REQUEST TO PROHIBIT ANY MENTION OF *PLUNKETT I*.

Merck is entitled to refer to the fact that there was a prior trial in this case, if only to impeach the credibility of plaintiff's witnesses.[1] For example, the credibility of plaintiff's new expert pathologist, Dr. Graham, is at stake. As explained in Merck's motion *in limine* to exclude Dr. Graham's testimony,[2] his opinions on the cause of Mr. Irvin's death are diametrically opposed to those put forth by plaintiff's experts in the first trial of this case. In fact, plaintiff's theory of causation has changed dramatically since *Plunkett I*. Whereas her experts argued then that there was no evidence of plaque rupture – *and even conceded that evidence of plaque rupture would have precluded a finding that Vioxx was responsible for Mr. Irvin's death* – Dr. Graham now claims that the plaque in Mr. Irvin's coronary artery did in fact rupture. (*Compare* Nov. 30, 2005 Tr. Transcript at 331:4-12, 345:9-23, attached as Ex. 1 to the Declaration of

---

[1] To the extent plaintiff's motion is another attempt to preclude the impeachment of her new pathologist, Dr. Michael Graham, with the prior sworn testimony of the other pathologists she has employed in this case, including Drs. Burton and Bloor, Merck incorporates the arguments made in its opposition to plaintiff's Motion *in Limine* to Preclude Improper Attempts to Impeach Expert Witnesses With the Prior Testimony of Expert Witnesses from the Previous Trial, also filed today.

[2] (*See* Motion *in Limine* to Exclude Testimony of Michael Alan Graham, M.D., filed January 30, 2006.)

798333v.1

Phillip A. Wittmann in support of Merck's *Plunkett II* Motions *in Limine*, filed Jan. 30, 2005 ("*Plunkett II* Wittmann Decl.") *with* Expert Report of Michael Alan Graham, M.D. ("Graham Report") at ¶ 3, attached as Ex. 4 to the *Plunkett II* Wittmann Decl.; Deposition of Michael Alan Graham, M.D. ("Graham Dep.") at 13:8-12, attached as Ex. 3 to *Plunkett II* Wittmann Decl.) In reaching this contrary conclusion, Dr. Graham relied on the deposition and trial testimony of two expert pathologists, Drs. Burton and Bloor, who were previously retained by plaintiff. (*See* Graham Report at Ex. C, p. 10.) Merck is entitled to cross examine Dr. Graham on the basis of his opinions, including his reliance on the testimony of these experts. (*See* Merck & Co., Inc.'s Opposition to Plaintiff's Motion *in Limine* to Preclude Improper Attempts to Impeach Expert Witnesses With the Prior Testimony of Expert Witnesses from the Previous Trial at 3.) Moreover, Merck is entitled to explore the inconsistency in plaintiff's causation theories, as this directly impacts the testimony of all of plaintiff's causation experts. Impeaching plaintiff's witnesses on this issue necessarily involves mentioning that there was a prior trial in the case. For this reason alone, plaintiff's request to preclude any reference to *Plunkett I* should be denied.

## II. THE COURT SHOULD ALSO DENY PLAINTIFF'S REQUEST TO BAR MENTION OF THE TIMING OF THE NEJM EDITORIAL.

Plaintiff's request for a proscription against mentioning the details surrounding the publication of the NEJM Editorial is similarly baseless. As the Court well knows, plaintiff has made clear her intent to use the misleading allegations contained in the Editorial to attack Merck and the credibility of Merck's witnesses in *Plunkett II*. In so doing, plaintiff has put the Editorial and the related testimony of NEJM executive editor Dr. Curfman at issue. For her to suggest that the timing of the Editorial's publication has no bearing on this case is thus absurd.

