

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Vioxx** | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| **This document relates to** | * | |
| | * | MAGISTRATE |
| Eva Lucille Adams v. Merck & | * | **JUDGE KNOWLES** |
| Co., Inc., No. 05-4326, And Only | * | |
| Regarding Theresa Dodd, Billie | * | |
| Fedie, Larry Frankhouser, | * | |
| Charlotte Galbreath and John | * | |
| Lawson | * | |
| | * | |
| Vernon Andrews et al v. Merck & Co., | * | |
| Inc., No. 05-2569, And Only Regarding | * | |
| Leigh Behrens | * | |
| | * | |
| Shirley Bailey et al v. Merck & Co., Inc., | * | |
| No. 05-3414, And Only Regarding Jack | * | |
| Elliot and Volean Gilmore | * | |
| | * | |
| Charlesetta Butler et al v. Merck | * | |
| & Co., Inc., No. 05-3817, And | * | |
| Only Regarding Dennis Davis | * | |
| | * | |
| Vanita Copeland et al v. Merck & Co., | * | |
| Inc., No. 05-6349, And Only Regarding | * | |
| Toni Elpers | * | |
| | * | |
| Sam Fife et al v. Merck & Co., Inc., No. | * | |
| 05-6348, And Only Regarding Lizzie | * | |
| Billups, Eva Carter, and Sam Fife | * | |
| | * | |
| Jerry Frame et al v. Merck & Co., Inc., | * | |
| No. 05-3815, And Only Regarding Kitty | * | |
| Gilliam | * | |
| | * | |
| Daryl Hill et al v. Merck & Co., Inc., No. | * | |
| 05-4325, And Only Regarding Mary Ann | * | |

798229v.1

| | |
|---|---|
| Cantrell, Ina Creel, Alvino Davis, and Pamela McGuire as Administrator for the Estate of Alice Wishoun | * * * * |
| Barbara Liotto et al v. Merck & Co., Inc., No. 05-4323, And Only Regarding Maggie Chism | * * * * |
| Earlene McBride et al v. Merck & Co., Inc., No. 05-3420, And Only Regarding Obe Everett | * * * * |
| Barbara Middleton et al v. Merck & Co., Inc., No. 05-3416, And Only Regarding Helen Campbell | * * * * |
| Margaret Molder et al v. Merck & Co., Inc., No. 05-2929, And Only Regarding Dorothy Green | * * * * |
| Lavona Neal et al v. Merck & Co., Inc., No. 05-2928, And Only Regarding Barbara Gourley | * * * * |
| Barbara Obannon et al v. Merck & Co., Inc., No. 05-3809, And Only Regarding Rosanna Chavez | * * * * |
| Mona Swint et al v. Merck & Co., Inc., No. 05-6347, And Only Regarding Richard Eckard | * * * * |
| * * * * * * * * * * * * * * * * | * |

**DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED FOR PROVIDING A BLANK PLAINTIFF PROFILE FORM IN NON-COMPLIANCE WITH PRE-TRIAL ORDER NO. 18B**

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring plaintiffs in the cases captioned above to show cause why their individual claims should not be dismissed for failure to provide a responsive and complete Plaintiff Profile Form in compliance with Pre-Trial Order No.

2

798229v.1

18B ("PTO 18B" or "the Order"). A full list of these cases and plaintiffs is included in Exhibit A of this Memorandum. As more fully set forth below in the accompanying memorandum and exhibits, plaintiffs in these cases have failed, after repeated warnings, to furnish a responsive, let alone a "complete" Plaintiff Profile Form ("PPF") as required by PTO 18B.

## BACKGROUND

On September 14, 2005, the Court entered PTO 18B.[1] PTO 18B governs, among other things, the service and production requirements for PPFs and PPF-related documents. (PTO 18B ¶ 1.) Plaintiffs' counsel has served Merck with grossly deficient PPFs, which have been reviewed. PTO 18B directs plaintiffs to produce "verified PPFs, signed and dated Authorizations, and all responsive documents" by certain dates. (*Id.* ¶ 2.) The Order provides only one 20-day extension of time if a plaintiff fails to provide a fully responsive PPF. (*Id.* ¶ 4.) "No other extensions will be granted." (*Id.*)

On January 3, 2006 during last month's pretrial conference, the Defendants' Liaison Counsel ("DLC") advised the Court of the large number of deficient and incomplete PPFs. Furthermore, the DLC informed the Court and Plaintiffs' Liaison Counsel ("PLC") of its intention to move to dismiss plaintiff's claims where they have failed to provide a fully responsive PPF. The Court also noted its intention to dismiss plaintiffs' cases where it appeared that plaintiffs were uninterested in pursuing their claims or where plaintiffs were obstructing the pace of this litigation. (Tr. 1/3/06 Status Conference at 25-26.)

