FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -6 PM 1:36

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**  *Charles Gordon v. Merck & Co., Inc.*, No. 05-5502.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiff's Complaint as follows:

### RESPONSE TO COMPLAINT

1.     Denies each and every allegation contained in the first sentence of

paragraph 1 of the Complaint, except admits that Merck manufactured, marketed, and distributed

the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the

worldwide market on September 30, 2004, and that the Plaintiff purports to seek damages but

denies there is any legal or factual basis for such relief.  The allegations contained in the second

and third sentences of paragraph 1 of the Complaint are legal conclusions to which no responsive

pleadings are required.  Should a response be deemed required, Merck denies each and every

_____ Fee_____
_____ Process_____
 X   Dktd_____
_____ CtRmDep_____
_____ Doc. No _____

allegation contained in the second and third sentences of paragraph 1 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

## RESPONSE TO "THE PARTIES"

2.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 2 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 2 of the Complaint.

3.    Denies each and every allegation contained in paragraph 3 of the Complaint.

4.    Admits the allegation contained in paragraph 4 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

5.    Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Missouri, Illinois, and Kansas.

## RESPONSE TO
## "FACTS COMMON TO ALL COUNTS"

6.    Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Vioxx, which is Merck's brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action for Vioxx is believed to be due to the

12.     Denies each and every allegation contained in paragraph 12 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.   Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

15.     Denies each and every allegation of paragraph 15 contained in the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 17 of the Complaint and the article referenced in the second sentence of paragraph 17 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text.

Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

   18. Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $ 2 billion in 2000.

   19. Denies each and every allegation contained in paragraph 19 of the Complaint.

   20. Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that the VIGOR study and the referenced publication exist, and respectfully refers the Court to the VIGOR study and said publication for their actual language and full text.

   21. Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

   22. Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

   23. Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Merck issued a press release on May 22, 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.

   24. Denies each and every allegation contained in paragraph 24 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

31.    Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the referenced publication and article exist, and respectfully refers the Court to said article for its actual language and full text.

32.    Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

33.    Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

34.    Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text..

35.    Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except that the referenced paper exists and respectfully refers the Court to said paper for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint and avers that Merck disagreed with some of the language in the referenced published paper and therefore determined that it was not appropriate for a Merck author's name to appear on the published paper.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $2 billion in 2003.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that Dorothy Hamill was featured in ad campaigns for Vioxx and that Dorothy Hamill and Bruce Jenner were spokespersons for Vioxx.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that there was a study presented by Dr. Graham at a medical conference in August 2004, and respectfully refers the Court to said presentation and study for their actual language and full text.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that on August 26, 2004, Merck issued a press release regarding the conclusions of a study presented by Dr. Graham at a medical conference and respectfully refers the Court to that press release for its actual language and full text.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that, on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo controlled clinical trial there was

an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

51.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 51 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph of 52 of the Complaint and avers that Vioxx reduces pain and inflammation and was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in the state of Missouri.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

## RESPONSE TO
## "JURISDICTION AND VENUE"

55.     The allegations contained in paragraph 55 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 55 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in the state of Missouri.

56.     The allegations contained in paragraph 56 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 56 of the Complaint, except admits that there is a multidistrict litigation related to the prescription medicine Vioxx and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

## RESPONSE TO "COUNT I – STRICT PRODUCTS
## LIABILITY – DEFECTIVE DESIGN AGAINST MERCK"

57.     With respect to the allegations contained in paragraph 57 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 56 of this Answer with the same force and effect as though set forth here in full.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

61.     Denies each and every allegation contained in the first and third sentences of paragraph 61 of the Complaint, as it is without knowledge or information sufficient to justify a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 61 of the Complaint

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

64.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 63 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that

Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT II – STRICT PRODUCTS LIABILITY – FAILURE TO WARN AGAINST MERCK"

65.     With respect to the allegations contained in paragraph 64 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.

66.     Denies each and every allegation contained in paragraph 65 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

67.     Denies each and every allegation contained in paragraph 66 of the Complaint.

68.     Denies each and every allegation contained in paragraph 67 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

69.     Denies each and every allegation contained in paragraph 68 of the Complaint and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

70.     Denies each and every allegation contained in paragraph 69 of the Complaint.

71.     Denies each and every allegation contained in paragraph 70 of the Complaint.

72.     Denies each and every allegation contained in paragraph 71 of the Complaint, except admits Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

73.     Denies each and every allegation contained in paragraph 72 of the Complaint, as it is without information or knowledge sufficient to justify a belief in the truth or falsity therein.

