FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -6  PM 1: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | *   MDL No. 1657 |
| | * |
| | *   SECTION L |
| | * |
| | *   JUDGE ELDON E. FALLON |
| | * |
| | *   MAGISTRATE JUDGE |
| | *   DANIEL E. KNOWLES, III |
| | * |
| | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:  *Penny Downes v. Merck & Co., Inc.*, Case No. 05-6485.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiff's Original Complaint ("Complaint") as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "I.  INTRODUCTION"

1.1     Denies each and every allegation contained in paragraph 1.1 of the

Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that

there is any legal or factual basis for such relief.  Merck further admits that it marketed the

prescription medicine Vioxx® ("Vioxx"), which was approved by the U.S. Food & Drug

Administration ("FDA") as safe and effective for certain indicated uses subject to the

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No _____

information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

### RESPONSE TO
### "II.  PLAINTIFF"

2.1    Denies each and every allegation contained in the first sentence of paragraph 2.1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 2.1 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "III.  DEFENDANT"

3.1    Denies each and every allegation contained in paragraph 3.1 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business in New Jersey, is authorized to do business in Texas.  Merck further admits that it may be served as allowed by applicable state and/or federal law, which for individual actions in *In Re: Vioxx Products Liability Litigation*, MDL No. 1657, includes the procedures outlined in Pretrial Order No. 15 issued by Judge Eldon E. Fallon on May 31, 2005.

### RESPONSE TO
### "IV.  JURISDICTION AND VENUE"

4.1    The allegations contained in the first and second sentences of paragraph 4.1 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 4.1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such

relief.  The allegations contained in the third sentence of paragraph 4.1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 4.1 of the Complaint.

## RESPONSE TO
## "V.  SUBSTANTIVE ALLEGATIONS"

5.1    Denies each and every allegation contained in paragraph 5.1 of the Complaint, except admits that Merck is authorized to do business in Nebraska.

5.2    Denies each and every allegation contained in paragraph 5.2 of the Complaint, except admits that Merck has employees, agents, and representatives.

5.3    Denies each and every allegation contained in paragraph 5.3 of the Complaint, except admits that it marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.4    Denies each and every allegation contained in paragraph 5.4 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.5    Denies each and every allegation contained in paragraph 5.5 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range

of innovative pharmaceutical products to improve human health and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.6     Denies each and every allegation contained in paragraph 5.6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.7     Denies each and every allegation contained in paragraph 5.7 of the Complaint.

5.8     Denies each and every allegation contained in paragraph 5.8 of the Complaint.

5.9     Denies each and every allegation contained in paragraph 5.9 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

5.10    Denies each and every allegation contained in paragraph 5.10 of the Complaint, except admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

5.11    Denies each and every allegation contained in paragraph 5.11 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDAs for their actual language and full text.

5.12    Denies each and every allegation contained in paragraph 5.12 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

5.13    Denies each and every allegation in paragraph 5.13 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.14    With respect to the allegations contained in paragraph 5.14 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 5.15 through 5.63 of this Answer with the same force and effect as though set forth here in full.

5.15    Denies each and every allegation contained in paragraph 5.15 of the Complaint, except admits that Merck received a letter from a regulatory review officer in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

5.16    Denies each and every allegation contained in paragraph 5.16 of the Complaint.

5.17    Denies each and every allegation contained in paragraph 5.17 of the Complaint, except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the referenced study for its actual language and full text.

5.18    Denies each and every allegation contained in paragraph 5.18 of the Complaint, except admits that Merck issued a press release dated March 27, 2000 and respectfully refers the Court to the referenced press release for its actual language and full text.

5.19    Denies each and every allegation contained in paragraph 5.19 of the Complaint, except admits that the studies referenced in paragraph 5.19 of the Complaint exist and respectfully refers the Court to said studies for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

5.20    Denies each and every allegation contained in paragraph 5.20 of the Complaint, except admits that the studies and publication referenced in paragraph 5.20 of the Complaint exist, and respectfully refers the Court to said studies and publication for their actual language and full text.

5.21    Denies each and every allegation contained in paragraph 5.21 of the Complaint.

5.22    Denies each and every allegation contained in paragraph 5.22 of the Complaint, except admits that worldwide sales figures for Vioxx exceeded $2.0 billion in 2000.

