# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | **JUDGE FALLON** |
| This document relates to | * | |
| | * | **MAGISTRATE** |
| Eva Lucille Adams v. Merck & Co., Inc., | * | **JUDGE KNOWLES** |
| No. 05-4326, And Only Regarding Fred | * | |
| Allen, Mascale Eugene Bellis, Rick | * | |
| Calvert, Terry Colson, Rebecca Fox, | * | |
| Gerald Fraley, Jacquline Lewis and | * | |
| Mozell Sullivan | * | |
| | * | |
| Harriet Aldridge et al v. Merck & Co., | * | |
| Inc., No. 05-6346, And Only Regarding | * | |
| Raymond Bell and Edward Huff as next | * | |
| of kin of Paul Huff | * | |
| | * | |
| Sam Fife et al v. Merck & Co., Inc., No. | * | |
| 05-6348, And Only Regarding Michael | * | |
| Francone as next of kin of Fannie | * | |
| Lillibridge | * | |
| | * | |
| Daryl Hill et al v. Merck & Co., Inc., No. | * | |
| 05-4325, And Only Regarding Gary | * | |
| Arrington | * | |
| | * | |
| Earlene McBride et al v. Merck | * | |
| & Co., Inc., No. 05-3420, And | * | |
| Only Regarding Patricia Deters | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED
MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE
DISMISSED FOR PROVIDING A GROSSLY DEFICIENT PLAINTIFF PROFILE
FORM IN NON-COMPLIANCE WITH PRE-TRIAL ORDER NO. 18B**

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring plaintiffs in the cases captioned above to show cause why their individual claims should not be dismissed for failure to provide a responsive and complete Plaintiff Profile Form in compliance with Pre-Trial Order No. 18B ("PTO 18B" or "the Order"). A full list of these cases and plaintiffs is included in Exhibit A of this Memorandum. As more fully set forth below in the accompanying memorandum and exhibits, plaintiffs in these cases have failed, after repeated warnings, to furnish a responsive, let alone a "complete" Plaintiff Profile Form ("PPF") as required by PTO 18B.

## BACKGROUND

On September 14, 2005, the Court entered PTO 18B.[1] PTO 18B governs, among other things, the service and production requirements for PPFs and PPF-related documents. (PTO 18B ¶ 1.) Plaintiffs' counsel has served Merck with grossly deficient PPFs, which have been reviewed. PTO 18B directs plaintiffs to produce "verified PPFs, signed and dated Authorizations, and all responsive documents" by certain dates. (*Id.* ¶ 2.) The Order provides only one 20-day extension of time if a plaintiff fails to provide a fully responsive PPF. (*Id.* ¶ 4.) "No other extensions will be granted." (*Id.*)

On January 3, 2006 during last month's pretrial conference, the Defendants' Liaison Counsel ("DLC") advised the Court of the large number of deficient and incomplete PPFs. Furthermore, the DLC informed the Court and Plaintiffs' Liaison Counsel ("PLC") of its intention to move to dismiss plaintiff's claims where they have failed to provide a fully responsive PPF. The Court also noted its intention to dismiss plaintiffs' cases where it appeared

---

[1] PTO 18B supersedes both PTO 18, entered on August 4, 2005, and PTO 18A, entered on August 16, 2005.

798223v.1

that plaintiffs were uninterested in pursuing their claims or where plaintiffs were obstructing the pace of this litigation. (Tr. 1/3/06 Status Conference at 25-26.)

The attached chart, Exhibit A, lists the names, case captions, docket numbers, and counsel of thirteen plaintiffs who submitted a grossly deficient PPF. Plaintiffs' counsel directed Merck to "see medical records" for key sections of the PPF, e.g., Vioxx use dates, date(s) of alleged injury(ies), treating physician(s) information, etc. However, no medical records were provided. Thus, those responses are as good as blank responses. Even if medical records had been attached, referring Merck's counsel to "see medical records" would be an inappropriate response. In each case, Merck's counsel has sent plaintiffs' counsel a letter advising of the failure to produce a responsive PPF and specifically identifying each deficiency. (Ex. O.) More than twenty days have passed in each of these cases, and plaintiffs have neither produced a responsive PPF nor requested an extension of time to provide a responsive PPF. Accordingly, Merck now moves, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the plaintiffs listed above because they have failed to comply with PTO 18B.

