UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

*U.S. FILED*
*EASTERN DISTRICT COURT*
*DISTRICT OF LA*
*2006 FEB -7  PH 12: 58*
*LORETTA G. WHYTE*
*CLERK*

| | |
|---|---|
| In re:  VIOXX | )  MDL Docket No.  1657 |
| Products Liability Litigation | ) |
| | )  SECTION L |
| | ) |
| This Document Relates to: | )  JUDGE FALLON |
| Margaret Hadley, et al., | ) |
| Plaintiff, | )  MAGISTRATE JUDGE KNOWLES |
| v. | ) |
| Merck & Co., Inc., et al., | ) |
| Defendant. | ) |
| CASE NO.:  05-4775 | ) |

## RENEWED MOTION TO DISMISS, PURSUANT TO RULE 54(b), AND INCORPORATED MEMORANDUM IN SUPPORT OF SAME

COME NOW, PAUL FELLERS, M.D.; CHARLES SHERMAN, M.D.; and

WILLIAM HICKS, III, M.D., three of the Defendants in the above-styled cause, and file this

Renewed Motion to Dismiss, Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

and Incorporated Memorandum in Support of Same. Dr. Fellers, Dr. Hicks, and Dr. Sherman

move this Court to dismiss plaintiffs' claims against them, thereby dismissing Dr. Paul

Fellers, Dr. William Hicks, and Dr. Charles Sherman from this lawsuit, pursuant to Federal

Rules of Civil Procedure 54(b).  As grounds for this motion, Dr. Fellers, Dr. Hicks, and Dr.

Sherman show unto the Court the following:

B0554947

1

Fee_____
Process_____
X   Dktd_____
CtRmDep_____
Doc. No._____

## I. **PROCEDURAL BACKGROUND**

1.     On August 10, 2005, the co-Defendant, Merck & Company, Inc. ("Merck"), removed this action to federal court, this to the Southern District of Alabama, Southern Division. As basis for the removal, Merck argued that these co-Defendants, Drs. Hicks, Sherman, and Fellers, were fraudulently joined by the Plaintiffs for purposes of destroying diversity jurisdiction. Merck, on that same date, also filed a Motion to Stay pending a "likely" transfer of the cause to *In re VIOXX Products Liab. Litig.* (MDL-1657), that "MDL proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability cases involving alleged health risks from VIOXX." Merck failed to designate Drs. Hicks, Sherman, and Fellers for service within the referenced Notice of Removal, much less within the Motion to Stay.

2.     Unbeknownst of the Removal, these Defendants, on or about August 15, 2005, filed a Motion to Dismiss with the Circuit Court of Mobile County, Alabama, a copy of which is attached hereto as Exhibit "A."

3.     On that same date, in the separate lower federal district court, the Honorable W. Brevard Hand endorsed an Order granting Merck's Motion to Stay the cause in federal court pending the determination of any transfer of the matter to the MDL proceeding established in the Eastern District of Louisiana. These Defendants had no notice of this Order. The Plaintiffs, on August 22, 2005, filed a Motion to Remand and Motion in Opposition to Merck's Motion to Stay. These Defendants, but not their counsel, were

B0554947                                        2

designated for service on these pleadings. The lower federal district court, on the following day, ordered that the Motion to Remand was stayed pending the MDL panel's determination as to whether the case was to be transferred to the Eastern District of Louisiana.

4. Ultimately, these Defendants learned that the co-Defendant, Merck, had removed the case to federal court and thus, on September 1, 2005, promptly filed a Notice of Filing with the Southern District of Alabama, Southern Division, it attaching that Motion to Dismiss filed with the state court and reserving and asserting, as if fully set out therein, those original grounds as stated for dismissal of the cause. Of course, by that time, the matter was already stayed in the lower federal district court and is now before the MDL panel pursuant to Merck's request.

## II. ARGUMENT

These Defendants move this Honorable Court to dismiss the Complaint heretofore filed in this matter on the following separate and several grounds:[1]

1. The Plaintiff's Complaint against Drs. Hicks, Sherman, and Fellers fails to state a claim upon which relief may be granted.

---

[1]Within their original Motion to Dismiss, these Defendant expressly referenced the issue of improper venue and the applicable statute of limitations. While not mentioned here, these issues are expressly reserved.

2.      The Plaintiff's Complaint against Drs. Hicks, Sherman and Fellers is due to be

dismissed for failure to comply with <u>Ala</u>. <u>Code</u> § 6-5-551, it governing the instant claim as

it would relate to these Defendants.[2]  <u>Ala</u>. <u>Code</u> § 6-5-551 provides as follows:

> In any action for injury, damages, or wrongful death, whether in
> contract or tort, against a health care provider for breach of the
> standard of care *the plaintiff shall include in the complaint a
> detailed specification and a factual description of each act and
> omission alleged by the plaintiff to render the health care
> provider liable to the plaintiff and shall include when feasible
> and ascertainable the date, time, and place of the acts or acts .
> . . **any complaint which fails to include such detailed
> specification and factual description shall be subject to
> dismissal for failure to state a claim upon which relief may be
> granted.** <u>See</u> <u>Ala</u>. <u>Code</u> § 6-5-551 (emphasis added).

