**MINUTE ENTRY**
**FALLON, J.**
**FEBRUARY 2, 2006**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L (3) |
| | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date by Judge Eldon E. Fallon. The Court first met with Plaintiffs' Liaison Counsel (PLC), Defendant's Liaison Counsel (DLC), and certain members of the Plaintiffs' Steering Committee (PSC) and the Defendants' Steering Committee (DSC) to discuss agenda items for the pretrial conference. At the pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 11 of Plaintiffs' and Defendant's Liaison Counsel. This conference was transcribed by Cathy Pepper, Official Court Reporter. Counsel may contact Mrs. Pepper at (504) 589-7778 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

I.   Lexis-Nexis File & Serve

PLC and DLC indicated that there is still a brief delay between the docketing of the Final Transfer Order on which the cases appear and the receipt of the records from the original transferor courts. This delay is due to the fact that the Clerk's Office cannot officially docket the case in the Eastern District of Louisiana until the record of the case is actually received from the

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

transferor court. As a result, there are brief delays in uploading to Lexis/Nexis File & Serve. If a case is not available on Lexis/Nexis File & Serve, counsel are advised to contact Dorothy Wimberly at dwimberly@stonepigman.com.

A number of counsel have informed Hughes Hubbard & Reed by letter or by filing formal motions with the Court that they have withdrawn as counsel. Despite these letters and motions, those counsel have not notified Lexis/Nexis File & Serve of this change in party/counsel status. In order to facilitate case management and case organization, PLC and DLC are in the process of reviewing Pre-Trial order No. 8 with the possibility of amending it to accommodate these concerns. Furthermore,

IT IS ORDERED that all counsel shall indicate in any and all motions to withdraw as counsel that they have notified Lexis/Nexis File & Serve of this change in party/counsel status.

II.   State Court Trial Settings

On January 24, 2006, the *Garza* trial commenced in Starr County, Texas. Trial is scheduled for four days each month. The *Guerra* case is set for trial on April 17, 2006, in Texas District Court, Hidalgo County. The *Kozic* case is set for trial Florida Circuit Court, Hillsborough County, on May 1, 2006. Subject to briefing on whether the Court should hold consolidated trials, the New Jersey Superior Court, Atlantic County has scheduled consolidated trials of the following cases: *Cona* and *McDarby* on February 27, 2006; *Hatch*, *McFarland*, and *LoPresti* on April 24, 2006; and *Doherty* and *Klug* on June 5, 2006. A trial of one or more plaintiffs is set for June 21, 2006, in the California Coordinated Proceeding, California Superior Court, Los Angeles County. Finally, the *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006.

III. Selection of Cases for Early Federal Court Trial

The *Irvin/Plunkett* case is set to be retried on February 6, 2006, in New Orleans, Louisiana. The *Borowicz* case is set for trial on June 12, 2006, in New Orleans. In addition, PLC and DLC will meet with the Court on February 13, 2006, to set future cases for trial.

IV. Class Actions

Briefing is complete and, on February 2, 2006, the Court heard oral argument on the following: (1) the PSC's Motion Class Certification of the Proposed Nationwide Personal Injury and Wrongful Death Class Action; (2) the PSC's Motion for Suggestion of Remand of Class Proceeding; (3) Merck's Rule 12(b)(6) Motion to Dismiss the Medical Monitoring Master Class Action Complaint; and (4) Merck's Rule 12(b)(6) Motion to Dismiss the Purchase Claims Class Action Complaint.

V. Discovery Directed to Merck

DLC indicated that Merck continues to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis. Furthermore, DLC indicated that Merck will deliver copies of its insurance policies to the PSC by today. DLC also advised that Merck will produce the document production agreed upon in Pretrial order No. 22 by February 10, 2006.

Regarding Merck's privilege log and claimed privileged documents, the DSC will electronically submit a copy of Merck's privileged documents to the Court divided into agreed upon categories. From that list, the Court will take random samples of each category and render an order as to Merck's claim of privilege.

VI. Discovery Directed to the FDA

The FDA's production of documents responsive to the PSC's subpoena continues to

occur in waves.

On November 8, 2005, the FDA requested reimbursement from the PSC for the cost of copying and bates numbering the congressional document wave of production. The PSC and the FDA are not in agreement over the this invoice. As such, PLC and Michael Levy, counsel for the FDA, shall confer by telephone regarding this matter this afternoon.

