

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -9  AM 11: 27

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:  *Carol Cummings et al. v. Pfizer, Inc. and Merck & Co., Inc.*, Case No. 05-6273.**

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

1.      Denies each and every allegation directed towards Merck in paragraph 1 of section I of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

## RESPONSE TO
## "II. PARTIES"

2.      Denies each and every allegation contained in paragraph 2 of the Complaint under the heading "II. Parties," including its subparts a through h, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.      The allegations contained in paragraph 3 of the Complaint under the heading "II. Parties" are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint under the heading "II. Parties," as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint under the heading "II. Parties," except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Louisiana.  Merck further admits that it may be served as allowed by applicable state and/or federal law and that its registered agent in Louisiana is CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana.

## RESPONSE TO
## "III. JURISDICTION AND VENUE"

5.      The allegations contained in paragraph 1 of the Complaint under the heading "III. Jurisdiction and Venue" are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1 of the Complaint under the heading "III. Jurisdiction and Venue," as it is without knowledge or information sufficient to form a belief as to the truth therein, except

admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

6.      The allegations contained in paragraph 2 of the Complaint under the heading "III. Jurisdiction and Venue" are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint under the heading "III. Jurisdiction and Venue."

7.      The allegations contained in paragraph 3 of the Complaint under the heading "III. Jurisdiction and Venue" are not directed towards Merck and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint under the heading "III. Jurisdiction and Venue," as it is without knowledge or information sufficient to form a belief as to the truth therein.

8.      Denies each and every allegation contained in paragraph 4 of the Complaint under the heading "III. Jurisdiction and Venue," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Louisiana.

**RESPONSE TO**
**"IV. FACTUAL ALLEGATIONS AGAINST PFIZER, INC."**

9.      The allegations contained in paragraph 1 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1 of the Complaint under the heading

"IV. Factual Allegations Against Pfizer, Inc.," as it is without knowledge or information sufficient to form a belief as to the truth therein.

10.    The allegations contained in paragraph 2 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc.," including its subparts a through h, as it is without knowledge or information sufficient to form a belief as to the truth therein.

11.    The allegations contained in paragraph 3 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 3 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc."

12.    The allegations contained in paragraph 4 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc.," as it is without knowledge or information sufficient to form a belief as to the truth therein.

13.    The allegations contained in paragraph 5 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Complaint under the heading

"IV. Factual Allegations Against Pfizer, Inc.," as it is without knowledge or information sufficient to form a belief as to the truth therein.

14.     The allegations contained in paragraph 6 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc.," as it is without knowledge or information sufficient to form a belief as to the truth therein.

15.     The allegations contained in paragraph 7 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 7 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc."

16.     The allegations contained in paragraph 8 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 8 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc."

17.     The allegations contained in paragraph 9 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 9 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc."

18.     The allegations contained in paragraph 10 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 10 of the Complaint under the heading "IV. Factual Allegations Against Pfizer, Inc."

**RESPONSE TO**
**"FACTUAL ALLEGATIONS AGAINST MERCK & CO., INC."**

19.     Denies each and every allegation contained in paragraph 1 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc.," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Louisiana.

20.     Denies each and every allegation contained in paragraph 2 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc.," including its subparts a through h.

21.     Denies each and every allegation contained in paragraph 3 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc.," and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 4 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc.," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

23.     Denies each and every allegation contained in paragraph 5 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc.," except admits

that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"), and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further admits that in May 1999 Merck received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 6 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc."

25.     Denies each and every allegation contained in paragraph 7 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc.," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

26.     The allegations contained in paragraph 8 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc." are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 8 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc.," except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 9 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc."

28.     The allegations contained in paragraph 10 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc." are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 10 of the Complaint under the heading "Factual Allegations Against Merck & Co., Inc."

## RESPONSE TO
## "V.  PRODUCTS LIABILITY"

29.     With respect to the allegations contained in paragraph 1 of the Complaint under the heading "V. Products Liability," repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as though set forth here in full.

30.     The allegations contained in paragraph 2 of the Complaint under the heading "V. Products Liability" are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck contained in paragraph 2 of the Complaint under the heading "V. Products Liability," including its subparts (a) through (d), and denies each and every allegation directed towards Merck contained in paragraph 2 of the Complaint under the heading "V. Products Liability," including its subparts (a) through (d), except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

31.     Denies each and every allegation directed towards Merck contained in paragraph 3 of the Complaint under the heading "V. Products Liability," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

32.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck contained in paragraph 4 of the Complaint under the heading "V. Products Liability," and denies each and every allegation directed towards Merck contained in paragraph 4 of the Complaint under the heading "V. Products Liability," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

33.     Denies each and every allegation directed towards Merck contained in paragraph 5 of the Complaint under the heading "V. Products Liability."

34.     Denies each and every allegation directed towards Merck contained in paragraph 6 of the Complaint under the heading "V. Products Liability."

35.     Denies each and every allegation directed towards Merck contained in paragraph 7 of the Complaint under the heading "V. Products Liability."

36.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck contained in paragraph 8 of the Complaint under the heading "V. Products Liability," and denies each and every allegation directed towards Merck contained in paragraph 8 of the Complaint under the heading "V. Products Liability."

37.     Denies each and every allegation directed towards Merck contained in paragraph 9 of the Complaint under the heading "V. Products Liability," and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

38.     Denies each and every allegation directed towards Merck contained in paragraph 10 of the Complaint under the heading "V. Products Liability."

