FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB -9  PM 12: 23

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: VIOXX PRODUCTS
LIABILITY LITIGATION

This document relates to:

RONALD TIMPANARO,
                    Plaintiff,
vs.

MERCK & CO., INC,
_____ Defendant.          /

MDL No.: 1657

SECTION: L

Civil Action No. 05-CV-6708

JUDGE FALLON
MAG. JUDGE KNOWLES

## PLAINTIFF'S MOTION FOR REMAND
## AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, **RONALD TIMAPANARO**, pursuant to 28 U.S.C. §1447(c), moves for an

Order remanding this case to the Circuit Court of the Sixth Judicial Circuit, in and for

Pinellas County, Florida, and in support would show:

      1.    Plaintiff, at all times material, was a resident of the State of Florida.  The

complaint names five Defendants: **MERCK & CO., INC; CHRIS METROPOLUS**

("METROPOLUS"); **JEROME PITTMAN** ("PITTMAN"); **JUNE V. MARCOTTE**

("MARCOTTE"); and  **AMY MOORE** ("MOORE"). Upon information and belief

Defendants **METROPOLUS, PITTMAN, MARCOTTE** and **MOORE** are all current or

former Florida residents and sales representatives employed by **MERCK** to provide

information relative to Vioxx  to Florida physicians and others, including Plaintiff and his

prescribing physician.

      2.    On November 17, 2005 **MERCK** filed a Notice of Removal in the Sixth

____Fee_____
___/ Process_____
_X_ Dktd_____
___√ CtRmDep_____
____ Doc. No._____

Judicial Circuit Court, and this action was transferred to the MDL on January 3, 2006. **MERCK** asserts in its Removal that there is diversity between properly joined parties. In addition, although **MERCK** does not directly concede that **METROPOLUS, PITTMAN, MARCOTTE** and **MOORE** are non-diverse Defendants, it asserts this Court has diversity jurisdiction because the joinder of the Defendants is fraudulent and their citizenship should be ignored.

3.      Contrary to **MERCK**'s assertions, this Court does not have diversity jurisdiction over this case under 28 U.S.C § 1332. In addition, Defendants **METROPOLUS, PITTMAN, MARCOTTE** and **MOORE** are not fraudulently joined and are proper Defendants to this action, as Plaintiff has a colorable claim against each of them for fraud and misrepresentation with respect to the cardiovascular risks associated with Vioxx.

WHEREFORE, Plaintiff requests that this Court issue an Order immediately remanding this action back to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County.   **MERCK** has failed to prove that Defendants **METROPOLUS, PITTMAN, MARCOTTE** and **MOORE** are fraudulently joined in this action, and therefore this Court lacks subject matter jurisdiction over them, and remanding them is appropriate.

## MEMORANDUM OF LAW

Defendant **MERCK** makes an unsupported allegation that diversity of citizenship exists and that Plaintiff has engaged in fraudulent joinder in order to defeat diversity in this case.  Defendant **MERCK** has further alleged that there is no reasonable possibility that Plaintiff can establish any cause of action against all named Defendants (Notice of Removal,

¶ 18), an assertion that is unsupported by Florida case law.   To defeat allegations of fraudulent joinder, Plaintiff need only prove a possibility of recovery.  Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998); Ware v. G.D. Searle, et al., No. 05-0659 (M.D. Ala., October 25, 2005).  In Ware, Pfizer's contention that there was no reasonable basis for establishing a cause of action against defendant sales representative was rejected, and the Court limited its inquiry to the allegations of the complaint and whether the plaintiff had a possibility of stating a valid cause of action against the defendant sales representative under state law.   **MERCK**'s removal pleadings completely ignore relevant Florida case law supporting such a cause of action, and are factually and legally unsound.  Once again, this Court should remand this case to Pinellas County Circuit Court, as **MERCK**'s removal was improper.

