FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 13 P 4: 30

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX® PRODUCTS LIABILITY LITGATION | MDL Docket No. 1657 |
| | SECTION L |
| THIS RELATES TO: Batt, et al. v. Merck & Co., Inc. | JUDGE FALLON |
| Civil Action No: 05-5139 | MAG. JUDGE KNOWLES |

## MOTION TO MODIFY PRE-TRIAL ORDER 18B

COME now Plaintiffs, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 60(b), and do hereby respectfully move this Court for a modification of Pre-Trial Order 18(b).  In support of their motion, Plaintiffs state as follows:

1.     Pre-Trial Order 18B requires that plaintiffs whose cases are transferred to this Court must serve their Plaintiff Profile Forms ("PPF"), authorizations, and medical records upon counsel for Merck via LexisNexis in addition to serving a physical copy upon counsel. (Pre-Trial Order 18B, ¶ 5.)

2.     Counsel for Plaintiffs has ninety (90) plaintiffs' cases currently subject to this multidistrict litigation as a part of this action and *Meysami, et al. v. Merck & Co., Inc., et al.*, Case No. 2:05cv05353, and has more than three hundred (300), as of yet, un-filed cases that will likely be subject to a transfer to this Court.

3.     Undersigned counsel for Plaintiffs has personally spent approximately seventy-six (76) hours over the nine days from January 24, 2006 to February 1, 2006, inclusive, uploading PPF's, authorizations, and medical records.  In those nine days, counsel has uploaded files for only forty-eight (48) of her ninety Plaintiffs.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

4.     Upon information and belief, LexisNexis is only able to accommodate the uploading of files in three to five megabyte (3-5MB) increments. Further, counsel is able to upload approximately 1MB per minute to the LexisNexis File and Serve website. Therefore, each medical document, some containing as much as 195MB, must be broken down into smaller increments. This process consumes inordinate man hours, as determining the size of a particular file and the appropriate breaking point is not dependent upon the number of pages in a document, but the amount of data on each page. Next, each file must be uploaded at 1MB per minute, further consuming inordinate man hours. For example, one Plaintiff's file contains 410MB of data, which took undersigned counsel approximately one and one-half (1.5) hours to break down and an additional five (5) hours to upload to LexisNexis' File and Serve website.

5.     Such an expense of resources is unduly burdensome upon Plaintiffs and in contravention of the very policy supporting multidistrict litigation. Further, such expense prejudices Plaintiffs' rights and abilities to pursue this action, consuming their resources more appropriately focused on substantive pursuit of the litigation in unnecessary administrative detail when reasonable, more efficient alternatives exist. Specifically, as Plaintiffs must serve a physical copy of PPF's, authorizations, and medical records on Merck, Merck may undertake the task of duplicating and producing the medical records to its other counsel. Alternatively, plaintiffs in *McGhee, et al. v. Merck & Co., Inc, et al.*, Case No. 2:05-cv-02573 filed a motion to modify Pre-Trial Order 18B, suggesting that plaintiffs may provide a CD containing the medical records to Merck. (See, Pls.' Motion to Modify, attached hereto as Exhibit A.) This method, too, would be more efficient, as the medical records must already be provided to a copying vendor for reproduction, Bates stamping, and media storage. Requesting a second media storage

for production to Merck would incur little incremental cost and no additional resources of undersigned counsel.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enter an order modifying Pre-Trial Order 18B such that Plaintiffs are not required to upload medical records on LexisNexis File and Serve and establishing an alternative method of service as suggested above or as the Court deems appropriate.

DATED: February ____, 2006

Respectfully submitted,

Roger C. Denton (MO 30292)
Regina L. L. Wells (MO 52473)
Schlichter, Bogard & Denton
100 S. 4th ST, Suite 900
St. Louis, MO 63102
314/621-6115 telephone
314/621-7151 facsimile
rdenton@uselaws.com
rwells@uselaws.com

3



10411558
Jan 24 2006
5:53PM

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

In re: VIOXX PRODUCTS
LIABILITY LITIGATION,

McGhee et al v. Merck & Co., Inc. et al

            Plaintiffs,

    v.

Merck & Co. Inc., et al.,

            Defendants.

MDL No. 1657

No. 2:05-cv-02573-EEF-DEK

## PLAINTIFFS' MOTION TO MODIFY PRETRIAL ORDER 18B SO THAT PLAINTIFFS DO NOT HAVE TO FILE AND SERVE ON DEFENDANTS MEDICAL RECORDS VIA LEXIS-NEXIS FILE AND SERVE

COME NOW Plaintiffs and moved to modify Pretrial Order 18B so that plaintiffs do not have serve medical records via LEXIS-NEXIS file and serve on defendants based on practical considerations as there is a far simpler way to provide a PDF copy of medical records to defendants that will avoid unnecessary cost and staff work.  In support thereof, plaintiffs state:

1.    Pretrial order 18(B), paragraph 5 provides: "plaintiff shall serve the DLC with PPF responses, signed and dated authorizations, **and responsive documents ...** and by serving electronic copy via LEXIS-NEXIS file and serve on

-1-

484963 / 004128

EXHIBIT
A

Wilfred P. Coronato at Hughes Hubbard & Reed LLP, Philip A. Wittman at Stone Pigman Walter Whitman L.L.C., Aretha Delight Davis at Dechert LLP, and firms representing any other defendants in that case within the time periods set forth herein."

2.    The undersigned counsel represents over 2000 plaintiffs, some of whom have well over a 1000 medical records, because of the hospitalizations and medical care that their cardiovascular injuries have necessitated.

3.    Because of the limitations of LEXIS-NEXIS file and serve, a plaintiff can only upload medical records that have been pdf-ed in 4 MB parts.  Depending on the copy machine used and the contents of the copies this can range from anywhere from 20-to-75 pages . Accordingly, the undersigned counsel has to retain a copy service that will break down the medical records to 4 MB parts.  This is an onerous process involving increased staff and cost to break down the medical records so that they can be filed and served on LEXIS-NEXIS.

4.    Additionally, LEXIS-NEXIS provides a service where they will upload the medical records in 9 MB parts, but they will charge 100-dollars-an-hour for this service.

5.    After the copy company has completed breaking down the medical records to 4 MB parts, the support staff of plaintiffs' counsel will then have to individually upload each individual part.  This is a time-consuming process because each 4 MB part is a large document that takes time to upload.

5.  Plaintiffs state that to file and serve medical records via LEXIS-NEXIS

484963 / 004128                                         -2-

is an onerous process that involves unnecessary cost and staff work.

6. Plaintiffs believe that it would be far simpler to PDF and burn to a CD a copy of plaintiffs' medical records and serve a copy of the burned CD on the required defendants.

WHEREFORE, plaintiffs pray for an Order to modify Pretrial Order 18B so that plaintiffs do not have to file and serve medical records via LEXIS-NEXIS file and serve on defendants; rather plaintiffs would serve a CD with a PDF copy of a plaintiff's medical records on the defendants identified in Pretrial Order 18B and for such other and further relief which may in the premises be just and proper.

Respectfully submitted,

JEFFREY J. LOWE, PC

By: _____

Jeffrey J. Lowe
Francis J. ("Casey") Flynn
Attorney for Plaintiffs
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
(314) 678-3400
Fax: (314) 678-3401

Evan Buxner
Walther Glenn Law Offices
1034 S. Brentwood Blvd., Suite 1300
St. Louis, MO 63117
314-725-9595
Fax: 314-725-9597

484963 / 004128                    -3-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on January 24, 2006 electronically on all defendants to be electronically noticed on LEXIS-NEXIS file and serve and as well via first-class mail on the individuals identified below:

Philip A. Whitman
Stone, Pigman, Walther, Whitman LLC
546 Carondelet St.
New Orleans, LA 70130-3588

John N. Poulos
 Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004
212-837-6000

Attorneys for Merck & Co., Inc.

Russ M. Herman
Herman, Herman, Katz, Cotlar, L.L.P.
820 O'Keefe Ave.
New Orleans, LA 70113

484963 / 004128

-4-

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on

Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon

all parties by electronically uploading the same to LexisNexis File & Serve Advanced in

accordance with PreTrial Order No. 8, on this 3 ¹⁰ day of _____ FEB. _____ 2006.