FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 13  PM 4: 08

LORETTA G. WHYTE
   CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br><br>This document relates to: *State of Louisiana, ex. rel. Charles C. Foti, Jr., Attorney General*, No. 05-3700 and *Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana*, No. 05-0713 | No. MDL Docket No. 1657<br><br>Section L<br><br>JUDGE FALLON<br><br>MAG. JUDGE KNOWLES |

### MERCK & CO., INC.'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO REMAND, OR, IN THE ALTERNATIVE, MOTION TO CONSOLIDATE

In their reply brief in support of their motion for expedited remand or alternatively, a consolidated MDL trial, plaintiffs make no new arguments to justify remand of the *Foti* attorney general suit or to justify their request that the Court move the *Foti* and *Blue Cross/Blue Shield* cases to the front of the line in the MDL for an early trial, ahead of thousands of personal injury cases pending in this proceeding. The one new issue raised by plaintiffs' reply brief, however, is their argument that consolidation is appropriate because they plan to drop the class claims in the *Blue Cross/Blue Shield* matter. Merck respectfully submits this brief surreply to emphasize that even if *Blue Cross/Blue Shield* proceeds as an individual case, a consolidated trial would be inefficient and highly prejudicial because trying the two cases will require different evidence, and it would be difficult – if not impossible – for a jury to keep straight which evidence applies to each case. (Indeed, even putting aside consolidation, Merck does not believe it would be

___ Fee_____
___ Process_____
_X_ Dktd_____ 799142v.1
_✓_ CtRmDep_____
___ Doc. No_____

possible to have a fair, single trial in either of these cases because they are essentially personal injury class actions in disguise – *i.e.*, they seek, in part, to recover damages for numerous of their beneficiaries' alleged personal injuries from Vioxx. If the cases proceed to trial, Merck will fully brief that issue at the appropriate time.)

The law is clear that consolidation is inappropriate where, as here, the cases at issue involve factual dissimilarities that would lead to jury confusion and potential prejudice.[1] *See, e.g., Malcolm v. National Gypsum Co.*, 995 F.2d 346, 349-350 (2d Cir. 1993) (reversing consolidation of 48 asbestos cases because "addressing the complaints of hundreds of thousands of [ ] plaintiffs, while safeguarding the rights of the defendants, all the while searching for equitable resolutions in each case, is a herculean task" and noting that the "benefits of efficiency can never be purchased at the cost of fairness."); *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1020 (5th Cir. 1997) (invalidating, pretrial, proposed trial plan in mass consolidation under Due Process Clause); *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 445-46 (D.N.J 1998) (denying consolidation of cases involving "diverse medical histories" and "different injuries to the brain and to the heart . . . . This evidence is specific and unique to each Plaintiff's case."); *In re Repetitive Stress Injury Litig.*, 11 F.3d 368 (2d Cir. 1993) (granting mandamus and vacating order consolidating personal injury claims); *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (D. Mich. 1985) (denying consolidation of products liability actions against an IUD manufacturer despite the fact that all plaintiffs alleged similar injury because "many of the factual and legal issues involved are significantly different [and] [c]onvenience and judicial economy is outweighed by the likelihood of confusion and prejudice").

---

[1] Plaintiffs apparently assume that since they have waived their right to a jury, Merck will as well. Merck has not waived the right to a jury trial.

Here, Blue Cross/Blue Shield (BC/BS) and Attorney General Foti essentially seek to recover on two theories. First, they seek to recover their payments for Vioxx: Blue Cross/Blue Shield seeks reimbursement of all money it spent reimbursing its plan members for their Vioxx purchases (Pls.' Am. Compl., Prayer for Relief ¶ 3), and the Attorney General seeks reimbursement for money spent for Vioxx on behalf of Medicaid beneficiaries. (*Foti* Pet., Prayer for Relief ¶ 6.) Second, they seek to recover the costs of treating beneficiaries whom they allege were injured by Vioxx; specifically, Blue Cross/Blue Shield seeks reimbursement of all sums paid for medical services for the treatment of its subscribers allegedly injured by Vioxx (Pls.' Am. Compl., Prayer for Relief ¶ 3), and Attorney General Foti seeks reimbursement of all sums paid by the State of Louisiana's Medicaid program for medical services for the treatment of Medicaid recipients allegedly injured by the drug. (*Foti* Pet., Prayer for Relief ¶ 6.)

While the cases may superficially sound like they involve common issues, in fact, trials of the two plaintiffs' claims would involve very different factual inquiries. For example, with regard to the reimbursement claims, the *Blue Cross/Blue Shield* jury will need to determine what Merck told **BC/BS** about the alleged risks of Vioxx, what **BC/BS** knew about Vioxx from other sources, and whether **BC/BS** would have made a different coverage decision if Merck had provided the information that was allegedly withheld. The *Foti* jury, in contrast, will need to determine what, if anything, Merck told the Louisiana Department of Health and Hospitals ("DHH"), the regulatory body that administers the state's Medicaid program about Vioxx and its risks, why **DHH** decided to cover Vioxx, what **DHH** knew about Vioxx from other sources and whether **DHH** would have reached a different decision if Merck had made different representations. In addition, a trial in the *Foti* case would almost certainly involve evidence related to the dense regulatory framework that surrounds the federal Medicaid system and

799142v.1

governs when a state *must* provide coverage for FDA-approved drugs, evidence that is wholly irrelevant to the BC/BS claims. Combining these disparate facts in one trial would enable plaintiffs to admit evidence that may only be relevant to one of the cases and pose a serious risk that a jury misapplies that evidence to the other plaintiff's claims. For example, a jury could find Merck liable to Blue Cross/Blue Shield for statements the company made to DHH or vice versa.

The same is true of plaintiffs' claims seeking recovery for expenses related to the BC/BS and Medicaid beneficiaries' alleged Vioxx-related injuries. As noted above, even absent consolidation, Merck does not believe that these cases could be tried fairly as single trials. In each of these cases, the plaintiff will have to prove to a jury that Merck's alleged misrepresentations caused each and every injury for which they seek recovery. (*See generally* Opposition of Defendant Merck & Co., Inc. to Plaintiffs' Motion For Certification Of A Personal Injury/Wrongful Death Class.) Moreover, it would be impossible for jurors to remember which evidence applies to which beneficiaries, almost inevitably resulting in unfair verdicts. Thus, to be conducted fairly, each of these cases alone will require numerous separate trials on issues of causation. Combining the two would result in complete chaos.

799142v.1

## **CONCLUSION**

Despite the fact that the Blue Cross-Blue Shield plaintiffs have dropped their class allegations, a consolidated trial in these two cases would be needlessly complex, hopelessly confusing, and almost certainly prejudicial. For the foregoing reasons, Merck respectfully requests that the Court deny plaintiffs' motion.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

799142v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Surreply in Opposition to Plaintiffs' Motion for Expedited Consideration of Motion to Remand, or, in the Alternative, Motion to Consolidate has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail and by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 13th day of February, 2006.

*Dorothy H. Wimberly*