# AFFIDAVIT OF SERVICE

COUNTY: FEDERAL            CASE # 05-375                    COURT
                                                    Clt. Ref.#

VELMA BYRD, INDIV. ET AL

VS
MERCK & CO., INC.

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**FILED FEB 1 3 2006**
**LORETTA G. WHYTE**
**CLERK**

The documents came to hand for service on 08/04/05  Time: 16:02:07

Documents received for service:

**SUMMONS; PLAINTIFF'S ORIGINAL COMPLAINT**

The documents were delivered on 08/05/05  Time: 08:40:00

Executed at: 350 N. St. Paul St. Ste. 2900
             Dallas, TX 75201
to the following: **Merck & Co., Inc.**
                  **By Delivering To C.T. Corporation System**
                  **By Delivering To Shirley Dillon**

**X**   PERSONALLY delivering the document(s) to the person above.
___    SUBSTITUTE SERVICE per Order by delivering to _____ a person over sixteen (16) years of age, at the above listed address which is the usual place of abode/business of the above named person.
___    POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, Tobin E. McDowell, LIC#: SCH-856       , am over the age of eighteen, and am neither a party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES CODE and all other applicable rules and statutes relating to service of citation and/or notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:_____

Witness Fee Tendered:_____

Tobin E. McDowell, LIC#: SCH-856
Professional Civil Process Dallas, Inc.
2001 Bryan Street Suite 3175
Dallas, Texas 75201

STATE OF TEXAS}

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized person known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn stated that he has personal knowledge of the facts set forth in the foregoing affidavit and declared that the facts therein contained are true and correct. Given my hand and seal of office this __8__ day of __Aug__ 200_5_.

PCP Inv. #D08050020

NOTARY PUBLIC FOR THE STATE OF TEXAS

NAKIA VA SHELLE WATSON
MY COMMISSION EXPIRES
July 19, 2008

___ Fee _____
___ Process __
X   Dktd ____
___ CtRmDep__
___ Doc. No __

8/5/05

◎AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Southern__ District of __Texas__

Velma Byrd, Individually, And As Personal Representative and ~~Executor~~ Executer Of the ~~Estate~~ of Willard Carey, Deceased, And as Surviving Daughter of Willard Carey, Deceased

V.

Merck & Co., Inc.

SUMMONS IN A CIVIL CASE

CASE NUMBER: 05-375

TO: (Name and address of Defendant)

Merck & Co., Inc.
Agent: C.T. Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Kathryn Snapka
Federal ID No. 1617
State Bar No 18781200
Snapka, Turman & Waterhouse, LLP
P.O. Drawer 23017
Corpus Christi, Texas 78403

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby
CLERK

[signature: Donna Turull]
(By) DEPUTY CLERK

JUL 29 2005
DATE

%AO 440  (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE ||
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

**DECLARATION OF SERVER**

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  _____    _____
                         Date                                 *Signature of Server*


                                               _____
                                                         *Address of Server*

SEE ATTACHED ORIGINAL RETURN OF SERVICE

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

JUL 28 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| VELMA BYRD, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE AND EXECUTOR OF THE ESTATE OF WILLARD CAREY, DECEASED, AND AS SURVIVING DAUGHTER OF WILLARD CAREY, DECEASED<br><br>Plaintiff,<br><br>vs.<br><br>MERCK & CO., INC.<br><br>Defendant. | §§§§§§§§§§§§§§§§ |

CASE NUMBER 05-375
JURY TRIAL REQUESTED

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, Velma Byrd, Individually, and as Personal Representative and Executor of the Estate of Willard Carey, Deceased, and as Surviving Daughter of Willard Carey, Deceased (hereinafter referred to as "Plaintiff"), complaining of Merck & Co., Inc. (hereinafter referred to as "Defendant Merck" or "Merck"), and for cause of action would respectfully show unto the Court and the Jury the following:

### I. INTRODUCTION AND PARTIES

1.      This is a civil action brought on behalf of the above-styled Plaintiff regarding Willard Carey's ingestion of the prescription medication Vioxx® (Rofecoxib). This prescribed drug caused the untimely death of Willard Carey. This lawsuit arises as a result of the injuries, damages, and death of Willard Carey caused by Vioxx®

7.28.05

(Rofecoxib) which was manufactured, marketed, distributed and sold to Willard Carey by Defendant Merck and/or Defendant Merck's representatives.

2. Plaintiff is an individual who is a citizen of the State of Texas and a resident of San Patricio County, Texas.

3. Defendant Merck is an American pharmaceutical company incorporated in the State of New Jersey, and has its principal place of business in Rahway, New Jersey. Defendant Merck has an office in Dallas, Texas and is duly authorized to conduct business in the State of Texas. Service of process upon Defendant Merck may be accomplished by serving the agent for service of process at C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. Defendant Merck does business by agent in Texas and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx® (Rofecoxib) in Texas.

4. At all times relevant herein, Defendant Merck was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including Vioxx® (Rofecoxib), for use by the mainstream public and, more specifically, Willard Carey.

## II. JURISDICTION

5. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over this matter as the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,0000.00, excluding interest and costs.

## III. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred. FED. R. CIV. PROC. 9(c).

11. The pharmaceutical Vioxx® (Rofecoxib) designed, manufactured, distributed, sold and/or supplied by Merck was defective due to inadequate testing.

12. Additionally, Merck failed to provide timely and adequate warnings or instructions after the manufacturer knew of the risk of injury from Vioxx® (Rofecoxib). The defective nature of this product is a contributing cause of Plaintiff's injuries.

13. Merck had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of commerce. Merck failed to exercise ordinary care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx® (Rofecoxib) into the stream of commerce. Merck knew or should have known that Vioxx® (Rofecoxib) created an unreasonable risk of bodily harm, including the risk of death.

14. Despite the fact that Merck knew or should have known that Vioxx® (Rofecoxib) caused unreasonably dangerous side effects which many users would be unable to remedy by any means, Merck continued to market and/or prescribe Vioxx® (Rofecoxib) to the consuming public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

15. Merck should have known that consumers, such as Willard Carey, would foreseeably suffer injury or death as a result of its failure to exercise ordinary care as described herein. Merck's negligence was the proximate and/or producing cause of Plaintiff's injuries and Plaintiff's economic and non-economic loss.

16. Merck made express representations relative to the product, Vioxx® (Rofecoxib). Merck represented that the product was safe and fit for use when, in fact, it was not. Such conduct constitutes misrepresentations and negligent misrepresentations

resulting in Plaintiff's injuries and damages for which Plaintiff sues.

17. Merck, through its detail sales representatives, made representations regarding the safety and efficacy of its product, Vioxx® (Rofecoxib).

18. Merck's conduct in this matter was the proximate and/or producing cause of injuries and damages suffered by Plaintiff.

19. At the time Merck marketed, sold, distributed, and/or prescribed Vioxx® (Rofecoxib) for use by the general consuming public, including Willard Carey, Merck knew of the use for which Vioxx® (Rofecoxib) was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

20. Willard Carey reasonably relied upon the skill and judgment of Merck as to whether Vioxx® (Rofecoxib) was of merchantable quality, and safe and fit for its intended use.

21. Contrary to such implied warranty, Vioxx® (Rofecoxib) was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purpose for which it was intended and used as described above.

22. Merck's conduct in this regard was the proximate and/or producing cause of the Plaintiff's injuries and damages.

23. Merck negligently, recklessly, intentionally and fraudulently made material misrepresentations that Vioxx® (Rofecoxib) was safe and effective. Defendant Merck represented Vioxx® (Rofecoxib) as safe so that the general consuming public, including Willard Carey, would rely upon said representations when purchasing said product.

Respectfully submitted,

**SNAPKA, TURMAN  
& WATERHOUSE, L.L.P.**  
P.O. Drawer 23017 (78403)  
606 N. Carancahua, Suite 1511  
Corpus Christi, TX 78476  
Telephone: (361) 888-7676  
Telecopier: (361) 884-8545

By: _____  
Kathryn Snapka  
Attorney-in-Charge  
State Bar No. 18781200  
Federal I.D. No. 1617  
Greg W. Turman  
State Bar No. 00785123  
Federal I.D. No. 16317  
Richard B. Waterhouse, Jr.  
State Bar No. 00788624  
Federal I.D. No. 17795  
Craig Henderson  
State Bar No. 00784248  
Federal I.D. No. 15532  
Aditi Anita Shahani  
State Bar No. 24041898  
Federal I.D. No. 38289

**ATTORNEYS FOR PLAINTIFF**