U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED 2-13-06
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| **This document relates to** | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| **Evelyn Irvin Plunkett v. Merck & Co, Inc.** | * | **CASE NO. 02:05CV4046** |

---

**Plaintiff's Trial Brief Regarding Florida's Government Rules Doctrine**

---

Plaintiff Evelyn Irvin Plunkett, Personal Representative of the Estate of Richard Irvin, Jr., by and through her attorneys, urges the Court to reconsider the jury charge relating to Florida's government rules presumption as given in *Irvin I.* For the reasons stated below, a charge on Florida's government rules doctrine is not appropriate based on the law of the State of Florida.

Florida's § 768.1256 establishes the presumption relating to compliance with government rules and regulations. The statute reads:

> (1) In a product liability action brought against a manufacturer or seller for harm allegedly caused by a product, there is a rebuttable presumption that the product is not defective or unreasonably dangerous and the manufacturer or seller is not liable if, at the time the specific unit of the product was sold or delivered to the initial purchaser or user, the aspect of the product that allegedly caused the harm:
>
> (a) Complied with federal or state codes, statutes, rules, regulations, or standards relevant to the event causing the death or injury;
>
> (b) The codes, statutes, rules, regulations, or standards are designed to prevent the type of harm that allegedly occurred; and
>
> (c) Compliance with the codes, statutes, rules, regulations, or standards is required as a condition for selling or distributing the product.

___ Fee___
___ Process___
X Dktd___
___ CtRmDep___
___ Doc. No.___

(2) In a product liability action as described in subsection (1), **there is a rebuttable presumption that the product is defective or unreasonably dangerous and the manufacturer or seller is liable if the manufacturer or seller did not comply with the federal or state codes, statutes, rules, regulations, or standards** which:

(a) Were relevant to the event causing death or injury;

(b) Are designed to prevent the type of harm that allegedly occurred; and

(c) Require compliance as a condition for selling or distributing the product.

(3) This section does not apply to an action brought for harm allegedly caused by a drug that is ordered off the market or seized by the Federal Food and Drug Administration.

Fla. Ann. Stat. § 768.1256 (West 2006).

## I. The Jury Should Not Be Instructed on the Government Rules Doctrine

Under Florida law a presumption is a procedural, legal matter for consideration by the court. If credible evidence is presented to the court showing that the presumed fact is not true, the presumption should not be mentioned to the jury, and the case should be decided without regard to it. See *Aetna Casualty and Surety Co. v. Pappagallo Restaurant, Inc.*, 547 So. 2d 243 (Fla. 3d DCA 1989).

There are no cases that interpret the statute. The Supreme Court of Florida has not issued a standard jury instruction related to this statute. While Florida's case law does not provide much guidance, Florida's government rules doctrine is very similar to statutes enacted in other states that have been subject to judicial review. Kentucky Revised Statute §411.310 includes a government rules doctrine very similar to Florida's, except that in Kentucky, the presumption against defect must be rebutted by "a preponderance of evidence."

In *Sexton v. Bell Helmets, Inc.*, 926 F.2d 331 (4th Cir. 1991) (applying Kentucky Law), the manufacturer of a motorcycle helmet alleged that the trial court erred by failing to give a

requested jury instruction based on the Kentucky government rules doctrine.[1] The United States Court of Appeals for the Fourth Circuit held that the statute in question did not say a manufacturer would be entitled to judgment if it complied with government rules. Rather, the statute in question created a "bursting bubble" presumption which, in the absence of evidence to the contrary, would prevail. However, since the plaintiff in that case had presented evidence that the product was defective, the bubble had been burst and the presumption was no longer applicable. With regard to whether the government rules doctrine statute should form the basis for a jury instruction, the court in *Sexton* stated:

> We can perceive no reason why the trial court would ever have need to instruct the jury on this statutory presumption. If a plaintiff fails to rebut the presumption ... a verdict will be directed that the product was "not defective". On the other hand, if a plaintiff rebuts the presumption, the issue of whether the product was defective will be submitted to the jury on the evidence. For this reason, Kentucky courts have not generally permitted advising the jury of any presumptions."

*Sexton,* 926 F.2d 331 (citing *Mason v. Commonwealth*, 565 S.W.2d 140 (Ky.1978)).

In *Clark v. Chrysler Corp.*, 310 F.3d 461 (6th Cir. 2002), *judgment vacated on other grounds,* 540 U.S. 801 (2003), a case reviewing the same Kentucky statute that was the subject of the *Sexton v. Bell Helmets, Inc.* case, the trial court rejected a requested jury instruction based on the government rules doctrine and the defendant, Chrysler, appealed. The court in *Clark* stated: "[t]he statutory presumptions of KRS §411.310 do no more than leave the burden of proof with [plaintiff] to prove that [the product] was defective". *Clark,* 310 F.3d at 476 *(*quoting, Leslie v. Cincinnati Sub-Zero Products, 961 S.W.2d 799, 803 (Ky.App.1998)).

---

[1] Kentucky Revised Statutes §411.310(2) reads: "In any product liability action, it shall be presumed, until rebutted by a preponderance of the evidence to the contrary, that the product was not defective if the design, methods of manufacture, and testing conformed to the generally recognized and prevailing standards or the state of the art in existence at the time the design was prepared, and the product was manufactured."

An Indiana government rules doctrine statute has, likewise, been held to create a burden of production that, once met, drops out of the case. In *McCain v. Chem-Lube Corp.*, 759 N.E.2d 1096 (Ind. Ct. App. 2001), the court summed up the government rules doctrine by saying that the presumption created:

> [I]s not evidence nor should it be weighed by the fact finder as though it had evidentiary value. Rather a presumption is a rule of law enabling the party in whose favor it operates to take his case to the trier of fact without presenting evidence of the fact presumed. It serves as a challenge for proof and indicates the party from whom such proof must be forthcoming. When the opponent of the presumption has met the burden of production thus imposed, however, the office of the presumption has been performed; the presumption is of no further effect and drops from the case.

*McClain*, 759 N.E.2d at 1101 (quoting *Sumpter v. State*, 306 N.E.2d 95, 99 ( Ind. 1974)).

A second Indiana case stated the following with respect to Indiana's government rules doctrine statute: "The rebuttable presumption under Indiana Code Sec. 34-20-5-1 does not shift the burden of proof but it does impose upon the opposing party a burden of producing evidence. ... If the opponent produces evidence that rebuts the presumption, it serves no further purpose." Cansler v. Mills, 765 N.E.2d 698, 705 (Ind. Ct. App. 2002).

By its very nature, a presumption is a procedural, legal matter for consideration by the court. See *Aetna Casualty and Surety Co. v. Pappagallo Restaurant, Inc.*, 547 So. 2d 243 (Fla. 3d DCA 1989) (holding that if credible evidence is presented to the court showing that the presumed fact is not true, the presumption will not be mentioned to the jury, and the case will be decided without regard to it). In *Eppler v. Tarmac America, Inc.*, 752 So. 2d 592 (Fla. 2000), the Florida Supreme Court explained that when evidence is presented to show that the presumed fact is not true, the jury should not be charged on a presumption:

> It is constructed by the law to give particular effect to a certain group of facts in the absence of further evidence. The presumption provides a prima facie case which shifts to the defendant the burden to go forward with evidence to contradict or rebut the fact presumed. When the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed, the impact of the presumption is dissipated.

> Whether the ultimate fact has been established must then be decided by the jury from all of the evidence before it without the aid of the presumption.

*Eppler,* 752 So. 2d at 594. Based on *Eppler*, it appears that the evidence required to rebut a presumption in Florida is evidence that "fairly and reasonably tends to show that the real fact is not as presumed." Thus, in order to rebut the presumption of no defect created by the government rules doctrine, a plaintiff must put forth evidence that "fairly and reasonably tends to show" a defect. After a plaintiff presents such evidence, the presumption should simply drop out of the case.

In the present case, Plaintiff has put forth substantial evidence that Vioxx as designed and marketed is defective. As a result, the jury should not be charged on the government rules doctrine presumption.

## II. If the Court Chooses to Give a Government Rules Doctrine Instruction, the Charge Must Address The Reciprocal Presumption Outlined in the Statute

The Court's instruction as given during the last trial was potentially misleading. The instruction was prejudicial to Plaintiff. Moreover, no corollary under section (2) of the statute was given stating that had Merck failed to comply with FDA regulations in regard to Vioxx that there is a rebuttable presumption under Florida law that the product in question is defective or unreasonably dangerous.

Federal authorities regarding jury instructions require that proposed instructions fairly and adequately cover the issues presented, correctly state the applicable law, and not be misleading. *Gulliford v. Pierce County,* 136 F.3d 1345, 1348 (9th Cir. 1998). Proposed jury instructions must correctly and fully state the applicable law and be supported by the evidence. *Aliotta v. National R.R. Passenger Corp.*, 315 F.3d 756, 759 (7th Cir.2002).

If the Court chooses to charge the jury on the government rules doctrine outlined in F.S.A. § 768.1256(1), the Court should include a charge on Paragraph (2) of the statute. Paragraph (2) of § 768.1256 provides for a rebuttable presumption that the <u>product is defective if the manufacturer has not complied with applicable regulations</u>.

Plaintiff has submitted evidence that Merck failed to comply with 21 C.F.R. §201.57(e) which states:

> Under this section heading, the labeling shall describe serious adverse reactions and potential safety hazards, limitations in use imposed by them, and steps that should be taken if they occur. **The labeling shall be revised to include a warning as soon as there is reasonable evidence of an association of a serious hazard with a drug; a causal relationship need not be proven.**

Merck failed to warn of the cardiovascular risks associated with the use of Vioxx though there was substantial evidence as early as March 2000 that the use of Vioxx significantly increases the risk of cardiovascular events. In 2001 when Mr. Irvin used Vioxx, there was no cardiovascular risk warning or precaution in Vioxx's label. This clearly violates section 201.57(e).

Therefore, if the Court chooses to instruct the jury on the government rules doctrine, Plaintiff proposes the following instruction which was submitted to the Court in Plaintiff's Proposed Jury Instructions:

> In connection with the Plaintiff's failure to warn and defective design claims, and only these two claims, I will instruct you on what is known as the government rules doctrine. Under the government rules doctrine, there are two potential rebuttable presumptions, which may or may not apply to your deliberations.
>
> A "rebuttable presumption" is a presumption affecting the burden of producing evidence and requiring the trier of fact to assume the existence of a presumed fact, unless credible evidence sufficient to sustain a finding of the nonexistence of the presumed fact is introduced, in which event, the existence or nonexistence of the presumed fact shall be determined from the evidence without regard to the presumption.
>
> Under the government rules doctrine, there is a rebuttable presumption that the

product is not defective or unreasonably dangerous and the manufacturer or seller is not liable if, at the time the specific unit of the product was sold or delivered to the initial purchaser or user, the aspect of the product that allegedly caused harm:

(a) Complied with federal or state codes, statutes, rules, regulations, or standards relevant to the event causing the death or injury;
(b) The codes, statutes, rules, regulations or standards are designed to prevent the type of harm that allegedly occurred; and
(c) Compliance with the codes, statutes, rules, regulations or standards is required as a condition for selling or distributing the product.

Merck contends that at the time Mr. Irvin took Vioxx, it had complied with FDA regulations and was approved by the FDA. Accordingly, Merck asserts that you must presume that Vioxx was not defective or unreasonably dangerous when Mr. Irvin used it. If you find that Merck did comply with the applicable FDA regulations, it is the Plaintiff's burden to rebut this presumption by presenting credible evidence sufficient to show that Vioxx was defective or unreasonably dangerous. If you find that Plaintiff has failed to counter this presumption with evidence sufficient to show that Vioxx was in fact defective or unreasonably dangerous, then you must also find that Merck is not liable in regards to the failure to warn or the defective design claims. On the other hand, if you find that the Plaintiff has shown that Vioxx was defective or unreasonably dangerous, then you may find Merck liable in regards to the failure to warn or the defective design claims.

Moreover, under the government rules doctrine, there is also a rebuttable presumption that the product is defective or unreasonably dangerous and the manufacturer or seller is liable if the manufacturer or seller did not comply with the federal or state codes, statutes, rules, regulations, or standards which:

(a) Were relevant to the event causing the death or injury;
(b) Are designed to prevent the type of harm that allegedly occurred; and
(c) Require compliance as a condition for selling or distributing the product.

The Plaintiff contends that in seeking FDA approval of Vioxx and in marketing and issuing warnings regarding Vioxx, Merck did not comply with applicable FDA regulations. Specifically, Plaintiff contends that Merck failed to comply with § 201.57(e) of the Code of Federal Regulations which requires a drug company to change the label of a drug to warn of known dangers. Accordingly, the Plaintiff asserts that you must presume that Vioxx was defective or unreasonably dangerous when Mr. Irvin used it. If you find that Merck did not comply with the applicable FDA regulations, it is Merck's burden to rebut this presumption by presenting credible evidence sufficient to show that Vioxx was not defective or unreasonably dangerous. If you find that Merck has failed to counter this presumption with evidence to show that Vioxx was in fact not defective or unreasonably dangerous, then you must find that Merck is liable in regards to the failure to warn and the defective design claims if Plaintiff proves that Vioxx was the legal cause of the injury. On the other hand, if you

find that Merck has overcome this presumption, then you may find that Merck is not liable for the failure to warn or the defective design claims.

Fla. Stat. § 768.1256 (2005); Fla. Stat. § 90.302 (2005).

**III. Conclusion**

Plaintiff urges the Court not to instruct the jury as to the government rules doctrine under Florida law. Plaintiff has offered sufficient evidence so that the "bubble presumption" has "burst" and a charge on the presumption is not warranted. In the alternative, if the Court chooses to charge the jury on the governmental rules doctrine, without question, a reciprocal charge should be given outlining paragraph (2) of the statute.

Respectfully submitted,

By: P. Leigh O'Dell

**Andy D. Birchfield, Jr.**
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Co-Lead Counsel**

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**PLAINTIFFS' LIAISONCOUNSEL**

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)

**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this **13th** day of February, 2006

B. Leigh O'Dell
___________________________