*Copy in chambers*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED 2-14-06
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| Evelyn Irvin Plunkett v. Merck & Co, Inc. | * | CASE NO. 02:05CV4046 |

### Memorandum of Law in Support of Plaintiff's Proposed Verdict Form

Plaintiff Evelyn Irvin Plunkett, as Personal Representative of the Estate of Mr. Richard Irvin, Jr., by and through her attorneys, urges the Court not to list Christopher Schirmer, M.D., on the verdict form to be used by the jury in the deliberations for this case. Defendant has failed to put forth sufficient evidence supporting a conclusion that Dr. Schirmer was negligent.

Under Florida Statutes section 768.81, negligent non-parties can be added to the verdict form in order for the jury to apportion fault between those responsible for an injury. In order to include the treating physician on the verdict form under *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), the defense has the burden of putting on sufficient evidence to show that the treating physician was negligent and that his negligence was a contributing factor in the plaintiff's ultimate injury.

The Florida Supreme Court set out the procedure that must be followed in order to include a nonparty on the verdict form in *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996). As set out in *Nash*, "to include a nonparty on the verdict form pursuant to Fabre, the defendant must plead as an affirmative defense the negligence of the nonparty

Fee____
Process____
X Dktd____
CtRmDep____
Doc. No.____

and specifically identify the nonparty." *Id.* at 1264. "In addition to the pleading requirement, the defendant has the burden of presenting at trial that the nonparty's fault contributed to the accident in order to include the nonparty's name on the jury verdict." *Id.* "If a defendant was a Fabre defendant on the verdict form, the defendant must ensure that there is sufficient evidence in the record from which the jury can find that the Fabre defendant was at fault. If there is no such evidence, the Fabre defendant cannot be placed on the verdict form." *Crowell v. Kaufmann*, 845 So.2d 325, 327 (Fla. 2d DCA 2003).

Thus, under the principles of Nash, Merck is required to introduce testimony of an expert who is qualified to testify that Dr. Chris Schirmer, decedent's treating physician, fell below the standard of care as such testimony is required to show medical negligence. See Fla. Stat. § 766.102 (2005). Without this testimony, there is no evidence to suggest that the treating physician was negligent and a contributor to the decedent's death, and he could not be included on the verdict form. While there are few Florida cases on the specific issue of listing a nonparty physician on the verdict form, two cases are instructive. In *CAC-Ramsay, Inc. v. Mull*, 706 So.2d 928 (Fla. 3d DCA 1998), the defendant physician claimed he was entitled to have non-parties added to the verdict form.

While the opinion does not state who the non-parties were, it does set out that there was no evidence introduced at trial to suggest that a nonparty was a negligent contributor. Without such evidence, a nonparty could not be added to the verdict form. See *id.* at 930. The second is *AMH Appraisal Consultants, Inc. v. Argov Gavish Partnership*, 2006 WL 51151 (Fla. 4th DCA 2006). The plaintiff in this case claimed that the defendant appraised a building too low for insurance purposes. The defendant tried to *Fabre* in the insurance agent. The court held that the insurance agent, as a nonparty, could not be included on the verdict form without expert testimony as an appraisal requires expertise and is beyond the understanding of

a layperson. See id. at *1-2. Specifically, the court stated, "[g]iven that appraising requires expertise, and that the insurance agent did not have that expertise, a jury could not have determined that the agent was negligent in the absence of an opinion of an expert." Id. at *2. If expert testimony is required to find an insurance agent negligent in a case dealing with a negligent appraisal, it would certainly be required to prove a physician was negligent. This is particularly true given section 766.102, Florida Statutes, setting out that expert testimony is required to prove medical negligence.

The case of *Association for Retarded Citizens-Volusia, Inc. v. Fletcher*, 741 So. 2d 520 (Fla. 5th DCA 520), is also instructive on the issue of naming a nonparty physician on the verdict form. In *Fletcher*, the plaintiff brought a wrongful death suit when her child drowned at an ARC camp. ARC pled comparable fault as an affirmative defense and filed a motion to add third parties to the verdict form. Specifically, ARC tried to add to the verdict form the EMS providers, the hospital to which the child was taken and four physicians who treated the child after his arrival. The court conducted a hearing on the matter and entered summary judgment in favor of the plaintiff and thereby prohibited ARC from proving that the medical providers who treated the child after his injuries negligently aggravated them. *See id*. at 522-23.

At trial, ARC proffered testimony in support of its affirmative defense. Two experts testified; however, they were not able to opine that the child would have survived had he been treated differently. See *id*. at 523. The summary judgment and refusal to list these non-parties on the verdict form were both affirmed on appeal as "ARC failed to proffer any evidence to support its contention that medical negligence contributed to [the child's] death." *Id*. at 524.

It is clear that to list Dr. Schirmer on the verdict form as a nonparty physician, Merck & Co. must introduce the testimony of an expert witness setting out the basic elements of medical negligence in Florida. Without such an expert, Dr. Schirmer should not be added to the verdict form as there is no evidence that any negligence on the part of Dr. Schirmer contributed to Mr. Irvin's death.

Florida law provides that claims against health care providers require a showing by the greater weight of the evidence that the actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider. The prevailing professional standard of care is that level of care, skill, and treatment, which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers. *FSA* § 766.102(1) (2005). The Florida legislature has imposed stringent criteria for the qualifications of those offering opinions about the prevailing professional standard of care in cases involving claims of medical negligence. *FSA* § 766.102(5) (2005). The law precludes a person from giving expert testimony concerning the prevailing standard of care unless that person is a licensed health care provider and meets the other criteria set forth in the statute regarding specialty training, recent clinical practice, etc. *FSA* § 766.102(5)(a),(b),(c) (2005).

If the plaintiff herein had filed directly against the proposed *Fabre* defendant, she would have had to comply with vigorous presuit requirements, including obtaining the sworn affidavit of an expert qualified under the statute to offer expert opinions about the standard of care, breach of the standard of care, and causation. She would have had to present proof at trial through expert testimony of a duly qualified expert. *FSA* § 766.203(1), (2). The same policy reasons which compel proof from competent expert testimony in a direct claim of a patient against a physician apply in litigation in which the actions of the physician are

challenged by another defendant. The issues are the same. They are complex, not readily or commonly known or understood by a jury and require expert testimony.

In *Association for Retarded Citizens-Volusia, Inc. v. Fletcher*, 741 So.2d 520 (Fla. 5th DCA 1999), the appellate court affirmed the trial court's decision to bar the admission of any evidence of medical negligence, because the defendant failed to proffer any evidence to support its contention that medical negligence contributed to the plaintiff's decedent's death. Id. at 524. (citing *Nash v. Wells Fargo Guard Services, Inc.*, 678 So.2d 1262, 1264 (Fla. 1996) (holding that defendant has the burden of presenting at trial that the nonparty's fault contributed to the accident in order to include the nonparty's name on the jury verdict.")). The defendant contended in *Fletcher* that plaintiff's decedent would have survived but for the negligence of the healthcare providers in failing to transport the decedent to a closer medical facility. *Id.* at 523. However, no expert offered an opinion in support of the defendant's affirmative defense. *Id.* Therefore, the summary judgment entered by the trial court was upheld. *Id.* at 524.

Defendant Merck & Co. has offered no proof in this case of the applicable standard of care owed by Dr. Schirmer. Moreover, Merck has not demonstrated how any action by the non-party physician caused plaintiff's damages. Both elements must be established through competent expert evidence so the jury can understand the complex matters at issue and avoid engaging in speculation about topics in which its members lack the requisite training, education or experience to make a just determination. Because Merck has failed to offer such expert testimony that Dr. Schirmer breached the standard of care owed by an Emergency room physician in Florida, Dr. Schirmer should not be included on the verdict form.

Respectfully submitted,

By: *(signature)* B. Leigh O'Dell
**Andy D. Birchfield, Jr.**
P. Leigh O'Dell
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
**Co-Lead Counsel**


Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS,
MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502


Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

**PLAINTIFFS' LIAISONCOUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
MEUNIER&WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE&SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

7

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the **14th** day of February, 2006.

_____
P. Fuqua(?)