*Copy in Chambers*

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED 2-16-06
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | : | MDL Docket No. 1657 SECTION L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| This document relates to: | : | |
| | : | |
| Evelyn Irvin Plunkett v. Merck & Co., Inc. | : | CASE NO. 02-05-CV-4046 |
| | : | |

## PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiff, Evelyn Irvin Plunkett, as Personal Representative of the Estate of Mr. Richard Irvin, Jr., by and through her attorneys, and pursuant to Federal Rule of Civil Procedure 50, hereby moves the Court to enter judgment in Plaintiff's favor, as a matter of law, on Merck's affirmative defense that Christopher Schirmer, M.D., was negligent in his treatment of the plaintiff. The facts and law supporting this motion are more fully set forth in the accompanying memorandum, which are incorporated as if fully set forth herein.

___ Fee___
___ Process___
X  Dktd___
___ CtRmDep___
___ Doc. No.___

Respectfully submitted,

Date: February 16, 2006

By: *Andy Birchfield*
Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, L.L.P.
Place St. Charles
201 St. Charles Avenue
Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA  71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL  32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on the brief)**
Fred S. Longer, Esquire **(on the brief)**
Michael Weinkowitz, Esquire
Matthew C. Gaughan, Esq. **(on the brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX  77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA  70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA  92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC  20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing pleading has been served upon Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File and Serve Advanced, in accordance with Pre-Trial Order No. 8, on this the 16th day of February, 2006.

*Andy Birchfield*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | : : : : : | MDL Docket No. 1657 SECTION L  JUDGE FALLON MAG. JUDGE KNOWLES |
| This document relates to: | : : | |
| Evelyn Irvin Plunkett v. Merck & Co., Inc. | : : | CASE NO. 02-05-CV-4046 |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR JUDGMENT AS A MATTER OF LAW

I.  INTRODUCTION

Merck has asserted an affirmative defense claiming that it is not responsible for the injuries to the Plaintiff because the Plaintiff's treating physician, Dr. Chris Schirmer, was the negligent actor. Defendant bears the burden of proving this affirmative defense. Since Florida law clearly requires expert medical testimony to establish the standard of care a doctor owes to a patient, and Merck has failed to present such expert medical testimony, Plaintiff is entitled to judgment as a matter of law on Merck's contributory negligence defense.

II. LEGAL STANDARD

In diversity cases, federal courts apply a federal, rather than state, evidentiary standard to determine whether evidence at trial is sufficient to create a jury question and to defeat a motion for directed verdict or judgment notwithstanding the verdict. *American Optical Corp. v. Aetna*

*Life & Casualty, Ins. Co.*, 641 F.2d 1128, 1137 (5th Cir. 1981). Judgment as a matter of law is appropriate with respect to an issue "if there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on that issue." *Brennan's Inc. v. Dickie Brennan & Co., Inc.*, 376 F.3d 356, 362 (5th Cir. 2004), *citing Coffel v. Stryker Corp.*, 284 F.3d 625, 630 (5th Cir. 2002). "This occurs when the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict." *Id.* "In reviewing the record as a whole, the court 'must disregard all evidence favorable to the moving party that the jury is not required to believe.'" *Id.* (*citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Notably, the Fifth Circuit has stated that the trial court must review all of the evidence in the record, draw all reasonable inferences in favor of the non-moving party, and not make any credibility determinations when it considers a Rule 50 motion. *Id.*

III. **PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW CONCERNING MERCK'S AFFIRMATIVE DEFENSE SINCE MERCK HAS FAILED TO PRESENT ANY MEDICAL TESTIMONY ESTABLISHING THAT PLAINTIFF'S TREATING PHYSICIAN WAS NEGLIGENT**

Although a federal evidentiary standard governs the application of Rule 50, state law still provides the substantive law and specifies the burden that parties must meet, which in the present matter, is Florida law. To establish that Dr. Schirmer was negligent under Florida law, Merck was required to introduce the testimony of an expert witness setting out the basic elements of medical negligence. Without such an expert, Merck should not be permitted to pursue its affirmative defense since there is no competent evidence that any negligence on the part of Dr. Schirmer contributed to Mr. Irvin's death.

7

Florida law requires a party asserting a medical negligence claim to present proof at trial through expert testimony of a duly qualified expert. *FSA* § 766.102.[1] The same policy reasons which compel proof from competent expert testimony in a direct claim by a patient against a physician apply in litigation in which the actions of the physician are challenged by a defendant. The issues are the same. They are complex, not readily or commonly known or understood by a jury and require expert testimony.

In claims against health care providers, Florida law requires a showing by the greater weight of the evidence that the actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider. "The prevailing professional standard of care is that level of care, skill, and treatment, which, in light of all

---

[1] *FSA* § 766.102(1-2) provide as follows:

(1) In any action for recovery of damages based on the death or personal injury of any person in which it is alleged that such death or injury resulted from the negligence of a health care provider as defined in s. 766.202(4), the clamant shall have the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider. <u>The prevailing professional standard of care for a given health care provider shall be that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.</u>

(2)(a) If the injury is claimed to have resulted from the negligent affirmative medical intervention of the health care provider, the claimant must, in order to prove a breach of the prevailing professional standard of care, show that the injury was not within the necessary or reasonably foreseeable results of the surgical, medicinal, or diagnostic procedure constituting the medical intervention, if the intervention from which the injury is alleged to have resulted was carried out in accordance with the prevailing professional standard of care by a reasonably prudent similar health care provider.

(b) The provisions of this subsection shall apply only when the medical intervention was undertaken with the informed consent of the patient in compliance with the provisions of s.766.103.

relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers." *FSA* § 766.102(1). The Florida legislature has imposed stringent criteria for the qualifications of those offering opinions about the prevailing professional standard of care in cases involving claims of medical negligence. *FSA* § 766.102(5) (2005). The law precludes a person from giving expert testimony concerning the prevailing standard of care unless that person is a licensed health care provider and meets the other criteria set forth in the statute regarding specialty training, recent clinical practice, etc. *FSA* § 766.102(5)(a),(b),(c) (2005).

In *Association for Retarded Citizens-Volusia, Inc. v. Fletcher*, 741 So. 2d 520 (Fla. 5th DCA 520), the court granted summary judgment in favor of the plaintiff, dismissing a defendant's affirmative defense of comparative fault of four physicians who had treated the plaintiff for injuries caused by the defendant's conduct. Although two experts testified on behalf of the defense, neither expert was able to opine that the child would have survived had he been treated differently. *Fletcher*, 741 So. 2d at 523. The same result applies here since Merck has failed to present any expert testimony concerning the alleged negligent treatment by Dr. Schirmer.

In fact, Florida case law establishes that in order to include a treating physician on a verdict form the defense has the burden of putting on sufficient evidence to show that the treating physician was negligent and that his negligence was a contributing factor in the plaintiff's ultimate injury. See generally *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262, 1264 (Fla. 1996)(to include a nonparty on a verdict form the party seeking to include the nonparty has the burden of presenting evidence that the nonparty's fault contributed to the accident); *Crowell*

*v. Kaufmann*, 845 So. 2d 325, 327 (Fla. 2nd DCA 2003) (same); *AMH Appraisal Consultants, Inc. v. Argov Gavish Partnership*, 2006 WL 51151, *1-2 (Fla. 4th DCA 2006) (refusing to include an insurance agent, as a nonparty, on a verdict form without expert testimony as an appraisal requires expertise and is beyond the understanding of a layperson). If expert testimony is required to find an insurance agent negligent in a case dealing with a negligent appraisal, it would certainly be required to prove a physician negligent. This is particularly true given that §766.102 expressly requires that expert testimony is required to prove medical negligence. Thus, Florida law clearly requires testimony from an expert qualified to testify that the treatment of Dr. Chris Schirmer, decedent's treating physician, fell below the standard of care as such testimony is required to show medical negligence. *See* Fla. Stat. § 766.102 (2005). Without this testimony, there is no competent evidence to suggest that the treating physician was negligent and a contributor to the decedent's death. Since Merck has failed to present such testimony, plaintiff is entitled to judgment as a matter of law on Merck's affirmative defense.

## II.   CONCLUSION

Merck has offered no proof in this case of the applicable standard of care owed by Dr. Schirmer. Moreover, Merck has not demonstrated how any action by the non-party physician caused plaintiff's damages. Both elements must be established through competent expert evidence so the jury can understand the complex matters at issue and avoid engaging in speculation about topics in which its members lack the requisite training, education or experience to make a just determination. Because Merck has failed to meet the Florida statutory requirements that it offer expert testimony establishing that Dr. Schirmer breached the standard

10

of care owed by an Emergency room physician, plaintiff is entitled to judgment as a matter of law on Merck's affirmative defense.

Respectfully submitted,

Date: February 16, 2006

By: *Andy Birchfield*
Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
HERMAN, HERMAN, KATZ & COTLAR, L.L.P.
Place St. Charles
201 St. Charles Avenue
Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on the brief)**
Fred S. Longer, Esquire **(on the brief)**
Michael Weinkowitz, Esquire
Matthew C. Gaughan, Esq. **(on the brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File and Serve Advanced, in accordance with Pre-Trial Order No. 8, on this the **16th day** of February, 2006.

*Andy Birchfield*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657<br>SECTION L |
| | JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| This document relates to: | |
| Evelyn Irvin Plunkett v. Merck & Co., Inc. | CASE NO. 02-05-CV-4046 |

## ORDER

And now this _____ day of _____, 2006, upon consideration of the Plaintiff's Motion for Judgment as a Matter of Law and any responses thereto, it is hearby ORDERED that the Motion is GRANTED, and Defendant's affirmative defense of contributory negligence is hearby STRICKEN.

New Orleans, Louisiana, this _____ of _____, 2006.

_____
UNITED STATE DISTRICT JUDGE