

```
            FILED
      U.S. DISTRICT COURT
      EASTERN DISTRICT OF LA

        2006 FEB 21  AM 10: 49

          LORETTA G. WHYTE
               CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Tony Gallo et al.* | * | JUDGE FALLON |
| *v. Merck & Co., Inc.* (E.D. La Index No. 05-6257) | * | |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the numbered and unnumbered paragraphs of plaintiffs's Civil Action Complaint as follows:

### ANSWER TO "Statement of the Parties"

1.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, and therefore denies same.

2.  Merck denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business and corporate headquarters in Whitehouse Station, New Jersey. Merck further admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® (hereinafter, Vioxx) until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

3.  Merck admits that it has agreed to waive service of process for Vioxx-related individual cases filed in federal courts, subject to the provisions of Fed. R. Civ. P 4(d) (as modified May 31, 2005 in PTO-15 that was issued by Judge Fallon in the Vioxx MDL-1657, E.D. LA).

```
         __ Fee_____
         __ Process_____
         X  Dktd_____
         __ CtRmDep_____
         __ Doc. No.____
```

4. The allegations contained in paragraph 4 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## ANSWER TO "Statement of the Facts"

5. Merck denies each and every allegation in paragraph 5 of the complaint. Merck specifically denies that any injuries allegedly suffered by plaintiffs were caused by the prescription medicine Vioxx.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck admits the existence of *In re: Vioxx Products Liability Litigation*, MDL Docket No. 1657, presiding Judge Eldon E. Fallon and PTO-11.

7. Merck admits the allegations in the first sentence of paragraph 7 of the Complaint. The allegations contained in the second sentence of paragraph 7 of the Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck admits the allegations in the second sentence of paragraph 7 and denies each and every allegation in the third sentence of paragraph 7 except admits that plaintiffs allege an amount in controversy greater than $75,000 but avers that there is no legal or factual basis for any of the relief sought.

8. Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2). Merck specifically denies that any injuries allegedly suffered by plaintiffs were caused by the prescription medicine Vioxx.

799999v.1

9. Merck denies each and every allegation contained in paragraph 9 of the Complaint. Merck specifically denies that plaintiffs are entitled to punitive damages, and affirmatively avers that plaintiffs have failed to state a claim for punitive damages.

### ANSWER TO "COUNT I-STRICT LIABILITY"

10. With respect to the allegations contained in paragraph 10 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 9 of this Answer with the same force and effect as though set forth here in full.

11. Merck denies each and every allegation contained in paragraph 11 of the Complaint.

12. Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13. Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14. Merck denies each and every allegation contained in paragraph 14 of the Complaint.

With respect to the unnumbered paragraph of the Complaint beginning with "WHEREFORE, the Plaintiffs demands," Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought, specifically denies that plaintiffs are entitled to punitive damages, and affirmatively avers that plaintiffs have failed to state a claim for punitive damages.

### ANSWER TO "COUNT II-NEGLIGENCE"

15. With respect to the allegations contained in paragraph 15 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 of this Answer with the same force and effect as though set forth here in full.

16. The allegations contained in the first sentence of paragraph 16 of the Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck

denies each and every allegation in said sentence. Merck denies each and every allegation contained in the second and third sentences of paragraph 16 of the Complaint.

17. Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18. Merck denies each and every allegation contained in paragraph 18 of the Complaint.

With respect to the unnumbered paragraph of the Complaint beginning with "WHEREFORE, the Plaintiffs demands," Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought, specifically denies that plaintiffs are entitled to punitive damages, and affirmatively avers that plaintiffs have failed to state a claim for punitive damages.

## ANSWER TO "COUNT III- BREACH OF EXPRESS WARRANTY"

19. With respect to the allegations contained in paragraph 19 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 18 of this Answer with the same force and effect as though set forth here in full.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint.

With respect to the unnumbered paragraph of the Complaint beginning with "WHEREFORE, the Plaintiffs demands," Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought, specifically denies that plaintiffs are entitled to punitive damages, and affirmatively avers that plaintiffs have failed to state a claim for punitive damages.

799999v.1

### ANSWER TO "COUNT FIVE- BREACH OF IMPLIED WARRANTY"

25.     With respect to the allegations contained in paragraph 26 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 24 of this Answer with the same force and effect as though set forth here in full.

26.     Merck denies each and every allegation contained in paragraph 103 of the Complaint except that Merck admits it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint.

With respect to the unnumbered paragraph of the Complaint beginning with "WHEREFORE, the Plaintiffs demands," Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought, specifically denies that plaintiffs are entitled to punitive damages, and affirmatively avers that plaintiffs have failed to state a claim for punitive damages.

### ANSWER TO "COUNT FIVE- BREACH OF IMPLIED WARRANTY"

30.     With respect to the allegations contained in paragraph 30 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint.

799999v.1

33. Merck denies each and every allegation contained in paragraph 33 of the Complaint. Merck specifically denies that any injuries allegedly suffered by plaintiffs were caused by the prescription medicine Vioxx.

With respect to the unnumbered paragraph of the Complaint beginning with "WHEREFORE, the Plaintiffs demands," Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought, specifically denies that plaintiffs are entitled to punitive damages, and affirmatively avers that plaintiffs have failed to state a claim for punitive damages.

### ANSWER TO "DAMAGES"

34. The allegations contained in paragraph 34 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that plaintiffs request that the matter be set for jury trial. Merck further admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought.

35. Merck denies each and every allegation in paragraph 35 of the Complaint. Merck specifically denies that plaintiffs are entitled to punitive damages, and affirmatively avers that plaintiffs have failed to state a claim for punitive damages.

With respect to the unnumbered paragraph of the Complaint beginning with "WHEREFORE, the Plaintiffs demands," Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought, specifically denies that plaintiffs are entitled to punitive damages, and affirmatively avers that plaintiffs have failed to state a claim for punitive damages.

## **AFFIRMATIVE DEFENSES**

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck incorporates any applicable affirmative defenses or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

Further answering and by way of additional defense, Merck states as follows:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Each and every claim asserted or raised in the Complaint is barred by the applicable statue of limitations and is otherwise untimely.

3. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, laches, or statutory and regulatory compliance.

4. If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other independent, intervening or superseding cause or causes over which Merck had no control. Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by plaintiffs, and thereby become the immediate and/or sole proximate or producing cause of such occurrence and injuries.

5. To the extent that plaintiffs assert claims based on Merck's adherence to and

compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

6. Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration ("FDA") under 52 Stat. 1040, 21 U.S.C. § 301, and because Merck has complied with all requirements of the FDA.

7. Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States and Tennessee Constitutions.

8. To the extent plaintiffs assert claims based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck had no contact with plaintiffs and no duty to communicate warnings to plaintiffs.

9. Any warnings that Merck gave were transmitted to the prescribing physician and/or health-care providers and, under the learned-intermediary doctrine as applied in Tennessee, Merck's only obligation is to warn the prescribing physician and/or health-care providers and said obligation was fulfilled.

10. Plaintiffs' claims are barred by the intervention of a learned-intermediary or intermediaries whose acts, omissions or fault are the cause of Plaintiffs' injuries, damages or losses, if any.

11. Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other Merck drug or pharmaceutical preparation plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

12. If plaintiffs have sustained injuries or losses as alleged in the Complaint, such

injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration f, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

13. If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the negligence of the allegedly injured plaintiffs or third parties, and damages, if any, must be reduced proportionately or barred.

14. If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

15. If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this defendant is not responsible.

16. If plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

17. Plaintiffs' claims are barred in whole or in part because Vioxx is a prescription medication which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) of Torts.

18. Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation

Plaintiffs alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

19. Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

20. To the extent that plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or because the alleged warranties were disclaimed.

21. The Complaint fails to state a claim for which relief may be granted for punitive damages, exemplary or treble damages.

22. To the extent that plaintiffs seek punitive, exemplary or treble damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

23. To the extent that plaintiffs seek punitive, exemplary or treble damages for an alleged act or omission of Merck, no act or omission was intentional, malicious, fraudulent or reckless and, therefore, any award of punitive, exemplary or treble damages is barred.

24. Plaintiffs' demand for punitive, exemplary or treble damages is barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

25. An award of punitive, exemplary or treble damages without bifurcating the trial as to all alleged punitive damages would violate Merck's due process rights under the United States Constitution, therefore Merck moves for bifurcation on the issue of punitive damages.

26. Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United Sates Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

   d. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

   e. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and

Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

27. To the extent that plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

28. To the extent that plaintiffs demand punitive damages, such demand is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

29. Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured, barring Plaintiffs' recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

30. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

31. If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx barring recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

32. Plaintiffs' claims are barred because Vioxx was neither defective nor unreasonably dangerous in its design, manufacture or marketing at the time it left Merck's hands, and was at all times reasonably safe and reasonably fit for its intended use, thereby barring Plaintiffs' recovery pursuant to the at the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

33. To the extent the Plaintiffs' claims are based upon any theory of product liability,

they are barred or limited by Tennessee's Product Liability Act, Tenn. Code Ann. §29-28-101 *et seq.*, and Merck affirmatively asserts all defenses available therein.

34. To the extent plaintiffs are seeking recovery for benefits he may be entitled to receive or have actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

35. Any liability that might otherwise be imposed upon this defendant is subject to reduction or bar by the application of the doctrine of comparative fault.

36. To the extent plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

37. To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Tennessee law..

38. Plaintiffs' claims are barred, in whole or in part, by her failure to prevent or mitigate the damages.

39. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

40. The claims of plaintiffs may be time-barred, in whole or in part, under applicable statutes of repose.

41. The claims of plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

42. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

43. Plaintiffs have not sustained any injury or damages compensable at law.

44. Merck reserves it right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

45. The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was at the time of distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

46. Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

47. If plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God, or were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

48. Each and every claim asserted or raised in the Complaint is barred, in whole or in part, from recovery because of the res judicator effect of prior judgments.

49. Each and every claim in the Complaint is barred by the doctrine of payment and release.

50. The benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

51. Plaintiffs have failed to join all necessary and indispensable parties.

52. The extent of any risk associated with the use of Vioxx, the existence of which risk is not admitted, was, at the time of the distribution of the product, unknown and could not have been known by the use of ordinary care by Merck.

53. Plaintiffs knew of the existence of any risks complained of in the Complaint, realized and appreciated the possibilities of injury as a result of the risk, and having had a reasonable opportunity to avoid it, voluntarily exposed himself to the risk.

54. At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

55. Merck made no express or implied representations or warranties of any kind to plaintiffs, nor did plaintiffs rely on any representations or warranties made by Merck. To the extent plaintiffs relied upon and representations or warranties, such reliance was unjustified.

56. Merck did not breach any duty of care to plaintiffs.

57. To the extent plaintiffs seek to assert claims based upon allegations of fraud, such claims are barred by reason of Plaintiffs' failure to allege fraud with the particularity required by the Federal and Tennessee Rules of Civil Procedure.

58. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck herby reserves the right to amend its answer to assert any such defense.

799999v.1

WHEREFORE, Merck denies any and all liability to plaintiffs, and respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

### MERCK'S JURY DEMAND

Merck hereby requests a trial by jury.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Fax:        (504) 581-3361

Defendant's Liaison Counsel

Charles C. Harrell
Lisa M. Martin
Attorneys For Defendants
Butler, Snow, O'Mara,
Stevens & Cannada, PLLC
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201

Counsel for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Affirmative Defenses of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail upon all parties by electronically uploading same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 21st day of February, 2005.

_____

799999v.1