

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 21   PM 4: 15

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| *This document relates to:* | * | **JUDGE FALLON** |
| *Walter Nowicki v. Merck & Co., Inc., et al.,* | * | |
| (E.D. La. Index No. CA- 06-0384-L) | * | **MAG. JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND JURY DEMAND OF DEFENDANT JAY GALEOTA.

Defendant, Jay Galeota ("Mr. Galeota"), through undersigned counsel, answers the Complaint herein as follows:

### RESPONSE TO "GENERAL ALLEGATIONS"

1.      Denies each and every allegation set forth in paragraph 1 of the Complaint except admits that Plaintiff purports to seek damages in excess of $15,000, but denies that there is any legal or factual basis for such relief.

2.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint.

3.      Denies each and every allegation set forth in paragraph 3 of the Complaint.

4.      The allegations contained in paragraph 4 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 4 of the Complaint to the extent that it is directed at Mr. Galeota, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.      The allegations contained in paragraph 5 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 5 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.      The allegations contained in paragraph 6 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 6 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey.

7.      The allegations contained in paragraph 7 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

8.      The allegations contained in paragraph 8 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response

800095v.1

be deemed required, Mr. Galeota denies each and every allegation in paragraph 8 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

9.      Except for the allegations regarding Mr. Galeota, the allegations contained in paragraph 9 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said paragraph except admits upon information and belief that Merck has employed Chris Metropulos as a business manager in Florida and admits that Mr. Galeota was a Senior Regional Director with responsibilities for human health products, including Vioxx, within the State of Florida, is a former resident of Palm Beach, Florida and is currently employed by Merck.

10.      The allegations in paragraph 10 of the complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 10 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of the action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

11.      The allegations contained in paragraph 11 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a

3

response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said paragraph.

12.      The allegations contained in paragraph 12 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said paragraph.

13.      The allegations contained in paragraph 13 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said paragraph.

14.      The allegations contained in paragraph 14 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 14 of the Complaint except admits that Plaintiff purports to quote portions of prescribing information for Vioxx, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

15.      The allegations contained in paragraph 15 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 15 of the Complaint except admits that Plaintiff purports to refer to the "Warnings" section of the labeling for Vioxx, Merck's trade name for rofecoxib, and

respectfully refers the Court to the referenced labeling for its actual language and full text.

16.     The allegations contained in paragraph 16 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph except admits that the referenced study exists.

17.     The allegations contained in paragraph 17 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph except admits that the referenced study exists.

18.     The allegations contained in paragraph 18 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 18 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

19.     The allegations contained in paragraph 19 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 19 of the Complaint except admits that the VIGOR study involving Vioxx

exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

20.     The allegations contained in paragraph 20 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

21.     The allegations contained in paragraph 21 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 21 of the Complaint.

22.     The allegations contained in paragraph 22 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 22 of the Complaint.

23.     The allegations contained in paragraph 23 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 23 of the Complaint.

24.     The allegations contained in paragraph 24 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

800095v.1

25.     The allegations contained in paragraph 25 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

26.     The allegations contained in paragraph 26 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

27.     The allegations contained in paragraph 27 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

28.     The allegations contained in paragraph 28 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 28 of the Complaint.

29.     The allegations contained in paragraph 29 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

30.     The allegations contained in paragraph 30 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a

800095v.1

response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

31.     The allegations contained in paragraph 31 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

32.     The allegations contained in paragraph 32 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

33.     The allegations contained in paragraph 33 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

34.     The allegations contained in paragraph 34 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 34 of the Complaint except admits that Plaintiff purports to refer to a particular report and respectfully refers the Court to the referenced report for its actual language and full text.

35.     The allegations contained in paragraph 35 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a

8

response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

36.     The allegations contained in paragraph 36 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

37.     The allegations contained in paragraph 37 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

38.     The allegations contained in paragraph 38 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

39.     The allegations contained in paragraph 39 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

40.     The allegations contained in paragraph 40 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

800095v.1

41.     The allegations contained in paragraph 41 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

42.     The allegations contained in paragraph 42 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

43.     The allegations contained in paragraph 43 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

44.     The allegations contained in paragraph 44 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

45.     The allegations contained in paragraph 45 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

46.     The allegations contained in paragraph 46 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a

800095v.1

response be deemed required, Mr. Galeota denies each and every allegation set forth in

paragraph 46 of the Complaint except admits that on September 30, 2004, Merck

announced the voluntary worldwide withdrawal of Vioxx.

47.     The allegations contained in paragraph 47 of the Complaint are not

directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a

response be deemed required, Mr. Galeota denies knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in said paragraph.

48.     The allegations contained in paragraph 48 of the Complaint are not

directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a

response be deemed required, Mr. Galeota denies knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in said paragraph.

49.     The allegations contained in paragraph 49 of the Complaint are not

directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a

response be deemed required, Mr. Galeota denies each and every allegation set forth in

the first and second sentences of paragraph 49 of the Complaint except admits that Merck

employed professional representatives to have discussions concerning Vioxx with health

care professionals.  The allegations set forth in the third sentence of paragraph 49 of the

Complaint are legal conclusions to which no response is necessary.  If a response is

necessary, Mr. Galeota denies each and every allegation set forth therein.

50.     Denies each and every allegation set forth in paragraph 50 of the

Complaint.

51.    Denies each and every allegation set forth in paragraph 51 of the Complaint.

**RESPONSE TO "COUNT I STRICT LIABILITY<br>(AS TO DEFENDANT MERCK ONLY)"**

With respect to the un-numbered introductory paragraph of Count I, Mr. Galeota hereby repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

52.    The allegations contained in paragraph 52 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 52 of the Complaint, including subparts a - f.

53.    The allegations contained in paragraph 53 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the Complaint.

54.    The allegations contained in paragraph 54 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  The allegations set forth in paragraph 54 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Galeota denies each and every allegation in paragraph 54 of the Complaint.

800095v.1

55.     The allegations contained in paragraph 55 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 55 of the Complaint.

56.     The allegations contained in paragraph 56 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 56 of the Complaint.

57.     The allegations contained in paragraph 57 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  The allegations set forth in paragraph 57 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Galeota denies each and every allegation set forth in paragraph 57 of the Complaint.

58.     The allegations contained in paragraph 58 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 58 of the Complaint.

59.     The allegations contained in paragraph 59 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 59 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief requested.

800095v.1

### RESPONSE TO DEMANDS SET FORTH IN
### AD DAMNUM CLAUSE FOR COUNT I

Plaintiff's ad damnum clause for Count I of the Complaint is not an allegation and therefore no response is required.  If a response is required, Mr. Galeota denies each and every allegation set forth therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT II NEGLIGENCE (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count II of the Complaint, Mr. Galeota repeats and realleges each and every admission, denial, averment and statement set forth in paragraph 1 through 51 of this Answer with the same force and effect as though fully set forth here in full.

60.     The allegations set forth in paragraph 60 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Galeota denies each and every allegation set forth in paragraph 60 of the Complaint.

61.     The allegations contained in paragraph 61of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 61, including subparts a - f, of the Complaint.

62.     Denies each and every allegation set forth in paragraph 62 of the Complaint.

63.     Denies each and every allegation set forth in paragraph 63 of the Complaint except admits that Plaintiff purports to seek certain damages, but denies that there is any legal or factual basis for the relief requested.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT II

Plaintiff's ad damnum clause for Count II of the Complaint is not an allegation and therefore no response is required.  If a response is required, Mr. Galeota denies each and every allegation set forth therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT III
## NEGLIGENT MISREPRESENTATION (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count III of the Complaint, Mr. Galeota hereby repeats and realleges each and every admission, denial, averment and statement set forth in paragraph 1 through 51 of this Answer with the same force and effect as though fully set forth here in full.

64.     The allegations contained in paragraph 64 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 64 of the Complaint.

65.     The allegations contained in paragraph 65 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 65 of the Complaint.

66.     Denies each and every allegation set forth in paragraph 66 of the Complaint.

800095v.1

67.     Denies each and every allegation set forth in paragraph 67 of the Complaint.

68.     The allegations contained in paragraph 68 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 68 of the Complaint.

69.     Denies each and every allegation set forth in paragraph 69 of the Complaint.

70.     The allegations set forth in paragraph 70 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Galeota denies each and every allegation set forth in paragraph 70 of the Complaint.

71.     Denies each and every allegation set forth in paragraph 71 of the Complaint.

72.     The allegations set forth in paragraph 72 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Galeota denies each and every allegation set forth in paragraph 72 of the Complaint.

73.     The allegations contained in paragraph 73 of the Complaint are not directed toward Mr. Galeota and therefore no responsive pleading is required.  Should a response be deemed required, Mr. Galeota denies each and every allegation set forth in paragraph 73 of the Complaint.

74.     Denies each and every allegation set forth in paragraph 74 of the Complaint.

800095v.1

75.     Denies each and every allegation set forth in paragraph 75 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT III

Plaintiff's ad damnum clause for Count III of the Complaint is not an allegation and therefore no response is required.  If a response is required, Mr. Galeota denies each and every allegation set forth therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT IV FRAUD (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count IV of the Complaint, Mr. Galeota hereby repeats and realleges each and every admission, denial, averment and statement set forth in paragraph 1 through 51 of this Answer with the same force and effect as though fully set forth here in full.

76.     Denies each and every allegation set forth in paragraph 76 of the Complaint.

77.     Denies each and every allegation set forth in paragraph 77 of the Complaint.

78.     Denies each and every allegation set forth in paragraph 78 of the Complaint.

79.     Denies each and every allegation set forth in paragraph 79 of the Complaint.

800095v.1

80.     Denies each and every allegation set forth in paragraph 80 of the Complaint.

81.     Denies each and every allegation set forth in paragraph 81, including subparts a - c, of the Complaint directed to Mr. Galeota.

82.     Denies each and every allegation set forth in paragraph 82 of the Complaint directed to Mr. Galeota.

83.     The allegations set forth in paragraph 83 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Galeota denies each and every allegation set forth in paragraph 83 of the Complaint.

84.     Denies each and every allegation set forth in paragraph 84 of the Complaint directed to Mr. Galeota.

85.     The allegations set forth in paragraph 85 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Galeota denies each and every allegation set forth in paragraph 85 of the Complaint.

86.     Denies each and every allegation set forth in paragraph 86 of the Complaint directed to Mr. Galeota.

87.     Denies each and every allegation set forth in paragraph 87 of the Complaint.

88.     Denies each and every allegation set forth in paragraph 88 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

800095v.1

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT IV

Plaintiff's ad damnum clause for Count IV of the Complaint is not an allegation and therefore no response is required.  If a response is required, Mr. Galeota denies each and every allegation set forth therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MR. GALEOTA ALLEGES:

1.      Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE, MR. GALEOTA ALLEGES:

2.      The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MR. GALEOTA ALLEGES:

3.      Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH DEFENSE, MR. GALEOTA ALLEGES:

4.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH DEFENSE, MR. GALEOTA ALLEGES:

5.      To the extent that Plaintiff asserts claims based on this Defendant's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MR. GALEOTA ALLEGES:

6.      Plaintiff's claims are barred, in whole or in part, by the First Amendment.

## AS FOR A SEVENTH DEFENSE, MR. GALEOTA ALLEGES:

7.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN EIGHTH DEFENSE, MR. GALEOTA ALLEGES:

8.      Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR A NINTH DEFENSE, MR. GALEOTA ALLEGES:

9.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of this Defendant and over whom this Defendant had no control and for whom this Defendant may not be held accountable.

## AS FOR A TENTH DEFENSE, MR. GALEOTA ALLEGES:

10.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

800095v.1

## AS FOR AN ELEVENTH DEFENSE, MR. GALEOTA ALLEGES:

11.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A TWELFTH DEFENSE, MR. GALEOTA ALLEGES:

12.     To the extent that Plaintiff's reactions to the subject product were idiosyncratic reactions, this Defendant denies any liability.

## AS FOR A THIRTEENTH DEFENSE, MR. GALEOTA ALLEGES:

13.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, this Defendant's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MR. GALEOTA ALLEGES:

14.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FIFTEENTH DEFENSE, MR. GALEOTA ALLEGES:

15.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SIXTEENTH DEFENSE, MR. GALEOTA ALLEGES:

16.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck or this Defendant to warn Plaintiff directly of alleged dangers associated with the

800095v.1

use of Vioxx, such claims are barred because Merck or this Defendant has discharged its duty to warn in its warnings to prescribing physicians.

### AS FOR A SEVENTEENTH DEFENSE, MR. GALEOTA ALLEGES:

17.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

### AS FOR AN EIGHTEENTH DEFENSE, MR. GALEOTA ALLEGES:

18.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH DEFENSE, MR. GALEOTA ALLEGES:

19.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH DEFENSE, MR. GALEOTA ALLEGES:

20.    Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A TWENTY-FIRST DEFENSE, MR. GALEOTA ALLEGES:

21.    Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-SECOND DEFENSE, MR. GALEOTA ALLEGES:

22.    This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-THIRD DEFENSE, MR. GALEOTA ALLEGES:

23.    At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

800095v.1

### AS FOR A TWENTY-FOURTH DEFENSE, MR. GALEOTA ALLEGES:

24.     This case is subject to dismissal or stay on the grounds of forum non conveniens.

### AS FOR A TWENTY-FIFTH DEFENSE, MR. GALEOTA ALLEGES:

25.     Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A TWENTY-SIXTH DEFENSE, MR. GALEOTA ALLEGES:

26.     To the extent that Plaintiff relies upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

### AS FOR A TWENTY-SEVENTH DEFENSE, MR. GALEOTA ALLEGES:

27.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-EIGHTH DEFENSE, MR. GALEOTA ALLEGES:

28.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTY-NINTH DEFENSE, MR. GALEOTA ALLEGES:

29.     This Defendant is not guilty of negligence and violated no duty owing to Plaintiff.

800095v.1

**AS FOR A THIRTIETH DEFENSE, MR. GALEOTA ALLEGES:**

30.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity or standing to bring such claims.

**AS FOR A THIRTY-FIRST DEFENSE, MR. GALEOTA ALLEGES:**

31.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate this Defendant's state and federal constitutional rights.

**AS FOR A THIRTY-SECOND DEFENSE, MR. GALEOTA ALLEGES:**

32.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of this Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, an award of punitive damages is barred.

**AS FOR A THIRTY-THIRD DEFENSE, MR. GALEOTA ALLEGES:**

33.     To the extent that Plaintiff seeks punitive damages, such damages are barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A THIRTY-FOURTH DEFENSE, MR. GALEOTA ALLEGES:**

34.     Merck has complied with requirements promulgated by and under federal law. The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations. Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

**AS FOR A THIRTY-FIFTH DEFENSE, MR. GALEOTA ALLEGES:**

35.     Defendant Galeota is improperly joined.

800095v.1

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Mr. Galeota respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Mr. Galeota his reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Mr. Galeota demands a trial by jury as to all issues so triable.

Dated: February 21, 2006.                    Respectfully submitted,


Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

25

800095v.1

Patricia E. Lowry
John B. T. Murray, Jr.
Dori K. Stibolt
SQUIRE, SANDERS & DEMPSEY L.L.P.
  INCLUDING:
   STEEL HECTOR & DAVIS LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:   561-655-1509

*Attorneys for Defendant Jay Galeota*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Jay Galeota has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 21st day of February, 2006.

800095v.1