

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 22  PM 1: 15

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Leslie Bonano, Jr. v. Merck & Co., Inc.*, **Case No. 06-013.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint as follows:

### RESPONSE TO COMPLAINT

1.    Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, except admits that Merck manufactured the prescription medicine Vioxx® ("Vioxx"), which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

2.    Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

business at One Merck Drive, Whitehouse Station, New Jersey, and that its registered agent in Louisiana is CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana.

3.     Denies each and every allegation contained in paragraph 3 of the Complaint under the heading "Parties," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Louisiana.

**RESPONSE TO
"FACTUAL BACKGROUND"**

4.     Denies each and every allegation contained in paragraph 1 of the Complaint under the heading "Factual Background," except admits that Vioxx is the brand name for rofecoxib and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Vioxx, which reduces pain and inflammation, was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.     Denies each and every allegation contained in paragraph 2 of the Complaint under the heading "Factual Background," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information

contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text

6.      Denies each and every allegation contained in paragraph 3 of the Complaint under the heading "Factual Background," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.      Denies each and every allegation contained in paragraph 4 of the Complaint under the heading "Factual Background," except admits that 2003 worldwide Vioxx sales exceeded $2 billion.

8.      Denies each and every allegation contained in paragraph 5 of the Complaint under the heading "Factual Background," except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

9.      Denies each and every allegation contained in paragraph 6 of the Complaint under the heading "Factual Background," except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

10.     Denies each and every allegation contained in paragraph 7 of the Complaint under the heading "Factual Background," except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials.

11.     Denies each and every allegation contained in paragraph 8 of the Complaint under the heading "Factual Background," except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx

clinical osteoarthritis trials and that at that the time the Task Force conducted its evaluation these clinical trials were still blinded.

12.     Denies each and every allegation contained in paragraph 9 of the Complaint under the heading "Factual Background."

13.     Denies each and every allegation contained in paragraph 10 of the Complaint under the heading "Factual Background," except admits that in 1998, the Board of Scientific Advisors recommended that data be collected on CV events in Vioxx clinical trials in a systematic manner. Merck respectfully refers the Court to the referenced document for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 11 of the Complaint under the heading "Factual Background," except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 12 of the Complaint under the heading "Factual Background," except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 13 of the Complaint under the heading "Factual Background."

17.     Denies each and every allegation contained in paragraph 14 of the Complaint under the heading "Factual Background," except admits that the Vioxx

Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.

18.     Denies each and every allegation contained in paragraph 15 of the Complaint under the heading "Factual Background."

19.     Denies each and every allegation contained in paragraph 16 of the Complaint under the heading "Factual Background," except admits that the APPROVe study exists and respectfully refers the Court to said study for its actual conclusions and full text.

20.     Denies each and every allegation contained in paragraph 17 of the Complaint under the heading "Factual Background," except admits that Plaintiff purports to quote portions of a document but avers that said language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.  Merck further avers that the referenced trial was halted in September 2004.

21.     Denies each and every allegation contained in paragraph 18 of the Complaint under the heading "Factual Background," and avers that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.  Merck further avers that on September 30, 2004 Merck announced that it would voluntarily withdraw Vioxx from the worldwide market.

22.     Denies each and every allegation contained in paragraph 19 of the Complaint under the heading "Factual Background."

23.     Denies each and every allegation contained in paragraph 20 of the Complaint under the heading "Factual Background."

24.     Denies each and every allegation contained in paragraph 21 of the Complaint under the heading "Factual Background" and respectfully refers the Court to the

relevant FDA-approved prescribing information and literature for its actual language and full text.

26. Denies each and every allegation contained in paragraph 22 of the Complaint under the heading "Factual Background."

26. The allegations contained in paragraph 23 of the Complaint under the heading "Factual Background" are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

## RESPONSE TO
## "FIRST CAUSE OF ACTION - NEGLIGENCE"

27. Denies each and every allegation contained in paragraph 1 of the Complaint under the heading "First Cause of Action – Negligence."

28. Denies each and every allegation contained in paragraph 2 of the Complaint under the heading "First Cause of Action – Negligence."

29. With respect to the allegations contained in paragraph 3 of the Complaint under the heading "First Cause of Action – Negligence," repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as though set forth here in full.

30. Denies each and every allegation contained in paragraph 4 of the Complaint under the heading "First Cause of Action – Negligence" and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

31. Denies each and every allegation contained in paragraph 5 of the Complaint under the heading "First Cause of Action – Negligence."

32.     Denies each and every allegation contained in paragraph 6 of the Complaint under the heading "First Cause of Action – Negligence."

33.     Denies each and every allegation contained in paragraph 7 of the Complaint under the heading "First Cause of Action – Negligence," and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 8 of the Complaint under the heading "First Cause of Action – Negligence."

35.     Denies each and every allegation contained in paragraph 9 of the Complaint under the heading "First Cause of Action – Negligence."

36.     Denies each and every allegation contained in paragraph 10 of the Complaint under the heading "First Cause of Action – Negligence."

37.     Denies each and every allegation contained in paragraph 11 of the Complaint under the heading "First Cause of Action – Negligence."

38.     Denies each and every allegation contained in paragraph 12 of the Complaint under the heading "First Cause of Action – Negligence," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

39.     Denies each and every allegation contained in paragraph 13 of the Complaint under the heading "First Cause of Action – Negligence," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

40.     Denies each and every allegation contained in paragraph 14 of the Complaint under the heading "First Cause of Action – Negligence."

41.     Denies each and every allegation contained in paragraph 15 of the Complaint under the heading "First Cause of Action – Negligence" and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 16 of the Complaint under the heading "First Cause of Action – Negligence."

43.     Denies each and every allegation contained in paragraph 17 of the Complaint under the heading "First Cause of Action – Negligence."

44.     Denies each and every allegation contained in paragraph 18 of the Complaint under the heading "First Cause of Action – Negligence."

45.     Denies each and every allegation contained in paragraph 19 of the Complaint under the heading "First Cause of Action – Negligence," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

46.     Denies each and every allegation contained in paragraph 20 of the Complaint under the heading "First Cause of Action – Negligence."

47.     Denies each and every allegation contained in paragraph 21 of the Complaint under the heading "First Cause of Action – Negligence," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the

8

information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 22 of the Complaint under the heading "First Cause of Action – Negligence" and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

49.     Denies each and every allegation contained in paragraph 23 of the Complaint under the heading "First Cause of Action – Negligence" and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

**RESPONSE TO**
**"SECOND CAUSE OF ACTION – GROSS NEGLIGENCE"**

50.     With respect to the allegations contained in paragraph 1 of the Complaint under the heading "Second Cause of Action – Gross Negligence," repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 49 of this Answer with the same force and effect as though set forth here in full.

51.     Denies each and every allegation contained in paragraph 2 of the Complaint under the heading "Second Cause of Action – Gross Negligence."

52.     Denies each and every allegation contained in paragraph 3 of the Complaint under the heading "Second Cause of Action – Gross Negligence."

53.     Denies each and every allegation contained in paragraph 4 of the Complaint under the heading "Second Cause of Action – Gross Negligence."

54.     Denies each and every allegation contained in paragraph 5 of the Complaint under the heading "Second Cause of Action – Gross Negligence."

55.     Denies each and every allegation contained in paragraph 6 of the Complaint under the heading "Second Cause of Action – Gross Negligence."

56.     Denies each and every allegation contained in paragraph 7 of the Complaint under the heading "Second Cause of Action – Gross Negligence."

**RESPONSE TO**
**"THIRD CAUSE OF ACTION - FAILURE TO WARN"**

57.     With respect to the allegations contained in paragraph 1 of the Complaint under the heading "Third Cause of Action – Failure to Warn," repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 56 of this Answer with the same force and effect as though set forth here in full.

58.     Denies each and every allegation contained in paragraph 2 of the Complaint under the heading "Third Cause of Action – Failure to Warn" and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

59.     Denies each and every allegation contained in paragraph 3 of the Complaint under the heading "Third Cause of Action – Failure to Warn."

60.     Denies each and every allegation contained in paragraph 4 of the Complaint under the heading "Third Cause of Action – Failure to Warn."

61.     Denies each and every allegation contained in paragraph 5 of the Complaint under the heading "Third Cause of Action – Failure to Warn."

62.     Denies each and every allegation contained in paragraph 6 of the Complaint under the heading "Third Cause of Action – Failure to Warn," except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from

the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

63.     Denies each and every allegation contained in paragraph 7 of the Complaint under the heading "Third Cause of Action – Failure to Warn."

64.     Denies each and every allegation contained in paragraph 8 of the Complaint under the heading "Third Cause of Action – Failure to Warn" and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

65.     Denies each and every allegation contained in paragraph 9 of the Complaint under the heading "Third Cause of Action – Failure to Warn."

**RESPONSE TO**
**"FOURTH CAUSE OF ACTION - REDHIBITION"**

66.     With respect to the allegations contained in paragraph 1 of the Complaint under the heading "Fourth Cause of Action – Redhibition," repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67.     The allegations contained in paragraph 2 of the Complaint under the heading "Fourth Cause of Action – Redhibition" are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint under the heading "Fourth Cause of Action – Redhibition," and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

68.     Denies each and every allegation contained in paragraph 3 of the Complaint under the heading "Fourth Cause of Action – Redhibition," except admits that Merck

manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

69.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 4 of the Complaint under the heading "Fourth Cause of Action – Redhibition," and denies each and every allegation directed towards Merck in paragraph 4 of the Complaint under the heading "Fourth Cause of Action – Redhibition."

70.     Denies each and every allegation contained in paragraph 5 of the Complaint under the heading "Fourth Cause of Action – Redhibition."

71.     Denies each and every allegation contained in paragraph 6 of the Complaint under the heading "Fourth Cause of Action – Redhibition" and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

72.     Denies each and every allegation contained in paragraph 7 of the Complaint under the heading "Fourth Cause of Action – Redhibition" and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

### RESPONSE TO "FIFTH CAUSE OF ACTION – BREACH OF EXPRESS AND IMPLIED WARRANTY"

73.     With respect to the allegations contained in paragraph 1 of the Complaint under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty," repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth here in full.

74.    Denies each and every allegation contained in paragraph 2 of the Complaint under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty," except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

75.    Denies each and every allegation contained in paragraph 3 of the Complaint under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty."

76.    Denies each and every allegation contained in paragraph 4 of the Complaint under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty."

77.    Denies each and every allegation contained in paragraph 5 of the Complaint under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty."

78.    Denies each and every allegation contained in paragraph 6 of the Complaint under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty."

79.    Denies each and every allegation contained in paragraph 7 of the Complaint under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty."

80.     Denies each and every allegation contained in paragraph 8 of the Complaint under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty."

81.     Denies each and every allegation contained in paragraph 9 of the Complaint under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty."

82.     Denies each and every allegation contained in paragraph 10 of the Complaint under the heading "Fifth Cause of Action – Breach of Express and Implied Warranty," except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"DAMAGES"**

83.     Denies each and every allegation contained in the first unnumbered paragraph under the heading "Damages" in the Complaint, including its subparts a through h, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

84.     The allegations contained in the final, unnumbered "Wherefore" paragraph of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiff purports to seek economic and other relief but denies there is any legal or factual basis for awarding such relief.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

85.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

86.     The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

87.     To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La. Rev. Stat. § 9:2800.51, et seq.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

88.     To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

89.     The Plaintiff failed to exercise reasonable care to mitigate his alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

90.     Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

91.     To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of

Vioxx, such claims are barred because Merck has discharged its duty, to warn in its warnings to the prescribing physician.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

92.     The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

93.     The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

94.     The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

95.     The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

96.     The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

**AS FOR A THIRTEENTH
DEFENSE, MERCK ALLEGES:**

97.     The claims of the Plaintiff are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FOURTEENTH
DEFENSE, MERCK ALLEGES:**

98.     If Plaintiff has sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure

to any drug or pharmaceutical preparation manufactured or distributed by Merck or other

manufacturer.

**AS FOR A FIFTEENTH
DEFENSE, MERCK ALLEGES:**

99.     If Plaintiff has sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were directly and proximately caused by

the intervening or superseding act and conduct of persons not having real or apparent authority to

take said actions on behalf of Merck and over whom Merck had no control and for whom Merck

may not be held accountable.

**AS FOR A SIXTEENTH
DEFENSE, MERCK ALLEGES:**

100.    To the extent that Plaintiff has settled or will in the future settle with any

person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any,

should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

101.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

102.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

103.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

104.    To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

105.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

**AS FOR A TWENTY-SECOND
DEFENSE, MERCK ALLEGES:**

106.    Inasmuch as the Complaint does not describe the alleged underlying
claims with sufficient particularity to enable Merck to determine all of its legal contractual and
equitable rights.   Merck reserves the right to amend and/or supplement the averments of its
answer to assert any and all pertinent liability defenses ascertained through further investigation
and discovery in this action.

**AS FOR A TWENTY-THIRD
DEFENSE, MERCK ALLEGES:**

107.    To the extent that Plaintiff seeks punitive damages for the conduct that
allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate
Merck's state and federal constitutional rights.

**AS FOR A TWENTY-FOURTH
DEFENSE, MERCK ALLEGES:**

108.    To the extent Plaintiff seeks punitive damages for an alleged act or
omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly
negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

109.    The demand for punitive damages by the Plaintiff is barred because Vioxx
and its labeling was subject to and received pre-market approval by the FDA under 52 Stat.
1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

110.    To the extent that Plaintiff asserts claims against Merck based on theories
of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiff has

failed to allege facts that would overcome the defenses available under the Louisiana Products

Liability Act.  La. Rev. Stat. § 9:2800.59(A).

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

111.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff

lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

112.    To the extent that Plaintiff asserts claims against Merck based on fraud,

these claims are barred by reason of the failure of Plaintiff to allege the circumstances

constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil

Procedure.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

113.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

114.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck

reserves its rights regarding transfer of this matter, upon the completion of all pre-trial

proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C.

1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

115.    Merck hereby gives notice that it intends to rely upon such other defenses

as may become available or appear during discovery proceeding in this case or that are included

in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

   **WHEREFORE**, defendant, Merck, prays for judgment as follows:

   1.  That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

   2.  Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

   3.  Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  February 22, 2006.

Respectfully submitted,

*Melissa V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa Vanderbrook Beaugh, 28250
Of
STANLEY, FLANAGAN & REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co.,

Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and

e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same

to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 22

day of February, 2006.

*Melissa V. Beaugh*