IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 22  PM 4: 53

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re:  VIOXX | ) | MDL Docket No. 1657 |
| Products Liability Litigation | ) | |
| | ) | SECTION L |
| | ) | |
| This Document Relates to: | ) | JUDGE FALLON |
| | ) | |
| Margaret Hadley, et al., | ) | MAGISTRATE JUDGE KNOWLES |
| Plaintiffs, | ) | |
| v. | ) | |
| Merck & Co., Inc., et al., | ) | |
| Defendants. | ) | |
| CASE NO.:  05-4775 | ) | |

## PLAINTIFFS' MEMORANDUM BRIEF IN OPPOSITION TO THE "RENEWED MOTION TO DISMISS, PURSUANT TO RULE 54(b), AND INCORPORATED MEMORANDUM IN SUPPORT OF SAME" FILED JOINTLY BY PAUL FELLERS, M.D.; CHARLES SHERMAN, M.D.; AND WILLIAM HICKS, III, M.D.

On February 7, 2006, Paul Fellers, M.D.; Charles Sherman, M.D.; and William Hicks, III, M.D. jointly filed a pleading entitled "Renewed Motion to Dismiss, Pursuant to Rule 54(b), and Incorporated Memorandum in Support of Same." Also, on February 7, 2006, a Notice of Hearing was filed stating that this motion was set for hearing on March 15, 2006. Margaret Hadley and Willie Mae Smith offer this memorandum brief in opposition to this joint renewed motion to dismiss.

While Harold Perine is a named party-plaintiff in the present matter, he never alleged that Dr. Fellers, Dr. Sherman, or Dr. Hicks prescribed Vioxx to him or gave him any samples of Vioxx. Harold Perine alleged that Dr. Adolf Isom was his treating physician. Dr. Isom has been voluntarily dismissed as a party-defendant. Therefore,



Harold Perine is not involved in the medical-negligence cause of action asserted in the complaint. Hereinafter, "plaintiffs" refer to only Margaret Hadley and Willie Mae Smith.

Drs. Fellers, Sherman, and Hicks seek a dismissal of the claims asserted against them by Margaret Hadley and/or Willie Mae Smith. As this Court is aware, this lawsuit was commenced when the plaintiffs filed a complaint in the Circuit Court of Mobile County, Alabama, with the named party-defendants including these three physicians, as well as Merck & Co., Inc. On August 10, 2005, Merck removed the lawsuit to the Southern District of Alabama, Southern Division, asserting diversity jurisdiction as the sole source of federal subject-matter jurisdiction and contending that the three physicians were fraudulently joined as party-defendants for purposes of destroying diversity jurisdiction. Plaintiffs timely filed a motion to remand, but Senior District Judge W. Brevard Hand granted Merck's motion to stay consideration of the motion to remand pending any transfer of this matter to the MDL proceeding in this Court.

In their present motion, as to their request for a dismissal, Drs. Fellers, Sherman, and Hicks specifically asserted the following two grounds: (1) that the plaintiffs' complaint fails to state a claim upon which relief may be granted against them and (2) that the plaintiffs' complaint fails to comply with the pleading mandates of § 6-5-551 of the <u>Code of Alabama</u>. <u>Renewed Motion to Dismiss, Pursuant to Rule 54(b), and Incorporated Memorandum in Support of Same</u> at 4-5. Before discussing these two specifically asserted grounds, the plaintiffs must address periphery matters raised in these doctors' pleading.

In a footnote, the three doctors wrote: "Within their original Motion to Dismiss [filed in the state court], these Defendant[s] expressly referenced the issue of improper

venue and the applicable statute of limitations.   While not mentioned here, these issues are expressly reserved." <u>Renewed Motion to Dismiss, Pursuant to Rule 54(b), and Incorporated Memorandum in Support of Same</u> at 3 n.1.   Clearly, the three doctors deliberately chose not to ask this Court to grant them dismissals based on either of these two grounds.

From the "face of the complaint," it is impossible to conclude that the medical-negligence claims asserted against these three physicians were not brought within the applicable statute of limitations, namely the period allowed by § 6-5-482 of the <u>Code of Alabama</u>.   Therefore, these defendants would not be entitled to a Rule 12(b)(6)-based dismissal on the ground that the claims were not timely brought.   <u>White v. Padgett</u>, 475 F.2d 79, 82 (5th Cir.)(citation omitted), <u>cert. denied</u>, 414 U.S. 861, 94 S. Ct. 78, 38 L. Ed. 2d 112 (1973).

By statute, in Alabama, a medical-negligence action "must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred." <u>Ala. Code</u> § 6-5-546.   In their complaint and with regard to the medical-negligence cause of action, the plaintiffs alleged that Dr. Fellers, Sherman, and Hicks provided "[a]ll ... [medical services made the basis of this lawsuit] in Mobile County, Alabama." <u>Complaint</u> ¶¶ 58 & 60.   Therefore, any breach of the standard of care occurred in Mobile County, and these defendants fail to demonstrate their entitlement to a Rule 12(b)(3)-based dismissal on the ground that the claims were not brought in a proper venue.

Also, in a footnote, the three doctors wrote: "Indeed, these Defendants expect the evidence to show that one of the defendants, Dr. Charles Sherman, never prescribed

Vioxx to *any* of the named Plaintiffs in this cause." Renewed Motion to Dismiss, Pursuant to Rule 54(b), and Incorporated Memorandum in Support of Same at 4 n.3 (emphasis in original). Dr. Sherman has not separately moved for a summary judgment. Whether Dr. Sherman actually provided Vioxx to Margaret Hadley, as alleged in the complaint, is a factual dispute that could never be resolved in connection with a request for a Rule 12(b)(6)-based motion to dismiss. See Williams v. Time Warner Operations, Inc., 98 F.3d 179, 181 (5th Cir. 1996).

Plaintiffs will first address the issue of compliance with § 6-5-551's pleading mandates. Plaintiffs would inform this Court that these three doctors are represented by a law firm that, if not the most prominent, is one of the top two or three law firms representing physicians in medical-negligence actions brought in Alabama. Therefore, plaintiffs are nonplussed that these three doctors would merely reprint the language contained in § 6-5-551 **and** would not enlighten this Court as to guidance offered by the Supreme Court of Alabama in addressing a challenge to the "pleading" sufficiency of a medical-negligence complaint.

Section 6-5-551 requires that, in asserting a medical-negligence cause of action, the plaintiff "include in the complaint ... a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts." Ala. Code § 6-5-551. In Mikkelsen v. Salama, 619 So. 2d 1382 (Ala. 1993), the Supreme Court of Alabama discussed the pleading requirements of § 6-5-551 and wrote:

> [W]hen a plaintiff files a complaint alleging that a
> health care provider breached the standard of care owed the

plaintiff, although every element of the cause of action need not be stated with particularity, the plaintiff must give the defendant health care provider fair notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm.  If the complaint affords the defendant health care provider fair notice of these essential elements, the courts should strive to find that the complaint includes the necessary "detailed specification and factual description of each act and omission alleged by the plaintiff to render the health care provider liable to plaintiff."

619 So. 2d at 1384 (citations omitted).

In Mikkelsen, the Mikkelsens alleged that Dr. Salama "negligently failed to advise or warn Theresa [Mikkelsen] about alleged facts," namely that Theresa should not operate a motor vehicle while suffering from "bi-polar disorder" and taking a prescribed medication, and that Dr. Salama failed to "conform to the proper standard of practice in his treatment [of] or advice [to] Theresa."  619 So. 2d at 1383-84.  The supreme court held that the complaint satisfied the pleading requirements of § 6-5-551.  The supreme court applied § 6-5-551's pleading requirements in the same fashion as the pleading requirements for asserting a fraud claim – bare-bones "notice" pleading is insufficient; instead, the defendant must be told the elementary facts needed to pin-point the "true" nature of the alleged medical negligence.

In their complaint, the present plaintiffs factually alleged:

Defendants, FELLERS [and] SHERMAN ... undertook to provide medical services and/or treatment to the Plaintiff HADLEY.  All of these services were provided to the Plaintiff in Mobile County, Alabama.

...

Defendant[ ] HICKS ... undertook to provide medical services and/or treatment to Plaintiff SMITH.  All of these

> services were provided to the Plaintiff in Mobile County, Alabama.
>
> During said period of time, Defendants FELLERS, SHERMAN, ... and HICKS ... negligently, wantonly and/or wrongfully prescribed and/or provided samples of the brand-name prescription drug Vioxx to the plaintiffs with actual and/or constructive knowledge of the risks and dangers associated with the use of Vioxx.  ...  If Merck informed FELLERS, SHERMAN, ... and HICKS of those risks [of cardiovascular risks associated with Vioxx ingestion], FELLERS, SHERMAN, ... and HICKS negligently failed to inform plaintiffs of those risks.  As a probable result of such negligence, Plaintiffs were injured and damaged.

Complaint ¶¶ 58 & 60-61.

As in Mikkelsen, Drs. Fellers Sherman, and Hicks have been afforded "fair notice" of the basic essential elements of the medical-negligence claims being asserted against them.  As to each doctor, the place of the alleged wrongful act or acts was the doctor's office in Mobile County, Alabama, where the Vioxx was prescribed and/or samples of Vioxx were provided.  The three doctors have not proffered any reason why they needed to be informed of specific dates when a prescription was written and/or samples were provided before they can prepare a defense.  In fact, as previously noted, Dr. Sherman has already stated his expectation of factually proving that he never prescribed Vioxx to any of the named plaintiffs, including Margaret Hadley.  In other words, without being provided any dates, Dr. Sherman apparently could amass information to declare his expectation of showing that he never prescribed or gave Vioxx to any of these three plaintiffs.  There is no reason that Drs. Fellers and Hicks could not review their office records and determine (1) when they may have prescribed or gave Vioxx to the respective patients or, conversely, (2) that they never did so.

As in <u>Mikkelsen</u>, Drs. Fellers, Sherman, and Hicks were afforded "fair notice" of the alleged breach of the standard of care. The clear factual allegations are that, with actual or constructive knowledge of the risks and dangers associated with Vioxx, in particular the cardiovascular risks associated with ingesting Vioxx, these three doctors wrongfully prescribed Vioxx and/or provided samples of Vioxx to a particular plaintiff and/or failed to properly inform a particular plaintiff of those risk as part of the "informed consent" obligation owed the particular plaintiff. The defendant doctors were fairly notified that they prescribed and/or otherwise provided an inappropriate medication and/or that they failed to secure the patient's informed consent to a course of treatment involving the ingesting of Vioxx. The pleading requirements of § 6-5-551 have been satisfied.

If the present pleadings fail to satisfy the pleading requirements of § 6-5-551, the remedy is not a dismissal but is an order instructing the plaintiffs to amend their complaint to assert their medical-negligence in more detail. <u>See</u> <u>Auster Oil & Gas, Inc.</u> <u>v. Stream</u>, 764 F.2d 381, 386 (5th Cir. 1985). Any possible pleading deficiencies are correctable. Drs. Fellers, Sherman, and Hicks are not entitled to a dismissal based on a ground predicated on § 6-5-551.

Finally, plaintiffs will address the contention that they have failed to state a claim against the defendant doctors upon which relief may be granted. If the plaintiffs prove that Drs. Fellers, Sherman, and Hicks breached the standard of care in prescribing or providing Vioxx and/or in failing to secure the plaintiffs' informed consent to a course of treatment involving the ingestion of Vioxx, then the plaintiffs would be entitled to recover monetary damages from these doctors. <u>Stewart v. Bay Minette</u> Infirmary, 501

So. 2d 441 (Ala. 1986)(breaching standard of care in prescribing medications); Fain_v. Smith, 479 So. 2d 1150 (Ala. 1985)(failure to get patient's informed consent). Therefore, the plaintiffs have asserted a viable cause of action against these three physicians.

In reality, as to the contention that there has been a failure to state a claim against them, the defendant doctors merely borrow Merck's fraudulent-joinder argument. Merck contends that, because the plaintiffs factually allege that Merck concealed material information about the cardiovascular risks associated with ingesting Vioxx from everyone, including doctors, the plaintiffs cannot factually allege that these doctors actually or constructively knew about such risks when they were prescribing Vioxx or giving out samples of Vioxx. Merck further contends that, because the bulk of the complaint is directed at Merck and its efforts to conceal material information regarding Vioxx, the Alabama plaintiffs "threw in" the medical-negligence cause of action against the Alabama doctors solely to deprive Merck of a federal forum.

Dr. Fellers, Sherman, and Hicks cite no legal authority that bars a plaintiff from simultaneously prosecuting a medical-negligence cause of action against a doctor who prescribes a prescription medication and product-liability causes of action against the manufacturer or supplier of that prescription medication. Instead, the defendant doctors echo Merck's declarations that the only possible "target" defendant is Merck and that the plaintiffs are not truly serious about prosecuting the asserted medical-negligence cause of action.

Because Vioxx is a prescription drug, the learned-intermediary doctrine applies. Plaintiffs reasonably anticipate that, as part of its defense, Merck will seek to prove that it adequately informed doctors of the risks associated with Vioxx and will argue that, if

Vioxx was contraindicated for a particular patient, then the doctor was medically negligent in prescribing or giving Vioxx to that patient or in failing to secure that patient's informed consent to a course of treatment involving the ingestion of Vioxx. The medical-negligence cause of action asserted in the present plaintiffs' complaint is totally consistent with Merck's expected defense. The medical-negligence claim is based on an alternative theory as to the proximate cause of the plaintiffs' injuries attributable to the ingestion of Vioxx. The medical-negligence claim is expressly predicated on the defendant doctors having actual or constructive knowledge of the risks that, elsewhere, in the complaint, the plaintiffs allege Merck tried to conceal, and having breached the standard of care in prescribing or giving a patient Vioxx while possessing such knowledge. In Ohler v. Purdue Pharma, L.P., 2002 WL 88945 (E.D. La. Jan. 22, 2002), the court granted a remand where Ohler sued both the drug manufacturer and the prescribing physician and where it was apparent that the drug manufacturer would assert a learned-intermediary defense.

Under Alabama procedural practice, "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrence and if any question of law or fact common to all defendants will arise in the action." Ala. R. Civ. P. 20(a). Plaintiffs allege that they were injured due to ingesting Vioxx; therefore, the claims asserted against Merck and these three doctors arise out of the same occurrence, the supplying of Vioxx. Unquestionably, there are questions of law or fact common to all defendants. For example, a common factual question is whether the ingestion of Vioxx was the cause-in-fact of any medical problem

that the plaintiffs attribute to ingesting Vioxx.  Plaintiffs seek to hold all named defendants jointly, severally, or alternatively liable for any harm caused by ingesting Vioxx.  Pursuant to Rule 20(a), the plaintiffs exercised their right to permissibly join their claims against Merck and treating physicians in a single lawsuit.

In the context of removal jurisdiction, a federal court should never ascribe an improper motive to a plaintiff who chooses to exercise the right to permissibly join viable claims against a non-diverse defendant and a diverse defendant.  A federal court should never speculate that such a plaintiff is not truly interested in prosecuting an otherwise viable cause of action against the non-diverse defendant or that such a plaintiff will abandon the claims against the non-diverse defendant once the diverse defendant is barred from securing a removal to federal court.  See Dollar v. General Motors Corp., 538, 541 (E.D. Tex. 1993)(citations omitted).

To establish fraudulent joinder in the present matter, Merck must prove, by clear and convincing evidence, that no viable cause of action has been asserted against the three Alabama doctors.  Merck cannot rest on its belief that it is the principal, if not sole, "target" defendant and that the plaintiffs are not serious about prosecuting a medical-negligence claim against these three defendants.  Likewise, Drs. Fellers, Sherman, and Hicks must prove that a monetary judgment cannot be entered against them if the plaintiffs prove the factual allegations contained in the portion of the complaint asserting a medical-negligence cause of action.  Drs. Fellers, Sherman, and Hicks cannot rest on their belief that the "target" defendant is Merck and the plaintiffs are not serious about prosecuting a medical-negligence claim.

The fundamental question is whether the plaintiffs have asserted a viable cause of action against Drs. Fellers, Sherman, and Hicks.   The answer is yes because, under Alabama substantive law, the plaintiffs asserted a viable medical-negligence cause of action against these three doctors.   It is immaterial that the plaintiffs have also sued Merck and, in doing so, allege that Merck concealed critical information from the public, including physicians.   It is possible that Drs. Fellers, Sherman, and Hicks obtained sufficient information, from Merck or independently, regarding the risks associated with Vioxx to alert them that Vioxx was contraindicated for the plaintiffs or to create an obligation to discuss those risks with the plaintiffs as part of the informed-consent process.  Drs. Fellers, Sherman, and Hicks are not entitled to the requested dismissals.

Respectfully submitted,

Tom Dutton
Of Counsel for Plaintiffs
Bar Number: ASB-2059-U50T

OF COUNSEL:

PITTMAN HOOKS DUTTON KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on Liasion Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this the 20th day of February, 2006.

Tom Dutton
Attorney for Plaintiffs