USDC
*Eastern District of Louisiana*

~~BEFORE THE JUDICIAL PANEL~~
~~ON MULTIDISTRICT LITIGATION~~

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 22  AM 10: 49

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION, | MDL No.  1657 |

**Adams, Eva Lucille et al v. Merck & Co Inc.**, 2:05-4326 for Fred Allen, Rick Calvert, Terry Colson,  Mascale Bellis, Rebecca Fox, Gerald Fraley, and Jacquline Lewis, and Mozell Sullivan

**Aldridge, Harriet et al vs Merck & Co Inc et al.**, 2:05-6346 for Raymond Bell and Edward Huff for Paul Huff

**Fife, Sam et al**, 2:05-6348, Michael Francone for Fannie Lillibridge

**Hill et al v. Merck & Co., Inc. et al**, 2:05-cv-04325 for Gary Arrington

**McBride et al**, 2:05-cv-03420 for Patricia Deters

                                 Plaintiffs,

          v.

**Merck & Co. Inc., et al.,**

                                 Defendants.

---

# MEMORANDUM IN OPPOSITION TO THE MERCK & CO. INC'S MOTION TO DISMISS FOR PROVIDING PURPORTEDLY GROSSLY DEFICIENT PLAINTIFF PROFILE FORMS IN VIOLATION OF WITH PRETRIAL ORDER 18 (B)

496168 / 004128

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

Defendant Merck & Co., Inc. is moving to dismiss 13 cases claiming that the plaintiff profile forms are grossly deficient.[1]

Plaintiffs' counsel do not believe the following five plaintiffs had cardiovascular events as that term is defined in Pretrial Order 18(B): Gary Arrington, included in *Hill et al v. Merck & Co., Inc. et al*, 2:05-cv-04325; and Mascale Bellis, Rebecca Fox, Gerald Fraley, and Jacquline Lewis included in *Adams, Eva Lucille et al v. Merck & Co Inc.*, 2:05-4326 and, therefore, do not require a PPF form to be filed. Consequently, these five cases should not be dismissed because no PPF was required, and Merck has presented no evidence of a willful failure to comply with Pretrial Order 18(B).

Furthermore, even though PPFs were not due on the five cases listed above, plaintiffs filed PPFs for these plaintiffs. Plaintiffs filled out the Plaintiff Profile Forms to the best of their ability and provided signed authorizations. Plaintiffs are in the process of collecting the medical records. Plaintiffs will supplement these PPFs when they receive the medical records. These five cases, therefore, should not be dismissed because PPFs are not required for those cases and plaintiffs have made a good faith effort to complete the PPFs.

_____

[1] The cases that Merck is moving to dismiss are Fred Allen, Rick Calvert, Terry Colson, Mascale Bellis, Rebecca Fox, Gerald Fraley, Jacqueline Lewis, Mosell Sullivan, Raymond Bell, Edward Huff, Michael Fancone, Gary Arrington, and Patricia Deters.

Raymond Bell included in <u>Aldridge, et al v. Merck & Co., Inc., et al.</u>, 2:05-6346 and Fannie Lillibridge included in <u>Fife, et al v. Merck & Co. Inc., et al</u>, 2:05-6348, these cases were not transferred until December 5, 2005 (Exhibit 1), consequently, the plaintiff profile forms were not due until on or about February 16, 2006.  Nevertheless, plaintiffs filed PPFs for Raymond Bell (heart attack), and Fannie Lillibridge (wrongful death), prior to the PPFs' due date.  Plaintiffs filled out the Plaintiff Profile Forms to the best of their ability and provided signed authorizations.  Plaintiffs' counsel are in the process of collecting the medical records which will allow the PPF to be amended with more specific information. Plaintiffs will supplement these PPFs when they receive these medical records.

Regarding Fred Allen (stroke and heart attack), Rick Calvert (heart attack), Terry Colson (stroke), and Mozell Sullivan (stroke and heart attack) included in <u>Adams</u>, 2:05-4326, and Paul Huff (wrongful death) included in <u>Hill et al</u>, 05-04325, plaintiffs filled out the Plaintiff Profile Forms to the best of their ability and provided signed authorizations.  In addition, plaintiffs' counsel are in the process of obtaining medical records which will allow the PPF to be amended with more specific information.

These PPF's contain incomplete information because certain of the plaintiffs have issues with memory because of their Vioxx-related injuries which was an obstacle in filling out the PPFs completely.  Others are poor historians, not well educated in medical terms, and are not sure what tests they have had or

when.  Plaintiffs' counsel are in the process of collecting the medical records.

Plaintiffs will supplement these PPFs when they receive these medical records.

Likewise, plaintiffs' counsel had difficulty in obtaining the necessary

information and the completed plaintiff profile form for Patricia Deters.

Nevertheless, plaintiff filed her PPF to the extent possible with signed

authorizations on February 22, 2006.

Plaintiffs have informed defendant Merck that, upon receipt of medical

records, plaintiffs will complete the plaintiff profile forms.  (Exhibit 2, dated

February 8, 2006).   Plaintiffs further informed defendant Merck that it should

regard  'see medical records' on the PPF's as 'plaintiffs will supplement.'  (Id.)

Regarding the alleged failure to provide medical records, plaintiffs'

counsel have requested that Merck agree to accept PDFs of the medical

records on compact discs instead of through Lexis Nexis file and serve due to

Lexis Nexis limitations of the size of documents it will accept which then causes

the process to be extremely cumbersome and labor intensive, which Merck

refused. Plaintiffs subsequently moved to modify Pretrial Order 18(B) to allow

service by PDF'ing the medical records to a CD and serving them in that

manner, which is currently pending and scheduled for hearing on March 23,

2006.

For the foregoing reasons, defendants' motion should be denied because

plaintiffs have acted in good faith to comply with pretrial order 18(B).  In

addition, Merck has failed to comply with LR37.1E and have not met and conferred in good faith regarding these alleged deficiencies not filed a certificate that they have met and conferred with plaintiffs' counsel and for this reason alone the motion should be denied.

**I.      Defendant's motion to dismiss should be denied.**

    **A.      Fed.R.Civ.P. 37(b)(2) and 41(b) require a willful disregard of a discovery order and that the imposition of lesser sanctions would either be futile or not in the best interest of justice before granting a dismissal of plaintiffs' case with prejudice.**

        **1.      Fed.R.Civ.P. 37(b)(2) only allows dismissal with prejudice for a willful violation and where a lesser sanction would not achieve the desired results**

Pretrial Order 18(B) indicates that plaintiffs' answers are the equivalent of answers to interrogatories under Fed.R.Civ.P. 33 and shall be supplemented in accordance with Fed.R.Civ.P. 26.  In moving for dismissal of plaintiffs' action with prejudice, defendant is moving for sanctions pursuant to Fed.R.Civ.P. 37(b)(2).

Rule 37(b)(2) states in pertinent part:

If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further

proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

Fed.R.Civ.P. 37(b)(2).

Regarding sanctions under Rule 37, the Fifth Circuit has set out the following criteria:  (1) the penalized party's discovery violation must be willful and (2) the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect.  United States v. 49,000 Currency, 330 F.3d 371, 376 (5th Cir. 2003) (internal citations omitted).  The reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation.  Id. (citing Batson, 765 F.2d at 514).  See, e.g., Rose v. Batson, 765 F.2d 511, 514 (5th Cir. 1985) (dismissing case after numerous violations of discovery orders and that party's failure to produce was not because of her inability to produce and that the nonproduction severely prejudiced the party's ability to prepare its case).

### 2. Under Rule 41(b) Fed.R.Civ.P. dismissal with prejudice is only proper for purpose of delay for contumacious conduct

Likewise, Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. Fed. R. Civ. P. 41(b).  Such a dismissal may be either with or without prejudice.  See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996).  A dismissal with prejudice is proper only if the record shows the plaintiff engaged in

"purposeful delay or contumacious conduct" and the imposition of lesser

sanctions would either be futile or not in the best interest of justice. <u>Dorsey v.</u>

<u>Scott Wetzel Servs., Inc.</u>, 84 F.3d 170, 171 (5th Cir. 1996); <u>Long</u>, 77 F.3d at 879-80.

**3.    Prior to moving for a discovery sanction, the local rules of this court require defendant to meet and confer and file a certificate of compliance which defendant has failed to do**

Finally, Local rule for the Eastern District of Louisiana provides:

LR37.1E  Discovery Motions

No motion relative to discovery shall be accepted for filing unless **accompanied by a certificate of counsel** for the moving party stating that counsel have conferred in person or by telephone **for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.** Counsel for the moving party shall arrange the conference. Any motion filed under this paragraph shall be noticed for hearing. If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper.

<u>See</u> <u>In re Complaint of Guidry & Gisclair, Inc.</u>, 1996 U.S. Dist. LEXIS 2865, *3 (E.D.

La. 1996) ("Local rules require that the parties in good faith attempt to resolve.)

<u>See</u> also Fed. R. Civ. P. 37(a)(2)(B) ("The motion must include a certification that

the movant has in good faith conferred or attempted to confer with the person

or party failing to make the discovery in an effort to secure the information or

material without court action.")

**B    Merck has filed to comply with LR 37.1E and Plaintiffs are attempting to comply with Pretrial Order 18(B) in good faith; therefore, they should not be subject to sanctions pursuant to Rule 37 or dismissal with prejudice pursuant to Rule 42(b).**

First, counsel for Merck has failed to file the required meet and confer certificate as required by LR 37.1E. In addition, Merck has not met and conferred with Plaintiffs' counsel in good faith. All Merck will agree to is a dismissal with prejudice, which should not be deemed working with opposing counsel in good faith to resolve a discovery dispute. For this reason alone Merck's motion to dismiss should be denied.

Furthermore, as set out *supra*, plaintiffs filled out the Plaintiff Profile Forms to the best of their ability and provided signed authorizations. Some cases involve wrongful death where the person taking Vioxx is deceased, others have had strokes and impaired memory, others are poor historians or have limited knowledge of the various medical procedures they have had and the dates. Plaintiffs' counsel are in the process of collecting all of the medical records. Plaintiffs will supplement these PPFs when they receive these medical records which will allow plaintiffs to fill out the PPFs with the detailed medical information required to complete them.

Plaintiffs' completed Plaintiff Profile Forms filled out to the best of their ability with signed authorizations and providing them to defendant should not be subject to sanctions pursuant to Rule 37 or dismissal with prejudice pursuant to Rule 42(b). Plaintiffs have filled them out to the best of their ability and promised to supplement that upon receipt of the medical records, defendant's motion to dismiss with prejudice should be denied.

## C.   Defendants' authority is distinguishable.

In re Propulsid Products Liability Litigation, No. MDL 1355, 2003 WL 22383576 (E.D.La. Oct. 16, 2003), the Court dismissed plaintiffs' claims with prejudice for failure to file a plaintiff profile form after the following occurred: (1) the Court gave multiple notices to plaintiffs advising them of the applicable deadlines; (2) when plaintiffs failed to respond to the notices according to the established procedure, the matter was set for hearing and considered by the Court; (3) plaintiffs failed to respond to any of the notices; (4) at the June 26, 2003 Monthly Status Conference, defendants brought before the court a Motion to Dismiss with Prejudice multiple plaintiffs, including the plaintiffs who failed to file their Plaintiff Profile Forms; and (4) plaintiffs did not attend the hearing and did not oppose defendants' motion.  As a result, the court dismissed plaintiffs' claim. Id.

Similarly in McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990), after more than close to two years of motions and hearings where the magistrate judge ordered plaintiffs to produce responsive documents, the magistrate found the parties' discovery abuses wilful and in bad faith and recommended that his answers be stricken and default judgment for the law firm be entered, and this recommendation was later adopted by the district court.  Id.

Finally in Hickman v. Fox TV Station, Inc., 231 F.R.D. 248, 252 (S.D. Tex. 2005), a magistrate judge dismissed plaintiff's case for lack of prosecution after

determining that (1) plaintiff had consistently failed to comply with court orders and has not exhibited diligence in producing all documents and materials relevant to her claims; (2) plaintiff had indicated she will not be available to complete her deposition in the forum state for at least another eight months and also that she will be in Kuwait for an indefinite period of time.  In determining whether to grant a dismissal with or without prejudice, the court decided that it would grant a dismissal with prejudice because there was "no indication here that lesser sanctions, including the assessment of monetary fines, will cure the indefinite delay to the disposition of this suit resulting from Plaintiff's continuing and open-ended unavailability. Thus, imposition of a less harsh sanction would be futile." Id. at 254.  Despite this language, in the conclusion for the case, the Court holds "the court will dismiss this action without prejudice." Hickman, 231 F.R.D. at 252.

## II.    Conclusion

For the foregoing reasons, defendant's motion should be denied.  In addition, for any grossly deficient PPF involving a CV claim as defined by Pretrial Order 18(B), Plaintiffs' counsel requests 90 days to complete the PPF's or to dismiss the case without prejudice if they cannot be completed in that time frame.

JEFFREY J. LOWE, PC

By: _____

Jeffrey J. Lowe
Francis J. ("Casey") Flynn
Attorney for Plaintiffs
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
(314) 678-3400
Fax: (314) 678-3401

John Carey
Joseph P. Danis
CAREY & DANIS, LLC
8235 Forsyth Boulevard, Suite 1100
St. Louis MO 63105
Telephone: 314-725-7700
Facsimile: 314-721-0905

T. Evan Schaeffer
Andrea B. Lamere
SCHAEFFER & LAMERE, P.C.
5512 Godfrey Road
Highway 67, Suite B
Godfrey, IL 62035
618-467-8200

Evan Buxner
Walther Glenn Law Offices
10 S. Brentwood Blvd., Suite 102
St. Louis, MO 63105
314-725-9595
Fax: 314-725-9597

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on February 22, 2006 electronically on all defendants to be electronically noticed on LEXIS-NEXIS file and serve and as well via first-class mail on the individuals identified below:

496168 / 004128

-11-

Philip A. Whitman
Stone, Pigman, Walther, Whitman LLC
546 Carondelet St.
New Orleans, LA 70130-3588

John N. Poulos
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY  10004
212-837-6000

     Attorneys for Merck & Co., Inc.

Russ M. Herman
Herman, Herman, Katz, Cotlar, L.L.P.
820 O'Keefe Ave.
New Orleans, LA 70113

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**
Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

December 2, 2005

Loretta G. Whyte, Clerk
U.S. District Court
102 Versailles Street
Suite 501
Lafayette, LA 70501

Re:  MDL-1657 -- In re Vioxx Products Liability Litigation

(See Attached Schedule A of Order)

Dear Ms. Whyte:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter.  The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

**The Panel has ordered that its Rule 1.6(a), pertaining to transfer of files, be suspended for purposes of this litigation.  Accordingly, the transferee district clerk shall request, and the transferor district clerk shall forward, only those files deemed necessary by the transferee district court.**

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
        Deputy Clerk

Enclosures/Attachment

cc:   Transferee Judge:   Judge Eldon E. Fallon
       Transferor Judges:  (See Attached List of Judges)
       Transferor Clerks:   (See Attached List of Clerks)

JPML Form 29A

A CERTIFIED TRUE COPY

DEC 2 2005

ATTEST

FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -5  PM 1: 08

LORETTA G. WHYTE
CLERK

JUDICIAL PANE
MULTIDISTRICT LIT

DEC - 2 200

FILED
CLERK'S OFFICE

Dec 7 2005
1:18PM

DOCKET NO. 1657

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by a health care defendant in the Southern District of Texas action and plaintiffs in the remaining actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

The opposing Tennessee plaintiff and the Texas health care defendant argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1657 proceedings. We are unpersuaded by these arguments. Inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products*

---

[*] Judge Motz took no part in the decision of this matter.

Fee
Process
X  Dktd
CtRmDep
Doc. No

- 2 -

*Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

A CERTIFIED TRUE COPY

# SCHEDULE A

MDL-1657 -- In re Vioxx Products Liability Litigation

EDLA
Sect. L/3

### Southern District of Alabama

*Marquerite Woods v. Merck & Co., Inc., et al.*, C.A. No. 2:05-425     05-6339

### Middle District of Florida

*Barbara Fowler-Browning, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-586     05-6340

### Northern District of Illinois

*James Zafiratos v. Merck & Co., Inc., et al.*, C.A. No. 1:05-3784     05-6341

### Southern District of Illinois

*Stanley Hayes v. Merck & Co., Inc., et al.*, C.A. No. 3:05-450     05-6342
*Clara Kirkendall v. Merck & Co., Inc., et al.*, C.A. No. 3:05-562     05-6343
*Mary Hardin v. Merck & Co., Inc., et al.*, C.A. No. 3:05-563     05-6344

### Western District of Kentucky

*Lois Hammond, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-351     05-6345

### Eastern District of Missouri

*Harriet Aldridge, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-847     05-6346
*Mona Swint, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-879     05-6347
*Sam Fife, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-880     05-6348
*Vanita Copeland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-881     05-6349

### District of Nevada

*Duane Allen Carlson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-599     05-6350
*Nina Baker, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-625     05-6351
*Daniel Morrison, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-627     05-6352
*Sharon Himmel, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-334     05-6353
*Sean Regan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-336     05-6354

### Western District of New York

*Lynn Krieger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6338     05-6355

### District of Oregon

*Wayne S. Harger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6184     05-6356

- A2 -

|  | EDLA Sect. L/3 |
|---|---|
| **Eastern District of Tennessee** | |
| *Louise Denton v. Merck & Co., Inc.*, C.A. No. 2:05-170 | 05-6357 |
| **Southern District of Texas** | |
| *Jackie Roberts, etc. v. Juan Marcos Garcia, M.D., et al.*, C.A. No. 1:05-210 | 05-6358 |

# INVOLVED COUNSEL LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Kevin J. Adrian
Brown & James
1010 Market Street
20th Floor
St Louis, MO 63101

Thomas J. Andrews
Johnson & Bell, Ltd.
55 East Monroe Street
Suite 4100
Chicago, IL 60603

Edward E. Angwin
Cochran, Cherry, Givens, Smith,
Gulas & Stuckey
2031 2nd Avenue North
Birmingham, AL 35203

Dan H. Ball
Bryan Cave, L.L.P.
One Metropolitan Square
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750

W. Gordon Ball
Ball & Scott
550 West Main Avenue
Suite 750
Knoxville, TN 37902-2567

Denise A. Barton
Morris, Pickering & Peterson
300 South Fourth Street
Suite 900
Las Vegas, NV 89101

Donald F. Black
Harrell & Harrell, PA
4735 Sunbeam Road
Jacksonville, FL 32257

Carol D. Browning
Stites & Harbison
Suite 1800
400 West Market Street
Louisville, KY 40202-3352

Devon C. Bruce
Power, Rogers & Smith, P.C.
70 West Madison Street
Suite 5500
Chicago, IL 60602

Thomas M. Buckley
Buckley & Buckley, LLC
1139 Olive Street
Suite 800
St. Louis, MO 63101-1928

Philip H. Butler
Bradley Arant Rose & White, LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Douglas Cohen
Jones, Vargas
3773 Howard Hughes Parkway
3rd Floor South
Las Vegas, NV 89109

David A. Dick
Thompson Coburn, LLP
One US Bank Plaza
Suite 2600
St Louis, MO 63101

James M. Doran, Jr.
Waller, Lansden, Dortch & Davis
511 Union Street
Suite 2100
Nashville, TN 37219

John J. Driscoll
Brown & Crouppen, PC
720 Olive Street
Suite 1800
St. Louis, MO 63101-2302

Jose Escobedo, Jr.
Hockema, Tippit & Escobedo, LLP
P.O. Box 720540
MCAllen, TX 78502

Robert B. Guild
Spohrer, Wilner, Maxwell
& Matthews, P.A
701 West Adams Street
Suite 2
Jacksonville, FL 32204

Steven Guinn
Laxalt & Nomura, Ltd.
9600 Gatewat Drive
Reno, NV 89521

Sandy Hall
223 Maxan Street
P.O. Box 275
Port Isabel, TX 78578

William Todd Harvey
Whatley Drake, LLC
2323 2nd Avenue, North
P.O. Box 10647
Birmingham, AL 35202

Vilia B. Hayes
Hughes, Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004

Jay H. Henderson
Cruse Scott Henderson & Allen,
LLP
2777 Allen Parkway
7th Floor
Houston, TX 77019-2133

Russ M. Herman
Herman, Herman, Katz & Cotlar,
LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Sam Houston
Moore & Associates
P.O. Box 11833
Eugene, OR 97440

Roger W. Hughes
Adams & Graham
P.O. Drawer 1429
Harlingen, TX 78551-1429

Will Kemp
Harrison, Kemp & Jones, Chtd.
3800 Howard Hughes Parkway
17th Floor
Las Vegas, NV 89109

Norman C. Kleinberg
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

INVOLVED COUNSEL LIST- MDL-1657                          PAGE 2 of 2

Andrew J. Lee
Schwabe, Williamson & Wyatt
1600-1900 Pacwest Center
1211 SW 5th Avenue
Suites 1600 - 1900
Portland, OR 97204-3795

Jeffrey J. Lowe
Jeffrey J. Lowe, PC
8235 Forsyth Boulevard
Suite 1100
St. Louis, MO 63105

Gerry Lowry
Fulbright & Jaworski, L.L.P.
1301 McKinney Street
Suite 5100
Houston, TX 77010-3095

Winston E. Miller
Frost, Brown & Todd, L.L.C.
400 West Market Street
32nd Floor
Louisville, KY 40202-3363

Eugene Edward Murphy, Jr.
Bryan Cave, LLP
161 North Clark
Suite 4800
Chicago, IL 60601-3206

Donald L. O'Keefe, Jr.
Rabbitt & Pitzer
100 S 4th Street
Suite 400
St. Louis, MO 63101-1821

Susan J. Pope
Frost, Brown & Todd, L.L.C.
250 West Main Street
Suite 2700
Lexington, KY 40507-1749

D. Brian Rattliff
Bubalo & Hiestand, PLC
401 S. Fourth Street, Suite 800
Louisville, KY 40202

Michael D. Shalhoub
Heidell, Pittoni, Murphy & Bach, LLP
99 Park Ave.
New York, NY 10016

Dori K. Stibolt
Steel Hector & Davis
1900 Phillips Point W.
777 S. Flagler Drive
West Palm Beach, FL 33401-6198

Stephen G. Strauss
Bryan Cave, L.L.P.
One Metropolitan Square
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750

Theresa M. Walsh
Brown & Chiari, LLP
5775 Broadway
Lancaster, NY 14086

James E. Whaley
Brown & James
1010 Market Street, 20th Floor
St Louis, MO 63101

J. Stewart White
White, Meany & Wetherall, LLP
3185 Lakeside Drive
Reno, NV 89509-4503

Benjamin C. Wilson
Rushton, Stakely, Johnston & Garrett, PA
184 Commeerce Street
P.O. Box 270
Montgomery, AL 36101-0270

Phillip A. Wittmann
Stone, Pigman, Walther & Wittmann, LLC
One United Plaza, Suite 501
4041 Essen Lane
Baton Rouge, LA 70809

# INVOLVED JUDES LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Hon. Henry E. Autrey
U.S. District Judge
10N Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102

Hon. Thomas Coffin
U.S. Magistrate Judge
U.S. Courthouse
211 East 7th Avenue
Eugene, OR 97401

Hon. Kent J. Dawson
U.S. District Judge
6006 Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd., South
Las Vegas, NV 89101

Hon. Patricia C. Fawsett
Chief Judge, U.S. District Court
611 George C. Young United States Courthouse
80 North Hughey Avenue
Orlando, FL 32801

Hon. Callie V.S. Granade
Chief Judge, U.S. District Court
123 John A. Campbell U.S. Courthouse
113 St. Joseph Street
Mobile, AL 36602-3621

Hon. J. Ronnie Greer
U.S. District Judge
United States District Court
220 West Depot Street
Suite 405
Greeneville, TN 37743

Hon. Jean C. Hamilton
U.S. District Judge
16N Thomas F. Eagleton U.S. Courthouse
111 South Tenth St., 16th Floor
St. Louis, MO 63102-1116

Hon. Robert C. Jones
U.S. District Judge
U.S. District Court
7005 Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd., South
Las Vegas, NV 89101

Hon. David G. Larimer
U.S. District Judge
250 Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614-1324

Hon. Stephen N. Limbaugh
Senior U.S. District Judge
Thomas F. Eagleton U.S. Courthouse
111 South Tenth St., 3rd Floor
St. Louis, MO 63102-9958

Hon. Catherine D. Perry
U.S. District Judge
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 14th Floor
St. Louis, MO 63102-9958

Hon. Michael J. Reagan
U.S. District Judge
200 Melvin Price Fed. Bldg.
& U.S. Courthouse
750 Missouri Avenue
E. St. Louis, IL 62201

Hon. Edward C. Reed, Jr.
Senior U.S. District Judge
606 Bruce R. Thompson U.S. Courthouse
& Federal Building
400 South Virginia Street
Reno, NV 89501

Hon. Charles R. Simpson, III
Chief Judge, U.S. District Court
247 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202

Hon. Hilda G. Tagle
U.S. District Judge
Federal Building & U.S. Courthouse
#306
600 East Harrison Street
Brownsville, TX 78520

Hon. James B. Zagel
U.S. District Judge
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

## INVOLVED CLERKS LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Charles R. Diard, Jr., Clerk
123 John A. Campbell U.S. Courthouse
113 St. Joseph Street
Mobile, AL 36602-3621

Donald M. Cinnamond, Clerk
100 Federal Building &  U.S. Courthouse
211 East 7th Avenue
Eugene, OR 97401

James Woodward, Clerk
3300 Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102

Jeffrey A. Apperson, Clerk
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202

Lance S. Wilson, Clerk
Lloyd D. George U.S. Courthouse
333 Las Vegas Boulevard, South
Las Vegas, NV 89101

Lance S. Wilson, Clerk
Bruce R. Thompson U.S. Courthouse
& Fed. Bldg., Suite 301
400 South Virginia Street
Reno, NV 89501

Michael N. Milby, Clerk
101 Federal Building & U.S. Courthouse
600 East Harrison Street
Brownsville, TX 78522-7114

Michael W. Dobbins, Clerk
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

Norbert G. Jaworski, Clerk
U.S. District Court
P.O. Box 249
E. St. Louis, IL 62202-0249

Patricia L. McNutt, Clerk
U.S. Courthouse
101 Summer Street, West
Greeneville, TN 37743

Rodney C. Early, Clerk
2120 Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614-1368

Sheryl L. Loesch, Clerk
U.S. District Court
311 West Monroe Street
Jacksonville, FL 32201

# JEFFREY J. LOWE, P.C.
### Attorney at Law

8235 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
www.jefflowepc.com

Telephone  314-678-3400
Facsimile  314-678-3401
Direct        314-678-1052

February 8, 2005

*VIA FACSIMILE*
*AND FIRST CLASS MAIL*

John N. Poulos
101 Hudson Street
Suite 3601
Jersey City, N.J. 07302-3908
Fax: (201) 536-0799

Re:   *Plaintiff profile forms*

Dear John:

This letter is regarding Merck's motion to dismiss claims in which plaintiffs filed blank profile forms. As my associate Casey Flynn told you, plaintiffs erroneously filed the PPFs before they were due. Plaintiffs misunderstood dates that Pretrial Order 18(B) required PPFs to be filed and filed these blank profile forms based on this misunderstanding. We decided it was better to file a profile form on the date we thought they were due containing the name and social security number of the plaintiff than not file them at all. On January 23, 2006, within 20 days of the deficiency letter, I wrote you a letter explaining that the PPFs in those cases were not yet due.

In *Swint, Mona et al v. Merck & Co Inc et al*, 2:05-6347 (Richard Eckard), *Fife, Sam et al v. Merck & Co Inc et al*, 2:05-6348 (Lizzie Billups, Eva Carter, Sam Fife), *Copeland, Vanita et al v. Merck & Co Inc et al*, 2:05-6349 (Toni Elpers), and *Aldridge, Harriet et al v. Merck & Co Inc et al.*, 2:05-6346, the cases were not transferred until December 5, 2005 (Exhibit 1), so the plaintiff profile forms are not due until on or about February 17, 2006.

The fact that plaintiff filed blank profile forms **merely** containing a name and a Social Security number that was done based on an incorrect due date should not change the actual date they are due.

Regarding *Copeland*, plaintiffs filed Toni Elper's plaintiff profile form on February 3, 2006.

We do not believe the following plaintiffs had cardiovascular events as that term is defined in Pretrial Order 18(B): *Adams, Eva Lucille et al v. Merck & Co Inc.*, 2:05-4326: Theresa Dodd, Billie Fedie, and Charlotte Galbreath, *Fife*, 2:05-6348: Lizzie Billups, Eva Carter, *Hill et al v. Merck & Co., Inc. et al*, 2:05-cv-04325: Ina Creel, *Neal, Lavona v. Merck & Co Inc et al*: 2:05-2928: Barbara Gourley; and *O'Bannon, Barbara et al v. Merck & Co Inc et al*, 2:05-3809: Rosanna Chavez. Consequently, no profile form is due on those cases.

Pretrial Order 18(B) indicates that plaintiffs' answers are the equivalent of answers to interrogatories under Fed.R.Civ.P. 33 and shall be supplemented in accordance with Fed.R.Civ.P. 26. Plaintiffs intend to provide complete plaintiff profile forms with required authorizations for all the cases. Plaintiffs will be filing a motion to clarify Pretrial Order 18(B) to ascertain when the Plaintiff Profile Forms are due for blood clot cases and open heart or stent surgery cases from Vioxx-induced blockage.

Plaintiff will provide plaintiff profile forms on the cases listed above if the course of discovery if it is determined that these plaintiffs suffered a cardiovascular event as that term is defined in Pretrial Order 18(B) as required by the Federal Rules. See generally Fed.R.Civ.P. 26(e).

Regarding the other 13, plaintiffs' counsel is still trying to locate the following plaintiffs and/or obtain the return of signed and completed plaintiff profile forms for: (1) Kitty Gilliam, (2) Larry Frankhouser, (3) John Lawson, (4) Dennis Davis, (5) Alvino Davis, (6) Leigh Behrens, (7) Jack Elliot, (8) Obe Everett, (9) Volean Gilmore, (10) Dorothy Green, (11) Maggie Chism, (12) Helen Campbell, and (13) Mary Ann Cantrell.

In particular, Katie Gilliam (number 1 above) has been incapacitated because of her stroke. Accordingly there has been a lot of difficulty with the family getting her plaintiff profile form finished and returned signed. A power of attorney had to be obtained. They have promised us that they have mailed in the plaintiff profile form.

Since the filing of this lawsuit, Obe Everett (number 8 above) died in late October because of the stroke caused by Vioxx. We have been working with the



February 8, 2006                                                    Page 3

family to sign the necessary materials.  We intend to file the completed plaintiff profile form this Friday.

Since the filing of this lawsuit, Alvino Davis (number 6 above) died on January 9, 2006.  We have been working with Deloris Davis to sign the necessary materials.  We intend to file the completed plaintiff profile form as soon as possible.

Terry Campbell, the surviving spouse of Helen Campbell (number 12 above), has difficulty hearing and is elderly.  We have sent attorneys to his house to assist him in filling out the plaintiff profile form.

Plaintiffs are unable to contact Tracey Simpkiss, the surviving daughter of Mary Ann Cantrell (number 13 above).  The four telephone numbers that she provided us are no longer working, and we are using investigators to track her down.

In the event we cannot complete these by March 20, 2006, it is our intention to move that the court dismiss them without prejudice.  Please let me know whether Merck will consent to this.

Very truly yours,

Jeffrey J. Lowe

cc:    John Carey
       Joseph Danis
       Casey Flynn
       Dave Bauman
       Sarah Hale
       Linda Bean
       Russ Herman
       Steve Strauss