USDC
Eastern District of Louisiana

~~BEFORE THE JUDICIAL PANEL~~
~~ON MULTIDISTRICT LITIGATION~~

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 22  AM 9:49

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION, | |
| **Celestine Dale et al v. Merck & Co Inc.**, 2:05-02567 for Alberta Borland | MDL No. 1657 |
| **Edna McGhee et al vs Merck & Co Inc et al.**, 2:05-02573 for David Charles | |
| Plaintiffs, | |
| v. | |
| Merck & Co. Inc., et al., | |
| Defendants. | |

## MEMORANDUM IN OPPOSITION TO THE MERCK & CO. INC'S MOTION TO DISMISS FOR PROVIDING FILE PLAINTIFF PROFILE FORMS REGARDING ALBERTA BORLAND AND DAVID CHARLES JAMES

Defendant Merck & Co., Inc. is moving to dismiss with prejudice the above cases: Alberta Borland's Vioxx case, included in <u>Dale v. Merck</u>, 2:05-02567 and David Charles James, included in <u>McGhee v. Merck</u>, 2:05-02573 for failure to file PPFs.

Regarding Alberta Borland, she is 92 years old and after repeated attempts to get her to complete the PPF, she has indicated that she wishes to dismiss her case. Plaintiffs' counsel, therefore, requests to dismiss her case without prejudice pursuant to Rule 41(a)(2) Fed. R. Civ. P.

496186 / 004128

-1-

\_\_ Fee_____
\_\_ Process_____
X Dktd_____
\_\_ CtRmDep_____
\_\_ Doc. No._____

Regarding David Charles James, plaintiffs' counsel misdiaried the due date for the PPF. They have been unable, as of the filing of this memorandum, to complete the PPF and request 90 days from February 21, 2006 to complete the PPF.

## I. Defendant's motion to dismiss should be denied.

### A. Fed.R.Civ.P. 37(b)(2) and 41(b) require a willful disregard of a discovery order and that the imposition of lesser sanctions would either be futile or not in the best interest of justice before granting a dismissal of plaintiffs' case with prejudice.

#### 1. Fed.R.Civ.P. 37(b)(2) only allows dismissal with prejudice for a willful violation and where a lesser sanction would not achieve the desired results

Pretrial Order 18(B) indicates that plaintiffs' answers are the equivalent of answers to interrogatories under Fed.R.Civ.P. 33 and shall be supplemented in accordance with Fed.R.Civ.P. 26. In moving for dismissal of plaintiffs' action with prejudice, defendant is moving for sanctions pursuant to Fed.R.Civ.P. 37(b)(2).

Rule 37(b)(2) states in pertinent part:

If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

Fed.R.Civ.P. 37(b)(2).

Regarding sanctions under Rule 37, the Fifth Circuit has set out the following criteria: (1) the penalized party's discovery violation must be willful and (2) the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. United States v. 49,000 Currency, 330 F.3d 371, 376 (5th Cir. 2003) (internal citations omitted). The reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation. Id. (citing Batson, 765 F.2d at 514). See, e.g., Rose v. Batson, 765 F.2d 511, 514 (5th Cir. 1985) (dismissing case after numerous violations of discovery orders and that party's failure to produce was not because of her inability to produce and that the nonproduction severely prejudiced the party's ability to prepare its case).

2. **Under Rule 41(b) Fed.R.Civ.P. dismissal with prejudice is only proper for purpose of delay for contumacious conduct**

Likewise, Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. Fed. R. Civ. P. 41(b). Such a dismissal may be either with or without prejudice. See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal

with prejudice is proper only if the record shows the plaintiff engaged in "purposeful delay or contumacious conduct" and the imposition of lesser sanctions would either be futile or not in the best interest of justice. <u>Dorsey v. Scott Wetzel Servs., Inc.</u>, 84 F.3d 170, 171 (5th Cir. 1996); <u>Long</u>, 77 F.3d at 879-80.

> **3.    Prior to moving for a discovery sanction, the local rules of this court require defendant to meet and confer and file a certificate of compliance which defendant has failed to do**

Finally, Local rule for the Eastern District of Louisiana provides:

LR37.1E  Discovery Motions

No motion relative to discovery shall be accepted for filing unless **accompanied by a certificate of counsel** for the moving party stating that counsel have conferred in person or by telephone **for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice**. Counsel for the moving party shall arrange the conference. Any motion filed under this paragraph shall be noticed for hearing. If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper.

<u>See</u> <u>In re Complaint of Guidry & Gisclair, Inc.</u>, 1996 U.S. Dist. LEXIS 2865, *3 (E.D. La. 1996) ("Local rules require that the parties in good faith attempt to resolve.) <u>See</u> also Fed. R. Civ. P. 37(a)(2)(B) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.")

> **B    Merck has failed to comply with LR 37.1E and Plaintiffs are attempting to comply with Pretrial Order 18(B) in good faith;**

**therefore, they should not be subject to sanctions pursuant to Rule 37 or dismissal with prejudice pursuant to Rule 42(b).**

First, counsel for Merck has failed to file the required meet and confer certificate as required by LR 37.1E. In addition, Merck has not met and conferred with Plaintiffs' counsel in good faith. All Merck will agree to is a dismissal with prejudice, which should not be deemed working with opposing counsel in good faith to resolve a discovery dispute. For this reason alone Merck's motion to dismiss should be denied.

Plaintiff Alberta Borland wishes to dismiss her case without prejudice. Due to her age, she no longer wishes to pursue a case against Merck. Her case, however, should not be dismissed with prejudice, but without prejudice because she has not engaged in willful contumacious conduct. In addition, David Charles James' PPF was misdiaried and the failure to file it was not due to willful contumacious conduct and should not be dismissed.

### C. Defendants' authority is distinguishable.

In re Propulsid Products Liability Litigation, No. MDL 1355, 2003 WL 22383576 (E.D.La. Oct. 16, 2003), the Court dismissed plaintiffs' claims with prejudice for failure to file a plaintiff profile form after the following occurred: (1) the Court gave multiple notices to plaintiffs advising them of the applicable deadlines; (2) when plaintiffs fail to respond to such notices according to the established procedure, the matter was set for hearing and considered by the Court; (3)

plaintiffs failed to respond to any of the notices; (3) at the June 26, 2003 Monthly Status Conference, defendants brought before the court a Motion to Dismiss with Prejudice multiple plaintiffs, including the instant plaintiffs, who failed to furnish timely their Patient Profile Forms; and (4) plaintiffs did not attend the hearing and did not oppose defendants' motion. As a result, the court dismissed plaintiffs' claim. Id.

Similarly in McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990), after more than close to two years of motions and hearings where the magistrate judge ordered plaintiffs to produce responsive documents, the magistrate found the parties' discovery abuses wilful and in bad faith and recommended that his answers be stricken and default judgment for the law firm be entered, and this recommendation was later adopted by the district court. Id.

Finally in Hickman v. Fox TV Station, Inc., 231 F.R.D. 248, 252 (S.D. Tex. 2005), a magistrate judge dismissed plaintiff's case for lack of prosecution after determining that (1) plaintiff had consistently failed to comply with court orders and has not exhibited diligence in producing all documents and materials relevant to her claims; (2) plaintiff had indicated she will not be available to complete her deposition in the forum state for at least another eight months and also that she will be in Kuwait for an indefinite period of time. In determining whether to grant a dismissal with or without prejudice, it decided that it would

grant a dismissal with prejudice because there was "no indication here that lesser sanctions, including the assessment of monetary fines, will cure the indefinite delay to the disposition of this suit resulting from Plaintiff's continuing and open-ended unavailability. Thus, imposition of a less harsh sanction would be futile." Id. at 254.  Despite this language, in the conclusion for the case, the Court holds "the court will dismiss this action without prejudice." Hickman, 231 F.R.D. at 252.

## II.   Conclusion

For the foregoing reasons, defendant's motion should be denied.  In addition, for any grossly deficient PPF involving a CV claim as defined by Pretrial Order 18(B), Plaintiffs' counsel requests 90 days to complete the PPF's or to dismiss the case without prejudice if they cannot be completed in that time frame.

JEFFREY J. LOWE, PC

By: _____
Jeffrey J. Lowe
Francis J. ("Casey") Flynn
Attorney for Plaintiffs
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
(314) 678-3400
Fax: (314) 678-3401

John Carey
Joseph P. Danis
CAREY & DANIS, LLC
8235 Forsyth Boulevard, Suite 1100
St. Louis MO 63105

Telephone: 314-725-7700
Facsimile: 314-721-0905

T. Evan Schaeffer
Andrea B. Lamere
SCHAEFFER & LAMERE, P.C.
5512 Godfrey Road
Highway 67, Suite B
Godfrey, IL 62035
618-467-8200

Evan Buxner
Walther Glenn Law Offices
10 S. Brentwood Blvd., Suite 102
St. Louis, MO 63105
314-725-9595
Fax: 314-725-9597

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on February 22, 2006 electronically on all defendants to be electronically noticed on LEXIS-NEXIS file and serve and as well via first-class mail on the individuals identified below:

Philip A. Whitman
Stone, Pigman, Walther, Whitman LLC
546 Carondelet St.
New Orleans, LA 70130-3588

John N. Poulos
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004
212-837-6000

Attorneys for Merck & Co., Inc.

Russ M. Herman
Herman, Herman, Katz, Cotlar, L.L.P.
820 O'Keefe Ave.

New Orleans, LA 70113