USDC
Eastern District of Louisiana

~~BEFORE THE JUDICIAL PANEL~~
~~ON MULTIDISTRICT LITIGATION~~

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 22   AM 10: 46

LORETTA G. WHYTE
CLERK

In re: VIOXX PRODUCTS LIABILITY
LITIGATION,

**Adams, Eva Lucille et al v. Merck & Co Inc.**, 2:05-4326 for Theresa Dodd, Billie Fedie, Larry Frankhouser, John Lawson, and Charlotte Galbreath;

**Vernon Andrews et al v. Merck & Co Inc.**, 2:05-2569 for Leigh Behrens

**Shirley Bailey, et al v. Merck & Co Inc.**, 2:05-3413 for Jack Elliot and Jack Elliot;

**Hill et al v. Merck & Co., Inc. et al**, 2:05-cv-04325 for Ina Creel, Tracey Simpkiss for Mary Ann Cantrell, Alvino Davis and Pamela McGuire for Alice Wishoun,

**Liotto v. Merck & Co Inc**, 2:05-cv-04323 for Maggie Chism

**McBride et al**, 2:05-cv-03420 for Obe Everett;

**Butler et al**, 2:05-cv-03817 for Dennis Davis,

**Copeland, Vanita et al v. Merck & Co Inc et al**, 2:05-6349 for Toni Elpers

**Fife et al**, 2:05-6348: Lizzie Billups, Eva Carter, and Sam Fife

**Frame et al**, 2:05-cv-03815 for Kitty Gilliam

MDL No.  1657

-1-

___ Fee_____
___ Process_____
_X_/Dktd_____
___ CtRmDep._____
___ Doc. No._____

**Barbara Middleton et al**, 05-cv-3416
Terry Campbell for Helen Campbell

**Margret Molder et al**, 05-cv-3416 for
Dorothy Green

**Neal, Lavona v. Merck & Co Inc et al**,
2:05-2928 for Barbara Gourley.

**O'Bannon, Barbara et al v. Merck &
Co Inc et al**, 2:05-3809 for Rosanna
Chavez

**Swint, Mona et al v. Merck & Co Inc et
al**, 2:05-6347 for Richard Eckard

          Plaintiffs,

   v.

**Merck & Co. Inc., et al.,**

          Defendants.

### MEMORANDUM IN OPPOSITION TO THE MERCK & CO. INC'S MOTION TO DISMISS FOR PROVIDING BLANK PLAINTIFF PROFILE FORMS IN NONCOMPLIANCE WITH PRETRIAL ORDER 18(B)

Defendant Merck & Co., Inc. ("Merck") has moved to dismiss 25 cases

that fall into four categories: (1) cases where Pretrial Order 18(B) does not require

a plaintiff profile form as plaintiffs do not believe they had cardiovascular events

as that term is defined in Pretrial Order 18(B): Theresa Dodd, Billie Fedie, and

Charlotte Galbreath, included in  *Adams, et al v. Merck & Co Inc.*, 2:05-4326,

Lizzie Billups, Eva Carter, included in *Fife*, 2:05-6348, Ina Creel, included in *Hill et*

*al v. Merck & Co., Inc. et al*, 2:05-cv-04325, Barbara Gourley, included in *Neal, et al v. Merck & Co Inc et al*: 2:05-2928 and Rosanna Chavez, included in *O'Bannon, et al v. Merck & Co Inc et al*, 2:05-3809; (2) cases where the plaintiff profile forms were not yet due at the time Merck filed its motion, because the cases were not transferred until December 5, 2005 (Exhibit 1), so the plaintiff profile forms were not due until on or about February 18, 2006 and a proper 20 day deficiency letter has not yet been issued: Richard Eckard, included in *Swint, et al v. Merck & Co Inc et al*, 2:05-6347, Lizzie Billups, Eva Carter, Sam Fife, included in *Fife, et al v. Merck & Co Inc et al*, 2:05-6348, and Toni Elpers, included in *Copeland, et al v. Merck & Co Inc et al*, 2:05-6349; (3) cases where plaintiffs have now filed their completed plaintiff profile forms with necessary authorizations:  Maggie Chism - February 7, 2006;  Larry Frankhouser - February 10, 2006;  Obe Everett - February 22, 2006, and Pamela McGuire for Alice Wishoun, February 3, 2006;  Toni Elpers' plaintiff profile form, February 3, 2006  and (4) cases where plaintiffs's counsel had difficulty in obtaining plaintiff profile forms because of plaintiffs' age, Vioxx-related injuries, hospitalization or that plaintiffs' contact with these plaintiffs were no longer accurate:  (1) Kitty Gilliam (incapacitated because of her stroke), (2) Dennis Davis (has been in the hospital); (3) Terry Campbell for Helen Campbell (elderly, difficulty hearing), (4) Alvino Davis (died on January 9, 2006, working with Deloris Davis to complete plaintiff profile form); (5) Jack Elliot (contact information is not longer current), (6)

John Lawson (contact information no longer current); (7) Leigh Behrens (difficulty in contact and in receiving signed and completed plaintiff profile form), Dorothy Green (contact information no longer current), Volean Gilmore (contact information no longer current), and Tracey Simpkiss for Mary Ann Cantrell (contact information no longer current).

When the initial blank plaintiff profile forms were filed, plaintiffs' counsel believed it was better to file a profile form on the date they thought they were due containing the name and social security number of the plaintiff than not file them at all.  (Exhibit 2, letter informing Merck that plaintiffs were filing blank PPFs, dated November 14, 2005).  For plaintiffs that did not have a cardiovascular events as that term is defined in Pretrial Order 18(B), those should not be dismissed as being grossly deficient because no plaintiff profile form was required.  In addition, plaintiffs also served by hard copy (though not on LEXIS-NEXIS) blank profile forms for certain plaintiffs to defendant prior to their due date.  By both telephone and letter, plaintiff's counsel explained this to defendant.  (Exhibit 1, letter dated February 8, 2006), and explained that they were not deficient because they were not due, but counsel for Merck refused to rediary them, and would only agree to a dismissal with prejudice.  (Id.)

Regarding the fourth category, plaintiffs counsel have requested extensions regarding plaintiffs who have had hardships in completing the plaintiff profile forms because they had difficulty filling out their forms because of

age, Vioxx-related injury, or because plaintiffs counsel no longer has current contact information for these plaintiffs.  (Exhibit 1- letter to Merck counsel, dated February 8, 2006,  Exhibit 3 - letter to Merck counsel, dated December 13, 2005, Exhibit 4 - letter to Merck counsel, dated January 23, 2006).

Plaintiffs counsel have approximately 1400 plaintiffs filed in state court and transferred to this MDL or filed directly in the Eastern District of Louisiana.  Merck has taken the position that they will give no extensions and they will only agree to dismissals with prejudice for cases plaintiffs' counsel are have difficulty completing the PPF in the time required by Pretrial Order 18(B).   Merck has also made no effort to comply with Local Rule for the Eastern District of Louisiana, LR37.1E, to consult with opposing counsel in good faith regarding and have not filed the required certificate of compliance with LR37.IE.

For the foregoing reasons, defendants' motion should be denied because plaintiffs have acted in good faith to comply with pretrial order 18(B).

I.      **Defendant's motion to dismiss should be denied.**

A.      **Fed.R.Civ.P. 37(b)(2) and 41(b) require a willful disregard of a discovery order and that the imposition of lesser sanctions would either be futile or not in the best interest of justice before granting a dismissal of plaintiffs' case with prejudice.**

1.      **Fed.R.Civ.P. 37(b)(2) only allows dismissal with prejudice for a willful violation and where a lesser sanction would not achieve the desired results**

Pretrial Order 18(B) indicates that plaintiffs' answers are the equivalent of

answers to interrogatories under Fed.R.Civ.P. 33 and shall be supplemented in

accordance with Fed.R.Civ.P. 26.  In moving for dismissal of plaintiffs' action with

prejudice, defendant is moving for sanctions pursuant to Fed.R.Civ.P. 37(b)(2).

 Rule 37(b)(2) states in pertinent part:

If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

Fed.R.Civ.P. 37(b)(2).

 Regarding sanctions under Rule 37, the Fifth Circuit has set out the

following criteria:  (1) the penalized party's discovery violation must be willful and

(2) the drastic measure is only to be employed where a lesser sanction would

not substantially achieve the desired deterrent effect.  United States v. 49,000

Currency, 330 F.3d 371, 376 (5th Cir. 2003) (internal citations omitted).  The

reviewing court may also consider whether the discovery violation prejudiced

the opposing party's preparation for trial, and whether the client was blameless

in the violation.  Id. (citing Batson, 765 F.2d at 514).  See, e.g., Rose v. Batson, 765

F.2d 511, 514 (5th Cir. 1985) (dismissing case after numerous violations of discovery orders and that party's failure to produce was not because of her inability to produce and that the nonproduction severely prejudiced the party's ability to prepare its case).

### 2.    Under Rule 41(b) Fed.R.Civ.P. dismissal with prejudice is only proper for purpose of delay or contumacious conduct

Likewise, Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. Fed. R. Civ. P. 41(b).  Such a dismissal may be either with or without prejudice.  See Long v. Simmons, 77 F.3d 878, 879-80 (5th Cir. 1996).  A dismissal with prejudice is proper only if the record shows the plaintiff engaged in "purposeful delay or contumacious conduct"  and the imposition of lesser sanctions would either be futile or not in the best interest of justice.  Dorsey v. Scott Wetzel Servs., Inc., 84 F.3d 170, 171 (5th Cir. 1996); Long, 77 F.3d at 879-80.

### 3.    Prior to moving for a discovery sanction, the local rules of this court require defendant to meet and confer and file a certificate of compliance which defendant has failed to do

Finally, Local rule for the Eastern District of Louisiana provides:

LR37.1E  Discovery Motions

No motion relative to discovery shall be accepted for filing unless **accompanied by a certificate of counsel for the moving party** stating that counsel have conferred in person or by telephone **for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.** Counsel for the moving party shall arrange the conference. Any motion filed under this paragraph shall be noticed for hearing. If the court

finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper.

See In re Complaint of Guidry & Gisclair, Inc., 1996 U.S. Dist. LEXIS 2865, *3 (E.D. La. 1996) ("Local rules require that the parties in good faith attempt to resolve.) See also Fed. R. Civ. P. 37(a)(2)(B) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.")

**B     Plaintiffs have in good faith attempted to comply with Pretrial Order 18(B); therefore, they should not be subject to sanctions pursuant to Rule 37 or dismissal with prejudice pursuant to Rule 42(b).**

Plaintiffs have now filed their completed plaintiff profile forms with necessary authorizations:  Maggie Chism - February 7, 2006;  Larry Frankhouser - February 10, 2006;  Obe Everett - February 22, 2006, and Pamela McGuire for Alice Wishoun, February 3, 2006; and Toni Elpers' plaintiff profile form February 3, 2006.  Consequently, those cases should not be dismissed.

Next, defendant is attempting to dismiss cases where Pretrial Order 18(B) does not require a plaintiff profile form.  As stated *supra*, plaintiffs in error filed blank plaintiff profile forms for these cases.  Plaintiffs do not believe the following plaintiffs had cardiovascular events as that term is defined in Pretrial Order 18(B): Theresa Dodd, Billie Fedie, and Charlotte Galbreath, included in *Adams, et al v. Merck & Co Inc.*, 2:05-4326, Lizzie Billups and Eva Carter, included in *Fife*,

481972 / 004128                                     -8-

2:05-6348, Ina Creel, included in *Hill et al v. Merck & Co., Inc. et al*,

2:05-cv-04325, Barbara Gourley, included in *Neal, et al v. Merck & Co Inc et al*:

2:05-2928; and Rosanna Chavez, included in  *O'Bannon, et al v. Merck & Co Inc*

*et al*, 2:05-3809.  Consequently, no profile form is due on those cases, and those

cases should not be dismissed because there was no willful disregard or a

discovery order.  Plaintiff will provide plaintiff profile forms on the cases listed

above if the course of discovery if it is determined that these plaintiffs suffered a

cardiovascular event as that term is defined in Pretrial Order 18(B) as required by

the Federal Rules.  See generally Fed.R.Civ.P. 26(e).

Furthermore, in *Swint, et al v. Merck & Co Inc et al*, 2:05-6347 (Richard

Eckard), *Fife, et al v. Merck & Co Inc et al*, 2:05-6348 (Lizzie Billups, Eva Carter,

and Sam Fife), *Copeland, et al v. Merck & Co Inc et al*, 2:05-6349 (Toni Elpers),

and *Aldridge, et al v. Merck & Co Inc et al.*, 2:05-6346, the cases were not

transferred until December 5, 2005 (Exhibit 1), so the plaintiff profile forms were

not due until on or about February 18, 2006.  The fact that plaintiff filed blank

profile forms **merely** containing a name and a Social Security number that was

done based on diaring an incorrect due date should not change the actual

date those plaintiff profile forms were due.  Plaintiffs' actions again do not

amount to intentional bad faith of a discovery order to justify dismissal with

prejudice under either Rule 37 or 41(b).

Furthermore, plaintiffs are having difficulty in obtaining completed plaintiff

profile forms because of plaintiffs' died, their age, Vioxx-related injuries, hospitalization, or because the contact information plaintiffs counsel had is no longer accurate: (1) Kitty Gilliam (incapacitated because of her stroke), (2) Dennis Davis (has been in the hospital); (3) Terry Campbell for Helen Campbell (elderly, difficulty hearing), (4) Alvino Davis (died on January 9, 2006, working with Deloris Davis); (5) Jack Elliot (contact information no longer current), (6) John Lawson (contact information no longer current); (7) Leigh Behrens (difficulty in contact and in receiving signed and completed plaintiff profile form), Dorothy Green (contact information no longer current), Volean Gilmore (contact information no longer correct), and Tracey Simpkiss for Mary Ann Cantrell (contact information no longer current).

In particular, Katie Gilliam (number 1 above) has been incapacitated because of her stroke. Accordingly there has been a lot of difficulty with the family getting her plaintiff profile form finished and returned signed. A power of attorney had to be obtained. Her family has promised plaintiffs' counsel that they have mailed in the plaintiff profile form.

Since the filing of this lawsuit, Obe Everett (number 8 above) died in late October, 2005 because of the stroke caused by Vioxx. Plaintiffs' counsel has been working with the family to sign the necessary materials. Plaintiffs' counsel will file the completed plaintiff profile form on February 22, 2005. The survivors have very limited knowledge regarding Obe Everett's Vioxx usage and medical

condition, so they have filled out the forms out to the best of their ability.

Since the filing of this lawsuit, Alvino Davis (number 6 above) died on January 9, 2006. Plaintiffs' counsel have been working with Deloris Davis to complete the necessary materials. Plaintiffs' intends to file the completed plaintiff profile form as soon as possible.

Terry Campbell, the surviving spouse of Helen Campbell, has difficulty hearing and is elderly. Plaintiffs' counsel recently went to his house to assist him in filling out the plaintiff profile form.

Plaintiff's counsel are unable to contact Tracey Simpkiss, the surviving daughter of Mary Ann Cantrell. The four telephone numbers that she provided plaintiffs' counsel are no longer working, and an investigator has been hired to locate her.

Plaintiffs have made similar efforts to obtain current contact information on Dorothy Green, Jack Elliot and John Lawson and Volean Gilmore, but have been not yet been able to locate them.

Regarding the issue of medical records, plaintiffs have filed a motion to modify Pretrial Order 18(B) regarding uploading medical records through Lexins/Nexis File and Serve which is set for a hearing on March 23, 2006. Plaintiffs' counsel have offered to produce the records as a PDF file on a compact disc, but defendant has refused. It should not be held to be in bad faith if plaintiffs' counsel have filed a motion to modify Pretrial Order 18(B) and

are awaiting the courts ruling.

As set forth above, Plaintiffs have not in bad faith violated any discovery order.  They have been attempting in good faith to comply with Pretrial Order 18(B).  In addition, Merck has failed to comply with Local Rule LR 37.1E and have not filed a certification of meet and confer.  In addition, they have informed Plaintiff's counsel that all they will agree to is a dismissal with prejudice.  This is not a meet and confer in good faith and for this reason alone defendant's motion should be denied.

### C.   Defendants' authority is distinguishable.

In re Propulsid Products Liability Litigation, No. MDL 1355, 2003 WL 22383576 (E.D.La. Oct. 16, 2003), the Court dismissed plaintiffs' claims with prejudice for failure to file a plaintiff profile form after the following occurred: (1) the Court gave multiple notices to plaintiffs advising them of the applicable deadlines; (2) when plaintiffs fail to respond to such notices according to the established procedure, the matter was set for hearing and considered by the Court; (3) plaintiffs failed to respond to any of the notices; (3)  at the June 26, 2003 Monthly Status Conference, defendants brought before the court a Motion to Dismiss with Prejudice multiple plaintiffs, including the instant plaintiffs, who failed to furnish timely their Patient Profile Forms; and (4) plaintiffs did not attend the hearing and did not oppose defendants' motion.  As a result, the court dismissed plaintiffs' claim. Id.

Similarly in <u>McLeod, Alexander, Powel & Apffel, P.C. v. Quarles</u>, 894 F.2d 1482, 1484 (5th Cir. 1990), after more than close to two years of motions and hearings where the magistrate judge ordered plaintiffs to produce responsive documents, the magistrate found the parties' discovery abuses wilful and in bad faith and recommended that his answers be stricken and default judgment for the law firm be entered, and this recommendation was later adopted by the district court. <u>Id.</u>

Finally in <u>Hickman v. Fox TV Station, Inc.</u>, 231 F.R.D. 248, 252 (S.D. Tex. 2005), a magistrate judge dismissed plaintiff's case for lack of prosecution after determining that (1) plaintiff had consistently failed to comply with court orders and has not exhibited diligence in producing all documents and materials relevant to her claims; (2) plaintiff had indicated she will not be available to complete her deposition in the forum state for at least another eight months and also that she will be in Kuwait for an indefinite period of time. In determining whether to grant a dismissal with or without prejudice, it decided that it would grant a dismissal with prejudice because there was "no indication here that lesser sanctions, including the assessment of monetary fines, will cure the indefinite delay to the disposition of this suit resulting from Plaintiff's continuing and open-ended unavailability. Thus, imposition of a less harsh sanction would be futile." <u>Id.</u> at 254.  Despite this language, in the conclusion for the case, the Court holds "the court will dismiss this action without prejudice." <u>Hickman</u>, 231

F.R.D. at 252.

## II.      Conclusion

For the foregoing reasons, defendant's motion should be denied.   In addition, for any Plaintiff in which the plaintiff profile form is deficient or Plaintiff's counsel has lost contact with the Plaintiff, Plaintiff's should be given 90 days to comply with Pretrial Order 18(B) or be allowed to dismiss the case with out prejudice.


JEFFREY J. LOWE, PC



By:  _____

Jeffrey J. Lowe
Francis J. ("Casey") Flynn
Attorney for Plaintiffs
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
(314) 678-3400
Fax: (314) 678-3401


John Carey
Joseph P. Danis
CAREY & DANIS, LLC
8235 Forsyth Boulevard, Suite 1100
St. Louis MO 63105
Telephone: 314-725-7700
Facsimile: 314-721-0905

T. Evan Schaeffer

481972 / 004128                                    -14-

Andrea B. Lamere
SCHAEFFER & LAMERE, P.C.
5512 Godfrey Road
Highway 67, Suite B
Godfrey, IL 62035
618-467-8200

Evan Buxner
Walther Glenn Law Offices
10 S. Brentwood Blvd., Suite 102
St. Louis, MO 63105
314-725-9595
Fax: 314-725-9597


## CERTIFICATE OF SERVICE


I hereby certify that a copy of the foregoing was served on February 22, 2006 electronically on all defendants to be electronically noticed on LEXIS-NEXIS file and serve and as well via first-class mail on the individuals identified below:

Philip A. Whitman
Stone, Pigman, Walther, Whitman LLC
546 Carondelet St.
New Orleans, LA 70130-3588

John N. Poulos
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004
212-837-6000

Attorneys for Merck & Co., Inc.

Russ M. Herman
Herman, Herman, Katz, Cotlar, L.L.P.

481972 / 004128                           -15-

820 O'Keefe Ave.
New Orleans, LA 70113

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

December 2, 2005

Loretta G. Whyte, Clerk
U.S. District Court
102 Versailles Street
Suite 501
Lafayette, LA 70501

Re: MDL-1657 -- In re Vioxx Products Liability Litigation

(See Attached Schedule A of Order)

Dear Ms. Whyte:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

**The Panel has ordered that its Rule 1.6(a), pertaining to transfer of files, be suspended for purposes of this litigation. Accordingly, the transferee district clerk shall request, and the transferor district clerk shall forward, only those files deemed necessary by the transferee district court.**

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Deputy Clerk

Enclosures/Attachment

cc:   Transferee Judge:  Judge Eldon E. Fallon
      Transferor Judges:  (See Attached List of Judges)
      Transferor Clerks:  (See Attached List of Clerks)

JPML Form 29A

A CERTIFIED TRUE COPY

DEC 2 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -5  PM 1:08

LORETTA G. WHYTE
CLERK

*DOCKET NO. 1657*

JUDICIAL PANEL
MULTIDISTRICT LIT

DEC - 2 20

FILED
CLERK'S OFFICE



7595703

Dec 7 2005
1:18PM

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE VIOXX PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by a health care defendant in the Southern District of Texas action and plaintiffs in the remaining actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L. 2005).

The opposing Tennessee plaintiff and the Texas health care defendant argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1657 proceedings. We are unpersuaded by these arguments. Inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products*

---

* Judge Motz took no part in the decision of this matter.

Fee ___
Process ___
X  Dkld. ___
CtRmDep. ___
Doc. No ___

- 2 -

*Liability Litigation,* 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation,* 152 F.Supp.2d 1378 (J.P.M.L. 2001). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L.,199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1657 -- In re Vioxx Products Liability Litigation

EDLA
Sect. L/3

### Southern District of Alabama

*Marquerite Woods v. Merck & Co., Inc., et al.*, C.A. No. 2:05-425      05-6339

### Middle District of Florida

*Barbara Fowler-Browning, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-586      05-6340

### Northern District of Illinois

*James Zafiratos v. Merck & Co., Inc., et al.*, C.A. No. 1:05-3784      05-6341

### Southern District of Illinois

*Stanley Hayes v. Merck & Co., Inc., et al.*, C.A. No. 3:05-450      05-6342
*Clara Kirkendall v. Merck & Co., Inc., et al.*, C.A. No. 3:05-562      05-6343
*Mary Hardin v. Merck & Co., Inc., et al.*, C.A. No. 3:05-563      05-6344

### Western District of Kentucky

*Lois Hammond, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-351      05-6345

### Eastern District of Missouri

*Harriet Aldridge, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-847      05-6346
*Mona Swint, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-879      05-6347
*Sam Fife, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-880      05-6348
*Vanita Copeland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-881      05-6349

### District of Nevada

*Duane Allen Carlson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-599      05-6350
*Nina Baker, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-625      05-6351
*Daniel Morrison, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-627      05-6352
*Sharon Himmel, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-334      05-6353
*Sean Regan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-336      05-6354

### Western District of New York

*Lynn Krieger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6338      05-6355

### District of Oregon

*Wayne S. Harger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6184      05-6356

- A2 -

| | EDLA<br>Sect. L/3 |
|---|---|
| <u>Eastern District of Tennessee</u> | |
| *Louise Denton v. Merck & Co., Inc.*, C.A. No. 2:05-170 | 05-6357 |
| <u>Southern District of Texas</u> | |
| *Jackie Roberts, etc. v. Juan Marcos Garcia, M.D., et al.*, C.A. No. 1:05-210 | 05-6358 |

# INVOLVED COUNSEL LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Kevin J. Adrian
Brown & James
1010 Market Street
20th Floor
St Louis, MO 63101

Thomas J. Andrews
Johnson & Bell, Ltd.
55 East Monroe Street
Suite 4100
Chicago, IL 60603

Edward E. Angwin
Cochran, Cherry, Givens, Smith,
Gulas & Stuckey
2031 2nd Avenue North
Birmingham, AL 35203

Dan H. Ball
Bryan Cave, L.L.P.
One Metropolitan Square
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750

W. Gordon Ball
Ball & Scott
550 West Main Avenue
Suite 750
Knoxville, TN 37902-2567

Denise A. Barton
Morris, Pickering & Peterson
300 South Fourth Street
Suite 900
Las Vegas, NV 89101

Donald F. Black
Harrell & Harrell, PA
4735 Sunbeam Road
Jacksonville, FL 32257

Carol D. Browning
Stites & Harbison
Suite 1800
400 West Market Street
Louisville, KY 40202-3352

Devon C. Bruce
Power, Rogers & Smith, P.C.
70 West Madison Street
Suite 5500
Chicago, IL 60602

Thomas M. Buckley
Buckley & Buckley, LLC
1139 Olive Street
Suite 800
St. Louis, MO 63101-1928

Philip H. Butler
Bradley Arant Rose & White, LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

Douglas Cohen
Jones, Vargas
3773 Howard Hughes Parkway
3rd Floor South
Las Vegas, NV 89109

David A. Dick
Thompson Coburn, LLP
One US Bank Plaza
Suite 2600
St Louis, MO 63101

James M. Doran, Jr.
Waller, Lansden, Dortch & Davis
511 Union Street
Suite 2100
Nashville, TN 37219

John J. Driscoll
Brown & Crouppen, PC
720 Olive Street
Suite 1800
St. Louis, MO 63101-2302

Jose Escobedo, Jr.
Hockema, Tippit & Escobedo, LLP
P.O. Box 720540
MCAllen, TX 78502

Robert B. Guild
Spohrer, Wilner, Maxwell
& Matthews, P.A
701 West Adams Street
Suite 2
Jacksonville, FL 32204

Steven Guinn
Laxalt & Nomura, Ltd.
9600 Gatewat Drive
Reno, NV 89521

Sandy Hall
223 Maxan Street
P.O. Box 275
Port Isabel, TX 78578

William Todd Harvey
Whatley Drake, LLC
2323 2nd Avenue, North
P.O. Box 10647
Birmingham, AL 35202

Vilia B. Hayes
Hughes, Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004

Jay H. Henderson
Cruse Scott Henderson & Allen,
LLP
2777 Allen Parkway
7th Floor
Houston, TX 77019-2133

Russ M. Herman
Herman, Herman, Katz & Cotlar,
LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Sam Houston
Moore & Associates
P.O. Box 11833
Eugene, OR 97440

Roger W. Hughes
Adams & Graham
P.O. Drawer 1429
Harlingen, TX 78551-1429

Will Kemp
Harrison, Kemp & Jones, Chtd.
3800 Howard Hughes Parkway
17th Floor
Las Vegas, NV 89109

Norman C. Kleinberg
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

INVOLVED COUNSEL LIST- MDL-1657

Andrew J. Lee
Schwabe, Williamson & Wyatt
1600-1900 Pacwest Center
1211 SW 5th Avenue
Suites 1600 - 1900
Portland, OR 97204-3795

Jeffrey J. Lowe
Jeffrey J. Lowe, PC
8235 Forsyth Boulevard
Suite 1100
St. Louis, MO 63105

Gerry Lowry
Fulbright & Jaworski, L.L.P.
1301 McKinney Street
Suite 5100
Houston, TX 77010-3095

Winston E. Miller
Frost, Brown & Todd, L.L.C.
400 West Market Street
32nd Floor
Louisville, KY 40202-3363

Eugene Edward Murphy, Jr.
Bryan Cave, LLP
161 North Clark
Suite 4800
Chicago, IL 60601-3206

Donald L. O'Keefe, Jr.
Rabbitt & Pitzer
100 S 4th Street
Suite 400
St. Louis, MO 63101-1821

Susan J. Pope
Frost, Brown & Todd, L.L.C.
250 West Main Street
Suite 2700
Lexington, KY 40507-1749

D. Brian Rattliff
Bubalo & Hiestand, PLC
401 S. Fourth Street, Suite 800
Louisville, KY 40202

Michael D. Shalhoub
Heidell, Pittoni, Murphy & Bach, LLP
99 Park Ave.
New York, NY 10016

Dori K. Stibolt
Steel Hector & Davis
1900 Phillips Point W.
777 S. Flagler Drive
West Palm Beach, FL 33401-6198

Stephen G. Strauss
Bryan Cave, L.L.P.
One Metropolitan Square
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750

Theresa M. Walsh
Brown & Chiari, LLP
5775 Broadway
Lancaster, NY 14086

James E. Whaley
Brown & James
1010 Market Street, 20th Floor
St Louis, MO 63101

J. Stewart White
White, Meany & Wetherall, LLP
3185 Lakeside Drive
Reno, NV 89509-4503

Benjamin C. Wilson
Rushton, Stakely, Johnston & Garrett, PA
184 Commeerce Street
P.O. Box 270
Montgomery, AL 36101-0270

Phillip A. Wittmann
Stone, Pigman, Walther & Wittmann, LLC
One United Plaza, Suite 501
4041 Essen Lane
Baton Rouge, LA 70809

# INVOLVED JUDES LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Hon. Henry E. Autrey
U.S. District Judge
10N Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102

Hon. Thomas Coffin
U.S. Magistrate Judge
U.S. Courthouse
211 East 7th Avenue
Eugene, OR 97401

Hon. Kent J. Dawson
U.S. District Judge
6006 Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd., South
Las Vegas, NV 89101

Hon. Patricia C. Fawsett
Chief Judge, U.S. District Court
611 George C. Young United States Courthouse
80 North Hughey Avenue
Orlando, FL 32801

Hon. Callie V.S. Granade
Chief Judge, U.S. District Court
123 John A. Campbell U.S. Courthouse
113 St. Joseph Street
Mobile, AL 36602-3621

Hon. J. Ronnie Greer
U.S. District Judge
United States District Court
220 West Depot Street
Suite 405
Greeneville, TN 37743

Hon. Jean C. Hamilton
U.S. District Judge
16N Thomas F. Eagleton U.S. Courthouse
111 South Tenth St., 16th Floor
St. Louis, MO 63102-1116

Hon. Robert C. Jones
U.S. District Judge
U.S. District Court
7005 Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd., South
Las Vegas, NV 89101

Hon. David G. Larimer
U.S. District Judge
250 Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614-1324

Hon. Stephen N. Limbaugh
Senior U.S. District Judge
Thomas F. Eagleton U.S. Courthouse
111 South Tenth St., 3rd Floor
St. Louis, MO 63102-9958

Hon. Catherine D. Perry
U.S. District Judge
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 14th Floor
St. Louis, MO 63102-9958

Hon. Michael J. Reagan
U.S. District Judge
200 Melvin Price Fed. Bldg.
& U.S. Courthouse
750 Missouri Avenue
E. St. Louis, IL 62201

Hon. Edward C. Reed, Jr.
Senior U.S. District Judge
606 Bruce R. Thompson U.S. Courthouse
& Federal Building
400 South Virginia Street
Reno, NV 89501

Hon. Charles R. Simpson, III
Chief Judge, U.S. District Court
247 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202

Hon. Hilda G. Tagle
U.S. District Judge
Federal Building & U.S. Courthouse
#306
600 East Harrison Street
Brownsville, TX 78520

Hon. James B. Zagel
U.S. District Judge
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

## INVOLVED CLERKS LIST
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

Charles R. Diard, Jr., Clerk
123 John A. Campbell U.S. Courthouse
113 St. Joseph Street
Mobile, AL 36602-3621

Donald M. Cinnamond, Clerk
100 Federal Building &  U.S. Courthouse
211 East 7th Avenue
Eugene, OR 97401

James Woodward, Clerk
3300 Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102

Jeffrey A. Apperson, Clerk
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202

Lance S. Wilson, Clerk
Lloyd D. George U.S. Courthouse
333 Las Vegas Boulevard, South
Las Vegas, NV 89101

Lance S. Wilson, Clerk
Bruce R. Thompson U.S. Courthouse
& Fed. Bldg., Suite 301
400 South Virginia Street
Reno, NV 89501

Michael N. Milby, Clerk
101 Federal Building & U.S. Courthouse
600 East Harrison Street
Brownsville, TX 78522-7114

Michael W. Dobbins, Clerk
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

Norbert G. Jaworski, Clerk
U.S. District Court
P.O. Box 249
E. St. Louis, IL 62202-0249

Patricia L. McNutt, Clerk
U.S. Courthouse
101 Summer Street, West
Greeneville, TN 37743

Rodney C. Early, Clerk
2120 Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614-1368

Sheryl L. Loesch, Clerk
U.S. District Court
311 West Monroe Street
Jacksonville, FL 32201

# JEFFREY J. LOWE, P.C.
### Attorney at Law

8235 Forsyth Blvd., Suite 1100          Telephone 314-678-3400
St. Louis, MO 63105                     Facsimile  314-678-3401
www.jefflowepc.com                      Direct       314-678-1052

February 8, 2005

**VIA FACSIMILE**
**AND FIRST CLASS MAIL**

John N. Poulos
101 Hudson Street
Suite 3601
Jersey City, N.J. 07302-3908
Fax: (201) 536-0799

      Re:    *Plaintiff profile forms*

Dear John:

      This letter is regarding Merck's motion to dismiss claims in which plaintiffs filed blank profile forms. As my associate Casey Flynn told you, plaintiffs erroneously filed the PPFs before they were due. Plaintiffs misunderstood dates that Pretrial Order 18(B) required PPFs to be filed and filed these blank profile forms based on this misunderstanding. We decided it was better to file a profile form on the date we thought they were due containing the name and social security number of the plaintiff than not file them at all. On January 23, 2006, within 20 days of the deficiency letter, I wrote you a letter explaining that the PPFs in those cases were not yet due.

      In *Swint, Mona et al v. Merck & Co Inc et al*, 2:05-6347 (Richard Eckard), *Fife, Sam et al v. Merck & Co Inc et al*, 2:05-6348 (Lizzie Billups, Eva Carter, Sam Fife), *Copeland, Vanita et al v. Merck & Co Inc et al*, 2:05-6349 (Toni Elpers), and *Aldridge, Harriet et al v. Merck & Co Inc et al.*, 2:05-6346, the cases were not transferred until December 5, 2005 (Exhibit 1), so the plaintiff profile forms are not due until on or about February 17, 2006.

      The fact that plaintiff filed blank profile forms **merely** containing a name and a Social Security number that was done based on an incorrect due date should not change the actual date they are due.

495489 / 004128

February 8, 2006                                                    Page 2

Regarding *Copeland*, plaintiffs filed Toni Elper's plaintiff profile form on February 3, 2006.

We do not believe the following plaintiffs had cardiovascular events as that term is defined in Pretrial Order 18(B): *Adams, Eva Lucille et al v. Merck & Co Inc.*, 2:05-4326: Theresa Dodd, Billie Fedie, and Charlotte Galbreath, *Fife*, 2:05-6348: Lizzie Billups, Eva Carter, *Hill et al v. Merck & Co., Inc. et al*, 2:05-cv-04325: Ina Creel, *Neal, Lavona v. Merck & Co Inc et al*: 2:05-2928: Barbara Gourley; and *O'Bannon, Barbara et al v. Merck & Co Inc et al*, 2:05-3809: Rosanna Chavez. Consequently, no profile form is due on those cases.

Pretrial Order 18(B) indicates that plaintiffs' answers are the equivalent of answers to interrogatories under Fed.R.Civ.P. 33 and shall be supplemented in accordance with Fed.R.Civ.P. 26. Plaintiffs intend to provide complete plaintiff profile forms with required authorizations for all the cases. Plaintiffs will be filing a motion to clarify Pretrial Order 18(B) to ascertain when the Plaintiff Profile Forms are due for blood clot cases and open heart or stent surgery cases from Vioxx-induced blockage.

Plaintiff will provide plaintiff profile forms on the cases listed above if the course of discovery if it is determined that these plaintiffs suffered a cardiovascular event as that term is defined in Pretrial Order 18(B) as required by the Federal Rules. See generally Fed.R.Civ.P. 26(e).

Regarding the other 13, plaintiffs' counsel is still trying to locate the following plaintiffs and/or obtain the return of signed and completed plaintiff profile forms for: (1) Kitty Gilliam, (2) Larry Frankhouser, (3) John Lawson, (4) Dennis Davis, (5) Alvino Davis, (6) Leigh Behrens, (7) Jack Elliot, (8) Obe Everett, (9) Volean Gilmore, (10) Dorothy Green, (11) Maggie Chism, (12) Helen Campbell, and (13) Mary Ann Cantrell.

In particular, Katie Gilliam (number 1 above) has been incapacitated because of her stroke. Accordingly there has been a lot of difficulty with the family getting her plaintiff profile form finished and returned signed. A power of attorney had to be obtained. They have promised us that they have mailed in the plaintiff profile form.

Since the filing of this lawsuit, Obe Everett (number 8 above) died in late October because of the stroke caused by Vioxx. We have been working with the



family to sign the necessary materials.  We intend to file the completed plaintiff profile form this Friday.

Since the filing of this lawsuit, Alvino Davis (number 6 above) died on January 9, 2006.  We have been working with Deloris Davis to sign the necessary materials.  We intend to file the completed plaintiff profile form as soon as possible.

Terry Campbell, the surviving spouse of Helen Campbell (number 12 above), has difficulty hearing and is elderly.  We have sent attorneys to his house to assist him in filling out the plaintiff profile form.

Plaintiffs are unable to contact Tracey Simpkiss, the surviving daughter of Mary Ann Cantrell (number 13 above).  The four telephone numbers that she provided us are no longer working, and we are using investigators to track her down.

In the event we cannot complete these by March 20, 2006, it is our intention to move that the court dismiss them without prejudice.  Please let me know whether Merck will consent to this.

Very truly yours,

Jeffrey J. Lowe

cc:    John Carey
       Joseph Danis
       Casey Flynn
       Dave Bauman
       Sarah Hale
       Linda Bean
       Russ Herman
       Steve Strauss

# JEFFREY J. LOWE, P.C.

### Attorney at Law

8235 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
www.jefflowepc.com

Telephone 314-678-3400
Facsimile  314-678-3401
Direct      314-678-1052

November 14, 2005

Wilfred P. Coronato
Hughes, Hubbard & Reed LLP
101 Hudson Street, Ste. 3601
Jersey City, NJ 07302-3918

Re:  Plaintiff Profile Forms

Dear Mr. Coronato:

Please be advised that plaintiffs submitted the following Plaintiff Profile
Forms for Terry Campbell for decedent Helen Campbell, Melanie Casey, Vicky
Chapa, Edward Crouch, O'Neil Boudreaux, Virginia Brightman, Rosanna Chavez
and Ward Cramer, Leigh Behrens, Lizzie Billups, Eva Carter, Loretta Brasche
without required information, certification page and authorizations.

Plaintiffs are working on correcting these Plaintiff Profile Forms.

Furthermore, many of these plaintiffs are not due until December 15, 2005
pursuant to Minute Entry, October 27, 2005, MDL No. 1657.

Please contact me with any questions.

Thank You,

Jeffery J. Lowe

478503 / 004036

cc: David Bauman, Sarah Hale, Linda Bean

JJL/lsb
Enclosures

cc:


Phillip A. Wittmann
Stone Pigman, Walther, Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130


Aretha Delight Davis
Dechert, LLP
2929 Arch Street
Philadelphia, PA 19104-2808

Susan Giamportone
Womble, Carlyle, Sandridge & Rice, PLLC
2530 Meridian Parkway Ste. 400 (Durham)
Research Triangle Park, NC 27709

# JEFFREY J. LOWE, P.C.
### Attorney at Law

8235 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
www.jefflowepc.com

Telephone 314-678-3400
Facsimile  314-678-3401
Direct     314-678-1052

December 13, 2005

**VIA FACSIMILE DELIVERY AND FIRST CLASS MAIL**
John N. Poulos
101 Hudson Street
Suite 3601
Jersey City, N.J. 07302-3908
Phone: (201) 536-9220
Fax: (201) 536-0799

       Re:   *plaintiff profile forms*

Dear John:

     Plaintiffs are requesting a 45 day extension from the date of this letter for the plaintiff profile forms identified below. Attorneys for these plaintiffs have roughly 1200 plaintiff profile forms due between November 15, 2005 and February. For the ones identified below, we have had difficulty in obtaining the plaintiff profile forms and the signed authorizations. Plaintiffs' attorneys are aggressively tracking down the plaintiff profile forms identified below and the moment we receive these forms will complete them and serve them on defendants. I appreciate your courtesy in this matter.

     The following fact sheets were due November 15, 2005: Leigh Behrens on **Andrews**, 2:05-cv-02569-EEF-DEK; Barbara Gourley, 2:05-cv-2928 on **Neal, Lavona**; Loretta Brasche on **Price**, 2:05-cv-03852-EEF-DEK; Alberta Borland on **Dale**, 2:05-cv-02567-EEF-DEK.

     The following fact sheets were due November 30, 2005: Jack Elliot and Volean Gilmore on **Bailey**, 2:05-cv-03414-EEF-DEK; Patricia Deters and Obe Everett on **McBride** 2:05-cv-03420-EEF-DEK; Dorothy Green on **Molder**, 2:05-cv-02929-EEF-DEK, Dennis Davis on **Butler**, 2:05-cv-03817-EEF-DEK; Kitty Gilliam on **Frame**, 2:05-cv-03815-EEF-DEK, and John Gaines on **Hagler**, 2:05-cv-02572-EEF-DEK.



The following fact sheets were due December 12, 2005, subject to the 75-day Rule of Pretrial Order 18(b):  **Adams et al v. Merck & Co Inc**, 2:05-cv-04326-EEF-DEK:  Fred Allen, Billy Brandon, Peggy Davis, Theresa Dodd, Billie Fedie, Larry Frankhouser, Charlotte Galbreath John Lawson, Faye Cook, Mary Greear, James Tharp, Ver Whitt, Letha Woodall,  Claudie Thomas, Caney Mcstoots, Letha Woodall, Helen Campbell, Glenda Riley, Douglas Mann, Tammy Rogers for Jimmie Rogers, Angela Valvedre for Sue Elder; **Hill et al v. Merck & Co Inc**, 2:05-cv-04325-EEF-DEK: Wilma Fletcher, Ina Creel, Alvino Davis, Norman Holt, Edward Huff, Pamela McGuire, Steven Schafer, Tracey Simpkiss, Daryl Hill, Bonnie King;  **Liotto v. Merck & Co Inc**,  2:05-cv-04323-EEF-DEK - Joann Abram, Teri Debnam, Barbara Liotto, Elenor Williams;  **Atkins et al v. Merck & Co Inc**, 2:05-cv-04323-EEF-DEK, Betty Sanders, Barbara Janeway, Sarah Jackson, Patricia Brown, Gary Causby, Kenneth Stratter, Deborah Thorton, Giftha Beck, Alice Rogers, and Michelle Butler for Evelyn Jackson.

The following fact sheets are due December 15, 2005:  Sammy Hudson on **Black**, 2:05-cv-03802-EEF-DEK, David Charles James on **McGhee** 2:05-cv-02573-EEF-DEK, Mary Lasswell on **Phillip**, 2:05-cv-03808-EEF-DEK James Harriman, Sr. on **Young**, 2:05-cv-03808-EEF-DEK, Gerald Henderson on **Anderson**, 2:05-cv-02572-EEF-DEK, Joan King on **Butler**, 2:05-cv-03817-EEF-DEK; Ruth Hubbard on **Price**, 2:05-cv-03852-EEF-DEK, Bernice Logan on **Singleton** 2:05-cv-02576-EEF-DEK;  Anita Kaufman on **Pueser**, 2:05-cv-03806-EEF-DEK, Ronald Lenhardt, Sr. on **Harris**, 2:05-cv-02580-EEF-DEK, and James Kent and Charles Hagler on **Hagler**, 2:05-cv-02572-EEF-DEK, Ronald Lenhardt, Sr.

Very truly yours,

Casey Flynn

cc: Jeff Lowe, Dave Bauman, Sarah Hale, Linda Bean

493474 / 005179

# JEFFREY J. LOWE, P.C.

### Attorney at Law

8235 Forsyth Blvd., Suite 1100                 Telephone 314-678-3400
St. Louis, MO 63105                            Facsimile  314-678-3401
www.jefflowepc.com                             Direct     314-678-1052

January 23, 2005

**VIA FACSIMILE DELIVERY AND FIRST CLASS MAIL**
John N. Poulos
101 Hudson Street
Suite 3601
Jersey City, N.J. 07302-3908
Phone: (201) 536-9220
Fax: (201) 536-0799

     Re:   *plaintiff profile forms*

Dear John:

     Of the 86 plaintiff profile forms indicated on your deficiency list, a great number were timely filed and served on defendants (see below).

     Plaintiffs' counsel is still trying to locate the following plaintiffs and/or obtain the return of signed and completed plaintiff profile forms for: Kitty Gilliam, Alvino Davis, Leigh Behrens, Patricia Deters, Jack Elliot, Obe Everett, Volean Gilmore, Dorothy Green, Maggie Chism, Fred Allen, Helen Campbell, Peggy Davis, and Billie Fedie.

     We do not believe the following plaintiffs had cardiovascular events as that term is defined in Pretrial Order 18(b): Joann Abrams, Terri Debnam, Barbara Liotto, Ina Creel, Barbara Gourley, Theresa Dodd, and Rosanna Chavez. Plaintiffs reserve the right to submit plaintiff profile forms for cardiovascular events for these plaintiffs if the evidence demonstrates that they suffered a cardiovascular event as that term is defined in Pretrial Order 18(b). Plaintiffs' counsel is also filing a motion of clarification regarding how 'cardiovascular event' is defined in Pretrial Order 18(b).

     The <u>Swint</u>, <u>Fife</u>, and <u>Copeland</u> complaints were transferred on or about December 6, 2005, so the fact sheets on these complaints are not due until February



17, 2006:  Lavenia Austin, Lizzie Billups, Eva Carter, Sue Cook, Richard Eckard and Sam Fife, and Toni Elpers.

Plaintiffs' are also filing a Motion to Modify Pretrial Order 18(b) so that plaintiffs do not have to file and serve on defendants medical records via Lexis-Nexis file and serve.

The following plaintiff profile forms have been filed and served:

| | | |
|---|---|---|
| Minnie Pearl Harris | 4756687 | 12/10/2005 |
| Brenda Atchinson | 4584826 | 11/14/2005 |
| Gladys Brisco | 4584876 | 11/14/2005 |
| Jarald Edward | 4872779 | 11/29/2005 |
| James Floyd | 4684497 | 11/29/2005 |
| James Greer | 4756696 | 12/10/2005 |
| E. Dawn Grimm | 4684533 | 11/29/2005 |
| Violet Hembree | 4756714 | 12/10/2005 |
| Neil Hopper | 4756698 | 12/10/2005 |
| Pearlene McCorry | 4756706 | 12/10/2005 |
| Susan Nance | 4756711 | 12/10/2005 |
| Jerry Ebbs | | 11/30 |
| O'Neil Boudreaux | | 11/15 |
| Virginia Brightman | | 11/15 |
| Marilyn Brock | | 12/12 |
| Melanie Casey | | 11/15 |
| Paul Davolt | | 11/30 |
| Eddie Duncan | | 11/30 |
| Donald Bowen | | 1/6 |
| Vickie Chapa | | 11/19 |
| Elizabeth Davidson | | 12/12 |
| Jerry Duckett | | 11/30 |
| Adams, Eva Lucille | | 12/12/05 |
| Arrington, Gary | | 12/12/05 |
| Bell, Raymond | | 1/17/06 |
| Bellis, Mascale | | 12/12/05 |
| Bullard, Margaret | | 11/14/05 |
| Calvert, Rick | | 12/12/05 |
| Chilcutt, Robert | | 12/12/05 |
| Colson, Terry | | 12/12/05 |
| Edwards, John | | 11/30/05 |
| Fraley, Gerald | | 12/12/05 |
| Jaycox, Robert | | 12/12/05 |
| Lewis, Jacqueline | | 12/12/05 |
| Litteral, Richard | | 12/12/05 |
| Reed, Cynthia Ann | | 12/12/05 |

| | |
|---|---|
| Sullivan, Mozell | 12/12/05 |
| Shirley Bailey | 11/14/05 |
| Frances Dean | 11/30/05 |
| Olena Oliphant | 12/12/05 |
| Billy Brandon | 1/24/06 |
| Norman Holt | 1/24/06 |
| Mary Gilkey | 1/24/06 |
| Paul Huff for Edward Huff | 1/24/06 |
| Wilma Fletcher | 1/24/06 |

Please contact me or Casey Flynn, Sarah Hale or David Bauman if you have any questions.

Very truly yours,

Jeff Lowe

cc: Jeff Lowe, Dave Bauman, Sarah Hale, Linda Bean, Russ Herman, and Steve Strauss

```
┌─────────────────────────────────────────┐
│     TRANSMISSION VERIFICATION REPORT     │
└─────────────────────────────────────────┘

                              TIME  : 01/23/2006 06:01
                              NAME  : JEFFREY J LOWE PC
                              FAX   : 314-678-3401
                              TEL   : 314-678-3400
                              SER.# : BROK3J779174


        DATE,TIME              01/23  06:00
        FAX NO./NAME           12015360799
        DURATION               00:00:47
        PAGE(S)                03
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

# JEFFREY J. LOWE, P.C.

### Attorney at Law

8235 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
www.jcfflowepc.com

Telephone 314-678-3400
Facsimile 314-678-3401
Direct    314-678-1052

January 23, 2005

**VIA FACSIMILE DELIVERY AND FIRST CLASS MAIL**
John N. Poulos
101 Hudson Street
Suite 3601
Jersey City, N.J. 07302-3908
Phone: (201) 536-9220
Fax: (201) 536-0799

Re:    *plaintiff profile forms*

Dear John:

Of the 86 plaintiff profile forms indicated on your deficiency list,
a great number were timely filed and served on defendants (see below).

Plaintiffs' counsel is still trying to locate the following plaintiffs and/or obtain
the return of signed and completed plaintiff profile forms for: Kitty Gilliam, Alvino
Davis, Leigh Behrens, Patricia Deters, Jack Elliot, Obe Everett, Volean Gilmore