FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR -1  AM 10: 03

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| | * | |
| Tuma et al v. Merck  & Co., Inc. et al, | * | MAG. JUDGE KNOWLES |
| 2:05-cv-02566-EEF-DEK | * | |
| Dale et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02567-EEF-DEK | * | |
| Raymo et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02568-EEF-DEK | * | |
| Andrews et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02569-EEF-DEK | * | |
| Thomas et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02570-EEF-DEK | * | |
| Underwood et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02571-EEF-DEK | * | |
| Anderson et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02572-EEF-DEK | * | |
| McGhee et al v. Merck & Co., Inc. et al, | * | |
| 2:05-cv-02573-EEF-DEK | * | |
| Menderski et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02574-EEF-DEK | * | |
| Stewart et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02575-EEF-DEK | * | |
| Singleton et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02576-EEF-DEK | * | |
| Britton et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02577-EEF-DEK | * | |
| Cerutti et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02578-EEF-DEK | * | |
| Hale et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02579-EEF-DEK | * | |
| Harris et al v. Merck  & Co., Inc. et al, | * | |
| 2:05-cv-02580-EEF-DEK | * | |

___ Fee_____
___ Process_____
_X_ /Dktd_____
___ CtRmDep_____
___ Doc. No._____

800557v.1

Jones et al v. Merck  & Co., Inc. et al,          *
2:05-cv-02581-EEF-DEK                              *
Wolz et al v. Merck  & Co., Inc. et al,            *
2:05-cv-02582-EEF-DEK                              *
Neal et al v. Merck  & Co., Inc. et al,            *
2:05-cv-02928-EEF-DEK                              *
Molder et al v. Merck  & Co., Inc. et al,          *
2:05-cv-02929-EEF-DEK                              *
Dochsteiner et al v. Merck  & Co., Inc. et al, *
2:05-cv-02930-EEF-DEK                              *
Squillace et al v. Merck  & Co., Inc. et al,       *
2:05-cv-02931-EEF-DEK                              *
Walker et al v. Merck  & Co., Inc. et al,          *
2:05-cv-03137-EEF-DEK                              *
Wagner et al v. Merck  & Co., Inc. et al,          *
2:05-cv-03138-EEF-DEK                              *
Middleton et al v. Merck  & Co., Inc. et al,       *
2:05-cv-03416-EEF-DEK                              *
McBride et al v. Merck  & Co., Inc. et al,         *
2:05-cv-03420-EEF-DEK                              *
Wood et al v. Merck  & Co., Inc. et al,            *
2:05-cv-03799-EEF-DEK                              *
Black et al v. Merck  & Co., Inc. et al,           *
2:05-cv-03802-EEF-DEK                              *
Hodges et al v. Merck  & Co., Inc. et al,          *
2:05-cv-03803-EEF-DEK                              *
Lockett et al v. Merck  & Co., Inc. et al,         *
2:05-cv-03804-EEF-DEK                              *
Young et al v. Merck  & Co., Inc. et al,           *
2:05-cv-03805-EEF-DEK                              *
Pueser et al v. Merck  & Co., Inc. et al,          *
2:05-cv-03806-EEF-DEK                              *
Piechoinski et al v. Merck  & Co., Inc. et al, *
2:05-cv-03807-EEF-DEK                              *
Phillip et al v. Merck  & Co., Inc. et al,         *
2:05-cv-03808-EEF-DEK                              *
O'Bannon et al v. Merck  & Co., Inc. et al,        *
2:05-cv-03809-EEF-DEK                              *
Miles et al v. Merck  & Co., Inc. et al,           *
2:05-cv-03810-EEF-DEK                              *
McDaniel et al v. Merck  & Co., Inc. et al,        *
2:05-cv-03811-EEF-DEK                              *
McCarter et al v. Merck  & Co., Inc. et al,        *
2:05-cv-03812-EEF-DEK                              *
Hubbard et al v. Merck  & Co., Inc. et al,         *
2:05-cv-03813-EEF-DEK                              *

800557v.1

Holmes et al v. Merck  & Co., Inc. et al,     *
2:05-cv-03814-EEF-DEK                         *
Frame et al v. Merck  & Co., Inc. et al,      *
2:05-cv-03815-EEF-DEK                         *
Cavins et al v. Merck  & Co., Inc. et al,     *
2:05-cv-03816-EEF-DEK                         *
Butler et al v. Merck  & Co., Inc. et al,     *
2:05-cv-03817-EEF-DEK                         *
Braun et al v. Merck  & Co., Inc. et al,      *
2:05-cv-03851-EEF-DEK                         *
Price et al v. Merck  & Co., Inc. et al,      *
2:05-cv-03852-EEF-DEK                         *
Liotto et al v. Merck  & Co., Inc. et al,     *
2:05-cv-04323-EEF-DEK                         *
Atkins et al v. Merck  & Co., Inc. et al,     *
2:05-cv-04324-EEF-DEK                         *
Hill et al v. Merck  & Co., Inc. et al,       *
2:05-cv-04325-EEF-DEK                         *
Adams et al v. Merck  & Co., Inc. et al,      *
2:05-cv-04326-EEF-DEK                         *
Moore et al v. Merck  & Co., Inc. et al,      *
2:05-cv-04611-EEF-DEK                         *
Bohannon et al v. Merck  & Co., Inc. et al,   *
2:05-cv-05004-EEF-DEK                         *
Spann et al v. Merck  & Co., Inc. et al,      *
2:05-cv-05290-EEF-DEK                         *
Steele et al v. Merck  & Co., Inc. et al,     *
2:05-cv-05291-EEF-DEK                         *
Miller et al v. Merck  & Co., Inc. et al,     *
2:05-cv-05292-EEF-DEK                         *
Gaston et al v. Merck  & Co., Inc. et al,     *
2:05-cv-05293-EEF-DEK                         *
Allen et al v. Merck  & Co., Inc. et al,      *
2:05-cv-05294-EEF-DEK                         *
Ganser et al v. Merck  & Co., Inc. et al,     *
2:05-cv-05300-EEF-DEK                         *
Bess et al v. Merck  & Co., Inc. et al,       *
2:05-cv-05301-EEF-DEK                         *
Mullins et al v. Merck  & Co., Inc. et al,    *
2:05-cv-05302-EEF-DEK                         *
Kassing et al v. Merck  & Co., Inc. et al,    *
2:05-cv-05303-EEF-DEK                         *
Zook et al v. Merck  & Co., Inc. et al,       *
2:05-cv-05304-EEF-DEK                         *
Kisty et al v. Merck  & Co., Inc. et al,      *
2:05-cv-05305-EEF-DEK                         *

800557v.1

Douglas et al v. Merck  & Co., Inc. et al,            *
2:05-cv-05308-EEF-DEK                                 *
Lara et al v. Merck  & Co., Inc. et al,               *
2:05-cv-05309-EEF-DEK                                 *
Moultrie et al v. Merck  & Co., Inc. et al,           *
2:05-cv-05311-EEF-DEK                                 *
Rogers et al v. Merck  & Co., Inc. et al,             *
2:05-cv-05312-EEF-DEK                                 *
Bohlke et al v. Merck  & Co., Inc. et al,             *
2:05-cv-05313-EEF-DEK                                 *
Harris et al v. Merck  & Co., Inc. et al,             *
2:05-cv-05824-EEF-DEK                                 *
Aldridge et al v. Merck  & Co., Inc. et al,           *
2:05-cv-06346-EEF-DEK                                 *
Swint et al v. Merck  & Co., Inc. et al,              *
2:05-cv-06347-EEF-DEK                                 *
Fife et al v. Merck  & Co., Inc. et al,               *
2:05-cv-06348-EEF-DEK                                 *
Copeland et al v. Merck  & Co., Inc. et al,           *
2:05-cv-06349-EEF-DEK                                 *
Angel et al v. Merck  & Co., Inc. et al,              *
2:05-cv-06386-EEF-DEK                                 *
Vowell et al v. Merck  & Co., Inc. et al,             *
2:05-cv-06387-EEF-DEK                                 *
Hallman et al v. Merck  & Co., Inc. et al,            *
2:05-cv-06388-EEF-DEK                                 *
Rice et al v. Merck  & Co., Inc. et al,               *
2:05-cv-06393-EEF-DEK                                 *
Curtis et al v. Merck  & Co., Inc. et al,             *
2:05-cv-06735-EEF-DEK                                 *
                                                      *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY PRETRIAL ORDER NO. 18B SO THAT PLAINTIFFS DO NOT HAVE TO SERVE MEDICAL RECORDS VIA LEXIS-NEXIS FILE AND SERVE

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through

its undersigned counsel, hereby submits this brief in opposition to Plaintiffs' Motion to

Modify Pretrial Order No. 18B so that Plaintiffs Do Not Have to Serve Medical Records

via Lexis-Nexis File and Serve ("Motion") filed in the above-captioned cases.

800557v.1

Relieving these plaintiffs' counsel from their obligation to upload medical records to the Lexis-Nexis File and Serve system ("LNFS") will undermine the facilitation of case management and document retrieval, the very reason this Court discussed with the Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") the use of LNFS before this litigation began and entered both Pretrial Orders 14 and 18B requiring all counsel to employ LNFS. Accordingly, for the reasons set forth below, the Motion should be denied.

## FACTS

At present, this Federal multi-district litigation has over 4,000 cases comprising over 12,000 Vioxx users. Plaintiffs' counsel who have filed this Motion claim that they represent over 2,000 plaintiffs. (Mot. ¶ 2.) As the number of plaintiffs increase, the number of PPFs will increase as well. Even if plaintiffs do not initially produce medical records, PTO 18B continues plaintiffs' obligation to produce discovery, such that it is reasonable to expect that the vast majority of plaintiffs will ultimately produce medical records. (*See* PTO 18B ¶¶ 1, 8.)

Even before the volume of cases had risen to the present level, this Court, with the parties' consent, established LNFS as the centralized system for the filing and service of documents in the MDL. One month after the Joint Panel for Multidistrict Litigation established the present proceeding, the PLC and the DLC met with the Court and LNFS personnel to discuss, among other things, securing electronic service for the Vioxx MDL. (Joint Report No. 1, ¶ 1.) On April 8, 2005, the Court entered Pretrial Order No. 8, which established the LNFS system:

800557v.1

> In order to facilitate case management, document retrieval and case organization and expeditious, efficient and economical communication by and amongst counsel, the parties will utilize the services of LexisNexis File & Serve . . . and its litigation system for providing electronic service, storage and delivery of court-filed and discovery related documents . . . .

(PTO 8, ¶ 1.)  Thereafter, on May 11, 2005, LNFS went "live." (Joint Report No. 3, ¶ 1.)

On May 17, the PLC and the DLC met again with the Court and Lexis-Nexis personnel to

discuss, among other things, "the status of [LNFS], the failure of numerous counsel to

timely register, and the procedures necessary to insure timely registration of attorneys

who have cases transferred to the MDL." (*Id.*)  As of this date, the PLC and DLC

expected that all counsel would promptly register with Lexis-Nexis.  (*Id.*)  On May 20,

2005, the PLC and DLC reported to the Court that "all service [was] to be accomplished

by uploading filings to File & Serve in accordance with Pretrial Order No. 8." (*Id.*)  On

May 26, 2005, this Court entered Pretrial Order No. 14 and "ORDERED that effective

June 1, 2005, all service shall be by [LNFS]." (PTO 14, at 2.)  According to LNFS, from

June 1, 2005 through the present, at least 1,064 attorneys have registered with LNFS in

this proceeding.

On September 14, 2005, the Court entered Pretrial Order No. 18B which

provides that "Plaintiffs in all cardiovascular event cases shall each complete and serve

upon Merck a PPF and Authorizations for Release of Records of all healthcare providers

and other sources of information and records (*e.g.*, pharmacies, employers, etc.)." (PTO

18B ¶ 1.)  PTO 18B also provides that "plaintiffs shall also produce with their PPF all

documents responsive to the document requests contained therein." (*Id.*)  PTO 18B

further provides that "[p]laintiffs shall serve the DLC with PPF responses, signed and

dated Authorizations, and responsive documents by serving . . . an electronic copy via [LNFS]." (*Id.* ¶ 5.)[1]

On November 14, 2005, Jeffrey J. Lowe, P.C. and Carey & Danis, L.L.C. ("Plaintiffs' Counsel") uploaded and served its first Plaintiff Profile Form and Authorization for the Release of Medical Records on LNFS. To date, Plaintiffs' Counsel have served over 500 PPFs and medical authorizations via LNFS.[2] However, Plaintiffs' Counsel has *not served one single page of medical records* via LNFS or any other means, including the delivery of CDs — a medium that Plaintiffs' Counsel claims is "far simpler." (Mot. ¶ 6.) Instead, they have filed this motion seeking to modify a system that has been agreed to by the parties and that has resulted in the expeditious, efficient and economical delivery, distribution and retrieval of critical discovery for thousands of plaintiffs.

## ARGUMENT

### I.   LNFS DOES NOT IMPOSE ANY SIZE LIMITATIONS FOR UPLOADING DOCUMENTS ON THE LNFS SYSTEM.

Plaintiffs' Counsel argue that "[b]ecause of the limitations of LEXIS-NEXIS file and serve, a plaintiff can only upload medical records that have been pdf-ed in 4 MB parts." (Mot. ¶ 3.) In turn, they argue that because of this size limitation, using the LNFS system is an "onerous process" that provides a physical and financial burden on their firm. (*Id.* ¶ 5.) First, it must be noted that there are no such limits for uploading documents on the LNFS system. *See* File & Serve Best Practices: Scanning Documents attached hereto as Exhibit B ("Best Practices"). In fact, LNFS Best Practices do not

---

[1] PTO 18B also provides that a hard copy will also be served along with the electronic version on Hughes Hubbard & Reed LLP. (*Id.*)
[2] Attached hereto as Exhibit A is an LNFS listing of all MDL LNFS postings to date by Plaintiffs' Counsel.

800557v.1

provide any size limitation whatsoever and merely suggest that to upload a "large document" it is recommended that the user separate files into "25 or 50 page segments." *Id.*[3]  Second, if Plaintiffs' Counsel does not desire separating documents into such segments, then their entire document (whatever size) may be uploaded to the LNFS system.  *See* Exhibit C attached hereto identifying counsel who has uploaded medical records as large as 23.1 MB and Exhibit D where counsel have uploaded PPFs including medical records as large as 15.0 MB.  In fact, in this litigation, hundreds of counsel have uploaded medical records and PPFs over 4.0 MB.[4]

## II.   **ABROGATING THE LNFS SYSTEM WILL LEAD TO CHAOS.**

As stated above, LNFS is a Court-ordered and agreed-upon electronic service application, which maximizes efficiency and centralization and minimizes service discrepancies.  Accordingly, if the Court abrogates Pretrial Orders 14 and 18B as Plaintiffs' Counsel proposes, chaos would result for all the parties in the MDL.

*Centralization.*  Of paramount concern to Merck, the Court and the parties, due to the vast number of plaintiffs in the MDL, is the maintenance of a central location where medical records can be stored, tracked and quickly retrieved.  If plaintiffs were permitted to provide Merck's counsel with a separate CD containing medical records in lieu of posting them with their PPF to LNFS, it would create an inestimable amount of work for Merck to organize what has been received from each plaintiff and to keep track of when each CD was received.

---

[3] LNFS Best Practices only suggest separating documents into 25 or 50 page segments so that the speed, convenience and efficiency of using LNFS system are not compromised.

[4] The only size limitations imposed by LexisNexis for uploading documents is when counsel retain LexisNexis to upload bulk documents for a fee.  If counsel does retain Lexis-Nexis, Lexis-Nexis requires that "[d]ocuments more than '5 megabytes' in size must be separated into 5 megabyte parts."  *See* LNFS Bulk Document Upload Service Agreement attached hereto as Exhibit E.  Other than this one size limitation, counsel are free to upload their documents, irrespective of size, to LNFS system.

800557v.1

***Avoidance of Disputes over Receipt of Records.*** LNFS also offers the advantage of eliminating disputes as to whether a particular firm has served or received a document. If plaintiffs are permitted to provide Merck's counsel with their records on CD, disputes will inevitably arise as to the receipt of such documents. LNFS efficiently eliminates this foreseeable problem.

***Efficiency.*** Plaintiffs' Counsel contends that uploading each of their client's medical records via LNFS is too burdensome and onerous a process because they purport to represent over 2,000 plaintiffs "some of whom" they further purport have "over a [sic] 1000 medical records." (Mot. ¶ 2.)[5] Merck, however, is defending claims made by over 12,000 Vioxx users in the MDL — six times more than Plaintiffs' Counsel. If LNFS is not utilized, then Merck would have the immense burden of keeping track of which CDs were received and from which plaintiffs they were received. To do this, Merck's counsel would have to load each CD in their computer, open each file to ensure that it contains what Plaintiffs' Counsel claims it contains and is not in any way corrupted, and ensure that each of Merck's counsel listed on PTO 18B have received each CD. They in turn would also need to load each CD and verify its contents. If any of the CDs are mislabeled or corrupted, which would inevitably happen, additional copies of the CD would need to be obtained from the appropriate counsel. LNFS alleviates these problems because all of the information is stored electronically, in one central location. LNFS is the most efficient system for storing, utilizing, and retrieving plaintiffs' records.

---

[5] Plaintiffs' Counsel do not identify how many of the plaintiffs they claim to represent have "over a [sic] 1000 medical records."

800557v.1

## III.   PLAINTIFFS' COUNSEL HAS FAILED TO UPLOAD ANY MEDICAL RECORDS.

Plaintiffs' Counsel argues that it will be more efficient to bypass a centralized depository for medical records because it would be "far simpler to PDF and burn to a CD a copy of plaintiffs' medical records and serve a copy of the burned CD on the required defendants." (Mot. ¶ 6.)  However, Plaintiffs' Counsel provides no evidence to show that the majority of their clients possess an inordinate amount of medical records that requires an alternative method of service, or that it would be "far simpler" to scan the records to PDF and burn a copy of plaintiffs' medical records on a CD.  This is so because, as stated above, Plaintiffs' Counsel has not uploaded and served one single page of medical records on Merck electronically via LNFS.  Moreover, Plaintiffs' Counsel has failed to provide Merck with even one single page of medical records via hard copy or even one CD, their medium of choice for providing medical records.  Plaintiffs' contention that it would be "far simpler" to provide a CD with medical records or that it is "onerous" to upload medical records on LNFS is unfounded.

Plaintiffs' Counsel has failed to illustrate how it would be "far simpler" to serve CDs rather than filing via LNFS.  Further, the efficiencies inherent with LNFS have not been disputed.  LNFS is the electronic service application agreed to by the parties and ordered by the Court and is being used by other plaintiffs' counsel representing thousands of plaintiffs with great success.

800557v.1

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that Plaintiffs' motion be denied.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

800557v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Merck & Co., Inc's

Opposition to Plaintiffs' Motion to Modify Pretrial Order No. 18B So That Plaintiffs Do

Not Have to Serve Medical Records Via Lexis-Nexis File & Serve has been served on

Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail

and upon all parties by electronically uploading the same to LexisNexis File & Serve

Advanced in accordance with PreTrial Order No. 8, on this 1st day of March, 2006.

*Dorothy H. Wimberly*

800557v.1

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED