FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR -1  P 2: 52

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | : | |
|---|---|---|---|
| IN RE: | VIOXX | : | MDL NO. 1657 |
| | PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | | : | |
| | | : | JUDGE FALLON |
| | | : | MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO ALL CASES | | : | |
| | | : | |

- - .. - .. - .. - .. - .. - .. - .. - .. - .. - .. - .. - .. - .. - .. - .. - .. - .. - .. -

## NOTICE OF DEPOSITION DUCES TECUM

PLEASE TAKE NOTICE that pursuant to Rule 26 of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering Committee in the MDL, will take the deposition of the following individuals on the date and time and location indicated below, or at another location mutually agreed upon by the parties.

Statement of Deposition Procedures - The deposition shall be taken pursuant to Pre-Trial Order No. 9. The terms of such order are incorporated into this Notice. The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

Deponent: Collagenex Pharmaceuticals, Inc.
Date: March 21, 2006
Time: 10:00 A.M.
Location: Kline & Specter, P.C. 19th Floor, 1525 Locust St., Philadelphia, PA 19102
Primary Examiner: Michelle Tiger, Esq. or Lisa Dagostino, Esq.

Pursuant to Fed. R. Civ. Pro. 45, the deponent is commanded to produce and permit inspection and copying the documents requested in the Subpoena for deposition and documents served contemporaneously with this notice.

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

Note:   This deposition is for records only.  This deposition will be cancelled if the all the documents requested are produced on or before March 14, 2006, along with the Certificate of Authenticity.


Respectfully submitted:

_____

**RUSS M. HERMAN, T.A. (La. Bar #6819)**
LEONARD A. DAVIS, #14190
HERMAN, HERMAN, KATZ AND COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax:    (504) 561-6024

Temporary Address:

Place St. Charles, 201 St. Charles Avenue
Suite 4310, New Orleans, LA 70170

**LIAISON COUNSEL FOR PLAINTIFFS STEERING COMMITTEE**

ANDY BIRCHFIELD JR.
Post Office Box 4160
Montgomery, AL 36103

CHRISTOPHER A. SEEGER
One William Street
New York, New York 10004

RICHARD J. ARSENAULT
Post Office Box 1190
Alexandria, LA 71309

ELIZABETH J. CABRASER
Embarcadero Center West
275 Battery St., 30th Floor
San Francisco, CA 94111
THOMAS R. KLINE
1525 Locust St., Suite 1900
Philadelphia, PA 19102

ARNOLD LEVIN
510 Walnut St., Suite 500
Philadelphia, PA 19106

CAROLYN RHODES LEWIS
1111 Bagby , Suite 2200
Houston, TX 77702

GERALD E. MEUNIER
2800 Energy Centre
1100 Poydras St.
New Orleans, LA 70163
TROY A. RAFFERTY
Post Office Box 12308
Pensacola, FL 32591

DREW RANIER
1419 Ryan St.
Lake Charles, LA 70601

MARK P. ROBINSON, JR.
620 Newport Center Dr., 7th Floor
Newport Beach, CA 92660

CHRISTOPHER V. TISI
2000 L St., NW, Suite 400
Washington, DC 20036

**PLAINTIFFS' STEERING COMMITTEE**

## *CERTIFICATE OF SERVICE*

I hereby certify that the above and foregoing has been served on defendants liaison counsel, Phillip A. Wittmann by hand delivery or electronically and upon all counsel of record electronically or by electronically being uploaded to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 8 this 1st day of March, 2006.

LEONARD A. DAVIS

# ASHCRAFT & GEREL, LLP

ATTORNEYS AND COUNSELLORS AT LAW
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS'

SUITE 400
2000 L STREET, N.W.

WASHINGTON, D.C. 20036

(202) 783-6400
FAX (202) 416-6392

**DISTRICT OF COLUMBIA**
JAMES A. MANNINO*
MARK L. SCHAFFER*
WAYNE M. MANSULLA
JAMES F. GREEN
ALLEN J. LOWE
H. VINCENT McKNIGHT
MICHELLE A. PARFITT
CHRISTOPHER V. TISI
SIDNEY SCHUPAK
GEORGE E. SWEGMAN
REBEKAH R. MILLER
JERRY D. SPITZ
MOHAMMAD A. SYED
JENNIFER L. ORENDI
BRIAN L. KINSLEY
SALMAN H. ELMI

OF COUNSEL
ALTOMEASE R. KENNEDY

ROCKVILLE, MD 20852
SUITE 1002
11300 ROCKVILLE PIKE
(301) 770-3737

LANDOVER, MD 20785
SUITE 301
4301 GARDEN CITY DRIVE
(301) 459-8400

ALEXANDRIA, VA 22311
SUITE 650
4900 SEMINARY ROAD
(703) 931-5500

BALTIMORE, MD 21202
SUITE 1212
10 EAST BALTIMORE STREET
(410) 539-1122

**MARYLAND**
MARTIN E. GEREL*
ROBERT Q. SAMET
DAVID M. LaCIVITA
WILLIAM F. MULRONEY
ROBERT P. ENDERLE
JONATHAN S. BEISER
ROBERT A. FLACK
DENISE J. COTTRON
DAVID M. LAYTON
MARTIN TRPIS
PATRICIA M. WYSONG
ALAN J. MENSH
KELLY E. COOK

**VIRGINIA**
LAWRENCE J. PASCAL
J. HUNT BRASFIELD
MICHAEL W. HEAVISIDE
CRAIG A. BROWN
DAVID L. BAYNE, JR.
DAVID B. VERMONT
SUSAN C. MINKIN

LEE C. ASHCRAFT
1908-1993

February 28, 2006

Collagenex Pharmaceuticals Inc.
In care of: Brian M. Gallagher, Ph.D
Chairman, CEO, and President
Collagenenex Pharmaceuticals Inc.
41 University Dr., Suite 200
Newton, PA 18940

Re:   In Re: Vioxx Product Liability Litigation, MDL 1657 (E.D.La)

Attn: Collagenex Pharmaceuticals Inc.:

Please find attached a Notice of Deposition and Subpoena for Documents and Testimony for use in the case entitled In Re: Vioxx Product Liability Litigation, MDL 1657 (E.D.La.) currently pending before Eldon Fallon, Judge for the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, Room C-456, New Orleans, LA 70130. These documents are served on behalf of the Plaintiff's Steering Committee (PSC). The PSC was appointed by Judge Fallon to represent the interests of all plaintiffs with cases pending in the federal courts.

Pursuant to the Notice of Deposition and Subpoena, you are required to appear at the offices of Kline & Specter, P.C. 19th Floor, 1525 Locust St., Philadelphia, PA 19102, March 21, 2006 10:00 A.M. to provide documents and deposition testimony related to your production of documents. As an accommodation to you and to avoid appearing at this deposition, you may forward the requested documents along with the enclosed "Certificate of Authenticity" to the PSC on or before March 14, 2006. Should you choose to produce documents in lieu of an appearance at this records deposition, we ask that you send them to the following address:

Michael Wagner
Seeger Weiss, LLP

Vioxx MDL Document Depository
One William Street
New York, New York 1004
(212) 584-0700

You will find attached a check in the amount of $100 which would be for your witness fee and travel expense.

Should you have any questions, please feel free to contact me directly at 307-733-0028 or my assistant David Owens at 202-416-6353.

Thank you for your attention to this matter.

Very truly yours,

Christopher V. Tisi

**Plaintiff's Steering Committee**

CVT/rgc
Enclosure(s)

cc:   Chris Seeger, Esq (w/out attachments)
      Andy Birchfield, Esq (w/out attachments)
      Russ Herman, Esq (w/out attachments)
      Troy Rafferty, Esq (w/out attachments)
      David Buchanan, Esq. (w/out attachment)
      Richard Aresenault, Esq (w/out attachment)
      Michelle Tiger, Esq
      Michael Wagner (w/out attachment)
      Mark Robinson, Esq
      Leonard Davis, Esq
      Phillip Wittman, Esq.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Pennsylvania |
|---|---|---|

| | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| In Re: Vioxx Products Liability Litigation | |
| | Case Number:[1]   MDL No. 1657<br>Case Pending in the Eastern<br>District of Louisiana at New<br>Orleans |

TO:   Collagenex Pharmaceuticals Inc.
      In care of: Brian M. Gallagher, Ph.D
      Chairman, CEO, and President
      Collagenenex Pharmaceuticals Inc.
      41 University Dr., Suite 200
      Newton, PA 18940

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: Kline & Specter, P.C. 19ᵗʰ Floor, 1525 Locust St., Philadelphia, PA 19102 | DATE AND TIME |
|---|---|
| | March 21, 2006 10:00 A.M. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A Attached

| Kline & Specter, P.C. 19ᵗʰ Floor, 1525 Locust St., Philadelphia, PA 19102 | |
|---|---|
| | DATE AND TIME |
| | March 21, 2006 10:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Plaintiff | 2/26/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | DATE | SIGNATURE OF SERVER |
|---|---|---|
|  |  | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which th trial is held, or

(iii) requires disclosure of privileged or other protected matte and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidenti research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion information not describing specific events or occurrences in dispute an resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a part to incur substantial expense to travel more than 100 miles to attend trial, th court may, to protect a person subject to or affected by the subpoena, quash modify the subpoena, or, if the party in who behalf the subpoena is issue shows a substantial need for the testimony or material that cannot be otherwis met without undue hardship and assures that the person to whom the subpoer is addressed will be reasonably compensated, the court may order appearanc or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents sha produce them as they are kept in the usual course of business or shall organiz and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the clai shall be made expressly and shall be supported by a description of the nature the documents, communications, or things not produced that is sufficient enable the demanding party to contest the claim.

## EXHIBIT A TO SUBPOENA FOR PRODUCTION
## OF DOCUMENTS TO COLLAGENEX PHARMACEUTICALS INC.

### DEFINITIONS

The following definitions apply to each of the requests for documents set forth herein and

are deemed to be incorporated in each of said requests:

1.      "DOCUMENT" means documents and records on paper, in electronic format, or

in any other information storage format or medium, including but not limited to memoranda,

correspondence, documents received or sent with written or electronic correspondence, reports,

spreadsheets, databases, articles, publications, electronic mail, meeting minutes and notes of

meetings, telephone conference records, notations, forms, studies, drawings, graphs, charts,

photographs and includes all recorded materials, whether in written, electronic or graphic format

or media.   If a DOCUMENT was prepared in several copies or if additional copies were

thereafter made, and if ANY such copies were not identical or are no longer identical by reason

of notation or modification of ANY kind whatsoever, including notations on the front or back of

ANY pages thereof, then EACH such copy must be produced.   Consistent with the above

definition, the term DOCUMENT shall include, without limitation, any computer-generated,

computer-stored, or otherwise maintained or reproduced COMMUNICATION, record or

representation, any data compilation in any form, whether composed of letters, words, numbers,

pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files,

deleted files, file fragments, or any combination thereof.

2.      "MERCK" means Merck & Co., Inc. and ANY of its corporations, businesses,

subsidiaries, divisions, subdivisions, affiliates, predecessors, officers, directors, employees,

representatives, independent contractors, or agents, including attorneys and accountants.   This

term shall also include contractors of MERCK, consultants of MERCK and any PERSONS

working or acting on behalf of MERCK.

3.    "COLLAGENEX PHARMACEUTICALS INC.," "YOU," "YOUR," and

"YOURS" mean Collagenex PharmaceuticalsInc., its predecessor and successor entities, its

officers, directors, shareholders, parent and subsidiary companies (whether direct or indirect),

divisions, subdivisions, affiliates, general partners, joint ventures, employees, principals, agents,

attorneys, representatives and other persons acting or authorized to act on behalf of Collagenex

Pharmaceuticals Inc.

4.    "PERSON" or "PERSONS" means natural persons, proprietorships, joint

ventures, partnerships, corporations, trusts, groups, associations, organizations, governmental

agencies, and ALL other entities.

5.    "COMMUNICATION" or "COMMUNICATIONS" means EVERY manner of

transmitting or receiving information, opinions, or thoughts, whether orally, in writing,

electronically or otherwise, between two or more PERSONS.

6.    "IDENTIFY" with respect to PERSONS, means to give, to the extent known, the

PERSON's full name, present or last known address, and when referring to a natural PERSON,

additionally, the present or last known place of employment.  Once a PERSON has been

identified in accordance with this paragraph, only the name of that PERSON need be listed in

response to subsequent discovery requesting the identification of that PERSON.

7.    "AND" and "OR" are to be considered conjunctively and disjunctively.  "OR" is

understood to include and encompass "AND" and vice versa.  Additionally, the singular form of

a noun or pronoun includes the plural form and vice versa.

8.     "ANY" is understood to include and encompass "ALL." The word "ALL" also includes "EACH" and vice versa.

9.     "VIOXX" means VIOXX (rofecoxib) in any form, whether, tablet, suspension, or otherwise.

10.     Reference to a drug by its generic name (e.g., rofecoxib) or its trade name (i.e., VIOXX) means both the active pharmaceutical ingredient (API) and any and all drug products which contain that API, irrespective of whether or not such a drug product is a "new drug" or "new animal drug," instant release or extended release or sustained release, or approved or unapproved by FDA, under the Federal Food, Drug and Cosmetic Act, 21 U.S.C. 321 et seq. and any predecessor or non-final derivation of the drug that later became VIOXX.

11.     Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, EMPLOYEES, agents, clients, or other representatives or affiliated third parties.

12.     "VIOXX PROMOTIONAL MATERIALS" means ALL DOCUMENTS and other materials in paper, photographic, video or electronic form generated for the purpose of promoting VIOXX and the Vioxx brand, including, but not limited to, product labeling documents, advertisements, brochures, detailing DOCUMENTS, press releases, and video news releases.

## INSTRUCTIONS

1.     ALL DOCUMENTS that respond to ANY request herein or to ANY part of ANY request herein shall be produced.

2.      The DOCUMENTS to be produced pursuant these requests specifically embrace ALL DOCUMENTS within YOUR possession, custody or control, and ALL DOCUMENTS within the possession, custody or control of ANY of YOUR agents, accountants, representatives or attorneys.  Such DOCUMENTS also embrace originals and identical copies (whether different or not from the original because of notes made thereon or otherwise) of DOCUMENTS that respond to these requests and are in the possession of more than one PERSONS.

3.      YOU shall produce ALL DOCUMENTS in a form which renders the DOCUMENTS susceptible to copying either by photocopy or otherwise.

4.      Requests that are stated in the present tense include the past tense and those to the past tense include the present tense.

5.      Privilege/Redaction Log.  If ANY DOCUMENTS are responsive to or within the scope of ANY request for production but are not being produced or are being produced with portions redacted pursuant to ANY claim of privilege or confidentiality:

        a.      State the nature of the privilege claimed (i.e., attorney-client work product, etc.);

        b.      State the name of the attorney, if ANY, with respect to whom the privilege is claimed;

        c.      State the facts upon which YOU rely as the basis for claiming ANY privilege as to the specific information or DOCUMENTS; and

        d.      State the name of such DOCUMENT; identify the type of DOCUMENTS (i.e., letter, memo, etc.); set forth the subject matter thereof; IDENTIFY the PERSON who prepared it; EACH PERSON (if ANY) who signed it; IDENTIFY EACH PERSON to whom it was directed, circulated or shown; and IDENTIFY EACH PERSON now in

possession of the DOCUMENT.  If ANY DOCUMENT is produced in redacted form, the word "redacted" is to be placed in the redacted section of the DOCUMENT.

6.      Destruction Log.  In the event that ANY DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

   a.      The nature of the DOCUMENT;

   b.      ANY addressor or addressee;

   c.      ANY indicated or blind copies.

   d.      The DOCUMENT's date, subject matter, number of pages, and attachments OR appendices.

   e.      ALL PERSONS to whom the DOCUMENT was distributed, shown or explained.

   f.      Its date of destruction or discard, manner of destruction or discard; and

   g.      The PERSONs authorizing or carrying out such destruction or discard.

7.      The following DOCUMENT demand is continuing in nature and in the event YOU become aware of or acquire additional DOCUMENTS responsive hereto, such additional DOCUMENTS are to be promptly produced.

8.      If YOU are unable to comply fully with ANY of the specific requests, YOU shall comply to the extent possible AND provide an explanation as to why full compliance is not possible.

9.      DOCUMENTS are to be produced in their full and unexpurgated form.  Redacted DOCUMENTS shall not constitute compliance with these requests, unless such DOCUMENTS are redacted pursuant to a claim of privilege as set forth in paragraph 5 above.

## DOCUMENTS TO BE PRODUCED

1.     ALL DOCUMENTS setting forth, describing, referring to or regarding the nature and scope of ALL work performed and consultation provided by YOU for MERCK related to, regarding or concerning VIOXX, including, but not limited to, contracts, agreements and letters of engagement.

2.     ALL DOCUMENTS pertaining to, reflecting, or concerning ALL payments, fees or other compensation YOU received from MERCK for ALL work performed and consultation provided by YOU for MERCK related to, regarding or concerning VIOXX.

3.     ALL DOCUMENTS pertaining to, reflecting, or concerning ALL COMMUNICATIONS between YOU and MERCK concerning or related to ALL work performed and consultation provided by YOU for MERCK related to, regarding or concerning VIOXX.

4.     ALL DOCUMENTS created, prepared or generated by YOU related to, concerning or in the course of ALL work performed and consultation provided by YOU for MERCK related to, regarding or concerning VIOXX.

5.     ALL DOCUMENTS YOU received from MERCK pertaining to, reflecting, or concerning ALL health risks and side effects and the overall safety of VIOXX.

6.     ALL DOCUMENTS YOU received from MERCK pertaining to, reflecting, or concerning the benefits, usefulness, effectiveness and efficacy of VIOXX.

7.     ALL DOCUMENTS YOU received from MERCK pertaining to, reflecting, or concerning the potential uses, both approved by the Food and Drug Administration (FDA) and not approved, of VIOXX.

8.      ALL DOCUMENTS pertaining to, reflecting, or concerning market research focused on consumers that YOU conducted or had conducted regarding, related to or concerning VIOXX PROMOTIONAL MATERIALS, including, but not limited to, transcripts of focus groups, executive summaries of focus groups and market research reports.

9.      ALL DOCUMENTS pertaining to, reflecting, or concerning market research focused on physicians that YOU conducted or had conducted regarding, related to or concerning VIOXX PROMOTIONAL MATERIALS, including, but not limited to, transcripts of focus groups, executive summaries of focus groups and market research reports.

10.      ALL DOCUMENTS pertaining to, reflecting, or concerning tracking information, collected by YOU or on YOUR behalf from consumers, related to, describing or concerning consumers' attitudes and beliefs about VIOXX OR consumers' reactions and responses to VIOXX PROMOTIONAL MATERIALS.

11.      ALL DOCUMENTS pertaining to, reflecting, or concerning tracking information, collected by YOU or on YOUR behalf from physicians, related to, describing or concerning physicians' attitudes and beliefs about VIOXX OR consumers' reactions and responses to VIOXX PROMOTIONAL MATERIALS.

12.      ALL DOCUMENTS pertaining to, reflecting, or concerning ALL strategic planning by YOU regarding or concerning the promotion of VIOXX, including, but not limited to, summaries of research, proposed responses to research, DOCUMENTS reflecting the objectives of the promotional campaign and DOCUMENTS reflecting how to quantify and measure the research obtained.

13.      ALL DOCUMENTS pertaining to, reflecting, or concerning ALL work performed and consultation provided for YOU by any affiliate, subcontractor of other PERSON hired,

retained or engaged by YOU, related to, regarding or concerning VIOXX OR VIOXX PROMOTIONAL MATERIALS.

14.    ALL DOCUMENTS pertaining to, reflecting, or concerning ALL COMMUNICATIONS between YOU and any affiliate, subcontractor or other PERSON hired, retained or engaged by YOU pertaining to, reflecting, or concerning VIOXX OR VIOXX PROMOTIONAL MATERIALS.

15.    ALL DOCUMENTS pertaining to, reflecting, or concerning ALL work performed and consultation provided by YOU for MERCK related to, regarding or concerning VIOXX.

## CERTIFICATE OF AUTHENTICITY

BEFORE ME, the Undersigned Notary, personally came and appeared:

_____, after being duly sworn did depose and state the following under oath:

(1)     That I am _____, the records Custodian for Collagenex Pharmaceuticals Inc.

(2)     I have personal knowledge of the records maintained by Collagenex Pharmaceuticals Inc.

(3)     I submit this Certificate of Authenticity verifying that Collagenex Pharmaceuticals Inc. has produced all documents in his possession responsive to the subpoena *duces tecum* propounded by the Plaintiff's Steering Committee in the matter of In re: Vioxx Products Liability Litigation, MDL 1657 (E.D.La.);

(4)     I submit that the documents produced in connection with the subpoena *duces tecum* propounded on Collagenex Pharmaceuticals Inc. by the Plaintiff's Steering Committee in the matter of In re: Vioxx Products Liability Litigation, MDL 1657 (E.D.La) are true, accurate and complete copies of all documents maintained by Collagenex Pharmaceuticals Inc.

(5)     I submit that the documents produced in connection with the subpoena *duces tecum* propounded on Collagenex Pharmaceuticals Inc. by the Plaintiff's Steering Committee in the matter of In re: Vioxx Products Liability Litigation, MDL 1657 (E.D.La) have been maintained by Collagenex Pharmaceuticals Inc. in the normal course of business;

(6)     I submit that Collagenex Pharmaceuticals Inc. has no further documents that are responsive to the subpoena *duces tecum* served by the Plaintiff's Steering Committee on Collagenex Pharmaceuticals Inc. in the matter of In re: Vioxx Products Liability Litigation, MDL 1657 (E.D. La.).

1

SIGNATURE _____

Custodian of Records


_____

(Please Print Name)


Sworn to and subscribed before me this
_____day of_____, 2006.


_____

Notary Public

[Notary Seal]


My Commission Expires:

_____

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER #13**
**(Stipulation and Protective Order Regarding Confidential Information)**

WHEREAS, certain documents and information have been and may be sought, produced, or exhibited by and among the parties to the above-styled proceeding (the "Action") which relate to the parties' confidential and proprietary information that may be subject to protection pursuant to Fed. R. Civ. P. 26(c); and

WHEREAS, the parties have provided and will provide a significant amount of discovery materials in this Action and the parties agree that a protective order will facilitate a timely and efficient discovery process;

IT IS HEREBY STIPULATED AND AGREED, AND FOR GOOD CAUSE SHOWN, ORDERED THAT:

<u>Scope</u>

1.    This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this Action whether revealed in a

document, deposition, other testimony, discovery response or otherwise, by any party in this Action (the "Supplying Party") to any other party or parties (the "Receiving Party").

2.    Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

3.    The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Fed. R. Civ. P. 26(c).

4.    Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

Confidential Information

5.    "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c)(7), whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.

6.    Specific documents and discovery responses produced by a Supplying Party shall, if appropriate, be designated as Confidential Information by marking the pages of the document that contain Confidential Information as follows: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER". Except as provided in paragraphs 8 and 21, documents that do not bear the foregoing designation are not Confidential Information as that term is used in this Order.

7.    Any material produced or provided in this Action for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

2

8.       Information disclosed at a deposition taken in connection with this Action may be designated as Confidential Information by:

(a)   stating on the record during the taking of the deposition that the deposition, or some part of it, may constitute Confidential Information; and

(b)   designating the portions of the transcript in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition. The Court reporter will indicate the portions designated as confidential and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "Confidential-Subject to Further Confidentiality Review." Such transcripts will be treated as Confidential Information until the expiration of the 30-day period. If the Supplying Party does not serve a designation letter within the 30-day period, then the entire transcript will be deemed not to contain Confidential Information.

9.       A party in this Action may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Protective Order.

Permissible Disclosure of Confidential Information

10.       Subject to Paragraph 13, the Receiving Party may show and deliver Confidential Information to the following people:

(a)   counsel for the Receiving Party and Merck in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel;

3

(b)      with respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee of the Receiving Party to whom it is necessary to disclose such information for the purpose of assisting in, or consulting with respect to, the preparation of this Action;

(c)      stenographic employees and court reporters recording or transcribing testimony in this Action;

(d)      the Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

(e)      any outside consultant or expert whether formally retained or not if the Receiving Party signs the certification described in paragraph 12;

(f)      any attorney for claimants in other pending U.S. litigation alleging personal injury or economic loss arising from the alleged use, purchase, or payment of VIOXX (or attorneys for claimants in any other pending litigation as the parties may mutually agree or the Court directs) for use in this or such other action, provided that the proposed recipient is: (i) already operating under a stipulated Protective Order or (ii) agrees to be bound by this Order and signs the certification described in paragraph 12;

(g)      any third party for whom there is a litigation need to disclose the information if the Receiving Party signs the certification described in paragraph 12; and

(h)      any physician who treated a plaintiff for whom there is a litigation need to show Confidential Information that declines to sign the certification described in paragraph 12, provided that the physician is advised that, pursuant to this Order, such physician (1) may not make copies of any of the documents, (2) may not disclose the information beyond the parties involved in the litigation, and (3) must return the documents to counsel for the Receiving Party

4

after the litigation need for the documents has past.

11.     The Receiving Party may show Confidential Information to any witness during a deposition, hearing, or trial.  Confidential Information shown to any witness during a deposition shall not lose its Confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.  If, after a deposition is noticed or a hearing or trial is set, the Supplying Party objects to Confidential Information being shown to that witness, the Supplying Party shall attempt to confer with counsel to resolve the issue.  If counsel are unable to resolve the issue themselves, counsel may seek an order from the Court prohibiting or limiting such use or for other relief.

12.     Where indicated in this Order, each putative recipient of Confidential Information shall be provided with a copy of this Protective Order, which he or she shall read.  Upon reading this Protective Order, such person shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.  These certifications are strictly confidential.  Counsel for each party shall maintain the certifications without giving copies to the other side.  The parties expressly agree, and it is hereby ordered that, except in the event of a violation of this order, they will make no attempt to seek copies of the certifications or to determine the identities of persons signing them.  If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.  Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or

5

extracts thereof, are not required to execute Certifications.

13.   Before disclosing Confidential Information to any person who is, independent of this litigation, a current director, officer, employee of, or counsel for a pharmaceutical company other than Merck that is marketing or has in development a selective COX-2 inhibitor, or a consultant, other than an occasional consultant, who is currently consulting about a selective COX-2 inhibitor, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made.  If, within the ten day period, a motion is filed objecting to the proposed disclosure, the designated document or item shall not be disclosed unless and until ten days have elapsed after the appeal period from a Court order denying the motion.  Alternatively, the party wishing to make such disclosure may provide the counsel who designated such information as confidential with information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection.  If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunities to (1) request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and (2) submit such papers and argument as it may feel necessary to allow the Court to make an informed decision.  Because only the party seeking to make the disclosure may know who the proposed recipient is, it is the responsibility of the party seeking to make the disclosure to determine prior to making any disclosure whether the proposed recipient is a person described in this paragraph. The parties have agreed that plaintiffs do not have to give notice or invoke the Court with respect

to any person whom plaintiffs have retained to assist them in the prosecution of this Action as of September 17, 2004 who otherwise would be a consultant described in this paragraph as long as any such person signs the certification described in paragraph 12. This agreement does not cover any person who as of September 17, 2004 was not a consultant described in this paragraph, but who later becomes a person described in this paragraph.

Use of Confidential Information

14.     The Receiving Party shall use confidential information only in connection with this Action or an action in which the Receiving Party is permitted by this Order to use Confidential Information.

15.     Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this Action and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Protective Order.

16.     Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

Protection of Confidential Information

17.     Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

18.     Any party that is served with a subpoena or other notice compelling the

7

production of discovery materials produced by another party must immediately give written

notice of such subpoena or other notice to the original Supplying Party. Upon receiving such

notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate,

the subpoena on grounds of confidentiality.

19.    If a Receiving Party learns of any unauthorized disclosure of Confidential

Information, the party shall immediately upon learning of such disclosure inform the Supplying

Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to

prevent disclosure by each unauthorized person who received such information.

20.    Upon the conclusion of any attorney's last case in this proceeding (or such other

case in which the Receiving Party is permitted by this order to use Confidential Information),

including any appeals related thereto, at the written request and option of the Supplying Party, all

discovery materials produced by the Supplying Party and any and all copies, summaries, notes,

compilations (electronic or otherwise), and memoranda related thereto, shall be returned within

thirty (30) calendar days to the Supplying Party, provided, however, that counsel may retain their

privileged communications, work product, certifications pursuant to paragraph 12, and all court-

filed documents even though they contain discovery materials produced by the Supplying Party,

but such retained privileged communications and work product and court-filed documents shall

remain subject to the terms of this Protective Order. At the written request of the Supplying

Party, any person or entity having custody or control of recordings, notes, memoranda,

summaries or other written materials, and all copies thereof, relating to or containing discovery

materials produced by the Supplying Party shall deliver to the Supplying Party an affidavit

certifying that reasonable efforts have been made to assure that all such discovery materials

produced by the Supplying Party and any copies thereof, any and all records, notes, memoranda,

8

summaries, or other written material regarding the discovery materials produced by the

Supplying Party (except for privileged communications, work product and court-filed documents

as stated above) have been delivered to the Supplying Party in accordance with the terms of this

Protective Order.

Changes in Designation of Information

21.     Any Supplying Party may designate as Confidential Information or withdraw a

Confidential Information designation from any material that it has produced; provided, however,

that such redesignation shall be effective only as of the date of such redesignation.  Such

redesignation shall be accomplished by notifying counsel for each party in writing of such

redesignation and simultaneously producing a re-designated copy of such material.

22.     Any party may object to the propriety of the designation (or redesignation) of

specific material as Confidential Information by serving a written objection upon the Supplying

Party's counsel.  The Supplying Party or its counsel shall thereafter, within ten (10) calendar

days, respond (by hand delivery or facsimile transmission) to such objection in writing by either:

(i) agreeing to remove the designation; or (ii) stating the reasons for such designation.  If the

Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and

conditions of disclosure for the material(s) in issue, the document will have its designation

removed unless within thirty (30) days after written notice that the parties' negotiations are

ended, the Supplying Party moves the Court for an order upholding the designation.  On such a

motion, the Supplying Party shall have the burden of proving that the material is Confidential

Information.  The material(s) in issue shall continue to be treated in the manner as designated by

the Supplying Party until the Court orders otherwise.

23.     To the extent that any material designated as Confidential Information herein

9

becomes publicly available other than through a violation of this or another protective order, or

has its designation as Confidential Information withdrawn or judicially removed in any U.S.

VIOXX action or MDL-1658, the Confidential Information designation shall be deemed

withdrawn from such material and shall, on notice, be removed from the log.

<u>Filing Papers In Court Records</u>

24.     The parties will use the following procedure for submitting to the Court material

consisting of, relating to, containing, incorporating, reflecting, describing, or attaching

Confidential Information:

(a)     Any such material shall be filed in a sealed envelope, labeled with the case

name, case number, the motion to which the documents relate, and a listing of the titles of the

documents in the envelope (such titles not to reveal Confidential Information).

(b)     Within seven (7) business days of the submission of any material pursuant

to the preceding sub-paragraph, the parties shall confer to determine if the Supplying Party

objects to the filing of the subject Confidential Information in unsealed form.  To the extent of

the parties agreement concerning the treatment of the subject Confidential Information, the filing

party may file the subject materials in unsealed form.  To the extent the parties are unable to

reach agreement, either party may file a motion to address the appropriate treatment of the

subject materials.  On such a motion, the Supplying Party shall have the burden of proving that

the material is Confidential Information.  The material shall remain sealed unless the Court

orders otherwise.

25.     When submitting deposition testimony pursuant to the previous paragraph that

has been designated as Confidential Information, the submitting party shall submit, to the extent

reasonably possible, only those pages of the deposition transcript that are cited, referred to, or

relied on by the submitting party.

Miscellaneous Provisions.

26.   Defendant shall produce within thirty days of this Order a confidentiality log in a searchable electronic format that can be used with commercially available database software (*e.g.*, Microsoft Access) identifying the following information for each document produced or made available in this litigation: the document's (a) beginning and ending Bates numbers; (b) date; (c) title, (d) document type; (e) author(s); (f) recipient(s); and (g) confidentiality status (*e.g.*, "Confidential" or "Non-Confidential"). Defendant shall update the confidentiality log on the first business day of each month. Each confidentiality log shall reflect all documents produced by defendant by the fifteenth day of the prior month. Documents designated "Confidential-Subject to Protective Order" that do not appear on the log are Confidential Information under this Order.

27.   Within seven days of entry of this Order (or within seven days of entry or execution of any applicable order or stipulation), Defendant shall produce to Plaintiffs copies of any order from any U.S. VIOXX action or MDL-1658 or any stipulation allowing disclosure beyond the protective order in such action that concerns, in whole or in part, the treatment of Confidential Information concerning VIOXX. The parties shall meet and confer to discuss any issues raised by such orders or stipulations.

28.   It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Protective Order.

11

29.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.  This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Action.

30.     Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Merck's ability to review plaintiffs' information and report information to regulatory agencies.

DONE this __24th__ day of __May__, 2005.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

12

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                                    :           MDL NO. 1657
PRODUCTS LIABILITY LITIGATION   :
                                                      :           SECTION: L
                                                      :
                                                      :           JUDGE FALLON
                                                      :           MAG. JUDGE KNOWLES

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..:

THIS DOCUMENT RELATES TO ALL CASES

## CERTIFICATION

I hereby certify that I have read the Stipulation and Protective Order entered in the

above-captioned action and that I understand the terms thereof.

I agree to be bound by the Stipulation and Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the

Stipulation and Protective Order, and I understand that the Court may impose sanctions on me

for any violation of the Stipulation and Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party

are maintaining the certifications without giving copies to the other side, and that the parties

expressly agreed and the Court ordered that, except in the event of a violation of this Order, the

parties will make no attempt to seek copies of the certifications or to determine the identities of

persons signing them.  I further understand that if the Court finds that any disclosure is necessary

to investigate a violation of this Order, the disclosure will be limited to outside counsel only and

outside counsel shall not disclose any information to their clients that could tend to identify any

certification signatory unless and until there is specific evidence that a particular signatory may

1

have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date:_____

_____
                                          (Signature)

Name:_____
                              (Typed or Printed)

2