FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR -2  PM 4:03

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Vioxx® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

## RESPONSE AND OBJECTIONS TO NOTICE OF VIDEOTAPED DEPOSITION WITH SUBPOENA DUCES TECUM OF <u>YOKESHIA BOYKIN MCLEAN</u>

Yokeshia Boykin McLean, by undersigned counsel, hereby responds and objects to the document requests contained in the subpoena duces tecum, dated February 16, 2006 (the "Requests"). These responses and objections are made only to the subpoena for production of documents; all objections to the subpoena for testimony are reserved.

## GENERAL OBJECTIONS

1.      Ms. McLean objects to the Requests to the extent they are vague, ambiguous, argumentative, duplicative, overly broad, unduly burdensome or oppressive, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action.

2.      Ms. McLean objects to the Requests to the extent they seek information or documents protected from discovery by the attorney-client privilege, the work product doctrine, or that are otherwise immune or protected from disclosure.

3.      Ms. McLean objects to the Requests as overly broad, unduly burdensome and oppressive, and as seeking information or documents that are not relevant to the claims or

___ Fee_____
___ Process_____  800784v.1
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No _____

defenses of any party or to the subject matter involved in this action to the extent they seek information or documents not related to Vioxx®.

4. Ms. McLean objects to the Requests to the extent that they purport to impose any obligations beyond those imposed by the Federal Rules of Civil Procedure and any applicable order of this court.

## RESPONSES AND OBJECTIONS TO INDIVIDUAL REQUESTS

Ms. McLean incorporates her General Objections in the specific responses that follow. Any specific objections set forth in the responses are in addition to those objections and, unless otherwise specified, the responses are limited in accordance with each of her objections.

### REQUEST FOR PRODUCTION NO. 1:

**Any and all correspondence between you and Plaintiff's prescribing physician, between you and Merck, between you and any district manager, between you and any manager, and any and all correspondence received or sent by you related in any way to Vioxx.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrases "Plaintiff's prescribing physician" and "district manager," and the term "manager." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

**Any notes pertaining to calls you made on physicians in the State of Texas including but not limited to notes made regarding calls to any Plaintiff's prescribing physician.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrase "Plaintiff's prescribing physician." Ms. McLean further objects to this request as overbroad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents not related to Vioxx. Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

**Any information or documentation pertaining to the Vioxx prescribing habits of prescribing physicians in Texas, including but not limited to Plaintiff's prescribing physician.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrases "Vioxx prescribing habits of prescribing physicians" and "Plaintiff's prescribing physician." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

**Any information you received from your employer regarding cardiovascular risk or cardiovascular disease and Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrases "your employer" and "cardiovascular risk." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Any information you received from your employer regarding cardiovascular disease, cardiovascular risks, heart attacks, or strokes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the General Objections asserted above, Ms. McLean further objects to her Request as vague and ambiguous, particularly with respect to the phrases "your employer" and "cardiovascular risks." Ms. McLean further objects to this Request as overbroad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents not related to Vioxx. Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Any information regarding dinner meetings, conferences, trips, CME/CDE programs, or speaker bureau presentations that you authored, organized, requested, directed or received regarding Vioxx or Pain Treatment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrases "dinner meetings, conferences, trips, CME/CDE programs, or speaker bureau presentations," "authored, organized, requested, directed or received" and "Pain Treatment." Ms. McLean further objects to this Request as overbroad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents not related to Vioxx. Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

800784v.1

**REQUEST FOR PRODUCTION NO. 7:**

**An index of the information kept on your laptop computer for Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the General Objections asserted above, Ms. McLean further objects to this request as overbroad, vague and ambiguous, particularly with respect to the phrase "index of information." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

**Any separation agreements between you and Merck.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the General Objections asserted above, Ms. McLean objects to this Request as overbroad, vague and ambiguous, particularly with respect to the phrase "separation agreements." Ms. McLean further objects to this Request to the extent it seeks documents not related to Vioxx, and to the extent it seeks documents containing personal information, the disclosure of which would invade her privacy. Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

**Any medical literature used by you when detailing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrase "medical literature" and to the term "detailing." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Any medical literature provided to you by the company which was not used by you in detailing Vioxx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as overbroad, vague and ambiguous, particularly with respect to the phrases "medical literature" and "the company" and to the term "detailing." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Any press releases sent to you by Wyeth concerning Vioxx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the General Objections asserted above, Ms. McLean further objects to her Request as not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information from Wyeth, which is not a party to this action. Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Copies of any and all Dear Healthcare Professional, Dear Doctor, or other letters to medical personnel that were received by you regarding Vioxx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrase "letters to medical personnel." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

800784v.1

**REQUEST FOR PRODUCTION NO. 13:**

Any adverse event information you reported to your company regarding Vioxx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrases "adverse event information" and "your company." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Any information you received from Merck concerning side effects, warnings or precautions for Vioxx, including but not limited to instructions, suggestions and/or training for response to physician inquiries or communications regarding adverse events, interactions or side effects of the drug, which may have been referred to as "Obstacle Responses" and included in the "Obstacle Response Guide."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrases "side effects," "adverse events," "Obstacle Responses," and "Obstacle Response Guide" and to the terms "warnings," "precautions" and "interactions." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Any previous depositions given by you on Vioxx or other Merck products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as overbroad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or

information not related to Vioxx. Subject to and without waiving her objections, Ms. McLean states that no such documents exist.

**REQUEST FOR PRODUCTION NO. 16:**

**Your personal or custodial file on Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrase "personal . . . file." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

**Any and all promotional items and pieces used by you in detailing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrase "promotional items and pieces" and the term "detailing." Subject to and without waiving her objections, Ms. McLean states that she has no documents or things responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

**Any documents from the FACTS Database and Reporting System Database which pertain to sales calls made upon prescribing physicians.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrases "FACTS Database and

Reporting System Database" and "sales calls." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

**The laptop computer used by you during the time you were detailing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to the General Objections asserted above, Ms. McLean objects to this Request as overbroad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not related to Vioxx. Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the term "detailing." Subject to and without waiving her objections, Ms. McLean states that she has no documents or things responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

**An electronic copy of the hard drive of the laptop computer you used when detailing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the General Objections asserted above, Ms. McLean objects to this Request as overbroad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not related to Vioxx. Ms. McLean further objects to this request as vague and ambiguous, particularly with respect to the term "detailing." Subject to and without waiving her objections, Ms. McLean states that she has no documents or things responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

Electronic and hard copies of all emails received by you or sent by you regarding Vioxx during the time you detailed Vioxx, including any and all emails related in any way to detailing activities for Vioxx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as overbroad, unduly burdensome, vague and ambiguous, particularly with respect to the term "detailed" and the phrase "detailing activities." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Copies of any and all materials received by you from your employer or third parties, including materials received by you at company launch meetings, regarding any drugs including but not limited to Vioxx, as well as any and all material related to cardiovascular disease, cardiovascular risks, heart attacks, strokes, pain management, arthritis, epidemiology, pharmacology, efficacy, safety, and appropriate detailing practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the General Objections asserted above, Ms. McLean objects to this Request as overbroad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents received from third parties or documents or information not related to Vioxx. Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrases "company launch meetings," "cardiovascular risks" and "appropriate detailing practices" and the term "safety." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

**Copies of any and all information received by you regarding the use of your laptop computer, and the installed software used in detailing Vioxx, including the training materials.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to the General Objections asserted above, Ms. McLean objects to this Request as overbroad and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not related to Vioxx. Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrase "detailing Vioxx." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

**Copies of all orders, requests, invoices and other documents related to the ordering, distributing and/or otherwise providing physicians in Texas with samples and/or stock bottles of Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as vague and ambiguous, particularly with respect to the phrases "orders, requests, invoices and other documents," "ordering, distributing" and "otherwise providing." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

**Electronic copies of all documents requested above, if available now or in the past, in any way, in electronic form. Electronic versions should be provided in the same electronic form in which they were originally sent, received, and/or used by you.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to the General Objections asserted above, Ms. McLean further objects to this Request as unduly burdensome, vague and ambiguous, particularly with respect to the phrase "in any way, in electronic form." Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

**Your complete personnel file for your time working for any Merck entities between the years 1998 and 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26 :**

In addition to the General Objections asserted above, Ms. McLean objects to this request as overbroad, vague and ambiguous, particularly with respect to the phrase "any Merck entities." Ms. McLean further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade her privacy. Subject to and without waiving her objections, Ms. McLean states that she has no documents responsive to this Request.

Respectfully submitted,

*[signature: Dorothy H. Wimberly]*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

*Defendants' Liaison Counsel*

800784v.1

HUGHES HUBBARD & REED LLP
101 Hudson Street
Suite 3601
Jersey City, NJ 07302

*Counsel for Yokeshia Boykin McLean*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response and Objections to Notice of Videotaped Deposition With Subpoena Duces Tecum of Yokeshia Boykin McLean has been served on Liaison Counsel, Russ Herman by hand or by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 2nd day of March, 2006.

*[signature]*

800784v.1