**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2006 MAR -3 PM 3: 59

LORETTA G. WHYTE
CLERK

DENISE WHITTAKER, AS
ADMINISTRATRIX OF THE ESTATE OF
JOSEPH WHITTAKER, AND DENISE
WHITTAKER, INDIVIDUALLY,
JOSEPH CLEMENTE, AS EXECUTOR
OF THE ESTATE OF BARBARA
CLEMENTE, AND JOSEPH
CLEMENTE, INDIVIDUALLY, PETER
STRNISTE, LOUIS PICCOLO,
ARMANDO
NICOLIA AND PHILOMENA
STEFANACCI, AS ADMINISTRATORS
OF THE ESTATE OF CHRISTINA
NICOLIA, CHERIE SILVERNAIL, AS
ADMINISTRATRIX OF THE ESTATE OF
MICHAEL SILVERNAIL, AND CHERIE
SILVERNAIL, INDIVIDUALLY,
MARJORIE RODRIGUEZ, JAMES
McKEOWN, WILLIAM DONALDSON,
GARY DeROSE, NICHOLAS BISIGHINI,
WILLIAM FORTUNE, LUTHER BEARD,
WILLIAM YACONE, ZORAIDA LOPEZ,
MARIE MURPHY, THERESA
BAGENSKI, LORRAINE ERICSON, AS
ADMINISTRATRIX OF THE ESTATE OF
MARIAN ERICSON, MARY COBURN,
JOSEPH DEROSE, DONALD MARR,
AS EXECUTOR OF THE ESTATE OF
ELEANOR MARR, GILDA
PIETRANDREA, IRENE THEODORE,
KURT VAN BOEMMEL, GLORIA
KUHNER and AL COWAN

:   CIVIL ACTION NO.
    2:05-CV-01257-EEF-DEK

       Plaintiffs                         :

VS.                                              :

MERCK & CO., INC.,                     :
       Defendant                        :   January 24, 2006

Fee_____
Process_____
X̲ Dkid_____
CtRmDep_____
Doc. No _____

## AMENDED COMPLAINT

## COUNT ONE – WHITTAKER-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      On or about November 16, 2004, the Wallingford Probate Court appointed the plaintiff Denise Whittaker to be the administratrix of her late husband Joseph Whittaker's estate. See Appointment Attached as Exhibit A.

4.      On and for some time before April 28, 2004, the plaintiff's decedent Joseph Whittaker had been prescribed VIOXX by his doctor. Per his doctor's orders, Joseph Whittaker regularly consumed VIOXX.

5.      The VIOXX consumed by Joseph Whittaker was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of Joseph Whittaker's consumption of the drug VIOXX, he was caused to suffer sudden death on or about April 28, 2004.

7.      At the time of its sale or distribution and continuing  through his date of death, VIOXX was in a defective condition unreasonably dangerous to Joseph Whittaker and others in one or more of the following ways:

a)     it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)     adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     there was no adequate post-marketing warning and instruction;

d)     the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)     there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)     consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     One or more of the defects described above was a substantial factor in causing the death of Joseph Whittaker.

9.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by Joseph Whittaker.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the death of Joseph Whittaker as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the death of Joseph Whittaker as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff's decedent and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.    The negligence of the defendants was a substantial factor in causing the death of Joseph Whittaker as described in this complaint.

18.    The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or

the defendant's negligence, the plaintiff's decedent Joseph Whittaker suffered a

heart attack and died suddenly.

20.     As a further result, the plaintiff's decedent was caused to suffer a

complete destruction of his earning capacity and his capacity to carry on and

enjoy all of life's other activities.


## COUNT TWO – WHITTAKER-PUNITIVE DAMAGES - GENERAL STATUTES §

## 52-240a

1. - 6.  Paragraphs 1. through 6. of Count One are hereby incorporated

and realleged as paragraphs 1. through 6. of this Count Two.

7.     The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all
possible adverse side effects regarding its use despite the fact the
MERCK and its agents, servants, and employees were aware of
those risks;

b)     they refused to perform testing that they suspected would
have shown that VIOXX possessed serious potential side
effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and
instruction despite spending tens of millions of dollars on a direct to
consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the
use of VIOXX were de minimus in relation to the benefits
associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study
which would have uncovered enormous risks associated with the
product; and

    f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff's decedent, Joseph Whittaker has been caused to suffer a heart attack and sudden death.

10.    As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities.

## COUNT THREE – WHITTAKER-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.    The allegations of paragraphs 1. - 10. of Count Two are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Three.

11.    The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.    The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, Joseph Whittaker has been caused to suffer a heart attack and sudden death.

14.     As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities.

## COUNT FOUR –WHITTAKER-LOSS OF CONSORTIUM

1-44.  Paragraphs 1-20 of Count One, paragraphs 1-10 of Count Two and paragraphs 1-14 of Count Three are hereby incorporated and realleged as paragraphs 1-44 of this Count Four.

45.     As a consequence of Joseph Whittaker's death, the plaintiff Denise Whittaker, Joseph Whittaker's surviving widow, has been caused to lose his company, society, services and affections.

## COUNT FIVE – CLEMENTE-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      On or about February 17, 2004, the Milford Probate Court appointed the plaintiff Joseph Clemente to be the executor of his late wife Barbara Clemente's estate. See Appointment Attached as Exhibit B.

4.      On and for some time before January 1, 2004, the plaintiff's decedent Barbara Clemente had been prescribed VIOXX by her doctor. Per her doctor's orders, she regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff's decedent was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of Barbara Clemente's consumption of the drug VIOXX, she was caused to suffer sudden death on or about January 1, 2004.

7.      At the time of its sale or distribution and continuing  through her date of death, VIOXX was in a defective condition unreasonably dangerous to the plaintiff's decedent and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the death of Barbara Clemente.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff's decedent.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the death of Barbara Clemente as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the death of the plaintiff's decedent as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff's decedent and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the death of the plaintiff's decedent as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff's decedent suffered a heart attack and died suddenly.

20.     As a further result, the plaintiff's decedent was caused to suffer a complete destruction of her earning capacity and her capacity to carry on and enjoy all of life's other activities.

## COUNT SIX – CLEMENTE-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Five are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Six.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff's decedent has been caused to suffer a heart attack and sudden death.

10.    As a further result, the plaintiff's decedent was caused to suffer a complete destruction of her earning capacity and her capacity to carry on and enjoy all of life's other activities.

**COUNT SEVEN – CLEMENTE-CUTPA, GENERAL STATUTES § 42-110b, et seq.**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Six are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Seven.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, Barbara Clemente has been caused to suffer a heart attack and sudden death.

14.    As a further result, the plaintiff's decedent was caused to suffer a complete destruction of her earning capacity and her capacity to carry on and enjoy all of life's other activities.

**COUNT EIGHT – CLEMENTE- LOSS OF CONSORTIUM**

1-44.  Paragraphs 1-20 of Count Five, paragraphs 1-10 of Count Six and paragraphs 1-14 of Count Seven are hereby incorporated and realleged as paragraphs 1-44 of this Count Eight.

45.     As a consequence of Barbara Clemente's death, the plaintiff Joseph Clemente, her surviving widower, has been caused to lose her company, society, services and affections.


## COUNT NINE – STRNISTE-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     The plaintiff is Peter Strniste who resides in Granby, Connecticut.

4.     On and for some time before September 28, 2004, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke and loss of his eyesight.

7.     At the time of its sale or distribution and continuing through the date of his stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.      The defendant breached these express warranties.

12.      The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.      The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.      The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the

defendant was a substantial factor in causing the injuries to the plaintiff as

described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff  and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.    The negligence of the defendants was a substantial factor in

causing the injuries to the plaintiff as described in this complaint.

18.    The plaintiff brings this action pursuant to General Statutes § 52-

572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.    As a result of the defective and unreasonably dangerous condition

of VIOXX and/or the failure to warn of the defective and unreasonably dangerous

nature of VIOXX and/or the breach of express and/or implied warranties and/or

the defendant's negligence, the plaintiff suffered a stroke and loss of his eyesight.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TEN – STRNISTE-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Nine are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Ten.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

   a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

   b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

   d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

   e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke and loss of his eyesight.

10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT ELEVEN – STRNISTE-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Ten are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Eleven.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered a stroke and loss of his eyesight.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWELVE – PICCOLO-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     The plaintiff is Louis Piccolo who resides in Milford, Connecticut.

4.     At and prior to the time before his heart attack, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a heart attack and permanent damage to his heart.

7.     At the time of its sale or distribution and continuing through the date of his heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)     it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)     adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     there was no adequate post-marketing warning and instruction;

d)     the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)     there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)     consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease.

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack and heart damage.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTEEN – PICCOLO-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Twelve are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Thirteen.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

   a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

   b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the plaintiff suffered a heart attack.

10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.


**COUNT FOURTEEN – PICCOLO-CUTPA, GENERAL STATUTES § 42-110b, et seq.**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirteen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Fourteen.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.


**COUNT FIFTEEN – NICOLIA - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q**

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.    On or about November 18, 2004, the Bridgeport Probate Court appointed the plaintiffs Armando Nicolia and Philomena Stefanacci to be the co-

administrators of Christina Nicolia's estate. See Appointment Attached as Exhibit
C.

    4.    On and for some time before August 27, 2004, the plaintiffs'
decedent Christina Nicolia had been prescribed VIOXX by his doctor. Per her
doctor's orders, Christina Nicolia regularly consumed VIOXX.

    5.    The VIOXX consumed by Christina Nicolia was designed,
manufactured, tested and/or sold by the defendant MERCK.

    6.    As a result of Christina Nicolia's consumption of the drug VIOXX,
she was caused to suffer sudden death on or about August 27, 2004.

    7.    At the time of its sale or distribution and continuing  through her
date of death, VIOXX was in a defective condition unreasonably dangerous to
Christina Nicolia and others in one or more of the following ways:

    a)    it was not accompanied by proper warnings regarding all possible
adverse side effects regarding its use;

    b)    adequate testing was not performed that would have shown
that VIOXX possessed serious potential side effects with
respect to which full warnings were necessary;

    c)    there was no adequate post-marketing warning and instruction;

    d)    the foreseeable risks of the use of VIOXX significantly exceeded
the benefits associated with its design and formulation;

    e)    there were inadequate clinical trials, testing and study which would
have uncovered serious risks associated with the product; and

    f)    consumers were unaware that for a small reduction in pain, they
were risking sudden death, heart attacks, and stroke from the use
of VIOXX.

    8.    One or more of the defects described above was a substantial
factor in causing the death of Christina Nicolia.

9.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by Christina Nicolia.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the death of Christina Nicolia as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the death of Christina Nicolia as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff's decedent and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.    The negligence of the defendants was a substantial factor in causing the death of Christina Nicolia as described in this complaint.

18.    The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiffs' decedent Christina Nicolia suffered heart attack and died suddenly.

20.    As a further result, the plaintiffs' decedent was caused to suffer a complete destruction of her earning capacity and her capacity to carry on and enjoy all of life's other activities.

## COUNT SIXTEEN – NICOLIA - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.    Paragraphs 1. through 6. of Count Fifteen are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Sixteen.

7.    The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiffs' decedent, Christina Nicolia has been caused to suffer a heart attack and sudden death.

10.    As a further result, the plaintiffs' decedent was caused to suffer a complete destruction of her earning capacity and her capacity to carry on and enjoy all of life's other activities.

## COUNT SEVENTEEN – NICOLIA - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Sixteen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Seventeen.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.  As a result of the defendants' deceptive acts, Christina Nicolia has been caused to suffer a heart attack and sudden death.

14.  As a further result, the plaintiffs' decedent was caused to suffer a complete destruction of her earning capacity and her capacity to carry on and enjoy all of life's other activities.

## COUNT EIGHTEEN – SILVERNAIL - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.  At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      On or about January 11, 2005, the Trumbull Probate Court appointed the plaintiff Cherie Silvernail to be the administratrix of her late husband Michael Silvernail's estate. See Appointment Attached as Exhibit D.

4.      On and for some time before October 7, 2003, the plaintiff's decedent Michael Silvernail had been prescribed VIOXX by his doctor. Per his doctor's orders, Michael Silvernail regularly consumed VIOXX.

5.      The VIOXX consumed by Michael Silvernail was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of Michael Silvernail's consumption of the drug VIOXX, he was caused to suffer a heart attack and sudden death on or about October 7, 2003.

7.      At the time of its sale or distribution and continuing through his date of death, VIOXX was in a defective condition unreasonably dangerous to Michael Silvernail and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the death of Michael Silvernail.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by Michael Silvernail.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the death of Michael Silvernail as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the death of Michael Silvernail as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that
        would alert the plaintiff's decedent and other consumers to the
        potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the
        medication that would alert plaintiff to refrain from use of VIOXX
        without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after
        placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden
        death;

f)      it failed to provide adequate post marketing instructions regarding
        the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in
causing the death of Michael Silvernail as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-
572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition
of VIOXX and/or the failure to warn of the defective and unreasonably dangerous
nature of VIOXX and/or the breach of express and/or implied warranties and/or
the defendant's negligence, the plaintiff's decedent Michael Silvernail suffered a
heart attack and died suddenly.

20.     As a further result, the plaintiff's decedent was caused to suffer a
complete destruction of his earning capacity and his capacity to carry on and
enjoy all of life's other activities.

## COUNT NINETEEN – SILVERNAIL - PUNITIVE DAMAGES - GENERAL

## STATUTES § 52-240a

1. - 6. Paragraphs 1. through 6. of Count Eighteen are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Nineteen.

7.    The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

    a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

    b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

    c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

    d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

    e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

    f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff's decedent, Michael Silvernail has been caused to suffer a heart attack and sudden death.

10.     As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY – SILVERNAIL -CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Nineteen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, Michael Silvernail has been caused to suffer a heart attack and sudden death.

14.    As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-ONE – SILVERNAIL - LOSS OF CONSORTIUM

1-44.   Paragraphs 1-20 of Count Eighteen, paragraphs 1-10 of Count Nineteen and paragraphs 1-14 of Count Twenty are hereby incorporated and realleged as paragraphs 1-44 of this Count Twenty-One.

45.    As a consequence of Michael Silvernail's death, the plaintiff Cherie Silvernail, Michael Silvernail's surviving widow, has been caused to lose his company, society, services and affections.

## COUNT TWENTY-TWO – RODRIGUEZ - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.    The plaintiff is Marjorie Rodriguez who resides in Norwalk, Connecticut.

4.     On and for some time before October 8, 2003, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a stroke.

7.     At the time of its sale or distribution and continuing through the date of her stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)   it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)   adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)   there was no adequate post-marketing warning and instruction;

   d)   the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)   there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

   f)   consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

20.      As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; she suffered an impairment of her earning capacity as well as lost wages; and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-THREE – RODRIGUEZ - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Twenty-Two are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Twenty-Three.

7.      The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of

those risks;

b) they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c) they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d) they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e) they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f) they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8. The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9. As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke.

10. As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; she suffered an impairment of her earning capacity as well as lost wages; and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

**COUNT TWENTY-FOUR – RODRIGUEZ - CUTPA, GENERAL STATUTES § 42-110b, et seq.**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Twenty-Three are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty-Four.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

14.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; she suffered an impairment of her earning capacity as well as lost wages; and she also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-FIVE – McKEOWN - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is James McKeown who resides in West Haven, Connecticut.

4.      On and for some time before January 21, 2003, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke.

7.      At the time of its sale or distribution and continuing through the date of his stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)      there was no adequate post-marketing warning and instruction;

   d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and