knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered a stroke and heart attack.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FOURTY-NINE – MURPHY-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     The plaintiff is Marie Murphy who resides in Torrington, Connecticut.

4.     On and for some time before January 2004, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer from a fibrillation.

7.      At the time of its sale or distribution and continuing through the date of her diagnosis of a fibrillation, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered from a fibrillation.

20.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTY – MURPHY-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.   Paragraphs 1. through 6. of Count Fourty-Nine are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Fifty.

7.   The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)   the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)   they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)   they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)  they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)  they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)  they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.  The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.  As a result of the defendants' reckless disregard of product users, the plaintiff suffered from a fibrillation.

10.  As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.


## COUNT FIFTY-ONE – MURPHY-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Fifty are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Fifty-One.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated

misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered from atrial fibrillation.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTY-TWO – BAGENSKI-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     The plaintiff is Theresa Bagenski who resides in South Meriden, Connecticut.

4.     On and for some time before November 5, 2004, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a TIA and a silent stroke.

7.      At the time of its sale or distribution and continuing through the date of her TIA and silent stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.      The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a TIA and a silent stroke.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTY-THREE – BAGENSKI-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Fifty-Two are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Fifty-Three.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

    a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

    b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

    c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff suffered a TIA and a silent stroke.

10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTY-FOUR – BAGENSKI-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Fifty-Three are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Fifty-Four.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12. The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13. As a result of the defendants' deceptive acts, the plaintiff suffered a TIA and a silent stroke.

14. As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTY-FIVE – ERICSON - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1. At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2. The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3. On or about August 19, 2004, the Niantic Probate Court appointed the plaintiff Lorraine Ericson to be the administrator of Marian Ericson's estate. See Appointment Attached as Exhibit E.

4.      On and for some time before July 19, 2004, the plaintiff's decedent Marian Ericson had been prescribed VIOXX by her doctor. Per her doctor's orders, Marian Ericson regularly consumed VIOXX.

5.      The VIOXX consumed by Marian Ericson was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of Marian Ericson's consumption of the drug VIOXX, she was caused to suffer sudden death on or about July 19, 2004.

7.      At the time of its sale or distribution and continuing through her date of death, VIOXX was in a defective condition unreasonably dangerous to Marian Ericson and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the death of Marian Ericson.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by Marian Ericson.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the death of Marian Ericson as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the death of Marian Ericson as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff's decedent and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the death of Marian Ericson as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff's decedent Marian Ericson suffered a stroke and died suddenly.

20.     As a further result, the plaintiff's decedent was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.


**COUNT FIFTY-SIX – ERICSON- PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a**

1. - 6.  Paragraphs 1. through 6. of Count Fifty-Five are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Fifty-Six.

7.      The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)   they refused to perform testing that they suspected would
     have shown that VIOXX possessed serious potential side
     effects with respect to which full warnings were necessary;

c)   they refused to provide adequate post-marketing warning and
     instruction despite spending tens of millions of dollars on a direct to
     consumer marketing campaign;

d)   they misled the public into believing that the foreseeable risks of the
     use of VIOXX were de minimus in relation to the benefits
     associated with its' design and formulation;

e)   they failed to perform adequate clinical trials, testing and study
     which would have uncovered enormous risks associated with the
     product; and

f)   they kept consumers ignorant of the fact that for a small reduction
     in pain, they were risking sudden death, heart attacks, and stroke
     from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer

without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users,

the plaintiff's decedent, Marian Ericson has been caused to suffer a heart attack

and sudden death.

10.     As a further result, the plaintiff's decedent was caused to suffer a

complete destruction of her capacity to carry on and enjoy all of life's other

activities.


**COUNT FIFTY-SEVEN – ERICSON - CUTPA, GENERAL STATUTES § 42-**

**110b, et seq.**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Fifty-Six are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Fifty-Seven.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, Marian Ericson has been caused to suffer a stroke and sudden death.

14.     As a further result, the plaintiff's decedent was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTY-EIGHT – COBURN-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.    The plaintiff is Mary Coburn who resides in New Haven, Connecticut.

4.    On and for some time before March of 2003, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.    The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.    As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a stroke.

7.    At the time of its sale or distribution and continuing through the date of her stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTY-NINE – COBURN-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Fifty-Eight are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Fifty-Nine.

7.      The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)      they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke.

10.      As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.


## COUNT SIXTY–COBURN-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Fifty-Nine are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Sixty.

11.   The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.   The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.   As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

14.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SIXTY-ONE – DEROSE-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.   At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.   The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.   The plaintiff is Joseph Derose who resides in Orange, Connecticut.

4.      On and for some time before May 6, 2004, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a heart attack.

7.      At the time of its sale or distribution and continuing through the date of his heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

17.      The negligence of the defendants was a substantial factor in
causing the injuries to the plaintiff as described in this complaint.

18.      The plaintiff brings this action pursuant to General Statutes § 52-
572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.      As a result of the defective and unreasonably dangerous condition
of VIOXX and/or the failure to warn of the defective and unreasonably dangerous
nature of VIOXX and/or the breach of express and/or implied warranties and/or
the defendant's negligence, the plaintiff suffered a heart attack.

20.      As a further result, the plaintiff was caused to incur and will
continue to incur medical expenses, and he also suffered an impairment in his
capacity to carry on and enjoy all of life's other activities.


## COUNT SIXTY-TWO – DEROSE-PUNITIVE DAMAGES - GENERAL

## STATUTES § 52-240a

1. - 6.   Paragraphs 1. through 6. of Count Sixty-One are hereby
incorporated and realleged as paragraphs 1. through 6. of this Count Sixty-Two.

7.      The defendant MERCK acted with reckless disregard for the safety
of users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all
        possible adverse side effects regarding its use despite the fact that
        MERCK and its agents, servants, and employees were aware of
        those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff suffered a heart attack.

10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT SIXTY-THREE – DEROSE-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Sixty-Two are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Sixty-Three.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.  As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.  As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT SIXTY-FOUR – MARR-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.  At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.  The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      On or about December 7, 2005, the East Lyme Probate Court appointed the plaintiff Donald Marr to be the executor of the estate of Eleanor Marr.  See Appointment Attached as Exhibit F.

4.      On and for some time before the year 2000, the plaintiff's decedent Eleanor Marr had been prescribed VIOXX by her doctor. Per her doctor's orders, Eleanor Marr regularly consumed VIOXX.

5.      The VIOXX consumed by Eleanor Marr was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of Eleanor Marr's consumption of the drug VIOXX, she was caused to suffer a heart attack and sudden death pursuant to General Statutes §52-555.

7.      At the time of its sale or distribution and continuing through the date of her heart attack, VIOXX was in a defective condition unreasonably dangerous to Eleanor Marr and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)      there was no adequate post-marketing warning and instruction;

   d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

   f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     One or more of the defects described above was a substantial factor in causing Eleanor Marr's injuries.

9.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to Eleanor Marr as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to Eleanor Marr as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.      The negligence of the defendants was a substantial factor in causing the injuries to Eleanor Marr as described in this complaint.

18.      The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.      As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff's decedent Eleanor Marr suffered a heart attack and sudden death pursuant to General Statutes §52-555.

20.      As a further result, the plaintiff's decedent was caused to incur medical expenses, and impairment of her ability to enjoy all of life's other activities.


**COUNT SIXTY-FIVE – MARR-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a**

1. - 6.  Paragraphs 1. through 6. of Count Sixty-Four are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Sixty-Five.

7.    The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff's decedent, Eleanor Marr, suffered a heart attack and sudden death pursuant to General Statutes §52-555.

10.    As a further result, the plaintiff's decedent was caused to incur medical expenses, and impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SIXTY-SIX – MARR-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Sixty-Five are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Sixty-Six.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff's decedent, Eleanor Marr, suffered a heart attack and sudden death pursuant to General Statutes §52-555.

14.    As a further result, the plaintiff's decedent was caused to incur medical expenses and suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SIXTY-SEVEN –PIETRANDREA-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     The plaintiff is Gilda Pietrandrea who resides in North Haven, Connecticut.

4.     On and for some time before October 2002, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a heart attack.

7.     At the time of its sale or distribution and continuing through the date of her heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)     it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)     adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     there was no adequate post-marketing warning and instruction;

d)     the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)     there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

    f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

    8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

    9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

    10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

    11.     The defendant breached these express warranties.

    12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

    13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

    14.     The defendant breached this implied warranty of merchantability.

    15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

    16.     The defendant was negligent in one or more of the following ways:

    a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

    b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)  it failed to adequately and properly test VIOXX before and after placing it on the market;

d)  it failed to conduct sufficient testing on VIOXX;

e)  it failed to warn of the risk of heart attack, stroke, and sudden death;

f)  it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)  it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart atatck.

20.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SIXTY-EIGHT –PIETRANDREA-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Sixty-Seven are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Sixty-Eight.

7.     The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer

without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users,

the plaintiff suffered a heart attack.

10.     As a further result, the plaintiff was caused to incur and will

continue to incur medical expenses, and she also suffered an impairment in her

capacity to carry on and enjoy all of life's other activities.

## COUNT SIXTY-NINE – PIETRANDREA-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Sixty-Eight are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Sixty-Nine.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SEVENTY – THEODORE-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is Irene Theodore who resides in Windsor Locks, Connecticut.

4.      On and for some time before 2002, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a heart attack.

7.      At the time of its sale or distribution and continuing through the date of her heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.


## COUNT SEVENTY-ONE – THEODORE - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Seventy are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Seventy-One.

7.      The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)      they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the plaintiff suffered a heart attack.

10.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SEVENTY-TWO – THEODORE-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Seventy-One are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Seventy-Two.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

**COUNT SEVENTY-THREE – VAN BOEMMEL -PRODUCTS LIABILITY**

**GENERAL STATUTES § 52-572n & q**

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is Kurt Van Boemmel who resides in West Haven, Connecticut.

4.      On and for some time before August 2001, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke.

7.      At the time of its sale or distribution and continuing through the date of his stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

    a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)  adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)  there was no adequate post-marketing warning and instruction;

d)  the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)  there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)  consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.  One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.  The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.  The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.  The defendant breached these express warranties.

12.  The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.  The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.  The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the
defendant was a substantial factor in causing the injuries to the plaintiff as
described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that
        would alert the plaintiff and other consumers to the potential risks
        and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the
        medication that would alert plaintiff to refrain from use of VIOXX
        without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after
        placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden
        death;

f)      it failed to provide adequate post marketing instructions regarding
        the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in
causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-
572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition
of VIOXX and/or the failure to warn of the defective and unreasonably dangerous
nature of VIOXX and/or the breach of express and/or implied warranties and/or
the defendant's negligence, the plaintiff suffered a stroke.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT SEVENTY-FOUR – VAN BOEMMEL - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Seventy-Three are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Seventy-Four.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke.

10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SEVENTY-FIVE – VAN BOEMMEL-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Seventy-Four are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Seventy-Five.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT SEVENTY-SIX – KUHNER -PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     The plaintiff is Gloria Kuhner who resides in Southbury, Connecticut.

4.     On and for some time before January 2001, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer stroke-like symptoms.

7.     At the time of its sale or distribution and continuing through the date of the onset of her stroke-like symptoms, VIOXX was in a defective condition

unreasonably dangerous to the plaintiff and others in one or more of the following ways:

    a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

    b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

    c)    there was no adequate post-marketing warning and instruction;

    d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

    e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

    f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.    The defendant breached these express warranties.

12.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous

nature of VIOXX and/or the breach of express and/or implied warranties and/or

the defendant's negligence, the plaintiff suffered stroke-like symptoms.

20.    As a further result, the plaintiff was caused to incur and will

continue to incur medical expenses, and she also suffered an impairment in her

capacity to carry on and enjoy all of life's other activities.


**COUNT SEVENTY-SEVEN – KUHNER - PUNITIVE DAMAGES - GENERAL**

**STATUTES § 52-240a**

1. - 6.  Paragraphs 1. through 6. of Count Seventy-Six are hereby

incorporated and realleged as paragraphs 1. through 6. of this Count Seventy-

Seven.

7.    The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

      f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

      8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

      9.     As a result of the defendants' reckless disregard of product users, the plaintiff suffered stroke-like symptoms.

      10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SEVENTY-EIGHT – KUHNER-CUTPA, GENERAL STATUTES § 42-110b, et seq.

      1. - 10.  The allegations of paragraphs 1. - 10. of Count Seventy-Seven are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Seventy-Eight.

      11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

      12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered stroke-like symptoms.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SEVENTY-NINE – COWAN -PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     The plaintiff is Al Cowan who resides in Storrs, Connecticut.

4.     On and for some time before March 2004, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke.

7.      At the time of its sale or distribution and continuing through the date of his stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT EIGHTY – COWAN - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Seventy-Nine are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Eighty.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke.

10.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.


**COUNT EIGHTY-ONE – COWAN-CUTPA, GENERAL STATUTES § 42-110b, et seq.**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Eighty are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Eighty-One.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they

knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

**WHEREFORE**, PLAINTIFFS CLAIM DAMAGES IN EXCESS OF FIFTEEN

THOUSAND ($15,000.00) DOLLARS, AS WELL AS PUNITIVE DAMAGES

PURSUANT TO GENERAL STATUTES §§ 42-110g(a) & 52-240a AND

ATTORNEYS FEES PURSUANT TO GENERAL STATUTES § 42-110g(d), AND

THIS MATTER IS WITHIN THE JURISDICTION OF THIS COURT.

THE PLAINTIFFS,


BY:_____

    MICHAEL A. STRATTON
CT 08166
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL: (203) 624-9500
FAX:  203-624-9100

FIDUCIARY'S PROBATE
CERTIFICATE
PC-450  REV. 8/02

**STATE OF CONNECTICUT**

**COURT OF PROBATE**

| FROM: COURT OF PROBATE, DISTRICT OF East Lyme | DISTRICT NO. 045 | |
|---|---|---|
| ESTATE OF/IN THE MATTER OF<br><br>Eleanor B. Marr  (05-0008) | | DATE OF CERTIFICATE<br><br>*December 7, 2005*<br><br>*Valid for one year from this date. C.G.S. §45a-200* |
| FIDUCIARY'S NAME AND ADDRESS<br><br>Donald W. Marr, 29 Mayfield Terrace, East Lyme, CT 06333 | FIDUCIARY'S POSITION OF TRUST<br><br>Executor | DATE OF APPOINTMENT<br><br>December 7, 2005 |

*The undersigned hereby certifies that the fiduciary of the above-named estate has accepted appointment, has executed bond according to law or has been excused from executing bond by will or by statute, and is legally authorized and qualified to act as such fiduciary on said estate because said appointment is unrevoked and in full force as of the above date of certificate.*

*Limitation, if any, on the above certificate:*

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this court on the above date of certificate.

............................................................
Judge, Ass't Clerk

**Court
Seal**

**NOT VALID WITHOUT COURT OF PROBATE SEAL IMPRESSED**

FIDUCIARY'S PROBATE CERTIFICATE
PC-450