f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.      The defendant breached these express warranties.

12.      The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.      The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.      The defendant breached this implied warranty of merchantability.

15.      The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.      The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-SIX – McKEOWN -PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.   Paragraphs 1. through 6. of Count Twenty-Five are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Twenty-Six.

7.   The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)   the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)   they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)   they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)   they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)   they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)   they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.   The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.   As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke.

10.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning

capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-SEVEN – McKEOWN - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Twenty-Six are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty-Seven.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

14.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-EIGHT – DONALDSON - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is William Donaldson who resides in Terryville, Connecticut.

4.      On and for some time before July 4, 2001, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a heart attack.

7.      At the time of its sale or distribution and continuing  through the date of his heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack.

20.      As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-NINE – DONALDSON - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Twenty-Eight are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Twenty-Nine.

7.  The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)  the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)  they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)  they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)  they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)  they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)  they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.  The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the plaintiff suffered a heart attack.

10.      As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY – DONALDSON - CUTPA, GENERAL STATUTES § 42-110b, et seg.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Twenty-Nine are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.      As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.      As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning

capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-ONE – DeROSE -PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     The plaintiff is Gary DeRose who resides in East Haven, Connecticut.

4.     On and for some time before October 28, 2002, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a heart attack and an AICD implantation.

7.     At the time of its sale or distribution and continuing through the date of his heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)   it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)   adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)   there was no adequate post-marketing warning and instruction;

d)   the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)   there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)   consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.    The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.    The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or

the defendant's negligence, the plaintiff suffered a heart attack and an AICD
implantation.

     20.    As a further result, the plaintiff was caused to incur and will
continue to incur medical expenses; he suffered an impairment of his earning
capacity as well as lost wages; and he also suffered an impairment in his
capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-TWO – DeROSE - PUNITIVE DAMAGES - GENERAL
## STATUTES § 52-240a

     1. - 6.  Paragraphs 1. through 6. of Count Thirty-One are hereby
incorporated and realleged as paragraphs 1. through 6. of this Count Thirty-Two.

     7.    The defendant MERCK acted with reckless disregard for the safety
of users of its product, VIOXX in one or more of the following ways:

    a)    the product was not accompanied by proper warnings regarding all
possible adverse side effects regarding its use despite the fact that
MERCK and its agents, servants, and employees were aware of
those risks;

    b)    they refused to perform testing that they suspected would
have shown that VIOXX possessed serious potential side
effects with respect to which full warnings were necessary;

    c)    they refused to provide adequate post-marketing warning and
instruction despite spending tens of millions of dollars on a direct to
consumer marketing campaign;

    d)    they misled the public into believing that the foreseeable risks of the
use of VIOXX were de minimus in relation to the benefits
associated with its' design and formulation;

    e)    they failed to perform adequate clinical trials, testing and study
which would have uncovered enormous risks associated with the
product; and

f)      they kept consumers ignorant of the fact that for a *small reduction* in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the plaintiff suffered a heart attack and an AICD implantation.

10.      As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-THREE – DeROSE - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty-Two are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty-Three.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they

knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack and an AICD implantation.

14.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-FOUR – BISIGHINI -PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.    The plaintiff is Nicholas Bisighini who resides in North Haven, Connecticut.

4.    On and for some time before September 22, 2002, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a heart attack.

7.     At the time of its sale or distribution and continuing  through the date of his heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)     it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)     adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     there was no adequate post-marketing warning and instruction;

d)     the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)     there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)     consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.    The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.    The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.


**COUNT THIRTY-FIVE – BISIGHINI - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a**

1. - 6.  Paragraphs 1. through 6. of Count Thirty-Four are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Thirty-Five.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff suffered a heart attack.

10.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-SIX – BISIGHINI - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty-Five are hereby incorporated and realleged as paragraphs 1. – 10. of this Count Thirty-Six.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.  As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.  As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-SEVEN – FORTUNE - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.  At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.  The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.  The plaintiff is William Fortune who resides in Fairfield, Connecticut.

4.      On and for some time before April 29, 2003, the plaintiff had been
prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly
consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured,
tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was
caused to suffer a heart attack.

7.      At the time of its sale or distribution and continuing  through the
date of his heart attack, VIOXX was in a defective condition unreasonably
dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible
        adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown
        that VIOXX possessed serious potential side effects with
        respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded
        the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would
        have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they
        were risking sudden death, heart attacks, and stroke from the use
        of VIOXX.

8.      One or more of the defects described above was a substantial
factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to
and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack.

20.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-EIGHT – FORTUNE - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Thirty-Seven are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Thirty-Eight.

7.   The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)   the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of

those risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which *full warnings were necessary;*

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff suffered a heart attack.

10.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

**COUNT THIRTY-NINE – FORTUNE - CUTPA, GENERAL STATUTES § 42-110b, et seq.**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty-Eight are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty-Nine.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.   As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.


**COUNT FORTY – BEARD - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q**

1.   At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is Luther Beard who resides in Monroe, Connecticut.

4.      On and for some time before July 13, 2000, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke.

7.      At the time of its sale or distribution and continuing through the date of his stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

    a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

    b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

    c)    there was no adequate post-marketing warning and instruction;

    d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

    e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

20.      As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FORTY-ONE – BEARD - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.   Paragraphs 1. through 6. of Count Forty are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Forty-One.

7.   The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)   the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)   they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)   they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)   they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)   they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)   they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.   The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.   As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke.

10.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning

capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FORTY-TWO – BEARD - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Forty-One are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Forty-Two.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FORTY-THREE – YACONE - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is William Yacone who resides in Bloomfield, Connecticut.

4.      On and for some time before November 17, 2004, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a heart attack.

7.      At the time of its sale or distribution and continuing through the date of his heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     there was no adequate post-marketing warning and instruction;

d)     the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)     there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)     consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.    The defendant breached these express warranties.

12.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.    The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)   it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)   it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack.

20.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FORTY-FOUR – YACONE - PUNITIVE DAMAGES - GENERAL

## STATUTES § 52-240a

1. - 6.   Paragraphs 1. through 6. of Count Forty-Three are hereby

incorporated and realleged as paragraphs 1. through 6. of this Count Forty-Four.

7.      The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)      they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer

without substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users,

the plaintiff suffered a heart attack.

10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FORTY-FIVE – YACONE - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Forty-Four are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Forty-Five.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning

capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FORTY-SIX – LOPEZ -PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is Zoraida Lopez who resides in Waterbury, Connecticut.

4.      On and for some time before December of 2003, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a stroke and a heart attack.

7.      At the time of its sale or distribution and continuing through the date of her stroke and heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)  it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)  adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)  there was no adequate post-marketing warning and instruction;

d)  the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)  there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)  consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.  One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.  The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.  The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.  The defendant breached these express warranties.

12.  The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.  The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.  The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.    The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.    The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke and heart attack.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FORTY-SEVEN – LOPEZ - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240a

1. - 6.  Paragraphs 1. through 6. of Count Forty-Six are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Forty-Seven.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, *they were risking* sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke and heart attack.

10.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.


## COUNT FOURTY-EIGHT – LOPEZ - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Forty-Seven are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Forty-Eight.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they