FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR -3 PM 4:06

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: *State of Louisiana, ex. rel. Charles C. Foti, Jr., Attorney General*, No. 05-3700 and *Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana*, No. 05-0713 | No. MDL Docket No. 1657<br><br>Section L<br><br>JUDGE FALLON<br><br>MAG. JUDGE KNOWLES |

### MERCK & CO., INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO RE-URGE MOTION TO CONSOLIDATE

Plaintiffs have once again asked this Court to consolidate the *Foti* and *Blue Cross/Blue Shield* actions for trial in the MDL on the ground that both cases seek refunds for Vioxx payments and both seek to recover for their beneficiaries' alleged personal injuries from Vioxx. As set forth in Merck's prior briefing, a joint trial of these actions is inappropriate because the two cases will necessarily involve very different factual and legal inquiries, and plaintiffs' motion should therefore be denied. (*See* Merck's Opposition to Plaintiffs' Motion for Expedited Consideration, filed December 27, 2005; Merck's Surreply To Plaintiffs' Motion For Expedited Consideration, filed February 13, 2006.)

First, even if conducted separately, trials of these cases would each be highly unmanageable because plaintiffs are seeking to recover damages – in one case – for alleged personal injuries to many beneficiaries. Thus, resolution of either the *Foti* or *Blue Cross/Blue*

Fee_____
Process_____
X Dktd_____ 800907v.1
___ CtRmDep_____
___ Doc. No_____

*Shield* suits would require numerous mini-trials on specific causation issues, and it is unclear how they could be fairly tried separately, let alone if they were consolidated for trial. *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 445-46 (D.N.J 1998) (denying consolidation of cases involving "diverse medical histories" and "different injuries to the brain and to the heart . . . . This evidence is specific and unique to each Plaintiff's case."); *In re Repetitive Stress Injury Litig.*, 11 F.3d 368 (2d Cir. 1993) (granting mandamus and vacating order consolidating personal injury claims); *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (D. Mich. 1985) (denying consolidation of products liability actions against an IUD manufacturer despite the fact that all plaintiffs alleged similar injury because "many of the factual and legal issues involved are significantly different [and] [c]onvenience and judicial economy is outweighed by the likelihood of confusion and prejudice").

Second, consolidation is inappropriate because the plaintiffs' refund claims will also involve different factual inquiries. Obviously, answering the question of what Merck told ***BC/BS*** about the alleged risks of Vioxx, what ***BC/BS*** knew about Vioxx from other sources, and whether ***BC/BS*** would have made a different coverage decision if Merck had provided the information that was allegedly withheld requires different evidence from determining why ***DHH*** decided to cover Vioxx, what ***DHH*** knew about Vioxx from other sources and whether ***DHH*** would have reached a different decision if Merck had made different representations. Moreover, a trial in the *Foti* case would almost certainly involve evidence related to the dense regulatory framework that surrounds the federal Medicaid system and governs when a state ***must*** provide coverage for FDA-approved drugs, evidence that is wholly irrelevant to the BC/BS claims.

For the foregoing reasons, as explained in more detail in Merck's prior briefing, Merck respectfully requests that the Court again deny plaintiffs' motion.

Respectfully submitted,

*[signature]*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Memorandum in Opposition to Plaintiffs' Motion to Reurge Motion to Consolidate has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail and by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 3rd day of March, 2006.

*[signature]*