FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR -3  PM 4: 08

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: VIOXX** | |
| **PRODUCTS LIABILITY LITIGATION** | No. MDL Docket No. 1657 |
| | SECTION L |
| **This document relates to: Thomas L. Pettyjohn and Karen Pettyjohn, husband and wife v. Merck & Co., Inc., (E.D. La. Index No. 2:06-cv-00701-EEF-DEK)** | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

## ANSWER

Defendant Merck & Co., Inc., ("Merck"), by its undersigned attorneys, answers

Plaintiffs' Complaint and submits its Jury Demand as follows:

1.

The allegations set forth in paragraph 1 of the Complaint are legal conclusions to which

no responsive pleading is required.  Should a response be deemed required, Merck admits that

Plaintiffs purport to seek relief in an amount in excess of the jurisdictional limit but denies that

there is any factual or legal basis for such relief.

2.

Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations set forth in paragraph 2 of the Complaint and is therefore unable to admit or

deny such allegations.

3.

Merck denies each and every allegation set forth in paragraph 3 of the Complaint except

admits that Merck is a New Jersey corporation with its principal place of business at One Merck

Drive, Whitehouse Station, New Jersey and that Merck manufactured and distributed the

prescription medicine Vioxx® ("Vioxx") until it voluntarily withdrew Vioxx from the

Fee
Process
X  Dktd
CtRmDep
800389dV1
Doc. No.

worldwide market on September 30, 2004.  Merck further admits that it is registered to do business in Oregon.

4.

The allegation set forth in the paragraph 4 of the Complaint is a legal conclusion to which no responsive pleading is required.

5.

Merck denies each and every allegation set forth in paragraph 5 of the Complaint.

6.

Merck denies each and every allegation set forth in paragraph 6 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx is the brand name for rofecoxib.

7.

Merck denies each and every allegation set forth in paragraph 7 of the Complaint except admits that Vioxx is part of a class of medications known as NSAIDs, that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

8.

Merck denies each and every allegation set forth in paragraph 8 of the Complaint except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase 1 (COX 1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

9.

Merck denies each and every allegation set forth in paragraph 9 of the Complaint except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the United States Food and Drug Administration ("FDA")-

approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

10.

Merck denies each and every allegation set forth in paragraph 10 of the Complaint except admits that Merck sought and received FDA approval in May 1999 to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its indicated uses and full text.

11.

Merck denies each and every allegation set forth in paragraph 11 of the Complaint.

12.

Merck denies each and every allegation set forth in paragraph 12 of the Complaint except admits that Plaintiffs purport to quote the referenced memorandum; however, Merck avers that said quote is taken out of context and respectfully refers the Court to the referenced memorandum for its actual language and full text.

13.

Merck denies each and every allegation set forth in paragraph 13 of the Complaint except admits that Plaintiffs purport to quote the referenced e-mail; however, Merck avers that said quote is taken out of context and respectfully refers the Court to the referenced e-mail for its actual language and full text.

14.

Merck denies each and every allegation set forth in paragraph 14 of the Complaint except admits that Merck scientists participated in the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

15.

Merck denies each and every allegation set forth in paragraph 15 of the Complaint and avers that prior to the VIGOR trial, Merck had put in place a cardio-vascular standard operating procedure consisting of three external panels of experts, the purpose of which was to adjudicate investigator reported cardiovascular adverse events from clinical trials of Vioxx.

16.

Merck denies each and every allegation set forth in paragraph 16 of the Complaint except admits that the VIGOR study exists and respectfully refers the Court to the study for its actual conclusions and full text.

17.

Merck denies each and every allegation set forth in paragraph 17 of the Complaint.

18.

Merck denies each and every allegation set forth in paragraph 18 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information.

19.

Merck denies each and every allegation set forth in paragraph 19 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

20.

Merck denies each and every allegation set forth in paragraph 20 of the Complaint.

21.

Merck denies each and every allegation set forth in paragraph 21 of the Complaint except admits that Merck received a letter from Spencer Salis of DDMAC on December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and text.

22.

Merck denies each and every allegation in paragraph 22 of the Complaint, including subparagraphs (a) through (c), except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

23.

Merck denies each and every allegation set forth in paragraph 23 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the VIGOR study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

24.

Merck denies each and every allegation set forth in paragraph 24 of the Complaint except admits that the studies referenced in sentence one of paragraph 24 and the article referenced in sentence four of paragraph 24 exist, and respectfully refers the Court to said studies and article for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

25.

Merck denies each and every allegation set forth in paragraph 25 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

26.

Merck denies each and every allegation set forth in the first and second sentences of paragraph 26 of the Complaint.  Merck denies each and every allegation set forth in the third sentence of paragraph 26 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

27.

Merck denies each and every allegation set forth in paragraph 27 of the Complaint except admits that the referenced briefing document and memorandum exist and respectfully refers the Court to said documents for their actual language and full text.  Merck further admits that the VIGOR study exists and respectfully refers the Court to the study for its actual conclusions and full text.

28.

Merck denies each and every allegation set forth in paragraph 28 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX" and respectfully refers the Court to the referenced press release for its actual language and full text.

29.

Merck denies each and every allegation set forth in paragraph 29 of the Complaint but avers that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, which Plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

30.

Merck denies each and every allegation set forth in paragraph 30 of the Complaint except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

31.

Merck denies each and every allegation set forth in paragraph 31 of the Complaint except admits that the referenced article and press release exist and respectfully refers the Court to the referenced article and press release for their actual language and full text.

32.

Merck denies each and every allegation set forth in paragraph 32 of the Complaint except avers that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001,

which Plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

33.

Merck denies each and every allegation set forth in paragraph 33 of the Complaint except avers that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, which Plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

34.

Merck denies each and every allegation set forth in paragraph 34 of the Complaint, except admits that in 2001 Vioxx achieved worldwide sales of $2.6 billion.

35.

Merck denies each and every allegation set forth in paragraph 35 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

36.

Merck denies each and every allegation set forth in paragraph 36 of the Complaint except admits that the referenced articles exist and respectfully refers the Court to said articles for their actual language and full text.

37.

Merck denies each and every allegation set forth in paragraph 37 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

38.

Merck denies each and every allegation set forth in paragraph 38 of the Complaint.

39.

Merck denies each and every allegation set forth in paragraph 39 of the Complaint except admits that the referenced article exists and that Plaintiffs purport to quote from the referenced article, but respectfully refers the Court to said article for its actual language and full text.

40.

Merck denies each and every allegation set forth in paragraph 40 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

41.

Merck denies each and every allegation set forth in paragraph 41 of the Complaint except admits that the referenced system for adverse event reporting exists, and admits various cardiovascular adverse events associated with Vioxx have been reported to the AERS system, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.  Merck respectfully refers the Court to the AERS for complete data on particular reported events.

42.

Merck denies each and every allegation set forth in paragraph 42 of the Complaint.

43.

Merck denies each and every allegation set forth in paragraph 43 of the Complaint.

44.

Merck denies each and every allegation set forth in paragraph 44 of the Complaint except admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking a placebo, and that, given the availability of alternative therapies and questions raised by

the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

45.

Merck denies each and every allegation set forth in the first sentence of paragraph 45 of the Complaint. With respect to the allegations contained in the second sentence of paragraph 45, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and is, therefore, unable to admit or deny such allegations.

46.

Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 of the Complaint and, therefore, is unable to admit or deny such allegations.

47.

Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 of the Complaint and, therefore, is unable to admit or deny such allegations.

48.

Merck denies each and every allegation set forth in paragraph 48 of the Complaint.

49.

Merck denies each and every allegation set forth in paragraph 49 of the Complaint.

50.

Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

51.

Merck denies each and every allegation set forth in paragraph 51 of the Complaint.

52.

Merck denies each and every allegation set forth in paragraph 52 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

53.

Merck denies each and every allegation set forth in paragraph 53 of the Complaint.

54.

Merck denies each and every allegation set forth in paragraph 54 of the Complaint.

55.

Merck denies each and every allegation set forth in paragraph 55 of the Complaint.

## RESPONSE TO FIRST CLAIM FOR RELIEF

### (Strict Products Liability)

56.

As paragraph 56 references prior paragraphs, Merck repeats and re-alleges all responses to all prior paragraphs of Plaintiffs' Complaint as if fully set forth herein.

57.

Merck denies each and every allegation set forth in paragraph 57 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

58.

The allegations set forth in paragraph 58 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation as contained in said paragraph of the Complaint and respectfully refers the Court to the relevant statutory and common law standards for products liability claims in this jurisdiction.

59.

Merck denies each and every allegation set forth in paragraph 59 of the Complaint.

60.

Merck denies each and every allegation set forth in paragraph 60 of the Complaint.

800380v.1

61.

Merck denies each and every allegation set forth in paragraph 61 of the Complaint.

62.

Merck denies each and every allegation set forth in paragraph 62 of the Complaint.

63.

Merck denies each and every allegation set forth in paragraph 63 of the Complaint.

64.

Merck denies each and every allegation set forth in paragraph 64 of the Complaint.

65.

Merck denies each and every allegation set forth in paragraph 65 of the Complaint.

66.

Merck denies each and every allegation set forth in paragraph 66 of the Complaint.

67.

Merck denies each and every allegation set forth in paragraph 67 of the Complaint including sub-paragraphs (a) through (j).

68.

Merck denies each and every allegation set forth in paragraph 68 of the Complaint.

69.

Merck denies each and every allegation set forth in paragraph 69 of the Complaint.

70.

Merck denies each and every allegation set forth in paragraph 70 of the Complaint.

71.

Merck denies each and every allegation set forth in paragraph 71 of the Complaint.

72.

Merck denies each and every allegation set forth in paragraph 72 of the Complaint.

73.

Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 73 of the Complaint and, therefore, is unable to admit or deny such allegations.

74.

Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 74 of the Complaint and, therefore, is unable to admit or deny such allegations.

75.

Merck denies each and every allegation set forth in paragraph 75 of the Complaint.

76.

Merck denies each and every allegation set forth in paragraph 76 of the Complaint.

## RESPONSE TO SECOND CLAIM FOR RELIEF
### (Violation of Oregon Unfair Trade Practices Act)

77.

As paragraph 77 references prior paragraphs, Merck repeats and re-alleges all responses to all prior paragraphs of Plaintiffs' Complaint as if fully set forth herein.

78.

The allegations set forth in paragraph 78 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, except admits that plaintiffs purports to seek certain forms of relief under the referenced statute, but denies that there is any legal or factual basis for the relief sought.

79.

Merck denies each and every allegation set forth in paragraph 79 of the Complaint.

80.

Merck denies each and every allegation set forth in paragraph 80 of the Complaint.

81.

Merck denies each and every allegation set forth in paragraph 81 of the Complaint.

82.

The allegations set forth in paragraph 82 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

83.

The allegations set forth in paragraph 83 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

84.

Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 84 of the Complaint and, therefore, is unable to admit or deny such allegations.

85.

Merck denies each and every allegation set forth in paragraph 85 of the Complaint.

## RESPONSE TO THIRD CLAIM FOR RELIEF

### (Loss of Consortium)

86.

Merck denies each and every allegation set forth in paragraph 86 of the Complaint.

## DAMAGES

87.

Merck denies each and every allegation set forth in paragraph 87 of the Complaint, except admits that plaintiffs purport to seek general and compensatory damages, but denies there

is any legal or factual basis for the relief sought.

88.

Merck denies each and every allegation set forth in paragraph 88 of the Complaint, except admits that plaintiffs purport to seek special damages, but denies there is any legal or factual basis for the relief sought.

89.

Merck denies each and every allegation set forth in paragraph 89 of the Complaint.

90.

Merck denies each and every allegation set forth in paragraph 90 of the Complaint.

91.

No responsive pleading is required to Section VI, "Demand for Jury Trial," or to paragraph 91 of the Complaint.  Should a response be deemed required, Merck admits that plaintiffs demand a jury trial.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defenses, Merck alleges as follows:

FIRST AFFIRMATIVE DEFENSE

(Statute of Limitations)

92.

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

93.

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

#### (Estoppel/Waiver)

94.

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### FOURTH AFFIRMATIVE DEFENSE

#### (Other Intervening Cause)

95.

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FIFTH AFFIRMATIVE DEFENSE

#### (Preemption)

96.

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

#### (Learned Intermediary)

97.

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiff Thomas Pettyjohn directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

SEVENTH AFFIRMATIVE DEFENSE

(Punitive Damages – Conformance with FDA standards)

98.

Merck's compliance with applicable FDA standards, coupled with the FDA's recognition of Vioxx as a safe and effective drug, precludes recovery for punitive damages under ORS 30.927.

EIGHTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

99.

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the negligence of Plaintiff Thomas Pettyjohn.

NINTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

100.

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff Thomas Pettyjohn knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

TENTH AFFIRMATIVE DEFENSE

(Third Party Fault)

101.

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

800380v.1

## ELEVENTH AFFIRMATIVE DEFENSE

### (Misuse)

### 102.

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff Thomas Pettyjohn's misuse or abuse of Vioxx.

## TWELFTH AFFIRMATIVE DEFENSE

### (Preexisting Condition)

### 103.

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff Thomas Pettyjohn's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

### 104.

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

### 105.

Plaintiffs' claims are barred in whole or in part by the First Amendment.

FIFTEENTH AFFIRMATIVE DEFENSE

(State of the Art)

106.

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

SIXTEENTH AFFIRMATIVE DEFENSE

(Violation of Constitutional Rights)

107.

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award is not permitted by Oregon law and would, if granted, violate Merck's state constitutional rights.  Plaintiffs' claims for punitive damages would further violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

    (a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

    (e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and

Fourteenth Amendments and the Equal Protection Clause of the
Fourteenth Amendment of the United States Constitution

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Failure to State a Claim)

108.

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of
Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and,
therefore, any award of punitive damages is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages - Preemption)

109.

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was
subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unavoidably Unsafe Product)

110.

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the
RESTATEMENT (SECOND) OF TORTS.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Adequate Warnings)

111.

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate
"directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation
Plaintiff Thomas Pettyjohn alleges to have taken within the meaning of comment j to Section
402A of the RESTATEMENT (SECOND) OF TORTS.

TWENTIETH AFFIRMATIVE DEFENSE

(Compliance with Product Safety Statutes/Regulations)

112.

Plaintiffs' claims are barred under Section 4, et. seq., of the RESTATEMENT (THIRD) OF
TORTS: PRODUCTS LIABILITY.

TWENTY-SECOND AFFIRMATIVE DEFENSE

(Net Benefits)

113.

Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the
RESTATEMENT (THIRD) OF TORTS: PRODUCT LIABILITY.

TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Feasible Alternative Design)

114.

There is no practical or technically feasible alternative design that would have reduced
the alleged risk without substantially impairing the reasonably anticipated and intended function
of Vioxx.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Industry Custom)

115.

Plaintiffs' claims are barred in whole or in part because Merck's conduct was in
compliance with industry custom.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

116.

Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Conforming Conduct)

#### 117.

Plaintiffs' claims are barred in whole or in part because Merck's conduct conformed with medical knowledge.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Strict Liability Claim)

#### 118.

With respect to each and every cause of action, Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402(A) of the RESTATEMENT (SECOND) OF TORTS relegates Plaintiffs to a negligence cause of action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unavoidably Unsafe Product)

#### 119.

With respect to each and every cause of action, Plaintiffs are not entitled to recover because if the products involved were unsafe, which Merck denies, then they were unavoidably unsafe as defined in RESTATEMENT OF TORTS.  The apparent benefits of the products exceeded any apparent risk given the scientific knowledge available when the products were marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Protected Speech)

#### 120.

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Oregon Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Benefits Outweigh Risks)

### 121.

The public interest and benefit of the availability of the products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonable Distribution/Compliance with FDA regulations)

### 122.

At all times relevant herein, any product(s) which are the subject matter of this action processed and distributed by Merck in the State of Oregon or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Privity)

### 123.

With respect to each and every purported cause of action in Plaintiffs' Complaint, Plaintiffs are barred by lack of privity with Merck.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

### 124.

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's

immediate withdrawal from the market of the product which is the subject matter of this action.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Adequate Warning)

125.

To the extent there were any risks associated with the use of the product which is the subject matter of this action about which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Third Party Fault)

126.

The injuries, damages and/or loss claimed by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, over whom Merck had no control. Any recovery by Plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Non-economic Damages Cap)

127.

Plaintiffs' damages, if any, may not exceed the limitations within ORS 31.710.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Insufficiency of Process/Service of Process – No relation back)

128.

Process was served on Merck, if at all, in a manner or form which failed to comply with the requirements of F.R.C.P. 4.

129.

Plaintiffs' failure to properly and/or timely serve Merck precludes Plaintiffs' reliance on the 60-day relation back period under O.R.S. § 12.020(2) for the purposes of determining whether Plaintiffs' action is time-barred.

## COUNTER-CLAIM

### (Unfair Trade Practices Act – Prevailing Party Attorney Fees)

### 130.

Plaintiffs purport to state a claim under Oregon's Unfair Trade Practices Act, ORS 646.605 – 646.652.

### 131.

Pursuant to ORS 646.638, defendant Merck is entitled to its reasonable attorney fees incurred in defense of this action.

## RIGHT TO AMEND

### 132.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

## MERCK'S JURY DEMAND

### 133.

Merck hereby requests a trial by jury.

800380v.1

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, including reasonable attorneys' fees, together with such and other and further relief that the Court may deem just and proper.

Dated this 3rd day of March, 2006.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann, LLC
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax #:  504-581-3361

Defendants' Liaison Counsel

SCHWABE, WILLIAMSON & WYATT
Nancy M. Erfle, OSB # 90257
Anne M. Talcott, OSB #96532
Andrew J. Lee, OSB # 02364
1211 SW 5th Avenue, Suite 1500-1900
Portland, OR 97204
Phone: 503-222-9981
Fax #:  503-796-2900

Counsel for Merck & Co. Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing ANSWER has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 3rd day of March, 2006.

*Dorothy H. Wimberly*