FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR -3  PM 4: 07

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:05-CV-00993 | * | |
| | * | |
| HELEN RUTH SUMMERS and | * | |
| ARTHUR L. SUMMERS, | * | MAGISTRATE JUDGE |
| | * | KNOWLES |
| Plaintiffs, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC. AND | * | |
| JOHN DOES I-V, Company Sales | * | |
| Representatives and JANE DOES I-V, | * | |
| Company Sales Representatives, | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * *

### DEFENDANT MERCK & CO., INC.'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFFS' AMENDED COMPLAINT

Merck & Co., Inc. ("Merck"), a defendant in the above-captioned action, hereby

submits its Answer, Defenses and Jury Demand to Plaintiffs' Complaint ("Complaint"),

respectfully showing as follows:

### DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.



___ Fee_____
_X_ Process____
___ Dktd_____
___ CtRmDep____
___ Doc. No ____

## SECOND DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute(s) of limitation and/or statute of repose.

## THIRD DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, laches, waiver or statutory and regulatory compliance.

## FOURTH DEFENSE

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## FIFTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part by the operation of nature or other intervening cause or causes.

## SIXTH DEFENSE

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SEVENTH DEFENSE

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx® ("Vioxx"), such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

2

### EIGHTH DEFENSE

Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

### NINTH DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### TENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiff.

### ELEVENTH DEFENSE

Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### TWELFTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

3

### THIRTEENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### FOURTEENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

### FIFTEENTH DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

### SIXTEENTH DEFENSE

If Plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

### SEVENTEENTH DEFENSE

To the extent Plaintiffs have sustained any injuries or losses, Plaintiffs have failed to mitigate such alleged injury or loss.

800883v.1

### EIGHTEENTH DEFENSE

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### NINTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution and the Georgia Constitution.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### TWENTY-THIRD DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

800883v.1

### TWENTY-FOURTH DEFENSE

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### TWENTY-FIFTH DEFENSE

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under relevant Georgia law.

### TWENTY-SIXTH DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal governing state laws.

### TWENTY-SEVENTH DEFENSE

The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### TWENTY-EIGHTH DEFENSE

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### TWENTY-NINTH DEFENSE

Plaintiffs have not sustained any injury or damages compensable at law.

800883v.1

## THIRTIETH DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

## THIRTY-FIRST DEFENSE

The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was at the time of distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

## THIRTY-SECOND DEFENSE

To the extent Plaintiffs make a claim for punitive damages, Merck asserts that the Plaintiffs have not complied with statutory requirements to recover punitive damages.

## THIRTY-THIRD DEFENSE

To the extent Plaintiffs' claim may invoke punitive damages, it violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth

7

Amendment of the United States Constitution.  *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L.Ed.2d. 1 (1991);

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10; and

(h)     The Plaintiffs' attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-FOURTH DEFENSE

Plaintiffs' Complaint seeks to make Merck liable for punitive damages.  The United States Supreme Court has addressed punitive damage standards in cases styled *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm Automobile Insurance Company v. Curtis B. Campbell*, 123 S. Ct. 1513 (2003).  Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in these cases.

8

### THIRTY-FIFTH DEFENSE

Merck avers that any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur.  *See TXO Production Corp. v. Alliance Resources Corp.*, 113 S. Ct. 2711 (1993).

### THIRTY-SIXTH DEFENSE

Merck avers that Plaintiffs' claims for litigation expenses and attorneys' fees fail to state a claim upon which relief may be granted and should be dismissed.

### THIRTY-SEVENTH DEFENSE

Merck avers that the Georgia Statute respecting awards of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contracted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products, violates the Constitution of the United States, particularly in that it does not afford product manufacturers, such as Merck, equal protection of the laws.

### THIRTY-EIGHTH DEFENSE

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### THIRTY-NINTH DEFENSE

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

800883v.1

### FORTIETH DEFENSE

Pursuant to O.C.G.A. § 51-12-5.1, to the extent punitive damages are assessed against Merck, only one award of punitive damages may be recovered in any court in the State of Georgia from Merck arising from product liability of a single product.

### FORTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### FORTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### FORTY-THIRD DEFENSE

Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### FORTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred by reason that any alleged dangerous condition complained of was open and obvious and there was no duty on the part of Merck to warn

800883v.1

of any such open and obvious condition.

### FORTY-SIXTH DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery of this action.  Merck further states that it will rely on any defense that may become available during discovery or trial.

### FORTY-SEVENTH DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon in this Court.  Merck hereby reserves the right to amend its answer to assert any such defense.

### ANSWER TO COMPLAINT

Subject to and without waiving the foregoing defenses, Merck responds to the individually numbered paragraphs of the Complaint as follows:

1.    Merck lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore each and every allegation set forth therein is deemed denied.

800883v.1

2.      Merck denies each and every allegation set forth in Paragraph 2 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3.      The allegations set forth in Paragraph 3 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

4.      The allegations set forth in Paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, except admits that this Court has jurisdiction over it and that venue is proper in this Court.

## STATEMENT OF THE FACTS

5.      Merck lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in the first three sentences of Paragraph 5 of the Complaint, and therefore each and every allegation set forth therein is deemed denied. Merck denies each and every remaining allegation set forth in Paragraph 5 of the Complaint.

6.      Merck denies each and every allegation set forth in Paragraph 6 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

800883v.1

## COUNT I

## NEGLIGENCE OF MERCK & CO., INC.

7.      Merck realleges its responses to all prior paragraphs of the Complaint as if fully set forth herein verbatim.

8.      Merck lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore each and every allegation set forth therein is deemed denied.

9.      Merck denies each and every allegation set forth in Paragraph 9 of the Complaint.

10.     Merck denies each and every allegation set forth in Paragraph 10 of the Complaint.

11.     Merck denies each and every allegation set forth in Paragraph 11 of the Complaint.

12.     Merck denies each and every allegation set forth in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint sets forth legal conclusions and, therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

14.     Merck denies each and every allegation set forth in Paragraph 14 of the Complaint, including subparts (a – I).

15.     Merck denies each and every allegation set forth in Paragraph 15 of the Complaint.

13

800883v.1

16.     Merck denies each and every allegation set forth in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint sets forth legal conclusions and, therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

## COUNT II

### STRICT LIABILITY OF MERCK & CO., INC.

18.     Merck realleges its responses to all prior paragraphs of the Complaint as if fully set forth herein verbatim.

19.     Merck denies each and every allegation set forth in Paragraph 19 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that it is authorized to do business in the State of Georgia.

20.     Merck lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore each and every allegation set forth therein is deemed denied.

21.     Merck lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore each and every allegation set forth therein is deemed denied.

22.     Merck denies each and every allegation set forth in Paragraph 22 of the Complaint.

800883v.1

23.     Merck denies each and every allegation set forth in Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint sets forth legal conclusions and, therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

25.     Merck denies each and every allegation set forth in Paragraph 25 of the Complaint except admit that Plaintiffs bring this action and purport to seek monetary damages but denies that there is any legal or factual basis for such relief.

COUNT III

BREACH OF WARRANTY OF MERCK & CO., INC.

26.     Merck realleges its responses to all prior paragraphs of the Complaint as if fully set forth herein verbatim.

27.     Paragraph 27 of the Complaint sets forth legal conclusions and, therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

28.     Merck denies each and every allegation set forth in Paragraph 28 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

29.     Merck denies each and every allegation set forth in Paragraph 29 of the Complaint.

30.     Merck denies each and every allegation set forth in Paragraph 30 of the Complaint.

31.     Merck denies each and every allegation set forth in Paragraph 31 of the Complaint.

## COUNT IV

## FAILURE TO WARN OF MERCK & CO., INC.

32.     Merck realleges its responses to all prior paragraphs of the Complaint as if fully set forth herein verbatim.

33.     Merck denies each and every allegation set forth in Paragraph 33 of the Complaint.

34.     Merck denies each and every allegation set forth in Paragraph 34 of the Complaint.

35.     Merck denies each and every allegation set forth in Paragraph 35 of the Complaint.

36.     Merck denies each and every allegation set forth in Paragraph 36 of the Complaint.

## COUNT V

## (NEGLIGENCE OF JOHN DOES I-V)

37.     Merck realleges its responses to all prior paragraphs of the Complaint as if fully set forth herein verbatim.

38.     The allegations set forth in Paragraph 38 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

800883v.1

39.     The allegations set forth in Paragraph 39 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

40.     The allegations set forth in Paragraph 40 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

41.     The allegations set forth in Paragraph 41 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

<u>COUNT VI</u>

(NEGLIGENCE OF JANE DOES I-V)

42.     Merck realleges its responses to all prior paragraphs of the Complaint as if fully set forth herein verbatim.

43.     The allegations set forth in Paragraph 43 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

44.     The allegations set forth in Paragraph 44 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

45.     The allegations set forth in Paragraph 45 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

800883v.1

46.     The allegations set forth in Paragraph 46 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

## COUNT VII

## BAD FAITH; PUNITIVE DAMAGES

47.     Merck realleges its responses to all prior paragraphs of the Complaint as if fully set forth herein verbatim.

48.     Merck denies each and every allegation set forth in Paragraph 48 of the Complaint except admit that Plaintiffs bring this action and purport to seek monetary damages but denies that there is any legal or factual basis for such relief.

## COUNT VIII

## LOSS OF CONSORTIUM CLAIM OF ARTHUR L. SUMMERS

49.     Merck realleges its responses to all prior paragraphs of the Complaint as if fully set forth herein verbatim.

50.     Merck denies each and every allegation set forth in Paragraph 50 of the Complaint except admit that Plaintiffs bring this action and purport to seek monetary damages but denies that there is any legal or factual basis for such relief.

51.     In response to the "Wherefore" paragraph of the Complaint immediately following Paragraph 50 of the Complaint, Merck denies each and every allegation except admit that Plaintiffs bring this action and purport to seek monetary damages but denies that there is any legal or factual basis for such relief.

800883v.1

52.     Any allegation of the Complaint not specifically responded to above is hereby denied.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
564 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

John P. MacNaughton
Robert P. Alpert
Seslee S. Mattson
Jeffrey K. Douglass
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 233-7000 (Telephone)
(404) 365-9532 (Facsimile)

*Counsel for Merck & Co., Inc.*

19

800883v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing "DEFENDANT MERCK & CO., INC.'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT" has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 3rd day of March, 2006.

_Dorothy H. Wimbes_

20