IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX ) MDL Docket No. 1657
PRODUCTS LIABILITY LITIGATION )
) SECTION L
) JUDGE FALLON
)
HELEN RUTH SUMMERS and )
ARTHUR L. SUMMERS, )
Plaintiff, )
)
vs. ) CIVIL ACTION NUMBER:
) 2:05-CV-00993
MERCK & CO., INC. AND JOHN DOES I-V )
Company Sales Representative and )
JANE DOES I-V, Company Sales Representatives, )
)
Defendants. )

## AMENDED COMPLAINT

COME NOW Plaintiffs and file this their Amended Complaint against the Defendants as follows:

1. Plaintiff Helen Ruth Summers is of legal age and a resident of Lee County, Georgia.

2. Defendant Merck & Co., Inc. [hereinafter "Merck"] is a foreign corporation authorized to do business in the State of Georgia and may be served with process at One Merck Drive, Whitehouse Station, New Jersey 08889. Defendant Merck & Co., Inc. manufacturers, markets and distributes Vioxx throughout the United States, including Georgia.

3. John Does I-V and Jane Does I-V are residents of the State of Georgia and are the "detail men" and/or "detail women" company or drug representatives that

promoted the drug Vioxx to doctors in Lee County, Georgia, specifically, Dr. Duncan R. Marsh, Albany Orthopedic Center 2100 Palmyra Road, Albany, GA 31701-1320 during the years of 2001, 2002, and 2003. John Does I-V and Jane Does I-V acted at all times as agents of Merck & Co., Inc.

4. The Defendants were engaged in the regular and continuous course of business and conduct within the State of Georgia, and this Court has jurisdiction over all parties that are named in this Complaint and venue is proper in this Court.

### STATEMENT OF FACTS

5. Plaintiff, Helen Ruth Summers was prescribed a drug manufactured and distributed by Defendant known as Vioxx [hereinafter referred to as "Vioxx"] by his physicians. Plaintiff Helen Ruth Summers did take the medication as prescribed. Plaintiff suffered an anterior miocardial infarction on or about January 9, 2003. Plaintiff's health problems were caused by the prescribed drug Vioxx manufactured, sold and promoted by Defendant.

6. Defendant was in the business of manufacturing, promoting, marketing and distributing the pharmaceutical Vioxx.

### COUNT I.

### NEGLIGENCE OF MERCK & CO., INC.

7. The Plaintiff incorporates Paragraphs 1 through 6 of the above-referenced Complaint as if the same were fully pled herein.

8. The Defendant, through its agents and/or employees, manufactured, promoted, marketed and sold the drug known as Vioxx to Plaintiff.

9. Defendant, through its agents and employees, negligently manufactured, promoted, marketed and sold the drug known as Vioxx to Plaintiff.

10. The said drug was defective because of its high propensity to cause strokes, heart attacks and kidney damage and Defendant failed to warn health providers of this life threatening defect in the drug.

11. The Defendant was negligent in failing to research, test and determine if the drug was safe for its intended use and purpose.

12. The Defendant, through their agents and employees, was negligent in failing to protect its consumers from the serious consequences of taking the drug as prescribed which the defendant knew or in the exercise of due care, should have known of the Vioxx product.

13. Defendant owed a duty to the Plaintiff to use reasonable care in the manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, selling, advertising, warning and otherwise distributing Vioxx to be prescribed by health care professionals for the purpose for which it was intended.

14. Defendant breached said duty and is guilty of one or more, but not limited to, the following careless and negligent acts and/or omissions:

    a) negligently failed to adequately and properly test and inspect Vioxx so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold;

    b) failed to utilize and/or implement a reasonably safe design in the manufacture of Vioxx;

c) failure to warn the public of the serious health dangers associated with the drug;

d) failure to issue appropriate warnings about the life-threatening strokes, heart attacks and damage to kidneys from use of the drug;

e) failed to publicize the defects in Vioxx and otherwise act properly and timely to alert the public after Defendant had notice of such problems;

e) promotion of an advertising campaign through its sales force and promotions to health care providers extolling the virtues of Vioxx as being a safe treatment for arthritis and a pain reliever in order to encourage widespread use of the product;

f) failed to adequately and properly warn Plaintiff before his purchase of Vioxx of the risks of strokes, heart attacks and damage to kidneys and other associated health problems, including death, with the use of Vioxx;

g) failed to adequately and properly label Vioxx so as to "warn" the Plaintiff of the risk of strokes, heart attacks and damage to kidneys, including, possible death.

h) failed to adequately and properly label Vioxx so as to "warn" the Plaintiff against the risk of potentially fatal effects of Vioxx, including strokes, heart attacks and damage to kidneys.

I) failed to warn of insufficient testing of adverse effects such as

-4-

blood clotting, high blood pressure, strokes, heart attacks and damage to kidneys and were otherwise careless and negligent;

15. The advertising campaign consisted of advertisements, promotional literature and sales forces visiting health care providers with promotions designed to create the image and impression that the use of Vioxx was an effective and safe treatment for osteoarthritis and pain.

16. Vioxx was not safe for its intended and advertised use for osteoarthritis and as a safe pain reliever because of its propensity to cause strokes, heart attacks and kidney damage.

17. The negligence and negligent acts of Defendant were a proximate cause of the injuries and damages sustained by the Plaintiff.

## COUNT II

### STRICT LIABILITY OF MERCK & CO., INC.

18. The Plaintiff incorporates paragraphs 1 through 17 of this Complaint as if the same were fully restated herein.

19. The Defendant was engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, selling, advertising, warning, distributing Vioxx, which they sold and distributed to the Plaintiff and throughout the country, including Georgia.

20. Vioxx was expected to and did reach the Plaintiff without substantial change in its condition as manufactured, created, designed, tested, labeled, packaged, supplied, marketed, sold, advertised, warned and otherwise distributed.

21. The Plaintiff was using Vioxx in a manner for which it was intended and/or in a reasonably foreseeable manner and quickly incurred cerebral damages causing permanent injury to the Plaintiff.

22. The Plaintiff was not aware of, and reasonably could not have discovered, the dangerous defect in the drug Vioxx.

23. The Vioxx manufactured, created, designed, marketed and sold by Defendant contained dangerous defects and Defendant failed to adequately warn Plaintiff of the dangers of strokes, heart attacks and damage to kidneys, which made the product defective and which Defendant could reasonably foresee.

24. The Defendant is strictly liable under Georgia law for the Plaintiff's injuries, because the drug was defective when manufactured and sold, which caused the Plaintiff's injuries.

25. As a result of this defectiveness and failure to warn, the product has caused the Plaintiff to sustain a heart attack, and sustain compensatory damages to be proved at trial.

## COUNT III

### BREACH OF WARRANTY OF MERCK & CO., INC.

26. The Plaintiff incorporates paragraphs 1 through 25 of this Complaint as if the same were fully restated herein.

27. Defendant expressly and impliedly warranted the drug purchased by Plaintiff to be fit and safe for its intended use.

28. Defendant pharmaceutical manufacturers and distributors undertook an advertising campaign extolling the virtues of the drug Vioxx to safely and effectively treat osteoarthritis and relieve pain in order to encourage widespread use of the product.

29. The advertising campaign consisted of advertisements, promotional literature and sales forces visiting health care providers with promotions designed to create the image and impression that the use of the Vioxx drug was an effective and safe treatment for osteoarthritis and a pain reliever to prescribe for varying degrees of arthritic pain.

30. The advertising program sought to create the image and impression that the use of the Vioxx drug was safe for its intended use.

31. Vioxx was not safe for its intended use, advertised use and safety claims, and as a result of the breach of warranty, Plaintiff has suffered severe permanent physical injuries and mental pain and suffering.

## COUNT IV.

### FAILURE TO WARN OF MERCK & CO., INC.

32. The Plaintiff incorporates paragraphs 1 through 31 of this Complaint as if the same were fully restated herein.

33. After notice of strokes, heart attacks and damage to kidneys, including death from the use of Vioxx, the Defendant negligently failed to timely issue warnings, publicize the problems, and otherwise act responsibly, properly and timely to alert the public.

34. Defendant did not properly warn of the high risk of strokes, heart attacks

and damage to kidneys, and danger of death from normal use of the drug Vioxx.

35. The Defendant failed to warn and/or withdraw the drug from the market after it had reason to know of the inherent risk of strokes, heart attacks and damage to kidneys from the drug Vioxx.

36. As a result of Defendant's failure to warn, Plaintiff suffered severe permanent physical damage and mental pain and suffering.

## COUNT V.

### (NEGLIGENCE OF JOHN DOES I-V)

37. The Plaintiff incorporates paragraphs 1 through 36 of this Complaint as if the same were fully restated herein.

38. John Does I-V are the agents of the Defendant, Merck and acted within the scope of their authority at all times pursuant to the acts and omissions described herein.

39. John Does I-V failed to warn and failed to adequately warn prescribing physicians of the health dangers and damages associated with the drug Vioxx.

40. John Does I-V were negligent in their failure to adequately warn prescribing physicians of the health dangers and damages associated with the drug Vioxx.

41. As a result of the negligence of John Does I-V, Plaintiff has been damaged.

## COUNT VI.

### (NEGLIGENCE OF JANE DOES I-V)

42. The Plaintiff incorporates paragraphs 1 through 41 of this Complaint as if the same were fully restated herein.

43. Jane Does I-V are the agents of the Defendant, Merck and acted within the scope of their authority at all times pursuant to the acts and omissions described herein.

44. Jane Does I-V failed to warn and failed to adequately warn prescribing physicians of the health dangers and damages associated with the drug Vioxx.

45. Jane Does I-V were negligent in their failure to adequately warn prescribing physicians of the health dangers and damages associated with the drug Vioxx.

46. As a result of the negligence of Jane Does I-V, Plaintiff has been damaged.

## COUNT VII.

### BAD FAITH; PUNITIVE DAMAGES

47. The Plaintiff incorporates herein by reference all allegations contained in paragraphs 1 through 46 as if fully alleged herein.

48. Defendants' acts and/or omissions as alleged herein were intentional, willful, wanton, malicious, in bad faith, and reflect an entire want of care which would raise the presumption of a conscious indifference to the consequences, entitling Plaintiff to punitive damages, litigation expenses, costs and attorneys fees.

## COUNT VIII

### LOSS OF CONSORTIUM CLAIM OF ARTHUR L. SUMMERS

49.     Plaintiffs incorporate all prior paragraphs as if fully set forth herein.

50.     As a result of the acts and omissions of the Defendants as set forth in the Complaint, Arthur L. Summers, has suffered the loss of the care, comfort, society, and consortium of his wife, Helen Ruth Summers. These losses are continuing in nature, and Mr. Summers will suffer these losses in the future.

WHEREFORE, Plaintiff demands a trial by jury, and prays for judgment against the Defendants for all general and special damages in an amount in excess of $75,000 and for punitive damages, for costs of this action and for attorney fees and expenses of litigation.

THIS, the _22_ day of _Feb_____, 2006.

_____
EUGENE C. BROOKS, IV
State Bar No. 084750
Attorney for Plaintiff

Eugene C. Brooks, IV, P.C.
PO Box 9545
313 W. York Street
Savannah, GA  31412
912/233-9696

-10-

## CERTIFICATE OF SERVICE

This will certify that the undersigned today placed the attached pleading in the United States Mail to all counsel of record as follows:

>John P. MacNaughton
>Morris, Manning & Martin, LLP
>1600 Atlanta Financial Center
>3343 Peachtree Road, N.E.
>Atlanta GA 30326
>
>*Via Lexis Nexis File & Serve:*
>Robert P. Alpert
>Carmelite M. Bertaut
>Anthony Marcus Dileo
>Jeffrey Keith Douglass
>Dorothy Hudson Wimberly
>Phillip A. Wittmann

This ___22___ day of ___Feb___, 2006.

>_____
>EUGENE BROOKS
>State Bar No: 084750
>Attorney for Plaintiff

Brooks Law Firm
313 W. York Street
P.O. Box 9545
Savannah, GA 31412
912/233-9696