

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Clarence Abrams, et al. v. Merck & Co., Inc., and Allen Dickson, Inc.*, Case No. 05-4434.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "PARTIES"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Clarence Abrams purports to seek damages but denies there is any factual or legal basis for such relief.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Crystal Albert purports to seek damages but denies there is any factual or legal basis for such relief.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Rudolph Alexis purports to seek damages but denies there is any factual or legal basis for such relief.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Gregory Allen purports to seek damages but denies there is any factual or legal basis for such relief.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Debra Anderson purports to seek damages but denies there is any factual or legal basis for such relief.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Erma Antonio purports to seek damages but denies there is any factual or legal basis for such relief.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein, except admits Plaintiff Barbara Bailey purports to seek damages but denies there is any factual or legal basis for such relief.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Betty Baker purports to seek damages but denies there is any factual or legal basis for such relief.

9.     Denies each and every allegation contained in paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Cheabert Baker purports to seek damages but denies there is any factual or legal basis for such relief.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Tywanna Baker purports to seek damages but denies there is any factual or legal basis for such relief.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Leo Bell purports to seek damages but denies there is any factual or legal basis for such relief.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Elizabeth Billiot purports to seek damages but denies there is any factual or legal basis for such relief.

13.   Denies each and every allegation contained in paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Linda Blanchard purports to seek damages but denies there is any factual or legal basis for such relief.

14.   Denies each and every allegation contained in paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff David Blanton purports to seek damages but denies there is any factual or legal basis for such relief.

15.   Denies each and every allegation contained in paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Rita Boman purports to seek damages but denies there is any factual or legal basis for such relief.

16.   Denies each and every allegation contained in paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Veronica Bourgeois purports to seek damages but denies there is any factual or legal basis for such relief.

17.   Denies each and every allegation contained in paragraph 17 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Johnnie Branch, III, purports to seek damages but denies there is any factual or legal basis for such relief.

18.   Denies each and every allegation contained in paragraph 18 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein, except admits Plaintiff Carolyn Buckels purports to seek damages but denies there is any factual or legal basis for such relief.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Adolph Campbell purports to seek damages but denies there is any factual or legal basis for such relief.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff James L. Campbell, Sr., purports to seek damages but denies there is any factual or legal basis for such relief.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Eula Celestine purports to seek damages but denies there is any factual or legal basis for such relief.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Alton J. Chalk purports to seek damages but denies there is any factual or legal basis for such relief.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Grace Clennon purports to seek damages but denies there is any factual or legal basis for such relief.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Elouise Cline purports to seek damages but denies there is any factual or legal basis for such relief.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Patricie Clofer purports to seek damages but denies there is any factual or legal basis for such relief.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Patricie Clofer purports to seek damages but denies there is any factual or legal basis for such relief.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Alice Commagere purports to seek damages but denies there is any factual or legal basis for such relief.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Margaret Conerly purports to seek damages but denies there is any factual or legal basis for such relief.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein, except admits Plaintiff Joyce Cooks Mitchell purports to seek damages but denies there is any factual or legal basis for such relief.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Timothy Crawford purports to seek damages but denies there is any factual or legal basis for such relief.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Louis Creppel purports to seek damages but denies there is any factual or legal basis for such relief.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Eugene Crutchfield, Jr., purports to seek damages but denies there is any factual or legal basis for such relief.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Connie Darcey purports to seek damages but denies there is any factual or legal basis for such relief.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Franklin Davis purports to seek damages but denies there is any factual or legal basis for such relief.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Leola Davis purports to seek damages but denies there is any factual or legal basis for such relief.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Yolanda R. Davis purports to seek damages but denies there is any factual or legal basis for such relief.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Alice R. Debose purports to seek damages but denies there is any factual or legal basis for such relief.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Stephanie Despenza purports to seek damages but denies there is any factual or legal basis for such relief.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Stephanie Despenza purports to seek damages but denies there is any factual or legal basis for such relief.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein, except admits Plaintiff Cheryl Dillard purports to seek damages but denies there is any factual or legal basis for such relief.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Shirley Dillon purports to seek damages but denies there is any factual or legal basis for such relief.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Nicole Dorsey purports to seek damages but denies there is any factual or legal basis for such relief.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Joe Duffie, Sr., purports to seek damages but denies there is any factual or legal basis for such relief.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Shirley Dupas purports to seek damages but denies there is any factual or legal basis for such relief.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Moses Elmore purports to seek damages but denies there is any factual or legal basis for such relief.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Joyce Every purports to seek damages but denies there is any factual or legal basis for such relief.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Beulah Franklin purports to seek damages but denies there is any factual or legal basis for such relief.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Birdie Catherine Gabbard purports to seek damages but denies there is any factual or legal basis for such relief.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Betty Gautreaux purports to seek damages but denies there is any factual or legal basis for such relief.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Ernie Gibbs purports to seek damages but denies there is any factual or legal basis for such relief.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein, except admits Plaintiff Stephanie G. Glapion purports to seek damages but denies there is any factual or legal basis for such relief.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Thomas Grant purports to seek damages but denies there is any factual or legal basis for such relief.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Lula Green purports to seek damages but denies there is any factual or legal basis for such relief.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Cynthia Taylor Green purports to seek damages but denies there is any factual or legal basis for such relief.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Warren A. Gros purports to seek damages but denies there is any factual or legal basis for such relief.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Queen Victoria Harrell purports to seek damages but denies there is any factual or legal basis for such relief.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Cathey Harris purports to seek damages but denies there is any factual or legal basis for such relief.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Roosevelt Haten purports to seek damages but denies there is any factual or legal basis for such relief.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Brenda Hayes purports to seek damages but denies there is any factual or legal basis for such relief.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Elodie Henry purports to seek damages but denies there is any factual or legal basis for such relief.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Sheila Hookfine purports to seek damages but denies there is any factual or legal basis for such relief.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein, except admits Plaintiff Dorothy Hotard purports to seek damages but denies there is any factual or legal basis for such relief.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Carmel Howard purports to seek damages but denies there is any factual or legal basis for such relief.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Hollis Irving purports to seek damages but denies there is any factual or legal basis for such relief.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Gerald Isaacs purports to seek damages but denies there is any factual or legal basis for such relief.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Mary Lee Johnson purports to seek damages but denies there is any factual or legal basis for such relief.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Avie Johnson, Jr., purports to seek damages but denies there is any factual or legal basis for such relief.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Lorena Lagrange purports to seek damages but denies there is any factual or legal basis for such relief.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Juanita Latiolais purports to seek damages but denies there is any factual or legal basis for such relief.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Dora Lavergne purports to seek damages but denies there is any factual or legal basis for such relief.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Ida Lazure purports to seek damages but denies there is any factual or legal basis for such relief.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Josie Lee purports to seek damages but denies there is any factual or legal basis for such relief.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein, except admits Plaintiff Larry Lewis purports to seek damages but denies there is any factual or legal basis for such relief.

74. Denies each and every allegation contained in paragraph 74 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Sidney Lights purports to seek damages but denies there is any factual or legal basis for such relief.

75. Denies each and every allegation contained in paragraph 75 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Ernestine G. Lopez purports to seek damages but denies there is any factual or legal basis for such relief.

76. Denies each and every allegation contained in paragraph 76 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Betty Marse purports to seek damages but denies there is any factual or legal basis for such relief.

77. Denies each and every allegation contained in paragraph 77 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Monique McDermott purports to seek damages but denies there is any factual or legal basis for such relief.

78. Denies each and every allegation contained in paragraph 78 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Emmett R. Messick, Sr., purports to seek damages but denies there is any factual or legal basis for such relief.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Jacqueline Metevia purports to seek damages but denies there is any factual or legal basis for such relief.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Jeanie Crockett purports to seek damages but denies there is any factual or legal basis for such relief.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Tina Pohlmeyer purports to seek damages but denies there is any factual or legal basis for such relief.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Judy Price purports to seek damages but denies there is any factual or legal basis for such relief.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Barry Rush purports to seek damages but denies there is any factual or legal basis for such relief.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein, except admits Plaintiff Amelia L. Samm purports to seek damages but denies there is any factual or legal basis for such relief.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Charles Sears purports to seek damages but denies there is any factual or legal basis for such relief.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Lorena Singleton purports to seek damages but denies there is any factual or legal basis for such relief.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Frankie W. Smith purports to seek damages but denies there is any factual or legal basis for such relief.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Sarah Smith purports to seek damages but denies there is any factual or legal basis for such relief.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Pauline M. St. Andre purports to seek damages but denies there is any factual or legal basis for such relief.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Steven Sweetser purports to seek damages but denies there is any factual or legal basis for such relief.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Victoria Sylve purports to seek damages but denies there is any factual or legal basis for such relief.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Deborah Thompson purports to seek damages but denies there is any factual or legal basis for such relief.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Jerry Otis Thompson purports to seek damages but denies there is any factual or legal basis for such relief.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Alvin T. Turner, Sr., purports to seek damages but denies there is any factual or legal basis for such relief.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein, except admits Plaintiff Maggie Vernon purports to seek damages but denies there is any factual or legal basis for such relief.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Ella Ware purports to seek damages but denies there is any factual or legal basis for such relief.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Herman Warren purports to seek damages but denies there is any factual or legal basis for such relief.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Tyreena Washington purports to seek damages but denies there is any factual or legal basis for such relief.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Audrey Williams purports to seek damages but denies there is any factual or legal basis for such relief.

100.     Denies each and every allegation contained in paragraph 100 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Dianna Mae Williams purports to seek damages but denies there is any factual or legal basis for such relief.

101.   Denies each and every allegation contained in paragraph 101 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Harry Williams, Sr., purports to seek damages but denies there is any factual or legal basis for such relief.

102.   Denies each and every allegation contained in paragraph 102 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits Plaintiff Mildred Winters purports to seek damages but denies there is any factual or legal basis for such relief.

103.   Denies each and every allegation contained in paragraph 103 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.   Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

104.   The allegations contained in paragraph 104 of the Complaint are not directed at Merck and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 104 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "JURISDICTION AND VENUE"

105.    The allegations contained in paragraph 105 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 105 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is a New Jersey corporation.  Merck further admits that Plaintiffs purport to state a claim in excess of $75,000 but denies there is any factual or legal basis for such relief.

106.    The allegations contained in paragraph 106 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 106 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx® ("Vioxx"), and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

## RESPONSE TO
## "FACTUAL ALLEGATIONS"

107.    Denies each and every allegation contained in paragraph 107 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

108.    Denies each and every allegation contained in paragraph 108 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

109.    Denies each and every allegation contained in paragraph 109 of the Complaint, except admits that Merck sought and, in May 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which is the trade name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

110.    Denies each and every allegation contained in paragraph 110 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action for the prescription medicine Vioxx, which reduces pain and inflammation, is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

111.    Denies each and every allegation contained in paragraph 111 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

112.   Denies each and every allegation contained in paragraph 112 of the Complaint, including its subparts 1 through 3, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  Merck further admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

113.   Denies each and every allegation contained in paragraph 113 of the Complaint.

114.   Denies each and every allegation contained in paragraph 114 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

115.   Denies each and every allegation contained in paragraph 115 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full context.

116.   Denies each and every allegation contained in paragraph 116 of the Complaint, except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

117. Denies each and every allegation contained in paragraph 117 of the Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

118. Denies each and every allegation contained in paragraph 118 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 118 of the Complaint and the article referenced in the second sentence of paragraph 118 of the Complaint exist, and respectfully refers the Court to the referenced publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

119. Denies each and every allegation contained in paragraph 119 of the Complaint, except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

120. Denies each and every allegation contained in paragraph 120 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

121. Denies each and every allegation contained in paragraph 121 of the Complaint, except admits that sales figures exceeded $2 billion in 2000.

122. Denies each and every allegation contained in paragraph 122 of the Complaint.

123.    Denies each and every allegation contained in paragraph 123 of the Complaint, except admits the existence of the referenced journal and article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

124.    Denies each and every allegation contained in paragraph 124 of the Complaint, except admits the existence of the journal and article referenced in the first sentence of paragraph 124 of the Complaint and the study referenced in the second sentence of paragraph 124 of the Complaint, and respectfully refers the Court to said documents for their actual language and full text.

125.    Denies each and every allegation contained in paragraph 125 of the Complaint, except admits that the article referenced in the second sentence of paragraph 125 of the Complaint exists and respectfully refers the Court to the referenced publication for its actual language and full text.

126.    Denies each and every allegation contained in paragraph 126 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

127.    Denies each and every allegation contained in paragraph 127 of the Complaint, except admits that Plaintiffs purport to quote the referenced bulletin, but Merck avers that said quote is taken out of context.

128.    Denies each and every allegation contained in paragraph 128 of the Complaint.

129.    Denies each and every allegation contained in paragraph 129 of the Complaint.

130.    Denies each and every allegation contained in paragraph 130 of the Complaint.

131.    Denies each and every allegation contained in paragraph 131 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

132.    Denies each and every allegation contained in paragraph 132 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full content.  Merck further admits that it announced on September 30, 2004 that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

133.    Denies each and every allegation contained in paragraph 133 of the Complaint.

134.    The allegations contained in paragraph 134 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

135.    The allegations contained in paragraph 135 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 135 of the Complaint.

136.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 136 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 136 of the Complaint.

137.    The allegations contained in paragraph 137 of the Complaint are not directed at Merck and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 137 of the Complaint.

138.    Denies each and every allegation contained in paragraph 138 of the Complaint.

139.    Denies each and every allegation contained in paragraph 139 of the Complaint.

140.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 140 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 140 of the Complaint.

141.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 141 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 141 of the Complaint.

142.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 142 of the Complaint,

and denies each and every allegation directed toward Merck contained in paragraph 142 of the Complaint.

**RESPONSE TO**
**"COUNT I - NEGLIGENCE"**

143.    With respect to the allegations contained in paragraph 143 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 142 of this Answer with the same force and effect as though set forth here in full.

144.    Denies each and every allegation directed towards Merck contained in paragraph 144 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

145.    The allegations contained in paragraph 145 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

146.    Denies each and every allegation directed towards Merck contained in paragraph 146 of the Complaint, including its subparts a through i, and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

147.    Denies each and every allegation directed towards Merck contained in paragraph 147 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-

approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

148.    Denies each and every allegation directed towards Merck contained in paragraph 148 of the Complaint.

**RESPONSE TO
"COUNT II – STRICT LIABILITY"**

149.    With respect to the allegations contained in paragraph 149 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 148 of this Answer with the same force and effect as though set forth here in full.

150.    Denies each and every allegation directed towards Merck contained in the first sentence of paragraph 150 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation directed towards Merck contained in the second sentence of paragraph 150 of the Complaint.

151.    Denies each and every allegation directed towards Merck contained in paragraph 151 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

152.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 152 of the Complaint,

and denies each and every allegation directed toward Merck contained in paragraph 152 of the Complaint.

153.    Denies each and every allegation directed towards Merck contained in the first and third sentences of paragraph 153 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text. Merck denies each and every allegation directed towards Merck contained in the second sentence of paragraph 153 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein,

154.    The allegations contained in paragraph 154 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 154 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

155.    Denies each and every allegation directed towards Merck contained in paragraph 155 of the Complaint.

156.    The allegations contained in the first sentence of paragraph 156 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard

of care in connection with Vioxx. Merck denies each and every allegation directed towards Merck contained in the second sentence of paragraph 156 of the Complaint.

157.   The allegations contained in paragraph 157 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 157 of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 157 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

158.   Denies each and every allegation directed towards Merck contained in paragraph 158 of the Complaint.

### RESPONSE TO "COUNT III – MISREPRESENTATION AND SUPPRESSION OF SAFETY INFORMATION BY DEFENDANTS"

159.   With respect to the allegations contained in paragraph 159 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 158 of this Answer with the same force and effect as though set forth here in full.

160.   Denies each and every allegation directed towards Merck contained in paragraph 160 of the Complaint.

161.  Denies each and every allegation directed towards Merck contained in paragraph 161 of the Complaint, including its subparts a through e.

162.  Denies each and every allegation directed towards Merck contained in paragraph 162 of the Complaint.

163.  Denies each and every allegation directed towards Merck contained in paragraph 163 of the Complaint.

164.  Denies each and every allegation directed towards Merck contained in paragraph 164 of the Complaint.

165.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 165 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 165 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

166.  The allegations contained in paragraph 166 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, standard or duty in connection with Vioxx.

167.  The allegations contained in paragraph 167 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 167 of the Complaint.

168.  Denies each and every allegation directed towards Merck contained in paragraph 168 of the Complaint.

169.   Denies each and every allegation directed towards Merck contained in paragraph 169 of the Complaint.

### RESPONSE TO
### "COUNT IV – REDHIBITION"

170.   With respect to the allegations contained in paragraph 170 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 169 of this Answer with the same force and effect as though set forth here in full.

171.   The allegations contained in the first sentence of paragraph 171 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in the first sentence of paragraph 171 of the Complaint.  Merck denies each and every allegation directed towards Merck contained in the second sentence of paragraph 171 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

172.   The allegations contained in paragraph 172 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 172 of the Complaint.

173.   The allegations contained in paragraph 173 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 173 of the Complaint.

174.    The allegations contained in paragraph 174 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 174 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

175.    The allegations contained in paragraph 175 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 175 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

176.    The allegations contained in paragraph 176 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 176 of the Complaint.

177.    The allegations contained in paragraph 177 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 177 of the Complaint, including its subparts (1) through (4), except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT V – CLAIM UNDER
## THE LOUISIANA PRODUCTS LIABILITY ACT:  LA. R.S. 9:2800.56"

178.    With respect to the allegations contained in the first sentence of paragraph 178 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 177 of this Answer with the same force and

effect as though set forth here in full.  The allegations contained in the second sentence of paragraph 178 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in the second sentence of paragraph 178 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

179.   Denies each and every allegation directed towards Merck contained in paragraph 179 of the Complaint, except admits that Merck manufactured the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

180.   Denies each and every allegation directed towards Merck contained in paragraph 180 of the Complaint.

181.   Denies each and every allegation contained in paragraph 181 of the Complaint.

182.   The allegations contained in paragraph 182 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 182 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VI – CLAIM UNDER
## THE LOUISIANA PRODUCTS LIABILITY ACT:  LA. R.S. 9:2800.57"

183.   With respect to the allegations contained in paragraph 183 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 182 of this Answer with the same force and effect as though set forth here in full.

184.   Denies each and every allegation directed towards Merck contained in paragraph 184 of the Complaint, except admits that Merck manufactured the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

185.   Denies each and every allegation directed towards Merck contained in paragraph 185 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

186.   Denies each and every allegation directed towards Merck contained in paragraph 186 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

187.   Denies each and every allegation directed towards Merck contained in paragraph 187 of the Complaint.

188.   The allegations contained in paragraph 188 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 188 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT VII – CLAIM UNDER THE LOUISIANA PRODUCTS LIABILITY ACT:  La. R.S. 9:2800.58"

189.   With respect to the allegations contained in paragraph 189 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 188 of this Answer with the same force and effect as though set forth here in full.

190.    Denies each and every allegation directed towards Merck contained in paragraph 190 of the Complaint.

191.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 191 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 191 of the Complaint.

192.    Denies each and every allegation directed towards Merck contained in paragraph 192 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

193.    The allegations contained in paragraph 193 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 193 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT VIII – BREACH OF WARRANTY"**

194.    With respect to the allegations contained in paragraph 194 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 193 of this Answer with the same force and effect as though set forth here in full.

195.    The allegations contained in paragraph 195 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph

195 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

196.    Denies each and every allegation directed towards Merck contained in paragraph 196 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

197.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 197 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 197 of the Complaint.

198.    Denies each and every allegation directed towards Merck contained in paragraph 198 of the Complaint.

199.    Denies each and every allegation directed towards Merck contained in paragraph 199 of the Complaint, except admits that Plaintiffs purport to seek special and compensatory damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT IX – UNJUST ENRICHMENT"**

200.    With respect to the allegations contained in the paragraph 200 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 199 of this Answer with the same force and effect as though set forth here in full.

201.    Denies each and every allegation directed towards Merck contained in paragraph 201 of the Complaint.

## RESPONSE TO
## "COUNT X – ACTUAL AND CONSTRUCTIVE FRAUD"

202.    With respect to the allegations contained in the paragraph 202 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 201 of this Answer with the same force and effect as though set forth here in full.

203.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 203 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 203 of the Complaint.

204.    The allegations contained in paragraph 204 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 204 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 204 of the Complaint.

205.    The allegations contained in paragraph 205 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 205 of the Complaint.

206.    The allegations contained in paragraph 206 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 208 of the Complaint.

207.    Denies each and every allegation directed towards Merck in the first unnumbered "Wherefore" paragraph after paragraph 206 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "PRAYER FOR RELIEF"

208.    The allegations contained in the unnumbered paragraph under the heading "Prayer for Relief" in the Complaint constitute a prayer for relief as to which no response is required.    Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in the unnumbered paragraph, including its subparts a through i, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "JURY DEMAND"

209.    The allegations contained in the first unnumbered paragraph under the heading "Jury Demand" in the Complaint are legal conclusions as to which no responsive pleading is required.

210.    The allegations contained in the final, unnumbered "Wherefore" paragraph of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in the unnumbered "Wherefore" paragraph, including its subparts a through e, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**AS FOR A FIRST
DEFENSE, MERCK ALLEGES:**

211.    The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND
DEFENSE, MERCK ALLEGES:**

212.    The Plaintiffs and/or Decedents were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedents.

**AS FOR A THIRD
DEFENSE, MERCK ALLEGES:**

213.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH
DEFENSE, MERCK ALLEGES:**

214.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FIFTH
DEFENSE, MERCK ALLEGES:**

215.    The Plaintiffs and/or Decedents failed to exercise reasonable care to mitigate their alleged damages.

**AS FOR A SIXTH
DEFENSE, MERCK ALLEGES:**

216.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

217.   To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

218.   The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

219.   The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

220.   The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

221.   The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

222.   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

223.    The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

224.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

225.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

226.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

227.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedents or natural course of conditions for which this defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

228.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs and/or Decedents or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

229.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

230.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs and/or Decedents did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

231.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

232.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

233.   To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

234.   To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

235.   The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

236.   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their

claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

237.   The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

238.   To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable provisions of Louisiana and Mississippi state law.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

239.   Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

240.   Pursuant to Pre-Trial Order No. 11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

241.   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

242.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred. La. Rev. Stat. § 9:2800.51, et seq.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

243.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiffs have failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act. La. Rev. Stat. § 9:2800.59(A).

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

244.    Plaintiffs' claim for non-economic damages are subject to and limited by Miss. Code § 11-1-60 (1) (a) through (c) (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

245.    To the extent that the Plaintiffs' claims are based upon any theory of product liability, those claims are barred or limited by Mississippi's Product Liability Act, Miss. Code § 11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

(2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

(4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)    imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)    imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)    imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

246.   Plaintiffs' claim for punitive damages against Merck fails under Miss. Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

247.   Merck affirmatively pleads Miss. Code § 85-5-7 (1972), as amended by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

248.   Some or all of the damages alleged by Plaintiffs are barred by Miss. Code §§ 75-2-714, 715 (1972).

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

249.   Plaintiffs' claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a)   imposition of punitive damages by a jury which

(1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint for Damages with prejudice against Merck with costs assessed to Plaintiffs;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: March 8 , 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
           Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
           Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 8th day of March, 2006.