FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR -8  PM 4:20

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Vioxx | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| **This document relates to** | * | |
| | * | MAGISTRATE |
| Eva Lucille Adams v. Merck & Co., Inc., | * | JUDGE KNOWLES |
| No. 05-4326, And Only Regarding | * | |
| Mascale Eugene Bellis, Rick Calvert, | * | |
| Terry Colson, Rebecca Fox, Gerald | * | |
| Fraley, Jacquline Lewis and Mozell | * | |
| Sullivan | * | |
| | * | |
| Harriet Aldridge et al v. Merck & Co., | * | |
| Inc., No. 05-6346, And Only Regarding | * | |
| Raymond Bell | * | |
| | * | |
| Daryl Hill et al v. Merck & Co., Inc., No. | * | |
| 05-4325, And Only Regarding Gary | * | |
| Arrington | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

### DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE TO SHOW CAUSE WHY PLAINTIFFS' COMPLAINTS SHOULD NOT BE DISMISSED FOR PROVIDING A GROSSLY DEFICIENT PLAINTIFF PROFILE FORM IN NON-COMPLIANCE WITH PRE-TRIAL ORDER NO. 18B

This Court should dismiss Plaintiffs' claims pursuant to *Fed. R. Civ. P.* 37 because Plaintiffs have failed to comply with Pretrial Order 18B ("PTO 18B") and because they have stonewalled discovery by serving grossly deficient Plaintiff Profile Forms ("PPFs").  As noted in Merck's initial Memorandum, "[a] district court has discretion to impose sanctions under Rule 37."  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990)



(citation omitted). The dismissal of a parties' claims is one sanction contemplated by the Rule. *Id.; see also* Fed. R. Civ. P. 37(b)(2)(C). When a party "demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion." *McLeod*, 894 F.2d at 1486.

Here, Plaintiffs have failed to produce court-ordered discovery in violation of PTO 18B. And, for the reasons discussed below, Plaintiffs cannot demonstrate that their failure to comply was due to inadvertence or an honest misunderstanding. The Supreme Court has held that deterrence is one important purpose of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Merck respectfully urges the Court to enforce PTO 18B as written.

I. **Plaintiffs' Complaints Should Be Dismissed Because the Service of a Grossly Deficient PPF Cannot Reasonably Be Considered Good Faith Compliance with PTO 18B.**

Notwithstanding Plaintiffs' failure to provide complete responses to their PPFs, Plaintiffs argue that they should not be subject to *any* discovery sanctions, including a dismissal of their claims, because "Plaintiffs have made a good faith effort to complete the PPFs." (Pls.' Mem. at 2.) Specifically, Plaintiffs argue (1) that their PPFs are not due because they have not suffered a cardiovascular event; (2) that Plaintiffs timely responded to the subject PPFs in good faith; and (3) that the present motion is premature because Merck has failed to comply with Local Civil Rule 37.1. (*Id.* at 2-5.) All of these contentions are without merit.

PTO 18B defines a "cardiovascular event" as "a myocardial infarction, an ischemic stroke, or a death." (PTO 18B at 1.) The PTO sets due dates for Plaintiffs' service of their PPFs

and related information. (PTO 18B ¶ 2.) Plaintiffs say that "[they] do not *believe* [that] . . . five plaintiffs had cardiovascular events as that term is defined in Pretrial Order 18(B)." (Pls.' Mem. at 2) (emphasis added). Plaintiffs' argument is made in bad faith because it appears to contradict the express allegations that Plaintiffs have set forth in their own complaints, which demonstrate that these Plaintiffs will likely claim a cardiovascular event.

The following table lists each of the Plaintiffs in question and their specific allegations. The allegations show that PTO 18B requires many, if not all, of these Plaintiffs to serve a timely PPF:

| Plaintiff | Case | Allegation of Injury |
|---|---|---|
| Mascale Bellis | *Adams, et al. v. Merck & Co., Inc.* Docket No. 05-cv-4326 | "heart attack" (Complaint ¶ 4.) |
| Rebecca Fox | *Adams, et al. v. Merck & Co., Inc.* Docket No. 05-cv-4326 | "blood clots" (Complaint ¶ 45.) |
| Gerald Fraley | *Adams, et al. v. Merck & Co., Inc.* Docket No. 05-cv-4326 | "heart and cardiovascular problems" (Complaint ¶ 15.) |
| Jacquline Lewis | *Adams, et al. v. Merck & Co., Inc.* Docket No. 05-cv-4326 | "heart and cardiovascular problems" (Complaint ¶ 21.) |
| Gary Arrington | *Hill, et al. v. Merck & Co., Inc.* Docket No. 05-cv-4325 | "heart and cardiovascular problems" (Complaint ¶ 37.) |

Mascale Bellis explicitly alleges in her complaint that she suffered a myocardial infarction and must therefore serve a "complete and verified" PPF pursuant to PTO 18B. (*See* PTO 18B, ¶¶ 2-3.) The other Plaintiffs at the very least suggest in their complaints that they may have had a cardiovascular injury as defined in PTO 18B. In opposition to this motion, however, Plaintiffs equivocate and state that they "do not *believe*" that these plaintiffs suffered a cardiovascular injury. (Pls.' Mem. at 2) (emphasis added). Plaintiffs must state without tentative language now whether they are alleging a cardiovascular injury. If they are allowed to conceal highly relevant information about their specific injuries, they will delay further discovery and thereby prejudice Merck. As time passes, memories fade, medical records are destroyed or misplaced, and witnesses die. Plaintiffs admit that "certain of the plaintiffs have issues with memory" and that

801289v.1

"[o]thers are poor historians." (Pls.' Mem. at 3.) It is unfair to allow Plaintiffs to delay production of relevant information now and then surprise Merck long after PTO 18B requires the production of complete PPFs and supporting documents.

As noted in Merck's motion papers, Plaintiffs left large sections of their PPFs blank and repeatedly used the phrase "see medical records" to avoid answering key questions. (Merck's Mot. at 5.) Plaintiffs now contend that "Merck . . . should regard 'see medical records' on the PPF as 'plaintiffs will supplement.'" (Pls.' Mem. at 4.) But, irrespective of form, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." *Fed. R. Civ. P.* 37(a)(3). Plaintiffs have not cured these omissions.[1] Moreover, a Plaintiff's memory, even if imperfect, is not a sufficient excuse for refusing to answer discovery. *See Bryant v. United States ex rel. U.S. Post Office*, 2006 WL 305661, at *3-*4 (6th Cir. Feb. 9, 2006) (affirming district court's dismissal of plaintiff's complaint under Rule 37 for plaintiff's alleged bad memory with regard to her medical history).

As a general matter, Rule 26(g)(2) requires counsel to certify that every discovery response is, to the best of counsel's knowledge, "consistent with the[] [Federal] rules" and "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Fed. R. Civ. P.* 26(g)(2)(A) and (B). A substantially incomplete PPF does not comport with this Rule. Moreover, nothing in PTO 18B excuses Plaintiffs from answering discovery in good faith.

---

[1] In particular, Plaintiffs identify Fannie Lillibridge and Raymond Bell as PPFs that were due on February 16, 2006. (Pls.' Mem. at 3.) Since Merck filed its initial application, Fannie Lillibridge has submitted a PPF, but Raymond Bell has not. That PPF is three weeks late.

Finally, Plaintiffs maintain that Merck's present Motion is premature because Merck has not complied with Eastern District of Louisiana Local Civil Rule 37.1, which requires opposing counsel to meet and confer, in person or by telephone, before moving for discovery sanctions. (Pls.' Mem. at 5.) But PTO 18B supersedes Local Civil Rule 37.1. Rule 16 affords this Court "wide discretion" to manage discovery in so called "mass tort" actions. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000). This coordinated proceeding comprises more than 4,000 cases representing more than 12,000 Vioxx users. It would be extraordinarily burdensome for Merck to meet and confer with scores of counsel every month and generate certificates summarizing the results of each conference. This Court therefore established a mechanism under which Merck's counsel would notify Plaintiffs' counsel of deficiencies by fax or electronic mail. (PTO 18B ¶ 4.) Plaintiffs' counsel would then have twenty days to respond to the deficiencies asserted. (*Id.*) *See In re Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) (establishing procedures to efficiently address the claims of thousands of plaintiffs nationwide). Accordingly, Plaintiffs' argument is without merit.

801289v.1

## CONCLUSION

For the foregoing reasons and the reasons set forth in Merck's initial Memorandum, Merck respectfully asks the Court to order the specified plaintiffs to appear before this Court and show cause why their claims should not be dismissed with prejudice for failure to provide a responsive and complete Plaintiff Profile Form incompliance with PTO 18B.

DATED: March 8, 2006

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

801289v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum in Further Support of Rule to Show Cause has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 8th day of March, 2006.

*Dorothy H. Wimberly*

801289v.1