

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| | * | MAGISTRATE |
| Eva Lucille Adams v. Merck & | * | JUDGE KNOWLES |
| Co., Inc., No. 05-4326, And Only | * | |
| Regarding Theresa Dodd, | * | |
| Charlotte Galbreath and John | * | |
| Lawson | * | |
| | * | |
| Vernon Andrews et al v. Merck & Co., | * | |
| Inc., No. 05-2569, And Only Regarding | * | |
| Leigh Behrens | * | |
| | * | |
| Shirley Bailey et al v. Merck & Co., Inc., | * | |
| No. 05-3414, And Only Regarding Jack | * | |
| Elliot and Volean Gilmore | * | |
| | * | |
| Charlesetta Butler et al v. Merck | * | |
| & Co., Inc., No. 05-3817, And | * | |
| Only Regarding Dennis Davis | * | |
| | * | |
| Sam Fife et al v. Merck & Co., Inc., No. | * | |
| 05-6348, And Only Regarding Lizzie | * | |
| Billups and Eva Carter | * | |
| | * | |
| Jerry Frame et al v. Merck & Co., Inc., | * | |
| No. 05-3815, And Only Regarding Kitty | * | |
| Gilliam | * | |
| | * | |
| Daryl Hill et al v. Merck & Co., Inc., No. | * | |
| 05-4325, And Only Regarding Alvino | * | |
| Davis | * | |
| | * | |
| Barbara Middleton et al v. Merck & Co., | * | |
| Inc., No. 05-3416, And Only Regarding | * | |
| Helen Campbell | * | |

| | |
|---|---|
| Margaret Molder et al v. Merck & Co., Inc., No. 05-2929, And Only Regarding Dorothy Green | * * * * |
| Lavona Neal et al v. Merck & Co., Inc., No. 05-2928, And Only Regarding Barbara Gourley | * * * * * |
| Barbara Obannon et al v. Merck & Co., Inc., No. 05-3809, And Only Regarding Rosanna Chavez | * * * * * |
| Mona Swint et al v. Merck & Co., Inc., No. 05-6347, And Only Regarding Richard Eckard | * * * * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE TO SHOW CAUSE WHY PLAINTIFFS' COMPLAINTS SHOULD NOT BE DISMISSED FOR PROVIDING A BLANK PLAINTIFF PROFILE FORM IN NON-COMPLIANCE WITH PRE-TRIAL ORDER NO. 18B**

This Court should dismiss Plaintiffs' claims pursuant to *Fed. R. Civ. P.* 37 because Plaintiffs have failed to comply with Pretrial Order 18B ("PTO 18B") and because they have stonewalled discovery by serving blank Plaintiff Profile Forms ("PPFs"). Indeed, it is difficult to conceive of any action better designed to disregard the Court's Order than providing no response at all. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming District Court's dismissal of plaintiff's complaint for plaintiff's failure to timely respond to interrogatories). As noted in Merck's initial Memorandum, "[a] district court has discretion to impose sanctions under Rule 37." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted). The dismissal of a parties' claims is one sanction contemplated by the Rule. *Id.; see also Fed. R. Civ. P.* 37(b)(2)(C). When a party "demonstrates flagrant bad faith and callous disregard of its responsibilities, the

district court's choice of the extreme sanction is not an abuse of discretion." *McLeod*, 894 F.2d at 1486.

Here, Plaintiffs have failed to produce court-ordered discovery in violation of PTO 18B. And, for the reasons discussed below, Plaintiffs cannot demonstrate that their failure to comply was due to inadvertence or an honest misunderstanding. To the contrary, Plaintiffs concede that they intentionally served the blank PPFs. (*See* Pls.' Mem. at 4.) The Supreme Court has held that deterrence is one important purpose of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League*, 427 U.S. at 643. Merck respectfully urges the Court to enforce PTO 18B as written.

## I. Plaintiffs' Complaints Should Be Dismissed Because the Service of a Blank PPF Cannot Reasonably Be Considered Good Faith Compliance with PTO 18B.

Notwithstanding Plaintiffs' complete failure to provide substantive responses to their PPFs, Plaintiffs argue that they should not be subject to *any* discovery sanctions, including a dismissal of their claims, because "Plaintiffs have in good faith attempted to comply with Pretrial Order 18(B)." (Pls.' Mem. at 8.) Specifically, Plaintiffs argue (1) that their PPFs are not due because they do not know whether they suffered a cardiovascular event; (2) that certain blank PPFs should be disregarded because they were served before their February 18, 2006 due date; (3) that "plaintiffs are having difficulty in obtaining completed plaintiff profile forms"; and (4) that the present motion is premature because Merck has failed to comply with Local Civil Rule 37.1. (*Id.* at 8-12.) All of these contentions are without merit.

### A. PTO 18B Requires Plaintiffs to Disclose Whether They Have Suffered a "Cardiovascular Event."

PTO 18B defines a "cardiovascular event" as "a myocardial infarction, an ischemic stroke, or a death." (PTO 18B at 1.) The PTO sets due dates for Plaintiffs' service of their PPFs and related information. (PTO 18B ¶ 2.) Plaintiffs say that "[they] do not *believe* [that eight particular] plaintiffs had cardiovascular events as that term is defined in Pretrial Order 18(B)." (Pls.' Mem. at 8) (emphasis added). As a result, Plaintiffs promise that "[they] will provide plaintiff profile forms on the cases listed above if [*sic*] the course of discovery if it is determined that these plaintiffs suffered a cardiovascular event." (*Id.* at 9.) Plaintiffs' argument is made in bad faith for two reasons. First, Plaintiffs' interpretation of PTO 18B unilaterally grants them an indefinite extension on submitting PPFs until they feel it is appropriate. Second, the argument appears to contradict the express allegations that Plaintiffs have set forth in their own complaints, which demonstrate that these Plaintiffs will likely claim a cardiovascular event.

#### 1. Plaintiffs Impermissibly Grant Themselves an Indefinite Extension.

The language of PTO 18B is mandatory:

> Plaintiffs in all cardiovascular event cases *shall* each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) in the form set forth in Attachment A. Those plaintiffs *shall* also produce with their PPF all documents responsive to the document requests contained therein.

(PTO 18B ¶ 1) (emphasis added). Paragraph 2 of the Order provides that "complete and verified PPFs, signed and dated Authorizations, and all responsive documents *shall* be produced on the following schedule. . . ." (PTO 18B ¶ 2) (emphasis added). In addition, paragraph 3 of the Order requires Plaintiffs in cardiovascular event cases who join the MDL after September 1, 2005 to "provide complete and verified PPFs" and supporting documents "within seventy-five

4

(75) days of their transfer order or the date on which they are filed in this proceeding." (PTO 18B ¶ 3.)

Plaintiffs' interpretation of PTO 18B contradicts the letter and the intent of the Order. Plaintiffs claim that they may provide a PPF whenever in "the course of discovery . . . it is determined that these plaintiffs suffered a cardiovascular event." (Pls.' Mem. at 9.) This interpretation is untenable in light of the mandatory language of the Order, which requires Plaintiffs to submit a PPF by a date certain. (*See* PTO 18B ¶¶ 1-3.) *Cf. In re Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) ("Defendants have a right to receive this information from claimants and claimants have a duty to provide the information timely."). Moreover, Plaintiffs' interpretation effectively forecloses discovery. Unless Plaintiff identifies the injury in his PPF, Merck will not know the details of a Plaintiff's injury. Yet Plaintiffs claim that they do not have to produce a PPF until they themselves discover the nature of their own injuries. (Pls.' Mem. at 9.) The only way for Merck to scale Plaintiffs' stonewall is to serve discovery demands on each and every defendant in the MDL—a result that PTO 18B was intended to avoid.

In *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000), the Fifth Circuit Court of Appeals held that, in a so called "mass tort" case, a District Court may require plaintiffs to provide basic information about their claims by way of pretrial order:

> The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed.R.Civ.P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries.

801290v.1

*Id.* at 340. The Court therefore affirmed the District Court's dismissal of the claims of 1,600 plaintiffs for their failure to provide this basic information:

> The affidavits supplied by the plaintiffs did not provide this information. The district court did not commit clear error or an abuse of discretion in refusing to allow discovery to proceed without better definition of plaintiffs' claims.

*Id.* at 340-41. As in *Acuna*, it is respectfully submitted that this Court should likewise dismiss Plaintiffs' claims for failing to comply with the Court's pretrial orders regarding initial discovery. *See also Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1.

### 2. The Plaintiffs at Issue Likely Claim Cardiovascular Events.

Plaintiffs' bad faith refusal to submit a responsive PPF is plain in light of the actual allegations set forth in their complaints. The following table lists each of the Plaintiffs in question and their specific allegations. The allegations show that PTO 18B likely requires many, if not all, of these Plaintiffs to serve a timely PPF:

| Plaintiff | Case | Allegation of Injury |
| --- | --- | --- |
| Theresa Dodd | *Adams, et al. v. Merck & Co., Inc.* Docket No. 05-cv-4326 | "heart and cardiovascular problems" (Complaint ¶ 11.) |
| Charlotte Galbreath | *Adams, et al. v. Merck & Co., Inc.* Docket No. 05-cv-4326 | "heart and cardiovascular problems" (Complaint ¶ 17.) |
| Lizzie Billups | *Fife, et al. v. Merck & Co., Inc., et al.* Docket No. 05-cv-6348 | "heart and cardiovascular problems" (Petition ¶ 17.) |
| Eva Carter | *Fife, et al. v. Merck & Co., Inc., et al.* Docket No. 05-cv-6348 | "heart and cardiovascular problems" (Petition ¶ 6.) |
| Barbara Gourley | *Neal, et al. v. Merck & Co., Inc., et al.* Docket No. 05-cv-2928 | "blood clots" (Petition ¶ 12.) |
| Rosanna Chavez | *O'Bannon, et al. v. Merck & Co., Inc., et al.*, Docket No. 05-cv-3809 | "blood clots" (Petition ¶ 5.) |

If Plaintiffs are allowed to continue to conceal their specific injuries, they will delay the service of their PPFs and thereby prejudice Merck. As time passes, memories fade, medical records are destroyed or misplaced, and witnesses die. Plaintiffs admit that, since the Court has entered PTO 18B, Plaintiffs Alvino Davis and Obe Everett have died. (Pls.' Mem. at 10.) Moreover, Plaintiffs' counsel cannot contact Jack Elliot, Dorothy Green, Volean Gilmore, and Tracey

801290v.1

Simpkiss. (*Id.*) It is unfair to allow Plaintiffs to delay production of PPFs now and then surprise Merck long after PTO 18B requires the production of their PPFs and supporting documents.

### B. Plaintiffs Still Have Not Served Complete and Responsive PPFs to Meet the Claimed February 18, 2006 Due Date.

Plaintiffs claim that the Court should disregard the blank PPFs that five Plaintiffs[1] served as "the plaintiff profile forms were not due until on or about February 18, 2006." (Pls.' Mem. at 9.) This is another incorrect argument. That is because, as of today—nearly three weeks after Plaintiffs' own calculation of their due date—three of five of them still have not served complete and responsive PPFs.[2] Even if the Court accepts the Plaintiffs' reasoning, Plaintiffs have still failed to make discovery.

In any event, Plaintiffs' argument—that they get repeated opportunities to produce discovery piecemeal until the Court-imposed due date arrives—is unreasonable. As a general matter, Rule 26(g)(2) requires counsel to certify that every discovery response is, to the best of counsel's knowledge, "consistent with the[] [Federal] rules" and "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Fed. R. Civ. P.* 26(g)(2)(A) and (B). A blank PPF does not comport with this Rule. Moreover, nothing in PTO 18B excuses Plaintiffs from answering discovery in good faith. As noted above, a blank response is not a good faith response. *See Fed. R. Civ. P.* 37(a)(3). Plaintiffs' counsel here claims that "it was better to file [blank] profile form[s] on the date they thought they were due containing [only] the name and social security number of the plaintiff than

---

[1] These are Richard Eckard, Lizzie Billups, Eva Carter, Sam Fife, and Toni Elpers. (Pls.' Mem. at 9.)
[2] Since Merck filed its initial Motion, Plaintiffs have submitted amended PPFs for Richard Eckard, Lizzie Billups and Eva Carter. However, these PPFs are grossly deficient insofar as they leave the answers to many important questions blank and evade answering questions by responding with the phrase "see medical records." For reasons why Plaintiffs' Complaints should still be dismissed, please see Merck's concurrent application for a Rule to Show Cause why Plaintiffs' Complaints should not be dismissed for Plaintiffs' providing a grossly deficient PPF.

not file them at all." (Pls.' Mem. at 4.) In fact, it would have been better if they had simply picked up the telephone and asked for a reasonable extension.

### C. Plaintiffs Claims Should Be Dismissed Because They Fail to Demonstrate that They Have Diligently Sought to Answer Discovery.

Plaintiffs claim that they are "having difficulty in obtaining completed plaintiff profile forms" for various reasons. (Pls.' Mem. at 9-10.) Plaintiffs' counsel maintains that it is Merck's policy to refuse extensions and press for dismissals with prejudice. (*Id.* at 5.) That is absolutely untrue. Merck has granted scores of extensions to many Plaintiffs' counsel in appropriate circumstances. In fact, Merck granted Jeffrey J. Lowe P.C. and Carey & Danis 20-day extensions for the 83 plaintiffs listed in Counsel's December 13, 2005 letter. (See Pls.' Mem., Exh. 3.) Merck declined to give further extensions after Plaintiffs failed to meet the first extension and after Merck filed its present motions.

Regardless, the vast majority of Plaintiffs who have failed to submit a PPF are not recent or unexpected difficulties. Kitty Gilliam has been incapacitated from a stroke, apparently the injury that she claims in her lawsuit. (Pls.' Mem. at 10.) Terry Campbell is purportedly hard of hearing, a disability that should not interfere with completion of a Plaintiff Profile Form. (*Id.*) These are problems that Plaintiffs' counsel presumably knew when counsel filed these Plaintiffs' Complaints. Counsel should have taken special care to accommodate these problems.

Furthermore, the disappearance of a client cannot be a good cause to extend the due date for responding to a PPF. *See also Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1. As this Court observed in *Propulsid*, "[i]n order to proceed with the litigation in an organized and logical manner, the Court established procedures and deadlines that the parties must follow." *Id.* Plaintiffs have an obligation to ensure that their counsel have current contact information.

### D. PTO 18B Superseded Local Civil Rule 37.1.

Plaintiffs maintain that Merck's present Motion is premature because Merck has not complied with Eastern District of Louisiana Local Civil Rule 37.1, which requires opposing counsel to meet and confer, in person or by telephone, before moving for discovery sanctions. (Pls.' Mem. at 12.) But PTO 18B supersedes Local Civil Rule 37.1. Rule 16 affords this Court "wide discretion" to manage discovery in so called "mass tort" actions. *Acuna*, 200 F.3d at 340. This coordinated proceeding comprises more than 4,000 cases representing more than 12,000 Vioxx users. It would be extraordinarily burdensome for Merck to meet and confer with scores of counsel every month and generate certificates summarizing the results of each conference. This Court therefore established a mechanism under which Merck's counsel would notify Plaintiffs' counsel of deficiencies by fax or electronic mail. (PTO 18B ¶ 4.) Plaintiffs' counsel would then have twenty days to respond to the deficiencies asserted. (*Id.*) *See Propulsid Prods. Liab. Litig.*, 2003 WL 22383576, at *1 (establishing procedures to efficiently address the claims of thousands of plaintiffs nationwide). Accordingly, Plaintiffs' argument is without merit.

801290v.1

## CONCLUSION

For the foregoing reasons and the reasons set forth in Merck's initial Memorandum, Merck respectfully asks the Court to order the specified plaintiffs to appear before this Court and show cause why their claims should not be dismissed with prejudice for failure to provide a responsive and complete Plaintiff Profile Form incompliance with PTO 18B.

DATED: March 8, 2006

                                              Respectfully submitted,

                                              Phillip A. Wittmann, 13625
                                              Dorothy H. Wimberly, 18509
                                              Carmelite M. Bertaut, 3054
                                              STONE PIGMAN WALTHER
                                              WITTMANN L.L.C.
                                              546 Carondelet Street
                                              New Orleans, Louisiana 70130
                                              Phone: 504-581-3200
                                              Fax:   504-581-3361

                                              Defendants' Liaison Counsel

801290v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum in Further Support of Rule to Show Cause has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this 8th day of March, 2006.

*[signature]*

801290v.1