FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR -9 AM 4:42

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION: | | |
| | : | SECTION: L |
| THIS DOCUMENT RELATES TO ALL CASES: | | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

### NOTICE OF FRE 30(B)(6) CORPORATE DEPOSITION (ORAL AND VIDEOTAPED)

TO:   **Merck & Co, Inc.**
**Through**
**Phillip A. Wittmann, Esq.**
**STONE, PIGMAN**
**546 Carondelet Street**
**New Orleans, Louisiana 70130-3588**
**LIAISON COUNSEL FOR DEFENDANTS**

PLEASE TAKE NOTICE that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering Committee in the MDL, will take the deposition of Merck & Co., Inc. ("Merck") on April 4, 2006, at 9:30 a.m. EST at the offices of Morgan, Lewis & Bockius, 1701 Market Street, Philadelphia, Pennsylvania 19103-2921, (215) 963-5000, or at another location mutually agreed upon by the parties. Pursuant to Fed. R. Civ. P. 30(b)(6), Merck shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of Merck concerning the topics identified herein.

Statement of Deposition Procedures - The deposition shall be taken pursuant to Pre-Trial Order No. 9 (Deposition Guidelines) entered April 15, 2005. The terms of such order are incorporated into this Notice.

Primary Examiner:   A member of the PSC or its designee

W:\25000-29999\27115\000\PLD\30(b)(6) Notice to Merck re Interrog 28 2006-3-7.doc

1

___ Fee ___
___ Process ___
X  Dktd ___
___ CtRmDep ___
___ Doc. No. ___

Videotaped Deposition:                    Yes

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

### I. INSTRUCTIONS AND DEFINITIONS

1. **"And"** as well as **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any matters which might otherwise be construed to be outside of the scope.

2. **"Business Documents"** as used herein shall mean the writings or documents evidencing the formation of each corporate or other business entity, its business purpose and its ongoing organization, including but not limited to articles, by-laws, annual reports, merger agreements, consolidation agreements, share exchange agreements, dissolution agreements, liquidation agreements, reorganization agreements, receivership agreements, transfer of assets or liability agreements, management agreements, and operating agreements.

3. **"Communication"** means any transmission from one person to another, or in the presence of another, whether by written, oral, telephonic, electronic or by any other means and includes any records of such transmission.

4. **"Computer"** means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

5. **"Computer system,"** when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including operating system, private- and custom-developed applications, commercial applications, and/or shareware.

6. **"Defendant"** as used herein shall mean each of the named defendants in this matter.

7. **"Documents"** as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34. Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs,

data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

8.  **"Electronic data"** or "data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-

ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

9. **"Electronic media"** means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

10. **"Financial records"** means all documents and statements containing information about the financial condition, operating success, and future potential of the business enterprise which include but are not limited to financial documents and statements such as balance sheets, income statements, statements of retained earnings, statements of shareholder's equity, statement of changes in financial position, annual reports, accountant work papers, audits, SEC filings, tax returns, and financial projections.

11. **"Identify"** or **"identity"** with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

12. **"Merck"** means defendant Merck & Co., Inc., and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

13. **"License Agreement"** as used herein shall mean the right, agreement, authority or granting of ownership to use, borrow, loan, or incorporate any Trademark, Trade name or corporate or other business enterprise logo or designation of another.

14. **"Network"** means any hardware and/or software combination that connects two or more computers together and which allows the computers to share and/or transfer data between them. For the purposes of this definition, the connection between or among the computers need not be either physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, i.e., peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

15. **"Notification"** includes communication, documents and computer generated or assisted methods of transmitting information.

16. **"Or"** and **"and"** will be used interchangeably.

17. **"Person"** means natural person, as well as corporate and/or governmental entity.

18. **"Photographs"** means any and all positive and negatives of any pictures as well as any film, microfilm, microfiche or any video used to obtain representations of objects by means of chemical, action of light, digital technology or other kinds of radiant energy on special treated surfaces or films.

19. **"Plaintiff"** as used herein shall mean each of the named plaintiffs in this matter.

20. **"Vioxx"** means the drug Rofecoxib, also known by the brand name Vioxx or Vioxx, and any predecessor or non-final derivation of the drug that later became Vioxx.

21.  **"Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern"** shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents. The term **"relate to"** including but not limited to, its various forms such as **"relating to"** shall mean, consist of, refer to, reflect or be in anyway relevant to the matter.

22.  **"Request for Document"** or **"Records"** refers to originals unless otherwise specified, and for copies when originals are not available. The Request includes all documents and records in the actual or constructive possession, custody or control of you or your agents or representatives.

23.  **"Rotation"** means any plan, policy or procedure that involves the re-use of an electronic media device after it has been used for backup, archival, or other electronic data storage purposes, particularly if such re-use results in the alteration and/or destruction of the electronic data residing on the device prior to its re-use.

24.  **"Trademark"** shall mean any work, name, symbol or device or any combination thereof adapted and used by a person or business entity to identify goods made or sold by him and to distinguish them from goods made or sold by others.

25.  **"Trade name"** shall mean a word, name, symbol, device or any combination thereof used by a person or business entity to identify his business, vocation or occupation and distinguish it from the business, vocation or occupation of others.

26. **"You"** or **"Your"** shall refer to the person, firm, entity or entities to whom this document is directed, or to any party, their officers, agents, servants, employees and attorneys, and anyone acting in active concert or participation with them.

27. With respect to the identification or production of any documents or information which you claim to be privileged, a statement shall be provided setting forth as to each such document:

    a) the name of the sender, if any, of the document;
    b) the name of the author of the document;
    c) name of the person, if any, to whom the document and copies were sent;
    d) a description of the nature and the subject matter of the document;
    e) the statute, rule or decision which is claimed to give rise to the privilege;
    f) the last known custodian of the document and the present location of the document;
    g) a description of any attachments to the document;
    h) the number of pages comprising the document;
    i) whether the document was handwritten, typewritten, or otherwise prepared; and
    j) any other information which is useful in identifying or is necessary to identify the document.

28. Whenever appropriate, the singular form of a word shall be interpreted in the plural and vice versa.

29. Unless otherwise indicated, the relevant time period for the information sought is 1980 to present.

30. In responding to this request, if applicable, furnish documents as they are kept in the usual course of business or organize them to correspond with the categories of this request.

31. In responding to this request, for each document furnished, you are requested to produce the document as it is kept in its normal course of business <u>and</u> any English translations or interpretations of said document or thing.

32. The instructions and definitions set forth herein are expressly incorporated by reference and made a part of each of the requests set forth below.

## II. ITEMS OF EXAMINATION

1. The types of services provided by the firms, persons, vendors, or other entities identified by Merck in Response to Interrogatory No. 28 dated September 15, 2005.

Respectfully submitted,

*[signature]*

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX: (504) 561-6024

Temporary Address:

Place St. Charles, 201 St. Charles Avenue
Suite 4310, New Orleans, LA 70170
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |

W:\25000-29999\27115\000\PLD\30(b)(6) Notice to Merck re Interrog 28 2006-3-7.doc

| | |
|---|---|
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleadings has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 9th day of March, 2006.