

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 13  AM 5: 49

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana v. Merck & Co., Inc.*, Case No. 05-0713.

### PARTIAL ANSWER OF DEFENDANT MERCK & CO., INC. TO PLAINTIFF LOUISIANA HEALTH SERVICE INDEMNITY COMPANY d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA'S, FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, respectfully submits its Answer to Plaintiff Louisiana Health Service Indemnity Company d/b/a Bluecross/Blueshield Of Louisiana's, First Supplemental And Amended Complaint ("Amended Complaint") as follows:

### RESPONSE TO AMENDED COMPLAINT

1.     Admits the allegation contained in the unnumbered paragraph under Section I of the Amended Complaint that Plaintiff seeks to amend the caption of its suit.

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

2.      Admits the allegation contained in the unnumbered paragraph under Section II of the Amended Complaint that Plaintiff seeks to amend its Complaint.

### RESPONSE TO
### "NATURE OF THE ACTION"

3.      Denies each and every allegation contained in paragraph 1 of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "PARTIES AND INTRODUCTORY FACTS"

4.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 2 of the Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 2 of the Amended Complaint.

5.      Denies each and every allegation contained in paragraph 3 of the Amended Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that it is authorized to do business in Louisiana.

6.      The allegations contained in the first and second sentences of paragraph 4 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.

Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 4 of the Amended Complaint, except admits that Merck is authorized to do business in Louisiana and that Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief. Merck denies each and every allegation contained in the third sentence of paragraph 4 of the Complaint.

7.     The allegations contained in paragraph 5 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Amended Complaint.

8.     The allegations contained in paragraph 6 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Amended Complaint.

## RESPONSE TO
## "FACTUAL BACKGROUND"

9.     Denies each and every allegation contained in paragraph 7 of the Amended Complaint, except admits that Merck sought, and in May 1999 received, the approval of the U.S. Food & Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further admits that Vioxx is the brand name for rofecoxib.

10.    Admits the allegation contained in paragraph 8 of the Amended Complaint that Vioxx is part of a class of drugs known as known as non-steroidal anti-inflammatory drugs ("NSAIDs").

11.    The allegations contained in paragraph 9 of the Amended Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 9 of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Vioxx is part of a class of drugs known as known as NSAIDs.

12.    Denies each and every allegation contained in paragraph 10 of the Amended Complaint, except admits that the mechanism of action for Vioxx, which reduces pain and inflammation, is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further admits that the inhibition of cyclooxygenase-1 ("COX-1") in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

13.    Denies each and every allegation contained in paragraph 11 of the Amended Complaint, except admits that the mechanism of action for Vioxx, which reduces pain and inflammation, is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

14.    Denies each and every allegation contained in paragraph 12 of the Amended Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved

prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

### RESPONSE TO
### "B.  MERCK KNEW AND CONCEALED THE RISKS OF SERIOUS ADVERSE EVENTS ASSOCIATED WITH THE USE OF VIOXX WHEN PLANNING ITS VIOXX PRE-MARKETING CLINICAL TRIALS."

15.     Denies each and every allegation contained in paragraph 13 of the Amended Complaint, except admits that in December 1994 Merck submitted an Investigational New Drug ("IND") Application for Vioxx and respectfully refers the Court to the referenced IND for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 14 of the Amended Complaint, except admits that the referenced articles exist and respectfully refers to said articles for their actual language and full text.

17.     Denies each and every allegation contained in paragraph 15 of the Amended Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 16 of the Amended Complaint.

19.     Denies each and every allegation contained in paragraph 17 of the Amended Complaint, except admits that Vioxx is referred to internally as MK-966.

20.     Denies each and every allegation contained in paragraph 18 of the Amended Complaint, except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

21.     Denies each and every allegation contained in paragraph 19 of the Amended Complaint, except admits that Plaintiff purports to quote a portion of the referenced memorandum and avers that the quoted language is taken out of context.

22.     Denies each and every allegation contained in paragraph 20 of the Amended Complaint, except admits that Plaintiff purports to quote a portion of the referenced e-mail and avers that the quoted language is taken out of context.

23.     Denies each and every allegation contained in paragraph 21 of the Amended Complaint, except admits that Plaintiff purports to quote a portion of the referenced e-mail and avers that the quoted language is taken out of context.

24.     Denies each and every allegation contained in paragraph 22 of the Amended Complaint, except admits that Merck has had communications with FDA representatives and respectfully refers to the referenced minutes for their actual language and full text.

25.     Denies each and every allegation contained in paragraph 23 of the Amended Complaint, except admits that Plaintiff purports to quote a portion the referenced minutes and respectfully refers to the referenced minutes for their actual language and full text.

26.     Denies each and every allegation contained in paragraph 24 of the Amended Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

27.     Denies each and every allegation contained in paragraph 25 of the Amended Complaint, except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials.

28.     Denies each and every allegation contained in paragraph 26 of the Amended Complaint, except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials and that at that the time the Task Force conducted its evaluation these clinical trials were still blinded.

29.     Denies each and every allegation contained in paragraph 27 of the Amended Complaint.

30.     Denies each and every allegation contained in paragraph 28 of the Amended Complaint.

31.     Denies each and every allegation contained in paragraph 29 of the Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

32.     Denies each and every allegation contained in paragraph 30 of the Amended Complaint, except admits that Merck manufactured, marketed and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text. Merck further admits that it received a letter from Spencer Salis of DDMAC in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

## RESPONSE TO
## "C. MERCK'S PRE-MARKET KNOWLEDGE OF
## VIOXX'S CARDIOTOXICITY AND PROTHROMBOTIC EFFECTS."

33.     Denies each and every allegation contained in paragraph 31 of the Amended Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 32 of the Amended Complaint, except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.  Merck further admits that it sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

## RESPONSE TO "D. MERCK ENGAGED
## IN UNCONSCIONABLE AND DECEPTIVE MARKETING PRACTICES
## IN CONNECTION WITH THE MARKETING AND SALE OF VIOXX."

## RESPONSE TO
## "1. MERCK'S PRE-RELEASE MARKETING CAMPAIGN
## CATAPULTED VIOXX INTO BLOCKBUSTER STATUS."

35.     Denies each and every allegation contained in paragraph 33 of the Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual

language and full text.  Merck further admits that it employed professional representatives to have product discussions concerning Vioxx with health care professionals.

36.    Denies each and every allegation in paragraph 34 of the Amended Complaint.

37.    Denies each and every allegation in paragraph 35 of the Amended Complaint, except admits that Plaintiff purports to quote from Merck's 1998 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

38.    Denies each and every allegation contained in paragraph 36 of the Amended Complaint.

39.    Denies each and every allegation contained in paragraph 37 of the Amended Complaint.

40.    Denies each and every allegation contained in paragraph 38 of the Amended Complaint.

41.    Denies each and every allegation contained in paragraph 39 of the Amended Complaint.

## RESPONSE TO
## "FDA APPROVAL OF VIOXX"

42.    Denies each and every allegation contained in paragraph 40 of the Amended Complaint, except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.

43.    Denies each and every allegation contained in paragraph 41 of the Amended Complaint, except admits that in 1999 Merck received FDA approval to market the prescription medicine Vioxx, and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

44.     Denies each and every allegation contained in paragraph 42 of the Amended Complaint, except admits that in 1999 the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

45.     Denies each and every allegation contained in paragraph 43 of the Amended Complaint, except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

46.     Denies each and every allegation contained in paragraph 44 of the Amended Complaint, except admits that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

47.     Denies each and every allegation contained in paragraph 45 of the Amended Complaint and avers that the FDA approved Vioxx for the treatment of juvenile rheumatoid arthritis in children as young as 2 years old and who weighed at least 22 pounds.

### RESPONSE TO "F. MERCK'S
### UNPRECEDENTED POST-LAUNCH MARKETING CAMPAIGN"

48.     Denies each and every allegation contained in paragraph 46 of the Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

Merck further admits that it employed professional representatives to have product discussions concerning Vioxx with health care professionals.

49.     Denies each and every allegation contained in paragraph 47 of the Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck respectfully refers the Court to the transcript of the referenced hearing for Senator Grassley's actual language and conclusions.

50.     Denies each and every allegation contained in paragraph 48 of the Amended Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

51.     Denies each and every allegation in paragraph 49 of the Amended Complaint.

52.     Denies each and every allegation in paragraph 50 of the Amended Complaint, except admits that Merck received a letter from the FDA dated July 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

53.     Denies each and every allegation in paragraph 51 of the Amended Complaint, except admits that Merck received a letter from the FDA dated July 16, 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

54.     Denies each and every allegation in paragraph 52 of the Amended Complaint.

55.     Denies each and every allegation contained in paragraph 53 of the Amended Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

56.     Denies each and every allegation contained in paragraph 54 of the Amended Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

57.     Denies each and every allegation contained in paragraph 55 of the Amended Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

58.     Denies each and every allegation contained in paragraph 56 of the Amended Complaint, except admits that Merck trains its professional representatives.

59.     Denies each and every allegation contained in paragraph 57 of the Amended Complaint, except admits that Plaintiff purports to quote the referenced document but avers that said quotations are taken out of context.

60.     Denies each and every allegation contained in paragraph 58 of the Amended Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

61.     Denies each and every allegation contained in paragraph 59 of the Amended Complaint, except admits that Merck professional representatives used an approved

detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.

62.     Denies each and every allegation contained in paragraph 60 of the Amended Complaint.

63.     Denies each and every allegation contained in paragraph 61 of the Amended Complaint, except admits that Merck professional representatives used an approved detail piece called the Cardiovascular Card and respectfully refers the Court to that card for its actual language and full text.   Merck further admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

64.     Denies each and every allegation contained in paragraph 62 of the Amended Complaint, except admits that the existence of the referenced publication and the article contained therein and respectfully refers the Court to the referenced publication and article for its actual language and full text.

### RESPONSE TO "G.  THE VIGOR TRIAL - 1. THE VIOXX GASTROINTESTINAL RESEARCH ("VIGOR") PROGRAM"

65.     Denies each and every allegation contained in paragraph 63 of the Amended Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

66.     Denies each and every allegation contained in paragraph 64 of the Amended Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

67.     Denies each and every allegation contained in paragraph 65 of the Amended Complaint.

68. Denies each and every allegation contained in paragraph 66 of the Amended Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

69. Denies each and every allegation contained in paragraph 67 of the Amended Complaint.

70. Denies each and every allegation contained in paragraph 68 of the Amended Complaint.

71. Denies each and every allegation contained in paragraph 69 of the Amended Complaint, except admits that the VIGOR study involving Vioxx and the referenced presentation exist, and respectfully refers the Court to said study and presentation for their actual language and full text

72. Denies each and every allegation contained in paragraph 70 of the Amended Complaint, except admits that Vioxx worldwide sales figures exceeded $ 2 billion in 2000.

73. Denies each and every allegation contained in paragraph 71 of the Amended Complaint, except admits that the publication referenced in the second sentence of paragraph 71 of the Complaint and the press release reference in the third sentence of paragraph 71 of the Complaint exist, and respectfully refers the Court to said publication and press release for their actual language and full text

74. Denies each and every allegation contained in paragraph 72 of the Amended Complaint.

**RESPONSE TO**
**"H. MERCK CONTINUED TO WITHHOLD ACCURATE**
**VIGOR RESULTS FROM THE HEALTH COMMUNITY AND THE PUBLIC"**

75.     Denies each and every allegation contained in paragraph 73 of the Amended Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

76.     Denies each and every allegation contained in paragraph 74 of the Amended Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

77.     Denies each and every allegation in paragraph 75 of the Amended Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

78.     Denies each and every allegation in paragraph 76 of the Amended Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

79.     Denies each and every allegation contained in paragraph 77 of the Amended Complaint and avers that in March 2000 Merck forwarded to the FDA the VIGOR study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.  Merck further admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced in the first sentence of paragraph 77 of the Complaint for its actual language and full text.  Merck additionally admits

the existence of the memorandum written by an epidemiologist at the FDA referenced in the third sentence of paragraph 77 of the Complaint and respectfully refers the Court to said memorandum for its actual language and full text.

80.    Denies each and every allegation contained in paragraph 78 of the Amended Complaint, except admits that an audio conference regarding Vioxx took place on June 21, 2000.

### RESPONSE TO "I. MERCK CONTINUES
### TO DODGE DISCLOSURE OF VIOXX CARDIOVASCULAR RISKS
### EVEN WHEN FACED WITH ADDITIONAL PRESSURE FROM THE FDA."

81.    Denies each and every allegation contained in paragraph 79 of the Amended Complaint, except admits that Merck and the FDA presented the VIGOR data in February 2001 at a public meeting of the Arthritis Advisory Committee and Merck further avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

82.    Denies each and every allegation contained in paragraph 80 of the Amended Complaint.

83.    Denies each and every allegation contained in paragraph 81 of the Amended Complaint and respectfully refers the Court to the press release from which Plaintiff purports to quote for its actual language and full text.

84.    Denies each and every allegation contained in paragraph 82 of the Amended Complaint, and respectfully refers the Court to the statements referenced by Plaintiff for their actual language and full text.

85.    Denies each and every allegation contained in paragraph 83 of the Amended Complaint.

86.     Denies each and every allegation in paragraph 84 of the Amended Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statements referenced by Plaintiff for their actual language and full text.

87.     Denies each and every allegation contained in paragraph 85 of the Amended Complaint.

88.     Denies each and every allegation contained in paragraph 86 of the Amended Complaint.

89.     Denies each and every allegation contained in paragraph 87 of the Amended Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

90.     Denies each and every allegation contained in paragraph 88 of the Amended Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

91.     Denies each and every allegation contained in paragraph 89 of the Amended Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

92.     Denies each and every allegation contained in paragraph 90 of the Amended Complaint, including its subparts a through i, except admits that Merck received a

letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

93. Denies each and every allegation contained in paragraph 91 of the Amended Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

94. Denies each and every allegation contained in paragraph 92 of the Amended Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

95. Denies each and every allegation contained in paragraph 93 of the Amended Complaint, except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

96. Denies each and every allegation contained in paragraph 94 of the Amended Complaint, except admits that Plaintiff purports to quote portions of a Merck press release and respectfully refers the Court to the referenced press release for its actual language and full context.

**RESPONSE TO**
**"J.  MERCK ATTEMPTS TO SILENCE ITS CRITICS"**

97. Denies each and every allegation contained in paragraph 95 of the Amended Complaint.

98. Denies each and every allegation contained in paragraph 96 of the Amended Complaint, except admits except admits that Merck received a letter from Dr. Fries

regarding Vioxx and that Plaintiff purports to quote portions of that letter, but avers that the quoted language is taken out of context.

99.    Denies each and every allegation contained in paragraph 97 of the Amended Complaint, except admits except admits that Merck received a letter from Dr. Fries regarding Vioxx and respectfully refers to said letter for its actual language and full text.

100.    Denies each and every allegation contained in paragraph 98 of the Amended Complaint, except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.  Merck further admits that the referenced action against Dr. Laporte and the Catalan Institute of Pharmacology was commenced by a Merck subsidiary, MERCK SHARP & DOHME DE ESPAÑA, S.A. (MSD).

<b>RESPONSE TO "K. MERCK WRESTLES WITH<br>ADDITIONAL STUDIES EXPOSING VIOXX'S SAFETY CONCERNS."</b>

101.    Denies each and every allegation contained in paragraph 99 of the Amended Complaint.

<b>RESPONSE TO<br>"1. THE JAMA STUDY"</b>

102.    Denies each and every allegation contained in paragraph 100 of the Amended Complaint, except admits the existence of the referenced publication and the article contained therein, and respectfully refers the Court to said publication and article for their actual language and full text.

103.    Denies each and every allegation contained in paragraph 101 of the Amended Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statements referenced by Plaintiff for their actual language and full text.

104.    Denies each and every allegation contained in paragraph 102 of the Amended Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

105.    Denies each and every allegation contained in paragraph 103 of the Amended Complaint, except admits the existence of the referenced publication and the article contained therein, and respectfully refers the Court to said publication and article for their actual language and full text.

106.    Denies each and every allegation contained in paragraph 104 of the Amended Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

107.    Denies each and every allegation contained in paragraph 105 of the Amended Complaint, except admits that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

108.    Denies each and every allegation contained in paragraph 106 of the Amended Complaint.

### RESPONSE TO
### "2.  THE ADVANTAGE STUDY"

109.    Denies each and every allegation contained in paragraph 107 of the Amended Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

110.    Denies each and every allegation contained in paragraph 108 of the Amended Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

111.   Denies each and every allegation contained in paragraph 109 of the Amended Complaint, except admits that the referenced study and publication exist and respectfully refers the Court to said study and publication for their actual conclusions and full text.

### RESPONSE TO
### "3. THE KAISER PERMANENTE STUDY"

112.   Denies each and every allegation contained in paragraph 110 of the Amended Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual conclusions and full text.

113.   Denies each and every allegation contained in paragraph 111 of the Amended Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual conclusions and full text.

114.   Denies each and every allegation contained in paragraph 112 of the Amended Complaint, including its subparts a through d, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual conclusions and full text.

115.   Denies each and every allegation contained in paragraph 113 of the Amended Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

116.   Denies each and every allegation contained in paragraph 114 of the Amended Complaint, except admits that on August 26, 2004, Merck issued a press release

regarding the conclusions of a study presented by Dr. Graham at a medical conference and respectfully refers the Court to that press release for its actual language and full text.

117.    Denies each and every allegation contained in paragraph 115 of the Amended Complaint.

118.    Denies each and every allegation contained in paragraph 116 of the Amended Complaint.

### RESPONSE TO
### "4. THE APPROVe STUDY"

119.    Denies each and every allegation contained in paragraph 117 of the Amended Complaint, except admits that the APPROVe study exists and respectfully refers the Court to said study for its actual conclusions and full text.

120.    Denies each and every allegation contained in paragraph 118 of the Amended Complaint, except admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board ("ESMB") had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

121.    Denies each and every allegation contained in paragraph 119 of the Amended Complaint, except avers that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

## RESPONSE TO
## "L.  MERCK'S BELATED WITHDRAWAL OF VIOXX"

122.   Denies each and every allegation contained in paragraph 120 of the Amended Complaint, except admits that Plaintiff purports to quote portions of a memorandum written by an epidemiologist at the FDA and respectfully refers the Court to the referenced memorandum for its actual language and full text.

123.   Denies each and every allegation contained in paragraph 121 of the Amended Complaint and avers that on September 30, 2004, Merck announced that, in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebos and that, given the availability of alternate therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interest of patients.  Merck further admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board ("ESMB") had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.  Merck respectfully refers the Court to the referenced documents for their actual language and full text.

124.   Denies each and every allegation contained in paragraph 122 of the Amended Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

125.   Denies each and every allegation contained in paragraph 123 of the Amended Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

126.   Denies each and every allegation contained in paragraph 124 of the Amended Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

127.   Denies each and every allegation contained in paragraph 125 of the Amended Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

128.   Denies each and every allegation contained in paragraph 126 of the Amended Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

129.   Denies each and every allegation contained in paragraph 127 of the Amended Complaint and respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions.

130.   Denies each and every allegation contained in paragraph 128 of the Amended Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

131.   Denies each and every allegation contained in paragraph 129 of the Amended Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

132.   Denies each and every allegation contained in paragraph 130 of the Amended Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.  Merck further avers that the FDA has not announced whether it will accept the committee's recommendations.

133.    Denies each and every allegation contained in paragraph 131 of the Amended Complaint, except admits that Merck has posted instructions to consumers on its website regarding how to obtain a refund for unused Vioxx and respectfully refers the Court to those instructions for the full text.

### RESPONSE TO "M.  MERCK'S CONTINUED FRAUDULENT MARKETING CAMPAIGN CAUSED ACTIVE CONCEALMENT OF VIOXX' DEFICIENCIES AND INFLATED PAYMENTS BY END-PAYORS FOR VIOXX."

134.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 132 of the Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 132 of the Amended Complaint.

135.    Denies each and every allegation contained in paragraph 133 of the Amended Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

136.    Denies each and every allegation contained in paragraph 134 of the Amended Complaint.

137.    Denies each and every allegation contained in paragraph 135 of the Amended Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.   Merck further admits that the documents referenced in paragraph 135 of the Amended Complaint exist, and respectfully refers the Court to said documents for their actual language and full text.

### RESPONSE TO "FRAUDULENT CONCEALMENT"

138.    Denies each and every allegation contained in paragraph 136 of the Amended Complaint.

139.    Denies each and every allegation contained in paragraph 137 of the Amended Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

140.    Denies each and every allegation contained in paragraph 138 of the Amended Complaint.

141.    Denies each and every allegation contained in paragraph 139 of the Amended Complaint, including its subparts a through d, and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

142.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first sentence of paragraph 140 of the Amended Complaint, and denies each and every allegation directed towards Merck in the first sentence of paragraph 140 of the Amended Complaint.  The allegations contained in the second sentence of paragraph 140 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 140 of the Amended Complaint.

143.    Denies each and every allegation contained in paragraph 141 of the Amended Complaint.

144.    Denies each and every allegation contained in paragraph 142 of the Amended Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "PLAINTIFF WAS DAMAGED
## BY THE DEFENDANT'S WRONGFUL CONDUCT"

145.    Denies each and every allegation contained in paragraph 143 of the Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

146.    Denies each and every allegation contained in paragraph 144 of the Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

147.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 145 of the Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 145 of the Amended Complaint.

148.    Denies each and every allegation contained in paragraph 146 of the Amended Complaint, and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

149.    Denies each and every allegation contained in paragraph 147 of the Amended Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

150.    The allegations contained in paragraph 148 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 148 of the Amended Complaint.

151.    The allegations contained in paragraph 149 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 149 of the Amended Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO
"CAUSES OF ACTION -
COUNT I:  SUBROGATION"**

152.    With respect to the allegations contained in paragraph 150 of the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 151 of this Answer with the same force and effect as though set forth here in full.

153.    Denies each and every allegation contained in paragraph 151 of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a cause of action under theories of contractual and/or equitable subrogation but denies there is any legal or factual basis for such relief.

154.    Denies each and every allegation contained in the first sentence of paragraph 152 of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 152 of the Amended Complaint.

155.    Denies each and every allegation contained in paragraph 153 of the Amended Complaint.

156.   Denies each and every allegation contained in paragraph 154 of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"COUNT II:  REDHIBITION"**

157.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 155 of the Amended Complaint is required at this time.

158.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 156 of the Amended Complaint is required at this time.

159.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 157 of the Amended Complaint is required at this time.

160.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 158 of the Amended Complaint is required at this time.

161.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 159 of the Amended Complaint is required at this time.

162.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 160 of the Amended Complaint is required at this time.

## RESPONSE TO "COUNT III:
## STRICT LIABILITY AND FAILURE TO WARN"

163.   With respect to the allegations contained in paragraph 161 of the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 162 of this Answer with the same force and effect as though set forth here in full.

164.   The allegations contained in paragraph 162 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 162 of the Amended Complaint.

165.   Denies each and every allegation contained in paragraph 163 of the Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

166.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 164 of the Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 164 of the Amended Complaint.

167.   Denies each and every allegation contained in paragraph 165 of the Amended Complaint, except admits Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT IV:
## BREACH OF EXPRESS WARRANTY"

168.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 166 of the Amended Complaint is required at this time.

169.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 167 of the Amended Complaint is required at this time.

170.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 168 of the Amended Complaint is required at this time.

171.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 169 of the Amended Complaint is required at this time.

172.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 170 of the Amended Complaint is required at this time.

## RESPONSE TO "COUNT V:
## BREACH OF IMPLIED WARRANTY"

173.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 171 of the Amended Complaint is required at this time.

174.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 172 of the Amended Complaint is required at this time.

175.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 173 of the Amended Complaint is required at this time.

176.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 174 of the Amended Complaint is required at this time.

177.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 175 of the Amended Complaint is required at this time.

178.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 176 of the Amended Complaint is required at this time.

### RESPONSE TO "COUNT VI:
### VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES ACT"

179.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 177 of the Amended Complaint is required at this time.

180.    Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 178 of the Amended Complaint is required at this time.

181.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 179 of the Amended Complaint is required at this time.

## RESPONSE TO "COUNT VII:
## OTHER STATE LAW THEORIES OF RECOVERY"

182.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 180 of the Amended Complaint is required at this time.

183.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 181 of the Amended Complaint is required at this time.

184.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 182 of the Amended Complaint is required at this time.

185.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 183 of the Amended Complaint is required at this time.

186.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 184 of the Amended Complaint is required at this time.

## RESPONSE TO "COUNT VIII:
## UNJUST ENRICHMENT"

187.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 185 of the Amended Complaint is required at this time.

188.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 186 of the Amended Complaint is required at this time.

189.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 187 of the Amended Complaint is required at this time.

190.   Because this Count is subject to a pending motion to dismiss, no responsive pleading to the allegations contained in paragraph 188 of the Amended Complaint is required at this time.

## RESPONSE TO
## "PRAYER FOR RELIEF"

191.   The allegations contained in the final, unnumbered "Wherefore" paragraph under the heading "Prayer for Relief" constitute a prayer for relief as to which no response is required.   Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 5, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

192.    The Amended Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

193.    The Plaintiff's payees were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to them.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

194.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

195.    To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

196.    The Plaintiff failed to exercise reasonable care to mitigate its alleged damages.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

197.    Each and every claim asserted or raised in the Amended Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

198.    To the extent that Plaintiff asserts claims in the Amended Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR AN EIGHTH**
**DEFENSE, MERCK ALLEGES:**

199.    The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

200.    The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

201.    The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

202.    The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

**AS FOR A TWELFTH
DEFENSE, MERCK ALLEGES:**

203.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

**AS FOR A THIRTEENTH
DEFENSE, MERCK ALLEGES:**

204.    The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FOURTEENTH
DEFENSE, MERCK ALLEGES:**

205.    If Plaintiff's payees have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A FIFTEENTH
DEFENSE, MERCK ALLEGES:**

206.    If Plaintiff's payees have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real

or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

207.    To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Amended Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

208.    If Plaintiff's payees have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

209.    If Plaintiff's payees have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

210.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

211.    To the extent that Plaintiff relies upon any theory of breach of warranty,
Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely
notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

212.    Each and every claim asserted or raised in the Amended Complaint is
barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

213.    Inasmuch as the Amended Complaint does not describe the alleged
underlying claims with sufficient particularity to enable Merck to determine all of its legal
contractual and equitable rights.  Merck reserves the right to amend and/or supplement the
averments of its answer to assert any and all pertinent liability defenses ascertained through
further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

214.    To the extent that Plaintiff seeks punitive damages for the conduct that
allegedly caused injuries asserted in the Amended Complaint, such an award would also, if
granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

215.    To the extent Plaintiff seeks punitive damages for an alleged act or
omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly
negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

216.   The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

217.   To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to its claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

**AS FOR A TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

218.   The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

**AS FOR A TWENTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

219.   To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**AS FOR A TWENTY-NINTH
DEFENSE, MERCK ALLEGES:**

220.   Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

221.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

222.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's First Supplemental and Amended Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: March 13, 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Partial Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 13th day of March, 2006.