

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 14   AM 3: 38

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: VIOXX®**<br>**PRODUCTS LIABILITY LITIGATION** | **MDL No. 1657** |
| | **SECTION L** |
| | **JUDGE FALLON** |
| This document relates to: *Melanie E.*<br>*Hofmann, Individually and as*<br>*Administratrix of the Estate of Shirley E.*<br>*Rowe, Deceased v. Merck & Co., Inc., et al.*<br>(E.D. La. 06-1221) | **MAG. JUDGE KNOWLES**<br>**ANSWER AND JURY DEMAND OF**<br>**DEFENDANT EDWARD M. SCOLNICK** |

Defendant Edward Scolnick ("Dr. Scolnick"), by and through his undersigned

counsel, responds to Plaintiff's Complaint ("Complaint") herein as follows:

### RESPONSE TO "PARTIES"

1.      Dr. Scolnick denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 1 of the Complaint, except admits that

Plaintiff purports to bring claims for certain relief but denies that there is any legal or factual

basis for the relief sought.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

10062444.1

1

2.        Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.        The allegations contained in paragraph 3 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in paragraph 3 of the Complaint, except admits, upon information and belief, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4.        The allegations contained in paragraph 4 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®. Dr. Scolnick further admits that VIOXX® is Merck's brand name for rofecoxib.

5.        The allegations contained in paragraph 5 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, except admits that William G. Bowen has served on Merck's Board of Directors.

6.        The allegations contained in paragraph 6 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint, except admits that

William N. Kelley has served on Merck's Board of Directors and admits, upon information and belief, the allegations contained in the third sentence of paragraph 6 of the Complaint.

7.      The allegations contained in paragraph 7 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, except admits that Lawrence A. Bossidy has served on Merck's Board of Directors.

8.      The allegations contained in paragraph 8 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 8 of the Complaint, except admits that Samuel O. Thier has served on Merck's Board of Directors. Dr. Scolnick admits, upon information and belief, the allegations contained in the third sentence of paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint, except admits that Johnetta B. Cole has served on Merck's Board of Directors.

10.     The allegations contained in paragraph 10 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 10 of the Complaint, except admits that Raymond V. Gilmartin has served on Merck's Board of Directors.

11.     The allegations contained in paragraph 11 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, except admits that William B. Harrison, Jr. has served on Merck's Board of Directors.

12.     The allegations contained in paragraph 12 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint, except admits that Anne M. Tatlock has served on Merck's Board of Directors.

13.     The allegations contained in paragraph 13 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint, except admits that Heidi G. Miller has served on Merck's Board of Directors.

14.     The allegations contained in paragraph 14 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint, except admits that Thomas E. Shenk has served on Merck's Board of Directors and admits, upon information and belief, the allegations contained in the third sentence of paragraph 14 of the Complaint.

10062444.1

15.     The allegations contained in paragraph 15 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint, except admits that William Daley has served on Merck's Board of Directors.

16.     The allegations contained in paragraph 16 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint, except admits, upon information and belief, that Peter C. Wendell has served on Merck's Board of Directors.

17.     The allegations contained in paragraph 17 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint, except admits, upon information and belief, that Wendell P. Weeks has served on Merck's Board of Directors.

18.     The allegations contained in paragraph 18 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in of paragraph 18 of the Complaint, except admits, upon information and belief, that Rochelle B. Lazarus has served on Merck's Board of Directors.

19.     Dr. Scolnick denies each and every allegation contained in the first sentence of paragraph 19 of the Complaint, except admits that he served on Merck's Board of Directors from 1997 until his retirement on December 31, 2002.  Dr. Scolnick admits the allegations contained

in the second sentence of paragraph 19 of the Complaint and states that he is a citizen of Massachusetts.

20.      The allegations contained in paragraph 20 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, except admits that H. Brewster Atwater has served on Merck's Board of Directors.

21.      The allegations contained in paragraph 21 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, except admits that Dennis Weatherstone has served on Merck's Board of Directors.

22.      The allegations contained in paragraph 22 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint, except admits that Charles E. Exley, Jr. has served on Merck's Board of Directors.

23.      The allegations contained in paragraph 23 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, except admits that Lloyd C. Elam has served on Merck's Board of Directors.

24.      The allegations contained in paragraph 24 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, except admits that Erskine B. Bowles has served on Merck's Board of Directors.

25.      The allegations contained in paragraph 25 of the Complaint state legal conclusions, and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation set forth in paragraph 25 of the Complaint, except admits that Plaintiff purports to refer to Merck's Policies of the Board - Governing Principles and respectfully refers the Court to the Policies for its actual language and full text.

26.      The allegations contained in paragraph 26 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.      The allegations contained in paragraph 27 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28.      The allegations contained in paragraph 28 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint, except admits, upon

information and belief, that responsibilities of Merck professional representatives included product discussions concerning VIOXX® with health care professionals and admits that Merck manufactured, marketed and distributed VIOXX®.

29.      The allegations contained in paragraph 29 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.      Dr. Scolnick denies each and every allegation contained in paragraph 30 of the Complaint.  Dr. Scolnick further states that the term "defendants" as used and applied herein means each and every defendant and does not carry with it any admission that the defendants acted in a concerted, wrongful way with respect to any of the alleged actions in the Complaint.

### RESPONSE TO "JURISDICTION, VENUE AND COORDINATION"

31.      Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32.      The allegations contained in paragraph 32 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in paragraph 32 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until it voluntarily withdrew VIOXX® from the worldwide market on September 30, 2004 and admits, upon information and belief, that Merck is authorized to do business in New York.

33.      Dr. Scolnick denies each and every allegation contained in paragraph 33 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether or where Plaintiff's decedent ingested VIOXX®.

34.     Dr. Scolnick denies each and every allegation contained in paragraph 34 of the Complaint.

35.     The allegations contained in paragraph 35 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36.     The allegations contained in paragraph 36 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint.

37.     The allegations contained in paragraph 37 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

## RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

38.     The allegations contained in paragraph 38 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in paragraph 38 of the Complaint, except admits that the class of medicines known as non-steroidal anti-inflammatory medicines ("NSAIDs"), which includes aspirin, ibuprofen and naproxen, is used to treat pain and inflammation, and that the Cox-2 inhibitor subclass of NSAIDs was introduced to the market in 1998.  Dr. Scolnick further admits, upon information and belief, that approximately 100,000

10062444.1

9

patients are hospitalized, and 16,500 die every year in the United States as a result of NSAID-associated gastrointestinal (GI) events.

39.     The allegations contained in paragraph 39 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in paragraph 39 of the Complaint, except admits that the inhibition of cyclooxygenase 1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

40.     The allegations contained in paragraph 40 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in paragraph 40 of the Complaint, except admits that VIOXX® is part of a class of drugs known as NSAIDs and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2), and that the inhibition of cyclooxygenase 1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

41.     The allegations contained in paragraph 41 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX® in a manner consistent with the approved product label as required by FDA rules and regulations.

42.     Dr. Scolnick denies each and every allegation contained in paragraph 42 of the Complaint.

43.     The allegations contained in paragraph 43 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 43 of the Complaint, except admits that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist.  Dr. Scolnick further admits, upon information and belief, that the article referenced in the third sentence of paragraph 43 of the Complaint exists and respectfully refers the Court to the referenced article for its actual language and full text.

44.     The allegations contained in paragraph 44 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 44 of the Complaint, except admits, upon information and belief, that the referenced report exists and respectfully refers that Court to that report for its actual language and full text.

45.     Dr. Scolnick denies each and every allegation contained in paragraph 45 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

46.     The allegations contained in paragraph 46 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 46 of the Complaint, including those allegations contained in subparagraphs (a)-(e) of said paragraph, except admits, upon information and belief, that VIOXX® sales figures exceeded $2 billion in

the years 2000, 2001 and 2002 and denies knowledge or information sufficient to form a belief
as to the truth or falsity of the allegations contained in subparagraphs (d) and (e).

47.      The allegations contained in paragraph 47 of the Complaint are not directed at Dr.
Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 47 of the
Complaint.

48.      The allegations contained in paragraph 48 of the Complaint are not directed at Dr.
Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 48 of the
Complaint, except admits that on November 23, 1998, Merck submitted a New Drug Application
("NDA") for VIOXX® 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said
NDAs for their actual language and full text.

49.      The allegations contained in paragraph 49 of the Complaint are not directed at Dr.
Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 49 of the
Complaint, except admits that on November 23, 1998, Merck submitted a New Drug Application
("NDA") for VIOXX® Oral Suspension and respectfully refers the Court to said NDA for its
actual language and full text.

50.      The allegations contained in paragraph 50 of the Complaint are not directed at Dr.
Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 50 of the
Complaint, except admits that Merck received FDA approval to manufacture and market the
prescription medicine VIOXX® for certain indicated uses subject to the information contained in

the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the to the relevant prescribing information for its actual language and full text.

51.      The allegations contained in paragraph 51 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine VIOXX®.  Dr. Scolnick further admits that VIOXX® is the brand name for rofecoxib.

52.      The allegations contained in paragraph 52 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 52 of the Complaint, except admits that Merck marketed VIOXX®.

53.      The allegations contained in paragraph 53 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 53 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

54.      The allegations contained in paragraph 54 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 54 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

55.     Dr. Scolnick denies each and every allegation contained in paragraph 55 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

56.     Dr. Scolnick denies each and every allegation contained in paragraph 56 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

57.     The allegations contained in paragraph 57 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 57 of the Complaint, except admits that Plaintiff purports to quote portions of certain statements, but states that said quoted language is taken out of context.

58.     The allegations contained in paragraph 58 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 58 of the Complaint, except admits, upon information and belief, that the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

59.     The allegations contained in paragraph 59 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 59 of the Complaint, except admits, upon information and belief, that the referenced broadcast exists and that Merck scientists have participated in studies involving VIOXX® and respectfully refers the Court to the transcript of the referenced broadcast and studies for their actual language and full text.

10062444.1

60.    Dr. Scolnick denies each and every allegation contained in paragraph 60 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

61.    Dr. Scolnick denies each and every allegation contained in paragraph 61 of the Complaint, except admits that Plaintiff purports to quote several statements, but states that said statements are taken out of context.

62.    Dr. Scolnick denies each and every allegation contained in paragraph 62 of the Complaint.

63.    The allegations contained in paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 63 of the Complaint and respectfully refers the Court to the referenced regulation for its actual language and full text.

64.    Dr. Scolnick denies each and every allegation contained in paragraph 64 of the Complaint and respectfully refers the Court to the referenced FDA-approved prescribing information for its actual language and full text.

65.    The allegations contained in paragraph 65 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 65 of the Complaint and respectfully refers the Court to the referenced FDA-approved prescribing information for VIOXX® for its actual language and full text.

66.    The allegations contained in paragraph 66 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed

required, Dr. Scolnick denies each and every allegation contained in paragraph 66 of the Complaint.

67.     The allegations contained in paragraph 67 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 67 of the Complaint and respectfully refers the Court to the referenced FDA-approved prescribing information for its actual language and full text.

68.     Dr. Scolnick denies each and every allegation contained in paragraph 68 of the Complaint.

69.     The allegations contained in paragraph 69 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 69 of the Complaint, except admits, upon information and belief, that in December 1999 Merck received the referenced letter and respectfully refers the Court to the referenced letter for its actual language and full text.

70.     The allegations contained in paragraph 70 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 70 of the Complaint, except admits, upon information and belief, that in December 1999 Merck received the referenced letter and respectfully refers the Court to the referenced letter for its actual language and full text.

71.     The allegations contained in paragraph 71 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed

required, Dr. Scolnick denies each and every allegation contained in paragraph 71 of the Complaint, except admits, upon information and belief, that in December 1999 Merck received the referenced letter and respectfully refers the Court to the referenced letter for its actual language and full text.

72.     The allegations contained in paragraph 72 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 72 of the Complaint, except admits, upon information and belief, that in December 1999 Merck received the referenced letter and respectfully refers the Court to the referenced letter for its actual language and full text.

73.     The allegations contained in paragraph 73 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 73 of the Complaint, except admits, upon information and belief, that in December 1999 Merck received the referenced letter and respectfully refers the Court to the referenced letter for its actual language and full text.

74.     The allegations contained in paragraph 74 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in the first sentence of paragraph 74 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.  Dr. Scolnick denies each and every allegation contained in the second sentence of paragraph 74 of the Complaint, except admits, upon information and belief, that Merck scientists participated in the VIGOR study

involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text.

75.      The allegations contained in paragraph 75 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 75 of the Complaint, except admits, upon information and belief, that the article referenced in the second sentence of paragraph 75 of the Complaint exists and respectfully refers the Court to said article for its actual language and full text.

76.      The allegations contained in paragraph 76 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 76 of the Complaint, except admits, upon information and belief, that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

77.      The allegations contained in paragraph 77 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 77 of the Complaint including subparagraphs (a)-(c), except admits, upon information and belief, that the referenced FDA statements exist and respectfully refers the Court to those statements and to the VIGOR study for their actual language and full text.

78.      Dr. Scolnick denies each and every allegation contained in paragraph 78 of the Complaint, except admits that Plaintiff purports to quote him but states that said statements are taken out of context.

79.     Dr. Scolnick denies each and every allegation contained in paragraph 79 of the Complaint, except admits that the referenced deposition occurred and respectfully refers the Court to the referenced deposition transcript for its actual language and full context.

80.     The allegations contained in paragraph 80 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 80 of the Complaint, except admits, upon information and belief, that the referenced broadcast exists and that Merck scientists have participated in studies involving VIOXX® and respectfully refers the Court to the transcript of the referenced broadcast and the referenced studies for their actual language and full context.

81.     The allegations contained in paragraph 81 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 81 of the Complaint, except admits, upon information and belief, that the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

82.     Dr. Scolnick denies each and every allegation contained in paragraph 82 of the Complaint, except admits, upon information and belief, that in  September 2001 Merck received the referenced letter and respectfully refers the Court to that letter for its actual language and full text.

83.     The allegations contained in paragraph 83 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 83 of the Complaint, except admits, upon information and belief, that the referenced training materials

exist and respectfully refers the Court to said training materials for their actual language and full text.

84.     The allegations contained in paragraph 84 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 84 of the Complaint, except admits that the referenced complaint exists but denies the referenced allegations contained therein.

85.     The allegations contained in paragraph 85 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 85 of the Complaint, except admits that the referenced complaint exists but denies the referenced allegations contained therein.

86.     The allegations contained in paragraph 86 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 86 of the Complaint, except admits, upon information and belief, that the referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

87.     The allegations contained in paragraph 87 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 87 of the Complaint, except admits, upon information and belief, that the referenced document exists and respectfully refers the Court to said document for its actual language and full text.

88.     The allegations contained in paragraph 88 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 88 of the Complaint, except admits, upon information and belief, the existence of the referenced memorandum from February 1, 2001, and respectfully refers the Court to said memorandum for its actual language and full text.

89.     The allegations contained in paragraph 89 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 89 of the Complaint.

90.     The allegations contained in paragraph 90 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 90 of the Complaint, except admits, upon information and belief, that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

91.     The allegations contained in paragraph 91 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in the first sentence of paragraph 91 of the Complaint, except admits, upon information and belief, that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text. Dr. Scolnick denies each and every allegation contained in the second sentence of paragraph 91 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

92.     The allegations contained in paragraph 92 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 92 of the Complaint, except admits, upon information and belief, that the referenced article and study exist and respectfully refers the Court to said article and study for their actual language and full text.

93.     The allegations contained in paragraph 93 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 93 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

94.     Dr. Scolnick denies each and every allegation contained in paragraph 94 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

95.     Dr. Scolnick denies each and every allegation contained in paragraph 95 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

96.     The allegations contained in paragraph 96 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 96 of the Complaint, except admits, upon information and belief, that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

97.     Dr. Scolnick denies each and every allegation contained in paragraph 97 of the Complaint.

98.    The allegations contained in paragraph 98 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 98 of the Complaint. Dr. Scolnick denies each and every allegation contained in the second sentence of paragraph 98 of the Complaint.

99.    Dr. Scolnick denies each and every allegation contained in paragraph 99 of the Complaint, except admits, upon information and belief, that the referenced publication exists and respectfully refers the Court to said document for its actual language and full text.

100.    The allegations contained in paragraph 100 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation set forth in paragraph 100 of the Complaint, except admits that Merck employs professional representatives and admits, upon information and belief, that the referenced incentive plan exists and respectfully refers the Court to the referenced document for its actual language and full text.

101.    The allegations contained in paragraph 101 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 101 of the Complaint, except admits, upon information and belief, that in September 2001 Merck received the referenced letter and respectfully refers the Court to that letter for its actual language and full text.

102.    Dr. Scolnick denies each and every allegation contained in paragraph 102 of the Complaint, except admits that Plaintiff purports to quote from the referenced email, but states that said quotation is taken out of context.

103.    The allegations contained in paragraph 103 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 103 of the Complaint, except admits, upon information and belief, that the studies referenced in the first sentence of paragraph 103 and the article referenced in the second sentence of paragraph 103 exist, and respectfully refers the Court to said publications for their actual language and full text. Dr. Scolnick further admits, upon information and belief, that Merck is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

104.    The allegations contained in paragraph 104 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 104 of the Complaint, except admits, upon information and belief, that the referenced publication exists and respectfully refers the Court to this publication for its actual language, full text and list of authors. Dr. Scolnick further admits, upon information and belief, that Dr. Claire Bombardier was an author of the referenced publication and a co-chair of the steering committee for the VIGOR trial.

105.    The allegations contained in paragraph 105 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 105 of the

10062444.1

Complaint and respectfully refers the Court to the referenced article for its actual language and full text.

106.     The allegations contained in paragraph 106 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 106 of the Complaint, except admits, upon information and belief, that worldwide sales of VIOXX® exceeded $2 billion in the year 2000.

107.     The allegations contained in paragraph 107 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 107 of the Complaint, except admits, upon information and belief, that the referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

108.     The allegations contained in paragraph 108 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 108 of the Complaint and respectfully refers the Court to the referenced FDA report for its actual language and full text.

109.     The allegations contained in paragraph 109 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 109 of the Complaint.

110.     The allegations contained in paragraph 110 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed

10062444.1

required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the Complaint.

111.    The allegations contained in paragraph 111 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 111 of the Complaint, except admits, upon information and belief, that the referenced article and press release exist and respectfully refers the Court to said documents for their actual language and full text.

112.    The allegations contained in paragraph 112 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 112 of the Complaint, except admits, upon information and belief, that the referenced bulletin exists, and respectfully refers the Court to said bulletin for its actual language and full text.

113.    Dr. Scolnick denies each and every allegation contained in paragraph 113 of the Complaint, except admits, upon information and belief, that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

114.    The allegations contained in paragraph 114 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 114 of the Complaint, except admits, upon information and belief, that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

115.    The allegations contained in paragraph 115 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed

required, Dr. Scolnick denies each and every allegation contained in paragraph 115 of the Complaint, except admits, upon information and belief, that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

116. The allegations contained in paragraph 116 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 116 of the Complaint, except admits, upon information and belief, that in September 2001 Merck received the referenced letter and respectfully refers the Court to that letter for its actual language and full text.

117. The allegations contained in paragraph 117 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 117 of the Complaint, except admits, upon information and belief, that in September 2001 Merck received the referenced letter and respectfully refers the Court to that letter for its actual language and full text.

118. The allegations contained in paragraph 118 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 118 of the Complaint, except admits, upon information and belief, that the referenced journal and article contained therein exist and respectfully refers the Court to said article for its actual language and full text.

119. The allegations contained in paragraph 119 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies each and every allegation contained in paragraph 119 of the Complaint, except admits, upon information and belief, that the referenced journals and articles contained therein exist and respectfully refers the Court to said articles for their actual language and full text.

120.    The allegations contained in paragraph 120 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 120 of the Complaint, except admits, upon information and belief, that the JAMA article and Bloomberg news report exist and respectfully refers the Court to said article and news report for their actual language and full text.

121.    Dr. Scolnick denies each and every allegation contained in paragraph 121 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

122.    The allegations contained in paragraph 122 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 122 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

123.    Dr. Scolnick denies each and every allegation contained in paragraph 123 of the Complaint, except admits, upon information and belief, that the referenced press release exists and that Plaintiff purports to quote a portion of the full statement made by Merck and respectfully refers the Court to the referenced press release for its actual language and full text.

124.    Dr. Scolnick denies each and every allegation contained in paragraph 124 of the Complaint, except admits, upon information and belief, that Merck sent a letter regarding VIOXX® to physicians in August 2001 and respectfully refers the Court to that letter for its actual language and full text.

125.    The allegations contained in paragraph 125 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 125 of the Complaint.

126.    The allegations contained in paragraph 126 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 126 of the Complaint, except admits, upon information and belief, that in September 2001 Merck received the referenced letter and respectfully refers the Court to that letter for its actual language and full text.

127.    The allegations contained in paragraph 127 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 127 of the Complaint, except admits, upon information and belief, that in September 2001 Merck received the referenced letter and respectfully refers the Court to that letter for its actual language and full text.

128.    The allegations contained in paragraph 128 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 128 of the

Complaint, except admits, upon information and belief, that in September 2001 Merck received the referenced letter and respectfully refers the Court to that letter for its actual language and full text.

129.    The allegations contained in paragraph 129 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 129 of the Complaint, except admits that Merck employs professional representatives, and admits, upon information and belief, that the referenced marketing campaign exists, and respectfully refers the Court to the relevant marketing materials for their actual language and full text.

130.    The allegations contained in paragraph 130 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 130 of the Complaint, except admits that Plaintiff purports to quote the referenced document but states that said quotations are taken out of context.

131.    The allegations contained in paragraph 131 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 131 of the Complaint, except admits that Merck trains its professional representatives.

132.    The allegations contained in paragraph 132 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 132 of the Complaint, except admits that Merck trains its professional representatives and admits, upon

information and belief, that Merck's professional representatives do refer certain questions to Merck's Medical Services department.

133.    The allegations contained in paragraph 133 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 133 of the Complaint, except admits, upon information and belief, the existence of the referenced journal and article contained therein, and respectfully refers the Court to the referenced article for its actual language, full text and list of authors.

134.    The allegations contained in paragraph 134 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 134 of the Complaint, except admits, upon information and belief, that in September 2001 Merck received the referenced letter and respectfully refers the Court to that letter for its actual language and full text.

135.    The allegations contained in paragraph 135 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 135 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

136.    The allegations contained in paragraph 136 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 136 of the

Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

137.     The allegations contained in paragraph 137 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 137 of the Complaint, except admits, upon information and belief, that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet and respectfully refers the Court to the referenced prescribing information for VIOXX®, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

138.     The allegations contained in paragraph 138 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 138 of the Complaint, except admits, upon information and belief, that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the relevant prescribing information for VIOXX® for its actual language and full text.

139.     The allegations contained in paragraph 139 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 139 of the Complaint, except admits, upon information and belief, that in April 2002 the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

10062444.1

140.     The allegations contained in paragraph 140 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 140 of the Complaint.

141.     The allegations contained in paragraph 141 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 141 of the Complaint and states that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the relevant prescribing information for VIOXX® for its actual language and full text.

142.     The allegations contained in paragraph 142 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 142 of the Complaint, except admits that Merck trains its professional representatives.

143.     The allegations contained in paragraph 143 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 143 of the Complaint, except admits that Merck employs and trains professional representatives.

144.     The allegations contained in paragraph 144 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 144 of the Complaint, except admits that Merck trains its professional representatives.

145.     The allegations contained in paragraph 145 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 145 of the Complaint, except admits that Merck trains its professional representatives.

146.     The allegations contained in paragraph 146 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 146 of the Complaint.

147.     The allegations contained in paragraph 147 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 147 of the Complaint.

148.     The allegations contained in paragraph 148 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 148 of the Complaint.

149.     The allegations contained in paragraph 149 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 149 of the Complaint.

150.     The allegations contained in paragraph 150 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 150 of the

Complaint, except admits, upon information and belief, that a Merck entity commenced an action against Dr. Laporte and the Catalan Institute of Pharmacology.

151.    The allegations contained in paragraph 151 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 151 of the Complaint.

152.    The allegations contained in paragraph 152 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies the allegations contained in paragraph 152 of the Complaint and to the extent Plaintiff purports to refer to Merck documents, Dr. Scolnick respectfully refers the Court to those documents for their actual language and full text.

153.    The allegations contained in paragraph 153 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies the allegations contained in paragraph 153 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

154.    The allegations contained in paragraph 154 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies the allegations contained in paragraph 154 of the Complaint.

155.    The allegations contained in paragraph 155 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies the allegations contained in paragraph 155 of the Complaint,

except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

156.     The allegations contained in paragraph 156 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 156 of the Complaint.

157.     Dr. Scolnick denies the allegations contained in paragraph 157 of the Complaint, except admits, upon information and belief, that Merck ran advertising for VIOXX® and respectfully refers the Court to the referenced advertisements for their actual language and full text.

158.     Dr. Scolnick denies the allegations contained in paragraph 158 of the Complaint and respectfully refers the Court to the referenced label for its actual language and full text.

159.     Dr. Scolnick denies the allegations contained in paragraph 159 of the Complaint and respectfully refers the Court to the referenced label for its actual language and full text.

160.     The allegations contained in paragraph 160 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies the allegations contained in paragraph 160 of the Complaint and respectfully refers the Court to the referenced label for its actual language and full text.

161.     The allegations contained in paragraph 161 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 161 of the Complaint, except admits, upon

information and belief, that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

162.    The allegations contained in paragraph 162 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies the allegations contained in paragraph 162 of the Complaint, except admits, upon information and belief, that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

163.    The allegations contained in paragraph 163 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 163 of the Complaint, except admits that Dr. Peter Kim succeeded Dr. Scolnick as President of Merck Research Laboratories after Dr. Scolnick retired from Merck on December 31, 2002.

164.    The allegations contained in paragraph 164 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 164 of the Complaint.

165.    The allegations contained in paragraph 165 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 165 of the Complaint, except admits, upon information and belief, that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

166.    The allegations contained in paragraph 166 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 166 of the Complaint, except admits, upon information and belief, that on or about September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market.

167.    The allegations contained in paragraph 167 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 167 of the Complaint, except admits, upon information and belief, that on September 30, 2004, Merck withdrew VIOXX ® from the worldwide market and issued a "Dear Healthcare Provider" letter and respectfully refers this Court to the referenced letter for its actual language and full text.

168.    The allegations contained in paragraph 168 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 168 of the Complaint, except admits, upon information and belief, that the referenced broadcast exists and respectfully refers the Court to said broadcast for its actual language and full text.

169.    The allegations contained in paragraph 169 of the Complaint state legal conclusions, and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 169 of the Complaint, except admits that Plaintiff purports to quote from certain of Merck's  SEC filings and respectfully refers the Court to those filings for their actual language and full text.

170.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 170 of the Complaint, except admits that Plaintiff purports to quote from certain SEC filings and respectfully refers the Court to those filings for their actual language and full text.

171.    The allegations contained in paragraph 171 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 171 of the Complaint.

172.    Dr. Scolnick denies each and every allegation contained in paragraph 172 of the Complaint, except admits that he was President of Merck Research Laboratories and Executive Vice President of Science & Technology until his retirement on December 31, 2002, and admits, upon information and belief, that William N. Kelley, M.D. is a Professor of Medicine, Biochemistry and Biophysics at the University of Pennsylvania School of Medicine, Samuel O. Thier, M.D. is a Professor of Medicine and Professor of Health Care Policy at Harvard Medical School, and Thomas E. Shenk, Ph.D. is the Elkins Professor at Princeton University, and that Merck received the referenced letter in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

173.    Dr. Scolnick denies each and every allegation contained in paragraph 173 of the Complaint.

174.    Dr. Scolnick denies each and every allegation contained in paragraph 174 of the Complaint, except admits, upon information and belief, that VIOXX® was prescribed to millions of patients and that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

10062444.1

39

175.     The allegations contained in paragraph 174 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 174 of the Complaint, except admits, upon information and belief, that the referenced memorandum exists and respectfully refers the Court to said memorandum for its actual language and full text.

176.     The allegations contained in paragraph 176 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 176 of the Complaint, except admits, upon information and belief, that the referenced memorandum exists and respectfully refers the Court to said memorandum for its actual language and full text.

177.     The allegations contained in paragraph 177 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 177 of the Complaint, except admits, upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

178.     Dr. Scolnick denies each and every allegation contained in paragraph 178 of the Complaint.

179.     Dr. Scolnick denies each and every allegation contained in paragraph 179 of the Complaint.

180.     Dr. Scolnick denies each and every allegation contained in paragraph 180 of the Complaint.

10062444.1

181.    Dr. Scolnick denies each and every allegation contained in paragraph 181 of the Complaint.

182.    Dr. Scolnick denies each and every allegation contained in paragraph 182 of the Complaint.

## RESPONSE TO "FIRST CAUSE OF ACTION"

183.    With respect to the allegations contained in paragraph 183 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

184.    The allegations contained in paragraph 184 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 184 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® in a manner consistent with the FDA-approved prescribing information for VIOXX®.

185.    The allegations contained in paragraph 185 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 185 of the Complaint.

186.    The allegations contained in paragraph 186 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 186 of the Complaint.

187.    Dr. Scolnick denies each and every allegation contained in paragraph 187 of the Complaint.

188.     Dr. Scolnick denies each and every allegation contained in paragraph 188 of the Complaint.

189.     Dr. Scolnick denies each and every allegation contained in paragraph 189 of the Complaint.

190.     Dr. Scolnick denies each and every allegation contained in paragraph 190 of the Complaint.

191.     Dr. Scolnick denies each and every allegation contained in paragraph 191 of the Complaint, including subparagraphs (a) through (e).

192.     Dr. Scolnick denies each and every allegation contained in paragraph 192 of the Complaint.

193.     Dr. Scolnick denies each and every allegation contained in paragraph 193 of the Complaint.

194.     Dr. Scolnick denies each and every allegation contained in paragraph 194 of the Complaint.

195.     Dr. Scolnick denies each and every allegation contained in paragraph 195 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION"

196.     With respect to the allegations contained in paragraph 196 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

10062444.1

197.     Dr. Scolnick denies each and every allegation contained in paragraph 197 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

198.     Dr. Scolnick denies each and every allegation contained in paragraph 198 of the Complaint.

199.     Dr. Scolnick denies each and every allegation contained in paragraph 199 of the Complaint.

200.     Dr. Scolnick denies each and every allegation contained in paragraph 200 of the Complaint.

201.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 201 of the Complaint.

202.     Dr. Scolnick denies each and every allegation contained in paragraph 202 of the Complaint.

203.     Dr. Scolnick denies each and every allegation contained in paragraph 203 of the Complaint.

### RESPONSE TO "THIRD CAUSE OF ACTION"

204.     With respect to the allegations contained in paragraph 204 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

205.     The allegations contained in paragraph 205 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 205 of the Complaint.

10062444.1

206.    Dr. Scolnick denies each and every allegation contained in paragraph 206 of the Complaint.

207.    Dr. Scolnick denies each and every allegation contained in paragraph 207 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the condition in which VIOXX® reached Plaintiff's decedent.

208.    Dr. Scolnick denies each and every allegation contained in paragraph 208 of the Complaint.

209.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 209 of the Complaint.

210.    Dr. Scolnick denies each and every allegation contained in paragraph 210 of the Complaint.

211.    Dr. Scolnick denies each and every allegation contained in paragraph 211 of the Complaint.

212.    Dr. Scolnick denies each and every allegation contained in paragraph 212 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION"

213.    With respect to the allegations contained in paragraph 213 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

214.    Dr. Scolnick denies each and every allegation contained in paragraph 214 of the Complaint, except admits that Merck manufactured, marketed and distributed VIOXX®.

215.    Dr. Scolnick denies the allegations contained in paragraph 215 of the Complaint.

216.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 216 of the Complaint.

217.     Dr. Scolnick denies each and every allegation contained in paragraph 217 of the Complaint.

218.     Dr. Scolnick denies each an every allegation contained in paragraph 218 of the Complaint.

219.     Dr. Scolnick denies each and every allegation contained in paragraph 219 of the Complaint.

220.     Dr. Scolnick denies each and every allegation contained in paragraph 220 of the Complaint.

221.     Dr. Scolnick denies each and every allegation contained in paragraph 221 of the Complaint.

222.     Dr. Scolnick denies each and every allegation contained in paragraph 222 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION"

223.     With respect to the allegations contained in paragraph 223 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

224.     Dr. Scolnick denies each and every allegation contained in paragraph 224 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® in a manner consistent with the information contained in the FDA-approved

prescribing information for VIOXX® and respectfully refers the Court to said prescribing information for its actual language and full text.

225.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 225 of the Complaint, except admits that he and other Merck scientists participated in studies involving VIOXX®.

226.     Dr. Scolnick denies each and every allegation contained in paragraph 226 of the Complaint.

227.     Dr. Scolnick denies each and every allegation contained in paragraph 227 of the Complaint.

228.     Dr. Scolnick denies each and every allegation contained in paragraph 228 of the Complaint.

229.     Dr. Scolnick denies each and every allegation contained in paragraph 229 of the Complaint.

230.     Dr. Scolnick denies each and every allegation contained in paragraph 230 of the Complaint.

231.     Dr. Scolnick denies each and every allegation contained in paragraph 231 of the Complaint.

232.     Dr. Scolnick denies each and every allegation contained in paragraph 232 of the Complaint.

233.     Dr. Scolnick denies each and every allegation contained in paragraph 233 of the Complaint.

## RESPONSE TO "SIXTH CAUSE OF ACTION"

234.     With respect to the allegations contained in paragraph 234 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

235.     Dr. Scolnick denies each and every allegation contained in paragraph 235 of the Complaint.

236.     Dr. Scolnick denies each and every allegation contained in paragraph 236 of the Complaint.

237.     Dr. Scolnick denies each and every allegation contained in paragraph 237 of the Complaint.

238.     Dr. Scolnick denies each and every allegation contained in paragraph 238 of the Complaint.

239.     The allegations contained in paragraph 239 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 239 of the Complaint.

240.     Dr. Scolnick denies each and every allegation contained in paragraph 240 of the Complaint.

241.     Dr. Scolnick denies each and every allegation contained in paragraph 241 of the Complaint.

242.     Dr. Scolnick denies each and every allegation contained in paragraph 242 of the Complaint.

243.    Dr. Scolnick denies each and every allegation contained in paragraph 243 of the Complaint.

244.    Dr. Scolnick denies each and every allegation contained in paragraph 244 of the Complaint.

245.    Dr. Scolnick denies each and every allegation contained in paragraph 245 of the Complaint.

246.    Dr. Scolnick denies each and every allegation contained in paragraph 246 of the Complaint.

247.    Dr. Scolnick denies each and every allegation contained in paragraph 247 of the Complaint.

248.    Dr. Scolnick denies each and every allegation contained in paragraph 248 of the Complaint, including subparagraphs (a) through (c).

249.    Dr. Scolnick denies each and every allegation contained in paragraph 249 of the Complaint.

250.    Dr. Scolnick denies each and every allegation contained in paragraph 250 of the Complaint.

251.    Dr. Scolnick denies each and every allegation contained in paragraph 251 of the Complaint.

252.    Dr. Scolnick denies each and every allegation contained in paragraph 252 of the Complaint.

253.    The allegations contained in paragraph 253 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr.

Scolnick denies each and every allegation contained in paragraph 253 of the Complaint and respectfully refers the Court to the referenced statutes for their actual language and full text.

254.   Dr. Scolnick denies each and every allegation contained in paragraph 254 of the Complaint.

255.   Dr. Scolnick denies each and every allegation contained in paragraph 255 of the Complaint.

## RESPONSE TO "SEVENTH CAUSE OF ACTION"

256.   With respect to the allegations contained in paragraph 256 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

257.   Dr. Scolnick denies each and every allegation contained in paragraph 257 of the Complaint.

## RESPONSE TO "EIGHTH CAUSE OF ACTION"

258.   With respect to the allegations contained in paragraph 258 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

259.   Dr. Scolnick denies each and every allegation contained in paragraph 259 of the Complaint.

260.   Dr. Scolnick denies each and every allegation contained in paragraph 260 of the Complaint.

261.     Dr. Scolnick denies each and every allegation contained in paragraph 261 of the Complaint.

## RESPONSE TO "NINTH CAUSE OF ACTION"

262.     With respect to the allegations contained in paragraph 262 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

263.     Dr. Scolnick denies each and every allegation contained in paragraph 263 of the Complaint.

264.     Dr. Scolnick denies each and every allegation contained in paragraph 264 of the Complaint.

265.     Dr. Scolnick denies each and every allegation contained in paragraph 265 of the Complaint.

266.     Dr. Scolnick denies each and every allegation contained in paragraph 266 of the Complaint.

## RESPONSE TO "TENTH CAUSE OF ACTION"

267.     With respect to the allegations contained in paragraph 267 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

268.     Dr. Scolnick denies each and every allegation contained in paragraph 268 of the Complaint

269.    Plaintiff's "Prayer For Relief" section of the Complaint is not an allegation of fact and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in the "Prayer For Relief" section, including subparagraphs (a) through (k), of Plaintiff's Complaint and denies that Plaintiff is entitled to the relief requested.

270.    Plaintiff's "Jury Trial Demand" section of the Complaint is not an allegation of fact and therefore no responsive pleading is required.

## AFFIRMATIVE DEFENSES

271.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

272.    The Complaint fails to state a claim upon which relief can be granted.

273.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

274.    If Plaintiff and Plaintiff's decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

275.    To the extent that Plaintiff asserts claims based on defendants' adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

276.    To the extent that Plaintiff asserts claims based upon an alleged failure by defendants to warn Plaintiff and Plaintiff's decedent directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

277.    If Plaintiff and Plaintiff's decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of defendants and over whom Merck had no control and for whom defendants may not be held accountable.

278.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

279.    If Plaintiff and Plaintiff's decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff and Plaintiff's decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

280.    If Plaintiff and Plaintiff's decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's and Plaintiff's decedent's misuse or abuse of VIOXX®.

281.    If Plaintiff and Plaintiff's decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff and Plaintiff's decedent's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

282.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

10062444.1

283.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

284.     Plaintiff's claims are barred in whole or in part by the First Amendment.

285.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

286.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

287.     Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

288.     Plaintiff's claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts:  Products Liability.

289.     This case is more appropriately brought in a different venue.

290.     To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, defendants' liability, if any, should be reduced accordingly.

291.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

292.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

293.    Plaintiff's claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

294.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of defendants, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

295.    Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

296.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate defendants' state and federal constitutional rights.

297.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Rule 3013 of the New York Civil Practice Law and Rules.

298.    Plaintiff's claims are not suitable for joinder and are improperly joined in this action.

299.    Plaintiff's claims under New York General Business Law Section 349 are barred by reason of Plaintiff's failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute a deceptive act or practice and their failure to sufficiently plead causation.

300.    Plaintiff's claims under New York General Business Law Section 350 are barred by reason of Plaintiff's failure to allege sufficient facts identifying any statement or

10062444.1

misrepresentation alleged to constitute false advertising and their failure to sufficiently plead causation or reliance.

301.     The Complaint fails to state a cause of action against Dr. Scolnick because he was an employee of Defendant Merck and was acting within the course and scope of his employment.

302.     The Complaint fails to state a cause of action against Dr. Scolnick to the extent any alleged conduct occurred after Dr. Scolnick's retirement from Merck on December 31, 2002.

303.     Dr. Scolnick is not subject to personal jurisdiction in the State of New York.


Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable defendants to determine all of their legal, contractual and equitable rights, Dr. Scolnick reserves the right to amend and supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Dr. Scolnick will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Dr. Scolnick respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Dr. Scolnick his reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

10062444.1

## JURY DEMAND

Dr. Scolnick demands a trial by jury as to all issues so triable.

Dated: New York, New York
      March 13, 2006

Respectfully submitted,

Martin L. Perschetz, Esq.
Sung-Hee Suh, Esq.
William H. Gussman, Jr., Esq.
Barbara Reid, Esq.
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, NY 10022
(212) 756-2000

*Attorneys for Defendant*
*Edward M. Scolnick*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer and Jury Demand of

Defendant Edward M. Scolnick has been served on Liaison Counsel, Russ Herman by U.S. Mail

and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the

same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this

14th day of March, 2006