EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 16  P 2: 31

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In Re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to Case No. 05-1614 | | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ELLIS MAXIMO DIAZ and NORKA DEJONGH DIAZ, Plaintiffs, | * | |
| vs. | * | |
| MERCK & CO., INC., Defendant, | * | |
| *    *    *    *    *    *    * | * | |

### MOTION TO QUASH DEPOSITION OF DR. JAN COOPER; MOTION TO CONTINUE TRIAL; MOTION TO STAY THE TAKING OF FUTURE DEPOSITIONS

Ellis Diaz, through undersigned counsel, respectfully moves this Court for an Order Quashing the Deposition of Dr. Jan Cooper on grounds that materials necessary to the preparation of Dr. Cooper have only recently arrive at undersigned counsel's office and there is insufficient time to meet with her, all as more fully appear in the attached Memorandum and Exhibits.

Further, undersigned counsel moves this Court to continue the trial and/or status as the next case to be tried in the MDL proceeding on grounds that there is insufficient time and resources for undersigned counsel to place the case in a trial posture.

Further, undersigned counsel moves this Court to stay any future depositions in this case until undersigned counsel can obtain financial and legal assistance.

_____ Fee_____
_____ Process_____
_X_ Dktd_____
_____ CtRmDep_____
_____ Doc. No._____

Respectfully submitted,

Bonnie L. Zakotnik, Bar. 13775
Attorney At Law
4501 Canal Street
New Orleans, LA  70119
Telephone:  (504) 486-6011

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served by electronic mail or

by hand delivery this 13th day of March, 2006.

Bonnie L. Zakotnik

EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 05-1614 | | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ELLIS MAXIMO DIAZ and<br>NORKA DEJONGH DIAZ,<br>           Plaintiffs, | * | |
| vs. | * | |
| MERCK & CO., INC.,<br>           Defendant, | * | |
| *     *     *     *     *     *     *     * | | |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH DEPOSITION OF DR. JAN COOPER; MOTIN TO CONTINUE TRIAL AND MOTION TO STAY THE TAKING OF FUTURE DEPOSITIONS

MAY IT PLEASE THE COURT:

The Complaint in this matter was filed on April 28, 2005, and issue was joined in July, 2005. Other than attending several of the monthly pre-trial meetings, counsel for plaintiff did not participate in any of the discovery undertaken to prove liability against defendant, Merck & Co., Inc., nor did counsel have any connection to prior trial settings or other actions of the Plaintiff's Steering Committee (PSC, hereinafter).

During the four-month evacuation period from August 29, 2005 to January 1, 2006, counsel for plaintiff was able to complete and file the Plaintiff Profile Form, using Tulane Medical Records that had been ordered and arrived just prior to evacuation.  This was done on November 17, 2005; two weeks later, counsel was notified by the PSC that Ellis Diaz's case had been chosen

by defendant to go to trial in February.  The PSC filed a motion before this Court to substitute cases other than the Ellis Diaz case, which motion is still pending.

During the four-month evacuation, counsel was unable to meet with any of plaintiff's physicians.  Since January 1, 2006, it has been very difficult with meet with the prescribing physician, Dr. Cooper, or any physicians.  All of Mr. Diaz's physicians were members of the Tulane Medical Center staff.  Tulane's main facility was not opened until February 14, 2006, and at that time was barely in operation.  Physicians are difficult to reach; Mr. Diaz's treating cardiologist, Dr. Juan Escarfuller, has moved to a cardiology practice in Thibodaux, Louisiana.

On January 30, 2006, in response to a possible March trial date, counsel requested the Court to postpone the Diaz trial in light of personal considerations as a result of Hurricane damage to her home and office.  Since that time, serious efforts by counsel have been made to investigate medical causation and medical damages and obtain financial and legal assistance from the PSC.

Dr. Jan Cooper's Deposition

Dr. Jan Cooper is a treating and prescribing physician at the Tulane Medical Center and is a faculty member of the Tulane Medical School.  She was evacuated to Atlanta until the end of January, 2006.  Certain documents produced by Merck were necessary to discuss with her before her deposition is taken, namely the Merck Profile Form.

The following time-line shows the evolution of the final form, which arrived March 10, 2006 (last Friday at 3:30):

Jan. 17, 2006 - Dechert's letter purporting to be the Merck Profile Form with

Correction in letter of Jan. 25, 2006 (Exh. A and A-1)

Feb. 16, 2005 - Zakotnik's response (Exh. B)

Feb. 22, 2006 - Dechert's letter with Merck Profile Form (Exh. C)

Mar. 7, 2006 - Zakotnik's response, pointing out errors and lack of documents (Exh.D)

Mar. 8, 2006 - Dechert's letter with corrections (Exhibit E)

Mar. 9, 2006-Zakotnik's letter to Whittman (Exh. F)

Mar. 9, 2006 - Dechert's corr. With the corrected Profile Form (Exh. G)

Mar. 10, 2006-Deckert's corr. Enclosing IMS data.

Defendant's response was not completed until a few days ago and it is impossible to meet with

Dr. Cooper in advance of her deposition.    The IMS data arrived Saturday morning (March 11,

2006).

<u>Motion To Continue Trial</u>

It is counsel's understanding the PSC's Motion to change the order of cases to be tried in

the MDL is still pending before the Court.  While undersigned counsel is not a member of the

PSC and has no standing to urge that motion, it is her position that the granting of this Motion is

necessary to protect the interests of Ellis Diaz for the following reasons.

First it is unknown and has been since December 2006, and as late as March 12, 2006, to

what extent the PSC may or may not participate both financially and with manpower.  Although

certain PSC members have participated remotely in certain discovery, no one, nor the PSC  has

committed to lending assistance at this case.  In addition, undersigned counsel has not had the

time, or enough discovery, to contact outside counsel to ascertain whether they might be

interested in financing and trying the case.

Undersigned counsel is in a conflicted situation.  The Court has placed Ellis Diaz's case as

3

a lead MDL-PSC case.  However, the MDL-PSC is not prepared to try this case; the MDL-PSC

is uncertain as to whether they will participate in a trial of this case; the MDL-PSC has not put a

trial package together based upon the discovery it has accomplished.  Counsel for plaintiff does

not have the resources to try this case without referral counsel.

For these reasons, counsel for Ellis Dias would respectfully urge this Court to continue

Ellis' Diaz's case and/or remove it  from the MDL trial calender.

Respectfully submitted,

Bonnie L. Zakotnik, Bar. 13775
Attorney At Law
4501 Canal Street
New Orleans, LA  70119
Telephone:  (504) 486-6011


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served electronic mail or by

hand delivery this 13th day of March  2006.

Bonnie L. Zakotnik

4



50 Rockefeller Plaza
New York, NY 10112-2200
+1 212 698 3500 Main
+1 212 698 3600 Fax
www.dechert.com

January 17, 2006

**VIA FEDERAL EXPRESS**

Bonnie L. Zakotnik, Esc.
1501 Canal Street
New Orleans, LA 70119

Re: **Diaz, Ellis v. Merck & Co., Inc.**

Dear Ms. Zakotnik:

Enclosed please find one (1) CD-ROM containing a production of documents by Merck & Co., Inc. ("Merck") in the above-captioned matter. This letter will be supplemented and ultimately replaced, in the ordinary course, with an actual certified Merck Profile Form.

The attached documents are based upon a reasonable investigation into the existence of documents and/or data responsive to the Merck Profile Form. As a result of this investigation, Merck is not currently aware of additional responsive documents and/or data in its possession, custody or control that have not been identified in its responses in this matter. To the extent that further case-specific discovery reveals additional responsive documents and/or data, Merck will supplement this production consistent with the Federal Rules of Civil Procedure.

For the prescribing health care providers identified by the Plaintiff in this case, Merck has provided the following documents and/or data responsive to the requests set forth in the Merck Profile Form:

- **"Dear Doctor" letters to Drs. Cooper and Butler.** A search of Merck's records indicates that the following Bates range corresponds to a report listing the "Dear Doctor" letters sent to Drs. Cooper and Butler: MRK-MPF0012867 to MRK-MPF0015873. This report identifies by Bates range copies of those letters, all of which have previously been produced in this litigation.

- **Responses to Professional Information Requests ("PIRs") to Drs. Cooper and Butler.** A search of Merck's records indicates that the following PIRs were sent to Drs. Cooper and Butler:

**EXHIBIT**

Boston  Charlotte  Harrisburg  Hartford  New York  Newport Beach  Palo Alto  Philadelphia  Princeton  San Francisco  Washington DC
Brussels  Frankfurt  London  Luxembourg  Munich  Paris

Dechert
LLP

Bonnie L. Zaicatnik, Esq.
January 17, 2006
Page 2

- **Sales Calls on Drs. Cooper and Butler.** A search of Merck's systems indicates that the following Bates ranges correspond to data relating to sales representatives and sales calls on Drs. Cooper and Butler  MRK-AHF0015873 to MRK-AHF0015890.

- **Sample Data for Drs. Cooper and Butler.** A search of Merck's systems indicates that the following Bates range corresponds to a report listing data relating to Vioxx samples distributed to Drs. Cooper and Butler  MRK-AHF0015881 to MRK-AHF0015896.

- **Merck Conferences/Events.** Based on the information currently available, Merck has no record of Drs. Cooper and Butler attending or otherwise participating in a Merck-sponsored conference or event relating to Vioxx as follows.



MPF #4-JMEGA Results
AUTO FILE

| POStart and ID | Documant | DIP Code | Product | Batch | Configuration | Prescriber Dos. | Program | Program | Type | Captured & |
|---|---|---|---|---|---|---|---|---|---|---|
| | 123458 | Bonus Butle | | Persons... New Zealand... A... | | Vioxx... | Non-Physi... | Advertising Managing... Phone Plan... | | |
| | 123830 | Un... Butle | Date Issued | Jersey G... New Jersey A... | In-serv... | Vioxx | Commercial Value... | Plan Management | | |

In addition, the following Bates range corresponds to data regarding such conferences or events identified in Merck's systems and responsive to the Merck Profile Form: MRK-MPF0015897 to MRK-MPF0015904.

• **Contacts from Drs. Cooper and Butler.** Merck has record of National Service Center calls regarding Vioxx placed by or relating to Drs. Cooper and Butler. The following Bates range corresponds to information relating to such contact: MRK-MPF0015905 to MRK-MPF0015971.

• **Contacts from anyone other than the Prescriber(s).** Prior to the lawsuit initiated by Plaintiff, Merck had not been contacted by plaintiff or any person initiating contact on behalf of Plaintiff.

• **Prescription Database.** Access to the proprietary IMS prescription database has previously been discussed. Merck's Prescriber Data Mart ("PDM") maintains data purchased from and owned by IMS Health Incorporated.

• **Additional Merck Contacts with Drs. Cooper and Butler.** Merck has no record of any contacts with Drs. Cooper and Butler other than those previously identified above regarding sales calls and samples.

• **Adverse Experience Reporting/MedWatch Form.** Prior to the lawsuit initiated by Plaintiff, Merck had not received any Adverse Experience Report relating to Plaintiff.

• **Vioxx Advertising.** The following Bates ranges represent the relevant Vioxx-related advertising data, as requested in the Merck Profile Form, in the media markets of Plaintiff and Drs. Cooper and Butler: MRK-MPF0015922 to MRK-MPF0017937.

# Dechert
LLP

Bonnie L. Zakotnik, Esq.
January 12, 2006
Page 4

**Other Documents Relating to Plaintiff and Drs. Cooper and Butler.** Documents regarding Drs. Cooper and Butler are addressed in the preceding responses. As for documents that refer or relate to Plaintiff, the only additional documents are those that you produced to counsel and/or documents that counsel collected pursuant to the authorizations you provided.

Please do not hesitate to contact me if you have any questions regarding the items in the above-referenced production.

Sincerely,

John J. Tovikashvil

Enclosures

cc:   Russ M. Herman (w/MPF response letter, w/o enclosed data)
Christopher A. Seeger (w/MPF response letter, w/o enclosed data)
Andy D. Birchfield, Jr. (w/MPF response letter, w/o enclosed data)
Gerald Meunier (w/MPF response letter, w/o enclosed data)



26 Rockefeller Plaza
New York, NY 10112-2200
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

January 25, 2006

**VIA FACSIMILE AND FEDERAL EXPRESS**

Bonnie L. Zakotnik, Esq.
4501 Canal Street
New Orleans, LA 70119

Re: **Diaz, Ellis v. Merck & Co., Inc.**

Dear Ms. Zakotnik:

This letter supplements the January 17, 2006 production we sent to your office in the above-referenced matter.

The "MPF response" letter that accompanied the January 17 production included a section entitled "Responses to Professional Information Requests ("PIRs") to Drs. Cooper and Butler." In that section, we indicated that thirteen PIRs had been sent to Dr. Jan A. Cooper, MD, plaintiff's prescribing physician in the above-referenced matter. A further search of Merck's records revealed that the PIRs initially believed to have been sent to Dr. Jan A. Cooper were actually sent to a physician with a similar name working in Connecticut. In fact, no PIRs were ever sent to plaintiff's prescriber, Dr. Jan A. Cooper of Louisiana. The PIRs sent to Dr. James Butler, MD, as identified in the initial letter, remain unchanged as follows:

**Revised Responses to Professional Information Requests ("PIRs") to Drs. Cooper and Butler.**

| RECIPIENT | MAIN DATE | TITLE | BEG BATES | END BATES | ADDRESS LN 1 TXT | CITY_NM | STATE |
|-----------|-----------|-------|-----------|-----------|------------------|---------|-------|
| Butler, James, MD | 06-Oct-99 | VIO8148: a comparison of VIOXX and Celebrex | MRK-AK13754356 | MRK-AK13754356 | 1045 Florida Ave | Slidell | LA |
| Butler, James, MD | 06-Oct-99 | VIO8148: a comparison of VIOXX and Celebrex | MRK-AK13730728 | MRK-AK13730728 | 1045 Florida Ave | Slidell | LA |
| Butler, James, MD | 06-Oct-99 | VIO8148: a comparison of VIOXX and Celebrex | MRK-AK13710554 | MRK-AK13710554 | 1045 Florida Ave | Slidell | LA |
| Butler, James, MD | 16-Feb-00 | VIO8148: a comparison of VIOXX and Celebrex | MRK-AK14131385 | MRK-AK14131385 | 1045 Florida Ave | Slidell | LA |

**EXHIBIT**

Boston Charlotte Harrisburg Hartford New York Newport Beach Palo Alto Philadelphia Princeton San Francisco Washington
Brussels Frankfurt London Luxembourg Munich Paris



Bonnie L. Zakotnik, Es
January 25, 2006
Page 22

Please substitute the above chart for the chart of PIRs, which was original
to you on January 17, 2006.  No other aspects of the production require revision o
supplementation at this time.  Please do not hesitate to contact me if you have any
regarding the items in the above-referenced production.

Sincerely,

John Torikashvili

cc:    Russ M. Herman (via facsimile only)
       Christopher A. Seeger (via facsimile only)
       Andy D. Birchfield, Jr. (via facsimile only)
       Gerald Meunier (via facsimile only)

# BONNIE L. ZAKOTNIK
### ATTORNEY AT LAW
4500 CANAL STREET
NEW ORLEANS, LOUISIANA
70119

TELEPHONE (504) 486-6005
MOBILE TELEPHONE (504) 296-4911

February 16, 2006

John J. Torikashvili
Attorney At Law
30 Rockefeller Plaza
New York, NY 10112-2200

Re: Ellis Diaz, et al vs. Merck & Co., Inc.

Dear Mr. Torikashvili:

Your January 17, 2006, correspondence, and subsequent letter of January 25, 2006, do not comply with the Profile Form ordered by the Court. Although it was represented that the Merck Profile Form had been exchanged, it has come to my attention after some review that additional documentation is due. Also the format you chose in your letter does not answer the questions set forth in the profile form.

For example, the Profile Form, Section III, entitles the plaintiff to receive prescribing physicians' prescribing practices. Your correspondence, Page 3, Paragraph 3 states:

> **Prescription Database.** Access to the proprietary IMS prescription database has previously been discussed. Merck's Prescriber Data Mart ("PDM") maintains data purchased from and owned by IMS Health Incorporated.

I am at a loss to understand this response.

Although we permitted the deposition of Dr. Butler, it was done without knowing his prescription practices. While that may be the subject of a motion in advance of trial, we do not wish this to happen with other treating and/or prescribing physicians in this case. We will object to any depositions of treating physicians without the proper responses and a reasonable amount of time to digest the responses.

**EXHIBIT**

February 18, 2006
John J. Toriaselin

Very truly yours,

Bennie L. Zakotnik
BLZ/d

Hon. Eldon E. Fallon (w/response letters)
Philip A. Wittmann (w/o enclosures)
Leonard Davis (w/o enclosures)

New York [illegible]
[illegible] 212 588 5600  Main
[illegible] 212 888 5600  Fax
[illegible]

February 22, 2006

VIA FEDEX

Bonnie Zakotnik, Esq.
4501 Canal Street
New Orleans, LA 70119

              Re:    Vioxx® litigation; Diaz, Ellis vlaxima vs. Merck & Co., Inc
                                    [illegible]

Dear Ms. Zakotnik:

        Enclosed please find one (1) CD-ROM containing documents constituting a supplemental
production by Merck & Co., Inc. ("Merck") of a Merck Profile Form ("MPF") in the above-
captioned matter. This production has been designated Bates range MRK-MPF 0033504 through
0033512 and MRK-MPF 0039661 through 0039671.

        The MPF and the attached documents are based upon a reasonable investigation into the
existence of documents and/or data responsive to the requests set forth in the MPF. As a result of
this investigation, Merck is not currently aware of additional responsive documents and/or data in
its possession, custody or control that have not been identified in its responses to the MPF in this
matter. To the extent that further case-specific discovery reveals additional responsive documents
and/or data, Merck will supplement this MPF consistent with the Federal Rules of Civil
Procedure.

                                                        Sincerely,

                                                        [signature]

                                                        Jeffrind G. Manor

Enclosure

cc:      Russ M. Herman (w/MPF form; w/o enclosed data)
         Christopher A. Seeger (w/MPF form; w/o enclosed data)
         Andy D. Birchfield, Jr. (w/MPF form; w/o enclosed data)

                                                        **EXHIBIT**

[illegible] Charlotte Harrisburg Hartford Newark Newport Beach Princeton Philadelphia Princeton [illegible] Trenton Washington DC
[illegible] Frankfurt London [illegible] a sign Firm

**BONNIE L. ZAKOTNIK**
ATTORNEY AT LAW
3501 CANAL STREET
NEW ORLEANS, LOUISIANA
70119

TELEPHONE (504) 555-6045
MOBILE TELEPHONE (504) 555-5005

March 7, 2006

Edward O. Manor
Attorney At Law
30 Rockefeller Plaza
New York, NY 10112-2200

Re: Ellis Diaz, et al vs. Merck & Co., Inc.

Dear Mr. Manor:

This is a response to the Merck Profile Form that was enclosed in your correspondence of February 22, 2006. There are some discrepancies that I would appreciate your addressing.

Section II, B, 1, purports to list all of the contacts between Merck and Drs. Butler and Cooper, specifying documents MRK-MPF0015,873 to MRK-MPF39,668 as inclusive. This amounts to 23,795 documents. In Mr. Torikashivili's correspondence of January 17, 2006, he lists the Merck contacts with Drs. Butler and Cooper in documents MRK-MPF0015873 to MRK-MPF0015880. Which is correct?

Section II, C, 1, purports to list the dates and fees that Merck retained and paid Drs. Cooper and Butler and specifies documents MRK-MPF0015897 to MRK-MPF0015902 as inclusive. These documents refer to conferences attended by Drs. Cooper and Butler. They do not show that Drs. Cooper and Butler were **retained** by Merck. Please clarify this and/or respond to the question.

Section II, C, 2, purports to list the dates that Drs. Cooper and Butler attended Merck-sponsored conferences and lists 23,768 documents (MRK-MPF0015897 to MRK-MPF0015902). In Mr. Torikashivili's correspondence of January 17, 2006, he lists the Merck-sponsored conferences as MPF001897 to MRK-MPF0015904. Again, which is correct?

Section III is incomplete. Dr. Cooper's deposition will be taken on March 15, 2006, only if this information is supplied as it relates to her.

**EXHIBIT**

March 7, 2006
Edward O. Winter
Page 2

Very truly yours,

Bonnie C. Zaloski
BLZ/k

Phillip A. Wittmann, by email
Leonard Davis, by email

O:\Documents and Setup\Kennedy\Locaments\My Call Plan Doc v NO V\Winter\Doc.doc



EDWARD MANOR

ceward.manor@dechert.com
+1 212 698 3500 Direct
+1 212 698 3599 Fax

March 8, 2006

**VIA FACSIMILE & FEDERAL EXPRESS**

Bonnie L. Zakotnik, Esq.
4501 Canal Street
New Orleans, LA 70119

Re:     Ellis Diaz, et al. v. Merck & Co., Inc.

Dear Ms. Zakotnik:

Regarding Section II.B.1., Mr. Torikashvili's letter dated January 17, 2006 correctly identifies MRK-MPF0015873 to MRK-MPF0015880 as the Bates range that provides information relating to sales calls on Drs. Cooper and Butler.

Regarding Section II.C.1., the certified MPF form that I sent under cover letter dated February 3, 2006 correctly identifies MRK-MPF0015897 to MRK-MPF0015902 as the Bates range that provides information relating to payments to Drs. Cooper and Butler. That letter states that two $300.00 honoraria were paid to Dr. Butler for what appear to be preceptorships and that no payments were made to Dr. Cooper.

Regarding Section II.C.2., Mr. Torikashvili's letter dated January 17, 2006 correctly identifies MRK-MPF0015897 to MRK-MPF0015904 as the Bates range that provides information relating to Merck conferences and events in which Drs. Cooper and/or Butler participated.

Regarding Section III, which was also the subject of your February 16, 2006 letter to John Torikashvili, the production of IMS data relating to the prescribing practices of Drs. Cooper and Butler was produced almost two weeks ago, on February 24, 2006. A copy of the cover letter enclosing that production is attached for your reference.

A revised version of the certified MPF will be provided to you by no later than Friday of this week (and probably tomorrow), and we appreciate your patience in this regard. Moreover,

**EXHIBIT**

# Dechert
LLP

March 8, 2006
Page 2

Having fully responded to all of your questions relating to this MPR, there should be no issues that would prohibit Dr. Cooper's deposition going forward on March 15, 2006.

As a final matter, I would ask that you address future correspondence on this matter to Jan Pepper in Dechert's Philadelphia office.

Very Truly Yours,

Edward Mabra

cc:   James J. Pepper

### BONNIE L. ZAKOTNIK
ATTORNEY AT LAW
4501 CANAL STREET
NEW ORLEANS LOUISIANA
70119

TELEPHONE (504) 486-6015
MOBILE TELEPHONE (504) 296-6011

## BY EMAIL ONLY

March 9, 2006

Philip A. Wittmann, Liaison Counsel
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130

Re: In Re: Vioxx Products Liability Litigation, C.A. MDL No. 1657
    My clients - Ellis Maximo Diaz and Norka DeJongh Diaz
    Civil Action No. 05-1614 "L" (3)

Dear Phil:

In trying to obtain an acceptable Merck Profile Form from Dechert, I have corresponded with Mr. Torikashvili and Mr. Manor, who encloses correspondence from Mr. Salimi. Mr. Manor now directs me to correspond with Mr. Pepper in Philadelphia, whose address I do not have.    All I really wanted to know was whether certain Bates' numbers were typos and where is the IMS data. Mr. Salimi sent a CD to Russ, but he should have sent it to me and I do not have it.

Dechert has wasted a lot of my time.    All correspondence will go to you, unless you direct me to someone else.

With regards, I am
Very truly yours,

Bonnie L. Zakotnik
BLZ/rt

C:\Documents and Settings\Bonnie\My Documents\My Files\Diaz, Ellis v. VIOXX\Wittmann 007.wpd

**EXHIBIT**  *F*

30 Rockefeller Plaza
New York NY 10112-2200
+ 212 908 2600  Main
+1 212 908 9699  Fax
www.dechert.com

March 9, 2006

**BY COURIER**

Bonnie L. Zakotnik, Esq.
4501 Canal Street
New Orleans, LA 70119

Re:   Vioxx® litigation: Elljs Maxano Diaz vs. Merck & Co., Inc.
*(Diaz)*

Dear Ms. Zakotnik:

As per my letter date March 8, 2006, I am enclosing a revised certified Merck Profile Form in the above-referenced matter. This production has been designated Bates range MRK-MPF 0078960 through 0078971.

Sincerely,

Edward G. Minor

Enclosure

cc:   Russ M. Herman c/o Lenny Davis (w/MPF form itself)

**EXHIBIT**

Boston  Charlotte  Harrisburg  Hartford  New York  Newport Beach  Palo Alto  Philadelphia  Princeton  San Francisco  Washington DC
Brussels  Frankfurt  London  Luxembourg  Munich  Paris

30 Rockefeller Plaza
New York, NY 10112-2200
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

March 10, 2006

**BY COURIER**

Bonnie L. Zakotnik, Esq.
4501 Canal Street
New Orleans, LA 70119

Re:   Vioxx® litigation: Ellis Maximo Diaz vs. Merck & Co., Inc.
(Diaz)

Dear Ms. Zakotnik:

        We have diligently worked to respond to any issues that you have brought to our attention.  When we received your letter dated February 16, 2006 requesting IMS data in this matter, we responded as soon as was feasible to do so on February 24, 2006 with a production of such data.  Upon receipt of your letter dated March 7, 2006 identifying a number of questions relating to MPF Bates numbers and requesting the IMS data that you had apparently not received from PLC, we provided a response on March 8, 2006 responding to each of the questions you raised.  As for the IMS data, Merck's MDL productions -- even for trial cases -- typically are provided to PLC on behalf of the PSC and its constituent counsel.  It was our intention, therefore, that IMS data produced to PLC in this matter would have been transmitted to you.  In response to your most recent letter to Phil Wittmann dated February 9, 2006, we are now enclosing a duplicate copy of the IMS data previously produced to PLC.  Moreover, the fact that we referred you to other attorneys at Dechert for assistance was an attempt to accommodate you and be responsive to your requests, not to be uncooperative.  We apologize for any inconvenience and will communicate directly with you in future productions in this matter.

Sincerely,

Edward O. Manor

Enclosure

**EXHIBIT**

cc:     Russ M. Herman

Boston  Charlotte  Harrisburg  Hartford  New York  Newport Beach  Palo Alto  Philadelphia  Princeton  San Francisco  Washington D
Brussels  Frankfurt  London  Luxembourg  Munich  Paris