**MINUTE ENTRY**
**FALLON, J.**
**MARCH 15, 2006**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**
*Smith v. Merck Co., Inc.*, 05-3838

On this date, the Court denied the attached motion. Despite the Court's denial of the motion, IT IS ORDERED that Plaintiffs' Liaison Counsel is directed to contact the Plaintiff to inform him of the status of MDL 1657 and to assist him in obtaining counsel.

Clerk is directed to serve the following by mail:

Edward Smith
DOC #86182
Dixon Correctional Institute
P.O. Box 788
Jackson, Louisiana 70748

Russ M. Herman
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170

Leonard A. Davis
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170

JS10(00:05)

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
*Eastern District of Louisiana* MDL 1657

| | |
|---|---|
| **EDWARD SMITH**<br>PLAINTIFF | CIVIL ACTION: 05-904  2:05-CV-03838<br>Section L |
| **VERSUS** | JUDGE ~~RALPH E. TYSON~~  ELDON E. Fallon |
| **MERCK COMPANY, INC.**<br>RESPONDENT | MAG. JUDGE ~~DOCIA L. DALBY~~  KNOWLES |

## MOTION REQUESTING ASSISTANCE FROM AN ATTORNEY
## (TO APPOINT COUSEL)

**MAY IT PLEASE THE COURT:**

Now Into The Court, comes, EDWARD SMITH, who is present incarcerated at Dixon Correctional Institute, P.O. Box 788, Jackson, La. 70748, has pending a suit pursuant to ~~42~~ 28 U.S.C. ~~1983~~ 1407, herein.

1. I make this affidavit (request) in support of my Motion for Counsel.

2. The complaint in this case states that the plaintiff has been subjected to deliberate indifference which cause medical conditions, which has resulted in cruel and unusual punishment in violation of plaintiff's constitutional rights of the United States.

3. This case involves medial issues that will require witnesses on behalf of plaintiff.

4. This case will require discovery of documents, and certainty some depositions which the plaintiff cannot obtain without the aid of counsel.

5. The testimony will likely be in sharp conflict since the plaintiff will maintain that his rights were intentionally violated.

1

6. Plaintiff has limited legal training or knowledge, and will not be able to present his case alone, without legal representation by a trained counsel. Any legal case in which plaintiff will oppose trained and knowledgeable legal minds would be a travesty of justice.

7. Plaintiff concurrently needs legal representation in light of the fact that this suit is one of many against Merck drug company.

8. Plaintiff is in custody at Dixon Institute, and has been handicapped by surgery and continued treatment for dialysis. There is one law library to accommodate approximately 1,700 inmates. Even if plaintiff had knowledge of any legal matters, his case access would be severely limited to a very few hours in a month. Books are not allowed to be checked out of the law library to be in an inmate's possession.

9. These facts along with the merits of the plaintiff's claims strongly support the appointment of counsel to represent the plaintiff.

WHEREFORE, the plaintiff Motion for counsel should be granted in this currently unbalanced pursuit of justice.

Respectfully Submitted

*Edward Smith*
**PLAINTIFF**

Thus signed and subscribed to before me on this __19__ day of __February__ 200_6_.

*Edward Smith*
**PLAINTIFF**

2

UNITED STATES DISTRICT COURT
MIDDLE ~~DISTRICT OF LOUISIANA~~
Eastern District of Louisiana

| | |
|---|---|
| EDWARD SMITH | CIVIL ACTION: ~~05-904~~ 2:05-cv-05838 |
| VERSUS | Section L |
| | JUDGE ~~RALPH E. TYSON~~ Eldon E. Fallon |
| MERCK COMPANY, INC. | MAG. JUDGE ~~DOCIA L. DALBY~~ Knowles |

================================================
**MEMORANDUM OF LAW IN SUPPORT**
================================================

Plaintiff submits this memorandum in support of his allege need for legal representation to continue in his pursuit for judicial review as required in this matter herein.

This case is filed under ~~42~~ 28 U.S.C. ~~1983~~ 1407 by a state prisoner, and asserting claim of denial of rights given him by state, federal and constitutional law. 739 F.2d 160 **Whisenant v. Yuam,** (C.A. 4. (N.C.) 1984 78K246 Appointment of Counsel. (Formerly 78K 13.15)

Denial of section 1983 plaintiff's request for counsel effectively denied him a fundamentally fair trial, inasmuch as his claim of prison official's deliberate indifference which caused medical needs while he was in pretrial custody was not frivolous, and he was relatively uneducated generally and totally uneducated in legal matters. 28 U.S.C.A. 1915 (d); 42 U.S.C.A. 1983; U.S.C.A. Const. Amend. 14. **Whisenant v. Yuam,** (C.A. 4(N.C.) 1984.

Power to appoint counsel in civil litigation is discretionary, but it is an abuse of that discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances. 28 U.S.C.A. 1915 (d) 739 F.2d 160 **Whisenant v. Yuam,** (C.A. 4(N.C.) 1984. If it is apparent to the district court that a pro se litigant has a colorable claim but

3

lacks capacity to present it, the district court should appoint counsel to assist him. 28 U.S.C.A. 1915 (d) **Whisenant v. Yuam**, (C.A. 4(N.C.) 1984.

## ARGUMENT

### THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to present his claims, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the complexity of the legal issues." **Abdullah v. Gunter**, 949 F.2d. 1032, 1035 (8th Cir. 1991 citation omitted, cert. Denied, 112 Sect. 1995 (1992) In addition, court have suggested that the most important factor is whether the case appears to have merit." **Cooper v. Sagenti Co. Inc.** 877 F.2d. 170, 173 (2nd. Cir. 1989) Each of these factors weights in favor of appointing counsel in this case.

### CONFLICTING TESTIMONY

With the number and rank of the named defendant there will certainly be a credibility factor between the defendant and the plaintiff. The existence of these credibility issues strongly support the appointment of counsel in this case. Especially, in light of the facts that as presented based upon evidence submitted and plaintiff's inability to properly present his claim in full is unfair and unjustly implied without a fair and impartial fact finding process being presented.

### ABILITY TO PRESENT CLAIM

The record fails to state that plaintiff has been moved and continually denied the ability to present the needed documentation required to support his claim taking the drug Vioxx and suffering several strokes.

The ability of the plaintiff to present his claim is training. 739 F.2d 160 **Whisenant v. Yuam**, (C.A. 4(N.C.) 1984.

4

In addition the plaintiff could receive a maximum of five hours a week in the one D.C.I. Law Library. See **Ray v. Johnson**, 969 F.2d 703-04, (8th Cir. 1992) citing lack of ready access to a law library as a factor supporting appointment of counsel.

Respectfully submitted this ___ day of _February_, 2006

*Edward Smith*
**Plaintiff**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
*Eastern District of Louisiana*

| | |
|---|---|
| EDWARD SMITH | CIVIL ACTION: ~~05-904~~ 2:05-CV-00838 *Section L* |
| VERSUS | JUDGE ~~RALPH E. TYSON SEC P.~~ *ELDON E. Fallon* |
| MERCK COMPANY, INC. | MAG. JUDGE ~~DOCIA L. DALBY~~ *Knowles* |

## PLAINTIFF

EDWARD SMITH, pursuant to 1915, request this Honorable Court to appoint counsel to represent him in this case for the following reason:

1.) The plaintiff is unable to afford counsel.

2.) The plaintiff is currently under restriction in his ability to pursue this matter.

3.) The issues involved in this case are complex.

4.) The expected conflict in testimony, and the issue of credibility and need for evidence.

Respectfully submitted this __19__ day of __February__, 200__6__

*Edward Smith*
_____
Plaintiff

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
*Eastern District of Louisiana*

| | |
|---|---|
| EDWARD SMITH | CIVIL ACTION: 05-904 *2:05-CV-03838* |
| | *Section L* |
| VERSUS | JUDGE ~~RALPH E. TYSON-SEC P~~ *ELDON E. FALLON* |
| MERCK COMPANY, INC. | MAG. JUDGE ~~DOCIA L. DALBY~~ *KNOWLES* |

## ORDER

**IT IS ORDERED THAT**, plaintiff's request for appointment of counsel be **GRANTED** this _____ day of _____ 2005, for reason and good cause shown on behalf of plaintiff in this case.

**DONE AND SIGNED** this _____ day of _____ 2005.

_____
**UNITED STATES MAGISTRATE JUDGE**

7

Edward Smith
DOC # 86182
D.C.I.  P.O. Box 788
Jackson, Louisiana 70748

19 February, 2006

Clerk of Court
United States District Court
Eastern District of Louisiana
New Orleans, Louisiana 70130

RE: Smith v. Merck & Co.
Case # 2:03-CV-03838

Dear Clerk:

Enclosed is a motion for appointment of Counsel in the above referenced matter. Plaintiff received the enclosed letter on 16 Feb 06, from Hughes Hubbard & Reed LLP - A New York Limited Liability Partnership, 101 Hudson St., Suite 3601, Jersey City, New Jersey 07302-3918

It was addressed to Edward Thomas, Esq. and myself. They were talking about a Pretrial Order 18(B). I have not been served with this order. The writer of this letter stated this order was to



answered by January , 2006.
What is this about?

Please present the enclosed motion to the Court and the enclosed reffrenced letter from Hughes Hubbard and Reed LLP.

Thank you for your time and consideration in matter.

Respectfully yours,
Edward Smith

