UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE VIOXX PRODUCTS LIABILITY
LITIGATION

THIS DOCUMENT RELATES TO:
Case No.: 2:05cv5077

JANE MINEAR and WAYNE MINEAR, Florida
residents,

               Plaintiffs,

v.

MERCK & CO., INC., a foreign corporation,

               Defendant.

_____/

MDL NO: 1657

SECTION L

JUDGE FALLON

*U.S. FILED
EASTERN DISTRICT COURT
DISTRICT OF LA

2006 MAR 20  AM 7: 33

LORETTA G. WHYTE
CLERK*

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiffs Jane Minear and Wayne Minear, sue Defendant, Merck & Co., Inc. ("Merck") and

in support thereof, state as follows:

### JURISDICTION, PARTIES, AND VENUE

    1.    Plaintiffs are citizens of Florida and Defendant is a corporation incorporated in the

State of New Jersey having its principal place of business in a state other than the State of Florida.

The matter in controversy exceeds $75,000.00, exclusive of interests and costs, as specified by 28

U.S.C. § 1332.

    2.    Venue is proper in this District pursuant to Stipulations of the parties and Pre-Trial

Order No. 11 in re: Vioxx Product Liability Litigation MDL No. 1657. Plaintiffs, at all times

relevant hereto, resided within the Southern District of Florida, the injury sued upon occurred in the

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Dec. No _____

1

Colson Hicks Eidson Colson Cooper Matthews Martinez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008  Telephone (305) 476-7400  Fax: (305) 476-7444

Southern District of Florida and Defendant marketed, advertised and distributed Vioxx in said district.

3.      At all times relevant hereto, Plaintiffs Jane Minear and Wayne Minear were and are legally married.

4.      At all times relevant hereto, Merck was a New Jersey corporation authorized to do business in Florida and doing business in Florida directly and indirectly through its agents, approved agents and representatives and availed itself to the jurisdiction of this Court.

5.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events or omissions that give rise to Plaintiffs' claims occurred in the district, including but not limited to: Plaintiff Jane Minear's obtaining, ingestion, use and resultant injury from Defendant's product rofecoxib, commercially known as Vioxx, and Defendant's sale, marketing, advertising and distribution of Vioxx in this district.

## GENERAL ALLEGATIONS

6.      Plaintiff Jane Minear was prescribed Vioxx and received samples of Vioxx for joint pain. For approximately two years, Plaintiff Jane Minear directly ingested the appropriate dosage of Vioxx daily or as needed for pain in accordance with Defendant's instructions.

7.      On or about August 11, 2002, while still taking Vioxx daily, as a result of Defendant's acts and omissions, Plaintiff Jane Minear suffered a stroke.

8.      Plaintiff Jane Minear, as a result of her ingestion of Vioxx, and Defendant's acts and omissions sustained the following damages: bodily injury and resulting pain and suffering, loss of motor skills, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical, rehabilitative, nursing care and treatment, loss of earnings, loss

2

of ability to earn money, loss of ability to perform household services, and aggravation of preexisting condition. These losses are permanent and continuing and Plaintiff Jane Minear will suffer these losses in the future.

9.     Plaintiff Jane Minear did not discover that her use of Vioxx caused the aforementioned physical injuries until she learned that Vioxx was withdrawn from the market on or about September 30, 2004.

10.     Vioxx was most often prescribed to treat arthritis pain. Arthritis occurs frequently as people grow older and is the most common joint disease, affecting over 21 million Americans. Defendant's consumer marketing campaigns for these drugs focused on arthritis pain relief.

11.     Vioxx, until its withdrawal from the market was Defendant's largest selling drug. In 2001 alone, 23.7 million prescriptions for Vioxx were filled in the United States and sales totaled $2.6 billion.

12.     Vioxx was marketed by Merck as a drug that relieves signs and symptoms of arthritis, acute pain and painful menstrual cycles. Merck has reported to its shareholders that its launch of Vioxx was Merck's "biggest, fastest and best launch ever" for any drug.

13.     Vioxx is a non-steroidal anti-inflammatory drug (NSAID). Scientific research has shown that traditional NSAIDs, which include aspirin, ibuprofen and naproxen (which Defendant's advertising campaign seeks to replace with Vioxx at a much higher cost), have the effect of inhibiting the body's production of enzymes known as the cox-1 and cox-2 enzymes. The cox-2 enzyme is believed to play a role in causing arthritis pain and inflammation, so that using NSAIDs to suppress its production has the effect of reducing these symptoms.

3

14.     Targeting the cox-2 enzyme for suppression has dangerous effects.  The cox-2 enzyme is known to play a role in preventing blood coagulation.  Therefore, the inhibition of the cox-2 enzyme increases the propensity of the blood to clot, potentially leading to severe cardiovascular problems.  A study by Defendant has shown people taking Vioxx suffer a significantly higher risk of cardiovascular events that those who take traditional NSAIDs.

15.     Vioxx was significantly more expensive than traditional NSAIDs. The cost of Vioxx ranges from $3.00 to $6.00 per day, while over the counter NSAIDs can cost $.50 or less per day.

16.     Defendant has suppressed material information from its own clinical studies and concealed and omitted material information that Vioxx is associated with increased propensity of blood clotting and with significant and dangerous cardiovascular events both independently and in comparison to traditional NSAIDs.

17.     Defendant has publicly denied that Vioxx causes heart attacks, strokes and other cardiovascular events or that Vioxx increases the risk that patients will suffer those illnesses.  These statements are contraindicated by medical research demonstrating that cox-2 inhibitors, like Vioxx, have "pro-thrombotic properties" or, in other words, cause the blood to clot more easily.

18.     Merck has intentionally concealed information from the public that exposes the dangers of Vioxx.

19.     Merck has engaged in a pattern and practice of intimidating research facilities who attempt to discuss Vioxx safety and efficacy

20.     Consumers and their prescribing physicians have been misled by Defendant because they were not advised that switching from most alternative, more traditional NSAIDs to Vioxx they were increasing the likelihood that they will suffer enhanced risk of blood clotting, heart attacks,

4

strokes and other cardiovascular illness. The advertising, packaging, labels, and other information made available to physicians and the public concerning Vioxx to not alert patients or their physicians to the serious health dangers and risks.

21.   At all times relevant hereto, Defendant acted by and through its employees, agents, apparent agents, and representatives, who were acting within the course and scope of their employment, agency, apparent agency, and representation relationship with Defendant and acting in the furtherance of Defendant's interests.

22.   At all times relevant hereto Defendant formulated, designed, manufactured, labeled, promoted, marketed, distributed, sold and placed into the stream of interstate trade and commerce the prescription drug rofecoxib, commercially known as "Vioxx", with the reasonable expectation that the drug would be used in Florida. Vioxx was intended to and did reach ultimate consumers in Florida.

23.   All conditions precedent to filing this action have been met.

## COUNT I—STRICT LIABILITY ON BEHALF OF PLAINTIFF JANE MINEAR

24.   Plaintiff adopts and restates paragraphs 1-23 above as if fully set forth herein.

25.   At all times relevant hereto, Defendant was in the business of selling, designing, manufacturing and distributing Vioxx for sale to the general public and Plaintiff Jane Minear.

26.   Defendant knew that Vioxx would be used by Plaintiff Jane Minear without inspection for defects.

27.   Defendant intended that Vioxx reach the ultimate consumer such as Plaintiff Jane Minear and it indeed reached Plaintiff Jane Minear who used and ingested it.

28.   When purchased or obtained via samples, the Vioxx that Plaintiff Jane Minear used

5

was at all times in the same condition that it was in when Defendant manufactured, sold, or delivered it.

29.    At all times relevant hereto, Vioxx was used by Plaintiff Jane Minear in a manner consistent with the uses intended by, known to Defendant, and in accordance with the Defendant's directions.

30.    At the time Vioxx was designed, manufactured, and purchased it was defectively designed or manufactured because its use resulted in a substantial and unreasonable likelihood of causing cardiovascular and neurological injuries, which rendered Vioxx unreasonably dangerous for its intended use.

31.    Plaintiff Jane Minear was unaware of the dangerous propensities and defective condition of Vioxx.

32.    Vioxx was much more dangerous and harmful than expected by the average consumer.

33.    Defendant failed to adequately warn Plaintiff Jane Minear of the defective design and manufacturing that made Vioxx unreasonably dangerous and harmful to the average consumer.

34.    Vioxx's benefit to Plaintiff Jane Minear, if any, was greatly outweighed by the risk of harm and danger to her.

35.    As a direct and proximate result of the Defendant's acts and omissions, Plaintiff Jane Minear was damaged as more fully set forth in paragraph 8 herein.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff Jane Minear and against the Defendant, awarding her compensatory damages, costs, post judgment interest, and any and all such further relief that the Court deems just and proper.

6

## COUNT II—NEGLIGENCE ON BEHALF OF PLAINTIFF JANE MINEAR

36.     Plaintiff adopts and restates paragraphs 1-23 above as if fully set forth herein.

37.     Defendant owed a duty to Plaintiff Jane Minear, to exercise reasonable care in the design, manufacturing, testing, processing, advertising, marketing, labeling, assembling, packaging, distributing and selling of Vioxx.  Defendant's duty included, but was not limited to the following:

   a.  designing, manufacturing, processing, advertising, marketing, testing, labeling, assembling, packaging, distributing and selling a safe product that would not increase the risk of or cause strokes, heart attacks and other adverse neurological and cardiac events;

   b.  designing, manufacturing, processing, advertising, marketing, testing, labeling, assembling, packaging, distributing and selling Vioxx in a safe condition so that it would not be harmful to Plaintiff;

   c.  properly monitoring Vioxx and its uses in the scientific, medical community and general population so as to prevent harm to consumers and Plaintiff;

   d.  providing adequate warnings with Vioxx that would alert consumers, Plaintiff and physicians to the potential risks and serious side effects of Vioxx;

   e.  adequately and properly testing Vioxx before placing it on the market;

   f.  conducting sufficient inspection, monitoring, and testing on Vioxx which, if properly performed, would have shown that it had serious side effects, including, but not limited to, causing neurological and cardiovascular events such as strokes and heart attacks and the increased risk thereof;

   g.  adequately warning Plaintiff Jane Minear that use of Vioxx should be

7

accompanied by the use of an aspirin to minimize Vioxx's risk of strokes and adverse cardiac events;

     h.  adequately warning Plaintiff Jane Minear that use of Vioxx should be accompanied by a professional examination and regularly scheduled follow-up examinations so that stroke, heart attack and other serious side effects could be avoided or detected early;

     i.  adequately warning Plaintiff Jane Minear that use of Vioxx carried a risk of temporary or permanent disability due to strokes or heart attacks and other serious side effects;

     j.  using reasonable care in the designing, manufacturing, processing, advertising, marketing, testing, labeling, assembling, packaging, distributing and selling a safe product that would not cause strokes, heart attacks and other adverse neurological and cardiac events;

     k.  providing post-marketing warnings or instructions after Merck knew or should have known of the significant risks of strokes, heart attacks and other serious side effects and injury from use of Vioxx;

     l.  disclosing and not actively suppressing that there had been insufficient or biased studies regarding the safety of Vioxx before it was first distributed;

     m. disclosing and not actively suppressing that Vioxx was not fully and adequately tested for cardiovascular, neurological and cerebral vascular side effects;

     n.  disclosing and not actively suppressing that other testing studies showed there were serious adverse effects, including disability and death, and a significantly

8

increased risk of such cardiovascular disease, neurological and cerebral vascular events;

    o.  disclosing and not actively suppressing that a mechanism by which thrombotic, neurological, cardiovascular and cerebrovascular events occurred was discovered and scientifically confirmed; and

    p.  otherwise exercising reasonable care in the designing, manufacturing, processing, advertising, marketing, testing, labeling, assembling, packaging, distributing and selling of Vioxx.

38.    Defendant was negligent and breached its duty to Plaintiff Jane Minear to exercise reasonable care in the design, manufacturing, testing, processing, advertising, marketing, labeling, assembling, packaging, distributing and selling of Vioxx. Defendant's breach of its duty included, but was not limited to the following:

    a.  failing to design, manufacture, process, advertise, market, test, label, assemble, package, distribute and sell a safe product that would not increase the risk of or cause strokes, heart attacks and other adverse neurological and cardiac events;

    b.  failing to design, manufacture, process, advertise, market, test, label, assemble, package, distribute and sell Vioxx in a safe condition so that it would not be harmful to Plaintiff;

    c.  failing to properly monitor Vioxx and its uses in the scientific, medical community and general population so as to prevent harm to consumers and Plaintiff;

    d.  failing to provide adequate warnings with Vioxx that would alert consumers, Plaintiff and physicians to the potential risks and serious side effects of

9

Vioxx;

   e.  failing to adequately and properly test Vioxx before placing it on the market;

   f.  failing to conduct sufficient inspections, monitoring, and testing on Vioxx which, if properly performed, would have shown that it had serious side effects, including, but not limited to, causing neurological and cardiovascular events such as strokes and heart attacks and the increased risk thereof;

   g.  failing to adequately warn Plaintiff Jane Minear that use of Vioxx should be accompanied by the use of an aspirin to minimize Vioxx's risk of strokes and adverse cardiac events;

   h.  failing to adequately warn Plaintiff Jane Minear that use of Vioxx should be accompanied by a professional examination and regularly scheduled follow-up examinations so that stroke, heart attack and other serious side effects could be avoided or detected early;

   i.  failing to adequately warn Plaintiff Jane Minear that use of Vioxx carried a risk of temporary or permanent disability due to strokes or heart attacks and other serious side effects;

   j.  failing to use reasonable care in the designing, manufacturing, processing, advertising, marketing, testing, labeling, assembling, packaging, distributing and selling a safe product that would not cause strokes, heart attacks and other adverse neurological and cardiac events;

   k.  failing to provide post-marketing warnings or instructions after Merck

10

knew or should have known of the significant risks of strokes, heart attacks and other serious side effects and injury from use of Vioxx;

l.   failing to disclose and actively suppressing that there had been insufficient or biased studies regarding the safety of Vioxx before it was first distributed;

m.  failing to disclose and actively suppressing that Vioxx was not fully and adequately tested for cardiovascular, neurological and cerebral vascular side effects;

n.  failing to disclose and actively suppressing that other testing studies showed there were serious adverse effects, including disability and death, and a significantly increased risk of such cardiovascular disease, neurological and cerebral vascular events;

o.  failing to disclose and actively suppressing that a mechanism by which thrombotic, neurological, cardiovascular and cerebrovascular events occurred was discovered and scientifically confirmed; and

p.  otherwise exercising reasonable care in the designing, manufacturing, processing, advertising, marketing, testing, labeling, assembling, packaging, distributing and selling of Vioxx.

39.   Defendant knew or should have known that its wrongful acts and omissions would damage Plaintiff in the manner set forth herein.

40.   Defendant's acts and omission have directly and proximately caused economic and non-economic damages to Plaintiff as set forth in paragraph 8 herein.

WHEREFORE, Plaintiff Jane Minear requests that the Court enter judgment in favor of the Plaintiff and against the Defendant, awarding her compensatory damages, costs, post judgment

11

interest, and any and all such further relief that the Court deems just and proper.

## COUNT III—CLAIM FOR LOSS OF CONSORTIUM
## ON BEHALF OF WAYNE MINEAR

41.    Plaintiff,  Wayne Minear, adopts and restates paragraphs 1-40 above as if fully set forth herein.

42.    As a direct and proximate result of Defendant's acts and omissions, Plaintiff Wayne Minear has suffered and will in the future continue to suffer the loss of support and services, lost earnings, companionship, comfort, society and attentions of his spouse, and in addition has in the past incurred and in the future will incur medical and related expenses for the care and treatment of his wife.

WHEREFORE, Plaintiff Wayne Minear requests that the Court enter judgment in favor of the Plaintiff and against the Defendant, awarding him compensatory damages, costs, post judgment interest, and any and all such further relief that the Court deems just and proper.

Colson Hicks Eidson Colson Cooper Matthews Martínez Gonzalez Kalbac & Kane
255 Aragon Avenue, 2nd Floor, Coral Gables, Florida 33134-5008   Telephone (305) 476-7400  Fax: (305) 476-7444

## <u>COUNT IV—PUNITIVE DAMAGES ON BEHALF OF PLAINTIFFS JANE MINEAR</u><br><u>AND WAYNE MINEAR</u>

43.     Plaintiffs Jane Minear and Wayne Minear readopt and reallege all prior paragraphs as though fully set forth herein.

44.     Defendant's conduct, as set forth in this Complaint was wanton and reckless or malicious. Defendant's conduct was consciously indifferent and demonstrated utter disregard of its effect upon the safety and rights of others. Moreover, the aforementioned acts and omissions were done deliberately with knowledge of Plaintiff's rights, and with the intent to interfere with those rights.

45.     Defendant's wrongful conduct and "I don't care attitude" subjects Defendant to an assessment against it of substantial punitive damages, to punish it for its bad acts, and to deter others from acting in a similar way in the future.

46.     The negligence of the Defendant as defined in this complaint in connection with the intentional acts of certain of its employees serves as a further basis for the imposition of punitive damages against Defendant.

47.     Defendant knew or should have known that its wrongful acts and omissions would damage Plaintiffs Jane Minear and Wayne Minear in the manner set forth herein.

48.     Defendant's conduct has directly and proximately caused economic and non-economic damages to Plaintiff Jane Minear as set forth in paragraph 8 herein and to Plaintiff Wayne Minear as set forth in Count III.

WHEREFORE, Plaintiffs Jane Minear and Ward Minear request that the Court enter judgment in favor of the Plaintiffs and against the Defendant, awarding them punitive damages in an amount

13

sufficient to punish and deter the Defendant and others from future similar conduct, costs, post judgment interest, and any and all such further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

DATED this _9th_ day of <u>March</u>, 2006.

> COLSON HICKS EIDSON
> Attorneys for Plaintiffs
> 255 Aragon Avenue, Second Floor
> Coral Gables, Florida 33134
> Tel: (305) 476-7400
> Fax: (305) 476-7444
>
> By _____
>         Ervin A. Gonzalez
>         Florida Bar No. 500720
>         Email: Ervin@colson.com
>         Patrick S. Montoya
>         Florida Bar No. 524441
>         Email: Patrick@colson.com

14