FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 20  PM 3: 51

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGIA KAY CLASEN, | MDL No. 1657 |
| Plaintiff, | Judge: Eldon E. Fallon |
| v. | |
| MERCK & CO., INC., | **ANSWER** |
| Case No. 2:06cv1049<br>Defendant. | |

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, answers Plaintiff's complaint ("Complaint") as follows:

1. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint and on that basis, denies the same.

2. Merck admits the allegations in paragraph 2 of the Complaint.

3. Merck denies each and every allegation in paragraph 3 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4. Merck denies each and every allegation in paragraph 4 of the Complaint except admits that Merck is authorized to do business within the State of Utah. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

Fee_____
X Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No_____
802354v.1

5.      The allegations in paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent any response is required, Merck admits that Plaintiff purports to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief and admits that there is diversity between the parties.

6.      The allegations in paragraph 6 of the Complaint call for a legal conclusion to which no response is required.

7.      Merck denies the allegations in paragraph 7 of the Complaint.

**RESPONSE TO STATEMENT OF FACTS**

8.      Merck denies each and every allegation in paragraph 8 of the Complaint except admits that Merck sought and, in May 1999, received approval from the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

9.      Merck denies each and every allegation in paragraph 9 of the Complaint except admits that in 2001 Vioxx achieved sales of $2.6 billion and that Vioxx was prescribed to millions of patients.

10.     Merck denies each and every allegation in paragraph 10 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cycooxygenase-2 (COX-2).

2

11. Merck denies each and every allegation in paragraph 11 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

12. Merck denies each and every allegation in paragraph 12 of the Complaint.

13. Merck denies each and every allegation in paragraph 13 of the Complaint.

14. Merck denies each and every allegation in paragraph 14 of the Complaint, except admits that Merck manufactured, marketed and distributed Vioxx in a manner consistent with the relevant FDA-approved prescribing information.

15. Merck denies each and every allegation in paragraph 15 of the Complaint.

16. Merck denies each and every allegation in paragraph 16 of the Complaint.

17. Merck denies each and every allegation in paragraph 17 of the Complaint.

18. Merck denies each and every allegation in paragraph 18 of the Complaint, including subparts a through e, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, from which Plaintiff appears to quote, and respectfully refers the Court to that letter for its actual language and full text.

19. Merck denies the allegations in paragraph 19 of the Complaint, except admits that Vioxx was prescribed to millions of patients by health care providers. Merck further avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

20. Merck denies each and every allegation in paragraph 20 of the Complaint, except admits that Dr. David Graham testified before the Senate Finance Committee and plaintiffs purport to quote from this testimony, but respectfully refers the Court to the transcript of Dr. Graham's testimony before the Senate Finance Committee for its actual language and full text.

21. Merck denies each and every allegation in paragraph 21 of the Complaint.

22. Merck denies each and every allegation in paragraph 22 of the Complaint, except admits that plaintiff purports to incorporate allegations found in a master complaint filed or to be filed in MDL 1657.

### RESPONSE TO FIRST CAUSE OF ACTION
### (Negligence)

23. With respect to the allegations in paragraph 23 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 22 of this Answer with the same force and effect as though set forth here in full.

24. The allegations in paragraph 24 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

25. Merck denies each and every allegation in paragraph 25 of the Complaint.

26. Merck denies each and every allegation in paragraph 26 of the Complaint including subparts a through i.

27. Merck denies each and every allegation in paragraph 27 of the Complaint.

28. Merck denies each and every allegation in paragraph 28 of the Complaint.

29. Merck denies each and every allegation in paragraph 29 of the Complaint.

802354v.1

### RESPONSE TO SECOND CAUSE OF ACTION
### (Breach of Express Warranty)

30. With respect to the allegations in paragraph 30 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31. Merck denies each and every allegation in paragraph 31 of the Complaint.

32. Merck denies each and every allegation in paragraph 32 of the Complaint.

33. Merck denies each and every allegation in paragraph 33 of the Complaint.

### RESPONSE TO THIRD CAUSE OF ACTION
### (Breach of Implied Warranty)

34. With respect to the allegations in paragraph 34 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 33 of this Answer with the same force and effect as though set forth here in full.

35. The allegations in paragraph 35 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

36. Merck denies each and every allegation in paragraph 36 of the Complaint.

37. Merck denies each and every allegation in paragraph 37 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to Plaintiff's skill.

38. Merck denies each and every allegation in paragraph 38 of the Complaint.

39. Merck denies each and every allegation in paragraph 39 of the Complaint.

### RESPONSE TO FOURTH CAUSE OF ACTION
### (Strict Product Liability – Failure to Warn)

40. With respect to the allegations in paragraph 40 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41. Merck denies each and every allegation in paragraph 41 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

42. Merck denies each and every allegation in paragraph 42 of the Complaint.

43. Merck denies each and every allegation in paragraph 43 of the Complaint.

44. Merck denies each and every allegation in paragraph 44 of the Complaint.

45. Merck denies each and every allegation in paragraph 45 of the Complaint.

46. Merck denies each and every allegation in paragraph 46 of the Complaint.

47. Merck denies each and every allegation in paragraph 47 of the Complaint, except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such an award.

### RESPONSE TO FIFTH CAUSE OF ACTION
### (Strict Product Liability – Defective and Unreasonably Dangerous)

48. With respect to the allegations in paragraph 48 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

49. Merck denies each and every allegation in paragraph 49 of the Complaint.

50. Merck denies each and every allegation in paragraph 50 of the Complaint.

802354v.1

51. Merck denies each and every allegation in paragraph 51 of the Complaint.

52. Merck denies each and every allegation in paragraph 52 of the Complaint.

53. Merck denies each and every allegation in paragraph 53 of the Complaint.

54. Merck denies each and every allegation in paragraph 54 of the Complaint.

55. Merck denies each and every allegation in paragraph 55 of the Complaint, except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such an award.

56. Merck denies that plaintiff is entitled to any of the relief specified in the Request for Relief, Prayer, or anywhere else in plaintiff's Complaint. Moreover, all allegations not specifically admitted herein are specifically denied by Merck.

## MERCK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### THIRD AFFIRMATIVE DEFENSE

If plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

802354v.1

### FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### SIXTH AFFIRMATIVE DEFENSE

If plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

If plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### EIGHTH AFFIRMATIVE DEFENSE

If plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### NINTH AFFIRMATIVE DEFENSE

If plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff's misuse or abuse of Vioxx.

### TENTH AFFIRMATIVE DEFENSE

If plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for strict liability and breach of warranty are barred on the grounds that such claims are not cognizable against Merck.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

> (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;
>
> (b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;
>
> (c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;
>
> (d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were proximately caused by allergies, sensitivities, or idiosyncrasies peculiar to plaintiff and not found in the general public, and unknown or unknowable to Merck. Plaintiff's alleged injuries were not reasonably foreseeable to Merck, therefore, the occurrences in question, if any, was unavoidable incidents insofar as that term is understood at law, as far as Merck is concerned.

### TWENTIETH AFFIRMATIVE DEFENSE

Vioxx was neither dangerous nor defective, and was of merchantable quality and was fit and safe for its intended use.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized by Merck in designing, formulating, manufacturing and marketing Vioxx and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product were manufactured.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Doctrine of Federal Preemption.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the use of these products was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Merck has no duty to warn of possible dangers in using Vioxx, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The advertisements and labeling with respect to Vioxx were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Utah Constitutions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The conduct of Merck and all activities with respect to Vioxx were fair and truthful based upon the state of knowledge existing at the relevant time alleged.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, including Utah Code Ann. §§ 78-15-3, 78-12-25, and 13-11-19(8), and are otherwise untimely.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded by actions and determinations of federal and state regulatory agencies, including without limitation, the Federal Food and Drug Administration.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the principles of the learned intermediary doctrine.

802354v.1

### THIRTIETH AFFIRMATIVE DEFENSE

Merck denies any misrepresentation, fraud, reliance by plaintiff and/or detriment allegedly resulting therefrom.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Further answering, the Complaint fails to state a claim for punitive and/or exemplary damages against Merck upon which relief can be granted.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to provide Merck with timely notice of any alleged breach of warranty as required by Utah Code Ann. § 70A-2-607(3).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to and limited by the provisions of Utah Code Ann. §§ 78-27-38 and 78-27-40.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Further answering, Merck will rely on all defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

802354v.1

WHEREFORE, Merck respectfully demands judgment dismissing plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Dated: March 20, 2006.                              Respectfully submitted,

*[signature]*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendant's Liaison Counsel

Rick L. Rose (5140)
Kristine M. Larsen (9228)
**RAY QUINNEY & NEBEKER**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
            Telephone:  (801) 532-1500

*Attorneys for Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 20th day of March, 2006.

*/s/ Dorothy H. Wimberly*