USDC
EASTERN DISTRICT OF LOUISIANA

~~BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION~~

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 MAR 20 PM 2: 15
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| IN RE: VIOXX PRODUCTS LIABILITY LITIGATION | ) ) | MDL DOCKET NO. 1657 |

Ref: 06-798

JIMMIE COLLINS, individually, and JIMMIE COLLINS, as Personal Representative on behalf of the Estate of Decedent Laura Endicott, Plaintiffs, vs. MERCK & COMPANY, INC., NORTHPORT HEALTH SERVICES OF MISSOURI, L.L.C. d/b/a Webb City Health and Rehabilitation Center, JOHN BURCHFIELD, KEITH BENTON, DEBBIE ELMORE, NHS MANAGEMENT, L.L.C., UNIDENTIFIED ADMINISTRATOR OF WEBB CITY HEALTH & REHABILITATION CENTER, UNIDENTIFIED DIRECTOR OF NURSING OF WEBB CITY HEALTH & REHABILITATION CENTER, RAJENDRAKUMAR I. PATEL, M.D., MEDCO HEALTH SOLUTIONS, INC., MEDCO HEALTH, L.L.C., and MEDCO HEALTH SOLUTIONS OF LAS VEGAS, INC., Defendants, transferred from the United States District Court, Western District of Missouri, Southwestern Division, Case No. 05-5142-CV-W-DW

## PLAINTIFF JIMMIE COLLINS' RENEWED MOTION FOR REMAND AND BRIEF IN SUPPORT OF MOTION FOR REMAND

COMES NOW plaintiff Jimmie Collins, by and through counsel, and pursuant to 28 U.S.C.A. §1447 and Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation hereby moves this Court for its Order remanding the above-entitled action to the Circuit Court of Jasper County, Missouri at Joplin. Plaintiff Jimmie Collins states and alleges the following in support of his Renewed Motion for Remand:

### I.   CASE BACKGROUND

1.   Plaintiff Jimmie Collins is a Missouri resident who individually and in his capacity as Personal Representative of the Estate of Decedent Laura Endicott filed a personal injury and wrongful death lawsuit alleging both product liability and medical negligence claims in the Circuit Court of Jasper County, Missouri at Joplin (hereafter referred to as "Missouri State Court Action"). Plaintiff Jimmie Collins is seeking to recover damages caused by the negligent omissions and actions of multiple defendants, including but not limited to original tortfeasor defendant Merck & Company, Inc. and four (4) health care provider defendants that are Missouri



residents. Plaintiff has alleged that all of the defendants are jointly and severally liable for the personal injury and wrongful death of decedent Laura Endicott. *See* Plaintiff's Petition for Damages, page 19, paragraphs 64 through 69; pages 32 through 34, paragraphs 127 through 133; page 35, paragraph 137; page 37, paragraph 141; page 38, paragraph 145; page 55, paragraphs 208 through 210; and page 56, paragraphs 213 through 215. A copy of Plaintiff's Petition for Damages is attached as Exhibit A, and is incorporated by reference as if fully set forth herein.

2. Plaintiff Jimmie Collins alleges that defendant Merck & Company, Inc.'s original tortious acts with respect to its formulation, development, design, manufacture, marketing, distribution and sale of its dangerous and defective product, Vioxx, caused or contributed to cause decedent Laura Endicott to suffer a stroke on or about July 1, 2004, and that the stroke suffered by decedent caused her to sustain permanent and irreversible brain injury and paralysis requiring placement in a nursing home located in Jasper County, Missouri. Plaintiff further alleges that decedent Laura Endicott died in Joplin, Missouri on May 28, 2005 as a direct result of complications of her July 1, 2004 stroke, and the medical negligence of the Missouri health care providers who were providing care and treatment to decedent in the nursing home for the injuries she sustained as a result of her July 1, 2004 stroke. *See* Exhibit A, pages 10 through 54, paragraphs 25 through 204.

3. Plaintiff's claims against the Missouri resident defendants, specifically Northport Health Services of Missouri, L.L.C. d/b/a Webb City Health and Rehabilitation Center, Rajendrakumar I. Patel, M.D., Unidentified Administrator of Webb City Health and Rehabilitation Center and Unidentified Director of Nursing of Webb City Health and Rehabilitation Center, and all other nursing home defendants, sound in medical negligence. *See* Exhibit A, pages 30 through 54, paragraphs 123 through 204.

4. Jurisdiction and venue of plaintiff's Missouri State Court Action is proper in the Circuit Court of Jasper County, Missouri at Joplin, Division II.

5. On October 11, 2005, defendant Merck & Company, Inc. improperly removed plaintiff's Missouri State Court Action alleging complete diversity based on the singular allegation that plaintiffs have "fraudulently joined" or "fraudulently misjoined" the four (4) Missouri-resident defendant health care providers to this action for the sole purpose of defeating diversity jurisdiction. *See* Defendants' Notice of Removal, page 3, paragraphs 8, and 20 through 23. A copy of Defendants' Notice of Removal is attached as Exhibit B, and is hereby incorporated by reference as if fully set forth herein.

6. Seven (7) days later on October 18, 2005, plaintiff filed a timely Motion for Remand and Suggestions in Support in the U.S. District Court for the Western District of Missouri, Southwestern Division, seeking both remand of plaintiff's Missouri State Court Action and an award of attorneys' fees and costs in connection with defendant Merck & Company, Inc.'s improper removal as authorized by 28 U.S.C.A. §1447(c). *See* Civil Docket for Case #3:05-CV-05142-DW, Doc. 11. A copy of the Civil Docket for Case #3:05-CV-05142-DW is attached as Exhibit C, and is hereby incorporated by reference as if fully set forth herein

7. Unfortunately, the U.S. District Court for the Western District of Missouri, Southwestern Division never allowed Plaintiff's Motion for Remand to be fully briefed and ruled upon, instead *sua sponte* granting a Motion to Stay Proceedings filed by defendant Merck & Company along with defendant's improper Notice of Removal. *See* Exhibit C, Doc. 7 and Doc.16.

8. On November 7, 2005, the Judicial Panel on Multidistrict Litigation in connection with the In re Vioxx Products Liability Litigation, MDL No. 1657 (hereafter referred to as

3

"JPML") issued a Conditional Transfer Order (CTO-30) ordering the transfer of this case to the JPML. A copy of the Conditional Transfer Order (CTO-30) is attached as Exhibit D, and is hereby incorporated by reference as if fully set forth herein.

9. On November 23, 2005, plaintiff and defendant Rajendrakumar I. Patel, M.D., one of the Missouri-resident defendant health care providers, timely filed a Joint Notice of Opposition to Conditional Transfer Order with the JPML.

10. On December 1, 2005, plaintiff timely filed a Motion to Vacate Conditional Transfer Order.

11. On February 14, 2006, the JPML overruled Plaintiff's Motion to Vacate Conditional Transfer Order.

12. Although the transferor court, the U.S. District Court for the Western District of Missouri, Southwestern Division, "provisionally denied" Plaintiff's Motion for Remand as part of its overarching Order staying all proceedings "pending a decision by the Judicial Panel on Multidistrict Litigation regarding transfer of this case to the MDL proceeding that has been established in the Eastern District of Louisiana," no federal court has yet examined whether this or any other federal court can rightfully assert subject matter jurisdiction over this improperly removed cause of action. *See* U.S. District Court Order Dated October 14, 2005 and U.S. District Court Order Dated October 31, 2005. A copy of U.S. District Court Order Dated October 14, 2005 and U.S. District Court Order Dated October 31, 2005 are attached collectively as Exhibit E, and are hereby incorporated by reference as if fully set forth herein.

13. Because the Missouri defendants in this case were not fraudulently joined to the Missouri State Court Action, neither the United States District Court for the Western District of

4

Missouri, Southwestern Division nor the JPML have proper subject matter jurisdiction over plaintiff's Missouri State Court Action.

14.     As such, plaintiff Jimmie Collins moves this Court for its Order immediately remanding this cause of action to the Circuit Court of Jasper County, Missouri at Joplin, and for its Order awarding plaintiff's counsel reasonable attorneys' fees and expenses incurred in connection with defendant Merck's improper removal.

## II. LEGAL ARGUMENT AND ANALYSIS

### A. Defendant Merck Has Failed to Prove that the Missouri Resident Defendants Were Fraudulently Joined to Plaintiff's Missouri State Court Action

#### 1. *Standard of Review for Fraudulent Joinder*

Where a defendant removes a state court action to federal court on a claim of fraudulent joinder, the removing defendant must demonstrate fraudulent joinder by clear and convincing evidence. *See Wright and Miller*, 14A Federal Practice and Procedure, §3723 at 342-353(1985). *See also* Smith v. Blockbuster Entertainment Corp., 100 F.3d 878, 880 (10th Cir. 1996); McLeod v. Cities Service Gas Co., 233 F.2d 242 (10th Cir. 1956)); and Grynberg Production Corp. v. British Gas, P.L.C., 817 F. Supp. 1338, 1346 (E.D. Tex. 1993).

The party asserting federal jurisdiction bears the burden of establishing that federal jurisdiction exists. *See* In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). It is well-settled federal law that there is a presumption against removal jurisdiction, and doubtful cases must be resolved in favor of remand. The court is "required to resolve all doubts about federal jurisdiction in favor of remand". *Id. See also* Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100 (1941); and Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)).

The standard of review for fraudulent joinder was set out by the U.S. District Court for the Western District of Missouri in Garrett v. Ball Metal Beverage Container Corp., Case No.

5

05-0068-CV-W-ODS (W.D. Mo., Feb. 24, 2005). A copy of <u>Garrett v. Ball Metal Beverage Container Corp.</u>, Case No. 05-0068-CV-W-ODS (W.D. Mo., Feb. 24, 2005) is attached as Exhibit F, and is hereby incorporated by reference as if fully set forth herein. The District Court in <u>Garrett</u> followed the standard articulated by the Eighth Circuit Court of Appeals:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." **However, if there is a "colorable" cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder . . . If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent.**

*Id.* at *1 (quoting <u>Filla v. Norfolk Southern Ry. Co.</u>, 336 F.3d 806, 810 (8th Cir. 2003)(internal citations omitted)(emphasis added)). Joinder of a non-diverse defendant is not fraudulent where there is a reasonable basis in fact and law supporting the claim. *See* <u>Filla v. Norfolk Southern Ry. Co.</u>, 336 F.3d 806, 810 (8th Cir. 2003).

When considering a claim of fraudulent joinder, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* at 811. "[T]he court must simply determine whether there is a reasonable basis for predicting that the state's law **might** impose liability against the defendant." *Id.* (emphasis added).

Furthermore, in cases where the sufficiency of the plaintiff's complaint or petition is in question, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (quoting <u>Iowa Pub. Serv. Co. v. Med. Bow Coal Co.</u>, 556 F.2d 400, 406 (8th Cir. 1977)).

2. *Under Missouri Law, Plaintiff Has Stated Colorable Medical Negligence Causes of Action Against Each of the Missouri Defendants*

The Missouri Supreme Court has held, "[A] petition seeking damages for actionable negligence must allege 'ultimate facts' which, if proven, show (1) existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) failure of the defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure." Scheibel v. Hillis, 531 S.W.2d 285, 288 (Mo. banc 1976). More specifically, under Missouri law the elements of a colorable medical negligence cause of action are as follows: 1) "the existence of a legal duty owed to the plaintiff; 2) breach of that duty through a negligent act by the defendant; 3) proximate causation between the breach and the resulting injury; and 4) resulting damages." Ostrander v. O'Banion, 152 S.W.3d 333, 338 (Mo.App. W.D. 2004). *See also* Mast v. Surgical Services of Sedalia, L.L.C., 107 S.W.3d 360, 372 (Mo.App. W.D. 2003).

> In a standard medical malpractice action, the plaintiff is required to establish: (1) an act or omission by the defendant that was not in keeping with the degree of skill and learning ordinarily used by members of the defendant's profession; and (2) that such negligence caused the plaintiff's injury.

Meekins v. St. John's Regional Health Center, 149 S.W.3d 525, 532 (Mo.App. S.D. 2004)(citing Spears v. Capital Region Medical Center, Inc., 86 S.W.3d 58, 61 (Mo.App. W.D. 2002)).

Plaintiff has alleged that each of the four (4) Missouri-resident defendants, 1) defendant Northport Health Services of Missouri, L.L.C. d/b/a Webb City Health and Rehabilitation Center, 2) defendant Rajendrakumar I. Patel, M.D., 3) defendant Unidentified Administrator of Webb City Health and Rehabilitation Center and 4) defendant Unidentified Director of Nursing of Webb City Health and Rehabilitation Center, owed decedent Laura Endicott a duty of care. *See* Exhibit A, page 30, paragraph 124; and pages 37 through 38, paragraph 143. Plaintiff has alleged that each of the Missouri-resident defendants breached their duty of care owed to

decedent Laura Endicott by committing various acts of medical negligence and/or by violating federal and state regulations governing nursing homes. *See* Exhibit A, pages 30 through 31, paragraph 125; page 38, paragraph 144; and pages 39 through 54, paragraphs 146 through 204. Plaintiff has alleged that the Missouri-resident defendants' negligence and the tortious acts of defendant Merck jointly and severally caused or contributed to cause decedent Laura Endicott to sustain injury and damage. *See* Exhibit A, page 19, paragraphs 64 through 69; pages 32 through 34, paragraphs 127 through 133; page 35, paragraph 137; page 37, paragraph 141; page 38, paragraph 145; page 55, paragraphs 208 through 210; and page 56, paragraphs 213 through 215.

Each of the Missouri-resident defendant health care providers filed an Answer to Plaintiff's Petition for Damages in the Circuit Court of Jasper County, Missouri. *See* Defendant Northport Health Services of Missouri, L.L.C. d/b/a Webb City Health and Rehabilitation Center's Answer attached as Exhibit G, and hereby incorporated by reference as if fully set forth herein. *See* Defendant Rajendrakumar I. Patel, M.D.'s Answer attached as Exhibit H, and hereby incorporated by reference as if fully set forth herein. *See* Unidentified Administrator of Webb City Health and Rehabilitation Center's Answer attached as Exhibit I, and hereby incorporated by reference as if fully set forth herein. *See* Unidentified Director of Nursing of Webb City Health and Rehabilitation Center's Answer attached as Exhibit J, and hereby incorporated by reference as if fully set forth herein.

***None of the Missouri defendants filed a Motion to Dismiss attacking, let alone questioning, the sufficiency of plaintiff's causes of action against them.***

Furthermore, plaintiff's counsel has filed the affidavits required by R.S.Mo. §538.225 against each of the Missouri-resident health care provider defendants. A copy of the version of R.S.Mo. §538.225 in effect at the time that plaintiff's cause of action was originally filed is

attached as Exhibit K, and is hereby incorporated by reference as if fully set forth herein. A copy of the Affidavit Regarding Defendant Northport Health Services of Missouri, L.L.C. d/b/a Webb City Health and Rehabilitation Center is attached as Exhibit L, and is hereby incorporated by reference as if fully set forth herein. A copy of the Affidavit Regarding Defendant Rajendrakumar I. Patel, M.D. is attached as Exhibit M, and is hereby incorporated by reference as if fully set forth herein. A copy of the Affidavit Regarding Defendant Unidentified Administrator of Webb City Health and Rehabilitation Center is attached as Exhibit N, and is hereby incorporated by reference as if fully set forth herein. A copy of the Affidavit Regarding Defendant Unidentified Director of Nursing of Webb City Health and Rehabilitation Center is attached as Exhibit O, and is hereby incorporated by reference as if fully set forth herein.

Plaintiff has stated colorable medical negligence claims against each of the Missouri defendant health care providers.

### 3. *Under Missouri Law, as an Original Tortfeasor Defendant Merck is Liable for the Original Injuries Suffered by Decedent, As Well As Any Injuries Arising From Medical Malpractice Committed by Subsequent Treating Health Care Providers Caring for Decedent as a Result of Her Original Injuries*

In its Notice of Removal, defendant Merck & Company misstates Federal Rule of Civil Procedure 20(a). *See* Exhibit B, page 6, paragraph 18 ("Plaintiffs' claims against Merck do not arise out of the same transaction or occurrence as required by Fed. R. Civ. P. 20(a)."). However, Federal Rule of Civil Procedure 20(a) in fact states:

> All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence **or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action**.

9

Fed.R.Civ.P. 20(a)(West 2004)(emphasis added).[1] Under Missouri law, the claims against defendant Merck and the Missouri defendants arise out of the same series of transactions or occurrences, and a question of law or fact common to all of the defendants will arise in plaintiff's Missouri State Court Action.

According to well-settled Missouri law, "[A] party who commits an act of negligence is liable for all damages caused by the act of negligence, including later medical malpractice damages caused by a second party." Montgomery v. South County Radiologists, Inc., 168 S.W.3d 685, 690 (Mo.App. E.D. 2005)(citations omitted). A copy of Montgomery v. South County Radiologists, Inc., 168 S.W.3d 685 (Mo.App. E.D. 2005) is attached as Exhibit Q, and is hereby incorporated by reference as if fully set forth herein. *See also* State ex rel. Bitting v. Adolph, 704 S.W.2d 671, 672-73 (Mo. banc 1986)("The two sets of defendants, then, may be liable jointly and severally for a portion of the plaintiff's damages.")(citing State ex rel. Normandy Orthopedics v. Crandall, 581 S.w.2d 829 (Mo. banc 1979); Schumacher v. Leslie, 232 S.W.2d 913 (Mo. 1950); Parkell v. Fitzporter, 256 S.W. 239 (Mo. 1923); Staehlin v. Hochdoerfer, 235 S.W. 1060 (Mo. 1921); and State ex rel. Blond v. Stubbs, 485 S.W.2d 152 (Mo.App. W.D. 1972)); State ex rel. Baldwin v. Gaertner, 613 S.W.2d 638, 640 (Mo.banc 1981); State ex rel Tarrasch v. Crow, 622 S.W.2d 928, 932 (Mo. banc 1981); Ponciroli v. Wyrick, 573

---

[1] Fed.R.Civ.P. 20(a) is virtually identical to Missouri Rule of Civil Procedure 52.05(a), which states in pertinent part:

> **(a) Permissive Joinder** . . . All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.

A copy of Missouri Rule of Civil Procedure 52.05 (2005) is attached as Exhibit P, and is hereby incorporated by reference as if fully set forth herein.

10

S.W.2d 731, 733 (Mo.App. E.D. 1978); Chaussard v. Kansas City Southern Railway Co., 536 S.W.2d 822, 829 (Mo.App. W.D. 1976); and State ex rel. Smith v. Weinstein, 398 S.W.2d 41, 44 (Mo.App. E.D. 1965).

The Missouri Court of Appeals, Western District of Missouri explained the principle behind original tortfeasor liability clearly and unambiguously in State ex rel. Blond v. Stubbs:

> The key factor in this case, so far as joinder of parties is concerned, is the doctrine that **a tort-feasor is liable not only for his own original acts of negligence, but also for any acts of medical malpractice which occur in the normal course of treatment for the original injury** ... More to the point, **this rule of law gives the reason why there is a common occurrence or series of occurrences and why there are common questions of fact and law affecting all defendants**.
>
> * * *
>
> The principle referred to is firmly established by the decisions of this State, which hold that **a defendant who negligently causes a personal injury is liable also for the harm resulting from the manner in which normal medical, surgical or hospital services are rendered, it being deemed that such medical services flow naturally from the original injury.**

State ex rel. Blond v. Stubbs, 485 S.W.2d 152, 154-55 (Mo.App. W.D. 1972)(citations omitted)(emphasis added).

Plaintiff has alleged the following in his Petition for Damages:

> 26. In July 2001, decedent Laura Endicott began taking Vioxx at the direction of her physician for treatment of osteoarthritis and joint pain. Decedent Laura Endicott took her Vioxx prescription as prescribed and directed.
> 27. From early 2001 through July 1, 2004, decedent was taking her Vioxx prescription as prescribed and directed.
> 28. Decedent's prescriptions for Vioxx, 25 mg a day, from November 12, 2001 through July 1, 2004 were filled by one or more or all of the Medco Defendants. The Medco Defendants would fill decedent's Vioxx prescription, and then overnight or mail the Vioxx to decedent at her residence in Jasper County, Missouri.
> 29. On July 1, 2004, decedent suffered a massive non-hemorrhagic stroke causing decedent to suffer an infarct of decedent's left middle cerebral artery.
> 30. Decedent was a non-smoker, had no prior medical history of stroke, and did not have a family history of stroke.
>
> * * *
>
> 64. Decedent's ingestion of Vioxx directly caused or directly contributed to cause decedent to suffer a stroke as described in paragraph 29.

    65. As a direct result of decedent's stroke directly caused or directly contributed to be caused by decedent's ingestion of Vioxx, decedent died.
    66. Defendant Merck acted in a willful, wanton, and/or fraudulent manner toward decedent and other Vioxx consumers, and plaintiffs are therefore entitled to punitive damages.
    67. The acts of defendant Merck and the Medco Defendants directly caused or directly contributed to cause decedent Laura Endicott to sustain personal injury on July 1, 2004, and thereafter suffer an untimely and agonizing death on May 28, 2005.
    68. The negligence of defendants Nursing Home, NHS Management, Patel, Burchfield, Benton & Elmore, Unidentified Administrator and Unidentified DON, individually, and by and through their respective servants, employees and/or agents, actual or ostensible, more fully set forth below, directly caused or directly contributed to cause decedent Laura Endicott to sustain personal injury and suffer an untimely and agonizing death on May 28, 2005.
    69. The acts of the defendants, and each of them jointly and severally, more fully set forth below, directly caused or directly contributed to cause decedent Laura Endicott to sustain personal injury and suffer an untimely and agonizing death on May 28, 2005.

Exhibit A, paragraphs 26 through 30 and 64 through 69.

  The U.S. District Court for the Eastern District of Missouri recently dealt with this very issue of original tortfeasor liability by remanding an improperly removed pharmaceutical product liability and medical malpractice action back to Missouri State Court. *See* D.W. ex rel. McConnell v. McNeil-PPC, Inc., 2005 WL 3008513 at **3-7 (E.D.Mo). A copy of D.W. ex rel. McConnell v. McNeil-PPC, Inc., 2005 WL 3008513 (E.D.Mo) is attached as Exhibit R, and is hereby incorporated by reference as if fully set forth herein.

  Under Missouri law, defendant Merck is liable not only for the injuries caused by its own original acts of negligence and wrongdoing, but it is also liable for any injuries caused by subsequent acts of medical malpractice committed during the course of the care and treatment decedent Laura Endicott received as a result of her stroke. *See, e.g.,* State ex rel. Blond v. Stubbs, 485 S.W.2d 152, 154-55 (Mo.App. W.D. 1972). The series of transactions or occurrences at issue are: 1) defendant Merck's original tortious conduct with respect to its formulation, development, design, manufacture, marketing, distribution and sale of its dangerous

and defective product, Vioxx, more fully set out in Plaintiff's Petition for Damages; 2) the personal injuries decedent sustained as a result of her ingestion of defendant Merck's dangerous and defective product, Vioxx; and 3) the care and treatment provided by the Missouri defendant health care providers that naturally flowed from the injuries sustained by decedent as a result of her ingestion of defendant Merck's dangerous and defective product, Vioxx.

The question of law or fact common to all defendants that will without doubt arise during Plaintiff's Missouri State Court Action is – To what extent are defendant Merck and the four (4) Missouri resident defendants jointly and severally liable for decedent Laura Endicott's personal injuries and ultimately her death?

Because defendant Merck has failed to prove that the Missouri resident defendants were fraudulently joined to this action solely to defeat federal court jurisdiction, complete diversity does not exist. Therefore, defendant Merck's removal was improper, this Court does not have subject matter jurisdiction over this case, and thus the case must be remanded immediately to the Circuit Court of Jasper County, Missouri at Joplin.

### C. Not All Defendants Joined Unanimously In Defendant Merck's Improper Removal

"Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded." Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 754 n. 2 (8th Cir. 2001). The only exception to the rule of unanimity is for "nominal defendants, those 'against whom no real relief is sought . . .'" Dumas v. Patel, 317 F. Supp. 2d 1111, 1113 (W.D. Mo. 2004). Even the mere presence of a defendant for the purpose of apportioning fault is sufficient to qualify that defendant as being more than a nominal defendant against whom no real relief is sought. See id. at 1117.

None of the Missouri defendants joined in defendant Merck & Company, Inc.'s Notice of Removal. *See* Exhibit B, page 3, paragraphs 7 and 8. The removing defendants have provided no factual support, let alone evidence, that the Missouri defendant health care providers are "nominal" defendants against whom no real relief is sought by the plaintiff. Defendant Merck & Company, Inc.'s failure to have all defendants join in the removal is sufficient by itself to require remand.

### III. PLAINTIFF'S COUNSEL IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C.A. §1447(c) IN CONNECTION WITH DEFENDANT MERCK & COMPANY, INC.'S IMPROPER REMOVAL

Once a district court correctly determines that a defendant's removal of a state court action is improper, the district court has broad discretion to assess just costs and fees to the plaintiff. *See* 28 U.S.C.A. §1447(c). *See also* Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000); Ansley v. Ameriquest Mortgage Co., 340 F.3d 858, 864 (9th Cir. 2003); and Suder v. Blue Circle, Inc., 116 F.3d 1351, 1353 (10th Cir. 1997)(citing Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321-22 (10th Cir. 1997)).

The central inquiry in determining whether attorney's fees and costs ought to be awarded under 28 U.S.C.A. § 1447(c) is not whether the removal was done in "bad faith", or whether the defendants believed they had a "colorable" basis or even a "fairly supportable" basis for removal. Rather, the inquiry must focus on simply whether the removal was proper. *See* Lytle v. Lytle, 982 F.Supp. 671, 674-75 (E.D. Mo. 1997)(citing Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 322 (10th Cir. 1997)); and State ex rel. Nixon v. Nextel West Corp., 248 F.Supp.2d 885, 894 (E.D. Mo. 2003). *See also* Suder v. Blue Circle, Inc., 116 F.3d 1351, 1353 (10th Cir. 1997)(citing Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321-22 (10th Cir. 1997)).

In this case, defendant Merck & Company, Inc. failed to have unanimous consent from all defendants joining in the Notice of Removal. In this case, defendant Merck & Company, Inc. failed to provide even a scintilla of evidence, let alone clear and convincing evidence, that under Missouri law the four (4) non-diverse defendant health care providers were fraudulently joined. Missouri law on original tortfeasor liability has been the law of the State of Missouri for more than 80 years. *See, e.g.*, Parkell v. Fitzporter, 256 S.W. 239 (Mo. 1923); and Staehlin v. Hochdoerfer, 235 S.W. 1060 (Mo. 1921). Defense counsel either knew the law and filed the Notice of Removal in this case in bad faith in the hopes that plaintiff's counsel would let the statutory deadline for filing a Motion for Remand expire, or defense counsel failed to properly research the law and yet filed an improper, baseless Notice of Removal anyway. Either way, defendant Merck & Company, Inc.'s removal of this case was improper, lacking in both legal and factual foundation.

As such, the defendants should be ordered to pay plaintiff's counsels' reasonable attorneys' fees (in the form of hourly compensation for time spent) and litigation costs and expenses incurred in connection with defendant Merck & Company, Inc.'s improper removal.

## IV. CONCLUSION

Based on the above, the JPML should remand this matter to the Circuit Court of Jasper County, Missouri at Joplin.

WHEREFORE, plaintiff, by and through counsel, for the reasons more fully set forth above, move this Court for its Order remanding this action to the Circuit Court of Jasper County, Missouri at Joplin, and for its Order awarding plaintiff all reasonable attorneys' fees and costs and expenses incurred and expended as a result of defendant Merck & Company, Inc.'s improper

removal of this action, and for any other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        THE HERSHEWE LAW FIRM, P.C.

BY: _____
CHRISTOPHER A. WRIGHT   MO #47539
EDWARD J. HERSHEWE     MO #27641

431 VIRGINIA AVENUE
JOPLIN, MISSOURI 64801
(417) 782-3790
(417) 782-8482    FACSIMILE

AND

BARTIMUS, FRICKLETON, ROBERTSON
 & OBETZ, P.C.

JAMES P. FRICKLETON   MO #31178

11150 OVERBROOK DRIVE
LEAWOOD, KS 66211
(913) 266-2300
(913) 266-2366    FACSIMILE

AND

GOZA & HONNOLD

KIRK J. GOZA    MO #32475

1100 MAIN STREET
2630 CITY CENTER SQUARE
KANSAS CITY, MO 64105
(816) 512-2171
(816) 512-2172    FACSIMILE

ATTORNEYS FOR PLAINTIFF

I hereby certify that a copy
of the foregoing was sent via
Federal Express or U.S. Mail this
14th day of March, 2006 to:

Michael J. Beck, Clerk
Judicial Panel on Multi-District Litigation
One Columbus Circle, N.E.
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002-8000

Clerk of the U.S. District Court,
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

Honorable Eldon E. Fallon
U.S. District Court,
Eastern District of Louisiana
Room C-456
500 Poydras Street
New Orleans, Louisiana 70130

John C. Aisenbrey
George F. Verschelden
Stinson Morrison Hecker L.L.P.
1201 Walnut, Suite 2800
Kansas City, Missouri 64108
ATTORNEYS FOR DEFENDANT MERCK & COMPANY, INC.

Ron Mitchell
Blanchard, Robertson, Mitchell & Carter, P.C.
320 West 4th St.
Joplin, Missouri 64802
ATTORNEYS FOR DEFENDANT RAJENDRAKUMAR I. PATEL, M.D.

Stephen Strum
Stacey Sifton
Sandberg, Phoenix & von Gontard, P.C.
One City Centre
15th Floor
St. Louis, Missouri 63101-1880.
ATTORNEYS FOR DEFENDANTS NORTHPORT HEALTH SERVICES OF MISSOURI, L.L.C. d/b/a WEBB CITY HEALTH AND REHABILITATION CENTER, NHS MANAGEMENT, L.L.C., UNIDENTIFIED ADMINISTRATOR OF WEBB CITY HEALTH AND REHABILITATION CENTER, UNIDENTIFIED DIRECTOR OF NURSING OF WEBB CITY HEALTH AND REHABILITATION CENTER, JOHN BURCHFIELD, KEITH BENTON AND DEBBIE ELMORE

B. Matthew Struble
Thompson Coburn L.L.P.
One US Bank Plaza
St. Louis, Missouri 63101
ATTORNEYS FOR DEFENDANTS MEDCO HEALTH SOLUTIONS, INC., MEDCO HEALTH, L.L.C., AND MEDCO HEALTH SOLUTIONS OF LAS VEGAS, INC.

_____
Attorney for Plaintiff


I hereby further certify that a copy
of the foregoing was sent via
U.S. Mail this 14th day of
March, 2006 to:

All counsel included on the attached Panel Service List (Excerpted from CTO-30), attached hereto and incorporated by reference as if fully set forth herein

_____
Attorney for Plaintiff

18

## PANEL SERVICE LIST (EXCERPTED FROM CTO-30)
## DOCKET NO. 1657
## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

*Jimmie Collins v. Merck & Co., Inc., et al.*, W.D. Missouri, C.A. No. 3:05-5142 (Judge Dean Whipple)

James P. Frickleton
Bartimus, Frickleton, Robertson & Obetz, P.C.
11150 Overbrook Drive
Suite 200
Leawood, KS 66211

Kirk J. Goza
Shook, Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
26th Floor
Kansas City, MO 64105

Russ M. Herman
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113

Norman C. Kleinberg
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

Ronald E. Mitchell
Blanchard, Robertson, Mitchell & Carter, P.C.
320 W. Fourth Street
Joplin, MO 64836

Bryant M. Struble
Thompson & Coburn, LLP
One US Bank Plaza
Suite 2600
St. Louis, MO 63101

Stephen M. Strum
Sandberg, Phoenix & Von Gontard
One City Centre, 15th Floor
St. Louis, MO 63101-1880

George F. Verschelden
Stinson Morrison Hecker, LLP
1201 Walnut Street, Suite 2800
Kansas City, MO 64106-6251

Phillip A. Wittmann
Stone, Pigman, Walther & Wittmann, LLC
546 Carondelet Street
New Orleans, LA 70130-3588

Christopher A. Wright
Hershewe Law Firm
431 Virginia Avenue
Joplin, MO 64801

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED