

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 20 PH 3: 11

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | * MDL No. 1657 |
|      PRODUCTS LIABILITY LITIGATION | * |
| | * SECTION L |
| | * |
| | * JUDGE ELDON E. FALLON |
| | * |
| | * MAGISTRATE JUDGE |
| | * DANIEL E. KNOWLES, III |
| | * |
| | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Sharon Santistevan et al. v. Merck & Co., Inc.*, **Case No. 06-0192.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint for Damages ("Complaint") as follows:

## RESPONSE TO COMPLAINT

1.     Denies each and every allegation contained in the first paragraph 1 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Colorado and may be served as allowed by applicable state and/or federal law, which for individual actions in *In Re: Vioxx Products Liability Litigation*, MDL No. 1657, includes the procedures outlined in Pretrial Order No. 15 issued by Judge Fallon on May 31, 2005.

____ Fee_____
____ Process_____
__X__ Dktd_____
____ CtRmDep_____
____ Doc. No._____

## RESPONSE TO
## "I.  JURISDICTION AND VENUE"

2.       The allegations contained in the second paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.  Merck further admits that the Orders referenced in the second paragraph 1 of the Complaint exist and respectfully refers the Court to those Orders for their actual language and full effect.

## RESPONSE TO
## "II.  STATEMENT OF FACTS"

3.       Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the U.S. Food & Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

4.       Denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.       The allegations contained in the first and second sentences of paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a

response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third sentence of paragraph 4 of the Complaint, except admits that Plaintiff Sharon Santistevan purports to bring a loss of consortium claim but denies that there is any legal or factual basis for such relief.

   6. Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

   7. The allegations contained in the first and second sentences of paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third sentence of paragraph 6 of the Complaint, except admits that Plaintiff Laura Campbell purports to bring a loss of consortium claim but denies that there is any legal or factual basis for such relief.

   8. Denies each and every allegation contained in paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

   9. The allegations contained in the first and second sentences of paragraph 8 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first and

second sentences of paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.   Merck denies each and every allegation contained in the third sentence of paragraph 8 of the Complaint, except admits that Plaintiff Richard Warthern purports to bring a claim for loss of society and companionship but denies that there is any legal or factual basis for such relief.

10.    Denies each and every allegation contained in paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

11.    The allegations contained in the first and second sentences of paragraph 10 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.   Merck denies each and every allegation contained in the third sentence of paragraph 10 of the Complaint, except admits that Plaintiff Ernest Smith purports to bring a claim for loss of consortium claim but denies that there is any legal or factual basis for such relief.

12.    Denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. The allegations contained in the second sentence of paragraph 11 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.   Merck denies each and every allegation contained in the

third sentence of paragraph 11 of the Complaint, except admits that Plaintiff Jonathan Madlock purports to bring a claim for loss of society and companionship but denies that there is any legal or factual basis for such relief.

13.      Denies each and every allegation contained in the first and second sentences of paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third sentence of paragraph 12 of the Complaint.

14.      Denies each and every allegation contained in the first sentence of paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 13 of the Complaint.

15.      Denies each and every allegation contained in the first sentence of paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 14 of the Complaint.

16.      Denies each and every allegation contained in the first sentence of paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 15 of the Complaint.

17.      Denies each and every allegation contained in the first sentence of paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 16 of the Complaint.

18.     Admits the allegation contained in paragraph 17 of the Complaint that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

19.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

20.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx and respectfully refers the Court to said NDA for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

22.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

23.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information

contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 23 of the Complaint.

25.     Denies each and every allegation contained in paragraph 24 of the Complaint, and avers that in March 2000 Merck forwarded to the FDA the VIGOR study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 25 of the Complaint.

27.     Denies each and every allegation contained in paragraph 26 of the Complaint.

28.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

29.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits the existence of the article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits the existence of the article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

32.     Denies each and every allegation contained in paragraph 31 of the Complaint.

33.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that there have been studies concerning Vioxx and respectfully refers to the Court to those studies for their actual language and full text.

34.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that there have been studies concerning Vioxx and respectfully refers to the Court to those studies for their actual language and full text.

35.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

36.     Denies each and every allegation contained in paragraph 35 of the Complaint.

37.     The allegations contained in the first paragraph 36 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

38.     Denies each and every allegation contained in the first paragraph 37 of the Complaint, including its subparts (a) through (p), except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

39.     Denies each and every allegation contained in the first paragraph 38 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

40.     Denies each and every allegation contained in the first paragraph 39 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

## RESPONSE TO
## "III. CLAIMS FOR RELIEF"

### RESPONSE TO "COUNT I –
### (NEGLIGENCE)"

41.     With respect to the allegations contained in the second paragraph 36 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 40 of this Answer with the same force and effect as though set forth here in full.

42.     Denies each and every allegation contained in the second paragraph 37 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

43.     Denies each and every allegation contained in the second paragraph 38 of the Complaint, and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

44.     Denies each and every allegation contained in the second paragraph 39 of the Complaint.

45.     The allegations contained in the first sentence of paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.  Merck denies each and every allegation contained in the second sentence of paragraph 40 of the Complaint.

46.    Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

47.    Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

48.    Denies each and every allegation contained in paragraph 43 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

49.    Denies each and every allegation contained in paragraph 44 of the Complaint.

### RESPONSE TO "COUNT II – STRICT PRODUCT LIABILITY (FAILURE TO WARN)"

50.    With respect to the allegations contained in paragraph 45 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 49 of this Answer with the same force and effect as though set forth here in full.

51.    The allegations contained in the first sentence of paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide

market on September 30, 2004. Merck denies each and every allegation contained in the second sentence of paragraph 46 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck denies each and every allegation contained in the third sentence of paragraph 46 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

52.    Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

53.    Denies each and every allegation contained in paragraph 48 of the Complaint.

54.    Denies each and every allegation contained in paragraph 49 of the Complaint, including its subparts (a) and (b), and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

55.    The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 50 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

56.     Denies each and every allegation contained in paragraph 51 of the Complaint.

## RESPONSE TO "COUNT III –
## STRICT PRODUCT LIABILITY (DESIGN)"

57.     With respect to the allegations contained in paragraph 52 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 56 of this Answer with the same force and effect as though set forth here in full.

58.     The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 53 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

59.     Denies each and every allegation contained in the first paragraph 54 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

60.     Denies each and every allegation contained in the second paragraph 54 of the Complaint.

61.     Denies each and every allegation contained in paragraph 55 of the Complaint.

62.     Denies each and every allegation contained in paragraph 56 of the Complaint.

## RESPONSE TO
## "VIII.  PRAYER FOR RELIEF"

63.     The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer for Relief" constitute a prayer for relief as to which no response is required.   Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY TRIAL DEMAND"

64.     The allegations contained in the unnumbered paragraph under the heading "Jury Trial Demand" are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

65.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

66.     The Plaintiffs and/or Decedents were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedents.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

67.     To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

68.     To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

69.     The Plaintiffs and/or Decedents failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
### DEFENSE, MERCK ALLEGES:

70.     Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

71.     To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

72.     The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

73.    The claims of the Plaintiffs are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

74.    The claims of the Plaintiffs are barred under Section 4, et seq., of the

Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH**
**DEFENSE, MERCK ALLEGES:**

75.    The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

**AS FOR A TWELFTH**
**DEFENSE, MERCK ALLEGES:**

76.    The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

**AS FOR A THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

77.    The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

78.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged

in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents

knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the

consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

79.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

80.     To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

81.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedents or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

82.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs and/or Decedents or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

83.    The claims of Plaintiffs are barred in whole or in part by the First
Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

84.    To the extent that Plaintiffs rely upon any theory of breach of warranty,
Plaintiffs and/or Decedents did not rely on such warranties and the claims are otherwise barred
for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

85.    Each and every claim asserted or raised in the Complaint is barred by the
doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

86.    Inasmuch as the Complaint does not describe the alleged underlying
claims with sufficient particularity to enable Merck to determine all of its legal contractual and
equitable rights.   Merck reserves the right to amend and/or supplement the averments of its
answer to assert any and all pertinent liability defenses ascertained through further investigation
and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

87.    To the extent that Plaintiffs seek punitive damages for the conduct that
allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate
Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

88.     To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

89.     The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

90.     To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

91.     The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

92.     To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

93.     Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

94.     Pursuant to Pre-Trial Order No. 11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

95.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

96.     Plaintiffs' claims may be barred, in whole or in part, by the doctrine of comparative fault.  If other persons or entities were negligent, legally responsible, or otherwise at fault for the damages alleged in the Complaint, this percentage of fault must be reduced against any assessed against Merck pursuant to C.R.S. § 13-21-111, § 13-21-111.5 and § 13-21-406 or other applicable law.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

97.     Merck is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of Colorado, or any other law found applicable in this action.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

98.     Merck incorporates all of the defenses set forth under the Colorado Consumer Protection Act, Colorado Revised Statutes § 6-1-101, et seq.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

99.     The injuries or damages allegedly sustained by Plaintiffs and/or Decedents can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any. If any liability is found against Merck, then said liability will constitute 50 percent or less of the total liability assigned to all persons liable, and as such, the liability of Merck for non-economic loss shall be limited, and shall not exceed Merck's equitable share.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

100.    Any verdict or judgment rendered against Merck is subject to the requirements of C.R.S. § 13-21-111.6 and must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

101.   Plaintiffs' damages are limited by the provisions of C.R.S. § 13-21-102.5.

### AS FOR A THIRTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

102.   Plaintiffs' claims are barred, in whole or in part, by the Colorado Product

Liability Act, § 13-21-401, et seq., including the presumptions contained in C.R.S. § 13-21-403.

### AS FOR A THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

103.   To the extent any part of Plaintiffs' Complaint may be construed as

alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such

damages are limited or barred, in whole or in part, by the provisions of C.R.S. § 13-21-102.

### AS FOR A FORTIETH
### DEFENSE, MERCK ALLEGES:

104.   Plaintiffs' claims are barred or limited, in whole or in part, by the

provisions of C.R.S. § 13-21-203.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.   That its Answer be deemed sufficient and that after due proceedings there

be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed

to Plaintiffs;

2.   Awarding Merck the cost and disbursements it incurred or may incur in

connection with this action, including attorney's fees; and

3.   Providing for such other and further relief, including demand for jury trial,

as the Court may deem just and proper.

Dated: March 20 , 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 20th day of March, 2006.