FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 MAR 21  PM 4: 44
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO. 12 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No.12.

I.   LEXIS/NEXIS FILE & SERVE

At the last status conference, PLC and DLC reported on the status of docketing cases and uploading those cases to Lexis/Nexis File & Serve. Cases recently transferred to the Eastern District of Louisiana continue to experience a brief delay between the docketing of the Final Transfer Order on which the cases appear and the receipt of the records from the original transferor courts. Until such time as the record of a case is actually received by the Clerk of Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File



& Serve. Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case. Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve. Notice should include the case name and Eastern District of Louisiana case number. PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

As discussed at the last monthly status conference, a number of plaintiffs' counsel have informed Hughes Hubbard & Reed LLP by letter or by filing formal motions with the Court that they have withdrawn as counsel. Despite these letters and motions, those counsel have not notified Lexis Nexis File & Serve of this change in party/counsel status. In order to facilitate case management and case organization, PLC and DLC have agreed on a suggested modification to Pre-Trial Order No. 8. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

## II.   STATE COURT TRIAL SETTINGS

On January 24, 2006, trial commenced in the *Garza* case in Texas District Court, Starr County. Trial is scheduled for 4 days each month. On February 27, 2006, trial commenced in the *Cona/McDarby* cases being tried together in New Jersey Superior Court, Atlantic County. The New Jersey Superior Court, Atlantic County has scheduled the *Doherty* and *Klug* cases to be tried together on June 5, 2006 and has informed the parties that the *Hatch* and *McFarland* cases are set to be tried together on September 11, 2006. Merck advises that it will move to sever the cases and have trials of only one plaintiff at a time. Judge Cheney in the California Coordinated

Proceeding has set June 21, 2006 for the trial of one or more plaintiffs' claims. The *Kozic* case is set for trial in Florida District Court, Hillsborough County, during the Court's July 31 to August 25, 2006 trial docket. The *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006. The *Crook* case is set for trial in Alabama Circuit Court, Jefferson County, on October 26, 2006. The *Miller* case is set for trial in Texas District Court, Harris County, on November 8, 2006. Finally, the *Slatton* case is set for trial in Alabama Circuit Court, Jefferson County, on December 11, 2006.

III.  SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

Retrial of the *Irvin/Plunkett* case commenced on February 6, 2006. On February 17, 2006, the jury returned a unanimous verdict in favor of Merck. Thereafter, the Court entered Judgment reflecting the jury's verdict. Plaintiff has filed a motion for new trial. Merck's opposition to that motion is due on April 24, 2006.

In accordance with the Court's Minute Entry dated November 23, 2005, the DSC selected the *Diaz* case to be tried as the second MDL trial. *Diaz* is scheduled for trial commencing June 12, 2006. However, plaintiff's counsel has filed a motion to continue the trial which is under advisement by the Court.

Pursuant to the Court's Minute Entry of February 3, 2006, the PSC and DSC each submitted a list of four cases (instead of five cases as provided in the Minute Entry by agreement of the parties and the Court) from the group of cases filed in federal district courts in Louisiana. On March 21, the PSC and DSC each exercised two strikes from the lists provided by the other side. The parties continue to meet and confer and have had several additional ongoing conferences with the Court to address trial selection issues. The Court has set aside July 24, 2006, September 11, 2006 and October 30, 2006 for trial settings. The PSC has proposed trying

six cases, one plaintiff selection and one defense selection in tandem on each of the above trial commencement dates. Defendants have rejected the proposal to try multiple plaintiffs in one trial and request that the Court set trial dates for each of the four cases remaining in the pool as contemplated by the February 3, 2006 Order. PSC requests that the Court consider its proposal. The parties will be prepared to discuss this issue further at the monthly status conference on March 23, 2006.

## IV.  CLASS ACTIONS

On February 2, 2006, the Court heard oral argument on Merck's Rule 12 motions to dismiss the Medical Monitoring Class Action Complaint and the Purchase Claims Complaint and PSC's Motion for Suggestion of Remand of Class Proceeding and Motion for Class Certification of the Proposed Nationwide Personal Injury and Wrongful Death Class action. The parties await rulings by the Court.

## V.  DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

On November 4, 2005, Merck produced to the Court and PSC a revised Privilege Log. Thereafter, pursuant to the Court's order, Merck produced to the Court for *in camera* inspection all documents identified on its privilege log. In response to the Court's request that Merck separate its privileged documents into categories, the parties conferred on developing categories, and Merck submitted a privilege log separating the documents identified in the privilege log into the agreed categories. The parties await rulings by the Court.

## VI. DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves. On November 8, 2005, FDA requested reimbursement for the cost of copying and bates numbering the congressional document wave of production. PLC and counsel for the FDA have conferred and will advise the Court at the monthly status conference on March 23, 2006 whether the issue is resolved.

On December 23, 2005, FDA produced a privilege log for certain documents. The PSC has filed a motion contesting the assertion of the privilege with respect to certain documents. The PSC has granted the FDA until March 27, 2006 to file responsive pleadings to the motion to compel. Furthermore, the FDA has agreed to provide to the PSC, on a rolling basis, prior to March 27, 2006, documents for which it will waive the deliberative process privilege. As to any documents that remain in dispute, the FDA has agreed that at the time its response is submitted on March 27, 2006 the FDA will also submit the documents to the Court for *in camera* review. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

The FDA Motion to Quash the Deposition of Dr. Graham, filed in response to the PSC's notice of deposition and subpoena to Dr. Graham, was denied by the Court on March 13, 2006. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

## VII. DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents. The PSC submitted a letter to the Court on March 16, 2006 seeking intervention by the Court on whether Merck should have the right to

review documents in the possession of Ogilvy, DDB and Millward Brown to determine whether any of the documents are privileged prior to the third party making production to the PSC. DSC advises that it will submit its response to the PSC's letter on Wednesday, March 22, 2006.

The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

## VIII. MONTHLY PRODUCTIONS PURSUANT TO PRE-TRIAL ORDER NO. 17

Merck has advised the PSC that it anticipates making monthly productions of deposition testimony of Merck employees and experts and written discovery objections and responses in litigation within the subject matter of these proceedings, commencing with an initial production in middle to late March and continuing on a monthly basis thereafter. Productions of deposition testimony will include full-text searchable copies of transcripts as well as exhibits and errata sheets, if available. PLC and DLC will continue to address PSC's Motion to Clarify Pre-Trial Order No. 17 Regarding Assembly of Prior Discovery that was filed with the Court on January 19, 2006. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

## IX. DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL. These matters, as well as any other deposition scheduling issues, will be addressed with the Court at the monthly status conference on March 23, 2006. Further, if and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

802455v.1

X.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On September 14, 2005, the Court entered Pre-Trial Order 18B which governs the timing for production of Plaintiff Profile Forms, Authorizations, and Merck Profile Forms on a staggered basis. The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov and supersedes Pre-Trial Orders 18 and 18A.

Merck continues to receive PPF responses from plaintiffs in the form of initial submissions as well as amended and supplemental PPFs submitted either voluntarily by counsel or in response to receipt of a deficiency letter. Plaintiffs' counsel are reminded that all such filings, initial and supplemental, are to be uploaded via Lexis-Nexis File & Serve. At previous conferences, Merck has advised the Court and the PSC that substantial numbers of PPFs are deficient. Merck has notified plaintiffs' counsel of the deficiencies but, despite the notice, Merck contends that numerous plaintiffs have failed to cure the deficiencies. The PSC disagrees that many of the PPFs contain deficiencies. Merck moved to dismiss a number of complaints of those plaintiffs who Merck alleges have failed to cure deficiencies after due notice. Merck's motions to dismiss have been briefed and are scheduled for hearing on March 23, 2006. The PSC opposes any request to dismiss cases.

Several plaintiffs have advised that they either have not timely received Merck Profile forms or that the MPFs are deficient. Counsel for the plaintiff or PSC will continue to advise Merck of any such alleged deficiencies. Merck advises that it has responded to any allegedly tardy or deficient MPF within the twenty (20) day cure period.

802455v.1

Merck has requested a modification to the Merck Profile Form. Representatives of the DSC and PSC continue to discuss issues relating to the actual terms of the modified Merck Profile Form itself. Additionally, on January 31, 2006, DLC provided to PLC a requested change in the authorizations to authorize Litigation Management, Inc. to collect records on behalf of Merck. PLC is considering Merck's request and will be responding to the DLC. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

## XI.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

## XII.   *PRO SE* CLAIMANTS

The Court has issued additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals. PLC has continued to communicate with the various *pro se* claimants and advised them of attorneys in their respective states and other pertinent information regarding the MDL. DLC has discussed with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served. PLC will be prepared to discuss this further at the monthly status conference on March 23, 2006.

## XIII.   (NEW) MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints. Subsequently, foreign plaintiffs represented by Kenneth Moll filed a motion to

strike Merck's motion. DSC will respond to this motion by March 21, 2006. Additionally, in accordance with the Court's order, the parties will confer and submit to the Court by March 21, 2006, a proposed briefing schedule regarding Merck's *forum non conveniens* motion. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

### XIV.  (NEW) VICTOR DATA

Merck has advised the PSC that it expects the final Victor Data to be delivered to Merck in March 2006. Merck has not received the final Victor Data from Oxford University and Merck is uncertain when Oxford will provide the final Victor Data to Merck. Merck has produced to the PSC the Victor Data in its possession. The last production of Victor data to the PSC occurred on January 11, 2006. The PSC has requested data from this study and DSC has agreed to produce the data upon receipt by Merck. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

### XV.  (NEW) MOTION TO DISMISS PURSUANT TO RULE 54(B) OR ALTERNATIVE MOTION TO REMAND

Doctor defendants in the *Juannell Y. McBrayer Wilkes, et al.* case (CV-005-2532, Circuit Court of Jefferson County Alabama) have filed a renewed motion to dismiss. This matter is not set for hearing and the parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

### XVI.  (NEW) GENERIC TRIAL PERFORMANCE AND RULE 702 AND DAUBERT IN LIMINE ISSUES

In accordance with the Court's suggestion, the PSC and DSC will discuss trial performance guidelines, exhibit admissibility and deposition cuts, as well as the possibility of seeking early hearings on *Daubert* and Rule 702 issues. PSC has advised DSC that it plans to

bringi such comprehensive motions to obtain generic rulings well in advance of trials. The parties will be prepared to discuss this further at the monthly status conference on March 23, 2006.

## XVII. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the status conference in April on a date to be selected by the Court.

Respectfully submitted,

_____
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

_____
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
***Stone Pigman Walther Wittmann L.L.C.***
546 Carondelet Street
New Orleans, LA 70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361

**Defendants' Liaison Counsel**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 12 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by uploading the same to Lexis/Nexis File & Serve Advanced in accordance with Pre-trial Order No. 8, on this 21st day of March, 2006.

_Dorothy H. Wimberly_

802455v.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MONTHLY STATUS CONFERENCE**
**MARCH 23, 2006**
**SUGGESTED AGENDA**

I. Lexis/Nexis File & Serve

II. State Court Trial Settings

III. Selection of Cases for Early Federal Court Trial

IV. Class Actions

V. Discovery Directed to Merck

VI. Discovery Directed to the FDA

VII. Discovery Directed to Third Parties

VIII. Monthly Productions Pursuant to Pre-Trial Order No. 17

IX. Deposition Scheduling

X. Plaintiff Profile Form and Merck Profile Form

XI. State/Federal Coordination -- State Liaison Committee

XII. *Pro Se* Claimants

797698v.2

- 2 -

XIII. Motion to Dismiss Foreign Class Action Complaints on Forum Non Conveniens Grounds

XIV. Victor Data

XV. Motion to Dismiss Pursuant to Rule 54(B) or Alternative Motion to Remand

XVI. New Generic Trial Performance and Rule 702 and *Daubert* In Limine Issues

XVII. Next Status Conference

797698v.2