

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | JUDGE FALLON |
| *This Document Related To: All Foreign Class Action Complaints (MDL Nos. 05-3383, 05-4185, 05-2914, 05-5083, 05-5331, 05-2933, 05-5603)* | * | MAG. JUDGE KNOWLES |

# DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS THE FOREIGN CLASS ACTIONS, OR IN THE ALTERNATIVE, STRIKE THE FOREIGN CLASS ALLEGATIONS

In an effort to continue deferring the day of reckoning on Merck's motion to dismiss the foreign class actions (filed more than two months ago), plaintiffs in these cases have moved to strike the motion as "premature" or, alternatively, for an order providing plaintiffs with four months of discovery prior to filing their opposition brief. As set forth below, plaintiffs' motion misapprehends the purpose of this MDL proceeding and the Supreme Court's *Lexecon* decision and would drag out discovery on a motion that can easily be resolved on the pleadings. The Court should deny plaintiffs' motion and set a briefing schedule on Merck's motion.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____
802399v.1

## ARGUMENT

### I. PLAINTIFFS' MOTION IS PRECISELY THE TYPE OF PRETRIAL MOTION THAT SHOULD BE RESOLVED IN AN MDL PROCEEDING.

Plaintiffs' suggestion that the Court should hold the motion to dismiss in abeyance so that it can be decided after remand by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") is directly contrary to the very purpose of this MDL proceeding – to coordinate pretrial proceedings, including the consideration of pretrial motions, so that both the litigants and the judicial system are spared the waste, expense and inconsistency of duplicative proceedings. *See In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978) (coordination of overlapping cases furthers judicial economy and eliminates the potential for conflicting pre-trial rulings); *In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004) (centralization is necessary to "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary"); *In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1367 (J.P.M.L. 2003) (same).

Moreover, plaintiffs' reliance on the Supreme Court's ruling in *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) (*see, e.g.*, Pls.' Mem. at 2, 4-5) is obviously without merit. Plaintiffs have no basis for suggesting that the Supreme Court's ruling in *Lexecon*, interpreting section 1407 to bar self-transfer for trial, somehow changed the well-established rules authorizing MDL courts to conduct full ***pretrial proceedings***, including the resolution of any dispositive pretrial motions. Indeed, no court has so held in the years since the *Lexecon* ruling. Nor is there anything about a *forum non conveniens* ("FNC") motion that makes it any different from other motions to dismiss or summary judgment motions which are routinely decided by MDL courts. To the contrary, FNC motions are generally resolved early in the

litigation since the very point of such motions is that the litigation should be proceeding elsewhere. *See* 15 Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 3828, at 291 (2d ed. 1986) ("If the litigation has progressed significantly in the federal court a defendant's belated assertion that that forum is not a convenient one is likely to be dimly viewed by the court.").[1]

For the same reason, plaintiffs' suggestion that the subject cases should be remanded by this Court for the purpose of resolving this pretrial issue makes no sense. The law is well-settled that remand is inappropriate when continued coordination will "'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" *In re Nat'l Century Fin. Enters., Inc., Fin. Inv. Litig.*, Case No. 2:03-md-1565, 2004 U.S. Dist. LEXIS 10605, at *7 (S.D. Ohio Mar. 25, 2004) (quoting *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)). *See also In re Gypsum Wallboard*, 340 F. Supp. 990, 992 (J.P.M.L. 1972) (noting that "the most efficacious course to follow is to allow [the MDL judge] to rule on the summary judgment motion"). Plaintiffs' remand proposal would do just that: waste judicial resources and increase the likelihood of inconsistent rulings.

---

[1] *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 887 F. Supp. 1469 (N.D. Ala. 1995), on which plaintiffs rely (*see* Pls.' Mem. at 4 n.3), actually supports Merck's position because that MDL court considered and ruled on the motions to dismiss. Likewise, *Kurzke v. Nissan Motor Corp.*, 752 A.2d 708 (N.J. 2000) (*see* Pls.' Mem. at 4 n.3), also supports Merck's position. In *Kurzke*, the court – applying New Jersey law – held that a case should not be dismissed on *forum non conveniens* grounds *for difficulty in obtaining discovery* unless the defendants demonstrate that they have "made a good faith effort to obtain discovery" and can show that discovery was inadequate. *Kurzke*, 752 A.2d at 712; *see id.* (noting that *forum non conveniens* decision turned on anticipated "difficulty of obtaining discovery"). Initially, it is unclear that courts outside New Jersey would have reached this conclusion, since, as noted in the text, courts generally hold that defendants should bring *forum non conveniens* motions early in a case to prevent unnecessary litigation in an inconvenient forum. But even if *Kurzke* applied in these cases, its **broad** holding was that "[a] defendant must assert a motion to dismiss for *forum non conveniens* within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant." *Kurzke*, 752 A.2d at 713. Thus, under *Kurzke*, where – as here – the facts which serve as the basis for a *forum non conveniens* motion are **known** prior to discovery, the motion is timely, and should proceed. *See infra* Section II.

In short, plaintiffs' proposal that the Court simply sit on Merck's motions is no more than a request that the Court ignore its mandate from the MDL Panel to conduct pretrial proceedings in the Vioxx cases and should be summarily rejected.

## II. NO DISCOVERY IS NECESSARY TO DECIDE MERCK'S MOTION TO DISMISS THE FOREIGN CLASS ACTIONS.

In the alternative, the foreign plaintiffs ask this Court either (a) to strike Merck's motion because they have not had an "opportunity to conduct any forum non conveniens discovery" in their cases (Pl. Br. at 5-6), or (b) to set a briefing schedule that would permit plaintiffs to conduct four months of discovery (*id.* at 9-10). Notably, plaintiffs *nowhere* identify any specific factual issues on which they allegedly need discovery, let alone explain why these issues are necessary to the resolution of Merck's motion. Instead, they simply make the vague assertion that they should be allowed to conduct discovery "relevant" to *forum non conveniens*. (*Id.* at 9.) Because no discovery is necessary to resolve Merck's motion, this alternative request should be denied too.

It is well settled that a court considering a *forum non conveniens* motion need only have "enough information . . . to balance the parties' interests." *Piper Aircraft v. Reyno*, 454 U.S. 235, 258 (1981). Such information is often available simply from the information and affidavits submitted with the parties' motion papers. *See Piper Aircraft*, 454 U.S. at 258-59; *see also, e.g., Seagal v. Vorderwuhlbecke*, No. 04-55475, 2006 WL 64119, at *1 (9th Cir. Jan. 12, 2006); *Marra v. Papandreou*, 33 F. Supp. 2d 17, 19 (D.D.C. 1999). In such situations, courts routinely grant *forum non conveniens* dismissals without conducting discovery. *See, e.g., Seagal*, 2006 WL 64119, at *1; *Marra*, 33 F. Supp. 2d at 19.[2]

---

[2] In their brief, plaintiffs cite cases in which courts ordered or contemplated the possibility of discovery prior to ruling on a *forum non conveniens* motion. *See, e.g., Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988); *Alfadda v. Fenn*, Nos. 89 Civ. 6217 (LMM), 90 Civ. 4470 (LMM), 1994 WL 714254, at *1

4

That is the appropriate procedure here. Discovery would add nothing but expense and delay to this motion, because the factual basis for Merck's motion is not in dispute. There is no question that the foreign plaintiffs were prescribed Vioxx in their home countries by doctors practicing in those jurisdictions, that they purchased Vioxx in those countries and ingested it there, or that they sustained and were treated for their alleged injuries there. There is likewise no dispute that the Vioxx the foreign plaintiffs ingested was subjected to extensive, independent regulatory approval processes by the relevant government agencies in each of the foreign plaintiffs' home countries, or that it was marketed and sold in those countries according to those countries' own regulations, with packaging and label information dictated by those countries' laws, and written in those countries' native languages. Nor is there any dispute that these foreign regulatory regimes are wholly distinct from the one in the United States, or that the foreign marketing regulations and labeling requirements are different from those in force in the U.S.

As Merck explained in its FNC brief, under these facts, the public and private interest factors relevant to a *forum non conveniens* analysis overwhelmingly favor dismissal in favor of the plaintiffs' home countries. (*See* Mem. in Supp. of Def. Merck & Co., Inc.'s Mot. to Dismiss the Foreign Class Actions or, in the Alternative, Strike the Foreign Class Allegations ("Merck FNC Br.") at 4-25.) No further facts are necessary to decide Merck's motion. For example:

---

(S.D.N.Y. Dec. 22, 1994). But these cases involved or considered situations where *forum non conveniens* motions turned on *disputed* factual issues – not circumstances where, as here, such motions relied on undisputed facts. *See, e.g., Alfadda*, 1994 WL 714254, at *1 (discovery appropriate "[i]n the circumstances of the present case," where plaintiffs had shown that resolution of a forum non conveniens motion "may depend on the results of discovery not yet made"). Indeed, these cases actually *support* Merck's position, as they acknowledge that discovery is only appropriate where it is necessary to the adjudication of a *forum non conveniens* motion. *See, e.g., Van Cauwenberghe*, 486 U.S. at 529 ("the district court's inquiry [into the *forum non conveniens* factors] does not necessarily require extensive investigation, and may be resolved on affidavits presented by the parties").

5

- The adequacy of the foreign plaintiffs' home forums turns on whether those forums offer causes of action that permit litigation of the subject matter of plaintiffs' claims. (*See* Merck FNC Br. at 9-11.) This is a legal question that can be (and is) answered based on affidavits of foreign law submitted by the parties.

- The analysis of the public interest factors in this case will focus on the foreign countries' interest in seeing that their own residents receive appropriate compensation for injuries suffered within their borders, and on their sovereign governmental interest in adjudicating cases that implicate their own regulatory judgments about the sale and marketing of pharmaceuticals within their territories. (*See* Merck FNC Br. at 11-17.) As noted above, the facts underlying these interests – the fact that Vioxx was independently regulated in plaintiffs' home countries and the fact that plaintiffs' alleged injuries were suffered abroad – are not in dispute. Choice-of-law issues and the application of foreign law to plaintiffs' claims will also be important to the public interest analysis in these cases. (*See* Merck Br. at 17-21.) But here, the relevant choice-of-law analysis will generally turn on the place of injury (*see* Merck FNC Br. at 17 n.8) – again an undisputed fact.

- Analysis of the private interest factors will turn on the location of documents and witnesses relevant to plaintiffs' claims. (*See* Merck FNC Br. at 22-25.) Given the fact that plaintiffs were allegedly injured and treated abroad, the location of these documents and witnesses is not seriously in dispute, and the availability of compulsory processes for obtaining these documents and witnesses is a legal issue.

- Finally, Merck's alternative argument – that this Court should strike or dismiss the class allegations because plaintiffs' home countries would not afford preclusive effect to a U.S.

class action judgment – is a purely legal argument that does not turn on facts in any respect. (*See* Merck FNC Br. at 25-30.)

In short, to the extent that Merck's motion relies on facts, those facts are not in dispute. Accordingly, there is no need for plaintiffs to engage in discovery prior to responding to Merck's motion, and the Court should order plaintiffs to proceed with briefing on the schedule proposed by the parties to the Court.

## CONCLUSION

For all the foregoing reasons, the Court should deny plaintiffs' motion.

Respectfully submitted,

/s/ Dorothy H. Wimberly

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

802399v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Merck & Co., Inc.'s Opposition to Plaintiffs' Motion to Strike Defendant's Motion to Dismiss the Foreign Class Actions or, in the Alternative, Strike the Foreign Class Allegations has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 21st day of March, 2006.

*Dorothy H. Wimberly*

802399v.1