UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO**
*Clarence Abrams, et al. v. Merck & Co. et al.*, 05-4434

### PLAINTIFF'S MOTION TO DISMISS

**NOW INTO COURT**, through undersigned counsel, come those plaintiffs listed in Exhibit A (attached), moving for dismissal of all claims against all defendants without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2) and for reasons established in plaintiff's supporting memorandum (attached). Notice has been provided to plaintiffs.

**WHEREFORE,** plaintiffs move for an order of this court dismissing, without prejudice, all claims against all defendants in this case.

Respectfully submitted,

**ROFECOXIB LITIGATION GROUP, LLC**

_____
Stuart H. Smith (LSBA No. 17805)
Michael G. Stag (LSBA No. 23314)
Lloyd S. Jolibois, Jr. (LSBA No. 28629)
**SMITH STAG, L.L.C.**
One Canal Place
365 Canal Street, Suite 2850
New Orleans, LA 70130
(504) 593-9600 Telephone
(504) 593-9601 Facsimile

                      Gladstone Jones (LSBA No. 22221)
                      Eberhard Garrison (LSBA No. 22058)
                      Lynn Swanson (LSBA No. 22650)
                      **Jones, Verras & Freiberg, L.L.C.**
                      Pan American Life Cntr., Ste. 2655
                      601 Poydras Street
                      New Orleans, LA 70130
                      (504) 523-2300 Telephone
                      (504) 523-2508 Facsimile

                      **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 21st day of March, 2006, served a copy of the foregoing pleading on counsel for all parties to these proceedings by hand delivery, facsimile, or by depositing same in the United States mail, properly addressed, and first-class postage prepaid.

                                              _/s/ Lloyd S. Jolibois, Jr._
                                              Lloyd S. Jolibois, Jr.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO
*Clarence Abrams, et al. v. Merck & Co. et al.*, 05-4434

### 7.6E CERTIFICATE

Undersigned counsel certifies that defense counsel was contacted notifying them of Plaintiff's intention to file this Motion to Dismiss. Bryan C. Reuter, counsel for Merck & Company, Inc., does not consent to the motion as it is drafted; and Catherine M. Williams, counsel for Allen Dickson, Inc., has no objection.

This 21st day of March, 2006

*[signature]*
Lloyd S. Jolibois, Jr.

EXHIBIT "A"

CRYSTAL ALBERT, individually and on behalf of DAVID ALBERT (Deceased),
DEBRA ANDERSON,
RITA BOMAN,
ELOUISE CLINE,
THOMAS GRANT,
LORENA SINGLETON,
ALVIN T. TURNER, SR.,
ELLA WARE,

Plaintiffs



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO
*Clarence Abrams, et al. v. Merck & Co. et al.*, 05-4434

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS

**MAY IT PLEASE THE COURT:** Plaintiffs, CLARENCE ABRAMS, et al., through undersigned counsel, move this Court for an order granting their motion to dismiss without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(2).

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 41(a)(2) governs opposed motions to dismiss without prejudice. *Hardy v. Omega Protein Inc.*, No. Civ. A 99-2255, 2000 WL-554186, at *2 (E.D.La. May 4, 2000). Rule 41(a)(2) provides, in pertinent part, that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." *See id.*, (citing Fed. R. Civ. P. 41(a)(2)). Absent a showing that the defendant will suffer clear legal prejudice, courts generally grant motions to dismiss without prejudice. *See id.* (citing *Phillips v. Ill. C. Gulf R.R.*, 874 F.2d 984, 986 (5th Cir. 1989).

Courts must examine the stage in the litigation at which the motion is made to assess prejudice. *See id.* (citing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Serv., Inc.*, 903 F.2d

352, 360 (5th Cir. 1990); 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §§ 2364 (1971 & Supp. 1990). In *Hardy*, the court examines reasons that warrant denial of a plaintiff's motion to dismiss without prejudice. Courts have denied 41(a)(2) motions when parties have filed numerous pleadings and memoranda, attended conferences, and after [the] magistrate . . . issued comprehensive recommendations adverse to plaintiffs. *Id.* at *2 (citing *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991). Denial is also appropriate when plaintiff moves for dismissal after the case has been removed to federal court, several hearings have been held, defendants have been dismissed on summary judgment, <u>and</u> parties have undertaken substantial discovery. *See id.* (citing *Hartford Acccident*, 903 F.2d at 360) (emphasis added). Nonetheless, case law is clear: "the threat of a second suit does not rise to the level of cognizable legal harm for the purposes of a 41(a)(2) motion." *Id.*

In this case, several plaintiffs, listed in exhibit A to plaintiffs' motion, move to dismiss their lawsuit without prejudice. To plaintiffs' knowledge, not one of the extreme circumstances to deny plaintiffs' motion is met. This case is in its embryonic stages. In fact, counsel for Merck recently filed its Answer to the suit on March 8, 2006. No case-specific fact discovery has been conducted. No hearings specific to this case have been had. No rulings specific to this case have been rendered. And, defendants have not expended considerable resources in defending this suit. Therefore, given the infancy of this litigation, the defendants may object to plaintiffs' motion on the basis that they may be subject to another lawsuit unless plaintiffs' are dismissed with prejudice. However, as established *supra*, this argument is not grounds for denying plaintiffs' motion to dismiss. Thus, consistent with the Court's reasoning and ruling in *Hardy*, plaintiffs' motion to dismiss pursuant to Rule 41(a)(2) should be granted.

For the foregoing reasons, plaintiffs' respectfully request that their motion to dismiss the plaintiffs identified in exhibit A to their motion be granted.

Respectfully submitted,

**ROFECOXIB LITIGATION GROUP, LLC**

_____
Stuart H. Smith (LSBA No. 17805)
Michael G. Stag (LSBA No. 23314)
Lloyd S. Jolibois, Jr. (LSBA No. 28629)
**Smith Stag, L.L.C.**
One Canal Place
365 Canal Street, Suite 2850
New Orleans, LA 70130
(504) 593-9600 Telephone
(504) 593-9601 Facsimile

Gladstone Jones (LSBA No. 22221)
Eberhard Garrison (LSBA No. 22058)
Lynn Swanson (LSBA No. 22650)
**Jones, Verras & Freiberg, L.L.C.**
Pan American Life Cntr., Ste. 2655
601 Poydras Street
New Orleans, LA 70130
(504) 523-2300 Telephone
(504) 523-2508 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 21st day of March, 2006, served a copy of the foregoing pleading on counsel for all parties to these proceedings by hand delivery, facsimile, or by depositing same in the United States mail, properly addressed, and first-class postage prepaid.

_____
Lloyd S. Jolibois, Jr.