# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re:  Vioxx®

PRODUCTS LIABILITY LITIGATION

*This document relates to:*
DENISE WHITTAKER, AS
ADMINISTRATRIX OF THE ESTATE OF
JOSEPH WHITTAKER, AND DENISE
WHITTAKER, INDIVIDUALLY, JOSEPH
CLEMENTE, AS EXECUTOR OF THE
ESTATE OF BARBARA CLEMENTE,
AND JOSEPH CLEMENTE,
INDIVIDUALLY, PETER STRNISTE,
LOUIS PICCOLO, ARMANDO NICOLIA
AND PHILOMENA STEFANACCI, AS
ADMINISTRATORS OF THE ESTATE
OF CHRISTINA NICOLIA, CHERIE
SILVERNAIL, AS ADMINISTRATRIX
OF THE ESTATE OF MICHAEL
SILVERNAIL, AND CHERIE
SILVERNAIL, INDIVIDUALLY,
MARJORIE RODRIGUEZ, JAMES
McKEOWN, WILLIAM DONALDSON,
GARY DeROSE, NICHOLAS BISIGHINY,
WILLIAM FORTUNE, LUTHER BEARD,
WILLIAM YACONE, ZORAIDA LOPEZ,
MARIE MURPHY, THERESA
BAGENSKI, LORRAINE ERICSON, AS
ADMINISTRATRIX OF THE ESTATE OF
MARIAN ERICSON, MARY COBURN,
JOSEPH DEROSE, DONALD MARR, AS
EXECUTOR OF THE ESTATE OF
ELEANOR MARR, GILDA
PIETRANDREA, IRENE
THEODORE, KURT VAN BOEMMEL,
GLORIA KUHNER and AL COWAN

            Plaintiffs,

V.

MERCK & CO., INC.,
            Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MDL No. 1657

SECTION:  L

JUDGE FALLON

MAG. JUDGE KNOWLES

C.A. No. 2:05-cv-01257 (EEF-DEK)

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 22  PM 4:01

LORETTA G. WHYTE
CLERK

Fee _____
Process _____
X  Dktd _____
CtRmDep _____
Doc. No. _____

802606v.1

## ANSWER AND JURY DEMAND OF
## DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the Amended Complaint ("Complaint") herein as follows:

## RESPONSE TO "COUNT ONE – WHITTAKER – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx® ("Vioxx").

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

802606v.1

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT TWO – WHITTAKER – PUNITIVE DAMAGES"

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count One with the same force and effect as though set forth here in full.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

3

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT THREE – WHITTAKER – CUTPA"

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Two with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

### RESPONSE TO "COUNT FOUR – WHITTAKER – LOSS OF CONSORTIUM"

1-44.   Repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1 through 20 of the response to Count One, paragraphs 1 through 10 of the response to Count Two, and paragraphs 1 through 14 of the response to Count Three with the same force and effect as though set forth here in full.

45.     Denies each and every allegation contained in paragraph 45.

### RESPONSE TO "COUNT FIVE – CLEMENTE – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

802606v.1

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT SIX – CLEMENTE – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Five with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT SEVEN – CLEMENTE – CUTPA"

1-10.     With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement

802606v.1

contained in paragraphs 1 through 10 of its response to Count Six with the same force and effect as though set forth here in full.

      11.     Denies each and every allegation contained in paragraph 11.

      12.     Denies each and every allegation contained in paragraph 12.

      13.     Denies each and every allegation contained in paragraph 13.

      14.     Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT EIGHT – CLEMENTE – LOSS OF CONSORTIUM"

      1-44.    Repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1 through 20 of the response to Count Five, paragraphs 1 through 10 of the response to Count Six, and paragraphs 1 through 14 of the response to Count Seven with the same force and effect as though set forth here in full.

      45.     Denies each and every allegation contained in paragraph 45.

## RESPONSE TO "COUNT NINE – STRNISTE – PRODUCTS LIABILITY"

      1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

      2.     The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

      3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

      4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

802606v.1

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT TEN – STRNISTE – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Nine with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT ELEVEN – STRNISTE – CUTPA"

1-10.     With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Ten with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

802606v.1

## RESPONSE TO "COUNT TWELVE – PICCOLO – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.      Denies each and every allegation contained in paragraph 10.

11.      Denies each and every allegation contained in paragraph 11.

12.      Denies each and every allegation contained in paragraph 12.

802606v.1

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT THIRTEEN – PICCOLO – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Twelve with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

802606v.1

9.     Denies each and every allegation contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT FOURTEEN – PICCOLO – CUTPA"

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Thirteen with the same force and effect as though set forth here in full.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.

13.    Denies each and every allegation contained in paragraph 13.

14.    Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT FIFTEEN – NICOLIA – PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.     The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

802606v.1

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

802606v.1

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT SIXTEEN – NICOLIA – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Fifteen with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT SEVENTEEN – NICOLIA – CUTPA"

1-10.     With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Sixteen with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT EIGHTEEN –
## SILVERNAIL – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

802606v.1

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

**RESPONSE TO "COUNT NINETEEN – SILVERNAIL – PUNITIVE DAMAGES"**

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Eighteen with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

802606v.1

9.     Denies each and every allegation contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10.

**RESPONSE TO "COUNT TWENTY – SILVERNAIL – CUTPA"**

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Nineteen with the same force and effect as though set forth here in full.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.

13.    Denies each and every allegation contained in paragraph 13.

14.    Denies each and every allegation contained in paragraph 14.

**RESPONSE TO "COUNT TWENTY-ONE –
SILVERNAIL – LOSS OF CONSORTIUM"**

1-44.   Repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1 through 20 of the response to Count Eighteen, paragraphs 1 through 10 of the response to Count Nineteen, and paragraphs 1 through 14 of the response to Count Twenty with the same force and effect as though set forth here in full.

45.    Denies each and every allegation contained in paragraph 45.

**RESPONSE TO "COUNT TWENTY-TWO –
RODRIGUEZ – PRODUCTS LIABILITY"**

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

802606v.1

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

802606v.1

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT TWENTY-THREE – RODRIGUEZ – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Twenty-Two with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT TWENTY-FOUR – RODRIGUEZ – CUTPA"

1-10.     With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement

802606v.1

contained in paragraphs 1 through 10 of its response to Count Twenty-Three with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

### RESPONSE TO "COUNT TWENTY-FIVE – McKEOWN – PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.     The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.     Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.     Denies each and every allegation contained in paragraph 6.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies each and every allegation contained in paragraph 8.

802606v.1

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT TWENTY-SIX – McKEOWN – PUNITIVE DAMAGES"

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Twenty-Five with the same force and effect as though set forth here in full.

21

802606v.1

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT TWENTY-SEVEN – McKEOWN – CUTPA"

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Twenty-Six with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT TWENTY-EIGHT – DONALDSON – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

802606v.1

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

**RESPONSE TO "COUNT TWENTY-NINE –
DONALDSON – PUNITIVE DAMAGES"**

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Twenty-Eight with the same force and effect as though set forth here in full.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

**RESPONSE TO "COUNT THIRTY – DONALDSON – CUTPA"**

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Twenty-Nine with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

802606v.1

12.      Denies each and every allegation contained in paragraph 12.

13.      Denies each and every allegation contained in paragraph 13.

14.      Denies each and every allegation contained in paragraph 14.

### RESPONSE TO "COUNT THIRTY-ONE –
### DeROSE – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.      Denies each and every allegation contained in paragraph 10.

11.      Denies each and every allegation contained in paragraph 11.

802606v.1

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT THIRTY-TWO – DeROSE – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirty-One with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

26

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

**RESPONSE TO "COUNT THIRTY-THREE – DeROSE – CUTPA"**

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Thirty-Two with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

**RESPONSE TO "COUNT THIRTY-FOUR–
BISIGHINI – PRODUCTS LIABILITY"**

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

802606v.1

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.      Denies each and every allegation contained in paragraph 10.

11.      Denies each and every allegation contained in paragraph 11.

12.      Denies each and every allegation contained in paragraph 12.

13.      The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.      Denies each and every allegation contained in paragraph 14.

15.      Denies each and every allegation contained in paragraph 15.

16.      Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.      Denies each and every allegation contained in paragraph 17.

18.      The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.      Denies each and every allegation contained in paragraph 19.

802606v.1

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT THIRTY-FIVE – BISIGHINI – PUNITIVE DAMAGES"

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirty-Four with the same force and effect as though set forth here in full.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT THIRTY-SIX – BISIGHINI – CUTPA"

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Thirty-Five with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

802606v.1

## RESPONSE TO "COUNT THIRTY-SEVEN –
### FORTUNE – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

802606v.1

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT THIRTY-EIGHT – FORTUNE – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirty-Seven with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

31

9.    Denies each and every allegation contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT THIRTY-NINE – FORTUNE – CUTPA"

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Thirty-Eight with the same force and effect as though set forth here in full.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   Denies each and every allegation contained in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

### RESPONSE TO "COUNT FORTY – BEARD – PRODUCTS LIABILITY"

1.    Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

32

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT FORTY-ONE – BEARD – PUNITIVE DAMAGES"

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Forty with the same force and effect as though set forth here in full.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.    Denies each and every allegation contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT FORTY-TWO – BEARD – CUTPA"

1-10.    With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Forty-One with the same force and effect as though set forth here in full.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.

13.    Denies each and every allegation contained in paragraph 13.

14.    Denies each and every allegation contained in paragraph 14.

802606v.1

## RESPONSE TO "COUNT FORTY-THREE – YACONE – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

802606v.1

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT FORTY-FOUR – YACONE – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Forty-Three with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

802606v.1

10.     Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT FORTY-FIVE – YACONE – CUTPA"

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Forty-Four with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

### RESPONSE TO "COUNT FORTY-SIX – LOPEZ – PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.     The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.     Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.     Denies each and every allegation contained in paragraph 6.

802606v.1

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT FORTY-SEVEN – LOPEZ – PUNITIVE DAMAGES"

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement

38

contained in paragraphs 1 through 6 of its response to Count Forty-Six with the same force and effect as though set forth here in full.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT FORTY-EIGHT – LOPEZ – CUTPA"

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Forty-Seven with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT FORTY-NINE – MURPHY – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

802606v.1

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

802606v.1

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT FIFTY – MURPHY – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Forty-Nine with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT FIFTY-ONE – MURPHY – CUTPA"

1-10.     With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Fifty with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

41

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

**RESPONSE TO "COUNT FIFTY-TWO –
BAGENSKI – PRODUCTS LIABILITY"**

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.     The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.     Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.     Denies each and every allegation contained in paragraph 6.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies each and every allegation contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

802606v.1

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT FIFTY-THREE – BAGENSKI – PUNITIVE DAMAGES"

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Fifty-Two with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

43

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT FIFTY-FOUR – BAGENSKI – CUTPA"

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Fifty-Three with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT FIFTY-FIVE – ERICSON – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

802606v.1

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT FIFTY-SIX – ERICSON – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Fifty-Five with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT FIFTY-SEVEN – ERICSON – CUTPA"

1-10.     With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Fifty-Six with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

802606v.1

## RESPONSE TO "COUNT FIFTY-EIGHT – COBURN – PRODUCTS

## LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.

802606v.1

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT FIFTY-NINE – COBURN – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Fifty-Eight with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

802606v.1

10. Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT SIXTY – COBURN – CUTPA"

1-10. With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Fifty-Nine with the same force and effect as though set forth here in full.

11. Denies each and every allegation contained in paragraph 11.

12. Denies each and every allegation contained in paragraph 12.

13. Denies each and every allegation contained in paragraph 13.

14. Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT SIXTY-ONE – DEROSE – PRODUCTS LIABILITY"

1. Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2. The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5. Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

802606v.1

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT SIXTY-TWO – DEROSE – PUNITIVE DAMAGES"

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Sixty-One with the same force and effect as though set forth here in full.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.    Denies each and every allegation contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT SIXTY-THREE – DEROSE – CUTPA"

1-10.    With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Sixty-Two with the same force and effect as though set forth here in full.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.

13.    Denies each and every allegation contained in paragraph 13.

14.    Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT SIXTY-FOUR – MARR – PRODUCTS LIABILITY"

1.    Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

802606v.1

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

52

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT SIXTY-FIVE – MARR – PUNITIVE DAMAGES"

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Sixty-Four with the same force and effect as though set forth here in full.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT SIXTY-SIX – MARR – CUTPA"

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 10 of its response to Count Sixty-Five with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

### RESPONSE TO "COUNT SIXTY-SEVEN – PIETRANDREA – PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.     The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.     Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.     Denies each and every allegation contained in paragraph 6.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies each and every allegation contained in paragraph 8.

54

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT SIXTY-EIGHT – PIETRANDREA – PUNITIVE DAMAGES"

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Sixty-Seven with the same force and effect as though set forth here in full.

55

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT SIXTY-NINE – PIETRANDREA – CUTPA"

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Sixty-Eight with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT SEVENTY – THEODORE – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

802606v.1

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

802606v.1

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT SEVENTY-ONE –
### THEODORE – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Seventy with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT SEVENTY-TWO – THEODORE – CUTPA"

1-10.     With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Seventy-One with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

802606v.1

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

### RESPONSE TO "COUNT SEVENTY-THREE – VAN BOEMMEL – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

802606v.1

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT SEVENTY-FOUR – VAN BOEMMEL – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Seventy-Three with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

802606v.1

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

**RESPONSE TO "COUNT SEVENTY-FIVE – VAN BOEMMEL – CUTPA"**

1-10.   With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Seventy-Four with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

**RESPONSE TO "COUNT SEVENTY-SIX –
KUHNER – PRODUCTS LIABILITY"**

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

61

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Denies each and every allegation contained in paragraph 6.

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.      Denies each and every allegation contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

802606v.1

admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.    Denies each and every allegation contained in paragraph 19.

20.    Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT SEVENTY-SEVEN – KUHNER – PUNITIVE DAMAGES"

1-6.    With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Seventy-Six with the same force and effect as though set forth here in full.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.    Denies each and every allegation contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT SEVENTY-EIGHT – KUHNER – CUTPA"

1-10.    With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Seventy-Seven with the same force and effect as though set forth here in full.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.

13.    Denies each and every allegation contained in paragraph 13.

802606v.1

14.    Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT SEVENTY-NINE – COWAN – PRODUCTS LIABILITY"

1.    Denies each and every allegation contained in paragraph 1 except admits that Merck is a New Jersey Corporation and that Merck manufactured the prescription medicine Vioxx.

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies each and every allegation contained in paragraph 5 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies each and every allegation contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.

802606v.1

13.     The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14.

15.     Denies each and every allegation contained in paragraph 15.

16.     Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g).

17.     Denies each and every allegation contained in paragraph 17.

18.     The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.     Denies each and every allegation contained in paragraph 19.

20.     Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT EIGHTY–<br>COWAN – PUNITIVE DAMAGES"

1-6.     With respect to the allegations contained in paragraphs 1 through 6, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Seventy-Nine with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f).

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

802606v.1

9.    Denies each and every allegation contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT EIGHTY-ONE – COWAN – CUTPA"

1-10.  With respect to the allegations contained in paragraphs 1 through 10, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Eighty with the same force and effect as though set forth here in full.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   Denies each and every allegation contained in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defenses, Merck alleges as follows:

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

802606v.1

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that plaintiffs assert claims based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence, Conn. Gen. Stat. § 52-572o.

802606v.1

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

802606v.1

page69

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or

802606v.1

pharmaceutical preparation plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Product Liability.

## AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

To the extent plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because plaintiffs have failed to mitigate the alleged damages.

## AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are not suitable for joinder.

802606v.1

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

Merck seeks attorney's fees pursuant to Conn. Gen. Stat. § 52-240a.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by plaintiffs is subject to the exclusive regulation of the FDA.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

To the extent that plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

To the extent that plaintiffs seek punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

802606v.1

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

To the extent that plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

The claims of the plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

The claims of the plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity.

802606v.1

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

Venue in this case is improper.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

The claims of plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

The claims of plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

The claims of plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

The claims of plaintiffs may be barred, in whole and in part, by the doctrine of laches.

802606v.1

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

The claims of plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

The claims of plaintiffs may be barred, in whole or in part, by the governing state laws.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

Merck reserves its right to dismiss the Complaint and seek further relief for plaintiffs' failure to provide it with due process of law.

802606v.1

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims under "CUTPA" are precluded by the exclusivity provision contained in Conn. Gen. Stat. § 52-572n (a) of the Connecticut Products Liability Act, § 52-572m, et. seq.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

802606v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Alan G. Schwartz (ct 05891)
aschwartz@wiggin.com
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Phone: 203-498-4400
Fax: 203-782-2889

Counsel for Merck & Co., Inc.

802606v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Answer and Jury Demand of Defendant Merck & Co., Inc.** has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 22nd day of March, 2006.

802606v.1