*File as Original*

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   MAR 2 3 2006

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| *This Document Relates To: All Foreign* | * | |
| *Class Action Complaints (MDL Nos. 05-* | * | |
| *3383, 05-4185, 05-2914, 05-5083, 05-* | * | |
| *5331, 05-2933, 05-5603)* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO STRIKE DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS THE FOREIGN CLASS ACTIONS OR, IN THE ALTERNATIVE, STRIKE THE FOREIGN CLASS ALLEGATIONS

Plaintiffs' Counsel hereby brings this Motion to Strike Defense Counsel's Motion to Dismiss all Foreign Class Action Complaints on Forum Non Conveniens Grounds before this Court.

The reasons supporting this motion are more fully set forth in the accompanying supporting memorandum and attached Exhibits A-E, which are incorporated as if fully set forth herein.

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

WHEREFORE, Plaintiffs' Counsel for all foreign class action claimants mentioned in Merck & Co., Inc.'s Motion to Dismiss respectfully requests that this Court strike Merck & Co., Inc.'s Motion to Dismiss all Foreign Class Action Complaints on Forum Non Conveniens Grounds.

RESPECTFULLY SUBMITTED,

By: _____

Kenneth B. Moll
Pamela G. Sotoodeh
Tiffany K. Donnelly
Becky J. Lee
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
Tel: 312.558.6444
Fax: 312.558.1112
www.kbmoll.com

**K·BM**

KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## CERTIFICATE OF SERVICE

I hereby certify that the above Motion and Incorporated Memorandum In Support of Plaintiffs' Motion to Strike Defendant Merck & Co., Inc.'s Motion to Dismiss the Foreign Class Actions or, in the Alternative, Strike the Foreign Class Allegations, has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, via FedEx and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 8, on this 14th day of March, 2006. I hereby certify that I have sent two copies of the above and foregoing Motion for filing purposes on the Clerk's Office for the Eastern District of Louisiana at 500 Poydras Street, Room C-151, New Orleans, LA 70130. I also certify that I have conferred with opposing counsel in a good-faith effort to resolve the instant matter without court involvement pursuant to Pre-Trial Order #17.

_____

Kenneth B. Moll
Pamela G. Sotoodeh
Tiffany K. Donnelly
Becky J. Lee
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, IL 60602
TEL: 312.558.6444
FAX: 312.558.1112
www.kbmoll.com



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

FILE AS ORIGINAL

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| *This Document Relates To: All Foreign* | * | MAG. JUDGE KNOWLES |
| *Class Action Complaints (MDL Nos. 05-* | * | |
| *3383, 05-4185, 05-2914, 05-5083, 05-* | * | |
| *5331, 05-2933, 05-5603)* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF HEARING

Please take notice that, upon the matter of Plaintiffs' Motion to Strike Defendant Merck & Co., Inc.'s Motion to Dismiss The Foreign Class Actions Or, In The Alternative, Strike The Foreign Class Allegations, the undersigned will move the Court before the Honorable Judge Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, LA 70130, at the



ENNETH B. MOLL
ASSOCIATES, LTD.
ree First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
OLL FREE: 888.882.3453
kbmoll.com

March 23, 2006, at 10.00 o'clock a.m.,

next available hearing date on ~~April 12, 2006, at 9:00 o'clock a.m.~~, for an order on

Plaintiffs' Motion to Strike, and for such other and further relief as the Court may

deem just and appropriate.

RESPECTFULLY SUBMITTED,

By: _____

Kenneth B. Moll
Pamela G. Sotoodeh
Tiffany K. Donnelly
Becky J. Lee
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
Tel: 312.558.6444
Fax: 312.558.1112
www.kbmoll.com

K·M

KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

2
NOTICE OF HEARING

## CERTIFICATE OF SERVICE

I hereby certify that the above Motion and Incorporated Memorandum In Support of Plaintiffs' Motion to Strike Defendant Merck & Co., Inc.'s Motion to Dismiss the Foreign Class Actions or, in the Alternative, Strike the Foreign Class Allegations, has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, via FedEx and upon all parties by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 8, on this 14th day of March, 2006. I hereby certify that I have sent two copies of the above and foregoing Motion for filing purposes on the Clerk's Office for the Eastern District of Louisiana at 500 Poydras Street, Room C-151, New Orleans, LA 70130. I also certify that I have conferred with opposing counsel in a good-faith effort to resolve the instant matter without court involvement pursuant to Pre-Trial Order #17.

Kenneth B. Moll
Pamela G. Sotoodeh
Tiffany K. Donnelly
Becky J. Lee
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, IL 60602
TEL: 312.558.6444
FAX: 312.558.1112
www.kbmoll.com



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX                                    *       MDL NO. 1657
                                                *
PRODUCTS LIABILITY LITIGATION     *       SECTION: L
                                                *
                                                *
                                                *       JUDGE FALLON
                                                *
*This Document Relates To: All Foreign*  MAG. JUDGE KNOWLES
*Class Action Complaints (MDL Nos. 05-*
*3383, 05-4185, 05-2914, 05-5083, 05-*
*5331, 05-2933, 05-5603)*                  *
                                                *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS THE
FOREIGN CLASS ACTIONS OR, IN THE ALTERNATIVE, STRIKE THE
<u>FOREIGN CLASS ALLEGATIONS</u>



KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## TABLE OF AUTHORITIES
### CASES

Page

*Accord, Fitgerald v. Texaco, Inc.,*
521 F.2d 448 (2nd Cir. 1975)..........................................................................................8

*Alfadda v. Fenn,*
1994 WL 714254 (S.D.N.Y. 1994)...................................................................................8

*Alpha Therapeutic Corp. v. Nippon Hoso Kyokai,*
199 F.3d 1078 (9th Cir. 1999).........................................................................................8

*Banque de Gestion Privee Sib v. Transoptions Co.,*
1992 WL 190135 (S.D.N.Y. 1992)...................................................................................8

*Chicago, Rock Island & Pacific R. Co. v. Hugh Breeding, Inc.,*
232 F.2d 584 (10th Cir. 1956).........................................................................................8

*Crane v. Carr,*
814 F.2d 758 (D.C. Cir. 1987).........................................................................................8

*Hickman v. Taylor,*
329 U.S. 495 (1947)........................................................................................................8

*In re: Bridgestone/Firestone, Inc., Tires Products Liability Litigation*
Order Denying Ford and Firestone's Motions to Dismiss Colombian and
Venezuelan Cases on Ground of Forum Non Conveniens (S.D. Ind. 2001)..............10

*In re Factor VIII or IX Concentrate Blood Products Liability Litigation,*
2006 WL 41277, 408 F.Supp. 2d 569 (N.D. Ill. 2006)................................................10

*In re Silicone Gel Breast Implants Products Liability Litigation,*
887 F.Supp 1469 (N.D. Ala. 1995)...................................................................................4

*Kurzke v. Nissan Motor Corp.,*
752 A.2d 708 (2000).........................................................................................................4

*La Seguridad v. Transytur,*
707 F.2d 1304 (11th Cir. 1983)......................................................................................8

**KBM**

ENNETH B. MOLL
ASSOCIATES, LTD.
hree First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
OLL FREE: 888.882.3453
kbmoll.com

*Lacey v. Cessna Aircraft Co.*
862 F.2d 38 (3rd Cir. 1988)...........................................................................8

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,*
523 U.S. 26 (1998)..........................................................................1, 2, 3, 11

*Mylan Laboratories v. Azko, N.V.*
2 F.3d 56 (4th Cir. 1993)..............................................................................8

*Oppenheimer Fund, Inc. v. Sanders,*
437 U.S. 340 (1978)......................................................................................8

*Panola Land Buyers Ass'n v. Shuman,*
762 F.2d 1550 (11th Cir. 1985)....................................................................8

*Texas Gulf Sulphur Co. v. Ritter,*
371 F.2d 145 (10th Cir. 1967)......................................................................8

*Van Cauwenberghe v. Biard,*
486 U.S. 517 (1988).......................................................................................7

*Williams v. Green Bay & Western R. Co.,*
326 U.S. 549 (1946)......................................................................................7

*Wolf v. United States,*
157 F.R.D. 494 (1947).................................................................................8

## MDL NO. 1657 PRE-TRIAL ORDERS

Pre-Trial Order #1..........................................................................................5

Pre-Trial Order #16........................................................................................6

**K:B:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| *This Document Relates To: All Foreign* | * | |
| *Class Action Complaints (MDL Nos. 05-* | * | |
| *3383, 05-4185, 05-2914, 05-5083, 05-* | * | |
| *5331, 05-2933, 05-5603)* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE**
**"DEFENDANT MERCK & CO., INC.'S MOTION TO**
**DISMISS THE FOREIGN CLASS ACTIONS OR, IN THE ALTERNATIVE,**
**STRIKE THE FOREIGN CLASS ALLEGATIONS"**

Plaintiffs respectfully submit that Defendant Merck & Co., Inc.'s ("Merck")

Motion to Dismiss the Foreign Class Actions or, in the Alternative, Strike the Foreign

Class Allegations is inappropriate and premature in light of the previous stays issued

by this Court and due to this Court's exclusive authority with pre-trial matters in

light of *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1998).

In the alternative, this Court should stay Merck's Motion pending remand to the

transferor court or until after sufficient discovery has been conducted by foreign

plaintiffs. In support, Plaintiffs offer the following:



KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

# I. BACKGROUND

Thirteen foreign class actions have been filed to date in this MDL. Plaintiffs' counsel has filed twelve of the thirteen class actions.[1] On January 12, 2006, Merck filed its dismissal of six of the thirteen class actions.

At the February 2, 2006 Status Conference, Plaintiffs' Counsel suggested that the mere filing of the motion in this Court violated this Court's Stay Order and that the motion was premature in light of *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1998). In response, the Court advised Counsel to split the issues and set up a briefing schedule (See MDL 1657 Transcript from February 2, 2006 Status Conference at p. 18-20, Exhibit A). On February 8, 2006, Plaintiffs' Counsel offered a briefing schedule. (See Exhibit B). On February 17, 2006, Defense Counsel did not agree that the issues should be split and suggested a briefing schedule on the Motion to Dismiss (See Exhibit C). Defense Counsel also refused any discovery before briefing (disallowing discovery is inappropriate, See section II.

---

[1]    Linda Grant, et al. v. Merck & Co., Inc., Case No. 2:05cv451, filed October 5, 2004 (Worldwide); Aldo Calandra, et al. v. Merck & Co, Inc., Case No. 2:05cv2914, filed May 9, 2005 (Italy); Mark Bentley, et al. v. Merck & Co., Inc., Case No. 2:05cv3383, filed May 31, 2005 (UK); Ralph DeToledo, et al. v. Merck & Co., Inc., Case No. 2:05cv5083, filed August 29, 2005 (France); Kerry Brunton, et al. v. Merck & Co., Inc., Case No. 2:05cv4185, filed September 6, 2005 (Australia); Delores Gough, et al. v. Merck & Co., Inc., Case No. 2:05cv5331, filed September 12, 2005 (Canada); Helen Raroa, et al. v. Merck & Co., Inc., Case No. 2:05cv4184, September 19, 2005 (New Zealand); Bronwynn Donough, et al. v. Merck & Co., Inc., Case No. 2:05cv5603, filed September 26, 2005 (South Africa); Elke Mahla, et al. v. Merck & Co., Inc., Case No. 2:05cv4557, filed October 3, 2005 (Germany); Elisabeth van der Knaap, et al. v. Merck & Co., Inc., Case No. 2:05cv4748, filed October 11, 2005 (The Netherlands); Joanna Baranowska, et al. v. Merck & Co., Inc., Case No. 2:05cv4976, filed October 17, 2005 (Poland); and Ruth Gutfeld, et al. v. Merck & Co., Inc., Case No 2:05cv5048, filed October 24, 2005 (Israel).

K:M

KENNETH B. MOLL
ASSOCIATES, LTD.
hree First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

D. infra). Plaintiffs' Counsel responded by suggesting a briefing schedule on the inappropriate/prematurity issue and, in the event of a denial, a discovery and briefing schedule on Defendant's Motion to Dismiss (See Exhibit D). The parties have been unable to agree on a briefing schedule (See Exhibit E).

## II. ARGUMENT

A.   **MERCK'S MOTION TO DISMISS THE FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS IS INAPPROPRIATE AND PREMATURE IN LIGHT OF THE COURT'S EXCLUSIVE CONCERN WITH PRE-TRIAL PROCEEDINGS**

   i.    Merck's Motion Should Be Denied

Merck's motion is inappropriate in this Court or, at least, is premature. Merck's motion is premised entirely on the asserted burdens of *trying* these cases in this Court, and has nothing to do with this Court's exclusive present concern for "pretrial proceedings" under 28 U.S.C. §1407(a). *See Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).[2]

Pursuant to 28 U.S.C. §1407 (a), this Court's authority is specifically limited to "pretrial" proceedings. Merck's Motion is certainly not pretrial in nature. Rather, it is a dispositive motion that should ultimately be brought before the Court that will eventually be responsible for conducting and overseeing the trial. *Lexecon* at 33-35.

---

[2]    The Defendant's Memorandum consistently makes the mistake of assuming that this Court will be trying these cases and premises its motion on that assumption. *See, e.g.,* Merck Memo at 4-5 and 15-21 (asserting that "this Court" should not be required to translate, interpret and apply foreign law; difficulty of obtaining crucial trial witnesses outside the reach of the trial courts' compulsory process; the inadequacy of qualifications of a U.S. jury to make determinations about trial issues; and application of foreign law vs. applicable U.S. law).

**K:M**

KENNETH B. MOLL
ASSOCIATES, LTD.
hree First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

If at some future point the Court should acquire broader powers over any of these cases, only at that point would it be appropriate for the Defendant to burden this Court with its FNC argument.[3] Because Merck has not satisfied its heavy burden of justifying dismissal of the proceeding before *this Court*, its motion should be denied outright. At the least, the motion is inappropriate for consideration at this time, and should be denied without prejudice to its renewal in the appropriate forum.

ii.     **In the Alternative, This Court Should Remand the Foreign Classes to the Transferor Court for Resolution**

In the alternative, Plaintiffs suggest that the Foreign Class Action Complaints be remanded to the transferor court for the purpose of resolving this issue. Remand of foreign class complaints will allow Merck to file its Motion to Dismiss in the appropriate forum and allow *appellate review* of the relevant issues by the appropriate Circuit Court, thus ensuring that no party will have been prejudiced by a transferee forum whose procedural jurisprudence could differ from that of the transferor forum that is charged with its ultimate trial. In support of this argument, Plaintiffs incorporate by reference as if fully set forth herein, the arguments made by the Plaintiffs' Steering Committee in their "Motion for a Suggestion of Remand in

---

**K:B:M**

KENNETH B. MOLL
ASSOCIATES, LTD.
hree First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

[3]     *See e.g., In Re Silicone Gel Breast Implants Products Liability Litigation*, 887 F. Supp. 1469 at 1478 (N.D. Ala. 1995) (denying some FNC motions "without prejudice to resubmission of amended motions"); *Kurzke v. Nissan Motor Corp.*, 164 N.J. 159 at 166-68, 752 A.2d 708 (2000) (motion premature).

Connection with Class Certification Proceedings Pursuant to Plaintiffs' Request in the Alternative, for Individual State Class Certifications and For Leave to Seek this MDL Court to Sit by Designation in Each of the Transferor Federal District Court Jurisdictions at Issue" filed on November 4, 2005 and their "Reply Memorandum in Support of Plaintiff's Steering Committee's Motion for a Suggestion of Remand of Class Proceedings" filed on December 6, 2005.

**B.    MERCK'S MOTION SHOULD BE DENIED DUE TO ITS OWN DELAY IN BRINGING THIS ISSUE BEFORE THIS COURT**

In light of this Court's limited present jurisdiction, the fact that foreign plaintiffs have not participated in nor have had access to the pretrial discovery that have been and are being conducted in these MDL proceedings is fatal. Plaintiffs were prevented from initiating any factual discovery in the transferee courts in anticipation of consolidation. Once Plaintiffs' cases were transferred to MDL No. 1657, this Court's Pretrial Order No. 1 (PTO-1), entered on February 17, 2005, stayed all discovery and granted the PSC sole authority to conduct and coordinate all discovery on behalf of all plaintiffs in all actions.[4] However, Plaintiffs have had no opportunity

---

[4]    This Court's Pretrial Order 1 (PTO-1) stayed all outstanding discovery proceedings and ordered that no further discovery shall be initiated (PTO-1 at ¶7). It also granted the Plaintiffs' Steering Committee the sole authority to (1) initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation; (2) conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs; (3) act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court; (4) oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC; (5) perform such other functions as may be expressly authorized by further orders of this Court. PTO-1 at ¶16.

**K:M**

KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50™ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

5

to conduct any forum non conveniens discovery nor has any been conducted by the PSC on behalf of the foreign plaintiffs.  Plaintiffs would be prejudiced if they were required to respond to Merck's motion without having the benefit of over thirteen months of discovery.  Merck was aware of the need for forum non conveniens discovery.  However, Merck purposely delayed filing the instant motion for eleven months.  During the past year, Merck has been on a campaign of retaining legal scholars and experts worldwide in preparation of its Motion to Dismiss.  The impossibility at this late date in the MDL pretrial proceedings of permitting foreign plaintiffs to participate in this federal proceeding–given that this Court's present jurisdiction is limited to those "pretrial proceedings,"–provides, on its own, basis for denial.

Following a conference held on June 1, 2005, this Court issued Pretrial Order No. 16 (PTO-16) which governs all class action cases. PTO-16 at ¶I. Pretrial Order No. 16 directed the PSC[5] to file a Master Class Action Complaint with respect to each type of Class Action Case.[6]  Contrary to this Court's Order, the PSC did not file

---

[5]   This Court appointed the PSC as interim class counsel, pursuant to Fed. R. Civ. P. 23(g)(2)(A), on behalf of each type of purported class which covers the class claims made in the MDL. See PTO 16, ¶III and June 7, 2005 Order.

[6]   PTO 16 states in relevant part that (1) "the PSC shall file in this Court a Master Complaint with respect to each type of Class Action Case. The Master Complaints shall apply to all pending Class Action Cases and to those subsequently filed, removed, or transferred to this Court as part of this proceeding." PTO 16 at ¶IV. A.; and (2) This Court directed the PSC to file a motion for class certification and "for any class action that the PSC determines not to file a motion for certification, a notice and memorandum with an explanation for the reasons of reserving certain claims, shall be filed." PTO 16 at ¶VI. A.

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

**K:M**

KENNETH B. MOLL
ASSOCIATES, LTD.
hree First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

any class actions on behalf of foreign plaintiffs. The PSC also did not file any explanation for the reasons of reserving certain claims.

This Court cautioned counsel in the Class Action Cases to "be mindful of the need to conduct written and oral fact and expert discovery designed to create an evidentiary record upon which plaintiffs' class certification motion(s) can be briefed and decided consistent with the briefing schedule . . ." PTO 16, ¶V. The PSC's election not to proceed with any foreign class action claims prejudiced foreign plaintiffs as they have not participated in any discovery to date.

C.   THIS COURT SHOULD STAY FNC ISSUES UNTIL ITS PRETRIAL PROCEEDINGS ARE COMPLETED AND ALLOW FOREIGN PLAINTIFFS ACCESS TO RELEVANT DISCOVERY

A Motion to Dismiss based on *forum non conveniens* grounds is a fact-based motion and ultimately revolves around the "substance of the dispute between parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action." *Van Cauwenberghe v. Biard,* 486 U.S. 517, 528, 108 S.Ct. 1945, 100 L.Ed.2d 517, 528-29 (1988). More simply put, "each case turns on its facts." *Williams v. Green Bay & Western R. Co.,* 326 U.S. 549, 557, 66 S.Ct. 284, 288, 90 L.Ed. 311 (1946). Tellingly, it is the district court judge's responsibility to supply the specific reasons and relevant facts in support of his or her decision on the *forum non conveniens* motion. Otherwise, "that decision cannot be

KBM

KENNETH B. MOLL
ASSOCIATES, LTD.
hree First National Plaza
50™ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

adequately reviewed for abuse of discretion." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3rd Cir. 1988).[7]

As this Court is well aware, generally a party opposing any type of fact-based motion is entitled to discovery on that motion. *See generally Alpha Therapeutic Corp. v. Nippon Hoso Kyokai*, 199 F.3d 1078, 1087-1088 (9th Cir. 1999) (subject matter jurisdiction under Foreign Sovereign Immunities Act).[8] A *forum non conveniens* issue is no different. As the U.S. Supreme Court stated in *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13, 98 S.Ct. 2380, 2390 n.13, 57 L.Ed.2d 253, 265 n.13 (1978), "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Accord, Fitzgerald v. Texaco, Inc.,* 521 F.2d 448, 451 n.3 (2nd Cir. 1975), *cert denied,* 423 U.S. 1052, 96 S.Ct 781, 46 L. Ed.2d 253, 265 n.13 (1978); *Wolf v. United States,* 157 F.R.D. 494, 495 (D. Kan. 1994); *Banque de Gestion Privee Sib v. Transoptions Co.,* 1992 WL 190135, *3 (S.D.N.Y. 1992); see also *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947). In *Alfadda v. Fenn*, 1994 WL 714254, at *1 (S.D.N.Y.

---

7 *Lacey v. Cessna Aircraft Co.,* 932 F.2d 170, 182 (3rd Cir. 1991); *La Seguridad v. Transytur Line,* 707 F.2d 1304, 1308-10 (11th Cir. 1983); *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145 (10th Cir. 1967); *Chicago, Rock Island & Pacific R. Co. V. Hugh Breeding, Inc.,* 232 F2d 584 (10th Cir. 1956).

8 *Mylan Laboratories, Inc. V. Akzo, N.V.,* 2F.3d 56, 64 (4th Cir. 1993) (personal jurisdiction); *Crane v. Carr,* 814 F.2d 758, 760 & n.2 (D.C. Cir. 1987) (personal jurisdiction); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1560 (11th Cir. 1985) (summary judgment).

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

KB M

KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

Dec. 22, 1994), the Court allowed discovery after reaching the conclusion that in order to resolve a forum non conveniens motion, discovery was necessary.

Foreign Plaintiffs have not participated nor have they had access to any discovery produced in this MDL over the past thirteen months. In fact, Defendant has refused to allow Plaintiffs any discovery before responding to the forum non conveniens motion. Defendant's position, which allows for no factual discovery at all, is completely untenable and completely contradicts the aforementioned case law. The foreign plaintiffs should *not* be denied participation in the dominant matter presently of concern: liability discovery. Until Plaintiffs' Counsel have had a reasonable opportunity to conduct discovery in a timely manner, this Court should not consider Defendant's Motion as anything other than premature, as well as unreasonable. Therefore, Plaintiffs suggest that this Court stay the forum non conveniens briefing until the pretrial proceedings are completed. Furthermore, this Court should allow foreign Plaintiffs access to the relevant discovery attained by the PSC over the past thirteen months.[9]

D.   IN THE ALTERNATIVE, SHOULD THIS COURT RULE THAT THE FNC ISSUE BE DECIDED IN THIS COURT AT THIS TIME, PLAINTIFFS REQUEST THAT FOLLOWING REASONABLE DISCOVERY, THIS COURT ORDER BRIEFING FOR ONE COUNTRY AT A TIME

Because of the complexities of the forum non conveniens doctrine, we suggest the parties brief the first filed foreign case (Italy) prior to proceeding with the

---

[9]   In In Re Breast Implant Products Liability Litigation, MDL 926, a Foreign Claimants Subcommittee of the Plaintiffs' Steering Committee was formed to represent the interests of the foreign plaintiffs.

**K:3M**

KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

remaining countries.  The court in In Re Factor VIII or IX allowed the parties to proceed with one country out of the twenty-one countries that were filed prior to proceeding with the rest of the countries.  *In re Factor VIII or IX Concentrate Blood Products Liability Litigation*, 2006 WL 41277.  The Court suggested that "the forum non conveniens analysis depends largely upon the particular alternative forum being proposed.  It will be necessary, therefore, to give individual consideration to each of the proposed alternative forums." Id.  Merck recently filed an omnibus FNC motion in the New Jersey consolidated proceedings before Judge Carol Higbee currently scheduled for oral argument on April 11, 2006.  The Court, faced with a similar forum non conveniens motion decided to proceed with one country first.   See also, Order Denying Defendant Ford and Firestone's Motions To Dismiss Columbian and Venezuelan Cases on Ground of Forum Non Conveniens, p.4, <u>In Re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation</u>.  Of course, this Court's ruling will carry implications for the remainder of the forum non conveniens motions which the parties should take into account when determining their strategies in the remaining cases.  Therefore, Plaintiffs request that, should this court rule that the FNC issue be decided in this court and at this time, that following reasonable discovery (consistent with the schedule suggested in Plaintiffs February 24, 2006 correspondence to Merck), this court should order briefing for one country at a time or the first filed foreign class - Italy.

KBM

KENNETH B. MOLL
ASSOCIATES, LTD.
ree First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS

E.   **THIS COURT SHOULD STAY THE FOREIGN CLASS ACTION ISSUE PENDING THIS COURT'S ORDER ON THE UNITED STATES CLASS ACTION**

This court should stay briefing on the foreign class action issues until this court has ruled on the pending U.S. class certification motions which are fully briefed, argued and awaiting decision.

### III. CONCLUSION

WHEREFORE, Plaintiffs respectfully submit that Defendant Merck & Co., Inc.'s ("Merck") Motion to Dismiss the Foreign Class Actions or, in the Alternative, Strike the Foreign Class Allegations is inappropriate and premature in light of the previous stays issued by this Court and due to this Court's exclusive authority with pre-trial matters in light of *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  In the alternative, this Court should stay Merck's Motion pending remand to the transferor court or until after sufficient discovery has been conducted by foreign plaintiffs.

RESPECTFULLY SUBMITTED,

By: _____

Kenneth B. Moll
Pamela G. Sotoodeh
Tiffany K. Donnelly
Becky J. Lee
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
Tel: 312.558.6444
Fax: 312.558.1112
www.kbmoll.com

**K:BM**
KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

corrected transcript

1

1                    UNITED STATES DISTRICT COURT

2                    EASTERN DISTRICT OF LOUISIANA

3

4

5
IN RE:   VIOXX              *   Docket MDL 1657-L
6        LIABILITY LITIGATION  *
                            *   February 2, 2006, 9:00 a.m.
7                           *
                            *   New Orleans, Louisiana
8  * * * * * * * * * * * * * * *

9                    CORRECTED COPY

10

11              STATUS CONFERENCE BEFORE THE
                HONORABLE ELDON E. FALLON
12              UNITED STATES DISTRICT JUDGE

13  APPEARANCES:

14

    For the Plaintiffs:        Herman, Mathis, Casey,
15                                Kitchens & Gerel
                                BY:  RUSS M. HERMAN, ESQ.
16                              820 O'Keefe Avenue
                                New Orleans, Louisiana 70113
17

18  For the Defendants:        Stone, Pigman, Walther, Wittmann
                                BY:  Phillip A. Wittmann, ESQ.
19                              546 Carondelet Street
                                New Orleans, Louisiana 70130
20

21

22
    Also Participating:
23
                                DAWN M. BARRIOS, ESQ.
24                              WILLIE SINGLETON, ESQ.
                                ARNOLD LEVIN, ESQ.
25                              DOUG MARVIN, ESQ.
                                TED MAYER, ESQ.

2

Page 1


EXHIBIT
1

corrected transcript

1   APPEARANCES (Continued):

2

3                                      GERALD MEUNIER, ESQ.
                                       RICK STANLEY, ESQ.
                                       ADAM HOEFLICH, ESQ.
4                                      JOHN BEISNER, ESQ.
                                       CHRIS TISI, ESQ.
5                                      DREW RANIER, ESQ.
                                       LEE BALEFSKY, ESQ.
6                                      ELIZABETH CABRASER, ESQ.
                                       WALTER DUMAS, ESQ.
7                                      MILTON JOHNSON, ESQ.
                                       JUSTIN WITKIN, ESQ.
8                                      REBECCA CUNNARD, ESQ.
                                       KERN KILBERT, ESQ.
9                                      DONALD deBOISBLANC, JR., ESQ.
                                       MARC GRECO, ESQ.
10                                     FRED LEGES, ESQ.
                                       DONALD BRADFORD, ESQ.
11                                     CHARLES COHEN, ESQ.
                                       RICHARD FREESE, ESQ.
12                                     LEONARD FODERA, ESQ.
                                       THOMAS SOBOL, ESQ.
13                                     TIFFANY DONNELLY, ESQ.
                                       JOHN CHAILLUT, ESQ.
14                                     FRED HAMPSON, ESQ.
                                       ERNEST FRASIER, ESQ.
15                                     H. SEWARD LAWLOR, ESQ.
                                       M. ELAINE HORN, ESQ.
16                                     ANITA SHAHANI, ESQ
                                       SHELLY SANFORD, ESQ.
17                                     DOROTHY WIMBERLY, ESQ.
                                       BEN BARNETT, ESQ.
18                                     CHRIS WACKER, ESQ.
                                       DANIEL BECNEL, JR. ESQ.
19                                     ROBERT BECNEL, ESQ.
                                       JAMES DUGAN, ESQ.
20                                     ROBERT EISNER, ESQ.
                                       DAVID BUCHANAN, ESQ.
21                                     TOMMY JACKS, ESQ.
                                       TODD HAGEMAN, ESQ.
22                                     WILLIAM KANE, ESQ.
                                       SETH KATZ, ESQ.
23                                     KENNETH MOLL, ESQ.
                                       ANTHONY IRPINO, ESQ.
24                                     DAVID BROWNE, ESQ.
                                       JARED DAVIDSON, ESQ.
25                                     CHRISTINA DeSUE, ESQ.
                                       DUSTIN SANTOS, ESQ.

                                                                    3



1      APPEARANCES (Continued):

2

3                                      SOPHIA PEARSON, ESQ.
                                       MATT MORELAND, ESQ.

                    PAUL VILLALOBOS, ESQ.

4

5

Official Court Reporter:          Cathy Pepper, CCR
6                                  500 Poydras Street, Room B-406
                                   New Orleans, Louisiana 70130
7                                  (504) 589-7778

8

9

10

Proceedings recorded by mechanical stenography, transcript
11  produced by computer.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1                  P R O C E E D I N G S

2                    (FEBRUARY 25, 2006)

3          THE DEPUTY CLERK:  Everyone rise.

4          THE COURT:  Be seated, please.  Good morning, ladies and

5  gentlemen.  Call the case, please.

6          THE DEPUTY CLERK:  MDL No. 1657 In re:  Vioxx.

Page 3

corrected transcript

7         THE COURT:  Would counsel make their appearance for the

8    record, please.

9         MR. HERMAN:  May it please the Court, good morning,

10   Judge Fallon, Russ Herman for plaintiffs.

11        MR. WITTMANN:  Good morning, Your Honor, Phil Wittmann

12   for the defendants.

13        THE COURT:  We're here today in connection with our

14   monthly meeting.  I've received a joint report from plaintiff and

15   defendant liaison counsel.  I met with them previously and

16   discussed some of the issues involved in the report.  I'll hear

17   from them at this time.

18        Our first issue is LexisNexis file and serve.

19        MR. WITTMANN:  Your Honor, that's working reasonably

20   well.  The Clerk's Office is pretty well caught up with the cases

21   that are being transferred down on the district panel.  The only

22   problem that we're having, as I told Your Honor this morning at

23   our conference before we started, is that counsel who are

24   withdrawing from representation of plaintiffs in various cases

25   are not notifying LexisNexis filing server that they are

5

1    withdrawn.  They need to use the case and party management

2    feature that LexisNexis has provided to notify everyone that they

3    have withdrawn.  That's not happening.

4         In talking with Mr. Herman this morning, we've talked

5    about drafting an amendment to trial order Number 8 that would

6    let us deal with that issue, but I would ask the Court to notify

7    LexisNexis.

8         THE COURT:  Yes, I do take the opportunity to urge that

9    the parties, when they withdraw from the case, finalize their

10   withdrawal by getting their name removed from LexisNexis, but I

Page 4

corrected transcript

11  do realize that once the party leaves the case, I lose some

12  control over that individual and also they get on with it so we

13  should take that into consideration in drafting a new order and

14  having all of that information delivered to LexisNexis before I

15  allow them to get out of the case.  So take a look at that and

16  let's see if we can draft an order to do that.

17       MR. HERMAN:  Your Honor, the next issue we have before

18  you, the state court trial settings have been set forth and I

19  believe the list is completed.

20       THE COURT:  Okay.  With regard to the state court

21  settings, with state liaison counsel, I've been endeavoring over

22  a period of the litigation to have some coordination between the

23  state discovery and the federal discovery.

24       I talk often with the state court judges and the judge

25  in New Jersey, Judge Higbee, called to my attention the fact that

6

1  in one of the cases, I think in the New Jersey litigation, that

2  there was some concern about a state attorney, the attorney for

3  the state litigants, that they weren't having an opportunity to

4  participate fully in the depositions of the MDL.  I would like to

5  make sure that they have the opportunity.  Now, it's going to

6  take some understanding from both sides.  Theoretically, in any

7  event, there is a limitation of seven hours of deposition.  I

8  don't want the MDL people to be cut short.  That simply means we

9  may have to expand that time, if necessary, to give the states a

10  full go on it.

11       But the MDL people have to find out when the

12  depositions are going to be taken as quickly as possible and

13  notify the state attorneys so that the state attorneys can get up

Page 5

corrected transcript

14  to speed on the depositions, and we'll do it that way.  I think

15  it's to the benefit of all parties.  There is no sense in taking

16  depositions two and three and four and five times.  So it works

17  best if it's coordinated, and it's better for the litigants and

18  it's better for the attorneys also.  So I do urge that you make

19  an effort, and the state liaison counsel, if you need to get

20  involved in this, let's get involved with this.

21          MS. BARRIOS:  Yes, sir.

22          MR. HERMAN:   Your Honor, there is one issue on the

23  state liaison.  Mr. Wittmann and I some time ago submitted some

24  additional names.  I would like to discuss that with Mr. Wittmann

25  in the coming week and we'll get back to you.

7

1           THE COURT:  Okay.  That's fine.

2           MR. HERMAN:  On Number 3, the selection of cases for

3   early federal trial, Irvin Plunkett, the jury will be picked on

4   February 6th.  And in accordance with Your Honor's conference

5   yesterday and directives, Mr. Wittmann and I will meet before

6   February 15th, and you've scheduled a February 15th case

7   selection meeting.

8           THE COURT:  All right, we've selected certain cases that

9   are coming up to trial, but I want to have an ongoing process,

10  and I have to prove the cases after we get through with the ones

11  that aren't in the queue, so to speak.  We're going to have to

12  group them, in Louisiana cases and outside Louisiana cases.

13  Louisiana cases, I'm directing the parties to get together, each

14  of them five cases, that they want to have on their list.

15          They'll exchange the list, and each side will have two

16  strikes.  Those strikes will then -- those cases will be taken

17  out of the mix and I'll have before me six cases that are

corrected transcript

18  Louisiana cases that are going to be in the queue so that

19  specific case, specific discovery, can proceed on those cases.

20  And I'll put them in the queue as is appropriate.  And I'll get

21  with the parties, we'll get some dates, and I'll put them in the

22  case.

23       Outside Louisiana cases, it's going to take a little

24  effort because I don't have as much authority in the outside

25  Louisiana cases in view of Lexicon, so I need the cooperation of

8

1   counsel.  I'm looking to liaison counsel on both sides to meet

2   and confer on those issues and we'll get cases that are ready for

3   trial and are instructive outside of Louisiana and put those also

4   in the queue.  And anybody who's interested in trying their cases

5   ought to be contacting the liaison counsel about their cases so

6   we can move them us.

7        MR. WITTMANN:  We do have one case set with Your Honor

8   for June 12th and we have another one with mid-May.  And I wanted

9   to round out the report on that.

10       THE COURT:  Right.

11       MR. HERMAN:  Your Honor, we've been asked on behalf of

12  the plaintiffs that all Louisiana plaintiff's counsel meet with

13  me right after this conference today.  I know Your Honor has

14  argument in other matters, but as soon as this conference is

15  over, if Louisiana counsel will meet with me, we have a number of

16  things to discuss and on that agenda will be case selection.

17       THE COURT:  I know, Mr. Becnel, you've expressed an

18  interest in trying some cases.  I'm interested in giving you that

19  forum, so coordinate it.  You've got to make sure, though, that

20  you pick the cases that you are ready to try and that they are

corrected transcript
21  consistent with policies, and we'll get them teed up.

22      MR. BECNEL:  Judge, may I make a further suggestion?

23      THE COURT:  Sure.

24      MR. BECNEL:  In both Guidant and Medtronic, which are

25  two other MDLs, we keep talking/not talking to Mr. Wittmann about

9

1  the possibility, the Court is looking for cases that are

2  instructive to try to get to some end game in this case.  I've

3  talked to Mr. Wittmann and I think he was going to pass it by

4  some of his people for maybe trying some alternative dispute

5  resolution methods, like a three-day, four-day, five-day summary

6  trial, with not only this court sitting and watching, but

7  inviting the state court judges who may not have tried a case yet

8  or may have a bunch to try, to see five or six or eight

9  plaintiffs and see if that might not help with something

10  instructive and have both the representatives, some of the

11  representative plaintiffs here and have some of the people

12  representing not only the defense attorneys, but the people that

13  ultimately make those decisions on checkwriting.

14      We're going to be doing that in both Guidant and

15  Medtronic at the direction of the court immediately.  And I think

16  that might be something that would be helpful to this court to

17  say, these cases are no good, the plaintiff lost these; these

18  cases are excellent or some, something in between.  For three or

19  four days, it ain't going to hurt, and I would just urge in

20  selection you could either use -- and there, since it would be a

21  summary trial, you could have picks, both plaintiffs and

22  defendants, from all over the country without a Lexicon problem.

23      THE COURT:  Okay.  Thank you for the suggestion.

24      The next item is the class actions.

Page 8

corrected transcript

25          MR. HERMAN:  Yes, Your Honor, Mr. Arnold Levin will

                                                                    10

1   address that issue for the PSC.  I would appreciate it, I know
2   it's a mere oversight, but if counsel for any of the parties in
3   the MDL on the plaintiff's side are going to approach
4   Mr. Wittmann, I would like to be consulted at least to know that
5   that's happening.  But I'm sure it's just an oversight.
6   Arnold Levin.
7          MR. WITTMANN:  Your Honor, I'm always available to talk
8   to counsel for the plaintiffs whether they go through Mr. Herman
9   or not.
10          MR. HERMAN:  If we could stipulate to that, I can move
11  on.
12          MR. LEVIN:  We'll see the Court at 1 o'clock.
13          THE COURT:  Okay, we have some class action motions at
14  1 o'clock.
15          MR. WITTMANN:  Just to report, that subjects is being
16  directed by Mr. Levin and Mr. Beisner, who know a lot more about
17  this than I do.  There are three motions set for today at
18  1 o'clock.  The people might like to know that.  We've got our
19  Rule 12 motions to dismiss the medical monitoring master class
20  action, and the purchase claims complaint, and also to be heard
21  is the PSC's motion for suggestion to remand the motion for class
22  certification under the proposed nationwide personal injury and
23  death class, wrongful death class actions, so I want everybody to
24  know that's coming up.
25          THE COURT:  That's right.  Okay, the next item is

                                                                    11

corrected transcript

1  discovery directive to Merck.  Any issues on that?

2       MR. HERMAN:  Several issues, Your Honor, with respect to

3  privileged documents, Mr. Lopino, who is handling that matter

4  principally for the PSC with Mr. Tisi, and Mr. Arsenault is here.

5  I'll meet with him as soon as this status conference is over so

6  that we can discuss some additional categories.  I'll notify

7  Mr. Wittmann to get together with him before the 15th so that we

8  can deal with the privilege issue.

9       With respect to the request for production of Merck's

10  insurance policies, I understand we'll be furnished those today.

11  The Arcoxia and foreign data was due on January 30, '06.  I

12  understand that some production has already taken place and that

13  the full production will be complete by the end of next week, and

14  I believe that takes care of the plaintiff's discovery in the

15  record.

16       THE COURT:  Yeah, I'll put that in a minute entry to

17  make sure that's being done.  I'll expect it, then, to be

18  finished by next week.

19       With discovery directed to the FDA, we've had some

20  questions on the FDA and also the cost involved.

21       MR. HERMAN:  On the cost issue, at -- with your

22  assistance, Mr. Davis, on behalf of the PSC and Mr. Mike Levy, on

23  behalf of the FDA, spoke today and will be speaking again about

24  cost issues.  We'll serve very shortly on Sharon Smith, the U.S.

25  Attorney, our motion to challenge the FDA's privilege log, but we

                                                      12


1  will make it a very precise targeted objection to only a certain

2  number of documents and ask that with the motion is filed that

3  the hearing date and briefing time on those issues be expedited.

corrected transcript

4          THE COURT: Okay. With regard to the first issue, the
5    cost, I expressed my view to the FDA that I appreciate them
6    meeting with plaintiff's counsel and discussing an amicable way
7    of resolving any particular cost issues. I appreciate any
8    understanding from the FDA and the Court would appreciate any
9    help they can give on that. If it cannot be resolved amicably,
10   then it should be set for me. In a contradictory motion, I'll
11   hear from the parties and I'll rule on it.

12         The other issue is that of production of the privilege.
13   My thinking is that if the precise documents are objected to or
14   some limited amount that's at issue, I'm going to instruct the
15   FDA to deliver those documents for an in-camera inspection and
16   I'll review them and be able to rule on it as quickly as I can.

17         And with regard to the -- also, the outstanding
18   privilege issues that involve Merck, I have received at my
19   request, Merck delivered to me all of the documents at issue.
20   There are some 80 or 90,000 documents, boxes stacked up to the
21   wall. What my plan is there is to have the parties devise
22   categories. I've given them my suggestions as to categories.
23   They may have to flush out or create another category or two.

24         Those documents would be electronically placed in each
25   of those categories and then I'll review a representative sample

                                                              13

1    of each of the categories and rule on that. I'm not able to look
2    at 80 or 90,000 documents. I'll have to shorten that process,
3    but that's what we're going to be doing on that and I'll rule on
4    it and get those issues resolved.

5          Discovery directed to third parties?

6          MR. HERMAN: No issue, Your Honor.

                         Page 11

corrected transcript

7      THE COURT:  What about deposition scheduling?

8      MR. HERMAN:  Your Honor has already addressed that the

9  MDL or PSC has the primary role in taking those depositions at

10  the seven-hour period.  It may have to be extended.  The

11  defendants have agreed to provide me, in advance, any dates that

12  notices will be of depositions so then we can liaison with the

13  state attorneys and attempt to resolve any issue, but we'll need

14  to know the dates in advance of the notice being filed.

15      MR. WITTMANN:  On cross-noticing of these depositions,

16  Judge, we'll try and give ten day's notice, and if for some

17  reason something is expedited, we'll contact Mr. Herman or

18  Ms. Barrios and get them to work with us on what needs to be

19  expedited.  We always try to make a ten-day notice, Judge.

20      THE COURT:  Great.

21      MR. HERMAN:  Mr. Wittmann and I have discussed with

22  Your Honor this morning, pretrial order Number 17, and I wish to

23  have it clarified, I'll meet with Mr. Wittmann hopefully next

24  week and we'll see if we can work out that issue as between us

25  without having the Court deal with it.

14

1      MR. WITTMANN:  I think we can resolve that, Judge.

2      THE COURT:  Yeah, that issue should be able to be

3  resolved.  I'm counting on the parties to do that.

4      The next item is plaintiff profile form and Merck

5  profile forms.

6      MR. HERMAN:  There has been some contentiousness between

7  the parties, albeit righteous differences of opinion.  We're

8  concerned about the defendants, let's see if I can find a

9  delicate way to say this, the defendants picking at certain

10  answers or nonanswers, which we don't think are really germane.

Page 12

corrected transcript

11        THE COURT:  Scrutinizing is a better term.

12        MR. HERMAN:  That is a much better term, thank you,

13   Your Honor.

14            And on the other hand, Merck would like to have some

15   amendments to the Merck form.  We're presently attempting to

16   resolve both of these issues through discussions.  Hopefully, we

17   can do that very shortly.

18        THE COURT:  Let's not work yourself out on dealing with

19   that issue.  I would like to see both of you resolve it, but if

20   you can't resolve it, then give it to me and I'll revolve it

21   immediately.  Let's not spend a great deal of time on something

22   like this.

23        MR. WITTMANN:  No, we're not doing -- what we're doing

24   now actually is when we just run the gamut with the plaintiff

25   profile forms, we decided to go forward with Your Honor's

                                                              15


1   suggestion.  We're filing motions to dismiss in groups of 25, and

2   we filed 75 motions to dismiss this morning in three separate

3   motions.

4        THE COURT:  I'll set them for hearing.  I'll instruct

5   that we'll serve the parties and hear from them after giving the

6   proper notice and an opportunity to be heard.  If profile forms

7   are not forthcoming, then I'll have no alternative but to dismiss

8   the case for lack of prosecution.  But we'll take that one step

9   at a time.

10            Federal state coordination.  State liaison committee?

11        MS. BARRIOS:  Good morning, Your Honor, Dawn Barrios for

12   the State Liaison Committee.  On behalf of the New Jersey and the

13   Texas litigants, I would appreciate the effort that Merck has

                            Page 13

corrected transcript

14  extended, as well as the PSC, Your Honor, for helping work out

15  the cross-notice issue.  I was alerted to that about two weeks

16  ago and I have contacted Merck and the PSC and I was happy that

17  everybody was able to resolve it.

18          I also have, Your Honor, the CD for the Court on all

19  the orders of remand and the motions for remand.  We have not

20  been able to find any in 2006, but this CD represents a

21  comprehensive list of everything we've given to you before.

22          THE COURT:  Thank you very much.

23          MS. BARRIOS:  Thank you, Your Honor.

24          THE COURT:  You bet.

25          MR. HERMAN:  Your Honor, I neglected under discovery in

16

1  the FDA to mention something very important to plaintiffs, both

2  in federal and state action, and that has to do with Dr. Graham's

3  deposition and the FDA's motion to quash.

4          The FDA is looked at by plaintiffs not as a watchdog

5  agency, but as a protective agency for the benefit of drug

6  companies, particularly evidenced by their recent effort upon

7  lobbying by drug companies to have a total preemption in

8  litigation for drugs that are once approved by an under-funded

9  FDA which has no laboratories of its own.

10          In the upcoming trial, Mr. Beck is an extraordinarily

11  gifted attorney who has used, in prior trials and in the Irvin

12  prior trial, an FDA defense of one sort or another.  It may not

13  be possible to get the Graham deposition at this juncture, but on

14  behalf of all plaintiffs, I would be remiss if I didn't state how

15  critically important it is for plaintiffs to at least have access

16  to those FDA officials and former FDA officials who have the

17  courage to speak out about the FDA.  And I make this statement to

Page 14

corrected transcript

18   Your Honor knowing that it may not be possible to have a ruling
19   at this point, but it is of paramount importance.
20        THE COURT:  I do understands the issue.  I've received
21   that issue about five or six days ago, and through no fault of
22   anybody, and in the middle of this litigation, I'm dealing with a
23   lot of motions in limine and a lot of deposition review and
24   things of that nature.  But I am conscious of it.  I'm in the
25   process of working on the issue and I will get it out.

17

1   Unfortunately, I don't see my ability to get it out before this
2   trial, because it may be meaningless if there are depositions to
3   be taken, it's distracting to the attorneys.  So I'll issue it
4   whenever I can, but I'll get on that immediately.  I understand
5   the issue fully.
6        MR. WITTMANN:  And you understand our position, too,
7   Your Honor?
8        THE COURT:  Yes, I do.  Right.  And I note your position
9   and FDA's position and the plaintiff's position.
10        Pro se claimants?
11        MR. WITTMANN:  Yes, Your Honor, we've had a problem with
12   pro se prisoner complaints and we need to clarify provisions of
13   preorder 15A so that we can be relieved of having to respond to
14   these pro se complaints.  I've talked to Mr. Davis and Mr. Herman
15   about that and hopefully we'll be able to reach some resolution
16   of that before our next conference.
17        THE COURT:  A couple of issues there.  One is the proper
18   pro se person filing the case and interrupting prescription or
19   doing whatever they need to do to make their presence known.  The
20   problem is is that that can't consume the litigant's in this

corrected transcript

21  particular case, so we've got to devise a way of at least

22  recognizing those or putting them on ice in some form or fashion,

23  and then the next step, of course, is, we need to appoint a

24  curator to at least look into those cases and recommend or

25  discuss or advise these people of their various rights.  It

18

1  really is a two-step process.  If the parties can't resolve it,

2  I'll do it.

3          Motion for clarification of pretrial order Number 19.

4  That's an issue that I understand that the parties would like an

5  opportunity to discuss with me in chambers.  I'll do that

6  afterwards.  Counsel, why don't you make your presence on the

7  record.

8          MR. THOMPSON:  Fred Thompson.  I am the movant in that.

9  You're correct, if we could have an opportunity to discuss this,

10  I think we would resolve it.

11          THE COURT:  Okay, fine.  I appreciate you being here,

12  Mr. Thompson.  I looked at your motion, and I think we can

13  resolve it.  Hopefully you and Mr. Hampton have some preliminary

14  discussions and then we'll meet in the conference room after this

15  meeting and we'll see you there.  Thank you very much.

16          The Motion to Dismiss foreign class action.

17          MR. HERMAN:  The PSC has no position on that issue.

18          THE COURT:  Where are we with that, Mr. Wittmann?

19          MR. WITTMANN:  Briefing is not complete, but it was

20  scheduled for hearing initially on February 2nd, but the parties

21  have agreed that the motion shouldn't be heard because of the

22  fact that briefing is not complete.  And I don't think a date has

23  been selected, has it, Mr. Beisner?

24          THE COURT:  Let me hear from the parties, the counsel

corrected transcript

25  for the plaintiff or the movers.

19

1        MR. MOLL:  Your Honor, Kenneth Moll on behalf of the
2   foreign plaintiffs.  Our firm has had on file a complaint for
3   foreign plaintiffs over a year and this court has stayed
4   litigation in these cases for about a year.  So I think the mere
5   filing of the FNC motion in this court violates the stay order,
6   and I think that's the first issue that needs to be addressed by
7   Your Honor.
8        THE COURT:  Okay.  Anything?
9        MR. BEISNER:  Your Honor, the background on this is that
10  the order, the case management order in this case, was the fact
11  that any class claim that the PSC wished to proceed with should
12  be filed in the form of a master complaint.  These claims were
13  left out by the PSC, so there was an indication that they were
14  not going to proceed with those.  We would like to get that
15  cleaned up, and there is, not only a reason under the case
16  management order to do that, but also a substantive reason to
17  dismiss these claims.  So that's why we've brought the claim,
18  they think it should be heard.  These claims are from
19  jurisdictions all over the world and there needs to be a
20  resolution as to whether or not these claims are going to be
21  heard here or not, because the PSC is not pursuing them.  So we
22  believe this motion should be heard right away, Your Honor.
23        THE COURT:  All right.  Well, let me set some briefing
24  schedule on that issue, too.  That's a preliminary issue that we
25  should deal with.

20

Page 17

corrected transcript

1        MR. MOLL:  Yeah, pursuant to order Number 1, the cases

2   are stayed.  The Court issued a subsequent order to order Number

3   16 that directed the PSC to file a master class action complaint

4   for all class actions and they elected not to file on behalf of

5   all claimants, and, therefore, there is some confusion whether or

6   not this is a PSC issue.

7        THE COURT:  Sure.  We need to resolve those so that

8   you're not just hanging one way or the other.  You need to know

9   where you are and whether you've interrupted prescription,

10  various other things --

11       MR. MOLL:  Well, we would submit that it's not only

12  stayed, but I think it's premature in Lexicon.

13       THE COURT:  Could well be, it could well be.  But give

14  me some input from you all as to what time you need.  What's a

15  reasonable briefing?

16       MR. MOLL:  Are you asking for a briefing, because we

17  could work out a briefing schedule --

18       THE COURT:  Would you do that?

19       MR. MOLL:  -- with respect to the premature or the

20  initial issue.

21       THE COURT:  Do that, split the issues, let me look at

22  them and get together on some kind of briefing schedule.

23       MR. MOLL:  Thank you, Your Honor.

24       MR. HERMAN:  Your Honor, may I address the Court?

25       THE COURT:  Sure.

                                                              21


1        MR. HERMAN:  On behalf of the PSC, although we take no

2   position with regard to the foreign nonconvenience argument, we

3   do take a position with regard to the stay.  We do not choose to

Page 18

corrected transcript

4  bring that claim in our master complaint and we would like it

5  resolved.  We don't want it staying here like heartburn for the

6  rest of the litigation.

7       THE COURT:  Okay.  All right, the next item --

8       MR. LEVIN:  Heartburn was Propulsid.

9       MR. HERMAN:  I'm in the right court.

10      THE COURT:  Next item is Louisiana Attorney General.

11      MR. WITTMANN:  Yes, Your Honor, I spoke to Mr. Dugan

12  this morning and we're going to meet again this week or next week

13  after we finished the jury selection in the Plunkett case, and

14  that matter is set for hearing on February 15th.  And we'll be

15  filing our response next week.

16      MR. DUGAN:  Morning, Judge.

17      THE COURT:  Good morning.

18      MR. DUGAN:  James Dugan on behalf of the Louisiana

19  Attorney General and Blue Cross of Louisiana.  And that is

20  correct.  Hearing is set the 15th on the motion.  We filed a

21  motion for expedited consideration of the motion to remand the

22  attorney general case, or the alternative, the motion to

23  consolidate both of the cases for trial.  In accordance with

24  Your Honor's directive to try a case in this court, Louisiana

25  attorney general and Blue Cross of Louisiana would just like

                                                              22


1  their day in court, Your Honor.

2       THE COURT:  What do you anticipate?  How many cases;

3  what are we dealing with?

4       MR. DUGAN:  Two cases, Your Honor, two single cases

5  consolidated.  One is a private economic claim and the other is a

6  public economic claim.  A very similar case was tried in the

Page 19

corrected transcript

7 tobacco litigation on behalf of Minnesota Blue Cross and the

8 Minnesota attorney general.  So it absolutely can be tried, Your

9 Honor, and I would be more than happy to meet with Mr. Wittmann

10 to work out a schedule.

11          MR. WITTMANN:  I think we'll have some motions with

12 respect to those cases before we reach that point, Your Honor.

13          THE COURT:  I understand.  All right.  Get with me,

14 then, on the -- when can you all do that; when can you work out a

15 schedule?

16          MR. WITTMANN:  We'll meet next week, Your Honor, and get

17 you a schedule.

18          THE COURT:  Okay.  That's good.

19          MR. DUGAN:  Thank you, Judge.

20          THE COURT:  Thank you.  New motions?  That's the last

21 item on the agenda.

22          MR. WITTMANN:  Just one.  We have a motion that's been

23 filed in the Magee case, Magee v. Merck, a motion to modify

24 pretrial order 18B to relieve plaintiffs from having to upload

25 medical records via LexisNexis file and serve.

                                                        23


1          THE COURT:  What is that one about?  Is anybody here

2 from the plaintiffs on that particular matter?

3          MR. WITTMANN:  I don't know.

4          MR. HERMAN:  No, Your Honor.

5          THE COURT:  I have two rules in the MDL.  One rule, of

6 course, is to look at the individual cases.  I do that by setting

7 it for trial and hearing from individuals.  But I also have a

8 global rule and the global rule is to keep in mind all of the

9 cases and to make them run efficiently and not to consume all of

10 the expense or time in dealing with it, and that's why it's --
                          Page 20

corrected transcript

11  with medical records, it's easier to upload than it is to get

12  them in hard copy.  It might not matter for one case, but it

13  matters for a hundred thousand cases.  And so I want to give the

14  plaintiff an opportunity to speak on that issue, but I don't see

15  doing it in one case.

16          I just -- you know, I've given it a lot of thought when

17  we went into the uploading and methods of disseminating this

18  information, and if you have to do it in hard copy, it's going to

19  take too long and it's going to take too many resources.  So

20  it's -- I don't see it being done or able to be done in all the

21  cases.  And I can't just single one out and say, Do it in this

22  particular case.  So I'm concerned about this request.

23          MR. HERMAN:  Your Honor, it's -- the motion was just

24  filed.  The PSC hasn't had an opportunity to really consider it

25  for position.  I think that Mr. Wittmann and I would both prefer

                                                                    24


1   that it be set down for the next status conference, and in the

2   meantime, we can contact the attorney and Your Honor can provide

3   whatever scheduling Your Honor wants.

4           THE COURT:  All right.  That's fair enough.  I'll do

5   that.

6           Any new business?  Either from the PSC or from the

7   audience regarding this status conference?  March 3rd.  I'm told

8   that's the Friday of Mardi Gras week.  Is that a problem for

9   anybody, March 3rd?

10          MR. WITTMANN:  A problem for me.

11          MR. HERMAN:  Are you costuming this year?

12          MR. WITTMANN:  No, I'm going to Key West.

13          MR. HERMAN:  Are you fishing?

corrected transcript

14         MR. WITTMANN:  Yes, I am.

15         MR. HERMAN:  I'll be there, too.  How about the next

16  week, Your Honor.

17         THE COURT:  March 23rd is the best I can do.  It's heavy

18  criminal trials between then.

19         MR. WITTMANN:  March 23rd?

20         THE DEPUTY CLERK:  It's a Thursday.

21         MR. HERMAN:  Your Honor, would Your Honor consider

22  setting that at 10 o'clock?

23         THE COURT:  Yeah, that's fine.  We'll do that.  And I'll

24  see liaison counsel before the meeting at 9 o'clock.

25         Anything further?

                                                              25


1         Thank you very much.  The court will stand in recess.

2         THE DEPUTY CLERK:  Everyone rise.

3                    (End OF COURT)

4                    *    *    *

5

6

7

8

9

10

11

12

13

14

15

16

corrected transcript

17
18
19
20
21
22
23
24
25

26

1                    REPORTER'S CERTIFICATE

2

3        I, Cathy Pepper, CCR, RPR, CRR, Official Court Reporter,

4   United States District Court, Eastern District of Louisiana, do

5   hereby certify that the foregoing is a true and correct

6   transcript, to the best of my ability and understanding, from the

7   record of the proceedings in the above-entitled and numbered

8   matter.

9

10

11

12                           Cathy Pepper, CCR, RPR, CRR

13                           Official Court Reporter

14

15

16

17

18

19

20

Page 23

21

22

23

24

25

**Kenneth B. Moll & Associates, Ltd.**
Three First National Plaza, 50th Floor
Chicago, Illinois  60602

tel 312 558-6444
fax 312 558-1112
toll free 888 882-3453

February 8, 2006

**K:M**

**VIA FACSIMILE**
202.383.5414

Mr. John H. Beisner
O'MELVENY & MEYERS, LLP
1625 Eye Street
Washington DC 20006

Re:   *VIOXX MDL 1657 - FORUM NON CONVENIENS*

Dear Mr. Beisner:

Pursuant to Judge Fallon's instructions at the February 2, 2006 Status Conference, we are proposing the following briefing schedule: 28 days (March 8, 2006) to file our firm's Motion; 14 days thereafter (March 22, 2006) to file Merck's response; and 7 days thereafter (March 29, 2006) to file our firm's reply.  Additionally, we propose that oral argument be scheduled for the April 2006 Status Conference.  Please let me know if the above briefing schedule meets with your approval.

Thank you for your time and attention to this matter.  Please do not hesitate to call or email me at bjl@kbmoll.com should you have any questions or concerns regarding this matter.

Sincerely,

Becky J. Lee
BJL/TKD

EXHIBIT



# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1625 Eye Street, NW | NEWPORT BEACH |
| BRUSSELS | Washington, D.C. 20006-4001 | NEW YORK |
| CENTURY CITY | | SAN FRANCISCO |
| HONG KONG | TELEPHONE (202) 383-5300 | SHANGHAI |
| LONDON | FACSIMILE (202) 383-5414 | SILICON VALLEY |
| LOS ANGELES | www.omm.com | TOKYO |

OUR FILE NUMBER
600,000-010

WRITER'S DIRECT DIAL
(202) 383-5157

WRITER'S E-MAIL ADDRESS
jmiller@omm.com

February 17, 2006

Kenneth Moll
Kenneth B. Moll & Associates, Ltd.
Three First National Plaza, 50th Floor
Chicago, Illinois 60602

**VIA EMAIL**

Re:  *In re Vioxx Prod. Liab. Litig.*

Dear Ken:

I am writing to follow up on our conversation last week regarding the pending motion to dismiss the foreign class actions in the MDL proceeding. As we discussed last week, we do not believe there is any basis for your belief that the cases are stayed. To the contrary, the Court's Minute Order dated February 2, 2006 asks the parties to work out a briefing schedule on the motion to dismiss.

Now that the Minute Order has clarified any confusion, we would propose that your opposition be due March 24th and Merck's reply be due April 14th.

Please let me know if those dates are acceptable and I will inform the Court.

Sincerely,

Jessica D. Miller

Jessica D. Miller

cc: Phil Wittmann

**EXHIBIT**
3

**Kenneth B. Moll & Associates, Ltd.**
Three First National Plaza, 50th Floor
Chicago, Illinois 60602

tel 312 558-6444
fax 312 558-1112
toll free 888 882-3453

February 24, 2006

**KBM**

**VIA FACSIMILE**
202.383.5414

Ms. Jessica Miller
O'MELVENY & MEYERS, LLP
1625 Eye Street, N.W.
Washington DC 20006

Re:   *IN RE VIOXX PRODUCTS LIABILITY LITIGATION, MDL NO. 1657*

Dear Jessica:

In response to your letter dated February 17, 2006, please be advised that the February 2, 2006 Status Conference transcript clearly indicates Judge Fallon's request to split and brief the following issues: (1) prematurity and the Court's Stay Order and (2) the FNC issue. Respectfully, we disagree with your position that the FNC issue should be briefed prior to the resolution of the first issue.

We intend to file a Motion to Strike Defendant's Motion to Dismiss all Foreign Class Action Complaints on Forum Non Conveniens Grounds by March 7, 2006. We propose that Merck file its response 14 days following the filing of our motion (March 21) and that we file our reply 7 days thereafter (March 28).

In the event that Judge Fallon denies the above-referenced Motion, we would propose that discovery be completed within 120 days of the Court's denial; Plaintiffs respond to Defendant's Motion to Dismiss no later than 45 days after discovery is completed; Defendants file their reply within 30 days thereafter; and oral argument be scheduled by the Court.

Please inform us whether the above schedule is acceptable so that we may submit the agreed-upon schedule to the Court. Thank you for your time and attention to this matter.

Sincerely,

Tiffany K. Donnelly
TKD/bjl

www.kbmoll.com



EXHIBIT
4

# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER

PHILLIP A. WITTMANN
DIRECT DIAL: (504) 593-0804
DIRECT FAX: (504) 596-0804
EMAIL: PWITTMANN@STONEPIGMAN.COM

66,000

March 6, 2006

Kenneth B. Moll, Esq.
Kenneth B. Moll & Associates, Ltd.
Three First National Plaza, 50th Floor
Chicago, IL 60602

Re:   VIOXX® Product Liability Litigation, MDL 1657

Dear Mr. Moll:

I have reviewed the correspondence between you and Ms. Jessica Miller regarding the briefing schedule in connection with Merck's Motion to Dismiss all Foreign Class Action Complaints. We were directed to formulate such a schedule by Judge Fallon's Minute Entry of February 2, 2006. I understand that you have a disagreement with the terms of that order.

As you probably know, we conduct frequent conferences in the MDL with Judge Fallon to resolve disagreements such as this. I spoke to the Judge's Clerk today and he advised me that we could take this matter up with the Court at our next conference on March 15, 2006 at 10:00 a.m. You may participate by telephone if you wish, and the call-in number is 1-800-473-7794. Let me know if you have any questions.

With kind regards, I remain

Sincerely,

*Phil Wittmann*

Phillip A. Wittmann

PAW/dlm
cc:   Jessica Miller, Esq.
      Douglas Marvin, Esq.



801036v.1