FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 24  PM 12: 04

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| *This Document Relates To All Foreign* | * | |
| *Claimants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' MOTION TO CLARIFY APPLICABILITY OF TOLLING AGREEMENT TO FOREIGN CLAIMANTS

Plaintiffs' Counsel hereby brings this Motion to Clarify Applicability of Tolling Agreement to Foreign Claimants before this Court.

The reasons supporting this motion are more fully set forth in the accompanying supporting memorandum and Appendix of Exhibits, which are incorporated as if fully set forth herein.

WHEREFORE, Plaintiffs' Counsel for all of Plaintiffs' Counsel's foreign

**K:3M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

claimants respectfully requests that this Court grant Plaintiffs' Motion to Clarify Applicability of Tolling Agreement to Foreign Claimants, or some variation thereof, within the Court's discretion.

Respectfully Submitted,

Kenneth B. Moll, Esq.
Pamela G. Sotoodeh, Esq.
Tiffany K. Donnelly, Esq.
Becky J. Lee, Esq.
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, IL 60602
TEL: 312.558.6444
FAX: 312.558.1112
www.kbmoll.com



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| *This Document Relates To All Cases* | * | |

* * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CLARIFY APPLICABILITY OF TOLLING AGREEMENT TO FOREIGN CLAIMANTS

Foreign Claimants respectfully request that this Court clarify the applicability of the Tolling Agreement to foreign claimants and in support thereof offer the following:

### I. THE TOLLING AGREEMENT APPLIES TO ALL VIOXX CLAIMANTS EXCEPT NEW JERSEY CITIZENS

On June 1, 2005, Lead Counsel for the parties agreed to and executed a Tolling Agreement which was filed with this Court on June 9, 2005 and served on all parties (See Exhibit 1). The Tolling Agreement clearly states that it applies to all Vioxx claimants except New Jersey citizens. According to Section One of the Tolling Agreement:

> Except as provided in Paragraph 2, any time periods for filing or pursuing claims and/or notices required to be given under applicable law in order to preserve rights to claims in any matters against Merck involving claims of personal injury, loss of consortium, or any other damages allegedly caused by the use of VIOXX® shall be tolled for each Claimant, and any spouse or child of Claimant



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

with a proper derivative claim . . . <u>Tolling Agreement</u> at p.1.

The only class of people the Tolling Agreement intended to exclude are New Jersey citizens, as stated in Section two which specifically provides, "[t]his Agreement does not apply to New Jersey citizens." The Tolling Agreement does not contain any language that excludes foreign claimants.

Prior to entering into this Agreement, Merck was fully aware of lawsuits filed against it on behalf of foreign claimants. If Merck intended to exclude foreign claimants, it would have been stated in the Tolling agreement. Since this language is not in the agreement, foreign claimants cannot be excluded.

## II. FOREIGN CLAIMANTS JUSTIFIABLY RELIED UPON THE CLEAR AND UNAMBIGUOUS TERMS OF THE TOLLING AGREEMENT AND MERCK IS ESTOPPED FROM EXCLUDING THEIR CLAIMS

In reliance on the clear and unambiguous terms of the Tolling Agreement, pursuant to Paragraph 3(a) of the Tolling Agreement, Notices for 187 Claimants were sent to Merck on September 30, 2005. On October 30, 2005, and within 30 days of the Notice, 182 fully completed Claimant Profile Forms (CPFs), fully executed authorizations and complete copies of all medical records were sent to Merck pursuant to Paragraph 3(b) of the Tolling Agreement. 36 additional Notices and 34 fully completed Claimant Profile Forms (CPFs), fully executed authorizations and complete copies of all medical records were sent to Merck after October 30, 2005.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

On November 16, 2005, Merck first notified Claimants that, in their opinion, the Tolling Agreement does not apply to residents of foreign countries (Exhibit 2).[1] This letter was the first of many letters between Claimants and Merck disputing the applicability of the Tolling Agreement to foreign residents (See e.g. Exhibits 3, 4 and 5).

At least four law firms relied upon the clear terms of the Tolling Agreement and submitted Notices and Claimant Profile Forms to Merck for foreign claimants. As a concession, on December 30, 2005, Merck agreed to toll the claims of foreign residents filed by these four law firms until January 6, 2006 (Exhibit 6). On January 6, 2006, Merck again agreed to toll the foreign claims for an additional thirty days (Exhibit 7).

On December 13, 2005 and December 29, 2005, Claimants requested clarification of the issue from Plaintiffs' Liaison Counsel (Exhibit 8). To date, the parties have been unable to reach an accord on the issue and the PLC is silent on the issue. Therefore, claimants submit this motion for ruling by this Honorable Court.

---

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50™ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

[1] Merck did not clarify whether the tolling agreement should be applied to U.S. residents that purchased, consumed and were injured in foreign countries; foreign residents that purchased, consumed and were injured in the U.S.; foreign residents that purchased Vioxx in the U.S. and were injured in foreign countries; foreign residents that sought treatment in the U.S., etc.

WHEREFORE, Foreign Claimants hereby respectfully request that this Honorable Court Clarify the Applicability of the Tolling Agreement to Foreign Claimants and order that the Tolling Agreement does not exclude Foreign Claimants. In the alternative, in the event that this Court rules that the Tolling Agreement should not apply to foreign residents, request is made to order tolling until a date in the future that will allow for sufficient time to notify all foreign residents who justifiably relied upon the Tolling Agreement to file suit.

RESPECTFULLY SUBMITTED,

By: _____

Kenneth B. Moll
Pamela G. Sotoodeh
Tiffany K. Donnelly
Becky J. Lee
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
Tel: 312.558.6444
Fax: 312.558.1112
www.kbmoll.com

KBM

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| *This Documents Relates To All Foreign* | * | |
| *Claimants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF HEARING

Please take notice that, upon the matter of Plaintiffs' Motion to Clarify Applicability of Tolling Agreement to Foreign Claimants, the undersigned will move the Court before the Honorable Judge Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, LA 70130, at the next available hearing date on April 12, 2006, at 9:00 o'clock a.m., for an



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

order on Plaintiffs' Motion to Clarify Applicability of Tolling Agreement to Foreign

Claimants, and for such other and further relief as the Court may deem just and

appropriate.

Respectfully submitted,

Kenneth B. Moll
Pamela G. Sotoodeh
Tiffany K. Donnelly
Becky J. Lee
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, IL 60602
TEL.: 312.558.6444
FAX: 312.558.1112
www.kbmoll.com

**K:3M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion and Incorporated Memorandum In Support of Plaintiffs' Motion to Clarify Applicability of Tolling Agreement to Foreign Claimants has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 22nd day of March, 2006. I hereby certify that I have sent two copies of the above and foregoing Motion for filing purposes on the Clerk's Office for the Eastern District of Louisiana at 500 Poydras Street, Room C-151, New Orleans, LA 70130. I also certify that I have conferred with opposing counsel in a good-faith effort to resolve the instant matter without court involvement pursuant to Pre-Trial Order #17.

Kenneth B. Moll
Pamela G. Sotoodeh
Tiffany K. Donnelly
Becky J. Lee
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, IL 60602
TEL: 312.558.6444
FAX: 312.558.1112
www.kbmoll.com



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN -9 PM 12: 32

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * *

## NOTICE OF FILING OF TOLLING AGREEMENT

PLC and DLC jointly submit the attached Tolling Agreement that has been executed and agreed to by Lead Counsel for the respective parties. As set forth in the Tolling Agreement, the parties have agreed to toll certain claims for alleged injury from the use of VIOXX®, subject to the terms and conditions contained therein.

Respectfully submitted,

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

Phillip A. Wittmann (Bar No. 13625)
Anthony DiLeo (Bar No. 4942)
Dorothy H. Wimberly (Bar No. 18509)
*Stone Pigman Walther Wittmann L.L.C.*
546 Carondelet Street
New Orleans, LA 70130-3588
PH: (504) 581-3200
FAX: (504) 581-3361

**Defendants' Liaison Counsel**

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No_____

**EXHIBIT**
1

775511v.1

# C E R T I F I C A T E

I hereby certify that the above and foregoing Notice of Filing of Tolling Agreement has been served upon all parties by uploading the same to Lexis Nexis File & Serve Advanced in accordance with Pretrial Order No. 8, on this __9th__ day of June, 2005.

*Phil Wittmann*

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|                          |   |                       |
|--------------------------|---|-----------------------|
| IN RE: VIOXX             | * | MDL NO. 1657          |
|     PRODUCTS LIABILITY   | * |                       |
|     LITIGATION           | * | SECTION: L            |
|                          | * |                       |
|                          | * | JUDGE FALLON          |
|                          | * |                       |
|                          | * | MAG. JUDGE KNOWLES    |

* * * * * * * * * * * * * * * * * * * * * * * *

### TOLLING AGREEMENT

WHEREAS, the Plaintiffs Steering Committee ("PSC") has stated that the members of the PSC and the other plaintiffs' counsel in this proceeding represent numerous individuals who seek to assert claims alleging either that use of VIOXX® caused them to experience a myocardial infarction or ischemic stroke or that they are the legal representative of a person, or of the estate of a person, who experienced such an event (collectively "Claimants"); and

WHEREAS, the parties have agreed that it would be appropriate at this time to defer litigation of some of those claims;

THEREFORE, the Plaintiffs' Co-Lead Counsel and Merck, through counsel, have agreed as follows:

1.      Except as provided in Paragraph 2, any time periods for filing or pursuing claims and/or notices required to be given under applicable law in order to preserve rights to claims in any matters against Merck involving claims of personal injury, loss of consortium, or any other damages allegedly caused by the use of VIOXX® shall be tolled for each Claimant, and any spouse or child of Claimant with a proper derivative claim, from the Effective Date of this Agreement until the Termination Date, subject to the following conditions:

(A)    The alleged injury must result from a thrombotic cardiovascular event resulting in a myocardial infarction or ischemic stroke ("Cardiovascular Event")

(B)    If any Claimant files any lawsuit concerning a tolled claim or claims, the Claimant shall file such lawsuit only in (i) a federal court with proper personal and subject matter jurisdiction and will consent to the transfer of the lawsuit to this MDL proceeding or (ii) directly in the federal district court in the Eastern District of Louisiana pursuant to Pretrial Order No. 11 entered in this MDL proceeding.  If a Claimant files a lawsuit in state court, or resists transfer to this MDL proceeding of a case filed in federal court, no tolling under this Agreement shall apply, and the statute of limitations shall be deemed to have run without suspension or interruption as if this Agreement did not exist.

(C)    Any Claimant who seeks to have his or her claims against Merck tolled pursuant to this Agreement must first provide to Defendants' Liaison Counsel, to the best of the Claimant's knowledge and ability, the information requested on the attached Exhibit A, along with an authorization for the collection of medical and certain other records in the form set out in Exhibit B, and shall provide a copy thereof to Plaintiffs' Liaison Counsel.  Merck agrees that it will make the medical records available to counsel for the Claimant on a web-based service pursuant to the same terms and conditions governing access to records relating to plaintiffs in the MDL proceeding.

2.    This Agreement does not apply to New Jersey citizens.

3.    The Effective Date of this Agreement as to each Claimant shall be the date on which Defendants' Liaison Counsel receives from that Claimant (a) a notice in the form set out in Exhibit C setting forth the Claimant's name, address, social security number and alleged injury ("Notice"), or (b) a fully completed fact sheet (Exhibit A) and fully executed authorization

(Exhibit B).  The Notice shall be sent by fax or by e-mail to Defendants' Liaison Counsel.  In the

event that Claimant submits a Notice pursuant to this Paragraph 3(a) instead of Exhibits A or B

pursuant to Paragraph 3(b), Claimant shall transmit to Defendants' Liaison Counsel a fully

completed fact sheet (Exhibit A) and fully executed authorization (Exhibit B) within thirty (30)

days of the date of the transmission of the Notice.  Within three (3) business days of the date of

receipt of Exhibits A and B, Defendants' Liaison Counsel shall notify Claimant's Counsel by fax

or by e-mail of the receipt of Claimant's submission and send a copy of such notice to Plaintiffs'

Liaison Counsel.  Within thirty (30) days of the date of receipt, Defendants' Liaison Counsel

may notify Claimant's Counsel in writing, with a copy to Plaintiffs' Liaison Counsel, that the

information provided by the Claimant is incomplete.  Thereupon, Claimant shall have thirty (30)

days to resubmit complete information, during which time the Agreement shall remain in effect

as to the Claimant.  Within thirty (30) days of any resubmission of the requested information,

Defendants' Liaison Counsel shall either (a) confirm in writing to Claimant's Counsel (with a

copy to Plaintiffs' Liaison Counsel) that the Agreement has become effective as to the Claimant,

in which case the Effective Date shall remain the date of receipt of the original submission, or (b)

notify Claimant's Counsel in writing (with a copy to Plaintiffs' Liaison Counsel), that the

Agreement is not effective as to the Claimant, in which case the Agreement shall terminate as to

that Claimant thirty (30) days after the date of such notice.

      4.     In the event that the medical records collected for a particular Claimant do not

reflect a Cardiovascular Event, Defendants' Liaison Counsel may, at any time, notify Claimant's

Counsel (with a copy to Plaintiffs' Liaison Counsel) that there is no documentation to support

the occurrence of a Cardiovascular Event.  Thereupon, Claimant's Counsel shall have ninety (90)

days to submit documentation to demonstrate that the Claimant did experience a Cardiovascular

Event.  (In the event that Claimant's Counsel is unable to secure necessary medical records within the ninety (90) day period, the parties agree to exercise good faith in extending the deadline for submission of the medical records, provided that the Claimant exercised due diligence in attempting to secure the records in the ninety (90) day period.)  Within forty-five (45) days of the submission of the additional documentation, Defendants' Liaison Counsel shall either (a) confirm in writing to Claimant's Counsel (with a copy to Plaintiffs' Liaison Counsel) that the Agreement remains effective as to the Claimant or (b) notify Claimant's Counsel in writing (with a copy to Plaintiffs' Liaison Counsel) that the Claimant has not met the terms of the Agreement, in which case the Agreement shall terminate as to that Claimant thirty (30) days after the date of such notice

5.      Nothing in this Agreement shall be interpreted to revive or render legally viable a claim that was time-barred under applicable law prior to the Effective Date.

6.      The Termination Date of this Agreement shall be the date 120 days after Plaintiffs' Liaison Counsel receives written notice from Defendants' Liaison Counsel that Merck is terminating the Agreement.  (A copy of such notice shall be sent to each Claimant's Counsel.)  Plaintiffs may not submit new cases for tolling during said 120-day period following receipt of notice.  If the Agreement is terminated for any reason, the tolling will end effective as of the Termination Date.  In calculating the effect of tolling under this Agreement after termination, only the time period during which tolling was effective will be excluded when calculating any period of limitations applicable to any Claimant; otherwise, the limitations period will be treated as running continuously before and after the period of tolling.

7.      The acceptance of a claim for the purposes of tolling such claim under this Agreement shall not be treated as an admission in any way, including, without limitation, that a

Cardiovascular Event or injury actually occurred or that VIOXX® caused or was associated with the Cardiovascular Event or injury.

        8.      To the extent that this Agreement would not be effective in federal court under an applicable state law, Merck agrees to waive or not file or otherwise advance any argument, defense, exception, motion, or other pleading based upon the untimeliness of a Claimant's filing that would have been unavailable had the Agreement otherwise been effective.  Additionally, Merck agrees to take any affirmative action necessary to make this agreement valid in federal court under any applicable state law.

        9.      Any dispute arising under this Agreement shall be submitted to the MDL Court for resolution.

        10.     This Agreement may be signed in counterpart.

Dated: June 1, 2005

On Behalf of the
Plaintiff's Steering Committee

On Behalf of Merck & Co., Inc.

Christopher A. Seeger
Co-Lead Counsel

Douglas R. Marvin
Lead Counsel

5

## STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER

66,000

November 16, 2005

BY FAX (312) 558-1112

Pamela G. Sotoodeh
Kenneth B. Moll & Associates, LTD
Three First National Plaza 50th Floor
Chicago, Illinois 60602

Re:   Vioxx Tolling Agreement Exhibits for Residents of Foreign Countries

Dear Pamela:

We received from you, on September 30, 2005, approximately 1,142 Tolling Agreement Notices, Exhibit C, on behalf of persons whom your firm represents. We subsequently received from you two DVD's containing 1142 PDF files with materials relating to certain of those same persons, which DVD's have been the subject of correspondence we have exchanged recently.

Upon review of the Notices you submitted, we note that a number of them were sent on behalf of residents of foreign countries. Specifically, the one hundred and eighty-three (183) individuals listed on the attached spreadsheet were identified as residents of foreign countries, as indicated on the spreadsheet.

The Tolling Agreement does not apply to residents of foreign countries, such as the individuals listed on the enclosed spreadsheet. Therefore, submission of an Exhibit C and/or Exhibits A and B on behalf of such individuals did not, and does not, toll any claims against Merck for injuries allegedly resulting from the use of VIOXX®. Please take whatever measures you deem appropriate with respect to asserting their claims in a court of competent jurisdiction or otherwise as you see fit.

Sincerely,

Andrew D. Mendez

ADM/pdm
Attachment
cc:   Russ Herman, Esq. —Plaintiffs' Liaison Counsel (w/ encl., via fax)

**EXHIBIT**

2

788442v.1

**Kenneth B. Moll & Associates, Ltd.**
Three First National Plaza, 50th Floor
Chicago, Illinois 60602

tel 312 558-6444
fax 312 558-1112
toll free 888 882-3453

November 17, 2005



<u>VIA FACSIMILE (504) 581-3361</u>
Mr. Andrew D. Mendez
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130

Re:     *VIOXX MDL 16757 - APPLICABILITY OF TOLLING AGREEMENT TO*
        *FOREIGN RESIDENTS*

Dear Mr. Mendez:

We are in receipt of your November 16, 2005 correspondence regarding your position that the Tolling Agreement does not apply to residents of foreign countries. We disagree.

Please identify the language in the Tolling Agreement that supports your position.

Sincerely yours,

KENNETH B. MOLL & ASSOCIATES, LTD.

Pamela G. Sotoodeh

cc: Russ M. Herman/Plaintiffs' Liaison Counsel
    (850) 837-8178

**EXHIBIT**

3

**Kenneth B. Moll & Associates, Ltd.**
Three First National Plaza, 50th Floor
Chicago, Illinois 60602

tel 312 558-6444
fax 312 558-1112
toll free 888 882-3453



December 13, 2005

<u>VIA EMAIL:</u>
amendez@stonepigmann.com

Mr. Andrew D..Mendez
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130

Re:   *VIOXX MDL 1657 - APPLICABILITY OF TOLLING AGREEMENT TO*
      *FOREIGN RESIDENTS*

Dear Mr. Mendez:

We are in receipt of your December 9, 2005 correspondence regarding your position that the Tolling Agreement does not apply to residents of foreign countries. As previously advised in our November 17, 2005 correspondence, we disagree with your position and request again, that you identify the language in the Tolling Agreement that excludes foreign residents.

The Tolling Agreement clearly states that it applies to all claimants except New Jersey citizens. According to Section One of the Tolling Agreement:

> Except as provided in Paragraph 2, any time periods for filing or pursuing claims and/or notices required to be given under applicable law in order to preserve rights to claims in any matters against Merck involving claims of personal injury, loss of consortium, or any other damages allegedly caused by the use of VIOXX® shall be tolled for each Claimant, and any spouse or child of Claimant with a proper derivative claim . . .

The only class of people the Tolling Agreement intends to exclude is New Jersey citizens, as stated in Section Two which specifically states, "[t]his Agreement does not apply to New Jersey citizens." The Tolling Agreement does not exclude residents of foreign countries.

www.kbmoll.com

**EXHIBIT**

tabbies

4

Andrew Mendez
December 13, 2005
Page 2

     Prior to entering into this Agreement, Merck was fully aware of lawsuits filed against it on behalf of foreign citizens.  If Merck intended to exclude foreign citizens, it would have been stated in the Tolling Agreement.  Since it was not, foreign citizens are included.

     We will be continuing to send Notices, Claimant Profile Forms, Certifications, Authorization Forms and responsive documents to you for our foreign claimants in compliance with the Tolling Agreement.

     If, however, you still wish to assert your claim that foreign claimants are excluded from the Tolling Agreement, please notify us.  We will then ask Lead Counsel to meet and confer on this issue pursuant to Federal Rules prior to submitting this issue to Judge Fallon.

                       Sincerely yours,

            KENNETH B. MOLL & ASSOCIATES, LTD.

                     Genevieve M. Bernal

GMB

cc:    Russ Herman/Plaintiffs' Liaison Counsel
       rherman@hhkc.com



**Kenneth B. Moll & Associates, Ltd.**
Three First National Plaza, 50th Floor
Chicago, Illinois 60602

tel 312 558-6444
fax 312 558-1112
toll free 888 882-3453



January 6, 2006

<u>VIA FACIMILE:</u>
504-581-3200

Mr. Andrew D. Mendez
Stone Pigman Walther Wittmann L.L.C.
540 Carondelet Street
New Orleans, Louisiana 70130

  Re: *VIOXX MDL 1657 - TOLLING AGREEMENT, FOREIGN CLAIMANTS*

Dear Mr. Mendez:

  I am in receipt of your December 30, 2005 letter. As you know, the law provides that we must look to the four corners of the contract to determine the meaning of the document. Since the Tolling Agreement does not specifically exclude foreign residents, it therefore includes them and you cannot unilaterally exclude them without an order from the Court. Merck, to date, has never contested jurisdiction for any of our foreign plaintiffs. Furthermore, your firm has accepted without objection, each and every Plaintiff Profile Form we have submitted on behalf of our foreign plaintiffs.

  We shall continue, therefore, to submit to you the necessary documents for foreign claimants according to the Tolling Agreement. Should you fail to exercise your right to notify us within 60 days that any information we submitted is incomplete, we shall consider the Tolling Agreement effective as to those claimants.

     Sincerely yours,

    KENNETH B. MOLL & ASSOCIATES, LTD.

     Pamela G. Sotoodeh

PGS/tkd
cc:  Russ Herman 504-561-6024
  Daniel Becnel Jr. 985-536-6445
  Daniel Barenbaum 415-956-1008
  April Worley 334-954-7555

**www.kbmoll.com**

EXHIBIT

5



# STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

Andrew D. Mendez
Direct Dial: (504) 593-0821
E-Mail: amendez@stonepigman.com

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
WWW.STONEPIGMAN.COM

OUR FILE NUMBER

66,000

December 30, 2005

**BY FAX**

Pamela G. Sotoodeh, Esq.
Genevieve Bernal, Esq.
Kenneth B. Moll & Associates, LTD
Three First National Plaza 50th Floor
Chicago, Illinois 60602

Daniel Becnel Jr., Esq.
425 West Airline Highway, Suite B
LaPlace, LA 70068

Daniel Barenbaum, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Ms. April Worley
Legal Assistant to W. Roger Smith, III, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
Montgomery, Alabama 36103

Re:    Vioxx Tolling Agreement Exhibits for Residents of Foreign Countries

Dear Counsel:

        In response to your earlier submission of Tolling Agreement exhibits on behalf of residents of foreign countries, we advised each of you in writing that the Tolling Agreement is not applicable to non-U.S. residents.   This letter responds to the separate requests of Ms. Sotoodeh and Mr. Barenbaum that Merck explain its position on this issue.

        The Tolling Agreement was never contemplated to encompass residents of foreign countries.  Rather, it is a means for United States residents to toll claims as an alternative to bringing claims in state or federal courts of competent jurisdiction to which they would otherwise have recourse.  From the Claimant Profile Form — which calls for the claimants' Social Security Number and "state" driver's license — to the Federal HIPPA-compliant form for the release of medical records, it is clear that the agreement was meant to apply only to U.S. residents.

        To accommodate any concerns you might have about any time bars that might have arisen with respect to any claims that you have submitted, we will agree that those claims will be tolled from the date that the claim was served on Merck to January 6, 2006 ("Applicable

**EXHIBIT**

tabbies

6

794871v.1

2

December 30, 2005

Tolling Period"). This does not mean that Merck consents to the jurisdiction of any U.S. federal or state court over any claim by a non-U.S. resident.   Indeed, it is Merck's position that it is not proper for such claims to be brought in U.S. Courts.  Instead, if any non-U.S. resident who has already served a request for tolling brings an action in the proper court in his or her country, Merck will not count the Applicable Tolling Period in calculating the period for barring claims under the applicable foreign law.  This grace period applies only to claims that were submitted prior to the date of this letter.  So that there can be no misunderstanding, now that you are on written notice that the Tolling Agreement does not encompass foreign residents, Merck will not agree to toll any claims of non-U.S. residents that are submitted after the date of this letter for any period of time.

With kindest regards,

Sincerely,

Andrew D. Mendez

ADM/pdm

cc:    Russ Herman, Esq. -- Plaintiffs' Liaison Counsel (via fax)

# STONE PIGMAN WALTHER WITTMANN L.L.C.

### COUNSELLORS AT LAW

Andrew D. Mendez
Direct Dial: (504) 593-0821
E-Mail: amendez@stonepigman.com

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

OUR FILE NUMBER

66,000

January 6, 2006

## BY FAX

Pamela G. Sotoodeh, Esq.
Genevieve Bernal, Esq.
Kenneth B. Moll & Associates, LTD
Three First National Plaza 50th Floor
Chicago, Illinois 60602

Daniel Barenbaum, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Daniel Becnel Jr., Esq.
425 West Airline Highway, Suite B
LaPlace, LA 70068

Ms. April Worley
Legal Assistant to W. Roger Smith, III, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
Montgomery, Alabama 36103

Re:    Vioxx Tolling Agreement Exhibits for Residents of Foreign Countries

Dear Counsel:

Per the request of Mr. Barenbaum, Merck will extend the Applicable Tolling Period (as defined in my December 30, 2005 letter), for tolling notices that were submitted on behalf of foreign claimants prior to December 30, 2005, an additional thirty (30) days from today's date.

With kindest regards,

Sincerely,

Andrew D. Mendez

ADM/srg
cc:    Russ Herman, Esq. -- Plaintiffs' Liaison Counsel (via fax)

EXHIBIT

7

795544v.1

**Kenneth B. Moll & Associates, Ltd.**
Three First National Plaza, 50th Floor
Chicago, Illinois  60602

tel  312 558-6444
fax 312 558-1112
toll free 888 882-3453



December 13, 2005

<u>VIA EMAIL:</u>
rherman@hhkc.com

Mr. Russ M. Herman
910 Airport Road, Suite 3A
Destin, Florida 32541

Re:  *VIOXX MDL 1657 - APPLICABILITY OF TOLLING AGREEMENT TO
FOREIGN RESIDENTS*

Dear Mr. Herman:

On November 16, 2005 we received a letter from Mr. Andrew Mendez regarding our foreign claimants.  In the letter, Mr. Mendez states that the Tolling Agreement does not apply to residents of foreign countries.  We responded back on November 17, 2005 that we disagreed and asked him to identify the language of the Tolling Agreement which supported his assertion.  Again on December 9, 2005, we received another correspondence stating that the Tolling Agreement does not apply to foreign citizens.  On December 13, 2005 we sent our response stating that there is no language in the Tolling Agreement which excludes foreign claimants.  We have attached all the relevant letters for your review.

Would you please provide us with your understanding of the applicability of the Tolling Agreement to foreign claimants.  Please let us know if this is a matter that needs to be added to the next meet or confer or if this should be brought to Judge Fallon's attention.

We appreciate your assistance and look forward to hearing from you.

Sincerely yours,

KENNETH B. MOLL & ASSOCIATES, LTD.

Genevieve M. Bernal

GMB
Enclosures
www.kbmoll.com
F:\My Files\WPdocs\!!! CLASS ACTIONS\Vioxx\Correspondence\Herman ltr foreign claimants.wpd

**EXHIBIT**
tabbies

8