

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

**THIS DOCUMENT RELATES TO:** *Lillian Grimm and Clinton Grimm v. Merck & Co., Inc., a Foreign Corporation*, No. 06-219.

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

1. Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Plaintiffs purport to seek damages in excess of $75,000, exclusive of interest and costs, but denies that there is any legal or factual basis for such relief.

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

Vioxx® ("Vioxx"), and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect

3. Denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4. Denies each and every allegation contained in the first and second sentences of paragraph 4 of the Complaint, except admits that Merck, a New Jersey corporation, is authorized to do business in Florida. The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 4 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Florida.

5. Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6. Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which is the trade name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7. Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck sought and, in May 1999, received U.S. Food & Drug

Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text. Merck further admits that Vioxx is part of a class of drugs known as known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that its mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

8. Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

9. Denies each and every allegation contained in paragraph 9 of the Complaint.

10. Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.

11. Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.

12. Denies each and every allegation contained in paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

13. Denies each and every allegation contained in paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

14. Denies each and every allegation contained in paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

15. Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "COUNT I – STRICT LIABILITY AGAINST MERCK PURSUANT TO THE RESTATEMENT (SECOND) OF TORTS SECTION 402(A)"

16. With respect to the allegations contained in paragraph 16 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 15 of this Answer with the same force and effect as though set forth here in full.

17. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 17 of the Complaint,

and denies each and every allegation directed toward Merck in paragraph 17 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Denies each and every allegation contained in the first sentence of paragraph 21 of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT II – NEGLIGENCE OF MERCK & CO., INC."

22. With respect to the allegations contained in paragraph 22 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 15 of this Answer with the same force and effect as though set forth here in full.

23. The allegations contained in the first sentence of paragraph 23 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard

of care in connection with Vioxx. Merck denies each and every allegation contained in the second sentence of paragraph 23 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

24. Denies each and every allegation contained in paragraph 24 of the Complaint, including its subparts a through h, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in the first sentence of paragraph 26 of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT III – BREACH OF EXPRESS WARRANTY OF MERCK"

27. With respect to the allegations contained in paragraph 27 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 15 of this Answer with the same force and effect as though set forth here in full.

28. Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information

contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

29. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 29 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. Denies each and every allegation contained in the first sentence of paragraph 31 of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph 31 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT IV – BREACH OF IMPLIED WARRANTY BY MERCK"

32. With respect to the allegations contained in paragraph 32 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 15 of this Answer with the same force and effect as though set forth here in full.

33. The allegations in paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

34. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 34 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

36. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 36 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 36 of the Complaint.

37. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 37 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in the first and second sentences of paragraph 38 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text. Merck denies each and every allegation contained in the third sentence of paragraph 38 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT V – LOSS OF CONSORTIUM CLAIM"

39. With respect to the allegations contained in paragraph 39 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 40 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 40 of the Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 41 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

43. The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

44. The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

45. To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

46. To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

47. The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

48. Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations, and is otherwise untimely.

### AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

49. To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

50. The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

51. The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

52. The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

53. The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

54. The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

### AS FOR A THIRTEENTH
### DEFENSE, MERCK ALLEGES:

55. The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

11

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

56. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

57. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

58. To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

59. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

60. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the Plaintiffs' misuse and/or abuse of Vioxx.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

61. The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

62. To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

63. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

64. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights. Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

65. To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

66. To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

67. The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

68. To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

69. The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

70. To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

71. Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

72. Pursuant to Pre-Trial Order No. 11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

73. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

74. Merck has complied with requirements promulgated by and under federal law. The product at issue, Vioxx, was approved pursuant to applicable federal statutes and

regulations. Such federal regulations and statutes preempt Plaintiffs' claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1. That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: March 24, 2006

                          Respectfully submitted,

                          */s/ Richard C. Stanley*

                          Richard C. Stanley, 8487
                          Bryan C. Reuter, 23910
                          Thomas P. Owen, Jr., 28181
                          Melissa Vanderbrook Beaugh, 28250
                                  Of
                          STANLEY, FLANAGAN & REUTER, L.L.C.
                          909 Poydras Street, Ste. 2500
                          New Orleans, LA 70112
                          Telephone: (504) 523–1580
                          Telecopier: (504) 524–0069

                          Phillip A. Wittmann, 13625
                          Dorothy H. Wimberly, 18509
                          Carmelite M. Bertaut, 3054
                                  Of
                          STONE PIGMAN WALTHER WITTMANN, L.L.C.
                          546 Carondelet Street
                          New Orleans, LA 70130
                          Telephone: (504) 581-3200
                          Telecopier: (504) 581-3361

                          Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 24th day of March, 2006.

                                                        */s/ Richard C. Stanley*