**MINUTE ENTRY**
**FALLON, J.**
**MARCH 23, 2006**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | MDL NO. 1657 |
| IN RE: VIOXX | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L (3) |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date by Judge Eldon E. Fallon.  The

Court first met with Plaintiffs' Liaison Counsel (PLC),  Defendant's Liaison Counsel (DLC), and

certain members of the Plaintiffs' Steering Committee (PSC) and the Defendants' Steering

Committee (DSC) to discuss agenda items for the pretrial conference.  At the pretrial conference,

counsel reported to the Court on the topics set forth in Joint Report No. 12 of Plaintiffs' and

Defendant's Liaison Counsel.  This conference was transcribed by Toni Tusa, Official Court

Reporter.  Counsel may contact Mrs. Pepper at (504) 589-7778 to request a copy of the

transcript.  A summary of the monthly pretrial conference follows.

**I.      LEXIS/NEXIS FILE & SERVE**

At the last status conference, PLC and DLC reported on the status of docketing cases and

uploading those cases to Lexis/Nexis File & Serve.  Cases recently transferred to the Eastern District

of Louisiana continue to experience a brief delay between the docketing of the Final Transfer Order

on which the cases appear and the receipt of the records from the original transferor courts.  Until

JS10(02:35)

such time as the record of a case is actually received by the Clerk of Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in the Eastern District of Louisiana and, as a result, there are delays in uploading to Lexis/Nexis File & Serve.  Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case.  Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve.  Notice should include the case name and Eastern District of Louisiana case number.  PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL.

As discussed at the last monthly status conference, a number of plaintiffs' counsel have informed Hughes Hubbard & Reed LLP by letter or by filing formal motions with the Court that they have withdrawn as counsel.  Despite these letters and motions, those counsel have not notified Lexis Nexis File & Serve of this change in party/counsel status.  In order to facilitate case management and case organization, PLC and DLC have agreed on a suggested modification to Pre-Trial Order No. 8.  PLC and DLC shall submit their proposed order modifying Pre-Trial Order No. 8 to the Court.

## II.   <u>STATE COURT TRIAL SETTINGS</u>

On January 24, 2006, trial commenced in the *Garza* case in Texas District Court, Starr County.  Trial is scheduled for 4 days each month.  On February 27, 2006, trial commenced in the *Cona/McDarby* cases being tried together in New Jersey Superior Court, Atlantic County.  The New Jersey Superior Court, Atlantic County has scheduled the *Doherty* and *Klug* cases to be tried together on June 5, 2006 and has informed the parties that the *Hatch* and *McFarland* cases are set to be tried together on September 11, 2006.  Merck advises that it will move to sever the cases and

have trials of only one plaintiff at a time.  Judge Cheney in the California Coordinated Proceeding

has set June 21, 2006 for the trial of one or more plaintiffs' claims.  The *Kozic* case is set for trial

in Florida District Court, Hillsborough County, during the Court's July 31 to August 25, 2006 trial

docket.  The *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw

Indians on August 7, 2006.  The *Crook* case is set for trial in Alabama Circuit Court, Jefferson

County, on October 26, 2006.  The *Miller* case is set for trial in Texas District Court, Harris County,

on November 8, 2006.  Finally, the *Slatton* case is set for trial in Alabama Circuit Court, Jefferson

County, on December 11, 2006.

### III.    SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

Retrial of the *Irvin/Plunkett* case commenced on February 6, 2006.  On February 17, 2006,

the jury returned a unanimous verdict in favor of Merck.  Thereafter, the Court entered Judgment

reflecting the jury's verdict.  Plaintiff has filed a motion for new trial.  Merck's opposition to that

motion is due on April 24, 2006.

In accordance with the Court's Minute Entry dated November 23, 2005, the DSC selected

the *Diaz* case to be tried as the second MDL trial.  *Diaz* is scheduled for trial commencing June 12,

2006.  Plaintiff's counsel, however, has filed a motion to continue the trial.

After considering the issue, IT IS ORDERED that Plaintiff's Motion to Continue Trial (Rec.

Doc. 3729) is DENIED.

Pursuant to the Court's Minute Entry of February 3, 2006, the PSC and DSC each submitted

a list of four cases (instead of five cases as provided in the Minute Entry by agreement of the parties

and the Court) from the group of cases filed in federal district courts in Louisiana.  On March 21,

the PSC and DSC each exercised two strikes from the lists provided by the other side.  The parties

continue to meet and confer and have had several additional ongoing conferences with the Court to

address trial selection issues.  The Court has set aside July 24, 2006, September 11, 2006 and October 30, 2006 for trial settings.  The PSC has proposed trying six cases, one plaintiff selection and one defense selection in tandem on each of the above trial commencement dates.  Defendants have rejected the proposal to try multiple plaintiffs in one trial and request that the Court set trial dates for each of the four cases remaining in the pool as contemplated by the February 3, 2006 Order.  PSC requests that the Court consider its proposal.

After considering the issues, IT IS ORDERED that November 27, 2006, is set as a trial setting.  IT IS FURTHER ORDERED that the PSC and DSC shall confer and select the order of the cases to be tried.  The PSC shall select the cases to be tried on July 24, 2006 and October 30, 2006. The DSC shall select the cases to be tried on September 11, 2006 and November 27, 2006.  The PSC and DSC shall submit their choices to the Court by March 31, 2006.

## IV.   CLASS ACTIONS

On February 2, 2006, the Court heard oral argument on Merck's Rule 12 motions to dismiss the Medical Monitoring Class Action Complaint and the Purchase Claims Complaint and the PSC's Motion for Suggestion of Remand of Class Proceeding and Motion for Class Certification of the Proposed Nationwide Personal Injury and Wrongful Death Class action.

## V.   DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

On November 4, 2005, Merck produced to the Court and PSC a revised Privilege Log. Thereafter, pursuant to the Court's order, Merck produced to the Court for *in camera* inspection all documents identified on its privilege log.  In response to the Court's request that Merck separate its

privileged documents into categories, the parties conferred on developing categories, and Merck submitted a privilege log separating the documents identified in the privilege log into the agreed categories.

## VI.     DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.  On November 8, 2005, FDA requested reimbursement for the cost of copying and bates numbering the congressional document wave of production.  This issue has been resolved.

On December 23, 2005, FDA produced a privilege log for certain documents.  The PSC has filed a motion contesting the assertion of the privilege with respect to certain documents.  The PSC has granted the FDA until March 27, 2006 to file responsive pleadings to the motion to compel. Furthermore, the FDA has agreed to provide to the PSC, on a rolling basis, prior to March 27, 2006, documents for which it will waive the deliberative process privilege.  As to any documents that remain in dispute, the FDA has agreed that at the time its response is submitted on March 27, 2006 the FDA will also submit the documents to the Court for *in camera* review if the Court requests such.

After considering the issue, IT IS ORDERED that the FDA shall submit the documents to the Court on March 27, 2006 for *in camera* review.

The FDA Motion to Quash the Deposition of Dr. Graham, filed in response to the PSC's notice of deposition and subpoena to Dr. Graham, was denied by the Court on March 13, 2006.  Before noticing the deposition of Dr. Graham, PLC indicated that he will confer with DLC and the DSC to arrange a mutually agreeable time.

## VII.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.  The PSC submitted a letter to the Court on March 16, 2006 seeking intervention by the Court on whether Merck should have the right to review documents in the possession of Ogilvy, DDB and Millward Brown to determine whether any of the documents are privileged prior to the third party making production to the PSC.  DSC advises that it will file its opposition on March 27, 2006.

## VIII.   MONTHLY PRODUCTIONS PURSUANT TO PRE-TRIAL ORDER NO. 17

Merck has advised the PSC that it anticipates making monthly productions of deposition testimony of Merck employees and experts and written discovery objections and responses in litigation within the subject matter of these proceedings, commencing with an initial production in middle to late March and continuing on a monthly basis thereafter.  Productions of deposition testimony will include full-text searchable copies of transcripts as well as exhibits and errata sheets, if available.  PLC and DLC will continue to address PSC's Motion to Clarify Pre-Trial Order No. 17 Regarding Assembly of Prior Discovery that was filed with the Court on January 19, 2006. Presently, there is no need for the Court to take any action.

## IX.    DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL.  If and when any issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

**X.     PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM**

On September 14, 2005, the Court entered Pre-Trial Order 18B which governs the timing for production of Plaintiff Profile Forms, Authorizations, and Merck Profile Forms on a staggered basis.  The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov and supersedes Pre-Trial Orders 18 and 18A.

Merck continues to receive PPF responses from plaintiffs in the form of initial submissions as well as amended and supplemental PPFs submitted either voluntarily by counsel or in response to receipt of a deficiency letter.  Plaintiffs' counsel are reminded that all such filings, initial and supplemental, are to be uploaded via Lexis-Nexis File & Serve.  At previous conferences, Merck has advised the Court and the PSC that substantial numbers of PPFs are deficient.  Merck has notified plaintiffs' counsel of the deficiencies but, despite the notice, Merck contends that numerous plaintiffs have failed to cure the deficiencies.  The PSC disagrees that many of the PPFs contain deficiencies.  Merck moved to dismiss a number of complaints of those plaintiffs who Merck alleges have failed to cure deficiencies after due notice.  Merck's motions to dismiss have been briefed and are scheduled for hearing on March 23, 2006 at 1:30 p.m.  The PSC opposes any request to dismiss cases.

Several plaintiffs have advised that they either have not timely received Merck Profile forms or that the MPFs are deficient.  Counsel for the plaintiff or PSC will continue to advise Merck of any such alleged deficiencies.  Merck advises that it has responded to any allegedly tardy or deficient MPF within the twenty (20) day cure period.

Merck has requested a modification to the Merck Profile Form.  Representatives of the DSC and PSC continue to discuss issues relating to the actual terms of the modified Merck Profile Form itself.  Additionally, on January 31, 2006, DLC provided to PLC a requested change in the authorizations to authorize Litigation Management, Inc. to collect records on behalf of Merck.  PLC is considering Merck's request and will be responding to the DLC.

After considering this issue, IT IS ORDERED that the parties shall inform the Court on the status and progress of this issue by April 6, 2006.

## XI.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  Dawn Barrios requested that the DSC provide her with an updated list of the cases that have been filed in state court.  DLC agreed to provide an updated list by the end of the day.

## XII.   *PRO SE* CLAIMANTS

The Court has issued additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals.  PLC has continued to communicate with the various *pro se* claimants and advised them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC has discussed with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

## XIII.   MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints.  Subsequently, foreign plaintiffs represented by Kenneth Moll filed a motion to strike Merck's motion.  DSC responded to this motion on March 21, 2006.  Additionally, in accordance with the

Court's order, the parties conferred and submitted to the Court on March 21, 2006, a proposed briefing schedule regarding Merck's *forum non conveniens* motion.  The PSC has no opinion on this issue.

## XIV.   <u>VICTOR DATA</u>

Merck has advised the PSC that it expects the final Victor Data to be delivered to Merck in March 2006.  Merck has not received the final Victor Data from Oxford University and Merck is uncertain when Oxford will provide the final Victor Data to Merck.  Merck has produced to the PSC the Victor Data in its possession.  The last production of Victor data to the PSC occurred on January 11, 2006.  The PSC has requested data from this study and DSC has agreed to produce the data upon receipt by Merck.

After considering this issue, IT IS ORDERED that the parties shall provide the Court with a contact person at Oxford and that person's telephone number.  If the data is not received by next week, the Court shall convene a telephone conference with the contact person to resolve this matter expeditiously.

## XV.   <u>MOTION TO DISMISS PURSUANT TO RULE 54(B) OR ALTERNATIVE MOTION TO REMAND</u>

Doctor defendants in the *Juanell Y. McBrayer Wilkes, et al.* case (CV-005-2532, Circuit Court of Jefferson County Alabama) have filed a renewed motion to dismiss.  This matter is not set for hearing.

## XVI.   <u>GENERIC TRIAL PERFORMANCE AND RULE 702 AND DAUBERT IN LIMINE ISSUES</u>

In accordance with the Court's suggestion, the PSC and DSC will discuss trial performance guidelines, exhibit admissibility and deposition cuts, as well as the possibility of seeking early hearings on *Daubert* and Rule 702 issues.  PSC has advised DSC that it plans to bring such

comprehensive motions to obtain generic rulings well in advance of trials.

## XVII.  NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on April 27, 2006, at 10:00 a.m.  Counsel unable to attend in person may participate by telephone at 1-800-597-0731.  The access code will be 48805339 and the Chairperson will be Judge Fallon.

## XVIII. MISCELLANEOUS

At the conference, the parties discussed certain pending motions seeking the modification of Pre-Trial Order No. 18B so that plaintiffs would not be required to serve medical records via Lexis/Nexis.  After considering this issue, IT IS ORDERED that DLC shall set up a conference call with the Court,  representatives of Lexis/Nexis, PLC, and other plaintiffs' counsel who have filed such a motion and are interested in participating.  At this conference call, the Court shall discuss with the representatives of Lexis/Nexis what alternatives exist to the present procedures.

Furthermore, at the conference, the parties also discussed the Court's Order of March 13, 2006, vacating the remand order from the Eastern District of Kentucky in *Hendershot v. Merck & Co., Inc.*, 05-6134.  In accordance with this discussion, IT IS ORDERED that the plaintiff shall have until April 6, 2006 to file a brief in support of its motion seeking vacatur of this Court's March 13, 2006 Order.

Immediately following the monthly pretrial conference, the Court heard oral argument on the Motion to Strike Defendant Merck & Co., Inc.'s Motion to Dismiss the Foreign Class Actions or, in the Alternative, Strike the Foreign Class Action Allegations.  For the reasons specified in the transcript, IT IS ORDERED that the motion is DENIED.  IT IS FURTHER ORDERED that the plaintiffs shall have sixty days from today to file their opposition to Merck & Co., Inc.'s Motion to Dismiss the Foreign Class Actions.

Lastly, Plaintiff's Motion to Re-Urge Motion to Consolidate (Rec. Doc. 3492) was set for hearing.  At Merck's request, however, the hearing date was CONTINUED until April 11, 2006 at 9:00 a.m.  At that time, the parties should be prepared present oral argument.