FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 27   AM 11: 09

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | *  MDL No. 1657 |
| | * |
| | *  SECTION L |
| | * |
| | *  JUDGE ELDON E. FALLON |
| | * |
| | *  MAGISTRATE JUDGE |
| | *  DANIEL E. KNOWLES, III |
| | * |
| | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:  *Salvadore Janusa v. Merck & Co., Inc.*, Case No. 05-6002.**

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Original Complaint ("Complaint") as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO "I. PARTIES"

1.      Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

business at One Merck Drive, Whitehouse Station, New Jersey, manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that it may be served as allowed by applicable federal and/or state law and that Merck is authorized to do business in Texas.

**RESPONSE TO**
**"II. JURISDICTION"**

3.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"III. FACTS"**

4.      Denies each and every allegation contained in paragraph 5 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for Vioxx for its actual language and full text.

5.      Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck has employees, agents, and representatives.

6.      Denies each and every allegation contained in paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

7.     Denies each and every allegation contained in paragraph 8 of the Complaint.

8.     Denies each and every allegation contained in paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

9.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 10 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 10 of the Complaint.

10.     Denies each and every allegation contained in paragraph 11 of the Complaint.

**RESPONSE TO**
**"IV. THEORIES OF RECOVERY"**

**RESPONSE TO**
**"A. COUNT I: STRICT PRODUCTS LIABILITY"**

11.     With respect the allegations contained in paragraph 12 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of this Answer with the same force and effect as though set forth herein.

12.     Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Texas.

13.     Denies each and every allegation contained in the first sentence of paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in paragraph 14

3

of the Complaint and respectfully refers the Court to the relevant U.S. Food & Drug Administration ("FDA")-approved prescribing information and literature for Vioxx for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 15 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 16 of the Complaint.

16.     Denies each and every allegation contained in paragraph 17 of the Complaint, including its subparts (1) – (3), and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 18 of the Complaint.

18.     The allegations contained in the first sentence of paragraph 19 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 19 of the Complaint.  Merck denies each and every allegation contained in the second and third sentences of paragraph 19 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.   Merck denies each and every allegation contained in the fourth sentence of paragraph 19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "B. COUNT II: NEGLIGENCE"

19.     With respect the allegations contained in paragraph 20 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 18 of this Answer with the same force and effect as though set forth herein.

20.     Denies each and every allegation contained in the first, second, third, fourth and sixth sentences of paragraph 21 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  The allegations contained in the fifth sentence of paragraph 21 are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the fifth sentence of paragraph 21 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

### RESPONSE TO
### "C. COUNT III: MISREPRESENTATION AND FRAUD"

21.     With respect the allegations contained in paragraph 22 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 20 of this Answer with the same force and effect as though set forth herein.

22.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck contained in the first and second sentences of paragraph 23 of the Complaint, and denies each and every allegation directed toward Merck contained in the first and second sentences of paragraph 23 of the Complaint,

except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text. Merck denies each and every allegation contained in the third sentence of paragraph 23 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

23.    Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

24.    Denies each and every allegation contained in the first sentence of paragraph 25 of the Complaint.   The allegations contained in the second sentence of paragraph 25 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 25 of the Complaint.

25.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 26 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 26 of the Complaint, except admits that except admits that Plaintiff purports to seek exemplary damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"C. COUNT IV: CIVIL CONSPIRACY"**

26.     With respect the allegations contained in paragraph 27 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 25 of this Answer with the same force and effect as though set forth herein.

27.     The allegations contained in paragraph 28 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 28 of the Complaint.

**RESPONSE TO**
**"D. COUNT V: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"**

28.     With respect the allegations contained in paragraph 29 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 27 of this Answer with the same force and effect as though set forth herein.

29.     Denies each and every allegation contained in paragraph 30 of the Complaint.

30.     The allegations contained in paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 31 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 31 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 32 of the Complaint.

## RESPONSE TO
## "E. COUNT VI: BREACH OF IMPLIED
## WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

32.     With respect the allegations contained in paragraph 33 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth herein.

33.     Denies each and every allegation contained in paragraph 34 of the Complaint.

34.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that the FDA approved Vioxx as safe and effective for certain indicated uses subject to information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

35.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 36 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 36 of the Complaint.

36.     Denies each and every allegation contained in paragraph 37 of the Complaint.

## RESPONSE TO
## "F. COUNT VII: BREACH OF EXPRESS WARRANTY"

37.     With respect the allegations contained in paragraph 38 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 36 of this Answer with the same force and effect as though set forth herein.

38.    Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

**RESPONSE TO**
**"G. COUNT VIII: GROSS NEGLIGENCE/MALICE"**

39.    The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 40 of the Complaint, except admits that Plaintiff is seeking an award of exemplary damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"V. AGENCY"**

40.    Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Plaintiff purports to define the scope of allegations within the Complaint.

**RESPONSE TO**
**"VI. ALLEGATIONS AND CAUSES OF ACTION IN THE ALTERNATIVE"**

41.    Denies each and every allegation contained in paragraph 42 of the Complaint, except that Plaintiff purports to plead all factual allegations or causes in the alternative.

**RESPONSE TO**
**"VII. CAUSATION"**

42.    Denies each and every allegation contained in paragraph 43 of the Complaint.

**RESPONSE TO**
**"VIII. DAMAGES"**

43.    Denies each and every allegation contained in paragraph 44 of the Complaint.

44.    Denies each and every allegation contained in paragraph 45 of the Complaint.

45.    Denies each and every allegation contained in paragraph 46 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

46.    Denies each and every allegation contained in paragraph 47 of the Complaint.

47.    Denies each and every allegation contained in paragraph 48 of the Complaint.

48.    Denies each and every allegation contained in paragraph 49 of the Complaint.

49.    Denies each and every allegation contained in paragraph 50 of the Complaint.

50.    Denies each and every allegation contained in paragraph 51 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

10

51.     Denies each and every allegation contained in paragraph 52 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

52.     The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 53 of the Complaint, except admits that Plaintiff purports to state a claim in excess of the jurisdictional amount, but denies that there is any legal or factual basis for said relief.

53.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Plaintiff purports to seek attorneys' fees and costs but denies that there is any legal or factual basis for such relief.

54.     Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that Plaintiff purports to seek exemplary or punitive damages but denies that there is any legal or factual basis for such relief.

55.     Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"IX.  JURY DEMAND"**

56.     The allegations contained in paragraph 57 of the Complaint are legal conclusions as to which no responsive pleading is required.

57.     The allegations contained in the unnumbered "For These Reasons" paragraph after paragraph 57 of the Complaint constitute a prayer for relief as to which no response should be required.  Should a response be required, Merck denies each and every

allegation contained in the unnumbered "For These Reasons" paragraph, including its subparts a through g, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

58.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

59.     The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

60.     To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

61.     To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

62.     The Plaintiff failed to exercise reasonable care to mitigate his alleged damages.

**AS FOR A SIXTH
DEFENSE, MERCK ALLEGES:**

63.   Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

**AS FOR A SEVENTH
DEFENSE, MERCK ALLEGES:**

64.   To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because any warnings which were given were transmitted to the prescribing health care provider, and Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

65.   The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

66.   The claims of the Plaintiff are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

67.   The claims of the Plaintiff are barred as a matter of law pursuant to Sections 2, 4 and 6 of the Restatement (Third) of Torts: Products Liability.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

68.     The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

69.     The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

### AS FOR A THIRTEENTH
### DEFENSE, MERCK ALLEGES:

70.     The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FOURTEENTH
### DEFENSE, MERCK ALLEGES:

71.     The FDA has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs.  The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber.  The labeling for the product at issue was also approved by the FDA and the marketing was conducted in conformity with the FDA's rules and regulations.  Such actions and federal statutes and regulations bar and preempt all of Plaintiff's claims under state law.

14

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

72.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

73.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and negligence, breaches of warranty, or defective products of third parties not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

74.     To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under the federal and/or state law applicable to this action.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

75.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or

environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

76.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff, the failure to use Vioxx properly, and/or alteration or negligent use or abuse of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

77.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

78.    Plaintiff's claims may be barred by negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiff and/or the treating physicians and/or other health care providers.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

79.    If Plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiff and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiff's favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

80.    Merck would show that the occurrences and injuries alleged by Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiff.  Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiff, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiff or any other parties.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

81.    If Plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

82.    If Plaintiff sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

83.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

84.     To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

85.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

86.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.  Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

87.     To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

88.     To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

89.     The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

90.     Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

91.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

92.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any award of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

93.     Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

94.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

95.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is

vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

96.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTIETH
### DEFENSE, MERCK ALLEGES:

97.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

### AS FOR A FORTY-FIRST
### DEFENSE, MERCK ALLEGES:

98.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

### AS FOR A FORTY-SECOND
### DEFENSE, MERCK ALLEGES:

99.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

### AS FOR A FORTY-THIRD
### DEFENSE, MERCK ALLEGES:

100.   To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

101.   The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

102.   To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

103.   Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use. Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

104.    Merck denies that Plaintiff used any product manufactured by Merck as alleged in Plaintiff's Complaint.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

105.    Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

106.    Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiff's claims are barred under those sections.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

107.    To the extent Plaintiff seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

108.    Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiff's treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiff.  Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

### AS FOR A FIFTY-SECOND
### DEFENSE, MERCK ALLEGES:

109.    Plaintiff's claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

### AS FOR A FIFTY-THIRD
### DEFENSE, MERCK ALLEGES:

110.    Merck demands a trial by jury of all issues.

### AS FOR A FIFTY-FOURTH
### DEFENSE, MERCK ALLEGES:

111.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A FIFTY-FIFTH
### DEFENSE, MERCK ALLEGES:

112.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A FIFTY-SIXTH
### DEFENSE, MERCK ALLEGES:

113.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La. Rev. Stat. § 9:2800.51, *et seq.*

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

114.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiff has failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: March 2-7 , 2006.

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Suzanne K. Scalise, 28755
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 27+h day

of March, 2006.