UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 27  PM 4:40

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to All Actions and Nos. 2:06-cv- 419; 2:05-cv-547 and 2:05-cv-00443 | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

## PLAINTIFFS' STEERING COMMITTEE'S MOTION
## TO IMPLEMENT PROCEDURE FOR RAPID REMAND

NOW COMES the Plaintiffs' Steering Committee on behalf of itself and on behalf of the Plaintiffs in the *Boyer v. Merck*, No. 8:05-cv-03154 (D.Md.); *Pikul v. Merck*, No. H-03-3656 (S.D. Tex) and *Burt v. Merck*, No. 3:04-cv-388 matters who move this Court for an Order, together with suggestions of remand to the Judicial Panel on Multi-District Litigation, remanding each of these actions immediately to the District Court from which the original action was transferred out of and in to MDL 1657, for the reasons more fully set forth in the attached Plaintiffs' Steering Committee's

1

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

Memorandum of Law in Support of Motion to Implement Procedure for Rapid Remand filed herein and incorporated in *extenso*.

                                               Respectfully submitted,

                                   **PLAINTIFFS' STEERING COMMITTEE**

Date:   March 27, 2006               By: _____

                                           **Russ M. Herman (Bar No. 6819)**
                                           Leonard A. Davis (Bar No. 14190)
                                           Stephen J. Herman (Bar No. 23129)
                                           ***Herman, Herman, Katz & Cotlar, L.L.P.***
                                           Place St. Charles
                                           201 St. Charles Avenue
                                           Suite 4310
                                           New Orleans, Louisiana 70170
                                           Telephone: (504) 581-4892
                                           Facsimile: (504) 561-6024

                                        **PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

| | |
|---|---|
| Mark Robinson, Esquire | Christopher V. Tisi, Esquire |
| ROBINSON, CALCAGNIE & ROBINSON | ASHCRAFT & GEREL |
| 620 Newport Center Drive | 2000 L Street, N.W. |
| 7th Floor | Suite 400 |
| Newport Beach, CA  92660 | Washington, DC  20036-4914 |
| (949) 720-1288 (telephone) | (202) 783-6400 (telephone) |
| (949) 720-1292 (telecopier) | (307) 733-0028  (telecopier) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File and Serve Advanced, in accordance with Pre-Trial Order No. 8, on this the  27th day of March, 2006.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | : |
| | : MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : |
| | : SECTION L |
| | : |
| This document relates to All Actions and | : JUDGE FALLON |
| Nos. 2:06-cv- 419; 2:05-cv-547 and | : |
| 2:05-cv-00443 | : |
| | : MAG. JUDGE KNOWLES |
| | : |
| | : |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION
TO IMPLEMENT PROCEDURE FOR RAPID REMAND**

**I.   INTRODUCTION**

The original transfer order of MDL No. 1657 was issued by the Judicial Panel on Multidistrict Litigation ("JPML") on February 16, 2005. The JPML's order consolidated the federal Vioxx litigation to serve the convenience of the parties and witnesses and to promote the just and efficient conduct of the litigation. The Panel's rationale for centralization was to eliminate duplicative discovery, avoid inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. Consistent with that directive, for the past thirteen months, this Court has overseen extensive pretrial proceedings including discovery involving extensive document productions, depositions of party witnesses, experts and third party witnesses and disputes involving the same. In addition, the Court has presided over an individual Vioxx trial that generated a lengthy and broad ranging *Daubert* ruling, as well as numerous evidentiary rulings affecting the trial.

1

In fulfilling it's administrative duties, this Court has undertaken the deliberative process of selecting bell weather cases for trial purposes anticipating that they will advance the litigation as a whole by providing instructive results flowing from their verdicts. To this end, the Court has sought the input of the parties regarding their preferred case selections. This process has been impaired by the parties' inability to reach consensus on test case selections of cases originating from outside this district for trials in the Eastern District of Louisiana and the lack of trial-ready cases in this district.

As a consequence of the multi-district litigation statute's mandatory requirement that transferred actions "shall be remanded by the Panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred", 28 U.S.C. §1407(a), mutual consent to try cases originating outside this district for trial before this Court is required. The PSC and Merck have been unable to come to a mutual agreement on test case selections of transferred cases. Although several transferred cases are trial ready, lacking mutual agreement, only cases filed in this District are able to avoid the problems posed by *Lexecon*.

*Lexecon Inc. v. Milberg, Weiss, Bershad, Hynes & Lerach*, 523 U.S. 26 (1998), limits this Court's authority to preside at trial over those cases originating in this forum. The problem this creates is that the pool of available trial-ready cases has proven to be limited. The effects of Hurricane Katrina are seen in the numerous resources that no longer exist or are not readily available to litigants. For example, numerous attorneys have been displaced from their offices, files have been lost or separated from their counsel, clients have been lost, witnesses have been displaced or lost, hospitals have been closed and medical records difficult or impossible to obtain. Through no fault of the parties, these impediments have drastically impacted the ability of the PSC to assemble Eastern District of Louisiana trial-ready cases. Nevertheless, the PSC and Merck have complied

with the Court's request that they present a handful of cases from which the selection can occur. That process, including the parties' opportunity to strike test case selections, is ongoing.

To the Court's goal of instituting trials resulting in jury verdicts, it behooves the Court to obtain federal verdicts that will be instructive and illustrative of the wide array of cases in the MDL. Those cases are not limited solely to filings in the Eastern District of Louisiana but include the broad diversity of jurisdictions from across the nation. To effectuate the expeditious determination of these cases through trial and jury verdict, the PSC proposes that this Court institute a program that permits the rapid remand of certain cases to enable them to reach trial in their originating forums in a timely fashion to advance the purposes of this Court's trial program.

To this end, the PSC proposes that suggestions of remand immediately issue for three actions: *Boyer v. Merck*, No. 8:05-cv-03154 (D.Md.); *Pikul v. Merck*, No. H-03-3656 (S.D.Tex) and *Burt v. Merck*, No. 3:04-cv-388 (N.D. FL).[1] Mr. Boyer was a 44 year old male, married, with 2 children, who died suddenly of a cardiac arrest on June 15, 2003, after using Vioxx for at least 3 years prior to his death. Mr. Pikul was a 56 year old male, divorced, with 2 children, who died of acute myocardial thrombus on June 13, 2002, after using Vioxx for approximately 2 years prior to his death. Mr. Burt was a 53 year old male, married with no children, who suffered a myocardial infarction on January 21, 2001, after using Vioxx for approximately 10 months. Each of these cases should provide illustrative and informative results.

A suggestion of immediate remand of these two actions would therefore greatly advance the objectives of this Court's jury trial plan.

---

[1] The MDL Docket Nos. for these actions are 2:06-cv- 419, 2:05-cv-547 and 2:05-cv-00443, respectively.

## II. ARGUMENT

Multidistrict litigation is governed by 28 U.S.C. §1407(a), which states:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however*, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

Section 1407(a) "imposes two limitations on the kinds of proceedings that the transferee court may conduct: they must be (1) coordinated or consolidated and (2) pretrial." *In re Patenaude*, 210 F.3d 135, 142 (3d Cir. 2000). These limitations have created fissures of tension in the objective set by this Court to obtain jury verdicts. Individual jury trials are the antithesis of pretrial proceedings or coordinated activities. Thus, the emphasis that this Court places on jury trials necessitates alternative trial venues to meet its goals and comport with the procedure mandated by *Lexecon*.

Since *Lexecon* was decided, the MDL practice of self-referral of cases (i.e., the transfer of an action under 28 U.S.C. §1404 by the transferee judge to the transferee forum) is no longer tolerated. *See generally In re Propulsid Products Liability Litigation*, 208 F.R.D. 133, 141 (E.D.La. 2002)(master complaints may not be used "frustrate the intended effect" of §1407 by substituting the original venues with that of the transferee forum); *Abbott Laboratories v. CVS Pharmacy, Inc.*, 290 F.3d 854, 856 n. 1 (7th Cir. 2002)("Any effort to move venue without Revco's consent would

4

violate the holding of *Lexecon*"); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002)("Once [pretrial proceedings] have been completed, the cases must be returned to the originating districts for decision on the merits."). To promptly obtain representative trials resulting in instructive jury verdicts it will require this Court to choose cases originating in locales beyond the borders of this district and the suggestion of remand of trial-ready actions to their originating transferor forums.

Existing MDL procedures addressing the remand of cases "indicate that the power to remand a transferred case to the transferor court lies with the Panel, not the transferee district judge." *In re Roberts*, 178 F.3d 181, 184 (3d Cir. 1999). Nevertheless, this Court's judgment regarding remand exerts an extraordinary influence on the Panel's determination regarding remand. JPML Rule 7.6(c) states that one means to stimulate the Panel's consideration of remand is by "suggestion of the transferee district court". The JPML rules further provide that, "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." JPML Rule 7.6(d). As a consequence, the Panel would afford this Court's suggestion of remand of Mr. Boyer, Mr. Pikul and Mr. Burt's cases "great weight" and deference. *In re Patenaude*, 210 F.3d at 141 (denying mandamus petition of Panel's determination not to remand where movants failed to request suggestion of remand from the transferee district court).

The immediate remand of the *Boyer, Pikul* and *Burt* actions to their transferee district courts would have a salutary effect on this Court's objective to obtain instructive jury trial verdicts. "In diversity cases, in which state law provides the substantive rules, there is thought to be the advantage in having it applied by federal judges who are familiar with the state law, and thus in trying the case in a district of the state whose law is to govern." 15 Wright, Miller, Cooper, Federal Practice and


Procedure 2d §3854 at 466 (1986). Having the cases tried in their original forums will provide a broader perspective on jury results, lessen the burden on this Court in physically trying the cases, and afford the Court the perspective of other jurists about the merits of the litigation.

The fact that the *Boyer*, *Pikul* and *Burt* cases that the PSC proposes for rapid remand still require limited case specific discovery presents no hindrance to a suggestion of remand. The legislative history of §1407 is replete with an understanding that there may be a need for localized discovery subsequent to the Panel's remand. *See In re Patenaude*, 210 F.3d at 145 ("The House Report states that the committee recognizes that in most cases there will be a need for local discovery proceedings to supplement coordinated discovery proceedings, and that consequently remand . . . for this purpose is desirable."), *quoting*, Multidistrict Litigation: Hearings Before the Subcommittee on Improvements in Judicial Machinery of the Committee of the Judiciary, 89th Cong. 56 (1966); H.R.Rep. No. 1130, 1968 U.S.C.C.A.N at 1901-02. *See also* Manual for Complex Litigation Third §31.133 at 255 (1995)("In some cases, remands have been ordered relatively early, while substantial discovery remained to be done..."). Even test cases within this district require case specific discovery before they will truly be trial ready. Cases from outside this jurisdiction should not be treated differently simply because that discovery will be overseen by the transferee district courts.

Further, any subsequent discovery obtained through these coordinated MDL proceedings will become available to these actions at the time of their trial.

## III. CONCLUSION

The PSC recognizes this Court's interests in obtaining representative and instructive jury verdicts. Because of the disadvantages presented by drawing solely from the pool of cases filed in the Eastern District of Louisiana, the PSC submits that the immediate remand of only three trial

ready cases will advance the litigation. To still meet the Court's objectives and perhaps expedite them, this Court should immediately issue suggestions of remand to the JPML with instructions to the Panel and the transferee district courts that the cases remanded be promptly set for trial following a short period of time to allow the parties to complete case specific discovery. Should the court grant the PSC's motion, to assist the Court, the PSC suggests that it provide a proposed suggestion of remand within two weeks of the Court's Order for possible entry.

Respectfully submitted,

PLAINTIFFS' STEERING COMMITTEE

Date:   March 27, 2006

By: _____
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
Place St. Charles
201 St. Charles Avenue
Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

| | |
|---|---|
| Mark Robinson, Esquire | Christopher V. Tisi, Esquire |
| ROBINSON, CALCAGNIE & ROBINSON | ASHCRAFT & GEREL |
| 620 Newport Center Drive | 2000 L Street, N.W. |
| 7th Floor | Suite 400 |
| Newport Beach, CA  92660 | Washington, DC  20036-4914 |
| (949) 720-1288 (telephone) | (202) 783-6400 (telephone) |
| (949) 720-1292 (telecopier) | (307) 733-0028  (telecopier) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File and Serve Advanced, in accordance with Pre-Trial Order No. 8, on this the   27th day of March, 2006.

9

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to All Actions and Nos. 2:06-cv- 419; 2:05-cv-547 and 2:05-cv-00443 | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

## NOTICE OF HEARING

Please take notice that, upon the pleadings, the depositions, and other matters of record, the undersigned will move the Court before the Honorable Judge Eldon E. Fallon, United States District Court for the Eastern District of Louisiana, Room C456, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana, 70130, at 10:00 o'clock a.m., at the monthly status conference on the 27th day of April, 2006, or as soon thereafter as counsel can be heard, for an order on the PSC's

1

Motion to Implement Procedure for Rapid Remand, and for such other and further relief as the Court may deem just and appropriate.

                              Respectfully submitted,

                              **PLAINTIFFS' STEERING COMMITTEE**

Date:  March 27, 2006        By: _____

                                        **Russ M. Herman (Bar No. 6819)**
                                        Leonard A. Davis (Bar No. 14190)
                                        Stephen J. Herman (Bar No. 23129)
                                        ***Herman, Herman, Katz & Cotlar, L.L.P.***
                                        Place St. Charles
                                        201 St. Charles Avenue
                                        Suite 4310
                                        New Orleans, Louisiana 70170
                                        Telephone: (504) 581-4892
                                        Facsimile: (504) 561-6024

                                        **PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

| | |
|---|---|
| Mark Robinson, Esquire<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA  92660<br>(949) 720-1288 (telephone)<br>(949) 720-1292 (telecopier) | Christopher V. Tisi, Esquire<br>ASHCRAFT & GEREL<br>2000 L Street, N.W.<br>Suite 400<br>Washington, DC  20036-4914<br>(202) 783-6400 (telephone)<br>(307) 733-0028  (telecopier) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File and Serve Advanced, in accordance with Pre-Trial Order No. 8, on this the   27th day of March, 2006.

4