UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1657 |
| | SECTION L |
| | JUDGE FALLON |
| This document relates to Case No. 05-6134 | MAGISTRATE JUDGE KNOWLES |
| Virginia Hendershot, et al. v. Merck & Co., et al. | |

## MOTION TO SET ASIDE ORDER VACATING AND RESPONSE OF PLAINTIFFS TO DEFENDANT'S MOTION TO VACATE

### INTRODUCTION

On March 10, 2006, Merck moved this Court to vacate this non-reviewable remand order entered by another federal judge (U.S. District Court for the Eastern District of Kentucky). Although transferred in November, this action is still not "live" on LexisNexis, so service of Merck's motion was made on counsel for Plaintiffs by mail, received on March 16, 2006. In the interim, and before Plaintiffs were given the opportunity to respond, this Court granted Merck's motion and vacated the Hood remand order on March 13, 2006.

This Memorandum is submitted in Response to Merck's motion and in support of Plaintiffs' motion to set aside this Court's order granting Merck's Motion to Vacate. Plaintiffs had no opportunity to respond to Merck's motion and, for the reasons set forth below, respectfully submit that this Court should set aside the order vacating remand and



adopt and ratify the order granting remand (or, at the least, allow Plaintiffs an opportunity to respond to Merck's motion.

## PROCEDURAL BACKGROUND

This action was filed on September 29, 2005, in the Franklin Circuit Court of the Commonwealth of Kentucky. The Complaint named non-diverse healthcare providers who prescribed Vioxx® to Plaintiff, Virginia Hendershot, and alleged that they knew or should have known of the risks and were negligent in prescribing the drug and failed to obtain informed consent. Merck nevertheless removed, claiming that the healthcare providers had been "fraudulently joined" and their citizenship therefore could be disregarded for purposes of determining diversity jurisdiction. Plaintiffs filed a motion to remand on November 14, 2005.

While the remand motion was pending, the JPML issued a conditional transfer order which became final on November 22, 2005. The order of transfer was filed in this Court on November 25, 2005. On December 22, 2005, and without notice of the transfer to this Court, the Honorable Joseph M. Hood of the U.S. District Court for the Eastern District of Kentucky granted remand, holding that the healthcare providers had not been fraudulently joined and that diversity jurisdiction was lacking.

Thereafter, Merck moved to vacate the Order Remanding on the ground that the court lacked jurisdiction to enter the order. Judge Hood denied the motion, noting that orders of remand are not reviewable "on appeal or otherwise" and that he therefore lacked authority to vacate the earlier remand order. (Hood decision at 2, attached to defendant's present motion as Exhibit H). The court recognized that his decision left the matter pending in two courts – Kentucky state court and here in this MDL – but noted

that this Court could "stay the state-court litigation 'in aid of its jurisdiction' pursuant to 28 U.S.C. § 2283." (*Id.* at 3).

## ARGUMENT

### I. This Court's Order of March 13, 2006 Was Entered Without Notice to Plaintiffs and Must be Vacated.

As is clear from the record, the Order of March 13, 2006, was entered without notice to Plaintiffs. Although Merck's counsel hand-delivered its Motion to the Court on March 10, 2006, and although Merck's counsel and the undersigned had prior email and telephone contact on repeated occasions about other matters, Merck's counsel did not bother to provide any electronic notice to the undersigned. The mailed notice was the very first indication that Plainitffs' counsel had of Merck's Motion, and that notice was received on March 16, 2006, three days *after* the Court granted Merck its requested relief. At the very least, Plaintiffs should have an opportunity to be heard on Merck's motion.

### II. Judge Hood's Decision was Correct.

Judge Hood correctly held that he lacked authority to vacate the order remanding this case to state court. Plaintiffs respectfully submit that the rationale behind that decision applies with even greater force to a court asked to vacate the remand order of another federal court. That does not leave Merck with no remedy. As Judge Hood noted, this Court has the authority "in aid of its jurisdiction" to stay the state court action. Merck did not request that relief, however, asking this Court instead to vacate a non-reviewable order. The reason for Merck's approach is clear.

Before this Court enters any order in aid of its jurisdiction, the Court would first have to determine that it in fact had jurisdiction. That is an issue Merck wants to leave on

3

the back burner, because any careful look at the jurisdictional issue would result in a prompt remand to state court.

### III. The Healthcare Providers Were Properly Joined, Diversity Jurisdiction is Lacking and this Action Should be Remanded to State Court

Plaintiff's Motion to Remand and Memorandum in Support are found at Docket Number 8 in the record transferred to this Court and are hereby adopted and incorporated by reference. Judge Hood's thoroughly reasoned remand order, which also is adopted and incorporated by reference, is Docket Number 16 and is attached to defendant's motion as Exhibit F. The claim that the healthcare provider defendants were fraudulently joined is one that must be analyzed under Kentucky law – law Judge Hood is frequently called upon to apply. For the reasons stated in Plaintiff's Memorandum in Support of Motion to Remand and the analysis set out by Judge Hood in his remand order, this action should be remanded to state court. Under no circumstances should this, or any other, Federal Court stay state court proceedings without first determining that federal jurisdiction is proper.

### CONCLUSION

It makes no sense to vacate Judge Hood's order or stay the state court proceedings only to later address the jurisdictional issue and determine then that jurisdiction is lacking. Rather, the Court should address the jurisdictional issue now, hold that the healthcare providers were properly joined and adopt and ratify Judge Hood's order remanding to state court. In all events, the Order of March 13, 2006, on Merck's Motion to Vacate should be set aside.

Respectfully submitted,

*[signature]*

Ann B. Oldfather
OLDFATHER & MORRIS
1330 S. Third Street
Louisville, Kentucky 40208
Telephone: 502/637-7200
*Co-Counsel for Plaintiffs*

Tyler S. Thompson
DOLT, THOMPSON, SHEPHERD & KINNEY
310 Starks Building
Louisville, Kentucky 40202
Telephone: 502/587-6554
*Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2006, the foregoing was sent to the clerk of the court by Federal Express and mailed a copy by U.S. Mail to the following:

Susan J. Pope, Esq.
FROST BROWN TODD, LLC
250 W. Main St., Suite 2700
Lexington, KY 40507-1749
*Counsel for Defendant Merck & Co., Inc.*

Melanie S. Marrs, Esq.
David A. Trevey, Esq.
Lynn, Fulkerson, Nichols & Kinkel
267 W. Short Street
Lexington, Kentucky 40507
*Counsel for Defendants Virginia Morris, ARNP and Capital Family Physicians, PSC*

James H. Heaphy, M.D.
1001 Leawood Drive, #C
Frankfort, Kentucky 40601
*Pro Se Defendant*

Phillip A. Wittmann, Esq.
Dorothy H. Wimberly, Esq.
Carmelite M. Bertaut, Esq.
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130-3588
*Defendants' Liason Counsel*

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA 71070
*Plaintiffs' Liaison Counsel*

*[signature]*