

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBBIE JUNEAU and<br>PAULA JUNEAU, individually<br>and as husband and wife,<br>　　　　Plaintiffs<br><br>VERSUS<br><br>PFIZER INC.,<br>　　　　Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO. 06-0245<br><br>JUDGE FALLON<br><br>MAGISTRATE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND DEFENSES OF DEFENDANT PFIZER INC. TO PLAINTIFFS' COMPLAINT

Defendant Pfizer Inc. (incorrectly identified in Plaintiffs' Complaint as Pfizer, Inc. and hereinafter "Defendant" or "Pfizer"), hereby answers Plaintiffs' Complaint in this action, and states as follows:

### PRELIMINARY STATEMENT

The Complaint does not state when Plaintiff, Robbie Juneau, was prescribed or used Celebrex®, and, as such, this Answer can only be drafted generally and without reference to a specific period in time. Defendant reserves the right to amend this Answer when discovery reveals the time period in which Mr. Juneau was prescribed and used Celebrex®.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiffs' Complaint.



1

### I.

1.     Answering Paragraph 1, Pfizer denies that Celebrex® caused any harm to Plaintiffs and denies any wrongdoing. Pfizer admits that it has, at times, marketed and co-promoted Celebrex® throughout the United States. Except as admitted herein, Pfizer denies the allegations of Paragraph 1.

### II.

2.     The allegations of Paragraph 2 are not directed toward Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 2 for lack of sufficient information or knowledge to form a belief as to the truth therein.

### PARTIES

3.     Pfizer is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 3, and therefore neither admits nor denies the allegations contained therein.

4.     Pfizer admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in New York. Pfizer states that the allegations of Paragraph 4 regarding place of service are legal conclusions, and as such, no response is required. Pfizer denies the remaining allegations of Paragraph 4 and denies any wrongdoing.

5.     The allegations of Paragraph 5 are not directed toward Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 5 for lack of sufficient information or knowledge to form a belief as to the truth therein.

## III.

## JURISDICTION AND VENUE

6. Paragraph 6 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer has insufficient information or knowledge to form a belief as to the truth therein, and therefore neither admits nor denies that venue is proper in this Court.

7. Pfizer has insufficient information or knowledge as to Plaintiff's purchase or use of Celebrex®, and therefore denies the allegations of Paragraph 7.

8. Answering Paragraph 8, Pfizer admits that it has, at times, marketed and co-promoted Celebrex® throughout the United States, including in the State of Louisiana. Pfizer denies that Celebrex® caused any harm to Plaintiffs and denies any wrongdoing. Pfizer denies the remaining allegations of Paragraph 8.

9. The allegations of Paragraph 9 are not directed toward Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 9 for lack of sufficient information or knowledge to form a belief as to the truth therein.

## IV.

## FACTUAL ALLEGATIONS

10. Answering Paragraph 10, Pfizer admits that it has, at times, marketed and co-promoted Celebrex® throughout the United States, including in the State of Louisiana. Pfizer denies the remaining allegations of Paragraph 10.

11. The allegations of Paragraph 11 are not directed toward Pfizer, and as such no

response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 11 for lack of sufficient information or knowledge to form a belief as to the truth therein.

12. Answering Paragraph 12, Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore denies the same. Pfizer denies that Celebrex® is dangerous and denies that it caused Plaintiff any injury. Pfizer denies the remaining allegations in Paragraph 12.

13. Answering Paragraph 13, Pfizer has insufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore denies the same. Pfizer denies that Celebrex® is dangerous and denies that it caused Plaintiff any injury. Pfizer denies the remaining allegations in Paragraph 13.

14. Answering Paragraph 14, Pfizer admits that it has, at times, marketed and co-promoted Celebrex® throughout the United States. To the extent the allegations of Paragraph 14 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Pfizer denies the remaining allegations of Paragraph 14.

15. Answering Paragraph 15, Pfizer admits that Celebrex® and Vioxx are COX-2 Inhibitors within the class of non-steroidal anti-inflammatory drugs ("NSAIDs").

16. Answering Paragraph 16, Pfizer states that Celebrex® was approved by the FDA on December 31, 1998 for use in the United States by healthcare providers who are authorized by law to prescribe medications in accordance with approval by the FDA. Pfizer states that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the relief of signs and symptoms of

ankylosing spondylitis; (4) for the management of acute pain in adults; (5) for the treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g., endoscopic surveillance, surgery). Excepted as admitted herein, Pfizer denies the allegations in paragraph 16.

17. Answering Paragraph 17, Pfizer states that Celebrex® has not been withdrawn from the market. Pfizer states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer further states that the "studies" referenced in Paragraph 17, if any, speak for themselves and any attempt to characterize them is denied. Pfizer denies the remaining allegations of Paragraph 17.

18. Paragraph 18 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 18 and denies any wrongdoing.

19. Answering Paragraph 19, Pfizer denies that it made any express warranties about Celebrex® and denies that it made any warranties which might be implied by law to Plaintiffs or others regarding Celebrex®. Pfizer states that, at all times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Pfizer denies the allegations of Paragraph 19.

20. Answering Paragraph 20, Pfizer states that the potential effects of Celebrex® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standard of care and law and with the applicable state of the art. Except as stated herein, Defendant denies the allegations of Paragraph 20.

21. Paragraph 21 asserts conclusions of law to which no response is required. To the extent a response is deemed required, Pfizer denies that it failed to meet any applicable standards of care. Pfizer denies the remaining allegations of Paragraph 21.

22. The allegations of Paragraph 22 are not directed toward Pfizer, and as such no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 22 for lack of sufficient information or knowledge to form a belief as to the truth therein.

V.

**FIRST CAUSE OF ACTION**

**PRODUCTS LIABILITY**

23. Answering Paragraph 23, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

24. The allegations contained in Paragraph 24 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that Celebrex® is or was defective and unreasonably dangerous. Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. To the extent the allegations of Paragraph 24 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Except as stated herein, Defendant denies the allegations of Paragraph 24, including its subparts (a) through (d).

25. Answering Paragraph 25, Pfizer admits that, at times, it marketed and co-promoted Celebrex® to be prescribed by physicians who are by law authorized to prescribe medications in accordance with their approval by the FDA. To the extent the allegations of

6

Paragraph 25 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Except as stated herein, Defendant denies the allegations of Paragraph 25.

26. Answering Paragraph 26, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the condition in which Celebrex® reached Plaintiff, Robbie Juneau, and, therefore, denies the same. Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. To the extent the allegations of Paragraph 26 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Defendant denies the remaining allegations contained in Paragraph 26.

27. Answering Paragraph 27, Pfizer denies that Celebrex® is defective and denies that it caused Plaintiff any injury. Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. To the extent the allegations of Paragraph 27 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Except as stated herein, Defendant denies the allegations of Paragraph 27.

28. To the extent the allegations of Paragraph 28 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Pfizer denies the remaining allegations of Paragraph 28.

29. To the extent the allegations of Paragraph 29 are not directed toward Pfizer, Pfizer

denies those allegations for lack of information or knowledge as to the truth therein. Defendant denies that Celebrex® is defective and denies all the allegations of Paragraph 29 directed toward it.

30. Answering Paragraph 30, Defendant denies that it made any express warranties about Celebrex® and denies that it made any statements or representations to Plaintiffs or other that might be implied by law as warranties regarding Celebrex®. Defendant further denies that it made any misrepresentations about the safety and effectiveness of Celebrex®. To the extent the allegations of Paragraph 30 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Defendant has insufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 30, and therefore denies the same.

31. Answering Paragraph 31, Defendant states that the FDA-approved physician prescribing information for Celebrex® provided adequate warning to Plaintiff's physician about the use of Celebrex®. Pfizer states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. To the extent the allegations of Paragraph 31 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Except as stated herein, Defendant denies the allegations of Paragraph 31 directed toward it.

32. Answering Paragraph 32, Defendant denies that it failed to provide adequate warnings to physicians about Celebrex®. Defendant states that the FDA-approved physician prescribing information provided adequate warnings and precautions about the use of Celebrex®. To the extent the allegations of Paragraph 32 are not directed toward Pfizer, Pfizer

denies those allegations for lack of information or knowledge as to the truth therein. Except as stated herein, Defendant denies the allegations of Paragraph 32 directed toward it.

33. Answering Paragraph 33, Defendant denies all the allegations directed toward it contained therein. Defendant states that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. To the extent the allegations of Paragraph 33 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein.

34. The allegations contained in Paragraph 34 of Plaintiffs' Complaint assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that it is liable to Plaintiffs for damages. To the extent the allegations of Paragraph 34 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Except as stated herein, Pfizer denies the allegations of Paragraph 34 directed toward it.

## COUNT II

### VIOLATION OF WARRANTY OF REDHIBITION

35. Pfizer states that Celebrex®, at all times relevant, had appropriate information in its FDA-approved label. Pfizer further states that, at times relevant to this lawsuit, Celebrex® is and was safe and effective when used in accordance with its FDA-approved prescribing information, which was at all times adequate and comported with the applicable standard of care and law and with the applicable state of the art. To the extent the allegations of Paragraph 35 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Pfizer denies making any misrepresentations and denies the remaining allegations of Paragraph 35 directed toward it.

36.     Paragraph 36 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 36 directed toward it. To the extent the allegations of Paragraph 36 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein.

37.     Paragraph 37 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer states that, at times relevant to this lawsuit, Celebrex® was safe and effective when used in accordance with its FDA-approved prescribing information. To the extent the allegations of Paragraph 37 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein. Pfizer denies the remaining allegations of Paragraph 37 directed toward it.

38.     Paragraph 48 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 38 directed toward it. To the extent the allegations of Paragraph 38 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein.

### DAMAGES

39.     Answering Paragraph 39, Defendant hereby incorporates by reference all previous Paragraphs as though fully set forth herein.

40.     Paragraph 40 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer admits that Plaintiffs seek monetary relief, but denies that Plaintiffs are entitled to the requested relief.

41.     Paragraph 41 asserts legal conclusions to which no response is required. To the extent a response is deemed required, Pfizer denies the allegations of Paragraph 41 directed

toward it. To the extent the allegations of Paragraph 41 are not directed toward Pfizer, Pfizer denies those allegations for lack of information or knowledge as to the truth therein.

42.  Pfizer denies the allegations directed toward it contained in the unnumbered WHEREFORE paragraph following Paragraph 42, except to admit that Plaintiffs seek compensatory damages. Pfizer denies that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendant in this matter. Defendant therefore asserts the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendant will withdraw any of these defenses as may be appropriate.

## FIRST DEFENSE

1.  The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

2.  Plaintiffs' claims may be barred by the applicable statute of limitations and/or repose, or by the equitable doctrines of laches, waiver and estoppel.

## THIRD DEFENSE

3.  Plaintiffs' injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Defendant had no control or right to control and whose actions are not, therefore, imputable to Defendant.

11

**FOURTH DEFENSE**

4.      Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs, or persons or parties whose identities are unknown at this time, which comparative negligence or fault is sufficient to proportionately reduce Plaintiffs' recovery or to bar it.

**FIFTH DEFENSE**

5.      Plaintiff's injuries, if any, were due to an allergic, idiosyncratic or idiopathic reaction to Celebrex®, or by an unforeseeable illness, unavoidable accident, or pre-existing condition, without any negligence or culpable conduct by Defendant.

**SIXTH DEFENSE**

6.      Plaintiffs failed to exercise reasonable care and diligence to mitigate their injuries and damages, if any.

**SEVENTH DEFENSE**

7.      Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**EIGHTH DEFENSE**

8.      Celebrex® is safe when used as directed, is suitable for the purpose for which it is intended, is distributed with adequate and sufficient warnings and Defendant reasonably assumed that its warnings would be read and heeded; therefore, Celebrex® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

## NINTH DEFENSE

9.     Celebrex® falls under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration and Plaintiffs' claims have been preempted under the Supremacy Clause of the U.S. Constitution.

## TENTH DEFENSE

10.     Celebrex® and Defendant's actions conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Celebrex® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

## ELEVENTH DEFENSE

11.     Defendant avers that Celebrex® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use by a person.

## TWELFTH DEFENSE

12.     Defendant satisfied its duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

## THIRTEENTH DEFENSE

13.     Defendant pleads the applicability and exclusivity of the Louisiana Products Liability Act, LA. REV. STAT. §§ 9:2800.51, *et seq.*, and specially avers that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## FOURTEENTH DEFENSE

14. Plaintiffs' allegations of fraud, deceit, and fraudulent misrepresentations are not stated with the degree of particularity required by FED .R. CIV. P. 9(b) and should be dismissed.

## FIFTEENTH DEFENSE

15. Plaintiffs' claims for punitive damages, if any, are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore,* 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 123 S. Ct. 1513 (U.S. 2003), or the Louisiana Constitution, statutes and decisions of the Louisiana courts, including LA. CIV. CODE art. 3546.

## SIXTEENTH DEFENSE

16. Plaintiffs' claims are barred by assumption of the risk.

## SEVENTEENTH DEFENSE

17. Plaintiffs' claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of the Restatement (Third) of Torts: Product Liability § 6, comment f.

## EIGHTEENTH DEFENSE

18. The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### NINTEENTH DEFENSE

19.  Plaintiffs' claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### TWENTIETH DEFENSE

20.  If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by operation of nature or other supervening or intervening conduct of persons other than Defendant, and for whose conduct Defendant is not responsible, or with whom Defendant had no legal relation or legal duty to control.

### TWENTY-FIRST DEFENSE

21.  If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Celebrex® by persons other than Defendant or persons acting on its behalf.

### TWENTY-SECOND DEFENSE

22.  Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

### TWENTY-THIRD DEFENSE

23.  To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### TWENTY-FOURTH DEFENSE

24. Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

### TWENTY-FIFTH DEFENSE

25. Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Celebrex® complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### TWENTY-SIXTH DEFENSE

26. Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### TWENTY-SEVENTH DEFENSE

27. Plaintiffs' claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### TWENTY-EIGHTH DEFENSE

28. Plaintiffs' claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### TWENTY-NINTH DEFENSE

29. Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### THIRTIETH DEFENSE

30. The liability of Defendant, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined. Defendant seeks an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### THIRTY-FIRST DEFENSE

31. Defendant is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs with any other defendant or other person or entity.

### THIRTY-SECOND DEFENSE

32. Plaintiffs' claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.*, the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

### THIRTY-THIRD DEFENSE

33. Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### THIRTY-FOURTH DEFENSE

34. Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

### THIRTY-FIFTH DEFENSE

35. Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by the FDA specifying the language that should be used in the labeling accompanying Celebrex®. Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### THIRTY-SIXTH DEFENSE

36. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### THIRTY-SEVENTH DEFENSE

37. Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTY-EIGHTH DEFENSE

38. Pfizer specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert any such defenses.

## JURY DEMAND

Defendant, Pfizer Inc., demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, Pfizer Inc., respectfully requests that this matter be dismissed with prejudice and that it be awarded its costs and any other relief to which it may be entitled.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
*Counsel for Defendant, Pfizer Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by sending a copy of same via U.S. Mail, properly addressed and postage prepaid on this 24th day of March, 2006.