UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |

## SURREPLY OF DEFENDANT MERCK & CO., INC. TO PLAINTIFFS' LETTER BRIEF REGARDING OGILVY, DDB AND MILLWARD THIRD-PARTY DISCOVERY

Defendant Merck & Co., Inc. ("Merck") respectfully submits this brief surreply to respond to a number of misstatements in the PSC's reply brief regarding the third-party discovery issues before the Court.[1]

***First***, the PSC's late-in-the-day about-face regarding which law of privilege governs this dispute should not affect the Court's analysis. Given the complex choice-of-law analysis required for resolution of privilege issues under state law and the fact that many states – including New Jersey and Pennsylvania – hew closely to federal privilege law, ***both*** parties have been briefing privilege issues under federal law throughout this MDL proceeding. (*See, e.g.,* PSC's Memorandum in Support of Motion to Compel Production of Documents Improperly

---

[1] As an initial matter, the very title of the PSC's reply brief inaccurately implies that Merck seeks to "quash" discovery of materials in the possession of its contractors. In fact, Merck seeks merely to exercise its right to review documents in the possession of these entities on a rolling basis as they are produced to the PSC and to protect its privileged communications.

Claimed As Privileged On Merck's Privilege Log ("Motion to Compel"), filed October 7, 2005 (citing federal cases).) Indeed, the PSC's opening letter brief on the third-party issue relied exclusively on federal law, including the very case, *Bieter*, that they now argue is inapplicable. (*See* PSC Letter at 3-4.)

Moreover, even if the PSC's new position were correct and Pennsylvania law were to apply to the third-party privilege issue under applicable choice-of-law principles, the same result would obtain because Pennsylvania courts routinely rely on federal precedent where, as here, Pennsylvania courts have not yet addressed the specific privilege question at issue. *See, e.g., Schenck v. Twp. of Ctr.*, 2006 Pa. Commw. LEXIS 88 (Pa. Commw. Ct. 2006) (relying on federal precedent addressing the applicability of the attorney-client privilege in the context of discovery disputes where "[t]he specific question presented . . . has not been decided by our appellate courts"); *Whitehead v. Allstate Ins. Co.*, 3 Pa. D. & C.3d 56, 58 (Pa. Ct. Com. Pl. 1977) (basing its privilege ruling on federal precedent where the Pennsylvania court was "able to find no Pennsylvania state decision dealing with the issue"). Notably, the only relevant Pennsylvania case cited by plaintiffs is one where the Court relies on the Supreme Court's *Upjohn* decision to extend the attorney-client privilege to police officers. *See Gould v. City of Aliquippa*, 750 A.2d 934, 937 (Pa. Commw. Ct. 2000) (citing *Upjohn* for the proposition that "entities may claim the privilege for communications between their attorney and their agents or employees who are authorized to act on behalf of the entities"). Since Merck's arguments here are merely an extension of *Upjohn*, as recognized by the court in *In re Bieter*, 16 F.3d 929, 937 (8th Cir. 1994) (holding that "it is inappropriate to distinguish between those on the client's payroll and those who are instead, and for whatever reason, employed as independent contractors . . . [because] [s]uch a distinction is [not] consistent with . . . the Supreme Court's decision in *Upjohn*"), all

evidence suggests that Pennsylvania courts would reach precisely the same result as federal courts on this issue.

***Second***, the PSC misstates the test for applying the attorney-client privilege to contractors. The PSC's reply argues at length that privilege should not extend to DDB and Ogilvy because their contracts with Merck specifically state that they are not "employees" of the company. (PSC Reply at 6.) This argument misses the point of *Bieter*. Of course the agencies' employees are not legally Merck's employees; the very issue before the Court is whether the privilege extends to third-parties who function similarly to employees of the company. As *Bieter* and numerous other cases hold, the answer is clearly yes. *See Bieter*, 16 F.3d at 933-34 (finding privilege even though contract stated that contractor "was expressly ***not*** an agent, employee, or partner of Bieter") (emphasis added).

***Third***, the PSC understates the degree to which DDB received legal advice from Merck's lawyers. The PSC's selective quotation of Molly Bucholz's deposition testimony for the proposition that Bucholz did not interact directly with Merck lawyers fails to include Ms. Bucholz's further explanation, detailing DDB's regular contact with the Merck Medical/Legal board, or her subsequent declaration. (*See* Deposition of Molly Bucholz ("Bucholz Dep.") at 74-75 (clarifying that she and other DDB employees had "regular interaction" with the Merck Medical/Legal board attorney).) As set forth in Ms. Bucholz's declaration submitted to the Court last week, "DDB routinely communicated with Merck's legal department ("Merck legal") via senior Merck employees to develop submissions to [the Department of Health and Human Services Division of Drug Marketing, Advertising and Communications (DDMAC)], and to implement DDMAC's suggested changes to proposed ads." (Declaration of Molly Bucholz ("Bucholz Decl.") ¶ 6.) Moreover, "DDB employees participated in meetings at Merck's offices

3

on a regular basis and communicated with members of Merck's Medical/Legal Board via senior Merck employees regarding Vioxx on a regular basis." (Bucholz Decl. ¶ 9.) This degree of interaction is necessary because prescription drug advertising and public communication is strictly regulated by the FDA's DDMAC division.

*Finally*, the PSC's apparent claim that under Rule 45, Merck does not have the right to review documents for privilege because only the "person subject to or affected by" a subpoena may move the court for protection misstates the procedural background of this briefing. (PSC Reply at 10.) Merck has not moved to quash the PSC's subpoena (it was the PSC itself that brought this issue before the Court), and conversely, DDB and Ogilvy *have* made clear their view that Merck has the right to review documents before they are produced to the PSC. In any event, since even plaintiffs concede that Merck is "affected" by the PSC's subpoena, their reference to Rule 45 is puzzling.

As set forth in Merck's prior briefing, a company does *not* waive the attorney-client privilege where, as here, it shares and/or engages in privileged communications with independent contractors who: (1) function in a similar manner to employees of the company; (2) require legal advice to carry out their contractual obligations; and (3) are expected to preserve the confidential nature of the privileged information. Accordingly, the Court should reject plaintiffs' efforts to

4

deprive Merck of the ability to review the documents at issue and protect those that are privileged from production.

Respectfully submitted,

*Dorothy H. Wimberly* (signature)

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Surreply of Defendant Merck & Co., Inc. to Plaintiffs' Letter Brief Regarding Ogilvy, DDB and Millward Third-Party Discovery has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 29th day of March, 2006.

*Dorothy H. Wimberly* (signature)