UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 30  PM 1:35

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In Re: VIOXX<br>      Products Liability Litigation | MDL No. 1657<br>Section: L |
| This Document Relates to: | Judge Fallon |
| Lynda Lowe, etc. v. PJC Realty MA, Inc., et al.<br>Docket No. 05-6173, Eastern District of LA | Mag. Judge Knowles |

### ANSWER OF DEFENDANT PJC REALTY MA, INC. TO THE COMPLAINT

Defendant PJC Realty MA, Inc. ("PJC") hereby responds to each numbered paragraph of plaintiff's Complaint as follows:

### THE PARTIES

1. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. PJC admits that PJC Realty MA, Inc. is a Massachusetts corporation, with an office in Boston, Suffolk County, Massachusetts. Except as specifically admitted herein, PJC denies the allegations contained in paragraph 2 as stated therein.

3. PJC denies that Maxi Drug, Inc., d/b/a Brooks Pharmacy, is organized under the laws of Rhode Island, but admits the remaining allegations contained in paragraph 3.

4. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

### JURISDICTION

5. No answer is required to paragraph 5 as it purports only to state a conclusion of law. To the extent any allegation contained in paragraph 5 could be construed as an allegation of



fact against PJC requiring a response, it is denied.

## GENERAL ALLEGATIONS

6. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. PJC denies the allegations contained in paragraph 7.

8. PJC denies the allegations contained in paragraph 8.

9. PJC admits the allegations contained in paragraph 9.

10. PJC denies the allegations contained in paragraph 10.

11. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. PJC is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 18.

19. PJC denies the allegations contained in paragraph 19.

20. PJC denies all allegations directed to it in paragraph 20, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

21. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. PJC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

## COUNT I

22. PJC hereby repeats and incorporates by reference its responses to paragraphs 1 through 22 above as if fully set forth herein.

23. PJC denies the allegations contained in paragraph 23.

24. PJC denies the allegations contained in paragraph 24.

## COUNT II

25. PJC hereby repeats and incorporates by reference its responses to paragraphs 1 through 24 above as if fully set forth herein.

26. PJC denies the allegations contained in paragraph 26.

27. PJC denies the allegations contained in paragraph 27.

28. PJC denies the allegations contained in paragraph 28.

## COUNT III

22. – 24. Count III asserts no claims against PJC, and accordingly no response is required. To the extent PJC could be construed to assert any allegations against PJC, they are hereby denied.

## COUNT IV

25. – 28.   Count IV asserts no claims against PJC, and accordingly no response is required. To the extent PJC could be construed to assert any allegations against PJC, they are hereby denied.

## COUNT V

22. – 24.   Count III asserts no claims against PJC, and accordingly no response is required. To the extent PJC could be construed to assert any allegations against PJC, they are hereby denied.

## COUNT VI

25. – 28.   Count IV asserts no claims against PJC, and accordingly no response is required. To the extent PJC could be construed to assert any allegations against PJC, they are hereby denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against PJC upon which relief can be granted.

### SECOND DEFENSE

PJC is a corporate entity created for the purpose of owning and managing real estate. As such, PJC had no involvement in the manufacture, distribution or sale of VIOXX® or any other pharmaceutical, and therefore cannot be held liable for any of the claims alleged in the Complaint.

### THIRD DEFENSE

PJC will seek its costs and attorneys fees under Mass. G. L. ch. 231 §6F, Mass. R. Civ. P. 11, and any other applicable statute or rule for all of its costs associated with its defense to this

frivolous action against it, which plaintiff's counsel commenced and/or pursued with knowledge that PJC Realty MA, Inc. had no involvement in or liability for the matters at issue in this litigation.

## FOURTH DEFENSE

PJC incorporates each and every defense available to it under the Constitution of Massachusetts and the Constitution of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on compensatory and punitive damages.

## FIFTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## SIXTH DEFENSE

Any injury or damages alleged in the Complaint were caused solely by the acts, wrongs, or omissions of the plaintiff, or by other persons, entities or forces over whom PJC had no control and for which PJC is not responsible.

## SEVENTH DEFENSE

In the event PJC is found to be at fault for any damages alleged in the Complaint, the damages were caused by the contributory and or comparative negligence of the plaintiff, and any damages recoverable against PJC would be diminished according to Mass. G. L. ch. 231, § 85.§

## EIGHTH DEFENSE

PJC, while denying that any product distributed by it caused or contributed to any injury incurred by plaintiff, asserts that plaintiff was warned or was otherwise made aware of the alleged dangers of the product, and further, any such alleged dangers were not beyond those

which would have been contemplated by an ordinary consumer of the product.

## NINTH DEFENSE

At all relevant times alleged in the Complaint, PJC did not know and could not have known of the design characteristics, if any, that allegedly caused the injuries and damages of which plaintiff complains or the alleged danger of any such design characteristics.

## TENTH DEFNSE

The plaintiff's claims are barred by the doctrine of laches, waiver, estoppel and/or statutory and regulatory compliance.

## ELEVENTH DEFENSE

The plaintiff's claims are barred, in whole or in part, to the extent plaintiff or any state entity acting on behalf of plaintiff, has released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

## TWELFTH DEFENSE

PJC is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by plaintiff, or any state entity acting on behalf of plaintiff, with respect to the same alleged injuries. PJC is also entitled to have any damages that may be awarded to plaintiff reduced by the value of any benefit or payment to plaintiff, or any state entity acting on behalf of plaintiff, from any collateral source.

## THIRTEENTH DEFENSE

The damages and injuries alleged were caused or enhanced by a preexisting medical condition of the plaintiff that was not related to any product distributed by Brooks.

## FOURTEENTH DEFENSE

The plaintiff is not entitled to recover punitive damages under Massachusetts law.

**FIFTEENTH DEFENSE**

The plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 21 U.S.C. § 301.

**SIXTEENTH DEFENSE**

The plaintiff's claims are barred in whole or in part because the directions or warnings as to the use of VIOXX® were adequate under the law.

**SEVENTEENTH DEFENSE**

If plaintiff has sustained any injuries or losses as alleged in the Complaint, which is expressly denied, such injuries or losses resulted from plaintiff's misuse or abuse of VIOXX®, and failure to read and/or heed any warning that may have been provided.

**EIGHTEENTH DEFENSE**

PJC adopts and incorporates by reference any affirmative defense asserted by the other defendants in this action, to the extent such affirmative defense is applicable to PJC, and further reserves the right to assert any other defense that may become available or appear during the discovery proceedings in this case.

**WHEREFORE**, Defendant PJC Realty MA, Inc. requests that this Court grant the following relief:

A. Enter judgment for PJC against the plaintiffs on all counts of the Complaint;

B. Award defendant its costs, disbursements and reasonable attorneys' fees incurred in this action pursuant to Mass. G. L. ch. 231, § 6(f) and Mass. R. Civ. P. 11; and

C. Grant such other relief as the Court deems just and proper.

**PJC REALTY MA, INC.**

By its Attorneys,

*/s/ Marjorie Sommer Cooke*

Marjorie Sommer Cooke
COOKE CLANCY & GRUENTHAL LLP
265 Franklin Street
Boston, MA  02110
(617) 428-6800
(617) 428-6868

Dated:  March 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 27th day of March, 2006.

*/s/ Jason Niederkorn*

Jason Niederkorn
