UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 30  PM 1: 35

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In Re: VIOXX<br>  Products Liability Litigation | MDL No. 1657<br>Section: L |
| This Document Relates to: | Judge Fallon |
| Lynda Lowe, etc. v. PJC Realty MA, Inc., et al.<br>Docket No. 05-6173, Eastern District of LA | Mag. Judge Knowles |

## ANSWER OF DEFENDANT MAXI DRUG, INC., D/B/A BROOKS PHARMACY, TO THE COMPLAINT

Defendant Maxi Drug, Inc., d/b/a Brooks Pharmacy ("Brooks"), hereby responds to each numbered paragraph of plaintiff's Complaint as follows:

### THE PARTIES

1. Brooks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Brooks admits that PJC Realty MA, Inc. is a Massachusetts corporation, with an office in Boston, Suffolk County, Massachusetts, and denies the remaining allegations contained in paragraph 3.

3. Brooks denies that Maxi Drug, Inc., d/b/a Brooks Pharmacy, is organized under the laws of Rhode Island, but admits the remaining allegations contained in paragraph 3.

4. Brooks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

### JURISDICTION

5. No answer is required to paragraph 5 as it purports only to state a conclusion of

Fee
Process
X Dktd
CtRmDep
Doc. No

law. To the extent any allegation contained in paragraph 5 could be construed as an allegation of fact against Brooks requiring a response, it is denied.

## GENERAL ALLEGATIONS

6. Brooks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Brooks denies the allegations contained in paragraph 7.

8. Brooks admits that VIOXX® was available for purchase as a prescription medication in its various locations. Brooks denies the remaining allegations contained in paragraph 8.

9. Brooks admits the allegations contained in paragraph 9 to the extent they are directed at Brooks.

10. Brooks denies the allegations contained in paragraph 10.

11. Brooks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Brooks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Brooks admits the allegations contained in the first sentence of paragraph 13, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. Brooks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Brooks denies the allegations contained in paragraph 15.

16. Brooks denies the allegations contained in paragraph 16.

17. Brooks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Brooks is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the intent of Merck's advertising program, and denies all allegations contained in paragraph 18 directed to Brooks.

19. Brooks denies the allegations contained in paragraph 19.

20. Brooks denies all allegations directed to it in paragraph 20, and no response by Brooks is required with respect to allegations made against other defendants.

21. Brooks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Brooks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

## COUNT I

22. – 24. Count I asserts no claims against Brooks, and accordingly no response is required. To the extent Count I could be construed to assert any allegations against Brooks, they are hereby denied.

## COUNT II

25. – 28. Count II asserts no claims against Brooks, and accordingly no response is required. To the extent Count II could be construed to assert any allegations against Brooks, they are hereby denied.

## COUNT III

22. Brooks hereby repeats and incorporates by reference its responses to paragraphs 1 through 28 above as if fully set forth herein.

23. Brooks denies the allegations contained in paragraph 23.

24. Brooks denies the allegations contained in paragraph 24.

## COUNT IV

25. Brooks hereby repeats and incorporates by reference its responses to paragraphs 1 through 28 and 22, 23 and 24 above as if fully set forth herein.

26. Brooks denies the allegations contained in paragraph 26.

27. Brooks denies the allegations contained in paragraph 27.

28. Brooks denies the allegations contained in paragraph 28.

## COUNT V

22. – 24. Count V asserts no claims against Brooks, and accordingly no response is required. To the extent Count V could be construed to assert any allegations against Brooks, they are hereby denied.

## COUNT VI

25. – 28. Count VI asserts no claims against Brooks, and accordingly no response is required. To the extent Count VI could be construed to assert any allegations against Brooks, they are hereby denied.

## ADDITIONAL AND AFFIRMANTIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Brooks upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims against Brooks are barred by the statute of limitations.

### THIRD DEFENSE

Any injury or damages alleged in the Complaint were caused solely by the acts, wrongs,

or omissions of the plaintiff, or by other persons, entities or forces over whom Brooks had no control and for which Brooks is not responsible.

**FOURTH DEFENSE**

Any injury or damage sustained by the plaintiff was caused by intervening or superseding events, factors, occurrences or conditions which were not caused by Brooks and for which Brooks is not liable.

**FIFTH DEFENSE**

In the event Brooks is found to be at fault for the damages alleged in the Complaint, the damages were caused by the contributory and/or comparative negligence of the plaintiff, and any damages recoverable against Brooks would be diminished according to Mass. G. L. ch. 231, §85.

**SIXTH DEFENSE**

Brooks, while denying that any product distributed by it caused or contributed to any injury incurred by the plaintiff, asserts that the plaintiff was warned or was otherwise made aware of the alleged dangers of the product, and further, any such alleged dangers were not beyond those which would have been contemplated by an ordinary consumer of the product.

**SEVENTH DEFENSE**

Brooks did not make any material misrepresentation of fact regarding VIOXX® and made no representations with the intent to deceive or to induce plaintiff to act in justifiable reliance.

**EIGHTH DEFENSE**

At all relevant times alleged in the Complaint, Brooks did not know and, in light of the then existing available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages of which plaintiff

complains; and (2) the alleged danger of any such design characteristics.

### NINTH DEFNSE

The plaintiff's claims are barred by the doctrine of laches, waiver, estoppel and/or statutory and regulatory compliance.

### TENTH DEFENSE

The plaintiff's claims are barred, in whole or in part, to the extent plaintiff or any state entity acting on behalf of plaintiff, has released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### ELEVENTH DEFENSE

Brooks is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by plaintiff, or any state entity acting on behalf of plaintiff, with respect to the same alleged injuries. Brooks is also entitled to have any damages that may be awarded to plaintiff reduced by the value of any benefit or payment to plaintiff, or any state entity acting on behalf of plaintiff, from any collateral source.

### TWELFTH DEFENSE

The damages and injuries alleged were caused or enhanced by a preexisting medical condition of the plaintiff that was not related to any product distributed by Brooks.

### THIRTEENTH DEFENSE

The plaintiff is not entitled to recover punitive damages under Massachusetts law.

### FOURTEENTH DEFENSE

The plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 21 U.S.C. § 301.

## FIFTEENTH DEFENSE

The plaintiff's claims are barred in whole or in part because the directions or warnings as to the use of VIOXX® were adequate under the law.

## SIXTEENTH DEFENSE

If plaintiff has sustained any injuries or losses as alleged in the Complaint, which is expressly denied, such injuries or losses resulted from plaintiff's misuse or abuse of VIOXX®, and failure to read and/or heed any warning that may have been provided.

## SEVENTEENTH DEFENSE

The plaintiff's claims are barred in whole or in part because the product at issue was distributed in accordance with the state of the art at the time it was distributed, thereby barring any recovery by plaintiff.

## EIGHTEENTH DEFENSE

Brooks incorporates each and every defense available to it under the Constitution of Massachusetts and the Constitution of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, the Supremacy Clause and limitations on compensatory and punitive damages.

## NINETEENTH DEFENSE

Brooks adopts and incorporates by reference any affirmative defense asserted by the other defendants in this actions, to the extent such affirmative defense is applicable to Brooks, and further reserves the right to assert any other defense that may become available or appear during the discovery proceedings in this case.

**WHEREFORE**, Defendant Maxi Drug, Inc. d/b/a Brooks Pharmacy requests that this Court grant the following relief:

A. Enter judgment for the defendant and against the plaintiffs on all counts of the Complaint;

B. Award defendant its costs, disbursements and reasonable attorneys' fees incurred in this action; and

C. Grant such other relief as the Court deems just and proper.

**MAXI DRUG, INC. D/B/A BROOKS PHARMACY**

By its Attorneys,

Marjorie Sommer Cooke
COOKE CLANCY & GRUENTHAL LLP
265 Franklin Street
Boston, MA 02110
(617) 428-6800
(617) 428-6868

Dated: March 27, 2006

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 27th day of March, 2006.

Jason Niederkorn