FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR -3  PM 2: 54

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX PRODUCTS
LIABILITY LITIGATION

MDL No.: 1657

SECTION: L

This document relates to:

Civil Action No.: 2:06-cv-377

BEVERLY ROOS,
        Plaintiff,
vs.

JUDGE FALLON
MAG. JUDGE KNOWLES

MERCK & CO., INC,
        Defendant.          /

## NOTICE OF FILING AFFIDAVIT OF SERVICE

Plaintiff, BEVERLY ROOS, by and through her undersigned counsel, hereby files the original Waiver of Service of Summons evidencing service upon Defendant, ELLEN JACKSON WREDE on March 3, 2006.

Dated this 28th day of March, 2006.

By: _____
**BRENDA S. FULMER**, Esq. (FBN: 999891)
**C. TODD ALLEY**, Esq. (FBN: 321788)
**JAMES D. CLARK**, Esq. (FBN: 191311)
**DON GREIWE**, Esq. (FBN: 218911)
**AMY D. PREVATT**, Esq. (FBN: 13858)
ALLEY, CLARK, GREIWE & FULMER
701 E. Washington Street
P.O. Box 3127
Tampa, FL 33601-3127
Tele: (813) 222-0977
Fax: (813) 224-0373
Attorneys for Plaintiff

Fee_____
Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and by e-mail and has been served upon all parties set forth on the attached Service List by electronically uploading the same to LexisNexis File & Serve on this 28th day of March, 2006.

By: _____
BRENDA S. FULMER, Esq. (FBN: 999891)
C. TODD ALLEY, Esq. (FBN: 321788)
JAMES D. CLARK, Esq. (FBN: 191311)
DON GREIWE, Esq. (FBN: 218911)
AMY D. PREVATT, Esq. (FBN: 13858)
ALLEY, CLARK, GREIWE & FULMER
701 E. Washington Street
P.O. Box 3127
Tampa, FL 33601-3127
Tele: (813) 222-0977
Fax: (813) 224-0373
Attorneys for Plaintiff

## SERVICE LIST

**Wilfred P. Coronato, Esq.**
Hughes, Hubbard & Reed, LLP
101 Hudson Street, Suite 3601
Jersey City, NJ 07302-3918
Tele: (201) 946-5700
Fax: (201) 536-0799
*Email: Coronato@hugheshubbard.com*

**Phillip A. Wittmann, Esquire**
Stone, Pigman, Walther, Wittmann, LLC
546 Carondelet St.
New Orleans, LA 71030
Tele: (504) 581-3200
Fax: (504) 581-3361
*Email: pwittmann@stonepigman.com*
Defendant's Liaison Counsel

2

**Aretha Delight Davis, Esquire**
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
Tele: (215) 994-2423
Fax: (215) 994-2222
*Email: Aretha.davis@dechert.com*

**Susan Giamportone, Esq.**
Womble, Carlyle, Sandridge & Rice
2530 Meridian Parkway, Suite 400
Durham, NC 27713
Tele: (919) 316-4243
Fax: (919) 484-2061
*Email: SGiamportone@wcsr.com*

**Barbara Bolton Litten, Esquire**
**Patricia E. Lowry, Esquire**
**John B.T. Murray, Jr., Esquire**
**Dori K. Stibolt, Esquire**
Squire, Sanders & Dempsey
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, FL 33401
Tele: (561) 650-7200
Fax: (561) 655-1509
*Email: blitten@ssd.com*
*Email: plowry@ssd.com*
*Email: jbmurray@ssd.com*
*Email: dstibolt@ssd.com*
Local Counsel for Merck

**Russ Herman, Esquire**
Herman, Herman, Katz & Cotlar, LLP
910 Airport Road, Suite 3A
Destin, FL 32541
Tele: (866) 855-5101
Fax: (850) 837-8178
*Email: VIOXX@hhkc.com*
Plaintiff's Liaison Counsel

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

BEVERLY ROOS,

    Plaintiff,                                     Case No.: 2:05-CV-566-FtM-33SPC

vs.

MERCK & CO., INC., JULIA A. COOKE,
J.C. CORRADA, ROBIN ESTESS CHRISTESEN,
KEVIN HETHERINGTON, KIMBERLY JAMES,
PAUL G. KOPCHINSKI, SHAYNE McKINSEY,
YVONNE MORROW, GENE REIDER, and
ELLEN WREDE JACKSON,

    Defendants.
_____/

## WAIVER OF SERVICE OF SUMMONS

TO:    **Brenda S. Fulmer**
          **Alley, Clark, Greiwe & Fulmer**
          **P.O. Box 3127**
          **Tampa, FL 33601-3127**

    I, **ELLEN WREDE JACKSON**, acknowledge receipt of your request that it waive service of summons in the action of **BEVERLY ROOS v. MERCK & CO., INC.**, et al. which has been assigned case number 2:05-CV-566-FtM-33SPC in the United States District Court for the Middle District of Florida and is pending transfer to the Eastern District of Louisiana.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 16, 2006, or within 90 days after that date if the request was sent outside the United States.

Date: 3/3/06

Signature: *Ellen Paige Wrede*
Print/Type Name: Ellen Paige Wrede

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.