**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR -3 PM 2: 25

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re:  VIOXX | ) | MDL Docket No. 1657 |
| Products Liability Litigation | ) | |
| | ) | SECTION L |
| | ) | |
| This Document Relates to: | ) | JUDGE FALLON |
| | ) | |
| Juannell Y. McBrayer Wilkes, et al., | ) | MAGISTRATE JUDGE |
| Plaintiffs, | ) | ROBERT R. ARMSTRONG, JR. |
| vs. | ) | |
| Merck & Co., Inc., et al., | ) | |
| Defendants. | ) | |
| | ) | |
| Case No.:  06-821 | ) | |

**PLAINTIFFS' MEMORANDUM BRIEF IN RESPONSE TO THE**
**"RENEWED MOTION TO DISMISS, PURSUANT TO RULE 54(b),**
**OR, IN THE ALTERNATIVE, MOTION TO REMAND AND**
**INCORPORATED MEMORANDUM IN SUPPORT OF SAME"**
**JOINTLY FILED BY GENE L. WATTERSON, M.D.; JOSEPH**
**SINGLETON, M.D.; NELLIE CASSANDRA COMER,**
**M.D.; AND WALLACE PURDY, M.D.**

Juannell Y. McBrayer Wilkes, as Administratrix of the Estate of David L. McBrayer, deceased, and Eunice M. Dabbs offer this memorandum brief in response to the "Renewed Motion to Dismiss, Pursuant to Rule 54(b), or, in the Alternative, Motion to Remand and Incorporated Memorandum in Support of Same," jointly filed by Drs. Gene L. Washington, Joseph Singleton, Nellie Cassandra Comer, and Wallace Purdy.  Plaintiffs ask this Court to enter an order consistent with the statements and arguments contained herein.

As to Juannell Wilkes and Dr. Watterson

In the complaint, Juanell McBrayer asserted claims against Dr. Watterson in connection

Fee
Process
Dktd
CtRmDep
Doc. No

with his prescribing Celebrix to David McBrayer.  Eunice Dabbs asserted claims against Drs.

Singleton and Comer in connection with their prescribing Celebrex and Vioxx to her and against

Dr. Purdy in connection with his prescribing Vioxx to her.  On February 15, 2006, the MDL

Panel severed the Vioxx-based claims from the Celebrex-based claims.  The Celebrex portion of

the lawsuit was transferred to another district court, and the Vioxx portion of the lawsuit was

transferred to this Court.

Therefore, Juanell McBrayer has no claims pending before this Court; the only germane

party-plaintiff is Eunice Dabbs.  Because there is not factual allegation that Dr. Watterson

prescribed Vioxx to either David McBrayer or Eunice Dabbs, Dr. Watterson is entitled to a

dismissal as a party-defendant in the Vioxx portion of the original lawsuit now pending in this

Court.  Plaintiffs do not oppose Dr. Watterson's request to be dismissed with regard to any

Vioxx-based claims.


### As to Drs. Singleton, Comer, and Purdy


In seeking to be dismissed as party-defendants, Drs. Singleton, Comer, and Purdy (1)

adopt Merck & Co., Inc.'s contention that these physicians were fraudulently joined simply to

defeat diversity jurisdiction and (2), separately, contend that there has been a failure to state a

claim upon which relief may be granted because Eunice Dabbs failed to satisfy the pleading

requirements of § 6-5-551 of the Code of Alabama.  Plaintiffs will now address these two

matters in reverse order.

Section 6-5-551 requires that, in asserting a medical-negligence cause of action, the

plaintiff is to "include in the complaint ... a detailed specification and factual description of each

act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall

include when feasible and ascertainable the date, time, and place of the act or acts." Ala. Code §

6-5-551. In Mikkelsen v. Salama, 619 So. 2d 1382 (Ala. 1993), the Supreme Court of Alabama

discussed the pleading requirements of § 6-5-551 and wrote:

> [W]hen a plaintiff files a complaint alleging that a health
> care provider breached the standard of care owed the plaintiff,
> although every element of the cause of action need not be stated
> with particularity, the plaintiff must give the defendant health
> care provider fair notice of the allegedly negligent act and must identify
> the time and place it occurred and the resulting harm.  If the
> complaint affords the defendant health care provider fair notice of
> these essential elements, the courts should strive to find that the
> complaint includes the necessary "detailed specification and
> factual description of each act and omission alleged by the plaintiff
> to render the health care provider liable to plaintiff."

619 So. 2d at 1384 (citations omitted).

In Mikkelsen, the Mikkelsens alleged that Dr. Salama "negligently failed to advise or

warn Theresa [Mikkelsen] about alleged facts," namely that Theresa should not operate a motor

vehicle while suffering from "bi-polar disorder" and taking a prescribed medication, and that Dr.

Salama failed to "conform to the proper standard of practice in his treatment [of] of advice [to]

Theresa."  619 So. 2d at 1383-84.  The state supreme court held that the complaint satisfied the

pleading requirements of § 6-5-551.  The state supreme court applied § 6-5-551's pleading

requirements in the same fashion as the pleading requirements for asserting a fraud claim – bare-

bones "notice" pleading is insufficient; instead, the defendant must be told the elementary facts

needed to pin-point the "true" nature of the alleged medical negligence.

In the complaint, Eunice Dabbs factually alleged:

> Defendants SINGLETON, COMER, and PURDY ... undertook to
> provide medical services and/or treatment to the Plaintiff DABBS.
> All of these services were provided to the Plaintiff in Jefferson
> County, Alabama.

> During said period of time, Defendants ... SINGLETON, COMER,
> and PURDY ... negligently, wantonly and/or wrongfully prescribed
> and/or provided samples of the brand-name prescription drugs
> Vioxx and Celebrex to the Plaintiffs with actual and/or
> constructive knowledge of the risks and dangers associated with
> the use of Vioxx and Celebrex.

Complaint ¶¶ 61-63.  These factual allegations were contained in a distinct cause of action,

designated "Medical Malpractice."

As in <u>Mikkelsen</u>, Drs. Singleton, Comer, and Purdy have been afforded "fair notice" of

the basic essential elements of the medical-negligence claims being asserted against them.  As to

each doctor, the place of the alleged wrongful act or acts was the doctor's office in Jefferson

County, Alabama, where the Vioxx was prescribed and/or samples of Vioxx were provided.  The

three doctors have not proffered any reason why they needed to be informed of specifics dates

when a prescription was written and/o samples were provided before they can prepare a defense.

There is no reason that Drs. Singleton, Comer, and Purdy could not review their own office

records and determine (1) when they may have prescribed or gave Vioxx to Eunice Dabbs or,

conversely, (2) that they never did so.

As in <u>Mikkelsen</u>, Drs. Singleton, Comer, and Purdy were afforded "fair notice" of the

alleged breach of the standard of care.  The clear factual allegations are that, with actual or

constructive knowledge of the risks and dangers associated with Vioxx, these three doctors

wrongfully prescribed Vioxx and/or provided samples of Vioxx to a particular patient.  The risks

and dangers associated with Vioxx were delineated elsewhere in the complaint.  The defendant

doctors were fairly notified that they prescribed and/or otherwise provided an inappropriate

medication to Eunice Dabbs.  The pleading requirements of § 6-5-551 have been satisfied.

If the present pleadings fail to satisfy the pleading requirements of § 6-5-551, the remedy

is not a dismissal but is an order instructing the plaintiffs to amend their complaint to assert their

medical-negligence in more detail.  See Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th

Cir. 1985).  Any possible pleading deficiencies are correctable.  Drs. Singleton, Comer, and

Purdy are not entitled to a dismissal based on a ground predicated on § 6-5-551.

The borrowed "fraudulent joinder" contention fails because Eunice Dabbs has asserted a

viable medical-negligence cause of action against these three physicians.  If Eunice Dabbs

proves that Drs. Singleton, Comer, and Purdy breached the standard of care in prescribing or

providing Vioxx to her, then Eunice Dabbs would be entitled to recover monetary damages from

these doctors.  Stewart v. Bay Minette Infirmary, 501 So. 2d 441 (Ala. 1986)(breaching standard

in care in prescribing medications).  Therefore, Eunice Dabbs has asserted a viable cause of

action against these three physicians.

In removing this matter to federal court, Merck contends that, because the plaintiffs

factually allege that Merck concealed material information about the cardiovascular risks

associated with ingesting Vioxx from everyone, including doctors, the plaintiffs cannot factually

allege that these doctors actually or constructively knew about such risks when they were

prescribing Vioxx or giving out samples of Vioxx.  Merck further contends that, because the

bulk of the complaint is directed at Merck and its efforts to conceal material information

regarding Vioxx, the Alabama plaintiffs "threw in" the medical-negligence cause of action

against the Alabama doctors solely to deprive Merck of a federal forum.

Drs. Singleton, Comer, and Purdy cite no legal authority that bars a plaintiff from

simultaneously prosecuting a medical-negligence cause of action against a doctor who prescribes

a prescription medication and product-liability causes of action against the manufacturer or

supplier of that prescription medication.  Instead, the defendant doctors echo Merck's

declarations that the only possible "target" defendant is Merck and that Eunice Dabbs is not truly

serious about prosecuting the asserted medical-negligence cause of action.

Because Vioxx is a prescription drug, the learned-intermediary doctrine applies.  Eunice Dabbs reasonably anticipates that, as part of its defense, Merck will seek to prove that it adequately informed doctors of the risks associated with Vioxx and will argue that, if Vioxx was contraindicated for a particular patient, then the doctor was medically negligent in prescribing or giving Vioxx to that patient.  The medical-negligence cause of action asserted in the present complaint is totally consistent with Merck's expected defense.  The medical-negligence claim is based on an alternative theory as to the proximate cause of Eunice Dabbs' injuries attributable to the ingestion of Vioxx.  The medical-negligence claim is expressly predicated on the defendant doctors having actual or constructive knowledge of the risks that, elsewhere, in the complaint, the plaintiffs allege Merck tried to conceal, and having breached the standard of care in prescribing or giving a patient Vioxx while possessing such knowledge.  In Ohler v. Purdue Pharma, L.P., 2002 WL 88945 (E.D. La. Jan. 22, 2002), the court granted a remand where Ohler sued both the drug manufacturer and the prescribing physician and where it was apparent that the drug manufacturer would assert a learned-intermediary defense.

Under Alabama procedural practice, "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrence and if any question of law or fact common to all defendants will arise in the action." Ala. R. Civ. P. 20(a).  Eunice Dabbs alleges that she was injured due to ingesting Vioxx; therefore, the claims asserted against Merck and these three doctors arise out of the same occurrence, the supplying of Vioxx.  Unquestionably, there are questions of law or fact common to all defendants.  For example, a common factual question is whether the ingestion of Vioxx

was the cause-in-fact of any medical problem that Eunice Dabbs attributes to ingesting Vioxx. Eunice Dabbs seeks to hold all named defendants jointly, severally, or alternatively liable for any harm caused by ingesting Vioxx.  Pursuant to Rule 20(a), Eunice Dabbs exercised her right to permissibly join her claims against Merck and treating physicians in a single lawsuit.

In the context of removal jurisdiction, a federal court should never ascribe an improper motive to a plaintiff who chooses to exercise the right to permissibly join viable claims against a non-diverse defendant and a diverse defendant.  A federal court should never speculate that such a plaintiff is not truly interested in prosecuting an otherwise viable cause of action against the non-diverse defendant or that such a plaintiff will abandon the claims against the non-diverse defendant once the diverse defendant is barred from securing a removal to federal court.  See Dollar v. General Motors Corp., 814 F. Supp. 538, 541 (E.D. Tex. 1993)(citations omitted).

To establish fraudulent joinder in the present matter, Merck must prove, by clear and convincing evidence, that no viable cause of action has been asserted against the three Alabama doctors.  Neither Merck nor a court can rest on a belief that Merck is the principal, if not sole, "target" defendant and that Eunice Dabbs is not serious about prosecuting a medical-negligence claim against three defendants.  Likewise, Drs. Singleton, Comer, and Purdy must prove that a monetary judgment cannot be entered against them if Eunice Dabbs proves the factual allegations contained in the portion of the complaint asserting a medical-negligence cause of action.  Drs. Singleton, Comer, and Purdy cannot rest on their belief that the "target" defendant is Merck and Eunice Dabbs is not serious about prosecuting a medical-negligence claim.

The fundamental question is whether Eunice Dabbs has asserted a viable cause of action against Drs. Singleton, Comer, and Purdy.  The answer is yes because, under Alabama substantive law, Eunice Dabbs asserted a viable medical-negligence cause of action against these

three doctors.  It is immaterial that Eunice Dabbs has also sued Merck and, in doing so, alleges that Merck concealed critical information from the public, including physicians.  It is possible that Drs. Singleton, Comer, and Purdy obtained sufficient information, from Merck or independently, regarding the risks associated with Vioxx to alert them that Vioxx was contraindicated for Eunice Dabbs.  Drs. Singleton, Comer, and Purdy are not entitled to the requested dismissals.

### As to the Alternative Requested Relief

Drs. Singleton, Comer, and Purdy request an alternative relief if this Court denies their request for dismissals as party-defendants.  That alternative relief is a remand of this matter to the Circuit Court of Jefferson County, Alabama.  Eunice Dabbs does not oppose such a remand.  In fact, Eunice Dabbs sought a remand while this matter was pending in the Northern District of Alabama.  If these three physicians are not entitled to a dismissal, then, their presence precludes the exercise of diversity-based federal subject-matter jurisdiction because, like Eunice Dabbs, the doctors are Alabama residents.  Drs. Singleton, Comer, and Purdy correctly presented the applicable legal principles and demonstrated that a remand is required if these three doctors remain party-defendants in this lawsuit.  Eunice Dabbs asks this Court to remand this matter back to the state court where this lawsuit was instituted.

Respectfully submitted,

Tom Dutton
Bar No: ASB-2059-U50T
Attorney for Plaintiffs

OF COUNSEL:

PITTMAN HOOKS DUTTON KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email: phdkh-efiling@pittmanhooks.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liasion Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all counsel by electronically uploading same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this the 30 day of March, 2006.

Russ Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 OKeefe Ave
New Orleans, LA 70113-1125

Phillip A. Wittmann, Esq.
Stone, Pigman,
546 Carondelet Street
New Orleans, LA 70130

Tom Dutton
Attorney for Plaintiffs