FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 31  PM 4: 08

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | |
| PRODUCTS LIABILITY LITIGATION | MDL DOCKET 1657 |
| This document relates to: | JUDGE FALLON |
| Maria E. Quinn, Esq. as Administrator of of the Estate of Annette M. Zeman, Deceased<br>    Plaintiff, | MAGISTRATE JUDGE KNOWLES |
| vs. | **PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT BY INTERLINEATION INSTANTER** |
| MERCK & CO., INC., c/o CT Corporation System<br>    Defendant. | |
| Civil Action No. 05-2308L | |

Plaintiff, pursuant to F.R.C.P. 15(A), hereby moves this Court for leave to amend its Complaint by interlineation at paragraphs 5, 6, and 31 to permit the deletion of the date "2003" and the substitution of the date "2004"therefore.

In this instance, Plaintiff has identified a typographical error in the preparation of its complaint. That is, in paragraphs numbered 5, 6, and 31, the year of Annette M. Zeman's death is incorrectly listed as 2003. The correct year of her death, as evidenced by the Entry Appointing Fiduciary; Letters of Authority, attached to the original complaint is 2004. *(Letter of Authority is attached hereto as Exhibit A).*

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

A party may amend its pleading by leave of court and that such leave shall be freely granted when justice so requires. F.R.C.P. 15(a); *Brumbalough v. Camelot Care Ctrs, Inc.* (C.A. 6, 2005), 2005 WL 2861035. Because Rule 15(a) allows for liberal amendment, motions to amend pleadings should be refused *only* if there is a showing of bad faith or undue delay by the movant, or undue prejudice to the opposing party. *State Teachers Retirement Bd. v. Fluor Corp.* (C.A. 2, 1981), 654 F.2d 843, 856. Therefore, mere delay provides no basis to deny a right to amend. *Id.* Rather, the Court is guided by the principle that the purpose of allowing an amendment to a pleading is to facilitate decisions based upon merits and not procedural technicalities. *Foman v. Davis* (1962), 371 U.S. 178, 181, 83 S. Ct. 227. Allowing a party to correct a typographical error regarding a date does not amount to permitting the pleading of a new claim. *United States v. Lake City Malleable, Inc.* (1966), 258 F. Supp. 241.

In *Lake City Malleable*, this Court addressed plaintiff's request to correct a typographical error regarding notice of a tax assessment. In that case the plaintiff incorrectly alleged in its complaint that notice of said assessment was in the year 1964 when in fact the correct year was 1958. *Id.* at 242 In granting plaintiff's motion for the requested amendment this Court held that where reference in a complaint to a particular year is due to a typographical error the interest of justice requires leave be granted to amend the complaint. *Id*

In this case, Plaintiff, due to a typographical error lists the incorrect year of Annette M. Zeman's death. In any event, consistent with the Ohio Wrongful Death Statute, this matter was filed within two years of Ms. Zeman's correct date of death. Therefore, there is no showing of bad faith, undue delay or undue prejudice to the

opposing party, Defendant Merck. An Amended Complaint *(attached hereto as Exhibit B)* in this instance, to correct a typographical error, would neither prejudice Defendant Merck nor unduly delay the resolution of this case.

Respectfully submitted,

Robert J. DiCello (#0003353)
Mark A. DiCello (#0063924)
ROBERT J. DICELLO CO., L.P.A.
7556 Mentor Avenue
Mentor, Ohio 44060
Telephone: (440) 953-8888
Facsimile: (440) 953-9138


John T. Murray (#0008793)
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, Ohio 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Philip A. Ciano (#0066134)
Andrew S. Goldwasser (#0068397)
CIANO & GOLDWASSER, L.L.P.
MK Ferguson Plaza
1500 West Third Street, Suite 460
Cleveland, Ohio 44113
Telephone: (216) 658-9900
Facsimile: (216) 658-9920

Attorneys for Plaintiffs

## Certificate of Service

I hereby certify that on March ____, 2006 a true copy of the foregoing *Plaintiffs' Motion for Leave to File Amended Complaint by Interlineation Instanter* was filed by U.S. Mail. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the LexisNexis system.

Respectfully Submitted:

_____
Robert J. DiCello
Mark A. DiCello

ES66

**FILED**
2005 JAN 11 AM 10: 22
JUDGE TED KLAMMER
PROBATE COURT
LAKE COUNTY, OHIO

## PROBATE COURT OF LAKE COUNTY, OHIO
### TED KLAMMER, JUDGE

**ESTATE OF:** Annette M. Zeman aka Annette Margaret Zeman, **DECEASED**

**Case No.** 04-48    **Docket** 04    **Page** 48

### ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY
*(For Executors and all Administrators)*

**Name and Title of Fiduciary** Maria E. Quinn, Successor Administrator WWA

On hearing in open court the application of the above fiduciary for authority to administer decedent's estate, the Court finds that: Decedent died (check one of the following)- ☒ testate ☐ intestate - on January 6, 2004, domiciled in Mentor, Ohio.

(Check one of the following)- ☐ Bond is dispensed with by the Will- ☐ Bond is dispensed with by the law- ☐ Applicant has executed and filed an appropriate bond, which is approved by the Court; and bond waived per judgment entry.

Applicant is a suitable and competent person to execute the trust. The Court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate. This entry of appointment constitutes the fiduciary's letters of authority.

**Date** 1/11/05        **Probate Judge** /s/ Ted Klammer

### CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court. It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

**TED KLAMMER**
*Probate Judge/Clerk*

*Deputy Clerk*
January 11, 2005
*Date*

(Seal)

FORM 4.5-ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY



EXHIBIT A