**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR -5 PM 3: 35

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In re:  VIOXX PRODUCTS<br>LIABILITY LITIGATION | MDL DOCKET NO. 1657 |
| | SECTION L |
| | JUDGE FALLON |
| This document relates to<br>Case No. 05-6134 | MAGISTRATE JUDGE KNOWLES |
| Virginia Hendershot, et al. v. Merck<br>& Co., et al. | |

**MOTION TO SET ASIDE ORDER VACATING**
**AND RESPONSE OF PLAINTIFFS TO**
**DEFENDANT'S MOTION TO VACATE**

**INTRODUCTION**

On March 10, 2006, Merck & Co., Inc. ("Merck") moved this Court to vacate the non-reviewable remand order entered in this case by another federal judge (U.S. District Court for the Eastern District of Kentucky). A copy of the motion was sent to counsel for Plaintiffs by mail, and received on March 16, 2006. In the interim, and before Plaintiffs could respond, this Court granted Merck's motion and vacated the Hood remand order on March 13, 2006.

Pursuant to this Court's Minute Entry of March 23, this Memorandum is submitted in Response to Merck's motion and in support of Plaintiffs' motion to set aside this Court's order granting Merck's Motion to Vacate.  For the reasons set forth below, Plaintiffs respectfully submit that this Court should set aside the order vacating remand and adopt and ratify the order of Judge Hood granting remand.

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No_____

## PROCEDURAL BACKGROUND

This action was filed on September 29, 2005, in the Franklin Circuit Court of the Commonwealth of Kentucky.  The Complaint named non-diverse healthcare providers, alleging that they knew or should have known of the risks of Vioxx® and were negligent in prescribing the drug to Plaintiff, Virginia Hendershot, and failed to obtain her informed consent.  Merck nevertheless removed, claiming that the healthcare providers had been "fraudulently joined" and their citizenship therefore could be disregarded for purposes of determining diversity jurisdiction. Plaintiffs sought remand.

While the remand motion was pending, the JPML issued a conditional transfer order which became final on November 22, 2005. The order of transfer was filed in this Court on November 25, 2005. On December 22, 2005, and without notice of the transfer to this Court, the Honorable Joseph M. Hood of the U.S. District Court for the Eastern District of Kentucky granted remand, holding that the healthcare providers had not been fraudulently joined and that diversity jurisdiction was lacking.

Thereafter, Merck moved to vacate the Order Remanding on the ground that the court lacked jurisdiction to enter the order. Judge Hood denied the motion, noting that orders of remand are not reviewable "on appeal or otherwise" and that he therefore lacked authority to vacate the earlier remand order. (Hood decision at 2, attached to defendant's present motion as Exhibit H).  The court recognized that his decision left the matter pending in two courts – Kentucky state court and here in this MDL – but noted that this Court could "stay the state-court litigation 'in aid of its jurisdiction' pursuant to 28 U.S.C. § 2283." (*Id.* at 3).

## ARGUMENT

### I.   Judge Hood's Refusal to Vacate the Remand Order was Correct.

Judge Hood correctly held that he lacked authority to vacate the order remanding this case to state court.   With extremely limited exceptions, orders remanding on jurisdictional grounds are "not reviewable on appeal or otherwise." 28 U.S.C. § 1447 (d); *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) ("Not only may the order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter.   Thus, even if it later decides the order was erroneous, a remand order cannot be vacated even by the district court."); *In re Weaver*, 610 F.2d 335 (5th Cir. 1980); *Thompson v. Radosta*, 906 F.Supp. 367 (E.D. La. 1995).   Plaintiffs respectfully submit that the rationale behind the decisions applies with even greater force to a court asked to vacate the remand order of another federal court. *Illinois Municipal Retirement Fund. v. Citigroup, Inc.*, 391 F.3d 844, 851-52 (7th Cir. 2004) ("If the courts of appeals have no power to bring consistency to these remand orders, there is no reason why a sister district court, in a different circuit, should have this power."). *See also, Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 67 F.Supp.2d 1242, 1247 n. 7 (D. Kan. 1999) ("Even if one could argue that reconsideration by a district court of its own remand order does not amount to review for purposes of Section 1447(d), it is extremely difficult to argue that reconsideration by a different district court does not constitute a review of this Court's remand order.").

Denying the Motion to Vacate will not leave Merck without a remedy.   As Judge Hood noted, this Court, ***if it has jurisdiction,*** has the authority "in aid of its jurisdiction"

to stay the state court action. Merck did not request that relief, however, but instead asked this Court to vacate a non-reviewable order. The reason for Merck's approach is clear.

Before this Court enters any order in aid of its jurisdiction, the Court would first have to determine *that it in fact had jurisdiction.* That is an issue Merck wants to leave on the back burner, because any careful look at the jurisdictional issue would result in a prompt remand to state court.

**II.    Even if the Remand Order Were Reviewable, the Proper Place for Review is the United States Sixth Circuit Court of Appeals, Not This Court.**

As noted previously, orders of remand on jurisdictional grounds may be reviewed in a very narrow set of circumstances. *See, e.g., Tramonte v. Chrysler Corp.*, 136 F.3d 1025 (5th Cir. 1998); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001).  If the remand decision of Judge Hood is reviewable at all, it is by a properly perfected appeal to the Sixth Circuit, not by collateral review in this Court. The time for any such appeal has run, and the decision by Judge Hood should be regarded as the law of the case.

**III.    The Healthcare Providers Were Properly Joined, Diversity Jurisdiction is Lacking and this Action Should be Remanded to State Court.**

Plaintiffs' Motion to Remand and Memorandum in Support are found at Docket Number 8 in the record transferred to this Court and are hereby adopted and incorporated by reference.  Judge Hood's thoroughly reasoned remand order, which also is adopted and incorporated by reference, is Docket Number 16 and is attached to defendant's motion as Exhibit F.  The claim that the healthcare provider defendants were fraudulently joined is one that must be analyzed under Kentucky law – law Judge Hood is frequently called upon to apply. For the reasons stated in Plaintiff's Memorandum in Support of Motion to Remand and the analysis set out by Judge Hood in his remand order, this

4

action should be remanded to state court. Under no circumstances should this, or any other, Federal Court stay state court proceedings *without first determining that federal jurisdiction is proper.*

## CONCLUSION

It makes no sense to vacate Judge Hood's order or stay the state court proceedings only to later address the jurisdictional issue and determine then that jurisdiction is lacking.   Rather, the Court should address the jurisdictional issue now, hold that the healthcare providers were properly joined and adopt and ratify Judge Hood's order remanding to state court.

Respectfully submitted,


Ann B. Oldfather
OLDFATHER & MORRIS
1330 S. Third Street
Louisville, Kentucky  40208
Telephone: 502/637-7200
*Co-Counsel for Plaintiffs*

Tyler S. Thompson
DOLT, THOMPSON, SHEPHERD & KINNEY
310 Starks Building
Louisville, Kentucky  40202
Telephone: 502/587-6554
*Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2006, the foregoing was sent to the clerk of the court by Federal Express and a copy sent by U.S. Mail to the following:

Susan J. Pope, Esq.
FROST BROWN TODD, LLC
250 W. Main St., Suite 2700
Lexington, KY 40507-1749
**Counsel for Defendant Merck & Co., Inc.**

Melanie S. Marrs, Esq.
David A. Trevey, Esq.
Lynn, Fulkerson, Nichols & Kinkel
267 W. Short Street
Lexington, Kentucky 40507
**Counsel for Defendants Virginia Morris, ARNP and Capital Family Physicians, PSC**

James H. Heaphy, M.D.
1001 Leawood Drive, #C
Frankfort, Kentucky 40601
**Pro Se Defendant**

Phillip A. Wittmann, Esq.
Dorothy H. Wimberly, Esq.
Carmelite M. Bertaut, Esq.
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130-3588
**Defendants' Liason Counsel**

Russ M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA 71070
**Plaintiffs' Liaison Counsel**

Ann B. Oldfather

6