FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 10  AM 10: 55

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARIA E. QUINN, ESQ. as<br>Administrator of the Estate of<br>ANNETTE M. ZEMAN, Deceased,<br><br>          Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MDL DOCKET 1657<br><br>Judge Fallon<br><br>Magistrate Judge Knowles |

## ANSWER AND JURY DEMAND OF DEFENDANT
## MERCK & CO., INC.

Now comes Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, and for its Answer to Plaintiff's Amended Complaint, states as follows:

### RESPONSE TO "JURISDICTION AND VENUE"

1.    The allegations set forth in paragraph 1 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation set forth in paragraph 1 of the Amended Complaint except admits that Plaintiff purports to put more than $75,000 in controversy, but denies that there is any factual or legal basis for such relief.

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

804608v.1

2.     Denies each and every allegation set forth in paragraph 2 of the Amended Complaint except admits that Merck is a New Jersey corporation with its principal place of business in Whitehouse Station, New Jersey.

3.     The allegations set forth in paragraph 3 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation set forth in paragraph 3 of the Amended Complaint.

4.     The allegations set forth in paragraph 4 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation set forth in paragraph 4 of the Amended Complaint.

## RESPONSE TO "FACTUAL ALLEGATIONS"

5.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 5 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 5 of the Amended Complaint.

6.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 6 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 6 of the Amended Complaint.

804608v.1

7.     Denies each and every allegation set forth in paragraph 7 of the Amended Complaint except admits that in 1999 Merck received FDA approval to market the prescription medicine VIOXX®.

8.     Denies each and every allegation set forth in paragraph 8 of the Amended Complaint except admits that Dorothy Hamill was featured in ad campaigns and was a spokesperson for VIOXX®.

9.     Denies each and every allegation set forth in paragraph 9 of the Amended Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

10.     Denies each and every allegation set forth in paragraph 10 of the Amended Complaint except admits that Merck received a letter from a regulatory review officer in December 16, 1999, and respectfully refers the Court to that letter for its actual language and full text.

11.     Denies each and every allegation set forth in paragraph 11 of the Amended Complaint except admits that Merck scientists have participated in studies involving VIOXX® and respectfully refers the Court to such studies for their actual conclusions and full text.

804608v.1

12.    Denies each and every allegation in paragraph 12 of the Amended Complaint except admits that in 1999 Merck received FDA approval to market the prescription medicine VIOXX® and that 2003 VIOXX® sales exceeded $2 billion.

13.    Denies each and every allegation set forth in paragraph 13 of the Amended Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.    The allegations set forth in paragraph 14 of the Amended Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

15.    Denies each and every allegation set forth in paragraph 15 of the Amended Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

16.    Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 16 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 16 of the Amended Complaint.

804608v.1

17.     Denies each and every allegation set forth in paragraph 17 of the Amended Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

18.     Denies each and every allegation set forth in paragraph 18 of the Amended Complaint except admits that Merck received a letter from a regulatory review officer dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

19.     Denies each and every allegation set forth in paragraph 19 of the Amended Complaint except admits the existence of the journal and respectfully refers the Court to the referenced document for its actual language and full text.

20.     Denies each and every allegation set forth in paragraph 20 of the Amended Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

21.     Skipped in Amended Complaint.

22.     Denies each and every allegation set forth in paragraph 22 of the Amended Complaint except admits that on September 30, 2004 Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

804668v.1

23.     Denies each and every allegation set forth in paragraph 23 of the Amended Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.

24.     Denies each and every allegation set forth in paragraph 24 of the Amended Complaint.

25.     Denies each and every allegation set forth in paragraph 25 of the Amended Complaint.

26.     Denies each and every allegation set forth in paragraph 26 of the Amended Complaint.

27.     Denies each and every allegation set forth in paragraph 27 of the Amended Complaint.

28.     Denies each and every allegation set forth in paragraph 28 of the Amended Complaint.

29.     Denies each and every allegation set forth in paragraph 29 of the Amended Complaint.

30.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 30 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 30 of the Amended Complaint.

31.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 31 of the Amended

804608v.1

Complaint, and denies each and every allegation directed at Merck in paragraph 31 of the Amended Complaint.

## RESPONSE TO "COUNT ONE-STRICT PRODUCT LIABILITY/ FAILURE TO WARN"

32.     With respect to the allegations set forth in paragraph 32 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 31 of this Answer with the same force and effect as if set forth here in full.

33.     Denies each and every allegation set forth in paragraph 33 of the Amended Complaint.

34.     Denies each and every allegation set forth in paragraph 34 of the Amended Complaint.

35.     Denies each and every allegation set forth in paragraph 35 of the Amended Complaint.

36.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 36 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 36 of the Amended Complaint.

## RESPONSE TO "COUNT TWO-STRICT PRODUCT LIABILITY"

37.     With respect to the allegations set forth in paragraph 37 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 36 of this Answer with the same force and effect as if set forth here in full.

804608v.1

38.     The allegations set forth in paragraph 38 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation set forth in paragraph 38 of the Amended Complaint.

39.     The allegations set forth in paragraph 39 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation set forth in paragraph 39 of the Amended Complaint.

40.     Denies each and every allegation set forth in paragraph 40 of the Amended Complaint.

41.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 41 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 41 of the Amended Complaint.

### RESPONSE TO "COUNT THREE-NEGLIGENCE"

42.     With respect to the allegations set forth in paragraph 42 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 41 of this Answer with the same force and effect as if set forth here in full.

43.     The allegations set forth in paragraph 43 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

894468v.1

necessary, Merck denies each and every allegation set forth in paragraph 43 of the Amended Complaint.

44.     Denies each and every allegation set forth in paragraph 44 of the Amended Complaint.

45.     Denies each and every allegation set forth in paragraph 45 of the Amended Complaint including subparts (a) through (f).

46.     Denies each and every allegation set forth in paragraph 46 of the Amended Complaint.

47.     Denies each and every allegation set forth in paragraph 47 of the Amended Complaint.

48.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 48 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 48 of the Amended Complaint.

**RESPONSE TO "COUNT FOUR-VIOLATION OF
OHIO CONSUMER SALES PRACTICES ACT"**

49.     With respect to the allegations set forth in paragraph 49 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 48 of this Answer with the same force and effect as if set forth here in full.

50.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 50 of the Amended

804608v.1

Complaint, and denies each and every allegation directed at Merck in paragraph 50 of the Amended Complaint.

51.     The allegations set forth in paragraph 51 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation set forth in paragraph 51 of the Amended Complaint.

52.     The allegations set forth in paragraph 52 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation set forth in paragraph 52 of the Amended Complaint.

53.     Denies each and every allegation set forth in paragraph 53 of the Amended Complaint.

54.     Denies each and every allegation set forth in paragraph 54 of the Amended Complaint.

55.     Skipped in Amended Complaint.

56.     Skipped in Amended Complaint.

57.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 57 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 57 of the Amended Complaint.

58.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 58 of the Amended

804608v.1

Complaint, and denies each and every allegation directed at Merck in paragraph 58 of the Amended Complaint.

<strong><u>RESPONSE TO "COUNT FIVE-FRAUD"</u></strong>

59.     With respect to the allegations set forth in paragraph 59 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 58 of this Answer with the same force and effect as if set forth here in full.

60.     Denies each and every allegation set forth in paragraph 60 of the Amended Complaint.

61.     Denies each and every allegation set forth in paragraph 61 of the Amended Complaint.

62.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 62 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 62 of the Amended Complaint.

63.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 63 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 63 of the Amended Complaint.

<strong><u>RESPONSE TO "COUNT SIX-LOSS OF CONSORTIUM"</u></strong>

64.     With respect to the allegations set forth in paragraph 64 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and

- 11 -

statement set forth in paragraphs 1 through 63 of this Answer with the same force and effect as if set forth here in full.

65.     The allegations set forth in paragraph 65 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed necessary, Merck denies each and every allegation set forth in paragraph 65 of the Amended Complaint.

66.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 66 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 66 of the Amended Complaint.

## DEMAND FOR RELIEF

With respect to Plaintiffs' Demand for Relief, Merck denies each and every allegation except admits Plaintiffs purport to seek damages but denies that there is any legal or factual basis for relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

1.     The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

2.     The Amended Complaint fails to state a claim upon which relief can be granted.

804608v.1

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

3.      The claims of Plaintiff may be barred, in whole or in part, from recovery because Plaintiff has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

4.      The claims of Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

5.      Each and every claim asserted or raised in the Amended Complaint is barred by doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

6.      If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

804648v.1

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

7.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

8.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

9.     If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

804608v.1

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

10.    If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

11.    If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

12.    If Plaintiff has sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

13.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Amended Complaint, Merck's liability, if any, should be reduced accordingly.

804608v.1

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

14.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Amended Complaint, such benefits are not recoverable in this action under Ohio law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

15.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

16.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

17.     Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

18.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

804608v.1

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

19.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

20.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

21.     Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

22.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

23.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

804608v.1

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

24.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

25.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

26.     The claims of Plaintiff are barred, in whole or in part, by her failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

28.     The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

804608v.1

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

29.     The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

30.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

31.     Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

32.     Merck reserves its right to dismiss the Amended Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

33.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Amended Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

8046086.1

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

34.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

35.     Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

36.     To the extent Plaintiff seeks punitive damages for alleged misconduct by Merck, Merck did not engage in any conduct that manifested a flagrant disregard of the safety of persons who ingested Vioxx and, therefore, any award of punitive damages is barred by Ohio Revised Code § 2307.80.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

37.     Plaintiff's claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

804608v.1

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

38.     Plaintiff's claims are barred, in whole or in part, because Merck provided

adequate "directions or warnings" as to the use of Vioxx and any other drug or

pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j

to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

39.     Plaintiff's claims are barred under Section 4, *et. seq.*, of the Restatement (Third)

of Torts:  Products Liability.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

40.     Plaintiff's claims are barred, in whole or in part, because Vioxx "provides net

benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts:  Product Liability.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

41.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks

capacity and/or standing to bring such claims.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

42.     Any liability that might otherwise be imposed upon Defendant is subject to

reduction or elimination by the application of the doctrine of comparative negligence.

804608v.1

43.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, having fully answered the Amended Complaint, Defendant Merck & Co., Inc. requests that this Court grant judgment in its favor on the Complaint and against Plaintiff, together with costs, attorneys' fees, and such other relief in Merck's favor in law, equity, or otherwise, as may be just.

## JURY DEMAND

Merck demands that this matter be adjudicated by the maximum number of jurors allowed by law as to all issues so triable.

Respectfully submitted,

Phillip A. Wittmann (13625)
Dorothy H. Wimberly, (18509)
STONE PIGMAN WALTHER WITTMAN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  (504) 581-3200
Fax:  (504) 581-3361

Defendant's Liaison Counsel

804608v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 10th day of April, 2006.

_Dorothy H. Wimble_

804608v.1