UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 10 PM 3: 53

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: VIOXX | ) | **MDL NO. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | ) | **SECTION: L** |
| | ) | **JUDGE FALLON** |
| **This Document Relates To All Cases** | ) | **MAG. JUDGE KNOWLES** |

## MEMORANDUM IN OPPOSITION TO MERCK & CO., INC'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 3, 2006 AND APRIL 4, 2006 MINUTE ENTRIES

The Plaintiffs' Steering Committee ("PSC") submits the following memorandum in opposition to Merck & Co. Inc.'s ("Merck") motion for reconsideration of this Court's Minute Entries of April 3, 2006 and April 4, 2006 determining that the vast majority of Merck's documents are not covered by the attorney-client privilege.

## I.     INTRODUCTION

Merck has failed to raise, let alone establish, any valid ground for a motion for reconsideration.  Merck's motion fails to meet the standard required for reconsideration as it raises no intervening change in controlling law, no availability of new evidence not previously available, and no need to correct a clear error of law or prevent manifest injustice.  *Motiva Enterprises LLC v. Wegmann*, 2001 WL 24614 (E.D.La. March 12, 2001).  To the contrary, Merck's instant motion is no more than a last-ditch effort to continue to delay production of relevant discovery and to continue improperly withholding relevant documents.  Merck had every invitation and opportunity over the past eight months to provide the PSC and the Court with detailed, adequate descriptions of its privilege claims and, at every point, instead chose to engage in tactical obstruction and delay.  Moreover, **the current process of privilege review conducted by this Court is one to which Merck had not only agreed, but requested –** "Merck agrees with the Court's statement at the September 29[th] status conference that 'random' *in camera* review of contested documents is the best way to resolve outstanding privilege



issues." *See* Merck's Opposition to Plaintiffs' Motion to Compel Production of Documents Listed On Merck's Privilege Log at p. 17 (filed 10/20/05).

In the instant motion, Merck essentially concedes that it has refrained from providing information necessary to establish its privilege claims and now seeks to provide additional information in a feeble attempt to take its tenth "bite at the apple." In the absence of any basis for its motion, Merck must produce its non-privileged documents post-haste, consistent with this Court's Minute Entries so that the PSC can review those documents and litigation can proceed.

## II.    RELEVANT BACKGROUND

In July 2005, even prior to Merck's initial production of its MDL privilege log, the PSC wrote a detailed letter to Merck's counsel explaining that the log Merck provided in the New Jersey litigation was insufficient for assessing Merck's claim of privilege to hundreds of thousands of pages of documents and requesting an adequately prepared log. From that point forward, Merck refused to adhere to the requirements of Fed. R. Civ. P. 26(b)(5) forcing the PSC to engage in additional correspondence and protracted motion practice. (See PSC Motion to Compel and attached correspondence). The following timeline highlights the manner in which Merck has approached its privilege claims and privilege log:

> **August 22, 2005** – Merck produced to the PSC a privilege log which was identical to Merck's New Jersey privilege log despite the PSC's letter warning Merck that said log did not comply with Fed. R. Civ. P. 26(b)(5) and that its lack of specificity waived any privilege;
>
> **August 24, 2005** – The PSC sent another letter to Merck counsel advising that the MDL log was identical to the New Jersey log and again providing a detailed factual and legal analysis of how Merck's log did not adhere to Fed R. Civ. P 26(b)(5) and warning Merck that it had waived privilege based upon multiple grounds;
>
> **September 22, 2005** – During a Meet and Confer, Merck's counsel maintained that Merck's privilege log was descriptive and accurate (with the possible exception of a few errors);

**September 28, 2005** – The PSC filed a Memorandum Report Regarding Defendant's Privilege Log Issues explaining again that the descriptions were inadequate and did not show privilege;

**September 29, 2005** – Merck filed its Report Regarding Privilege Log And Privilege Issues in which Merck maintained that its logs were "adequate and sufficient," that it made "no sense for the parties to argue about the alleged inadequacies of the logs...," and that "providing more specificity will not eliminate the PSC's challenges to Merck's claims of privilege."

**October 26, 2005** – Merck filed a surreply characterizing its privilege log problems as "inadvertent errors" and further advising that it would produce a new log and un-privilege documents by November 7th and 11th respectively;

**October 27, 2005** – During a Status Conference, the Court ordered Merck to produce the new log and the documents by November 3rd so that the issue could be discussed at the November 4th conference call.  Additionally, PSC counsel Russ Herman specifically instructed Merck counsel to deliver everything to Richard Arsenault and Anthony Irpino as lead counsel on the privilege log issue;

**November 3, 2005** – Merck failed to produce a revised privilege log and failed to produce de-privileged documents in clear violation of the Court's Order;

**November 4, 2005** – The conference call with the Court took place without Merck producing its revised log or de-privileged documents;

**Evening of November 4, 2005** - Merck produced a revised privilege log via e-mail. Merck produced a hard-drive of approximately 220,000 pages of "un-privileged" documents and several issues remain with that production: it is apparent that Merck has, for months, improperly withheld a great number of documents as "privileged" even though said documents were not privileged, none of the 220,000+ pages of newly-produced documents were available in the *Humeston* case, the production was made as an "overlay", thus, it required a difficult and time consuming uploading process in order to allow proper access to the documents leaving less than two (2) weeks to review them prior to the *Irvin* trial;

**Post November 4, 2005** – The PSC's review of the revised privilege log revealed that: thousands of Merck's "revised" privilege claims were as vague and inadequate as the previous ones, and thousands of other privilege claims had cosmetic changes that did not cure previously-identified inadequacies.

**January 30, 2006** – The PSC sent a letter to the Court advising that again, just before another trial, Merck has "de-privileged" thousands of pages of documents which were previously claimed as privileged. This repeated "last minute de-privileging" shows a pattern of: 1) controlling/manipulating the privilege determination process, 2) drawing attention away from Merck's inadequate logs, and 3) hindering the plaintiffs' cases.

**February 15, 2006** – Merck and the PSC agreed to the protocol for the categorization and production of Merck privileged documents to the Court's privilege review. Merck agreed to produce the categories of documents and privilege log to the Court and the PSC by February 17, 2006.

**February 17, 2006** – Merck failed to produce the categorized documents and privilege log to the Court and the PSC as agreed.

**February 22, 2006** – Merck produced the categorized documents and privilege log to the Court and PSC late.

In sum, Merck has perpetually failed to adhere to its discovery obligations; it failed to produce revised logs that were promised, failed to adequately supplement its log with sufficient descriptions, and "de-privileged" and produced previously withheld documents within weeks of trial. (See *id.*) Ultimately, and following a motion to compel by the PSC, the Court, with the agreement of Merck, agreed to a procedure whereby the Court performed an *in camera* review of categories of documents that Merck claimed as privileged and the PSC challenged.

On April 3, 2006 and April 4, 2006, following the Court's time-consuming review of Merck's withheld documents, the Court issued two Minute Entries finding certain categories of Merck's documents non-privileged. Now, in its instant motion for reconsideration, Merck is challenging the Court's determinations on the ground that "Merck has not yet had the opportunity to provide the Court with the context that may be necessary to understand why various documents were included on the privilege log." (Merck Mot. for Recon. at 1). Even more astonishing, Merck now requests that this Court establish a new procedure for reviewing its withheld documents. In support of its motion, Merck provides no authority whatsoever that

establishes entitlement to the relief it seeks.  Accordingly, and for the reasons set forth in detail below, Merck's motion should be denied in its entirety.

## III.   ARGUMENT

### A.   Legal Standard

In the Fifth Circuit, a "motion for reconsideration" is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) if it is served within ten (10) days of the court's ruling. *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource, Inc.*, 2004 WL 1488665 (E.D.La. June 30, 2004).  There are only three possible grounds for a motion to reconsider: "(1) intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." *Id.*  "It is well-settled that a motion for reconsideration is not to re-debate the merits of a particular motion." *Id.*  "If a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.*

### B.   Merck Has Not Raised Any Ground For A Motion For Reconsideration

As mentioned above, Merck's instant motion is completely devoid of any recognized ground for reconsideration of the Court's Minute Entries.  Merck fails to cite any intervening change in controlling law, fails to point to any new evidence not previously available, and fails to cite any clear error of law or manifest injustice that would result from denial of its motion. *See Freeport-McMoran*, 2004 WL 1488665. at *1.  Merck's motion should be denied for this reason alone.

Morever, none of the above grounds exist.  There has been no intervening change of law, no new evidence that was not previously available, no clear error of law and no risk of manifest injustice.  Indeed, the risk of injustice lies with the Vioxx Plaintiffs who have been continually

denied access to documents to which they are entitled in order to efficiently and fairly prosecute their case.

### C.    Merck Has Failed To Meet Its Burden Of Establishing Privilege

Privileges are narrowly construed because their assertion results in the suppression of relevant evidence. *United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1976) (Privilege should be "strictly confined within the narrowest possible limits consistent with the logic of its principle" because it "stands in the derogation of the public's 'right to everyman's evidence' and as 'an obstacle to the investigation of the truth.'") (citations omitted). Thus, "the burden of demonstrating the applicability of the privilege rests on the party who invokes it." *Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).

As stated above, Merck agreed on a procedure for determining whether Merck's documents were, in fact, privileged and the Court is reviewing those documents consistent with that procedure and determining where Merck has failed to meet its burden. Merck now contends that "because Merck was uncertain of the process that the Court intended to use in reaching its conclusions, Merck did not [at the time in-camera review was first addressed] provide the Court with any additional contextual information to explain why and how Merck determined that the documents listed on the log are subject to privilege." (Merck Mot. for Reconsid. at 2). The PSC is astonished by this argument. Merck has had a full opportunity to brief this matter. Merck has submitted a total of four (4) privilege logs, including the original privilege log submitted in the New Jersey litigation in November, 2004. Merck has submitted multiple briefs, letter reports and position statements in connection with this issue. Merck has de-privileged during the course of this process approximately a quarter of a million pages of documents that it admits were improperly labeled as privileged. Finally, Merck agreed to the various categories to be used during the *in camera* review undertaken by the Court. Merck has had every possible opportunity

to argue its basis for privilege as to the documents it withheld from production. Merck has cited no authority for the notion that Merck it is now entitled to a revised procedure to provide additional, contextual information to challenge the Court's determinations. Again, Merck has had every opportunity to provide sufficient descriptions of its privilege claims and, indeed, the PSC has spent the better part of a year requesting such descriptions. The Court has now properly determined that Merck has failed to meet its burden with respect to the majority of its withheld documents and Merck cannot now attempt to revise the process.

**D.     Merck Has Waived Its Right To Claim Privilege**

Without access to the documents, the PSC, of course, cannot speak to whether the documents are privileged other than to state that Merck has never provided a sufficient basis for the PSC to believe so. However, even assuming that Merck somehow has grounds for a motion for reconsideration and even further assuming any merit to Merck's claims of privilege, Merck has plainly waived any right to assert privilege based on its belated offer of new "contextual" information. Fed. R. Civ. P. 26(b)(5) requires a party claiming privilege to "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the applicability of the privilege or protection." To meet this burden, Courts in this District require that a privilege log provide *specific* information about the subject matter of the withheld documents. Failure to provide a sufficiently detailed privilege log waives all claim of privilege. *See Stempler v. Collect America*, 2000 WL 288377 (E.D.La. March 14, 2000); *Felham Enterprises (Cayman) ltd v. Certain Underwriters of Lloyd's*, 2004 WL 2360159 (E.D.La. Oct. 19, 2004) (privilege waived where descriptions were insufficient); *see also Willemijn v. Apollo Computer*, 707 F. Supp. 1429, 1443 (D.Del. 1989) (court ordered documents produced on sole ground that they were inadequately described on the privilege log and did not allow correction through *in camera*

submissions).  Merck could have and should have originally provided the PSC and  the Court with a privilege log that contained sufficient information.  Moreover, Merck has had several opportunities to provide an adequate privilege log and chose not to do so.  The Court should not now allow Merck to continue to add what Merck calls new "contextual" information.  The PSC challenged what Merck provided in New Jersey in August, 2005 and again immediately challenged the privilege log that was provided in the MDL almost nine (9) months ago.  Now that the Court has made a ruling, Merck should not be allowed to delay this matter and have another "bite at the apple."  Merck must accept the consequences of its repeated failures to be candid with  the PSC and this Court when it provided incomplete privilege logs.

It is disingenuous if not ironic that now, approximately nine (9) months after the initial privilege log issue first arose, Merck concedes that the information provided thus far has been inadequate and that further information is required to establish its privilege claims.  Thus, Merck not only fails to establish a basis for the relief it now seeks, but essentially asks this Court to grant it relief in derogation of the applicable authority that required Merck to provide sufficient information in the first instance.

## IV.  CONCLUSION

For the reasons stated above, the PSC respectfully requests that this Court deny Merck's

motion for reconsideration, order Merck to the documents the Court found non-privileged, and

decline to change the agreed-to process for examining the remainder of documents still in

contention.

Respectfully submitted,

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:    (504) 581-4892
FAX:  (504) 561-6024

Temporary Address:

Place St. Charles, 201 St. Charles Avenue
Suite 4310, New Orleans, LA  70170
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. (**Co-Lead Counsel**)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |

| | |
|---|---|
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713) 650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2006, I caused a copy of the above and foregoing pleading to be served on Liaison Counsel, Phillip Wittman, by E-Mail and U.S. Mail or by hand delivery and E-Mail, and upon all parties by electronically uploading same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order #8.