**MINUTE ENTRY**
**FALLON, J.**
**APRIL 10, 2006**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX | * | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**   *Diaz v. Merck & Co., Inc.*, 05-1614

On April 5, 2005, the Court granted the Plaintiff's Motion to Dismiss (Rec. Doc. 4101). The Court enters this Minute Entry to provide the reasoning behind its Order.

In August 2005, the Plaintiffs' Steering Committee ("PSC") and Merck & Co., Inc. ("Merck") agreed to try the *Plunkett* case as the first federal court case. After this selection, the parties entered into a long debate over the next case to be tried. In November 2005, the parties reached an agreement to try the *Abrams* case. The PSC, however, refused to provide consent unless the case was tried in the Eastern District of Pennsylvania. The Court made the necessary arrangements and set the case for trial on February 13, 2006.

On November 23, 2005, after the Court made its arrangements, the PSC withdrew the *Abrams* case. As such, the Court gave Merck the opportunity to select the second case with the stipulation that the case was filed in the Eastern District of Louisiana and was representative.

On November 30, 2005, Merck selected the *Diaz* case and offered a pretrial schedule with the trial date set for February 20, 2006—a week after the designated date of the *Abrams* trial. In a letter dated December 13, 2005, the PSC asserted that *Diaz* was not trial ready at the

JS10(00:10)

present time. Nine days later in a letter dated December 22, 2005, the PSC said *Diaz* could not be trial ready until April 2006.

On January 12, 2006, in light of the fact that the *Plunkett* case was set for re-trial on February 6, 2006, the Court set *Diaz* for trial on March 13, 2006. On February 1, 2006, after the PSC and Plaintiff's counsel, a non-PSC member, stressed that a March trial date was unfeasible, the Court reserved May 8, 2006 and May 15, 2006 for the *Diaz* trial.

In February 2006, the PSC contended that it would be able to try the *Borowitz* case on June 12, 2006. Accordingly, the Court set the *Borowicz* case for trial on June 12, 2006. The PSC, however, later removed the *Borowicz* case from consideration after client consent could not be obtained. Thereafter, the Court set the *Diaz* case for trial on June 12, 2006.

After the Court set *Diaz* for trial on June 12, 2006, Plaintiff's counsel filed a motion to continue alleging that the case could not be tried until October 16, 2006. This motion was denied on March 27, 2006. In response to the denial, Plaintiff's counsel filed the motion to dismiss with prejudice.

The Court acknowledges the difficulties experienced by Plaintiff's counsel and has been willing to accommodate her. As such, the Court has continued the *Diaz* trial four separate times, from February to March to May to June, despite originally assurances that the case could be tried in April. The Court, however, also acknowledges its commitments and obligations to this MDL and, thus, could not continue this case for a fifth time. To do so would have retarded the progress of this MDL and, once again, disrupted the schedules of all other counsel involved in the case.

