FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 11  PM 4: 01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Don Richardson and Geraldine Richardson, husband and wife, and the marital community comprised thereof v. Merck & Company, Inc., a foreign corporation,* No. 06-0848.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "I. PARTIES"

1.1    Denies each and every allegation contained in paragraph 1.1 of the

Complaint, as it is without knowledge or information sufficient to justify a belief as to the truth

therein.

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No._____

1.2     Denies each and every allegation contained in paragraph 1.2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in the United States, including Washington.

1.3     The allegations contained in paragraph 1.3 of the Complaint are legal conclusions to which no responsive pleadings are required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1.3 of the Complaint, as it is without knowledge or information sufficient to justify a belief as to the truth therein.

1.4     The allegations contained in paragraph 1.4 of the Complaint are legal conclusions to which no responsive pleadings are required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1.4 of the Complaint, as it is without knowledge or information sufficient to justify a belief as to the truth therein.

## RESPONSE TO
## "II. FACTS"

2.1     Denies each and every allegation contained in paragraph 2.1 of the Complaint, as it is without knowledge or information sufficient to justify a belief as to the truth therein.

2.2     Denies each and every allegation contained in paragraph 2.2 of the Complaint, as it is without knowledge or information sufficient to justify a belief as to the truth therein.

2.3     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 2.3 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 2.3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication

Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

      2.4     Denies each and every allegation contained in paragraph 2.4 of the Complaint.

**RESPONSE TO**
**"III. PRODUCT LIABILITY CLAIM"**

      3.1     The allegations contained in paragraph 3.1 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3.1 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

      3.2     The allegations contained in paragraph 3.2 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3.2 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

      3.3     The allegations contained in paragraph 3.3 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3.3 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

      3.4     The allegations contained in paragraph 3.4 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3.4 of the Complaint,

and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

        3.5    Denies each and every allegation contained in paragraph 3.5 of the Complaint.

        3.6    Denies each and every allegation contained in paragraph 3.6 of the Complaint.

## RESPONSE TO
## "IV. DAMAGES"

        4.1    Denies each and every allegation contained in the unnumbered paragraph under the heading "IV. Damages," including its subparts (a) through (j), except admits that Plaintiffs purport to seek damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "V. WAIVER OF PATIENT-PHYSICIAN PRIVILEGE"

        5.1    The allegations contained in paragraph 5.1 of the Complaint are not directed at Merck and are legal conclusions to which no responsive pleadings are required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5.1 of the Complaint, except admits that Plaintiff Don Richardson seeks to waive the patient-physician privilege.

        5.2    The allegations contained in paragraph 5.2 of the Complaint are not directed at Merck and are legal conclusions to which no responsive pleadings are required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5.2 of the Complaint, except admits that Plaintiff Don Richardson seeks to limit his waiver of the patient-physician privilege.

5.3     The allegations contained in paragraph 5.3 of the Complaint are not directed at Merck and are legal conclusions to which no responsive pleadings are required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5.3 of the Complaint, except admits that Plaintiff seeks to limit *ex parte* contact with treating physicians.

## RESPONSE TO
## "VI. PUNITIVE DAMAGES CLAIM"

6.1     Denies each and every allegation contained in paragraph 6.1 of the Complaint, as it is without knowledge or information sufficient to justify a belief as to the truth therein, except admits that Merck is a New Jersey corporation.

6.2     Denies each and every allegation contained in paragraph 6.2 of the Complaint, except admits that Merck is authorized to do business in New Jersey and Pennsylvania.

6.3     Denies each and every allegation directed towards Merck contained in paragraph 6.3 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

6.4     The allegations contained in paragraph 6.4 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6.4 of the Complaint, except admits that Plaintiffs purport to seek punitive or exemplary damages but denies that there is any legal or factual basis for such relief, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

6.5     Denies each and every allegation contained in paragraph 6.5 of the Complaint, except admits Plaintiffs purport to seek compensatory and exemplary damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "VII. PRAYER"

7.1     The allegations contained in the unnumbered paragraph under the heading "VII. Prayer" and paragraphs 7.1 and 7.2 of the Complaint constitute a prayer for relief as to which no response should be required.  Should a response be deemed required, Merck denies each and every allegation contained in unnumbered paragraph under the heading "VII. Prayer" and paragraphs 7.1 and 7.2 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

8.1     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

8.2     The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

8.3     To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

8.4     To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

8.5     The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

### AS FOR A SIXTH
### DEFENSE, MERCK ALLEGES:

8.6     Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

### AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

8.7     To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

8.8     The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

8.9     The claims of the Plaintiffs are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

8.10    The claims of the Plaintiffs are barred under Section 4, *et seq.,* of the

Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

8.11    The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

**AS FOR A TWELFTH
DEFENSE, MERCK ALLEGES:**

8.12    The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

**AS FOR A THIRTEENTH
DEFENSE, MERCK ALLEGES:**

8.13    The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FOURTEENTH
DEFENSE, MERCK ALLEGES:**

8.14    If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A FIFTEENTH
### DEFENSE, MERCK ALLEGES:

8.15    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

8.16    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

8.17    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

8.18    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

8.19    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

8.20    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

8.21    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

8.22    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.  Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

8.23    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

8.24    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

8.25    The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

8.26    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

8.27    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

8.28    To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

8.29    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

8.30    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

8.31    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE MERCK ALLEGES:

8.32    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

8.33    The injuries, damages and/or loss claimed by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, over whom

Merck had no control.  Any recovery by Plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

8.34    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

8.35    Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

8.36    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because that alleged warranties were disclaimed or have been subsumed by the WPLA.

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

8.37    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights and are not permitted by Washington law.

### AS FOR A THIRTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

8.38    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

8.39     Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom as defined in the WPLA. With respect to every cause of action, Merck assert all defenses under RCW 7.72, including but not limited to industry custom, technological feasibility and compliance with standards and regulations.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

8.40     Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

8.41     Plaintiffs do not have a strict liability claim because of the WPLA. With respect to each and every cause of action, the Plaintiffs are not entitled to recover for strict liability because Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402(a) of the Restatement (Second) of Torts relegates Plaintiffs to a negligence cause of action.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

8.42     All activities of Merck as alleged in the complaint were expressly authorized and/or regulated by a government agency. Therefore Plaintiffs' claims pertaining to unfair or deceptive practices are barred.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

8.43     With respect to each and every cause of action Plaintiffs are not entitled to recover because if the products involved were unsafe, which Merck denies, then they were

14

unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the products exceeded any apparent risk given the scientific knowledge available when the products were marketed.

### AS FOR A FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

8.44    Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Washington Constitutions.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

8.45    The public interest and benefit and the availability of such products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in any of the products that are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

### AS FOR A FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

8.46    At all times relevant herein, any product(s) which are the subject matter of this action processed and distributed by Merck in the state of Washington or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

8.47    To the extent there were any risks associated with the use of the product which is the subject matter this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

8.48    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

WHEREFORE, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  April 11 , 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
                Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
                Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 11th day

of April, 2006.