

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to Case No. 05-6134 | * | |
| VIRGINIA A. HENDERSHOT and MICHAEL S. HENDERSHOT, spouse | * | MAGISTRATE KNOWLES |
| Plaintiffs, | * | |
| vs. | * | |
| MERCK & CO., INC., JOHN DOE ONE, JOHN DOE TWO, JAMES H. HEAPHY, M.D., VIRGINIA MORRIS, ARNP, and CAPITAL FAMILY PHYSICIANS, P.S.C. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE ORDER VACATING REMAND ORDER

Plaintiffs' motion misconstrues this Court's March 16, 2006 order vacating the transferor court's remand order. Contrary to plaintiffs' contention, the Court's order did not impermissibly "review" the substance of a remand order in violation of 28 U.S.C. § 1447(d). Instead, it merely held that the remand order is null and void because it was entered after the transferor court had

```
___ Fee_____
___ Process_____
 X  /Dktd_____
 ✓  /CtRmDep___ 804894v.1
___ Doc. No_____
```

already lost jurisdiction over this matter. As explained below, vacating the remand order was merely a housekeeping measure, needed to correct the anomaly that occurred when the final transfer and the remand order "crossed in the mail," and does not implicate section 1447(d).

## ARGUMENT

Plaintiffs' main argument -- that § 1447(d) bars vacatur of the remand order -- is simply wrong. While plaintiffs cite generic authorities applying the principle that "review" of a remand order is improper under § 1447(d) in most circumstances, they cannot identify a situation where this principle has been applied to a remand order issued by a court wholly lacking in jurisdiction. Indeed, there is no authority suggesting that the drafters of § 1447(d) would have construed the Court's action here to constitute "review" of a remand order as the term is used in that section or that they would have approved the nonsensical result flowing from such an interpretation.[1]

In fact, the one court that *has* addressed this issue ruled that the improperly entered remand order was a nullity. *See In re Prudential Insurance Company of America Sales Practices Litig.*, 177 F.R.D. 216, 230 (D.N.J. 1997). In *Prudential Insurance*, a transferor court had similarly issued a remand order after the case had already been transferred to an MDL proceeding. The plaintiffs argued, based on the remand order, that the MDL court lacked subject matter jurisdiction. Rejecting this argument, the MDL court ruled that the remand order was "a

---

[1] Plaintiffs' brief appears to criticize Merck for asking the Court to vacate the remand order rather than asking the Court to exercise its authority under the All Writs Act. (*See* Motion at 3-4.) While the transferor judge suggested that this Court could exercise its authority under that Act, simply vacating the remand order was obviously a simpler, more efficient approach to addressing entry of an invalid order.

nullity, however, because Judge Campos no longer had jurisdiction over the . . . case." The same is true here.[2]

For the foregoing reasons, plaintiffs' motion should be denied.

Date:   April 11, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

---

[2]   Plaintiffs' request that their remand motion be resolved now on a stand-alone basis should also be rejected because it is inconsistent with the goals and purposes of this multi-district proceeding, *viz* to conduct coordinated proceedings whereby similar and overlapping pretrial issues (*e.g.*, jurisdiction and remand) can be resolved in concert. Moreover, plaintiffs' substantive arguments in support of remand are erroneous for the reasons stated in Merck's remand opposition filed in the transferor court.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Set Aside Order Vacating Remand Order has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 11 th day of April, 2006.

_____
*(signature)*

804894v.1