FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 APR 11  PM 12: 21
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | ) MDL NO. 1657<br>) <br>) SECTION: L<br>) <br>) JUDGE FALLON<br>) MAG. JUDGE KNOWLES |

### MERCK & CO., INC.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S PRIVILEGE RULINGS

Defendant Merck & Co., Inc. ("Merck") respectfully submits this short reply brief in support of its motion for reconsideration with regard to the Court's privilege rulings.

Faced with 25 specific examples of privileged documents that are slated for release under the Court's minute orders last week, plaintiffs' opposition brief essentially asks the Court to ignore the clearly privileged nature of these documents and to rely on technicalities and misstatements to deny Merck the right to protect the privileged content of those documents. According to plaintiffs, the Court should simply waive Merck's right to privilege because Merck's opening motion does not discuss the legal standard for motions to reconsider and because Merck provides more information about the documents in its motion for reconsideration than it provided in its privilege log. As set forth below, both of these arguments are red herrings designed to distract the Court from a very simple task -- looking at the documents at issue and determining whether they reflect privileged communications between a lawyer and a client or protected attorney work-product.

1

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____
805005v.1

*First*, contrary to the PSC's contention, this is precisely the type of matter that courts frequently address on motions for reconsideration because the release of privileged documents would result in a manifest injustice to Merck.[1] Indeed, courts have granted motions for reconsideration in the context of discovery disputes for this precise reason: because the release of otherwise privileged information would result in a manifest injustice to the party seeking to protect the privilege. *See, e.g., In re Qwest Communs. Int'l, Inc. Secs. Litig.*, Civ. A. No. 01-cv-01451-REB-CBS, 2006 U.S. Dist. LEXIS 7678 (D. Colo. Feb. 2, 2006). In the *Qwest* litigation, for example, the court ordered defendants to produce over 200,000 pages of documents. Defendants moved to reconsider the court's order and the court granted the motion, allowing the defendants to redact the documents, on grounds that, *inter alia*, the court's order allowing the redaction would "prevent manifest injustice." *Id.* at *8. The same is true here. To allow Merck's otherwise privileged documents to be disclosed would operate as a manifest injustice because once the information is disclosed, the injury to Merck cannot be undone. *See also The Prudential Ins. Co. of America v. Massaro*, No. CIV. A 97-2022, 2000 WL 1176541, *17 (D.N.J. Aug. 11, 2000) ("In any situation in which confidential information is at stake, once it is made public the *status quo ante* cannot be restored."); *In re Perrigo Co.*, 128 F.3d 430, 437 (6th Cir. 1997) ("We find, as have several courts, that forced disclosure of privileged material may bring about irreparable harm.").

*Second*, contrary to plaintiffs' assertion, Merck's motion for reconsideration is in no way a concession that its privilege log was inadequate -- and no court has ever so held. (PSC Opp. at

---

[1] Notably, earlier in this litigation the PSC sought reconsideration of the Court's June 5, 2006 order regarding physician contacts. *See* Plaintiffs' Memorandum in Support of Motion to Modify Order of June 5, 2006 Regarding Physician Contacts (filed June 15, 2005). In their brief on the issue, cloaked as a motion to modify the Court's order, the PSC never mentioned the stringent "manifest injustice" standard they now contend governs Merck's motion for reconsideration here. *See generally id.*

2

7-8.) As Merck explained in its privilege log briefing last year, its privilege log plainly satisfies the requirements for such logs because the privilege entries describing the documents at issue identify their authors and recipients and the nature of the document and provide a succinct explanation of why Merck asserted privilege as to each document included on the log. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) (privilege log should describe the "general subject matter" of the document "without revealing the privileged or protected material"). Below, for example, is the narrative portion of the privilege log for some of the documents identified in Merck's opening brief:

- Entry for MRK-AAC0065305 (Merck's Mot. at 8): "Draft manuscripts reflecting client confidences and a request for legal advice and opinions regarding clinical trial of refecoxib."

- Entry for MRK-AAC0065306 (Merck's Mot. at 8): "E-mail reflecting a request for legal advice and legal opinions regarding a manuscript an draft conflict of interest declaration."

- Entry for MRK-AAC108436 (Merck's Mot. at 8): "E-mail reflecting legal advice and opinions regarding draft presentation materials pertaining to Arcoxia."

- Entry for MRK-AAC0110107 (Merck's Mot. at 7): "E-mail reflecting legal advice and opinions regarding coxib patient coverage issues."

Each of these entries clearly establishes that the communications contain legal advice and/or requests for legal advice that the privilege was designed to protect.

Finally, plaintiffs' assertions that filing a motion (with the Court's leave) to reconsider privilege determinations made after a Court's *in camera* review is tantamount to admitting the movant's privilege log was inadequate makes no sense. As Merck explained in its motion, federal courts performing privilege reviews of withheld documents frequently allow -- and even request -- parties to explain the basis for their original privilege log designations through meetings with the Court, affidavits, or additional briefing. *See, e.g., In re Grand Jury Proceedings*, 220 F.3d 568, 572 (7th Cir. 2000) (stating that "the purpose of a document may not

be apparent on its face, and it may be necessary to rely on the testimony of those involved in the production and handling of a document to determine the purpose for which it was produced."); *Sharonda B. v. Herrick*, No. 97 C 1225, 1998 WL 547306, at *3 (N.D. Ill. Aug. 27, 1998) (in a dispute with regard to seven allegedly privileged documents, the court examined "the interview notes in camera and heard argument from the parties"); *cf. In re Raytheon Sec. Litig.*, 218 F.R.D. 354, 360-61 (D. Mass. 2003) (ordering the production of documents in camera with an affidavit explaining claims of privilege to those documents); *D.O.T. Connectors, Inc. v. J.B. Nottingham & Co., Inc.*, No. 4: 99CV311-WS, 2001 WL 34104928, at *9 (N.D. Fla. Jan. 22, 2001) (ordering a party to file under seal for in camera review all documents listed on its amended privilege log and to also file "a memorandum arguing the basis for the assertion of privilege as to each").

Plaintiffs' cases are not to the contrary. For example, *Stempler v. Collect America, Ltd.*, Civ A No. 00-MC-0328, 2000 WL 288377 (E.D. La. March 15, 2000) (cited in PSC Opp. at 7), involved a deposition witness who asserted attorney client privilege with respect to certain documents requested pursuant to a *subpoena duces tecum*. *Id.* at *2. Unlike the present case, the witness in *Stempler* had **not yet provided** the Court or the plaintiff with a privilege log, and the Court merely ordered that one be produced to substantiate the witness' claim of privilege. *Id.* Thus, nothing in *Stempler* can be construed to support plaintiffs' assertion that Merck has waived its claim to privilege. In *Felham Enterprises (Cayman) Limited v. Certain Underwriters At Lloyd's*, 2004 WL 2360159 (E.D. La. 2004) (cited in PSC Opp. at 7), the privilege log at issue merely stated "attorney report," "client inquiry," "payment," and "attorney communication," with absolutely no explanation of the contents (in sharp contrast to Merck's log here). *Id.* at *3. And in *Willemijn v. Apollo Computer*, 707 F. Supp. 1429, 1443 (D. Del. 1989) (cited in PSC Opp. at 7), the Court merely held that a privilege log must state that the documents at issue actually

4

contain either legal advice or a request for legal advice. Merck's privilege log indisputably satisfies this requirement.

In sum, plaintiffs' continued allegations that "Merck has perpetually failed to adhere to its discovery obligations" (PSC Opp. at 4) have no basis in fact. Merck has produced millions of documents in this litigation, its privilege log plainly satisfies the requirements of the Federal Rules, and it merely seeks an opportunity to explain to the Court why its privilege designations are valid and should not be overturned. Plaintiffs' position that the Court should deny Merck the fundamental right to protect privileged communications is nothing more than an illegitimate attempt to undermine the attorney-client privilege. For the foregoing reasons, and those set forth in Merck's opening brief, Merck respectfully requests reconsideration of the Court's order overruling Merck's privilege designations.

Respectfully submitted,

/s/ Phil Wittmann

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Merck & Co., Inc.'s Reply in Support of Motion for Reconsideration of the Court's Privilege Rulings has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 11th day of April, 2006.

_/s/ Phil Wittmann_

6

805005v.1