**MINUTE ENTRY**
**FALLON, J.**
**APRIL 13, 2006**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
|      PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

A status conference was held on this date in the Chambers of Judge Eldon E. Fallon. Russ Herman, Lenny Davis, and Anthony Irpino participated on behalf of the Plaintiffs' Steering Committee ("PSC"). Phil Wittmann and Dorothy Wimberly participated on behalf of Merck & Co., Inc. ("Merck"). At the conference, the parties discussed the following issues: APPROVe data, IMS data, physician call notes, objections to the use of MDL depositions in state court trials, global pre-trial motions, the FDA asserted privileged documents, the production of and rehearing on Merck's asserted privilege documents, filing of medical records through Lexis/Nexis File & Serve, generic discovery requests, VICTOR data, Merck's proposed pre-review of third-party marketing documents, delinquent Merck Profile Forms ("MPFs"), and the possibility of moving the *Barnett* trial to June 12, 2006.

In regards to the APPROVe data, the PSC indicated that it wanted the same data that had been produced in the New Jersey litigation. Merck stated that it had no problem with this arrangement provided that the data only be produced to one trial counsel in each of the four upcoming trials and the same attorneys as in New Jersey. The parties indicated that they would

JS10(01:00)

confer on this matter and submit a joint proposed order.

In regards to the IMS data, the PSC stated that it wanted all information and records provided by the physicians and health care providers who treated the plaintiffs in the four upcoming trials.  Merck consented to the request, but indicated that the information could only be produced with the consent of both Merck and the IMS.  As such, the Curt contacted Lucy Carlson, who represents IMS.  After speaking with Mrs. Carlson, the Court told the PSC to contact her with its specific requests, which Mrs. Carlson should consider and draft a letter to Mr. Wittmann indicating IMS's consent to the production.  After receipt of the letter, Mr. Wittmann shall produce the materials to the PSC on behalf of Merck.  The Court further advised Mrs. Carlson that she should contact the Court if a problem arises.

In regards to the physician call notes, the PSC indicated that it wanted the physician call notes relevant to the plaintiffs in the four upcoming trials.  Mr. Wittmann that he would check on this request and respond to Mr. Herman by Monday, April 17, 2006.

In regards to the objections to MDL depositions in state court trials, the PSC indicated that several plaintiff counsel have complained that local Merck counsel have objected to the use of MDL depositions in state court trials.  Mr. Wittmann stated that Merck generally would not object to such depositions and requested that the PSC provide him with the names of the objecting counsel so that he could rectify the matter.

In regards to global pre-trial motions, the PSC indicated that it is still in favor of a global resolution of certain pre-trial matters.  As such, the PSC is contemplating filing a formal motion regarding such.

In regards to the FDA asserted privileged documents, both parties indicated that the matter is fully briefed and awaiting resolution.

In regards to the production of and rehearing on Merck's asserted privileged documents, the parties said that they would be prepared to argue this matter on April 19, 2006 at 9:00 a.m.

In regards to the filing of medical records through Lexis/Nexis File & Serve, both parties stated that they are close to resolvng this matter and would continue to keep the Court appraised of the situation.

In regards to generic discovery, the PSC indicated that Merck has been serving counsel with generic discovery requests, such as interrogatories. The PSC objected to this practice because it was redundant in light of the Plaintiff Profile Forms. Merck agreed with the PSC's assessment. The parties will meet and confer with the view toward resolving this issue.

In regards to the VICTOR data, the PSC indicated that it still has not received the VICTOR data from Oxford. Merck responded by informing the Court that it would receive the VICTOR data on April 27, 2006 and provide the data to the PSC by May 5, 2006. Before they produce the data, however, Oxford wants the Court to enter a protective order limiting access to the data to only two PSC members and one expert. The PSC objected to Merck's delay in producing the data and requested that it be provided with the data on April 27, 2006. In addition, the PSC believes that more than two PSC members and one expert should have access to the data. In light of the discussion, the Court told both parties to continuing confering on the matter.

In regards to the Merck's proposed pre-review of third-party marketing documents, the parties indicated that issue is fully briefed and awaiting a ruling from the Court.

In regards to the delinquent MPFs, the PSC indicated that Merck's practice is to serve MPFs only after its receipt of proper Plaintiff Profile Forms ("PPFs"). The PSC further indicated that Merck has objected to numerous PPFs and, as such, the production of MPFs has been delayed. In support of its position, the PSC provided Mr. Wittmann with a sample of such

incidents. Mr. Wittmann agreed to review the sample and, after his review, confer with the PSC on the matter.

In regards to the possibility of moving the *Barnett* trial to June 12, 2006, the Court indicated that it does not have a problem with the idea. The Court told the PSC and Merck that Mark Robinson and Phil Beck, trial counsel for *Barnett*, should continue to confer and be prepared to discuss the matter at the April 27, 2006 status/scheduling conference.

