FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 14  A 10: 16

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOANN P. HOWE, Special Administrator of the Estate of ERMA H. WAGGONER, Deceased, | ) ) ) | MDL NO.:   1657 |
| | ) | SECTION L |
| Plaintiff, | ) ) | JUDGE FALLON |
| v. | ) ) | MAGISTRATE JUDGE KNOWLES |
| MERCK & CO., INC., | ) ) | |
| Defendant. | ) ) | |
| Civil Action No. 2:05cv4846 | ) | |

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorney, answers Plaintiff's

Complaint ("Complaint") in each and every count thereof, separately and severally, as follows:

### RESPONSE TO "PARTIES AND JURISDICTION"

1.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 1 of the Complaint except denies that Plaintiff's

decedent suffered an injury as a result of ingesting VIOXX®.  Merck admits that the FDA

approved the prescription medicine VIOXX® as safe and effective for certain indicated uses

subject to the information contained in the FDA-approved prescribing information for VIOXX®

and respectfully refers the Court to the relevant prescribing information for its actual language

and full text.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint.

Fee_____
Process_____
X  Dktd _____
____ CtRmDep_____
____ Doc. No._____

805186v.1

3.     Denies each and every allegation contained in paragraph 3 of the Complaint.

4.     Admits each and every allegation contained in paragraph 4 of the Complaint.

5.     Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck manufactured, marketed, and distributed VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

6.     The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Plaintiff purports to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief and admits that there is diversity between the parties.

7.     The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "FACTS COMMON TO ALL COUNTS"

8.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that VIOXX® is the brand name for rofecoxib, that the prescription medicine VIOXX® reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Merck further avers that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

2

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that VIOXX® reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

10.      Denies each and every allegation contained in paragraph 10 of the Complaint except admits that it submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") on November 23, 1998 and respectfully refers the Court to the Application for its actual language and full text.

11.      Denies each and every allegation contained in paragraph 11 of the Complaint except admits that it submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the FDA on November 23, 1998 and respectfully refers the Court to the Application for its actual language and full text.

12.      Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX®.  Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

13.      Denies each and every allegation contained in paragraph 13 of the Complaint and respectfully refers the Court to the prescribing information for VIOXX® for its actual conclusions and full text.

3

14.    Denies each and every allegation contained in paragraph 14 of the Complaint and respectfully refers the Court to the prescribing information for VIOXX® for its actual conclusions and full text.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint except admits that Merck scientists participated in the VIGOR study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

17.    Denies each and every allegation contained in paragraph 17 of the Complaint except admits that the studies referenced in sentence one of paragraph 17 and the article referenced in sentence two of paragraph 17 exist, and respectfully refers the Court to said publications for their actual language and full text.

18.    Denies each and every allegation contained in paragraph 18 of the Complaint.

19.    Denies each and every allegation contained in paragraph 19 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

21.    Denies each and every allegation contained in paragraph 21 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

4

22.     Denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and that Plaintiff appears to have accurately quoted the referenced letter, and respectfully refers the Court to that letter for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint except admits that Merck received a letter from a regulatory officer in September 2001 and that Plaintiff appears to have accurately quoted from the referenced letter, and respectfully refers the Court to that letter for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

805186v.1

28.     Denies each and every allegation contained in paragraph 28 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint except admits that Plaintiff appears to have accurately quoted portions of certain of Merck's Annual Reports and respectfully refers the Court to the referenced Annual Reports for their actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint except admits that Plaintiff appears to have accurately quoted the referenced filing, and respectfully refers the Court to the referenced document for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

### RESPONSE TO "FIRST CAUSE OF ACTION (NEGLIGENCE)"

34.     With respect to the allegations contained in paragraph 34 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

35.     The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

805186v.1

37.    Denies each and every allegation contained in paragraph 37 of the Complaint, including each and every allegation in subparagraphs a. through g.

38.    Denies each and every allegation contained in paragraph 38 of the Complaint.

39.    Denies each and every allegation contained in paragraph 39 of the Complaint.

40.    Denies each and every allegation contained in paragraph 40 of the Complaint.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint.

42.    Denies each and every allegation contained in paragraph 42 of the Complaint.

43.    Denies each and every allegation contained in paragraph 43 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION (GROSS NEGLIGENCE)"

44.    With respect to the allegations contained in paragraph 44 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

45.    The allegations contained in paragraph 45 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint, including each and every allegation in subparagraphs a. through c.

47.    Denies each and every allegation contained in paragraph 47 of the Complaint.

48.    Denies each and every allegation contained in paragraph 48 of the Complaint.

49.    Denies each and every allegation contained in paragraph 49 of the Complaint.

50.    Denies each and every allegation contained in paragraph 50 of the Complaint.

51.    Denies each and every allegation contained in paragraph 51 of the Complaint.

52.    Denies each and every allegation contained in paragraph 52 of the Complaint.

805186v.1

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "THIRD CAUSE OF ACTION (STRICT PRODUCT LIABILITY – FAILURE TO WARN)"

55.     With respect to the allegations contained in paragraph 55 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

56.     Denies each and every allegation contained in sentence one of paragraph 56 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®. The allegations contained in sentence two of paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of said paragraph.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

805186v.1

**RESPONSE TO "FOURTH CAUSE OF ACTION (STRICT PRODUCT LIABILITY – DESIGN DEFECT)"**

61.     With respect to the allegations contained in paragraph 61 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® on September 30, 2004 and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether VIOXX® reached "consumers without substantial change."

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

805186v.1

## RESPONSE TO "FIFTH CAUSE OF ACTION (BREACH OF IMPLIED WARRANTY)"

70.    With respect to the allegations contained in paragraph 70 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

71.    Denies each and every allegation contained in paragraph 71 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® on September 30, 2004 and that the FDA approved the prescription medicine VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

72.    The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.    Denies each and every allegation contained in paragraph 73 of the Complaint.

74.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint.

75.    Denies each and every allegation contained in paragraph 75 of the Complaint.

76.    Denies each and every allegation contained in paragraph 76 of the Complaint.

77.    Denies each and every allegation contained in paragraph 77 of the Complaint.

78.    Denies each and every allegation contained in paragraph 78 of the Complaint except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

805186v.1

## RESPONSE TO "SIXTH CAUSE OF ACTION (COMMON LAW FRAUD)"

79.     With respect to the allegations contained in paragraph 79 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine VIOXX®.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint, including each and every allegation in subparagraphs a. through d.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint.

84.     The allegations contained in the first sentence of paragraph 84 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.  Denies each and every allegation contained in the second and third sentences of paragraph 84 of the Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "SEVENTH CAUSE OF ACTION (VIOLATION OF CALIFORNIA DECEPTIVE TRADE PRACTICES ACT)"

90.     With respect to the allegations contained in paragraph 90 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

805186v.1

### AS FOR A FOURTH DEFENSE,
### MERCK ALLEGES:

If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH DEFENSE,
### MERCK ALLEGES:

To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH DEFENSE,
### MERCK ALLEGES:

To the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A SEVENTH DEFENSE,
### MERCK ALLEGES:

If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of plaintiff.

### AS FOR AN EIGHTH DEFENSE,
### MERCK ALLEGES:

Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

805186v.1

### AS FOR A NINTH DEFENSE,
### MERCK ALLEGES:

If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH DEFENSE,
### MERCK ALLEGES:

If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH DEFENSE,
### MERCK ALLEGES:

If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff's misuse or abuse of VIOXX®.

### AS FOR A TWELFTH DEFENSE,
### MERCK ALLEGES:

If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff's pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

805186v.1

### AS FOR A THIRTEENTH DEFENSE,
### MERCK ALLEGES:

To the extent that plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A FOURTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FIFTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part by the First Amendment.

### AS FOR A SIXTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, because plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A SEVENTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR AN EIGHTEENTH DEFENSE,
### MERCK ALLEGES:

To the extent that plaintiff seeks punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law and state constitution.

805186v.1

### AS FOR A NINETEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

### AS FOR A TWENTIETH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-SECOND DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

### AS FOR A TWENTY-THIRD DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-FOURTH DEFENSE,
### MERCK ALLEGES:

This case is more appropriately brought in a different venue.

805186v.1

### AS FOR A TWENTY-FIFTH DEFENSE,
### MERCK ALLEGES:

To the extent plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A TWENTY-SIXTH DEFENSE,
### MERCK ALLEGES:

To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### AS FOR A TWENTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

To the extent that plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-EIGHTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

        (a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

        (b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant,

which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

Merck avers that any award of punitive damages to the plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

805186v.1

**AS FOR A THIRTIETH DEFENSE,**
**MERCK ALLEGES:**

Merck avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

**AS FOR A THIRTY-FIRST DEFENSE,**
**MERCK ALLEGES:**

Plaintiff's claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

**AS FOR A THIRTY-SECOND DEFENSE,**
**MERCK ALLEGES:**

In the event the plaintiff has suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the plaintiff's alleged damages, injuries, and/or losses.

**AS FOR A THIRTY-THIRD DEFENSE,**
**MERCK ALLEGES:**

Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because answering defendant's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by answering defendant were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

**AS FOR A THIRTY-FOURTH DEFENSE,**
**MERCK ALLEGES:**

Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because all of answering defendant's activities as

805186v.1

alleged in the Complaint were in compliance with the applicable laws, regulations, and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

### AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because plaintiff does not qualify as a private attorney general, and for that reason and others, plaintiff lacks standing to prosecute a claim for injunctive or monetary relief.

### AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because there is no basis for injunctive relief in this action.

### AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500 et seq. are barred in whole or in part by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by answering defendant and any advertisement regarding such product are regulated by the Food and Drug Administration and as such, answering defendant requests that this court, sitting in equity, abstain from hearing claims under Sections 17200 et seq. and 17500 et seq.

### AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

Plaintiff is not entitled to relief under Business and Professions Code Sections 17200, et seq. and 17500 et seq. because plaintiff has an adequate remedy at law.

805186v.1

## AS FOR A THIRTY-NINTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500 et seq. are barred in whole or in part under principles of substantive and procedural due process.

## AS FOR A FORTIETH DEFENSE,
### MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck will rely on all defenses which may become available during discovery or trial.

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, including

805186v.1

attorney's fees, together with such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

Defendant's Liaison Counsel

Bryan S. Hatch, NE #21009
STINSON MORRISON HECKER LLP
1299 Farnam Street
Omaha, NE 68102
Telephone (402) 342-1700
Facsimile (402) 930-1701

ATTORNEYS FOR DEFENDANT MERCK & CO., INC.

805186v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiffs' counsel Mark A. Weber by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 14th day of April, 2006.

805186v.1