*FILED*
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 14 A 10: 15

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This Document relates to: | * | JUDGE FALLON |
| *Rahnavardi v.Merck & Co., Inc.* | | * |
| (E.D. La. Index No.06-1274) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT MERCK & CO., INC'S ANSWER TO
## PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL

### RESPONSE TO "PARTIES"

1.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.     Merck admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

3.     Merck admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® until Merck voluntarily withdrew Vioxx from the world wide market on September 30, 2004.  Merck further admits that Vioxx is the brand name for rofecoxib.

### RESPONSE TO "JURISDICTION AND VENUE"

4.     The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiff states his claims are "in excess of $75,000 exclusive of interest and costs" but denies that there is any legal or factual basis for same.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

805767v.1

5.     The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained paragraph 6 of the Complaint, except that Merck specifically denies that plaintiff suffered any injury attributable to any conduct, act, or omission of Merck.  Merck further specifically denies that Merck withheld any material information regarding Vioxx.

6.     The allegations contained in the first and second sentences of paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 6 of the Complaint.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 6 of the Complaint.  The allegations contained in the fifth sentence of paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said sentence.

## RESPONSE TO FACTUAL BACKGROUND

7.     Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that Vioxx is a selective COX-2 inhibitor, that Vioxx is part of a class of drugs known as NSAIDs, and that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

8.     Merck denies the allegations in paragraph 8 of the Complaint, except admits that Merck marketed Vioxx from May 1999 to September 2004 and that Vioxx was one of Merck's top-selling drugs during that time.  Merck further avers that Vioxx worldwide sales in 2003 exceeded $2 billion.

– 2 –

805767v.1

9.    Merck denies each and every allegation set forth in paragraph 9 of the Complaint.

10.    Merck denies each and every allegation contained in paragraph 10.

11.    Merck denies each and every allegation set forth in paragraph 11 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

12.    Merck denies each and every allegation contained in paragraph 12, except admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

13.    Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998 and received approval for Vioxx in May 1999.

14.    Merck denies each and every allegation set forth in paragraph 14 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

15.    Merck denies each and every allegation contained in paragraph 15 of the Complaint.

16.    Merck denies each and every allegation contained in paragraph 16 of the Complaint.

17.    Merck denies each and every allegation in paragraph 17 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

– 3 –

18.     Merck denies each and every allegation in paragraph 18 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.     Merck denies each and every allegation in paragraph 19 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint except it admits that the VIGOR study involving Vioxx and the referenced presentation exists, and it respectfully refers the Court to the study and presentation for their actual language and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that the study referenced in the second sentence of said paragraph exists and respectfully refers the Court to the referenced study for its actual language and full text.  Merck admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint.

805767v.1

26.    Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

27.    Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that the study referenced in the first sentence of that paragraph exists, and it respectfully refers the Court to the study for its actual language and full text. Merck further avers that the plaintiffs purport to quote a Merck press release but avers that the quote is taken out of context. Merck respectfully refers the Court to the press release for its actual language and full text.

28.    Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

29.    Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text. Merck admits that Plaintiffs purport to quote a portion of the referenced letter but respectfully refers the Court to said letter for its actual language and full text.

30.    Merck denies each and every allegation contained in paragraph 30 of the Complaint except it admits that the referenced publication and article contained therein exist, and it respectfully refers the Court to the referenced document, Ray W.A., et al., "Cox-2 Selective Non-steroidal Anti-Inflammatory Drugs and Risk of Serious Coronary Heart Disease: An Observational Study," Lancet 2002 Jan 12;359:118-123, for its actual conclusions and full text.

31.    Merck denies each and every allegation contained in paragraph 31 of the Complaint except it admits that the presentation and study referenced in that paragraph exist, and

it respectfully refers the Court to the presentation and study for their actual language and full text.  Merck respectfully refers the Court to the referenced document, Graham DJ, et al., "Risk of Acute MI and Sudden Cardiac Death in Patients Treated With Cyclo-Oxygenase 2 Selective and Non Selective Non Steroidal Anti-Inflammatory Drug: Nested Case Control Study," Lancet 2005 Feb 5; 365(9458):475-81.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that the referenced study and press release exist and respectfully refers the Court to the referenced publication for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck examined information on cardiovascular events including the APPROVe study.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint except it admits that the study referenced in that paragraph exists, and it respectfully refers the Court to the study for its actual language and full text. Merck further admits that on September 30, 2004, it announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking a placebo, and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

35.     Merck denies each and every allegation in paragraph 35 of the Complaint except admits that the referenced article exists, and respectfully refers the Court to the referenced article for its actual language and full text.

805767v.1

36.     Merck denies each and every allegation in paragraph 36 of the Complaint except it admits that the analysis referenced in this paragraph exists, and it respectfully refers the Court to the analysis for its actual language and full text.

37.     Merck denies each and every allegation in paragraph 37 of the Complaint except admits that the referenced article exists and that Plaintiff purports to quote portions of said article, but respectfully refers the Court to the referenced article for its actual language and full text.

38.     Merck denies each and every allegation in paragraph 38 of the Complaint except admits that the referenced study exists, and respectfully refers the Court to the referenced study for its actual language and full text.

39.     Merck denies each and every allegation in paragraph 39 of the Complaint except admits that the referenced study exists and that plaintiff purports to quote portions of said study, but respectfully refers the Court to the referenced study for its actual language and full text.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint except admits that the referenced study exists and that plaintiff purports to quote portions of said study, but respectfully refers the Court to the referenced study for its actual language and full text.

41.     Merck denies each and every allegation in paragraph 41 of the Complaint except admits that the referenced hearing occurred and that plaintiff purports to quote portions of said hearing, but respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

805767v.1

43.     Merck denies each and every allegation in paragraph 43 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

44.     Merck denies each and every allegation in paragraph 44 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.  Merck further avers that the FDA has not announced whether it will accept the committee's recommendations.

## RESPONSE TO PLAINTIFF HASSAN RAHNAVARDI

45.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

46.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence and second sentence of paragraph 46 of the Complaint.  Merck denies each and every allegation contained in the third sentence of paragraph 46 of the Complaint.

47.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint.

48.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint.

49.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 49 of the Complaint and in the alternative denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Merck denies each and every allegation contained in paragraph 50 of the Complaint except avers that on September 30, 2004 Merck announced the voluntary worldwide

805767v.1

withdrawal of Vioxx from the worldwide market and respectfully refers the Court to the referenced announcement for its actual language and full text.

51.    Merck denies each and every allegation contained in paragraph 51 of the Complaint.

## RESPONSE TO "TOLLING THE APPLICABLE STATUTE OF LIMITATIONS"

52.    Merck denies each and every allegation contained in paragraph 52 of the Complaint.

## RESPONSE TO "COUNT ONE

### (Negligence)"

53.    With respect to the allegations contained in paragraph 53 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 52 of this Answer with the same force and effect as though set forth here in full.

54.    Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.    Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.    Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.    Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.    Merck denies each and every allegation contained in paragraph 58 of the Complaint, including all allegations contained in sections (a) through (m) of paragraph 57 of the Complaint.

805767v.1

59.    Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.    Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.    Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.    Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63.    Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64.    Merck denies each and every allegation contained in paragraph 64 of the Complaint, except admits plaintiff's action seeks damages, interest, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT TWO –

## (Products Liability)"

65.    With respect to the allegations contained in paragraph 65 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.

66.    Merck denies each and every allegation contained in paragraph 66 of the Complaint except Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

67.    Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 68 of the Complaint and in the alternative denies such allegation contained in said paragraph.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint except Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint except Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

805787v.1

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint, except admits plaintiff's action seeks damages, interest, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT THREE

### (Fraud)"

78.     With respect to the allegations contained in paragraph 78 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79.     Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint.

805767v.1

87.     Merck denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 90 of the Complaint and in the alternative denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Merck denies each and every allegation contained in paragraph 92 of the Complaint, except admits plaintiff's action seeks damages, interest, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT FOUR

## (Breach of Warranties (Express and Implied))"

93.     With respect to the allegations contained in paragraph 93 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 92 of this Answer with the same force and effect as though set forth here in full.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint, including all allegations contained in sections (a) through (f) of paragraph 95 of the Complaint.

– 13 –

96.     Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Merck denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Merck denies each and every allegation contained in paragraph 100 of the Complaint, including all allegations contained in sections (a) through (c) of paragraph 100 of the Complaint.

101.    Merck denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Merck denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Merck denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Merck denies each and every allegation contained in paragraph 104 of the Complaint, except admits plaintiff's action seeks damages, interest, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT FIVE

### (Unjust Enrichment)"

105.    With respect to the allegations contained in paragraph 105 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in

– 14 –

paragraphs 1 through 104 of this Answer with the same force and effect as though set forth here in full.

106.    Merck denies each and every allegation contained in paragraph 106 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription drug Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

107.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 107 of the Complaint and in the alternative denies such allegation contained in said paragraph.

108.    Merck denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Merck denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Merck denies each and every allegation contained in paragraph 110 of the Complaint.

111.    Merck denies each and every allegation contained in paragraph 111 of the Complaint, except admits plaintiff's action seeks equitable relief, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "PRAYER FOR RELIEF"

112.    Merck denies that plaintiff is entitled to any of the relief requested in paragraph 1 of the "PRAYER FOR RELIEF" section of the Complaint, or to any relief whatsoever.

113.    Merck denies that plaintiff is entitled to any of the relief requested in paragraph 2 of the "PRAYER FOR RELIEF" section of the Complaint, or to any relief whatsoever.

805767v.1

114.     Merck denies that plaintiff is entitled to any of the relief requested in paragraph 3 of the "PRAYER FOR RELIEF" section of the Complaint, or to any relief whatsoever.

115.     Merck denies that plaintiff is entitled to any of the relief requested in paragraph 4 of the "PRAYER FOR RELIEF" section of the Complaint, or to any relief whatsoever.

116.     Merck denies that plaintiff is entitled to any of the relief requested in paragraph 5 of the "PRAYER FOR RELIEF" section of the Complaint, or to any relief whatsoever.

117.     Merck denies that plaintiff is entitled to any of the relief requested in paragraph 6 of the "PRAYER FOR RELIEF" section, or to any relief whatsoever.

118.     Merck denies that plaintiff is entitled to any of the relief requested in paragraph 7 of the "PRAYER FOR RELIEF" section, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Merck alleges as follows:

119.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

120.     The Complaint fails to state a claim upon which relief can be granted.

121.     The claims of plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that precludes him from asserting claims or constitute a waiver of his claims.

122.     The claims of plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

123.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

805767v.1

124.   If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

125.   To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

126.   To the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

127.   Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

128.   If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or other conduct of the allegedly injured plaintiff.

129.   Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

130.   If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after plaintiff knowingly, voluntarily, and willfully assumed the risk of any losses or injury caused by any act, practice or omission alleged in the Complaint.

805767v.1

131.    If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

132.    If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of Vioxx.

133.    If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

134.    To the extent plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

135.    To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

136.    Plaintiff's claims of fraud are barred by reason of plaintiff's failure to allege the circumstances constituting fraud with particularity.

137.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

138.    Plaintiff's claims are barred in whole or in part by the First Amendment.

805767v.1

139.    Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

140.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

141.    This case is more appropriately brought in a different venue.

142.    Venue in this case is improper.

143.    The claims of plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

144.    The claims of plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

145.    The claims of plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

146.    The claims of plaintiff may be barred, in whole and in part, pursuant to the doctrine of accord and satisfaction.

147.    The claims of plaintiff may be barred, in whole and in part, by the doctrine of laches.

148.    The claims of plaintiff are barred, in whole or in part, by his failure to mitigate damages.

149.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a

805787v.1

duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

150.    The claims of plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose.

151.    The claims of plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

152.    The claims of plaintiff may be barred, in whole or in part, by the governing state laws.

153.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

154.    Plaintiff has not sustained any injury or damages compensable at law.

155.    Merck reserves its right to dismiss the Complaint and seek further relief for plaintiff's failure to provide it with due process of law.

156.    To the extent that plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

157.    To the extent that plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

158.    Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

159.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

160.     Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

161.     Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

162.     Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

163.     To the extent that plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

164.     Merck alleges that the provisions of California Civil Code Section 1431.2 are applicable to the Complaint and each cause of action therein.

165.     Merck alleges that plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure Sections 335.1 and 338 and former section 340(3), California Business and Professions Code Section 17208, and California Civil Code Section 1783.

166.     Merck alleges that the subject pharmaceutical product manufactured or distributed by Merck has at all relevant times been available only upon the prescription of a licensed physician, and plaintiff's prescribing physicians stood in the position of the learned intermediaries between Merck and plaintiff.  To the extent that plaintiff asserts claims based on an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of the subject pharmaceutical product manufactured or distributed by Merck, such claims are

805767v.1

barred because Merck has discharged its duty to warn in its warnings to the prescribing physicians, under the learned intermediary doctrine.

167.    Merck alleges that if plaintiff has sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by parties other than Merck, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault.  In the event of a finding of liability in favor of plaintiff, a settlement, or a judgment against Merck, Merck requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company* 13 Cal. 3d 804 (1975) and *America Motorcycle Association v. Superior Court* 20 Cal. 3d 578 (1978).  Merck also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

168.    Merck alleges that plaintiff's claims are barred in whole or in part by the First Amendment of the United States Constitution and similar provisions in the Constitution of the State of California which protect, among other things, Merck's right to promote and advertise the subject pharmaceutical product.

169.    Merck alleges that to the extent that plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was oppressive, fraudulent, or malicious, under California Civil Code Section 3294, and therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code Section 3294(b).

170.    Merck alleges that plaintiff's claims of fraud and concealment are barred by reason of plaintiff's failure to allege the circumstances constituting the alleged fraud and concealment with particularity.

805767v.1

171.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularly to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action. Merck will rely on all defenses that may become available during discovery at trial.

172.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial

## MERCK'S JURY DEMAND

173.    Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a jury by trial.

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A.    Dismiss the Complaint with prejudice, the plaintiff taking nothing thereby;

B.    Award Merck its cost of suit and attorneys' fees, under any applicable statute; and

C.    Grant such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

805767v.1

Michael K. Brown
Thomas J. Yoo
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Phone: 213-457-8000
Fax:    213-457-8080

Counsel for Merck & Co., Inc.

805767v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Answer to Plaintiff's Complaint And Request For Jury Trial has been served on Liaison Counsel, Russ Herman and Phillip Witmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on the 14th day of April, 2006.

805767v.1