**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: VIOXX | ) | **MDL NO. 1657** |
| PRODUCTS LIABILITY LITIGATION | ) | **SECTION: L** |
| | ) | **JUDGE FALLON** |
| This Document Relates To All Cases | ) | **MAG. JUDGE KNOWLES** |

## THE PLAINTIFFS' STEERING COMMITTEE'S SURREPLY IN OPPOSITION TO MERCK & CO., INC'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 3, 2006 AND APRIL 4, 2006 MINUTE ENTRIES

The Plaintiffs' Steering Committee ("PSC") respectfully submits the following surreply in opposition to Merck & Co. Inc.'s ("Merck") motion for reconsideration of this Court's Minute Entries of April 3, 2006 and April 4, 2006 determining that the vast majority of Merck's documents are not covered by the attorney-client privilege.

> Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments. Westbrook v. C.I.R., 68 F.3d 868, 879 (5th Cir.1995).

Contrary to Merck's assertions in its Reply brief, Merck's motion is precisely the type that is improper under Federal Rule of Civil Procedure 59(e). Merck's motion presents no legitimate ground for reconsidering the Court's Minute Entries and is merely an eleventh-hour attempt to cling to its overbroad and invalid privilege claims. A motion of this exact nature was recently addressed in this District and was squarely rejected. *See Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource, Inc.*, 2004 WL 1488665 (E.D.La. June 30, 2004).

In *Freeport*, the moving party, dissatisfied with the Magistrate Judge's privilege determinations following an *in camera* review, brought a motion for reconsideration seeking to introduce further support for its privilege claims. In denying the motion, the Court succinctly explained:

> Regarding the newly submitted [support for mover's privilege claims], the Court finds that this information existed prior to the filing of the motion and is not

1

grounds for reconsideration. . . . The Court can only decide matters based on the information presented to it at the time. **It is not the duty of the Court to meet the mover's burden in demonstrating certain documents are privileged by extrapolating information or arguments the mover failed to put before the Court.** Allowing [mover] to continue to re-argue its position regarding the [documents at issue] only serves to waste the Court's time, and that in and of itself would be manifestly unjust.

*Id.* at *3 (emphasis added). Further along these lines, the Court continued:

Although [mover] does not assert that the Court's prior opinion constituted a manifest injustice, even if [mover] had, the Court finds no injustice suffered. To the extent [mover] suffered the adverse decision due to the lack of the [newly offered materials], any injustice imagined by [mover] is of [mover's] own making.

*Id.* at *4. Finally, and directly on point with the instant case, the Court stated:

Aside from submitting the [newly offered information] which has always been available, [mover] has simply cited disagreements with this Court's conclusions, only seeking to re-argue what the Court has rejected. **This is exactly what [mover] should not be allowed to do, especially in light of the fact that it has been afforded an extensive amount of time to present its best case to the Court.**

*Id.* (emphasis added).

In light of the above, it is simply irrelevant that other courts in other jurisdictions have utilized different procedures for assessing privilege claims. (*See* Merck Reply at 3-4). As stated in the PSC's opposition brief, the Court's recent Minute Entries are the product of a procedure that Merck necessitated, requested, and to which Merck agreed. (PSC Opp'n at 1). Now, dissatisfied with the results, Merck is seeking to provide the Court with additional (not new) information in an attempt to overhaul the entire process – nearly nine months after the privilege log issues first arose and following the Court's extensive review of Merck's withheld documents.

Indeed, in its instant motion, Merck requests that the Court "establish a procedure for allowing Merck to defend its privilege designations as to other documents in the first 30 boxes for which the Court overruled Merck's privilege designations; and (b) reconsider its process for examining the remainder of documents at issue." (Merck Mot. at 1-2). Thus, it is not only

astonishing, but entirely disingenuous for Merck to represent that it is merely requesting a "very simple task" from the Court. (Merck Reply at 1). To the contrary, Merck is requesting that the Court start from scratch without any legitimate reason as to why it failed to provide adequate descriptions and information to the PSC and the Court previously. Notably, Merck does not assert that the Court made any errors of law in making its determinations – only that Merck has not provided all of the "contextual" information necessary to support its privilege claims. (Merck Motion at 2). Again, it is not the Court's responsibility to assist Merck in reaching its burden. *See Freeport*, 2004 WL 1488665 at *3.

Merck's gamesmanship with respect to its document production has lasted long enough. As stated in the PSC's opposition, Merck has failed to meet its burden of establishing privilege with respect to the majority of its documents. Further, even assuming any privilege may have otherwise attached to any of the documents at issue (which is unlikely given Merck's demonstrated overbroad and invalid claims of privilege), Merck has clearly waived its right to assert that privilege based on its own failure to abide by Fed. R. Civ. P. 25(b)(5) and provide adequate privilege descriptions to the PSC and the Court in a timely manner. *See, e.g., Felham Enterprises (Cayman) Ltd v. Certain Underwriters At Lloyd's*, 2004 WL 2360159 (E.D.La. 2004) (attorney client privilege is waived where party claiming privilege fails to comply with its privilege log obligations).

Accordingly, for the reasons set forth above and in the PSC's opposition brief, the PSC respectfully requests that this Court deny Merck's motion for reconsideration, order Merck to the documents the Court found non-privileged, and decline to change the agreed-to process for examining the remainder of documents still in contention.

Respectfully submitted,

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH:     (504) 581-4892
FAX:  (504) 561-6024

Temporary Address:

Place St. Charles, 201 St. Charles Avenue
Suite 4310, New Orleans, LA 70170
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. (**Co-Lead Counsel**)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |

| | |
|---|---|
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA  19102<br>PH:  (215) 772-1000<br>FAX:  (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA  92660<br>PH:  (949) 720-1288<br>FAX:  (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA  19106-3875<br>PH:  (215) 592-1500<br>FAX:  (215) 592-4663 | Christopher Seeger, Esq. (Co-Lead Counsel)<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>FAX:  (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX  77002<br>PH:  (713) 650-0022<br>FAX:  (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC  20036-4914<br>PH:  (202) 783-6400<br>FAX:  (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2006, I caused a copy of the above and foregoing
pleading to be served on Liaison Counsel, Phillip Wittman, by E-Mail and U.S. Mail or by hand
delivery and E-Mail, and upon all parties by electronically uploading same to Lexis-Nexis File &
Serve Advanced in accordance with Pre-Trial Order #8.