

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 14  A 10: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | Section L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| Schiavone v. Merck & Co., Inc.,<br>No. 05-5601-EEF-DEK | MAG. JUDGE KNOWLES |

### AMENDED ANSWER TO
### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW defendant, Merck & Co., Inc. ("Merck"), by and through its

attorney of record, MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED, and without

admitting any liability or damages to plaintiffs and without assuming the burden of proof as to

any issue in this litigation, answers plaintiffs' Complaint for Damages and Demand for Jury Trial

("Complaint") as follows:

### RESPONSE TO "PARTIES AND JURISDICTION"

1.      With respect to the allegations set forth in paragraph 1 of the Complaint,

Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said

allegations and therefore is unable to admit or deny the same.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____ 805876v.1

2.      Merck denies each and every allegation set forth in paragraph 2 of the Complaint, except admits that Plaintiffs purport to place in excess of $75,000 in controversy, but denies that there is any factual or legal basis for relief.

3.      Merck denies each and every allegation in paragraph 3 of the Complaint, except it admits that it is a New Jersey corporation with its principal place of business in New Jersey and that Merck is authorized to do business in Idaho.

4.      The allegations set forth in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO "BACKGROUND"

5.      Merck denies each and every allegation set forth in the first sentence of paragraph 5 of the Complaint, except that Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff James Schiavone ingested Vioxx® (hereafter "Vioxx") and therefore is unable to admit or deny the same.  The allegations set forth in the second sentence of paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

6.      Merck denies each and every allegation set forth in paragraph 6 of the Complaint, except it admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.      Merck denies each and every allegation set forth in paragraph 7 of the Complaint, except it admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces

pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX-2).

8.     Merck denies each and every allegation set forth in paragraph 8 of the Complaint, except it admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

9.     Merck denies each and every allegation set forth in paragraph 9 of the Complaint except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the relevant United States Food and Drug Administration ("FDA")-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

10.     Merck denies each and every allegation set forth in paragraph 10 of the Complaint, except it admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

11.     Merck denies each and every allegation set forth in paragraph 11 of the Complaint.

12.     Merck denies each and every allegation set forth in paragraph 12 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

13.     Merck denies each and every allegation set forth in paragraph 13 of the Complaint, except it admits that plaintiffs purport to quote a portion of the referenced email but avers that the quoted language is taken out of context.

14.     Merck denies each and every allegation set forth in paragraph 14 of the Complaint, except it admits that the Vioxx Gastrointestinal Outcomes Research (VIGOR) study

involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

15.     Merck denies each and every allegation set forth in paragraph 15 of the Complaint, except it admits that the article referenced in sentence two of paragraph 15 exists and respectfully refers the Court to said article for its actual language and full text.  Merck further avers that prior to the VIGOR trial, Merck had put in place a cardiovascular standard operating procedure consisting of three external panels of experts, the purpose of which was to adjudicate investigator reported cardiovascular adverse events from clinical trials of Vioxx.

16.     Merck denies each and every allegation set forth in paragraph 16 of the Complaint.  Merck avers that the referenced Adverse Event Reporting System ("AERS") exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug. Merck further admits various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.

17.     Merck denies each and every allegation set forth in paragraph 17 of the Complaint.

18.     Merck denies each and every allegation set forth in paragraph 18 of the Complaint and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and with state and federal law.

19.     Merck denies each and every allegation set forth in paragraph 19 of the Complaint.

20.     Merck denies each and every allegation set forth in paragraph 20 of the Complaint, except it admits that Merck received a letter from a Spencer Salis of DDMAC in December 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

21.     Merck denies each and every allegation set forth in paragraph 21, including subparagraphs a – c, of the Complaint, except it admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase 1 (COX 1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

22.     Merck denies each and every allegation set forth in paragraph 22 of the Complaint, and avers that in March 2000 Merck forwarded to the FDA the VIGOR study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

23.     Merck denies each and every allegation set forth in paragraph 23 of the Complaint, except it admits that the referenced studies exist and respectfully refers the Court to said studies for their actual conclusions and full context.  Merck further admits that Merck is currently a member of the European League Against Rheumatism ("EULAR") and that Merck has been a sponsor of EULAR since 1999.

24.     Merck denies each and every allegation set forth in paragraph 24 of the Complaint, except it admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

25.     Merck denies each and every allegation set forth in paragraph 25 of the Complaint except admits that Vioxx sales in the year 2000 exceeded $2 billion.

26.     With respect to the allegations set forth in the first and second sentences of paragraph 26 of the Complaint, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore is unable to admit or deny the same. Merck denies each and every allegation in the third sentence of paragraph 26 of the Complaint.

27.     Merck denies each and every allegation set forth in paragraph 27 of the Complaint, except admits that the referenced briefing document and memorandum exist and respectfully refers the Court to said documents for their actual language and full text.  Merck further admits that the VIGOR study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.

28.     With respect to the allegations set forth in paragraph 28 of the Complaint, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore is unable to admit or deny the same.

29.     Merck denies each and every allegation set forth in paragraph 29 of the Complaint, except it admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

30.     Merck denies each and every allegation set forth in paragraph 30 of the Complaint, but avers that Merck received a letter from Thomas W. Abrams of DDMAC in

September 2001 and respectfully refers the Court to that letter for its actual language and full text.

       31.     Merck denies each and every allegation set forth in paragraph 31 of the Complaint, except it admits the existence of the journal, the article set forth therein, and respectfully refers the Court to the referenced document for its actual language and full text.

       32.     Merck denies each and every allegation set forth in paragraph 32 of the Complaint, except it admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

       33.     Merck denies each and every allegation in paragraph 33 of the Complaint, except it admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

       34.     Merck denies each and every allegation set forth in paragraph 34 of the Complaint and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with its FDA-approved prescribing information.  Merck further admits that in 2001 Vioxx achieved sales of $2.6 billion and that Vioxx was prescribed to millions of patients.

       35.     Merck denies each and every allegation set forth in paragraph 35 of the Complaint, except it admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

       36.     Merck denies each and every allegation set forth in paragraph 36 of the Complaint, except it admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

37.     Merck denies each and every allegation set forth in paragraph 37 of the Complaint, except it admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint, except it admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

39.     Merck denies each and every allegation set forth in paragraph 39 of the Complaint.

40.     Merck denies each and every allegation set forth in paragraph 40 of the Complaint, except it admits that the Reuters article referenced in paragraph 40 of the Complaint exists and that plaintiff purports to quote from the referenced article, but respectfully refers the Court to said article for its actual language and full text.

41.     Merck denies each and every allegation set forth in paragraph 41 of the Complaint, except it admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

42.     Merck denies each and every allegation set forth in paragraph 42 of the Complaint, except it admits that the referenced Adverse Event Reporting System (AERS) exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the Food and Drug Administration that the event was caused by the drug. Merck further admits various cardiovascular adverse events associated with Vioxx have been

reported to the AERS and respectfully refers the Court to the AERS for complete data on particular reported events.

43.     Merck denies each and every allegation set forth in paragraph 43 of the Complaint.

44.     Merck denies each and every allegation set forth in paragraph 44 of the Complaint, except it admits that the APPROVe study exits and respectfully refers the Court to the referenced study for its actual language and full text.

45.     Merck denies each and every allegation set forth in paragraph 45 of the Complaint, except it admits that on September 30, 2004 Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

46.     Merck denies each and every allegation set forth in paragraph 46 of the Complaint.

47.     Merck denies each and every allegation set forth in paragraph 47 of the Complaint.

48.     Merck denies each and every allegation set forth in paragraph 48 of the Complaint.

49.     Merck denies each and every allegation set forth in paragraph 49 of the Complaint.

50.     Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     Merck denies each and every allegation set forth in paragraph 51 of the Complaint, except admits that Merck marketed the prescription medication Vioxx.

52.     Merck denies each and every allegation set forth in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation set forth in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation set forth in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation set forth in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation set forth in paragraph 56 of the Complaint.

57.     Merck denies each and every allegation set forth in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation set forth in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation set forth in paragraph 59 of the Complaint.

### RESPONSE TO "COUNT I"
### "Strict Liability (Failure To Warn)"

60.     With respect to the allegations set forth in paragraph 60 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth

in paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61.     Merck denies each and every allegation set forth in paragraph 61 of the Complaint, except it admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew  Vioxx from the worldwide market on September 30, 2004.

62.     Merck denies each and every allegation set forth in paragraph 62 of the Complaint, except it admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

63.     Merck denies each and every allegation set forth in paragraph 63 of the Complaint.

64.     Merck denies each and every allegation set forth in paragraph 64 of the Complaint.

65.     Merck denies each and every allegation set forth in paragraph 65 of the Complaint.

66.     Merck denies each and every allegation set forth in paragraph 66 of the Complaint.

**RESPONSE TO "COUNT II"**
**"Strict Liability (Unreasonably Dangerous)"**

67.     With respect to the allegations set forth in paragraph 67 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 66 of this Answer with the same force and effect as though set forth here in full.

68.     Merck denies each and every allegation set forth in paragraph 68 of the Complaint, except it admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

69.     Merck denies each and every allegation set forth in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation set forth in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation set forth in paragraph 71 of the Complaint.

## RESPONSE TO "COUNT III"
### "Negligence/Gross Negligence/Recklessness"

72.     With respect to the allegations set forth in paragraph 72 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 71 of this Answer with the same force and effect as though set forth here in full.

73.     Merck states that the allegations in paragraph 73 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 73 of the Complaint, except it admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

74.     Merck denies each and every allegation set forth in paragraph 74, including subparagraphs a – j, of the Complaint.

75.     Merck denies each and every allegation set forth in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation set forth in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation set forth in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation set forth in paragraph 78 of the Complaint.

79.     Merck denies each and every allegation set forth in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation set forth in paragraph 80 of the Complaint.

## RESPONSE TO "COUNT IV"
### "Breach of Implied Warranty"

81.     With respect to the allegations set forth in paragraph 81 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 80 of this Answer with the same force and effect as though set forth here in full.

82.     Merck denies each and every allegation set forth in paragraph 82 of the Complaint, except it admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

83.     Merck denies each and every allegation set forth in paragraph 83 of the Complaint.

84.     Merck denies each and every allegation set forth in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation set forth in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation set forth in paragraph 86 of the Complaint.

### RESPONSE TO "COUNT V"
### "Breach of Express Warranty"

87.     With respect to the allegations set forth in paragraph 87 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 86 of this Answer with the same force and effect as though set forth here in full.

88.     Merck denies each and every allegation set forth in paragraph 88 of the Complaint.

89.     With respect to the allegations set forth in paragraph 89 of the Complaint, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore is unable to admit or deny the same.

90.     Merck denies each and every allegation set forth in paragraph 90 of the Complaint.

91.     Merck denies each and every allegation set forth in paragraph 91 of the Complaint.

92.     Merck denies each and every allegation set forth in paragraph 92 of the Complaint.

93.     Merck denies each and every allegation set forth in paragraph 93 of the Complaint.

## RESPONSE TO "COUNT VI"
### "Fraudulent Misrepresentation/Fraudulent Concealment"

94.     With respect to the allegations set forth in paragraph 94 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 93 of this Answer with the same force and effect as though set forth here in full.

95.     Merck denies each and every allegation set forth in paragraph 95, including subparagraphs a – f, of the Complaint.

96.     Merck denies each and every allegation set forth in paragraph 96 of the Complaint.

97.     Merck denies each and every allegation set forth in paragraph 97 of the Complaint.

98.     Merck denies each and every allegation set forth in paragraph 98 of the Complaint.

99.     Merck denies each and every allegation set forth in paragraph 99 of the Complaint.

100.     Merck denies each and every allegation set forth in paragraph 100 of the Complaint.

101.     Merck denies each and every allegation set forth in paragraph 101 of the Complaint.

## RESPONSE TO "COUNT VII"
### "Negligent Infliction of Emotional Distress"

102.     With respect to the allegations set forth in paragraph 102 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and

statement set forth in paragraphs 1 through 101 of this Answer with the same force and effect as though set forth here in full.

103.    Merck states that the allegations in paragraph 103 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 103 of the Complaint.

104.    Merck denies each and every allegation set forth in paragraph 104 of the Complaint.

105.    Merck denies each and every allegation set forth in paragraph 105 of the Complaint.

106.    Merck denies each and every allegation set forth in paragraph 106 of the Complaint.

107.    Merck denies each and every allegation set forth in paragraph 107 of the Complaint.

108.    Merck denies each and every allegation set forth in paragraph 108 of the Complaint.

109.    Merck denies each and every allegation set forth in paragraph 109 of the Complaint.

### RESPONSE TO "COUNT VIII"
### "Intentional Infliction of Emotional Distress"

110.    With respect to the allegations set forth in paragraph 110 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 109 of this Answer with the same force and effect as though set forth here in full.

111.    Merck denies each and every allegation set forth in paragraph 111 of the Complaint.

112.    Merck denies each and every allegation set forth in paragraph 112 of the Complaint.

## RESPONSE TO "COUNT IX"
### "Violation of the Idaho Consumer Protection Act"

113.    With respect to the allegations set forth in paragraph 113 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 112 of this Answer with the same force and effect as though set forth here in full.

114.    Merck denies each and every allegation set forth in paragraph 114 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information.

115.    Merck denies each and every allegation set forth in paragraph 115 of the Complaint.

116.    Merck denies each and every allegation set forth in paragraph 116 of the Complaint.

117.    Merck denies each and every allegation set forth in paragraph 117 of the Complaint.

118.    Merck denies each and every allegation set forth in paragraph 118 of the Complaint.

119.    Merck denies each and every allegation set forth in paragraph 119 of the Complaint.

120.   Merck denies each and every allegation set forth in paragraph 120 of the Complaint, except it admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT X"
### "Loss of Consortium"

121.   With respect to the allegations set forth in paragraph 121 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 120 of this Answer with the same force and effect as though set forth here in full.

122.   Merck denies each and every allegation set forth in paragraph 122 of the Complaint.

123.   Merck denies each and every allegation set forth in paragraph 123 of the Complaint.

### RESPONSE TO "NON-ECONOMIC DAMAGES"

124.   Merck states that the allegations in paragraph 124 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 124.

### RESPONSE TO "INTEREST"

125.   Merck states that the allegations in paragraph 125 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 125 and avers that plaintiffs are not entitled to an award of pre-judgment interest.

### RESPONSE TO "ATTORNEY FEES"

126.    Merck states that the allegations in paragraph 126 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 126 and avers that plaintiffs are not entitled to an award of attorney fees.

### DEFENSES

Further answering and by way of affirmative defenses, Merck alleges as follows:

### FIRST DEFENSE

127.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### SECOND DEFENSE

128.    The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

129.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### FOURTH DEFENSE

130.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FIFTH DEFENSE

131.    To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH DEFENSE

132.    To the extent that plaintiffs assert claims based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duly to warn in its warnings to the prescribing physician.

## SEVENTH DEFENSE

133.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiff.

## EIGHTH DEFENSE

134.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

## NINTH DEFENSE

135.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiff James Schiavone knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH DEFENSE

136.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH DEFENSE

137.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff James Schiavone's misuse or abuse of Vioxx.

## TWELFTH DEFENSE

138.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff James Schiavone's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## THIRTEENTH DEFENSE

139.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## FOURTEENTH DEFENSE

140.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

## FIFTEENTH DEFENSE

141.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

## SIXTEENTH DEFENSE

142.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SEVENTEENTH DEFENSE

143.    To the extent that plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights and are not permitted by Idaho law.

## EIGHTEENTH DEFENSE

144.    To the extent that plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## NINETEENTH DEFENSE

145.    Plaintiffs' damages in this action, if any, are subject to the limitations set forth in Idaho Code Section 6-1603 (non-economic damages) and Idaho Code Section 6-1604 (punitive damages).

## TWENTIETH DEFENSE

146.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWENTY-FIRST DEFENSE

147.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation plaintiff James Schiavone alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## TWENTY-SECOND DEFENSE

148.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### TWENTY-THIRD DEFENSE

149.    Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### TWENTY-FOURTH DEFENSE

150.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### TWENTY-FIFTH DEFENSE

151.    Plaintiffs have suffered no damage to business or property and therefore cannot state a Consumer Protection Act claim.

### TWENTY-SIXTH DEFENSE

152.    Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom.  With respect to every cause of action, Merck asserts all defenses under Idaho Code Section 6-1301[1401], *et seq.*, including but not limited to industry custom, technological feasibility and compliance with standards and regulations.

### TWENTY-SEVENTH DEFENSE

153.    Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

### TWENTY-EIGHTH DEFENSE

154.    Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

## TWENTY-NINTH DEFENSE

155.    All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiffs' claims pertaining to unfair or deceptive practices are barred.

## THIRTIETH DEFENSE

156.    With respect to every cause of action, plaintiffs are not entitled to recover for breach of warranty to the extent that warranty claims have been subsumed by the Idaho Products Liability Act, Idaho Code Section 6-1301[1401] *et seq.*

## THIRTY-FIRST DEFENSE

157.    With respect to each and every cause of action, neither plaintiff is entitled to recover because if the products involved were unsafe, which Merck denies, then they were unavoidably unsafe as defined in Restatement of Torts.  The apparent benefits of the products exceeded any apparent risk given the scientific knowledge available when the products were marketed.

## THIRTY-SECOND DEFENSE

158.    The conduct and activities of Merck with respect to the products which are the subject matter of this action were fair and truthful based upon the state of the knowledge and existing at the relevant time alleged in the plaintiffs' Complaint, and therefore, plaintiffs' claims under the Consumer Protection Act are barred.

## THIRTY-THIRD DEFENSE

159.    Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute

protected commercial speech under the applicable provisions of the United States and Idaho Constitutions.

### THIRTY-FOURTH DEFENSE

160.    The public interest and benefit and the availability of such products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

### THIRTY-FIFTH DEFENSE

161.    At all times relevant herein, any product(s) which are the subject matter of this action processed and distributed by Merck in the state of Idaho or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

### THIRTY-SIXTH DEFENSE

162.    With respect to each and every purported cause of action in plaintiffs' Complaint, plaintiffs are barred by lack of privity with Merck.

### THIRTY-SEVENTH DEFENSE

163.    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

## THIRTY-EIGHTH DEFENSE

164.    To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

## THIRTY-NINTH DEFENSE

165.    The injuries, damages and/or loss claimed by plaintiffs were caused in whole or in part by the acts or omissions of persons other than Merck, over whom Merck had no control.  Any recovery by plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

## FORTIETH DEFENSE

166.    In answering this Complaint, Merck does not assume any burden of proof attributable to plaintiffs as to any matter at issue in this litigation.

## FORTY-FIRST DEFENSE

167.    Plaintiffs claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by F.R.C.P. 9(b).

## MERCK'S JURY DEMAND

Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a trial by jury.

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A.    Dismiss the Complaint with prejudice, the plaintiffs taking nothing thereby;

B.     Award Merck its cost of suit and attorney's fees, under any applicable

statute; and

C.     Grant such other and further relief as this Court deems just and equitable.

DATED this 14th day of April, 2006.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Stephen R. Thomas
Tyler J. Anderson
Moffatt, Thomas, Barrett, Rock & Fields,
Chtd
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Phone 208-345-2000
Fax: 208-385-5384

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing **AMENDED ANSWER TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 14th day of April, 2006.

*Carmelite M Berlaut*