UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>    Products Liability Action | MDL No. 1657 |
| **This Document refers to:** | |
| LAVELLE MALONE, Wife of and<br>    WINSTON MALONE | CIVIL ACTION NO. 05-6604 |
|                   Plaintiffs, | SECTION L, MAGISTRATE 3 |
| VERSUS | |
| MERCK & CO., INC. and DR. R.<br>    VACLAV HAMSA | JUDGE FALLON |
| | MAGISTRATE JUDGE<br>KNOWLES |
|       Defendants | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
:::::::::::

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE
REMEDIES PURSUANT TO
LOUISIANA REVISED STATUTE 40:1299.47(B)(1)(a)(i)**

**MAY IT PLEASE THE COURT:**

I.    **INTRODUCTION**

    Plaintiffs, **LAVELLE MALONE, Wife of and WINSTON MALONE**, have cumulated their products liability claim against **MERCK & CO, INC.**, the manufacturer of the prescription drug Vioxx®, with a medical malpractice claim against **DR. R. VACLAV HAMSA**, a Metairie Orthopedic Surgeon, whom Plaintiffs allege prescribed Vioxx® for Lavelle Malone.

1

3068535.1

Defendant / Mover, **DR. R. VACLAV HAMSA** files the instant motion to dismiss on the grounds that Plaintiffs' medical malpractice claim against Dr. Hamsa has not been presented to a Medical Review Panel, which under La. R.S. 40:1299.47(B)(1)(a)(i) is a necessary predicate to filing suit in a state or federal district court against a qualified healthcare provider. As such, Plaintiffs' claims should be dismissed without prejudice for failure to exhaust the requisite administrative remedies before filing suit.

**II.**    **La. R.S. 40:1299(B)(1)(a)(i) Requires That All Medical Malpractice Claims Involving "Qualified Health Care Providers", as Defined by the Louisiana Medical Malpractice Act, Must Be Presented to A Medical Review Panel Before Any District Court Suit May Be Filed.**

This Honorable Court has held that medical review panel provisions of State laws are substantive rules of law of the forum which must be applied by Federal Courts in diversity cases. **Seoane v. Ortho Pharmaceuticals, Inc.**, 472 F. Supp. 468, 471 (E.D. La., 1979). Louisiana Revised Statute 40:1299.47(B)(1)(a)(i) provides:

> *No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.*

Consequently, as this Court has repeatedly held, when a Plaintiff brings suit against a qualified health care provider before submitting his claim to the medical review panel, his suit is premature and must be dismissed without prejudice. **Acosta v. Pelican State Outpatient Clinic**, Civil Action Number 03-3050, Section L(2), 2004 U.S. Dist. LEXIS 3788 (E.D. La. 2004); **Englande v. Glaxo Smithkline**, 206 F. Supp. 2d 815, 817 (E.D. La. 2002); **Herrmann v. Handy**, Civil Action No. 00-707, Section F, 2000 U.S. Dist. LEXIS 8282 (D. La. 2000). In other words, a qualified healthcare provider is not

subject to suit until after the medical review panel proceeding is complete. **Bourne v. Eli Lilly & Co.**, Civil Action No. 05-1212, 2005 U.S. Dist. LEXIS 28389 (W.D. La. 2005).

That Dr. Hamsa is a qualified health care provider under the Louisiana Medical Malpractice Act is not in dispute.[1] That Plaintiffs' claims against Dr. Hamsa sound in medical malpractice, as defined by the Louisiana Medical Malpractice Act, likewise cannot be denied – particularly since Plaintiffs' own Petition For Damages sets forth their allegations against Dr. Hamsa under the heading "Medical Malpractice."[2] Concurrently with the filing of the initial State Court claim, Plaintiffs' filed a medical malpractice claim with the Louisiana Patient's Compensation Fund, which claim has been designated as PCF File No. 2005-01971.[3] The medical review panel proceeding is not yet complete. As such, as a matter of law, Plaintiffs' claims against Dr. Hamsa must be dismissed as premature.

\* \* \* \* \* \*

---

[1] A certified copy of Dr. Hamsa's Certificates of Enrollment reflecting his coverage and payment to the Louisiana Patient's Compensation Fund are attached hereto as **Exhibit "B"**.

[2] Louisiana Revised Statutes 40:1299.41(A)(8) defines "Malpractice" as follows:

> *(8) "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.*

3

3068535.1

WHEREFORE, for the reasons set forth herein, Defendant / Mover, DR. R. VACLAV HAMSA respectfully requests that this Honorable Court issue an Order dismissing without prejudice as premature any and all claims brought by Plaintiffs LAVELLE MALONE, Wife of and WINSTON MALONE against DR. R. VACLAV HAMSA in the above captioned matter.

Respectfully submitted,

ONEBANE LAW FIRM

BY: _____
CHARLES J. BOUDREAUX, JR. #3297
1200 Camellia BLVD, Suite 300
Post Office Drawer 3507
Lafayette, LA 70502-3507
Telephone: (337) 237-2660

Attorneys for Defendant / Mover,
    DR. R. VACLAV HAMSA

---

[3] A certified copy of Plaintiff's Petition for Damages filed with the Louisiana Patient's Compensation fund is attached hereto as **Exhibit "A"**.

3068535.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion To Dismiss For Failure To Exhaust Administrative Remedies Pursuant To Louisiana Revised Statute 40:1299.47(B)(1)(a)(i) has been served on all counsel of record in the matter entitled "LAVELLE MALONE, Wife of and WINSTON MALONE versus MERCK & CO., INC. and DR. R. VACLAV HAMSA", Civil Action Number 05-6604, U.S. District Court, Eastern District of Louisiana, by hand, facsimile, e-mail and/or by placing same in the United States mail, postage prepaid and properly addressed, this 23 day of March, 2006.

CHARLES J. BOUDREAUX, JR.

3068535.1