FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 17 PM 3: 52

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL<br>ACTIONS AND Nos. 2:06-cv-419; 2:05-cv-547, and 2:05-cv-00443 | ) MDL NO. 1657<br>)<br>) SECTION: L(3)<br>)<br>) JUDGE FALLON<br>) MAG. JUDGE KNOWLES |

## MERCK & CO., INC.'S OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO IMPLEMENT PROCEDURE FOR RAPID REMAND

Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, respectfully submits this opposition to plaintiffs' motion to implement a procedure for rapid remand of three actions – *Boyer v. Merck*, No. 8:05-cv-03154 (D. Md.), *Pikul v. Merck*, No. H-03-3656 (S.D. Tex.), and *Burt v. Merck*, No. 3:04-cv-388 (N.D. Fla.) – to their transferor districts prior to the completion of pretrial proceedings.

As set forth below, plaintiffs' proposal is a thinly-veiled attempt to prematurely disband the Vioxx MDL proceeding and sabotage the parties' agreement to jointly select "test cases" for early trials in the MDL. Because the three cases proposed for remand are far from "trial ready" (indeed, one was just filed four months ago), they are not ripe for transfer back to their original federal courts, and plaintiffs' motion therefore should be denied.

## ARGUMENT

The objective of the MDL process is to provide "centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient

conduct' of such actions." H.R. Rep. 1130 (1968), reprinted in 1968 U.S.C.C.A.N. 1898, 1900. To achieve this goal, MDL courts are charged with making centralized determinations of all pretrial issues (including, *e.g.*, discovery, motions to dismiss, summary judgment motions, and *Daubert* and other evidentiary rulings), so as to ensure efficiency and consistent results across overlapping cases. *See, e.g., In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004) ("Centralization under Section 1407 is . . . necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."); *In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1367 (J.P.M.L. 2003) (same); Manual for Complex Litigation (Third) at 251 (purpose of MDL coordination is "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort on the part of the parties, the attorneys, the witnesses and the courts") (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)).

Plaintiffs here seek to shortchange the MDL process by sending selected cases back to their transferor courts even though: (1) the Court has not completed its efforts to coordinate resolution of "core" discovery and evidentiary issues; (2) the cases are not trial-ready; and (3) the remand of these three cases, in particular, would undermine the trial selection process that this Court has put in place. Not surprisingly, the MDL Panel and transferee courts have consistently denied attempts like this to evade MDL proceedings by seeking premature remand to transferor courts. *See, e.g., In re Great Southern Life Insurance Co. Sales Practices Litigation*, 217 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (remand was premature where "very few pretrial proceedings have been conducted"); *see also In re Nat'l Century Fin. Enters., Inc., Fin. Inv. Litig.*, Case No. 2:03-md-1565, 2004 U.S. Dist. LEXIS 10605, at *7 (S.D. Ohio Mar. 25, 2004)

(remand is inappropriate when continued coordination will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary") (citing *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)); *In re Gypsum Wallboard*, 340 F. Supp. 990, 992 (J.P.M.L. 1972) (denying remand and noting that "the most efficacious course to follow is to allow [the MDL judge] to rule on the summary judgment motion"). As these courts have recognized, remand of cases coordinated for pretrial purposes is not appropriate until coordinated pretrial proceedings have been completed and the cases at issue are ready for trial. *See, e.g., Solis v. Lincoln Electric Co.*, No. 1:04-CV-17363, 2006 WL 266530, at * 3 (S.D. Ohio Feb. 1, 2006) ("Put simply, the statute charges MDL courts with getting cases trial-ready and then remanding them to the originating, transferor courts for trial."); *see also In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, Civil Action No. 99-20593, 2003 WL 22341307, at * 2-3 (E.D. Pa. Sept. 18, 2003) (where "consolidated or coordinated pretrial proceedings involving common facts have not yet run their course" suggestion of remand is premature). Neither requirement is satisfied here.

*First*, "core" discovery and pretrial proceedings affecting multiple cases are far from over in the MDL – the PSC continues to seek documents and depositions, and the Court continues to have a critical role in coordinating pretrial proceedings, eliminating duplicative discovery and preventing inconsistent pretrial rulings. Until the Court finishes addressing cross-cutting discovery and expert issues, remand is premature, regardless of the state of case-specific discovery. *See In re Diet Drugs*, 2003 WL 22341307, at *3.

Plaintiffs' authorities do not lead to a different conclusion. To the contrary, they merely underscore that the most efficient procedure is for the MDL court to retain jurisdiction until the cases are trial-ready. For example, plaintiffs rely on *In re Patenaude*, 210 F.3d 135 (3d Cir.

2000), to support their argument that the drafters of the MDL statute envisioned that localized discovery would be undertaken by the transferor court after remand by the MDL Panel. (*See* Pls.' Mem. at 6). However, the outcome of that case supports Merck here, because the court concluded that remand was not appropriate. The Third Circuit explained:

> because the transferee court is conducting discovery on overlapping issues that affect many . . . cases, even if not the plaintiffs', coordinated pretrial proceedings have not concluded, and the plaintiffs have not demonstrated a clear and indisputable right to the relief they seek.

*In re Patenaude*, 210 F.3d at 146. Here, as in *In re Patenaude*, coordinated discovery on overlapping issues is still underway in this Court. Plaintiffs' citations to *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), and its progeny are similarly unpersuasive. (Pls' Mem. at 6.) While *Lexecon* requires the ultimate remand of these cases to transferor courts for trial, it does not in any way support remanding cases while pretrial proceedings are ongoing.

***Second***, plaintiffs do not even attempt to argue that the three cases they propose for remand are ready for trial in their transferor districts. Rather, they concede that discovery is not complete in the three cases (*see* Pls.' Mem. at 6), and they are silent on other pretrial work to be done by the MDL court (*e.g.*, dispositive motions, evidentiary rulings). And for good reason. Contrary to the PSC's position (Pls. Mem. at 6), none of the three cases is anywhere close to being trial- or remand-ready:

- ***Boyer*** was not filed until November 23, 2005, and was transferred to this Court less than three months ago. (*See* CTO-37.)[1] Thus, virtually no discovery has occurred in that case.

- Discovery in ***Burt*** is also in its early stages. Depositions of three treating physicians have been scheduled but not yet taken, and additional deposition of

---

[1] *Pikul* was filed in the transferor court on August 14, 2003 and transferred to the MDL on Feb. 17, 2005, and *Burt* was filed November 9, 2004, and transferred to the MDL on March 28, 2005.

> treaters and other fact witnesses (including the plaintiff) have yet to be scheduled and taken. Moreover, expert discovery has not yet begun in *Burt* (or any other cases not scheduled for early MDL trials).

- And even *Pikul* is far from trial-ready. While collection of medical records is largely complete, only two depositions have been taken – one prescribing physician and the plaintiff. Depositions of other prescribing physicians need to be completed as well as depositions of treating physicians and other important witnesses. And as with the other two cases, expert discovery has not yet begun.

In short, *Boyer*, *Burt* and *Pikul* are indistinguishable in terms of trial-readiness from hundreds, if not thousands, of other case lodged in this MDL. If these cases were remanded, plaintiffs' counsel would undoubtedly seek premature remand of numerous other cases.[2]

***Third***, early remand of cases that were not selected for early MDL trials would undermine the trial selection process. The Court established a process whereby each side was entitled to strike cases proposed by the other side that they did not believe were representative. Plaintiffs' motion seeks to create a "heads we win-tails you lose" trial selection process whereby they can set early trials on all the cases they choose, either in the MDL court or elsewhere. Moreover, plaintiffs' argument that early remand is necessary because there is an insufficient trial pool in Louisiana is simply false. There have now been more than 1,200 cases filed in the Eastern District of Louisiana – certainly, the Court could find future trial candidates among this large pool if it decided to hold additional trials.

---

[2] As Merck has previously argued to the Court, plaintiffs are adamantly pushing for trial in these three cases precisely because they not representative of the trial pool generally. Trying unrepresentative cases, whether in this District or in any other District, would not foster this Court's goal of advancing this litigation by providing instructive results from jury trials. In addition, because each case would be subject to appeal in a different Circuit Court of Appeals, the potential for conflicting rulings would be exacerbated.

In short, plaintiffs seek immediate remand of three cases that are indistinguishable from the vast majority of other cases in this MDL proceeding, insofar as pretrial discovery proceedings and evidentiary and dispositive motion practice in those cases are far from complete. If those cases are deemed ripe for remand, plaintiffs in hundreds of other similarly positioned Vioxx cases in this MDL proceeding will no doubt seek the same treatment, throwing this proceeding into disarray and undermining the very purposes for which it was created. Because plaintiffs' proposal would increase the likelihood of inconsistent pretrial rulings and waste judicial resources, it should be rejected.

## CONCLUSION

For all of the foregoing reasons, Merck respectfully requests that Plaintiffs' Motion To Implement Procedure For Rapid Remand be denied.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

806229v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Opposition to Plaintiffs' Steering Committee's Motion to Implement Procedure for Rapid Remand has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Ann Oldfather by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 17th day of April, 2006.

*Dorothy H. Wimberly*

806229v.1