FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 17 PM 3: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * MDL No. 1657<br>*<br>* SECTION L<br>*<br>* JUDGE ELDON E. FALLON<br>*<br>* MAGISTRATE JUDGE<br>* DANIEL E. KNOWLES, III<br>*<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Evie Doyle et al. v. Merck & Co., Inc.*, No. 05-4436

### ANSWER OF DEFENDANT MERCK & CO., INC. TO PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, respectfully submit its answer to the Plaintiffs' First Supplemental and Amending Complaint ("Amended Complaint") and repeats and realleges each and every response, admission, denial, averment, statement, and affirmative defense contained in its Answer to the Plaintiffs' Complaint filed on January 26, 2006 with the same force and effect as though set forth here in full.

### RESPONSE TO AMENDED COMPLAINT

1. Denies each and every allegation contained in paragraph I of the Amended Complaint, except admits that Plaintiffs purport to seek to amend their Complaint.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No_____

## RESPONSE TO
## "PARTIES II-A"

2. Denies each and every allegation contained in the first unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3. Denies each and every allegation contained in the second unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4. Denies each and every allegation contained in the third unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5. Denies each and every allegation contained in the fourth unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6. Denies each and every allegation contained in the fifth unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

7. Denies each and every allegation contained in the sixth unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

8. Denies each and every allegation contained in the seventh unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

9. Denies each and every allegation contained in the eighth unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

10. Denies each and every allegation contained in the ninth unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

11. Denies each and every allegation contained in the tenth unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

12. Denies each and every allegation contained in the eleventh unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

13. The allegations contained in the unnumbered "Wherefore" paragraph after the eleventh unnumbered paragraph under the heading "Parties II-A" of the Amended Complaint constitute a prayer for relief as to which no response should be required. Should a response be required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to seek economic and other relief by denies that there is any legal or factual basis for such relief.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1. That its Answer to Plaintiffs' First Supplemental and Amending Complaint be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' First Supplemental and Amending Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: April 17, 2006

Respectfully submitted,

_____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
    Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523-1580
Telecopier: (504) 524-0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
    Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer of Defendant Merck & Co., Inc. to Plaintiffs' First Supplemental and Amending Complaint has been served on all counsel of record, by hand, facsimile, Federal Express, e-mail, and/or by placing same in the United States mail, postage prepaid and properly addressed, this 17th day of April, 2006.