FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 18 PM 3: 50

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This document relates to:** | * | **JUDGE FALLON** |
| *Elena Bozzi v. Merck & Co., Inc., et al,* | * | |
| **(E.D. La. Index No. CA- 06- 1688-L)** | * | **MAG. JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND JURY DEMAND OF DEFENDANT JEROME PITTMAN

Defendant, Jerome Pittman ("Mr. Pittman"), through undersigned counsel, answers the Complaint herein as follows:

### RESPONSE TO "GENERAL ALLEGATIONS"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint except admits that Plaintiff purports to seek damages in excess of $15,000, but denies that there is any legal or factual basis for such relief.

2.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.      Lacks knowledge or information sufficient to form a basis as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_806436v.1

allegations directed toward the other Defendants. If a response is required, Mr. Pittman denies each and every allegation in paragraph 4 of the Complaint.

5.  The allegations contained in paragraph 5 of the Complaint are not directed toward Mr. Pittman and therefore no response is required. If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 5 of the Complaint except admits that Defendant Merck & Co., Inc. ("Merck") manufactured the prescription medicine Vioxx.

6.  The allegations contained in paragraph 6 of the Complaint are not directed toward Mr. Pittman and therefore no response is required. If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey.

7.  The allegations contained in paragraph 7 of the Complaint are not directed toward Mr. Pittman and therefore no response is required. If a response is required, Mr. Pittman denies each and every allegation in paragraph 7 of the Complaint except admits that Merck is authorized to do business in the State of Florida.

8.  The allegations contained in paragraph 8 of the Complaint are not directed toward Mr. Pittman and therefore no response is required. If a response is required, Mr. Pittman denies each and every allegation in paragraph 8 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx. Mr. Pittman further admits that Merck is authorized to do business in the State of Florida.

806436v.1

Mr. Pittman further admits that Merck withdrew Vioxx from the worldwide market in September of 2004.

9.    Denies each and every allegation contained in paragraph 9 of the Complaint directed toward Mr. Pittman except admits that he is a resident of Florida and was formerly employed by Merck.  Mr. Pittman is not required to respond to the allegations directed toward the other Defendants named in paragraph 9 of the Complaint. If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the employment or residency status of the other named Defendants.

10.    Denies each and every allegation in paragraph 10 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of the action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

11.    The allegations contained in paragraph 11 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint except admits that Plaintiff purports to refer to a particular application and to the extent the referenced application is in writing, the actual contents of the application constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

12.    The allegations contained in paragraph 12 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is

806436v.1

required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint except admits that Plaintiff purports to refer to a particular application and to the extent the referenced application is in writing, the actual contents of the application constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

13.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint except admits that Plaintiff purports to refer to the FDA's approval of "NDA 21-042 and NDA 21-052" and to the extent the referenced approval is in writing, the actual contents of the approval constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

14.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint except admits that Plaintiff purports to refer to the FDA's labeling for rofecoxib and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

15.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint except admits that Plaintiff purports to refer to the "Warnings" section of the labeling for rofecoxib and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

4

16.     The allegations contained in paragraph 16 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint except admits that Plaintiff purports to refer to a particular application and study and to the extent the referenced application and study are in writing, the actual contents of the application and study constitute the best evidence of their terms and Mr. Pittman denies all allegations inconsistent with those contents.

17.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of their terms and Mr. Pittman denies all allegations inconsistent with those contents.

18.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of their terms and Mr. Pittman denies all allegations inconsistent with those contents.

19.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced study is in

806436v.1

writing, the actual contents of the study constitute the best evidence of their terms and Mr. Pittman denies all allegations inconsistent with those contents.

20.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint except admits that Plaintiff purports to refer to a memorandum and respectfully refers the Court to the referenced memorandum for its actual language and full text.

21.     The allegations contained in paragraph 21 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint except admits that Plaintiff purports to refer to "industry-sponsored studies" and a "publication" and respectfully refers the Court to the referenced studies and publication for their actual language and full text.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman admits that Plaintiff purports to refer to "industry-sponsored studies" and a "publication" and respectfully refers the Court to the referenced studies and publication for their actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 directed toward Mr. Pittman.  Mr. Pittman is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 22 of the Complaint.

806436v.1

23.     Denies each and every allegation contained in paragraph 23 directed toward Mr. Pittman.  Mr. Pittman is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 23 of the Complaint.

24.     The allegations contained in paragraph 24 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.

25.     The allegations contained in paragraph 25 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint except admits that Plaintiff purports to refer to a particular contract and to the extent the referenced contract is in writing, the actual contents of the contract constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

26.     The allegations contained in paragraph 26 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

806436v.1

27.     The allegations contained in paragraph 27 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint except admits that Plaintiff purports to refer to a particular press release and to the extent the referenced press release is in writing, the actual contents of the press release constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 28 of the Complaint.

29.     The allegations contained in paragraph 29 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

30.     The allegations contained in paragraph 30 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the

806436v.1

truth or falsity of the allegations contained in paragraph 30 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

31.     The allegations contained in paragraph 31 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.

32.     The allegations contained in paragraph 32 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint directed toward Mr. Pittman except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 33 of the Complaint except admits that Plaintiff

purports to refer to a particular letter and respectfully refers the Court to the referenced
letter for its actual language and full text.

34.     The allegations contained in paragraph 34 of the Complaint are not
directed toward Mr. Pittman and therefore no response is required.  If a response is
required, Mr. Pittman denies each and every allegation contained in paragraph 34 of the
Complaint except admits that Plaintiff purports to refer to a particular report and to the
extent the referenced report is in writing, the actual contents of the report constitute the
best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those
contents.

35.     The allegations contained in paragraph 35 of the Complaint are not
directed toward Mr. Pittman and therefore no response is required.  If a response is
required, Mr. Pittman denies each and every allegation contained in paragraph 35 of the
Complaint except admits that Plaintiff purports to refer to a particular article and
respectfully refers the Court to the referenced article for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the
Complaint directed toward Mr. Pittman except admits that Plaintiff purports to refer to
reviews "authored and sponsored" by Defendants and a particular study and article and to
the extent the referenced reviews, study and article are in writing, the actual contents of
the reviews, study and article constitute the best evidence of their terms and Mr. Pittman
denies all allegations inconsistent with those contents.  Mr. Pittman is not required to
respond to allegations directed toward the other Defendants.  If a response is required,
Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 36 of the Complaint except admits that

Plaintiff purports to refer to reviews "authored and sponsored" by Defendants and a

particular study and article and to the extent the referenced reviews, study and article are

in writing, the actual contents of the reviews, study and article constitute the best

evidence of their terms.

37.     The allegations contained in paragraph 37 of the Complaint are not

directed toward Mr. Pittman and therefore no response is required.  If a response is

required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 37 of the Complaint except

admits that Plaintiff purports to refer to certain labeling and respectfully refers the Court

to the referenced labeling for its actual language and full text.

38.     The allegations contained in paragraph 38 of the Complaint are not

directed toward Mr. Pittman and therefore no response is required.  If a response is

required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 38 of the Complaint except

admits that Plaintiff purports to refer to a particular article and to the extent the

referenced article is in writing, the actual contents of the article constitute the best

evidence of its terms and Mr. Pittman denies all allegations inconsistent with those

contents.

39.     The allegations contained in paragraph 39 of the Complaint are not

directed toward Mr. Pittman and therefore no response is required.  If a response is

required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the

806436v.1

truth or falsity of the allegations contained in paragraph 39 of the Complaint except admits that Plaintiff purports to refer to a particular article and to the extent the referenced article is in writing, the actual contents of the article constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

40.     The allegations contained in paragraph 40 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint except admits that Plaintiff purports to refer to a particular presentation and to the extent the referenced presentation is in writing, the actual contents of the presentation constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

41.     The allegations contained in paragraph 41 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint except admits that Plaintiff purports to refer to a particular press release and respectfully refers the Court to the referenced press release for its actual language and full text.

42.     The allegations contained in paragraph 42 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the

806436v.1

truth or falsity of the allegations contained in paragraph 42 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

43.     The allegations contained in paragraph 43 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

44.     The allegations contained in paragraph 44 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

45.     The allegations contained in paragraph 45 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint except

806436v.1

admits that Plaintiff purports to refer to a particular communication between Merck and the FDA and to the extent the referenced communication is in writing, the actual contents of the communication constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

46.     The allegations contained in paragraph 46 of the Complaint are not directed toward Mr. Pittman and therefore no response is required.  If a response is required, Mr. Pittman admits that Merck announced the withdrawal of Vioxx from the worldwide market in September of 2004.  Mr. Pittman further admits that Plaintiff purports to refer to particular announcements and to the extent the referenced announcements are in writing, the actual contents of the announcements constitute the best evidence of their terms and Mr. Pittman denies all allegations inconsistent with those contents.

47.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint except admits that Plaintiff purports to refer to a particular analysis and to the extent the referenced analysis is in writing, the actual contents of the analysis constitute the best evidence of its terms and Mr. Pittman denies all allegations inconsistent with those contents.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 48 of the Complaint.

806436v.1

49.     Denies each and every allegation contained in the first and second sentences of paragraph 49 of the Complaint directed toward Mr. Pittman. The allegations contained in the third sentence of paragraph 49 of the Complaint are legal conclusions to which no response is required. If a response is required, Mr. Pittman denies each and every allegation contained therein. Mr. Pittman is not required to respond to allegations directed toward the other Defendants. If a response is required, Mr. Pittman denies each and every allegation contained in the first and second sentences of paragraph 49 of the Complaint except admits that Merck employed sales representatives. The allegations contained in the third sentence of paragraph 49 of the Complaint are legal conclusions to which no response is required. If a further response is required, Merck denies each and every allegation contained therein.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint directed toward Mr. Pittman. Mr. Pittman is not required to respond to allegations directed toward the other Defendants. If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint directed toward Mr. Pittman. Mr. Pittman is not required to respond to allegations directed toward the other Defendants. If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 51 of the Complaint.

## RESPONSE TO "COUNT I STRICT LIABILITY
## (AS TO DEFENDANT MERCK ONLY)"

With respect to the un-numbered introductory paragraph of Count I, Mr. Pittman hereby repeats and realleges each and every admission, denial, averment and statement

806436v.1

contained in paragraphs 1 through 51 of this Answer with the same force and effect as
though set forth here in full.

52.     Denies each and every allegation contained in paragraph 52, including
subparts a - f, of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required
to respond to the allegations directed toward the other Defendants.  If a response is
required, Mr. Pittman denies each and every allegation contained in paragraph 52 of the
Complaint, including subparts a - f.

53.     The allegations contained in paragraph 53 of the Complaint are not
directed toward Mr. Pittman and therefore no response is required.  If a response is
required, Mr. Pittman lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph 53 of the Complaint.

54.     The allegations contained in paragraph 54 of the Complaint are not
directed toward Mr. Pittman and therefore no response is required.  If a response is
required, the allegations contained in paragraph 54 of the Complaint are legal conclusions
to which no response is required.  If a further response is required, Mr. Pittman denies
each and every allegation contained in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the
Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to the
allegations directed toward the other Defendants.  If a response is required, Mr. Pittman
denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the
Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to the

806436v.1

allegations directed toward the other Defendants.  If a response is required, Mr. Pittman

denies each and every allegation contained in paragraph 56 of the Complaint.

57.     The allegations contained in paragraph 57 of the Complaint are legal

conclusions to which no response is required.  If a response is required, Mr. Pittman

denies each and every allegation contained in paragraph 57 of the Complaint directed

toward Mr. Pittman.  Mr. Pittman is not required to respond to the allegations directed

toward the other Defendants.  If a further response is required, Mr. Pittman denies each

and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the

Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to the

allegations directed toward the other Defendants.  If a response is required, Mr. Pittman

denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the

Complaint directed toward Mr. Pittman except admits that Plaintiff purports to seek

certain damages, but denies that there is any legal or factual basis for the relief requested.

Mr. Pittman is not required to respond to the allegations directed toward the other

Defendants.  If a response is required, Mr. Pittman denies each and every allegation

contained in paragraph 59 of the Complaint except admits that Plaintiff purports to seek

certain damages, but denies that there is any legal or factual basis for the relief requested.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT I

Plaintiff's ad damnum clause for Count I of the Complaint is not an allegation and

therefore no response is required.  If a response is required, Mr. Pittman denies each and

806436v.1

every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT II NEGLIGENCE (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count II of the Complaint, Mr. Pittman hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 51 of this Answer with the same force and effect as though fully set forth here in full.

60.     The allegations contained in paragraph 60 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 60 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to the allegations directed toward the other Defendants.  If a further response is required, Mr. Pittman denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61, including subparts a - f, of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 61 of the Complaint, including subparts a - f.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 62 the Complaint.

806436v.1

63.     Denies each and every allegation contained in paragraph 63 of the Complaint directed toward Mr. Pittman except admits that Plaintiff purports to seek certain damages, but denies that there is any legal or factual basis for the relief requested. Mr. Pittman is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 63 of the Complaint except admits that Plaintiff purports to seek certain damages, but denies that there is any legal or factual basis for the relief requested.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT II

Plaintiff's ad damnum clause for Count II of the Complaint is not an allegation and therefore no response is required.  If a response is required, Mr. Pittman denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT III NEGLIGENT MISREPRESENTATION
## (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count III of the Complaint, Mr. Pittman hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 51 of this Answer with the same force and effect as though fully set forth here in full.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 64 of the Complaint.

19

65.     Denies each and every allegation contained in paragraph 65 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 69 of the Complaint.

70.     The allegations contained in paragraph 70 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Pittman

806436v.1

denies each and every allegation contained in paragraph 70 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 71 of the Complaint.

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 72 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 74 of the Complaint.

806436v.1

75.     Denies each and every allegation contained in paragraph 75 of the Complaint directed toward Mr. Pittman except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 75 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO DEMANDS SET FORTH IN AD DAMNUM CLAUSE FOR COUNT III

Plaintiff's ad damnum clause for Count III of the Complaint is not an allegation and therefore no response is required.  If a response is required, Mr. Pittman denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT IV FRAUD (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count IV of the Complaint, Mr. Pittman hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 51 of this Answer with the same force and effect as though fully set forth here in full.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 76 of the Complaint.

22

77.     Denies each and every allegation contained in paragraph 77 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81, including subparts a - c, of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 81 of the Complaint, including subparts a - c.

806436v.1

82.     Denies each and every allegation contained in paragraph 82 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 82 of the Complaint.

83.     The allegations contained in paragraph 83 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 83 of the Complaint directed toward him.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 84 of the Complaint.

85.     The allegations contained in paragraph 85 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 85 of the Complaint directed toward him.  Mr. Pittman is not required to respond to allegations directed toward the other Defendants.  If a response is required, Mr. Pittman denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to

806436v.1

allegations directed toward the other Defendants.  If a response is required, Mr. Pittman

denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Denies each and every allegation contained in paragraph 87 of the

Complaint directed toward Mr. Pittman.  Mr. Pittman is not required to respond to

allegations directed toward the other Defendants.  If a response is required, Mr. Pittman

denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Denies each and every allegation contained in paragraph 88 of the

Complaint directed toward Mr. Pittman except admits that Plaintiff purports to seek

certain relief, but denies that there is any legal or factual basis for the relief sought.  Mr.

Pittman is not required to respond to allegations directed toward the other Defendants.  If

a response is required, Mr. Pittman denies each and every allegation contained in

paragraph 88 of the Complaint except admits that Plaintiff purports to seek certain relief,

but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO DEMANDS SET FORTH IN
### AD DAMNUM CLAUSE FOR COUNT IV

Plaintiff's ad damnum clause for Count IV of the Complaint is not an allegation

and therefore no response is required.  If a response is required, Mr. Pittman denies each

and every allegation contained therein except admits that Plaintiff purports to seek certain

relief, but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MR. PITTMAN ALLEGES:

89.     Each and every claim asserted or raised in the Complaint is barred by the

applicable statute of limitations and is otherwise untimely.

25

806436v.1

## AS FOR A SECOND DEFENSE, MR. PITTMAN ALLEGES:

90.      The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MR. PITTMAN ALLEGES:

91.      Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH DEFENSE, MR. PITTMAN ALLEGES:

92.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH DEFENSE, MR. PITTMAN ALLEGES:

93.      To the extent that Plaintiff asserts claims based on this Defendant's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MR. PITTMAN ALLEGES:

94.      Plaintiff's claims are barred, in whole or in part, by the First Amendment.

## AS FOR A SEVENTH DEFENSE, MR. PITTMAN ALLEGES:

95.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

806436v.1

### AS FOR AN EIGHTH DEFENSE, MR. PITTMAN ALLEGES:

96.     Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

### AS FOR A NINTH DEFENSE, MR. PITTMAN ALLEGES:

97.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of this Defendant and over whom this Defendant had no control and for whom this Defendant may not be held accountable.

### AS FOR A TENTH DEFENSE, MR. PITTMAN ALLEGES:

98.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

### AS FOR AN ELEVENTH DEFENSE, MR. PITTMAN ALLEGES:

99.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

### AS FOR A TWELFTH DEFENSE, MR. PITTMAN ALLEGES:

100.     To the extent that Plaintiff's reactions to the subject product were idiosyncratic reactions, this Defendant denies any liability.

806436v.1

**AS FOR A THIRTEENTH DEFENSE, MR. PITTMAN ALLEGES:**

101.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, this Defendant's liability, if any, should be reduced accordingly.

**AS FOR A FOURTEENTH DEFENSE, MR. PITTMAN ALLEGES:**

102.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**AS FOR A FIFTEENTH DEFENSE, MR. PITTMAN ALLEGES:**

103.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A SIXTEENTH DEFENSE, MR. PITTMAN ALLEGES:**

104.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck or this Defendant to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck or this Defendant has discharged its duty to warn in its warnings to prescribing physicians.

**AS FOR A SEVENTEENTH DEFENSE, MR. PITTMAN ALLEGES:**

105.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

**AS FOR AN EIGHTEENTH DEFENSE, MR. PITTMAN ALLEGES:**

106.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

806436v.1

### AS FOR A NINETEENTH DEFENSE, MR. PITTMAN ALLEGES:

107.   Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH DEFENSE, MR. PITTMAN ALLEGES:

108.   Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A TWENTY-FIRST DEFENSE, MR. PITTMAN ALLEGES:

109.   Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-SECOND DEFENSE, MR. PITTMAN ALLEGES:

110.   This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-THIRD DEFENSE, MR. PITTMAN ALLEGES:

111.   At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

### AS FOR A TWENTY-FOURTH DEFENSE, MR. PITTMAN ALLEGES:

112.   This case is subject to dismissal or stay on the grounds of forum non conveniens.

### AS FOR A TWENTY-FIFTH DEFENSE, MR. PITTMAN ALLEGES:

113.   Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

806436v.1

### AS FOR A TWENTY-SIXTH DEFENSE, MR. PITTMAN ALLEGES:

114.   To the extent that Plaintiff relies upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

### AS FOR A TWENTY-SEVENTH DEFENSE, MR. PITTMAN ALLEGES:

115.   To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-EIGHTH DEFENSE, MR. PITTMAN ALLEGES:

116.   There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTY-NINTH DEFENSE, MR. PITTMAN ALLEGES:

117.   This Defendant is not guilty of negligence and violated no duty owing to Plaintiff.

### AS FOR A THIRTIETH DEFENSE, MR. PITTMAN ALLEGES:

118.   Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity or standing to bring such claims.

### AS FOR A THIRTY-FIRST DEFENSE, MR. PITTMAN ALLEGES:

119.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate this Defendant's state and federal constitutional rights.

806436v.1

### AS FOR A THIRTY-SECOND DEFENSE, MR. PITTMAN ALLEGES:

120.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of this Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, an award of punitive damages is barred.

### AS FOR A THIRTY-THIRD DEFENSE, MR. PITTMAN ALLEGES:

121.     To the extent that Plaintiff seeks punitive damages, such damages are barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A THIRTY-FOURTH DEFENSE, MR. PITTMAN ALLEGES:

122.     Merck has complied with requirements promulgated by and under federal law. The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations. Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

### AS FOR A THIRTY-FIFTH DEFENSE, MR. PITTMAN ALLEGES:

123.     Defendant Pittman is improperly joined.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Mr. Pittman to determine all of his legal, contractual and equitable rights, he reserves the right to amend and/or supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

806436v.1

Mr. Pittman will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Mr. Pittman respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Mr. Pittman his reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Mr. Pittman demands a trial by jury as to all issues so triable.

Dated: April 18, 2006.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Patricia E. Lowry
John B. T. Murray, Jr.
Dori K. Stibolt
SQUIRE, SANDERS & DEMPSEY L.L.P.
    INCLUDING:
    STEEL HECTOR & DAVIS LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

*Attorneys for Defendant Jerome Pittman*

806436v.1

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Answer and Jury Demand of

Defendant Jerome Pittman has been served on Liaison Counsel, Russ Herman by U.S.

Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial

Order No. 8, on this 18th day of April, 2006.

*Dorothy H. Wimberly*

806436v.1