FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 18 PM 3:50

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | SECTION L |
| | * | |
| **This document relates to:** | * | JUDGE FALLON |
| *Truett George v. Merck & Co., Inc., et al,* | * | |
| **(E.D. La. Index No. CA- 05- 6701-L)** | * | MAG. JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND JURY DEMAND OF DEFENDANT JACK ARMSTRONG

Defendant, Joseph Armstrong, incorrectly named as Jack Armstrong, ("Mr. Armstrong"), through undersigned counsel, answers the Complaint herein as follows:

1.     Denies each and every allegation contained in paragraph 1 of the Complaint except admits that Plaintiffs seek money damages in excess of $15,000, but denies that there is any legal or factual basis for such cause of action or relief.

2.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.     The allegations contained in paragraph 3 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 3 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey.

Fee _____
Process _____
X  Dktd _____
CtRmDep _____
Doc. No _____

4.    The allegations contained in paragraph 4 of the Complaint, including subparts "a" - "d", are legal conclusions to which no response is required.  If a response is required, Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a further response is required, Mr. Armstrong denies each and every allegation contained in paragraph 4 of the Complaint, including subparts "a" - "d".

5.    Denies each and every allegation contained in paragraph 5 of the Complaint directed at Mr. Armstrong.

6.    The allegations contained in paragraph 6 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation in paragraph 6 of the complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market during September 2004.

7.    Denies each and every allegation contained in the first sentence of paragraph 7 of the Complaint except admits that Vioxx is the brand name for rofecoxib, which is a prescription medication that reduces pain and inflammation and Vioxx is part of a class of drugs known as NSAIDs.  The allegations contained in the second sentence of paragraph 7 are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market during September 2004.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Mr. Armstrong is a resident of Florida and was formerly employed by Merck as a professional representative.

9.      The allegations contained in paragraph 9 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint, except admits that Plaintiffs purport to refer to the VIGOR study, and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Mr. Armstrong denies all allegations inconsistent with those contents.

10.     The allegations contained in paragraph 10 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, except admits that Plaintiffs purport to refer to the VIGOR study, and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Mr. Armstrong denies all allegations inconsistent with those contents.

12.     The allegations contained in paragraph 12 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is

3

required, Mr. Armstrong denies each and every allegation contained in paragraph 12 of the Complaint.

13.     The allegations contained in paragraph 13 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market during September 2004.

14.     The allegations contained in paragraph 14 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 15 of the Complaint.

16.     The allegations contained in paragraph 16 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint except admits that Merck voluntarily withdrew Vioxx from the market during September 2004.

806434v.1

17.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint.

## RESPONSE TO "COUNT I STRICT LIABILITY"

19.     With respect to paragraph 19 of the Complaint, Mr. Armstrong hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 - 18 of this Answer with the same force and effect as though set forth here in full.

20.     The allegations contained in paragraph 20 of the Complaint, including subparts "a" - "e", are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 20 of the Complaint, including subparts "a" - "e".

21.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23.     The allegations in paragraph 23 of the Complaint are not directed at Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 23 of the Complaint.

24.     The allegations in paragraph 24 of the Complaint are not directed at Mr. Armstrong and therefore no response is required.  If a response is required, the

806434v.1

allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is required.  If a further response is required, Mr. Armstrong denies each and every allegation contained in paragraph 24 of the Complaint.

25.    The allegations in paragraph 25 of the Complaint are not directed at Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 25 of the Complaint.

26.    The allegations in paragraph 26 of the Complaint are not directed at Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 26 of the Complaint.

27.    Denies each and every allegation contained in paragraph 27 of the Complaint except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO DEMANDS SET FORTH IN
### AD DAMNUM CLAUSE FOR COUNT I

Plaintiffs' ad damnum clause for Count I of the Complaint is not an allegation and therefore requires no response.  If a response is required, Mr. Armstrong admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT II
### NEGLIGENCE - MERCK - CO., INC. AND JACK ARMSTRONG"

28.    With respect to paragraph 28 of the Complaint, Mr. Armstrong hereby repeats and realleges each and every admission, denial, averment and statement contained

806434v.1

in paragraphs 1 - 18 of this Answer with the same force and effect as though set forth here in full.

29.     The allegations in paragraph 29 of the Complaint are not directed at Mr. Armstrong and therefore no response is required. If a response is required, the allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is required. If a further response is required, Mr. Armstrong denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint directed toward Mr. Armstrong. Mr. Armstrong is not required to respond to the allegations directed toward Merck. If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, including subparts "a" - "c", directed toward Mr. Armstrong. Mr. Armstrong is not required to respond to the allegations directed toward Merck. If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 31 of the Complaint, including subparts "a" - "c".

32.     Denies each and every allegation contained in paragraph 32 of the Complaint except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO DEMANDS SET FORTH IN
### AD DAMNUM CLAUSE FOR COUNT II

Plaintiffs' ad damnum clause for Count II of the Complaint is not an allegation and therefore requires no response. If a response is required, Mr. Armstrong admits that

806434v.1

Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT III NEGLIGENT MISREPRESENTATION OF MERCK & CO., INC. AND JACK ARMSTRONG"

33.     With respect to paragraph 33 of the Complaint, Mr. Armstrong hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 - 18 of this Answer with the same force and effect as though set forth here in full.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint directed toward Mr. Armstrong.  Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint directed toward Mr. Armstrong.  Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint directed toward Mr. Armstrong.  Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint directed toward Mr. Armstrong.  Mr. Armstrong is not required to respond to

806434v.1

the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint directed toward Mr. Armstrong.  Merck is not required to respond to the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint directed toward Mr. Armstrong.  Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 39 of the Complaint.

40.     The allegations contained in paragraph 40 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 40 of the Complaint directed toward Mr. Armstrong.  Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a further response is required, Mr. Armstrong denies each and every allegation contained in paragraph 40 of the Complaint.

41.     The allegations contained in paragraph 41 of the Complaint are legal conclusions to which no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 41 of the Complaint directed toward Mr. Armstrong.  Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a further response is required, Mr. Armstrong denies each and every allegation contained in paragraph 41 of the Complaint.

806434v.1

42.     Denies each and every allegation contained in paragraph 42 of the Complaint directed toward Mr. Armstrong except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.  Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 42 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT III

Plaintiffs' ad damnum clause for Count III of the Complaint is not an allegation and therefore requires no response.  If a response is required, Mr. Armstrong admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT IV FRAUD
## BY MERCK & CO AND JACK ARMSTRONG"

43.     [1]

44.     With respect to paragraph 44 of the Complaint, Mr. Armstrong hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 - 18 of this Answer with the same force and effect as though set forth here in full.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint directed toward Mr. Armstrong.  Mr. Armstrong is not required to respond to

---

[1] Plaintiffs' complaint does not include a paragraph 43.

the allegations directed toward Merck. If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint directed toward Mr. Armstrong. Mr. Armstrong is not required to respond to the allegations directed toward Merck. If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint directed toward Mr. Armstrong. Mr. Armstrong is not required to respond to the allegations directed toward Merck. If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward Mr. Armstrong in paragraph 48 of the Complaint. Mr. Armstrong is not required to respond to the allegations directed toward Merck. If a response is required, Mr. Armstrong lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 of the Complaint.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint directed toward Mr. Armstrong. Mr. Armstrong is not required to respond to the allegations directed toward Merck. If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint, including subparts "a" - "c", directed toward Mr. Armstrong. Mr. Armstrong

806434v.1

is not required to respond to the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 50 of the Complaint, including subparts "a" - "c".

51.     The allegations contained in paragraph 51 are legal conclusions to which no response is required.  If a response if required, Mr. Armstrong denies each and every allegation contained in paragraph 51 of the Complaint directed toward Mr. Armstrong. Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a further response is required, Mr. Armstrong denies each and every allegation contained in paragraph 51 of the Complaint.

52.     The allegations contained in paragraph 52 are legal conclusions to which no response is required.  If a response if required, Mr. Armstrong denies each and every allegation contained in paragraph 52 of the Complaint directed toward Mr. Armstrong. Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a further response is required, Mr. Armstrong denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint directed toward Mr. Armstrong.  Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint directed toward Mr. Armstrong.  Mr. Armstrong is not required to respond to

12

806434v.1

the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 54 of the Complaint.

55.    Denies each and every allegation contained in paragraph 55 of the Complaint directed toward Mr. Armstrong except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.  Mr. Armstrong is not required to respond to the allegations directed toward Merck.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 55 of the Complaint except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

**RESPONSE TO DEMANDS SET FORTH IN**
**AD DAMNUM CLAUSE FOR COUNT IV**

Plaintiffs' ad damnum clause for Count IV of the Complaint is not an allegation and therefore requires no response.  If a response is required, Mr. Armstrong admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

**RESPONSE TO "COUNT V VIOLATION OF THE FLORIDA DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT BY MERCK & CO., INC."**

56.    With respect to paragraph 56 of the Complaint, Mr. Armstrong hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 - 18 of this Answer with the same force and effect as though set forth here in full.

57.    The allegations contained in paragraph 57 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is

required, Mr. Armstrong lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint except admits that Plaintiffs purport to bring this action pursuant to the Florida Deceptive and Unfair Trade Practices Act, but denies that there is any legal or factual basis for such an action.

58.     The allegations contained in paragraph 58 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 58 of the Complaint except admits that Plaintiffs refer to a letter from a regulatory review officer received by Merck and that the actual contents of the letter constitute the best evidence of its terms and Mr. Armstrong denies all allegations inconsistent with those contents.

59.     The allegations contained in paragraph 59 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, the allegations contained in paragraph 59 are legal conclusions to which no response is required.  If a response if required, Mr. Armstrong denies each and every allegation contained in paragraph 59 of the Complaint.

60.     The allegations contained in paragraph 60 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 60 of the Complaint except admits that Plaintiffs purport to seek certain relief pursuant to the

806434v.1

Florida Deceptive and Unfair Trade Practices Act, but denies that there is any legal or factual basis for the relief sought.

61.     The allegations contained in paragraph 61 of the Complaint are not directed toward Mr. Armstrong and therefore no response is required.  If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 61 of the Complaint except admits that Plaintiffs purport to seek certain relief pursuant to the Florida Deceptive and Unfair Trade Practices Act, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT V

Plaintiffs' ad damnum clause for Count V of the Complaint is not an allegation and therefore requires no response.  If a response is required, Mr. Armstrong admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT VI LOSS OF CONSORTIUM
## BY MERRY GEORGE AGAISNT ALL DEFENDANTS"

62.     With respect to paragraph 62 of the Complaint, Mr. Armstrong hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 - 18 of this Answer with the same force and effect as though set forth here in full.

63.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed toward Mr. Armstrong in paragraph 63 of the Complaint.  Mr. Armstrong is not required to respond to the allegations directed toward

806434v.1

Merck. If a response is required, Mr. Armstrong lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 of the Complaint.

64.      Denies each and every allegation contained in paragraph 64 of the Complaint directed toward Mr. Armstrong except admits that Plaintiff Merry George purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought. Mr. Armstrong is not required to respond to the allegations directed toward Merck. If a response is required, Mr. Armstrong denies each and every allegation contained in paragraph 64 of the Complaint except admits that Plaintiff Merry George purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT VI

Plaintiff's ad damnum clause for Count VI of the Complaint is not an allegation and therefore requires no response. If a response is required, Mr. Armstrong admits that Plaintiff Merry George purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "DEMAND FOR TRIAL BY JURY AND COSTS"

Plaintiffs' ad damnum clause that comprises section 7 of the Complaint is not an allegation, and therefore no response is required. If a response is required, Mr. Armstrong admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

16

806434v.1

## AS FOR A FIRST DEFENSE, MR. ARMSTRONG ALLEGES:

65.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND DEFENSE, MR. ARMSTRONG ALLEGES:

66.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MR. ARMSTRONG ALLEGES:

67.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH DEFENSE, MR. ARMSTRONG ALLEGES:

68.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH DEFENSE, MR. ARMSTRONG ALLEGES:

69.     To the extent that Plaintiffs assert claims based on this Defendant's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MR. ARMSTRONG ALLEGES:

70.     Plaintiffs' claims are barred, in whole or in part, by the First Amendment.

## AS FOR A SEVENTH DEFENSE, MR. ARMSTRONG ALLEGES:

71.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff Truett George knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption

806434v.1

of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR AN EIGHTH DEFENSE, MR. ARMSTRONG ALLEGES:

72.     Plaintiffs' claims are barred by the failure to prevent or mitigate the damages claimed.

### AS FOR A NINTH DEFENSE, MR. ARMSTRONG ALLEGES:

73.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of this Defendant and over whom this Defendant had no control and for whom this Defendant may not be held accountable.

### AS FOR A TENTH DEFENSE, MR. ARMSTRONG ALLEGES:

74.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff Truett George's misuse or abuse of Vioxx.

### AS FOR AN ELEVENTH DEFENSE, MR. ARMSTRONG ALLEGES:

75.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff Truett George's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

806434v.1

**AS FOR A TWELFTH DEFENSE, MR. ARMSTRONG ALLEGES:**

76.     To the extent that Plaintiff Truett George's reactions to the subject product were idiosyncratic reactions, this Defendant denies any liability.

**AS FOR A THIRTEENTH DEFENSE, MR. ARMSTRONG ALLEGES:**

77.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, this Defendant's liability, if any, should be reduced accordingly.

**AS FOR A FOURTEENTH DEFENSE, MR. ARMSTRONG ALLEGES:**

78.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**AS FOR A FIFTEENTH DEFENSE, MR. ARMSTRONG ALLEGES:**

79.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A SIXTEENTH DEFENSE, MR. ARMSTRONG ALLEGES:**

80.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck or this Defendant to warn Plaintiff Truett George directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck or this Defendant has discharged its duty to warn in its warnings to prescribing physicians.

**AS FOR A SEVENTEENTH DEFENSE, MR. ARMSTRONG ALLEGES:**

81.     The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

806434v.1

### AS FOR AN EIGHTEENTH DEFENSE, MR. ARMSTRONG ALLEGES:

82.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH DEFENSE, MR. ARMSTRONG ALLEGES:

83.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH DEFENSE, MR. ARMSTRONG ALLEGES:

84.     Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A TWENTY-FIRST DEFENSE, MR. ARMSTRONG ALLEGES:

85.     Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-SECOND DEFENSE, MR. ARMSTRONG ALLEGES:

86.     This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-THIRD DEFENSE, MR. ARMSTRONG ALLEGES:

87.     At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

### AS FOR A TWENTY-FOURTH DEFENSE, MR. ARMSTRONG ALLEGES:

88.     This case is subject to dismissal or stay on the grounds of forum non conveniens.

806434v.1

### AS FOR A TWENTY-FIFTH DEFENSE, MR. ARMSTRONG ALLEGES:

89.     Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A TWENTY-SIXTH DEFENSE, MR. ARMSTRONG ALLEGES:

90.     To the extent that Plaintiffs rely upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

### AS FOR A TWENTY-SEVENTH DEFENSE, MR. ARMSTRONG ALLEGES:

91.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-EIGHTH DEFENSE, MR. ARMSTRONG ALLEGES:

92.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTY-NINTH DEFENSE, MR. ARMSTRONG ALLEGES:

93.     This Defendant is not guilty of negligence and violated no duty owing to Plaintiffs.

### AS FOR A THIRTIETH DEFENSE, MR. ARMSTRONG ALLEGES:

94.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity or standing to bring such claims.

806434v.1

### AS FOR A THIRTY-FIRST DEFENSE, MR. ARMSTRONG ALLEGES:

95.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate this Defendant's state and federal constitutional rights.

### AS FOR A THIRTY-SECOND DEFENSE, MR. ARMSTRONG ALLEGES:

96.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of this Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, an award of punitive damages is barred.

### AS FOR A THIRTY-THIRD DEFENSE, MR. ARMSTRONG ALLEGES:

97.     To the extent that Plaintiffs seek punitive damages, such damages are barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A THIRTY-FOURTH DEFENSE, MR. ARMSTRONG ALLEGES:

98.     Merck has complied with requirements promulgated by and under federal law.  The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

### AS FOR A THIRTY-FIFTH DEFENSE, MR. ARMSTRONG ALLEGES:

99.     Defendant Armstrong is improperly joined.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Mr. Armstrong to determine all of his legal, contractual and equitable rights, he reserves the right to amend and/or supplement the averments of

22

his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Mr. Armstrong will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Mr. Armstrong respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Mr. Armstrong his reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Mr. Armstrong demands a trial by jury as to all issues so triable.

Dated: April 18, 2006.                     Respectfully submitted,


Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

806434v.1

Patricia E. Lowry
John B. T. Murray, Jr.
Dori K. Stibolt
SQUIRE, SANDERS & DEMPSEY L.L.P.
   INCLUDING:
   STEEL HECTOR & DAVIS LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:   561-655-1509

*Attorneys for Defendant Joseph Armstrong*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of

Defendant Joseph Armstrong has been served on Liaison Counsel, Russ Herman by U.S.

Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial

Order No. 8, on this 18th day of April, 2006.

806434v.1