UNITED STATES DISTRICT COURT

DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX,: | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This Document Relates To All Class Actions | MAG. JUDGE KNOWLES |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY TO MERCK'S RESPONSE
TO POST-HEARING SUBMISSION OF NEW AND PERTINENT AUTHORITY
ON CHOICE-OF-LAW ISSUE (_LOCAL #68_ DECISION)**

Merck contends that the New Jersey Appellate Division's unanimous decision affirming the trial court's selection of New Jersey substantive law to a nationwide class of third-party payors, and the certification of that nationwide class' claims under the New Jersey Consumer Fraud Act, "should have no bearing on this Court's resolution of Plaintiffs' pending motion for class certification of personal injury claims or Defendants' pending motions to dismiss the medical monitoring and purchaser complaints." Merck Response, p. 1.

Plaintiffs respectfully submit that the Local #68 decision is indeed pertinent to the choice-of-law and class certification issues now, or subsequently to be, under consideration by this Court. Merck's arguments are based upon the premise, which is in itself correct, that the choice-of-law analysis conducted by the trial and appellate courts in Local #68 was done under New Jersey's choice of law doctrine. This Court, which does not sit in New Jersey, is not bound

1

to apply that specific doctrine;[1] however, the substance of New Jersey's doctrine is the same analysis that the United States Supreme Court has on repeated occasions found to constitute a constitutionally permissible contacts/interests-based choice of law analysis. See, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 717, 818 (1985) (cited in Local #68 in support of its choice of law analysis); Franchise Tax Board of California v. Hyatt, 438 U.S. 488, 494-495 (2003). The point is that this Court has the United States Supreme Court's express authorization, per Shutts and Hyatt, inter alia, to conduct precisely the type of constitutionally permissible contacts and interests-based choice of law analysis that the New Jersey courts conducted in Local #68, resulting in this election of New Jersey substantive law (at least under New Jersey's Consumer Fraud Act, which supports the purchase and medical monitoring claims herein). This would create a unitary body of substantive law to apply to entirely common legal questions, that in turn facilitate the ultimate class treatment of common fact questions in this Vioxx litigation. It cannot seriously be contested that the fact issues that unite Plaintiffs' claims herein, with respect to key questions regarding Merck's product, knowledge, conduct, and duty, did not vary from state to state.

Plaintiffs simply brought Local #68 to this Court's attention. Merck filed a 7 page brief attempting to distinguish it. However, none of the cases Merck cites dealt with Merck's conduct in developing and marketing Vioxx, and thus none addressed or analyzed the balance of contacts and interests at issue here. Of similar note, none of the cases Merck cites is a post-CAFA federal decision: in CAFA Congress expressly articulated the interests of

---

[1] No motions for medical monitoring or purchase claims class certification are pending. If such motions were made in New Jersey-filed actions transferred to this court, a possibility the purchase claims plaintiffs have noted in their briefing, this Court would follow the New Jersey choice of law rule.

consumers, and the public, in facilitating compensation for legitimate claims, encouraging innovation, and lowering consumer prices. Pre-CAFA choice of law decisions may thus be obsolete or incomplete. All of these interests relate both to Merck's conduct in New Jersey and to the application of unitary law in this federal case of nationwide import.

This Court should, in these appropriate circumstances, and at the appropriate time, when class certification briefing is complete, apply unitary law to facilitate the determination of the straight forward economic damages claims of Vioxx purchasers, and the inherently unitary, programatic remedies sought by the medical monitoring class. The Local #68 decisions serve to signal that this path is open as a matter of law.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date:   April 18, 2006            By: _____
　　　　　　　　　　　　　　　　　　　Russ M. Herman (Bar No. 6819)
　　　　　　　　　　　　　　　　　　　Leonard A. Davis (Bar No. 14190)
　　　　　　　　　　　　　　　　　　　Stephen J. Herman (Bar No. 23129)
　　　　　　　　　　　　　　　　　　　*Herman, Herman, Katz & Cotlar, L.L.P.*
　　　　　　　　　　　　　　　　　　　Place St. Charles
　　　　　　　　　　　　　　　　　　　201 St. Charles Avenue, Suite 4310
　　　　　　　　　　　　　　　　　　　New Orleans, Louisiana 70170
　　　　　　　　　　　　　　　　　　　Telephone: (504) 581-4892
　　　　　　　　　　　　　　　　　　　Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

3

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File and Serve Advanced, in accordance with Pre-Trial Order No. 8, on this the 18th day of April, 2006.

*[signature]*