FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 19  PM 4: 17

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL NO. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| *This Document Relates To All Cases* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY APPLICABILITY OF TOLLING AGREEMENT TO FOREIGN CLAIMANTS

There is no language contained within the Tolling Agreement that generally or specifically excludes Foreign Claimants. Plaintiffs, moreover, do not argue that the Tolling Agreement contains ambiguous language. In fact, not one person would dispute the fact that the Tolling Agreement was drafted by highly skilled, experienced attorneys in the context of a very detailed and complex litigation, where, as here, the omission of specific language identifying a crucial category of individuals would inevitably cause understandable confusion as to the applicability of such an important agreement between counsel. Since the plain language of the Tolling Agreement does not specifically exclude Foreign Claimants, Defendants have found it necessary to resort to the only possible remaining argument, that the language of the agreement is ambiguous. Defendants' only recourse is suggestion to counsel and the Court to interpret the language of the agreement using such dubious measures as ". . . inferences from Merck's long-standing positions regarding the appropriate

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep._____
___ Doc. No._____

forum for foreign claims" (Defendant's Opposition to Plaintiffs' Motion to Clarify Applicability of Tolling Agreement to Foreign Claimants at p. 4), rather than reliance on the plain language of the agreement itself.

Courts disfavor resorting to interpretation of contracts, especially when written by experienced parties on both sides. *See generally In re Tops Appliance City, Inc.,* 372 F.3d 510, 54 U.C.C. Rep. Serv. 2d 68 (3rd Cir. 2004). In such instances, a court should start with the words themselves and begin with the plain meaning of the document. *Id.* at 514. Additionally, "where an integrated agreement has been negotiated with care and in detail and has been expertly drafted for the particular transaction, an interpretation is very strongly negated if it would render some provisions superfluous." Restatement of the Law–Contracts, Section 203, Standards of Preference in Interpretation. Courts seeking to resolve contract disputes give the terms of contracts their plain meaning and should not look behind and beyond the terms and provisions of a clear and unambiguous contract. *TheraTx. Inc. v. Duncan,* 234 F.3d 1240 (11th Cir. 2000), certified question answered, 775 A.2d 1019 (Del. 2001). It has long been established that "the words used, even in their literal sense, are the primary, and ordinarily most reliable, source of interpreting the measure of any writing: be it a statute, a contract, or anything else". *Watt v. Alaska,* 451 U.S. 259, 266 n.9, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981), quoting *Cabell v. Markham,* 148 F.2d 737, 739 (2d Cir.) (L.Hand, J.), aff'd, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945). If a contract's terms are clear and unambiguous, the


KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

-2-

contract's meaning and legal effect are questions of law, and the meaning of the contract and intent of the parties must be determined from the plain meaning of the contract's own words. *Taylor v. Just.,* 138 Idaho 137, 59 P.3d 308 (2002).

Separately, defendants argue that the purpose of the Tolling Agreement - to establish tolling as an *alternative* to filing claims in another court - would be undermined if it were to be interpreted to apply to foreign claimants. (Defendant's Opposition to Plaintiffs' Motion to Clarify Applicability of Tolling Agreement to Foreign Claimants at p. 5). However, this argument is not persuasive, as foreign claimants would be required to file directly in U.S. federal court in order to enjoy the benefits of the Tolling Agreement, which clearly provides:

> If any claimant files any lawsuit concerning a tolled claim or claims, the Claimant shall file such lawsuit only in (I) a federal court with proper personal and subject matter jurisdiction and will consent to the transfer of the lawsuit to this MDL proceedings or (ii) directly in the federal district court in the Eastern District of Louisiana pursuant to Pretrial Order No. 11 entered in this MDL proceeding. If a Claimant files a lawsuit in state court, or resists transfer to this MDL proceeding of a case filed in federal court, no tolling under this Agreement shall apply . . . (Tolling Agreement at p. 2).

The language of the Tolling Agreement is clear: for any claimant to enjoy the benefit of having his or her statute of limitations tolled, he or she must strictly abide by the above provision. Because Plaintiffs' Counsel's foreign claimants would be subject to the above language, Plaintiffs contend that the purpose of the Agreement would not be undermined, but rather furthered by its application to foreign claimants, who



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

would not be treated any differently from, or granted additional benefits over, any other claimant allowed on to the Tolling Agreement.

Defendants also argue that Plaintiffs' interpretation of the Tolling Agreement is inappropriate in that there is no need for any additional period of tolling in light of the extension that was granted to a portion of counsel's foreign claimants through February 5, 2006 (Defendant's Opposition to Plaintiffs' Motion to Clarify Applicability of Tolling Agreement to Foreign Claimants at p. 4). Defendants state that "the agreement allows Merck to terminate tolling agreements on 120 days' notice . . . Mr. Moll seeks to force Merck into a position it never intended even though Merck can, in any event, terminate the agreement with notice to plaintiffs." (Defendant's Opposition to Plaintiffs' Motion to Clarify Applicability of Tolling Agreement to Foreign Claimants at p. 8, footnote 1). To resolve the issue without undue burden on the parties, counsel suggests that the Court allow all foreign claims to be tolled pending the outcome of Merck's Motion to Dismiss all Foreign Class Action Complaints on Forum Non Conveniens Grounds ("Motion to Dismiss"). In the event Defendant's Motion to Dismiss is denied, counsel suggests that Merck either (a) allow the tolling agreement to apply to foreign claimants; or (b) terminate the agreement with respect to Plaintiffs' Counsel's foreign claimants, but allow these individuals to file complaints within 120 days. Should the Court grant Defendant's Motion to Dismiss, counsel would then be amenable to having its foreign claimants guide themselves appropriately.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## CONCLUSION

Defendants made it a point of specifically excluding New Jersey residents from the Tolling Agreement entered into by counsel on June 1, 2005. Defendants did not, however, specifically or generally exclude Foreign Claimants from the same agreement. It is only after the fact that Defendants now resort to the only possible recourse of undoing the consequences of their critical mistake, and that is to allege ambiguity of the language of the Tolling Agreement when established case law firmly dictates that the plain meaning of a contract's words be followed whenever possible. For the reasons set forth above, this Court should clarify that the Tolling Agreement does apply to claims brought forth on behalf of non-U.S. residents. The Court should also consider allowing all current foreign claims to be tolled pending the ultimate outcome of the *forum non conveniens* issue upon review of counsel's opposition to Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED,

By: _____
            Kenneth B. Moll
        Pamela G. Sotoodeh
            Becky J. Lee
    KENNETH B. MOLL & ASSOCIATES, LTD.
        Three First National Plaza
            50th Floor
        Chicago, Illinois 60602
        Tel: 312.558.6444
        Fax: 312.558.1112
        www.kbmoll.com

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com