

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 19 PM 3: 40

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * MDL No. 1657 <br> * <br> * SECTION L <br> * <br> * JUDGE ELDON E. FALLON <br> * <br> * MAGISTRATE JUDGE <br> * DANIEL E. KNOWLES, III <br> * <br> * <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Joan Nowak Janosky, individually and on behalf of the Estate of August Lee Nowak; James S. Nowak, Doyce Larson; and B.A. Haynie v. Merck & Co., Inc., Case No. 06-0460.*

<u>ANSWER OF DEFENDANT MERCK & CO., INC</u>

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Complaint ("Complaint") as follows:

<u>I. RESPONSE TO "PARTIES"</u>

1.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 1., including subparts a.-c., of the Complaint.

2.    Merck denies each and every allegation contained in paragraph 2. of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

800869v.1

Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck may be served with process by serving its registered agent, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas, 75201. Merck further admits that it did manufacture, market, and distribute the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## II. RESPONSE TO "JURISDICTION AND VENUE"

3.      The allegations contained in paragraph 3. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3, except admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for said relief.

4.      The allegations contained in paragraph 4. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4, except admits that Merck is authorized to do business in Texas.

5.      The allegations contained in paragraph 5. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5.

## III. RESPONSE TO "FACTS"

6.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 6. of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 6. of the

Complaint, except admits that Plaintiffs purport to state claims for damages, but denies that there is any legal or factual basis for said relief.

7.     Merck denies each and every allegation contained in paragraph 7. of the Complaint.

8.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 8. of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 8. of the Complaint.

9.     Merck denies each and every allegation contained in paragraph 9. of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

10.     Merck denies each and every allegation contained in paragraph 10. of the Complaint, except Merck admits that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

11.     Merck denies each and every allegation contained in paragraph 11. of the Complaint, except admits that on November 23, 1998, Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDAs for their actual language and full text.

806569v.1

12.     Merck denies each and every allegation contained in paragraph 12. of the Complaint, except admits that on November 23, 1998, Merck submitted an NDA for Vioxx 12.5 mg and 25 mg oral suspension and respectfully refers the Court to said NDAs for their actual language and full text.

13.     Merck denies each and every allegation contained in paragraph 13. of the Complaint, except admits that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medication Vioxx and, until the voluntary withdrawal of Vioxx from the worldwide market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

14.     Merck denies each and every allegation contained in paragraph 14. of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

15.     Merck denies each and every allegation contained in paragraph 15. of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16.     Merck denies each and every allegation contained in paragraph 16. of the Complaint, except Merck admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study and subsequently in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and text.

4

17.    Merck denies each and every allegation contained in paragraph 17. of the Complaint, except admits that the VIGOR study exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

18.    Merck denies each and every allegation contained in paragraph 18. of the Complaint, except admits that the studies referenced in the first two sentences of paragraph 18. and the article referenced in the third sentence of paragraph 18. exist, and respectfully refers the Court to said publications for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

19.    Merck denies each and every allegation contained in paragraph 19. of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that 2000 worldwide Vioxx sales exceeded $2 billion.

20.    Merck denies each and every allegation contained in paragraph 20. of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

21.    Merck denies each and every allegation contained in paragraph 21. of the Complaint, except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

22.    Merck denies each and every allegation contained in paragraph 22. of the Complaint, except admits that the referenced studies exist, and respectfully refers the Court to said studies for their actual language and full text.

806569v.1

23.     Merck denies each and every allegation contained in paragraph 23. of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

24.     Merck denies each and every allegation contained in paragraph 24. of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25. of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 26. of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27. of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28. of the Complaint, except admits that in April 2002 the FDA approved certain changes to the so-called

"Dear Doctor" letter and respectfully refers the Court to the "Dear Doctor" letter for Vioxx for its actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29. of the Complaint.

30.     Merck denies each and every allegation contained in paragraph 30. of the Complaint, except admits that Plaintiffs purport to quote from Merck's 2001 Annual Report, and respectfully refers the Court to the referenced document for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31. of the Complaint, except admits that Plaintiffs purport to quote from Merck's 2001 8-K filing, and respectfully refers the Court to the referenced document for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32. of the Complaint.

33.     Merck denies each and every allegation set forth in paragraph 33 of the Complaint, including each and every allegation set forth in subparagraphs a. through c., except admits that the referenced card, bulletins, memorandum, study, meeting and publications exist and respectfully refers the Court to the referenced memorandum, study, meeting and publications for their actual language and full text.

## IV. RESPONSE TO "COUNT I NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS"

34.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

35.     The allegations contained in paragraph 35. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in paragraph 35. and respectfully refers the Court to the relevant legal standard, including any conflicts of law rules.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx..

36.     Merck denies each and every allegation contained in paragraph 36. of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 37. of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 38. of the Complaint, including subparts a-g, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

39.     Merck denies each and every allegation contained in paragraph 39. of the Complaint, except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

40.     Merck denies each and every allegation contained in paragraph 40. of the Complaint.

41.     The allegations contained in paragraph 41. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 41.

42.     Merck denies each and every allegation contained in paragraph 42. of the Complaint.

806569v.1

## V.  RESPONSE TO "COUNT II STRICT PRODUCT LIABILITY (DEFECTIVE DESIGN)"

43.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

44.     The allegations contained in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 44., except Merck admits that it manufactured, marketed, and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx is Merck's trade name for rofecoxib.

45.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 45. of the Complaint, and denies each and every allegation directed toward Merck in paragraph 45. of the Complaint, including subparts a.-i, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

46.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46. of the Complaint.

47.     Merck denies each and every allegation contained in paragraph 47.

48.     Merck denies each and every allegation contained in paragraph 48.

49.     Merck denies each and every allegation contained in paragraph 49.

806569v.1

## VI.  RESPONSE TO "COUNT III STRICT PRODUCT LIABILITY (FAILURE TO WARN)"

50.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

51.     Merck denies each and every allegation contained in paragraph 51. of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

52.     Merck denies each and every allegation contained in paragraph 52. of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

53.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53. of the Complaint.

54.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 54. of the Complaint, and denies each and every allegation directed toward Merck contained in paragraph 54. of the Complaint.

55.     The allegations contained in paragraph 55. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 55.

56.     Merck denies each and every allegation contained in paragraph 56. of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

806569v.1

57.     The allegations contained in paragraph 57. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 57. and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

58.     Merck denies each and every allegation contained in paragraph 58.

## VII.  RESPONSE TO "COUNT IV FRAUD AND MISREPRESENTATION"

59.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

60.     The allegations contained in paragraph 60. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 60. and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

61.     Merck denies each and every allegation contained in paragraph 61. of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 62. of the Complaint.

63.     Merck denies each and every allegation contained in paragraph 63. of the Complaint.

64.     Merck denies each and every allegation contained in paragraph 64. of the Complaint.

65.     Merck denies each and every allegation contained in paragraph 65. of the Complaint.

66.     The allegations contained in paragraph 66. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 66.

67.     The allegations contained in paragraph 67. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 67 and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

68.     Merck denies each and every allegation contained in paragraph 68. of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

69.     Merck denies each and every allegation contained in paragraph 69. of the Complaint.

70.     Merck denies each and every allegation contained in paragraph 70. of the Complaint.

## VIII.  RESPONSE TO "COUNT V BREACH OF EXPRESS/IMPLIED WARRANTY"

71.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

72.     The allegations contained in paragraph 72. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 72 and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

73.     Merck denies each and every allegation contained in paragraph 73. of the Complaint.

12

74.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74. of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75. of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 76. of the Complaint.

77.     Merck denies each and every allegation contained in the unnumbered paragraph following paragraph 76. of the Complaint, except admits that Plaintiffs purport to state a claim for compensatory and punitive damages, pre and post judgement interest and court costs, but denies that there is any legal or factual basis for said relief.

### "DEMAND FOR JURY TRIAL"

78.     The statements contained in the "Demand for Jury Trial" are not legal allegations, and therefore no responsive pleading is required.

### IX. AFFIRMATIVE DEFENSES

79.     The Complaint fails to state a claim upon which relief can be granted.

80.     Merck would show that any product for which it was responsible at the time of the occurrences or injuries alleged by Plaintiffs was not defective and unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use.  Merck would further show that the warnings and instructions accompanying the product at issue in this case were legally adequate warnings and instructions.

81.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "direction or warnings" as to the use of any of its products within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

806569v.1

82.     Merck asserts the applicability of comment k of the Restatement (Second) of Torts § 402A, which bars Plaintiffs' claims in this lawsuit.

83.     Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

84.     Plaintiffs' claims may be barred by Plaintiffs' contributory negligence and/or the contributory negligence of others, and/or by the assumption of risks, if any, inherent in the alleged use of the product at issue by Plaintiffs and/or the treating physicians and/or other health care providers.

85.     If Plaintiffs sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

86.     Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

87.     The occurrences and injuries Plaintiffs allege resulted from an intervening cause or a new and independent cause, which was the proximate and/or producing cause and/or the sole

806569v.1

proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs. Moreover, the occurrences and injuries were caused by separate and independent events not reasonably foreseeable. Such separate and independent events destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

88.     If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

89.     Merck further states that Plaintiffs' injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiffs unrelated to any products manufactured by Merck.

90.     The Federal Food & Drug Administration ("FDA") has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs. The drug at issue in this case (the "product" or "product at issue") was approved by the FDA pursuant to such applicable statutes and regulations and, pursuant to such, could only be used pursuant to the prescription of a licensed prescriber. The labeling for the product at issue was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations. Such actions and federal statutes and regulations bar and preempt all of Plaintiffs' claims under state law.

91.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

92.     Plaintiffs cannot recover because the product at issue was made in accordance with the state of the art at the time it was manufactured.

93.     Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

94.     Merck asserts that Plaintiffs' claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

95.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations.

96.     Plaintiffs' claims are barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

97.     Plaintiffs' claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America.

98.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

99.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity, and/or because the alleged warranties were disclaimed.

100.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required under both state and federal rules.

16

806569v.1

101.    Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008.  Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

102.    Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

103.    Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

104.    Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

105.    Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

806569v.1

106.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:  (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

107.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

108.    Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

109.    Plaintiffs are not entitled to recover exemplary or punitive damages because, to the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or

806569v.1

omission was malicious, fraudulent, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

110.    Plaintiffs are not entitled to punitive or exemplary damages because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

111.    Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

112.    Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

113.    Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiff's treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiff.  Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

114.    Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

115.    The imposition of punitive damages violates the open courts provision of the Texas Constitution.

116.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case and hereby reserves the

right to amend and/or supplement this answer to assert any such defense at a future time and in conformity with the Texas Rules of Civil Procedure.

117.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend and/or supplement this answer to assert any such defense at a future time and in conformity with the Federal Rules of Civil Procedure.

## X.  JURY DEMAND

118.    Merck hereby demands a trial by jury on all of Plaintiffs' claims.

Respectfully submitted,

_Dorothy H. Wimberly_

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Gerry Lowry
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

*Attorneys for Defendant Merck & Co., Inc.*

806569v.1

*Of Counsel:*
John Sullivan
Julie Hardin
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  713/651-5151
Telecopier:  713/651-5246

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and

e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve

Advanced in accordance with PreTrial Order No. 8, on this 19th day of April, 2006.

806569v.1