*U.S. FILED*
*EASTERN DISTRICT COURT*
*DISTRICT OF LA*
*2006 APR 19  PH 3: 39*
*LORETTA G. WHYTE*
*CLERK*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L/3 |
| This document relates to *Sidney Backoff, as PersonalRepresentative of the Estate of Thelma Backoff, etc. v.  Merck & Co., Inc.* (E.D. La. Index No. 06-1692) | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), though undersigned counsel, answers

the Complaint for Wrongful Death ("Complaint") herein as follows:

### RESPONSE TO "COUNT I GENERAL ALLEGATIONS"

1.      Denies each and every allegation contained in the first phrase of paragraph

1 of the Complaint except admits that Plaintiff purports to bring a wrongful death action

pursuant to Fla. Stat. § 758.18, but denies that there is any legal or factual basis for the

relief sought.  The allegations contained in the second phrase of paragraph 1, "[a]nd

pursuant to Florida Statute 768.18 being brought by the decedent's surviving spouse,

Sidney Backoff, on behalf of the survivors which, pursuant to Florida Statute 768.18(1)

consist of the surviving spouse of the deceased, said SIDNEY BACKOFF," are legal

conclusions to which no response is required.  If a response is required, Merck lacks

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No _____

806623v.1

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Sidney Backoff is the surviving spouse of the decedent Thelma Backoff.

2.      The allegations contained in paragraph 2 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 2 except admits that there is diversity of citizenship.

3.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

5.      Denies each and every allegation contained in a paragraph 5 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx(r) ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "COUNT II FACTS"

6.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph 6 of the Complaint, but denies any implication that the decedent Thelma Backoff's stroke or death resulted from her alleged ingestion of the prescription medicine Vioxx.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

806623v.1

8.      Denies each and every allegation contained in paragraph 8 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of the action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Merck further admits that Vioxx is its trade name for rofecoxib.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of the action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

10.     Denies each and every allegation contained in paragraph 10 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its indicated uses.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint except admits that Plaintiff purports to quote selected portions of the referenced label and respectfully refers the Court to said prescribing information for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint except admits that Plaintiff purports to quote selected portions of the referenced label and respectfully refers the Court to said prescribing information for its actual language and full text.

15.     Denies each and every allegation contained in the first sentence of paragraph 15 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text. Denies each and every allegation contained in the second sentence of paragraph 15 except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Denies each and every allegation contained in the third sentence of paragraph 15.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint except admits that Plaintiff purports to quote the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint except admits that the referenced studies and publication exist and respectfully refers the Court to said studies and publication for their actual language and full text.

806623v.1

Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

18.    Denies each and every allegation contained in paragraph 18 of the Complaint.

19.    Denies each and every allegation contained in paragraph 19 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

21.    Denies each and every allegation contained in paragraph 21 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

22.    Denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of the FDA's Division of Drug Marketing, Advertising, and Communications ("DDMAC") in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

23.    Denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck received a letter in from Thomas W. Abrams of the FDA's DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

806623v.1

24.     Denies each and every allegation contained in paragraph 24 of the Complaint except admits that Plaintiff purports to quote selected portions of the referenced letter but avers that said quotations are taken out of context and respectfully refers the Court to said letter for its actual language and full text.

25.     Denies each and every allegation contained in the first sentence of paragraph 25 of the Complaint except admits that the FDA approved a supplemental application for Vioxx on April 11, 2002 and respectfully refers the Court to the referenced FDA application for the indicated uses.  Denies each and every allegation contained in the second sentence of paragraph 25 except admits the FDA approved new labeling, a so-called "Dear Doctor" letter and a new patient package insert and respectfully refers the Court to the referenced labeling, "Dear Doctor" letter and package insert for their actual language and full text.  Denies each and every allegation contained in the third sentence of paragraph 25 except admits that the referenced labeling and package insert contained information concerning the VIGOR study and respectfully refers the Court to the referenced labeling and package insert for their actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that Plaintiff purports to quote the referenced label and respectfully refers the Court to the referenced label for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to that letter for its actual language and full text.

806623v.1

28.     Denies each and every allegation contained in paragraph 28 of the Complaint except admits that Plaintiff purports to attach the revised Patient Information Sheet as Exhibit C and respectfully refers the Court to the referenced document for its actual language and full text.

29.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint except admits that Plaintiff purports to quote selected portions of Merck's 2001 Annual Report and respectfully refers the Court to said report for its actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint except admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

**RESPONSE TO "COUNT III
PRODUCTS LIABILITY - DEFECTIVE DESIGN"**

34.     With respect to paragraph 34 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

806623v.1

35.     Denies each and every allegation contained in paragraph 35 of the Complaint except admits that Merck sought and, in 1999, received approval of the FDA to and did manufacture, market and distribute the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

38.     Denies each and every allegation contained in the first and second sentences of paragraph 38 of the Complaint.  Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in the third sentence of paragraph 38.  Denies each and every allegation contained in the fourth sentence of paragraph 38 and avers that Merck has not violated any applicable law in the manufacture, marketing and distribution of Vioxx.

39.     The allegations contained in paragraph 39 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in said paragraph.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH
## IN AD DAMNUM CLAUSE FOR COUNT III

Plaintiff's ad damnum clause for Count III of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT IV
## PRODUCTS LIABILITY - FAILURE TO WARN"

42.     With respect to paragraph 42 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

43.     The allegations contained in paragraph 43 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 43 except admits that Merck sought and, in 1999, received the approval of the FDA to and manufacture, market and distribute the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck avers that it has not violated any applicable law in the manufacture, marketing or distribution of Vioxx.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

806623v.1

47.     Denies each and every allegation contained in paragraph 47 of the Complaint except admits that Merck sought and, in 1999, received the approval of the FDA to and did manufacture, market and distribute the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck avers that it has not violated any applicable law in the manufacture, marketing or distribution of Vioxx.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

### RESPONSE TO DEMANDS SET FORTH
### IN AD DAMNUM CLAUSE FOR COUNT IV

Plaintiff's ad damnum clause for Count IV of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT V
### BREACH OF EXPRESS WARRANTY"

49.     With respect to paragraph 49 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     The allegations contained in paragraph 51 of the Complaint, including subparts a - c, are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 51, including

10

subparts a - c, and avers that it has not violated any applicable law in the manufacture, marketing or distribution of the prescription medicine Vioxx.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     The allegations contained in the first sentence of paragraph 54 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in the first sentence of paragraph 54.  Denies each and every allegation contained in the second sentence of paragraph 54.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint..

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH
## IN AD DAMNUM CLAUSE FOR COUNT V

Plaintiff's ad damnum clause for Count V of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

806623v.1

## "RESPONSE TO COUNT VI DAMAGES"

58.     With respect to paragraph 58 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

59.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH
## IN AD DAMNUM CLAUSE FOR COUNT VI

Plaintiff's ad damnum clause for Count VI of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT VII DAMAGES PURSUANT TO
## FLORIDA STATUTE 768.21"

61.     With respect to paragraph 61 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

806623v.1

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH
## IN AD DAMNUM CLAUSE FOR COUNT VII

Plaintiff's ad damnum clause for Count VII of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

66.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

67.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

68.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

69.     If Plaintiff's decedent Thelma Backoff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

806623v.1

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

70.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

71.    Plaintiff's claims are barred, in whole or in part, by the First Amendment.

### AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

72.    If Plaintiff's decedent Thelma Backoff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after she knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

73.    Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

74.    If Plaintiff's decedent Thelma Backoff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

14

806623v.1

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

75.     If Plaintiff's decedent Thelma Backoff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's decedent Thelma Backoff's misuse or abuse of Vioxx.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

76.     If Plaintiff's decedent Thelma Backoff sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's decedent Thelma Backoff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

77.     To the extent that Plaintiff's decedent Thelma Backoff's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

78.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

79.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

806623v.1

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

80.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

81.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff's decedent Thelma Backoff of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

82.     The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

83.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

84.     Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

85.     Plaintiff's claims are barred under Section 4, *et seq.* of the Restatement (Third) of Torts:  Products Liability.

806623v.1

## AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

86.     Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

87.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

88.     At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

## AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

89.     This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

## AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

90.     Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

91.     To the extent that Plaintiff relies upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

## AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

92.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

806623v.1

## AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

93.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

94.     Defendant is not guilty of negligence and violated no duty owing to Plaintiff's decedent Thelma Backoff.

## AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

95.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity or standing to bring such claims.

## AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

96.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

97.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and therefore, an award of punitive damages is barred.

## AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

98.     To the extent that Plaintiff seeks punitive damages, such damages are barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

806623v.1

## AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

99.     Merck has complied with requirements promulgated by and under federal law.  The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demand judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

806623v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Patricia E. Lowry
John B. T. Murray, Jr.
Catherine Whitfield
Squire Sanders & Dempsey L.L.P.
        *Including*
        Steel Hector & Davis LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

Attorneys for Defendant Merck & Co., Inc.

806623v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer and Jury Demand of

Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman, by U.S.

Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial

Order No. 8, on this 19th day of April, 2006.

*Dorothy H. Wimberly*

806623v.1