UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX             :
                         :    MDL Docket NO. 1657
PRODUCTS LIABILITY LITIGATION :
                         :    SECTION L
                         :
This document relates to All Actions : JUDGE FALLON
                         :    MAG. JUDGE KNOWLES
                         :

## THE PLAINTIFFS' STEERING COMMITTEE'S
## GENERIC MOTION *IN LIMINE*

NOW COMES The Plaintiffs' Steering Committee who moves this Court for a Generic Motion *In Limine* to address trial issues in cases to be tried before this Honorable Court. For reasons set forth in the Memorandum in Support which is incorporated herein, *in extenso,* and filed contemporaneously, as well as the following items, the PSC requests that the Court set a hearing date and/or status conference to address these issues.

The PSC's Motion *In Limine* includes the following:

A.  Changes is Voir Dire:

    1.  The time allowed for lawyer Voir Dire extension from 1 hour to 3 hours, per side;

    2.  The parties should not be limited to using all of their Voir Dire time at once; instead, plaintiffs should be allowed to reserve some of their time to ask follow-up questions after the defense examination, and defense should, likewise, be allowed to ask follow-up questions after the plaintiffs' examination;

    3.  Post-Katrina issues – the Court and counsel need to spend time agreeing on specific statements made by the Judge to the jury regarding the importance of the trial and jury duty under these extreme conditions.

B.  Changes in Opening Statement:

    1.  The Time allowed for Opening Statement extension from 1 to 2-1/2 hours, per side;

___ Fee_____
___ Process_____
X  Dktd_____
✓  CtRmDep_____
___ Doc. No_____

2. In addition, the following should be permitted in Opening Statement:

   a. The use of excerpts and quotes from admissible Merck documents. In terms of optional completeness, defense may also put in their excerpts and quotes;
   b. Admissible deposition cuts and already agreed-upon corporate deposition cuts from Irvin II;
   c. The use of non-argumentative demonstrative and graphics, such as the visualization/animation of arterial blood flow as used in the Cona / McDarby Opening Statement, as well as images of plaque build-up, increased blood flow, plaque rupture, built-up stenosis, arterial narrowing and ischemia;
   d. The use of timelines and sub-timelines of evidence plaintiffs believe will be proof in the case;
   e. Organization charts for Merck tying Merck key employees to the core documents electronically so the viewer can see what actions various executives were responsible for taking;
   f. Animation showing the chemical make-up of Vioxx and its ingredients;
   g. Charts showing Merck Vioxx studies with projected possible use for Vioxx: OA, RA, cancer, Alzheimer's, etc.;
   h. Charts showing various NSAID's;
   i. The use of photographs of Merck principal characters in the hot documents; and
   j. The use of admissible medical records.

C. Easily Understood Presentation of Merck Core Documents:

In a truncated compressed plaintiff case, plaintiffs request some expedited forum or juror-friendly method to communicate the important content of the Merck corporate documents including the hundred or so core documents:

1. Merck should provide David Anstice to testify, as he did live in the Cona / McDarby trial, concerning the marketing and safety messaging documents and a corporate representative re Vioxx scientific documents;

2. If Merck contends that it will not produce a corporate representative, that Anstice is unavailable, then under the former testimony rule, the courtroom video testimony of David Anstice in the Cona / McDarby trial should be played for the juries in the Barnett and other trials. Merck was represented by three lawyers during said testimony, Judge Higbee ruled on the admissibility, and Judge Fallon can make additional rulings regarding testimony he feels is inadmissible in his courtroom;

3. It has been suggested that 4 hours be allotted to read excerpts from the core Merck documents. Both sides would read apropos excerpts from the documents by science topics and then marketing and messaging topics to the jury during this 4 hour period.

D.  Conscious Disregard/Reckless Disregard/Concealment and/or Deceit:

In trials where punitive damages are permissible in the state of the prescription of Vioxx and/or CV event (for example, South Carolina in the Barnett case), the Court should allow evidence evincing the conscious disregard for safety, motive, concealment of safety issues or profits over safety, etc. The second phase of the trial, if necessary, would then add additional evidence re the company and net worth, etc.

E.  Embedding documents in the Merck employee video depositions, and blowing up only those excerpts from said documents that are referred to in the deposition question and/or answer. If the excerpts are timely removed, the practice of embedding documents should not be precluded, and both sides should have access and view well in advance.

F.  The defense should not be permitted to approach the bench while plaintiffs' deposition cuts are playing, as it disrupts the flow of trial.

G.  Early Briefing Schedule re Law of the Trial Case:

For example, a briefing schedule and meetings with the Court to discuss the legal issues in the case including, but not limited to, admissibility of conscious disregard/concealment evidence in phase I; the jury instruction regarding concurring causes and substantial contributing factor for the upcoming trials (Louisiana Law for Dias and South Carolina law for Barnett, etc.); the jury instruction re feasible alternative design if applicable in Barnett or other trials; a streamlined procedure for early Daubertization of expert witnesses; a hearing on Merck producing a marketing and science corporate representative at the trials.

H.  Determination by the Court of outstanding privilege issues claimed by Merck and third parties (such as FDA, Ogilvey, etc) well in advance of all scheduled trials so that they can be reviewed and selected by plaintiff's counsel and subject to depositions, requests for admissions and admissibility hearings.

I.  All information requested in Herman's letters to Wittmann of February 16, 2006, and copied to the Court on February 16, 2006, (both attached), for the selected trials in the MDL, to be produced and supplemented no later than April 21, 2006.

J.  Revised Jury Questionnaires for each case calling for more narrative written responses by prospective jurors.

K.  Closing arguments requested two hours per side.

L.  Use of admissions in examination of witnesses.

M.  Hearing on attributable risk.

N.  In addition to hearing on Daubert and COE 402 issues well in advance of trial; hearings on the pre-admission of documents. Any pre-admitted documents may be used in Opening and enlarged upon advance notice of 3 days to the opposition, if document and portions highlighted.

O.  Early hearings on FDA documents redacted by the FDA and/or Merck.

P.  Briefing deadlines on legal issues for example; such as "loss of a chance"; "loss of enjoyment of life", alternative safe (safer design)", "learned intermediary".

Q.  APPROVe data and information no later than April 21, 2006. Some of this information has already been provided in state court cases.

R.  Permission to cross-examine/examine Merck employee witnesses, trial representatives, and former employee witnesses on their financial status, viz-a-vi, Merck in developing potential bias issues just as experts are questioned as to remuneration, etc.

S.  The Court to set specific dates for meet and confers regarding trial testimony excerpts, deposition cuts and highlighted or embedded documents in all cases at least two weeks before each trial, at the USDC E.D. courthouse.

T.  Use of excerpts from other trials where Merck was represented and available to object, examine or cross-examine.

The PSC's Memorandum in Support expands upon some of the issues addressed in this Motion.

Respectfully submitted,

PLAINTIFFS' STEERING COMMITTEE

Date: April 19, 2006   By: _____

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, L.L.P.*
Place St. Charles
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

PLAINTIFFS' LIAISON COUNSEL

Andy D. Birchfield, Jr., Esquire **(on brief)**
Leigh O'Dell, Esquire **(on brief)**
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire **(on brief)**
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)

(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Michael M. Weinkowitz, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337) 494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire **(on brief)**
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File and Serve Advanced, in accordance with Pre-Trial Order No. 8, on this the 14th day of April, 2006.

_____