FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 20  PM 12: 42

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * MDL No. 1657<br>*<br>* SECTION L<br>*<br>* JUDGE ELDON E. FALLON<br>*<br>* MAGISTRATE JUDGE<br>* DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Valeria Vincenta Verdugo and Angel Ramon Verdugo v. Merck & Co., Inc.*, Case No. 05-6640.

### ANSWER OF DEFENDANT MERCK & CO., INC. TO AMENDED COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, respectfully submits its answer to the Plaintiffs' Amended Complaint and repeats and realleges each and every response, admission, denial, averment, statement, and affirmative defense contained in its Answer to the Plaintiffs' Original Complaint filed on February 13, 2006 with the same force and effect as though set forth here in full.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

## RESPONSE TO AMENDED COMPLAINT

### RESPONSE TO
### "I. PARTIES"

1. Denies each and every allegation contained in paragraph 1 of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2. Denies each and every allegation contained in paragraph 2 of the Amended Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that it may be served as allowed by applicable state and/or federal law, which for individual actions in *In Re: Vioxx Products Liability Litigation*, MDL No. 1657, includes the procedures outlined in Pretrial Order No. 15 issued by Judge Eldon E. Fallon on May 31, 2005.

### RESPONSE TO
### "II. JURISDICTION & VENUE"

3. The allegations contained in paragraph 3 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect. Merck further

admits that it is a New Jersey corporation and that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "III. FACTS"

4. Denies each and every allegation contained in paragraph 4 of the Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5. Denies each and every allegation contained in paragraph 5 of the Amended Complaint except admits that Vioxx® ("Vioxx"), which reduces pain and inflammation, is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"). Merck further admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

6. Denies each and every allegation contained in paragraph 6 of the Amended Complaint, except admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

7. Denies each and every allegation contained in paragraph 7 of the Amended Complaint, except admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2. Merck further admits that it marketed the prescription medicine Vioxx, which was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

8. Denies each and every allegation contained in paragraph 8 of the Amended Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

9. Denies each and every allegation contained in paragraph 9 of the Amended Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

10. Denies each and every allegation contained in paragraph 10 of the Amended Complaint, except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

11. Denies each and every allegation contained in paragraph 11 of the Amended Complaint, except admits that Merck has received communications from the FDA and respectfully refers the Court to the referenced communication for its actual language and full text.

12. Denies each and every allegation contained in paragraph 12 of the Amended Complaint, except admits the referenced articles exist and respectfully refers the Court to those articles for their actual language and full text.

13. Denies each and every allegation contained in paragraph 13 of the Amended Complaint, except admits the existence of the referenced studies and publications and respectfully refers the Court to the referenced studies and publications for their actual language

and full text. Merck further admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text

14. Denies each and every allegation contained in paragraph 14 of the Amended Complaint, except admits that the studies referenced in the first sentence of paragraph 14 and the article referenced in the second sentence of paragraph 14 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

15. Denies each and every allegation contained in paragraph 15 of the Amended Complaint, except admits that the referenced system for adverse event reporting ("AERS") exists, although the reports on the system are not necessarily accurate, and various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events. Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.

16. Denies each and every allegation contained in paragraph 16 of the Amended Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Amended Complaint, except admits that Merck scientists have participated in studies involving

Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

18. Denies each and every allegation contained in paragraph 18 of the Amended Complaint, except admits that the referenced studies exists and respectfully refers the Court to the referenced studies for their actual language and full text.

19. Denies each and every allegation contained in paragraph 19 of the Amended Complaint, except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.

20. Denies each and every allegation contained in paragraph 20 of the Amended Complaint.

21. Denies each and every allegation contained the first, second, and third sentences of paragraph 21 of the Amended Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, and respectfully refers the Court to the referenced letter for its actual language and full text. Merck denies each and every allegation contained in the fourth, fifth, and sixth sentences of paragraph 21 of the Amended Complaint, except admits that the referenced articles exist and respectfully refers the Court to the referenced publications for their actual language and full text. Merck denies each and every allegation contained in the seventh sentence of paragraph 21 of the Amended Complaint.

22. Denies each and every allegation contained in paragraph 22 of the Amended Complaint, except admits that the referenced studies and articles exist and respectfully refers the Court to those for those studies and articles for their actual language and full text.

6

23. Denies each and every allegation contained in paragraph 23 of the Amended Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

24. Denies each and every allegation contained in paragraph 24 of the Amended Complaint, except admits that the referenced articles exist and respectfully refers the Court to those articles for their actual language and full text.

25. Denies each and every allegation contained in paragraph 25 of the Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further admits that in 2001 Vioxx achieved sales of $2.6 billion.

26. Denies each and every allegation contained in paragraph 26 of the Amended Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to the referenced study for its actual language and full text.

27. Denies each and every allegation contained in paragraph 27 of the Amended Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the

data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

28. Denies each and every allegation contained in paragraph 28 of the Amended Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

29. Denies each and every allegation contained in paragraph 29 of the Amended Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

30. Denies each and every allegation contained in paragraph 30 of the Amended Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

### RESPONSE TO
### "IV. COUNT 1- NEGLIGENCE"

31. With respect to the allegations contained in paragraph 31 of the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32. Denies each and every allegation contained in paragraph 32 of the Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

33. The allegations contained in the first sentence of paragraph 33 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or

standard of care in connection with Vioxx. Merck denies each and every allegation contained in the second sentence of paragraph 33 of the Amended Complaint, including its subparts (a) through (i), and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

34. Denies each and every allegation contained in paragraph 34 of the Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

## RESPONSE TO
## "V. COUNT 2- DESIGN DEFECT (N.J.S.A. 2A:58C-2, *ET. SEQ.*)"

35. With respect to the allegations contained in paragraph 35 of the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36. Denies each and every allegation contained in paragraph 36 of the Amended Complaint.

37. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 37 of the Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 37 of the Amended Complaint.

38. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 38 of the Amended

Complaint, and denies each and every allegation directed towards Merck in paragraph 38 of the Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

39. The allegations contained in paragraph 39 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 39 of the Amended Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Amended Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Amended Complaint.

### RESPONSE TO "VI. COUNT 3- MARKETING DEFECT FAILURE TO WARN (N.S.J.A. 2A:58C-2 *ET SEQ.*)"

42. With respect to the allegations contained in paragraph 42 of the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 41 of this Answer with the same force and effect as though set forth here in full.

43. Denies each and every allegation contained in paragraph 43 of the Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and

respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

44. The allegations contained in paragraph 44 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

45. Denies each and every allegation contained in paragraph 45 of the Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

46. Denies each and every allegation contained in paragraph 46 of the Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

47. Denies each and every allegation contained in paragraph 47 of the Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

48. Denies each and every allegation contained in paragraph 48 of the Amended Complaint.

## RESPONSE TO
## "VII. COUNT 4- BREACH OF EXPRESS WARRANTIES (N.S.J.A. 12A:2-313 *ET SEQ.*)"

49. With respect to the allegations contained in paragraph 49 of the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement

11

contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50. The allegations contained in paragraph 50 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

51. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 51 of the Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 51 of the Amended Complaint.

52. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 52 of the Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 52 of the Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

53. Denies each and every allegation contained in paragraph 53 of the Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

54. Denies each and every allegation contained in paragraph 54 of the Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the

information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

## RESPONSE TO
## "VIII. COUNT 4- MISREPRESENTATIONS & FRAUD (N.S.J.A. 56:8-2 *ET SEQ.*)"

55. With respect to the allegations contained in paragraph 55 of the Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56. Denies each and every allegation contained in paragraph 56 of the Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

57. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 57 of the Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 57 of the Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

58. Denies each and every allegation contained in paragraph 58 of the Amended Complaint, including its subparts (a) through (e).

59. Denies each and every allegation contained in paragraph 59 of the Amended Complaint.

## RESPONSE TO
## "IX. DAMAGES"

60. Denies each and every allegation contained in paragraph 60 of the Amended Complaint, including its subparts (a) through (h), except admits that Plaintiff Valerie Verdugo purports to seek damages but denies that there is any legal or factual basis for such relief.

61. Denies each and every allegation contained in paragraph 61 of the Amended Complaint, including its subparts (a) through (e), except admits that Plaintiff Angel Ramon Verdugo purports to seek damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "X. EXEMPLARY DAMAGES"

62. The allegations contained in paragraph 62 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 62 of the Amended Complaint.

63. Denies each and every allegation contained in paragraph 63 of the Amended Complaint, except admits that Plaintiffs purport to seek "exemplary/punitive" damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "XI. FRAUDULENT CONCEALMENT/DISCOVERY RULE"

64. The allegations contained in paragraph 64 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 64 of the Amended Complaint.

65. The allegations contained in the first sentence of paragraph 65 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx. Merck denies each and every allegation contained in the second, third, fourth, and fifth sentences of paragraph 65 of the Amended Complaint. The allegations contained in the sixth sentence of paragraph 65 of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the sixth sentence of paragraph 65 of the Amended Complaint.

### RESPONSE TO "XII. PRAYER"

66. The allegations contained in paragraph 66 of the Amended Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 66 of the Amended Complaint, except admits that the Plaintiffs purport to seek economic and other relief but denies there is any legal or factual basis for awarding such relief.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1. That its Answer to Plaintiffs' Amended Complaint be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Amended Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: April 20, 2006.

                                            Respectfully submitted,

                                            */s/ Melissa V. Beaugh*

                                            Richard C. Stanley, 8487
                                            Bryan C. Reuter, 23910
                                            Thomas P. Owen, Jr., 28181
                                            Melissa V. Beaugh, 28250
                                                  Of
                                            STANLEY, FLANAGAN & REUTER, L.L.C.
                                            909 Poydras Street, Ste. 2500
                                            New Orleans, LA 70112
                                            Telephone: (504) 523-1580
                                            Facsimile: (504) 524-0069

                                            Phillip A. Wittmann, 13625
                                            Dorothy H. Wimberly, 18509
                                            Carmelite M. Bertaut, 3054
                                            STONE PIGMAN WALTHER WITTMANN, L.L.C.
                                            546 Carondelet Street
                                            New Orleans, Louisiana 70130
                                            Telephone: (504) 581-3200
                                            Facsimile: (504) 581-3361

                                            Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. to Amended Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 20 day of April, 2006.

                                            */s/ Melissa V. Beaugh*