LAW OFFICES
**DECHERT LLP**
A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PRINCETON PIKE CORPORATE CENTER
(MAIL TO)      P.O. BOX 5218, PRINCETON, NEW JERSEY 08543-5218
(DELIVER TO)   997 LENOX DRIVE, BUILDING THREE, SUITE 210
               LAWRENCEVILLE,  NEW JERSEY 08648

(609) 620-3200

**HUGHES HUBBARD & REED LLP**
A NEW YORK LIMITED LIABILITY PARTNERSHIP
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3918
(201) 536-9220

ATTORNEYS FOR MERCK & CO., INC.

|  |  |  |
|---|---|---|
| IN RE: VIOXX® LITIGATION | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  ATLANTIC COUNTY<br><br>CASE NO.:  619<br><br>      CIVIL ACTION |

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION
TO STRIKE DEFENDANT'S PRIVILEGE REDACTION OF
MRK-NJ0130083**

Blumberg No. 5119

EXHIBIT

5

M00155I677

## INTRODUCTION

Defendant Merck & Co, Inc. ("Merck") opposes Plaintiffs' Motion to Strike Merck's redaction of an e-mail between two Merck employees, Dr. Deborah Shapiro and Dr. Edward M. Scolnick. Plaintiffs' motion should be denied because the redacted portion of the e-mail relays to Dr. Scolnick the legal advice and opinion of Merck's in-house counsel.

Plaintiffs argue that the attorney-client privilege does not apply because neither Dr. Scolnick nor Dr. Shapiro is an attorney and because the e-mail was not sent for the purpose of seeking or receiving legal advice. Plaintiffs' argument fails for two reasons: (1) intra-corporate communications among non-lawyers, relaying the legal advice and opinions of corporate counsel, are protected from disclosure by the attorney-client privilege; and (2) the redacted portion of the e-mail at issue reflects a communication relaying legal advice and opinion of Merck's legal department.[1]

## ARGUMENT

I.  **COMMUNICATIONS AMONG CORPORATE EMPLOYEES RELAYING THE ADVICE OF CORPORATE COUNSEL ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.**

    A.  **Communications Between Corporate Employees And In-House Counsel Are Privileged And Must Be Exempt From Discovery.**

New Jersey's attorney-client privilege provides that "communications between a lawyer and his client in the course of that relationship and in professional confidence, are privileged, and

---

[1] An unredacted copy of the e-mail, bates # MRK-NJ0130083-87, will be provided to the Court for *in camera* review.

- 2 -

M00155167B

a client has a privilege (a) to refuse to disclose any such communication, and (b) to prevent his lawyer from disclosing it, and (c) to prevent any other witness from disclosing such communication if it came to the knowledge of such witness (i) in the course of its transmittal between the client and the lawyer . . . .") N.J.S.A. 2A:84A-20; *see also* N.J.R.E. 504 (same). The statute defines the "client" as "a person or corporation or other association that, directly or through an authorized representative, consults a lawyer or the lawyer's representative for the purpose . . . of securing legal service or advice . . . ." *Id.*

Deeply rooted in our jurisprudence, the attorney-client privilege embodies the principle that "sound legal advice or advocacy serves public ends," it is intended to "encourage full and frank communication between attorneys and their clients." *Hannan v. St. Joseph's Hosp. & Med. Ctr.*, 318 N.J. Super. 22, 27 (App. Div. 1999) (internal citations omitted). "To further this policy it is essential that a client be able to protect his discussions with his attorney from disclosure to his adversary." *Macey v. Rollins Envtl. Servs. (N.J.), Inc.*, 179 N.J. Super. 535, 539 (App. Div. 1981). Indeed, this state's Supreme Court has held that the "fundamental need for secrecy between attorney and client is clear [and] receives zealous enforcement." *State v. Sugar*, 84 N.J. 1, 13 (1980).

New Jersey law recognizes that this fundamental need for secrecy extends to communications between in-house attorneys and corporate employees, such as Dr. Shapiro and Dr. Scolnick. *Macey v. Rollins Envtl. Servs. (N.J.), Inc.*, 179 N.J. Super. 535, 539 (App. Div. 1981). As stated in *Macey*, "[t]he necessity for full and open disclosure between corporate employees and in-house counsel . . . demands that all confidential communications be exempt

- 3 -

M001551679

from discovery." 179 N.J. Super. at 540. The rationale for extending the privilege beyond the "corporate control group", that is officers and agents of the corporation, to employees was articulated by the United States Supreme Court in *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). In *Upjohn*, the Court explained that "the attorney's advice will also frequently be more significant to noncontrol group members than to those who officially sanction the advice, and the control group test makes it more difficult to convey full and frank legal advice to the employees who will put into effect the client corporation's policy." *Id.* at 384. In accordance with *Upjohn*, the *Macey* court reasoned that the privilege must extend to communications between in-house counsel and employees because corporations must act through their officers and employees to obtain legal advice from in-house counsel. *Macey*, 179 N.J. Super. at 555.

It deserves emphasis that "where applicable the privilege is to be given as broad a scope as its rationale requires." *Wagi v. Silver Ridge Park West*, 243 N.J. Super. 547, 556 (Law Div. 1989). Consequently, when deciding whether a communication is privileged in the corporate setting, the rationale articulated in *Macey* and *Upjohn* must be broadly effectuated.

### B. The Attorney-Client Privilege Protects Communications Among Corporate Employees Concerning The Legal Advice of In-House Counsel.

As the foregoing demonstrates, it is beyond dispute that communications between Merck's in-house counsel and Merck's employee, Dr. Scolnick, are protected by New Jersey's attorney-client privilege. The only question here is whether that protection evaporates solely because the legal advice of counsel was not conveyed directly to Dr. Scolnick, but was instead conveyed indirectly, through Dr. Shapiro. The answer is no. It is well established, in jurisdictions all around the country, that communications among non-lawyer corporate

M001551680

employees are privileged where the communications are made to relay the legal advice of corporate counsel or to aid counsel in providing legal advice. Any other rule, the courts have held, would render meaningless the attorney-client privilege as applied to corporations. For example, in *In re Grand Jury 90-1*, 758 F. Supp. 1411, 1413 (D. Colo. 1991), the court considered a letter to a corporation's board of directors from the corporation's president. Though neither party to the communication was a lawyer, the court held that the letter was privileged because it relayed legal advice given by counsel to the president. The court reasoned that because the client was the corporation, relaying legal advice from one part of the client/entity to another must be privileged. *Id.* at 1413.

Similarly, in *Santrade, Ltd. v. General Elec. Co.*, 150 F.R.D. 539 (E.D. N.C. 1993), the court held that various documents were privileged, even though neither the author, the addressee, nor the copy recipient was a lawyer, because the documents relayed information requested by attorneys. The court observed that corporations may communicate privileged information at various levels without waiving the privilege. *Id.* at 545. The court found that in instances where the client is a corporation, documents subject to the privilege may be transmitted between non-attorneys to relay information requested by attorneys. *Id.*; *see also In re Fujiyama*, 83 B.R. 739 (Bankr. D. Haw. 1988) (holding that communications between two representatives of a corporation discussing the advice of counsel were entitled to attorney-client privilege); *Barr Marine Products Co. v. Borg-Warner Corp.*, 84 FRD 631, 634 (E.D. Pa. 1979) (stating that relaying legal advice among members of the control group does not constitute a waiver of the privilege).

M001551681

While New Jersey courts have not yet applied this principle to facts precisely like those presented here, the New Jersey Superior Court has held that in the corporate setting, communications between two non-lawyers can constitute an attorney-client privileged communication. That rule was first articulated in *Macey v. Rollins Envtl. Servs. (N.J.), Inc.*, 179 N.J. Super. 535 (App. Div. 1981), which involved an internal investigation in which employee statements were taken by other corporate employees at the direction of corporate counsel. The court held that the statements were protected by the attorney-client privilege. Because "the privilege unquestionably extends to corporations which must act through its agents, including its officers and employees," the court reasoned, the privilege should also apply to statements of a party's employee taken at the direction of the party's attorney. *Id.* at 540. *See also Wagi v. Silver Ridge Park West*, 243 N.J. Super. 547, 556 (Law Div. 1989) (statement of a corporate employee taken at the direction of the corporation's lawyer is protected by the privilege).

In other contexts, too, the New Jersey courts have held that communications between two non-lawyers may constitute attorney-client privileged communications. Indeed, the New Jersey Supreme Court has stated that "in New Jersey, the privilege regarding confidential communications between an attorney and client extends to the necessary intermediaries and agents through whom the communications are made." *State v. Davis*, 116 N.J. 341, 361 (1989) (internal quotations omitted). New Jersey has "long recognized that a client's privileged communications are permanently protected from disclosure by himself, or by the legal advisor, or by the agent of either confidentially used to transmit the communications . . . ." *Id.* Because New Jersey extends its attorney-client privilege to "necessary intermediaries," communications among non-lawyers are protected from disclosure under some circumstances. For example,

- 6 -

M001551682

communications between an insured and insurance adjuster made for the purpose of discussing legal advice is protected from disclosure when the dominant purpose of the communication is the defense of the insured by his attorney and when confidentiality was the reasonable expectation of the insured. *See Pfender v. Torres*, 336 N.J. Super. 379 (App. Div. 2001); *State v. Pavin*, 202 N.J. Super. 834 (App. Div. 1985). In a similar vein, the Superior Court has held that a criminal defendant's statement to a non-lawyer bail investigator was covered under the attorney-client privilege, where the purpose of the interview was to determine whether defendant was entitled to the services of a public defender. *State v. Blacknall*, 335 N.J. Super. 52 (Law. Div. 2000).

Based on the foregoing, plaintiffs' argument that the redacted communication between Dr. Shapiro and Dr. Scolnick cannot be privileged because neither is a lawyer is simply wrong. So long as the redacted information concerns the legal advice and requirements of Merck's legal department, it is privileged even when conveyed by one non-lawyer employee to another.

## II.   THE REDACTED PORTION OF THE E-MAIL REFLECTS A COMMUNICATION MADE FOR THE PURPOSE OF RELAYING LEGAL ADVICE.

As the Court's *in camera* inspection will reveal, the redaction at issue reflects a communication from Dr. Shapiro to Dr. Scolnick relaying the advice and direction of Merck's legal department. The communication is closely akin to the legal advice of the in-house counsel in *Macey* to take witness statements. 179 N.J. Super.535. Moreover, in New Jersey, legal advice is generally understood to embrace "all advice to clients . . .in matters connected with the law." *Soto v. State*, 236 N.J. Super. 303 (App. Div. 1989). As Merck's Privilege Log indicates, the

M001551683

redacted communication reflects the legal advice and opinions of Merck's legal department. *See* Merck's Privileged Log attached as Exhibit A.

Without having seen the redacted portion of the e-mail, plaintiffs argue that the redaction does not relay the legal advice and opinion of Merck's legal department. The only basis for plaintiffs' argument is distortion of Dr. Shapiro's deposition testimony. In fact, Dr. Shapiro unambiguously testified during her deposition that she did not know what information was beneath the privileged redaction. When questioned about the e-mail, Dr. Shapiro testified as follows:

> Q:     Now, is this information that's beneath these privileged redactions something that
>         reflects legal advice?
>
> A:     I don't know what's underneath the privileged redactions.

*See* Shapiro Relevant Portion of Shapiro Deposition Transcript attached as Exhibit "B" at 428. Because Dr. Shapiro does not know what the contents of the redacted material are, her testimony cannot possibly establish that the redacted material is not protected.

Nevertheless, plaintiffs argue that other portions of Dr. Shapiro's testimony establish the non-privileged nature of the redacted communication. According to plaintiffs, Dr. Shapiro's testimony establishes that she: (1) "did not send the e-mail for the purpose of seeking legal advice," (2) "was not receiving legal advice from Dr. Scolnick," (3) "did not consult with an attorney in connection with the e-mail exchange," and (4) "was not involved at all in 'contract issues.'" *See* Plaintiffs' Motion at 5. The problem with plaintiffs' argument is that even if all of

M001551684

those facts are true, the relevant material may *still* have conveyed legal advice – not from Dr. Scolnick or Dr. Shapiro, of course, but from Merck's legal department.  Plaintiffs never asked Dr. Shapiro the relevant question: whether Dr. Shapiro relayed to Dr. Scolnick the advice, opinions or directions of Merck's legal department.  Consequently, Dr. Shapiro's testimony in no way establishes whether the redacted communication relays the advice and opinion of Merck's legal department.

More to the point, the Court's *in camera* inspection will reveal that the redacted communication does indeed relay legal advice and opinions and must therefore be protected from disclosure.

M001551685

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Strike Defendant's Privilege Redaction of

MRK-NJ0130083-87 should be denied.

Dated: May 2, 2005                                      Respectfully submitted,

_____

Diane P. Sullivan, Esq.
Dechert LLP
A Pennsylvania Limited Liability Partnership
Princeton Pike Corporate Center
P.O. Box 5218
Princeton, NJ 08543
(609) 620-3200

Attorneys for Defendant Merck & Co., Inc.

- 10 -

M001551686

LAW OFFICES
**DECHERT LLP**
A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PRINCETON PIKE CORPORATE CENTER
(MAIL TO)      P.O. BOX 5218, PRINCETON, NEW JERSEY 08543-5218
(DELIVER TO)   997 LENOX DRIVE, BUILDING THREE, SUITE 210
                      LAWRENCEVILLE, NEW JERSEY 08648

(609) 620-3200

**HUGHES HUBBARD & REED LLP**
A NEW YORK LIMITED LIABILITY PARTNERSHIP
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3918
(201) 536-9220

ATTORNEYS FOR MERCK & CO., INC.

**FILED**

MAY 1 9 2005

*CAROL E. HIGBEE, J.S.C.*

|  |  |  |
|---|---|---|
| IN RE: VIOXX® LITIGATION | : : : : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ATLANTIC COUNTY<br><br>CASE NO.: 619<br><br><br><br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO STRIKE PRIVILEGE<br>REDACTION OF MRK-NJ0130083** |

**THIS MATTER** having been brought before the Court upon motion by Plaintiff's,

having moved before this Court for an Order Striking Defendant's Privilege Redaction of MRK-

NJ0130083; having considered the motion and any opposition thereto, and for good cause

shown, the Court having found that the portion of MRK-NJ0130083 that Defendant Merck &

Co., Inc. redacted, is protected by privilege and immunity from disclosure;



EXHIBIT
6

IT IS on this ___9___ day of ___May___, 2005, hereby:

ORDERED that the Motion to Strike Defendant's Privilege Redaction of MRK-NJ010083 is DENIED.

_____
Honorable Carol E. Higbee, J.S.C.

M001550697

# EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| **Communications Providing Legal Advice From Outside Counsel And Communications in Anticipation of Vioxx Litigation:** | | | | | |
| MRK-AAZ0003572-MRK-AAZ0003590 | Email and attachment | Shaw, Wayne | Demopoulos, Laura A. | E-mail transmitting draft document prepared by outside counsel, that reflects client confidences, legal advice from Mayer, Ted* and preparatory measures taken in anticipation of litigation.<br><br>Draft manuscript reflecting a request for legal advice and opinions from Mayer Ted* regarding litigation issues and preparatory measures taken in anticipation of litigation. | Protected by attorney-client privilege and as attorney work-product. *See Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) (attorney-client); *U.S. v. Nobles*, 422 U.S. 225, 238 (1975) (work-product); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (work-product). |
| MRK-ADN0061321- | Email | Rosati, Jamie | McCafferty, Julie | E-mail reflecting a request for | *See above.* |

1



EXHIBIT

7

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| MRK-ADN0061322 | | | | information in order to provide legal advice and opinions from Edelman, Mira* regarding litigation issues and preparatory measures taken in anticipation of litigation. | |
| MRK-AAD0411699-MRK-AAD0411727 | Email and attachment | Braunstein, Ned S. | Weaver, Kirke D.*; Lahner, Joanne*; Marshall, Stephen E. cc: Carlton, Nancy Murdoch; Erb, Dennis M.; Reicin, Alise S.; Santanello, Nancy C.; Watson, David | E-mail reflecting legal advice and opinions regarding litigation issues and preparatory measures taken in anticipation of litigation; Draft correspondence reflecting legal advice and opinions regarding litigation issues and preparatory measures taken in anticipation of litigation. | *See above.* |
| MRK-ACT0055382-MRK-ACT0055383 | Email | Gregory, Suzanne* | Santanello, Nancy | E-mail reflecting a request for legal advice and opinions regarding litigation issues and preparatory measures | *See above.* |

2

EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | | taken in anticipation of litigation. | |
| MRK-ABS0341074 | Email | Maller, Eric | Olson, Brent* | E-mail reflecting a request for legal advice and opinions regarding litigation issues and preparatory measures taken in anticipation of litigation. | *See above.* |
| MRK-ABT0021584 | Email | Lewis, Suzanne Gregory* | Guess, Harry A. cc: Partyk, Robb W.* | E-mail reflecting legal advice and opinions regarding litigation issues and preparatory measures taken in anticipation of litigation. | *See above.* *See above.* |
| MRK-ADI0006615 | Email | Dalton, Daniel J.* | Anstice, David W.; Sheares, Bradley T. cc: McGlynn, Margaret G.; Edwards, Tyrone V.; Beauchard, Lucine E.; Steinbugler, Kathryn*; Henshall, | E-mail reflecting a request for legal advice and opinions regarding litigation issues and preparatory measures taken in anticipation of litigation. | *See above.* |

3

## EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | Ronald S.*; Wainwright, Joan; Weiner, Jan D. | | |
| MRK-ADN0078507-MRK-ADN0078513 | Email | USHH; incorporating an email from Christine M. Zettlemoyer | Rosati, Jamie | E-mail reflecting legal advice and opinions of Zettlemoyer, Christine* regarding litigation issues and preparatory measures taken in anticipation of litigation. | See above. |
| MRK-ADI0034127-MRK-ADI0034129 | Email and attachment | Gregory, Suzanne M.* | Fanelle, Christine cc: Weiner, Jan D.; Schechter, Adam H. | E-mail reflecting legal advice and opinions of Lahner, Joanne*, Mayer, Ted*, Henshall, Ronald* and Gregory, Suzanne* regarding draft advertisement.

Draft internal document reflecting legal advice and opinions regarding Vioxx promotional and public relations issues. | See above. |
| MRK- | Email and | Demopoulos, Laura | DiBattiste, | E-mail transmitting | See above. |

4

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| ABA0012325-MRK-ABA0012328 | attachment | A. incorporating E-mail from Lahner, Joanne* cced to Henshall, Ronald S.* and Lewis, Suzanne Gregory* (attachment authored by Mayer, Ted*) | Peter M. | memorandum reflecting legal advice and opinions regarding preparatory measures taken in antic ipation of litigation;<br><br>Memorandum reflecting legal advice and opinions regarding preparatory measures taken in anticipation of litigation. | |
| **Communications Between Merck Employees and Attorneys Involving Requests for Legal Advice:** | | | | | |
| MRK-ADN0120531-MRK-ADN0120532 | Email | Hartman, Bruce* | Rosati, Jamie | E-mail reflecting legal advice and opinions regarding public relations issues. | Protected by attorney-client privilege. *See Upjohn Co. v. United States,* 449 U.S. 383, 390 (1981). |
| MRK-ADJ0003469-MRK- | Email | Lahner, Joanne* | Ogden, Tracy C. cc: Berwick, | E-mail reflecting legal advice and opinions regarding | *See above.* |

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| ADJ0003470 | | | Gerry Joy*; Wambold, Deb | draft TV alert for JAMA video package. | |
| MRK-AAC0110107 | Email | Yuro, Raynard* | Simon, Thomas J. cc: Panzer, Curtis C.*; Reicin, Alise S.; Reines, Scott A.; Gertz, Barry J. | E-mail reflecting legal advice and opinions regarding coxib patent coverage issues. | *See above.* |
| MRK-AAD0326212 MRK-AAD0326213 | E-mail and attachment | Burton-Gidman, Linda | Lahner, Joanne* cc: Young, John; Cole, Julian; Penny, Kate; Round, Christopher; Bunt, Christine; Reicin, Alise S.; Watson, Douglas J.; Burton-Gidman, Linda | E-mail reflecting a request for legal advice and opinions regarding Prescription Event Monitoring study and regulatory issues; Request to Lahner, Joanne* for review of correspondence regarding comparative prescription event monitoring study. | *See above.* |
| MRK-AAC0127217 | Email | Gregory, Suzanne M.* | Gertz, Barry | E-mail reflecting legal advice and opinions regarding Protocol 078 study | *See above.* |

6

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| Bates # | Doc Type | Sender | Recipient | Priv Log Description(s) | Basis for Privilege Assertion |
|---------|----------|--------|-----------|-------------------------|-------------------------------|
| | | | | issues. | |
| MRK-ACO0116507 | Email | Lahner, Joanne* | Vilardo, Laura E. cc: Bold, Thomas M. | E-mail reflecting a request for legal advice and opinions regarding Vioxx materials. | *See above.* |
| MRK-AAC0070471-MRK-AAC0070472 | Email | Gertz, Barry | Kornowski, Sophie | E-mail reflecting client confidences and legal advice and opinions regarding study and contract issues. | *See above.* |
| MRK-AAC0119454-MRK-AAC0119457 | Email | Simon, Thomas J. incorporating email from Olson, Brent* | Gertz, Barry | E-mail reflecting legal advice and opinions regarding contract issues pertaining to licensing rights for publication purposes. | *See above.* |
| MRK-ABS0241438 | Memorandum | Harper, Sean | Hooper, Monica; Raines, Scott | Memorandum reflecting legal advice and opinions from Bigley, Frank P.* regarding study issues. | *See above.* |
| MRK-ABS0224785 | Email | Bigley, Frank* | Loftus, Susan; Mortensen, Eric | E-mail reflecting legal advice and opinions regarding Protocol 122-02. | *See above.* |
| MRK-ABS0224375- | Facsimile and attachment | Bigley, Frank* | Mortensen, Eric | Facsimile reflecting legal advice and | *See above.* |

7

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| MRK-ABS0224376 | | | | opinions regarding protocol and contract issues;<br><br>Correspondence reflecting a request for legal advice and opinions regarding contract protocol changes. | |
| MRK-ABS0224371 | Memorandum | Loftus, Susan | Bigley, Frank* | Memorandum reflecting a request for legal advice and opinions regarding investigator contracts. | See above. |
| MRK-ABS0184629 | Memorandum | DiPrima, Joseph F.* | Ford-Hutchinson, Anthony W. cc: Panzer, Curtis C.*; Rose, David L.*; Shapiro, Bennett M. | Memorandum reflecting legal advice and opinions regarding patent issues. | See above. |
| MRK-ABS0341070-MRK-ABS0341072 | Email and attachment | Maller, Eric | Advanced Healthcare SC | E-mail reflecting legal advice and opinions regarding draft letter to Advanced Healthcare SC; | See above. |

8

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | | Draft correspondence reflecting client confidences and legal advice and opinions from Olson, Brent R.* regarding study issues. | |
| MRK-ABS0260484-MRK-ABS0260485 | Memorandum | Olson, Brent* | Bach, M.; Leff, J.; Beere, P.; Block, G.; Malinstrom, K.; Boslego, J.; McCrea, J.; Byrnes, C.; Mendelman, P. | Memorandum reflecting legal advice and opinions regarding study consent forms. | *See above.* |
| MRK-ABS0300463-MRK-ABS0300464 | Email | Mortensen, Eric | Wilson, Francine; cc: Bigley, Frank P.*; Simrell, Linda R.; Clerkin, Jeannie A.* | E-mail reflecting legal advice and opinions regarding VIOXX study protocol. | *See above.* |
| MRK-ABS0300465-MRK-ABS0300473 | Facsimile and attachments | Wilson, Francine | Bigley, Frank*; Clerkin, Regina A.* | Facsimile reflecting a request for legal advice and opinions regarding patient consent issues; | *See above.* |

9

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | | Draft internal form reflecting client confidences and a request for legal advice and opinions regarding study participant consent;<br><br>Internal draft regarding addendum to consent form for study. | |
| MRK-ABS0241438 | Memorandum | Harper, Sean | Hooper, Monica; Raines, Scott | Memorandum reflecting legal advice and opinions from Bigley, Frank P.* regarding study issues. | *See above.* |
| **Communications Providing Substantive Legal Advice on Draft Documents:** | | | | | |
| MRK-ACT0004947-MRK-ACT0004963 | Email and attachments | Cromley, David W.* | Cannuscio, Carolyn C. | E-mail reflecting legal advice and opinions regarding Ingenix contract issues; | Protected by attorney-client privilege. *See Andritz Sprout-Bauer, Inc. v. Beazer E., Inc.,* 174 F.R.D. 609, 635 (M.D. Pa. 1997); *Phillips Electronics N.* |

10

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---------|----------|--------|-----------|------------------------|-------------------------------|
| | | | | Draft contract reflecting legal advice and opinions regarding study agreement; <br><br> Draft contract reflecting legal advice and opinions. | *Am. Corp. v. Universal Electronics Inc.*, 892 F. Supp. 108, 109 (D. Del. 1995); *Alexander v. F.B.I.*, 198 F.R.D. 306, 312 (D.D.C. 2000) |
| MRK-ACI0014202-MRK-ACI0014206 | Email and attachment | Lahner, Joanne* | Casola, Thomas M.; Shank-Samiec, Dolores M. cc: Tansey, Diane E.; Schechter, Adam H.; Lewis, Suzanne M. Gregory* | E-mail reflecting legal advice and opinions regarding draft complaint regarding competitor's marketing campaign; <br><br> Draft correspondence reflecting legal advice and opinions regarding communications with the FDA relating to a misleading Celebrex marketing campaign. | *See above.* |
| MRK-ABY0143117-MRK-ABY0143122 | Email and attachments | Cromley, David* | Watson, Douglas | E-mail reflecting legal advice and opinions regarding research grant agreement and | *See above.* |

11

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | | disclosure agreement with the University of Pennsylvania; Draft disclosure agreement reflecting a request for legal advice and opinions regarding investigator site relationship; Draft manuscript reflecting legal advice and opinions regarding research grant agreement with the University of Pennsylvania. | |
| MRK-AFX0047272-MRK-AFX0047276 | Email and attachment | Lahner, Joanne* | Chitty, Dawn | E-mail reflecting legal advice and opinions regarding patient information insert; Draft internal document reflecting legal advice and opinions regarding the uses and purpose of Vioxx. | *See above.* |

12

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---------|----------|--------|-----------|------------------------|-------------------------------|
| MRK-ACI0015574-MRK-ACI0015577 | Email and attachments | Gregory, Suzanne M.* | Roberts, Kathryn A. cc: Huang, Philip Lin; Goldberg, Allan I.; Casola, Thomas M.; Rosati, Jamie | E-mail reflecting legal advice and opinions regarding promotional and regulatory issues involving a draft complaint to the FDA re: competitor's practices;<br><br>Draft correspondence to FDA reflecting legal advice, review and opinions regarding complaint concerning Celebrex;<br><br>Promotional materials utilized by attorney to draft correspondence to FDA regarding violation of regulations. | *See above.* |
| MRK-ADJ0063332-MRK-ADJ0063342 | Email and attachment | Gregory, Suzanne M.* | Ogden, Tracy C. | E-mail reflecting legal advice and opinions regarding ACR Q&A;<br><br>Draft public relations document reflecting | *See above.* |

13

## EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | | legal advice and opinions regarding Coxib study issues. | |
| MRK-ADN0099730-MRK-ADN0099738 | Email and attachment | Lahner, Joanne* | Niekelski, Jefferey J. cc: Mills, Tracy L. | E-mail reflecting legal advice and opinions regarding provisions of contract.<br><br>Draft services agreement contract reflecting client confidences and legal advice and opinions. | *See above.* |
| MRK-AFN0044157-MRK-AFN0044158 | Email and attachment | Gregory, Suzanne M.* | Loftus, Susan cc: Oxenius, Bettina; Joseph, Raymond E. | E-mail reflecting legal advice and opinions regarding APPROVe patient letter.<br><br>Draft correspondence regarding the withdrawal of Vioxx reflecting legal advice and opinions regarding regulatory and study issues. | *See above.* |
| MRK-AFW0011449-MRK- | Email and attachment | Bigley, Frank Peter* | Schryver, Betty R. | E-mail reflecting legal advice and opinions regarding | *See above.* |

14

EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| AFW0011468 | | | | patient retention agreement; <br><br> Contract reflecting a request for legal advice and opinions regarding patient retention.. | |
| MRK-ABS0181949-MRK-ABS0181951 | Email and attachment | Olson, Brent* | Simon, Thomas | Facsimile reflecting legal advice and opinions regarding contract issues; <br><br> Draft confidential disclosure agreement between Merck and outside corporation reflecting legal edits and comments. | See above. |
| MRK-AAC0083412-MRK-AAC0083415 | Email and attachment | Lahner, Joanne* | Braunstein, Ned | E-mail reflecting legal advice and opinions regarding draft VIOXX FDA letter; <br><br> Draft regulatory correspondence reflecting client confidences, legal advice and opinions regarding Vioxx | See above. |

15

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | | response to agency and promotional issues. | |
| MRK-ABS0299850-MRK-ABS0299859 | Draft letter and attachments | Raines, Scott | Bresalier, Robert; Henry Ford Hospital | Draft contract reflecting client confidences and a request for Frank Bigley's* legal advice and opinions pertaining to Merck's consulting agreement with a physician;<br><br>Draft contract reflecting client confidences and a request for Frank Bigley's* legal advice and opinions regarding a consulting agreement;<br><br>Draft contract reflecting client confidences and a request for Frank Bigley's* legal advice and opinions regarding a | *See above.* |

16

# EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---------|----------|--------|-----------|--------------------------|-------------------------------|
| | | | | consulting agreement;<br><br>Draft contract reflecting client confidences and a request for Frank Bigley's* legal advice and opinions regarding a consulting agreement. | |
| MRK-ADM0128266-MRK-ADM0128276 | Email and attachment | Wentworth, Marian W. | Lahner, Joanne* cc: Cannell, Thomas R.; El-Dada, Riad H.; Wentworth, Marian W. | E-mail reflecting a request for legal advice and opinions regarding promotional and regulatory issues;<br><br>Draft presentation reflecting a request for legal advice and opinions regarding COX-2 inhibitors. | See above. |
| MRK-ACO0115071-MRK-ACO0115136 | Email and attachments | Stocklin, William F. incorporating email from Weaver, Kirke D.* to Leitmeyer, John E. | Bold, Thomas M. | E-mail reflecting a request for information in order to provide legal advice and opinion regarding study | See above. |

17

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | | information; | |
| | | | | Internal document reflecting legal advice and opinions regarding bodily disorders; | |
| | | | | Internal document reflecting legal advice and opinions regarding AE search request. | |
| **Communications Providing Substantive Legal Advice on Draft Press Statements And Marketing Materials:** | | | | | |
| MRK-ADJ0063120-MRK-ADJ0063126 | Email and attachments | Gregory, Suzanne M.* | Ogden, Tracy C.; Fanelle, Christine J. cc: Bolton, Anne H.* | E-mail reflecting legal advice and opinions of regarding ACR press release;<br><br>Draft public relations document reflecting legal advice and opinions regarding | Protected by attorney-client privilege. *See In re Adobe Sys., Inc. Sec. Litig.,* Master File No. C-90-2453 SBA (FSL), 1991 U.S. Dist. LEXIS 15929, at *11 (N.D. Cal. Oct. 23, 1991); *Macario v. Pratt & Whitney Canada,* Civ. A. No. 90-3906, 1991 WL 6117, at *1 (E.D. Pa. |

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | | ACR press release;<br><br>Presentation reflecting legal advice and opinions regarding press release and study issues. | Jan. 17, 1991). |
| MRK-AAD0418622-MRK-AAD0418626 | Email and attachment | Lahner, Joanne* | Markind, Jan; Reicin, Alise S.; Kim, Peter S. | E-mail reflecting legal advice and opinions regarding document needing OSTIC clearance;<br><br>Draft regarding Merck's response to Dr. Topol article regarding VIOXX. | See above. |
| MRK-AGV0100031-MRK-AGV0100070 | Draft PowerPoint presentation | M-W, Deb | Geba, Gregory P. | Presentation reflecting legal advice and opinions from Lahner, Joanne* regarding draft PGART presentation. | See above. |
| MRK-AAD0357337-MRK-AAD0357356 | Email and attachment | Davish, Patrick | Reicin, Alise | E-mail reflecting legal advice and opinions regarding public relations issues involving Q & | See above. |

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | | As for a media briefing; | |
| | | | | Draft public relations document reflecting legal advice and opinions regarding public relations issues involving Q & A; As for a media briefing. | |
| MRK-ADJ0013674-MRK-ADJ0013681 | Memorandum and attachment | Ogden, Tracy C. | Lahner, Joanne* | Memorandum reflecting a request for legal advice and opinions regarding campaign issues; | *See above.* |
| | | | | Draft press release reflecting a request for legal advice and opinions regarding Vioxx commercial. | |
| MRK-AAC0108436-MRK-AAC0108493 | Email and attachments | Gregory, Suzanne M.* | Grosser, Karen; Gertz, Barry; Schechter, Adam | E-mail reflecting legal advice and opinions regarding draft presentation materials pertaining to Arcoxia; | *See above.* |
| | | | | Presentation | |

20

**EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS**

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---|---|---|---|---|---|
| | | | | reflecting legal advice and opinions regarding slides of Arthritis & Analgesia Franchise Update;<br><br>Draft presentation which reflects Lahner, Joanne and Lewis, Suzanne Gregory's* revisions regarding Communications Plan and CV profiles studies | |
| MRK-ABS0184477 | Memorandum | Armato, Peggi C. | Bigley, Frank* | Memorandum reflecting a request for legal advice and opinions of Lahner, Joanne* regarding study issues; | *See above.* |
| MRK-ACW0004208-MRK-ACW0004213 | Email and attachment | Lahner, Joanne* | Blake, Mary Elizabeth | E-mail reflecting legal advice and opinions regarding draft public relations document;<br><br>Draft public relations | *See above.* |

21

EXAMPLES OF THE DISTRICT COURT'S ERRONEOUS PRIVILEGE RULINGS

| BATES # | DOC TYPE | SENDER | RECIPIENT | PRIV LOG DESCRIPTION(S) | BASIS FOR PRIVILEGE ASSERTION |
|---------|----------|--------|-----------|------------------------|-------------------------------|
| | | | | document reflecting legal advice and opinions regarding VIGOR and CLASS study issues. | |
| MRK-AFI0066341-MRK-AFI0066354 | E-mail and attachments | Donnelly, Diara (attachments authored by Chung, Nahn) | Chung, Nahn; Ruffin, Saundra; Yarbrough, Caroline; McLaughlin, Gerald W.; Baumgartner, Susan L.; Johnson, Sherrin E. cc: Kelly, Michael; Laux, Jennifer I.; Wicks, Nancy; Lahner, Joanne* | E-mail reflecting legal advice and opinions regarding consultants' meeting; Memorandum reflecting a request for legal advice and opinions regarding Merck's presence at a national consultants meeting; Memorandum reflecting a request for legal advice and opinions regarding promotional and study issues concerning consultants meetings | *See* above. |

22