IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>PRODUCTS LIABILITY<br>LITIGATION | * MDL Docket No. 1657<br>*<br>* Section L<br>* |
| THIS DOCUMENT RELATES TO:<br>GERALD BARNETT v. MERCK | * Judge Fallon<br>* Mag. Judge Knowles<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF TAKING DEPOSITION OF STEPHEN E. EPSTEIN, M.D.

TO:   ALL KNOWN COUNSEL OF RECORDS

Pursuant to the Federal Rules of Civil Procedure, Rule 30, Plaintiff GERALD BARNETT will take a deposition of Stephen E. Epstein, M.D., as follows:

Date:       **Monday, May 15, 2006**

Time:       **10:00 a.m.**

Location:   Washington Hospital Center
            110 Irving Street, NW
            CTEC, 6th Floor
            Washington, DC  20010
            (202) 877-7000

The deposition will be reported by a certified court reporter and will be videotaped for use at trial. The taking of this deposition will continue from day to day, excluding

1

Sundays and court recognized holidays, until the examination is completed.

Additionally, the deponent is requested to produce prior to the deposition the following documents:

1. Any and all documents that refer, reflect or relate to any studies, trials or tests that were completed, undertaken or proposed by you concerning Vioxx, MF-Tricyclic, or other Cox-2-inhibitor.

2. Any and all documents that refer, reflect or relate to the article "Effects of MF-Tricyclic, a Selective Cyclooxygenase-2 Inhibitor, on Atherosclerosis Progression and Susceptibility to Cytomegalovirus Replication in Apoliprotein-E Knockout Mice," including but not limited to all proposals, drafts, minutes, approvals, correspondence, emails, notes, memos, preliminary results, abstracts and requests for funding for further research related to this matter.

3. All documents that refer, reflect or relate to the Medical School Grant Program and any requested, proposed or actual funding through this program of any studies, trials or tests that were completed, undertaken or proposed by you concerning Vioxx, MF-Tricyclic, or other Cox-2 inhibitor.

4. All documents that refer, reflect or relate to any communications between you and Merck concerning Vioxx, MF-Tricyclic, or other Cox-2 inhibitor.

5. All documents that refer, reflect or relate to any communications between you and any other third party (including with your colleagues) concerning any studies, trials or tests that were completed, undertaken or proposed by you concerning Vioxx, MF-Tricyclic, or other Cox-2 inhibitor, or any proposed or actual funding regarding the same.

6. All documents that refer, reflect or relate to any payment, gift, grant, honoraria or other financial or compensation or benefit provided by Merck, or any related entity, to you or to any person or entity with which by are affiliated.

7. Your current curriculum vitae and list of articles authored by you.

April 20, 2006          Respectfully submitted,

By *Mark P. Robinson, Jr.*
_____
MARK P. ROBINSON, JR.
Robinson, Calcagnie & Robinson
620 Newport Center Dr., 7th Floor
Newport Beach, CA 92660
PH:  (949) 720-1288
FAX: (949) 720-1292
(Plaintiffs' Liaison Counsel)

Andy D. Birchfield, Esq.
PO BOX 4160
234 Commerce Street
Montgomery, AL 36103-4160
PH:  (800) 898-2034
FAX: (334) 954-7555
**(Co-Lead Counsel)**

Troy Rafferty, Esq.
316 S. Baylen St., Ste 400
Pensacola, FL 32502
PH:  (850) 435-7000
FAX: (850) 497-7059

Elizabeth Cabraser, Atty.
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
PH:  (415) 956-1000
FAX: (415) 956-1008

Drew Ranier, Esq.
1419 Ryan Street
Lake Charles, LA 70601
PH:  (337) 494-7171
FAX: (337) 494-7218

Thomas Kline, Esq.
1525 Locust St.
19th Floor
Philadelphia, PA 19102
PH:  (215) 772-1000
FAX: (215) 772-1371

Christopher Seeger, Esq.
One William Street
New York, NY 10004
PH:  (212) 584-0700
FAX: (212) 584-0799
**(Co-Lead Counsel)**

Arnold Levin, Esq.
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3875
PH:  (215) 592-1500
FAX: (215) 592-4663

Carlen Rhodes Lewis, Atty.
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
PH:  (713) 650-0022
FAX: (713) 650-1669

Christopher Vincent Tisi Esq.
2000 L Street, NW
Suite 400
Washington, DC 20036-4914
PH:  (202) 783-6400
FAX: (307) 733-0028

Russ M. Herman
Leonard A. Davis
Steven J. Herman
Herman Herman Katz & Cotler, LLP
820 O'Keefe Avenue
New Orleans, LA  70013
PH.  (504) 581-4892
FAX: (504) 561-6024

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Deposition has been served on Liaison Counsel Phillip Wittman, and Andrew Goldman by U.S. Mail and/or e-mail and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced, in accordance with Pretrial Order No. 8, on this 20th day of April, 2006.

*/s/ Mark P. Robinson, Jr.*
MARK P. ROBINSON, JR.

4

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

IN RE: VIOXX PRODUCT LIABILITY LITIGATION
EASTERN DISTRICT OF LOUISIANA
THIS DOCUMENT RELATES TO:
GERALD D. BARNETT AND CORRINE BARNETT

v.

MERCK & CO., et al.

Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] MDL CASE NO. 1647-SEC L(3)
Judge Fallon - Mag. Judge Knowles
Docket No. 06-0485

TO: STEPHEN E. EPSTEIN, M.D., Washington Hospital Center
110 Irving Street, NW, Suite 4B-1, Washington, DC 20010
(202) 877-7000

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be reported by a certified court reporter and will be videotaped.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Washington Hospital Center, 110 Irving Street, NW, CTEC, 6th Floor, Washington, DC 20010 (202) 877-7000 | May 15, 2006 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached pleading.

| PLACE | DATE AND TIME |
|---|---|
| Washington Hospital Center, 110 Irving Street, NW, CTEC, 6th Floor, Washington, DC 20010 (202) 877-7000 | May 15, 2006 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Mark P. Robinson, Jr.*, Attorneys for Plaintiff | April 20, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Mark P. Robinson, Jr., Robinson, Calcagnie & Robinson, 620 Newport Center Drive, Suite 700, Newport Beach, California 92660 (949) 720-1288

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A TO PLAINTIFFS' SUBPOENA TO STEPHEN E. EPSTEIN, M.D.

### DEFINITIONS

1. The pronouns "you," "your," "yours," and "yourself" refer to the subpoenaed party named herein and any of his agents, representatives, and/or persons purporting to act on his behalf.

2. The term "in your possession" shall mean all data generated in the ordinary course and scope of business, or other electronically stored data, stored on your computer, stored at your place of business or otherwise under your control.

3. The term "document" shall mean all written, electronically stored or graphic matter, however produced, reproduced or stored of every kind and description in the actual or constructive possession, custody or control of you.

## DOCUMENTS REQUESTED

1. Any and all documents that refer, reflect or relate to any studies, trials or tests that were completed, undertaken or proposed by you concerning Vioxx, MF-Tricyclic, or other Cox-2 inhibitor.

2. Any and all documents that refer, reflect or relate to the article "Effects of MF-Tricyclic, a Selective Cyclooxygenase-2 Inhibitor, on Atherosclerosis Progression and Susceptibility to Cytomegalovirus Replication in Apoliprotein-E Knockout Mice," including but not limited to all proposals, drafts, minutes, approvals, correspondence, emails, notes, memos, preliminary results, abstracts and requests for funding for further research related to this matter.

3. All documents that refer, reflect or relate to the Medical School Grant Program and any requested, proposed or actual funding through this program of any studies, trials or tests that were completed, undertaken or proposed by you concerning Vioxx, MF-Tricyclic, or any other Cox-2 inhibitor.

4. All documents that refer, reflect or relate to any communications between you and Merck concerning Vioxx, MF-Tricyclic, or other Cox-2 inhibitor.

5. All documents that refer, reflect or relate to any communications between you and any other third party (including with your colleagues) concerning any studies, trials or tests that were completed, undertaken or proposed by you concerning Vioxx, MF-Tricyclic, or other Cox-2 inhibitor, or any proposed or actual funding regarding the same.

6. All documents that refer, reflect or relate to any payment, gift, grant, honoraria or other financial or compensation or benefit provided by Merck, or any related entity, to you or to any person or entity with which by are affiliated.

7. Your current curriculum vitae and list of articles authored by you.