

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 25 PM 2:21

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This document relates to:** | * | **JUDGE FALLON** |
| *George Vissichelli v. Merck & Co., Inc.,* | * | |
| **(E.D. La. Index No. CA- 06-0671-L)** | * | **MAG. JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck and Co., Inc. ("Merck"), through undersigned counsel, answers the Complaint herein as follows:

1. Denies each and every allegation contained in paragraph 1 of the Complaint except admits that Plaintiffs purport to seek damages in excess of $75,000, but denies that there is any legal or factual basis for such relief.

2. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint except that Merck is informed and believes that the Plaintiffs are residents of Green Acres, Florida.

3. Denies each and every allegation contained in paragraph 3 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey, is authorized to do business in the State of Florida and admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx®

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "FACTUAL BACKGROUND"

4.      Denies each and every allegation in paragraph 4 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, its trade name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that it is authorized to do business in the State of Florida.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Merck further admits that Vioxx is Merck's trade name for rofecoxib.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of the action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

7.      Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck submitted a New Drug Application for Vioxx, its trade name for rofecoxib, on November 23, 1998, for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to

2

the referenced application and prescribing information for their actual language and full text.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck submitted a New Drug Application for Vioxx, its trade name for rofecoxib, on November 23, 1998, for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to the referenced application and prescribing information for their actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint except admits that in May 1999 Merck received the approval of the FDA to manufacture and market the prescription medicine Vioxx and that the prescription medicine Vioxx reduces pain and inflammation.  Merck further avers that in 1999 the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its indicated uses and full text.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Plaintiffs purport to refer to the FDA's labeling for Vioxx, Merck's trade name for rofecoxib, and certain "studies" and respectfully refers the Court to the referenced labeling and studies for their actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint except admits that Plaintiffs purport to refer to the "Warnings" section of the

807605v.1

labeling for Vioxx, Merck's trade name for rofecoxib, and respectfully refers the Court to the referenced labeling for its actual language and full text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint except admits that Plaintiffs purport to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 14 including subparts a - c, of the Complaint except admits that Plaintiffs purport to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint and avers that in March 2000, Merck forwarded to the FDA the VIGOR study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

4

17.     Denies each and every allegation contained in paragraph 17 of the Complaint except admits that Plaintiffs purport to refer to the VIGOR study and "industry-sponsored studies" and a particular publication and respectfully refers the Court to the referenced studies and publication for their actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck issued a press release in May 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint except admits that Plaintiffs purport to selectively quote a particular study and respectfully refers the Court to the referenced study for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that Plaintiffs purport to refer to a particular study and article and respectfully refers the Court to the referenced study and article for their actual language and full text.

27.     Denies each and every allegations contained in paragraph 27 of the Complaint except admits that Plaintiffs purport to refer to a particular study and article and respectfully refers the Court to the referenced study and article for their actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint except admits that the referenced Adverse Events Reporting System ("AERS") for adverse event reporting exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.

807605v.1

29.     Denies each and every allegation contained in paragraph 29 of the Complaint except admits various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx.  Merck further avers that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after eighteen months of treatment in the patients taking Vioxx compared with those taking placebo and given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that the voluntary withdrawal of Vioxx best served the interests of patients

### RESPONSE TO "PLAINTIFF'S USE OF VIOXX"

33.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

### RESPONSE TO "COUNT I STRICT LIABILITY – DEFECTIVE DESIGN"

35.     Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.     Denies each and every allegation in paragraph 36 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

37.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38, including subparts a - b, of the Complaint.

39.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief requested.

### RESPONSE TO DEMANDS SET FORTH IN
### AD DAMNUM CLAUSE FOR COUNT I

Plaintiff's ad damnum clause for Count I of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every

807605v.1

allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT II
## STRICT PRODUCT LIABLITY -- FAILURE TO WARN"

41.    Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

42.    Denies each and every allegation contained in paragraph 42 of the Complaint.

43.    The allegations contained in paragraph 43 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.    Denies each and every allegation contained in paragraph 44 of the Complaint.

45.    The allegations contained in paragraph 45 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint.

47.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint.

48.    Denies each and every allegation contained in paragraph 48 of the Complaint.

807605v.1

49.     Denies each and every allegation contained in paragraph 49 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief requested.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT II

Plaintiff's ad damnum clause for Count II of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT III NEGLIGENCE"

50.     Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

51.     The allegations contained in paragraph 51 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52, including subparts a - c, of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint except admits that Plaintiff purports to seek certain damages, but denies that there is any legal or factual basis for the relief requested.

807605v.1

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT III

Plaintiff's ad damnum clause for Count III of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT IV NEGLIGENT MISREPRESENTATION"

55.    Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

56.    Denies each and every allegation contained in paragraph 56 of the Complaint.

57.    Denies each and every allegation contained in paragraph 57 of the Complaint.

58.    Denies each and every allegation contained in paragraph 58 of the Complaint.

59.    Denies each and every allegation contained in paragraph 59 of the Complaint.

60.    Denies each and every allegation contained in paragraph 60 of the Complaint.

61.    Denies each and every allegation contained in paragraph 61, including subparts a - c, of the Complaint.

807605v.1

Case 2:05-md-01657-EEF-DEK   Document 4454   Filed 04/25/06   Page 12 of 23

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     The allegations contained in paragraph 63 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     The allegations contained in paragraph 65 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT IV

Plaintiff's ad damnum clause for Count IV of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

12

807605v.1

## RESPONSE TO "COUNT V FRAUD"

69.     Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76, including subparts a - c, of the Complaint.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

807605v.1

78.     The allegations contained in paragraph 78 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     The allegations contained in paragraph 80 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT V

Plaintiff's ad damnum clause for Count V of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

14

**RESPONSE TO "COUNT SIX (CONSORTIUM)"**

84.     Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

**RESPONSE TO DEMANDS SET FORTH IN
AD DAMNUM CLAUSE FOR COUNT VI**

Plaintiff's ad damnum clause for Count VI of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Lillian Vissichelli purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

**AS FOR A FIRST DEFENSE, MERCK ALLEGES:**

87.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

**AS FOR A SECOND DEFENSE, MERCK ALLEGES:**

88.     The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD DEFENSE, MERCK ALLEGES:**

89.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

807605v.1

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

90.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

91.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

92.     Plaintiffs' claims are barred, in whole or in part, by the First Amendment.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

93.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff George Vissichelli knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

94.     Plaintiffs' claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

95.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of

807605v.1

persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A TENTH DEFENSE, MERCK ALLEGES:

96.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff George Vissichelli's misuse or abuse of Vioxx.

### AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

97.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff George Vissichelli's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

### AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

98.     To the extent that Plaintiff George Vissichelli's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

### AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

99.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

100.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

807605v.1

## AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

101.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

102.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck or this Defendant to warn Plaintiff George Vissichelli directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

## AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

103.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

## AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

104.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

105.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

106.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

807605v.1

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

107.     Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

108.     This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

109.     At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

110.     This case is subject to dismissal or stay on the grounds of forum non conveniens.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

111.     Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

112.     To the extent that Plaintiffs rely upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

113.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

807605v.1

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

114.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

115.    Merck is not guilty of negligence and violated no duty owing to Plaintiffs.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

116.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity or standing to bring such claims.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

117.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate this Defendant's state and federal constitutional rights.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

118.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of this Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, an award of punitive damages is barred.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

119.    To the extent that Plaintiffs seek punitive damages, such damages are barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

807605v.1

## AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

120.    Merck has complied with requirements promulgated by and under federal law.  The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt Plaintiffs' claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

807605v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: April 25, 2006.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

Defendant's Liaison Counsel

Patricia E. Lowry
John B. T. Murray, Jr.
Dori K. Stibolt
SQUIRE, SANDERS & DEMPSEY L.L.P.
    INCLUDING:
    STEEL HECTOR & DAVIS LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:   561-655-1509

*Attorneys for Defendant Merck & Co., Inc.*

807605v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of

Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S.

Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial

Order No. 8, on this 25th day of April, 2006.

807605v.1