FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 25  PM 4: 39

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL<br>CLASS ACTION CASES | ) MDL NO. 1657<br>)<br>) SECTION: L<br>)<br>) JUDGE FALLON<br>) MAG. JUDGE KNOWLES |

### DEFENDANT MERCK & CO., INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S POST-HEARING SUBMISSION REGARDING NEW JERSEY APPELLATE DIVISION CHOICE-OF-LAW RULING

In their further submission regarding *International Union of Operating Engineers Local #68 Welfare Fund v. Merck & Co., Inc.*, 2006 WL 827285 (N.J. Super. Ct. App. Div. March 31, 2006) ("*Engineers*"), plaintiffs suggest that this Court should disregard the overwhelming body of caselaw rejecting the approach taken by the *Engineers* court because "none of the cases Merck cites is a post-CAFA federal decision." (Pls.' Reply at 2.) Plaintiffs appear to believe that because Congress articulated a public interest in facilitating compensation for legitimate claims in the course of enacting the statute, the Class Action Fairness Act ("CAFA") somehow altered choice-of-law principles to encourage or even require the application of a single state's law in the context of a putative nationwide class action asserting state law causes of action.

Plaintiffs' reading of CAFA, however, turns that statute on its head. In fact, one of the primary reasons for CAFA's enactment was to curb the choice-of-law abuses that were occurring in various "magnet" courts throughout the country, which routinely applied the approach taken by the *Engineers* court, thereby overriding individual states' policy determinations regarding the

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep__807665v.1
___ Doc. No_____

scope of civil liability. *See* The Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 24 ("The effect of class action abuses in state courts is being exacerbated by the trend toward 'nationwide' class actions, which invite one state court to dictate to 49 others what their laws should be on a particular issue, thereby undermining basic federalism principles.").[1] And the legislative history of CAFA further illustrates that the statute was not meant to affect traditional choice-of-law principles. During the floor debate in the Senate, an amendment that would have permitted the application of a single state's law to all claims in nationwide class actions was proposed and explicitly rejected. *See* 151 Cong. Rec. S1166, S1184 (daily ed. Feb. 9, 2005) (rejecting on a 38-61 vote Senate Amendment 4 "to clarify the application of State law in certain class actions" presented by Sens. Feinstein and Bingaman).

Furthermore, although plaintiffs are correct in their assertion that the passage of CAFA was driven in part by concern that consumers were not receiving compensation for legitimate claims, Congress's concern for consumers had nothing to do with choice-of-law rules. Rather, Congress was focused on putting an end to the "magnet" court practice of approving abusive class action settlements, in which class counsel received a large attorneys' fee award and the class members received worthless coupons. For that reason, half of the statute is dedicated to protecting consumer rights in the class settlement context. *See, e.g.*, 28 U.S.C. §§ 1711-14 (codifying CAFA's "Consumer Class Action Bill of Rights").

---

[1] If the *Engineers* case had been filed after enactment of CAFA, it would have been removable to federal court and likely resulted in a very different choice-of-law ruling.

In sum, the passage of CAFA was intended to put an end to decisions like that in *Engineers* – not to support them. Accordingly, pre-CAFA federal court decisions applying choice-of-law rules are just as persuasive authority today as they were prior to CAFA's enactment – if not more so.

Respectfully submitted,

*/s/ Carmelite M. Bertaut*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

807665v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Merck & Co., Inc.'s Supplemental Response to Plaintiffs' Steering Committee's Post-Hearing Submission Regarding New Jersey Appellate Division Choice-of-Law Ruling has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 25th day of April, 2006.

_____

807665v.1