**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 25  PM 3: 48

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| In Re:  VIOXX | : |
| | : |
| PRODUCTS LIABILITY LITIGATION | : |
| | : |
| This document relates to All Actions and | : |
| Nos. 2:06-cv- 419; 2:05-cv-547 and | : |
| 2:05-cv-00443 | : |
| | : |
| | : |

MDL Docket NO. 1657

SECTION L

JUDGE FALLON

MAG. JUDGE KNOWLES

**PLAINTIFFS' STEERING COMMITTEE'S REPLY BRIEF**
**IN SUPPORT OF MOTION**
**TO IMPLEMENT PROCEDURE FOR RAPID REMAND**

**I. INTRODUCTION**

In the interest of meeting this Court's concern for instructive jury verdicts, the PSC has

proposed that a suggestion of remand issue for three cases that the committee considers

representative of Vioxx claimants.  The PSC has consistently maintained that to promptly obtain

representative trials resulting in instructive jury verdicts, this Court must choose cases originating

in locales beyond the confines of this district and promptly issue a suggestion of remand of these

trial-ready actions to their originating transferor forums.   Trying cases solely from the Eastern

District of Louisiana limits the ability of the parties to select from the broader spectrum of litigants

currently on the dockets of the federal judiciary.  Having these representative cases tried in their

original forums will provide a broader perspective on jury results, lessen the burden on this Court

in physically trying the cases, and afford the Court the perspective of other jurists about the merits

___ Fee_____
___ Process_____
_X_ Dktd _____
_✓_ CtRmDep_____
___ Doc. No._____

of the litigation.

Merck & Co., Inc. ("Merck") insists on concentrating test case selection on litigants only within the venue of this District. Even though this Court has already presided upon two trials of Irvin/Plunkett after having denied the plaintiff's requested continuances due to ongoing discovery needs, Merck currently posits that the requested accelerated remand should not occur because "core" discovery has not yet been completed in the MDL. Merck also asserts that the three cases proposed are not "trial-ready" and such remand would defeat Merck's interest in trying federal cases only in this Court. Merck's arguments are silly and transparent.

To begin, where was Merck's proffer of the view that "core" discovery must be completed prior to trial during the Irvin/Plunkett pre-trial conference? In a case where Merck produced only days before the start of the Irvin/Plunkett trial enormous quantities of documents that it previously withheld as confidential, Merck never suggested that incomplete "core" discovery should delay the start of that trial. Instead Merck insisted on going forward. Now, in the last two weeks, back-to-back jury verdicts against Merck have been obtained in state court venues. In the Cona and McDarby trial in New Jersey, the jury found that Merck marketed Vioxx in violation of the Consumer Fraud Act and awarded substantial compensatory and punitive damages against the company for a 76-year old, long-term user of Vioxx with a prior history of diabetes and other cardiac ailments. In the Garza trial in Texas, the jury rejected Merck's argument that short term use of Vioxx was safe and awarded substantial compensatory and punitive damages to a 71 year old smoker with an extensive cardiac history who used Vioxx for approximately one month. Merck's interest in avoiding trial in any venue where it feels threatened is obvious.

Nevertheless, the three cases selected for immediate remand are as "trial-ready" as any of the

2

cases currently within the MDL and their trial will afford this Court just as valid a result as any case whose trial is conducted within the MDL. There is therefore no reason to delay the suggestion of immediate remand of these select cases.

## II. ARGUMENT

Both parties recognize that the statutory construction of 28 U.S.C. §1407, as interpreted by the United States Supreme Court in *Lexecon Inc. v. Milberg, Weiss, Hynes & Lerach*, 523 U.S. 26 (1988), impedes this Court's ability to try cases from outside of this venue. Without the benefit of the waiver by Merck of any 28 U.S.C. §1404(a) venue issue, only cases within this district can be tried here. Nevertheless, this Court has instructed the parties that it is interested in getting early trials to get results from juries to inform the litigants of case values as a prelude to resolution of the litigation.

To achieve this Court's interests, the PSC has proposed a means to obtain jury trial results from cases in other locales. It is well established that for good cause being shown, "the MDL Panel will remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings." *In re National Century Financial Enterprises Inc. Financial Investment Litigation*, 2004 WL 882456, *2 (S.D.Ohio 2004); *In re South Central States Bakery Products Antitrust Litigation*, 462 F.Supp. 388, 390 (J.P.M.L. 1978). As recognized by the Third Circuit in *In re Patenuade*, 210 F.3d 135, 145 (3rd Cir. 2000), the determination of remand is always discretionary. Under the circumstances present in this multi-district litigation, where this transferee court is conducting trials whilst in the midst of ongoing discovery, the PSC has met its burden because such remands "will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation." *Id., quoting, In re Air Crash Disaster at Tenerife*, 461 F.Supp.

671, 672 (J.P.M.L. 1978)

Merck asserts that because "core" discovery is still ongoing there should not be remands of any cases for purposes of conducting trials in the transferee forum.  The fallacy of this argument is revealed by Merck's unwillingness to adhere to this position when litigating in this Court.  Merck never argued that the Irvin/Plunkett trial should have been continued so that "core" discovery could be completed.  Nor can Merck be heard to argue that Barnett, the case set for trial on July 24, 2006, should be so continued.  *See In re Vioxx Products Liability Litigation*, MDL No. 1657, Minute Entry of April 18, 2006 (E.D.La. April 18, 2006).

Although the PSC has in the past maintained the trials in the MDL should be continued to allow for the completion of discovery, that argument has not been accepted.  It therefore follows that if cases can be presented to juries in the Eastern District of Louisiana without completion of "core" discovery, there is no sound basis to conclude that trials can not be conducted in other federal venues in any way that would disturb the coordinated pretrial proceedings in the MDL.  Indeed, granting the instant motion will serve to promote and achieve this Court's ultimate goal of obtaining instructive jury verdicts.

Merck has also argued that none of the actions proposed for rapid remand are "trial-ready." These arguments that the federal cases are not "trial-ready" is mere posturing.  For example, the Pikul action was filed before the Garza case, yet the Garza case has already proceeded to verdict. For all three cases, Pikul, Boyer and Burt, Merck argues that discovery is in the "early stages" and that expert discovery has not yet begun.  These factors are of no moment as the Barnett case, which is slated for trial on July 24, 2006, suffers from the same infirmities.  There is nothing distinguishing about the Barnett case, which has received Merck's "trial ready" imprimatur and the cases selected

4

for rapid remand. Merck's attempt to elevate "trial ready" to a plateau that can not be reached by the rapid remand cases is disingenuous and antithetical to the objectives of this coordinated litigation.

Equally ineffectual is Merck's final contention that a suggestion of remand for only three cases would undermine the MDL trial selection process. The limitations imposed by *Lexecon* restrict the trial selection process to cases filed in this District, which has proven to be a more difficult proposition than that alluded to in Merck's papers. The PSC has therefore proposed trials for only three (3) representative claimants whose cases originated elsewhere that would provide informative and instructive jury verdicts. Rather than undermine the trial selection process, the rapid remand of these cases promises to obtain and fulfill the goals of this Court's ultimate objective: to reach instructive jury verdicts. Merck's concern that the remand of these cases is only the first in a salvo of other similar requests for remand is unfounded speculation. The PSC harbors no such secret plan. Instead, the proposed motion embraces the goals of the Court and offers an alternative means to implement them.

As remand of these cases to meet the Court's goals will serve the convenience of the parties and will promote the just and efficient conduct of the litigation, there is every reason to find that good cause exists for granting the motion.

## III. **CONCLUSION**

The motion to implement a procedure for rapid remand should be granted.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date: April 25, 2006

By:_____

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, L.L.P.*
Place St. Charles
201 St. Charles Avenue
Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

6

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File and Serve Advanced, in accordance with Pre-Trial Order No. 8, on this the 25th day of April, 2006.