UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX ) 
PRODUCTS LIABILITY LITIGATION ) MDL NO. 1657
)
THIS DOCUMENT RELATES TO ALL ) SECTION L
CASES ) JUDGE FALLON

## ORDER REGARDING PRODUCTION OF INTERIM DATA FROM THE APPROVE FOLLOW UP STUDIES

THIS MATTER having come before the Court by oral motion of the Plaintiffs' Steering Committee at conference held on April 13, 2006;

IT IS on this 24th day of April 2006,

ORDERED as follows:

1. Merck shall not produce any interim information regarding the follow up data from Protocol 122 and the extensions to Protocol 122 (P122-10, -11, -20) (hereinafter "APPROVe follow-up studies") except as specifically set forth below.

2. Merck will produce one set of APPROVe follow-up studies datasets in electronic form, one set of the APPROVe follow-up studies final cardiovascular adjudication packages ("packages"), and, to the extent any exist, one copy of any analyses of the foregoing. The production will be made directly to counsel for plaintiffs in each of the MDL trial cases, *Barnett*, *Smith*, *Mason*, and *Dedrick*, and shall be designated "Confidential--Subject to Protective Order." This production is hereinafter referred to as the "information."

3. Up to four members of each of the law firms of trial counsel may have access to the information and may discuss the information with each other and those

experts identified in paragraph 4. Additionally, Tom Kline and Troy Rafferty may have access to the information and may discuss the information with each other and those experts identified in paragraph 4. Shelly Sanford & John Restaino shall also have access to the information.

4.  Absent objection by any party, the information may also be provided to the experts retained by the plaintiffs and the defense in connection with the *Barnett*, *Smith*, *Mason*, and *Dedrick* trials. These experts must have already signed, or sign before receiving the information, the Certification accompanying the Stipulation and Protective Order Regarding Confidential Information executed on May 24, 2005, and must have submitted to the jurisdiction of this Court for purposes of complying with Pre-Trial Order No. 13 and this order.

5.  The designated recipients of the information shall make only such copies and other records as are necessary for their analyses. All documents, paper, electronic, or otherwise, containing the information or any information derived from the information will be kept strictly segregated from any other documents and best efforts shall be used to secure such documents.

6.  Prior to receiving the information, any expert for plaintiffs or the defense will sign an acknowledgement that they have read and will agree to abide by the terms of this Order. These certifications will be submitted to the Court under seal.

7.  No one may use or disclose in any way any of the information, except as set forth above.

8.  This order addresses only disclosure and not admissibility at trial or otherwise. If plaintiffs' counsel desire to use the information at trial, at deposition, or to make any use or disclosure of the information not expressly provided for herein, the

806258v.1

parties will meet and confer to attempt to resolve the issue. If the parties do not agree, they shall seek further guidance from the Court.

9. If the Court subsequently orders over Merck's objection further use or disclosure of the information, Merck preserves their right to appeal that decision and by agreeing to this Order, the defendant does not waive any claims of confidentiality.

10. By agreeing to the form this order, no party waives any rights they otherwise have.

11. The Court considers any breach of the terms of this Order to be a serious matter and violations are subject to sanctions.

New Orleans, Louisiana, this 24th day of April 2006.

ELDON E. FALLON
JUDGE, U.S. DISTRICT COURT

806258v.1