FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -1  PM 3:37

LORETTA G. WHYTE
CLERK

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: *Martha Paslay* | * | JUDGE FALLON |
| *v. Merck & Co., Inc.* (E.D. La Index No. 05-5414) | * | |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MERCK & CO., INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the numbered and unnumbered paragraphs of plaintiffs' Amended Complaint as follows:

### ANSWER TO "I. PARTIES"

1. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Amended Complaint, and therefore denies same.

2. Merck admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Merck denies each and every allegation contained in paragraph 3 of the Amended Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® (hereinafter "Vioxx") until Merck voluntarily withdrew Vioxx from the market on September 30, 2004. Merck further admits that Vioxx is the brand name for rofecoxib.

### ANSWER TO "II. JURISDICTION AND VENUE"

4. The allegations contained in paragraph 4 of the Amended Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck admits

____ Fee_____
____ Process_____
X  Dktd _____
____ CtRmDep_____
____ Doc. No._____

that plaintiffs allege an amount in controversy greater than $75,000 but avers that there is no legal or factual basis for any of the relief sought.

5.      The allegations contained in the first sentence in paragraph 5 of the Amended Complaint are legal conclusions as to which no answer is required.  Should an answer be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Amended Complaint, and therefore denies same.

6.      The allegations contained in paragraph 6 of the Amended Complaint are legal conclusions as to which no answer is required.  Should an answer be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Amended Complaint.

### ANSWER TO "III.  FACTUAL BACKGROUND"

7.      Merck denies each and every allegation contained in paragraph 7 of the Amended Complaint except admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

8.      Merck denies each and every allegation contained in paragraph 8 of the Amended Complaint, except admits that sales figures exceeded $2 billion for 2003.

9.      Merck denies each and every allegation contained in paragraph 9 of the Amended Complaint.

10.     Merck denies each and every allegation contained in paragraph 10 of the Amended Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

807764v.1

**ANSWER TO "III. A. Merck's Pre-Market knowledge of
Vioxx's Cardiotoxicity and Prothrombotic Effects"**

11.    Merck denies each and every allegation contained in paragraph 11 of the Amended Complaint.

12.    Merck denies each and every allegation contained in paragraph 12 of the Amended Complaint.

13.    Merck denies each and every allegation contained in paragraph 13 of the Amended Complaint except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.

14.    Merck denies each and every allegation in paragraph 14 of the Amended Complaint and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

15.    Merck denies each and every allegation contained in paragraph 15 of the Amended Complaint.

**ANSWER TO "III. B. The Vioxx Gastrointestinal Research ('VIGOR') Study"**

16.    Merck denies each and every allegation contained in paragraph 16 of the Amended Complaint.

17.    Merck denies each and every allegation contained in paragraph 17 of the Amended Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

18.    Merck denies each and every allegation contained in paragraph 18 of the Amended Complaint.

19.    Merck denies each and every allegation contained in paragraph 19 of the Amended Complaint.

807764v.1

20.      Merck denies each and every allegation contained in paragraph 20 of the Amended Complaint.

21.      Merck denies each and every allegation contained in paragraph 21 of the Amended Complaint.

22.      Merck denies each and every allegation contained in paragraph 22 of the Amended Complaint and respectfully refers the Court to the referenced study for its actual conclusions and full text.

23.      Merck denies each and every allegation contained in paragraph 23 of the Amended Complaint.

24.      Merck denies each and every allegation contained in the first sentence of paragraph 24 of the Amended Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 24 of the Amended Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.  Merck denies each and every allegation contained in the third sentence of paragraph 24 of the Amended Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

25.      Merck denies each and every allegation contained in paragraph 25 of the Amended Complaint.

26.      Merck denies each and every allegation contained in paragraph 26 of the Amended Complaint except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

27.      Merck denies each and every allegation contained in paragraph 27 of the Amended

4

Complaint except admits that the referenced press releases exist and respectfully refers the Court to the referenced documents for their actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Amended Complaint except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Amended Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC i n September 2001 and respectfully refers the Court to that letter for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Amended Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Amended Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Amended Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Amended Complaint.

34.     Merck denies each and every allegation contained in the paragraph 34 of the Amended Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a

807764v.1

prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

### ANSWER TO "III. C.  Post-Withdrawal Confirmation of Vioxx's Cardiotoxicity"

35.     Merck denies each and every allegation contained in paragraph 35 of the Amended Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

36.     Merck denies each and every allegation contained in paragraph 36 of the Amended Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

37.     Merck denies each and every allegation contained in paragraph 37 of the Amended Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

38.     Merck denies each and every allegation contained in paragraph 38 of the Amended Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

39.     Merck denies each and every allegation contained in paragraph 39 of the Amended Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

40.     Merck denies each and every allegation contained in paragraph 40 of the Amended Complaint except admits that the referenced study and studies exists and respectfully refers the Court

807764v.1

to the referenced study and studies for their actual language, conclusions and full text.

41.     Merck denies each and every allegation contained in paragraph 41 of the Amended Complaint except admits that the referenced hearings took place and respectfully refers the Court to the transcripts of the referenced hearing for Dr. Graham's actual language and conclusions.

42.     Merck denies each and every allegation contained in paragraph 42 of the Amended Complaint except admits that the referenced hearings took place and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

43.     Merck denies each and every allegation contained in paragraph 43 of the Amended Complaint except admits that the referenced hearings took place and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

44.     Merck denies each and every allegation contained in paragraph 44 of the Amended Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.  Merck further avers that the FDA has not announced whether it will accept the committee's recommendations.

## ANSWER TO "IV.  MARTHA PASLAY"

45.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Amended Complaint, and therefore denies same.

46.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Amended Complaint, and therefore denies same.

47.     Merck denies each and every allegation contained in paragraph 47 of the Amended Complaint.

807764v.1

48.      Merck denies each and every allegation contained in paragraph 48 of the Amended Complaint.

49.      Merck denies each and every allegation contained in paragraph 49 of the Amended Complaint.

50.      Merck denies each and every allegation contained in paragraph 50 of the Amended Complaint.

51.      Merck denies each and every allegation contained in paragraph 51 of the Amended Complaint.

**ANSWER TO "V. CAUSES OF ACTION- COUNT ONE (Negligence)"**

52.      With respect to the allegations contained in paragraph 52 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

53.      The allegations contained in paragraph 53 of the Amended Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck denies each and every allegation contained in said paragraph.

54.      The allegations contained in paragraph 54 of the Amended Complaint are legal conclusions as to which no answer is required. Should an answer be deemed required, Merck denies each and every allegation contained in said paragraph.

55.      Merck denies each and every allegation contained in paragraph 55 of the Amended Complaint.

56.      Merck denies each and every allegation contained in paragraph 56 of the Amended Complaint.

57.      Merck denies each and every allegation contained in paragraph 57 of the Amended

807764v.1

Complaint, including subparagraph (a) through (m).

58.     Merck denies each and every allegation contained in paragraph 58 of the Amended Complaint.

59.     Merck denies each and every allegation contained in paragraph 59 of the Amended Complaint.

60.     Merck denies each and every allegation contained in paragraph 60 of the Amended Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Amended Complaint.

62.     Merck denies each and every allegation contained in paragraph 62 of the Amended Complaint.

### ANSWER TO "V. CAUSES OF ACTION- COUNT TWO (Products Liability)"

63.     With respect to the allegations contained in paragraph 63 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 62 of this Answer with the same force and effect as though set forth here in full.

64.     Merck denies each and every allegation contained in paragraph 64 of the Amended Complaint except that Merck admits it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

65.     Merck denies each and every allegation contained in paragraph 65 of the Amended Complaint.

66.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Amended Complaint, and therefore denies same.

807764v.1

67.     Merck denies each and every allegation contained in paragraph 67 of the Amended Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Amended Complaint.

69.     Merck denies each and every allegation contained in paragraph 69 of the Amended Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Amended Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Amended Complaint.

72.     Merck denies each and every allegation contained in paragraph 72 of the Amended Complaint.

73.     Merck denies each and every allegation contained in paragraph 73 of the Amended Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of the Amended Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Amended Complaint.

76.     Merck denies each and every allegation contained in paragraph 76 of the Amended Complaint.

### ANSWER TO "V.  CAUSES OF ACTION- COUNT THREE (Fraud)"

77.     With respect to the allegations contained in paragraph 77 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in

807764v.1

paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78.      Merck denies each and every allegation contained in paragraph 78 of the Amended Complaint.

79.      Merck denies each and every allegation contained in paragraph 79 of the Amended Complaint.

80.      Merck denies each and every allegation contained in paragraph 80 of the Amended Complaint.

81.      Merck denies each and every allegation contained in paragraph 81 of the Amended Complaint.

82.      Merck denies each and every allegation contained in paragraph 82 of the Amended Complaint.

83.      Merck denies each and every allegation contained in paragraph 83 of the Amended Complaint.

84.      Merck denies each and every allegation contained in paragraph 84 of the Amended Complaint.

85.      Merck denies each and every allegation contained in paragraph 85 of the Amended Complaint.

86.      Merck denies each and every allegation contained in paragraph 86 of the Amended Complaint.

87.      Merck denies each and every allegation contained in paragraph 87 of the Amended Complaint.

88.      Merck denies each and every allegation contained in paragraph 88 of the Amended Complaint.

807764v.1

89.     Merck denies each and every allegation contained in paragraph 89 of the Amended Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the Amended Complaint.

91.     Merck denies each and every allegation contained in paragraph 91 of the Amended Complaint.

### ANSWER TO "V.  CAUSES OF ACTION- COUNT FOUR
### (Breach of Warranties (Express and Implied))"

92.     With respect to the allegations contained in paragraph 92 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 91 of this Answer with the same force and effect as though set forth here in full.

93.     Merck denies each and every allegation contained in paragraph 93 of the Amended Complaint.

94.     Merck denies each and every allegation contained in paragraph 94 of the Amended Complaint, including subparagraphs (a) through (f).

95.     Merck denies each and every allegation contained in paragraph 95 of the Amended Complaint.

96.     Merck denies each and every allegation contained in paragraph 96 of the Amended Complaint.

97.     Merck denies each and every allegation contained in paragraph 97 of the Amended Complaint.

98.     Merck denies each and every allegation contained in paragraph 98 of the Amended Complaint.

99.     Merck denies each and every allegation contained in paragraph 99 of the Amended

12

807764v.1

Complaint, including subparagraphs (a) through (c).

100.     Merck denies each and every allegation contained in paragraph 100 of the Amended Complaint.

101.     Merck denies each and every allegation contained in paragraph 102 of the Amended Complaint.

102.     Merck denies each and every allegation contained in paragraph 102 of the Amended Complaint.

### ANSWER TO "V.  CAUSES OF ACTION- COUNT FIVE (Unjust Enrichment)"

103.     With respect to the allegations contained in paragraph 103 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 102 of this Answer with the same force and effect as though set forth here in full.

104.     Merck denies each and every allegation contained in paragraph 104 of the Amended Complaint except that Merck admits it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

105.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 of the Amended Complaint, and therefore denies same.

106.     Merck denies each and every allegation contained in paragraph 106 of the Amended Complaint.

107.     Merck denies each and every allegation contained in paragraph 107 of the Amended Complaint.

108.     Merck denies each and every allegation contained in paragraph 108 of the Amended Complaint.

807764v.1

109.    With respect to the allegations contained in paragraph 109 of the Amended Complaint, Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought.

### ANSWER TO "PRAYER FOR RELIEF"

110.    With respect to the allegations contained in paragraph 110 of the Amended Complaint, Merck admits that plaintiffs request that the matter be set for jury trial.

111.    With respect to the allegations contained in paragraph 111 of the Amended Complaint, Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought.

112.    With respect to the allegations contained in paragraph 112 of the Amended Complaint, Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought.

113.    With respect to the allegations contained in paragraph 113 of the Amended Complaint, Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought, specifically denies that plaintiffs are entitled to punitive damages, and affirmatively avers that plaintiffs have failed to state a claim for punitive damages.

114.    With respect to the allegations contained in paragraph 114 of the Amended Complaint, Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought.

115.    With respect to the allegations contained in paragraph 115 of the Amended Complaint, Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought.

116.    With respect to the allegations contained in paragraph 116 of the Amended Complaint,

807764v.1

Merck admits that plaintiffs purport to seek damages but denies that there is any factual or legal basis to support the relief sought.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter. Merck therefore asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate. Further, Merck reserves the right to amend its answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Merck states as follows:

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. Each and every claim asserted or raised in the Amended Complaint is barred by the applicable statue of limitations and is otherwise untimely.

3. Each and every claim asserted or raised in the Amended Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

4. If plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other independent, intervening or superseding cause or causes over which Merck had no control. Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by plaintiffs, and thereby become the immediate

807764v.1

and/or sole proximate or producing cause of such occurrence and injuries.

5.     To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

6.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration ("FDA") under 52 Stat. 1040, 21 U.S.C. § 301, and because Merck has complied with all requirements of the FDA.

7.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

8.     To the extent plaintiffs assert claims based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck had no contact with plaintiffs and no duty to communicate warnings to plaintiffs.

9.     Any warnings that Merck gave were transmitted to the prescribing physician and/or health-care providers and, under the learned-intermediary doctrine as applied in Tennessee, Merck's only obligation is to warn the prescribing physician and/or health-care providers and said obligation was fulfilled.

10.     Plaintiffs' claims are barred by the intervention of a learned-intermediary or intermediaries whose acts, omissions or fault are the cause of plaintiffs' injuries, damages or losses, if any.

11.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other Merck drug or pharmaceutical preparation plaintiff Martha Paslay alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

807764v.1

12.     If plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were caused in whole or in part by the negligence of the allegedly injured plaintiff or third parties, and damages, if any, must be reduced proportionately or barred.

13.     If plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

14.     If plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this defendant is not responsible.

15.     Plaintiffs' claims are barred in whole or in part because Vioxx is a prescription medication which is "unavoidably unsafe" within the meaning of comment k to Section 402A of the Restatement (Second) of Torts.

16.     Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

17.     To the extent that plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or because the alleged warranties were disclaimed.

18.     The Amended Complaint fails to state a claim for which relief may be granted for punitive damages, exemplary or treble damages.

19.     To the extent that plaintiffs seek punitive, exemplary or treble damages for the

807764\.1

conduct that allegedly caused injuries asserted in the Amended Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

20.     To the extent that plaintiffs seek punitive, exemplary or treble damages for an alleged act or omission of Merck, no act or omission was intentional, malicious, fraudulent or reckless and, therefore, any award of punitive, exemplary or treble damages is barred.

21.     Plaintiffs' demand for punitive, exemplary or treble damages is barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

22.     An award of punitive, exemplary or treble damages without bifurcating the trial as to all alleged punitive damages would violate Merck's due process rights under the United States Constitution, therefore Merck moves for bifurcation on the issue of punitive damages.

23.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured, barring plaintiffs' recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

24.     If plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of Vioxx barring recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

25.     Plaintiffs' claims are barred because Vioxx was neither defective nor unreasonably dangerous in its design, manufacture or marketing at the time it left Merck's hands, and was at all times reasonably safe and reasonably fit for its intended use, thereby barring plaintiffs' recovery pursuant to the at the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq.*

26.     To the extent the plaintiffs' claims are based upon any theory of product liability,

18

they are barred or limited by Tennessee's Product Liability Act, Tenn. Code Ann. §29-28-101 *et seq.*, and Merck affirmatively asserts all defenses available therein.

27.     To the extent plaintiffs are seeking recovery for benefits they may be entitled to receive or have actually received from any other source for injuries alleged in the Amended Complaint, such benefits are not recoverable in this action.

28.     Any liability that might otherwise be imposed upon this defendant is subject to reduction or bar by the application of the doctrine of comparative fault.

29.     Plaintiffs' claims are barred by their failure to prevent or mitigate the damages claimed.

30.     Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

31.     To the extent that plaintiffs' reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

32.     If plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God, or were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

33.     Each and every claim asserted or raised in the Amended Complaint is barred by the doctrine of res judicata.

34.     Each and every claim in the Amended Complaint is barred by the doctrine of payment and release.

35.     The benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

36.     Plaintiffs have failed to join all necessary and indispensable parties.

19

807764v.1

37.     The extent of any risk associated with the use of Vioxx, the existence of which risk is not admitted, was, at the time of the distribution of the product, unknown and could not have been known by the use of ordinary care by Merck.

38.     This case is more appropriately brought in a different venue.

39.     Venue in this case is improper.

40.     Plaintiff Martha Paslay knew of the existence of any risks complained of in the Amended Complaint, realized and appreciated the possibilities of injury as a result of the risk, and having had a reasonable opportunity to avoid it, voluntarily exposed herself to the risk.

41.     At the time the product at issue was manufactured, there was no practical and technically feasible alternative design or formulation that would have prevented the alleged harm without substantially impairing the usefulness of the product.

42.     Merck made no express or implied representations or warranties of any kind to plaintiffs, nor did plaintiffs rely on any representations or warranties made by Merck.  To the extent plaintiffs relied upon and representations or warranties, such reliance was unjustified.

43.     Merck did not breach any duty of care to plaintiffs.

44.     To the extent plaintiffs seek to assert claims based upon allegations of fraud, such claims are barred by reason of plaintiffs' failure to allege fraud with the particularity required by the Federal and Tennessee Rules of Civil Procedure.

45.     Inasmuch as the Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

807764v.1

46.     The claims of the Plaintiffs may be barred, in whole or in part, for recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

47.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

48.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

49.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

50.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

51.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

52.     The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

53.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in

807764v.1

accordance with federal and governing state laws.

54.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

55.     The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

56.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

57.     Plaintiffs have not sustained any injury or damages compensable at law.

58.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

Merck hereby give notice that it will rely on all defenses that may be raised by any other defendant or that otherwise may become available during discovery or trial, and reserves the right to amend its Answer to assert any such defense.

WHEREFORE, Merck denies any and all liability to plaintiffs, and respectfully demands judgment dismissing plaintiffs' Amended Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

807764v.1

## MERCK'S JURY DEMAND

Merck hereby requests a trial by jury.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone:  (504) 581-3200
Fax:         (504) 581-3361

Defendant's Liaison Counsel

Charles C. Harrell
Lisa M. Martin
Attorneys For Defendants
Butler, Snow, O'Mara,
Stevens & Cannada, PLLC
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7200
Facsimile:  (901) 680-7201

Counsel for Defendant Merck & Co., Inc.

807764v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Affirmative Defenses of Defendant

Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by

hand delivery and e-mail upon all parties by electronically uploading same to LexisNexis File & Serve

Advanced in accordance with PreTrial Order No. 8, on this 1st day of May, 2006.

*Dorothy H. Wimberg*

807764v.1