FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY - 1   PM 3: 36

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | : MDL Docket No. 1657 |
| | : |
| PRODUCTS LIABILITY LITIGATION | : SECTION L |
| | : |
| This document relates to: | : JUDGE FALLON |
| *Charles Baker and Phyllis Baker v. Merck & Co., Inc.* | : |
| (E.D. La. Index No. CA-05-1564-L) | : MAG. JUDGE KNOWLES |
| | : |

## ANSWER OF DEFENDANT MERCK & CO., INC.
## TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Merck & Co., Inc. ("Merck") by and through its undersigned counsel, responds to Plaintiffs' Amended Complaint ("Amended Complaint") herein as follows:

### RESPONSE TO "JURISDICTIONAL STATEMENT"

1.      The allegations contained in paragraph 1 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

### RESPONSE TO "PARTIES"

2.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Amended  Complaint.

3.      Merck denies each and every allegation contained in paragraph 3 of the Amended Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No_____

## RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

4.      Merck denies each and every allegation contained in paragraph 4 of the Amended Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

5.      Merck denies each and every allegation contained in paragraph 5 of the Amended Complaint.

6.      Merck denies each and every allegation contained in paragraph 6 of the Amended Complaint.

7.      Merck denies each and every allegation contained in paragraph 7 of the Amended Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

8.      Merck denies each and every allegation contained in paragraph 8 of the Amended Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

9.      Merck denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in paragraph 9 of the Amended Complaint.

10.      Merck denies each and every allegation contained in paragraph 10 of the Amended Complaint.

11.      Merck denies each and every allegation contained in paragraph 11 of the Amended Complaint.

12.      With respect to the allegations contained in paragraph 12 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and

808493v.1

statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

13.     Merck denies each and every allegation contained in paragraph 13 of the Amended Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).  Merck further admits that VIOXX® is Merck's trade name for rofecoxib.

14.     Merck denies each and every allegation contained in paragraph 14 of the Amended Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

15.     Merck admits the allegations contained in paragraph 15 of the Amended Complaint that it submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

16.     Merck admits the allegations contained in paragraph 16 of the Amended Complaint that it submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the FDA and respectfully refers the Court to the Application for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Amended Complaint except admits that Merck sought and received FDA approval to

808495v.1

manufacture and market the prescription medicine VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its indicated uses.

18.     Merck denies each and every allegation contained in paragraph 18 of the Amended Complaint except admits that Plaintiffs purport to quote portions of the referenced label and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

19.     Merck denies each and every allegation contained in paragraph 19 of the Amended Complaint except admits that Plaintiffs purport to quote portions of the referenced label and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

20.     Merck denies each and every allegation contained in paragraph 20 of the Amended Complaint except admits that Merck scientists participated in the VIGOR study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text.

21.     Merck admits that in paragraph 21 of the Amended Complaint plaintiffs purport to quote the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 22 of the Amended Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

23.     Merck denies each and every allegation contained in paragraph 23 of the Amended Complaint.

- 4 -

808495v.1

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 25 of the Amended Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 26 of the Amended Complaint except admits that the referenced studies exist and respectfully refer the Court to said studies for their actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Amended Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Amended Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Amended Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Amended Complaint except admits that in April 2002 the FDA approved certain changes to

- 5 -

the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Amended Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Amended Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Amended Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

34.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Amended Complaint.

35.     Merck denies each and every allegation contained in paragraph 35 of the Amended Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Amended Complaint except admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to the 2001 Annual Report for its actual language and full text.

37.    Merck denies each and every allegation contained in paragraph 37 of the Amended Complaint except admits that Plaintiffs purport to quote from a Merck 8-k filing with the Securities and Exchange Commission and respectfully refers the Court to the relevant document for its actual language and full text.

38.    Merck denies each and every allegation contained in paragraph 38 of the Amended Complaint.

## RESPONSE TO "COUNT I:  NEGLIGENCE"

39.    With respect to the allegations contained in paragraph 39 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

40.    Merck denies each and every allegation contained in paragraph 40 of the Amended Complaint, including subparagraphs a. through j.

41.    Merck denies each and every allegation contained in paragraph 41 of the Amended Complaint.

## RESPONSE TO "COUNT II:  STRICT PRODUCT LIABILITY"

42.    With respect to the allegations contained in paragraph 42 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

43.    Merck denies each and every allegation contained in paragraph 43 of the Amended Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

- 7 -

44.     Merck denies each and every allegation contained in paragraph 44 of the Amended Complaint.

45.     Merck denies each and every allegation contained in the first sentence of paragraph 45 of the Amended Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 45 of the Amended Complaint.

46.     Merck denies each and every allegation contained in paragraph 46 of the Amended Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third and fourth sentences of paragraph 46 of the Amended Complaint.

47.     Merck denies each and every allegation contained in paragraph 47 of the Amended Complaint.

48.     Merck denies each and every allegation contained in paragraph 48 of the Amended Complaint.

49.     Merck denies each and every allegation contained in paragraph 49 of the Amended Complaint.

50.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Amended Complaint. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

51.     Merck denies each and every allegation contained in paragraph 51 of the Amended Complaint.

808495v.1

52.     Merck denies each and every allegation contained in paragraph 52 of the Amended Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Amended Complaint.

### RESPONSE TO "COUNT III:  FAILURE TO WARN"

54.     With respect to the allegations contained in paragraph 54 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

55.     Merck denies each and every allegation contained in paragraph 55 of the Amended Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

56.     Merck denies each and every allegation contained in paragraph 56 of the Amended Complaint.

57.     Merck denies each and every allegation contained in paragraph 57 of the Amended Complaint.

58.     Merck denies each and every allegation contained in paragraph 58 of the Amended Complaint.

59.     Merck denies each and every allegation contained in paragraph 59 of the Amended Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

60.     Merck denies each and every allegation contained in paragraph 60 of the Amended Complaint.

808495v.1

## RESPONSE TO "COUNT IV:  BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY"

61.     With respect to the allegations contained in paragraph 61 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

62.     Merck denies each and every allegation contained in paragraph 62 of the Amended Complaint.

63.     Merck denies each and every allegation contained in paragraph 63 of the Amended Complaint.

## RESPONSE TO "COUNT V:  BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

64.     With respect to the allegations contained in paragraph 64 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

65.     Merck denies each and every allegation contained in paragraph 65 of the Amended Complaint.

66.     Merck denies each and every allegation contained in paragraph 66 of the Amended Complaint except admits that the FDA approved VIOXX® as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

808495v.1

67.     Merck denies each and every allegation contained in paragraph 67 of the Amended Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Amended Complaint.

**RESPONSE TO "COUNT VI:  BREACH OF EXPRESS WARRANTY"**

69.     With respect to the allegations contained in paragraph 69 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

70.     Merck denies each and every allegation contained in paragraph 70 of the Amended Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Amended Complaint.

72.     The allegations in paragraph 72 of the Amended Complaint and subparagraphs a.-c. of paragraph 72 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and subparagraphs and respectively refers the Court to the relevant state law standard, including any conflict of laws rules.

73.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Amended Complaint.

74.     The allegations in paragraph 74 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

808495v.1

required, Merck denies each and every allegation contained in paragraph 74 of the Amended Complaint.

75.     The allegations in paragraph 75 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 75 of the Amended Complaint.

76.     Merck denies each and every allegation contained in paragraph 76 of the Amended Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Amended Complaint.

78.     The allegations in paragraph 78 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 78 of the Amended Complaint.

### RESPONSE TO "COUNT VII:  MISREPRESENTATION"

79.     With respect to the allegations contained in paragraph 79 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

80.     Merck denies each and every allegation contained in paragraph 80 of the Amended Complaint.

81.     Merck denies each and every allegation contained in paragraph 81 of the Amended Complaint.

- 12 -

82.     Merck denies each and every allegation contained in paragraph 82 of the Amended Complaint.

83.     Merck denies each and every allegation contained in paragraph 83 of the Amended Complaint.

84.     Merck denies each and every allegation contained in paragraph 84 of the Amended Complaint.

### RESPONSE TO "COUNT VIII:  VIOLATION OF UNFAIR TRADE PRACTICE/CONSUMER PROTECTION LAWS"

85.     With respect to the allegations contained in paragraph 85 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

86.     Merck denies each and every allegation contained in paragraph 86 of the Amended Complaint.

87.     Merck denies each and every allegation contained in paragraph 87 of the Amended Complaint.

88      Merck denies each and every allegation contained in paragraph 88 of the Amended Complaint.

89.     Merck denies each and every allegation contained in paragraph 89 of the Amended Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the Amended Complaint.

91.     Merck denies each and every allegation contained in paragraph 91 of the Amended Complaint.

808495v.1

92.     Merck denies each and every allegation contained in paragraph 92 of the Amended Complaint.

93.     Merck denies each and every allegation contained in paragraph 93 of the Amended Complaint.

94.     Merck denies each and every allegation contained in paragraph 94 of the Amended Complaint.

95.     Merck denies each and every allegation contained in paragraph 95 of the Amended Complaint.

96.     Merck denies each and every allegation contained in paragraph 96 of the Amended Complaint.

97.     Merck denies each and every allegation contained in paragraph 97 of the Amended Complaint.

98.     Merck denies each and every allegation contained in paragraph 98 of the Amended Complaint.

99.     Merck denies each and every allegation contained in paragraph 99 of the Amended Complaint.

100.    Merck denies each and every allegation contained in paragraph 100 of the Amended Complaint.

101.    Merck denies each and every allegation contained in paragraph 101 of the Amended Complaint.

102.    Merck denies each and every allegation contained in paragraph 102 of the Amended Complaint.

808495v.1

## RESPONSE TO "COUNT IX:  PUNITIVE DAMAGES"

103.    With respect to the allegations contained in paragraph 103 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

104.    The allegations in paragraph 104 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 104 of the Amended Complaint and further denies that plaintiffs are entitled to the award of any damages, including punitive damages.

## RESPONSE TO "COUNT X:  LOSS OF CONSORTIUM"

105.    With respect to the allegations contained in paragraph 105 of the Amended Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

106.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 106 of the Amended Complaint.

107.    Merck denies each and every allegation contained in paragraph 107 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

108.    Each and every claim asserted or raised in the Amended Complaint is barred by the applicable statute of limitations and is otherwise untimely.

808495v.1

109.    The Amended Complaint fails to state a claim upon which relief can be granted.

110.    Each and every claim asserted or raised in the Amended Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

111.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

112.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

113.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

114.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

115.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

116.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of,

- 16 -

808495v.1

administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

117.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

118.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of VIOXX®.

119.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

120.    To the extent that Plaintiffs relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

121.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

122.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

123.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

808495v.1

124.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

125.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

126.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

127.    This case is more appropriately brought in a different venue.

128.    To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Amended Complaint, Merck's liability, if any, should be reduced accordingly.

129.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Amended Complaint, such benefits are not recoverable in this action.

130.    Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

131.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

132.    Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

- 18 -

808495v.1

133.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

134.    Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

135.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Amended Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

136.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

Inasmuch as the Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Amended Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

- 19 -

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


Dated:  April 27, 2006                           Respectfully submitted,

                                                 _Dorothy H. Wimberly_

                                                 Phillip A. Wittmann, 13625
                                                 Dorothy H. Wimberly, 18509
                                                 Carmelite M. Bertaut, 3054
                                                 STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                 546 Carondelet Street
                                                 New Orleans, Louisiana 70130
                                                 Phone: 504-581-3200
                                                 Fax:    504-581-3361
                                                 _Defendants' Liaison Counsel_

                                                 Fred T. Magaziner
                                                 Joseph K. Hetrick
                                                 A. Elizabeth Balakhani
                                                 DECHERT LLP
                                                 Cira Centre
                                                 2929 Arch Street
                                                 Philadelphia, Pennsylvania 19104-2808
                                                 Phone: (215) 994-4000
                                                 Fax: (215) 994-2222
                                                 _Counsel for Merck & Co., Inc._

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck &

Co., Inc. to Plaintiffs' Amended Complaint has been served on Liaison Counsel, Russ

Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties

by electronically uploading the same to LexisNexis File & Serve Advanced in

accordance with Pre-Trial Order No. 8, on this 1st day of May, 2006.

*Dorothy H. Wimbey*

808495v.1