FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -1  PM 3: 36

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | *  MDL No. 1657 <br> * <br> *  SECTION L <br> * <br> *  JUDGE ELDON E. FALLON <br> * <br> *  MAGISTRATE JUDGE <br> *  DANIEL E. KNOWLES, III <br> * <br> * <br> * <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Stanley Leiberman v. Merck & Co., Inc.,* **No. 06-1705.**

## ANSWER TO COMPLAINT AND JURY CLAIM

Defendant Merck & Co., Inc. ("Merck") responds to the numbered allegations set forth in

the Complaint of Stanley Leiberman as follows:

### RESPONSE TO "JURISDICTION"

1.      The allegations contained in Paragraph 1 of the Complaint are legal conclusions

as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies every allegation contained in Paragraph 1 of the Complaint, except admits that Plaintiff

purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis

for said relief.

### RESPONSE TO "VENUE"

2.      The allegations contained in Paragraph 2 of the Complaint are legal conclusions

as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies every allegation contained in Paragraph 2 of the Complaint.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

## RESPONSE TO "TAG-ALONG ACTION"

3.      The allegations contained in Paragraph 3 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed required,

Merck admits every allegation contained in Paragraph 3 of the Complaint.

## RESPONSE TO "PARTIES"

4.      Merck lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in Paragraph 4 of the Complaint.

5.      Merck denies every allegation contained in Paragraph 5 of the Complaint except

admits that Merck is a leading research-driven pharmaceutical products and services company

that researches, discovers, develops, manufactures and markets a broad range of innovative

pharmaceutical products to improve human health.  Merck further admits that Merck is a New

Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station,

New Jersey and that Merck is authorized to do business in the State of Maine.

## RESPONSE TO "FACTS"

5a.[1]      Merck denies every allegation contained in Paragraph 5a of the Complaint except

admits that Merck sought and, in 1999, received FDA approval to manufacture and market the

prescription medicine Vioxx® ("Vioxx") subject to the information contained in the FDA-

approved prescribing information for Vioxx and respectfully refers the Court to the relevant

prescribing information for its actual language and full text.  Merck further admits that Vioxx is

part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs").

6.      Merck denies every allegation contained in Paragraph 6 of the Complaint and

---

[1] There are two paragraphs numbered 5 on page 2 of Plaintiff's Complaint.  To avoid confusion, Merck has used
"5a" to refer to the second Paragraph 5 on page 2 of Plaintiff's Complaint and has followed Plaintiff's numbering
beginning with Paragraph 6 thereafter.

808494v.1

further avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

7.      Merck denies every allegation contained in Paragraph 7 of the Complaint except admits that Vioxx is part of a class of drugs known as NSAIDs, that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

8.      The allegations contained in Paragraph 8 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies every allegation contained in said paragraph except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

9.      The allegations contained in Paragraph 9 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies every allegation contained in said paragraph.

10.     The allegations contained in Paragraph 10 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies every allegation contained in said paragraph.

11.     Merck denies every allegation contained in Paragraph 11 of the Complaint.

12.     Merck denies each and every allegation contained in Paragraph 12 of the Complaint except admits that the referenced publication exists, that Merck published said publication, and respectfully refers the Court to the referenced publication for its actual language

- 3 -

and full text.

13.     Merck denies each every allegation contained in Paragraph 13 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

14.     Merck denies every allegation set for in Paragraph 14 of the Complaint except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual language and full text.

15.     Merck denies every allegation contained in Paragraph 15 of the Complaint except admits that the studies referenced in sentence one of Paragraph 15 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

16.     Merck denies every allegation contained in Paragraph 16 of the Complaint, except admits that the referenced publication exists, and respectfully refers the Court to said publication for its actual conclusions and full text.

17.     Merck denies every allegation contained in Paragraph 17 of the Complaint.

18.     Merck denies every allegation contained in Paragraph 18 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

19.     Merck denies every allegation contained in Paragraph 19 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

808494v.1

20.     Merck denies every allegation contained in Paragraph 20 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

21.     Merck denies every allegation contained in Paragraph 21 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

22.     Merck denies every allegation contained in Paragraph 22 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

23.     Merck denies every allegation contained in Paragraph 23 of the Complaint except admits that Consumer Directed Promotional Expenditures for Vioxx in 2000 were approximately $130 million.

24.     Merck denies every allegation contained in Paragraph 24 of the Complaint, and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with its FDA-approved prescribing information.  Merck further admits that in 2001 Vioxx achieved sales of $2.6 billion and that Vioxx was prescribed to millions of patients.

25.     Merck denies every allegation contained in Paragraph 25 of the Complaint except admits that on September 30, 2004 Merck voluntarily withdrew Vioxx from the worldwide market.  Merck avers that it announced on September 30, 2004 that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and

808494v.1

questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

**RESPONSE TO "SPECIFIC FACTUAL ALLEGATIONS"**

26.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint.

27.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint.

28.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint.

29.   Merck denies every allegation contained in Paragraph 29 of the Complaint.

**RESPONSE TO FIRST CAUSE OF ACTION:**
**BREACH OF IMPLIED WARRANTIES**

30.   Merck hereby incorporates by reference the preceding specific responses to the allegations contained in Paragraphs 1 through 29 of the Complaint.

31.   Merck denies every allegation contained in Paragraph 31 of the Complaint except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

32.   The allegations contained in Paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies every allegation contained in Paragraph 32 of the Complaint.

33.   Merck denies every allegation contained in Paragraph 33 of the Complaint.

34.   Merck denies every allegation contained in Paragraph 34 of the Complaint.

35.   Merck denies every allegation contained in Paragraph 35 of the Complaint.

808494v.1

## RESPONSE TO SECOND CAUSE OF ACTION:
## BREACH OF EXPRESS WARRANTY

36.     Merck hereby incorporates by reference the preceding specific responses to the allegations contained in Paragraphs 1 through 35 of the Complaint.

37.     Merck denies every allegation contained in Paragraph 37 of the Complaint except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

38.     Merck denies every allegation contained in Paragraph 38 of the Complaint.

39.     Merck denies every allegation contained in Paragraph 39 of the Complaint except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

40.     Merck denies every allegation contained in Paragraph 40 of the Complaint.

## RESPONSE TO THIRD CAUSE OF ACTION:
## STRICT LIABILITY

41.     Merck hereby incorporates by reference the preceding specific responses to the allegations contained in Paragraphs 1 through 40 of the Complaint.

42.     Merck denies every allegation contained in Paragraph 42 of the Complaint except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

43.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

44.     Merck denies every allegation contained in Paragraph 44 of the Complaint, including subparts i through iii and respectfully refers the Court to the FDA-approved

- 7 -

prescribing information for Vioxx for its actual language and full text.

45.   Merck denies every allegation contained in Paragraph 45 of the Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION:
### NEGLIGENCE

46.   Merck hereby incorporates by reference the preceding specific responses to the allegations contained in Paragraphs 1 through 45 of the Complaint.

47.   The allegations contained in Paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies every allegation contained in Paragraph 47 of the Complaint and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

48.   The allegations contained in Paragraph 48 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies every allegation contained in Paragraph 48 of the Complaint and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

49.   Merck denies every allegation contained in Paragraph 49 of the Complaint.

50.   Merck denies every allegation contained in Paragraph 50 of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

51.   Merck denies every allegation contained in Paragraph 51 of the Complaint.

52.   Merck denies every allegation contained in Paragraph 52 of the Complaint.

## RESPONSE TO FIFTH CAUSE OF ACTION:
### FRAUD

53.   Merck hereby incorporates by reference the preceding specific responses to the allegations contained in Paragraphs 1 through 52 of the Complaint.

54.   Merck denies every allegation contained in Paragraph 54 of the Complaint.

808494v.1

55.     Merck denies every allegation contained in Paragraph 55 of the Complaint.

56.     Merck denies every allegation contained in Paragraph 56 of the Complaint.

57.     Merck denies every allegation contained in Paragraph 55 of the Complaint, including subparts i through iv.

58.     Merck denies every allegation contained in Paragraph 58 of the Complaint.

59.     Merck denies every allegation contained in Paragraph 59 of the Complaint.

60.     Merck denies every allegation contained in Paragraph 60 of the Complaint.

61.     Merck denies every allegation contained in Paragraph 61 of the Complaint.

62.     Merck denies every allegation contained in Paragraph 62 of the Complaint.

63.     Merck denies every allegation contained in Paragraph 63 of the Complaint.

**RESPONSE TO SIXTH CAUSE OF ACTION:**
**VIOLATION OF MAINE'S UNFAIR TRADE PRACTICES ACT**
**(5 M.R.S.A. §§ 205-A - 214)**

64.     Merck hereby incorporates by reference the preceding specific responses to the allegations contained in Paragraphs 1 through 63 of the Complaint.

65.     Merck denies every allegation contained in Paragraph 65 of the Complaint.

66.     Merck denies every allegation contained in Paragraph 66 of the Complaint.

67.     Merck denies every allegation contained in Paragraph 67 of the Complaint.

68.     Merck denies every allegation contained in Paragraph 68 of the Complaint.

69.     The allegations contained in Paragraph 69 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies every allegation contained in Paragraph 69 of the Complaint.

70.     Merck denies every allegation contained in Paragraph 70 of the Complaint.

**RESPONSE TO "WHEREFORE…"**

The allegations following in the "WHEREFORE" section of the Plaintiff's Complaint are

808494v.1

not allegations to which any responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff purports to state a claim for damages, but Merck denies that there is any legal or factual basis for said relief.

### RESPONSE TO "JURY DEMAND"

Merck admits that the Plaintiff demands a trial by jury.

### JURY DEMAND

Merck hereby requests a trial by jury.

### DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any product for which Merck was responsible at the time of the occurrence or injuries alleged by the Plaintiff was not defective and unreasonably dangerous in its design, manufacture, or marketing, and was at all times reasonably safe and reasonably fit for its intended use.  The warnings and instructions accompanying the product or products at issue at the time of the occurrence or injuries alleged by the Plaintiff were legally adequate warnings and instructions.

### THIRD DEFENSE

The occurrence and injuries alleged by the Plaintiff were caused or contributed to by the negligence, breaches of warranty, or defective products of third parties over whom Merck had no control and for whom Merck is not responsible.

### FOURTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons having no

- 10 -

real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## FIFTH DEFENSE

The occurrence and injuries alleged by the Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrence and injuries alleged by the Plaintiff. Moreover, the occurrence and injuries were caused by separate and independent events or agencies not reasonably foreseeable. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Merck and the occurrence and injuries alleged by the Plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such occurrence and injuries, relieving Merck of liability to the Plaintiff or any other parties. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## SIXTH DEFENSE

If the Plaintiff sustained the injuries or losses alleged in the Complaint, upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or an act of God or other intervening cause or causes.

## SEVENTH DEFENSE

If the Plaintiff sustained the injuries or losses alleged in the Complaint, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

## EIGHTH DEFENSE

The injuries and damages alleged in the Plaintiff's Complaint were the result of

808494v.1

unavoidable circumstances that could not have been prevented by anyone, including Merck.

## NINTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## TENTH DEFENSE

The Plaintiff cannot recover under the Complaint because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## ELEVENTH DEFENSE

The Plaintiff's claims are barred by the Plaintiff's contributory negligence and the contributory negligence of others.

## TWELFTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## THIRTEENTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

## FOURTEENTH DEFENSE

The benefits of the product or products at issue outweigh the risks, if any, that may be attendant to their use.

808494v.1

### FIFTEENTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and /or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

### SIXTEENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, under Comment k of the Restatement (Second) of Torts § 402A.

### SEVENTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### EIGHTEENTH DEFENSE

The Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### NINETEENTH DEFENSE

The Plaintiff's claims are barred under Section 4 et seq. of the Restatement (Third), of Torts: Product Liability.

### TWENTIETH DEFENSE

Any warnings that Merck gave were transmitted to the prescribing physicians and/or health care providers, and under Maine law Merck's only obligation is to warn the prescribing

- 13 -

808494v.1

physician and/or health care providers and said obligation was fulfilled.  To the extent that Plaintiff asserts claims based upon alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warning to the prescribing physician.

### TWENTY-FIRST DEFENSE

Merck has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations.  Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber.  The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration.  Therefore, the Plaintiff's claims are preempted.

### TWENTY-SECOND DEFENSE

The Plaintiff's claims may be time-barred, in whole or in part, under applicable statute(s) of limitations, statutes of repose, or are otherwise untimely.

### TWENTY-THIRD DEFENSE

If the Plaintiff sustained the injuries or losses alleged in the Complaint, such injuries resulted, in whole or in part, from the negligence or fault of the Plaintiff and/or third parties, not from any negligence or breach of duty by Merck.  Judgment may not enter for the Plaintiff if it is found that the Plaintiff was more negligent than Merck.  If judgment is rendered in the Plaintiff's favor, the amount of such judgment must be reduced under the doctrine of comparative negligence.

808494v.1

### TWENTY-FOURTH DEFENSE

To the extent the Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries or losses asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### TWENTY-FIFTH DEFENSE

The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

### TWENTY-SIXTH DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### TWENTY-SEVENTH DEFENSE

Merck made no express or implied representations or warranties of any kind to the Plaintiff, nor did the Plaintiff rely on any representations or warranties made by Merck.  To the extent the Plaintiff relied on any representations or warranties, such reliance was unjustified.

### TWENTY-EIGHTH DEFENSE

Merck did not breach any duty of care to the Plaintiff.

### TWENTY-NINTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrine of estoppel.

### THIRTIETH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery because he has

808494v.1

made statements or taken actions that preclude him from asserting claims or constitute a waiver of her claims.

### THIRTY-FIRST DEFENSE

The Plaintiff has failed to join all necessary and indispensable parties.

### THIRTY-SECOND DEFENSE

The Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to mitigate her alleged damages.

### THIRTY-THIRD DEFENSE

Merck did not violate any state or federal statute, regulation or ordinance to cause the Plaintiff's alleged injuries.  Each and every claim asserted or raised in the Complaint is barred by the doctrine of statutory and regulatory compliance.

### THIRTY-FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, due to a lack of notice.

### THIRTY-FIFTH DEFENSE

To the extent that the Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### THIRTY-SIXTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Plaintiff lacks capacity and/or standing to bring such claims.

### THIRTY-SEVENTH DEFENSE

To the extent the Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are

808494v.1

not recoverable in this action.

## THIRTY-EIGHTH DEFENSE

To the extent the Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## THIRTY-NINTH DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

## FORTIETH DEFENSE

To the extent the Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## FORTY-FIRST DEFENSE

The Plaintiff is not entitled to recover exemplary or punitive damages because Massachusetts law does not permit courts to award such damages unless expressly authorized to do so by statute.  See, e.g., Flesner v. Technical Communications Corp., 410 Mass. 805, 813 (1991).

## FORTY-SECOND DEFENSE

The Plaintiff's state-law claims are barred, in whole or in part, because Vioxx was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

808494v.1

## FORTY-THIRD DEFENSE

The Complaint and the causes of action contained therein are barred, in whole or in part, by the United States and Maine Constitutions, which prohibit the extraterritorial application of Maine law.

## FORTY-FOURTH DEFENSE

The Complaint and the causes of action contained therein are barred, in whole or in part, by the U.S. Constitution, article I, section VIII, clause 3 to the extent they seek to regulate Merck's practices outside of Maine. That constitutional provision prohibits a State from regulating conduct that occurs wholly outside of its borders.

## FORTY-EIGHTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## FORTY-NINTH DEFENSE

The Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity as required by Fed. R. CIv. P. 9(b).

## FIFTIETH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and comparable provisions of the Maine Constitution. To the extent the Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## FIFTY-FIRST DEFENSE

This case is more appropriately brought in a different venue.

808494v.1

### FIFTY-SECOND DEFENSE

Venue in this case is improper.

### FIFTY-THIRD DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff has brought actions and has received judgments on parts of some or all claims asserted herein.

### FIFTY-FOURTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### FIFTY-FIFTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery by release as to his claims.

### FIFTY-SIXTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, from recovery due to spoilation of evidence.

### FIFTY-SEVENTH DEFENSE

The Plaintiff's claims may be barred, in whole or in part, by the governing state laws.

### FIFTY-EIGHTH DEFENSE

The Plaintiff has not sustained any injury or damages compensable at law.

### FIFTY-NINTH DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for the Plaintiff's failure to provide it with due process of law.

808494v.1

### SIXTIETH DEFENSE

To the extent the Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### SIXTY-FIRST DEFENSE

To the extent the Plaintiff seeks to recover only economic loss in tort, his claims are barred by the economic loss doctrine.

### SIXTY-SECOND DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### SIXTY-THIRD DEFENSE

The Plaintiff's claims under Section 213 of the Maine Revised Statutes Annotated title 5 are barred because the Plaintiff did not provide Merck with adequate written notice of his claim.

### SIXTY-FOURTH DEFENSE

The Plaintiff is not entitled to recover punitive damages under Maine law because Merck did not act with malice.

### SIXTY-FIFTH DEFENSE

Merck is not strictly liable under Section 221 of the Maine Revised Statutes Annotated title 14 because Merck did not have knowledge of the alleged danger of Vioxx at the time of sale.

808494v.1

## SIXTY-SIXTH DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.  Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

**WHEREFORE**, Defendant Merck & Co. respectfully requests that the Plaintiff take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel

808494v.1

Lucy Fowler (ME Bar No. 9075)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000

Counsel for Merck & Co., Inc.

Dated:  May 1, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer to Complaint and Jury Claim has

been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and

e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve

Advanced in accordance with Pre-Trial Order No. 8, on this 1st day of May, 2006.

Dorothy A. Wimberg

- 22 -

808494v.1