**MINUTE ENTRY**
**FALLON, J.**
**APRIL 27, 2006**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **KNOWLES** |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date in the Courtroom of Judge Eldon E. Fallon.   The Court first met with Plaintiffs' Liaison Counsel (PLC), Defendant's Liaison Counsel (DLC), and certain members of the Plaintiffs' Steering Committee (PSC) and the Defendants' Steering Committee (DSC) to discuss agenda items for the pretrial conference.   At the pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 13 of Plaintiffs' and Defendant's Liaison Counsel.   This conference was transcribed by Cathy Pepper, Official Court Reporter. Counsel may contact Mrs. Pepper at (504) 589-7778 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

Before discussing the topics designated by Liaison Counsel, the Court indicated that electronic filing would not be available in the Vioxx MDL until a case specific order is entered.   In this regard, Liaison Counsel are instructed to contact the Clerk's Office

1

JS10(01:50)

and set up an appointment with Ms. Loretta Whyte, Clerk of Court, and Mr. Gene Smith, Chief Deputy Clerk of Court, to discuss electronic filing.  After conferring with the Clerk's Office, Liaison Counsel should inform the Court of the progress made and submit a proposed order.

I.     LEXIS/NEXIS FILE & SERVE

PLC and DLC continue to report to the Court on the status of docketing cases and uploading those cases to Lexis/Nexis File & Serve.  Cases recently transferred to the Eastern District of Louisiana continue to experience a brief delay between the docketing of the Final Transfer Order on which the cases appear and the receipt of the records from the original transferor courts.  Until such time as the record of a case is actually received by the Clerk of Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File & Serve.  Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case.  Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve. Notice should include the case name and Eastern District of Louisiana case number. PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL.

Since the last status conference, several telephone conferences have taken place with PLC representatives, DLC representatives, and representatives of Lexis-Nexis File & Serve to achieve greater efficiencies in the Lexis-Nexis File & Serve program.

As discussed at the last monthly status conference, a number of plaintiffs' counsel have informed Hughes Hubbard & Reed LLP by letter or by filing formal motions with the Court that they have withdrawn as counsel.  Despite these letters and motions, those counsel have not notified Lexis Nexis File & Serve of this change in party/counsel status.  In order to facilitate case management and case organization, PLC and DLC have agreed on a suggested modification to Pre-Trial Order No. 8 and have submitted Pre-Trial Order No. 8A to the Court.

II.    STATE COURT TRIAL SETTINGS

The *Garza* case in Texas District Court, Starr County, went to the jury and on April 21, 2006 the jury rendered a $7,000,000 verdict in favor of the plaintiffs and a $25,000,000 award of punitive damages.  Merck contends the punitive damage award is capped at $750,000 under Texas law and has announced its intention to appeal.  In the *Cona/McDarby* cases tried together in New Jersey Superior Court, Atlantic County the cases went to the jury and on April 6, 2006 the jury rendered a verdict in the *Cona* case in favor of Merck except for an award of $45.00 pursuant to the New Jersey Consumer Protection Act and in the *McDarby* case rendered a $4,500,000.00 verdict in favor of the plaintiff and a $9,000,000.00 award of punitive damages.  Merck advises it also intends to appeal this verdict. The New Jersey Superior Court, Atlantic County has scheduled the *Doherty* and *Klug* cases to be tried together on June 5, 2006 and has informed the parties that the *Hatch* and *McFarland* cases are set to be tried together on September 11, 2006. Merck advises that it will move to sever the cases and have trials of only one plaintiff at a time.  Judge Cheney in the California Coordinated Proceeding has set June 21, 2006 for the trial of one or more plaintiffs' claims.  The *Kozic* case is set for trial in Florida

3

District Court, Hillsborough County, during the Court's July 31 to August 25, 2006 trial docket.  The *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006.  The *Crook* case is set for trial in Alabama Circuit Court, Jefferson County, on October 26, 2006.  The *Miller* case is set for trial in Texas District Court, Harris County, on November 8, 2006.  Finally, the *Albright* case is set for trial in Alabama Circuit Court, Jefferson County, on December 11, 2006.

III.    SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The Court has set the *Barnett* case for trial on July 24, 2006, the *Smith* case for trial on September 11, 2006, the *Mason* case for trial on October 30, 2006, and the *Dedrick* case for trial on November 27, 2006.  Trial counsel in each of these four cases will be meeting with the Court on April 27, 2006 to discuss the continued preparation and implementation of a Pre-Trial Order in each of the cases.  Plaintiffs and Defendants continue to discuss specific trial issues (see Sections VI, VII, XIV, XV, XVI, XVII and XIX herein).

IV.    CLASS ACTIONS

The Court has under advisement the PSC's Motion to Certify a Personal Injury Class and Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  The PSC's Motion to Remand is fully briefed and was taken under advisement by the Court.

In July 2006, Judge Carol E. Higbee of the Superior Court of New Jersey in the *International Union of Operating Engineers Local #68 Welfare Fund* case granted Plaintiff's motion for certification of a nationwide class of third party non-government payors who have paid any person or entity for the purchase of the prescription anti-

4

inflammatory arthritis and acute pain medication ROFECOXIB that was manufactured and marketed by Merck under the brand name VIOXX.  In March 2006, this ruling was affirmed.  Merck has moved for reconsideration and both parties have provided supplemental briefing to the Court regarding this decision.

Furthermore, the PSC informed the Court that Mr. Russ Herman had been nominated as Class Action Liaison in the New Jersey litigation.

V.      <u>DISCOVERY DIRECTED TO MERCK</u>

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

The Court has issued rulings on Merck's assertion of privilege to certain documents submitted in Merck's privilege log that was produced to the Court on November 4, 2005.  On April 24, 2006, Merck notified the Court and counsel that it would be seeking supervisory review in the United State Fifth Circuit Court of Appeals and that it would be requesting a stay on the privilege production.  By Minute Entry dated April 24, 2006, the Court denied Merck's Emergency Motion for Stay Pending Appeal of the Court's Privilege Rulings and ruled that the documents would be released to Plaintiffs on Thursday morning, April 27, 2006, unless directed otherwise by the United States Court of Appeals.  On April 24, 2006, filed a Notice of Appeal in the District Court and filed with the United States Court of Appeals for the Fifth Circuit a Petition for Writ of Mandamus, a Motion for Leave to File Certain Exhibits and Attachment to Exhibit to Mandamus Petition Under Seal, an Emergency Motion for Stay Pending Appeal of Privilege Rulings, a Motion to Expedite Appeal of District Court Order Overruling Privilege Designations, and an Appendix of Attachments to Certificate

5

of Interested Parties.

Additionally, PLC and DLC indicated that they are working on producing a log of all third-party production and a reconciled log of all Merck production, which shall correspond to discovery in the New jersey litigation.  The parties will be prepared to report back to the Court on May 3, 2006.

VI.   <u>DISCOVERY DIRECTED TO THE FDA</u>

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.  The PLC and FDA have resolved and concluded the issue regarding payment for production of the FDA documents.

On December 23, 2005, FDA produced a privilege log for certain documents. The PSC has filed a motion contesting the assertion of the privilege with respect to certain documents.  The matter has been fully briefed and submitted to the Court, together with the documents that remain in dispute (the FDA submitted these for *in camera* review).

The FDA Motion to Quash the Deposition of Dr. Graham, filed in response to the PSC's notice of deposition and subpoena to Dr. Graham, was denied by the Court on March 13, 2006.  The deposition of Dr. Graham has been noticed for May 9, 2006. Defendants issued subpoenas to David Graham (return date April 17, 2006), Kaiser Medical Plan, Inc, (return date April 26, 2006), Kaiser Foundation Hospitals (return date April 26, 2006), Southern California Permanente Medical Group (return date April 26, 2006), The Permanente Medical Group (return date April 26, 2006), and Kaiser Permanente (return April 25, 2006).  Defense counsel has not yet received any responsive documents to their subpoenas.  Merck advises that it reached an agreement with counsel

6

for the subpoenaed Kaiser parties to extend the return dates for their subpoenas until May 2, as the latest of the return dates.  The PSC objects to the use of any documents that may be provided in response to these subpoenas which are not timely received by the PSC well in advance of the scheduled Graham deposition.  The PSC was not consulted in regards to any delays in responding to subpoenas issued by Merck in connection with the Graham deposition.  Once responsive materials are received by the DSC, they will be provided to the PSC.  Merck requests that the PSC and any other plaintiffs' counsel who issue subpoenas also promptly provide copies upon receipt of any documents they receive in response to subpoenas.

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.  The PSC submitted a letter to the Court on March 16, 2006 seeking intervention by the Court on whether Merck should have the right to review documents in the possession of Ogilvy, DDB, and Millward Brown to determine whether any of the documents are privileged prior to the third party making production to the PSC.

On February 20, 2006, PLC wrote Defendants and requested reimbursement for production of various third-party productions that had been provided to Defendants.  PLC again requested reimbursement on March 29, 2006 and has yet to receive a response.  PLC continues to request reimbursement from Merck for third party productions.  Merck will pay any outstanding invoices this week.

The parties will be prepared to discuss this further at the monthly status conference on April 27, 2006.

VIII.    MONTHLY PRODUCTIONS PURSUANT TO PRE-TRIAL ORDER NO. 17

Merck has advised the PSC that it has made two monthly productions of deposition testimony of Merck employees and experts and written discovery objections and responses in litigation within the subject matter of these proceedings, commencing with an initial production on March 21, 2006 and a subsequent production on April 24, 2006.  Such productions will continue on a monthly basis thereafter.  Productions of deposition testimony will include full-text searchable copies of transcripts as well as exhibits and errata sheets, if available.  PLC and DLC will continue to address PSC's Motion to Clarify Pre-Trial Order No. 17 Regarding Assembly of Prior Discovery that was filed with the Court on January 19, 2006.

IX.    DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL.  These matters, as well as any other deposition scheduling issues, will be addressed with the Court at the monthly status conference on April 27, 2006.  Further, if and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

X.    PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

Representatives of the PSC and DSC continue to discuss amendments and modifications to Pre-Trial Order 18B which governs the timing for production of Plaintiff Profile Forms, Authorizations, and Merck Profile Forms ("MPFs") on a staggered basis, as well as issues involving general service and posting Profile Forms to Lexis-Nexis File & Serve.  Merck has transmitted a proposed Pre-Trial Order No. 18C

and is awaiting PSC's response.  In addition, the parties continue to discuss issues relating to the terms of a modified MPF and the posting of the Profile Forms to Lexis-Nexis File & Serve.

At previous conferences, Merck has advised the Court and the PSC that substantial numbers of PPFs are deficient.  The PSC disagrees that many of the PPFs contain deficiencies.  Counsel for Merck and Plaintiffs have continued to discuss Merck's claims of deficiency and are seeking to cure any such alleged deficiencies.

PLC and several plaintiffs have advised Merck that they either have received deficient MPFs or that the MPFs are not being timely received.  DSC believes that these MPFs are neither deficient nor tardy.

The Court instructed the parties to cc the Court on all future correspondence regarding deficient PPFs and MPFs.

XI.    STATE/FEDERAL COORDINATION—STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  They indicated that everything is going well.

XII.    *PRO SE* CLAIMANTS

The Court has issued additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals.  PLC has continued to communicate with the various *pro se* claimants and advised them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC has discussed with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.  The parties will continue to work on this issue and inform the Court of any progress.

XIII.   MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints.  Subsequently, foreign plaintiffs represented by Kenneth Moll filed a Motion to Strike Merck's motion.  The PSC took no position on the issue.  On March 23, 2006, the Court heard oral argument on the plaintiffs' Motion to Strike and denied the motion. The Court further ordered that the plaintiffs would have sixty days to file their opposition to Merck's Motion to Dismiss the Foreign Class Action Complaints.  Thus, plaintiffs' opposition papers are due on May 22, 2006.  Merck shall have thirty days from May 22, 2006 to file its reply brief.

XIV.   VICTOR DATA

Merck advises that it has not yet received the final VICTOR Data from Oxford University.  Merck has agreed that it will immediately, upon receipt of the VICTOR Data, provide it to the PSC.  On April 19, 2006, DLC provided PLC with a proposed order governing the production of this data.  On April 25, 2006, PLC responded to this proposed order.  The parties will inform the Court of their progress by May 1, 2006.

XV.   GENERIC TRIAL PERFORMANCE AND RULE 702 AND DAUBERT IN LIMINE ISSUES

On April 19, 2006, the PSC filed a Generic Motion *in Limine* which addresses among other things trial performance guidelines, exhibit admissibility and deposition cuts, as well as the possibility of seeking early hearings on *Daubert* and Rule 702 issues. The motion seeks to obtain generic rulings well in advance of trials.  Merck will be filing a response to this motion.

XVI.   <u>APPROVᴇ DATA</u>

The PSC has asked Merck for access and production of interim APPROVe data. On April 13, 2006, the Court issued a Minute Entry requiring Merck to confer with the PSC regarding production of the APPROVe data on a "confidential basis" to certain representatives of the PSC and trial counsel for cases set for trial in the MDL.  The parties have agreed to the terms of production of interim APPROVe data, and a proposed order governing that production was submitted to the Court on April 21, 2006.  Trial counsel in the four (4) cases set for trial in the MDL have requested prompt delivery of this data.

XVII.   <u>IMS DATA</u>

The PSC had previously requested that IMS Data be produced.  After receiving appropriate consent from IMS Health, Inc. ("IMS") on April 14, 2006, Merck and IMS agreed that IMS Data for upcoming MDL trial cases would be produced on a "confidential basis" to certain representatives of the PSC and trial counsel for cases set for trial in the MDL.  The Court issued a Minute Entry on April 13, 2006 addressing this matter and requested that counsel for IMS coordinate with PSC regarding providing consent to Merck for production of this data in a limited universe of trial cases.  IMS data for plaintiffs' prescribing physicians in the *Barnett*, *Smith*, *Mason*, and *Dedrick* cases has been produced to PSC.

XVIII.   <u>PSC'S MOTION TO IMPLEMENT PROCEDURE FOR RAPID REMAND</u>

On April 27, 2006, the PSC filed on behalf of itself and on behalf of Plaintiffs in the *Boyer v. Merck*, No. 8:05-cv-03154 (D.Md.); *Pikul v. Merck*, No. H-03-3656 (S.D.

Tex.); and *Burt v. Merck*, No. 3:04-cv-388 (N.D. Fl.) a Motion to Implement Procedure for Rapid Remand.  Merck has responded to the motion.

The Court indicated that it desires to try the four scheduled cases before ruling on any remand motions.  As such, IT IS ORDERED that the PSC's Motion to Implement Procedure is DENIED.

XIX.    PHYSICIAN CALL NOTES/DETAILER CUSTODIAL FILES

Trial counsel and the PSC requested physician call notes in connection with the four upcoming trials scheduled in the MDL.  The DSC advises the Court that call notes for the *Smith* and *Dedrick* trial cases were produced to the PSC on February 22, 2006 as part of Merck's production of various materials for cases it had selected in the MDL trial pool.  Since that time, all FACTS data (including call notes) has been produced to PSC in all four of the MDL trial cases as part of the monthly productions of such data made pursuant to Pre-Trial Order No. 21.  The trial counsel in each case has specifically requested call notes be produced to them in their specific case and, further, have requested the custodial files of the detailers on an expedited basis.  Plaintiffs believe that further delay would prejudice plaintiffs who are entitled to receive this information before the taking of healthcare provider depositions.  Merck advises that it has already provided FACTs data to the PSC.  The parties indicated that they would continue to meet and confer on this issue.

XX.    DISCOVERY DIRECTED TO PLANITIFFS

At the Status Conference on April 13, 2006, the PSC indicated to the Court that Merck had been serving counsel with generic discovery requests such as Interrogatories and Request for Production of Documents in cases not set for trial.  The PSC objected to

12

this practice because it was redundant in light of the Plaintiff Profile Forms.  DLC will meet and confer further with PLC to resolve this issue.

XXI.   <u>NEXT STATUS CONFERENCE</u>

The next monthly pretrial conference will be held on May 18, 2006 at 10:00 a.m.  Counsel unable to attend in person may participate by telephone at 1-800-473-8796. The access code will be 49637777 and the Chairperson will be Judge Fallon.