# EXHIBIT A

# Issued by the
## UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____ District of Columbia

Apr 4 2006
9:00AM

In re VIOXX LIABILITY LITIGATION

V.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: MDL 1657
EASTERN DISTRICT
OF LOUISIANA
JUDGE ELDON FALLON

TO: David Graham, M.D.
24212 Hawkins Landing
Gaithersburg, MD  20882

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| 725 Twelfth Street, N.W., Washington, D.C. 20005 (202) 434-5000 | 4/17/06 @ 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 4/3/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

M. Elaine Horn, 725 Twelfth Street, N.W., Washington, D.C. 20005   (202) 434-5000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A TO MERCK'S SUBPOENA TO
## DR. DAVID GRAHAM

### DEFINITIONS

1. The pronouns "you," "your," "yours," and "yourself" refer to the subpoenaed party named herein and any of his agents, representatives, and/or persons purporting to act on his behalf.

2. The term "FDA" shall mean the U.S. Food and Drug Administration, its divisions and sub-divisions.

3. The term "communication" shall mean all occasions on which one person conveyed information to another either by means of a document or verbally, including by means of a telephone or other mechanical or electronic device.

4. The term "document" shall mean all written or graphic matter, however produced, reproduced, or stored of every kind and description in the actual or constructive possession, custody or control of you or your counsel, including without limitation all accounts, advertisements, agreements, announcements, appointment books, articles, bills, books, bulletins, calendars, charts, computer files, computer printouts, contracts, credit card records, diaries, drawings, e-mails, films, graphs, journals, ledgers, letters, magnetic disks, magnetic strips, magnetic tape, medical records, memoranda, microfilm, minutes, monitor strips, notes, papers, periodicals, photographs, pictures, prescriptions, press releases, punched cards, reports, schedules, sound tapes or recordings, statements, studies, tables, telegrams, time sheets or logs, vouchers, x-rays, and other data compilations, recordings, records, or writings of any kind.

5. "Merck" shall mean any of the subsidiaries, divisions, departments, affiliates, predecessors, successors or offices of the defendant and by whatever name known, and all present and former officers, directors, employees, trustees, principals, agents, and representatives of Merck & Co., Inc., as well as any person acting or purporting to act on its behalf.

6. The term "in your possession" shall mean stored on your personal computer or other electronic storage device, contained within your personal email account, stored at your residence, or otherwise under your control, not including items stored on your FDA computer, in your FDA email account or in your FDA office.

7. The term "the Kaiser study" shall mean the study of the risk of acute myocardial infarction and sudden death in patients treated with selective Cox-2 inhibitors and non-selective NSAIDs, using data from the Kaiser Permanente database in California, the results of which were published in the Lancet (Graham et al., "Risk of acute myocardial infarction and sudden cardiac death in patients treated with cyclo-oxygenase 2 selective and non-selective non-steroidal anti-inflammatory drugs: nested case-control study" The Lancet 2005). The term "Kaiser study" also includes abstracts and/or poster presentations of the study.

1

## DOCUMENTS REQUESTED

1. All documents in your possession relating to or referencing Vioxx.

2. All documents in your possession relating to or referencing the Kaiser study.

3. All drafts of the Kaiser study, including draft manuscripts, tables and figures.

4. All documents in your possession relating to communication with Dr. Eric Topol concerning Vioxx or Merck.

5. All documents in your possession relating to communication with persons employed by The Lancet, including but not limited to Dr. Richard Horton, concerning the Kaiser study.

6. All documents in your possession relating to communication with David Campen, Rita Hui, Michele Spence, Craig Cheetham, Gerald Levy, Stanford Shoor and Wayne A. Ray concerning the Kaiser study.

7. All documents in your possession relating to communication with any attorney who represents a person in a lawsuit against Merck related to Vioxx.

8. All documents in your possession relating to communication with any member of the press relating to Vioxx or Merck.

9. All documents in your possession relating to or referencing your testimony before the Finance Committee of the U.S. Senate on November 18, 2004.

10. All documents in your possession relating to communication with any person employed by the United States Senate or United States House of Representatives relating to Merck, Vioxx, or your testimony before the Finance Committee of the U.S. Senate on November 18, 2004.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be served the above and foregoing Merck & Co., Inc.'s Subpoena of David Graham, M.D. on Liaison Counsel, Russ Herman by United States Mail and by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 3rd day of April 2006.

*[signature]*

**EXHIBIT B**

RETUR

11169187
E-SERVICE
May 1 2006
12:13PM

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

Eastern  DISTRICT OF  Louisiana

In re VIOXX LIABILITY LITIGATION

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] MDL 1657, Judge Eldon Fallon

TO: MICROSOFT CORPORATION
c/o Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See ATTACHMENT A.

| PLACE | DATE AND TIME |
|---|---|
| Stone, Pigman, Walther, Wittmann L.L.C.<br>546 Carondelet Street, New Orleans, LA 70130 | 5/4/2006 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Dorothy H. Wimberly* Attorney for defendant Merck | 4/26/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Dorothy H. Wimberly, Esq., Attorney for Defendant
546 Carondelet Street, New Orleans, LA 70130, (504) 593-0849

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | April 26, 2006 | 320 Somerulos St. Baton Rouge, LA |

SERVED ON (PRINT NAME)                                   MANNER OF SERVICE

Nedra Muller for Corporate Service Company       Personal

SERVED BY (PRINT NAME)                                   TITLE

Jason Cary                                               Licensed Investigator

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  4/26/06
                  DATE

SIGNATURE OF SERVER

BOMBET, CASHIO & ASSOCIATES
11220 North Harrell's Ferry Road
ADDRESS OF SERVER
BATON ROUGE, LOUISIANA 70816-0681
(225) 275-0796 FAX (225) 272-3631

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

### ATTACHMENT A TO MERCK'S SUBPOENA TO MICROSOFT CORPORATION

### DEFINITIONS

1. The pronouns "you," "your," and "yours" refer to Microsoft Corporation and/or MSN, their agents, affiliates, subdivisions, representatives, and/or persons purporting to act on their behalf.

2. The term "document" shall mean all written or graphic matter, however produced, reproduced, or stored of every kind and description in the actual or constructive possession, custody or control of you or your counsel, including without limitation all computer files, computer printouts, contracts, diaries, drawings, e-mails, letters, magnetic disks, magnetic strips, magnetic tape, memoranda, microfilm, statements, and other data compilations, recordings, records, or writings of any kind.

3. The term "communication" shall mean all occasions on which one person conveyed information to another either by means of a document, or by means any mechanical or electronic device.

4. As used herein, "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed as outside its scope.

1

## DOCUMENTS REQUESTED

1. All documents providing account information, including subscriber and billing information, for the account/address **hylabrook1@msn.com** from May 20, 1999 to present.

2. All documents (preferably produced on compact disc(s) in electronic format), including all e-mails, all e-mail attachments, and all header information, that were sent to, sent from, or stored at the account/address **hylabrook1@msn.com** from May 20, 1999 to present.

3. All messages, communications, or other documents in your possession that were sent or received by the account/address **hylabrook1@msn.com** from May 20, 1999 to present using any instant messaging service provided by Microsoft and/or MSN, including but not limited to messages, communications, or other documents sent or received with MSN Messenger and/or MSN Web Messenger.

4. All logs, records, or other documents relating to visits to or postings on any chat room, group, message board or other online forum hosted at any MSN or Microsoft website by a user of the account/address **hylabrook1@msn.com** from May 20, 1999 to present.

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served the above and foregoing Merck & Co., Inc.'s Subpoena of Microsoft Corporation on Liaison Counsel Russ Herman by United States Mail and by e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 26th day of April 2006.

*Dorothy H. Wimberly*