UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|                                        |   |                        |
|----------------------------------------|---|------------------------|
|                                        | : | MDL NO. 1657           |
| IN RE: VIOXX                           | : |                        |
|           PRODUCTS LIABILITY LITIGATION | : | SECTION:  L            |
|                                        | : |                        |
|                                        | : | JUDGE FALLON           |
|                                        | : | MAG. JUDGE KNOWLES     |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. | : | |

**THIS DOCUMENT RELATES TO ALL CASES**

<u>ORDER AND REASONS</u>

Pending before the Court is the Plaintiffs' Steering Committee's ("PSC") Motion to

Compel the FDA to Produce Documents Withheld in Their Entirety and Unredacted Copies of

Other Documents Already Produced.  For the following reasons, the motion is GRANTED IN

PART and DENIED IN PART.

**I.      BACKGROUND**

On September 22, 2005, the PSC served a third-party subpoena on the United States

Food and Drug Administration ("FDA") seeking the production of Vioxx-related documents

within the FDA's possession.  In response, the FDA produced approximately 25,000 pages of

documents.  The FDA, however, did not produce all of the documents in its possession and some

that were produced were in redacted form.  Moreover, on November 18 and December 23, 2005,

the FDA produced a privilege log explaining its reasons for withholding certain documents and

making redactions to some which were produced.  Specifically, the FDA claimed that a number

of the withheld documents were privileged based on the deliberative process privilege.

On March 7, 2006, the PSC filed a motion to compel the production of the withheld

documents.  The PSC selected forty-five documents for the Court's review and sought a ruling as to whether the selected documents were privileged.  Pursuant to the PSC's motion, the Court ordered the FDA to produce unredacted versions of the selected documents for an *in camera* review.  Thereafter, the Court reviewed all the documents and determined whether they were privileged based on the deliberative process privilege.

## II.     LAW AND ANALYSIS

The deliberative process privilege is an executive privilege which permits the government to withhold documents reflecting governmental deliberations.  *Shermco Indus., Inc. v. Sec'y of the Air Force*, 613 F.2d 1314, 1318 (5th Cir. 1980).  The privilege was designed to protect the quality and integrity of the government's decision making process by assuring people who offer their opinions and information to the government that their communications will remain secret.  *Id*.  In addition, the privilege serves to prevent premature disclosure of governmental policies or decisions and to protect the public from dissemination of documents suggesting reasons for governmental action that were not actually used.  *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).  Having invoked the privilege, the government bears the burden of showing the applicability of the privilege.  *Redland Soccer Club, Inc. v. Dep't of the Army*, 55 F.3d 827, 854 (3d Cir. 1995).

To shield documents on the basis of the deliberative process privilege, the government must satisfy a two-part test.  First, the government must demonstrate that the document is "pre-decisional."  *Coastal States*, 617 F.2d at 866.  A "pre-decisional" document is one prepared to assist the government in arriving at a formal agency decision and may include such things as proposals, draft documents, and other subjective documents that relate specifically to the

-2-

agency's official mandate.  *Id*.  The privilege, however, does not protect purely factual material, analyses, or documents not tied directly to a formal policy decision.  *Redland Soccer*, 55 F.3d at 854.

Second, the government must demonstrate that the document is "deliberative."  A document is "deliberative" if its disclosure would expose the decision-making process in such a way as to chill candid discussion within the government and undermine the government's ability to perform its official functions.  *Dudman Comm. Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1567-68 (D.C. Cir. 1987).

Even though a document may be both pre-decisional and deliberative, it is not necessarily covered by the deliberative process privilege because the deliberative process privilege is not an absolute privilege, but a qualified one.  *Redland Soccer*, 55 F.3d at 854.  Even if the government establishes that the document is pre-decisional and deliberative, the party seeking the discovery may come forward and demonstrate that its need for the document outweighs the government's interest.  *Id*.  In balancing the interests, courts should consider (1) the relevance of the evidence; (2) the availability of other evidence; (3) the importance of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees.  *Id*.

With the applicable legal standards in mind, the Court individually reviewed each of the forty-five documents.  Upon its examination, the Court found that PSC Exhibits 7, 50, and 54 were not covered by the deliberative process privilege and that the remaining forty-three documents were covered.  In regards to PSC Exhibits 7 and 50, the Court found that the documents were pre-decisional and deliberative, but that the PSC's and public's interests in the

documents outweighed the government's interest.  In regards to PSC Exhibit 54, the Court found that the document was neither pre-decisional nor deliberative and, thus, not privileged.

**III.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the PSC's motion is GRANTED IN PART and DENIED IN PART.  On May 8, 2006 at 12:00 p.m., the Court will return the privileged documents to the FDA and send the non-privileged documents to the PSC.

New Orleans, Louisiana, this ___4th___ day of ___May___, 2006.

_____
UNITED STATES DISTRICT JUDGE