

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -8  AM 7: 42

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: VIOXX<br>Products Liability Litigation | MDL Docket No. 1657 |
| | SECTION: L |
| THIS RELATES TO: | Plaintiff: Julio Villarreal, Jr. |
| Civil Action No. 06-0463 | Judge Fallon<br>Mag. Judge Knowles |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JULIO VILLARREAL, JR. ("Plaintiff"), and files this complaint against MERCK & CO., INC., and would show the following:

### I.
### Parties

1.   Plaintiff Julio Villarreal, Jr. is a citizen of the State of Texas and resides in the Western District of Texas.

2.   Defendant Merck & Co., Inc., ("Merck") is a corporation incorporated under the laws of New Jersey, and has its principal place of business and corporate headquarters in White House Station, New Jersey. It is authorized to do business in Texas as a registered foreign corporation, and is doing business throughout the State of Texas, by and through its duly authorized agents, servants, employees and representatives and has answered and appeared herein.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

## II.
## Jurisdiction and Venue

3. This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a)(1), because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds the sum specified by 28 U.S.C. § 1332(a), seventy-five thousand dollars, ($75,000) excluding interest and costs.

4. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2), because jurisdiction is based solely on diversity of citizenship under 28 U.S.C. 1332(a)(1), and a substantial part of the events or omissions giving rise to the claims stated herein occurred in the Western District of Texas.

## III.
## Facts

5. This suit arises out of injuries suffered by Julio Villarreal, Jr. On or around July 11, 2002, Mr. Villarreal suffered a myocardial infarction ("MI") and has suffered significant damages.

6. Prior to suffering his MI, Mr. Villarreal had been given a drug product known by the brand name "Vioxx," for pain relief. Unaware that Vioxx was dangerous, Julio Villarreal, Jr. ingested Vioxx beginning in February 2002 and up through the time of his MI. The drug product Vioxx was designed, manufactured, marketed, sold, and/or supplied by Merck.

## IV.
## Count 1: Negligence and Gross Negligence

7. Defendant Merck and its agents, servants, and employees, engaged in several acts and omissions constituting negligence and gross negligence and such acts and omissions, among others, are as follows:

a) In failing to provide adequate warnings to physicians and their patients of the risk of serious injury, including but not limited to MI, stroke, acute hypertension, and other neurological and cardiovascular events or disorders, to people taking Vioxx, and of precautionary measures required to avoid such risks. To the extent that Merck provided such warnings and such warnings accompanied the units of Vioxx disseminated to Mr. Villarreal and/or his physicians, pharmacists or other health care providers and were approved by the United States Food and Drug Administration (FDA); then Plaintiff asserts that Merck, before or after pre-market approval or licensing Vioxx, withheld from or misrepresented to the FDA required information that was material and relevant to the performance of Vioxx and was causally related to Mr. Villarreal's injury. Among other things, Merck misrepresented to or actively concealed from the FDA, physicians, pharmacists, and other health care providers:

  (1) That Vioxx produced statistically significant increases in side effects, including hypertension, MI, stroke, and other neurological or cardiovascular effects which could result in serious injury or death;

  (2) That there had been insufficient studies of the safety and efficacy of Vioxx before it was released for the market, including inadequate studies to adequately characterize the risks that Vioxx could cause hypertension, MI, stroke and other serious neurological and cardiovascular effects;

      (3)    That studies showed serious adverse risks from taking Vioxx;

      (4)    That the risk of hypertension, MI, and stroke was much higher than had been reported in the medical and scientific literature.

b)    In failing to promptly and adequately investigate reports of MI, stroke, acute hypertension, and other neurological and cardiovascular disorders occurring in people taking Vioxx, and failing to promptly and adequately report evidence concerning these dangerous side effects of Vioxx to the FDA and prescribing physicians and other health care providers and/or to the general public.

c)    In failing to take other reasonable and necessary steps, relating to the research, testing and development of Vioxx, so as to provide a reasonable assurance that the product would not result in catastrophic cardiac or neurological injury to people who might take Vioxx.

8.    Merck committed the acts and omissions described above with actual and subjective awareness that Vioxx caused an elevated risk of MI, stroke, hypertensive abnormalities and other adverse neurological or cardiovascular effects in users of Vioxx. This risk is extreme when one considers the prevalence of Vioxx and the large numbers of users, the probability of potential harm to users, and the magnitude of the harm. Despite its awareness of this risk, Merck proceeded to market, manufacture, and distribute Vioxx with a conscious indifference to the rights, safety, or welfare of others. Such acts and omissions on the part of Merck rise to the level of gross negligence.

9.  The acts and omissions constituting negligence and gross negligence described herein were each a proximate cause of the occurrence in question and the injuries and damages suffered by Julio Villarreal, Jr. as a result of his MI.

## V.
## Count 2:  Products Liability

10. Defendant Merck expressly and/or impliedly warranted to the public generally, including Julio Villarreal, Jr., that the product in question was of merchantable quality, and was safe and fit for the purposes intended when used under ordinary conditions and in an ordinary manner in accordance with the recommended dosages according to Merck.

11. Merck breached such warranties by selling Vioxx when Vioxx was not safe and not fit for the purposes intended in that it presented an unreasonable and substantial risk of MI, stroke, acute hypertension, and other neurological and cardiovascular events or disorders, which risks were not disclosed to Julio Villarreal, Jr.

12. Further, Vioxx was in a defective condition at the time it left the control of Merck and at the time it came into the control of Julio Villarreal, Jr.  The product in question was intended to provide users pain relief, but it caused an unreasonable and elevated risk of MI, stroke, acute hypertension, heart attacks, and other neurological and cardiovascular events or disorders.  The chemical design of the product as released on the market and provided to Julio Villarreal, Jr. and his physician could have been made safer by the elimination of these dangerous side effects, but Merck failed to do so.

13. Vioxx was also manufactured and distributed in a defective condition because Merck failed to adequately warn or instruct the general public, Julio Villarreal, Jr., and his physicians, pharmacists, and other health care providers regarding the risks involved in its use and how to

avoid such risks. In this regard, Plaintiff incorporates and reasserts his allegations set forth in paragraph 7 (a).

14. The defects of the product in question and the breaches of warranties, both express and implied, described herein, were each a producing cause of the occurrence in question and the injuries and damages suffered by Julio Villarreal, Jr. as a result of his MI.

15. For these claims of products liability, Plaintiff invokes the doctrine of strict liability in tort, as that term is understood and applied under all applicable law.

## VI.
## Damages

16. As a result of this occurrence and the wrongful conduct of Merck, Julio Villarreal, Jr. has sustained substantial damages.

17. As a result of this occurrence, Julio Villarreal, Jr. suffered and continues to suffer substantial conscious physical pain and mental anguish, and has incurred and will continue to incur substantial economic damages, including medical bills and lost wages.

18. Additionally, Merck acted with gross negligence. Accordingly, Plaintiff Julio Villarreal, Jr. is entitled to exemplary damages from Merck in accordance with the provisions of Texas Civil Practice and Remedies Code, § 41.001, *et. seq.*

19. Plaintiff further pleads for an award of prejudgment and post-judgment interest at the highest rate allowable under the law.

## VII.
## Jury Demand

20. Plaintiff asserts his right under the Seventh Amendment to the United States Constitution, and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues. Plaintiff has tendered the required fee.

## VIII.
## Prayer

21. Thus, Plaintiff asks that Merck be cited to appear and answer herein; that upon trial hereof, Plaintiff have judgment of the Court against Defendant Merck, in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for such other and further relief, both general and special, legal and equitable, to which they have shown or may show themselves justly entitled.

Respectfully submitted,

**WHITEHURST, HARKNESS, OZMUN & BREES, P.C.**
1122 Colorado Street, 24th Floor
P. O. Box 1802
Austin, Texas 78767
512/ 476-4346
512/ 476-0018 (Fax)

By: _____
SALLY S. METCALFE
State Bar No. 00788460
SCOTT OZMUN
State Bar No. 15392740

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

By my signature above I hereby certify on this the 28th day of April, 2006, that a true and correct copy of the above and foregoing instrument has been served via lexis/nexis as well as to the following counsel of record:

Charles A. Deacon                             *via CM/RRR*
Thomas A. Countryman, Senior Counsel
FULBRIGHT & JAWORSKI L.L.P.
300 Convent Street, Suite 2200
San Antonio TX 78205-3792

ATTORNEYS FOR DEFENDANT MERCK & CO., INC.