FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -4  PM 4: 12

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | Section L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| Blaine v. Merck & Co., Inc., No. 05-6126-EEF-DEK | MAG. JUDGE KNOWLES |

**MOTION AND INCORPORATED
MEMORANDUM FOR LEAVE TO AMEND ANSWER**

COMES NOW, defendant Merck & Co., Inc.("Merck"), by and through its undersigned counsel, and moves this Court pursuant to Federal Rule of Civil Procedure 15(a) for leave to amend Merck's Answer to Complaint by adding a Rule 9(b) Fed. R. Civ. P. defense to plaintiffs' fraud-based claims. A copy of Merck's proposed Amended Answer to Complaint is attached hereto as Exhibit A.[1]

**INTRODUCTION**

Plaintiffs James and Sylvia Blaine filed this action on October 3, 2005 in the United States District Court, District of Idaho, as Case No. CIV 05-00408-N-EJL. Merck filed its Answer to Complaint on October 26, 2005. Thereafter, the action was transferred to this Court and docketed as Cause No. 05-6126 under MDL Docket No. 1657. With this motion, Merck

---

[1] The additional defense can be found at paragraph 143 on page 22 of the Amended Complaint.

___ Fee_____
___ Process_____
X /Dktd _____
✓ CtRmDep_____
___ Doc. No_____

respectfully requests this Court to grant leave to amend its Answer for the sole purpose of including an additional affirmative defense, relative to plaintiffs' fraud allegations, as follows:

### FORTY-THIRD DEFENSE

Plaintiffs' fraud-based claims are barred by reason of plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

*See* proposed Amended Answer to Complaint attached as Exhibit A to Merck's Motion for Leave to Amend Answer. Although four (4) other Idaho Vioxx plaintiffs stipulated to the filing of an amended answer to include a fraud defense--the identical issue here presented--plaintiffs James and Sylvia Blaine would not so stipulate, thus necessitating the filing of the instant Motion.

### ARGUMENT

According to the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Daves v. Payless Cashways Inc.1981*, 661 F.2d 1022, 1024 (5th Cir.1981). In general, "the motion [to amend] should not be denied unless there is a substantial reason to do so." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir.1998). Thus, unless a party demonstrates factors that are absent here -- *e.g.*, undue delay, prejudice, failure to cure deficiencies with prior amendment, futility, bad faith, or dilatory motive -- leave should be freely granted. *Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir.1982); *Fuchs*, 939 F.2d at 1278; *Daves*, 661 F.2d at 1024; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there exists no "substantial reason" to deny the present motion, which is submitted merely to correct an oversight in the original answer. Merck has not missed any deadline for the amendment of pleadings. Thus, there is no undue delay associated with Merck's motion and plaintiffs cannot be prejudiced by such amendment. Moreover, Merck's motion is not made in

bad faith or for any dilatory motive, nor has Merck previously sought to amend the answer. Finally, the defense is not futile as it raises an important issue regarding the sufficiency of the complaint, which does not include any of the details required for the pleading of fraud-based claims under Fed. R. Civ. P. 9(b). Accordingly, Merck requests that this Court exercise its discretion in favor of allowing Merck to amend its answer to include the additional defense referenced above.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests this Court to grant Merck's Motion for Leave to Amend Answer.

DATED this 4th day of May, 2006.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Stephen R. Thomas
Tyler J. Anderson
Moffatt, Thomas, Barrett, Rock & Fields, Chtd
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Phone 208-345-2000
Fax: 208-385-5384

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing **MOTION AND INCORPORATED MEMORANDUM FOR LEAVE TO FILE AMENDED ANSWER** has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of May, 2006.

*Dorothy H. Wimberly*