EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | Section L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| Blaine v. Merck & Co., Inc., No. 05-6126-EEF-DEK | MAG. JUDGE KNOWLES |

## AMENDED ANSWER TO COMPLAINT

COMES NOW defendant, Merck & Co., Inc. ("Merck"), by and through its attorney of record, Moffatt, Thomas, Barrett, Rock & Fields, Chartered, and without admitting any liability or damages to plaintiffs and without assuming the burden of proof as to any issue in this litigation, answers plaintiffs' Complaint for Damages and Demand for Jury Trial ("Complaint") as follows:

### RESPONSE TO "PARTIES"

1.      With respect to the allegations contained in paragraph 1.1 of the Complaint, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore is unable to admit or deny the same.

2.      Merck denies each and every allegation in paragraph 1.2 of the Complaint, except it admits that it is a New Jersey corporation with its principal place of business in New Jersey, that Merck is authorized to do business in Idaho and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

### RESPONSE TO "JURISDICTION AND VENUE"

3.      The allegations contained in paragraph 2.1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck admits that Plaintiff purports to put an amount in controversy exceeding $75,000 at issue, but denies that there is any legal or factual basis for awarding same.

4.     The allegations contained in paragraph 2.2 of the Complaint are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO "FACTUAL BACKGROUND"

5.     Merck denies each and every allegation set forth in paragraph 3.1 of the Complaint.

6.     Merck denies each and every allegation contained in paragraph 3.2 of the Complaint, except it admits that it manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the worldwide market on September 30, 2004, and that VIOXX® is the brand name for rofecoxib.

7.     Merck denies each and every allegation contained in paragraph 3.3 of the Complaint, except it admits that VIOXX® is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX 2).

8.     Merck denies each and every allegation contained in paragraph 3.4 of the Complaint, except it admits that the mechanism of action for VIOXX® is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX 2.  Merck further avers that it is believed that the inhibition of cycloozygenase-1 ("COX-1") has been associated with gastric damage and increased bleeding among patients taking non-selective NSAIDs.

9.      Merck denies each and every allegation contained in paragraph 3.5 of the Complaint, except it admits that VIOXX®, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

10.     Merck denies each and every allegation contained in paragraph 3.6 of the Complaint, except it admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX®.

11.     Merck denies each and every allegation contained in paragraph 3.7 of the Complaint.

12.     Merck denies each and every allegation set forth in paragraph 3.8 of the Complaint, except it admits that plaintiffs purport to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context.

13.     Merck denies each and every allegation contained in paragraph 3.9 of the Complaint, except it admits that plaintiffs purport to quote portions of the referenced email but avers that the quoted language is taken out of context.

14.     Merck denies each and every allegation contained in paragraph 3.10 of the Complaint, except it admits that the VIOXX® Gastrointestinal Outcomes Research (VIGOR) study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

15.     Merck denies each and every allegation contained in paragraph 3.11 of the Complaint, and avers that prior to the VIGOR trial, Merck had put in place a cardiovascular standard operating procedure consisting of three external panels of experts, the purpose of which

was to adjudicate investigator reported cardiovascular adverse events from clinical trials of VIOXX®.

16.     Merck denies each and every allegation contained in paragraph 3.12 of the Complaint, except it admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

17.     Merck denies each and every allegation directed at Merck in paragraph 3.13 of the Complaint.

18.     Merck denies each and every allegation contained in paragraph 3.14 of the Complaint and avers that Merck marketed the prescription medicine VIOXX® in a manner consistent with the information contained in the FDA-approved prescribing information for VIOXX® and with state and federal law.

19.     Merck denies each and every allegation contained in paragraph 3.15 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its actual language and full text.

20.     Merck denies each and every allegation contained in paragraph 3.16 of the Complaint, and respectfully refers the Court to the minutes produced at the November 18, 1999 meeting of the Data Safety and Monitoring Board for its actual language and full text.

21.     Merck denies each and every allegation contained in paragraph 3.17 of the Complaint, except it admits that Merck received a letter from a Spencer Salis of DDMAC in December 1999 and respectfully refers the Court to the referenced letter for its actual language and full text.

22.     Merck denies each and every allegation contained in paragraph 3.18, including subparagraphs a – c, of the Complaint, except admits that VIOXX® is a selective NSAID and that the inhibition of cyclooxygenase 1 (COX 1) in patients taking traditional non-

selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

23.     Merck denies each and every allegation contained in paragraph 3.19 of the Complaint, and avers that in March 2000 Merck forwarded to the FDA the VIGOR study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

24.     Merck denies each and every allegation contained in paragraph 3.20 of the Complaint, except it admits that Merck is currently a member and has been a sponsor of EULAR since 1999, and that the studies referenced in sentence one of paragraph 3.20 and the article referenced in sentence four of paragraph 3.20 exist, and respectfully refers the Court to said publications for their actual language and full text.

25.     Merck denies each and every allegation contained in paragraph 3.21 of the Complaint, except it admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

26.     Merck denies each and every allegation contained in paragraph 3.22 of the Complaint.

27.     Merck denies each and every allegation set forth in the first and second sentences of paragraph 3.23 of the Complaint. Merck denies each and every allegation set forth in the third sentence of paragraph 3.23 of the Complaint, except it admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 3.24 of the Complaint, except it admits that referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text. Merck further avers that the VIGOR

study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.

29.     Merck denies each and every allegation contained in paragraph 3.25 of the Complaint, except it admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 3.26 of the Complaint, but avers that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 3.27 of the Complaint, except it admits the existence of the journal, and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 3.28 of the Complaint, except it admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

33.     Merck denies each and every allegation in paragraph 3.29 of the Complaint, except it admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

34.     Merck denies each and every allegation in paragraph 3.30 of the Complaint, except it admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

35.     Merck denies each and every allegation contained in paragraph 3.31 of the Complaint and avers that Merck marketed the prescription medicine VIOXX® in a manner consistent with its FDA-approved prescribing information.  Merck further admits that in 2001 VIOXX® achieved sales of $2.6 billion and that VIOXX® was prescribed to millions of patients.

36.     Merck denies each and every allegation contained in paragraph 3.32 of the Complaint, except it admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

37.     Merck denies each and every allegation contained in paragraph 3.33 of the Complaint, except it admits that the referenced articles exist and respectfully refers the Court to said articles for their actual language and full text.

38.     Merck denies each and every allegation contained in paragraph 3.34 of the Complaint, except it admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

39.     Merck denies each and every allegation contained in paragraph 3.35 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 3.36 of the Complaint, except it admits that the Reuters article referenced in paragraph 3.36 of the Complaint exists and that plaintiffs purport to quote from the referenced article, but respectfully refers the Court to said article for its actual language and full text.

41.     Merck denies each and every allegation contained in paragraph 3.37 of the Complaint, except it admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

42.     Merck denies each and every allegation contained in paragraph 3.38 of the Complaint, except admits that the referenced Adverse Event Reporting System (AERS) exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the Food and Drug Administration that the event was caused by the drug. Merck further admits various cardiovascular adverse events associated with VIOXX® have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.

43.     Merck denies each and every allegation set forth in paragraph 3.39 of the Complaint.

44.     Merck denies each and every allegation set forth in paragraph 3.40 of the Complaint, except it admits that the referenced study exits and respectfully refers the Court to said study for its actual language and full text.

45.     Merck denies each and every allegation contained in paragraph 3.41 of the Complaint, except it avers that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking VIOXX® compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

46.     Merck denies each and every allegation contained in paragraph 3.42 of the Complaint.

47.     With respect to the allegations contained in the first and second sentences of paragraph 3.43 of the Complaint, Merck lacks knowledge or information sufficient to form a

belief as to the truth or falsity of said allegations and therefore is unable to admit or deny the same. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in the third sentence of paragraph 3.43 that Plaintiff took VIOXX® and therefore is unable to admit or deny the same, and denies each and every remaining allegation set forth in the third sentence of paragraph 3.43 of the Complaint. With respect to the allegations contained in the fourth and fifth sentences of paragraph 3.43 of the Complaint, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore is unable to admit or deny the same.

48.     With respect to the allegations contained in paragraph 3.44 of the Complaint, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore is unable to admit or deny the same.

49.     With respect to the allegations contained in paragraph 3.45 of the Complaint, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore is unable to admit or deny the same.

50.     With respect to the allegations contained in paragraph 3.46 of the Complaint, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and therefore is unable to admit or deny the same.

51.     Merck denies each and every allegation directed towards Merck in paragraph 3.47 of the Complaint, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 3.47 of the Complaint and therefore is unable to admit or deny the same.

52.     Merck denies each and every allegation directed towards Merck in paragraph 3.48 of the Complaint, and lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations set forth in paragraph 3.48 of the Complaint and therefore is unable to admit or deny the same.

53.     Merck denies each and every allegation contained in paragraph 3.49 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 3.50 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 3.51 of the Complaint.

56.     Merck denies each and every allegation contained in paragraph 3.52 of the Complaint.

57.     Merck denies each and every allegation contained in paragraph 3.53 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medication VIOXX®.

58.     Merck denies each and every allegation contained in paragraph 3.54 of the Complaint.

59.     Merck denies each and every allegation contained in paragraph 3.55 of the Complaint.

60.     Merck denies each and every allegation contained in paragraph 3.56 of the Complaint.

**RESPONSE TO FIRST CAUSE OF ACTION**
**"Strict Product Liability – Failure to Warn"**

61.     With respect to the allegations contained in paragraph 4.1 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 60 of this Answer with the same force and effect as though set forth here in full.

10

62.      Merck denies each and every allegation contained in paragraph 4.2 of the Complaint, except it admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

63.      Merck denies each and every allegation contained in paragraph 4.3 of the Complaint.

64.      Merck denies each and every allegation contained in paragraph 4.4 of the Complaint.

65.      Merck denies each and every allegation contained in paragraph 4.5 of the Complaint.

66.      Merck denies each and every allegation contained in paragraph 4.6 of the Complaint.

67.      Merck denies each and every allegation contained in paragraph 4.7 of the Complaint.

68.      Merck denies each and every allegation contained in paragraph 4.8 of the Complaint.

69.      Merck denies each and every allegation contained in paragraph 4.9 of the Complaint.

70.      Merck denies each and every allegation contained in paragraph 4.10 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION
### "Strict Product Liability – Design Defect"

71.      With respect to the allegations contained in paragraph 5.1 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 70 of this Answer with the same force and effect as though set forth here in full.

72.     Merck denies each and every allegation contained in paragraph 5.2 of the Complaint, except it admits that it manufactured, marketed, and distributed the prescription medicine VIOXX®.

73.     Merck denies each and every allegation contained in paragraph 5.3 of the Complaint.

74.     Merck states that the allegations in paragraph 5.4 of the Complaint state legal conclusions, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5.4 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 5.5 of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 5.6 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION"
### "Negligence"

77.     With respect to the allegations contained in paragraph 6.1 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78.     Merck denies each and every allegation contained in paragraph 6.2 of the Complaint.

79.     Merck denies each and every allegation contained in paragraph 6.3 of the Complaint.

80.     Merck denies each and every allegation contained in paragraph 6.4 of the Complaint.

81.     Merck denies each and every allegation contained in paragraph 6.5 of the Complaint.

82.     Merck denies each and every allegation contained in paragraph 6.6 of the Complaint.

83.     Merck denies each and every allegation contained in paragraph 6.7 of the Complaint.

84.     Merck denies each and every allegation contained in paragraph 6.8 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 6.9 of the Complaint.

### RESPONSE TO "FOURTH CAUSE OF ACTION"
#### "Violation of the Idaho Consumer Protection Act"

86.     With respect to the allegations contained in paragraph 7.1 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 85 of this Answer with the same force and effect as though set forth here in full.

87.     Merck denies each and every allegation contained in paragraph 7.2 of the Complaint.

88.     Merck denies each and every allegation contained in paragraph 7.3 of the Complaint.

89.     Merck denies each and every allegation contained in paragraph 7.4 of the Complaint.

90.     Merck denies each and every allegation contained in paragraph 7.5 of the Complaint.

91.     Merck denies each and every allegation contained in paragraph 7.6 of the Complaint.

92.     Merck denies each and every allegation contained in paragraph 7.7 of the Complaint.

93.     Merck denies each and every allegation contained in paragraph 7.8 of the Complaint.

**RESPONSE TO "Fraudulent Concealment"**

94.     Merck denies each and every allegation contained in paragraph 8.1 of the Complaint.

95.     Merck denies each and every allegation contained in paragraph 8.2 of the Complaint.

**RESPONSE TO "DAMAGES"**

96.     Merck denies each and every allegation contained in paragraph 9.1 of the Complaint.

97.     Merck denies each and every allegation contained in paragraph 9.2 of the Complaint.

98.     Merck denies each and every allegation contained in paragraph 9.3 of the Complaint.

**RESPONSE TO "PUNITIVE DAMAGES"**

99.     Merck states that the allegations in paragraph 10.1 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 10.1.  Idaho Code § 6-1604 governs this issue and plaintiffs must comply with such law.

## RESPONSE TO "ATTORNEY FEES"

100.    Merck states that the allegations in paragraph 11.1 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 11.1 and avers that plaintiffs are not entitled to an award of attorney fees.

## DEFENSES

Further answering and by way of affirmative defenses, Merck alleges as follows:

### FIRST DEFENSE

101.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### SECOND DEFENSE

102.    The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

103.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### FOURTH DEFENSE

104.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FIFTH DEFENSE

105.    To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH DEFENSE

106.    To the extent that plaintiffs assert claims based upon an alleged failure by Merck to warn plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duly to warn in its warnings to the prescribing physician.

## SEVENTH DEFENSE

107.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiff.

## EIGHTH DEFENSE

108.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

## NINTH DEFENSE

109.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiff James Blaine knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH DEFENSE

110.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH DEFENSE

111.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff James Blaine's misuse or abuse of VIOXX®.

## TWELFTH DEFENSE

112.    If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff James Blaine's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## THIRTEENTH DEFENSE

113.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## FOURTEENTH DEFENSE

114.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

## FIFTEENTH DEFENSE

115.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

## SIXTEENTH DEFENSE

116.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SEVENTEENTH DEFENSE

117.    To the extent that plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights and are not permitted by Idaho law.

## EIGHTEENTH DEFENSE

118.    To the extent that plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## NINETEENTH DEFENSE

119.    Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## TWENTIETH DEFENSE

120.    Plaintiffs' damages in this action, if any, are subject to the limitations set forth in Idaho Code Section 6-1603 (non-economic damages) and Idaho Code Section 6-1604 (punitive damages).

## TWENTY-FIRST DEFENSE

121.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWENTY-SECOND DEFENSE

122.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**TWENTY-THIRD DEFENSE**

123.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

**TWENTY-FOURTH DEFENSE**

124.    Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**TWENTY-FIFTH DEFENSE**

125.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of VIOXX®.

**TWENTY-SIXTH DEFENSE**

126.    The class allegations are barred in that if this action is certified as a class action, Merck's rights under the Fifth and Seventh Amendments of the United States Constitution and comparable provisions of the Idaho Constitution would be violated.

**TWENTY-SEVENTH DEFENSE**

127.    Plaintiffs have suffered no damage to business or property and therefore cannot state a Consumer Protection Act claim.

**TWENTY-EIGHTH DEFENSE**

128.    Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom.  With respect to every cause of action, Merck asserts all defenses under Idaho Code Section 6-1301[1401], *et seq.*, including but not limited to industry custom, technological feasibility and compliance with standards and regulations.

**TWENTY-NINTH DEFENSE**

129.    Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

## THIRTIETH DEFENSE

130.    Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

## THIRTY-FIRST DEFENSE

131.    All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore plaintiffs' claims pertaining to unfair or deceptive practices are barred.

## THIRTY-SECOND DEFENSE

132.    With respect to every cause of action, plaintiffs are not entitled to recover for beach of warranty to the extent that warranty claims have been subsumed by the Idaho Products Liability Act, Idaho Code Section 6-1301[1401] *et seq.*

## THIRTY-THIRD DEFENSE

133.    With respect to each and every cause of action, plaintiffs are not entitled to recover because if the products involved were unsafe, which Merck denies, then they were unavoidably unsafe as defined in Restatement of Torts.  The apparent benefits of the products exceeded any apparent risk given the scientific knowledge available when the products were marketed.

## THIRTY-FOURTH DEFENSE

134.    The conduct and activities of Merck with respect to the products which are the subject matter of this action were fair and truthful based upon the state of the knowledge and existing at the relevant time alleged in the plaintiffs' Complaint, and therefore, plaintiffs' claims under the Consumer Protection Act are barred.

## THIRTY-FIFTH DEFENSE

135.    Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute

protected commercial speech under the applicable provisions of the United States and Idaho Constitutions.

## THIRTY-SIXTH DEFENSE

136.    The public interest and benefit and the availability of such products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

## THIRTY-SEVENTH DEFENSE

137.    At all times relevant herein, any product(s) which are the subject matter of this action processed and distributed by Merck in the state of Idaho or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

## THIRTY-EIGHTH DEFENSE

138.    With respect to each and every purported cause of action in plaintiffs' Complaint, plaintiffs are barred by lack of privity with Merck.

## THIRTY-NINTH DEFENSE

139.    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

### FORTIETH DEFENSE

140.    To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### FORTY-FIRST DEFENSE

141.    The injuries, damages and/or loss claimed by plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, over whom Merck had no control.  Any recovery by plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

### FORTY-SECOND DEFENSE

142.    In answering this Complaint, Merck does not assume any burden of proof attributable to plaintiffs as to any matter at issue in this litigation.

### FORTY-THIRD DEFENSE

143.    Plaintiffs' fraud-based claims are barred by reason of plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

### MERCK'S JURY DEMAND

Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a trial by jury.

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A.    Dismiss the Complaint with prejudice, the plaintiffs taking nothing thereby;

B.      Award Merck its cost of suit and attorney's fees, under any applicable

statute; and

C.      Grant such other and further relief as this Court deems just and equitable.

DATED this _4th_ day of May, 2006.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel

Stephen R. Thomas
Tyler J. Anderson
Moffatt, Thomas, Barrett, Rock & Fields,
Chtd
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Phone  208-345-2000
Fax:  208-385-5384

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing AMENDED ANSWER TO COMPLAINT has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of May, 2006.

Dorothy H. Wimber