FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -4  AM 10: 54

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | ) MDL NO. 1657<br>)<br>) SECTION: L(3) |
| THIS DOCUMENT RELATES TO<br>SCHNELLER V. MERCK & CO., INC. No.<br>2:05-cv-5382 | ) JUDGE FALLON<br>) MAG. JUDGE KNOWLES |

**MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER DIRECTING LEXIS NEXIS AND OTHER VENDORS TO ENABLE REGISTRATION OF PRO SE PLAINTIFF WHO IS NOT AN ATTORNEY**

Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, respectfully submits this opposition to the motion submitted by *pro se* plaintiff James D. Schneller, seeking access to litigation and discovery documents posted through the LexisNexis File and Serve service and the Litigation Management, Inc. ("LMI") website. With respect to the LexisNexis service, plaintiff's motion should be denied because the database contains many documents that are confidential, such that opening access to non-attorneys would endanger that confidentiality, and because plaintiff has not established that he has any need to access them or that mechanisms currently in place do not provide him with the information he does need. With respect to the LMI website, his motion should be denied because he already is permitted to access the information on that site.

## BACKGROUND

This Court has made provision for the interests of all plaintiffs to be protected by the Plaintiffs' Steering Committee (the "PSC") and by Plaintiffs' Liaison Counsel (the "PLC"). For example, the Court provided at the very start of this litigation that the PLC is "authorized to

___ Fee_____
___ Process_____
 X  Dktd  809100-1
___ CtRmDep_____
___ Doc. No_____

receive orders and notices from the Court *on behalf of all parties within their liaison group* and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group." Pretrial Order #1 (Feb. 17, 2005). Similarly, the PSC has the responsibility *inter alia*, to

> "[i]nitiate, coordinate, and conduct all pretrial discovery *on behalf of plaintiffs in all actions* which are consolidated with the instant multi district litigation . . . . [c]ause to be issued *in the name of all plaintiffs* the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. . . . [c]onduct all discovery in a coordinated and consolidated manner *on behalf and for the benefit of all plaintiffs*. . . . [e]xamine witnesses and introduce evidence at hearings *on behalf of plaintiffs* [and] . . . . *[a]ct as spokesperson for all plaintiffs at pretrial proceedings.*

Pretrial Order #6 at 2-4 (Apr. 8, 2005). The PSC is also required to "[m]aintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all MDL Plaintiffs or their attorneys." *Id.* at 4.

The LexisNexis electronic filing service was established by the Court due to the large number of parties and attorneys involved in this multi district proceeding. Using the LexisNexis service, the parties can file pleadings with this Court electronically and receive email notice of all pleadings filed. *See* Pretrial Order #8A, Apr. 27, 2006. Access to this service is available to "counsel of record for any party in the consolidated MDL 1657." *Id.* ¶ 13. While *pro se* plaintiffs may not directly access the LexisNexis service, they **can** submit documents to LexisNexis for uploading and electronic service, relieving them of the obligation to physically serve their pleadings on all parties to this litigation. *Id.* ¶ 4. *Pro se* plaintiffs also have access to all pleadings and court orders via the Court clerk's office and the Court's website.

2

After the establishment of the LexisNexis system, the PLC was no longer required to distribute pleadings to the entire service list of plaintiffs' attorneys, but "he continue[d] to serve any non-represented institutionalized plaintiffs," Pretrial Order #14 at 2 (May 26, 2005), and "continued to communicate with the various *pro se* claimants and advised them of attorneys in their respective states and other pertinent information regarding the MDL. The Court informed counsel that the easiest way to handle pro se individuals in this litigation is for the PSC to represent them." Minute Order at 7 (July 19, 2005); *see also, e.g.*, Minute Order at 5 (Dec. 1, 2005) ("PLC informed the Court that he has continued to be contacted by *pro se* claimants and has advised them of attorneys in their respective states and other pertinent information regarding the MDL."). In addition, the Court specifically directed the PLC to contact plaintiff here to discuss his motion and presumably to provide him with any information he may need. *See* Order (Apr. 19, 2006).

The Litigation Management, Inc. ("LMI") website to which plaintiff seeks access was created by Merck for the purpose of delivering plaintiff medical records to plaintiffs' counsel pursuant to Pretrial Order 18B. *Pro se* plaintiffs such as Mr. Schneller, may access the website.

## ARGUMENT

### I. THE CONFIDENTIALITY OF THE LEXISNEXIS DATABASE IS PARAMOUNT AND WOULD BE THREATENED BY PROVIDING ACCESS TO PLAINTIFF.

The LexisNexis service includes numerous non-public documents, such as discovery responses and produced documents, including private medical records, plaintiff profile forms, and confidential documents attached as exhibits to various pleadings. Access to these documents must be tightly controlled so as to prevent the unauthorized and damaging exposure of private and confidential information.

Although the PSC contends that anyone should have access to these documents,[1] the current limitation on access to attorneys only is a reasonable method of preserving confidentiality. While in theory any registered user of the LexisNexis database would be bound by this Court's confidentiality order, *see* Pretrial Order #8A (Apr. 27, 2006), that order would rapidly become unenforceable if non-attorneys were allowed access. Attorneys are more likely to have an understanding and appreciation of the confidentiality order, and moreover are bound by heightened ethical standards as members of the bar and officers of the court. Accordingly, absent some compelling need, the current restrictions on access should be maintained.

## II. PLAINTIFF HAS NOT ESTABLISHED THAT HE NEEDS ACCESS TO THE LEXISNEXIS SERVICE OR THAT CURRENT MECHANISMS ARE INADEQUATE.

In light of the need for strict confidentiality, only a very compelling need should outweigh confidentiality considerations and require a breach of the attorney-only constraint on access to either of the LexisNexis database. Plaintiff has not demonstrated any such need.

Indeed, current mechanisms should be sufficient to fill any need that plaintiff might have. As explained above, both the PSC and the PLC have affirmative obligations, pursuant to court order, to act on behalf of all plaintiffs, including plaintiff here, and to provide him with any information necessary to the prosecution of his case. Plaintiff does not indicate that he has even attempted to contact either the PLC or the PSC to request the materials he seeks.

Furthermore, it is hard to understand what materials plaintiff could require from the LexisNexis database that would not be publicly available to him. Court orders can be found on this Court's website, as can the docket. Should any documents be filed pertaining to plaintiff's individual case, he could, in the unlikely event that he were not physically served, have copies

---

[1] *See* Response by Plaintiffs' Steering Committee To Motion For An Order Directing Lexis-Nexis And Other Vendors To Enable Registration Of Pro Se Plaintiff Who Is Not An Attorney, dated May 3, 2006.

made from the official court file. Thus even if plaintiff does not coordinate with the PSC and PLC, he has access to all documents filed with the Court. Plaintiff does not say what documents he is seeking or why, and there is thus no indication that he would need any pleadings beyond what is publicly available or provided to him by the coordinating plaintiffs' counsel.

### III. PLAINTIFF IS ALREADY ENTITLED TO ACCESS THE LMI WEBSITE.

There is even less basis for plaintiff's request that the Court order that he provided access to the LMI website. Merck has no objection to allowing plaintiff access to the website so long as he agrees to the same terms and conditions applicable to plaintiffs' counsel. In fact, contrary to plaintiff's assertions in his moving papers, a representative of LMI informed plaintiff on or about February 7, 2006 that he could access his records through this website provided he complete the registration. LMI sent the registration requirements to plaintiff on February 16, 2006, but he never returned the registration form or contacted LMI thereafter. Under the circumstances, no court order is needed to grant plaintiff access to the LMI website.

### CONCLUSION

For the reasons explained above, Merck respectfully requests that plaintiff's motion be denied.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

809100v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Merck & Co., Inc.'s Opposition to Plaintiff's Motion for an Order Directing Lexis Nexis and Other Vendors to Enable Registration of Pro Se Plaintiff Who is not an Attorney has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon pro se plaintiff by mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 4th day of May, 2006.

_Dorothy H. Wimberly_

809100v.1