UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>    Products Liability Litigation<br><br>This Document Relates to:<br>    LOUISIANA HEALTH SERVICE<br>    INDEMNITY COMPANY d/b/a<br>    BLUECROSS/BLUESHIELD OF<br>    LOUISIANA<br><br>            Plaintiff<br><br>versus<br><br>MERCK & CO., INC.<br>            Defendant<br><br>Case No. 05-0713 | MDL NO. 1657<br><br>SECTION: L<br><br><br>HON. ELDON E. FALLON<br>MAG. JUDGE KNOWLES |

## PLAINTIFF, LOUISIANA HEALTH SERVICE INDEMNITY COMPANY d/b/a BLUECROSS/BLUESHIELD OF LOUISIANA'S, SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, Louisiana Health Service & Indemnity Company d/b/a BlueCross/BlueShield of Louisiana ("BC/BS Louisiana"), and respectfully amends its previous Complaint as follows:

I.

For its causes of action against Defendant, Merck & Co., Inc. ("Merck" or "defendant" or the "company"), BC/BS Louisiana amends its Complaint to allege the following causes of action:

### CAUSES OF ACTION

### COUNT I: REDHIBITION

1




150. Plaintiff re-alleges and incorporates all preceding paragraphs of this Complaint as if fully set forth here, and further alleges as follows:

151. At all times pertinent herein, the Defendant marketed, sold, and distributed Vioxx for use by consumers, including Plaintiff and its plan members/insureds.

152. The Defendant is liable to Plaintiff under the Louisiana law of Redhibition because, at the time it manufactured Vioxx and sold Vioxx to Plaintiff and its plan members/insureds, Vioxx contained redhibitory defects, and the Defendant knew or, alternatively, should have known, of such redhibitory defects and failed to disclose and/or concealed such defects.

153. Had Plaintiff and/or its plan members/insureds known of such redhibitory defects, they would not have purchased Vioxx, nor would Plaintiff have approved and paid for such purchases.

154. Had Plaintiff known of such redhibitory defects, Plaintiff would not have paid for Vioxx use by its plan members/insureds.

155. Under the Louisiana laws of Redhibition, the Defendant is liable to Plaintiff for a return of the purchase price, including interest, all expenses occasioned by the sale, all damages sustained by Plaintiff, as well as costs, penalties, and reasonable attorneys' fees.

**COUNT II: STRICT LIABILITY AND FAILURE TO WARN**

156. Petitioners re-allege and incorporate all preceding paragraphs of this Petition as if fully set forth here, and further alleges as follows:

157. The drug Vioxx is an unreasonably dangerous product as defined by Louisiana Revised Statute 9:2800.1 *et seq.* (the Louisiana Products Liability Act) and the defendant manufacturer is liable for all injuries proximately caused thereby.

158. The drug Vioxx was defective at the time of its manufacture, development, production, testing, inspection, endorsement, prescription, sale and distribution, in that, and not by way of limitation, said product and its warnings, instructions and directions failed to warn of the dangerous propensities of Vioxx, which risks were known or reasonably scientifically knowable to the Defendant. The Defendant knew or should have known of the defective condition, characteristics and risks associated with Vioxx, as previously set forth herein.

159. At all times herein mentioned, the aforementioned product was defective, and the Defendant knew that the product was to be ingested by the user without inspection for defects therein. Moreover, Plaintiffs and its plan members/insureds neither knew, nor had reason to know at the time of the use of the subject product, of the existence of the aforementioned defects.

160. As a result of the defective condition of the aforementioned product, Petitioners are entitled to all the damages as alleged herein.

### COUNT III: BREACH OF EXPRESS WARRANTY

161. Plaintiff re-alleges and incorporates all preceding paragraphs of this Complaint as if fully set forth here, and further alleges as follows:

162. The drug Vioxx is an unreasonably dangerous product as defined by Louisiana Revised Statute 9:2800.51 et seq. (the Louisiana Products Liability Act), and the defendant manufacturer is liable for all injuries proximately caused thereby.

163. At all times herein mentioned, the Defendant expressly warranted to Plaintiff and its plan members/insureds, and their agents and physicians, by and through statements made by the Defendant or their authorized agents or sales representatives, orally and in publications, package

inserts and other written materials intended for physicians, medical patients and the general public, that the aforementioned product was safe, effective, fit and proper for its intended use.

164. In purchasing, paying for, and/or utilizing the aforementioned product, Plaintiff, its plan members/insureds, and their agents and physicians relied upon the skill, judgment, representations and foregoing express warranties of the Defendant. Said warranties and representations were false in that the aforementioned product was not safe and was unfit for the use for which it was intended.

165. As a result of the foregoing breach of express warranties by the Defendant, Plaintiff suffered damages as alleged herein.

## COUNT IV: BREACH OF IMPLIED WARRANTY

166. Plaintiff re-alleges and incorporates all preceding paragraphs of this Complaint as if fully set forth here, and further alleges as follows:

167. The drug Vioxx is an unreasonably dangerous product as defined by Louisiana Revised Statute 9:2800.51 et seq. (the Louisiana Products Liability Act) and the defendant manufacturer is liable for all injuries proximately caused thereby.

168. At all times pertinent herein, the Defendant marketed, sold, and distributed Vioxx for use by consumers, such as Plaintiff's plan members/insureds, and the Defendant knew of the use for which Vioxx was intended and impliedly warranted Vioxx to be of merchantable quality and safe and fit for its intended use.

169. Plaintiff and its plan members/insureds were and are unskilled in the research, design and manufacture of the aforementioned product and reasonably relied entirely on the skill,

judgment and implied warranty of the Defendant in using, purchasing, and/or paying for the aforementioned product.

170. Contrary to such implied warranty, Vioxx was not of merchantable quality or safe and fit for its intended use, because Vioxx was unreasonably dangerous and unfit for the ordinary purposes for which it was used as described herein.

171. As the proximate result of the Defendant's breach of implied warranty, Plaintiff has sustained damages as described herein.

**COUNT V: VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES ACT**

172. Plaintiff re-alleges and incorporates all preceding paragraphs of this Complaint as if fully set forth herein, and further allege as follows:

173. The acts committed by the Defendant as alleged herein violate the provisions of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. Rev. Stat. Ann. § 51:1401, et seq. Each of the previously described acts by the Defendant were "unlawful" in that they were "unfair methods of competition and[/or] unfair or deceptive acts or practices in the conduct of [Defendant's] trade or commerce," as prohibited by La. Rev. Stat. Ann. § 51:1405.

174. As a direct and proximate result of the Defendant's wrongful conduct in violation of LUTPA, Petitioners have sustained financial losses in amounts as will be established at the trial of this matter, which amounts Petitioners are entitled to recover from the Defendant. Plaintiff, which, due to the Defendant's unlawful conduct in violation of LUTPA, spent substantial sums to purchase Vioxx for persons covered under its plans and/or policies, is entitled to all remedies afforded under La. Rev. Stat. Ann. §51:1409, including actual damages, reasonable

attorney's fees, and costs. Finally, Plaintiff seeks any and all other and further remedies to which it is entitled under LUTPA.

### COUNT VI: OTHER STATE LAW THEORIES OF RECOVERY

175. Plaintiff re-alleges and incorporates all preceding paragraphs of this Complaint as if fully set forth here, and further alleges as follows:

176. At all times herein mentioned, the Defendant owed a duty to Plaintiff a duty to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, distribute, market, label, package, prepare for use, sell, prescribe and adequately warn of the risks and dangers of the aforementioned product.

177. At all times herein mentioned, the Defendant negligently and carelessly manufactured, designed, formulated, compounded, produced, processed, assembled, inspected, distributed, marketed, labeled, packaged, prepared for use and sold the aforementioned product and failed to adequately test and warn of the risk and dangers of the aforementioned product.

178. The Defendant impliedly and/or expressly represented to Plaintiff that the drug Vioxx, which it manufactured, distributed and/or sold was safe for use and would not cause the adverse health effects described herein. Despite the Defendant's knowledge to the contrary, the Defendant misrepresented to Plaintiff that Vioxx was safe and/or concealed its unsafe propensities from Plaintiff. Plaintiff relied upon these misrepresentations to its detriment by placing Vioxx on its drug formulary and by paying for and/or reimbursing its plan members/insureds' Vioxx prescriptions.

179. As a result of said negligence, carelessness, and misrepresentations of the Defendant, Plaintiff has suffered damages as alleged herein.

## COUNT VII: UNJUST ENRICHMENT

180. Plaintiff re-alleges and incorporates all preceding paragraphs of this Petition as if fully set forth here, and further alleges as follows:

181. The Defendant has been enriched from the selling and manufacturing of a defective product, and Plaintiff has been correspondingly impoverished by purchasing or paying for the defective product. There is no justification or cause for Defendants' enrichment or Plaintiff's resulting impoverishment.

182. Defendants' enrichment at the expense or impoverishment of Plaintiff is inequitable. Although Plaintiff has alleged that it enjoys remedies at law against Defendant, to the extent that Plaintiff does not enjoy a remedy at law, Defendant should be made to return all sums unjustly obtained from Plaintiff.

183. Plaintiff demands that Merck & Co., Inc. return all such monies acquired from Plaintiff through the selling of Vioxx.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

1. That the unlawful conduct alleged herein be adjudged and decreed to be unlawful and unfair methods of competition and/or unfair and deceptive acts or practices committed by the Defendant as prohibited by La. Rev. Stat. Ann. §51:1405;

2. That, pursuant to LUTPA, the Defendant be found liable to Plaintiff for all remedies available to Plaintiff under La. Rev. Stat. Ann. §51:1409, including actual damages, reasonable attorney's fees, and costs;

3. That Petitioners be granted all damages to which they are reasonably entitled,

including, but not limited to, the return of the purchase price paid by Plaintiff for Vioxx prescriptions, attorney's fees to the full extent recoverable, all costs, and legal interest from the date of judicial demand until paid, due to Vioxx's redhibitory defects, the Defendant's failure to warn, the Defendant's breach of express and/or implied warranties, the Defendant's deceptive and unfair trade practices, the Defendant's negligence, the Defendant's misrepresentations, and/or the Defendant's unjust enrichment.

4. Petitioners further pray for any and all such other, further and, different relief as the nature of the case may require or as may be deemed just and proper by this Court, including, but not limited to, the recovery of all costs of this suit, judicial interest, and attorney's fees to the fullest extent recoverable by law.

5. Petitioners pray that all deposition and travel expenses be taxed as costs.

Respectfully submitted, this 5th day of May, 2006,

**DUGAN & BROWNE, APLC**

_____
**James R. Dugan, II, T.A.** (LSBA No. 24785)
**David L. Browne** (LSBA No. 20729)
**Douglas R. Plymale** (LSBA No. 28409)
650 Poydras Street
Suite 2150
Telephone:   (504) 648-0180
Facsimile:    (504) 648-0181

**Charles A. O'Brian** (LSBA No. 10143)
BlueCross BlueShield of Louisiana
5525 Reitz Ave.
P.O. Box 98029
Baton Rouge, Louisiana 80809
Telephone:   (225) 295-2454
Facsimile:   (225) 297-2760

**Taylor Townsend** (LSBA No. 20021)
Kelly Townsend & Thomas
137 St. Denis Street
P.O. Box 756
Natchitoches, Louisiana. 71457
Telephone:  (318) 352-2353
Facsimile:   (318) 352-8918

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff, Louisiana Health Indemnity Company d/b/a BlueCross/BlueShield of Louisiana's, Second Amended Complaint has been served upon all parties by U.S. Mail and e-mail or by hand-delivery and e-mail, or by e-mail on all parties by electronically uploading same to Lexis/Nexis File & Serve Advance in accordance with Pre-Trial Order No. 8, this 5th day of May, 2006

_____