IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE VIOXX MARKETING, SALES PRACTICES & PRODUCTS LIABILITY LITIGATION | ) MDL NO. 1657 <br> ) SECTION: L <br> ) JUDGE ELDON E. FALLON |
| This Document Relates to *McMichen, et al. v. Merck & Co., Inc.*, No. 05-4774 (previously 4:05-CV-1616, N.D. Ala.)) | ) MAGISTRATE JUDGE <br> ) DANIEL E. KNOWLES III |

## ANSWER TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

Filing Party: Merck & Co., Inc.
Filing Law Firm: Bradley Arant Rose & White LLP
Date of Service: May 5, 2006

COMES NOW defendant Merck & Co., Inc. ("Merck"), by its and through undersigned attorneys, hereby answers Plaintiffs' First Amended and Supplemental Complaint ("Amended Complaint") as follows:

1.  Paragraph 1 of the Amended Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except Merck admits that Plaintiffs purport to add Linda Morris as a plaintiff, but denies that the claims of Linda Morris are properly joined or that there is any legal or factual basis for any of the relief sought.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep____
___ Doc. No____

2. The allegations contained in this paragraph of the Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck admits that Plaintiff Linda Morris purports to assert a cause of action for loss of consortium but denies that there is any legal or factual basis for same.

3. Merck denies each and every allegation contained in this paragraph of the Amended Complaint.

4. Merck hereby incorporates each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of its original Answer, as well as its Response to "Demand for Relief" in the original Answer, with the same force and effect as though set forth here in full.

5. Merck hereby incorporates each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of its original Answer, as well as its Response to "Demand for Relief" in the original Answer, with the same force and effect as though set forth here in full.

### Response to Unnumbered Demand for Relief

The unnumbered paragraph following paragraph 5 of the Amended Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except Merck admits that Plaintiffs purport to demand judgment

and certain forms of relief, but denies that there is any legal or factual basis for awarding same.

## ADDITIONAL DEFENSES

1. The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

2. The Amended Complaint fails to state a claim upon which relief can be granted.

3. The claims of the Plaintiffs may be barred, in whole or in part, from recovery because Plaintiffs and/or Decedent have made statements or taken actions that preclude Plaintiffs from asserting claims or constitute a waiver of Plaintiffs' claims.

4. The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

5. Each and every claim asserted or raised in the Amended Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

6. If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries or

losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

7. To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

8. To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

9. If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

10. If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said

actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

11. If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' and/or Decedent's misuse or abuse of Vioxx.

12. If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses resulted from Plaintiffs' and/or Decedent's pre-existing and unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

13. To the extent Plaintiffs and/or Decedent have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Amended Complaint, Merck's liability, if any, should be reduced accordingly.

14. To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Amended Complaint, such benefits are not recoverable in this action under Alabama law.

15. Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required

by Federal Rule of Civil Procedure 9(b) and Alabama Rule of Civil Procedure 9(b).

16. Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

17. Plaintiffs' claims are barred in whole or in part by the First Amendment.

18. Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

19. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

20. This case may be more appropriately brought in a different venue.

21. Venue in this case may be improper.

22. The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiffs and/or Decedent have

brought actions and received judgments on parts of some or all claims asserted herein.

23. The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

24. The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to Plaintiffs' and/or Decedent's claims.

25. The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

26. The claims of Plaintiffs are barred, in whole or in part, by Plaintiffs' and/or Decedent's failure to mitigate damages.

27. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

28. The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

29. The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

30. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

31. Plaintiffs and/or Decedent have not sustained any injury or damages compensable at law.

32. Merck reserves its right to dismiss the Amended Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

33. Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

34. Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken, or that Decedent took, within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

35. Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

36. Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

37. To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Amended Complaint, such

an award would also, if granted, violate Merck's state and federal constitutional rights.

38. To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

39. Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

40. To the extent Plaintiffs make a claim for punitive damages, Merck asserts that such Plaintiffs and/or Decedent have not complied with statutory requirements to recover punitive damages.

41. To the extent Plaintiffs' claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon a plaintiff satisfying a

burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are

awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g) The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h) Plaintiffs' claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1) It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon a plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of

proof required in criminal cases;

(2)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(3)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(5)  The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)  Plaintiffs' attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)  The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

(l) The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m) The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

42. Plaintiffs' Amended Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has reversed the Alabama

Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), on the issue of punitive damages. Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and any subsequent applicable decisions.

43. Merck affirmatively pleads that any punitive damages that the Plaintiffs may recover in this case should be capped in keeping with Alabama Code § 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

44. The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code § 6-11-21 (1975). Merck adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision. *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

45. Merck avers that the punitive damage cap set out in Ala. Code § 6-11-21 (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

46. Merck avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Prod. Corp. v. Alliance Resources Corp.*, 113 S. Ct. 2711 (1993).

47. Merck avers that the method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party. *See Leonard v. Terminix Int'l Co.*, 854 So. 2d 529 (Ala. 2002).

48. The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

49. Merck adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

50. To the extent that Plaintiffs relied upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

51. Plaintiffs' claims are barred by the Statute of Frauds.

52. Plaintiffs cannot show reasonable reliance as a matter of law.

53. Plaintiffs' claims are not suitable for joinder.

54. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

55. Plaintiff Lane Tyler Morris's claims are barred by Alabama Code § 6-5-462.

56. Alabama's wrongful death act, Alabama Code § 6-5-410, which allows for the recovery of only punitive damages, fails to provide a proportionate relationship between the amount of punitive damages awarded and the amount of harm to the plaintiff/decedent, in contravention of the holding in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

57. Plaintiff Lane Tyler Morris's Amended Complaint fails to state a claim against Merck upon which relief can be granted as to compensatory damages.

58. Plaintiffs have failed to state a claim upon which relief can be granted for loss of consortium.

59. To the extent this action purports to hold one defendant liable for the acts of another, such violates the Due Process clause of the United States Constitution and the Alabama Constitution.

60. Merck denies that it was guilty of any actionable negligence, denies that Plaintiffs and/or Decedent were injured thereby, and denies the existence of any proximate cause to the alleged damages.

61. If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs and/or Decedent.

62. Plaintiffs and/or Decedent, knowing the nature and properties of Vioxx, consented to use Vioxx, and accordingly Merck cannot be held liable.

63. To the extent there were any risks associated with the use of Vioxx which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings.

64. The public interest and benefit in the availability of Vioxx preclude liability of Merck for any risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined that there is a risk inherent in Vioxx, then such risk, if any, is outweighed by the benefits of Vioxx.

65. Merck denies that Vioxx was unreasonably dangerous, defective, or that Vioxx created any liability under the Alabama Extended Manufacturer's Liability Doctrine.

66. Plaintiffs' claims based on breach of warranty and negligence are subsumed by the Alabama Extended Manufacturer's Liability Doctrine.

67. To the extent that Plaintiffs' claims and allegations against Merck relate to mere puffery that is not misleading to a reasonable person, such claims are not actionable.

68. With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

69. Merck pleads the general issue and denies that it was liable or responsible for any alleged damages to Plaintiffs and/or Decedent.

70. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

71. Inasmuch as the Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right

to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

72. Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Amended Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

ORIGINAL SIGNED DOCUMENT ON FILE WITH THE COURT.

_____
John David Owen
One of the Attorneys for Defendant
Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer to First Amended and Supplemental Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 5th day of May 2006.

                                                  s/ John David Owen
                                                  OF COUNSEL