AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

IN RE VIOXX PRODUCT LIABILITY LITIGATION
EASTERN DISTRICT OF LOUISIANA
THIS DOCUMENT RELATES TO:
GERALD D. BARNETT & CORINNE BARNETT
v.
Merck & Co., et al.

Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **MDL CASE NO. 1657-Sec L(3)**
Judge Fallon-Mag. Judge Knowles
Docket No. 06-0485

FILED MAY -9 2006
LORETTA G. WHYTE CLERK

TO: Latrell Fowler, 510 Arbor Drive, #40, Florence, South Carolina  29501
(843) 669-6559

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be reported by a certified court reporter and will be videotaped.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sheraton Myrtle Beach Convention Center Hotel, 2101 N. Oak St., Myrtle Beach, SC  29577  843-918-5000 | May 9, 2006 at 10:30 a.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED PLEADING.**

| PLACE | DATE AND TIME |
|---|---|
| Sheraton Myrtle Beach Convention Center Hotel, 2101 N. Oak St., Myrtle Beach, SC  29577  843-918-5000 | May 9, 2006 at 10:30 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Mark P. Robinson, Jr., Attorney for Plaintiffs | April 21, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Mark P. Robinson, Jr., Robinson, Calcagnie & Robinson, 620 Newport Center Dr., #700, Newport Beach, California  92660   949-720-1288

_X_ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| MARK P. ROBINSON, JR., ESQ., Bar #054426<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 NEWPORT CENTER DRIVE<br>STE. 700<br>NEWPORT BEACH, CA 92660<br>Telephone No: 949-720-1288 | | |
| Attorney for: Plaintiff | Ref. No. or File No.: | |

Insert name of Court, and Judicial District and Branch Court:
United States District Court - District Of South Carolina

Plaintiff: GERALD D. BARNETT
Defendant: MERCK & CO.

| PROOF OF SERVICE<br>SUBPOENA IN A CIVIL | Hearing Date:<br>Tue, May. 09, 2006 | Time:<br>10:30AM | Dept/Div: | Case Number:<br>MDL CASE NO. 1657-Sec L(3) |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

Docket No.: 2:06-cv-00485 EEF-DK

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. Party served:          Latrell Fowler
   b. Person served:         party in item 3.a.

4. Address where the party was served:    510 Arbor Dr.
                                          #40
                                          Florence, SC 29501

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Apr. 24, 2006 (2) at: 6:18PM
   b. I received this subpena for service on:    Friday, April 21, 2006

6. Witness fees were offered or demanded, and paid:    $40.00

7. **Person Who Served Papers:**                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. RICHARD LONG
                                                         d. **The Fee for Service was:**
                                                         e. I am: Not a Registered California Process Server

   First Legal Support Services
   ATTORNEY SERVICES
   301 CIVIC CENTER DR. WEST
   Santa Ana, CA 92701
   (714) 541-1110, FAX (714) 541-8182

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Mon, May. 01, 2006

(RICHARD LONG)

Judicial Council Form                    PROOF OF SERVICE
Rule 982.9.(a)&(b) Rev July 1, 2004      SUBPOENA IN A CIVIL

1608087.marro.10477

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

　(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　　(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

　　(i) fails to allow reasonable time for compliance,

　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

　　(iv) subjects a person to undue burden.

　(B) If a subpoena

　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

　(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

　(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A TO PLAINTIFFS' SUBPOENA TO LATRELL FOWLER

### DEFINITIONS

1. The pronouns "you," "your," "yours," and "yourself" refer to the subpoenaed party named herein and any of his agents, representatives, and/or persons purporting to act on his behalf.

2. The term "in your possession" shall mean all data generated in the ordinary course and scope of business, or other electronically stored data, stored on your computer, stored at your place of business or otherwise under your control.

3. The term "document" shall mean all written, electronically stored or graphic matter, however produced, reproduced or stored of every kind and description in the actual or constructive possession, custody or control of you.

## DOCUMENTS REQUESTED

1. Any and all documents within your custody relating to Vioxx, including data stored both graphically and electronically, with regard to your detailing activities, both in general, and with respect to communications to Dr. Michael McCaffrey and/or Dr. Michael Mikola (f/k/a Michael Mikolajcyzk).

2. Any and all communications between you and other current or former Merck employees regarding the instruction and/or training you received with regard to detailing Vioxx.

3. Any and all training materials you received with regard to detailing Vioxx, including but not limited to reprints, roleplaying and obstacle handling guides.

4. All documents in your possession regarding the financial compensation, bonus or incentive programs you participated in while detailing Vioxx.

5. All documents in your possession relating to any and all publications, journal articles, scholarly writings, medical articles or other documents transmitted by you to Dr. Michael McCaffrey and/or Dr. Michael Mikola (f/k/a Michael Mikolajcyzk).

6. All documents in your possession relating to Vioxx educational seminars, symposia, society meetings, association meetings that were funded in any way by you or an entity with whom you are affiliated, that were attended by Dr. Michael McCaffrey and/or Dr. Michael Mikola (f/k/a Michael Mikolajcyzk) within the past 10 years.

7. All documents in your possession relating to grants, honoraria or other financial compensation that were paid by you or an entity with whom you are affiliated to Dr. Michael McCaffrey and/or Dr. Michael Mikola (f/k/a Michael Mikolajcyzk).

8. All documents in your possession related to any gifts, meals, trips or other promotional items provided to Dr. Michael McCaffrey and/or Dr. Michael Mikola (f/k/a Michael Mikolajcyzk).

9. All documents in your possession, including pamphlets, graphics, booklets, leaflets and other informational pieces that you used to promote, sell, explain and detail Vioxx to Dr. Michael McCaffrey and/or Dr. Michael Mikola (f/k/a Michael Mikolajcyzk).