

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY -9  AM 10: 10

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In Re:  VIOXX | : | MDL Docket No. 1657 |
|  | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
|  | : |  |
|  | : | JUDGE FALLON |
| This document relates to All Class Actions | : |  |
|  | : |  |
|  | : | MAG. JUDGE KNOWLES |
|  | : |  |

## DEFENDANT MERCK & CO., INC.'S SUBMISSION CONCERNING
## EFFECT OF *ENGINEERS* DECISION ON PENDING CLASS ACTIONS

At the status conference on April 27, 2006, the Court inquired about the effects of

the decision in *International Union of Operating Engineers Local #68 Welfare Fund v. Merck &*

*Co., Inc.*, 2006 WL 827285 (N.J. Super. Ct. App. Div. March 31, 2006) ("*Engineers*"), on the

class actions pending in this MDL proceeding.  As the Court knows, in *Engineers,* the New

Jersey Appellate Division (that state's intermediate court of appeals) affirmed the trial court's

certification of a nationwide class of third-party payors asserting claims under the New Jersey

Consumer Fraud Act ("NJCFA").  Merck has previously submitted briefing explaining why the

*Engineers* decision is flawed and should not be followed by this Court.  Merck now submits this



Fee
Process
X Dktd
CtRmDep
Doc. No.

- 1 -

809727v.1

memorandum to clarify that the *Engineers* decision should have no bearing on the timing of this Court's resolution of either Merck's pending motions to dismiss the purchase claims and medical monitoring master complaints or plaintiffs' pending motion for class certification of their personal injury claims. Rather, the Court should proceed to resolve these fully briefed motions in due course.

## I.   THE *ENGINEERS* DECISION SHOULD NOT AFFECT THE COURT'S TREATMENT OF PLAINTIFFS' PURCHASE CLAIMS MASTER COMPLAINT.

Plaintiffs' purchase claims master class action complaint asserts causes of action for consumer fraud, breach of warranty, and unjust enrichment, and seeks economic loss damages on behalf of individual consumers, third-party payors, and other third-party organizations. Merck's motion to dismiss the named plaintiffs' individual claims for failure to state a claim is fully briefed and argued, and the parties await a ruling. As explained herein, the certification of a nationwide class of third-party payors under New Jersey law in New Jersey state court should neither shape nor delay the Court's resolution of Merck's motion.

For starters, the purchase master complaint and the *Engineers* case are not coextensive, either as to claims or parties. Plaintiffs here assert breach of warranty and unjust enrichment claims that have not been pled in New Jersey, and in addition to the third-party payors who may be members of the *Engineers* class, the named plaintiffs here include individual consumers and third-party organizations asserting claims in a purely representative capacity. Thus, deferring consideration of this case would delay resolution of numerous claims that do not in any way overlap with the *Engineers* case.

In addition, the Court has before it a motion to dismiss the named plaintiffs' individual claims, not a motion for class certification (as was addressed in the *Engineers* ruling). Thus, this Court faces only the threshold question whether these named plaintiffs have

- 2 -

809727v.1

adequately stated a claim under the properly governing law. Whether a class has been certified elsewhere has no bearing on whether the named plaintiffs in this case have adequately stated a claim. Unless and until they decline the opportunity to opt out of the New Jersey class, the third-party payor named plaintiffs here are not bound by that court's rulings and assert claims of their own for litigation in this Court.

Importantly, the *Engineers* court's conclusion that the NJCFA could be applied to a nationwide class of third-party payors is irrelevant to the Court's consideration of Merck's pending motion. For the reasons Merck has previously explained, the decision is flawed on the merits and is unlikely to withstand further appellate scrutiny. But even if it stands, that decision does not control the choice-of-law question raised by Merck's motion to dismiss here because: (1) the *Engineers* court interpreted New Jersey choice-of-law rules that are inapplicable to most of the named plaintiffs here insofar as they filed their claims in other states with other choice-of-law regimes; (2) the decision only addresses claims pled under the NJCFA, not the breach of warranty and unjust enrichment claims pled here; and (3) the decision is specifically limited to the third-party payor context, and does not apply to individual consumer claims implicating the learned intermediary doctrine. (*See* Merck's Response To Notice Of Supplemental Authority.) For these reasons, the Court should not import the *Engineers* court's choice-of-law analysis in deciding Merck's pending motion to dismiss.

Finally, because Merck is seeking further review of the *Engineers* decision from the New Jersey Supreme Court, it is still subject to revision or reversal. If proceedings here are delayed and class certification in New Jersey is ultimately reversed, time will have been wasted while the purchase claims sat idly on the docket here. Merck's motion to dismiss has been fully

809727v.1

briefed and argued for four months; ruling on the motion does not risk inefficiency, whereas further delay could prejudice all parties.

In sum, the *Engineers* decision should provide neither a basis for applying New Jersey substantive law to the claims of all named plaintiffs, nor grounds for deferring this litigation or resolution of Merck's pending motion to dismiss.

## II.    THE *ENGINEERS* DECISION HAS NO BEARING ON THE MEDICAL MONITORING MASTER COMPLAINT.

Plaintiffs also have filed a medical monitoring master class action complaint, which Merck has likewise moved to dismiss.  As with the purchase claims complaint, the *Engineers* decision similarly should have no effect on either the substance or the timing of the Court's determination of Merck's motion.

First, the Court is being asked to address whether the named plaintiffs have adequately stated a claim for medical monitoring.  The *Engineers* decision addressed only consumer fraud claims, and says nothing about the important governmental interests at stake in the medical monitoring context.  As Merck has previously explained, many states have rejected medical monitoring outright, or have adopted it as either a cause of action or remedy available in only very limited circumstances.  These decisions reflect important state interests not addressed by the *Engineers* decision.  In deciding which state laws should determine the viability of the named plaintiffs' claims, *Engineers* simply provides no guidance.

Second, the *Engineers* court's choice-of-law ruling is inapplicable to the medical monitoring complaint for many of the same reasons just discussed with respect to the purchase claims complaint.  Specifically, New Jersey choice-of-law rules do not govern the medical monitoring claims of named plaintiffs who filed suit outside of New Jersey, and the learned intermediary doctrine – the absence of which was found to be significant in *Engineers* – has a

critical role to play in resolving plaintiffs' medical monitoring claims. *See Engineers*, 2006 WL 827285, at *13 (noting that the strong policy interests implicated by other states' application of the learned intermediary doctrine was absent in conducting a choice-of-law analysis because *Engineers* involves "purchases made by third-party payors, who obviously have not ingested the drug").

Third, there is simply no reason to defer resolution of Merck's motion to dismiss. The only medical monitoring class action pending in New Jersey was dismissed by the trial court on the grounds that New Jersey law does not provide medical monitoring relief in this context, a ruling currently on appeal. There is simply no reason for the Court to place a hold on proceedings in this Court in favor of state litigation that has advanced no farther procedurally than this case, and that may never be reinstated in the trial court

For all of these reasons, the Court should decide Merck's motion to dismiss the medical monitoring claims and otherwise proceed with the litigation of those claims.

## III.   THE *ENGINEERS* DECISION SHOULD HAVE NO EFFECT ON PROCEEDINGS RELATED TO PLAINTIFFS' PERSONAL INJURY COMPLAINT.

Plaintiffs filed a personal injury master class action complaint in this Court, asserting causes of action for negligence and strict liability. After failing to persuade the Court to simply stay their claims on immaturity grounds, plaintiffs moved for class certification. That motion also is fully briefed and argued, and it is awaiting a decision by the Court. The *Engineers* decision should not have any bearing on the proceedings related to this complaint either.

First, for the reasons already explained, the *Engineers* choice-of-law analysis is not material here. Although New Jersey choice-of-law principles apply in this instance because the putative nationwide class representative originally filed suit in New Jersey, that analysis is not governed by the *Engineers* decision. The personal injury plaintiffs assert causes of action for

-5-

negligence and strict liability – not consumer fraud.  Those claims require a separate analysis of relevant contacts and governmental interests – an analysis not performed by the court in *Engineers*.  In addition, the learned intermediary doctrine will once again play a central role in resolving these personal injury claims, rendering the *Engineers* reasoning, by its terms, inapplicable.

Second, it is obvious that the *Engineers* court's certification of a consumer fraud class is of no relevance here.  Although this case is also at the class certification stage, resolution of that question is analytically distinct in many respects.  After a proper choice-of-law analysis has been conducted, it will be the laws of the fifty states (not New Jersey law) that will govern the putative class claims; hence, common questions of law will not predominate.  In addition, the myriad individualized factual inquiries necessary to resolve personal injury claims foreclose any possibility that common issues of fact will predominate.  (*See generally* Merck's Opp'n to Mot. for Class Certification.)  For these and many other reasons, the certification of a consumer fraud class in *Engineers* provides no guidance in this case.

Third, there is no personal injury class action pending in New Jersey; rather, personal injury actions have been proceeding in that court on an individual basis.  Accordingly, even if it would be appropriate for the Court to defer to a similar state proceeding, there is no such case in New Jersey.  Accordingly, there is no reason for this Court to reserve decision on plaintiffs' motion for class certification, or to otherwise defer resolution of this matter.[1]

\*       \*       \*

---

[1]     Deferral is particularly inappropriate given the likelihood that plaintiffs will try to argue that their class actions toll individual claims under *American Pipe*.  As the Court knows, plaintiffs have already sought – and been denied – an indefinite stay of their personal injury class action complaint.  (*See* Pls.' Mot. to Stay Class Briefing.)  The Court should

809727v.1

For all of these reasons, Merck submits (a) that the *Engineers* decision is immaterial to the class actions pending in this Court and (b) that the Court should rule on the pending motions regarding those class actions and otherwise proceed with litigating the claims asserted therein.

Respectfully submitted,

*Phil Wittmann*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504)-581-3200
Facsimile: (504)-581-3361

And

John H. Beisner
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington,               DC               20006

Attorneys for Merck & Co., Inc.

---

not allow plaintiffs to use the *Engineers* decision as another hook to defer resolution of their putative class actions.

809727v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Merck & Co., Inc.'s Submission Concerning Effect of *Engineers* Decision on Pending Class Actions has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 9th day of May, 2006.

Phil Wittmann

809727v.1