FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 12  PM 4: 53

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This Document Relates To: | MAG. JUDGE KNOWLES |
| All Class Actions | |

**THE PLAINTIFFS' STEERING COMMITTEE'S
MEMORANDUM OF LAW REGARDING
ADMINISTRATION OF THE PURCHASE CLAIMS CLASS ACTION**

I. **INTRODUCTION**

The Plaintiffs' Steering Committee hereby submits this memorandum pursuant to the in chambers monthly status conference of April 27, 2006, in which the parties agreed to provide additional briefing to the Court addressing the procedures available to administer the master purchase claims class action pending in the MDL in light of the advanced state of the parallel class action taking place before Judge Higbee in Atlantic County, New Jersey Superior Court. *See International Union of Operating Engineers Local #68 Welfare Fund v. Merck & Co.*, 2005 WL 2205341 (N.J. Super. July 29, 2005), *aff'd*, 894 A.2d 1136 (N.J. Super. A.D. March 31, 2006).

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

As the transferor court responsible for managing this complex and prolix MDL litigation, this Court is responsible for marshaling the numerous cases vying for its attention and limited resources. While the MDL brings many advantages to the Court, one of the benefits available is the Court's ability to coordinate with other jurisdictions, including state courts, to assist in the management of the overall flow of the litigation in a manner this Court deems appropriate. In exercising its management prerogative, this Court can employ its inherent authority to decide the order in which it will hear issues and defer to state courts where it believes coordinated litigation will serve to benefit the interests of the MDL, the parties and the litigation. Given the advanced progress of the litigation in New Jersey regarding third party payer claims, this Court is well within the proper bounds of the exercise of its authority to: (1) resolve the fully briefed motions to dismiss in due course; and (2) to defer further proceedings on the purchaser claim class pending further developments in the similar litigation taking place in New Jersey.

## II.  ARGUMENT

### A.  This Court Has The Inherent Power To Control Its Docket, Including The Authority To Decide The Order In Which It Will Hear Pending Issues

When determining the order in which it will address and decide issues presented in this litigation, this Court may avail itself of the opportunity to focus its attention away from areas where state court proceedings are more advanced or appear closer to resolution. Such a strategy permits this Court to take advantage of potential state/federal coordination in instances where the state court has already expended significant resources on parallel litigation. Such a strategy is well within the inherent powers of this Court, and is especially appropriate because the *Local #68* nationwide third party payor class complaint was filed one and half years before

Vioxx was withdrawn from the market and well before the formation of the MDL. That class has been certified in the New Jersey state court proceedings, was recently affirmed on interlocutory appeal, is proceeding towards the dissemination of class notice, and will soon to be set for trial, with an anticipated trial date of early 2007.

Federal district courts have inherent power to control their dockets, including the authority to decide the order in which they will hear and decide pending issues. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (acknowledging "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants. How this can best be done calls for the exercise of judgment ..."); *see also Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998) ("[t]he district court possesses the inherent power to control the docket. This power includes the authority to decide the order in which to hear and decide pending issues."); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) ("[t]he federal courts are vested with inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases[,]' ... includ[ing] the power of the court to control its docket[.]"); *Republic Insurance Company v. Paico Receivables, LLC*, 383 F.3d 341, 348-9 (5th Cir. 2004) (inherent power of court to control its docket authorizes court to disregard "no waiver" provision in settlement agreement requiring arbitration).

The proceedings in *Local # 68* are far more advanced than the parallel MDL proceedings, and offer the potential for a more rapid resolution of claims brought on behalf of third-party payors. Judge Higbee, who is presiding over *Local # 68*, has made numerous rulings with respect to these claims, including certification of a nationwide class of third-party payors on July 29, 2005. Certification of the class was recently upheld on appeal. Class notice is being

prepared, and will be submitted for Court approval and determination this summer. Plaintiffs anticipate an early 2007 trial date. In contrast, this Court still has pending preliminary motions regarding the sufficiency of the pleadings on the Master Complaints. Under these circumstances, resolving the fully briefed 12(b)(6) motions, and then scheduling a Status Conference to evaluate the relative progress of the New Jersey proceedings before setting any further briefing or hearing schedule on class claims, just makes sense and avoids any unnecessary duplication of effort and waste of legal resources. *See Melo v. Gardere Wynne Sewell LLP,* 2005 WL 991600, * 3 n.3 (N.D. Tex. 2005) (deferring to state litigation that was 2 years advanced over federal litigation); *Primerica Life Insurance Company v. Twyman,* 2002 WL 83750, * 2 (N.D. Tex. 2002). To ensure continuity between the New Jersey proceedings and the MDL Chris Seeger is Lead Counsel in the New Jersey proceeding and Co-lead Counsel in the MDL; and Russ Herman, Plaintiffs' Liaison Counsel in the MDL shall serve as Liaison Counsel to the New Jersey Court. Several members of the PSC, including Elizabeth Cabraser, Chair of the MDL Purchase Claims Committee ("PCC") and other PCC members, Thomas Kline and Arnold Levin, will also be actively involved in the New Jersey Litigation while serving the interests of the MDL.

Since *Local # 68* is rapidly proceeding to trial in the New Jersey state court system, it would be more efficient to focus this Court's attention on the personal injury and medical monitoring classes and individual claims appearing on the MDL docket. This Court can defer the purchaser claims and monitor the *Local # 68* litigation, rather than diverting its attention to matters that are already being addressed separately by the New Jersey court. Exercising its inherent powers and prioritizing its calendar reflects appropriate use of judgment and exercise of discretion as the Court seeks to advance the MDL's objectives of creating a

center of interest and a forum where global resolution of all claims can occur. *See, e.g., Manual for Complex Litigation (Fourth)*, §§ 22.3, *et seq.;* 22.4 *et seq.*

Deferring to the parallel state court proceeding engenders the added benefit of state/federal coordination of Vioxx litigation. Coordination of the MDL with Judge Higbee on matters related to *Local # 68* also avoids any conflict that could arise between potentially overlapping class actions. It also avoids any potential confusion amongst class members as to the progress or direction of the litigations that could result if competing notices were to issue to the class(es). By fostering such coordinated litigation, this Court would aid in preserving legal resources that could otherwise be wasted on duplicative litigation.

### III.   CONCLUSION

This Court should be commended for embarking on a path that is deferential and respectful of the decisions of other jurisdictions. It is well recognized that this Court has the inherent authority to engage in this practice. To the extent the Purchase Claims Master Complaint asserts claims in addition to those in *Local # 68,* this Court's ruling on the fully briefed and submitted 12(b)(6) motion will determine their threshold actionability. Plaintiffs concur with Merck in the request that the determination of this motion be made in due course. With respect to any further proceedings on purchaser claims, the setting of a Status Conference to evaluate the progress of class notice and trial-related proceedings in the *Local #68* action,

maximizes the use of this Court's resources as well as those of the litigants. The PSC supports this judicious approach to the Court's exercise of its discretion.

Respectfully submitted,

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX: (504) 561-6024

Temporary address:

Place St. Charles
201 St. Charles Avenue
Suite 4310
New Orleans, LA 70170

**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O.Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663 | Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleadings has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 12th day of May, 2006.