```
            FILED
     U.S. DISTRICT COURT
   EASTERN DISTRICT OF LA

   2006 MAY 12  PM 4: 06

   LORETTA G. WHYTE
         CLERK
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | *   MDL No. 1657 <br> * <br> *   SECTION L <br> * <br> *   JUDGE ELDON E. FALLON <br> * <br> *   MAGISTRATE JUDGE <br> *   DANIEL E. KNOWLES, III <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Florence Kanter, as Personal Representative of the Estate of Sam Kanter v. Merck & Co., Inc., a/k/a and sometimes d/b/a Merck Sharp & Dohme (I.A.) Corp., a New Jersey corporation,* No. 06-0856.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint and Demand for Jury Trial ("Complaint") as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO "I. JURISDICTION AND VENUE"

1.      Denies each and every allegation contained in the first sentence of paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck admits the allegations contained in the second sentence of paragraph 1 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.  The allegations contained in the

```
___ Fee_____
___ Process_____
 X  Dktd _____
___ CtRmDep_____
___ Doc. No_____
```

third sentence of paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that the Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

2.      The allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx® ("Vioxx"), and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck may be served as allowed by applicable federal and/or state law, which in MDL No. 1657 includes the procedures outlined in Pre-Trial Order No. 15 issued by Judge Fallon on May 31, 2005.

**RESPONSE TO**
**"II. PARTIES"**

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

2

required, Merck denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

7.     Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, has its registered office at 820 Bear Tavern Road, City of West Trenton, County of Mercer, New Jersey.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck is authorized to do business in Florida.

9.     Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck is authorized to do business in Florida.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation, until Merck voluntarily withdrew Vioxx

from the worldwide market on September 30, 2004. Merck further admits that it is authorized to do business in Florida.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

## RESPONSE TO
## "III. NATURE OF THE CASE"

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers the U.S. Food & Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Plaintiff purports to seek compensatory damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "IV. FACTUAL BACKGROUND"

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "A.  VIOXX'S FOOD AND DRUG ADMINISTRATION HISTORY"

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx, which is the brand name for rofecoxib, subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.  Merck respectfully refers the Court to said study and sNDA for their actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to said study for its actual conclusions and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to said study for its actual conclusions and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that in September 2001 Merck received a letter from the DDMAC and respectfully refers the Court to that letter for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to that study for its actual conclusions and full text.  Merck further avers that on September 30, 2004, it

announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo, and given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

**RESPONSE TO "B. DEFENDANT HAS
REALIZED SIGNIFICANT PROFITS FROM SALES OF VIOXX"**

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Vioxx was prescribed to millions of patients by health care providers.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that 2003 Vioxx worldwide sales figures exceeded $2 billion.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Vioxx reduces pain and inflammation and is part of a class of drugs known as NSAIDs.  Merck further admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Dorothy Hamill was featured in ad campaigns for Vioxx and that Dorothy Hamill and Bruce Jenner were spokespersons for Vioxx.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to said study for its actual conclusions and full text.

## RESPONSE TO
## "C.  VIOXX'S RELATIONSHIP IN CAUSING CARDIOVASCULAR EVENTS"

36.     Denies each and every allegation contained in paragraph 36 of the Complaint and avers the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

37.     The allegations contained in paragraph 37 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 37 of the Complaint, except admits that heart attacks and strokes can be serious medical events and can result in disability and death.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that a system for adverse event reporting exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

## RESPONSE TO "D.  DEFENDANT'S FAILURE
## TO WARN CONSUMERS OF THE DANGERS OF VIOXX"

40.    Denies each and every allegation contained in paragraph 40 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint.

## RESPONSE TO
## "V.  PLAINTIFF'S DECEDENT'S USE OF VIOXX"

42.    Denies each and every allegation contained in paragraph 42 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

43.    Denies each and every allegation contained in paragraph 43 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

44.    Denies each and every allegation contained in paragraph 44 of the Complaint.

45.    Denies each and every allegation contained in paragraph 45 of the Complaint.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

**RESPONSE TO**
**"VI.  FRAUDULENT CONCEALMENT"**

48.     Denies each and every allegation contained in the first sentence of paragraph 48 of the Complaint.  The allegations contained in the second sentence of paragraph 48 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 48 of the Complaint.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

**RESPONSE TO**
**"VII. COUNTS"**

**RESPONSE TO**
**"COUNT I: NEGLIGENCE"**

50.     With respect to the allegations contained in paragraph 50 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 49 of this Answer with the same force and effect as though set forth here in full.

51.     The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx.

10

52.     Denies each and every allegation contained in paragraph 52 of the Complaint, including its subparts a through f, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

55.     The allegations contained in paragraph 55 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 55 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 58 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT II: STRICT LIABILITY DEFECTIVE DESIGN"

60.     With respect to the allegations contained in paragraph 60 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

62.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 62 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 62 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint, including its subparts (1) through (4), and avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  Merck further denies that it violated any applicable law in the manufacture, sale and design of Vioxx.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

66.     The allegations contained in paragraph 66 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 66 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 69 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

13

## RESPONSE TO
## <u>"COUNT III: STRICT LIABILITY FAILURE TO WARN"</u>

71.     With respect to the allegations contained in paragraph 71 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 70 of this Answer with the same force and effect as though set forth here in full.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

75.     The allegations contained in paragraph 75 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 75 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

79.     The allegations contained in paragraph 79 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 79 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 82 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 82 of the Complaint.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT IV:  BREACH OF EXPRESS WARRANTY"

84.    With respect to the allegations contained in paragraph 84 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85.    Denies each and every allegation contained in paragraph 85 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

86.    Denies each and every allegation contained in paragraph 86 of the Complaint.

87.    Denies each and every allegation contained in paragraph 87 of the Complaint.

88.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 88 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 88 of the Complaint.

89.    Denies each and every allegation contained in paragraph 89 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

90.    The allegations contained in paragraph 90 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 90 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

91.    Denies each and every allegation contained in paragraph 91 of the Complaint.

92.    Denies each and every allegation contained in paragraph 92 of the Complaint.

93.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 93 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 93 of the Complaint.

94.    Denies each and every allegation contained in paragraph 94 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT V: BREACH OF IMPLIED WARRANTY"

95.    With respect to the allegations contained in paragraph 95 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 94 of this Answer with the same force and effect as though set forth here in full.

96.    Denies each and every allegation contained in paragraph 96 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

97.    The allegations contained in paragraph 97 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 97 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

99.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 99 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 99 of the Complaint.

100.     Denies each and every allegation contained in paragraph 100 of the Complaint.

101.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 101 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 101 of the Complaint.

102.     Denies each and every allegation contained in paragraph 102 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

103.    Denies each and every allegation contained in paragraph 103 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

104.    The allegations contained in paragraph 104 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 104 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

105.    Denies each and every allegation contained in paragraph 105 of the Complaint, including its subpart (a).

106.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 106 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 107 of the Complaint.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT VI: FRAUDULENT MISREPRESENTATION"

108.    With respect to the allegations contained in paragraph 108 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 107 of this Answer with the same force and effect as though set forth here in full.

109.    Denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Denies each and every allegation contained in paragraph 110 of the Complaint.

111.    Denies each and every allegation contained in paragraph 111 of the Complaint.

112.    Denies each and every allegation contained in paragraph 112 of the Complaint.

113.    Denies each and every allegation contained in paragraph 113 of the Complaint.

114.    Denies each and every allegation contained in paragraph 114 of the Complaint, including its subparts a through g, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

115.    Denies each and every allegation contained in paragraph 115 of the Complaint.

116.    The allegations contained in paragraph 116 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx.

117.    Denies each and every allegation contained in paragraph 117 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information

contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

118.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 118 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 118 of the Complaint.

119.    Denies each and every allegation contained in paragraph 119 of the Complaint.

120.    Denies each and every allegation contained in paragraph 120 of the Complaint, except admits that Merck trains its professional representatives.

121.    Denies each and every allegation contained in paragraph 121 of the Complaint, including its subparts a through h, except admits (1) that the VIGOR study involving Vioxx exists and respectfully refers the Court to that study for its actual conclusions and full text; (2) that the publication referenced in subpart c of paragraph 121 exists and respectfully refers the Court to said publication for its actual language and full text; (3) that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data; (4) that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text; (5) that the journal and the article referenced in subpart g of paragraph 121 exist and respectfully refers the Court to said publication for its actual language and full text; and (6) that in September 2001 Merck received a letter from the DDMAC and respectfully refers the Court to that letter for its actual language and full text.

122.    Denies each and every allegation contained in paragraph 122 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

123.    The allegations contained in paragraph 123 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 123 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

124.    Denies each and every allegation contained in paragraph 124 of the Complaint.

125.    Denies each and every allegation contained in paragraph 125 of the Complaint.

126.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 126 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 126 of the Complaint.

127.    Denies each and every allegation contained in paragraph 127 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT VII: FRAUDULENT CONCEALMENT"**

128.    With respect to the allegations contained in paragraph 128 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 127 of this Answer with the same force and effect as though set forth here in full.

129.    Denies each and every allegation contained in paragraph 129 of the Complaint, including its subparts a and b, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

130.    Denies each and every allegation contained in paragraph 130 of the Complaint.

131.    Denies each and every allegation contained in paragraph 131 of the Complaint.

132.    Denies each and every allegation contained in paragraph 132 of the Complaint.

133.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 133 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 133 of the Complaint.

134.    Denies each and every allegation contained in paragraph 134 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

135.    The allegations contained in paragraph 135 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 135 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

136.    Denies each and every allegation contained in paragraph 136 of the Complaint.

137.    Denies each and every allegation contained in paragraph 137 of the Complaint.

138.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 138 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 138 of the Complaint.

139.    Denies each and every allegation contained in paragraph 139 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "GLOBAL PRAYER FOR RELIEF"

140.    The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Global Prayer for Relief" of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts a through e, except admits that the Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"VIII. DEMAND FOR JURY TRIAL"**

141.   The allegations contained in the final, unnumbered paragraph under the heading "Demand for Jury Trial" of the Complaint are legal conclusions to which no response is required.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

142.   The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

143.   The Plaintiff and/or Decedent was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff and/or Decedent.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

144.   To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

145.   To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

146.    The Plaintiff and/or Decedent failed to exercise reasonable care to mitigate his or her alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

147.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

148.    To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

149.    The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

150.    The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

151.    The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

152.   The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

153.   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

154.   The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

155.   If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff and/or Decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

156.   If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real

or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

157.    To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

158.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff and/or Decedent or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

159.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff and/or Decedent or abuse of Vioxx.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

160.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

161.   To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff and/or Decedent did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

162.   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

163.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

164.   To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

165.   To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

166.    The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

167.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

168.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

169.    To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

170.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

171.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

172.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

173.    Merck has complied with requirements promulgated by and under federal law, and the product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt the Plaintiff's claims under state law, and, pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: May 12, 2006

Respectfully submitted,

*Melissa V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
      Of
STANLEY,  FLANAGAN  &  REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Answer of Defendant Merck & Co.,

Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and

e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same

to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 12

day of May, 2006.

*Melissa V. Beaugh*