**MINUTE ENTRY**
**FALLON, J.**
**MAY 12, 2006**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  VIOXX                                    *       **MDL NO. 1657**
     **PRODUCTS LIABILITY LITIGATION**      *
                                *       **SECTION: L(3)**
                                *
                                *       **JUDGE FALLON**
                                *       **MAG. JUDGE KNOWLES**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**
               *ALL CASES*

On May 10, 2006, the Court heard oral argument on the Plaintiffs' Steering Committee's letter brief regarding Ogilvy, DDB, and Millward Third-Party Discovery (Rec. Doc. 3804, Ex. 1).  At oral argument, the parties argued whether the issue was governed by Pennsylvania law or by federal common law.  For purposes of this Minute Entry, the parties should assume Pennsylvania law is the applicable law.

Pursuant to *Joyner v. Se. Pa. Transp. Auth.*, 736 A.2d 35, 38 (Pa. Commw. Ct. 1999), the party asserting the attorney-client privilege bears the burden of establishing the existence of the attorney-client relationship.  Pursuant to *Gould v. City of Aliquippa*, 750 A.2d 934, 937 (Pa. Commw. Ct. 2000), the party asserting that the disclosure of information would not violate the attorney-client privilege bears the burden of proof.  The Court requests additional briefing on which burden is applicable to the issue before the Court.  Is this a case where Merck & Co, Inc. ("Merck") must establish an attorney-client relationship between Ogilvy Public Relations Worldwide, Inc. ("Ogilvy"), DDB Communications Group, Inc. ("DDB") and Millward Brown, Inc. ("Millward Brown") and Merck attorneys?  Or, is this a case where Merck's privilege

JS10(00:10)

between itself and its attorneys is already in existence and is merely being extended to Ogilvy,

DDB, and Millward Brown?

 The additional briefing need not be extensive, and the Court would prefer that the parties

be as brief as possible.