

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

## JOINT REPORT NO. 14 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 14.

I.  LEXIS/NEXIS FILE & SERVE

PLC and DLC continue to report to the Court on the status of docketing cases and uploading those cases to Lexis/Nexis File & Serve. Cases recently transferred to the Eastern District of Louisiana continue to experience a brief delay between the docketing of the Final Transfer Order on which the cases appear and the receipt of the records from the original transferor courts. Until such time as the record of a case is actually received by the Clerk of Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File

___ Fee_____ 810564v.1
___ Process_____ 810833v.1
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

& Serve. Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case. Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve. Notice should include the case name and Eastern District of Louisiana case number. PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

Since the last status conference, Pre-Trial Order No. 8A was entered by the Court on April 27, 2006. The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov and supersedes Pre-Trial Order 8.

## II. STATE COURT TRIAL SETTINGS

The New Jersey Superior Court, Atlantic County has scheduled the *Doherty* case for trial on June 5, 2006[1] and has informed the parties that the *Hatch* and *McFarland* cases are set to be tried together on September 11, 2006. Merck advises that it will move to sever the cases and have trials of only one plaintiff at a time. Judge Cheney in the California Coordinated Proceeding has set June 21, 2006 for the trial of one or more plaintiffs' claims. The *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006. The *Crook* case is set for trial in Alabama Circuit Court, Jefferson County, on October 26, 2006. The *Miller* case is set for trial in Texas District Court, Harris County, on November 8, 2006. The *Albright* case is set for trial in Alabama Circuit Court, Jefferson County, on

December 11, 2006. Finally, for 2006, the *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on December 11, 2006.

### III. SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The Motion for New Trial in the *Irvin/Plunkett* case is presently in its briefing phase and is to be set for hearing following the monthly status conference on May 18, 2006.

The Court has set trial of the *Barnett* case for July 24, 2006, the *Smith* case for September 11, 2006, the *Mason* case for October 30, 2006, and the *Dedrick* case for November 27, 2006. The Court has entered a scheduling order in *Barnett*, *Mason* and *Smith*. The parties were unable to agree to a scheduling order in *Dedrick* and, consequently, have submitted separate versions for consideration by the Court. Discovery and trial preparations are ongoing in each case. The PSC has indicated that it intends to notice the deposition of an expert it has designated, Dr. Wayne Ray, for the purpose of using the deposition at trials. Mr. Birchfield and Mr. Beck have conferred about this matter and have agreed to ask Judge Fallon to preside over this deposition, if the Court is willing to do so. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

### IV. CLASS ACTIONS

The Court has under advisement the PSC's Motion to Certify a Personal Injury Class and Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. Both parties have responded to the Court's inquiry from the

---

[1] The *Klug* case, previously scheduled to be tried with the *Doherty* case on June 5, 2006, was continued by order entered April 28, 2006. A new trial date has not been set for *Klug*.

810564v.1
810833v.1

April status conference regarding the impact of the Local 68 certification on the MDL. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

The Local 68 Third Party Payor Class Action is proceeding to trial in the New Jersey Vioxx Litigation. At the last status conference the PSC informed the Court that Mr. Russ Herman had been nominated as Class Action Liaison in the New Jersey litigation. Matters of case management, pre-trial and trial scheduling will be addressed at the monthly status conference on May 16, 2006 in New Jersey and the MDL Court will be kept apprised of developments.

## V. DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

The Court has issued rulings on Merck's assertion of privilege to certain documents submitted in Merck's privilege log that was produced to the Court on November 4, 2005. On April 24, 2006, Merck filed a Notice of Appeal in the District Court and filed with the United States Court of Appeals for the Fifth Circuit a Petition for Writ of Mandamus, a Motion for Leave to File Certain Exhibits and Attachment to Exhibit to Mandamus Petition Under Seal, an Emergency Motion for Stay Pending Appeal of Privilege Rulings, a Motion to Expedite Appeal of District Court Order Overruling Privilege Designations, and an Appendix of Attachments to Certificate of Interested Parties. By order entered April 25, 2006, the United States Court of Appeals stayed the effect of the privilege ruling. Thereafter, the PSC filed its opposition to Merck's mandamus petition and Merck filed a reply brief. On May 11, 2006, the United States Court of Appeals held a telephone conference at which the mandamus petition was

discussed. The parties await a ruling. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

## VI. DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.

On May 5, 2006, the Court granted in part and denied in part the PSC's motion contesting the FDA's assertion of the privilege with respect to certain documents, upholding the privilege assertion for 42 documents and overruling the assertion for 3 documents. On May 8, 2006, in accordance with the terms of the Court's ruling, the FDA provided copies of the 3 documents to the PSC and to Merck.

The deposition of Dr. David Graham was taken on May 9, 2006. On or about May 2, 2006, Kaiser Medical Plan, Inc, Kaiser Foundation Hospitals, Southern California Permanente Medical Group, The Permanente Medical Group, and Kaiser Permanente produced documents in response to subpoenas issued by Merck. Copies of all documents produced were provided by Merck to the PSC. The parties await receipt of the deposition transcript. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

## VII. DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents. The PSC submitted a letter to the Court on March 16, 2006 seeking intervention by the Court on whether Merck should have the right to review documents in the possession of Ogilvy, DDB and Millward Brown to determine whether any of the documents are privileged prior to the third party making production to the PSC. The

810564v.1
810833v.1

matter was argued on May 10, 2006. On May 12, the Court issued an order requesting additional briefing on the burden of proof applicable to the issue before the Court. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

## VIII. DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL. If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

## IX. PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

Representatives of the PSC and DSC continue to discuss amendments and modifications to Pre-Trial Order 18B as it pertains to general service and posting of Plaintiff Profile Forms, Merck Profile Forms, and medical records to Lexis-Nexis File & Serve. Several telephone conferences with counsel for Defendants, the PLC and other plaintiffs' counsel, regarding proposed modifications to existing PTO 18B, in the form of Pre-Trial Order 18C, have taken place. The parties continue discussions regarding a revised Pre-Trial Order in the form of PTO 18C, as well as revisions to the Merck Profile Form. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

On April 28, 2006, Merck provided the PLC and the chair of the State/Federal Coordination -- State Liaison Committee a copy of a letter detailing the core information that Merck contends must be received in order for Merck to process an MPF. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

X.  STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

XI.  *PRO SE* CLAIMANTS

The Court has issued additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals. PLC has continued to communicate with the various *pro se* claimants and advised them of attorneys in their respective states and other pertinent information regarding the MDL. DLC has discussed with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served. PLC will be prepared to discuss this further at the monthly status conference on May 18, 2006.

On May 11, 2006, the Court issued an Order denying the motion by James D. Schneller, *Pro Se* Plaintiff in Civil Action No. 05-5382, requesting registration and access to Lexis-Nexis File & Service Litigation Management, Inc.

XII.  MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON
FORUM NON CONVENIENS GROUNDS

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints. Subsequently, foreign plaintiffs represented by Kenneth Moll filed a Motion to Strike Merck's motion. The PSC took no position on the issue. On March 23, 2006, the Court heard oral argument on the plaintiffs' Motion to Strike and denied the motion. The Court further ordered that the plaintiffs would have sixty days to file their opposition to Merck's Motion to

Dismiss the Foreign Class Action Complaints. Plaintiffs' opposition papers are thus due on May 22, 2006. The Court did not set a due date for Merck's reply brief.

### XIII. VICTOR DATA

On May 12, 2006, Merck produced to the PSC the final VICTOR Data from Oxford University. The data was produced subject to the Court's May 3, 2006 Order governing this production. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

### XIV. GENERIC TRIAL PERFORMANCE AND RULE 702 AND DAUBERT IN LIMINE ISSUES

On April 19, 2006, the PSC filed a Generic Motion *in Limine* which addresses among other things trial performance guidelines, exhibit admissibility and deposition cuts, as well as the possibility of seeking early hearings on *Daubert* and Rule 702 issues. The motion seeks to obtain generic rulings well in advance of trials. Merck filed its response to the motion on May 10, 2006. The motion is scheduled for hearing on May 17, 2006 at 2:30 p.m.. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

### XV. APPROVE DATA

On April 24, 2006, the Court entered an order governing production of the APPROVe data. On April 26, 2006, Merck produced the interim APPROVe data. Thereafter, on May 6, 2006, Merck produced the final APPROVe data. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

810564v.1
810833v.1

## XVI. IMS DATA

Merck advises that IMS data for plaintiffs' prescribing physicians in the *Barnett*, *Smith*, *Mason*, and *Dedrick* cases has been produced to the PSC and plaintiffs' trial counsel. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

## XVII. DISCOVERY IN NON-TRIAL CASES

At the status conference on April 13, 2006, the PSC indicated to the Court that Merck had been serving counsel with generic discovery requests such as Interrogatories and Request for Production of Documents in cases not set for trial. The PSC objected to this practice because it was redundant in light of the PPF's. Merck contends that it agreed that it would not serve any discovery that was duplicative of PPF's. The parties were to meet and confer with the view toward resolving the issue (*see* Minute Entry of April 13, 2006). Thereafter, at the monthly Pre-Trial Conference on April 27, 2006, the PSC again indicated that Merck continued to serve counsel with generic discovery requests such as interrogatories and request for production of documents in cases not set for trial. The PSC reurged its objection because the practice was redundant. Merck contends that the discovery it is pursuing in non-trial cases *is not duplicative* and is permitted by Pre-Trial Order 9. Thus, at the April 27 conference, the DSC stated that it was not serving interrogatories. Merck further stated that it was not pursuing discovery in non-trial cases except for a limited number of cases -- about 12 -- in which it was pursuing limited discovery for the purpose of developing a record on which various dispositive motions could be filed. The PSC objects to this practice and the discovery taking place at this time. The DSC notes that members of the PSC currently have been taking discovery in non-trial cases of their

810564v.1
810833v.1

choosing, and the DSC has been cooperating. The parties will be prepared to discuss this further at the monthly status conference on May 18, 2006.

## XVIII. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the status conference in June on a date to be selected by the Court.

Respectfully submitted,

*signature: Leonard A. Davis*   *signature: Dorothy H. Wimberly*

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

Temporary address:

**201 St. Charles Avenue
Suite 4310
New Orleans, LA 70170**

Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
***Stone Pigman Walther Wittmann L.L.C.***
546 Carondelet Street
New Orleans, LA 70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361

**Defendants' Liaison Counsel**

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 13 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by uploading the same to Lexis/Nexis File & Serve Advanced in accordance with Pre-trial Order No. 8, on this 16th day of May, 2006.

*Dorothy H. Wimberly*

810564v.1
810833v.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

**MONTHLY STATUS CONFERENCE**
**MAY 18, 2006**
**SUGGESTED AGENDA**

I.   Lexis/Nexis File & Serve

II.  State Court Trial Settings

III. Selection of Cases for Early Federal Court Trial

IV.  Class Actions

V.   Discovery Directed to Merck

VI.  Discovery Directed to the FDA

VII. Discovery Directed to Third Parties

VIII. Deposition Scheduling

IX.  Plaintiff Profile Form and Merck Profile Form

X.   State/Federal Coordination -- State Liaison Committee

XI.  *Pro Se* Claimants

- 1 -

810878v.1

- 2 -

XII.    Motion to Dismiss Foreign Class Action Complaints on Forum Non Conveniens Grounds

XIII.   Victor Data

XIV.    Generic Trial Performance and Rule 702 and *Daubert* In Limine Issues

XV.     APPROVe Data

XVI.    IMS Data

XVII.   Discovery in Non-Trial Cases

XVIII.  Next Status Conference

810878v.1