FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 17  PM 2: 19

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 08-485 | * | |
| | * | |
| GERALD BARNETT, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC, | * | |
| | * | |
| Defendant | * | |
| | * | MAGISTRATE |
| | * | JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF MERCK & CO., INC. ("MERCK") ADDRESSING APPLICABLE SOUTH CAROLINA LAW

Merck submits the following brief addressing South Carolina law applicable to issues raised by the plaintiffs' claims.

_____ Fee_____
_____ Process_____
X Dktd _____
✔ CtRmDep_____
_____ Doc. No_____

810963v.1

# TABLE OF CONTENTS

**Page**

I.  ELEMENTS OF PROOF FOR CAUSES OF ACTIONS ASSERTED ............................ 1

    A.  Strict Liability Failure to Warn .............................................................................. 1

        1.  Learned Intermediary Doctrine ................................................................. 2

        2.  Unavoidably Unsafe Products ................................................................... 3

        3.  No Heeding Presumption Applied ............................................................. 4

    B.  Negligence .............................................................................................................. 4

        1.  Negligent Failure to Warn ........................................................................ 4

        2.  Negligent Design ...................................................................................... 4

    C.  Breach of Implied Warranty ................................................................................... 5

    D.  Breach of Express Warranty ................................................................................... 6

    E.  Deceit by Concealment ........................................................................................... 7

    F.  Negligent Misrepresentation .................................................................................. 8

II.  CAUSATION .................................................................................................................. 8

III.  PUNITIVE DAMAGES ................................................................................................ 10

    A.  Standard For Awarding Punitive Damages .......................................................... 10

    B.  Bifurcation ............................................................................................................ 11

    C.  Factors Considered In Determining The Amount Of Punitive Damages ............ 11

810963v.1

## TABLE OF AUTHORITIES

Page

**Cases**

*Allen v. Long Mfg. N.C., Inc.,*
505 S.E.2d 354 (S.C. Ct. App. 1998) ............................................................ 2, 3, 4

*Anderson v. Green Bull, Inc.,*
471 S.E.2d 708 (S.C. Ct. App. 1996) ............................................................ 5

*Austin v. Specialty Transp. Svcs., Inc.,*
594 S.E.2d 867 (S.C. Ct. App. 2004) ............................................................ 11

*Barnwell v. Barber-Colman Co.,*
393 S.E.2d 162 (S.C. 1989) ............................................................ 11

*Bragg v. Hi-Ranger, Inc.,*
462 S.E.2d 321 (S.C. Ct. App. 1995) ............................................................ 2, 5

*Brooks v. Medtronic, Inc.,*
750 F.2d 1227 (4th Cir. 1984) ............................................................ 2, 3

*Brown v. Stewart,*
557 S.E.2d 676 (S.C. Ct. App. 2001) ............................................................ 8

*Carroway v. Johnson,*
139 S.E.2d 908 (S.C. 1965) ............................................................ 10

*Claytor v. General Motors Corp.,*
286 S.E.2d 129 (S.C. 1982) ............................................................ 5

*Disher v. Synthes (U.S.A.),*
371 F. Supp. 2d 764 (D.S.C. 2005) ............................................................ 5, 10

*Durham v. Vinson,*
602 S.E.2d 760 (S.C. 2004) ............................................................ 11

*Fitzgerald v. Manning,*
679 F.2d 341 (4th Cir.1982) ............................................................ 9

*Gardner v. Q.H.S., Inc.,*
448 F.2d 238 (4th Cir. 1971) ............................................................ 4, 6

*Hurd v. Williamsburg County,*
611 S.E.2d 488 (S.C. 2005) ............................................................ 9

*Jones v. Danek Medical, Inc.,*
No. Civ.A. 4:96-3323-12, 1999 WL 1133272
(D.S.C. Oct. 12, 1999) ............................................................ 7

*Little v. Brown & Williamson Tobacco Corp.,*
243 F. Supp. 2d 480 (D.S.C. 2001) ............................................................ 1, 5, 9

*Livingston v. Noland Corp.,*
362 S.E.2d 16 (S.C. 1987) ............................................................ 4

*Madden v. Cox,*
328 S.E.2d 108 (S.C. Ct. App. 1985) ............................................................ 5

*Madison v. Amer. Home Prods. Corp.,*
595 S.E.2d 493 (S.C. 2004) ............................................................ 2

*McCarty v. Kendall Co.,*
120 S.E.2d 860 (S.C. 1961) ............................................................ 9

*Odom v. G. D. Searle & Co.,*
979 F.2d 1001 (4th Cir. 1992) ............................................................ 2, 3, 4

*Pitts v. Jackson Nat. Life Ins. Co.,*
574 S.E.2d 502 (S.C. Ct. App. 2002) ............................................................ 7

810963v.1

## TABLE OF AUTHORITIES
(Continued)

**Page**

*Redwend Ltd. P'ship v. Edwards,*
581 S.E.2d 496 (S.C. Ct. App. 2003)........................................................................ 8

*Regions Bank v. Schmauch,*
582 S.E.2d 432 (S.C. Ct. App. 2003)........................................................................ 7

*Rife v. Hitachi Constr. Mach. Co., Ltd.,*
609 S.E.2d 565 (S.C. Ct. App. 2005)........................................................................ 1

*Rogers v. Florence Printing Co.,*
106 S.E.2d 258 (S.C. 1958) ...................................................................................... 10

*Schall v. Sturm, Ruger Co., Inc.,*
300 S.E.2d 735 (S.C. 1983) ...................................................................................... 1

*Small v. Pioneer Mach., Inc.,*
494 S.E.2d 835 (S.C. Ct. App. 1997)..................................................................... 8, 9

*Taylor v. Medenica,*
479 S.E.2d 35 (S.C. 1996) ........................................................................................ 10

**Statutes**

S.C. CODE ANN. § 15-33-135........................................................................................ 10
S.C. CODE ANN. § 15-73-10..................................................................................... 1, 2, 10
S.C. CODE ANN. §§ 15-73-10 – 15-73-30 ...................................................................... 1
S.C. CODE ANN. § 15-73-30.......................................................................................... 3
S.C. CODE ANN. § 35-2-318.......................................................................................... 7
S.C. CODE ANN. § 36-2-313....................................................................................... 7, 9
S.C. CODE ANN. § 36-2-314....................................................................................... 5, 6
S.C. CODE ANN. § 36-2-315.......................................................................................... 6
S.C. CODE ANN. § 36-2-318.......................................................................................... 6

**Other Authorities**

RESTATEMENT (SECOND) OF TORTS § 402A cmt. j ..................................................... 2, 3
RESTATEMENT (SECOND) OF TORTS § 431 .................................................................... 9

**Rules**

S.C. R. Civ. P. 42........................................................................................................ 11

810963v.1

## I.   ELEMENTS OF PROOF FOR CAUSES OF ACTIONS ASSERTED

Under South Carolina law, a products liability case may be brought under several theories, including negligence, strict liability, and warranty.  *See Rife v. Hitachi Constr. Mach. Co., Ltd.*, 609 S.E.2d 565, 568 (S.C. Ct. App. 2005).  Regardless of the theory, the plaintiff must prove:  "(1) he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; and (3) the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant."  *Id.* Liability for negligence requires, in addition to those listed elements, proof that the manufacturer failed to exercise due care in some respect.  *See Little v. Brown & Williamson Tobacco Corp.*, 243 F. Supp. 2d 480, 489 n.5 (D.S.C. 2001) (applying South Carolina law).  "[T]he distinction between strict liability and negligence in design-defect and failure-to-warn cases is that in strict liability, knowledge of the condition of the product and the risks involved in that condition will be imputed to the manufacturer, whereas in negligence these elements must be proven."  *Id.*

### A.   Strict Liability Failure to Warn

In South Carolina, strict liability is a legislatively created – rather than judicially created – doctrine.  *See Schall v. Sturm, Ruger Co., Inc.*, 300 S.E.2d 735, 736 (S.C. 1983) ("Strict liability in tort for sellers of products in a defective condition unreasonably dangerous to users . . . became the law of South Carolina by the enactment of 1974 Act No. 1184 [the Deceptive Products Act, S.C. CODE ANN. §§ 15-73-10 – 15-73-30].").

Pursuant to S.C. CODE ANN. § 15-73-10,[1] one who sells any product in a defective

---

[1] Section 15-73-10 provides:

> (1) One who sells any product in a defective condition
> unreasonably dangerous to the user or consumer or to his property
> is subject to liability for physical harm caused to the ultimate user
> or consumer, or to his property, if (a) The seller is engaged in the

condition unreasonably dangerous to the user may be subject to liability for physical harm caused to the user. However, a seller may prevent a product from being "unreasonably dangerous" by placing an adequate warning on the product regarding its use. *See Allen v. Long Mfg. N.C., Inc.*, 505 S.E.2d 354, 357 (S.C. Ct. App. 1998). If a warning is given which, if followed, makes the product safe for use, the product cannot be deemed defective or unreasonably dangerous. *Id.* South Carolina does not require a manufacturer to refine a product which is made safe for use by an adequate warning so that the product does not need a warning to be safe. *Allen*, 505 S.E.2d at 359 (citing RESTATEMENT (SECOND) OF TORTS § 402A cmt. j).

## 1.    Learned Intermediary Doctrine

South Carolina courts recognize the learned intermediary doctrine, even though the South Carolina Supreme Court has not explicitly adopted it. *See Madison v. Amer. Home Prods. Corp.*, 595 S.E.2d 493, 496 (S.C. 2004) (acknowledging the learned intermediary doctrine in *dictum*); *Bragg v. Hi-Ranger, Inc.*, 462 S.E.2d 321, 331-32 (S.C. Ct. App. 1995) (approving the use of a "sophisticated user"/"learned intermediary" jury instruction, in a non-pharmaceutical case); *Brooks v. Medtronic, Inc.*, 750 F.2d 1227, 1230-32 (4th Cir. 1984) ("Although the South Carolina Supreme Court has not addressed the issue, we conclude it would adopt the rule, generally accepted and supported by sound policy, restricting the manufacturer's duty to warn to the prescribing physician."); *Odom v. G. D. Searle & Co.*, 979 F.2d 1001, 1003 (4th Cir. 1992)

---

business of selling such a product, and (b) It is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in subsection (1) shall apply although (a) The seller has exercised all possible care in the preparation and sale of his product, and (b) The user or consumer has not bought the product from or entered into any contractual relation with the seller.

S.C. CODE ANN. § 15-73-10 (Liability of seller for defective product).

810963v.1

("It is plain that [plaintiff's] claim is governed by the 'learned intermediary' doctrine."). Pursuant to this doctrine, "the manufacturer's duty to warn extends only to the prescribing physician, who then assumes responsibility for advising the individual plaintiff of risks associated with the drug or device." *Odom*, 979 F.2d at 1003.  A manufacturer has no duty to warn consumers directly. *Brooks*, 750 F.2d at 1230-32.

### 2.      Unavoidably Unsafe Products

South Carolina has adopted "comment k" of the Restatement: that is, when a product is "unavoidably unsafe," the manufacturer can avoid strict liability by adequately warning consumers of the product's inherent risks.  *See* S.C. CODE ANN. § 15-73-30 ("Comments to § 402A of the Restatement of Torts, Second, are incorporated herein by reference thereto as the legislative intent of this chapter.").  Prescription drugs have been determined to be "unavoidably unsafe" products for the purpose of comment k and South Carolina law:

> Certain products, particularly ethical [*i.e.,* prescription] drugs and medical devices, often cause unwanted side effects despite the fact that they have been carefully designed and properly manufactured. In section 402A terminology, such products are deemed 'unavoidably unsafe,' but are not defective or unreasonably dangerous if they are marketed with proper directions for use or include adequate warnings of potential side effects.

*Brooks v. Medtronic, Inc.*, 750 F.2d 1227, 1230-31 (4th Cir.1984) (footnote omitted).

The question of the adequacy of a warning is "one of fact for the jury as long as evidence has been presented that the warning was inadequate." *Allen*, 505 S.E.2d at 357.  That the manufacturer complied with industry standards does not make a warning adequate as a matter of law. *Id.* at 358.

810963v.1

### 3.    No Heeding Presumption Applied

South Carolina courts do not simply presume causation in the event that a plaintiff is able to prove a manufacturer's warning was inadequate.  In other words, there is no rebuttable presumption that a consumer would have read and heeded a different warning if provided by the manufacturer. *See Odom*, 979 F.2d at 1003.  Rather, "[t]he burden remains on the plaintiff to demonstrate that the additional non-disclosed risk was sufficiently high that it would have changed the treating physician's decision to prescribe the product for the plaintiff." *Id.*

### B.    Negligence

As noted above, in a product liability action brought under a negligence theory, the plaintiff must prove: (1) he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous to the user; (3) the product, at the time of the accident, was in essentially the same condition as when it left the hands of the seller or manufacturer; and (4) the seller or manufacturer failed to exercise due care. *See Allen*, 505 S.E.2d at 356.

### 1.    Negligent Failure to Warn

Specifically, a manufacturer of a product may be liable for negligent failure to warn if: (1) it knows or has reason to know the product is or is likely to be dangerous for its intended use; (2) it has no reason to believe the user will realize the potential danger; and (3) it fails to exercise reasonable care to inform of its dangerous condition. *See Livingston v. Noland Corp.*, 362 S.E.2d 16, 18 (S.C. 1987) (citing *Gardner v. Q.H.S., Inc.*, 448 F.2d 238 (4th Cir. 1971)).

### 2.    Negligent Design

In a negligent design action, the plaintiff must prove:  (1) he was injured by the product; (2) the injury occurred because the product was in a defective condition, unreasonably dangerous

4

to the user; (3) the product, at the time of the accident, was in essentially the same condition as when it left the hands of the manufacturer; and (4) the manufacturer breached its duty to exercise reasonable care to adopt a safe design. *See Madden v. Cox*, 328 S.E.2d 108, 112 (S.C. Ct. App. 1985).

A product is defective if, according to the state of the art and industry standards: (1) it is dangerous beyond the expectations of the ordinary consumer; or (2) the risks associated with its use outweigh its utility. *See Bragg*, 462 S.E.2d at 328. The plaintiff must show a feasible design alternative. *See Bragg*, 462 S.E.2d at 330; *Little*, 243 F. Supp. 2d at 495-96 ("whether the requirement that evidence of a safer alternative design is characterized as an element of Plaintiff's products liability case or a factor to be weighed in the risk-utility analysis, it is clear the South Carolina law requires that Plaintiff provide such evidence in order to survive summary judgment"); *see also Anderson v. Green Bull, Inc.*, 471 S.E.2d 708, 711 (S.C. Ct. App. 1996) ("while it is true that almost any product can be made safer, the pertinent inquiry is whether the product as supplied is unreasonably dangerous"). Feasibility depends on a risk-utility analysis. *See Claytor v. General Motors Corp.*, 286 S.E.2d 129, 132 (S.C. 1982); *accord, Disher v. Synthes (U.S.A.)*, 371 F. Supp. 2d 764, 771-72 (D.S.C. 2005) (applying South Carolina law) (noting that "conceptual design theories" do not suffice).

C.    **Breach of Implied Warranty**

South Carolina recognizes two implied warranties:    (1) implied warranty of merchantability; and (2) implied warranty of fitness for a particular purpose. First, pursuant to S.C. CODE ANN. § 36-2-314(1), unless modified, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to

810963v.1

goods of that kind."[2]  In order to be "merchantable," goods must at least be such that they: "(a) pass without objection in the trade under the contract descriptions; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used; and (d) run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved; and (e) are adequately contained, packaged, and labeled as the agreement may require."  S.C. CODE ANN. § 36-3-314(2).

Second, S.C. CODE ANN. § 36-2-315 provides that, unless modified, "[w]here a seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such a purpose."  An action in implied warranty extends to any natural person who may be expected to use, consume, or be affected by the goods and whose person or property is damaged by a breach of the warranty. S.C. CODE ANN. § 36-2-318.

### D.   Breach of Express Warranty

An action for breach of express warranty requires showing an affirmation of fact or promise made by the seller to the buyer that relates to the goods and becomes part of the basis of

---

[2] A manufacturer of a product qualifies as a "merchant" for the purpose of this claim:

> [A] supplier and a manufacturer of a chattel are liable to all whom they should expect will use the chattel or be endangered by its use if (a) they know or have reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, (b) they lack reason to believe that the user will realize the potential danger, and (c) they fail to exercise reasonable care to inform of its dangerous condition or of the facts which make it likely to be dangerous. The same is true with respect to a cause of action for breach of an implied warranty of merchantability....

*Gardner v. Q. H. S., Inc.*, 448 F.2d 238, 242 (4th Cir. 1971) (internal citations omitted).

810963v.1

the bargain, thereby creating an express warranty, and that the goods fail to conform to the affirmation or promise. S.C. CODE ANN. § 36-2-313(a).[3]  An express warranty action extends to any natural person who may be expected to use, consume, or be affected by the goods and whose person or property is damaged by a breach of the warranty. S.C. CODE ANN. § 35-2-318.

E.    **Deceit by Concealment**

This cause of action appears to be cognizable under South Carolina law in the products liability context as "fraudulent concealment."   To establish a claim for fraud, a plaintiff must prove:  (1) a false and material representation; (2) knowledge of its falsity or a reckless disregard of its truth or falsity; (3) intent that the representation be acted upon; (4) the hearer's ignorance of its falsity; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximate injury. *See Regions Bank v. Schmauch*, 582 S.E.2d 432, 444-45 (S.C. Ct. App. 2003).   There is no reported South Carolina case law regarding whose reliance must be shown when a fraud claim is brought in a pharmaceutical products liability case, but unreported case law suggests that the treating physician's reliance must be shown. *See Jones v. Danek Medical, Inc.*, No. Civ.A. 4:96-3323-12, 1999 WL 1133272, at *8 (D.S.C. Oct. 12, 1999) (bone screw case applying South Carolina law).

As for fraudulent concealment, "[n]on-disclosure becomes fraudulent concealment only when it is the duty of the party having knowledge of the facts to make them known to the other party to the transaction." *Pitts v. Jackson Nat. Life Ins. Co.*, 574 S.E.2d 502, 510 (S.C. Ct. App. 2002).   "The duty to disclose [for purposes of a fraud claim] may be reduced to three distinct

---

[3] An express warranty is also created in the following ways: "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description; and (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model." S.C. CODE ANN. § 36-2-313(1)(b)-(c).

7

classes: (1) where it arises from a preexisting definite fiduciary relation between the parties; (2) where one party expressly reposes a trust and confidence in the other with reference to the particular transaction in question, or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case is necessarily implied; and (3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure without regard to any particular intention of the parties." *Id.*

### F.  Negligent Misrepresentation

Plaintiffs have asserted a separate cause of action for negligent misrepresentation in addition to that for deceit by concealment. To state a claim for negligent misrepresentation, a plaintiff must show: "(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty… (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as a result of such reliance." *Redwend Ltd. P'ship v. Edwards*, 581 S.E.2d 496, 504 (S.C. Ct. App. 2003). The key difference between negligent misrepresentation and fraud is that negligent misrepresentation is "predicated upon transmission of a negligently made false statement" whereas fraud "requires the conveyance of a known falsity." *Brown v. Stewart*, 557 S.E.2d 676, 680-81 (S.C. Ct. App. 2001).

## II.  CAUSATION

A plaintiff in a products liability action may recover damages proximately caused by the defendant's placing an unreasonably dangerous product into the stream of commerce. *See Small v. Pioneer Mach., Inc.*, 494 S.E.2d 835, 843 (S.C. Ct. App. 1997). Proximate cause requires

8

proof of both causation in fact and legal cause, and "[c]ausation in fact is proved by establishing the plaintiff's injury would not have occurred 'but for' the defendant's negligence." *Hurd v. Williamsburg County*, 611 S.E.2d 488, 492 (S.C. 2005) (citation omitted); *accord, Rife*, 609 S.E.2d at 569.

When there are several alleged – or possible – causes of an injury, a defendant is not relieved from liability because it is responsible for only one of those causes. *Little*, 243 F. Supp. 2d at 498. Plaintiffs can recover if they show that the defendant's conduct was an "efficient cause" that contributed to the injury. *Id.* Thus, under South Carolina law, "the defendant's conduct can be a proximate cause if it was at least one of the direct, concurring causes of the injury." *Small*, 494 S.E.2d at 843. A plaintiff under this rule must show that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant. *Fitzgerald v. Manning*, 679 F.2d 341, 348 (4th Cir. 1982); s*ee also McCarty v. Kendall Co.*, 120 S.E.2d 860, 863 (S.C. 1961) (ruling that causation was established where a doctor testified that immobilization was a "contributing factor to a large degree" to the plaintiff's development of kidney stones); RESTATEMENT (SECOND) OF TORTS § 431 ("The actor's negligent conduct is a legal cause of harm to another if . . . his conduct is a substantial factor in bringing about the harm."). Similarly, when the defendant's conduct supplies only a *de minimis* contribution to the plaintiff's injury, the requirement of showing that such conduct was a substantial factor in bringing about the injury is not met. *See Little*, 243 F. Supp. 2d at 499-500 (upholding trial court's grant of summary judgment in favor of the tobacco company defendant when uncontroverted expert testimony established that the

9

defendant's products contributed less than 1% to the decedent's lung cancer).

Expert medical testimony is required to prove causation in a medically complex case, and the testimony must meet the "most probably" standard. *See Disher*, 371 F. Supp. 2d at 773 ("in order to survive summary judgment on the causation issue, plaintiff must not only proffer the testimony of a competent medical expert, but the testimony of a competent medical expert who will testify . . . that the result in question most probably came from the cause alleged" (citation and internal quotations omitted)).

## III.   PUNITIVE DAMAGES

### A.   Standard For Awarding Punitive Damages

In South Carolina, "[i]n order for a plaintiff to recover punitive damages, there must be evidence the defendant's conduct was willful, wanton, or in reckless disregard of the plaintiff's rights." *Taylor v. Medenica*, 479 S.E.2d 35, 46 (S.C. 1996). The plaintiff must prove by clear and convincing evidence that the conduct included a "consciousness of wrongdoing" at the time of the conduct. *Rogers v. Florence Printing Co.*, 106 S.E.2d 258, 263 (S.C. 1958); S.C. CODE ANN. § 15-33-135 ("In any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by clear and convincing evidence."). Punitive damages may only be awarded if actual damages are awarded. *See Carroway v. Johnson*, 139 S.E.2d 908, 910 (S.C. 1965).

Recovery of punitive damages is *not* allowed under a cause of action based solely upon the South Carolina strict liability statute. Under § 15-73-10(1) (Liability of Seller for Defective Product), recovery is limited to actual damages, which compensate "for physical harm caused," and punitive damages are not assessed to compensate the plaintiff for "physical harm" suffered, but rather, their purpose is to punish the wrongdoer and to deter him and others from engaging in

similar misconduct. *See Barnwell v. Barber-Colman Co.*, 393 S.E.2d 162, 163 (S.C. 1989).

## B.   Bifurcation

Bifurcation of liability for punitive damages from amount of such damages is available on a party's motion, but is left to the court's discretion. *See* S.C. R. Civ. P. 42; *see also Durham v. Vinson*, 602 S.E.2d 760, 763 (S.C. 2004) ("Although some states require bifurcation in every case in which the plaintiff seeks punitive damages, we are unwilling to impose such a requirement. *We encourage judges, however, to bifurcate trials in complex medical malpractice cases such as this one, particularly when bifurcation helps to clarify or simplify the issues.* Nonetheless, in exercising their discretion, trial judges must continue to heed the 'separate issue' mandate of Rule 42(b)." (emphasis added)).

## C.   Factors Considered In Determining The Amount Of Punitive Damages

While there is no statutory cap on punitive damages, courts consider the following factors in assessing the proper amount of punitive damages:   "(1) character of defendant's acts; (2) nature and extent of harm to plaintiff which defendant caused; (3) defendant's degree of culpability; (4) punishment that should be imposed; (5) duration of the conduct; (6) defendant's awareness or concealment; (7) existence of similar past conduct; (8) likelihood award will deter defendant or others from like conduct; (9) whether award is reasonably related to harm likely to result from such conduct; and (10) defendant's wealth or ability to pay." *Austin v. Specialty Transp. Svcs., Inc.*, 594 S.E.2d 867, 875 (S.C. Ct. App. 2004).

810963v.1

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

12

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum of Merck Addressing Applicable South Carolina law has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 17th day of May, 2006.