

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 17  PM 2: 25

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES<br>PRACTICES AND PRODUCTS LIABILITY<br>LITIGATION | * MDL No. 1657<br>*<br>* SECTION L<br>*<br>* JUDGE ELDON E. FALLON<br>*<br>* MAGISTRATE JUDGE<br>* DANIEL E. KNOWLES, III<br>*<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**  *Helen Bradford and Vinos G. Bradford v. Merck & Co., Inc.*, No. 06-1313.

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Original Complaint ("Complaint") as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "I.  THE PARTIES"

1.01    Denies each and every allegation contained in paragraph 1.01 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

1.02    Denies each and every allegation contained in paragraph 1.02 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by applicable federal and/or state law, which in MDL No. 1657 includes the procedures outlined in Pre-Trial Order No. 15 issued by Judge Fallon on May 31, 2005.   Merck further admits it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health and that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "II. JURISDICTION AND VENUE"

2.01    The allegations contained in paragraph 2.01 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2.01 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

2.02    The allegations contained in paragraph 2.02 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2.02 of the Complaint, except admits that the MDL Court issued Pre-Trial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

**RESPONSE TO
"III.  CAPACITY"**

3.01    The allegations contained in paragraph 3.01 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3.01 of the Complaint, including its subparts (1) through (5), except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO
"IV.  FACTUAL ALLEGATIONS"**

4.01    Denies each and every allegation contained in paragraph 4.01 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and is a selective COX-2 inhibitor.

4.02    Denies each and every allegation in paragraph 4.02 of the Complaint, except admits that Merck submitted a New Drug Application for Vioxx, which is the brand name for rofecoxib, on November 23, 1998.

4.03    Denies each and every allegation contained in paragraph 4.03 of the Complaint, except admits that Merck sought and, in May 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx, which is the brand-name for rofecoxib, subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

4.04    Denies each and every allegation contained in paragraph 4.04 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4.05    Denies each and every allegation contained in the first sentence of paragraph 4.05 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the second, third, and fourth sentences of paragraph 4.05 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.06    Denies each and every allegation contained in paragraph 4.06 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4.07    Denies each and every allegation contained in paragraph 4.07 of the Complaint.

4.08    Denies each and every allegation contained in paragraph 4.08 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

4.09    Denies each and every allegation contained in paragraph 4.09 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal

Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

4.10    Denies each and every allegation contained in paragraph 4.10 of the Complaint.

4.11    Denies each and every allegation contained in paragraph 4.11 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to this publication for its actual language and full text. Merck further admits Dr. Claire Bombardier was an author on the referenced publication and a co-chair of the steering committee for Vioxx.

4.12    Denies each and every allegation contained in paragraph 4.12 of the Complaint.

4.13    Denies each and every allegation contained in paragraph 4.13 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 4.13 of the Complaint and the article referenced in the second sentence of paragraph 4.13 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

4.14    Denies each and every allegation contained in paragraph 4.14 of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text. Merck further admits that in

September 2001 Merck received a letter from the DDMAC, from which Plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

      4.15    Denies each and every allegation contained in paragraph 4.15 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $ 2 billion in 2000.

      4.16    Denies each and every allegation contained in paragraph 4.16 of the Complaint, except admits the existence of the referenced journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

      4.17    Denies each and every allegation contained in paragraph 4.17 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual conclusions and full text.

      4.18    Denies each and every allegation contained in paragraph 4.18 of the Complaint, except admits the existence of the referenced article and respectfully refers the Court to the referenced article for its actual language and full text.

      4.19    Denies each and every allegation contained in paragraph 4.19 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

      4.20    Denies each and every allegation contained in paragraph 4.20 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

      4.21    Denies each and every allegation contained in paragraph 4.21 of the Complaint.

4.22     Denies each and every allegation contained in paragraph 4.22 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

4.23     Denies each and every allegation contained in paragraph 4.23 of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

4.24     Denies each and every allegation contained in paragraph 4.24 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

4.25     Denies each and every allegation contained in paragraph 4.25 of the Complaint, except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

4.26     Denies each and every allegation contained in paragraph 4.26 of the Complaint, except admits that that the APPROVe study exists and respectfully refers the Court to said study for its actual conclusions and full text.

4.27     Denies each and every allegation contained in paragraph 4.27 of the Complaint, except admits that that the APPROVe study exists and respectfully refers the Court to said study for its actual conclusions and full text.

4.28     Denies each and every allegation contained in paragraph 4.28 of the Complaint, except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

4.29     Denies each and every allegation contained in paragraph 4.29 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary

worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that on September 30, 2004, the FDA "acknowledged" Merck's voluntary withdrawal of Vioxx and respectfully refers the court to the FDA's September 30, 2004 announcement.

4.30    Denies each and every allegation contained in paragraph 4.30 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the study for its actual language and full text.

4.31    Denies each and every allegation contained in paragraph 4.31 of the Complain, except admits that the number of Vioxx users in the United States has been estimated at 20 million.

4.32    Denies each and every allegation contained in paragraph 4.32 of the Complaint.

4.33    Denies each and every allegation contained in paragraph 4.33 of the Complaint.

4.34    Denies each and every allegation contained in paragraph 4.34 of the Complaint.

4.35    Denies each and every allegation contained in paragraph 4.35 of the Complaint.

**RESPONSE TO**
**"V.  CLAIMS AGAINST DEFENDANT"**

**RESPONSE TO**
**"A.  NEGLIGENCE"**

5.01    With respect to the allegations contained in paragraph 5.01 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1.01 through 4.35 of this Answer with the same force and effect as though set forth here in full.

5.02    The allegations contained in the first sentence of paragraph 5.02 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.   Merck denies each and every allegation contained in the second and third sentences of paragraph 5.02 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.03    Denies each and every allegation contained in paragraph 5.03 of the Complaint, including its subparts a through i, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

5.04    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.04 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.04 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.   Merck further admits that Plaintiffs purport to seek relief under the doctrine of res ipsa loqitor but denies that there is any legal or factual basis for such relief.

5.05    Denies each and every allegation contained in paragraph 5.05 of the Complaint.

## RESPONSE TO
## "B. STRICT LIABILITY"

5.06    With respect to the allegations contained in paragraph 5.06 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.05 of this Answer with the same force and effect as though set forth here in full.

5.07    The allegations contained in the first sentence of paragraph 5.07 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 5.07 of the Complaint.  Merck denies each and every allegation contained in the second and fourth sentences of paragraph 5.07 of the Complaint, except admits Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the third sentence of paragraph 5.07 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.08    Denies each and every allegation contained in paragraph 5.08 of the Complaint and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.09    Denies each and every allegation contained in the first sentence of paragraph 5.09 of the Complaint.  The allegations contained in the second sentence of paragraph 5.09 of the Complaint are legal conclusions as to which no responsive pleading is required.

Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 5.09 of the Complaint, except admits that Plaintiffs purport to seek damages, including punitive damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "C. MISREPRESENTATION AND SUPPRESSION OF EVIDENCE"

5.10    With respect to the allegations contained in paragraph 5.10 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.09 of this Answer with the same force and effect as though set forth here in full.

5.11    Denies each and every allegation contained in paragraph 5.11 of the Complaint.

5.12    Denies each and every allegation contained in paragraph 5.12 of the Complaint, including its subparts a through e.

5.13    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.13 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.13 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.14    The allegations contained in the first and second sentences of paragraph 5.14 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the

first and second sentences of paragraph 5.14 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck denies each and every allegation contained in the third sentence of paragraph 5.14 of the Complaint.

      5.15    Denies each and every allegation contained in paragraph 5.15 of the Complaint.

**RESPONSE TO**
**"D.  BREACH OF WARRANTY - MERCHANTABILITY"**

      5.16    With respect to the allegations contained in paragraph 5.16 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.15 of this Answer with the same force and effect as though set forth here in full.

      5.17    The allegations contained in the first and second sentences of paragraph 5.17 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 5.17 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 5.17 of the Complaint.

      5.18    Denies each and every allegation contained in paragraph 5.18 of the Complaint.

## RESPONSE TO
## "E. BREACH OF WARRANTY –
## FITNESS FOR A PARTICULAR PURPOSE"

5.19    With respect to the allegations contained in paragraph 5.19 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.18 of this Answer with the same force and effect as though set forth here in full.

5.20    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.20 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.20 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.21    Denies each and every allegation contained in paragraph 5.21 of the Complaint.

## RESPONSE TO
## "F. ACTUAL AND CONSTRUCTIVE FRAUD"

5.22    With respect to the allegations contained in paragraph 5.22 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.21 of this Answer with the same force and effect as though set forth here in full.

5.23    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.23 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.23 of the Complaint.

5.24    The allegations contained in paragraph 5.24 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.24 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.24 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

5.25    The allegations contained in paragraph 5.25 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5.25 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

5.26    Denies each and every allegation contained in paragraph 5.26 of the Complaint.

### RESPONSE TO
### "G. EXEMPLARY DAMAGES"

5.27    With respect to the allegations contained in paragraph 5.27 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.26 of this Answer with the same force and effect as though set forth here in full.

5.28    Denies each and every allegation contained in paragraph 5.28 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

14

### RESPONSE TO
### "VI.  DAMAGES"

6.01    Denies each and every allegation contained in paragraph 6.01 of the Complaint, including the subparts (1) through (15) under the heading "Helen Bradford," and the subparts (1) through (7) under the heading "V.G. Bradford."

### RESPONSE TO
### "VII.  DISCOVERY RULE"

7.01    Denies each and every allegation contained in paragraph 7.01 of the Complaint.

### RESPONSE TO
### "VIII.  PRAYER FOR RELIEF"

8.01    The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer for Relief" of the Complaint and the subsequent unnumbered paragraph constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph and the subsequent unnumbered paragraph, except admits that Plaintiffs purport to seek economic and other relief but denies there is any legal or factual basis for such relief.

### RESPONSE TO
### "JURY DEMAND"

9.01    The allegations contained in the unnumbered paragraph under the heading "Jury Demand" of the Complaint require no responsive pleading.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

10.01   The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

10.02  The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

10.03  To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

10.04  To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

10.05  The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

10.06  Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

10.07  To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of

Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

10.08   The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

10.09   The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

10.10   The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

10.11   The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

10.12   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

10.13   The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

10.14   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

10.15   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

10.16   To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

10.17   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

10.18   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

10.19   The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

10.20   To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

10.21   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

10.22   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

10.23   To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

10.24   To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

10.25   The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

10.26   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their

claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

10.27  The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

10.28  To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

10.29  Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

10.30  Merck denies that Plaintiffs used any product manufactured by Merck as alleged in Plaintiffs' Complaint.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

10.31  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

10.32  If Plaintiffs sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

10.33  Merck is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

10.34  Merck would show that the occurrences and injuries alleged by Plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby

become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

10.35  If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

10.36  If Plaintiffs sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

10.37  Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

### AS FOR A THIRTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

10.38  Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

### AS FOR A THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

10.39  To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

10.40  Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

10.41  Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

10.42  Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

10.43  Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

10.44 Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

10.45 Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

10.46  Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

10.47  Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

### AS FOR A FORTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

10.48  Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiffs. Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

### AS FOR A FORTY-NINTH
### DEFENSE, MERCK ALLEGES:

10.49  Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2,4, and 6.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

10.50 Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to Complaint the government.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

10.51 Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

10.52 The imposition of punitive damages violates the open courts provision of the Texas Constitution.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

10.53 Merck demands a trial by jury of all issues.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

10.54 Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

10.55 Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included

in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

       **WHEREFORE**, defendant, Merck, prays for judgment as follows:

       1.     That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

       2.     Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

       3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: May ⟨⟩, 2006

Respectfully submitted,

*Melissa V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this ⟨17⟩ day of May, 2006.

*Melissa V. Beaugh*