

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 18  PM 2: 51

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This document relates to:** | * | **JUDGE FALLON** |
| *Greg Gouge v. Merck & Co., Inc., et al.* | * | |
| **(E.D. La. Index No. CA-05-5589-L)** | * | **MAG. JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED ANSWER AND JURY DEMAND OF
## DEFENDANT MERCK & COMPANY, INC.

Defendant, Merck & Company, Inc. ("Merck"), incorrectly sued herein as Merck

Sharp & Dohme (I.A.) Corp., through undersigned counsel, amends its answer to the

Complaint and Demand for Jury Trial herein (the "Complaint") as follows:

### RESPONSE TO "BACKGROUND"

1.       The allegations contained in paragraph 1 of the Complaint are legal

conclusions to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 1 of the

Complaint except admits that Plaintiff seeks money damages, but denies that there is any

legal or factual basis for such cause of action or relief.

2.       Because of the vagueness and ambiguity of the allegations contained in

paragraph 2 of the Complaint, Merck lacks knowledge or information sufficient to form a

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No_____

belief as to the truth or falsity of those allegations, except Merck admits that Plaintiff

purports to seek damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO "PARTIES"

3.      Lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 3 of the Complaint, except denies that

the alleged injuries are the result of Plaintiff's alleged ingestion of Vioxx® or the alleged

conduct of Merck.

4.      Denies each and every allegation contained in paragraph 4 of the

Complaint except admits that Merck is a New Jersey corporation with its principal place

of business in New Jersey and admits Merck designed, manufactured and distributed the

prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on

September 30, 2004.

5.      Denies each and every allegation contained in paragraph 5 of the

Complaint except admits that Merck is authorized to do business in, among other states,

Florida.

6.      The allegations contained in paragraph 6 of the Complaint are not directed

toward Merck and therefore no response is required.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 6 of the

Complaint except admits that Ms. Shipp resides in Escambia County and was employed

by Merck as a professional representative.

7.      The allegations contained in paragraph 7 of the Complaint are not directed

toward Merck and therefore no response is required.  Should a response be deemed

2

required, Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that Mr. Fillingim is employed by Merck as a professional representative.

8.      The allegations contained in paragraph 8 of the Complaint are not directed toward Merck and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that Mr. Kiernan is employed by Merck as a professional representative.

9.      The allegations contained in paragraph 9 of the Complaint are not directed toward Merck and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 9 of the Complaint except admits that Ms. Pacchetti was employed by Merck as a professional representative.

10.      The allegations contained in paragraph 10 of the Complaint are not directed toward Merck and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that Ms. Holman resides in Escambia County and was employed by Merck as a professional representative.

11.      Paragraph 11 of the Complaint contains no allegations to which responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation of Paragraph 11 of the Complaint.

12.    Denies each and every allegation contained in paragraph 12 including subparagraphs (a) through (e) thereof that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 12 of the Complaint including subparagraphs (a) through (e) thereof.

13.    Denies each and every allegation contained in paragraph 13 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 14 of the Complaint.

<b><u>RESPONSE TO "NATURE OF THE CASE"</u></b>

15.    Denies each and every allegation contained in paragraph 15 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which reduces pain and inflammation, until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

811152v.1

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint except admits that Plaintiff purports to seek compensatory damages, but denies there is any legal or factual basis for such relief.

## RESPONSE TO "FACTUAL BACKGROUND"

20.     Denies each and every allegation contained in paragraph 20 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck sought and, in May 1999, received United States Food and Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint and avers that in March 2000, Merck forwarded to the FDA the Vioxx

5

Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

23.    Denies each and every allegation contained in paragraph 23 the Complaint except admits the VIGOR study exists and respectfully refers the Court to the referenced study for its actual language and full text.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint except admits that publications by Dr. Eric Topol exist and respectfully refers the Court to the referenced publications for their actual language and full text.

25.    Denies each and every allegation contained in paragraph 25 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

26.    Denies each and every allegation contained in the first sentence of paragraph 26 of the Complaint except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.  Denies each and every allegation contained in the second sentence of paragraph 26 of the Complaint.

27.    Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     The allegations contained in the first sentence of paragraph 28 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the first sentence of paragraph 28 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking a placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients. Merck admits it halted the APPROVe clinical trial and respectfully refers the Court to the referenced study for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint except admits that Vioxx was prescribed to millions of patients by health care providers.

811152v.1

32.    Denies each and every allegation contained in paragraph 32 of the Complaint except admits that sales figures for Vioxx exceeded $2 billion in 2003.

33.    Denies each and every allegation contained in paragraph 33 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

34.    Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint except admits that alternative therapies for treatment of osteoarthritis, pain and rheumatoid arthritis exist.

35.    Denies each and every allegation contained in paragraph 35 of the Complaint except admits Merck marketed the prescription medicine Vioxx and that Dorothy Hamill and Bruce Jenner were spokespersons for Vioxx.

36.    Denies each and every allegation contained in paragraph 36 of the Complaint.

37.    Denies each and every allegation contained in paragraph 37of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38.    The allegations contained in paragraph 38 of the Complaint are general statements not directed at Merck and therefore no responsive pleading is required.  To the

811152v.1

extent a response is required, Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39.    Denies each and every allegation contained in paragraph 39 of the Complaint.

40.    Denies each and every allegation contained in paragraph 40 of the Complaint.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.    Denies each and every allegation contained in paragraph 42 of the Complaint.

43.    Denies each and every allegation contained in paragraph 43 of the Complaint.

### RESPONSE TO "PLAINTIFF'S USE OF VIOXX®"

44.    Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45.    Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint.

9

47.    Denies each and every allegation contained in paragraph 47 of the Complaint.

48.    Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint.

49.    Denies each and every allegation contained in paragraph 49 of the Complaint.

## RESPONSE TO "FRAUDULENT CONCEALMENT BY ALL DEFENDANTS"

50.    Denies each and every allegation contained in paragraph 50 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 50 of the Complaint..

51.    Denies each and every allegation contained in paragraph 51 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 51 of the Complaint..

## RESPONSE TO "COUNT I:  STRICT PRODUCT LIABILITY DEFECTIVE DESIGN"

52.    With respect to paragraph 52 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in

811152v.1

paragraphs 1 through 48 of this Answer with the same force and effect as though fully set forth here in full.

53.    *Denies each and every allegation contained in* paragraph 53 of the Complaint that is directed toward Merck except admits Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  If a response is required, Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.    Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint that are directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.    Denies each and every allegation contained in paragraph 55 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 55 of the Complaint..

56.    Denies each and every allegation contained in paragraph 56 of the Complaint including subparagraphs (a) through (d) thereof that is directed toward Merck.

811152v.1

Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr.

Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 56 of the

Complaint including subparagraphs (a) through (d) thereof..

      57.    Denies each and every allegation contained in paragraph 57 of the

Complaint.

      58.    Denies each and every allegation contained in paragraph 58 of the

Complaint.

      59.    Denies each and every allegation contained in paragraph 59 of the

Complaint.

      60.    Denies each and every allegation contained in paragraph 60 of the

Complaint.

## RESPONSE TO DEMANDS SET FORTH IN THE
## AD DAMNUM CLAUSE FOR COUNT I

    Plaintiff's ad damnum clause for Count I of the Complaint is not an allegation and

therefore requires no response.  Should a response be deemed required, Merck admits

that Plaintiff purports to seek certain relief, but denies there is any legal or factual basis

for the relief sought.

## RESPONSE TO "COUNT II:  STRICT PRODUCT LIABILITY
## FAILURE TO WARN"

      61.    With respect to paragraph 61 of the Complaint, Merck hereby repeats and

realleges each and every admission, denial, averment and statement contained in

811152v.1

paragraphs 1 through 42 of this Answer with the same force and effect as though fully set forth here in full.

62.     With respect to paragraph 62 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though fully set forth here in full.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 63 of the Complaint..

64.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     The allegations contained in paragraph 66 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms.

13

Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 67 of the Complaint..

68.     The allegations contained in paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 68 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 68 of the Complaint..

69.     Denies each and every allegation contained in paragraph 69 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained paragraph 70 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms.

14

Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.    Denies each and every allegation contained paragraph 72 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 72 of the Complaint.

**RESPONSE TO DEMANDS SET FORTH IN THE
AD DAMNUM CLAUSE FOR COUNT II**

Plaintiff's ad damnum clause for Count II of the Complaint is not an allegation and therefore requires no response.  Should a response be deemed required, Merck admits that Plaintiff purports to seek certain relief, but denies there is any legal or factual basis for the relief sought.

**RESPONSE TO "COUNT III:  NEGLIGENCE"**

73.    With respect to paragraph 73 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though fully set forth here in full.

74.    The allegations contained in paragraph 74 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 74 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a

15

response be deemed required, Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     The allegations contained in paragraph 75 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 75 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint including subparagraphs (a) through (f) thereof that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 76 of the Complaint including subparagraphs (a) through (f) thereof.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint that is directed toward Merck.  Merck is not required to respond to the

16

811152v.1

allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 81 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH IN THE
## AD DAMNUM CLAUSE FOR COUNT III

Plaintiff's ad damnum clause for Count III of the Complaint is not an allegation and therefore requires no response.  Should a response be deemed required, Merck admits

811152v.1

that Plaintiff purports to seek certain relief, but denies there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT IV: FRAUD AND MISREPRESENTATION"

82.     With respect to paragraph 82 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though fully set forth here in full.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint that is directed toward Merck  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint that is directed toward Merck  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint that is directed toward Merck  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 85 of the Complaint.

811152v.1

86.     Denies each and every allegation contained in paragraph 86 of the Complaint that is directed toward Merck  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint that is directed toward Merck  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint including subparagraphs (a) through (g) thereof that is directed toward Merck. Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 88 of the Complaint including subparagraphs (a) through (g) thereof.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint that is directed toward Merck  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 89 of the Complaint.

90.     The allegations contained in paragraph 90 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 90 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint that is directed toward Merck  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint that is directed toward Merck  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 93 of the Complaint.

811152v.1

94.     Denies each and every allegation contained in paragraph 94 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint including subparagraphs (a) through (h) thereof except admits the documents referred to therein exist and respectfully refers the Court to such documents for their actual language and full text.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms.

811152v.1

Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Denies each and every allegation contained in the first clause of paragraph 99 of the Complaint that is directed toward Merck.  Merck is not required to respond to the allegations directed toward Ms. Shipp, Mr. Fillingim, Mr. Kiernan, Ms. Pacchetti, or Ms. Holman.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 99 of the Complaint.

### RESPONSE TO DEMANDS SET FORTH IN THE AD DAMNUM CLAUSE FOR COUNT IV

Plaintiff's ad damnum clause for Count IV of the Complaint is not an allegation and therefore requires no response.  Should a response be deemed required, Merck admits that Plaintiff purports to seek certain relief, but denies there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

811152v.1

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, by the First Amendment.

### AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not

811152v.1

having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

811152v.1

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based on an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

811152v.1

**AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

**AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:**

This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:**

At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

**AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:**

This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

**AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:**

Any liability that might otherwise be imposed on Merck is subject to reduction by the application of the doctrine of comparative negligence.

**AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff relies on any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal *Rule of Civil Procedure 9(b)*.

**AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff relies on any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

811152v.1

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

Defendant is not guilty of negligence and violated no duty owing to Plaintiff.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity or standing to bring such claims.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

Merck has complied with requirements promulgated by and under federal law. The product at issue, VIOXX®, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that VIOXX® is not defective or unreasonably dangerous and that Merck is not liable.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, an award of punitive damages is barred.

811152v.1

## AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages, such damages are barred because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

28

811152v.1

Dated: May 18, 2006.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Patricia E. Lowry
John B. T. Murray, Jr.
Sarah L. Shullman
SQUIRE, SANDERS & DEMPSEY L.L.P.
    INCLUDING:
    STEEL HECTOR & DAVIS LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

*Attorneys for Defendant Merck & Co., Inc.*

811152v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Amended Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this _18_ day of May, 2006.

Dorothy H. Wimberly