

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 18  PM 2: 51

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Vioxx** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This document relates to:** | * | **JUDGE FALLON** |
| *Jane C. Baker, etc. v. Merck & Co., Inc.* | * | |
| **(E.D. La. Index No. CA-05-2899-L)** | * | **MAG. JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED ANSWER AND JURY DEMAND OF
## DEFENDANT MERCK & COMPANY, INC.

Defendant, Merck & Company, Inc. ("Merck"), incorrectly sued herein as Merck Sharp & Dohme (I.A.) Corp., through undersigned counsel, amends its answer to the Complaint and Demand for Jury Trial herein (the "Complaint") as follows:

### RESPONSE TO "JURISDICTION AND VENUE"

1.      The allegations contained in paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint except admits Merck is incorporated and has its primary place of business in the State of New Jersey and admits that Plaintiff purports to seek damages in excess of $75,000, but denies there is any legal or factual basis for such relief.

____ Fee_____
____ Process_____
_X_ Dktd_____
____ CtRmDep_____
____ Doc. No_____

2.      The allegations contained in the first sentence in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint.

3.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck is authorized to do business in, among other states, Florida.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck is authorized to do business in, among other states, Florida.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck designed, manufactured and distributed the

2

prescription medicine Vioxx® until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004, and that Merck is authorized to do business in, among other states, Florida.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

## RESPONSE TO "NATURE OF THE CASE"

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which reduces pain and inflammation, until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

810972v.1

16.     Denies each and every allegation contained in paragraph 16 of the Complaint except admits that Plaintiff purports to seek compensatory damages, but denies there is any legal or factual basis for such relief.

## RESPONSE TO "FACTUAL BACKGROUND"

17.     Denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint except admits that Merck sought and, in May 1999, received United States Food and Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint and avers that in March 2000, Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

810972v.1

20.     Denies each and every allegation contained in paragraph 20 the Complaint except admits the VIGOR study exists and respectfully refers the Court to the referenced study for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint except admits that publications by Dr. Eric Topol exist and respectfully refers the Court to the referenced publications for their actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

23.     Denies each and every allegation contained in the first sentence of paragraph 23 of the Complaint except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.  Denies each and every allegation contained in the second sentence of paragraph 26 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     The allegations contained in the first sentence of paragraph 25 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the first sentence of paragraph 25 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 25 of the Complaint.

5

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking a placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients. Merck admits it halted the APPROVe clinical trial and respectfully refers the Court to the referenced study for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint except admits that Vioxx was prescribed to millions of patients by health care providers.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint except admits that sales figures for Vioxx exceeded $2 billion in 2003.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of

810972v.1

prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

31.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint except admits that alternative therapies for treatment of osteoarthritis, pain and rheumatoid arthritis exist.

32.     Denies each and every allegation contained in paragraph 35 of the Complaint except admits Merck marketed the prescription medicine Vioxx and that Dorothy Hamill and Bruce Jenner were spokespersons for Vioxx.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

35.     The allegations contained in paragraph 35 of the Complaint are general statements not directed at Merck and therefore no responsive pleading is required.  To the extent a response is required, Merck denies each and every allegation contained in paragraph 35 of the Complaint

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

810972v.1

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

## RESPONSE TO "PLAINTIFF'S DECEDENT'S USE OF VIOXX®"

40.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint.

41.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

## RESPONSE TO "FRAUDULENT CONCEALMENT"

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

810972v.1

## RESPONSE TO "COUNT I:  NEGLIGENCE"

48.     With respect to paragraph 48 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 47 of this Answer with the same force and effect as though fully set forth here in full.

49.     The allegations contained in paragraph 49 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained therein.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint including subparagraphs (a.) through (f.) thereof.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint.

53.     The allegations contained in paragraph 53 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

9

810972v.1

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

## RESPONSE TO "COUNT II:  STRICT LIABILITY DEFECTIVE DESIGN"

58.     With respect to paragraph 58 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 57 of this Answer with the same force and effect as though fully set forth here in full.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint except admits Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

60.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint including subparagraphs (a) through (d) thereof.

63.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint.

810972v.1

64.     The allegations contained in paragraph 64 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

## RESPONSE TO "COUNT III:  STRICT LIABILITY FAILURE TO WARN"

69.     With respect to paragraph 69 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 68 of this Answer with the same force and effect as though fully set forth here in full.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint.

11

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

73.     The allegations contained in paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

75.     The allegations contained in paragraph 75 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

810972v.1

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

**RESPONSE TO "COUNT IV:  BREACH OF EXPRESS WARRANTY"**

82.     With respect to paragraph 82 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 81 of this Answer with the same force and effect as though fully set forth here in full.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

88.     The allegations contained in paragraph 88 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be

810972v.1

deemed required, Merck denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint.

### RESPONSE TO "COUNT IV:  BREACH OF IMPLIED WARRANTY"

93.     With respect to paragraph 93 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 92 of this Answer with the same force and effect as though fully set forth here in full.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint except admits Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

95.     The allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be

14

required, Merck denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint except admits that Vioxx reduces pain and inflammation.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Complaint.

101.    Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the Complaint.

102.    The allegations contained in paragraph 102 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Denies each and every allegation in paragraph 103 of the Complaint.

104.    Denies each and every allegation in paragraph 104 of the Complaint.

105.    Denies each and every allegation in paragraph 105 of the Complaint.

106.    Denies each and every allegation in paragraph 106 of the Complaint.

810972v.1

## RESPONSE TO "COUNT VI: FRAUDULENT MISREPRESENTATION"

107.    With respect to paragraph 107 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 106 of this Answer with the same force and effect as though fully set forth here in full.

108.    Denies each and every *allegation contained in* paragraph 108 of the Complaint.

109.    Denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Denies each and every allegation contained in paragraph 110 of the Complaint.

111.    Denies each and every allegation contained in paragraph 111 of the Complaint.

112.    Denies each and every allegation contained in paragraph 112 of the Complaint.

113.    Denies each and every allegation contained in paragraph 113 of the Complaint including subparagraphs (a) through (g) thereof.

114.    Denies each and every allegation contained in paragraph 114 of the Complaint.

115.    The allegations contained in paragraph 115 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be

810972v.1

required, Merck denies each and every allegation contained in paragraph 115 of the Complaint.

116.   Denies each and every allegation contained in paragraph 116 of the Complaint.

117.   Denies each and every allegation contained in paragraph 117 of the Complaint.

118.   Denies each and every allegation contained in paragraph 118 of the Complaint.

119.   Denies each and every allegation contained in paragraph 119 of the Complaint.

120.   Denies each and every allegation contained in paragraph 104 of the Complaint including subparagraphs (a) through (h) thereof except admits the documents referred to by the Plaintiff exist and respectfully refers the Court to such documents for their actual language and full text.

121.   Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 of the Complaint.

122.   The allegations contained in paragraph 122 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 122 of the Complaint.

123.   Denies each and every allegation contained in paragraph 123 of the Complaint.

810972v.1

124.     Denies each and every allegation contained in paragraph 124 of the Complaint.

125.     Denies each and every allegation contained in paragraph 125 of the Complaint.

126.     Denies each and every allegation contained in paragraph 126 of the Complaint.

## RESPONSE TO "COUNT VII:  FRAUDULENT CONCEALMENT"

127.     With respect to paragraph 127 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 126 of this Answer with the same force and effect as though fully set forth here in full.

128.     Denies each and every allegation contained in paragraph 128 of the Complaint including subparagraphs (a) and (b) thereof.

129.     Denies each and every allegation contained in paragraph 129 of the Complaint.

130.     Denies each and every allegation contained in paragraph 130 of the Complaint.

131.     Denies each and every allegation contained in paragraph 131 of the Complaint.

132.     Denies each and every allegation contained in paragraph 132 of the Complaint.

810972v.1

133.   Lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133 of the Complaint.

134.   The allegations contained in paragraph 134 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 134 of the Complaint.

135.   Denies each and every allegation contained in paragraph 135 of the Complaint.

136.   Denies each and every allegation contained in paragraph 136 of the Complaint.

137.   Denies each and every allegation contained in paragraph 137 of the Complaint.

138.   Denies each and every allegation contained in paragraph 138 of the Complaint.

### RESPONSE TO "GLOBAL PRAYER FOR RELIEF"

Plaintiff's prayer for relief is not an allegation and therefore requires no response. If a response is required, Merck admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

810972v.1

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, by the First Amendment.

### AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

If Plaintiffs sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff's decedent knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

810972v.1

### AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A TENTH DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's decedent's misuse or abuse of Vioxx.

### AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

### AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff's decedent's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

810972v.1

**AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:**

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:**

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff asserts claims based on an alleged failure by Merck to warn Plaintiff's decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

**AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:**

The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

**AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

810972v.1

**AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

**AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:**

This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:**

At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

**AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:**

This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

**AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:**

Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

810972v.1

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff relies on any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff relies on any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

Defendant is not guilty of negligence and violated no duty owing to Plaintiff's decedent.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity or standing to bring such claims.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

Merck has complied with requirements promulgated by and under federal law. The product at issue, VIOXX®, was approved pursuant to the applicable federal statutes and regulations. Such federal regulations and statutes preempt Plaintiff's claims under

810972v.1

state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that VIOXX® is not defective or unreasonably dangerous and that Merck is not liable.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, an award of punitive damages is barred.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages, such damages are barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

810972v.1

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's

Complaint with prejudice and awarding Merck its reasonable costs and disbursements,

together with such other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated:  May _18_, 2006.

<div style="margin-left:40%">

Respectfully submitted,

_Dorothy H. Wimberly_

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Patricia E. Lowry
John B. T. Murray, Jr.
Sarah L. Shullman
SQUIRE, SANDERS & DEMPSEY L.L.P.
  INCLUDING:
    STEEL HECTOR & DAVIS LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

*Attorneys for Defendant Merck & Co., Inc.*

</div>

810972v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Amended Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 18 day of May, 2006.

Dorothy H. Wimberly

810972v.1