FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 18  AM 9: 45

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This Document Relates To All Class Actions | |
| | MAG. JUDGE KNOWLES |

**DEFENDANT MERCK & CO., INC.'S REPLY TO THE PSC'S MEMORANDUM OF LAW REGARDING ADMINISTRATION OF THE PURCHASE CLAIMS ACTION**

Defendant Merck & Co., Inc. submits this reply to the PSC's argument that proceedings with respect to plaintiffs' purchase claims master class action complaint should be placed on hold pending resolution of *International Union of Operating Engineers Local #68 Welfare Fund v. Merck & Co., Inc.*, 2006 WL 827285 (N.J. Super. Ct. App. Div. March 31, 2006) ("*Engineers*"), currently pending in New Jersey state court.

To be clear at the outset, according to their briefing, the PSC agrees with Merck that the Court should proceed with resolution of the fully briefed and argued (a) motion to dismiss the medical monitoring class action complaint and (b) motion for certification of a personal injury class. As to the purchase claims class action, however, the PSC takes a different position. While the PSC agrees that the Court should proceed with resolving Merck's pending motion to dismiss the purchase claims complaint, plaintiffs contend that the Court should thereafter defer further

___ Fee_____
___ Process_____
_X_ Dktd___ 811051v.1
_√_ CtRmDep_____
___ Doc. No_____

proceedings (assuming Merck's dismissal motion is denied), including the question of class certification. As explained herein, the Court should reject plaintiffs' invitation, and instead allow this litigation to proceed unimpeded by further delay tactics.

***First***, plaintiffs utterly fail to acknowledge that the *Engineers* litigation is not coextensive with the purchase claims litigation here, either as to claims or parties. Most significantly, as Merck has already explained, the purchase claims complaint in this Court asserts claims on behalf of far more putative class members than those represented in *Engineers*. While the New Jersey action involves only third-party payors, the complaint filed here purports to assert claims on behalf of every consumer in this country who purchased Vioxx as well as third-party organizations suing in a purely representative capacity. Plaintiffs offer no reason why the claims of those plaintiffs – those with nothing at stake in *Engineers* – should await resolution of an unrelated case before being litigated in this proceeding.

***Second***, plaintiffs' concern for "unnecessary duplication of efforts and waste of legal resources" (PSC Mem. at 4) and confusion created by "competing [class] notices" (PSC Mem. at 5) is overstated and premature in light of the fact that the *Engineers* decision is still subject to revision or reversal on further appellate review. Merck has filed a motion for leave to appeal with the New Jersey Supreme Court, and expects that process to consume many months at a minimum. If *Engineers* ultimately is resolved in favor of Merck, time will have been wasted while claims languished needlessly on this docket.

In short, plaintiffs should not be permitted to file a class action in this Court and then ask the Court to stay its hand because they favor resolution of their claims in a different forum. If plaintiffs no longer seek to pursue the purchase claims, they should dismiss the complaint. Otherwise, the Court should require litigation to proceed without delay.

Respectfully submitted,

*[signature: Dorothy H. Wimberly]*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504)-581-3200
Facsimile: (504)-581-3361

And

John H. Beisner
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 18th day of May, 2006

*[signature]*