Case 2:05-md-01657-EEF-DEK   Document 4850   Filed 05/19/06   Page 1 of 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX  :  MDL NO.: 1657
PRODUCTS LIABILITY LITIGATION  :

Sect L/3

THIS DOCUMENT RELATES TO WRIGHT v.
MERCK, DOCKET NO.: 2:06-cv-1473

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD ADDITIONAL DEFENDANTS + incorporated memo

Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, moves the Court, pursuant to FRCP 15, for leave to file an Amended Complaint, a proposed copy of which is attached hereto as Exhibit "A", and in support hereof states as follows:

1. Plaintiff is the Personal Representative of the Estate of Plaintiff's decedent, MICHAEL WRIGHT, in this wrongful death action. Mr. WRIGHT, who was on blood thinners for a pre-existing condition, went to the Cleveland Clinic Hospital (Naples, FL) for pain and inflammation in his knee. There, the emergency room doctor inappropriately prescribed Vioxx for his condition in the face of Mr. WRIGHT's history of being on a blood thinner. As a result of his ingestion of Vioxx, Mr. WRIGHT suffered a massive and fatal stroke on or about January 3, 2004.

2. Pursuant to Florida's mandatory medical malpractice statutes and procedures, Plaintiff was required to and did proceed through a confidential "pre-suit screening process" which involves expert witness disclosure, sworn

1



statements, limited discovery, and all of which are conditions precedent to filing a civil action for medical malpractice.

3. Plaintiff complied with all of the aforesaid mandatory state "pre-suit screening" requirements, which proceedings concluded March 23, 2006. Plaintiff must, therefore, file her civil Complaint for medical malpractice on or before May 23, 2006 or be forever barred from pursuing her rights under Florida law against the health care providers.

4. Plaintiff timely filed the instant action against Merck and would have joined the health care providers at that time but for the Florida law, which mandated that she complete the pre-suit screening process before naming the health care providers as Defendants in any civil action. Thus, this is the very first opportunity Plaintiff has had to join or add these parties to this instant suit.

5. The health care providers maintain that they appropriately prescribed Vioxx based on their knowledge at the time. Thus, a jury will be required to apportion the respective responsibility of MERCK and/or the health care providers for Mr. WRIGHT's unfortunate ingestion of the product. Separate trials will be inefficient, impractical and run the risk of conflicting and adverse determinations.

6. Federal procedural law suggests that amendments to pleadings should be freely given, especially where, as here, this is the first (and last) amendment sought, the minimal delay is not the fault of Plaintiff, and denial would be extremely prejudicial in light of the statute of limitations problems (May 23, 2006) and the other procedural problems cited above. There will be no

prejudice to the MERCK Defendants in having the prescribing doctors being held to account for their actions.

WHEREFORE, Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, respectfully requests that this Court permit the amendment.

### CERTIFICATE OF OPPOSITION PURSUANT TO RULE 7.6E

I HEREBY CERTIFY that I have contacted opposing counsel in this matter and have been advised that there is opposition to the filing of this Motion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail to: Patricia Lowry, Esquire, Steel Hector & Davis, LLP, 1900 Phillips Point West, 777 South Flagler Drive, West Palm Beach, Florida 33401-6198 this 18th day of May, 2006.

**VILES & BECKMAN, LLC**
Attorneys for Plaintiff
6350 Presidential Court, Suite A
Fort Myers, Florida 33919
Telephone: (239) 334-3933
Facsimile: (239) 334-7105

By: _____
Marcus W. Viles, Esquire
Florida Bar No.: 0516971

3