UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  VIOXX
PRODUCTS LIABILITY LITIGATION

MDL NO.: 1657

Sect L/3

THIS DOCUMENT RELATES TO WRIGHT v.
MERCK, DOCKET NO.:  2:06-cv-1473

# FIRST AMENDED COMPLAINT

COMES NOW, the Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, and sues the Defendants, MERCK & COMPANY INCORPORATED, (hereinafter "MERCK"), BREE D. CARLIN, YVONNE B. MORROW, and CHRISTOPHER HAMANN, M.D., SEAN RYAN, PA-C and NAPLES EMERGENCY PHYSICIANS, L.L.C., alleges as follows:

1. This is an action for damages in excess of Fifteen Thousand and NO/100 dollars ($15,000.00).

2. The Plaintiff, SUSAN WRIGHT, is sui juris and a resident of Florida.

3. The Defendant, MERCK & COMPANY INCORPORATED (hereinafter referred to simply as "MERCK"), at all times relevant hereto, was and is an American pharmaceutical company incorporated under the laws of New Jersey with its principle place of business located at One Merck Drive, Whitehouse Station, New Jersey, 30889-0100.

4. The Defendant, BREE D. CARLIN, was at all times material hereto a resident and citizen of the State of Florida.

PLAINTIFF'S EXHIBIT
1
A

5. The Defendant, YVONNE B. MORROW, was at all times material hereto a resident and citizen of the State of Florida.

6. At all times relevant hereto the Defendant, MERCK, did business in the State of Florida, entered into contracts in the State of Florida, manufactured products for use in the State of Florida, sold and delivered products in the State of Florida, maintained offices, agents and employees in the State of Florida, advertised and solicited business in the State of Florida. Merck has, in addition, appointed CT Corporation Systems in Plantation, Florida, as its agent for acceptance of service of process in Florida. Sufficient minimum contacts exist to place MERCK within and under the jurisdiction of this Court.

7. At all times relevant hereto, the Defendant, MERCK, designed, invented, developed, tested, manufactured, sold, distributed and advertised a product known as "Vioxx".

8. Vioxx is the retail or brand-name of a drug known as Rofecoxib. All references to Vioxx in this Complaint are references to Rofecoxib.

9. Vioxx is a non-steroidal anti-inflammatory drug, or NSAID, designed to act as what is called a "COX-2" inhibitor.

10. At all times relevant hereto, MERCK knew that COX-2 inhibitors, including Vioxx, interfered with blood clotting mechanisms and could cause a variety of reactions or injuries to users, including myocardial infarctions, hypertension, unstable angina, cardiac thrombus, resuscitated cardiac arrest, sudden and unexplained death, ischemic stroke and transient ischemic attacks.

11. At all times relevant hereto, MERCK failed to disclose this information to the public.

12. At all times relevant hereto, MERCK engaged in a pattern of false and misleading advertising, cover-up, lies and deception for the express purpose of withholding information regarding the complications set forth in (9) above from the public. In fact, MERCK was cited by the Federal Food and Drug Administration ("FDA") in September of 2001 for lying and false or deceptive advertising as to the marketing and promotion of VIOXX.

13. In June of 1999, and again in September 2001, the FDA warned MERCK to stop lying to doctors regarding the complications stemming from use of Vioxx. Copies of these FDA warnings are not available at this time but will be obtained and produced through discovery.

14. The Defendant, MERCK, withdrew Vioxx from the market in November 2004.

15. The FDA estimates that over 100,000 victims have died as a result of Vioxx use, with tens of thousands of others injured.

## COUNT I
## STRICT LIABILITY: FAILURE TO WARN

16. The Plaintiff realleges paragraphs 1-15 and incorporates them by reference herein.

17. The Plaintiff, MICHAEL WRIGHT, was prescribed Vioxx December 27, 2003.

18. At the time Vioxx was prescribed to MICHAEL WRIGHT, the Defendant, MERCK, knew of the dangers inherent in the use of Vioxx and had a duty to warn the public of any dangers associated with the use of its product and known to the Defendant.

19. The Plaintiff was not provided with any warnings or information by MERCK

regarding the dangers of Vioxx as they pertained to stroke or other side effects as set forth above. Vioxx, as marketed and sold to the Plaintiff, was not accompanied by appropriate warnings regarding the risks associated with Vioxx use

20. MERCK was in a superior position to the Plaintiff to know of the dangers related to Vioxx use. The Plaintiff is not a doctor, chemist or person trained or qualified to test or prescribe medicines, including Vioxx. Accordingly, MERCK had a duty to warn the Plaintiff of any dangerous side effects associated with the use of Vioxx.

21. The specific prescription for Vioxx given to the Plaintiff was written by his doctor, who was one of the class of doctors lied to by MERCK, regarding Vioxx, as pointed out in the 1999 warning issued to MERCK by the FDA.

22. As a direct and proximate result of the Defendant's misconduct, the Plaintiff consumed and ingested Vioxx in accordance with the prescribed dosage, to her detriment.

23. As a direct and proximate result of the Defendant's misconduct and failure to warn, the Plaintiff, MICHAEL WRIGHT, the Plaintiff died on January 3, 2004 from a large posterior fossa bleed with compression of his fourth ventricle.

24. But for the Defendant's failure to warn, the Plaintiff would not have taken Vioxx.

25. The Defendant, MERCK, is strictly liable for its failure to warn.

WHEREFORE, the Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, demands judgment from the Defendant for damages including, where allowed by law, costs, prejudgment interest, attorney's fees and trial by jury.

## COUNT II
## FRAUD

26. The Plaintiff realleges paragraphs (1)-(15) and (24) and incorporates them by reference herein.

28. MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, fraudulently or intentionally mispresented to the Plaintiff and/or Plaintiff's prescribing physician the safety and effectiveness of Vioxx and/or fraudulently or intentionally misrepresented adverse information regarding the safety and effectiveness of the drug. A summary of the statements and claims made by MERCK and its representatives, BREE D. CARLIN and YVONNE B. MORROW, can be found in the September 17, 2001 Warning Letter sent by the FDA to MERCK attached hereto as Exhibit "A".

29. MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, fraudulently or intentionally mispresentations were communicated to Plaintiff's prescribing physicians with the intent that they reach the Plaintiff.

30. MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, knew that their representations were false.

31. Plaintiff's prescribing physician and Plaintiff relied on the representation of MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, and approved the continuing use of Vioxx by MICHAEL WRIGHT from December 27, 2003 through January 2, 2004.

32. MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, made the fraudulent or intentional misrepresentation and/or actively concealed adverse information with the intention and specific desire that the Plaintiff, the

Plaintiff's prescribing physicians and/or dispensing entities and the consuming public would rely on such false information in selecting treatment for pain and inflammation.

33. MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, intentionally concealed material, adverse information regarding the safety and effectiveness of Vioxx.

34. MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, made the fraudulent or intentional misrepresentations and actively concealed adverse information at a time when MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, knew that Vioxx had defects, dangers and characteristics that were other than what MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, had represented to the prescribing physician or other dispensing entities, the FDA and the consuming public, including Plaintiff, MICHAEL WRIGHT. Specifically, MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, fraudulently or intentionally misrepresented to and/or actively concealed from Plaintiff, Plaintiff's prescribing physician or other dispensing entities, the FDA and the consuming public the following adverse information regarding the drug Vioxx as ingested by Plaintiff, MICHAEL WRIGHT:

1. That Vioxx carried risks of serious adverse effects;

2. Despite knowing that there were serious risks of adverse cardiovascular events, MERCK, BREE D. CARLIN and YVONNE B. MORROW aggressively marked, promoted, advertising direct to customer and/or sold the drug as if there was no risk; and

3. Failed to advise Plaintiff, Plaintiff's prescribing physicians and others that prior studies, research, reports and/or testing has been conducted linking the use of the drug to serious adverse cardiovascular actions.

35. The fraudulent or intentional misrepresentation and/or active concealment by MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, were perpetuated directly and/or indirectly by BREE D. CARLIN, YVONNE B. MORROW, MERCK, its employees, agents and/or other detail persons.

36. The fraudulent or intentional misrepresentation and/or concealment by MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW constitute a continuing tort.

37. Through MERCK's product insert, MERCK, BREE D. CARLIN and YVONNE B. MORROW continued to fraudulently or intentionally misrepresent the potential risks associated with Vioxx.

38. MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, had a continuing duty to warn Plaintiff and Plaintiff's prescribing physicians of the drug product in their labeling, advertising, product, inserts, promotional material, direct to consumer advertising or other marketing efforts.

39. MERCK, its representatives, BREE D. CARLIN and YVONNE B. MORROW, fraudulently and intentionally misrepresented the safety and efficacy of Vioxx in their labeling, advertising, product insert, promotional material, direct consumer advertising or other marketing efforts.

40. Plaintiff and Plaintiff's prescribing physicians and dispensing entities justifiably relied to their detriment on and/or were induced by the fraudulent or

intentional misrepresentations and/or concealment by MERCK, BREE D. CARLIN and YVONNE B. MORROW regarding the safety and effectiveness of Vioxx.

WHEREFORE, the Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, demands judgment against the Defendants, MERCK & COMPANY, INCORPORATED, BREE D. CARLIN and YVONNE B. MORROW, for damages including, where provided by law, costs, prejudgment interest, fees and trial by jury.

## COUNT III
## STRICT LIABILITY: PRODUCTS LIABILITY

42. The Plaintiff realleges paragraphs (1)-(15) and (23) and incorporates them by reference herein.

43. The Defendant, MERCK, at all times relevant hereto, manufactured Vioxx and places Vioxx in the stream of commerce, with the intention of selling Vioxx and delivering Vioxx to consumers in the State of Florida, including the Plaintiff.

44. The product known as Vioxx causes increased risk of injury and illness as set forth above.

45. The Defendant knew or reasonably should have known of the risks associated with the use of Vioxx but caused Vioxx to be sold to, distributed to, and consumed by, consumers in the State of Florida, including the Plaintiff.

46. The Defendant's conduct was willful, intentional, profit-driven and committed with reckless disregard for the life, health, safety or well being of the Plaintiff, MICHAEL WRIGHT.

47. As a direct and proximate result of the Defendant's conduct, the Plaintiff has suffered injury as set forth above.

WHEREFORE, the Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, demands judgment for damages from the Defendant, as well as other relief where permitted by law including costs, fees, prejudgment interest and trial by jury.

### COUNT IV
### NEGLIGENCE

48. The Plaintiff realleges paragraphs (1) –(15) and (23) and incorporates them by reference herein.

49. The Defendant had a duty to exercise reasonable care in the manufacture, sale, testing, quality assurance, quality control and/or distribution of the drug Vioxx, in that the Defendant knew or should have known that the drug, when used, created a high risk of unreasonable side effects, including myocardial infarction, unstable angina, cardiac thrombus, resuscitated cardiac arrest, sudden or unexplained death, ischemic stroke, and transient ischemic attacks which can cause extraordinary suffering and death.

50. Defendant was negligent in the design, manufacture, testing, advertising, marketing and sale of Vioxx in that, among other things, it:

   a. Failed to use due care in designing and manufacturing Vioxx so as to avoid the aforementioned risk to individuals.

   b. Failed to accompany its product with proper warnings regarding all possible adverse side effects associated with the use of Vioxx.

   c. Failed to conduct adequate pre-clinical and clinical testing and post marketing surveillance to determine the safety of the drug Vioxx.

   d. Failed to provide adequate training and instruction to medical care providers for appropriate use of the drug Vioxx.

9

    e. Failed to warn Plaintiff, prior to actively encouraging the sale of Vioxx, either directly or indirectly, orally or in writing, about the dangerous side effects of Vioxx.

    f. Failed to warn that the risks associated with Vioxx would exceed the risks of comparable forms of pain relief.

    g. Were otherwise careless or negligent.

52. Despite the fact that the Defendant knew or should have known that Vioxx caused unreasonable, dangerous, side effects which many users would be unable to remedy by any means, Defendant continued to market Vioxx to consumers, including Plaintiff, when there were safer alternative medications available.

53. The Defendant, at all times relevant hereto, knew or should have known that consumers, including the Plaintiff, would foreseeably suffer injury as a result of the Defendant's failure to exercise ordinary care as described above.

WHEREFORE, the Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, demands judgment against the Defendant for and any other legal or equitable relief provided by law, as set forth below, costs, fees where permitted by law, and demands trial by jury.

### COUNT V

54. Plaintiff realleges all prior paragraphs of this Complaint as if fully set out herein.

55. Defendants had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx into the stream of commerce. Defendants failed to exercise ordinary case in the design, manufacture,

marketing, sale, testing and/or distribution of Vioxx into the stream of commerce. Defendants knew or should have known that Vioxx created an unreasonable risk of bodily harm, including the risk of death.

56. Despite the fact that the Defendants knew or should have known that Vioxx caused unreasonably dangerous side effects which many users would be unable to remedy by any means, the Defendants continued to market Vioxx to the consuming public when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

57. Defendants knew or should have known that consumers such as the Plaintiff would foreseeably suffer injury or death as a result of the Defendants' failure to exercise ordinary care as described herein. Defendants' negligence was a contributing cause of Plaintiff's injuries and Plaintiff's economic and non-economic loss:

WHEREFORE, Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, demands judgment against Defendants for equitable relief, plus trial by jury, costs, fees and any other relief which is provided by law.

## COUNT VI

58. Plaintiff realleges all prior paragraphs of this Complaint as if fully set out hereto.

59. Defendants made express representations to Plaintiffs relative to its product, Vioxx.

60. Defendants, through their detail sales representatives, made representations regarding the safety and efficacy of its product, Vioxx.

61. Vioxx does not conform to the express representations made to the Plaintiff or his physicians.

62. Vioxx does not conform to the express representations made by the Defendants' agents/sales representatives.

63. Defendants' conduct in this matter was the contributing cause of injuries and damages suffered by Plaintiff.

WHEREFORE, Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, demands judgment against Defendants for equitable relief, plus trial by jury, costs, fees and any other relief which is provided by law.

## COUNT VII

64. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

65. At the time the Defendants marketed, sold and distributed Vioxx for use by the general consuming public, including Plaintiff, the Defendants knew of the use for which Vioxx was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

66. Plaintiff reasonably relied upon the skill and judgment of the Defendants as to whether Vioxx was of merchantable quality and safe and fit for its intended use.

67. Contrary to such implied warranty, Vioxx was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which they were intended and used as described above.

68. Defendants' conduct in this regard was the contributing cause of the Plaintiff's injuries and damages.

WHEREFORE, the Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, demands judgment against Defendants for equitable relief, plus trial by jury, costs, fees and any other relief which is provided by law.

### COUNT VIII

69. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

70. Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that Vioxx was safe and effective. Defendants represented Vioxx as safe so that the general consuming public, including Plaintiff, would rely upon said representations when purchasing said product.

71. Prior and following the introduction of Vioxx into the market as a prescribable pharmaceutical medication, Defendants set in motion a campaign to market its product. Defendants' representations made concerning Vioxx as a safe and effective drug were made so that Plaintiff and the general consuming public would rely on said representations and take this drug. In fact, Plaintiff did rely on Defendants' representations in this regard.

WHEREFORE, the Plaintiff, SUSAN WRIGHT, as Personal Representative of the Estate of MICHAEL WRIGHT, demands judgment against Defendants for equitable relief, plus trial by jury, costs, fees and any other relief which is provided by law.

### COUNT VIIII

72. SUSAN MAE WRIGHT is the appointed Personal Representative of the Estate of MICHAEL S. WRIGHT, and brings this action in that capacity. A copy of the Letters of Administration are attached as exhibit "A".

13

73. At all times material hereto Defendant, CHRISTOPHER HAMANN, M.D. ("HAMANN") was a licensed medical doctor in Florida, and was employed by Co-Defendant, NAPLES EMERGENCY PHYSICIANS, L.L.C., ("EMERGENCY") in Florida.

74. At all times material hereto, Defendant, SEAN RYAN, PA-C ("RYAN") was a physician assistant in Florida and was employed by Co-Defendant, NAPLES EMERGENCY PHYSICIANS, L.L.C., ("EMERGENCY") in Florida.

75. At all times material hereto, HAMANN was in the course and scope of his employment with EMERGENCY.

76. At all times material hereto, RYAN was in the course and scope of his employment with EMERGENCY.

77. On or about December 26, 2003, Plaintiff's decedent, MICHAEL S. WRIGHT, was at Cleveland Clinic with complaints of knee pain.

78. Plaintiff's decedent advised the Defendants that his current medications included Warfarin and Coumadin, and he had a history of prior heart disease.

79. At that time and place, Defendants prescribed Vioxx to Plaintiff's decedent.

80. At all times material hereto, HAMANN, RYAN, and EMERGENCY owed the following duties to Plaintiff's decedent:

   a. To read the entire chart of Plaintiff's decedent prior to prescribing Vioxx;

   b. To not prescribe Vioxx to Plaintiff's decedent.

   c. To not prescribe Vioxx due to Plaintiff's history.

   d. To not prescribe Vioxx due to the fact that Plaintiff's decedent's current medication included Warfarin and Coumadin.

e. To consider Plaintiff's decedent's prior heart disease, swollen knee, and/or his anticoagulated state prior to prescribing Vioxx.

f. To not place Plaintiff's decedent on Vioxx that was known to complicate an anticoagulation profile.

g. To determine if Plaintiff's decedent was in an anticoagulated state prior to prescribing Vioxx.

h. To take a complete, adequate, and thorough history;

i. Conduct appropriate diagnostic testing;

j. To reduce and/or consider Plaintiff's decedent's risk of and/or for hemarthrosis.

k. To consider and/or order a coagulation profile for Plaintiff's decedent.

l. To consider the lack of adequate International Normalized Ratio Monitoring.

m. To not prescribe Vioxx, a drug contraindicated for patients on Warfarin and Coumadin.

n. To not prescribe Vioxx, a drug the Defendants knew or should have known would complicate the anticoagulation profile of Plaintiff's decedent.

o. To maintain the reasonable Standard of Care.

p. To conform to the standard of care expected of similar health care professionals under the same or similar circumstances.

81. HAMANN, RYAN, and EMERGENCY breached the aforesaid duties.

82. Plaintiff's decedent died on or about January 3, 2004 in Lee County, Florida as a result of the negligence of HAMANN, RYAN, and EMERGENCY.

83. Plaintiff's decedent was survived by the following persons:

    a. SUSAN MAE WRIGHT, wife

    b. Amanda Weeks, daughter

    c. Emma Wright, daughter

    d. Wendy Wright, daughter

84. As a direct result of the death of Plaintiff's decedent, the Plaintiff's survivors lost support and services starting from the date of death, companionship, consortium, protection, and mental pain and suffering. These losses are continuing, and the survivors will continue to suffer these losses in the future.

85. As a direct result of the death of Plaintiff's decedent, Plaintiff and/or its survivors incurred funeral and burial expenses and lost net accumulations.

86. Plaintiff has satisfied all statutory and procedural prerequisites for filing, extending, and tolling an action for medical malpractice.

WHEREFORE, the Plaintiff, ESTATE OF MICHAEL S. WRIGHT by and through SUSAN MAE WRIGHT, as Personal Representative, demands judgment from the Defendants, CHRISTOPHER HAMANN, M.D., SEAN RYAN, PA-C and NAPLES EMERGENCY PHYSICIANS, L.L.C., for damages including prejudgment interest if allowed by law, costs, any other relief allowed by law, and demands trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail to: Patricia Lowry, Esquire, Steel Hector & Davis, LLP, 1900 Phillips Point

West, 777 South Flagler Drive, West Palm Beach, Florida 33401-6198 this 18th day of May, 2006.

                                            **VILES & BECKMAN, LLC**
                                            Attorneys for Plaintiff
                                            6350 Presidential Court, Suite A
                                            Fort Myers, Florida 33919
                                            Telephone:  (239) 334-3933
                                            Facsimile: (239) 334-7105

By: _____
                                            Marcus W. Viles, Esquire
                                            Florida Bar No.: 0516971

IN THE CIRCUIT COURT FOR LEE COUNTY,
FLORIDA                                    PROBATE DIVISION

IN RE: ESTATE OF                File No. 04-CP 485
     MICHAEL S. WRIGHT
     Deceased.

## LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN:

WHEREAS, MICHAEL S. WRIGHT, a resident of Lee County, Florida, died on January 3, 2004, owning assets in the State of Florida, and

WHEREAS, SUSAN MAE WRIGHT has been appointed Personal Representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned Circuit Judge, declare SUSAN MAE WRIGHT duly qualified under the laws of the State of Florida to act as Personal Representative of the estate of MICHAEL S. WRIGHT, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

Ordered on _____March 3_____, 2004.

_____
Circuit Judge

FILED LEE CO. FLORIDA
CLERK OF COURTS
2004 MAR -3 PM 4:23
D.C.
BY _____

STATE OF FLORIDA - COUNTY OF LEE
I hereby certify that the foregoing is a true copy as filed in my office and the same is in full force and effect.
This ____ day of _March_ 2004
CHARLIE GREEN
Clerk of Circuit Court
By _____
   Deputy Clerk

PLAINTIFF'S EXHIBIT
A

Form No. PA-3.0700
Effective January 1, 2004