James D. Schneller          pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087
610-688-9471

U. S. DISTRICT COURT
Eastern District of Louisiana

FILED  MAY 1 8 2006

LORETTA G. WHYTE
Clerk

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX                                          :          MDL DOCKET NO. 1657

PRODUCTS LIABILITY LITIGATION        :

                                                                         Civil Action No.  05 - 5382


James D. Schneller, Trustee ad Litem for the        :
Individuals Entitled to Relief Due to the
Wrongful Death of Marjorie C. Schneller, et al      :          MOTION FOR AN ORDER DIRECTING
                                                     plaintiffs              LEXIS NEXIS AND OTHER VENDORS
                                                                                        TO ENABLE REGISTRATION OF PRO
v.                                                                                       SE PLAINTIFF WHO IS NOT AN
                                                                                        ATTORNEY
Merck & Company, Inc.,      defendant        :

                                                                         :


MEMORANDUM OF LAW IN SUPPORT OF MOTION


I.        BACKGROUND


     The Court in Pre trial Orders No. 8 and No. 14 directs all litigants or their attorneys to register

with Lexis Nexis File and Serve, and for all service to be made through Lexis Nexis.   Defendant

has been directed or has stipulated that it will post all records, which it has obtained on plaintiffs, in

this MDL, on a website operated by Litigation Management, Inc.

Fee
Process
X Dktd
X CtRmDep
Doc. No.

- 1 -

The Court in pretrial Orders No. 18, 18a, and 18b directs that Plaintiff Profile Forms and authorizations be served by way of LexisNexis file and serve.

Plaintiff filed suit on behalf of his deceased mother and himself on July 22, 2005. Merck and Co. Inc. filed on October 4, 2005 a motion to stay proceedings pending transfer of the action to this Court under MDL No.1657.

Plaintiffs' suit was transferred from the District Court, Eastern District of Pennsylvania, in the Order filed by the Judicial Panel on Multidistrict Litigation in this Court on December 27, 2005.

Plaintiff served, on December 14, 2005, on plaintiff's liaison counsel, and on defense liaison counsel, his Counsel Contact Information Form.

Plaintiff filed on or about April 14, 2006 his motion for an order directing Lexis Nexis and Litigation Management Inc. to enable registration of plaintiff in order to comply with Pretrial Order No. 8, with certification as to his efforts to resolve the issue. Plaintiff filed a second certificate of service of the Motion, for service on defense counsel in the Eastern Pennsylvania District Court on April 21, 2006.

Plaintiff's Steering Committee filed a Response to plaintiff's motion on May 3, 2006.

Defendant filed a Memorandum in Opposition to plaintiff's motion on May 4, 2006.

Plaintiff files an affidavit herewith.


II. ARGUMENT


Plaintiff has been expressly informed by Lexis Nexis and by Litigation Management, Inc.(hereinafter referred to as "LMI") that he is not permitted to open an account with them because he is not an attorney.   While this precaution is possibly supported by LexisNexis' and LMI's legal needs, plaintiff attempted to explain to them that he was required to conform to the Court's directives.   Both entities expressly stated to plaintiff that no alternative registration, process, nor service, was available, that might allow plaintiff to utilize the court-directed electronic processes, or to utilize them in part.  Both entities did admit that a court directive allowing registration is a solution which was likely to enable the hoped for registration.

In support of his motion, plaintiff attached a certification that he had attempted to obtain consent for the filing and granting of the relief which is requested in this motion, from all parties having an interest to oppose this motion.  He attaches to the affidavit, filed herewith, copies of the letters which he sent to Defense Liaison Counsel and to the additional designated firm requiring service, as stated to him by Defense Liaison Counsel.

Plaintiff believes that the Court has not placed the burden of means and access to service and to electronic service, regarding pro se parties, directly upon the Plaintiff's Steering Committee and Plaintiff's Liaison Counsel, in Pretrial Order No. 1.  The Court in that Order has made numerous directives as to overall duties of the committee and counsel as to *all* plaintiffs, but only in a general manner.  Also, plaintiff believes that the Court's directive to the committee and counsel as to developments of files, records, and a depository is irrelevant to his motion, and is regardless being complied with.

The Court has ordered service by way of LexisNexis on " all counsel of record."  Plaintiff believes that he is counsel of record in that he represents himself, and therefore he must register in order to lawfully comply with the Order.  Defense Liaison counsel has ignored plaintiff's requests to permit a registration.  The plaintiff is left to deduce what service he might have received on any given day.

Pretrial Order No. 8 states that Fileand Serve must verify with Liaison Counsel that a registrant is counsel of record.  This measure of security is equally valuable to verify that an applicant, although not a trained attorney, is a litigant, and thereby entitled to some measure of availability of the service.  LexisNexis has been permitted it's policy despite any real legal ramifications of allowing pro se litigants to participate.

Plaintiff is prejudiced by his not receiving service of the many and varied pleadings that are taking place, and by the alternative requirement, if any were permitted, such as to request service of, and to serve, the thousands of parties in this action, in hard copy.

It is unfortunate, but mail service remains substandard because of the recent hurricane.  Plaintiff's service in this matter for instance was delayed for 9 days in one pleading, and was not delivered in a second pleading, and was delayed 20 days on a third pleading, and the certified mail traces done by plaintiff on his service remain incomplete.

Pacer / ECF is a valuable service.  Plaintiff believes that a party is likely to encounter slow downloads when viewing documents on Pacer / ECF access, depending on their providor, the time of day, and other factors.  Plaintiff regularly encounters this delay.  He has sworn that availability of

file and serve will save him a considerable amount of time. While not familiar with File and Serve, plaintiff from his considerable knowledge of email and documentary access, including that of Westlaw, believes that File and Serve downloads are likely to occur in one uninterrupted session and/or at efficient sizes and above average download speed. Pacer / ECF access involves a document by document opening and saving. This is a tedious process when reviewing numerous pleadings such as those in multi district litigation.

The benefits of File and Serve are available to all represented parties, and are requested to be available to plaintiffs with peculiar circumstances. Pretrial Order No. 8 allows for delivery to LexisNexis by fax, who would then serve the pleading. Plaintiff has unsuccessfully attempted to ascertain this fax number online and by telephone. This, regardless, is purely for the purpose of serving, as opposed to being served. Order No. 8 in paragraph 16 states that the File and Serve "system shall contain an index of all served documents for the Vioxx MDL 1657 litigation that is searchable and sortable . . " This is a valuable service and is stated to be available to file and serve users, yet the benefit of this is not made available to parties who cannot register.

Any aspect of a confidential nature of the pleadings is immaterial. Normal procedure, including the full access afforded to all litigants in the Courts case files, and the rules regarding discovery, allow access to a pro se litigant which, respectfully, approaches if not equals that available to attorneys. Further, users of Lexis Nexis File and Serve are granted an option, and readily utilize this option, to designate any document transmitted or made available, as "Sealed". Also, Pretrial Order No. 8 directs that liaison counsel shall confer on any matter at issue such as papers filed with the Clerk as confidential, or under seal. ( LMI has stated to plaintiff that Merck discovery documents are as a rule, available only to the designated plaintiff to whom they pertain. ) Exhibits with pleadings are readily available on the Pacer / ECF site. All documents would be readily available to plaintiff should he visit the Courthouse.

In light of the lack of any confidential documents, and the non-availability of the mainstream mode of service in this case for non-registrants, the current scope of available File and Serve creates a deprival of rights which are guaranteed under the constitution. This is especially true because all Orders are designated to be served by way of LexisNexis File and Serve.

Plaintiff has sworn that he wishes to economize on time spent downloading, which might accrue using Pacer / ECF; that he has only limited time per month in which to download; and that Pacer / ECF access involves a scrutinizing of the docket, while online, followed by deducing of relative importance of documents from the abbreviations used, and then, a document by document opening, which results in a time spent that is at least double in length compared to that which would

accrue in downloading File and Serve files every few days.

Additionally, there is also no indication that some greater and/or mandatory need for the above electronic services might arise in this case for all parties.

Confidentiality

The Court in pretrial order No. 8 has stated that all registered users shall be bound by any confidentiality order , and that "File and Serve shall also be bound by the terms of said Confidentiality Order." The fact that all users are bound means that both attorneys and pro se litigants are recognized as capable of reading and adhering to all confidentiality orders and relevant law.

Plaintiff believes that the Court's confidentiality Order is complied with by all parties. The importance of such foundational elements are readily apparent to any party endeavoring to enter the arena of litigation.  Any shortcomings in a pro se endeavor should not be determined by a prior categorical assumption.

III. CONCLUSION

Plaintiff therefore respectfully requests this Court to enter an Order directing Lexis Nexis File and Serve, Litigation Management, Inc, and any future vendors who act under the directive of this Court, to allow plaintiff to register with those firms.  A form of order is attached to this memorandum.

Date: May 11, 2006

James D. Schneller          pro se
500 East Lancaster Ave.  # 111d
Radnor, PA 19087
610-688-9471

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX

PRODUCTS LIABILITY LITIGATION          :          MDL DOCKET NO. 1657

James D. Schneller, Trustee ad Litem for the

Individuals Entitled to Relief Due to the         :
Wrongful Death of Marjorie C. Schneller, et al          Civil Action No.  05 - 5382
                                        plaintiffs          :
v.

Merck & Company, Inc.,      defendant          :


CERTIFICATE OF SERVICE

        I, James D. Schneller, hereby certify that I served a true and correct copy of the within
memorandum of law upon :

Plaintiffs' Liaison Counsel - Vioxx Products Liability Litigation
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA   70170                                        on 5/11/6

Defense Liaison Counsel - Vioxx Products Liability Litigation
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130                                        on 5/11/6

Defense Liaison Counsel - Vioxx Products Liability Litigation
Williams & Connolly
725 12th St N.W.
Washington, D.C.  20005                                        on 5/11/6

Joshua G. Schiller Esq.
Dechert LLP
1717 Arch Street    Ste. 4000
Philadelphia, PA 19103                                        on 5/11/6


*James D. Schneller*                          James D. Schneller

James D. Schneller             pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087
610-688-9471


IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


In Re:  VIOXX                                    :

PRODUCTS LIABILITY LITIGATION                           MDL DOCKET NO. 1657

                                                 :

                                                 Civil Action No.  05 -  5382

James D. Schneller, Trustee ad Litem for the     :
Individuals Entitled to Relief Due to the
Wrongful Death of Marjorie C. Schneller, et al    :    MOTION FOR AN ORDER DIRECTING
                                plaintiffs              LEXIS NEXIS AND OTHER VENDORS
v.                                                     TO ENABLE REGISTRATION OF PRO
                                                       SE PLAINTIFF WHO IS NOT AN
Merck & Company, Inc.,       defendant      :          ATTORNEY

                                                 :


AFFIDAVIT


I, James D. Schneller, am the sole living plaintiff in this action.

My suit was transferred from the United States District Court, Eastern District of Pennsylvania, in the Order filed by the Judicial Panel on Multidistrict Litigation in this Court on December 27, 2005.

I served, on December 14, 2005, on plaintiff's liaison counsel, and on defense liaison counsel, my MDL 1657 Counsel Contact Information Form.  I informed Defense Liaison Counsel on

- 1 -

February 14, 2006 of my intent to timely serve my Plaintiff Profile Form.

I have moved the court for an order directing Lexis Nexis and LMI, which is an abbreviation of Litigation Management Inc., to enable registration of me in order to comply with Pretrial Order No. 8.

I attached to my motion a certification that I attempted to obtain consent for the filing and granting of the relief which is requested in this motion from all parties having an interest to oppose this motion. Attached hereto as EXHIBIT A is a true and correct copy of my letter which I sent to the designated firm of the Defense Steering Committee, as stated to me by Defense Liaison Counsel, and to Defense Liaison Counsel, with a proposed stipulation and Order.

I have been told on two occasions by Litigation Management, Inc. that I am not permitted to open an account with them, because I am not an attorney. I have been told on two occasions by LexisNexis that I am not permitted to open an account with them, because I am not an attorney. Both LMI and LexisNexis have expressly stated to me that no alternative registration, process, nor service, was available, that might allow me to utilize the court directed electronic processes, or to utilize them in part.

I have been told when contacting LexisNexis and LMI that a court directive allowing my registration is a solution which was likely to enable my access to File and Serve.

I am sufficiently familiar with the legal processes, including those in United States District Courts, so that I believe that I will litigate my case fully and to it's conclusion.  Being able to efficiently serve and be served pleadings is important to my understanding and management of the case.

I encounter slow downloads when I view documents on Pacer / ECF.  Availability of file and serve will save me a considerable amount of time which would otherwise be made necessary, and which has up until present prevented my full knowledge of ongoing matters.

I am limited on my internet service plan to an allotment of 15 hours time per month, and so must allot my time on the internet carefully.  Time spent on Pacer / ECF, finding pleadings and downloading them, disrupts my ability to access the internet and email.

My filing, and service, and the service to me, in this matter, was delayed for 9 days in one pleading, was delayed 20 days on a second pleading, and was not delivered in a third pleading, and the certified mail traces done by me on relevant service remain inconclusive and incomplete.

I am familiar with the meaning and importance of the Court's confidentiality Order, and am an individual with the background, responsibility, and demeanor, that exhibits my resolve to fully comply with the law in all aspects and all jurisdictions.

I, James D. Schneller, solemnly affirm and attest that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to penalty of perjury.


James D. Schneller          pro se            Date: May 11, 2006
500 East Lancaster Ave. # 111d
Radnor, PA 19087

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX

PRODUCTS LIABILITY LITIGATION          :          MDL DOCKET NO. 1657

James D. Schneller, Trustee ad Litem for the

                                         :

Individuals Entitled to Relief Due to the            Civil Action No.  05 - 5382
Wrongful Death of Marjorie C. Schneller, et al
                         plaintiffs            :

v.

Merck & Company, Inc.,      defendant          :


CERTIFICATE OF SERVICE

    I, James D. Schneller, hereby certify that I served a true and correct copy of the within affidavit upon :

Plaintiffs' Liaison Counsel - Vioxx Products Liability Litigation
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA  70170                                    on 5/11/6

Defense Liaison Counsel - Vioxx Products Liability Litigation
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130                                     on 5/11/6

Defense Liaison Counsel - Vioxx Products Liability Litigation
Williams & Connolly
725 12th St N.W.
Washington, D.C.  20005                                   on 5/11/6

Joshua G. Schiller Esq.
Dechert LLP
1717 Arch Street    Ste. 4000
Philadelphia, PA 19103                                    on 5/11/6

    *James D. Schneller*          James D. Schneller

- 4 -

Jim Schneller

February 22, 2006


Douglas Marvin Esq.
Williams & Connolly
725 12th St N.W.
Washington, D.C.  20005


Re:  MDL 1657 Vioxx Products Liability Litigation
         No. 05-5382   James Schneller et al v. Merck & Co. Inc.

**EXHIBIT A**

Dear Mr. Marvin:


   I am writing to ask defendant, pursuant to U.S.D.C.La.LR 7.4.1, to agree to the Court's Order which would direct LexisNexis, LMI, and any future information technology or related vendors in this case to provide to me, a pro se litigant, the ability to open accounts with them, in order to comply with Pretrial Order No. 8, and in order to allow me to fully litigate my case in this MDL.  This request is a result of the rigorous policy of these companies that non-attorneys may not open accounts.

   I enclose a proposed agreement and a proposed order to accompany the motion.  Please contact me if I can be of assistance.



Very truly yours,

James D. Schneller
pro se



cc: Phillip A. Wittmann Esq.

500 E. Lancaster Avenue # 111d   Radnor, PA 19087   610-605-9471

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

James D. Schneller;
James D. Schneller, Trustee ad Litem for the
Individuals Entitled to Relief Due to the
Wrongful Death of Marjorie C. Schneller,
James D. Schneller, Trustee ad Litem for the
Executrix of the Estate of Marjorie Schneller,
plaintiffs

v.

Merck & Company, Inc.,
defendant

:   In re:  Vioxx Products Liability Litigation

:

:   Civil Action  No. 05-5382

:   MDL  No. 1657

## STIPULATION

It is hereby stipulated and agreed by the undersigned that defendant agrees to plaintiff's

requested Court order which directs LexisNexis, LMI, and any future information technology

or related vendors in this case, to provide to James D. Schneller the ability to open an

account with them in order to utilize their services which are required in this multi district

litigation.  Plaintiff's request will be made by motion to the Court.

_____

Attorney for: _____     Date: _____

_James D. Schneller_          pro se
Plaintiff                                                Date: _____2/22/06_____



U.S. POSTAGE
PAID
WAYNE, PA
MAY 1908?, 06
AMOUNT
**$3.51**
00056705-02

70130

0000

UNITED STATES
POSTAL SERVICE

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™

7005 1160 0002 7165 0111

Clerk
U.S. District Court
500 Poydras Street, Room C-151
New Orleans, LA 70130

James Schneller   # 111 D
500 E. Lancaster
Radnor, PA 19087