

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 22  PM 4:09

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to all cases | * | |
| | * | MAGISTRATE |
| | * | JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

### MERCK & CO., INC.'S BRIEF REGARDING THE BURDEN OF PROOF FOR DEMONSTRATING WAIVER UNDER PENNSYLVANIA LAW

Plaintiffs have asked the Court to bar defendant Merck & Co., Inc. ("Merck") from reviewing documents before they are produced by its third-party contractors in this litigation on the ground that even if the documents had been privileged, such privilege was waived when Merck shared the documents with its contractors. Merck has argued that plaintiffs' request is premature – that Merck should be allowed to review the documents and that the Court should then review any documents Merck withholds to determine whether or not they are privileged and if so, whether that privilege extends to the independent contractors. Following oral argument last week, the Court sought additional briefing under Pennsylvania law on the question of which party has the burden of proof in this dispute. For the reasons set forth below, Merck contends that plaintiffs bear the burden – not Merck.

Pennsylvania law requires a two-step analysis in privilege disputes such as this one. First, the party seeking to assert a privilege has the burden of demonstrating that the

Fee_____
Process_____
X / Dktd_____ 810941v.1
✓ / CtRmDep_____
Doc. No_____

communication at issue is, in fact, privileged. At that point, the challenging party has the burden of demonstrating that the privilege was waived. Here, by asking the Court to bar Merck from even reviewing the documents for privilege, plaintiffs are essentially seeking to flip the burden and prevent Merck from even asserting privilege in the first place.

As the Court notes in its order, Pennsylvania law places the burden of demonstrating that documents are privileged on the proponent of the privilege. *Joyner v. Se. Pa. Transp. Auth.*, 736 A.2d 35, 38 n.3 (Pa. Commw. Ct. 1999). Therefore, Merck has the burden of demonstrating to the Court that the documents at issue contain communications reflecting legal advice and requests for legal advice between Merck and its attorneys. Merck is fully prepared to meet that burden – indeed, that is exactly why it has sought to review the documents prior to producing them. Until Merck has the opportunity to review the documents and identify those that it believes contain privileged communications, it cannot exercise its right to make the showing required under Pennsylvania law.

The issue plaintiffs have raised, however, is not whether the documents at issue contain privileged legal advice but rather whether Merck waived the privilege by sharing those documents with DDB and Ogilvy. And as plaintiffs' own cases demonstrate, it is plaintiffs – not Merck – who bear that burden. *See Gould v. City of Aliquippa*, 750 A.2d 934, 937 (Pa. Commw. Ct. 2000). In *Gould*, for example, a Pennsylvania court reversed a trial court's order compelling the city of Aliquippa to produce written summaries of interviews of several witnesses by its attorneys. Because there was a lawyer-client relationship between the city and its attorneys, the court found that "the burden of proof [was] upon the party asserting that the disclosure of information would not violate the attorney-client privilege." *Id.*

2

The *Joyner* case, cited in the court's order, similarly recognizes that the burden of demonstrating waiver is on the party challenging a privilege designation. There, William and Jean Joyner sued the Southeastern Pennsylvania Transportation Authority ("SEPTA") after one of the light poles it maintained collapsed and landed on William Joyner's car. The Joyners lost at trial and appealed, among other things, the trial court's admission of a damaging voicemail accidentally left by William Joyner on the voicemail of SEPTA's attorney rather than his own. *Id.* at 36-37. The court found that the Joyners had the burden of establishing that the communications in question arose out of an attorney-client relationship and failed to do so for the simple reason that the communication was with the opposing client's attorney. That alone resolved the privilege issue. 736 A.2d at 38. In response to the Joyners' claim that the court below should have required their adversary to prove that the Joyners had waived their privilege, the Court wrote: "We need not reach this issue, because as a prerequisite to the analysis of whether the privilege was waived, it was incumbent upon the Joyners to first establish the existence of the attorney client relationship which then could have been waived . . . [because the] Joyners failed to establish the existence of an attorney client relationship, the attorney client privilege was not applicable." *Id.* Just as in *Gould*, however, the court also recognized that if the Joyners had demonstrated the existence of privilege, "then it becomes the burden of the other party to prove why the applicable privilege would not be violated by the disclosure, *e.g.*, the privilege was waived, an exception to the privilege exists and is applicable, etc." *Id.* at 38 n.3.

The *Gould* and *Joyner* decisions are consistent with other privilege-related rulings by the Pennsylvania Supreme Court. In *In re Investigating Grand Jury No. 88-00-3505*, for example, the state's highest court recognized that "[t]o preserve the integrity of the privilege, the burden of proof is upon the party asserting that disclosure of the information would not violate the

3

attorney-client privilege." 527 Pa. 432, 440 (1991). There, the court considered whether client notes taken by a bank president reflecting the contents of his communications with the bank's attorney were protected by privilege and whether the privilege was waived under the crime fraud exception. *Id.* at 438. After finding that the bank had properly invoked the attorney-client protection because an *in camera* review of the notes reflected privileged attorney-client communications, the court found that the privilege was not waived because the government failed to "satisfy the requisite burden of proof placed upon the Commonwealth to produce prima facie evidence that the communications were made in the course of the commission of a proposed crime or fraud." *Id.* at 442-443; *see also Estate of Kofsky*, 487 Pa. 473, 482 (1979) (holding that trial court erred in allowing appellant's former attorney to testify as to privileged oral and written communications with his client where (a) the evidence "plainly indicated" that the communications were subject to privilege, and (b) the party offering the testimony failed to satisfy its burden that disclosure would not violate that privilege.)

In short, under both *Gould* and *Joyner* – as well as applicable Pennsylvania Supreme Court precedent – the burden is on plaintiffs to prove that Merck waived privilege as to its attorney-client communications. First, however, Merck must be afforded the opportunity to exercise its right to identify the documents it seeks to withhold and demonstrate to the Court that they are indeed privileged. For this reason, in addition to those set forth in Merck's prior briefing, plaintiffs' waiver argument is premature and should be taken up by the Court after Merck reviews the documents at issue and is able to properly invoke privilege as to all documents that contain protected attorney-client communications.

## CONCLUSION

For the foregoing reasons, plaintiffs bear the burden under Pennsylvania law of showing that Merck or other parties waived privilege with respect to confidential communications and Merck should be allowed to proceed with its review of the independent contractor documents.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

5

810941v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Merck & Co., Inc.'s Brief Regarding the Burden of Proof for Demonstrating Waiver Under Pennsylvania Law has been served on Plaintiffs' Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 22nd day of May, 2006.

*Dorothy H. Wimberly*

810941v.1