BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 MAY 22  PM 4:48
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | )<br>)<br>)   MDL NO. 1657<br>)<br>)   SECTION: L |
| THIS DOCUMENT RELATES TO:<br>PATRICIA SANDERS #05-6198 | )<br>) |

### MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ST. LOUIS CONNECTCARE'S MOTION TO DISMISS PURSUANT TO §538.225 RSMO AND FOR FAILURE TO STATE A CLAIM

COMES NOW Defendant St. Louis ConnectCare, by and through its counsel, and moves this Court to enter an Order dismissing Plaintiff's Petition and entering judgment in favor of defendant St. Louis ConnectCare due to Plaintiff's failure to file a health care affidavit and failure to state a proper claim against a health care provider under Missouri law. In support of its motion, defendant herein states the following:

### I. STATEMENT OF FACTS

Plaintiff Patricia Sanders filed her Petition for damages on August 30, 2005, alleging a cause of action against Saint Louis ConnectCare, Homer G. Phillips Resident Association, and Merck & Co., Inc. d/b/a Merck, Sharp and Dohme and d/b/a MSD Sharp & Dohme GmbH for products liability. Plaintiff has specifically alleged against Defendant Saint Louis ConnectCare that the facility sold Vioxx that was defective and failed to warn of its defect and risk. See, Plaintiff's Petition. Plaintiff also claims that Saint Louis ConnectCare provided false representations to Plaintiff which violated the Missouri DTPA. Id. Defendant Saint Louis ConnectCare has filed a motion to dismiss for failure to state a claim upon which relief can be granted based upon Plaintiff's inability to have allegations directed to Saint Louis ConnectCare

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

based upon products liability pursuant to Missouri law. Although properly filed in the Circuit Court for the City of St. Louis, Missouri, this motion had not yet been heard by the court prior to the case getting removed by Merck to the United States District Court for the Eastern District of Missouri which occurred on or about October 19, 2005. Subsequently, this cause of action was transferred to this Court to proceed with the Multidistrict Litigation Docket No. 1657.

## II. ARGUMENT

In federal multidistrict proceedings, the transferee court applies the substantive law of the transferor courts. See, e.g., In re San Juan Dupont Plaza Hotel Fire Litigation, 745 F.Supp. 79, 81 (D.P.R. 1990) (quoting Ferens v. John Deere Co., 494 U.S. 516 (1990)); Manual for Complex Litigation, Second § 31.122 n. 25 (1985). Therefore, Missouri law applies here.

### A. Plaintiff has failed to file a healthcare affidavit required by Missouri statute.

Section 538.205(4) Mo. Rev. Stat. gives the definition of a healthcare provider which includes entities that provide healthcare services under the authority of a license or a certificate. Therefore, Saint Louis ConnectCare is included in this definition. Section 538.225 Mo. Rev. Stat. states in its entirety:

> 1. In any action against healthcare provider for damages for personal injury or death on account of the rendering or the failure to render healthcare services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified healthcare provider which states that the defendant healthcare provider failed to use such care as a reasonably prudent and careful healthcare provider would have under similar circumstances and such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition;
>
> 2. The affidavit shall state the qualifications of such healthcare providers who offer such opinions;
>
> 3. A separate affidavit shall be filed for each defendant named in the petition;
>
> 4. Such affidavit shall be filed no later than 90 days after the filing of the petition unless the court, for good cause show, orders that such time be extended;

5. If the plaintiff or his attorney fails to file such affidavit, the court may, upon motion of any party, dismiss the action against such moving party without prejudice.

The purpose of this statute requiring plaintiffs to file an expert opinion that the care provided failed to use reasonably prudent care that caused the injuries is to eliminate at the early stage of litigation causes of actions against healthcare providers which lack merit and to protect the public against the cost of ungrounded claims. See Morrison v. St. Luke's Health Corporation, 929 S.W.2d 898 (Mo. App. E.D. 1996); Smith v. Planned Parenthood – St. Louis Region, 225 FRD 233 (E.D. Mo. 204). The only sanction for failure to file the affidavit is dismissal without prejudice. See Fields v. Curators of the University of Missouri, 848 S.W.2d 589 (Mo. App. W.D. 1993); Mahoney v. Doerhoff Surgical Services, Inc., 807 S.W.2d 503 (Mo. 1991). The Missouri statute requiring this affidavit to be submitted may be given effect in federal court. See Hill v. Morrison, 870 F. Supp. 978 (W.D. Mo. 1994).

In the instant case, Plaintiff has filed this lawsuit well beyond the 90 days required to file a healthcare affidavit. However, Plaintiff has failed to file such affidavit against Saint Louis ConnectCare. As such, this case such by dismissed against Saint Louis ConnectCare.

**B.     Plaintiff has failed to state a claim against Saint Louis ConnectCare which is recognized in Missouri.**

Section 538.300 MO. REV. STAT. holds that strict liability is not applicable to health care providers. Specifically, it states that the provisions of Section 537.760 to Section 537.765, sections relating to products liability actions, are not to be applied to actions against health care providers.

In Budding v. SSM Healthcare System, 19 S.W.3d 678, 681-682 (Mo. banc 2000), a patient sued a hospital for using allegedly defectively designed temporomandibular joint implants. The Missouri Supreme Court explained that the legislature clearly expressed its intent

3

to eliminate liability of health care providers for products liability. Id. As such, the court held that plaintiff failed to make a submissible case against the hospital. Id.

Similar to Budding, Plaintiff in this case has alleged claims against Saint Louis ConnectCare that are firmly rooted in strict liability for the selling of an alleged defective and dangerous drug, Vioxx. See, Plaintiff's Petition. Even plaintiff's claim regarding Saint Louis ConnectCare's failure to warn against the alleged dangerous risks and side effects of the drug is based upon strict products liability. Id. Since Saint Louis ConnectCare is a health care provider in the State of Missouri it cannot be held to strict liability claims. Therefore, these claims should be dismissed.

Similarly, plaintiff's claim that Defendant Saint Louis ConnectCare violated the Missouri "DTPA" by making misrepresentations about Vioxx should be dismissed. Id. Plaintiff never instructs Defendant Saint Louis ConnectCare on the specific statute she is referring, but states that she meets the requirements of a "consumer" as defined by this statute. See, Plaintiff's Petition. Defendant assumes that Plaintiff is referring to a Deceptive Trade Practices Act, which is a statute in states such as Texas. However, Missouri does not have a statute entitled Deceptive Trade Practices Act or "DTPA" and therefore, Defendant, a Missouri defendant, cannot be held to such standards under that claimed act. Even if Missouri did have a similar act, it appears from the allegations stated in the petition these claims are merely a further recitation of a strict liability claim. See, Plaintiff's Petition. As stated above, Defendant Saint Louis ConnectCare, as a health care provider, is not held to strict liability claims, and therefore, all claims against Defendant Saint Louis ConnectCare should be dismissed.

### III. CONCLUSION

Plaintiff Patricia Sander's claims against Defendant Saint Louis ConnectCare should be immediately dismissed by this Court because they violate Missouri statutory requirements and fail to adequately state a cause of action against Defendant. Specifically, Plaintiff has not filed an affidavit against Defendant Saint Louis ConnectCare within the ninety day statutory requirement. Additionally, all claims against Defendant are grounded in strict liability, which has been held by Missouri statute and the Missouri Supreme Court to be inapplicable to healthcare providers, such as Saint Louis ConnectCare. Because there is no legal basis for these claims against Saint Louis ConnectCare, this cause of action should be immediately dismissed against Defendant Saint Louis ConnectCare. Because being part of the multidistrict litigation is costly to Saint Louis ConnectCare, Defendant respectfully requests this Court dismiss this Defendant expeditiously or provide Defendant with a hearing before this Court as soon as this Court is available.

Michael J. Smith       #56862
Tricia J. Mueller      #498719
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
Telephone: (314) 621-2939
Facsimile: (314) 621-6844
msmith@lashlybaer.com
tmueller@lashlybaer.com
Attorneys for Defendant
St. Louis ConnectCare

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served electronically this 16th day of May, 2006 to:

Kara Lindsay Rakers
Keith D. Short
Robert D. Rowland
Goldenberg, Miller, Heller & Antognoli, P.C.
2227 South State Route 157
P.O. Box 959
Edwardsville, IL 62025
*Attorneys for Plaintiff*

Grant Kaiser
The Kaiser Firm, LLP
8441 Gulf Freeway, Ste. 600
Houston, TX 77017-5001
*Attorneys for Plaintiff*

Dan H. Ball
Bryan Cave, LLP
211 North Broadway, Ste. 3600
St. Louis, MO 63102-2750
*Attorneys for Merck & Co., Inc.*

I hereby certify that the above and foregoing *Motion and Memorandum of Law in Support of Defendant St. Louis ConnectCare's Motion to Dismiss Pursuant to § 538.225 RSMo and For Failure to State a Claim* has been served on Liaision Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advances in accordance with PreTrial Order No. 8A, on this 16th day of May, 2006.

*[signature]*