UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

In Re: VIOXX
Products Liability Litigation

MDL No. 1657

SECTION:   L

This Document Relates to:  06-1488

Judge Fallon
Mag. Judge Knowles

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

MAY IT PLEASE THE COURT,

The present matter is filed by the Plaintiff and alleges that Acadian Ambulance was negligent in treatment of the decedent, Elnora Johnson. The date of the alleged negligence is October 15, 2004. The Petition was filed in District Court on October 14, 2005. The Plaintiff never filed a request for medical review panel with the Division of Administration as required by the Medical Malpractice Act. Therefore, under the governing case law and statutes, this matter has prescribed.

## PROCEDURAL HISTORY

Plaintiff originally filed his Petition on October 14, 2005 in the Fourteenth Judicial District Court, Parish of Calcasieu, Louisiana. Defendant, Merck, Inc. was served on December 28, 2005. Merck, Inc. removed the case to the United States District Court for the Western District of Louisiana by filing a Notice of Removal on January 25, 2006 alleging fraudulent joinder. The matter was stayed on January 15, 2006 pending transfer to this Court. The transfer to this Court took place on March 21, 2006.

## PLAINTIFF'S ALLEGATION

Defendant, Acadian Ambulance, is now stuck in a case in which it does not belong. Based on the plain reading of the Plaintiff's Petition, his claims against Merck, Inc. and the claims against Acadian Ambulance do not arise out of the same transaction or occurrence which is required for proper joinder under the Federal Rules of Civil Procedure. Plaintiff makes various allegations against Merck, Inc. including a products liability claim, a negligence claim and misbranding drugs. None of the allegations against Acadian Ambulance are remotely similar to the allegations complained of against Merck, Inc. as shown above. Plaintiff's failure to request a Medical Review Panel timely means his cause of action has prescribed and the improper joinder with Merck, Inc. does not prevent prescription from running.

## LAW AND ARGUMENT

In the landmark case of **Lebreton v Rabito**, 714 So.2d 1226 (La. 7/8/1998), the Court held that the filing of suit on a claim that should first have been brought to a Medical Review Panel did not interrupt prescription. The Court found that the statute, LSA-R.S. 40:1299.47, was directed more specifically to health care issues and prevailed over the more general statute. In particular, the Supreme Court overruled **Hernandez v. Lafayette Bone and Joint Clinic**, 467 So.2d 113 (La.App. 3rd Cir. 1985) and held that those litigants who do not first submit their claim to a Medical Malpractice Review Panel as provided in LSA-R.S. 40:1299.47(B)(1)(a)(i) before filing suit in District Court could not benefit from their error by receiving an additional year for interruption of prescription after suspension had run.

> If we let this ruling (Hernandez) stand, we will condone and encourage the technique of unnecessarily prolonging malpractice litigation by a lesser standard. The party who improperly files a premature medical malpractice suit without first filing the claim with the Board for a Medical Review Panel, and who's suit is subsequently

2

Respectfully submitted,

STOCKWELL, SIEVERT, VICCELLIO,
  CLEMENTS & SHADDOCK, L.L.P.

BY: _____/s/ John J. Simpson_____
  BENJAMIN J. GUILBEAU, JR. (T.A.)
  La. Bar #20843
  JOHN J. SIMPSON
  La. Bar #28761
  Post Office Box 2900
  Lake Charles, LA  70602
  Phone: (337) 436-9491
  Fax: (337) 493-7210

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Dismiss on the Grounds of Prescription has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8a, as well as on Steve Sikich on this 19th day of May, 2006.

*/s/ John J. Simpson*
BENJAMIN J. GUILBEAU, JR.
JOHN J. SIMPSON