

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 25  PM 4: 26

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | |
| PRODUCTS LIABILITY LITIGATION | No. MDL Docket No. 1657 |
| | Section L |
| This document relates to: *State of Louisiana, ex. rel. Charles C. Foti, Jr., Attorney General*, No. 05-3700 and *Louisiana Health Service Indemnity Company d/b/a BlueCross/BlueShield of Louisiana*, No. 05-0713 | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

### MERCK & CO., INC.'S  OPPOSITION TO PLAINTIFF'S
### SECOND MOTION TO RE-URGE ITS MOTION TO CONSOLIDATE

Plaintiffs are essentially asking the Court to combine two fundamentally different, complex matters – one involving a state's decision (under Medicaid law) to cover Vioxx for Medicaid recipients and the other involving a major health insurer's decision (after careful review by a committee of doctors and scientists) to pay for the drug for its plan participants – into one trial.  In making this request, plaintiffs offer no explanation of why it makes sense to try these very large, complex cases together -- rather than afford the parties a separate trial on each. In fact, notwithstanding plaintiffs' efforts to shave down their claims with multiple amended complaints, combining these two disparate cases into one trial would confuse the jury and prejudice Merck.  Moreover, even if the Court were inclined to entertain the possibility of trying two cases together, plaintiffs' consolidation motion is clearly premature, because plaintiffs have not developed a sufficient record (indeed, no discovery record at all) upon which the Court can decide whether the cases can efficiently and fairly be tried together.

Fee_____
Process_____
X Dktd_____
✓ CtRmDep_____
Doc. No 812132v.1

1

**ARGUMENT**

In order to establish that separately filed cases such as these should be tried together, plaintiffs must meet two distinct requirements. *First,* plaintiffs must prove that the cases involve the existence of not only a single common question, but enough common questions such that factual issues peculiar to one case will not be expected to dominate at trial. *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) ("[e]ven where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate"); *Hasman v. G.D. Searle, Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) (denying consolidation of three products liability actions for trial because "[w]hen cases involve some common issues but *individual issues* predominate, consolidation should be denied") (emphasis in original).

*Second,* plaintiffs must also establish that the joint trial of the cases proposed to be consolidated for trial will neither confuse the jury nor prejudice any party. *See Sapiro v. Sunstone Hotel Investors, L.L.C.*, No. CV-03-1555-PHX-SRB, No. CV-04-1535-PHX-JWS, 2006 U.S. Dist. LEXIS 21234 (D. Ariz. Apr. 6, 2006) (rejecting motion to consolidate two cases involving exposure to pathogen at a hotel because of potential for prejudice and jury confusion); *Farahmand v. Rumsfeld*, No. 02-1236, 2002 U.S. Dist. LEXIS 22473 (E.D. Pa. Nov. 20, 2002) (denying motion to consolidate two discrimination actions for trial because of the possibility of jury confusion); *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (denying consolidation of two complex actions because the potential for delay, confusion and prejudice outweighed any efficiency that might be achieved). These two requirements – predominance and lack of prejudice – are grounded in due process concerns for both plaintiffs and defendants. *See Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346 (2d Cir. 1993) (reversing consolidation of asbestos cases for a jury trial on grounds of fundamental fairness). As the

2

812132v.1

Second Circuit noted in the *Malcolm* case, "[t]he systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice." *Id.* at 350.

The *Malcom* court's admonition clearly applies here. Plaintiffs' claims should not be consolidated for trial because common issues do not predominate and a joint trial would likely confuse the jury and prejudice Merck. At the very least, plaintiffs' perfunctory motion should be denied with leave to refile at the close of discovery, when there is a sufficient factual record upon which the Court can decide whether the cases can efficiently and fairly be tried together.

## I.   CONSOLIDATION OF THE *BLUE CROSS/BLUE SHIELD* AND *FOTI* ACTIONS WILL BE INEFFICIENT, CONFUSING, AND PREJUDICIAL.

Despite plaintiffs' efforts to further strip down their complaints in support of their consolidation motion, the highly individualized inquiries necessary to resolve their core allegations still predominate over common issues. These individualized inquiries include: (1) what Merck told Blue Cross/Blue Shield and the state of Louisiana about the safety profile of Vioxx; (2) what they knew from other sources; (3) why each of them made its initial decision to include Vioxx on its formulary; (4) why each continued to reimburse Vioxx costs thereafter; and (5) whether or not each plaintiff, if provided the allegedly withheld information, would have (or indeed, could have) altered its decision to reimburse the purchase price of Vioxx. Joint trial of these cases would require a single jury to consider the testimony presented on all these issues by all of the witnesses relevant to each case and then keep mentally separate which evidence applies to which plaintiff's claims in reaching verdicts on the individual actions. Such a trial would be inefficient, confusing and prejudicial.

To take but one example, in deciding whether Merck failed to warn the state of Louisiana of the risks of Vioxx, the *Foti* jury will have to consider what information the Louisiana Department of Health and Hospitals ("DHH") – the state agency tasked with administering the

state's Medicaid program – received from Merck prior to adding the drug to its formulary and what information the state already knew about the drug from other sources. This inquiry will require the parties to present testimony by numerous DHH employees involved in the decision to approve Vioxx reimbursements, as well as those Merck employees and representatives who had contact with DHH and were responsible for promoting the drug to the state. In addition, the parties will unavoidably introduce numerous documents and other evidence detailing the interactions between plaintiff and the defendant. However, this testimony and evidence will be wholly irrelevant and, indeed, completely inadmissible in the *Blue Cross/Blue Shield* case. Instead, that case will require testimony by members of the Blue Cross/Blue Shield committee that decided to cover Vioxx and the specific Merck employees who communicated with that insurer about Vioxx.

The two cases also involve different legal inquiries, making them all the more inappropriate for a joint trial. Unlike the *Blue Cross/Blue Shield* case, which involves solely state-law issues, resolution of the *Foti* action will depend largely upon whether DHH could have refused to reimburse Medicaid recipients for the cost of Vioxx had Merck provided the state with the allegedly withheld information. Because federal law determines and controls Louisiana's administration of its Medicaid program, the trier of fact in *Foti* will be required to understand the complex interactions between state and federal Medicaid law. *See Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 502 (1990) ("[a]lthough participation in the program is voluntary, participating States must comply with certain requirements imposed by [federal law] and regulations promulgated by the Secretary of Health and Human Services."). Under federal law, for example, a state can exclude a covered outpatient drug subject to a rebate agreement from its Medicaid formulary "if, based on the drug's labeling . . . the excluded drug does not have a significant

4

clinically meaningful therapeutic advantage in terms of safety, effectiveness or clinical outcome of such treatment . . . over other drugs included in the formulary." 42 U.S.C. § 1396r-8(d)(4)(C). Thus, plaintiffs in *Foti* will be required, *inter alia*, to prove that Vioxx did not have a "significant clinically meaningful therapeutic advantage" over other drugs included in the state's Medicaid formulary – an inquiry that would not be relevant to the *Blue Cross/Blue Shield* case. *Id.*

In short, because each of the two subject cases involves different facts and different legal issues, combining them for trial will result in confusion and delay, and plaintiffs' motion should thus be denied. *See Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (denying consolidation of two complex actions because the potential for delay, confusion and prejudice outweighed any efficiency that might be achieved).

## II.    AT THE VERY LEAST, THE COURT SHOULD DEFER CONSIDERATION OF PLAINTIFFS' MOTION UNTIL THE CLOSE OF DISCOVERY IN THE *FOTI* AND *BLUE CROSS/BLUE SHIELD* MATTERS.

Plaintiffs' motion to re-urge consolidation should also be rejected on the additional basis that it is premature. Absent development of a reasonably full record through discovery, the Court does not have an adequate basis for finding that these claims satisfy the consolidation requirements under Rule 42. *See, e.g., U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*, No. 98 CIV 3099 JGK, 2001 WL 300735, at *24 (S.D.N.Y. Mar. 27, 2001) (denying motion to consolidate two cases for trial without prejudice to renewal because the motion was "plainly premature at this stage, before pre-trial proceedings have been completed and the prospective evidence in both cases is clear"). *Cf. Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) (finding that to conduct a rigorous analysis of Rule 23 requirements a court must "understand the claims, defenses" and "relevant facts").

812132v.1

To take only a few obvious examples, the following are topics about which full discovery is necessary before the Court can properly decide whether any of the claims can be consolidated for trial:

- How each plaintiff made its decision to cover Vioxx;

- Who made the decision to cover Vioxx;

- What materials each plaintiff received from Merck regarding Vioxx;

- What Merck personnel communicated with each plaintiff regarding Vioxx;

- The nature of the communications each plaintiff had with Merck relating to Vioxx;

- What each plaintiff knew about the safety profile of Vioxx from other sources; and

- What fact and expert witnesses each plaintiff intends to introduce at trial.[1]

Once the Court has a more complete record through discovery of what evidence the parties plan to produce at trial, it will be better able to decide whether consolidation is appropriate.

---

[1]   Notably, discovery in the one state attorney general matter that is pending in state court has revealed precisely why such cases should not be consolidated with private insurer cases. In its discovery responses in *State of Texas v. Merck & Co., Inc.*, No. GV503021 (345th Judicial Distr. of Travis County, Tex.), the Texas Attorney General has identified at least eight potential trial witnesses to provide testimony specific to the state's Medicaid formulary plan, including: Martha McNeil (to testify as to the approval of products for the state's Medicaid formulary), Steve Liles ( to testify as to the review of products for inclusion on the state's Preferred Drug List), and Barbara Dean (to testify as expert as to the requirements of state and federal Medicaid rules and regulations). Fact and expert witnesses on Medicaid issues would be wholly irrelevant to the claims of Blue Cross/Blue Shield and would inevitably confuse a jury attempting to render a verdict on both plaintiffs' claims.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully requests that the Court deny plaintiffs'

motion.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

7

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Merck & Co., Inc.'s Opposition to Plaintiff's Second Motion to Re-Urge its Motion to Consolidate has been served on Plaintiffs' Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon movant's counsel James Dugan by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 25th day of May, 2006.

Phil Wittmann

812132v.1