FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 30  PM 3: 09

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | ) | MDL Docket No. 1657 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | SECTION L |
| | ) | |
| This document relates to: | ) | JUDGE FALLON |
| | ) | |
| *Debra S. Hoffman v. Merck & Co., Inc.* | ) | MAG. JUDGE KNOWLES |
| (E.D. La. Case No. 06-2641 | ) | |
| | ) | |
| | ) | |

## ANSWER, SEPARATE DEFENSES AND JURY DEMAND

Defendant Merck & Co., Inc. ("Merck"), by and through its attorneys, hereby sets forth

the following Answer and Separate Defenses to the Complaint filed by Plaintiff Debra S.

Hoffman, and requests a trial by jury. Any allegation, averment, contention or statement in the

Complaint not specifically and unequivocally admitted is denied. Merck responds to each of the

paragraphs of the Complaint as follows:

### I. RESPONSE TO "PARTIES"

**1.1**     Merck is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 1.1 of the Complaint, and for that reason, denies each of

them.

**1.2**     Merck admits that it is a New Jersey corporation with its principal place of

business in New Jersey. Merck denies that any legal entity other than Merck & Co., Inc. is a

named defendant in this action, and further denies that Plaintiff has, or has "reserved," any right

to add additional defendants, except as specified in the Federal Rules of Civil Procedure.

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

## II.  RESPONSE TO "JURISDICTION AND VENUE"

**2.1**     Merck denies that Decedent died as a direct and proximate result of the use of Vioxx® ("Vioxx").  Merck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.1 of the Complaint, and for that reason, denies each of them.

**2.2**     Merck denies that transfer of this action would work a substantial injustice to Plaintiff.  Merck is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.2 of the Complaint, and for that reason, denies each of them.

**2.3**     Merck admits that Plaintiff seeks damages in excess of the jurisdictional minimum of this Court, but denies that Plaintiff is entitled to recover any damages in this action.

## III.  RESPONSE TO "BACKGROUND INFORMATION"

**3.1**     Merck denies each allegation of paragraph 3.1 of the Complaint, except admits that it is authorized to do business in the State of Colorado.

**3.2**     Merck denies each allegation of paragraph 3.2 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**3.3**     Merck denies each allegation of paragraph 3.3 of the Complaint.

**3.4**     Merck denies each allegation of paragraph 3.4 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**3.5**     Merck denies each allegation of paragraph 3.5 of the Complaint except admits that Vioxx, a prescription medicine, is a part of a class of medications known as NSAIDs, that Vioxx reduces pain and inflammation, and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

**3.6**     Merck denies each allegation of paragraph 3.6 of the Complaint except admits that Vioxx, a prescription medicine, is a part of a class of medications known as NSAIDs, that Vioxx reduces pain and inflammation, and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

**3.7**     Merck denies each allegation of paragraph 3.7 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

**3.8**     Merck denies each allegation of paragraph 3.8 of the Complaint except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

**3.9**     Merck denies each allegation of paragraph 3.9 of the Complaint, except admits that, on or about May 20, 1999, the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

**3.10**    Merck denies each allegation of paragraph 3.10 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

**3.11**    Merck denies each allegation of paragraph 3.11 of the Complaint, and respectfully refers the Court to the referenced article for its actual language and full text.

**3.12**    Merck denies each allegation of paragraph 3.12 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to said study for its actual language and full text.

**3.13**    Merck denies each allegation of paragraph 3.13 of the Complaint except admits that referenced studies exist, and respectfully refers the Court to the published study results for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

**3.14**    Merck denies each allegation of paragraph 3.14 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

**3.15**    Merck admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

4

**3.16**     Merck denies each allegation of paragraph 3.16 of the Complaint.

**3.17**     Merck denies each allegation of paragraph 3.17 of the Complaint, except admits that the referenced briefing document exists, and respectfully refers the Court to said document for its actual language and full text.

**3.18**     Merck denies each allegation of paragraph 3.18 of the Complaint and avers that Public Citizen claims to have made the referenced statement, and respectfully refers the Court to said statement for its actual language and full text

**3.19**     Merck denies each allegation of paragraph 3.19 of the Complaint except admits the existence of the journal, the article contained therein, and that Plaintiff appears to have accurately quoted the document referenced in said paragraph, and respectfully refers the Court to the referenced document for its actual language and full text.

**3.20**     Merck denies each allegation of paragraph 3.20 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

**3.21**     Merck denies each allegation of paragraph 3.21 of the Complaint, except admits that worldwide Vioxx sales exceeded $2 billion in 2000 and 2003.

**3.22**     Merck denies each allegation of paragraph 3.22 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to that article for its actual language and full text.

**3.23**     Merck denies each allegation of paragraph 3.23 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to said study for its actual language and full text.

 **3.24** Merck denies each allegation of paragraph 3.24 of the Complaint.

 **3.25** Merck denies each allegation of paragraph 3.25 of the Complaint.

 **3.26** Merck denies each allegation of paragraph 3.26 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to that article for its actual language and full text.

 **3.27** Merck denies each allegation of paragraph 3.27 of the Complaint, except admits that the referenced system for adverse event reporting exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or by the Food and Drug Administration that the event was caused by the drug.  Merck further admits various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.

 **3.28** Merck denies each allegation of paragraph 3.28 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to that study for its actual language and full text.

 **3.29** Merck denies each allegation of paragraph 3.29 of the Complaint, and avers that Merck disagreed with some of the language in the referenced published paper and therefore determined that it was not appropriate for a Merck author's name to appear on the published paper.

 **3.30** Merck denies each allegation of paragraph 3.30 of the Complaint, except admits that 2003 Vioxx sales figures exceeded $2 billion.

**3.31**    Merck denies each allegation of paragraph 3.31 of the Complaint, except admits that Dorothy Hamill was featured in ad campaigns for Vioxx and that Dorothy Hamill and Bruce Jenner were spokespersons for Vioxx.

**3.32**    Merck denies each allegation of paragraph 3.32 of the Complaint.

**3.33**    Merck denies each allegation of paragraph 3.33 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to that study for its actual language and full text.

**3.34**    Merck denies each allegation of paragraph 3.34 of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

**3.35**    Merck denies each allegation of paragraph 3.35 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to that study for its actual language and full text.

**3.36**    Merck denies each allegation of paragraph 3.36 of the Complaint, except admits that the referenced study exists, and respectfully refers the Court to that study for its actual language and full text.

**3.37**    Merck denies each allegation of paragraph 3.37 of the Complaint.

**3.38**    Merck denies each allegation of paragraph 3.38 of the Complaint, except admits that the study referenced in that paragraph exists, and respectfully refers the Court to the study for its actual language and full text.  Merck further admits that on September 30, 2004, it announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of

treatment in patients taking Vioxx compared with those taking a placebo, and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

     **3.39**    Merck denies each allegation of paragraph 3.39 of the Complaint.

     **3.40**    Merck denies each allegation of paragraph 3.40 of the Complaint.

     **3.41**    Merck denies each allegation of paragraph 3.41 of the Complaint, except admits that a teleconference with Dr. Neaton and other External Safety Monitoring Board members occurred on September 17, 2004.

     **3.42**    Merck denies each allegation of paragraph 3.42 of the Complaint as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board (ESMB) had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

     **3.43**    Merck denies each allegation of paragraph 3.43 of the Complaint, except admits that, on September 30, 2004, it announced the voluntary withdrawal of Vioxx from the worldwide market.

     **3.44**    Merck denies each allegation of paragraph 3.44 of the Complaint, except admits that it has estimated that there were approximately 105 million prescriptions for Vioxx written in the United States from May 1999 through August 2004 and that, based on this estimate, Merck has estimated that the number of patients who have taken Vioxx in the United States since May

1999 is approximately 20 million. Merck avers that these figures are approximate numbers based on information received from various sources outside of Merck.

    **3.45**    Merck denies each allegation of paragraph 3.45 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to that article for its actual language and full text.

## IV.  RESPONSE TO "FACTS"

    **4.1**    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.1 of the Complaint, and for that reason, denies each of them.

    **4.2**    Merck denies each allegation of paragraph 4.2 of the Complaint.

    **4.3**    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 4.3 of the Complaint, and denies each allegation contained in the second sentence of  paragraph 4.3 of the Complaint.

    **4.4**    Merck denies each allegation of paragraph 4.4 of the Complaint.

## V. RESPONSE TO "STRICT PRODUCTS LIABILITY"

    **5.1**    Merck restates and incorporates by reference each of the preceding and succeeding paragraphs as though set forth at length herein and responds as follows:

    **5.2**    Merck denies each allegation of paragraph 5.2 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**5.3**     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 5.3 of the Complaint and denies each allegation of the second sentence of paragraph 5.3 of the Complaint.

**5.4**     Merck denies each allegation of paragraph 5.4 of the Complaint, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

**5.5**     Merck denies each allegation of paragraph 5.5 of the Complaint.

**5.6**     Merck denies each allegation of paragraph 5.6 of the Complaint, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

**5.7**     Merck denies each allegation of paragraph 5.7 of the Complaint.

**5.8**     The allegations contained in paragraph 5.8 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each allegation of paragraph 5.8 of the Complaint.

**5.9**     Merck denies each and every allegation contained in paragraph 5.9 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 5.9 of the Complaint, and for that reason, denies the same. ·

**5.10**   Merck denies each allegation of paragraph 5.10 of the Complaint.

## VI.  RESPONSE TO "NEGLIGENCE"

**6.1**     Merck restates and incorporates by reference each of the preceding and succeeding paragraphs as though set forth at length herein and responds as follows:

**6.2**     Merck denies each allegation of the first, second, third, fourth and sixth sentences of paragraph 6.2 of the Complaint, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.  The allegations contained in the fifth sentence of paragraph 6.2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

**6.3**     Merck denies each allegation of paragraph 6.3 of the Complaint.

## VII.  RESPONSE TO "MISREPRESENTATION AND FRAUD"

**7.1**     Merck restates and incorporates by reference each of the preceding and succeeding paragraphs as though set forth at length herein and responds as follows:

**7.2**     Merck denies each allegation of paragraph 7.2 of the Complaint, except admits that Plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

**7.3**     Merck denies each allegation of paragraph 7.3 of the Complaint.

**7.4**     Merck denies each allegation of paragraph 7.4 of the Complaint.

**7.5**     Merck denies each allegation of paragraph 7.5 of the Complaint.

**7.6**     Merck denies each allegation of paragraph 7.6 of the Complaint.

**7.7**     Merck denies each allegation of paragraph 7.7 of the Complaint.

**7.8**     Merck denies each allegation of paragraph 7.8 of the Complaint.

**7.9**    Merck denies each allegation of paragraph 7.9 of the Complaint.

## VIII.  RESPONSE TO "CIVIL CONSPIRACY"

**8.1**    Merck restates and incorporates by reference each of the preceding and succeeding paragraphs as though set forth at length herein and responds as follows:

**8.2**    Merck denies each allegation of paragraph 8.2 of the Complaint.

**8.3**    Merck denies each allegation of paragraph 8.3 of the Complaint.

**8.4**    The allegations contained in paragraph 8.4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each allegation of paragraph 8.4 of the Complaint.

**8.5**    The allegations contained in paragraph 8.5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each allegation of paragraph 8.5 of the Complaint.

**8.6**    Merck denies each allegation of paragraph 8.6 of the Complaint.

## IX.  RESPONSE TO "BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY"

**9.1**    Merck restates and incorporates by reference each of the preceding and succeeding paragraphs as though set forth at length herein and responds as follows:

**9.2**    Merck denies each allegation of paragraph 9.2 of the Complaint.

**9.3**    The allegations of the first sentence of paragraph 9.3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits it gave only such implied warranties as are imposed by applicable law. Merck denies each of the remaining allegations of paragraph 9.3 of the Complaint.

**9.4**    Merck denies each allegation of paragraph 9.4 of the Complaint.

## X.  RESPONSE TO "BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

**10.1**    Merck restates and incorporates by reference each of the preceding and succeeding paragraphs as though set forth at length herein and responds as follows:

**10.2**    Merck denies each allegation of paragraph 10.2 of the Complaint.

**10.3**    Merck denies each allegation of paragraph 10.3 of the Complaint.

**10.4**    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.4 of the Complaint, and for that reason, denies each of them.

**10.5**    Merck denies each allegation of paragraph 10.5 of the Complaint.

## XI.  RESPONSE TO "BREACH OF EXPRESS WARRANTY"

**11.1**    Merck restates and incorporates by reference each of the preceding and succeeding paragraphs as though set forth at length herein and responds as follows:

**11.2**    Merck denies each allegation of paragraph 11.2 of the Complaint.

**11.3**    Merck denies each allegation of paragraph 11.3 of the Complaint.

## XII.  RESPONSE TO "GROSS NEGLIGENCE/MALICE"

**12.1**    Merck restates and incorporates by reference each of the preceding and succeeding paragraphs as though set forth at length herein and responds as follows:

**12.2**    Merck denies each allegation of paragraph 12.2 of the Complaint.

**12.3**    Merck denies each allegation of paragraph 12.3 of the Complaint.

## XIII.  RESPONSE TO "AGENCY"

**13.1**    Merck restates and incorporates by reference each of the preceding and succeeding paragraphs as though set forth at length herein and responds as follows:

**13.2**    Merck denies each allegation of paragraph 13.2 of the Complaint.

## XIV.  RESPONSE TO "CAUSATION"

**14.1**    Merck denies each allegation of paragraph 14.1 of the Complaint.

## XV.  RESPONSE TO "DAMAGES"

**15.1**    Merck denies each allegation of paragraph 15.1 of the Complaint.

**15.2**    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.2 of the Complaint, and for that reason, denies each of them.

**15.3**    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.3 of the Complaint, and for that reason, denies each of them.

**15.4**    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.4 of the Complaint, and for that reason, denies each of them.

**15.5**    Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.5 of the Complaint, and for that reason, denies each of them.

**15.6**    Merck denies each allegation of paragraph 15.6 of the Complaint, except admits that Plaintiff purports to state a claim in excess of the jurisdictional amount, but denies that there is any legal or factual basis for said relief.

**15.7**    Merck denies that Plaintiff is entitled to any of the relief requested in paragraph 15.7 of the Complaint.

15.8    Merck denies that Plaintiff has, or has reserved, any right to add additional claims, other than as specified in the Federal Rules of Civil Procedure.

15.9    Merck denies that Plaintiff is entitled to any of the relief requested in paragraph 15.9 of the Complaint.

### XVI.  RESPONSE TO "JURY DEMAND"

16.1    Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a trial by jury.

### XVII.  RESPONSE TO "PRAYER FOR RELIEF"

17.1    Merck denies that Plaintiff is entitled to any of the relief requested in paragraph 17.1 of the Complaint, or any subpart thereof.

### SEPARATE DEFENSES

By asserting the following separate defenses, Merck does not allege or admit it has the burden of proof or the burden of persuasion with respect to any of these matters:

#### First Defense

Plaintiff's Complaint fails to state a claim against Merck upon which relief may be granted.

#### Second Defense

Plaintiff's claims may be barred by the doctrine(s) contained in Restatement (Second) of Torts § 402A, Comment k, and/or Restatement (Third) of Torts: Products Liability § 6.  The pharmaceutical product in question is useful and desirable, and any risk claimed by Plaintiff with its use and the alleged injury, to the extent it exists, is unavoidable.

15

### Third Defense

Plaintiff's claims may be barred, in whole or in part, by misuse or unintended use of Vioxx.

### Fourth Defense

Plaintiff's claims may be barred, in whole or in part, by the "learned intermediary" or "informed intermediary" doctrine.

### Fifth Defense

Plaintiff's claims may be barred because Decedent's injuries, if any, were actually or proximately caused, in whole or in part, by the intervening or superseding conduct of Decedent, Plaintiff, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from Merck's conduct or control.

### Sixth Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrine of informed consent.

### Seventh Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrine of comparative fault. If other persons or entities were negligent, legally responsible, or otherwise at fault for the damages alleged in the Complaint, this percentage of fault must be reduced against any assessed against Merck pursuant to C.R.S. § 13-21-111, § 13-21-111.5 and § 13-21-406 or other applicable law.

### Eighth Defense

Plaintiff's claims may be barred, in whole or in part, because Decedent did not rely to his detriment upon any statement by Merck in determining to use Vioxx.

### Ninth Defense

Plaintiff's fraud and misrepresentation claims are barred for failure to plead them with the particularity or specificity required by F.R.C.P. 9(b).

### Tenth Defense

Plaintiff's claims may be barred, in whole or in part, by applicable statutes of limitations and/or repose.

### Eleventh Defense

Plaintiff's claims for breach of express and implied warranties are barred because Decedent did not reasonably rely on any alleged express or implied warranty, and because Plaintiff did not give Merck adequate notice of any alleged breach of warranty, express or implied.

### Twelfth Defense

Plaintiff lacks the requisite privity with Merck to sustain a claim for breach of express or implied warranty.

### Thirteenth Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, laches, or estoppel.

### Fourteenth Defense

Plaintiff's damages, if any, may be barred, limited, or offset in the amount of any reimbursement received by Decedent or Plaintiff as a result of any insurance or other health benefits plan, or any amounts paid for by any insurance, other health benefits plan, or other collateral sources.

### Fifteenth Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrine of assumption of risk.

### Sixteenth Defense

Plaintiff's claims are barred because Vioxx was designed, manufactured, and marketed in accordance with the state of the art and when Vioxx left the control of Merck, no practical and technically feasible alternative formulation was available that would have prevented the harm for which Plaintiff seeks to recover without substantially impairing the safety, efficacy, or usefulness of the product for its intended use.

### Seventeenth Defense

Plaintiff's damages, if any, may be limited, in whole or in part, by Plaintiff or Decedent's failure to mitigate.

### Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, under applicable law because Vioxx was subject to and received pre-market approval by the FDA under 504 Stat. 1040, 21 U.S.C. § 301.

### Nineteenth Defense

Plaintiff's claims are barred, in whole or in part, by the deference that common law gives to discretionary actions by FDA under the FDCA.

### Twentieth Defense

Merck is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of Colorado, or any other law found applicable in this action.

### Twenty-First Defense

Plaintiff's claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Merck and all its activities with respect to the subject product Vioxx have been and are conducted under the supervision of the United States Food and Drug Administration.

### Twenty-Second Defense

Merck incorporates all of the defenses set forth under the Colorado Consumer Protection Act, Colorado Revised Statutes § 6-1-101, *et seq.*

### Twenty-Third Defense

Merck is entitled to a credit for any settlement of claims for alleged injuries and damages made by Plaintiff or Decedent with any other defendant or other person or entity.

### Twenty-Fourth Defense

The injuries or damages allegedly sustained by Plaintiff can be attributed to several causes and accordingly should be apportioned among the various causes according to the

respective contribution of each such cause to the harm sustained, if any.  If any liability is found against Merck, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of Merck for non-economic loss shall be limited, and shall not exceed Merck's equitable share.

### Twenty-Fifth Defense

Any verdict or judgment rendered against Merck is subject to the requirements of C.R.S. § 13-21-111.6 and must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

### Twenty-Sixth Defense

Plaintiff's damages are limited by the provisions of C.R.S. § 13-21-102.5.

### Twenty-Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the Colorado Product Liability Act, § 13-21-401, *et seq.*, including the presumptions contained in C.R.S. § 13-21-403.

### Twenty-Eighth Defense

To the extent any part of Plaintiff's Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages for an alleged act or omission of Merck, no such act or omission was of a nature to warrant punitive damages, therefore, any award of punitive or multiple damages is barred.

### Twenty-Ninth Defense

To the extent any part of Plaintiff's Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such an award, if granted, would violate Merck's constitutional rights under the United States and Colorado Constitutions and is not permitted under Colorado law.

### Thirtieth Defense

To the extent any part of Plaintiff's Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such claim is barred because Vioxx and its labeling were subject to approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### Thirty-First Defense

To the extent any part of Plaintiff's Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such claims are further barred because:

    a.    Vioxx as manufactured and labeled in relevant and material respects was in accordance with the terms of an approval or license issued by the FDA under the Food, Drug and Cosmetic Act (21 U.S.C. § 301, *et seq.*) or the Public Health Service Act (21 U.S.C. § 201, *et seq.*);

    b.    Vioxx is generally recognized as safe and effective pursuant to conditions established by the FDA and applicable regulations, including packaging and labeling regulations; and

    c.    Merck did not, either before or after making Vioxx available for public use, knowingly, in violation of applicable FDA regulations, withhold from or misrepresent to the FDA information known to be material and relevant to the harm which the Plaintiff allegedly suffered.

### Thirty-Second Defense

To the extent any part of Plaintiff's Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such damages are limited or barred, in whole or in part, by the provisions of C.R.S. § 13-21-102.

### Thirty-Third Defense

Plaintiff's claims are barred by the First Amendment to the United States Constitution.

### Thirty-Fourth Defense

Merck reserves the right to amend, or to seek leave to amend, its Answer and Separate Defenses as its investigation and discovery of the case proceeds.

### Thirty-Fifth Defense

Plaintiff's claims may be barred, in whole or in part, because she is not a proper party under C.R.S. § 13-21-201, et seq.

### Thirty-Sixth Defense

Plaintiff's claims are barred or limited, in whole or in part, by the provisions of C.R.S. § 13-21-203.

WHEREFORE, having fully answered the Complaint, Merck demands judgment against the Plaintiff and relief as follows:

    (1)    Dismissing the entire action with prejudice;

    (2)    Granting Merck reasonable costs, expenses and attorneys' fees; and

    (3)    Awarding Merck such other, further and different relief as the Court deems just and proper.

Dated this _____ day of May, 2006.

Respectfully submitted,

Phillip A. Wittmann, #13625
Dorothy H. Wimberly, #18509
Carmelite M. Bertaut, #3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Phone:   504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

John R. Trigg
Andrew H. Myers
Wheeler Trigg Kennedy LLC
1801 California Street, Suite 3600
Denver, CO  80202
Phone:   303-244-1800
Fax:      303-244-1879

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing ANSWER, SEPARATE DEFENSES AND JURY DEMAND has been served on Liaison Counsel, Russ Herman, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 30th day of _May_, 2006.

_Phil Wittmann_

415825v1