UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| * * * * * * * * * * * * * ** | MDL NO. 1657 |
| In re: VIOXX | * |
| PRODUCTS LIABILITY LITIGATION * | SECTION: L |
| * | |
| *This document relates to 05-5083* | * |
| | * |
| RALPH DE TOLDEO individually and * | JUDGE FALLON |
| on behalf of all others similarly situated, * | |
| Plaintiffs, | MAG. JUDGE KNOWLES |
| | * |
| | * |
| vs. | * |
| | * |
| MERCK & CO., INC., a New Jersey * | |
| Corporation, | * |
| Defendant. | * |
| | * |
| * * * * * * * * * * * * * ** | |

## FIRST AMENDED FRENCH CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, RAPHAEL (RALPH) DE TOLEDO, individually and

on behalf of all others similarly situated, by and through his attorneys, KENNETH B. MOLL

& ASSOCIATES, LTD., and complaining of the Defendant, MERCK & CO., INC., states

as follows:

## I. INTRODUCTION

1.      Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, on his own behalf and as representative of a class of persons consisting of all

French citizens (French Class) who were prescribed the drug Vioxx (rofecoxib), marketed

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 866.882.3453
kbmoll.com

1

___/ Fee_____
_V_ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

as Coexx outside the United States (collectively referred to as Vioxx), or their estates, administrators or other legal representatives, heirs or beneficiaries.

2.      The Plaintiff class seeks to recover damages for deaths and personal injuries, restitution, refunds, and/or for equitable, injunctive and declaratory relief against defendant MERCK & CO., INC. (MERCK), which directed from its headquarters in New Jersey, the commercialization, marketing, distribution and promotion of Vioxx in France.

3.      Vioxx has been shown to almost triple the risk of serious cardiovascular events, including heart attacks and strokes, among study patients taking Vioxx compared to patients receiving placebo.

4.      The primary goals of this Class Action are to (1) inform the French public that consumers of Vioxx are at an increased risk of heart attack and stroke, (2) establish a medical monitoring fund so that every French consumer may be tested and treated for the adverse effects of Vioxx, (3) reimburse monies paid for the recalled product and (4) provide compensation to all French victims for personal injuries and death.

## II. PARTIES

### A. PLAINTIFF

5.      Plaintiff, RAPHAEL (RALPH) DE TOLEDO, is a citizen and resident of Paris, France. Plaintiff was prescribed, purchased and ingested 25mg of Vioxx for three days in June 2002. In June 2002, Plaintiff suffered a heart attack as a proximate result of his ingestion of Vioxx. Prior to taking Vioxx, Plaintiff had no history of heart problems.

6.      With this amended complaint, Plaintiff is correcting the spelling of his name as written in the original complaint and respectfully asks the court to take proper note. The correct spelling of Plaintiff's name is RAPHAEL DE TOLEDO.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## B. DEFENDANT

7.      Defendant, MERCK, is headquartered in Whitehouse Station, New Jersey, from where it undertakes all decisions related to the marketing, distribution and commercialization of Vioxx in France.

8.      At all times relevant hereto, Defendant, MERCK, was engaged in the business of selling the pharmaceutical Vioxx in France.

9.      At all times relevant hereto, Defendant, MERCK was engaged in the business of testing, marketing, distributing and promoting the pharmaceutical Vioxx in the State of New Jersey.

## III. JURISDICTION

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because this is an action by individuals and representative Plaintiffs who are citizens of a different country from the Defendant.

11.      Defendant is a corporation headquartered and a resident of the State of New Jersey. Defendant has, therefore, subjected itself to personal jurisdiction and venue is proper in this District pursuant to 28 U.S.C. § 1391.

## A. CHANGE OF VENUE

12.      Pursuant to §1404(a) of the Federal Rules of Civil Procedure, and since an action identical to this one has been filed against Defendant in the state of New Jersey - where the majority of witnesses related to Plaintiff's claim reside and where Defendant resides and

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

has its principal place of business- the proper venue for the French Class Action complaint is the state of New Jersey.

## IV. FACTUAL BACKGROUND

13.     MERCK was incorporated more than 100 years ago; its principal place of business and worldwide headquarters is in Whitehouse Station, in the state of New Jersey. The research and development of Vioxx (including the manufacture of its active ingredient Rofecoxib), took place at MERCK's research laboratories, which are located in Rahway, also in New Jersey.

14.     MERCK made every decision related to the development, design, manufacture, testing, marketing, distribution and commercialization of Vioxx, from its headquarters in the state of New Jersey. All aspects of Vioxx's worldwide commercialization and the ultimate decision to withdraw Vioxx from the world market, were orchestrated by Merck from its headquarters in the state of New Jersey.

15.     Vioxx is classified as a nonsteroidal anti-inflammatory drug (NSAID) with anti-inflammatory, analgesic and antipyretic properties.  As such, it is indicated for pain, dysmenorrhea, osteoarthritis and rheumatoid arthritis. The earlier marketed NSAID products (i.e., ibuprofen, naproxen, etc.) are approved for similar indications.

16.     Vioxx was approved by the U.S. Food and Drug Administration in May 1999.

17.     Vioxx is a Cyclooxygenase-2 (Cox-2) selective inhibitor and as such had a lower incidence of gastrointestinal upset and a lower ulcerogenic potential.  However, inhibiting the Cox-2 enzyme selectively causes an imbalance between Prostacyclin (PGI) and Thromboxane A-2 (TX A2). Because "TX A2 is a major compound in the clotting process, and is a potent platelet aggregator and vasoconstrictor," the resulting imbalance between PGI

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

FIRST AMENDED FRENCH CLASS ACTION COMPLAINT

and TX A2 places patients at an increased risk of thromboembolic events, primarily heart attacks and strokes. *The MERCK Manual (16th* ed. 1992).

18.     MERCK, the maker of Vioxx, is also the publisher of *The MERCK Manual* (16th ed. 1992), which includes the following definition: "Thromboxane A-2 is a major compound involved in the clotting process, and is a potent platelet aggregator and vasoconstrictor." This section of *The MERCK Manual* was not included in the 17th edition, published in 1999.

19.     MERCK-employed physicians, as well as industry leaders supported by MERCK, have published on the subject of Cox-2 inhibition induced prostaglandin synthesis and TXA2, creating a pro-thrombotic state that places patients at an increased risk of heart attack and stroke. *See Effects of Specific Inhibition of Cyclooxygenase-2 on Sodium Balance, Hemo-dynamics, and Vasoactive Eiosanoids,* 289 (2) PHARMACOLOGY & EXPERIMENTAL THERAPEUTICS (May 1999).

20.     In June of 2000, MERCK submitted to the FDA a safety study called VIGOR (Vioxx Gastrointestinal Outcomes Research) that found an increased risk of serious cardiovascular events, including heart attacks and strokes, in patients taking Vioxx compared to patients taking naproxen. In the VIGOR study, analysis of the cardiovascular data by the Safety Monitoring Board focused on "the excess deaths and cardiovascular adverse experiences in [the Vioxx group] compared to [the Naproxen group]".

21.     On September 17, 2001, the Division of Drug Marketing, Advertising, and Communications (DDMAC) issued the following warning letter to MERCK; "*You (MERCK) have engaged in a promotional campaign for Vioxx that minimizes the potentially serious*



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

FIRST AMENDED FRENCH CLASS ACTION COMPLAINT

*cardiovascular findings that were observed in the VIGOR study, and thus misrepresents the safety profile for Vioxx."*

22.     MERCK undertook studies on its research laboratories located in New Jersey on the effects of Rofecoxib, collecting adverse drug data from all over the world. Based on results obtained in its research laboratories in New Jersey, MERCK submitted to the FDA, from its headquarters in New Jersey, Supplemental New Drug Applications in order to propose labeling changes for Vioxx in its commercialization around the world.

23.     In 2000, MERCK spent $130 million on direct to consumer advertising.

24.     In 2001, MERCK spent $166 million on direct to consumer advertising.

25.     An estimated 24 million people worldwide, including French citizens, have been prescribed Vioxx.

26.     Shari L. Targum, M.D. of the FDA, Division of Cardio-Renal Drug Products, in the February 1, 2001 Review of Cardiovascular Safety Database stated: In analyzing adverse events in VIGOR, "it can be seen that... there is an increased risk of MI and stroke in the [Vioxx group] compared with Naproxen; in the MI group, the 95% confidence interval is significant." "This analysis could lead one to conclude that Naproxen . . . would be the preferred drug."

27.     Vioxx sales exceeded $2.5 billion in 2003.

28.     On September 30, 2004 MERCK officially announced a voluntary withdraw of Vioxx from all markets worldwide, including France, in light of unequivocal results from a clinical trial demonstrating that Vioxx almost triples the risk of heart attack and stroke for those who take the drug long term. The company's decision is based on three-year data from

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3455
kbmoll.com

FIRST AMENDED FRENCH CLASS ACTION COMPLAINT

a prospective, randomized, placebo-controlled clinical trial, the APPROVe (Adenomatous Polyp Prevention on Vioxx) trial.

29.     Between its facilities in its headquarters and research laboratories, MERCK has an approximate of 7,000 employees in the state of New Jersey. MERCK coordinated from its headquarters in New Jersey the distribution of Vioxx to thousands of pharmacies around the world, including in France.

30.     MERCK current and former employees are crucial liability witnesses who have testified about having developed, tested and marketed Vioxx. The large majority of those current and former employees work or used to work at MERCK's headquarters or at its research laboratories in New Jersey.

31.     Despite knowledge of both the general pharmacology related to Vioxx, and the specific cardiovascular risks demonstrated in the APPROVe and VIGOR studies, MERCK has failed to initiate studies to investigate the cardiovascular risk associated with Vioxx.

32.     The European Medicines Agency (EMEA) and its scientific committee, the Committee on Medicinal Products for Human use (CHMP) reviewed all available data on the cardiovascular safety of Cox-2 inhibitors, including Vioxx, and concluded, along with the FDA, that Vioxx created substantial danger to European consumers.

33.     On April 7, 2005, the United States Food and Drug Administration (FDA) stated that MERCK which withdrew Vioxx from the market in September of 2004, has not presented sufficient evidence to lift the moratorium. The FDA commissioner affirmed that the risks of these drugs outweighed the benefits, overruling the earlier recommendation of an advisory panel that believed the painkillers could be safely marketed.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

7

FIRST AMENDED FRENCH CLASS ACTION COMPLAINT

34.     The FDA decision to continue the moratorium was based upon the scientific evidence that Vioxx and other Cox-2 inhibitors increase the risk of cardiovascular (CV) events such as heart attacks and strokes, gastrointestinal (GI) bleeding and ulcers, as well as adverse skin reactions such as Stevens-Johnson Syndrome, in which the patient suffers blisters and burn-like sensations. These were recognized as class-wide risks associated with the entire family of NSAIDs, even over-the-counter medications like Advil, Aleve, and Motrin. The FDA recommended that those NSAIDs which remain on the market should carry "black-box" labels, the strictest type of warning, in order to ensure that physicians and consumers are aware of the risks.

35.     MERCK's tortious conduct took place entirely at its headquarters and research laboratories in New Jersey. MERCK obtained the results of its tests at its laboratories and decided to continue to commercialize Vioxx after it knew from the resulting cardiovascular risks from its headquarters in New Jersey. It was at MERCK's headquarters in New Jersey where the ultimate decisions on research protocols and on interpretation and dissemination of the results of its internal studies were made.

## V.  CLASS ACTION ALLEGATIONS

36.     Plaintiff moves this Court to enter an order certifying this cause as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### A. PROPOSED CLASS

37.     Plaintiff seeks certification of the following Class:

> All French persons, their estates, administrators or other legal representatives, throughout the world who were prescribed, purchased, used and/or ingested the drug Vioxx, manufactured, distributed and/or sold by Defendant.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

8

38.   Plaintiff seeks certification of the following Subclasses:

(A)   All French persons, their estates, administrators or other legal representatives, throughout the world who suffered personal injuries ("Personal injury subclass");

(B)   All French persons, or other legal representatives, throughout the world who seek treatment and reimbursement under a medical monitoring program ("Medical monitoring subclass");

(C)   All French persons, their estates, administrators or other legal representatives, heirs or beneficiaries, throughout the world who seek reimbursement for the purchase price of Vioxx ("Reimbursement subclass").

## B.  CLASS ACTION LAW

39.   This action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)(1)-(4), and the predominance and superiority requirements of Rule 23(b)(3) and the requirements of Rule 23(b)(2).

40.   Federal Rule of Civil Procedure 23(a) establishes four threshold requirements for class certification:

(A)   The class is so numerous that joinder of all members is impracticable;

(B)   There are questions of law or fact common to the French Class;

(C)   The claims or defenses of the representative parties are typical of the claims or defenses of the Class; and

(D)   The representative parties will fairly and adequately protect the interest of the class. FED.R.CIV.P. 23(a).

41.   Class certification under Rule 23(b)(2) requires one finding: that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. FED.R.CIV.P. 23(b)(2).



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

42.     Class certification under Rule 23(b)(3) requires two findings: that common questions of law and fact predominate and that a Class Action is superior to other forms available for fair and efficient adjudication. FED.R.CIV.P. 23(b)(3).

## C. THE FRENCH CLASS MEETS THE REQUIREMENTS FOR CLASS CERTIFICATION

43.     The French Class satisfies the numerosity standards. The French Class is believed to number in the thousands of persons. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this Class Action by published and broadcast notice.

44.     There are questions of fact and law common to the French Class which predominate over any questions affecting only individual members. The questions of law and fact common to the French Class arising from Defendant's actions include, without limitation, the following:

(A)     Whether Vioxx was and is toxic and unsafe;

(B)     Whether French persons who took Vioxx are at increased risk of developing serious injuries, including, but not limited to heart attack and stroke;

(C)     Whether there exist monitoring and testing procedures which make early detection and treatment of heart attack and stroke caused by exposure to Vioxx possible and beneficial;

(D)     Whether medical monitoring is appropriate;

(E)     Whether, in marketing and selling Vioxx, defendant failed to disclose the dangers and risks to the health of persons ingesting the drug;

(F)     Whether defendant failed to warn adequately of the adverse effects of Vioxx;

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

(G)     Whether defendant falsely and fraudulently misrepresented in their advertisements, promotional materials and other materials, among other things, the safety, potential side effects and convenience of Vioxx to French citizens;

(H)     Whether defendant designed and manufactured a drug that was dangerously defective because its use leads to serious adverse health effects including, but not limited to, heart attack and stroke;

(I)     Whether defendant knew or should have known that the use of Vioxx leads to serious adverse health effects;

(J)     Whether defendant adequately tested Vioxx prior to distribution and sales in the French market place;

(K)     Whether defendant continued to manufacture, market, distribute, and sell Vioxx in France notwithstanding their knowledge of the drug's dangerous nature;

(L)     Whether the warnings and information defendant provided with Vioxx were adequate in warning of the potential hazards resulting from its use;

(M)     Whether defendant knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of Vioxx from government regulators, the medical community and/or the French consuming public;

(N)     Whether defendant's actions support a cause of action for medical monitoring;

(O)     Whether defendant's conduct constituted an unfair, deceptive and/or unconscionable practice within the meaning of New Jersey Consumer Protection Statutes [1];

(P)     Whether defendant's conduct constituted the knowing or intentional concealment, suppression, or omission of material information intended to be relied upon by others in connection with the sale of Vioxx within the meaning of New Jersey Consumer Protection Statutes; and

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

---

[1]     N.J. Rev. Stat. 56:8-2.

(Q)   Whether the French Class has been injured by virtue of defendant's violations of New Jersey Consumer Protection Statutes.

45.   The questions set forth above predominate over any questions affecting only individual persons, and a Class Action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

46.   A Class Action is the appropriate method for the fair and efficient adjudication of this controversy.  The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests.

47.   The Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent.  The interests of the members of the Class will be fairly and adequately protected by the Plaintiffs and their undersigned counsel.

48.   The Plaintiff as representative of the Class seeks a refund of and restitution for monies paid as a result of their purchase of Vioxx, as well as all other ascertainable economic loss that occurred as a result of Defendant's wrongful and improper conduct in connection with the manufacture, marketing, distribution, testing, promotion, labeling and/or selling of Vioxx.  The Plaintiff therefore seeks to disgorge Defendant of the monies inappropriately acquired as a result of its sale of Vioxx.

49.   Plaintiff, on behalf of himself and the Class, seeks equitable relief in the form of a Court-ordered and supervised medical monitoring program, funded by Defendant, to



KENNETH B. MOLL
& ASSOCIATES, LTD.
50TH Floor
Three First National Plaza
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

assist Plaintiff and the Class members in the early detection and treatment of illnesses caused

by Vioxx.  Such a program would include the following:

   (A).   A method to notify French individuals who ingested Vioxx of the increased risk of harm that they have suffered as a result of the ingestion of Vioxx;

   (B).   Provision for the accumulation and analysis of relevant medical and demographic information from French Class members including, but not limited to, the results of all appropriate diagnostic tests performed on French Class members as part of a medical research and education fund;

   (C).   Provision for the creation, maintenance and operation of a medical registry in which relevant demographic and medical information concerning all French Class members is gathered, maintained and analyzed;

   (D).   Provision for medical research concerning the incidence, prevalence, natural course and history, diagnosis and treatment of Vioxx induced personal injuries; and

   (F).   Publication of, and other dissemination of, all such information to members of the French Class and their physicians.

   50.   Class certification with respect to French plaintiffs's claims for relief through creation of a Court-supervised fund to provide medical research, education, monitoring and screening is appropriate because defendant has acted, or refused to act, on grounds generally applicable to the Class, making appropriate preliminary and final injunctive and declaratory relief consisting of medical monitoring and notice with respect to plaintiff and the Class members.

   51.   Maintenance of this action as a Class Action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the Class who has suffered harm to bring a separate action.  In addition, the maintenance



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50™ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single Class Action can determine, with judicial economy, the rights of all class members.

52.     Notice can be provided to Class members by using techniques and forms of notice similar to those customarily used in other drug-related products liability cases and complex Class Actions.

## VI.  CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY PURSUANT TO
### §402A OF THE RESTATEMENT (SECOND) OF TORTS

53.     Plaintiff repeats and realleges, as it fully sets forth herein, each and every allegation contained in the above paragraphs and further allege:

54.     The Defendant, from its headquarters in New Jersey, made every and all decisions regarding the manufacturing, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx, which it sold and distributed throughout France to Plaintiff and Class members.

55.     The Plaintiff, was using Vioxx in a manner for which it was intended or in a reasonably foreseeable manner.

56.     Vioxx was expected to and did reach the French Plaintiff and Class members without substantial change in its condition as manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised, warned, and otherwise distributed.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50™ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

57.     The Plaintiff and the members of the Class were not aware of, and reasonably could not have discovered, the dangerous nature of Vioxx.

58.     The Defendant's Vioxx caused increased risks of heart attack and stroke upon consumption, and therefore constitute a product unreasonably dangerous for normal use due to their defective design, defective manufacture, and the Defendant's misrepresentations and inadequate facts disclosed to the Plaintiff and the members of the French Class.

59.     As a direct and proximate result of Defendant's decision making process that took place in New Jersey, related to the manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx in France, Plaintiff and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

60.     The Defendant, therefore, is strictly liable to the Plaintiff.  Additionally, Defendant's conduct was so outrageous as to constitute ill will, bad motive and reckless indifference to the interests of the consumers.  The Plaintiff therefore, in representation of the class, is entitled to punitive damages.  The Defendant is liable to the Plaintiff and to members of the Class jointly and severally for all general, special, and equitable relief to which the Plaintiff and the Class are entitled by law.

## COUNT II
## NEGLIGENCE

61.     Plaintiff repeats and realleges, as if fully sets forth herein, each and every allegation contained in the above paragraphs and further allege:

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.8444
FAX: 312.558.1112
TOLL FREE: 888.882.3459
kbmoll.com

62.     It was the duty of the Defendant to use reasonable care in the manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx to French citizens.

63.     Contrary to its duty, the Defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

(A).    Failed to adequately and properly test and inspect Vioxx so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold;

(B).    Failed to utilize and/or implement a reasonably safe design in the manufacture of Vioxx;

(C).    Failed to manufacture Vioxx in a reasonably safe condition for which it was intended;

(D).    Failed to adequately and properly warn Plaintiff and Class members purchasing Vioxx of the risks of complications when used in a manner for which it was intended;

(E).    Failed to adequately and properly warn Plaintiff and Class members purchasing Vioxx of the risks of diseases when used in a manner for which it was intended;

(F).    Failed to adequately and properly label Vioxx so as to warn the Plaintiff and Class members of the risks of complications;

(G).    Failed to adequately and properly label Vioxx so as to warn the Plaintiff and Class members of the risks of heart attack and stroke;

(H).    Manufactured Vioxx which constituted a hazard to health;

(I).    Manufactured Vioxx which caused adverse side effects; and

(J).    Were otherwise careless and negligent.

64.     As a direct and proximate result of Defendant's manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising,



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

warning, and otherwise distributing Vioxx in interstate commerce, Plaintiff and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

## COUNT III
## NEGLIGENCE PER SE

65.     Plaintiff repeats and realleges, as if fully sets forth herein, each and every allegation contained in the above paragraphs and further allege:

66.     Defendant had an obligation not to violate the law in the manufacture, design, formulation, compounding, testing, production, processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, sale and warning of the risks and dangers of Vioxx.

67.     Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq., related amendments and codes and federal regulations provided thereunder, the Sherman Food, Drug and Cosmetic Law, and other applicable laws, statutes and regulations.

68.     Plaintiff, as a French purchaser and consumer of Vioxx, is within the class of persons the statutes and regulations described above are designed to protect and Plaintiff's injuries are the type of harm these statutes are designed to prevent.

69.     Defendant's acts constitute an adulteration and/or misbranding as defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331 and constitutes a breach of duty subjecting Defendant to civil liability for all damages arising therefrom, under theories of negligence per se.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
60th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

70.     Defendant failed to meet the standard of care set by the following statutes and regulations, which were intended for benefit of individuals such as the Plaintiff, making Defendant negligent per se:

(A)     The labeling lacked adequate information on the use of the drug Vioxx [21 C.F.R. Section 201.56(a) and (d);

(B)     The labeling failed to provide adequate warnings of severe and disabling medical conditions including, without limitations, thromboembolic events, primarily heart attacks and stroke, and other adverse medical conditions as soon as there was reasonable evidence of their association with the drug [21 C.F.R. 201.57(e)];

(C)     There was inadequate information for patients for the safe and effective use of Defendant's drug [21 C.F.R. 201.57(f)(2)];

(D)     There was inadequate information regarding special care to be exercised by the doctor for safe and effective use of Defendant's drug [21 C.F.R. 201.57(f)(1)]; and

(E)     The labeling was misleading and promotional [21 C.F.R. 201.56(b)].

71.     As a result of the violations of the statutes described above, Plaintiffs suffered injuries and damages as alleged herein.

## COUNT IV
## VIOLATIONS OF NEW JERSEY'S CONSUMER PROTECTION STATUTES

72.     Plaintiff repeat and realleges, as if fully sets forth herein, each and every allegation contained in the above paragraphs and further allege:

73.     Defendant engaged in unfair competition or unfair or deceptive acts or practices in violation of New Jersey consumer protection statutes when it represented, through advertising, warranties, and other express representations, that Vioxx had benefits or characteristics that it did not actually have. Defendant further violated state consumer protection statutes when it falsely represented that Vioxx was of a particular standard or

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

quality when it was not. Finally, Defendant violated New Jersey consumer protection statutes when it advertised Vioxx with the intent not to sell it as advertised, and when, in so doing, Defendant concealed and suppressed facts material to the true characteristics, standards, and quality of Vioxx.

74. Defendant's deceptive practices were specifically designed to induce Plaintiff and the Classes to buy Vioxx.

75. As a direct and proximate result of Defendant's unfair methods of competition and unfair or deceptive acts or practices, Plaintiff and the Classes have suffered actual damages and members of the Classes are threatened with irreparable harm by undue risk of physical injuries or death.

## COUNT V
## UNJUST ENRICHMENT

76. Plaintiff repeat and realleges, as if fully sets forth herein, each and every allegation contained in the above paragraphs and further allege:

77. As the intended and expected result of their conscious wrongdoing, Defendant has profited and benefitted from the purchase of Vioxx by the Plaintiff and the Class.

78. Defendant has voluntarily accepted and retained these profits and benefits, derived from the Plaintiff and the Plaintiff Class, with full knowledge and awareness that, as a result of Defendant's fraud and other conscious and intentional wrongdoing, Plaintiff and the Plaintiff Class were not receiving a product of the quality, nature, or fitness that had been represented by Defendant or that Plaintiff and the Plaintiff Class, as reasonable consumers, expected.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3455
kbmoll.com

79.     By virtue of the conscious wrongdoing alleged in this Complaint, Defendant has been unjustly enriched at the expense of the Plaintiff and the Plaintiff Class, who are entitled to in equity, and hereby seek, the disgorgement and restitution of Defendant's wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy the Defendant's unjust enrichment.

## COUNT VI
## MEDICAL MONITORING

80.     Plaintiff repeats and realleges, as if fully sets forth herein, each and every allegation contained in the above paragraphs and further allege:

81.     Plaintiff and class members have been significantly exposed to proven hazardous substances through the intentional, negligent, or wrongful actions of the Defendant.

82.     As a proximate result of this exposure, Plaintiff and class members suffer significantly increased risks of developing serious, latent diseases.

83.     That increased risk makes periodic diagnostic medical examinations reasonably necessary.

84.     Monitoring and testing procedures exist which make the early detection and treatment of disease possible and beneficial.

85.     Defendant's actions render them liable to pay all costs of a comprehensive court-supervised medical monitoring program, to provide diagnostic and treatment services for the benefit of the class.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

FIRST AMENDED FRENCH CLASS ACTION COMPLAINT

86.    As a direct and proximate result of Defendant's manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx in interstate commerce, Plaintiff and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

### COUNT VII
### BREACH OF EXPRESS WARRANTY

87.    Plaintiff repeats and realleges, as if fully sets forth herein, each and every allegation contained in the above paragraphs and further allege:

88.    Defendant expressly warranted to Plaintiff, by and through statements made by Defendant or their authorized agents or sales representative, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the French general public, that Vioxx was safe, effective, fit and proper for its intended use.

89.    In using Vioxx, Plaintiff relied on the skill, judgment, representations and foregoing express warranties of the Defendant. Said warranties and representations were false in that the aforementioned product was not safe and was unfit for the uses for which it was intended.

90.    As a direct and proximate result of Defendant's breaches of warranties, Plaintiff and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## COUNT VIII
## BREACH OF IMPLIED WARRANTY

91.     Plaintiff repeats and realleges, as if fully sets forth herein, each and every allegation contained in the above paragraphs and further allege:

92.     Prior to the time that Vioxx was used by Plaintiff, Defendant impliedly warranted to Plaintiff that Vioxx was of merchantable quality and safe and fit for the use for which it was intended.

93.     Plaintiff and class members were and are unskilled in the research, design and manufacture of Vioxx and reasonably relied entirely on the skill, judgment and implied warranty of the Defendant in using Vioxx.

94.     Vioxx was neither safe for its intended use nor of merchantable quality, as warranted by Defendant, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user.

95.     As a direct and proximate result of Defendant's breaches of warranties, Plaintiff and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff, RAPHAEL (RALPH) DE TOLEDO, individually and on behalf of all others similarly situated, pray that the Court enter judgment against the Defendant, MERCK CO., INC., and in favor of the Plaintiff and the Classes, and to award the following relief:

(A).     Certification of the proposed Classes and Subclasses under Rule 23 of the Federal Rules of Civil Procedure;

K:M
KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

FIRST AMENDED FRENCH CLASS ACTION COMPLAINT

(B).     Declare that Vioxx is dangerous and defective, and that MERCK is
         financially responsible for notifying all members of the French Class of the
         defective drugs;

(C).     Declare that MERCK must disgorge, for the benefit of the Class, all or part
         of their ill-gotten gains and benefits received from the sale of Vioxx, and/or
         make full restitution to Plaintiffs and the members of the French Class;

(D).     Determine Defendant's liability for punitive/exemplary damages to the extent
         necessary and appropriate to punish and deter the conduct complained of
         herein;

(E).     Award compensatory and punitive damages for the acts complained of herein,
         in an amount to be proven at trial;

(F).     Award attorneys' fees and costs, plus interest, as allowed by law, and/or from
         a common fund created hereby;

(G).     Provide a French consumer notice, at Defendant's expense, regarding medical
         monitoring;

(H).     Order Defendant to fund Court-supervised or Court-approved programs to
         medically monitor French Class members, to pay or reimburse the cost of
         medical treatment of Class members; and

(I).     Order such other or further judicial determinations, and relief, as may be
         appropriate under the circumstances under the Court's exercise of its
         equitable jurisdiction and inherent authority in this proceeding.

RESPECTFULLY SUBMITTED,

By: _____

Kenneth B. Moll, #06199874
Genevieve M. Bernal, #6285743
Pamela G. Sotoodeh, #6284622
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
www.kbmoll.com

K:M

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com