UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| * * * * * * * * * * * * * ** | MDL NO. 1657 |
| In re: VIOXX * | |
| PRODUCTS LIABILITY LITIGATION * | SECTION: L |
| * | |
| *This document relates to 05-2914* * | |
| * | |
| ALDO CALANDRA, ALESSANDRO * | JUDGE FALLON |
| GABRIELE, ENZO QUAGLINI, DR. * | |
| FILIPPO SANTANGELO, PROF. * | MAG. JUDGE KNOWLES |
| GIOVANNI SCIBILIA AND MARCO * | |
| RAMADORI, individually and on behalf * | |
| of all others similarly situated, * | |
| Plaintiffs, * | |
| * | |
| vs. * | |
| * | |
| MERCK & CO., INC., a New Jersey * | |
| Corporation, * | |
| Defendant. * | |
| * | |
| * * * * * * * * * * * * * ** | |

## FIRST AMENDED ITALIAN CLASS ACTION COMPLAINT

NOW COME the Plaintiffs, ALDO CALANDRA, ALESSANDRO GABRIELE,

ENZO QUAGLINI, DR. FILIPPO SANTANGELO, PROF. GIOVANNI SCIBILIA AND

MARCO RAMADORI, individually and on behalf of all others similarly situated and

complaining of the Defendant, MERCK & CO., INC. (MERCK), states as follows:

## I. INTRODUCTION

1.      Plaintiffs bring this action, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, on their own behalf and as representatives of a class of persons consisting of all

KBM

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

Fee_____
Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

Italian citizens (Italian Class) who were prescribed the drug Vioxx (rofecoxib), or their estates, administrators or other legal representatives, heirs or beneficiaries.

2.      The Italian Class seeks to recover damages for deaths and personal injuries, restitution, refunds, and/or for equitable, injunctive and declaratory relief against Defendant, which directed the commercialization of Vioxx in Italy from its headquarters in New Jersey.

3.      Vioxx has been shown to almost triple the risk of serious cardiovascular events, including heart attacks and strokes, among study patients taking Vioxx compared to patients receiving placebo.

4.      The primary goals of this Class Action are to (1) inform the Italian public that consumers of Vioxx are at an increased risk of heart attack and stroke, (2) establish a medical monitoring fund so that every Italian consumer may be tested and treated for the adverse effects of Vioxx, (3) reimburse monies paid for the recalled product and (4) provide compensation to all Italian victims for personal injuries and death.

## II. PARTIES

### A. PLAINTIFFS

5.      Plaintiff, ALDO CALANDRA,  is a citizen and resident of Rome, Italy. Plaintiff was prescribed, purchased and ingested 25 mg of Vioxx each day in Italy since on or about February 2002 through on or about October 2004.  On or about March 19, 2004, Plaintiff suffered tachycardia and high blood pressure as a proximate result of his ingestion of Vioxx.

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

2
FIRST AMENDED ITALIAN CLASS ACTION COMPLAINT

6.      Plaintiff, ALESSANDRO GABRIELE, is a citizen and resident of Rome, Italy. Plaintiff was prescribed, purchased and ingested 25 mg of Vioxx in Italy each day from on or about January 2002 through March 2004. On or about April 18, 2004, Plaintiff suffered a heart attack as a proximate result of his ingestion of Vioxx.

7.      Plaintiff, ENZO QUAGLINI, is a citizen and resident of San Nazzaro de Burgondi, Italy. Plaintiff was prescribed, purchased and ingested 25 mg of Vioxx each day in Italy since on or about March 2001 through on or about November 2003.  On or about September 9, 2004, Plaintiff suffered a myocardial infarction as a proximate result of his ingestion of Vioxx.

8.      Plaintiff, DR. FILIPPO SANTANGELO, is a citizen and resident of Palermo, Italy. Plaintiff was prescribed, purchased and ingested 25 mg of Vioxx each day in Italy since on or about February 2003 through on or about September 30, 2004.  On or about June 15, 2004, Plaintiff suffered a heart attack as a proximate result of his ingestion of Vioxx.

9.      Plaintiff, PROF. GIOVANNI SCIBILIA, is a citizen and resident of Rome, Italy. Plaintiff was prescribed, purchased and ingested 25 mg of Vioxx each day in Italy since on or about July 6, 2002 through July 9, 2002. On or about July 10, 2002 and February 4, 2003, Plaintiff suffered heart attacks as a proximate result of his ingestion of Vioxx.

10.     Plaintiff, MARCO RAMADORI, is a citizen and resident of Rome, Italy. Plaintiff, MARCO RAMADORI, is Co-President of the Codacons Association, Viale Mazzini, 73 00195 Roma.  Through the authority invested in the Codacons by Ministerial

**K:3M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

3

FIRST AMENDED ITALIAN CLASS ACTION COMPLAINT

Decree published in the *Gazzetta Ufficiale* of May 15, 2000, and pursuant to Article 5 of Law No. 281 of July 30, 1998, represents over 16 Italian consumers similarly situated.[1]

## B. DEFENDANT

11.    Defendant, MERCK & CO., INC., is headquartered in Whitehouse Station, New Jersey, from where it undertakes all decisions related to the marketing and distribution strategies of Vioxx in Italy.

12.    At all times relevant hereto, Defendant, MERCK & CO., INC., was engaged in the business of selling the pharmaceutical Vioxx in Italy.

13.    At all time relevant hereto, Defendant, MERCK & CO., INC., was engaged in the business of testing, marketing, distributing, promoting the pharmaceutical Vioxx in New Jersey.

## III. JURISDICTION

14.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because this is an action by individuals and representative Plaintiffs who are citizens of a different country from the Defendant.

15.    Defendant is a corporation headquartered and a resident of the State of New Jersey. Defendant has, therefore, subjected itself to personal jurisdiction and venue is proper in this District pursuant to 28 U.S.C. § 1391.

---

[1]    See Exhibit "A," attached hereto and incorporated as if fully set forth herein, *98 Commercio Di Vendita Al Pubblico, L. 30/07/1998, n.281* and the English translation attached hereto as Exhibit "B."

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## A. CHANGE OF VENUE

16.     Pursuant to §1404(a) of the Federal Rules of Civil Procedure, and since an action identical to this one has been filed against Defendant in the state of New Jersey -where the majority of witnesses related to Plaintiff's claim reside and where Defendant resides and has its principal place of business- the proper venue for the Italian Class Action complaint is the state of New Jersey.

## IV.  CODACONS ASSOCIATION

17.     Italian Law No. 281[2], passed on July 30, 1998 regulates and protects Italian consumers, setting forth the recognition of certain fundamental rights for all Italian citizens. The consumer rights recognized by Law No. 281 include, but are not limited to, the right to health protection, the right to safe and quality products and services, the right to accurate advertising, the right to consumption education, and the right to fair and equitable contractural agreements.  Article 5 of Law No. 281 specifically provides for the promotion and development of associations between consumers and users.

18.     CODACONS is a non-profit umbrella group of associations established to safeguard consumers rights.  The Italian Ministry of Health provides a list of approved consumers associations that are qualified to protect the rights of Italian consumers.  On May 15, 2000, CODACONS was identified as an approved association in accordance with Article 5 of Italian Law No. 281.  Marco Ramadori is Co-President of the CODACONS, and as

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

2       See footnote 1.

such, has the authority to protect the rights of Italian consumers against violations identified herein.

### IV.  FACTUAL BACKGROUND OF VIOXX

19.     MERCK was incorporated more than 100 years ago; its principal place of business and worldwide headquarters is in Whitehouse Station, in the state of New Jersey. The research and development of Vioxx (including the manufacture of its active ingredient Rofecoxib),  took place at MERCK's research laboratories, which are located in Rahway, also in New Jersey.

20.     MERCK made every decision related to the development, design, manufacture, testing, marketing, distribution, and commercialization of Vioxx from its headquarters in the state of New Jersey.   All aspects of Vioxx's worldwide commercialization and the ultimate decision to withdraw Vioxx from the world market were orchestrated by MERCK from its headquarters in the state of New Jersey.

21.     Vioxx is classified as a nonsteroidal anti-inflammatory drug (NSAID) with anti-inflammatory, analgesic and antipyretic properties.  As such, it is indicated for pain, dysmenorrhea, osteoarthritis and rheumatoid arthritis.  The earlier marketed NSAID products (i.e., ibuprofen, naproxen, etc.) are approved for similar indications.

22.     Vioxx was approved by the U.S. Food and Drug Administration in May 1999.

23.     Vioxx was first introduced in the Italian market during the summer of 2000.

24.     Vioxx is a Cyclooxygenase-2 (Cox -2) selective inhibitor and as such had a lower incidence of gastrointestinal upset and a lower ulcerogenic potential.  However,

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

6

inhibiting the Cox-2 enzyme selectively causes an imbalance between Prostacyclin (PGI) and Thromboxane A-2 (TX A2). Because "TX A2 is a major compound in the clotting process, and is a potent platelet aggregator and vasoconstrictor," the resulting imbalance between PGI and TX A2 places patients at an increased risk of thromboembolic events, primarily heart attacks and strokes. *The MERCK Manual (16th* ed. 1992).

25.     MERCK, the maker of Vioxx, is also the publisher of *The MERCK Manual* (16th ed. 1992), which includes the following definition: "Thrombaxane A-2 is a major compound involved in the clotting process, and is a potent platelet aggregator and vasoconstrictor." This section of *The MERCK Manual* was not included in the 17th edition, published in 1999.

26.     MERCK-employed physicians, as well as industry leaders supported by MERCK, have published on the subject of Cox-2 inhibition induced prostaglandin synthesis and TXA2, creating a pro-thrombotic state that places patients at an increase risk of heart attack and stroke. *See Effects of Specific Inhibition of Cyclooxygenase-2 on Sodium Balance, Hemo-dynamics, and Vasoactive Eiosanoids,* 289 (2) PHARMACOLOGY & EXPERIMENTAL THERAPEUTICS (May 1999).

27.     In June of 2000, MERCK submitted to the FDA a safety study called VIGOR (Vioxx Gastrointestinal Outcomes Research) that found an increased risk of serious cardiovascular events, including heart attacks and strokes, in patients taking Vioxx compared to patients taking naproxen. In the VIGOR study, analysis of the cardiovascular data by the

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3459
kbmoll.com

FIRST AMENDED ITALIAN CLASS ACTION COMPLAINT

Safety Monitoring Board focused on "the excess deaths and cardiovascular adverse experiences in [the Vioxx group] compared to [the Naproxen group].

28.    On September 17, 2001, the Division of Drug Marketing, Advertising, and Communications (DDMAC) issued the following warning letter to MERCK; *"You (MERCK) have engaged in a promotional campaign for Vioxx that minimizes the potentially serious cardiovascular findings that were observed in the VIGOR study, and thus misrepresents the safety profile for Vioxx."*

29.    MERCK undertook studies on its research laboratories located in New Jersey on the effects of Rofecoxib, collecting adverse drug data from all over the world. Based on results obtained in its research laboratories in New Jersey, MERCK submitted to the FDA, from its headquarters in New jersey, Supplemental New Drug Applications in order to propose labeling changes for Vioxx in its commercialization around the world.

30.    In 2000, MERCK spent $130 million on direct to consumer advertising.

31.    In 2001, MERCK spent $166 million on direct to consumer advertising.

32.    An estimated 24 million people worldwide, including Italian Citizens, have been prescribed Vioxx.

33.    Shari L. Targum, M.D. of the FDA, Division of Cardio-Renal Drug Products, in the February 1, 2001 Review of Cardiovascular Safety Database states: In analyzing adverse events in VIGOR, "it can be seen that... there is an increased risk of MI and stroke in the [Vioxx group] compared with Naproxen; in the MI group, the 95% confidence interval


KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50™ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

is significant." "This analysis could lead one to conclude that Naproxen . . . would be the preferred drug."

34.    Vioxx sales exceeded $2.5 billion in 2003.

35.    On September 30, 2004 MERCK officially announced a voluntary withdraw of Vioxx from all markets, including Italy, in light of unequivocal results from a clinical trial demonstrating that Vioxx almost triples the risk of heart attack and stroke for those who take the product long term.   The company's decision is based on three-year data from a prospective, randomized, placebo-controlled clinical trial, the APPROVe (Adenomatous Polyp Prevention on VIOXX) trial.

36.    Between its facilities in its headquarters and research laboratories, MERCK has an approximate of 7,000 employees in the state of New Jersey. MERCK coordinated from its headquarters in New Jersey the distribution of Vioxx to thousands of pharmacies around the world, including in Italy.

37.    MERCK current and former employees are crucial liability witnesses who have testified about having developed, tested and marketed Vioxx. The large majority of those current and former employees work or used to work at MERCK's headquarters or at its research laboratories in New Jersey.

38.    Despite knowledge of both the general pharmacology related to Vioxx, and the specific cardiovascular risks demonstrated in the APPROVe and VIGOR studies, MERCK has failed to initiate studies to investigate the cardiovascular risk associated with Vioxx.

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.982.3453
kbmoll.com

39.     The European Medicines Agency (EMEA) and its scientific committee, the Committee on Medicinal Products for Human use (CHMP) reviewed all available data on the cardiovascular safety of Cox-2 inhibitors, including Vioxx, and concluded, along with the FDA, that Vioxx created a substantial danger to European consumers.

40.     On April 7, 2005, the U.S. Food and Drug Administration (FDA) stated that MERCK & Co., which withdrew Vioxx from the market last September, has not presented sufficient evidence to lift the moratorium. The FDA commissioner affirmed that the risks of these drugs outweighed the benefits, overruling the earlier recommendation of an advisory panel that believed the painkillers could be safely marketed.

41.     The FDA decision to continue the moratorium was based upon the scientific evidence that Vioxx and other Cox-2 inhibitors increase the risk of cardiovascular (CV) events such as heart attacks and strokes, gastrointestinal (GI) bleeding and ulcers, as well as adverse skin reactions such as Stevens-Johnson Syndrome, in which the patient suffers blisters and burn-like sensations. These were recognized as class-wide risks associated with the entire family of NSAIDs, even over-the-counter medications like Advil, Aleve, and Motrin. The FDA recommended that those NSAIDs which remain on the market should carry "black-box" labels, the strictest type of warning, in order to ensure that physicians and consumers are aware of the risks.

42.     MERCK's tortious conduct took place entirely at its headquarters and research laboratories in New Jersey. MERCK obtained the results of its tests at its laboratories and decided to continue to commercialize Vioxx after it knew from the resulting cardiovascular risks from its headquarters in New Jersey. It was at MERCK's headquarters

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.8444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

in New Jersey where the ultimate decisions on research protocols and on interpretation and dissemination of the results of its internal studies were made.

## V. CLASS ACTION ALLEGATIONS

43.     Plaintiffs move this Court to enter an order certifying this cause as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### A.  PROPOSED CLASS

44.     Plaintiffs seek certification of the following Class:

> All Italian persons, their estates, administrators or other legal representatives, who were prescribed, purchased, used and/or ingested the drug Vioxx, manufactured, distributed and/or sold by Defendant.

45.     Plaintiffs seek certification of the following Subclasses:

(A)     All Italian persons, their estates, administrators or other legal representatives, who suffered personal injuries ("Personal injury subclass");

(B)     All Italian persons, or other legal representatives, who seek treatment and reimbursement under a medical monitoring program ("Medical monitoring subclass");

(C)     All Italian persons, their estates, administrators or other legal representatives, heirs or beneficiaries, who seek reimbursement for the purchase price of Vioxx ("Reimbursement subclass").

### B.  CLASS ACTION LAW

46.     This action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)(1)-(4), and the predominance and superiority requirements of Rule 23(b)(3) and the requirements of Rule 23(b)(2).

47.     Federal Rule of Civil Procedure 23(a) establishes four threshold requirements for class certification:



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

(A)     The Italian Class is so numerous that joinder of all members is impracticable;

(B)     There are questions of law or fact common to the Italian Class;

(C)     The claims or defenses of the representative parties are typical of the claims or defenses of the Italian Class; and

(D)     The representative parties will fairly and adequately protect the interest of the Italian Class. FED.R.CIV.P. 23(a).

48.     Class certification under Rule 23(b)(2) requires one finding: that the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. FED.R.CIV.P. 23(b)(2).

49.     Class certification under Rule 23(b)(3) requires two findings: that common questions of law and fact predominate and that a Class Action is superior to other forms available for fair and efficient adjudication. FED.R.CIV.P. 23(b)(3).

## C.  THE ITALIAN CLASS MEETS THE REQUIREMENTS FOR CLASS CERTIFICATION

50.     The Italian Class satisfies the numerosity standards. The Italian Class is believed to number in the thousands of persons. As a result, joinder of all Italian Class members in a single action is impracticable. Class members may be informed of the pendency of this Class Action by published and broadcast notice.

51.     There are questions of fact and law common to the Italian Class which predominate over any questions affecting only individual members. The questions of law and fact common to the Italian Class arising from Defendant's actions include, without limitation, the following:



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

(A).   Whether Vioxx was and is toxic and unsafe;

(B).   Whether Italian persons who took Vioxx are at increased risk of developing serious injuries, including, but not limited to heart attack and stroke;

(C).   Whether there exist monitoring and testing procedures which make early detection and treatment of heart attack and stroke caused by exposure to Vioxx possible and beneficial;

(D).   Whether medical monitoring is appropriate;

(E).   Whether, in marketing and selling Vioxx, defendant failed to disclose the dangers and risks to the health of persons ingesting the drug;

(F).   Whether defendant failed to warn adequately of the adverse effects of Vioxx;

(H).   Whether defendant falsely and fraudulently misrepresented in their advertisements, promotional materials and other materials, among other things, the safety, potential side effects and convenience of Vioxx to Italian Citizens;

(I).   Whether defendant designed and manufactured a drug that was dangerously defective because its use leads to serious adverse health effects including, but not limited to, heart attack and stroke;

(J).   Whether defendant knew or should have known that the use of Vioxx leads to serious adverse health effects;

(K).   Whether defendant adequately tested Vioxx prior to distribution and sales in the Italian market place;

(L).   Whether defendant continued to market, distribute, and sell Vioxx in Italy notwithstanding their knowledge of the drug's dangerous nature;

(M).   Whether the warnings and information defendant provided with Vioxx were adequate in warning of the potential hazards resulting from its use;

(N).   Whether defendant knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of Vioxx from



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50™ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

government regulators, the medical community and/or the consuming Italian public; and

(O).   Whether defendant's actions support a cause of action for medical monitoring;

(P).   Whether defendant's conduct constituted an unfair, deceptive and/or unconscionable practice within the meaning of New Jersey Consumer Protection Statutes [3];

(Q).   Whether defendant's conduct constituted the knowing or intentional concealment, suppression, or omission of material information intended to be relied upon by others in connection with the sale of Vioxx within the meaning of New Jersey Consumer Protection Statutes; and

(R).   Whether the Italian Class has been injured by virtue of defendant's violations of New Jersey Consumer Protection Statutes.

52.   The questions set forth above predominate over any questions affecting only individual persons, and a Class Action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

53.   A Class Action is the appropriate method for the fair and efficient adjudication of this controversy.  The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests.

54.   The Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of

**K:3M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

---

[3]   N.J. Rev. Stat. 56:8-2.

FIRST AMENDED ITALIAN CLASS ACTION COMPLAINT

the Class they seek to represent.  The interests of the members of the Class will be fairly and

adequately protected by the Plaintiffs and their undersigned counsel.

55.     Plaintiffs seek a refund of and restitution for monies paid as a result of their

purchase of Vioxx, as well as all other ascertainable economic loss that occurred as a result

of Defendant's wrongful and improper conduct in connection with the manufacture,

marketing, distribution, testing, promotion, labeling and/or selling of Vioxx in Italy.  Plaintiffs

therefore seek to disgorge Defendant of the monies inappropriately acquired as a result of its

sale of Vioxx.

56.     Plaintiffs, on behalf of themselves and the Class, seek equitable relief in the

form of a Court-ordered and supervised medical monitoring program, funded by Defendant,

to assist Plaintiffs and the Class members in the early detection and treatment of illnesses

caused by Vioxx.  Such a program would include the following:

> (A).    A method to notify Italian individuals who ingested Vioxx of the
> increased risk of harm that they have suffered as a result of the
> ingestion of Vioxx;
>
> (B).    Provision for the accumulation and analysis of relevant medical and
> demographic information from Italian Class members including, but
> not limited to, the results of all appropriate diagnostic tests performed
> on Italian Class members as part of a medical research and education
> fund;
>
> (C).    Provision for the creation, maintenance and operation of a medical
> registry in which relevant demographic and medical information
> concerning all Italian Class members is gathered, maintained and
> analyzed;
>
> (D).    Provision for medical research concerning the incidence, prevalence,
> natural course and history, diagnosis and treatment of Vioxx induced
> personal injuries; and



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

(E).    Publication of, and other dissemination of, all such information to members of the Italian Class and their physicians.

57.    Class certification with respect to Italian plaintiffs' claims for relief through creation of a Court-supervised fund to provide medical research, education, monitoring and screening is appropriate because defendant has acted, or refused to act, on grounds generally applicable to the Class, making appropriate preliminary and final injunctive and declaratory relief consisting of medical monitoring and notice with respect to plaintiffs and the Class members.

58.    Maintenance of this action as a Class Action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the Class who has suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single Class Action can determine, with judicial economy, the rights of all class members.

59.    Notice can be provided to class members by using techniques and forms of notice similar to those customarily used in other drug-related products liability cases and complex Class Actions.

## VI.  CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY PURSUANT TO
### §402A OF THE RESTATEMENT (SECOND) OF TORTS

60.    Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

61.     The Defendant, from its headquarters in New Jersey, made every and all decisions regarding the manufacturing, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx in Italy, which it sold and distributed throughout Italy to Plaintiffs and Class members.

62.     The Plaintiffs, were using Vioxx in a manner for which it was intended or in a reasonably foreseeable manner.

63.     Vioxx was expected to and did reach the Italian Plaintiffs and Class members without substantial change in its condition as manufactured, created, designed, tested, labeled, sterilized, packaged, supplied, marketed, sold, advertised, warned, and otherwise distributed.

64.     The Plaintiffs and the members of the Class were not aware of, and reasonably could not have discovered, the dangerous nature of Vioxx.

65.     The Defendant's Vioxx caused increased risks of heart attack and stroke upon consumption, and therefore constitute a product unreasonably dangerous for normal use due to their defective design, defective manufacture, and the Defendant's misrepresentations and inadequate facts disclosed to the Plaintiffs and the members of the Italian Class.

66.     As a direct and proximate result of Defendant's decision making process that took place in New Jersey, related to the manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx in Italy, Plaintiffs and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

67.     The Defendant, therefore, is strictly liable to the Plaintiffs.  Additionally, Defendant's conduct was so outrageous as to constitute ill will, bad motive and reckless indifference to the interests of the consumers.  The Plaintiffs, therefore, are entitled to punitive damages.  The Defendant is liable to the Plaintiffs and to members of the Class jointly and severally for all general, special, and equitable relief to which the Plaintiffs and the Class are entitled by law.

## COUNT II
### NEGLIGENCE

68.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

69.     It was the duty of the Defendant to use reasonable care in the  marketing, selling, advertising, warning, and otherwise distributing Vioxx to Italian Citizens.

70.     Contrary to its duty, the Defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

      (A).     Failed to adequately and properly test and inspect Vioxx so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold;

      (B).     Failed to utilize and/or implement a reasonably safe design in the manufacture of Vioxx;

      (C).     Failed to manufacture Vioxx in a reasonably safe condition for which it was intended;

      (D).     Failed to adequately and properly warn Plaintiffs and Class members purchasing Vioxx of the risks of complications when used in a manner for which it was intended;



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

(E).   Failed to adequately and properly warn Plaintiffs and Class members purchasing Vioxx of the risks of diseases when used in a manner for which it was intended;

(F).   Failed to adequately and properly label Vioxx so as to warn the Plaintiffs and Class members of the risks of complications;

(G).   Failed to adequately and properly label Vioxx so as to warn the Plaintiffs and Class members of the risks of heart attack and stroke;

(H).   Manufactured Vioxx which constituted a hazard to health;

(I).   Manufactured Vioxx which caused adverse side effects; and

(J).   Were otherwise careless and negligent.

71.     As a direct and proximate result of Defendant's marketing, selling, advertising, and otherwise distributing Vioxx in Italy, Plaintiffs and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

## COUNT III
## NEGLIGENCE PER SE

72.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

73.     Defendant had an obligation not to violate the law in the manufacture, design, formulation, compounding, testing, production, processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, sale and warning of the risks and dangers of Vioxx.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

74.     Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq., related amendments and codes and federal regulations provided thereunder, the Sherman Food, Drug and Cosmetic Law, and other applicable laws, statutes and regulations.

75.     Plaintiffs, as Italian purchasers and consumers of Vioxx, are within the class of persons the statutes and regulations described above are designed to protect and Plaintiffs' injuries are the type of harm these statutes are designed to prevent.

76.     Defendant's acts constitute an adulteration and/or misbranding as defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331 and constitutes a breach of duty subjecting Defendant to civil liability for all damages arising therefrom, under theories of negligence per se.

77.     Defendant failed to meet the standard of care set by the following statutes and regulations, which were intended for benefit of individuals such as the Plaintiffs, making Defendant negligent per se:

(A)     The labeling lacked adequate information on the use of the drug Vioxx [21 C.F.R. Section 201.56(a) and (d);

(B)     The labeling failed to provide adequate warnings of severe and disabling medical conditions including, without limitations, thromboembolic events, primarily heart attacks and stroke, and other adverse medical conditions as soon as there was reasonable evidence of their association with the drug [21 C.F.R. 201.57(e)];

(C)     There was inadequate information for patients for the safe and effective use of Defendant's drug [21 C.F.R. 201.57(f)(2)];

(D)     There was inadequate information regarding special care to be exercised by the doctor for safe and effective use of Defendant's drug [21 C.F.R. 201.57(f)(1)]; and

(E)     The labeling was misleading and promotional [21 C.F.R. 201.56(b)].

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

78.    As a result of the violations of the statutes described above, Plaintiffs suffered injuries and damages as alleged herein.

### COUNT IV
### VIOLATIONS OF NEW JERSEYS'
### CONSUMER PROTECTION STATUTES

79.    Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

80.    Defendant engaged in unfair competition or unfair or deceptive acts or practices in violation of New Jersey consumer protection statutes when it represented, through advertising, warranties, and other express representations, that Vioxx had benefits or characteristics that it did not actually have.   Defendant further violated state consumer protection statutes when it falsely represented that Vioxx was of a particular standard or quality when it was not. Finally, Defendant violated New Jersey consumer protection statutes when it advertised Vioxx with the intent not to sell it as advertised, and when, in so doing, Defendant concealed and suppressed facts material to the true characteristics, standards, and quality of Vioxx.

81.    Defendant's deceptive practices were specifically designed to induce Plaintiffs and the Classes to buy Vioxx.

82.    As a direct and proximate result of Defendant's unfair methods of competition and unfair or deceptive acts or practices, Plaintiffs and the Classes have suffered actual damages and members of the Classes are threatened with irreparable harm by undue risk of physical injuries or death.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50™ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## COUNT V
## UNJUST ENRICHMENT

83.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

84.     · As the intended and expected result of their conscious wrongdoing, Defendant has profited and benefitted from the purchase of Vioxx by the Italian Plaintiffs and the Class.

85.     Defendant has voluntarily accepted and retained these profits and benefits, derived from the Plaintiffs and the Plaintiff Class, with full knowledge and awareness that, as a result of Defendant's fraud and other conscious and intentional wrongdoing, Plaintiffs and the Plaintiff Class were not receiving a product of the quality, nature, or fitness that had been represented by Defendant or that Plaintiffs and the Plaintiff Class, as reasonable consumers, expected.

86.     By virtue of the conscious wrongdoing alleged in this Complaint, Defendant has been unjustly enriched at the expense of the Plaintiffs and the Plaintiff Class, who are entitled to in equity, and hereby seek, the disgorgement and restitution of Defendant's wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy the Defendant's unjust enrichment.

## COUNT VI
## MEDICAL MONITORING

87.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

KBM

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 866.882.3453
kbmoll.com

88.     Plaintiffs and class members have been significantly exposed to proven hazardous substances through the intentional, negligent, or wrongful actions of the Defendant.

89.     As a proximate result of this exposure, Plaintiffs and class members suffer significantly increased risks of developing serious, latent diseases.

90.     That increased risk makes periodic diagnostic medical examinations reasonably necessary.

91.     Monitoring and testing procedures exist which make the early detection and treatment of disease possible and beneficial.

92.     Defendant's actions render them liable to pay all costs of a comprehensive court-supervised medical monitoring program, to provide diagnostic and treatment services for the benefit of the class.

93.     As a direct and proximate result of Defendant's manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing Vioxx in interstate commerce, Plaintiffs and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

## COUNT VII
## BREACH OF EXPRESS WARRANTY

94.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

95.     Defendant expressly warranted to Plaintiffs, by and through statements made by Defendant or their authorized agents or sales representative, orally and in publications,



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

package inserts and other written materials intended for physicians, medical patients and the Italian general public, that Vioxx was safe, effective, fit and proper for its intended use.

96.     In using Vioxx, Plaintiffs relied on the skill, judgment, representations and foregoing express warranties of the Defendant. Said warranties and representations were false in that the aforementioned product was not safe and was unfit for the uses for which it was intended.

97.     As a direct and proximate result of Defendant's breaches of warranties, Plaintiffs and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

### COUNT VIII
### BREACH OF IMPLIED WARRANTY

98.     Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

99.     Prior to the time that Vioxx was used by Plaintiffs, Defendant impliedly warranted to Plaintiffs that Vioxx was of merchantable quality and safe and fit for the use for which it was intended.

100.     Plaintiffs were and are unskilled in the research, design and manufacture of Vioxx and reasonably relied entirely on the skill, judgment and implied warranty of the Defendant in using Vioxx.

101.     Vioxx was neither safe for its intended use nor of merchantable quality, as warranted by Defendant, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.8444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

24
FIRST AMENDED ITALIAN CLASS ACTION COMPLAINT

102.    As a direct and proximate result of Defendant's breaches of warranties, Plaintiffs and class members are at an increased risk of developing heart attack and stroke and have suffered compensatory and punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs, ALDO CALANDRA, ALESSANDRO GABRIELE, ENZO QUAGLINI, DR. FILIPPO SANTANGELO, PROF. GIOVANNI SCIBILIA AND MARCO RAMADORI, individually and on behalf of all others similarly situated pray that the Court enter judgment against Defendant, MERCK CO., INC., and in favor of the Plaintiffs and the Classes, and to award the following relief:

(A).    Certification of the proposed Classes and Subclasses under Rule 23 of the Federal Rules of Civil Procedure;

(B).    Declare that Vioxx is dangerous and defective, and that MERCK is financially responsible for notifying all members of the Italian Class of the defective drugs;

(C).    Declare that MERCK must disgorge, for the benefit of the Class, all or part of their ill-gotten gains and benefits received from the sale of Vioxx, and/or make full restitution to Plaintiffs and the members of the Italian Class;

(D).    Determine Defendant's liability for punitive/exemplary damages to the extent necessary and appropriate to punish and deter the conduct complained of herein;

(E).    Award compensatory and punitive damages for the acts complained of herein, in an amount to be proven at trial;

(F).    Award attorneys' fees and costs, plus interest, as allowed by law, and/or from a common fund created hereby;

(G).    Provide an Italian consumer notice, at Defendant's expense, regarding medical monitoring;

(H).    Order Defendant to fund Court-supervised or Court-approved programs to medically monitor Italian Class members, to pay or reimburse the cost of medical treatment of Class members; and



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

25

(I).    Order such other or further judicial determinations, and relief, as may be appropriate under the circumstances under the Court's exercise of its equitable jurisdiction and inherent authority in this proceeding.

RESPECTFULLY SUBMITTED,

By: _____

Kenneth B. Moll, Esq.

Pamela G. Sotoodeh, Esq.

KENNETH B. MOLL & ASSOCIATES, LTD.

Three First National Plaza

50TH Floor

Chicago, Illinois 60602

TEL: 312.558.6444

FAX: 312.558.1112

www.kbmoll.com

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

26

FIRST AMENDED ITALIAN CLASS ACTION COMPLAINT

(I).   Order such other or further judicial determinations, and relief, as may be appropriate under the circumstances under the Court's exercise of its equitable jurisdiction and inherent authority in this proceeding.

RESPECTFULLY SUBMITTED,

By: _____

Kenneth B. Moll, #06199874
Genevieve M. Bernal, #6285743
Pamela G. Sotoodeh, #6284622
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
www.kbmoll.com



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com