FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 30  PM 2: 04

LORETTA G. WHYTE
CLERK

LUKINS & ANNIS, P.S.
Robert J. Crotty
1600 Washington Trust Financial Center
717 W Sprague Ave
Spokane, WA  99201-0466
Telephone: (509) 455-9555
Fax:  (509)363-2475
Email: rcrotty@lukins.com
Idaho Bar No. 6961
Attorney for the Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® <br><br> PRODUCTS LIABILITY LITIGAITON <br><br> THIS DOCUMENT RELATES TO: <br><br> Blaine v. Merck & Co., Inc. <br><br> No. 05-6126-EEF-DEK | MDL Docket No. 1657 <br><br> Section L <br><br> PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER |

## I.  **BACKGROUND**

On October 3, 2005, Plaintiff filed a complaint against Merck in the District of

Idaho.  Ex. A.  In the complaint, Plaintiff alleges that Merck's prescription drug

Vioxx caused the Plaintiff to suffer a heart attack and stroke.  *Id.*  The Plaintiff's

PLAINTIFFS' RESPONSE TO MOTION FOR
LEAVE TO AMEND ANSWER: 1

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA  99201-0466
(509) 455-9555

K:\V\VIOXX023934\BLAINE00031\PLDG\PL REPLY TO MOTION FOR LEAVE TO AMEND ANSWER (PLEADING)-052406-BAB-RJC.DOC 5/24/06

twenty-seven-page complaint details the actions and misdeeds of Merck which give rise to the Plaintiff's claims. *Id.*

In detail, the Plaintiff specifically alleges the fraud that Merck perpetuated on the Plaintiff, the Plaintiff's physicians, the Food and Drug Administration ("FDA") and the public in general regarding the testing, marketing and sale of Vioxx.[1] On October 26, 2005, Merck filed an answer to the Plaintiff's complaint. In its Answer, Merck denies the sum and substance of the allegations set forth in Plaintiff's complaint. Merck also set forth forty-two (42) affirmative defenses.

On November 7, 2005, the parties filed a stipulation that the case be stayed while it was transferred to this Court via the Multidistrict Litigation ("MDL") process. On November 9, 2005, the case was stayed pending transfer. On February 23, 2006, the case was transferred to this Court.

---

[1] *Id.* For example, Plaintiff alleges that Merck knowingly downplayed or withheld information from the New England Journal of Medicince (*id.* at 8, ¶ 3.21), Merck continued to conceal the severity of the risks of Vioxx despite its knowledge that the warnings were inadequate and of the inherent dangers of Vioxx (*id.* at 8, ¶ 3.22) and Merck continued to misrepresent and conceal the dangers associated with Vioxx even after the Journal of the American Medical Association published an article authored by cardiologists Eric J. Topol and Steven C. Nessen of the Cleveland Clinic Foundation, which found that adverse cardiovascular events were 238 percent higher with Vioxx compared to Naproxen and posited the mechanism by which Vioxx may cause cardiovascular events (*id.* at 10, ¶¶ 3.28, 3.29).

PLAINTIFFS' RESPONSE TO MOTION FOR
LEAVE TO AMEND ANSWER: 2

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

K:\V\VIOXX023934\BLAINE00031\PLDG\PL REPLY TO MOTION FOR LEAVE TO AMEND ANSWER (PLEADING)-052406-BAB-RJC.DOC 5/24/06

## II.  ARGUMENT

The Court should deny the Defendants' request to file an amended answer for two reasons. First, Merck's attempt to amend the pleading in a case which has been stayed and transferred to the MDL Court, defeats one of the basic reasons for the MDL process. A main purpose of the MDL process is "to conserve the resources of the parties, their counsel and the judiciary." *See* An Introduction to the Judicial Panel on Multidistrict Litigation, at 2, available at: http://www.jpml.uscourts.gov/ General_Information /PanelBrochure-10-04.pdf.

Here, the parties agreed to stay the case while it is in the MDL Court. Filing motions to amend pleadings defeats the basic purpose, because it requires the Court and parties to deal with individual case issues which are completely unnecessary at this time. For example, if the Court were to allow the the Defendant to amend the answer to add its forty-third affirmative defense the Plaintiff may then seek permission to amend the complaint to deal with any alleged pleading defect.

There is no need for the Court to deal with these types of motions. The case is stayed. In the event the MDL process does not result in a national settlement agreement, the case will be transferred back to its home district in Idaho. At this time, the parties may seek to lift the stay and request permission to amend any

PLAINTIFFS' RESPONSE TO MOTION FOR
LEAVE TO AMEND ANSWER: 3

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

K:\V\VIOXX023934\BLAINE00031\PLDG\PL REPLY TO MOTION FOR LEAVE TO AMEND ANSWER (PLEADING)-052406-BAB-RJC.DOC 5/24/06

pleadings. Merck points to no prejudice it would suffer by waiting until after the stay is lifted in this case. However, as noted, by allowing amendment of the pleadings in stayed cases it defeats a basic purpose of the MDL procedure.

The second reason that the Court should deny Merck's request to amend its answer is that Merck has failed explain why the proposed amendment is not futile. Merck seeks to amend its answer to add its forty-third affirmative defense that the Plaintiff did not plead fraud with sufficient particularity. Merck offers no valid explanation for why it did not include the proposed defense in its answer. "Attorney inattentiveness is not excusable, no matter what the resulting consequences . . . may have on a litigant." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). Moreover, the Plaintiff's complaint sets forth in great detail the fraudulent conduct of Merck. Because Merck failed to identify any alleged defect in Plaintiff's complaint regarding particularity in pleading fraud, Merck has failed to demonstrate any need to amend its answer.

A defendant's request to amend its answer may be granted "to the extent that the proposed affirmative defenses raise colorable ground for relief." *Burns v. Imagine Films Entertainment*, 165 F.R.D. 381, 385(W.D.N.Y. 1996) (citing *Fiske v. Church of St. Mary of the Angels*, 802 F. Supp. 872, 877; *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Development Fund Co.*, 608 F.2d 28,

PLAINTIFFS' RESPONSE TO MOTION FOR
LEAVE TO AMEND ANSWER: 4

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

K:\V\VIOXX023934\BLAINE00031\PLDG\PL REPLY TO MOTION FOR LEAVE TO AMEND ANSWER (PLEADING)-052406-BAB-RJC.DOC 5/24/06

42 (2d Cir. 1979)). The Court must determine whether the proposed defense is a cognizable defense similar to the determination under Fed.R.Civ.P. 12(b)(6), in order to determine whether the defendant has a set forth a colorable ground for relief adequate to allow the amendment of the answer. *Burns*, supra at 385 (citing *Silberblatt*, *supra*; *CBS, Inc. v. Ahern*, 108 F.R.D. 14 (S.D.N.Y. 1985).

In this case, Merck failed to explain how its proposed defense is cognizable. Merck failed to provide the Court with any reason to allow amendment. Merck failed to give the Plaintiff anything to which he could respond. Thus, Merck failed to meet is burden as the moving party.[2]

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court deny the Defendant's motion.

DATED this 27th day of May, 2006.

LUKINS & ANNIS, P.S.

By _____
Robert J. Crotty, ISBA # 6961

Attorney for Plaintiffs

---

[2] In the event Merck offers a reason and authority in its Reply as to how the proposed defense is cognizable and necessary at this time, Plaintiffs will then respectfully request the opportunity to submit a Sur-Reply in order to respond to Merck's new arguments and authority.

PLAINTIFFS' RESPONSE TO MOTION FOR
LEAVE TO AMEND ANSWER: 5

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

K:\V\VIOXX023934\BLAINE00031\PLDG\PL REPLY TO MOTION FOR LEAVE TO AMEND ANSWER (PLEADING)-052406-BAB-RJC.DOC 5/24/06

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Response to the Motion for Leave to Amend Answer has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis file & Serve Advanced in accordance with PreTrial Order No. 8A, on the 24th day of May, 2006.

Robert J. Crotty, WSBA #9113
Attorneys for Plaintiffs
Lukins & Annis, P.S.
717 West Sprague Avenue, Suite 1600
Spokane, Washington 99201-0466
Telephone: (509) 455-9555
Facsimile: (509) 747-2323
mzuchetto@lukins.com
rcrotty@lukins.com

PLAINTIFFS' RESPONSE TO MOTION FOR
LEAVE TO AMEND ANSWER: 6

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA 99201-0466
(509) 455-9555

K:\V\VIOXX023934\BLAINE00031\PLDG\PL REPLY TO MOTION FOR LEAVE TO AMEND ANSWER (PLEADING)-052406-BAB-RJC.DOC 5/24/06