

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to all cases** | * | |
| | * | **MAGISTRATE** |
| | * | **JUDGE KNOWLES** |
| * * * * * * * * * * * * * * * * * | | |

### MERCK & CO., INC.'S BRIEF REGARDING THE PSC'S RENEWED MOTION TO COMPEL DAVID ANSTICE TO TESTIFY EITHER AT TRIAL OR BY LIVE TRANSMISSION FROM ANOTHER LOCATION

During the May 18, 2006 status conference, the Court requested further briefing on two questions: (i) whether the MDL statute expands a court's Rule 45 trial subpoena power such that this Court may compel David Anstice, who lives in Pennsylvania, to travel to New Orleans to testify at trial; and (ii) if not, whether Rules 43 and 45 permit the Court to compel Mr. Anstice to provide testimony by contemporaneous video transmission from a location near his residence. (May 18, 2006 Hearing Tr. at 15-16.) The answer to both is no. As noted in Merck's prior briefing, Rule 45(b)(2) defines the outermost limits of a court's trial subpoena power to the borders of the state in which the court sits or those places within 100 miles of the place in which the trial will be held. The MDL statute does not expand the court's reach. It only affects *pretrial* stages of multidistrict litigation and thus does not give this Court the authority to compel Mr. Anstice to testify live at trial.

Nor does Rule 43 affect this analysis. The 100-mile limitation in Rule 45 is more than simply a matter of convenience; it specifies the limits of the Court's subpoena power. Under the

____ Fee_____
____ Process_____
__X_ Dktd _____
__✓_ CtRmDep_____
____ Doc. No_____

812818v.1

PSC's reading of Rule 43, an MDL court could compel a witness residing in any district – no matter how far -- to testify at trial via contemporaneous transmission from a remote location. Such a reading contravenes and would eviscerate the protections afforded by Rule 45. Furthermore, even if Rule 43 could be construed to enlarge the Court's trial subpoena power, the requirements of that rule have not been met in this case. Specifically, the PSC has failed to show good cause and compelling circumstances to justify its request. As the Advisory Committee notes on Rule 43 state, "[o]rdinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena. . . ." FED. R. CIV. P. 43 advisory committee notes, 1996 Amendments. Mr. Anstice has been deposed on five separate occasions by numerous lawyers – some of whom are on the PSC – yielding hours of videotaped testimony that the PSC is free to use at trial, as plaintiff did in *Plunkett*.[1] There is no need to compel him to testify live, whether in New Orleans or via satellite, at the upcoming cases in this forum.

## I.   THE PSC'S REPEATED ATTEMPTS TO COMPEL DAVID ANSTICE TO TESTIFY SHOULD BE REJECTED.

The PSC seeks yet again to circumvent the Federal Rules of Civil Procedure and compel David Anstice to appear at upcoming trials in this Court or testify via contemporaneous transmission from another location. (PSC's Generic Motion *in Limine* ("PSC's Mot.") at 14-24.) These requests are grounded in the claim that "Merck . . . should be required to produce a corporate designee who is qualified to testify about the marketing of Vioxx" – meaning David Anstice, according to the PSC. (*Id.* at 15.) But the PSC cites no cases (and Merck has found none) in which an adverse party was permitted to hand-pick a corporate entity's representative at trial. This Court should accordingly reject the PSC's seriatim attempts to dictate who represents

---

[1] The PSC has been an active participant at Mr. Anstice's many depositions. Each of the following PSC law firms has been present and/or taken part in one or more of the sessions: (i) Beasley, Allen, Crow, Methvin, Portis & Miles, PC; (ii) Seeger Weiss, LLP; (iii) Robinson, Calcagnie & Robinson; (iv) Goforth & Lewis, LLP; (v) Kline & Specter, PC; and (vi) Levin, Fishbein, Sedrad & Berman. Notably, this list includes both Beasley Allen and Seeger Weiss, the co-lead law firms of the PSC. In fact, Christopher Seeger, Esq., who is co-lead counsel, examined Dr. Anstice at three of his five depositions.

Merck at future trials in this forum – whether through live testimony, simultaneous transmission from another location, or prior testimony.[2]

## A.   The MDL Statute Does Not Enlarge the Court's Power to Issue Trial Subpoenas.

The Court has already ruled that it has no authority to compel Mr. Anstice to testify live in these proceedings, following full briefing by the parties. The matter thus requires little further comment. In November 2005, plaintiffs served a trial subpoena on Mr. Anstice in *Plunkett*, and Merck moved to quash. As the PSC notes, the Court agreed with Merck and quashed the subpoena, finding that it exceeded the jurisdictional limitations on the Court's trial subpoena power under Rule 45 and that the MDL statute did not expand that authority. *See In re Vioxx Prods. Liab. Litig.* (*Plunkett*), MDL No. 1657, Minute Entry (E.D. La. Nov. 21, 2005).

As the Court recognizes, Rule 45 only empowers it to compel witnesses "to come to trial [from] any place within state and 100 miles outside the area [the Court's location]." (May 18, 2006 Hearing Tr. at 15 (citing FED. R. CIV. P. 45).) Plaintiffs cannot serve Mr. Anstice with a trial subpoena under Rule 45 because he is not within (i) the State of Louisiana or (ii) 100 miles of the courthouse in New Orleans. *See* FED. R. CIV. P. 45(b)(2). And, as Merck successfully argued in the *Plunkett* motion to quash, plaintiffs find no relief under Rule 45(c)(3) because that provision does not extend the geographic limits of the Court's subpoena power. (*See Plunkett* Quash Mot. at 3-4.)

Nor, as plaintiffs argue, does the MDL statute expand the Court's authority under Rule 45 for non-discovery matters (*i.e.*, trial subpoenas). *See In re Air Crash Disaster at Detroit Metro. Airport on Aug. 16, 1987*, 130 F.R.D. 647, 658 (E.D. Mich. 1989) (MDL court did not have the power to compel the trial testimony of a defendant's employees who were located outside of the jurisdiction at a trial); *see also Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 39-41 (1998) (holding that transferee courts do not have authority to try transferred

---

[2]   Merck incorporates herein by reference its prior briefing on this issue. *See* Motion of David Anstice and Merck to Quash Subpoena ("*Plunkett* Quash Mot.") (Record Docket No. 1564); Merck & Co., Inc.'s Opposition to PSC's Generic Motion *in Limine* (Record Docket No. 4637).

cases).  As the statute and its legislative history make clear, the MDL statute "affects only the pretrial stages in multidistrict litigation."  H.R. REP. No. 1130, at 3-4 (1968); *see* 28 U.S.C. § 1407(b) ("The judge or judges to whom [MDL] actions are assigned . . . may exercise the powers of a district judge in any district *for the purpose of conducting pretrial depositions* in such coordinated or consolidated pretrial proceedings." (emphasis added)).  Numerous courts have recognized that an MDL's enhanced jurisdictional power is limited solely to pre-trial discovery proceedings.  *See, e.g., Lexecon*, 523 U.S. at 39-41; *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006) ("Because these rules could hamstring an MDL court's ability to conduct coordinated *pretrial* proceedings . . . the MDL statute empowers an MDL judge to act as a judge of the deposition or discovery district." (emphasis added)); *In re Auto. Refinishing Paint*, 229 F.R.D. 482, 486 (E.D. Pa. 2005) ("The MDL statute thus authorizes a transferee court judge to sit as the court in other districts to hear and decide motions to compel discovery from non-parties." (citations and quotations omitted)).  Even the PSC's cited authority fully supports this principle.  (*See* PSC's Reply Memorandum in Support of Generic Motion *in Limine* at 12 n.2 (citing *In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F. Supp. 2d 1, 2 (D.D.C. 2003) (recognizing that MDL court has power to enforce or quash *discovery* subpoenas).)  Thus, because the MDL statute does not enlarge the Court's *post*-discovery powers, there is no reason to revisit the Court's unambiguous ruling on the Rule 45 issue.

**B.**  **Because Mr. Anstice Is Beyond the Court's Jurisdictional Reach and Plaintiffs Cannot Show "Good Cause in Compelling Circumstances," the Court Cannot Compel Him to Testify from a Remote Location.**

The PSC argues, in the alternative, that the Court may compel Mr. Anstice to testify at upcoming trials by contemporaneous transmission from a different location, pursuant to Federal Rule of Civil Procedure 43(a).  (*See* May 18, 2206 Hearing Tr. at 15-16 ("The other issue is . . . whether I can be the judge of that area and compel that individual to go down the block to sit in front of a camera and give his testimony at trial here in Louisiana [in a non-deposition format].")

4

The PSC is wrong. Rule 43 does not expand the Court's trial subpoena power under Rule 45. Moreover, even if Mr. Anstice were within the Court's reach, the requirements of Rule 43 have not been met in this case.

The PSC's motion ignores the predicate to Rule 43's application – that is to say, proper jurisdiction over a person who is compelled to testify. The text of Rule 43 makes it abundantly clear that it is *not* an independent source of judicial power to compel a witness to testify at trial via contemporaneous transmission from a remote location. Rather, the rule provides that "[i]n *every* trial, the testimony of witnesses *shall* be taken in open court, *unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise.*" FED. R. CIV. P. 43(a). If, and only if, a law or rule gives a court the power to do so may it "for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location." *Id.* In this case, no law or rule gives the Court the power to compel Mr. Anstice's testimony. As the Court has already ruled, Mr. Anstice is beyond the Court's trial subpoena power. *See In re Vioxx Prods. Liab. Litig.* (*Plunkett*), MDL No. 1657, Minute Entry (E.D. La. Nov. 21, 2005). The one case cited by the PSC in support of its request, *In re San Juan Dupont Plaza Hotel Fire Litigation*, 129 F.R.D. 424 (D.P.R. 1989), is thus inapposite.

In *Dupont Plaza*, the United States District Court for the District of Puerto Rico failed to consider the Rule 45 implications of compelling individuals beyond its trial subpoena power to testify via satellite transmission, brushing aside the defendant's concerns with the statement that, "[a]lthough [former] Rule 45(e)(1) does not explicitly permit this approach, neither does it expressly prohibit it."[3]   *Id.* at 426.   Perhaps not surprisingly, the case preceded the 1991 amendments to Rule 45, which substantially "enlarge[d] the protections afforded persons who are required to assist the court by giving information or evidence." FED. R. CIV. P. 45 advisory committee notes, 1991 Amendments. The new Rule 45 "explicitly authorizes the quashing of a

---

[3]   In 1991, former section 45(e)(1) was replaced by 45(c)(3)(A).   *See* FED. R. CIV. P. 45 advisory committee notes, 1991 Amendments.

812818v.1

subpoena as a means of protecting a witness from *misuse of the subpoena power*. It replaces and enlarges on [former Rule 45(b)]." *Id.* (emphasis added). That the *Dupont Plaza* court did not consider whether compelling witnesses outside of its jurisdictional territory to testify would violate Rule 45 renders the case inapplicable. And even if the *Dupont Plaza* court had considered this violation, it is inapposite because it was decided before Rule 45's 1991 amendments, which provide witnesses greater protection from misuse of the subpoena power.

This Court has already determined, and rightly so, that Mr. Anstice may not be compelled to testify in this forum under Rule 45. The PSC's reliance on Rule 43(a), which does not expand that jurisdiction, therefore does not support its request that Mr. Anstice be compelled to testify from a remote location. And the Court should, of course, reject out-of-hand any suggestion that it engage in any subterfuge or deceit – such as by ordering a *discovery* deposition of Mr. Anstice that "just happens" to be simulcast into the trial. That would be an unseemly abuse of the Court's power.

Moreover, even if this Court did have the power to compel Mr. Anstice's appearance, which it does not, the requirements of Rule 43(a) have not been met in this case. Under the rule, a court may, "*for good cause shown in compelling circumstances* and upon appropriate safeguards, permit the presentation of testimony in open court by contemporaneous transmission from a different location." FED. R. CIV. P. 43(a) (emphasis added). Here, the PSC has failed to show good cause in compelling circumstances. As the advisory committee notes to the rule instruct:

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. . . .
>
> Other possible justifications for remote transmission must be approached cautiously. *Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena* . . . . An unforeseen need for the testimony of a remote witness that arises during trial, however, may establish good cause and compelling circumstances. . . .

> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

FED. R. CIV. P. 43 advisory committee notes, 1996 Amendments (emphasis added).

All of these factors weigh against compelling Mr. Anstice to testify in this Court from a remote location. There is no "unexpected reason" Mr. Anstice will not be at the upcoming trials, and no "unforeseen need" for his testimony. *Id.* To the contrary, it has been Merck's position from the start of this litigation that Mr. Anstice is outside of this Court's trial subpoena jurisdiction. This case is thus akin to *Air Turbine Tech., Inc. v. Atlas Copco AB*, 217 F.R.D. 545 (S.D. Fla. 2003), where the United States District Court for the Southern District of Florida denied plaintiff's motion to compel defendants' foreign employees to testify via videoconference, reasoning:

> Plaintiff has known from the early stages of this case that witnesses from outside the United States would be testifying at trial. Depositions of the witnesses in question have been taken and this case is one month from the scheduled trial date. Additionally, there is no indication that Defendants have misled Plaintiff into believing that they would produce these witnesses for Plaintiff during its case in chief.

*Id.* at 546 (rejecting application of *Dupont Plaza*). So, too, in this case.

The PSC nonetheless argues that denial of its request "would be prejudicial since it would preclude the plaintiffs from confronting the defendant on many pivotal issues." (PSC's Mot. at 22.) But this argument rings hollow, given the many opportunities plaintiffs have had to depose Mr. Anstice in preparation for this litigation. The PSC has "confronted" Mr. Anstice at each of his five depositions. (*See supra* at n.1.) Plaintiffs have hours of videotaped deposition testimony, portions of which they may play or read at trial, as they did in *Plunkett*, per the Court's prior rulings. *See* FED. R. CIV. P. 30, 32; *see also* FED. R. CIV. P. 43 advisory committee's note, 1996 amendments ("Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena."). Therefore, if any prejudice will result from the denial of the PSC's motion, it is of the PSC's own making.

7

## II.   CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court again deny the PSC's request to compel Mr. David Anstice (i) to travel beyond the range of the Court's subpoena power and/or (ii) to testify via contemporaneous transmission from a remote location in future Vioxx-related cases in this Court.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: 202-434-5000
Fax:    202-434-5029

And

812818v.1

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:   213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Brief Regarding The PSC's Renewed Motion

To Compel David Anstice To Testify Either At Trial Or By Live Transmission From Another

Location has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand

delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File

& Serve Advanced in accordance with Pre-Trial Order No. 8, on this 31st day of May, 2006.

_Dorothy H. Wimberly_

812818v.1