ORIGINAL

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*   MDL NO. 1657

In re: VIOXX                   \*

PRODUCTS LIABILITY LITIGATION  \*   SECTION: L

                           \*

This Document Relates to:         \*

                           \*

*Ralph DeToledo et al. v. Merck & Co., Inc.,* \*   JUDGE FALLON

*MDL No. 05-5083 and*          \*

                           \*   MAG. JUDGE KNOWLES

*Aldo Calandra, et al. v. Merck & Co., Inc.* \*

*MDL No. 05-2914*            \*

                           \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS THE FOREIGN CLASS ACTIONS, OR IN THE ALTERNATIVE, STRIKE THE <u>FOREIGN CLASS ALLEGATIONS</u>

Kenneth B. Moll
Genevieve M. Bernal
Pamela G. Sotoodeh
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
(312) 558-6444

Counsel for the Italian and
French Class Plaintiffs



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

# TABLE OF CONTENTS

Page

I.    BACKGROUND ........................................... 4

II.   LEGAL ARGUMENT ....................................... 6

    A.    Defendant's Motion To Dismiss Should Be Denied Under
      *Forum Non Conveniens* Because the Two Step Analysis Does
      Not Overwhelmingly Favor Dismissal ..................... 6

        1.    France and Italy Do Not Provide Adequate Alternative
            Forums Or Satisfactory Remedies ................... 8

            a.    France Is An Inadequate Forum and Does Not
                  Provide a Sufficient Remedy ................. 10

                i.    *Magnin v. Teldyne Continental Motors*
                        States That France Is an Adequate
                        Forum Only Because Defendants Agreed
                        To Jurisdiction ....................... 11

                ii.   France Does Not Have Class Actions ...... 11

                iii.  U.S. Judgment Would Be Recognized In
                        France .............................. 12

                iv.   Under French Law, Production of
                        Evidence Is Not Required and Is
                        Completely Under the Judge's
                        Discretion .......................... 12

                v.    The Expense of Legal Fees and Expenses
                        Makes Bringing a Lawsuit In France
                        Unlikely ............................ 13

            b.    Italy Is An Inadequate Forum and Does Not
                  Provide a Satisfactory Remedy ............... 15

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL:   312.558.6444
FAX:   312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

i.      *Traver v. Officine Meccaniche Toshci Spa* Does Not Support Defendant's Claim That Italy Is An Adequate Forum ... 16

ii.     Italy Does Not Provide a Similar Remedy To a Class Action .............. 16

iii.    If a Trial Were Held In Italy, Relief Would Not Be Granted For 15-20 Years As Evidenced By the Seveso Case ........ 19

iv.     A Medical Monitoring Subclass Is Not Available In Italy .................... 19

v.      Litigation In Italy Is Cost Prohibitive ...... 20

2.      The Private and Public Interest Factors Do Not Weigh In Favor of Dismissal ........................... 21

a.      The Private Interest Factors Do Not Overwhelmingly Favor Dismissal .............. 24

i.      All Critical Evidence Is Located In the United States ........................ 24

ii.     Depositions Can Be Used If the Third Party Witness Is Outside the Court's Reach  ........................... 27

b.      The Public Interest Factors Do Not Warrant Dismissal  ........................... 30

i.      Litigating the Foreign Class Actions In the U.S. Will Not Expand the Proceedings ........................ 30

ii.     The U.S. Has a Strong Interest In Adjudicating the Class Actions Because Defendant's Tortious Conduct Occurred In the United States  .................. 31



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

iii.   Outcome of Class Actions Will Not Disrupt Foreign Regulatory Judgements . . . 33

iv.   The Adequacy of Warnings Will Be Determined By an Expert . . . . . . . . . . . . . . 34

v.   Merck's Subsidiaries Are Controlled By The Parent Company . . . . . . . . . . . . . . . . . 34

vi.   Irrespective of Which State's Choice of Law Rules Govern, New Jersey Law Will Apply In This Litigation . . . . . . . . . . . . . . . 35

    (a)   Under Illinois Choice of Law Rules, New Jersey Law Will Apply . . . . . . . . . . . . . . . . . . . . . . . 35

    (b)   Under New Jersey Choice of Law Rules, New Jersey Law Will Apply . . . . . . . . . . . . . . . . . . . . . . . 36

    (c)   Under Louisiana Choice of Law Rules, New Jersey Law Will Apply . . . . . . . . . . . . . . . . . . . . . . . 37

    (d)   Foreign Law Can Be Applied In Federal Court . . . . . . . . . . . . . . . . . 38

B.   Alternatively, Plaintiffs Ask That Certain Conditions Be Imposed On Defendants If This Court Dismisses the Foreign Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

III.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

# TABLE OF AUTHORITIES

Page

**Statutes**

FED. R. CIV. P. 28(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

28 U.S.C. §1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

**Cases**

*Alfadda v. Fenn,*
 1994 WL 714254 (S.D.N.Y. Dec 22, 1994) . . . . . . . . . . . . . . . . . . . . . . . 5

*Alpine View Co. Ltd. v. Atlas Copco AB,*
 205 F.3d 208 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Bhatnagar v. Surrendra Overseas Ltd.,*
 52 F.3d 1220 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.,*
 145 F.3d 481 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Carlenstolpe v. Merck & Co., Inc.,*
 638 F.Supp. 901 (S.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Chan Tse Ming v. Cordis Corp.,*
 704 F.Supp. 217 (S.D. Fla. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 32

*Doe v. Hyland Therapeutics Division,*
 807 F.Supp. 1117 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Dowling v. Richardson-Merrell, Inc.,*
 727 F.2d 608 (6th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Empresas Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G., et al.,*
 955 F.2d 368 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gulf Oil v. Gilbert,*
 330 U.S. 501 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**K:BM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

*In re Air Crash Disaster Near New Orleans, LA,*
    821 F.2d 1147 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Air Crash Over the Taiwan Straits on May 25, 2002,*
    331 F.Supp. 2d 1176 (C.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*In re: Assicurazioni Generali S.P.A. Holocaust Ins. Litig.,*
    228 F.Supp.2d 348 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.,*
    190 F.Supp.2d 1125 (S.D.Indiana 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 25

*In re Disaster at Riyadh Airport, Saudi Arabia, on August 19, 1980,*
    540 F.Supp. 1141 (D.C. Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*In re Factor VIII or IX Concentrate Blood Products Liab. Litig.,*
    408 F.Supp.2d 569 (N.D. Ill. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*In re Rezulin Products Liab. Litig.,*
    214 F.Supp.2d 396 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Richardson-Merrell, Inc.,*
    545 F.Supp 1130 (S.D. Ohio 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31,

*In re Silicone Breast Implants Liab. Litig.,*
    887 F.Supp. 1447 (N.D.Ala 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*In re Silicone Breast Implants Liab. Litig.,*
    887 F.Supp. 1469 (N.D. Ala 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39, 40

*Ingersoll v. Klein,*
    46 Ill.2d 42, 47, 262 N.E.2d 593 (Ill. Sup. Ct. 1970) . . . . . . . . . . . . . 35, 38

*International Union of Operating Engineers Local #68 Welfare Fund v. Merck &
Co.,*
    384 N.J.Super. 275, 894 A.2d 1136 (N.J.Super.A.D. 2006) . . . . . . . . . . 38

*Iragorri v. United Technologies Corp.,*
    274 F.3d 65 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Irish Nat'l Ins. Co. Ltd. v. Aer Lingus Teoranta,*
    739 F.2d 90 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-v-

*Kamel v. Hill-Rom Co., Inc.,*
    108 F.3d 799 (7th Cir. 1997) ............................. 7, 10, 22

*Karim v. Finch Shipping Co. Ltd.,*
    265 F.3d 258 (5th Cir. 2001) ..................................... 6

*Koster v. American Lumbermens Mutual Casualty Co.,*
    330 U.S. 518 (1947) ........................................ 22, 23

*Lacey v. Cessna Aircraft Co.,*
    862 F.2d 38 (3d Cir. 1988) ................................. 6, 7, 21

*Lacey v. Cessna Aircraft Co.,*
    932 F.2d 170 (3d Cir. 1999) ................................. 10, 22

*Ledingham v. Parke-Davis Div of Warner-Lambert Co.,*
    628 F.Supp. 1447 (E.D.N.Y. 1986) .............................. 40

*Lehman v. Humphrey Cayman, Ltd.,*
    713 F.2d. 339 (8th Cir. 1983) ............................... *passim*

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,*
    523 U.S. 26 (1998) .............................................. 5

*Magnin v. Teldyne Continental Motors,*
    91 F.3d 1424 (11th Cir. 1996) ................................. 11

*Manu Int'l., S.A. v. Avon Products, Inc.,*
    641 F.2d 62 (2d Cir. 1981) ..................................... 9

*Marchesani v. Pellerin-Milnor Corp.,*
    269 F.3d 481 (5th Cir. 2001) .................................. 38

*Oppenheimer Fund, Inc. v. Sanders,*
    437 U.S. 340 (1978) ........................................... 5

*Oyuela v. Seacor Marine (Nigeria), Inc.,*
    290 F.Supp.2d 713  (E.D. La. 2003) ........................... 21

*Piper Aircraft Co. v. Reyno,*
    454 U.S. 235 (1981) ........................................ *passim*

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**K:BM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

*R. Maganlal & Co. v. M.G. Chemical Co., Inc.,*
    942 F.2d 164 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Reid-Walen v. Hansen,*
    933 F.2d 1390 (8th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Rowe v. Hoffman-La Roche Inc.,*
    383 N.J.Super. 442, 892 A.2d 694 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Societe Nationale Industrielle Aerospatiale v. United States District Court for the
Southern District of Iowa,*
    482 U.S. 522 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*The Founding Church of Scientology of Washington, D.C. v. Verlag,*
    536 F.2d 429 (D.C. Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Traver v. Officine Meccaniche Toshci Spa,*
    233 F.Supp.2d 404 (N.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Turan v. Universal Plan Inv. Ltd.,*
    70 F. Supp. 2d 671 (E.D. La. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 21, 23, 31

*Van Der Verlde v. Philip Morris Inc.,*
    2004 WL 48891 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Vasquez v. Bridgestone/Firestone, Inc.,*
    325 F.3d 665 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10



**K:3M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

## TABLE OF AUTHORITIES

Page

**Statutes**

FED. R. CIV. P. 28(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

28 U.S.C. §1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

**Cases**

*Alfadda v. Fenn,*
   1994 WL 714254 (S.D.N.Y. Dec 22, 1994) . . . . . . . . . . . . . . . . . . . . . . . 5

*Alpine View Co. Ltd. v. Atlas Copco AB,*
   205 F.3d 208 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Bhatnagar v. Surrendra Overseas Ltd.,*
   52 F.3d 1220 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.,*
   145 F.3d 481 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Carlenstolpe v. Merck & Co., Inc.,*
   638 F.Supp. 901 (S.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Chan Tse Ming v. Cordis Corp.,*
   704 F.Supp. 217 (S.D. Fla. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 33

*Doe v. Hyland Therapeutics Division,*
   807 F.Supp. 1117 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Dowling v. Richardson-Merrell, Inc.,*
   727 F.2d 608 (6th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Empresas Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G., et al.,*
   955 F.2d 368 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gulf Oil v. Gilbert,*
   330 U.S. 501 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*In re Air Crash Disaster Near New Orleans, LA,*
    821 F.2d 1147 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Air Crash Over the Taiwan Straits on May 25, 2002,*
    331 F.Supp. 2d 1176 (C.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*In re: Assicurazioni Generali S.P.A. Holocaust Ins. Litig.,*
    228 F.Supp.2d 348 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.,*
    190 F.Supp.2d 1125 (S.D.Indiana 2002) . . . . . . . . . . . . . . . . . . . . . . . . 25

*In re Disaster at Riyadh Airport, Saudi Arabia, on August 19, 1980,*
    540 F.Supp. 1141 (D.C. Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*In re Factor VIII or IX Concentrate Blood Products Liab. Litig.,*
    408 F.Supp.2d 569 (N.D. Ill. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

*In re Rezulin Products Liab. Litig.,*
    214 F.Supp.2d 396 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Richardson-Merrell, Inc.,*
    545 F.Supp 1130 (S.D. Ohio 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31, 39

*In re Silicone Breast Implants Liab. Litig.,*
    887 F.Supp. 1447 (N.D.Ala 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*In re Silicone Breast Implants Liab. Litig.,*
    887 F.Supp. 1469 (N.D. Ala 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Ingersoll v. Klein,*
    46 Ill.2d 42, 47, 262 N.E.2d 593 (Ill. Sup. Ct. 1970) . . . . . . . . . . . . . 36, 38

*International Union of Operating Engineers Local #68 Welfare Fund v. Merck & Co.,*
    384 N.J.Super. 275, 894 A.2d 1136 (N.J.Super.A.D. 2006) . . . . . . . 37, 38

*Iragorri v. United Technologies Corp.,*
    274 F.3d 65 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Irish Nat'l Ins. Co. Ltd. v. Aer Lingus Teoranta,*
    739 F.2d 90 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Kamel v. Hill-Rom Co., Inc.,*
    108 F.3d 799 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 22

*Karim v. Finch Shipping Co. Ltd.,*
    265 F.3d 258 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Koster v. American Lumbermens Mutual Casualty Co.,*
    330 U.S. 518 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*Lacey v. Cessna Aircraft Co.,*
    862 F.2d 38 (3d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 22

*Lacey v. Cessna Aircraft Co.,*
    932 F.2d 170 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 22

*Ledingham v. Parke-Davis Div of Warner-Lambert Co.,*
    628 F.Supp. 1447 (E.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*Lehman v. Humphrey Cayman, Ltd.,*
    713 F.2d. 339 (8th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,*
    523 U.S. 26 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Magnin v. Teldyne Continental Motors,*
    91 F.3d 1424 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Manu Int'l., S.A. v. Avon Products, Inc.,*
    641 F.2d 62 (2d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Marchesani v. Pellerin-Milnor Corp.,*
    269 F.3d 481 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

*Oppenheimer Fund, Inc. v. Sanders,*
    437 U.S. 340 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Oyuela v. Seacor Marine (Nigeria), Inc.,*
    290 F.Supp.2d 713  (E.D. La. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Piper Aircraft Co. v. Reyno,*
    454 U.S. 235 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

K·B·M

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*R. Maganlal & Co. v. M.G. Chemical Co., Inc.,*
    942 F.2d 164 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Reid-Walen v. Hansen,*
    933 F.2d 1390 (8th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Rowe v. Hoffman-La Roche Inc.,*
    383 N.J.Super. 442, 892 A.2d 694 (2006) . . . . . . . . . . . . . . . . . . . . . . . . 37

*Societe Nationale Industrielle Aerospatiale v. United States District Court for the
Southern District of Iowa,*
    482 U.S. 522 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*The Founding Church of Scientology of Washington, D.C. v. Verlag,*
    536 F.2d 429 (D.C. Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Traver v. Officine Meccaniche Toshci Spa,*
    233 F.Supp.2d 404 (N.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Turan v. Universal Plan Inv. Ltd.,*
    70 F. Supp. 2d 671 (E.D. La. 1999) . . . . . . . . . . . . . . . . . . . . . . . . 21, 23, 31

*Van Der Verlde v. Philip Morris Inc.,*
    2004 WL 48891 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Vasquez v. Bridgestone/Firestone, Inc.,*
    325 F.3d 665 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| * * * * * * * * * * * * * * | MDL NO. 1657 |
| In re: VIOXX | |
| PRODUCTS LIABILITY LITIGATION * | SECTION: L |
| *This Document Relates to* | |
| *Ralph DeToledo et al. v. Merck & Co., Inc..* * | JUDGE FALLON |
| *MDL No. 05-5083 and* | |
| *Aldo Calandra, et al. v. Merck & Co., Inc.* * | MAG. JUDGE KNOWLES |
| *MDL No. 05-2914* | |
| * * * * * * * * * * * * * * | |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO
DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS THE
FOREIGN CLASS ACTIONS, OR IN THE ALTERNATIVE, STRIKE THE
<u>FOREIGN CLASS ALLEGATIONS</u>

The United States judicial system, in particular, the Multidistrict Litigation

("MDL") transferee Court, is in the best position to assess the liability of Merck, a

United States corporation residing in the United States which tested, developed,

designed, manufactured, and promoted a defective product, Vioxx, to U.S. citizens

and to citizens from other countries, including France and Italy. The decisions,

instructions, and plans to sell Vioxx all occurred in the United States. The

documents and witnesses relating to Defendant's harmful conduct are located in the

United States, which are critical in deciding Defendant's liability. The purpose of

MDL is to coordinate and consolidate pretrial proceedings, to centralize the litigation

to avoid duplication of discovery, and to conserve resources of the parties, their

counsel and the judiciary. The MDL is the most effective procedure for handling

mass tort litigation, such as the Vioxx litigation. This MDL has been incredibly

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

efficient at handling this litigation.  Two trials have already been concluded and several more are scheduled for the upcoming months.  The MDL provides a convenient location for all pre-trial discovery.

Defendant Merck will not dispute that the manufacture of Vioxx occurred in the United States.  It will also not dispute that the development, design, testing, and the decision to recall Vioxx occurred in the United States.  Defendant studied the effects of Vioxx at its New Jersey headquarters and submitted proposed labeling changes from New Jersey.  It also coordinated the distribution of Vioxx to thousands of pharmacies around the world from New Jersey through its subsidiaries.  All important decisions were directed from Defendant's headquarters in New Jersey.  These acts make up critical evidence that is the center of this lawsuit and the most important reasons why the French and Italian Class Actions should remain in the United States and not be dismissed to France and Italy.

This Court, as well as the New Jersey state court litigation, has progressed further than any other court in the country.  There is no current coordinated Vioxx litigation in either France or Italy.  If this Court dismisses the French and Italian Class Actions, competing litigation in foreign countries would most certainly detract from the ongoing litigation in U.S. courts.  Foreign claimants should not be precluded from pursuing their Class Actions against Merck in an arena that already contains most of the evidence supporting liability which will most efficiently expedite this litigation.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL:  312.558.6444
FAX:  312.558.1112
TOLL FREE:  888.882.3453
www.kbmoll.com

-2-

There is no substantial burden upon the United States judicial system because the additional foreign claimants are not substantial.  Currently in fact, the number of foreign claims that would be brought will be less than 300.[1]  Most importantly, there is no similar relief available to foreign claimants in their forum.  The Class Actions filed in this litigation request relief for personal injuries, medical monitoring, and purchase claims.  At the very least, a class action for medical monitoring and purchase claims should be sustained since no basis of relief exists for these two claims outside the American judicial system.

Merck is a citizen incorporated in the United States and should be held accountable for its actions in its home, where all documents and witnesses supporting liability are housed.  Merck wishes this Court to believe that it is more convenient to translate all of their documents[2] produced in this litigation and travel to the various countries around the world with their American litigation team and Merck witnesses than to defend the litigation of foreign claimants here in the U.S.  As will be set forth below, Merck has not met its burden of persuasion as to all elements of the *forum non conveniens* analysis. Merck fails to show that an adequate alternative

---

[1] KENNETH B. MOLL & ASSOCIATES, LTD. is the only firm against which Merck & Co., Inc. has filed a Motion to Dismiss Foreign Claims.  The total amount of foreign claimants in all countries worldwide represented by the firm is 270.

[2] As of May 24, 2006 there are at least 1,779,516 documents (over 10,000,000 pages) produced, according to an estimate by the Document Depository Librarian/Paralegal in New Orleans, Louisiana.

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

forum exists and that the private and public interest factors weigh heavily on the side of dismissal. The cental focus of the *forum non conveniens* inquiry is on convenience. Convenience is strictly related to where the "focal point" of the litigation takes place (where the majority of employees, documents, witnesses, and evidence related to the transaction are located). The court must decide where trial will best serve the convenience of the parties and the ends of justice. Clearly no other factual scenario in major mass tort litigation in recent U.S. history stands out stronger for denial of a Motion to Dismiss on *forum non conveniens* grounds than the current Vioxx litigation against Merck. This memorandum sets forth the grounds for denying Merck's Motion to Dismiss based on *forum non conveniens*.

## I.   BACKGROUND

Plaintiffs filed twelve class actions on behalf of foreign individuals who ingested Vioxx.[3] On January 12, 2006 Defendant filed its Motion To Dismiss The

---

[3]   Linda Grant, et al. v. Merck & Co., Inc., Case No. 2:05cv451, filed October 5, 2004 (Worldwide); Aldo Calandra, et al. v. Merck & Co., Inc., Case No. 2:05cv2914, filed May 9, 2005 (Italy); Mark Bentley, et al. v. Merck & Co., Inc., Case No. 2:05cv3383, filed May 31, 2005 (UK); Ralph DeToledo, et al. v. Merck & Co., Inc., Case No. 2:05cv5083, filed August 29, 2005 (France); Kerry Brunton, et al. v. Merck & Co., Inc., Case No. 2:05cv4185, filed September 6, 2005 (Australia); Delores Gough, et al. v. Merck & Co., Inc., Case No. 2:05cv5331, filed September 12, 2005 (Canada); Helen Raroa, et al. v. Merck & Co., Inc., Case No. 2:05cv4184, September 19, 2005 (New Zealand); Bronwynn Donough, et al. v. Merck & Co., Inc., Case No. 2:05cv5603, filed September 26, 2005 (South Africa); Elke Mahla, et al. v. Merck & Co., Inc., Case No. 2:05cv4557, filed October 3, 2005 (Germany); Elisabeth van der Knaap, et al. v. Merck & Co., Inc., Case No. 2:05cv4748,

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-4-

Foreign Class Actions, Or In The Alternative, Strike The Foreign Class Allegations for six of the foreign countries: England, Australia, Italy, France, South Africa, and Canada. Plaintiffs then filed their Motion To Strike Defendant Merck & Co., Inc.'s Motion To Dismiss The Foreign Class Actions, Or In The Alternative, Strike The Foreign Class Allegations. Plaintiffs argued that Defendant's Motion to Dismiss was inappropriate and premature because this Court's authority is limited to pretrial matters in light of *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Finally, and most importantly Plaintiffs asked this Court for pretrial discovery in order to support their opposition to Defendant's Motion To Dismiss. Plaintiffs' submitted that discovery is essential to adjudicating the legal and factual issues that arise in a motion to dismiss on the theory of *forum non conveniens. See Alfadda v. Fenn*, 1994 WL 714254, at *1 (S.D.N.Y. Dec. 22, 1994). *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (discovery is available for issues dealing with jurisdiction or venue). Plaintiffs' motion for discovery was denied by this Court on March 23, 2006. Without discovery, Plaintiffs can only respond to Defendant's motion with the limited amount of knowledge the Plaintiffs have available. Plaintiffs submit that Defendant's Motion to Dismiss is

---

filed October 11, 2005 (The Netherlands); Joanna Baranowska, et al. v. Merck & Co., Inc., Case No. 2:05cv4976, filed October 17, 2005 (Poland); and Ruth Gutfeld, et al. v. Merck & Co., Inc., Case No. 2:05cv5048, filed October 24, 2005 (Israel).

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

premature and should be denied.  Plaintiffs and Defendant have agreed that the French and Italian *forum non conveniens* motions should be decided first before addressing the remaining foreign Class Actions.

II.      **LEGAL ARGUMENT**

   A.      **Defendant's Motion To Dismiss Should Be Denied Under *Forum Non Conveniens* Because the Two Step Analysis Does Not Overwhelmingly Favor Dismissal**

Under the doctrine of *forum non conveniens*, the court may decline jurisdiction and dismiss the case to be tried in another forum. *Gulf Oil v. Gilbert*, 330 U.S. 501, 507 (1947).  *See Karim v. Finch Shipping Co. Ltd.*, 265 F.3rd 258, 268 (5th Cir. 2001).  "The *forum non conveniens* determination is committed to the sound discretion of the trial court."  *Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 257 (1981).  This Court has the responsibility of determining whether or not the foreign Plaintiffs can pursue their claim in the U.S.  A two step analysis is performed when analyzing a motion to dismiss under *forum non conveniens*.  Step one is to determine whether or not the alternative forum is adequate.  Step two involves balancing the public and private interest factors.  The Defendant has "the burden of persuasion as to all elements of the forum non conveniens analysis." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43-44 (3d Cir. 1988).  It "must show that an adequate alternative forum exists . . . and, if so, that the private and public interest factors weigh **heavily** on the side of dismissal." *Id.* at 44 [Emphasis added].



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The court must also consider the plaintiff's choice of forum. Typically, there is a strong deference in favor of the plaintiff's choice of forum. *See Piper*, 454 U.S. at 256; *Carlenstolpe v. Merck & Co., Inc.*, 638 F.Supp. 901, 904 (S.D.N.Y. 1986); *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799 (7th Cir. 1997). According to the Supreme Court, "[w]hen the plaintiff is foreign, however, this assumption is much less reasonable." *Piper*, 454 U.S. at 256. *See Lacey*, 862 F.2d at 43; *In re Rezulin Products Liab. Litig.*, 214 F.Supp.2d 396, 399 (S.D.N.Y. 2002). But, a foreign plaintiff's choice of forum "is not an invitation to accord a foreign plaintiff's selection of an American forum no deference since dismissal for forum non conveniens is the exception rather than the rule." *In re Air Crash Disaster Near New Orleans, LA*, 821 F.2d 1147, 1164 n.26 (5th Cir. 1987). The Court in *In re Air Crash Disaster Near New Orleans, LA* goes on to state "[t]he fact that plaintiffs are foreign is not, in and of itself, sufficient to require dismissal under forum non conveniens." *In re Air Crash Disaster Near New Orleans, LA*, 821 F.2d at 1164 n.26. It is the defendant's "burden to demonstrate why the presumption in favor of plaintiff's choice, weakened though it may be, should be disturbed." *Carlenstolpe*, 638 F.Supp. at 904. Plaintiff's forum choice deserves less deference when "it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons . . ." *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). On the other hand, it deserves greater deference when "it appears that a domestic or foreign plaintiff's choice of

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-7-

forum has been dictated by reasons that the law recognizes as valid . . ." *Id.* at 72. "[T]he greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States," the stronger the deference is to plaintiff's forum choice and the harder it becomes for the defendant's motion to succeed. *Id.* at 72 (footnote omitted). Plaintiff's choice of forum should not be disturbed since the choice was guided by convenience and the litigation's connection to the United States. *Id.* at 72. The United States is where Defendant's tortious conduct occurred and where the majority of documents are located. Because the majority of the activities surrounding this litigation occurred in the United States, the Plaintiffs should be treated equally regardless of what country they reside in and their choice of forum should be given strong deference and should not be disturbed. Defendant has not provided any significant argument as to why the Plaintiffs' choice of forum should be disturbed. *Carlenstolpe*, 638 F.Supp. at 904.

1.   France and Italy Do Not Provide Adequate Alternative Forums Or Satisfactory Remedies

In determining whether or not the alternative forum is adequate, the court must first verify the existence of an alternative forum. *Piper*, 454 at 255 n.22. An alternative forum is available "when the defendant is 'amenable to process' in the other jurisdiction." *Id. quoting Gulf*, 330 U.S. at 506-507. *See Empresas Lineas Maritimas Argentinas, S.A.* v. *Schichau-Unterweser, A.G., et al.*, 955 F.2d 368, 372



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-8-

(5th Cir. 1992). Even if the defendant is amenable to process in the alternative forum, it may still be inadequate "where the remedy offered by the other forum is clearly unsatisfactory." *Piper*, 454 U.S. at 255 n.22. A foreign forum is adequate when the parties will not be deprived of all the remedies or treated unfairly, although they may not enjoy the same benefits as they might receive in an American court. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). Furthermore, "the court must be alert to the realities of the plaintiff's position, financial and otherwise, and his or her ability as a practical matter to bring suit in the alternative forum." *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d. 339, 346 (8th Cir. 1983). *See also Irish Nat'l Ins. Co. Ltd. v. Aer Lingus Teoranta*, 739 F.2d 90, 91 (2d Cir. 1984) (granting of a motion to dismiss based on *forum non conveniens* can "send the case to a jurisdiction which has imposed such severe monetary limitations on recovery as to eliminate the likelihood that the case will be tried"). The Court in *Manu Int'l., S.A. v. Avon Products, Inc.*, 641 F.2d 62 (2d Cir. 1981) considered it "perversion of the *forum non conveniens* doctrine to remit a plaintiff, in the name of expediency, to a forum in which, realistically, it will be unable to bring suit when the defendant would not be genuinely prejudiced by having to defend at home in the plaintiff's chosen forum." *Manu*, 641 F.2d at 67.

An important aspect of an adequate forum is that the entire case and all parties can come within the jurisdiction of that forum. *Alpine*, 205 F.3d at 221. *See*

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-9-

*Kamel*, 108 F.3d at 803; *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). It entails locating one "judicial roof" under which each and every action can be litigated. *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 183 n.10, 190 (3d Cir. 1999).

a.    <u>France Is An Inadequate Forum and Does Not Provide a Sufficient Remedy</u>

France does not provide an adequate forum in which Plaintiffs can litigate their claims. The lack of proper mechanisms for Plaintiffs to litigate their claims against Defendant in France renders French courts inadequate and practically non-existent as a forum. France is clearly an inadequate forum because the French forum unfairly deprives the Plaintiffs of effective remedies to pursue their claims. *Alpine*, 205 F.3d at 221. Plaintiffs do not have a viable opportunity to bring a claim against Defendant in France. In France, there is no equivalent to class action lawsuits and contingency fee arrangements are prohibited by law. (*See* Declaration of Catherine Kessedjian ("Kessedjian Decl.") ¶¶ 12-15) (attached as Exhibit A)[4] Moreover, if Plaintiffs lose their case in a French court, they face the possibility of having to pay

---

[4]    Professor Catherine Kessedjian, is a full Professor of Law at the *Univeriste Pantheon-Assas Paris II*, in Paris, among other prominent credentials. She also presides over an international work group established under the auspices of the International Law Association to study the issues that arise in class actions and the possible insertion into French law of such mechanisms. From 1996 to 2000, Professor Kessedjian was the Deputy Secretary General for The Hague Conference on Private International law. (*See* Kessedjian Curriculum Vitae attached as Exhibit B)

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-10-

for Defendant's legal fees and expenses which, in the present case, plays a significantly discouraging role, because Defendant has publicly advertised that it has set aside one billion dollars to pay for its legal defense.  (*See* Kessedjian Decl. ¶17)

i.      <strong><em>Magnin v. Teldyne Continental Motors</em> States<br>That France Is An Adequate Forum Only<br>Because Defendants Agreed To Jurisdiction</strong>

Defendant makes the sweeping allegation that France provides an alternative forum in which Plaintiffs can litigate their disputes. (Defendant's Motion To Dismiss at pg. 9)  In support of its assertion, defendant cites *Magnin v. Teldyne Continental Motors*, 91 F.3d 1424 (11th Cir. 1996).  In *Magnin,* the Court held that France was an available alternative forum only because defendants agreed to submit to French jurisdiction.  *Magnin*, 91 F.3d at 1429.  There was no discussion as to whether or not France provided a satisfactory remedy.   Here, Defendant's consent to French jurisdiction is not sufficient to make France an adequate forum because the remedy in France is not satisfactory.  *Piper*, 454 U.S. at 255 n.22.

ii.      <strong>France Does Not Have Class Actions</strong>

France offers nothing similar to an American class action lawsuit. (*See* Kessedjian Decl. ¶12)  The nearest equivalent to a class action are "group actions," which have a very limited scope, require enacted legislation for specific uses, and only permit certain groups to initiate these types of actions.  (*See* Kessedjian Decl. ¶12)  These specified groups include trade unions, "accredited and nationally representative consumer association[s]," and those bringing actions "for the protection of investors



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-11-

in shares of stock and other financial instruments." (*See* Kessedjian Decl. ¶12) Professor Kessedjian asserts that class actions *per se* are far from being inserted in the French legal system because of political reticence and not surprisingly, the active lobbying exerted by corporations against its adoption. (*See* Kessedjian Decl. ¶13)

          iii.     <u>U.S. Judgment Would Be Recognized In France</u>

Any judgment rendered in the United States against the Defendant would be valid in France and the Defendant would not be "judged again in France in an identical or similar lawsuit." (Kessedjian Decl. ¶28) American courts will have jurisdiction over the Defendant and "contrary to what Professor Raynouard [Defendant's expert] indicates, in order to verify the jurisdiction of a foreign judge, the French judge should not at all see whether there is a legal link between the plaintiffs and Merck." (Kessedjian Decl. ¶¶34, 35, Raynouard Decl. ¶8.1(a)) And if the outcome of the U.S. trial is favorable to the Defendant, the Defendant can prevent the Plaintiffs from objecting to the recognition of the judgment in France through estoppel, which is recognized by the French Court of Cassation. (*See* Kessedjian Decl. ¶37)

          iv.     <u>Under French Law, Production of Evidence Is Not Required and Is Completely Under the Judge's Discretion</u>

Moreover, in France the parties in a litigation are not obligated to produce evidence in their possession. (*See* Kessedjian Decl. ¶20) The administration of

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-12-

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

evidence in the French courts and the power to compel production of evidence lies on the judge who rarely uses this power. (*See* Kessedjian Decl. ¶20)  The judge has the ability to issue sanctions, civil fines, or damages to compel evidence, but "the sanctions are generally of a small amount and are rarely used when individuals whose assistance is necessary are not under the control of the parties." (Kessedjian Decl. ¶20) The fines issued are usually small amounts, fifteen to 1500 €. (*See* Kessedjian Decl. ¶20)  This is not sufficient to compel someone to produce evidence.  It is unlikely that the Defendant, if sued in France, will be required to produce any evidence located in the United States.  Without this indispensable evidence, the Plaintiffs' claim will be prejudiced.

     v.     <u>The Expense of Legal Fees and Expenses Makes Bringing a Lawsuit In France Unlikely</u>

The likelihood of an individual Plaintiff seeking judgment against the Defendant is weakened with the prospect of having to pay Defendant's legal fees and expenses along with his or her own legal fees and expenses.  Article 700 of the New French Civil Code establishes that the losing party in a litigation faces the possibility of having to pay the legal fees of the victorious party. (*See* Kessedjian Decl. ¶¶16, 17)[5] Contingency fee arrangements are also prohibited by law. (*See* Kessedjian Decl.

---

[5]    A judge might not order plaintiffs to pay legal fees for a corporate defendant, but if the judge "believes that the individual should not have taken action, he would order that individual to pay a certain percentage of the costs incurred by the company." (Kessedjian Decl. ¶18)

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-13-

¶¶14, 15)  Only those who earn below a certain income are eligible for legal aid, but the income requirements are extremely low and would exclude a number of individuals who could not afford to bring a claim and who would not qualify for legal aid.  (*See* Kessedjian Decl. ¶16)[6]  If Plaintiffs are forced to sue the Defendant in France, they would have to convince counsel to take their case and estimate the legal fees, which would be difficult if not impossible to determine because of the large amount of money Defendant has set aside for legal fees.  French claimants that do not qualify for legal assistance and do not have the means to pay hourly legal fees are better off not pursuing their claims, especially in a potentially lengthy litigation like the case against Merck.  The reality of the Plaintiffs' situation, is that they would not file their claim in France because the cost associated with it would be so burdensome that bringing the claim in the French forum would be unfeasible.  *Lehman*, 713 F.2d 339.[7]

---

[6]  "[T]he maximum level of income is 859 euros [$1,104.12 conversion on May 24, 2006] per month for total legal aid, and 1288 euros [$1,655.53 conversion on May 24, 2006] for partial aid, including the joint income of a couple and of persons habitually living in the household and after a deduction of 155 euros [$199.229 conversion on May 24, 2006] for each of the first two dependents and 98 euros [$125.964 conversion on May 24, 2006] per person beginning with the third dependent."  (Kessedjian Decl. ¶16 n.8)

[7]  The court should take into consideration the "plaintiff's position, financial and otherwise" in deciding whether or not the foreign forum is adequate.  *Lehman*, 713 F.2d. at 346.

**KBM**
KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-14-

b.    Italy Is An Inadequate Forum and Does Not Provide a Satisfactory Remedy

Italy does not provide Plaintiffs an adequate and alternative forum. Defendant may have agreed to submit to the jurisdiction of Italy, but the remedy provided by Italy is "unsatisfactory." *Piper*, 454 U.S. at 255 n.22.[8] There is no vehicle in Italy for class action lawsuits, nor is there any similar type of lawsuit that provides a class action type of remedy. (Declaration of Claudio Consolo ("Consolo Decl.") ¶III.a.1) (attached as Exhibit C)[9] There is also not an action in Italy to provide for a medical monitoring subclass. (*See* Consolo Decl. ¶III.b.13) Further, like in France, the fee-shifting rule makes it highly improbable that the Plaintiffs will bring a lawsuit against the Defendant. (*See* Consolo Decl. ¶III.b.20) As previously stated, the Court must take into account Plaintiffs' ability to financially and practically bring the suit. *Lehman*, 713 F.2d at 346.

---

[8]    "[W]here the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied." *Piper*, 454 U.S. at 255 n.22.

[9]    Professor Claudio Consolo graduated from the University of Padua in 1978 with a degree in Law. He is a Regular Professor of Civil Procedural law at the University of Padua's School of Law. Professor Consolo has authored over two hundred legal treaties regarding Italian civil procedure and was also a speaker at the 3rd European Jurists Forum in Geneva in 2005. (*See* Consolo Curriculum Vitae)(attached as Exhibit D)

**KB M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

      i.      **_Traver v. Officine Meccaniche Toshci Spa_ Does Not Support Defendant's Claim That Italy Is An Adequate Forum**

Defendant argues that Italy has been found to be an adequate forum. (Defendant's Motion to Dismiss at pg. 9)  Defendant cites to *Traver v. Officine Meccaniche Toshci Spa*, 233 F.Supp.2d 404 (N.D.N.Y. 2002) as a case where the Court found Italy to be an adequate forum. *Traver*, 233 F.Supp.2d at 415.  This case does find Italy to be an adequate forum, but only because the plaintiff did not offer any evidence to support his claim that Italy was an inadequate forum. *Id.* "Although Plaintiff makes the bald assertion that Italy is not an adequate forum, he offers no evidence to support this claim.  The Court, therefore, finds that Italy is an adequate alternative forum for this litigation." *Id.*  The plaintiff only made conclusionary statements that Italy was an inadequate forum and did not provide any evidence to support his claim.  Despite the finding that Italy was an adequate forum, after the Court balanced the public and private factors, the Court ruled that the factors did not weigh in favor of transfer and the motion to dismiss under the theory of *forum non conveniens* was denied. *Traver*, 233 F.Supp.2d at 417.

      ii.     **Italy Does Not Provide a Similar Remedy To a Class Action**

Italy offers no legal procedures that provide a remedy similar to a class action. (*See* Consolo Decl. ¶III.a.1)  Italy does have co-litigant suits, where multiple plaintiffs may bring claims in the same proceeding, but it does not offer the same



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

type of protection a class action would provide. (*See* Consolo Decl. ¶III.a.2) The lack of a class action suit, "continues to imply some deep reduction in the degree of efficiency of the protection, not only for the greater cost of access to the justice, but also for the greater defensive effort required from the part in order to provide a sufficient proof of the damages." (Consolo Decl. ¶III.a.2) According to Consolo, "there is no legislation equivalent to the American *class action* for legal protection against damages individually suffered by several persons by means of a joint action." (Consolo Decl.¶III.a.1) The joint actions that are available are for very limited types of cases, of which a personal injury suit is not one. (*See* Consolo Decl. ¶III.a.1.n.12) The joint action devices are "in some well defined categories of cases - for instance, in the presence of penal crimes or anti-labor union activities . . ." (Consolo Decl. ¶III.a.1.n.12 *quoting* Giussani, *Studi sulle "class action"* [Studies on "class action"], Padua, 1996, 358) There is not "a truly general branch of law applicable to trials that are of interest to large number of persons." (Consolo Decl. ¶III.a.1.n.12 *quoting* Giussani, *Studi sulle "class action,"* [Studies on "class action"] Padua, 1996, 358) Also, as evidenced by the Seveso case, a co-litigant action would not be possible in the Vioxx litigation. The Seveso case involved an explosion in 1976 at the Icmesa Plant of Seveso in Seveso, Italy, which produced trichlorophenol. (*See* Consolo Decl. ¶II.b.5) The explosion caused the trichlorophenol to transform into dioxin, causing "stinging sensations on the skin" and tumors. (Consolo Decl. ¶II.b.5). "Moral damage due to stress to the inhabitants of Seveso" was finally recognized in 1991 and



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1994. (Consolo Decl. ¶II.c.6)  Professor Consolo points out that the Vioxx litigation would be even more difficult because, unlike the individuals in the Seveso case, the Vioxx Plaintiffs cannot "achieve coordination in order to carry out a legal action with co-litigants." (Consolo Decl. ¶II.e.13)  The co-litigant suit was made possible in the Seveso case because "the victims of the accident were all and the only inhabitants of a zone relatively small and well defined geographically." (Consolo Decl. ¶II.e.13)  The Plaintiffs would have to proceed with individual actions rather than co-litigant suits. (*See* Consolo Decl. ¶II.e.13)

Proposals have been made in Italy to allow civil suits where a consumer association is able to bring a claim "for the protection of an interest shared by the entire category that it represents;" however, it does not provide for an adequate remedy and only provides for adoption of measures "that eliminate the harmful effects caused by the verified violations" and to publicize the "provision, where the publication is able to contribute to reducing or correcting the effects of the violation." (Consolo Decl. ¶¶III.a.1, III.a.1.n.13)  This possible suit "does not include the economic request of compensation for the damages that is available to the single individuals on the basis of the normal trial rules of our system." (Consolo Decl. ¶III.a.1.n.13 *quoting* Rescigno, *Sulla compatibilita tra il modello processuale della class action ed i principi fondamentali dell'ordinamento giuridico Italiano* [On the compatibility between the trial model of the class action and the basic principles of the Italian legal system], *Giurisprudenza Italiana* [Italian Jurisprudence], 2002, II,



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

2225) Further, they do not "represent the true summation of those same individual interests, to whose protection the American *class action* is aimed." (Consolo Decl. ¶III.a.1) Even the proposed legal actions do not provide an acceptable remedy because they do not provide for damages for the harmful conduct.

                iii.    <u>If a Trial Were Held In Italy, Relief Would Not Be Granted For 15-20 Years As Evidenced By the Seveso Case</u>

The Seveso case demonstrates that if the Vioxx litigation was litigated in Italy, relief will not be granted for fifteen to twenty years. (*See* Consolo Decl. ¶II.c.6) This is not the swift relief that is necessary. A "delay can, in extreme cases, render meaningless a putative remedy." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1228 (3d Cir. 1995). In *Bhatnagar*, the Court found that the fifteen to twenty year wait for resolution of the case would render the remedy inadequate. *Id.* at 1228. The Court stated "[w]herever the line might be drawn separating tolerable delay from intolerable-that is, delay that does not vitiate a remedy from that which does-delays of up to a quarter of a century fall on the intolerable side of that line." *Id.* The length of time to litigate the Vioxx claims in Italy will be just as long as the Seveso case and would therefore be an impermissible delay of justice.

                iv.    <u>A Medical Monitoring Subclass Is Not Available In Italy</u>

The medical monitoring subclass is not feasible under Italian law. There is no "possibility of a joint sentence in favor of all the individuals who, because they belong

KBM

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

to a certain group, are exposed to the risk of contracting an illness." (Consolo Decl. ¶III.b.13) This type of litigation would also not be economically feasible, because of the national healthcare system that provides medical treatment for its citizens. (*See* Consolo Decl. ¶III.b.13)[10] However, as Consolo points out, this inaction results in justice not being served because the responsible party does not bear any liability for its harmful conduct. (*See* Consolo Decl. ¶III.b.13)  Defendant should not benefit from Italy's decision to provide a national healthcare system for its citizens.  By allowing Defendant to avoid liability for a medical monitoring subclass, the Defendant realizes a benefit because it does not have to expend any resources to cover the medical monitoring subclass.

If U.S. courts certify the medical monitoring subclass and the reimbursement subclasses, the outcome would be recognized in Italy. (*See* Consolo Decl. ¶IV.2) In Italy, the members of these two subclasses would not be able to obtain an effective or timely protection of their claims. (*See* Consolo Decl. ¶IV.2)

v.   Litigation In Italy Is Cost Prohibitive

The costs associated with bringing a lawsuit in Italy discourages any individual from actually bringing a suit against the Defendant.  Plaintiffs in Italy are responsible

---

[10]   There would be a "lack of interest to take action because in Italy there is a National Public Medical System that would bear the cost for the necessary medical care." (Consolo Decl. ¶III.b.13)

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

for all legal fees and expenses if they lose.  (*See* Consolo Decl. ¶III.b.20)[11]  This is a huge burden to the Italian Plaintiffs.  If they lose they could be expected to pay millions of dollars that Merck's attorneys have amassed in legal fees and costs.  This alone renders a lawsuit unviable in Italy.

> 2.    The Private and Public Interest Factors Do Not Weigh In Favor of Dismissal

Second, the court must consider whether certain private and public interest factors weigh in favor of dismissal. *Gulf*, 330 U.S. 501.  In the second step of the analysis, "no one factor is given conclusive weight, but the 'cental focus' of the *forum non conveniens* inquiry is on convenience."  *Oyuela v. Seacor Marine (Nigeria), Inc.*, 290 F.Supp.2d 713, 725 (E.D. La. 2003) *quoting Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999).  Convenience is strictly related to where the "focal point" of the litigation takes place (where the majority of employees, documents, witnesses, and evidence related to the transaction are located).  *Turan v. Universal Plan Inv. Ltd.*, 70 F. Supp. 2d 671, 677-678 (E.D. La. 1999).  The court must decide "where trial will best serve the convenience of the parties and the ends of justice." *Koster v. American Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 527 (1947).  *See Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 42 (3d Cir. 1988).

---

[11]    "In Italy . . . the economic risk of the trial rests on the parties: as a basic rule, the cost is to be paid by the party that loses, who reimburses the other party for the expenses of the trial and the fees of the lawyers in its defense, which are fixed in advance by public rates and settled by the judge in sentencing." (*See* Consolo Decl. ¶III.b.20)

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Additionally, Plaintiff's choice of forum cannot "'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Gulf*, 330 U.S. at 508.  *See Piper*, 454 U.S. at 241; *Koster*, 330 U.S. at 524; *Kamel*, 108 F.3d at 802.  Only if "the balance is strongly in favor of the defendant," may the plaintiff's choice of forum be "disturbed." *Gulf*, 330 U.S. at 508.  *See Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984); *Lacey*, 932 F.2d at 180.  "To prevail on a *forum non conveniens* motion, the movant must show that the balance of these factors tips decidedly in favor of trial in the foreign forum."  *Lacey*, 932 F.2d at 180.  According to the Court in *Lacey*, "[i]f, when added together, the relevant private and public interest factors are in equipoise, or even if they lean only slightly toward dismissal, the motion to dismiss must be denied." *Id.* at 180.  The balance of the public and private factors must strongly favor dismissal.  *Id.*

The relevant private factors "are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf*, 330 U.S. at 508.  The public interest factors examine the "administrative difficulties flowing from court congestion,"[12] imposing jury duty "upon the people of a community which has no

---

KBM

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

[12]     *Piper*, 454 U.S. at 241 n.6.

-22-

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

relation to the litigation," the "local interest in having localized controversies decided at home," and "having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Gulf*, 330 U.S. at 508.

The private and public interest factors clearly demonstrate that the motion to dismiss on the legal theory of *forum non conveniens* should be denied. Not only do the factors not overwhelmingly weigh in favor of dismissal, but in terms of convenience, it would be far more convenient if the Plaintiffs claims were heard in the U.S. *Koster*, 330 U.S. at 527. The focal point of this litigation is in the United States. *Turan*, 70 F.Supp.2d at 677. This forum is where the majority of documents, witnesses, and evidence are located.

Plaintiffs' choice of forum is also not vexatious, oppressive, or harassing to the Defendant who is a resident of New Jersey. *Gulf*, 330 U.S. at 508. Plaintiff is not "inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Id.* There is relatively little expense or trouble for the Defendant to litigate this action in New Jersey. New Jersey is where Defendant's principal place of business is located and where all decisions regarding Vioxx were made. By "incorporating in this country and locating here, [it] [has] in effect signified [its] willingness to be sued in American courts." *The Founding Church of Scientology of Washington, D.C. v. Verlag*, 536 F.2d 429, 435 (D.C. Cir. 1976). It is absurd for



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-23-

Defendant to argue that litigating this action in both France and Italy would not cause great expense and inconvenience. Clearly, it would be more convenient to litigate Vioxx suits in the locale where the majority of documents and witnesses are located - either in the MDL or in New Jersey. *See also Chan Tse Ming v. Cordis Corp.*, 704 F.Supp. 217, 219 (S.D. Fla. 1989) (although plaintiffs were located in Hong Kong, defendant's witnesses and documents were located in Florida, which was determined to be the most convenient forum).

    a.    <u>The Private Interest Factors Do Not Overwhelmingly Favor Dismissal</u>

Defendant has not met its burden in proving that the access to sources of proof, such as documents and witnesses, or that the access to willing and unwilling witnesses will be easier in either France or Italy.

    i.    <u>All Critical Evidence Is Located In the United States</u>

Defendant argues that the majority of documents are located in the foreign countries; however, in these cases, all the relevant evidence is already located in the United States, has been transported to the United States, or can easily be sent if necessary. The evidence relating to the Plaintiffs' injuries, unused Vioxx tablets/pills, Plaintiffs' medical and pharmacy records, and documents relating to his or her use, can easily be shipped, e-mailed, or faxed to the United States. Defendant does not explain "how transporting documents from Italy" and France, "and even translating those documents, would be oppressive or vexations." *Traver*, 233 F.Supp.2d at 416.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In *In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.*, 190 F.Supp.2d 1125 (S.D.Ind. 2002) the Court denied defendant's motion to dismiss based on *forum non conveniens* based on the location of the manufacturing. The Court held that much of the evidence regarding liability was located in the United States. The vehicles and tires were manufactured in the U.S. Because of their American manufacture, most of the documents and witness related to the design, testing, and accident rates of these products were located in the United States. The Court further noted that while the relevant document could be translated to Columbia without much inconvenience, crucial expert reports and deposition testimony probably could not be made available in Columbian courts, demonstrating that the bulk of liability evidence was more accessible in the United States. *In re Bridgestone/Firestone*, 190 F.Supp.2d at 1139-1140. The most critical evidence, documents relating to the development, testing, manufacture, and the decision to recall Vioxx, are located in the United States. If these cases were to be dismissed to their respective countries, millions of pages of Defendant's documents would have to be translated into French and Italian and then transported to both France and Italy. The documents include information about the development and design of Vioxx, the results of the testing, the manufacturing process, and what the Defendant knew about Vioxx before its decision to recall it and what led the Defendant to recall its highly profitable drug. How is this more convenient to the Defendant?

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Moreover, in France, "it is often very difficult to obtain those elements of proof held by the defendant by virtue of French evidentiary laws, when their precise nature or elements allowing their identification are not known." (Kessedjian Decl. ¶24) Defendant's French expert, Professor Raynouard, relies on legislative French texts to argue that some evidence may not be sent outside France, but according to Professor Kessedjian, "the texts that he relies on are generally never applied in civil matters, but essentially in sensitive areas, such as competition law or special economic areas." (Kessedjian Decl. ¶25, Raynouard Decl. ¶6.2) Professor Raynouard also alleges that the Plaintiff's medical records would not be accessible due to rules of confidentiality. (Raynouard Decl. ¶7) However, "patients are perfectly free to waive this right to confidentiality, as decided by the Court of Appeal." (Kessedjian Decl. ¶26) (footnote omitted) Plaintiffs are willing to waive their right to confidentiality in order for the documents to be accessible.

In *In re Factor VIII Or IX Concentrate Blood Products Liab. Litig.*,408 F.Supp.2d 569 (N.D. Ill. 2006), foreign plaintiffs allegedly contracted human immuno-deficiency virus (HIV) or Hepatitis B virus from the American defendants' blood-clotting products. *In re Factor VIII or IX Concentrate Blood Products*, 408 F.Supp.2d at 570. The Court granted the motion to dismiss under the doctrine of *forum non conveniens. Id.* at 591. This case is highly distinguishable from the Vioxx litigation, which make this case's holding inapplicable to the Vioxx litigation. The Court in *In re Factor VIII or IX Concentrate Blood Products* ruled that documents



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-26-

previously produced in the MDL could also be produced in the U.K. *Id.* at 585. However, unlike the Vioxx litigation, the evidence did not need to be translated. In the Vioxx litigation, all the documents produced in the MDL will have to be translated into either French or Italian. The other main distinction is the Court's reasoning that the U.K. was a more convenient forum. The main reason the U.K. was a more convenient forum was because the defendants' did not have the ability to join third-party defendants if the case remained in the Northern District of California. *Id.* at 587. However, in the case at bar, there are no third-party defendants.

   ii. <u>Depositions Are Available for Third Party Witness Outside the Court's Reach</u>

  Defendant argues that critical third party witnesses will be outside the court's reach because there is no way for the court to compel their attendance. (Defendant's Motion to Dismiss at pgs. 23-24) However, the third party witnesses are not needed in court. Their testimony can be accomplished through evidentiary depositions.

  Depositions in foreign countries can be accomplished through two different means. Under Federal Rules of Civil Procedure 28(b), "[d]epositions may be taken in a foreign country" through treaties, letters of requests, or before anyone who is authorized to administer oaths. FED. R. CIV. P. 28(b). The second mean, is The Hague Convention, which *sets* out procedures to allow a court to request evidence, whether documents or witness testimony, located in another country, to which



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

France, Italy, and the United States have all consented. *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 524, 524 n.1 (1987). The "procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Id.* at 541. If a witness is located in France, the deposition can be done "according to the rules of the American court that has assumed jurisdiction," including allowing cross-examination. (Kessedjiajn Decl. ¶22) Even if a "foreign tribunal permitted a party to withhold" the particular evidence, an American court should not "refuse to make use of Convention procedures." *Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 542.

The Hague Convention by permitting letters rogatory "is a viable alternative to *forum non conveniens* dismissal." *In re: Assicurazioni Generali S.P.A. Holocausst Ins. Litig.*, 228 F.Supp.2d 348, 362 (S.D.N.Y. 2002). The Court in *Traver* stated that "despite the preference for live testimony, courts have recognized the availability of letters rogatory as relevant in deciding whether a plaintiff's chosen forum is inconvenient." *Traver*, 233 F.Supp.2d at 416. *See also In re: Assicurazioni Generali S.P.A. Holocausst Ins. Litig.*, 228 F.Supp.2d at 362 (it is not compelling to argue that The Hague Convention cannot force live testimony). Videotape depositions could be obtained through letters rogatory and "[i]n this manner, the jury will have the opportunity to assess the credibility of any Italian [or French] witnesses." *Traver*, 233 F.Supp.2d at 417. "[D]eposition evidence . . . is commonplace in the many



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

international trials routinely occurring" and "to the extent that the deposition testimony rather than live testimony could be prejudicial, plaintiff and not defendant is the main victim of the prejudice," because it is the plaintiff who has the burden of proof at trial. *Carlenstolpe*, 638 F.Supp. at 907. The prevalence of depositions is also noted by Professor Kessedjian. She states that she has "participated in a good number of hearings where witnesses have given testimony in Paris according to the American form of procedure before court reporters, who have traveled from the United States specially to record the depositions of witnesses according to the cross-examination procedure." (*See* Kessejian Decl. ¶22) Additionally, "[t]he time and expense of obtaining the presence or testimony of a foreign witness in a local forum [is] significantly lessened by modes of communication and travel that are commonplace today." *Lehman,* 713 F.2d at 343. *See Reid-Walen v. Hansen*, 933 F.2d 1390, 1397 (8th Cir. 1991). Defendant also fails to mention that even if these cases were dismissed to France or Italy, the same problem of compelling witnesses would arise. Neither France nor Italy could compel the testimony of third party witnesses located in the United States. *See also Reid-Walen*, 933 F.2d at 1397 (U.S. did not have compulsory process over any Jamaican witnesses and Jamaica did not have compulsory process over any American witnesses).

Defendant fails to support its proposition that it is easier and less costly to transport U.S. witnesses to Italy and France than the purported burden of transporting willing and able witnesses and evidence to the U.S. Nor does the

KB M

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-29-

Defendant point out that its critical witnesses are located in the United States. The majority of its current and former employees work or worked at Defendant's headquarters in New Jersey. Each witness will have to be flown from the United States to both France and Italy for trial. This will be vexatious and harassing because it is extremely costly and burdensome. *Gulf,* 330 U.S. at 508. Defendant's witnesses are important to determining Defendant's liability and the outcome of this litigation. They have indispensable information regarding the development, testing, manufacture, and the decision to recall Vioxx.

### b. The Public Interest Factors Do Not Warrant Dismissal

Defendant has not demonstrated that the public interest factors overwhelmingly favor dismissal of the foreign class actions.

### i. Litigating the Foreign Class Actions In the U.S. Will Not Expand the Proceedings

The Defendant contends that allowing foreign Plaintiffs into this forum would "expand these proceedings and result in even more litigation being amassed in this forum." (Defendant's Motion to Dismiss at pg. 21). However, Defendant offers no support for this contention. Allowing the foreign Plaintiffs to remain in the U.S. will not expand the proceedings because, in reality, we are addressing the claims of a limited number of foreign residents.[13] Defendant fails to acknowledge that this forum would, in fact, be the best equipped to handle this proceeding. The issues of

---

13     *See* Footnote no. 1, *infra.*

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

liability that will arise with the Italian and French Plaintiffs, which the Court would oversee, are the same issues that arise with United States plaintiffs. *In re Richardson-Merrell, Inc.*, 545 F.Supp 1130 (S.D. Ohio 1982) and *Van Der Velde v. Philip Morris, Inc.*, 2004 WL 48891 (S.D.N.Y. 2004) are cited by the Defendant as reasons to disallow the Class Actions here in the United States. (Defendant's Motion to Dismiss at pg. 21). Both are distinguishable from the Vioxx litigation. Vioxx was manufactured in the United States, not, as in *In re Richardson-Merrell*, in a foreign country. Bendectin, the drug in question in *In re Richardson-Merrell*, was manufactured in the United Kingdom. *In re Richardson-Merrell*, 545 F.Supp at 1135. Vioxx was manufactured in the United States and all important decisions regarding its design, development, manufacturing, testing, and decision to recall occurred in the United States. In *Van Der Velde*, the plaintiff, who was bringing the action as a test case, was plainly forum shopping. *Van Der Velde*, 2004 WL 48891, at *2. The U.S. was chosen by the foreign Plaintiffs in the Vioxx litigation, not because of forum shopping, but because of convenience and the U.S. is the focal point of the Vioxx litigation. *Turan*, 70 F.Supp. at 677-678. This is not a minimal nexus as the Defendant asserts. (Defendant's Motion to Dismiss at pg. 22)

ii.   **The U.S. Has a Strong Interest In Adjudicating the Class Actions Because Defendant's Tortious Conduct Occurred In the United States**

Plaintiffs' home forums do not have a strong interest in adjudicating these claims as evidenced by the forums' failure to recognize class actions, contingency fees,

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

and refusal to remove fee shifting rules.  (*See* Kessedjian Decl. ¶¶12-17, Consolo Decl. ¶¶III.a.1, III.b.20)  Defendant dismisses the United States' interest by stating that it is already facing thousands of lawsuits by United States citizens.  (Defendant's Motion to Dismiss at pg. 17)  This disregards the fact that Defendant manufactured and distributed Vioxx to foreign citizens.  Each person that was harmed by Vioxx is important regardless from what country he/she is a resident and Defendant should be subjected to justice under the very system that allows them to reap billions of dollars of rewards.  Defendant should not be allowed to sell defective pharmaceutical drugs to foreign residents and not be subjected to litigation simply because the Plaintiffs live outside the United States.

Defendant's tortious conduct which led to the Plaintiffs' injuries occurred primarily in the United States.  "[W]here an allegedly defective drug has been developed, tested and manufactured in the United States, and is being distributed to and presumably used by American citizens, including citizens of the forum," the Court in *Carlenstolpe*, found that "the forum's interest in litigating the controversy is at least equal to that of the foreign citizen's home forum."  *Carlenstolpe*, 638 F.Supp. at 909.  The Court found the issue in the case "was not some alleged *manufacturing* defect but rather the adequacy of the drug's design and testing, and of the basic information package supplied by its creator, all of which issues for the most part centered on behavior occurring in the United States."  *Carlenstolpe*, 638 F.Supp. at 908.  *See also Chan*, 704 F.Supp. at 220 ("the site of the pacemaker's



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL:  312.558.6444
FAX:  312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-32-

manufacture, development and testing occurred in Florida, this forum [Florida] certainly has a significant interest in the outcome of the litigation"). Clearly, the U.S. has the greatest interest in protecting consumers of defective products manufactured by U.S. corporations irregardless of whether the consumer resides in the U.S. or elsewhere.

### iii.    Outcome of Class Actions Will Not Disrupt Foreign Regulatory Judgements

Defendant further argues that the outcome of these cases will disrupt the foreign regulatory judgment. (Defendant's Motion to Dismiss at pgs. 13-15)  But, the purpose of the Class Action device is not to undermine the foreign regulatory judgments, but to determine Defendant's liability for distributing a defective drug which it knew was unsafe for human consumption and caused an increase in cardiovascular events.  The Court in *Carlenstolpe* also dealt with issues arising from foreign regulatory judgments.  The case involved a hepatitis vaccine manufactured in the United States by the Defendant and approved for use in Sweden by that country's regulatory board.  The Court found that the claim was not trying to second guess Sweden's regulatory board's decision, but was "challeng[ing] defendant's conduct in distributing the drug, both in Sweden and in America, allegedly without adequate testing and warning of its risks." *Carlenstolpe*, 638 F.Supp. at 909.  The crux of the Vioxx litigation centers around what Merck knew and when it knew it. Merck did not adequately warn of the risks involved in taking Vioxx.  Merck is



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-33-

currently not arguing that the cases in the United States by U.S. citizens will undermine the federal Food and Drug Administration's determination to allow Vioxx to be sold. U.S. citizens, like the foreign citizens, are alleging that Merck's liability rests upon what it did and when it did it, not what regulatory agencies did or did not do.

iv.   **The Adequacy of Warnings Will Be Determined By An Expert**

Defendant's arguments regarding the difficulty a U.S. jury would have assessing the appropriateness of warnings is unfounded. (Defendant's Motion to Dismiss at pg. 16) The adequacy of warnings is proved through expert testimony. The jury will hear the standard (whatever the applicable standard is) and then assess whether said standard was met. Defendants' argument that a U.S. jury would not be able to make accurate determinations regarding the appropriateness of pharmaceutical warnings is groundless.

v.   **Merck's Subsidiaries Are Controlled By The Parent Company**

Defendant suggests that because a Merck subsidiary marketed and sold Vioxx in France and Italy, it is enough to keep the cases out of the U.S. (Defendant's Motion to Dismiss at pg. 3) Even if the subsidiary marketed and sold Vioxx in France and Italy, the relevant subsidiary is controlled by its parent company, residing in the U.S. Furthermore, Merck's subsidiaries did not manufacture Vioxx, the Defendant did. The Defendant's subsidiaries were under complete control by the


KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

Defendant and can certainly be referred to as its instrumentalities.   *In re Silicone Breast Implants Products Liab. Litig.*, 887 F.Supp. 1447, 1452 (N.D.Ala. 1995).   All major decisions, directives, policies, and procedures came from the U.S., thus all evidence will be produced from the U.S. and therefore the cases should remain in the U.S.

      vi.    <u>Irrespective Of Which State's Choice Of Law Rules Govern, New Jersey Law Will Apply In This Litigation</u>

The issues in these cases will not be governed by foreign law, as the Defendant suggests.   (Defendant's Motion to Dismiss at pgs. 17-20)   Under the applicable choice of law rules, U.S. law will control issues of liability.   As noted before, all central liability issues in this case lie in the United States and the choice of law rules of the transferor jurisdiction control.   *See* 28 U.S.C. Sec. 1404(a), *Van Dusen v. Barrack*, 376 U.S. 612 (1964).     Regardless of which state's choice of law rules apply, whether it is Illinois, New Jersey, or even Louisiana, New Jersey law will apply.

      (a)    <u>Under Illinois Choice of Law Rules, New Jersey Law Will Apply</u>

The French and Italian Class Actions were filed in the Northern District of Illinois.   If Illinois choice of law rules apply, the Court will apply the significant relationship test.   *Ingersoll v. Klein*, 46 Ill.2d 42, 45, 262 N.E.2d 593, 595 (Ill. Sup. Ct. 1970).   The test looks at a number of factors, not just the site of injury, as the



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-35-

Defendant leads this Court to believe. (Defendant's Motion to Dismiss at pg. 17 n.8) The factors the Court would look at under the significant relationship test are: "(a) The place where the injury occurred. (b) the place where the conduct occurred. (c) The domicile, nationality, place of incorporation and place of business of the parties. [and] (d) The place where the relationship of the parties is centered." *Id.* at 47. Under the significant relationship test, New Jersey law would be applied because it is where the tortious conduct occurred and where the Defendant is incorporated.

      (b)    <u>Under New Jersey Choice of Law Rules,<br>New Jersey Law Will Apply</u>

If this case is transferred to New Jersey as Plaintiffs have requested, under the governmental interest test, New Jersey law would also apply. The governmental interest test first determines whether or not there is "an actual conflict," and if there is, the next step is to "identify the governmental policies underlying each state's law and consider whether and to what extent those policies are implicated in this litigation." *Rowe v. Hoffman-La Roche Inc.*, 383 N.J.Super. 442, 454, 892 A.2d 694, 701-702 (2006). The contacts are where the injury occurred, where the conduct occurred, "the domicile, residence, nationality, place of incorporation, and place of business of the parties; and where the relationship, if any, between the parties is centered." *International Union of Operating Engineers Local #68 Welfare Fund v. Merck & Co.*, 384 N.J.Super. 275, 295, 894 A.2d 1136, 1147 (N.J.Super.A.D. 2006). Further if the case involves fraud and misrepresentations and the reliance



KENNETH B. MOLL<br>& ASSOCIATES, LTD.<br>Three First National Plaza<br>50TH Floor<br>Chicago, Illinois 60602<br>TEL: 312.558.6444<br>FAX: 312.558.1112<br>TOLL FREE: 888.882.3453<br>www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

occurred in another state other than where the false representations were made, then the Court looks at "(a) . . . where the plaintiff acted in reliance upon the defendant's representations, (b) the place where the plaintiff received the representations, (c) the place where defendant made the representations, (d) the . . . place of incorporation and place of business of the parties." *Id.* (internal quotations marks and citation omitted). The Court in *International Union of Operating Engineers Local #68 Welfare Fund*, stated that New Jersey has a "strong interest in preventing deception by its corporations" and that New Jersey "has the most significant relationship to the alleged fraud and the parties." *Id.* at 302, 305. New Jersey is where the Defendant is incorporated and where it made the false representations about the safety of Vioxx. It follows, that New Jersey law will apply in this matter. Further, because of New Jersey's "strong interest in preventing deception," New Jersey law will be applied. *Id.* at 302.

    (c) <u>Under Louisiana Choice of Law Rules, New Jersey Law Will Apply</u>

   If the court applies the laws of the transferee court, New Jersey law would still apply. Louisiana also applies a governmental interest test. Louisiana's governmental interest test examines which state's "policies would be most seriously impaired if its law were to be applied to that issue." *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 486 (5th Cir. 2001). The test looks at "the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

and injury, the domicile, habitual residence, or place of business of the parties," "the policies of deterring wrongful conduct and of repairing the consequences of injurious acts," "the policies and needs of the interstate and international systems," and "the relationship of each state to the parties and the dispute." *Id.* at 486. New Jersey is where the conduct that gave rise to this litigation occurred. New Jersey also has a strong interest in deterring the wrongful acts of a business incorporated in its state. Under either Illinois, New Jersey, or Louisiana choice of law analysis, New Jersey law would apply. *See Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593, *International Union of Operating Engineers Local #68 Welfare Fund*, 2006 WL 827285, *Marchesani*, 269 F.3d 481.

> (d)   <u>Foreign Law Can Be Applied In Federal Court</u>

It is apparent from the foregoing that there is no support for Defendant's contention that foreign law will govern the foreign claimants cases here in the U.S. U.S. "courts are quite capable of applying foreign law when required to do so, and a district court's application of foreign law is a factual matter reviewable upon appeal." *Lehman,* 713 F.2d at 345.

Even if there is a determination that foreign law does apply to certain aspects of the case, "this factor alone is not sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate." *Piper,* 454 U.S. at 260 n.29. *See Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney*



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-38-

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Case 2:05-md-01657-EEF-DEK Document 5023-1 Filed 06/06/06 Page 51 of 53

*Co.*, 145 F.3d 481, 492 (2d Cir. 1998); *R. Maganlal & Co. v. M.G. Chemical Co., Inc.*, 942 F.2d 164, 169 (2d Cir. 1991); *In re Air Crash Over the Taiwan Straits on May 25, 2002*, 331 F.Supp. 2d 1176, 1206 (C.D. Cal. 2004). Regardless of the slight chance that Italian law "may apply to these cases, the court does not consider the burden o[f] applying foreign law to be very significant; [f]ederal courts are experienced in applying foreign law and should not be reluctant to do so." *In re Disaster at Riyadh Airport, Saudi Arabia, on August 19, 1980*, 540 F.Supp. 1141, 1153 (D.C. Cir. 1982) (internal quotation marks and citation omitted).

B.  **Alternatively, Plaintiffs Ask That Certain Conditions Be Imposed On Defendants If This Court Dismisses the Foreign Plaintiffs**

In the alternative, if this Court grants Defendant's motion to dismiss, Plaintiffs ask that the Court grant the dismissal on the basis that the Defendant not only accept jurisdiction and service of process in France and Italy, but also agree to pay any "final judgments" that are adjudicated by the foreign country, not include the time period the claim was in the U.S. in raising any statute of limitations or similar defense, to provide any necessary documents and witnesses in the foreign countries, and not object to any evidence offered in the foreign country that would have been admissible in the United States. *In re Silicone Breast Implants Liab. Litig.*, 887 F.Supp. 1469, 1479 (N.D. Ala 1995). A similar order was entered in *In re Silicone Breast Implants Liab. Litig.* The Court fashioned the dismissal on the conditions that the defendant accept service of process and jurisdiction in the foreign country, pay any "final



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

judgments rendered against it," "will not, in raising any statute of limitations or similar defense in such tribunals, include the period that a suit . . . was pending against it in" the U.S., and "not object to evidence . . . that if offered in federal courts of the United States, would have been admissible . . . " *In re Silicone Breast Implants Liab. Litig.*, 887 F.Supp. at 1478-1479.  *See also In re Richardson-Merrell*, 545 F.Supp. at 1137 (dismissal was conditioned on defendant's consent to jurisdiction and service of process, to provide any necessary documents or witnesses, to pay any judgment entered against it, and "to waive any statute of limitations defenses that did not exist prior to the institution of any of these actions.")  Plaintiffs further ask that the Court permit Plaintiffs to re-file their lawsuits in the U.S. if the French and Italian courts do not accept jurisdiction and the Defendant fails to comply with any of the above conditions.  *See Doe v. Hyland Therapeutics Division*, 807 F.Supp. 1117, 1133 (S.D.N.Y. 1992) (dismissal conditions were: defendant's consent to jurisdiction and service of process, waiver of any statute of limitations defenses that arose since filing of suit in N.Y., and allowing plaintiffs to re-file case if filed in Ireland within ninety days and Ireland did not accept jurisdiction).  Defendant should also provide, "at [its] own expense, any documents, records or witnesses within [its] control that are needed for the fair adjudication of the plaintiff's claims . . . " *Ledingham v. Parke-Davis Div of Warner-Lambert Co.*, 628 F.Supp. 1447, 1152-1153 (E.D.N.Y. 1986).

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

III.   **CONCLUSION**

Clearly, the Defendant has not satisfied its heavy burden of persuading this Court that under the two step analysis for *forum non conveniens*, dismissal of the French and Italian Class Actions should be granted. France and Italy have not been shown to be adequate and alternative forums, nor has it been shown that the private and public factors weigh strongly in favor of dismissal. The focal point of this litigation is in New Jersey. It is where the majority of Defendant's tortious conduct took place and where the major decisions regarding Vioxx occurred. Therefore, Plaintiffs respectfully request that Merck's Motion to Dismiss the Foreign Class Actions, or in the Alternative, Strike the Foreign Class Allegations be denied.

RESPECTFULLY SUBMITTED,

By: _____

Kenneth B. Moll, #061999874
Genevieve M. Bernal, #6285743
Pamela G. Sotoodeh, #6284622
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
Tel: 312.558.6444
Fax: 312.558.1112
www.kbmoll.com



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS