UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>Products Liability Action | MDL No. 1657 |
| **This Document refers to:** | |
| LAVELLE MALONE, Wife of and<br>WINSTON MALONE | CIVIL ACTION NO. 05-6604 |
| Plaintiffs, | SECTION L, MAGISTRATE 3 |
| VERSUS | JUDGE FALLON |
| MERCK & CO., INC. and DR. R.<br>VACLAV HAMSA | MAGISTRATE JUDGE<br>KNOWLES |
| Defendants | |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN -6 AM 11: 36

LORETTA G. WHYTE
CLERK

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PURSUANT TO LOUISIANA REVISED STATUTE 40:1299.47(B)(1)(a)(i)

**MAY IT PLEASE THE COURT:**

Plaintiff, LAVELLE MALONE, et al, has filed a "Memorandum in Opposition to Defendants' (sic) Dilatory Exception of Prematurity" asserting:

(a) That a Certificate of Enrollment from the Louisiana Patient's Compensation Fund is not sufficient proof that a health care provider is qualified under the Louisiana Medical Malpractice Act.

(b) That the Louisiana Medical Malpractice Act deprives the Plaintiff of equal protection and due process as mandated by Louisiana Constitution Article I (3).

Defendant, **DR. R. VACLAV HAMSA**, submits the following supplemental memorandum to address these assertions.

___ Fee___
___ Process___
 X  Dktd___
 ✓  CtRmDep___
___ Doc. No___

II. **A CERTIFICATE OF ENROLLMENT FROM THE LOUISIANA PATIENT'S COMPENSATION FUND IS PRIMA FACIE PROOF THAT A HEALTH CARE PROVIDER IS QUALIFIED UNDER THE LOUISIANA MEDICAL MALPRACTICE ACT.**

Plaintiffs' first argument ignores the fact that La. R.S. 40:1299.47(B)(1)(a)(ii) expressly holds that a health care provider's Certificate of Enrollment issued by the Patient's Compensation Fund Oversight Board is, in fact, admissible into evidence. A Certificate of Enrollment is only issued when the PCF has received and approved a completed application including evidence of financial responsibility and payment of the applicable surcharge by or on behalf of the applicant health care provider.[1] As such, the issuance of a Certificate of Enrollment is intended *"to evidence enrollment or qualification with the fund in connection with an actual or proposed malpractice claim against the health care provider."*[2]

In support of his Motion to Dismiss, Dr. Hamsa submitted certified copies of his Certificates of Enrollment from the PCF.[3] These Certificates expressly state that Dr. Hamsa has submitted proof of professional liability insurance company affording coverage of at least $100,000 for the periods between December 18, 2002 through December 18, 2006 – same constituting proof of financial responsibility filed with the Fund. The Certificates further state that Dr. Hamsa has paid the requisite surcharges assessed by the Fund.

---

[1] Louisiana Administrative Code Title 37, Part III, Section 515. A copy of this Section of the La. Administrative Code is attached for the Court's convenience as **Exhibit "C"**.

[2] Id.

[3] Exhibit "A" to Dr. Hamsa's original memorandum in support of his Motion to Dismiss.

2

3071172.1

This Honorable Court has rejected arguments such as those advanced by Plaintiffs herein in the case of **Fortney v. Petron, Inc.**[4] In that case, Judge Henry A Mentz, Jr. of the U.S. District Court, Eastern District of Louisiana received into evidence a Certificate of Enrollment prepared by Cheryl Jackson of the Louisiana Patients' Compensation Fund stating that the health care provider in that case was an enrolled health care provider as of the date of the action alleged in the plaintiff's complaint. This is the same kind and style of certificate which Dr. Hamsa has entered into evidence in this case. The Court specifically recognized in **Fortney** that *"Louisiana courts have held that the certificate is prima facie evidence of a party's status as a 'qualified health care provider' under the Act."* The Court held that the status of the health care provider in that case as a *"qualified health care provider"* under the Act was a matter of public record, insofar as it was provided by the Louisiana Patients' Compensation Fund, a body established by the Louisiana legislature as a part of the Louisiana Medical Malpractice system. As such, the **Fortney** Court granted the health care providers' motion to dismiss for prematurity.

In reaching its conclusion, the **Fortney** Court relied upon the Louisiana Fourth Circuit decision of **Goins v. Texas State Optical, Inc.**[5]. In **Goins** – as here -- the health care provider filed a Certificate of Enrollment from the Louisiana Patient's Compensation Fund in support of the Exception of Prematurity. The Plaintiff challenged the exception of prematurity by introducing an earlier letter from the PCF to counsel for Plaintiffs initially stating that the health care provider was not PCF qualified. In upholding the District Court's granting of the health care provider's Exception of Prematurity, the Louisiana Fourth Circuit Court of Appeal held that Certificate of Enrollment – containing more recent information than the earlier letter -- *"are*

---

[4]   Civil Action No. 91-4591 Section "I", 1992 U.S. Dist. LEXIS 13391 (E.D. La. 1992). A copy of this case is attached for the Court's convenience as **Exhibit "D"**.

[5]   463 So. 2d 743, 745 (La. App. 3rd Cir. January 11, 1985).

*prima facie evidence of their contents and it was up to [the Plaintiff] to rebut this evidence of the defendants' qualification.*"[6] In so holding, the Court stated that the letter Plaintiffs sought to introduce, while *"puzzling"*, is not sufficient proof that the Certificates of Enrollment filed by the defendant health care provider was wrong.[7] Accordingly, the Court found that Plaintiff had not rebutted the defendant health care provider's prima facie case supporting prematurity.[8]

The Louisiana Fourth Circuit in **Remet v. Martin**[9] reached the same conclusion. **Remet** dealt with a Plaintiff's challenge to a social worker's status as a *"qualified health care provider"* as the employee of a hospital that was shown to be PCF qualified. Initially, the PCF issued a letter stating that the social worker was not a qualified health care provider. Upon a determination that the social worker was an employee of a qualified hospital facility, the PCF issued a Certificate of Enrollment from the Patient's Compensation Fund indicating that she was qualified under the act at the time the alleged malpractice occurred. With this proof, the Fourth Circuit held that the Certificate of Enrollment is "clear evidence" of her PCF qualification.[10]

The only case on which the Plaintiffs rely is an unreported, 1991 Louisiana District Court case from the Civil District Court in Orleans Parish. Furthermore, the argument does not cite any ruling by the Court itself, but, rather, it cites an argument purportedly made by the Louisiana Patient's Compensation Fund that the Certificate of Enrollment is not sufficient proof of a health care provider's qualification. As a practical matter, an unreported Louisiana state district court case has virtually no binding authority as precedent in Louisiana jurisprudence. But a mere

---

[6]  **Goins**, 463 So. 2d at p. 745.
[7]  Id.
[8]  Id.
[9]  98-2751 (La. App. 4th Cir. March 31, 1999); 737 So. 2d 124
[10] **Remet**, 737 So. 2d at p. 129.

4

alleged argument by a party in such a case carries even less weight than that. Furthermore, the argument so cited by Plaintiffs in the **Tucker** case is directly contrary to the express holding of the Fourth Circuit Court of Appeal in **Goins.**

Plaintiffs in the instant case give us no background facts from the **Tucker** case, and fails to provide any documentation from that case. Nonetheless, it is respectfully submitted that the PCF's position on the evidentiary value of a Certificate of Enrollment as proof of qualification is wholly irrelevant. Such was the holding in **Roberson v. Arcadia Healthcare Ctr., Inc**.[11], wherein the PCF argued the insufficiency of a Certificate of Enrollment as proof of *"qualified health care provider"* status under the MMA as a means of contesting a settlement between a health care provider and a Plaintiff under the provisions of La. R.S. 40:1299.44(C). Under that provision, the PCF is potentially on the hook for excess coverage after the health care provider pays its initial $100,000 in settlement to the Plaintiff. In that context, in **Roberson**, as one of several arguments seeking to reverse the District Court's granting of a Motion for Summary Judgment in the Plaintiff's favor on that point, the PCF argued that the health care provider's status as a "qualified" under the Act cannot be conclusively established by a "Certificate of Enrollment". The Second Circuit rejected that argument, stating once again that *"a Certificate of Enrollment signed by the Malpractice Insurance Director who issued the certificate is presumed to be genuine and full proof of its contents"* and is sufficient to demonstrate that a health care provider has fulfilled the requirements to become a *"qualified health care provider"* under the Act.[12]

---

[11] 37,761-CA (La. App. 2nd Cir. July 7, 2003); 850 So. 2d 1059.
[12] **Roberson**, 850 So. 2d at p.

5

30711721

### III. THE PROVISIONS OF THE LOUISIANA MEDICAL MALPRACTICE ACT RELATED TO THE PRE-REQUISITE OF REVIEW BY A MEDICAL REVIEW PANEL HAS REPEATEDLY BEEN HELD CONSTITUTIONAL.

For the very first time, in her opposition memorandum, Plaintiff argues that the Louisiana Medical Malpractice Act (La. R.S. 40:1299.41 et seq) is unconstitutional. Plaintiffs have carefully avoided asserting any alleged violation of the U.S. Constitution, apparently so as not to give ammunition to the defendants in the products liability case to argue that this Honorable Court has "federal question" jurisdiction so as to keep this case in federal court. Instead, Plaintiffs assert that the MMA violates Article I(3) and Article 1(22) of the *Louisiana Constitution*.

As a practical matter, Plaintiffs have never asserted the purported unconstitutionality of the MMA in any previous pleading. Under Louisiana law, the unconstitutionality of a statute must be specially pleaded and the grounds outlining the alleged unconstitutionality must be particularized.[13] It cannot be raised in a memorandum, or brief as those documents do not constitute pleadings.[14] Therefore, a challenge to the constitutionality of a statute made solely in a memorandum is not properly before the Court.[15]

Furthermore, prior to the adjudication of the constitutionality of a Louisiana statute, the party challenging the constitutionality is required to give notice to the Attorney General of the State of Louisiana to afford him an opportunity to be heard on the issue. La. R.S. 13:4448 and La. R.S. 49:257(B). There is no evidence that Plaintiffs

---

[13] **Reed v. Reed**, 05-0375 (La. March, 24, 2005); 897 So. 2d 584, 585; **Vallo v. Gayle Oil Co.**, 94-1238 at p. 8 (La. November 30, 1994), 646 So.2d 859, 864.

[14] **Vallo**, 94-1238 at p.8; 646 So.2d 859, 865.

[15] Id.

6

3071172.1

have attempted to notify the Louisiana Attorney General of their purported challenge to the constitutionality of the Medical Malpractice Act.

Plaintiffs also advance the alleged unconstitutionality of the MMA's provisions limiting the patient's recovery to $500,000 as a defense to the provisions requiring review by a medical review panel. This argument is completely irrelevant to an exception of prematurity requiring that a medical malpractice claim be presented to a medical review panel before filing in the district court. The provisions of the medical malpractice act were statutorily declared to be severable.[16] Therefore, even if the constitutionality of the statutory cap on medical malpractice damages were properly before the Court – which it is not – it has absolutely no bearing on the panel requirement under La. R.S. 40:1299.47(B)(1)(a)(i).

The constitutionality of the requirements of La. R.S. 40:1299.47(B)(1)(a)(i) has been uniformly upheld since the Louisiana Supreme Court case of **Everett v. Goldman**, 359 So.2d 1256 (La. May 22, 1978). The Court explained that requiring medical malpractice cases to go through the Medical Review Panel process served the valid state purpose of lowering of the cost of health care generally and assuring available medical care for the citizens of the state:

> *[T]he requirement that malpractice claims be filtered through a medical review panel is not unreasonable and seems to be a rational effort to accomplish a plausible goal. A panel determination adverse to a malpractice claimant's interest does not preclude his filing a lawsuit. Such a determination would seem to exert subtle pressure on the claimant in a case of little worth to abandon or to settle his claim reasonably, thereby saving the defendant and his insurer the time, expense and worry of apparently needless litigation. And a favorable panel decision will probably aid the claimant in exerting pressure on a defendant to settle the*

---

[16]   **Everett v. Goldman**, 359 So. 2d 1256, 1264 (La. 1978), citing Acts 1975, No. 817 § 2, Acts 1976, No. 183 § 8, Acts 1977, No. 143 § 2.

> *case reasonably, thus treating the malpractice victim to savings in time and expense and to avoidance of possibly risky litigation. In those cases which do go to trial, a plaintiff successful before the panel will benefit from the evidentiary support of the panel's finding and the testimony of the panel members.*[17]

In so finding, the Court upheld the constitutionality of the Panel requirements under La. R.S. 40:1299.47(B)(1)(a)(i).

The U.S. 5th Circuit likewise upheld the constitutionality of Louisiana's Medical Review Panel process requirements in **Seoane v. Ortho Pharmaceuticals, Inc.**,[18] In **Seoane**, the Fifth Circuit Court of Appeals expressly concurred with the **Everett** Court's analysis, stating that the entitlement of a malpractice claimant to sue for damages, allegedly attributable to medical professionals, does not involve the exercise of a fundamental constitutional right.[19] Addressing Plaintiffs' challenge to the Medical Review Panel process, the Court stated:

> *The required pre-screening of medical malpractice claims purportedly causes undue delay and expense, depriving claimants of full access to the courts. As a constitutional matter, when a right is not fundamental, access to the courts may be restricted. [Citation omitted.] The apparent purpose of the medical review panel is to screen groundless complaints, assist in the evaluation of legitimate claims, and encourage settlements. Such legislative design is reasonable and seemingly sound. It readily withstands the due process challenge. The limited court access restriction, posed by this statute, does not constitute a denial of due process.*[20]

It is respectfully submitted that Plaintiffs' assertion of the purported unconstitutionality of the Medical Review Panel process is without merit. To the remote extent that the constitutionality *vel non* of La. R.S. 40:1299.47(B) can be said to be

---

[17] **Everett**, 359 So.2d at p.1267
[18] 660 F.2d 146 (5th Cir. 1981).
[19] **Seoane**, 660 F.2d at p.150-151.
[20] **Seoane**, 660 F. 2d at p. 151.

8

3071172.1

properly before this Court as a defense to Dr. Hamsa's exception of prematurity, Dr. Hamsa urges this Honorable Court to bifurcate this matter so as to have the constitutionality issue adjudicated separately from the medical malpractice claim, with the proper and requisite involvement of the Louisiana Attorney General.

\* \* \* \* \* \*

WHEREFORE, for the reasons set forth herein, and as set forth in his Original memorandum, Defendant / Mover, DR. R. VACLAV HAMSA respectfully requests that this Honorable Court issue an Order dismissing, without prejudice, as premature any and all claims brought by Plaintiffs LAVELLE MALONE, Wife of and WINSTON MALONE against DR. R. VACLAV HAMSA in the above captioned matter.

Respectfully submitted,

ONEBANE LAW FIRM

BY: _____
CHARLES J. BOUDREAUX, JR. #3297
1200 Camellia BLVD, Suite 300
Post Office Drawer 3507
Lafayette, LA 70502-3507
Telephone: (337) 237-2660

Attorneys for Defendant / Mover,
DR. R. VACLAV HAMSA

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Supplemental Memorandum in Support of Motion To Dismiss For Prematurity Pursuant To Louisiana Revised Statute 40:1299.47(B)(1)(a)(i) has been served on all counsel of record in the matter entitled "LAVELLE MALONE, Wife of and WINSTON MALONE versus MERCK & CO., INC. and DR. R. VACLAV HAMSA", Civil Action Number 05-6604, U.S. District Court, Eastern District of Louisiana, by hand, facsimile, e-mail and/or by placing same in the United States mail, postage prepaid and properly addressed, this _____ day of May, 2006.

CHARLES J. BOUDREAUX, JR.

3071172.1