FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN -6 AM II: 39

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORETTA G. WHYTE
CLERK

IN RE:  VIOXX
        PRODUCTS LIABILITY LITIGATION

\*

\*

\*

\*

\*

\*

MDL NO. 1657

SECTION: L(3)

JUDGE FALLON
MAG. JUDGE KNOWLES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO:
    *Schneller v. v. Merck & Co., Inc.*, 05-5382

## ORDER

Pending before the Court is the Plaintiff's Motion for an Order Directing Lexis Nexis and Other Vendors to Enable Registration of Pro Se Plaintiff Who is Not an Attorney.  For the following reasons, the motion is DENIED.

In regards to Litigation Management, Inc.'s ("LMI") website, the Plaintiff may have access to the website without Court order.  To do so, however, the Plaintiff must complete LMI's registration application.  If the Plaintiff wishes access to LMI's website, he should contact LMI, request a registration application, complete it, and return it to LMI.  If the Plaintiff requires help in this process, he should contact Plaintiffs' Liaison Counsel ("PLC"), who is directed to assist the Plaintiff if so requested.

Additionally, in regards to Lexis Nexis, the Plaintiff may not have access via Court order either.  There are numerous non-public documents on Lexis Nexis.  Much of the information contained in these documents is confidential.  While the Plaintiff would be subject to the Court's confidentiality order, the Plaintiff is not an attorney.  As such, he is not bound by the high ethical standards of an officer of the Court and less likely to appreciate the gravity of the confidentiality

Fee_____
Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No_____

order. Therefore, the Court is not inclined to provide the Plaintiff access without a compelling justification.

In this situation, there is no compelling justification. PLC has an obligation to act on behalf of all plaintiffs and to provide any plaintiff with the information necessary to prosecute his case. Accordingly, to the extent that the Plaintiff needs assistance, he may request such from PLC. It is unlikely that the Plaintiff will require PLC's assistance. Much, if not all, of the information that the Plaintiff may require is available in public forums. The Plaintiff has access to the Court's website. The Plaintiff has access to the docket in this litigation. Moreover, to the extent that Merck & Co., Inc. files a pleading in the Plaintiff's individual case, they are obligated to serve the Plaintiff. Therefore, the Plaintiff has no reason so compelling as to justify the potential exposure of confidential documents.

New Orleans, Louisiana, this __5th__ day of __May__, 2006.

UNITED STATES DISTRICT JUDGE