FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 31  PM 4: 35

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * MDL No. 1657 <br> * <br> * SECTION L <br> * <br> * JUDGE ELDON E. FALLON <br> * <br> * MAGISTRATE JUDGE <br> * DANIEL E. KNOWLES, III <br> * <br> * <br> * <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Melba Joy Vaughn and John L. Vaughn v. Merck & Co., Inc.*, Case No. 05-4555.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs's Complaint as follows:

## RESPONSE TO COMPLAINT

### RESPONSE TO "PARTIES"

1.        Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purports to seek damages but denies that there is any legal or factual basis for such relief.

____ Fee_____
____ Process_____
_X_ Dktd _____
____ CtRmDep_____
____ Doc. No_____

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that it may be served as allowed by applicable state and/or federal law.

**RESPONSE TO
"JURISDICTION AND VENUE"**

4.      The allegations contained in the first and second sentences of paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except Merck admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx® ("Vioxx"), and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect. Merck denies each and every allegation contained in the third sentence of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the fourth sentence of paragraph 4 of the Complaint.

## RESPONSE TO
## "FACTUAL ALLEGATIONS"

5.     Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which is the trade name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx is part of a class of drugs known as known as non-steroidal anti-inflammatory drugs ("NSAIDs").

6.     Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck avers that the U.S. Food & Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

7.     The allegations contained in paragraph 7 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 7 of the Complaint, except admits that osteoarthritis has been described in the medical literature as a chronic disorder of joint cartilage and surrounding tissues that is characterized by pain, stiffness, and loss of function.

8.     The allegations contained in paragraph 8 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 8 of the Complaint, except admits that rheumatoid arthritis has been described in the medical literature as an

inflammatory arthritis in which joints, usually including those of the hands and feet, are inflamed, resulting in swelling, pain, and often the destruction of joints.

9.     Denies each and every allegation in paragraph 9 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx, subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in the first, second, and third sentences of paragraph 14 of the Complaint, except admits that APPROVe study exists and

respectfully refers the Court to that study for its actual language and full text.   Merck further admits on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck additionally avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.  The allegations contained in the fourth sentence of paragraph 14 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     The allegations contained in the paragraph 17 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

## RESPONSE TO "COUNT I - (PRODUCT LIABILITY)"

22.     With respect to the allegations contained in paragraph 22 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 21 of this Answer with the same force and effect as though set forth here in full.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that Plaintiffs purports to seek damages but denies that there is any legal or factual basis for such relief.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.  Merck further admits that Plaintiffs purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT II -
## (BREACH OF EXPRESS WARRANTY)"

31.     With respect to the allegations contained in paragraph 31 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

33.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 33 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

### RESPONSE TO "COUNT III – (BREACH OF IMPLIED WARRANTY)"

35.     With respect to the allegations contained in paragraph 35 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

### RESPONSE TO "COUNT IV – (NEGLIGENCE)"

39.     With respect to the allegations contained in paragraph 39 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, including its subparts a through i, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

### RESPONSE TO "COUNT V - (NEGLIGENCE *PER SE*)"

43.     With respect to the allegations contained in paragraph 43 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44.     The allegations contained in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 46 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

47.     The allegations contained in paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48.     The allegations contained in paragraph 48 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 48 of the Complaint, including subparts (a) through (e), and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

### RESPONSE TO "COUNT VI - (UNJUST ENRICHMENT)"

50.     With respect to the allegations contained in paragraph 50 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 49 of this Answer with the same force and effect as though set forth here in full.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

### RESPONSE TO
### "COUNT VII (FRAUD)"

52.     With respect to the allegations contained in paragraph 52 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

53.     Denies each and every allegation contained in the first sentence of paragraph 53 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  The allegations contained in the second sentence of paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully

refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. The allegations contained in the first and third sentences of paragraph 57 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first and third sentences of paragraph 57 of the Complaint, except admits that Plaintiffs purports to seek actual and punitive damages but denies that there is any legal or factual basis for such relief. Merck denies each and every allegation contained in the second sentence of paragraph 57 of the Complaint.

**RESPONSE TO
"COUNT VIII (LOSS OF CONSORTIUM)"**

58. With respect to the allegations contained in paragraph 58 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59. Denies each and every allegation contained in the first sentence of paragraph 59 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 59 of the Complaint.

60. The allegations contained in the final, unnumbered "Wherefore" paragraph after paragraph 59 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every

allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiffs purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

61.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

62.     The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

63.     To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

64.     To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

65.     The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

66.     Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

67.     To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

68.     The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

69.     The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

70.     The claims of the Plaintiffs are barred under Section 4, *et seq.,* of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

71.     The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

72.     The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

73.     The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

74.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

75.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

76.     To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

77.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

78.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

79.     The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

80.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

81.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

82.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

83.     To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

84.     To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

85.     To the extent that Plaintiffs assert claims against Merck for punitive damages, such claims are barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

86.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

87.    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

88.    To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

89.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

90.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

91.    Merck hereby gives notice that it intends to rely upon such other defenses

as may become available or appear during discovery proceeding in this case or that are included

in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert

any such defense.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

92.    Plaintiffs lack standing to assert claims under the Illinois Consumer Fraud

and Deceptive Business Practices Act or any Illinois consumer protection statute.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

93.    Plaintiffs are not entitled to recover exemplary or punitive damages

because exemplary or punitive damages in this case would result in a violation of the due process

clause of the Fourteenth Amendment of the United States Constitution and the Illinois

Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct.

1513 (2003).

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

94.    Plaintiffs are not entitled to recover exemplary or punitive damages

because exemplary or punitive damages in this case would result in a violation of Merck's

constitutional protection and the prohibitions against double jeopardy set forth in the Fifth

Amendment and the due process clause of the Fourteenth Amendment of the United States

Constitution and comparable provisions of the Illinois Constitution.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

95.     Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois Constitution.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

96.     Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Illinois Constitution.

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

97.     Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

98.     Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

99.     Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

100.     Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Illinois Constitution.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

101.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

102.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

103.    Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

104.    Section 10b(1) of the Consumer Fraud Act provides that the Consumer Fraud Act does not apply to "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." (Ill.Rev.Stat.1981, ch. 121 1/2, par. 270b(1)).  Under this provision, conduct

which is authorized by federal statutes and regulations is exempt from liability under the Consumer Fraud Act. *Lanier v. Associates Finance, Inc.,* 114 Ill.2d 1, 17, 499 N.E.2d 440, 447, 101 Ill.Dec. 852, 859 (Ill. 1986).

**AS FOR A FORTY-FIFTH
DEFENSE, MERCK ALLEGES:**

105.    Plaintiffs may be barred from bringing an action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act because the actions or transactions at issue were authorized by laws administered by a regulatory body or officer acting under statutory authority of the United States. 815 ILCS 505/10b(1).

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: May 3\, 2006

Respectfully submitted,

Richard C. Stanley, 84\
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
      Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
      Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 31 st day of May, 2006.