FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN -2  PM 4:09

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | * |
| | * |
| | *  MDL Docket No. 1657 |
| JOHN E. DELL et al. | * |
| | *  Section L |
| | * |
| Plaintiffs | *  Judge Fallon |
| v. | * |
| | *  Civil No.: 06- 02193 |
| MERCK & CO., INC. | * |
| | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers Plaintiffs' Complaint ("Complaint") and each and every count thereof, separately and severally, as follows:

## RESPONSE TO "JURISDICTION"

1.      The allegations contained in paragraph 1 of the Complaint are legal conclusions as to which no response is required.

2.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences of paragraph 2 of the Complaint. Merck denies each and every allegation contained in the third sentence of paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey. Merck further admits that it is authorized to do business in Maryland. The allegations

contained in the last sentence of paragraph 2 of the Complaint are legal conclusions as to which no response is required.

## RESPONSE TO "PARTIES"

3.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.      Merck denies each and every allegation contained in paragraph 4 of the Complaint except Merck admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

5.      The allegations contained in the first sentence of paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence.  Merck denies each and every allegation contained in the second sentence of paragraph 5 of the Amended Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx"), until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "GENERAL ALLEGATIONS"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 5 of this Answer with the same force and effect as though set forth here in full.

813238v.1

6.      Merck denies each and every allegation contained in paragraph 6 of the Complaint except Merck admits that Vioxx is part of a class of medications known as NSAIDs and avers that Vioxx is the brand name for rofecoxib.  Merck respectfully refers this Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses.

7.      Merck denies each and every allegation contained in paragraph 7 of the Complaint, except Merck admits that it sought and, in 1999, obtained Food and Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx.  Merck further admits that Vioxx is the brand name for rofecoxib.

8.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.      Merck denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the second sentence of paragraph 10 of the Complaint, except Merck admits that it sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

11.      Merck denies each and every allegation contained in paragraph 11 of the Complaint, except Merck admits that it marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to

-3-

the information contained in the FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

13.    Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.    Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that in December 1994 Merck submitted an IND Application for Vioxx and respectfully refers the Court to the referenced IND for its actual language and full text.

14.    Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

15.    Merck denies each and every allegation contained in paragraph 15 of the Complaint, except Merck admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx Oral Suspension, designated NDA 21-052, and respectfully refers the Court to said NDA for its actual language and full text.

16.    Merck denies each and every allegation in paragraph 16 of the Complaint except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

-4-

813238v.1

17.     Merck denies each and every allegation contained in the first sentence of paragraph 17 of the Complaint, except avers that it is believed that the inhibition of cycloozygenase-1 ("COX-1") has been associated with gastric damage and increased bleeding among patients taking non-selective NSAIDs.  Merck denies each and every allegation contained in the second, third and fourth sentences of paragraph 17 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

18.     Merck denies each and every allegation contained in the first sentence of paragraph 18 of the Complaint, except Merck admits that Plaintiffs purport to quote a portion of a statement, but avers that said quoted language is taken out of context.  Merck denies each and every allegation contained in the second sentence of paragraph 18 of the Complaint, except admits that Plaintiffs purport to quote a portion of a document, but avers that said quoted language is taken out of context.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint, except Merck admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials. Merck further admits that Plaintiffs purport to quote from a document and respectfully refers the Court to said document for its actual language and full text.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint, except Merck admits that a Task Force was created to evaluate the incidence

-5-

of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials and that at that the time the Task Force conducted its evaluation these clinical trials were still blinded.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint, except Merck admits that in 1998, the Board of Scientific Advisors recommended that data be collected on CV events in Vioxx clinical trials in a systematic manner. Merck respectfully refers the Court to the referenced document for its actual language and full text.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Merck denies each and every allegation contained in the first sentence of paragraph 26 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text. Merck denies each and every allegation contained in the second sentence of paragraph 26 of the Complaint except Merck admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck denies each and every allegation contained in the third sentence of paragraph 26 of the Complaint.

-6-

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint, except Merck admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen.   Merck respectfully refers the Court to the referenced study for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint, except Merck admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck further admits that it provided preliminary results of the VIGOR study to the FDA in March 2000.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint, except Merck admits that Plaintiffs purport to quote portions of statements but avers that said statements are taken out of context.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint, except Merck admits that the studies referenced in sentence one of paragraph 31 and the article referenced in sentence four of paragraph 31 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that 2000 and 2003 worldwide Vioxx sales figures exceeded $2 billion.

33.     Merck Denies each and every allegation contained in paragraph 33 of the Complaint except admits that the referenced article and publication exists and respectfully refers the Court to the referenced article for its actual language and full text.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint, except Merck admits that the referenced article, journal, and studies exist and respectfully refers the Court to the referenced articles and studies for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that the referenced journals and articles contained therein exist, and that Plaintiffs purport to quote from the same and respectfully refers the Court to said studies for their actual language and full context.

36.     Merck denies each and every allegation contained in the first two sentences of paragraph 36 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.  Merck denies each and every allegation contained in the third sentence of paragraph 36 of the Complaint except admits that the referenced press release exists and that Plaintiffs purport to quote a portion of the full statement made by

-8-

Merck and respectfully refers the Court to the referenced press release for its actual language and full text. Merck denies all of the remaining allegations contained in paragraph 36 of the Complaint, except that Merck admits that the referenced reviews, article, studies and letter exist and respectfully refers the Court to the reviews, article, studies and letter for their actual language and full text. Merck further admits that in March 2000, Merck received an email purporting to describe Patrono's opinion about the VIGOR study and respectfully refers the Court to the email for its actual text.

37.    Merck denies each and every allegation contained in paragraph 37 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

38.    Merck denies each and every allegation contained in paragraph 38 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

39.    Merck denies each and every allegation contained in paragraph 39 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

40.    Merck denies each and every allegation contained in paragraph 40 of the Complaint, including subparagraphs (a)-(i) except admits that Plaintiffs purport to quote portions of the referenced correspondence but avers that Plaintiffs have taken such

-9-

language out of context and respectfully refers the Court to said letter for its actual language and full text.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Merck denies each and every allegation made in paragraph 44 of the Complaint, except Merck admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

45.     Merck denies each and every allegation contained in paragraph 45 of the Complaint, except Merck admits that Plaintiffs purport to quote the referenced label and respectfully refers the court to the referenced label for its actual language and full text.

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint, except Merck admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

-10-

47.     Merck denies each and every allegation contained in paragraph 47 of the Complaint except admits that the referenced Patient Information sheet exists and respectfully refers the court to the referenced Patient Information sheet for its actual language and full text.

48.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint.

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Merck denies each and every allegation contained in paragraph 50 of the Complaint, except Merck admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

51.     Merck Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that in 2000 Vioxx achieved worldwide sales of $2.2 billion and admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint except Merck avers that until Merck announced the voluntary withdrawal of Vioxx on September 30, 2004, it marketed the prescription medicine Vioxx, which was approved by the United States Food and Drug Administration *as safe and effective for* certain indicated uses subject to the information in the FDA-approved prescribing information.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint, except Merck admits that it marketed Vioxx from May 1999 to September 2004 and that Vioxx was one of Merck's top-selling drugs during that time.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint except admits that the referenced advertisement exists and that Plaintiffs purport to quote a portion of said advertisement but respectfully refers the Court to said advertisement for its actual language and full text.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint except admits that the referenced advertisement exists and that Plaintiffs purport to quote a portion of said advertisement but respectfully refers the Court to said advertisement for its actual language and full text.

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint, except Merck admits that it has estimated that there were approximately 105 million prescriptions for Vioxx written in the United States from May 1999 through August 2004 and that, based on this estimate, Merck has estimated that the number of patients who have taken Vioxx in the United States since May 1999 is approximately 20 million.  Merck avers that these figures are approximate numbers based on information received from various sources outside of Merck.  Merck further admits that sales figures exceeded $2 billion in the year 2003.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint except admits that the referenced Adverse Event Reporting System (AERS) exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the Food and Drug Administration that the event was caused by the drug. Merck further admits various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint, except Merck admits that the referenced Wall Street Journal article exists and respectfully refers the Court to said article for its actual language and full text.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint, except avers that the results of the referenced study were never published and that Merck had no duty to publish such results.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint, except Merck admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint, except Merck admits that the article referenced in the second sentence of paragraph 63 of the Complaint exists and that Plaintiffs purport to quote a portion of said article, but respectfully refers the Court to the referenced article for its actual language and full text.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint, except Merck admits that in November 1999 Merck submitted an IND relating to Vioxx to the Division of Oncology Drug Products (DODP) and respectfully refers the Court to said IND for its actual language and full text. Merck further admits that the APPROVe study exists and respectfully refers the Court to said study for its actual language and full text.

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint, except Merck admits that Plaintiffs purport to quote portions of a document but avers that said language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text. Merck further avers that the referenced trial was halted in September 2004.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint, except Merck admits that on September 27, 2004 Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted. Merck further admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint, except avers that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

-14-

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint and avers that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint, except Merck admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint, including subparagraphs (a)-(d).

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

813238v.1

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint.

## RESPONSE TO "COUNT I – NEGLIGENCE"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 78 of this Answer with the same force and effect as though set forth here in full.

79.     The allegations contained in paragraph 79 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx.  Merck denies each and every remaining allegation of said paragraph.

80.     Merck denies each and every allegation contained in paragraph 80 of the Complaint, including subparagraphs (a)-(g).

81.     Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82.     The allegations contained in paragraph 82 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in

-16-

connection with Vioxx.  Merck denies each and every remaining allegation of said paragraph.

83.     The allegations contained in paragraph 83 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Merck denies each and every allegation contained in paragraph 87 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count I of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count I of the Complaint.

<u>**RESPONSE TO "COUNT II –**</u>
<u>**STRICT PRODUCT LIABILITY DESIGN DEFECT"**</u>

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 87 of this Answer with the same force and effect as though set forth here in full.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint, except Merck admits that it manufactured, marketed and distributed the

prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

89.     Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 89 of the Complaint, and denies each and every allegation directed at Merck in paragraph 89 of the Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 91 of the Complaint.

92.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94.     Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95.     Merck denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Merck denies each and every allegation contained in paragraph 97 of the Complaint, including subparagraphs (a)-(e).

98.    Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.    Merck denies each and every allegation contained in paragraph 99 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count II of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count II of the Complaint.

## RESPONSE TO "COUNT III – STRICT PRODUCTS LIABILITY – FAILURE TO WARN"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 99 of this Answer with the same force and effect as though set forth here in full.

100.    The allegations contained in paragraph 100 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 100 of the Complaint, and avers that it manufactured, marketed and distributed the prescription medicine Vioxx.

101.    Merck denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Complaint and in the alternative denies each and every allegation contained in said paragraph.

-19-

103.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 103 of the Complaint that Plaintiff used or consumed Vioxx.  Merck denies each and every remaining allegation contained in paragraph 103 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information for Vioxx.

104.   Merck denies each and every allegation contained in paragraph 104 of the Complaint.

105.   The allegations contained in paragraph 105 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx.

106.   Merck denies each and every allegation contained in paragraph 106 of the Complaint.

107.   Merck denies each and every allegation contained in paragraph 107 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count III of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count III of the Complaint.

813238v.1

## RESPONSE TO "COUNT IV – FRAUD"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 107 of this Answer with the same force and effect as though set forth here in full.

108.   Merck denies each and every allegation contained in paragraph 108 of the Complaint.

109.   Merck denies each and every allegation contained in paragraph 109 of the Complaint.

110.   Merck denies each and every allegation contained in paragraph 110 of the Complaint.

111.   Merck denies each and every allegation contained in paragraph 111 of the Complaint.

112.   Merck denies each and every allegation contained in paragraph 112 of the Complaint.

113.   Merck denies each and every allegation contained in paragraph 113 of the Complaint.

114.   Merck denies each and every allegation contained in paragraph 114 of the Complaint.

115.   Merck denies each and every allegation contained in paragraph 115 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count IV of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a

813238v.1

response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count IV of the Complaint.

### RESPONSE TO "COUNT V – BREACH OF EXPRESS WARRANTIES"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 115 of this Answer with the same force and effect as though set forth here in full.

116.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Complaint, except Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx.

117.    Merck denies each and every allegation contained in paragraph 117 of the Complaint.

118.    Merck denies each and every allegation contained in paragraph 118 of the Complaint.

119.    Merck denies each and every allegation contained in paragraph 119 of the Complaint.

120.    Merck denies each and every allegation contained in paragraph 120 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count V of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count V of the Complaint.

813238v.1

## RESPONSE TO "COUNT VI – BREACH OF IMPLIED WARRANTIES"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 120 of this Answer with the same force and effect as though set forth here in full.

121.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 of the Complaint.

122.    The allegations contained in paragraph 122 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

123.    Merck denies each and every allegation contained in paragraph 123 of the Complaint.

124.    Merck denies each and every allegation contained in paragraph 124 of the Complaint.

125.    Merck denies each and every allegation contained in paragraph 125 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count VI of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count VI of the Complaint.

## RESPONSE TO "COUNT VII – DECEPTIVE TRADE PRACTICES"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 125 of this Answer with the same force and effect as though set forth here in full.

-23-

126.   The allegations contained in paragraph 126 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

127.   Merck denies each and every allegation contained in paragraph 127 of the Complaint.

128.   Merck denies each and every allegation contained in paragraph 128 of the Complaint.

Plaintiff's prayer for relief in the "Wherefore" paragraph of Count VII of the Complaint is not an allegation and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count VII of the Complaint.

## RESPONSE TO "COUNT VIII – LOSS OF CONSORTIUM"

Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 128 of this Answer with the same force and effect as though set forth here in full.

129.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the Complaint.

130.   Merck denies each and every allegation contained in paragraph 130 of the Complaint.

Plaintiffs' prayer for relief in the "Wherefore" paragraph of Count VIII of the Complaint is not an allegation and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation in the "Wherefore" paragraph of Count VIII of the Complaint.

-24-

## AFFIRMATIVE AND OTHER DEFENSES

131.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

132.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

133.    The claims of the Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

134.    The Complaint fails to state a claim upon which relief can be granted.

135.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

136.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

137.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

138.    If the Plaintiffs has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

-25-

139.    To the extent that Plaintiffs asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

140.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

141.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

142.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

143.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

144.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

813238v.1

145.   To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

146.   To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Maryland law.

147.   Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity.

148.   Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

149.   Plaintiffs' claims are barred in whole or in part by the First Amendment.

150.   Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

151.   There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

152.   This case is more appropriately brought in a different venue.

153.   Venue in this case is improper.

154.   The claims of the Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

813238v.1

155.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

156.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

157.    The claims of the Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

158.    The claims of the Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

159.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

160.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

161.    The claims of the Plaintiffs may be barred, in whole or in part, by the governing state laws.

162.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

163.    Plaintiffs have not sustained any injury or damages compensable at law.

164.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

813238v.1

165.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

166.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

167.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

168.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

169.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

170.    Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

171.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## RESPONSE TO "PRAYER FOR TRIAL BY JURY"

Merck joins in the demand for a trial by jury.

813238v.1

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Merck & Co., Inc. respectfully requests that the Complaint be dismissed and that Merck recover all costs herein expended on its behalf, including costs, attorneys' fees, and such other relief as this Court may deem just and proper.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMAN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
504-581-3361 (phone)
504-581-3361 (facsimile)

Paul F. Strain (Federal Bar No. 01255)
Stephen E. Marshall (Federal Bar No. 08896)
Venable, LLP
Two Hopkins Plaza
Baltimore, Maryland 21201-2978
410-244-7400 (phone)
410-244-7742 (facsimile)

Counsel for Merck & Co., Inc.

813238v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 2nd day of June, 2006.

*Dorothy H. Wimberly*

813238v.1