

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | Section L |
| THIS DOCUMENT RELATES TO: | JUDGE FALLON |
| *Wright v. Merck & Co., Inc.,*<br>No. 2:06-cv-1473 | MAG. JUDGE KNOWLES |

## MERCK & CO., INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD ADDITIONAL DEFENDANTS

Defendant Merck & Co., Inc. ("Merck") submits this memorandum in opposition to plaintiff's motion for leave to amend complaint to add additional defendants. Because the plaintiff has already initiated a separate medical malpractice suit in Florida state court alleging identical claims against the non-diverse physician defendants she seeks to add here, it is clear that the sole purpose of plaintiff's motion is to attempt to escape federal jurisdiction. Accordingly, plaintiff's motion should be denied under 28 U.S.C § 1447(e).

### BACKGROUND

This case was originally filed in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida. Plaintiff Susan Wright, as Personal Representative of the Estate of Michael Wright, alleges that on or about January 3, 2004, Mr. Wright suffered a stroke as a result of taking Vioxx®. (Proposed First Am. Compl. ¶ 23.) In addition to suing Merck,

\_\_\_\_ Fee_____
\_\_\_\_ Process_____
_X_/Dktd _____
\_\_\_\_ CtRmDep.\_\_\_
\_\_\_\_ Doc. No_____

plaintiff also sued Bree D. Carlin and Yvonne B. Morrow, two Merck professional representatives.

On February 3, 2006,[1] pursuant to 28 U.S.C. § 1441, Merck timely removed this action based on diversity of citizenship. In its notice, Merck clearly established that removal was appropriate because the two non-diverse employee defendants were fraudulently joined and, therefore, their citizenship must be ignored for purposes of removal.[2]

Plaintiff responded to Merck's notice of removal by filing a motion to amend her Complaint to add Mr. Wright's prescribing physicians, Christopher Hamann, M.D., Sean Ryan, PA-C and Naples Emergency Physicians, L.L.C., as defendants. One month prior to filing the motion to amend, however, plaintiff filed a separate medical malpractice suit against these same physician defendants in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. *See* Complaint, *Wright v. Hamann,* Case No. 06-CA-001428(Fla. Cir. Ct. Apr. 13, 2006) ("Pl.'s Malpractice Compl.") (attached as Ex. A). The allegations set forth in plaintiff's state malpractice complaint are identical to the allegations made against the physician defendants in plaintiff's proposed amended complaint here. (*Compare* Pl.'s Malpractice Compl. ¶¶ 2-15 *with* Proposed First Am. Compl. ¶¶ 72-86.)

---

[1]    Merck originally filed its Notice of Removal on January 30, 2006; however, Merck filed an Amended Notice of Removal on February 3, 2006 to correctly identify the circuit court from which the case was removed.

[2]    As Merck set forth in its Amended Notice of Removal, neither employee defendant has ever been in contact with plaintiff's decedent's treating physician, Dr. Christopher Hamann, the plaintiff or the plaintiff's decedent. (*See* Merck's Am. Notice of Removal ¶ 19.) Moreover, plaintiff's original complaint failed to state a factual basis for any claim against the employee defendants. (*See id.* ¶ 22.) Therefore both non-diverse defendants were fraudulently joined to the action for purposes of avoiding federal jurisdiction. *See, e.g., Tillman v. RJ Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (non-diverse employee defendants fraudulently joined where "plaintiff failed to tie these defendants to the underlying allegations of the complaint").

813636v.1

## ARGUMENT

Under 28 U.S.C. § 1447(e), a court has two options when a plaintiff seeks to add non-diverse defendants after removal:  (1) it can deny joinder, or (2) it can permit joinder and remand the action to the state court.  28 U.S.C. § 1447(e).  In interpreting section 1447(e), courts have recognized that joinder should be denied where:  (1) the obvious purpose of the motion to amend is to support a remand motion; (2) denial will not prejudice the plaintiff; and (3) addition of new defendants will adversely affect the defendant's interest in retaining the federal forum. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) ("When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor.").  All three of those grounds are present here, and plaintiff's motion should therefore be denied.

### A.   Plaintiff's Motion to Amend Should Be Denied Because Its Plain Purpose Is To Defeat Diversity Jurisdiction.

The first and most important question a court must ask in considering a request like plaintiff's is whether the purpose of the proposed amendment is legitimate – or simply an attempt to escape federal jurisdiction. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) ("'a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court'" (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980))).

Here, as other courts have recognized in analogous circumstances, there is little question as to plaintiff's motive for seeking to add Mr. Wright's prescribing physicians to this lawsuit, given that she has already sued those physicians in state court. *See Nazario v. Deere & Co.*, 295

3

F. Supp. 2d 360, 364-365 (S.D.N.Y. 2003). In *Nazario*, for example, the court denied the plaintiff's post-removal motion to amend a federal action to join a non-diverse defendant against whom plaintiff had already filed claims in state court. In denying the motion, the court noted that, in light of the pending state court action, the evidence strongly suggested that plaintiff's sole motivation in seeking to amend the federal case was to force the entire litigation into state court. *Id.* The same is true here.

Lest there be any question about plaintiff's motive, the timing of plaintiff's proposed amendment in this action – filed after Merck's removal and plaintiff's state malpractice complaint – is further evidence that her sole intention in adding malpractice claims against Mr. Wright's prescribing physicians is to defeat federal jurisdiction. *See McCaulley v. Purdue Pharma, L.P.,* 172 F. Supp. 2d 803, 806 (W.D. Va. 2001) (holding that when a plaintiff attempts "to join a non-diverse defendant after removal, especially . . . before any significant discovery is taken," it "raises a red flag that the plaintiff may be forum shopping"); *Le Duc v. Bujake,* 777 F. Supp. 10, 12 (E.D. Mo. 1991) ("temporal proximity of the petition for removal and the request for joinder of the nondiverse party at least suggests an attempt to defeat this Court's jurisdiction . . ."). *See also Smith v. White Consol. Indus., Inc.,* 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002) (holding that when a court is faced with an amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction it should deny leave to amend unless strong equities support the proposed amendment); *McCaulley,* 172 F. Supp. 2d at 810.

Plaintiff's argument that Florida medical malpractice law precluded the addition of claims against Mr. Wright's prescribing physicians until this time (Pl. Mot. ¶ 4) is wholly unpersuasive. While plaintiff attempts to convince this Court that the statutory requirements of the Florida Medical Malpractice Act are so cumbersome as to essentially bar the addition of

4

claims against Mr. Wright's personal physicians to her claim until now, in reality there is no legitimate reason for the delay. Under Florida's Medical Malpractice Act ("FMMA"), a plaintiff seeking to bring suit against a healthcare provider for malpractice must first obtain "a verified written medical expert opinion from a medical expert" corroborating that plaintiff has "reasonable grounds to initiate medical negligence litigation" at least ninety days before filing suit. Fla. Stat. § 766.203(2)(b); *id.* § 766.106(3)(a). This pre-suit screening requirement merely requires that the plaintiff be examined by a medical professional who holds a health care degree and who has practiced in the same medical field as the proposed physician defendant for a specified amount of time ranging from three to five years (depending on whether the expert is a specialist or a general practitioner). *See* Fla. Stat. § 766.203; *id.* § 766.102(5). *See also Largie v. Gregorian*, 913 So. 2d 635, 639 (Fla. Dist. Ct. App. 2005) (medical expert affidavit naming physician defendants and attesting to reasonableness of plaintiff's claim is sufficient to satisfy the FMMA).

Contrary to plaintiff's suggestion, plaintiff had ample time between Mr. Wright's January, 3, 2004 alleged injury and the filing of the initial complaint in this action on December 23, 2005 to seek and obtain corroboration from a qualified medical professional that the claims against Mr. Wright's physicians were reasonably valid. Moreover, plaintiff was able to file identical malpractice claims against Mr. Wright's prescribing physicians in state court almost a month before moving to add them as defendants here. Thus, plaintiff's "unexplained delay" in pursuing claims against the non-diverse defendants in this action also weighs in favor of denying the motion to amend the complaint. *See Clinco*, 41 F. Supp. 2d at 1082.

**B.      Denial Of Plaintiff's Motion To Amend Will Not Impair Plaintiff's Ability To Obtain Complete Relief.**

The fact that plaintiff has sued the same defendants in state court also confirms that she will not be significantly injured if the non-diverse parties are not added to this action. *See Hensgens*, 833 F.2d at 1182 (the court should consider whether plaintiff will be significantly injured if proposed amendment is not allowed); *see also McCaulley*, 172 F. Supp. 2d at 809 (noting that lack of non-diverse defendant would not prejudice plaintiff because plaintiff did not stand to gain much from non-diverse defendant); *Connoisseur Doors, Inc. v. Haney Corp.*, Civ.A. No. SA 96-CA-146, 1996 WL 156557, at *3 (W.D. Tex. Apr. 1, 1996) (denying motion to amend to add non-diverse defendants where current defendant was able to satisfy a future judgment and there was no reason that the plaintiff could not pursue the non-diverse defendant in state court); *Le Duc*, 777 F. Supp. at 12; *see also Clinco*, 41 F. Supp. 2d at 1082 (joinder of new defendants after removal is not favored unless, under Federal Rule 19, the new defendant's "absence would preclude the grant of complete relief, or. . . impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations").

In any event, because plaintiff's claims against Mr. Wright's physicians turn on whether they "prescribe[d] Vioxx, a drug contraindicated for patients on Wafarin and Coumadin" (*see* Proposed First Am. Compl. ¶ 80(n)), these claims are wholly unrelated to the suit against Merck, which focuses on the company's alleged knowledge of Vioxx's alleged defects. As a result, there is no reason why plaintiff's product liability claims against Merck must be resolved simultaneously with the medical malpractice claims against the prescribing physicians. *See Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (denying motion to amend

6

where new non-diverse defendants were not "an indispensable party" and "[t]heir absence w[ould] not prevent complete relief from being accorded between those already parties.").[3]

**C.     Other Equities, Such As Merck's Interest In Maintaining The Federal Forum, Weigh Heavily In Favor Of Denying Plaintiff's Motion.**

Finally, "other factors bearing on the equities" also support denial of plaintiff's motion, *Hensgens*, 833 F.2d at 1182, because of Merck's interest in retaining a federal forum. *See Smith*, 229 F. Supp. 2d at 1282. As one court explained in similar circumstances:

> In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes.

*Sexton v. G & K Servs., Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999); *see also McCaulley*, 172 F. Supp. 2d at 809.

Here, allowing plaintiff to amend this action and seek remand would unfairly deny Merck's right to defend this action in a federal forum, waste judicial resources and reward plaintiff's forum manipulation efforts. *See Hensgens*, 833 F.2d at 1182; *Sexton*, 51 F. Supp. 2d at 1313 (holding that "[j]ust as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity"). Such a result would be all the more unjust in light of the fact that plaintiff will suffer absolutely no prejudice if the motion is denied, given that her malpractice

---

[3]      Plaintiff's motion should also be denied under Fed. R. Civ. P. 15 on grounds of futility. *See Soliz v. Bennett*, 150 Fed. Appx. 282, 285 (5th Cir. 2005) (motion to amend should be denied if the proposed amendment would be frivolous or futile). As noted above, plaintiff's medical malpractice claims turn on whether the decedent's physicians were negligent in prescribing Vioxx when he was already taking Warfarin and Coumadin; in contrast, her claims against Merck turn on whether it failed to warn of the alleged side effects of Vioxx. Accordingly, the allegations against the two sets of defendants do not arise out of the same transaction or occurrence as required by Fed. R. Civ. P. 20(a) and would thus be subject to severance. *See* Pretrial Order No. 150, *In re Rezulin Prods. Liab. Litig.*, No. MDL 1348, 00 Civ. 2843(LAK), 2003 WL 21276425, at *1-2 (S.D.N.Y. June 2, 2003) ("*Rezulin III*") (non-diverse physician fraudulently misjoined with claims against drug manufacturer where basis of claim against physician was failure to diagnose alleged liver dysfunction, while basis of claim against manufacturer went "principally to the safety and efficacy of the drug and ha[d] little if anything to do with the malpractice claim.").

813636v.1

claims are already pending in state court.  Thus, Merck's legitimate interest in retaining a federal forum and proceeding in the MDL weighs heavily toward denying joinder of the prescribing physicians.  *Hensgens*, 833 F.2d at 1182 (stating that a district court faced with a proposed amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction "should scrutinize that amendment more closely than an ordinary amendment" and should deny leave to amend unless strong equities support the proposed amendment); *McCaulley*, 172 F. Supp. 2d at 810.

## CONCLUSION

For all the reasons stated above, Merck requests that this Court deny plaintiff's motion to amend.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMAN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
504-581-3361 (phone)
504-581-3361 (facsimile)

Defendants' Liaison Counsel

8

813636v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint to Add Additional Defendants has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 6th day of June, 2006.

9

813636v.1