FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JUN -7 PM 12: 10
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | *  MDL No. 1657<br>*<br>*  SECTION L<br>*<br>*  JUDGE ELDON E. FALLON<br>*<br>*  MAGISTRATE JUDGE<br>*  DANIEL E. KNOWLES, III<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Danny Joe Down and Marilyn Sue Down v. Merck & Co., Inc.*, Case No. 06-1667.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs's Complaint for Damages, Request for Jury Trial ("Complaint") as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "I. PARTIES"

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1 of the Complaint and denies each and every allegation directed towards Merck in paragraph 1 of the Complaint, except admits that Vioxx® ("Vioxx") is the brand name for rofecoxib.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

2.     Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Kansas and Louisiana. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO
### "II. INTRODUCTION"

3.     Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4.     Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.     Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Merck has estimated that there were approximately 105 million prescriptions for Vioxx written in the United States from May 1999 through August 2004 and that, based on this estimate, Merck has estimated that the number of patients who have taken Vioxx in the United States since May 1999 is approximately 20 million.  Merck avers that these figures are approximate numbers based on information received from various sources outside of Merck.

## RESPONSE TO
## "III.  JURISDICTIONAL STATEMENT"

6.     The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and denies each and every allegation contained in the third and fourth sentences of paragraph 6 of the Complaint, except admits that Plaintiffs purport to state a claim in excess of the jurisdictional limits of this Court but denies that there is any legal or factual basis for such relief, and that Merck is authorized to do business in Kansas.

7.     The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Kansas.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck is authorized to do business in Kansas.

**RESPONSE TO**
**"IV.  FACTUAL ALLEGATIONS"**

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck has employees, agents, and representatives.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the

information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

17.    Denies each and every allegation contained in paragraph 17 of the Complaint.

18.    Denies each and every allegation contained in paragraph 18 of the Complaint.

## RESPONSE TO "A. VIOXX IS A NON-STEROIDAL ANTI-INFLAMMATORY DRUG ('NSAID') THAT SELECTIVELY BLOCKS THE PRODUCTION OF CYCLOOXYGENASE-2 ('COX-2')."

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the mechanism of action for Vioxx, which reduces pain and inflammation, is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Merck further admits that Vioxx is the brand name for rofecoxib.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Vioxx is part of a class of drugs known as known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action for Vioxx, which reduces pain and inflammation, is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that non-selective NSAIDs such as naproxen are believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, including its subparts a and b.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, including its subparts a and b, except admits that employees of Merck Frosst Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that in 1992 Merck became aware of research and development work related to selective COX-2 inhibitors. Merck further avers that employees of Merck Frosst Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that in December 1994 Merck submitted an IND Application for Vioxx and respectfully refers the Court to the referenced IND for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck marketed Vioxx from May 1999 to September 2004 and that Vioxx was one of Merck's top-selling drugs during that time.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Vioxx worldwide sales in 2003 exceeded $2 billion.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

### RESPONSE TO "B.  MERCK KNEW OF VIOXX'S CARDIOTOXIC AND PRO-THROMBOTIC EFFECTS BEFORE IT WAS APPROVED AND MARKETED"

#### RESPONSE TO "1.  MERCK'S KNOWLEDGE DATES FROM AT LEAST NOVEMBER 1996"

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except avers that it is believed that the inhibition of cyclooxygenase-1 ("COX-1") has been associated with gastric damage and increased bleeding among patients taking non-selective NSAIDs.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Plaintiffs purport to quote portions of a document but avers that the quoted language is taken out of context, and respectfully refers the Court to the referenced document for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Plaintiffs purport to quote portions of a document but avers that the quoted language is taken out of context, and respectfully refers the Court to the referenced document for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that in 1998, the Board of Scientific Advisors recommended that data be collected on cardiovascular events in Vioxx clinical trials in a systematic manner. Merck avers that Plaintiffs purport to quote from a document but avers that any quoted language is taken out of context, and respectfully refers the Court to the referenced document for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

42.    Denies each and every allegation contained in paragraph 42 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

43.    Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.   Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

44.    Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

**RESPONSE TO**
**"2. THE VIGOR STUDY SHOWED SIGNIFICANT**
**INCREASES IN CARDIOVASCULAR EVENTS OCCURRING**
**IN PATIENTS TAKING VIOXX AS OPPOSED TO NAPROXEN."**

45.    Denies each and every allegation contained in paragraph 45 of the Complaint.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint.

47.    Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck further admits that it provided preliminary results of the VIGOR study to the FDA in March 2000.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Plaintiffs purport to quote portions of statements but avers that said statements are taken out of context and respectfully refers the Court to the referenced statements for their actual language and full text.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that in March 2000, Merck received an e-mail purporting to describe Dr. Patrono's opinion about the VIGOR study and respectfully refers the Court to the referenced e-mail for its actual text.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to

said studies for their actual conclusions and full context.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

56.   Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

57.   Denies each and every allegation contained in paragraph 57 of the Complaint, except avers that, on May 22, 2001, Merck issued a press release related to Vioxx and respectfully refers the Court to the referenced press release for its actual language and full text.

58.   Denies each and every allegation contained in paragraph 58 of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

59.   Denies each and every allegation contained in paragraph 59 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

60.   Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

61.   Denies each and every allegation contained in paragraph 61 of the Complaint, except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint, except admits that in April 2002 the FDA approved Vioxx as safe and effective for use as recommended in the FDA-approved prescribing information for, among other indicated uses, the treatment of the signs and symptoms of rheumatoid arthritis in adults.  Merck further avers that it has been reported in the medical literature that rheumatoid arthritis affects millions of Americans.

**RESPONSE TO "C.  MERCK PURSUED
AN AGGRESSIVE AND MISLEADING MARKETING CAMPAIGN."**

64.     Denies each and every allegation contained in paragraph 64 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information

contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint, except admits that the referenced advertisement exists and that Plaintiffs purport to quote a portion of said advertisement and respectfully refers the Court to said advertisement for its actual language and full text. Merck further admits that Dorothy Hamill was featured in ad campaigns for Vioxx.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint, except admits that the referenced advertisement exists and that Plaintiffs purport to quote a portion of said advertisement and respectfully refers the Court to said advertisement for its actual language and full text. Merck further admits that Dorothy Hamill was featured in ad campaigns for Vioxx.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint, except admits that the referenced advertisements exist and respectfully refers the Court to said advertisements for their actual language and full text.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text. Merck

further avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

73. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 73 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 73 of the Complaint, except admits that Vioxx was prescribed to millions of patients by health care providers.

74. Denies each and every allegation contained in paragraph 74 of the Complaint, except admits that 2003 Vioxx worldwide sales figures exceeded $2 billion.

75. Denies each and every allegation contained in paragraph 75 of the Complaint.

76. Denies each and every allegation contained in paragraph 76 of the Complaint.

77. Denies each and every allegation contained in paragraph 77 of the Complaint.

78. Denies each and every allegation contained in paragraph 78 of the Complaint, including its subparts a through c.

**RESPONSE TO
"1. THE FDA ISSUED A WARNING LETTER ON
SEPTEMBER 17, 2001, INDICATING THAT MERCK HAD
ENGAGED IN 'FALSE OR MISLEADING' PROMOTION OF VIOXX."**

79. Denies each and every allegation contained in contained in paragraph 79 of the Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint, except admits that Merck received a letter in September 2001 from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint, including its subparts a through i, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter, and Patient Information sheet for their actual language and full text.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint and respectfully refers the Court to the referenced prescribing information for Vioxx its actual language and full text.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint, except admits that in April 2002 the FDA approved a so-called "Dear Doctor" letter

and respectfully refers the Court to the referenced "Dear Doctor" letter for its actual language and full text.

86.    Merck denies each and every allegation contained in paragraph 86 of the Complaint, except admits that in April 2002 the FDA approved a Patient Information sheet and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

87.    Denies each and every allegation contained in paragraph 87 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

88.    Denies each and every allegation contained in paragraph 88 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

89.    Denies each and every allegation contained in paragraph 89 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

90.    Denies each and every allegation contained in paragraph 90 of the Complaint, except admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

91.    Denies each and every allegation contained in paragraph 91 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information

contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

96.     The allegations contained in paragraph 96 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion. Merck further admits that Plaintiffs purport to seek exemplary damages, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO
"D.  ADVERSE EVENTS CONTINUED TO OCCUR BECAUSE OF
VIOXX USE, AND MERCK CONTINUED TO DENY VIOXX'S DANGERS."**

99.     Denies each and every allegation contained in paragraph 99 of the Complaint, except admits that the referenced system for adverse event reporting exists, although the reports on the system are not necessarily accurate. Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the Food and Drug Administration that the event was caused by the drug.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint, except admits that the referenced Wall Street Journal article exists and respectfully refers the Court to said article for its actual language and full text.

101.    Denies each and every allegation contained in paragraph 101 of the Complaint, except admits that the results of the referenced study were never published and avers that Merck had no duty to publish such results.

102.    Denies each and every allegation contained in paragraph 102 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

103.    Denies each and every allegation contained in paragraph 103 of the Complaint.

104. Denies each and every allegation contained in paragraph 104 of the Complaint, except admits that the referenced article exists and that Plaintiffs purport to quote a portion of said article, and respectfully refers the Court to the referenced article for its actual language and full text.

### RESPONSE TO
### "E.  MERCK FINALLY WITHDREW VIOXX FROM THE MARKET
### IN RESPONSE TO PRELIMINARY RESULTS FROM ITS APPROVE STUDY."

105. Denies each and every allegation contained in paragraph 105 of the Complaint, except admits that in November 1999 Merck submitted an IND relating to Vioxx to the Division of Oncology Drug Products and respectfully refers the Court to said IND for its actual language and full text.

106. Denies each and every allegation contained in paragraph 106 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

107. Denies each and every allegation contained in paragraph 107 of the Complaint.

108. Denies each and every allegation contained in paragraph 108 of the Complaint, except admits that Plaintiffs purport to quote portions of a document but avers that said language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.  Merck further avers that the referenced trial was halted in September 2004.

109. Denies each and every allegation contained in paragraph 109 of the Complaint, except admits that on September 27, 2004 Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

110.    Denies each and every allegation contained in paragraph 110 of the Complaint, except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

111.    Denies each and every allegation contained in paragraph 111 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to that study for its actual conclusions and full text.  Merck further admits that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

112.    Denies each and every allegation contained in paragraph 112 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

113.    Merck denies each and every allegation contained in paragraph 113 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

114.    Denies each and every allegation contained in paragraph 114 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

115.    Merck denies each and every allegation contained in paragraph 115 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

116.   Denies each and every allegation contained in paragraph 116 of the Complaint and respectfully refers the Court to the referenced article for its actual conclusions and full text.

117.   Denies each and every allegation contained in paragraph 117 of the Complaint.

118.   Denies each and every allegation contained in paragraph 118 of the Complaint and respectfully refers the Court to the referenced article for its actual language and full text.

119.   The allegations contained in paragraph 119 of the Complaint are not directed at Merck and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 119 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

120.   Admits the allegations contained in paragraph 120 of the Complaint that Merck participated in FDA Arthritis Drug Advisory Committee hearings in February 2005.

121.   Denies each and every allegation contained in paragraph 121 of the Complaint and respectfully refers the Court to the minutes produced at the referenced hearings for their actual language and full text.

### RESPONSE TO
### "CLAIMS FOR RELIEF"

### RESPONSE TO
### "COUNT I - NEGLIGENCE"

122.    With respect to the allegations contained in paragraph 122 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

123.    Denies each and every allegation contained in paragraph 123 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

124.    Denies each and every allegation contained in paragraph 124 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

125.    Denies each and every allegation contained in paragraph 125 of the Complaint.

126.    The allegations contained in paragraph 126 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

127.    Denies each and every allegation contained in paragraph 127 of the Complaint, including its subparts a through n and their sub-subparts, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

128.    Denies each and every allegation contained in paragraph 128 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

129.    Denies each and every allegation contained in paragraph 129 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

130.    Denies each and every allegation contained in the first and third sentences of paragraph 130 of the Complaint.   The allegations contained in the second sentence of paragraph 130 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

131.    Denies each and every allegation contained in paragraph 131 of the Complaint.

**RESPONSE TO**
**"COUNT II – NEGLIGENCE PER SE"**

132.    With respect to the allegations contained in paragraph 132 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

133.    The allegations contained in paragraph 133 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

134.    Denies each and every allegation contained in paragraph 134 of the Complaint.

135.    The allegations contained in paragraph 135 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 135 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

136.    The allegations contained in paragraph 136 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 136 of the Complaint.

137.    The allegations contained in paragraph 137 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 137 of the Complaint,

including its subparts (a) through (e), and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

138.    Denies each and every allegation contained in paragraph 138 of the Complaint.

## RESPONSE TO
## "COUNT III - STRICT LIABILITY (DESIGN DEFECT)"

139.    With respect to the allegations contained in paragraph 139 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

140.    Denies each and every allegation contained in paragraph 140 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

141.    Denies each and every allegation contained in paragraph 141 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

142.    Denies each and every allegation contained in paragraph 142 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

143.    Denies each and every allegation contained in paragraph 143 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

144.    The allegations contained in paragraph 144 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 144 of the Complaint.

145.    The allegations contained in paragraph 145 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 145 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 145 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

146.    Denies each and every allegation contained in paragraph 146 of the Complaint.

**RESPONSE TO**
**"COUNT IV - STRICT LIABILITY (FAILURE TO WARN)"**

147.    With respect to the allegations contained in paragraph 147 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

148.    Denies each and every allegation contained in paragraph 148 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

149.    Denies each and every allegation contained in paragraph 149 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

150.    Denies each and every allegation contained in paragraph 150 of the Complaint.

151.    Denies each and every allegation contained in paragraph 151 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

152.    Denies each and every allegation contained in paragraph 152 of the Complaint.  Merck further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 122 through 131 of this Answer with the same force and effect as though set forth here in full.

153.    Denies each and every allegation contained in paragraph 153 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

154.   Denies each and every allegation contained in paragraph 154 of the Complaint.

### RESPONSE TO
### "COUNT V - NEGLIGENT FAILURE TO WARN"

155.   With respect to the allegations contained in paragraph 155 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

156.   The allegations contained in paragraph 156 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 156 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.   Merck further denies that it violated any applicable law in the manufacture, sale, and design of Vioxx.

157.   Denies each and every allegation contained in paragraph 157 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

158.   Denies each and every allegation contained in paragraph 158 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

159.   Denies each and every allegation contained in paragraph 159 of the Complaint.

160.   Denies each and every allegation contained in paragraph 160 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

161.   Denies each and every allegation contained in paragraph 161 of the Complaint.

**RESPONSE TO**
**"COUNT VI - BREACH OF IMPLIED WARRANTY"**

162.   With respect to the allegations contained in paragraph 162 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

163.   Denies each and every allegation contained in paragraph 163 of the Complaint, as it is without information or knowledge sufficient to justify a belief in the truth or falsity therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

164.   Denies each and every allegation contained in paragraph 164 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

165.   The allegations contained in paragraph 165 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 165 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

166.   Denies each and every allegation contained in paragraph 166 of the Complaint.

167.   Denies each and every allegation contained in paragraph 167 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

168.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 168 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 168 of the Complaint.

169.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 169 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 169 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

170.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 170 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 170 of the Complaint.

171.   Denies each and every allegation contained in paragraph 171 of the Complaint, including its subparts (a) through (c), except admits that Merck manufactured,

marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

172.    The allegations contained in paragraph 172 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 172 of the Complaint.

173.    Denies each and every allegation contained in paragraph 173 of the Complaint.

174.    Denies each and every allegation contained in paragraph 174 of the Complaint.

**RESPONSE TO**
**"COUNT VII - BREACH OF EXPRESS WARRANTY"**

175.    With respect to the allegations contained in paragraph 175 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

176.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 176 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 176 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

177.    Denies each and every allegation contained in paragraph 177 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

178.    Denies each and every allegation contained in paragraph 178 of the Complaint.

179.    Denies each and every allegation contained in paragraph 179 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

180.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 180 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 180 of the Complaint.

181.    Denies each and every allegation contained in paragraph 181 of the Complaint.

182.    Denies each and every allegation contained in paragraph 182 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

183.    Denies each and every allegation contained in paragraph 183 of the Complaint, including its subparts (a) and (b), except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully

refers the Court to the relevant prescribing information and literature for its actual language and full text.

184.   Denies each and every allegation contained in paragraph 184 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

185.   Denies each and every allegation contained in paragraph 185 of the Complaint, except admits that Merck has drafted documents and made statements related to the prescription medicine Vioxx.

186.   Denies each and every allegation contained in paragraph 186 of the Complaint except admits that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

187.   Denies each and every allegation contained in paragraph 187 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

188.   Denies each and every allegation contained in paragraph 188 of the Complaint, including its subparts (a) through (c), except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to

the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

189.    The allegations contained in paragraph 189 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 189 of the Complaint.

190.    Denies each and every allegation contained in paragraph 190 of the Complaint.

**RESPONSE TO**
**"COUNT VIII – VIOLATIONS OF THE**
**KANSAS CONSUMER PROTECTION ACT, K.S.A. 50-623 ET SEQ. "**

191.    With respect to the allegations contained in paragraph 191 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

192.    Denies each and every allegation contained in paragraph 192 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

193.    Denies each and every allegation contained in paragraph 193 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

194.    Denies each and every allegation contained in paragraph 194 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is authorized to do business in Kansas.

195.   The allegations contained in paragraph 195 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 195 of the Complaint.

196.   Denies each and every allegation contained in paragraph 196 of the Complaint.

197.   Denies each and every allegation contained in paragraph 197 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

198.   Denies each and every allegation contained in paragraph 198 of the Complaint.

199.   Denies each and every allegation contained in paragraph 199 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT IX - VIOLATION OF
UNFAIR TRADE PRACTICE/CONSUMER PROTECTION LAWS"**

200.   With respect to the allegations contained in paragraph 200 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

201.   Denies each and every allegation contained in paragraph 201 of the Complaint.

202.   Denies each and every allegation contained in paragraph 202 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

203.    Denies each and every allegation contained in paragraph 203 of the Complaint.

204.    Denies each and every allegation contained in paragraph 204 of the Complaint.

205.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity if the allegations not directed toward Merck in paragraph 205 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 205 of the Complaint.

206.    The allegations contained in paragraph 206 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 206 of the Complaint.

207.    Denies each and every allegation contained in paragraph 207 of the Complaint.

208.    Denies each and every allegation contained in paragraph 208 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

209.    Denies each and every allegation contained in paragraph 209 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

210.    Denies each and every allegation contained in paragraph 210 of the Complaint.

211.    Denies each and every allegation contained in paragraph 211 of the Complaint.

212.   The allegations contained in paragraph 212 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 212 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

213.   Denies each and every allegation contained in paragraph 213 of the Complaint.

214.   Denies each and every allegation contained in paragraph 214 of the Complaint.

215.   The allegations contained in paragraph 215 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 215 of the Complaint.

216.   Denies each and every allegation contained in paragraph 216 of the Complaint.

**RESPONSE TO "COUNT X -
MISREPRESENTATION AND CONCEALMENT"**

217.   With respect to the allegations contained in paragraph 217 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 216 of this Answer with the same force and effect as though set forth here in full.

218.   Denies each and every allegation contained in paragraph 218 of the Complaint.

219.    Denies each and every allegation contained in paragraph 219 of the Complaint, including its subparts a through e.

220.    Denies each and every allegation contained in paragraph 220 of the Complaint.

221.    Denies each and every allegation contained in paragraph 221 of the Complaint.

222.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 222 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 222 of the Complaint.

223.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 223 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 223 of the Complaint.

224.    The allegations contained in paragraph 224 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 224 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

225.    The allegations contained in paragraph 225 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 225 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 225 of the Complaint.

226.    Denies each and every allegation contained in paragraph 226 of the Complaint.

227.    Denies each and every allegation contained in paragraph 227 of the Complaint.

### RESPONSE TO
### "COUNT XI - FRAUD"

228.    With respect to the allegations contained in paragraph 228 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

229.    Denies each and every allegation contained in paragraph 229 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

230.    Denies each and every allegation contained in paragraph 230 of the Complaint.

231.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 231 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 231 of the Complaint.

232.    Denies each and every allegation contained in paragraph 232 of the Complaint.

233.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity if the allegations not directed toward Merck in paragraph 233 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 233 of the Complaint.

234.     Denies each and every allegation contained in paragraph 234 of the Complaint.

235.     Denies each and every allegation contained in paragraph 235 of the Complaint.

236.     Denies each and every allegation contained in paragraph 236 of the Complaint.

## RESPONSE TO
## "COUNT XII - NEGLIGENT MISREPRESENTATION"

237.     With respect to the allegations contained in paragraph 237 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

238.     Denies each and every allegation contained in paragraph 238 of the Complaint.

239.     Denies each and every allegation contained in paragraph 239 of the Complaint.

240.     The allegations contained in paragraph 240 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 240 of the Complaint.

241.     The allegations contained in paragraph 241 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

242.     Denies each and every allegation contained in paragraph 242 of the Complaint.

243.    Denies each and every allegation contained in paragraph 243 of the Complaint.

244.    Denies each and every allegation contained in paragraph 244 of the Complaint.

## RESPONSE TO
## "COUNT XIII - CLAIMS OF PLAINTIFF SPOUSE"

245.    With respect to the allegations contained in paragraph 245 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 244 of this Answer with the same force and effect as though set forth here in full.

246.    Denies each and every allegation contained in paragraph 246 of the Complaint, including its subparts (a) through (d), except admits that Plaintiff Spouse purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

247.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity if the allegations not directed toward Merck in paragraph 247 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 247 of the Complaint.

## RESPONSE TO
## "COUNT XIV - PUNITIVE DAMAGES"

248.    With respect to the allegations contained in paragraph 248 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

249.    Denies each and every allegation contained in paragraph 249 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

250.   The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 249 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 13, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY TRIAL DEMANDED"

251.   The statements contained in the unnumbered paragraph under the heading "Jury Trial Demanded" are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

252.   The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

253.   The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

254.   To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

255.   To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws,

regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

256.    The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

### AS FOR A SIXTH
### DEFENSE, MERCK ALLEGES:

257.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

### AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

258.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician under the learned intermediary doctrine.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

259.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

260.    The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

261.  The claims of the Plaintiffs are barred under Section 4, *et seq.,* of the

Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

262.  The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

263.  The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

264.  The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

265.  If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or

other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

266.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were directly and proximately caused by

the intervening or superseding act and conduct of persons not having real or apparent authority to

take said actions on behalf of Merck and over whom Merck had no control and for whom Merck

may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

267.   To the extent that Plaintiffs have settled or will in the future settle with

any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if

any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

268.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or

environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or

natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

269.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were proximately caused by the misuse of

Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

270.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

271.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

272.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

273.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

274.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

47

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

275.   To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

276.   To the extent that Plaintiffs assert claims against Merck for punitive damages, such claims are barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

277.   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

278.   The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

279.   To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

280.   Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

281.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

282.   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

283.   To the extent that Plaintiff seeks economic losses as a result of purchasing Vioxx, such claims are barred under Kansas law because a buyer of allegedly defective goods cannot recover in tort for economic losses.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

284.   Merck's negligence, if any, must be compared to the negligence of all entities, whether joined as a party or not, even if recovery against a particular entity is barred.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

285.   To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in the action under N.J.S.A. 2A:15-97.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

286.   Merck asserts all defenses available to it pursuant to N.J.S.A. 2A:58C-1, *et seq.*, otherwise known as the New Jersey Product Liability Act.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

287.   Plaintiffs are barred from recovery and/or Plaintiffs' recovery is limited pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq.*

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

288.   Merck denies any liability on its part, but if Merck is ultimately found liable to Plaintiffs, then it shall only be liable for its equitable share of Plaintiffs' recovery since any liability which would be found against it will be insufficient to impose joint liability. In the alternative, the liability, if any, of Merck is limited by and pursuant to the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1, et seq.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.   That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.     Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: June __7__, 2006.

Respectfully submitted,

*Melissa V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
    Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
    Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this __7__ day

of June, 2006.

*Melissa V. Beaugh*