

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN -9  AM 11: 19

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Charles Peake and Martha Peake, v. Merck & Co., Inc.*, No. 06-2045.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO "PARTIES"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

_____ Fee_____
_____ Process_____
__X__ Dktd _____
_____ CtRmDep_____
_____ Doc. No_____

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.      Admits the allegation contained in paragraph 3 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.

## RESPONSE TO
## "JURISDICTION AND VENUE"

5.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 5 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5 of the Complaint, except admits that Plaintiffs purport to state a claim for economic and other relief but denies that there is any legal or factual basis for such relief.

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx® ("Vioxx"), that Judge Eldon E. Fallon has jurisdiction over this case, that the MDL Court has issued Pretrial Order No. 11, and respectfully refers the Court to that Order for its actual language and full effect.

7.     Denies each and every allegation contained in paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that Merck is authorized to do business in Ohio.

9.     Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that it is authorized to do business in Ohio.

10.     The allegations contained in paragraph 10 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 10 of the Complaint, except admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

11.     The allegations contained in paragraph 11 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except

admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

12.     Denies each and every allegation contained in the first sentence of paragraph 12 of the Complaint, except admits that Merck is authorized to do business in Ohio. The allegations contained in the second sentence of paragraph 12 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that the MDL Court has issued Pretrial Order No. 11 and respectfully refers the Court to that Order for its actual language and full effect.

**RESPONSE TO**
**"MR. PEAKE'S PERSONAL INJURY CLAIM"**

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

## RESPONSE TO
## "VIOXX FACTS"

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs, ("NSAIDs") and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further admits that Vioxx is the brand name for rofecoxib.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that the U.S. Food & Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text, and Merck admits that it employed professional representatives to have product discussions concerning Vioxx with health care professionals.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application

("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

22.    Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

23.    Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

25.    Denies each and every allegation contained in paragraph 25 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

26.    Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Merck further admits that, as required by the FDA when they approved the design of the VIGOR study, patients in the Vioxx arm of

said study were administered a dosage of 50 mg daily, and that patients who were being treated with aspirin were excluded from the study.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Peter Holt conducted certain audio conferences pertaining to Vioxx.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint, except admits that Peter Holt conducted certain audio conferences pertaining to Vioxx.  Merck further avers that it received a letter from Thomas W. Abrams of DDMAC in September, 2001, from which Plaintiffs appear to quote, and respectfully refers the Court to said letter for its actual language and full context.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that on December 12, 2000 Merck received a letter from an FDA

regulatory officer and respectfully refers the Court to that letter for its actual language and full text.

33.   Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that on January 5, 2001 Merck sent a letter to the FDA and respectfully refers the Court to that letter for its actual language and full text.

34.   Denies each and every allegation contained in paragraph 34 of the Complaint, except admits the existence of the referenced publication and article contained therein and respectfully refers the Court to said publication for its actual language and full text. Merck further admits Dr. Claire Bombardier was an author on the referenced publication and a co-chair of the steering committee for Vioxx.

35.   Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said document for its actual language and full text.

36.   Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said document for its actual language and full text.

37.   Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Merck issued a press release on May 22, 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.  Merck further admits that in September 2001 Merck received a letter from the DDMAC, from which Plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced publication for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced publication for its actual language and full text.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits the referenced article exists and respectfully refers the Court to said document for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, and respectfully refers the Court to the referenced letter for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, and respectfully refers the Court to the referenced letter for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

44. Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

45. Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

46. Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that on September 28, 2004 Merck informed FDA official of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

47. Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that on September 30, 2004, the FDA "acknowledged" Merck's voluntary withdrawal of Vioxx and respectfully refers the Court to the FDA's September 30, 2004 announcement.  Merck further admits that on September 30, 2004, it announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo, and that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

## RESPONSE TO
## "FIRST BASIS FOR IMPOSING LIABILITY: STRICT LIABILITY"

48.    With respect to the allegations contained in paragraph 48 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

49.    Denies every allegation contained in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck was the assignee of several patents concerning the chemical compound rofecoxib.

50.    Denies each and every allegation contained in paragraph 50 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

51.    Denies each and every allegation contained in paragraph 51 of the Complaint.

52.    Denies each and every allegation contained in paragraph 52 of the Complaint.

53.    Denies each and every allegation contained in paragraph 53 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

54.    Denies each and every allegation contained in paragraph 54 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

**RESPONSE TO**
**"SECOND BASIS FOR IMPOSING LIABILITY: NEGLIGENCE"**

58.     With respect to the allegations contained in paragraph 58 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

**RESPONSE TO "THIRD BASIS
FOR IMPOSING LIABILITY:  BREACH OF EXPRESS WARRANTY"**

68.     With respect to the allegations contained in paragraph 68 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 67 of this Answer with the same force and effect as though set forth here in full.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 71 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 71 of the Complaint.

## RESPONSE TO "FOURTH BASIS
## FOR IMPOSING LIABILITY:  BREACH OF IMPLIED WARRANTY"

72.     With respect to the allegations contained in paragraph 72 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 71 of this Answer with the same force and effect as though set forth here in full.

73.     The allegations contained in paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 73 of the Complaint, except admits that Merck manufactured, marketed, and distributed Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

74.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 74 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

**RESPONSE TO "FIFTH BASIS**
**FOR IMPOSING LIABILITY:  FRAUD AND MISREPRESENTATION"**

77.     With respect to the allegations contained in paragraph 77 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

79.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 79 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 79 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

## RESPONSE TO
## "MARTHA PEAKE'S LOSS OF CONSORTIUM CLAIMS"

82.    Denies each and every allegation contained in paragraph 82 of the Complaint, including its subparts a through d.

## RESPONSE TO
## "INTENTIONAL, RECKLESS AND/OR MALICIOUS CONDUCT"

83.    Denies each and every allegation contained in paragraph 83 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "RELIEF REQUESTED AND DAMAGES"

84.    The allegations contained in the unnumbered "Wherefore" paragraph of the Complaint under the heading "Relief Requested and Damages" constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its unnumbered subparts, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DEMAND FOR JURY TRIAL"

85.    The allegations contained in the final, unnumbered paragraph of the Complaint under the heading "Demand for Jury Trial" are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

86.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

87.     The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

88.     To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

89.     To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

90.     The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

91.     Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

92.     To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of

Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

93. The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

94. The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

95. The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

96. The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

97. The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

**AS FOR A THIRTEENTH
DEFENSE, MERCK ALLEGES:**

98.     The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FOURTEENTH
DEFENSE, MERCK ALLEGES:**

99.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A FIFTEENTH
DEFENSE, MERCK ALLEGES:**

100.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A SIXTEENTH
DEFENSE, MERCK ALLEGES:**

101.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

102.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

103.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

104.   The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

105.   To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

106.   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

107.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

108.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

109.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

110.    The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

111.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their

claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

112.   The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

113.   To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

114.   Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

115.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

116.   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

117.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission manifested a flagrant disregard of the safety of persons who might be harmed by the product in question, as required by Ohio Revised Code Section 2307.80.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: June 9, 2006

Respectfully submitted,

_____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
      Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
      Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 9th day

of June, 2006.

_____