UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX | ) MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | ) SECTION: L |
| | ) JUDGE FALLON |
| THIS DOCUMENT RELATES TO | ) |
| *Calandra, et al. v. Merck & Co., Inc.*, MDL No. 05-2914 and | ) MAG. JUDGE KNOWLES |
| *DeToledo, et al. v. Merck & Co., Inc.*, MDL No. 05-5083 | |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AMENDED ITALIAN AND FRENCH CLASS ACTION COMPLAINTS

Plaintiffs' motions for leave to amend their Italian and French class action complaints – filed more than four months after Merck moved to dismiss those cases – seek to delay unnecessarily the resolution of Merck's long-pending motion. Because amendment would be futile, cause unnecessary delay, and prejudice Merck, plaintiffs' motions should be denied.

Merck has already moved to dismiss both the Italian and French complaints under the doctrine of *forum non conveniens*. Plaintiffs have filed a 41-page response brief, accompanied by multiple declarations concerning issues of foreign law, and Merck is currently preparing its reply. Permitting amendment now would add nothing to the resolution of Merck's motion, because the new allegations plaintiffs seek to add would not affect its result. Granting plaintiffs' motions would, however, have the effects of pointlessly delaying adjudication of the pending

motion to dismiss, requiring both parties to file new (if likely substantially similar) motions regarding plaintiffs' amended complaints, and prejudicing Merck by permitting plaintiffs more than the agreed-upon 60 days to develop their *forum non conveniens* arguments. Plaintiffs' motions should therefore be denied.

## FACTUAL BACKGROUND

Plaintiffs originally filed their Italian Class Action Complaint in the Northern District of Illinois on May 9, 2005. A few month later, on August 29, 2005, plaintiffs filed their French Class Action Complaint in the same court. On January 12, 2006, defendant Merck & Co., Inc. filed a motion to dismiss the foreign class actions, including the Italian and French actions, on the grounds of *forum non conveniens*, or in the alternative to strike the foreign class allegations. Plaintiffs thereafter moved to strike Merck's motion or to conduct discovery related to *forum non conveniens*. At a hearing on March 23, 2006, this Court denied plaintiffs' motion, and ordered briefing on Merck's motion to proceed. In May, 2006, plaintiffs filed their opposition to Merck's motion to dismiss, which included a 41-page brief and multiple declarations addressing issues of foreign law.[1]

Subsequently, on May 24, 2006, plaintiffs filed the present motions to amend the Italian and French class action complaints to add "allegation[s] that each and every decision related with the development, design, manufacture, testing, marketing, and commercialization of . . . Vioxx w[as] made by Defendant in the state of New Jersey." (Pls.' Italian Br. at 3-4; Pls.' French Br. at 3-4.)

---

[1] The parties have agreed to brief Merck's motion to dismiss as it relates to the Italian and French complaints prior to briefing on the other complaints.

**ARGUMENT**

As plaintiffs themselves recognize, leave to amend a complaint should be denied if amendment would be futile, or if the defendant would be prejudiced by the proposed amendment. (*See* Pls.' Italian Br. at 1 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); Pls.' French Br. at 1 (same).) Both of these factors render leave to amend inappropriate here. First, plaintiffs' proposed amendments would be futile because their new allegations would not affect the analysis of Merck's pending motion. Second, Merck would be prejudiced by plaintiffs' proposed amendment because: (a) amendment would cause unnecessary delay, as it would require Merck to file a new motion to dismiss directed at plaintiffs' amended complaint; and (b) it would give plaintiffs more than the agreed-upon 60 days to revise and refine their *forum non conveniens* arguments.

I.  **PERMITTING AMENDMENT WOULD BE FUTILE, AS PLAINTIFFS' NEW ALLEGATIONS WOULD NOT AFFECT ADJUDICATION OF MERCK'S PENDING MOTION.**

As noted above, plaintiffs propose to amend the Italian and French complaints to add allegations that the development, sale, and marketing of Vioxx in Italy and France was directed and controlled from New Jersey. (*See* Pls.' Italian Br. at 3-4; Pls.' French Br. at 3-4.) But adding these allegations would not affect the analysis of plaintiffs' claims under the doctrine of *forum non conveniens*, or the assessment of Merck's additional argument that plaintiffs' class allegations should be stricken.

As Merck previously noted in opposing plaintiffs' motion to strike, the key factual bases underlying Merck's motion are not in dispute. There is no question that the foreign plaintiffs were prescribed Vioxx in their home countries by doctors practicing in those jurisdictions, that they purchased Vioxx in those countries and ingested it there, or that they sustained and were treated for their alleged injuries there. There is likewise no dispute that the Vioxx the foreign

3

plaintiffs ingested was subjected to extensive, independent regulatory approval processes by the relevant government agencies in each of the foreign plaintiffs' home countries, or that it was marketed and sold in those countries according to those countries' own regulations, with packaging and label information dictated by those countries' laws, and written in those countries' native languages. Nor is there any dispute that these foreign regulatory regimes are wholly distinct from the one in the United States, or that the foreign marketing regulations and labeling requirements are different from those in force in the U.S.

Under these facts, the public and private interest factors relevant to a *forum non conveniens* analysis overwhelmingly favor dismissal in favor of the foreign plaintiffs' home countries – here, France and Italy. (*See* Mem. in Supp. of Def. Merck & Co., Inc.'s Mot. to Dismiss the Foreign Class Actions or, in the Alternative, Strike the Foreign Class Allegations at 4-25, Jan. 12, 2006 ("Merck FNC Br.").) The location of the "decision-making process involving . . . Vioxx" (Pls.' Italy Br. at 3), does not affect this analysis. Specifically:

- The adequacy of the foreign plaintiffs' home forums turns on whether those forums offer causes of action that permit litigation of the subject matter of plaintiffs' claims. (*See* Merck FNC Br. at 9-11.) This is a legal question that has nothing to do with where decisions concerning the sale and marketing of Vioxx were made.

- The analysis of the public interest factors in this case will focus on the foreign countries' interest in seeing that their own residents receive appropriate compensation for injuries suffered within their borders, and on their sovereign governmental interest in adjudicating cases that implicate their own regulatory judgments about the sale and marketing of pharmaceuticals within their territories. (*See* Merck FNC Br. at 11-17.) As noted above, the key facts underlying these interests – the fact that Vioxx was independently regulated

4

in plaintiffs' home countries and the fact that plaintiffs' alleged injuries were suffered abroad – are not in dispute. Whether a drug was developed or tested in, or marketed from, the United States simply does not affect the analysis. *See, e.g.*, *Harrison v. Wyeth Labs. Div. of Am. Home Prods. Corp.*, 510 F. Supp. 1, 4 (E.D. Pa. 1980) (U.K.'s interested in adjudicating pharmaceutical products liability claims outweighed Pennsylvania's, "[e]ven assuming arguendo that all production and marketing decisions were made by defendant in Pennsylvania").

- Analysis of the private interest factors will turn on the location of documents and witnesses relevant to plaintiffs' claims. (*See* Merck FNC Br. at 22-25.) Given the fact that plaintiffs were allegedly injured and treated abroad, the location of these documents and witnesses is not seriously in dispute, and the availability of compulsory processes for obtaining these documents and witnesses is a legal issue. Similarly, evidence related to "decision[s] related [to] the development, design, manufacture, testing, marketing, and commercialization of . . . Vioxx" made by Merck & Co, Inc. is likely to be located in the United States. (Pls.' Italian Br. at 3-4).[2] As this Court observed during the March 23, 2006 hearing on plaintiffs' motion to strike, "I think the sources of proof from the standpoint of what [Merck & Co., Inc.] knew and when they knew it . . . are all in New Jersey, or at least in the United States, but the sources of proof from the standpoint of your particular individual cases are all in Europe or in Italy. . . . I don't think there's any dispute." (Hearing Tr. at 7-8.)

---

[2] Foreign regulatory and marketing documents kept by the foreign corporations that actually marketed and sold Vioxx abroad, however, are likely to be located abroad.

- Finally, Merck's alternative argument – that this Court should strike or dismiss the class allegations because plaintiffs' home countries would not afford preclusive effect to a U.S. judgment against members of an opt-out class – is a purely legal argument that has nothing to do with the location of decision-making related to Vioxx.. (*See* Merck FNC Br. at 25-30.)

In sum, plaintiffs' proposed amendments would not affect adjudication of Merck's pending motion to dismiss.

## II. PERMITTING AMENDMENT WOULD PREJUDICE MERCK BY CAUSING UNNECESSARY DELAY.

In addition to being futile, amendment would prejudice Merck in at least two respects. First, it would cause unnecessary delay. As noted above, Merck has filed a brief on *forum non conveniens* and related issues, and in support has obtained extensive affidavits of foreign law. Plaintiffs have responded, obtaining their own affidavits, and Merck is now preparing its reply. If leave to amend is granted, Merck would have to file a new *forum non conveniens* motion directed at the new amended complaint. Although the substance of this motion would likely be substantially similar to the current motion (given the irrelevance of plaintiffs' proposed amendments), the amendment would nevertheless prejudice Merck by pointlessly delaying the adjudication of this motion. Second, this unnecessary delay would also give plaintiffs substantial extra time to submit their *forum non conveniens* arguments beyond the agreed-upon 60 days.

6

**CONCLUSION**

For the reasons set forth above, this Court should deny plaintiffs' motions for leave to amend the Italian and French class action complaints.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendant's Opposition To Plaintiffs' Motions for Leave to File Amended Italian and French Class Action Complaints has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8A, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 14th day of June, 2006.

*/s/ Dorothy H. Wimberly*