UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to All Actions | JUDGE FALLON <br> MAG. JUDGE KNOWLES |

### THE PLAINTIFFS' STEERING COMMITTEE'S REPLY TO MERCK & CO. INC.'S BRIEF REGARDING THE PSC'S RENEWED MOTION TO COMPEL DAVID ANSTICE TO TESTIFY EITHER AT TRIAL OR BY LIVE TRANSMISSION FROM ANOTHER LOCATION

At the May 18, 2006 Status Conference the Court permitted Merck additional time to submit briefing regarding the Court's authority to compel Davis Anstice's, Merck's President of Human Health and a high ranking officer of the company, to attend the *Barnett* trial here in the Eastern District of Louisiana. On May 31, 2006, Merck submitted its responsive brief. In substance, that brief responds to the Plaintiffs' Steering Committee's Generic Motion in Limine (filed on April 19, 2006) and the Reply Memorandum of Law in Support of the Plaintiffs' Steering Committees's Generic Motion in Limine (filed on May 16, 2006).

In its responsive brief, Merck vigorously contests the ability of this Court to enforce a subpoena served on Mr. Anstice to appear at trial by focusing on this Court's charge by the Judicial Panel for Multi-District Litigation to conduct pre-trial proceedings. Merck fails to address the numerous authorities described in our papers (above) addressing the authority of any district court to obtain the trial testimony of a far away corporate officer.

1

Mr. Anstice is a high ranking corporate officer of Merck. He may be compelled to attend a trial or deposition based upon this Court's jurisdiction over Merck & Co., Inc. As a corporation, Merck is literally present in this Court and subject to its jurisdiction. Because it is a corporation and can only act through its officers and directors, this Court can direct its officers to appear to give testimony, regardless of their distance from the courthouse. *See American Federation of Government Employees Local 922 v. Aschroft*, 354 F.Supp.2d 909, 915 (E.D.Ark. 2003); *Ferrell v. IBP, Inc.*, 2000 WL34032907, *1, (N.D.Iowa 2000)(high ranking officer of defendant who was served with subpoena outside of 100 miles of the district court compelled to travel to testify at trial despite two prior depositions, including a videotaped deposition); *In re Ames Department Stores, Inc.*, 2004 WL1661983, *1 (Bankr.S.D.N.Y. 2004)(president of adversary preceding defendant, a resident of Florida, compelled to attend trial in New York); s*ee also Mason v. Texaco, Inc.*, 741 F.Supp. 1472, 1504 (D.Kan. 1990)("Although Mr. Richards resides more than 100 miles from the district, he is Texaco for purposes of this lawsuit, and thus a party to the action. Thus, his compelled attendance at trial was appropriate"), *affirmed*, 948 F.2d 1546 (10th Cir. 1991), *cert. denied*, 501 U.S. 910 (1992). Merck never addresses these cases in its responsive brief. It can not dispute this Court's authority to compel Mr. Anstice's appearance at trial.

Instead, Merck disputes the ability of this Court to compel an ordinary employee of a company to attend a hearing or trial outside of the 100 mile bulge of Rule 45. Mr. Anstice is not an ordinary employee, but even if he was, the official commentator to Rule 45 has reasoned that on good cause shown, such an employee can be compelled to attend a distant hearing or trial. *See* Fed.R.Civ.P. 45(c)(3)(A)(ii) and (B)(iii). *See also* Siegal *Practice Commentaries* C45-16 (note to Fed.R.Civ.P. 45) ("Clause (iii) of subdivision (c)(3)(B) interplays with clause (ii) of subdivision

2

(c)(3)(A). The latter assumes that a subpoena can direct a witness to attend a trial held beyond the stated limits measured from the witness's own base. So assuming, it then requires the court to quash or modify a subpoena that contains such a direction, but "subject to the provisions of clause (c)(2)(B)(iii)". In that "subject to" reference is the link that apparently permits the court to order a distant appearance."); Reply Memorandum of Law in Support of the Plaintiffs' Steering Committee's Generic Motion in Limine at 10-14.

Alternatively, the PSC submits that Mr. Anstice can be compelled to attend the trial or a deposition through simultaneous broadcast of his testimony pursuant to Rule 30(b)(7) and Rule 43. Merck's argument that the commentary to Rule 43 requires there to be an "unexpected reason" or "unforeseen need" for the simultaneous broadcast of Mr. Anstice's testimony overlooks that the same commentary suggests that the Rule may be invoked as soon as the reasons are known to "secure an advance ruling on transmission." Fed.R.Civ.P. 43, Advisory Committee note to 1996 Amendment. The case relied upon by Merck supports this reasoning. *See Air Turbine Technology, Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 546 (S.D.Fla. 2003) (denying expedited motion of foreign (Swedish) witnesses because Rule 43 should be invoked as soon as possible to secure and advance ruling from the court).[1] That is why the PSC raised this issue in May, well in advance of the July 24 trial date, so that this Court could determine the issue absent exigent circumstances.

Should the Court permit simultaneous transmission, the technical ability to engage in such

---

[1] In distinguishing *In re San Juan Dupont Plaza Hotel Fire Litigation*, 129 F.R.D. 424 (D.P.R. 1990), the court in *Air Turbine* noted, "there is no indication in *Dupont Plaza* whether the witnesses so compelled were located within the United States, and <u>therefore within its subpoena powers</u>." Air Turbine, 217 F.R.D. at 546 (emphasis added). This emphasized language clearly undermines Merck's arguments that persons outside of the 100 mile bulge are beyond the court's subpoena authority.

3

an endeavor is easily met. The PSC understands that the courthouse for the Eastern District of Louisiana and Merck's offices in Whitehouse Station, New Jersey, already have video conferencing abilities. After consultation with a video conferencing service, Courtroom Connect, we can report that the ability to connect the two locations via an IP-based network and oversee the bridging services of the testimony would cost approximately $1,000.00 per day, plus travel expenses for the video operator. *See* Email of John Shin (May 24, 2006) [attached hereto as Exhibit "A"]. Thus, the ability to undertake such an effort can be readily performed at a reasonable price. All that is required is for Mr. Anstice to appear before the video conferencing hookup at Merck's headquarters so that his testimony can be transmitted and he will be virtually "live" at trial in the Eastern District of Louisiana via video in the courtroom. In addition, all exhibits can be shown to Mr. Anstice while the Court is also observing the exhibit during questioning.

Accordingly, the PSC submits that this Court has the authority to compel the attendance of Mr. Anstice at trial here in the Eastern District of Louisiana and respectfully requests that it order him to appear.

Respectfully submitted,

PLAINTIFFS' STEERING COMMITTEE

Date:   June 15, 2005

By: _____
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
Place St. Charles
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
**PLAINTIFFS' LIAISON COUNSEL**

4

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Michael M. Weinkowitz, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

| | |
|---|---|
| Mark Robinson, Esquire<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>(949) 720-1288 (telephone)<br>(949) 720-1292 (telecopier) | Christopher V. Tisi, Esquire<br>ASHCRAFT & GEREL<br>2000 L Street, N.W.<br>Suite 400<br>Washington, DC 20036-4914<br>(202) 783-6400 (telephone)<br>(307) 733-0028 (telecopier) |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of June, 2006.

**Leonard A. Davis** (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, L.L.P.*
Place St. Charles
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
ldavis@hhkc.com

6

## Fred Longer

**From:** Shin, John [JShin@Courtroomconnect.com]
**Sent:** Wednesday, May 24, 2006 6:16 PM
**To:** Fred Longer
**Subject:** RE: Test

No problem. One thing that I would like to request is a little lead time should you move forward. We get these types of requests on a weekly basis so we need to allocate our resources in a timely manner. -john

---

**From:** Fred Longer [mailto:FLonger@lfsblaw.com]
**Sent:** Wednesday, May 24, 2006 6:14 PM
**To:** Shin, John
**Subject:** RE: Test

John, Thank you for that clarification. I will have to make a report to the PSC and allow them time to digest the info and then figure out how we should proceed. I appreciate your assistance thus far and will contact you again if we go to the next level. FSL

>-----Original Message-----
>**From:** Shin, John [mailto:JShin@Courtroomconnect.com]
>**Sent:** Wednesday, May 24, 2006 6:11 PM
>**To:** Fred Longer
>**Subject:** RE: Test
>
>That's based on a full day event where we would have to connect the two locations via an IP-based network and the use of our Internet connection setup at the courthouse. Many video conferencing services or bridging services (b/w IP and ISDN) charge as much as $150 to $200/hour. We can bring this down to significantly. Then I have to add in the cost of an on-site person to manage the equipment at the courthouse, so this would include his labor.
>
>Expenses would be cost of travel and lodging if necessary. We don't have personnel in New Orleans so we would have to send someone there unless you have a technician there who we can train.
>
>---
>
>**From:** Fred Longer [mailto:FLonger@lfsblaw.com]
>**Sent:** Wednesday, May 24, 2006 6:07 PM
>**To:** Shin, John
>**Subject:** RE: Test
>
>What is the $1,000 for and what are the potential expenses. I don't understand your answer.
>
>>-----Original Message-----
>>**From:** Shin, John [mailto:JShin@Courtroomconnect.com]
>>**Sent:** Wednesday, May 24, 2006 6:05 PM
>>**To:** Fred Longer
>>**Subject:** RE: Test
>>
>>I'd say an average of $1000/day not including expenses.
>>
>>---
>>
>>**From:** Fred Longer [mailto:FLonger@lfsblaw.com]
>>**Sent:** Wednesday, May 24, 2006 6:03 PM
>>**To:** Shin, John
>>**Subject:** RE: Test

6/14/2006                                                                           **EXHIBIT "A"**

John, Assume that Merck has its own video conferencing ability. For safety's sake why not assume cost per day, with the range of 1-3 days. Thanks. FSL

-----Original Message-----
**From:** Shin, John [mailto:JShin@Courtroomconnect.com]
**Sent:** Wednesday, May 24, 2006 5:33 PM
**To:** Fred Longer
**Subject:** RE: Test

Hi Fred,

We found out that the New Orleans courthouse does have a video conferencing system we can use. This will need to be connected to our IP network which we will set up there for the trial.

The Court is fine with this but you do need to make a formal request to Judge Fallon.

To provide you with an accurate quote, I will need to know where (Merck, Newark District Court, etc.) your client/witness will be. We can find/provide a place for you if he/she doesn't have a place. Also need to confirm how many hours/days your client will be testifying.

Thanks,
John

---

**From:** Fred Longer [mailto:FLonger@lfsblaw.com]
**Sent:** Friday, May 19, 2006 1:12 PM
**To:** Shin, John
**Subject:** Test


Test

Fred S. Longer
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Suite 500
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 - fax
www.lfsblaw.com

CONFIDENTIALITY NOTE: This e-mail message contains information belonging to the law firm of Levin, Fishbein, Sedran & Berman and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

6/14/2006