```
                    FILED
              U.S. DISTRICT COURT
            EASTERN DISTRICT OF LA

            2006 JUN 13  PM 1:36

               LORETTA G. WHYTE
                    CLERK
```

**Joseph R. Alexander, Jr., SBN 00995150**
**Richard Warren Mithoff, SBN 14228500**
**MITHOFF LAW FIRM**
**Penthouse, One Allen Center**
**500 Dallas, Suite 3450**
**Houston, Texas 77002**
**(713) 654-1122; Fax (713) 739-8085**
email: jalexander@mithofflaw.com; cliebergot@mithofflaw.com
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COORDINATION PROCEEDING** | § | DOCKET NO. 05-4516 |
| | § | |
| SPECIAL TITLE [RULE 1550(b)] | § | MDL NO. 1657 |
| | § | |
| **IN RE VIOXX® CASES** | § | SECTION: L |
| | § | |
| | § | JUDGE FALLON |
| DINA REBECCA ROMANDIA | § | MAG. JUDGE KNOWLES |
| | § | |
| *Plaintiff,* | § | **COMPLAINT** |
| | § | 1. Misrepresentation and Concealment |
| VS. | § | 2. Negligence, Gross Negligence, and Willful and Wanton Disregard |
| | § | |
| MERCK & CO., INC. | § | 3. Products Liability |
| | § | 4. Breach of Warranty |
| *Defendant.* | § | **DEMAND FOR JURY TRIAL** |

```
                    ✓ Fee_____
                    ✓ Process___
                    X Dktd_____
                    __ CtRmDep__
                    __ Doc. No__
```

## **PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DINA REBECCA ROMANDIA and SERGIO QUIÑONEZ ("Plaintiffs"), complaining of MERCK & CO., INC. ("Defendant"):

### **I. Parties**

1.  Plaintiffs DINA REBECCA ROMANDIA and SERGIO QUIÑONEZ are citizens of Mexico and reside in Guadalajara, Jalisco, Mexico.

2.  Defendant Merck & Co., Inc., is a corporation incorporated under the laws of New Jersey, and has its principal place of business and corporate headquarters in White House Station, New Jersey. Defendant is authorized to do business in Texas as a registered foreign corporation, and is doing business throughout the State of Texas, by and through its duly authorized agents, servants, employees and representatives. Defendant has been properly served, appeared herein and is represented by counsel.

### **II. Jurisdiction and Venue**

3.  This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a)(2), because Plaintiffs are citizens or subjects of a foreign state and Defendant is a citizen of a State, and the amount in controversy exceeds the sum specified by 28 U.S.C. § 1332(a), seventy-five thousand dollars ($75,000), excluding interest and costs.

4.  Venue is proper in this Court pursuant to Pretrial Order number 11 and under

28 U.S.C. § 1391(a)(1), because jurisdiction is based solely on diversity of citizenship under 28 U.S.C. § 1332(a)(2).

### III. Facts

5. This suit arises out of the injuries and damages sustained by DINA REBECCA ROMANDIA ("Plaintiff") who was prescribed, and ingested, a drug product known by the brand name "Vioxx".

6. The drug product "Vioxx" was designed, manufactured, marketed, sold, and/or supplied by Defendant MERCK & CO., INC.

7. In or about 2002, DINA REBECCA ROMANDIA suffered an embolic stroke while on the drug Vioxx. Other than the symptoms necessitating the use of Vioxx and those symptoms directly related to the cardiovascular events, DINA REBECCA ROMANDIA was in good health. DINA REBECCA ROMANDIA was prescribed a drug product known by the brand name "Vioxx" for its anti-inflammatory properties and took it as directed.

### Defendant's Misrepresentation and Continued Concealment

8. Defendant Merck & Co., Inc. falsely marketed the drug Vioxx as being free from serious side effects that could cause patients serious injury, including but not limited to thrombotic events, such as heart attack, stroke, and other infarctions which carry serious and significant mortality and morbidity. In fact, Merck & Co., Inc. knew or recklessly or negligently disregarded, at the time it designed, manufactured, marketed, sold, and/or supplied the drug Vioxx for use by Plaintiff and/or to her physicians, pharmacists or other

3

health care providers, that this drug could have serious and life-threatening side effects and risks.

9. In connection with the advertising, marketing, and sale of the drug Vioxx, Merck & Co., Inc. made various misrepresentations to the general public, including but not limited to Plaintiff and/or her physicians, pharmacists or other health care providers. Those representations were both direct and implied, and included, but were not limited to, the following:

    a. that the drug, Vioxx, was safe and effective for its intended users; and

    b. that the drug, Vioxx, did not carry an increased risk of thrombotic complications as compared to other drugs that were available as non-steroidal anti-inflammatory agents.

10. These representations were made impliedly by way of, but not limited to, not warning of such serious risks and by concealment of information to the United States Food and Drug Administration (FDA), and expressly by way of, but not limited to, the written insert that came with the drug, Vioxx, and in advertisements and promotional statements. For example, as mentioned in more detail below, Merck & Co., Inc. actually marketed Vioxx to individuals who were particularly at risk for the development of problems which were associated with Vioxx.

11. Further, specific details of Merck & Co., Inc.'s advertising campaign and promotional statements are within the knowledge and control of Merck & Co., Inc. and are to be ascertained through discovery.

4

12. Contrary to Merck & Co., Inc.'s express and/or implied representations that the drug, Vioxx, was safe, Merck & Co., Inc. was aware that Vioxx was dangerous and posed a serious risk to the health of those who took the drug. Merck & Co., Inc. has been aware of the dangers of Vioxx since at least the submission of its new drug application and most likely earlier. Thus, Merck & Co., Inc.'s representations were false and misleading.

13. Moreover, in each of its representations, Merck & Co., Inc. made a material omission: Merck & Co., Inc. failed to disclose the risk of cardiovascular and/or thrombolic event problems associated with Vioxx.

14. Because a great deal of information concerning the defective design of Vioxx is nonpublic information over which Merck & Co., Inc. had exclusive control, and because Merck & Co., Inc. knew that this information was not available to the FDA, the general public, including but not limited to Plaintiff and/or her physicians, pharmacists or other health care providers, Merck & Co., Inc. was under a duty to disclose these dangers.

15. The representations alleged herein were and are false, misleading, and designed not only to encourage sales but also to deceive the FDA, the medical community, and the general public, specifically including but not limited to Plaintiff and/or her physicians, pharmacists or other health care providers, into believing that Vioxx was safe. Merck & Co., Inc. and its executives responsible for the design, manufacture, marketing, and sales of Vioxx were aware that the drug is dangerous and posed serious, life-threatening injuries to those who took it, and that Merck & Co., Inc.'s representations about the drug were false and

misleading.

16. Plaintiff and/or her physicians, pharmacists or other health care providers, possessed limited knowledge of the drug, Vioxx, in large part as a result of Defendant's concealment of the dangerous side effects associated with Vioxx, and reasonably relied upon Merck & Co., Inc.'s express and/or implied assurances and/or guarantees of quality effectiveness and safety of Vioxx. In reliance upon such representations, Plaintiff was prescribed and took Vioxx and was therefore consequently exposed to a risk of serious injury and did experience serious injuries.

17. Had Merck & Co., Inc. disclosed the dangerous nature of Vioxx, Plaintiff would not have taken the drug and would have sought alternative medication which would not have exposed her to such risk of serious injury.

18. Additionally, if the information which Merck & Co., Inc. concealed had been disseminated and released to either or both the FDA or the medical and/or pharmacy professions, Vioxx would not have been prescribed to patients such as Plaintiff.

19. As a result of Merck & Co., Inc.'s unlawful acts, Plaintiff seeks damages for the injuries she sustained.

## Tolling of Applicable Statutes of Limitation

20. Paragraphs 1 through 19 are incorporated herein for all purposes.

21. Because of the self-concealing nature of Merck & Co., Inc.'s actions and, in part, of Merck & Co., Inc.'s active concealment of its wrongdoing, as described in

6

paragraphs 8 through 19, Plaintiff asserts the tolling of any applicable statutes of limitation affecting the Plaintiff's claims pursuant to fraudulent concealment, estoppel, and/or the discovery rule.

22. Any applicable statutes of limitation have been tolled by Merck & Co., Inc.'s acts of fraudulent concealment and denial of the true facts as alleged above. Plaintiff is informed and believes that such acts of fraudulent concealment included intentionally concealing and refusing to disclose critical internal memoranda and medical data and studies, and failing to disclose, even suppressing, information concerning the dangerous side effects and risks in taking Vioxx.

23. Through such acts of fraudulent concealment, Merck & Co., Inc. was able to conceal from the FDA, the medical community, and the general public, specifically including the Plaintiff, the truth about the dangerous side effects and risks of Vioxx, thereby tolling the running of any applicable statutes of limitation.

24. As a result of Defendant's fraudulent concealment, the public, specifically including but not limited to the Plaintiff and/or her physicians, pharmacists, or other healthcare providers, could not reasonably have discovered the true facts about the dangers of Vioxx until September, 30, 2004 (the date of Merck & Co., Inc.' s public announcement of the recall of Vioxx) at the earliest; the truth having been fraudulently and knowingly concealed by Merck & Co., Inc. for years.

25. In the alternative, Merck & Co., Inc. is estopped from relying on any statutes

of limitation because of its fraudulent concealment of the dangerous side effects and risks of taking Vioxx. Merck & Co., Inc. was under a duty to disclose those dangers not only to the FDA, but to the public, including but not limited to Plaintiff, because information concerning the dangerous nature of Vioxx is nonpublic information over which Merck & Co., Inc. had exclusive control, and because Merck & Co., Inc. knew that such information was not available to Plaintiff and/or her physicians, pharmacists or other health care providers.

26. In addition, Merck & Co., Inc. is estopped from relying on any statutes of limitation because of its active concealment of the dangerous nature and serious risks of Vioxx.

27. Until shortly before the filing of lawsuit, Plaintiff had no knowledge that Merck & Co., Inc. was engaged in the wrongdoing alleged herein. Because of the fraudulent and active concealment of Merck & Co., Inc.'s wrongdoing, including deliberate efforts to give Plaintiff and/or her physicians, pharmacists or other health care providers, the materially false impression that Vioxx was not dangerous, Plaintiff, not to mention the general public, could not reasonably have discovered the dangers or any of the wrongdoing at any time prior to September, 30, 2004 (the date of Merck & Co., Inc.' s public announcement of the recall of Vioxx).

28. Because of the fraudulent and active concealment of Merck & Co., Inc.'s wrongdoing as alleged herein, the causal connection between Plaintiff's respective injuries

and Vioxx, and the increased risk of serious injury or death associated with the use of Vioxx itself were inherently undiscoverable and objectively verifiable.

## Causes of Action
## Count 1
## (Negligence and Gross Negligence)

29. Paragraphs 1 through 28 are incorporated herein for all purposes.

30. Defendant Merck & Co., Inc. and its agents, servants, and/or employees, engaged in several acts and omissions constituting negligence and gross negligence and such acts and omissions, among others, are as follows:

   a. In failing to provide adequate warnings to physicians and their patients of the risk of serious injury to people taking Vioxx, including but not limited to cardiovascular and thrombotic events such as heart attack and stroke, and of precautionary measures required to avoid such risks, especially given the population who were known to be the actual consumers of the medication. To the extent that Defendant provided such warnings and such warnings accompanied the units of Vioxx disseminated to Plaintiff and/or her physicians, pharmacists or other health care providers, and were approved by the FDA, Plaintiffs assert that Defendant, before or after pre-market approval or licensing Vioxx, withheld from or misrepresented to the FDA required information that was material and relevant to the performance of Vioxx and was causally related to the injuries and damages to Plaintiff.

   b. In failing to promptly and adequately investigate reports of cardiovascular and thrombotic events, such as heart attack and stroke, occurring in people taking Vioxx, and failing to promptly and adequately report evidence concerning these dangerous side effects of Vioxx to the FDA and prescribing physicians and other health care providers and/or to the general public.

   c. In failing to take other reasonable and necessary steps, relating to the research, testing and development of Vioxx, so as to provide a reasonable assurance that the product would not result in catastrophic

    cardiac, neurological, or other thrombotic injury to those who might take Vioxx.

  d. In failing to safely design the drug so that it would not result in catastrophic cardiac, neurological, or other thrombotic injury to those who might take Vioxx.

31. Defendant Merck & Co., Inc. committed the acts and omissions described above with wanton and willful disregard and with actual and subjective awareness that Vioxx caused an elevated risk of thrombotic events, such as heart attack, stroke, infarction and other adverse effects in users of Vioxx. This risk is extreme and has a high degree of probability when one considers the prevalence of Vioxx and the large numbers of users, the risk factors known to be present in that population, the probability of potential harm to users, and the magnitude of the harm. Despite Defendant's awareness of this risk, Defendant Merck & Co., Inc. proceeded to market, manufacture, distribute, supply, and sell Vioxx with a reckless and conscious indifference to the rights, safety, or welfare of others and to the consequences of such acts or omissions. Such acts and omissions on the part of Defendant Merck & Co., Inc. rise to the level of wanton and willful disregard.

32. The acts and omissions constituting negligence, gross negligence and wanton and willful disregard described herein were each a proximate cause of the occurrence in question and the injuries and damages suffered by the Plaintiff.

### Count 2
### (Products Liability)

33. Paragraphs 1 through 32 are incorporated herein for all purposes.

34. Vioxx was in a defective condition at the time it left the control of the Defendant and at the time it came into the control of Plaintiff. Specifically, the product in question was intended to provide users relief from musculoskeletal injuries and inflammation, but it caused an unreasonable and elevated risk of cardiovascular and thrombotic events such as heart attack and stroke, and other debilitating and/or fatal neurological and cardiovascular events or disorders.

35. The chemical design of the product as released on the market and provided to Plaintiff and her physicians could have been made safer by the elimination of these dangerous side effects, but Defendant failed to do so.

36. Vioxx was also distributed in a defective condition because Defendant failed to adequately warn or instruct the general public, including but not limited to Plaintiff and her physicians, pharmacists, and other health care providers, regarding the serious risks associated with and/or involved in the use of Vioxx and how to avoid such risks.

37. The defects of the product in question, described herein, were each a producing cause of the occurrences in question, the injuries and damages suffered by the Plaintiff.

38. For these claims of products liability (paragraphs 33-38), Plaintiff invokes the doctrine of strict liability in tort, as that term is understood and applied under all applicable law.

## Count 3
### (Breach of Warranty)

39. Paragraphs 1 through 38 are incorporated herein for all purposes.

40.     Defendant Merck & Co., Inc. expressly and/or impliedly warranted to the public generally, specifically including Plaintiff that the product in question was of merchantable quality, and was safe and fit for the purposes intended when used under ordinary conditions and in an ordinary manner in accordance with the recommended dosages according to Defendant.

41.     Defendant breached such warranties by selling Vioxx when Vioxx was not safe and not fit for the purposes intended in that it presented unreasonable and substantial risks of cardiovascular events or disorders that were not disclosed to the general public, and specifically not to Plaintiff.

42.     Plaintiff reasonably relied on Defendant's representations and/or misrepresentations to her detriment.

43.     The defects of the product in question and the breaches of warranties, both express and implied, described herein, were each a producing cause of the occurrences in question, the injuries and damages suffered by the Plaintiff.

### Damages

44.     As a result of these occurrences and the wrongful conduct of Defendant Merck & Co., Inc., Plaintiffs have sustained substantial damages.

45.     As a result of this occurrence and Defendant's wrongful conduct, DINA REBECCA ROMANDIA has sustained in the past, and will in reasonable probability, sustain in the future and a loss of earning capacity.

46. As a further result of this occurrence and Defendant's wrongful conduct, DINA REBECCA ROMANDIA has sustained in the past, and will in reasonable probability, sustain in the future: physical pain and mental anguish, significant physical and mental impairment, and physical disfigurement.

47. As a further result of this occurrence and Defendant's wrongful conduct, DINA REBECCA ROMANDIA has incurred in the past, and will in reasonable probability, incur in the future, medical expenses. Such expenses are and will be reasonably necessary for the injuries sustained, and are and will be reasonable and customary in the community in which they were and will be incurred.

48. As a result of this occurrence and Defendant's wrongful conduct to DINA REBECCA ROMANDIA, SERGIO QUIÑONEZ, her lawful spouse, has sustained in the past, and will in reasonable probability, sustain in the future: loss of household services and loss of consortium, as those terms are defined under the laws of the State of New Jersey.

## Punitive Damages

49. Paragraphs 1 through 48 are incorporated herein for all purposes.

50. Defendant Merck & Co., Inc. acted with wanton and willful disregard as the term is defined at common law and in the New Jersey Punitive Damages Act. Accordingly, Defendant should be assessed punitive damages, payable to the Plaintiff in an amount to be determined by the Court and jury, in accordance with the applicable law.

### Pre- and Post-Judgment Interest

51. Plaintiffs specifically plead for any and all prejudgment and post-judgment interest.

### Jury Demand and Conditions Precedent

52. Plaintiffs demand, in accordance with Rule 38, of the Federal Rules of Civil Procedure, a trial by jury on all issues. The required fee was tendered contemporaneously with the filing of the Original Complaint.

53. Plaintiffs have satisfied all conditions precedent to the maintenance of the action and to the relief sought herein.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer and that, upon trial hereof, Plaintiffs have judgment of the Court against Defendant, as follows:

(i) for actual damages, in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court;

(ii) for punitive damages;

(iii) for prejudgment and post-judgment interest as allowed by law;

(iv) for all costs of court; and

(v) for such other and further relief, both general and special, legal and equitable, to which they have shown or may show themselves justly entitled.

Respectfully submitted,

MITHOFF LAW FIRM

_____
RICHARD WARREN MITHOFF
State Bar No. 14228500
JOSEPH R. ALEXANDER, JR.
Attorney-In-Charge
State Bar No. 00995150
Penthouse, One Allen Center
500 Dallas, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 (Fax)

JACKS LAW FIRM
TOMMY JACKS
State Bar No. 10452000
MARK GUERRERO
State Bar No. 24032377
One Congress Plaza
111 Congress Plaza Avenue, Suite 1010
Austin, Texas 78701
(512) 478-4422
(512) 478-5015 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that copies of this document have been served on defense counsel parties through their attorneys via mail to Ellen M. Gregg, Esq., Womble, Carlyle, Sandridge & Rice, PLLC, 301 N. Main Street, Suite 3000, Winston-Salem, NC 27101, mdl@wcsr.com, in accordance with Pretrial Order No. 15, on this 30th date of May 2006.

JOSEPH R. ALEXANDER, JR.