FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 13  PM 1: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>　　　Products Liability Litigation<br><br>This Document Relates to:<br><br>　　　STATE OF LOUISIANA, ex rel.<br>　　　CHARLES C. FOTI, JR.,<br>　　　ATTORNEY GENERAL<br>　　　　　Representative Plaintiff<br><br>versus<br><br>MERCK & CO., INC.,<br>　　　Defendant<br><br>Case No. 05-3700<br>and<br><br>LOUISIANA HEALTH SERVICE<br>INDEMNITY COMPANY d/b/a<br>BLUECROSS/BLUESHIELD OF<br>LOUISIANA on behalf of<br>itself and others similarly situated<br>　　　Representative Plaintiff<br><br>versus<br><br>MERCK & CO., INC.<br>　　　Defendant<br><br>Case No. 05-0713 | MDL NO. 1657<br><br>SECTION: L<br><br>HON. ELDON E. FALLON<br><br>MAG. JUDGE KNOWLES |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO RE-URGE MOTION TO CONSOLIDATE THE TWO ABOVE-REFERENCED CASES FOR TRIAL**

1

**NOW INTO COURT**, through undersigned counsel,[1] come Plaintiffs, the Louisiana Attorney General, et al. (hereinafter the "State Plaintiffs") and Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of Louisiana (hereinafter "BC/BS Louisiana"), who respectfully reply to the issues raised in Defendant, Merck & Co., Inc.'s, (hereinafter "Merck") opposition memorandum as follows:

## BACKGROUND

In accordance with this Court's direction to set cases for trial in the MDL, plaintiffs filed their Motion to Consolidate <u>more than seven months ago</u>, on December 5, 2005. Merck opposed consolidation based on arguments of jurisdiction, that one case was a class action and the other was not, that the class action case was controlled by class action pre-trial orders of this court and therefore consolidation was not appropriate, and that the issue of remand should not be addressed before other cases in this MDL. Plaintiffs subsequently removed their class allegations and all of these issues were briefed and addressed before this honorable court on May 22, 2006, at which time this Court expressed additional concerns regarding the Plaintiffs claims in both cases for reimbursement for the medical costs stemming from Vioxx-related injuries. Plaintiffs further amended their complaints to remove these claims and re-urged their motion for consolidation. Now, Merck is belatedly raising completely new arguments against consolidation of these cases, asserting that consolidating these cases would "confuse the jury and prejudice Merck" (See Def. Mem. at 1) and are premature. Besides being inappropriately raised *de novo* **seven months** after Plaintiffs' first Motion, Merck's arguments are simply another dilatory tactic to delay Plaintiffs' day in court

---

[1] Undersigned counsel respectfully represents that he is designated as Lead Counsel for all Plaintiffs in both of the two above-referenced cases.

2

## ARGUMENT

### Consolidation of the BC/BS Louisiana and State Plaintiffs' Actions Will Be Efficient, Serve to Conserve Judicial Resources, and <u>Will Not</u> Be Prejudicial

Plaintiffs in both of these cases allege similar misrepresentations by Merck that caused them to pay for millions of dollars of Vioxx that they otherwise would not have spent. Plaintiffs were victims of Merck's broader national marketing efforts to secure FDA approval and increase sales of Vioxx over its competing drugs through misrepresentations and omissions regarding the safety and efficacy of Vioxx. The factual issues that dominate both of these cases are the actions by Merck to gain FDA approval, create a market, and secure preferred or exclusive formulary status for Vioxx based on misrepresentations of the safety and efficacy of Vioxx. These factual issues, for the most part, completely overlap for both cases. Neither case would have plaintiff specific factual issues that would dominate over the factual issues of the other case.

The legal inquiries will be nearly identical for both cases, because both involve what Merck's managed care account executives represented to each Plaintiff regarding the safety and efficacy of Vioxx. Merck misleads the court in hypothesizing that the interpretation and application of federal Medicaid laws is necessary for the State Plaintiffs to prove their case. Specifically, the statute Merck cites[2] has no bearing on the State Plaintiffs' case because the issue is Merck's misrepresentations to the State Plaintiffs regarding the safety and efficacy of Vioxx, and not any kind of analysis of the drug's label. Plaintiffs claims are straightforward and very similar for both cases.

This Court is already well-informed and fully capable of deciding whether consolidation is appropriate. Merck provides no reasons and cites no authority for its assertion that consolidation is only appropriate after discovery. The claims in both cases are substantially

---

[2] 42 U.S.C. § 1396r-8(d)(4)(C).

similar: Plaintiffs in both cases seek reimbursement for the amounts they paid and/or reimbursed for Vioxx for which they would not have paid but for the misrepresentations by Merck. In fact, consolidation of these cases prior to discovery will serve the interests of judicial efficiency by preventing the largely duplicate discovery in these cases.

In a case nearly identical to the State Plaintiffs' case, the Texas Attorney General case[3] is set for trial on January 22, 2007 in Texas state court. Furthermore, a certified national class-action on behalf of third-party payors is set for trial on March 7, 2007, in a New Jersey state court. Discovery is ongoing in both of these cases, and Merck has already produced, or will be required to produce, materials pertaining to Merck's targeted marketing to third-party payor and State Medicaid program formulary committees to secure preferred or exclusive formulary status for Vioxx based on misrepresentations of the safety and efficacy of Vioxx.

In addition the discovery that Merck has already produced or will produce in the course of proceeding to trial in the Texas Attorney General case and the New Jersey third-party payor class action, Plaintiffs envision a succinct amount of discovery in the proposed consolidated case pertaining specifically to Plaintiffs, including several corporate depositions of Merck's managed care executives with oversight of marketing to third-party payors and State Medicaid programs, the depositions of Merck's managed care sales representatives responsible for the geographic area of Louisiana, the depositions of one or two corporate representatives for each Plaintiff, and Plaintiffs experts. This discovery can be completed in a matter of several months, at most.

Merck offers nothing more than conclusory statements that a jury would be confused, and offers no explanation whatsoever as to why Merck would be prejudiced by, consolidating these cases. Plaintiffs assert the contrary.

---

[3] State of Texas v. Merck & Co., Inc., No. GV503021 (345th Judicial distr. of Travis County, Tex.)

## CONCLUSION

For the foregoing reasons as well as the reasons set forth in Movants' previous memorandums, Movants respectfully ask that the State Plaintiffs' action be consolidated with the action brought by BC/BS Louisiana for a single trial on the merits.

Respectfully submitted, this 1st day of June, 2006,

**DUGAN & BROWNE, a P.L.C.**

JAMES R. DUGAN, II, T.A. (Bar No. 24785)
DAVID L. BROWNE (Bar No. 20729)
DOUGLAS R. PLYMALE (Bar No. 28409)
650 Poydras Street - Suite 2150
New Orleans, Louisiana 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181

*Special Assistant Attorneys General for the State of Louisiana and Counsel for Petitioners, the Louisiana Attorney General, et al., and Counsel for Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La.*

**CHARLES C. FOTI, JR.**
**Attorney General**
TINA VICARI GRANT
Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1885 North Third Street - 6th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6020
Facsimile: (225) 326-6096

**LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS**
FRANCISCO H. PEREZ
General Counsel
P.O. Box 3836
Baton Rouge, Louisiana 70821
Telephone: (225) 342-1188
Facsimile: (225) 342-2232

CHARLES A. O'BRIAN (Bar No. 10143)
BlueCross BlueShield of Louisiana
5525 Reitz Avenue
P.O. Box 98029
Baton Rouge, Louisiana 80809
Telephone:   (225) 295-2454
Facsimile:   (225) 297-2760

TAYLOR TOWNSEND (Bar No. 20021)
Kelly Townsend & Thomas
137 St. Denis Street
P.O. Box 756
Natchitoches, Louisiana. 71457
Telephone: (318) 352-2353
Facsimile:  (318) 352-8918

*Counsel for Louisiana Health Service Indemnity Co., d/b/a BlueCross/BlueShield of La.*

F:\Case Files\Vioxx\Attorney General\pleadings\pleading.008.reply.2nd.motion.consolidation.wpd

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Reply Memorandum in Support of Motion to Re-urge Motion to Consolidate The Two Above-referenced Cases for Trial has this day been served on all counsel of record by U.S. Mail and e-mail or by hand delivery and e-mail or by e-mail on all parties by electronically uploading same to Lexis/Nexis File & Serve Advance in accordance with Pre-Trial Order No. 8, this 7th day of _____June_____, 2006.

_____

F:\Case Files\Vioxx\Attorney General\pleadings\pleading.008.reply.2nd.motion.consolidation.wpd