**Issued by the**
# UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 13 PM 3:52

LORETTA G. WHYTE
CLERK

_____ MIDDLE _____ DISTRICT OF _____ LOUISIANA _____

POLLY WATSON, ET AL.

V.

MERCK & CO., INC.

SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]In Re: Vioxx Products Liability Litigation, MDL No. 1657, United States District Court for the Eastern District of Louisiana

*This Document Relates to: Polly Watson, et al. vs. Merck & Co., Inc., Case No. 05-4319, Div. L, Mag. 3*

TO: Our Lady of the Lake Regional Medical Center
Radiology Department
5000 Hennessey Blvd.
Baton Rouge, LA 70801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Copies of patient Robert Duczer's (SSN: 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; DOB: 10/5/1940) radiological films and/or test results, specifically his 3/28/1999 PA Lateral Chest films, 6/20/2005 CT Brain w/o Contrast, 6/20/2005 CT Cervical Spine, and 6/20/2005 Portable Chest films. Appearance is not necessary if a certified copy of the above documents and/or films are received by Thomas P. Owen, Jr., Esq., Stanley, Flanagan & Reuter, L.L.C., 909 Poydras Street, Suite 2500, New Orleans, Louisiana 70112, on or before the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| Stanley, Flanagan & Reuter, L.L.C.<br>909 Poydras St., Suite 2500<br>New Orleans, LA 70112 | June 20, 2006, at 1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] - Attorney for Defendant | 6/5/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Thomas P. Owen, Jr., Esq., 909 Poydras St., Suite 2500, New Orleans, LA 70112, (504) 523-1580

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No ___

[1]If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 06/07/06 | 5000 Hennessy Blvd, Baton Rouge |

| SERVER ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Merel Caillouet | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| James Beard | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 06/07/06
DATE

SIGNATURE OF SERVER

P.O. Box 742296, LA 70179
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX® PRODUCTS
LIABILITY LITIGATION

MDL No. 1657

AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO
45 C.F.R. § 164.508 (HIPAA)

Name: __Robert Duczer__

Date of Birth: __10/5/1940__

Social Security Number: __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__

I hereby authorize __Our Lady of the Lake Regional Med Center__ to release all existing medical records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of __HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, New York 10004-1482, and/or to the law firm of Stanley, Flanagan & Reuter, 909 Poydras St., Ste. 2500, New Orleans, LA 70112 and/or their designated agents__ ("Receiving Parties"). These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes. The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

I understand that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments.

medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation, that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or __Stanley, Flanagan & Reuter__

Dated this __ day of _____, 200__

_[signature]_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

AUTHORIZATION #1