

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 14  PM 1:06

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | *  MDL No. 1657 <br> * <br> *  SECTION L <br> * <br> *  JUDGE ELDON E. FALLON <br> * <br> *  MAGISTRATE JUDGE <br> *  DANIEL E. KNOWLES, III <br> * <br> * <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Volker G. and Elizabeth Rake v. Merck & Co., Inc.*, 06-2539.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO "NATURE OF THE ACTION"

1.       Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek damages, but denies that there is any legal or factual basis for such relief.

___ Fee_____
___ Process_____
_X_ Dktd _____
___ CtRmDep_____
___ Doc. No._____

## RESPONSE TO
## "PARTIES"

2.       Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 2 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 2 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

3.       Admits the allegations contained in paragraph 3 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4.       Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "JURISDICTION AND VENUE"

5.       The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

6.       The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 6 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx and that the MDL Court has issued Orders relating to venue, and respectfully refers the Court to those Orders for their actual content and full effect.

## RESPONSE TO
## "FACTUAL BACKGROUND – MERCK'S MARKETING OF VIOXX"

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

8.      Denies each and every allegation contained in paragraph 8 of the Complaint and avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

10.      Denies each and every allegation contained in paragraph 10 of the Complaint.

11.      Denies each and every allegation contained in paragraph 11 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

18.     The allegations contained in the first sentence of paragraph 18 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.  Merck denies each and every allegation contained in the second sentence of paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint.

### RESPONSE TO
### "CAUSES OF ACTION"

### RESPONSE TO
### "COUNT I (STRICT PRODUCTS LIABILITY)"

21.    With respect to the allegations contained in paragraph 21 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 20 of this Answer with the same force and effect as though set forth here in full.

22.    Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

23.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 23 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 23 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint, including its subparts a though d, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in

the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 20, 2004.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

32.     The allegations contained in paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 32 of the Complaint.

## RESPONSE TO
## "COUNT II (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)"

33.     With respect to the allegations contained in paragraph 33 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 32 of this Answer with the same force and effect as though set forth here in full.

34.     The allegations contained in paragraph 34 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

35.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 35 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

39.     The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 39 of the Complaint.

### RESPONSE TO
### "COUNT III (NEGLIGENCE)"

40.     With respect to the allegations contained in paragraph 40 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, including its subparts a through d, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 20, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     The allegations contained in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 44 of the Complaint.

## RESPONSE TO
## "COUNT IV (MALICIOUS CONDUCT)"

45.     With respect to the allegations contained in paragraph 45 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 44 of this Answer with the same force and effect as though set forth here in full.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, including its subparts a through c, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 51 of the Complaint.

## RESPONSE TO
## "COUNT V (FRAUD, MISREPRESENTATION AND SUPPRESSION)"

52.     With respect to the allegations contained in paragraph 52 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

53.     The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

61. Denies each and every allegation contained in paragraph 61 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

62. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 62 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 62 of the Complaint.

63. Denies each and every allegation contained in paragraph 63 of the Complaint.

64. The allegations contained in paragraph 64 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

65. Denies each and every allegation contained in paragraph 65 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     The allegations contained in paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 68 of the Complaint.

## RESPONSE TO
## "COUNT VI (PUNITIVE DAMAGES)"

69.     With respect to the allegations contained in paragraph 69 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 68 of this Answer with the same force and effect as though set forth here in full.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     The allegations contained in paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 74 of the Complaint, except admits that Plaintiffs purport to seek punitive damages, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT VII (LOSS OF CONSORTIUM)"**

75.     With respect to the allegations contained in paragraph 75 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 74 of this Answer with the same force and effect as though set forth here in full.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 77 of the Complaint.

**RESPONSE TO**
**"RELIEF REQUESTED"**

78.     The allegations contained in the unnumbered "Wherefore" paragraph of the Complaint under the heading "Relief Requested" constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY TRIAL DEMANDED"

79.     The allegations contained in the final, unnumbered paragraph of the Complaint under the heading "Jury Trial Demanded" are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

80.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

81.     The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

82.     To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

83.     To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

84.     The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

**AS FOR A SIXTH
DEFENSE, MERCK ALLEGES:**

85.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

**AS FOR A SEVENTH
DEFENSE, MERCK ALLEGES:**

86.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

87.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

88.    The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

89.    The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

90.    The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

91.     The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

92.     The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

93.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

94.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

95.     To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

96.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

97.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

98.     The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

99.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

100.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

101.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

102.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

103.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

104.    The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

105.   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

106.   The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

107.   To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

108.   Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

109.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

110.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

111.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

112.    Any alleged injury or damage sustained by Plaintiffs was caused by Plaintiffs' own negligence, which negligence under the doctrines of contributory and/or comparative negligence, is a complete bar to Plaintiffs' recovery, or which diminishes their recovery by an amount equal to Plaintiffs' negligence, all such negligence being denied.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

113.    Some or all of the claims asserted in the Complaint are the direct and proximate result of Plaintiffs' own conduct and cannot be recovered against Merck.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

114.    Some or all of the claims asserted in the Complaint are barred by the doctrine of contributory negligence.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

115.    Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

116.    Plaintiffs' alleged injuries and damages, if any, are the result of Plaintiffs' own fault and/or assumption of the risk.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

117.    Plaintiffs' claims are barred by reason that any alleged dangerous condition complained of was open and obvious and there was no duty on the part of Merck to warn of any such open and obvious condition.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

118.    Plaintiffs' alleged injuries were directly and proximately caused by and contributed to by the actions of other persons, who caused changes and alterations to be made to the products involved and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiffs and voided any and all alleged warranties, express and/or implied.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

119.    Plaintiffs' claims for failure to instruct or warn are barred by the sophisticated user and/or learned intermediary doctrine.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

120.    Plaintiffs' negligence claims are barred in whole or in part by the economic loss rule.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

121.    Merck avers that the Georgia statute respecting award of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contrasted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products violates the Constitution of the United States, particularly in that it affords products manufacturers, such as Merck, equal protection of the laws.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

122.    Pursuant to O.C.G.A. § 51-12-5.1, only one award of punitive damages may be recovered in the State of Georgia from Merck arising from product liability of a single product.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: June 14, 2006

Respectfully submitted,

*Melissa V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 14 day

of June, 2006.

*Melissa V. Beaugh*