UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JUN 14  PM 3: 54
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: VIOXX | * | MDL DOCKET No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L - DIVISION 3 |
| | * | |
| This document relates to | * | JUDGE FALLON |
| CASE NO. 2:05CV2524 | * | |
| | * | |
| ANTHONY WAYNE DEDRICK, | * | MAG. JUDGE KNOWLES |
| an Individual, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT MERCK & Co., Inc.

Plaintiff, Anthony Dedrick, by and through his undersigned counsel, hereby demands

that Defendant Merck & Co., Inc. answer the following interrogatories within thirty (30) days

as required by *Federal Rule of Civil Procedure* 33 and Pretrial Order 18B.

### DEFINITIONS

1.    "Documents" shall mean writing of every kind, source and authorship, both originals

and all non-identical copies thereof, in Merck & Co. or its affiliates possession,

custody or control, or known by Merck & Co. or its affiliates to exist, irrespective of

whether the writing is one intended for or transmitted internally by Merck & Co. or its

affiliates or intended for or transmitted to any other person or entity, including, without

Fee_____
Process_____
X  Ctrd_____
CtrmDep_____
Doc. No_____

limitation, any government agency, department, administrative entity or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

2.    For purposes of illustration and not limitation, the term "Documents" shall include: correspondence, emails, transcripts of testimony, letters notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes and other communications sent or received, diaries, calendars, logs, notes or memoranda of telephonic or face-to-face conversations, drafts, work papers, agendas, bulletins, notices, circulars, inserts, announcements, instructions, schedules, minutes, summaries, notes and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations, bills, statements and other records of obligations and expenditures, canceled checks, vouchers, receipts and other records of payments, ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data, analyses, statements, interviews, affidavits, printed matter (including published books, articles, speeches and newspaper clippings), press releases, charts, drawings, specifications, manuals, brochures and memoranda of all kinds to and from any persons, agencies or other entities.

3.      "Identify", when used in reference to a person, means to state that person's full name, name of his or her employer, job title or position, and that person's last known residence and business addresses and telephone numbers.

4.      Any reference to the word medicine, pharmaceutical, drug or product is intended to and shall mean those products known generally as "VIOXX (Rofecoxib)" and any and all other trade names or trade marks under which VIOXX (Rofecoxib) have been tested, sold or marketed.

## INTERROGATORIES

1.      State the names and titles of all persons answering the following discovery on Defendant's behalf.

2.      Identify any and all sales persons who detailed Vioxx to Esmeraldo Herrerra M.D., including their name, current address, telephone number, employer, title, geographical territory that they covered in their employment as a sales person for Vioxx, and dates of employment in this capacity.

3.      Identify all dates on which the individual(s) identified in Interrogatory No. 2 above detailed Vioxx to Esmeraldo Herrerra, M.D. and the substance of such communication.

4.      Identify any and all sales persons who detailed Vioxx to other physicians or health care providers to Anthony Dedrick at Wayne Medical Center, including their name, current address, telephone number, employer, title, geographical territory that they covered in their employment as a sales person for Vioxx, and dates of employment in this capacity.

5.      Identify all dates on which the individual(s) identified in Interrogatory No. 4 above detailed Vioxx to any other physicians or health care providers to Anthony Dedrick at Wayne Medical Center and the substance of such communication.

6.      What instructions were given to Merck's sales representatives for providing information to physicians or responding to physician inquiries about the cardiovascular risks or potential cardiovascular risks associated with Vioxx?

7.      Identify all documents that were provided by Merck to the individual(s) identified in Interrogatories No. 2 in connection with his/her/their effort(s) to detail Vioxx to Esmeraldo Herrerra, M.D. and any other physicians or health care providers to Anthony Dedrick at Wayne Medical Center.

8.      Identify any and all documents that were transmitted to Merck by the individual(s) identified in Interrogatories No. 2 that relate to his/her/their effort(s) to detail Vioxx to Esmeraldo Herrerra, M.D.

9.      Identify any and all documents that were transmitted to Merck by the individual(s) identified in Interrogatories No. 4 that relate to his/her/their effort(s) to detail Vioxx to any other physicians or health care providers to Anthony Dedrick at Wayne Medical Center.

10.     Identify any and all documents that were transmitted to Merck by the individual(s) identified in Interrogatories No. 4 that relate to his/her/their effort(s) to detail Vioxx to Esmeraldo Herrerra, M.D.

11.     Identify all dates on which a "Dear Doctor" and/or "Dear Healthcare Provider" letter was/were transmitted by Merck to Esmeraldo Herrerra, M.D. relating to Vioxx.

12.     Identify all dates on which a "Dear Doctor" and/or "Dear Healthcare Provider" letter was/were transmitted by Merck to any other physician or health care provider to Anthony Dedrick at Wayne Medical Center relating to Vioxx.

13.     Identify whether or not Esmeraldo Herrerra, M.D. ever received a grant, honorarium, or any other types of funds from Merck & Co. or its affiliates within the past ten

(10) years.  If Merck or its affiliates have provided Esmeraldo Herrerra, M.D. with any grant, honorarium, or other types of funds, please state the amount(s) and date(s) of the grants, honorarium or other funds and the purpose for any of the grants, honorarium or other funds.

14.     Identify whether or not physicians or health care providers who treated Anthony Dedrick at Wayne Medical Center have ever received a grant, honorarium, or any other types of funds from Merck & Co. or its affiliates within the past ten (10) years.  If Merck or its affiliates have provided physicians or health care providers who treated Anthony Dedrick at Wayne Medical Center with any grant, honorariums, or other types of funds, please state the amount(s) and date(s) of the grants, honorarium or other funds and the purpose for any of the grants, honorarium or other funds.

15.     Identify the name, place and date of any and all Vioxx-related educational seminars, symposia, society meetings, association meetings that were in any way funded by Merck & Co. or its affiliates within the last (10) ten years that were attended by Esmeraldo Herrerra, M.D.

16.     Identify the name, place and date of any and all Vioxx-related educational seminars, symposia, society meetings, association meetings that were in any way funded by Merck & Co. or its affiliates within the last (10) ten years that were attended by physicians or health care providers to Anthony Dedrick at Wayne Medical Center.

17.     Identify any and all publications, journal articles, scholarly writings, studies, medical articles or other documents or items that were discussed and/or transmitted by Merck & Co. or it affiliates to Esmeraldo Herrerra, M.D. including the date(s) and purpose of these disseminations.

18.     Identify whether samples of Vioxx were ever provided by Merck & Co. and/or any sales person(s) to Esmeraldo Herrerra, M.D. including the details of:

    a.  How many samples of each dosage of Vioxx were provided;

    b.  When such samples were provided; and

    c.  Identify the date(s) such Vioxx samples were provided.

19.    Identify whether Merck & Co. ever received any communication and/or document, including an adverse event report relating to Anthony Dedrick, as well as the date of receipt of said information.

20.    Identify whether Anthony Dedrick was ever a participant in any clinical study relating to Vioxx.  If so, identify the name and dates of commencement and conclusion of said clinical study and whether Esmeraldo Herrerra, M.D. was a clinical investigator in said study.

21.    Identify the names and dates of any and all clinical studies relating to Vioxx where Esmeraldo Herrerra, M.D. was a clinical investigator.

22.    For each sales person identified in response to Interrogatories Nos. 2 and 4, please identify whether such sales person utilized a personal computer or laptop in connection with his/her/their detailing activities, both in general, and with respect to communications to Esmeraldo Herrerra, M.D. and/or any other physicians or health care provider to Anthony Dedrick at Wayne Medical Center with respect to Vioxx, the current custodian of such personal computer or laptop, and whether the data relating to detailing activities has been altered or deleted since January 1, 1999.

23.    Please identify all managerial employees and others who supervised the sales representatives detailing Vioxx to physicians in the State of Tennessee including their full name, current address, title, whether such person is currently an employee of Merck & Co., and their job responsibilities with respect to the Tennessee sales force.

24.     Please identify gifts, meals, trips, or other promotional items provided by Merck & Co. or its affiliates to Esmeraldo Herrerra, M.D., including a description, date given, and approximate value.

25.     Please identify gifts, meals, trips, or other promotional items provided by Merck & Co. or its affiliates to physicians or health care providers to Anthony Dedrick at Wayne Medical Center, including a description, date given, and approximate value.

Respectfully submitted this 13ᵗʰ day of June, 2006.

**ANDY BIRCHFIELD**
P. LEIGH O'DELL
Attorney for Plaintiff
*Beasley, Allen, Crow, Methvin,*
*Portis & Miles, P.C.*
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343 telephone
(334) 954-7555 facsimile
**Co-Lead Counsel**


**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**PLAINTIFFS' LIAISON COUNSEL**

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE &
ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN &
BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this __13ᵗʰ__ day of June, 2006.