UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to | * | JUDGE FALLON |
| Case No. 06-0485 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| GERALD D. BARNETT, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK") FOR ORDER EXCLUDING CERTAIN TESTIMONY OF EGIL FOSSLIEN, M.D.

### (EXPERT CHALLENGE NO. 9)

Dr. Fosslien, a pathology professor, has prepared an all-purpose report on "the pathogenesis of adverse cardiovascular complications induced by rofecoxib." (*See* Expert Report of Egil Fosslien, M.D. ("Fosslien Rpt.") at 13, attached hereto as Ex. A.) Plaintiff intends to call Dr. Fosslien as an expert witness in multiple trials in this MDL, including *Barnett*.

The major thrust of Dr. Fosslien's opinion is that Vioxx® causes or accelerates atherosclerosis. As explained in Merck's concurrently-filed Motion for Order Excluding Opinion Testimony from Plaintiff's Experts that Vioxx Accelerates Atherosclerosis ("Atherosclerosis Motion"), there is no scientific support for that theory. Therefore, under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), Dr. Fosslien's expert testimony advancing that unproven theory must be excluded.

In addition, Dr. Fosslien apparently intends to testify about what he thinks Merck knew about the alleged risks of Vioxx. As discussed below, this testimony is well outside his field of expertise, and should also be excluded. Similarly, to the extent Dr. Fosslien strays into issues such as FDA labeling requirements, which fall outside his area of expertise, the Court should exclude that testimony as well.

## I.      LEGAL STANDARD.

The legal standard for the admission of expert testimony is set forth at pages 3-4 of the Motion of Defendant Merck & Co., Inc. ("Merck") for Order Excluding Opinion Testimony by Plaintiff's Experts That Vioxx Accelerates Atherosclerosis, filed concurrently herewith and incorporated herein by reference.

## II.     DR. FOSSLIEN MAY NOT TESTIFY ABOUT MERCK'S STATE OF MIND.

In addition to providing scientific testimony regarding the pathogenic mechanisms of Vioxx, Dr. Fosslien apparently plans to offer his views on Merck's state of mind, and specifically, on what Merck knew about the alleged risks of Vioxx. Dr. Fosslien's report states that Merck was "aware of increased cardiovascular risks of rofecoxib use even during the early development and clinical marketing of the drug." (Fosslien Rpt. at 31.) He opines that, as of March 2000, Merck was "concerned about cardiotoxic effects of rofecoxib" despite its public statements. (*Id.* at 19-20.) He also intends to opine on the "intent and thinking" of Merck's employees. (Deposition of Egil Fosslien, M.D. ("Fosslien Dep.") at 100:3-10, attached hereto as Ex. B.)

Courts routinely exclude opinions such as this, and this Court should do the same. Rule 702 allows for introduction of "scientific, technical, or other specialized knowledge" that will "assist the trier of fact." FED. R. EVID. 702. Dr. Fosslien, however, does not have any qualifications or "specialized" expertise in divining corporate knowledge or state of mind, and

has never before attempted to assess the pathogenesis of a drug based on internal company emails. (Fosslien Dep. at 103:22-104:5.) That is precisely why expert testimony concerning a defendant's intent or state of mind typically is inadmissible. *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) (rejecting expert testimony "on the intent, motives or states of mind of corporations, regulatory agencies and others" because they "have no basis in any relevant body of knowledge or expertise").

To support these impermissible opinions, Dr. Fosslien merely quotes from certain selected emails from Merck's employees.[1] For example, he quotes an email from Dr. Scolnick for the proposition that Merck knew about the cardiotoxic effects of Vioxx, but suppressed that information. (Fosslien Rpt. at 19.) Yet Dr. Fosslien admits he has never read the remainder of Dr. Scolnick's emails or a word of Dr. Scolnick's depositions, in which these emails are discussed and put in their proper context. (Fosslien Dep. at 101:19-21, 102:9-16.) Moreover, he has no "first-hand knowledge of the circumstances underlying [any] charge of data-suppression," *see In re Rezulin*, 309 F. Supp. 2d at 554, and nothing to add to the jury's own consideration of the documentary evidence – particularly given that the jury will have the benefit of the testimony of Dr. Scolnick and other Merck employees, whose testimony Dr. Fosslien apparently ignored. Accordingly, Dr. Fosslien's opinions on Merck's state of mind, and that of its executives, should be excluded.

---

[1] Dr. Fosslien denies he is "interpreting" Merck's internal documents. (Fosslien Dep. at 100:21-101:1.) To the extent that evaluation of the evidence requires a credibility determination about Merck, it is especially important that that judgment be reserved for the jury and not supplanted by a paid "expert." *See Sec. & Exch. Comm'n v. Lipson*, 46 F. Supp. 2d 758, 763 (N.D. Ill. 1998) (expert accountant was not "specially equip[ped] to divine what [defendant] truly believed" about reliability of financial reports; any opinions offered in that regard are "at worst, rank speculation" and at best, "credibility choices that are within the province of the jury").

3

## III. DR. FOSSLIEN MAY NOT TESTIFY REGARDING MERCK'S COMPLIANCE WITH FDA REGULATIONS OR THE ADEQUACY OF THE VIOXX LABEL.

It is unclear whether or not Dr. Fosslien intends to render regulatory or labeling opinions, because Dr. Fosslien provided conflicting testimony in this area. For example, he testified that he would not offer an opinion on the appropriateness of Vioxx's approval. (*See* Fosslien Dep. at 95:13-16.) ("Q: Sir, are you offering an opinion on whether the original approval of the drug was correct or incorrect? A: No, I'm not.").) But he also stated that he had an opinion and would testify to his opinion if asked. (*Id.* at 92:23-93:4, 90:14-91:18.) To the extent plaintiff seeks to elicit these opinions at trial, he should be prevented from doing so. Dr Fosslien, by his own admission, is wholly unqualified to render an opinion on FDA issues, including the label for Vioxx.     He admits he is unfamiliar with the FDA regulations on the marketing of pharmaceuticals in the United States. (*Id.* at 99:5-8.) And he has not even read the label for Vioxx. (*Id.* at 97:11-13.) Therefore, the Court should exclude any testimony by Dr. Fosslien on Merck's compliance with FDA's marketing regulations or the adequacy of Vioxx's label.

## IV. CONCLUSION.

For the reasons stated above and in Merck's concurrently-filed Motion for Order Excluding Opinion Testimony by Plaintiff's Experts That Vioxx Accelerates Atherosclerosis, the Court should exclude Dr. Fosslien's testimony: (i) that Vioxx causes or accelerates atherosclerosis; (ii) concerning Merck's knowledge or state of mind; and (iii) regarding FDA issues, including Merck's marketing and the Vioxx label.

4

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:    213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing Memorandum in Support of Motion of Merck for Order Excluding Testimony of Egil Fosslien, M.D. has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of June, 2006.

*/s/ Dorothy H. Wimberly*