FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 16  AM 9: 59

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: VIOXX | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| | ^ | |
| This document relates to | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | **CASE NO. 02:06CV00485** |

<u>Motion in Limine No. 2</u>

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT MERCK FROM REFERRING TO MR. BARNETT'S LEFT ANTERIOR DESCENDING CORONARY ARTERY AS A "WIDOW-MAKER"**

COMES NOW, Plaintiff Gerald Barnett, by and through his undersigned counsel, and files this Motion in Limine, showing this Court that the use of the term "widow-maker" in reference to the left anterior descending artery (LAD) should be excluded from the trial of this case.

**I.    THE TERM "WIDOW-MAKER" IS PREJUDICIAL, CONFUSING AND MISLEADING**

The term "WIDOW-MAKER" is medical slang which refers to the left anterior descending coronary artery (LADC).  The LADC is a major blood vessel of the heart muscle and is a common locus for plaque build up.

Permitting the Defendant to refer this artery as a "widow-maker" would be entirely improper.  Use of this term would suggest to the jury that Mr. Barnett's heart attack was a

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

1

foregone conclusion; that somehow Mr. Barnett was destined to infarct in his LAD, irrespective of any intervening cause, including Vioxx. This term adds nothing to the jury's understanding of the medical issues in this case, and instead presents a very real risk of misleading jurors. As such, this Court should preclude the Defendant from making any reference to the LAD as the "widow-maker" because it is prejudicial, confusing and misleading, and thus inadmissible. Fed. Rule Evid. 403.

## II.   AN IN LIMINE MOTION IS THE APPROPRIATE MEANS FOR EXCLUDING THIS CONFUSING AND MISLEADING EVIDENCE

A motion in limine is the appropriate vehicle for excluding confusing and misleading evidence. *U.S. v. Paul,* 175 F.3d 906, 909 (11th Cir. 1999) (granting government's motion in limine to exclude testimony because it would be confusing); *Federal Practice and Procedure: Evidence* § 5037 (1977). Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury..." Fed. R. Evid. 403. The district court must make the admissibility determination on an individual basis, considering the evidence's probative value and the danger of unfair prejudice. See *Barfield v. Orange County*, 911 F.2d 644, 650 (11th Cir. 1990), *cert. denied*, 500 U.S. 954 (1991).

The trial court has wide discretion in excluding evidence which is relevant but which may tend to confuse issues or inflame jury. *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir.1991); *U. S. v. Ravich*, 421 F.2d 1196 2nd Cir.), *cert. denied*, 91 S.Ct. 69 (1970). Referring to the LAD as a "widow-maker" clearly fits this description. It is readily apparent that the only reason the Defendant would use this term would be to confuse and mislead the jury into thinking that Mr. Barnett's heart attack was destined to occur, even in the absence of Vioxx.

Just because Mr. Barnett had stenosis of the LAD *after* his heart attack does not prove that he would have had a heart attack regardless of his use of Vioxx, nor does it disprove that Vioxx caused his heart attack.

Interestingly, Merck knew, before it ever marketed Vioxx, that anyone taking the drug, even those with moderate atherosclerosis, was at an increased risk for a heart attack. In 1998, Merck's scientific advisors noted that, "...prostacyclin biosynthesis in the vasculature is inhibited by Vioxx (without blocking production of thromboxane $A_2$ by the platelet)." The consequence of this was that "[b]y removing this potent inhibitor of platelet aggregation, the probability that a coronary plaque rupture would lead to a myocardial infarction or ischemic ventricular fibrillation is enhanced." See Report of Scientific Advisors Meeting May 3-6, 1998, at 13 (Exhibit A). Merck knew before Vioxx hit the market that the drug could potentially increase the risk of heart attacks. As such, the Defendant should not now be permitted to suggest to the jury that Mr. Barnett's heart attack was fated to occur merely by virtue of its location.

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order precluding Merck from referring to Mr. Barnett's LAD as a "widow-maker."

Date:  June 9, 2006

Respectfully submitted,

By  *Mark P. Robinson*

Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California  92660
Telephone:  (949) 720-1288
Facsimile: (949) 720-1292


Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama  36103-4160
Telephone:  (334) 269-2343
Facsimile: (334) 954-7555

Counsel for Plaintiff

4

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Carlene Rhodes Lewis
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3875
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

**PLAINTIFFS' STEERING COMMITTEE**

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants'

Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs'

Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order

No. 8, on this 9th day of June, 2006.

_MARK P. ROBINSON, JR._

MARK P. ROBINSON, JR.