UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

### Motion in Limine No. 3

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN SUBJECTS FROM EVIDENCE AT TRIAL

Plaintiff Gerald Barnett, by and through his undersigned counsel, hereby respectfully moves the Court for an order excluding all evidence, references, testimony or argument relating to the various topics set forth below.

Under the Federal Rules of Evidence, only relevant evidence is admissible. Relevant evidence is defined as matters which may tend to prove or disprove a material fact at issue. Fed. R. Evid. 401. Further, the Federal Rules of Evidence provide that "relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In South Carolina, where this case arose, the state has adopted each of these federal rules. See South Carolina Rules of Evidence 401, 402 and 403.

```
___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____
```

1

The following evidence is not only irrelevant to these proceedings, but its probative value is greatly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time. Therefore, such evidence and testimony should be precluded.

**Defendant should be precluded from offering evidence, argument, or eliciting testimony concerning or regarding:**

    a) That a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medications. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. The tactic of appealing to the collective self-interest of jurors has been condemned by the courts and clearly applies to this and other issues presented below. The Fifth Circuit Court of Appeals has condemned such appeals to "community conscience" as improper. Westbrook v. General Tire & Rubber Co., 754 F.2d 1233, 1239 (5th Cir. 1985).

    b) Any comment or inference, or submitting any evidence, testimony, or documents tending to suggest in any way that any award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical, or health products available to individuals or industries in the United States or worldwide. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. See argument above under subpart a.

    c) Making reference that this case or other Vioxx product liability litigation cases may have a negative impact on the stock price of Merck or any other publicly traded pharmaceutical manufacturer. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. See argument above under Subpart a.

d) Any comment or inference, or submitting any evidence, testimony, or documents suggesting or referring to Health Canada or any other foreign regulatory agency's decision to allow the sale of Vioxx within their respective countries. See argument above under Subpart a.

e) That this case or any other Vioxx products liability case may cause an increase in the cost of purchasing or maintaining insurance. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. See argument above under Subpart a.

f) That this case or any other Vioxx product liability case may cause an increase in the cost of purchasing medications for the public. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury. See argument above under Subpart a.

g) Any comment, evidence, testimony, inference or document mentioning medical conditions of Plaintiff or Plaintiff's family that are unrelated to the injuries at issue in this lawsuit. Such argument is irrelevant.

h) Any comment, evidence, testimony, inference or document mentioning any non-criminal bad conduct of the Plaintiff. Misdemeanors and human frailties should not become "fair game" during trial. Federal and state rules of evidence prohibit such character assassination. Such testimony would be improper under Fed. R. Evid. 610. See Hudson v. United States, 387 F.2d 331 (5th Cir. 1967).

i) Any mention or disclosure, whether directly or indirectly, in any manner, that the Plaintiff is covered by some form of insurance for the incident in question. Such fact is entirely immaterial to any issue in this case and any mentioning or inference

3

thereof, directly or indirectly, in any manner, will be harmful and unjustly prejudicial to the Plaintiff. See Pustaver v. Gooden, 350 S.C. 409, 413, 566 S.E.2d 199, 201 (Ct.App.2002) - "A tortfeasor cannot '"take advantage of a contract between an injured party and a third person, no matter whether the source of the funds received is 'an insurance company, an employer, a family member, or other source.'"

j) Any comment, inference, evidence, testimony, or document tending to suggest in any way that an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law. See generally TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443, 462 (1993).

k) Any mention of the purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," or similar terms or phrases. Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury.

l) That Plaintiff's attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation. Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury. See Bufford v. Rowan Companies, Inc., 994 F.2d 155, 157-58 (5th Cir. 1993).

m) Any comment or personal anecdote from any witness or lawyer for the Defendant about themselves, or family members who have used Vioxx. Such evidence is irrelevant, hearsay, and undeniably prejudicial. These emotional stories cannot be verified and will inappropriately sway the sympathies of the jury. See U.S. v. Garza, 608 F.2d 659, 663 (5th Cir. 1979).

n) Any comment, evidence, testimony, inference or document mentioning, suggesting or inferring that Vioxx was taken off the market due to "media hype" caused by

attorneys or the media themselves. Such argument would be irrelevant, hearsay, and designed solely to inappropriately sway the sympathies of the jury.

o) Any comment, evidence, testimony, inference or document that bolsters the unchallenged character (e.g., honest) or traits (e.g., generous) of the Defendant's current or former employees, managers, consultants, experts, agents, or fiduciaries preemptively.

p) Any reference to opinions in the medical records of healthcare personnel that are not witnesses live or by deposition at trial. See Bradley v. Brotman, 836 So.2d 1129, 1135 (Fla. Dist. Ct. App. 4th 2003) (citing, *inter alia*, Fed. R. Evid. 403).

q) That any members of the public or medical community desire that Vioxx be placed back on the market.

r) Any comment, evidence, testimony, inference or document mentioning that state warning defect or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits.

s) Any comment, evidence, testimony, inference or document mentioning that state tort law undercuts the FDA's mission to provide only scientifically valid warnings.

t) Any comment, evidence, testimony, inference or document mentioning that too many warnings of serious injuries will dilute the effectiveness of warnings generally.

u) Any comment, evidence, testimony, inference or document mentioning that state products liability law frustrates the FDA's protective regime.

For the foregoing reasons, Plaintiff's motion *in limine* should be granted, and Defendant should be precluded from referring to the above-referenced matters in their entirety.

Date: June 9, 2006

Respectfully submitted,

By _____
Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Carlene Rhodes Lewis
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3875
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8, on this 9th day of June, 2006.

MARK P. ROBINSON, JR.