UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

**Motion in Limine No. 4**

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR DISCUSSION
CONCERNING DEFENDANT'S REPUTATION AND/OR "GOOD ACTS"**

Plaintiff Gerald Barnett, by and through his undersigned counsel, hereby moves the Court

to exclude all evidence or discussion of Defendant Merck & Co.'s reputation and/or "good acts."

**INTRODUCTION**

Plaintiff believes that Merck & Co., Inc. ("Merck") may attempt to introduce evidence or

testimony, or discuss before the jury, its purported good reputation and/or other good acts. Such

evidence is not relevant or material to the issues for the jury to resolve in this case, and the

introduction of such evidence would be unfairly prejudicial, confuse the issues, and could

potentially mislead the jury.

Plaintiff believes that such testimony may include but is not limited to:

1. Merck's Patient Assistance Program whereby uninsured individuals can

   obtain prescription medication at no cost to the patient or at a significantly

   reduced price;

1

2. Merck's donation of millions of dollars in HIV vaccines to Africa while working with Bill Gates and the government of Botswana;

3. Merck's donation of medications to combat "River Blindness" — a disease that strikes rural villages in Africa — to all impacted villages through the Mectizan program, in which Merck is partnered with Jimmy Carter and the Carter Foundation; and

4. The fact that Merck develops drugs that treat and cure disease.

For these reasons, the Court should exclude any such evidence, testimony, or discussion before the jury.

## ARGUMENT

### I.   EVIDENCE OR DISCUSSION OF MERCK'S GOOD ACTS OR REPUTATION ARE IRRELEVANT TO THE CLAIMS AT ISSUE

Any evidence or discussion that Merck is a "good company" and performs benevolent acts has no relevance to the claims asserted by Plaintiff and must be excluded under both the South Carolina and Federal Rules of Evidence. Fed. R. Evid. 401; SCRE Rule 401. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R. Evid. 401; see also Rept. of the Advisory Comm. on Evidence Rules, Administrative Office of the U.S. Courts FRE Amendments to Rules 404, 408, 606, and 609. "After careful consideration over a number of years, the Evidence Rules Committee has concluded that character evidence should not be admitted to prove conduct in a civil case. The circumstantial use of character evidence is fraught with peril in any case, because it could lead to a trial of personality and could cause the jury to decide the case on improper grounds. The risks of character evidence historically have been considered worth the costs where a criminal

defendant seeks to show his good character or the pertinent bad character of the victim. This so-called "rule of mercy" is thought necessary to provide a counterweight to the resources of the government, and is a recognition of the possibility that the accused, whose liberty is at stake, may have little to defend with other than his good name. But none of these considerations is operative in civil litigation. In civil cases, the substantial problems raised by character evidence were considered by the Committee to outweigh the dubious benefit that character evidence might provide." 2006 US ORDER 22 (C.O. 22), II Action Items, 4/12/06.

In the instant case, whether Merck is a "good company," gives away prescriptions drugs in foreign countries, or makes drugs that cure disease has absolutely no bearing on Merck's knowledge of the dangers of Vioxx, the adequacy of Merck's warning label concerning Vioxx's propensity to cause thrombotic cardiovascular and cerebrovascular events, and in particular, the heart attack suffered by Mr. Barnett. Merck's character is not an element of any claim or defense. Such evidence is neither legally nor logically relevant to any fact that is of consequence in this matter, and must be excluded.

## II.   EVEN IF EVIDENCE OR DISCUSSION OF MERCK'S GOOD ACTS AND REPUTATION WERE RELEVANT, IT SHOULD BE EXCLUDED UNDER RULE 403

Should this Court determine that evidence or discussion of Merck's good acts and reputation is relevant — and Plaintiff respectfully submitS the Court should make no such finding — that does not end the inquiry. Rule 403 provides, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

As the probative value of proffered evidence becomes more marginal, the danger of unfair prejudice will more frequently compel the exclusion of the same under Rule 403. *See U.S. v. Huffine*, No. CR.A. 02-93, 2003 WL 122313 at *4 (E.D. La. Jan. 13, 2003). The evidence and discussion at issue falls squarely within Rule 403's ambit. In light of the fact that this evidence is extremely attenuated from the real issues in this case, the probative value of any evidence that Merck is a "good corporate citizen" would be substantially outweighed by all the risks against which the Rule warns. Because Merck's prior good acts are not at issue in this case, such testimony would only serve to confuse and mislead the jury. It would also serve to unduly prejudice Plaintiff by causing the jury to align itself with Merck based solely on these "good acts," and to ignore the evidence specific to Plaintiff's allegations.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant their motion to exclude any evidence or discussion concerning Merck's reputation and other "good acts."

Date:  June 9, 2006                              Respectfully submitted,

                                                 By  *Mark P. Robinson*
                                                     Mark P. Robinson, Jr.
                                                     Kevin F. Calcagnie
                                                     Carlos A. Prietto, III
                                                     Ted B. Wacker
                                                     Lexi W. Myer
                                                     ROBINSON, CALCAGNIE & ROBINSON
                                                     620 Newport Center Dr., 7th Floor
                                                     Newport Beach, California 92660
                                                     Telephone:  (949) 720-1288
                                                     Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama  36103-4160
Telephone:  (334) 269-2343
Facsimile: (334) 954-7555

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana  70013
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York  10004
Telephone:  (212) 584-0700
Facsimile:  (212) 584-0799
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana  71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Carlene Rhodes Lewis
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas  77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana  70601
Telephone:  (337) 494-7171
Facsimile:  (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania  19102
Telephone:  (215) 772-1000
Facsimile:  (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California  92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania  19106-3875
Telephone:  (215) 592-1500
Facsimile:  (215) 592-4663

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone:  (202) 783-6400
Facsimile:  (307) 733-0028

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants'
Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs'
Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically
uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order
No. 8, on this 9th day of June, 2006.

MARK P. ROBINSON, JR.