UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

## Motion in Limine No. 6

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE MERCK FROM ARGUING THAT FDA REGULATIONS PROHIBITED THE COMPANY FROM MAKING LABEL CHANGES WITHOUT PRIOR AGENCY APPROVAL

Plaintiff anticipates that Merck & Co. will offer testimony and argue at trial that it could not have changed the Vioxx label to include warnings of cardiovascular risks or reports of cardiovascular and other adverse events without prior approval of the FDA. Such testimony or argument is both false and misleading and should therefore be precluded. Though subject to FDA oversight, Merck was responsible for ensuring that adequate warnings appeared in the Vioxx label at all times. Therefore, Plaintiff respectfully requests entry of an order prohibiting Merck from eliciting such testimony or making such argument.

1. **Federal Regulations Required Merck to Warn of Known Hazards Associated With the Use of Vioxx.**

Any suggestion that Merck could not have changed the Vioxx label without prior FDA approval is false and misleading. The Food, Drug and Cosmetic Act (the "Act") *expressly* requires a drug manufacturer to immediately inform the public of newly discovered dangers rather than waiting for the FDA to act. *See McEwen v. Ortho Pharm. Corp.*, 528 P.2d 522, 534-

1

535 (Or. 1974); *see also Labeling and Prescription Drug Advertising; Content and Format for Labeling for Human Prescription Drugs*, 44 Fed. Reg. 37434, 37447 (1979). It is the legal obligation of a drug manufacturer to promptly take steps to strengthen its warnings to physicians and consumers of newly discovered dangers and risks of an approved product. 21 C.F.R. §201.57(e).

The intention of the Act is "to protect consumers from dangerous products." *United States v. Sullivan*, 332 U.S. 689, 696 (1948); *see FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120 (2000). Consistent with its purpose, the FDA and its regulations explicitly permit a manufacturer to unilaterally strengthen a warning label at any time without regulatory approval, 21 C.F.R. § 314.70(c)(6)(iii)(A), to allow the drug manufacturer to quickly strengthen warnings when evidence of side effects, risks, or dangers are discovered. *See* 30 Fed. Reg. 993 (Jan. 30, 1965).

In the recent case of *McNellis v. Pfizer, Inc.*, No. 05-1286-JBS, 2005 WL 3752269 (D. N.J. Dec. 29, 2005), the district court after outlining 21 C.F.R. § 314.70(c)(6) acknowledged a manufacturer's unilateral duty to warn:

> If the manufacturer desires to make changes to the labeling after a drug is approved, it must generally submit a Supplemental NDA to the FDA pursuant to 21 C.F.R. § 314.70(b)(2)(v)(A). Although most labeling changes require a Supplemental NDA, a number of exceptions have been enumerated in 21 C.F.R. § 314.70(c)(6)(iii), which provides in pertinent part:
>
> (6) The agency may designate a category of changes for the purpose of providing that, in the case of a change in such category, the holder of an approved application may commence distribution of the drug product involved upon receipt by the agency of a supplement for the change. These changes include, but are not limited to:
>
> * * *

2

> (I) Changes in the labeling to accomplish any of the following:
>
>> (A) To add or strengthen a contraindication, warning, precaution or adverse reaction;
>> (B) To add or strengthen a statement about drug abuse, dependence, psychological effect, or over dosage;
>> (C) To add or strengthen an instruction about dosage and administration that is intended to increase the safe use of the drug product;
>> (D) To delete false, misleading, or unsupported indications for use or claims for effectiveness; or
>> (E) Any labeling change normally requiring a supplement submission and approval prior to distribution of the drug product that FDA specifically requests be submitted under this provision.
>
> 21 C.F.R. § 314.70(c)(6)(iii). <u>Thus, it is apparent that prior FDA approval need not be obtained, nor will a product be deemed mislabeled, if the manufacturer voluntarily or even unilaterally strengthens the approved warnings</u>, precautions or potential adverse reactions upon the label pursuant to 21 C.F.R. § 314.70(c)(6)(iii)(A).

*McNellis*, 2005 WL 3752269 at 4-5.

Moreover, "Section 201.57 delineates the 'specific requirements on content and format of labeling for human prescription drugs' and subsection (e) specifically governs 'warnings.'" *Motus v. Pfizer, Inc.*, 127 F.Supp.2d 1085, 1095 (C.D. Ca. 2000). 21 C.F.R. § 201.57(e) states: "labeling shall be revised to include a warning *as soon as there is reasonable evidence of an association of a serious hazard with a drug; a causal relationship need not have been proved.* (emphasis added). Also, 21 C.F.R. § 314.70(c) is explicit that labeling changes to "add or strengthen a contraindication, warning, precaution, or adverse reaction" do not require FDA's prior approval.

3

In fact, when promulgating these regulations the FDA Commissioner invited companies to strengthen the warnings contained in their drug labels.

> [D]rug labeling does not always contain the most current information and opinion available to physicians about a drug because advances in medical knowledge and practice inevitably precede formal submission of proposed new labeling by the manufacturer and approval by FDA. . . . <u>[L]abeling regulations do not prohibit a manufacturer . . . from warning health care professionals wherever possibly harmful adverse effects associated with the use of a drug are discovered. The addition to labeling and advertising of additional warnings . . . is not prohibited by these regulations. . . . [P]racticing physicians will welcome such information so they can make their best informed medical judgments in the care of their patients.</u>

44 Fed. Reg. at 37,434 (emphasis added).

Without question, Merck was permitted to add a warning for cardiovascular risks to the Vioxx label *at any time after VIGOR* without advance approval by the FDA. *Id. See also* 30 Fed. Reg. 993 (Jan. 30, 1965) (encouraging drug manufacturers to strengthen its warnings "in the interest of drug safety" at any time without FDA pre-approval to enable adoption of new warnings as soon as possible). Any argument or testimony that Merck was required to obtain prior approval from the FDA before changing the Vioxx label to include warnings or information concerning serious cardiovascular adverse events is simply false.

Federal regulations dictate that Merck without prior approval by the FDA had a duty to add a warning to the Vioxx label and alert physicians and patients of the increased risk of cardiovascular events when taking Vioxx.

### 2. Courts Recognize That Drug Manufacturers Have a Duty to <u>Warn of Known Hazards Regardless of Prior FDA Approval.</u>

Federal and state courts have concluded that current FDA regulations do not impose any restrictions on a drug manufacturer's ability to add warnings or precautions regarding newly-

4

discovered risks and dangers but dictate that a warning of known risks be added to a label prior to FDA approval.

In *Witczak v. Pfizer, Inc.*, the district court found that FDA regulations explicitly permit pharmaceutical companies to unilaterally strengthen its warning label at any time without regulatory pre-approval. *Witczak v. Pfizer, Inc.* 377 F.Supp.2d 726 (D. Minn. 2005) (citing 21 C.F.R. § 314.70(c)(6)(iii)(A)). The *Witczak* court noted that the "particular regulation was promulgated precisely to allow drug-makers to quickly strengthen label warnings when evidence of new side effects are discovered". *Witczak*, 377 F.Supp.2d at 726 (citing 30 Fed.Reg. 993 (Jan. 30, 1965)). FDA regulation "permits the addition to the drug's labeling or advertising of information about a hazard without advance approval" by the FDA. *Id.*

Judge Steger of the United States District Court for the Eastern District of Texas recently provided an in-depth analysis of the FDCA's applicability to state law claims against pharmaceutical companies, and the issue of preemption. *See Cartwright v. Pfizer, Inc.*, 369 F.Supp.2d 876 (E.D. Tex. 2005). In the *Cartwright* case, the defendant claimed that plaintiff's state law failure to warn claims were preempted because under the Food, Drug and Cosmetic Act, the manufacturer was required to obtain FDA approval before revising the product labeling. *Id.* The District Court specifically rejected this argument:

> "Since 1965, the FDA's regulations permit a manufacturer "[t]o add or strengthen a contraindication, warning, precaution, or adverse reaction," without prior approval by the FDA...." *Id.* (*citing* 21 C.F.R. § 314.70(c)(6)(iii)(A) and finding that the Act sets minimum standards that "expressly do not prohibit a manufacturer from 'add[ing to] or strengthen[ing] a contraindication, warning, precaution or adverse reaction.'")....
> "Thus, FDA's position regarding stronger warnings by drug manufacturers, as expressed through *its own regulations*, is that a manufacturer <u>could, and should</u>, provide stronger warnings as soon as such a warning is warranted."
> *Id.* (emphasis added).

5

The *Cartwright* court further pointed out that under the regulations a manufacturer should issue a warning whenever there is "reasonable evidence of an association of a serious hazard with a drug; *a causal relationship need not have been proved.*" *Id.* (*citing* 21 C.F.R. § 201.57(e)).[1] The *Cartwright* court concluded "it is clear to this Court that manufacturers must act quickly to warn regarding possibly deadly side effect associated with a drug because the FDA only sets forth minimum standards for labeling and safety of drugs." *Id.*

In *Madden v. Wyeth*, 2005 WL 2278081 (N.D. Tex. Sept 14, 2005), the defendant claimed its warning label was adequate in support of a summary judgment motion. The District Court rejected "defendant's argues that its warning label is adequate because it was approved by the FDA. Federal regulations do not prohibit a manufacturer from "add[ing to] or strengthen[ing] a contraindication, warning, precaution, or adverse reaction." *Id.* (*citing* 21 C.F.R. § 314.70(c)(6)(iii)(A)).

In *Caraker v. Sandoz Pharmaceuticals Corp.*, 172 F.Supp.2d 1018 (S.D. Ill. 2001), the district court found that the manufacturer was explicitly authorized by the FDA's regulations to add or strengthen its warnings without prior FDA approval. *Id.* at 1033-34. The *Caraker* court cited to the FDA commissioner's statement that "labeling regulations do not prohibit a manufacturer, packer, relabeler, or distributor from warning health care professionals whenever possibly harmful adverse effects associated with the use of the drug are discovered." *Id.* at 1034 (*citing* 44 Fed.Reg. 37,434 & 37,447 (1979)); *see Jamison v. Purdue Pharma Company*, 251 F.Supp.2d 1315 (S.D. Miss. 2003) (listing situations where company may amend labeling

---

[1] As the *Cartwright* court noted, this same regulation requires that "black box" warnings be added to the label of drugs "that may lead to death or serious injury," *Id.*

without prior approval, including "adding or strengthening "(I) a contraindication, warning, precaution, or adverse reaction").

Lastly, the court in *Ohler v. Purdue Pharma, L.P.*, 2002 WL 88945 (E.D.La. 2002), addressed a similar issue in the context of a motion to remand, where removal was partially based on preemption grounds. In rejecting the defendants' arguments, this Court noted that the "applicable regulation states that changes in labeling that 'add or strengthen a contraindication, warning, precaution, or adverse reaction" fall within the category of adjustments that "may be made before FDA approval.'" *Id.* See also *Kurer v. Parke, Davis & Co.*, 272 Wis.2d 390, 679 N.W.2d 867 (Wis.App. 2004).

Adhering to these same principles, Judge Higbee in the Cona/McDarby trial involving Vioxx interrupted the testimony of a Merck employee, David Anstice, who had testified that the company could not have added a warning to the label without prior FDA approval, to give a curative instruction. The court informed the jury that the manufacturer was <u>not</u> limited by FDA regulations to add to the warning label at any point in time. The curative instruction was reported to be:

> "I just wanted to advise you that the law under FDA regulations does allow a company to change their warnings, to warn consumers and physicians about dangers they find out about after the label is approved," Higbee told the panel. "<u>They're allowed to make those changes through a special procedure, without prior FDA approval.</u>"

Brennan, *Judge Interrupts Vioxx Testimony to Instruct Jury on Label Warnings*, The Legal Intelligencer, March 20, 2006, at 3, col. 1 http://www.law.com/jsp/article.jsp?id=1142429894927 (emphasis added).

The overwhelming majority of federal and state courts have concluded and recognized that a manufacturer not only may, but should add or strengthen warnings related to a

7

pharmaceutical drug, without waiting for FDA approval. Federal regulations require that Merck should have strengthened the precautions and/or warnings contained in the Vioxx label as soon as it had actual or constructive knowledge of the increase risk of cardiovascular risks associated with the ingestion of the drug.

The Court should enter an order precluding Merck from arguing or offering testimony that it could not amend the Vioxx label to include warnings or precautions concerning cardiovascular risks without prior FDA approval. Such testimony or argument would be false, contrary to well-settled law, and misleading to a jury.

Date: June 9, 2006

Respectfully submitted,

By _____
Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Carlene Rhodes Lewis
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3875
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8, on this 9th day of June, 2006.

*[signature]*
MARK P. ROBINSON, JR.