UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

<u>Motion in Limine No. 7</u>

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY BY MERCK
EMPLOYEES REGARDING THEIR PERSONAL USE OF VIOXX**

Plaintiff moves the Court for an order excluding any evidence, discussion or argument

that Merck employees, former employees, or family members of Merck employees took Vioxx

prior to the drug's withdrawal from the market on September 30, 2004. Such evidence is

irrelevant and unfairly prejudicial, and should not be allowed at trial.

In the first and second trials of *Evelyn Irvin Plunkett v. Merck & Co.,*[1] the Court allowed

Dr. Alise Reicin and Dr. Edward Scolnick to testify that they took Vioxx and believed that the

drug was safe and effective to treat their arthritis pain. Though not offered in the *Irvin* trials,

other Merck employees and former employees have testified by deposition that they or a family

member took Vioxx. Former Merck CEO Raymond Gilmartin; former president of Merck U.S.

Human Health, David Anstice; and current president of Merck Research Laboratories, Peter

---

[1] The Court originally, and Plaintiff believes correctly, ruled that evidence of employee use of Vioxx was irrelevant and inadmissible pursuant to Rule 401. The Court reversed the decision during *Irvin I.*

1

Kim, have testified that they or a family member took Vioxx prior to the drug's withdrawal from market on September 30, 2004.

Plaintiff expects Merck to offer similar testimony from some or all of these Merck employees or former employees during upcoming trials in the MDL.  With this evidence, Merck intends to bolster its assertions that Vioxx is safe and that prior to receiving data from APPROVe, it had no knowledge of the increased cardiovascular risks associated with the use of Vioxx.

Such testimony is not relevant to Plaintiff's claims that Vioxx is defective and that Merck failed to warn physicians and patients of the increased risk of cardiovascular events associated with the use of the drug.  Moreover, the probative value of the evidence is substantially outweighed by its prejudicial effect.  Plaintiff respectfully moves the Court for an order excluding such evidence.

### 1.  The Alleged Use of Vioxx by Merck Employees or Their Family Members is Irrelevant to Plaintiff's Claims.

Anecdotal evidence that Merck employees or their family members took Vioxx is irrelevant to Plaintiff's claims of defective product and failure to warn.[2]

First, such evidence, testimony, or discussion is irrelevant to prove or disprove that Vioxx is unreasonably dangerous.  Arguably, those who have testified they took Vioxx had substantial information about the safety profile of the drug.  It can be argued that they were well aware of the cardiovascular risks associated with taking Vioxx.  Unlike physicians who prescribing the

---

[2] All such testimony to date has not been supported by any evidence with the exception of Dr. Reicin.  Medical records of Dr. Scolnick, Mr. Anstice, Dr. Kim, or Mrs. Gilmartin establishing that they were in fact prescribed and took Vioxx have not been produced by Merck. Merck witnesses should not be allowed to testify they or their family member took Vioxx without producing medical records sufficient to allow meaningful cross examination.

drug to millions of patients, these executives and their family members would have been privy to data drawing into question the safety of Vioxx.  These employees and their family members or their physicians would have had opportunity to perform a different risk benefit analysis prior to taking the drug then the rest of the public.

Plaintiff has not been given medical records on the employees and family members in question (with the exception of the limited medical records of Alise Reicin provided during *Irvin II*).  Plaintiff has not had opportunity to depose their treating physicians.  It is unknown what these persons medical conditions were or what other medications were being taken along with Vioxx.

It might be that Merck executives, having knowledge of the drugs prothrombotic nature, would have also taken a blood thinning agent to minimize the risk of a thrombotic event.  Or the individual had few risk factors for cardiovascular disease that would elevate the risk of an adverse event.  Or possibly their arthritic pain was so extreme that the individual made a decision to take Vioxx regardless of the cardiovascular risk.  Lastly, they may have simply taken the drug without any consideration or care, having total disregard for their safety or welfare.

This issue has been considered by Judge Carol E. Higbee in New Jersey.  In *Humeston, et al v. Merck & Co., Inc.*, the court made the following finding directed at the inadmissibility of such evidence based on the fact that evidence regarding the ingesting of Vioxx by a non-party Merck employee or Merck family member was irrelevant as involving a factual analysis unrelated to the Plaintiff:

> The individual decision made by a person in consultation with their
> doctor to take a drug is a personal decision which can be made for
> many reasons.  People are willing to take different risks.  Some
> people, depending on their medical condition, may have been
> willing to gamble on the cardiovascular risks even if they knew of

the risk. The exploration at trial of each employee's personal
decision would be prejudicial, confusing and time consuming.

*See* Memorandum of Decision on Motion, *Humeston v. Merck & Co.*, No. ATL-L-2272-03-MT, slip op. at 3 (N.J. Super., Atlantic Cty. September 9, 2005) [attached hereto as Exhibit "A"].

These individual choices cannot be extrapolated across the entire population of those taking Vioxx and judged as evidence that Vioxx is safe as labeled. Such testimony does not prove that the drug is not unreasonably dangerous. It is irrelevant.

To allow the admission of this testimony would be much like allowing a cigarette company executive to testify that he smoked or that members of his family smoked and that somehow that testimony of those facts proved that cigarettes are not unreasonably dangerous. Clearly, cigarettes are dangerous and cause untold harm. Individual choices to smoke have no bearing on that conclusion. The Court's analysis in this case should be the same as the New Jersey court.

Second, one of Plaintiff's primary claims is that Merck knew of the cardiovascular dangers associated with the use of Vioxx but failed to warn the physicians and their patients. Testimony regarding Merck executives and their family members using Vioxx is immaterial and irrelevant to this claim. Merck executives and their family members had the benefit of internal safety data available for their use that was not available to the public. Clearly, any decisions they made to take Vioxx are irrelevant to Plaintiff's claim that they and their treating physicians were not adequately warned of the risks associated with the drug. Rather, at best, such evidence is merely confusing. As Judge Higbee found in *Humeston*, "[s]uch evidence does not have any probative value in answering the ultimate issues in the failure to warn aspect of this litigation." *Id.* Defendant should therefore be precluded from introducing such evidence.

4

**2.      The Probative Value of Claims that Merck Employees or
Their Family Members Took Vioxx is Substantiality Outweighed
By Their Prejudicial Effect.**

Plaintiff contends that the Court correctly ruled prior to *Irvin I* that testimony and evidence that Merck employees and their family members took Vioxx is not relevant. Plaintiff urges the Court to return to its previous decision and find that the testimony is inadmissible under Rule 401. In the event the Court finds that the evidence is relevant, however, the evidence clearly should not be admitted under Rule 403. Federal Rule of Evidence Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Though any probative value is highly questionable, the same is clearly substantially outweighed by factors outlined in Rule 403 including the danger of unfair prejudice, confusion of issues and waste of time.

The probative value of the testimony at issue is minimal and pales in comparison to the prejudicial effect of the testimony. Testimony that a witness' relative took Vioxx could mislead a jury into believing that Vioxx was safe and effective, since—as Merck will undoubtedly argue—no witness would have allowed his or her relative to take a drug that was known to be dangerous. This implication, however, is not necessarily the case. As demonstrated above, Merck employees may have taken and allowed their relatives to take Vioxx knowing its dangerous condition for numerous reasons – it was taken in addition to a blood thinning agent (something a physician without knowledge of the drug's prothrombotic effect would not have known to add to a patient's therapy), the risk in the case of extreme pain was outweighed by the benefit, or the family member was just a risk taker.

5

In proposing this testimony, Merck essentially attempts to put forward a "trump" card – if we took it, the drug must be safe. This flies in the face of other scientific evidence. Allowing such testimony would only confuse the jury and encourage the jury to overlook the scientific evidence that has passed through *Daubert's* gates during the course of the trial.

Moreover, allowing the testimony is counter to the Court's expressed desire to streamline the trial process. If allowed, Plaintiff will be forced to seek the medical records of those offering such testimony and will have to spend considerable time exposing the underlying health condition and risk-benefit analysis undertaken for each witness. This will result in a mini-trial in the midst of a trial, a considerable investment of the Court's time, but essential in order that Plaintiff be given opportunity to adequately answer this evidence.

Judge Higbee, after briefing and oral argument on the same issues presented herein, correctly ruled:

> The court finds that evidence that Merck employees or their family members took VIOXX is substantially more prejudicial than probative and must be excluded during trial. Such evidence does not have any probative value in answering the ultimate issues in the failure to warn aspect of this litigation. Allowing Merck employees to testify that they or their family members took VIOXX would be highly prejudicial to plaintiffs' claims and would not demonstrate with any reliability that VIOXX was more or less safer than was being represented by Merck to the public. *Id.*, slip op. at 3.

Judge Higbee has continued to follow this ruling in the *McDarby/Cona* trial. Plaintiff submits this reasoning is persuasive and should be adopted.

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order

excluding any evidence or discussion that Merck employees, former employees or their family

members used Vioxx.


Date: June 9, 2006                                  Respectfully submitted,


                                         By _____
                                            Mark P. Robinson, Jr.
                                            Kevin F. Calcagnie
                                            Carlos A. Prietto, III
                                            Ted B. Wacker
                                            Lexi W. Myer
                                            ROBINSON, CALCAGNIE & ROBINSON
                                            620 Newport Center Dr., 7th Floor
                                            Newport Beach, California  92660
                                            Telephone:  (949) 720-1288
                                            Facsimile: (949) 720-1292

                                            Andy D. Birchfield, Jr.
                                            P. Leigh O'Dell
                                            BEASLEY, ALLEN, CROW,
                                            METHVIN, PORTIS & MILES, P.C.
                                            P.O. Box 4160
                                            234 Commerce Street
                                            Montgomery, Alabama  36103-4160
                                            Telephone:  (334) 269-2343
                                            Facsimile: (334) 954-7555

                                            Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana  70013
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York  10004
Telephone:  (212) 584-0700
Facsimile:  (212) 584-0799
**Co-Lead Counsel**

## PLAINTIFFS' LIAISON COUNSEL

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana  71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Carlene Rhodes Lewis
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas  77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana  70601
Telephone:  (337) 494-7171
Facsimile:  (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania  19102
Telephone:  (215) 772-1000
Facsimile:  (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California  92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania  19106-3875
Telephone:  (215) 592-1500
Facsimile:  (215) 592-4663

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants'

Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs'

Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order

No. 8, on this 9th day of June, 2006.


MARK P. ROBINSON, JR.