UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JUN 16 AM 10: 02
LORETTA G. WHYTE
CLERK

## Motion in Limine No. 9

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE MERCK EMPLOYEE AND FORMER EMPLOYEE WITNESSES FROM OFFERING OPINION TESTIMONY WHICH THEY ARE UNQUALIFIED TO OFFER, WHICH HAS NOT PREVIOUSLY BEEN DISCLOSED, AND WHICH LACKS APPROPRIATE SUPPORT UNDER *DAUBERT*

Plaintiff Gerald Barnett, by and through his undersigned counsel, hereby moves this Court for an Order prohibiting Merck, it's attorneys, representatives or witnesses from eliciting or attempting to elicit expert opinion testimony from individuals who were not disclosed or designated as experts by Merck in this case, including Merck employees, former employees, and/or advisors.

This Court's Pretrial Order required Merck to identify expert witnesses and submit their reports by June 1, 2006. Merck filed its witness list in accordance with the Court's Pretrial Order on June 1, 2006. Merck's witness list states that:

> "Merck anticipates eliciting fact testimony from Merck employees and/or advisors as well as opinion testimony related to their duties (which do regularly involve giving expert testimony)."

1

Fee
Process
X Dkte
✓ CtRmDep
Doc. No

After this statement is made, Merck lists many witnesses, including names of Merck employees, former employees, and/or advisors from whom they may attempt to elicit expert opinion testimony during this trial. Several of the witnesses listed were designated as expert witnesses in Merck's disclosures that were filed on June 1, 2006, but most were not. Other than those experts specifically designated on June 1, 2006, no expert reports have been filed on any of the individuals listed by Merck on their witness list. Merck has not provided the necessary disclosures about the opinions that these "undisclosed experts" intend to render as required by Federal Rules of Civil Procedure 26. Based on the Merck witness list, it is anticipated that Merck will attempt to elicit expert opinion testimony from some or all of their employees and/or advisors who have not been designated as experts in this trial.

In the trial of *Frederick Humeston v. Merck & Co., Inc.*, (ATL-L-2272-03MT), in the Superior Court of New Jersey, Defendant Merck offered testimony from current Merck employee Dr. Briggs Morrison containing expert opinions and purported facts about Vioxx: 1) which Dr. Morrison, as an oncologist, was patently unqualified to offer; 2) which had not previously been disclosed to the Plaintiff; and 3) about which Dr. Morrison lacked direct personal knowledge.

The most significant of these improper opinions related to Merck's purported understanding of the implications of selective inhibition of the enzyme cyclooxygenase-2 ("COX-2"). Dr. Morrison testified that Vioxx posed no cardiovascular risk because it does not inhibit prostacyclin production in blood vessels. Dr. Morrison served no report detailing his opinion, he was not deposed on the substance of the opinion, and no foundation for the testimony was laid during his direct examination.

The presiding judge in the Humeston case, the Honorable Carol E. Higbee, conducted an

inquiry, *sua sponte*, into the nature and basis of Dr. Morrison's testimony and ordered it stricken, in its entirety. See Transcript of Humeston v. Merck & Co., Inc., October 7, 2005, at 3348 (Exhibit "A"). As support for its ruling, the court cited Merck's blatant disregard for New Jersey's rules and procedure, and described how it had repeatedly been misled by counsel for Merck during the direct examination of Dr. Morrison. Id. at 3336-8.

Dr. Morrison, a *fact* witness, offered opinions in pharmacology and vascular biology for which he lacked the requisite knowledge, skill, experience, training and education. Most critically, Dr. Morrison offered an ultimate opinion about the safety of Vioxx based on single animal study.

The Defendant's witness list is littered with company employees, and former employees, some of whom possess medical and scientific credentials. But these witnesses should not be permitted to offer opinions outside their areas of expertise, and they ought not be permitted to foist upon Plaintiff new, undisclosed opinion testimony for the first time at trial.

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order precluding Defendant Merck & Co., Inc., from eliciting expert testimony from employee or former employee witnesses, where they lack the necessary expertise, where these opinions have

not previously been disclosed to Plaintiff, and where they lack adequate support under the Federal Rules of Evidence and appropriate case law.

Date:  June 9, 2006

Respectfully submitted,

By *[signature: Mark P. Robinson Jr.]*

Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California  92660
Telephone:  (949) 720-1288
Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama  36103-4160
Telephone:  (334) 269-2343
Facsimile: (334) 954-7555

Counsel for Plaintiff

Russ M. Herman  
Leonard A. Davis  
Stephen J. Herman  
HERMAN HERMAN KATZ  
& COTLER, LLP  
820 O'Keefe Avenue  
New Orleans, Louisiana 70013  
Telephone: (504) 581-4892  
Facsimile: (504) 561-6024  

Christopher A. Seeger  
SEEGER WEISS  
One William Street  
New York, New York 10004  
Telephone: (212) 584-0700  
Facsimile: (212) 584-0799  
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault  
NEBLETT, BEARD & ARSENAULT  
220 Bonaventure Court  
P.O. Box 1190  
Alexandria, Louisiana 71301-1190  
Telephone: (318) 487-9874  
Facsimile: (318) 561-2591  

Carlene Rhodes Lewis  
GOFORTH, LEWIS, SANFORD LLP  
2200 Texaco Heritage Plaza  
1111 Bagby  
Houston, Texas 77002  
Telephone: (713) 650-0022  
Facsimile: (713) 650-1669  

Elizabeth Cabraser  
LIEFF, CABRESER, HEIMANN &  
BERNSTEIN, LLP  
Embarcadero Center West  
275 Battery Street, 30th Floor  
San Francisco, California 94111-3339  
Telephone: (415) 956-1000  
Facsimile: (415) 956-1008  

Drew Ranier, Esq.  
RANIER, GAYLE & ELLIOT, LLC  
1419 Ryan Street  
Lake Charles, Louisiana 70601  
Telephone: (337) 494-7171  
Facsimile: (337) 494-7218  

Thomas Kline  
KLINE & SPECTER, P.C.  
1525 Locust St., 19th Floor  
Philadelphia, Pennsylvania 19102  
Telephone: (215) 772-1000  
Facsimile: (215) 772-1371  

Mark P. Robinson, Jr.  
ROBINSON, CALCAGNIE & ROBINSON  
620 Newport Center Dr., 7th Fl  
Newport Beach, California 92660  
Telephone: (949) 720-1288  
Facsimile: (949) 720-1292  

Arnold Levin, Esq.  
LEVIN FISHBEIN SEDRAN & BERMAN  
510 Walnut Street, Suite 500  
Philadelphia, Pennsylvania 19106-3875  
Telephone: (215) 592-1500  
Facsimile: (215) 592-4663  

Christopher V. Tisi Esq.  
ASHCRAFT & GEREL  
2000 L Street, NW, Suite 400  
Washington, DC 20036-4914  
Telephone: (202) 783-6400  
Facsimile: (307) 733-0028  

**PLAINTIFFS' STEERING COMMITTEE**

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8, on this 9th day of June, 2006.

_____
MARK P. ROBINSON, JR.