UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | |
| | * | CASE NO. 02:06CV00485 |

## Motion in Limine No. 10

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY OR ARGUMENT THAT VIOXX IS A POTENTIAL CURE FOR CANCER

COMES NOW, Plaintiff Gerald Barnett, by and through his undersigned counsel, and files this Motion in Limine, to preclude any evidence, testimony or argument to the effect that Vioxx is a potential cure for cancer. Any such testimony would be irrelevant, unsupported by expert testimony, outside the scope of this litigation, and a waste of time.

During the retrial of *Irvin v. Merck*, on February 14, 2006, the Plaintiffs there sought a ruling that Merck witness Dr. Briggs Morrison be precluded from testifying that Vioxx was potentially a cure for cancer, on the grounds that there is no scientific basis for such testimony. This Court overruled the objection, but stated, however:

> "It's a question of fact to some extent. There has been testimony that cancer for some people associated with some of the information, that this drug may have some effect over the use of inflammation, therefore may have some effect on cancer, but it's early stage and I'll let you go on cross-examination. It is somewhat irrelevant in this situation. So let's not spend a lot of time on it."

This Court was correct with respect to the irrelevance of Vioxx' effect on cancer. This case does not involve claims that Vioxx failed to cure cancer, that Vioxx caused cancer, or that Vioxx exacerbated cancer. To Plaintiff's knowledge, physicians did not prescribe Vioxx as a cancer therapy, nor tellingly, did Merck market, promote, or even seek FDA approval for Vioxx as a cancer therapy. Therefore, Vioxx's purported effect on cancer, for good or ill, is irrelevant to, and outside the scope, of this litigation. Any testimony to this effect would simply confuse and distract the jury. This Court has demonstrated an interest in streamlining trial proceedings, in order to retain a focus on the real claims and defenses, to conserve the resources of the parties and the court, to respect the jurors, and to minimize the potential for real or perceived error. Simply put, this Court need not, and should not, waste precious trial time on irrelevant matters outside its scope.

This Court's initial assessment of the Briggs Morrison cancer testimony as "somewhat irrelevant in this situation"–an observation that preceded the testimony itself, has been borne out as correct. The testimony given was, in fact, utterly irrelevant to the Irvin trial and will be equally irrelevant to the pending trials in this litigation. It should be excluded in its entirety.

As this Court correctly observed, Dr. Briggs Morrison was not testifying–and will not be testifying–for Merck as an expert witness on Vioxx and cancer. There is no need for, or relevance to, such testimony, because cancer claims are not at issue. The Vioxx-cancer issue is, at best, a potentially interesting sideshow–but not one with any bearing on trial issues here. No time should be wasted on it as the Federal Rules of Evidence discourage such irrelevant testimony.

The "cancer" testimony of Dr. Briggs Morrison flunks the most basic test of the Federal Rules: F.R.E. Rule 401's definition of "Relevant Evidence."[1] Vioxx's purported and tangential impact on cancer--which itself is unproven--is not a fact of any consequence to the determination of the trials in these proceedings. Vioxx's supposed impact on cancer--even were it supported by competent expert testimony (as it is not here)--does nothing to make the determination of whether Vioxx was a substantial factor in Plaintiff's heart attack more probable or less probable than it would be without such "evidence."

Moreover, even if this evidence were marginally relevant, it would still be properly excluded under Rule 403, on grounds of prejudice, confusion, or waste of time.[2] As this Court has already observed in *Irvin* 2, of the Briggs Morrison cancer testimony: "It is somewhat irrelevant in this situation. So let's not spend a lot of time." Rule 403 backstops the Court in the decision to exclude this evidence, even if it were "somewhat relevant," rather than "somewhat irrelevant," on precisely the grounds this Court identified: "waste of time."

This Court has broad discretion in assessing admissibility under Rule 403. *See U.S. v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996). In order to exclude the Morrison cancer testimony, this Court need not conclude that it would be unfairly prejudicial, nor need it engage its own time in attempting to craft a limiting jury instruction that might (or might not) enable an otherwise

---

[1] F.R.E. 401 states: "Relevant Evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[2] F.R.E. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

3

confused or distracted jury to focus on more relevant testimony, or to disregard it as tangential. As the Fifth Circuit indicated in *U.S. v. Morris*, in a decision affirming a district court's determination to exclude testimony regarding other offenses or incidents, Rule 403 enables district courts to exercise their broad discretion to exclude "waste of time" testimony or evidence, without further compounding that "waste of time" through the crafting of limited jury instructions or other damage control. *Id.*, 79 F.3d at 412. Far better to exclude such extraneous testimony in the first instance, to guarantee a correctly focused trial.

Even the atmospheric suggestion that Vioxx could cure cancer is highly prejudicial. The word "cancer" itself is uniquely charged with fear, misunderstanding, and foreboding. Any jury may include–as the Irvin 2 jury did–persons in cancer remission, as well as those whose family members may be battling, or have lost the battle with, one of cancer's many forms. The suggestion that Plaintiff has, somehow, foreclosed the promise of a new cancer therapy is unquestionably distracting and prejudicial–all the more so for being raised in passing. Ironically, the more time is spent on cross-examination debunking the issue, the greater the potential for distraction; while minimizing the focus on it may nonetheless leave a subliminal impression that scars and distorts jury deliberations. In this case, the best remedy is exclusion.

Other courts have noted the ability of otherwise tangential cancer-related testimony to overwhelm other directly relevant evidence in a case, out of all proportion to any purported probative value, because of "the unfortunate ubiquity of genuine suffering from cancer, a dreaded and serious disease . . ." and the deep personal "anger felt toward the disease." *U.S. v. Brooke*, 4 F.3d 1480, 1487 (9th Cir. 1993). In *Brooke*, the criminal defendant, charged with complicity in a

4

pipe bomb assault, apparently also lied about having cancer to gain sympathy and money from acquaintances. The cancer issue so pervaded the case, and threatened to overwhelm the evidence relating to the actual crimes at issue, that the appellate court was compelled to reverse the convictions ("we must reverse") on the trial court's error in admitting any evidence that defendant falsely claimed to have cancer, because the probative value of the cancer evidence was substantially outweighed by its prejudicial effect. *Id.*, 4 F.3d at 1488-1489.[3]

Here, as in *U.S. v. Brooke*, regardless of the far different context in which the cancer issue arises, even this glancing cancer reference is equally "likely to have a visceral impact that far exceeds its probative value." *Id.* at 1487.

Wherefore, for the foregoing reasons, Plaintiff urges the Court to grant Plaintiff's Motion to exclude any evidence, testimony or argument that Vioxx is a potential cure for cancer.

Date: June 9, 2006                      Respectfully submitted,

                                        By _____
                                        Mark P. Robinson, Jr.
                                        Kevin F. Calcagnie
                                        Carlos A. Prietto, III
                                        Ted B. Wacker
                                        Lexi W. Myer
                                        ROBINSON, CALCAGNIE & ROBINSON
                                        620 Newport Center Dr., 7th Floor
                                        Newport Beach, California 92660
                                        Telephone: (949) 720-1288
                                        Facsimile: (949) 720-1292

---

3   "We hesitate to use the obvious, but nevertheless apt, metaphor. Like an evidentiary cancer, the erroneously-admitted evidence infected the testimony of nearly every witness. Brooke is entitled to a trial cured of such a pervasive defect." *Id.* at 1488.

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Carlene Rhodes Lewis
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.  
LEVIN FISHBEIN SEDRAN & BERMAN  
510 Walnut Street, Suite 500  
Philadelphia, Pennsylvania 19106-3875  
Telephone: (215) 592-1500  
Facsimile: (215) 592-4663  

Christopher V. Tisi Esq.  
ASHCRAFT & GEREL  
2000 L Street, NW, Suite 400  
Washington, DC 20036-4914  
Telephone: (202) 783-6400  
Facsimile: (307) 733-0028  

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8, on this 9th day of June, 2006.

*/s/ Mark P. Robinson, Jr.*

MARK P. ROBINSON, JR.