UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to Case No. 05-0485 | * | |
| GERALD D. BARNETT, | * | MAGISTRATE JUDGE KNOWLES |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * *

### OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION IN *LIMINE* TO PRECLUDE MERCK FROM REFERRING TO LEFT ANTERIOR DESCENDING ARTERY AS A "WIDOW-MAKER"

### (PLAINTIFF'S MOTION IN *LIMINE* NO. 2)

The left anterior descending coronary artery ("LADC") is so vulnerable to thrombotic events that it is commonly referred to within the medical community as a "widow-maker." That phrase is not something created by Merck or Merck's experts; it is a phrase widely used. Plaintiff seeks to exclude the use of the term "widow-maker," not on the grounds that it is irrelevant, but on the grounds that it is so prejudicial that it should be excluded under Federal Rule of Evidence 403. The jury is not made up of children who will be swayed or inflamed by use of a term that encompasses the seriousness of the condition in a humanistic way. Plaintiff's request to preclude the use of the term is without merit.

**I.   THE TERM "WIDOW-MAKER" IS COMMONLY UNDERSTOOD WITHIN THE MEDICAL PROFESSION TO REFER TO THE LADC AND MERCK SHOULD NOT BE PRECLUDED FROM USING THE TERM.**

It is a relevant and undisputed fact that heart attacks produced by plaque build-up in the LADC so frequently result in death that the condition has earned an alias: "widow-maker." This term is commonly used by medical professionals, as well as by non-medical professionals discussing this particular type of heart failure. *See, e.g.*, http://www.msnbc.msn.com/id/9467735/site/newsweek/page/2/ ("He ended up on a gurney with a clot blocking his left anterior descending artery – the classic 'widowmaker.'"); http://www.medicinenet.com/script/main/ques.asp?qakey=13634 ("'widow maker lesion' refers to a severely narrowed LAD (a major blood vessel to the heart muscle.") Merck did not invent the term. In fact, the term is so ingrained in common nomenclature that an Internet search using the Google search engine and the key phrases "widowmaker" and "heart attack" produced 951 hits, and the key phrases "widow-maker" and "heart attack" produced 601 hits. Further, courts have recognized that the term "widow-maker" is a commonly understood medical turn of phrase. *See Madison v. Int'l Paper Co.*, 165 N.C. App. 144, 149 (N.C. Ct. App. 2004) (discussing "'widow maker' – a medical term which refers to the severity and the location of [decedent's] coronary artery occlusion" as relevant to medical causation); *Hyde v. Butsch*, 861 S.W.2d 819, 821 (Mo. Ct. App. 1993) (discussing testimony regarding "a type of heart attack commonly referred to as the 'widow maker'").

Plaintiff does not dispute that the term "widow-maker" is relevant. Nor could he. The fact that this particular condition so frequently leads to sudden cardiac death as to have been given a nickname by medical professionals is itself relevant. It demonstrates to the jury in a tangible way how serious Mr. Barnett's pre-existing condition is. It also places in stark relief plaintiff's failure to rule out other causes of his injuries.

Instead, plaintiff moves to exclude Merck's use of the term "widow-maker" as being unfairly prejudicial to plaintiff and therefore excludable under Rule 403. Plaintiff's position is nothing short of absurd. The term aptly captures the serious risks that attend plaque build-up in the LADC. Because the term is descriptive of these risks, it has independent evidentiary significance. As such, it is a helpful metaphor that describes a common phenomenon rather than a confusing or inflammatory subterfuge. The term is not pejorative and certainly has no propensity to turn the jury against plaintiff – *i.e.*, it does not make plaintiff out to be the bad guy. It is simply the term commonly used within a population that is familiar with heart attacks generally.[1] Given that the "the proper presumption is that the jury should have available to it a full range of information when making its decision," *see Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1090 (5th Cir. 1986), this Court should reject plaintiff's motion.

## II.   CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court deny Plaintiff's Motion in *Limine* to Preclude Merck from Referring to Left Anterior Descending Artery as a "Widow-Maker."

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

---

[1] For example, Newsweek referred to the LADC as the "widowmaker" in its October 3, 2005 cover story. Anne Underwood, *The Good Heart*, NEWSWEEK, Oct. 3, 2005, at 48.

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax: 312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Plaintiff's Motion in *Limine* to Preclude Merck from Referring to Left Anterior Descending Artery as a "Widow-Maker" (Motion *in Limine* No. 2) has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiffs' counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of June, 2006.

*/s/ Dorothy H. Wimberly*