# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-0485 | * | |
| | * | MAGISTRATE JUDGE |
| GERALD D. BARNETT, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION IN *LIMINE* TO EXCLUDE CERTAIN SUBJECTS FROM EVIDENCE AT TRIAL

### (PLAINTIFF'S MOTION IN *LIMINE* NO. 3)

Plaintiff asks the Court to exclude evidence or argument on a laundry list of topics. Much of the motion is unnecessary, as Merck does not intend to offer evidence or make arguments related to many of the enumerated topics. As to certain other topics, Merck opposes plaintiff's request either conditionally or in full. Merck will address those topics in dispute first.

## I.      THE COURT SHOULD DENY THE FOLLOWING REQUESTS.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH G

"Any comment, evidence, testimony, inference or document mentioning medical conditions of Plaintiff or Plaintiff's family that are unrelated to the injuries at issue in this lawsuit.  Such argument is irrelevant."

### MERCK'S RESPONSE TO PARAGRAPH G

The Court should deny this request.  Merck agrees that it would be inappropriate to mention medical conditions that are "unrelated" to the issues presented in this lawsuit.  However, what is "related" or "unrelated" is in dispute.  For example, the fact that Mr. Barnett may have a family history of heart disease may be "related" to his heart attack, because family history is a risk factor for cardiovascular events.  The problem here is that the plaintiff has failed to provide sufficient information on what he means to exclude.  The Court cannot determine in a vacuum what conditions are relevant.  The Court should wait until specific medical evidence is offered to determine its admissibility.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH H

"Any comment, evidence, testimony, inference or document mentioning any non-criminal bad conduct of the Plaintiff.  Misdemeanors and human frailties should not become 'fair game' during trial.  Federal and state rules of evidence prohibit such character assassination."

### MERCK'S RESPONSE TO PARAGRAPH H

Merck agrees that it would be appropriate to refrain from mentioning any of the matters described in paragraph H *unless* plaintiff is permitted to offer evidence of his own "good character."  In that case, evidence of the nature described in paragraph H would become "fair game."  Moreover, Merck assumes that this paragraph is directed toward character evidence unrelated to the claims made in this action, and that plaintiff does not ask the Court to exclude

evidence of conduct on the part of Mr. Barnett that Merck contends may have contributed to his medical condition. To the extent, if any, that plaintiff seeks exclusion of evidence in the latter category, Merck opposes this request. Such evidence would plainly be relevant to the issue of medical causation and should not be excluded.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH M

"Any comment or personal anecdote from any witness or lawyer for the Defendant about themselves, or family members who have used Vioxx. Such evidence is irrelevant, hearsay, and undeniably prejudicial."

### MERCK'S RESPONSE TO PARAGRAPH M

The Court should deny this request for the reasons and to the extent set forth in its concurrently-filed Opposition to Plaintiff's Motion in *Limine* to Preclude Testimony by Merck Employees Regarding Their Personal Use of Vioxx (Plaintiff's Motion in *Limine* No. 7).

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH P

"Any reference to opinions in the medical records of healthcare personnel that are not witnesses live or by deposition at trial. *See Bradley v. Brotman*, 836 So.2d 1129, 1135 (Fla. Dist. Ct. App. 4th 2003) (citing, *inter alia*, Fed. R. Evid. 403)."

### MERCK'S RESPONSE TO PARAGRAPH P

The Court should deny this request. Under Federal Rule of Evidence 803(6), an opinion expressed by an out-of-court declarant in medical records may be admitted "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." The cases that plaintiff cites do not hold otherwise. In *Bradley v. Brotman*, the doctor's notations to the medical record should have been redacted on plaintiff's request because defense counsel never provided a copy of the record with the doctor's notation and misled plaintiff into believing the records being admitted were the ones reviewed during the doctor's deposition. 836 So. 2d at

1133.   The problem here is that the plaintiff has failed to provide sufficient information of what he means to exclude, and the Court cannot determine in a vacuum the trustworthiness and admissibility of opinions expressed in Mr. Barnett's medical records.  The Court should wait until specific medical records are offered before determining their admissibility.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH Q

"That any members of the public or medical community desire that Vioxx be placed back on the market."

### MERCK'S RESPONSE TO PARAGRAPH Q

The Court should deny this request.  Plaintiff contends that he would never have taken Vioxx if a different warning had been provided.  Evidence that people today want to take Vioxx even after all of the publicity that the withdrawal of Vioxx from the market has received (and that the litigation has received) is relevant to assessing the credibility of plaintiff's claim.  When assessing plaintiff's claim that he would not have taken Vioxx, the jury should not be kept in the dark about the fact that many people today would take the drug if permitted.

This evidence is also relevant if the Court allows the jury to consider without a limiting instruction the fact of withdrawal as bearing on such issues as negligence or causation.  In that case, Merck should be entitled to present evidence of public or medical support for the availability of Vioxx to counter such inferences.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH T

"Any comment, evidence, testimony, inference or document mentioning that too many warnings of serious injuries will dilute the effectiveness of warnings generally."

### MERCK'S RESPONSE TO PARAGRAPH T

The Court should deny this request.  Evidence of this nature is relevant to the adequacy of the warnings given about Vioxx and to the reasonableness of Merck's conduct.  Merck is

prepared to offer expert testimony at trial that the FDA does not want the effectiveness of warnings in general diluted by too many warnings of every alleged risk associated with a drug.

## II.     THE FOLLOWING EVIDENCE SHOULD BE ALLOWED IF PLAINTIFF IMPROPERLY OFFERS SIMILAR EVIDENCE.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH D

"Any comment or inference, or submitting any evidence, testimony, or documents suggesting or referring to Health Canada or any other foreign regulatory agency's decision to allow the sale of Vioxx within their respective countries."

### MERCK'S RESPONSE TO PARAGRAPH D

Merck agrees that it would be inappropriate for either party to mention statements, decisions, or requirements of a foreign regulatory agency.  Such evidence bears no relation to Mr. Barnett's use of Vioxx, his doctors' decisions to prescribe Vioxx to him, or any of Merck's alleged conduct in this case.  If, however, plaintiff improperly raises evidence of how Vioxx is labeled in other countries, for example, then Merck should be entitled to rebut this evidence with proof of other foreign regulatory actions, such as the Health Canada statement.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH I

"Any mention or disclosure, whether directly or indirectly, in any manner, that the Plaintiff is covered by some form of insurance for the incident in question.  Such fact is entirely immaterial to any issue in this case and any mentioning or inference thereof, directly or indirectly, in any manner, will be harmful and unjustly prejudicial to the Plaintiff."

### MERCK'S RESPONSE TO PARAGRAPH I

Merck agrees with this request and is willing to agree to make no comment about the subject matter of paragraph I if plaintiff will agree to refrain, to the same extent, from making any comment about Merck's liability insurance.

## EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH L

"That Plaintiff's attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation.  Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury."

## MERCK'S RESPONSE TO PARAGRAPH L

Merck is willing to agree to make no comment about the subject matter of paragraph L if plaintiff will agree to refrain, to the same extent, from making any comment about Merck's defense counsel.

## EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH O

"Any comment, evidence, testimony, inference or document that bolsters the unchallenged character (e.g., honest) or traits (e.g., generous) of the Defendant's current or former employees, managers, consultants, experts, agents, or fiduciaries preemptively."

## MERCK'S RESPONSE TO PARAGRAPH O

Merck's position on this request depends on whether plaintiff is permitted to introduce evidence purportedly showing the "bad character" of Merck.  Evidence of allegedly "bad acts" or generalized "bad character" is irrelevant and/or inadmissible on a number of grounds.  As a general matter, Merck does not intend to offer evidence of its good character or that of its employees "preemptively."   But if plaintiff is permitted to introduce evidence purportedly showing the bad character of Merck or its employees, Merck would plainly be entitled to rebut such evidence.

Merck also opposes this request to the extent that plaintiff is seeking an order excluding evidence of the basic nature of Merck's business, for the reasons and to the extent set forth in its concurrently-filed Opposition To Plaintiff's Motion in *Limine* To Exclude Evidence Or

6

Discussion Concerning Defendant's Reputation And/Or "Good Acts" (Plaintiff's Motion in *Limine* No. 4).

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH R

"Any comment, evidence, testimony, inference or document mentioning that state warning defect or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits."

### MERCK'S RESPONSE TO PARAGRAPH R

Merck agrees that that it would be inappropriate to mention any of the matters described in paragraph R *unless* the Court allows plaintiff to argue that Merck's warnings for Vioxx were inadequate because Merck did not add a "black box" warning or make other label changes not approved by the FDA.  In that case, Merck should be free to rebut plaintiff's allegations.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH S

"Any comment, evidence, testimony, inference or document mentioning that state tort law undercuts the FDA's mission to provide only scientifically valid warnings."

### MERCK'S RESPONSE TO PARAGRAPH S

Merck agrees that that it would be inappropriate to mention any of the matters described in paragraph S *unless* the Court allows plaintiff to argue that Merck committed fraud on the FDA.  In that case, Merck should be free to rebut plaintiff's allegations.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH U

"Any comment, evidence, testimony, inference or document mentioning that state products liability law frustrates the FDA's protective regime."

### MERCK'S RESPONSE TO PARAGRAPH U

Merck agrees that that it would be inappropriate to mention any of the matters described in paragraph S *unless* the Court allows plaintiff to argue that Merck committed fraud on the FDA. In that case, Merck should be free to rebut plaintiff's allegations.

## III.   THE COURT NEED NOT ADDRESS THE FOLLOWING REQUESTS AT THIS TIME.

Merck does not intend to offer evidence or make any argument in the compensatory damages phase of trial on the following topics. If there is a punitive damages phase of trial, Merck reserves the right to address these topics (with the exception of those raised in paragraph N) at that time.

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH A

"That a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medications. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH B

"Any comment or inference, or submitting any evidence, testimony, or documents tending to suggest in any way that any award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical, or health products available to individuals or industries in the United States or worldwide. Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH C

"Making reference that this case or other Vioxx product liability litigation cases may have a negative impact on the stock price of Merck or any other publicly traded pharmaceutical

manufacturer.   Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH E

"That this case or any other Vioxx products liability case may cause an increase in the cost of purchasing or maintaining insurance.  Such argument is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH F

"That this case or any other Vioxx product liability case may cause an increase in the cost of purchasing medications for the public.  Such agreement is irrelevant, highly prejudicial and calculated to sway the sympathies of the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH J

"Any comment, inference, evidence, testimony, or document tending to suggest in any way that an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH K

"Any mention of the purported 'litigation crisis,' 'lawsuit crisis,' 'lawsuit abuse,' or similar terms or phrases.  Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury."

### EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IN PARAGRAPH N

"Any comment, evidence, testimony, inference or document mentioning, suggesting or inferring that Vioxx was taken off the market due to 'media hype' caused by attorneys or the media themselves.  Such argument would be irrelevant, hearsay, and designed solely to inappropriately sway the sympathies of the jury."

Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Plaintiff's Motion in *Limine* to Exclude Certain Subjects From Evidence at Trial (Plaintiff's Motion in *Limine* No. 3) has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiffs' counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of June, 2006.


*/s/ Dorothy H. Wimberly*