MINUTE ENTRY
FALLON, J.
JUNE 16, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee (PSC) and the Defendants' Steering Committee (DSC) to discuss agenda items for the pretrial conference.  At the pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 15 of Plaintiffs' and Defendant's Liaison Counsel.  This conference was transcribed by Karen Ibos, Official Court Reporter.  Counsel may contact Mrs. Ibos at (504) 589-7776 to request a copy of the transcript.  A summary of the monthly pretrial conference follows.

I.  LEXIS/NEXIS FILE & SERVE

Plaintiffs' Liaison Counsel ("PLC") and Defendant's Liaison Counsel ("DLC") continue to report to the Court on the status of docketing cases and uploading those cases to

JS10(01:30)

Lexis/Nexis File & Serve. Cases recently transferred to the Eastern District of Louisiana continue to experience a brief delay between the docketing of the Final Transfer Order on which the cases appear and the receipt of the records from the original transferor courts. Until such time as the record of a case is actually received by the Clerk of Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File & Serve. Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case. Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve. Notice should include the case name and Eastern District of Louisiana case number. PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL. In addition, when filing documents onto Lexis/Nexis File & Serve, the parties are reminded to use their specific civil action number

II.   STATE COURT TRIAL SETTINGS

The *Doherty* trial began on June 5, 2006 in the New Jersey Superior Court, Atlantic County. The *Hatch* and *McFarland* cases are scheduled for trial on September 11, 2006 in Atlantic County, subject to a ruling on Merck's motion to sever the cases and proceed with the trial of only one plaintiff at a time. Judge Cheney in the California Coordinated Proceeding has set June 21, 2006 for the trial of one or more plaintiffs' claims. The *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006. The *Crook* case is set for trial in Alabama Circuit Court, Jefferson County, on October 23, 2006. The *Miller*

case is set for trial in Texas District Court, Harris County, on November 8, 2006. The *Albright* case is set for trial in Alabama Circuit Court, Jefferson County, on December 11, 2006. Finally, for 2006, the *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on December 11, 2006.

III.     SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The parties are discussing convenient dates for a hearing on the Motion for New Trial in the *Irvin/Plunkett* case and will thereupon check with the Court to arrange a hearing date.

The Court has set trial of the *Barnett* case for July 24, 2006, the *Smith* case for September 11, 2006, the *Mason* case for October 30, 2006, and the *Dedrick* case for November 27, 2006. The Court has entered a scheduling order in *Barnett*, *Mason* and *Smith*. The parties were unable to agree to a scheduling order in *Dedrick* and, consequently, have submitted separate versions for consideration by the Court. Discovery and trial preparations are ongoing in each case. The PSC has indicated that it intends to notice the depositions of several experts it has designated for the purpose of using the depositions at trials.

IV.     CLASS ACTIONS

The Court has under advisement the PSC's Motion to Certify a Personal Injury Class and Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. Both parties have responded to the Court's inquiry from the April status conference regarding the impact of the Local 68 certification on the MDL.

The Local 68 Third Party Payor Class Action is proceeding to trial in the New Jersey Vioxx Litigation. Russ Herman had been nominated as Class Action Liaison in the New

Jersey litigation.  Matters of case management, pre-trial and trial scheduling were addressed at the monthly status conference on May 16, 2006 in New Jersey and the MDL Court will be kept apprised of developments.

V.     DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit, on June 5, 2006, regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information.  The parties met with the Court on June 7, 2006 and again on June 13, 2006 to discuss further actions to be taken as a result of the ruling from the Fifth Circuit.  The parties will be prepared to discuss this further at the monthly status conference on June 16, 2006.

VI.    DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.

The deposition of Dr. David Graham was taken on May 9, 2006.  On May 25, 2006, the PSC filed a Motion for Rule 37(b)(2)(B) Remedial Relief for Merck's Examination of David Graham, M.D.  Merck filed a response on June 7, 2006.  The matter is set for hearing on June 29, 2006 at 10:30 a.m., however, the parties are attempting to set the matter for hearing on another date.

VII.   DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.  The PSC submitted a letter to the Court on March 16, 2006 seeking intervention by the Court on whether Merck should have the right to review documents in the possession of Ogilvy, DDB and Millward Brown to determine whether any of the documents are privileged prior to the third party making production to the PSC.  On May 24, 2006, the Court issued an Order & Reasons giving Merck two (2) weeks to review all the documents at issue, construct a detailed privilege log, and provide the Court with the log and documents for an *in camera* review.  On June 7, 2006, DLC provided the Court with information, including privilege logs, list of names of DDB employees, and documents for *in camera* review.  On June 13, 2006, PLC responded to Merck's submission.  The Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.  The parties will be prepared to discuss this further at the monthly status conference on June 16, 2006.

VIII.   DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL.  If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

On June 1, 2006, the PSC cross-noticed the depositions of Dr. Jerome Avorn and Dr. Richard Kronmal on June 22-23, 2006 and June 29, 2006, respectively.  On June 7, 2006, DLC requested the Court's assistance on three (3) issues:  (1) that the Court preside over any

preservation deposition, either noticed or cross-noticed in the MDL; (2) that any trial preservation depositions take place after the Court's *Daubert* rulings; and (3) that the Court order that an expert's preservation deposition take place at a time no sooner than ten (10) days after the discovery deposition.  On June 12, 2006, PLC responded to the proposal and opposed Merck's request.  The parties are discussing scheduling of this motion and will be prepared to request a hearing date prior to or at the monthly status conference.  The parties will be prepared to discuss this further at the monthly status conference on June 16, 2006

IX.     PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

Representatives of the PSC and DSC continue to discuss amendments and modifications to Pre-Trial Order No. 18B as it pertains to general service and posting of Plaintiff Profile Forms, Merck Profile Forms, and medical records to Lexis/Nexis File & Serve.  Several telephone conferences with counsel for Defendants, the PLC and other plaintiffs' counsel, regarding proposed modifications to existing Pre-Trial Order No. 18B, in the form of Pre-Trial Order No. 18C, have taken place.  The parties continue discussions regarding a revised Pre-Trial Order in the form of Pre-Trial Order No. 18C, as well as revisions to the Merck Profile Form.  The Court advised the parties to meet after the conference to resolve this issue.

In addition, representatives of the PSC and DSC continue to discuss claims of alleged insufficiency relating to Merck's responses.

X.      STATE/FEDERAL COORDINATION—STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  If any issues arise, the parties are advised to contact the Court.

XI.     *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

XII.    MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints.  Subsequently, foreign plaintiffs represented by Kenneth B. Moll & Associates, Ltd. filed a Motion to Strike Merck's motion.  The PSC took no position on the issue.  On March 23, 2006, the Court heard oral argument on the plaintiffs' Motion to Strike and denied the motion. The Court further ordered that the plaintiffs would have sixty days to file their opposition to Merck's Motion to Dismiss the Foreign Class Action Complaints.  Plaintiffs' opposition papers have been filed.  Merck's reply brief currently is due on June 26, 2006.

The foreign plaintiffs represented by Kenneth B. Moll & Associates, Ltd. have also filed motions for leave to amend the Italian and French Class Action Complaints.  Merck opposes the motions and will file opposition briefs on or before June 16, 2006.

XIII.   GENERIC TRIAL PERFORMANCE AND RULE 702 AND MOTIONS *IN LIMINE* ISSUES

On April 19, 2006, the PSC filed a Generic Motion *in Limine* which addresses among other things trial performance guidelines, exhibit admissibility and deposition cuts, as

well as the possibility of seeking early hearings on *Daubert* and Rule 702 issues.  The motion seeks to obtain generic rulings well in advance of trials.  Merck filed its response to the motion on May 10, 2006.  The motion was addressed with the Court in a conference on May 17, 2006 and on June 13, 2006.  Several of the items in the motion will be further addressed by the Court as trial dates approach.  The Court has set a further hearing on the PSC's Generic Motion for June 28, 2006 at 9:00 a.m., when the Court has scheduled a hearing in the *Barnett* case on Exhibits/*In Limine* Motions.

XIV.   IMS DATA

Merck advises that IMS data for plaintiffs' prescribing physicians in the *Barnett*, *Smith*, *Mason*, and *Dedrick* cases has been produced to the PSC and plaintiffs' trial counsel.  The parties continue to discuss further production of IMS Data.

XV.   DISCOVERY IN NON-TRIAL CASES

Since the last status conference, the parties have continued to discuss Merck's desire to pursue limited discovery in cases not set for trial.  On May 18 and May 22, 2006, DLC set forth its proposal to conduct discovery in six (6) cases.  On May 26, 2006, PLC responded to Merck's proposal and objected to the proposal.

After considering both side's arguments, the Court ordered that Merck could proceed with its scheduled discovery and suggested that the PSC choose six (6) cases of its own for the purpose of conducting discovery.

XVI.   CARLENE RHODES LEWIS

The parties note with great sadness the death of Plaintiffs' Steering Committee member Carlene Rhodes Lewis, who died in Houston, Texas on Monday, June 6, 2006.

XVII. <u>USDC-ECF SYSTEM</u>

The Clerk's Office has advised that the Electronic Case Filing (ECF) System is up and running in the Eastern District of Louisiana. Attorneys must register with the Clerk's Office to utilize the ECF System. To register, attorneys should visit the Eastern District of Louisiana's website, www.laed.uscourts.gov. On June 6, 2006, an Order was issued setting forth directives that attorneys are to observe in the Vioxx Litigation when utilizing the ECF System. Counsel are encouraged to comply and utilize the ECF system for Vioxx filings.

XVIII. <u>CERTIFICATE OF SERVICE FOR E-FILINGS</u>

To comply with ECF certification provisions and the requirements of Pre-Trial Order No. 8B, it is recommended that all counsel using the ECF system use the following certificate of service on all e-filings:

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing [**DOCUMENT**] has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve Advanced in accordance with PreTrial Order No. __, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this ___ day of _____, 200[6].

/s/ Attorney's Name___
Attoney's Name
Attorney's Bar Roll Number
Attorney for (Plaintiff/Defendant
Law Firm Name

                 Law Firm Address
                 Telephone Number
                 Fax Number
                 Attorney's E-Mail Address

XIX. <u>NEXT STATUS CONFERENCE</u>

   The next monthly pretrial conference will be held on July 13, 2006 at 8:30 a.m. Counsel unable to attend in person may participate by telephone at 1-800-497-7708. The access code will be 50711890 and the Chairperson will be Judge Fallon.