UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-0485 | * | |
| | * | MAGISTRATE JUDGE |
| GERALD D. BARNETT, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

**OPPOSITION OF DEFENDANT MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION IN *LIMINE* TO PRECLUDE MERCK EMPLOYEE AND FORMER EMPLOYEE WITNESSES FROM OFFERING OPINION TESTIMONY**

**(PLAINTIFF'S MOTION IN *LIMINE* NO. 9)**

Plaintiff seeks to prevent current and former Merck employees and other Merck advisers from testifying regarding matters within their personal knowledge by mischaracterizing such testimony as inappropriate expert testimony.  In support of this motion, plaintiff does not point to any specific evidence he seeks to exclude; rather, he simply claims conclusorily that "Merck will attempt to elicit expert opinion testimony from some or all of their employees and/or advisors who have not been designated as experts in this trial."  (Pl.'s Mot. in *Limine* to Preclude Merck Employee and Former Employee Witnesses from Offering Opinion Testimony ("Mot.") at 2.)  In fact, however, Merck's current and former witnesses will only provide testimony that falls

squarely within the scope of non-expert lay opinion testimony permissible under Federal Rule of Evidence 701. Accordingly, plaintiff's motion in *limine* has no basis and should be denied.

## I. THE LEGAL STANDARD.

Federal Rule of Evidence 701 – nowhere mentioned in plaintiff's motion – provides that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences" is appropriate as long as the opinions or inferences are: "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Because this standard permits lay testimony by a company's employees on matters that relate to their business affairs – which is the very type of evidence that will be offered by Merck employees – plaintiff's motion should be denied.

## II. PLAINTIFF SEEKS TO EXCLUDE TESTIMONY THAT IS WIDELY RECOGNIZED AS ADMISSIBLE UNDER RULE 701.

Numerous courts, including the Fifth Circuit, have recognized that "an officer or employee of a corporation may testify to industry practices" and "particularized matters based on [his or her] position" within the company without qualifying as an expert. *See Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003); *see also Brisco v. Home State Ins. Group, Inc.*, No. Civ.A.3:04 CV 0610 P, 2005 WL 1164183, at *6 (N.D. Tex. May 16, 2005) (holding that a supervisory employee was permitted to testify pursuant to Rule 701 as to "what would have happened in a usual case under normal procedures" because the testimony at issue was "relevant and rationally based on [supervisor's] perception of the employees' roles in the company").

*Texas A&M,* for example, involved an evidentiary dispute over the admissibility of certain portions of an affidavit submitted by a corporate vice-president who sought to testify

2

about the cost of certain lost ship time in a breach-of-contract case related to ocean research. 338 F.3d at 403. In reversing the district court's decision to exclude the evidence, the court observed that Rule 701 "does not preclude testimony by business owners or officers on matters that relate to their business affairs." *Id.* at 403. Because the affidavit was "based on particularized knowledge based on [the affiant's] position as vice-president of the research foundation" the affidavit was admissible and the district court had abused its discretion in excluding it. *Id.*

Other courts have ruled similarly. For example, in *Allied Sys., Ltd. v. Teamsters Automobile Transport Chauffeurs*, 304 F.3d 785, 792 (8th Cir. 2002), the Eighth Circuit Court of Appeals approved the admission of opinion testimony by the vice president of a party to the lawsuit concerning complex accounting principles and methods. As the court concluded, "[t]he opinion testimony of an officer of a business as to value or projected profits or as to damage to the business, without qualifying the officer as an expert, is admitted . . . *because of the particularized knowledge that the witness has by virtue of his or her position in the business.*" *Id.* (citing FED. R. EVID. 701, advisory committee's note (2000) (emphasis added); internal quotations omitted); *see also Agro Air Associates, Inc. v. Houston Casualty Co.*, 128 F.3d 1452, 1455-56 (11th Cir. 1997) (affirming district court's decision admitting lay opinion testimony concerning alleged reasons why company's insurance rates and premiums increased following termination of business relationship); *Koncul Enterprises, Inc. v. NationsCredit Fin. Servs. Corp.*, No. 400CV141, 2001 WL 34052996, at *5 (S.D. Ga. Aug. 13, 2001) (admitting damages testimony by knowledgeable employee based on employee's particularized knowledge of review of company's credit records); *Newport Elecs. v Newport Corp.*, 157 F. Supp. 2d 202, 208-09 (D. Conn. 2001) (denying motion to strike declaration of electronics company employees where declarations included opinions regarding the nature of products sold and the markets products were sold in); *Seltzer v I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 606-07 (D.N.J. 2004) (holding that

3

affidavit submitted by former corporate officer outlining corporation's sales activities and describing intent of corporation's advertising activities was permissible under Rule 701 where the testimony was rationally based on affiant's perception during employment as corporation's retail manager and then its chief operating officer, was helpful to relevant factual determinations, and was not based on specialized knowledge).

The rationale of these cases applies with equal force here. Merck's current and former employees are uniquely situated to opine as to how and why Merck made certain key decisions regarding the testing, marketing, and sale of Vioxx. Such testimony will assist the jury in assessing Merck's state of mind and rebut any assertion that Merck was derelict in its duties in the testing, marketing, and sale of Vioxx. That is *patently* the proper role of a party witness, rather than an expert witness, and the Court should reject any assertion by plaintiff that the best way to assess Merck's state of mind is to hear from outside experts retained for litigation purposes rather than company witnesses who worked at Merck and have opinions about why Merck did what it did during the relevant time period.

In short, plaintiff's motion seeks to undermine the role of the corporate representative in favor of non-party expert witnesses only marginally better situated to speculate as to Merck's state of mind than the jury itself. Rule 701 and case law interpreting it preclude that absurd result, and refute plaintiff's mischaracterization of such testimony as expert in nature.

### III. PLAINTIFF'S RELIANCE ON A RULING BY JUDGE HIGBEE IN THE *HUMESTON* CASE IS INAPPOSITE.

Plaintiff's reference to a ruling by Judge Higbee in the New Jersey *Humeston* case striking testimony by Dr. Briggs Morrison ("Dr. Morrison") under New Jersey law is no ground for granting this motion. In striking Dr. Morrison's testimony, Judge Higbee ruled that Dr. Morrison was attempting to testify as to matters outside his personal knowledge regarding Vioxx studies conducted after he had left the Vioxx Project Team. Judge Higbee also held that Dr.

4

Morrison improperly relied on certain documents he had reviewed in preparation for litigation. While Merck sharply challenged Judge Higbee's ruling and believes that it was contrary to both New Jersey and federal law,[1] those specific facts are, in any event, not before the Court. Rather, plaintiff seeks to take advantage of a fact-specific ruling under New Jersey law as a springboard for excluding a broad swath of proper employee testimony as inappropriate. Notably, plaintiff fails to note that many current and former Merck employees testified in the *Humeston* trial as lay opinion witnesses regarding matters within their personal and particularized knowledge based on their experience as Merck employees – and their opinions were not excluded. Because Merck's witnesses will be offering lay opinion testimony based on their own knowledge and consistent with Rule 701, just as they did in the *Humeston* trial, there is simply no basis for plaintiff's assertion that Merck is attempting to "backdoor expert testimony through" fact witnesses. (Mot. at 3.)

## IV.   CONCLUSION.

For the reasons discussed above, the Court should deny plaintiff's Motion in *Limine* to Preclude Merck Employee and Former Employee Witnesses from Offering Opinion Testimony.

---

[1] For example, the law is clear that a testifying employee can rely on his or her review of documents and other contemporaneous accounts resulting from the witness' ordinary duties as an employee. *See, e.g., Burlington Northern R. Co. v. Nebraska*, 802 F.2d 994, 1004 (8th Cir. 1986) ("Personal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience, is a sufficient foundation for lay opinion testimony."); *Searles v. First Fortis Life Ins. Co.*, 98 F. Supp. 2d 456, 462 (S.D.N.Y. 2000) (permitting lay opinion "based either on personal knowledge or information garnered from the review of relevant documents in [employee's] official capacity"); *see also Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993) (affirming admission of lay opinion testimony based on witness' participation in day-to-day affairs of business).

Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Plaintiff's Motion in *Limine* to Preclude Merck Employee and Former Employee Witnesses from Offering Opinion Testimony (Motion in *Limine* No. 9) has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of June, 2006.

/s/ Dorothy H. Wimberly