UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-0485 | * | |
| | * | MAGISTRATE JUDGE |
| GERALD D. BARNETT, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**OPPOSITION OF DEFENDANT MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION IN *LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY OR ARGUMENT THAT VIOXX IS A POTENTIAL CURE FOR CANCER**

**(PLAINTIFF'S MOTION IN *LIMINE* NO. 10)**

Plaintiff moves the Court to reconsider its *Plunkett II* ruling on the permissible scope of Dr. Briggs Morrison's testimony. This motion should be denied. In *Plunkett*, the Court permitted Dr. Morrison to testify about his relevant experience, including his background in oncology and his role on the Vioxx team. (Feb. 14, 2006 Tr. in *Plunkett v. Merck* ("*Plunkett* Tr.") at 1517:11-1520:9, 1604:2-1607:13, attached hereto as Ex. A.) Dr. Morrison testified, in part, that he came to Merck in order to work on clinical trials designed to test whether COX-2 inhibitors could prevent cancer. (*Id.*) The testimony helped explain Dr. Morrison's part in the development of Vioxx. It also helped explain to the jury the many phases of testing involved in the drug approval process, including the fact that Phase II through Phase V studies continue long

after a drug receives initial approval.  (*Id.* at 1601:24-1602:8, 1604:2-1607:13.)  The Court was right to allow this testimony, which it called "a question of fact." (*Id.* at 1605:2-8.)

In an effort to keep this testimony from the jury, plaintiff raises a straw man: "[t]he suggestion that plaintiffs have, somehow, foreclosed the promise of a new cancer therapy." (Pl.'s Mot. in *Limine* to Exclude Evidence, Testimony or Argument That Vioxx is a Potential Cure for Cancer at 4.)  Of course, Merck has never made any such suggestion – in *Plunkett* or any other trial – and does not intend to do so in this case.

In making this hyperbolic argument, plaintiff cites *United States v. Brooke*, 4 F.3d 1480 (9th Cir. 1993), a case with no application here.  There, the court reversed a defendant's conviction due to the trial court's error in admitting evidence that the defendant falsely claimed to have cancer, because the "unfairly prejudicial nature of the false-cancer evidence substantially outweighed its limited probative value." *Id.* at 1481.  Here, in contrast, Dr. Morrison's truthful testimony is highly relevant – both as it pertains to his background and as it relates to the development and ongoing testing of Vioxx.  Moreover, given plaintiffs' attacks on the motives and credibility of Merck employees such as Dr. Morrison, Merck is entitled to show that he is a dedicated doctor who has devoted his career to helping patients and searching for cures for serious diseases.

While no one is remotely suggesting that plaintiffs should be blamed for taking a potential cancer treatment off the market, it would be impossible to prohibit the use of the word "cancer" at trial.  As this Court is well aware, Merck voluntarily withdrew Vioxx from the market after interim, unblinded data from the APPROVe study showed a statistically significant increase in cardiovascular thrombotic events after 30 months of continuous daily use.  APPROVe was a study to determine whether Vioxx might help prevent the recurrence of pre-cancerous colon polyps, and in so doing, reduce colon cancer.  VICTOR and ViP were also

cancer studies. In short, the Vioxx story simply cannot be told accurately by excising all references to cancer.

Further, Dr. Morrison's testimony is not unduly prejudicial, notwithstanding plaintiff's arguments to the contrary. He did not testify that plaintiffs should be blamed for taking a potential cancer cure off the market. And the testimony is neither confusing nor a waste of time, as plaintiff suggests. In fact, plaintiff's counsel in *Plunkett* established with one question on cross-examination that Vioxx was never approved by the FDA for the treatment of cancer. (*See Plunkett* Tr. at 1608:3-7.) Therefore, the Court should deny plaintiff's attempt to limit Dr. Morrison's ability to explain his relevant background and experience, consistent with its prior ruling on the permissible scope of his testimony.

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Plaintiff's Motion in *Limine* to Exclude Evidence, Testimony or Argument That Vioxx is a Potential Cure for Cancer (Motion in *Limine* No. 10) has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of June, 2006.

/s/ Dorothy H. Wimberly