# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In re: VIOXX

**PRODUCTS LIABILITY LITIGATION**

This document relates to
Case No.  06-0485

**GERALD D. BARNETT**

> Plaintiff,

**v.**

**MERCK & CO., INC.,**

> Defendant.

**MDL DOCKET NO. 1657**

**SECTION L**

**JUDGE FALLON**

**MAGISTRATE JUDGE KNOWLES**

<u>Merck & Co., Inc.'s Objections and
Counter-Designations to Plaintiff's
Final Deposition Designations</u>

TO:       Mark P. Robinson, Jr.
          Robinson, Calcagnie & Robinson
          620 Newport Center Drive, 7th Floor
          Newport Beach, CA 92660

          Andrew Birchfield
          Leigh O'Dell
          Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
          218 Commerce Street
          Montgomery, AL 36104

               and

          Russ Herman
          Herman, Herman, Katz & Cotlar, LLP
          Place St. Charles
          201 St. Charles Avenue, Office 4310
          New Orleans, LA 70170

Merck hereby serves Its Objections and Counter-Designations to Plaintiff's Final Deposition Designations.  Merck will submit a binder to the Court by June 21 with these objections and counter-designations organized by witness.

Merck sets forth its objections and counter-designations to Plaintiff's Final Deposition Designations below.  Merck also makes broad objections to (1) certain witnesses the Plaintiff has designated and (2) testimony in certain subject-areas.  Merck also highlights for the Court the most important specific objections Merck has to certain testimony.

Plaintiff designated testimony from 13 witnesses in his Final Deposition Designations (in addition to 11 witnesses in his Preliminary Deposition Designations).  Of those 13, nine (Beneduce, Bryan, Epstein, Graham, Karavan, McCaffrey, McKines, Mikola, Rivas) were not designated in the *Plunkett* case.  Four witnesses (Baumgartner, Curfman, Dunn, and Topol) were designated in *Plunkett*.

For the nine transcripts that were not designated in the *Plunkett* case, Merck asks the Court to review all of the objections Merck made here.  Merck does provide the Court with what it believes are broad categories of objectionable testimony for each witness.  For the four transcripts that were submitted in the *Plunkett* case, the Court previously overruled many of Merck's same objections in *Plunkett I* and *II*.  While Merck believes that all of its objections are valid, Merck understands that the Court may be inclined to stand by its previous rulings.  Therefore, although Merck maintains its previous objections to preserve its record for appeal, for these three transcripts Merck now submits to the Court a narrower set of objections that either were not made in the *Plunkett* trials or, to the extent they were overruled, objections which warrant particular reconsideration.

For Dr. Graham and Dr. Topol, Merck is also submitting Motions in Limine directed toward their testimony.

2

Finally, for seven of these transcripts (Baumgartner, Bryan, Curfman, Epstein, Karavan, McCaffrey, and Mikola), the Plaintiff and Merck each affirmatively designated the testimony. Merck is happy to work with the Plaintiff and provide the Court one transcript for each of these witnesses that includes all of the designations from each side.

## SUSAN BAUMGARTNER

Mr. Baumgartner is a Merck employee who worked on the Vioxx marketing team. The Plaintiffs have deposed her on three separate occasions.

Merck has a number of specific objections to Plaintiff's designations for Ms. Baumgartner (see table below). There are three categories of Merck's objections to Plaintiff's designations for Ms. Baumgartner that merit special attention:

#1 – There are numerous instances where Plaintiff's counsel focuses on Merck sales and profits, often in a prejudicial manner (see below, for example, 178:8-179:5 – "Is there a dollar sign in there with a billion after it?"). This type of evidence is not relevant, especially during the compensatory phase of the trial.

#2 – The Plaintiff has designated a significant amount of testimony about the Fries letter (see below, for example, 9-30-05, 234:18-238:8, 238:12-240:21, 240:24-242:16, 243:1-4). This testimony should be excluded because it has no relevance for the *Barnett* case since the events alleged in the Fries letter have nothing to do with either Mr. Barnett or his doctors. The Court sustained Merck's objection to the use of this letter with Ms. Baumgartner in *Plunkett II*.

#3 – Throughout the course of Ms. Baumgartner's three days of depositions, there are many examples of argumentative, sarcastic questioning from Plaintiff's counsel (see below, for example, 9-30-05 – 271:4-18, 271:21-272:2, 273:6-9, 273:12-274:7, 274:11-275:7, 275:10). This type of questioning should be excluded.

Below are Merck's specific objections to the Plaintiff's designations, as well as Merck's counter-designations and the Court's previous rulings, where applicable.

**MERCK'S OBJECTIONS TO PLAINTIFF'S**
**AFFIRMATIVE DEPOSITION DESIGNATIONS**

**2-25-05**

| Page/Line | Defendant's Objection | Ruling in *Plunkett* |
|---|---|---|
| 12:14-12:15 | | |
| 13:11-13:18 | | |
| 14:2-14:23 | | |
| 17:2-17:6 | | |
| 19:20-20:14 | 401, 402, 403 – focusing on amount of Vioxx sales is irrelevant and unfairly prejudicial, especially in compensatory phase | |
| 20:17-21:22 | Same objection | |
| 22:5-22:19 | | |
| 23:3-23:4 | 401, 402, 403 – Irrelevant and unfairly prejudicial, also argumentative | |
| 23:7-23:10 | Same objection | |
| 26:8-26:12 | | |
| 28:11-28:15 | | |
| 28:23-29:10 | 401, 402, 403 – Physicians to Neutralize document is irrelevant in this case because none of Mr. Barnett's doctors are listed | |
| 29:11-29:12 | Same objection | |
| 29:23-29:25 | Dictionary definition of neutralize is irrelevant and prejudicial | |
| 30:1-30:6 | Same objection | |
| 30:9-30:14 | Same objection | |
| 30:15-30:22 | Same objection | |

| | | |
|---|---|---|
| 30:25-31:3 | 401, 402, 403 – testimony on the neutralize issue is irrelevant here because none of Mr. Barnett's doctors were ever listed on any of these documents and therefore this could not have had an effect on this case | |
| 31:16-31:22 | 801, 802 – NY Times article is hearsay | |
| 32:13-33:1 | Same objection | |
| 33:3-33:18 | Same objection | |
| 34:19-35:19 | Same objection | |
| 36:1-36:3 | Same objection | |
| 36:5-36:22 | Same objection | |
| 37:19-37:22 | 401, 402, 403 – testimony on the neutralize issue is irrelevant here | |
| 39:12-39:16 | Same objection | |
| 41:20-41:25 | Same objection | |
| 42:2-42:19 | Same objection | |
| 42:21-42:22 | Same objection | |
| 44:3-44:11 | Same objection | |
| 44:13-44:14 | Same objection | |
| 45:1-45:9 | Same objection | |
| 46:13-47:6 | 401, 402, 403 – documents relating to Dr. Singh are irrelevant to our case, they have nothing to do with Mr. Barnett or his doctors | |
| 47:24-48:11 | Same objection | |
| 48:14-49:5 | | |
| 49:22-50:2 | Same objection | |
| 51:2-51:3 | | |
| 51:11-51:21 | | |
| 52:14-52:19 | | |

| | | |
|---|---|---|
| 52:21-53:10 | 401, 402, 403 – testimony about certain doctors is irrelevant to this case since they were not involved with Mr. Barnett | |
| 53:23-54:1 | Same objection | |
| 54:4-54:5 | Same objection | |
| 54:15-54:20 | Same objection | |
| 54:23-54:24 | Same objection | |
| 55:1-55:3 | Same objection | |
| 56:16-57:6 | Same objection | |
| 57:8-58:6 | Same objection | |
| 60:1-60:18 | 401, 402, 403, 801, 802.  Fries letter and related issues are irrelevant and prejudicial in this case, and is also hearsay | Court previously excluded the Fries letter with Ms. Baumgartner |
| 61:15-63:2 | Same objection | |
| 63:5-63:5 | Same objection | |
| 63:7-63:24 | Same objection | |
| 64:9-64:19 | Same objection | |
| 65:4-66:1 | Same objection | Court previously excluded the Fries letter with Ms. Baumgartner |
| 66:6-66:11 | Same objection | Court previously excluded the Fries letter with Ms. Baumgartner |
| 68:13-69:4 | 401, 402, 403 – testimony about certain doctors is irrelevant to this case since they were not involved with Mr. Barnett | |
| 121:11-121:15 | | |
| 124:2-125:6 | | |
| 125:17-125:25 | | |
| 126:17-126:18 | | |
| 126:22-126:23 | | |
| 132:18-132:21 | | |

| | | |
|---|---|---|
| 133:5-134:3 | 401, 402, 403 – HealthSouth issues have nothing to do with Mr. Barnett or his doctors; also lack of foundation, calls for speculation | |
| 134:13-134:19 | Same objection | |
| 134:24-134:25 | Same objection | |
| 135:3-135:20 | Same objection | |
| 137:6-137:21 | Same objection | |
| 137:25-138:6 | Same objection | |
| 138:9-138:9 | Same objection | |
| 156:3-156:11 | 401, 402, 403 – Profit plan information is not relevant and is prejudicial, especially during compensatory phase | |
| 157:5-158:2 | Same objection | |
| 161:6-162:7 | Same objection | |
| 167:10-167:13 | 401, 402, 403 – testimony on the neutralize issue is irrelevant here | |
| 167:22-168:16 | Same objection | |
| 168:20-169:22 | Same objection | |
| 169:24-170:15 | Same objection | |
| 171:14-172:5 | 401, 402, 403 – testimony on the neutralize issue is irrelevant here | |
| 178:3-178:6 | 401, 402, 403 – focusing on amount of Vioxx sales is irrelevant and unfairly prejudicial, especially in compensatory phase | |
| 178:8-179:5 | Same objection | |
| 179:8-179:24 | Same objection | |
| 180:9-181:12 | 401, 402, 403 – Fries letter is irrelevant and prejudicial | Court previously excluded the Fries letter |
| 181:16-182:16 | Same objection | Court previously excluded the Fries letter |

| 182:19-182:19 | Same objection, and also the other doctors mentioned are irrelevant since none ever saw Mr. Barnett | Court previously excluded the Fries letter |
|---|---|---|
| 182:23-182:25 | Same objection | Court previously excluded the Fries letter |
| 184:5-184:22 | Same objection | |
| 184:24-185:1 | Same objection | |
| 198:14-198:14 | | |
| 199:22-199:23 | | |
| 202:7-203:16 | 401, 402, 403 – testimony on the neutralize issue is irrelevant here | |
| 203:19-203:22 | Same objection | |
| 205:7-206:1 | Same objection | |
| 206:23-207:2 | Same objection | |
| 207:9-207:12 | Same objection | |
| 208:12-209:15 | Same objection, also the "show me the money" language prejudicial and lacks foundation | |
| 209:17-209:20 | Same objection | |
| 210:11-210:19 | Same objection | |
| 213:20-214:16 | 401, 402, 403 – testimony on the neutralize issue is irrelevant here | |
| 214:20-214:23 | Same objection | |
| 218:16-219:4 | 401, 402, 403 – Weekend Consultant's meeting has nothing to do with this case | |
| 219:7-219:10 | Same objection | |
| 221:17-221:24 | Same objection | |
| 225:14-225:20 | 401, 402, 403 – The note about "discredit" James Millen has nothing to do with the Barnett case, and is unfairly prejudicial | |
| 226:7-226:9 | Same objection | |
| 228:15-229:2 | 401, 402, 403 – testimony on the neutralize issue is irrelevant here | |

| | | |
|---|---|---|
| 229:5-229:5 | Same objection | |
| 245:1-245:1 | | |
| 245:4-246:8 | | |
| 246:16-247:7 | | |
| 247:19-247:21 | | |
| 248:9-248:23 | | |
| 249:1-249:3 | | |
| 259:11-259:19 | | |
| 259:21-260:9 | | |
| 260:11-260:12 | | |
| 260:17-260:18 | | |
| 261:8-261:11 | | |
| 262:5-262:10 | | |
| 263:1-263:3 | | |
| 263:5-263:6 | | |
| 263:12-263:25 | | |
| 264:3-264:3 | | |

**9/30/05**

| Page/Line | Defendant's Objection | Ruling in *Plunkett* |
|---|---|---|
| 18:16-18:24 | | |
| 21:19-22:2 | | |
| 22:24-23:3 | | Objection overruled |
| 23:6-23:23 | | Objection overruled |
| 24:2-24:4 | | Objection overruled |
| 30:15-30:20 | | Objection overruled |
| 33:1-33:17 | | Objection overruled |
| 34:12-35:6 | 801, 802 – the article is hearsay | Objection overruled |
| 38:18:39:6 | Same objection | Objection overruled |
| 48:2-48:13 | 401, 402, 403 | Objection overruled (?) |

| Page/Line | Defendant's Objection | Ruling in *Plunkett* |
|---|---|---|
| 55:1-55:7 | Argumentative and sarcastic | |
| 55:11-55:14 | Same objection | |
| 57:1-57:8 | | |
| 57:11-57:21 | | |
| 70:17-72:10 | 602 – No foundation, no personal knowledge – the witness is being asked about an email she has never seen before | |
| 72:13-74:1 | Same objection | |
| 76:14-76:19 | | |
| 77:17-77:23 | Attorney sidebar | |
| 78:4-78:7 | | |
| 80:4-80:12 | | |
| 81:9-83:5 | 602 – the witness has never seen the email before; it is also hearsay | Objection overruled |
| 131:16-132:11 | 602 – the witness has never seen the document before, and counsel just reads it into the record | |
| 234:18-238:8 | 401, 402, 403, 801, 802.  The Fries letter is irrelevant and prejudicial, and is also hearsay. Other questions regarding alleged efforts to discredit or neutralize doctors are similarly irrelevant and prejudicial | Objection overruled; (Court did exclude Fries letter itself) |
| 238:12-240:21 | Same objection | Objection overruled; (Court did exclude Fries letter itself) |
| 240:24-242:16 | Same objection | Objection overruled; (Court did exclude Fries letter itself) |
| 243:1-243:4 | Same objection | Objection overruled; (Court did exclude Fries letter itself) |

| Page/Line | Defendant's Objection | Ruling in *Plunkett* |
|---|---|---|
| 243:8-249:2 | Same objection; Also this designation is full of argumentative, sarcastic questions and lawyer speeches (see, for example, 243:24-244:12) | Objections that were made were overruled (appears that objections were made as to only portions of the designation) |
| 249:5-249:10 | Same objection | |
| 249:13-250:7 | Same objection | Objection overruled |
| 251:12-251:24 | Same objection | Objection overruled |
| 266:3-266:7 | 401, 402, 403 – testimony on the neutralize issue or "discredit" is irrelevant here; also sarcastic and argumentative | Objection overruled |
| 266:10-267:16 | Same objection | Objection overruled |
| 268:17-268:22 | Same objection | Objection overruled |
| 269:1-270:5 | Same objection | Objection overruled |
| 271:4-271:18 | Same objection | Objection overruled |
| 271:21-272:2 | Same objection | Objection overruled |
| 273:6-273:9 | Same objection | Objection overruled |
| 273:12-274:7 | Same objection | Objection overruled |
| Same objection | Same objection | Objection overruled |
| 275:10-275:10 | Same objection | Objection overruled |

## MERCK'S COUNTER-DESIGNATIONS

### (2/25/05)

| Page/Line | |
|---|---|
| 13:19-14:1 | |
| 24:9-24:20 | |
| 88:6-88:19 | |
| 89:11-90:2 | |
| 91:4-91:9 | |

| | |
|---|---|
| 167:18 (only to complete plaintiffs' designation) | |
| 177:18-19 | |
| 177:22-178:1 | |
| 219:25-220:4 | |
| 220:7-220:13 | |
| 225:21-225:24 | |
| 226:2-226:3 | |
| 260:19-22 | |

**(3/11/05)**

| Page/Line | |
|---|---|
| 567:25-568:9 | |
| 568:11-568:13 | |
| 568:15-569:4 | |
| 569:6-569:24 | |
| 570:1-572:5 | |

**(9/30/05)**

| Page/Line | |
|---|---|
| 252:1-252:24 | |
| 253:1-253:5 | |
| 498:2-501:12 | |
| 501:20-501:23 | |
| 503:12-508:18 | |
| 509:6-515:3 | |
| 516:4-522:3 | |
| 522:8-522:22 | |
| 523:5-524:20 | |
| 524:24-525:16 | |

## MICHELLE BENEDUCE

Ms. Beneduce is a senior professional representative at Merck.  During the time Mr. Barnett took Vioxx, Ms. Beneduce worked with doctors in the New Jersey / Hudson River region.  (See Beneduce dep., p. 12:6-13:14)  At no time during her work at Merck did she ever work with any doctors in South Carolina.  Her work has been focused entirely in New Jersey.

The case before the Court relates to Mr. Gerald Barnett, a South Carolina resident who saw South Carolina doctors.  Despite the fact that Ms. Beneduce has no connection to Mr. Barnett, his doctors, or South Carolina, Plaintiff now seeks to use Ms. Beneduce's testimony in this case.  But testimony from a New Jersey sales representative who met with New Jersey doctors is irrelevant to any issue in this case.  Playing any of Ms. Beneduce's deposition in this case would be unfairly prejudicial.  Her testimony should be excluded in its entirety.

If the Court decides not to exclude Ms. Beneduce's testimony in its entirety, Merck submits objections and counter-designations below.  Merck would like to draw the Court's attention to a few specific examples of the type of testimony Plaintiff has designated for this witness:

#1 – 30:21 – 33:17 –  Counsel for Plaintiff asks the witness whether hypothetical concerns that Dr. Braun, a prescribing physician located in New Jersey, may have had were considered obstacles.  This testimony is completely irrelevant to this case.

#2 – 57:2 – 61:5 – Counsel for Plaintiff asks witness questions about a hearsay Dodgeball document without laying a proper foundation.  These questions are argumentative, misleading and mischaracterize the document.

#3 – 81:7 – 84:2 - Counsel for Plaintiff asks the witness which of several hypothetical concerns that a physician may have are more "important."  These questions call for speculation and

opinion testimony by a lay witness who is not a physician.  They are also irrelevant to this case since Ms. Beneduce never saw any of Mr. Barnett's doctors.

#4 – 125:4 – 125:8; 142:10 – 145:17 – Counsel for Plaintiff asks the witness questions about a hearsay "Dear Doctor" letter that the witness never received.  Counsel for Plaintiff also poses an improper hypothetical to the witness, asking her to speculate on what she would have done with information that she believed to be scientifically inappropriate.

#5 – 335:10 – 339:6, 351:7-356:4 – Counsel for Plaintiff asks the witness questions about hearsay emails that relate exclusively to the prescribing habits of physicians within the New Jersey region.  This testimony is based on hearsay statements and is entirely irrelevant to the Barnett case.

No testimony from Ms. Beneduce was designated in the *Plunkett* case, and therefore there are no previous Court rulings on these designations / objections.

## MERCK'S OBJECTIONS TO PLAINTIFF'S AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line | Defendant's Objection |
|---|---|
| 8:8-8:12 | |
| 9:23-10:5 | |
| 10:15-10:17 | |
| 12:10-12:22 | |
| 13:16-14:10 | |
| 14:13-14:17 | |
| 16:9-16:24 | |
| 27:7- 27:14 | |
| 27:15-27:17 | 602 – calls for speculation about the effect of a physician's obstacles on sales |
| 27:20-27:21 | 602 – witness does not have personal knowledge about the effect of a physician's obstacles on sales |
| 27:24-27:24 | 602 – witness does not have personal knowledge about the effect of a physician's obstacles on sales |

| Page/Line | Defendant's Objection |
|---|---|
| 28:1-28:5 | |
| 28:8-28:10 | |
| 28:17-28:20 | 602 – calls for speculation about the effect of a physician's obstacles on sales |
| 28:23-28:23 | 602 – witness does not have personal knowledge about the effect of a physician's obstacles on sales |
| 30:3-30:5 | |
| 30:8-30:8 | |
| 30:21-31:2 | 602 – asks witness to speculate about concerns that Dr. Braun may have had; also 401, 402 – irrelevant to the Barnett case |
| 31:5-31:9 | Same objection |
| 31:12-31:13 | Same objection |
| 33:2-33:6 | Same objection |
| 33:9-33:14 | Same objection |
| 33:17-33:17 | Same objection |
| 35:1-35:9 | 801, 802 – the obstacle handler is hearsay; also assumes that there were concerns about cardiovascular safety |
| 36:1-36:12 | 602 – lack of foundation - witness does not recall using the CV card; also assumes that there were concerns about cardiovascular safety |
| 38:8-39:6 | |
| 43:2-43:6 | |
| 46:19-47:3 | 602 – lack of foundation for obstacle handler; 801, 802 – obstacle handler is hearsay |
| 57:2-58:5 | 401, 402, 403 – Dodgeball exhibit and questions relating to it are irrelevant and prejudicial.  They have nothing to do with the Barnett case, as his doctors said no Merck sales rep ever tried to dodge a question |
| 58:9-59:2 | Same objection |
| 59:5-59:14 | Same objection |
| 59:17-59:17 | Same objection |
| 60:17-61:2 | Same objection |
| 61:5-61:5 | Same objection |

| Page/Line | Defendant's Objection |
|---|---|
| 80:2-80:7 | 401, 402, 403 – obstacle handler is irrelevant and prejudicial |
| 80:10-81:4 | 401, 402, 403 – obstacle handler is irrelevant and prejudicial |
| 81:7-81:9 | 401, 402, 403 – obstacle handler is irrelevant and prejudicial |
| 82:6-82:10 | 401, 402, 403 – obstacle handler is irrelevant and prejudicial also 602 – calls for speculation as to what doctors believed |
| 82:13-82:16 | Same objection |
| 82:19-83:2 | Same objection |
| 83:5-83:13 | Same objection |
| 83:17-84:2 | Same objection |
| 84:10-84:19 | |
| 84:22-84:24 | |
| 87:21-88:7 | Mischaracterizes prior testimony (witness only testified that she did not know whether specific example that questioner gave would have answered physician's question) |
| 88:10-89:3 | Mischaracterizes prior testimony (witness only testified that she did not know whether specific example that questioner gave would have answered physician's question) |
| 105:23-106:7 | |
| 106:10-106:15 | |
| 108:22-109:6 | 401, 402, 403 – CV Card testimony is irrelevant and prejudicial |
| 109:15-110:3 | Same objection |
| 110:14-110:19 | Same objection |
| 125:4-125:8 | Same objection |
| 142:10-142:17 | Same objection |
| 142:20-143:9 | Same objection |
| 143:12-143:12 | Same objection |
| 144:14-145:8 | 602 – lack of foundation – witness did not receive letter, also calls for speculation as to what rep would have done |
| 145:11-145:17 | 602 – lack of foundation – witness did not receive letter, also calls for speculation as to what rep would have done |
| 186:13-186:15 | 602 – lack of foundation – witness does not recall seeing video, calls for speculation about purpose of training and how other reps were trained |

| Page/Line | Defendant's Objection |
|---|---|
| 187:5-187:11 | Same objection |
| 187:14-187:17 | 602 – calls for speculation about the effects of obstacles on sales;  lack of foundation – witness does not recall seeing video |
| 187:20-187:20 | Same objection |
| 187:24-188:3 | Same objection |
| 188:6-188:14 | Same objection |
| 188:22-188:24 | Same objection |
| 189:3-189:4 | Same objection |
| 202:20-202:22 | 701 – calls for opinion testimony about effects of Vioxx from lay witness |
| 203:1-203:4 | Same objection |
| 203:7-203:9 | Same objection |
| 203:12-203:23 | Same objection |
| 204:3-204:8 | Same objection |
| 248:22-249:8 | |
| 249:21-250:3 | |
| 255:4-255:6 | |
| 255:9-255:14 | |
| 255:17-256:10 | |
| 256:13-256:17 | 401, 402, 403 – obstacle handler is irrelevant and prejudicial |
| 256:20-256:24 | |
| 257:3-257:3 | |
| 263:13-264:5 | 401, 402, 403 – questions about a "target list" and whether a doctor from New Jersey was on the list is irrelevant and prejudicial |
| 266:23-267:5 | Same objection |
| 268:6-269:24 | Same objection |
| 270:14-273:21 | Same objection |
| 276:15-277:4 | 401, 402, 403 – a call sheet relating to New Jersey doctor is irrelevant and prejudicial |
| 284:1-284:23 | Mischaracterizes prior testimony |
| 285:2-285:6 | |

| Page/Line | Defendant's Objection |
|---|---|
| 285:9-285:18 | |
| 288:15-288:24 | |
| 289:14-289:17 | |
| 333:9-333:21 | Mischaracterizes prior testimony – witness did not say that Merck considered physicians who wrote prescriptions for competitors' offenders; argumentative; also 602 – calls for speculation about meaning of "Bextra offender" |
| 333:24-333:24 | Same objection |
| 334:8-334:18 | Same objection |
| 334:21-334:21 | Same objection |
| 335:10-336:6 | 401, 402, 403 – the email and designations relate to certain New Jersey doctors and Vioxx sales in New Jersey.  Irrelevant to the Barnett case, and it would be prejudicial to allow it |
| 336:9-336:16 | Same objection |
| 336:19-336:23 | Same objection |
| 337:2-337:12 | Same objection |
| 337:15-337:22 | Same objection |
| 338:1-338:8 | Same objection |
| 338:24-339:3 | Same objection |
| 339:6-339:6 | Same objection |
| 351:7-351:11 | Same objection |
| 351:20-352:16 | Same objection |
| 352:19-353:4 | Same objection |
| 353:7-353:9 | Same objection |
| 353:13-353:17 | Same objection |
| 353:20-354:3 | Same objection |
| 354:6-354:6 | Same objection |
| 354:9-354:18 | Same objection |
| 354:21-354:21 | Same objection |
| 354:24-355:7 | Same objection |
| 355:10-355:22 | Same objection |
| 356:1-356:4 | |

**MERCK'S COUNTER-DESIGNATIONS**

| Page/Line | |
|---|---|
| 12:23-13:16 (up to "region") | |
| 16:9-16 | |
| 27:1-6 | |
| 28:24-29:10 | |
| 29:13-24 | |
| 33:18-21 | |
| 34:10-18 | |
| 154:15-20 | |

## DR. CURTIS BRYAN

Dr. Bryan was Mr. Barnett's heart surgeon.  On September 10, 2002, he performed coronary artery bypass graft surgery on Mr. Barnett.

Merck has a number of specific objections to Plaintiff's designations for Dr. Bryan (see table below).  There are two categories of Merck's objections to Plaintiff's designations for Dr. Bryan that merit special attention:

#1 – Dr. Bryan was an independent, third-party witness.  Therefore leading questions are impermissible.  Despite timely objections from Merck's counsel, Plaintiff asked numerous leading questions throughout the deposition.  These questions and the answers they elicited (noted in the specific objections below), should be excluded.

#2 – Plaintiff's counsel asked Dr. Bryan a number of improper questions regarding alleged side effects of Vioxx.  Plaintiff's counsel asked questions such as "Doctor, would it be important for you as a cardiac surgeon to know whether a drug like Vioxx could contribute to the development of plaque?"  (See below, Bryan dep., 175:2-5)  These questions assume facts not in evidence, are misleading, and are not based on scientific fact.  The questions are designed to mislead the witness and the jury into believing that Vioxx actually does contribute to the development of plaque, despite the fact that no human study shows this.  Merck notes this objection and similar objections below.

No testimony from Dr. Bryan was designated in the *Plunkett* case, and therefore there are no previous Court rulings on these designations / objections.  Below are Merck's specific objections to the Plaintiff's designations, as well as Merck's counter-designations.

## MERCK'S OBJECTIONS TO PLAINTIFF'S
## AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line | Defendant's Objection |
|---|---|
| 3:25-4:11 | |
| 6:16-8:20 | |
| 9:1-10:7 | |
| 10:19-12:19 | 12:4-13 – Assumes facts not in evidence<br><br>12:17-19 – 611(c) - Leading question to independent, third party witness |
| 12:24-13:10 | 611(c) - Leading questions to independent, third party witness |
| 13:13-15:4 | 13:13-20 – 611(c) - Leading questions to independent, third party witness |
| 15:15-15:17 | 611(c) - Leading question to independent, third party witness |
| 15:19-15:20 | 611(c) – the answer to a leading question to third party witness |
| 16:4-16:11 | |
| 17:7-17:12 | |
| 17:24-18:16 | 18:14-16 – This is a question without an answer and should be removed; also 401, 402, 403 – the question is irrelevant and prejudicial |
| 19:5-19:19 | 401, 402, 403 – whether Mr. Barnett's heart surgeon read the APPROVe study or read information about inhibition of COX-2 is irrelevant.  Dr. Bryan only performed bypass surgery on Mr. Barnett and did not prescribe him Vioxx |
| 19:21-19:22 | 401, 402, 403 – whether Mr. Barnett's heart surgeon read information about inhibition of COX-2 is irrelevant.  Dr. Bryan only performed bypass surgery on Mr. Barnett and did not prescribe him Vioxx |
| 20:13-20:14 | 602 – Plaintiff did not lay a foundation showing Dr. Bryan had studied Vioxx |
| 20:18-20:18 | 602 – Plaintiff did not lay a foundation showing Dr. Bryan had studied Vioxx |
| 20:22-21:4 | 21:1-4 – 401, 402, 403 – irrelevant, prejudicial and assumes facts not in evidence |
| 21:6-21:6 | 401, 402, 403 – irrelevant, prejudicial and assumes facts not in evidence |
| 21:8-21:10 | 401, 402, 403, 602 – irrelevant, prejudicial and assumes facts not in evidence, no foundation for this proposition |
| 21:13-21:13 | 401, 402, 403, 602 – irrelevant, prejudicial and assumes facts not in evidence, no foundation for this proposition |

| Page/Line | Defendant's Objection |
|---|---|
| 24:1-28:4 | |
| 28:22-28:24 | |
| 29:1-29:1 | |
| 29:3-32:14 | |
| 32:18-36:9 | |
| 36:11-36:11 | 36:7-11 – 611(c) Leading question to independent, third party witness |
| 36:13-36:25 | |
| 37:12-39:21 | |
| 40:17-41:8 | |
| 41:10-41:12 | |
| 41:22-45:3 | |
| 45:9-45:10 | 611(c) - Leading question to independent, third party witness |
| 45:15-45:18 | 611(c) – Answer to a leading question to independent, third party witness |
| 45:24-46:8 | |
| 46:13-47:18 | |
| 47:23-54:16 | |
| 54:23-57:17 | |
| 58:4-58:12 | |
| 58:18-60:14 | |
| 60:21-61:23 | |
| 62:5-62:25 | |
| 63:19-67:23 | |
| 68:6-69:17 | |
| 69:21-69:23 | |
| 170:16-172:1 | |
| 172:20-173:7 | 173:5-7 – 602 – Question calls for witness to speculate and testify about something he does not have personal knowledge of.  No foundation. |
| 173:10-174:14 | 173:10-14 – 602 – This is the answer to the objectionable question at 173:5-7.  No foundation. |
| 174:16-174:16 | |

| Page/Line | Defendant's Objection |
|---|---|
| 174:18-176:2 | 175:2-176:2 – 602 – there is no foundation laid for these questions. Also there is no scientific proof that Vioxx contributes to the development of plaque or atherosclerosis in humans.  Also assumes facts not in evidence; calls for speculation; also 403, unfair prejudice outweighing any probative values |
| 176:9-176:23 | 602 – There is no foundation laid for the questions or the answers. There is no scientific proof that Vioxx contributes to the development of plaque or atherosclerosis in humans.  The questions also ask Dr. Bryan to speculate, and assume facts not in evidence.  This section is also 403, unfair prejudice outweighing any probative values |
| 176:25-176:25 | This is an answer to an objectionable question (see above) and should be removed if the question is excluded. |
| 177:15-178:3 | |
| 178:15-178:21 | Misleading, assumes facts not in evidence |
| 178:23-179:7 | 178:23-179:4 – answer to the objectionable question at 178:19-21.  179:6-7 – 611(c) - Leading question to independent, third party witness; also assumes facts not in evidence, misleading, prejudicial (403) |
| 179:15-179:21 | 179:15-16– answer to the objectionable question at 178:19-21.  179:17-21 – Dr. Bryan is not an expert on Vioxx. |

**MERCK'S COUNTER-DESIGNATIONS**

| Page/Line | |
|---|---|
| 3:25 - 4:11 | |
| 6:16 - 7:15 | |
| 7:19 - 8:3 | |
| 8:7 - 8:14 | |
| 9:11 - 9:18 | |
| 9:19 - 10:2 | |
| 10:19 - 11:5 | |
| 11:6 - 11:16 | |
| 16:1 - 16:11 | |
| 16:23 - 17:1 | |
| 17:2 - 17:6 | |

| Page/Line | |
|---|---|
| 21:15 - 22:1 | |
| 23:12 - 23:16 | |
| 39:22 - 40:16 | |
| 63:5 - 63:18 | |
| 68:6 - 68:25 | |
| 70:8 - 70:10 | |
| 70:11 - 70:12 | |
| 70:15 - 71:6 | |
| 71:7 - 73:4 | |
| 73:5 - 76:20 | |
| 77:3 - 77:6 | |
| 77:8 - 77:11 | |
| 77:13 - 77:16 | |
| 77:19 - 77:24 | |
| 78:1 - 78:7 | |
| 78:11 - 78:20 | |
| 79:2 - 80:6 | |
| 80:12 - 80:18 | |
| 80:21 | |
| 80:23 - 84:7 | |
| 84:8 - 85:23 | |
| 86:20 - 87:9 | |
| 87:11 - 88:18 | |
| 88:23 - 90:7 | |
| 90:8 - 90:9 | |
| 90:16 - 93:6 | |
| 93:22 - 94:1 | |
| 94:7 - 99:19 | |
| 99:21 - 99:24 | |
| 100:4 - 100:7 | |

| Page/Line | |
|---|---|
| 100:14 - 100:18 | |
| 100:19 - 101:22 | |
| 101:25 - 102:13 | |
| 102:17 - 102:23 | |
| 102:24 - 103:1 | |
| 103:11 - 103:18 | |
| 103:21 - 104:14 | |
| 104:17 - 105:2 | |
| 105:7 - 105:20 | |
| 105:25 - 107:9 | |
| 107:21 - 108:3 | |
| 108:6 - 108:8 | |
| 109:3 - 109:7 | |
| 109:10 - 109:11 | |
| 109:13 - 112:2 | |
| 112:8 - 112:24 | |
| 113:11 - 117:3 | |
| 117:13 - 122:2 | |
| 123:2 - 123:5 | |
| 123:17 - 123:19 | |
| 123:20 - 124:5 | |
| 124:8 - 124:10 | |
| 124:15 - 124:18 | |
| 124:20 - 125:16 | |
| 126:1 - 126:12 | |
| 126:13 - 127:18 | |
| 127:19 - 128:17 | |
| 129:7 - 129:19 | |
| 129:23 - 130:19 | |
| 130:21 - 130:24 | |

| Page/Line | |
|---|---|
| 130:25 - 131:1 | |
| 131:5 - 132:9 | |
| 132:12 - 133:6 | |
| 133:7 - 134:14 | |
| 134:19 - 138:2 | |
| 138:23 - 140:2 | |
| 140:3 - 142:4 | |
| 143:6 - 144:16 | |
| 145:14 - 146:9 | |
| 146:13 - 147:20 | |
| 147:23 - 148:4 | |
| 148:9 - 149:11 | |
| 149:12 - 150:3 | |
| 150:4 - 150:10 | |
| 150:11 - 150:12 | |
| 150:17 - 153:11 | |
| 153:12 - 154:21 | |
| 154:22 - 155:9 | |
| 155:10 - 155:17 | |
| 155:18 - 155:25 | |
| 156:13 - 156:24 | |
| 157:8 - 157:19 | |
| 157:22 - 158:8 | |
| 158:13 - 159:9 | |
| 159:13 - 159:22 | |
| 159:23 - 160:7 | |
| 160:13 - 161:8 | |
| 161:20 - 161:22 | |
| 161:24 - 162:3 | |
| 162:9 - 162:18 | |

| Page/Line | |
|---|---|
| 163:21 - 163:24 | |
| 164:3 - 164:5 | |
| 164:7 - 164:11 | |
| 164:21 - 166:8 | |
| 166:25 - 167:19 | |
| 167:20 - 167:23 | |
| 168:1 - 168:6 | |
| 168:21 - 169:1 | |
| 178:4 - 178:13 | |
| 180:3 - 180:8 | |
| 180:10 - 181:6 | |
| 181:7 - 181:10 | |
| 181:12 - 182:5 | |
| 182:18 - 183:6 | |

## MERCK'S CONDITIONAL-DESIGNATIONS

In Merck's affirmative designations for Dr. Bryan, Merck made certain "Conditional Affirmative Designations". Merck has now taken a number of these conditional affirmative designations and made them counter-designations to Plaintiff's affirmative designations for Dr. Bryan. For the remainder of Merck's conditional affirmative designations, Merck will wait until the Court's rulings on certain evidentiary issues, the Court's rulings on the Plaintiff's and Merck's affirmative designations, and any changes the Plaintiff makes to its designations, before deciding whether to play those conditional affirmative designations.

## GREGORY CURFMAN

The Court is familiar with Dr. Curfman, the executive editor of the New England Journal of Medicine.

Merck has a number of specific objections to particular parts of Dr. Curfman's testimony (see below). Abroad category of objections has to do with numerous leading questions that also call on Dr. Curfman to speculate about what other people (such as the NEJM's readers) think or rely on.

### MERCK'S OBJECTIONS TO PLAINTIFF'S
### AFFIRMATIVE DEPOSITION DESIGNATIONS

### 11/21/05

| Page/Line | Defendant's Objection | Ruling in *Plunkett* |
|---|---|---|
| 12:13-12:14 | | |
| 13:5-16:18 | | |
| 17:22-18:3 | | |
| 20:22-22:1 | | |
| 22:2-22:14 | | |
| 26:3-26:15 | 611 leading question | Overruled – 602, 401-3 |
| 26:17-27:11 | 611 answer to leading question | Overruled – 602, 401-3 |
| 44:1-46:3 | | |
| 46:8-48:8 | | |
| 54:5-54:9 | | |
| 54:11-54:21 | | |
| 55:16-58:15 | | |
| 59:8-59:15 | | |
| 60:11-61:2 | | |
| 61:10-62:4 | | |
| 62:6-62:16 | | |
| 66:19-67:19 | | |
| 72:4-72:8 | | |
| 73:14-73:18 | | |

| Page/Line | Defendant's Objection | Ruling in *Plunkett* |
|---|---|---|
| 73:21-74:24 | | |
| 75:7-75:15 | | |
| 75:24-77:20 | | |
| 84:14-84:18 | | |
| 88:12-89:15 | 89:11-15, question calls for speculation as to what the readers (as a group entity) rely on in the NEJM.  No foundation established for witness's personal knowledge of this information.  FRE 602 | Overruled – 611 |
| 90:16-90:23 | 611 leading question, question calls for speculation as to what the readers (as a group entity) rely on in the NEJM.  No foundation established for witness's personal knowledge of this information.  FRE 602 | Overruled – 611, 701-3 |
| 91:1-91:2 | 611 answer to leading question, question calls for speculation as to what the readers (as a group entity) rely on in the NEJM.  No foundation established for witness's personal knowledge of this information.  FRE 602 | Overruled – 611, 701-3 |
| 104:13-104:19 | | |
| 104:21-105:5 | | |
| 105:7-105:22 | | |
| 105:24-106:23 | | |
| 110:6-110:8 | | |
| 110:13-111:2 | | |
| 111:23-112:7 | | |
| 112:9-112:12 | | |
| 112:23-113:5 | 113:4-5 question calls for speculation as to what the readers (as a group entity) rely on in the NEJM.  No foundation established for witness's personal knowledge of | Overruled - 602 |

| Page/Line | Defendant's Objection | Ruling in *Plunkett* |
|---|---|---|
| | this information.  FRE 602 | |
| 113:7-113:17 | Answer to question calling for speculation as to what the readers (as a group entity) rely on in the NEJM.  No foundation established for witness's personal knowledge of this information.  FRE 602 | Overruled - 602 |
| 124:4-126:1 | | |
| 130:4-130:8 | | |
| 141:20-142:5 | Reviewer comments on APPROVe draft are hearsay 801, 802 – The Court denied Merck's request to discover of these reviewers from the NEJM and to present their views without affording Merck the opportunity to cross examine them prejudices Merck | Overruled |
| 148:19-148:20 | 602 – no foundation for personal knowledge of the subject matter of this question; 701, 702, calls for expert testimony that this witness is not qualified to give | |
| 148:23-149:14 | 602 – no foundation for personal knowledge of the subject matter of this question; 701, 702, calls for expert testimony that this witness is not qualified to give | |
| 157:7-158:5 | | |
| 168:10-168:23 | Question calls for speculation as to what the readers (as a group entity) rely on in the NEJM.  No foundation established for witness's personal knowledge of this information.  FRE 602 | Overruled (168:18-23) – 602, 611, 701-3 |
| 169:1-169:9 | Question calls for speculation as to what the readers (as a group entity) rely on in the NEJM.  No foundation established for witness's personal knowledge of this information.  FRE 602 | Overruled – 602, 611, 701-3 |

| Page/Line | Defendant's Objection | Ruling in *Plunkett* |
|---|---|---|
| 169:11-169:11 | Answer to question calling for speculation as to what the readers (as a group entity) rely on in the NEJM. No foundation established for witness's personal knowledge of this information. FRE 602 | Overruled - 602, 611, 701-3 |
| 169:12-169:18 | | |

**1/24/06**

| Page/Line | Barnett Objection | *Plunkett* Ruling |
|---|---|---|
| 43:15-43:21 | | |
| 45:21-46:11 | | |
| 69:5-70:16 | | |
| 122:20-123:9 | | |
| 123:16-125:7 | | |
| 131:10-131:14 | | |
| 131:19-132:1 | | |
| 176:16-177:1 | | |
| 177:10-179:3 | | |
| 187:17-188:12 | | |
| 188:16-191:7 | 188:16-190:10 non-responsive answer | |
| 248:12-249:10 | | |
| 260:14-261:13 | | |
| 263:21-264:7 | | |

**MERCK'S COUNTER-DESIGNATIONS**

**1/24/06**

| Page/Line | |
|---|---|
| 18:21 - 19:4 | |
| 20:8 - 21:7 | |

| Page/Line | |
|---|---|
| 21:20 - 21:24 | |
| 22:21 | |
| 23:23 - 24:19 | |
| 26:23 - 27:3 | |
| 27:14 - 27:24 | |
| 28:23 - 30:1 | |
| 30:23 - 31:23 | |
| 32:23 - 33:3 | |
| 33:10 - 35:1 | |
| 35:11 - 35:18 | |
| 36:19 - 36:23 | |
| 37:22 - 38:6 | |
| 38:12 - 39:5 | |
| 40:1 - 40:6 | |
| 40:13 - 40:16 | |
| 42:17 - 42:22 | |
| 43:17 - 44:3 | |
| 44:9 - 45:3 | |
| 45:6 - 45:9 | |
| 45:11 - 46:18 | |
| 46:21 - 47:6 | |
| 47:11 - 48:1 | |
| 48:24 - 49:2 | |
| 49:7 - 49:11 | |
| 49:13 - 49:23 | |
| 50:10 - 50:14 | |
| 50:23 - 50:24 | |
| 51:6 - 51:10 | |
| 51:13 - 51:17 | |
| 51:20 - 52:9 | |

| Page/Line | |
|---|---|
| 53:8 | |
| 54:17 - 55:1 | |
| 55:3 - 55:14 | |
| 55:15 - 55:17 | |
| 55:20 - 55:21 | |
| 55:23 - 56:3 | |
| 56:13 - 56:24 | |
| 57:2 - 57:24 | |
| 58:1 - 58:14 | |
| 58:17 - 59:9 | |
| 59:23 - 60:4 | |
| 60:15 - 60:20 | |
| 61:20 - 62:2 | |
| 62:5 - 62:7 | |
| 62:15 - 62:16 | |
| 62:19 - 64:10 | |
| 65:9 - 65:10 | |
| 65:13 - 65:20 | |
| 66:20 - 67:18 | |
| 68:14 - 69:8 | |
| 71:11 - 72:17 | |
| 73:2 - 73:20 | |
| 74:3 - 74:16 | |
| 74:17 - 75:9 | |
| 75:15 | |
| 76:1 - 76:11 | |
| 76:16 - 76:21 | |
| 77:1 - 77:17 | |
| 78:1 - 78:6 | |
| 80:17 - 80:19 | |

| Page/Line | |
|---|---|
| 81:7 - 81:10 | |
| 81:15 - 81:16 | |
| 82:15 - 83:7 | |
| 83:11 - 83:15 | |
| 83:22 - 84:2 | |
| 84:6 | |
| 84:14 | |
| 84:18 - 84:22 | |
| 84:24 - 85:18 | |
| 87:6 - 88:2 | |
| 88:4 - 88:5 | |
| 88:7 - 89:3 | |
| 89:4 - 89:16 | |
| 89:20 - 90:15 | |
| 90:19 - 90:22 | |
| 90:24 - 92:5 | |
| 92:8 - 92:11 | |
| 92:13 - 92:21 | |
| 93:13 - 93:14 | |
| 93:16 - 94:1 | |
| 94:5 - 95:4 | |
| 96:4 - 96:8 | |
| 96:11 - 96:19 | |
| 96:24 - 97:8 | |
| 97:10 - 97:14 | |
| 97:16 - 98:1 | |
| 98:3 - 98:18 | |
| 99:16 - 100:15 | |
| 100:20 - 101:5 | |
| 101:14 - 101:20 | |

| Page/Line |  |
|---|---|
| 101:22 - 101:24 |  |
| 102:2 - 102:4 |  |
| 102:9 - 102:11 |  |
| 102:13 - 102:16 |  |
| 102:24 - 103:13 |  |
| 103:15 - 104:1 |  |
| 104:10 - 104:16 |  |
| 108:2 - 108:23 |  |
| 110:9 - 110:14 |  |
| 111:8 - 111:24 |  |
| 112:1 - 112:10 |  |
| 112:13 - 113:11 |  |
| 114:4 - 114:5 |  |
| 114:14 - 114:16 |  |
| 114:22 - 114:24 |  |
| 115:1 - 115:4 |  |
| 115:8 - 115:21 |  |
| 116:12 - 116:18 |  |
| 117:13 - 117:14 |  |
| 117:17 - 118:6 |  |
| 119:16 - 120:6 |  |
| 121:6 - 122:8 |  |
| 122:22 - 123:1 |  |
| 123:16 - 123:24 |  |
| 125:15 - 125:24 |  |
| 126:11 - 127:1 |  |
| 127:17 - 127:19 |  |
| 129:16 - 129:21 |  |
| 131:10 - 131:14 |  |
| 131:19 - 132:1 |  |

| Page/Line | |
|---|---|
| 132:3 - 132:18 | |
| 133:2 - 133:15 | |
| 133:23 - 134:19 | |
| 134:21 - 135:16 | |
| 136:6 - 136:14 | |
| 137:7 - 137:13 | |
| 138:5 - 139:5 | |
| 139:8 - 139:11 | |
| 139:13 - 140:10 | |
| 141:6 - 142:15 | |
| 142:16 - 142:21 | |
| 143:6 | |
| 143:11 - 143:21 | |
| 144:8 - 144:16 | |
| 146:4 - 146:12 | |
| 147:7 - 147:24 | |
| 149:12 - 149:16 | |
| 149:19 - 150:1 | |
| 150:20 - 150:24 | |
| 151:1 - 151:16 | |
| 151:24 - 152:1 | |
| 152:4 - 152:16 | |
| 153:2 - 154:17 | |
| 154:22 | |
| 156:2 - 156:4 | |
| 156:5 - 158:20 | |
| 159:2 - 159:3 | |
| 159:5 - 159:16 | |
| 159:19 - 159:24 | |
| 160:18 - 160:19 | |

| Page/Line | |
|---|---|
| 161:10 - 161:12 | |
| 161:23 | |
| 162:7 - 162:9 | |
| 162:13 - 162:20 | |
| 162:24 - 163:5 | |
| 163:20 - 164:9 | |
| 165:2 - 165:5 | |
| 166:16 - 166:24 | |
| 170:2 - 170:16 | |
| 171:14 - 171:23 | |
| 172:2 - 172:16 | |
| 172:22 - 173:9 | |
| 173:12 - 174:1 | |
| 174:3 - 174:7 | |
| 174:12 - 174:13 | |
| 175:1 - 175:6 | |
| 175:9 - 175:22 | |
| 176:16 - 177:1 | |
| 177:10 - 177:24 | |
| 179:22 - 180:4 | |
| 180:8 - 180:10 | |
| 183:2 - 183:18 | |
| 185:5 - 185:12 | |
| 185:17 - 185:19 | |
| 192:10 - 193:12 | |
| 194:3 - 194:7 | |
| 194:10 - 194:20 | |
| 194:23 - 195:4 | |
| 195:6 - 195:18 | |
| 195:19 - 195:23 | |

| Page/Line | |
|---|---|
| 196:22 - 197:3 | |
| 197:6 | |
| 201:18 - 201:24 | |
| 202:3 - 202:4 | |
| 204:9 - 205:4 | |
| 205:15 - 206:4 | |
| 206:9 - 206:17 | |
| 207:3 - 207:10 | |
| 209:2 - 209:3 | |
| 211:19 - 212:6 | |
| 214:1 - 214:3 | |
| 214:6 - 214:8 | |
| 217:5 - 218:11 | |
| 219:18 - 219:24 | |
| 221:10 - 221:15 | |
| 221:18 - 221:19 | |
| 222:3 - 223:6 | |
| 223:9 - 223:17 | |
| 224:19 - 224:22 | |
| 225:18 - 226:19 | |
| 236:14 - 236:19 | |
| 237:4 - 237:7 | |
| 237:8 - 237:10 | |
| 237:11 | |
| 239:15 - 239:21 | |
| 240:14 - 240:23 | |
| 241:10 - 242:13 | |
| 242:17 - 242:23 | |
| 325:19 - 326:17 | |
| 326:22 - 326:23 | |

## MERCK'S SUPPLEMENTAL AFFIRMATIVE DESIGNATIONS

### 1/24/06

| Page/Line | Change |
|---|---|
| 55:3 - 55:13 | Should be 55:3 - 55:14 |
| 74:3 – 74:14 | Should be 74:3 – 74:16 |
| 110:19 – 110:22 | Deleted |
| 240:14 – 240:21 | Should be 240:14 – 240:23 |
| 325:6 – 325:7 | Deleted |

**JAMES DUNN**

Mr. Dunn has held a number of positions at Merck over the years, including a business manager, a team leader for Vioxx, and educational program initiative senior director.

Plaintiff uses Mr. Dunn as a vehicle for playing a short, fictional Star Trek-themed video called Be The Power that was shown to sales representatives during one district training session as a "mental break" in an eight or ten-hour training session. Dunn Dep. at 304-05. The video itself **was not** shown during the *Plunkett II* trial. This video is irrelevant because there is no evidence that the sales representatives who called on Mr. Barnett's doctors ever saw it. In addition, the video is prejudicial because Plaintiff uses it to create the false impression that Merck sales representatives received no substantive scientific training about Vioxx. Therefore, the Court should exclude this video and all testimony related to it under Rules 401, 402 and 403.

**MERCK'S OBJECTIONS TO PLAINTIFF'S
AFFIRMATIVE DEPOSITION DESIGNATIONS**

| Page/Line | Defendant's Objection | Ruling in *Plunkett* |
|---|---|---|
| 9:3-10:4 | | |
| 12:2-12:5 | | |
| 12:8-12:12 | | |
| 291:7-291:14 | Sidebar; 401; 402; 403 | Plaintiff agreed to remove sidebar; overruled otherwise |
| 292:12-292:20 | 401; 402; 403 | Overruled |
| 292:23-295:7 | 401; 402; 403 | Overruled |
| 295:9-296:16 | 401; 402; 403 | Overruled |
| 296:17 – 297:4 | 611; mischaracterizes the document | Plaintiff agreed to withdraw |
| 297:5 – 297:11 | Sidebar; no question pending | Sustained |
| 298:24-298:25 | Sidebar | Sustained (through the word "again") |
| 298:25 – 298:2 | 801; 802; 602; 401; 402; 403 | Overruled |

| Page/Line | Defendant's Objection | Ruling in *Plunkett* |
|---|---|---|
| 298:3 – 299:2 | | |
| 299:4-299:13 | 602; 401; 402; 403 | Overruled |
| 304:5-305:22 | 401; 402; 403; 611 | Plaintiff withdrew 304:10 and first word of 304:11, otherwise Overruled |

### MERCK'S COUNTER-DESIGNATIONS

| Page/Line | |
|---|---|
| 10:19 – 11:15 | |
| 299:14 – 299:25 | |
| 301:5 – 301:9 | |
| 306:6 – 306:9 | |
| 322:15 – 330:8 | |
| 330:16 – 331-23 | |
| 347:2 – 350:11 | |

## STEPHEN EPSTEIN

Dr. Epstein is currently the head of the Cardiovascular Research Institute in Washington D.C. In June of 2000, Dr. Epstein conducted a mouse study using an experimental Cox-2 inhibitor provided by Merck. Plaintiff has identified Dr. Epstein as a non-retained expert witness in atherosclerosis.

Merck submits its specific objections to the Plaintiff's designations in the table below. Merck would also like to draw the Court's attention to the following objections:

#1 – Dr. Epstein gave testimony and opinions about the APPROVe study during the deposition (see, for example, 237:20-238:19, 238:22-239:4, 239:22-240:3, 240:6-240:13, 240:16-241:3, 290:13-290:16, and 291:3-291:8).  Yet Dr. Epstein also admitted that he has never even read or reviewed the APPROVe study, and that his knowledge about it is merely "secondhand."  (See 239:9-239:10, 242:16-243:4, 243:7-243:8, and 291:20-291:21).  Because Dr. Epstein has not read or reviewed the APPROVe study and is therefore not qualified to testify about it, all his testimony relating to the APPROVe study should be excluded.

#2 – Counsel for the Plaintiff repeatedly showed Dr. Epstein internal Merck documents that he had never seen before, and proceeded to ask Dr. Epstein questions about them.  For example, see 51:2-51:6, 51:19-52:5, 53:16-54:7, 60:10-61:3, 99:8-99:9, 100:4-100:23, 108:8-108:9, 108:16-109:11, 109:20-110:3, 112:22-113:16, 266:11-267:18, and 267:21-267:22 below.  There was no foundation laid for these exhibits or these questions, and they should also be excluded.

No testimony from Dr. Epstein was designated in the *Plunkett* case, and therefore there are no previous Court rulings on these designations / objections.

**MERCK'S OBJECTIONS TO PLAINTIFF'S
AFFIRMATIVE DEPOSITION DESIGNATIONS**

| Page/Line | Defendant's Objection |
|---|---|
| 13:5-13:7 | |
| 13:12-15:24 | |
| 16:2-17:15 | |
| 17:19-24:12 | |
| 24:19-25:2 | |
| 25:20-26:3 | |
| 26:12-28:24 | 701, calls for expert opinion by lay witness |
| 29:6-29:18 | 701, calls for expert opinion by lay witness |
| 30:2-30:12 | 701, calls for expert opinion by lay witness |
| 31:15-32:10 | |
| 32:12-32:23 | |
| 33:20-33:24 | 701, calls for expert opinion by lay witness |
| 36:12-37:8 | 36:12-36:22 – 701, calls for expert opinion by lay witness<br><br>37:4-37:8 – Incomplete designation (omits witnesses answer at 37:9) |
| 37:11-38:13 | |
| 41:17-42:19 | 42:9-42:19 – Assumes facts not in existence (misrepresents what Board of Scientific Advisors told Merck) |
| 42:23-43:1 | Assumes facts not in existence (misrepresents what Board of Scientific Advisors told Merck) |
| 43:5-43:12 | Assumes facts not in existence (misrepresents what Board of Scientific Advisors told Merck) |
| 43:15-43:15 | Assumes facts not in existence (misrepresents what Board of Scientific Advisors told Merck) |
| 51:2-51:6 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before |
| 51:19-52:5 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before |
| 53:16-54:7 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before |
| 54:11-54:16 | |

| Page/Line | Defendant's Objection |
|---|---|
| 55:11-55:12 | |
| 55:14-55:15 | |
| 56:7-56:14 | |
| 58:2-58:16 | |
| 59:3-59:24 | |
| 60:10-61:3 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before |
| 61:14-61:15 | |
| 61:18-61:24 | |
| 62:7-63:5 | |
| 65:8-69:23 | |
| 70:10-70:14 | |
| 71:11-71:22 | |
| 72:2-73:10 | |
| 75:16-76:22 | |
| 77:15-77:23 | |
| 79:19-83:3 | |
| 85:1-85:2 | |
| 85:4-87:10 | |
| 88:12-88:15 | |
| 88:17-89:23 | |
| 91:15-91:19 | |
| 92:22-93:4 | |
| 93:10-93:13 | |
| 93:17-93:17 | |
| 93:20-94:1 | |
| 97:10-97:19 | |
| 99:8-99:9 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before |
| 100:4-100:23 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before |

| Page/Line | Defendant's Objection |
|---|---|
| 104:18-105:10 | |
| 108:8-108:9 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before |
| 108:16-109:11 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before |
| 109:20-110:3 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before |
| 112:22-113:16 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before |
| 115:11-115:22 | |
| 116:8-116:11 | |
| 116:14-119:3 | |
| 119:7-120:20 | 120:13-120:20 – 403 – any probative value substantially outweighed by danger of prejudice); also compound, and calls for expert opinion from lay witness, and calls for speculation (asking about Merck's state of mind) |
| 120:23-120:23 | 403 – any probative value substantially outweighed by danger of prejudice; also compound, calls for expert opinion from lay witness, calls for speculation (asking about Merck's state of mind) |
| 123:4-123:5 | |
| 123:18-123:23 | |
| 124:12-124:16 | 611(c) – leading an independent, third-party witness |
| 124:19-125:22 | 124:19-125:5 – 611(c) – leading an independent, third-party witness<br><br>125:17-125:22 – 611(c) –  611(c) – leading an independent, third-party witness; Also calls for speculation (what others were thinking/feeling) |
| 126:1-126:10 | 126:1-126:2 – 611(c) – leading an independent, third-party witness; Also calls for speculation (what others were thinking/feeling) |
| 131:13-131:21 | |
| 134:4-134:9 | |
| 140:18-141:13 | |
| 141:19-142:19 | |
| 207:17-207:22 | |
| 210:8-212:5 | Non-responsive answer |
| 228:7-229:2 | |

| Page/Line | Defendant's Objection |
|---|---|
| 230:12-231:14 | |
| 237:20-238:19 | 602 – No foundation – and lack of personal knowledge because witness testified he never read or reviewed APPROVe study results, but only heard about the results secondhand – see 239:9-239:10, 242:16-243:4, and 243:7-243:8; Calls for speculation (same) |
| 238:22-239:4 | 602 – No foundation – and lack of personal knowledge because witness testified he never read or reviewed APPROVe study results, but only heard about the results secondhand – see 239:9-239:10, 242:16-243:4, and 243:7-243:8; Calls for speculation (same) |
| 239:22-240:3 | 602 – No foundation – and lack of personal knowledge because witness testified he never read or reviewed APPROVe study results, but only heard about the results secondhand – see 239:9-239:10, 242:16-243:4, and 243:7-243:8; Calls for speculation (same) |
| 240:6-13 | 602 – No foundation – and lack of personal knowledge because witness testified he never read or reviewed APPROVe study results, but only heard about the results secondhand – see 239:9-239:10, 242:16-243:4, and 243:7-243:8; Calls for speculation (same) |
| 240:16-241:3 | 602 – No foundation – and lack of personal knowledge because witness testified he never read or reviewed APPROVe study results, but only heard about the results secondhand – see 239:9-239:10, 242:16-243:4, and 243:7-243:8; Calls for speculation (same) |
| 263:14-264:2 | |
| 264:5-264:7 | |
| 264:20-265:18 | |
| 266:11-267:18 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before; Assumes facts not in existence (assumes the basis for Merck's actions) |
| 267:21-267:22 | 602 – lack of personal knowledge – witness has never seen this internal Merck email before; Assumes facts not in existence (assumes the basis for Merck's actions) |
| 290:13-290:16 | 602 (lack of personal knowledge – witness testified that he had never reviewed the APPROVe follow-up data at 291:20-291:21); Calls for expert opinion by lay witness |
| 291:3-291:8 | 602 (lack of personal knowledge – witness testified that he had never reviewed the APPROVe follow-up data at 291:20-291:21); Calls for expert opinion by lay witness |
| 292:6-292:17 | |

| Page/Line | Defendant's Objection |
|---|---|
| 293:4-293:13 | |

## MERCK'S COUNTER-DESIGNATIONS

| Page/Line | |
|---|---|
| 13:5 - 13:7 | |
| 13:14 - 13:21 | |
| 14:12 - 15:24 | |
| 16:2 - 16:18 | |
| 20:15 - 21:6 | |
| 23:9 - 24:4 | |
| 24:5 - 24:12 | |
| 25:12 - 26:9 | |
| 30:14 - 30:19 | |
| 31:7 - 31:12 | |
| 33:10 - 33:19 | |
| 37:5 - 37:9 | |
| 37:11 - 37:23 | |
| 42:1 - 42:19 | |
| 43:01:00 | |
| 43:5 - 43:12 | |
| 43:15:00 | |
| 48:7 - 48:17 | |
| 48:22 - 49:11 | |
| 49:14 - 49:21 | |
| 54:2 - 54:7 | |
| 54:11 - 54:16 | |
| 55:11 - 55:12 | |
| 63:6 - 63:16 | |
| 67:20 - 68:20 | |
| 80:2 - 83:3 | |

| Page/Line | |
|---|---|
| 91:15 - 91:19 | |
| 92:22 - 93:9 | |
| 93:20 - 94:5 | |
| 98:3 - 99:1 | |
| 104:18 - 104:23 | |
| 105:7 - 106:11 | |
| 106:13 - 107:5 | |
| 107:24 - 108:3 | |
| 108:4 - 108:7 | |
| 126:11 - 126:16 | |
| 134:4 - 134:9 | |
| 135:19 - 136:2 | |
| 136:8 - 136:12 | |
| 136:15 | |
| 137:1 - 137:11 | |
| 138:3 - 138:10 | |
| 138:13 - 139:18 | |
| 139:19 - 140:3 | |
| 140:18 - 141:13 | |
| 141:14 - 141:16 | |
| 141:19 - 141:22 | |
| 141:23 - 142:19 | |
| 142:22 - 143:3 | |
| 143:17 - 143:24 | |
| 144:12 - 144:14 | |
| 144:17:00 | |
| 144:22 - 145:5 | |
| 145:08:00 | |
| 145:19 - 146:2 | |
| 146:3 - 148:20 | |

| Page/Line | |
|---|---|
| 148:21 - 149:20 | |
| 149:21 - 150:11 | |
| 150:16 - 151:13 | |
| 151:14 - 152:16 | |
| 152:20 - 153:5 | |
| 153:6 - 153:17 | |
| 155:8 - 156:1 | |
| 156:2 - 157:11 | |
| 157:12 - 157:18 | |
| 157:19 - 159:2 | |
| 160:16 - 160:21 | |
| 161:03:00 | |
| 161:16 - 161:21 | |
| 161:24 - 162:1 | |
| 162:11 - 162:20 | |
| 162:21 - 163:2 | |
| 163:7 - 164:23 | |
| 165:2 - 165:18 | |
| 165:19 - 166:23 | |
| 166:24 - 168:12 | |
| 170:19 - 172:3 | |
| 172:4 - 172:18 | |
| 172:19 - 173:5 | |
| 173:16 - 173:20 | |
| 174:13 - 174:24 | |
| 175:1 - 175:7 | |
| 175:19 - 176:2 | |
| 176:5 - 176:11 | |
| 176:13 - 176:16 | |
| 177:8 - 177:10 | |

| Page/Line | |
|---|---|
| 177:11 - 178:12 | |
| 179:9 - 179:24 | |
| 180:3 - 181:7 | |
| 182:3 - 182:9 | |
| 182:10 - 182:15 | |
| 183:10 - 184:11 | |
| 184:12 - 184:18 | |
| 184:19 - 184:21 | |
| 186:3 - 187:3 | |
| 187:16 - 188:7 | |
| 188:8 - 188:23 | |
| 188:24 - 189:9 | |
| 190:6 - 190:12 | |
| 190:22 - 191:6 | |
| 191:19 - 191:24 | |
| 192:1 - 193:8 | |
| 193:11 - 193:16 | |
| 193:22 - 194:7 | |
| 194:9 - 194:19 | |
| 194:22 - 195:9 | |
| 195:10 - 195:24 | |
| 196:1 - 196:6 | |
| 196:18 - 197:2 | |
| 197:8 - 197:10 | |
| 197:12 - 197:21 | |
| 197:22 - 198:5 | |
| 198:9 - 199:19 | |
| 200:13 - 200:14 | |
| 201:3 - 201:16 | |
| 201:17 - 202:12 | |

| Page/Line | |
|---|---|
| 202:13 - 203:6 | |
| 203:7 - 203:11 | |
| 203:17 - 203:18 | |
| 203:20 - 204:23 | |
| 204:24 - 205:24 | |
| 206:20 - 207:1 | |
| 207:17 - 208:6 | |
| 208:7 - 208:15 | |
| 212:6 - 213:5 | |
| 213:6 - 213:12 | |
| 213:16 - 213:24 | |
| 214:1 - 214:6 | |
| 214:9 - 214:11 | |
| 216:6 - 216:10 | |
| 216:22 - 217:10 | |
| 218:10 - 218:16 | |
| 219:13 - 220:2 | |
| 220:3 - 220:23 | |
| 220:24 - 222:1 | |
| 223:15 - 224:2 | |
| 226:7 - 226:23 | |
| 227:17 - 227:22 | |
| 227:23 - 228:6 | |
| 228:21 - 229:15 | |
| 230:3 - 230:11 | |
| 231:8 - 231:14 | |
| 231:15 - 231:19 | |
| 232:5 - 232:14 | |
| 234:21 - 235:23 | |
| 235:24 - 236:21 | |

| Page/Line | |
|---|---|
| 237:4 - 237:8 | |
| 239:6 - 239:10 | |
| 241:5 - 241:7 | |
| 242:16 - 242:23 | |
| 243:7 - 243:8 | |
| 243:19 - 244:19 | |
| 244:20 - 245:14 | |
| 246:16 - 247:6 | |
| 247:7 - 248:16 | |
| 249:4 - 249:9 | |
| 249:12 - 249:13 | |
| 249:15 - 249:19 | |
| 251:23 - 252:10 | |
| 253:1 - 253:19 | |
| 253:20 - 254:7 | |
| 254:8 - 255:3 | |
| 255:9 - 255:21 | |
| 255:24 - 256:7 | |
| 256:16 - 257:13 | |
| 257:14 - 258:5 | |
| 258:6 - 258:12 | |
| 258:23 - 259:22 | |
| 259:23 - 260:17 | |
| 261:1 - 261:13 | |
| 261:19 - 262:7 | |
| 262:10 - 262:11 | |
| 288:10 - 288:23 | |
| 291:19 - 291:22 | |
| 293:24 - 294:2 | |
| 294:3 - 294:6 | |

| Page/Line | |
|---|---|
| 294:7 - 294:16 | |
| 294:19 - 295:11 | |

## MERCK'S CONDITIONAL AFFIRMATIVE DESIGNATIONS

In Merck's affirmative designations for Dr. Epstein, Merck made certain "Conditional Affirmative Designations". Merck has now taken a number of these conditional affirmative designations and made them counter-designations to Plaintiff's affirmative designations for Dr. Epstein. For the remainder of Merck's conditional affirmative designations, Merck will wait until the Court's rulings on certain evidentiary issues, the Court's rulings on the Plaintiff's and Merck's affirmative designations, and any changes the Plaintiff makes to its designations, before deciding whether to play those conditional affirmative designations.

## DAVID GRAHAM

Dr. Graham is a medical officer at the FDA.  He was deposed on May 9, 2006.

Merck submits its specific objections to the Plaintiff's designations in the table below and is filing a Motion in *Limine* today addressing Dr. Graham's testimony.   Merck would also like to draw the Court's attention to the following objections:

#1 – This deposition was taken pursuant to an order from the Court that governed the scope of the deposition.  Counsel for the Plaintiff, however, questioned Dr. Graham on numerous areas outside of that scope.  For example, see 222:22-223:24 (50 mg should never have been approved or should have been withdrawn after VIGOR) and 517:21-518:14 (Dr. Graham specifically states that he just recently read the document he is discussing) below.  Testimony that is outside the scope should be excluded.

#2 – On re-direct, Plaintiff's counsel and Dr. Graham discussed topics that were well beyond the scope of the cross-examination.  For example, see 509:13-511:6 (labeling) and 561-565 (congressional testimony) below.  Such testimony should be excluded.

#3 – Dr. Graham testified on a number of issues where he does not have any expertise.  For example, see 170:16-171:2 and 182:6-182:13 (Dr. Graham is not a pharmacologist or cardiologist) below.  This testimony should also be excluded.

#4 – Counsel for the Plaintiff and Dr. Graham both made a number of statements that should be excluded from this case on Rule 403 grounds.  For example, see 118:18-120:3 (bullets in a gun analogy), 120-124 (cartoons making fun of the FDA and the pharmaceutical industry), and 152:21-153:10 (Dr. Graham's estimates of 88,000-140,000 excess events caused by Vioxx) below.

#5 – In a number of instances, Dr. Graham testified about what he thought Merck knew and what he believed was Merck's intent.  For example, see 148:10-151:19 and 172:6-172:16 below.  Such testimony is improper and should be excluded.

No testimony from Dr. Graham was designated in the *Plunkett* case, and therefore there are no previous Court rulings on these designations / objections.

## MERCK'S OBJECTIONS TO PLAINTIFF'S
## AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line | Defendant's Objection |
|---|---|
| 33:23 - 34:1 | |
| 34:8 - 34:10 | 401, 402 – irrelevant, waste of time |
| 35:13 - 38:1 | 36:19-38:1 – 801, 802 – hearsay |
| 39:8 - 40:2 | |
| 40:20 - 41:13 | |
| 41:18 - 44:22 | |
| 47:8 - 48:11 | |
| 60:9 - 60:13 | |
| 61:5 - 63:7 | 62:14-62:16 and 62:23-63:7 – 401, 402, 403, MIL #6 – irrelevant, waste of time, any probative value substantially outweighed by danger of prejudice |
| 63:15 - 64:16 | 63:15-63:22 – 401, 402, 403, MIL #6 – irrelevant, waste of time, any probative value substantially outweighed by danger of prejudice |
| 65:14 - 66:6 | |
| 66:22 - 68:3 | 67:11-68:3 – 801, 802 – hearsay |
| 69:9 - 69:18 | |
| 70:11 - 70:14 | 401, 402 – irrelevant, waste of time |
| 73:14 - 74:9 | |
| 74:13 - 75:24 | |
| 76:5 - 76:7 | |
| 80:19 - 81:4 | |
| 82:18 - 82:24 | 82:23-82:24 – 611(c) leading |

| Page/Line | Defendant's Objection |
|---|---|
| 83:2 - 83:9 | 83:2 – 611(c) leading |
| 83:13 - 84:10 | |
| 84:20 - 86:18 | 84:20-86:9 – 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 89:12 - 89:23 | |
| 91:18 - 94:15 | 93:15-94:15 – 401, 402, 403, MIL #6 – irrelevant, waste of time, any probative value substantially outweighed by danger of prejudice |
| 94:19 - 95:3 | 401, 402, 403, MIL #6 – irrelevant, waste of time, any probative value substantially outweighed by danger of prejudice |
| 95:5 - 97:17 | 401, 402, 403, 801, 802, MIL #6 – irrelevant, waste of time, any probative value substantially outweighed by danger of prejudice; hearsay |
| 110:19 - 115:2 | 401, 402, 403, MIL #6 – irrelevant, waste of time, any probative value substantially outweighed by danger of prejudice |
| 115:5 - 117:18 | |
| 118:18 - 120:12 | 118:18-120:3 – 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 120:18 - 121:1 | 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 121:9 | MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 121:13 - 122:6 | MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 123:5 - 124:10 | MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 124:17 - 124:18 | |
| 124:20 - 124:23 | |
| 133:3 - 133:9 | 701 – calls for expert opinion by lay witness, also vague and compound |
| 133:12 - 133:19 | 701 – calls for expert opinion by lay witness |
| 134:3 - 137:23 | 137:19-137:25 – 611(c) – leading, calls for speculation |
| 138:3 - 141:6 | 138:3-139:11 – lack of foundation, speculation<br><br>141:5-141:6 – 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 141:8 - 143:10 | 141:8-143:2 – 403, MIL #6 – any probative value substantially |

| Page/Line | Defendant's Objection |
|---|---|
|  | outweighed by danger of prejudice |
| 143:16 - 143:18 |  |
| 143:20 - 152:10 | 144:2-144:18 – 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
|  | 148:12-151:19 – 403, MIL #6 – any probative value substantially outweighed by danger of prejudice, MIL #1 (Merck's motives), lack of foundation, narrative, non-responsive answer |
| 152:21 - 153:13 | 152:21-153:10 – MIL #6 – any probative value substantially outweighed by danger of prejudice, sidebar |
| 153:18 - 155:11 |  |
| 158:7 - 159:8 | Outside the scope of the order allowing the deposition to take place |
| 159:17 - 168:1 | Outside the scope of the order allowing the deposition to take place |
|  | 159:17-160:7 – 401, 402 – irrelevant, waste of time |
|  | 160:8-161:8 – no question asked |
| 169:16 - 171:23 | 169:16-170:15 – 401, 402 – irrelevant, waste of time |
|  | 170:16-171:2 – outside area of expertise (not a pharmacologist or cardiologist) |
|  | 171:3-171:19 – lack of foundation, speculation |
|  | 171:20-171:23 – lack of foundation, speculation, incomplete designation |
| 172:2 - 172:3 | Lack of foundation, speculation |
| 172:6 - 173:8 | 172:6-172:16 – lack of foundation, speculation |
| 174:11 - 174:20 |  |
| 175:1 - 176:24 | 175:1-175:22 – 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 177:5 - 178:11 | 178:8-178:11 – 611(c) – leading |
| 178:13 - 178:21 |  |
| 178:23 - 179:6 |  |
| 182:6 - 182:13 | Outside area of expertise (not a pharmacologist or cardiologist) |
| 186:1 - 186:17 | 186:16-186:17 – inflammatory/improper question |
| 186:21 - 187:17 | 801, 802 – hearsay |
| 187:23 - 188:13 |  |
| 192:24 - 196:21 | 194:17-194:22 – 401, 402, 403, MIL #6 – irrelevant, waste of time, |

| Page/Line | Defendant's Objection |
|---|---|
|  | any probative value substantially outweighed by danger of prejudice, speculation |
| 203:14 - 205:23 | 204:13-205:6 – 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 222:11 - 222:14 |  |
| 222:16 - 222:20 |  |
| 222:22 - 224:5 | 222:22-223:24 – outside the scope of the order allowing the deposition to take place<br><br>224:2-224:5 – lack of foundation, speculation |
| 463:2 - 463:13 | 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 463:16 - 463:18 | 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 509:13 - 511:6 | 509:13-509:18 – sidebar<br><br>509:19-509:21 – beyond the scope of cross examination<br><br>509:22-510:4 – lawyers' argument<br><br>510:5-511:6 – beyond the scope of cross examination, lack of foundation, speculation |
| 515:10 - 516:6 | 401, 402 – irrelevant, waste of time |
| 516:7 - 517:12 | 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 517:15 - 517:20 | 403, MIL #6 – any probative value substantially outweighed by danger of prejudice |
| 517:21 - 518:14 | Beyond the scope of the order allowing the deposition to take place (Graham specifically states that he just learned this for the first time), no question asked |
| 561:21 - 561:22 | Beyond the scope of cross examination, hearsay |
| 562:11 - 562:18 | Beyond the scope of cross examination, hearsay |
| 563:2 - 563:13 | Beyond the scope of cross examination, hearsay |
| 564:12 | Beyond the scope of cross examination, hearsay |
| 564:15 - 565:1 | Beyond the scope of cross examination, hearsay |
| 565:5 - 565:6 | Beyond the scope of cross examination, hearsays |

**MERCK'S COUNTER-DESIGNATIONS**

| Page/Line | |
|---|---|
| 77:24:78:8 | |
| 78:13:79:10 | |
| 227:8-227:13 | |
| 228:16-228:21 | |
| 251:14-253:17 | |
| 253:18-258:7 | |
| 258:20-263:21 | |
| 268:8-269:8 | |
| 270:23-272:19 | |
| 274:1-274:14 | |
| 274:15-275:10 | |
| 276:12-277:19 | |
| 287:18-288:7 | |
| 290:16-291:6 | |
| 291:23-295:19 | |
| 295:24-296:13 | |
| 298:5-299:5 | |
| 300:18-305:6 | |
| 305:10-305:16 | |
| 305:19-306:11 | |
| 306:14-308:6 | |
| 308:10-308:18 | |
| 308:21-311:5 | |
| 312:2-313:22 | |
| 315:4-319:7 | |
| 320:22-326:4 | |
| 326:5-326:9 | |
| 326:17-328:20 | |

| Page/Line | |
|---|---|
| 329:4-329:5 | |
| 329:24-333:6 | |
| 337:6-337:20 | |
| 340:14-345:16 | |
| 353:2-353:18 | |
| 361:23-363:2 | |
| 367:19-368:15 | |
| 368:17-369:1 | |
| 369:11-369:20 | |
| 370:14-374:21 | |
| 375:5-386:13 | |
| 388:14-400:18 | |
| 402:20-403:6 | |
| 405:19-406:16 | |
| 407:9-407:13 | |
| 407:19-408:3 | |
| 410:1-410:7 | |
| 410:8-410:17 | |
| 411:23-413:2 | |
| 413:20-414:21 | |
| 415:6-415:17 | |
| 416:5-416:18 | |
| 417:23-418:4 | |
| 418:6-419:2 | |
| 419:8-420:3 | |
| 420:11-420:13 | |
| 421:5-422:11 | |
| 424:17-424:24 | |
| 426:12-427:15 | |
| 428:8-428:19 | |

| Page/Line | |
|---|---|
| 430:16-432:6 | |
| 432:22-433:1 | |
| 434:11-437:11 | |
| 440:20-442:2 | |
| 442:15-448:1 | |
| 449:14-449:21 | |
| 450:16-453:17 | |
| 454:22-455:5 | |
| 455:14-457:19 | |
| 458:17-459:22 | |

## DR. MARK KARAVAN

Dr. Karavan is Mr. Barnett's cardiologist.  Dr. Karavan began treating Mr. Barnett when Mr. Barnett had his heart attack in September, 2002.

Merck has a number of specific objections to Plaintiff's designations for Dr. Karavan (see table below).  There are three categories of Merck's objections to Plaintiff's designations for Dr. Karavan that merit special attention:

#1 – Plaintiff's counsel showed and then examined Dr. Karavan about several internal Merck documents that Dr. Karavan had never seen before (for example, see below at 84:10-85:19).  Merck objects to these designations because Dr. Karavan had no personal knowledge of these documents and therefore there was no foundation for asking him questions about them.

#2 – Dr. Karavan is a cardiologist and he has extensive knowledge of the heart.  But Dr. Karavan is not an expert on Vioxx, and is not an expert on whether it affects the heart or the cardiovascular system.  Therefore questions from the Plaintiff such as "Can you rule out Vioxx as one of the causes of Mr. Barnett's heart attack along with his coronary artery disease" (see below, 107:1-5) and the answers those questions elicited are improper opinion testimony and should be excluded.

#3:  Dr. Karavan was an independent, third-party witness.  Therefore leading questions are impermissible.  Despite timely objections from Merck's counsel, Plaintiff asked numerous leading questions throughout the deposition.  These questions and the answers they elicited (noted in the specific objections below), should be excluded.

No testimony from Dr. Karavan was designated in the *Plunkett* case, and therefore there are no previous Court rulings on these designations / objections.  Below are Merck's specific objections to the Plaintiff's designations, as well as Merck's counter-designations.

**MERCK'S OBJECTIONS TO PLAINTIFF'S
AFFIRMATIVE DEPOSITION DESIGNATIONS**

| Page/Line | Defendant's Objection |
|---|---|
| 6:3-7:1 | |
| 7:5-7:7 | |
| 7:9-7:9 | |
| 7:17-7:22 | |
| 11:11-11:23 | |
| 15:7-15:23 | |
| 16:3-16:5 | |
| 16:12-17:17 | |
| 17:20-19:1 | |
| 19:12-19:16 | |
| 19:22-19:23 | |
| 20:1-20:5 | |
| 20:8-22:3 | |
| 23:12-23:17 | |
| 25:1-25:9 | |
| 26:22-27:8 | |
| 27:12-29:10 | |
| 30:14-30:24 | |
| 31:6-32:12 | |
| 32:15-33:8 | 33:6-8 – 611(c) – Leading an independent, third party witness |
| 33:10-33:15 | 33:10-11 – 611(c) – Answer to an improper leading question |
| 37:12-38:2 | |
| 38:6-38:12 | 38:11-12 – 611(c) – Leading an independent, third party witness |
| 38:14-39:13 | 38:14-16 – 611(c) – Answer to an improper leading question<br><br>39:11-13 – 611(c) – Leading an independent, third party witness |

| Page/Line | Defendant's Objection |
|---|---|
| 39:15-39:17 | 39:15-17 – 611(c) – Answer to an improper leading question |
| 40:24-41:2 | 611(c) – Leading an independent, third party witness |
| 41:5-41:20 | 611(c) – Answer to an improper leading question |
| 42:6-42:9 | |
| 42:11-42:17 | |
| 42:22-43:5 | |
| 43:9-43:19 | |
| 43:21-43:24 | |
| 44:1-44:4 | |
| 44:24-45:6 | |
| 45:14-46:4 | |
| 46:12-46:20 | |
| 49:17-50:3 | |
| 50:5-50:6 | |
| 50:7-50:7 | |
| 50:12-51:8 | |
| 51:11-51:11 | |
| 51:15-51:17 | |
| 51:20-51:23 | |
| 52:1-52:12 | |
| 52:18-54:16 | |
| 54:19-54:20 | |
| 54:23-54:24 | |
| 55:5-55:5 | |
| 55:10-57:5 | 57:3-5 – 611(c) – Leading an independent, third party witness |
| 57:11-57:24 | 57:23-24: 611(c) – Leading an independent, third party witness |
| 58:1-58:23 | 58:23-24 – 611(c) – Leading an independent, third party witness |

| Page/Line | Defendant's Objection |
|---|---|
| 58:25-59:3 | 58:25 – 611(c) – Answer to an improper leading question |
| 59:5-59:10 | |
| 59:20-59:21 | 59:20-21 – 611(c) – Leading an independent, third party witness |
| 59:23-60:8 | 59:23-60:1 – 611(c) – Answer to an improper leading question |
| 60:11-60:16 | |
| 60:20-61:8 | |
| 61:13-62:6 | |
| 62:8-62:22 | |
| 63:5-63:16 | |
| 68:7-68:18 | |
| 68:21-69:4 | |
| 70:10-71:10 | |
| 71:17-72:2 | |
| 72:9-72:11 | 72:9-11 – 611(c) – Leading an independent, third party witness |
| 72:24-73:5 | |
| 73:21-73:23 | |
| 74:16-74:21 | |
| 77:4-77:18 | |
| 79:13-79:23 | |
| 83:1-83:3 | 602 – there is no foundation.  Plaintiff shows the witness an internal Merck document he has never seen before, and then asks the witness questions about it. |
| 84:10-85:19 | 602 – there is no foundation.  Plaintiff shows the witness an internal Merck document he has never seen before, and then asks the witness questions about it. |
| 86:2-86:5 | 602 – there is no foundation.  Plaintiff shows the witness an internal Merck document he has never seen before, and then asks the witness questions about it. |
| 86:7-86:21 | 602 – there is no foundation.  Plaintiff shows the witness an internal Merck document he has never seen before, and then asks the witness questions about it. |

| Page/Line | Defendant's Objection |
|---|---|
| 87:3-87:8 | 602 – there is no foundation.  Plaintiff shows the witness an internal Merck document he has never seen before, and then asks the witness questions about it.<br><br>Also 611 (c) – Leading an independent, third party witness |
| 87:10-87:13 | 602 – there is no foundation.  Plaintiff shows the witness an internal Merck document he has never seen before, and then asks the witness questions about it.<br><br>Also 611 (c) – Answer to an improper, leading question |
| 89:7-89:18 | 602 – there is no foundation.  Plaintiff shows the witness an internal Merck document he has never seen before, and then asks the witness questions about it.<br><br>89:17-18 – 611 (c) – Leading an independent, third party witness |
| 89:20-90:1 | 89:20-22 – 611 (c) – Answer to an improper, leading question<br><br>89:24-90:1 – 611 (c) – Leading an independent, third party witness |
| 90:3-90:17 | 90:3-6 – 611 (c) – Answer to an improper, leading question<br><br>90:12-17 – 701 – Witness has not been qualified as an expert regarding drugs and their potential effect on the heart; 611(c) – Leading an independent, third party witness |
| 90:22-91:3 | 90:22-25 – 611 (c) – Answer to an improper, leading question<br><br>91:1-3 – 701 – Witness has not been qualified as an expert regarding drugs and their potential effect on the heart; 611(c) – Leading an independent, third party witness |
| 94:4-94:21 | |
| 94:23-94:25 | |
| 95:9-96:18 | |
| 100:13-100:16 | |
| 101:7-101:15 | |
| 101:17-102:6 | 102:3-6 – 611 (c) – Leading an independent, third party witness |
| 102:8-102:16 | 611 (c) – Answer to an improper, leading question |
| 103:8-103:19 | |

| Page/Line | Defendant's Objection |
|---|---|
| 105:25-106:5 | |
| 107:1-107:5 | 701 – Witness has not been qualified as an expert regarding Vioxx and its potential effect on the heart |
| 107:13-108:7 | 701 – Witness has not been qualified as an expert regarding Vioxx and its potential effect on the heart |
| 114:24-115:8 | |
| 126:23-127:17 | |
| 131:18-132:6 | |
| 132:9-132:18 | |
| 173:16-173:23 | |
| 177:17-178:21 | |
| 179:21-180:1 | |
| 228:13-228:16 | 701 – Witness has not been qualified as an expert regarding Vioxx and its potential effect on the heart'<br><br>Also mischaracterizes his previous testimony |
| 228:19-228:24 | 701 – Witness has not been qualified as an expert regarding Vioxx and its potential effect on the heart |
| 231:7-231:13 | 611(c) – Leading an independent, third party witness; Also vague and unintelligible |
| 231:21-231:23 | 611 (c) – Answer to an improper, leading question |
| 232:24-233:1 | Assumes facts not in evidence – there is no valid scientific evidence that Vioxx accelerates atherosclerosis in humans; also 611(c) – leading an independent, third party witness; |
| 233:7-233:8 | Answer to an improper question and a leading question |
| 234:9-234:10 | 611(c) – Leading an independent, third party witness; Also vague |
| 234:12-234:14 | Answer to an improper question and a leading question |
| 246:7-246:8 | 602 – No foundation to use this with Karavan since no evidence he had seen it before. |
| 246:14-246:17 | 602 – No foundation to use this with Karavan since no evidence he had seen it before |
| 246:22-246:24 | 602 – No foundation to use this with Karavan since no evidence he had seen it before |
| 247:4-248:7 | Beyond the scope of cross-examination |

| Page/Line | Defendant's Objection |
|---|---|
| 248:13-248:15 | Beyond the scope of cross-examination |

## MERCK'S COUNTER-DESIGNATIONS

| Page/Line | |
|---|---|
| 3:1 - 3:2 | |
| 4:2 - 4:3 | |
| 4:12 - 4:14 | |
| 4:15 - 4:17 | |
| 4:21 - 4:25 | |
| 5:1 - 5:3 | |
| 5:14 - 5:20 | |
| 6:3 - 7:22 | |
| 10:25 - 11:23 | |
| 19:12 - 22:3 | |
| 23:3 - 23:17 | |
| 23:20 - 24:14 | |
| 25:1 - 25:9 | |
| 25:22 - 25:25 | |
| 26:16 - 29:10 | |
| 29:11 - 30:9 | |
| 31:12 - 31:16 | |
| 31:25 - 32:10 | |
| 33:16 - 33:21 | |
| 33:23 - 33:25 | |
| 34:14 - 34:20 | |
| 34:22 - 34:24 | |
| 35:1 - 35:3 | |
| 38:3 - 38:5 | |
| 40:12 - 40:23 | |
| 42:1 - 42:5 | |

| Page/Line | |
|---|---|
| 44:9 - 44:19 | |
| 51:15 - 55:4 | |
| 55:5 | |
| 55:10 - 55:15 | |
| 55:16 - 55:22 | |
| 60:9 - 60:19 | |
| 60:20 - 62:6 | |
| 62:8 - 62:22 | |
| 63:5 - 64:2 | |
| 69:5 - 69:14 | |
| 72:3 - 72:8 | |
| 72:16 - 72:22 | |
| 73:6 - 73:20 | |
| 74:5 - 74:10 | |
| 74:16 - 75:1 | |
| 75:4 - 75:6 | |
| 75:7 - 75:15 | |
| 75:17 - 76:1 | |
| 77:4 - 78:1 | |
| 78:17 - 79:5 | |
| 79:13 - 79:22 | |
| 79:23 - 80:17 | |
| 80:21 - 82:2 | |
| 95:2 - 95:8 | |
| 97:22 - 98:11 | |
| 99:3 - 100:3 | |
| 100:17 - 100:19 | |
| 102:17 - 103:5 | |
| 103:8 - 103:21 | |
| 103:25 - 104:6 | |

| Page/Line | |
|---|---|
| 105:10 - 105:24 | |
| 106:13 - 106:22 | |
| 108:23 - 109:2 | |
| 112:18 - 113:25 | |
| 114:24 - 115:24 | |
| 116:18 - 116:21 | |
| 116:22 - 116:23 | |
| 117:7 - 118:14 | |
| 119:21 - 121:17 | |
| 121:21 - 123:24 | |
| 124:6 - 124:22 | |
| 124:24 - 124:25 | |
| 125:5 - 126:4 | |
| 127:21 - 127:24 | |
| 128:4 - 128:17 | |
| 128:21 - 130:24 | |
| 131:11 - 131:17 | |
| 132:19 - 132:23 | |
| 132:24 - 133:12 | |
| 133:13 - 134:14 | |
| 134:15 - 134:25 | |
| 135:3 - 135:19 | |
| 135:20 - 135:25 | |
| 136:15 - 136:19 | |
| 137:6 - 139:3 | |
| 139:7 - 144:13 | |
| 144:16 - 144:21 | |
| 144:22 - 144:25 | |
| 145:10 - 145:23 | |
| 146:19 - 149:13 | |

| Page/Line | |
|---|---|
| 149:21 - 153:17 | |
| 153:20 - 157:2 | |
| 157:11 - 158:1 | |
| 158:7 - 159:21 | |
| 159:24 - 160:25 | |
| 172:19 - 172:23 | |
| 172:25 - 173:15 | |
| 173:16 - 174:2 | |
| 175:13 - 177:16 | |
| 177:17 - 178:21 | |
| 179:10 - 180:4 | |
| 180:13 - 182:11 | |
| 182:12 - 182:18 | |
| 182:20 - 183:13 | |
| 184:25 - 186:7 | |
| 186:14 - 188:9 | |
| 188:11 - 190:20 | |
| 191:11 - 191:14 | |
| 191:23 - 193:9 | |
| 193:11 - 195:19 | |
| 195:24 - 197:1 | |
| 197:19 - 198:3 | |
| 198:3 - 198:11 | |
| 198:16 - 199:6 | |
| 200:11 - 201:23 | |
| 201:24 - 203:12 | |
| 203:13 - 204:2 | |
| 204:5 - 204:7 | |
| 204:23 - 206:3 | |
| 206:23 - 207:18 | |

| Page/Line | |
|---|---|
| 207:24 - 209:9 | |
| 209:19 - 210:9 | |
| 210:16 - 215:6 | |
| 215:6 - 216:3 | |
| 216:8 - 217:4 | |
| 217:5 - 217:16 | |
| 217:19 - 218:6 | |
| 218:7 - 218:8 | |
| 218:12 - 219:7 | |
| 219:12 - 222:24 | |
| 223:11 - 224:17 | |
| 224:19 - 225:8 | |
| 225:18 - 225:23 | |
| 225:24 - 225:25 | |
| 226:3 - 226:5 | |
| 226:6 - 226:7 | |
| 229:3 - 229:24 | |
| 230:1 - 230:8 | |
| 230:10 - 230:19 | |
| 232:2 - 232:4 | |
| 232:7 - 232:12 | |
| 232:14 - 232:22 | |
| 236:12 - 236:16 | |
| 236:19 - 237:4 | |
| 238:17 - 239:1 | |
| 239:17 - 240:2 | |
| 240:4 - 240:8 | |
| 240:10 - 240:14 | |
| 240:17 - 241:1 | |
| 242:20 - 243:25 | |

| Page/Line | |
|---|---|
| 244:5 - 244:7 | |
| 244:13 - 245:9 | |
| 245:17 - 245:20 | |
| 245:23 - 246:6 | |
| 246:18 - 246:20 | |

## MERCK'S CONDITIONAL DESIGNATIONS

Merck believes that Plaintiff's designations regarding the Merck Scientific Advisors Meeting (see above at 83:1-3, 84:10-85:19, 86:2-5, 86:7-21, 87:3-8, 87:10-13, 89:7-18) are improper because the witness had no foundation to testify about the document.  If, however, the Court permits this testimony, Merck designates the following testimony:

| Page/Line | |
|---|---|
| 88:9-13, 88:18-23 | |
| 93:16-94:3 | |
| 112:2-14 | |
| 161:1-163:23 | |
| 164:17-165:8 | |
| 165:11-24 | |
| 166:9-167:5 | |
| 168:17-170:4 | |

**DR. MICHAEL MCCAFFREY**

Dr. McCaffrey is a neurologist who saw Mr. Barnett a total of four times.  The last time he saw Mr. Barnett, December 30, 1999, Dr. McCaffrey prescribed Vioxx for him.  This was Mr. Barnett's first Vioxx prescription.

Merck has a number of specific objections to Plaintiff's designations for Dr. McCaffrey (see table below).  There are five categories of Merck's objections to Plaintiff's designations for Dr. McCaffrey that merit special attention:

#1 – Dr. McCaffrey gave Mr. Barnett his first Vioxx prescription on December 30, 1999. That was also the last time Dr. McCaffrey ever saw Mr. Barnett.  Plaintiff's counsel, however, asked Dr. McCaffrey numerous questions about Mr. Barnett's blood pressure **after** Mr. Barnett began taking Vioxx.  But Dr. McCaffrey never saw Mr. Barnett after he began taking Vioxx, so there is no foundation or personal knowledge that allows Dr. McCaffrey to testify about these topics.  For example, at 175:25-176:18, Plaintiff's counsel elicits testimony from Dr. McCaffrey regarding what happened to Plaintiff's blood pressure after he started Vioxx, even though Dr. McCaffrey admits that he "didn't look and see what his other blood pressures were."  Because Dr. McCaffrey has no knowledge of what happened to Mr. Barnett's blood pressure after December 30, 1999, all testimony regarding this subject matter (see below, for example, 175:25-176:18, 176:21-177:3, 178:12-178:13, 178:15-180:4, 185:16-186:4) should be excluded because it lacks foundation and personal knowledge, is speculative, and is misleading.

#2 – Dr. McCaffrey is a neurologist and he has extensive knowledge of the brain, as well as issues relating to what causes people to feel pain and what drugs can alleviate that pain.  But Dr. McCaffrey is not a cardiologist, he is not an expert on Vioxx, and is not an expert on whether Vioxx affects the heart or the cardiovascular system.  Therefore questions from the Plaintiff such as

75

"How can blood pressure work with genetics such as coronary artery disease to – to lead to a heart attack" (see below, 183:6-8) and the answers those questions elicited are improper opinion testimony and should be excluded.

#3 – Plaintiff's counsel showed Dr. McCaffrey numerous internal Merck documents that related to subjects such as lectures Dr. McCaffrey attended, sales representatives who met with Dr. McCaffrey, and related topics.  Dr. McCaffrey had never seen any of these documents before..  Plaintiff has now designated some of that testimony (for example, see below at 131:9-15, 133:3-8).  Merck objects to all of these designations because Dr. McCaffrey had no personal knowledge of these documents and therefore there was no foundation for asking him questions about them.

#4:  Dr. McCaffrey is an independent, third-party witness.  Therefore leading questions are impermissible.  Despite timely objections from Merck's counsel, Plaintiff asked numerous leading questions throughout the deposition.  These questions and the answers they elicited (noted in the specific objections below), should be excluded.

#5:  Plaintiff's counsel designated testimony relating to (1) money Dr. McCaffrey has earned from other pharmaceutical companies besides Merck (see below, for example, at 127:20-128:24), and (2) work Dr. McCaffrey has done for Merck relating to Merck products other than Vioxx (see below, for example, at 119:21-120:3).  This testimony is irrelevant and unfairly prejudicial and should be excluded.

No testimony from Dr. McCaffrey was designated in the *Plunkett* case, and therefore there are no previous Court rulings on these designations / objections.  Below are Merck's specific objections to the Plaintiff's designations, as well as Merck's counter-designations.

## MERCK'S OBJECTIONS TO PLAINTIFF'S
## AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line | Defendant's Objection |
|---|---|
| 4:4-4:9 | |
| 5:9-6:16 | |
| 34:3-34:25 | |
| 35:21-37:5 | |
| 37:13-38:1 | |
| 39:7-40:19 | |
| 40:23-41:15 | |
| 41:19-41:19 | |
| 41:22-41:24 | |
| 42:5-43:8 | |
| 57:11-57:17 | |
| 59:22-61:4 | |
| 64:10-64:14 | |
| 65:8-65:20 | |
| 66:7-66:21 | |
| 67:17-69:2 | |
| 74:1-75:12 | |
| 76:4-76:11 | |
| 97:4-98:5 | 401, 402, 403.  Irrelevant and prejudicial because the testimony is referring to sales representatives generally, not Merck sales reps or Merck sales reps who spoke to Dr. McCaffrey about Vioxx<br><br>If this objection is overruled, Merck counter-designates 98:6-11, 98:14, 98:17-18, 98:24-99:2-, 99:4-12 |
| 102:4-102:19 | |
| 112:4-112:5 | |
| 114:2-114:5 | Mischaracterizes the witness's testimony |
| 114:11-114:25 | |
| 117:3-117:5 | 611(c) – Leading an independent, third party witness |

| Page/Line | Defendant's Objection |
|---|---|
| 117:8-117:9 | 611(c) – Leading an independent, third party witness |
| 117:12-117:20 | 117:16-17 – 611(c) – Answer to an improper leading question<br><br>117:18-20 – 611(c) – Leading an independent, third party witness, also misleading |
| 117:22-118:6 | 117:22 – 611(c) – Answer to an improper leading question |
| 118:19-118:24 | 611(c) – Leading an independent, third party witness; also 602, no foundation |
| 119:1-119:5 | 119:1 – 611(c) – Answer to an improper leading question<br><br>119:4-5 – Leading an independent, third party witness |
| 119:7-120:7 | 119:7-9 – 611(c) – Answer to an improper leading question<br><br>119:21-120:3 – 401, 402, 403 – irrelevant and prejudicial since this refers to money the witness earned during speeches for Maxalt, not Vioxx |
| 120:10-120:17 | |
| 121:3-121:6 | |
| 121:9-121:11 | |
| 121:15-123:6 | |
| 123:21-124:5 | 401, 402, 403 – irrelevant and prejudicial because it is not clear if this testimony relates to work relating to Vioxx or other Merck medicines |
| 124:7-124:7 | Same objection |
| 124:24-124:25 | |
| 125:2-125:3 | |
| 125:20-127:12 | |
| 127:20-128:24 | 401, 402, 403 – The other companies Dr. McCaffrey signs agreements with and earns money from is irrelevant and prejudicial.  Also the total amount of money Dr. McCaffrey has earned from Merck over the years is also irrelevant and prejudicial. |
| 129:5-129:8 | Same objection |
| 131:9-131:15 | 602 – The witness has never seen Exhibit 9 before.  Therefore all questions relating to the document are improper |
| 132:2-132:24 | Same objection |
| 133:3-133:8 | 602 – The witness has never seen Exhibit 10 before.  Therefore |

| Page/Line | Defendant's Objection |
|---|---|
| | all questions relating to the document are improper |
| 133:16-134:11 | Same objection |
| 134:14-135:5 | Same objection |
| 136:21-136:22 | 602 – The witness has never seen Exhibit 12 before.  Therefore all questions relating to the document are improper |
| 137:1-137:16 | Same objection |
| | 137:11-16 – 611(c) – Leading an independent, third party witness |
| 138:9-138:11 | 602 – The witness has never seen Exhibit 13 before.  Therefore all questions relating to the document are improper |
| 139:9-139:17 | Same objection |
| 139:21-140:2 | 602 – The witness has never seen Exhibit 14 before.  Therefore all questions relating to the document are improper |
| | 611(c) – Leading an independent, third party witness |
| 140:4-140:4 | Same objection |
| 140:6-140:15 | Same objection |
| 141:16-141:19 | Same objection |
| 142:7-142:10 | Same objection |
| 142:19-142:22 | Same objection |
| 143:3-143:4 | Same objection |
| 143:16-143:19 | Same objection |
| 143:25-144:2 | Same objection |
| 144:12-144:13 | 602 – The witness has never seen Exhibit 15 before.  Therefore all questions relating to the document are improper |
| 144:17-145:18 | Same objection |
| 146:3-146:9 | Same objection |
| 146:13-147:15 | 602 – The witness has never seen Exhibit 16 before, and is asked to interpret what statements in the document mean. |
| 147:17-149:7 | Same objection |
| | 148:25-149:7 – also 401, 402, 403 – irrelevant and prejudicial because no evidence this has anything to do with Vioxx |
| | Also the witness is being asked to interpret documents he did not write and that he has never seen before (as shown by Dr. |

| Page/Line | Defendant's Objection |
|---|---|
|  | McCaffrey's testimony at 149:9-11 – "However she wanted to put it in there.  I can't say what she was thinking that day.")<br><br>If the Court allows this testimony, Merck counter-designates 149:13-19 |
| 150:2-150:4 | 602 – The witness has never seen Exhibit 17 before.  Therefore all questions relating to the document are improper |
| 150:7-150:12 |  |
| 150:14-150:19 |  |
| 151:17-151:19 | This is a question without an answer.  It is also leading, and lacks foundation.<br><br>If the Court allows this question, Merck counter-designates 151:21-22. |
| 151:24-152:1 | 611(c) – Leading an independent, third party witness |
| 152:3-152:3 | 611(c) – Answer to an improper leading question |
| 152:12-153:8 | 153:1-8 – The witness has never seen Exhibit 18 before.  Therefore all questions relating to the document are improper<br><br>153:6-8 – 611(c) – Leading an independent, third party witness |
| 153:10-154:10 |  |
| 155:1-155:2 |  |
| 155:9-156:3 |  |
| 156:16-156:22 |  |
| 157:6-157:15 | 602 – The witness has never seen Exhibit 23 before.  Therefore all questions relating to the document are improper |
| 157:24-158:8 | Same objection |
| 158:20-158:25 | 611(c) – Leading an independent, third party witness |
| 159:3-160:4 |  |
| 160:6-160:18 | 160:15-18 – 611(c) – Leading an independent, third party witness; also no foundation |
| 160:20-160:20 | 611(c) – Answer to an improper leading question |
| 161:4-161:14 |  |
| 161:16-162:4 |  |
| 163:6-163:9 |  |
| 164:2-164:23 | 164:21-23 – 602 – there is no foundation or personal |

| Page/Line | Defendant's Objection |
|-----------|----------------------|
|  | knowledge because Dr. McCaffrey did not see Mr. Barnett on January 4 or January 19, 2000.  The question is also misleading |
| 164:25-165:19 | 164:25-165:2 – Answer to the question that did not have proper foundation and that was misleading.  The answer is also speculative because Dr. McCaffrey did not know what Mr. Barnett's blood pressure was after Mr. Barnett stopped seeing Dr. McCaffrey |
| 165:25-166:5 |  |
| 166:8-167:8 | 167:5-8 – 611(c) – Leading an independent, third party witness |
| 167:10-167:10 | 611(c) – Answer to an improper leading question |
| 167:19-167:25 |  |
| 168:12-168:13 |  |
| 168:17-168:18 |  |
| 168:25-169:8 | 611(c) – Leading an independent, third party witness |
| 169:10-169:10 | 611(c) – Answer to an improper leading question |
| 170:10-170:23 |  |
| 173:9-173:14 |  |
| 174:1-175:5 | 175:3-5 – 611(c) – Leading an independent, third party witness |
| 175:8-175:17 | 175:15-17 – 611(c) – Leading an independent, third party witness; Also 602 – counsel asks Dr. McCaffrey to speculate about what some other doctor knew |
| 175:20-175:21 | 611(c) – Answer to an improper, leading question |
| 175:25-176:18 | 602 – No foundation and calls for pure speculation from Dr. McCaffrey.  Counsel asks Dr. McCaffrey what he would have done had something that never occurred would have actually occurred.  Additionally, Dr. McCaffrey never saw Mr. Barnett after December 30, 1999. Dr. McCaffrey has not examined Mr. Barnett's blood pressure readings from January, 2000 through the time of Mr. Barnett's heart attack, but is being asked to speculate about Vioxx and blood pressure as it relates to Mr. Barnett |
| 176:21-177:3 | Same objection, and no foundation laid that Dr. McCaffrey is an expert on Vioxx and its effect on blood pressure.<br><br>If the Court allows the testimony, Merck counter-designates 177:5-178:10 |

| Page/Line | Defendant's Objection |
|---|---|
| 178:12-178:13 | 602 – no foundation laid that Dr. McCaffrey is an expert on Vioxx and its effect on blood pressure.  Also calls for speculation because Dr. McCaffrey has not examined Mr. Barnett's blood pressure readings from January, 2000 through the time of Mr. Barnett's heart attack |
| 178:15-180:4 | Same objection

180:3-4 – this is a question without an answer and it should be removed |
| 181:1-181:3 | Calls for improper opinion testimony.  Dr. McCaffrey is not a cardiologist and is not offered as an expert in this case |
| 181:6-181:7 | Same objection |
| 181:9-181:16 | Same objection |
| 181:19-182:3 | |
| 182:5-182:16 | |
| 183:6-183:8 | Calls for improper opinion testimony.  Dr. McCaffrey is not a cardiologist and is not offered as an expert in this case.  Also calls for speculation because Dr. McCaffrey has not examined Mr. Barnett's blood pressure readings from January, 2000 through the time of Mr. Barnett's heart attack |
| 183:23-184:1 | Same objection |
| 184:3-184:10 | Same objection |
| 185:16-186:4 | 602 – No foundation and calls for pure speculation from Dr. McCaffrey.  Counsel asks Dr. McCaffrey what he would have done had something that never actually occurred would have actually occurred.  Additionally, Dr. McCaffrey never saw Mr. Barnett after December 30, 1999. Dr. McCaffrey has not examined Mr. Barnett's blood pressure readings from January, 2000 through the time of Mr. Barnett's heart attack, but is being asked to speculate about Vioxx and blood pressure as it relates to Mr. Barnett |
| 186:15-188:3 | Calls for improper opinion testimony.  Dr. McCaffrey is not a cardiologist and is not offered as an expert in this case.  Also this is a discussion about some of Dr. McCaffrey's other patients, not Mr. Barnett.  What happened with some of Dr. McCaffrey's other patients is irrelevant and prejudicial

187:24-188:3 – 602 – no foundation and calls for speculation |
| 188:5-189:3 | Same objection |

| Page/Line | Defendant's Objection |
|---|---|
| 189:10-189:13 | 611 (c) – Leading an independent, third-party witness |
| 189:15-189:23 | 189:15 – 611 (c) – Answer to an improper, leading question |
| 190:1-190:5 | |
| 190:7-190:12 | |
| 190:14-190:24 | |
| 192:19-192:22 | 611 (c) – Leading an independent, third-party witness |
| 192:25-192:25 | Same objection |
| 193:3-193:11 | 401, 402, 403.  What Dr. McCaffrey thought about something he heard on the news in 2004 is not relevant to anything in this case, especially since Dr. McCaffrey last saw Mr. Barnett in December, 1999 |
| 193:20-193:21 | Calls for improper opinion testimony.  Dr. McCaffrey is not a cardiologist and is not offered as an expert in this case. |
| 193:24-193:24 | Same objection |
| 194:1-194:8 | Same objection – this is the answer to the improper question |
| 213:14-213:17 | |
| 214:3-214:7 | |
| 215:7-215:23 | |
| 220:17-222:5 | |
| 224:15-224:25 | |
| 225:3-225:13 | |
| 225:15-226:19 | |
| 227:22-228:9 | |
| 228:19-228:23 | |
| 235:18-236:5 | 602 – No foundation, calls for speculation.  Dr. McCaffrey is being asked to guess about the meanings of terms in an internal Merck document that he has never seen before. |
| 236:20-238:3 | Same objection.  Counsel for the Plaintiff is eliciting testimony from Dr. McCaffrey by asking him to guess about terms and compensation amounts that the witness has no personal knowledge of.<br><br>If the Court allows this testimony, Merck counter-designates with 238:8-17 and 239:6-9 |

**MERCK'S COUNTER-DESIGNATIONS**

| Page/Line | |
|---|---|
| 4:2 - 4:9 | |
| 5:4 - 5:8 | |
| 5:12 - 7:14 | |
| 7:15 - 10:7 | |
| 10:12 - 11:5 | |
| 11:11 - 19:19 | |
| 20:13 - 23:16 | |
| 23:17 - 24:23 | |
| 26:11 - 27:18 | |
| 27:22 - 29:24 | |
| 30:4 - 30:10 | |
| 30:13 - 31:8 | |
| 31:16 - 32:8 | |
| 33:4 - 33:7 | |
| 33:9 - 33:10 | |
| 33:12 - 33:14 | |
| 33:15 - 34:6 | |
| 34:7 - 34:8 | |
| 34:12 - 38:5 | |
| 38:24 - 39:6 | |
| 39:7 - 39:9 | |
| 39:13 - 41:15 | |
| 41:19 | |
| 41:22 - 42:3 | |
| 42:5 - 43:14 | |
| 43:18 - 47:10 | |
| 47:16 - 47:22 | |
| 47:23 | |
| 48:1 - 48:18 | |

| Page/Line | |
|---|---|
| 48:23 - 50:20 | |
| 51:9 - 51:13 | |
| 51:23 - 52:9 | |
| 52:14 - 52:15 | |
| 52:17 - 53:7 | |
| 55:8 - 55:18 | |
| 55:21 - 56:17 | |
| 57:6 - 57:10 | |
| 57:18 - 58:19 | |
| 58:20 - 59:10 | |
| 59:11 - 59:21 | |
| 61:5 - 61:18 | |
| 61:25 - 62:6 | |
| 62:7 - 62:16 | |
| 62:21 - 63:19 | |
| 64:6 - 64:9 | |
| 64:15 - 64:21 | |
| 65:21 - 65:25 | |
| 66:22 - 67:16 | |
| 69:3 - 69:15 | |
| 71:2 - 72:4 | |
| 72:8 - 73:9 | |
| 73:13 - 73:25 | |
| 75:24 - 76:3 | |
| 76:12 - 76:16 | |
| 77:25 - 78:4 | |
| 78:12 - 81:3 | |
| 81:8 - 82:24 | |
| 83:2 - 83:6 | |
| 83:20 - 84:10 | |

| Page/Line | |
|---|---|
| 85:1 - 88:5 | |
| 88:13 - 89:12 | |
| 90:8 - 92:22 | |
| 92:23 - 95:23 | |
| 95:24 - 96:3 | |
| 96:8 - 97:3 | |
| 98:6 - 98:11 | |
| 98:14 | |
| 98:17 - 98:18 | |
| 98:24 - 99:2 | |
| 99:4 - 99:6 | |
| 99:8 - 99:12 | |
| 101:3 - 102:8 | |
| 102:20 - 102:25 | |
| 103:15 - 103:16 | |
| 104:13 - 104:18 | |
| 108:15 - 109:7 | |
| 111:18 - 111:22 | |
| 135:6 - 135:8 | |
| 139:1 - 139:4 | |
| 139:6 - 139:7 | |
| 142:23 - 143:2 | |
| 163:10 - 163:18 | |
| 167:12 - 167:15 | |
| 168:1 - 168:8 | |
| 171:16 - 171:21 | |
| 202:3 - 202:5 | |
| 202:15 - 203:25 | |
| 204:1 - 204:5 | |
| 204:6 - 204:18 | |

| Page/Line | |
|---|---|
| 204:24 - 205:7 | |
| 205:24 - 206:23 | |
| 207:6 - 207:17 | |
| 208:4 - 208:11 | |
| 211:13 - 212:24 | |
| 213:1 - 213:5 | |
| 213:14 - 213:17 | |
| 213:18 - 213:19 | |
| 213:23 | |
| 214:3 - 214:17 | |
| 214:20 - 217:14 | |
| 219:13 - 220:16 | |
| 222:6 - 222:22 | |
| 226:20 - 226:21 | |
| 227:4 - 227:6 | |
| 227:8 - 227:14 | |
| 227:16 - 227:20 | |
| 231:4 - 232:8 | |
| 232:13 - 233:10 | |
| 233:11 - 234:7 | |

## MERCK'S CONDITIONAL COUNTER-DESIGNATIONS

As noted in its objections above, Merck believes that the vast majority of Dr.

McCaffrey's testimony regarding Mr. Barnett's blood pressure, the effect of Vioxx on blood

pressure, the effect of elevated blood pressure on atherosclerosis and other cardiovascular

ailments, and related topics (see Plaintiff's designations, from approximately p. 164-194), should

be excluded.  If the Court allows the testimony regarding those topics, however, then Merck

counter-designates the following testimony:

| Page/Line | |
|---|---|
| 195:11-197:23 | |
| 198:3, 198:7-199:7 | |
| 199:20-200:8 | |
| 200:11-201:23 | |
| 210:21-211:12 | |
| 218:16-22 | |
| 228:24-229:7 | |
| 229:9-18 | |

Merck also believes that any evidence or testimony in this case relating to Lou Sherwood, alleged intimidation from Merck, Dr. Holt, the VIGOR press conference, the Merck manual, or the Dr. Solomon article in Circulation, is all irrelevant and prejudicial. Should the Court decide to allow that evidence, however, Merck then designates the following testimony:

| Page/Line | |
|---|---|
| 109:8-110:5 | |
| 110:8-111:5 | |

Merck also inserted conditional counter-designations within its objections above.

## MERCK'S CONDITIONAL AFFIRMATIVE DESIGNATIONS

In Merck's affirmative designations for Dr. McCaffrey, Merck made certain "Conditional Affirmative Designations". Merck has now taken a number of these conditional affirmative designations and made them counter-designations to Plaintiff's affirmative designations for Dr. McCaffrey. For the remainder of Merck's conditional affirmative designations, Merck will wait until the Court's rulings on certain evidentiary issues, the Court's rulings on the Plaintiff's and Merck's affirmative designations, and any changes the Plaintiff makes to its designations, before deciding whether to play those conditional affirmative designations.

## CHARLOTTE MCKINES

Charlotte McKines was the executive director of marketing for Vioxx until May, 2000. She then became executive director of integrated marketing communications at Merck.

Merck has a number of specific objections to Plaintiff's designations for Ms. McKines (see table below). There are three categories of Merck's objections to Plaintiff's designations for Ms. McKines that merit special attention:

#1 – A hearsay document written by financial analyst (for example, 67:15-68:16 below).

#2 – Questions about doctors (such as those on the "neutralize" emails) who did not treat Mr. Barnett and are therefore irrelevant, cumulative, and highly prejudicial (see, for example, 235:4-19 below).

#3 – Questions about profit plans that are irrelevant and prejudicial in the compensatory phase of this case (see, for example, 202:8-21 below).

No testimony from Ms. McKines was designated in the *Plunkett* case, and therefore there are no previous Court rulings on these designations / objections. Below are Merck's specific objections to the Plaintiff's designations, as well as Merck's counter-designations.

### MERCK'S OBJECTIONS TO PLAINTIFF'S
### AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line | Defendant's Objection |
| --- | --- |
| 16:6 – 17:1 | |
| 17:13 – 17:16 | |
| 17:17 – 18:16 | |
| 19:6 – 19:10 | |
| 19:12 – 19:16 | |
| 20:19 – 21:1 | |
| 22:5 – 22:8 | |
| 39:12 – 39:23 | |

| | |
|---|---|
| 40:2 – 40:6 | |
| 41:21 – 41:23 | |
| 42:2 – 52:5 | Asked and answered; argumentative; includes extensive portions of lawyers' sidebar (This designation may be a typo because the next designations repeat part of this.) |
| 42:7 – 42:10 | Argumentative – instructs witness to look into the camera; asked and answered |
| 43:3 – 43:6 | Argumentative – instructs witness to look into the camera; asked and answered |
| 43:8 – 43:11 | |
| 43:14 – 43:15 | |
| 45:8 – 45:13 | |
| 64:12 – 64:16 | |
| 64:19 – 64:23 | |
| 65:1 – 65:4 | |
| 65:5 – 65:10 | Fragment does not include an answer to the question |
| 65:20 – 66:2 | |
| 66:21 – 67:2 | |
| 67:5 – 67:8 | |
| 67:15 – 68:16 | 802 (third-party financial analyst's report on Merck); 402; 403 |
| 68:17 – 68:20 | 802 (third-party financial analyst's report on Merck); 402; 403 |
| 68:23 – 69:1 | 802 (third-party financial analyst's report on Merck); 402; 403 |
| 70:9 – 70:21 | 802 (third-party financial analyst's report on Merck); 402; 403 |
| 71:11 – 71:14 | |
| 71:17 – 71:21 | |
| 71:23 – 72:10 | |
| 72:14 – 72:15 | |
| 72:16 – 72:20 | |
| 73:4 – 73:11 | |
| 73:12 – 73:17 | |
| 73:20 – 74:16 | |
| 75:20 – 76:1 | |

| | |
|---|---|
| 76:3 – 76:8 | Lawyer's sidebar is not a question and there is no answer |
| 76:9 – 76:21 | Mischaracterizes the evidence, assumes facts not in evidence (claim that the FDA thought naproxen theory was "bogus"); compound |
| 78:4 – 78:11 | 403; Mischaracterizes the evidence, assumes facts not in evidence; (claim that the FDA thought naproxen theory was "bogus"); compound |
| 78:12 – 78:13 | 802 (Warning Letter); 602 (not involved in conduct alleged or Merck's response); 403 |
| 79:3 – 79:4 | Lawyer's sidebar is not a question and there is no answer |
| 79:9 – 79:22 | 802 (Warning Letter); 602 (not involved in conduct alleged or Merck's response); 403 |
| 80:7 – 81:1 | Same |
| 81:2 – 81:12 | Same |
| 81:13 – 81:17 | 802 (Warning Letter); 602 (not involved in conduct alleged or Merck's response); 403; lack of foundation/argumentative (comment letter could be thrown in "trash") |
| 81:21 – 81:22 | Same |
| 81:24 – 82:4 | 802 (Warning Letter); 602 (not involved in conduct alleged or Merck's response); 403 |
| 82:7 – 82:10 | 802 (Warning Letter); 602 (not involved in conduct alleged or Merck's response); 403; argumentative (claims witness is "guessing") |
| 82:13 – 82:16 | Same |
| 82:18 – 83:6 | 802 (Warning Letter); 602 (not involved in conduct alleged or Merck's response); 403; argumentative |
| 83:9 – 84:7 | Same |
| 84:10 – 84:14 | Same |
| 84:16 – 87:4 | Same |
| 87:12 – 88:11 | 802 (third-party financial analyst's report on Merck); 402; 403; only part of the question is designated; lack of foundation (claim regarding "spinning" information) |
| 88:14 – 88:22 | 802 (third-party financial analyst's report on Merck); 402; 403; lack of foundation (claim regarding "spinning" information) |
| 88:24 – 89:23 | Same |
| 90:2 – 90:24 | Same |
| 91:4 – 91:17 | Same |

| | |
|---|---|
| 91:20 – 91:21 | Same |
| 91:23 – 92:9 | 802 (third-party financial analyst's report on Merck); mischaracterizes the evidence (misstates FDA conclusion); 402; 403 |
| 92:13 – 92:18 | Same |
| 92:19 – 93:3 | Same |
| 93:6 – 93:16 | Same |
| 93:19 – 94:5 | 802 (third-party financial analyst's report on Merck); 402; 403 |
| 94:6 – 94:24 | 802 (third-party financial analyst's report on Merck); mischaracterizes her testimony (claim that witness "forgot" information); 402; 403 |
| 95:3 – 95:5 | Same |
| 95:7 – 96:1 | 802 (third-party financial analyst's report on Merck); argumentative sidebar is not a question (claim that witness is not answering him and only has until 4:00); 402; 403 |
| 96:11 – 97:8 | Same |
| 97:17 – 98:3 | 802 (third-party financial analyst's report on Merck); 402; 403 |
| 98:6 – 98:7 | Same |
| 98:18 – 98:24 | 802 (third-party financial analyst's report on Merck); argumentative |
| 99:3 – 99:11 | Same |
| 99:13 – 99:17 | |
| 99:20 – 100:3 | |
| 100:5 – 100:9 | |
| 100:11 – 100:21 | |
| 101:5 – 101:10 | |
| 103:22 – 103:23 | 802 (Villaba medical review); 601, 602 (not a scientist and says she has no personal knowledge of the document on 113:18-22); 403 |
| 105:9 – 105:13 | Same |
| 105:14 – 105:20 | Same |
| 105:21 – 106:10 | Same |
| 106:11 – 107:14 | Same |
| 108:24 – 110:10 | Same |
| 110:14 – 110:24 | Same |
| 111:3 – 111:20 | Same |

| 111:21 – 112:15 | Same |
|---|---|
| 112:19 – 113:1 | Same |
| 113:4 – 113:15 | Same |
| 113:18 – 114:1 | Same |
| 114:20 – 115:14 | Same |
| 115:17 – 116:4 | |
| 117:3 – 117:9 | |
| 118:7 – 118:15 | |
| 118:24 – 119:12 | 402; 403 (playing snippets of video from Vioxx launch speech); Irrelevant because no evidence sales representatives who called on Barnett's doctors attended the event or that it had anything to do with their interactions with Barnett's treating physicians. |
| 119:21 – 119:23 | 402; 403 (playing snippets of video from Vioxx launch speech); Irrelevant because no evidence sales representatives who called on Barnett's doctors attended the event or that it had anything to do with their interactions with Barnett's treating physicians. |
| 121:9 – 122:2 | 402; 403 (playing snippets of video from Vioxx launch speech); Irrelevant because no evidence sales representatives who called on Barnett's doctors attended the event or that it had anything to do with their interactions with Barnett's treating physicians. |
| 140:7 – 140:11 | |
| 140:12 – 140:13 | 802 (third-party financial analyst's report on Merck); 402; 403 |
| 141:1 – 141:10 | Same |
| 141:12 – 141:16 | 802 (third-party financial analyst's report on Merck); foundation (comment about "spinning"); 402; 403 |
| 141:19 – 141:20 | Same |
| 146:19 – 147:13 | 802 (third-party financial analyst's report on Merck); 402; 403 |
| 149:3 – 149:6 | Same |
| 149:9 – 149:11 | Same |
| 149:13 – 150:2 | Same |
| 150:3 – 151:22 | Same |
| 172:23 – 173:23 | 802 (questions refer to and predicated upon the two financial analyst reports); 402; 403 |
| 174:2 – 174:5 | Same |
| 189:1 – 189:20 | |

| 194:10 – | |
|---|---|
| 194:20 – 194:22 | |
| 195:2 – 195:5 | |
| 195:17 – 195:24 | |
| 197:7 – 197:21 | |
| 198:12 – 198:21 | |
| 201:19 – 201:22 | |
| 202:8 – 202:21 | 402, 403 (slides on profit plan) |
| 202:24 – 203:21 | 402, 403 (slides on profit plan); argumentative (about money not patients) |
| 203:22 – 204:1 | 402, 403 (slides on profit plan) |
| 204:8 – 204:21 | 402, 403 (slides on profit plan); argumentative/sarcastic |
| 204:24 – 205:3 | 402, 403 (slides on profit plan); argumentative/sarcastic |
| 205:17 – 205:21 | 402, 403 (slides on profit plan) |
| 205:22 – 206:20 | 402, 403 (slides on profit plan) |
| 208:2 – 208:13 | 402, 403 (slides on profit plan) |
| 208:17 – 209:18 | 402, 403 (slides on profit plan) |
| 233:15 – 233:18 | |
| 233:21 – 234:14 | |
| 235:4 – 235:19 | 402; 403 (memo on neutralization has no relevance to the doctors who treated Mr. Barnett); cumulative |
| 236:9 – 237:17 | Same |
| 237:24 – 238:1 | Same |
| 238:11 – 239:22 | Same |
| 239:23 – 241:22 | 402; 403 (memo on neutralization has no relevance to the doctors who treated Mr. Barnett); lack of foundation/argumentative (comments about "extra cash," "spying") |
| 242:3 – 242:13 | 402; 403 (memo on neutralization has no relevance to the doctors who treated Mr. Barnett); lack of foundation/argumentative (comments about "extra cash," "spying") |
| 243:13 – 244:21 | 402; 403 (memo on neutralization has no relevance to the doctors who treated Mr. Barnett); mischaracterizes the evidence |
| 244:24 – 245:24 | Same |

| 246:3 – 246:20 | 402; 403 (memo on neutralization has no relevance to the doctors who treated Mr. Barnett); mischaracterizes the evidence); lack of foundation/argumentative (claim of Merck "doublespeak") |
|---|---|
| 247:4 – 248:16 | 402; 403; 802 (neutralize email has no relevance to the doctors who treated Mr. Barnett); lack of foundation/argumentative (claim that document is code and word was removed for fear a jury would see it) |
| 248:21 – 250:2 | Same |
| 250:6 – 251:2 | Same |
| 251:5 – 252:9 | 402; 403; 802 (neutralize email has no relevance to the doctors who treated Mr. Barnett); lawyer editorializing that certain matters are "beyond dispute" |
| 252:10 – 252:19 | Includes lawyer's objections; 402; 403 (neutralize email) |
| 252:21 – 254:20 | 402; 403; 802 (neutralize email has no relevance to the doctors who treated Mr. Barnett) |
| 254:23 – 255:8 | 802 (Fries letter); 402; 403 (cumulative and highly prejudicial) |
| 255:14 – 255:20 | Same |
| 256:23 – 257:5 | Lawyer's sidebar about being "like a detective;" 802 (Fries letter); 402; 403 |
| 257:15 | 602, 802 (various documents from Fries production); 402; 403 (cumulative and highly prejudicial) |
| 258:22 – 259:8 | Same |
| 259:14 – 260:17 | Same |
| 260:20 – 260:24 | Same |
| 263:2 – 263:8 | Same |
| 263:12 – 264:5 | Same |
| 264:8 – 264:12 | Same |
| 264:21 – 265:20 | 402; 403; 802 (neutralize spreadsheet has no relevance to the doctors who treated Mr. Barnett); cumulative and highly prejudicial |
| 266:2 – 266:23 | Same |
| 267:8 – 268:11 | Same |
| 268:14 – 268:23 | Same |
| 269:7 – 270:11 | Same |
| 272:3 – 274:7 | Same |
| 274:10 – 274:21 | 402; 403; 802 (neutralize spreadsheet has no relevance to the doctors who treated Mr. Barnett); argumentative (comment about document's |

| | "lying") |
|---|---|
| 274:24 – 276:5 | 402; 403; 802 (neutralize spreadsheet has no relevance to the doctors who treated Mr. Barnett); argumentative (comment about document's "lying;" demanding witness look into the camera and talk to the jury) |
| 276:6 – 276:24 | 402; 403; 802 (neutralize spreadsheet has no relevance to the doctors who treated Mr. Barnett) |
| 277:3 – 277:19 | Same |
| 277:22 – 278:1 | 402; 403; 802 (neutralize spreadsheet has no relevance to the doctors who treated Mr. Barnett); lack of foundation/mischaracterizes evidence (claim that Dr. Whelton thought "VIOXX was bad") |
| 278:9 – 278:18 | 402; 403 (emails re: Dr. Whelton who never treated Mr. Barnett) |
| 280:7 – 280:17 | Same |
| 280:21 – 281:15 | Same |
| 281:19 – 282:23 | Same |
| 283:4 – 283:6 | Same |
| 283:11 – 284:9 | Same |
| 284:12 – 284:14 | Same |
| 284:19 – 286:19 | Same |
| 286:20 | 402; 403 (neutralize spreadsheet has no relevance to the doctors who treated Mr. Barnett) |
| 287:24 – 289:10 | Same |
| 289:11 – 290:14 | Same |
| 290:15 – 290:24 | Same |
| 291:3 – 294:16 | Same |
| 296:14 – 297:5 | Lack of foundation/argumentative (analogizing Merck to payola music scandal) |
| 297:9 – 298:3 | Lack of foundation/argumentative (claim that Merck made payments with a "nod and a wink") |
| 298:11 – 298:17 | 402; 403 (email re: neutralize has no relevance to the doctors who treated Mr. Barnett) |
| 298:19 – 299:10 | 402; 403; 802 (email re: neutralize has no relevance to the doctors who treated Mr. Barnett); includes lawyers comments that are not a question |
| 300:5 – 300:22 | 402; 403; 802 (email re: neutralize has no relevance to the doctors who treated Mr. Barnett); includes lawyer's colloquy about |

| | |
|---|---|
| | welcoming the witness to "hell" |
| 300:23 – 301:16 | |
| 301:19 – 303:6 | |
| 303:13 – 303:14 | 402; 403; 802 (email re: neutralize has no relevance to the doctors who treated Mr. Barnett) |
| 304:2 – 304:24 | Same |
| 305:13 – 306:13 | Same |
| 307:18 | 402; 403 (profit plan irrelevant in compensatory phase) |
| 308:4 – 309:6 | Same |
| 309:7 – 309:19 | Same |
| 309:22 – 311:11 | Same |
| 311:14 – 311:17 | Same |
| 312:4 – 312:9 | Lawyer's sidebar about carrot and stick; is not a question and there is no answer |
| 313:16 – 315:18 | |
| 316:1 – 316:22 | |
| 316:24 – 317:6 | |
| 321:23 – 323:13 | |
| 323:22 – 325:16 | 402; 403 (Payments made to Dr. Wolfe, who never treated Mr. Barnett, are irrelevant and highly prejudicial in this case) |
| 325:17 – 325:19 | Same |
| 325:22 – 326:19 | Same |
| 326:22 – 326:24 | Same |
| 327:10 – 327:12 | Same |
| 327:16 | Same |
| 327:19 – 329:5 | Same |
| 329:8 – 329:16 | |
| 329:24 – 333:15 | 402/403 (payments made to doctors other than Mr. Barnett's doctors are irrelevant and highly prejudicial in this case) |
| 333:18 – 334:18 | Same |
| 334:20 – 336:5 | Beginning of designation includes the lawyer's testimony; lack of foundation/argumentative (characterization of payment as a "bribe") |
| 336:9 – 336:18 | Lack of foundation/argumentative (characterization of payment as a |

| | "bribe") |
|---|---|
| 336:19 – 336:20 | 802 (anonymous letter purportedly from doctor in Ohio accusing a sales rep of making a bribe); 402, 403 |
| 337:7 – 337:17 | Same |
| 337:22 – 338:4 | Same |
| 338:20 – 339:5 | Same |
| 339:14 – 341:16 | Same |
| 342:14 – 343:11 | Same |
| 344:2 – 345:24 | Same |
| 350:14 – 350:19 | |
| 351:16 – 351:24 | |
| 352:1 – 352:6 | |
| 352:9 – 352:15 | |
| 352:16 – 353:5 | |
| 353:8 – 354:19 | |
| 354:20 – 354:24 | |
| 355:4 – 355:14 | |
| 356:1 – 356:22 | 402; 403 (profit plan irrelevant in compensatory phase) |
| 357:5 – 357:17 | Same |
| 357:20 – 359:23 | Same |
| 360:2 – 362:15 | Same |
| 363:11 – 363:14 | |
| 363:17 – 364:1 | |
| 364:3 – 364:12 | |
| 364:15 – 365:21 | 402; 403; 802 (profit plan irrelevant in compensatory phase) |
| 366:1 – 367:10 | Same |
| 367:11 – 367:14 | |
| 367:22 – 369:22 | |
| 370:7 – 371:7 | |
| 371:8 – 371:12 | |
| 371:21 – 372:22 | |

| | |
|---|---|
| 372:23 -373:2 | |
| 373:8 – 373:13 | |
| 376:2 – 376:3 | |
| 376:14 – 376:24 | |
| 377:4 – 377:23 | |
| 377:24 – 378:12 | |
| 378:13 – 378:17 | |
| 378:20 – 379:11 | |
| 379:15 – 380:15 | |
| 381:14 – 381:18 | |
| 381:22 – 382:15 | 382:11-15 incomplete - no answer given |
| 382:20 – 383:18 | |
| 383:21 – 384:18 | |
| 385:9 – 385:13 | |
| 385:14 – 385:20 | |
| 385:23 – 386:12 | |
| 386:13 – 389:10 | |
| 389:11 - 389:17 | |
| 389:20 – 389:23 | |
| 390:8 – 390:16 | |
| 390:19 – 391:6 | |
| 391:9-393:8 | |
| 393:9 – 394:5 | |

## MERCK'S COUNTER-DESIGNATIONS

| Page/Line | |
|---|---|
| 351:12 – 351:14 | |
| 362:16 | |
| 362:19 – 363:9 | |
| 373:5 – 373:6 | |
| 417:3 – 418:5 | |

| Page/Line | |
|---|---|
| 418:9 – 419:12 | |
| 419:16 – 421:15 | |
| 422:2 – 422:5 | |
| 422:21 – 424:4 | |
| 424:7 – 424:19 | |
| 427:9 – 427:12 | |
| 427:14 – 428:4, 428:6 | |
| 428:8 – 428:10 | |
| 428:12 – 428:15 | |
| 429:9 – 429:21 | |
| 429:23 – 430:15 | |
| 430:17 – 431:11 | |
| 431:13 – 433:1 | |
| 433:4 – 433:22 | |
| 433:24 – 435:18 | |
| 435:20 – 437:4 | |
| 437:6 – 437:12 | |
| 440:4 – 440:6 | |
| 440:8 – 440:17 | |
| 443:15 – 446:4 | |
| 446:8 – 446:15 | |
| 446:17 – 447:9 | |
| 448:17 – 448:19 | |
| 448:22 – 450:2 | |
| 453:4 – 453:5 | |
| 453:7 | |
| 455:22 – 455:24 | |
| 456:2 – 458:12 | |

**DR. MICHAEL MIKOLA**

Dr. Mikola was Mr. Barnett's primary care physician from October 22, 1999 through May, 2004.

Merck has a number of specific objections to Plaintiff's designations for Dr. Mikola (see table below).  There are three categories of Merck's objections to Plaintiff's designations for Dr. Mikola that merit special attention:

#1 – Before the deposition, Plaintiff's counsel sent Dr. Mikola one-sided internal Merck documents that Dr. Mikola had never seen before.  Plaintiff's counsel only sent Dr. Mikola documents that they believe help the Plaintiff's case, and Plaintiff's counsel highlighted the portions of the documents they wanted Dr. Mikola to review.  Plaintiff's counsel attempted to influence Dr. Mikola's testimony with this selected presentation of information.  This Court's order bars Merck from contacting treating physicians prior to their depositions.  Merck could not present its side of the facts.  Nor could Merck ask Dr. Mikola during his deposition to review literally hundreds of pages of documents to show that Plaintiff's counsel had painted a false picture.  During the deposition, Plaintiff's counsel used this "advance work" to show Merck documents and elicit testimony that Plaintiff now designates

This is objectionable on two separate grounds.  First, attempting to influence a witness's testimony with selected excerpting of the documentary record is objectionable and prejudiced Merck.  By giving Dr. Mikola only the evidence that Plaintiff's counsel wanted him to see, Plaintiff's counsel attempted to influence Dr. Mikola's testimony.  Plaintiff's counsel obtained testimony that is prejudicial because Dr. Mikola made statements based on an incomplete factual presentation (see, for example, 114:11-15, "And given what you have read today, that combined

with his angina, would you say that from everything you've read about Vioxx today that you probably would not have prescribed Vioxx for him if you'd known all this information?").

Second, Dr. Mikola's testimony relating to internal Merck documents should be excluded in full because he lacks personal knowledge to testify about documents he has never seen before. As the Court will see in the specific objections below, many of the Plaintiff's designations relate to Dr. Mikola's testimony regarding documents he had never seen before (at least not until Plaintiff's counsel sent him the documents before the deposition).

#2 – Dr. Mikola is an internist.  Dr. Mikola is not a cardiologist, he is not an expert on Vioxx, and is not an expert on whether Vioxx affects the heart or the cardiovascular system.  Therefore questions from the Plaintiff such as "Given that he was on Vioxx for some two-and-a-half years and then had a – had a heart attack, can you rule out Vioxx as one of the causes of the heart attack?" (see below, for example, 112:9-13, 112:18-113:9) and the answers those questions elicited are improper opinion testimony and should be excluded.  Dr. Mikola has not been qualified as an expert witness who can comment on Vioxx and any effect it might allegedly have on the heart.  Therefore these designations should be excluded because they involve impermissible opinion testimony.

#3:  Dr. Mikola is an independent, third-party witness.  Therefore leading questions are impermissible.  Despite timely objections from Merck's counsel, Plaintiff asked numerous leading questions throughout the deposition.  Specifically, virtually the entire re-direct examination consisted of leading questions that resulted in prejudicial testimony.  These questions and the answers they elicited (noted in the specific objections below), should be excluded.

No testimony from Dr. Mikola was designated in the *Plunkett* case, and therefore there are no previous Court rulings on these designations / objections.  Below are Merck's specific objections to the Plaintiff's designations, as well as Merck's counter-designations.

**MERCK'S OBJECTIONS TO PLAINTIFF'S
AFFIRMATIVE DEPOSITION DESIGNATIONS**

| Page/Line | Defendant's Objection |
|---|---|
| 4:2-5:5 | Lawyer sidebar, not a question |
| 5:9-5:19 | |
| 5:24-6:4 | |
| 6:9-6:9 | |
| 6:11-6:13 | |
| 7:4-7:24 | |
| 8:4-8:4 | No question in designation; Merck affirmatively designated this answer in addition to its corresponding question. |
| 8:14-9:4 | |
| 10:4-10:11 | |
| 12:5-12:22 | |
| 13:9-14:10 | |
| 14:19-15:8 | |
| 15:17-16:8 | |
| 16:14-16:21 | |
| 17:9-20:4 | |
| 20:15-21:7 | |
| 21:13-22:11 | |
| 23:1-23:17 | |
| 23:24-24:7 | |
| 24:15-24:19 | |
| 24:23-25:23 | |
| 27:17-27:21 | |
| 28:6-28:8 | Question is vague and ambiguous as to date, question withdrawn and modified by Mr. Robinson to refer only to March of 2000 at 28:12, 28:12 question should be played, not 28:6-8 |
| 28:15-28:19 | |
| 29:2-29:4 | |
| 29:11-29:13 | Question without an answer designated; question is leading – 611 |

| Page/Line | Defendant's Objection |
|---|---|
| 29:19-29:22 | Answer designated without question, selective designation from deposition separating question from answer is not a proper mechanism for remedying poor deposition questions |
| 30:7-30:8 | |
| 31:17-33:19 | |
| 33:23-33:25 | |
| 34:2-34:20 | |
| 34:22-35:14 | |
| 35:20-36:23 | |
| 38:8-38:15 | |
| 38:18-39:9 | |
| 40:7-40:9 | |
| 40:17-40:25 | |
| 41:13-41:18 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 41:25-42:2 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 42:8-42:25 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 43:2-43:2 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 44:20-44:23 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 44:25-44:25 | |
| 45:11-45:13 | |
| 45:23-46:1 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 46:3-46:3 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its |

| Page/Line | Defendant's Objection |
|---|---|
|  | subject matter – 602 |
| 46:5-46:5 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 46:16-47:11 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 47:16-49:6 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 49:10-49:11 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 49:15-49:17 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 49:24-50:5 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 50:21-51:6 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 52:6-52:8 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 52:14-53:8 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 54:21-54:23 | 602, witness says he does not remember, question refers to previous exhibit objected to above |
| 54:25-55:2 |  |
| 57:11-57:14 |  |
| 57:17-57:17 |  |
| 57:20-57:22 |  |
| 58:11-58:19 |  |
| 59:19-60:1 | 401, 402, 403 / Merck objects to the use of these documents with the witness, witness has no personal knowledge of the documents or |

| Page/Line | Defendant's Objection |
|---|---|
|  | their subject matter – 602 |
| 60:3-60:3 | 401, 402, 403 / Merck objects to the use of these documents with the witness, witness has no personal knowledge of the documents or their subject matter – 602 |
| 60:5-60:9 | 401, 402, 403 / Merck objects to the use of these documents with the witness, witness has no personal knowledge of the documents or their subject matter – 602 |
| 60:14-60:16 | 401, 402, 403 / Merck objects to the use of these documents with the witness, witness has no personal knowledge of the documents or their subject matter – 602 |
| 60:18-61:7 |  |
| 61:24-62:5 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 62:8-62:24 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 63:1-63:1 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 63:25-63:25 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 65:9-65:14 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 65:16-65:16 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 65:23-66:12 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 66:14-66:15 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 66:19-67:1 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |

| Page/Line | Defendant's Objection |
|---|---|
| 69:6-69:8 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602.  Further, this is Mr. Robinson's description of the document and does not belong in the designation. |
| 69:22-70:2 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 70:9-70:24 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 71:15-71:22 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 72:12-72:17 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 72:20-72:22 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 72:24-72:24 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 73:2-73:13 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 74:4-75:17 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 75:23-75:23 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 76:6-76:8 | |
| 76:17-76:24 | |
| 77:2-78:19 | |
| 78:21-78:23 | |
| 79:3-79:10 | |
| 79:14-80:12 | |

| Page/Line | Defendant's Objection |
|---|---|
| 80:17-80:18 | |
| 80:22-81:1 | |
| 81:15-82:3 | |
| 82:5-83:7 | |
| 83:9-84:7 | |
| 84:18-85:5 | |
| 85:21-87:13 | |
| 95:25-96:7 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 96:13-98:10 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 101:14-102:4 | |
| 102:12-103:5 | |
| 103:11-103:16 | |
| 104:13-104:21 | |
| 105:1-105:7 | |
| 107:17-107:22 | |
| 108:1-108:16 | |
| 109:2-109:11 | |
| 109:16-109:24 | |
| 112:9-112:13 | 401, 402, 403, 701, 702, 703 – Dr. Mikola is not qualified to give a specific causation opinion in this case.  Dr. Mikola does not have the requisite knowledge of the literature that this Court requires before the rendering of a specific causation opinion. |
| 112:18-113:9 | 401, 402, 403, 701, 702, 703 – Dr. Mikola is not qualified to give a specific causation opinion in this case.  Dr. Mikola does not have the requisite knowledge of the literature that this Court requires before the rendering of a specific causation opinion. |
| 113:11-113:12 | 401, 402, 403, 701, 702, 703 – Dr. Mikola is not qualified to give a specific causation opinion in this case.  Dr. Mikola does not have the requisite knowledge of the literature that this Court requires before the rendering of a specific causation opinion. |
| 113:21-113:24 | 401, 402, 403, 701, 702, 703 – Dr. Mikola is not qualified to give a |

| Page/Line | Defendant's Objection |
|---|---|
|  | specific causation opinion in this case.  Dr. Mikola does not have the requisite knowledge of the literature that this Court requires before the rendering of a specific causation opinion. |
| 114:1-114:15 | 114:1 not part of this Q/A pair and should be eliminated.  Question is an improper hypothetical question to a fact witness that calls for speculation without personal knowledge.  401, 402, 403, 602 |
| 114:18-114:18 | Question is an improper hypothetical question to a fact witness that calls for speculation without personal knowledge.  401, 402, 403, 602 |
| 114:22-114:23 | Improper opinion testimony, speculation without personal knowledge.  401, 402, 403, 602 |
| 120:9-120:11 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 120:15-120:18 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 121:15-122:3 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 124:6-125:25 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 127:2-127:5 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 127:8-127:13 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 127:18-128:15 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 128:17-128:17 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 129:2-129:22 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |

| Page/Line | Defendant's Objection |
|---|---|
| 130:25-131:3 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 131:9-132:24 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 133:1-133:2 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 353:19-353:20 | Lawyer sidebar, no question. |
| 354:4-354:15 | |
| 354:17-355:6 | |
| 356:14-356:19 | 401, 402, 403, 701, 702, 703 – Dr. Mikola is not qualified to give a specific causation opinion in this case.  Dr. Mikola does not have the requisite knowledge of the literature that this Court requires before the rendering of a specific causation opinion. |
| 356:21-358:1 | 401, 402, 403, 701, 702, 703 – Dr. Mikola is not qualified to give a specific causation opinion in this case.  Dr. Mikola does not have the requisite knowledge of the literature that this Court requires before the rendering of a specific causation opinion. |
| 358:4-358:16 | 401, 402, 403 – Dr. Mikola's views on how the NEJM Bombardier VIGOR article is presented are irrelevant |
| 358:19-359:3 | |
| 360:5-360:8 | |
| 360:13-360:24 | |
| 361:1-361:5 | 401, 402, 403 – Dr. Mikola's views on how the NEJM Bombardier VIGOR article is presented are irrelevant |
| 361:8-361:14 | 611 leading question |
| 361:16-361:22 | 611 leading question |
| 361:24-362:12 | 611 answer to previous leading question |
| 362:16-362:20 | 611 leading question, witness had no personal knowledge of document shown to him earlier in deposition 602 |
| 362:22-363:1 | 611 leading question, witness had no personal knowledge of document shown to him earlier in deposition 602 |
| 363:3-363:9 | 611 leading question, witness had no personal knowledge of document shown to him earlier in deposition 602 |

| Page/Line | Defendant's Objection |
|---|---|
| 364:7-364:12 | 611 leading question, witness had no personal knowledge of document shown to him earlier in deposition 602 |
| 364:15-365:1 | 611 leading question, witness had no personal knowledge of document shown to him earlier in deposition 602 |
| 365:3-365:7 | 611 leading question, witness had no personal knowledge of document shown to him earlier in deposition 602 |
| 365:9-365:13 | 611 leading question, witness had no personal knowledge of document shown to him earlier in deposition 602 |
| 365:15-365:15 | 611 leading question, witness had no personal knowledge of document shown to him earlier in deposition 602 |
| 366:9-366:18 | 602 no personal knowledge of issues relating to Dr. Patrono or his article; Merck's counter-designations on this subject are conditional |
| 366:20-366:21 | 602 no personal knowledge of issues relating to Dr. Patrono or his article; Merck's counter-designations on this subject are conditional |
| 369:4-369:14 | 602 – Merck's counter-designations on this subject are conditional |
| 370:3-370:9 | 602 – Merck's counter designations on this subject are conditional |
| 370:11-370:11 | 602 – Merck's counter designations on this subject are conditional |
| 371:24-372:10 | 611, leading questions |
| 372:13-372:14 | Not clear from transcript what document witness ultimately referring to.  Designation misleading. |
| 372:18-372:21 | 611, leading question |
| 373:3-373:10 | 611, leading question |
| 373:12-373:15 | 611, leading questions |
| 373:17-374:2 | 611, leading questions |
| 374:4-374:9 | 611, leading question |
| 374:11-374:11 | 611, leading question |
| 374:24-375:2 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 375:20-376:2 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 376:7-376:8 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |

| Page/Line | Defendant's Objection |
|---|---|
| 376:17-376:18 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 377:6-377:12 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602 |
| 377:15-378:8 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602, 611 leading question at 378:1-4 and 378:6-8 |
| 378:11-378:17 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602, 611 leading question |
| 378:25-378:25 | 401, 402, 403 / Merck objects to the use of the document with the witness, witness has no personal knowledge of the document or its subject matter – 602, 611 leading question |
| 379:9-379:16 | 401, 402, 403<br><br>Document speaks for itself, witness reading VIGOR Expression of Concern into the record, document is subject to Motion In Limine |
| 380:18-380:24 | 401, 402, 403 question is leading 611 and calls for speculation |
| 381:2-381:4 | 401, 402, 403, question is leading 611 and calls for speculation |
| 381:7-381:22 | 401, 402, 403<br><br>Document speaks for itself, witness reading VIGOR Expression of Concern into the record, document is subject to Motion In Limine |
| 382:1-382:2 | 401, 402, 403<br><br>Document speaks for itself, witness reading VIGOR Expression of Concern into the record, document is subject to Motion In Limine |
| 382:6-382:11 | 401, 402, 403<br><br>Document speaks for itself, witness reading VIGOR Expression of Concern into the record, document is subject to Motion In Limine |
| 382:15-382:15 | 401, 402, 403<br><br>Document speaks for itself, witness reading VIGOR Expression of Concern into the record, document is subject to Motion In Limine |
| 382:17-382:20 | 611 question is leading<br><br>401, 402, 403<br><br>Document speaks for itself, witness reading VIGOR Expression of |

| Page/Line | Defendant's Objection |
|---|---|
| | Concern into the record, document is subject to Motion In Limine |
| 383:1-383:1 | 611, answer to previous leading question |
| 383:17-383:24 | 401, 402, 403<br><br>Document speaks for itself, witness reading VIGOR Expression of Concern into the record, document is subject to Motion In Limine<br><br>Questions on this subject are beyond the scope of the cross-examination by Merck. |
| 384:2-384:12 | 611, leading question<br><br>401, 402, 403<br><br>Document speaks for itself, witness reading VIGOR Expression of Concern into the record, document is subject to Motion In Limine<br><br>Questions on this subject are beyond the scope of the cross-examination by Merck. |
| 384:14-384:24 | 611, answer to leading question<br><br>611, question is leading and about previously objected to Merck internal document, 602<br><br>Questions on this subject are beyond the scope of the cross-examination by Merck. |
| 385:1-385:2 | 611, answer to leading question<br><br>Questions on this subject are beyond the scope of the cross-examination by Merck. |
| 405:24-406:19 | Beyond the scope of cross, 611 leading question |
| 406:21-406:25 | Beyond the scope of cross<br><br>611, answer to previous leading question, and additional leading question |
| 407:3-407:9 | Beyond the scope of cross<br><br>611, answer to leading question and another leading question |
| 407:11-407:11 | Beyond the scope of cross<br><br>611, answer to leading question |

## MERCK'S COUNTER DESIGNATIONS

| Page/Line | |
|---|---|
| 4:3 - 6:2 | |

| Page/Line | |
|---|---|
| 7:1 - 7:3 | |
| 7:15 - 8:13 | |
| 9:19 - 9:25 | |
| 11:9 - 11:13 | |
| 11:15 - 11:17 | |
| 21:8 - 21:12 | |
| 21:24 - 22:2 | |
| 22:12 - 22:23 | |
| 23:15 - 24:7 | |
| 24:8 - 24:14 | |
| 24:23 - 25:23 | |
| 28:20 - 29:1 | |
| 29:8 - 29:10 | |
| 30:15 - 30:19 | |
| 31:7 - 32:11 | |
| 34:14 - 34:16 | |
| 34:21 | |
| 35:6 - 35:14 | |
| 36:24 - 37:18 | |
| 39:10 - 39:18 | |
| 55:4 - 55:6 | |
| 55:11 - 55:12 | |
| 55:14 - 55:16 | |
| 55:18 - 56:4 | |
| 76:17 - 76:24 | |
| 77:22 - 78:2 | |
| 79:11 - 79:13 | |
| 83:8 | |
| 107:17 - 107:22 | |
| 108:25 - 109:11 | |

| Page/Line | |
|---|---|
| 109:16 - 109:20 | |
| 109:21 - 109:24 | |
| 157:4 - 158:4 | |
| 158:6 - 158:10 | |
| 159:13 - 159:17 | |
| 162:20 - 169:18 | |
| 169:20 | |
| 169:22 - 172:10 | |
| 180:3 - 182:8 | |
| 182:22 - 183:1 | |
| 183:20 - 184:23 | |
| 185:11 - 185:25 | |
| 186:21 - 187:4 | |
| 191:3 - 191:7 | |
| 191:14 - 192:13 | |
| 197:25 - 198:13 | |
| 204:13 - 204:24 | |
| 205:15 - 208:9 | |
| 210:15 - 211:15 | |
| 214:10 - 214:25 | |
| 216:4 - 217:13 | |
| 221:23 - 222:12 | |
| 224:17 - 225:1 | |
| 225:10 - 225:13 | |
| 225:15 | |
| 233:4 - 233:10 | |
| 234:4 - 235:5 | |
| 237:6 - 237:13 | |
| 237:24 - 238:2 | |
| 244:1 - 244:4 | |

| Page/Line | |
|---|---|
| 244:6 - 244:7 | |
| 249:22 - 251:6 | |
| 256:16 - 257:10 | |
| 258:6 - 259:8 | |
| 261:21 - 262:8 | |
| 267:3 - 267:21 | |
| 268:13 - 268:18 | |
| 275:1 - 277:4 | |
| 284:3 - 284:12 | |
| 285:17 - 286:7 | |
| 289:21 - 289:25 | |
| 290:5 - 290:14 | |
| 290:17 | |
| 291:14 - 291:20 | |
| 292:5 - 292:25 | |
| 293:24 - 294:2 | |
| 295:8 - 296:4 | |
| 296:14 - 296:18 | |
| 297:4 - 298:6 | |
| 298:10 - 299:7 | |
| 299:14 - 299:19 | |
| 300:5 - 300:19 | |
| 305:16 - 305:24 | |
| 306:2 | |
| 306:4 - 306:8 | |
| 306:13 - 306:14 | |
| 306:15 - 306:19 | |
| 306:22 - 307:3 | |
| 307:15 - 309:5 | |
| 310:13 - 312:7 | |

| Page/Line | |
|---|---|
| 312:16 - 312:24 | |
| 312:25 | |
| 313:5 | |
| 313:21 - 314:9 | |
| 315:8 - 315:15 | |
| 316:20 - 317:24 | |
| 317:25 - 318:4 | |
| 318:11 - 318:16 | |
| 322:3 - 322:9 | |
| 322:22 - 323:11 | |
| 325:5 - 325:17 | |
| 328:5 - 328:22 | |
| 331:22 - 332:6 | |
| 333:6 - 333:15 | |
| 333:20 | |
| 333:23 - 334:17 | |
| 334:21 - 335:5 | |
| 335:12 - 335:14 | |
| 348:9 - 348:12 | |
| 349:22 - 350:8 | |
| 351:11 - 351:14 | |
| 352:10 - 352:23 | |
| 355:25 - 356:3 | |
| 356:4 - 356:13 | |
| 385:7 - 385:16 | |
| 385:19 - 385:20 | |
| 385:22 - 387:4 | |
| 392:22 - 393:7 | |
| 393:10 | |
| 393:12 - 393:17 | |

| Page/Line | |
|---|---|
| 393:21 - 393:22 | |
| 394:1 - 394:13 | |
| 394:16 - 395:6 | |

## CAROL ANN RIVAS

Ms. Rivas is a senior professional representative at Merck.  During the time Mr. Barnett took Vioxx, Ms. Rivas worked with doctors in Kansas and in the New Jersey / Hudson River region.  (See Rivas dep., p.44:11-17, 51:2-9)  There is no evidence that she worked with any doctors in South Carolina during the time Vioxx was on the market.

Despite the fact that Ms. Rivas has no connection to Mr. Barnett, his doctors, or South Carolina, Plaintiff now seeks to use Ms. Rivas' testimony in this case.  But testimony from a New Jersey sales representative who met with New Jersey doctors is irrelevant to any issue in this case.  Playing any of Ms. Rivas' deposition in this case would be unfairly prejudicial.  Her testimony should be excluded in full.

If the Court decides not to exclude Ms. Rivas' testimony Merck's objections and counter-designations are below.  Merck would also like to draw the Court's attention to the following specific objections:

#1 – 253:10 – 263:8 – Counsel for the Plaintiff asks the witness whether the responses in a hearsay sales resource document would answer hypothetical questions by physicians.  These questions mischaracterize the document and call for speculation and opinion testimony by a lay witness who is not a physician.

#2 – 389:14 – 393:5 – Counsel for the Plaintiff asks the witness how physicians would characterize various types of concerns that they might have.  These questions call for speculation and opinion testimony by a lay witness who is not a physician.

#3 – 506:8 – 506:15; 506:18-507:3; 507:6-507:9 – Counsel for the Plaintiff asks the witness whether the information that she was instructed to provide to physicians constituted fair balance.  These questions are argumentative, call for speculation and opinion testimony by a lay witness.

No testimony from Carol Ann Rivas was designated in the *Plunkett* case, and therefore there are no previous Court rulings on these designations / objections.

## MERCK'S OBJECTIONS TO PLAINTIFF'S
## AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line | Defendant's Objection |
|---|---|
| 10:2-10:10 | |
| 14:24-15:21 | |
| 66:5-66:7 | Ex. 8 –602 – lack of foundation – witness testifies that she is not familiar with the FACTS database |
| 74:7-74:14 | 106 – completeness - cuts off witness' explanation that reps to do not record notes for every call); 602 – lack of foundation – witness testifies that she is not familiar with the FACTS database;801, 802 – call notes are hearsay |
| 221:16-221:23 | |
| 248:19-250:5 | 401, 402, 403 – Rivas' testimony regarding how she handled doctor's questions has nothing to do with Mr. Barnett, his doctors, or any Merck sales reps who ever saw his doctors so it is irrelevant to this case, and playing the testimony would be unfairly prejudicial |
| 250:18-251:15 | Same objection |
| 251:20-253:4 | Same objection |
| 253:10-253:15 | Same objection, also 602 - witness is not a doctor, cannot speculate as to what doctor would understand |
| 253:17-254:4 | Same objection |
| 254:6-254:13 | 401, 402, 403 – Rivas' testimony regarding how she handled doctor's questions has nothing to do with Mr. Barnett, his doctors, or any Merck sales reps who ever saw his doctors so it is irrelevant to this case, and playing the testimony would be unfairly prejudicial |
| 254:15-255:3 | Same objection |
| 255:5-255:7 | Same objection |
| 255:17-255:21 | Same objection |
| 255:24-256:10 | Same objection |
| 256:13-256:15 | Same objection |
| 261:6-261:9 | Same objection |
| 261:12-261:16 | Same objection |

| Page/Line | Defendant's Objection |
|---|---|
| 263:4-263:8 | Same objection |
| 389:14-390:21 | Ex. 45 – 401, 402, 403 – document that Rivas received is not relevant to this case; also 602 -calls for speculation on how doctors characterize CV concerns |
| 390:24-392:13 | Same objection |
| 392:17-392:17 | Same objection |
| 392:20-393:5 | 401, 402, 403 – testimony relating to New Jersey doctor is irrelevant |
| 466:10-466:15 | 401, 402, 403 -- Voice mail received by Rivas is not relevant |
| 468:13-469:1 | Same objection |
| 473:13-474:6 | Same objection |
| 475:11-476:21 | 401, 402, 403 – testimony relating to New Jersey doctor is irrelevant |
| 476:23-477:1 | Same objection |
| 477:22-477:25 | 401, 402, 403 – testimony relating to a New Jersey doctor and what Ms. Rivas might have done is irrelevant to this case |
| 478:3-478:6 | Same objection |
| 503:20-503:25 | 401, 402, 403 – what Ms. Rivas was told has nothing to do with Mr. Barnett, his doctors, or the Merck sales reps who met with them |
| 504:3-504:4 | Same objection |
| 504:9-504:11 | Same objection |
| 504:14-504:22 | Same objection |
| 506:8-506:15 | 401, 402, 403 – What Ms. Rivas believes New Jersey doctors should have been told is irrelevant to this case |
| 506:18-507:3 | Same objection |
| 507:6-507:9 | Same objection |

## MERCK'S COUNTER-DESIGNATIONS

| Page/Line | |
|---|---|
| 313:25-314:8 | |
| 314:16-18 | |

**DR. ERIC TOPOL**

The Court is familiar with the history of Dr. Topol's November 22, 2005 deposition and the testimony played *Plunkett I* and *Plunkett II*.

Merck is filing a Motion in Limine regarding Dr. Topol on June 19, 2006.  A number of objectionable areas of Dr. Topol's testimony are set forth in that motion.

There are five broad categories of Merck's objections to Plaintiff's designations for Dr.Topol that merit special attention:

#1 – Dr. Topol is asked and testifies about what other people have said outside of the courtroom (see, for example, 127:20-128:17), discussions he had and emails he exchanged with people such as Dr. Graham (241:8-242:3), notes he took relating to discussions with a 60 Minutes producer (265:6-266:6) and what was said in newspaper articles (138:21-24, 139:3-18, 139:21-140:11).  This testimony should be barred on hearsay grounds and 403 grounds.

#2 – Plaintiff's counsel often showed Dr. Topol internal Merck documents that Dr. Topol had never seen before and therefore lacks personal knowledge under Rule 602.  . (see below, for example, 90:5-11, 107:5-12).

#3 – On a number of occasions, Dr. Topol is asked to give speculative testimony regarding events that he has no personal knowledge of, including speculation about Merck's state of mind.  (see below, for example, 72:13-19, 119:2-5).

#4 – Plaintiff's counsel makes unfairly prejudicial comments and asks unfairly prejudicial questions that should be excluded (see below, for example, 151:8-9, 204:5-204:14).

#5 – Dr. Topol gives opinion testimony in areas where he is not an expert (197:4-6), or is simply asked to opine about what he thinks "Merck did that constitutes scientific misconduct." (221:22-222:3).  This is inappropriate expert testimony and is highly prejudicial.

Below are Merck's specific objections to the Plaintiff's Topol designations, as well as

Merck's counter-designations, and the Court's rulings from *Plunkett*, where applicable.

## MERCK'S OBJECTIONS TO PLAINTIFF'S
## AFFIRMATIVE DEPOSITION DESIGNATIONS

| Page/Line | Defendant's Objection | *Plunkett* Ruling |
|---|---|---|
| 25:11-25:13 | | |
| 26:6-29:2 | | |
| 29:5-31:20 | | |
| 31:24-33:5 | | |
| 33:8-34:4 | | |
| 34:7-34:20 | | |
| 34:23-34:24 | | |
| 35:2-35:7 | | |
| 35:12-35:13 | | |
| 35:16-35:19 | | |
| 35:22-36:15 | | |
| 36:18-37:22 | | |
| 38:1-38:2 | | |
| 38:19-39:17 | | |
| 44:8-44:13 | | |
| 44:16-44:17 | | |
| 45:5-45:20 | | |
| 46:23-47:6 | | |
| 50:1-51:1 | | |
| 52:2-52:4 | 403/611a/611c | Sustained – 403/611a/611c |
| 52:7-52:9 | 403/611a/611c | Sustained – 403/611a/611c |
| 52:11-52:17 | 403/611a/611c | Sustained – 403/611a/611c |
| 52:20-52:21 | 403/611a/611c | Sustained – 403/611a/611c |
| 53:8-53:11 | 403/611a/611c | Sustained – 403/611a/611c |
| 53:23-54:14 | 801/802/803 – Hearsay, simply reading from a post-withdrawal | Overruled |

| Page/Line | Defendant's Objection | *Plunkett* Ruling |
|---|---|---|
| | document | |
| 54:20-54:23 | | |
| 55:6-55:10 | | |
| 56:11-56:15 | | |
| 56:22-57:15 | | |
| 57:18-57:21 | | |
| 57:24-58:12 | | |
| 58:20-58:21 | | |
| 58:24-59:13 | | |
| 59:16-59:23 | | |
| 60:2-60:11 | | |
| 60:14-60:18 | | |
| 61:5-61:13 | | |
| 62:3-62:22 | | |
| 67:5-67:15 | | |
| 67:19-67:22 | | |
| 68:24-69:3 | | |
| 69:6-70:8 | | |
| 70:12-72:8 | | |
| 72:13-72:19 | 602 – calls for speculation as to what his "colleagues were thinking" about VIGOR | Overruled |
| 72:22-73:16 | | |
| 74:10-74:22 | | |
| 75:3-75:4 | | |
| 75:7-75:18 | | |
| 75:21-75:22 | | |
| 76:1-76:24 | | |
| 77:3-77:15 | | |
| 77:18-78:7 | | |
| 79:11-80:9 | | |

| Page/Line | Defendant's Objection | *Plunkett* Ruling |
|---|---|---|
| 80:14-81:2 | | |
| 81:5-82:6 | | |
| 83:7-83:13 | | |
| 83:16-85:6 | | |
| 85:11-85:17 | | |
| 87:6-87:11 | | |
| 90:5-90:11 | 403/602 – no foundation; immediately above this designation at lines 89:7-12, questioner makes clear that he is using an internal Merck document the witness has never seen. This document is then used for the following | Overruled |
| 90:21-90:24 | Same as above | Overruled |
| 91:3-91:14 | Same as above | Overruled |
| 91:21-91:23 | Same as above | Overruled |
| 92:10-92:12 | Same as above | Overruled |
| 92:18-92:24 | Same as above | Overruled |
| 93:3-93:23 | Same as above | Overruled |
| 94:2-94:5 | Same as above | Overruled |
| 95:15-97:2 | | |
| 97:7-97:17 | | |
| 99:16- 100:6 | Same as above | Overruled |
| 101:18-101:21 | 403/602 | Sustained 403/602 (101:18-21) |
| 101:24-105:2 | 403/602 | Sustained 403/602 (102:24-102:4)<br><br>Overruled (102:4-105:2) |
| 106:14-107:12 | 107:5-12: 602/703/403 – admittedly lacks personal knowledge of internal Merck document; improper opinion testimony | Overruled |
| 107:15-108:10 | Same as above | Overruled |

| Page/Line | Defendant's Objection | *Plunkett* Ruling |
|---|---|---|
| 108:13-108:14 | Same as above | Overruled |
| 108:17-108:18 | Same as above | Overruled |
| 109:21-110:6 | | |
| 110:8-110:20 | | |
| 110:24-111:4 | | |
| 111:8-111:14 | | |
| 115:11-115:18 | | |
| 116:22-117:1 | 702/602 – <br><br> witness does nothing more than express his current opinion about events for which has no personal knowledge | Overruled |
| 117:4-117:6 | Same as above | Overruled |
| 117:11-118:5 | Same as above | Overruled |
| 118:8-118:22 | Same as above | Overruled |
| 119:2-119:5 | 702/602; Same as above; leading; witnesses lacks personal knowledge about "what was known to Merck" | Overruled |
| 119:9-119:19 | Same as above | Overruled |
| 120:23-121:11 | | |
| 121:14-121:22 | | |
| 122:3-122:14 | | |
| 124:17-125:4 | | |
| 125:7-126:6 | | |
| 126:23-127:4 | | |
| 127:8-127:10 | 602 no personal knowledge | Overruled |
| 127:13-127:18 | Same objection | Overruled |
| 127:20-128:17 | 403/602/801/802 – refers to "comments by investigators" in the VICTOR trial,  about which he has no personal knowledge | Overruled |
| 129:3-129:7 | Same | Overruled |

| Page/Line | Defendant's Objection | *Plunkett* Ruling |
|---|---|---|
| 129:10-130:3 | Same and answer is non-responsive | Overruled |
| 130:8-130:13 | Same | Overruled |
| 130:18-131:5 | | |
| 131:20-132:2 | | |
| 132:5-132:22 | | |
| 133:1-133:4 | | |
| 133:7-133:16 | | |
| 136:5-136:11 | | |
| 136:14-138:10 | | |
| 138:21-138:24 | 801/802/403 – answer refers to statement in a Wall Street Journal article | Overruled |
| 139:3-139:18 | Same – based on same article | Overruled |
| 139:21-140:11 | Same – based on same article | Overruled |
| 141:5-141:21 | 611(c); Leading | Overruled |
| 141:24-142:3 | | |
| 142:7-142:8 | | |
| 142:11-142:12 | | |
| 143:16-143:21 | | |
| 143:24-144:9 | | |
| 144:18-145:9 | | |
| 145:19-145:20 | | |
| 145:23-146:2 | | |
| 150:7-150:7 | | |
| 150:11-150:15 | | |
| 150:18-151:4 | | |
| 151:8-151:9 | 403/611(c) – "Merck took after you, sir?" Leading | Overruled |
| 151:12-152:10 | Same as above | Overruled |
| 166:5-166:7 | 701/702/403 – improper opinion testimony; witnesses admits lack | Overruled |

| Page/Line | Defendant's Objection | *Plunkett* Ruling |
|---|---|---|
| | of expertise in labeling guidelines on 542:9-15 | |
| 166:10-166:21 | Same as above | Overruled |
| 175:16-175:23 | | |
| 176:1-176:8 | | |
| 177:11-177:18 | | |
| 177:21-177:21 | | |
| 177:23-178:4 | | |
| 197:4-197:6 | 701/702/403 – improper opinion testimony; witnesses admits lack of expertise in labeling guidelines on 542:9-15 | Overruled |
| 197:8-197:20 | Same as above | Overruled |
| 197:22-198:18 | Same as above | Overruled |
| 198:20-199:7 | | Overruled |
| 204:5-204:14 | 602/403 and argumentative – no foundation to answer the argumentative question "Did [Merck] go about "trashing Juni?" | Overruled |
| 204:16-205:7 | Same as above | Overruled |
| 214:7-214:14 | | |
| 214:16-216:5 | | |
| 216:17-217:4 | | |
| 217:6-217:11 | | |
| 217:13-217:18 | | |
| 217:20-218:1 | | |
| 218:3-218:7 | | |
| 218:9-218:9 | | |
| 221:22-222:3 | 402/403/702 - highly prejudicial improper opinion testimony about what he views as "scientific misconduct"; cumulative testimony re NEJM publication of Dr. Curfman | Overruled |

| Page/Line | Defendant's Objection | *Plunkett* Ruling |
|---|---|---|
| 222:9-223:24 | Same as above | Overruled |
| 224:22-225:18 | Same as above and 611(c) – leading; and 602 lacks personal knowledge as to what VIGOR authors knew | Overruled |
| 225:22-227:13 | 802 – witness is simply reading from a hearsay post-withdrawal "perspective" article | Overruled |
| 227:19-228:11 | Same as above | Overruled |
| 228:13-228:17 | | |
| 228:19-229:2 | | |
| 229:4-229:9 | | |
| 240:20-240:24 | | |
| 241:5-241:6 | | |
| 241:8-242:3 | 802/403 – hearsay discussions with Dr. Graham; the following designations involve a series of hearsay, inflammatory emails | Sustained (241:18-242:3) |
| 242:5-242:8 | Same | Sustained |
| 242:10-243:1 | Same | Sustained |
| 243:3-243:10 | Same | Sustained |
| 243:14-243:16 | Same and 602 | Sustained |
| 243:19-244:7 | Same | Sustained |
| 244:11-244:12 | Same | Sustained |
| 244:14-246:3 | Same | Sustained |
| 246:5-246:18 | Same | Sustained |
| 247:4-247:19 | Same | Sustained |
| 248:1-248:17 | Same | Sustained |
| 248:20-249:2 | Same | Sustained |
| 249:7-249:10 | Same | Sustained |
| 265:6-266:6 | 403/702/801/802<br><br>reads inflammatory language from his handwritten notes of discussions with 60 Minutes | Sustained (265:16-266:6) |

| Page/Line | Defendant's Objection | *Plunkett* Ruling |
|---|---|---|
| | producer | |
| 266:13-266:22 | Same | Sustained |
| 272:19-273:12 | Same | Sustained |
| 273:20-274:2 | Same | Sustained |
| 274:4-274:7 | Same | Sustained |
| 279:23-279:23 | Same | Sustained |
| 280:2-281:22 | Same | Sustained |
| 283:6-283:9 | Same | Sustained |
| 283:12-283:15 | Same | Sustained |
| 284:9-284:12 | Same | Sustained |
| 284:14-285:6 | Same | Sustained |
| 292:1-292:20 | | |
| 329:10-330:6 | | |
| 334:14-334:23 | | |
| 335:13-336:19 | | |
| 340:1-342:12 | | |
| 356:21-357:8 | | |
| 358:16-359:7 | | |
| 360:1-360:12 | | |
| 401:19-402:11 | | |
| 402:23-404:19 | | |
| 438:5-438:19 | | |
| 457:12-457:24 | | |
| 459:6-460:9 | | |
| 476:10-477:13 | | |
| 486:7-486:17 | | |
| 487:2-487:13 | | |
| 489:10-489:17 | | |
| 519:4-520:3 | | |
| 520:18-523:20 | | |

| Page/Line | Defendant's Objection | *Plunkett* Ruling |
|---|---|---|
| 523:13-523:20 | | |
| 524:9-526:21 | | |
| 547:16-547:22 | | |
| 552:5-553:22 | | |
| 555:15-555:17 | | |
| 555:18-556:4 | | |
| 556:6-558:7 | | |
| 562:4-564:11 | | |
| 567:2-568:19 | 611(c) – leading | Overruled |
| 569:19-570:14 | 611(c) – argumentative; lawyer speech ("when you were answering questions by Merck's counsel when he was challenging you, like Merck challenges everyone") | |
| 580:13-585:22 | | |
| 597:3-598:3 | | |
| 602:2-602:4 | | |
| 602:10-604:1 | | |
| 611:13-615:1 | | |

## MERCK'S COUNTER-DESIGNATIONS

| Page/Line | |
|---|---|
| 316:5-316:6 | |
| 316:7-317:3 | |
| 317:23-319:9 | |
| 322:19-323:3 | |
| 323:12-325:17 | |
| 327:17-328:10 | |
| 329:1-329:9 | |
| 330:7-330:15 | |
| 338:22-339:24 | |

| Page/Line | |
|---|---|
| 342:13-343:22 | |
| 344:11-345:5 | |
| 350:22-350:24 | |
| 352:6-352:7 | |
| 352:10-352:20 | |
| 353:4-353:12 | |
| 363:13-363:19 | |
| 364:14-364:19 | |
| 366:1-366:12 | |
| 367:23-368:18 | |
| 370:2-371:5 | |
| 376:7-377:6 | |
| 377:9-378:12 | |
| 378:19-380:10 | |
| 382:17-383:16 | |
| 383:22-384:14 | |
| 385:3-385:11 | |
| 386:4-386:21 | |
| 386:24-387:11 | |
| 394:15-394:22 | |
| 401:19-402:11 | |
| 402:23-404:19 | |
| 404:24-405:19 | |
| 405:22-406:7 | |
| 413:3-413:14 | |
| 414:5-415:12 | |
| 415:16-416:4 | |
| 416:21-417:2 | |
| 418:6-419:3 | |
| 419:11-420:2 | |

| Page/Line | |
|---|---|
| 420:5-421:6 | |
| 421:11-421:19 | |
| 422:8-422:15 | |
| 426:20-426:23 | |
| 427:2-427:6 | |
| 428:18-428:23 | |
| 429:11-430:12 | |
| 434:9-434:19 | |
| 435:7-438:4 | |
| 438:5-438:19 | |
| 439:2-441:5 | |
| 442:3-443:12 | |
| 448:7-449:15 | |
| 461:3-461:7 | |
| 464:17-465:15 | |
| 468:19-473:3 | |
| 474:1-474:5 | |
| 475:22-476:9 | |
| 476:10-477:13 | |
| 478:9-478:23 | |
| 481:18-482:3 | |
| 483:1-483:8 | |
| 484:19-486:6 | |
| 487:15-489:9 | |
| 489:21-489:21 | |
| 490:3-492:1 | |
| 492:5-493:15 | |
| 493:19-493:22 | |
| 494:6-495:10 | |
| 495:14-499:1 | |

| Page/Line | |
|---|---|
| 499:4-499:24 | |
| 501:23-502:7 | |
| 504:20-505:18 | |
| 506:14-507:7 | |
| 507:10-508:21 | |
| 509:6-511:2 | |
| 538:24-539:20 | |
| 541:8-541:21 | |

Dated:  June 19, 2006

Respectfully submitted,


*/s Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew L. Goldman
Hamilton H. Hill
Adam K. Mortara
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60601
Phone: 312-494-4400
Fax:    312-494-4440

And

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and forgoing **Merck's Objections and Counter-Designations to Plaintiff's Final Deposition Designations** has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiffs' counsel Mark Robinson and Leigh O'Dell by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of June, 2006.


*/s/ Dorothy H. Wimberly*_____