To the extent the Editorial is introduced in *Plunkett II*, the jury is entitled to know the bases for the Editorial's allegations and the circumstances surrounding its publication. Further,

798333v.1

when considering the credibility of Dr. Curfman's testimony, the jury is entitled to know whether or not he is an unbiased commentator.[3] The timing of the Editorial is critical in this regard. As Merck has explained to the Court on numerous occasions, it is clear that NEJM has known for almost five years that the updated database from VIGOR included three additional MIs. In addition, the journal knew no later than October 2004 that the electronic copy of the VIGOR manuscript showed the deletion of the table discussed in the Editorial. Yet NEJM said nothing – issued no public statement, requested no correction – until the day *Plunkett I* was submitted to the jury. On the basis of the recent NEJM discovery, Merck now knows what drove the timing of the Editorial: *Plunkett I*. This case was the sole factor that led NEJM to publish its accusations on December 8th. Not only did NEJM release the Editorial on that date, but it also orchestrated a great deal of media exposure, thereby assuring saturation media coverage in Houston.

The evidence thus shows that NEJM, a supposedly unbiased journal, published its conclusions of misconduct *before hearing from the authors* simply because of events in a pending product liability trial. (*See* Merck's Objections to Plaintiff's Deposition Designations for Dr. Gregory Curfman, filed Jan. 30, 2006, at 4.) Given these facts, Merck is entitled to argue, and to let the jury conclude, that the manner in which NEJM published the editorial shows bias.[4]

---

[3] On January 30, 2006, Merck filed Objections to Plaintiff's Deposition Designations for Dr. Gregory Curfman. In this memorandum, Merck explains that it will need to counter-designate testimony about Dr. Curfman's decision to accelerate the release of the Editorial, in order to expose Dr. Curfman's bias, if plaintiff is permitted to play designations beyond the scope of the 30(b)(6) notice. This counter-designated testimony would necessarily implicate *Plunkett I*. If the Court limits Dr. Curfman's testimony to the scope of the notice and sustains Merck's objections to Dr. Curfman's deposition testimony that went well beyond the notice, Merck will not need to proffer the testimony.

[4] Merck is not alone in suggesting NEJM's timing demonstrates bias. The *Wall Street Journal* recently ran an editorial making the exact same claim. *See* Editorial, *New England Journal of Politics*, WALL ST. J., Jan. 16, 2006, at A14.

The editorial exposes this potential bias and is directly relevant to the credibility of Dr. Curfman's sworn testimony and the weight to be afforded the editorial itself.

It is no secret that plaintiff intends to ride the NEJM controversy as far as possible in *Plunkett II*. She even has designated a "journalism expert" to talk further about the issue. She has designated over two hours of testimony from Dr. Curfman first deposition – not just fact testimony about what NEJM knew, but also Dr. Curfman's commentary about the facts. Plaintiff's lawyers have told the world that NEJM's attack will be front and center in their cross examination of Dr. Reicin. And it would be a surprise if plaintiff did not mention NEJM in the first 20 minutes of opening statements. By way of this motion, plaintiff attempts to muzzle Merck's response to this sideshow. Merck has every right to challenge the credibility of NEJM and should be allowed to do so here.

### III.  CONCLUSION.

Plaintiff's motion should be denied to the extent it seeks to bar any mention of *Plunkett I* or the timing of the NEJM editorial. Plaintiff has made no showing to support her contention that such references are inadmissible under Rules 401-403. Moreover, any supposed jury confusion can be mitigated by a simple instruction, at the beginning of *Plunkett II*, that there was a prior trial in this case that did not come to a verdict.

For the reasons stated above, Merck respectfully requests that the Court deny plaintiff's

798333v.1

Motion *in Limine* to Exclude Evidence and/or Argument Regarding the Previous Trial of This Case.

Respectfully submitted,

*Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

And

John H. Beisner
Charles C. Lifland
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:    213-430-6407

Attorneys for Merck & Co., Inc.

798333v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Opposition to Plaintiff's Motion *in Limine* to Exclude Evidence and/or Argument Regarding the Previous Trial of This Case has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 2nd day of February, 2006.

*/s/ Dorothy H. Wimberly*

798333v.1