The attached chart, Exhibit A, lists the names, case captions, docket numbers, and counsel of twenty-five plaintiffs who submitted a grossly deficient PPF. Plaintiffs' counsel

---

[1] PTO 18B supersedes both PTO 18, entered on August 4, 2005, and PTO 18A, entered on August 16, 2005.

3

798229v.1

provided Merck with PPFs, which were, in effect, blank. In each case, Merck's counsel has sent plaintiffs' counsel a letter advising of the failure to produce a responsive PPF and specifically identifying each deficiency. (Ex. 1.) More than twenty days have passed in each of these cases, and plaintiffs have neither produced a responsive PPF nor requested an extension of time to provide a responsive PPF. Accordingly, Merck now moves, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the plaintiffs listed above because they have failed to comply with PTO 18B.

## ARGUMENT

This Court should dismiss the claims of the twenty-five plaintiffs captioned above for their failure to comply with PTO 18B. Paragraph 4 of the Order states that:

> Plaintiffs who fail to provide *complete and verified* PPFs ... within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel or his designee and shall be given twenty (20) additional days to cure such deficiency. *No other extensions will be granted.*

(PTO 18B ¶ 4 (emphasis added).) Pursuant to this paragraph, Merck notified each of the twenty-five plaintiffs that he or she failed to serve a complete and verified PPF. (*See* Exs. B-Z and 1.) On January 3, 2006, Merck also notified the Court and the DLC that it intended to move "to dismiss the complaints of those plaintiffs who fail[ed] to cure deficiencies after due notice." (Joint Report No. 10, at 8.) The 20-day extension has elapsed, and the specified plaintiffs have still failed to fulfill their mandatory discovery obligations.

Where a party fails to obey court-ordered discovery, the court may dismiss that party's action. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b); *In re Propulsid Prod. Liab. Litig.*, MDL 1355, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) (dismissing with prejudice plaintiffs' actions for failing to furnish timely their PPFs in violation of the Court's pretrial

798229v.1

order); *see also Hickman v. Fox Television Station Inc.*, 231 F.R.D. 248 (S.D. Tex. 2005) (dismissing plaintiffs action for failure to comply with a court order demanding the production of relevant documents). It is especially appropriate to dismiss actions for failure to produce court-ordered discovery where plaintiffs have already received express warnings that such violations would result in dismissal. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Thus, in *Propulsid*, this Court dismissed various plaintiffs' claims with prejudice for failing to comply with the applicable deadlines for profile forms in that proceeding. *Propulsid*, 2003 WL 22383576, at *1. Here, Merck has notified plaintiffs that it intends to seek the dismissal of a plaintiff's claims with prejudice if that plaintiff fails to provide a timely PPF under PTO 18B. The Court has likewise noted its intention to dismiss such cases. (Tr. 1/3/06 Status Conference at 25-26.) Accordingly, as in *Propulsid*, this Court should dismiss the claims of the plaintiffs listed above.

In addition to the specified plaintiffs' failure to comply with this Court's orders, their claims should also be dismissed for the resulting harm that their silence causes Merck. The failure to serve a completed PPF prejudices Merck. *See Hickman*, 231 F.R.D. at 253. The PPF provides Merck with basic information necessary to defend these cases. However, plaintiffs' counsel provided Merck with effectively blank PPFs. Without a complete and verified PPF, Merck lacks critical information about the background of plaintiff, his or her use of Vioxx, the injuries alleged, health care providers who rendered care and other information needed to defend itself against the claims alleged.

## CONCLUSION

For the foregoing reason, Merck respectfully asks the Court to order the specified plaintiffs to appear before this Court and show cause why their claims should not be dismissed

798229v.1

with prejudice for failure to provide a responsive and complete Plaintiff Profile Form incompliance with PTO 18B.

DATED: February 2, 2006

                                        Respectfully submitted,

                                        */s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

798229v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 2nd day of February, 2006.

*Dorothy H. Wimberly*

798229v.1

**SEE RECORD FOR**

**EXHIBITS**

**OR**

**ATTACHMENTS**

**NOT SCANNED**