74.     Denies each and every allegation contained in paragraph 73 of the Complaint.

75.     Denies each and every allegation contained in paragraph 74 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

76.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 74 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that

Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT III –
## NEGLIGENT DESIGN AGAINST MERCK"

77.     With respect to the allegations contained in paragraph 75 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78.     Denies each and every allegation contained in paragraph 76 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

79.     Denies each and every allegation contained in paragraph 77 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

80.     Denies each and every allegation contained in paragraph 78 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

81.     Denies each and every allegation contained in paragraph 79 of the Complaint.

82.     Denies each and every allegation contained in paragraph 80 of the Complaint and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.

83.     Denies each and every allegation contained in paragraph 81 of the Complaint.

84.     Denies each and every allegation contained in paragraph 82 of the Complaint.

85.     Denies each and every allegation contained in paragraph 83 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

86.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 83 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts A through D, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT IV – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT MERCK"

87.     With respect to the allegations contained in paragraph 84 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 86 of this Answer with the same force and effect as though set forth here in full.

88.    The allegations contained in paragraph 85 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 85 of the Complaint. Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

89.    Denies each and every allegation contained in paragraph 86 of the Complaint, including its subparts a through f.

90.    Denies each and every allegation contained in paragraph 87 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

91.    Denies each and every allegation contained in paragraph 88 of the Complaint.

92.    Denies each and every allegation contained in paragraph 89 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

93.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 89 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the

unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT V – DECEPTIVE TRADE PRACTICES ACT – AGAINST DEFENDANT MERCK"

94.     With respect to the allegations contained in paragraph 90 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 93 of this Answer with the same force and effect as though set forth here in full.

95.     The allegations contained in paragraph 91 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 91 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

96.     The allegations contained in paragraph 92 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 92 of the Complaint.

97.     Denies each and every allegation contained in paragraph 93 of the Complaint, except admits Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

98.     Denies each and every allegation contained in paragraph 94 of the Complaint, except admits that Merck trains its professional representatives.

99.     Denies each and every allegation contained in paragraph 95 of the Complaint, except admits that Plaintiff purports to seek damages and other relief but denies that there is any legal or factual basis for such relief.

100.    Denies each and every allegation contained in paragraph 96 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

101.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 96 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT VI – FRAUDULENT MISREPRESENTATION AGAINST DEFENDANT MERCK"

102.    With respect to the allegations contained in paragraph 97 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 101 of this Answer with the same force and effect as though set forth here in full.

103.    Denies each and every allegation contained in paragraph 98 of the Complaint.

104.    Denies each and every allegation contained in paragraph 99 of the Complaint.

105.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 100 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 100 of the Complaint.

106.    Denies each and every allegation contained in paragraph 101 of the Complaint.

107.    Denies each and every allegation contained in paragraph 102 of the Complaint.

108.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 103 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 103 of the Complaint.

109.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 104 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 104 of the Complaint.

110.    Denies each and every allegation contained in paragraph 105 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

111.    Denies each and every allegation contained in paragraph 106 of the Complaint.

112.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 106 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the

unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT VII – FRAUDULENT OMISSION/CONCEALMENT AGAINST DEFENDANT MERCK"**

113.    With respect to the allegations contained in paragraph 107 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 112 of this Answer with the same force and effect as though set forth here in full.

114.    Denies each and every allegation contained in paragraph 108 of the Complaint.

115.    Denies each and every allegation contained in paragraph 109 of the Complaint, except admits Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

116.    Denies each and every allegation contained in paragraph 110 of the Complaint.

117.    Denies each and every allegation contained in paragraph 111 of the Complaint, except admits that Merck trains its professional representatives.

118.    The allegations contained in the first sentence of paragraph 112 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 112 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 112 of the Complaint.

119.    Denies each and every allegation contained in paragraph 113 of the Complaint.

120.    Denies each and every allegation contained in paragraph 114 of the Complaint, as it is without sufficient information or knowledge to justify a belief in the truth or falsity therein.

121.    Denies each and every allegation contained in paragraph 115 of the Complaint.

122.    Denies each and every allegation contained in paragraph 116 of the Complaint.

123.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 117 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 117 of the Complaint.

124.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 118 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 118 of the Complaint.

125.    Denies each and every allegation contained in paragraph 119 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

126.    Denies each and every allegation contained in paragraph 120 of the Complaint.

127.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 120 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the

unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

128.   The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

129.   The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

130.   To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

131.   To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

132.   The Plaintiff failed to exercise reasonable care to mitigate his alleged damages.

### AS FOR A SIXTH
### DEFENSE, MERCK ALLEGES:

133.   Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

### AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

134.   Any warnings which Merck gave were transmitted to the prescribing physicians and/or health care providers and that, under Missouri law, Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

135.   The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

136.   The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

137.   The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

138.   The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

139.   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

140.   The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

141.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

142.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

143.    To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

144.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

145.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

146.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

147.    To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A TWENTY-FIRST
DEFENSE, MERCK ALLEGES:**

148.   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

**AS FOR A TWENTY-SECOND
DEFENSE, MERCK ALLEGES:**

149.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

**AS FOR A TWENTY-THIRD
DEFENSE, MERCK ALLEGES:**

150.   To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A TWENTY-FOURTH
DEFENSE, MERCK ALLEGES:**

151.   To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

152.   The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

153.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

154.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

155.    To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

156.    A finding of liability under current Missouri law and procedure would violate defendant's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

a.      Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

     i.      This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

     ii.     Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

     iii.    This also denies defendant any meaningful review by the trial court of the submissibility of plaintiff's claims as to certain defects, and

     iv.    This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which plaintiff does not have substantial evidence, a defect never claimed by plaintiff's experts or a defect never mentioned in the evidence at the trial.

b.    Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.    Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

157.   Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

158.   Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

159.   Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

160.   Missouri standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri

Constitution, because it permits the imposition of a state fine without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

161.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a jury the authority to set fines.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

162.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a less than unanimous jury to impose the criminal penalty of punitive damages and permits verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of nine jurors to impose and set the amount of punitive damages, which group is different from the group of nine that originally found the prerequisite liability for compensatory damages, so that no group of nine may have agreed on the entire verdict upon which judgment is entered.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

163.    Missouri's scheme for punitive damages, including without limitation, the Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate, both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

     a.     Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

b.  Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

c.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

d.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

e.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

f.  Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

g.  Missouri law allows multiple punitive damage awards for the same conduct;

h.  Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

i.  Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.  Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.  Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of

adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.    Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly on the basis of economic status bearing no relationship to the incident, the damages sustained by the plaintiff, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m.    Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.    Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

o.    Missouri law allows a less than unanimous jury to impose the penalty of punitive damages and allows one group of nine jurors to find the prerequisite liability for compensatory damages and another group of nine to impose and set the amount of punitive damages, so that no group of nine jurors agrees on the verdict upon which judgment is entered.

### AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

164.    Missouri law requiring proof of punitive damages by clear and convincing evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675

has criminalized punitive damages, so that a charge of punitive damages should be proven beyond a reasonable doubt to a unanimous jury.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

165.    Any plaintiff who purchased Vioxx outside of Missouri has no claim under the Missouri Merchandising Practices Act because that Act does not apply to transactions that occur wholly outside of Missouri.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

166.    Plaintiff lacks standing to assert claims under Missouri Merchandising Practices Act or any Missouri consumer protection statute.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

167.    Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

168.    Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

169.    Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

170.    Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

171.    Plaintiff is not entitled to recover exemplary or punitive damages because Plaintiff's claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

172.    Plaintiff is not entitled to recover exemplary or punitive damages because Plaintiff's claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitutions and comparable provisions of the Missouri Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

173.    Plaintiff is not entitled to recover exemplary or punitive damages because Plaintiff's claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free  from unreasonable searches and seizures in this case.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

174.    Plaintiff is not entitled to recover exemplary or punitive damages because Plaintiff's claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Missouri Constitution.

### AS FOR A FORTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

175.    Plaintiff is not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

### AS FOR A FORTY-NINTH
### DEFENSE, MERCK ALLEGES:

176.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

### AS FOR A FIFTIETH
### DEFENSE, MERCK ALLEGES:

177.    Plaintiff is not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution.

### AS FOR A FIFTY-FIRST
### DEFENSE, MERCK ALLEGES:

178.    The Complaint and the causes of action contained therein is barred in whole or in part by the United States and Missouri Constitution which prohibit the extra-territorial application of state law.

**AS FOR A FIFTY-SECOND
DEFENSE, MERCK ALLEGES:**

179.    Merck demands a trial by jury of all issues.

**AS FOR A FIFTY-THIRD
DEFENSE, MERCK ALLEGES:**

180.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

**AS FOR A FIFTY-FOURTH
DEFENSE, MERCK ALLEGES:**

181.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  February  6  , 2006

Respectfully submitted,

*Melissa V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa Vanderbrook Beaugh, 28250
                Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
                Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this  6  day

of February, 2006.

*Melissa V. Beaugh*