5.23    Denies each and every allegation contained in paragraph 5.23 of the Complaint, except admits that the referenced publication and study exist and respectfully refers the Court to said publication and study for their actual language and full text.

5.24    Denies each and every allegation contained in the first paragraph 5.25 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

5.25    Denies each and every allegation contained in the second paragraph 5.25 of the Complaint, except admits that the referenced briefing document and memorandum exist and respectfully refers the Court to said documents for their actual language and full text.

5.26    The allegations contained in the first sentence of paragraph 5.26 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 5.26 of the Complaint, except admits that Public Citizen has made certain statements regarding Vioxx and respectfully refers the Court to the referenced statement for its actual language and full text.  Merck denies each and every allegation contained in the second sentence of paragraph 5.26 of the Complaint.

5.27    Denies each and every allegation contained in paragraph 5.27 of the Complaint except admits that Merck issued a press release on May 22, 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.

5.28    Denies each and every allegation contained in paragraph 5.28 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

5.29    Denies each and every allegation contained in paragraph 5.29 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

5.30    Denies each and every allegation contained in paragraph 5.30 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

5.31    Merck denies each and every allegation contained in paragraph 5.31 of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

5.32    Denies each and every allegation contained in paragraph 5.32 of the Complaint, except admits that worldwide sales figures for Vioxx exceeded $2 billion in 2000 and 2003.

5.33    Denies each and every allegation contained in paragraph 5.33 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

5.34    Denies each and every allegation contained in paragraph 5.34 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

5.35    Denies each and every allegation contained in paragraph 5.35 of the Complaint, except admits the existence of the journal and the study contained therein and respectfully refers the Court to the referenced publication for its actual language and full text.

5.36    Denies each and every allegation contained in paragraph 5.36 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.37    Denies each and every allegation contained in paragraph 5.37 of the Complaint.

5.38    Denies each and every allegation contained in paragraph 5.38 of the Complaint, except admits that the referenced article and study exist and respectfully refers the Court to said article and study for their actual language and full text.

5.39    Denies each and every allegation contained in paragraph 5.39 of the Complaint, except admits that the referenced system for adverse event reporting exists although the reports on the system are not necessarily accurate, and various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.

5.40    Denies each and every allegation contained in paragraph 5.40 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

5.41    Denies each and every allegation contained in paragraph 5.41 of the Complaint, and avers that Merck disagreed with some of the language in the referenced published paper and therefore determined that it was not appropriate for a Merck author's name to appear on the published paper.

5.42    Denies each and every allegation contained in paragraph 5.42 of the Complaint, except admits that 2003 Vioxx worldwide sales figures exceeded $2 billion.

5.43    Denies each and every allegation contained in paragraph 5.43 of the Complaint, except admits that Dorothy Hamill was featured in ad campaigns for Vioxx and that Dorothy Hamill and Bruce Jenner were spokespersons for Vioxx.

5.44    Denies each and every allegation contained in paragraph 5.44 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.45    Denies each and every allegation contained in paragraph 5.45 of the Complaint, except admits the existence of the journal and the study and respectfully refers the Court to the referenced publication and study for their actual language and full text.

5.46    Denies each and every allegation contained in paragraph 5.46 of the Complaint.

5.47    Denies each and every allegation contained in paragraph 5.47 of the Complaint, except admits the existence of the referenced study and respectfully refers the Court to the referenced study for its actual language and full text.

5.48    Denies each and every allegation contained in paragraph 5.48 of the Complaint, except admits the existence of the referenced study and respectfully refers the Court to the referenced study for its actual language and full text.

5.49    Denies each and every allegation contained in paragraph 5.49 of the Complaint, except admits that on August 26, 2004, Merck issued a press release and respectfully refers the Court to that press release for its actual language and full text.

5.50    Denies each and every allegation contained in paragraph 5.50 of the Complaint, except admits the existence of the referenced e-mail and respectfully refers the Court to that e-mail for its actual language and full text.

5.51    Denies each and every allegation contained in paragraph 5.51 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

5.52    Denies each and every allegation contained in paragraph 5.52 of the Complaint.

5.53    Denies each and every allegation contained in paragraph 5.53 of the Complaint.

5.54    Denies each and every allegation contained in paragraph 5.54 of the Complaint, except admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board ("ESMB") had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx. Merck further admits that a teleconference with Dr. Neaton and other ESMB members occurred on September 17, 2004.

5.55    Denies each and every allegation contained in paragraph 5.55 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that on September 23, 2004, Merck was informed that the ESMB had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

5.56    Denies each and every allegation contained in paragraph 5.56 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on

September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

   5.57 Denies each and every allegation contained in paragraph 5.57 of the Complaint, except admits that Merck has estimated that there were approximately 105 million prescriptions for Vioxx written in the United States from May 1999 through August 2004 and that, based on this estimate, Merck has estimated that the number of patients who have taken Vioxx in the United States since May 1999 is approximately 20 million.  Merck avers that these figures are approximate numbers based on information received from various sources outside of Merck.

   5.58 Denies each and every allegation contained in paragraph 5.58 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

   5.59 Denies each and every allegation contained in paragraph 5.59 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

   5.60 Denies each and every allegation contained in paragraph 5.60 of the Complaint, except admits that Plaintiff purports to quote Dr. Topol and respectfully refers the Court to Dr. Topol's referenced statement for its actual language and full text.

5.61    Denies each and every allegation contained in paragraph 5.61 of the Complaint, except admits that Plaintiff purports to quote Dr. Jerry Avorn and respectfully refers the Court to Dr. Avorn's referenced statement for its actual language and full text.

5.62    Denies each and every allegation contained in paragraph 5.62 of the Complaint, except admits that on September 30, 2004, Merck issued a statement regarding Vioxx and respectfully refers the Court to the statement for its actual language and full text.

5.63    Denies each and every allegation contained in paragraph 5.65 of the Complaint, except admits that Plaintiff purports to quote Dr. David Campen and respectfully refers the Court to Dr. Campen's referenced statement for its actual language and full text.

**RESPONSE TO "VI.  COUNT I:
STRICT PRODUCTS LIABILITY"**

6.1    With respect to the allegations contained in paragraph 6.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.1 through 5.63 of this Answer with the same force and effect as though set forth here in full.

6.2    Denies each and every allegation contained in the first sentence of paragraph 6.2 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Nebraska.  The allegations contained in the second sentence of paragraph 6.2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6.2 of the Complaint, except admits that Plaintiff purports to seek economic and other relief based upon

"the doctrine of Strict Products Liability," but denies that there is any legal or factual basis for such relief.

6.3    Denies each and every allegation contained in the first sentence of paragraph 6.3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 6.3 of the Complaint.

6.4    Denies each and every allegation contained in paragraph 6.4 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

6.5    Denies each and every allegation contained in paragraph 6.5 of the Complaint.

6.6    Denies each and every allegation contained in paragraph 6.6 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

6.7    Denies each and every allegation contained in paragraph 6.7 of the Complaint.

6.8    The allegations contained in the first sentence of paragraph 6.8 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 6.8 of the Complaint.  Merck denies each and every allegation contained in the second and third sentences of paragraph 6.8 of the Complaint, except admits that it

manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the fourth sentence of paragraph 6.8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

      6.9    Denies each and every allegation contained in paragraph 6.9 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

**RESPONSE TO**
**"VII.  COUNT II:  NEGLIGENCE"**

      7.1    With respect to the allegations contained in paragraph 7.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.1 through 6.9 of this Answer with the same force and effect as though set forth here in full.

      7.2    Denies each and every allegation contained in first, second, third, fourth and sixth sentences of paragraph 7.2 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.  The allegations contained in the fifth sentence of paragraph 7.2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the fifth sentence of paragraph 7.2

15

of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

7.3     Denies each and every allegation contained in paragraph 7.3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

### RESPONSE TO "VIII.  COUNT III: <br> <u>MISREPRESENTATION AND FRAUD"</u>

8.1     With respect to the allegations contained in paragraph 8.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.1 through 7.3 of this Answer with the same force and effect as though set forth here in full.

8.2     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 8.2 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 8.2 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

8.3     Denies each and every allegation contained in paragraph 8.3 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was

approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

8.4    Denies each and every allegation contained in the first and third sentences of paragraph 8.4 of the Complaint.   The allegations contained in the second sentence of paragraph 8.4 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 8.4 of the Complaint.

8.5    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 8.5 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 8.5 of the Complaint, except admits that Plaintiff purports to seek exemplary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "IX.  COUNT IV:  BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY"

9.1    With respect to the allegations contained in paragraph 9.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.1 through 8.5 of this Answer with the same force and effect as though set forth here in full.

9.2    Denies each and every allegation contained in paragraph 9.2 of the Complaint.

9.3    The allegations contained in paragraph 9.3 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations not directed toward Merck in paragraph 9.3 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 9.3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was FDA-approved as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

9.4     Denies each and every allegation contained in paragraph 9.4 of the Complaint.

## RESPONSE TO "X.  COUNT V:  BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

10.1     With respect to the allegations contained in paragraph 10.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.1 through 9.4 of this Answer with the same force and effect as though set forth here in full.

10.2     Denies each and every allegation contained in paragraph 10.2 of the Complaint.

10.3     Denies each and every allegation contained in paragraph 10.3 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

10.4     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 10.4 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 10.4 of the Complaint.

10.5   Denies each and every allegation contained in paragraph 10.5 of the Complaint.

**RESPONSE TO "XI.  COUNT VI:
BREACH OF EXPRESS WARRANTY"**

11.1   With respect to the allegations contained in paragraph 11.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.1 through 10.5 of this Answer with the same force and effect as though set forth here in full.

11.2   Denies each and every allegation contained in paragraph 11.2 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was FDA-approved as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

**RESPONSE TO
"XII.  AGENCY"**

12.1   With respect to the allegations contained in paragraph 12.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.1 through 11.2 of this Answer with the same force and effect as though set forth here in full.

12.2   Denies each and every allegation contained in paragraph 12.2 of the Complaint, except admits that Plaintiff purports to define terms within this Complaint.

**RESPONSE TO "XIII.  ALLEGATIONS AND
CAUSES OF ACTION IN THE ALTERNATIVE"**

13.1   With respect to the allegations contained in paragraph 13.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1.1 through 12.2 of this Answer with the same force and effect as though set forth here in full.

13.2    Denies each and every allegation contained in paragraph 13.2 of the Complaint, except admits that Plaintiff purports to allege factual allegations and/or causes of action in the alternative.

## RESPONSE TO
## "XIV.  CAUSATION"

14.1    With respect to the allegations contained in paragraph 14.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.1 through 13.2 of this Answer with the same force and effect as though set forth here in full.

14.2    Denies each and every allegation contained in paragraph 14.2 of the Complaint.

## RESPONSE TO
## "XV.  JURY TRIAL REQUEST"

15.1    The statements contained in paragraph 15.1 of the Complaint are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO
## "PRAYER"

16.1    The allegations contained in the final, unnumbered "Wherefore" paragraph under the heading "Prayer" in the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 6, except admits that Plaintiff purports to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

17.1.   The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

17.2.   The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

17.3.   To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

17.4.   To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

17.5.   The Plaintiff failed to exercise reasonable care to mitigate her alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

17.6.   Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations, and is otherwise untimely.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

17.7.    To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

17.8.    The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

17.9.    The claims of the Plaintiff are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

17.10. The  claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

17.11. The  claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

17.16. To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

17.17. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

17.18. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the Plaintiff's misuse or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

17.19. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature, intervening or superceding cause or causes, or were the natural progression of a preexisting condition.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

17.20. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiff to a sufficient degree to bar any recovery.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

17.21 Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

17.22. The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

17.23. To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice of breach, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

17.24. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, laches, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

17.25. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its

answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

17.26. To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

17.27. To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

17.28. The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

17.29. Plaintiff's claim for punitive damages contravene Neb. Const. Art. VII § 5 and are, therefore, not recoverable in this action. *Miller v. Kingsley*, 194 Neb. 123, 230 N.W.2d 472 (1975).

## AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

17.30. Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

17.31.   Merck avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

17.32. Merck avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

17.33.   Plaintiff's claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

17.34.   In the event the Plaintiff has suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiff's alleged damages, injuries, and/or losses.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

17.35.   There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

17.36. To  the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to her claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

17.37. The  claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A THIRTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

17.38. To  the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil Procedure.

### AS FOR A THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

17.39. To  the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

17.40. Plaintiff's  claim for attorney's fees are barred as there is no Nebraska statute authorizing such an award.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

17.41. Merck demands a trial by jury of all issues.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

17.42. Pursuant  to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its  rights  regarding  transfer  of  this  matter,  upon  the  completion  of  all  pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

17.43. Merck  hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

30

    3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.