## ARGUMENT

This Court should dismiss the claims of the thirteen plaintiffs captioned above for their failure to comply with PTO 18B. Paragraph 4 of the Order states that:

> Plaintiffs who fail to provide *complete and verified* PPFs ... within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel or his designee and shall be given twenty (20) additional days to cure such deficiency. *No other extensions will be granted.*

3

798223v.1

(PTO 18B ¶ 4 (emphasis added).) Pursuant to this paragraph, Merck notified each of the thirteen plaintiffs that he or she failed to serve a complete and verified PPF. (*See* Exs. B-N.)[2] On January 3, 2006, Merck also notified the Court and the DLC that it intended to move "to dismiss the complaints of those plaintiffs who fail[ed] to cure deficiencies after due notice." (Joint Report No. 10, at 8.) The 20-day extension has elapsed, and the specified plaintiffs have still failed to fulfill their mandatory discovery obligations.

Where a party fails to obey court-ordered discovery, the court may dismiss that party's action. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b); *In re Propulsid Prod. Liab. Litig.*, MDL 1355, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) (dismissing with prejudice plaintiffs' actions for failing to furnish timely their PPFs in violation of the Court's pretrial order); *see also Hickman v. Fox Television Station Inc.*, 231 F.R.D. 248 (S.D. Tex. 2005) (dismissing plaintiffs action for failure to comply with a court order demanding the production of relevant documents). It is especially appropriate to dismiss actions for failure to produce court-ordered discovery where plaintiffs have already received express warnings that such violations would result in dismissal. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Thus, in *Propulsid*, this Court dismissed various plaintiffs' claims with prejudice for failing to comply with the applicable deadlines for profile forms in that proceeding. *Propulsid*, 2003 WL 22383576, at *1. Here, Merck has notified plaintiffs that it

---

[2] Exs. B and K attached hereto include two PPFs for each exhibit because plaintiffs' counsel provided Merck with an amended PPF subsequent to its original PPF. In Ex. B, for plaintiff Fred Allen, plaintiff's counsel first provided a PPF on December 12, 2005, which is in effect blank. On January 26, 2006, plaintiff's counsel provided an amended PPF, which is grossly deficient because it inappropriately directs defendants to review plaintiff's medical records. In Ex. K, for plaintiff Edward Huff as next of kin of Paul Huff, plaintiff's counsel first provided a PPF on December 12, 2005, which is in effect blank. On January 24, 2006, plaintiff's counsel provided an amended PPF, which is grossly deficient because it inappropriately directs defendants to review plaintiff's medical records.

798223v.1

intends to seek the dismissal of a plaintiff's claims with prejudice if that plaintiff fails to provide a timely PPF under PTO 18B. The Court has likewise noted its intention to dismiss such cases. (Tr. 1/3/06 Status Conference at 25-26.) Accordingly, as in *Propulsid*, this Court should dismiss the claims of the plaintiffs listed above.

In addition to the specified plaintiffs' failure to comply with this Court's orders, their claims should also be dismissed for the resulting harm that their silence causes Merck. The failure to serve a completed PPF prejudices Merck. *See Hickman*, 231 F.R.D. at 253. The PPF provides Merck with basic information necessary to defend these cases. However, plaintiffs' counsel directed Merck to review medical records, which counsel has not provided. Therefore, those responses are in effect blank responses. Again, even if medical records had been attached to the PPFs, referring Merck to "see medical records" would be an inappropriate response. Merck should not be required to review voluminous medical records to identify very basic information requested in the PPF. Without a complete and verified PPF, Merck lacks critical information about the background of plaintiff, his or her use of Vioxx, the injuries alleged, health care providers who rendered care and other information needed to defend itself against the claims alleged.

798223v.1

## CONCLUSION

For the foregoing reason, Merck respectfully asks the Court to order the specified plaintiffs to appear before this Court and show cause why their claims should not be dismissed with prejudice for failure to provide a responsive and complete Plaintiff Profile Form incompliance with PTO 18B.

DATED: February 2, 2006

                                              Respectfully submitted,

                                              */s/ Dorothy H. Wimberly*
                                              Phillip A. Wittmann, 13625
                                              Dorothy H. Wimberly, 18509
                                              Carmelite M. Bertaut, 3054
                                              STONE PIGMAN WALTHER
                                              WITTMANN L.L.C.
                                              546 Carondelet Street
                                              New Orleans, Louisiana 70130
                                              Phone: 504-581-3200
                                              Fax:   504-581-3361

                                              Defendants' Liaison Counsel

798223v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 2nd day of February, 2006.

*Dorothy H. Wimberly*

798223v.1

SEE RECORD FOR

EXHIBITS

OR

ATTACHMENTS

NOT SCANNED