Here, the Plaintiffs' claims against these Defendants fail to satisfy the strict tenets of

<u>Ala</u>. <u>Code</u> § 6-5-551 and are due to be dismissed.  Indeed, the Plaintiffs claims against these

Defendant physicians are conclusory and unsubstantiated, and wholly fail to set forth the

date, time, and place of those acts or omissions for which the plaintiffs seek redress, much

less set forth these factors with the required detailed specificity.[3]   Rather, the Plaintiffs'

claim, quite simply, states that these Defendants prescribed Vioxx, had notice of alleged

unreasonable and dangerous risks, and are thus liable.  Another federal district court, while

---

[2]The Plaintiffs, within their Motion to Remand, have effectively conceded that their claim against these Defendants is governed by the Alabama Medical Liability Act, to which <u>Ala</u>. <u>Code</u> § 6-5-551 is part.

[3]Indeed, these Defendants expect the evidence to show that one of the defendants, Dr. Charles Sherman, never prescribed Vioxx to *any* of the named Plaintiffs in this cause.

adjudging an exact same Vioxx-related Complaint filed by the same Plaintiffs' firm,[4] has already effectively deemed the physician-related allegations at play here insufficient under Ala. Code § 6-5-551.[5]

 3. Separately, in Merck's Notice of Removal, they argue that Drs. Hicks, Sherman, and Fellers have been fraudulently joined as defendants in this lawsuit simply to defeat diversity jurisdiction. (Notice of Removal, pp. 3-9). According to Merck's Notice of Removal: "There is complete diversity in this case because the purportedly non-diverse Physician Defendants have been fraudulently joined." (Notice of Removal, p. 3). The Notice of Removal goes on to state that "'there is no possibility that the plaintiff[s] can prove a cause of action against the resident (non-diverse)' defendants." (Notice of Removal, p. 3). The Notice of Removal claims that the defendant physicians are fraudulently joined because the allegations in the plaintiffs' Complaint are "conclusory" and "are contradicted by specific

---

[4]See Complaint in that matter entitled *Juanell Y. McBryar Wilkes, et al., v. Merck & Co., Inc., CV-05-RRA-1214-S,* now styled as MDL Docket Nos: 1657 and 1699, a copy of which is attached hereto as Exhibit "B."

[5]"Because of the contradictory allegations against the physician defendants, *and the failure of the complaint to comply with Alabama law concerning specificity in making allegations against defendants,* it appears to be a good possibility that it will be determined [by the MDL] that the individual defendants were fraudulently joined."(See June 30, 2005 Order of the Honorable Robert R. Armstrong, Jr., United States Magistrate Judge for the Northern District of Alabama, Southern Division, granting Merck's Motion to Stay in that separate matter entitled *Juanell Y. McBryar Wilkes, et al., v. Merck & Co., Inc., CV-05-RRA-1214-S,* now styled as MDL Docket Nos: 1657 and 1699 a copy of which is attached hereto as Exhibit "C").

allegations that the manufacturer defendant concealed information from the general public, including healthcare providers." (Notice of Removal, p. 4).

4.     These defendant physicians agree with, adopt and incorporate by reference herein, Merck's arguments and supporting material contained in its Notice of Removal with respect to the claim that these defendant physicians were fraudulently joined. Wherefore, these defendants respectfully move that this Court enter an Order pursuant to Federal Rules of Civil Procedure 54(b) dismissing these physician defendants.

WHEREFORE, PREMISES CONSIDERED, Drs. Hicks, Sherman and Fellers, move that this Court dismiss this cause against them, for those separate and several grounds shown, and/or move that this Court find that these defendant physicians were fraudulently joined and dismiss them as defendants in this case pursuant to Federal Rule of Civil Procedure 54(b).

Respectfully submitted,

s/ROBERT P. MacKENZIE, III
    Bar No.:  MACKR8232
s/JOHN PETER CROOK McCALL
    Bar No.:  MCCAJ8134
Attorneys for said Defendants

Robert P. MacKenzie, III
STARNES & ATCHISON, LLP
Post Office Box 598512
Birmingham, AL  35259-8512
Telephone:   205-868-6000
Fax:             205-868-6098
E-mail:         rpm@starneslaw.com

B0554947                          6

John Peter Crook McCall
STARNES & ATCHISON, LLP
Riverview Plaza, Suite 1106
63 South Royal Street
Mobile, AL   36602
Telephone:   251-433-6049
Fax:            251-433-5901
E-mail:        jpm@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **RENEWED MOTION TO DISMISS, PURSUANT TO RULE 54(b), AND INCORPORATED MEMORANDUM IN SUPPORT OF SAME** has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand-delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8 on this ____7th____ day of February, 2006.

Dorothy M. Wimberly

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| MARGARET HADLEY; HAROLD PERINE; and WILLIE MAE SMITH, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| PAUL FELLERS, M.D.; CHARLES SHERMAN, M.D.; WILLIAM HICKS, III, M.D., et al., | ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.: CV-05-2428

STATE OF AL. MOBILE CO.
I CERTIFY THIS
FILE/LING WAS FILED
2005 AUG 15  P 3 40
CLERK CIRCUIT COURT

## MOTION TO DISMISS

COME NOW the Defendants identified in the Plaintiffs' Complaint as PAUL

FELLERS, M.D.; CHARLES SHERMAN, M.D.; and WILLIAM HICKS, III, M.D., and

move this Court to dismiss the Complaint heretofore filed in this matter on the following

separate and several grounds:

    1.    The Plaintiffs' Complaint fails to state a claim upon which relief can be

granted.

    2.    The Plaintiffs' Complaint is due to be dismissed for failure to comply with

Ala. Code Sec. 6-5-551.

    3.    To the extent the alleged act or omission of any of these Defendants

occurred in a county other than Mobile County, Alabama, the venue in this action is

improper.

{B0521828}



4.   To the extent that the time-period to file the lawsuit has expired, the Defendants plead the statute of limitations.

ROBERT P. MacKENZIE, III (MAC004)
JOHN PETER CROOK McCALL (MCC120)
Attorneys for said Defendants

OF COUNSEL:

Robert P. MacKenzie, III, Esq.
STARNES & ATCHISON, LLP
Post Office Box 598512
Birmingham, AL   35259-8512
205-868-6000

John Peter Crook McCall
STARNES & ATCHISON, LLP
Riverview Plaza, Suite 1106
63 South Royal Street
Mobile, AL   36602
251-433-6049

## CERTIFICATE OF SERVICE

I do hereby certify that on the ___15___ day of ___August___, 2005, I have served a copy of the foregoing pleading by mailing the same via United States Mail, properly addressed and first-class postage pre-paid, on counsel for all parties to this proceeding, as follows:

OF COUNSEL

cc:
Tom Dutton, Esq.
Pittman, Hooks, Dutton, Kirby & Hellums
2001 Park Place North
1100 Park Place Tower
Birmingham, AL  35203

2

{B0521828}

Adolf Isom, M.D.
1201 Springhill Avenue
Mobile, AL  36608

Merck & Company, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL  36109

22743

{B0521828}

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CIVIL ACTION NO.: _____ CV005    2532

| | |
|---|---|
| JUANELL Y. MCBRAYER WILKES, )<br>As Administratrix of the Estate of David )<br>L. McBrayer, deceased, and EUNICE M. )<br>DABBS, )<br> )<br>     Plaintiffs, )<br> )<br> )<br>v. )<br> )<br> ) | FILED IN OFFICE<br><br>APR 2 9 2005<br><br>ANNE-MARIE ADAMS<br>Clerk |

MERCK & CO., INC., a New Jersey corporation; PFIZER INC., a Delaware corporation; PHARMACIA & UPJOHN COMPANY, a Delaware company; PHARMACIA CORPORATION, f/k/a 1933 MONSANTO, a Delaware corporation; G.D. SEARLE, LLC., a Delaware corporation; GENE L. WATTERSON, M.D., an individual; JOSEPH SINGLETON, M.D., an individual; NELLIE CASSANDRA COMER, M.D., an individual; WALLACE PURDY, M.D., an individual; A, whether singular or plural, that entity which designed, manufactured, marketed, distributed and/or sold to Plaintiffs' the brand-name prescription drugs which contributed to cause the Plaintiffs' injuries and/or death made the basis of this suit; B, whether singular or plural, that entity which developed and/or manufactured the brand-name prescription drugs made the basis of this suit; C, whether singular or plural, that entity which advertised the brand-name prescription drugs made the basis of this suit; D, whether singular or plural, that entity which had any role in the distributive chain of the brand-name prescription drugs made the basis of this suit; E, whether singular or plural, that entity which issued any warranty, express or implied, with respect to the brand-name prescription drugs made the basis of this suit; F, whether singular or plural, that entity whose breach of warranty was a proximate cause of Plaintiffs' injuries and/or death made the basis of this suit; G, whether singular or plural, that entity which in anywise participated in any testing of any of the brand-name prescription drugs made the basis of this suit; H, whether singular or plural, that physician (including intern, resident or fellow) who distributed and/or prescribed to Plaintiffs the brand-name prescription drugs which contributed to cause the Plaintiffs' injuries and/or death made the basis of this suit; I, whether singular or plural, that hospital, clinic, or other healthcare facility which undertook to provide medical services to Plaintiffs utilizing the brand-name prescription drugs made the basis of this suit; J, whether singular or plural, that medical partnership, professional association or professional corporation which undertook to provide medical services to Plaintiffs utilizing the brand-name prescription drugs made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiffs' injuries and/or death; K, whether singular or plural, that entity which selected the brand-name prescription drugs made the basis of this suit for the particular purpose for which it was required or used; L, whether singular or plural, that entity which issued a prescription and/or samples with respect to the brand-name prescription drugs made the basis of this suit; M, whether singular or plural, that entity which provided information referable to the quality, worthiness or fitness of the brand-name prescription drugs made the basis of this suit; N, whether singular or plural, that entity which failed to warn and/or issued inadequate warnings with reference to the dangers associated



with the use of the brand-name prescription drugs made the baiss of this suit; **O**, whether singular or plural, that entity who or which tested, inspected, approved or issued any approval of the brand-name prescription drugs made the basis of this suit; **P**, whether singular or plural that entity which concerning the occasion made the basis of this suit, was the principal of any of the named and/or above-described fictitious party Defendants; **Q**, whether singular or plural, that entity which is the successor-in-interest of the named and/or above-described fictitious party Defendants; **R**, whether singular or plural, that individual and/or entity, other than those described above, the wrongful conduct of which contributed to cause the Plaintiffs' injuries and/or death made the basis of this suit.  (Plaintiffs aver that the identity of the fictitious party Defendants are otherwise unknown to Plaintiffs at this time, or, if their names are known to Plaintiffs at this time, their identity as proper party Defendants are not known to Plaintiffs at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

## COMPLAINT

Plaintiffs, JUANELL Y. MCBRAYER WILKES, as Administratrix of the Estate of David L. McBrayer, deceased, and EUNICE M. DABBS, by and through their counsel, allege in their complaint against Defendants as follows:

## STATEMENT OF THE PARTIES

1.    Plaintiff, JUANELL Y. MCBRAYER WILKES, as Administratrix of the Estate of DAVID L. MCBRAYER, deceased, (hereinafter "MCBRAYER") at all times relevant hereto, has resided in Alabama.  Plaintiff's decedent took the brand-name prescription drug Vioxx.

2.    Plaintiff, EUNICE M. DABBS, (hereinafter "DABBS") at all times relevant hereto, has resided in Alabama and took the drugs Vioxx and Celebrex.

3.  Upon information and belief, Defendant Merck & Co., Inc., (hereinafter "MERCK"), was and is a pharmaceutical company incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey. Defendant MERCK was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug Vioxx (rofecoxib).

4.  Upon information and belief, Defendant Pfizer Inc., (hereinafter "PFIZER"), was and is a pharmaceutical company incorporated under the laws of the State of Delaware with its principal place of business in New York.  Defendant PFIZER was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug Celebrex.

5.  Upon information and belief, Defendant Pharmacia & Upjohn Company, (hereinafter "PHARMACIA"), was and is a pharmaceutical company incorporated under the laws of the State of Delaware with its principal place of business in New York.  Defendant PHARMACIA was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug Celebrex (celecoxib).

6.  Upon information and belief, Defendant Pharmacia Corporation f/d/b/a 1933 Monsanto, (hereinafter "PHARMACIA CORPORATION"), a subsidiary of Pharmacia, was and is a Delaware corporation with its principal place of business

in Missouri.   Defendant PHARMACIA CORPORATION was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug Celebrex (celecoxib).

7.   Upon information and belief, Defendant G.D. Searle, LLC., (hereinafter "G.D. SEARLE"), a subsidiary unit of Monsanto, was and is a Delaware corporation with its principal place of business in Illinois.  Defendant G.D. SEARLE was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug Celebrex (celecoxib).

8.   Upon information and belief, Defendant Gene L. Watterson, M.D. (hereinafter "WATTERSON"), is over the age of nineteen years and is a physician licensed in the State of Alabama and does business in Jefferson County, Alabama. Defendant WATTERSON was a treating physician that prescribed the brand-name prescription drug, Celebrex (celecoxib) to the Plaintiff's decedent, DAVID L. MCBRAYER.

9.   Upon information and belief, Defendant Joseph Singleton, M.D., (hereinafter "SINGLETON"), is over the age of nineteen years and is a physician licensed in the State of Alabama and does business in Jefferson County, Alabama. Defendant SINGLETON was a treating physician that prescribed the brand-name

prescription drugs, Celebrex (celecoxib) and Vioxx (rofecoxib) to the Plaintiff, DABBS.

10.  Upon information and belief, Defendant Nellie Cassandra Comer, M.D., (hereinafter "COMER"), is over the age of nineteen years and is a physician licensed in the State of Alabama and does business in Jefferson County, Alabama. Defendant COMER was a treating physician that prescribed the brand-name prescription drugs, Celebrex (celecoxib) and Vioxx (rofecoxib) to the Plaintiff, DABBS.

11.  Upon information and belief, Defendant Wallace Purdy, M.D., (hereinafter "PURDY"), is over the age of nineteen years and is a physician licensed in the State of Alabama and does business in Jefferson County, Alabama. Defendant PURDY was a treating physician that prescribed the brand-name prescription drug, Vioxx (rofecoxib) to the Plaintiff, DABBS.

## FACTUAL ALLEGATIONS

12.  This action arises from the sales and efficacy of Vioxx and Celebrex. Vioxx is a selective COX-2 inhibitor marketed by MERCK as an anti-inflammatory analgesic. Celebrex is also a COX-2 inhibitor marketed by PFIZER for treatment of arthritis and pain.   That Defendants WATTERSON, SINGLETON, COMER and PURDY were treating physicians that prescribed the brand-name prescription drugs to Plaintiffs.

13.   Defendants distributed, prescribed and/or sold Vioxx and Celebrex to consumers such as Plaintiffs.

14.   Despite knowledge in its clinical trials and post-marketing reports, studies and information relating to cardiovascular-related adverse health effects, Defendants promoted, marketed, distributed and/or prescribed Vioxx and Celebrex as safe and effective for persons such as Plaintiffs.

15.   Defendants concealed the serious cardiovascular risks associated with Vioxx and Celebrex.

16.   If Defendants had not engaged in this conduct, prescribers such as Plaintiffs' treating physicians would not have prescribed Vioxx and Celebrex and patients, such as the Plaintiffs, would have switched from Vioxx and Celebrex to safer products or would have refrained wholly from any use of Vioxx and Celebrex.

17.   Defendants engaged in a common scheme in marketing, distributing, prescribing and/or selling Vioxx and Celebrex under the guise that it was safe and efficacious for persons such as Plaintiffs.

18.   Plaintiffs allege that the suppression of this information constituted a common scheme by Defendants to conceal material information from Plaintiffs.

19. Plaintiffs allege that the marketing strategies, including without limitation the detail and sampling programs and direct-to-consumer advertising, of the Defendants targeted Plaintiffs to induce Plaintiffs to purchase Vioxx and Celebrex. At the time the Defendants manufactured, marketed, distributed and/or sold Vioxx and Celebrex, Defendants intended that Plaintiffs would rely on the marketing, advertisements and product information propounded by Defendants.

20. The actions of Defendants, in failing to warn of the clear and present danger posed to others by the use of their drugs Vioxx and Celebrex in suppressing evidence relating to this danger, and in making deliberate and misleading misrepresentations of fact to minimize the danger or to mislead prescribers and patients as to the true risk, constitutes such clear, blatant and outrageous conduct as to warrant the imposition of exemplary damages against Defendants.

## COUNT I: NEGLIGENCE

21. Plaintiffs restate each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

22. Defendants, directly or indirectly, negligently manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised, or sold Vioxx and Celebrex in the stream of commerce, when the Defendants knew, or in the exercise of ordinary care, should have known that Vioxx and Celebrex posed a

significant risk to Plaintiffs' health and well-being, which risk was not known to Plaintiffs or their prescribers.

23.    At all times material hereto, Defendants had a duty to Plaintiffs to exercise reasonable care in the design, testing, labeling, packaging, distribution, promotion, marketing, advertisement, sampling or sale of Vioxx and Celebrex.

24.    Defendants breached their duty and were negligent in their actions, misrepresentations, and omissions toward Plaintiffs in that the Defendants:

   a.    Failed to include adequate warnings with the medications that would alert Plaintiffs and other consumers to the potential risks and serious side effects of Vioxx and Celebrex ingestion;

   b.    Failed to include adequate information or warnings with the medication that would alert Plaintiffs and the health care community to refrain from use of Vioxx and Celebrex without first prescribing traditional NSAIDs such as naproxen or ibuprofen;

   c.    Failed to adequately and properly test Vioxx and Celebrex before and after placing it on the market;

   d.    Failed to conduct sufficient testing on Vioxx and Celebrex which, if properly performed, would have shown that Vioxx and Celebrex had serious side effects, including, but not limited to the cardiovascular events;

e.   Failed to adequately warn Plaintiffs and their health care providers that use of Vioxx and Celebrex carried a risk of cardiovascular events, stroke and death; among other serious side effects;

f.   Failed to provide adequate post-marketing warnings or instructions after the Defendants knew or should have known of the significant risks of personal injury and death as identified herein among other serious side effects from the use of Vioxx and Celebrex;

g.   Failed to adequately warn Plaintiffs that Vioxx and Celebrex should not be used in conjunction with any risk factors for these adverse effects such as a family history of ischemic heart disease, or risk factors for ischemic cardiovascular disease;

h.   Failed to adequately disclose and warn Plaintiffs that they undertook the risk of adverse events and death as described herein;

i.   Failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Vioxx and Celebrex ingestion.

25.   Defendants knew or should have known that Vioxx and Celebrex caused unreasonably dangerous risks and serious side effects, including death, of which Plaintiffs would not be aware. Defendants nevertheless advertised, marketed, sold and distributed the drugs knowing that there were safer methods and products.

26.   As a direct and proximate result of the negligence and breach of Defendants, Plaintiffs sustained serious injuries. Defendants owed a duty to Plaintiffs to use reasonable care in their actions.

## COUNT II: NEGLIGENT FAILURE TO WARN

27.   Plaintiffs restate each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

28.   Vioxx and Celebrex were not accompanied by appropriate warnings of the increased risk of adverse side effects caused by the ingestion of Vioxx and Celebrex.

29.   Defendants negligently failed to warn consumers who took Vioxx and Celebrex that they were dangerous.

30.   Defendants' negligence was the proximate cause of the harm suffered by Plaintiffs.

31.   As a direct and proximate cause of Defendants' negligence:

   a.   Plaintiffs suffered personal injuries;

   b.   Plaintiffs suffered economic loss; and

   c.   Plaintiffs expended, and will in the future be required to expend, fair and

reasonable expenses for necessary health care, attention and services and incurred incidental and related expenses.

## COUNT III: MISREPRESENTATION AND SUPPRESSION

32.   Plaintiffs restate each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

33.   Defendants misrepresented to Plaintiffs and the health care industry the safety and effectiveness of Vioxx and Celebrex and/or fraudulently, intentionally and/or negligently concealed material information, including adverse information regarding the safety and effectiveness of Vioxx and Celebrex.

34.   Defendants made misrepresentations and actively concealed adverse information at a time when the Defendants knew, or should have known, that Vioxx and Celebrex had defects, dangers, and characteristics that were other than what the Defendants had represented to Plaintiffs and the health care industry generally. Specifically, Defendants misrepresented to and/or actively concealed from Plaintiffs, the health care industry and consuming public that:

a.   Vioxx and Celebrex had statistically significant increases in cardiovascular side effects which could result in serious injury or death;

b.   There had been insufficient and/or company-spun studies regarding the safety and efficacy of Vioxx and Celebrex before and after its product launch;

c.   Vioxx and Celebrex were not fully and adequately tested for the cardiovascular side effects at issue herein;

d.   Other testing and studies showed the risk of or actual serious adverse risks;

e.   There was a greatly increased risk of such cardiovascular events and death.

35.   The misrepresentations of and/or active concealment alleged were perpetuated directly and/or indirectly by Defendants.

36.   Defendants knew or should have known that these representations were false and made the representations with the intent or purpose that Plaintiffs would rely on them, leading to the use of Vioxx and Celebrex.

37.   At the time of Defendants' fraudulent misrepresentations, Plaintiffs were unaware of the falsity of the statements being made and believed them to be true. Plaintiffs had no knowledge of the information concealed and/or suppressed by Defendants.

38.   Plaintiffs justifiably relied on and/or were induced by the misrepresentations and/or active concealment and relied on the absence of safety information which the Defendants did suppress, conceal or failed to disclose to Plaintiffs' detriment.

39.   Defendants had a post-sale duty to warn Plaintiffs and the public about the potential risks and complications associated with Vioxx and Celebrex in a timely manner.

40.   The misrepresentations and active fraudulent concealment by the Defendants constitutes a continuing tort against Plaintiffs, who ingested Vioxx and Celebrex.

41.   Defendants made the misrepresentations and actively concealed information about the defects and dangers of Vioxx and Celebrex with the intention and specific desire that Plaintiffs' health care professionals and the consuming public would rely on such or the absence of information in selecting Vioxx and Celebrex as treatment.

42.   As a direct and proximate result of the fraudulent acts and omissions, suppression and misrepresentation of Defendants, Plaintiffs suffered significant and ongoing injury and damages.

## COUNT IV: BREACH OF WARRANTY

43.   Plaintiffs restate each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

44.     When Defendants placed Vioxx, Celebrex and Bextra into the stream of commerce, Defendants knew of the use for which it was intended and expressly and impliedly warranted to Plaintiffs that use of Vioxx and Celebrex were safe and acceptable means of treatment.

45.     Plaintiffs reasonably relied upon the expertise, skill, judgment and knowledge of the Defendants and upon the express and/or implied warranty that Vioxx and Celebrex were of merchantable quality and fit for use as intended.

46.     Vioxx and Celebrex were not of merchantable quality and was not safe or fit for its intended use because it was and continues to be unreasonably dangerous and unfit for the ordinary purposes for which it is used in that it caused injury to Plaintiffs.  Defendants breached the warranty because Vioxx and Celebrex were unduly dangerous in expected use and did cause undue injury to Plaintiffs.

47.     Defendants breached the implied warranty of merchantability because Vioxx and Celebrex cannot pass without objection in the trade, is unsafe, not merchantable, and unfit for its ordinary use when sold, and is not adequately packaged and labeled.

48.     As a direct and proximate result of Defendants' breach of the warranty of merchantability, Plaintiffs sustained serious and permanent injuries.

54.     Defendants committed actual fraud by making material representations, which were false, knowing that such material representations were false and/or with reckless disregard for the truth or falsity of such material representations, with the intent that Plaintiffs relied on such material representations; Plaintiffs acted in actual and justifiable reliance on such material misrepresentations and were injured as a result.

55.     In addition, and in the alternative if necessary, Defendants knowingly omitted material information, which omission constitutes a positive misrepresentation of material fact, with the intent that Plaintiffs relied on Defendants' misrepresentations; Plaintiffs acted in actual and justifiable reliance on Defendants' representations and were injured as a result.

56.     Defendants committed constructive fraud by breaching one or more legal or equitable duties owed to Plaintiffs relating to Vioxx and Celebrex at issue in this lawsuit, said breach or breaches constituting fraud because of their propensity to deceive others or constitute an injury to public interests or public policy.

## COUNT VII: ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (AEMLD)

57.     Plaintiffs restate each and every preceding allegation of this Complaint and incorporate each by reference as though set forth in full herein.

58.  Defendants are liable to Plaintiffs who are citizens of the State of Alabama ("Alabama Plaintiffs") pursuant to the AEMLD.  Defendants are in the business of manufacturing, distributing, and marketing Vioxx and Celebrex.  Defendants manufactured, distributed, and marketed Vioxx and Celebrex which were in a defective condition, and unreasonably dangerous when applied to their intended use in the usual, foreseeable, and customary manner.  Alabama Plaintiffs, while consuming Vioxx and Celebrex in the usual and customary manner, as such were intended to be used, were injured and damaged as a proximate result of Defendants placing the products on the market.  Vioxx and Celebrex were unreasonably dangerous at the time such were placed on the market by Defendants.  Vioxx and Celebrex, at the time of Alabama Plaintiff's injuries and damages, were in substantially the same condition as when marketed by Defendants.

59.  Defendants negligently or wantonly failed to give reasonable and adequate warning of dangers of Vioxx and Celebrex known to Defendants, or which in the exercise of reasonable care should have been known to the Defendants, and which Alabama Plaintiffs could not obviously discover.

## VIII: MEDICAL MALPRACTICE

60.  Plaintiffs restate each and every preceding allegation of this Complaint and

incorporate each by reference as though set forth in full herein.

61.    Defendant, WATTERSON and one or more of the fictitious party Defendants
       listed and described hereinabove, through their agents, servants and/or employees,
       undertook to provide medical services and/or treatment to the Plaintiff's decedent,
       MCBRAYER.  All of these services were provided to the Plaintiff's decedent in
       Jefferson County, Alabama.

62.    Defendants, SINGLETON, COMER and PURDY one or more of the fictitious
       party Defendants listed and described hereinabove, through their agents, servants
       and/or employees, undertook to provide medical services and/or treatment to the
       Plaintiff, DABBS.  All of these services were provided to the Plaintiff in Jefferson
       County, Alabama.

63.    During said period of time, Defendants, WATTERSON, SINGLETON, COMER
       and PURDY and one or more of the fictitious party Defendants listed and
       described hereinabove, negligently, wantonly and/or wrongfully prescribed and/or
       provided samples of the brand-name prescription drugs Vioxx and Celebrex to the
       Plaintiffs with actual and/or constructive knowledge of the risks and dangers
       associated with the use of Vioxx and Celebrex.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, as
well as all costs of this action, to the full extent of the law, including:

(a)     Damages to compensate Plaintiffs for injuries sustained as a result of Vioxx and Celebrex use, past and future lost income, past and future medical expenses as proven at trial;

(b)     Physical pain and suffering of Plaintiffs;

(c)     Mental anguish and/or emotional distress;

(d)     Permanent injury; and

(e)     Such other applicable damages as the Court deems appropriate.

Respectfully submitted,

Tom Dutton
Of Counsel for Plaintiffs
Bar Number: ASB-2059-U50T


OF COUNSEL:

PITTMAN HOOKS DUTTON KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile



**JURY DEMAND**

Plaintiffs hereby demand a struck jury for the trial in this cause.

Of Counsel for Plaintiffs

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

Merck & Company, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama  36109

Pfizer Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Pharmacia & Upjohn Company
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Pharmacia Corporation f/d/b/a 1933 Monsanto
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

G.D. Searle & Company
1209 N. Orange Street
Wilmington, DE 19801-1120

Gene L. Watterson, M.D.
1528 Carraway Blvd.
Birmingham, Alabama 35234-1998

Joseph Singleton, M.D.
3500 Blue Lake Drive, Ste. 499
Birmingham, Alabama 35243-1907

Nellie Cassandra Comer, M.D.
c/o UAB Health Center Inverness
1250 Inverness Corners, Highway 280
Birmingham, Alabama 35242-3794

Wallace Purdy, M.D.
1088 9th Avenue SW
Bessemer, Alabama 35022-4530

FILED

2005 Jun-30 AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUANELL Y. McBRAYER WILKES, et al.,  )
                                      )
          Plaintiffs,                 )
                                      )
v.                                    )     CIVIL ACTION NO.  05-RRA-1214-S
                                      )
MERCK & CO., INC., et al.,            )
                                      )
          Defendants.                 )

ORDER
(Re Defendants' Motion to Stay, ct. doc. 5; Plaintiff's Motion to Remand, ct. doc. 7 )

The complaint and the parties' submissions concerning the above-stated motions have

been studied. The plaintiffs allege that the treating resident physicians knew sufficient

information about Vioxx and Celebrex to appreciate that neither should have been prescribed

to the plaintiffs. They also contradictorily allege that Merck concealed material information

from the physician defendants, who would have acted differently if properly warned

regarding the risk and dangers associated with Vioxx and Celebrex. Moreover, the plaintiffs'

only allegation against the physicians is the conclusory allegation that they "negligently,

wantonly, and/or  wrongfully prescribed and/or provided samples of the brand-name

prescription drugs Vioxx and Celebrex to the plaintiffs with actual and/or constructive

knowledge of the risk and dangers associated with the use of Vioxx and Celebrex."

*Complaint* ¶ 63.   Under Alabama law,

> In any action for injury, damages, or wrongful death, whether in contract or
> in tort, against a health care provider for breach of the standard of care the
> plaintiff shall include in the complaint a detailed specification and a factual
> description of each act and omission alleged by plaintiff to render the health



> care provider liable to plaintiff and shall include when feasible and
> ascertainable the date, time, and place of the act or acts. . . . any complaint
> which fails to include such detailed specification and factual description of each
> act and omission shall be subject to dismissal for failure to state a claim upon
> which relief may be granted.

Ala. Code § 6-5-551.  It is noted that numerous cases against Merck have been filed in this court and have been transferred to the MDL court.

Because of the contradictory allegations against the physician defendants, and the failure of the complaint to comply with Alabama law concerning specificity in making allegations against physicians, it appears to be a good possibility that it will be determined that the individual defendants were fraudulently joined.  If it were <u>clear</u> that these physicians were not fraudulently joined, and if judges from this district were ruling on the motions to remand, this motion to stay might be denied and the motion to remand ruled on.  The opposite being the event, and in order to have consistent rulings, the motion to stay is **GRANTED**, and all proceedings in this case, including the motion to remand, are **STAYED** pending action by the MDL court.

DONE this 30th day of June, 2005.

ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE

-2-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX | )   MDL Docket No.  1657 |
| Products Liability Litigation | ) |
| | )   SECTION L |
| | ) |
| This Document Relates to: | )   JUDGE FALLON |
| Margaret Hadley, et al., | ) |
| Plaintiff, | )   MAGISTRATE JUDGE KNOWLES |
| v. | ) |
| Merck & Co., Inc., et al., | ) |
| Defendant. | ) |
| CASE NO.:  05-4775 | ) |

## <u>NOTICE OF HEARING</u>

Please take notice that the defendants, PAUL FELLERS, M.D.; CHARLES

SHERMAN, M.D.; and WILLIAM HICKS, III, M.D.'s, Renewed Motion to Dismiss,

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and Incorporated

Memorandum in Support of Same will be brought on for hearing on the __15th__ day of

__March__, 2006, at __9:00__ o'clock.

Respectfully submitted,

s/ROBERT P. MacKENZIE, III
  Bar No.:  MACKR8232
s/JOHN PETER CROOK McCALL
  Bar No.:  MCCAJ8134
Attorneys for said Defendants

B0563867                                    1

Robert P. MacKenzie, III
STARNES & ATCHISON, LLP
Post Office Box 598512
Birmingham, AL   35259-8512
Telephone:    205-868-6000
Fax:            205-868-6098
E-mail:        rpm@starneslaw.com

John Peter Crook McCall
STARNES & ATCHISON, LLP
Riverview Plaza, Suite 1106
63 South Royal Street
Mobile, AL   36602
Telephone:    251-433-6049
Fax:            251-433-5901
E-mail:        jpm@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing NOTICE OF HEARING  has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand-delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8 on this _7th_ day of _February_ , 2006.