On December 23, 2005, the FDA produced a privilege log for certain documents. The PSC is in the process of reviewing the privilege assertions and will be filing a motion regarding challenges to privilege and redactions.

Furthermore, the FDA filed a Motion to Quash the Deposition of Dr. Graham that was scheduled to take place on January 23, 2006. This motion was orally argued on January 26, 2006. The Court has not ruled on the motion yet.

VII.   Discovery Directed to third Parties

PLC has advised the Court and DLC that within thirty (30) days the PSC will serve an additional subpoena on the FDA requesting the production of documents. Thus far, the FDA, through its counsel, Carmelina Allis, and its paralegal specialist, Harold Streeper, has objected to the production of documents requested in the prior subpoena and request served on the FDA by Plaintiffs. The Court advised that it will order Streeper and Allis to appear at the May 23, 2005 monthly pretrial conference once PLC provides to the Court the names and addresses for Allis and Streeper.

VIII.   Deposition Scheduling

The parties continue to notice and cross-notice depositions in the MDL. PLC has advised DLC that coordination of cross-notices and the short time frames given for noticed depositions

4

need to be further addresses between Merck, the PSC, and state counsel so that depositions proceed in an orderly process. The Court acknowledged that there needs to be greater coordination between ths MDL and state cases regarding the cross-noticing of depositions. As such, the Court called upon the PSC, DSC, and the State Liaison Counsel to resolve this issue.

On January 19, 2006, PLC filed a Motion to Clarify Pretrial Order No. 17 Regarding Assembly of Prior Discovery. PLC and DLC informed the Court that they will meet to amicably resolve this issue.

### IX. Plaintiff Profile Form and Merck Profile Form

DLC indicated that Merck has continually received deficient Plaintiff Profile Forms ("PPFs"). Merck has notified each plaintiff of his respective alleged deficiency, but despite the notice, Merck contends that numerous plaintiffs have failed to cure the deficiencies. As a result, Merck has moved to dismiss the complaints of those plaintiffs who have failed to cure these deficiencies.

Additionally, Merck has requested a modification to the Merck Profile Form. The PSC, however, opposes the requested modification. The parties informed the Court that they will continue to confer on the matter.

### X. State/Federal Coordination–State Liaison Committee

Dawn Barrios provided the Court with an updated list of all pending remand motions. In addition, she advised the Court that the State Liaison Committee will aid in the coordination of cross-noticing depositions in the MDL with state court litigation.

### XI. *Pro Se* Claimants

PLC indicated that he continues to communicate with various *pro se* claimants and advise

them of attorneys in their respective states and other pertinent information regarding the MDL. DLC has discussed with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served. PLC and DLC will confer on this matter to resolve it.

XII. <u>Motion for Clarification of Pretrial Order No. 19</u>

On November 16, 2005, Motley Rice, LLC filed a Motion for Clarification of Pretrial Order No. 19. The PSC filed an opposition. The motion was set for hearing on February 2, 2006. Counsel informed the Court that they resolved their dispute. Accordingly, the Court denied Motley Rice's motion as moot without prejudice.

XIII. <u>Motion to Dismiss Foreign Class Action Complaints on Forum Non Conveniens Grounds</u>

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints. A hearing was scheduled for February 2, 2006; however, the parties agreed that the motion should not be heard on that date because briefing was not complete. This matter will be put on the agenda for the next monthly pretrial conference. In addition, the parties involved shall work out a briefing schedule and submit the agreed upon schedule to the Court for approval.

XIV. <u>Louisiana Attorney General and Blue Cross Matters</u>

Counsel for Plaintiffs in the Louisiana Attorney General and Blue Cross cases has filed with the Court a motion requesting a scheduling order and trial date for these matters. In addition, the Plaintiff's Motion for Leave of Court to Amend its Complaint has been set for hearing on February 15, 2006. This motion, however, has not been set for oral argument.

XV. <u>New Motions</u>

On January 24, 2006, the plaintiff in *McGhee v. Merck*, 05-2573 filed a Motion to Modify Pretrial Order 18B So That Plaintiffs Do Not Have to File and Serve on Defendants Medical records Via Lexis-Nexis File and Serve.

XVI. <u>Next Status Conference</u>

The next monthly pretrial conference will be held on March 23, 2006, at 10:00 a.m. Counsel unable to attend in person may participate by telephone at 1-800-682-5640. The access code will be 47682208 and the Chairperson will be Judge Fallon.