39.     The allegations contained in paragraph 11 of the Complaint under the heading "V. Products Liability" are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 11 of the Complaint under the heading "V. Products Liability," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO**
**"VI.  VIOLATION OF WARRANTY OF REDHIBITION – PFIZER, INC."**

40.     With respect to the allegations contained in paragraph 1 of the Complaint under the heading "VI. Violation of Warranty of Redhibition – Pfizer, Inc.," repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41.     The allegations contained in paragraph 2 of the Complaint under the heading "VI. Violation of Warranty of Redhibition – Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint under the heading

"VI. Violation of Warranty of Redhibition – Pfizer, Inc.," as it is without knowledge or information sufficient to form a belief as to the truth therein.

42.     The allegations contained in paragraph 3 of the Complaint under the heading "VI. Violation of Warranty of Redhibition – Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint under the heading "VI. Violation of Warranty of Redhibition – Pfizer, Inc" as it is without knowledge or information sufficient to form a belief as to the truth therein.

43.     The allegations contained in paragraph 4 of the Complaint under the heading "VI. Violation of Warranty of Redhibition – Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint under the heading "VI. Violation of Warranty of Redhibition – Pfizer, Inc.," as it is without knowledge or information sufficient to form a belief as to the truth therein.

44.     The allegations contained in paragraph 5 of the Complaint under the heading "VI. Violation of Warranty of Redhibition – Pfizer, Inc." are not directed towards Merck and are legal conclusions; therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Complaint under the heading "VI. Violation of Warranty of Redhibition – Pfizer, Inc." as it is without knowledge or information sufficient to form a belief as to the truth therein.

45.     The allegations contained in paragraph 6 of the Complaint under the heading "VI. Violation of Warranty of Redhibition – Pfizer, Inc." are not directed towards Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in paragraph 6 of the Complaint under the heading "VI. Violation of Warranty of Redhibition – Pfizer, Inc.," as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "VI. A.  VIOLATION OF**
**WARRANTY OF REDHIBITION – MERCK & CO., INC."**

46.     With respect to the allegations contained in paragraph 1 of the Complaint under the heading "VI. A. Violation of Warranty of Redhibition – Merck & Co., Inc.," repeats repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 45 of this Answer with the same force and effect as though set forth here in full.

47.     Denies each and every allegation contained in paragraph 2 of the Complaint under the heading "VI. A. Violation of Warranty of Redhibition – Merck & Co., Inc."

48.     The allegations contained in paragraph 3 of the Complaint under the heading "VI. A. Violation of Warranty of Redhibition – Merck & Co., Inc." are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint under the heading "VI. A. Violation of Warranty of Redhibition – Merck & Co., Inc.," and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

49.     Denies each and every allegation contained in paragraph 4 of the Complaint under the heading "VI. A. Violation of Warranty of Redhibition – Merck & Co., Inc."

50.     The allegations contained in paragraph 5 of the Complaint under the heading "VI. A. Violation of Warranty of Redhibition – Merck & Co., Inc." are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in paragraph 5 of the Complaint under the heading "VI. A. Violation of Warranty of Redhibition – Merck & Co., Inc."

51.     Denies each and every allegation contained in paragraph 6 of the Complaint under the heading "VI. A. Violation of Warranty of Redhibition – Merck & Co., Inc.," except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"VII. DAMAGES"**

52.     With respect to the allegations contained in paragraph 1 of the Complaint under the heading "VII. Damages," repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

53.     Denies each and every allegation contained in paragraph 2 of the Complaint under the heading "VII. Damages," and subparts a through j of paragraph 3 of the Complaint under the heading "VII. Damages," except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

54.     The allegations contained in paragraph 3 of the Complaint under the heading "VII. Damages," are not directed towards Merck and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint under the heading "VII. Damages," including its subparts a through j and sub-subparts 1 through 8, as it is without knowledge or information sufficient to form a belief as to the truth therein.

55.     The allegations contained in paragraph 4 of the Complaint under the heading "VII. Damages," are legal conclusions as to which no responsive pleading is required.

Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint under the heading "VII. Damages."

56.     The allegations contained in the final, unnumbered "Wherefore" after paragraph 4 of the Complaint under the heading "VII. Damages," constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to seek economic and other relief but denies there is any legal or factual basis for awarding such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

57.     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

58.     The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

59.     To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La. Rev. Stat. § 9:2800.51, et seq.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

60.     To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FIFTH
DEFENSE, MERCK ALLEGES:**

61.     The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

**AS FOR A SIXTH
DEFENSE, MERCK ALLEGES:**

62.     Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

**AS FOR A SEVENTH
DEFENSE, MERCK ALLEGES:**

63.     To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty, to warn in its warnings to the prescribing physician.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

64.     The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

65.     The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

66.     The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

67.     The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

68.     The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

69.     The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

70.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or

other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

71.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were directly and proximately caused by

the intervening or superseding act and conduct of persons not having real or apparent authority to

take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A SIXTEENTH
DEFENSE, MERCK ALLEGES:**

72.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A SEVENTEENTH
DEFENSE, MERCK ALLEGES:**

73.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

**AS FOR AN EIGHTEENTH
DEFENSE, MERCK ALLEGES:**

74.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

**AS FOR A NINETEENTH
DEFENSE, MERCK ALLEGES:**

75.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

**AS FOR A TWENTIETH
DEFENSE, MERCK ALLEGES:**

76.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely

notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

77.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

78.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.  Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

79.     To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

80.     To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

81.     The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

82.     To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiffs have failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

83.     The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

84.     To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

85.     Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

86.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

87.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  February 9, 2006.

Respectfully submitted,

*Melissa V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa Vanderbrook Beaugh, 28250
Of
STANLEY, FLANAGAN & REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 9 day of February, 2006.

*Melissa V. Beaugh*