**I.      Defendant MERCK Fails to Prove Diversity of Citizenship Exists Between Properly Joined Parties.**

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity (that every plaintiff must be diverse from every defendant).  Palmer v Hospital Authority of Randolph County, 22 F.3d 1559, 1564 (11th Cir. 1994).  If, as here, removal is founded on diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a), a defendant must prove two things— that the parties are completely diverse and the amount in controversy exceeds $75,000. DeAguilar v. Boeing Co., 47 F.3d 1404, 1410-11 (5th Cir. 1995).

Plaintiff is a resident of Pinellas County, Florida.   **MERCK** is a New Jersey corporation that is authorized to conduct business in Florida.  At all times material to this case, **MERCK** was engaged in the business of developing, manufacturing, selling and promoting Vioxx  to Florida physicians and others, including Plaintiff and his prescribing

physicians. Defendants **METROPOLUS, PITTMAN, MARCOTTE** and **MOORE** are or were residents of the State of Florida, and were employed by **MERCK** as sales representatives to promote and to encourage Florida physicians to prescribe Vioxx. It is not disputed that the amount in controversy exceeds $75,000 and diversity is determined as of the date the action is filed. Freeport-McMoran, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991). Accordingly, complete diversity of citizenship did not exist when this case was filed and diversity jurisdiction is lacking, as there are Florida residents who are named Defendants.

## II. Defendant MERCK Has Failed to Meet Its Substantial Burden to Prove Fraudulent Joinder.

To circumvent the fact that the parties were not completely diverse when the case was filed, **MERCK** resorts to reliance on the fraudulent joinder rule, asserting that there is "no reasonable basis" for claims against its employees **METROPOLUS, PITTMAN, MARCOTTE** and **MOORE** who are all believed to be current or former Florida residents. This assertion is groundless.

Defendant **MERCK**, as the party seeking removal, has the burden of proving *by clear and convincing evidence* that the joinder was fraudulent. Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962)[1]. This heavy burden is placed on the party seeking removal for two reasons. First, in the absence of fraudulent joinder, the "plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Second, "[t]he strict construction of removal statute also prevents 'exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal." Id.   The Court's inquiry is limited to determining whether Plaintiff has a possibility of stating a valid cause of action against named sales representative defendants, under state law. Triggs, 154 F.3d at 1287; Crowe, 113 F.3d at 1538; Crowe, 113 F.3d at 1538.  See also Univ. of So. Alabama v. The American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999;. Estate of Ayers v. Beaver, 48 F. Supp. 2d 1335, 1341 (M.D. Fla. 1999).

Defendant **MERCK** cites Stern v. Wyeth, Case No. 02-80620-CIV-MARRA (S.D. Fla. Jan 22, 2003) and In re Rezulin Products Liab. Litig. 133 F.Supp. 2d 272 (S.D.N.Y. 2001), stating that a motion to remand was denied where the affidavit of pharmaceutical representative established that the named employee did not have contact with plaintiff or physicians.   Those cases, however, are distinguishable.  In In re Rezulin, the Court noted that the Plaintiff did not respond to sales representative affidavits in any way.  In contrast, Defendants **PITTMAN, MARCOTTE** and **MOORE** have not provided any affidavits that they have had no contact with Plaintiff's prescribing physicians.

Defendant **MERCK** also cites Legg v. Wyeth, 428 F3.d 1317 (N.D. Alabama, October 25, 2005) in its Notice of Removal.  Legg, a fen-phen case, is distinguishable in that the Plaintiff in Legg had no direct evidence to rebut the affidavits of the named sales representative defendants. The court noted with respect to one sales rep defendant that: "..with no evidence that [sales rep] had anything to do with Redux, there is no reasonable possibility the plaintiff's can establish a cause of action against him ..under Alabama law."

Id. at 1324.  In stark contrast, just from the scant amount of call notes thus far provided by **MERCK,** and from depositions taken of **MERCK** sales representatives in connection with this MDL, it is evident that sales representatives were trained to and purposefully and intentionally misled physicians, over-promoted the safety of Vioxx and failed to warn of Vioxx's cardiovascular risks.[2]     The Legg decision is also distinguishable in that it was rendered late in the stages of the diet drug litigation and is not applicable here, where discovery is still ongoing to establish a pattern and practice among **MERCK** sales representatives that substantiate claims of misrepresentations and fraud.

### III.     Plaintiff has a Valid Cause of Action Against Wyeth's Sales Representatives for Negligence, Negligent Misrepresentation, and Fraud

Defendant **MERCK** argues that Plaintiff makes no specific factual allegations regarding any actual conduct of the individual "Employee Defendants" (Notice of Removal ¶ 23).    As a threshold issue, arguments against remand and in support of removal are inappropriate if based on the viability of the plaintiff's complaint, rather than on whether Florida law generally provides for a cause of action against pharmaceutical sales representatives. Tomlin v. Merck et al., 04-14335-civ-moore (S.D. Fla. Feb. 18, 2005).  "In deciding whether remand is appropriate, the Court must determine whether plaintiffs have provided sufficient allegations within their complaint to support any of the claims against [sales rep]." Id.   In order for Plaintiffs to prevail on their Motion for Remand, it is only necessary that they state one viable claim under Florida law against a defendant sales

---

[2]  Exhibit "A"- attached document Bates stamp: MRK-AAR00119773- The training document used to demonstrate to sales representatives how to "dodge" questions from physicians about cardiovascular, heart attacks and other risks associated with the use of Vioxx. Also attached is Bulletins to Sales Representatives Bates Stamps MRK-AAR0007244 and MRK-H.3STM001173 and MVXs to sales representatives Bates Stamps MRK-H.10STM001202 and MRK-H10STM001204.

representative.  Estate of Ayers v. Beaver, 48 F. Supp. 2d 1335, 1342 (M.D. Fla. 1999).

Florida specifically recognizes a cause of action against a pharmaceutical sales representative for misrepresentations made to physicians while marketing a drug.  Albertson v. Richardson-Merrell, Inc., 441 So.2d 1146 (Fla. 4th DCA 1983), *petition for review denied,* 441 So. 2d 850 (Fla. 1984); Little v. Wyeth Ayerst Labs, Inc., No. 99-2244-CIV-T-17F, slip op. at 6 (M.D. Fla. Dec. 9, 1999); Barrow v. Bristol-Myers Squibb, (NO. 96-689-CIV-ORL-19B). (M.D. Fla. Oct 29, 1998).    The recognition of a cause of action against a pharmaceutical salesperson by Albertson is also consistent with the legal principle, firmly established in Florida, that a corporate employee is personally liable (in addition to his employer) for the torts that he or she commits in the course and scope of employment. Florida Specialty, Inc., v. H 2 Ology, Inc., 742 So. 2d 523, 525 & 527 (Fla. 1st DCA 1999) (stating a cause of action against employee for negligent actions and negligent failure to warn); White-Wilson Medical Center v. Dayta Consultants, Inc., 486 So. 2d 659, 661 (Fla. 1st DCA 1986) (holding that "officers or agents of a corporation may be held liable for their own torts even if such acts are performed within the scope of their employment or as corporate officers or agents.  This is so even if no argument is advanced that the corporate form should be disregarded."); Kerry's Brombelia Nursery, Inc. v. Reiling, 561 So.2d 1305, 1306 (Fla. 3d DCA 1990); Orlovsky v. Solid Surf, Inc., 405 So. 2d 1363, 1364 (Fla. 4th DCA 1987).

Under Florida law, a person can be held liable for negligent misrepresentation when he or she supplies false information for the guidance of others without exercising reasonable care in obtaining or communicating that information.  Gilchrist Timber Co. *v.* ITT Rayonier, Inc., 696 So.2d 336, 339 (Fla. 1997).  Also, both an employer and its employee may be held

7

liable for injuries to a Plaintiff due to the employee's negligence and misrepresentations. Greenberg v. Post, 19 So. 2d 714 (Fla. 1944).

Plaintiff has alleged sufficient facts supporting a claim for fraud and negligent misrepresentation against Defendants **PITTMAN, MARCOTTE** and **MOORE** in accordance with Florida law.  In the Complaint, Plaintiff alleges that:

> ¶50: Defendant misrepresented the safety and effectiveness of Vioxx to prescribing physicians, Plaintiff, and the consuming public, and concealed or understated the dangerous side effects associated with ingestion of Vioxx.

> ¶65: Defendant's negligent misrepresentations were communicated to Plaintiff's prescribing physician with the intent that they reach the Plaintiff, and that the effect of such representations would be that prescriptions would be written for Vioxx for the consuming public, including Plaintiff.

> ¶71: Through the Vioxx product inserts, promotional materials, and aggressive marketing, Defendant continued to misrepresent the potential risks and benefits associated with Vioxx both before and after Plaintiff's ingestion of the drug.

> ¶72: Defendant had a post-sale duty to warn Plaintiff, the consuming public, and prescribing physicians about the potential risks and complications associated with Vioxx in a timely manner.

> ¶73: Defendant misrepresented the safety and efficacy of Vioxx in their labeling, advertising, product inserts, promotional materials, or other marketing efforts.

> ¶81: Defendant made these fraudulent or intentional misrepresentations and actively concealed adverse information at a time when the Defendant knew that Vioxx had defects, dangers, and characteristics that were other than what the Defendant had represented to the prescribing doctors or other dispensing entities, the FDA and the consuming public, including the Plaintiff herein. Specifically, the Defendant fraudulently or intentionally misrepresented to and/or actively concealed from Plaintiff, Plaintiff's prescribing physician or other dispensing entities, the FDA and the consuming public the following adverse information regarding the Vioxx ingested by the Plaintiff:

a.     Failed to advise Plaintiff, Plaintiff's prescribing physician, and others that Vioxx carried risks of serious adverse effects;

b.     Failed to advise Plaintiff, Plaintiff's prescribing physician, and others that there were serious risks of thrombotic events associated with Vioxx, and, instead, Defendant aggressively marketed, promoted, advertised directly to consumers, and/or sold Vioxx as if there was no risk; and

c.     Failed to advise Plaintiff, Plaintiff's prescribing physician, and others that prior studies, research, reports and/or testing had been conducted linking Vioxx to serious adverse actions.

Plaintiff alleges that misrepresentations were made by the Sales Representative Defendants **PITTMAN, MARCOTTE** and **MOORE** to the Plaintiff's prescribing physicians, as well as others during their detailing visits.  Further, Plaintiff has alleged that the misrepresentations made by the Sales Representative Defendants to Plaintiff's prescribing physicians dealt with the safety and efficacy of Vioxx and the warnings given by the Sales Representatives regarding Vioxx.     Defendant **MERCK** cites Hernandez v Merck & Co., Inc, et al. Case No. 6:05-CV-00211-ORL-31-KRS(M.D. Fla. May 3, 2005) and Merced-Torres v. Merck & Co.,Inc., Case No. 6:05-CV-449-ORL-19DAB, as evidence of similar cases where Plaintiff failed to allege specific misrepresentations made to Plaintiff's prescribing physicians.   In contrast, in both Hernandez and Merced-Torres, the named sales representative defendants filed affidavits that they did not call on Plaintiff's physicians, or any other physicians in that geographical area.   In this case, Defendants **PITTMAN, MARCOTTE** and **MOORE** have filed no such affidavits.  Plaintiff in this case has conducted a diligent search of the national depository to match up Plaintiff's prescribing physician and the corresponding MERCK sales representatives.   Plaintiff identified these particular named Defendants only after a thorough review of all documents that are accessible to counsel at this time.

## IV.    Remands Have Been Ordered in Similar Cases

In  Irvin v. Merck, Case No. 03-80514 CIV-HURLEY (S.D. Fla. October 9, 2003), the Southern District of Florida faced a remand issue in a case filed against Merck and its sales representative for the wrongful death of a patient who had ingested Vioxx.    In Irvin, the Court remanded the action to state court after rejecting Merck's argument that the non-diverse sales representatives had been fraudulently joined.  In  Kozic  v.  Merck, Case No. 8:04-CV 324-T-27TBM, (M.D. Fla. Aug. 2004)  the Middle District of Florida also granted remand and stated that it "must 'pierce the pleadings' to determine whether, under controlling state law, the plaintiff has a possible or arguable claim against the non-diverse defendant, or whether, on the other hand, it is clear there can be no recovery." *See also* Crowe v. Coleman, 113 F. 3d 1538 (11th Cir. 1997); Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F. 2d 172 (5th Cir. 1968).    In Kozic, Plaintiff successfully argued that the Defendant sales representatives made representations concerning the safety and effectiveness of Vioxx and concealed its dangerous side effects.

## CONCLUSION

Defendant **MERCK's** removal is improper.  The only inquiry that is required from this Court is whether there is *any possibility* that the Plaintiff can establish a claim against the non-diverse Defendants.  Defendant **MERCK** has failed to provide any evidence that is clear and convincing to overcome the allegations of the Plaintiff's complaint.  Accordingly, remand is appropriate as this Court is without diversity jurisdiction.

Dated this  2nd  day of  February  , 2006.

By: _____

**BRENDA S. FULMER, Esq.**
Fla. Bar No. 999891
ALLEY, CLARK, GREIWE & FULMER
701 E. Washington Street
P.O. Box 3127
Tampa, FL 33601-3127
Tele: (813) 222-0977
Fax: (813) 224-0373
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and by e-mail and has been served upon all parties set forth on the attached Service List by ~~electronically uploading~~ US MAIL the same to LexisNexis File & Serve in accordance with Pretrial Order No. 18B on this 2nd day of February, 2006.

By: _____
**BRENDA S. FULMER, Esq.**
Fla. Bar No. 999891
ALLEY, CLARK, GREIWE & FULMER
701 E. Washington Street
P.O. Box 3127
Tampa, FL 33601-3127
Tele: (813) 222-0977
Fax: (813) 224-0373
Attorneys for Plaintiff
*bfulmer@tampatriallawyers.com*

## SERVICE LIST

**Wilfred P. Coronato, Esq.**
Hughes, Hubbard & Reed, LLP
101 Hudson Street, Suite 3601
Jersey City, NJ 07302-3918
Tele: (201) 946-5700
Fax: (201) 536-0799
*Email: Coronato@hugheshubbard.com*

**Phillip A. Wittmann, Esquire**
Stone, Pigman, Walther, Wittmann, LLC
546 Carondelet St.
New Orleans, LA 71030
Tele: (504) 581-3200
Fax: (504) 581-3361
*Email: pwittmann@stonepigman.com*
Defendant's Liaison Counsel

**Aretha Delight Davis, Esquire**
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
Tele: (215) 994-2423
Fax: (215) 994-2222
*Email: Aretha.davis@dechert.com*

**Susan Giamportone, Esq.**
Womble, Carlyle, Sandridge & Rice
2530 Meridian Parkway, Suite 400
Durham, NC  27713
Tele: (919) 316-4243
Fax: (919) 484-2061
*Email: SGiamportone@wcsr.com*

**Barbara Bolton Litten, Esquire**
**Patricia E. Lowry, Esquire**
**John B.T. Murray, Jr., Esquire**
**Dori K. Stibolt, Esquire**
Squire, Sanders & Dempsey
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, FL 33401
Tele: (561) 650-7200

Fax: (561) 655-1509
*Email: blitten@ssd.com*
*Email: plowry@ssd.com*
*Email: jbmurray@ssd.com*
*Email: dstibolt@ssd.com*
Local Counsel for Merck

**Russ Herman, Esquire**
Herman, Herman, Katz & Cotlar, LLP
910 Airport Road, Suite 3A
Destin, FL 32541
Tele: (866) 855-5101
Fax: (850) 837-8178
*Email: VIOXX@hhkc.com*
Plaintiff's Liaison Counsel

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX PRODUCTS
LIABILITY LITIGATION                    MDL No.: 1657

                                        SECTION: L

This document relates to:               Civil Action No. 05-CV-6708

RONALD TIMPANARO,
                    Plaintiff,
vs.                                     JUDGE FALLON
                                        MAG. JUDGE KNOWLES
MERCK & CO., INC,
_____Defendant._____/

### NOTICE OF HEARING

PLEASE TAKE NOTICE that Plaintiff's Motion for Remand will be heard before the

Honorable Eldon E. Fallon, United States District Court, Eastern District of Louisiana, 500

Poydras Street, New Orleans, LA 70130, on **Wednesday, the 1st day of March, 2006, at**

**9:00 AM,** or as soon thereafter as counsel may be heard.

Dated this 3rd day of February, 2006.

By: _____
    **BRENDA S. FULMER, Esq.**
    Fla. Bar No. 999891
    ALLEY, CLARK, GREIWE & FULMER
    701 E. Washington Street
    P.O. Box 3127
    Tampa, FL 33601-3127
    Tele: (813) 222-0977
    Fax: (813) 224-0373
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and by e-mail and has been served upon all parties set forth on the attached Service List by electronically uploading the same to LexisNexis File & Serve on this 3rd day of February, 2006.

By: _____

BRENDA S. FULMER, Esq.
Fla. Bar No. 999891
ALLEY, CLARK, GREIWE & FULMER
701 E. Washington Street
P.O. Box 3127
Tampa, FL 33601-3127
Tele: (813) 222-0977
Fax: (813) 224-0373
Attorneys for Plaintiff
*bfulmer@tampatriallawyers.com*

## SERVICE LIST

**Wilfred P. Coronato, Esq.**
Hughes, Hubbard & Reed, LLP
101 Hudson Street, Suite 3601
Jersey City, NJ 07302-3918
Tele: (201) 946-5700
Fax: (201) 536-0799
*Email: Coronato@hugheshubbard.com*

**Phillip A. Wittmann, Esquire**
Stone, Pigman, Walther, Wittmann, LLC
546 Carondelet St.
New Orleans, LA 71030
Tele: (504) 581-3200
Fax: (504) 581-3361
*Email: pwittmann@stonepigman.com*
Defendant's Liaison Counsel

2

**Aretha Delight Davis, Esquire**
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
Tele: (215) 994-2423
Fax: (215) 994-2222
*Email: Aretha.davis@dechert.com*

**Susan Giamportone, Esq.**
Womble, Carlyle, Sandridge & Rice
2530 Meridian Parkway, Suite 400
Durham, NC 27713
Tele: (919) 316-4243
Fax: (919) 484-2061
*Email: SGiamportone@wcsr.com*

**Barbara Bolton Litten, Esquire**
**Patricia E. Lowry, Esquire**
**John B.T. Murray, Jr., Esquire**
**Dori K. Stibolt, Esquire**
Squire, Sanders & Dempsey
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, FL 33401
Tele: (561) 650-7200
Fax: (561) 655-1509
*Email: blitten@ssd.com*
*Email: plowry@ssd.com*
*Email: jbmurray@ssd.com*
*Email: dstibolt@ssd.com*
Local Counsel for Merck

**Russ Herman, Esquire**
Herman, Herman, Katz & Cotlar, LLP
910 Airport Road, Suite 3A
Destin, FL 32541
Tele: (866) 855-5101
Fax: (850) 837-8178
*Email: VIOXX@hhkc.com*
Plaintiff's Liaison Counsel

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED